In the High Court of Justice
Business and Property Courts of England and Wales
Commercial Court (QBD)



## Claim Form

| | |
|---|---|
| In the High Court of Justice Business and Property Courts of England and Wales Commercial Court (QBD) |  11 Sep 2018 |

CL-2018-000404

| | *for court use only* |
|---|---|
| Claim no. | CL-2018-000404 |
| Issue date | 15 June 2018 |

Amended prior to service pursuant to CPR r17.1(1)
Re-Amended prior to service pursuant to CPR r17.1(1)
Re-Re-Amended pursuant to CPR r17.1(2)(b) by Order dated 13 July 2018
Re-Re-Re-Amended pursuant to CPR r17.1(2)(b) by Order dated 14 August 2018

Claimant(s)

SKAT (The Danish Customs and Tax Administration)
Østbanegade 123
2100 København Ø
Denmark

SEAL

Defendant(s)

See attached Rider 1

Name and address of Defendant receiving this claim form

See attached Rider 1

| | £ |
|---|---|
| Amount claimed | In excess of £1 billion |
| Court fee | 10,528 |
| Legal representative's costs | TBC |
| Total amount | TBC |

The court office at the Admiralty and Commercial Registry, The Rolls Building, 7 Rolls Building, Fetter Lane, London, EC2A 1NL is open between 10 am and 4.30 pm Monday to Friday. When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number.

N1(CC) Claim form (CPR Part 7) (04.14) © Crown Copyright. Reproduced by Thomson Reuters (Professional) UK Ltd



EXHIBIT 62

|         |   |
|---------|---|
| Claim No. |   |

Brief details of claim

1. The Claimant ("SKAT"), in broad summary, is the Danish tax collecting authority. It has filed a related claim against certain defendants on 4 May 2018 under claim number CL-2018-000297 (the "First Claim"). The Defendants to the First Claim are referred to below as the First Claim Defendants. SKAT will apply to have the present claim consolidated and heard together with the First Claim.

2. Under Danish law, when a Danish company pays a dividend to a shareholder, the company withholds 27% of the dividend and pays it to SKAT as the tax prima facie due by the shareholder on the dividend.

3. Where the shareholder is a foreign pension fund or other relevant entity, it may reclaim that withholding tax from SKAT if the shareholder is resident in a jurisdiction with a relevant double tax treaty with Denmark and meets the conditions required in the double tax treaty for reclaiming the withhold dividend tax.

4. Accordingly, SKAT operated a scheme to receive applications for the repayment of withholding tax and to action the same.

5. Between about September 2012 and about July 2015, SKAT received written applications for the repayment of withholding tax (a "WHT Application") from a number of tax reclaim agents based or operating in England: GOAL Tax Back Limited, Syntax GIS Limited, KOI Associates Limited and Acupay Systems LLC (together "the Agents"), purportedly on behalf of foreign entities in the United Kingdom, the United States, Luxembourg or Malaysia, claiming the repayment of withholding tax. In addition, certain WHT Applications were received from a German tax reclaim agent (the 24th Defendant) (the "German Agent") on behalf of certain US pension funds.

6. Each WHT Application expressly or impliedly represented (in summary) that the relevant foreign entity was the beneficial owner of shares in a Danish company, had beneficially received dividends net of withholding tax from that Danish company, was entitled to a refund of withholding tax under the applicable double tax treaty, and that the WHT Application and supporting evidence was genuine and not fraudulent.

7. In reliance upon the relevant representations, SKAT accepted each of the WHT Applications and paid the substantial sums requested to a bank account held by the relevant Agent or German Agent.

8. The said representations were false. The foreign entity was not the beneficial owner of, or did not own shares in, a Danish company as represented, had not beneficially received dividends net of withholding tax, and was not entitled to a refund of withholding tax. Further, the WHT Applications were not genuine but fraudulent.

9. SKAT claims damages for the torts of deceit and/or unlawful means conspiracy from the Fourth and Seventeenth to Twenty-Second, and Twenty-Fifth Defendants. In particular:

9.1. The Fourth and Seventeenth to Twenty-Second and Twenty-Fifth Defendants and each of them knew that the applications to SKAT were based on false representations of fact or had no genuine belief in the truth of the representations or were reckless as to whether it was true or not; and intended that SKAT would rely upon those representations.

