# skat.dk: A.A.10.3.2 Sagens parter

Dette afsnit handler om partsprincippet i civile søgsmål.

Afsnittet indeholder:

- Regel
- Partsprincippet
- Hvornår er henholdsvis Skatteministeriet eller Skatteforvaltningen part
- Oversigt over afgørelser, domme, kendelser, SKAT-meddelelser med videre.

- En sag skal anlægges ved indgivelse af en stævning til den kompetente ret. Der er formkrav til stævningens indhold. Se RPL § 348.
- Hvis stævningen ikke opfylder formkravene kan retten afvise sagen. Se RPL § 349.
- Stævningen skal indgives af en person, som er mødeberettiget. Mødeberettiget er bl.a. parten selv eller en advokat på vegne af parten. Se RPL § 260.

Til forskel fra en forvaltningsafgørelse, hvor myndigheden har pligt til at søge alle relevante fakta klarlagt, inden der træffes en afgørelse, så har parterne i en retssag fuld råderet over sagens forberedelse. Det foregår igennem udveksling af processkrifter, hvor den der har anlagt sagen kaldes sagsøger og den indstævnte kaldes sagsøgte.

Sagens parter skal selv tage stilling til, hvilke oplysninger der er relevante for den afgørelse, som retten skal træffe. Det betyder, at parterne selv skal komme med alle oplysninger, men det betyder også, at retten er bundet af de påstande og anbringender, som parterne formulerer.

Domstolene kan prøve såvel sagens formalitet som dens materielle indhold. Hvis den afgørelse, myndigheden har truffet, og som er indbragt for retten er ugyldig, er det et formelt spørgsmål, som alene kan afgøre sagen. Der vil altid kunne ske en prøvelse af, om uskrevne retsgrundsætninger, f.eks. lighedsgrundsætningen, er tilsidesat ved myndighedernes sagsbehandling.

Syn og skøn kan anvendes som bevismiddel ved efterprøvelse af et værdiskøn. Da det er muligt at udmelde syn og skøn både ved skatteankenævnenes og Landsskatterettens behandling af klagesagen, vil det kun undtagelsesvis være nødvendigt under en retssag.

### Se også

Se også afsnit A.A.11 "Syn og skøn".

## Hvornår er henholdsvis Skatteministeriet eller Skatteforvaltningen part

EXHIBIT
**63**

Skatteministeriet er procespart i civile sager bortset fra

- sager af opkrævningsmæssig karakter
- sager om boafgiftsberegning
- sager om efterbetaling og erstatning,

hvor Skatteforvaltningen er procespart.

## Oversigt over afgørelser, domme, kendelser, SKAT-meddelelser med videre

Skemaet viser relevante afgørelser på området:

| Afgørelse samt evt. tilhørende SKAT-meddelelse | Afgørelsen i stikord | Yderligere kommentarer |
| --- | --- | --- |
| **Højesteretsdomme** | | |
| SKM2011.24.HR | Domstolsprøvelse af administrative afgørelser i skattesager, som har været indbragt for Landsskatteretten, skal ske ved sagsanlæg mod Skatteministeriet, også hvor overspringsreglen i SFL § 48, stk. 2, har været brugt. Søgsmålet mod Landsskatteretten blev derfor afvist. | Se også SKM2011.762.ØLR. |
| **Landsretsdomme** | | |
| SKM2010.721.ØLR | Afvisning af sagen. Stævning var underskrevet af cand.polit., og det var ikke godtgjort, at vedkommende var ansat i det sagsøgende firma | Manglende rettergangs-fuldmagt, RPL § 260 |
| **Byretsdomme** | | |
| SKM2017.254.BR | Sagsøgeren havde anlagt sag mod Skatteankestyrelsen til prøvelse af Skatteankestyrelsens afgørelse. Retten afviste sagen. Retten henviste til, at sagsøgeren i forbindelse med modtagelsen af Skatteankestyrelsens afgørelse udtrykkeligt var blevet vejledt om, at en eventuel indbringelse af afgørelsen for domstolene skulle ske ved at stævne Skatteministeriet. | |
| SKM2010.336.BR | Afvisning af sagen, da stævning var underskrevet af sagsøgers revisor | Revisor har ikke rettergangs-fuldmagt, RPL § 260 |