**LBK nr 678 af 31/05/2018 (Gældende)**                    Udskriftsdato: 16. oktober 2018

Ministerium:     Skatteministeriet                          **Senere ændringer til forskriften**
Journalnummer: Skattemin., j.nr. 2018-430                   LOV nr 1555 af 19/12/2017
                                                            LOV nr 278 af 17/04/2018
                                                            LOV nr 1130 af 11/09/2018

# Bekendtgørelse af skatteforvaltningsloven

Herved bekendtgøres skatteforvaltningsloven, jf. lovbekendtgørelse nr. 1267 af 12. november 2015, med de ændringer, der følger af § 1 i lov nr. 1665 af 20. december 2016, § 3 i lov nr. 710 af 8. juni 2017, § 6 i lov nr. 683 af 8. juni 2017, § 1 i lov nr. 688 af 8. juni 2017, § 1 i lov nr. 1376 af 4. december 2017 og lov nr. 1377 af 4. december 2017.

De ændringer, der følger af § 23 i lov nr. 1555 af 19. december 2017 om ændring af aktieavancebeskatningsloven, kildeskatteloven, skattekontrolloven og forskellige andre love (Konsekvensændringer som følge af skattekontrolloven og skatteindberetningsloven, gennemførelse af ændringsdirektiv om skattemyndighedernes adgang til oplysninger indberettet efter hvidvaskregulering m.v.), er ikke indarbejdet i denne lovbekendtgørelse, da ændringerne først træder i kraft den 1. januar 2019, jf. § 38, stk. 1, i lov nr. 1555 af 19. december 2017.

De ændringer, der følger af § 7 i lov nr. 278 af 17. april 2018 om ændring af lov om lån til betaling af ejendomsskatter, ejendomsvurderingsloven og forskellige andre love (Indefrysning af stigninger i grundskylden for 2018-2020, forsigtighedsprincip ved fastsættelse af beskatningsgrundlag for grundskyld, dækningsafgift af erhvervsejendomme og ejendomsværdiskat m.v.), er ikke indarbejdet i denne lovbekendtgørelse, da ændringerne først træder i kraft den 1. juli 2018, jf. § 17, stk. 1, i lov nr. 278 af 17. april 2018.

## Afsnit I

### Forvaltningens organisation og opgaver

#### Kapitel 1

##### *Told- og skatteforvaltningen*

**§ 1.** Told- og skatteforvaltningen udøver forvaltningen af lovgivning om skatter og lovgivning om vurdering af landets faste ejendomme samt lov om registrering af køretøjer bortset fra kompetencer, som ved § 18, stk. 3, og § 19 i lov om registrering af køretøjer er tillagt politiet.

#### Kapitel 2

##### *Skatterådet*

**§ 2.** Skatterådet bistår told- og skatteforvaltningen ved forvaltningen af lovgivning om vurdering af landets faste ejendomme, lov om registrering af køretøjer og lovgivning om skatter, bortset fra lovgivning om told.

*Stk. 2.* Skatterådet afgør sager, som told- og skatteforvaltningen forelægger for Skatterådet til afgørelse, jf. stk. 1.


EXHIBIT
64

*Stk. 3.* Skatterådet kan efter indstilling fra told- og skatteforvaltningen ændre en åbenbart ulovlig afgørelse, der er truffet af et skatteankenævn, et vurderingsankenævn eller et motorankenævn. Skatterådet har i den forbindelse ret til at indkalde materialet i en sag fra et skatte-, vurderings- eller motorankenævn.

**§ 3.** Skatterådet består af 19 medlemmer. Folketinget vælger 6 medlemmer, og skatteministeren udnævner 13 medlemmer. Blandt de medlemmer, som skatteministeren udnævner, skal 4 medlemmer være repræsentanter for henholdsvis landbruget, industrien eller håndværket, handelen og lønmodtagerne, og 4 medlemmer udnævnes efter indstilling fra KL (Kommunernes Landsforening). Skatteministeren kan under særlige omstændigheder undlade at udnævne en indstillet person og anmode om, at der indstilles en anden person.

*Stk. 2.* Den ordinære funktionsperiode er på 6 år. Den første funktionsperiode begynder den 1. november 2005. Der gælder ingen fast funktionsperiode for formanden eller en eventuel næstformand.

*Stk. 3.* Er et medlem fraværende fra Skatterådets møder i en sammenhængende periode på over 6 måneder, uden at der er meddelt medlemmet orlov efter 3. pkt., ophører den pågældende med at være medlem af rådet, og der vælges eller udnævnes i så fald i overensstemmelse med reglerne i stk. 1 et nyt medlem af rådet for den resterende del af funktionsperioden. Det samme gælder, hvis et medlem i øvrigt udtræder af rådet. Skatteministeren kan efter anmodning meddele et medlem orlov fra rådet i en periode i indtil 12 måneder regnet fra skatteministerens meddelelse af orlov. Der vælges eller udnævnes i så fald i overensstemmelse med reglerne i stk. 1 et midlertidigt medlem af rådet for orlovsperioden. Yderligere orlov kan ikke meddeles.

*Stk. 4.* Formanden og en eventuel næstformand for Skatterådet udpeges af skatteministeren blandt rådets medlemmer.

*Stk. 5.* Skatteministeren kan under ganske særlige omstændigheder afskedige et medlem af Skatterådet.

**§ 4.** For at Skatterådet kan træffe en afgørelse, skal mindst halvdelen af medlemmerne, heriblandt formanden eller næstformanden, deltage i afgørelsen.

*Stk. 2.* Reglerne for told- og skatteforvaltningens sagsbehandling finder tilsvarende anvendelse for Skatterådets sagsbehandling, medmindre andet er bestemt ved lov eller efter stk. 4.

*Stk. 3.* Skatterådet kan i en sag, der forelægges for rådet til afgørelse, tillade, at der afholdes syn og skøn efter reglerne i § 47.

*Stk. 4.* Skatteministeren fastsætter en forretningsorden for Skatterådet.

*Stk. 5.* Told- og skatteforvaltningen stiller sekretariatsbistand til rådighed for Skatterådet.

Kapitel 2 a

*Skatteankeforvaltningen*

**§ 4 a.** Skatteankeforvaltningen modtager klager, som skal afgøres af skatteankeforvaltningen, et skatteankenævn, et vurderingsankenævn, et motorankenævn eller Landsskatteretten, jf. § 35 a, og foretager visitering af klager til skatteankeforvaltningen, skatteankenævn, motorankenævn og Landsskatteretten, jf. § 35 b og stk. 2, og alle klager omfattet af § 6, stk. 1, til vurderingsankenævnene, jf. dog stk. 2. Skatteankeforvaltningen træffer desuden afgørelse i de sager, hvor skatteankeforvaltningen efter regler udstedt i medfør af § 35 b, stk. 3, har kompetencen til at træffe afgørelse, og i sager, som et vurderingsankenævn har henvist til afgørelse i skatteankeforvaltningen, jf. § 6 b.

*Stk. 2.* Skatteankeforvaltningen træffer afgørelse i klager vedrørende told- og skatteforvaltningens afslag på genoptagelse, jf. § 33, stk. 1, 3 og 4, jf. dog stk. 3.

*Stk. 3.* Skatteankeforvaltningen henviser klager omfattet af stk. 2 til afgørelse i Landsskatteretten, hvis klagen i overvejende grad angår retlige spørgsmål, og hvis der ikke tidligere hverken i domstolspraksis eller i Landsskatteretspraksis er taget stilling til det pågældende lovfortolkningsspørgsmål eller der er grundlag for at foretage en fornyet prøvelse af det pågældende lovfortolkningsspørgsmål. Skatteankefor-

valtningen kan tillige henvise klager, der skal afgøres af skatteankeforvaltningen efter stk. 1, jf. §§ 6 og 6 b, eller efter stk. 2, til afgørelse i Landsskatteretten, hvis der foreligger ganske særlige omstændigheder.

*Stk. 4.* Skatteankeforvaltningen stiller sekretariatsbistand til rådighed for skatteankenævnene, vurderingsankenævnene, motorankenævnene og Landsskatteretten.

*Stk. 5.* Skatteministeren fastsætter nærmere regler for behandlingen af klager i skatteankeforvaltningen.

## Kapitel 3

### Skatte-, vurderings- og motorankenævn

**§ 5.** Skatteankenævnene afgør klager over told- og skatteforvaltningens afgørelser vedrørende fysiske personer og dødsboer om:

1) Forskudsregistrering af indkomst.
2) Ansættelse af indkomstskat.
3) Bindende svar efter kapitel 8, for så vidt angår spørgsmål som nævnt i nr. 1, 2 og 4-10.
4) Ansættelse af underskud eller tab, der kun kan modregnes i skattepligtig indkomst fra kilder af samme art, som underskuddet eller tabet vedrører.
5) Ansættelse af ejendomsværdiskat.
6) Beregning af passivposter efter boafgiftslovens § 13 a, der ikke vedrører værdiansættelse efter boafgiftslovens § 12.
7) Beregning af passivposter efter kildeskattelovens § 33 D.
8) Ansættelse af anskaffelsessummer m.v. opgjort efter skattekontrollovens § 3 C, stk. 8, 11 og 13, for fysiske personer og dødsboer.
9) Behandling af anmodninger efter skattekontrollovens § 3 C, stk. 3, 4. pkt., stk. 5, stk. 11, 5. pkt., og stk. 13, 4. pkt., for fysiske personer og dødsboer.
10) Afgørelser efter § 14 i lov om skattenedslag for seniorer.
11) Boafgiftslovens § 12 a, der ikke vedrører værdiansættelse efter boafgiftslovens § 12.

*Stk. 2.* En klage omfattet af stk. 1 skal dog afgøres af Landsskatteretten, hvis skatteankeforvaltningen visiterer sagen til Landsskatteretten efter § 35 b, stk. 4, jf. stk. 1, 2. eller 3. pkt., eller klageren vælger, at sagen skal afgøres af Landsskatteretten efter § 35 b, stk. 5.

**§ 6.** Vurderingsankenævnene afgør klager over told- og skatteforvaltningens afgørelser efter:

1) Lov om vurdering af landets faste ejendomme.
2) Ejendomsavancebeskatningslovens § 8, stk. 1, nr. 3.
3) Ejendomsvurderingsloven.

*Stk. 2.* En klage omfattet af stk. 1 skal dog afgøres af Landsskatteretten eller skatteankeforvaltningen, hvis klagen henvises til afgørelse i Landsskatteretten eller skatteankeforvaltningen, jf. §§ 6 a eller 6 b.

**§ 6 a.** Vurderingsankenævnet henviser klager omfattet af § 6 til afgørelse i Landsskatteretten, hvis klagen i overvejende grad angår retlige spørgsmål, og hvis der ikke tidligere hverken i domstolspraksis eller i Landsskatterets praksis er taget stilling til det pågældende lovfortolkningsspørgsmål eller der er grundlag for at foretage en fornyet prøvelse af det pågældende lovfortolkningsspørgsmål. Vurderingsankenævnet kan tillige henvise klager omfattet af § 6 til afgørelse i Landsskatteretten, hvis der foreligger ganske særlige omstændigheder.

*Stk. 2.* Formanden for vurderingsankenævnet eller en ansat i skatteankeforvaltningen, jf. § 10 a, stk. 2, kan på vegne af vurderingsankenævnet henvise en klage til Landsskatteretten efter stk. 1.

**§ 6 b.** Vurderingsankenævnet kan henvise klager omfattet af § 6 til afgørelse i skatteankeforvaltningen, når klagen i overvejende grad angår en tvist om de registrerede oplysninger, der er lagt til grund for den påklagede afgørelse.

*Stk. 2.* Formanden for vurderingsankenævnet eller en ansat i skatteankeforvaltningen, jf. § 10 a, stk. 2, kan på vegne af vurderingsankenævnet henvise en klage til skatteankeforvaltningen efter stk. 1.

**§ 7.** Motorankenævnene afgør klager over told- og skatteforvaltningens afgørelser om:
1) Fastsættelse af den afgiftspligtige værdi af nye køretøjer efter registreringsafgiftslovens § 9, stk. 4.
2) Fastsættelse af den afgiftspligtige værdi af brugte køretøjer efter registreringsafgiftslovens § 4, stk. 7, § 5, stk. 8, og § 10.
3) Fastsættelse af godtgørelse efter registreringsafgiftslovens § 7 b.
4) Afslag på anmodning om genoptagelse af en afgørelse som nævnt i nr. 1-3.
5) Bindende svar efter kapitel 8, for så vidt angår spørgsmål, som er nævnt i nr. 1-3.

*Stk. 2.* En klage omfattet af stk. 1 skal dog afgøres af Landsskatteretten, hvis skatteankeforvaltningen visiterer sagen til Landsskatteretten efter § 35 b, stk. 4, jf. stk. 1, 2. eller 3. pkt.

Kapitel 4

*Regler for skatte-, vurderings- og motorankenævn*

**§ 8.** Skatteministeren bestemmer landets inddeling i henholdsvis skatte-, vurderings- og motorankenævnskredse, antallet af medlemmer i de enkelte ankenævn, samt hvilke kommuner der har indstillingsret efter stk. 3 og 4 til pladserne i skatte- og vurderingsankenævn. Ved fordelingen af pladserne skal der tages hensyn til, at alle kommuner skal have mindst én plads i skatteankenævnet.

*Stk. 2.* Den ordinære funktionsperiode for ankenævn er på 4 år, således at funktionsperioden begynder den 1. juli i det år, hvor den kommunale valgperiode begynder.

*Stk. 3.* Skatteministeren eller den, som ministeren bemyndiger dertil, udnævner medlemmer af skatteankenævn og en suppleant for hvert af disse medlemmer efter indstilling fra kommunalbestyrelserne i de kommuner, som skatteankenævnskredsen omfatter. Kun personer, der er valgbare til en kommunalbestyrelse, kan indstilles af den pågældende kommunalbestyrelse. Hver kommunalbestyrelse skal indstille én person til hver af kommunens pladser i nævnet og én person som suppleant for denne. Ved indstillingen finder § 25 i lov om kommunernes styrelse tilsvarende anvendelse. Skatteministeren eller den, som ministeren bemyndiger dertil, udnævner de indstillede personer til henholdsvis medlem og suppleant. Ministeren kan dog under særlige omstændigheder undlade at udnævne en indstillet person og anmode kommunalbestyrelsen om at indstille en anden person.

*Stk. 4.* Skatteministeren eller den, som ministeren bemyndiger dertil, udnævner medlemmer af vurderingsankenævn. Den ene halvdel af medlemmerne udnævnes efter indstilling fra kommunalbestyrelsen. Ved kommunalbestyrelsens indstilling anvendes den metode, der er beskrevet i § 25 i lov om kommunernes styrelse. Af den anden halvdel af medlemmerne udnævnes halvdelen på baggrund af vurderingsfaglige kompetencer og lokalkendskab efter indstilling fra Finans Danmark, og halvdelen på baggrund af vurderingsfaglige kompetencer og lokalkendskab efter indstilling fra Dansk Ejendomsmæglerforening. Kommunalbestyrelsen, Finans Danmark og Dansk Ejendomsmæglerforening kan kun indstille personer, der er valgbare til en kommunalbestyrelse her i landet. Ministeren kan dog under særlige omstændigheder undlade at udnævne en indstillet person og anmode kommunalbestyrelsen, Finans Danmark eller Dansk Ejendomsmæglerforening om at indstille en anden person.

*Stk. 5.* Skatteministeren eller den, som ministeren bemyndiger dertil, udnævner medlemmer af motorankenævn og en suppleant for hvert af disse medlemmer. Mindst to af medlemmerne udnævnes efter indstilling fra hovedorganisationerne af bilejere. Ét af de indstillede medlemmer og dennes suppleant skal være teknisk kyndige, og ét af de indstillede medlemmer og dennes suppleant skal være handelskyndige. De resterende medlemmer udnævnes efter indstilling fra forhandlerorganisationerne i bilbranchen. Organisationerne skal indstille én person til hver plads som medlem af nævnet og én person som suppleant for denne. Kun personer, der er valgbare til en kommunalbestyrelse her i landet, kan indstilles. Skatteministeren eller den, som ministeren bemyndiger dertil, udnævner de indstillede personer til henholdsvis medlem og suppleant. Ministeren kan dog under særlige omstændigheder undlade at udnævne en indstillet person og anmode organisationen om at indstille en anden person.

