# Exhibit 3

# LUNDGREN$\underline{S}$

The Tax Appeals Agency
Ved Vesterport 6, 4th floor
1606 Copenhagen V
Denmark

Ref. no.: 63109
nbs@lundgrens.dk
Tel.: + 45 3525 2925
jak@lundgrens.dk
Tel.: +45 3525 2942
**21 September 2018**

Dear Sirs

**NEWSONG FELLOWSHIP CHURCH 401(K) PLAN**

On behalf of our client, Newsong Fellowship Church 401(k) Plan (Newsong), we hereby appeal against the decision made by the Danish tax authorities (SKAT) on 17 April 2018.

The following claim is made before the Tax Appeals Agency:

**CLAIM**

That SKAT's decision of 17 April 2018 be changed to the effect that SKAT's previous decisions to refund dividend tax remain standing.

**PROCEDURAL ISSUES**

The nature of this Notice of Appeal is only preliminary since SKAT did not inform us until 19 September that SKAT had made a final decision to cancel a number of previous decisions approving the Appellant's applications for dividend tax refunds.

The Appellant never received a preliminary nor a final decision. As a result, section 35a(3), fourth sentence, of the Danish Tax Administration Act (*skatteforvaltningsloven*) thus applies to this case. The fact remains, however, that the Appeal was filed too late, and therefore the Tax Appeals Agency is requested to disregard the Appellant's failure to meet the time-limit, see section 35a(6), second sentence, and hear the case on its merits.

The reason for making this request is as follows:

LUNDGRENS ADVOKATPARTNERSELSKAB
TUBORG BOULEVARD 12
2900 HELLERUP

VAT NO. DK 36 44 20 42
LUNDGRENS.DK
TEL +45 3525 2535

# LUNDGRENS

KL Gates, a US law firm, contacted SKAT by email on 10 April 2018 stating that it represented a number of US pension funds, including Newsong. According to the email of 10 April, KL Gates had received copies of preliminary decisions made by the Danish tax authorities from a number of its clients, and an extension of the time-limit was required to be able to submit objections on behalf of the pension funds in question.

Moreover, KL Gates stated that it was also providing assistance to other pension funds which, at the time, had not yet received any preliminary decisions, including Newsong. To be on the safe side, KL Gates therefore requested SKAT to extend any time-limit for objections if SKAT had already sent preliminary decisions to these pension funds, which the pension funds had simply not yet received.

Furthermore, KL Gates requested SKAT not to make any final decisions in respect of any of the pension funds, including Newsong, until the pension funds had actually received the preliminary decisions. As also stated in the email, the reason for that was that KL Gates wanted to be able to object to any proposed change of the tax assessments for its clients, including Newsong.

Finally and as a precaution, KL Gates requested copies of any preliminary decisions sent by SKAT to the pension funds represented by KL Gates, including Newsong.

We have now established that, at the time (on 10 April 2018), SKAT had already made a preliminary decision in respect of Newsong (sent on 23 March 2018).

Even though KL Gates had requested a copy of any preliminary decision on 10 April to enable Newsong to object against it, KL Gates never heard from SKAT – despite the fact that a preliminary decision had been made already on 23 March.

It should be noted that, later in the day on 10 April, KL Gates received a phone call from SKAT to inform KL Gates that SKAT was unwilling to communicate with KL Gates – and SKAT was thus also unwilling to send a copy of any preliminary decision to KL Gates – unless KL Gates first provided SKAT with a power of attorney issued by Newsong, authorising KL Gates to act on Newsong's behalf.

The caller did not inform KL Gates that SKAT had already made a preliminary decision to change the tax assessment.

LUNDGRENS ADVOKATPARTNERSELSKAB
TUBORG BOULEVARD 12
2900 HELLERUP

VAT NO. DK. 36 44 20 42
LUNDGRENS.DK
TEL +45 3525 2535

# LUNDGRENS

As a result, SKAT did not send the preliminary decision to KL Gates, and KL Gates was therefore unaware that such decision had been made. Nor did SKAT send a copy of the final decision to KL Gates, despite the fact that SKAT knew that KL Gates represented Newsong and despite the fact that KL Gates had specifically requested SKAT to send the preliminary decision and therefore obviously also wanted to be notified when a final decision was made.

