# Exhibit 5

*Bemærkninger til §23 Skt 1 Aktieavancebeskatningsloven - L78 fremsat den 16 november 2005 gennemført ved lov nr 1413 af 21 december 2005*

## Til § 23

Til stk. 1

Bestemmelsen fastslår, at gevinst og tab på aktier skal medregnes ved indkomstopgørelsen efter realisationsprincippet.

Gevinst og tab skal medregnes i det indkomstår, hvor realisationen sker, dvs. i det indkomstår, hvor afståelsen, jf. definitionen i § 30, har fundet sted.

Det afgørende for fastlæggelse af *afståelsestidspunktet* er, hvornår der foreligger en endelig og bindende aftale om afståelsen. For aktier, der er handlet på børsen, vil det være børsnotaens dato (handelsdatoen), der lægges til grund.

Sker overdragelsen ved gave eller arveforskud, er det afgørende tidspunkt det tidspunkt, hvor modtageren underrettes.

For så vidt angår likvidationsudlodninger i det kalenderår, hvori selskabet endeligt opløses, er tidspunktet for selve udlodningen og ikke beslutningen om likvidation eller selskabets endelige opløsning afgørende for fastlæggelsen af afståelsestidspunktet.

Reglen om, at det er udlodningstidspunktet, der er afgørende for fastlæggelsen af afståelsestidspunktet, gælder, når der er tale om en solvent likvidation, og der dermed sker en udlodning til aktionærerne. Er der tale om opløsning af selskabet, uden at der sker en udlodning (konkurs eller tvangsopløsning), er det tidspunktet for selskabets endelige opløsning, der er afgørende for fastlæggelsen af afståelsestidspunktet.

Derudover kan fastlæggelsen af *erhvervelsestidspunktet* have en betydning, f.eks. i forbindelse med ny lovgivning. Også her er det afgørende, hvornår der foreligger en endelig og bindende aftale om erhvervelsen. For aktier, der er handlet på børsen, vil det være børsnotaens dato (handelsdatoen), der lægges til grund.

Sker overdragelsen ved gave eller arveforskud, er det afgørende tidspunkt underretningen af modtageren. Ved arv anses aktierne for erhvervet på udlodningstidspunktet, medmindre aktierne udloddes med succession.

Er der tale om aktier, som tegnes i forbindelse med stiftelsen af et selskab, anses aktierne for anskaffet ved stiftelsen af selskabet. I de tilfælde, hvor selskabet stiftes med tilbagevirkende kraft, anses aktierne dog for anskaffet på tidspunktet for stiftelsesoverenskomstens underskrift.

For aktier, der ikke er omfattet af §§ 8-9 (almindelige aktier ejet af selskaber m.v.), foreslås en ændring af erhvervelsestidspunktet for så vidt angår:
1) tildelte tegningsretter med adgang til tegning til favørkurs,
2) aktier, der erhverves til favørkurs på grundlag af tildelte tegningsretter,
3) tildelte aktieretter,
4) aktier, der erhverves ved udnyttelse af tildelte aktieretter, og
5) aktier, der erhverves på grundlag af købte aktie- og tegningsretter.

For tildelte retter m.m. ændres erhvervelsestidspunktet fra moderaktiens erhvervelsestidspunkt til tildelingen/tegningen/udnyttelsen. De gældende regler, jf. § 5, stk. 3 og 4, samt § 6, stk. 5, i den nuværende aktieavancebeskatningslov, om samme erhvervelsestidspunkt som moderaktien videreføres således ikke for denne kategori af aktier. For aktier erhvervet på grundlag af købte retter ændres erhvervelsestidspunktet fra købstidspunktet til tegningen/udnyttelsen.

Baggrunden for ændringen er den foreslåede ændring af reglen om ejertid, dvs. for personer ophævelsen af den forskellige skattemæssige behandling af gevinst og tab alt efter om aktierne havde været ejet i mindre end tre år eller i tre år eller mere. Når reglen om ejertid for personer ophæves, så er begrundelsen for at tillægge ejertid tilbage i tid ikke længere til stede. Ændringen vil derudover også medføre en større sammenhæng mellem anskaffelsestidspunkt og adgangen til at anvende indgangsværdier. De gældende regler har således ført til den konstruktion, at fondsaktier, der er erhvervet efter den 19. maj 1993 på grundlag af aktier erhvervet før den 19. maj 1993, nok anses for erhvervet før den 19. maj 1993 (samtidig med moderaktien), men uden adgang til at anvende handelsværdien den 19. maj 1993 i stedet for anskaffelsessummen.

