# Exhibit 7



# Redegørelse om SKATs samarbejde med politi og anklagemyndighed

## Juni 2016



mellem SKAT og andre offentlige myndighed, herunder samarbejde med politi og anklagemyndighed. Disse er medtaget i bilag 4.

# 7 Udveksling af oplysninger

## 7.1 SKATs adgang til at indhente og udveksle oplysninger[17]

### 7.1.1 Indsamling af oplysninger

SKAT må alene indsamle oplysninger, som sigter mod at løse opgaver, som falder inden for SKATs kompetence og oplysningerne må ikke senere bruges til andre formål, der er uforenelige hermed. SKAT må eksempelvis ikke i forbindelse med varekontrollen i Københavns Lufthavn indsamle og efterfølgende videregive oplysninger i et oplysningsskema fra NEC om forhold vedrørende fysiske personer, der kan sættes i forbindelse med prostitution/menneskehandel til NEC. Hvis SKAT imidlertid som led i varekontrollen gør tilfældighedsfund, der giver anledning til en konkret mistanke om en lovovertrædelse som varekontrollen ikke er rettet imod, er reglerne ikke til hinder for, at SKAT kan videregive oplysninger herom eller tilkalde politiet.

Når en skattesag overgår til at blive en skattestraffesag skal SKAT være opmærksom på, at SKATs mulighed for at indhente oplysninger ved anvendelse af tvangsindgreb og oplysningspligter i skattelovgivningen begrænses, jf. reglerne i retssikkerhedslovens §§ 9 og 10, som omtalt ovenfor, afsnit 6.2.2.

### 7.1.2 Medarbejderens adgang til oplysninger

En medarbejder i SKAT må alene have adgang til de oplysninger, den pågældende har behov for i sine konkrete arbejdsopgaver for SKAT, dvs. de arbejdsopgaver, hvor SKAT som arbejdsgiver har instruktionsbeføjelsen[18] og hvor SKAT har bedt medarbejderen om at udføre disse.

### 7.1.3 Tavshedspligt

Medarbejdere i SKAT er omfattet af den almindelige tavshedspligt i straffeloven og en skærpet tavshedspligt i medfør af skatteforvaltningslovens § 17. Tavshedspligten er ikke til hinder for at der kan videregives oplysninger fra skattemyndighederne til andre offentlige myndigheder.

---

[17] En kort gennemgang af reglerne for indsamling og videregivelse af oplysninger fremgår af bilag 2.
[18] Om instruktionsbeføjelse fremgår følgende af SKATs adfærdskodeks af 4. maj 2016: "*Det følger imidlertid af almindelige principper om ledelsesret og instruktionsbeføjelse, at den overordnede kan give ordrer til underordnede medarbejdere. Det ligger således i sagens natur, at det i sidste ende er ledelsen, der om nødvendigt tager stilling til forskellige tvivlsspørgsmål af f.eks. retlig eller økonomisk karakter. Instruktionsbeføjelsen betyder, at den ansatte skal følge en tjenstlig ordre (lydighedspligten). Hvis den ansatte ikke følger en ordre, kan ansættelsesmyndigheden påtale det og om nødvendigt gøre ansættelsesretligt ansvar gældende.*"

### 7.1.4    Videregivelse af oplysninger

SKAT kan, jf. persondatalovens[19]§ 6, videregive ikke-fortrolige og almindelig fortrolige personoplysninger til politi og anklagemyndighed og vice versa, når der videregives de konkrete oplysninger, som er nødvendige som led i SKATs eller politi/anklagemyndighedens myndighedsudøvelse eller som er nødvendige for at overholde en retlig forpligtelse, som påhviler den dataansvarlige myndighed. Det følger af kravet om nødvendighed, at det ikke er berettiget rutinemæssigt at videregive personoplysninger samt, at den afgivende myndighed ikke blot kan oversende hele sagen, således at det er op til den myndighed, der skal modtage oplysningerne, selv at gennemgå denne med henblik på at vurdere, hvilke oplysninger der måtte være relevante.

