

January 23, 2019

*Via ECF*
Honorable Lewis A. Kaplan, U.S.D.J.
United States Courthouse
500 Pearl Street, Courtroom 21B
New York, NY 10007

      Re:    <u>In re: Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Litigation, Docket Number 18-md-2865 (LAK)</u>

Dear Judge Kaplan:

    I received Mr. Allison's reply.

    Mr. Allison states that he knew that a "reply" was not authorized by this Court's Order, but that he asked some of the counsel in the case if it was okay for him to file a reply, and some of those counsel said it was okay. Mr. Allison did not ask all of the counsel and he did not ask me. I assume he also did not ask this Court.

    Lead Counsel's role should not allow for discriminating amongst defendants in communications or actions. That was the crux of my filed Objection. Although a Lead Counsel role is not defined, I would submit that a Lead Counsel has to do what is best for every defendant and attempt to consensus-gather without compromising any defendant. Most importantly, the role of Lead Counsel has to be detached from internal advocacy.

    I perceive Mr. Allison is acting as an advocate and the filed "reply" and the manner in which the filing was accomplished amplifies that perception and bolsters my Objection to the proposed form of order as follows:

1. Mr. Allison states that the basis for filing the "reply" is an effort to help the Court understand some of the issues surrounding the proposed form of Order for Lead Counsel and to allow tomorrow's Conference to proceed more efficiently. In two paragraphs, Mr. Allison identifies two of those issues that he encountered and advises that the issues are now resolved. Nothing more to do. Nothing for the Court to do. The balance of the two page letter is about me. The premise for the letter, therefore, appears to be a pretext to "complain" about me?; and

HANAMIRIAN LAW FIRM, P.C.
40 E. MAIN STREET MOORESTOWN, NJ 08057    30 WALL STREET NEW YORK, NY 10005
O 856.793.9092   F 856.793.9121   W hanamirian.com



2. Mr. Allison previously complained about me in a letter he sent to me on January 15th wherein he identified conflicts of interest and other client-related issues. Exhibit "A". Mr. Allison provided no facts in support of those assertions. Mr. Allison unilaterally reached his own conclusions. Mr. Allison demanded a reply to his letter that same day and further demanded my immediate withdrawal from my representation of my clients. Mr. Allison advised that if I didn't do so, he would notify the Court. I replied that day, stating the facts and, because of the nature of the accusations and the manner in which they were presented, I copied Mr. Allison's firm's General Counsel. I told Mr. Allison then that I did not see such assertions as covered by any litigation privilege and that any further action would likely be irreparable. The demands were concerning and the timing was curious as I did not see the urgency and, as I advised Mr. Allison, I had a medical procedure performed that morning and did not see his letter until nearly 2:00P; it was a challenge to reply in a timely manner.

If there is an issue of a conflict of interest, there is a motion practice that applies to address that issue. No motion has been filed. The motion process exists to allow the finder of fact to find fact. Mr. Allison cannot unilaterally find fact and conclude law. I withdrew from representing Mr. Allison's clients and, in my Motion to Withdraw, I advised, as the articulated reason for my withdrawal, that those clients would not provide me with their files. There was not an objection and that withdrawal was more than nine months ago. In my response to the January 15th letter, I advised Mr. Allison of the facts surrounding my withdrawal. Exhibit "B". There is a procedure for asserting a conflict of interest in litigation. This is not that procedure. I am on the New Jersey State Committee for Attorney Ethics and there is a procedure for alleging a violation of any Rule of Professional Conduct. There is a procedure. This is not that procedure.

I filed an Objection to the proposed form of order pursuant to this Court's Order. In response, the Lead Counsel has used this process, or the guise of this process, and the authority granted by the Court as Lead Counsel to (1) send a letter to me essentially demanding my withdrawal from representation of my clients with no factual premise: (2) threatening ethics violations with no factual premise and using those threats as leverage to advance a position in litigation; and (3) despite again, articulating no factual basis for those assertions, filing an 11th hour "reply" with this Court repeating those threats.

I would suggest this is personal to Mr. Allison or to his clients, or both, because it just does not make sense. I merely filed an Objection. I believe I struck a nerve and that happens, but trying to silence my Objection through this type of behavior is going too far and it is certainly inconsistent with the demeanor necessary of Lead Counsel to advance all of the defendants' interests.



Thank you for your courtesies.

Respectfully,

John M. Hanamirian

JMH/lmt

# EXHIBIT "A"



Caplin & Drysdale, Chartered
600 Lexington Avenue, 21st Floor
New York, NY 10022-7619
212-379-6000  212-379-6001 Fax
www.caplindrysdale.com

212.379.6060 Direct
mallison@capdale.com

January 14, 2019

**VIA FEDERAL EXPRESS**

John M. Hanamirian
Hanamirian Law Firm, PC
40 E. Main Street
Moorestown, NJ 08057

Dear Mr. Hanamirian:

      We are dismayed and disturbed by your filing on January 11 with respect to your opposition to the proposed order procedures for the lead counsel. While we respect your right to object to the proposed order and be a zealous advocate for your clients, your submission contains seriously false misstatements of facts, materially misrepresents the terms of the proposed order and role of the lead counsel, discloses privileged and confidential information, and most importantly reflects a violation of Rule 1.9 of the New York Rules of Professional Conduct. Our clients (your former clients) have expressed outrage at your letter and accordingly we write to briefly respond.

