UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION<br><br>This document relates to: 18-cv-10119 (LAK)<br>18-cv-10122 (LAK)<br>18-cv-10123 (LAK)<br>18-cv-10124 (LAK)<br>18-cv-10125 (LAK)<br>18-cv-10126 (LAK)<br>18-cv-10133 (LAK)<br>18-cv-10134 (LAK)<br>18-cv-10135 (LAK)<br>18-cv-10136 (LAK) | 18-MD-2865 (LAK)<br><br>ECF Case |

## RESPONSE TO ORDER TO SHOW CAUSE

Defendants in the cases enumerated in the above caption ("Defendants"), through the undersigned counsel, hereby respectfully respond to the Court's Order to Show Cause dated January 10, 2019 [ECF Dk. # 63]. For the reasons set forth below, the Defendants respectfully aver that the Court's memorandum opinion, dated January 9, 2019 [ECF Dk. # 62], should not govern their cases in part, as the Plaintiff SKAT failed to plead plausible claims of aiding and abetting fraud upon which relief may be granted.

"When related cases filed in various federal districts have been consolidated for pretrial purposes before one court under 28 U.S.C. § 1407(a), 'under the rule of *Van Dusen v. Barrack,* 376 U.S. 612, 84 S. Ct. 805, 11 L.Ed.2d 945 (1964), a transferee court applies the substantive state law, including choice-of-law rules, of the jurisdiction in which the action was filed.'" *De George v. American Airlines, Inc.*, 2009 WL 1868016, *16 (2d Cir. June 30, 2009) (*citing*

*Menowitz v. Brown*, 991 F. 2d 36, 40 (2d Cir. 1993)). Both jurisdictions where the Complaints for the cases enumerated in the caption above were initially filed by Plaintiff SKAT, namely Ohio and Texas, do not recognize the cause of action for aiding and abetting fraud. Accordingly, Defendants respectfully request that this Court dismiss the claims of aiding and abetting fraud with prejudice against all Defendants.

## I. OHIO DOES NOT RECOGNIZE A CAUSE OF ACTION FOR AIDING AND ABETTING FRAUD.

In May 2018, SKAT filed four complaints in the U.S. District Court for the Southern District of Ohio against U.S. pension plan investors (The Bella Consultants Pension Plan, The Sinclair Pension Plan, The Mueller Investments Pension Plan, and The Green Group Site Pension Plan) and the plans' Authorized Representative, Roger Lehman (the "Ohio Complaints" when referring to the complaints, and the "Ohio Defendants" when referring to the Defendants).[1] The Ohio Complaints, identical in their allegations and nearly identical in their purported facts to the complaints filed in the U.S. District Court or the Southern District of New York, each asserted a cause of action of aiding and abetting fraud against each of the Ohio Defendants.[2] On August 30, 2018, the Ohio Defendants moved to dismiss the Ohio Complaints on various grounds, including SKAT's failure to plead a plausible claim of aiding and abetting upon which relief may be granted.[3]

In response to the Court's Order to Show Cause, the Ohio Defendants maintain that for the following reasons the cause of action for aiding and abetting fraud should be dismissed

---

[1] The Ohio Complaints, as originally filed, are attached as Exhibits 1 through 4 to the Declaration of Mark D. Allison.
[2] *See* Ohio Complaints (*The Bella Consultants Pension Plan* Complaint at ¶¶ 55-61, *The Mueller Investments Pension Plan* Complaint at ¶¶ 55-61, *The Green Group Site Pension Plan* Complaint at ¶¶ 55-61, and *The Sinclair Pension Plan* at ¶¶ 57-63).
[3] *See* Consolidated Defendants' Motion To Dismiss the Complaints, *SKAT v. The Bella Consultants Pension Plan, et. al.*, Dk. No. 1:18-cv-00309-MRB (S.D. Ohio) [ECF Dk. # 21].

against all the Ohio Defendants. The Ohio Supreme Court has made clear that claims for aiding and abetting a fraud are not viable under Ohio law. *DeVries Dairy, L.L.C. v. White Eagle Coop. Assn., Inc.*, 2012–Ohio–3828, 132 Ohio St. 3d 516, 974 N.E.2d 1194, 1194 (Ohio 2012) (Ohio "has never recognized a claim under 4 Restatement 2d of Torts, Section 876 (1979), and we decline to do so under the circumstances of this case."). Subsequently, Ohio courts have consistently concluded that "Ohio does not recognize a cause of action for aiding and abetting a tortious act." *See e.g.*, *Wells Fargo v. Smith*, 2013–Ohio–855 at ¶ 36, 2013 WL 938069 (Ohio Ct. App. Mar. 11, 2013) (finding no error in the trial court's grant of summary judgment on aiding and abetting fraud claim, because such a cause of action is unrecognized). Moreover, "Federal Courts in Ohio, including the Sixth Circuit, have similarly determined that aiding and abetting claims like plaintiffs' are not viable in light of the *DeVries* holding." *Spaude v. Mysyk*, 2017 WL 9485666, at *13–14 (N.D. Ohio July 14, 2017) (citing *Grubbs v. Sheakley Grp., Inc.*, 2014 WL 202041, at *7 (S.D. Ohio Jan. 17, 2014); *Estate of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 929 (6th Cir. 2013)); *see also Antioch C. Litigation Trust v. Morgan*, 2012 WL 6738676, at *3 ("The Supreme Court of Ohio held … both that aiding and abetting (1) has never been recognized as valid tort in Ohio; and (2) is not a valid tort under the circumstances presented in *DeVries*"). Because SKAT's aiding and abetting tortious conduct claims fail to state viable claims under Ohio law upon which relief may be granted, they must be dismissed against all the Ohio Defendants.

