UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |  |
|---|---|
| In re<br>CUSTOMS AND TAX ADMINISTRATION<br>OF THE KINGDOM OF DENMARK (SKAT)<br>TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 18-cv-10100 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

## **NEWSONG DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

### INTRODUCTION

SKAT's real claims in this case are its allegations that the Newsong Defendants either fraudulently or negligently misrepresented facts to SKAT and obtained tax refunds to which they were not entitled.[1] But SKAT sat on those claims and allowed the relevant Pennsylvania statutes of limitations to run on them.[2] Thus, SKAT must fall back on three other causes of action that SKAT's allegations do not fit.

In its Pretrial Order No. 7 [Order to Show Cause] (the "Order to Show Cause"),[3] the Court directed the defendants to explain why the Court's January 9, 2019, opinion (the "Opinion")[4] does not require denial of the various defendants' individual motions to dismiss.[5] In this case, the answer is that SKAT's remaining claims against the Newsong Defendants do not

---

[1] The Newsong Defendants include Plan Defendant Newsong Fellowship Church 401(k) Plan (the "Newsong Plan") and Individual Defendant Alexander Jaimie Mitchell III.

[2] *See* 42 Pa. C.S. § 5524(7) (two-year statute of limitations).

[3] 18-md-02865 [Dkt. No. 63].

[4] 18-md-02865 [Dkt. No. 62].

[5] The Newsong Defendants understand that the Court's Order to Show Cause requires the Newsong Defendants to explain why, notwithstanding the Opinion, the Newsong Defendants are still entitled to dismissal.

properly state claims for which Pennsylvania law could grant relief. *See* Fed. R. Civ. P. 12(b)(6).[6]

## PROCEDURAL BACKGROUND

SKAT filed its action against the Newsong Defendants (the "Newsong Action") in the U.S. District Court for the Eastern District of Pennsylvania. The Judicial Panel on Multidistrict Litigation subsequently transferred the Newsong Action to this Court on October 9, 2018. *See* Transfer Order.[7] On November 20, 2018, SKAT voluntarily withdrew its claims for fraud (Count I), aiding-and-abetting (Count II), and negligent misrepresentation (Count VI), leaving only its claims for payment by mistake (Count III), unjust enrichment (Count IV), and money had and received (Count V). *See* Plaintiff's Notice of Partial Voluntary Dismissal.[8] The Newsong Defendants moved to dismiss SKAT's remaining claims based on, among other things, the revenue rule and Rule 12(b)(6), including specific arguments under Pennsylvania law that demonstrate that the remaining claims fail to state claims for which relief may be granted. *See* Motion to Dismiss (the "Motion to Dismiss").[9]

On January 9, 2019, this Court issued its memorandum opinion (the "Opinion")[10] concerning the motion to dismiss filed by the Southern District of New York defendants (18-cv-04047). At the same time, the Court issued the Order to Show Cause, requiring that defendants

---

[6] As noted in their motion to dismiss, the Newsong Defendants believe that the revenue rule requires dismissal of the lawsuit against them. They continue to assert that position as part of their Motion to Dismiss, but they will not address that argument here because the Court has indicated that it is not at this time willing to dismiss any of these cases based on the revenue rule.

[7] 18-md-02865 [Dkt. No. 1].

[8] 18-md-02865 [Dkt. No. 36].

[9] 18-md-02865 [Dkt. Nos. 44 & 45]. For the Court's convenience, a copy of SKAT's complaint in the Newsong Action is attached hereto as <u>Exhibit</u> A, and the Memorandum in Support of the Motion to Dismiss is attached hereto as <u>Exhibit</u> B.

[10] 18-md-02865 [Dkt. No. 62].

who had filed motions to dismiss, including the Newsong Defendants, show cause why the Opinion should not govern their respective cases.

## ARGUMENT

SKAT's claims for payment by mistake (Count III), unjust enrichment (Count IV), and money had and received (Count V) should be dismissed in the Newsong Action because of distinct issues arising under Pennsylvania law.[11]

**A. The Court should dismiss the unjust-enrichment claim in the Newsong Action notwithstanding the conclusion in the Opinion because SKAT's allegations fail to state a claim for unjust enrichment under Pennsylvania law.**

Under Pennsylvania law, unjust enrichment may only be alleged in two situations:

> (1) a quasi-contract theory of liability, where the unjust enrichment claim is brought as an alternative to a breach of contract claim; or (2) a "companion" theory of liability, where the unjust enrichment claim is a companion to a tort claim and seeks to divest the defendant of a benefit obtained by the committing the tort.

