UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 18-cv-10100<br>          18-cv-10119<br>          18-cv-10122<br>          18-cv-10123<br>          18-cv-10124<br>          18-cv-10125<br>          18-cv-10126<br>          18-cv-10133<br>          18-cv-10134<br>          18-cv-10135<br>          18-cv-10136 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

## PLAINTIFF SKAT'S REPLY TO DEFENDANTS' RESPONSES TO THE ORDER TO SHOW CAUSE

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Sarah L. Cave
Neil J. Oxford
John T. McGoey
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff SKAT (Customs and Tax Administration of the Kingdom of Denmark*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    I.    TEXAS RECOGNIZES A CAUSE OF ACTION FOR AIDING AND ABETTING FRAUD. ................................................................................................................ 2

    II.   SKAT PROPERLY PLEADED ITS CLAIMS UNDER PENNSYLVANIA LAW ........... 4

        A.   SKAT's Unjust Enrichment Claim Can Survive As A Stand Alone Cause Of Action. .. 5

        B.   SKAT's Unjust Enrichment, Money Had And Received, And Payment By Mistake Claims Are Not Duplicative. ...................................................................................... 6

        C.   SKAT Pleaded Sufficiently Its Money Had And Received And Payment By Mistake Claims. ................................................................................................................... 7

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abrams v. Toyota Motor Credit Corp.*, April Term, 2001, No. 071049, 2001 WL
    1807357 (Pa. Ct. Comm. Pleas Phila. Co. Dec. 5, 2001) ............................................6

*Bunnion v. Consolidated Rail Corp.*, 108 F. Supp. 2d 403, 427 (E.D. Pa. 1999)..........................5

*Cole v. Lawrence*, 701 A.2d 987 (Pa. Super. Ct. 1997)..................................................4

*Crisp v. Southwest Bancshares Leasing Co.*, 586 S.W.2d 610 (Tex. Civ. App.—
    Amarillo 1979)..............................................................................................2

*In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Product Liability
    Litigation*, 888 F.3d 753 (5th Cir. 2018)..................................................................4

*DeVries Dairy, L.L.C. v. White Eagle Cooperative Ass'n, Inc.*, 974 N.E.2d 1194
    (Ohio 2012)..................................................................................................2

*First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214 (Tex.
    2017) ..........................................................................................................2

*Floyd v. Hefner*, 556 F. Supp. 2d 617 (S.D. Tex. 2008)................................................3

*Frenkel v. Baker*, No. 13-5880, 2014 WL 5697449 (E.D. Pa. Nov. 4, 2014) .........................6, 7, 8

*Harleysville Mut. Ins. Co. v. Cramsey*, No. 2001-C-2972, 2003 Pa. Dist. & Cnty.
    Dec. Lexis 559 (Pa. C.P. Dec. 8, 2003) ................................................................5

*Immobiliere Jeunesse Establissement v. Amegy Bank*, 525 S.W.3d 875 (Tex. App.
    – Houston 2017)............................................................................................3

*King v. Shawver*, 30 S.W.2d 930 (Tex. App.—Fort Worth 1930)..................................2

*Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509 (Tex. 1942)..................3

*Official Stanford Investors Committee v. Greenberg Traurig, LLP*, No. 3:12-CV-
    4641-N, 2015 WL 13741905 (N.D. Tex. Feb. 4, 2015) .............................................4

*Patel v. Patel*, No. 18-1841, 2018 WL 3642417 (E.D. Pa. Aug. 1, 2018)..................6, 7

*S. Kane & Son Profit Sharing Trust v. Marine Midland Bank*, No. CIV.A. 95-
    7058, 1996 WL 325894 (E.D. Pa. June 13, 1996) ....................................................7

*Samsung Elecs. Am., Inc. v. Yang Kun Chung*, No. 3:15-CV-4108-D, 2017 WL
    635031 (N.D. Tex. Feb. 16, 2017)........................................................................3

