UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION

This document relates to:
Case No. 18-cv-05185(LAK)

18-MD-2865 (LAK)

ECF Case

**ANSWER OF THE KODIAK CAPITAL PENSION PLAN**

**JURY TRIAL DEMANDED**

Defendant The Kodiak Capital Pension Plan ("Defendant" or "Kodiak Plan"), by and through its attorneys, CAPLIN & DRYSDALE, CHARTERED, as and for its Answer to the Complaint dated June 8, 2018 (the "Complaint") states as follows:

## AS TO THE INTRODUCTION

1. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, except to admit that SKAT is a taxing authority of Denmark.

2. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, except Defendant denies participating in a fraudulent tax refund scheme to deceive SKAT.

3. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except Defendant denies participating in a fraudulent scheme.

1

4. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except Defendant admits submitting refund claims for tax withheld on dividends earned on the shares of Danish companies, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

5. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, except Defendant admits submitting withholding tax refund claims and receiving tax refunds, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

6. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, except Defendant admits submitting withholding tax refund claims and receiving tax refunds, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

7. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, except Defendant admits receiving refunds of tax, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

8. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, except Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

9. Defendant denies the allegations contained in Paragraph 9, except Defendant does not have knowledge sufficient to admit or deny allegations with respect to all claimants.

  a. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.a., except to admit that Defendant Roger Lehman ("Lehman") communicated in writing with the Payment Agent on behalf of Defendant Kodiak Plan regarding the tax refund claims.

  b. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.b., except Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

  c. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.c., except Defendant, upon information and belief, denies the allegations that it did not own shares in Danish companies and had not earned dividends on those shares.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, except to admit that SKAT made payments to its Payment Agent, who subsequently disbursed the payments, and except that Defendant denies participating in a fraudulent scheme.

12. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, except Defendant denies participating in a fraudulent scheme.

13. Defendant denies the allegations contained in Paragraph 13, except Defendant admits that it was paid withholding tax refunds.

## AS TO THE JURISDICTION AND VENUE

14. Paragraph 14 alleges legal conclusions to which no answer is required. To the extent that an answer is required to Paragraph 14, Defendant admits that the matter in controversy exceeds the sum or value of $75,000, that SKAT is an agency or instrumentality of a foreign state, and that Defendants are citizens of a state, and Defendant denies allegations in Paragraph 14 to the extent they suggest that the Court has subject matter jurisdiction over the matter.

15. Paragraph 15 alleges legal conclusions to which no answer is required.

## AS TO THE PARTIES

16. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except it admits that SKAT is a Danish tax authority.

17. Defendant admits the allegations contained in Paragraph 17.

18. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, except to admit that Defendant Lehman communicated on its behalf regarding the tax refund claims.

19. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

## AS TO THE FACTUAL ALLEGATIONS

20. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, except to admit that SKAT is the relevant taxing authority.

21. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except to admit that a certain percentage of dividends is withheld by Danish companies as withholding tax on dividends.

22. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, except to admit that under certain circumstances foreign shareholders may be entitled to a refund of the withholding tax.

23. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, except to admit that under certain circumstances, U.S. pension plan shareholders may be entitled to a refund of tax withheld on dividends paid by Danish companies.

24. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, except Defendant admits submitting withholding tax refund claims and that SKAT paid refunds of the withholding tax, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

25. Defendant denies having sufficient knowledge or information to admit or deny allegations contained in Paragraph 25.

26. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except Defendant admits submitting withholding tax refund claims, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

27. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, except to admit that it submitted refund

5

claims to SKAT through Syntax GIS ("Syntax"), and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

28. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, except to admit that Defendant received tax refund payments.

29. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, except to admit or deny as follows:

    a. Defendant admits that the withholding tax refund claims included a cover letter from the Payment Agent;

    b. Defendant admits that the tax refund claims submitted on its behalf set out the information as set forth in the allegations contained in Paragraphs 29.b and 29.b.i through iv;

    c. Defendant denies the allegations contained in Paragraph 29.c., except to admit that the tax refund claims submitted on its behalf included "income advice" notes that described the security and the amount of dividend tax withheld;

    d. Defendant denies the allegations contained in Paragraph 29.d, except to admit that the tax refund claims submitted on its behalf included a document executed by Defendant Lehman in connection with the Payment Agent's submission of the tax refund claims on behalf of Defendant Kodiak Plan; and

    e. Defendant admits that the tax refund claims submitted on its behalf included a statement from the Internal Revenue Service containing the information as set forth in the allegations contained in Paragraph 29.e.

30. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, except to admit that the income advice

6

notes included with the tax refund claims submitted on its behalf referenced shareholdings in Danish-listed companies, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

31.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, except to admit that SKAT paid withholding tax refunds to its Payment Agent.

33.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, except to deny submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

34.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, except to admit that the tax refund claims submitted on its behalf were submitted through its Payment Agent, and except that Defendant denies that the tax refund claims submitted on its behalf were submitted as described in Paragraph 29 of the Complaint, except as otherwise admitted in response to Paragraph 29.

35.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 35, except Defendant denies submitting fraudulent tax refund claims or otherwise participating in the fraudulent scheme.  Defendant denies the allegations contained in the second sentence of Paragraph 35, except to admit that Defendant Lehman provided Syntax with a power of attorney relating to the submission of the tax refund claims for Defendant Kodiak Plan.

7

36. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 36, except Defendant denies submitting a fraudulent tax refund claim or otherwise participating in the fraudulent scheme. Defendant denies the allegations contained in the second sentence of Paragraph 36, except to admit that it submitted its tax refund claims through Syntax.

37. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 37, except Defendant admits that it represented to SKAT that it held shares in, and received dividends net of withholding tax from, large Danish-listed companies. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 37, except Defendant admits that fourteen (14) withholding tax refund claims totaling at least $7,123,000 (US), were made on its behalf. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 37, except Defendant admits that the tax refund claims were submitted to SKAT on its behalf on or about May 7, 2015 and May 14, 2015.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, except Defendant admits that SKAT made the tax refund claim payment on or about July 1, 2015 and July 3, 2015, and Defendant denies submitting false tax refund claims or otherwise participating in a fraudulent scheme.

40. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 40, except to deny submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

8

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 40, except to admit that Defendant Lehman communicated on its behalf regarding the tax refund claims.

41.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 41, except to admit that Defendant Lehman communicated on its behalf regarding the tax refund claims.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 41, except to admit that Kodiak Capital LLC was incorporated on December 11, 2014.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 41, except to admit that Kodiak Capital LLC was incorporated on December 11, 2014 and its first refund claim to SKAT was made on or about May 7, 2015.

42.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 42, except Defendant admits that Kodiak Capital LLC was dissolved on March 14, 2016, and Defendant denies submitting false tax refund claims or otherwise participating in a fraudulent scheme.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 42, except to admit that Defendant Gavin Crescenzo's ("Crescenzo") contact information and mailing address were included on the Notice of Winding Up for Kodiak Capital LLC, and except to deny that Defendant Crescenzo was listed on the Articles of Termination for Kodiak Capital LLC.

43.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 as related to all claimants.  To the extent

9

the allegations in Paragraph 43 relate to the Defendant, Defendant denies the allegations, except as admitted in response to Paragraph 44.

44. Paragraph 44 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 44 may be deemed required and to the factual component of the allegations, Defendant denies the allegations contained in Paragraph 44, except that Defendant admits that Defendant Lehman executed a document on or about March 5, 2015, that contained the language quoted in Paragraph 44.

45. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 45, except Defendant admits that withholding tax refunds were submitted on its behalf, and except Defendant denies submitting false tax refund claims or otherwise participating in a fraudulent scheme. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 45, except that Defendant admits that Defendant Lehman executed a document on or about March 5, 2015, that contained the language quoted in Paragraph 44.

46. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, except to admit that Defendant Lehman communicated on its behalf regarding the tax refund claims and to admit that it listed an address of 4 Fieldcrest Road, Westport, Connecticut 06880, in its withholding tax refund claims.

47. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, except Defendant admits that the Payment Agent submitted withholding tax refund claims on its behalf, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

10

48. Paragraph 48 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 48 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, except to admit that Defendant Lehman communicated in writing with the Payment Agent regarding tax refund claims on behalf of Defendant Kodiak Plan.

49. Defendant denies the allegations contained in Paragraph 49, except as admitted in response to Paragraph 29, and Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 as it relates to other claimants.

50. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, except to admit that tax refund claims submitted on its behalf contained a power of attorney executed by Defendant Lehman and requested that SKAT pay such claims to the Payment Agent's bank account.

51. Defendant denies the allegations contained in Paragraph 51, except to admit that SKAT paid the tax refund claim payments to the Payment Agent with respect to Defendant and that such Payment Agent subsequently distributed the proceeds. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 as it relates to other claimants.

52. Defendant denies the allegations contained in Paragraph 52, except to admit that "income advice" or similar notes showing Defendant's ownership of shares of Danish companies was included with its withholding tax refund claims. Defendant denies having knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 as it relates to other claimants.

53. Defendant denies the allegations contained in Paragraph 53, except Defendant admits that the example alleged in Paragraph 53 refers to an income advice statement that was submitted with one of the Defendant's tax refund claims.

