UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION<br><br><br>This document relates to:<br>Case No. 18-cv-04434(LAK) | 18-MD-2865 (LAK)<br><br>ECF Case<br><br>**ANSWER OF MICHAEL BEN-JACOB**<br><br>**JURY TRIAL DEMANDED** |

Defendant Michael Ben-Jacob ("Defendant"), by and through his attorneys Dewey Pegno & Kramarsky LLP, as and for its Answer to the Complaint dated May 18, 2018 (the "Complaint") states as follows:

## AS TO THE INTRODUCTION

1.       Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, except Defendant admits that SKAT was a taxing authority of Denmark.

2.       Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

3.       Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

4.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

5.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

6.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

7.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

8.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

9.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, including subparagraphs 9a-9c, except Defendant admits that he executed a power of attorney dated April 10, 2015 and refers to that document for its contents, and Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

10.     Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, except Defendant denies participating in a fraudulent scheme and denies that he received proceeds from the Payment Agent.

12. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

13. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

## AS TO THE JURISDICTION AND VENUE

14. Paragraph 14 alleges legal conclusions to which no answer is required. To the extent that an answer is required to Paragraph 14, Defendant admits that the matter in controversy exceeds the sum or value of $75,000, that SKAT was an agency or instrumentality of a foreign state, and that some Defendants are citizens of a state, and Defendant denies the allegations in Paragraph 14 to the extent they suggest that the Court has subject matter jurisdiction over the matter.

15. Paragraph 15 alleges legal conclusions to which no answer is required.

## AS TO THE PARTIES

16. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except Defendant admits that SKAT was a Danish tax authority.

17. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, except Defendant admits that he is a citizen of the state of New York and that he executed a power of attorney dated April 10, 2015 and refers to that document for its contents.

## AS TO THE FACTUAL ALLEGATIONS

19. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, except admits that SKAT was a Danish tax authority.

20. Paragraph 20 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 20 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

24. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

26. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

27. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, including subparagraphs 28(a)-(e), except Defendant admits providing GOAL TaxBack Limited ("GOAL") with a power of attorney dated April 10, 2015 relating to the submission of tax refund claims and refers to that document for its contents.

29. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

30. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

33. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, except Defendant admits providing GOAL with a power of attorney dated April 10, 2015 relating to the submission of tax refund claims and refers to that document for its contents.

34. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, except Defendant admits providing GOAL with a power of attorney dated April 10, 2015 relating to the submission of tax refund claims and refers to that document for its contents, and Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

35. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, except Defendant admits providing GOAL with a power of attorney dated April 10, 2015 relating to the submission of tax refund claims and refers to that document for its contents, and Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

36. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

38. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

39.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, except Defendant admits providing GOAL with a power of attorney dated April 10, 2015 relating to the submission of tax refund claims and refers to that document for its contents.

40.     Paragraph 40 alleges legal conclusions to which no answer is required.  To the extent that an answer to Paragraph 40 may be deemed required and to the factual component of the allegations, Defendant denies the allegations contained in Paragraph 40, except Defendant admits that he executed a document on or about April 10, 2015 containing the language quoted in Paragraph 40 and refers to that document for its contents.

41.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

42.     Paragraph 42 alleges legal conclusions to which no answer is required.  To the extent that an answer to Paragraph 42 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, except Defendant admits providing GOAL with a power of attorney dated April 10, 2015 relating to the submission of tax refund claims and refers to that document for its contents.

43.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, including subparagraphs 44(a)-(d).

45.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, except Defendant denies that he received proceeds from the Payment Agent.

46.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, including subparagraphs 47(a)-(d), and refers to the "credit advice" document described in Paragraph 47 for its contents.

48.     Paragraph 48 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 48 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, except Defendant denies participating in or aiding or abetting others in participating in a fraudulent scheme.

