UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION<br><br>This document relates to:<br>Case No. 18-cv-05309 (LAK) | 18-MD-2865 (LAK)<br><br>ECF Case<br><br>**ANSWER OF SVETLIN PETKOV**<br><br>**JURY TRIAL DEMANDED** |

Defendant Svetlin Petkov ("Defendant" or "Petkov"), by and through his attorneys, CAPLIN & DRYSDALE, CHARTERED, as and for his Answer to the Complaint dated June 12, 2018 (the "Complaint") states as follows:

### AS TO THE INTRODUCTION

1. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, except to admit that SKAT is a taxing authority of Denmark.

2. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, except Defendant denies participating in a fraudulent tax refund scheme to deceive SKAT.

3. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except Defendant denies participating in a fraudulent scheme.

1

4. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except Defendant admits that Defendant The KASV Group Pension Plan ("KASV Group Plan") submitted refund claims for tax withheld on dividends earned on the shares of Danish companies, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

5. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, except Defendant admits that Defendant KASV Group Plan submitted withholding tax refund claims and received tax refunds, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

6. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, except Defendant admits that Defendant KASV Group Plan submitted withholding tax refund claims and received tax refunds, and Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

7. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, except Defendant admits that Defendant KASV Group Plan received refunds of tax, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

8. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, except Defendant denies submitting

fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

9. Defendant denies the allegations contained in Paragraph 9, except Defendant does not have knowledge sufficient to admit or deny allegations with respect to all claimants.

    a. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.a., except Defendant admits that Defendant Roger Lehman ("Lehman") communicated in writing with the Payment Agent regarding the tax refund claims on behalf of Defendant KASV Group Plan.

    b. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.b., except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

    c. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.c., except Defendant denies the allegations that Defendant KASV Group Plan did not own shares in Danish companies and had not earned dividends on those shares.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, except to admit that SKAT made payments to the Payment Agent for Defendant KASV Group Plan, who subsequently disbursed the payments, and except that Defendant denies participating in a fraudulent scheme.

3

12. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, except Defendant denies participating in a fraudulent scheme.

13. Defendant denies the allegations contained in Paragraph 13, except Defendant admits that Defendant KASV Group Plan was paid withholding tax refunds.

## AS TO THE JURISDICTION AND VENUE

14. Paragraph 14 alleges legal conclusions to which no answer is required. To the extent that an answer is required to Paragraph 14, Defendant admits that the matter in controversy exceeds the sum or value of $75,000, that SKAT is an agency or instrumentality of a foreign state, and that at least some of the Defendants are citizens of a state, and Defendant denies allegations in Paragraph 14 to the extent they suggest that the Court has subject matter jurisdiction over the matter.

15. Paragraph 15 alleges legal conclusions to which no answer is required

## AS TO THE PARTIES

16. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except it admits that SKAT is a Danish tax authority.

17. Defendant admits the allegations contained in Paragraph 17, except to deny that each member of Defendant KASV Group Plan was a citizen of the United States prior to August 28, 2015.

18. Defendant admits the allegations contained in the first sentence of Paragraph 18. Defendant denies the allegations contained in the second sentence of Paragraph 18, except to

4

admit that Defendant Lehman communicated on behalf of Defendant KASV Group Plan regarding its tax refund claims.

19. Defendant admits the allegations contained in the first sentence of Paragraph 19, except to deny that he was a U.S. citizen prior to August 28, 2015. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 19, except to admit that for a number of years he resided at 400 Chambers Street, Apartment 9E, New York, New York 10282, and to admit that Defendant KASV Group Plan listed the same address on its withholding tax refund claims.

## AS TO THE FACTUAL ALLEGATIONS

20. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, except to admit that SKAT is the relevant taxing authority.

21. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except to admit that a certain percentage of dividends is withheld by Danish companies as withholding tax on dividends.

22. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, except to admit that under certain circumstances foreign shareholders may be entitled to a refund of the withholding tax.

23. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, except to admit that under certain circumstances, U.S. pension plan shareholders may be entitled to a refund of tax withheld on dividends paid by Danish companies.

24. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, except Defendant admits that Defendant KASV Group Plan submitted withholding tax refund claims and that SKAT paid refunds of the withholding tax, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

25. Defendant denies having sufficient knowledge or information to admit or deny allegations contained in Paragraph 25.

26. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except Defendant admits that Defendant KASV Group Plan submitted withholding tax refund claims, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

27. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, except to admit that Defendant KASV Group Plan submitted refund claims to SKAT through Goal Taxback Limited ("Goal"), and Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

28. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, except to admit that Defendant KASV Group Plan received tax refund payments.

29. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, except to admit or deny as follows:

6

  a. Defendant admits that the withholding tax refund claims submitted on behalf of Defendant KASV Group Plan included a cover letter from the Payment Agent;

  b. Defendant admits that the tax refund claims submitted on behalf of Defendant KASV Group Plan set out the information as set forth in the allegations contained in Paragraphs 29.b and 29.b.i through iv;

  c. Defendant denies the allegations contained in Paragraph 29.c., except to admit that the tax refund claims submitted on behalf of Defendant KASV Group Plan included "income advice" notes that described the security and the amount of dividend tax withheld;

  d. Defendant denies the allegations contained in Paragraph 29.d, except that Defendant admits that the tax refund claims submitted on behalf of Defendant KASV Group Plan included a document executed by Defendant Lehman in connection with the Payment Agent's submission of the tax refund claims on behalf of Defendant KASV Group Plan; and

  e. Defendant admits that the tax refund claims submitted on behalf of Defendant KASV Group Plan included a statement from the Internal Revenue Service containing the information as set forth in the allegations contained in Paragraph 29.e.

  30. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, except to admit that the income notes included with the tax refund claims submitted on behalf of Defendant KASV Group Plan referenced shareholdings in Danish-listed companies, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

  31. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, except to admit that SKAT paid withholding tax refunds for Defendant KASV Group Plan to its Payment Agent.

33. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, except to deny submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

34. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, except to admit that the tax refund claims submitted on behalf of Defendant KASV Group Plan were submitted through its Payment Agent, and except that Defendant denies that the tax refund claims submitted on behalf of Defendant KASV Group Plan were submitted as described in Paragraph 29 of the Complaint, except as otherwise admitted in response to Paragraph 29.

35. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 35, except Defendant denies submitting fraudulent tax refund claims on behalf of any claimant or otherwise participating in the fraudulent scheme. Defendant denies the allegations contained in the second sentence of Paragraph 35, except to admit that Defendant Lehman provided Goal with a power of attorney relating to the submission of the tax refund claims for Defendant KASV Group Plan.

36. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 36, except Defendant denies submitting a fraudulent tax refund claim on any claimant's behalf or otherwise participating in the fraudulent scheme. Defendant denies the allegations contained in the second

8

sentence of Paragraph 36, except to admit that Defendant KASV Group Plan submitted its tax refund claims through Goal.

37. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 37, except Defendant admits that Defendant KASV Group Plan represented to SKAT that it held shares in, and received dividends net of withholding tax from, large Danish-listed companies. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 37, except Defendant admits that fourteen (14) withholding tax refund claims totaling at least $7,327,000 (US), were made on behalf of Defendant KASV Group Plan. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 37, except Defendant admits that the tax refund claims were submitted to SKAT on behalf of Defendant KASV Group Plan on or about May 19, 2015.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, except Defendant admits that SKAT made the tax refund claim payment on or about June 18, 2015 and July 1, 2015 in connection with the tax refund claims submitted on behalf of Defendant KASV Group Plan, and Defendant denies submitting false tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

40. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 40, except to admit that at the times relevant to the complaint, Defendant was the sole member of KASV Consulting

9

LLC, a limited liability company, which established Defendant KASV Group Plan, and except to admit that he incorporated several other limited liability companies, and except to deny submitting false tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 40, except to admit that Defendant signed a power of attorney in connection with the tax refund claims submitted on behalf of The Petkov Management LLC 401K Plan. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 40, except to admit that Defendant Lehman communicated on behalf of Defendant KASV Group Plan and several other pension plans regarding their tax refund claims.

