**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION<br><br><br>This document relates to:<br>Case No. 18-cv-04896 (LAK) | 18-MD-2865 (LAK)<br><br>ECF Case<br><br>**ANSWER OF**<br>**THE TKKJ LLC 401K PLAN**<br><br>**JURY TRIAL DEMANDED** |

Defendant The TKKJ LLC 401K Plan ("Defendant" or "TKKJ Plan"), by and through its

attorneys, CAPLIN & DRYSDALE, CHARTERED, as and for its Answer to the Complaint

dated June 1, 2018 (the "Complaint") states as follows:

### AS TO THE INTRODUCTION

1.      Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 1, except to admit that SKAT is a taxing

authority of Denmark.

2.      Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 2, except Defendant denies participating in

a fraudulent tax refund scheme to deceive SKAT.

3.      Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 3, except Defendant denies participating in

a fraudulent scheme.

Case 1:18-cv-04896-LAK Document 50 Filed 02/22/19 Page 296 of 16

4.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except Defendant admits submitting refund claims for tax withheld on dividends earned on the shares of Danish companies, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

5.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, except Defendant admits submitting withholding tax refund claims and receiving tax refunds, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

6.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, except Defendant admits submitting withholding tax refund claims and receiving tax refunds, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

7.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, except Defendant admits receiving refunds of tax, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

8.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, except Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

9.      Defendant denies the allegations contained in Paragraph 9, except Defendant does not have knowledge sufficient to admit or deny allegations with respect to all claimants.

Case 1:18-cv-04896-LAK Document 50 Filed 02/22/19 Page 396 of 16

       a.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.a., except to admit that Defendant Thomas Kertelits ("Kertelits") communicated in writing with the Payment Agent on behalf of Defendant TKKJ Plan regarding the tax refund claims.

       b.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.b., except Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

       c.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.c., except Defendant, upon information and belief, denies the allegations that it did not own shares in Danish companies and had not earned dividends on those shares.

10.     Defendant denies the allegations contained in Paragraph 10.

11.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, except to admit that SKAT made payments to its Payment Agent, who subsequently disbursed the payments, and except that Defendant denies participating in a fraudulent scheme.

12.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, except Defendant denies participating in a fraudulent scheme.

13.     Defendant denies the allegations contained in Paragraph 13, except Defendant admits that it was paid withholding tax refunds.

**AS TO THE JURISDICTION AND VENUE**

14.     Paragraph 14 alleges legal conclusions to which no answer is required.  To the extent that an answer is required to Paragraph 14, Defendant admits that the matter in controversy exceeds the sum or value of $75,000, that SKAT is an agency or instrumentality of a foreign state, and that Defendants are citizens of a state, and Defendant denies allegations in Paragraph 14 to the extent they suggest that the Court has subject matter jurisdiction over the matter.

15.     Paragraph 15 alleges legal conclusions to which no answer is required.

**AS TO THE PARTIES**

16.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except it admits that SKAT is a Danish tax authority.

17.     Defendant admits the allegations contained in Paragraph 17.

18.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, except to admit that Defendant Kertelits communicated on its behalf regarding the tax refund claims and except to admit that the address listed on Defendant's tax refund claims was 3 Pheasants Run, Buchanan, New York 10511.

**AS TO THE FACTUAL ALLEGATIONS**

19.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, except to admit that SKAT is the relevant taxing authority.

20.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, except to admit that a certain percentage of dividends is withheld by Danish companies as withholding tax on dividends.

21.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except to admit that under certain circumstances foreign shareholders may be entitled to a refund of the withholding tax.

22.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, except to admit that under certain circumstances, U.S. pension plan shareholders may be entitled to a refund of tax withheld on dividends paid by Danish companies.

23.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, except Defendant admits submitting withholding tax refund claims and that SKAT paid refunds of the withholding tax, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

24.     Defendant denies having sufficient knowledge or information to admit or deny allegations contained in Paragraph 24.

25.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, except Defendant admits submitting withholding tax refund claims, and Defendant denies submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

26.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except to admit that it submitted refund

5

claims to SKAT through Goal TaxBack Limited ("Goal"), and Defendant denies submitting

fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

27.     Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 27, except to admit that Defendant received

tax refund payments.

28.     Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 28, except to admit or deny as follows:

        a.     Defendant admits that the withholding tax refund claims included a cover

letter from the Payment Agent;

        b.     Defendant admits that the tax refund claims submitted on its behalf set out

the information as set forth in the allegations contained in Paragraphs 28.b and 28.b.i through iv;

        c.     Defendant denies the allegations contained in Paragraph 28.c., except to

admit that the tax refund claims submitted on its behalf included "credit advice" notes that

described the security and the amount of dividend tax withheld;

        d.     Defendant denies the allegations contained in Paragraph 28.d, except to

admit that the tax refund claims submitted on its behalf included a document executed by

Defendant Kertelits in connection with the Payment Agent's submission of the tax refund claims

on behalf of Defendant TKKJ Plan; and

        e.     Defendant admits that the tax refund claims submitted on its behalf

included a statement from the Internal Revenue Service containing the information as set forth in

the allegations contained in Paragraph 28.e.

