UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re*<br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 18 Civ. 4833 | MASTER DOCKET<br><br>18 Md. 2865 (LAK)<br><br>**ANSWER**<br><br>**Jury Trial Demanded** |

### DEFENDANT ADAM LAROSA'S ANSWER TO THE COMPLAINT

Defendant Adam LaRosa ("LaRosa"), through his undersigned counsel, hereby submits the following Answer to the Complaint (ECF No. 1, May 31, 2018) of Plaintiff Customs and Tax Administration of the Kingdom of Denmark ("SKAT"). Except as hereinafter expressly admitted, qualified, or otherwise answered, LaRosa denies each and every allegation and assertion made in the Complaint. The paragraphs that follow align with the numbered paragraphs in the Complaint.

### I. INTRODUCTION[1]

1. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, except he denies involvement in any fraudulent tax refund scheme.

3. LaRosa lacks knowledge or information sufficient to form a belief as to the truth

---

[1] The repetition of the headings and subheadings contained in the Complaint is not an adoption of those headings, nor an admission of their truth. Rather, LaRosa includes those headings in this Answer purely for the Court's ease of reference.

of the allegations set forth in Paragraph 3, except he denies involvement in any fraudulent scheme or in any entity "pretending" to own shares. To the extent that Paragraph 3 purports to summarize or describe Danish tax statutes and treaties, those documents speak for themselves and require no answer from LaRosa.[2]

      4. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, except he denies involvement in submitting any fraudulent reclaim applications.

      5. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, except he denies involvement in any fraudulent scheme or in submitting any false documents.

      6. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, except he denies involvement in any fraudulent scheme or in making any false representations.

      7. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, except he denies involvement in making any false claims.

      8. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, except he (i) admits that one or more law enforcement authorities are currently investigating allegations in the Complaint, and (ii) denies

---

[2] Throughout this Answer, to the extent that LaRosa responds that a document quoted or summarized in the Complaint speaks for itself and requires no answer, he respectfully refers the Court to the document itself for its full terms and effect. LaRosa notes that, by referring the Court to such a document, he does not admit either the accuracy of the quotation/summary or the genuineness or accuracy of the document itself. To the extent any such document is later shown to be inauthentic, incomplete, or inaccurate in whole or in part, the relevant allegation(s) of the Complaint are denied.

involvement in any fraudulent scheme.

9. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, except he (i) admits executing on behalf of the Raubritter LLC Pension Plan ("Raubritter") a power of attorney form dated January 16, 2013 (the "Raubritter POA") authorizing third-party payment agent Acupay System LLC ("Acupay") to submit Raubritter's tax refund claims and to receive payments in respect of those claims on Raubritter's behalf, and (ii) denies involvement in any fraudulent scheme or in making any false submissions or representations.

10. LaRosa denies the allegations in Paragraph 10.

11. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, except he (i) admits upon information and belief that SKAT made reclaim payments to Acupay on behalf of Raubritter which were distributed to Raubritter and one or more other entities, and (ii) denies participation in any fraud.

12. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, except he denies involvement in any fraudulent scheme.

13. LaRosa denies the allegations in Paragraph 13.

II. **JURISDICTION & VENUE**

14. Paragraph 14 consists of a legal conclusion which requires no answer from LaRosa.[3]

---

[3] At various points throughout this Answer, LaRosa responds that a paragraph of the Complaint states a legal conclusion that requires no response. To the extent it is later determined that a response is required, LaRosa shall be deemed to deny each and every allegation to which this response is interposed.

15. Paragraph 15 consists of a legal conclusion which requires no answer from LaRosa.

### III. PARTIES

16. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17. LaRosa admits upon information and belief the allegations in Paragraph 17.

18. LaRosa denies the allegations in Paragraph 18, except (i) he admits that he is a citizen of a state of the United States and that he executed the Raubritter POA described in paragraph 9 of this Answer, and (ii) to the extent that Paragraph 18 purports to summarize or describe the Raubritter POA, that document speaks for itself and requires no answer from LaRosa.

### IV. FACTUAL ALLEGATIONS

#### A. The Danish Withholding Tax System

19. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, except he admits the allegations in the first sentence of Paragraph 19.

20. Paragraph 20 purports to summarize or describe the Danish Withholding Tax Act. This statute is a publicly-available document which speaks for itself and requires no answer from LaRosa.

21. Paragraph 21 purports to summarize or describe Danish tax statutes and treaties. Those publicly-available documents speak for themselves and require no answer from LaRosa.

