UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

In re
CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKAT) TAX REFUND LITIGATION

MASTER DOCKET

18-md-2865 (LAK)

This document relates to: 1:18-cv-04899 (LAK)

---------------------------------------------------------------X

## DEFENDANT JOHN DOSCAS' ANSWER TO PLAINTIFF SKAT'S COMPLAINT

Defendant John Doscas ("Defendant" or "Doscas"), by his attorneys Kostelanetz & Fink, LLP, answer the complaint (the "Complaint") of plaintiff SKAT ("Plaintiff" or "SKAT") upon information and belief as follows:

### AS TO THE INTRODUCTION

1.  Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 1 of the Complaint, except to admit that SKAT is or was the taxing authority of Denmark.

2.  Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 2 of the Complaint, however, Doscas denies the allegations as they relate to himself.

3.  Paragraph 3 of the Complaint consists of Plaintiff's characterization of its complaint against Doscas and Defendant Sander Gerber Pension Plan (SGPP) and/or contains conclusions of law to which no response is required. To the extent a response is required, Doscas denies the allegations in paragraph 3 with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

4. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 4 of the Complaint. Doscas denies the allegations in the second sentence of paragraph 4 of the Complaint.

5. Doscas denies the allegations in paragraph 5 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 5 with respect to others

6. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 6 of the Complaint. Doscas denies the remaining allegations in paragraph 6 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations of paragraph 6 with respect to others.

7. Doscas denies the allegations in paragraph 7 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

8. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 8 of the Complaint.

9. Doscas denies the allegations in paragraph 9 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

10. Doscas denies the allegations in paragraph 10 of the Complaint.

11. Doscas denies the allegations in paragraph 11 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

12. Doscas denies the allegations in paragraph 12 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

13. Doscas denies the allegations in Paragraph 13 of the Complaint.

## AS TO JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is required.

15. Paragraph 15 of the Complaint contains conclusions of law to which no response is required.

## AS TO THE PARTIES

16. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations of Paragraph 16 of the Complaint, except to admit that SKAT is or was the taxing authority of Denmark.

17. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations of Paragraph 17 of the Complaint.

18. Doscas admits that he is a citizen of the United States. The second sentence of paragraph 18 contains conclusions of law to which no response is required. To the extent any further response is required, Doscas denies the remaining allegations in paragraph 18.

## AS TO THE FACTUAL ALLEGATIONS

19. Paragraph 19 of the Complaint contains conclusions of law to which no response is required.

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required.

22. Paragraph 22 of the Complaint contains conclusions of law to which no response is required.

23. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 23 of the Complaint.

24. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 24 of the Complaint.

25. Doscas denies the allegations in paragraph 25 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

26. Doscas denies the allegations in paragraph 26 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

27. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 27 of the Complaint.

28. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 28 of the Complaint.

29. Doscas denies the allegations in paragraph 29 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

30. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 30 of the Complaint.

31. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 31 of the Complaint.

32. Doscas denies the allegations in paragraph 32 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

33. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 33 of the Complaint.

34. Doscas denies the allegations in the first sentence of paragraph 34 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the second sentence of paragraph 34 of the Complaint.

35. Doscas denies the allegations in the first sentence of paragraph 35 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the second sentence of paragraph 35 of the Complaint.

36. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 36 of the Complaint.

37. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 37 of the Complaint.

38. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 38 of the Complaint.

39. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 39 of the Complaint.

40. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 40 of the Complaint.

41. Doscas admits that SKAT provided a copy of a power of attorney dated July 30, 2012 with respect to the Sterling Alpha LLC 401K Profit Sharing Plan, which such document speaks for itself. Doscas further admits that his home address is 11 Sterling Lane, Sands Point, NY 11050.

42. Doscas denies the allegations in paragraph 42 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

43. Doscas denies the allegations in paragraph 43 of the Complaint with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

44. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 44 of the Complaint.

45. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 45 of the Complaint.

46. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 46 of the Complaint. Doscas denies the allegations in the second sentence of paragraph 46 with respect to himself and denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

47. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 47 of the Complaint.

48. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 48 of the Complaint.

49. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 49 of the Complaint.

50. Doscas denies information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 50 of the Complaint.

## AS TO THE CAUSES OF ACTION

## COUNT I

**(Fraud – Against Both Defendants)**

51. With respect to paragraph 51 of the Complaint, Doscas repeats and realleges each and every response contained in paragraphs "1" through "50" above, as if recited herein in their entirety.

52. Doscas denies the allegations in paragraph 52 of the Complaint.

53. Doscas denies the allegations in paragraph 53 of the Complaint.

54. Doscas denies the allegations in paragraph 54 of the Complaint.

55. Doscas denies the allegations in paragraph 55 of the Complaint.

## COUNT II

**(Aiding and Abetting Fraud – Against Both Defendants)**

56. With respect to paragraph 56 of the Complaint, Doscas repeats and realleges each and every response contained in paragraphs "1" through "55" above, as if recited herein in their entirety.

57. Doscas denies the allegations in paragraph 57 of the Complaint.

58. Doscas denies the allegations in paragraph 58 of the Complaint.

59. Doscas denies the allegations in paragraph 59 of the Complaint.

60. Doscas denies the allegations in paragraph 60 of the Complaint.

61. Doscas denies the allegations in paragraph 61 of the Complaint.

62. Doscas denies the allegations in paragraph 62 of the Complaint.

## COUNT III

**(Payment by Mistake – Against Both Defendants)**

63. With respect to paragraph 63 of the Complaint, Doscas repeats and realleges each and every response contained in paragraphs "1" through "62" above, as if recited herein in their entirety.

