UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re
CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKAT) TAX REFUND LITIGATION

MASTER DOCKET

18-md-2865 (LAK)

This document relates to: 1:18-cv-05374 (LAK)

------------------------------------------------------------X

**DEFENDANTS DEL MAR ASSET MANAGEMENT SAVINGS & RETIREMENT PLAN AND DAVID FREELOVE'S ANSWER TO PLAINTIFF SKAT'S COMPLAINT**

Defendants Del Mar Asset Management Savings & Retirement Plan ("Del Mar") and David Freelove ("Freelove" and with Del Mar, "Defendants"), by their attorneys Kostelanetz & Fink, LLP, answers the complaint (the "Complaint") of plaintiff SKAT ("Plaintiff" or "SKAT") upon information and belief as follows:

**AS TO THE INTRODUCTION**

1. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 1 of the Complaint, except to admit that SKAT is or was the taxing authority of Denmark.

2. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 2 of the Complaint, however, Defendants deny the allegations as they relate to themselves.

3. Paragraph 3 of the Complaint consists of Plaintiff's characterization of its complaint against Defendants and/or contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny with respect to themselves the allegations in paragraph 3 of the Complaint and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

4. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 4 of the Complaint, except Defendants admit that that an agent submitted on behalf of Del Mar refund claims for taxes withheld on shares of Danish companies. Defendants deny the allegations in the second sentence of paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 5 with respect to others.

6. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 6 of the Complaint. Defendants deny the remaining allegations in paragraph 6 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations of paragraph 6 with respect to others.

7. Defendants deny the allegations in paragraph 7 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

8. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

12. Defendants deny the allegations in paragraph 12 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

## AS TO JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is required.

15. Paragraph 15 of the Complaint contains conclusions of law to which no response is required.

## AS TO THE PARTIES

16. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations of Paragraph 16 of the Complaint, except to admit that SKAT is or was the taxing authority of Denmark.

17. Defendants admit that Del Mar is a pension plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and that it is a resident of the United Stated for purposes of U.S. taxation. Defendants further admit that SKAT has provided copies of tax refund requests, which SKAT represents were submitted to it purportedly on Del Mar's behalf, that list Del Mar's address as 711 Fifth Avenue, New York, New York 10022 and that each member of Del Mar is a citizen of the United States. Defendants deny the remaining allegations in paragraph 17.

18. Defendants admit the allegations in the first sentence of paragraph 18 of the Complaint. The second sentence of paragraph 18 contains conclusions of law to which no response is required. To the extent any further response is required, the Defendants deny the allegations in the second sentence of paragraph 18. Defendants admit that Freelove resides at 599 Middlesex Road, Darien, Connecticut, 06820.

## AS TO THE FACTUAL ALLEGATIONS

19. Paragraph 19 of the Complaint contains conclusions of law to which no response is required.

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required.

22. Paragraph 22 of the Complaint contains conclusions of law to which no response is required.

23. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 23 of the Complaint.

24. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

26. Defendants deny the allegations in paragraph 26 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

27. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 27 of the Complaint.

28. Defendants admits that SKAT has provided copies to Del Mar of the documentation described in subsections (a)-(e) of paragraph 28 of the Complaint, which SKAT represents was submitted to it purportedly on Del Mar's behalf. The Defendants deny the remaining allegations in paragraph 28 with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

29. Defendants deny the allegations in paragraph 29 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

30. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 30 of the Complaint.

31. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

33. Defendants admit that SKAT has provided copies to Del Mar of the documentation described in paragraph 28, which SKAT represents was submitted to SKAT

5

purportedly on Del Mar's behalf. Defendants deny the remaining allegations in paragraph 33 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

34. Defendants deny the allegations in the first sentence of paragraph 34 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others. Defendants deny the allegations in the second sentence of paragraph 34 except Defendants admit that SKAT provided a copy of a power of attorney dated April 19, 2013, which speaks for itself.

35. Defendants deny the allegations in the first sentence of paragraph 35 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others. Defendants denies the allegations in the second sentence of paragraph 35 except to admit that Del Mar submitted its tax refund claims through Goal TaxBack Limited.

36. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 36 of the Complaint. The Defendants admit that SKAT has provided copies of more than one withholding tax refund claim, which SKAT represents were made to SKAT purportedly on Del Mar's behalf. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the third sentence of paragraph 36. The Defendants otherwise deny the remaining allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

6

39. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 40 of the Complaint, except the Defendants admit that SKAT provided a copy of a power of attorney dated April 19, 2013, which speaks for itself.

40. The Defendants admit that SKAT provided a copy of a power of attorney dated April 19, 2013, which speaks for itself. The Defendants otherwise deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations in the first sentence of paragraph 41 of the Complaint. The Defendants admit to the allegations set forth in the second sentence of paragraph 41 of the Complaint. The Defendants admit that SKAT provided a copy of a power of attorney dated March 12, 2014 on behalf of Federated Logistics LLC 401K Plan, which speaks for itself.

42. Defendants deny the allegations in paragraph 42 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

43. Defendants deny the allegations in paragraph 43 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

44. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 44 of the Complaint.

45. Defendants admit that SKAT has provided copies to Del Mar of the Claim Form described in subsections (a)-(d) of paragraph 45 of the Complaint, which SKAT represents was submitted to it purportedly on Del Mar's behalf, and refers to the documents which speak for

themselves. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the remainder of the allegations in paragraph 45 of the Complaint.

46. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 46 of the Complaint. Defendants deny the allegations in the second sentence of paragraph 46 with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

47. Defendants admit that SKAT has provided a copy to Del Mar of a tax voucher, which SKAT represents was submitted to it purportedly on Del Mar's behalf, and refer to the documents which speak for themselves. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations in paragraph 47 of the Complaint.

48. Defendants admit that SKAT has provided a copy to Del Mar of a tax voucher, which SKAT represents was submitted to it purportedly on Del Mar's behalf, and refer to the document which speaks for itself. The Defendants deny the remaining allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 50 of the Complaint.

## AS TO THE CAUSES OF ACTION

## COUNT I

**(Fraud – Against Both Defendants)**

8

51. With respect to paragraph 51 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "50" above, as if recited herein in their entirety.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

## COUNT II

### (Aiding and Abetting Fraud – Against Both Defendants)

56. With respect to paragraph 51 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "55" above, as if recited herein in their entirety.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

## COUNT III

### (Payment by Mistake – Against Both Defendants)

63. With respect to paragraph 63 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "62" above, as if recited herein in their entirety.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

## COUNT IV

### (Unjust Enrichment - Against Both Defendants)

69. With respect to paragraph 69 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "68" above, as if recited herein in their entirety.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

## COUNT V

### (Money Had & Received - Against Both Defendants)

74. With respect to paragraph 74 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "73" above, as if recited herein in their entirety.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

## COUNT VI

### (Negligent Misrepresentation - Against Both Defendants)

10

77. With respect to paragraph 77 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "76" above, as if recited herein in their entirety.

78. Paragraph 78 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

## AS TO THE REQUEST FOR RELIEF

82. The allegations set forth in the "WHEREFORE" clause constitute Plaintiff's request for relief to which no response is required. To the extent that a response is necessary, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

## AFFIRMATIVE DEFENSES

### As A First Affirmative Defense

83. The Complaint fails to state a claim upon which relief can be granted for the reason that it does not assert a legal theory cognizable as a matter of law and it fails to allege sufficient facts to support a cognizable legal claim.

### As A Second Affirmative Defense

84. The claims are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### As A Third Affirmative Defense

85. The claims alleged in the Complaint are barred by the applicable statutes of limitations.

### As A Fourth Affirmative Defense

86. The claims alleged in the Complaint are barred in whole or in part by the equitable doctrines of unclean hands, waiver, laches, and estoppel.

### As A Fifth Affirmative Defense

87. The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### As A Sixth Affirmative Defense

88. The recovery by the Plaintiff, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### As A Seventh Affirmative Defense

89. Plaintiff's action is barred because of its failure to exhaust administrative and other legal remedies available to it.

### As An Eighth Affirmative Defense

90. If the Plaintiff suffered any loss, damage, or injury, such damages were caused in whole or in part by, and arose out of, Plaintiff's culpable conduct, including but not limited to contributory negligence and assumption of risk.

### As A Ninth Affirmative Defense

91. If the Plaintiff suffered any loss, damages, or injury, such alleged injuries and damages were caused, in whole or in part, by the negligence, assumption of risk, fault, and/ or other culpable parties and/or third parties to this action, other than Defendants, for whose acts or omissions or breaches of legal duty Defendants are not liable.

### As A Tenth Affirmative Defense

92. The claims alleged in the Complaint are barred in whole or in part by collateral estoppel.

### As An Eleventh Affirmative Defense

93. The claims alleged in the Complaint are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

### As A Twelfth Affirmative Defense

94. The claims alleged in the Complaint are barred in whole or in part by res judicata.

### As A Thirteenth Affirmative Defense

95. If the Plaintiff suffered any loss, damage, or injury, such damages are barred in whole or part to the extent such damages have been or will be paid or indemnified by a collateral source.

### As A Fourteenth Affirmative Defense

96. The recovery by the Plaintiff, if any, should be reduced by application of New York's General Obligations Law §15-108.

### As A Fifteenth Affirmative Defense

97. The claims alleged in the Complaint are barred in whole or in part by waiver and release.

### As A Sixteenth Affirmative Defense

98. The Complaint is barred, in whole or in part, because at all relevant times, Defendants acted in good faith and without intent to defraud.

### As A Seventeenth Affirmative Defense

13

99. The Complaint is barred, in whole or in part, because Del Mar was entitled to the withholding tax refunds at issue.

### As An Eighteenth Affirmative Defense

100. The Complaint is barred, in whole or in part, because Defendants did not receive the amounts SKAT alleges that it paid out in withholding tax refunds.

### As A Nineteenth Affirmative Defense

101. Defendants reserve the right to add to and/or amend these Affirmative Defenses because of information that may become known during the course of discovery.

WHEREFORE, Defendants respectfully requests a judgement dismissing the Complaint with prejudice, together with their costs, disbursements and attorney's fees and such other further relief as the Court may deem just and proper.

Dated: New York, New York
      February 22, 2019

                        Respectfully submitted,

                        KOSTELANETZ & FINK, LLP

By:   /s/Bryan C. Skarlatos
       Bryan C. Skarlator (BS-7814)
       7 World Trade Center
       New York, New York 10007
       (212) 808-8100 (Phone)
       (212) 808-8108 (Fax)
       bskarlatos@kflaw.com