UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re
CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKAT) TAX REFUND LITIGATION

MASTER DOCKET

18-md-2865 (LAK)

This document relates to: 1:18-cv-08655 (LAK)

------------------------------------------------------------X

### DEFENDANTS FEDERATED LOGISTICS LLC 401K PLAN AND DAVID FREELOVE'S ANSWER TO PLAINTIFF SKAT'S COMPLAINT

Defendants Federated Logistics LLC 401K Plan ("Federated") and David Freelove ("Freelove" and with Federated, "Defendants"), by their attorneys Kostelanetz & Fink, LLP, answers the complaint (the "Complaint") of plaintiff SKAT ("Plaintiff" or "SKAT") upon information and belief as follows:

### AS TO THE INTRODUCTION

1.     Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 1 of the Complaint, except to admit that SKAT is or was the taxing authority of Denmark.

2.     Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 2 of the Complaint, however, Defendants deny the allegations as they relate to themselves.

3.     Paragraph 3 of the Complaint consists of Plaintiff's characterization of its complaint against Defendants and/or contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny with respect to themselves the allegations in paragraph 3 of the Complaint and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

4. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 4 of the Complaint, except Defendants admit that that an agent submitted on behalf of Federated refund claims for taxes withheld on shares of Danish companies. Defendants deny the allegations in the second sentence of paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 5 with respect to others.

6. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 6 of the Complaint. Defendants deny the remaining allegations in paragraph 6 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations of paragraph 6 with respect to others.

7. Defendants deny the allegations in paragraph 7 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

8. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

12. Defendants deny the allegations in paragraph 12 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

## AS TO JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is required.

15. Paragraph 15 of the Complaint contains conclusions of law to which no response is required.

## AS TO THE PARTIES

16. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations of Paragraph 16 of the Complaint, except to admit that SKAT is or was the taxing authority of Denmark.

17. Defendants admit that Federated is a pension plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and that it is a resident of the United Stated for purposes of U.S. taxation. Defendants further admit that SKAT has provided copies of tax refund requests, which SKAT represents were submitted to it purportedly on Federated's behalf, that list Federated's address as 599 Middlesex Road, Darien, Connecticut, 06820 and that each member

3

of Federated is a citizen of the United States. Defendants deny the remaining allegations in paragraph 17.

18. Defendants admit the allegations in the first and third sentences of paragraph 18 of the Complaint. Defendants further admit that Freelove resides at 599 Middlesex Road, Darien, Connecticut, 06820. The fourth sentence of paragraph 18 contains conclusions of law to which no response is required. To the extent any further response is required, the Defendants deny the allegations in the fourth sentence of paragraph 18.

## AS TO THE FACTUAL ALLEGATIONS

19. Paragraph 19 of the Complaint contains conclusions of law to which no response is required.

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required.

22. Paragraph 22 of the Complaint contains conclusions of law to which no response is required.

23. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 23 of the Complaint.

24. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

26. Defendants deny the allegations in paragraph 26 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

27. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 27 of the Complaint.

28. Defendants admits that SKAT has provided copies to Federated of the documentation described in subsections (a)-(e) of paragraph 28 of the Complaint, which SKAT represents was submitted to it purportedly on Federated's behalf. The Defendants deny the remaining allegations in paragraph 28 with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

29. Defendants deny the allegations in paragraph 29 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

30. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 30 of the Complaint.

31. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

33. Defendants admit that SKAT has provided copies to Federated of the documentation described in paragraph 28, which SKAT represents was submitted to SKAT

purportedly on Federated's behalf. Defendants deny the remaining allegations in paragraph 33 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

34. Defendants deny the allegations in the first sentence of paragraph 34 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others. Defendants deny the allegations in the second sentence of paragraph 34 except Defendants admit that SKAT provided a copy of a power of attorney dated March 12, 2014, which speaks for itself.

35. Defendants deny the allegations in the first sentence of paragraph 35 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others. Defendants denies the allegations in the second sentence of paragraph 35 except to admit that Federated submitted its tax refund claims through Goal TaxBack Limited.

36. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 36 of the Complaint. The Defendants admit that SKAT has provided copies of more than one withholding tax refund claim, which SKAT represents were made to SKAT purportedly on Federated's behalf. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the third sentence of paragraph 36. The Defendants otherwise deny the remaining allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

6

39. Defendants deny the allegations in the first sentence of paragraph 39 of the Complaint. Defendants admit that Federated Logistics LLC was incorporated on February 10, 2014 and that David Freelove is listed as a member of Federated Logistics LLC in its filings with the state of Connecticut. Defendants further admit that David Freelove's home address of 599 Middlesex Road, Darien, Connecticut, 06820 is listed as the business address of Federated Logistics LLC. The Defendants otherwise deny the remaining allegations in paragraph 39.

40. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 40 of the Complaint, except the Defendants admit that SKAT provided a copy of a power of attorney dated March 12, 2014, which speaks for itself.

41. The Defendants admit that SKAT provided a copy of a power of attorney dated March 12, 2014, which speaks for itself. The Defendants otherwise deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

43. Defendants deny the allegations in paragraph 43 of the Complaint with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

44. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 44 of the Complaint.

45. Defendants admit that SKAT has provided copies to Federated of the Claim Form described in subsections (a)-(d) of paragraph 45 of the Complaint, which SKAT represents was submitted to it purportedly on Federated's behalf, and refers to the documents which speak for

7

themselves. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the remainder of the allegations in paragraph 45 of the Complaint.

46. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 46 of the Complaint. Defendants deny the allegations in the second sentence of paragraph 46 with respect to themselves and deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations with respect to others.

47. Defendants admit that SKAT has provided a copy to Federated of a tax voucher, which SKAT represents was submitted to it purportedly on Federated's behalf, and refer to the documents which speak for themselves. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations in paragraph 47 of the Complaint.

48. Defendants admit that SKAT has provided a copy to Federated of a tax voucher, which SKAT represents was submitted to it purportedly on Federated's behalf, and refer to the document which speaks for itself. The Defendants deny the remaining allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny information or knowledge sufficient to form a belief as to the truthfulness of the allegations in paragraph 50 of the Complaint.

**AS TO THE CAUSES OF ACTION**

**COUNT I**

**(Fraud – Against Both Defendants)**

51. With respect to paragraph 51 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "50" above, as if recited herein in their entirety.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

## COUNT II

### (Aiding and Abetting Fraud – Against Both Defendants)

56. With respect to paragraph 56 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "55" above, as if recited herein in their entirety.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

## COUNT III

### (Unjust Enrichment - Against Both Defendants)

63. With respect to paragraph 63 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "62" above, as if recited herein in their entirety.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

## COUNT IV

**(Money Had & Received - Against Both Defendants)**

68. With respect to paragraph 68 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "67" above, as if recited herein in their entirety.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

## COUNT V

**(Negligent Misrepresentation - Against Both Defendants)**

71. With respect to paragraph 71 of the Complaint, Defendants repeat and reallege each and every response contained in paragraphs "1" through "70" above, as if recited herein in their entirety.

72. Paragraph 72 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

## AS TO THE REQUEST FOR RELIEF

76. The allegations set forth in the "WHEREFORE" clause constitute Plaintiff's request for relief to which no response is required. To the extent that a response is necessary, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

## AFFIRMATIVE DEFENSES

### As A First Affirmative Defense

77. The Complaint fails to state a claim upon which relief can be granted for the reason that it does not assert a legal theory cognizable as a matter of law and it fails to allege sufficient facts to support a cognizable legal claim.

### As A Second Affirmative Defense

78. The claims are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### As A Third Affirmative Defense

79. The claims alleged in the Complaint are barred by the applicable statutes of limitations.

### As A Fourth Affirmative Defense

80. The claims alleged in the Complaint are barred in whole or in part by the equitable doctrines of unclean hands, waiver, laches, and estoppel.

### As A Fifth Affirmative Defense

81. The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### As A Sixth Affirmative Defense

82. The recovery by the Plaintiff, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### As A Seventh Affirmative Defense

83. Plaintiff's action is barred because of its failure to exhaust administrative and other legal remedies available to it.

### As An Eighth Affirmative Defense

84. If the Plaintiff suffered any loss, damage, or injury, such damages were caused in whole or in part by, and arose out of, Plaintiff's culpable conduct, including but not limited to contributory negligence and assumption of risk.

### As A Ninth Affirmative Defense

85. If the Plaintiff suffered any loss, damages, or injury, such alleged injuries and damages were caused, in whole or in part, by the negligence, assumption of risk, fault, and/ or other culpable parties and/or third parties to this action, other than Defendants, for whose acts or omissions or breaches of legal duty Defendants are not liable.

### As A Tenth Affirmative Defense

86. The claims alleged in the Complaint are barred in whole or in part by collateral estoppel.

### As An Eleventh Affirmative Defense

87. The claims alleged in the Complaint are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

### As A Twelfth Affirmative Defense

88. The claims alleged in the Complaint are barred in whole or in part by res judicata.

### As A Thirteenth Affirmative Defense

89. If the Plaintiff suffered any loss, damage, or injury, such damages are barred in whole or part to the extent such damages have been or will be paid or indemnified by a collateral source.

### As A Fourteenth Affirmative Defense

90. The recovery by the Plaintiff, if any, should be reduced by application of New York's General Obligations Law §15-108.

### As A Fifteenth Affirmative Defense

91. The claims alleged in the Complaint are barred in whole or in part by waiver and release.

### As A Sixteenth Affirmative Defense

92. The Complaint is barred, in whole or in part, because at all relevant times, Defendants acted in good faith and without intent to defraud.

### As A Seventeenth Affirmative Defense

93. The Complaint is barred, in whole or in part, because Federated was entitled to the withholding tax refunds at issue.

### As An Eighteenth Affirmative Defense

94. The Complaint is barred, in whole or in part, because Defendants did not receive the amounts SKAT alleges that it paid out in withholding tax refunds.

### As A Nineteenth Affirmative Defense

95. Defendants reserve the right to add to and/or amend these Affirmative Defenses because of information that may become known during the course of discovery.

WHEREFORE, Defendants respectfully requests a judgement dismissing the Complaint with prejudice, together with their costs, disbursements and attorney's fees and such other further relief as the Court may deem just and proper.

Dated: New York, New York
      February 22, 2019

                              Respectfully submitted,

                              KOSTELANETZ & FINK, LLP

                By:    <u>/s/Bryan C. Skarlatos</u>
                        Bryan C. Skarlator (BS-7814)
                        7 World Trade Center
                        New York, New York 10007
                        (212) 808-8100 (Phone)
                        (212) 808-8108 (Fax)
                        bskarlatos@kflaw.com