UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION<br><br>This document relates to All Cases | Master Docket<br><br>18-md-2865(LAK)<br><br>ECF Case |

**[PROPOSED] ORDER
GOVERNING THE ROLE OF LEAD COUNSEL**

Pursuant to the Court's Pretrial Order No. 6 dated November 20, 2018 and a conference held by the Court on January 11, 2019, the proposed order herewith outlines the role of Mark D. Allison of Caplin & Drysdale, Chartered, as Lead Counsel for the Defendants consolidated pursuant to the October 3, 2018 Order (the "Transfer Order") of the U.S. Judicial Panel on Multidistrict Litigation with respect to the above-captioned matter (the "Consolidated Defendants").

In compliance with the Pretrial Order No. 6, Lead Counsel conferred with other counsel for the Consolidated Defendants and Plaintiff's counsel and received no objections to the terms as set forth below.

IT IS HEREBY ORDERED THAT, with the overall goal and purpose of establishing an efficient process for managing discovery and other pretrial matters while recognizing the separate roles and authority of counsel for their respective defense clients, the Lead Counsel's duties, responsibilities, and other related matters are defined as follows:

**GENERAL MATTERS**

1. Lead Counsel shall serve as the coordinator between counsel for the Consolidated Defendants and the Plaintiff with respect to discovery and other pre-trial matters and, where appropriate, identify, develop and resolve common positions of the Consolidated Defendants.

2. Lead Counsel shall represent to the Plaintiff and the Court the common positions of the Consolidated Defendants after conferring with and obtaining consent and agreement from the Consolidated Defendants. Such consent and agreement, or objections, to any representation by any Defendant, shall be communicated to the Lead Counsel promptly upon request.

3. Lead Counsel shall communicate regularly with other counsel for the Consolidated Defendants to keep them apprised of any developments, including regarding any discussions with Plaintiff or its representatives, and will participate in separate discussions with individual counsel for the Consolidated Defendants at their request.

4. Lead Counsel shall endeavor to enter into appropriate agreements with counsel for the Consolidated Defendants governing the confidentiality and privileged nature of communications between and among defense counsel.

5. Each Defendant shall fully retain the right to assert their own privilege claims and/or defenses with respect to their own positions, and no such claims or defenses may be asserted or waived by Lead Counsel in that capacity.

**DISCOVERY MATTERS**

6. Lead Counsel shall be primarily responsible for meet and confer obligations in connection with discovery issues or disputes that relate to all the Consolidated Defendants. Lead Counsel's satisfaction of the meet and confer obligations will be construed to be satisfied by all

the consenting Consolidated Defendants, which will be communicated by Lead Counsel to Plaintiff's counsel.

7. To the extent any of the Consolidated Defendants have separate or specific discovery issues or disputes not addressed by Lead Counsel, or such Defendants disagree with any proposed resolution reached by Lead Counsel, such Defendants must promptly (which for the avoidance of doubt shall be no later than ten (10) days unless otherwise stated) notify Plaintiff's counsel that a dispute exists and attempt to address these issues or disputes separately with Plaintiff's counsel. To the extent such Defendants fail to promptly notify Plaintiff's counsel that a dispute exists, they will be deemed to have consented to the resolution reached by Lead Counsel.

8. Lead Counsel shall endeavor to serve on behalf of the Consolidated Defendants a common set of the responses and objections to the Plaintiff's discovery requests made to the Consolidated Defendants. The responses and objections to the Plaintiff's discovery requests may be prepared and served separately by counsel for each of such Defendants where: (1) Plaintiff's discovery requests are specific to a particular Defendant; (2) Defendant has separate or specific responses or objections that are *sui generis* to that Defendant; and (3) Defendant disagrees with the common responses and objections or needs to supplement the common responses and objections served on behalf of the Consolidated Defendants.

9. *Depositions of Plaintiff and Nonparty Witnesses*: Unless otherwise agreed by all defense counsel, Lead Counsel shall be primarily responsible for representing the Consolidated Defendants at depositions of Plaintiff and nonparty witnesses. By agreement, Lead Counsel may designate other defense counsel to be responsible for a particular deposition on behalf of the Consolidated Defendants. The Consolidated Defendants may also each be represented by their own counsel at depositions, but Lead Counsel or such other defense counsel designated by Lead

Counsel shall work with all defense counsel to identify the appropriate methodology of taking each deposition with the goal of providing each counsel an opportunity to participate to ensure that relevant questions are propounded while minimizing the number of counsel questioning deponents. Lead Counsel or such other defense counsel designated by Lead Counsel shall be the principal examiner for depositions of Plaintiff and nonparty witnesses. Other defense counsel may examine the deponent to the extent of follow-up or supplemental questions to protect the interests or positions of individual Defendants.

10. *Depositions of Defendants*: Each Defendant will be represented by their own respective counsel at the depositions of such Defendant. The other Consolidated Defendants may also participate in such depositions and be represented by Lead Counsel or such other defense counsel designated by Lead Counsel for the purpose of examining the deponent as appropriate. Other defense counsel not so designated may also examine the deponent to the extent of follow-up or supplemental questions to protect the interests or positions of individual Defendants.

11. Lead Counsel shall coordinate with and propose to the Consolidated Defendants the discovery to be served on Plaintiff to ensure all discovery requests encapsulate the information, documents, and testimony sought by all the Consolidated Defendants while avoiding duplication. To the extent the discovery requests common to the Consolidated Defendants are insufficient with respect to a particular Defendant, such Defendant may serve their own separate requests to the extent otherwise permitted by the Court's order dated September 5, 2018 or any subsequent Court orders.

**MOTION PRACTICE AND COURT APPEARANCES**

12. All filings and motions that represent common positions of the Consolidated Defendants shall be made by Lead Counsel on behalf of all the Consolidated Defendants after prior consultation by Lead Counsel with the Consolidated Defendants.

13. Any separate positions of the Consolidated Defendants relating to motion practice against Plaintiff shall be communicated to Lead Counsel to determine whether they should be incorporated and reflected in a single omnibus filing made for all of the Consolidated Defendants, or whether such positions should be addressed separately by an individual Defendant.

14. All common arguments and presentations of the Consolidated Defendants shall be made before the Court by Lead Counsel, unless otherwise agreed by the Consolidated Defendants to appoint another counsel to appear for such purpose. However, in all events other defense counsel are permitted to appear and participate on behalf of their respective Defendant clients to support Lead Counsel or to present separate arguments that are particular to their respective Defendant clients.

**FEES AND COST SHARING**

15. At the conclusion of pre-trial proceedings, counsel for the Consolidated Defendants shall meet and confer with Lead Counsel to assess the extent to which, if any, such Consolidated Defendants shall reimburse those Defendants represented by Lead Counsel for their share of fees and expenses allocable to the performance of the Lead Counsel role.

Dated: February 25, 2019

/s/ Mark D. Allison
Mark D. Allison, Esq.
Caplin & Drysdale, Chartered

600 Lexington Avenue
21st Floor
New York, NY  10022
Email: mallison@capdale.com
Telephone: (212) 379-6060
Facsimile: (212) 259-6001

*Lead Counsel for the Defendants*

SO ORDERED

_____
HON. LEWIS A. KAPLAN
United States District Judge