**Hughes Hubbard & Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

March 25, 2019



BY HAND

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:     In re Customs and Tax Administration of the Kingdom of Denmark
                 (Skatteforvaltningen) Tax Refund Scheme Litigation, 18-md-2865 (LAK)

Dear Judge Kaplan:

        We write on behalf of Plaintiff Skatteforvaltningen ("SKAT"), the Customs and Tax Administration of the Kingdom of Denmark. At the last case management conference, the Court requested additional information with respect to one provision in SKAT's revised proposed Letter of Request for International Judicial Assistance ("Letter of Request"). That provision asks the Court to certify that "the evidence sought is directly relevant to the issues in dispute and is not discovery within the meaning of Article 23 of the Hague Evidence Convention, that is, discovery intended to lead to relevant evidence for trial."

        The Danish court that receives the Letter of Request will not have this Court's familiarity with the claims at dispute in these actions or with the standard of relevancy under the Federal Rules of Civil Procedure. Therefore, the statement in the draft Letter of Request that the evidence sought "is not discovery within the meaning of Article 23" was intended to convey that this Court is satisfied that the evidence sought is relevant to the issues in dispute in this litigation and that the requests are sufficiently focused. Like many countries, Denmark has implemented a reservation pursuant to Article 23 that limits the scope of documents that may be obtained pursuant to Letters of Request to documents sought in connection with an active litigation, while excluding any requests seeking documents prior to the commencement of a litigation.[1] United States Courts have interpreted the limitations under Article 23 as applying only to "requests that lack sufficient specificity or that have not been reviewed for relevancy by the requesting court.'" *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for Southern Dist. of Iowa*, 482 U.S.

---

1. Article 23 provides that "a Contracting State may . . . declare that it will not execute Letters of Request issued for the purpose of obtaining pretrial discovery of documents as known in Common Law countries."

522, 563 (Blackmun, J., concurring in part and dissenting in part).[2] Accordingly, the central determination for the Court to make before issuing the Letter of Request is whether the Letter of Request is narrowly tailored (*i.e.*, not a "fishing expedition") and that the documents being sought are relevant to the issues in dispute in these actions.

As set forth below, Plaintiff maintains that this Court can properly make this statement based on the record currently before it. The Danish court will then examine the Letter of Request itself and determine whether they are within the scope of permissible evidence-taking in Denmark – a determination that we believe the Danish court will reach as the Letter of Request seeks specific, enumerated documents that are in the Whistleblower's possession.

The Letter of Request seeks documents that have a tendency to make the facts at issue in this case more probable and are therefore relevant to the issues in dispute. Fed. R. Evid. 401. The facts at issue concern the fraudulent scheme that deceived SKAT into paying out billions of dollars to defendants who never owned the shares, received the dividends nor had taxes withheld. The Whistleblower provided information to SKAT about the scheme, those individuals and entities, including defendants in these actions, who submitted refund claims through agents, and supported those claims with false documentation. (Bradley London Compl. ¶¶ 4, 5.)[3] The Whistleblower possesses additional information about the fraud that is central to the claims in this case and that has a tendency to make those claims more likely, including, for example:

- documents sufficient to identify the Client who provided the Whistleblower information about the fraudulent scheme, which will tend to make the facts the Whistleblower disclosed about that scheme more or less probable;

- documents the Client provided to the Whistleblower that describe the fraudulent "sale" of shares that served as the foundation for the improper refund claims, which will tend to make the facts that the Whistleblower disclosed about that scheme more or less probable;

- the "additional information on the alleged 'sellers' of the shares,"[4] which will provide additional information about the operation of the fraudulent scheme, substantiate the Whistleblower's claims and tend to support SKAT's allegations in these cases; and

---

2. In *Aerospatiale*, Justice Blackmun noted that when initially ratifying the Hague Convention, civil law countries appeared to misunderstand the scope and function of United States discovery, believing it to refer to procedures available before suit is even filed. *Id.* (citing Report of the United States Delegation, 17 Int'l Legal Materials 1417, 1421 (1978)). Certain countries that initially adopted the Hague Convention with the Article 23 reservation, including Denmark, later modified the reservation in order to limit its reach. *Id.*

3. *SKAT v. The Bradley London Pension Plan and Doston Bradley*, No. 1:18-cv-04047-LAK (S.D.N.Y. May 4, 2018).

4. Declaration of Sarah L. Cave, Ex. 3 at 1 (ECF No. 41).

- the Whistleblower's "handwritten list of companies that have allegedly acted as fictive owners of the shares,"[5] which will tend to make the involvement of those companies (including defendants) in the fraudulent scheme more or less likely.

Here, the Letter of Request does not lack specificity and, as detailed above, seeks documents that are central to the issues in dispute in this case.

The Hague Convention does not require a certification from this Court that the evidence to be obtained is admissible at trial or will be used at trial. *See* Hague Convention Art 3 (listing essential elements for a Letter of Request). *See also In re Baycol Prods. Litig.*, 348 F.Supp.2d 1058, 1061 (D. Minn. 2004) (removing from a proposed Letter of Request the following language as unnecessary: "any responses and/or evidence returned to this court will be submitted as evidence at trial," and issuing revised Letter of Request to Italy). Thus, we respectfully submit two copies of a revised Letter of Request that omits that sentence, in deference to the Danish court's role in determining whether the evidence sought is permissible as it interprets Article 23 of the Hague Convention.

The Court raised a second question during the January 24 conference, namely, whether the information Plaintiff seeks must be obtained through the Hague Convention, or whether an alternative method exists to obtain the same information. Although the Court correctly noted that the Hague Convention is not the exclusive means for obtaining discovery from a foreign individual, we understand that foreign requests to take evidence in Denmark are rare, and lack clear guidance outside of the recognized framework of the Hague Convention. Plaintiff therefore respectfully requests that the Court approve the Letter of Request, as modified.

Respectfully submitted,

Sarah L. Cave

Enclosures

cc: All counsel of record, by email, with attachment

---

5. *Id.* at 2.