# Exhibit 3

```
                                                    ┌─────────────────────────┐
                                                    │ USDS SDNY               │
                                                    │ DOCUMENT                │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED    │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #: _____  │
- - - - - - - - - - - - - - - - - - - - - - - - x  │ DATE FILED: 3/19/2018   │
In re                                               └─────────────────────────┘

                                                            MASTER DOCKET
SKAT TAX REFUND SCHEME LITIGATION                           18-cv-4047 (LAK)

This paper applies to:     18-5053 (LAK)
- - - - - - - - - - - - - - - - - - - - - - - - x
```

**PRETRIAL ORDER NO. 2**
(Goldstein Law Group Severance Motion)

LEWIS A. KAPLAN, *District Judge.*

        Defendants Goldstein Law Group 401(k) Profit Sharing Plan and Sheldon Goldstein (collectively "Goldstein") move for an order "severing the trial of The Goldstein Defendants from the consolidated trial in this action." The motion is completely baseless.

        This is one of 49 or more identical or substantially similar cases in this district[1] that have been consolidated solely "for pretrial purposes." Pretrial Order No. 1 [DI[2] 12] ¶ 1. In brief, SKAT, an agency of the Danish government, claims that the defendants engaged in a scheme the goal of which was to obtain from SKAT tax refunds to which they were not entitled. The complaints seek damages on claims for fraud, payment by mistake, unjust enrichment, money had and received, and negligent misrepresentation.

        Goldstein, although not disputing the similarity of the cases, contends that there are facts unique to it upon which it will rely in defense. It argues that the trial of Goldstein should be severed from what it assumes (without any basis in fact) would be a joint trial as to all 49 cases in order to avoid jury confusion and prejudice. It suggests also that it was not properly joined under Rule 20, an argument that presupposes (also without any basis in fact) that it was "joined" at all.

        As noted, this action was consolidated with others only for "pretrial purposes." It retains its character as an individual action.[3] No case has been consolidated with any other for

---

[1] They are among 140 or more such cases pending around the country.

[2] All docket entry references are to the master docket, which is 18-cv-4047 (LAK).

[3] *See Gelboim v. Bank of America Corp.,* 135 S. Ct. 897, 904 (2015) ("[c]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities"); *see also Hall v.*

Case 1:18-md-02865-LAK Document 115-3 Filed 05/06/19 Page 3 of 3
Case 1:18-cv-04047-LAK Document 50 Filed 08/14/18 Page 2 of 2

2

purposes of trial. These defendants have not be "joined" with any others within the meaning of Fed. R. Civ. P. 20. So the factual premises of this motion are entirely incorrect. Moreover, Goldstein has not argued, let alone attempted to show, that it would be prejudiced by the consolidation of these cases "for pretrial purposes."

The Court notes also that it raised the question whether there was any reason why these 49 cases should not be consolidated for pretrial purposes. Counsel for the plaintiff said plaintiff had no objection. The attorney speaking on behalf of all defendants stated that defendants were "comfortable with that, . . . at least at this point, and pending the outcome of a motion to dismiss." Tr. [DI 17-5] at 15. Counsel for Goldstein, who signed the present motion, remained silent.[4]

The Goldstein motion [DI 17] is denied in all respects.

SO ORDERED.

Dated:    August 14, 2018

                                                    Lewis A. Kaplan
                                                United States District Judge

---

*Hall*, 138 S. Ct. 1118 (2018).

[4] The Goldstein motion fails also to comply with ECF Rules & Instructions 15.5 ("Do not use the ECF Filing Event for Motion to file supporting papers. For example, a motion, an affidavit in support and a memorandum of law in support constitute three separate filings.").