UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND
LITIGATION

This paper applies to:  18-cv-10100 (LAK),
                        18-cv-10119 (LAK),
                        18-cv-10122 (LAK),
                        18-cv-10123 (LAK),
                        18-cv-10124 (LAK),
                        18-cv-10125 (LAK),
                        18-cv-10126 (LAK),
                        18-cv-10133 (LAK),
                        18-cv-10134 (LAK),
                        18-cv-10135 (LAK),
                        18-cv-10136 (LAK).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2019

18-md-2865 (LAK)

## PRETRIAL ORDER NO. 8

LEWIS A. KAPLAN, *District Judge.*

   Defendants in cases originally filed in this district (the "New York defendants") moved to dismiss their cases in this multi-district litigation. The Court stayed all motions to dismiss in cases where such motions were pending at the time of transfer while it considered the New York defendants' motion. On January 9, 2019, the Court denied in all respects the New York defendants' motion to dismiss.[1]

   On January 10, 2019, the Court issued Pretrial Order No. 7 [DI 63], directing all defendants in those cases not enumerated in the caption of its January 9, 2019 opinion to show cause why the opinion should not govern in their cases. The Court received a number of responses to which SKAT submitted a reply. This order concerns those responses to Pretrial Order No. 7.

   The ruling on the New York defendants' motion to dismiss applies fully to all cases subject to Pretrial Order No. 7 with the following exceptions. It does not apply to the payment by

---

[1] *In re SKAT Tax Refund Scheme Litigation*, 356 F. Supp. 3d 300 (S.D.N.Y. 2019).

2

mistake claim asserted against the Pennsylvania defendants[2] and the aiding and abetting fraud claim asserted against the Ohio defendants.[3]

The Court's rulings with respect to the responses to Pretrial Order No. 7 that it received are set forth more fully below.

1. The Pennsylvania defendants[4] assert that the January 9, 2019 opinion should not apply to the unjust enrichment, money had and received, and payment by mistake claims asserted against them. The Court addresses each claim in turn.

First, the Pennsylvania defendants argue that unjust enrichment may be asserted only as a companion to a valid tort claim under Pennsylvania law. They ask the Court to dismiss that claim.

Under Pennsylvania law, the elements of unjust enrichment are:

> "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Whether the doctrine applies depends on the unique factual circumstances of each case. In determining if the doctrine applies, we focus not on the intention of the parties, but rather on whether the defendant has been unjustly enriched."[5]

The key element of an unjust enrichment claim is "whether the enrichment of the defendant is unjust."[6] Thus, where a plaintiff has pleaded adequately that the alleged enrichment was unjust, as SKAT has here, the absence of a companion tort claim due to a statute of limitations that has run will not cause a claim for unjust enrichment to fail.

---

[2]

These defendants are Newsong Fellowship Church 401(k) Plan and Alexander Jaimie Mitchell III.

[3]

These defendants are The Bella Consultants Pension Plan, The Sinclair Pension Plan, The Mueller Investments Pension Plan, The Green Group Site Pension Plan, and Roger Lehman.

[4]

These defendants are Newsong Fellowship Church 401(k) Plan and Alexander Jaimie Mitchell III.

[5]

*Styer v. Hugo*, 422 Pa. Super. 262, 267-67 (Pa. Super. Ct. 1993).

[6]

*Gutteridge v. J3 Energy Group, Inc.*, 165 A.3d 908, 917 (Pa. Super. Ct. 2017); *see also Styer*, 422 Pa. Super. at 268.

3

Second, the Pennsylvania defendants ask the Court to dismiss the money had a received claim as duplicative of the unjust enrichment claim. I decline to do so substantially for the reason that one is a claim at law and the other in equity and the reasons stated in plaintiff's brief.

Third, the Pennsylvania defendants argues that the Court should dismiss the payment by mistake claim as duplicative of plaintiff's money had and received claim. The Court agrees.

2. In the Texas defendants'[7] response to Pretrial Order No. 7, they argue that Texas does not recognize a cause of action for aiding and abetting fraud and, as a result, the claim should be dismissed. For present purposes, the Court concludes that Texas recognizes a cause of action for aiding and abetting fraud.[8]

3. The Ohio defendants argue that the Court's January 9, 2019 opinion should not apply to the aiding and abetting fraud claim asserted against them. The plaintiff does not oppose dismissal of that claim.

Accordingly, the January 9, 2019 opinion governs all the cases subject to Pretrial Order No. 7 except as follows:

- The payment by mistake claim asserted against defendants in 18-cv-10100 is dismissed.

- The aiding and abetting fraud claim asserted against defendants in 18-cv-10133, 18-cv-10134, 18-cv-10135, and 18-cv-10136 is dismissed.

SO ORDERED.

Dated:      June 12, 2019

_____
Lewis A. Kaplan
United States District Judge

---

[7] These defendants are Blackrain Pegasus LLC Solo 401K Plan, Pegasus Fox 23 LLC Solo 401K Plan, Delgado Fox LLC Solo 401K Plan, Gyos 23 LLC Solo 401K Plan, The Joanne E. Bradley Solo 401K Plan, The Oak Tree One 401K Plan, and Doston Bradley.

[8] *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224-25 (S. Ct. Tex. 2017).