UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no. 18-CV-05053 (LAK). | MASTER DOCKET<br><br>18-MD-2865 (LAK) |

**PLAINTIFF-COUNTERCLAIM-DEFENDANT
SKATTEFORVALTNINGEN'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COUNTERCLAIMS**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Sarah L. Cave
John T. McGoey
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

I.   GOLDSTEIN'S REQUESTS FOR DECLARATORY AND INJUNCTIVE RELIEF FAIL. ...........................................................................................................2

II.  GOLDSTEIN FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL..............3

III. RECOVERY OF DENIED CLAIMS IS NOT A CAUSE OF ACTION. ...........................5

IV.  THE COURT SHOULD DENY GOLDSTEIN'S REQUEST FOR LEAVE TO AMEND ITS COUNTERCLAIMS. .....................................................................................6

CONCLUSION...............................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Diamonds.net LLC v. Idex Online, Ltd.*, 590 F. Supp. 2d 593 (S.D.N.Y. 2008) ..............................3

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104 (2d Cir. 2010).......................................................3

*Henneberry v. Sumitomo Corp. of America*, No. 04 Civ. 2128, 2005 WL 991772
  (S.D.N.Y. Apr. 27, 2005)............................................................................................................4

*Mahoney v. Sony Music Entertainment*, No. 12 Civ. 5045 (LAK), 2012 WL
  6757252 (S.D.N.Y. Aug. 13, 2012) ............................................................................................3

*MatlinPatterson ATA Holdings LLC v. Federal Express Corp.*, 87 A.D.3d 836
  (1st Dep't 2011) ......................................................................................................................4, 5

*McGee v. Dunn*, 940 F. Supp. 2d 93 (S.D.N.Y. 2013) .....................................................................6

*Pointer v. Villane*, No. 90 Civ. 2979 (RWS), 1992 WL 42203 (S.D.N.Y. Feb. 26,
  1992) ..........................................................................................................................................6

*S.M. v. Oxford Health Plans (N.Y.), Inc.*, 94 F. Supp. 3d 481 (S.D.N.Y. 2015) ..............................6

*Starter Corp. v. Converse, Inc.*, 84 F.3d 592 (2d Cir. 1996) ...........................................................3

*Suthers v. Amgen, Inc.*, 441 F. Supp. 2d 478 (S.D.N.Y. 2006).........................................................4

*Taylor v. Comm'r of Internal Revenue*, No. 7137-13S, 2017 WL 478286 (U.S.
  Tax Ct. Feb. 6, 2017) .................................................................................................................5

*Wilson v. Dantas*, 746 F.3d 530 (2d Cir. 2014) ...............................................................................4

Plaintiff-counterclaim-defendant Skatteforvaltningen ("SKAT"), the Customs and Tax Administration of the Kingdom of Denmark, respectfully submits this reply memorandum of law in further support of its motion to dismiss the amended counterclaims of defendants-counterclaimants Goldstein Law Group PC 401(K) Profit Sharing Plan (the "Plan") and Sheldon Goldstein (together with the Plan, "Goldstein").[1]

## PRELIMINARY STATEMENT

Goldstein's claims for declaratory judgment and injunctive relief are premised on a fiction—that SKAT is pursuing claims against Goldstein in multiple jurisdictions. It is not so, no matter how many times (at least 12) Goldstein repeats it in its Opposition. For that reason alone, Counterclaims One and Two should be dismissed.

Goldstein's suggestion that SKAT intends to flout this Court's future decisions is equally baseless. Goldstein's sole basis for this argument seems to be its inability to understand why SKAT would seek dismissal of Goldstein's nonsensical declaratory judgment claim. Goldstein presents no circumstances warranting consideration of declaratory or injunctive relief, and no legitimate purpose for seeking such relief.

Counterclaim Two should be dismissed for the additional reason that, despite the wording in that counterclaim, Goldstein asserts that it is not *now* asking this Court for injunctive relief, but rather is simply putting SKAT on notice that it *might* do so in the future, rendering the claim currently meaningless.

---

1. Capitalized terms not defined herein have the meaning ascribed to them in SKAT's Memorandum of Law in Support of its Motion to Dismiss the Amended Counterclaims ("Mem.," ECF No. 114).

Goldstein's claim for promissory estoppel (Counterclaim Four) fails to identify the requisite promise by SKAT.  Denmark's tax treaty with the United States does not fill that void.  Goldstein's suggestion that the facts might ultimately support five different but as-yet unasserted state law claims does not save Counterclaim Three, which states no particular claim.  Finally, having failed to move for leave to amend or provide the Court with a proposed amended pleading, or to otherwise explain how it can cure the glaring deficiencies in the operative complaint, Goldstein should not be given leave to amend its pleading a second time.

