# Appendix B

Niels Fenger (Editor)

# Administrative Law



Danish Union of Jurists and Economists Press
2018

*2. Who is the competent authority, and how is that determined?*

ges til grund, at et organ, herunder et privat organ, er blevet tildelt originær kompetence til at træffe afgørelser mv. på et givent område. I sidstnævnte tilfælde vil det efter omstændighederne være tilstrækkeligt, at det private organs kompetence er forudsat i den relevante lovgivning, jf. U 1999.190 0 og U 2007.3009 H.

En privat, der f'ar delegeret kompetencen til at agere på en offentlig myndigheds vegne, er forpligtet til at leve op til de samme offentligretlige forpligtigelser, som den offentlige myndighed selv ville skulle have efterlevet i den forbindelse. Derfor kunne man også :fa den tanke, at en privat, der udførte en tilsvarende opgave blot baseret på en originær kompetence, tillige skal efterleve de samme regler. Helt så simpelt er det imidlertid ikke, jf. herom kapitel 3, afsnit 2.7.10.

Under section 14 of the Danish Constitution, the Government (in practice the Prime Minister) may by Royal Decree transfer one duty established by law from one minister to another (from one ministerial department to another). The powers transferred in this manner are comparable to powers originally granted and, hence, in terms of administrative law, are not delegated powers.

The distribution of duties can also occur purely administratively. Opgaven vil i så fald blive tildelt ved ekstern delegation, jf. herom afsnit 3 nedenfor, eller ved intern delegation, jf. herom afsnit 4 nedenfor.

**2.2. Principper for opgavefordelingen i øvrigt**
2.2.1. Saglig kompetencefordeling
En fordeling efter opgavens art (sagens indhold) er helt sædvanlig. En sådan saglig kompetencefordeling bygger bl.a. på forudsætninger om, at visse myndigheder i kraft af deres sammensætning, særlige sagkundskab og erfaring er særligt velegnede til at tage sig af bestemte forvaltningsopgaver, herunder at træffe bestemte typer af afgørelser.

Opgavefordelingen i centraladministrationen - mellem ministerierne ogderes departementer, mellem de centrale direktorater og styrelser indbyrdes samt mellem forskellige råd og nævn mv. og resten af centraladministrationen - er i alt væsentligt udtryk for en saglig kompetencefordeling. Også ved fordelingen af opgaver på forskellige myndighedsniveauer - centralt/regionalt eller regionalt/lokalt niveau - er der ofte tale om en saglig kompetencefordeling. Som eksempler herpå kan nævnes fordelingen af kompetencen til at tage stilling til tiltalerejsningsspørgsmålet mellem statsadvokaterne og politidirektørerne efter retsplejelovens § 719 og fordelingen af ansvaret for driften af sociale institutioner mellem regioner og kommunerne efter bl.a. lov om social service kapitel 2 og § 51. Sidstnævnte er i øvrigt et eksempel på en saglig kompetencefordeling mellem myndigheder, som ikke indgår i et admi-

Niels Fenger (red.)

# Forvaltningsret



Jurist- og Økonomforbundets Forlag
2018

*2. Hvem er den kompetente myndighed, og hvordan afgøres det?*

ges til grund, at et organ, herunder et privat organ, er blevet tildelt originær kompetence til at træffe afgørelser mv. på et givent område. I sidstnævnte tilfælde vil det efter omstændighederne være tilstrækkeligt, at det private organs kompetence er forudsat i den relevante lovgivning, jf. U 1999.190 Ø og U 2007.3009 H.

En privat, der får delegeret kompetencen til at agere på en offentlig myndigheds vegne, er forpligtet til at leve op til de samme offentligretlige forpligtigelser, som den offentlige myndighed selv ville skulle have efterlevet i den forbindelse. Derfor kunne man også få den tanke, at en privat, der udførte en tilsvarende opgave blot baseret på en originær kompetence, tillige skal efterleve de samme regler. Helt så simpelt er det imidlertid ikke, jf. herom kapitel 3, afsnit 2.7.10.

Efter grundlovens § 14 kan regeringen (i praksis statsministeren) ved kongelig anordning flytte en opgave, der er fastlagt ved lov, fra en minister til en anden (fra et ministerområde til et andet). Den kompetence, der er blevet tildelt på denne måde, må sidestilles med at blive tillagt en originær kompetence, og der er dermed ikke i forvaltningsretlig forstand tale om delegation.

Opgavefordelingen kan også ske rent administrativt. Opgaven vil i så fald blive tildelt ved ekstern delegation, jf. herom afsnit 3 nedenfor, eller ved intern delegation, jf. herom afsnit 4 nedenfor.

### 2.2. Principper for opgavefordelingen i øvrigt
#### 2.2.1. Saglig kompetencefordeling
En fordeling efter opgavens art (sagens indhold) er helt sædvanlig. En sådan saglig kompetencefordeling bygger bl.a. på forudsætninger om, at visse myndigheder i kraft af deres sammensætning, særlige sagkundskab og erfaring er særligt velegnede til at tage sig af bestemte forvaltningsopgaver, herunder at træffe bestemte typer af afgørelser.

Opgavefordelingen i centraladministrationen – mellem ministerierne og deres departementer, mellem de centrale direktorater og styrelser indbyrdes samt mellem forskellige råd og nævn mv. og resten af centraladministrationen – er i alt væsentligt udtryk for en saglig kompetencefordeling. Også ved fordelingen af opgaver på forskellige myndighedsniveauer – centralt/regionalt eller regionalt/lokalt niveau – er der ofte tale om en saglig kompetencefordeling. Som eksempler herpå kan nævnes fordelingen af kompetencen til at tage stilling til tiltalerejsningsspørgsmålet mellem statsadvokaterne og politidirektørerne efter retsplejelovens § 719 og fordelingen af ansvaret for driften af sociale institutioner mellem regioner og kommunerne efter bl.a. lov om social service kapitel 2 og § 51. Sidstnævnte er i øvrigt et eksempel på en saglig kompetencefordeling mellem myndigheder, som ikke indgår i et admi-