# Appendix D

[Handbook Shelf 2]

# Considerations on the Court's Territorial Jurisdiction in Civil Cases, etc.

# (EC-Convention on Judgments)

Published by the Justice Council (*retsplejerådet*)



CONSIDERATION NO. 1052
COPENHAGEN 1985

75

Til § 239.

Bestemmelsen træder i stedet for reglen om kommuners værneting i nugældende § 238. I lighed med reglen i lovudkastets § 238 foreslås det, at der ved fastlæggelsen af kommuners værneting skal lægges vægt på, hvor kommunens hovedkontor er beliggende.

Til § 240.

Reglen i lovudkastets § 240 om statens værneting svarer med nogle ændringer af redaktionel karakter til den nugældende regel i retsplejelovens § 239. The question about which authority can be sued on behalf of the state must, as to date, be decided on the basis of general principles of administrative law. A lawsuit can, in general, be brought against the administrative authority that has the capacity and competence on its own to reach a decision or ruling in the particular case.

Særlovgivningen indeholder som omtalt i kapitel 2, afsnit 1.2. i vidt omfang regler om andet værneting.

Efter skattestyrelseslovens § 31 anlægges sager om skattespørgsmål ved den landsret, i hvis kreds den skattepligtige har hjemting ved sagens anlæg.

Søgsmål om ekspropriation anlægges efter ekspropriationslovens § 26, stk. 1, ved den landsret, under hvilken vedkommende ejendom er beliggende. Tilsvarende regler gælder efter lov om offentlige veje, § 65, stk. 1, by- og landszonelovens § 16 og naturfredningslovens § 30, stk. 6.

Efter lov nr. 93 af 29. marts 1937 om skibsregistrering § 53 indbringes skibsregistrets afgørelse for (kæres til) landsretten, i hvis kreds det pågældende skibsrederi er hjemmehørende.

Retsplejerådet har overvejet, hvorvidt der burde gennemføres en regel, der generelt lader sagsøgerens hjemting være afgørende ved sager mod staten, således som det har været foreslået

76

af Sv. B. Muller i Juristen 1959, s. 427 ff og af Frost i Juristen 1969, s. 265. En sådan regel kunne umiddelbart forekomme nærliggende på baggrund af det af rådet stillede forslag om gennemførelse af en særlig værnetingsregel om forbrugersager, der i visse tilfælde giver forbrugeren adgang til at anlægge sag ved sit eget hjemting (lovudkastets § 244). En regel, der giver adgang til i alle sager at anlægge sag mod staten ved eget hjemting, ville imidlertid være meget vidtgående. Reglen i lovudkastets § 244 har endvidere sammenhæng med, at de pågældende sager, som er omfattet af denne bestemmelse, vedrører aftaler, som den erhvervsdrivende typisk har taget initiativ til. Det samme gør sig ikke gældende i sager, hvor staten er modpart. En adgang til sagsanlæg mod statsmyndigheder ved eget hjemting ville undertiden være uhensigtsmæssig. Sager mod decentrale statsmyndigheder vil typisk have deres udspring i begivenheder i det lokalområde, hvor myndigheden har hjemting, og det er derfor naturligt, at de også behandles der. Hertil kommer, at der som foran nævnt, hvor der har vist sig et særligt behov herfor, i særlovgivningen er foretaget en fravigelse af retsplejelovens almindelige værnetingsbestemmelse. På den baggrund finder retsplejerådet det rigtigst at opretholde den nugældende regel om statens værneting.

Til § 241.

Lovudkastets § 241 om værnetinget for sager om fast ejendom svarer med sproglige ændringer til nugældende § 240, stk. 1.

Der henvises herom til kapitel 2, afsnit 1.1.2.

Efter nugældende § 240, stk. 2, kan sagsøgeren benytte den faste ejendoms værneting i sager, hvor han indtaler fordringer, som er sikret ved pant i ejendommen, eller enkelte forfaldne grundbyrdeydelser. Retsplejerådet foreslår, at denne bestemmelse ophæves. Efter retsplejerådets opfattelse er der ikke noget større behov for en sådan regel. Dette skyldes bl.a., at udlæg kan foretages direkte på grundlag af pantebreve, jfr. retsplejelovens § 478, stk. 1, nr. 6. Retsplejeloven indeholder i § 487, stk. 1, nr. 3, en særlig værnetingsregel, hvor-

Håndbogsreol 2

# Betænkning
om retternes stedlige kompetence
i borgerlige sager m.v.

# (EF-domskonventionen)

*Afgivet af retsplejerådet*



ex. 2

BETÆNKNING NR. 1052
KØBENHAVN 1985

75

Til § 239.

