# Exhibit A



Særlig kontrol

Kratbjerg 236

3480 Fredensborg
Denmark

www.skat.dk

Februar 7, 2019

Captia no: 18-0219552

TIN: 46-4795211

Omineca Pension Plan
60 Riverside Boulevard Room 2101
New York
NY 10069
USA

# Decision - Revocation of previous decisions on refund of dividend taxes

The Danish Tax Authority (formerly SKAT) has previously decided on the refund of dividend taxes to Omineca Pension Plan (hereinafter OPP) based on applications from OPP's agents Acupay System LLC and Goal Taxback Limited.

The Danish Tax Authority revokes the previous decisions on refund of dividend taxes totaling DKK 90,528,784, since OPP was not entitled to receive the dividend tax.

The revocation concerns the following decisions:

| Application | June 27, 2014 | DKK 21,877,020 |
| Application | October, 16 2014 | DKK 1,149,430 |
| Application | April 24, 2015 | DKK 51,331,498 |
| Application | May 1, 2015 | DKK 14,395,082 |
| Application | May 22, 2015 | DKK 1,775,754 |
| Total | | DKK 90,528,784 |

It is the opinion of the Danish Tax Authority that OPP does not own nor has ever owned the shares stated in the applications and that the dividends relating to the shares stated in the applications were not received by OPP.

It is also the Danish Tax Authority's opinion that OPP did not have the necessary capital to make the investments in Danish shares that underlie the said applications for refund of dividend tax.

According to the submitted Dividend Credit Advices, OPP is alleged to have invested in shares in Danish companies for a significant amount and to have received dividends therefrom. The facts of the case do not support such significant investments.

The Danish Tax Authority has emphasized that:
- OPP is a newly established pension fund;
- OPP has only a single participant with a corresponding limited amount of deposits;
- OPP has not submitted FORM 5500 in the US, which is why it must be assumed that OPP's assets were less than USD 250,000 at the end of the relevant income years.

Based on the currently available information, it is therefore the Danish Tax Authority's opinion that OPP did not have the financial capacity to own shares to such an extent as stated in OPP's applications for refund of Danish dividend tax. This is evident, for example, in that:

- OPP states that, on March 19 and 20, 2014, two months after establishment, it invested DKK 3,268,300,000 in the shares Pandora A/S and Novo Nordisk A/S;

- OPP states that, on March 19, 2015, 13 months after establishment, it owned shares in Novo Nordisk A/S and GN Store Nord A/S at a value of DKK 2,250,951,740.

OPP thus does not meet the conditions to receive the refunded dividend tax withholdings on Danish shares, cf. Article 10 of the Double Taxation Agreement between Denmark and the United States.

The Danish Tax Authority therefore refunded the said dividend taxes to OPP on an incorrect basis, and the Danish Tax Authority therefore revokes the previous decisions on refund of dividend taxes.

Kammeradvokaten will, on behalf of the Danish Tax Authority, file a claim against OPP for repayment and indemnification.

It can also be stated that it is the Danish Tax Authority's opinion that the payments to OPP are part of a larger international scheme, which the Danish Tax Authority has reported to the Public Prosecutor for Special Economic and International Crime (hereinafter "SØIK") as suspected fraud against the Danish state. The Danish Tax Authority has reported the scheme as covered by § 279 of the Criminal Code through illicit recovery of the withheld dividend tax, where the applicant pension fund does not own nor has ever owned the shares that are stated in the applications and where the dividends relating to the shares stated in the applications were not distributed to the applicant pension fund.

For further substantiation, please refer to the case presentation set out below.

Reference is made to the appendices that were submitted together with the Danish Tax Authority's motion of April 13, 2018.

# Case presentation and justification

# Table of contents

1. Factual matters ............................................................................................................ 4

1.1. Description of the case ........................................................................................... 4

1.2. Refunded dividend tax .......................................................................................... 4

1.3. Calculation of the investments ............................................................................. 5

1.4. Registration of Danish shares ............................................................................... 6

1.5. Information from the IRS in the US ...................................................................... 6

2. Legal rules ................................................................................................................... 7

2.1. Consolidated laws .................................................................................................. 7

2.2. Double taxation agreement ................................................................................... 7

3. The Danish Tax Authority's comments ...................................................................... 7

3.1. The legal and regulatory framework ..................................................................... 7

3.2. Ownership of shares and receipt of share dividends ............................................ 8

3.2.1. Central securities depository ................................................................................. 8

3.2.2. The capital base for the pension plan's investments ............................................ 8

3.2.3. Share dividends and withheld dividend taxes ....................................................... 9

3.3. Revocation of previous decisions .......................................................................... 9

4. The Danish Tax Authority's proposal for a decision of April 13, 2018 .................... 10

5. The pension plan's comments in response to the Danish Tax Authority's proposal ... 11

6. The Danish Tax Authority's final decision ............................................................... 11

Appeal guidelines ............................................................................................................ 11

# 1. Factual matters

## 1.1.  Description of the case

OPP is registered as a pension fund in the US[1] and was established in February 2014.[2]

In the period from June 27, 2014, to May 22, 2015, Acupay System LLC and Goal Taxback Limited, sent applications on behalf of OPP, to The Danish Tax Authority to receive refunded dividend taxes from Danish shares totaling DKK 90,528,784.

Based on this, the Danish Tax Authority paid dividend tax refunds to OPP via Acupay System LLC's bank account 0022 1819 0790 5700 at DEXIA BANQUE INTERNATIONALE A LUXEMBOURG and Goal Taxback Limited's bank account 34015159 at NatWest Bank.

In connection with the control of dividend tax refunds, the Danish Tax Authority, acting through the competent authority, has obtained information from the US tax authorities, the Department of The Treasury, Internal Revenue Service (hereinafter the IRS). From the information it appears that:

- OPP is a newly established pension fund;
- The annual contribution to the pension fund is limited to between USD 12,500 and USD 53,000 per participant, depending on the age of the contributor;
- OPP has not submitted FORM 5500, whereby OPP indicated to the IRS that its assets at the end of 2014 and 2015 were less than USD 250,000.

After sending a proposal for decision on April 13, 2018, the Danish Tax Authority has repeatedly accommodated postponement of the deadline for the opposing party response to no later than January 31, 2019.

## 1.2.  Refunded dividend tax

In connection with the Double Taxation Agreement between Denmark and the United States, on behalf of OPP, the agents Acupay System LLC and Goal Taxback Limited applied for, and received refunds for, the withheld dividend tax on the following shares.[3]

| SKAT's Bundle No. | Date of the Application | Security | Quantity | Ex-date | Dividend Total DKK | Dividend Tax Refunded DKK |
|---|---|---|---|---|---|---|
| 47214 | 06-27-2014 | A.P. Møller Mærsk A/S B | 10,000 | 04-01-2014 | 14,000,000 | 3,780,000 |
| 47214 | 06-27-2014 | Tryg A/S | 163,000 | 04-04 -2014 | 4,401,000 | 1,188,270 |
| 47214 | 06-27-2014 | Pandora A/S | 550,000 | 03-20-2014 | 3,575,000 | 965,250 |
| 47214 | 06-27-2014 | Novo Nordisk A/S B | 12,500,000 | 03-21-2014 | 56,250,000 | 15,187,500 |
| 47214 | 06-27-2014 | Coloplast A/S - B | 700,000 | 05-09-2014 | 2,800,000 | 756,000 |
| 88814 | 10-16-2014 | TDC A/S | 2,838,100 | 08-08-2014 | 4,257,150 | 1,149,430 |
| 35615 | 04-24-2015 | A.P. Møller Mærsk A/S A | 40,020 | 03-31-2015 | 78,879,420 | 21,297,443 |
| 35615 | 04-24-2015 | A.P. Møller Mærsk A/S B | 40,414 | 03-31-2015 | 79,655,994 | 21,507,118 |
| 35615 | 04-24-2015 | Novo Nordisk A/S B | 6,316,250 | 03-20-2015 | 31,581,250 | 8,526,937 |
| 35715 | 05-01-2015 | Novozymes A/S B | 758,237 | 02-26-2015 | 2,274,711 | 614,171 |
| 35715 | 05-01-2015 | Vestas Wind Systems A/S | 1,887,636 | 03-31-2015 | 7,361,780 | 1,987,680 |
| 35715 | 05-01-2015 | TDC A/S | 2,418,402 | 03-06-2015 | 2,418,402 | 652,968 |

