# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKAT) TAX REFUND LITIGATION

This document relates to:
Case No. 18-cv-10119(LAK)

18-MD-2865 (LAK)

ECF Case

**ANSWER OF
DOSTON BRADLEY**

**JURY TRIAL DEMANDED**

Defendant Doston Bradley ("Defendant" or "Bradley"), by and through his attorneys,

CAPLIN & DRYSDALE, CHARTERED, as and for his Answer to the Complaint dated June 8,

2018 (the "Complaint") states as follows:

## AS TO THE INTRODUCTION

1.      Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 1, except to admit that SKAT is a taxing

authority of Denmark.

2.      Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 2, except Defendant denies participating in

a fraudulent tax refund scheme to deceive SKAT.

3.      Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 3, except Defendant denies participating in

a fraudulent scheme.

4.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except Defendant admits that Defendant Blackrain Pegasus LLC Solo 401K Plan ("Blackrain Pegasus Plan") submitted refund claims for tax withheld on dividends earned on the shares of Danish companies, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

5.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, except Defendant admits that Defendant Blackrain Pegasus Plan submitted withholding tax refund claims and received tax refunds, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

6.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, except Defendant admits that Defendant Blackrain Pegasus Plan submitted withholding tax refund claims and received tax refunds, and Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

7.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, except Defendant admits that Defendant Blackrain Pegasus Plan received refunds of tax, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

8.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, except Defendant denies submitting

fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

9.      Defendant denies the allegations contained in Paragraph 9, except Defendant does not have knowledge sufficient to admit or deny allegations with respect to all claimants.

a.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.a., except Defendant admits communicating in writing with the Payment Agent regarding the tax refund claims on behalf of Defendant Blackrain Pegasus Plan.

b.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.b., except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

c.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.c., except Defendant, upon information and belief, denies the allegations that Defendant Blackrain Pegasus Plan did not own shares in Danish companies and had not earned dividends on those shares.

10.     Defendant denies the allegations contained in Paragraph 10.

11.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, except to admit that SKAT made payments to the Payment Agent for Defendant Blackrain Pegasus Plan, who subsequently disbursed the payments, and except that Defendant denies participating in a fraudulent scheme.

12.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, except Defendant denies participating in a fraudulent scheme.

13.     Defendant denies the allegations contained in Paragraph 13, except Defendant admits that Defendant Blackrain Pegasus Plan was paid withholding tax refunds.

## AS TO THE JURISDICTION AND VENUE

14.     Paragraph 14 alleges legal conclusions to which no answer is required.  To the extent that an answer is required to Paragraph 14, Defendant admits that the matter in controversy exceeds the sum or value of $75,000, that SKAT is an agency or instrumentality of a foreign state, and that Defendants are citizens of a state, and Defendant denies allegations in Paragraph 14 to the extent they suggest that the Court has subject matter jurisdiction over the matter.

15.     Paragraph 15 alleges legal conclusions to which no answer is required.

## AS TO THE PARTIES

16.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except to admit that SKAT is a Danish tax authority.

17.     Defendant admits the allegations contained in Paragraph 17.

18.     Defendant admits the allegations contained in the first sentence of Paragraph 18. Defendant denies the allegations contained in the second sentence of Paragraph 18, except to admit that Defendant communicated on behalf of Defendant Blackrain Pegasus Plan regarding its tax refund claims.

## AS TO THE FACTUAL ALLEGATIONS

19.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, except to admit that SKAT is the relevant taxing authority.

20.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, except to admit that a certain percentage of dividends is withheld by Danish companies as withholding tax on dividends.

21.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except to admit that under certain circumstances foreign shareholders may be entitled to a refund of the withholding tax.

22.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, except to admit that under certain circumstances, U.S. pension plan shareholders may be entitled to a refund of tax withheld on dividends paid by Danish companies.

