UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION<br><br>This document relates to:<br>Case No. 18-cv-10092(LAK) | 18-MD-2865 (LAK)<br><br>ECF Case<br><br>**ANSWER OF<br>JOHN LACHANCE** |

Defendant John LaChance ("Defendant" or "LaChance"), by and through his attorneys, CAPLIN & DRYSDALE, CHARTERED, as and for his Answer to the Complaint dated June 12, 2018 (the "Complaint") states as follows:

## AS TO THE PARTIES

1. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, except to admit that SKAT is a taxing authority of Denmark.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except to admit that Defendant Roger Lehman ("Lehman") communicated on behalf of Defendant JML Capital LLC 401K Plan ("JML Capital Plan").

4. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except to admit that he resided at 31 Balmoral Drive, Pittstown, New Jersey 08867, and to admit that Defendant JML Capital Plan

1

and The Balmoral Management LLC 401K Pension Plan listed the same address on their withholding tax refund claims.

## AS TO THE NATURE OF THE ACTION

5. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, except to admit that SKAT is a taxing authority of Denmark.

6. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, except Defendant denies participating in a fraudulent tax refund scheme to deceive SKAT.

7. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, except Defendant denies participating in a fraudulent scheme.

8. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, except Defendant admits that Defendant JML Capital Plan submitted refund claims for tax withheld on dividends earned on the shares of Danish companies, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

9. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, except Defendant admits that Defendant JML Capital Plan submitted withholding tax refund claims and received tax refunds, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

10. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, except Defendant admits that Defendant JML Capital Plan submitted withholding tax refund claims and received tax refunds, and Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

11. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, except Defendant admits that Defendant JML Capital Plan received refunds of tax, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

12. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

13. Defendant denies the allegations contained in Paragraph 13, except Defendant does not have knowledge sufficient to admit or deny allegations with respect to all claimants.

 a. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.a., except Defendant admits that Defendant Lehman communicated in writing with the Payment Agent regarding the tax refund claims on behalf of Defendant JML Capital Plan.

 b. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.b., except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

3

c. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.c., except Defendant denies the allegations that Defendant JML Capital Plan did not own shares in Danish companies and had not earned dividends on those shares.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, except to admit that SKAT made payments to the Payment Agent for Defendant JML Capital Plan, who subsequently disbursed the payments, and except that Defendant denies participating in a fraudulent scheme.

16. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except Defendant denies participating in a fraudulent scheme.

17. Defendant denies the allegations contained in Paragraph 17, except Defendant admits that Defendant JML Capital Plan was paid withholding tax refunds.

## AS TO JURISDICTION & VENUE

18. Paragraph 18 alleges legal conclusions to which no answer is required. To the extent that an answer is required to Paragraph 18, Defendant admits that the matter in controversy exceeds the sum or value of $75,000, that SKAT is an agency or instrumentality of a foreign state, and that Defendants are citizens of a state, and Defendant denies allegations in Paragraph 18 to the extent they suggest that the Court has subject matter jurisdiction over the matter.

19. Paragraph 19 alleges legal conclusions to which no answer is required.

## AS TO THE FACTUAL ALLEGATIONS

20. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, except to admit that SKAT is the relevant taxing authority.

21. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except to admit that a certain percentage of dividends is withheld by Danish companies as withholding tax on dividends.

22. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, except to admit that under certain circumstances foreign shareholders may be entitled to a refund of the withholding tax.

23. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, except to admit that under certain circumstances, U.S. pension plan shareholders may be entitled to a refund of tax withheld on dividends paid by Danish companies.

24. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, except Defendant admits that Defendant JML Capital Plan submitted withholding tax refund claims and that SKAT paid refunds of the withholding tax, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

25. Defendant denies having sufficient knowledge or information to admit or deny allegations contained in Paragraph 25.

26. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except Defendant admits that Defendant

JML Capital Plan submitted withholding tax refund claims, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

27. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, except to admit that Defendant JML Capital Plan submitted refund claims to SKAT through Syntax GIS ("Syntax"), and Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

28. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, except to admit that Defendant JML Capital Plan received tax refund payments.

29. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, except to admit or deny as follows:

    a. Defendant admits that the withholding tax refund claims submitted on behalf of Defendant JML Capital Plan included a cover letter from the Payment Agent;

    b. Defendant admits that the tax refund claims submitted on behalf of Defendant JML Capital Plan set out the information as set forth in the allegations contained in Paragraphs 29.b. and 29.b.i. through iv.;

    c. Defendant denies the allegations contained in Paragraph 29.c., except to admit that the tax refund claims submitted on behalf of Defendant JML Capital Plan included "income advice" notes that described the security and the amount of dividend tax withheld;

    d. Defendant denies the allegations contained in Paragraph 29.d., except that Defendant admits that the tax refund claims submitted on behalf of Defendant JML Capital Plan

6

included a document executed by Defendant Lehman in connection with the Payment Agent's submission of the tax refund claims on behalf of Defendant JML Capital Plan; and

   e. Defendant admits that the tax refund claims submitted on behalf of Defendant JML Capital Plan included a statement from the Internal Revenue Service containing the information as set forth in the allegations contained in Paragraph 29.e.

