UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:  18-cv-10100 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**NEWSONG FELLOWSHIP CHURCH 401K PLAN AND
ALEXANDER JAMIE MITCHELL III'S ANSWER TO THE COMPLAINT**

Defendants Newsong Fellowship Church 401k Plan ("the Newsong Plan") and Alexander Jamie Mitchell III ("Mitchell") (together, "Defendants") deny any wrongdoing in relation to the Newsong Plan's requests for refunds of dividend-withholding tax. Plaintiff Skatteforvaltningen ("SKAT") commenced this litigation on the baseless presumption that Defendants were somehow involved in a scheme to defraud Denmark out of billions of dollars in tax revenue. SKAT has alleged that the Newsong Plan did not hold the securities it represented to SKAT that it owned and had no dividend tax withheld. These allegations are false, and the facts will show that the Newsong Plan was entitled to the withholding taxes SKAT refunded.

This answer is based on Defendants' investigations to date. Defendants reserve the right to supplement or amend this answer during this litigation as new information is learned. Defendants deny any allegation not specifically admitted in this answer. To the extent that the headings of Plaintiff's complaint require a response, they are hereby denied. By filing this answer in the United States District Court for the Southern District of New York, Defendants do not waive their right to have SKAT's claims transferred to the United States District Court for the District of Pennsylvania for purposes of trial. Defendants demand a jury trial on all issues so

triable.  Defendants hereby answer SKAT's complaint as follows:

## INTRODUCTION

1. Defendants admit the allegations in paragraph 1 at the time of the filing of the complaint but deny the allegations in paragraph 1 as of the date of this answer.

2. Defendants deny the allegations in paragraph 2.

3. Defendants deny any allegations in the first sentence of paragraph 3 with respect to themselves and lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 3 and therefore deny them.  The remainder of paragraph 3 states legal conclusions to which no response is required, but to the extent any further response is required, Defendants deny the allegations in paragraph 3.

4. Defendants lack knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 4 and therefore deny them, except Defendants admit that reclaim applications were submitted to SKAT, on behalf of the Newsong Plan, claiming repayments of tax withheld on shares of Danish companies.  Defendants deny the remaining allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore deny them.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and therefore deny them. Defendants deny the remaining allegations in paragraph 6 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations with respect to others.

7. Defendants deny the allegations in paragraph 7 with respect to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore deny them.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny them.

9. Defendants deny the allegations in paragraph 9 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9 and therefore deny them.

10. Defendants deny the allegations in paragraph 10 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 10 and therefore deny them.

11. Defendants deny the allegations in paragraph 11 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11 and therefore deny them.

12. Defendants deny the allegations in paragraph 12 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 12 and therefore deny them.

13. Defendants deny the allegations in paragraph 13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1 and therefore deny them.

**JURISDICTION & VENUE**

14. Paragraph 14 states a legal conclusion to which no response is required.

15. Paragraph 15 states a legal conclusion to which no response is required.

## PARTIES

16. Defendants admit the allegations in the first sentence of paragraph 16 were true as of the date of the complaint but deny them as of the date of this answer. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore deny them.

17. Defendants admit the allegations of paragraph 17 except to the extent the allegations suggest the Newsong Plan was not a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and a resident of the United States of America for U.S. tax purposes. Defendants further state that, at the time of its withholding-tax-refund requests, the Newsong Plan was a pension plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and that it was a resident of the United States of America for U.S. tax purposes. Defendants further state that the Newsong Plan has since been dissolved. Defendants further admit that the Newsong Plan listed its address as 1102 Millersville Pike, Lancaster, Pennsylvania 17603, USA, for tax refund requests. Defendants further admit that each member of the Newsong Plan is a citizen of the United States.

18. Defendants admit the allegations in the first sentence in paragraph 18. The second sentence of paragraph 18 states legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the remaining allegations in paragraph 18.

## AS TO SKAT'S FACTUAL ALLEGATIONS

19. Paragraph 19 states a legal conclusion to which no response is required.

20. Paragraph 20 states a legal conclusion to which no response is required.

21. Paragraph 21 states a legal conclusion to which no response is required.

22. Paragraph 22 states a legal conclusion to which no response is required. To the extent a response to footnote 2 is required, Defendants deny the assertion in footnote 2.

23. Defendants admit the allegations of paragraph 23 as to the Newsong Plan except to the extent the allegations suggest that the Newsong Plan's representations were not truthful. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore deny them.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny them.

