# Exhibit 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION<br>OF THE KINGDOM OF DENMARK<br>(SKATTEFORVALTNINGEN) TAX REFUND<br>SCHEME LITIGATION<br><br>This document relates to:    18-cv-09797 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

## DW CONSTRUCTION, INC. RETIREMENT PLAN AND STACEY KAMINER'S ANSWER TO THE COMPLAINT AND DW CONSTRUCTION, INC. RETIREMENT PLAN'S COUNTERCLAIMS AGAINST SKATTEFORVALTNINGEN

Defendants DW Construction, Inc. Retirement Plan ("the DW Construction Plan") and Stacey Kaminer ("Kaminer") (together, "Defendants") deny any wrongdoing in relation to the DW Construction Plan's requests for refunds of dividend-withholding tax. Plaintiff Skatteforvaltningen ("SKAT") commenced this litigation on the baseless presumption that Defendants were somehow involved in a scheme to defraud Denmark out of billions of dollars in tax revenue. SKAT has alleged that the DW Construction Plan did not hold the securities it represented to SKAT that it owned and had no dividend tax withheld. These allegations are false, and the facts will show that the DW Construction Plan was entitled to the withholding taxes SKAT refunded.

Further, SKAT failed to pay a dividend-withholding tax refund owed to the DW Construction Plan despite SKAT's obligations to do so under the U.S.-Denmark Tax Treaty, its own course of conduct, and its own practices, policies, and procedures. The Court should now order SKAT to pay the amounts it owes to the DW Construction Plan.

Case 1:18-md-02865-LAK   Document 864-1   Filed 02/24/21   Page 3 of 4

## ANSWER TO COMPLAINT

This answer is based on Defendants' investigations to date. Defendants reserve the right to supplement or amend this answer during this litigation as new information is learned. Defendants deny any allegation not specifically admitted in this answer. To the extent that the headings of Plaintiff's complaint require a response, they are hereby denied. By filing this answer in the United States District Court for the Southern District of New York, Defendants do not waive their right to have SKAT's claims and the DW Construction Plan's counterclaims transferred to the United States District Court for the District of Utah for purposes of trial. Defendants demand a jury trial on all issues so triable. Defendants hereby answer SKAT's complaint as follows:

### INTRODUCTION

1. Defendants admit the allegations in paragraph 1 at the time of the filing of the complaint but deny the allegations in paragraph 1 as of the date of this answer.

2. Defendants deny the allegations in paragraph 2.

3. Defendants deny any allegations in the first sentence of paragraph 3 with respect to themselves and lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 3 and therefore deny them. The remainder of paragraph 3 states legal conclusions to which no response is required, but to the extent any further response is required, Defendants deny the allegations in paragraph 3.

4. Defendants lack knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 4 and therefore deny them, except Defendants admit that reclaim applications were submitted to SKAT, on behalf of the DW Construction Plan,

claiming repayments of tax withheld on shares of Danish companies. Defendants deny the remaining allegations in paragraph 4.

5.      Defendants deny the allegations in paragraph 5 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore deny them.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and therefore deny them. Defendants deny the remaining allegations in paragraph 6 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations with respect to others.

7.      Defendants deny the allegations in paragraph 7 with respect to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore deny them.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny them, except Defendants admit that SKAT stopped paying claims for refunds of dividend-withholding tax for the DW Construction Plan in August 2015.

9.      Defendants deny the allegations in paragraph 9 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9 and therefore deny them.

10.      Defendants deny the allegations in paragraph 10 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 10 and therefore deny them.

11.     Defendants deny the allegations in paragraph 11 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11 and therefore deny them.

12.     Defendants deny the allegations in paragraph 12 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 12 and therefore deny them.

13.     Defendants deny the allegations in paragraph 13.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1 and therefore deny them.

### JURISDICTION & VENUE

14.     Paragraph 14 states a legal conclusion to which no response is required.

15.     Paragraph 15 states a legal conclusion to which no response is required.

### PARTIES

16.     Defendants admit the allegations in the first sentence of paragraph 16 were true as of the date of the complaint but deny them as of the date of this answer.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore deny them.

