# Exhibit 9



SKAT

AntiFraud Unit SK3

Danish Customs and
Tax Administration

Kratbjerg 236
3480 Fredensborg
Denmark

www.skat.dk

Date: October 28, 2016

Captia Nos.:15-2943852
             15-2930642

TIN:      13-3865149

Riverside Associates Defined Benefit Plan
5532 Lillehammer Lane, Suite 103
Park City
UT 84098
USA

**Decision: Refusal of applications for dividend tax reimbursement**

As agent and on behalf of Riverside Associates Defined Benefit Plan (RIVERSIDE), Goal Tax-Back Limited has forwarded applications dated July 20, 2015, and August 13, 2015, requesting reimbursement of withheld dividend tax, totaling DKK 826.875.

On July 28, 2016, SKAT forwarded the proposal for decision.

SKAT has not received comments on the forwarded proposal, whereby SKAT issues its decision in conformity therewith.

## SKAT's decision

SKAT shall upon application from the taxpayer reimburse withheld dividend tax that exceeds the final tax in accordance to a double taxation agreement.

SKAT cannot accommodate RIVERSIDE's applications for reimbursement of withheld dividend tax for Danish shares, because:

- RIVERSIDE has not documented the purchase of the shares underlying its dividend tax reimbursement request, and has also not shown that the applicable shares are part of a borrowing agreement.

- RIVERSIDE has not documented ownership on the dividend date for the traded shares underlying the dividend tax reimbursement request.

- RIVERSIDE has not documented that the company received the dividend or that the withheld dividend tax concerned the applicable shares underlying its dividend tax reimbursement request.

- RIVERSIDE has not presented relevant information.

RIVERSIDE thus does not meet the requirements for reimbursement of withheld dividend tax on Danish shares, cf., Article 10 in the Double Taxation Agreement between Denmark and the US.

As a pension plan, RIVERSIDE lacked the necessary capital basis to engage in investments in Danish shares in the magnitude that provide the basis for these and prior applications for re-imbursement of withheld dividend tax. The applications thus cannot fall under Article 22, Section 2(e), of the Double Taxation Agreement between Denmark and the US.

SKAT can on this basis not accommodate RIVERSIDE's applications of July 20, 2015, and August 13, 2015, for reimbursement of withheld dividend tax for Danish shares in accordance with Section 69 B(1)(1) of the Income Tax Act (*kildeskatteloven*).

For further reasoning, reference is made to the case presentation and reasoning provided below.

For the sake of completeness, reference is made to the appendices that were previously for-warded with SKAT's proposal.  If the company wants these to be forwarded again, the com-pany should forward a request to SKAT.

# Case presentation and reasoning

## Contents

SKAT's decision ........................................................................................................ 1

Case presentation and reasoning ........................................................................... 3

1.    Facts .................................................................................................................. 4

1.1    The applications of July 20, 2015, and August 13, 2015 ........................... 4

1.2    SKAT's correspondence with the company .................................................. 5

1.3    Information from the IRS in the US ............................................................... 6

1.3.1    Self-reporting in the US for 2012, 2013, and 2014 (Form 5500-EZ) ................. 7

1.4    The pension plan's registration details ......................................................... 7

1.5    Information about the sole proprietorship connected to the pension plan ................. 8

1.6    Documentation for RIVERSIDE's ownership of shares etc. ......................... 9

1.7    Tax Vouchers from ED&F Man Capital Market Limited ............................. 11

1.9    Calculation of investments ........................................................................... 12

2    Legal framework ............................................................................................... 13

2.1    Consolidated laws ........................................................................................ 13

2.2    Double Taxation Agreement ........................................................................ 13

2.3    Caselaw ........................................................................................................ 13

3    SKAT's comments ............................................................................................ 14

3.1    Legal Basis ................................................................................................... 14

3.2    The applications dated July 20, 2015, and August 13, 2015 ....................... 14

3.3    The pension plan and its associated business entity ..................................... 15

3.4    Power of Attorney / representative relationship ........................................... 16

3.5    Missing or insufficient documentation ........................................................ 16

3.5.1    Missing original documents ...................................................................... 16

3.5.2    Missing documentation for ownership of the shares and the received dividends... 17

3.5.3    Missing documentation for the actual cash flow .................................... 19

3.6    Capital basis for basis ................................................................................. 20

4    SKAT's preliminary conclusion .................................................................... 21

5    The company's comments ................................................................................ 21

6    SKAT's decision .............................................................................................. 21

Appeal guidelines ................................................................................................... 22

# 1. Facts

## 1.1    The applications of July 20, 2015, and August 13, 2015

In reference to the Double Taxation Agreement between Denmark and the US, Goal Taxback Limited, as the agent for RIVERSIDE, has applied for reimbursement of withheld dividend tax in regard to the following shares: [1]

| ISIN/Shares | Ex-date | Application for Reimbursement | Net dividend | Number of Shares |
|---|---|---|---|---|
| DK0060636678 Tryg A/S | July 13, 2015 | DKK  286,875 | DKK    775,625 | 425,000 |
| DK0060228559 TDC A/S | Aug. 10, 2015 | DKK  540,000 | DKK 1,460,000 | 2,000,000 |

The following appendices were presented with the applications:

- Form 06.003 ENG, Claim to Relief from Danish Dividend Tax[2]

- Tax Vouchers from custodian ED&F Man Capital Markets Limited
  - ISIN DK0060636678, Tryg A/S[3]
  - ISIN DK0060228559, TDC A/S[4]

- FORM6166 from the IRS, Certificate of Residence in the US[5]

- RIVERSIDE'S POWER OF ATTORNEY to Goal Taxback Limited, dated February 25, 2014[6]

---

[1] Appendices 121-1A to 121-7A
  Appendices 130-1A to 130-7A
[2] Appendices 121-4A and 130-4A
[3] Appendix 121-3A
[4] Appendix 130-3A
[5] Appendices 121-5A and 130-5A
[6] Appendices 121-6A to 121-7A
  Appendices 130-6A to 130-7A

## 1.2    SKAT's correspondence with the company

On October 29, 2015, and November 10, 2015, SKAT sent letters to RIVERSIDE requesting additional information and documentation for use in SKAT's verification of the basis for the applications, including:[7]
- A description of the company and ID information
- Power of Attorney/representative situation
- Documentation for the company's acquisition of the applicable shares and receipt of share dividends underlying the reimbursement requests for withheld dividend tax.

On November 5, 2015, SKAT received an email on behalf of RIVERSIDE from Melissa-Anne Rodrigues of Goal Group of Companies applying for an extension to the deadline to answer SKAT's requests, and asking questions regarding documentation for FORM6166.[8]

On November 12, 2015, SKAT accommodated the application for an extension to the deadline, and responded to Melissa-Anne Rodrigues' questions regarding FORM6166.[9]

On December 1, 2015, and December 4, 2015, SKAT received email responses from Stacey Kaminer, on behalf of RIVERSIDE's Trustee David Schulman with these attachments:[10]
- RIVERSIDE's Defined Benefit Plan
- Documents regarding the pension plan's registration details
- Documents in which most of its text is illegible due to strikeouts concerning acquisition of the applicable shares and receipt of dividends
- Comments regarding SKAT's questions

On January 21, 2016, SKAT sent letters to RIVERSIDE about the missing documentation materials, and also requested these additional materials in that the company's responses of December 1, 2015, and December 4, 2015, were inadequate:[11]
- Description of the pension plan's underlying business activities
- Original documents regarding the acquisition of shares and receipt of dividends
- Power of Attorney/representative situation

On March 24, 2016, SKAT received an email from Stacey Kaminer on behalf of the pension plan's Trustee David Schulman:[12]
- Applying for an extension to the deadline to respond to SKAT's requests.
- Confirming the validity of the pension plan's Power of Attorney to Goal TaxBack Limited

On March 25, 2016, SKAT accommodated the application from Stacey Kaminer for an extension to the deadline. SKAT, at the same time, requested a Power of Attorney showing that Stacey Kaminer can represent RIVERSIDE.[13]

---

[7] Appendices 130-8 and 130-9
[8] Appendix 130-10
[9] Appendices 130-10-3 to 130-10-4
[10] Appendices 130-11-1 to 130-11-163
[11] Appendices 130-12-1 to 130-12-2
[12] Appendices 130-13-1 to 130-13-2
[13] Appendix 130-13-3

On April 15, 2016, SKAT received new documents by email from Stacey Kaminer on behalf of the pension plan's Trustee David Schulman, as well as comments regarding SKAT's questions: [14]

- Attachment of the pension plan's special Power of Attorney *"Attorney-in-Fact"* for Stacey Kaminer
- Information of the underlying business activities connected to the pension plan
- Attachment of new printouts of RIVERSIDE's acquisition of shares and receipt of dividends
- Comments regarding the missing original documents and the strikeouts of the text in the previously forwarded material

## 1.3    Information from the IRS in the US

SKAT has, via the competent authorities in Denmark and the US, received information from the tax authority, the Internal Revenue Service (IRS) in the US.

The tax liability declaration FORM6166 (Certification of U.S. Tax Residency) is a form that is issued by the IRS as a result of RIVERSIDE's submission of FORM8802 (Application for United States Residency Certification). The information in FORM8802 is certified but is not reviewed by the IRS when issuing FORM6166.

Due to the lack of review of the information, the following statement is included by the IRS in the tax liability declaration, FORM6166:

*"I certify that, **to best of our knowledge**, the above-named entity is a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the U.S. Internal Revenue Code, which is exempt from U.S. taxation under section 501(a), and is a resident of the United States of America for purposes of U.S. taxation."*

On March 16, 2016, the IRS forwarded by letter:
- Printout of RIVERSIDE´s Form 5500-EZ for 2013 and 2014 (self-reported)[15]

On June 13, 2016, the IRS forwarded by letter:
- Printout of RIVERSIDE´s Form 5500-EZ for 2012 (self-reported)[16]
- 2015-Instuctions for Form 5500-EZ[17]

On June 15, 2016, IRS forwarded by letter information about a link to the IRS homepage where the rules for various types of pension plans are briefly outlined:
- https://www.irs.gov/retirement-plans/plan-participant-employee/retirement-topics-contributions [18]

---

[14] Appendix 130-14
[15] Appendices 130-15-1 to 4
[16] Appendices 130-15-5 and 6
[17] Appendices 130-15-7 to 18
[18] Appendices 130-15-19 to 21

### 1.3.1   Self-reporting in the US for 2012, 2013, and 2014 (Form 5500-EZ)

RIVERSIDE's self-reporting FORM5500 "*Annual Return of one-participant (Owner and Their Spouses) Retirement Plan:* [19]

| Financial Information FORM5500 | Assets | Debts | Number of participants | Deposits |
|---|---|---|---|---|
| Dec. 31, 2011 | $ 983,251 | $0 | 1 | $0 |
| Dec. 31, 2012 | $1,569,191 | $0 | 1 | $0 |
| Dec. 31, 2013 | $1,039,640 | $0 | 1 | $0 |
| Dec. 31, 2014 | $763,315 | $0 | 1 | $0 |

In addition, the following for example is apparent about the pension company:

| | | |
|---|---|---|
| 1c: Date plan first became effective: | 01/01/1995 | |
| 1b: Plan number: | 001 | |
| 9:  Plan Characteristics 1A code: | Benefits are primarily pay related | |
|      Plan Characteristics 3D code: | Pre-accommodated pension plan: A master prototype, or volume submitter plan that is the subject of a favorable opinion or advisory letter from the IRS | |


### 1.4   The pension plan's registration details

On December 4, 2015, SKAT received by email, the following requested materials from Stacey Kaminer, regarding RIVERSIDE's registration details:

- William S. Jacobs Associates, Inc., Defined Benefit Prototype Plan and Trust [20]

- W-9 ID Number and Certification, signed by David Schulman on November 27, 2015 [21]

