# EXHIBIT D

In the High Court of Justice
Business and Property Courts of England & Wales
Commercial Court

CL-2018-000297; CL-2018-000404 and
CL-2018-000590 (consolidated)

Between:

Skatteforvaltningen
(the Danish Customs and Tax Administration)

Claimant

and

Solo Capital Partners LLP (in special administration) and Others

Defendants

---

**EXPERT OPINION OF**

**DR FREDERIK WAAGE**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| 1. | EXPERT'S QUALIFICATIONS | 3 |
| 2. | INSTRUCTIONS | 3 |
| 3. | EXPERT DUTIES | 4 |
| 4. | EXPERT OPINION | 4 |
| 5. | SUMMARY OF CONCLUSIONS REACHED | 7 |
| 6. | STATEMENT OF TRUTH | 7 |
| | APPENDIX 1 – CURRICULUM VITAE OF DR FREDERIK WAAGE | 8 |
| 1. | ACADEMIC DEGREES: | 8 |
| 2. | ACADEMIC CAREER: | 8 |
| 3. | PROFESSIONAL CAREER: | 8 |
| | APPENDIX 2 – DOCUMENTS REFERRED TO IN THIS OPINION | 9 |

## 1. EXPERT'S QUALIFICATIONS

1.1 My name is Dr Frederik Waage and I am an expert in Danish administrative law. I am currently employed by the University of Southern Denmark and have professional experience as a government lawyer and private-practice lawyer. I received my Doctorate of Laws in 2017 with my thesis regarding the effect of administrative law in the civil process.

1.2 I set out details of my academic degrees, academic career and professional career in my Curriculum Vitae at Appendix 1.

## 2. INSTRUCTIONS

2.1 I have been instructed by Pinsent Masons LLP, Kammeradvokaten – Poul Schmith and Skatteforvaltningen (the Danish Customs and Tax Administration) to act as an independent expert witness on behalf of Skatteforvaltningen (the Danish Customs and Tax Administration) in connection with its claims in the English Commercial Court under Claim Numbers CL-2018-000297, CL-2018-000404 and CL-2018-000590 (consolidated).

2.2 Pursuant to Danish legal order no 804 of 6 June 2018, the name of the Danish Customs and Tax Administration was changed from "SKAT" to "Skatteforvaltningen" with effect from 1 July 2018.

2.3 I have been instructed that in the context of the claims in England, Skatteforvaltningen intends to apply to change the name of the Claimant to the English proceedings.

2.4 I have been asked to prepare a written opinion addressing the organizational changes that took place in 2018 within the Danish Customs and Tax Administration and the subsequent name change from "SKAT" to "Skatteforvaltningen". Specifically, I have been asked to give my opinion as to the following issues:

 2.4.1 Whether as a matter of Danish law SKAT/Skatteforvaltningen has separate legal personality.

 2.4.2 Whether as a matter of Danish law Skatteforvaltningen is the same legal person as SKAT.

2.5 I have been asked to give my opinion on these issues as a matter of Danish substantive law (though I have also been invited in giving my opinion to refer to Danish practice and procedure).

2.6 I have not been provided with any of the documents filed in the English proceedings (such as statements of case, affidavits or witness statements) and I do not have a detailed understanding of the specific basis for the claims. I was already generally aware through media coverage in Denmark that a number of civil court claims had been brought in various jurisdictions among

3

others UK in relation to sums paid by the Danish Customs and Tax Administration pursuant to claims for the repayment of dividend withholding tax.

2.7 In drafting this opinion I have relied on the documents referred to in the table at Appendix 2 and enclose copies (in their original Danish versions and translated English copies).

## 3. EXPERT DUTIES

3.1 This opinion provides my objective, unbiased opinion on matters within my expertise and I have considered all material facts including those which might detract from my opinion. I understand that my overriding duty is to the court in preparing this opinion. I have complied and will continue to comply with that duty.

3.2 My opinion has been prepared in compliance with Civil Procedure Rule 35, Practice Direction 35 on Experts and Assessors and the Guidance for the Instruction of Experts in Civil Claims. I have been referred specifically to paragraph 11 of this Guidance and the requirement to provide an independent opinion. I confirm I would express the same opinion contained in this document if I was instructed by another party.

