UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION,<br><br>This document relates to 1:18-cv-05053-LAK | MASTER DOCKET<br><br>Case No. 1:18-md-02865-LAK |

# MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS LTD.'S <u>MOTION FOR PROTECTIVE ORDER</u>

Defendant ED&F Man Capital Markets Ltd. ("ED&F") hereby moves, through its attorneys, pursuant to Rule 5.2(a) and (e) of the Federal Rules of Civil Procedure, for a protective order permitting ED&F to file a redacted version of a document inadvertently filed in unredacted form as Exhibit C (Document 170-3), to ED&F's Motion to Dismiss. Document 170-3, as filed, contained bank account and tax ID numbers on pages 1, 7, and 8, relating to Sheldon Goldstein and the Goldstein Law Group 401(K) Profit Sharing Plan (the "Goldstein Defendants"), both parties in this litigation. Counsel has redacted this document and now seeks to re-submit it to the Court. A true and correct copy of Exhibit C (Document 170-3) in redacted form is attached as Exhibit A to the accompanying Declaration of Brian S. Fraser ("Fraser Dec.").

FRCP Rule 5.2., entitled "Privacy Protection For Filings Made with the Court," states:

> (a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

>> (1) the last four digits of the social-security number and taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial-account number.

Rule 5.2 (e) allows for issuance of a protective order, redacting the sensitive information, upon a showing of good cause.  "For good cause, the court may by order in a case ... requir[ing] redaction" of information other than social security numbers and other data expressly protected under Rule 5.2(a)). Ordinarily, 'good cause' is satisfied if "a 'clearly defined and serious injury' ... would result from disclosure of the document." *Nycomed US, Inc. v. Glenmark Generics, Inc.,* No. 08-CV-5023 CBA, 2010 WL 889799, at *2 (E.D.N.Y. Mar. 8, 2010), citing *Allen v. City of New York,* 420 F.Supp.2d 295, 302 (S.D.N.Y. 2006) (quotations and citations omitted); J. Moore, 6 *Moore's Federal Practice & Procedure* § 26.104[1], at 510-12 (3d ed. 2009). None of the exemptions under FRCP Rule 5.2 (b) applies in this matter.

Good cause exists given the potential for identity theft or other economic injury to the Goldstein Defendants if this sensitive financial information remains unredacted and available to the public through remote electronic access or otherwise.  (*See* FRCP Rule 5.2 (e)); *see also Lima LS PLC v. PHL Variable Ins. Co.,* 2014 WL 11320831 (D. Conn. 2014) (granting protective order for confidential financial information); *Sterbens v. Sound Shore Med. Ctr.,* No. 01 Civ. 5980(SAS)(KNF), 2001 WL 1549228, at *3 (S.D.N.Y. Dec. 5, 2001) (personnel files containing financial, and personal data typically viewed as private and therefore subject to protective order preventing disclosure to public). Absent a protective order, confidential and sensitive personal financial information would remain unprotected, causing serious potential harm to the Goldstein Defendants.

There is no countervailing or competing interest involved here that would caution against protecting this information. While ED&F is not personally harmed by disclosure of the financial information, it seeks this order on behalf of the Goldstein Defendants out of concern about the harm, including competitive harm, they would suffer if their confidential information were disclosed to competitors and others.

In light of this specific and serious risk of harm, ED&F Man is entitled to a protective order permitting the redaction of the sensitive information (in the form submitted herewith as Exhibit A to the Fraser Dec.).

Respectfully submitted,

Dated:   September 13, 2019
         New York, New Yok

**AKERMAN LLP**

By:   */s/ Brian S. Fraser*
      Brian S. Fraser
      Kristen G. Niven
      brian.fraser@akerman.com
      kristen.niven@akerman.com
      666 Fifth Avenue, 20th Floor
      New York, NY 10103
      Telephone:  (212) 880-3800
      *Attorneys for Third-Party Defendant ED&F Man Capital Markets, Ltd.*