**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX
REFUND SCHEME LITIGATION,

This document relates to 1:18-cv-05053-LAK

MASTER DOCKET

Case No. 1:18-md-02865-LAK

<u>**THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS, LTD.'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT PURSUANT TO RULE 12(b)(2) OR FOR *FORUM
NON CONVENIENS* OR IN THE ALTERNATIVE TO STAY ALL PROCEEDINGS
AGAINST IT**</u>

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................... 1

ARGUMENT ............................................................................... 1

   I.   The Goldstein Defendants Have Not Asserted Any Facts That Support Personal Jurisdiction Over ED&F Man ................................................. 1

      A.  The Unpled Volcafe Allegations Are Immaterial and Lack a New York Nexus ........ 2

      B.  The Communications That Purportedly Underlie the Third-Party Claims Are Not Directed at New York ................................................. 4

      C.  Personal Jurisdiction Cannot Be Asserted Over Non-Existent Tort Claims ................. 5

   II.  ED&F Man Did Not Purposefully Avail Itself of the Forum ........................................... 6

   III. The Goldstein Defendants Have Not Demonstrated Any Other Basis for The Court's Exercise of Personal Jurisdiction ........................................... 8

   IV. The Goldstein Defendants' Alternative Request to Amend the Third-Party Complaint or Take Jurisdictional Discovery Should Be Denied ........................................ 9

CONCLUSION ............................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*,
98 F.3d 25 (2d Cir. 1996) ............................................................................................7

*Beatie & Osborn LLP v. Patriot Sci. Corp.*,
431 F. Supp. 2d 367 (S.D.N.Y. 2006) ..........................................................................7

*See Bristol-Meyers Squibb v. Superior Court of California, San Francisco
County*, 137 S. Ct. 1773, 1777 (2017) .........................................................................7

*Daimler AG v. Bauman*,
571 U.S. 117, 134 S. Ct. 746 (2014) ........................................................................1, 5

*Dennis v. JPMorgan Chase & Co.*,
343 F. Supp. 3d 122 (S.D.N.Y. 2018) ....................................................................4, 10

*Giudi v. Inter-Continental Hotels Corp.*,
224 F.3d 142 (2d Cir. 2000) .........................................................................................9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915, 131 S. Ct. 2846 (2011) ..........................................................................3

*Gucci America, Inc. v. Weixing Li*,
135 F. Supp. 3d 87 (S.D.N.Y. 2015) ............................................................................7

*Hiscox Ins. Co. v. Bordenave*,
No. 18 CIV. 10222 (PAE), 2019 WL 2616338 (S.D.N.Y. June 26, 2019) ................6

*Laydon v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*,
No. 12 CIV. 3419 (GBD), 2017 WL 1113080 (S.D.N.Y. Mar. 10, 2017) .............3, 5

*Laydon v. Mizuho Bank, Ltd.*,
No. 12 CIV. 3419 GBD, 2015 WL 1515358 (S.D.N.Y. Mar. 31, 2015) .....................3

*Lazare Kaplan Int'l Inc. v. KBC Bank N.V.*,
337 F. Supp. 3d 274 (S.D.N.Y. 2018) ..........................................................................9

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
732 F.3d 161 (2d Cir. 2013) .........................................................................................6

*Nike, Inc. v. Wu*,
349 F. Supp. 3d (S.D.N.Y. 2018) .................................................................................6

*Rusaid v. Picket & Cie*,
     28 N.Y.3d 316 ...................................................................................................................7

*Smith v. United States*,
     554 F. App'x 30 (2d Cir. 2013) .....................................................................................9

*Sonterra Capital Master Fund, Ltd. v. Barclays Bank PLC*,
     366 F. Supp. 3d 516 (S.D.N.Y. 2018)............................................................................3

*State Farm Fire & Cas. Co. v. Sqizz Style, Inc.*,
     246 F. Supp. 3d 880 (S.D.N.Y. 2017)............................................................................8

*Sullivan v. Barclays PLC*,
     No. 13-CV-2811 (PKC), 2017 WL 685570 (S.D.N.Y. Feb. 21, 2017) ................................4, 8

