

Brian S. Fraser

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY 10103

D: 212 259 6472
T: 212 880 3800
F: 212 880 8965
DirF: 212 259 7197

October 1, 2019

**BY ECF AND HAND DELIVERY**

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
500 Pearl Street
New York, NY 10007

    Re:    *In re: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Litigation*, 18-md-2865-LAK; *Skatteforvaltningen v. The Goldstein Law Group PC 401(K) Profit Sharing Plan et al.*, 18-cv-5053-LAK

Dear Judge Kaplan,

    We write on behalf of Third-Party Defendant ED&F Man Capital Markets Limited ("ED&F Man"), in response to the letter filed by the Defendants–Third-Party Plaintiffs the Goldstein Law Group PC 401(K) Profit Sharing Plan and Sheldon Goldstein (collectively the "Goldstein Defendants") on September 29th, 2019 in the above-referenced action (*See* ECF Doc No. 203).

    In our letter to the Court dated September 27, 2019 (ECF Doc No. 202) we provided the Court with ED&F Man's Amended Defence in the related action in England for the sole purpose of keeping the Court apprised of the developments in the English proceedings, which are referenced in ED&F Man's motion to dismiss the Third-Party Complaint for lack of personal jurisdiction or on the grounds of *forum non conveniens*, or alternatively for a stay pending the resolution of the English proceedings. We also informed the Court that nothing in the Amended Defence has any bearing on ED&F Man's pending motion. In their letter in response, the Goldstein Defendants concede "that the Amended Defence presents no new facts material to the issues of personal jurisdiction or *forum non conveniens*." *See* ECF Doc. No. 203, at 2. The Goldstein Defendants, however, also advised the Court that they intend to "soon move this Court for leave to file a Second Amended Answer, Counterclaims, and Third-Party Complaint alleging additional claims against ED&F Man, including fraud." *Id.*

    We respectfully submit that the Goldstein Defendants' proposed motion for leave to file an amended pleading would be futile because this Court lacks personal jurisdiction over ED&F Man.

akerman.com

Hon. Lewis A. Kaplan
October 1, 2019
Page 2

_____

S*ee Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 236 (S.D.N.Y. 2015), aff'd sub nom. *Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236 (2d Cir. 2017) (denying leave to amend complaint upon granting motion to dismiss because "[b]ased on Tannerite's failure to make out a prima facie case for personal jurisdiction over WLEX . . . it would be futile to permit Tannerite to further amend its Complaint"). ED&F Man has moved to dismiss the Third-Party Complaint on the basis, *inter alia*, that ED&F Man lacks the minimum contacts with this forum necessary for the Court to exercise personal jurisdiction over it. Nothing in the Third-Party Complaint, the Goldstein Defendants' opposition to the motion (which contained allegations not found in their complaint), or the Amended Defence demonstrates otherwise. *See Padmanabhan v. New York Inst. of Tech. Campus, New York*, No. 18 CIV. 5284 (ER), 2019 WL 4572194, at *6 (S.D.N.Y. Sept. 20, 2019) (denying leave to replead where Plaintiff "has not given any indication that he is in possession of facts that would cure the problems identified in the instant motion to dismiss.")

      Finally, we wish to note that, contrary to statements made in the Goldstein Defendants' letter, ED&F Man did not admit in the Amended Defence "that the Goldstein Parties did not own the relevant Danish securities" or "that it prepared and provided the Goldstein Parties with false documents", as the Goldstein Defendants claim (ECF Doc. No. 203, at 2). *See* Amended Defence, ECF Doc No. 202-1.

                                        Respectfully Submitted,

                                         */s/ Brian S. Fraser*

                                        Brian S. Fraser

cc:     All counsel of record (via ECF)