UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION,<br><br>This document relates to: 1:18-cv-05053 | MASTER DOCKET<br><br>Case No. 1:18-md-02865-LAK |

## THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS, LTD.'S MOTION FOR A PROTECTIVE ORDER

Third-Party Defendant ED&F Man Capital Markets, Ltd. ("ED&F") hereby moves for an order protecting it from being required to respond to the Requests for Production of documents that the Plaintiff Skatteforvaltningen ("SKAT") served on ED&F's New York counsel on September 30, 2019 (attached as Exhibit 1). In support, ED&F states as follows:

### BACKGROUND

1. ED&F was brought into this action as a third-party defendant through the Third-Party Complaint of Defendants-Third Party Plaintiffs Goldstein Law Group PC 401(K) Profit Sharing Plan and Sheldon Goldstein (collectively, the "Goldstein Defendants") which was served on May 22, 2019. The sole cause of action alleged against ED&F is a vague claim for breach of contract against a foreign corporation.

2. ED&F moved on August 5, 2019 to dismiss the Goldstein Defendants' third-party complaint on the grounds that this Court does not have personal jurisdiction over ED&F and on grounds of forum non conveniens or in the alternative for a stay pending the outcome of related

proceedings in London (the "English Action") to which both ED&F and SKAT are parties. (Dkt. 74). ED&F's motion to dismiss has been fully briefed and is awaiting a ruling from the Court.

3. SKAT has asserted no claims against ED&F in this multi-district action. Instead, SKAT initiated an action against ED&F and other defendants in the United Kingdom on May 4, 2018. The English Action, which is ongoing, arises from the same factual circumstances as those raised in this matter. (Declaration of Luther Kisanga).

## ARGUMENT

4. A party, for good cause, may seek a protective order to preclude discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party can show good cause by setting forth "particular and specific facts" as to why protection is necessary. *See Kent v. The New York State Public Employees Federation, AFL-CIO*, 2019 WL 457544, *1 (S.D.N.Y. Feb. 5, 2019). ED&F has good cause because (1) the Court has no personal jurisdiction over ED&F, and therefore requiring it to respond to discovery prior to a decision on the motion to dismiss would result in significant and unnecessary burden and expense, and (2) SKAT is inappropriately attempting to circumvent the disclosure rules in England by issuing discovery pursuant to the Federal Rules in this court that bears only on the English Action.

5. ED&F should not be subjected to the burdensome and needless discovery requests SKAT has served upon it until this Court has determined whether it has personal jurisdiction over ED&F. The Goldstein Defendants' third-party complaint fails to allege any basis for the Court to exercise its jurisdiction over ED&F. The contracts that are the subject of the purported breach of contract claim have no bearing on the underlying claims brought by SKAT, and only bear on the relationship between ED&F and the Goldstein Plan. These agreements were executed, delivered, and performed by ED&F exclusively in the United Kingdom, and explicitly identify England as the governing law and forum.

6. The Goldstein Defendants do not allege that ED&F has any contacts with the forum state, much less the sufficient minimum contacts required to establish personal jurisdiction. Instead, the only basis the Goldstein Defendants assert for the Court's jurisdiction is the underlying claims brought voluntarily in this forum by SKAT against the Goldstein Defendants—not ED&F.

7. Given the Court's lack of personal jurisdiction over ED&F, and ED&F's pending motion to dismiss on that basis, it would be inappropriate to subject ED&F to discovery in this case. *See e.g.*, *Dietrich v. Bauer*, 2000 WL 1171132, at *2 (S.D.N.Y. Aug. 16, 2000) ("[A] district court has the power to impose discovery . . . *when it has personal jurisdiction over the foreign party*.") (emphasis added); *City of New York v. FedEx Ground Package Sys., Inc.*, 2018 WL 4625765, *3 (S.D.N.Y. Sept. 26, 2018) (finding a stay of discovery appropriate in light of pending dispositive motion). Moreover, SKAT's discovery is unquestionably directed to the merits of its claims against ED&F at issue in the English Action, where the court has unquestioned jurisdiction. Requiring ED&F to engage in discovery, despite the lack of jurisdiction, would result in significant and unnecessary burden and expense and is improper.

8. SKAT's discovery is also inappropriate because SKAT has no claims against ED&F in this action. Thus, SKAT's discovery is an attempt to compel ED&F, via the back door, to produce documents in the United States for use in the English Action where SKAT and ED&F are well along negotiating the scope of discovery in accordance with the English Court Rules (see Declaration). Such an attempt is an abuse of discovery in this Court, and would result in a clear and serious injury to ED&F. Good cause therefore exists for this Court to enter the protective order requested.

                Respectfully submitted,

Dated: October 18, 2019                 Akerman LLP

                By: /s/ Brian S. Fraser
                Brian S. Fraser (brian.fraser@akerman.com)
                Kristen Niven (kristen.niven@akerman.com)
                666 Fifth Avenue, 20th Floor

New York, NY 10103
(212) 880-3800

*Attorneys for ED&F Man Capital Markets, Ltd.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2019 a true and correct copy of Third-Party Defendant ED&F Man Capital Markets Ltd.'s Motion for a Protective Order was served on all counsel of record, by electronic filing on the CM/ECF filing system.

*/s Brian S. Fraser*
Brian S. Fraser