

Brian S. Fraser

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103

D: 212 259 6472
T: 212 880 3800
F: 212 880 8965
DirF: 212 259 7197

October 25, 2019

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*Re:  In re Customs and tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation, 18-md-2865 (LAK)*

Dear Judge Kaplan:

  We are counsel for third-party defendant ED&F Man Capital Markets, Ltd. ("ED&F") and we write in support of ED&F's motion for a protective order (Dkt. #208), and in response to SKAT's opposition to that motion.

  As ED&F argues in its motion for a protective order, the Court's lack of personal jurisdiction over ED&F, and ED&F's pending motion to dismiss on that basis (Dkt. #74) makes it inappropriate to subject ED&F to discovery in this case. SKAT's document request, which was appended to ED&F's motion for a protective order for the Court's reference (Dkt. #208-1), is comprised of 26 requests that seek documents regarding the 36 plans identified in Schedule B together with their "affiliates, subsidiaries, predecessors, successors, assigns, principals, officers, directors, employees, agents, representatives, trustees, and attorneys" on many broad topics, such as "[a]ll communications with the Plans concerning the Accounts, Claims, Dividends, Refunds or Shares" (No. 18) and "[a]ll communications between You and any other person or entity concerning the Shares, Plans, Claims, Refunds, Dividends and Account(s)" (No. 22).

  All responsive documents are located in London, where discovery between these two parties is already ongoing. The discovery in London will be both exhaustive and court supervised, and SKAT will be compelled to comply with the English court's rules and orders in the production of its own documents, unlike the one-way discovery it opportunistically seeks in this Court. As SKAT describes ED&F in its proposed opposition to the motion, ED&F is merely a "custodian" (SKAT Br. at 2), thus tacitly acknowledging that there are no claims pending between ED&F and SKAT in this Court and there never will be. With no action against ED&F pending here, SKAT has even less of a claim to discovery from ED&F in this Court than the Goldstein Defendants.

Page 2

      Even apart from the question of personal jurisdiction, both SKAT's and the Goldstein Defendants' claims against ED&F should be heard in London. The contracts that are the subject of the Goldstein Defendants' amorphous breach of contract claim were executed, delivered, and performed by ED&F exclusively in England. Those contracts are expressly governed by English law and state that English courts are the most suitable forum for their enforcement – and "no party will argue to the contrary" (Dkt. #171 at 5). As ED&F's motion to dismiss more fully explains, the Goldstein Defendants' claim should never have been brought against ED&F in the United States in the first place.

      At bottom, SKAT believes it can get one-way discovery from ED&F before the Court dismisses ED&F from the case, which is why SKAT opposes even a temporary delay. That is an abuse of process. SKAT cites cases for the unremarkable proposition that the mere pendency of a motion to dismiss does not require an automatic stay of discovery. But this is not simply a matter of a dispositive motion for failure to state a claim. Indeed, the pending motion to dismiss goes to the heart of whether this Court has jurisdiction over ED&F and presents the question of whether ED&F can even be compelled to produce documents here, which ED&F would contest. SKAT's position pits its own litigation convenience against settled due process obligations. In the most practical terms, however, the burden of going through the expensive process of producing documents when the Court may hold that it does not have jurisdiction is unjustified when balanced against a short delay in production if the Court finds that it does have jurisdiction.

      Finally, SKAT's gratuitous attacks on ED&F have no bearing on either the question of jurisdiction or the request for a protective order. ED&F's Amended Defence in the London proceedings, which ED&F voluntarily disclosed to this Court because it had cited the earlier version of its Defence in its motion to dismiss (Dkt. #209), merely recognizes that 80 of the vouchers which it produced for clients contained inaccuracies. That is a far cry from being what SKAT contends is "just the tip of the iceberg" (Dkt. #213-1 at 2). ED&F's Defence remains otherwise wholly unchanged, not only with respect to the accuracy of the great majority (340) of such vouchers, but also with respect to its position generally that it owed no duty of care to SKAT, made no representations to SKAT, and is not responsible for SKAT's loss. (*See* October 25, 2019 Kisanga Declaration).

      In conclusion, SKAT will not be prejudiced by the proposed protective order because SKAT will get extensive discovery from ED&F in the London case and, if the court finds that it has jurisdiction over ED&F, SKAT will have ample opportunity to seek documents from ED&F in this case.

      Respectfully submitted,

      */s/ Brian S. Fraser*

      Brian S. Fraser

Enclosure

Cc: All counsel of record via email