**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX
REFUND SCHEME LITIGATION,

This document relates to 1:18-cv-05053-LAK

MASTER DOCKET

Case No. 1:18-md-02865-LAK

**MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY DEFENDANT ED&F
MAN CAPITAL MARKETS, LTD.'S MOTION FOR RECONSIDERATION OF THE
COURT'S ORDER DENYING ED&F MAN'S MOTION FOR A PROTECTIVE ORDER
FOR A TEMPORARY STAY OF DISCOVERY**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................II

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF RELEVANT FACTS .............................................................................. 3

ANALYSIS .......................................................................................................................... 6

I.      LEGAL STANDARD ............................................................................................... 6

II.     THE COURT OVERLOOKED PREVAILING AUTHORITY ON THE
        PROPRIETY OF A STAY OF DISCOVERY PENDING A RULING ON A
        MOTION TO DISMISS ............................................................................................ 7

        A.      The Burden on ED&F Man and Breadth of the Requests Are Significant ............. 8

        B.      A Stay Would Not Result in Prejudice to Any Other Parties .............................. 12

        C.      ED&F Man's Personal Jurisdiction and *Forum Non Conveniens*
                Arguments Are Sufficiently Strong to Warrant a Stay ....................................... 13

III.    THE COURT SHOULD RECONSIDER ITS ORDER IN VIEW OF THE
        RECENT FILING OF ADDITIONAL THIRD-PARTY COMPLAINTS AND
        SERVICE OF DISCOVERY REQUESTS .............................................................. 15

CONCLUSION ................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atkinson v. Goord*,
No. 01 CIV. 0761 (LAK), 2002 WL 31095167 (S.D.N.Y. Sept. 19, 2002) (Kaplan, J.) ........15

*Boelter v. Hearst Commc'ns, Inc.*,
No. 15 CIV. 03934 (AT), 2016 WL 361554 (S.D.N.Y. Jan. 28, 2016)............................12, 14

*City of New York v. FedEx Ground Package Sys., Inc.*,
No. 17 Civ. 5183 (ER), 2018 WL 4625765 (S.D.N.Y. Sept. 26, 2018) ...................................8

*In re del Valle Ruiz*,
939 F.3d 520 (2d Cir. 2019)...........................................................................................3, 8, 9

*First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*,
219 F. Supp. 2d 576 (S.D.N.Y. 2002) (Kaplan, J.), aff'd sub nom. *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004)..............................................................16

*Henderson v. Metro. Bank & Tr. Co.*,
502 F. Supp. 2d 372 (S.D.N.Y. 2007)...................................................................................6

*Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*,
297 F.R.D. 69 (S.D.N.Y. 2013) .......................................................................7, 8, 12, 14

*Joseph v. Gnutti Carlo S.p.A.*,
15-cv-8910 (AJN) (SDNY 2016)..........................................................................................5

*Naughright v. Weiss*,
No. 10 CIV. 8451, 2012 WL 2402153 (S.D.N.Y. June 26, 2012)...........................................6

*Negrete v. Citibank, N.A.*,
No. 15 CIV. 7250 (RWS), 2015 WL 8207466 (S.D.N.Y. Dec. 7, 2015) ........................12, 13

*Niv v. Hilton Hotels Corp.*,
No. 06 CIV. 7839 (PKL), 2007 WL 510113 (S.D.N.Y. Feb. 15, 2007)...........................11, 13

*O'Sullivan v. Deutsche Bank AG*,
No. 17-CIV-8709-LTS-GWG, 2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018)............... passim

*Shulman v. Becker & Poliakoff, LLP*,
No. 17CV9330VMJLC, 2018 WL 4938808 (S.D.N.Y. Oct. 11, 2018) ..................................15

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*,
206 F.R.D. 367 (S.D.N.Y. 2002) ......................................................................................9, 15

**Statutes**

28 U.S.C. § 1782 ...........................................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(2) ..............................................................................................2, 5

Fed. R. Civ. P. 26(c) ...............................................................................................2, 7, 13

Fed. R. Civ. P. (d)(1) .....................................................................................................4

Fed. R. Civ. P. 26(f) .......................................................................................................4

Local Civil Rule 6.3 ................................................................................................1, 6, 16

