**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF<br>THE KINGDOM OF DENMARK<br>(SKATTEFORVALTNINGEN) TAX REFUND<br>SCHEME LITIGATION<br><br>This document relates to case no. 1:18-CV-05053. | MASTER DOCKET<br><br>18-MD-2865 (LAK) |

## PLAINTIFF SKATTEFORVALTNINGEN'S OPPOSITION TO THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS, LTD.'S MOTION FOR RECONSIDERATION

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ........................................................................................................................2

ARGUMENT .............................................................................................................................5

I.      THE COURT DID NOT OVERLOOK ANY FACTS OR LAW FROM ED&F'S
UNDERLYING MOTION. ...............................................................................................6

II.     GOLDSTEIN'S DISCOVERY REQUESTS AND THE OTHER THIRD-PARTY
COMPLAINTS DO NOT JUSTIFY RECONSIDERATION OF THE COURT'S
ORDER..........................................................................................................................10

CONCLUSION........................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558 (S.D.N.Y. 2016) ........................................5

*Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 Civ. 6441 LAK HBP, 2003 WL
22127011 (S.D.N.Y. Sept. 15, 2003) ...............................................................................5, 6

*City of New York v. FedEx Ground Package Sys., Inc.*, No. 17 Civ. 5183 (ER), 2018
WL 4625765 (S.D.N.Y. Sept. 26, 2018)..................................................................................6

*Hogan-Cross v. Metro. Life Ins. Co.*, 568 F. Supp. 2d 410 (S.D.N.Y. 2008)...................................5

*Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 0293
(LTS) (JCF), 2016 WL 3906712 (S.D.N.Y. Jul. 14, 2016) .........................................................6

*Pfizer, Inc. v. Stryker Corp.*, No. 02 Civ. 8613 LAK, 2005 WL 44383 (S.D.N.Y. Jan.
10, 2005) ...............................................................................................................................5

*Polsby v. St Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057
(S.D.N.Y. Jan. 18, 2000).........................................................................................................9

*Rafter v. Liddle*, 288 F. App'x 768 (2d Cir. 2008) ......................................................................10

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390 (S.D.N.Y. 2000).........................7

*ResQNet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578 (RWS), 2008 WL 4376367
(S.D.N.Y. Sept. 25, 2008)........................................................................................................6

*In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346 (S.D.N.Y. 2004) ...................................................5

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367
(S.D.N.Y. 2002) ......................................................................................................................9

**Statutes and Rules**

Local Civil Rule 6.3 ..................................................................................................................5

Fed. R. Civ. P. 26(d)(1)..............................................................................................................9

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this opposition to the motion of ED&F Man Capital Markets, Ltd. ("ED&F") for reconsideration[1] of the Court's November 7, 2019 order denying its motion for a protective order.[2]

## PRELIMINARY STATEMENT

ED&F's Motion for Reconsideration should be denied because the Court considered fully and rejected ED&F's arguments when it denied ED&F's underlying motion for a protective order staying discovery.  The Motion fails to point to any facts or law that ED&F put before the Court on its underlying motion that the Court overlooked, much less any that are controlling.

Instead, ED&F largely repeats, at greater length, its arguments from the underlying motion that it would be unduly burdensome for it to produce documents until the Court rules on its motion to dismiss, and that SKAT is abusing discovery by seeking documents irrelevant to its claims in these actions for use in SKAT's action in England against ED&F.  The Court was not persuaded by these arguments the first time it considered them, and they have not improved with time or repetition.

SKAT's discovery requests seek documents and information in ED&F's sole possession—concerning the Danish shares and dividends identified in tax vouchers ED&F issued to certain defendants in these actions purporting to certify their shareholdings, many of which ED&F now admits were false—for use in these proceedings, not its English action against ED&F.  As the Court found already, "an understanding of the alleged falsity of [the] tax

---

1.   Third-Party Defendant ED&F Man Capital Markets, Ltd.'s Motion for Reconsideration of the Court's Order Denying ED&F Man's Motion for a Protective Order for a Temporary Stay of Discovery, *In re: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litig.*, No. 1:18-md-02865 (S.D.N.Y. Nov. 21, 2019), ECF Nos. 230-31 ("Motion" or "Mot.").

