**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION,<br><br>This document relates to 1:18-cv-05053-LAK | MASTER DOCKET<br><br>Case No. 1:18-md-02865-LAK |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS, LTD.'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING ED&F MAN'S MOTION FOR A PROTECTIVE ORDER FOR A TEMPORARY STAY OF DISCOVERY**

Third-Party Defendant ED&F Man Capital Markets Limited ("ED&F Man") respectfully submits this reply memorandum of law in support of its motion for an Order (i) pursuant to Local Civil Rule 6.3, granting reconsideration of the Court's Pre-Trial Order No. 11 dated November 7, 2019 (the "November 7 Order") denying ED&F Man's motion for a protective order staying discovery pending the Court's ruling on ED&F Man's motion to dismiss; (ii) vacating the November 7 Order to the extent that the Court has found that the discovery sought from ED&F Man would not be burdensome; (iii) finding that ED&F Man has asserted substantial and potentially dispositive defenses of lack of personal jurisdiction and *forum non conveniens* in support of dismissal of the third-party claims against it; (iv) finding that SKAT would not be significantly prejudiced by a stay; and (v) granting such other and further relief as this Court may deem just and proper.

## PRELIMINARY STATEMENT

ED&F Man is a company organized under the laws of, and is exclusively domiciled in, England, and is seeking a temporary stay of discovery because a defendant in this multi-district litigation ("MDL") has asserted third-party claims against it with no jurisdictional basis. ED&F Man duly moved to dismiss those claims for lack of personal jurisdiction or *forum non conveniens*, or alternatively for a stay of claims against ED&F Man pending the outcome of the previously filed and pending litigation brought by SKAT in England against ED&F Man and others (the "English Action"). While the motion to dismiss was pending, additional third-party claims were asserted against ED&F Man by other defendants in the MDL. Taking advantage of the period before a decision by the Court on whether there is personal jurisdiction over ED&F Man, SKAT served document requests (the "Requests") on ED&F Man. Finally, the Goldstein Defendants also served document requests on ED&F Man in the wake of the Court's November 7 Order.

1

In response, ED&F Man justifiably and reasonably moved for a protective order staying discovery against ED&F Man in the MDL pending the Court's ruling on the motion to dismiss. Initially, in an order dated October 22, 2019 (the "October 22 Order"), the Court granted a stay, though apparently under the impression that it was the Goldstein Defendants that served the Requests. SKAT opposed, and the Court subsequently denied the motion for a protective order, reasoning that as to SKAT, if not to the Goldstein Defendants, ED&F Man would not be especially burdened by producing the same documents in the MDL and the English Action.

As more fully articulated in the moving brief on this motion for reconsideration, ED&F Man has demonstrated that the Court overlooked the prevailing case law setting forth the factors to consider on just such a motion for a temporary stay of discovery, and has additionally overlooked crucial facts bearing on the burden on ED&F Man of engaging in party discovery, including the multiplying document requests, the lack of prejudice to other parties, and the strength of ED&F Man's jurisdictional arguments in support of dismissal. Far from refuting these arguments, as more fully stated below, SKAT's opposition to the motion for reconsideration (the "Opposition") ignores and misrepresents ED&F Man's arguments, relies on baseless claims and irrelevancies and ignores controlling authority. Perhaps not surprisingly, SKAT nowhere in its opposition mentions the Second Circuit's recent holding that a litigant cannot obtain discovery from an entity over which the Court does not have personal jurisdiction. *See In re del Valle Ruiz*, 939 F.3d 520, 528-31 (2d Cir. 2019). Accordingly, ED&F Man respectfully submits that the Court should grant its motion for reconsideration, and upon reconsideration, issue a stay of discovery in the MDL on ED&F Man, until such time as the Court decides ED&F Man's motions to dismiss.

