# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: All Cases. | 18-md-2865 (LAK)<br><br>**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters** |

The United States District Court for the Southern District of New York presents its compliments to the appropriate judicial authority of Denmark, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter.  This request is made pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

This Court requests the assistance described herein as necessary in the interests of justice.  The assistance requested is that the appropriate judicial authority of Denmark compel the below named entity, by its Corporate Representatives, to produce documents and testimony.

It is expected, based on existing timetables, that the United States District Court for the Southern District of New York may schedule trial in or around 2021.  Summary judgment motions would be due before trial.  In the United States, parties may move for summary judgment.  A party moving for or opposing summary judgment must present evidence to support its arguments, as they do at trial.

The particulars of this Hague Evidence Request are as follows:

| | | |
|---|---|---|
| **1.** | **Sender** | Honorable Lewis A. Kaplan<br>District Judge<br>United States District Court for the Southern District of New York |
| **2.** | **Central Authority of the Requested State** | Ministry of Justice<br>Procedural Law Division<br>Slotsholmsgade 10<br>1216 COPENHAGEN K<br>Denmark |
| **3.** | **Person to whom the executed request is to be returned** | Neil J. Oxford<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004-1482<br>Tel.:  (212) 837-6843<br>Email:  neil.oxford@hugheshubbard.com |

**4.   Specification of the day by which the requesting authority requires receipt of the response to the Letter of Request**

| | |
|---|---|
| **Date** | March 31, 2020 |
| **Reason for Urgency** | Discovery is underway in this matter and trial may be scheduled to occur in 2021. |

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

| | |
|---|---|
| **5a. Requesting judicial authority (Article 3,a)** | Honorable Lewis A. Kaplan<br>District Judge<br>United States District Court for the Southern District of New York |
| **5b. To the competent authority of (Article 3,a)** | Denmark |
| **5c. Names of the case and any identifying number** | In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation 18-md-2865 (LAK) |

**6.   Names and addresses of the parties and their representatives**

| | |
|---|---|
| **a.   Plaintiff** | Skatteforvaltningen<br>Østbanegade 123 |

2

|                    | 2200 København Ø<br>Denmark |
|--------------------|-----------------------------|
| **Representatives** | William R. Maguire<br>Marc A. Weinstein<br>Neil J. Oxford<br>Dustin P. Smith<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, New York 10004-1482<br>United States |
| **b. Defendants** | See attached Schedule A. |

## 7. Nature of the Proceedings

### a. Nature of the Proceedings

In May and June 2018, Plaintiff Skatteforvaltningen ("SKAT") filed 140 similar complaints in eleven different federal judicial districts. On October 3, 2018, the federal complaints were consolidated in this Multi-District Litigation ("MDL") and assigned to the Honorable Lewis A. Kaplan. On February 26, 27, and 29, 2019, SKAT filed 43 additional complaints, which were consolidated into the MDL assigned to Judge Kaplan. On November 19, 2019, SKAT filed another complaint in the Southern District of New York, which has not yet been consolidated into the MDL.

This case stems from a fraudulent tax refund scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner ("DKK"), the equivalent of approximately $2.1 billion (US) of allegedly withheld dividend tax. Each of over 300 claimants purported to own shares in Danish companies listed on the OMX Copenhagen 20 Index, the 20 most-traded stocks in Denmark. Danish companies are required to withhold 27% tax on dividends they pay to shareholders. Under certain double taxation treaties between Denmark and other countries, including the United States, this tax is reimbursable to certain non-Danish shareholders. The

claimants, acting through their agents and representatives, applied to SKAT claiming repayments of tax withheld on dividends that they purported to have earned on shares of Danish companies that they claimed to hold.  These applications are alleged to have been fraudulent because the claimants did not own the shares that they claimed to own, did not earn the dividends they claimed to have earned, and were not entitled to the tax refunds they claimed.  Based on the allegedly fraudulent tax refund claims submitted by the defendants in the MDL, SKAT asserts that it paid baseless withholding tax refund claims of approximately $785,551,400 (US).  Claimants that were based in the United States, along with certain of their authorized representatives, are the Defendants in this MDL.

