UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND          18-md-2865 (LAK)
LITIGATION

This paper applies to: 18-cv-5053 (LAK)
------------------------------------- x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/2020

## MEMORANDUM OPINION

Appearances:

>   Martin H. Kaplan
>   Kari Parks
>   GUSRAE KAPLAN NUSBAUM PLLC
>   *Attorneys for Third-Party Plaintiffs*

>   Brian S. Fraser
>   Kristen G. Niven
>   AKERMAN LLP
>   *Attorneys for Third-Party Defendant*

LEWIS A. KAPLAN, *District Judge.*

   This is one of many actions brought by the Customs and Tax Administration of the Kingdom of Denmark ("SKAT") to recover funds allegedly obtained from it by fraud.[1] The matter is before the Court on a motion by third-party defendant ED&F Man to dismiss the third-party claims of defendants and third-party plaintiffs the Goldstein Plan and Sheldon Goldstein (collectively, "Goldstein") under Rule 12(b)(2) and on *forum non conveniens* grounds [18-md-2865, DI-239].

---

[1] The Court assumes the parties' familiarity with the facts underlying this matter and discusses them only as necessary to resolve it.

*Facts*[2]

At all relevant times, Goldstein was located in New York. From 2012 through 2019, it had a brokerage account in New York that was used by ED&F Man, its U.K.-based broker.[3] Goldstein alleges that ED&F Man would transfer money to and from that brokerage account in the course of making foreign investments on Goldstein's behalf.[4] Goldstein alleges also that ED&F Man collected "significant fees" for this work.[5]

The general theory of Goldstein's complaint is that if, as plaintiff alleges, Goldstein is liable to SKAT for submitting fraudulent tax vouchers to the Danish government, then ED&F Man ultimately was responsible and should be liable to Goldstein. In its twelve causes of action, Goldstein alleges that in the course of investing its money, ED&F Man injured Goldstein by submitting the fraudulent tax vouchers and engaging in related conduct that was negligent, fraudulent, and constituted a breach of various agreements between the parties and associated contractual and fiduciary duties.

*Discussion*

"In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence

---

[2] *See generally In re SKAT Tax Refund Scheme Litig.*, 356 F. Supp. 3d 300 (S.D.N.Y. 2019).

[3] Goldstein Cmplt. ¶¶ 105, 114 [18-md-2865, DI-240-1].

[4] *See, e.g., id.* ¶¶ 113-15; *id.* ¶¶ 168-93 (explaining how this process worked with regard to investments in Danish securities).

[5] *Id.* ¶ 115.

that takes place in the forum State."[6] "[T]he selection and repeated use of New York's banking system, as an instrument for accomplishing the alleged wrongs for which the plaintiffs seek redress, constitutes purposeful availment of the privilege of doing business in New York so as to permit the subjecting of [the defendant] to specific jurisdiction."[7]

By engaging in a long-term business relationship with a New York entity, ED&F Man purposefully availed itself of the benefits of doing business in New York. And by withdrawing Goldstein's money from a New York brokerage account, using it in ways allegedly injurious to a New York entity (Goldstein), returning the money and any earnings and proceeds to that account, and charging Goldstein fees for this work, ED&F Man repeatedly reached into New York in the course of doing business with Goldstein. As Goldstein's claims arise out of these purposeful contacts with New York, and asserting jurisdiction under these circumstances would comport with traditional notions of fair play and substantial justice, the Court has specific personal jurisdiction over ED&F Man. For similar reasons, this suit is authorized by at least two provisions of New York's long-arm statute.[8]

District courts have the discretion to dismiss a case for *forum non conveniens* subject to a three-factor analysis.

---

[6] *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1780 (2017) (brackets, citation, and quotation marks omitted).

[7] *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 171 (2d Cir. 2013) (citations, quotation marks, and alterations omitted); *id.* (emphasizing that this conclusion is particularly appropriate where the use of a New York bank account is "recurring").

[8] *See* N.Y. C.P.L.R. § 302(1) (authorizing jurisdiction over nondomiciliaries where their decisions to transact business within New York or supply services in the state give rise to the lawsuit); *id.* § 302(3) (same where a defendant's tortious act giving rise to a lawsuit causes injury to a person or property in New York and the defendant regularly does or solicits business in New York or derives substantial revenue from the state).

4

> "At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum."[9]

The alternative forum ED&F Man proposes is the United Kingdom.

Although Goldstein today is located in Florida, traveling to and retaining counsel in New York would be far more convenient for it than litigating in the United Kingdom, where Goldstein has no apparent presence. The parties agreed via contract that the United Kingdom would be an adequate forum for adjudicating their disputes, a fact that the Court accepts as true. But they did not select the United Kingdom (or any jurisdiction) as their exclusive forum. The private interest factors, as often is true, largely cancel each other out.

But the public interest weighs strongly in favor of adjudicating this dispute in New York. Goldstein has not filed a new lawsuit against ED&F Man but instead has brought third-party claims against it in SKAT's lawsuit against Goldstein. SKAT's lawsuit was filed, and is pending, in this Court.[10] In some respects, Goldstein's third-party complaint functions like a claim for indemnity, as its premise is that if Goldstein is liable to SKAT, then ED&F Man is liable to Goldstein. In this sense, the need to adjudicate the third-party claims – and the factual findings that would underlie such adjudication – depends upon the resolution of SKAT's claims.

The United States has an interest, expressed in the multidistrict litigation transfer

---

[9] *Norex Petroleum Ltd. v. Access Industries, Inc.*, 416 F.3d 146, 153 (2d Cir. 2005).

[10] *See Skatteforvaltningen v. Goldstein Law Group PC 401(K) Profit Sharing Plan*, No. 18-cv-5053 (LAK) (S.D.N.Y.). Although this lawsuit is consolidated with others for pretrial purposes, the fact that it originally was filed in this Court ensures that neither SKAT's claims nor Goldstein's third-party claims will be remanded to a different forum for trial.

5

statute, in resolving efficiently (and often in a single forum) factually related proceedings over which it has jurisdiction.[11]  And requiring Goldstein to litigate its claims, asserted here in its third-party complaint, in a foreign court would risk complicating these consolidated proceedings and generating conflicting findings on the question of Goldstein's liability to SKAT.  These outcomes would undermine the public interest in the efficient resolution of Goldstein's claims, SKAT's claims, and perhaps even some of the many other claims raised throughout this multidistrict litigation.

*Conclusion*

The motion to dismiss Goldstein's third-party complaint [18-md-2865, DI-239] is denied.  ED&F Man's alternative request for a stay is denied.  As ED&F Man elected not to challenge Goldstein's claims under any other provision of Rule 12(b), any such arguments are waived.[12]

SO ORDERED.

Dated:      January 7, 2020

_____
Lewis A. Kaplan
United States District Judge

---

[11] *See* 28 U.S.C. § 1407 (noting that a purpose of multidistrict litigation is achieving the efficiency benefits of coordinating related matters in a single forum for pretrial purposes).

[12] ED&F Man states in a footnote to its memorandum that "it does not waive and explicitly reserves its right to assert defenses to and make a motion to dismiss the Third-Party Complaint or any other claims against [it] for failure to state a claim pursuant to [Rule] 12(c)."  Whatever effect, if any, this statement may have, it does not alter the fact that ED&F Man has foregone its opportunity to argue under Rule 12(b)(6) that Goldstein has failed to state a claim for relief on any of its twelve counts.  *See* FED. R. CIV. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").