**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION<br><br>This paper applies to: 19-cv-01918 | Case No. 18-MD-2865-LAK<br><br>**ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendants Vanderlee Technologies Pension Plan ("Vanderlee") and David Zelman ("Zelman") (collectively, the "Zelman Defendants"), by and through their attorneys Kaplan Rice LLP, for their Answer to the February 26, 2019 complaint of plaintiff Skatteforvaltningen ("SKAT") (the "Complaint"), deny each and every allegation in the Complaint except as specifically admitted or responded to as follows.

## I.     INTRODUCTION

1.     The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.     Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 as to others.

3.     Paragraph 3 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 as to others.

1

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 as to others.

5. Paragraph 5 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 as to others.

6. Paragraph 6 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 as to others.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 as to others.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Paragraph 9 of the Complaint and its subparagraphs state legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 as to others.

Case 1:18-mc-02865-LAK Document 264-26 Filed 02/03/20 Page 3 of 17
Case 1:19-cv-01918-LAK Document 47 Filed 02/03/20 Page 3 of 17

10. The Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 as to other defendants.

11. Paragraph 11 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 as to others.

12. Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 as to others.

13. Paragraph 13 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 as to others.

## II. JURISDICTION & VENUE

14. Paragraph 14 of the Complaint states legal conclusions to which no response is required.

15. Paragraph 15 of the Complaint states legal conclusions to which no response is required.

## III. PARTIES

16. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. The Zelman Defendants admit the allegations set forth in Paragraph 17 except deny the implication that Vanderlee was not a bona fide pension plan.

18. Paragraph 18 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants admit the allegations in Paragraph 18 that Zelman is a citizen of the State of Texas and was the sole participant in Vanderlee. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

19. The Zelman Defendants deny the allegations as to themselves and admit, upon information and belief, the allegations concerning Defendant Ben-Jacob.

## IV. FACTUAL ALLEGATIONS

### A. The Danish Withholding Tax System

20. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Paragraph 21 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants respectfully refer the Court to section 65 of the Danish Withholding Tax Act for a complete and accurate statement of its contents.

22. Paragraph 22 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants respectfully refer the Court to the double taxation treaty between Denmark and the shareholder's country of residence for a complete and accurate statement of its contents.

23. Paragraph 23 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants respectfully refer the

4

Court to the double taxation treaty between Denmark and the United States for a complete and accurate statement of its contents.

24. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

### B. The Fraudulent Scheme

26. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

#### 1. The Fraudulent Refund Claims Process

27. Paragraph 27 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. The Zelman Defendants admit that Vanderlee received payments and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and each of its subparagraphs and respectfully refer the Court to the documents referred to in Paragraph 29 and each of its subparagraphs for a complete and accurate statement of their contents.

30. Paragraph 30 of the Complaint state legal conclusion to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to

5

themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 as to others.

33. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

### 2. The Role of the Claimants

33. Paragraph 33 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 as to others.

34. *See* the Zelman Defendants' answer to Paragraph 29.

35. Paragraph 35 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the fraud allegation and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35.

36. Paragraph 36 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the fraud allegations and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36.

37. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 except admits, upon information and belief, that tax refund claims were submitted by or on behalf of Vanderlee.

38. Paragraph 38 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the implied fraud allegation as to Vanderlee and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Paragraph 39 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations and deny knowledge or information sufficient to form a belief as to the truth of the payment date allegations in Paragraph 39.

40. Paragraph 40 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations except admits that Zelman was the sole participant in Vanderlee.

41. Paragraph 41 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth the allegations of Paragraph 41.

### 3. The Role of the Claimants' Authorized Representatives

42. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and respectfully refer the Court to the Power of Attorney for a complete and accurate statement of its contents.

43. *See* the Zelman Defendants' answer to Paragraph 42.

44. Paragraph 44 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44.

45. Paragraph 45 of the Complaint states legal conclusions to which no response is

7

required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 as to others.

46. As Paragraph 46 does not contain allegations concerning the Zelman Defendants, no response is required.

### 4. The Role of the Payment Agents

47. Paragraph 47 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 as to others.

48. Paragraph 48 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and refer to the Power of Attorney for a complete and accurate statement of its contents.

49. As Paragraph 49 does not contain allegations concerning the Zelman Defendants, no response is required.

50. As Paragraph 50 and its subparagraphs do not contain allegations concerning the Zelman Defendants, no response is required.

51. The Zelman Defendants deny the allegations as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51.

### 5. The Role of the Broker-Custodians

52. The Zelman Defendants deny knowledge or information sufficient to form a

8

belief as to the truth of the allegations in Paragraph 52.

53. The Zelman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and its subparagraphs and respectfully refers the Court to the Dividend Credit Advice for a complete and accurate statement of its contents.

