# EXHIBIT I

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

SKATTEFORVALTNINGEN,

               Plaintiff,

vs.

TARVOS PENSION PLAN & JOHN VAN MERKENSTEIJN,

               Defendants.

MASTER DOCKET

18-md-02865-LAK

**ANSWER TO COMPLAINT**

**JURY TRIAL DEMANDED**

This document relates to:
Case No. 1:19-CV-01930-LAK

---

Defendants, Tarvos Pension Plan ("Tarvos") and John van Merkensteijn ("van Merkensteijn") (collectively, "Defendants"), by and through their undersigned attorneys, hereby answer and assert affirmative defenses and other defenses as follows to the Complaint (ECF No.1, February 28, 2019) of Skatteforvaltningen ("SKAT").  Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendants deny each and every allegation and assertion set forth in the Complaint.  The paragraphs that follow align with the numbered paragraphs in the Complaint.

    1.    Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 1.

    2.    Defendants deny the allegations in Paragraph 2, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

3. Defendants deny the allegations in Paragraph 3, except refer to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

4. Defendants deny submitting any fraudulent applications to SKAT and otherwise deny the remaining allegations in Paragraph 4, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

5. Defendants deny participating in any fraudulent scheme and otherwise deny the allegations in Paragraph 5, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

6. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 6.

7. Defendants deny making any false claims and deny the allegations in the first sentence of Paragraph 7, but otherwise deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 7.

8. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 8.

9. Defendants deny any knowledge of or participation in a fraud and deny the allegations in Paragraph 9, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

10. Defendants deny the allegations in Paragraph 10.

11.     Defendants deny any knowledge of or participation in a fraud and deny the allegations in Paragraph 11, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

12.     Defendants deny any knowledge of or participation in a fraud and otherwise deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15.     Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 16.

17.     Defendants deny any allegation that Tarvos was not a bona fide pension plan under United States law. Defendants otherwise admit the allegations in Paragraph 17.

18.     Defendants admit the allegations in the first sentence of Paragraph 18. The remainder of Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18, and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

19.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 19.

20. Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the Danish Withholding Tax Act for a complete and accurate account of its contents.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22, except refer to the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income for a complete and accurate account of its contents.

23. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 23.

24. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 24.

25. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 25.

26. Defendants deny that they submitted any fraudulent claims and deny the allegations in Paragraph 26, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

27. Defendants admit that Tarvos received payments with respect to its refund claims from Goal. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of all other allegations of Paragraph 27.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, except refer to the documents referenced in Paragraph 28 for a complete and accurate account of their contents.

29. Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 29, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

30. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 30.

31. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 31.

32. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 32.

33. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 33, except admit that Tarvos made withholding tax refund claims through Goal.

34. Defendants deny submitting any fraudulent claims, and deny the allegations in Paragraph 34, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

35. Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 35, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

36. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 36, except admit that Tarvos made withholding tax refund claims through Goal.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny submitting any false refund claims and deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

40. Defendants deny the allegations in Paragraph 40, except admit that van Merkensteijn served as a Director of a financial services firm based at 40 West 57th Street, New York, NY, and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

41. Defendants deny submitting any fraudulent refund claims and deny the allegations in Paragraph 45, except admit that van Merkensteijn served as a director of a financial services firm based at 40 West 57th Street, New York, NY, and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

42. Defendants deny the allegations in Paragraph 42, except refer to the power of attorney form referenced in Paragraph 42 for a complete and accurate account of its contents and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

43. Defendants deny the allegations in Paragraph 43, except refer to the power of attorney form referenced in Paragraph 43 for a complete and accurate account of its contents.

44. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 44, except refer to the power of attorney form referenced in paragraph 44 for a complete and accurate accounts of its contents.

45. Defendants deny the allegations in Paragraph 45, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

46. Defendants deny the allegations in Paragraph 46, except refer to the power of attorney form referenced in Paragraph 46 for a complete and accurate accounts of its contents, and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

47. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 47.

48. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 48.

49. Defendants deny participating in any fraud and deny the allegations in Paragraph 49, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

50. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 50.

51. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 51, except refer to the dividend credit advice referenced in Paragraph 51 for a complete and accurate account of its contents.

52. Defendants deny the allegations in Paragraph 52.

Case 1:19-cv-01950-LAK Document 41 Filed 02/03/20 Page 9 of 15

## COUNT I

53. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 52, above, as if fully set forth herein.

54. Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

## COUNT II

58. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 57, above, as if fully set forth herein.

59. Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59.

60. Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

### COUNT III

65. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 64, above, as if fully set forth herein.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70.

