# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br>Case No. 1:19-cv-01895 (LAK) | MASTER DOCKET<br><br>18-md-02865 (LAK)<br><br>**ANSWER**<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RICHARD MARKOWITZ AND THE BATAVIA CAPITAL PENSION PLAN TO THE COMPLAINT – JURY TRIAL DEMANDED**

Defendants Richard Markowitz ("Markowitz") and the Batavia Capital Pension Plan (the "Batavia Capital Plan") (together, "Defendants"), by and through their undersigned counsel, hereby answer and assert affirmative defenses and other defenses as follows to the Complaint (ECF No. 1, February 28, 2019) of Plaintiff Customs and Tax Administration of the Kingdom of Denmark ("Skatteforvaltningen" or "SKAT"). Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendants deny each and every allegation and assertion set forth in the Complaint. The paragraphs that follow align with the numbered paragraphs in the Complaint.

## I. INTRODUCTION[1]

1. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1.

---

[1] The repetition of the headings and subheadings contained in the Complaint is not an adoption of those headings, nor an admission of their truth. Rather, Defendants include those headings in this Answer purely for the Court's ease of reference.

2. Defendants deny the allegations in Paragraph 2, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

3. Defendants deny the allegations in Paragraph 3, except refer to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

4. Defendants deny the allegations in Paragraph 4, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

5. Defendants deny the allegations in Paragraph 5, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, except deny the allegations in the first sentence of Paragraph 7.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

## II. JURISDICTION & VENUE

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

## III. PARTIES

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17, except deny any allegation that the Batavia Capital Plan was not a bona fide pension plan under United States law.

18. Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18, except admit that Markowitz is a citizen of the State of New York.

## IV. FACTUAL ALLEGATIONS

### A. The Danish Withholding Tax System

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19.

- 3 -

20. Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the Danish Withholding Tax Act for a complete and accurate account of its contents.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22, except refer to the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income for a complete and accurate account of its contents.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24.

**B.  The Fraudulent Scheme**

25. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25.

    **1.  The Fraudulent Refund Claims Process**

26. Defendants deny the allegations in Paragraph 26, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, except admit that the Batavia Capital Plan received payments from Acupay System LLC ("Acupay").

28. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, except refer to the documents referenced in Paragraph 28 for a complete and accurate account of their contents.

29. Defendants deny the allegations in Paragraph 29, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31.

**2.  The Role of the Claimants**

32. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, except admit that the Batavia Capital Plan made withholding tax refund claims through Acupay.

34. Defendants deny the allegations in Paragraph 34, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

35. Defendants deny the allegations in Paragraph 35, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, except admit that the Batavia Capital Plan made withholding tax refund claims through Acupay.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

40. Defendants deny the allegations in Paragraph 40, except admit that Markowitz served as a director of a financial services firm based at 40 West 57th Street, New York, NY, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

41. Defendants deny the allegations in Paragraph 41, except refer to the power of attorney forms referenced in Paragraph 41 for a complete and accurate account of their contents, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

### 3. The Role of the Claimants' Authorized Representatives

42. Defendants deny the allegations in Paragraph 42, except refer to the power of attorney form referenced in Paragraph 42 for a complete and accurate account of its contents and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

- 6 -

43. Defendants deny the allegations in Paragraph 43, except refer to the power of attorney form referenced in Paragraph 43 for a complete and accurate account of its contents.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, except refer to the power of attorney form referenced in Paragraph 44 for a complete and accurate account of its contents.

45. Defendants deny the allegations in Paragraph 45, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

46. Defendants deny the allegations in Paragraph 46, except refer to the power of attorney form referenced in Paragraph 46 for a complete and accurate account of its contents and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

**4.     The Role of the Payment Agents**

47. Defendants deny the allegations in Paragraph 47, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

48. Defendants deny the allegations in Paragraph 48, except refer to the power of attorney form referenced in Paragraph 48 for a complete and accurate account of its contents and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

### 5. The Role of the Broker-Custodians

52. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, except refer to the dividend credit advice referenced in Paragraph 53 for a complete and accurate account of its contents.

54. Defendants deny the allegations in Paragraph 54.

## CAUSES OF ACTION

## COUNT I

### (Fraud – Against All Defendants)

55. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 54.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58. Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58.

59. Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59.

## COUNT II

**(Aiding and Abetting Fraud – Against All Defendants)**

60. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 59.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

## COUNT III

**(Payment By Mistake – Against All Defendants)**

67. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 66.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72.

### COUNT IV

### (Unjust Enrichment – Against All Defendants)

73. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 72.

74. Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75. Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

### COUNT V

### (Money Had & Received – Against All Defendants)

78. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 77.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

## COUNT VI

### (Negligent Misrepresentation – Against All Defendants)

81. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 80.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

## REQUEST FOR RELIEF

Defendants state that no response is required to Plaintiff's request for relief in the paragraph following Paragraph 85. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the Complaint, or any relief at all.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to it as to any element of any claim asserted in the Complaint, Defendants assert the following affirmative and other defenses:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

SKAT's claims are barred by the doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

**THIRD DEFENSE**

Defendants acted at all times reasonably and with due care; reasonably relied upon the actions and statements of others; and did not directly or indirectly cause, induce, aid, or abet any acts constituting the claims asserted by SKAT.

**FOURTH DEFENSE**

Defendants did not engage in any unlawful conduct, and Defendants are not liable for any unlawful acts that may have been committed by others.

**FIFTH DEFENSE**

SKAT has failed to mitigate, minimize, or avoid any alleged damages.

**SIXTH DEFENSE**

SKAT is barred from relief by the doctrines of unclean hands, estoppel, laches, release, unjust enrichment, and/or waiver due to SKAT's own acts and/or omissions with reference to the subject matter of the Complaint.

**SEVENTH DEFENSE**

The alleged damages sought by SKAT are barred, in whole or in part, by the applicable statute(s) of limitations.

**EIGHTH DEFENSE**

The proximate cause of SKAT's injuries, if any, is the conduct of SKAT or others and not any act or omission by Defendants.

## NINTH DEFENSE

The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

## TENTH DEFENSE

The recovery by SKAT, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal or administrative proceeding.

## ELEVENTH DEFENSE

SKAT's action is barred because of SKAT's failure to exhaust administrative and other legal remedies available to it.

## TWELFTH DEFENSE

Defendants hereby adopt and incorporate by reference any and all other legally valid defenses to be asserted by any other defendant in this action to the extent they are applicable to Defendants.

## THIRTEENTH DEFENSE

The claims alleged in the Complaint are barred in whole or in part by res judicata.

## FOURTEENTH DEFENSE

The Complaint fails to plead fraud with the adequate degree of specificity and particularity.

## FIFTEENTH DEFENSE

If SKAT suffered any loss, damage, or injury, such loss, damage, or injury was caused in whole or in part by, and arose out of, SKAT's culpable conduct, including but not limited to, contributory negligence and assumption of the risk.

## SIXTEENTH DEFENSE

If SKAT suffered any loss, damage, or injury, such alleged loss, damage, or injury was caused in whole or in part by the negligence, assumption of risk, and/or fault of other culpable

parties and/or third parties to this action, other than Defendants, for whose acts or omissions or breaches of legal duty Defendants are not liable.

### SEVENTEENTH DEFENSE

The claims alleged in the complaint are barred in whole or in part by collateral estoppel.

### EIGHTEENTH DEFENSE

SKAT's recovery, if any, should be reduced by application of New York's General Obligations Law § 15-108.

### NINETEENTH DEFENSE

This Court lacks subject matter jurisdiction to hear this action.

### TWENTIETH DEFENSE

Defendants complied with all applicable rules and regulations, including all applicable U.S. and Danish securities laws and all applicable SKAT policies and procedures, that were in effect when submitting reclaims for refunds of dividend-withholding tax.

### TWENTY-FIRST DEFENSE

Defendants were entitled to any money received from SKAT.

### TWENTY-SECOND DEFENSE

Plaintiff lacks standing to bring this action.

### TWENTY-THIRD DEFENSE

Defendants hereby reserve and assert all affirmative and other defenses available under any applicable federal or state law. Defendants presently have insufficient knowledge or information upon which to form a basis as to whether they may have additional, as yet unstated, affirmative or other defenses available. Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert additional defenses, counterclaims, cross-

claims, and third-party claims at any subsequent stage of this action in the event that discovery indicates that such additional defenses or claims would be appropriate.

WHEREFORE, having fully answered all of the allegations of the Complaint to which any answer is required, and for the reasons set forth above, the Batavia Capital Plan and Markowitz pray for relief and judgment:

A. Dismissing the Complaint with prejudice;

B. Denying Plaintiff the relief sought in the Complaint;

C. Ordering that Plaintiff take nothing and that judgment be entered against Plaintiff;

E. Awarding Markowitz and the Batavia Capital Plan costs and expenses incurred as a result of having to defend this action; and

F. Granting Markowitz and the Batavia Capital Plan such other relief as the Court may deem just and proper.

|  |  |
|---|---|
| Dated: February 3, 2020<br>New York, New York | By: /s/ Michael G. Bongiorno<br>MICHAEL G. BONGIORNO<br>ALAN E. SCHOENFELD<br>ALLISON STODDART<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(212) 230-8800<br>Michael.Bongiorno@wilmerhale.com<br>Alan.Schoenfeld@wilmerhale.com<br>Allison.Stoddart@wilmerhale.com<br><br>MICHAEL POSADA<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>(202) 663-6000<br>Michael.Posada@wilmerhale.com<br><br>*Counsel for Richard Markowitz and The Batavia Capital Pension Plan* |