

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

February 26, 2020

BY ECF

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    In re Customs and Tax Administration of the Kingdom of Denmark
       (Skatteforvaltningen) Tax Refund Scheme Litigation, 18-md-2865 (LAK)

Dear Judge Kaplan:

This letter relates to all cases in the MDL.  Pursuant to Pretrial Order No. 14, the parties submit this joint status report on the topics identified in the Court's Order, as follows:

**Schedule for further proceedings**:  The parties jointly propose the following schedule for further proceedings:

- 3/27/20: deadline to file amended pleadings/add parties
- 12/15/20: complete fact discovery
- 2/15/21: initial expert reports
- 4/15/21: rebuttal expert reports
- 5/31/21: complete all discovery, including experts
- 7/30/21: summary judgment motions filed
- 8/31/21: summary judgment opposition papers filed
- 9/21/21: summary judgment reply papers filed
- 45 days after summary judgment motions are fully briefed: joint pre-trial order for SDNY cases

**Requests for international assistance**:  To date, Plaintiff has requested, and the Court has issued, two letters rogatory to Denmark.  The first concerned information about and received from counsel for a whistleblower in Denmark.  After the letters rogatory was submitted to the

Honorable Lewis A. Kaplan                                                                                          2
February 26, 2020

Danish court, the whistleblower's counsel objected to providing any additional information, representing that (i) he had no additional documents or information beyond what was provided to SKAT in 2015, and (ii) the whistleblower's identity should remain confidential because he continues to fear for his life, he received "source protection" from the Danish State Prosecutor for Serious Economic and International Crime (SØIK) when he originally provided information to SØIK as a result of valid concerns for his personal safety, and his identification can compromise the ongoing criminal investigation in Denmark.  In addition, SØIK submitted a letter stating that disclosure of the whistleblower's identity could adversely impact SØIK's criminal investigation.  Based on these representations, Plaintiff did not seek to compel further discovery.

The second letter rogatory concerned information from Danish bank SEB, which bank Sanjay Shah has claimed served as a sub-custodian for Danish shares.  That letter rogatory has been provided to the Danish Ministry of Justice and the production of information/documents should follow.

Plaintiff intends to submit a request for letters rogatory to the British Virgin Islands and the Cayman Islands for documents related to various entities established in those countries in connection with the refund scheme.

**<u>Document production, discovery of electronically stored information, and depositions</u>**:

<u>Plaintiff's productions</u>:  To date, Plaintiff has produced approximately 97,000 pages of documents in discovery, inclusive of electronically stored information ("ESI"), which includes Plaintiff's production of the internal files on each defendant pension plan, emails from review of 17 custodians, and documents obtained from various third-parties.  Plaintiff is continuing to review and produce documents to Defendants, and is in the process of meeting and conferring with Defendants on certain aspects of Defendants' January 17, 2020 Second Request for Documents.  Defendants' Second Request includes requests for the documents that Plaintiff has obtained from two companies in Dubai controlled by Sanjay Shah, whose affiliated entities issued thousands of dividend credit advices purporting to evidence ownership of Danish shares.  Plaintiff obtained the documents pursuant to search orders issued by the Dubai International Financial Centre Court.  In accordance with the European Union General Data Protection Regulation, which protects the privacy of personal data, Plaintiff intends to seek an order providing that Plaintiff will produce the documents to defendants without redacting personal data, subject to an amended protective order to protect the confidentiality of any such data.

<u>Defendants' productions</u>: The status of productions of documents and ESI by the Defendants reflects when the Plaintiff filed suit against each group. The Defendants from the May 2018 complaints have completed substantial document and ESI productions and continue to work with Plaintiff on addressing outstanding items.  The Defendants from the February 2019 complaints are continuing to produce documents and ESI to the Plaintiff.

Honorable Lewis A. Kaplan                                                                                    3
February 26, 2020

    <u>Status of Third-party Defendant ED&F Man's production</u>:  Plaintiff and third-party defendant ED&F Man have opposing views as to the status of ED&F Man's production of documents to date.

    <u>Plaintiff's Position</u>:  Third-party defendant ED&F Man has not produced a single document despite the Court's November 7, 2019 Order for such discovery to proceed.  Based on a meet and confer with ED&F Man's counsel on January 29, 2020, we understand that ED&F Man is required to produce all documents for its litigation in the United Kingdom by October 2020, and to produce on an interim rolling basis on May 1, July 31, and September 1.  We further understand from that meet and confer with ED&F Man that there is no plan or commitment for what might be produced by ED&F Man on those interim dates, and that ED&F Man does not intend to produce documents on a faster schedule to comport with the discovery process in the MDL.  ED&F Man's counsel did not ask SKAT to agree to the UK schedule in the MDL (but rather insisted that was all they would do), and such a request would have been rejected.  On February 14, 2020, Plaintiff proposed to ED&F Man to prioritize for production specific categories of documents critical to advancing the U.S. litigation.  ED&F Man has not responded.