9.2. The Fourth and Seventeenth to Twenty-Second and Twenty-Fifth Defendants conspired and combined with each other, and/or the First to Thirty Second, Thirty Fourth to Sixty Third First Claim Defendants, to make the WHT Applications and/or to launder and conceal the proceeds of the payments made by SKAT pursuant to such applications, with the intention to injure or cause financial loss to SKAT by the use of unlawful means.

10. Further or in the alternative, SKAT claims damages against the First to Third Defendants for negligent misrepresentation. In particular:

10.1. In communicating the WHT Applications to SKAT, the Third Defendant impliedly represented that the WHT Applications and supporting evidence were genuine (i.e. not fraudulent) or that it had reasonable grounds to believe

that to be the case;

10.1A. further, in providing "dividend credits for non-resident tax payer status" in support of WHT Applications, the First and Second Defendants represented that the named foreign entity was the beneficial owner of the shares and had received the dividends net of WHT in question;

10.2. In all the circumstances, the Third Defendant owed SKAT a duty to take reasonable care to communicate only genuine WHT Applications to SKAT. Further, the First and Second Defendants owed SKAT a duty to take reasonable care in only providing "dividend credits for non-resident tax payer status" for foreign entities that were the beneficial owner of the shares and had received the dividends net of WHT in question;

10.3. The First to Third Defendants were negligent in that they failed to take the reasonable care and skill to be expected of a service provider in their position; and

10.4. SKAT in fact relied on the First to Third Defendants' representations in paying out under the WHT Applications, which it would not otherwise have done, and suffered reasonably foreseeable losses as a result.

11. Further or in the alternative, SKAT claims restitution from the First to Fourth, Seventh, Ninth to Fourteenth, and Sixteenth to Twenty-Third, and Twenty-Fifth Defendants, and each of them, of the unjust enrichment that they have received at SKAT's expense. SKAT made the payments due to a mistake of fact and/or law on its part that the sums claimed in the application were due and/or is entitled to restitution on the grounds of failure of consideration.

12. Further or in the alternative, SKAT seeks equitable compensation or an account of profits from the Fourth and Seventeenth to Twenty-Second, and Twenty-Fifth Defendants, and each of them, for their dishonest assistance in a scheme to defraud SKAT.

13. Further or in the alternative, SKAT seeks equitable compensation or an account of profits from the Fourth and Seventeenth to Twenty-Second, and Twenty-Fifth Defendants, and each of them, for knowing or unconscionable receipt to the extent that the Fourth and Seventeenth to Twenty-Second, and Twenty-Fifth Defendants beneficially received the traceable proceeds of the funds paid by SKAT to the Agents and/or the German Agent.

14. Further or in the alternative, SKAT seeks a declaration that such of the Fourth and Seventeenth to Twenty-Second, and Twenty-Fifth Defendants that hold the traceable proceeds of the payments that SKAT made to the Agents and the German Agent, hold those proceeds (or their traceable product) on constructive trust for SKAT.

15. SKAT further seeks an order that those traceable proceeds or product be transferred to it, or such orders as may be necessary to compel the Fourth and Seventeenth to Twenty-Second, and Twenty-Fifth Defendants to transfer the same to SKAT.

16. Further or in the alternative, SKAT claims from the Defendants, and each of them, under Danish law:

16.1. Damages in tort because SKAT has suffered foreseeable loss as a consequence of the fraudulent conduct of the Fourth and Seventeenth to Twenty-Second, and Twenty-Fifth Defendants and each of them, or the negligent conduct of the Defendants and each of them;

16.2. Restitution for unjust enrichment arising from mistaken payments by SKAT;

16.3. A declaration that SKAT is the owner of the traceable proceeds of the payments that it made to the Agents and the German Agent, and such orders as may be necessary against the relevant Defendants to compel them to pay over the same to SKAT.

17. SKAT claims interest from the Defendants, and each of them, on such sums found to be due to it under section 35A of the Senior Courts Act 1981 (alternatively, the applicable Danish statute or law) for such periods and at such rates as the Court deems fit.

18. Alternatively, SKAT claims compound interest on such sums that are found to be due to it in equity and/or on such damages as are found to be due to it for the tort of deceit.