*Stk. 6.* Personer, som indstilles til udnævnelse efter stk. 3, 4 eller 5, har pligt til at modtage skattemini-sterens udnævnelse, medmindre de er afskåret herfra efter § 15. Følgende personer kan dog meddele skat-teministeren, at de ikke ønsker at modtage udnævnelsen:

1) Personer, der ved funktionsperiodens begyndelse er fyldt 60 år.
2) Personer, der har været medlem af et skatte-, vurderings- eller motorankenævn i to hele sammenhæn-gende funktionsperioder.
3) Personer, der ikke har dansk indfødsret.
4) Personer, der på grund af deres helbredstilstand, varetagelse af andet offentligt hverv, forretninger el.lign. har rimelig grund til at ønske sig fritaget for hvervet.

**§ 9.** Et medlem, der mister sin valgbarhed, skal udtræde af det pågældende ankenævn. Et medlem, der har været fraværende fra nævnets møder i en sammenhængende periode på over 6 måneder, og som ikke er meddelt orlov efter stk. 2, 2. pkt., skal udtræde af nævnet.

*Stk. 2.* Skatteministeren kan efter anmodning tillade et medlem at udtræde af nævnet, hvis medlemmet på grund af sin helbredstilstand, varetagelse af andet offentligt hverv, forretninger el.lign. har rimelig grund til at ønske sig fritaget for hvervet. Skatteministeren kan endvidere efter anmodning meddele et medlem orlov i en periode på op til 12 måneder regnet fra skatteministerens meddelelse af orlov. Yderli-gere orlov kan ikke meddeles.

*Stk. 3.* Når et medlem efter stk. 1 eller 2 udtræder af nævnet eller meddeles orlov, indtræder suppleanten i nævnet. Hvis et medlem eller en suppleant er udtrådt permanent, udnævnes en ny suppleant for den re-sterende del af funktionsperioden. Ved udnævnelsen finder § 8, stk. 3, 5 og 6, tilsvarende anvendelse. 1.-3. pkt. gælder ikke for vurderingsankenævn.

*Stk. 4.* Udtræder et medlem af et vurderingsankenævn efter stk. 1 eller 2 af nævnet, eller meddeles et medlem orlov, udnævner skatteministeren eller den, som ministeren bemyndiger dertil, et nyt medlem til vurderingsankenævnet for den resterende del af den igangværende funktionsperiode henholdsvis orlovs-periode, jf. § 8, stk. 2. Udnævnelsen sker på baggrund af indstilling fra kommunalbestyrelsen, Finans Danmark eller Dansk Ejendomsmæglerforening, afhængigt af hvem af disse der har indstillet det medlem, der udtræder af nævnet eller meddeles orlov. Ved indstillingen og udnævnelsen finder § 8, stk. 4 og 6, tilsvarende anvendelse.

*Stk. 5.* Skatteministeren kan under ganske særlige omstændigheder tilbagekalde en udnævnelse af et medlem eller en suppleant.

**§ 10.** Et skatteankenævn vælger en formand og en eller to næstformænd blandt nævnets medlemmer. Et motorankenævn vælger en formand og en næstformand blandt nævnets medlemmer.

*Stk. 2.* For at et ankenævn kan træffe en afgørelse, skal mindst halvdelen af nævnets medlemmer eller deres suppleanter, herunder formanden eller en næstformand, deltage i afgørelsen.

*Stk. 3.* Et ankenævn kan vælge at opdele sig i besluttende led bestående af mindst 3 medlemmer, hvoraf det ene skal være formanden eller en næstformand. Ved en sådan opdeling skal de besluttende led så vidt muligt sikres en alsidig sammensætning. For at et besluttende led kan træffe en afgørelse, skal mindst 3 medlemmer eller deres suppleanter deltage i afgørelsen. Ethvert medlem af ankenævnet kan kræve en sag forelagt for det samlede nævn.

*Stk. 4.* Hvis et medlem er uenig i en afgørelse, der er truffet af det pågældende ankenævn, kan medlem-met kræve sine indvendinger mod afgørelsen tilført beslutningsprotokollen og en kopi af protokollatet indsendt til Skatterådet.

*Stk. 5.* Skatteministeren fastsætter forretningsordenen for ankenævnene.

*Stk. 6.* Skatteministeren fastsætter regler om vederlæggelse af ankenævnenes formænd, næstformænd og øvrige medlemmer.

**§ 10 a.** Formandsposten for vurderingsankenævnene varetages af et geografisk ubundet vurderingsan-kenævnsformandskab, der består af en ledende vurderingsankenævnsformand og et antal øvrige vurde-

ringsankenævnsformænd, som skatteministeren ansætter efter indstilling fra skatteankeforvaltningen. Vurderingsankenævnsformændene skal have vurderingsfaglig indsigt.

*Stk. 2.* Den ledende vurderingsankenævnsformand kan efter indstilling fra skatteankeforvaltningen bestemme, at ansatte i skatteankeforvaltningen skal deltage i afgørelsen af en klage i vurderingsankenævnsformandens sted. I sådanne tilfælde har den pågældende samme beføjelser som en ankenævnsformand.

*Stk. 3.* For at et vurderingsankenævn kan træffe en afgørelse, skal formanden eller en ansat i skatteankeforvaltningen, jf. stk. 2, og mindst 2 medlemmer deltage i afgørelsen, jf. dog stk. 4 og 5. I tilfælde af stemmelighed er formandens eller den ansattes, jf. stk. 2, stemme afgørende.

*Stk. 4.* Uanset stk. 3 afgør formanden for vurderingsankenævnet eller en ansat i skatteankeforvaltningen, jf. stk. 2, anmodninger om genoptagelse af en påkendt vurderingsankenævnssag, jf. § 35 g.

*Stk. 5.* Uanset stk. 3 afgør formanden for vurderingsankenævnet eller en ansat i skatteankeforvaltningen, jf. stk. 2, klager omfattet af § 6, stk. 1, jf. dog § 6, stk. 2, jf. § 6 a, stk. 1, og § 6 b, stk. 1, når vurderingsankenævnet bemyndiger den pågældende hertil.

*Stk. 6.* Skatteministeren fastsætter en forretningsorden for vurderingsankenævnene, herunder regler for vederlæggelse af vurderingsankenævnenes medlemmer.

## Kapitel 5

### *Landsskatteretten*

**§ 11.** Landsskatteretten afgør, medmindre andet er bestemt af skatteministeren efter § 14, stk. 2, klager over:

1) Told- og skatteforvaltningens afgørelser, hvor klagen ikke afgøres af skatteankeforvaltningen, et skatteankenævn, et vurderingsankenævn eller et motorankenævn.
2) Skatterådets afgørelser.

*Stk. 2.* Landsskatteretten afgør sager, som et vurderingsankenævn eller skatteankeforvaltningen har henvist til afgørelse i Landsskatteretten, jf. § 6 a, stk. 1, og § 4 a, stk. 3.

*Stk. 3.* Landsskatteretten afgør sager, som Skatteministeriet har indbragt for Landsskatteretten efter § 40, stk. 1.

*Stk. 4.* Landsskatteretten afgør i øvrigt klager, der efter anden lovgivning er henlagt til Landsskatteretten til afgørelse, og som ikke efter regler udstedt i medfør af § 35 b, stk. 3, skal afgøres af skatteankeforvaltningen.

**§ 12.** Landsskatteretten består af en ledende retsformand, et antal øvrige retsformænd, 30 andre medlemmer og 4 særligt motorsagkyndige medlemmer.

*Stk. 2.* Retsformændene skal have bestået juridisk kandidateksamen.

*Stk. 3.* Af de øvrige 30 retsmedlemmer vælger Folketinget 11, og skatteministeren udnævner 19. Blandt de medlemmer, som skatteministeren udnævner, skal der være mindst én repræsentant for henholdsvis erhvervslivet og lønmodtagerne. Endvidere skal mindst 11 af de medlemmer, som skatteministeren udnævner, være dommere.

*Stk. 4.* Ud over de retsmedlemmer, der er nævnt i stk. 3, udnævner skatteministeren 4 særligt motorsagkyndige retsmedlemmer. Af disse medlemmer skal 2 repræsentere bilbranchen og 2 Trafikstyrelsen. Skatteministeren udnævner på samme måde suppleanter for disse medlemmer.

*Stk. 5.* De ordinære funktionsperioder for retsmedlemmer som nævnt i stk. 3 og 4 er på 6 år. Funktionsperioderne udmåles fra den 1. juni 2004.

*Stk. 6.* Er et medlem fraværende i en samlet periode på over 6 måneder, uden at der er meddelt medlemmet orlov efter 2. pkt., ophører den pågældende med at være medlem af Landsskatteretten, og der vælges eller udnævnes i så fald i overensstemmelse med reglerne i stk. 3 og 4 et nyt medlem for den resterende del af funktionsperioden. Skatteministeren kan efter anmodning meddele et medlem, der er valgt eller udnævnt efter stk. 3 eller 4, orlov fra Landsskatteretten i en periode på indtil 12 måneder regnet fra den dato,

hvorfra medlemmet har anmodet om, at orlov meddeles, og der vælges eller udnævnes i så fald i overensstemmelse med reglerne i stk. 3 og 4 et midlertidigt medlem af retten for orlovsperioden. Yderligere orlov kan ikke meddeles. Hvis et medlem udtræder af Landsskatteretten af årsager, der ikke er nævnt i 1. pkt., vælges eller udnævnes der i overensstemmelse med reglerne i stk. 3 og 4 et nyt medlem for den resterende del af funktionsperioden.

*Stk. 7.* Skatteministeren kan under ganske særlige omstændigheder afskedige et medlem af Landsskatteretten.

**§ 13.** For at Landsskatteretten kan træffe en afgørelse, skal mindst 3 retsmedlemmer deltage i afgørelsen. Heraf skal mindst 1 være en retsformand, og mindst 2 skal være valgt af Folketinget eller udnævnt af skatteministeren efter § 12, stk. 3. I tilfælde af stemmelighed er den ledende retsformands stemme afgørende. Deltager denne ikke, er retsformandens eller, hvor flere retsformænd deltager, den efter udnævnelse ældstes stemme afgørende. I sager, som vedrører registreringsafgiftsloven, skal mindst 3 retsmedlemmer deltage, og heraf skal mindst 1 være en retsformand, mens mindst 2 skal være særligt motorsagkyndige medlemmer, der er udnævnt af skatteministeren efter § 12, stk. 4.

*Stk. 2.* Uanset stk. 1 kan den ledende retsformand efter indstilling fra skatteankeforvaltningen bestemme, at en kontorchef eller en anden ansat i skatteankeforvaltningen skal deltage i afgørelsen af en klage. I sådanne tilfælde har den pågældende samme beføjelser som en retsformand. Er voteringen ikke enstemmig, overgår klagen dog til behandling efter reglerne i stk. 1.

*Stk. 3.* Uanset stk. 1 kan afgørelse om genoptagelse efter § 35 g af en påkendt klage træffes af en retsformand eller en kontorchef i skatteankeforvaltningen efter bemyndigelse fra den ledende retsformand.

*Stk. 4.* Skatteministeren fastsætter en forretningsorden for Landsskatteretten.

Kapitel 6

*Kompetence og tavshedspligt m.v.*

*Indbyrdes kompetence*

**§ 14.** Der gælder følgende kompetencebegrænsninger:
1)  Skatteministeren kan ikke træffe afgørelse om en ansættelse af skat, en vurdering af fast ejendom eller en registrering af et køretøj, herunder om de med sådanne ansættelser forbundne bevillinger eller dispensationer.
2)  Told- og skatteforvaltningen kan ikke træffe afgørelse i en sag, i det omfang Skatterådet, Landsskatteretten, skatteankeforvaltningen, et skatteankenævn, et vurderingsankenævn eller et motorankenævn har taget stilling til sagen, jf. dog § 27, stk. 3, og § 32, stk. 3, og § 32 a, stk. 3.
3)  Et skatteankenævn, et vurderingsankenævn eller et motorankenævn kan ikke træffe afgørelse i en sag, i det omfang Skatterådet eller Landsskatteretten har taget stilling til sagen.
4)  Skatterådet kan ikke træffe afgørelse i en sag, i det omfang skatteankeforvaltningen eller Landsskatteretten har taget stilling til sagen.

*Stk. 2.* Skatteministeren kan bestemme, at told- og skatteforvaltningens og spillemyndighedens afgørelser ikke kan påklages til anden administrativ myndighed. Skatteministeren kan fastsætte regler om retten til at klage over told- og skatteforvaltningens, spillemyndighedens og skatteankeforvaltningens afgørelser i personalesager, herunder fastsætte regler om tidsfrister for indgivelse af klage.

*Stk. 3.* Skatteministeren kan endvidere bestemme, at told- og skatteforvaltningens behandling af andre spørgsmål ikke kan påklages til anden administrativ myndighed.

*Habilitet*

**§ 15.** En ansat i told- og skatteforvaltningen eller skatteankeforvaltningen kan ikke være medlem af eller stedfortræder i et skatteankenævn, et vurderingsankenævn, et motorankenævn, Skatterådet eller Landsskatteretten, jf. dog § 13, stk. 2.

*Stk. 2.* Ingen kan samtidig være medlem af eller stedfortræder i et skatteankenævn, et vurderingsankenævn, et motorankenævn, Skatterådet eller Landsskatteretten.

### Digital indhentelse af sagsoplysninger

**§ 15 a.** Skatteministeren kan fastsætte regler, hvorefter skatteankeforvaltningen, skatteankenævnene, vurderingsankenævnene, motorankenævnene og Landsskatteretten kan få elektronisk adgang til oplysninger om fysiske og juridiske personer, der er registreret hos told- og skatteforvaltningen, hvis oplysningerne er nødvendige for behandlingen af en klage.

### Kommunalbestyrelser

**§ 16.** Skatteministeren kan fastsætte regler, hvorefter landets kommunalbestyrelser får elektronisk adgang til oplysninger, der er registreret af told- og skatteforvaltningen.

*Stk. 2.* Skatteministeren kan fastsætte regler om, at kommunalbestyrelsen skal løse opgaver, der har karakter af borgervejledning og lignende faktisk forvaltningsvirksomhed, og som efter § 1 henhører under told- og skatteforvaltningens opgaver.

*Stk. 3.* Hvis kommunalbestyrelsen bestemmer, at opgaver, som skatteministeren har tillagt kommunalbestyrelsen efter stk. 2, ikke skal udføres af et borgerservicecenter, finder § 3, stk. 6, jf. § 3, stk. 1 og 2, i lov om kommunale borgerservicecentre og fælleskommunale callcentre tilsvarende anvendelse.

### Tavshedspligt

**§ 17.** Skattemyndighederne skal under ansvar efter §§ 152, 152 a og 152 c-152 f i straffeloven iagttage ubetinget tavshed over for uvedkommende med hensyn til oplysninger om en fysisk eller en juridisk persons økonomiske, erhvervsmæssige eller privatlivet tilhørende forhold, som de under varetagelsen af deres arbejde bliver bekendt med. Forpligtelsen gælder tillige for sagkyndige medhjælpere samt i øvrigt enhver, der som følge af et i henhold til aftale med det offentlige påtaget arbejde kommer til kundskab om sådanne forhold. Er aftalen indgået med en virksomhed, gælder forpligtelsen alle, der under deres arbejde i virksomheden får kundskab om forhold som de ovennævnte.

*Stk. 2.* Uanset bestemmelsen i stk. 1 kan told- og skatteforvaltningen offentliggøre følgende oplysninger om skattepligtige efter selskabsskattelovens § 1, stk. 1, og § 2, stk. 1, litra a og b, og fondsbeskatningslovens § 1, medmindre de pågældende er fritaget for selvangivelsespligt efter skattekontrollovens § 2, stk. 1, nr. 4 eller 5, eller fondsbeskatningsloven § 15, stk. 2 eller 3:

1) Den skattepligtige indkomst efter fradrag af underskud fra tidligere indkomstår.
2) Årets anvendte underskud fra tidligere indkomstår.
3) Den beregnede skat for indkomståret.
4) Hvilken skattepligtsbestemmelse i selskabsskatteloven eller fondsbeskatningsloven selskabet m.v. er omfattet af, og om selskabet m.v. beskattes efter tonnageskatteloven.