Newsong never received a preliminary nor a final decision. Since SKAT failed to send a copy of its preliminary and its final decision to KL Gates, Newsong has not been able at any time to protect its interests in this matter.

**********

Since SKAT has made a number of decisions in similar cases within a relatively short period of time, we contacted SKAT by telephone on 19 April 2018 to find out whether a preliminary or a final decision had been made in respect of Newsong.

This was confirmed by SKAT, and therefore this Appeal against the decision made is filed today. In that connection, it should be noted that neither Newsong, KL Gates nor we have received a copy of the appeal [sic] appealed against, and that is why the decision is not appended to this Notice of Appeal.

## SUBMISSIONS

### A hearing on the merits

According to section 35a(6), second sentence, of the Tax Administration Act, the Tax Appeals Agency may disregard a failure to meet a time-limit if warranted by special circumstances. It is first submitted that such special circumstances exist and that the Appeal should therefore be heard on its merits.

It should be noted in particular that, on 10 April 2018, KL Gates contacted SKAT directly on behalf of the Appellant, and in spite of that, SKAT did not inform KL Gates that a preliminary decision had already been made on 23 March 2018. Nor did SKAT inform KL Gates after 17 April 2018 when a final decision had been made.

# LUNDGRENS

Considerable weight should be given to the fact that, on 19 April 2018, SKAT informed us by telephone (without a power of attorney having been presented by us) that a preliminary decision had been made on 23 March 2018.

We find it astonishing that SKAT did not inform the Appellant's US representative when SKAT and KL Gates discussed the matter over the phone on 10 April 2018.

Since SKAT was able to inform us on 19 September 2018 that a preliminary decision and a final decision had been made, SKAT could just as well have provided that information on 10 April 2018 when KL Gates made a direct request to that effect.

If, on 10 April 2018, SKAT had informed KL Gates that a preliminary decision had already been made on 23 March 2018, KL Gates would have been able to take the necessary actions to protect the interests of its client.

Newsong would then also have been able to protect its interests in the matter, e.g. by ensuring that Newsong would be notified when a final decision was made. That would have enabled Newsong to protect its interests in the matter, allowing it to appeal against the decision in time.

Consequently, the failure to meet the time-limit was not due to the Appellant's circumstances. In fact, the Appellant reacted immediately when SKAT stated by telephone that a decision had been made.

Finally, weight should be given to the fact that a large number of cases on the same subject-matter are already pending before the Tax Appeals Agency and that, according to the information available to us, the Tax Appeals Agency is planning to select a number of test cases to serve as a guideline for all the other cases. It therefore seems to be a good idea to accept a hearing on the merits of this case since the purpose of test cases is in fact to ensure that <u>all</u> tax payers affected by the same problem receive equal treatment.

### The merits of the case

In support of the claim made, it is submitted that the dividend tax refunds received by the Appellant were justified.

LUNDGRENS ADVOKATPARTNERSELSKAB  
TUBORG BOULEVARD 12  
2900 HELLERUP  

VAT NO. DK 36 44 20 42  
LUNDGRENS.DK  
TEL +45 3525 2535

# LUNDGRENS

Since the Appellant still does not know the exact contents of the decision, it is impossible at present to made further submissions in support of this issue.

*********

We hereby request that a meeting be held prior to the preparation of a statement of claim. Furthermore, we kindly request that this Appeal be heard by the Danish National Tax Tribunal.

We reserve the right to a court hearing. The fee of DKK 400 has been transferred today to the Tax Appeals Agency, reg. no. 0216, account no. 4069029361, with reference to the Appellant's name and BlanketID.