For aktier, der ikke er omfattet af §§ 8-9 (almindelige aktier ejet af selskaber m.v.) gælder herefter følgende:

Erhverves aktierne i forbindelse med en forhøjelse af selskabets kapital, anses aktierne for erhvervet ved tegningen. Tegningstidspunktet vil i almindelighed være det tidspunkt, hvor generalforsamlingen eller eventuelt bestyrelsen efter generalforsamlingens bemyndigelse har truffet beslutning om udvidelse af aktiekapitalen.

Tildelte tegningsretter anses for ==anskaffet på retserhvervelsestidspunktet.== Dette vil normalt være det tidspunkt, hvor generalforsamlingen eller bestyrelsen efter generalforsamlingens bemyndigelse træffer beslutning om tildeling af tegningsretter. Er tildelingen suspensivt betinget, udskydes retserhvervelsestidspunktet til det tidspunkt, hvor betingelserne er opfyldt. Aktier, der erhverves ved udnyttelse af tildelte tegningsretter, anses for erhvervet ved tegningen.

Tildelte aktieretter anses for anskaffet på retserhvervelsestidspunktet. Aktier, der erhverves ved udnyttelse af tildelte aktieretter, anses for erhvervet ved udnyttelsen.

Købte aktie- eller tegningsretter anses for anskaffet ved købet af aktie- eller tegningsretterne. Aktier, der erhverves ved udnyttelse af disse retter, anses for erhvervet ved udnyttelsen/tegningen.

Købte tegningsretter til konvertible obligationer og købte konvertible obligationer anses for erhvervet ved købet. Konvertible obligationer, der erhverves ved udnyttelse af en tildelt tegningsret og konvertible obligationer, der erhverves ved udnyttelse af en købt ret til at tegne konvertible obligationer, anses for erhvervet på udnyttelsestidspunktet. Erhverves den konvertible obligation i forbindelse med udstedelsen, uden at dette sker ved udnyttelse af en tegningsret, anses den konvertible obligation for erhvervet ved udstedelsen. Aktier, der erhverves ved konvertering af konvertible obligationer, anses for erhvervet på konverteringstidspunktet.

For tildelte tegningsretter til konvertible obligationer gælder det samme som for tildelte tegningsretter til aktier.

For aktier, der er omfattet af §§ 8-9 (almindelige aktier ejet af selskaber m.v.), gælder stadig følgende:

Erhverves aktierne i forbindelse med en forhøjelse af selskabets kapital til en kurs, der svarer til eller ligger over aktiernes markedskurs, anses aktierne for erhvervet ved tegningen. Sker kapitalforhøjelsen til favørkurs, anses aktier, der erhverves på grundlag af tildelte tegningsretter, for erhvervet samtidig med den eller de moderaktier, som retten og dermed aktien knytter sig til.

Tildelte tegningsretter til aktier anses for erhvervet på samme tidspunkt som den eller de moderaktier, retten knytter sig til, såfremt tegningsretten giver ret til tegning af aktier til favørkurs, jf. § 10. Andre tildelte tegningsretter til aktier anses for anskaffet på retserhvervelsestidspunktet.

Tildelte aktieretter og aktier, der erhverves ved udnyttelse af tildelte aktieretter, anses for erhvervet på samme tidspunkt som den eller de moderaktier, retten knytter sig til, jf. § 10.

Købte aktie- eller tegningsretter og aktier, der erhverves ved udnyttelse af disse retter, anses for anskaffet ved købet af aktie- eller tegningsretterne. Hvis aktie- eller tegningsretter anskaffes til supplering af tildelte retter, anses en forholdsmæssig del af de nye aktier for erhvervet ved anskaffelse af den yderligere ret.