SKAT kan, jf. persondatalovens § 7, stk. 2 og 6, videregive personoplysninger om racemæssig eller etnisk baggrund, politisk, religiøs eller filosofisk overbevisning, fagforeningsmæssige tilhørsforhold og oplysninger om helbredsmæssige og seksuelle forhold til politi og anklagemyndighed og vice versa, hvis videregivelsen er en forudsætning for, at enten den afgivende eller den modtagende myndighed kan træffe en korrekt forvaltningsafgørelse, eller når videregivelse af oplysningen er nødvendigt af hensyn til myndighedernes varetagelse af deres opgaver på det strafferetlige område.

SKAT kan, jf. persondatalovens § 8, stk. 2, videregive personoplysninger om strafbare forhold, væsentlige sociale problemer og andre rent private forhold end de i § 7, stk. 1, nævnte til politi og anklagemyndighed og vice versa, hvis videregivelsen er nødvendig for, at myndigheden kan udføre sine opgaver, eller er påkrævet for en afgørelse som myndigheden skal træffe.

SKAT kan desuden, jf. forvaltningslovens § 28, stk. 2, videregive fortrolige oplysninger om juridiske personer til politi og anklagemyndighed og vice versa, hvis der er et sagligt behov herfor, og oplysningen vil være af væsentlig betydning for myndighedens virksomhed, eller for en afgørelse myndigheden skal træffe.

### 7.1.5    Pligt til at oplyse den registrerede om videregivelse af oplysninger

Efter persondatalovens §§ 28 og 29 skal en forvaltningsmyndighed, der indsamler oplysninger om en fysisk person - enten direkte fra vedkommende eller fra tredjemand - som udgangspunkt give den pågældende oplysninger herom. Ved udveksling af oplysninger mellem myndigheder påhviler oplysningspligten modtageren af oplysninger. Undtagelser fra oplysningspligten findes i persondatalovens § 28, stk. 2, § 29, stk. 2 og 3 samt § 30.

Om oplysningspligten i forhold til politiets og anklagemyndighedens virksomhed fremgår følgende af Justitsministeriets vejledning nr. 9858 af 12. november 2003 om offentlige myndigheders udveksling af personoplysninger som led i den koordinerede myndighedsindsats over for rockeres kriminalitet, afsnit 2.4.2.4.:

*"Efter persondataloven har de berørte personer som udgangspunkt krav på at blive underrettet, hvis der i medfør af denne lov videregives oplysninger om dem. De nærmere regler herom findes i persondatalovens §§ 28 og 29.*

---

[19] Lov om behandling af personoplysninger, lov nr. 429 af 31. maj 2000.

*Reglerne herom gælder imidlertid ikke politiets og anklagemyndighedens virksomhed på det strafferetlige område."*

## 7.2   SKATs Døgntjeneste - udveksling af oplysninger

SKATs Døgntjeneste er nationalt kontaktpunkt for danske myndigheder. Det betyder bl.a., at døgntjenesten er det sted andre myndigheder skal henvende sig, når de anmoder SKAT om videregivelse af oplysninger, medmindre anmodningen vedrører en konkret sag, som SKAT og den anden myndighed samarbejder om. Døgntjenesten er desuden kontaktpunkt for udenlandske myndigheder (kompetent myndighed) på toldområdet, og dermed det sted udenlandske myndigheder skal henvende sig, når de anmoder SKAT om oplysninger på toldområdet.

Ved videregivelse af oplysninger registreres videregivelsen i Døgnrapporten. Borger- og retssikkerhedschefen har fået oplyst, at det alene er Døgntjenestens medarbejdere, der har adgang til Døgnrapporten og at følgende data registreres ved videregivelse af oplysninger:
- hvilken myndighed der har henvendt sig,
- hvilke oplysninger der er hentet fra hvilket SKAT system og videregivet,
- til hvilket formål oplysningerne er indhentet
- eventuel mailkorrespondance vedhæftes.