      Specifically, you have incorrectly identified the number and composition of my clients, the platforms they traded on, and their involvement in the transactions at issue, none of which is relevant to the lead counsel role; you have made flatly inappropriate inferences about my relationship to my clients; you have made unauthorized disclosures of the content of joint defense communications; you have alluded to information you could only have obtained from your prior representation of some of my clients in violation of Rule 1.6 of the New York Rules of Professional Conduct (which we similarly note has arisen from your press interviews); you have misled the Court regarding the procedures set out in the proposed order that expressly provide that each defendant and their counsel retains the full right to make their own objections, communicate directly with plaintiff's counsel on all matters, and file their own separate papers on any issues, while the lead counsel has no proposed binding authority in such capacity; and you have framed your position as one in which your clients are in direct conflict with (some of) my clients, the latter of whom are your former clients and thus you owe a continuing duty of loyalty that precludes your ongoing representation.

      The latter conflict of interest issue is of the most immediate and paramount concern because you cannot be taking positions contrary to their interests. Rule 1.9 of the New York Rules of Professional Conduct provides: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially similar related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Your letter not only underscores this conflict but then very inappropriately attempts to argue purported facts to your former clients' detriment (facts that you know



John M. Hanamirian
January 14, 2019
Page 2

are either unestablished or that you obtained from your prior representation and therefore could not be disclosed without the clients' consent under Rule 1.6).

As you are now on notice of these issues, they are required to be corrected and your January 11 submission must be withdrawn. If that has not occurred immediately and by no later than close of business on January 15, we will be required to inform the Court accordingly. Regardless, we believe the ongoing conflict you have presented may require the immediate withdrawal of your representation of your clients.

I am saddened to have to write this to you, but my clients' hands were forced by your submission which appears to have potentially crossed several ethical and professional lines. I hope you will take the appropriate action so this can be resolved amicably.

Very truly yours,

Mark D. Allison

MDA:kb1

# EXHIBIT "B"

# John Hanamirian

| | |
|---|---|
| **From:** | John Hanamirian |
| **Sent:** | Tuesday, January 15, 2019 5:14 PM |
| **To:** | 'Mark Allison' |
| **Cc:** | 'crizek@capdale.com' |
| **Subject:** | FedEx Letter |
| **Attachments:** | SKAT - Emails (Wolfang, Kai and Helene).pdf |

Mark:

I received a FedEx correspondence from your office today. The letter was dated January 14th and arrived today requiring a response by the end of business today. I was at a physicians' appointment for a procedure today until 12, so I was a bit rushed to reply, but you seemed very urgent in your letter and in the described timeframe, so I wanted to try and meet that deadline. As you proceed, consider please that others may not be able to meet those kinds of deadlines where there may not be a true emergency, but like I said, I tried.

The following is what took place with regard to your cases. The detail is further described in the attached email:

1. I withdrew from your client's cases, identifying to the Court in my Motion to Withdraw that I had never received a file reflecting the underlying facts of the cases as the basis for my effort to withdraw. At that point, you had been formally retained after parallel shadowing the client cases beforehand;

2. Wolfgang Packeisen was directing the trustee client group and he, and Helene Müller Schwiering, refused to provide me with any client information in advance of the First Pre-Trial Hearing. I sent Wolfgang and Helene many follow-ups to that request, particularly expressing that I thought there was a conflict with Wolfgang and the trustees and I very much needed to understand the cases; that I could not be a wind-up toy appearing before Judge Kaplan;

3. Before that time, I sat in on one meeting in New York with you and counsel from Williams and Connelly, the Danish law firm and others brainstorming the international cases;

4. At around 12:30P, during a break in that meeting, I was asked to be counsel in your client's cases by Wolfgang and Helene and I then left the meeting. There was no privileged dialogue at that meeting; and

5. It took Wolfgang and Helene weeks thereafter for Helene to execute an engagement letter and longer to pay. I refused to commence work until I received the retainer. I ultimately received part of the retainer, but did not receive the executed engagement letter. At that point, you had been formally retained and the representation to me was that you would act as co-counsel and that any additional retainer monies available were needed for your firm.

At no time was I was provided with any facts about the underlying matters and I do not have one piece of paper, in any form, reflecting any facts of any of your client's cases. Any suggestion on my part about any fact or scenario in my Opposition is purely me discerning facts from public news sources, conversations with investigative reporters, and from my 6 or 7 years of involvement in these matters. You can say they are incorrect. They are only suggested to show a potential for conflict and the issues I see with the role of Lead Counsel. At the last Status Conference, I raised the same issue. I can be wrong about the facts with respect to your clients, but I was careful to state that I did not know any assertion to be a fact.

Thank you for reaching out. I will not be withdrawing the filed Letter of Opposition or taking any other action at this time. You were involved in the cases for a month before I withdrew. That was in June of 2018. It is January 2019 and nobody raised the issue prior to this time. I purposely stated the reason for my withdrawal in my Motion to Withdraw

1

for this very purpose. I knew there was not a conflict, but by stating my reason for withdrawal in the Motion to Withdrawal and there being no response to the Motion, I provided notice and an opportunity to object and your Firm did not. Before that time and since that time, I have not disclosed any fact or client confidences as I do not have any knowledge of any client information at all. All of the foregoing is supported by the attached email. If you need or want to discuss the matter so that there is no misunderstanding before you take further action, I am available. I perceive any such further action on this matter, in the direction described in your letter, as potentially causing irreparable harm and not protected by a litigation privilege.



John M. Hanamirian, Esq.
Hanamirian Law Firm, P.C.
40 E. Main Street
Moorestown NJ 08057
*"Olde Town Hall"*
30 Wall Street
New York, NY 10005
856-793-9092 (O)
856-793-9121 (F)
215-660-0000 (M)
jmh@hanamirian.com
Licensed in PA, NJ and NY.