## II. TEXAS DOES NOT EXPRESSLY RECOGNIZE A CAUSE OF ACTION FOR AIDING AND ABETTING.

On June 8, 2018, SKAT filed six complaints in the U.S. District Court for the Southern District of Texas against U.S. pension plan investors (Blackrain Pegasus LLC Solo 401K Plan, Pegasus Fox 23 LLC Solo 401K Plan, Delgado Fox LLC Solo 401K Plan, Gyos 23 LLC Solo

401K Plan, The Joanne E. Bradley Solo 401K Plan, and The Oak Tree One 401K Plan) and the plans' Authorized Representative, Doston Bradley (the "Texas Complaints" when referring to the complaints, and the "Texas Defendants" when referring to the Defendants).[4] The Texas Complaints are also identical in their allegations and nearly identical in their purported facts to the complaints filed in the U.S. District Court or the Southern District of New York. The Texas Complaints, likewise, each asserted a cause of action of aiding and abetting fraud against each of the Texas Defendants.[5] On August 30, 2018, the Texas Defendants moved to dismiss the Texas Complaints on various grounds, including SKAT's failure to plead a plausible claim of aiding and abetting upon which relief may be granted.[6]

In response to the Court's Order to Show Cause, the Texas Defendants maintain that for the following reasons the cause of action for aiding and abetting fraud should be dismissed against all the Texas Defendants. The Texas Supreme Court "has not expressly decided whether Texas recognizes a cause of action for aiding and abetting." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 781 (5th Cir. 2018) (citing *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017) (citing *Juhl v. Airington*, 936 S.W.2d 640, 643 (Tex. 1996))). In *In re DePuy Orthopaedics, Inc.*, the Fifth Circuit Court of Appeals held that the district court "sitting in diversity" exceeded its "bounds of its legitimacy in fashioning novel causes of action not yet recognized by the state courts" when it recognized the tort of aiding and abetting fraud. *Id.* Consequently, the Fifth Circuit held that a defendant was entitled to judgment as a matter of law on the "plaintiffs' aiding-and-abetting

---

[4] The Texas Complaints, as originally filed, are attached as Exhibits 5 through 10 to the Declaration of Mark D. Allison.
[5] *See* Texas Complaints at ¶¶ 57-63.
[6] *See* Consolidated Defendants' Motion To Dismiss the Complaints, *SKAT v. Blackrain Pegasus LLC Solo 401K Plan, et. al.*, Dk. No. 4:18-cv-01889 (S.D. Tex.) [ECF Dk.# 38].

claim because no such claim exists in Texas." *Id.* SKAT's aiding and abetting claim against the Texas Defendants fails on the same grounds.

## CONCLUSION

For the foregoing reasons, the claims of aiding and abetting fraud should be dismissed against all the Ohio and Texas Defendants.

Dated: New York, New York

    January 31, 2019

          s/ Mark D. Allison
Mark D. Allison
Zhanna A. Ziering
CAPLIN & DRYSDALE, CHARTERED
600 Lexington Ave., 21st Floor
New York, NY 10022
Tel: (212) 379-6000
mallison@capdale.com
zziering@capdale.com

*Attorneys for Defendants*
*The Bella Consultants Pension Plan*
*The Sinclair Pension Plan*
*The Mueller Investments Pension Plan*
*The Green Group Site Pension Plan*
*Roger Lehman*
*Blackrain Pegasus LLC Solo 401K Plan*
*Pegasus Fox 23 LLC Solo 401K Plan*
*Delgado Fox LLC Solo 401K Plan*
*Gyos 23 LLC Solo 401K Plan*
*The Joanne E. Bradley Solo 401K Plan*
*The Oak Tree One 401K Plan*
*Doston Bradley*

# CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2019, true and correct copies of the Response to the Order to Show Cause were served by CM/ECF or as indicated below on the following:

Sarah L. Cave
Marc A. Weinstein
William R. Maguire
John T. McGoey
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
sarah.cave@hugheshubbard.com
marc.weinstein@hugheshubbard.com
bill.maquire@hugheshubbard.com
john.mcgoey@hugheshubbard.com
*Attorneys for Plaintiff SKAT*

                s/ Mark D. Allison

                Mark D. Allison
                CAPLIN & DRYSDALE, CHARTERED
                600 Lexington Ave., 21st Floor
                New York, NY 10022
                (212) 379-6000
                mallison@capdale.com