*Symphony FS Ltd. v. Thompson*, No. 5:18-CV-3904, 2018 WL 6715894, at *9 (E.D. Pa. Dec. 20, 2018).[12] Thus, any standalone cause of action based on unjust enrichment is barred without either a separate tort-based cause of action or an underlying void or unconsummated contract. *See Boring v. Google Inc.*, 362 F. App'x 273, 282 (3d Cir. 2010) (dismissing unjust-enrichment

---

[11] "An MDL transferee court 'applies the substantive state law, including choice-of-law rules, of the jurisdiction in which the action was filed.'" *In re Mirena IUD Prod. Liab. Litig.*, 29 F. Supp. 3d 345, 350 (S.D.N.Y. 2014) (citing *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993)). SKAT filed this diversity action in the U.S. District Court for the Eastern District of Pennsylvania. Accordingly, the substantive law of Pennsylvania applies to SKAT's remaining state law claims. *See id.*

[12] Notably, the Eastern District of Pennsylvania decided *Symphony FS Ltd. v. Thompson* after the Newsong Defendants already filed their Motion to Dismiss. In any event, because SKAT has not responded to the Motion to Dismiss, SKAT is not prejudiced in any way by citations to additional authority supporting arguments already made in its Motion to Dismiss.

claim where plaintiff failed to allege a void or unconsummated contract).[13] Simply stated, for a plaintiff properly to state a claim for unjust enrichment under Pennsylvania law, it must allege either (1) that there was an attempted contract between the parties that cannot now be enforced and that one party has received a benefit that it should not be permitted to retain or (2) that the defendant has committed a tort, which the plaintiff must assert along with the unjust-enrichment claim, such that it would be wrongful for the defendant to retain the benefit of its tortious conduct. *See Symphony FS Ltd., supra.*

As argued in the Newsong Defendant's Motion to Dismiss, SKAT does not and cannot allege that it and the Newsong Defendants ever sought to create a contractual relationship that would support an unjust-enrichment claim under the first test. And, while SKAT alleged tort claims against the Newsong Defendants, it has dismissed those time-barred claims. Since Pennsylvania law does not allow a standalone unjust-enrichment claim based on allegedly tortious conduct, SKAT cannot proceed under the second test. Thus, even if the Opinion correctly determined the revenue-rule issue, the Court should nonetheless dismiss the claim for unjust enrichment in the Newsong Action because it fails to state a claim for which relief may be granted under Pennsylvania law.

---

[13] *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 936 (3d Cir. 1999) ("In the tort setting, an unjust enrichment claim is essentially another way of stating a traditional tort claim."); *SodexoMAGIC, LLC v. Drexel Univ.*, 333 F. Supp. 3d 426, 472–73 (E.D. Pa. 2018) (stating plaintiff must plead unjust enrichment based on implied contract to avail itself of quasi-contract theory of liability or as a companion to a valid tort claim); *see also Zafarana v. Pfizer, Inc.*, 724 F. Supp. 2d 545, 560 (E.D. Pa. 2010) (dismissing unjust-enrichment claim absent "a separate tort, the damages from which could be supported by a theory of unjust enrichment").

**B. The Court should dismiss the payment-by-mistake and money-had-and-received claims in the Newsong Action notwithstanding the conclusion in the Opinion because those claims simply mimic SKAT's flawed unjust-enrichment claim.**

SKAT's payment-by-mistake and money-had-and-received claims should also be dismissed as duplicative under Pennsylvania law. As the Newsong Defendants argued in their Motion to Dismiss, these claims, which seek return of money in restitution, are nothing more than unjust enrichment by another name under Pennsylvania law. *See Wilson & Co. v. Douredoure*, 154 F.2d 442, 445–46 (3d Cir. 1946) ("For it has been stated by the Pennsylvania courts that the object in proceedings for restitution is the prevention of unjust enrichment of the defendant").[14] Since these claims must be predicated on being able to show unjust enrichment of the Newsong Defendants (which, as stated above, SKAT cannot do without a companion tort claim or alleging a quasi-contract), it follows that because SKAT's claim for unjust enrichment fails, SKAT's remaining claims also must fail. This is true regardless of the form of action of those remaining claims. *See Wilson & Co.*, 154 F.2d at 445 (stating recovery in restitution "allowed if, and only if, the defendant would be unjustly enriched by the retention of the plaintiff's money.").