*In re Seven Seas Petroleum, Inc.*, 522 F.3d 575 (5th Cir. 2008) ....................................................3

*In re SKAT Tax Refund Scheme*, Case No. 18-cv-4047 (LAK) (S.D.N.Y.) (Aug. 15, 2018) ...............................................................................................................................1

*Smith v. Carolina Med. Ctr.*, 274 F. Supp. 3d 300 (E.D. Pa. 2017) .........................................5, 6, 7

*Springfield Twp. v. PSFS Bank*, 889 A.2d 1184 (Pa. 2005) ............................................................5

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912 (3d Cir. 1999)................................................................................................................6

*Symphony FS Ltd. v. Thompson*, No. 5:18-cv-3904, 2018 WL 6715894 (E.D. Pa. Dec. 20, 2018)................................................................................................................5, 6

*Takeda Pharms. USA, Inc. v. Spireas*, No. 17-0452, 2017 WL 4401988 (E.D. Pa. Oct. 3, 2017) ..............................................................................................................................8

*White v. Conestoga Title Ins. Co.*, 53 A.3d 720 (Pa. 2012)..............................................................5

*Woloshen v. State Farm Lloyds*, No. 3:08-CV-0634-D, 2008 WL 4133386 (N.D. Tex. Sept. 2, 2008) .............................................................................................................3

**Regulatory Cases**

*Hill v. Day (In re Today's Destiny, Inc.)*, Bankr. No. 05-90080, Adv. No. 06-3285, 2009 WL 1232140 (Bankr. S.D. Tex. May 1, 2009) ......................................................3

**Statutes and Rules**

42 Pa. C.S. § 5224(7)........................................................................................................................4

42 Pa. C.S. § 5525(a)(4)....................................................................................................................4

**Treatises and Periodical Materials**

Jeffrey Haag, *If Words Could Kill: Rethinking Tort Liability in Texas for Media Speech that Incites Dangerous or Illegal Activity*, 30 Tex. Tech L. Rev. 1421, 1455 (1999)...................................................................................................................................3

Plaintiff SKAT, the Customs and Tax Administration of the Kingdom of Denmark ("SKAT"), respectfully submits this reply to (i) the Texas[1] and Ohio Defendants'[2] Response (ECF No. 70), and (ii) the Pennsylvania Defendants'[3] Response (ECF No. 71), to the Court's January 10, 2019 Order to Show Cause (ECF No. 63).

## PRELIMINARY STATEMENT

The Court's memorandum opinion (the "Opinion") (ECF No. 62) denying the motion to dismiss SKAT's complaints filed in this district concluded, *inter alia*, that SKAT sufficiently pleaded its aiding and abetting fraud, unjust enrichment, money had and received, and payment by mistake claims under New York law.[4] Three groups of defendants have now responded to the Court's Order to Show Cause why the Opinion should not also govern their cases.

First, the Texas Defendants argue that SKAT's aiding and abetting fraud claims against them should be dismissed because Texas does not "expressly" recognize such a cause of action. Because Texas courts have long recognized a cause of action for aiding and abetting fraud, SKAT's aiding and abetting claims should be allowed to proceed.

Second, the Pennsylvania Defendants argue that SKAT's claims for unjust enrichment,

---

1. The "Texas Defendants" are Blackrain Pegasus LLC Solo 401K Plan, Pegasus Fox 23 LLC Solo 401K Plan, Delgado Fox LLC Solo 401K Plan, Gyos 23 LLC Solo 401K Plan, The Joanne E. Bradley Solo 401K Plan, The Oak Tree One 401K Plan, and Doston Bradley.

2. The "Ohio Defendants" are The Bella Consultants Pension Plan, The Sinclair Pension Plan, The Mueller Investments Pension Plan, The Green Group Site Pension Plan, and Roger Lehman.