54. Defendant denies the allegations contained in Paragraph 54. Moreover, Paragraph 54 alleges legal conclusions to which no answer is required.

55. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, except to admit that Defendant is aware that SKAT erroneously concluded that the tax refund claims submitted by Defendant were fraudulent.

## AS TO THE CAUSES OF ACTION

## COUNT I

### (Fraud – Against All Defendants)

56. Defendant repeats and incorporates its responses in paragraphs 1 through 55 above.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

## COUNT II

**(Aiding and Abetting Fraud – Against All Defendants)**

61. Defendant repeats and incorporates its responses in paragraphs 1 through 60 above.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

## COUNT III

**(Payment By Mistake – Against All Defendants)**

68. Defendant repeats and incorporates its responses in paragraphs 1 through 67 above.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

## COUNT IV

**(Unjust Enrichment – Against All Defendants)**

74. Defendant repeats and incorporates its responses in paragraphs 1 through 73 above.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

## COUNT V

### (Money Had & Received – Against All Defendants)

79. Defendant repeats and incorporates its responses in paragraphs 1 through 78 above.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

## COUNT VI

### (Negligent Misrepresentation – Against All Defendants)

82. Defendant repeats and incorporates its responses in paragraphs 1 through 81 above.

83. Paragraph 83 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 83 may be deemed required, Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

## AS TO THE REQUEST FOR RELIEF

87. The allegations set forth in the "WHEREFORE" clause constitute Plaintiff's request for relief to which no response is required. To the extent that a response is necessary. Defendant denies that Plaintiff is entitled to the relief requested, or to any relief.

## AFFIRMATIVE DEFENSES

### As A First Affirmative Defense

88. The Complaint fails to state a claim upon which relief can be granted for the reason that it does not assert a legal theory cognizable as a matter of law and it fails to allege sufficient facts to support a cognizable legal claim.

### As A Second Affirmative Defense

89. The claims are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### As A Third Affirmative Defense

90. The claims alleged in the Complaint are barred by the applicable statutes of limitations.

### As A Fourth Affirmative Defense

91. The claims alleged in the Complaint are barred in whole or in part by the equitable doctrines of unclean hands, waiver, laches, and estoppel.

### As A Fifth Affirmative Defense

92. The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### As A Sixth Affirmative Defense

93. The recovery by the Plaintiff, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### As A Seventh Affirmative Defense

94. Plaintiff's action is barred because of its failure to exhaust administrative and other legal remedies available to it.

### As An Eighth Affirmative Defense

95. If the Plaintiff suffered any loss, damage, or injury, such damages were caused in whole or in part by, and arose out of, Plaintiff's culpable conduct, including but not limited to contributory negligence and assumption of risk.

### As A Ninth Affirmative Defense

96. If the Plaintiff suffered any loss, damages, or injury, such alleged injuries and damages were caused, in whole or in part, by the negligence, assumption of risk, fault, and/ or other culpable parties and/or third parties to this action, other than Defendant, for whose acts or omissions or breaches of legal duty Defendant is not liable.

### As A Tenth Affirmative Defense

97. The claims alleged in the Complaint are barred in whole or in part by collateral estoppel.

### As An Eleventh Affirmative Defense

98. The claims alleged in the Complaint are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

### As A Twelfth Affirmative Defense

99. The claims alleged in the Complaint are barred in whole or in part by res judicata.

### As A Thirteenth Affirmative Defense

100. If the Plaintiff suffered any loss, damage, or injury, such damages are barred in whole or part to the extent such damages have been or will be paid or indemnified by a collateral source.

### As A Fourteenth Affirmative Defense

101. The recovery by the Plaintiff, if any, should be reduced by application of New York's General Obligations Law §15-108.

### As A Fifteenth Affirmative Defense

102. The claims alleged in the Complaint are barred in whole or in part by waiver and release.

### As A Sixteenth Affirmative Defense

103. Defendant reserves the right to add to and/or amend these Affirmative Defenses because of information that may become known during the course of discovery.

WHEREFORE, Defendant respectfully requests a judgement dismissing the Complaint with prejudice, together with its costs, disbursements and attorney's fees and such other further relief as the Court may deem just and proper.

Dated: New York, New York

       February 20, 2019

CAPLIN & DRYSDALE, CHARTERED

s/ Mark D. Allison
By: Mark D. Allison

Mark D. Allison
Zhanna A. Ziering

17

600 Lexington Avenue, 21st Floor
New York, New York 10022
(212) 379-6000

*Attorneys for Defendant*
*The Kodiak Capital Pension Plan*