## AS TO THE CAUSES OF ACTION

## COUNT I

**(Fraud – Against Both Defendants)**

50.     Defendant repeats and incorporates its responses in paragraphs 1 through 49 above.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

## COUNT II

### (Aiding and Abetting Fraud – Against Both Defendants)

55. Defendant repeats and incorporates its responses in paragraphs 1 through 54 above.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

## COUNT III

### (Payment By Mistake – Against Both Defendants)

62. Defendant repeats and incorporates its responses in paragraphs 1 through 61 above.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

## COUNT IV

### (Unjust Enrichment – Against Both Defendants)

68. Defendant repeats and incorporates its responses in paragraphs 1 through 67 above.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

## COUNT V

### (Money Had & Received – Against Both Defendants)

73. Defendant repeats and incorporates its responses in paragraphs 1 through 72 above.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

## COUNT VI

### (Negligent Misrepresentation – Against Both Defendants)

76. Defendant repeats and incorporates its responses in paragraphs 1 through 75 above.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

## AS TO THE REQUEST FOR RELIEF

81. The allegations set forth in the "WHEREFORE" clause constitute Plaintiff's request for relief to which no response is required. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief.

## AFFIRMATIVE DEFENSES

### As A First Affirmative Defense

82. The Complaint fails to state a claim upon which relief can be granted for the reason that it does not assert a legal theory cognizable as a matter of law and it fails to allege sufficient facts to support a cognizable legal claim.

### As A Second Affirmative Defense

83. The claims alleged in the Complaint are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### As A Third Affirmative Defense

84. The claims alleged in the Complaint are barred by the applicable statutes of limitations.

### As A Fourth Affirmative Defense

85. The claims alleged in the Complaint are barred in whole or in part by the equitable doctrines of unclean hands, waiver, laches, and estoppel.

### As A Fifth Affirmative Defense

86. The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### As A Sixth Affirmative Defense

87. The recovery by the Plaintiff, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### As A Seventh Affirmative Defense

88. Plaintiff's action is barred because of its failure to exhaust administrative and other legal remedies available to it.

### As An Eighth Affirmative Defense

89. If the Plaintiff suffered any loss, damage, or injury, such damages were caused in whole or in part by, and arose out of, Plaintiff's culpable conduct, including but not limited to comparative negligence and assumption of risk.

### As A Ninth Affirmative Defense

90. If the Plaintiff suffered any loss, damages, or injury, such alleged injuries and damages were caused, in whole or in part, by the negligence, assumption of risk, fault, and/ or other culpable parties and/or third parties to this action, other than Defendant, for whose acts or omissions or breaches of legal duty Defendant is not liable.

### As A Tenth Affirmative Defense

91. The claims alleged in the Complaint are barred in whole or in part by collateral estoppel.

### As An Eleventh Affirmative Defense

92. The claims alleged in the Complaint are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

### As A Twelfth Affirmative Defense

93. The claims alleged in the Complaint are barred in whole or in part by res judicata.

### As A Thirteenth Affirmative Defense

94. If the Plaintiff suffered any loss, damage, or injury, such damages are barred in whole or part to the extent such damages have been or will be paid or indemnified by a collateral source.

### As A Fourteenth Affirmative Defense

95. The recovery by the Plaintiff, if any, should be reduced by application of New York's General Obligations Law §15-108.

### As A Fifteenth Affirmative Defense

96. The claims alleged in the Complaint are barred in whole or in part by waiver and release.

### As A Sixteenth Affirmative Defense

97. The Complaint fails to plead fraud with the adequate degree of specificity and particularity.

### As a Seventeenth Affirmative Defense

98. Defendant reserves the right to add to and/or amend these Affirmative Defenses because of information that may become known during the course of discovery.

WHEREFORE, Defendant respectfully requests a judgement dismissing the Complaint with prejudice, together with its costs, disbursements and attorney's fees and such other further relief as the Court may deem just and proper.

Dated: New York, New York
February 22, 2019

DEWEY PEGNO & KRAMARSKY LLP

_____

Thomas E.L. Dewey
777 Third Avenue – 37th Floor
New York, New York 10017
Tel.: (212) 943-9000
Fax: (212) 943-4325
E-mail: tdewey@dpklaw.com

*Attorney for Defendant*
*Michael Ben-Jacob*