41.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of allegations contained in the first sentence of Paragraph 41, except to admit that at the times relevant to the complaint, Defendant was the sole member of KASV Consulting LLC, a limited liability company which established Defendant KASV Group Plan, and except to admit that he incorporated several other limited liability companies. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 41, except to admit that KASV Consulting LLC was incorporated on January 13, 2015. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 41, except to admit that KASV Consulting LLC was incorporated on January 13, 2015 and Defendant KASV Group Plan's first refund claim to SKAT was made on or about May 19, 2015.

10

42. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 42, except Defendant admits that KASV Consulting LLC was dissolved on February 5, 2016, and except Defendant denies submitting false tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 42, except to admit that Defendant was the sole member of KASV Consulting LLC, and to admit that his contact information was listed in the filings with the state for KASV Consulting LLC and several other entities.

43. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, except as admitted in response to Paragraph 44 through 46.

44. Paragraph 44 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 44 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, except that Defendant admits that Defendant Lehman executed a document on or about March 9, 2015.

45. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, except Defendant admits that Defendant Lehman signed a power of attorney on behalf of Defendant KASV Group Plan, and except Defendant denies submitting false tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

46. Defendant denies allegations contained in Paragraph 46, except to admit that Defendant Lehman communicated on behalf of Defendant KASV Group Plan and few other claimants regarding their tax refund claims, which listed an address of 400 Chambers Street, Apartment 9E, New York, New York in their withholding tax refund claims.

47. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, except Defendant admits that the Payment Agent submitted withholding tax refund claims on behalf of Defendant KASV Group Plan, and Defendant denies submitting fraudulent tax refund claims on behalf of any claimants or otherwise participating in a fraudulent scheme.

48. Paragraph 48 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 48 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, except to admit that Defendant Lehman communicated in writing with the Payment Agent regarding tax refund claims on behalf of Defendant KASV Group Plan.

49. Defendant denies the allegations contained in Paragraph 49, except as admitted in response to Paragraph 29, and Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 as it relates to other claimants.

50. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, except to admit that tax refund claims submitted on behalf of Defendant KASV Group Plan contained a document executed by

Defendant Lehman and requested that SKAT pay such claims to the Payment Agent's bank account.

51. Defendant denies the allegations contained in Paragraph 51, except to admit that SKAT paid the tax refund claim payments to the Payment Agent with respect to Defendant KASV Group Plan and that such Payment Agent subsequently distributed the proceeds. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 as it relates to other claimants.

52. Defendant denies the allegations contained in Paragraph 52, except to admit that "income advice" or similar notes showing Defendant KASV Group Plan's ownership of shares of Danish companies was included with its withholding tax refund claims. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 as it relates to other claimants.

53. Defendant denies the allegations contained in Paragraph 53, except Defendant admits that the example alleged in Paragraph 53 refers to an income advice statement that was included with one of the tax refund claims submitted on behalf of Defendant KASV Group Plan.

54. Defendant denies the allegations contained in Paragraph 54. Moreover, Paragraph 54 alleges legal conclusions to which no answer is required.

55. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, except to admit that Defendant is aware that SKAT erroneously concluded that the tax refund claims submitted by Defendant KASV Group Plan were fraudulent.