29.     Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 29, except to admit that the credit advice

notes included with the tax refund claims submitted on its behalf referenced shareholdings in

Danish-listed companies, and Defendant denies submitting fraudulent tax refund claims or

otherwise participating in a fraudulent scheme.

30.     Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 30.

31.     Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 31, except to admit that SKAT paid

withholding tax refunds to its Payment Agent.

32.     Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 32, except to deny submitting fraudulent tax

refund claims or otherwise participating in a fraudulent scheme.

33.     Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 33, except to admit that the tax refund

claims submitted on its behalf were submitted through its Payment Agent, and except that

Defendant denies that the tax refund claims submitted on its behalf were submitted as described

in Paragraph 28 of the Complaint, except as otherwise admitted in response to Paragraph 28.

34.     Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in the first sentence of Paragraph 34, except Defendant

denies submitting fraudulent tax refund claims or otherwise participating in the fraudulent

scheme.  Defendant denies the allegations contained in the second sentence of Paragraph 34,

except to admit that Defendant Kertelits provided Goal with a power of attorney relating to the

submission of the tax refund claims for Defendant TKKJ Plan.

Case 1:18-cv-04896-LAK Document 50 Filed 02/22/19 Page 8 of 16

35.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 35, except Defendant denies submitting a fraudulent tax refund claim or otherwise participating in the fraudulent scheme.  Defendant denies the allegations contained in the second sentence of Paragraph 35, except to admit that it submitted its tax refund claims through Goal.

36.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 36, except Defendant admits that it represented to SKAT that it held shares in, and received dividends net of withholding tax from, large Danish-listed companies.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 36, except Defendant admits that eleven (11) withholding tax refund claims totaling at least $5,134,000 (US), were made on its behalf.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 36, except Defendant admits that the tax refund claims were submitted to SKAT on its behalf on or about August 13, 2014 and September 1, 2014.

37.     Defendant denies the allegations contained in Paragraph 37.

38.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, except Defendant admits that SKAT made the tax refund claim payment on or about September 3, 2014; and October 9, 2014, and Defendant denies submitting false tax refund claims or otherwise participating in a fraudulent scheme.

39.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 as related to all claimants.  To the extent

Case 1:18-cv-04896-LAK Document 50 Filed 02/22/19 Page 390 of 16

the allegations in Paragraph 39 relate to the Defendant, Defendant denies the allegations, except

as admitted in response to Paragraph 40.

40. Paragraph 40 alleges legal conclusions to which no answer is required. To the

extent that an answer to Paragraph 40 may be deemed required and to the factual component of

the allegations, Defendant denies the allegations contained in Paragraph 40, except that

Defendant admits that Defendant Kertelits executed a document on or about April 4, 2014, that

contained the language quoted in Paragraph 40.

41. Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 41, except Defendant admits that the

Payment Agent submitted withholding tax refund claims on its behalf, and Defendant denies

submitting fraudulent tax refund claims or otherwise participating in a fraudulent scheme.

42. Paragraph 42 alleges legal conclusions to which no answer is required. To the

extent that an answer to Paragraph 42 may be deemed required and to the factual component of

the allegations, Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 42, except to admit that Defendant Kertelits

communicated in writing with the Payment Agent regarding tax refund claims on behalf of

Defendant TKKJ Plan.

43. Defendant denies the allegations contained in Paragraph 43, except as admitted in

response to Paragraph 28, and Defendant denies having knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 43 as it relates to other

claimants.

44. Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 44, except to admit that tax refund claims

submitted on its behalf contained a power of attorney executed by Defendant Kertelits and requested that SKAT pay such claims to the Payment Agent's bank account.

45.     Defendant denies the allegations contained in Paragraph 45, except to admit that SKAT paid the tax refund claim payments to the Payment Agent with respect to Defendant and that such Payment Agent subsequently distributed the proceeds.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 as it relates to other claimants.

46.     Defendant denies the allegations contained in Paragraph 46, except to admit that "credit advice" or similar notes showing Defendant's ownership of shares of Danish companies was included with its withholding tax refund claims.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 as it relates to other claimants.

47.     Defendant denies the allegations contained in Paragraph 47, except Defendant admits that the example alleged in Paragraph 47 refers to a credit advice statement that was submitted with one of the Defendant's tax refund claims.

48.     Defendant denies the allegations contained in Paragraph 48.  Moreover, Paragraph 48 alleges legal conclusions to which no answer is required.

49.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, except to admit that Defendant is aware that SKAT erroneously concluded that the tax refund claims submitted by Defendant were fraudulent.

## AS TO THE CAUSES OF ACTION

## COUNT I

### (Fraud – Against Both Defendants)

50.     Defendant repeats and incorporates its responses in paragraphs 1 through 49

above.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

## COUNT II

### (Aiding and Abetting Fraud – Against Both Defendants)

55.     Defendant repeats and incorporates its responses in paragraphs 1 through 54

above.

56.     Defendant denies the allegations in Paragraph 56.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

## COUNT III

### (Payment By Mistake – Against Both Defendants)

62.     Defendant repeats and incorporates its responses in paragraphs 1 through 61

above.