22. Paragraph 22 purports to summarize or describe the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the

Prevention of Fiscal Evasion with Respect to Taxes on Income.  This Convention is a publicly-available document which speaks for itself and requires no answer from LaRosa.

23. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23.

24. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24.

B.  **The Fraudulent Scheme**

25. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, except he denies involvement in any fraudulent scheme.

1.  **The Fraudulent Refund Claims Process**

26. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, except he denies involvement in submitting any fraudulent claims.

27. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, except he admits that Raubritter received payments from Acupay.

28. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28, except he admits that he executed the Raubritter POA described in paragraph 9 of this Answer.  To the extent that Paragraph 28 purports to summarize or describe the Raubritter POA, that document speaks for itself and requires no answer from LaRosa.

29. LaRosa lacks knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 29, except he denies involvement in any fraudulent claims.

30. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30.

31. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

### 2. The Role of the Claimants

32. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, except he denies involvement in any fraudulent scheme.

33. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33, except he admits upon information and belief that Raubritter made withholding tax refund claims through Acupay.

34. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34, except he (i) denies involvement in any fraudulent claims, and (ii) admits that he executed the Raubritter POA described in paragraph 9 of this Answer. To the extent that Paragraph 34 purports to summarize or describe the Raubritter POA, that document speaks for itself and requires no answer from LaRosa.

35. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, except he (i) denies involvement in any fraudulent claims, and (ii) admits that he executed the Raubritter POA described in paragraph 9 of this Answer. To the extent that Paragraph 35 purports to summarize or describe the Raubritter POA, that document speaks for itself and requires no answer from LaRosa.

36. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, except he admits upon information and belief that Raubritter made a number of withholding tax refund claims through Acupay in which Acupay represented that Raubritter was entitled to refunds.

37. LaRosa denies the allegations in Paragraph 37.

38. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38, except he (i) admits upon information and belief that SKAT made a number of payments to Raubritter through Acupay, and (ii) denies involvement in any false refund claims.

### 3. The Role of the Claimants Authorized Representatives

39. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39, except he admits that he executed the Raubritter POA described in paragraph 9 of this Answer. To the extent that Paragraph 39 purports to summarize or describe the Raubritter POA, that document speaks for itself and requires no answer from LaRosa.

40. Paragraph 40 purports to summarize or describe the Raubritter POA, which speaks for itself and requires no answer from LaRosa.

41. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41, except he (i) denies involvement in any fraudulent tax refund requests or in "pretending" to own shares in Danish companies, and (ii) admits he signed Power of Attorney documents on behalf of U.S. entities that traded shares in Danish companies listed on the OMX Copenhagen 20 Index.

### 4. The Role of the Payment Agents

42. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, except he denies (i) involvement in any fraudulent withholding tax refund claims, and (ii) that any Payment Agent submitted any withholding tax refund claims "at the direction of" LaRosa.

43. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43, except he admits that he executed the Raubritter POA described in paragraph 9 of this Answer. To the extent that Paragraph 43 purports to summarize or describe the Raubritter POA, that document speaks for itself and requires no answer from LaRosa.

44. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44.

45. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45.

46. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46, except he (i) admits upon information and belief that SKAT made reclaim payments to Acupay on behalf of Raubritter, which were distributed to Raubritter and one or more other entities, and (ii) denies participation in any fraud.

### 5. The Role of the Broker-Custodians

47. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47.

48. To the extent that Paragraph 48 purports to summarize or describe a "credit advice," that document speaks for itself and requires no answer from LaRosa.

49. LaRosa denies the allegations in Paragraph 49.

50. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50, except he denies involvement in any fraudulent tax refund claims.

## CAUSES OF ACTION

## COUNT I

**(Fraud – Against Both Defendants)**

51. This is a statement reincorporating SKAT's allegations in Paragraphs 1 through 50, to which no response is required.  To the extent a response is required, LaRosa reincorporates his responses to Paragraphs 1 through 50.

52. LaRosa denies the allegations in Paragraph 52.

53. LaRosa denies the allegations in Paragraph 53.

54. LaRosa denies the allegations in Paragraph 54.

55. LaRosa denies the allegations in Paragraph 55.

## COUNT II

**(Aiding and Abetting Fraud – Against Both Defendants)**

56. This is a statement reincorporating SKAT's allegations in Paragraphs 1 through 55, to which no response is required.  To the extent a response is required, LaRosa reincorporates his responses to Paragraphs 1 through 55.