64. Doscas denies the allegations in paragraph 64 of the Complaint.

65. Doscas denies the allegations in paragraph 65 of the Complaint.

66. Doscas denies the allegations in paragraph 66 of the Complaint.

67. Doscas denies the allegations in paragraph 67 of the Complaint.

68. Doscas denies the allegations in paragraph 68 of the Complaint.

## COUNT IV

**(Unjust Enrichment - Against Both Defendants)**

69. With respect to paragraph 69 of the Complaint, Doscas repeats and realleges each and every response contained in paragraphs "1" through "68" above, as if recited herein in their entirety.

70. Doscas denies the allegations in paragraph 70 of the Complaint.

71. Doscas denies the allegations in paragraph 71 of the Complaint.

72. Doscas denies the allegations in paragraph 72 of the Complaint.

73. Doscas denies the allegations in paragraph 73 of the Complaint.

## COUNT V

### (Money Had & Received - Against Both Defendants)

74. With respect to paragraph 74 of the Complaint, Doscas repeats and realleges each and every response contained in paragraphs "1" through "73" above, as if recited herein in their entirety.

75. Doscas denies the allegations in paragraph 75 of the Complaint.

76. Doscas denies the allegations in paragraph 76 of the Complaint.

## COUNT VI

### (Negligent Misrepresentation - Against Both Defendants)

77. With respect to paragraph 77 of the Complaint, Doscas repeats and realleges each and every response contained in paragraphs "1" through "76" above, as if recited herein in their entirety.

78. Paragraph 78 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Doscas denies the allegations in paragraph 78 of the Complaint.

79. Doscas denies the allegations in paragraph 79 of the Complaint.

80. Doscas denies the allegations in paragraph 80 of the Complaint.

81. Doscas denies the allegations in paragraph 81 of the Complaint.

## AS TO THE REQUEST FOR RELIEF

82. The allegations set forth in the "WHEREFORE" clause constitute Plaintiff's request for relief to which no response is required. To the extent that a response is necessary, Doscas denies that Plaintiff is entitled to the relief requested, or to any relief.

## AFFIRMATIVE DEFENSES

### As A First Affirmative Defense

83. The Complaint fails to state a claim upon which relief can be granted for the reason that it does not assert a legal theory cognizable as a matter of law and it fails to allege sufficient facts to support a cognizable legal claim.

### As A Second Affirmative Defense

84. The claims are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### As A Third Affirmative Defense

85. The claims alleged in the Complaint are barred by the applicable statutes of limitations.

### As A Fourth Affirmative Defense

86. The claims alleged in the Complaint are barred in whole or in part by the equitable doctrines of unclean hands, waiver, laches, and estoppel.

### As A Fifth Affirmative Defense

87. The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### As A Sixth Affirmative Defense

88. The recovery by the Plaintiff, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### As A Seventh Affirmative Defense

89. Plaintiff's action is barred because of its failure to exhaust administrative and other legal remedies available to it.

### As An Eighth Affirmative Defense

90. If the Plaintiff suffered any loss, damage, or injury, such damages were caused in whole or in part by, and arose out of, Plaintiff's culpable conduct, including but not limited to contributory negligence and assumption of risk.

### As A Ninth Affirmative Defense

91. If the Plaintiff suffered any loss, damages, or injury, such alleged injuries and damages were caused, in whole or in part, by the negligence, assumption of risk, fault, and/ or other culpable parties and/or third parties to this action, other than Doscas, for whose acts or omissions or breaches of legal duty Doscas is not liable.

### As A Tenth Affirmative Defense

92. The claims alleged in the Complaint are barred in whole or in part by collateral estoppel.

### As An Eleventh Affirmative Defense

93. The claims alleged in the Complaint are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

### As A Twelfth Affirmative Defense

94. The claims alleged in the Complaint are barred in whole or in part by res judicata.

11

**As A Thirteenth Affirmative Defense**

95. If the Plaintiff suffered any loss, damage, or injury, such damages are barred in whole or part to the extent such damages have been or will be paid or indemnified by a collateral source.

**As A Fourteenth Affirmative Defense**

96. The recovery by the Plaintiff, if any, should be reduced by application of New York's General Obligations Law §15-108.

**As A Fifteenth Affirmative Defense**

97. The claims alleged in the Complaint are barred in whole or in part by waiver and release.

**As A Sixteenth Affirmative Defense**

98. The Complaint is barred, in whole or in part, because at all relevant times, Doscas acted in good faith and without intent to defraud.

**As A Seventeenth Affirmative Defense**

99. The Complaint is barred, in whole or in part, because Defendant SGPP was entitled to the withholding tax refunds at issue.

**As An Eighteenth Affirmative Defense**

100. The Complaint is barred, in whole or in part, because Doscas and SGPP did not receive the amounts SKAT alleges that it paid out in withholding tax refunds.

**As A Nineteenth Affirmative Defense**

101. Doscas reserves the right to add to and/or amend these Affirmative Defenses because of information that may become known during the course of discovery.

12

WHEREFORE, Doscas respectfully requests a judgement dismissing the Complaint with prejudice, together with his costs, disbursements and attorney's fees and such other further relief as the Court may deem just and proper.

Dated: New York, New York
February 22, 2019

>                Respectfully submitted,
>
>                KOSTELANETZ & FINK, LLP
>
> By:            /s/Bryan C. Skarlatos
>                Bryan C. Skarlator (BS-7814)
>                7 World Trade Center
>                New York, New York 10007
>                (212) 808-8100 (Phone)
>                (212) 808-8108 (Fax)
>                bskarlatos@kflaw.com