## ARGUMENT

### I.  GOLDSTEIN'S REQUESTS FOR DECLARATORY AND INJUNCTIVE RELIEF FAIL.

The only claims asserted by SKAT against Goldstein in any jurisdiction are those asserted in this action before this Court.  Goldstein's contention that SKAT initiated duplicative actions against it both here and in Denmark is contrary to the record on this motion.  (*See* Opp. 10 (referring to the appeal the Plan commenced); Declaration of Martin H. Kaplan, dated June 3, 2019 ("Kaplan Decl."), ¶ 8 & Ex. D (same).)[2]  It remains untrue no matter how often Goldstein repeats it.  Because Goldstein offers no basis for declaratory or injunctive relief other than the fiction that SKAT has filed suits against it in multiple jurisdictions, Counterclaims One and Two should be dismissed.

Goldstein argues that the controversy that forms the basis for its requested relief is the dispute concerning Goldstein's fraudulent tax refund claims.  (Opp. 13-14 (quoting Compl. ¶ 4).)  That dispute, like any commercial dispute, will be resolved by the adjudication of SKAT's

---

2. In its May 4, 2018 decision revoking its previous decisions to pay Goldstein the refunds it claimed, SKAT notified Goldstein that "[o]n behalf of SKAT, the Legal Adviser to the Danish Government will issue proceedings against Goldstein to recover losses and damages."  (Kaplan Decl. Ex. C at 15.)  SKAT's action before this Court is the proceeding against Goldstein referenced in the decision.

2

claims against Goldstein in this action without any need for declaratory relief. *See Mahoney v. Sony Music Entertainment*, No. 12 Civ. 5045 (LAK), 2012 WL 6757252, at *1 (S.D.N.Y. Aug. 13, 2012) ("no need for declaratory relief" where "the parties' differing interpretations of the contract . . . . will be resolved in the adjudication of the breach of contract claim"). The "controversy" requiring declaratory relief must present something more.[3] The only thing Goldstein offers is the allegation that SKAT has "actually initiated, two separate legal actions alleging identically-wrongful conduct, requesting functionally-equivalent relief." (Opp. 14.)[4] Because that is demonstrably false, Goldstein's claims must be dismissed.[5]

## II. GOLDSTEIN FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL.

Goldstein's Opposition, like its Counterclaims, fails to identify any specific promise by SKAT to Goldstein, let alone a clear and unambiguous one. (Opp. 19-21.) Rather, Goldstein argues that its conclusory reference to "SKAT's promise to refund dividend taxes to U.S. pensions" is sufficient, and alternatively that the claim is based on the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the

---

3. The cases Goldstein cites concerning patent and trademark disputes are inapposite. *See Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 596-97 (2d Cir. 1996) ("requisite adversarial conflict" existed where plaintiff "allege[d] that but for Converse's threat of a trademark infringement suit," it "would have been immediately prepared . . . to begin manufacture and sale of shoes"); *Diamonds.net LLC v. Idex Online, Ltd.*, 590 F. Supp. 2d 593, 599 (S.D.N.Y. 2008) (finding justiciable dispute because of (i) Diamonds.net's "history of aggressively defending its rights;" (ii) "the potential that Idex's upgraded website will infringe [its] patent;" and (iii) "the immediacy of Idex's plans to launch the upgraded site").

4. Goldstein speculates that entering the requested declaratory judgment "would clarify that SKAT does intend to abide by this Court's decisions." (Opp. 17; *see also* Opp. 19.) Goldstein does not allege any facts on which to base an inference that SKAT does not intend to abide by the Court's decisions.

5. Goldstein's Opposition is replete with references to facts outside the scope of its pleading, (*see, e.g.*, Opp. 3-6), that the Court may not consider on a Rule 12(b)(6) motion. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). Moreover, much of the lengthy Background section is irrelevant to the legal issues raised in SKAT's motion to dismiss, and thus SKAT does not seek to refute or rebut it in this Reply.

3

Prevention of Fiscal Evasion with Respect to Taxes on Income (the "Treaty").[6]  (Opp. 20.)  As an initial matter, Goldstein's generic reference to a "promise" to all U.S. pension plans falls well short of the requisite clear and unambiguous promise a plaintiff must allege.  *See Wilson v. Dantas*, 746 F.3d 530, 538 (2d Cir. 2014) (alleged promise "was neither clear nor unambiguous" where "sole allegation" was that "in reliance upon Citibank's judgment and assurances that Plaintiff would receive the compensation promised . . . Plaintiff relocated . . . to Brazil"); *Suthers v. Amgen, Inc.*, 441 F. Supp. 2d 478, 486 (S.D.N.Y. 2006) ("no 'clear and unambiguous' promise" where plaintiff's "formulation" of the supposed promise "le[ft] open . . . basic questions" about its terms).

The treaty cases cited by Goldstein (Opp. 20) do not stand for the proposition that a non-party to a treaty may bring a promissory estoppel claim under that treaty.  Further, a third party to a promise may assert a claim of promissory estoppel only "in the rarest of situations" not present here.  *Henneberry v. Sumitomo Corp. of America*, No. 04 Civ. 2128, 2005 WL 991772, at *6 (S.D.N.Y. Apr. 27, 2005).  In *Henneberry*, the Court found that the plaintiff could assert a promissory estoppel claim based on promises by an investor to the company of which he was the chief executive officer and majority shareholder, and to which he was a major lender.  *Id.* at *1, 6.