Bestemmelsen træder i stedet for reglen om kommuners værneting i nugældende § 238. I lighed med reglen i lovudkastets § 238 foreslås det, at der ved fastlæggelsen af kommuners værneting skal lægges vægt på, hvor kommunens hovedkontor er beliggende.

Til § 240.

Reglen i lovudkastets § 240 om statens værneting svarer med nogle ændringer af redaktionel karakter til den nugældende regel i retsplejelovens § 239. Spørgsmålet om, hvilken myndighed der kan sagsøges på statens vegne, må som hidtil afgøres ud fra almindelige forvaltningsretlige principper. En retssag kan i almindelighed anlægges mod den forvaltningsmyndighed, som har habilitet og kompetence til selv at træffe afgørelse eller beslutning i det anliggende, sagen angår.

Særlovgivningen indeholder som omtalt i kapitel 2, afsnit 1.2. i vidt omfang regler om andet værneting.

Efter skattestyrelseslovens § 31 anlægges sager om skattespørgsmål ved den landsret, i hvis kreds den skattepligtige har **hjemting** ved sagens anlæg.

Søgsmål om ekspropriation anlægges efter ekspropriationslovens § 26, stk. 1, ved den landsret, under hvilken vedkommende ejendom er beliggende. Tilsvarende regler gælder efter lov om offentlige veje, § 65, stk. 1, by- og landszonelovens § 16 og naturfredningslovens § 30, stk. 6.

Efter lov nr. 93 af 29. marts 1937 om skibsregistrering § 53 indbringes skibsregistrets afgørelse for (kæres til) landsretten, i hvis kreds det pågældende skibsrederi er hjemmehørende.

Retsplejerådet har overvejet, hvorvidt der burde gennemføres en regel, der generelt lader sagsøgerens hjemting være afgørende ved sager mod staten, således som det har været foreslået

76

af Sv. B. Müller i Juristen 1959, s. 427 ff og af Frost i Juristen 1969, s. 265. En sådan regel kunne umiddelbart forekomme nærliggende på baggrund af det af rådet stillede forslag om gennemførelse af en særlig værnetingsregel om forbrugersager, der i visse tilfælde giver forbrugeren adgang til at anlægge sag ved sit eget hjemting (lovudkastets § 244). En regel, der giver adgang til i alle sager at anlægge sag mod staten ved eget hjemting, ville imidlertid være meget vidtgående. Reglen i lovudkastets § 244 har endvidere sammenhæng med, at de pågældende sager, som er omfattet af denne bestemmelse, vedrører aftaler, som den erhvervsdrivende typisk har taget initiativ til. Det samme gør sig ikke gældende i sager, hvor staten er modpart. En adgang til sagsanlæg mod statsmyndigheder ved eget hjemting ville undertiden være uhensigtsmæssig. Sager mod decentrale statsmyndigheder vil typisk have deres udspring i begivenheder i det lokalområde, hvor myndigheden har hjemting, og det er derfor naturligt, at de også behandles der. Hertil kommer, at der som foran nævnt, hvor der har vist sig et særligt behov herfor, i særlovgivningen er foretaget en fravigelse af retsplejelovens almindelige værnetingsbestemmelse. På den baggrund finder retsplejerådet det rigtigst at opretholde den nugældende regel om statens værneting.

Til § 241.

Lovudkastets § 241 om værnetinget for sager om fast ejendom svarer med sproglige ændringer til nugældende § 240, stk. 1.

Der henvises herom til kapitel 2, afsnit 1.1.2.

Efter nugældende § 240, stk. 2, kan sagsøgeren benytte den faste ejendoms værneting i sager, hvor han indtaler fordringer, som er sikret ved pant i ejendommen, eller enkelte forfaldne grundbyrdeydelser. Retsplejerådet foreslår, at denne bestemmelse ophæves. Efter retsplejerådets opfattelse er der ikke noget større behov for en sådan regel. Dette skyldes bl.a., at udlæg kan foretages direkte på grundlag af pantebreve, jfr. retsplejelovens § 478, stk. 1, nr. 6. Retsplejeloven indeholder i § 487, stk. 1, nr. 3, en særlig værnetingsregel, hvor-