---

[1]  Appendix 269-2-1 to 269-2-2
[2]  Appendix 269-2-1 to 269-2-2
[3]  Appendix 269-A-1 to 269-A-46

| | | | | | | |
|---|---|---|---|---|---|---|
| 35715 | 05-01-2015 | Gn Store Nord A/S | 592,904 | 03-20-2015 | 533,614 | 144,075 |
| 35715 | 05-01-2015 | Tryg A/S | 176,421 | 03-26-2015 | 5,116,209 | 1,381,376 |
| 35715 | 05-01-2015 | Pandora A/S | 470,873 | 03-19-2015 | 4,237,857 | 1,144,221 |
| 35715 | 05-01-2015 | FL Smidth & CO A/S | 400,218 | 03-27-2015 | 3,601,962 | 972,529 |
| 35715 | 05-01-2015 | DSV A/S | 603,264 | 03-13-2015 | 965,222 | 260,610 |
| 35715 | 05-01-2015 | Carlsberg A/S - B | 889,218 | 03-27-2015 | 8,002,962 | 2,160,799 |
| 35715 | 05-01-2015 | Danske Bank A/S | 3,418,622 | 03-19-2015 | 18,802,421 | 5,076,653 |
| 39915 | 05-22-2015 | Coloplast A/S - B | 1,461,526 | 05-07-2015 | 6,576,867 | 1,775,754 |
| Total | | | | | 335,291,821 | 90,528,784 |

The applications were accompanied by following appendices:[4]
1. Form 06.003 ENG – Claim to Relief from Danish Dividend Tax.
2. Dividend Credit Advices - prepared by OPP's custodian Old Park Lane Capital PLC or Solo Capital Partners LLP or North Channel Bank.
3. FORM 6166 from the Internal Revenue Service (IRS) - Certificate of residency in the US (issued by the US tax authorities).
4. Power of Attorney to Acupay System LLC and Goal Taxback Limited.

Regarding 1. In form 06.003 it is declared that OPP is the beneficial owner of the shares and is covered by the Double Taxation Agreement between Denmark and the United States.

Regarding 2. According to Dividend Credit Advices prepared by custodian Old Park Lane Capital PLC or Solo Capital Partners LLP or North Channel Bank, OPP received net dividends from the shares.

## 1.3.  Calculation of the investments
With the understanding that OPP has to own the shares at the time when the dividend distribution is decided at the general meeting (the day before the ex-date), the acquisition sums for OPP's purchase of the shares (as shown in the applications[5]) are calculated based on the closing price on the last trading day before the ex-date.[6]

| SKAT's Bundle No. | Security | Price Date | Quantity | Price | Calculated Acquisition Cost DKK |
|---|---|---|---|---|---|
| 47214 | Pandora A/S | 03-19-2014 | 550,000 | 356,00 | 195,800,000 |
| 47214 | Novo Nordisk A/S B | 03-20-2014 | 12,500,000 | 245,80 | 3,072,500,000 |
| 47214 | A.P. Møller Mærsk A/S B | 03-31-2014 | 10,000 | 65,000,00 | 650,000,000 |
| 47214 | Tryg A/S | 04-03-2014 | 163,000 | 551,50 | 89,894,500 |
| 47214 | Coloplast A/S B | 04-08-2014 | 700,000 | 468,10 | 327,670,000 |
| 88814 | TDC A/S | 08-07-2014 | 2,838,100 | 51,35 | 145,736,435 |
| 35715 | Novozymes A/S B | 02-25-2015 | 758,237 | 322,50 | 244,531,433 |
| 35715 | TDC A/S | 03-05-2015 | 2,418,402 | 54,00 | 130,593,708 |
| 35715 | DSV A/S | 03-12-2015 | 603,264 | 219,20 | 132,235,414 |
| 35715 | Pandora A/S | 03-18-2015 | 470,873 | 614,50 | 289,351,459 |
| 35715 | Danske Bank A/S | 18-03-2015 | 3,418,622 | 175,30 | 599,284,437 |
| 35615 | Novo Nordisk A/S B | 03-19-2015 | 6,316,250 | 341,90 | 2,159,525,875 |
| 35715 | Gn Store Nord A/S | 03-19-2015 | 592,904 | 154,20 | 91,425,865 |
| 35715 | Tryg A/S | 03-25-2015 | 176,421 | 868,50 | 153,221,639 |

---

4   Appendix 269-A-1 to 269-A-46
5   Appendix 269-A-1 to 269-A-46
6   Prices as shown on Nasdaq's website: http://www.nasdaqomxnordic.com

| 35715 | FL Smidth & CO A/S | 03-26-2015 | 400,218 | 314,00 | 125,668,452 |
| 35715 | Carlsberg A/S - B | 03-26-2015 | 889,218 | 571,50 | 508,188,087 |
| 35615 | A.P. Møller Mærsk A/S A | 03-30-2015 | 40,020 | 15,810,00 | 632,716,200 |
| 35615 | A.P. Møller Mærsk A/S B | 03-30-2015 | 40,414 | 16,410,00 | 663,193,740 |
| 35715 | Vestas Wind Systems A/S | 03-30-2015 | 1,887,636 | 290,20 | 547,791,937 |
| 39915 | Coloplast A/S - B | 05-06-2015 | 1,461,526 | 510,00 | 745,378,260 |

## 1.4.    Registration of Danish shares

All shares in Danish listed companies are registered with VP Securities, which is the Danish central securities depository.

As part of this registration, a securities depot is set up in a Danish bank in the shareholder's name. A securities depot contains the shareholder's equity holdings, which can consist of shares in various Danish listed companies. A securities depot and its holdings may also have several owners (referred to as an omnibus depot).

A search of the data from VP Securities has not found any securities depot in a Danish bank where OPP or its custodian Old Park Lane Capital PLC or Solo Capital Partners LLP or North Channel Bank is registered as owner.

## 1.5.    Information from the IRS in the US

The Danish Tax Authority, acting through the competent authority in Denmark and the US, has obtained information from the US tax authority, the IRS.

In a letter dated June 13, 2016, the IRS enclosed Instructions for FORM 5500-EZ, which indicate among other things, that:[7]

- *"Who Does Not Have To File FORM 5500-EZ*
  *You do not have to file FORM 5500-EZ for the 2015 plan year for a one-participant plan if the total of the plan's assets and the assets of all other one-participant plans maintained by the employer at the end of the 2015 plan year does not exceed $250,000, unless 2015 is the final plan year of the plan. For more information on final plan years, see Final Return later."*

The IRS informed in a letter of June 7, 2017, that:[8]

- OPP was founded in February 2014;
- The IRS does not have FORM 5500 for OPP, as FORM 5500 has not been submitted for 2014 or 2015.