23.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, except Defendant admits that Defendant Blackrain Pegasus Plan submitted withholding tax refund claims and that SKAT paid refunds of the withholding tax, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

24.     Defendant denies having sufficient knowledge or information to admit or deny allegations contained in Paragraph 24.

25.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, except Defendant admits that Defendant

Case 1:18-cv-04434-LAK   Document 81   Filed 04/26/19   Page 6 of 16

Blackrain Pegasus Plan submitted withholding tax refund claims, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

26.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except to admit that Defendant Blackrain Pegasus Plan submitted refund claims to SKAT through Acupay System LLC ("Acupay"), and Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

27.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, except to admit that Defendant Blackrain Pegasus Plan received tax refund payments.

28.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, except to admit or deny as follows:

a.     Defendant admits that the withholding tax refund claims submitted on behalf of Defendant Blackrain Pegasus Plan included a cover letter from the Payment Agent;

b.     Defendant admits that the tax refund claims submitted on behalf of Defendant Blackrain Pegasus Plan set out the information as set forth in the allegations contained in Paragraphs 28.b and 28.b.i through iv;

c.     Defendant denies the allegations contained in Paragraph 28.c., except to admit that the tax refund claims submitted on behalf of Defendant Blackrain Pegasus Plan included "credit advice" notes that described the security and the amount of dividend tax withheld;

d.      Defendant denies the allegations contained in Paragraph 28.d, except that Defendant admits that the tax refund claims submitted on behalf of Defendant Blackrain Pegasus Plan included a document executed by Defendant in connection with the Payment Agent's submission of the tax refund claims on behalf of Defendant Blackrain Pegasus Plan; and

e.      Defendant admits that the tax refund claims submitted on behalf of Defendant Blackrain Pegasus Plan included a statement from the Internal Revenue Service containing the information as set forth in the allegations contained in Paragraph 28.e.

29.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, except to admit that the credit advice notes included with the tax refund claims submitted on behalf of Defendant Blackrain Pegasus Plan referenced shareholdings in Danish-listed companies, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

30.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, except to admit that SKAT paid withholding tax refunds for Defendant Blackrain Pegasus Plan to its Payment Agent.

32.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, except to deny submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

33.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, except to admit that the tax refund

claims submitted on behalf of Defendant Blackrain Pegasus Plan were submitted through its Payment Agent, and except that Defendant denies that the tax refund claims submitted on behalf of Defendant Blackrain Pegasus Plan were submitted as described in Paragraph 28 of the Complaint, except as otherwise admitted in response to Paragraph 28.

34.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 34, except Defendant denies submitting fraudulent tax refund claims on behalf of any claimant or otherwise participating in the fraudulent scheme.  Defendant denies the allegations contained in the second sentence of Paragraph 34, except to admit that Defendant provided Acupay with a power of attorney relating to the submission of the tax refund claims for Defendant Blackrain Pegasus Plan.

35.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 35, except Defendant denies submitting a fraudulent tax refund claim on any claimant's behalf or otherwise participating in the fraudulent scheme.  Defendant denies the allegations contained in the second sentence of Paragraph 35, except to admit that Defendant Blackrain Pegasus Plan submitted its tax refund claims through Acupay.

36.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 36, except Defendant admits that Defendant Blackrain Pegasus Plan represented to SKAT that it held shares in, and received dividends net of withholding tax from, large Danish-listed companies.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 36, except Defendant admits that

thirteen (13) withholding tax refund claims totaling at least $5,558,000 (US), were made on behalf of Defendant Blackrain Pegasus Plan. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 36, except Defendant admits that the tax refund claims were submitted to SKAT on behalf of Defendant Blackrain Pegasus Plan on or about January 28, 2014; March 31, 2014; April 17, 2014; May 27, 2014; and September 4, 2014.