 30. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, except to admit that the income advice notes included with the tax refund claims submitted on behalf of Defendant JML Capital Plan referenced shareholdings in Danish-listed companies, and except Defendant denies submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

 31. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

 32. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, except to admit that SKAT paid withholding tax refunds for Defendant JML Capital Plan to its Payment Agent.

 33. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, except to deny submitting fraudulent tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

 34. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, except to admit that the tax refund claims submitted on behalf of Defendant JML Capital Plan were submitted through its Payment Agent, and except that Defendant denies that the tax refund claims submitted on behalf of

Defendant JML Capital Plan were submitted as described in Paragraph 29 of the Complaint, except as otherwise admitted in response to Paragraph 29.

35. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 35, except Defendant denies submitting fraudulent tax refund claims on behalf of any claimant or otherwise participating in the fraudulent scheme. Defendant denies the allegations contained in the second sentence of Paragraph 35, except to admit that Defendant Lehman provided Syntax with a power of attorney relating to the submission of the tax refund claims for Defendant JML Capital Plan.

36. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 36, except Defendant denies submitting a fraudulent tax refund claim on any claimant's behalf or otherwise participating in the fraudulent scheme. Defendant denies the allegations contained in the second sentence of Paragraph 36, except to admit that Defendant JML Capital Plan submitted its tax refund claims through Syntax.

37. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 37, except Defendant admits that Defendant JML Capital Plan represented to SKAT that it held shares in, and received dividends net of withholding tax from, large Danish-listed companies. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 37, except Defendant admits that one (1) withholding tax refund claim totaling at least $193,000 (US), was made on behalf of Defendant JML Capital Plan. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 37, except Defendant admits

8

that the tax refund claim was submitted to SKAT on behalf of Defendant JML Capital Plan on or about November 13, 2014.

38.     Defendant denies the allegations contained in Paragraph 38.

39.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, except Defendant admits that SKAT made the tax refund claim payment on or about November 26, 2014 in connection with the tax refund claim submitted on behalf of Defendant JML Capital Plan, and Defendant denies submitting false tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

40.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 40, except to admit that at times relevant to the complaint, Defendant was the sole member of JML Capital LLC, a limited liability company which established Defendant JML Capital Plan, and except to deny participating in a fraudulent scheme.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 40, except to admit that JML Capital LLC was incorporated on July 17, 2014, and to admit that the tax refund claim was submitted to SKAT on behalf of Defendant JML Capital Plan on or about November 13, 2014.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 40, except to admit that he was listed on JML Capital LLC's filings with the state of New Jersey, and to admit that his full name is John M. LaChance.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth

9

sentence of Paragraph 40, except to admit that he communicated on behalf of The Balmoral Management LLC 401K Pension Plan.

41. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, except as admitted or denied in response to Paragraph 42 through 43.

42. Paragraph 42 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 42 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, except that Defendant admits that Defendant Lehman executed a document sometime about October 2014.

43. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 except Defendant admits that Defendant Lehman signed a power of attorney on behalf of Defendant JML Capital Plan, and except Defendant denies submitting false tax refund claims on any claimant's behalf or otherwise participating in a fraudulent scheme.

44. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, except Defendant admits that the Payment Agent submitted withholding tax refund claims on behalf of Defendant JML Capital Plan, and Defendant denies submitting fraudulent tax refund claims on behalf of any claimants or otherwise participating in a fraudulent scheme.

45. Paragraph 45 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 45 may be deemed required and to the factual component of the allegations, Defendant denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 45, except to admit that Defendant Lehman communicated in writing with the Payment Agent regarding tax refund claims on behalf of Defendant JML Capital Plan.

46. Defendant denies the allegations contained in Paragraph 46, except as admitted in response to Paragraph 29, and Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 as it relates to other claimants.

47. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, except to admit that tax refund claims submitted on behalf of Defendant JML Capital Plan contained a document executed by Defendant Lehman and requested that SKAT pay such claims to the Payment Agent's bank account.

48. Defendant denies the allegations contained in Paragraph 48, except to admit that SKAT paid the tax refund claim payments to the Payment Agent with respect to Defendant JML Capital Plan and that such Payment Agent subsequently distributed the proceeds. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 as it relates to other claimants.

49. Defendant denies the allegations contained in Paragraph 49, except to admit that "income advice" or similar notes showing Defendant JML Capital Plan's ownership of shares of Danish companies was included with its withholding tax refund claims. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 as it relates to other claimants.