25. Defendants lack knowledge or information sufficient to form a belief regarding SKAT's purported investigation or what SKAT "determined," but Defendants deny that those things SKAT purportedly "determined" with respect to Defendants are true. Defendants deny the remainder of the allegations in paragraph 25 with respect to themselves and lack knowledge or information sufficient to form a belief to the remaining allegations in paragraph 25 and therefore deny them.

26. Defendants deny the allegations in paragraph 26 with respect to themselves and lack knowledge or information sufficient to form a belief to the remaining allegations in paragraph 26 and therefore deny them.

27. Defendants deny the allegations in paragraph 27 with respect to themselves and lack knowledge or information sufficient to form a belief to the remaining allegations in paragraph 27 and therefore deny them.

28. Defendants admit that documents as described in subsections (a)–(e) of paragraph 28 were submitted to SKAT on the Newsong Plan's behalf. Defendants deny the remaining allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore deny them.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny them.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny them.

32. Defendants lack knowledge or information sufficient to form a belief regarding what SKAT "determined," but Defendants deny that those things SKAT purportedly "determined" with respect to Defendants are true. Defendants admit they are in the United States. Defendants deny the remainder of the allegations in paragraph 32 with respect to themselves and lack knowledge or information sufficient to form a belief to the remaining allegations in paragraph 32 and therefore deny them.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33. Defendants further state that the Newsong Plan submitted withholding-tax refund claims to SKAT through Goal Taxback Limited and that, on

information and belief, those applications included the documentation described in paragraph 28 of Plaintiff's Complaint.

34. Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the Newsong Plan. Defendants admit that the Newsong Plan represented that Mitchell had the authority to act on the Newsong Plan's behalf with respect to its withholding-tax refund claims. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore deny them.

35. Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the Newsong Plan. Defendants admit that the Newsong Plan represented that Goal Taxback Limited was its agent and had authority to act on its behalf with respect to the Newsong Plan's withholding-tax refund claims. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore deny them.

36. Defendants admit that withholding-tax refund claims were submitted to SKAT on the Newsong Plan's behalf in which the Newsong Plan described its shareholdings in and receipt of dividends from Danish companies. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore deny them.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the Newsong Plan. Defendants deny SKAT made payments to the Newsong Plan but rather admits, on information and belief, that Goal Taxback received payments from Denmark

-7-

and/or SKAT. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore deny them.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore deny them. Defendants admit Mitchell executed a power of attorney authorizing Goal Taxback Limited to act on behalf of the Newsong Plan with respect to the Newsong Plan's withholding-tax refund claims.

40. Defendants admit that a power of attorney, which speaks for itself, was to accompany withholding-tax refund claims that were submitted to SKAT on the Newsong Plan's behalf. Defendants deny the remaining allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them.

42. Defendants deny the allegations in paragraph 42 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them. Defendants admit Goal Taxback was authorized to submit withholding tax refund applications for the Newsong Plan.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny them.

44. Any "claim form," as described in paragraph 44, speaks for itself. Defendants admit that certain claim forms were submitted to SKAT on the Newsong Plan's behalf. Defendants deny the remainder of the allegations of paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 45 and therefore deny them. Defendants

deny the remaining allegations in paragraph 45 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them.

46. Defendants admit that "tax vouchers," which speak for themselves, were submitted to SKAT on the Newsong Plan's behalf. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore deny them.

47. Defendants admit that "tax vouchers," which speak for themselves, were submitted to SKAT on the Newsong Plan's behalf. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore deny them.

### AS TO PLAINTIFF'S CAUSES OF ACTION

#### COUNT I
#### (Fraud – Against Both Defendants)

No response is required to paragraphs 50 – 54 because SKAT voluntarily dismissed Count I on November 20, 2018. *See* Plaintiff's Notice of Partial Voluntary Dismissal (CA 18-cv-10100), Doc. No. 34.

#### COUNT II
#### (Aiding and Abetting Fraud – Against Both Defendants)

No response is required to paragraphs 55 – 61 because SKAT voluntarily dismissed Count II on November 20, 2018. *See* Plaintiff's Notice of Partial Voluntary Dismissal (CA 18-cv-10100), Doc. No. 34.

## COUNT III
**(Payment by Mistake – Against Both Defendants)**

No response is required to paragraphs 62 – 67 because the Court dismissed Count III on June 12, 2019. *See* Pretial Order No. 8 (CA 18-md-2865), Doc. No.133.