17.     Defendants admit the allegations of paragraph 17 except to the extent the allegations suggest the DW Construction Plan is not a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and a resident of the United States of America for U.S. tax purposes.  Defendants further state that the DW Construction Plan is a pension plan qualified under section 401(a) of the United

States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and that it is a resident of the United States of America for U.S. tax purposes.  Defendants further admit that the DW Construction Plan listed its address as 5532 Lillehammer Lane, Suite 103, Park City, Utah 84098, USA for tax refund requests.  Defendants further admit that each member of the DW Construction Plan is a citizen of the United States.

18.     Defendants admit the allegations in the first sentence in paragraph 18, stating further that Kaminer resides in the State of Utah and is a citizen of the United States.  Defendants deny the allegations in the second sentence in paragraph 18.  The third sentence of paragraph 18 states legal conclusions to which no response is required.  To the extent any further response is required, Defendants deny the remaining allegations in paragraph 18.

### AS TO SKAT'S FACTUAL ALLEGATIONS

19.     Paragraph 19 states a legal conclusion to which no response is required.

20.     Paragraph 20 states a legal conclusion to which no response is required.

21.     Paragraph 21 states a legal conclusion to which no response is required.

22.     Paragraph 22 states a legal conclusion to which no response is required.  To the extent a response to footnote 2 is required, Defendants deny the assertion in footnote 2.

23.     Defendants admit the allegations of paragraph 23 as to the DW Construction Plan except to the extent the allegations suggest that the DW Construction Plan's representations were not truthful.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore deny them.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny them.

25.     Defendants lack knowledge or information sufficient to form a belief regarding SKAT's purported investigation or what SKAT "determined," but Defendants deny that those things SKAT purportedly "determined" with respect to Defendants are true.  Defendants deny the remainder of the allegations in paragraph 25 with respect to themselves and lack knowledge or information sufficient to form a belief to the remaining allegations in paragraph 25 and therefore deny them.

26.     Defendants deny the allegations in paragraph 26 with respect to themselves and lack knowledge or information sufficient to form a belief to the remaining allegations in paragraph 26 and therefore deny them.

27.     Defendants deny the allegations in paragraph 27 with respect to themselves and lack knowledge or information sufficient to form a belief to the remaining allegations in paragraph 27 and therefore deny them.

28.     Defendants admit that documents as described in subsections (a)–(e) of paragraph 28 were submitted to SKAT on the DW Construction Plan's behalf.  Defendants deny the remaining allegations in paragraph 28.

29.     Defendants deny the allegations in paragraph 29 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore deny them.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny them.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny them.

32.     Defendants lack knowledge or information sufficient to form a belief regarding what SKAT "determined," but Defendants deny that those things SKAT purportedly "determined" with respect to Defendants are true.  Defendants admit they are in the United States.  Defendants deny the remainder of the allegations in paragraph 32 with respect to themselves and lack knowledge or information sufficient to form a belief to the remaining allegations in paragraph 32 and therefore deny them.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.  Defendants further state that the DW Construction Plan submitted withholding-tax refund claims to SKAT through Goal Taxback Limited and that, on information and belief, those applications included the documentation described in paragraph 28 of Plaintiff's complaint.

34.     Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the DW Construction Plan.  Defendants admit that the DW Construction Plan represented that Kaminer had the authority to act on the DW Construction Plan's behalf with respect to its withholding-tax refund claims.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore deny them.

35.     Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the DW Construction Plan.  Defendants admit that the DW Construction Plan represented that Goal Taxback Limited was its agent and had authority to act on its behalf with respect to the DW Construction Plan's withholding-tax refund claims.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore deny them.

36.     Defendants admit that withholding-tax refund claims were submitted to SKAT on the DW Construction Plan's behalf in which the DW Construction Plan described its shareholdings in and receipt of dividends from Danish companies.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore deny them.  Defendants further state that an additional withholding-tax refund claim was submitted to Plaintiff on the DW Construction Plan's behalf in August 2015.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the DW Construction Plan.  Defendants deny SKAT made payments to the DW Construction Plan but rather admits, on information and belief, that Goal Taxback received payments from Denmark and/or SKAT.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore deny them.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore deny them.  Defendants admit Kaminer executed a power of attorney authorizing Goal Taxback Limited to act on behalf of the DW Construction Plan with respect to the DW Construction Plan's withholding-tax refund claims.