- Standardized Non-Integrated Defined Benefit Plan signed by David Schulman. The following information is given: [22]
  - That the business activity connected to the pension plan is a sole proprietorship by the name of David Schulman [23]
  - That the original pension plan effective from January 1, 1995, was changed by regulations that went into effect on January 1, 2010. [24]

- Acceptance letter of 03/31/2010 from the IRS stating that the pension plan, on the basis provided, is accepted under "*section 401 of the Internal Revenue Code for use by employers for the benefit of their employees.*" [25]

---

[19] Appendices 130-15-1 to 130-15-6
[20] Appendices 130-11-5 to 130-9-107
     Appendices 130-11-132 to 130-11-134
[21] Appendix 130-11-108
[22] Appendices 130-11-109 to 130-9-131
[23] Appendix 130-11-109
[24] Appendix 130-119-110
[25] Appendices 130-11-135 to 130-11-136

- Letter dated November 29, 2015 from K&L Gates LLP, stating that:
  *"the Pension Plan is a U.S. pension/retirement plan qualified under section 401(a) of the U.S. Internal Revenue Code of 1986, as amended (the "IRC") and is therefor, exempt from U.S. income taxation under section 501(a) of the Code. ....*
  *Accordingly, the Pension Plan is a resident of the United States of America for purposes of U.S. taxation and entitled to the benefits of the Denmark-United States 1999 Income Tax Convention and Final Protocol, as Amended."*[26]

### 1.5    Information about the sole proprietorship connected to the pension plan

The email from Stacey Kaminer sent on April 15, 2016, provides the following information regarding the business activity connected to RIVERSIDE: [27]

*"This Plan is a Defined Benefit Plan which is different from the other types of Plans that are claimants under review. As noted on the adoption agreement the plan is set up with the "Employer" being listed as a Sole Proprietor the "Employer" is an Individual, David Schulman. As a Sole Proprietor there is only one "Employee". The individual, as stated David Schulman. The business number for the Plan is 435-604-0935. As a Sole Proprietorship there is no sector of trade.*

*David Schulman remains the trustee, along with his wife, Joan Schulman, of the Plan as noted in the adoption agreement."*

In RIVERSIDE's self-reporting in the US for 2012, 2013 and 2014 (Form 5500-EZ), the following is stated about the business activity connected to RIVERSIDE: [28]

2a: Employer´s name:
   2012, 2013, and 2014      David Schulman
   Employer´s address:
   2012      85 Old Longridge RD, Stamford, CT 06903, USA
   2013, 2014      Lillehammer Lane Ste 103, Park City,UT 84098, USA
2b: Employer´s identifications no.:   13-3865149 (EIN)
2c: Employer´s telephone no.:
   2012      (203) 329-0600
   2013, 2014      (435) 604-0935
2d: Business code 523120:   Securities brokerage

It is noteworthy that "employer" is mentioned as business activity in the US.

The listing on yellowpages.com, shows that the number provided, (435)-604-0935, is the telephone number for Acer Investments, which has the address: Lillehammer Lane, Ste 103, Park City, UT 84098. [29]

---

[26] Appendices 130-11-137 to 130-11-138
[27] Appendix 130-14-1
[28] Appendices 130-15-1 to 130-15-6
[29] Appendix 130-17

## 1.6    Documentation for RIVERSIDE's ownership of shares etc.

As documentation for RIVERSIDE's ownership of the shares and receipt of the dividends underlying its dividend tax reimbursement request, SKAT received printouts from trade activities for ED&F Man Capital Markets Ltd´s client account on December 3, 2015, and December 4, 2015. It appears that the account relates to outstanding balances between the trade activity and RIVERSIDE in **Danish kroner**.

SKAT received emails on December 3, 2015, and December 4, 2015, with the following printouts:

- Account Transaction (General Ledger) <u>07/01/2015 – 07/16/2015</u> [30]
  SKAT has only received page one of two pages.
  On page one, a large portion of the text is illegible due to strikeouts.

- Account Equity on <u>07/13/2015</u> [31]
  SKAT has only received page one of three pages.
  On page one, a large portion of the text is illegible due to strikeouts.

- Account Equity <u>07/14/2015</u> [32]
  SKAT has only received page one of three pages.
  On page one, a large portion of the text is illegible due to strikeouts.

- Account Transaction (General Ledger) <u>08/01/2015 – 08/13/2015</u> [33]
  SKAT has only received page one of two pages.
  On page one, a large portion of the text is illegible due to strikeouts.

- Account Equity on <u>08/10/2015</u> [34]
  SKAT has only received page one of three pages.
  On page one, a large portion of the text is illegible due to strikeouts.

- Account Equity <u>08/11/2015</u> [35]
  SKAT has only received page one of three pages.
  On page one, a large portion of the text is illegible due to strikeouts.

---

[30] Appendix 130-11-161
[31] Appendix 130-11-158
[32] Appendix 130-11-159
[33] Appendix 130-11-161
[34] Appendix 130-11-162
[35] Appendix 130-11-163

SKAT requested new documentation to show RIVERSIDE's ownership of shares and receipt of the share dividends, without the strikeout of text and received an email from Stacey Kaminer on April 15, 2016, with new printouts as well as the following explanation regarding the partially stuck-out text in the printouts SKAT received on December 3, 2015, and December 4, 2015: [36]

> "4. ....since EDF is unable to print a report that only includes the relevant information, i.e. information having to do with the reclaim requested on TDC and TRYG and the other equites or transactions on the report is either unrelated to TDC and TRYG or even more specifically unrelated to Danish equities or transactions I have attached the equity from the Pension accounting for the period requested without erasure or deletion.
> .... "

In the email from Stacey Kaminer on April 15, 2016, the following printouts are attached and it is informed that these printouts show equity for the requested time period without strikeouts:

- Transaction Detail By Account, January Through December 2015.[37]
  Accrual Basis – TRYG DC – General Journal 07/13/2015, Num 1066

- Transaction Detail By Account, January Through December 2015.[38]
  Accrual Basis – TRYG DC – General Journal 07/17/2015, Num 1070

- Transaction Detail By Account, January Through December 2015.[39]
  Accrual Basis – TDC 2 – General Journal, 08/13/2015, Num 1091

- Trade Reference 523887 [40]
  A copy of an internal email from July 9, 2015, showing trade activities concerning the brokerage firm's purchase of Tryg A/S shares. RIVERSIDE is listed as "Customer". The document is the same as that previously forwarded to SKAT

- Trade Reference 529228 [41]
  A copy of an internal email from August 14, 2015, showing trade activities concerning the brokerage firm's purchase of Tryg A/S shares. RIVERSIDE is listed as "Customer". The document is the same as previously forwarded to SKAT.

SKAT notes that the printouts are in **Danish kroner** and that the Journal No., name, or other identifier has not been provided showing which client the document concerns.

---

[36] Appendices 130-14-1 to 130-14-8
[37] Appendix 130-14-4
[38] Appendix 130-14-5
[39] Appendix 130-14-7
[40] Appendix 130-14-3
[41] Appendix 130-14-6

## 1.7   Tax Vouchers from ED&F Man Capital Market Limited

Together with RIVERSIDE's applications for reimbursement of withheld dividend taxes, Tax Vouchers from the brokerage firm ED&F Man Capital Markets Limited were provided, which were all signed by Christina MacKinnon, Head of Securities Operations. These confirm among other things that RIVERSIDE did not own the shares on the dividend date: [42]

> *"ED&F Man Capital Markets Limited ... - confirm, Riverside Associates Defined Benefit Plan was holding the below security over the dividend date."*

> *"ED&F Man Capital Markets Limited has no beneficial interest in the holding and will not be reclaiming the tax. The dividends specified on this credit advice were paid net of withholding tax to Riverside Associates Defined Benefit Plan."*

In the email from Stacey Kaminer on December 4, 2015, SKAT received the seventeen-page document "SECURITY AND SET-OFF DEED."  The document is a security and offsetting agreement between RIVERSIDE and ED&F Man Capital Markets Limited. The agreement was entered into on June 21, 2012, and is signed by RIVERSIDE's trustee David Schulman, and on behalf of ED&F Man Capital Markets Limited by Sharon Heath. [43]

---

[42] Appendix 121-3-A
[43] Appendices 130-11-139 to 130-11-155

1.8        Prior applications for reimbursement of withheld dividend tax

As a pension plan, RIVERSIDE has previously applied for reimbursement of withheld dividend taxes and has received a total payout of DKK 12,724,425. This payout corresponds to the company having engaged in investments yielding a dividend of at least DKK 47,127,500 for investment in Danish C20 shares alone.

The following information is shown in RIVERSIDE's prior applications:

| SKAT's bundle no. | Date of the application | Share | Number | Ex-date | Total dividend in DKK | Disbursed dividend tax DKK |
|---|---|---|---|---|---|---|
| 19414 | 03-26-2014 | TDC A/S | 2,150,000 | 03-07-2014 | 4,730,000 | 1,277,100 |
| 21814 | 04-04-2014 | Danske Bank A/S | 2,000,000 | 03-19-2014 | 4,000,000 | 1,080,000 |
| 21814 | 04-04-2014 | Novo Nordisk A/S | 2,000,000 | 03-21-2014 | 9,000,000 | 2,430,000 |
| 27814 | 04-16-2014 | TRYG A/S | 175,000 | 04-04-2014 | 4,725,000 | 1,275,750 |
| 37214 | 05-06-2014 | D/S Norden A/S | 322,500 | 04-24-2014 | 1,612,500 | 435,375 |
| 37214 | 05-28-2014 | Coloplast A/S | 850,000 | 05-09-2014 | 3,400,000 | 918,000 |
|  |  | **Total for the year 2014** |  |  | 27,467,500 | 7,416,225 |
| 25015 | 03-13-2015 | TDC A/S | 2,000,000 | 03-06-2015 | 2,000,000 | 540,000 |
| 25015 | 03-13-2015 | DSV A/S | 850,000 | 03-13-2015 | 1,360,000 | 367,200 |
| 31415 | 03-26-2015 | Pandora A/S | 300,000 | 03-19-2015 | 2,700,000 | 729,000 |
| 31415 | 03-26-2015 | Danske Bank A/S | 1,200,000 | 03-19-2015 | 6,600,000 | 1,782,000 |
| 31415 | 03-26-2015 | Novo Nordisk A/S | 1,400,000 | 03-20-2015 | 7,000,000 | 1,890,000 |
|  |  | **Total for 2014 and 2015** |  |  | **47,127,500** | **12,724,425** |

## 1.9   Calculation of investments

For the shares listed above, SKAT has estimated the acquisition amounts based upon ownership of the shares on the trading day before the ex-date.  The acquisition amounts below are thus based on calculations of the closing price on the trading date before the ex-date:

| SKAT's bundle no. | Trading date | Share | Number | Rate * | Calculated acquisiton amounts DKK |
|---|---|---|---|---|---|
| 19414 | 03-06-2014 | TDC A/S | 2,150,000 | 52.65 | 113,197,500 |
| 21814 | 03-18-2014 | Danske Bank A/S | 2,000,000 | 145.70 | 291,400,000 |
| 21814 | 03-20-2014 | Novo Nordisk A/S | 2,000,000 | 245.80 | 491,600,000 |
| 27814 | 04-03-2014 | TRYG A/S | 175,000 | 110.30 | 19,302,500 |
| 37214 | 04-23-2014 | D/S Norden A/S | 322,500 | 228.00 | 73,530,000 |
| 37214 | 05-08-2014 | Coloplast A/S | 850,000 | 468.10 | 397,885,000 |
| 25015 | 03-05-2015 | TDC A/S | 2,000,000 | 54.00 | 108,000,000 |
| 25015 | 03-12-2015 | DSV A/S | 850,000 | 219.20 | 186,320,000 |
| 31415 | 03-18-2015 | Pandora A/S | 300,000 | 614.50 | 184,350,000 |
| 31415 | 03-18-2015 | Danske Bank A/S | 1,200,000 | 175.30 | 210,360,000 |
| 31415 | 03-19-2015 | Novo Nordisk A/S | 1,400,000 | 341.90 | 478,660,000 |
| 121-3-A | 07-09-2015 | TRYG A/S | 425,000 | 137.1017 | 58,268,227 |
| 130-3-A | 08-07-2015 | TDC A/S | 2,000,000 | 50.90064 | 101,801,280 |

*The rate is identified on Euro Investor's homepage: http://www.euroinvestor.dk/

## 2   Legal framework

### 2.1   Consolidated laws

The Corporation Tax Act (*selskabsskatteloven*), Consolidated Law No. 680 of May 20, 2015:
- Section 2(1)(c) and (3)(2).