## 4. EXPERT OPINION

4.1 The Danish state is currently composed of 19 ministries including a larger number authorities. Each ministry has its own designated budget on the yearly *finanslov* (*the Finance Act*). All ministerial authorities have separate legal personalities and they can act in their own legal capacity. If an authority has suffered a loss it can therefore file money claims in its own capacity and in its own name.[1]

4.2 In accordance with the Danish administrative law principle of *organisationsmagt* (organizational powers), the minister and other top officers of ministerial authorities have the mandate to establish divisions, bureaus, organisations etc. within the ministries.[2] The entities may be called different names such as *sekretariat, afdeling, forretningsområde, direktorat, styrelse* or *forvaltning*. The name of the entity alone does not define its legal status. The word "styrelse", for instance, does not have an exact legal definition. The best translation of the word "styrelse" would probably be "government organization" and these words would probably also be the best translation of the word "forvaltning".

---

[1] This is the case, regardless of the fact that the Danish *statskasse* (Treasury) is regarded as one sole entity when it comes to setting of claims from citizens, cf. U 1955.13 H. See also JV 2018-07-31 Den juridiske vejledning 2018-2 - G.A Inddrivelse.

[2] See Bent Christensen, Forvaltningsret – Opgaver – Hjemmel – Organisation, 1997, page 282ff.

4

4.3 The frequency of demands for major changes in the organization of ministries in Denmark is relatively high. It is, therefore, also a relatively common experience in the Danish courts that ministerial plaintiffs or defendants change their names in the middle of a pending civil litigation lawsuit. Danish courts follow a practical approach when it comes to requests for amendments to the name or title of a party that has been subject to, for example, a merger or a name change. There are a number of examples of such changes when authorities act in civil litigations in the caselaw of the Danish Supreme Court. Most notably in this context, the Supreme Court accepted a name change in a case decided on 5 February 1999,[3] where the plaintiff agency, within the Ministry of Agriculture, was allowed to change name from "Landbrugsministeriet, EF-Direktoratet" to "Ministeriet for Fødevarer, Landbrug og Fiskeri, EU-Direktoratet."

4.4 The authority which on 1 July 2018 changed its name from "SKAT" to "Skatteforvaltningen" was established in 2005 by legal order no. 976, signed on 17 October 2005. The authority was named 'SKAT', which was always written in uppercase letters. Directly translated, 'SKAT' means "TAX" or "TAXES". The official English name for 'SKAT' was, "The Danish Customs and Tax Administration". As a ministerial authority, it had separate legal personality at all times and continues to have so, regardless of the name change.

4.5 In the years after 2005 there were made major organizational changes within the authority SKAT, following the adoption of numerous legal orders and circulars. On 1 January 2018 the organization of SKAT was governed by legal order no. 1151, which was adopted on 3 December 2012. As stated in a styresignal (circular) of 21 December 2017, on access to information,[4] SKAT decided to reorganize its internal structure by 1 January 2018 and to establish 7 new *forretningsområder* (business areas) The names of these business areas were the following:

1. Gæld i SKAT (Debt Collection in SKAT)
2. Told i SKAT (Customs in SKAT)
3. Vurdering i SKAT (Property Assessment in SKAT)
4. Motor i SKAT (Motor Vehicles in SKAT)
5. Person, erhverv og selskab i SKAT (Private persons, business and companies in SKAT)
6. Udvikling of forenkling i SKAT (IT and development in SKAT)
7. Administration og service i SKAT (Administration and Services in SKAT)

According to the circular all the business areas were parts of just one authority, namely SKAT. The circular concluded that all correspondence between the business areas would, therefore, remain internal correspondence.

---

[3] U 1999.733 H.
[4] SKAT-STY. 17-1978787 af 21/12 2017.