*Vasquez v. Hong Kong & Shanghai Banking Corp., Ltd.*,
     No. 18 Civ. 1876 (BAE), 2019 WL 3252907 (S.D.N.Y. July 19, 2019).................................7

*Wing Shing Prod. (BVI), Ltd. v. Simatelex Manufactory Co.*,
     479 F. Supp. 2d 388 (S.D.N.Y. 2007)............................................................................4, 7

**Rules**

CPLR § 302(a)(3) .........................................................................................................5, 6

Fed. R. Civ. P. Rule 12(b)(2) .............................................................................................1

Third-Party Defendant ED&F Man[1] respectfully submits this reply memorandum of law in support of its motion to dismiss the Third-Party Complaint pursuant to Rule 12(b)(2), or, alternatively, for *forum non conveniens*, or for a stay pending the resolution of a foreign action.

## PRELIMINARY STATEMENT

In its Memorandum in support of this motion, ED&F Man meticulously recited the allegations against it, such as they are, in the Goldstein Defendants' Third-Party Complaint, which are expressed in a little over one page. ED&F Man then applied recent personal jurisdiction jurisprudence to a liberal construction of those facts, showing that they do not support jurisdiction over ED&F Man in New York (or anywhere else in the United States for that matter).

In their Opp., the Goldstein Defendants ignore the claims of the Third-Party Complaint, and instead focus on a slew of allegations that are nowhere pleaded, relying on ancient personal jurisdiction cases from before the era of *Daimler* and *Walden* which fundamentally changed the way we analyze jurisdiction. Finally, the Goldstein Defendants present arguments premised on unalleged and nonexistent facts, citing cases on a defendant's use of correspondent bank accounts in New York. There is no allegation, however, that ED&F Man maintained such an account here. In fact, the Opp.'s table of contents is simply a list of false statements, as demonstrated below.

## ARGUMENT

### I.     The Goldstein Defendants Have Not Asserted Any Facts That Support Personal Jurisdiction Over ED&F Man

The Goldstein Defendants' Opp. introduces a host of new allegations about ED&F Man and other non-party entities that are not in the Third-Party Complaint, including entirely unpled

---

[1] The Goldstein Defendants' Memorandum of Law in Opposition to ED&F Man's Motion to Dismiss ("Opp.") defines the third-party defendant differently, and uses the term "ED&F Man" to refer to the non-party holding company ED&F Man Holdings Limited, which risks confusion as to which entity is the named third-party defendant. For the purposes of this reply memorandum, "ED&F Man" refers to the third-party defendant, the U.K.-based entity ED&F Man Capital Markets, Ltd., and all capitalized undefined terms shall have the same referents as the same terms in the moving memorandum of law in support of the instant motion (the "Memorandum").

theories of liability, and utterly misconstrues their own single-count breach of contract cause of action. Yet even if each of these unpleaded, exaggerated, and often entirely speculative claims were credited for the purpose of this motion, they would still fail to make out a prima facie case for this Court's personal jurisdiction over ED&F Man.

A.   The Unpled Volcafe Allegations Are Immaterial and Lack a New York Nexus

The Opposition imagines a scheme between ED&F Man, organized and headquartered in London, its parent company ED&F Man Holdings, Ltd. ("Holdings"), also based in London, and Volcafe, a Swiss company owned by Holdings[2], to devise a trading plan involving the subject transactions with the Goldstein Plan's out-of-state investment advisor, which it baselessly calls "self-dealing," to extract "materially higher fees from its American pension plan clients than would otherwise have been possible or commercially reasonable under prevailing market conditions," simply because the existence of the Double-Taxation treaty made shares in Danish companies owned by American pension plans eligible for dividend reclaim applications (Opp. pp. 5-6, 16-17). Yet, the Third-Party Complaint never mentions Volcafe, never alleges any "self-dealing" and nowhere states a tort or other wrongdoing based on the allegations implied in the Opp.