Third-Party Defendant ED&F Man Capital Markets, Ltd. ("ED&F Man") respectfully submits this memorandum of law in support of its motion for an Order (i) pursuant to Local Civil Rule 6.3, granting reconsideration of the Court's Pre-Trial Order No. 11 dated November 7, 2019 (the "November 7 Order") denying ED&F Man's motion for a protective order staying discovery pending the Court's ruling on ED&F Man's motion to dismiss; (ii) vacating the November 7 Order to the extent that the Court has found that the discovery sought from ED&F Man would not be burdensome; (iii) finding that ED&F Man has asserted substantial and potentially dispositive defenses of lack of personal jurisdiction and *forum non conveniens* in support of dismissal of the third-party claims against it; (iv) finding that SKAT would not be significantly prejudiced by a stay; and (v) granting such other and further relief as this Court may deem just and proper.

## PRELIMINARY STATEMENT

In this multi-district litigation ("MDL"), the only controversy between the Plaintiff Skatteforvaltningen ("SKAT") and ED&F Man is SKAT's discovery requests. SKAT has asserted no claims against ED&F Man in the MDL. Rather, SKAT elected to bring separate, non-fraud claims against ED&F Man (and fraud and non-fraud claims against in excess of 90 others) in the courts of England, where ED&F Man is domiciled, on May 4, 2018 (the "English Action"). As such, SKAT submitted to the jurisdiction of the English court in relation to its claims against ED&F Man. In the MDL, ED&F Man has been named in several third-party claims by certain pension plan Defendants. ED&F Man moved on August 5, 2019 to dismiss the Third-Party Complaint of Defendants-Third-Party Plaintiffs Goldstein Law Group PC 401(K) Profit Sharing Plan (the "Goldstein Plan") and Sheldon Goldstein ("Goldstein" and collectively with the Goldstein Plan, the "Goldstein Defendants"), the only third-party claim at the time, pursuant to

Fed. R. Civ. P. 12(b)(2) and the doctrine of *forum non conveniens* or alternatively for a stay pending the resolution of a foreign action (Dkt. No. 171).

The only basis upon which SKAT could seek discovery from ED&F Man in the MDL is the filing of the third-party complaints, which ED&F Man reasonably anticipates will be dismissed on its forthcoming motions. In response to expansive discovery requests by SKAT, ED&F Man filed its motion for a protective order pursuant to Fed. R. Civ. P. 26(c) staying discovery on the basis that: (i) the Court has no personal jurisdiction over ED&F Man, as stated in its motion to dismiss the Goldstein Defendants' third-party complaint, and (ii) SKAT is improperly using this Court's procedures to seek discovery for use in the English Action, among other arguments. (*See generally*, ED&F Man's Motion for a Protective Order dated October 18, 2019 (Dkt. No. 208)).

The Court granted ED&F Man's motion for a protective order on October 22, 2019 (the "October 22 Order"), and ordered that ED&F Man need not respond to the issued discovery requests until the Court has ruled on its motion to dismiss,[1] but reversed itself in the November 7 Order, noting that it was SKAT, and not the Goldstein Defendants, that issued the pending requests. This latter decision overlooked critical facts and prevailing decisional law which require a multi-factor analysis that weighs in favor of granting the stay. Under this analysis, ED&F Man has shown that each factor weighs in favor of a stay because the requests are broad, SKAT would

---

[1] In the October 22 Order, the Court granted ED&F Man's motion to dismiss "purely as a matter of efficiency and administrative convenience" on the basis that the Goldstein Defendants requested leave to file an amended Third-Party Complaint, which the Court also granted in the same order. As recognized by the Court in the October 22 Order, ED&F Man will file another motion to dismiss the amended Third-Party Complaint. ED&F Man's motion will include the still-applicable defenses based on lack of personal jurisdiction and *forum non conveniens*. Accordingly, the potentially dispositive issues to be resolved still apply to the Court's consideration of whether a stay of discovery pending the resolution of these issues is warranted.

not be prejudiced by a stay, and ED&F Man has strong, potentially dispositive arguments in support of a motion to dismiss the third-party claims.