2.   Pretrial Order No. 11, *In re SKAT* (No. 18-md-02865), ECF No. 223 ("Nov. 7 Order").

vouchers issued by ED&F . . . is potentially relevant to many of the[se] cases." (Nov. 7 Order at 1.)

Further, ED&F's claims of undue burden ring hollow. ED&F itself acknowledges that SKAT is seeking "largely the same documents" in both jurisdictions and, in arguing for reconsideration, asserts that "SKAT will shortly be securing disclosure in the English Action." (Mot. 13.) Thus, as the Court concluded already, ED&F "would suffer little hardship from being required to produce the same or similar materials in connection with this matter." (Nov. 7 Order at 1.)

## BACKGROUND

SKAT paid 537,607,464 Danish Kroner ("DKK") to 31 separate U.S. pension plans which, in seeking refunds for tax purportedly withheld on dividend payments, submitted 389 "tax vouchers" from ED&F representing that the pension plans owned the underlying shares of Danish stock, received the reported dividends and suffered the reported withholding tax. *See, e.g.*, Complaint ¶¶ 4, 46, *SKAT v. Goldstein Law Grp. PC 401(k) Profit Sharing Plan*, No. 1:18-cv-05053 (S.D.N.Y. June 6, 2018), ECF No. 1.

SKAT sued each of the 31 U.S. pension plans in this MDL, and sued ED&F, a U.K. entity, in the English High Court, alleging that each of ED&F's 389 "tax vouchers" was false. *See generally* Declaration of Kristen G. Niven, Ex. H, *In re SKAT* (No. 18-md-02865), ECF No. 170-8.

**ED&F admitted that it issued false tax vouchers.**

In the English action, ED&F submitted a Defence, dated December 13, 2018, in which it asserted as true, under penalty of contempt of court, that the tax vouchers it issued to the U.S. defendants were accurate, with the exception of nine vouchers for which ED&F acknowledged

2

that it overstated the amount purportedly withheld by DKK 312,120.  *See* Declaration of Kristen

G. Niven, Ex. I ¶ 4.2, *In re SKAT* (No. 18-md-02865), ECF No. 170-9.

In September 2019, ED&F filed an Amended Defence in which it admitted that 80

additional tax vouchers that it issued to the defendants in these actions were false, including 64

where the defendants suffered no withholding tax at all and so were not entitled to any refund.

*See* Letter Addressed to Judge Lewis A. Kaplan from Brian S. Fraser, Ex. A ¶ 4.2, *In re SKAT*

(No. 18-md-02865), ECF No. 202-1.  Thus, ED&F has admitted that SKAT paid the U.S.

defendants at least DKK 184,214,519 (more than 34 percent of the total paid on ED&F

vouchers) in withholding tax refunds to which they were not entitled.  *Id*.  ED&F has failed to

explain how it falsely certified the shares in its custody or to provide any support for its shifting

defense that the remaining tax vouchers were accurate.

**<u>Defendants' counterclaims against SKAT and third-party claims against ED&F.</u>**

In April and July 2019, relying on the supposed accuracy of ED&F's "tax vouchers," the

defendants in eight of SKAT's U.S. actions asserted counterclaims against SKAT for unpaid

refunds.[3]  These counterclaims by defendants in the U.S. litigation are the only pending claims

related to these additional ED&F vouchers.  These additional vouchers are not the subject of any

claim in the English proceedings.