**ARGUMENT**

**I.     The Requests Impose a Significant Burden on ED&F Man**

SKAT's Opposition needlessly belabors the point that certain documents discoverable from ED&F Man in the English Action are also material to some of the claims in the MDL. ED&F Man has never maintained that each of the Requests is irrelevant to the MDL, and it does not attempt to do so in this motion for reconsideration. However, as demonstrated in the cases cited in the underlying motion for a protective order, and as more fully set out in the moving brief on this reconsideration motion, relevance is not a factor that courts in this district consider when weighing whether a protective order staying discovery is appropriate. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.,* 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *City of New York v. FedEx Ground Package Sys., Inc.*, No. 17 Civ. 5183 (ER), 2018 WL 4625765, *3 (S.D.N.Y. Sept. 26, 2018); *O'Sullivan v. Deutsche Bank AG,* No. 17-CIV-8709-LTS-GWG, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018).

The potential relevance of some of the documents sought is immaterial to the burden of duplicate review by counsel in two jurisdictions, particularly where ED&F Man is not subject to this Court's jurisdiction to entertain claims *or compel discovery* against it in the MDL.[1] Rather, in determining whether to stay discovery, the Court should be "mindful of the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack []

---

[1] SKAT baselessly claims that "it is hard to fathom that ED&F is not subject to jurisdiction where it targeted 31 separate U.S. pension plans as a part of a scheme", yet SKAT has not alleged that ED&F Man "targeted" 31 pension plans or that it participated in any fraudulent scheme, even in the English Action. *See generally* Amended Particulars of Claim, Declaration of Kristen G. Niven Exhibit H (Dkt. No. 170-8). Moreover, SKAT's argument regarding the 31 pension plans is irrelevant under controlling Supreme Court precedent. *See Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1776 (2017) ("For a court to exercise specific jurisdiction over a claim there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State. [] When no such connection exists, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.") (internal quotation marks and citations omitted). *Bristol-Meyers Squibb* stands for the proposition that even in a mass action, such as this MDL, each claimant must individually establish personal jurisdiction over the defendant. *See id.*, at 1781.

3

jurisdiction." *Hong Leong*, 297 F.R.D. at 75 (granting a stay of discovery despite overlapping discovery from a concurrent case, because "until [the plaintiff] has shown a reasonable basis for assuming jurisdiction, [it] is not entitled to [non-jurisdictional] discovery.") (citing *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir.1990)); *See also In re del Valle Ruiz*, 939 F.3d 520, 528-31.

The prejudice and burden to ED&F from the production of documents in this case now and in the English court later is obvious. The schedules for the production of documents in the two jurisdictions are different; the rules that apply to document discovery are different; the two courts could make different rulings on relevance (which would not be surprising because the claims are different); and two sets of lawyers, English and American, will have to separately review the entire universe of potentially responsive documents to assure compliance with each jurisdiction's rules. *See e.g., Hong Leong Fin. Ltd.*, 297 F.R.D. at 74; *O'Sullivan*, 2018 WL 1989585, at *8. To further clarify what SKAT willfully fails to understand, ED&F Man's English counsel is tasked with collecting, reviewing, and determining responsiveness of documents, and making any discovery motions before the English Court. They are not admitted to practice in this jurisdiction, however, and, unless the Court stays discovery against ED&F Man until it decides the jurisdictional issue, the undersigned counsel would need to re-review every piece of documentation in order to ascertain that its production under the supervision of this Court complies with all applicable rules and standards in this district. If, by contrast, the Court finds no personal jurisdiction over ED&F Man and instead issues letters rogatory to seek documents relevant to the MDL, the Court would be requesting an English court to issue and enforce a subpoena, which could then be reviewed by English counsel. *See Joseph v. Gnutti Carlo S.p.A.*, No. 15-CV-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (A court may issue letters rogatory to seek judicial assistance from

4

a foreign court . . . includ[ing] taking evidence from a person within the foreign court's jurisdiction.") Thus, in plain terms, the Requests as issued double the time and expense of reviewing and producing already-voluminous documents, an undeniable burden, which the Court overlooked.