The claimants effectuated the scheme by appointing agents to apply to SKAT for refunds in respect of shares in Danish companies that they did not own.  The claimants each submitted refund claims seeking the full 27% withholding tax that had allegedly been withheld from distributions on shares of Danish companies the claimants purported to own.  These claims were submitted through payment agents, which in turn submitted the claims by mail or email transmission to SKAT.  Each entity claiming a withholding tax refund submitted to SKAT a "credit advice," "income advice," "tax voucher," or similar document (a "Credit Advice") created by a custodian ("Custodian") that purported to show the claimant's ownership of shares in Danish companies listed on the OMX Copenhagen 20 Index.  Some of the Custodians, however, now claim that the Custodians themselves did not have custody of the securities reflected on their Credit Advice, but instead that they had custody accounts with other credit institutions (the "Sub-Custodians") where the securities were held.  Specifically, some of the Custodians now claim that Skandinaviska Enskilda Banken AB ("SEB") served as a Sub-Custodian that held Danish Securities on behalf of the Custodians, and ultimately, the

Defendants in this MDL.  Ultimately, all shares of Danish listed companies are registered with VP Securities A/S, a central depository which maintains records of any shares of the Danish Securities held by any such Sub-Custodian, such as SEB.

    **b.  Summary of Complaints**

The allegations in SKAT's complaints in the consolidated actions are substantially similar.  SKAT brought complaints against three classes of defendants that are subject to jurisdiction in the United States:  "Plan Defendants," the pension plans that submitted fraudulent dividend withholding tax refund claims to SKAT; "Authorized Representative Defendants," individuals who signed powers of attorney authorizing Payment Agents to submit fraudulent dividend withholding tax refund claims to SKAT; and "Incorporator Defendants," defendants who incorporated business entities associated with the Plan Defendants that submitted fraudulent dividend withholding tax refund claims to SKAT.  The complaints allege that between 2012 and 2015, Defendants submitted fraudulent requests for tax refunds to SKAT.  Plaintiff SKAT asserts claims for fraud, aiding and abetting fraud, payment by mistake, unjust enrichment, negligent misrepresentation, and related claims.

    **c.  Summary of Defense**

The Defendants deny the facts set forth in support of the claims asserted in the complaints.

| | |
|---|---|
| **8a. Evidence to be obtained or other judicial act to be performed (Article 3,d)** | Plaintiff SKAT seeks documents and testimony from Skandinaviska Enskilda Banken AB, Copenhagen ("SEB"). |
| **8b. Purpose of the evidence or other judicial act sought** | The documents requested from SEB will demonstrate that the Defendants made false representations regarding their ownership of shares in Danish companies; that Defendants did not own shares in the Danish companies in which they purported to own shares or did not own such shares in sufficient quantities |

to obtain dividends they claim to have received; the circumstances of Defendants' ownership of shares and receipt of dividends from the Danish companies in which Defendants purported to own shares; and that Defendants were not paid dividends from Danish companies in which they purported to own shares and from which Defendants purported to have received dividends, including that Defendants did not have tax withheld on the dividends they purported to receive from Danish companies.

| | |
|---|---|
| 9.  **Identity and address of any person to be examined (Article 3,e)** | Anders Peter Bryde Rasmussen (Corporate Representative of SEB) Bernstorffsgade 50 1577 Copenhagen V Denmark

Peter Høltermand (Corporate Representative of SEB) Bernstorffsgade 50 1577 Copenhagen V Denmark |

**10. Questions to be put to the person to be examined or statement of the subject-matter about which they are to be examined (Article 3,f)**

SEB is a financial services group that some of the Custodians claim held Danish Securities and/or derivatives based on Danish Securities as a Sub-Custodian for the Defendants' Custodians.  The subject of the Corporate Representatives' testimony will be:

a.  The nature of the relationship, if any, between SEB, the Defendants, and/or Custodians of Defendants;

b.  The services, if any, provided by SEB to Defendants and/or their Custodians, including whether SEB held Danish Securities and/or derivatives based on Danish Securities for Defendants and/or their Custodians;

c.  SEB's opening and maintenance of accounts for Defendants and/or their Custodians, including account opening statements and other records;

d.  Agreements between SEB and Custodians of Defendants;

e.  SEB's knowledge of whether Defendants owned specific Danish Securities and/or derivatives based on Danish Securities and the manner in which Defendants

6

and/or their Custodians purchased specific Danish Securities and/or derivatives based on Danish Securities;

f.  SEB's knowledge of and role in facilitating the Defendants' and/or their Custodians' trading strategy;

g.  Any financing or other lending arrangements between SEB and Defendants and/or their Custodians;

h.  Communications between SEB, the Defendants, and/or the Custodians of Defendants, regarding Danish Securities and/or derivatives based on Danish Securities;

i.  The Defendants' claims for dividend withholding tax refunds; and

j.  Authentication of documents if necessary.