54. Paragraph 54 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny allegations in Paragraph 54.

## CAUSES OF ACTION

### COUNT I
### (Fraud – Against Defendants Vanderlee and Zelman)

55. The Zelman Defendants repeat and reallege their answers to paragraphs 1 through 54 as if set forth fully herein.

56. Paragraph 56 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 56.

57. Paragraph 57 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 57.

58. Paragraph 58 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 58.

59. Paragraph 59 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in

9

Paragraph 59.

## COUNT II
### (Aiding and Abetting Fraud – Against All Defendants)

60. The Zelman Defendants repeat and reallege their answers to paragraphs 1 through 59 as if set forth fully herein.

61. Paragraph 61 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 61 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 as to others.

62. Paragraph 62 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 62 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 as to others.

63. Paragraph 63 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 63 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 as to others.

64. Paragraph 64 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 64 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 as to others.

65. Paragraph 65 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 65 as to themselves and deny knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 65 as to others.

66. Paragraph 66 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 66 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 as to others.

## COUNT III
**(Payment By Mistake – Against All Defendants)**

67. The Zelman Defendants repeat and reallege their answers to paragraphs 1 through 66 as if set forth fully herein.

68. Paragraph 68 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 68 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 as to others.

69. The Zelman Defendants deny the allegations in Paragraph 69 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 as to others.

70. Paragraph 70 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 70 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 as to others.

71. Paragraph 71 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 71 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 as to others.

72. Paragraph 72 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 72 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 as to others.

### COUNT IV
### (Unjust Enrichment – Against All Defendants)

73. The Zelman Defendants repeat and reallege their answers to paragraphs 1 through 72 as if set forth fully herein.

74. Paragraph 74 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 74 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 as to others.

75. Paragraph 75 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 75 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 as to others.

76. Paragraph 76 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 76 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 as to others.

77. Paragraph 77 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 77 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 as to others.

## COUNT V
### (Money Had & Received – Against All Defendants)

78. The Zelman Defendants repeat and reallege their answers to paragraphs 1 through 77 as if set forth fully herein.

79. Paragraph 79 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 79 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 as to others.

80. Paragraph 80 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 80 as to themselves and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 as to others.

## COUNT VI
### (Negligent Misrepresentation – Against Defendants Vanderlee and Zelman)

81. The Zelman Defendants repeat and reallege their answers to paragraphs 1 through 80 as if set forth fully herein.

82. Paragraph 82 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 82.

83. Paragraph 83 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in Paragraph 83.

84. Paragraph 84 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations in

13

Paragraph 84.

85. Paragraph 85 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Zelman Defendants deny the allegations set forth in Paragraph 85.

## REQUEST FOR RELIEF

The allegations set forth in the "WHEREFORE" clause constitute SKAT's request for relief to which no response is required. To the extent that a response is required, the Zelman Defendants deny that SKAT is entitled to the relief requested, or any other relief.

## JURY DEMAND

The Zelman Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join necessary and indispensable parties.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to exhaust its

administrative or other legal remedies available to it.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any and all purported damages are the result of Plaintiff's conduct, including but not limited to: negligence, contributory negligence, assumption of risk, and wrongful or unauthorized acts.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because it lacks standing to assert claims on behalf of the sovereign.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the subject matter of this complaint is the subject of pending legal proceedings in another jurisdiction.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate its alleged damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that such purported damages have or will be paid or indemnified by a collateral source.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Zelman Defendants are barred, in whole or in part, because any purported loss, damages or injuries were caused, in whole or in part, by the negligence, assumption of risk, fault of other culpable parties and/or third parties to this action, other than the

Zelman Defendants, for whose acts, omissions or breaches of legal duty the Zelman Defendants are not liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery by Plaintiff should be reduced by application of New York General Obligations Law § 15-108.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by collateral estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction to hear this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver and release.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Zelman Defendants reserve the right to add or amend these Affirmative Defenses based on information that may become known during the course of discovery.

## **REQUEST FOR RELIEF**

WHEREFORE, the Zelman Defendants respectfully request a judgment dismissing the Complaint with prejudice, together with its costs, disbursements and attorney's fees and such other and further relief as the Court may deem just and proper.

Dated: February 3, 2020
      New York, New York

                                      Respectfully submitted,

                                      KAPLAN RICE LLP

                                      By: /s/Michelle A. Rice

                                      142 West 57th Street Suite 4A
                                      New York, New York 10019
                                      (212) 235-0300 (telephone)
                                      (212) 235-0301 (facsimile)

                                      *Attorneys for Defendants David*
                                      *Zelman and Vanderlee Technologies*
                                      *Pension Plan*