### COUNT IV

71. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 70, above, as if fully set forth herein.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73. Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74. Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75. Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

### COUNT V

76. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 75, above, as if fully set forth herein.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78. Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

### COUNT VI

79. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 78, above, as if fully set forth herein.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

## REQUEST FOR RELIEF

Defendants state that no response is required to Plaintiff's request for relief in the paragraph following Paragraph 83. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the Complaint, or any relief at all.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to Defendants as to any element of any claim asserted in the Complaint, Defendants assert the following affirmative and other defenses:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

SKAT's claims are barred by the doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

## THIRD DEFENSE

Defendants acted at all times reasonably and with due care; reasonably relied upon the actions and statements of others; and did not directly or indirectly cause, induce, aid, or abet any acts constituting the claims asserted by SKAT.

## FOURTH DEFENSE

Defendants did not engage in any unlawful conduct, and Defendants are not liable for any unlawful acts that may have been committed by others.

**FIFTH DEFENSE**

SKAT has failed to mitigate, minimize, or avoid any alleged damages.

**SIXTH DEFENSE**

SKAT is barred from relief by the doctrines of unclean hands, estoppel, laches, release, unjust enrichment, and/or waiver due to SKAT's own acts and/or omissions with reference to the subject matter of the Complaint.

**SEVENTH DEFENSE**

The alleged damages sought by SKAT are barred, in whole or in part, by the applicable statute(s) of limitations.

**EIGHTH DEFENSE**

The proximate cause of SKAT's injuries, if any, is the conduct of SKAT or others and not any act or omission by Defendants.

**NINTH DEFENSE**

The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

**TENTH DEFENSE**

The recovery by SKAT, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

**ELEVENTH DEFENSE**

SKAT's action is barred because of SKAT's failure to exhaust administrative and other legal remedies available to it.

**TWELFTH DEFENSE**

Defendants hereby adopt and incorporate by reference any and all other legally valid defenses to be asserted by any other defendant in this action to the extent they are applicable to Defendants.

### THIRTEENTH DEFENSE

The claims alleged in the Complaint are barred in whole or in part by res judicata.

### FOURTEENTH DEFENSE

The Complaint fails to plead fraud with the adequate degree of specificity and particularity.

### FIFTEENTH DEFENSE

If SKAT suffered any loss, damage, or injury, such loss, damage, or injury was caused in whole or in part by, and arose out of, SKAT's culpable conduct, including but not limited to, contributory negligence and assumption of the risk.

### SIXTEENTH DEFENSE

If SKAT suffered any loss, damage, or injury, such alleged loss, damage, or injury was caused in whole or in part by the negligence, assumption of risk, and/or fault of other culpable parties and/or third parties to this action, other than Defendants, for whose acts or omissions or breaches of legal duty Defendants are not liable.

### SEVENTEENTH DEFENSE

The claims alleged in the complaint are barred in whole or in part by collateral estoppel.

### EIGHTEENTH DEFENSE

SKAT's recovery, if any, should be reduced by application of New York's General Obligations Law § 15-108.

### NINETEENTH DEFENSE

This Court lacks subject matter jurisdiction to hear this action.

### TWENTIETH DEFENSE

Defendants were entitled to any money received from SKAT.

## TWENTY-FIRST DEFENSE

Plaintiff lacks standing to bring this action.

## TWENTY-SECOND DEFENSE

Defendant complied with all applicable rules and regulations, including all applicable U.S. and Danish securities laws and all applicable SKAT policies and procedures, that were in effect when submitting reclaims for refunds of dividend-withholding tax.

## TWENTY-THIRD DEFENSE

Defendants hereby reserve and assert all affirmative and other defenses available under any applicable federal or state law. Defendants presently have insufficient knowledge or information upon which to form a basis as to whether they may have additional, as yet unstated, affirmative or other defenses available. Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert additional defenses, counterclaims, cross-claims, and third-party claims at any subsequent stage of this action in the event that discovery indicates that such additional defenses or claims would be appropriate.

WHEREFORE, having fully answered all of the allegations of the Complaint to which any answer is required, and for the reasons set forth above, Tarvos and van Merkensteijn pray for relief and judgment:

A.  Dismissing the Complaint with prejudice;
B.  Denying Plaintiff the relief sought in the Complaint;
C.  Ordering that Plaintiff take nothing and that judgment be entered against Plaintiff;
D.  Awarding Tarvos and van Merkensteijn costs and expenses incurred as a result of having to defend this action; and
E.  Granting Tarvos and van Merkensteijn such other relief as the Court may deem just and proper.

Dated: New York, New York

      February 3, 2019

                                  Respectfully submitted,

                                  KOSTELANETZ & FINK, LLP

                       By:  <u>s/ Sharon L. McCarthy</u>
                            SHARON L. MCCARTHY
                            CAROLINE CIRAOLO
                            NICHOLAS S. BAHNSEN
                            7 World Trade Center, 34th Floor
                            New York, New York 10007
                            Tel:   (212) 808-8100
                            Fax:  (212) 808-8108
                            cciraolo@kflaw.com
                            smccarthy@kflaw.com
                            nbahnsen@kflaw.com

                            *Attorneys for Defendants Tarvos Pension Plan and John van Merkensteijn*