    <u>ED&F Man's Position</u>: Third-party defendant ED&F Man has negotiated a schedule with Plaintiff for discovery in the English Action, in which SKAT has requested and ED&F Man has agreed to a search of 149 keywords to be applied to 4 million documents held by ED&F Man.  By order of the English Court, ED&F Man is now reviewing and producing all documents responsive both to SKAT's requested keywords and relevant to the issues in dispute, with such discovery to be delivered on a rolling basis on May 1, 2020, July 31, 2020 and September 1, 2020, and to be completed by no later than October 2, 2020.  At a meet and confer with SKAT's New York counsel on January 29, 2020, ED&F Man requested that SKAT agree to production of documents in the MDL on the same basis as requested by and agreed with SKAT in the English Action.  SKAT has not responded to this request. ED&F contends that document discovery between the same two parties in two cases that are addressing identical transactions should be coordinated.  Where a District Court and a foreign court have jurisdiction over related matters, "voluntary means may be available to achieve coordination and thereby reduce duplicative activity, minimize the risks of conflict, and avoid unnecessary expense." Manual on Complex Litigation, Fourth, Section 20, p. 17 (2004).  Contrary to SKAT's suggestion that the Court ordered a specific discovery schedule in its November 7 Order, the Court instead recognized that discovery in the two proceedings would largely overlap.  Indeed the schedule for completion of document discovery in the English Action is entirely consistent with the discovery schedule proposed in this Joint Status Report. On February 14, 2020, Plaintiff proposed to ED&F Man to prioritize for production specific categories of documents.  ED&F Man is responding today with an initial production of requested documents.

    <u>Depositions</u>:  To date, Plaintiff has taken depositions of two defendants: Svetlin Petkov and Carl Vergari.  Plaintiff has noticed or is in the process of confirming dates for seven additional Defendant depositions in March and April.  The Defendants have not yet noticed

Honorable Lewis A. Kaplan                                                                                          4
February 26, 2020

depositions of the Plaintiff, as they are continuing to receive and review documents and ESI productions from the Plaintiff.

**Reasonably Foreseeable Discovery**:  Plaintiff anticipates taking approximately 35 additional party depositions, as well as non-party depositions.  To the extent issues arise through discovery which requires information from foreign locations, Plaintiff may need to seek additional letters rogatory for documents or testimony.  The Defendants might serve a third set of document requests to Plaintiff depending on the progression of document and ESI discovery.  Defendants also anticipate noticing depositions of certain of Plaintiff's current and former employees and other members of the Kingdom of Denmark at or near the conclusion of Plaintiff's document productions in the next few months.  All parties anticipate serving interrogatories and/or requests for admission in the later stages of discovery.  Plaintiff and at least some subset of Defendants are likely to engage experts, and the parties have proposed an expert discovery schedule.

**Streamlining Discovery**:  The parties have streamlined document discovery to the extent possible as Plaintiff's document requests have been standard requests to each defendant, and defendants have jointly issued two document demands to Plaintiff.  For efficiency purposes, meet and confers with respect to Defendants' document requests have been conducted by lead counsel on behalf of the defense group.  For interrogatories and requests for admission, SKAT intends to serve a standard set of questions applicable to all defendants and, only to the extent necessary, a smaller set of tailored questions for certain defendants.  The Defendants anticipate submitting joint interrogatories and requests for admission to the Plaintiff and only a limited set of individualized interrogatories or requests for admission if necessary and depending on particular claims or issues of fact or state law.  The Defendants also intend to designate a single attorney to ask questions of the Plaintiff's employees during each deposition.  The parties are also exploring with Plaintiff the extent to which depositions can be limited in number for efficiency.

The parties have competing proposals for the number of interrogatories and requests for admission Plaintiff and each Defendant will be permitted to serve, which have not yet been resolved.

The parties note that the lead counsel role has contributed to the efficiency in these proceedings but that the proposed order governing the guidelines for the lead counsel's role has not yet been granted by the Court.

**Summary judgment motions**:  Plaintiff anticipates filing one motion for summary judgment in which it would group defendants and claims into categories, and thereby avoid duplication of making separate arguments as to each defendant and claim.  The Defendants anticipate filing a motion for summary judgment that addresses common issues of fact and law among the group. To the extent individual Defendants seek to file a motion for summary judgment on matters unique to particular Defendants, they will seek to identify other similarly-situated Defendants to bring such motions jointly.

**Trial**:  In lieu of selecting one bellwether case for trial, Plaintiff proposes to categorize the various cases into three main groups, resulting in only three trials in this District: (i) all cases in

Honorable Lewis A. Kaplan                                                                                          5
February 26, 2020

which at least one of Roger Lehman, Matthew Tucci, and Doston Bradley is a named defendant;
(ii) all cases in which at least one of Richard Markowitz, John von Merkensteijn, Robert
Klugman, and Michael Ben-Jacob is a named defendant; and (iii) all cases in which the
defendant pension plan's custodian was ED&F Man.  Based on discovery to date, the cases
within each of the three groups present similar fact patterns, which will permit an economy of
scale for trial for each group.  Plaintiff proposes that the Court select a trial date for the first of
the three trials, but without selecting which group will proceed first until a later date, so that all
counsel and parties are prepared to proceed to trial on the date selected by the Court.  Defendants
have not yet had an opportunity to consider this proposal.

**Settlement/Mediation**:  Plaintiff has been and remains willing to discuss settlement with any
individual defendant or groups of defendants.  For example, in May 2019, Plaintiff settled with a
large group of individuals and entities associated with 80 U.S. pension plans, for DKK 1.55
billion, prior to filing suits against those individuals and entities.  SKAT has also entered into
two smaller settlements, each with a U.S. pension plan and associated person prior to filing suit.
In SKAT's view, it is premature to consider mediation.

                                                         Respectfully submitted,

                                                         Marc A. Weinstein

cc:   All counsel of record (via email, with attachment)