Particulars of claim will follow if an acknowledgment of service is filed that indicates an intention to defend the claim

**Statement of Truth**
The Claimant believes that the facts stated in this claim form are true.

I am duly authorised by the claimant to sign this statement

Full name  ~~Jonathan-Robert Fortnum~~ ~~Gary Coleman~~ ~~Jonathan-Robert Fortnum~~ Jonathan Robert Fortnum

Name of claimant's legal representative's firm   Pinsent Masons LLP

signed _____   position or office held: ~~Partner~~ ~~Partner~~ Partner _____
Claimant's legal representative                        (if signing on behalf of firm, company or corporation)

*delete as appropriate

Pinsent Masons LLP
55 Colmore Row
Birmingham
B3 2FG

Ref.668205.07000/JG18

Claimant's or legal representative's address to which documents or payments should be sent if different from overleaf including (if appropriate) details of DX, fax or e-mail.

RIDER 1: LIST OF DEFENDANTS
AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)
RE-AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)
RE-RE-AMENDED PURSUANT TO CPR r17.1(2)(b) by Order dated 13 July 2018
RE-RE-RE-AMENDED PURSUANT TO CPR r 17.1(2)(b) by Order dated 14 August 2018

| No. | Name | Address |
|---|---|---|
| 1. | Indigo Global Partners Ltd (formerly Indigo Securities Ltd) | 30 Crown Place<br>London<br>United Kingdom<br>EC2A 4EB |
| 2. | Lindisfarne Partners LLP | 1 Tudor Street<br>London<br>United Kingdom<br>EC4Y 0AH |
| 3. | Acupay Systems LLC (UK branch) | Unit 2<br>242 Kingsland Road<br>London<br>United Kingdom<br>E8 4DG |
| 4. | Honey Jersey Ltd | 20-22 Wenlock Road<br>London<br>United Kingdom<br>N1 7GU |
| 5. | Jonathan Godson | (1) Flat 2, 13 St Johns Park, London, United Kingdom, SE3 7TD<br>(2) 146 West 57th Street, New York, NY-10019, United States of America<br>(3) 139-26 87th Avenue, Jamaica, NY-11435, United States of America<br>(4) 125-10 Queens Boulevard, New York, NY-11415, United States of America |
| 6 | Daniel Fletcher | Charles Lake House |

1

**RIDER 1: LIST OF DEFENDANTS**
**AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)**
**RE-AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)**
**RE-RE-AMENDED PURSUANT TO CPR r17.1(2)(b) by Order dated 13 July 2018**
**RE-RE-RE-AMENDED PURSUANT TO CPR r17.1(2)(b) by Order dated 14 August 2018**

| No. | Name | Address |
|---|---|---|
| | | Claire Causeway <br><br> Crossways Business Park <br><br> Dartford <br><br> United Kingdom <br><br> DA2 6QA |
| 7 | Alisdair Alasdair Gavin Gonzalez Brown | 11C Causewayhead Road <br><br> Stirling <br><br> United Kingdom <br><br> FK9 5EG |
| 8 | Janice Allgrove | Buros Sarl <br><br> (1) B.U R.O.S. Business Unit Rental Office Services Sarl <br> 3 Rue Thomas Edison <br> Strassen <br> L-1445 <br> Luxembourg <br><br> (2) 2A, Boulevard Paul Eyschen <br> 1480 <br> Luxembourg <br> Luxembourg |
| 9 | Guenther Grant-Klar | Silicon Residence <br><br> 1 Block – B <br><br> Dubai <br><br> UAE |
| 10 | The Godson Consulting LLC 401k Plan | (1) 146W 57th St <br> New York <br> NY 10019 <br> USA <br><br> (2) N9074 Springbrook Road <br> Ripon <br> WI 54971 <br> USA |
| 11 | The Lawler Noble 401K Plan | 25-19 Astoria Boulevard <br> Apt 3 |

2

**RIDER 1: LIST OF DEFENDANTS**
**AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)**
**RE-AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)**
**RE-RE-AMENDED PURSUANT TO CPR r17.1(2)(b) by Order dated 13 July 2018**
**RE-RE-RE-AMENDED PURSUANT TO CPR r17.1(2)(b) by Order dated 14 August 2018**