*Stk. 3.* For selskaber m.v. omfattet af kulbrinteskatteloven omfatter stk. 2, nr. 1-3, tillige oplysninger vedrørende selskabets kulbrinteindkomst m.v.

*Stk. 4.* Indgår selskabet m.v. i en sambeskatning, kan oplysningerne efter stk. 2, nr. 1-3, offentliggøres samlet for de sambeskattede selskaber m.v. med angivelse af, hvilke selskaber m.v. der indgår i sambeskatningen.

**§ 18.** Ægtefæller og forhenværende ægtefæller har hver især ret til ved henvendelse til told- og skatteforvaltningen at få oplyst indholdet af den anden ægtefælles selvangivelse og ansættelse af indkomst- eller ejendomsværdiskat for indkomstår, hvori de var ægtefæller og samlevende.

## Afsnit II
## Regler for sagsbehandling
### Kapitel 7
*Sagsfremstilling og agterskrivelse*

*Sagsfremstilling*

**§ 19.** Forinden told- og skatteforvaltningen træffer en afgørelse, skal der udarbejdes en sagsfremstilling. Dette gælder dog ikke, i det omfang afgørelsen træffes efter anmodning fra sagens parter og told- og skatteforvaltningen fuldt ud kan imødekomme anmodningen eller told- og skatteforvaltningen og sagens parter i øvrigt er enige om afgørelsen.

*Stk. 2.* Sagsfremstillingen skal indeholde en redegørelse for de oplysninger vedrørende sagens faktiske forhold, der påtænkes tillagt betydning ved afgørelsen. Der skal endvidere oplyses om den afgørelse, som disse oplysninger efter forvaltningens vurdering fører til, med en begrundelse, der opfylder de krav til begrundelsen af en forvaltningsafgørelse, der følger af forvaltningsloven.

*Stk. 3.* Sagsfremstillingen skal sendes til udtalelse hos sagens parter med en svarfrist, der ikke uden parternes samtykke kan være på mindre end 15 dage regnet fra høringsskrivelsens datering, medmindre en anden frist er bestemt i lovgivningen. En part i sagen kan give afkald på denne høring.

*Stk. 4.* Hvis der foretages høring efter stk. 3, kan told- og skatteforvaltningen meddele sagens parter, at afgørelsen vil blive truffet som anført i sagsfremstillingen, medmindre den pågældende over for told- og skatteforvaltningen fremkommer med en begrundet skriftlig eller mundtlig udtalelse imod afgørelsen inden for en nærmere angivet frist, der ikke uden den pågældendes samtykke kan være på mindre end 15 dage regnet fra skrivelsens datering, medmindre en anden frist er bestemt i lovgivningen. Har parterne ikke udtalt sig inden fristens udløb, kan afgørelsen træffes som varslet uden yderligere underretning.

*Stk. 5.* Kravet efter stk. 1-3 om udarbejdelse af en sagsfremstilling og høring, før der træffes en afgørelse, gælder dog ikke følgende typer af afgørelser:
1) Afgørelser, hvis klage herover kan afgøres af et skatteankenævn, jf. § 5, stk. 1.
2) Afgørelser, hvis klage herover kan afgøres af et vurderingsankenævn, jf. § 6, stk. 1.
3) Afgørelser, hvis klage herover kan afgøres af et motorankenævn, jf. § 7, stk. 1.
4) Afgørelser, hvis klage herover efter regler udstedt i medfør af § 35 b, stk. 3, eller efter § 4 a, stk. 1, jf. §§ 6 og 6 b, eller § 4 a, stk. 2, kan afgøres af skatteankeforvaltningen.
5) Afgørelser, hvis klage herover kan afgøres af Landsskatteretten, jf. § 35 b, stk. 1, 2. eller 3. pkt., stk. 3, 2. pkt., eller stk. 5 eller efter § 6 a, jf. § 6, stk. 2.
6) Afgørelser, hvis klage herover efter skatteministerens bestemmelse efter § 14, stk. 2, ikke afgøres af skatteankeforvaltningen, et skatteankenævn, et vurderingsankenævn, et motorankenævn eller Landsskatteretten.
7) Afgørelser om bindende svar, jf. § 21, bortset fra bindende svar, der afgives af Skatterådet efter § 21, stk. 4.
8) Afgørelser om revisorerklæringspålæg efter skattekontrollovens § 3 B, stk. 8.

*Agterskrivelse*

**§ 20.** Agter told- og skatteforvaltningen at træffe en afgørelse om ansættelse af indkomst- eller ejendomsværdiskat på et andet grundlag end det, der er selvangivet, skal den selvangivelsespligtige og eventuelt andre parter underrettes om den påtænkte afgørelse. Det samme gælder, i det omfang en selvangivelsespligtig har undladt at selvangive og ansættelsen som følge deraf skal ske skønsmæssigt. Underretningen skal opfylde de krav til begrundelsen af en forvaltningsafgørelse, der følger af forvaltningsloven.

*Stk. 2.* Den selvangivelsespligtige m.v. skal samtidig underrettes om, at afgørelsen vil blive truffet som varslet, medmindre den pågældende over for told- og skatteforvaltningen fremkommer med en begrundet

skriftlig eller mundtlig udtalelse imod afgørelsen inden for en nærmere angivet frist, der ikke uden den pågældendes samtykke kan være på mindre end 15 dage regnet fra skrivelsens datering, medmindre en anden frist er bestemt i lovgivningen. Har den selvangivelsespligtige m.v. ikke udtalt sig inden fristens udløb, kan afgørelsen træffes som varslet uden yderligere underretning.

*Stk. 3.* Underretning som nævnt i stk. 1 og 2 kan undlades, i det omfang afgørelsen træffes efter anmodning fra sagens parter og told- og skatteforvaltningen fuldt ud kan imødekomme anmodningen eller told- og skatteforvaltningen og sagens parter i øvrigt er enige om afgørelsen.

*Stk. 4.* Bestemmelserne i stk. 1-3 finder tilsvarende anvendelse, hvis told- og skatteforvaltningen agter at ændre en ejendomsvurdering eller agter at foretage en ejendomsvurdering, der med urette ikke er foretaget som led i den almindelige vurdering. I sådanne tilfælde tilkommer de rettigheder, der følger af stk. 1-3, ejendommens ejer og andre, der over for stat eller kommune hæfter for skatter, der opkræves på grundlag af den pågældende ejendomsvurdering, jf. § 35 a, stk. 2.

### Kapitel 7 a

*Frist for afgørelse om vurdering, deklaration og afgørelsesperiode*

**§ 20 a.** Told- og skatteforvaltningen kan ved almindelige vurderinger og omvurderinger efter ejendomsvurderingsloven sikre inddragelsen af ejendommens ejer ved anvendelse af en særlig deklarationsprocedure, jf. stk. 2 og 3.

*Stk. 2.* Told- og skatteforvaltningen underretter ved deklarationen ejeren af en ejendom om de faktiske oplysninger om den pågældendes ejendom og andre faste ejendomme, der forventes tillagt væsentlig betydning for vurderingen af den pågældendes ejendom. Told- og skatteforvaltningen underretter samtidig ejeren af ejendommen om, at told- og skatteforvaltningen kan træffe afgørelse på grundlag af de oplysninger, der foreligger, når afgørelsesperioden indtræder, og om tidspunktet for afgørelsesperiodens indtræden, jf. § 20 b.

*Stk. 3.* Deklarationen skal foretages, senest 4 uger før afgørelsesperioden indtræder, jf. § 20 b.

**§ 20 b.** Ved vurdering af fast ejendom, der foretages efter forudgående deklaration, jf. § 20 a, indtræder en afgørelsesperiode tidligst 6 uger før den 10. februar i kalenderåret efter vurderingsårets udløb. Afgørelsesperioden udløber den 10. februar i kalenderåret efter vurderingsårets udløb, medmindre skatteministeren fastsætter et senere tidspunkt.

*Stk. 2.* Told- og skatteforvaltningen kan i afgørelsesperioden, jf. stk. 1, træffe afgørelse på grundlag af de oplysninger, der foreligger ved afgørelsesperiodens indtræden. Told- og skatteforvaltningen er dog ikke i afgørelsesperioden afskåret fra at træffe afgørelse på baggrund af oplysninger, der modtages i afgørelsesperioden.

*Stk. 3.* Oplysninger, der modtages efter afgørelsesperiodens indtræden, jf. stk. 1, 1. pkt., behandles efter reglerne om genoptagelse og revision, jf. §§ 33 og 33 a, hvis told- og skatteforvaltningen i afgørelsesperioden, jf. stk. 1, træffer afgørelse og oplysningerne ikke er indgået i grundlaget for afgørelsen, jf. stk. 2. Når told- og skatteforvaltningen har behandlet oplysningerne efter 1. pkt., meddeler told- og skatteforvaltningen ejendommens ejer, om oplysningerne giver grundlag for at ændre afgørelsen.

**§ 20 c.** Ved afgørelse om almindelig vurdering og omvurdering, der meddeles efter afgørelsesperiodens udløb, jf. § 20 b, stk. 1, træffer told- og skatteforvaltningen afgørelse på grundlag af de oplysninger, der foreligger på afgørelsestidspunktet.

### Kapitel 8

*Bindende svar*

**§ 21.** Enhver kan hos told- og skatteforvaltningen få et bindende svar på spørgsmål om den skattemæssige virkning for spørgeren af en disposition, når told- og skatteforvaltningen i øvrigt har kompetence til

at afgøre spørgsmålet, jf. dog stk. 3. Det kan være om en disposition, som spørgeren har foretaget eller påtænker at foretage.

*Stk. 2.* Enhver kan hos told- og skatteforvaltningen få et bindende svar på spørgsmål om den skattemæssige virkning for andre end spørgeren af en disposition, som spørgeren påtænker at foretage, når told- og skatteforvaltningen i øvrigt har kompetence til at afgøre spørgsmålet, jf. dog stk. 3.

*Stk. 3.* Bindende svar gives ikke på spørgsmål om den skattemæssige virkning af toldlovgivningen. Bindende svar gives heller ikke på spørgsmål om bevillinger eller dispensationer vedrørende påtænkte dispositioner.

*Stk. 4.* Told- og skatteforvaltningen skal forelægge en anmodning om et bindende svar for Skatterådet til afgørelse, jf. § 2, stk. 2, hvis

1) svaret vil kunne få konsekvenser for et større antal skattepligtige,
2) svaret vedrører større økonomiske værdier,
3) svaret angår fortolkning af væsentlig betydning for lovgivningen,
4) der ved besvarelsen skal tages stilling til et EU-retligt spørgsmål af væsentlig rækkevidde eller
5) sagen i øvrigt har påkaldt sig eller skønnes at ville påkalde sig større offentlig interesse.

*Stk. 5.* Enhver kan hos told- og skatteforvaltningen få et bindende svar på spørgsmål om registrering af et køretøj. Stk. 1-4 finder tilsvarende anvendelse.

**§ 22.** I følgende tilfælde gives bindende svar om ansættelse af indkomst- eller ejendomsværdiskat kun, i det omfang flere anmoder om svaret:

1) Ved anmodning om et bindende svar om opgørelsen af en afståelsessum eller fordelingen heraf efter afskrivningslovens § 45, stk. 1 og 2, eller ejendomsavancebeskatningslovens § 4, stk. 4 og 5, skal hver af parterne i købsaftalen anmode om svaret.
2) Ved anmodning om et bindende svar om ansættelsen af afgift af en gave skal såvel gavegiver som gavemodtager anmode om svaret.
3) Ved anmodning om et bindende svar om ansættelsen af indkomst- eller ejendomsværdiskat af en kontrolleret transaktion som beskrevet i ligningslovens § 2 eller om en transaktion mellem en hovedaktionær og det af denne beherskede selskab skal hver af parterne i transaktionen anmode om svaret. Ved afgørelsen af, om der er tale om en hovedaktionær, finder definitionen i aktieavancebeskatningslovens § 4 anvendelse.

**§ 23.** Samtidig med indgivelse af en anmodning om et bindende svar skal der betales et gebyr på 300 kr. (2010-niveau). Gebyret reguleres efter § 20 i personskatteloven. Gebyret betales tilbage, hvis anmodningen afvises eller tilbagekaldes.

**§ 24.** En anmodning om et bindende svar skal være skriftlig og indeholde alle de oplysninger af betydning for svaret, som står til rådighed for spørgeren. Skønner told- og skatteforvaltningen respektive Skatterådet, at spørgsmålet ikke er tilstrækkeligt oplyst, kan spørgeren anmodes om yderligere oplysninger eller dokumentation. Efterkommes anmodningen ikke inden for en rimelig frist, kan spørgsmålet afvises eller svaret begrænses til de forhold, der skønnes tilstrækkeligt oplyst.

*Stk. 2.* Told- og skatteforvaltningen respektive Skatterådet kan i øvrigt i særlige tilfælde afvise at give et bindende svar, hvis spørgsmålet er af en sådan karakter, at det ikke kan besvares med fornøden sikkerhed eller andre hensyn taler afgørende imod en besvarelse.

*Stk. 3.* En afgørelse efter stk. 1 eller 2 kan ikke påklages administrativt.

**§ 25.** Et bindende svar er bindende for skattemyndighederne i forhold til spørgeren eller andre som nævnt i § 21, stk. 2, ved behandlingen af det beskrevne forhold i 5 år regnet fra spørgerens modtagelse af svaret, jf. dog 3. pkt. Angår svaret afgifter, regnes de 5 år fra starten af den afgiftsperiode, hvori spørgeren modtager svaret. Et bindende svar om et aktivs værdi er bindende for skattemyndighederne i forhold til spørgeren eller andre som nævnt i § 21, stk. 2, ved behandlingen af det pågældende forhold i 6 måneder

regnet fra spørgerens modtagelse af svaret. Det kan dog i svar som nævnt i 1. og 3. pkt. bestemmes, at svaret kun skal være bindende i en kortere periode. Begrænsningen af bindingsperioden gælder ikke, når der i et bindende svar om en disposition er taget stilling til den skattemæssige virkning af efterfølgende omstændigheder, der er endeligt fastlagt i dispositionen.

*Stk. 2.* Et svar er ikke bindende, i det omfang der er sket ændringer i forudsætninger, som har været afgørende for indholdet af svaret, herunder ændringer i love eller bekendtgørelser, der har ligget til grund for svaret. Det samme gælder, i det omfang svaret viser sig at være i strid med EU-retten.

*Stk. 3.* Et svar, der vedrører fortolkningen af en dobbeltbeskatningsoverenskomst, er ikke bindende, i det omfang en udenlandsk respektive en færøsk eller en grønlandsk skattemyndighed lægger en anden vurdering af det pågældende spørgsmål til grund.

*Stk. 4.* En afgørelse, der træffes efter § 245 i lov om finansiel virksomhed, eller en afgørelse, der træffes af en tilsynsmyndighed som nævnt i skattekontrollovens § 6 D om størrelsen af hensatte beløb eller størrelsen af lidte tab i et penge- eller realkreditinstitut m.v., er bindende for skattemyndighederne ved behandlingen af det beskrevne forhold. Bestemmelsen i stk. 2, 2. pkt., finder tilsvarende anvendelse.

## Kapitel 9

*Frister m.v. vedrørende indkomst- og ejendomsværdiskat*

### Ordinær ansættelse

**§ 26.** Told- og skatteforvaltningen kan ikke afsende varsel som nævnt i § 20, stk. 1, om foretagelse eller ændring af en ansættelse af indkomst- eller ejendomsværdiskat senere end den 1. maj i det fjerde år efter indkomstårets udløb. Ansættelsen skal foretages senest den 1. august i det fjerde år efter indkomstårets udløb. Denne frist gælder ikke for den skatteberegning, der er en følge af ansættelsen. Har det betydning for den skattepligtiges mulighed for at varetage sine interesser, at fristen for at foretage ansættelsen forlænges, skal en anmodning om en rimelig fristforlængelse imødekommes. Skatteministeren kan for grupper af skattepligtige fastsætte kortere frister end angivet i 1. og 2. pkt.