Yours sincerely
Lundgrens Advokatpartnerselskab

Nicolai B. Sørensen
Attorney (right of audience before
the Danish Supreme Court), Partner

Jakob Schilder-Knudsen
Attorney, Partner

LUNDGRENS ADVOKATPARTNERSELSKAB
TUBORG BOULEVARD 12
2900 HELLERUP

VAT NO. DK 36 44 20 42
LUNDGRENS.DK
TEL +45 3525 2535

I, the undersigned Karin Winge Bang, hereby certify the preceding English text to be a true and faithful translation of the attached text in the Danish language:

Notice of Appeal

On behalf of Newsong Fellowship Church 401(k) Plan

Witness my hand and stamp

Farum, 1 October 2018



Karin Winge Bang
Translator and interpreter (Danish and English)
MA in Translation and Interpreting (English) and Bachelor of Laws (LL.B.)
Mobile phone +45 53 63 35 20 • Email karin@winge-bang.dk • Website www.winge-bang.dk

# LUNDGRENS

Skatteankestyrelsen
Ved Vesterport 6, 4. sal
1606 København V

Sagsnr.: 63109
nbs@lundgrens.dk
Tlf.: 3525 2925
jak@lundgrens.dk
Tlf.: 35252942
**21. september 2018**

### NEWSONG FELLOWSHIP CHURCH 401(K) PLAN

På vegne vores klient, Newsong Fellowship Church 401(k) Plan (Newsong), skal vi hermed påklage den af SKAT afsagte kendelse af 17. april 2018

For Skatteankestyrelsen nedlægges følgende

### PÅSTAND

SKAT's afgørelse af 17. april 2018 ændres, således at SKAT's tidligere afgørelser om refusion af udbytteskatter til klager stadfæstes.

### PROCESSUELLE FORHOLD

Nærværende klage er alene af foreløbig karakter, idet vi først 19. september af SKAT har fået oplyst, at SKAT har truffet en endelig afgørelse, i hvilken SKAT tilbagekalder en række tidligere afgørelser, ved hvilke SKAT har godkendt klagers tilbagesøgning af indeholdte kildeskatter.

Klager har aldrig modtaget et forslag til afgørelse og har aldrig modtaget en endelig afgørelse. Nærværende sag er således omfattet af SKFVL § 35a stk. 3, 4. pkt. Uanset dette er klagen indleveret for sent, og klager skal på den baggrund anmode Skatteankestyrelsen om at se bort fra fristoverskridelsen, jf. SKFVL § 35a stk. 6, 2. pkt. og realitetsbehandle sagen.

Dette begrundes i følgende omstændigheder:

LUNDGRENS ADVOKATPARTNERSELSKAB
TUBORG BOULEVARD 12
2900 HELLERUP

VAT NO. DK 36 44 20 42
LUNDGRENS.DK
TEL +45 3525 2535

# LUNDGRENS

Det amerikanske advokatkontor KL Gates rettede ved mail af 10. april 2018 henvendelse til SKAT og orienterede om, at advokatkontoret repræsenterede en række amerikanske pensionsfonde – herunder Newsong. I mailen af 10. april beskrev KL Gates at man fra flere klienter havde modtaget kopi af forslag til afgørelse fra de danske skattemyndigheder og at man havde brug for en forlængelse af fristen for at indlevere indsigelse på vegne af de pågældende pensionsfonde.

Yderligere beskrev KL Gates at man bistår andre pensionsfonde, der på daværende tidspunkt ikke havde modtaget forslag til afgørelse – herunder Newsong. Som følge heraf bad KL Gates af forsigtighedsgrunde SKAT om forlængelse af en eventuel frist for indsigelse i fald SKAT havde tilsendt disse pensionsfonde forslag til afgørelse, som de blot ikke havde modtaget endnu.

Yderligere anmodede KL Gates om at der ikke bliver truffet endelige afgørelser for nogen af pensionsfondene – herunder Newsong - før disse faktisk måtte have modtaget forslag til afgørelse. Baggrunden for dette var – som det også fremgår af mailen – at KL Gates ønskede mulighed for at gøre indsigelse imod en eventuel påtænkt ændring af skatteansættelsen for klienterne – herunder Newsong.