Købte tegningsretter til konvertible obligationer og købte konvertible obligationer anses for erhvervet ved købet. Konvertible obligationer, der erhverves ved udnyttelse af en tildelt tegningsret, anses for erhvervet på samme tidspunkt som moderaktien. Konvertible obligationer, der erhverves ved udnyttelse af en købt ret til at tegne konvertible obligationer, anses for erhvervet på tidspunktet for købet af tegningsretten. Erhverves den konvertible obligation i forbindelse med udstedelsen, uden at dette sker ved udnyttelse af en tegningsret, anses den konvertible obligation for erhvervet ved udstedelsen. Aktier, der erhverves ved konvertering af konvertible obligationer, anses for erhvervet på samme tidspunkt som den konvertible obligation.

For tildelte tegningsretter til konvertible obligationer gælder det samme som for tildelte tegningsretter til aktier.

*Comments on § 23, para. 1 of the Danish Capital Gains Tax Act – L78 submitted on November 16, 2005 and implemented by Act no. 1413 of December 21, 2005*

*Ad § 23*

Ad para. 1

The provision determines that gains and losses on shares must be included in the statement of income according to the realization principle.

Gains and losses must be included in the income year in which the realization takes place, i.e. in the income year in which the sale, cf. definition in § 30, has taken place.

The determining factor for the determination of the *date of sale* is the date on which a final and binding sales agreement is in place. For shares traded on the stock exchange, this will be the date of the sale note (trading date).

If the transfer takes place as a gift or advance on inheritance, the crucial date is the date on which the recipient is informed.

As regards liquidation dividends in the calendar year in which the company is finally dissolved, the date of the distribution and not the decision to liquidate or the final dissolution of the company is decisive for the determination of the date of sale.

The rule that it is the date of distribution that is essential for determining the date of sale applies in the case of solvent liquidation which involves a distribution to shareholders. If the company is dissolved without a distribution (bankruptcy or compulsory dissolution), it is the date of the company's final dissolution which determines the date of sale.

In addition, the determination of *the date of acquisition* may be significant, e.g. in the event of new legislation. In this event, it is also crucial that a final and binding agreement on the acquisition should be in place. For shares traded on the stock exchange, this will be date of the sale note (trading date).

If the transfer takes place as a gift or advance on inheritance, the crucial date is the notification to the recipient. In the case of inheritance, shares are deemed to have been acquired on the date of distribution, unless the shares are distributed by succession.

In the case of shares that are acquired as part of the formation of a company, the shares are deemed to have been acquired on the date of formation of the company. In cases where the company is formed retroactively, the shares are deemed to have been acquired on the date of signature of the formation document.

For shares not covered by §§ 8-9 (ordinary shares owned by companies, etc.), a change of the date of acquisition is proposed as regards:
1) awarded subscription rights with access to subscription at a special price
2) shares acquired at a special price on the basis of allocated subscription rights
3) allocated share rights
4) shares acquired on the exercise of allocated share rights
5) shares acquired on the basis of purchased share and subscription rights

For allocated rights etc., the acquisition date is changed from the date of acquisition of the parent share to that of the allocation/subscription/exercise. The applicable rules, cf. § 5, paras. 3 and 4, as well as § 6, para. 5, contained in the current Danish Capital Gains Tax Act, for the same acquisition date as the parent share will not continue to apply to this category of share. For shares acquired on the basis of purchased rights, the acquisition date will be changed from the date of acquisition to the date of subscription/exercise.

The reason for the change is the proposed change to the rule on ownership period, i.e. for individuals the abolition of the different tax treatment of gains and losses depending on whether the shares had been owned for less than three years or for three years or more. When the rule on ownership period for individuals is lifted, then the basis for adding ownership retroactively is no longer present. The change will also lead to a greater correlation between acquisition date and access to apply entry values. The rules in force have therefore led to the construction that bonus shares acquired after May 19, 1993 on the basis of shares acquired before May 19, 1993 are probably considered to have been acquired before May 19, 1993 (at the same time as the parent share), but without access to apply the commercial value on May 19, 1993 instead of the purchase price.

For shares not covered by §§ 8-9 (ordinary shares owned by companies etc.), the following will apply:

If shares are acquired as part of an increase of the company's capital, the shares are deemed to have been acquired on the date of subscription. The date of the subscription will generally be the date on which the general meeting or, if applicable, the board of directors with the authorization of the general meeting decided to increase the share capital.