## 7.3   Borger- og retssikkerhedschefens bemærkninger

Borger- og retssikkerhedschefen har observeret, at udveksling af oplysninger mellem SKAT og politi og anklagemyndighed ikke altid er begrænset til de konkrete, nødvendige oplysninger fra en sag. Der gives i nogle tilfælde adgang til hele sager eller mange dokumenter eksempelvis:
- efter ransagninger, når SKAT gennemgår alle de indhentede koster for at udvælge, hvilke dokumenter eller konkrete oplysninger er relevante, hvorefter disse udveksles.
- videregives der i konkrete sager i nogle tilfælde oplysninger mellem SØIK og SKAT på en måde, der har karakter af at være rutinemæssig.

Der udveksles i nogle tilfælde oplysninger mellem SKAT og politi / anklagemyndighed inden der er sket anmeldelse, og således inden der er en konkret sag hos politi / anklagemyndighed. Som eksempler herpå kan nævnes prævisitation, hvor der udveksles oplysninger ved drøftelser mellem SKAT og politi / anklagemyndighed samt følgende, der fremgår af kontrolmanualen "Sager vedrørende straffelovens § 289/289a mv[20].":
- afsnit 2 - Forberedelse af kontrol: *"Kontakt til SØIK/politiet, hvis det skønnes relevant på dette tidlige tidspunkt, fx. grundet kendskab til eksistensen af anden politiefterforskning eller andet. Afklaring på eventuel fremadrettet politiefterforskning skal søges."* samt
- afsnit 3 - Gennemførelse af kontrollen: *"Løbende kontakt til SØIK/politiet med henblik på beslutning om, hvad der videre skal ske (ofte vil politiet kræve, at SKAT har udtømt egne kontrolbeføjelser førend sagen anmeldes)."*

---

[20] Kontrolmanualen er i maj 2016 blevet opdateret og titlen er ændret til "Sager vedrørende svigsbekæmpelse".

27

Borger- og retssikkerhedschefen har desuden fra konkrete enkeltsager kendskab til udveksling af oplysninger mellem SKAT og politi/anklagemyndighed, hvor det ikke er tydeligt med hvilken hjemmel udvekslingen sker.

Det er herudover Borger- og retssikkerhedschefens indtryk, at der ikke er helt klarhed over, i hvilken grad SKAT kan være involveret i politiets efterforskning, og dermed den udveksling af oplysninger der sker ved indhentelse og gennemgang af oplysninger.

Disse forhold finder Borger- og retssikkerhedschefen er retssikkerhedsmæssigt betænkelige for både borger /virksomhed og for SKATs medarbejder.

Borger- og retssikkerhedschefen finder det ud fra en retssikkerhedsmæssig vurdering væsentligt, at der fremadrettet er opmærksomhed på, at medarbejderne i SKAT, når der udveksles oplysninger, er bevidste om hvilken type af oplysninger der udveksles og dermed også hvilken hjemmel der er til den konkrete udveksling af oplysningerne.

Det er derfor Borger- og retssikkerhedschefens **anbefaling**, at det, når der udveksles oplysninger til politi og anklagemyndighed, dokumenteres, hvilke oplysninger der er videregivet og begrundelsen herfor, herunder hvilken konkret hjemmel der er til den pågældende udveksling af oplysninger.

# 8   Ransagning

Ransagning er et tvangsindgreb og et af politiets efterforskningsskridt i straffesager. Reglerne om ransagning i straffesager findes i retsplejelovens kap. 73, §§ 793 - 800.

Det fremgår desuden af skattekontrollovens § 19, stk. 2, kildeskattelovens § 78, stk. 2, toldlovens § 80, stk. 5 og opkrævningslovens § 19, at ransagning i sager om overtrædelse af henholdsvis skattekontrolloven, kildeskatteloven, toldloven og opkrævningsloven kan ske i overensstemmelse med retsplejelovens regler.

Lovbestemmelserne og SKATs retningslinjer for ransagning er gengivet i bilag 3.