---

[14] *See also Smith v. Carolina Med. Ctr.*, 274 F. Supp. 3d 300, 326–27 (E.D. Pa. 2017) (stating unjust enrichment and payment by mistake are "essentially duplicative" and allowing restitution claims to proceed with fraud claims) (quoting *United States v. Albinson*, No. 09-1791 (DRD), 2010 WL 3258266, at * (D.N.J. Aug. 16, 2010)); *Cement Masons' Union Local No. 592 Pension Fund v. Fletcher*, No. CIV.A. 99-6132, 2000 WL 1899947, at *2 (E.D. Pa. Dec. 29, 2000) (recognizing unjust enrichment for "money paid under a mistake of fact" where plaintiff admitted to receiving overpayment of pension funds after presenting overpayment to bank); *Selcke, By & Through Schacht v. F.D.I.C.*, No. CIV. A. 92-6616, 1994 WL 719626, at *5 (E.D. Pa. Dec. 21, 1994) (recognizing unjust enrichment for "money had and received" by defendant from third party under loan agreement where money had been held in trust for plaintiff). Notably, other jurisdictions treat money had and received, payment by mistake, and unjust enrichment as essentially the same. *See, e.g.*, *Ramon v. Budget Rental-A-Car Sys., Inc.*, No. 06-1905 2007 WL 604795, at *5 (D.N.J. Feb. 20, 2007) (stating "unjust enrichment, also known as 'money had and received'"); *Albinson*, 2010 WL 3258266, at *18 ("Payment under mistake of fact and unjust enrichment are essentially duplicative and seek the same relief.").

Nevertheless, even if these claims were permissible without the ability to assert an unjust enrichment claim, SKAT has failed properly to plead these claims in other ways. As to payment by mistake, SKAT has not actually alleged any mistaken payment; rather, as the Newsong Defendants previously argued, SKAT admits that it was its "normal practice" to accept and pay claims from designated payment agents. Complaint, ¶¶ 24, 30. As to money had and received, SKAT has not alleged it provided a tax refund (a) by mistake (it was SKAT's "normal practice"), (b) under compulsion or (c) without adequate consideration. *See White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 723 n.5 (2012) (stating "money had and received is a claim by which the plaintiff seeks to recover money paid to the defendant by mistake or under compulsion, or where the consideration was insufficient"). To the contrary, for its claim of money had and received, SKAT relies solely on the merits of its now time-barred fraud claim. *See* Complaint, ¶ 74 (incorporating the alleged "fraudulent scheme" to support its claim).

The Opinion does not discuss or resolve the question of the sufficiency of SKAT's allegations regarding payment by mistake or money had and received under Pennsylvania law, and the insufficiency of SKAT's pleading provides a basis for dismissal of those claims in the Newsong Action apart from the revenue-rule issue.

## CONCLUSION

As discussed above, the Opinion does not address several distinct, material arguments under Pennsylvania law. Notwithstanding the Court's decision in the Opinion, dismissal of Counts III, IV, and V is warranted in the Newsong Action. Accordingly, the Court should dismiss the Newsong Action.

## REQUEST FOR ORAL ARGUMENT

The Newsong Defendants hereby request oral argument on the issues raised herein.

January 31, 2019                    */s/ John C. Blessington*
              John C. Blessington (*pro hac vice*)
               john.blessington@klgates.com
              Brandon R. Dillman (*pro hac vice*)
               brandon.dillman@klgates.com
              K&L GATES LLP
              State Street Financial Center
              One Lincoln Street
              Boston, MA  02111
              T: 617.951.9185
              F: 617.261.3175

              *Attorneys for Defendants Newsong Fellowship Church 401(k) Plan and Alexander Jamie Mitchell III*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies will be sent to those indicated as nonregistered participants on January 31, 2019.

              */s/ Brandon R. Dillman*
              Brandon R. Dillman