3. The "Pennsylvania Defendants" are Newsong Fellowship Church 401(k) Plan and Alexander Jaimie Mitchell III.

4. The motion to dismiss was originally filed in the Southern District of New York consolidated action that has since been consolidated into this multi-district litigation. *See* Consolidated Defendants' Motion to Dismiss the Complaints, *In re SKAT Tax Refund Scheme*, Case No. 18-cv-4047 (LAK) (S.D.N.Y.) (Aug. 15, 2018) (ECF Nos. 34-36). The Opinion deciding that motion was issued in this action.

money had and received, and payment by mistake should be dismissed because Pennsylvania law does not allow the unjust enrichment claim to proceed without a "companion" tort, and the money had and received and payment by mistake claims are duplicative of the unjust enrichment claim. Pennsylvania law does recognize these claims as independent causes of action, however, and SKAT has pleaded each of them sufficiently.

Finally, the Ohio Defendants' argument that SKAT's aiding and abetting fraud claims are precluded by the Ohio Supreme Court's decision in *DeVries Dairy, L.L.C. v. White Eagle Cooperative Ass'n, Inc.*, 974 N.E.2d 1194 (Ohio 2012), is well-taken, and SKAT therefore withdraws its aiding and abetting fraud claims against the Ohio Defendants. The Ohio Defendants have not argued that any of SKAT's other claims against them should not be governed by the Court's Opinion, and therefore, those claims should proceed.

## **ARGUMENT**

### I. **TEXAS RECOGNIZES A CAUSE OF ACTION FOR AIDING AND ABETTING FRAUD.**

Texas courts have long acknowledged the cause of action for aiding and abetting fraud, and have generally recognized aiding and abetting as a theory for imposing joint liability. Since at least 1930, Texas courts have assumed a defendant can be liable in tort under an aiding and abetting theory. *See, e.g.*, *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017) (assuming, without deciding, that aiding and abetting theory exists in Texas); *Crisp v. Southwest Bancshares Leasing Co.*, 586 S.W.2d 610, 615 (Tex. Civ. App.— Amarillo 1979) (upholding jury verdict that defendants "knowingly aided and abetted in a fraudulent scheme"); *King v. Shawver*, 30 S.W.2d 930, 931 (Tex. App.—Fort Worth 1930) (case submitted

to jury on aiding and abetting theory).[5] And in 1942, the Texas Supreme Court recognized as the law of the state that, "where a third party knowingly participates in the breach of duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such." *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942); *see also Immobiliere Jeunesse Establissement v. Amegy Bank*, 525 S.W.3d 875, 882 (Tex. App. – Houston 2017) ("The elements for [plaintiff's] aiding and abetting claim are: (1) the primary actor committed a tort; (2) the defendant had knowledge that the primary actor's conduct constituted a tort; (3) defendant had intent to assist the primary actor; (4) defendant gave the primary actor assistance or encouragement; and (5) defendant's conduct was a substantial factor in causing the tort." (citation omitted)); *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, No. 3:15-CV-4108-D, 2017 WL 635031, at *12 (N.D. Tex. Feb. 16, 2017) (reviewing claim for aiding and abetting breach of fiduciary duty); *Floyd v. Hefner*, 556 F. Supp. 2d 617, 654-55 (S.D. Tex. 2008) ("Texas recognizes a cause of action for aiding and abetting a breach of fiduciary duty." (citing *Kinzbach*, 160 S.W.2d at 514)).