13

## AS TO THE CAUSES OF ACTION

### COUNT I

### (Fraud – Against All Defendants)

56. Defendant repeats and incorporates his responses in paragraphs 1 through 55 above.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

### COUNT II

### (Aiding and Abetting Fraud – Against All Defendants)

61. Defendant repeats and incorporates his responses in paragraphs 1 through 60 above.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

### COUNT III

### (Payment By Mistake – Against All Defendants)

68. Defendant repeats and incorporates his responses in paragraphs 1 through 67 above.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

## COUNT IV

**(Unjust Enrichment – Against All Defendants)**

74. Defendant repeats and incorporates his responses in paragraphs 1 through 73 above.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

## COUNT V

**(Money Had & Received – Against All Defendants)**

79. Defendant repeats and incorporates his responses in paragraphs 1 through 78 above.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

## COUNT VI

**(Negligent Misrepresentation – Against All Defendants)**

82. Defendant repeats and incorporates his responses in paragraphs 1 through 81 above.

83. Paragraph 83 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 83 may be deemed required, Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

## AS TO THE REQUEST FOR RELIEF

87. The allegations set forth in the "WHEREFORE" clause constitute Plaintiff's request for relief to which no response is required. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief.

## AFFIRMATIVE DEFENSES

### As A First Affirmative Defense

88. The Complaint fails to state a claim upon which relief can be granted for the reason that it does not assert a legal theory cognizable as a matter of law and it fails to allege sufficient facts to support a cognizable legal claim.

### As A Second Affirmative Defense

89 The claims are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### As A Third Affirmative Defense

90. The claims alleged in the Complaint are barred by the applicable statutes of limitations.

### As A Fourth Affirmative Defense

91. The claims alleged in the Complaint are barred in whole or in part by the equitable doctrines of unclean hands, waiver, laches, and estoppel.

### As A Fifth Affirmative Defense

92. The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### As A Sixth Affirmative Defense

93. The recovery by the Plaintiff, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### As A Seventh Affirmative Defense

94. Plaintiff's action is barred because of its failure to exhaust administrative and other legal remedies available to it.

### As An Eighth Affirmative Defense

95. If the Plaintiff suffered any loss, damage, or injury, such damages were caused in whole or in part by, and arose out of, Plaintiff's culpable conduct, including but not limited to contributory negligence and assumption of risk.

### As A Ninth Affirmative Defense

96. If the Plaintiff suffered any loss, damages, or injury, such alleged injuries and damages were caused, in whole or in part, by the negligence, assumption of risk, fault, and/ or other culpable parties and/or third parties to this action, other than Defendant, for whose acts or omissions or breaches of legal duty Defendant is not liable.

17

### As A Tenth Affirmative Defense

97. The claims alleged in the Complaint are barred in whole or in part by collateral estoppel.

### As An Eleventh Affirmative Defense

98. The claims alleged in the Complaint are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

### As A Twelfth Affirmative Defense

99. The claims alleged in the Complaint are barred in whole or in part by res judicata.

### As A Thirteenth Affirmative Defense

100. If the Plaintiff suffered any loss, damage, or injury, such damages are barred in whole or part to the extent such damages have been or will be paid or indemnified by a collateral source.

### As A Fourteenth Affirmative Defense

101. The recovery by the Plaintiff, if any, should be reduced by application of New York's General Obligations Law §15-108.

### As A Fifteenth Affirmative Defense

102. The claims alleged in the Complaint are barred in whole or in part by waiver and release.

### As A Sixteenth Affirmative Defense

103. Defendant reserves the right to add to and/or amend these Affirmative Defenses because of information that may become known during the course of discovery.

18

WHEREFORE, Defendant respectfully requests a judgement dismissing the Complaint with prejudice, together with his costs, disbursements and attorney's fees and such other further relief as the Court may deem just and proper.

Dated: New York, New York

February 22, 2019

                    CAPLIN & DRYSDALE, CHARTERED

                    s/ Mark D. Allison_____
                    By: Mark D. Allison

                    Mark D. Allison
                    Zhanna A. Ziering
                    600 Lexington Avenue, 21st Floor
                    New York, New York 10022
                    (212) 379-6000

                    *Attorneys for Defendant*
                    *Svetlin Petkov*