63.     Defendant denies the allegations in Paragraph 63.

64.     Defendant denies the allegations in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant denies the allegations in Paragraph 66.

67.     Defendant denies the allegations in Paragraph 67.

## COUNT IV

### (Unjust Enrichment – Against Both Defendants)

68.     Defendant repeats and incorporates its responses in paragraphs 1 through 67 above.

69.     Defendant denies the allegations in Paragraph 69.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

## COUNT V

### (Money Had & Received – Against Both Defendants)

73.     Defendant repeats and incorporates its responses in paragraphs 1 through 72 above.

74.     Defendant denies the allegations in Paragraph 74.

75.     Defendant denies the allegations in Paragraph 75.

## COUNT VI

### (Negligent Misrepresentation – Against Both Defendants)

76.     Defendant repeats and incorporates its responses in paragraphs 1 through 75 above.

77.     Paragraph 77 alleges legal conclusions to which no answer is required.  To the

extent that an answer to Paragraph 77 may be deemed required, Defendant denies the allegations

in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

79.     Defendant denies the allegations in Paragraph 79.

80.     Defendant denies the allegations in Paragraph 80.

**AS TO THE REQUEST FOR RELIEF**

81.     The allegations set forth in the "WHEREFORE" clause constitute Plaintiff's

request for relief to which no response is required.  To the extent that a response is necessary,

Defendant denies that Plaintiff is entitled to the relief requested, or to any relief.

**AFFIRMATIVE DEFENSES**

**As A First Affirmative Defense**

82.     The Complaint fails to state a claim upon which relief can be granted for the

reason that it does not assert a legal theory cognizable as a matter of law and it fails to allege

sufficient facts to support a cognizable legal claim.

**As A Second Affirmative Defense**

83.     The claims are barred by the long-standing doctrine of the Revenue Rule, which

prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

**As A Third Affirmative Defense**

84.     The claims alleged in the Complaint are barred by the applicable statutes of

limitations.

**As A Fourth Affirmative Defense**

13

85.     The claims alleged in the Complaint are barred in whole or in part by the

equitable doctrines of unclean hands, waiver, laches, and estoppel.

**As A Fifth Affirmative Defense**

86.     The claims alleged in the Complaint are barred in whole or in part for failure to

join indispensable or necessary parties.

**As A Sixth Affirmative Defense**

87.     The recovery by the Plaintiff, if any, should be barred because the subject matter

of this lawsuit is the subject of another pending legal proceeding.

**As A Seventh Affirmative Defense**

88.     Plaintiff's action is barred because of its failure to exhaust administrative and

other legal remedies available to it.

**As An Eighth Affirmative Defense**

89.     If the Plaintiff suffered any loss, damage, or injury, such damages were caused in

whole or in part by, and arose out of, Plaintiff's culpable conduct, including but not limited to

contributory negligence and assumption of risk.

**As A Ninth Affirmative Defense**

90.     If the Plaintiff suffered any loss, damages, or injury, such alleged injuries and

damages were caused, in whole or in part, by the negligence, assumption of risk, fault, and/ or

other culpable parties and/or third parties to this action, other than Defendant, for whose acts or

omissions or breaches of legal duty Defendant is not liable.

**As A Tenth Affirmative Defense**

91.     The claims alleged in the Complaint are barred in whole or in part by collateral

estoppel.

Case 1:18-cv-04896-LAK Document 50 Filed 02/22/19 Page 15 of 16

### As An Eleventh Affirmative Defense

92.     The claims alleged in the Complaint are barred in whole or in part because

Plaintiff has failed to mitigate its alleged damages.

### As A Twelfth Affirmative Defense

93.     The claims alleged in the Complaint are barred in whole or in part by res judicata.

### As A Thirteenth Affirmative Defense

94.     If the Plaintiff suffered any loss, damage, or injury, such damages are barred in

whole or part to the extent such damages have been or will be paid or indemnified by a collateral

source.

### As A Fourteenth Affirmative Defense

95.     The recovery by the Plaintiff, if any, should be reduced by application of New

York's General Obligations Law §15-108.

### As A Fifteenth Affirmative Defense

96.     The claims alleged in the Complaint are barred in whole or in part by waiver and

release.

### As A Sixteenth Affirmative Defense

97.     Defendant reserves the right to add to and/or amend these Affirmative Defenses

because of information that may become known during the course of discovery.

WHEREFORE, Defendant respectfully requests a judgement dismissing the Complaint

with prejudice, together with its costs, disbursements and attorney's fees and such other further

relief as the Court may deem just and proper.

Dated: New York, New York

       February 22, 2019

                                       CAPLIN & DRYSDALE, CHARTERED


                                       s/ Mark D. Allison
                                       By: Mark D. Allison

                                       Mark D. Allison
                                       Zhanna A. Ziering
                                       600 Lexington Avenue, 21st Floor
                                       New York, New York 10022
                                       (212) 379-6000

                                       *Attorneys for Defendant*
                                       *The TKKJ LLC 401K Plan*