57. LaRosa denies the allegations in Paragraph 57.

58. LaRosa denies the allegations in Paragraph 58.

59. LaRosa denies the allegations in Paragraph 59.

60. LaRosa denies the allegations in Paragraph 60.

61. LaRosa denies the allegations in Paragraph 61.

62. LaRosa denies the allegations in Paragraph 62.

## COUNT III

63. This is a statement reincorporating SKAT's allegations in Paragraphs 1 through 62, to which no response is required. To the extent a response is required, LaRosa reincorporates his responses to Paragraphs 1 through 62.

64. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64.

65. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65, except he denies involvement in making any invalid claims or submitting any invalid supporting documentation.

66. LaRosa lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66.

67. LaRosa denies the allegations in Paragraph 67.

68. LaRosa denies the allegations in Paragraph 68.

## COUNT IV

**(Unjust Enrichment – Against Both Defendants)**

69. This is a statement reincorporating SKAT's allegations in Paragraphs 1 through 68, to which no response is required. To the extent a response is required, LaRosa reincorporates his responses to Paragraphs 1 through 68.

70. LaRosa denies the allegations in Paragraph 70.

71. LaRosa denies the allegations in Paragraph 71.

72. LaRosa denies the allegations in Paragraph 72.

73. LaRosa denies the allegations in Paragraph 73.

## COUNT V

**(Money Had & Received – Against Both Defendants)**

74. This is a statement reincorporating SKAT's allegations in Paragraphs 1 through 73, to which no response is required. To the extent a response is required, LaRosa reincorporates his responses to Paragraphs 1 through 73.

75. LaRosa denies the allegations in Paragraph 75.

76. LaRosa denies the allegations in Paragraph 76.

## COUNT VI

**(Negligent Misrepresentation – Against Both Defendants)**

77. This is a statement reincorporating SKAT's allegations in Paragraphs 1 through 76, to which no response is required. To the extent a response is required, LaRosa reincorporates his responses to Paragraphs 1 through 76.

78. Paragraph 78 consists of a legal conclusion which requires no answer from LaRosa.

79. LaRosa denies the allegations in Paragraph 79.

80. LaRosa denies the allegations in Paragraph 80.

81. LaRosa denies the allegations in Paragraph 81.

## SKAT'S REQUEST FOR RELIEF

The remainder of the Complaint constitutes SKAT's request for relief to which no response is required. To the extent a responsive pleading is required, LaRosa denies that SKAT is entitled to the relief sought.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

SKAT's claims are barred by the rule against foreign revenue enforcement.

### THIRD DEFENSE

LaRosa acted at all times reasonably and with due care; reasonably relied upon the actions and statements of others; and did not directly or indirectly cause, induce, aid, or abet any acts constituting the claims asserted by SKAT.

### FOURTH DEFENSE

LaRosa did not engage in any unlawful conduct, and LaRosa is not liable for any unlawful acts that may have been committed by others.

### FIFTH DEFENSE

SKAT has failed to mitigate, minimize, or avoid any alleged damages.

### SIXTH DEFENSE

SKAT is barred from relief by the doctrines of unclean hands, estoppel, laches, release, unjust enrichment, and/or waiver due to SKAT's own acts and/or omissions with reference to the subject matter of the Complaint.

### SEVENTH DEFENSE

The alleged damages sought by SKAT are barred, in whole or in part, by the applicable statute(s) of limitations.

### EIGHTH DEFENSE

The proximate cause of SKAT's injuries, if any, is the conduct of SKAT or others and not any act or omission by LaRosa.

### NINTH DEFENSE

The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### TENTH DEFENSE

The recovery by SKAT, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### ELEVENTH DEFENSE

SKAT's action is barred because of SKAT's failure to exhaust administrative and other legal remedies available to it.

### TWELFTH DEFENSE

LaRosa hereby adopts and incorporates by reference any and all other legally valid defenses to be asserted by any other defendant in this action to the extent they are applicable to LaRosa.

### RESERVATION

LaRosa hereby gives notice that he intends to rely on any other defenses that may become available or appear during the course of this action.

### JURY DEMAND

LaRosa demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Adam LaRosa respectfully requests that judgment be entered for him dismissing the Complaint with prejudice and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 22, 2019

>MORVILLO ABRAMOWITZ GRAND
>IASON & ANELLO P.C.
>
>By:  /s/ Edward M. Spiro
>       Edward M. Spiro
>565 Fifth Avenue
>New York, New York 10017
>(212) 856-9600
>espiro@maglaw.com
>
>*Attorneys for Defendant Adam LaRosa*