By contrast, Goldstein fails to allege that it had any contact at all with SKAT or the Danish government, aside from submitting refund claims, and thus fails to allege "the unusual circumstances warranting the application of promissory estoppel to a third-party promisee." *MatlinPatterson ATA Holdings LLC v. Federal Express Corp.*, 87 A.D.3d 836, 839 (1st Dep't 2011).  In *MatlinPatterson*, the court affirmed dismissal of third-party MP Holdings' promissory

---

6.  S. Treaty Doc. No. 106-12 (effective date Jan. 1, 2001).

estoppel claim against FedEx, where the only promise was in an agreement "executed between FedEx and ATA exclusively," and "MP Holdings d[id] not allege . . . any contact between MP Holdings and FedEx, let alone any promises or inducements." *Id.* at 842.

In addition, Goldstein's argument that it pleaded reasonable reliance because "SKAT had established systems for dividend-holders like the Plan to apply for their tax refunds" fails. (Opp. 21.) SKAT's system for refunding dividend withholding tax was not a promise on which Goldstein could rely. *Cf. Taylor v. Comm'r of Internal Revenue*, No. 7137-13S, 2017 WL 478286, at *5 (U.S. Tax Ct. Feb. 6, 2017) (dismissing taxpayer's promissory estoppel claim because "[t]he IRS did not make any promise to petitioner . . . by accepting his amended tax returns for" previous years, and "[t]he IRS is not required for any given year to allow a tax benefit permitted for a previous or subsequent year").

Finally, Goldstein failed to plead that it suffered any out-of-pocket losses from SKAT's denial of the Plan's ninth refund application. (*See* Mem. 16-17.) Goldstein argues that its pleading "allege[s] facts sufficient to show reliance damages," but it cites only to allegations that: (i) it owned the shares related to the refund application; (ii) SKAT did not pay its ninth application; and (iii) it has incurred unspecified "significant costs" as a result of having "to defend [itself] in multiple jurisdictions." (Opp. 21.) Of course, any such defense costs stem from the eight refund claims that SKAT originally paid out, not the denial of Goldstein's ninth refund application, for which SKAT has not brought any claims.

### III. RECOVERY OF DENIED CLAIMS IS NOT A CAUSE OF ACTION.

Goldstein's third count styled "recovery of denied claims" fails to state a claim. (Mem. 17-18.) Although Rule 8 only requires a short and precise statement of a claim, that plain statement cannot omit the legal theory on which the claim is based and leave the defendant and the Court left to guess as to the elements of the asserted claim. *See Pointer v. Villane*, No. 90

5

Civ. 2979 (RWS), 1992 WL 42203, at *2 (S.D.N.Y. Feb. 26, 1992) (dismissing claim where it was "impossible to discern" plaintiff's legal theory of recovery).

Tacitly acknowledging its failure to plead a specific claim, Goldstein rests on the hope that after discovery is complete, it might be able to plead this count under multiple legal theories, such as "unjust enrichment, money had and received, breach of contract, breach of the covenant of good faith and fair dealing, and negligence." (Opp. 23.) Goldstein's hoped-for future claims do not save its existing, deficient allegations.

## IV. THE COURT SHOULD DENY GOLDSTEIN'S REQUEST FOR LEAVE TO AMEND ITS COUNTERCLAIMS.

Finally, Goldstein requests that if the Court dismisses its Counterclaims, the Court grant it leave to amend its pleading "to allege, inter alia, claims arising out of SKAT's wrongful denial of the ninth Reclaim Application, as well as SKAT's abuse of process in filing this duplicative lawsuit," and "to specifically request that this Court enjoin SKAT from attempting to enforce any foreign judgment against them while this U.S. litigation is pending." (Opp. 27.)

Goldstein is not entitled to amend its pleading a second time because it failed to move for leave to amend, and it has neither provided the Court or SKAT with a proposed amended pleading, nor otherwise explained how it would cure the deficiencies in its pleading. *See S.M. v. Oxford Health Plans (N.Y.), Inc.*, 94 F. Supp. 3d 481, 515 (S.D.N.Y. 2015) ("when seeking leave to amend, the movant must submit a complete copy of the proposed amended complaint . . . so that both the Court and the opposing party can understand the exact changes sought"); *McGee v. Dunn*, 940 F. Supp. 2d 93, 110 (S.D.N.Y. 2013) ("To obtain leave of court to amend the complaint, a party should file both a Rule 15 motion and a proposed amendment or new pleading.").

## **CONCLUSION**

For the reasons set forth above and in its Memorandum of Law, SKAT respectfully requests that the Court dismiss with prejudice Goldstein's counterclaims.

Dated: New York, New York
       June 14, 2019

HUGHES HUBBARD & REED LLP

By:    /s/ Sarah L. Cave
    William R. Maguire
    Marc A. Weinstein
    Sarah L. Cave
    John T. McGoey
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax:  (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
sarah.cave@hugheshubbard.com
john.mcgoey@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*