Based on the information from the IRS, it is the Danish Tax Authority's opinion that this involves a *"One-Participant (owners and Their Spouses) Retirement Plan".*

In connection with general questions about pension plans and related contributions, the IRS forwarded links to the IRS website regarding "Topics for Retirement Plans".[9] The website states, among other things, the following, that:

---

[7]   Appendix 269-1-1 to 269-1-13
[8]   Appendix 269-2-1 to 269-2-2
[9]   Appendix 269-3-1 to 269-3-16

- A One-Participant 401 (k) plan includes a business owner without any employees other than the person and possibly any closely related.
- The annual contribution is limited to between USD 12,500 and USD 53,000, depending on the age of the contributor (whether over or under 50 years).

Based on information from the IRS, the Danish Tax Authority has assumed that:
- If a pension plan does not submit the FORM 5500, the pension plan is indicating that it is a One-Participant Retirement Plan with capital of less than USD 250,000;
- If a tax-exempt pension plan conducts business (Unrelated Business Income), it must pay tax on its income therefrom, and Form 990-T must be submitted to the IRS;
- If a tax-free pension plan has loan-financed income (Debt-Financed Income), then tax is payable on its income therefrom, and Form 990-T must be submitted to the IRS;
- If a pension plan distributes funds, it must be reported to the IRS on Form 1099, which must state how much has been paid and to whom. The person who received the funds is liable for tax on the income received and must report it.

The IRS further states that, in response to the Danish Tax Authority's inquiry of June 7, 2017, the IRS researched whether OPP had submitted any form for declaring/reporting. This was not the case. OPP therefore neither submitted FORM 5500, Form 990-T, nor Form 1099.

## 2.  Legal rules

### 2.1.    Consolidated laws
The Corporate Tax Law (Selskabsskatteloven) – Consolidated Law No. 1082 of November 14, 2012, and No. 680 of May 20, 2015:
- § 2, Section 1, Letter C and Section 3, Point 2.

The Income Tax Law (Ligningsloven) – Consolidated Law No. 405 of April 22, 2013, with later changes:
- § 16 A, Section 1.

The Withholding Tax Law (Kildeskatteloven) – Consolidated Law No. 1403 of December 7, 2010, with later changes:
- §§ 65, Section 1 and 69 B, Section 1.

### 2.2.    Double taxation agreement
BKI No. 13 of April 14, 2000, of the agreement entered into on August 19, 1999, between Denmark and the US in regards to avoidance of double taxation and prevention of income tax evasion. As changed by BKI No. 1 of February 18, 2008, by the protocol dated May 2, 2006:
- Articles 10 and 22.

## 3.  The Danish Tax Authority's comments

### 3.1.    The legal and regulatory framework
A US pension plan, that is the beneficial owner of Danish shares, and that has received dividends, which included dividend taxes, can get the dividend taxes refunded, if the pension plan meets the requirements set forth in Article 10 of the Double Taxation Agreement between Denmark and the United States, cf. Withholding Tax Law, § 69 B, Point 1.

## 3.2.  Ownership of shares and receipt of share dividends

OPP has stated in its applications for refund of dividend taxes that OPP owned the shares in question and that OPP received the share dividends which included dividend taxes.

It is the Danish Tax Authority's understanding that OPP, as a newly established one-participant pension plan with limited means of income, lacked the necessary capital to engage in the investments in Danish shares that underlie the said applications for refund of dividend taxes.

It is therefore the Danish Tax Authority's assessment that OPP could not have owned the shares and that OPP has not received the share dividends. In its assessment, the Danish Tax Authority has emphasized the points below:

### 3.2.1. Central securities depository

All shares in Danish listed companies are registered with VP Securities, which is the Danish central securities depository. As part of this registration, a securities depot is set up in a Danish bank in the shareholder's name. A securities depot and its holdings may also have several owners (referred to as an omnibus depot).

Neither OPP nor its custodian Old Park Lane Capital PLC nor Solo Capital Partners LLP nor North Channel Bank is registered as the owner of a securities depot in a Danish bank. The Danish Tax Authority has therefore received no information that OPP owned the shares for which dividend taxes were refunded.

### 3.2.2. The capital base for the pension plan's investments

OPP was established in February 2014.[10]

According to the information received from the US authorities, this is about a pension plan with only one-participant with a yearly maximum contribution of USD 12,500/53,000[11] (approx. DKK 85,375/361,990 in 2015, and DKK 76,501/324,434 in 2014).[12]

As OPP has neglected to submit FORM 5500 for either 2014 or 2015, OPP has indicated to the IRS that their assets at the end of 2014 and 2015 were less than USD 250,000[13] (DKK 1,707,500 in 2015, and DKK 1,530,350 in 2014).[14]

---

[10]  Appendix 269-2-1 to 269-2-2
[11]  Appendix 269-3-1 to 269-3-16
[12]  Exchange rate at end of 2015 (683.00) / 2014 (612.14), cf. www.nationalbanken.dk.
[13]  Appendix 269-2-1 to 269-2-2
[14]  Exchange rate at end of 2015 (683.00) / 2014 (612.14), cf. www.nationalbanken.dk.

The Danish Tax Authority has calculated from the received Dividend Credit Advices that all of OPP's investments in Danish shares[15] far exceed OPP's capital base. This is apparent, for example, by the fact that:

- On March 19 and March 20, 2014, two months after it was established, OPP reports having invested DKK 3,268,300,000 in shares of Pandora A/S and Novo Nordisk A/S;

- On March 19, 2015, thirteen months after it was established, OPP reports having invested in shares of Novo Nordisk A/S and GN Store Nord A/S for a total value of DKK 2,250,951,740.

On this basis, it is the Danish Tax Authority's assessment that OPP, as a newly established pension plan with an annual maximum contribution limit of USD 12,500/53,000, depending on the age of the contributor (whether over or under 50 years), and with a capital base of less than USD 250,000 at the end of the relevant income year, did not have the necessary capital to make the investments underlying OPP's applications.

### 3.2.3. Share dividends and withheld dividend taxes

According to the submitted Dividend Credit Advices, from its establishment in February 2014 up until May 2015, OPP should have received dividends for a total of DKK 335,291,821,[16] of which they applied for and received dividend tax refunds for a total of DKK 90,528,784.[17]

It is the Danish Tax Authority's opinion that the dividends relating to the shares stated in the applications have not been paid to OPP, as OPP's capital base is considered to be less than USD 250,000 at the end of the year, since OPP has not submitted the FORM 5500 to the IRS. OPP has not reported Unrelated Business Income or Debt-Financed Income (Form 990-T) or reported Distributions of Funds (Form 1099) to the IRS.

The dividends from the Danish shares of DKK 244,763,037 cannot therefore have been paid to OPP.

### 3.3.    Revocation of previous decisions

In connection with the applications for refunds, OPP has submitted information that OPP was the beneficial owner of the shares, cf. form 06.003, and that OPP had received dividends and paid dividend tax, cf. Dividend Credit Advices prepared by OPP's custodian Old Park Lane Capital PLC or Solo Capital Partners LLP or North Channel Bank.

The Danish Tax Authority has now determined that this had to do with a newly established pension plan with a corresponding limited capital base and that OPP failed to submit FORM 5500, information on distributions or anything else to the IRS. This means that OPP did not have the necessary capital base to make investments in the Danish shares, based on which OPP applied for refunds of withheld dividend taxes.

It is therefore the Danish Tax Authority's assessment that OPP cannot have been the owner of the shares, and that OPP therefore did not receive the share dividends.

---

[15]  Section 1.3
[16]  Section 1.2
[17]  Section 1.2

Based on this, the Danish Tax Authority finds that OPP does not meet the requirements of Section 69 B of the Withholding Tax Law, and Article 10 of the Double Taxation Agreement between Denmark and the United States. The Danish Tax Authority therefore revokes the prior decisions.