37.    Defendant denies the allegations contained in Paragraph 37.

38.    Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, except Defendant admits that SKAT made the tax refund claim payment on or about February 7, 2014; May 9, 2014; May 28, 2014; July 3, 2014; and October 9, 2014 in connection with the tax refund claims submitted on behalf of Defendant Blackrain Pegasus Plan, and Defendant denies submitting false tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

39.    Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 as related to all claimants. To the extent the allegations in Paragraph 39 relate to the Defendant, Defendant denies the allegations, except as admitted in response to Paragraphs 40 through 42.

40.    Paragraph 40 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 40 may be deemed required and to the factual component of the allegations, Defendant denies the allegations contained in Paragraph 40, except that Defendant admits executing a document on or about December 16, 2013, that contained the language quoted in Paragraph 40.

41.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 41, except Defendant admits signing powers of attorney on behalf of a number of U.S. claimants, including Defendant Blackrain Pegasus Plan, and except Defendant denies submitting false tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.  Defendant denies allegations contained in the second sentence of Paragraph 41, except to admit that Defendant executed a document for Defendant Blackrain Pegasus Plan on or about December 16, 2013, that contained the language quoted in Paragraph 40.

42.     Defendant denies allegations contained in Paragraph 42, except to admit that Defendant communicated on behalf of Defendant Blackrain Pegasus Plan and on behalf of several other claimants regarding their tax refund claims, which listed an address of 16546 Mediterranean Street, Crosby, Texas, 77532 in their withholding tax refund claims.

43.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, except Defendant admits that the Payment Agent submitted withholding tax refund claims on behalf of Defendant Blackrain Pegasus Plan, and Defendant denies submitting fraudulent tax refund claims on behalf of any claimants or otherwise participating in a fraudulent scheme.

44.     Paragraph 44 alleges legal conclusions to which no answer is required.  To the extent that an answer to Paragraph 44 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, except to admit that Defendant communicated in writing with the Payment Agent regarding tax refund claims on behalf of Defendant Blackrain Pegasus Plan.

45.    Defendant denies the allegations contained in Paragraph 45, except as admitted in response to Paragraph 28, and Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 as it relates to other claimants.

46.    Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, except to admit that tax refund claims submitted on behalf of Defendant Blackrain Pegasus Plan contained a power of attorney executed by Defendant and requested that SKAT pay such claims to the Payment Agent's bank account.

47.    Defendant denies the allegations contained in Paragraph 47, except to admit that SKAT paid the tax refund claim payments to the Payment Agent with respect to Defendant Blackrain Pegasus Plan and that such Payment Agent subsequently distributed the proceeds. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 as it relates to other claimants.

48.    Defendant denies the allegations contained in Paragraph 48, except to admit that "credit advice" or similar notes showing Defendant Blackrain Pegasus Plan's ownership of shares of Danish companies was included with its withholding tax refund claims. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 as it relates to other claimants.

49.    Defendant denies the allegations contained in Paragraph 49, except Defendant admits that the example alleged in Paragraph 49 refers to a credit advice statement that was included with one of the tax refund claims submitted on behalf of Defendant Blackrain Pegasus Plan.

50.     Defendant denies the allegations contained in Paragraph 50.  Moreover, Paragraph 50 alleges legal conclusions to which no answer is required.

51.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, except to admit that Defendant is aware that SKAT erroneously concluded that the tax refund claims submitted by Blackrain Pegasus Plan were fraudulent.

## AS TO THE CAUSES OF ACTION

### COUNT I

### (Fraud – Against Both Defendants)

52.     Defendant repeats and incorporates his responses in paragraphs 1 through 51 above.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant denies the allegations in Paragraph 55.

56.     Defendant denies the allegations in Paragraph 56.

### COUNT II

### (Aiding and Abetting Fraud – Against Both Defendants)

57.     Defendant repeats and incorporates his responses in paragraphs 1 through 56 above.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

## COUNT III

### (Money Had & Received – Against Both Defendants)

64. Defendant repeats and incorporates his responses in paragraphs 1 through 63 above.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

## AS TO THE REQUEST FOR RELIEF

67. The allegations set forth in the "WHEREFORE" clause constitute Plaintiff's request for relief to which no response is required. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief.