11

50. Defendant denies the allegations contained in Paragraph 50, except Defendant admits that the example alleged in Paragraph 50 refers to an income advice statement that was included with the tax refund claim submitted on behalf of Defendant JML Capital Plan.

51. Defendant denies the allegations contained in Paragraph 51. Moreover, Paragraph 51 alleges legal conclusions to which no answer is required.

52. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, except to admit that Defendant is aware that SKAT erroneously concluded that the tax refund claim submitted by Defendant JML Capital Plan was fraudulent.

## AS TO THE CAUSES OF ACTION

## COUNT I

### (Fraud – Against All Defendants)

53. Defendant repeats and incorporates his responses in paragraphs 1 through 52 above.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

## COUNT II

### (Aiding and Abetting Fraud – Against All Defendants)

58. Defendant repeats and incorporates his responses in paragraphs 1 through 57 above.

59. Defendant denies the allegations in Paragraph 59.

12

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

## COUNT III

**(Unjust Enrichment – Against All Defendants)**

65. Defendant repeats and incorporates his responses in paragraphs 1 through 64 above.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

## COUNT IV

**(Money Had & Received – Against All Defendants)**

70. Defendant repeats and incorporates his responses in paragraphs 1 through 69 above.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

## COUNT V

**(Negligent Misrepresentation – Against All Defendants)**

73. Defendant repeats and incorporates his responses in paragraphs 1 through 72 above.

13

74. Paragraph 74 alleges legal conclusions to which no answer is required. To the extent that an answer to Paragraph 74 may be deemed required, Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

## AS TO THE REQUEST FOR RELIEF

78. The allegations set forth in the "WHEREFORE" clause constitute Plaintiff's request for relief to which no response is required. To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief.

## AFFIRMATIVE DEFENSES

### As A First Affirmative Defense

79. The Complaint fails to state a claim upon which relief can be granted for the reason that it does not assert a legal theory cognizable as a matter of law and it fails to allege sufficient facts to support a cognizable legal claim.

### As A Second Affirmative Defense

80. The claims are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### As A Third Affirmative Defense

81. The claims alleged in the Complaint are barred by the applicable statutes of limitations.

14

### As A Fourth Affirmative Defense

82. The claims alleged in the Complaint are barred in whole or in part by the equitable doctrines of unclean hands, waiver, laches, and estoppel.

### As A Fifth Affirmative Defense

83. The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### As A Sixth Affirmative Defense

84. The recovery by the Plaintiff, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### As A Seventh Affirmative Defense

85. Plaintiff's action is barred because of its failure to exhaust administrative and other legal remedies available to it.

### As An Eighth Affirmative Defense

86. If the Plaintiff suffered any loss, damage, or injury, such damages were caused in whole or in part by, and arose out of, Plaintiff's culpable conduct, including but not limited to contributory negligence and assumption of risk.

### As A Ninth Affirmative Defense

87. If the Plaintiff suffered any loss, damages, or injury, such alleged injuries and damages were caused, in whole or in part, by the negligence, assumption of risk, fault, and/ or other culpable parties and/or third parties to this action, other than Defendant, for whose acts or omissions or breaches of legal duty Defendant is not liable.

### As A Tenth Affirmative Defense

88. The claims alleged in the Complaint are barred in whole or in part by collateral estoppel.

### As An Eleventh Affirmative Defense

89. The claims alleged in the Complaint are barred in whole or in part because Plaintiff has failed to mitigate its alleged damages.

### As A Twelfth Affirmative Defense

90. The claims alleged in the Complaint are barred in whole or in part by res judicata.

### As A Thirteenth Affirmative Defense

91. If the Plaintiff suffered any loss, damage, or injury, such damages are barred in whole or part to the extent such damages have been or will be paid or indemnified by a collateral source.

### As A Fourteenth Affirmative Defense

92. The recovery by the Plaintiff, if any, should be reduced by application of New Jersey law, including N.J.S.A. § 2A:15-5.3.

### As A Fifteenth Affirmative Defense

93. The claims alleged in the Complaint are barred in whole or in part by waiver and release.

### As A Sixteenth Affirmative Defense

94. Defendant reserves the right to add to and/or amend these Affirmative Defenses because of information that may become known during the course of discovery.

WHEREFORE, Defendant respectfully requests a judgement dismissing the Complaint with prejudice, together with his costs, disbursements and attorney's fees and such other further relief as the Court may deem just and proper.

Dated: New York, New York

July 29, 2019

                                              CAPLIN & DRYSDALE, CHARTERED

                                              s/ Mark D. Allison_____
                                              By: Mark D. Allison

                                              Mark D. Allison
                                              Zhanna A. Ziering
                                              600 Lexington Avenue, 21st Floor
                                              New York, New York 10022
                                              (212) 379-6000

                                              *Attorneys for Defendant*
                                              *John LaChance*