## COUNT IV
**(Unjust Enrichment – Against Both Defendants)**

68. Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

69. Paragraph 69 states a legal conclusion to which no response is required. To the extent any further response is required, Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

## COUNT V
**(Money Had & Received – Against Both Defendants)**

73. Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

## COUNT VI
**(Negligent Misrepresentation – Against Both Defendants)**

No response is required to paragraphs 76 – 80 because SKAT voluntarily dismissed Count VI on November 20, 2018. *See* Plaintiff's Notice of Partial Voluntary Dismissal (CA 18-cv-10100), Doc. No. 34.

## AS TO PLAINTIFF'S REQUEST FOR RELIEF

The remainder of the complaint sets forth SKAT's prayers for relief, to which no response is required. To the extent that a response is required, Defendants deny that SKAT is entitled to the relief it seeks and prays that the Court dismiss SKAT's claims and order such other relief as the Court deems just and necessary.

* * *

## AFFIRMATIVE DEFENSES

Defendants incorporate by reference the denials and admissions set forth above and assert the following affirmative defenses. Defendants do not intend to assume the burden of proof with respect to those matters as to which Plaintiff bears the burden. This statement of defenses is based on Defendants' investigation to date, and Defendants reserve the right to supplement, amend, or withdraw their defenses during the course of litigation as new information is learned.

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

SKAT's claims are barred, in whole or in part, (i) by the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, (ii) the Revenue Rule, and/or (iii) the Penal Law Rule.

### Third Affirmative Defense

SKAT's claims are barred, in whole or in part, because at all relevant times Defendants acted in good faith and without intent to defraud and did not make any material misstatements or omissions and because Defendants did not commit any act that constituted substantial assistance to any fraud.

### Fourth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Newsong Plan was entitled to the withholding tax refunds at issue.

-11-

### Fifth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Sixth Affirmative Defense

SKAT's claims are barred, in whole or in part, because Defendants never authorized the pursuit or filing of any fraudulent refund claims.

### Seventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because Defendants did not receive the amounts Plaintiff alleges it paid out in withholding tax refunds.

### Eighth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, and/or estoppel.

### Ninth Affirmative Defense

SKAT's claims are barred, in whole or in part, due to the failure to join necessary or indispensable parties.

### Tenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Court does not have jurisdiction over Skatteforvaltningen's claims as Skatteforvaltningen lacks standing under Article III of the U.S. Constitution.

### Eleventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because Skatteforvaltningen does not have authority to pursue its claims.

### Twelfth Affirmative Defense

SKAT's claims are barred, in whole or in part, because SKAT failed to exhaust administrative remedies and other legal remedies available to it and because the issues presented in this action are the subject of a collateral proceeding in Denmark.

### Thirteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of Plaintiff's own culpable conduct, including but not limited to contributory negligence and assumption of the risk, and/or the negligent, wrongful, or unauthorized acts of Plaintiff or others, for which Defendants are not liable.

### Fourteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of ED&F's conduct, and ED&F should be liable to SKAT.

### Fifteenth Affirmative Defense

SKAT's claims are barred or limited because any harm to SKAT was caused by the actions of third parties over whom Defendants had no control, and Defendants intend to apportion fault to such third parties.

### Sixteenth Affirmative Defense

SKAT's claims are barred because of collateral estoppel and or res judicata.

### JURY DEMAND

The Newsong Plan and Mitchell demand a jury trial on all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, the Newsong Plan and Mitchell respectfully request that this Court enter judgment in their favor and against SKAT as follows:

1. Enter judgment in favor of the Newsong Plan and Mitchell and against SKAT on each count of the complaint and dismiss all of SKAT's claims against the Newsong Plan and Mitchell, with prejudice;

2. Award the Newsong Plan and Mitchell their attorneys' fees and costs; and

3. Grant such other preliminary, permanent, compensatory, or punitive relief against SKAT in favor of the Newsong Plan and/or Mitchell as the Court deems just and proper.

July 29, 2019	Respectfully submitted,

K&L GATES LLP,


*/s/ John C. Blessington*
John C. Blessington (*pro hac vice*)
 john.blessington@klgates.com
Brandon R. Dillman (*pro hac vice*)
 brandon.dillman@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
T: 617.261.3100
F: 617.261.3175

*Attorneys for Defendants Newsong Fellowship Church 401k Plan and Alexander Jamie Mitchell III*