40.     Defendants admit that a power of attorney, which speaks for itself, was to accompany withholding-tax refund claims that were submitted to SKAT on the DW Construction Plan's behalf.  Defendants deny the remaining allegations in paragraph 40.

41.     Defendants deny that they submitted fraudulent withholding-tax refund claims. Defendants deny that the DW Construction Plan pretended to own shares in Danish companies. Defendants deny Kaminer signed powers of attorney for at least eight U.S. pension plans.

Kaminer admits that she has signed power of attorney documents for other U.S. pension plans but denies that those other pension plans fraudulently requested tax refunds from SKAT. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and therefore deny them.

42.     Defendants admit withholding-tax refund claims were submitted to SKAT using an address of 5532 Lillehammer Lane, Suite 103, Park City, Utah, 84098. The remainder of the allegations in paragraph 42 state legal conclusions to which no response is required, but to the extent any further response is required, Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them.

44.     Defendants deny the allegations in paragraph 44 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them. Defendants admit Goal Taxback was authorized to submit withholding tax refund applications for the DW Construction Plan.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore deny them.

46.     Any "claim form," as described in paragraph 46, speaks for itself. Defendants admit that certain claim forms were submitted to SKAT on the DW Construction Plan's behalf. Defendants deny the remainder of the allegations of paragraph 46.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 47 and therefore deny them. Defendants deny the remaining allegations in paragraph 47 with respect to themselves and lack knowledge or

information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them.

48.    Defendants admit that "tax vouchers," which speak for themselves, were submitted to SKAT on the DW Construction Plan's behalf. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore deny them.

49.    Defendants admit that "tax vouchers," which speak for themselves, were submitted to SKAT on the DW Construction Plan's behalf. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49.

50.    Defendants deny the allegations in paragraph 50.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore deny them.

### AS TO PLAINTIFF'S CAUSES OF ACTION

### <u>COUNT I</u>
### (Fraud – Against Both Defendants)

52.    Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

53.    Defendants deny the allegations in paragraph 53.

54.    Defendants deny the allegations in paragraph 54.

55.    Defendants deny the allegations in paragraph 55.

56.    Defendants deny the allegations in paragraph 56.

## COUNT II
### (Aiding and Abetting Fraud – Against Both Defendants)

57.      Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

58.      Defendants deny the allegations in paragraph 58.

59.      Defendants deny the allegations in paragraph 59.

60.      Defendants deny the allegations in paragraph 60.

61.      Defendants deny the allegations in paragraph 61.

62.      Defendants deny the allegations in paragraph 62.

63.      Defendants deny the allegations in paragraph 63.

## COUNT III
### (Unjust Enrichment – Against Both Defendants)

64.      Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

65.      Paragraph 65 states a legal conclusion to which no response is required.  To the extent any further response is required, Defendants deny the allegations in paragraph 65.

66.      Defendants deny the allegations in paragraph 66.

67.      Defendants deny the allegations in paragraph 67.

68.      Defendants deny the allegations in paragraph 68.

## COUNT IV
### (Money Had & Received – Against Both Defendants)

69.      Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

70.      Defendants deny the allegations in paragraph 70.

71.      Defendants deny the allegations in paragraph 71.

## COUNT V
### (Negligent Misrepresentation – Against Both Defendants)

72.     Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

73.     Paragraph 73 states legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in paragraph 73.

74.     Paragraph 74 states legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in paragraph 74.

75.     Paragraph 75 states legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in paragraph 75.

76.     Paragraph 76 states legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in paragraph 76.

77.     Paragraph 77 states legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in paragraph 77.

### AS TO PLAINTIFF'S REQUEST FOR RELIEF

The remainder of the complaint sets forth SKAT's prayers for relief, to which no response is required.  To the extent that a response is required, Defendants deny that SKAT is entitled to the relief it seeks and prays that the Court dismiss SKAT's claims and order such other relief as the Court deems just and necessary.

\* \* \*

### AFFIRMATIVE DEFENSES

Defendants incorporate by reference the denials and admissions set forth above and assert the following affirmative defenses.  Defendants do not intend to assume the burden of proof with

respect to those matters as to which Plaintiff bears the burden. This statement of defenses is based on Defendants' investigation to date, and Defendants reserve the right to supplement, amend, or withdraw their defenses during the course of litigation as new information is learned.