The Assessment Act (*ligningsloven*), Consolidated Law No. 1081 of September 25, 2014, with subsequent amendments:
- Section 16 A(1).

The Income Tax Act, Consolidated Law No.  1403 of December 7, 2010, with subsequent amendments:
- Section 65(1), Section 65 A(1), and 69 B(1) and (2).

### 2.2   Double Taxation Agreement

BKI No. 13 of April 14, 2000, regarding the agreement of August 19, 1999, between Denmark and the US to prevent double taxation and income tax evasion.  As amended by BKI No. 1 of February 18, 2008 by protocol of May 2, 2006:
- Articles 10 and 22.

### 2.3   Caselaw

SKM 2010.266 SR. Tax Council's binding response of January 26, 2010.

When lending shares, the Tax Council finds that the lender is still the taxable beneficial owner of the shares, whereby the dividend shall be taxed in accordance with the rules that apply to the lender, including the rules under a possible double taxation agreement between Denmark and the state where the lender is domiciled.

# 3  SKAT's comments

## 3.1  Legal Basis

A foreign company that receives a dividend from a Danish company is subject to limited tax liability to Denmark in accordance with Section 2(1)(c) of the Corporation Tax Act.

A foreign corporation with limited tax liability in Denmark must pay 27% tax on dividends, cf. Section 2(3) of the Corporation Tax Act, and thus the disbursing Danish company withholds 27%. This is stated in Section 65 of the Income Tax Act.

If the beneficial owner of the stock dividend is resident in the US, then Denmark can tax dividends disbursed by a company domiciled in Denmark at 15% of the gross amount in accordance with Article 10, Section 2(b), of the Double Taxation Agreement between Denmark and the US.

However, Denmark cannot tax dividends paid to a company domiciled in the US if the beneficial owner is a pension plan, as referenced in Article 22, Section 2(e), cf. Article 10, Section (3)(c), of the Double Taxation Agreement.

A pension plan under Article 22, Section 2(e), is a legal person, whether such person is exempt from tax or not, organized under the law of a contracting state for the purpose of providing pensions or similar benefits under a defined scheme to workers, including the self-employed, provided that more than 50 per cent of this person's beneficiaries, members or participants are natural persons resident in one of the contracting states.

For stock lending, the beneficial owner of the shares is the lender, cf. SKM 2010.266SR.

## 3.2  The applications dated July 20, 2015, and August 13, 2015

Goal Taxback Limited, applied as agent on behalf of RIVERSIDE for a refund of withheld dividend tax, citing the Double Taxation Agreement between Denmark and the US, regarding the following shares: [44]

| ISIN/Share | Ex-date | Application for reimbursement | Net dividend | Quantity Shares |
|---|---|---|---|---|
| DK0060636678 Tryg A/S | Jul 13, 2015 | DKK  286,875 | DKK   775,625 | 425,000 |
| DK0060228559 TDC A/S | Aug 10, 2015 | DKK  540,000 | DKK 1,460,000 | 2,000,000 |

---

[44] Appendices 121-3-A and 130-A

### 3.3    The pension plan and its associated business entity

FORM6166 shows that RIVERSIDE is registered as a pension plan in the US.[45]

The pension plan is an independent entity that is associated with the business entity "David Schulman", which is a sole proprietorship.[46]

Pension funds for sole proprietorships are established for the purpose of enabling the owner of the business and his/her spouse to save for the pension.

Pension funds must file a separate tax returns and must have their own bank account for the sake of the required separation of assets between pension plan and employer (business entity).[47]

There are discrepancies in the employer information in that:

- In RIVERSIDE's US tax returns for 2012, 2013 and 2014, it is stated in field 2d that the employer has business code 523120.[48] According to the IRS Instructions for Form 5500-EZ, this business code includes *"Securities Brokerage"*.[49]

  However, the April 15, 2016, email from Stacey Kaminer, states that there is no industry code for the sole proprietorship ("… *As a Sole Proprietorship there is no sector of trade").[50]*

- In RIVERSIDE's US tax returns for 2012, 2013 and 2014, it is stated in field 2c that the employer´s telephone number is (435) 604-0935.[51]
  In the email of April 15, 2016, from Stacey Kaminer, the same number is stated as "*The business number for the Plan is 435-604-0935."[52]*

  SKAT has conducted a search on google, which shows that the stated number is a phone number belonging to the company Acer Investment.
  According to yellowpage.com, Acer Investment is located at 103 Lillehammer Lane, Ste 103, Park City, UT 84098, USA, which is the same address as RIVERSIDE and the sole proprietorship David Schulman.[53]

  It was not possible to find information about the pension plan or the pension plan's employer David Schulman via an internet search. Nor was it possible for SKAT to find information on the Internet regarding that could confirm David Schulman at the stated address 5532 Lillehammer Lane, Ste 103, Park City, UT 84098, USA, neither an individual person nor as an employer.

---

[45] Appendix 130-5-A
[46] Appendix 130-11-109
[47] Appendices 130-15-19 to 130-15-21
[48] Appendix 130-15-1
[49] Appendix 130-15-17
[50] Appendix 130-14-1
[51] Appendix 130-15-1
[52] Appendix 130-14-1
[53] Appendix 130-17

SKAT finds that the information provided by Stacey Kaminer is misleading in several important respects and that it is not possible to find information via an internet search regarding either the employer or RIVERSIDE, or regarding Trustee Joan Schulman & David Schulman.

## 3.4    Power of Attorney / representative relationship

The applications from Goal Taxback Limited of July 20, 2015, and August 13, 2015, respectively, included an attached copy of the Power of Attorney from RIVERSIDE to Goal TaxBack Limited dated February 25, 2014.[54]

SKAT has requested RIVERSIDE to indicate whether this Power of Attorney is still valid.

Stacey Kaminer confirmed by email on March 24, 2016, that the Power of Attorney for Goal TaxBack Limited continues to be valid.[55]

Since SKAT was unaware that Stacey Kaminer was able to represent RIVERSIDE, Stacey Kaminer was requested to submit a Power of Attorney.[56]

On April 15, 2016, SKAT received a "*Special Limited Power of Attorney*" by email from Stacey Kaminer in which the company's trustees, David Schulman and Joan Schulman, provided Stacey Kaminer *"Attorney-in-Fact"* to undertake communication with SKAT on the company's behalf.[57]

Based on this, SKAT accepts the presented Power of Attorney from David Schulman, Joan Schulman to Stacey Kaminer and Goal TaxBack Limited, respectively.

## 3.5    Missing or insufficient documentation

## 3.5.1 Missing original documents

In order to verify RIVERSIDE's ownership of the shares, entitlement to the dividend and that the dividend in fact was paid to RIVERSIDE, SKAT has requested original Tax Vouchers /credit advices, purchase orders and stock vouchers, including bank account statements. [58]

SKAT has only received email responses with various miscellaneous materials attached. These are therefore not original documents.

SKAT has repeated the request for the submission of original documents regarding the company's purchase of shares and receipt of dividends, which SKAT has not received.

---

[54] Appendix 121-6-A
[55] Appendix 130-13-1
[56] Appendix 130-12-1
[57] Appendix 130-14-2
[58] Appendices 130-8-1 to 130-9-3

The requested original documents have not been provided to SKAT and the material that SKAT received instead of the original documents is insufficient (detailed more fully below). The applications could therefore be rejected on this basis alone.

### 3.5.2  Missing documentation for ownership of the shares and the received dividends

As documentation of RIVERSIDE's ownership of the shares and receipt of the dividends upon which the withheld dividend tax refund is requested, SKAT received printouts on December 3, 2015, and December 4, 2015, from the client account of brokerage firm ED&F Man Capital Markets Ltd. It shows that the account relates to outstanding balances between the brokerage firm and RIVERSIDE ADBPL in Danish kroner.

The printouts are insufficient since pages are missing and a large part of the text on the pages that SKAT has received has been rendered illegible by strikeouts. This concerns the following printouts:

- Account Transaction (General Ledger) 07/01/2015 – 07/16/2015
  SKAT has only received page one of two pages.
  On page one a large portion of the text has been rendered illegible by strikeouts.

- Account Equity of 07/13/2015
  SKAT has only received page one of three pages.
  On page one a large portion of the text has been rendered illegible by strikeouts.

- Account Equity of 07/14/2015
  SKAT has only received page one of three pages.
  On page one a large portion of the text has been rendered illegible by strikeouts.

- Account Transaction (General Ledger) 08/01/2015 – 08/13/2015
  SKAT has only received page one of two pages.
  On page one a large portion of the text has been rendered illegible by strikeouts.

- Account Equity of 08/10/2015
  SKAT has only received page one of three pages.
  On page one a large portion of the text has been rendered illegible by strikeouts.

- Account Equity of 08/11/2015
  SKAT has only received page one of three pages.
  On page one a large portion of the text has been rendered illegible by strikeouts.

Since the printouts are not provided in their entirety, it is not possible to verify that the transactions were carried out. The printouts therefore document neither RIVERSIDE's ownership of the shares in question nor that RIVERSIDE received the stock dividends upon which the withheld dividend tax refund is requested.

SKAT requested new documentation for RIVERSIDE's ownership of the shares and receipt of the stock dividends, without strikeouts of text, and on April 15, 2016, received an email from Stacey Kaminer with new printouts including the following explanation:

> "4....since EDF is unable to print a report that only includes the relevant information, i.e. information having to do with the reclaim requested on TDC and TRYG and the other equites or transactions on the report is either unrelated to TDC and TRYG or even more specifically unrelated to Danish equities or transactions I have attached the equity from the Pension accounting for the period requested without erasure or deletion.
> .... "

The argument in the email, that the illegible text does not relate to the shares for which the refund of withheld dividend tax is requested or to Danish shares or other transactions, speaks against itself. Since the brokerage firm has an address in England, the pension plan is American and the client account is in **Danish kroner**, it is therefore unlikely that the registrations on the account have no relation to Danish shares, including settlement.

The email from Stacey Kaminer on April 15, 2016, had the following new printouts attached and it was stated in the email that these show the capital base/equity for the desired period without strikeouts:

- Transaction Detail By Account, January Through December 2015.
    Accrual Basis – TRYG DC – General Journal 07/13/2015, Num 1066

- Transaction Detail By Account, January Through December 2015 .
    Accrual Basis – TRYG DC – General Journal 07/17/2015, Num 1070

- Transaction Detail By Account, January Through December 2015.
    Accrual Basis – TDC 2 – General Journal, 08/13/2015, Num 1091

- Trade Reference 523887
    A copy of an internal email from July 09, 2015, from the brokerage firm regarding the brokerage firm's purchase of Tryg A/S shares. RIVERSIDE is stated as "Customer". The document is the same as previously forwarded to SKAT.

- Trade Reference 529228
    A copy of an internal email from August 14, 2015, from the brokerage firm regarding the brokerage firm's purchase of TDC A/S shares. RIVERSIDE is stated as "Customer".
    The document is the same as previously forwarded to SKAT.

    The above-mentioned "Transaction Detail By Account" information is neither provided with Journal No., name or anything else that could identify which client they relate to and the printouts do not give SKAT the desired opportunity to follow the execution of the underlying transactions.