4.6 The restructuring of the business areas within SKAT was made without any amendments to legal order no. 1151. Furthermore, the restructuring did not change the balance of power within the Ministry of Taxation. The ministerial borders of the authority were not altered. After the implementation of the new business area plan, SKAT could rely on its own organizational powers to implement its new structure. Moreover, SKAT continued to operate under legal order no. 1151 based on the new "business area" structure. The creation of the "business area" structure was, however, a temporary solution; and it was stated in the circular of 21 December 2017, that the seven business areas would become the seven new styrelser (agencies) of the authority Skatteforvaltningen after 1 July 2018. This was achieved by adopting legal order no. 804 which revoked legal order no. 1151. According to this order, the duties of the customs and tax administration under legal order no. 804 was placed under the authority Skatteforvaltningen on the exact same legal basis as the authority SKAT.

4.7 Section 1 of legal order no. 804 states that the following seven entities are part of the authority Skatteforvaltningen:

1. Gældsstyrelsen (The Debt Collection Agency)
2. Toldstyrelsen (The Customs Agency)
3. Vurderingsstyrelsen (The Property Assessment Agency)
4. Motorstyrelsen (The Motor Vehicle Agency)
5. Skattestyrelsen (The Tax Agency)
6. Udviklings- og forenklingsstyrelsen (The IT and development Agency)
7. Administration og servicestyrelsen (Administration and Services Agency)

The order of the agencies on this list has here been re-arranged to demonstrate that the seven styrelser of the authority Skatteforvaltningen are identical to the seven business areas of SKAT with the exception of the new agency Skattestyrelsen, which kept the name "Skat" and just added the word "styrelse". As mentioned in the above, neither the word "forretningsområde" nor the word "styrelse" has a legal definition. They are simply names for the entities of the authority SKAT that as of 1 July 2018 became entities of the authority Skatteforvaltningen.

4.8 Skatteforvaltningen also took the over the CVR-nummer (Central Business Register number) 19552101 which until 1 July 2018 belonged to SKAT. It follows from Section 3, paragraph 3 of *lov om det centrale virksomhedsregister* (The Central Business Register Act) that administrative state entities are registered in the Central Business Register if amongst others, they act in their own capacity and control their own budget. Skatteforvaltningen also took over SKAT's independent *Borger- og retssikkerhedschef* (an ombudsman institution).[5] Furthermore Skattestyrelsen continued to operate under the English name for "SKAT", namely "The Danish Customs and Tax Administration".

---

[5] Den juridiske vejledning 2018-2, A.A.1.2. Borger- og retssikkerhedschefen og DPO.

6

4.9 It follows from the above, that comprehensive changes were made within the authority "SKAT" in the months leading up to the adoption of legal order no. 804 which revoked legal order no. 1151 by 1 July 2018. However, the restructuring of the agency SKAT with the introduction of "business areas" as of 1 January 2018 that were renamed "styrelser" on 1 July 2018 as well as the change of the name "SKAT" to "Skatteforvaltningen" on the same date following legal order no. 804, did not constitute a change of identity of the authority. The authority remained to be the same authority only with a new name. The changes did not transfer SKAT's right and obligations to another entity but remained with the same authority. Losses suffered or benefits lost by SKAT therefore constitute losses suffered or benefits lost by Skatteforvaltningen as a matter of Danish law. It is therefore also my assessment that a Danish court in civil litigations would accept a name change from "SKAT" to "Skatteforvaltningen" in the legal documents of a pending case.

## 5. SUMMARY OF CONCLUSIONS REACHED

5.1 As a matter of Danish substantive law:

5.1.1 As a ministerial authority, SKAT had separate legal personality at all times and continues to have so, regardless of the name change.

5.1.2 The restructuring in 2018 and the change of name did not constitute a change of identity of the authority. The authority remained to be the same authority only with a new name. The changes did not transfer SKAT's right and obligations to another entity but remained with the same authority.

5.1.3 Losses suffered or benefits lost by SKAT therefore constitute losses suffered or benefits lost by Skatteforvaltningen.

## 6. STATEMENT OF TRUTH

I confirm that I have made clear which facts and matters referred to in this report are within my own knowledge and which are not. Those that are within my own knowledge I confirm to be true. The opinions I have expressed represent my true and complete professional opinions on the matters to which they refer.

Signed: _[signature]_

Date: 14 February 2019

Frederik Waage
Associate professor, dr.jur., LMM
Department of Law, University of Southern Denmark

**[Pages Intentionally Omitted for Length. To be Provided at the Court's Request.]**