Indeed, the Third-Party Complaint does not allege any wrongdoing by ED&F Man, much less fraud, and specifically denies SKAT's allegations that the refund claims submitted on their behalf were fraudulent. (Amended Answer, Niven Decl. Ex. A, at ¶ 45). The Goldstein Defendants' attempt to defeat the motion to dismiss by painting ED&F Man as an intentional wrongdoer in an imagined scheme, contorting both the undisputed facts and the Goldstein Defendants' own allegations, fails. Just as they have not demonstrated personal jurisdiction over

---

[2] The Opp. also tries to allege that Volcafe is an undisclosed entity or that ED&F Man somehow omitted material information in failing to mention it. (See Opp. p. 6). This is unavailing and disingenuous considering that the Third-Party Complaint does not even mention it, and the Opp. cites web pages from the entirely public ED&F Man website clearly disclosing the affiliation. (Opp. p. 3)

ED&F Man on the basis of the only claim asserted – breach of contract – they cannot demonstrate that the Court has jurisdiction over ED&F Man based on non-existent causes of action. "A plaintiff [] 'must establish the court's jurisdiction with respect to *each* claim asserted.'" *Sonterra Capital Master Fund, Ltd. v. Barclays Bank PLC*, 366 F. Supp. 3d 516, 562 (S.D.N.Y. 2018) (emphasis in original) (citing *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004)) (finding no long-arm, only pendent jurisdiction over state law claims).

Moreover, even if such wild speculations were assumed to be true, they still fail to demonstrate *prima facie* that this Court has personal jurisdiction over ED&F Man. It is undisputed that personal jurisdiction must be based on ED&F Man's <u>own contacts</u> with the forum, not on those of either Holdings, which is also domiciled in England, or a vaguely alleged distant corporate cousin such as an unnamed U.S. affiliate of the Swiss entity Volcafe (*See* Parks Decl. ¶ 13). *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 930, 131 S. Ct. 2846, 2857 (2011) (rejecting the belated theory that the petitioners' ties to corporate affiliates in the U.S. should be consolidated). Further, neither the Opp., nor the email exchange attached to the Parks Decl. as Exhibit A, which the Goldstein Defendants inexplicably claim to be material, reveals any additional New York contacts underlying the Third-Party Complaint. *See Laydon v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, No. 12 CIV. 3419 (GBD), 2017 WL 1113080, at *4 (S.D.N.Y. Mar. 10, 2017) ("Plaintiffs plead no facts to suggest that ICAP expressly aimed the effects of their alleged manipulative conduct at the United States" based on electronic chats routed through servers in New York).[3] Even if a transaction between ED&F Man and Volcafe were the basis for a breach

---

[3] Moreover, the allegation that the "EDFMCM" global brand advertised servers in New York that facilitate fast trading (Opp. p. 15) does not claim that these were owned or maintained by ED&F Man, and in any case cannot demonstrate that any of ED&F Man's trading activity was "expressly aimed" at the forum. "Communications that 'passed through and/or were stored within the United States' are insufficient to assert personal jurisdiction over a defendant." *Laydon v. Mizuho Bank, Ltd.*, No. 12 CIV. 3419 GBD, 2015 WL 1515358, at *3 (S.D.N.Y. Mar. 31, 2015).

of contract with the Goldstein Defendants or the claims by SKAT, which is nowhere alleged, there is no suit-related conduct that ED&F Man directed to New York. Exhibit A shows only communications between ED&F Man in London and Volcafe in Switzerland. *See Sullivan v. Barclays PLC*, No. 13-CV-2811 (PKC), 2017 WL 685570, at *44 (S.D.N.Y. Feb. 21, 2017) ("[P]laintiffs' allegations concerning defendants' misconduct does not allege a United States nexus to UBS's Euribor manipulation.").