In particular, there is a substantial issue of the Court's personal jurisdiction over ED&F Man that weighs heavily in favor of a stay. The Second Circuit very recently held that a litigant could not obtain discovery from an entity over which the Court does not have personal jurisdiction, concluding that subjecting the foreign entity in that case to discovery would be contrary to due process. *Id.*, at 530-31. *See In re del Valle Ruiz*, 939 F.3d 520, 528-31 (2d Cir. 2019).

SKAT, which has no claims against ED&F Man in the MDL, and which has subjected itself to the jurisdiction of the English courts for the supervision of discovery on its claims against ED&F Man in the English Action, has the ***least*** compelling reasons for seeking discovery from ED&F Man in this forum, and would certainly not be prejudiced by a temporary and limited stay of discovery.

Finally, the various parties to the MDL have taken the Order as a cue to assert additional third-party claims, and related, extremely broad document requests, against ED&F Man, which has the effect of increasing the already substantial burden on ED&F Man in view of its compelling motion to dismiss for lack of jurisdiction. ED&F Man respectfully submits that the Court reconsider the November 7 Order and grant a stay of discovery to ED&F Man pending a ruling on its motion to dismiss the third-party claims in the MDL.

## **STATEMENT OF RELEVANT FACTS**

ED&F Man raised substantial, meritorious and potentially dispositive arguments in its motion to dismiss the Goldstein Defendants' third-party complaint (Dkt. No. 171). These issues have since become critical to four (and potentially more) individual cases in the MDL, as there are

now four operative third-party complaints against ED&F Man, including an amended third-party complaint by the Goldstein Defendants.[2]

SKAT's opposition to the motion for a protective order, although attempting to inject allegations of wrongdoing against ED&F Man, admits that SKAT's only claims against ED&F Man are being litigated in the English High Court. (Doc No. 213-1, at p. 1). ED&F Man and SKAT have exchanged the equivalent of party discovery requests in the English Action, and are participating in a three-day Case Management Conference with the English court in January of 2020, where the scope of discovery in that action will be finalized. Following the conference, the parties will engage in timely and reciprocal document exchange in accordance with the English Court's order. (*See* October 18, 2019 Declaration of Luther Kisanga, Doc. No. 209).

It is indisputable that SKAT will receive documents relevant to its claims against ED&F Man in due course and in the manner governed by the English court's procedures. SKAT admits that as a consequence of its document requests in the MDL, ED&F Man "might have to produce the documents sooner" (Doc No. 213-1, at p. 4).[3] Implicit in this admission is that SKAT's document requests serve to accelerate the timeline on which ED&F Man would otherwise produce documents in the English Action. For any other ED&F Man documents relevant to the MDL that are not at issue in the English Action, it is also indisputable that in the event the Court finds that it

---

[2] The Goldstein Defendants' Amended Answer, Affirmative Defenses, and Counterclaims against SKAT and Amended Third-Party Complaint Against ED&F Man Capital Markets, Ltd. And John Does 1-10 was filed on November 5, 2019 (Dkt. No. 100). The Third-Party Complaint of Del Mar Asset Management Savings and Retirement Plan, Federated Logistics LLC 401K Plan, and David Freelove was filed on November 5, 2019 (Dkt. No. 220). The Amended Third-Party Complaint and Jury Demand of DW Construction, Inc. Retirement Plan, Kamco Investments, Inc. Pension Plan, Kamco LP Profit Sharing Pension Plan, Moira Associates Defined Benefit Plan, Linden Associates Defined Benefit Plan, Riverside Associates Defined Benefit Plan, American Investment Group of New York, L.P. Pension Plan, Stacey Kaminer, Joan Schulman, and David Schulman was filed on November 12, 2019 (Dkt. No. 224). The Amended Third-Party Complaint and Jury Demand of Newsong Fellowship Church 401(K) Plan and Alexander Jamie Mitchell III was filed on November 12, 2019 (Dkt. No. 225).