In April and August 2019, the defendants in nine actions before this Court filed third-

party complaints against ED&F.[4]  Following ED&F's admission that many of its tax vouchers

are false, in November 2019, the defendants in these nine actions amended their third-party

---

3.  *See, e.g.*, DW Construction, Inc. Retirement Plan and Stacey Kaminer's Answer to the Complaint and DW Construction, Inc. Retirement Plan's Counterclaims Against Skatteforvaltningen, *SKAT v. DW Construction, Inc. Ret. Plan*, No. 1:18-cv-09797 (S.D.N.Y. Jul. 29, 2019), ECF No. 64.

4.  *See, e.g.*, Third-Party Complaint, *SKAT v. DW Construction, Inc.* (No. 18-cv-09797), ECF No. 74.

complaints, and the defendants in two more actions filed jointly a third-party complaint against ED&F.[5]  Accordingly, ED&F's vouchers are the subject of 31 actions before the Court, including 8 actions in which defendants have asserted counterclaims based on ED&F's vouchers and 11 actions in which defendants have asserted third-party claims based on ED&F's vouchers.

### ED&F's Motion for a Protective Order and the Court's November 7 Order.

On October 18, 2019, ED&F filed its motion for a protective order seeking to stay SKAT's discovery requests.[6]  ED&F argued that good cause to stay discovery existed "because (1) the Court has no personal jurisdiction over ED&F, and therefore requiring it to respond to discovery prior to a decision on [its] motion to dismiss would result in significant and unnecessary burden and expense, and (2) SKAT is inappropriately attempting to circumvent the disclosure rules in England by issuing discovery . . .  that bears only on the English Action." (Prot. Order Mot. 2.)

On November 7, 2019, the Court issued its order denying ED&F's motion for a protective order and rejecting both of ED&F's arguments.  The Court rejected the argument that SKAT's requests are "directed to the merits of its claims against ED&F at issue in the English Action" and "an abuse of discovery" (Prot. Order Mot. 3), finding that "halting discovery would be inappropriate" because SKAT "demonstrated that its requests bear on an understanding of the alleged falsity of tax vouchers issued by ED&F, and that such understanding is potentially

---

5.   *See* Defendants the Goldstein Law Group PC 401(k) Profit Sharing Plan's and Sheldon Goldstein's Amended Answer, Affirmative Defenses, and Counterclaims Against Skatteforvaltningen and Amended Third-Party Complaint Against ED&F Man Capital Markets, Ltd. and John Does 1-10, *SKAT v. Goldstein Law Grp.* (No. 18-cv-05053), ECF No. 100; Amended Third-Party Complaint, *SKAT v. DW Construction, Inc.* (No. 18-cv-09797), ECF No. 86; Amended Third-Party Complaint, *SKAT v. Newsong Fellowship Church 401(k) Plan*, No. 1:18-cv-10100 (S.D.N.Y. Nov. 12, 2019), ECF No. 83; Third Party Complaint, *SKAT v. Del Mar Asset Mgmt. Sav. and Ret. Plan*, No. 1:18-cv-05374 (S.D.N.Y. Nov. 12, 2019), ECF No. 61.

6.   Third-Party Defendant ED&F Man Capital Markets, Ltd's Motion. for a Protective Order, *In re SKAT* (No. 18-md-02865), ECF Nos. 208-210 ("Prot. Order Mot.").

relevant to many of the cases in these consolidated proceedings." (Nov. 7 Order at 1.)  And the

Court was "not persuaded" by ED&F's argument "that the possibility that it will prevail on a

motion to dismiss under Rule 12(b)(2) would render" SKAT's discovery requests "oppressive or

unduly burdensome under Rule 26(c)." (*Id*.)

## ARGUMENT

To prevail on its motion for reconsideration under Local Rule 6.3, ED&F must

"demonstrate[] that the 'Court overlooked controlling decisions or factual matters that were put

before the Court on [its] underlying motion.'" *Hogan-Cross v. Metro. Life Ins. Co.*, 568 F. Supp.

2d 410, 413 (S.D.N.Y. 2008) (Kaplan, J.) (quoting *Auscape Int'l v. Nat'l Geographic Soc'y*, No.