SKAT will suffer no prejudice from a stay of discovery against ED&F Man in the MDL, compared with the burden on ED&F Man, particularly since the Court's November 7 Order appeared to be premised on a coordination of discovery in the two actions. By contrast, SKAT is demonstrably seeking *immediate* production of documents, *in advance of* the disclosure schedule set by the English Court. *See Hong Leong Fin. Ltd.*, 297 F.R.D. at 75 (finding a burden on defendant in part because "the Court is doubtful that the discovery in [] two cases can be coordinated" and "plaintiffs' access to discovery documents while defendant 'must wait on the resolution of any motions to dismiss' creates 'substantial' advantage for plaintiffs and 'undue prejudice' on defendant, as plaintiffs 'are able to formulate their litigation and settlement strategy.'") (citing *In re AOL Time Warner, Inc. Sec. Litig.*, No. MDL1500(SWK), 2006 WL 1997704, at *3 (S.D.N.Y. July 13, 2006).

Therefore, SKAT's Requests are merely attempt to gain an undue advantage by accelerating discovery of documents it might otherwise obtain in the English Action, in the clear hope of avoiding the Court's decision on whether it has jurisdiction over ED&F Man. This imposes a clear and undue burden on ED&F Man, while staying discovery on ED&F Man pending the Court's ruling on the jurisdictional issues in a motion to dismiss will not prejudice SKAT.

**II.    ED&F Man's Motion for Reconsideration Does Not Improperly Raise New Arguments**

Each of the points raised in ED&F Man's Motion for Reconsideration were also properly raised and preserved in its original motion for a protective order. First, SKAT's claim that only

5

cases that were explicitly cited in the original motion for a protective order, limited as it was by the Court's individual rules to four double-spaced pages, may be cited in a motion for reconsideration, overstates the applicable standard. A party "may not advance new facts, issues, or arguments not previously presented to the Court" on a motion for reconsideration; "[a] party may, however, introduce relevant authority that was not before the district court when it initially ruled on the matter." *Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C.*, 555 F. Supp. 2d 335, 338 (E.D.N.Y. 2008) (reconsidering its prior decision upon consideration of "instructive" decisional law "rendered prior to the Court's original decision and brought to the Court's attention for the first time on reconsideration"); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (upholding reconsideration "in light of CSXT's introduction of additional relevant case law and substantial legislative history").

In fact, every case cited in ED&F Man's motion for reconsideration analyzing support for a stay of discovery is consistent with the argument in ED&F Man's original motion for a protective order, and each is directly in line with, and in some instances cited by, the cases ED&F Man cited in its original motion. *See City of New York*, 2018 WL 4625765, at *3 (citing *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) and *Hong Leong Fin. Ltd.,* 297 F.R.D. 69 at 72). Therefore, the Court may consider the additional authority supporting the same points raised in ED&F Man's original 4-page motion for a protective order.

In its Opposition, SKAT also incorrectly stated that ED&F Man did not raise the issue of prejudice from a stay of discovery. (Opp. pp. 8-9). On the contrary, ED&F Man explicitly argued in its reply papers on the original motion that "SKAT will not be prejudiced by the proposed protective order" because (i) any documents relevant to both the MDL and the English Action will be produced in the English Action under the supervision of the English Court, and (ii) in the event

6

that this Court should find that it also has jurisdiction over ED&F Man, there will be ample opportunity for party discovery from ED&F Man. *See* Dkt. No. 217, at p. 2. In addition, the issue of prejudice was clearly before the Court through the decisional law ED&F Man cited, and was contemplated by the Court in its initial October 22 Order. Despite the self-serving assertion that it is "obvious" (Opposition, p. 9), SKAT has raised no facts in its Opposition for why there would be any specific prejudice, aside from the temporary delay, arising from a temporary stay of discovery from ED&F Man in the MDL. *See O'Sullivan,* 2018 WL 1989585, at *9; *Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS), 2015 WL 8207466, at *1 –2 (S.D.N.Y. Dec. 7, 2015).