**11. Documents or other property to be inspected (Article 3,g)**

The United States District Court for the Southern District of New York requests that SEB produce the following documents, described below, which are in its custody, possession or control, provide a business records certification in the form annexed hereto, and to answer questions upon oral deposition regarding the authenticity, purpose, and meaning of the documents so produced.

**a.  Definitions**

i.  "Applicable Period" means January 1, 2012 until December 31, 2015.

ii.  "Custodians" means Argon Markets, BNP Securities Services SCA, ED&F Man Capital Markets Limited, Indigo Securities Ltd, Investec Bank PLC, Lindisfarne Partners LLP, North Channel Bank GmbH, Old Park Lane Capital PLC, Salgado Capital, Solo Capital Partners LLP, Telesto Markets LLP, and West Point Derivatives Ltd., and any of their affiliates, subsidiaries, predecessors, successors, assigns, principals, officers, directors, employees, agents, representatives, trustees, and attorneys.

iii.  "Danish Securities" means shares of any one of the following Danish securities:

1. A.P. Møller Mærsk A/S
2. A.P. Møller Mærsk A/S A
3. A.P. Møller Mærsk A/S B
4. Auriga Industries A/S
5. Carlsberg A/S
6. Carlsberg A/S - B
7. CHR. Hansen Holding A/S
8. Coloplast A/S
9. Coloplast A/S - B
10. Dampskibsselskabet Norden A/S
11. Danske Bank A/S
12. DSV A/S
13. FLSmidth & CO A/S
14. Gn Store Nord A/S
15. H Lundbeck A/S
16. IC Company A/S
17. ISS World Services A/S
18. NKT Holding A/S
19. Novo Nordisk A/S
20. Novo Nordisk A/S B
21. Novozymes A/S
22. Novozymes A/S B
23. Pandora A/S
24. Simcorp A/S
25. Sydbank A/S
26. TDC A/S
27. Tryg A/S
28. Vestas Wind Systems A/S

iv. "<u>Defendants</u>" means any of the United States defendants identified on the attached Schedule A.

v. "<u>Dividend(s)</u>" means any dividend received as a result of any interest in a Danish Security, including, but not limited to, manufactured dividends and any other dividends not received directly from the entity that issued the dividend.

vi. "<u>SEB</u>" means Skandinaviska Enskilda Banken AB, and its affiliates, subsidiaries, predecessors, successors, assigns, principals, officers, directors, employees, agents, representatives, and attorneys.

vii. "<u>Shah Entity(ies)</u>" means any company (including, but not limited to, Aesa S.a.r.L., Ganymede Cayman Limited, Elysium Global Limited, Elysium Global Dubai Limited, Old Park Lane Capital PLC, Solo Capital Partners LLP, Telesto Markets LLP, and West Point Derivatives Ltd.) created, established, founded, or managed by Sanjay Shah.

viii. "<u>Shah-Related Individual(s)</u>" means the principals, officers, directors, employees, agents, representatives and attorneys of Shah Entities, including, but not limited to, Jas Bains,

Sanjeev Dave, Anupe Dwala, Adam Forsyth, Graham McKenzie Horn, Gary Pitts, Nirav Patel, Craig David Price, Rajen Shah, Sanjay Shah, Jessica Spoto, Frank Vogel, and Dipti Vyas.