| No. | Name | Address |
|---|---|---|
|  |  | Astoria<br>NY 11102<br>USA |
| 12 | The Idea-Guy LLC 401K Plan | (1) 20560 Ventura Boulevard<br>318 Woodland Hills<br>CA 91364<br>USA<br><br>(2) 251 Little Falls Drive<br>Wilmington<br>New Castle<br>DE 19808<br>USA<br><br>(3) 312 Wayne Ave<br>Lansdowne<br>PA 19050<br>USA |
| 13 | The Watts Street Capital LLC 401K Plan | (1) 7917 Selma Avenue<br>Apt 209<br>Los Angeles<br>CA 90046<br>USA<br><br>(2) 3400 Agricultural Center Drive<br>St Augustine<br>FL 32092<br>USA |
| 14 | Roxy Ventures LLC Solo 401K Plan | 70 Tanya Circle<br>Ocean<br>New Jersey 07712<br>USA |
| 15 | Graham Mackenzie Horn | (1) Star Residences, Al Nahda, Dubai, UAE<br><br>(2) 24 Court Road, London, United Kingdom, SE9 5NW |
| 16 | Alba Gonzalez Brown | ~~(1) Taigh A'Dot, Castlebay, Isle of Barra, United Kingdom, HS9 5XD~~<br><br>~~(2) 8 Corrennie Gardens, Edinburgh,~~ |

3

RIDER 1: LIST OF DEFENDANTS
AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)
RE-AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)
RE-RE-AMENDED PURSUANT TO CPR r17.1(2)(b) by Order dated 13 July 2018
RE-RE-RE-AMENDED PURSUANT TO CPR r 17.1(2)(b) by Order dated 14 August 2018

| No. | Name | Address |
|---|---|---|
|  |  | United Kingdom, EH10 6DG |
|  |  | 15 Canada Square, London, E14 5GL |
|  |  | UAE address |
| 17 | Fiveways Consultancy FZE | Flexi desk<br>RAK FTZ Business Park<br>Al Seer<br>PO Box 1611<br>Dubai<br>UAE |
| 18 | Trixor Holdings One Ltd | 25 Chester Terrace<br>London<br>United Kingdom<br>NW1 4ND<br>Harney's Corporate Services Limited<br>Craigmuir Chambers<br>P.O. Box 71<br>Road Town<br>Tortola<br>British Virgin Islands |
| 19 | Arche Cayman Ltd<br>Treefrog Capital Limited (Formerly known as Arche Cayman Limited) | 190 Elgin Avenue<br>George Town<br>Grand Cayman<br>KY1-9005<br>Cayman Islands<br>GENESIS TRUST & CORPORATE SERVICES LTD.<br>P. O. Box 448<br>Elgin Court<br>Elgin Avenue<br>George Town<br>Grand Cayman KY1-1106<br>Cayman Islands |

4

**RIDER 1: LIST OF DEFENDANTS**
**AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)**
**RE-AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)**
**RE-RE-AMENDED PURSUANT TO CPR r17.1(2)(b) by Order dated 13 July 2018**
**RE-RE-RE-AMENDED PURSUANT TO CPR r 17.1(2)(b) by Order dated 14 August 2018**

| No. | Name | Address |
|---|---|---|
| 20 | Anupe Dhorajiwala | Nakheel, Flat-4-1025 (E&W Sub-Meter) PO Box 506551 381 Palm Jumeirah Dubai UAE |
| 21 | FGC Elysium Holdings Ltd | Harneys Corporate Services Limited Craigmuir Chambers P. O. Box 71 Road Town Tortola VG1110 British Virgin Islands |
| 22 | Syntax GIS Ltd (In liquidation) | In the care of Hudson Weir 3rd Floor 112 Clerkenwell Road London United Kingdom EC1M 5SA |
| 23 | IPIS UK (Battersea London 1) Ltd (in liquidation) | In the care of David Rubin & Partners Suite 1 Central Park Candle Road St. Peter Port Guernsey GY1 1UQ |
| 24 | Global Equities Gmbh | Frankfurt am Main Hochstr. 50 60313 Frankfurt Germany |
| 25 | Rajen Ranmal Shah | 43 Mayfield Avenue |

5

**RIDER 1: LIST OF DEFENDANTS**
**AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)**
**RE-AMENDED PRIOR TO SERVICE UNDER CPR r17.1(1)**
**RE-RE-AMENDED PURSUANT TO CPR r17.1(2)(b) by Order dated 13 July 2018**
**RE-RE-RE-AMENDED PURSUANT TO CPR r 17.1(2)(b) by Order dated 14 August 2018**

| No. | Name | Address |
|---|---|---|
| | | Harrow |
| | | HA3 8EX |
| | | ~~UAE~~ |
| | | Al Durra Tower |
| | | Shaikh Zayed Road |
| | | Dubai |
| | | UAE. |

6