*Stk. 2.* En skattepligtig, der ønsker at få ændret sin ansættelse af indkomst- eller ejendomsværdiskat, skal senest den 1. maj i det fjerde år efter indkomstårets udløb fremlægge oplysninger af faktisk eller retlig karakter, der kan begrunde ændringen.

*Stk. 3.* En ansættelse, der beror på en ændret bedømmelse af et afskrivningsgrundlag for et indkomstår, der ligger uden for fristerne efter denne paragraf, kan foretages eller ændres efter stk. 1, medmindre ansættelsen beror på et skøn.

*Stk. 4.* En ansættelse kan ikke foretages eller ændres efter stk. 1, i det omfang ansættelsen beror på en ændret bedømmelse af et fremførselsberettiget underskud eller tab, der er selvangivet i et indkomstår, der ligger uden for fristerne efter denne bestemmelse. Bestemmelsen i 1. pkt. finder tilsvarende anvendelse vedrørende opgørelserne efter selskabsskattelovens § 13, stk. 4-10.

*Stk. 5.* Fristerne efter stk. 1 og 2 udløber først i det sjette år efter indkomstårets udløb for skattepligtige omfattet af § 3 B i skattekontrolloven eller § 13 i tonnageskatteloven, for så vidt angår de kontrollerede transaktioner.

*Stk. 6.* Er den skattepligtiges indkomstår ikke sammenfaldende med kalenderåret, regnes fristerne fra udløbet af det år, som indkomståret træder i stedet for.

*Stk. 7.* Vedrører en ansættelse efter stk. 1 eller 2 opgørelsen af en balancepost, kan opgørelsen primo indkomståret alene foretages eller ændres, såfremt ansættelsen for det foregående indkomstår ændres tilsvarende vedrørende opgørelsen ultimo for dette indkomstår, jf. dog 2. og 3. pkt. Foretages eller ændres en ansættelse vedrørende en opgørelse af gevinst og tab efter aktieavancebeskatningsloven eller kursgevinstloven, hvor den skattepligtige har anvendt realisationsprincippet og en anden opgørelsesmetode skulle have været anvendt, anvendes henholdsvis værdipapirets anskaffelsessum og værdien ved gældens påtagelse med tillæg af gevinst og fradrag for tab medregnet i tidligere indkomstår som værdien primo ind-

komståret for det tidligste indkomstår inden for fristen efter stk. 1 eller 2. Har den skattepligtige anvendt en anden opgørelsesmetode end realisationsprincippet, og skulle realisationsprincippet have været anvendt, anvendes henholdsvis værdipapirets anskaffelsessum og gældens værdi ved påtagelsen med tillæg af gevinst og fradrag for tab medregnet i tidligere indkomstår som værdipapirets anskaffelsessum og gældens værdi ved påtagelsen.

*Stk. 8.* Fristerne i stk. 1 og 2 udløber først i det 6. år efter indkomstårets udløb for skattepligtige, der er omfattet af aktieavancebeskatningslovens § 36, stk. 6, 2. pkt., eller fusionsskattelovens § 15 a, stk. 1, 5. pkt., eller § 15 c, stk. 1, 5. pkt., for så vidt angår overdragelse af aktier, aktiver og passiver som led i en aktieombytning, spaltning eller tilførsel af aktiver.

*Stk. 9.* Bestemmelsen omfatter ikke gaveafgift.

### Ekstraordinær ansættelse

**§ 27.** Uanset fristerne i § 26 kan en ansættelse af indkomst- eller ejendomsværdiskat foretages eller ændres efter anmodning fra den skattepligtige eller efter told- og skatteforvaltningens bestemmelse, hvis:

1) Der er indtrådt en ændring i det privatretlige eller offentligretlige grundlag for ansættelsen.
2) Ansættelsen er en direkte følge af en ansættelse vedrørende den skattepligtige for et andet indkomstår. Tilsvarende gælder, hvis ansættelsen er en direkte følge af en ansættelse for det samme eller et andet indkomstår vedrørende den skattepligtiges ægtefælle, med hvilken den skattepligtige var samlevende ved indkomstårets udløb, jf. kildeskattelovens § 4, eller vedrørende et selskab, hvormed den skattepligtige var sambeskattet.
3) En ansættelse af overdragelsessummen for et aktiv, jf. ligningslovens § 12 B, ejendomsavancebeskatningslovens § 4, stk. 6, eller afskrivningslovens § 45, stk. 3, vedrørende en anden skattepligtig er ændret.
4) En udenlandsk skattemyndighed har truffet en afgørelse, der har betydning for beskatningen af den skattepligtige. Det er en betingelse, at den danske skattemyndighed anerkender afgørelsen.
5) Den skattepligtige eller nogen på dennes vegne forsætligt eller groft uagtsomt har bevirket, at skattemyndighederne har foretaget en ansættelse på et urigtigt eller ufuldstændigt grundlag.
6) Skatterådet udnytter sin kompetence efter § 2, stk. 3, til at ændre en skatteankenævnsafgørelse. Det er dog en betingelse, at den skattepligtige senest 3 måneder efter skatteankenævnets afgørelse er underrettet om, at afgørelsen er udtaget til ændring.
7) Hidtidig praksis er endeligt underkendt ved en dom, en afgørelse fra skatteankeforvaltningen, et skatteankenævn eller Landsskatteretten eller ved en praksisændring offentliggjort af Skatteministeriet. I disse tilfælde kan genoptagelse foretages til gunst for den skattepligtige fra og med det indkomstår, der har været til prøvelse i den første sag, der resulterede i en underkendelse af praksis, eller fra og med det indkomstår, der er påbegyndt, men endnu ikke udløbet 3 år forud for underkendelsen af praksis.
8) Told- og skatteforvaltningen efter anmodning fra den skattepligtige giver tilladelse til ændring af ansættelsen som følge af, at der foreligger særlige omstændigheder.

*Stk. 2.* En ansættelse kan kun foretages i de i stk. 1 nævnte tilfælde, hvis den varsles af told- og skatteforvaltningen eller genoptagelsesanmodning fremsættes af den skattepligtige senest 6 måneder efter, at told- og skatteforvaltningen henholdsvis den skattepligtige er kommet til kundskab om det forhold, der begrunder fravigelsen af fristerne i § 26. En ansættelse, der er varslet af told- og skatteforvaltningen, skal foretages senest 3 måneder efter den dag, hvor varsling er afsendt. Denne frist gælder ikke for den skatteberegning, der er en følge af ansættelsen. Har det betydning for den skattepligtiges mulighed for at varetage sine interesser, at fristen for at foretage ansættelsen forlænges, skal en anmodning om en rimelig fristforlængelse imødekommes. Told- og skatteforvaltningen kan behandle en anmodning om genoptagelse, der er modtaget efter udløbet af fristen i 1. pkt., hvis særlige omstændigheder taler derfor.

*Stk. 3.* Et forhold i en ansættelse af indkomst- eller ejendomsværdiskat kan, hvis den skattepligtige ikke udtaler sig imod ansættelsen, ændres af told- og skatteforvaltningen af de grunde, der er nævnt i stk. 1, selv om skatteankeforvaltningen, skatteankenævnet, Skatterådet eller Landsskatteretten tidligere har truffet afgørelse om forholdet.

*Stk. 4.* Vedrører en ansættelse efter stk. 1 opgørelsen af en balancepost, kan opgørelsen primo indkomståret kun foretages eller ændres, hvis ansættelsen for det foregående indkomstår ændres tilsvarende vedrørende opgørelsen ultimo for dette indkomstår, jf. dog 2. og 3. pkt. Foretages eller ændres en ansættelse vedrørende en opgørelse af gevinst og tab efter aktieavancebeskatningsloven eller kursgevinstloven, hvor den skattepligtige har anvendt realisationsprincippet og en anden opgørelsesmetode skulle have været anvendt, anvendes henholdsvis værdipapirets anskaffelsessum og værdien ved gældens påtagelse med tillæg af gevinst og fradrag for tab medregnet i tidligere indkomstår som værdien primo indkomståret for det tidligste indkomstår inden for fristen efter stk. 1 eller 2. Har den skattepligtige anvendt en anden opgørelsesmetode end realisationsprincippet, og skulle realisationsprincippet have været anvendt, anvendes henholdsvis værdipapirets anskaffelsessum og gældens værdi ved påtagelsen med tillæg af gevinst og fradrag for tab medregnet i tidligere indkomstår som værdipapirets anskaffelsessum og gældens værdi ved påtagelsen.

*Stk. 5.* Bestemmelsen omfatter ikke gaveafgift.

## Kapitel 10

### Omgørelse og lign. vedrørende indkomst- og ejendomsværdiskat

#### Skatteforbehold

**§ 28.** Er en privatretlig disposition betinget af, at dispositionen tillægges nærmere angivne virkninger for ansættelsen af indkomst- eller ejendomsværdiskat (skatteforbehold), tillægges skatteforbeholdet kun virkning for en ansættelse af indkomst- eller ejendomsværdiskat, hvis forbeholdet er klart, skriftligt og oplyst over for told- og skatteforvaltningen senest samtidig med, at told- og skatteforvaltningen oplyses om dispositionens øvrige indhold.

*Stk. 2.* Told- og skatteforvaltningen kan afvise at tillægge et skatteforbehold virkning for en ansættelse, hvis de privatretlige virkninger af skatteforbeholdet ikke er klare og overskuelige.

#### Omgørelse af privatretlige dispositioner

**§ 29.** I det omfang en ansættelse af indkomst- eller ejendomsværdiskat hviler på en privatretlig disposition, kan told- og skatteforvaltningen tillade, at en efterfølgende ændring af dispositionen tillægges virkning for ansættelsen af indkomst- eller ejendomsværdiskat (omgørelse), hvis følgende betingelser er opfyldt:
1) Dispositionen må ikke i overvejende grad have været båret af hensyn til at spare eller udskyde skatter.
2) Dispositionen skal utvivlsomt have haft utilsigtede skattemæssige virkninger, der er væsentlige.
3) Dispositionen skal have været lagt klart frem for myndighederne.
4) De privatretlige virkninger af den ændring af dispositionen, der ønskes tillagt skattemæssig virkning, skal være enkle og overskuelige.
5) Alle, der skatteretligt vil blive berørt af en tilladelse til omgørelse, skal tiltræde omgørelsesanmodningen.

*Stk. 2.* Skatterådet kan fastsætte nærmere regler for told- og skatteforvaltningens udøvelse af kompetencen efter stk. 1.

*Stk. 3.* For at få behandlet en anmodning om omgørelse skal der betales et gebyr på 2.100 kr. (2010-niveau). Gebyret skal betales samtidig med indgivelse af anmodningen om omgørelse. Gebyret reguleres efter personskattelovens § 20. Gebyret tilbagebetales, hvis anmodningen trækkes tilbage.

*Selvangivelsesomvalg*

**§ 30.** Told- og skatteforvaltningen kan tillade, at en skattepligtig ændrer et valg af selvangivne oplys-ninger, i det omfang skattemyndighederne har foretaget en ansættelse af indkomst- eller ejendomsværdi-skat, der har betydning for valget, og valget som følge heraf har fået utilsigtede skattemæssige konse-kvenser.

*Stk. 2.* Anmodning om tilladelse efter stk. 1 skal fremsættes af den skattepligtige inden 6 måneder efter, at den skattepligtige er kommet til kundskab om den ansættelse, der begrunder anmodningen. Told- og skatteforvaltningen kan efter anmodning fra den skattepligtige dispensere fra fristen, hvis særlige om-stændigheder taler derfor.

Kapitel 11

*Frister m.v. vedrørende fastsættelse af afgiftstilsvar og godtgørelse af afgift*

*Ordinær fastsættelse af afgiftstilsvar og godtgørelse af afgift*

**§ 31.** Told- og skatteforvaltningen kan ikke afsende varsel om fastsættelse eller ændring af afgiftstilsvar senere end 3 år efter angivelsesfristens udløb. Tilsvarende kan varsel om ændring af godtgørelse af afgift ikke afsendes senere end 3 år efter, at kravet om godtgørelse tidligst kunne gøres gældende. Fastsættelsen af afgiftstilsvaret henholdsvis godtgørelsen skal foretages senest 3 måneder efter udløbet af fristen efter 1. eller 2. pkt. Har det betydning for den afgiftspligtiges henholdsvis den godtgørelsesberettigedes mulighed for at varetage sine interesser, at fristen efter 3. pkt. forlænges, skal en anmodning om en rimelig fristfor-længelse imødekommes.

*Stk. 2.* En afgiftspligtig, der ønsker afgiftstilsvaret ændret, skal senest 3 år efter angivelsesfristens udløb fremlægge oplysninger af faktisk eller retlig karakter, der kan begrunde ændringen. Tilsvarende skal en virksomhed eller en person, der ønsker godtgørelse af afgift, senest 3 år efter det tidspunkt, hvor kravet om godtgørelse tidligst kunne gøres gældende, fremlægge oplysninger af faktisk eller retlig karakter, der kan begrunde godtgørelse af afgiften.

*Ekstraordinær fastsættelse af afgiftstilsvar og godtgørelse af afgift*

**§ 32.** Uanset fristerne i § 31 kan et afgiftstilsvar eller en godtgørelse af afgift fastsættes eller ændres efter anmodning fra den afgiftspligtige henholdsvis den godtgørelsesberettigede eller efter told- og skatte-forvaltningens bestemmelse, hvis:

1) Hidtidig praksis er endeligt underkendt ved en dom, en afgørelse fra skatteankeforvaltningen, et mo-torankenævn eller Landsskatteretten eller ved en praksisændring offentliggjort af Skatteministeriet. I disse tilfælde kan genoptagelse foretages til gunst for den afgiftspligtige fra og med den afgiftsperio-de, der er helt eller delvis sammenfaldende med den afgiftsperiode, der var til prøvelse i den første sag, der resulterede i underkendelse af praksis, eller den afgiftsperiode, der er påbegyndt, men endnu ikke udløbet, 3 år forud for underkendelsen af praksis. Tilsvarende kan genoptagelse ske til gunst for den godtgørelsesberettigede vedrørende godtgørelse af afgift, der kunne være gjort gældende fra og med det tidspunkt, der var til prøvelse i den første sag, der resulterede i underkendelse af praksis, el-ler 3 år forud for underkendelsen af praksis.

2) Ændringen er en direkte følge af en ændring af et afgiftstilsvar eller godtgørelse af afgift vedrørende den afgiftspligtige eller den godtgørelsesberettigede for samme eller en anden afgiftsperiode.

3) Den afgiftspligtige henholdsvis den godtgørelsesberettigede eller nogen på dennes vegne forsætligt eller groft uagtsomt har bevirket, at afgiftstilsvaret eller godtgørelsen er fastsat på et urigtigt eller ufuldstændigt grundlag.

4) Told- og skatteforvaltningen efter anmodning fra den afgiftspligtige eller den godtgørelsesberettigede giver tilladelse til ændring af afgiftstilsvaret eller godtgørelsen som følge af, at der foreligger særlige omstændigheder.

*Stk. 2.* En ændring af afgiftstilsvaret eller godtgørelsen af afgift kan kun foretages efter stk. 1, hvis den varsles af told- og skatteforvaltningen eller anmodningen fra den afgiftspligtige henholdsvis den godtgørelsesberettigede fremsættes senest 6 måneder efter, at told- og skatteforvaltningen henholdsvis den afgiftspligtige eller den godtgørelsesberettigede er kommet til kundskab om det forhold, der begrunder fravigelsen af fristerne i § 31. En ændring af afgiftstilsvar eller godtgørelse af afgift, der er varslet af told- og skatteforvaltningen, skal foretages senest 3 måneder efter den dag, hvor varsling er afsendt. Har det betydning for den afgiftspligtiges henholdsvis den godtgørelsesberettigedes mulighed for at varetage sine interesser, at fristen efter 2. pkt. forlænges, skal en anmodning om en rimelig fristforlængelse imødekommes. Told- og skatteforvaltningen kan behandle en anmodning om genoptagelse, der er modtaget efter udløbet af fristen i 1. pkt., hvis særlige omstændigheder taler derfor.

*Stk. 3.* Et forhold i opgørelsen af et afgiftstilsvar eller godtgørelsen af afgift kan, hvis den afgiftspligtige henholdsvis den godtgørelsesberettigede ikke udtaler sig imod ændringen, ændres af de grunde, der er nævnt i stk. 1, af told- og skatteforvaltningen, selv om skatteankeforvaltningen, Skatterådet eller Landsskatteretten tidligere har truffet afgørelse om forholdet.