Endelig bad KL Gates for en sikkerheds skyld om at modtage kopi af alle forslag til afgørelse, SKAT måtte have sendt til de pensionsfonde, KL Gates repræsenterer – herunder Newsong.

Det kan nu konstateres, at SKAT på dette tidspunkt (den 10. april 2018) allerede havde udstedt forslag til afgørelse for Newsong (forslaget blev udstedt den 23. marts 2018).

Uanset at KL Gates den 10. april havde bedt om at få tilsendt kopi af eventuelt forslag til afgørelse, således at Newsong ville få mulighed for at gøre indsigelse imod forslaget, modtog KL Gates dog aldrig noget fra SKAT – selvom der var udstedt forslag til afgørelse allerede den 23. marts.

Det kan oplyses, at KL Gates senere den 10. april blev ringet op af SKAT, der oplyste, at man ikke ville korrespondere med KL Gates – og at man således heller ikke ville tilsende KL Gates kopi af forslag til afgørelse – uden at KL Gates havde tilsendt SKAT en fuldmagt hvori Newsong bekræftede at have antaget KL Gates til at repræsentere sig.

Det blev i telefonsamtalen ikke oplyst, at SKAT allerede havde udstedt forslag til ændring af skatteansættelsen.

LUNDGRENS ADVOKATPARTNERSELSKAB
TUBORG BOULEVARD 12
2900 HELLERUP

VAT NO. DK 36 44 20 42
LUNDGRENS.DK
TEL +45 3525 2535

# LUNDGRENS

Som følge heraf fremsendte SKAT ikke forslaget til afgørelse til KL Gates, hvilket bevirkede, at KL Gates ikke var bekendt med at et sådant var udstedt. Ligeledes fremsendte SKAT ikke den endelige afgørelse i kopi til KL Gates – uagtet at SKAT var klar over, at KL Gates repræsenterede Newsong og uagtet at KL Gates specifikt havde anmodet SKAT om at modtage forslag til afgørelse og i sagens natur derfor også ønskede at modtage besked såfremt endelig afgørelse blev udstedt.

Newsong har aldrig modtaget forslag til afgørelse og har aldrig modtaget endelig afgørelse. Som følge af at SKAT ikke har tilsendt KL Gates kopi af forslag til afgørelse eller endelig afgørelse har Newsong på intet tidspunkt haft mulighed for at varetage sine interesser i sagen.

**********

Som følge af at SKAT har afsagt andre kendelser i lignende sager indenfor et forholdsvist kort tidsrum tog undertegnede den 19. april 2018 telefonisk kontakt til SKAT og spurgte direkte, om der var blevet udstedt forslag til afgørelse eller endelig afgørelse vedrørende Newsong.

Dette blev bekræftet af SKAT, hvilket er baggrunden for, at der i dag indleveres klage over den afsagte afgørelse. Det bemærkes i den forbindelse, at hverken Newsong, KL Gates eller undertegnede har modtaget kopi af den klage, der klages over, hvilket tillige er baggrunden for, at denne ikke fremsendes samtidig med nærværende klage.

## ANBRINGENDER

### Vedrørende spørgsmålet om realitetsbehandling

Det fremgår af SKFVL § 35a stk. 6, 2. pkt., at Skatteankestyrelsen kan se bort fra en fristoverskridelse hvis særlige omstændigheder taler herfor. Det gøres overordnet gældende, at der foreligger sådanne særlige omstændigheder og at klagen således bør realitetsbehandles.

Det bemærkes specielt, at KL Gates direkte den 10. april 2018 har givet sig tilkende overfor skattemyndighederne som repræsentant for klager, og at skattemyndighederne desuagtet udlod at orientere KL Gates om at der allerede den 23. marts 2018 var udstedt forslag til afgørelse og ligeledes uden at SKAT efter 17. april 2018 orienterede KL Gates om at man havde udsendt endelig afgørelse.