Allocated subscription rights are regarded as ==having been acquired on the date of acquisition of the rights.== This will usually be the date on which the general meeting or, if applicable, the board of directors with the authorization of the general meeting decided to allocate subscription rights. If the allocation is conditional, the date of acquisition of the rights will be deferred until the date on which the conditions have been met. Shares acquired through the exercise of allocated subscription rights are regarded as having been acquired on the subscription date.

Allocated shares are deemed to have been acquired on the date of acquisition of the rights. Shares acquired through the exercise of allocated share rights are regarded as having been acquired on the date of exercise.

Purchased share or subscription rights are deemed to have been acquired on the date of purchase of the shares or subscription rights. Shares acquired through the exercise of these rights are deemed to have been acquired on the date of exercise/subscription.

Purchased subscription rights for convertible bonds and purchased convertible bonds are deemed to have been acquired on the date of purchase. Convertible bonds acquired through the exercise of allocated subscription rights and convertible bonds acquired through the exercise of a right to subscribe for convertible bonds are deemed to have been acquired on the date of exercise. If convertible bonds are acquired in connection with the issue, without this being the exercise of a subscription right, the convertible bonds are deemed to have been acquired on the date of issue. Shares acquired through conversion of convertible bonds are deemed to have been acquired on the date of conversion.

For allocated subscription rights to convertible bonds, the same applies as for allocated subscription rights to shares.

For shares covered by §§ 8-9 (ordinary shares owned by companies, etc.), the following will still apply:

If the shares are acquired in connection with an increase in the company's capital at a price equal to or above the market price of the shares, the shares are considered to have been acquired on the date of subscription. If the capital increase takes place at a special price, shares acquired on the basis of allocated subscription rights are considered to have been acquired on the same date as the parent share(s) with which the rights and thereby the share is linked.

Allocated subscription rights to shares are regarded as having been acquired on the same date as the parent share(s) with which the rights are linked, if the subscription rights give the right to acquire shares at a special price, cf. § 10. Other allocated subscription rights to shares are regarded as having been acquired on the date of acquisition of the rights.

Allocated share rights and shares acquired by exercising allocated subscription rights are regarded as having been acquired on the same date as the parent share(s) to which the rights are linked, cf. § 10.

Purchased share or subscription rights and shares acquired by exercising these rights are regarded as having been acquired on the date of purchase of the share or subscription rights. If share or subscription rights are acquired to supplement allocated rights, a proportional part of the new shares are regarded as having been acquired on the date of acquisition of the additional rights.

Purchased subscription rights to convertible bonds and purchased convertible bonds are considered to have been acquired on the date of purchase. Convertible bonds acquired through the exercise of an allocated subscription right are deemed to have been acquired on the same date as the parent share. Convertible bonds acquired through the exercise of a purchased right to acquire convertible bonds are considered to have been acquired on the date of purchase of the subscription right. If convertible bonds are acquired in connection with the issue, without this being the exercise of a subscription right, the convertible bonds are deemed to have been acquired on the date of issue. Shares acquired through conversion of convertible bonds are deemed to have been acquired on the same date as the convertible bond.

For allocated subscription rights to convertible bonds, the same applies as for allocated subscription rights to shares.



## Certification of Translation

I, the undersigned, Elena Michalski, Senior Production Manager of Compass Languages, a professional translation agency based at 147 Old Solomons Island Rd, Suite 302, Annapolis, MD 21401 (EIN: 134194307) certify that the content of the following original document(s):

- ownership of shares translation juridisk vejledning_EN
- Handelstag NICHT Valutatag_EN
- 18_06_29 Cum Ex News Politiken HMS_EN
- afrapportering-samarb-med-politi-og-anklag-endelig_EN (Section 7 only)

Have been proofread and deemed accurately translated from Danish into English according to the standards laid out by the American Translators Association.

Signed: *E. Michalski*
Elena Michalski
Senior Production Manager

Date: August 10, 2018

[Notary seal: CINDY A. GALLOWAY, NOTARY PUBLIC, MY COMMISSION EXPIRES JUNE 28, 2020, ANNE ARUNDEL CO., MD]

*Cindy A. Galloway*
8/10/18

147 Old Solomons Island Rd | Suite 302 | Annapolis, Maryland 21401 | USA
Telephone 410 451 4297 | Fax 443 782 0215
www.compasslanguages.com