## 8.1   SKATs retningslinjer

Borger- og retssikkerhedschefen kan konstatere, at SKATs retningslinjer for anvendelse af hjemlerne til ransagning i egne love (skattekontrolloven, kildeskatteloven, toldloven og opkrævningsloven) ikke er beskrevet klart eller entydigt:

Ifølge Den juridiske vejledning, afsnit A.C.3.1.2.1 og A.C.3.1.2.2:
– angives ransagningsbestemmelser (skattekontrollovens § 19, stk. 2 og kildeskattelovens § 78, stk. 2) også som hjemmel til at anmode om indenretslig afhøring af vidner, beslaglæggelse af befordringsmidler og andre straffeprocessuelle tvangsmidler.
– anvendes ransagningshjemlerne alene efter at en ansættelse er foretaget, og sagen er oversendt til vurdering af et eventuelt strafansvar.

28



# DANISH CUSTOMS AND TAX ADMINISTRATION

## Report on the Danish Customs and Tax Administration's Partnership with the Police and the Prosecution Service

## June 2016



**DIRECTOR OF PUBLIC SAFETY
AND DUE PROCESS**

1

# 7  Exchange of information

## 7.1  The access of the Danish tax authorities (SKAT) to collect and exchange information[17]

### 7.1.1  Collection of information

The Danish tax authorities are solely permitted to collect data with the aim to solve issues that fall within the authority of the Danish tax authorities and the data may not subsequently be used for other purposes that are incompatible with the above. The Danish tax authorities are not permitted, for example, as part of the control of goods at Copenhagen Airport, to collect and subsequently disclose data in an information sheet from the Danish National Investigation Centre (NEC) on issues pertaining to natural persons who can be related to prostitution/human trafficking to the Danish National Investigation Centre. If the Danish tax authorities, however, as part of the control of goods make a random discovery that gives rise to specific suspicion of a contravention of the law at which the control of goods is not aimed, regulations do not prevent the Danish tax authorities from disclosing data about this or calling the police.

When a tax-related case becomes a criminal case, the Danish tax authorities must bear in mind that their ability to collect data by the use of coercive measures and duties of notification pursuant to tax legislation is limited, cf. the provisions contained in §§ 9 and 10 of the Danish Consolidation Act on Legal Protection and Administration in Social Matters, as mentioned above, para. 6.2.2.

### 7.1.2  The employee's access to information

An employee of the Danish tax authorities may solely have access to the data that they require in order to perform their specific tasks for the Danish tax authorities, i.e. tasks for which the Danish tax authorities, as employer, have powers of instruction[18] and which the Danish tax authorities have asked the employee to perform.

### 7.1.3  Confidentiality

Employees of the Danish tax authorities are subject to general confidentiality as contained in the Danish Criminal Code and additional confidentiality pursuant to § 17 of the Danish Tax Administration Act. Confidentiality does not prevent information from being disclosed by the tax authorities to other government authorities.

---

[17] A brief review of the rules relating to the collection and disclosure of data can be found in Appendix 2.

[18] The Danish tax authorities' Code of Conduct of May 4, 2016 states the following on powers of instruction:
*"Pursuant to general principles on management law and powers of instruction, the superior may give orders to subordinate employees. In the nature of things, it is therefore ultimately the management who, if necessary, addresses various questions of doubt, for example, of a legal or financial nature. Powers of instruction mean that the employee must follow an official order (duty of obedience). If the employee does not follow an order, the employing authority may reprimand the employee and, if necessary, apply the provisions contained in employment law."*

### 7.1.4   Disclosure of data

The Danish tax authorities may, cf. § 6 of the Danish Act on Processing of Personal Data[19], disclose non-confidential and general confidential personal data to the police and prosecution service and vice versa, when specific information is being disclosed that is required as part of the Danish tax authorities' or the police's/prosecution service's exercise of powers or which is required in order to comply with legal obligations incumbent on the data controlling authority. It follows from the requirement of necessity that disclosing personal data as a matter of routine is not permitted and the disclosing authority cannot simply hand over an entire case and leave it up to the receiving authority to review the case in order to assess which items of information may be relevant.