Texas federal courts have also acknowledged the existence of aiding and abetting as a cause of action under Texas law. *See In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 586 (5th Cir. 2008) (holding that a claim for aiding and abetting a fraudulent scheme under Texas law is not part of a bankruptcy estate); *Hill v. Day (In re Today's Destiny, Inc.)*, Bankr. No. 05-90080, Adv. No. 06-3285, 2009 WL 1232140, at *10 (Bankr. S.D. Tex. May 1, 2009) (denying motion to dismiss aiding and abetting fraudulent scheme claim); *Woloshen v. State Farm Lloyds*, No. 3:08-CV-0634-

---

5. *See also* Jeffrey Haag, *If Words Could Kill: Rethinking Tort Liability in Texas for Media Speech that Incites Dangerous or Illegal Activity*, 30 Tex. Tech L. Rev. 1421, 1455 (1999) ("Texas has recognized aiding and abetting as a cause of action in several contexts. . . . Texas has also recognized aiding and abetting breach of a fiduciary duty and aiding and abetting fraud as causes of action.").

D, 2008 WL 4133386, at *2 n. 3 (N.D. Tex. Sept. 2, 2008) (declining to hold that a Texas court would refuse to recognize aiding and abetting claim predicated on a breach of the duty of good faith and fair dealing).

The Fifth Circuit's decision in *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Product Liability Litigation* is not to the contrary. 888 F.3d 753 (5th Cir. 2018). The *DePuy* court did not, as the Texas Defendants contend, hold that the district court erred by recognizing aiding and abetting fraud as a cause of action under Texas law. (TX Defs. Resp. at 4.) Rather, the Fifth Circuit addressed only the narrow question of whether Texas recognizes an aiding and abetting cause of action "when the predicate offense sounds in strict liability." *DePuy*, 888 F.3d at 781. SKAT's claims are not predicated on strict liability, and therefore *DePuy* does not eliminate SKAT's claim for aiding and abetting common law fraud, a claim other Texas federal courts sitting in diversity have recognized. *See, e.g.*, *Official Stanford Investors Committee v. Greenberg Traurig, LLP*, No. 3:12-CV-4641-N, 2015 WL 13741905, at *9 (N.D. Tex. Feb. 4, 2015) ("[T]he Court assumes for the purposes of this motion that Texas recognizes the aiding and abetting/participation claims Plaintiffs assert[.]").

## II. SKAT PROPERLY PLEADED ITS CLAIMS UNDER PENNSYLVANIA LAW.

SKAT previously dismissed three of its Pennsylvania claims on statute of limitations grounds.[6] SKAT's remaining claims against the Pennsylvania Defendants, Count III (Unjust Enrichment), IV (Money Had and Received), and V (Payment by Mistake), are governed by Pennsylvania's four-year statute of limitations, *see* 42 Pa. C.S. § 5525(a)(4); *Cole v. Lawrence*,

---

6. On November 20, 2018, SKAT filed a Notice of Partial Voluntary Dismissal (ECF No. 35) dismissing Counts I (Fraud), II (Aiding and Abetting Fraud), and VI (Negligent Misrepresentation) against the Pennsylvania Defendants in recognition of Pennsylvania's two-year statute of limitations governing these claims, *see* 42 Pa. C.S. § 5224(7), and on November 26, 2018, the Court so-ordered that notice (ECF No. 36).

4

701 A.2d 987, 989 (Pa. Super. Ct. 1997) (unjust enrichment is subject to a four-year statute of limitations), and the Pennsylvania Defendants do not argue they are untimely. Instead, they argue that SKAT's unjust enrichment claim cannot survive without the now-dismissed tort claims, and that SKAT's claims for money had and received and payment by mistake are duplicative of the unjust enrichment claim. This is incorrect. Pennsylvania law recognizes each of these claims as a separate, independent cause of action, and SKAT pleaded each of them sufficiently.[7]

### A. SKAT's Unjust Enrichment Claim Can Survive As A Stand Alone Cause Of Action.

The Pennsylvania Defendants argue that several Pennsylvania federal cases hold that when an unjust enrichment claim is pleaded as a "companion" to a tort claim, the unjust enrichment claim "rise[s] and fall[s]" with the underlying tort claim. *See Symphony FS Ltd. v. Thompson*, No. 5:18-cv-3904, 2018 WL 6715894, at *9-10 (E.D. Pa. Dec. 20, 2018). The Pennsylvania Defendants thus argue that because SKAT voluntarily dismissed its fraud, aiding and abetting fraud and negligent misrepresentation claims against them, its unjust enrichment claim must "fall" with its companion torts. (PA Defs. Resp. at 3-4.)