## 4.  The Danish Tax Authority's proposal for a decision of April 13, 2018

The Danish Tax Authority proposes the revocation of the previous decisions of dividend tax refunds to OPP that totaled DKK 90,528,784 because OPP was not entitled to receive the dividend taxes.

The revocation concerns the following decisions:

| Application | June 27, 2014 | 21,877,020 | DKK |
|---|---|---|---|
| Application | October 16, 2014 | 1,149,430 | DKK |
| Application | April 24, 2015 | 51,331,498 | DKK |
| Application | May 1, 2015 | 14,395,082 | DKK |
| Application | May 22, 2015 | 1,775,754 | DKK |
| Total | | 90,528,784 | DKK |

It is the Danish Tax Authority's assessment that OPP does not own and has not owned the shares-indicated in the applications, and that dividends relating to the shares indicated in the applications were not distributed to OPP.

Furthermore, it is the Danish Tax Authority's assessment that OPP lacked the necessary capital to engage in the investments in Danish shares underlying the said applications for refund of dividend taxes.

According to the submitted Dividend Credit Advices, OPP should have invested in shares in Danish companies for a considerable amount and should have received dividends therefrom. The facts of the case do not support such significant investments.

The Danish Tax Authority has emphasized that:
- OPP is a newly established pension fund.
- OPP is a single participant pension plan with corresponding limited contribution amounts.
- OPP has not submitted FORM 5500 to the IRS in the US, whereby it must be assumed that OPP's assets were less than USD 250,000 at the end of the relevant income years.

Thus, based on the currently available information, it is the Danish Tax Authority's assessment that OPP did not have the financial capacity to own shares to such an extent as stated in OPP's applications for refund of Danish dividend tax. This is apparent, for example, by the fact that:

- On March 19 and 20, 2014, less than two months after its establishment, OPP states that it has invested DKK 3,268,300,000 in shares of Pandora A/S and Novo Nordisk A/S.
- On March 19, 2015, 13 months after its establishment, OPP states that it is the owner shares in Novo Nordisk A/S and GN Store Nord A/S for a total value of DKK 2,250,951,740.

Therefore, OPP does not meet the requirements for refund of withheld dividend taxes from Danish shares, cf, Article 10 in the Double Taxation Agreement between Denmark and the United States.

The Danish Tax Authority has therefore issued the said refunds on false premises and the Danish Tax Authority therefore proposes a revocation of the previous decisions on refund of dividend taxes.

## 5.   The pension plan's comments in response to the Danish Tax Authority's proposal

The Danish Tax Authority has not received any comments from OPP.

## 6.   The Danish Tax Authority's final decision

As the Danish Tax Authority has not received any comments from OPP, the Danish Tax Authority reaches a decision corresponding to its previously forwarded proposal.

## Appeal guidelines

**If you want to appeal**

Then you must write to the Tax Appeals Board within three months of the day you received this decision.

Write down all the points you want to appeal and for each point, justify why you think the decision is wrong. Attach the decision and the facts of the case. If you have documents that underlie and support your appeal, we also ask you to attach them. If you would like a meeting with a case officer in the Danish Tax Authority, you must write your phone number in the appeal.

It costs DKK 400 to appeal. If you wholly or partly win your appeal, you will get the money refunded.

**How to send the appeal and pay**

You can send the appeal

- Electronically through the Tax Appeals Board's appeals form on skatteankestyrelsen.dk, where you are also asked to pay by credit card or Mobile Pay.
- By mail order using borger.dk or virk.dk. Pay by transferring DKK 400 to the account with registration no. 0216 and account no. 4069029361, and write your name and TIN no. in the message field.
- By mailing it to the Tax Appeals Board, Ved Vesterport 6, 4. sal, 1612 København V. Pay by transferring DKK 400 to the account with registration no. 0216 and account no. 4069029361, and write your name and TIN no. in the message field.
- Payments from abroad can be made by transfer of the amount to 0216 (bank registry number) 4069029361 (account number), IBAN DK 0502164069029361, SWIFT DABADKKK.

**You can apply to have your advisor paid**

If you get an advisor to help with the appeal, you can apply to have the advisory costs paid wholly or partly if the case is covered by the rules set forth in Chapter 19 of the Tax Administration Act. You can read more about this possibility at skat.dk/omkostningsgodtgørelse.

**Laws and rules**
The laws and decisions referred to can be found on skat.dk/love or skat.dk/afgørelser. Further information/guidance in appeals can be found on skat.dk/klage or skatteankestyrelsen.dk/english.


Sincerely


**Mathias Petersen**
Special consultant

E-mail: mathias.petersen@sktst.dk
Telephone: (+45) 72 37 09 39

**Katrine Basballe**
Special consultant

E-mail: katrine.basballe@sktst.dk
Telephone no.: (+45) 72 37 02 38

**Lill Drost**
Executive mananger

E-mail: lill.drost@sktst.dk


A copy was send to your representative: Lundgrens Law Firm Partnership, Tuborg Boulevard 12, 2900 Hellerup, Attn.: Jakob Schilder-Knudsen



Særlig kontrol

Kratbjerg 236

3480 Fredensborg
Denmark

www.skat.dk

den 7. februar 2019

Captia nr: 18-0219552

TIN: 46-4795211

Omineca Pension Plan
60 Riverside Boulevard Room 2101
New York
NY 10069
USA

## Afgørelse – Tilbagekaldelse af tidligere afgørelser om refusion af udbytteskatter

Skattestyrelsen (tidligere SKAT) har tidligere truffet afgørelser om refusion af udbytteskatter til Omineca Pension Plan (herefter OPP) på baggrund af anmodninger fra OPP's agenter Acupay System LLC og Goal Taxback Limited.

Skattestyrelsen tilbagekalder de tidligere afgørelser om refusion af udbytteskatter på i alt 90.528.784 kr., idet OPP ikke har været berettiget til at modtage udbytteskatten.

Tilbagekaldelsen angår følgende afgørelser:

| | | | |
|---|---|---|---|
| Anmodning af | 27. juni 2014 | 21.877.020 | kr. |
| Anmodning af | 16. oktober 2014 | 1.149.430 | kr. |
| Anmodning af | 24. april 2015 | 51.331.498 | kr. |
| Anmodning af | 1. maj 2015 | 14.395.082 | kr. |
| Anmodning af | 22. maj 2015 | 1.775.754 | kr. |
| I alt | | 90.528.784 | kr. |

Det er Skattestyrelsens vurdering, at OPP ikke ejer eller har ejet de aktier, som fremgår af anmodningerne, og at udbytterne vedrørende de aktier, som fremgår af anmodningerne, ikke er tilgået OPP.

Det er endvidere Skattestyrelsens vurdering, at OPP ikke har haft den fornødne kapital til at foretage de investeringer i danske aktier, der ligger til grund for de nævnte anmodninger om refusion af udbytteskat.

OPP skulle ifølge de indsendte Dividend Credit Advices have investeret i aktier i danske selskaber for et betydeligt beløb og modtaget udbytter heraf. Sagens oplysninger giver ikke grundlag for sådanne betydelige investeringer.

Skattestyrelsen har lagt vægt på:
- At OPP er en nystiftet pensionskasse.
- At OPP kun har en enkelt deltager med de deraf begrænsede indskudsbeløb.
- At OPP ikke har indsendt FORM 5500 i USA, hvorfor det må lægges til grund, at OPP's formue var under 250.000 USD ultimo de relevante indkomstår.