## AFFIRMATIVE DEFENSES

### As A First Affirmative Defense

68. The Complaint fails to state a claim upon which relief can be granted for the reason that it does not assert a legal theory cognizable as a matter of law and it fails to allege sufficient facts to support a cognizable legal claim.

### As A Second Affirmative Defense

69. The claims are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### As A Third Affirmative Defense

70. The claims alleged in the Complaint are barred by the applicable statutes of limitations.

### As A Fourth Affirmative Defense

71.    The claims alleged in the Complaint are barred in whole or in part by the equitable doctrines of unclean hands, waiver, laches, and estoppel.

### As A Fifth Affirmative Defense

72.    The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### As A Sixth Affirmative Defense

73.    The recovery by the Plaintiff, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### As A Seventh Affirmative Defense

74.    Plaintiff's action is barred because of its failure to exhaust administrative and other legal remedies available to it.

### As An Eighth Affirmative Defense

75.    If the Plaintiff suffered any loss, damage, or injury, such damages were caused in whole or in part by, and arose out of, Plaintiff's culpable conduct, including but not limited to contributory negligence and assumption of risk.

### As A Ninth Affirmative Defense

76.    If the Plaintiff suffered any loss, damages, or injury, such alleged injuries and damages were caused, in whole or in part, by the negligence, assumption of risk, fault, and/ or other culpable parties and/or third parties to this action, other than Defendant, for whose acts or omissions or breaches of legal duty Defendant is not liable.

### As A Tenth Affirmative Defense

77.     The claims alleged in the Complaint are barred in whole or in part by collateral estoppel.

### As An Eleventh Affirmative Defense

78.     The claims alleged in the Complaint are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

### As A Twelfth Affirmative Defense

79.     The claims alleged in the Complaint are barred in whole or in part by res judicata.

### As A Thirteenth Affirmative Defense

80.     If the Plaintiff suffered any loss, damage, or injury, such damages are barred in whole or part to the extent such damages have been or will be paid or indemnified by a collateral source.

### As A Fourteenth Affirmative Defense

81.     The recovery by the Plaintiff, if any, should be reduced by application of Texas Civil Practice and Remedies Code §33.013.

### As A Fifteenth Affirmative Defense

82.     Defendant asserts the provisions of Chapter 41 of the Texas Civil Practices and Remedies Code.

### As A Sixteenth Affirmative Defense

83.     With regard to Plaintiff's claim for exemplary (punitive) damages, Defendant asserts an award, if any, of such damages would be inconsistent with, and in violation of, Defendant's rights under, the Fourteenth Amendment to the United States Constitution and Article 1, § 19 of the Texas Constitutions.

**As A Seventeenth Affirmative Defense**

84.     The claims alleged in the Complaint are barred in whole or in part by waiver and release.

**As An Eighteenth Affirmative Defense**

85.     Plaintiff's claims are frivolous, unreasonable, groundless, and brought in bad faith and for improper purposes.  Accordingly, Defendant is entitled to recover attorneys' fees and other costs associated with the defense of this action.

**As A Nineteenth Affirmative Defense**

86.     Defendant reserves the right to add to and/or amend these Affirmative Defenses because of information that may become known during the course of discovery.

WHEREFORE, Defendant respectfully requests a judgement dismissing the Complaint with prejudice, together with his costs, disbursements and attorney's fees and such other further relief as the Court may deem just and proper.

Dated:  New York, New York

July 26, 2019

CAPLIN & DRYSDALE, CHARTERED

s/ Mark D. Allison_____
By: Mark D. Allison

Mark D. Allison
Zhanna A. Ziering
600 Lexington Avenue, 21st Floor
New York, New York 10022
(212) 379-6000

*Attorneys for Defendant*
*Doston Bradley*