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

SKAT's claims are barred, in whole or in part, (i) by the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, (ii) the Revenue Rule, and/or (iii) the Penal Law Rule.

### Third Affirmative Defense

SKAT's claims are barred, in whole or in part, because at all relevant times Defendants acted in good faith and without intent to defraud and did not make any material misstatements or omissions and because Defendants did not commit any act that constituted substantial assistance to any fraud.

### Fourth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the DW Construction Plan was entitled to the withholding tax refunds at issue.

### Fifth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Sixth Affirmative Defense

SKAT's claims are barred, in whole or in part, because Defendants never authorized the pursuit or filing of any fraudulent refund claims.

### Seventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because Defendants did not receive the amounts Plaintiff alleges it paid out in withholding tax refunds.

### Eighth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, and/or estoppel.

### Ninth Affirmative Defense

SKAT's claims are barred, in whole or in part, due to the failure to join necessary or indispensable parties.

### Tenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Court does not have jurisdiction over Skatteforvaltningen's claims as Skatteforvaltningen lacks standing under Article III of the U.S. Constitution.

### Eleventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because Skatteforvaltningen does not have authority to pursue its claims.

### Twelfth Affirmative Defense

SKAT's claims are barred, in whole or in part, because SKAT failed to exhaust administrative remedies and other legal remedies available to it and because the issues presented in this action are the subject of a collateral proceeding in Denmark.

### Thirteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of Plaintiff's own culpable conduct, including but not limited to contributory negligence and assumption of the risk, and/or the negligent, wrongful, or unauthorized acts of Plaintiff or others, for which Defendants are not liable.

### Fourteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of ED&F's conduct, and ED&F should be liable to SKAT.

### Fifteenth Affirmative Defense

SKAT's claims are barred or limited because any harm to SKAT was caused by the actions of third parties over whom Defendants had no control, and Defendants intend to apportion fault to such third parties.

### Sixteenth Affirmative Defense

SKAT's claims are barred because of collateral estoppel and or res judicata.

\* \* \*

### DW CONSTRUCTION, INC. RETIREMENT PLAN'S
### COUNTERCLAIMS AGAINST PLAINTIFF SKATTEFORVALTNINGEN

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim-Plaintiff DW Construction, Inc. Retirement Plan ("the DW Construction Plan") brings the following counterclaims against Plaintiff/Counterclaim-Defendant Skatteforvaltningen ("SKAT") based on its refusal to reimburse the DW Construction Plan for the dividend-withholding tax owed pursuant to the double-taxation treaty between Denmark and the United States.[1]  By bringing these counterclaims, the DW Construction Plan does not waive any arguments in support of dismissal of this action or in the collateral proceedings in Denmark.

As set forth more fully below, SKAT refuses to refund dividend-withholding tax to the DW Construction Plan despite SKAT's prior course of conduct and its own polices, practices and procedures — and in clear contravention of the U.S.-Denmark Tax Treaty.  Thus, as and for its counterclaims against SKAT, the DW Construction Plan alleges as follows:

### PARTIES

1.      The DW Construction Plan is a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and

---

[1] Convention and Protocol Amending the Convention between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, U.S.-Den., art. 10 (3)(c) and 22(2)(e), May 6, 1948, Treaty Doc. No. 106-12 (effective date Jan. 1, 2001) (the "U.S.-Denmark Tax Treaty").

Case 1:18-md-02865-LAK   Document 182-3   Filed 08/19/19   Page 17 of 25

resident of the United States of America for purposes of U.S. taxation.  The DW Construction Plan is located at 5532 Lillehammer Lane, Suite 103, Park City, Utah 84098.

2.      At all relevant times herein, SKAT was the Danish government agency charged with the assessment and collection of Danish taxes.

## JURISDICTION AND VENUE

3.      The Court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the civil action is between a foreign state and U.S. citizens.

4.      The Court has supplemental jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367 because the counterclaims form part of the same case or controversy as SKAT's claims.

5.      The Court has personal jurisdiction over SKAT pursuant to 28 U.S.C. §§ 1605 and 1607 because SKAT has waived its sovereign immunity, if any, and because these counterclaims arise out of the transactions and occurrences set forth in SKAT's complaint.