This "Transaction Detail By Account" information therefore does not document RIVERSIDE's ownership of the shares in question or that RIVERSIDE received the share dividends underlying the reimbursement requests for withheld dividend tax.

SKAT notes that, also attached with RIVERSIDE's applications for withheld dividend tax refunds, were Tax Vouchers from the brokerage firm ED&F Man Capital Markets Limited, all of which were signed by Christina MacKinnon, Head of Securities Operations, in which the following is stated:

> "ED&F Man Capital Markets Limited ... -  confirm, RIVERSIDE Associates Defined Benefit Plan was holding the below security over the dividend date."

> "ED&F Man Capital Markets Limited has on beneficial interest in the holding and will not be reclaiming the tax. The dividends specified on this credit advice were paid net of wihhholding tax to RIVERSIDE Associates Defined Benefit Plan."
> ..."

Provided there is any reality behind these Tax Vouchers, it seems commercially unlikely that the brokerage firm would certify transactions by signature which subsequently cannot be documented with actual underlying purchase and sales invoices.

It should be noted that in the email from Stacey Kaminer on December 4, 2015, SKAT received a seventeen-page document named "SECURITY AND SET-OFF DEED" between RIVERSIDE and the brokerage firm ED&F Man Capital Markets Limited. This agreement does not appear to address the questions raised by SKAT regarding RIVERSIDE's ownership of the shares.

SKAT finds that no documentation has been provided that RIVERSIDE owned the shares in question.


### 3.5.3  Missing documentation for the actual cash flow

SKAT finds that no third-party documents have been provided to substantiate that the transactions between ED&F Man Capital Market Ltd and RIVERSIDE have actually taken place.

SKAT has requested RIVERSIDE to issue printouts from RIVERSIDE's own bank account as documentation that the stock trades and stock dividends in question led to actual cash flows between RIVERSIDE and the brokerage firm ED&F Man Capital Market Ltd., which SKAT has not received.

It should be noted that, according to the IRS website, a pension plan must have its own bank account for the sake of the required separation of assets between the pension plan and the employer business.

The printouts provided from the brokerage firm's client account cannot prove on their ownthat the transactions between RIVERSIDE and the brokerage firm were actually carried out.

SKAT finds for these reasons that RIVERSIDE has not documented its ownership of the shares in question and it is also not documented that RIVERSIDE received the dividends and that there is withheld dividend tax.

### 3.6    Capital basis for basis

As a pension plan, RIVERSIDE has received payment from SKAT over a period of 12 months, from March 7, 2014, to March 20, 2015, for a total of DKK 12,724,425 in withheld dividend taxes. This payment corresponds to the company having undertaken investments that would have given stock dividends of at least DKK 47,127,500 in Danish C20 shares alone. [59]

In Section 1.9 above, SKAT has calculated the investments that would be required to be able to achieve this stock dividend.

The calculation shows, among other things:
- That RIVERSIDE on March 18/20, 2014, should have owned shares in Novo Nordisk A/S and Danske Bank A/S for a total investment of around DKK 783 million.

- That RIVERSIDE on May 9, 2014, should have owned shares in Coloplast A/S for a total investment of around DKK 397 million.

According to RIVERSIDE's 2014 U.S. tax return (Form 5500-EZ), the pension plan's assets totaled USD 1,039,640 and USD 763,315 at the beginning and end of year, respectively. Converted to Danish kroner, this corresponds to assets of DKK 6,237,840 and DKK 4,579,890 respectively at the exchange rate of 6.00.

According to the tax returns (Form-EZ 5500), no contributions were made to the pension plan in either 2012, 2013 or 2014. [60]

RIVERSIDE's assets at the end of 2014 decreased by USD 276,325, corresponding to DKK 1,657,950.[61]

There is an immediate discrepancy between the asset information in RIVERSIDE's 2014 tax return (Form 5500-EZ) and the stated investments and stock dividends. It is therefore not likely that RIVERSIDE was able to make the above referenced investments from its own resources.

In addition, RIVERSIDE's assets at the end of 2014 reflect, not even approximately, that the pension plan should have accrued DKK 27,467,500[62] in stock dividends including refunded dividend taxes for the year of DKK 7,416,225.

For these reasons, it is evident that RIVERSIDE did not have the means to make the investments shown in the company's applications on July 20 and August 13, 2015.

It should be noted that if this involves borrowed shares, then the company cannot seek the return of withheld dividend tax on these.

---

[59] See point 1.8
[60] Appendices 130-15-6, 130-15-2 and 130-15-4
[61] Appendix 130-15-3
[62] See point 1.8

# 4   SKAT's preliminary conclusion

After application by the taxpayer, SKAT must repay withheld dividend tax exceeding the final tax under a double taxation agreement.

SKAT cannot accommodate Riverside Associates Defined Benefit Plan's applications dated July 20 and August 13, 2015, for reimbursement of withheld dividend tax, given that:

- RIVERSIDE has not documented the purchase of the shares for which the dividend tax refund is requested, likewise it is not shown whether any shares are included in a loan arrangement.

- RIVERSIDE has not documented the ownership on the dividend date of the shares in question, for which the dividend tax refund is requested.

- RIVERSIDE has not documented that the company has received dividends regarding the shares in question, for which the dividend tax refund is requested.

- RIVERSIDE has not presented all relevant information and/or has presented incorrect information regarding the employer business.

RIVERSIDE therefore does not meet the requirements to receive repayment of withheld dividend tax from Danish shares, cf. Article 10 in the Double-Taxation Agreement between Denmark and the US.

RIVERSIDE, as a pension plan, did not have the necessary capital basis to undertake investments in Danish shares in the order of magnitude underlying these as well as previous applications for the repayment of withheld dividend tax.

The applications dated July 20 and August 13, 2015, respectively, therefore cannot be covered by Article 22, Section 2(e), of the Double-Taxation Agreement between Denmark and the US.

For these reasons, SKAT cannot accommodate RIVERSIDE's application for the repayment of withheld dividend tax on the Danish shares under Section 69 B(1)(1) of the Income Tax Act.

# 5   The company's comments

SKAT has not received comments to SKAT's motion for decision.

# 6   SKAT's decision

SKAT has not received comments to SKAT's motion for decision, wherefor SKAT has taken a decision consistent with the motion.

SKAT cannot accommodate the company's application for the repayment of withheld dividend tax on the Danish shares.

## Appeal guidelines

**Appeal**
If the company disagrees with SKAT's decision, it can be appealed to the Tax Appeals Board.

The Tax Appeals Board must receive the appeal at least three months from receipt of this decision.

**How should the appeal be structured?**
The appeal must be in writing and contain all the points that are being appealed against.

The appeal must include:
- This decision.
- Documents that support and substantiate the appeal.

**Where should the appeal be sent?**
The appeal can be sent in three ways:
1. Electronically via the appeals portal of the Tax Appeals Board at skatteankestyrelsen.dk.
2. As digital post via virk.dk.
3. By mail to the Tax Appeals Board; Ved Vesterport 6, 6th floor; 1612 Kopenhagen V.

**How much does the appeal cost**
It costs DKK 400 to appeal.

The amount should be deposited into account with registration number 0216, account number 4069029361. The company's name should be entered into the message box. This account can only be used to pay the DKK 400 to appeal and not for other types of payments to SKAT.

If the company is successful in all or part of the appeal, the money will be paid back.

**Meet with the Tax Appeals Board**
The company has the possibility of meeting with a case handler in the Tax Appeals Board, in which case the company is asked to provide a telephone number in the complaint.

**Laws and regulations**
The referenced laws and regulations can be found at skat.dk/love or skat.dk/afgørelser.

The company can read more about how to appeal at skat.dk/klage.

Best regards

**John Christiansen**
Special agent
john.christiansen@skat.dk
Direct telephone +45 20758356

**Gitte Kierkegaard**
Special agent
gitte.kierkegaard@skat.dk
Direct telephone +45 7237O207

A copy of SKAT's informational letter to Goal TaxBack Limited is attached.



**SKAT**

AntiFraud Unit SK3

Danish Customs and
Tax Administration

Kratbjerg 236
3480 Fredensborg
Denmark

www.skat.dk

Date: 28. oktober 2016

Captia nr: 15-2943852
15-2930642

TIN:    13-3865149

Riverside Associates Defined Benefit Plan
5532 Lillehammer Lane, Suite 103
Park City
UT 84098
USA

**Afgørelse – Afslag på anmodninger om tilbagebetaling af udbytteskat**

Goal TaxBack Limited har som agent, på vegne af Riverside Associates Defined Benefit Plan
(RIVERSIDE), fremsendt anmodninger dateret den 20. juli og den 13. august 2015 om tilba-
gebetaling af indeholdt udbytteskat, i alt 826.875 DKK.

SKAT har den 28. juli 2016 fremsendt forslag til afgørelse.

SKAT har ikke modtaget bemærkninger til det fremsendte forslag, hvorfor SKAT træffer af-
gørelse i overensstemmelse hermed.

## SKATs afgørelse
SKAT skal efter anmodning fra den skattepligtige tilbagebetale indeholdt udbytteskat, som
overstiger den endelige skat efter en dobbeltbeskatningsoverenskomst.

SKAT kan ikke imødekomme RIVERSIDE's anmodninger om tilbagebetaling af indeholdt
udbytteskat af danske aktier, idet:

- RIVERSIDE har ikke dokumenteret købet af de aktier, hvorpå udbytteskatten tilbage-
søges, ligesom det ikke fremgår om eventuelle aktier indgår i et lånearrangement.

- RIVERSIDE har ikke dokumenteret ejerskabet på udbyttetidspunktet til de omhandle-
de aktier, hvorpå udbytteskatten tilbagesøges.

- RIVERSIDE har ikke dokumenteret, at selskabet har modtaget udbytte og at der er in-
deholdt udbytteskat vedrørende de pågældende aktier, hvorpå udbytteskatten tilbage-
søges.

- RIVERSIDE har ikke fremlagt alle relevante oplysninger.

RIVERSIDE opfylder således ikke betingelserne for at få udbetalt indeholdt udbytteskat af
danske aktier, jf. artikel 10 i dobbeltbeskatningsoverenskomsten mellem Danmark og USA.

RIVERSIDE har som pensionskasse, ikke haft det fornødne kapitalgrundlag til at kunne fore-
tage investeringer i danske aktier i den størrelsesordenen som ligger til grund for såvel disse
som de tidligere anmodninger om udbetaling af indeholdt udbytteskat. Anmodningerne kan
derfor ikke omfattes af artikel 22 stk. 2, litra e i dobbeltbeskatningsaftalen mellem Danmark
og USA.

SKAT kan af disse grunde ikke imødekomme RIVERSIDE's anmodninger af den 20. juli og
den 13. august 2015, om tilbagebetaling af indeholdt udbytteskat af danske aktier efter kilde-
skattelovens § 69 B, stk. 1, 1. pkt.

For yderligere begrundelse henvises til nedenstående sagsfremstilling og begrundelse.

Der skal i sin helhed henvises til de bilag der tidligere er fremsendte sammen med SKATs
forslag. Såfremt bilagene ønskes genfremsendt, bedes selskabet give SKAT besked herom.