    B.    <u>The Communications That Purportedly Underlie the Third-Party Claims Are Not Directed at New York</u>

The Goldstein Defendants also failed to demonstrate that communications that allegedly gave rise to the subject transactions were directed at New York. None of the communications submitted in opposition to this motion were directed at any party in New York, but rather at the Goldstein Plan's authorized representative pursuant to the Power of Attorney, Stacey Kaminer, a Utah[4] resident and an authorized signatory for Acer Investment Group, a Delaware company with its principal office in Florida.[5] (*See* Parks Decl. Exs. B-E; Niven Decl. Ex. D). Moreover, even if these communications had occurred between ED&F Man in London and a representative that happened to be in New York, they do not rise to the level of "transacting business" in New York for the purpose of long-arm jurisdiction. *See Wing Shing Prod. (BVI), Ltd. v. Simatelex Manufactory Co.*, 479 F. Supp. 2d 388, 398 (S.D.N.Y. 2007) (distinguishing cases where communications to New York constituted purposeful availment and finding that the transactions were connected to New York only as the "fortuitous result of *Sunbeam's* designation of Bank One as the collecting bank."); *Dennis v. JPMorgan Chase & Co.,* 343 F. Supp. 3d 122, 205 (S.D.N.Y.

---

[4] *See* 2015-16 SEC Audited Reports for Acer Investment Group LLC, annexed to the Reply Declaration of Kristen G. Niven in Support of ED&F Man's Motion to Dismiss the Third-Party Complaint ("Niven Reply Decl.") as Ex. 1.
[5] *See* Company Information Page for Acer Investment Group, LLC, annexed to the Niven Reply Decl. as Ex. 2.

2018) (Kaplan J.) (the alleged harm was not caused by any transactions that the Defendants entered into in the forum, and such transactions were not acts in furtherance of the alleged conspiracy).

Finally, the Opp. has alleged no additional facts about ED&F Man's contacts with New York. They instead rely on the website and wide reach of affiliated entities under what they call the EDFMCM "brand", improperly conflating those affiliates with ED&F Man. This is an improper attempt to conflate separate legal entities for purposes of jurisdictional analysis, a ploy that has been firmly rejected by courts in this District that have been confronted with it. *See, e.g.*, *Laydon*, 2017 WL 1113080, at *7. *See also Daimler AG v. Bauman*, 571 U.S. 117, 134–36, 134 S. Ct. 746, 759-60 (2014). Moreover, if every commercial entity that had access to New York markets or potential contact with New York residents was thereby made subject to personal jurisdiction in this forum, there would be virtually no limitation on this Court's jurisdiction. *See Daimler*, 571 U.S. at 137–39, 134 S. Ct. at 760-61 (2014) ("Plaintiffs would have us…approve the exercise of general jurisdiction in every state in which a corporation 'engages in a substantial, continuous, and systematic course of business.…Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.") (citations omitted).

C.    Personal Jurisdiction Cannot Be Asserted Over Non-Existent Tort Claims

The Goldstein Defendants also fail to provide a basis for personal jurisdiction based on tort claims that do not exist in the Third-Party Complaint. In the Opp., they quixotically attempt to rely on CPLR § 302(a)(3) as a basis for New York long-arm jurisdiction (Opp., p. 17), which "allows New York courts to exercise jurisdiction over a foreign defendant that commits a tortious act outside the state 'causing injury to person or property within the state.'" Yet this ignores the irrefutable fact that the Goldstein Defendants have not alleged any tortious act or fraud by ED&F Man in the Third-Party Complaint, which only asserts a hypothetical breach of contract. The

5

referenced paragraph 90 does not allege, as the Opp. misleadingly states, that ED&F Man "defrauded" the Goldstein Plan and SKAT (Opp., p. 19), indeed it does not allege any wrongdoing or harm. It states only that it relied on ED&F Man's good reputation. (*See* Amended Answer, ¶ 90). Nor does the Amended Answer or Third-Party Complaint anywhere allege the elements of fraud or any other tort. Accordingly, the alternative "effects" basis for jurisdiction of the New York long-arm statute, is inapplicable, as there is no claim of tortious conduct from which to find any effects for the purpose of New York long-arm jurisdiction. *See Hiscox Ins. Co. v. Bordenave*, No. 18 CIV. 10222 (PAE), 2019 WL 2616338, at *7–8 (S.D.N.Y. June 26, 2019) (finding no tortious activity on which to base long-arm jurisdiction under CPLR 302(a)(3) in an action regarding the parties' respective rights and obligations under insurance contracts).