[3] SKAT also violated Rule 26(d)(1) by serving its Request for the Production of Documents before conferring with ED&F as required by Rule 26(f). Rule 26(d)(1) provides in relevant part "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

does not have personal jurisdiction over ED&F Man, there are appropriate procedures to seek discovery from ED&F Man as a foreign non-party that do not violate due process. [4]

If the Court grants ED&F Man's motion to dismiss, this would confirm that the Court lacks personal jurisdiction to compel ED&F Man to participate in party discovery in the MDL. In this context, the Court initially granted ED&F Man's motion for a protective order in the October 22 Order to the extent that ED&F Man need not respond to document requests by the Goldstein Defendants until the Court has ruled on a motion by ED&F Man to dismiss the third-party complaint. The October 22 Order mistakenly identified the pending document requests as coming from the Goldstein Defendants rather than SKAT, which at the time had served the only outstanding discovery requests on ED&F Man. After SKAT's subsequent opposition to the motion for a protective order, clarifying that SKAT was the requesting party, the Court vacated the October 22 Order. The fact that it was SKAT that requested the discovery, however, is immaterial to ED&F Man's reasons for seeking a stay of discovery.  In fact, there is even *less* justification for allowing SKAT to conduct discovery as to ED&F Man, as opposed to the Goldstein Defendants.

Following the conclusion of briefing on the motion for a protective order, the Court denied ED&F Man's motion, stating in its November 7 Order that the requests are "potentially relevant to many of the cases in these consolidated proceedings" and that "ED&F has not persuaded me that the possibility that it will prevail on a motion to dismiss under Rule 12(b)(2) would render this discovery oppressive or unduly burdensome", specifying that "ED&F would suffer little hardship from being required to produce the same or similar materials in connection with this matter." The

---

[4] The proper avenue for SKAT to get discovery from ED&F Man for use in this case is through Letters Rogatory, a common discovery device in this District. *See, e.g.*, *Joseph v. Gnutti Carlo S.p.A.*, 15-cv-8910 (AJN) (SDNY 2016).

Court further notes, "I express no opinion on the parties' arguments concerning personal jurisdiction over ED&F."

Shortly thereafter, the Goldstein Defendants, whose discovery the Court initially stayed on the basis of ED&F Man's motion to dismiss for lack of personal jurisdiction, took the November 7 Order as a cue to issue their own broad and burdensome document requests to ED&F Man. Other defendants have now filed third-party complaints against ED&F Man, all while the question of this Court's jurisdiction to adjudicate such claims remains undecided and the propriety of discovery on ED&F Man remains disputed. ED&F Man is now likely faced with pending and forthcoming document requests from multiple parties. For these reasons, as more fully articulated below, ED&F Man respectfully requests that the Court reconsider its decision and issue an order granting a stay of discovery from ED&F Man, pending a decision on ED&F Man's motions to dismiss the third-party complaints.

## ANALYSIS

### I.   LEGAL STANDARD

"A motion for reconsideration under Local Rule 6.3 is appropriate where the moving party can point to controlling decisions or data that a court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Henderson v. Metro. Bank & Tr. Co.,* 502 F. Supp. 2d 372, 375–76 (S.D.N.Y. 2007) (citing *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir.2003)). A court may also grant reconsideration where the moving party "demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Naughright v. Weiss*, No. 10 CIV. 8451, 2012 WL 2402153, at *2 (S.D.N.Y. June 26, 2012) (internal citation omitted).

ED&F Man respectfully submits that the Court should grant its motion for reconsideration of the November 7 Order denying a stay of discovery because the Court overlooked: (i) the prevailing case law cited in the motion papers which apply a three-factor analysis to consideration of whether to grant a stay of discovery, (ii) facts inconsistent with the Court's finding that the same documents would be produced in England as are requested here, and (iii) salient facts bearing on the burden on ED&F Man of producing documents in this action, where jurisdiction is contested, in response to broad requests and in a manner that accelerates and circumvents the procedures of the English Court, where jurisdiction is *uncontested* and discovery is proceeding between ED&F Man and SKAT. In addition, the fact that the Goldstein Defendants have now served their own discovery requests upon ED&F Man, which the Court previously stayed on the basis of the potentially dispositive issues in the motion to dismiss, as well as the addition of new third-party complaints against ED&F Man, increases the burden on ED&F Man and warrants reconsideration of the Court's November 7 Order and granting a stay of all discovery on ED&F Man.