02 Civ. 6441 LAK HBP, 2003 WL 22127011, at *1 (S.D.N.Y. Sept. 15, 2003)).  Local Rule 6.3

is "narrowly construe[d] and strictly appl[ied] . . . so as to avoid duplicative rulings on

previously considered issues and prevent [it] from being used to advance different theories not

previously argued." *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 561 (S.D.N.Y.

2016).  Motions for reconsideration are "not intended as a vehicle for repetition of arguments

that have been considered fully." *Pfizer, Inc. v. Stryker Corp.*, No. 02 Civ. 8613 LAK, 2005 WL

44383, at *1 (S.D.N.Y. Jan. 10, 2005).  Nor are they "intended . . . to examine a decision and

then plug the gaps of a lost motion with additional matters." *In re Rezulin Prods. Liab. Litig.*,

224 F.R.D. 346, 349 (S.D.N.Y. 2004) (Kaplan, J.) (internal quotation omitted).

ED&F argues that the Court's decision "overlooked critical facts and prevailing

decisional law" (Mot. 2), but it fails to identify any such facts or law from its underlying motion

that the Court overlooked, let alone any that are controlling.  (Section I, *infra*.)  Nor does the fact

that Goldstein has served discovery requests on ED&F and other defendants have filed third-

party complaints justify reconsideration.  (Section II, *infra*.)

I.     **THE COURT DID NOT OVERLOOK ANY FACTS OR LAW FROM ED&F'S UNDERLYING MOTION.**

ED&F argues that the Court overlooked "the prevailing case law cited in the motion papers which apply a three-factor analysis to consideration of whether to grant a stay of discovery." (Mot. 7.)[7]  As an initial matter, all but one of the cases ED&F relies on for this argument were not cited in its underlying motion "and, thus, cannot appropriately be relied upon now." *Auscape*, 2003 WL 22127011 at *2.[8]  It is also clear that the Court fully understood that it was within the Court's discretion whether to stay discovery while a motion to dismiss is pending. That the Court chose not to use its discretion in favor of ED&F's motion is not a basis to reconsider that decision.

Further, the Court considered fully the two arguments ED&F advanced in its underlying motion as to why good cause to stay discovery existed (*see supra* at 4-5), and thus did not overlook anything.  *See ResQNet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578 (RWS), 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked" (internal quotation omitted)).

Unable to point to any controlling law or facts from its underlying motion that the Court overlooked, ED&F instead repeats the same arguments that the Court considered and rejected

---

7.    Courts have "considerable discretion" in deciding whether to stay discovery while a motion to dismiss is pending.  *Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 0293 (LTS) (JCF), 2016 WL 3906712, at *5 (S.D.N.Y. Jul. 14, 2016) (internal quotation omitted).  In determining whether to stay discovery in such circumstances, courts "look to the particular circumstances and posture of each case and consider (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.* (internal quotations omitted).

8.    The only case on which ED&F relies for this argument that was cited in its underlying motion is *City of New York v. FedEx Ground Package Sys., Inc.*, No. 17 Civ. 5183 (ER), 2018 WL 4625765 (S.D.N.Y. Sept. 26, 2018).

already.  But the fact that ED&F is "unhappy with the Court's decision . . . affords no basis to

support a motion for reconsideration."  *Range Road Music, Inc. v. Music Sales Corp.*, 90 F.

Supp. 2d 390, 392 (S.D.N.Y. 2000) (denying motion for reconsideration that "largely restate[d]

the arguments . . . made to the Court" in the underlying motion).

    First, ED&F argues that the Court "overlook[ed] the clear burden of subjecting [it] to

discovery in a forum that lacks personal jurisdiction over it."  (Mot. 8-9.)  But the Court did not

overlook this alleged burden; rather, it found that the fact that "at least some of th[e] discovery"

SKAT requested will also be produced in England "suggest[ed] that ED&F would suffer little

hardship from being required to produce the same or similar materials in connection with this

matter."  (Nov. 7 Order at 1.)[9]  ED&F's burden argument is also nonsensical, as ED&F

acknowledges that even if the Court ultimately dismisses ED&F from the U.S. litigation, SKAT

would be able to obtain discovery from ED&F through Letters Rogatory.  (Mot. 5 n.4.)