Therefore, ED&F Man has raised facts and law that were before the Court, but which the Court overlooked in the November 7 Order, and which further support a stay of discovery against ED&F Man pending a decision on its motions to dismiss the third-party claims in the MDL.

### III. The New Discovery Requests Should Impact the Court's Consideration of the Motion for A Protective Order

SKAT's unsupported and cavalier claim that the recent addition of other document requests served on ED&F Man are unsurprising (see Opposition, p. 10) ignores the fact that the Court did originally grant a motion to stay discovery as to the third-party plaintiffs when it thought that the Goldstein Defendants had served the Requests.

The Court's reasoning in the November 7 order appears limited to the observation that the same two parties, namely SKAT and ED&F Man will soon be exchanging discovery relevant to both cases in the English Action. It did not consider the additional burden of document production in response to potentially all of the more than 200 MDL parties. Yet, the implication and result of SKAT's arguments are that it is open season on ED&F Man in the MDL, despite the fact that ED&F Man has a meritorious argument for this Court's lack of jurisdiction over it. For this reason as well, the Court should grant reconsideration, and issue a stay of discovery against ED&F Man.

7

## IV. The Court's November 7 Order Did Not Consider the Strength of ED&F Man's Motion to Dismiss

Contrary to SKAT's assertion, the fact that the Court explicitly expressed "no opinion on the parties' arguments concerning personal jurisdiction over ED&F" does demonstrate that the Court overlooked this factor of the analysis. (Opposition p. 9). In every applicable case in which courts in this district have considered this factor, they have at minimum reviewed the motion papers of the party requesting a protective order pending a decision on the motion to dismiss, and opined whether they were substantial. *See, e.g., Hong Leong Finance Ltd.,* 297 F.R.D., at 73-74 (considering whether the arguments made for dismissal are "substantial" or a "strong showing" that they will prevail). Here, by contrast, the Court has specifically disclaimed *any* opinion on the motion, including whether it is non-frivolous and substantial, which does not require any "attempt to predict the outcome of the motion to dismiss." *See Spencer Trask Software & Info. Servs., LLC*, 206 F.R.D., at 368 (although the Court had not yet viewed the opposition papers, issuing a stay based upon the "substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit.") Indeed, one could reasonably conclude from the Second Circuit's decision in *In re del Valle Ruiz,* that a District Court should consider whether it has jurisdiction over a party before requiring it to submit to merits discovery. *See* 939 F.3d 520, 528-31. Accordingly, the Court should grant the motion to reconsider the November 7 Order because it failed to consider the strength of ED&F Man's jurisdictional arguments, and upon reconsideration, should grant a temporary stay of discovery against ED&F Man.

8

## **CONCLUSION**

For all of the foregoing reasons, ED&F Man respectfully requests that the Court issue an order granting reconsideration of the November 7 Order denying ED&F Man's motion for a protective order staying discovery pending the Court's ruling on ED&F Man's motion to dismiss; and upon reconsideration (ii) vacating the November 7 Order to the extent that the Court has found that the discovery sought from ED&F Man would not be burdensome; (iii) finding that ED&F Man has asserted substantial and potentially dispositive defenses of lack of personal jurisdiction and *forum non conveniens* in support of dismissal of the third-party claims against it; (iv) finding that SKAT would not be significantly prejudiced by a stay; and (v) granting such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        **AKERMAN LLP**


        By:    */s Brian S. Fraser*
               Brian S. Fraser
               Kristen G. Niven
               brian.fraser@akerman.com
               kristen.niven@akerman.com
               666 Fifth Avenue, 20th Floor
               New York, NY 10103
               Telephone: (212) 880-3800

               *Attorneys for Third-Party Defendant ED&F Man Capital Markets, Ltd.*