### b. Documents to be Produced

i.     A list of the accounts at SEB held by any Custodian, Shah Entity, Shah-Related Individual, or Defendant during the Applicable Period;

ii.    Any account statements for any SEB account held by any Custodian, Shah Entity, Shah-Related Individual, or Defendant during the Applicable Period;

iii.   SEB's stock record showing any holdings of any Danish Security by any Custodian, Shah Entity, Shah-Related Individual, or Defendant during the Applicable Period;

iv.    SEB's cash record showing any holdings of any cash by any Custodian, Shah Entity, Shah-Related Individual, or Defendant during the Applicable Period;

v.     Any document showing the ownership, purchase, sale, borrowing, lending, financing, or other trade or transfer or cancellation of any trade or transfer of any Danish Security by or on behalf of any Custodian, Shah Entity, Shah-Related Individual, or Defendant during the Applicable Period;

vi.    Any document showing the ownership, purchase, sale, borrowing, lending, financing, or other trade or transfer or cancellation of any trade or transfer of derivatives based on any Danish Security by or on behalf of any Custodian, Shah Entity, Shah-Related Individual, or Defendant during the Applicable Period;

vii.   Any documents, including SWIFT messages, demonstrating the receipt of any Dividend by SEB, for or on behalf of any Custodian, Shah Entity, Shah-Related Individual, or Defendant during the Applicable Period;

viii.  Any documents provided to SEB during the opening of any account by the any Custodian, Shah Entity, Shah-Related Individual, or Defendant;

ix.    Any contract or agreement dated or with effect during the Applicable Period between SEB and any Custodian, Shah Entity, Shah-Related Individual, or Defendant;

x.     All communications between SEB and any Custodian, Shah Entity, Shah-Related Individual, or Defendant during the Applicable Period.

| | |
|---|---|
| **12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3,h)** | The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the law of Denmark.  The testimony shall be given under oath. |
| **13. Special methods or procedure to be followed (Articles 3,i and 9)** | The United States District Court for the Southern District of New York further requests that the Parties' representatives or their designees, a court reporter, and a videographer be permitted to be present during the examination and make a verbatim record of the proceedings; and that the representatives or designees be permitted to examine and cross-examine the witnesses directly. |
| **14. Request for notification of the time and place for the execution of the Request and identity and address of  any person to be notified  (Article 7)** | It is requested that testimony be taken at such place, date, or time as ordered by the Ministry of Justice and/or as otherwise scheduled by the representatives of the Plaintiffs and/or as otherwise agreed to by the witnesses and the respective representatives of the Parties.

Notice thereof should be made to Plaintiff's counsel:
Boris Frederiksen
Kammeradvokaten Poul Schmith
Vester Farimagsgade 23
1606 Copenhagen Denmark |
| **15. Request for attendance or participation of judicial personnel of the requesting  authority at the execution  of the Letter of Request  (Article 8)** | None |
| **16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin  (Article 11, b)** | Under the laws of the United States, a party has a privilege to refuse to disclose the contents of a confidential communication between that party and an attorney that was made for the purpose of obtaining legal advice.

Parties also enjoy limited privileges not relevant here, such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent. |

10

United States law also recognizes a testimonial privilege for individuals against criminal self-incrimination. This privilege does not apply to production of documents.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created by attorneys in anticipation of litigation.

**17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**                    SKAT

Date of Request:

_____

Signature and Seal of the
Requesting Authority

11

## SCHEDULE A – DEFENDANTS AND REPRESENTATIVES

| Defendant | Representative |
|---|---|
| Ackview Solo 401K Plain | **Mark D. Allison** |
| Aerovane Logistics LLC Roth 401(K) Plan | **Zhanna A. Ziering** |
| Blackrain Pegasus LLC Solo 401K Plan | Caplin & Drysdale |
| Blue Ocean Equity LLC Retirement Plan & Trust | 600 Lexington Avenue |
| | 21st Floor |
| Bradley Crescenzo | New York, NY 10022 |
| Carl Andrew Vergari | Tel:  (212) 379-6000 |
| Cole Enterprises USA Retirement Plan & Trust | mallison@capdale.com |
| | zziering@capdale.com |
| CSCC Capital Pension Plan | |
| Delgado Fox LLC Solo 401K Plan | |
| Doston Bradley | |
| Edgepoint Capital LLC Roth 401(K) Plan | |
| FiftyEightSixty LLC Solo 401K Plan | |
| Gavin Crescenzo | |
| Gyos 23 LLC Solo 401K Plan | |
| Headsail Manufacturing LLC Roth 401K Plan | |
| JML Capital LLC 401K Plan | |
| John LaChance | |
| Kevin Kenning | |
| KK Law Firm Retirement Plan Trust | |
| Matthew Tucci | |
| Mitchell Protass | |
| Natoli Management Pension Plan | |
| Nova Fonta Trading LLC 401K Plan | |
| NYCATX LLC Solo 401K Plan | |
| OneZeroFive LLC Solo 401K Plan | |
| Pegasus Fox 23 LLC Solo 401K Plan | |
| Robert Klugman | |
| Roger Lehman | |
| Sanford Villa Pension Plan | |