### Kapitel 11 a

*Frister vedrørende afgørelser om registrering af køretøjer*

**§ 32 a.** Told- og skatteforvaltningen kan ikke ændre en afgørelse om registrering af et køretøj, senere end 6 måneder efter at afgørelsen er truffet. Efter fristen i 1. pkt. kan afgørelsen dog ændres i følgende tilfælde:

1) Hvis hidtidig praksis er endeligt underkendt ved en dom, en afgørelse fra skatteankeforvaltningen eller Landsskatteretten eller en praksisændring offentliggjort af Skatteministeriet. Afgørelser, der er truffet før den afgørelse, der var til prøvelse i den sag, der resulterede i underkendelse af praksis, kan dog ikke ændres.
2) Hvis den, der har anmodet om registrering, eller nogen på dennes vegne forsætligt eller groft uagtsomt har bevirket, at afgørelsen er truffet på et urigtigt eller ufuldstændigt grundlag.
3) Hvis Trafikstyrelsen efter regler udstedt i medfør af færdselsloven eller lov om godkendelse og syn af køretøjer ændrer eller tilbagekalder en godkendelse, såfremt Trafikstyrelsens afgørelse har afledte konsekvenser for registreringen af et køretøj.
4) Hvis told- og skatteforvaltningen konstaterer en åbenbar fejl i registreringen. Yderligere afgift i konsekvens af en ændring som nævnt i 1. pkt. pålægges fra tidspunktet for registreringsændringen.
5) Hvis told- og skatteforvaltningen efter anmodning fra den, der er registreret som ejer af et køretøj, giver tilladelse til ændring af afgørelsen, fordi der foreligger særlige omstændigheder.

*Stk. 2.* Ændring af en afgørelse om registrering af et køretøj efter stk. 1 skal varsles af told- og skatteforvaltningen, inden 6 måneder efter at told- og skatteforvaltningen eller den, der har anmodet om registrering, har fået kundskab om det forhold, der begrunder fravigelsen af fristen i stk. 1, 1. pkt. En ændring, der er varslet af told- og skatteforvaltningen, skal foretages senest 1 måned efter den dag, hvor varslingen er afsendt. Har det betydning for ejerens muligheder for at varetage sine interesser, at fristen efter 2. pkt. forlænges, skal en anmodning om en rimelig fristforlængelse imødekommes. Told- og skatteforvaltningen kan efter anmodning fra den registrerede ejer af et køretøj dispensere fra fristen, hvis særlige omstændigheder taler derfor.

*Stk. 3.* En afgørelse om registrering af et køretøj kan, hvis den, der har anmodet om registreringen, ikke udtaler sig imod ændringen, ændres af de grunde, der er nævnt i stk. 1, af told- og skatteforvaltningen, selv om Skatterådet, skatteankeforvaltningen eller Landsskatteretten tidligere har truffet afgørelse om forholdet.

## Kapitel 12

*Frister m.v. vedrørende vurdering af fast ejendom*

### Ordinær og ekstraordinær genoptagelse

**§ 33.** En klageberettiget, jf. § 35 a, stk. 2, som kan godtgøre, at en vurdering er foretaget på et fejlagtigt grundlag som følge af fejlagtig eller manglende registrering af ejendommens grundareal, bygningsareal, planforhold eller lignende objektivt konstaterbare faktiske forhold, kan anmode told- og skatteforvaltningen om genoptagelse senest den 1. maj i det fjerde år efter udløbet af det kalenderår, hvor den fejlagtige vurdering første gang er foretaget. Den klageberettigede skal samtidig over for told- og skatteforvaltningen dokumentere, at vurderingen er foretaget på et fejlagtigt grundlag som følge af fejlagtig eller manglende registrering. Beløbsmæssige vurderingsskøn foretaget på et korrekt grundlag kan ikke genoptages.

*Stk. 2.* Told- og skatteforvaltningen kan genoptage en vurdering på samme betingelser som nævnt i stk. 1, jf. dog stk. 3. Told- og skatteforvaltningen kan endvidere inden for fristen i stk. 1, jf. dog stk. 3, foretage en vurdering eller en del af en vurdering, hvis en sådan mangler eller ved en fejl ikke er foretaget.

*Stk. 3.* Told- og skatteforvaltningen kan efter anmodning fra en klageberettiget, jf. § 35 a, stk. 2, eller af egen drift ekstraordinært genoptage en vurdering efter udløbet af den frist, der er nævnt i stk. 1, hvis det konstateres, at vurderingen er foretaget på et fejlagtigt grundlag, jf. stk. 1, eller foretage en vurdering eller en del af en vurdering, hvis denne ved en fejl ikke er foretaget. Det er en betingelse for genoptagelse af en foretaget vurdering, at genoptagelsen vil resultere i en ændring af ejendomsværdien eller grundværdien med mere end 20 pct. Beløbsmæssige vurderingsskøn foretaget på et korrekt grundlag kan ikke genoptages.

*Stk. 4.* Told- og skatteforvaltningen kan efter anmodning fra en klageberettiget, jf. § 35 a, stk. 2, eller af egen drift ekstraordinært genoptage en vurdering eller en del af en vurdering eller foretage en vurdering eller en del af en vurdering uanset den frist, der er nævnt i stk. 1, hvis hidtidig praksis endeligt underkendes ved en dom eller ved en afgørelse fra skatteankeforvaltningen, et vurderingsankenævn eller Landsskatteretten, eller hvis en praksisændring i andre tilfælde offentliggøres af Skatteministeriet.

*Stk. 5.* Anmodning om genoptagelse efter stk. 3 og 4 skal indgives til told- og skatteforvaltningen, senest 6 måneder efter at den klageberettigede, jf. § 35 a, stk. 2, har fået kendskab til det forhold, der begrunder en genoptagelse. Anmodninger efter stk. 4 kan dog altid indgives inden for den frist, der er nævnt i stk. 1. Ved anmodning om genoptagelse efter stk. 3 og 4 skal den klageberettigede samtidig over for told- og skatteforvaltningen dokumentere, at vurderingen er foretaget på et fejlagtigt grundlag.

*Stk. 6.* Genoptagelse efter stk. 1 og 2 tillægges skattemæssig virkning fra tidspunktet for den vurdering, som genoptagelsen vedrører.

*Stk. 7.* Genoptagelse efter stk. 3 tillægges skattemæssig virkning for vurderinger foretaget efter det tidspunkt, hvor genoptagelsen finder sted, medmindre genoptagelsen er til ugunst for ejeren og ejeren vidste eller burde have vidst, at den genoptagne vurdering er foretaget på et fejlagtigt grundlag. I så fald tillægges genoptagelsen skattemæssig virkning fra tidspunktet for den vurdering, der er blevet genoptaget.

*Stk. 8.* Genoptagelse efter stk. 4 tillægges skattemæssig virkning fra tidspunktet for den vurdering, der har været udtaget til prøvelse i den første sag, der resulterede i en underkendelse af praksis, henholdsvis fra det tidspunkt, hvor praksisændringen bliver gældende. I tilfælde, hvor genoptagelse som følge af endelig underkendelse af hidtidig praksis ved dom eller afgørelse fra skatteankeforvaltningen, et vurderingsankenævn eller Landsskatteretten er til ugunst for andre ejendomme end den, som dommen eller kendelsen vedrører, tillægges genoptagelsen for sådanne ejendommes vedkommende skattemæssig virkning for vurderinger foretaget efter det tidspunkt, hvor genoptagelse finder sted.

*Revision*

**§ 33 a.** Told- og skatteforvaltningen kan ikke afsende varsel som nævnt i § 20, stk. 1, jf. stk. 4, om ændring af en vurdering eller en del af en vurdering af en fast ejendom senere end den 1. juli i det andet kalenderår efter vurderingsårets udløb. En ændring skal være gennemført senest den 1. oktober samme år.

*Stk. 2.* Told- og skatteforvaltningen kan efter udløbet af fristen i stk. 1, 1. pkt., varsle ændring af en foretaget vurdering, der medfører en nedsættelse af vurderingen. Ændringen skal være gennemført senest 3 måneder efter varslingen.

*Stk. 3.* Told- og skatteforvaltningen kan efter udløbet af fristen i stk. 1, 1. pkt., varsle ændring af en foretaget vurdering, der medfører en ændring af beskatningen, men ikke samtidig nedsættelse af vurderingen. Ændringen skal være gennemført senest 3 måneder efter varslingen.

*Stk. 4.* Told- og skatteforvaltningen kan efter udløbet af fristen i stk. 1, 1. pkt., varsle ændring af en foretaget vurdering, der medfører forhøjelse af vurderingen. Ændringen skal være gennemført senest 3 måneder efter varslingen.

*Stk. 5.* Bestemmelserne i stk. 2-4 finder tilsvarende anvendelse ved varsling og gennemførelse af ændring af dele af foretagne vurderinger.

*Stk. 6.* Vurderinger, der er revideret efter stk. 1 og 2, tillægges skattemæssig virkning fra tidspunktet, hvor den vurdering, der ændres, blev foretaget.

*Stk. 7.* Ændring af en vurdering efter stk. 3 og 4 tillægges skattemæssig virkning fra tidspunktet, hvor den vurdering, der ændres, blev foretaget, hvis dette accepteres af alle klageberettigede, som ændringen skal vedrøre med skattemæssig virkning fra dette tidspunkt. Ændring af en vurdering efter stk. 3 og 4 tillægges skattemæssig virkning fra det tidspunkt, hvor ændringen foretages, hvis ikke alle de klageberettigede, som skal acceptere en skattemæssig virkning som nævnt i 1. pkt., accepterer.

*Afledt ejendomsvurdering*

**§ 34.** Har et vurderingsankenævn, skatteankeforvaltningen, Landsskatteretten eller en domstol påkendt en vurdering, kan told- og skatteforvaltningen genoptage nyere vurderinger af den pågældende ejendom, i det omfang vurderingsankenævnets, skatteankeforvaltningens, Landsskatterettens eller domstolens afgørelse giver anledning til ændring heraf, jf. stk. 2-5.

*Stk. 2.* Ændring af vurderinger, der foretages efter stk. 1, kan gennemføres til og med den 1. maj i det fjerde år efter udløbet af det kalenderår, hvor den genoptagne nyere vurdering er foretaget første gang, dog senest 6 måneder efter det tidspunkt, hvor vurderingsankenævnet, skatteankeforvaltningen, Landsskatteretten eller en domstol traf den afgørelse, der giver anledning til ændringen.

*Stk. 3.* Nedsættelse af vurderinger, der foretages efter stk. 1, kan efter udløbet af fristen i stk. 2 gennemføres senest 6 måneder efter det tidspunkt, hvor vurderingsankenævnet, skatteankeforvaltningen, Landsskatteretten eller en domstol traf den afgørelse, der giver anledning til ændringen.

*Stk. 4.* Forhøjelse af vurderinger, der foretages efter stk. 1, kan efter udløbet af fristen i stk. 2 varsles senest 6 måneder efter det tidspunkt, hvor vurderingsankenævnet, skatteankeforvaltningen, Landsskatteretten eller en domstol traf den afgørelse, der giver anledning til ændringen. En varslet forhøjelse, jf. 1. pkt., skal være foretaget senest 3 måneder efter varslingen.

*Stk. 5.* Ændring af en vurdering efter stk. 1-3 tillægges skattemæssig virkning fra tidspunktet, hvor den vurdering, der ændres, blev foretaget. Ændring af en vurdering efter stk. 4 tillægges skattemæssig virkning fra tidspunktet, hvor den vurdering, der ændres, blev foretaget, hvis dette accepteres af alle klageberettigede, som ændringen skal vedrøre med skattemæssig virkning fra dette tidspunkt. Ændring af en vurdering efter stk. 4 tillægges skattemæssig virkning fra det tidspunkt, hvor ændringen foretages, hvis ikke alle de klageberettigede, som skal acceptere en skattemæssig virkning som nævnt i 2. pkt., accepterer.

## Kapitel 12 a

### *Forældelse*

**§ 34 a.** Krav afledt af en ansættelse af indkomst- eller ejendomsværdiskat, jf. §§ 26 og 27, og fastsættelse af afgiftstilsvar eller godtgørelse af afgift, jf. §§ 31 og 32, samt fastsættelse af vurdering af fast ejendom, jf. § 33, forældes efter reglerne i forældelsesloven, jf. dog stk. 2-4.

*Stk. 2.* Er varsel om ansættelse af indkomst- eller ejendomsværdiskat, jf. §§ 26 og 27, eller om fastsættelse af afgiftstilsvar eller godtgørelse af afgift, jf. §§ 31 og 32, eller om ændring af en vurdering af fast ejendom, jf. §§ 33, 33 a og 34, afsendt inden forældelsesfristens udløb, eller er ansættelsen henholdsvis fastsættelsen foretaget inden forældelsesfristens udløb, indtræder forældelse af krav afledt af ansættelsen henholdsvis fastsættelsen tidligst 1 år efter, at told- og skatteforvaltningen har givet meddelelse om afgørelsen. Dette gælder, uanset om kravet gøres gældende af told- og skatteforvaltningen eller den skattepligtige.

*Stk. 3.* Fristen efter forældelseslovens § 3, stk. 1, er 5 år for krav afledt af en ansættelse vedrørende kontrollerede transaktioner, jf. § 26, stk. 5, og for krav afledt af en ansættelse vedrørende overdragelse af aktier, aktiver og passiver som led i en aktieombytning, spaltning eller tilførsel af aktiver, jf. § 26, stk. 8.

*Stk. 4.* Forældelsesfristen er 10 år for krav afledt af en ekstraordinær ansættelse af indkomst- eller ejendomsværdiskat, jf. § 27, stk. 1, og ekstraordinær fastsættelse af afgiftstilsvar eller godtgørelse af afgift, jf. § 32, stk. 1, samt for ekstraordinær genoptagelse af ejendomsvurderinger, jf. § 33, stk. 3-5 samt stk. 7 og 8. Tilsvarende gælder krav afledt af ændringer af ejendomsvurderinger, der foretages efter §§ 33 a og 34.

**§ 34 b.** Udløb af forældelsesfristen er ikke til hinder for, at der under en straffesag, i hvilken tiltalte findes skyldig, kan pålægges tiltalte at betale unddragne skatter i anledning af det strafbare forhold, der er indtalt under straffesagen, jf. skattekontrollovens § 19 A. En sådan fordring kan også gøres gældende efter udløb af forældelsesfristen, hvis varsel om ansættelse af indkomst- eller ejendomsværdiskat eller fastsættelse af afgiftstilsvar eller godtgørelse af afgift afsendes inden 1 år efter endelig afgørelse i en straffesag, i hvilken tiltalte er fundet skyldig, eller inden 1 år efter skyldnerens vedtagelse af bøde eller anden strafferetlig sanktion.

## Kapitel 12 b

### *Forenklet tilbagebetaling af skatter og afgifter*

**§ 34 c.** I sager om tilbagebetaling af uretmæssigt opkrævede skatter og afgifter, der vedrører beløb under 25.000 kr., og hvor told- og skatteforvaltningen gør gældende, at tilbagebetalingskravet skal reduceres under henvisning til, at tabet er reduceret som følge af, at der er sket overvæltning, sker tilbagebetaling uden afkortning af kravet.

*Stk. 2.* I sager om tilbagebetaling af uretmæssigt opkrævede skatter og afgifter, der vedrører beløb mellem 25.000 kr. og 500.000 kr., og hvor told- og skatteforvaltningen gør gældende, at tilbagebetalingskravet skal reduceres under henvisning til, at der er sket overvæltning, kan tilbagebetaling efter den skatte- eller afgiftspligtiges anmodning ske på grundlag af en tabsprocent, som told- og skatteforvaltningen kan fastsætte ud fra forholdene i den pågældende branche. For så vidt angår den del af beløbet, der ligger under 25.000 kr., finder stk. 1 anvendelse.

*Stk. 3.* Hvis en afgørelse om, at opkrævning af en afgift er sket med urette, indebærer, at en anden afgift skal betales eller forhøjes, er nettobeløbet afgørende for, om beløbsgrænserne i stk. 1 og 2 er opfyldt.