LUNDGRENS ADVOKATPARTNERSELSKAB
TUBORG BOULEVARD 12
2900 HELLERUP

VAT NO. DK 36 44 20 42
LUNDGRENS.DK
TEL +45 3525 2535

# LUNDGRENS

Det må tillægges betydelig vægt, at SKAT telefonisk den 19. april 2018 oplyste til undertegnede (uden at undertegnede præsenterede en Poa) at der var udsendt forslag til afgørelse den 23. marts 2018.

Det kan undre, at SKAT ikke oplyste dette til klagers amerikanske repræsentant, da SKAT og KL Gates drøftede sagen telefonisk den 10. april 2018.

Når SKAT den 19. september 2018 telefonisk kunne oplyse om at der var udstedt forslag til afgørelse og endelig afgørelse, kunne SKAT lige så vel have gjort dette den 10. april 2018, hvor KL Gates direkte efterspurgte disse oplysninger.

Såfremt SKAT den 10. april 2018 havde oplyst KL Gates om at forslag til afgørelse var udstedt allerede den 23. marts 2018, kunne KL Gates have forholdt sig hertil og kunne have foretaget hvad end man mente ville være fornødent for at varetage sin klients interesser.

Newsong kunne således også have haft mulighed for at varetage sine interesser i sagen – herunder kunne man have sikret, at man ville få besked om en endelig afgørelse, således at Newsong kunne have varetaget sine interesser i sagen og således at Newsong kunne have påklaget afgørelsen rettidigt.

Det beror således ikke på klagers forhold, at man ikke har været i stand til at overholde klagefristen. Derimod har klager reageret omgående efter SKAT telefonisk oplyste at der var afsagt kendelse.

Endelig må det tillægges vægt, at der i Skatteankestyrelsen allerede beror en lang række sager omkring samme problemstilling, og at Skatteankestyrelsen efter det oplyste påtænker at udvælge prøvesager, der skal være retningsgivende for samtlige sagers afgørelse. En accept af realitetsbehandling af nærværende sag synes således hensigtsmæssig, idet fremgangsmåden ved prøvesager jo netop er at sikre, at <u>alle</u> skatteydere, der er omfattet af en given problemstilling, behandles på samme vis.

<u>Vedrørende spørgsmålet om afgørelsen materielle indhold</u>

Til støtte for den nedlagte påstand gøres det gældende, at de af klager modtagne refusioner af indeholdt kildeskat har været retmæssige.

LUNDGRENS ADVOKATPARTNERSELSKAB          VAT NO. DK 36 44 20 42
TUBORG BOULEVARD 12                      LUNDGRENS.DK
2900 HELLERUP                            TEL +45 3525 2535

# LUNDGRENS

LUNDGRENS ADVOKATPARTNERSELSKAB
TUBORG BOULEVARD 12
2900 HELLERUP

VAT NO. DK 36 44 20 42
LUNDGRENS.DK
TEL +45 3525 2535

Da klager fortsat er ubekendt med det nærmere indhold af kendelsen, er det på nuværende tidspunkt ikke muligt at fremkomme med yderligere anbringender til støtte for synspunktet.

\*\*\*\*\*\*\*\*\*

Vi skal venligst anmode om kontorforhandling, forinden der udarbejdes sagsfremstilling i sagen. Yderligere skal vi venligst anmode om, at nærværende klage behandles af Landsskatteretten.

Adgang til retsmøde forbeholdes. Klagegebyr stort kr. 400 er d.d. overført til Skatteankestyrelsens konto reg. nr. 0216, konto nr. 4069029361 med henvisning til Klagers navn og BlanketID.

Med venlig hilsen
Lundgrens Advokatpartnerselskab

Nicolai B. Sørensen
Advokat (H), Partner

Jakob Schilder-Knudsen
Advokat, Partner