The Danish tax authorities may, cf. § 7, paras. 2 and 6 of the Danish Act on Processing of Personal Data, disclose personal data on race or ethnic background, political, religious or philosophical conviction, trade union affiliation and information related to health and sexual relationships to the police and prosecution service and vice versa, if such disclosure is a prerequisite for either the disclosing or receiving authority being capable of making a correct administrative decision or when disclosure of such data is necessary in order for the authorities to be able to perform their duties in the area of criminal law.

The Danish tax authorities may, cf. § 8, para. 2 of the Danish Act on Processing of Personal Data, disclose personal data on criminal offences, significant social problems and other purely personal matters than those set out in § 7, para. 1, to the police and prosecution service and vice versa, if such disclosure is necessary in order for the authority to perform its duty or is required for a decision that the authority is to make.

The Danish tax authorities may, cf. § 28, para. 2 of the Danish Public Administration Act, disclose confidential information about legal entities to the police and prosecution service and vice versa, if such disclosure is reasonably justified and the information is of significant importance for the authority to perform its duty or is required for a decision that the authority is to make.

### 7.1.5   Obligation to inform the data subject of the disclosure of information

Pursuant to §§ 28 and 29 of the Danish Act on Processing of Personal Data, an administrative authority that collects data about a natural person (either directly from that person or from a third party) must, as a rule, notify the person of such collection. In the exchange of information between government authorities, the notification obligation rests with the recipient of the information. Exceptions from the notification obligation can be found in § 28, para. 2, § 29, paras. 2 and 3 and § 30 of the Danish Act on Processing of Personal Data.

The following on the notification obligation, as regards activities by police and prosecution service, is stated in the Danish Ministry of Justice's Guide no. 9858 of November 12, 2003 on government authorities' exchange of personal data as part of coordinated government authority efforts against biker crime, para. 2.4.2.4:

*"Pursuant to the Danish Act on Processing of Personal Data, affected persons are, as a rule, entitled to be notified if data about them is disclosed pursuant to this act. Detailed regulations can be found in §§ 28 and 29 of the Danish Act on Processing of Personal Data.*

---

[19] Act on Processing of Personal Data, Act no. 429 of May 31, 2000.

26

*The regulations do not, however, apply to the activities of the police and prosecution service in the area of criminal law."*

## 7.2 The Danish tax authorities' 24-hour Service – exchange of information

The Danish tax authorities' 24-hour Service is a national point of contact for Danish government authorities. This means, among other things, that the 24-hour Service is the service which other government authorities must contact when they request the Danish tax authorities to disclose data, unless such a request pertains to a specific case on which the Danish tax authorities and the other government authority are working on jointly. The 24-hour Service is also the point of contact for foreign government authorities (competent authority) in the customs-related field and thereby the point which foreign government authorities must contact when they request the disclosure of data by the Danish tax authorities in the customs-related field.

When information is disclosed, the disclosure is recorded in the Day Report. The head of citizen and legal security has been told that only 24-hour Service employees have access to the Day Report and that the following information is recorded when data is disclosed:
- the authority that has contacted the 24-hour Service,
- what data has been retrieved from the Danish tax authority system is question and disclosed,
- the purpose for which the data was collected
- e-mail correspondence, if any, is attached.

## 7.3 Comments by the head of citizen and legal security

The head of citizen and legal security has observed that the exchange of information between the Danish tax authorities and police and prosecution service is not always limited to specific and necessary information in a case. In some cases, access is given to entire case files or many documents, e.g.:
- after police raids, when the Danish tax authorities review all the data obtained in order to select the documents or specific items of information that may be relevant, after which they are exchanged.
- in specific cases data is disclosed between the Danish State Prosecutor for Serious Economic and International Crime and the Danish tax authorities in a manner that is almost routine.