But the Pennsylvania Defendants have not pointed to any cases where a claim of unjust enrichment was dismissed because its companion tort was time-barred; instead, all of the cases cited by the Pennsylvania Defendants disposed of the companion torts on the merits. *See*

---

7. To plead an unjust enrichment claim under Pennsylvania law, a plaintiff must allege that "(1) the plaintiff conferred benefits upon the defendant; (2) the defendant realized those benefits; and (3) the defendant accepted and retained the benefits under circumstances in which it would be inequitable for it to retain them without payment of value." *Bunnion v. Consolidated Rail Corp.*, 108 F. Supp. 2d 403, 427 (E.D. Pa. 1999) (citing *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. Ct. 1993), *aff'd*, 637 A.2d 276 (Pa. 1994)). A claim for money had and received under Pennsylvania law "is a claim by which the plaintiff seeks to recover money paid to the defendant by mistake or under compulsion, or where the consideration was insufficient." *White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 723 n.5 (Pa. 2012) (citing *Springfield Twp. v. PSFS Bank*, 889 A.2d 1184, 1186 n.2 (Pa. 2005)). And a plaintiff may recover under payment by mistake under Pennsylvania law "where a person 'makes a payment by mistake to a person not entitled to receive the funds.'" *Smith v. Carolina Med. Ctr.*, 274 F. Supp. 3d 300, 326 (E.D. Pa. 2017) (quoting *Harleysville Mut. Ins. Co. v. Cramsey*, No. 2001-C-2972, 2003 Pa. Dist. & Cnty. Dec. Lexis 559, at *10 (Pa. C.P. Dec. 8, 2003)).

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 937 (3d Cir. 1999) (dismissing unjust enrichment claim after finding district court properly dismissed tort claims because of the remoteness of plaintiffs' injuries from defendants' wrongdoing); *Symphony*, 2018 WL 6715894, at *11-13 (refusing to grant injunction for unjust enrichment claim after finding that plaintiff failed to show likelihood of success on the merits of fraud and breach of fiduciary duty claims). These cases should not preclude SKAT's claims where, as here, the Court has allowed SKAT to proceed to prove the elements of its tort claims in order to recover in restitution under its unjust enrichment claims, and the only defect of the companion tort is that it is time-barred.

### B. SKAT's Unjust Enrichment, Money Had And Received, And Payment By Mistake Claims Are Not Duplicative.

In an effort to dispose of all of SKAT's claims against them, the Pennsylvania Defendants argue that SKAT's money had and received and payment by mistake claims should be dismissed as duplicative of its unjust enrichment claim, notwithstanding the fact that they argue that the unjust enrichment claim should also be dismissed. (PA Defs. Resp. at 5.) Under Pennsylvania law, however, unjust enrichment, money had and received, and payment by mistake are separate causes of action, and courts allow plaintiffs to proceed under all three theories. *See Patel v. Patel*, No. 18-1841, 2018 WL 3642417 (E.D. Pa. Aug. 1, 2018) (denying motion to dismiss separate claims for unjust enrichment and money had and received); *Frenkel v. Baker*, No. 13-5880, 2014 WL 5697449 (E.D. Pa. Nov. 4, 2014) (granting motion for default judgment on separate claims of unjust enrichment and money had and received); *Smith*, 274 F. Supp. 3d at 326-27 (denying motion to dismiss separate claims for unjust enrichment and payment by mistake of fact).[8]

---

8. Even where courts do not allow the claims to proceed on other grounds, they recognize that the claims are distinct and analyze them separately. *See Abrams v. Toyota Motor Credit Corp.*, April Term, 2001, No.