Det er således på baggrund af de nu foreliggende oplysninger Skattestyrelsens vurdering, at OPP ikke har haft økonomiske muligheder for at eje aktier i et sådant omfang, som angivet i OPP's anmodninger om refusion af dansk udbytteskat. Dette fremgår eksempelvis ved:

- At OPP den 19. og 20. marts 2014 under 2 måneder efter stiftelsen, angiver at have investeret for 3.268.300.000 kr. i aktierne Pandora A/S og Novo Nordisk A/S.

- At OPP den 19. marts 2015, 13 måneder efter stiftelsen, angiver at være ejer af aktier i Novo Nordisk A/S og GN Store Nord A/S til en værdi på i alt 2.250.951.740 kr.

OPP opfylder således ikke betingelserne for at få refunderet indeholdte udbytteskatter af danske aktier, jf. artikel 10 i dobbeltbeskatningsoverenskomsten mellem Danmark og USA.

Skattestyrelsen har derfor refunderet de nævnte udbytteskatter til OPP på et urigtigt grundlag, og Skattestyrelsen tilbagekalder derfor de tidligere afgørelser om refusion af udbytteskatter.

Kammeradvokaten vil på vegne af Skattestyrelsen rejse krav om tilbagebetaling og erstatning over for OPP.

Det kan i øvrigt oplyses, at det er Skattestyrelsens opfattelse, at udbetalingerne til OPP indgår som led i et større internationalt kompleks, som Skattestyrelsen har anmeldt til Statsadvokaten for Særlig Økonomisk og international Kriminalitet (herefter SØIK) som formodet svindel mod den danske stat. Skattestyrelsen har anmeldt komplekset som omfattet af straffelovens § 279 ved uberettiget tilbagesøgning af indeholdt udbytteskat, hvor den ansøgende pensionskasse ikke ejer eller har ejet de aktier, som fremgår af anmodningerne, og hvor udbytterne vedrørende de aktier, som fremgår af anmodningerne, ikke er tilgået den ansøgende pensionskasse.

For yderligere begrundelse henvises til nedenstående sagsfremstilling.

Der henvises til de bilag, der blev fremsendt sammen med Skattestyrelsens forslag af 13. april 2018.

# Sagsfremstilling og begrundelse

## Indholdsfortegnelse

1.    Faktiske forhold ................................................................................................................4

1.1.    Beskrivelse af sagen ......................................................................................................4

1.2.    Refunderet udbytteskat...................................................................................................4

1.3.    Beregning af investeringerne..........................................................................................5

1.4.    Registrering af danske aktier ..........................................................................................6

1.5.    Oplysninger fra IRS i USA .............................................................................................6

2.    Retsregler ..........................................................................................................................7

2.1.    Lovbekendtgørelser ........................................................................................................7

2.2.    Dobbeltbeskatningsoverenskomst ...................................................................................7

3.    Skattestyrelsens bemærkninger .........................................................................................7

3.1.    Lovgrundlaget/retsgrundlaget .........................................................................................7

3.2.    Ejerskabet af aktier og modtagelse af aktieudbytte.........................................................8

3.2.1.    Værdipapirdepot .........................................................................................................8

3.2.2.    Kapitalgrundlaget for pensionskassens investeringer...................................................8

3.2.3.    Aktieudbytte og indeholdt udbytteskat ........................................................................9

3.3.    Tilbagekaldelse af tidligere afgørelser ...........................................................................9

4.    Skattestyrelsens forslag til afgørelse af 13. april 2018 ....................................................10

5.    Pensionskassens bemærkninger til Skattestyrelsens forslag .............................................11

6.    Skattestyrelsens endelige afgørelse ..................................................................................11

Klagevejledning...................................................................................................................11

Love og regler .....................................................................................................................12

# 1. Faktiske forhold

## 1.1.  Beskrivelse af sagen

OPP er registreret som en pensionskasse i USA[1] og er stiftet i februar 2014[2].

Acupay System LLC og Goal Taxback Limited har på vegne af OPP, i perioden 27. juni 2014 til 22. maj 2015, sendt anmodninger til Skattestyrelsen om at få refunderet indeholdte udbytteskatter af danske aktier for i alt 90.528.784 kr.

Skattestyrelsen har på dette grundlag udbetalt refusion af udbytteskat til OPP via Acupay System LLC's bankkonto 0022 1819 0790 5700 i DEXIA BANQUE INTERNATIONALE A LUXEMBOURG og Goal Taxback Limited's bankkonto 34015159 i NatWest Bank.

Skattestyrelsen har i forbindelse med kontrol af refusioner af udbytteskatter, via Kompetent Myndighed, indhentet oplysninger fra de amerikanske skattemyndigheder, Department of The Treasury, Internal Revenue Service (herefter IRS). Af oplysningerne fremgår det:

- At OPP er en nystiftet pensionskasse.
- At det årlige indskud til pensionskassen er begrænset til mellem 12.500 og 53.000 USD pr. deltager alt efter indskyders alder.
- At OPP ikke har indsendt FORM 5500, hvorved OPP overfor IRS har tilkendegivet, at deres aktiver ultimo 2014 og 2015 var under 250.000 USD.

Skattestyrelsen har efter fremsendelse af forslag til afgørelse den 13. april 2018 flere gange imødekommet udsættelse af indsigelsesfristen, senest indtil den 31. januar 2019.

## 1.2.  Refunderet udbytteskat

Med henvisning til dobbeltbeskatningsoverenskomsten mellem Danmark og USA har agenterne Acupay System LLC og Goal Taxback Limited på vegne af OPP anmodet om, og fået refunderet, den indeholdte udbytteskat vedrørende følgende aktier[3]:

| SKATs bundt nr. | Dato for anmodning | Aktie | Antal | Ex-dato | Udbytte i alt DKK | Refunderet udbytteskat DKK |
|---|---|---|---|---|---|---|
| 47214 | 27-06-2014 | A.P. Møller Mærsk A/S B | 10.000 | 01-04-2014 | 14.000.000 | 3.780.000 |
| 47214 | 27-06-2014 | Tryg A/S | 163.000 | 04-04-2014 | 4.401.000 | 1.188.270 |
| 47214 | 27-06-2014 | Pandora A/S | 550.000 | 20-03-2014 | 3.575.000 | 965.250 |
| 47214 | 27-06-2014 | Novo Nordisk A/S B | 12.500.000 | 21-03-2014 | 56.250.000 | 15.187.500 |
| 47214 | 27-06-2014 | Coloplast A/S - B | 700.000 | 09-05-2014 | 2.800.000 | 756.000 |
| 88814 | 16-10-2014 | TDC A/S | 2.838.100 | 08-08-2014 | 4.257.150 | 1.149.430 |
| 35615 | 24-04-2015 | A.P. Møller Mærsk A/S A | 40.020 | 31-03-2015 | 78.879.420 | 21.297.443 |
| 35615 | 24-04-2015 | A.P. Møller Mærsk A/S B | 40.414 | 31-03-2015 | 79.655.994 | 21.507.118 |
| 35615 | 24-04-2015 | Novo Nordisk A/S B | 6.316.250 | 20-03-2015 | 31.581.250 | 8.526.937 |
| 35715 | 01-05-2015 | Novozymes A/S B | 758.237 | 26-02-2015 | 2.274.711 | 614.171 |
| 35715 | 01-05-2015 | Vestas Wind Systems A/S | 1.887.636 | 31-03-2015 | 7.361.780 | 1.987.680 |
| 35715 | 01-05-2015 | TDC A/S | 2.418.402 | 06-03-2015 | 2.418.402 | 652.968 |