6.      These counterclaims are properly venued for purposes of trial in the United States District Court for the District of Utah because the factual allegations set forth in these counterclaims arise out of the same transactions and occurrences set forth in SKAT's complaint. These counterclaims are properly venued for pretrial purposes in the United States District Court for the Southern District of New York because this action was transferred to this Court pursuant to 28 U.S.C. § 1407.  By asserting that venue is proper in the United States District Court for the Southern District of New York for purposes of pretrial proceedings with respect to its counterclaims, the DW Construction Plan does not waive its right to have SKAT's claims and

these counterclaims transferred to the United States District Court for the District of Utah for purposes of trial.

## STATEMENT OF FACTS

**A. Pursuant to the U.S.-Denmark Tax Treaty, a U.S. pension plan that receives a dividend on shares of a Danish company is entitled to 100% of the dividend.**

7.      At all relevant times herein, Danish law required Danish companies to withhold and report to SKAT 27% of the dividends Danish companies distribute to their respective shareholders.

8.      Pursuant to the U.S.-Denmark Tax Treaty, Denmark cannot tax dividends paid to a U.S. pension plan by a Danish company.

9.      At all relevant times, SKAT served the Danish government as the agency responsible for refunding dividend-withholding taxes, including refunds of dividend-withholding taxes owed to U.S. pension plans.

**B. Until 2015, SKAT paid dividend-withholding tax refund claims that included the required supporting documentation, including claims made on behalf of the DW Construction Plan.**

10.      SKAT created the process by which U.S. pension plans could apply for a refund of dividend-withholding taxes.

11.      Pursuant to that process, SKAT paid dividend-withholding tax claims that included the following supporting documentation (the "Supporting Documentation"):

   a. Form 06.003, entitled "Claim to Relief from Danish Dividend Tax," which was a SKAT-issued form identifying, among other things, the U.S. pension plan claiming the refund and the amount of the refund claim;

   b. A "tax voucher" (also known as a "credit advice") describing, among other things, the U.S. pension plan's shareholdings, the amount of the dividend received by the U.S. pension plan, and the amount of dividend tax withheld;

Case 1:18-md-02865-LAK Document 182-3 Filed 02/28/19 Page 19 of 25

    c.  A statement from the IRS certifying the U.S. pension plan's tax-exempt status; and

    d.  A signed power of attorney from the U.S. pension plan's representative authorizing a designated payment agent to submit withholding tax refund forms on behalf of the claimant.

12.    SKAT routinely refunded dividend-withholding taxes that included the Supporting Documentation. On information and belief, SKAT did so pursuant to its own policies and procedures and the requirements of the U.S.-Denmark Tax Treaty.

13.    In 2014 and 2015, the DW Construction Plan submitted eight dividend-withholding-tax refund claims to SKAT through Goal Taxback Limited ("Goal Taxback") in relation to the dividends net of withholding tax that the DW Construction Plan received based on its holding and ownership of stock in Danish companies on the dates necessary to be paid those dividends.

14.    ED&F Man Capital Markets Ltd. ("ED&F"), the DW Construction Plan's broker and custodian, provided tax vouchers for each of the DW Construction Plan's withholding-tax refund claims.

15.    For all the DW Construction Plan's withholding-tax refund claims, the DW Construction Plan relied on the reputation and integrity of ED&F and reasonably believed that ED&F would only create legitimate records of the DW Construction Plan's shareholding, dividend receipts, and withheld taxes.

16.    SKAT refunded dividend-withholding taxes to the DW Construction Plan for seven of the eight refund applications submitted on behalf of the DW Construction Plan.

17.    In August 2015, however, SKAT stopped paying dividend-withholding tax refund requests, even those that contained the required Supporting Documentation.

18.     At that time, one dividend-withholding tax refund claim submitted to SKAT by Goal Taxback on behalf of the DW Construction Plan remained pending.

**C. SKAT wrongfully refuses to process the unpaid claim and owes the DW Construction Plan withheld dividend taxes.**

19.     TDC, a Danish company, announced its intention to issue dividend payments to its shareholders, with a record date of August 11, 2015 and a pay date of August 12, 2015.

20.     On August 11, 2015, which was the applicable TDC-dividend record date, the DW Construction Plan, through its brokerage account with ED&F, held and owned 4,007,178 TDC shares.