# Sagsfremstilling og begrundelse

## Indholdsfortegnelse

SKATs afgørelse.................................................................................................................1

Sagsfremstilling og begrundelse.......................................................................................3

1.    Faktiske forhold .........................................................................................................4

    1.1    Anmodningerne af den 20. juli og den 13. august 2015 .............................................4

    1.2    SKATs korrespondance med selskabet.....................................................................5

    1.3    Oplysninger fra IRS i USA .......................................................................................6

        1.3.1    De amerikanske selvangivelser 2012 - 2013 - 2014 (Form 5500-EZ) .................7

    1.4    Pensionskassens registreringsforhold ......................................................................7

    1.5    Oplysning om enkeltmandsvirksomheder som pensionskassen er knyttet til ............8

    1.6    Dokumentation for RIVERSIDEs ejerskab til aktierne mv. ......................................9

    1.7    Tax Vouchers fra ED&F Man Capital Market Limited.............................................11

    1.8    Tidligere anmodninger om tilbagebetaling af indeholdt udbytteskat .......................12

    1.9    Beregning af investeringerne ..................................................................................12

2    Retsregler..................................................................................................................13

    2.1    Lovbekendtgørelser.................................................................................................13

    2.2    Dobbeltbeskatningsoverenskomst...........................................................................13

    2.3    Retspraksis .............................................................................................................13

3    SKATs bemærkninger ...............................................................................................14

    3.1    Lovgrundlag ...........................................................................................................14

    3.2    Anmodningerne dateret 20. juli og 13. august 2015 ................................................14

    3.3    Pensionskassen og erhvervsvirksomheden den knytter sig til ..................................15

    3.4    Fuldmagt- / repræsentantforhold.............................................................................16

    3.5    Manglende eller ikke fyldestgørende dokumentation ...............................................16

        3.5.1    Manglende originale dokumenter ......................................................................16

        3.5.2    Mangelfuld dokumentation for ejerskab til aktierne og modtagne udbytter ......17

        3.5.3    Manglende dokumentation for de faktiske pengestrømme...............................19

    3.6    Kapitalgrundlag for investeringer ...........................................................................20

4    SKATs foreløbige konklusion ...................................................................................21

5    Selskabets bemærkninger ..........................................................................................21

6    SKATs afgørelse.......................................................................................................21

Klagevejledning...............................................................................................................22

# 1. Faktiske forhold

## 1.1   Anmodningerne af den 20. juli og den 13. august 2015

Med henvisning til dobbeltbeskatningsoverenskomsten mellem Danmark og USA har Goal Taxback Limited som agent, på vegne af RIVERSIDE, anmodet om at få tilbagebetalt indeholdt udbytteskat vedrørende følgende aktier: [1]

| ISIN/Aktier | Ex-dato | Anmodning om Tilbagebetaling | Nettoudbytte | Antal Aktier |
|---|---|---|---|---|
| DK0060636678 Tryg A/S | 13. juli 2015 | DKK  286.875 | DKK    775.625 | 425.000 |
| DK0060228559 TDC A/S | 10. aug. 2015 | DKK  540.000 | DKK 1.460.000 | 2.000.000 |

Anmodningerne var vedlagt følgende bilag:

- Blanket 06.003 ENG – Claim to Relief from Danish Dividend Tax[2]

- Tax Vouchers from custodian ED&F Man Capital Markets Limited
    - ISIN DK0060636678 – Tryg A/S [3]
    - ISIN DK0060228559 – TDC A/S[4]

- FORM6166 from IRS – Certificate of Residence in USA[5]

- POWER OF ATTORNEY til Goal Taxback Limited fra RIVERSIDE, dateret 25. februar 2014 [6]

---

[1] Bilag 121-1A til 121-7A
 Bilag 130-1A til 130-7A
[2] Bilag 121-4A og Bilag 130-4A
[3] Bilag 121-3A
[4] Bilag 130-3A
[5] Bilag 121-5A og 130-5A
[6] Bilag 121-6A til 121-7A
 Bilag 130-6A til 130-7A

## 1.2  SKATs korrespondance med selskabet

Den 29. oktober og 10. november 2015 har SKAT ved breve anmodet RIVERSIDE om yder-ligere oplysninger og dokumentation til brug ved SKATs kontrol af grundlaget for anmodnin-gerne, herunder : [7]
- Beskrivelse af selskabet og ID information
- Fuldmagts/repræsentationsforhold
- Dokumentation for selskabets anskaffelse af de pågældende aktier og modtagelse af aktieudbytter, hvorpå selskabet tilbagesøger indeholdt udbytteskat.

Den 5. november 2015 har SKAT modtaget en mail fra Melissa-Anne Rodrigues fra Goal Group of Companies der på vegne af RIVERSIDE anmoder om yderligere frist til besvarelse af SKATs henvendelser og stiller spørgsmål vedrørende dokumentationen af FORM6166.[8]

Den 12. november 2015 imødekommer SKAT anmodningen om yderligere svarfrist og besva-rer Melissa-Anne Rodrigues spørgsmål vedrørende FORM6166. [9]

Den 1. og den 4. december 2015 har SKAT modtaget svar pr. mails fra Stacey Kaminer på vegne af RIVERSIDE's Trustee David Schulman vedhæftet: [10]
- RIVERSIDEs Defined Benefit Plan
- Dokumenter vedrørende pensionskassens registreringsforhold
- Dokumenter, hvoraf størstedelen af teksten er gjort ulæseligt ved overstregning, ved-rørende anskaffelse af de pågældende aktier, modtagelse af udbytter
- Bemærkninger til SKATs spørgsmål

Den 21. januar 2016 har SKAT pr. brev anmodet RIVERSIDE om det manglende dokumenta-tionsmateriale, samt yderligere materiale, idet selskabets besvarelse
af 1. og 4. december 2015 ikke var fyldestgørende: [11]
- Beskrivelse af pensionskassens underliggende erhvervsvirksomhed
- Originale dokumenter vedrørende anskaffelse af aktier og modtagelse af udbytte
- Fuldmagt/ repræsentations/forhold

Den 24. marts 2016 har SKAT modtaget en mail fra Stacey Kaminer på vegne af pensions-kassens Trustee David Schulman:[12]
- Anmoder om forlængelse af svarfrist til at besvare SKATs henvendelser
- Bekræfter gyldigheden af pensionskassens fuldmagt til Goal TaxBack Limited

Den 25. marts 2016 har SKAT imødekommet anmodningen fra Stacey Kaminer, om yderlige-re svarfrist. SKAT anmoder samtidig om at få en Power of attorney, på at Stacey Kaminer kan repræsenterer RIVERSIDE. [13]

---

[7]  Bilag 130-8 og 130-9
[8]  Bilag 130-10
[9]  Bilag 130-10-3 til 130-10-4
[10]  Bilag 130-11-1 til 130-11-163
[11]  Bilag 130-12-1 til 130-12-2
[12]  Bilag 130-13-1 til 130-13-2
[13]  Bilag 130-13-3

Den 15. april 2016 har SKAT modtaget nye dokumenter pr. mail fra Stacey Kaminer på vegne af pensionskassens Trustee David Schulman samt bemærkninger til SKATs spørgsmål: [14]

- Vedlægger pensionskassens særlige fuldmagt *"Attorney-in-Fact"* til Stacey Kaminer
- Oplyser om den underliggende erhvervsvirksomhed pensionskassen er knyttet til
- Vedlægger nye udskrifter om RIVERSIDEs anskaffelse af aktier og modtagelse af ud-bytte
- Bemærkninger til manglende originale dokumenter og overstregning af tekst i det tid-ligere fremsendte materiale.


### 1.3   Oplysninger fra IRS i USA

SKAT har via de kompetente myndigheder i Danmark og USA modtaget oplysninger fra skat-temyndigheden, Internal Revenue Service (IRS) i USA.

Skattepligtserklæringen - FORM6166 (Certification of U.S. Tax Residency) er en erklæring, der udstedes af IRS på foranledning af, at RIVERSIDE har indsendt en FORM8802 (Application for United States Residency Cerfification). Oplysningerne i FORM8802 afgives under ansvar, men efterprøves ikke af IRS ved udstedelsen FORM6166.

Den manglende prøvelse af grundlaget medfører, at IRS formulerer sig således i skattepligts-erklæringen, FORM6166:

*"I certify that, **to best of our knowledge**, the above-named entity is a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the U.S. Internal Revenue Code, which is exempt from U.S. taxation under section 501(a), and is a resident of the United States of America for purposes of U.S. taxation."*

IRS har ved brev den 16. marts 2016 fremsendt:
- Udskrift af RIVERSIDE´s Form 5500-EZ for 2013 og 2014 (selvangivelser)[15]

IRS har ved brev af 13. juni 2016 fremsendt:
- Udskrift af RIVERSIDE´s Form 5500-EZ for 2012 (selvangivelse)[16]
- 2015-Instuctions for Form 5500-EZ[17].

IRS har ved mail den 15. juni 2016 oplyst et link til IRS hjemmeside hvor reglerne for de for-skellige typer af pensionsselskaber kort er beskrevet:
- https://www.irs.gov/retirement-plans/plan-participant-employee/retirement-topics-contributions [18]

---

[14] Bilag 130-14
[15] Bilag 130-15-1 til 4
[16] Bilag 130-15-5 og 6
[17] Bilag 130-15-7 til 18
[18] Bilag 130-15-19 til 21

### 1.3.1   De amerikanske selvangivelser 2012 - 2013 - 2014 (Form 5500-EZ)

RIVERSIDE's selvangivelser - FORM5500 *"Annual Return of one-participant (Owner and Their Spouses) Retirement Plan":* [19]

| Finansiel Information FORM5500 | Aktiver | Gæld | Antal deltagere | Indskud |
|---|---|---|---|---|
| 31. dec. 2011 | 983,251$ | 0 $ | 1 | 0 $ |
| 31. dec. 2012 | 1,569,191 $ | 0 $ | 1 | 0 $ |
| 31. dec. 2013 | 1,039,640 $ | 0 $ | 1 | 0 $ |
| 31. dec. 2014 | 763,315 $ | 0 $ | 1 | 0 $ |

Herudover fremgår blandt andet følgende om pensionsselskabet:

1c: Date plan first became effective:   01/01/1995
1b: Plan number:                        001
9:  Plan Characteristics 1A code:       Benefits are primarily pay related
    Plan Characteristics 3D code:       Pre-approved pension plan – A master prototype,
                                        or volume submitter plan that is the subject of a
                                        favorable opinion or advisory letter from the IRS

### 1.4   Pensionskassens registreringsforhold

SKAT har den 4. december 2015 pr. mail modtaget følgende udbedt materiale fra Stacey Ka-miner vedrørende RIVERSIDE's registreringsforhold:

- William S. Jacobs Associates, Inc. - Defined Benefit Prototype Plan and Trust [20]

- W-9 ID Number and Certification, underskrevet af David Schulman 27. november 2015 [21]

- Standardized Non-Integrated Defined Benefit Plan underskrevet af David Schulman. Føl-gende oplyses: [22]
    - At erhvervsvirksomheden, som pensionskassen knytter sig til, er en enkeltmands-virksomhed ved navn David Schulman [23]
    - At den oprindelige pensionsplan, der var effektiv fra 1. januar 1995, er ændret ved reguleringer med ikrafttrædelse den 1. januar 2010.[24]

- Accept-skrivelse af 03/31/2010 fra IRS om at pensionskassen på det foreliggende grundlag accepteres under *"section 401 of the Internal Revenue Code for use by employers for the benefit of their employees."* [25]

---

[19] Bilag 130-15-1 til 130-15-6
[20] Bilag 130-11-5 til 130-9-107
     Bilag 130-11-132 til 130-11-134
[21] Bilag 130-11-108
[22] Bilag 130-11-109 til 130-9-131
[23] Bilag 130-11-109
[24] Bilag 130-119-110
[25] Bilag 130-11-135 til 130-11-136

- Brev dateret den 29. november 2015 fra K&L Gates LLP, hvori anføres at:
  *"the Pension Plan is a U.S. pension/retirement plan qualified under section 401(a) of the U.S. Internal Revenue Code of 1986, as amended (the "IRC") and is therefor, exempt from U.S. income taxation under section 501(a) of the Code. ....*
  *Accordingly, the Pension Plan is a resident of the United States of America for purposes of U.S. taxation and entitled to the benefits of the Denmark-United States 1999 Income Tax Convention and Final Protocol, as Amended."[26]*

## 1.5   Oplysning om enkeltmandsvirksomheden som pensionskassen er knyttet til

I mail den 15. april 2016 fra Stacey Kaminer oplyses følgende om den erhvervsvirksomhed som RIVERSIDE er knyttet til: [27]

*"This Plan is a Defined Benefit Plan which is different from the other types of Plans that are claimants under review. As noted on the adoption agreement the plan is set up with the "Employer" being listed as a Sole Proprietor the "Employer" is an Individual, David Schulman. As a Sole Proprietor there is only one "Employee". The individual, as stated David Schulman. The business number for the Plan is 435-604-0935. As a Sole Proprietorship there is no sector of trade.*

*David Schulman remains the trustee, along with his wife, Joan Schulman, of the Plan as noted in the adoption agreement."*

I RIVERSIDEs amerikanske selvangivelser for 2012, 2013, 2014 (Form 5500-EZ) er oplyst følgende om den virksomhed RIVERSIDE er knyttet til: [28]

2a: Employer´s navn:
| | |
|---|---|
| 2012, 2013 og 2014 | David Schulman |
| Employer´s adresse: | |
| 2012 | 85 Old Longridge RD, Stamford, CT 06903, USA |
| 2013, 2014 | Lillehammer Lane Ste 103, Park City,UT 84098, USA |
| 2b: Employer´s identifikations nr: | 13-3865149 (EIN) |
| 2c: Employer´s telefon nr.: | |
| 2012 | (203) 329-0600 |
| 2013, 2014 | (435) 604-0935 |
| 2d: Business code 523120: | Securities brokerage (værdipapirmægler) |

Det skal bemærkes, at erhvervsvirksomhed benævnes "employer" i USA.