Thus, even crediting every new allegation that is absent from the Third-Party Complaint, and every piece of evidence submitted with the Opp., the Goldstein Defendants irredeemably fail to demonstrate that there is any basis to assert jurisdiction over ED&F Man.

## II.  **ED&F Man Did Not Purposefully Avail Itself of the Forum**

Perhaps the Goldstein Defendants' most grasping argument is their attempt to claim ED&F Man purposefully availed itself of New York through "use" of a New York bank account, which is actually held by the Goldstein Plan, as the Opp. admits at p. 7.[6] This is a critical point that distinguishes the facts at issue here from all of the cases cited in the Opp. on this issue, all of which consider the exercise of personal jurisdiction over foreign banks that maintained and used their own U.S. correspondent accounts to facilitate transferring money to customer accounts. *See*, *e.g.*, *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013); *Nike, Inc.*

---

[6] *See also* Niven Decl. Ex. C, at Section 7, in which the Goldstein Plan was directed to "provide the details of the Bank account that **you** will use to make and receive payments in connection with the trading activities on your [ED&F Man brokerage] account." (emphasis added).

*v. Wu*, 349 F. Supp. 3d, 323-324 (S.D.N.Y. 2018); *Gucci America, Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 95 (S.D.N.Y. 2015); *Vasquez v. Hong Kong & Shanghai Banking Corp., Ltd.*, No. 18 Civ. 1876 (BAE), 2019 WL 3252907 (S.D.N.Y. July 19, 2019); *Rusaid v. Picket & Cie*, 28 N.Y.3d 316. Here, by contrast, the JP Morgan Chase bank account is held by the Goldstein Defendants, and is completely inaccessible to ED&F Man, except that the Goldstein Defendants use it to make and receive payments from their U.K.-based ED&F Man brokerage account.

It is undisputed that a contractual relationship with a resident is not enough to confer long-arm jurisdiction over a non-resident in New York. (Opp. p. 8). *See Bristol-Meyers Squibb v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1777 (2017). Although the Opp. misleadingly refers to "solicitations" of trades underlying the primary claims in the MDL, notwithstanding the fact that none of these were with a New York-based contact, these were not solicitations of business, but communications that were sent in the course of ED&F Man's performance of the various agreements with the Goldstein Plan, all of which were executed in the U.K., apply English law, and concern the Goldstein Plan's ED&F Man brokerage account in the U.K. Therefore, none of these communications constitute transaction of business under New York's long-arm statute or purposeful availment under the standards of due process, even if they had been with a New York resident. *See Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 387-88 (S.D.N.Y. 2006) (communications about an existing contract from out-of-state defendant was not transaction of business under New York's long-arm statute).

The Opp. also ignores the fact that, aside from the nonexclusive forum selection clauses, the choice of law clauses in the agreements all select English law, which does bear on whether the foreign third-party defendant "transacted business" within the forum state for the purpose of long-arm jurisdiction *See Wing Shing*, 479 F. Supp. 2d, at 397-398; *Agency Rent A Car Sys., Inc. v.*

*Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). The Goldstein Defendants have accordingly ignored some of the most relevant and undisputed facts bearing on whether exercising personal jurisdiction over ED&F Man comports with due process, while pinning their purposeful availment argument on a disingenuous claim that ED&F Man intentionally "used" a New York bank account that it neither owns nor manages. This does not, and cannot, make a *prima facie* case that the Court has personal jurisdiction over ED&F Man.

## III.   The Goldstein Defendants Have Not Demonstrated Any Other Basis for The Court's Exercise of Personal Jurisdiction

The Goldstein Defendants' claims that New York has a significant interest in adjudicating this dispute are misplaced. Unlike in *State Farm Fire & Cas. Co. v. Sqizz Style, Inc.*, 246 F. Supp. 3d 880 (S.D.N.Y. 2017), which found New York's interests in litigating an action against a Swiss manufacturer of air purifiers sold and used in the forum to be significant for the reasonableness prong of the due process inquiry, the facts at issue here do not weigh in favor of exercising personal jurisdiction. The fact that the Goldstein Defendants were New York residents when they entered into various contracts with ED&F Man in 2012 (they subsequently became residents of Florida (*See* Third-Party Complaint at Counterclaim ¶ 1)) was incidental to the trades; the trades were not purposefully aimed at New York. Because none of ED&F Man's activities were directed at New York, the nexus of the alleged activities with the claims is irrelevant. *Sullivan*, 2017 WL 685570, at *45 (S.D.N.Y. Feb. 21, 2017) ("[T]he underlying 'suit-related conduct must create a substantial connection with the forum,'… a threshold requirement that is not alleged here.") (citation omitted).