## II.  THE COURT OVERLOOKED PREVAILING AUTHORITY ON THE PROPRIETY OF A STAY OF DISCOVERY PENDING A RULING ON A MOTION TO DISMISS

A district court has "considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)" upon a showing of good cause. *O'Sullivan v. Deutsche Bank AG,* No. 17-CIV-8709-LTS-GWG, 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018). In some instances, "a pending motion to dismiss may constitute 'good cause' for a protective order staying discovery." *Id.* at *4; *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.,* 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

In their respective arguments on the motion for a protective order, both ED&F Man and SKAT each cited to prevailing case law in this district that sets out three factors that courts should

consider when deciding whether to stay discovery while a motion to dismiss is pending.[5] Namely, courts in this district consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd.*, 297 F.R.D. at 72; *accord. City of New York v. FedEx Ground Package Sys., Inc.*, No. 17 Civ. 5183 (ER), 2018 WL 4625765, *3 (S.D.N.Y. Sept. 26, 2018); *O'Sullivan*, 2018 WL 1989585, at *4.

### A.     The Burden on ED&F Man and Breadth of the Requests Are Significant

The only factor the Court analyzed in its November 7 Order is the issue of the burden on ED&F Man. First, the November 7 Order held that the pendency of the motion to dismiss places no burden on ED&F Man in producing documents that will also be reviewed in the English Action, which overlooks the clear burden of subjecting ED&F Man to discovery in a forum that lacks personal jurisdiction over it, in violation of due process, as ED&F Man meritoriously argued in its motion to dismiss. Where a Court does not have personal jurisdiction over a party to hear claims against it, it also lacks jurisdiction to compel discovery against such a party for the same reasons: that party does not have the requisite minimum contacts with the forum, such that the exercise of the Court's authority over it would "offend traditional notions of fair play and substantial justice." On October 7, 2019, the Second Circuit held that a litigant could not obtain discovery from an entity over which the Court does not have personal jurisdiction. *See In re del Valle Ruiz*, 939 F.3d 520, at 528-29. That case involved a 28 U.S.C. § 1782 application for discovery in aid of a foreign litigation and found that Banco Santander, a Spanish bank in the position of ED&F Man here, was not subject to either general or specific jurisdiction in New York. The Second Circuit therefore affirmed the District Court's dismissal of the application against Santander after a thorough analysis of the question of jurisdiction, *id.*, at 528-33, concluding that subjecting the foreign entity

---

[5] *See* ED&F Man motion for a protective order, Dkt. No. 208, at ¶ 7; SKAT opposition, Dkt. No. 213-1, at p. 3.

to discovery would be contrary to due process. *Id.*, at 530-31. Thus, SKAT's attempt to accelerate and compel discovery from ED&F Man in this venue, contrary to the limits of personal jurisdiction, imposes a significant burden by forcing discovery of documents held in a foreign jurisdiction from a foreign entity in a manner inconsistent with due process. With such substantial dispositive issues at play, the Court should stay discovery from ED&F Man until it has ruled on the issue of personal jurisdiction.

In considering whether to issue a stay of discovery pending a motion to dismiss, courts in this district have considered the burden on the responding party to be a related factor to the "breadth of discovery" factor cited by this persuasive authority.[6] *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it") (citing *Anti-Monopoly, Inc. v. Hasbro, Inc.,* No. 94-CIV-2120-LMM-AJP, 1996 WL 101277, *3 (S.D.N.Y. Mar. 7 1996). SKAT's requests are exceedingly broad, and in fact many of the categories of documents requested are not at all relevant to SKAT's claims in the MDL. SKAT's claims in the MDL allege a massive scheme to fraudulently obtain refunds from tax withholdings on dividend payments on shares held in Danish companies perpetuated by American pension plans and their principals, whereas SKAT's claims against ED&F Man in the English Action allege that ED&F Man was negligent in its misstatement of certain facts in the refund applications they submitted, causing a loss to SKAT.

For example, in Request No. 4, SKAT seeks "All documents concerning the [Goldstein Plan's] Account(s) [at ED&F Man], including, but not limited to, account statements, ledgers or

---

[6] Although the Order also noted the "potential relevance" of the requests, this is not generally a factor that courts in this district consider under the applicable case law in determining whether a stay of discovery is warranted pending a motion to dismiss.

other documents reflecting activity in the Account(s), agreements concerning the Account(s), and applications to open the Account(s) and account opening or closing documents." (*See* SKAT's First Requests for Production of Documents to Third-Party Defendant ED&F Man, Doc No. 208-1). This and other expansive Requests clearly exceed the scope of SKAT's claims about the specific trades at issue in the MDL, seeking instead the full documentation of the Goldstein Plan's account with ED&F Man in the United Kingdom.