    Second, ED&F repeats its argument that the requests "are not at all relevant to SKAT's

claims in the MDL."  (Mot. 9-11.)  But the Court considered and rejected this argument as well,

finding that SKAT's requests are "potentially relevant to many of the cases in these consolidated

proceedings."  (Nov. 7 Order at 1.)  Further, the specific requests that ED&F highlights in

arguing that SKAT is seeking discovery "specifically for use in the English Action" show instead

that its argument is frivolous.  (Mot. 11.)  For example, ED&F argues that SKAT's request for

documents concerning ED&F's admission that it issued false tax vouchers must be for use in the

---

9.   ED&F argues that the Court overlooked "facts inconsistent with the Court's finding that the same documents
     would be produced in England as are requested here" (Mot. 7), but what those facts are is left unsaid.  And
     ED&F's underlying motion papers make clear that the Court did not overlook anything.  ED&F itself
     acknowledged that the English action "arises from the same factual circumstances" as this litigation (Prot. Order
     Mot. 2), it will provide "[e]xtensive disclosure" in the English action in 2020 (Decl. of Luther Kisanga ¶ 4, *In re
     SKAT* (No. 18-md-02685), ECF No. 209), and SKAT is seeking "largely the same documents" in both
     jurisdictions.  (Decl. of Brian S. Fraser, Ex. A, *In re SKAT* (No. 18-md-02865), ECF No. 210-1.)

English action because the request is "explicitly based on the Amended Defence." (Mot. 10.) But the fact that it was in an English pleading that ED&F belatedly admitted issuing many false custodial statements to SKAT and defendants in these actions does not affect the relevance of ED&F's documents to these actions. As the Court noted, ED&F's documents are "potentially relevant to many of the[se] cases." (Nov. 7 Order at 1.)[10]

Third, ED&F argues that the Court "overlooked important facts relevant to [ED&F's] burden of producing documents," namely, that it will be required to produce documents sooner than it otherwise would have in the English action, and "that the document review process would need to be performed twice." (Mot. 11-12.) But the Court did not overlook the fact that ED&F will produce documents in the English action. Indeed, the fact that ED&F will produce "the same or similar materials" in both jurisdictions formed, in part, the basis for the Court's conclusion that SKAT's requests are not "oppressive or unduly burdensome." (Nov. 7 Order at 1.) ED&F still fails to explain why it cannot undertake one collection and review process for all related litigation, particularly since, as ED&F concedes, SKAT seeks "largely the same documents" in both proceedings (Decl. of Brian S. Fraser, Ex. A, *In re SKAT* (No. 18-md-02865), ECF No. 210-1), and "SKAT will shortly be securing disclosure in the English Action." (Mot. 13.)

Fourth, ED&F argues that the Court "overlooked consideration of whether SKAT would be prejudiced by a stay." (Mot. 12-13.) In fact, in its underlying motion, ED&F did not press

---

10. ED&F fails to explain how the "breadth" of the discovery requests are "excessive" (Mot. 11), other than pointing to categories of documents such as the plans' account statements, ledgers and agreements, which are clearly relevant to the claims against the plans. (Mot. 9-10.) In fact, SKAT limited the time period of its requests to the period associated with the plans' submission of refund claims to SKAT. To the extent ED&F has some as-yet unidentified basis to claim overbreadth, it can raise such issues during the meet and confer process.

this argument, and it is too late to do so now.  *See Polsby v. St Martin's Press, Inc.*, No. 97 Civ.