| Defendant | Representative |
|---|---|
| Sean P. Driscoll | |
| Svetlin Petkov | |
| The 78 Yorktown Pension Plan | |
| The Aria Pension Plan | |
| The Aston Advisors LLC 401K Plan | |
| The Atlantic DHR 401K Plan | |
| The Balmoral Management LLC 401K Pension Plan | |
| The Beech Tree Partners 401K Plan | |
| The Belforte Pension Plan | |
| The Bella Consultants Pension Plan | |
| The Blackbird 401K Plan | |
| The Bradley London Pension Plan | |
| The Bravos Advisors 401K Plan | |
| The Busby Black 401K Plan | |
| The Cambridge Town Line Pension Plan | |
| The Canada Rock LLC 401K Plan | |
| The Cardinal Consulting Pension Plan | |
| The Chambers Property Management, LLC 401K Plan | |
| The Costello Advisors Pension Plan | |
| The Crow Associates Pension Plan | |
| The Diamond Scott Capital Pension Plan | |
| The Dink 14 LLC 401K Plan | |
| The DMR Pension Plan | |
| The Dosmon BLY Pension Plan | |
| The Egret Associates LLC 401K Plan | |
| The Eskin Pension Plan | |
| The Everything Clean LLC 401K Plan | |
| The Fieldcrest Pension Plan | |
| The FWC Capital LLC Pension Plan | |
| The Green Group Site Pension Plan | |

13

| Defendant | Representative |
|---|---|
| The Hawk Group Pension Plan | |
| The Heron Advisors Pension Plan | |
| The Hibiscus Partners LLC 401K Plan | |
| The Hoboken Advisors LLC 401K Plan | |
| The Hotel Fromance Pension Plan | |
| The Houston Rocco LLC 401K Plan | |
| The India Bombay LLC 401K Pension Plan | |
| The ISDB Pension Plan | |
| The Jayfran Blue Pension Plan | |
| The Joanne E. Bradley Solo 401K Plan | |
| The JT Health Consulting LLC 401K Plan | |
| The Jump Group LLC 401K Plan | |
| The KASV Group Pension Plan | |
| The Kodiak Capital Pension Plan | |
| The Krabi Holdings LLC 401K Plan | |
| The Kyber Pension Plan | |
| The Lakeview Advisors 401K Plan | |
| The LBR Capital Pension Plan | |
| The Lerici Capital Pension Plan | |
| The Ludlow Holdings 401K Plan | |
| The M2F Wellness LLC 401K Plan | |
| The Maple Advisors LLC 401K Plan | |
| The Monin Amper Pension Plan | |
| The Mountain Air LLC 401K Plan | |
| The MPQ Holdings LLC 401K Plan | |
| The Mueller Investments Pension Plan | |
| The NYC Stanismore Pension Plan | |
| The Oak Tree One 401K Plan | |
| The Oaks Group Pension Plan | |
| The Osprey Assocs. LLC 401K Plan | |
| The Patrick Partners Conglomerate Pension Plan | |

| Defendant | Representative |
|---|---|
| The Petkov Management LLC 401K Plan | |
| The Petkov Partners Pension Plan | |
| The Proper Pacific LLC 401K Plan | |
| The Random Holdings 401K Plan | |
| The RDL Consulting Group LLC Pension Plan | |
| The Regoleth Pension Plan | |
| The Robin Daniel Pension Plan | |
| The Saba Capital LLC 401K Plan | |
| The Sandpiper Pension Plan | |
| The Sea Bright Advisors LLC 401K Plan | |
| The Sector 230 LLC 401K Plan | |
| The Shapiro Blue Management LLC 401K Plan | |
| The Sinclair Pension Plan | |
| The SKSL LLC Pension Plan | |
| The Skybax LLC 401K Plan | |
| The Snow Hill Pension Plan | |
| The SPKK LLC 401K Plan | |
| The Stark Pension Plan | |
| The Stor Capital Consulting LLC 401K Plan | |
| The SVP 401K Plan | |
| The Tag Realty Advisors LLC 401K Plan | |
| The Texas Rocco LLC 401K Plan | |
| The Throckmorton Advisors 401K Plan | |
| The TKKJ LLC 401K Plan | |
| The Valerius LLC Solo 401K Plan | |
| The Wave Maven LLC 401K Plan | |
| The West River Pension Plan | |
| The Westport Advisors LLC 401K Plan | |
| The Westridge Ave LLC 401K Plan | |
| The Zen Training LLC 401(K) Plan | |
| Thomas Kertelits | |