*Stk. 4.* Ændringer i den skattepligtige indkomst som følge af tilbagebetaling af en uretmæssigt opkrævet afgift indgår ikke ved afgørelsen af, om beløbsgrænserne i stk. 1 og 2 er opfyldt.

*Stk. 5.* Fristerne i §§ 26, 27, 31, 32 og 34 a finder anvendelse på stk. 1 og 2.

*Stk. 6.* En afgørelse, der træffes efter stk. 2, er bindende for både den skatte- eller afgiftspligtige og skattemyndighederne.

Kapitel 13

*Digital kommunikation*

**§ 35.** Skatteministeren kan på sit sagsområde fastsætte regler om, at henvendelser til og fra told- og skatteforvaltningen, skatteankeforvaltningen, skatteankenævnene, vurderingsankenævnene, motorankenævnene, Landsskatteretten og spillemyndigheden skal være i elektronisk form (digital kommunikation), og herunder fravige formkrav i lovgivningen, der er til hinder for digital kommunikation.

*Stk. 2.* Skatteministeren kan fastsætte regler om, at visse nærmere angivne sagsområder og grupper af fysiske og juridiske personer helt eller delvis skal være undtaget fra kravet om digital kommunikation.

*Stk. 3.* Skatteministeren kan fastsætte regler om udstedelse af dokumenter uden underskrift eller med maskinelt gengivet underskrift eller på tilsvarende måde, således at et sådant dokument i retlig henseende sidestilles med et dokument med personlig underskrift.

*Stk. 4.* Skatteministeren kan fastsætte nærmere regler om digital kommunikation med told- og skatteforvaltningen, skatteankeforvaltningen, skatteankenævnene, vurderingsankenævnene, motorankenævnene, Landsskatteretten eller spillemyndigheden, herunder om anvendelse af digital signatur. Meddelelser fra told- og skatteforvaltningen, skatteankeforvaltningen, skatteankenævnene, vurderingsankenævnene, motorankenævnene, Landsskatteretten eller spillemyndigheden, der indeholder fortrolige oplysninger, skal krypteres eller sikres på anden forsvarlig måde.

*Stk. 5.* En digital meddelelse anses for at være kommet frem, når den kan gøres tilgængelig for told- og skatteforvaltningen, skatteankeforvaltningen, skatteankenævnene, vurderingsankenævnene, motorankenævnene, Landsskatteretten eller spillemyndigheden henholdsvis den skattepligtige eller indberetningspligtige.

## Afsnit III

### Klage og domstolsprøvelse samt omkostningsgodtgørelse

Kapitel 13 a

*Fælles regler om klage*

**§ 35 a.** Klage over afgørelser truffet af told- og skatteforvaltningen eller Skatterådet og over afgørelser, som er truffet af andre myndigheder, og som efter anden lovgivning er henlagt til afgørelse i Landsskatteretten eller skatteankeforvaltningen efter regler udstedt i medfør af § 35 b, stk. 3, skal indgives til skatteankeforvaltningen, medmindre skatteministeren har bestemt andet efter § 14, stk. 2.

*Stk. 2.* En klage kan indgives af enhver, der har en væsentlig, direkte og individuel retlig interesse i den afgørelse, der klages over. Klage omfattet af § 6, stk. 1, kan indgives af ejeren af den faste ejendom og af andre, der over for stat eller kommune hæfter for skatter, der opkræves på grundlag af den pågældende ejendomsvurdering.

*Stk. 3.* Klagen skal være skriftlig og begrundet, og den afgørelse, der påklages, skal følge med klagen. Er der udarbejdet en sagsfremstilling til brug for afgørelsen, skal også sagsfremstillingen følge med klagen. Klagen skal være modtaget i skatteankeforvaltningen senest 3 måneder efter modtagelsen af den afgørelse, der klages over. Har klageren ikke modtaget afgørelsen, skal klagen være modtaget, senest 4 måneder efter at den afgørelse, der klages over, er afsendt fra den myndighed, der har truffet afgørelsen.

*Stk. 4.* Før en klage afgøres, kan skatteankeforvaltningen eller den myndighed, der skal træffe afgørelse i klagesagen efter § 4 a, stk. 1, jf. §§ 6 og 6 b, § 4 a, stk. 2, § 11, stk. 2, jf. § 6 a, stk. 1, og § 4 a, stk. 3, eller § 35 b, indhente en udtalelse om klagen fra den myndighed, der har truffet afgørelsen. Skatteankeforvaltningen eller den myndighed, der skal træffe afgørelse i sagen, fastsætter en frist for afgivelse af udtalelsen.

*Stk. 5.* Hvis den myndighed, der har truffet afgørelsen, på grundlag af klagen finder anledning dertil, kan myndigheden uanset de almindelige frister for genoptagelse af myndighedens afgørelse efter denne

lov genoptage og ændre afgørelsen, hvis klageren er enig heri. Genoptages sagen efter 1. pkt., tillægges genoptagelsen skattemæssig virkning fra tidspunktet, hvor den afgørelse, som genoptagelsen vedrører, blev foretaget. Ved genoptagelse efter 1. pkt. anses klagen for tilbagekaldt.

*Stk. 6.* Klagen afvises af skatteankeforvaltningen, hvis den indgives efter udløbet af fristen i stk. 3, eller hvis klagen ikke er indgivet som anvist i regler, der er fastsat af skatteministeren efter § 35. Skatteankeforvaltningen kan se bort fra en fristoverskridelse, eller at klagen ikke er indgivet som anvist i regler, der er fastsat af skatteministeren efter § 35, hvis særlige omstændigheder taler derfor.

*Stk. 7.* Hvis en klage er udformet eller begrundet på en sådan måde, at den ikke kan tjene som grundlag for visiteringen af sagen eller sagens videre behandling, kan skatteankeforvaltningen give klageren en frist til at udbedre manglen. Det samme gælder, hvis den påklagede afgørelse og en udarbejdet sagsfremstilling ikke følger med klagen. Hvis klageren ikke udbedrer manglen inden fristens udløb, afviser skatteankeforvaltningen klagen.

**§ 35 b.** En klage over en afgørelse omfattet af § 5, stk. 1, eller § 7, stk. 1, afgøres af henholdsvis et skatteankenævn, eller et motorankenævn, jf. dog stk. 5. Hvis en af betingelserne i § 21, stk. 4, nr. 1-5, er opfyldt, skal klagen dog afgøres af Landsskatteretten. Endvidere kan en klage afgøres af Landsskatteretten, hvis klagen udspringer af samme forhold som en sag, der verserer ved Landsskatteretten.

*Stk. 2.* Øvrige klager afgøres af Landsskatteretten.

*Stk. 3.* Uanset stk. 2 kan den ledende retsformand efter inddragelse af skatteankeforvaltningen fastsætte regler om, at klager over visse nærmere angivne typer af afgørelser bortset fra afgørelser truffet af Skatterådet skal afgøres af skatteankeforvaltningen. Stk. 1, 2. og 3. pkt., finder tilsvarende anvendelse.

*Stk. 4.* Skatteankeforvaltningen foretager visitering af klager, jf. stk. 1-3. En visitering kan ændres af skatteankeforvaltningen, hvis der endnu ikke er truffet afgørelse vedrørende klagen og det konstateres, at sagen efter reglerne i stk. 1 eller 3 skal eller kan afgøres af en anden myndighed end den, sagen er visiteret til, jf. dog stk. 5.

*Stk. 5.* Klageren kan vælge, at en sag, som er visiteret til et skatteankenævn, skal behandles af Landsskatteretten. Klagerens valg skal være meddelt skatteankeforvaltningen, senest 4 uger efter at klageren har modtaget meddelelse om, at klagen er visiteret til et skatteankenævn eller et vurderingsankenævn efter stk. 4, 1. eller 2. pkt. Skatteankeforvaltningen kan se bort fra en overskridelse af fristen, hvis særlige omstændigheder taler derfor.

**§ 35 c.** Ved klage omfattet af § 35 a, stk. 1, betales et gebyr på et grundbeløb på 300 kr. (2010-niveau), jf. dog stk. 2. Grundbeløbet reguleres efter personskattelovens § 20.

*Stk. 2.* Ved klage omfattet af § 6, stk. 1, nr. 3, betales et gebyr på 900 kr. (2010-niveau). Grundbeløbet reguleres efter personskattelovens § 20.

*Stk. 3.* Der skal dog ikke betales for klage over følgende afgørelser:

1) Afgørelser vedrørende aktindsigt efter lov om offentlighed i forvaltningen eller forvaltningsloven.
2) Afgørelser efter lov om inddrivelse af gæld til det offentlige.

*Stk. 4.* Betales beløbet ikke rettidigt, betragtes klagen som bortfaldet. Dette gælder også i situationer, hvor klagegebyret efter regler fastsat i medfør af stk. 7 skal betales i forbindelse med indgivelsen af klagen.

*Stk. 5.* Det indbetalte beløb tilbagebetales i følgende tilfælde:

1) Hvis klagen afvises.
2) Hvis klageren får helt eller delvis medhold i klagen eller ved en efterfølgende domstolsprøvelse af klagemyndighedens afgørelse.
3) Hvis en genoptagelsesanmodning imødekommes af told- og skatteforvaltningen, som følge af at hidtidig praksis er endelig underkendt ved en dom, en afgørelse fra skatteankeforvaltningen, et skatteankenævn, et vurderingsankenævn, et motorankenævn eller Landsskatteretten eller ved en praksisændring, der er offentliggjort af Skatteministeriet.

*Stk. 6.* Beløbet tilbagebetales ikke, uanset at klagen indbringes for domstolene efter § 48, stk. 2, eller at klagen tilbagekaldes, medmindre tilbagekaldelsen sker, i forbindelse med at den myndighed, der har truffet den påklagede afgørelse, genoptager sagen.

*Stk. 7.* Skatteministeren kan fastsætte nærmere regler om betalingen og tilbagebetalingen af gebyret, herunder om fristen for betaling.

**§ 35 d.** Skatteankeforvaltningen udarbejder en sagsfremstilling ved klager, hvor told- og skatteforvaltningen efter § 19, stk. 5, ikke har udarbejdet en sagsfremstilling, bortset fra sager omfattet af regler udstedt i medfør af § 35 b, stk. 3, og sager, der behandles af et vurderingsankenævn, jf. § 6, eller af skatteankeforvaltningen, jf. § 4 a, stk. 1, jf. §§ 6 og 6 b, eller § 4 a, stk. 2.

*Stk. 2.* Bestemmelserne i § 19, stk. 1 og 2 og stk. 3, 1. pkt., finder tilsvarende anvendelse.

*Stk. 3.* Ved høringen efter stk. 2 skal der oplyses om, at sagens parter i øvrigt har ret til at udtale sig skriftligt eller mundtligt over for skatteankeforvaltningen og over for skatteankenævnet eller motorankenævnet, hvis sagen skal behandles af et ankenævn, og om muligheden for at anmode om at få lejlighed til at udtale sig mundtligt under et retsmøde i Landsskatteretten, hvis klagen skal behandles af Landsskatteretten.

*Stk. 4.* I sager omfattet af regler udstedt i medfør af § 35 b, stk. 3, kan skatteankeforvaltningen udarbejde en sagsfremstilling, og skatteankeforvaltningen skal udarbejde sagsfremstilling, hvis Landsskatteretten anmoder om dette og sagen skal afgøres af Landsskatteretten efter § 35 b, stk. 3, 2. pkt. Skatteankeforvaltningen kan tilsvarende udarbejde en sagsfremstilling i sager, der efter § 4 a, stk. 1, jf. §§ 6 og 6 b, § 4 a, stk. 2, eller § 6 skal behandles af skatteankeforvaltningen eller et vurderingsankenævn. Stk. 3 og § 19, stk. 2 og stk. 3, 1. pkt., finder tilsvarende anvendelse.

**§ 35 e.** Klageren har adgang til at udtale sig ved et møde med skatteankeforvaltningen. Dette gælder dog ikke i sager, der skal behandles af skatteankeforvaltningen eller et vurderingsankenævn i medfør af § 4 a, stk. 1, jf. §§ 6 og 6 b, § 4 a, stk. 2, eller § 6.

*Stk. 2.* Skatteankeforvaltningen kan anmode den myndighed, der har truffet den påklagede afgørelse, om at være repræsenteret ved mødet.

**§ 35 f.** Afgørelser truffet af skatteankeforvaltningen, et skatteankenævn, et vurderingsankenævn, et motorankenævn eller Landsskatteretten kan ikke indbringes for anden administrativ myndighed.

**§ 35 g.** Den myndighed, der har truffet afgørelse i en klagesag, kan efter anmodning fra en part genoptage en sag, der er påkendt eller afvist af myndigheden, når der forelægges myndigheden oplysninger, som ikke tidligere har været fremme under sagen, og det skønnes, at de nye oplysninger kunne have medført et væsentligt ændret udfald af afgørelsen, hvis de havde foreligget tidligere.

*Stk. 2.* De nye oplysninger skal forelægges myndigheden inden for en af følgende frister:

1) Fristerne efter § 26, stk. 2, § 27, § 31, stk. 2, § 32, § 32 a, stk. 1, eller § 33 for fremsættelse af en anmodning om genoptagelse.
2) Fristen efter § 48, stk. 3, for indbringelse af sagen for en domstol i 1. instans, eller inden dennes behandling af sagen er afsluttet.

*Stk. 3.* Den myndighed, der har truffet afgørelse i en klagesag, kan imødekomme en anmodning om genoptagelse, selv om betingelserne i stk. 1 ikke er opfyldt, hvis myndigheden skønner, at ganske særlige omstændigheder taler derfor.

*Stk. 4.* Reglerne om betaling og tilbagebetaling i § 35 c finder tilsvarende anvendelse i disse sager.

### Kapitel 13 b

#### *Klager, som behandles af skatteankeforvaltningen*

**§ 35 h.** Skatteankeforvaltningen kan uanset klagens formulering foretage afledte ændringer. I sager om vurdering af fast ejendom kan skatteankeforvaltningen uanset klagens formulering tillige foretage ændrin-

ger i andre ansættelser og dele af ejendomsvurderingen, hvis ændringerne er en følge af faktiske eller retlige forhold, der indgår i prøvelsen af det påklagede.

*Stk. 2.* Skatteankeforvaltningen kan ved klage over en afgørelse efter ejendomsvurderingsloven kun ændre ejendomsværdien eller grundværdien, hvis det resulterer i en ændring af ejendomsværdien eller grundværdien, der er større end 20 pct.

*Stk. 3.* I sager om vurdering af fast ejendom kan skatteankeforvaltningen besigtige den pågældende ejendom. Skatteankeforvaltningen kan tillige tilkalde sagkyndige til at yde bistand i sager om vurdering af fast ejendom.

*Stk. 4.* I sager omfattet af § 7, stk. 1, kan skatteankeforvaltningen indkalde et køretøj til besigtigelse, hvis det findes nødvendigt.

## Kapitel 14

### *Klage, hvor skatteankenævnet træffer afgørelse*

**§ 36.** Skatteankenævnet kan uanset klagens formulering foretage afledte ændringer.

*Stk. 2.* Skatteankenævnets afgørelse skal indeholde oplysninger om forskellige opfattelser under afstemningen både vedrørende resultatet og vedrørende begrundelsen. Afgørelsen skal angive stemmetallet for hver opfattelse. Afgørelsen skal angive navn på de personer, der har truffet afgørelsen.

**§ 37.** (Ophævet)

## Kapitel 15

### *Klage, hvor vurderingsankenævnet træffer afgørelse*

**§ 38.** Er der klaget over en afgørelse som nævnt i § 6, stk. 1, nr. 1 eller 3, og skal vurderingsankenævnet træffe afgørelse i sagen, kan told- og skatteforvaltningen indbringe andre afgørelser efter lov om vurdering af landets faste ejendomme eller ejendomsvurderingsloven vedrørende ejendommen, der er en følge af klagen, for vurderingsankenævnet, der påkender disse afgørelser i forbindelse med klagen.

*Stk. 2.* Vurderingsankenævnet kan uanset klagens udformning foretage ændringer i andre ansættelser og dele af ejendomsvurderingen, hvis ændringerne er en følge af faktiske eller retlige forhold, der indgår i prøvelsen af det påklagede.