In some cases, information is exchanged between the Danish tax authorities and the police/prosecution service before a crime is reported and, therefore, before a specific case has been raised by the police/prosecution service. Examples of this can be pre-referrals, in which information is exchanged during discussions between the Danish tax authorities and the police/prosecution service, as well as the following, as stated in the cases pertaining to §§ § 289/289a, etc. of the Danish Criminal Code manual[20]:
- section 2 – Preparation of control: "Liaison with the Danish State Prosecutor for Serious Economic and International Crime/police, if this is deemed appropriate at this early stage, e.g. due to information about the existence of other police investigations, etc. Clarification of any future police investigation must be sought." as well as
- section 3 – Performance of control: "Continuous liaison with the Danish State Prosecutor for Serious Economic and International Crime/police, in order to determine what is to take place (often the police will require that the Danish tax authorities have exhausted their own powers before a case is reported)."

---

[20] In May 2016, the quality manual was updated and its title changed to 'Cases of Fraud Prevention'.

27

Case 1:18-cv-04047-LAK   Document 36-35   Filed 03/15/18   Page 5 of 5

The head of citizen and legal security, additionally, has knowledge of specific individual cases of the exchange of information between the Danish tax authorities and the police/prosecution service where it is unclear under what kind of authority such exchange takes place.

It is further the impression of the head of citizen and legal security that complete clarity does not exist as to the extent to which the Danish tax authorities can be involved in police investigations and, thereby, the exchange of information that takes place in the collection and review of information.

The head of citizen and legal security finds these circumstances disturbing in terms of legal security for both citizens/enterprises and employees of the Danish tax authorities.

From the point of view of legal security, the head of citizen and legal security finds it important that, in the future,it is ensured that employees of the Danish tax authorities exchanging information should be aware of the type of information being exchanged and, thereby, also the authority that exists for the exchange of such information in each case.

It is therefore the **recommendation** of the head of citizen and legal security that when information is exchanged with the police and prosecution service, the information disclosed and the reason for such disclosure should be documented, as should the specific authority that exists for exchanging the information in question.

28



## Certification of Translation

I, the undersigned, Elena Michalski, Senior Production Manager of
Compass Languages, a professional translation agency based at 147
Old Solomons Island Rd, Suite 302, Annapolis, MD 21401 (EIN:
134194307) certify that the content of the following original
document(s):

- ownership of shares translation juridisk vejledning_EN
- Handelstag NICHT Valutatag_EN
- 18_06_29 Cum Ex News Politiken HMS_EN
- afrapportering-samarb-med-politi-og-anklag-endelig_EN
  (Section 7 only)

Have been proofread and deemed accurately translated from Danish
into English according to the standards laid out by the American
Translators Association.

Signed: _E. Michalski_____

Elena Michalski
Senior Production Manager

Date:   August 10, 2018

_Cindy A. Galloway_
8/10/18

CINDY A. GALLOWAY
NOTARY PUBLIC
MY COMMISSION EXPIRES
JUNE 28, 2020
ANNE ARUNDEL CO., MD

147 Old Solomons Island Rd | Suite 302 | Annapolis, Maryland 21401 | USA
Telephone 410 451 4297 | Fax 443 782 0215
www.compasslanguages.com



# COMPASS
## LANGUAGES

## Certification of Translation

I, the undersigned, Elena Michalski, Senior Production Manager of Compass Languages, a professional translation agency based at 147 Old Solomons Island Rd, Suite 302, Annapolis, MD 21401 (EIN: 134194307) certify that the content of the following original document(s):

- Final Decision SKAT Cole
- The 78 Yorktown Pension Plan
- The Bradley London Pension Plan
- 108630-2 klage - Bradley London
- 108636-1 klage - 78 Yorktown
- afrapportering-samarb-med-politi-og-anklag-endelig (Cover Page only)

Have been accurately translated from Danish into English according to the standards laid out by the American Translators Association.

Signed: _E. Michalski_

Elena Michalski
Senior Production Manager

Date: August 10, 2018

CINDY A. GALLOWAY
NOTARY PUBLIC
MY COMMISSION EXPIRES JUNE 28, 2020
ANNE ARUNDEL CO., MD

Cindy A. Galloway
8/10/18

147 Old Solomons Island Rd | Suite 302 | Annapolis, Maryland 21401 | USA
Telephone 410 451 4297 | Fax 443 782 0215
www.compasslanguages.com