6

The cases cited by the Pennsylvania Defendants are not to the contrary. None dismissed a claim for money had and received or payment by mistake as duplicative of a claim for unjust enrichment; indeed, one specifically allowed claims for both unjust enrichment and payment by mistake to proceed. *See Smith*, 274 F. Supp. 3d at 326-27. Instead, the Pennsylvania Defendants rely on language in these cases that describes claims for money had and received and payment by mistake in terms of unjust enrichment. (*See* PA Defs. Resp. at 5 n.14.) The Court rejected the same argument in its Opinion. (*See* Opinion at 39-40.) There is no reason to reach a different conclusion here. *See Patel*, 2018 WL 3642417 at *5-8 (analyzing separately claims of unjust enrichment and money had and received and finding that plaintiff had sufficiently pleaded both claims).

### C. SKAT Pleaded Sufficiently Its Money Had And Received And Payment By Mistake Claims.

The Pennsylvania Defendants contend that SKAT's claims for money had and received and payment by mistake should be dismissed because SKAT has failed to adequately plead them. The Pennsylvania Defendants point to SKAT's allegation that it was its "normal practice" to accept and pay claims from designated payment agents as proof that there was no mistaken payment. (PA Defs. Resp. at 6; Compl. ¶¶ 24, 30.)[9] SKAT, however, has specifically alleged that it paid the Pennsylvania Defendants "with the *mistaken understanding* that the Defendants had submitted valid claims with valid supporting documentation." (Compl. ¶ 64 (emphasis added).) This states a claim for money had and received and payment by mistake, as the Court implicitly held in the Opinion when it allowed these claims to proceed. (Op. at 39-40.) For example, in *Frenkel v.*

---

071049, 2001 WL 1807357 (Pa. Ct. Comm. Pleas Phila. Co. Dec. 5, 2001) (employing separate analyses in consideration of unjust enrichment claim and money had and received claim); *S. Kane & Son Profit Sharing Trust v. Marine Midland Bank*, No. CIV.A. 95-7058, 1996 WL 325894 (E.D. Pa. June 13, 1996) (same).

9. SKAT's Complaint against the Pennsylvania Defendants is attached as Exhibit A to their Response (ECF No. 71-1).

*Baker*, the court found that the plaintiff sufficiently pleaded claims for money had and received where he alleged that the defendants submitted false documents purporting to request funds on their own behalf and subsequently transmitted those funds to other defendants. No. 13-5880, 2014 WL 5697449, at *10 (E.D. Pa. Nov. 4, 2014); *see also Takeda Pharms. USA, Inc. v. Spireas*, No. 17-0452, 2017 WL 4401988, at *19 (E.D. Pa. Oct. 3, 2017) (plaintiff stated claim for money had and received based on defendants' retention of royalty payments made under mistaken belief that products were covered by licensing agreement). Accordingly, SKAT has adequately pleaded these claims under Pennsylvania law.

## **CONCLUSION**

For the foregoing reasons, the Texas and Pennsylvania Defendants have failed to show cause why the Court's Opinion should not govern their cases. SKAT withdraws its claims for aiding and abetting fraud against the Ohio Defendants.

Dated: February 14, 2019
       New York, New York

                              HUGHES HUBBARD & REED LLP

                              By:   /s/ Sarah L. Cave
                                      William R. Maguire
                                      Marc A. Weinstein
                                      Sarah L. Cave
                                      Neil J. Oxford
                                      John T. McGoey

                              One Battery Park Plaza
                              New York, New York 10004-1482
                              Telephone: +1 (212) 837-6000
                              Fax: +1 (212) 422-4726
                              bill.maguire@hugheshubbard.com
                              marc.weinstein@hugheshubbard.com
                              sarah.cave@hugheshubbard.com
                              neil.oxford@hugheshubbard.com
                              john.mcgoey@hugheshubbard.com

                              *Attorneys for Plaintiff SKAT*