---

[1] Bilag 269-2-1 til 269-2-2
[2] Bilag 269-2-1 til 269-2-2
[3] Bilag 269-A-1 til 269-A-46

| 35715 | 01-05-2015 | Gn Store Nord A/S | 592.904 | 20-03-2015 | 533.614 | 144.075 |
|---|---|---|---|---|---|---|
| 35715 | 01-05-2015 | Tryg A/S | 176.421 | 26-03-2015 | 5.116.209 | 1.381.376 |
| 35715 | 01-05-2015 | Pandora A/S | 470.873 | 19-03-2015 | 4.237.857 | 1.144.221 |
| 35715 | 01-05-2015 | FL Smidth & CO A/S | 400.218 | 27-03-2015 | 3.601.962 | 972.529 |
| 35715 | 01-05-2015 | DSV A/S | 603.264 | 13-03-2015 | 965.222 | 260.610 |
| 35715 | 01-05-2015 | Carlsberg A/S - B | 889.218 | 27-03-2015 | 8.002.962 | 2.160.799 |
| 35715 | 01-05-2015 | Danske Bank A/S | 3.418.622 | 19-03-2015 | 18.802.421 | 5.076.653 |
| 39915 | 22-05-2015 | Coloplast A/S - B | 1.461.526 | 07-05-2015 | 6.576.867 | 1.775.754 |
| I alt | | | | | 335.291.821 | 90.528.784 |

Anmodningerne var vedlagt følgende bilag[4]:
1. Blanket 06.003 ENG – Claim to Relief from Danish Dividend Tax.
2. Dividend Credit Advices – udarbejdet af OPP's custodian Old Park Lane Capital PLC eller Solo Capital Partners LLP eller North Channel Bank.
3. FORM 6166 from Internal Revenue Service (IRS) – Certificate of resident in USA (udstedt af de amerikanske skattemyndigheder).
4. Power of Attorney to Acupay System LLC og Goal Taxback Limited.

Ad 1. I blanket 06.003 erklæres det, at OPP er den retmæssige ejer af aktierne og er omfattet af dobbeltbeskatningsoverenskomsten mellem Danmark og USA.

Ad. 2. Ifølge Dividend Credit Advices udarbejdet af custodian Old Park Lane Capital PLC eller Solo Capital Partners LLP eller North Channel Bank har OPP modtaget nettoudbytte af aktierne.

## 1.3.   Beregning af investeringerne
Med udgangspunkt i at OPP skal eje aktierne på det tidspunkt, hvor udbytteudlodningen besluttes på generalforsamlingen (dagen før ex-datoen), er anskaffelsessummerne for OPP's køb af de aktier, som fremgår af anmodningerne[5], beregnet på baggrund af lukkekursen på sidste børsdag før ex-datoen[6]:

| SKATs bundt nr. | Aktie | Kursdato | Antal | Kurs | Beregnet anskaffelsessum DKK |
|---|---|---|---|---|---|
| 47214 | Pandora A/S | 19-03-2014 | 550.000 | 356,00 | 195.800.000 |
| 47214 | Novo Nordisk A/S B | 20-03-2014 | 12.500.000 | 245,80 | 3.072.500.000 |
| 47214 | A.P. Møller Mærsk A/S B | 31-03-2014 | 10.000 | 65.000,00 | 650.000.000 |
| 47214 | Tryg A/S | 03-04-2014 | 163.000 | 551,50 | 89.894.500 |
| 47214 | Coloplast A/S - B | 08-05-2014 | 700.000 | 468,10 | 327.670.000 |
| 88814 | TDC A/S | 07-08-2014 | 2.838.100 | 51,35 | 145.736.435 |
| 35715 | Novozymes A/S B | 25-02-2015 | 758.237 | 322,50 | 244.531.433 |
| 35715 | TDC A/S | 05-03-2015 | 2.418.402 | 54,00 | 130.593.708 |
| 35715 | DSV A/S | 12-03-2015 | 603.264 | 219,20 | 132.235.414 |
| 35715 | Pandora A/S | 18-03-2015 | 470.873 | 614,50 | 289.351.459 |
| 35715 | Danske Bank A/S | 18-03-2015 | 3.418.622 | 175,30 | 599.284.437 |
| 35615 | Novo Nordisk A/S B | 19-03-2015 | 6.316.250 | 341,90 | 2.159.525.875 |
| 35715 | Gn Store Nord A/S | 19-03-2015 | 592.904 | 154,20 | 91.425.865 |
| 35715 | Tryg A/S | 25-03-2015 | 176.421 | 868,50 | 153.221.639 |

[4] Bilag 269-A-1 til 269-A-46
[5] Bilag 269-A-1 til 269-A-46
[6] Kursen fremgår af Nasdaqs hjemmeside: http://www.nasdaqomxnordic.com

| 35715 | FL Smidth & CO A/S | 26-03-2015 | 400.218 | 314,00 | 125.668.452 |
| 35715 | Carlsberg A/S - B | 26-03-2015 | 889.218 | 571,50 | 508.188.087 |
| 35615 | A.P. Møller Mærsk A/S A | 30-03-2015 | 40.020 | 15.810,00 | 632.716.200 |
| 35615 | A.P. Møller Mærsk A/S B | 30-03-2015 | 40.414 | 16.410,00 | 663.193.740 |
| 35715 | Vestas Wind Systems A/S | 30-03-2015 | 1.887.636 | 290,20 | 547.791.937 |
| 39915 | Coloplast A/S - B | 06-05-2015 | 1.461.526 | 510,00 | 745.378.260 |

## 1.4.   Registrering af danske aktier

Alle aktier i danske børsnoterede selskaber er registreret hos VP Securities, som er den danske værdipapircentral.

Til denne registrering hører et værdipapirdepot i en dansk bank oprettet i en aktionærs navn. Et værdipapirdepot indeholder aktionærens aktiebeholdninger, som kan være sammensat af aktier i forskellige danske børsnoterede selskaber.  Et værdipapirdepot og dets beholdning kan også have flere ejere (benævnt et omnibusdepot).

Ved søgning i oplysninger fra VP Securities er der ikke fundet noget værdipapirdepot i en dansk bank, hvor OPP eller dennes custodian Old Park Lane Capital PLC eller Solo Capital Partners LLP eller North Channel Bank er registreret som ejer.

## 1.5.   Oplysninger fra IRS i USA

Skattestyrelsen har via Kompetent Myndighed i Danmark og USA modtaget oplysninger fra skattemyndigheden IRS i USA.

IRS har i brev af 13. juni 2016 vedlagt Instructions for FORM 5500-EZ hvoraf det bl.a. fremgår:[7]
- At *"Who Does Not Have To File FORM 5500-EZ*
  *You do not have to file FORM 5500-EZ for the 2015 plan year for a one-participant plan if the total of the plan's assets and the assets of all other one-participant plans maintained by the employer at the end of the 2015 plan year does not exceed $250,000, unless 2015 is the final plan year of the plan. For more information on final plan years, see Final Return later."*

IRS har i brev af 7. juni 2017 oplyst[8]:
- At OPP blev stiftet i februar 2014.
- At IRS ikke er i besiddelse af FORM 5500 for OPP, da der ikke er indsendt FORM 5500 for 2014 eller 2015.

Det er på baggrund af oplysningerne fra IRS Skattestyrelsens vurdering, at der er tale om en *"One-Participant (owners and Their Spouses) Retirement Plan"*.

IRS har i forbindelse med generelle spørgsmål om pensionsplaner og indskud herpå fremsendt links til IRS-hjemmeside vedrørende *"Topics for Retirement Plans"*[9]. Af hjemmesiden fremgår blandt andet følgende:

---

[7] Bilag 269-1-1 til 269-1-13
[8] Bilag 269-2-1 til 269-2-2
[9] Bilag 269-3-1 til 269-3-16

- At en One-Participant 401(k) plan omfatter en virksomhedsejer uden nogen ansatte ud over personen og eventuelt dennes nærtstående.
- At det årlige indskud er begrænset til mellem 12.500 og 53.000 USD alt efter indskyders alder (over eller under 50 år).