21.     For the August 2015 TDC dividend payment, TDC paid DKK 1.00 for each TDC share held and owned by its shareholders, including the DW Construction Plan.

22.     On information and belief, in accordance with Danish tax law, TDC withheld and paid to SKAT 27% of the total dividend owed to the DW Construction Plan.

23.     The DW Construction Plan, through its brokerage account with ED&F, received DKK 2,925,239.94, which, to its knowledge and belief and according to information provided by ED&F, constituted the dividend payment owed to the DW Construction Plan for its holding and ownership of 4,007,178 TDC shares on August 11, 2015 net the applicable 27% dividend-withholding tax.

24.     The 27% dividend-withholding tax in relation to the DW Construction Plan's holding and ownership of 4,007,178 TDC shares on August 11, 2015 was DKK 1,081,938.06, which, as of July 29, 2019 equals approximately USD $161,536.33 (the "Unpaid Refund").[2]

---

[2] This conversion is based on an exchange rate of approximately 1.00 USD to 6.6978 DKK, which, on information and belief is the exchange rate on July 29, 2019.

25.     On information and belief, SKAT received at least the amount of the Unpaid Refund from TDC in the form of dividend-withholding taxes in connection with TDC's August 2015 dividend payment to the DW Construction Plan.

26.     ED&F Man confirmed the DW Construction Plan's holding and ownership of 4,007,178 TDC shares over the dividend date with a tax voucher (the "2015 Tax Voucher") that ED&F provided to the DW Construction Plan, stating:

---

## Tax Voucher

We ED&F Man Capital Markets Ltd, based at Cotton's Centre, Hays Lane, London SE1 2QE and registered in the United Kingdom – confirm, DW CONSTRUCTION INC RETIREMENT PLAN - 5532 Lillehammer Lane, Suite 103, Park City, Utah, 84098, USA, was holding the below security over the dividend date.

| | |
|---|---|
| Security Description: | TDC A/S |
| ISIN: | DK0060228559 |
| SEDOL: | 5698790 |
| Ex Date: | 10/08/2015 |
| Record Date: | 11/08/2015 |
| Pay Date: | 12/08/2015 |
| Quantity: | 4,007,178.00 |
| Gross Div Rate: | 1 |
| Amount Received: | 2,925,239.94 |
| WHT Suffered: | 1,081,938.06 |
| Currency | DKK |
| WHT %: | 27% |

ED&F Man Capital Markets Limited has no beneficial interest in the holding and will not be reclaiming the tax. The dividends specified on this credit advice were paid net of withholding tax to DW CONSTRUCTION INC RETIREMENT PLAN. If you have any further concerns or issues please do not hesitate to contact us.

AUTHORISED SIGNATORY

Christina MacKinnon

Head of Securities Operations

---

27.     The 2015 Tax Voucher also described the DW Construction Plan's receipt of the dividend and the withholding tax suffered in relation to the DW Construction Plan's holding and ownership of 4,007,178 TDC shares.

28.     Shortly after ED&F issued the 2015 Tax Voucher, Goal Taxback submitted a dividend-withholding tax refund application for the Unpaid Refund on the DW Construction Plan's behalf.

29.     The information in the application submitted to SKAT by Goal Taxback in support of the Unpaid Refund was, to the best of the DW Construction Plan's knowledge, truthful and accurate and provided sufficient information for SKAT to pay the Unpaid Refund.

30.     Nevertheless, despite SKAT's prior course of conduct and its practices, policies, and procedures, SKAT refused to pay the Unpaid Refund to the DW Construction Plan in contravention of the U.S.-Denmark Tax Treaty.

31.     SKAT continues to knowingly possess the Unpaid Refund and refuses to pay the Unpaid Refund to the DW Construction Plan.

32.     On information and belief, SKAT has not paid any dividend withholding-tax claims to anyone since before August 2015.

## COUNT I
## Unjust Enrichment

33.     The DW Construction Plan repeats and realleges paragraphs 1 through 32 of its counterclaims as though set forth fully herein.

34.     The DW Construction Plan is entitled to the Unpaid Refund pursuant to the U.S.-Denmark Tax Treaty.

35.     Despite SKAT's prior course of conduct and its practices, policies, and procedures, SKAT has refused to pay and knowingly possesses the Unpaid Refund in contravention of the U.S.-Denmark Tax Treaty.