Det fremgår ved opslag på yellowpages.com, at det oplyste nummer (435)-604-0935, er telefonnummeret til Acer Investments, som ligeledes har adresse på Lillehammer Lane, Ste 103, Park City, UT 84098. [29]

---

[26] Bilag 130-11-137 til 130-11-138
[27] Bilag 130-14-1
[28] Bilag 130-15-1 til 130-15-6
[29] Bilag 130-17

### 1.6   Dokumentation for RIVERSIDEs ejerskab til aktierne mv.

Som dokumentation for RIVERSIDE's ejerskab til aktierne og modtagelse af de udbytter, hvorpå der tilbagesøges indeholdt udbytteskat, har SKAT den 3. og 4. december 2015 modta-get udskrifter fra brokervirksomheden ED&F Man Capital Markets Ltd´s klientkonto. Det fremgår, at kontoen vedrører et mellemværende mellem brokervirksomheden og RIVERSIDE **i danske kroner**.

SKAT modtog i mailen den 3. og 4. december 2015 følgende udskrifter:

- Account Transaction (General Ledger) 07/01/2015 – 07/16/2015 [30]
  SKAT har alene modtaget side 1 af 2 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

- Account Equity den 07/13/2015 [31]
  SKAT har alene modtaget side 1 af 3 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

- Account Equity 07/14/2015 [32]
  SKAT har alene modtaget side 1 af 3 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

- Account Transaction (General Ledger) 08/01/2015 – 08/13/2015 [33]
  SKAT har alene modtaget side 1 af 2 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

- Account Equity den 08/10/2015 [34]
  SKAT har alene modtaget side 1 af 3 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

- Account Equity 08/11/2015 [35]
  SKAT har alene modtaget side 1 af 3 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

---

[30] Bilag 130-11-161
[31] Bilag 130-11-158
[32] Bilag 130-11-159
[33] Bilag 130-11-161
[34] Bilag 130-11-162
[35] Bilag 130-11-163

SKAT efterspurgte på ny dokumentation for RIVERSIDEs ejerskab til aktierne og modtagelse af aktieudbytterne, uden overstregninger af tekst og modtog den 15. april 2016 en mail fra Stacey Kaminer med nye udskrifter, samt følgende forklaring til den delvist overstregede tekst i de udskrifter SKAT modtog den 3. og 4. december 2015: [36]

> "4. ....since EDF is unable to print a report that only includes the relevant information, i.e. information having to do with the reclaim requested on TDC and TRYG and the other equites or transactions on the report is either unrelated to TDC and TRYG or even more specifically unrelated to Danish equities or transactions I have attached the equity from the Pension accounting for the period requested without erasure or deletion.
> .... "

I mailen fra Stacey Kaminer den 15. april 2016, er følgende nye udskrifter vedhæftet og det oplyses, at disse udskrifter viser egenkapitalen for den ønskede periode uden overstregninger:

- Transaction Detail By Account, January Through December 2015.[37]
  Accrual Basis – TRYG DC – General Journal 07/13/2015, Num 1066

- Transaction Detail By Account, January Through December 2015.[38]
  Accrual Basis – TRYG DC – General Journal 07/17/2015, Num 1070

- Transaction Detail By Account, January Through December 2015.[39]
  Accrual Basis – TDC 2 – General Journal, 08/13/2015, Num 1091

- Trade Reference 523887 [40]
  En kopi af intern mail af Juli 09, 2015 i brokervirksomheden vedrørende brokervirksomhedens køb af Tryg A/S aktier. RIVERSIDE er anført som "Customer"
  Dokumentet er det samme som tidligere er fremsendt til SKAT

- Trade Reference 529228 [41]
  En kopi af intern mail af august 14, 2015 i brokervirksomheden vedrørende brokervirksomhedens køb af TDC A/S aktier. RIVERSIDE er anført som "Customer"
  Dokumentet er det samme som tidligere er fremsendt til SKAT

SKAT bemærker, at udskrifterne er i **danske kroner** og at de ikke er forsynet med Journal nr., navn eller andet, der kan identificere, hvilken klient udskrifterne vedrører.

---

[36] Bilag 130-14-1 til 130-14-8
[37] Bilag 130-14-4
[38] Bilag 130-14-5
[39] Bilag 130-14-7
[40] Bilag 130-14-3
[41] Bilag 130-14-6

## 1.7  Tax Vouchers fra ED&F Man Capital Market Limited

Sammen med RIVERSIDE's anmodninger om tilbagebetaling af indeholdte udbytteskatter, var vedlagt Tax Vouchers fra brokerfirmaet ED&F Man Capital Markets Limited, som alle er underskrevet af Christina MacKinnon, Head of Securities Operations – hvori det blandt andet bekræftes, at RIVERSIDE har ejet aktierne på udbyttedatoen: [42]

> *"ED&F Man Capital Markets Limited … - confirm, Riverside Associates Defined Benefit Plan was holding the below security over the dividend date."*

> *"ED&F Man Capital Markets Limited has no beneficial interest in the holding and will not be reclaiming the tax. The dividends specified on this credit advice were paid net of withholding tax to Riverside Associates Defined Benefit Plan."*

I mailen fra Stacey Kaminer den 4. december 2015, har SKAT modtaget et 17 siders dokument "SECURITY AND SET-OFF DEED". Dokumentet er en aftale om sikkerhed og modregning mellem RIVERSIDE og ED&F Man Capital Markets Limited. Aftalen er indgået den 21. juni 2012 og er underskrevet af RIVERSIDE's trustee David Schulman og på vegne af ED&F Man Capital Markets Limited, af Sharon Heath. [43]

---

[42] Bilag 121-3-A

[43] Bilag 130-11-139 til 130-11-155

## 1.8   Tidligere anmodninger om tilbagebetaling af indeholdt udbytteskat

RIVERSIDE har, som pensionskasse, tidligere anmodet om tilbagebetalinger af indeholdte ud-
bytteskatter og har fået udbetalt i alt 12.724.425 DKK Denne udbetaling svarer til at selskabet
skulle have foretaget investeringer, der har givet et udbytte på mindst 47.127.500 DKK alene i
danske C20 aktier.
Følgende oplysninger fremgår af RIVERSIDE's tidligere anmodninger:

| SKATs bundt nr. | Dato for anmodningen | Aktie | Antal | Ex-dato | Udbytte i alt DKK | Tilbagebetalt udbytteskat DKK |
|---|---|---|---|---|---|---|
| 19414 | 26-03-2014 | TDC A/S | 2.150.000 | 07-03-2014 | 4.730.000 | 1.277.100 |
| 21814 | 04-04-2014 | Danske Bank A/S | 2.000.000 | 19-03-2014 | 4.000.000 | 1.080.000 |
| 21814 | 04-04-2014 | Novo Nordisk A/S | 2.000.000 | 21-03-2014 | 9.000.000 | 2.430.000 |
| 27814 | 16-04-2014 | TRYG A/S | 175.000 | 04-04-2014 | 4.725.000 | 1.275.750 |
| 37214 | 06-05-2014 | D/S Norden A/S | 322.500 | 24-04-2014 | 1.612.500 | 435.375 |
| 37214 | 28-05-2014 | Coloplast A/S | 850.000 | 09-05-2014 | 3.400.000 | 918.000 |
| | | **I alt for året 2014** | | | 27.467.500 | 7.416.225 |
| 25015 | 13-03-2015 | TDC A/S | 2.000.000 | 06-03-2015 | 2.000.000 | 540.000 |
| 25015 | 13-03-2015 | DSV A/S | 850.000 | 13-03-2015 | 1.360.000 | 367.200 |
| 31415 | 26-03-2015 | Pandora A/S | 300.000 | 19-03-2015 | 2.700.000 | 729.000 |
| 31415 | 26-03-2015 | Danske Bank A/S | 1.200.000 | 19-03-2015 | 6.600.000 | 1.782.000 |
| 31415 | 26-03-2015 | Novo Nordisk A/S | 1.400.000 | 20-03-2015 | 7.000.000 | 1.890.000 |
| | | **I alt for 2014 og 2015** | | | **47.127.500** | **12.724.425** |

## 1.9   Beregning af investeringerne

SKAT har opgjort de ovenfor anførte aktiers anskaffelsessummer skønsmæssigt med ud-
gangspunkt i, at aktierne skal være ejet dagen før ex-datoen. Anskaffelsessummerne nedenfor
er derfor beregnet på baggrund af lukkekursen på børsdagen før ex-datoen.

| SKATs bundt nr. | Kursdato | Aktie | Antal | Kurs * | Beregnet anskaffelsessum DKK |
|---|---|---|---|---|---|
| 19414 | 06-03-2014 | TDC A/S | 2.150.000 | 52,65 | 113.197.500 |
| 21814 | 18-03-2014 | Danske Bank A/S | 2.000.000 | 145,70 | 291.400.000 |
| 21814 | 20-03-2014 | Novo Nordisk A/S | 2.000.000 | 245,80 | 491.600.000 |
| 27814 | 03-04-2014 | TRYG A/S | 175.000 | 110,30 | 19.302.500 |
| 37214 | 23-04-2014 | D/S Norden A/S | 322.500 | 228,00 | 73.530.000 |
| 37214 | 08-05-2014 | Coloplast A/S | 850.000 | 468,10 | 397.885.000 |
| 25015 | 05-03-2015 | TDC A/S | 2.000.000 | 54,00 | 108.000.000 |
| 25015 | 12-03-2015 | DSV A/S | 850.000 | 219,20 | 186.320.000 |
| 31415 | 18-03-2015 | Pandora A/S | 300.000 | 614,50 | 184.350.000 |
| 31415 | 18-03-2015 | Danske Bank A/S | 1.200.000 | 175,30 | 210.360.000 |
| 31415 | 19-03-2015 | Novo Nordisk A/S | 1.400.000 | 341,90 | 478.660.000 |
| 121-3-A | 09-07-2015 | TRYG A/S | 425.000 | 137,1017 | 58.268.227 |
| 130-3-A | 07-08-2015 | TDC A/S | 2.000.000 | 50,90064 | 101.801.280 |

*Kursen fremgår af Euro Investors hjemmeside: http://www.euroinvestor.dk/

# 2    Retsregler

## 2.1    Lovbekendtgørelser

Selskabsskatteloven – lovbekendtgørelse nr. 680 af 20. maj 2015:
- § 2, stk. 1, litra c og stk. 3, 2. pkt.