Moreover, the Goldstein Defendants' claims that the Court should not exercise its discretion to dismiss ED&F Man on *forum non conveniens* grounds ignores the fact that they specifically agreed not to dispute that the Courts of England are the most convenient forum (*See* Custody Agreement, Niven Decl., Ex. E, at clause 22(e)), and that submitting to the courts of a

foreign legal system in a dispute governed by English law places a burden on ED&F Man. (Memorandum, p. 15, citing *Asahi*, 480 U.S. 102, 114). Additionally, the Opp.'s citation to *Giudi v. Inter-Continental Hotels Corp.* overstates the burden on the Goldstein parties of bringing their action in England. *Giudi* accorded more weight to the burden factor based on the "atypical" fact that the plaintiffs in that action were victims of a terrorist act in Egypt. 224 F.3d 142, 147 (2d Cir. 2000). The Goldstein Defendants, in addition to agreeing that England is the more suitable forum in the contracts, are not burdened by fear of mortal danger, as the plaintiffs were in *Gidui*.

Finally, the Opp. incorrectly asserts that a related foreign action does not bear on *forum non conveniens* considerations, as it clearly bears on the relative interests of the affected fora. *Lazare Kaplan Int'l Inc. v. KBC Bank N.V.*, 337 F. Supp. 3d 274, 297 (S.D.N.Y. 2018). The Opp. also tries to base the forum's interest on a contorted reading of the Third-Party Complaint, claiming that New York has an interest in protecting its citizens where they seek indemnification. (Opp. pp. 24-25, 28). However, the Third-Party Complaint does not state a claim for or even mention indemnification, rather, it claims breach of contract. Therefore Goldstein Defendants' arguments in favor of the Court exercising personal jurisdiction over ED&F Man are unavailing.

## IV.     The Goldstein Defendants' Alternative Request to Amend the Third-Party Complaint or Take Jurisdictional Discovery Should Be Denied

The significant pleading deficiencies in the Third-Party Complaint are not cured by the Goldstein Defendants' Opp. or the supplemental documentation they submit therewith. Their allegations, even taken as true, utterly fail to demonstrate *prima facie* personal jurisdiction over ED&F Man, notwithstanding the many red herrings throughout their Opp. attempting to distract from this fact. "Because these flaws [] even liberally read, are fatal substantive defects that could not be cured by further pleading" the Court should deny the Goldstein Defendants' request for leave to amend their Complaint. *Smith v. United States*, 554 F. App'x 30, 32 (2d Cir. 2013) (citing

*Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000)) ("[A] futile request to replead should be denied.")). Moreover, because they offer no specific proposal for jurisdictional discovery, their general request for jurisdictional discovery should be denied. *See Dennis* 343 F. Supp. 3d 122, 212 (Kaplan J.).

## <u>CONCLUSION</u>

For all of the foregoing reasons, ED&F Man respectfully requests that the Court issue an order dismissing the Third-Party Complaint as against ED&F Man, or alternatively staying the Third-Party Complaint as against ED&F Man pending the resolution of the English Action.


Respectfully submitted,

**AKERMAN LLP**


By:___*/s Brian S. Fraser*_____
      Brian S. Fraser
      Kristen G. Niven
      brian.fraser@akerman.com
      kristen.niven@akerman.com
      666 Fifth Avenue, 20th Floor
      New York, NY 10103
      Telephone: (212) 880-3800

      *Attorneys for Third-Party Defendant ED&F Man*
      *Capital Markets, Ltd.*