Several Requests also seek documents, including privileged information, regarding ED&F Man's role, knowledge, or practices with respect to the accounts or transactions, despite the fact that SKAT asserts no claims against ED&F Man in the MDL. For example, Request No. 16 seeks "All written opinions from law firms concerning your role as custodian or broker and/or the Plans' submission of the Claims and all documents provided to any law firm related to the creation of all such written opinions", and Request No. 21 seeks "All documents concerning know-your-customer (KYC), internal risk assessments, or other due diligence You performed with respect to the Plans." (*Id.*) SKAT even seeks documents explicitly based on the Amended Defence in the English Action, which is not an operative pleading in the MDL[7]:

> "All documents between May 9, 2012 and present day concerning the determination made by ED&F Man that any Credit Advices, including but not limited to the Credit Advices listed in Annex A and Annex E of ED&F Man's Amended Defence filed in *SKAT v. Solo Capital Partners LLP & Others*, [2018] EWHC (Comm), Claim No's. CL-2018-000297; CL-2018-000404; CL-2018-000590 (Eng.), contained any incorrect information."

---

[7] ED&F Man has submitted this Amended Defence to the Court purely for informational purposes, as the pleadings in the English Action served as exhibits to ED&F Man's motion to dismiss for the purpose of demonstrating the existence and progress of a related foreign action. (*See* Dkt. No. 202).

(*Id.*, Request No. 26). It is thus clear that SKAT is using the discovery devices in this district to seek discovery specifically for use in the English Action, and accordingly the breadth of the Requests are excessive for the purposes of the MDL.

The Court also overlooked important facts relevant to the burden of producing documents in response to the Requests, which ED&F Man explained in its motion, and which SKAT likewise admitted. Although the factual underpinnings of the English Action and the MDL are similar, the English Court is managing a discovery schedule in accordance with the applicable procedures in that jurisdiction, which will require reciprocal production by both ED&F Man and SKAT following the conference in January 2020. SKAT's discovery requests in this action are in effect a one-sided acceleration of ED&F Man's disclosure, beyond the supervision of the English Court, and without any corresponding reciprocal duty of disclosure by SKAT, which is a key component of the disclosure process in the English courts. This in itself imposes a significant burden.

Finally, the Court's November 7 Order opined that the potential granting of ED&F Man's motion to dismiss does not create any additional burden. This, however, overlooks the fact that the document review process would need to be performed twice – for purposes of production in the United States and then for purposes of production in England – in order to ensure compliance with the demands and discovery standards of both proceedings, at significant and potentially unnecessary additional cost. "[I]f the motion is granted and the action litigated in a [foreign forum] full merits discovery in this forum is likely to result in avoidable inefficiencies and pointlessly duplicative efforts. Such inefficiencies are unnecessarily burdensome." *Niv v. Hilton Hotels Corp.*, No. 06 CIV. 7839 (PKL), 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007) (observing that responding to requests will likely prove burdensome, particularly if a motion to dismiss for *forum non conveniens* is granted in favor of another jurisdiction, as counsel litigating the case in another

forum "will need to review the same documents that New York counsel has already reviewed []
and presumably with different considerations"). *See also O'Sullivan*, 2018 WL 1989585, at *8
(finding that producing documents already produced in connection with earlier investigations still
would impose a significant burden on defendants and third parties, since the gathering of these
documents for regulators "does not obviate the need for the defendants or third parties to review
these documents prior to production"); *Boelter v. Hearst Commc'ns, Inc.*, No. 15 CIV. 03934 (AT),
2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting a stay notwithstanding that some
documents requested were produced in parallel proceedings, especially in view of other factors
weighing in favor of a stay); *Negrete v. Citibank, N.A*., No. 15 CIV. 7250 (RWS), 2015 WL
8207466, at *1 –2 (S.D.N.Y. Dec. 7, 2015) (finding compliance with requests to be burdensome
and expensive where the document requests featured several broad categories, notwithstanding an
overlap in documents to be produced in response to a related investigation). Therefore, the relevant
facts and authority the Court overlooked weigh in favor of a stay of discovery on ED&F Man
pending the Court's ruling on its motion to dismiss.