690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (a party seeking reconsideration

"is not supposed to treat the court's initial decision as the opening of a dialogue in which that

party may then use such a motion to advance new theories . . . in response to the court's rulings"

(internal quotation omitted)).  In any event, the Court did address this factor in finding that

"halting discovery would be inappropriate" given SKAT's demonstration that the documents it

seeks are relevant, and the prejudice to SKAT is obvious where ED&F's custodial documents are

so critical to so many of the MDL actions.  (Nov. 7 Order at 1.)

   The prejudice to SKAT cannot be ignored simply because SKAT "has not made <u>any</u>

claims against ED&F Man in the MDL" and "will shortly be securing disclosure in the English

Action."  (Mot. 13.)  SKAT needs the discovery to litigate its claims against 31 plans and the

counterclaims and defenses that plans have asserted against SKAT.  And ED&F continues to be

notably silent on whether SKAT, and the U.S. defendants, will be able to use ED&F's English

disclosures in these proceedings, suggesting that a stay would indeed prejudice SKAT in

prosecuting its U.S. claims even if disclosure in England was imminent (which it is not).

   <u>Finally</u>, ED&F argues that the Court "failed to consider the strength of" ED&F's motion

to dismiss.  (Mot. 13-15.)  To the contrary, the Court specifically considered "the possibility that

[ED&F] will prevail on" its motion to dismiss, but nonetheless denied ED&F's motion.  (Nov. 7

Order at 1.)  That the Court "express[ed] no opinion on the parties' arguments concerning

personal jurisdiction over ED&F," (*Id.* n.1), does not mean that the Court overlooked this factor.

*See, e.g.*, *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368

(S.D.N.Y. 2002) (finding this factor weighed in favor of a stay while not "attempt[ing] to predict

the outcome of the motion to dismiss").  Further, while ED&F argues that it is not subject to

9

personal jurisdiction because none of its alleged activities were directed at this forum (Mot. 14), it is hard to fathom that ED&F is not subject to jurisdiction where it targeted 31 separate U.S. pension plans as part of a scheme that required the participation of U.S. pension plans, or other tax-exempt entities domiciled in a country with a tax treaty with Denmark, for the intended refund claims to be facially valid.[11]

## II.    GOLDSTEIN'S DISCOVERY REQUESTS AND THE OTHER THIRD-PARTY COMPLAINTS DO NOT JUSTIFY RECONSIDERATION OF THE COURT'S ORDER.

ED&F argues that "the addition of two new third-party complaints" and "service of broad and burdensome document requests by" Goldstein justify reconsideration of the Court's order. (Mot. 15-16.)  To the contrary, the new complaints and discovery, which cannot be a surprise in light of ED&F's admission that it issued false tax vouchers, only underscores the relevance of the discovery to the U.S. proceedings.

---

11.  ED&F also argues that SKAT violated Rule 26(d)(1) by serving its requests before meeting and conferring with ED&F.  (Mot. 4 n.3.)  But ED&F failed to raise this issue in its underlying motion.  *See Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (motions for reconsideration "are not vehicles for taking a second bite at the apple;" courts should "not consider facts not in the record to be facts that the court 'overlooked'" (internal quotation omitted)).  Further, given ED&F's absolute refusal to participate in discovery, any meeting with ED&F clearly would have been fruitless.

## <u>CONCLUSION</u>

For the reasons set forth above, SKAT respectfully requests that the Court deny ED&F's

motion for reconsideration.

Dated: New York, New York
      November 27, 2019

                              HUGHES HUBBARD & REED LLP

                              By:   /s/ Marc A. Weinstein
                                  William R. Maguire
                                  Marc A. Weinstein
                                  Neil J. Oxford
                              One Battery Park Plaza
                              New York, New York 10004-1482
                              Telephone: (212) 837-6000
                              Fax: (212) 422-4726
                              bill.maguire@hugheshubbard.com
                              marc.weinstein@hugheshubbard.com
                              neil.oxford@hugheshubbard.com

                              *Counsel for Plaintiff Skatteforvaltningen*
                              *(Customs and Tax Administration of the*
                              *Kingdom of Denmark)*

11