| Defendant | Representative |
|---|---|
| Todd Bergeron<br><br>Vincent Natoli | |
| Albedo Management LLC Roth 401(K) Plan<br><br>Ballast Ventures LLC Roth 401(K) Plan<br><br>Bareroot Capital Investments LLC Roth 401(K) Plan<br><br>Battu Holdings LLC Roth 401K Plan<br><br>Cantata Industries LLC Roth 401(K) Plan<br><br>Cedar Hill Capital Investments LLC Roth 401(K) Plan<br><br>Crucible Ventures LLC Roth 401(K) Plan<br><br>David Zelman<br><br>Dicot Technologies LLC Roth 401(K) Plan<br><br>Eclouge Industry LLC Roth 401(K) Plan<br><br>Edwin Miller<br><br>Fairlie Investments LLC Roth 401(K) Plan<br><br>First Ascent Worldwide LLC Roth 401(K) Plan<br><br>Fulcrum Productions LLC Roth 401(K) Plan<br><br>Green Scale Management LLC Roth 401(K) Plan<br><br>Joseph Herman<br><br>Keystone Technologies LLC Roth 401(K) Plan<br><br>Limelight Global Productions LLC Roth 401(K) Plan<br><br>Loggerhead Services LLC Roth 401(K) Plan<br><br>Monomer Industries LLC Roth 401(K) Plan<br><br>PAB Facilities Global LLC Roth 401(K) Plan<br><br>Perry Lerner<br><br>Pinax Holdings LLC Roth 401(K) Plan<br><br>Plumrose Industries LLC Roth 401K Plan<br><br>Roadcraft Technologies LLC Roth 401(K) Plan | **Michelle A. Rice**<br>**Kaplan Rice LLP**<br>142 West 57th Street<br>Suite 4A<br>New York, NY 10019<br>mrice@kaplanrice.com |

| Defendant | Representative |
|---|---|
| Robin Jones<br><br>Ronald Altbach<br><br>Sternway Logistics LLC Roth 401(K) Plan<br><br>Trailing Edge Productions LLC Roth 401(K) Plan<br><br>True Wind Investments LLC Roth 401(K) Plan<br><br>Tumba Systems LLC Roth 401(K) Plan<br><br>Vanderlee Technologies Pension Plan | |
| Andrea Tew<br><br>Autoparts Pensions Group Trust<br><br>Bernard Tew<br><br>Bluegrass Investment Management, LLC<br><br>Bluegrass Investment Management, LLC Retirement Plan<br><br>Bluegrass Retirement Group Trust<br><br>Casting Pensions Group Trust<br><br>Central Technologies Pensions Group Trust<br><br>Industrial Pensions Group Trust<br><br>Stephanie Tew<br><br>SV Holdings, LLC Retirement Plan<br><br>Tew Enterprises, LLC Retirement Plan<br><br>Tew, LP Retirement Plan<br><br>Vincent Tew | **Mark J. Hyland**<br>**Thomas Ross Hooper**<br>**Shrey Sharma**<br>Seward & Kissel LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Tel:  (212) 574-1200<br>hyland@sewkis.com<br>hooper@sewkis.com<br>sharma@sewkis.com<br><br>**Philip W. Collier**<br>**John W. Pollom**<br>Stites & Harbison PLLC<br>pcollier@stites.com<br>jpollom@stites.com |
| Azalea Pension Plan<br><br>Basalt Ventures LLC Roth 401(K) Plan<br><br>Bernina Pension Plan<br><br>Elizabeth Van Merkensteijn<br><br>John Van Merkensteijn<br><br>Michelle Investments Pension Plan<br><br>Omineca Pension Plan<br><br>Remece Investments LLC Pension Plan | **Caroline Ciraolo**<br>**Sharon L. McCarthy**<br>**Nicholas S. Bahnsen**<br>Kostelanetz & Fink LLP<br>601 New Jersey Avenue, NW<br>Tel:  (202) 875-8000<br>Cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com |