*Stk. 3.* Vurderingsankenævnet kan ved klage over en afgørelse efter ejendomsvurderingsloven kun ændre ejendomsværdien eller grundværdien, hvis det resulterer i en ændring af ejendomsværdien eller grundværdien, der er større end 20 pct.

*Stk. 4.* Klageren kan anmode om at få lejlighed til at udtale sig mundtligt for vurderingsankenævnet ved et vurderingsankenævnsmøde. Klageren kan på et hvilket som helst tidspunkt frafalde en anmodning om et vurderingsankenævnsmøde.

*Stk. 5.* Told- og skatteforvaltningen kan i den enkelte sag anmode om at få lejlighed til at udtale sig mundtligt for vurderingsankenævnet under et vurderingsankenævnsmøde. Klageren tilsiges til dette vurderingsankenævnsmøde.

*Stk. 6.* Vurderingsankenævnet kan undlade at imødekomme en anmodning om afholdelse af et vurderingsankenævnsmøde, jf. stk. 4 og 5, hvor denne fremgangsmåde efter forholdene må anses for overflødig.

*Stk. 7.* I sager om vurdering af fast ejendom kan vurderingsankenævnet bestemme, at der skal foretages besigtigelse af den pågældende ejendom. Nævnet kan bemyndige skatteankeforvaltningen til som sekretariat for nævnet at foretage besigtigelsen på nævnets vegne. Vurderingsankenævnet kan tillige tilkalde sagkyndige til at yde bistand i sager om vurdering af fast ejendom.

*Stk. 8.* Det skal fremgå af vurderingsankenævnets afgørelse, hvorvidt afgørelsen er truffet med deltagelse af vurderingsankenævnsmedlemmer, jf. § 8, stk. 4. Har vurderingsankenævnsmedlemmer deltaget, skal afgørelsen indeholde oplysninger om forskellige meninger under afstemningen, både vedrørende resulta-

tet og begrundelsen. Afgørelsen skal angive stemmetallet for hver opfattelse, og det skal fremgå, om formanden eller en ansat, der har deltaget i afgørelsen i formandens sted, jf. § 10 a, stk. 2, har afgivet dissens. Afgørelsen skal angive navn på den eller de personer, der har truffet afgørelsen.

**§ 39.** (Ophævet)

Kapitel 15 a

*Klage, hvor motorankenævnet træffer afgørelse*

**§ 39 a.** Motorankenævnet kan uanset klagens formulering foretage afledte ændringer.

*Stk. 2.* Motorankenævnet kan indkalde et køretøj til besigtigelse, hvis det findes nødvendigt.

*Stk. 3.* Motorankenævnets afgørelse skal indeholde oplysninger om forskellige opfattelser under afstemningen både vedrørende resultatet og vedrørende begrundelsen. Afgørelsen skal angive stemmetallet for hver opfattelse. Afgørelsen skal angive navn på de personer, der har truffet afgørelsen.

**§ 39 b.** (Ophævet)

Kapitel 16

*Klage, hvor Landsskatteretten træffer afgørelse*

**§ 40.** Skatteministeriet kan indbringe en afgørelse truffet af Skatterådet, der indeholder en stillingtagen til et EU-retligt spørgsmål, for Landsskatteretten til prøvelse. Anmodningen om behandling i Landsskatteretten skal være modtaget i skatteankeforvaltningen senest 1 måned fra dateringen af den afgørelse, der ønskes behandlet. Bestemmelserne i § 35 a, stk. 3, § 35 e, § 35 g og §§ 44, 45 og 47 finder tilsvarende anvendelse. Den eller de, der har været part i sagen for Skatterådet, stilles som en klager ved Landsskatterettens behandling af en klage.

*Stk. 2.* Er der klaget over en afgørelse som nævnt i § 6, stk. 1, nr. 1 eller 3, og skal Landsskatteretten træffe afgørelse i sagen efter § 35 b, stk. 1, 2. eller 3. pkt., eller stk. 5, eller efter § 4 a, stk. 3, eller § 6 a, stk. 1, jf. § 11, stk. 2, kan told- og skatteforvaltningen indbringe andre afgørelser efter lov om vurdering af landets faste ejendomme eller ejendomsvurderingsloven vedrørende ejendommen, der er en følge af klagen, for Landsskatteretten, der påkender disse afgørelser i forbindelse med klagen.

**§§ 41-43.** (Ophævet)

**§ 44.** Klageren kan anmode om at få lejlighed til at udtale sig mundtligt for retten under et retsmøde. Klageren kan på et hvilket som helst tidspunkt frafalde en anmodning om retsmøde.

*Stk. 2.* Told- og skatteforvaltningen kan i den enkelte sag anmode om at få lejlighed til at udtale sig mundtligt for retten under et retsmøde. Klageren tilsiges til dette retsmøde.

*Stk. 3.* Landsskatteretten kan undlade at imødekomme en anmodning om afholdelse af retsmøde, hvor denne fremgangsmåde efter forholdene må anses for overflødig.

*Stk. 4.* I sager om vurdering af fast ejendom kan Landsskatteretten bestemme, at der skal foretages besigtigelse af den pågældende ejendom. Hvis en besigtigelse besluttes, anses besigtigelsen for at udgøre et retsmøde i sagen med de modifikationer, der følger af omstændighederne ved en besigtigelse. Landsskatteretten kan bemyndige skatteankeforvaltningen til som sekretariat for Landsskatteretten at foretage besigtigelsen på Landsskatterettens vegne. 2. pkt. finder ikke anvendelse i disse tilfælde. Landsskatteretten kan tillige tilkalde sagkyndige til at yde bistand i sager om vurdering af fast ejendom.

*Stk. 5.* I sager omfattet af § 7, stk. 1, kan Landsskatteretten indkalde et køretøj til besigtigelse, hvis det findes nødvendigt.

**§ 45.** Landsskatteretten kan uanset klagens formulering foretage afledte ændringer. I sager om vurdering af fast ejendom kan Landsskatteretten uanset klagens formulering tillige foretage ændringer i andre ansættelser og dele af ejendomsvurderingen, hvis ændringerne er en følge af faktiske eller retlige forhold, der indgår i prøvelsen af det påklagede.

*Stk. 2.* Landsskatteretten kan ved klage over en afgørelse efter ejendomsvurderingsloven kun ændre ejendomsværdien eller grundværdien, hvis det resulterer i en ændring af ejendomsværdien eller grundværdien, der er større end 20 pct.

*Stk. 3.* Det skal fremgå af Landsskatterettens afgørelse, hvorvidt afgørelsen er truffet med deltagelse af læge retsmedlemmer, jf. § 13. Har læge retsmedlemmer deltaget, skal afgørelsen indeholde oplysninger om forskellige meninger under afstemningen både vedrørende resultatet og begrundelsen. Afgørelsen skal angive stemmetallet for hver opfattelse, og det skal fremgå, om retsformanden har afgivet dissens. Afgørelsen skal angive navn på den eller de personer, der har truffet afgørelsen.

**§ 46.** (Ophævet)

## Kapitel 17

### Domstolsprøvelse m.v.

**§ 47.** Retsplejelovens § 343 om adgang til at kræve syn og skøn udmeldt ved de almindelige domstoles foranstaltning finder tilsvarende anvendelse, når sagen er påklaget og skal afgøres af skatteankeforvaltningen, et skatteankenævn eller Landsskatteretten, eller når Skatterådet efter § 4, stk. 3, har tilladt, at der afholdes syn og skøn i en sag, der forelægges for rådet til afgørelse. Der kan dog ikke afholdes syn og skøn i følgende sager:

1) Sager om efterprøvelse af passivposter efter boafgiftslovens § 13 a.
2) Sager om vurdering af fast ejendom.
3) Sager om registrering af køretøjer.

*Stk. 2.* Skatteankeforvaltningen, skatteankenævnet, Landsskatteretten eller Skatterådet kan fastsætte en frist, inden for hvilken sagens part eller parter og den myndighed, hvis afgørelse sagen vedrører, skal tage stilling til, om der begæres syn og skøn i sagen.

*Stk. 3.* Hvis en part begærer syn og skøn, udsætter skatteankeforvaltningen, skatteankenævnet, Landsskatteretten eller Skatterådet behandlingen af sagen, indtil klageren efter modtagelsen af skønserklæringen meddeler vedkommende myndighed, hvorvidt sagen opretholdes. I samme periode er 6-måneders-fristen efter § 48, stk. 2, suspenderet.

*Stk. 4.* Begæres syn og skøn udmeldt, indtræder told- og skatteforvaltningen som part i sagen.

**§ 48.** Medmindre andet er bestemt efter anden lovgivning, kan en afgørelse truffet af en skattemyndighed først indbringes for domstolene, når afgørelsen er blevet prøvet eller afvist af klageinstansen på området. Retten kan dog tillade, at et nyt spørgsmål inddrages under retssagen, hvis det har en klar sammenhæng med det spørgsmål, som har givet grundlag for retssagen, og det må anses for undskyldeligt, at spørgsmålet ikke har været inddraget tidligere, eller der er grund til at antage, at en nægtelse af tilladelse vil medføre et uforholdsmæssigt retstab for parten.

*Stk. 2.* Er der forløbet mere end 6 måneder efter den påklagede afgørelses indbringelse for den administrative klageinstans, kan afgørelsen dog indbringes for domstolene, selv om klageinstansen endnu ikke har truffet en afgørelse. Det gælder dog ikke, hvis klageren fra skatteankeforvaltningen har modtaget en sagsfremstilling med oplysninger om den afgørelse, som sagens oplysninger efter skatteankeforvaltningens vurdering fører til, jf. § 35 d, stk. 1, 2 eller 4, eller hvis klageren i øvrigt i forbindelse med en høring har modtaget oplysninger om den afgørelse, som sagens oplysninger efter skatteankeforvaltningens vurdering fører til.

*Stk. 3.* En endelig administrativ afgørelse kan ikke indbringes for domstolene senere end 3 måneder efter, at afgørelsen er truffet, jf. dog stk. 4. Har klageinstansen afvist at behandle sagen, kan afvisningen ikke indbringes for domstolene senere end 3 måneder efter, at afvisningen er sket.

*Stk. 4.* En endelig administrativ afgørelse, hvorover der inden udløbet af fristen i stk. 3, 1. pkt., er indgivet klage til Folketingets Ombudsmand, kan ikke indbringes for domstolene, senere end 1 måned efter at

Folketingets Ombudsmand har afsluttet sin behandling af sagen. Fristen kan dog aldrig være kortere end fristen efter stk. 3, 1. pkt.

**§ 49.** Spørgsmål, som er afgjort af skatteankeforvaltningen, et skatteankenævn, et vurderingsankenævn, et motorankenævn eller Landsskatteretten, kan Skatteministeriet indbringe for domstolene, senest 3 måneder efter at klageinstansen har truffet afgørelse.

**§ 50.** En sag, der indbringes for domstolene efter §§ 48 eller 49, anlægges ved den retskreds, hvor Skatteministeriets modpart har hjemting ved sagens anlæg, hvis modparten har hjemting i Danmark.

Kapitel 18

*Henstand i forbindelse med klage*

**§ 51.** Told- og skatteforvaltningen kan efter ansøgning give henstand med betaling af den del af en skat, som en klage over opgørelsen vedrører. Det gælder dog ikke afgørelser efter toldlovgivningen, jf. artikel 244 i Rådets forordning (EØF) nr. 2913/92 af 12. oktober 1992 om indførelse af en EF-toldkodeks.

*Stk. 2.* Det er en betingelse for henstand, at det beløb, der søges henstand for, opkræves særskilt. Der gives ikke henstand med beløb, der efter kildeskattelovens § 61, stk. 3, overføres som tilsvar for et efterfølgende år (indregnet restskat). Der gives heller ikke henstand med betaling af registreringsafgift, i det omfang der efter lov om registreringsafgift af motorkøretøjer m.v. skal stilles depositum for registreringsafgiftens betaling.

*Stk. 3.* Henstand kan ikke gives for et tidsrum over 4 år. Henstand kan forlænges efter fornyet ansøgning. Henstand gives i øvrigt for det tidsrum, hvor klagesagen er under behandling i det administrative klagesystem. Indbringes en administrativ afgørelse for domstolene, eller ankes en dom, skal der indgives ny ansøgning om henstand.

*Stk. 4.* Henstand kan gøres betinget af sikkerhedsstillelse for henstandsbeløbet, hvis det skønnes, at meddelelse af henstand vil indebære, at muligheden for senere at inddrive kravet forringes.

*Stk. 5.* Der kan i henstandsbevillingen tages forbehold for modregning i henstandsbeløbet for krav, som klageren måtte få mod det offentlige.

*Stk. 6.* Henstand betinges af, at henstandsbeløbet forrentes med rentesatsen i den pågældende lov fra de i samme lov definerede forfaldstidspunkter. Henstand omfatter også rente samt eventuelt allerede påløbne renter.

Kapitel 19

*Omkostningsgodtgørelse*

**§ 52.** Der ydes en godtgørelse på 50 pct. af de udgifter, som en person omfattet af § 53 ifølge regning skal betale eller har betalt til sagkyndig bistand m.v. som nævnt i § 54 i de sager, der er nævnt i § 55. Dog ydes en godtgørelse på 100 pct., hvis den pågældende person i sagen har fået fuldt medhold eller medhold i overvejende grad.

*Stk. 2.* Godtgørelsen er på 100 pct. af de godtgørelsesberettigede udgifter, hvis udgifterne ifølge regning skal betales eller er betalt, i anledning af at told- og skatteforvaltningen forelægger en afgørelse truffet af et skatteankenævn for Skatterådet til ændring, jf. § 2, stk. 3, eller Skatteministeriet indbringer en skatterådsafgørelse for Landsskatteretten, jf. § 40, stk. 1, eller Skatteministeriet indbringer et spørgsmål afgjort af skatteankeforvaltningen, et skatteankenævn, et vurderingsankenævn, et motorankenævn eller Landsskatteretten for domstolene eller Skatteministeriet anker en dom til højere instans. Godtgørelse efter 1. pkt. ydes kun til dækning af de godtgørelsesberettigede udgifter, som afholdes til sagens behandling ved den pågældende administrative klageinstans eller domstolsinstans. Dog ydes godtgørelse også for godtgørelsesberettigede udgifter, som afholdes ved anmodning om henstand efter § 51, og godtgørelsesberettigede udgifter, som afholdes, efter at der er truffet afgørelse i klage- eller retssagen, når udgifterne direkte knytter sig til udfaldet af den trufne afgørelse og er nødvendige for at gennemføre den. Hjemvises en sag

som følge af nye oplysninger, som den skatte- eller afgiftspligtige fremlægger i sagen, ydes der dog ikke omkostningsgodtgørelse til behandlingen ved hjemvisningsinstansen, medmindre klageinstansen eller domstolen har taget stilling til det spørgsmål i klagen eller retssagen, som de nye oplysninger angår, og der efter de almindelige regler ydes omkostningsgodtgørelse ved denne hjemvisningsinstans.

*Stk. 3.* Udgifter, der er eller vil blive afholdt til syn og skøn efter § 47 i forbindelse med en sag for et skatteankenævn, Landsskatteretten, Skatterådet eller skatteankeforvaltningen, kan godtgøres fuldt ud.

*Stk. 4.* Afgørelse af, om udgifter som nævnt i stk. 3, der vil blive afholdt, skal godtgøres fuldt ud, træffes af:

1) Told- og skatteforvaltningen i en sag for Skatterådet.
2) Skatteankeforvaltningen i en sag for skatteankeforvaltningen, et skatteankenævn eller Landsskatteretten.

*Stk. 5.* Afgørelse af, om udgifter som nævnt i stk. 3, der er afholdt, skal godtgøres fuldt ud, træffes af skatteankeforvaltningen, et skatteankenævn, Landsskatteretten eller Skatterådet i en sag for myndigheden, jf. dog stk. 6.

*Stk. 6.* Afgørelse efter stk. 5 kan træffes af:

1) Told- og skatteforvaltningen som sekretariat for Skatterådet.
2) Skatteankeforvaltningen som sekretariat for Landsskatteretten eller et skatteankenævn.