Skattestyrelsen har på baggrund af oplysninger fra IRS lagt til grund:
- At hvis en pensionsplan ikke indgiver FORM 5500, tilkendegiver pensionsplanen, at der er tale om en One-Participant Retirement Plan med en formue på under 250.000 USD.
- At hvis en skattefri pensionsplan driver virksomhed (Unrelated Business Income), skal den betale skat af indtægterne herfra, og der skal indgives en Form 990-T til IRS.
- At hvis en skattefri pensionsplan har lånefinansieret indkomst (Dept-financed Income), skal der betales skat af indtægterne heraf, og der skal indgives en Form 990-T til IRS.
- At hvis en pensionsplan udlodder midler, skal dette indberettes til IRS på en Form 1099, hvor det skal oplyses hvor meget der er udbetalt og til hvem. Den person, der har modtaget midlerne, er skattepligtig af indtægten og skal selvangive denne.

IRS har endvidere oplyst, at IRS ved besvarelsen den 7. juni 2017 af Skattestyrelsens forespørgsel har undersøgt, om OPP havde indsendt nogen form for selvangivelse/indberetning. Dette var ikke tilfældet. OPP har derfor hverken indsendt FORM 5500, Form 990-T eller Form 1099.

## 2. Retsregler

### 2.1. Lovbekendtgørelser
Selskabsskatteloven – lovbekendtgørelse nr. 1082 af 14. november 2012 og nr. 680 af 20. maj 2015:
- § 2, stk. 1, litra c og stk. 3, 2. pkt.

Ligningsloven – lovbekendtgørelse nr. 405 af 22. april 2013 med senere ændringer:
- § 16 A, stk. 1.

Kildeskatteloven – lovbekendtgørelse nr. 1403 af 7. december 2010 med senere ændringer:
- §§ 65, stk. 1 og 69 B, stk. 1.

### 2.2. Dobbeltbeskatningsoverenskomst
BKI nr. 13 af 14/4 2000 af overenskomst af 19/8 1999 mellem Danmark og USA til undgåelse af dobbeltbeskatning og forhindring af skatteunddragelse for så vidt angår indkomstskatter. Som ændret ved BKI nr. 1 af 18/2 2008 af protokol af 2/5 2006:
- Artiklerne 10 og 22.

## 3. Skattestyrelsens bemærkninger

### 3.1. Lovgrundlaget/retsgrundlaget
En amerikansk pensionskasse, der er den retmæssige ejer af danske aktier, og som har modtaget udbytte, hvoraf der er indeholdt udbytteskat, kan få refunderet udbytteskatten, hvis pensionskassen opfylder betingelserne herfor i art. 10 i dobbeltbeskatningsoverenskomsten mellem Danmark og USA, jf. kildeskattelovens § 69 B, 1. pkt.

## 3.2.    Ejerskabet af aktier og modtagelse af aktieudbytte

OPP har i ansøgningsskemaer om tilbagebetaling af udbytteskat oplyst, at OPP var ejer af de pågældende aktier, samt at OPP har modtaget aktieudbytte, hvoraf der var indeholdt udbytteskat.

Det er Skattestyrelsens opfattelse, at OPP, som nystiftet pensionskasse med én deltager med de deraf begrænsede indskudsmuligheder, ikke har haft den fornødne kapital til at foretage de investeringer i danske aktier, der ligger til grund for de nævnte anmodninger om refusion af udbytteskat.

Det er derfor Skattestyrelsens vurdering, at OPP ikke kan have været ejer af aktierne, og at OPP ikke har modtaget udbytte af aktierne. Skattestyrelsen har ved vurderingen heraf lagt vægt på nedenstående punkter:

### 3.2.1. Værdipapirdepot

Alle aktier i danske børsnoterede selskaber er registreret hos VP Securities, som er den danske værdipapircentral. Til denne registrering hører et værdipapirdepot i en dansk bank oprettet i en aktionærs navn. Et værdipapirdepot og dets beholdning kan også have flere ejere (benævnt et omnibusdepot).

Hverken OPP eller dennes Custodian Old Park Lane Capital PLC eller Solo Capital Partners LLP eller North Channel Bank er registret som ejer af et værdipapirdepot i en dansk bank. Skattestyrelsen har derfor ingen oplysninger om, at OPP har ejet de aktier, der er refunderet udbytteskat af.

### 3.2.2. Kapitalgrundlaget for pensionskassens investeringer

OPP blev stiftet i februar 2014[10].

Ifølge oplysningerne fra myndighederne i USA er der tale om en pensionskasse, hvor der kun er en deltager, som årligt max kan indbetale 12.500/53.000 USD[11] (ca. 85.375/361.990 kr. i 2015 og 76.501/324.434 kr. i 2014)[12].

Da OPP ikke har indsendt FORM 5500 for hverken 2014 eller 2015, har OPP overfor IRS tilkendegivet, at deres aktiver ultimo 2014 og 2015 er under 250.000 USD[13] (1.707.500 kr. i 2015 og 1.530.350 kr. i 2014)[14].

---

[10] Bilag 269-2-1 til 269-2-2
[11] Bilag 269-3-1 til 269-3-16
[12] Kurs ultimo 2015 (683,00) / 2014 (612,14), jf. www.nationalbanken.dk.
[13] Bilag 269-2-1 til 269-2-2
[14] Kurs ultimo 2015 (683,00) / 2014 (612,14), jf. www.nationalbanken.dk.

Skattestyrelsen har ud fra de modtagne Dividend Credit Advices beregnet, at samtlige af OPP's investeringer i danske aktier[15] ligger langt over OPP's kapitalgrundlag. Dette fremgår eksempelvis ved:

- At OPP den 19. og 20. marts 2014 under 2 måneder efter stiftelsen, angiver at have investeret for 3.268.300.000 kr. i aktierne Pandora A/S og Novo Nordisk A/S.

- At OPP den 19. marts 2015, 13 måneder efter stiftelsen, angiver at være ejer af aktier i Novo Nordisk A/S og GN Store Nord A/S til en værdi på i alt 2.250.951.740 kr.

På dette grundlag er det Skattestyrelsens vurdering, at OPP, som en nystiftet pensionskasse, der maksimalt om året kunne indskyde 12.500/53.000 USD, alt efter indskyders alder (over eller under 50 år), og med et kapitalgrundlag på under 250.000 USD ultimo de relevante indkomstår, ikke havde den fornødne kapital til at foretage de investeringer, der ligger til grund for OPP's anmodninger.

### 3.2.3. Aktieudbytte og indeholdt udbytteskat

OPP skulle fra stiftelsen i februar 2014 og frem til maj 2015 ifølge de indsendte Dividend Credit Advices have fået udbytter for i alt 335.291.821 kr.[16], heraf udgør de tilbagesøgte og refunderede udbytteskatter i alt 90.528.784 kr.[17]

Det er Skattestyrelsens opfattelse, at udbytterne vedrørende de aktier, som fremgår af anmodningerne, ikke er tilgået OPP, da OPP's kapitalgrundlag anses for at være under 250.000 USD ultimo året, idet OPP ikke har indsendt FORM 5500 til IRS. OPP har heller ikke angivet Unrelated Business Income eller Dept-financed Income (Form 990-T) eller oplyst om udlodninger af midler (Form 1099) til IRS.

Nettoudbyttet fra de danske aktier 244.763.037 kr. kan derfor ikke være tilgået OPP.