36.     By retaining the Unpaid Refund to which the DW Construction Plan is entitled, SKAT has been unjustly enriched.

37.     The DW Construction Plan has suffered a loss because of SKAT's unjust enrichment.

38.     SKAT is liable to account and pay to the DW Construction Plan the Unpaid Refund, plus interest.

## COUNT II
## Promissory Estoppel

39.     The DW Construction Plan repeats and realleges paragraphs 1 through 32 of its counterclaims as though set forth fully herein.

40.     SKAT created the process by which it would receive, review, and either deny or accept applications for dividend-withholding taxes pursuant to the U.S.-Denmark Tax Treaty.

41.     Pursuant to that process, and as evidenced by SKAT's prior course of conduct, its practices, policies, and procedures — and in accordance with the U.S.-Denmark Tax Treaty — SKAT promised to pay all dividend-withholding tax refund requests that were supported by what it deemed to be sufficient Supporting Documentation.

42.     SKAT should — and, on information and belief, did — reasonably expect its promises to induce the DW Construction Plan and other similarly-situated U.S. pension plans to (i) invest in Danish companies issuing dividends and (ii) submit withholding-tax refund claims with sufficient Supporting Documentation.

43. The DW Construction Plan acted with prudence and in reasonable reliance on SKAT's promise and invested in TDC on or before August 2015 through its account with ED&F.

44. The DW Construction Plan further acted with prudence and in reasonable reliance on SKAT's promises and, with the assistance of ED&F and Goal Taxback, provided SKAT with sufficient Supporting Documentation for the Unpaid Refund.

45. SKAT should have known — and, on information and belief, in fact knew — that the DW Construction Plan had relied on SKAT's promise.

46. At the time of the DW Construction Plan's Unpaid Refund claim, SKAT, on information and belief, knew all important and material facts concerning the DW Construction Plan's refund claim, including that (i) the U.S.-Denmark Tax Treaty allowed U.S. pension plans to recover dividend-withholding tax; (ii) its own practices, policies, and procedures only required the submission of the Supporting Documentation; and (iii) based on the Supporting Documentation, the DW Construction Plan held and owned TDC shares on the applicable record date, that the DW Construction Plan received dividends net withholding tax, and that the DW Construction Plan is entitled to the Unpaid Refund.

47. SKAT failed to fulfill its promise by failing to pay the Unpaid Refund to the DW Construction Plan.

48. Because of the DW Construction Plan's reliance on SKAT's promise and SKAT's failure to pay the Unpaid Refund, it has been damaged at least in the amount of the Unpaid Refund, plus interest.

## JURY DEMAND

The DW Construction Plan and Kaminer demand a jury trial on all issues so triable.

Case 1:18-md-02865-LAK Document 1823-1 Filed 08/19/19 Page 25 of 25

## **REQUEST FOR RELIEF**

WHEREFORE, the DW Construction Plan and Kaminer respectfully request that this

Court enter judgment in their favor and against SKAT as follows:

1. Enter judgment in favor of the DW Construction Plan and Kaminer and against SKAT on each count of the complaint and dismiss all of SKAT's claims against the DW Construction Plan and Kaminer, with prejudice;

2. Enter judgment in favor of the DW Construction Plan on its counterclaims against SKAT;

3. Award the DW Construction Plan the amount it was damaged and/or to which it is entitled, including but not limited to, the Unpaid Refund, together with pre-judgment interest, fees, costs, and expenses;

4. Award the DW Construction Plan and Kaminer their attorneys' fees and costs; and

5. Grant such other preliminary, permanent, compensatory, or punitive relief against SKAT in favor of the DW Construction Plan and/or Kaminer as the Court deems just and proper.

July 29, 2019                    Respectfully submitted,

                               K&L GATES LLP,


                               /s/ John C. Blessington
                               John C. Blessington (*pro hac vice*)
                                john.blessington@klgates.com
                               Brandon R. Dillman (*pro hac vice*)
                                brandon.dillman@klgates.com
                               K&L GATES LLP
                               State Street Financial Center
                               One Lincoln Street
                               Boston, MA  02111
                               T: 617.261.3100
                               F: 617.261.3175

                               *Attorneys for Defendants DW Construction, Inc.*
                               *Retirement Plan and Stacey Kaminer*