Ligningsloven – lovbekendtgørelse nr. 1081 af 15. september 2014 med senere ændringer:
- § 16 A, stk. 1.

Kildeskatteloven – lovbekendtgørelse nr. 1403 af 7. december 2010 med senere ændringer:
- §§ 65, stk. 1, 65 A, stk. 1 og 69 B, stk. 1 og 2.

## 2.2    Dobbeltbeskatningsoverenskomst

BKI nr. 13 af 14/4 2000 af overenskomst af 19/8 1999 mellem Danmark og USA til undgåelse af dobbeltbeskatning og forhindring af skatteunddragelse for så vidt angår indkomstskatter. Som ændret ved BKI nr. 1 af 18/2 2008 af protokol af 2/5 2006:
- Artiklerne 10 og 22.

## 2.3    Retspraksis

SKM 2010.266 SR. Skatterådets bindende svar af 26.januar 2010.

Ved udlån af aktier, finder Skatterådet, at långiver fortsat skattemæssigt anses for ejer af aktierne, hvorfor udbyttet skal beskattes efter de regler der gælder for långiver, herunder efter en eventuel dobbeltbeskatningsoverenskomst mellem Danmark og den stat hvor långiver er hjemmehørende.

## 3    SKATs bemærkninger

### 3.1    Lovgrundlag

Et udenlandsk selskab, der modtager udbytte fra et dansk selskab, er begrænset skattepligtig til Danmark efter selskabsskattelovens § 2, stk. 1, litra c.

Et udenlandsk selskab, der er begrænset skattepligtigt til Danmark, skal betale 27 % i skat af udbytte, jf. selskabsskattelovens § 2, stk. 3, og det danske udbetalende selskab indeholder således 27 %. Det fremgår af kildeskattelovens § 65.

Hvis den retmæssige ejer af aktieudbyttet er hjemmehørende i USA, kan Danmark beskatte udbytte, der udbetales fra et selskab hjemmehørende i Danmark med 15 % af bruttobeløbet i henhold til artikel 10, stk. 2, litra b), i dobbeltbeskatningsoverenskomsten mellem Danmark og USA.

Danmark kan dog ikke beskatte udbytte udbetalt til et selskab, der er hjemmehørende i USA, hvis den retmæssige ejer er en pensionskasse, som omtalt i artikel 22, stykke 2, litra e, jf. dobbeltbeskatningsoverenskomstens artikel 10, stk. 3, litra c.

En pensionskasse efter artikel 22, stk. 2, litra e, er en juridisk person, hvad enten personen er fritaget for beskatning eller ikke, der er organiseret efter lovgivningen i en kontraherende stat med det formål at yde pension eller lignende ydelser efter en fastsat ordning til arbejdstagere, herunder selvstændige erhvervsdrivende, forudsat at mere end 50 pct. af denne persons begunstigede, medlemmer eller deltagere er fysiske personer, som er hjemmehørende i en af de kontraherende stater.

Ved aktieudlån er den retmæssige ejer af aktierne långiver, jævnfør SKM 2010.266SR

### 3.2    Anmodningerne dateret 20. juli og 13. august 2015

Goal Taxback Limited har som agent, på vegne af RIVERSIDE, anmodet om at få tilbagebetalt indeholdt udbytteskat, med henvisning til dobbeltbeskatningsoverenskomsten mellem Danmark og USA, vedrørende følgende aktier: [44]

| ISIN/Aktier | Ex-dato | Anmodning om tilbagebetaling | Netto udbytte | Antal Aktier |
|---|---|---|---|---|
| DK0060636678 Tryg A/S | 13. juli 2015 | DKK  286.875 | DKK  775.625 | 425.000 |
| DK0060228559 TDC A/S | 10. aug. 2015 | DKK  540.000 | DKK 1.460.000 | 2.000.000 |

---

[44] Bilag 121-3-A og 130-A

### 3.3    Pensionskassen og erhvervsvirksomheden den knytter sig til

Det fremgår af FORM6166, at RIVERSIDE er registreret som en pensionskasse i USA. [45]

Pensionskassen er en selvstændig enhed, der knytter sig til erhvervsvirksomheden "David Schulman", som er en enkeltmandsvirksomhed. [46]

Pensionskasser for enkeltmandsvirksomheder etableres med det formål, at ejeren af virksomheden og dennes ægtefælle, kan opspare til pensionen.
Pensionskasser skal selvangive særskilt og skal have egen bankkonto af hensyn til krav om formueadskillelse mellem pensionskasse og employer. (erhvervsvirksomheden).[47]

Der er uoverensstemmelser i det oplyste om employer idet:

- I RIVERSIDEs amerikanske selvangivelser for 2012, 2013 og 2014 er det oplyst i felt 2d, at employer har business code 523120[48]. Ifølge IRS Instruktion til Form 5500-EZ omfatter denne business code *"Securities Brokerage" (Værdipapirmægler)* [49]

  I mailen den 15. april 2016 fra Stacey Kaminer, oplyses det imidlertid, at der ikke er en branchekode for enkeltmandsvirksomheden ("… *As a Sole Proprietorship there is no sector of trade"*) [50]

- I RIVERSIDEs amerikanske selvangivelser for 2012, 2013 og 2014 er det oplyst i felt 2c, at employer´s telefon nr.er (435) 604-0935.[51]
  I mailen den 15. april 2016 fra Stacey Kaminer, er det samme nummer oplyst som *"The business number for the Plan is 435-604-0935".*[52]

  SKAT har foretaget opslag på google som viser, at det oplyste nummer er et telefon nr., der tilhører virksomheden Acer Investment.
  Acer Investment er ifølge yellowpage.com beliggende på Lillehammer Lane Ste 103, Park City,UT 84098, USA, hvilket er samme adresse som RIVERSIDE og enkeltmandsvirksomheden David Schulman. [53]

  Det har ikke været muligt ved opslag på internettet, at finde oplysninger om pensionskassen eller pensionskassens employer David Schulman. Det har heller ikke været muligt for SKAT, at finde oplysninger på internettet, som kan stedfæste David Schulman på den oplyste adresse 5532 Lillehammer Lane, Ste 103, Park City, UT 84098, USA, hverken som person eller employer.

---

[45] Bilag 130-5-A
[46] Bilag 130-11-109
[47] Bilag 130-15-19 til 130-15-21
[48] Bilag 130-15-1
[49] Bilag 130-15-17
[50] Bilag 130-14-1
[51] Bilag 130-15-1
[52] Bilag 130-14-1
[53] Bilag 130-17

SKAT konstaterer, at oplysningerne fra Stacey Kaminer på flere væsentlige punkter er misvisende og at det ikke er muligt at finde oplysninger ved søgning på internettet, hverken om employer, RIVERSIDE eller om Trustee Joan Schulman & David Schulman.

## 3.4 Fuldmagt- / repræsentantforhold

Anmodningerne fra Goal Taxback Limited af henholdsvis 20. juli og 13. august 2015 var vedlagt en kopi af fuldmagt fra RIVERSIDE til Goal TaxBack Limited dateret 25. februar 2014. [54]

SKAT har anmodet RIVERSIDE om tilkendegivelse af, at denne fuldmagt stadig er gældende.

Ved mail den 24. marts 2016 bekræfter Stacey Kaminer at fuldmagten til Goal TaxBack Limited fortsat gælder. [55]

Da SKAT ikke var bekendt med, at Stacey Kaminer kan repræsentere RIVERSIDE, blev Stacey Kaminer anmodet om at fremkomme med en fuldmagt herpå.[56]

Ved mail 15. april 2016 fra Stacey Kaminer modtog SKAT en "*Special Limited Power of Attorney*", hvori selskabets trustees David Schulman og Joan Schulman, giver Stacey Kaminer "*Attorney-in-Fact*" til varetagelse kommunikation med SKAT på selskabets vegne. [57]

SKAT accepterer på dette grundlag de foreliggende fuldmagter fra henholdsvis David Schulman, Joan Schulman til henholdsvis Stacey Kaminer og Goal TaxBack Limited.

## 3.5 Manglende eller ikke fyldestgørende dokumentation

### 3.5.1 Manglende originale dokumenter

Til brug for kontrollen af RIVERSIDEs ejerskab til aktierne, retten til udbyttet og at udbyttet faktisk er tilgået RIVERSIDE, har SKAT anmodet om originale Tax Vouchers /credit advices, købs- og beholdningsbilag samt bankkontoudskrifter. [58]

SKAT har alene modtaget svar pr. mails vedhæftet diverse udbedte materialer. Der er derfor ikke tale om originale dokumenter.

SKAT har gentaget anmodningen om at få forelagt originale dokumenter, for så vidt angår selskabets køb af aktier og modtagelse af udbytter, hvilket SKAT ikke har modtaget.

---

[54] Bilag 121-6-A
[55] Bilag 130-13-1
[56] Bilag 130-12-1
[57] Bilag 130-14-2
[58] Bilag 130-8-1 til 130-9-3

De udbedte originaldokumenter er ikke fremlagt for SKAT og det materiale SKAT har modtaget i stedet for de originale dokumenter, er ikke fyldestgørende (nærmere herom nedenfor). Anmodningerne vil, derfor alene på dette grundlag kunne afvises.

### 3.5.2 Mangelfuld dokumentation for ejerskab til aktierne og modtagne udbytter

Som dokumentation for RIVERSIDE's ejerskab til aktierne og modtagelse af de udbytter, hvorpå der tilbagesøges indeholdt udbytteskat, har SKAT har den 3. og 4. december 2015 modtaget udskrifter fra brokervirksomheden ED&F Man Capital Markets Ltd´s klientkonto. Det fremgår, at kontoen vedrører et mellemværende mellem brokervirksomheden og RIVER-SIDE ADBPL i **danske kroner**.

Udskrifterne er mangelfulde, idet der mangler sider og en stor del af teksten på de sider SKAT har modtaget, er gjort ulæselig ved overstregninger. Det drejer sig om følgende udskrifter:

- Account Transaction (General Ledger) <u>07/01/2015 – 07/16/2015</u>
  SKAT har alene modtaget side 1 af 2 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

- Account Equity den <u>07/13/2015</u>
  SKAT har alene modtaget side 1 af 3 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

- Account Equity <u>07/14/2015</u>
  SKAT har alene modtaget side 1 af 3 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

- Account Transaction (General Ledger) <u>08/01/2015 – 08/13/2015</u>
  SKAT har alene modtaget side 1 af 2 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

- Account Equity den <u>08/10/2015</u>
  SKAT har alene modtaget side 1 af 3 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

- Account Equity <u>08/11/2015</u>
  SKAT har alene modtaget side 1 af 3 sider.
  På side 1 er en stor del af teksten gjort ulæselig ved overstregninger.

Da udskrifterne ikke er fremlagt i sin helhed, er det ikke muligt at kontrollere transaktionernes gennemførelse. Udskrifterne dokumenterer derfor, hverken RIVERSIDE's ejerskab til de på-gældende aktier eller at RIVERSIDE har modtaget de aktieudbytter, hvorpå der tilbagesøges indeholdt udbytteskat.

SKAT efterspurgte på ny dokumentation for RIVERSIDEs ejerskab til aktierne og modtagelse af aktieudbytterne, uden overstregninger af tekst og modtog den 15. april 2016 en mail fra Stacey Kaminer med nye udskrifter samt følgende forklaring:

> "4....since EDF is unable to print a report that only includes the relevant information, i.e. information having to do with the reclaim requested on TDC and TRYG and the other equites or transactions on the report is either unrelated to TDC and TRYG or even more specifically unrelated to Danish equities or transactions I have attached the equity from the Pension accounting for the period requested without erasure or deletion.
> .... "

Det oplyste i mailen om, at den tekst der er gjort ulæselig ikke relaterer sig til de aktier, hvorpå der anmodes om tilbagebetaling af indeholdt udbytteskat eller til danske aktier eller transaktioner i øvrigt, har forklaringen imod sig, idet brokervirksomheden har adresse i England, pensionskassen er amerikansk og klientkontoen er opgjort i **danske kroner.** Det er derfor usandsynligt at registreringerne på kontoen ikke har relationer til danske aktier, herunder afregning.