## B.    A Stay Would Not Result in Prejudice to Any Other Parties

In the November 7 Order, the Court overlooked consideration of whether SKAT would be
prejudiced by a stay, a key factor in determining whether to grant a stay under the prevailing
authority. *See Hong Leong Fin. Ltd.*, 297 F.R.D. at 72. Notably, however, the Court did appear to
consider this factor in its October 22 Order, when it granted a temporary, limited stay of ED&F
Man's response to the pending document requests until 10 days following the Court's decision on
ED&F Man's motion to dismiss the Goldstein Defendants' amended third-party complaint. The
same consideration should apply to SKAT's pending requests, with equal or even greater

justification, since SKAT has not made <u>any</u> claims against ED&F Man in the MDL, and further since SKAT will shortly be securing disclosure in the English Action.

SKAT cannot demonstrate, nor has it even argued, that it will suffer any prejudice if the Court were to grant a temporary stay, nor can any of the other parties that are seeking or may seek discovery from ED&F Man. The third-party plaintiffs have only this month filed or amended their third-party complaints, and a meritorious motion to dismiss each of them will soon follow. *See Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *1 –2 (granting stay upon determining that Plaintiffs cannot identify any particular prejudice, and that a minimal delay for all parties does not weigh against a stay where the case is still in its infancy). Moreover, there is no unreasonable delay for SKAT in particular, where there is no hindrance or delay of the forthcoming court-ordered disclosure in the English Action. SKAT cannot otherwise demonstrate any specific showing that it would be prejudiced, such as if "a particular item of non-burdensome discovery is in danger of being lost absent [the requesting party's] ability to use the discovery process" at this time. *O'Sullivan,* 2018 WL 1989585, at *9. On the contrary, SKAT has no reasonable basis to claim that any relevant item is in danger of being lost in the brief time until discovery is scheduled to proceed in the English Action. It is therefore indisputable that SKAT would suffer no prejudice as a result of a court-ordered temporary stay of discovery. *See Niv v. Hilton Hotels Corp.*, 2007 WL 510113, at *2 (finding no unreasonable delay and therefore no prejudice would result from a court-ordered stay under Rule 26(c)).

### C.     ED&F Man's Personal Jurisdiction and *Forum Non Conveniens* Arguments Are Sufficiently Strong to Warrant a Stay

The November 7 Order also failed to consider the strength of ED&F Man's argument on personal jurisdiction in its motion to dismiss the Goldstein Defendants' Third-Party Complaint, mentioning only in a footnote that the Court expresses "no opinion on the parties' arguments

concerning personal jurisdiction over ED&F Man." But under prevailing authority, the strength of the motion to dismiss is an independent factor that should be considered by the Court. *See Hong Leong Fin. Ltd.*, 297 F.R.D. at 73.

As the October 22 Order acknowledged, ED&F Man's motion to dismiss raised substantial, potentially dispositive issues that were sufficiently meritorious on their face to warrant a stay of discovery pending the Court's ruling on such a motion. This factor indisputably weighs in favor of granting a stay. *See Boelter*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting stay where 'substantial arguments for dismissal' were set forth in the Defendants' motion to dismiss, *inter alia*, for lack of jurisdiction under the Class Action Fairness Act). ED&F Man has put forward substantive arguments in support of dismissal, including, among others, the following:

(i) ED&F Man is not domiciled in and does not transact business within this forum;

(ii) None of ED&F Man's alleged activities were directed at this forum;

(iii) The agreements that establish the accounts and form the basis of the Goldstein Plan's relationship with ED&F Man clearly identify England as the most suitable forum and preclude the Goldstein Plan's objection to the jurisdiction of the Courts of England over any dispute arising from that relationship; and

(iv) The third-party claims on ED&F Man in the MDL are an unnecessary burden on the parties' and courts' resources, and a strain on international comity given that the underlying issues are already being litigated between SKAT and ED&F Man in an action in England that is well underway.