| Defendant | Representative |
|---|---|
| Starfish Capital Management LLC Roth 401(K) Plan<br><br>Tarvos Pension Plan<br><br>Voojoo Productions LLC Roth 401(K) Plan<br><br>Xiphias LLC Pension Plan | |
| Avanix Management LLC Roth 401K Plan<br><br>Batavia Capital Pension Plan<br><br>Calypso Investments Pension Plan<br><br>Cavus Systems LLC Roth 401(K) Plan<br><br>Hadron Industries LLC Roth 401(K) Plan<br><br>Jocelyn Markowitz<br><br>Richard Markowitz<br><br>RJM Capital Pension Plan<br><br>Routt Capital Pension Plan | **Allison Stoddart**<br>**Alan E. Schoenfeld**<br>**Michael G. Bongiorno**<br>**Michael Posada**<br>WilmerHale<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Tel:  (212) 230-8800<br>allison.stoddart@wilmerhale.com<br>alan.schoenfeld@wilmerhale.com<br>michael.bongiorno@wilmerhale.com<br>michael.posada@wilmerhale.com |
| Alexander Jamie Mitchell III<br><br>American Investment Group of New York, L.P. Pension Plan<br><br>David Schulman<br><br>DW Construction, Inc. Retirement Plan<br><br>Joan Schulman<br><br>Kamco Investments, Inc. Pension Plan<br><br>Kamco LP Profit Sharing Pension Plan<br><br>Linden Associates Defined Benefit Plan<br><br>Moira Associates LLC 401 (K) Plan<br><br>Newsong Fellowship Church 401 (K) Plan<br><br>Riverside Associates Defined Benefit Plan<br><br>Stacey Kaminer | **John C. Blessington**<br>**Brandon R. Dillman**<br>K&L Gates LLP<br>One Lincoln Street<br>Boston, MA 02111<br>Tel:  (617) 261-3108<br>john.blessington@klgates.com<br>brandon.dillman@klgates.com |

| Defendant | Representative |
|---|---|
| David W. Freelove<br><br>Del Mar Asset Management Saving & Retirement Plan<br><br>Federated Logistics LLC 401(K) Plan<br><br>John C. Doscas<br><br>Sterling Alpha LLC 401(K) Profit Sharing Plan | **Bryan C. Skarlatos**<br>**Eric Smith**<br>Kostelanetz & Fink LLP<br>Seven World Trade Center<br>250 Greenwich Street, 34th Floor<br>New York, NY 10007<br>Tel:  (212) 808-8100<br>bskarlatos@kflaw.com<br>esmith@kflaw.com |
| Acorn Capital Corporation Employee Profit Sharing Plan<br><br>Acorn Capital Strategies LLC Employee Pension Profit Sharing Plan & Trust<br><br>Cambridge Way LLC 401K Profit Sharing Plan<br><br>Christopher Nowell<br><br>Gregory Summers<br><br>Shreepal Shah<br><br>Tveter LLC Pension Plan | **John Hanamirian**<br>Hanamirian Law Firm, P.C.<br>40 E. Maine St.<br>Moorestown, NJ 08057<br>Tel:  (856) 793-9092<br>jmh@hanamirian.com |
| George Hofmeister<br>JSH Farms LLC 401(K) Plan<br>KRH Farms LLC 401(K) Plan<br>MGH Farms LLC 401(K) Plan<br>MSJJ Retirement Group Trust<br>SRH Farms LLC 401(K) Plan<br>Triton Farms LLC 401(K) Plan | **Sheldon Toll**<br>29580 Northwestern Hwy., Ste. 1000<br>Southfield, MI 48034<br>Tel:  (248) 797-9111<br>sst@lawtoll.com<br><br>**James O'Toole**<br>Smith & O'Toole, PLLC<br>jotoole@smithotoole.com |
| Sheldon Goldstein<br><br>The Goldstein Law Group PC 401(K) Profit Sharing Plan | **Martin Kaplan**<br>**Kari Parks**<br>Gusrae Kaplan & Nusbaum PLLC<br>120 Wall Street<br>New York, NY 10005<br>Tel:  (212) 269-1400<br>mkaplan@gusraekaplan.com<br>kparks@gusraekaplan.com |