*Stk. 7.* Der ydes ikke omkostningsgodtgørelse efter dette kapitel for klager over afgørelser om omkostningsgodtgørelse eller for klager over afgørelser efter lov om inddrivelse af gæld til det offentlige.

*Stk. 8.* Den godtgørelsesberettigedes krav på godtgørelse efter stk. 1-3 kan ikke sælges, pantsættes eller på anden måde overdrages. Kravet kan dog overdrages, herunder pantsættes, til den sagkyndige. Kravet kan i øvrigt ikke gøres til genstand for retsforfølgning eller modregning over for den godtgørelsesberettigede.

**§ 52 a.** Godtgørelse for godtgørelsesberettigede udgifter i en sag omfattet af § 52, stk. 2 eller 3, eller § 55, som ikke er afsluttet, ydes den godtgørelsesberettigede eller den sagkyndige, jf. § 52, stk. 8, aconto med forbehold for eventuel tilbagebetaling. § 57, stk. 3-5, finder tilsvarende anvendelse.

**§ 53.** Godtgørelsesberettigede er fysiske og juridiske personer, som

1) er berettiget til at klage over en afgørelse i en sag, som er nævnt i § 55,
2) kan indbringe en afgørelse i en sag, som er nævnt i § 55, for domstolene,
3) i øvrigt må anerkendes som part i en sag, som er nævnt i § 55, eller
4) inddrages i en sag omfattet af § 55 af en myndighed, fordi myndigheden skønner, at den pågældende har en direkte retlig interesse i sagens udfald.

**§ 54.** Godtgørelsesberettigede er følgende udgifter, når de ifølge regning skal betales eller er betalt:

1) Udgifter til sagkyndig bistand, medmindre den sagkyndige er ansat hos den godtgørelsesberettigede.
2) Retsafgifter bortset fra beløbet som nævnt i § 35 c.
3) Udgifter til syn og skøn.
4) Udgifter til sagkyndige erklæringer og andet bevismateriale, i det omfang der ikke er tale om dokumentation for kontrollerede transaktioner eller revisorerklæringer efter skattekontrollovens § 3 B.
5) Pålagte sagsomkostninger.
6) Udgifter til en sagkyndigs udtalelse om, hvorvidt en afgørelse i en klage- eller retssag bør prøves ved domstolene.

*Stk. 2.* De godtgørelsesberettigede udgifter reduceres med:

1) Tilkendte sagsomkostninger.
2) Offentlig retshjælp.
3) Afgiftstilsvar, der kan fradrages som indgående moms efter lov om merværdiafgift (momsloven).

**§ 55.** Godtgørelse ydes i følgende tilfælde:

1) Ved klage, hvor et skatteankenævn eller Landsskatteretten træffer afgørelse.
2) Ved klage, hvor skatteankeforvaltningen træffer afgørelse efter regler udstedt i medfør af § 35 b, stk. 3.
3) Ved Landsskatterettens behandling af en sag, som Skatteministeriet har indbragt efter § 40, stk. 1.
4) Ved en anmodning til skatteankeforvaltningen, skatteankenævnet eller Landsskatteretten om genoptagelse af vedkommende myndigheds egen tidligere afgørelse.
5) I en sag vedrørende skatter for EU-Domstolen, hvor den godtgørelsesberettigede er part.
6) I en sag omfattet af EF-voldgiftskonventionen, når sagen er opstået som følge af, at de danske skattemyndigheder har forhøjet et dansk foretagendes skattepligtige indkomst.

*Stk. 2.* Bestemmelsen i stk. 1, nr. 2, gælder dog ikke sager vedrørende told, afgifter eller arbejdsgiverkontrol, bortset fra hæftelsessager, og sager om registrering af køretøjer.

*Stk. 3.* Bestemmelsen i stk. 1, nr. 4, gælder dog ikke ved anmodning om genoptagelse af en afgørelse, hvor skatteankeforvaltningen har truffet afgørelse efter § 4 a, stk. 1, jf. §§ 6 og 6 b, eller efter § 4 a, stk. 2.

*Stk. 4.* Godtgørelse ydes endvidere ved domstolsprøvelse af sager, som er godtgørelsesberettigede efter stk. 1, nr. 1-4. Det gælder dog ikke, hvis sagen angår vurdering i medfør af lov om vurdering af landets faste ejendomme eller ejendomsvurderingsloven og sagen indbringes for domstolene efter § 48, stk. 2. Godtgørelse ydes desuden ved domstolsprøvelse af afgørelser i sager,

1) som er blevet behandlet i et vurderingsankenævn, skatteankeforvaltningen, jf. § 4 a, stk. 1, jf. §§ 6 og 6 b, eller § 4 a, stk. 2, eller i et motorankenævn, eller
2) som er nævnt i stk. 2 og 3.

*Stk. 5.* Endelig ydes godtgørelse for godtgørelsesberettigede udgifter, som afholdes ved anmodning om henstand efter § 51, og godtgørelsesberettigede udgifter, som afholdes, efter at der er truffet afgørelse i en klage- eller retssag, hvortil udgifterne er godtgørelsesberettigede, når udgifterne direkte knytter sig til udfaldet af den trufne afgørelse og er nødvendige for at gennemføre den. Hjemvises en sag som følge af nye oplysninger, som den skatte- eller afgiftspligtige fremlægger i sagen, ydes der dog ikke omkostningsgodtgørelse til behandlingen ved hjemvisningsinstansen, medmindre klageinstansen eller domstolen har taget stilling til det spørgsmål i klagen eller retssagen, som de nye oplysninger angår, og der efter de almindelige regler ydes omkostningsgodtgørelse ved denne hjemvisningsinstans.

**§ 56.** I sager, der afgøres administrativt, afgiver den instans, der træffer afgørelse i den godtgørelsesberettigede sag, samtidig med afgørelsen i sagen en begrundet udtalelse om, i hvilket omfang den godtgørelsesberettigede har fået medhold i det eller de godtgørelsesberettigede spørgsmål, som er forelagt den. Denne udtalelse indgår i vurderingen af størrelsen af den godtgørelse, den godtgørelsesberettigede er berettiget til. Udtalelsen er dog ikke bindende for afgørelsen af spørgsmålet om godtgørelsens størrelse.

*Stk. 2.* Afgøres sagen af Skatterådet, skatteankeforvaltningen, et skatteankenævn eller Landsskatteretten, kan udtalelsen efter stk. 1 afgives af told- og skatteforvaltningen som sekretariat for Skatterådet eller af skatteankeforvaltningen, herunder som sekretariat for skatteankenævnet eller Landsskatteretten.

*Stk. 3.* I sager om kontrollerede transaktioner, jf. skattekontrollovens § 3 B, afgiver den administrative klageinstans en udtalelse om, i hvilket omfang udgifter til sagkyndig bistand skønnes at være medgået til udarbejdelse af dokumentation i forbindelse med klagesagen, jf. § 54, stk. 1, nr. 4. Bestemmelserne i stk. 1 og 2 finder tilsvarende anvendelse.

**§ 57.** Giver en ansøgning om omkostningsgodtgørelse anledning til nærmere at undersøge, i hvilket omfang den godtgørelsesberettigede har fået medhold i sin sag, udbetales forskudsvis 50 pct. af det ansøgte godtgørelsesbeløb.

*Stk. 2.* Er godtgørelsesbeløbet større end det beløb, som efter stk. 1 er udbetalt forskudsvis, udbetales restbeløbet med en rente. Renten beregnes med rentesatsen i kildeskattelovens § 62, stk. 3, pr. påbegyndt måned regnet fra dagen for modtagelsen af ansøgningen om omkostningsgodtgørelse.

*Stk. 3.* Giver en ansøgning om omkostningsgodtgørelse alene anledning til nærmere at undersøge størrelsen af udgifterne til behandling af sagen, herunder den sagkyndiges honorar, udbetales godtgørelsen ifølge ansøgningen med forbehold for eventuel tilbagebetaling. Dog kan told- og skatteforvaltningen helt eller delvis undlade at udbetale omkostningsgodtgørelse, inden den nærmere undersøgelse af størrelsen af udgifterne til behandling af sagen er foretaget, i tilfælde, hvor forvaltningen finder at størrelsen af det ansøgte beløb er åbenbart urimelig. Udbetales beløbet delvis, tages forbehold for eventuel tilbagebetaling. Udbetales det ansøgte beløb ikke eller kun delvis, og fastslås godtgørelseskravet senere at være større end det udbetalte beløb, udbetales det resterende beløb med en rente beregnet efter rentesatsen i kildeskattelovens § 62, stk. 3, pr. påbegyndt måned regnet fra dagen for SKATs afgørelse om reduktion af godtgørelseskravet.

*Stk. 4.* Er godtgørelsesbeløbet mindre end det beløb, som efter stk. 3 er udbetalt med forbehold, skal den godtgørelsesberettigede eller den sagkyndige, hvis udbetalingen er sket til denne efter overdragelse af kravet, jf. § 52, stk. 8, 2. pkt., tilbagebetale det for meget udbetalte godtgørelsesbeløb med en rente fastsat efter kildeskattelovens § 62, stk. 3. Renten beregnes fra tidspunktet for udbetalingen af det for meget udbetalte godtgørelsesbeløb og kan ikke fradrages ved opgørelsen af den skattepligtige indkomst. Den, der efter 1. pkt. skal tilbagebetale godtgørelsen, har ret til henstand, hvis afgørelsen om godtgørelsens tilbagebetaling påklages eller indbringes for domstolene. § 51, stk. 4-6, finder tilsvarende anvendelse.

*Stk. 5.* Er der tilbagebetalt godtgørelse efter stk. 4, 1. pkt., og findes det tilbagebetalte beløb senere at være blevet opkrævet med urette, udbetales beløbet med en rente. Renten beregnes med rentesatsen i kildeskattelovens § 62, stk. 3, pr. påbegyndt måned regnet fra dagen for indbetaling af det opkrævede godtgørelsesbeløb.

**§ 58.** Skatteministeren kan fastsætte nærmere bestemmelser om, hvilke oplysninger der skal følge en ansøgning om omkostningsgodtgørelse.

**§ 58 a.** Sagkyndige skal efter anmodning fra told- og skatteforvaltningen indsende det regnskabsmateriale med bilag for såvel tidligere som for det løbende regnskabsår og andre dokumenter, som kan have betydning for told- og skatteforvaltningens kontrol med udbetaling af omkostningsgodtgørelse.

*Stk. 2.* Såfremt anmodningen efter stk. 1 ikke efterkommes af den sagkyndige eller en tredjemand, som har regnskab m.v. i sin besiddelse, kan told- og skatteforvaltningen give påbud om, at materialet skal indsendes inden en fastsat frist, og give påbud om betaling af tvangsbøder fra fristens overskridelse, og indtil påbuddet efterkommes.

*Stk. 3.* Der er udpantningsret for tvangsbøder efter stk. 2.

*Stk. 4.* Told- og skatteforvaltningen har, hvis det skønnes nødvendigt, til enhver tid mod behørig legitimation uden retskendelse adgang til den sagkyndiges lokaler for at gennemgå regnskabsmateriale med bilag og andre dokumenter, som kan have betydning for told- og skatteforvaltningens kontrol med udbetaling af omkostningsgodtgørelse.

*Stk. 5.* Politiet yder om fornødent told- og skatteforvaltningen bistand til gennemførelse af kontrollen efter stk. 4.

**§ 59.** Skatteministeren afgiver årligt en redegørelse til Folketinget om den udgiftsmæssige udvikling m.v. i de sager, hvortil der kan ydes omkostningsgodtgørelse.

**§ 60.** Medmindre højere straf er forskyldt efter anden lovgivning, straffes med bøde den, der forsætligt eller groft uagtsomt afgiver urigtige eller vildledende oplysninger eller fortier oplysninger til brug for beregningen af omkostningsgodtgørelse.

*Stk. 2.* Der kan pålægges selskaber m.v. (juridiske personer) strafansvar efter reglerne i straffelovens 5. kapitel.

**§ 61.** Skønnes en overtrædelse ikke at ville medføre højere straf end bøde, kan told- og skatteforvaltningen tilkendegive den pågældende, at sagen kan afgøres uden retslig forfølgning, hvis denne erkender sig

skyldig i overtrædelsen og erklærer sig rede til inden for en nærmere angivet frist, der efter anmodning kan forlænges, at betale en i tilkendegivelsen angivet bøde.

*Stk. 2.* Med hensyn til den i stk. 1 nævnte tilkendegivelse finder bestemmelserne i retsplejeloven om indholdet af et anklageskrift i politisager tilsvarende anvendelse.

*Stk. 3.* Betales bøden i rette tid, eller bliver den efter vedtagelse inddrevet eller afsonet, bortfalder videre forfølgning. Skattekontrollovens § 23 A om opkrævning og inddrivelse finder tilsvarende anvendelse.

### Afsnit IV

### Ikrafttrædelses-, overgangs- og delingsbestemmelser

### Kapitel 20

#### *Ikrafttrædelses- og overgangsbestemmelser*

**§ 62.** Loven træder i kraft dagen efter offentliggørelsen i Lovtidende.

*Stk. 2.* Loven har virkning fra den 1. november 2005 med de undtagelser, der følger af stk. 6-9, 11 og 12.

*Stk. 3.* Lov om skattemyndighedernes organisation og opgaver m.v. (skattestyrelsesloven), jf. lovbekendtgørelse nr. 868 af 12. august 2004, ophæves fra den 1. november 2005.

*Stk. 4.* Ligningsrådet nedlægges med udgangen af oktober måned 2005. De på dette tidspunkt igangværende sager i Ligningsrådet, herunder modtagne klager til Ligningsrådet, overgår til behandling i Skatterådet, i Landsskatteretten eller i told- og skatteforvaltningen, alt for så vidt sagerne i øvrigt ligger inden for disse forvaltningsorganers kompetence pr. 1. november 2005.

*Stk. 5.* De pr. 1. november 2005 igangværende klagesager i ToldSkat overgår til behandling i Landsskatteretten, hvis klagens afgørelse ligger inden for Landsskatterettens kompetence pr. 1. november 2005.

*Stk. 6.* Bestemmelsen i § 3 finder anvendelse ved udnævnelse af medlemmer af Skatterådet pr. 1. november 2005.

*Stk. 7.* Den ordinære funktionsperiode for medlemmer af skatteankenævn pr. 31. oktober 2005 forlænges til den 1. juli 2006. I perioden fra den 1. november 2005 til den 1. juli 2006 finder §§ 6-10 i skattestyrelsesloven tilsvarende anvendelse.

*Stk. 8.* Forbuddet i § 15, stk. 1, hvorefter ansatte i told- og skatteforvaltningen ikke kan være medlemmer af bl.a. skatte- eller vurderingsankenævn, finder først anvendelse på medlemmer af skatte- eller vurderingsankenævn fra den 1. juli 2006.

*Stk. 9.* Hvis en kommune indgår i en kommunesammenlægning og der oprettes et sammenlægningsudvalg til at forberede etableringen af den nye kommune, foretages indstillingen af medlemmer og suppleanter til det skatteankenævn eller det vurderingsankenævn, der udnævnes pr. 1. juli 2006, af sammenlægningsudvalget.

*Stk. 10.* De kontrakter, der er indgået mellem ToldSkat og kommuner, respektive kommunale fællesskaber, der er oprettet efter § 60 i lov om kommunernes styrelse, om udførelse af selskabsligning, sekretariatsbetjening af skatteankenævn og Grænsegængercenteret i Øresundsområdet, bortfalder den 1. november 2005.

*Stk. 11.* I sager som nævnt i skattestyrelseslovens § 14, stk. 4, 2. pkt., gives der fortsat omkostningsgodtgørelse efter skattestyrelseslovens § 33 A, stk. 2, hvis sagen verserer i ToldSkat pr. 1. november 2005.

*Stk. 12.* Bestemmelserne i kapitel 21 har virkning samtidig med ikrafttrædelsestidspunktet efter stk. 1.

**§ 63.** (Ophævet)

**§ 64.** Skatteministeren kan fastsætte de nærmere regler for lovens gennemførelse.

**§ 65.** Loven gælder ikke for Færøerne og Grønland.

Kapitel 21

*Delingsbestemmelser*

**§§ 66-74.** (Udelades)

*Skatteministeriet, den 31. maj 2018*

P.M.V.
JENS BRØCHNER

/ Christina Faurby Birck