### 3.3.   Tilbagekaldelse af tidligere afgørelser

OPP har ved anmodningerne om refusion afgivet oplysninger om, at OPP var retmæssig ejer af aktierne, jf. blanket 06.003, og at OPP havde modtaget udbytte og betalt udbytteskat, jf. Dividend Credit Advices udarbejdet af OPP's custodian Old Park Lane Capital PLC eller Solo Capital Partners LLP eller North Channel Bank.

Skattestyrelsen har nu konstateret, at der var tale om en nystiftet pensionskasse med det deraf følgende begrænsede kapitalgrundlag, samt at OPP ikke har indsendt FORM 5500, oplysninger om udlodninger eller andet til IRS. Dette betyder, at OPP ikke har haft det fornødne kapitalgrundlag til at foretage investeringer i de danske aktier, på hvilken baggrund OPP har ansøgt om refusion af indeholdte udbytteskatter.

Det er derfor Skattestyrelsens vurdering, at OPP ikke kan have været ejer af aktierne, og at OPP derfor ikke har modtaget udbytte af aktierne.

---

[15] Afsnit 1.3
[16] Afsnit 1.2
[17] Afsnit 1.2

Skattestyrelsen finder på baggrund heraf, at OPP ikke opfylder betingelserne i kildeskattelovens § 69 B, samt artikel 10 i dobbeltbeskatningsoverenskomsten mellem Danmark og USA. Skattestyrelsen tilbagekalder derfor afgørelserne.

## 4. Skattestyrelsens forslag til afgørelse af 13. april 2018

Skattestyrelsen foreslår, at de tidligere afgørelser om refusion af udbytteskatter på i alt 90.528.784 kr. til OPP tilbagekaldes, idet OPP ikke har været berettiget til at modtage udbytteskatten.

Tilbagekaldelsen angår følgende afgørelser:

| | | | |
|---|---|---|---|
| Anmodning af | 27. juni 2014 | 21.877.020 | kr. |
| Anmodning af | 16. oktober 2014 | 1.149.430 | kr. |
| Anmodning af | 24. april 2015 | 51.331.498 | kr. |
| Anmodning af | 1. maj 2015 | 14.395.082 | kr. |
| Anmodning af | 22. maj 2015 | 1.775.754 | kr. |
| I alt | | 90.528.784 | kr. |

Det er Skattestyrelsens vurdering, at OPP ikke ejer eller har ejet de aktier, som fremgår af anmodningerne, og at udbytterne vedrørende de aktier, som fremgår af anmodningerne, ikke er tilgået OPP.

Det er endvidere Skattestyrelsens vurdering, at OPP ikke har haft den fornødne kapital til at foretage de investeringer i danske aktier, der ligger til grund for de nævnte anmodninger om refusion af udbytteskat.

OPP skulle ifølge de indsendte Dividend Credit Advices have investeret i aktier i danske selskaber for et betydeligt beløb og modtaget udbytter heraf. Sagens oplysninger giver ikke grundlag for sådanne betydelige investeringer.

Skattestyrelsen har lagt vægt på:
- At OPP er en nystiftet pensionskasse.
- At OPP kun har en enkelt deltager med dee deraf begrænsede indskudsbeløb.
- At OPP ikke har indsendt FORM 5500 i USA, hvorfor det må lægges til grund, at OPP's formue var under 250.000 USD ultimo de relevante indkomstår.

Det er således på baggrund af de nu foreliggende oplysninger Skattestyrelsens vurdering, at OPP ikke har haft økonomiske muligheder for at eje aktier i et sådant omfang, som angivet i OPP's anmodninger om refusion af dansk udbytteskat. Dette fremgår eksempelvis ved:

- At OPP den 19. og 20. marts 2014 under 2 måneder efter stiftelsen, angiver at have investeret for 3.268.300.000 kr. i aktierne Pandora A/S og Novo Nordisk A/S.

- At OPP den 19. marts 2015, 13 måneder efter stiftelsen, angiver at være ejer af aktier i Novo Nordisk A/S og GN Store Nord A/S til en værdi på i alt 2.250.951.740 kr.

OPP opfylder således ikke betingelserne for at få refunderet indeholdte udbytteskatter af danske aktier, jf. artikel 10 i dobbeltbeskatningsoverenskomsten mellem Danmark og USA.

Skattestyrelsen har derfor refunderet de nævnte udbytteskatter til OPP på et urigtigt grundlag, og Skattestyrelsen foreslår derfor at tilbagekalde de tidligere afgørelser om refusion af udbytteskatter.

## 5. Pensionskassens bemærkninger til Skattestyrelsens forslag
Skattestyrelsen har ikke modtaget nogen bemærkninger fra OPP.

## 6. Skattestyrelsens endelige afgørelse
Da Skattestyrelsen ikke har modtaget nogen bemærkninger fra OPP, træffer Skattestyrelsen afgørelse i overensstemmelse med det tidligere fremsendte forslag.

## Klagevejledning

### Hvis I vil klage
Så skal I skrive til Skatteankestyrelsen senest tre måneder efter den dag, hvor I har fået denne afgørelse.

Skriv alle de punkter, I vil klage over, og begrund for hvert punkt, hvorfor I mener, afgørelsen er forkert. Vedlæg afgørelsen og sagsfremstillingen. Har I dokumenter, som støtter og underbygger jeres klage, beder vi jer også vedlægge dem. Hvis I ønsker et møde med en sagsbehandler i Skatteankestyrelsen, skal I skrive dit telefonnummer i klagen.

Det koster 400 kr. at klage. Hvis I får helt eller delvist ret i jeres klage, får I pengene tilbage.

### Sådan sender I klagen og betaler
I kan sende klagen
- elektronisk via Skatteankestyrelsens klageformular på skatteankestyrelsen.dk, hvor I samtidig bliver bedt om at betale med betalingskort eller Mobile Pay.
- som digital post via borger.dk. eller virk.dk. Betal ved at overføre 400 kr. til kontoen med registreringsnr. 0216 og kontonr. 4069029361, og skriv jeres navn og TIN-nr. i meddelelsesfeltet.
- som brev til Skatteankestyrelsen, Ved Vesterport 6, 4. sal, 1612 København V. Betal ved at overføre 400 kr. til kontoen med registreringsnr. 0216 og kontonr. 4069029361, og skriv jeres navn og TIN-nr. i meddelelsesfeltet.
- Betaling fra udlandet kan ske ved overførsel af beløbet til 0216 (registreringsnummer bank) 4069029361 (kontonummer), IBAN DK 0502164069029361, SWIFT DABADKKK.

### I kan søge om at få betalt jeres rådgiver
Hvis I får en rådgiver til at hjælpe med klagesagen, kan I søge om at få rådgivningen betalt helt eller delvist, hvis sagen er omfattet af reglerne i skatteforvaltningslovens kapitel 19. Der kan læses mere om denne mulighed på skat.dk/omkostningsgodtgørelse.

**Love og regler**

De love og afgørelser, der er henvist til, kan findes på skat.dk/love eller skat.dk/afgørelser. Yderligere information/vejledning i at klage kan hentes på skat.dk/klage eller skatteankestyrelsen.dk/english.


Venlig hilsen


**Mathias Petersen**
Specialkonsulent

E-mail: mathias.petersen@sktst.dk
Telefon: (+45) 72 37 09 39

**Katrine Basballe**
Specialkonsulent

E-mail: katrine.basballe@sktst.dk
Telefon nr.: (+45) 72 37 02 38

**Lill Drost**
Funktionsleder

E-mail: lill.drost@sktst.dk


Kopi sendt til jeres repræsentant: Lundgrens Advokatpartnerselskab, Tuborg Boulevard 12, 2900 Hellerup, Att.: Jakob Schilder-Knudsen