I mailen fra Stacey Kaminer den 15. april 2016, er følgende nye udskrifter vedhæftet og det oplyses i mailen, at disse viser egenkapitalen for den ønskede periode uden overstregninger:

- Transaction Detail By Account, January Through December 2015.
  Accrual Basis – TRYG DC – General Journal 07/13/2015, Num 1066

- Transaction Detail By Account, January Through December 2015.
  Accrual Basis – TRYG DC – General Journal 07/17/2015, Num 1070

- Transaction Detail By Account, January Through December 2015.
  Accrual Basis – TDC 2 – General Journal, 08/13/2015, Num 1091

- Trade Reference 523887
  En kopi af intern mail af Juli 09, 2015 i brokervirksomheden vedrørende brokervirksomhedens køb af Tryg A/S aktier. RIVERSIDE er anført som "Customer"
  Dokumentet er det samme som tidligere er fremsendt til SKAT

- Trade Reference 529228
  En kopi af intern mail af august 14, 2015 i brokervirksomheden vedrørende brokervirksomhedens køb af TDC A/S aktier. RIVERSIDE er anført som "Customer"
  Dokumentet er det samme som tidligere er fremsendt til SKAT

  Ovenfor nævnte "Transaction Detail By Account" er hverken forsynet med Journal nr., navn eller andet der kan identificere, hvilken klient de vedrører og udskrifterne giver ikke SKATs den ønskede mulighed for at følge de underliggende transaktioners gennemførelse.

Disse "Transaction Detail By Account" dokumenterer derfor heller ikke RIVERSIDEs ejerskab til de pågældende aktier eller at RIVERSIDE har modtaget de aktieudbytter, hvorpå der tilbagesøges indeholdt udbytteskat.

SKAT bemærker, at der sammen med RIVERSIDEs anmodninger om tilbagebetaling af inde-
holdte udbytteskatter, er vedlagt Tax Vouchers fra brokerfirmaet ED&F Man Capital Markets
Limited som alle er underskrevet af Christina MacKinnon, Head of Securities Operations
– hvori følgende oplyses:

> "ED&F Man Capital Markets Limited ... -  confirm, RIVERSIDE Associates Defined Ben-
> efit Plan was holding the below security over the dividend date."

> "ED&F Man Capital Markets Limited has on beneficial interest in the holding and will
> not be reclaiming the tax. The dividends specified on this credit advice were paid net
> of wihhholding tax to RIVERSIDE Associates Defined Benefit Plan."
> ... "

Såfremt der er realiteter bag disse Tax Vouchers, forekommer det forretningsmæssigt usand-
synligt, at brokerfirmaet ved underskrift bekræfter transaktioner, der ikke efterfølgende kan
dokumenteres med underliggende reelle købs- salgsfakturaer.

Det skal bemærkes, at SKAT i mailen fra Stacey Kaminer den 4. december 2015 modtog et
17 siders dokument benævnt "SECURITY AND SET-OFF DEED" (en aftale om sikkerhed
og modregning) mellem RIVERSIDE og brokerfirmaet ED&F Man Capital Markets Limited.
Denne aftale ses ikke, at bidrage til besvarelse af de spørgsmål SKAT har rejst om omkring
RIVERSIDEs ejerskab til aktierne.

SKAT konstaterer, at der ikke er fremlagt dokumentation for, at RIVERSIDE har ejet de på-
gældende aktier.

### 3.5.3 Manglende dokumentation for de faktiske pengestrømme

SKAT konstaterer, at der ikke er fremlagt dokumenter fra 3. mand, der kan underbygge, at
transaktionerne mellem ED&F Man Capital Market Ltd og RIVERSIDE reelt har fundet sted.

SKAT har opfordret RIVERSIDE til at fremkomme med udskrifter fra RIVERSIDE's egen
bankkonto, som dokumentation for, at de pågældende aktiehandler og aktieudbytter har ført til
egentlige pengestrømme mellem RIVERSIDE og brokervirksomheden ED&F Man Capital
Market Ltd., hvilket SKAT ikke har modtaget.

Det bemærkes, at en pensionskasse ifølge IRS hjemmeside skal have egen bankkonto af hen-
syn til formueadskillelse mellem pensionskassen og employervirksomheden.

De fremlagte udskrifter fra brokerfirmaets klientkonto kan ikke alene dokumentere, at trans-
aktionerne mellem RIVERSIDE og brokerfirmaet reelt er gennemført.

SKAT finder af disse grunde ikke, at RIVERSIDE har dokumenteret sit ejerskab til de pågæl-
dende aktier og det er heller ikke dokumenteret, at RIVERSIDE har modtaget udbytterne,
samt at der er indeholdt udbytteskat.

### 3.6   Kapitalgrundlag for investeringer

RIVERSIDE har, som pensionskasse, i en periode på 12 måneder, fra 7. marts 2014 til 20. marts 2015 fået udbetalt i alt 12.724.425 DKK i indeholdte udbytteskatter fra SKAT. Denne udbetaling svarer til, at selskabet skulle have foretaget investeringer, der har givet aktieudbytter på mindst 47.127.500 DKK alene i danske C20 aktier. [59]

SKAT har ovenfor i punkt 1.9 foretaget en beregning af de investeringer, der kræves for at kunne opnå dette aktieudbytte.

Af beregningen ses blandt andet:
- At RIVERSIDE den 18./20. marts 2014 skulle eje aktier i Novo Nordisk A/S og Danske Bank A/S til en samlet investering på ca. 783 mio. DKK.

- At RIVERSIDE den 9. maj 2014, skulle eje aktier i Coloplast A/S til en investering på 397 mio. DKK.

Ifølge RIVERSIDE's amerikanske selvangivelse for 2014 (Form 5500-EZ) udgør pensionskassens formue primo $ 1.039.640 og ultimo $ 763.315. Omregnet til danske kroner svarer dette til en formue primo DKK 6.237.840 og ultimo DKK 4.579.890 ved en dollarkurs på 6,00.

Ifølge selvangivelserne (Form-EZ 5500) er der ikke foretaget indskud til pensionskassen, hverken i 2012, 2013 eller 2014. [60]

RIVERSIDEs formue ultimo 2014 er faldet med $ 276.325 svarende til DKK 1.657.950.[61]

Der er et umiddelbart misforhold mellem formueoplysningerne i RIVERSIDE's selvangivelse for 2014 (Form 5500-EZ) og de oplyste investeringer og aktieudbytter. Det er derfor ikke sandsynligt, at RIVERSIDE har været i stand til at foretage de nævnte investeringer ovenfor, for egne midler.

Desuden afspejler RIVERSIDE's formue ultimo 2014, end ikke tilnærmelsesvis, at der skulle være tilgået pensionskassen DKK 27.467.500[62] i aktieudbytter incl. og refunderede udbytteskatter i året med DKK 7.416.225.

Af disse grunde er det åbenbart, at RIVERSIDE ikke har haft midler til at foretage de investeringer, der fremgår af selskabets anmodninger den 20. juli og den 13. august 2015.

Det skal bemærkes, at såfremt der skulle være tale om lånte aktier, kan selskabet ikke tilbagesøge indeholdt udbytteskat på disse.

---

[59] Se Punkt 1.8
[60] Bilag 130-15-6, 130-15-2 samt 130-15-4
[61] Bilag 130-15-3
[62] Se punkt 1.8

## 4    SKATs foreløbige konklusion

SKAT skal efter anmodning fra den skattepligtige tilbagebetale indeholdt udbytteskat, som overstiger den endelige skat efter en dobbeltbeskatningsoverenskomst.

SKAT kan ikke imødekomme Riverside Associates Defined Benefit Plan´s anmodninger dateret 20. juli og 13. august 2015, om tilbagebetaling af indeholdt udbytteskat idet:

- RIVERSIDE har ikke dokumenteret købet af de aktier, hvorpå udbytteskatten tilbage-søges, ligesom det ikke fremgår om eventuelle aktier indgår i et lånearrangement.

- RIVERSIDE har ikke dokumenteret ejerskabet på udbyttetidspunktet til de omhandle-de aktier, hvorpå udbytteskatten tilbagesøges.

- RIVERSIDE har ikke dokumenteret, at selskabet har modtaget udbytte vedrørende de pågældende aktier, hvorpå udbytteskatten tilbagesøges.

- RIVERSIDE har ikke fremlagt alle relevante oplysninger og/eller har afgivet urigtige oplysninger vedrørende employer-virksomheden.

RIVERSIDE opfylder således ikke betingelserne for at få udbetalt indeholdt udbytteskat af danske aktier, jf. artikel 10 i dobbeltbeskatningsoverenskomsten mellem Danmark og USA.

RIVERSIDE har ikke som pensionskasse, haft det fornødne kapitalgrundlag til at foretage investeringer i danske aktier i den størrelsesordenen som ligger til grund for såvel disse som tidligere anmodninger om udbetaling af indeholdt udbytteskat.
Anmodningerne dateret henholdsvis den 20. juli og 13. august 2015 kan derfor ikke om-fattes af artikel 22 stk. 2, litra e i dobbeltbeskatningsaftalen mellem Danmark og USA.

SKAT kan af disse grunde ikke imødekomme RIVERSIDE's anmodning om tilbagebetaling af indeholdt udbytteskat af de danske aktier efter kildeskattelovens § 69 B, stk. 1, 1. pkt.

## 5    Selskabets bemærkninger

SKAT har ikke modtaget bemærkninger til SKATs forslag til afgørelse.

## 6    SKATs afgørelse

SKAT har ikke modtaget bemærkninger til SKATs forslag til afgørelse, hvorfor SKAT træffer afgørelse i overensstemmelse med forslaget.

SKAT kan ikke imødekomme selskabets anmodning om tilbagebetaling af indeholdt udbytte-skat af de danske aktier.

## Klagevejledning

### Klage

Hvis selskabet ikke er enig i SKATs afgørelse, kan der klages til Skatteankestyrelsen.

Skatteankestyrelsen skal have klagen senest tre måneder fra modtagelsen af denne afgørelse.

### Hvordan skal klagen se ud?

Klagen skal være skriftlig, og indeholde alle de punkter, der klages over.

Klagen skal vedlægges:
- Denne afgørelse.
- Dokumenter, som støtter og underbygger klagen.

### Hvor skal klagen sendes hen?

Klagen kan sendes på tre måder:
1. Elektronisk på Skatteankestyrelsens klageportal på skatteankestyrelsen.dk.
2. Som digital post via virk.dk.
3. Med post til Skatteankestyrelsen; Ved Vesterport 6, 6. sal; 1612 København V.

### Hvad koster det at klage?

Det koster 400 kr. at klage.
Beløbet skal indsættes på konto med registreringsnummer 0216, kontonummer 4069029361. Selskabets navn skal anføres i meddelelsesfeltet. Denne konto kan kun bruges til at betale de 400 kr. for at klage og ikke til andre typer indbetalinger til SKAT.

Hvis selskabet får ret i hele klagen eller i en del af den, tilbagebetales pengene.

### Møde med Skatteankestyrelsen

Selskabet har mulighed for at få et møde med en sagsbehandler i Skatteankestyrelsen, og i den forbindelse bedes selskabet oplyse et telefonnummer i klagen.

### Love og regler

De love og afgørelser, der er henvist til, kan findes på skat.dk/love eller skat.dk/afgørelser.

Selskabet kan læse mere om at klage på skat.dk/klage.

Venlig hilsen

**John Christiansen**
Special agent
john.christiansen@skat.dk
Direct telephone +45 20758356

**Gitte Kierkegaard**
Special agent
gitte.kierkegaard@skat.dk
Direct telephone +45 72370207

Kopi af SKATs orienteringsbrev til Goal TaxBack Limited er vedlagt.