Thus, ED&F Man's legal arguments are clearly sufficiently meritorious such that a stay should be granted, particularly since they are potentially fully dispositive of the claims asserted against ED&F Man. *See Boelter*, 2016 WL 361554, at *5. ("Although the Court will not predict the outcome of Defendant's motion, an initial review of the arguments presented in its support suggest that none are frivolous and, because succeeding on each argument alone may warrant dismissal of Plaintiff s entire complaint, ordering discovery to proceed at this time would result in

14

an excessive burden on Defendant"); *O'Sullivan*, 2018 WL 1989585, at *4 ("the party seeking a stay must present 'substantial arguments for dismissal'"); *accord. Shulman v. Becker & Poliakoff, LLP*, No. 17CV9330VMJLC, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018).

Finally, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spencer Trask Software & Info. Servs., LLC*, 206 F.R.D., at 368. A stay of discovery from ED&F Man on the basis that there is a substantial question of personal jurisdiction, would be an appropriately limited stay that would not unnecessarily delay the primary claims or the MDL generally. *See, e.g., Atkinson v. Goord*, No. 01 CIV. 0761 (LAK), 2002 WL 31095167, at *1 (S.D.N.Y. Sept. 19, 2002) (Kaplan, J.) (granting stay as to specific topics and specific defendants who presented a strong defense in their pending motion to dismiss, without staying any other discovery in the action). Therefore, the Court overlooked the important factor weighing in support of a stay of discovery that ED&F Man has strong arguments in support of its motion for a complete dismissal of the claims against it in the MDL.

## III. THE COURT SHOULD RECONSIDER ITS ORDER IN VIEW OF THE RECENT FILING OF ADDITIONAL THIRD-PARTY COMPLAINTS AND SERVICE OF DISCOVERY REQUESTS

The Court's November 7 Order is based on the belief that "ED&F would suffer little hardship from being required to produce the same or similar materials in connection with this matter [as in the English Action]." Thus, the Court opined that exchange of documents concurrently between two parties would be no more burdensome in two jurisdictions than in one. In addition to the critical facts and prevailing law overlooked in this presumption, (*see* Section II.A, above), the Court's decision does not appear to contemplate the addition of two new third-party complaints from other parties in the MDL, and an opportunistic service of broad and burdensome document requests by the Goldstein Defendants.

15

Thus, contrary to the implicit assumption in the Order, the Order is significantly affecting the substantial rights of ED&F Man by subjecting it to compounding discovery requests from multiple parties, even though due process requires dismissal of ED&F Man from the MDL for lack of personal jurisdiction, as demonstrated in its prior and forthcoming motions to dismiss. *See First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 219 F. Supp. 2d 576, 580–81 (S.D.N.Y. 2002) (Kaplan, J.), aff'd sub nom. *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004) (on reconsideration of its prior conclusion that determination of certain issues could not affect the rights of any of the moving defendants, finding that the moving defendants were entitled to dismissal for lack of subject matter jurisdiction because they were being required to defend state law claims in federal court solely by virtue of the continued pendency of RICO claims against another defendant). Therefore, in addition to reconsideration based on the overlooked decisional law and facts outlined above, ED&F Man respectfully submits that the addition of these claims and requests from parties with whom ED&F Man is not about to exchange documents in a parallel foreign litigation, should prompt the Court to reconsider its Order and stay discovery from ED&F Man until the Court has ruled on its motion to dismiss the third-party claims.

## CONCLUSION

For all of the foregoing reasons, ED&F Man respectfully requests that the Court issue an order (i) pursuant to Local Civil Rule 6.3, granting reconsideration of the Court's November 7 Order denying ED&F Man's motion for a protective order staying discovery pending the Court's ruling on ED&F Man's motion to dismiss; (ii) vacating the November 7 Order to the extent that the Court has found that the discovery sought from ED&F Man would not be burdensome; (iii) finding that ED&F Man has asserted substantial and potentially dispositive defenses of lack of personal jurisdiction and *forum non conveniens* in support of dismissal of the third-party claims

against it; (iv) finding that SKAT would not be significantly prejudiced by a stay; and (v) granting

such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**AKERMAN LLP**

By:    */s/ Brian S. Fraser*
        Brian S. Fraser
        Kristen G. Niven
        brian.fraser@akerman.com
        kristen.niven@akerman.com
        666 Fifth Avenue, 20th Floor
        New York, NY 10103
        Telephone:  (212) 880-3800

        *Attorneys for Third-Party Defendant ED&F Man*
        *Capital Markets, Ltd.*