| Defendant | Representative |
|---|---|
| Michael Ben-Jacob | **Thomas E.L. Dewey**<br>**Sean K. Mullen**<br>Dewey, Pegno & Kramarsky, LLP<br>777 Third Avenue<br>New York, NY 10017<br>Tel:  (212)-943-9000<br>tdewey@dpklaw.com<br>smullen@dpklaw.com |
| Sander Gerber Pension Plan | **Stephen D. Andrews**<br>**Amy B. McKinlay**<br>Williams & Connolly LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>Tel:  (202) 434-5000<br>sandrews@wc.com<br>amckinley@wc.com |

## UNREPRESENTED DFENDANTS

| Defendant | Address |
|---|---|
| Raubritter LLC Pension Plan | 160 Central Park South, 1726 New York, NY 10019 |
| Bernina Pension Plan Trust | 211 Central Park West, Apartment 2G, New York, NY 10024 |
| RJM Capital Pension Plan Trust | 1010 Fifth Avenue, Apartment 1D, New York, NY 10028 |
| 2321 Capital Pension Plan | 23 East 10th Street, Apartment 220, New York, NY 10003 |
| Bowline Management Pension Plan | 66 West 88th Street, Unit 5B, New York, NY 10024 |
| California Catalog Company Pension Plan | 212 Cognewaugh Road, Cos Cob, CT 06807 |
| Clove Pension Plan | 27 Sage Street, Holmdel, NJ 07733 |
| Davin Investments Pension Plan | 77 Fifth Avenue, Suite 17D, New York, NY 10003 |
| Delvian LLC Pension Plan | 40 West 57th Street, 20th Floor, New York, NY 10019 |
| DFL Investments Pension Plan | 11 Hughes Street, Rockville Centre, NY 11570 |
| Laegeler Asset Management Pension Plan | 441 Menomonee Street, Chicago, IL 60614 |
| Lion Advisory Inc. Pension Plan | 45 Perry Street, Suite BW, New York, NY 10014 |

| Defendant | Address |
| --- | --- |
| Mill River Capital Management Pension Plan | 40 West 57th Street, 20th Floor, New York, NY 10019 |
| Next Level Pension Plan | 211 Central Park West, Apartment 2G, New York, NY 10024 |
| Rajan Investments LLC Pension Plan | 4506 West Hutchinson, Chicago, IL 60641 |
| Spirit on the Water Pension Plan | 211 Central Park West, Apartment 2G, New York, NY 10024 |
| Traden Investments Pension Plan | 40 West 57th Street, 20th Floor, New York, NY 10019 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION                                    18-md-2865 (LAK)

This document relates to: All Cases.

**DECLARATION OF _____ CERTIFYING RECORDS**
**OF REGULARLY CONDUCTED BUSINESS ACTIVITY**
**<u>PURSUANT TO FEDERAL RULE OF EVIDENCE 902(12)</u>**

I, _____, hereby declare and certify the following

pursuant to Federal Rule of Evidence 902(12):

1.      I am currently employed by Skandinaviska Enskilda Banken AB ("SEB").

My official title is _____.

2.      By reason of my position and experience, I am a duly authorized custodian

of records, or qualified witness, for SEB, and have authority to certify the records herein

described.

3.      In response to an order of [the Danish Court] dated _____,

ordering the production of documents identified in a Letter of Request from the District Court of

the Southern District of New York dated _____, SEB produced [identification of

documents, such as production volume or Bates number] to Neil J. Oxford, Esq., counsel for

Skatteforvaltningen in this matter.

22

4.      In my capacity as custodian of records for SEB, I certify that, aside from the production number, the records listed above are true and correct copies of records extracted from SEB's business records maintained in the ordinary course of its business.

5.      The records listed above were:

a.      Made by SEB personnel at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, persons with knowledge of those matters;

b.      Kept by SEB personnel in the course of SEB's regularly conducted business activities; and

c.      Made by the regularly conducted activities as a regular practice.

I certify under penalty of perjury that the foregoing is true and correct.

Date:

_____