# akerman

Brian S. Fraser

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY 10103

D: 212 259 6472
T: 212 880 3800
F: 212 880 8965
DirF: 212 259 7197

March 23, 2020

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK); 18-cv-5053; 18-cv-5374; 18-cv-8655; 19-cv-9797; 18-cv-10100

Dear Judge Kaplan:

We represent the Third-Party Defendant ED&F Man Capital Markets, Limited ("ED&F Man") in the above-captioned individual actions in this multi-district litigation. We write pursuant to the Court's order at the status conference held on March 5, 2020 following ED&F Man's discussions with Plaintiff Skatteforvaltningen ("SKAT") on a discovery plan in this action.

At the Court's direction, ED&F Man has been diligently and regularly conferring with Plaintiff Skatteforvaltningen ("SKAT") since the status conference to resolve any outstanding discovery obstacles or disputes, and as observed in the letter from SKAT's counsel dated March 16, 2020 (Dkt. No. 288), SKAT and ED&F Man have made substantial progress. ED&F Man respectfully submits this letter to advise the Court of ED&F Man's proposal resulting from the negotiations and agreements with SKAT on several points, and to note the select points on which the parties have not been able to reach a complete agreement.

akerman.com

Honorable Lewis A. Kaplan
March 23, 2020
Page 2
_____

**The Parties' Agreement and ED&F Man's Compliance Efforts**

As a result of these negotiations, the parties have agreed that it would be most conducive to the discovery process in the multi-district litigation for ED&F Man to prioritize a targeted search and accumulation of documents constituting the "trade packs" corresponding not just to the 11 tax vouchers issued by ED&F Man that are the subject of the third-party claims and the actions in this litigation against ED&F Man's clients, but to all 420 vouchers which were produced by ED&F Man and which are the subject of SKAT's claims in the MDL, with production of all trade packs to be made on a rolling basis and completed by July 31, 2020. Counsel for SKAT have agreed that completing production of the trade packs by this date would be sufficient to permit them to complete all necessary depositions by the close of fact discovery in December.

Not only has ED&F Man agreed to produce documents for all 420 vouchers, but it has undertaken to go beyond merely producing a mountain of unorganized documents and instead do the difficult and time consuming job of creating the trade packs which consist of all of the documents that relate to a trade or series of trades on behalf of ED&F Man's clients. These are the documents which underlie the calculation of the dividends paid and taxes withheld on such dividends that resulted in the creation of the disputed tax vouchers and which will prove that the pension plans owned shares, were entitled to and received dividends, and where disputed, were entitled to their refunds of withheld dividend tax. This endeavor requires time for ED&F Man's attorneys to search ED&F Man's databases, which include data and documents on millions of trades, and locate the documents from ten different categories of documents that relate to a particular trade or trades relevant to the voucher. Finally, the task requires additional attorney time to analyze these documents to ensure that they do in fact relate to the correct trade or trades for

Honorable Lewis A. Kaplan
March 23, 2020
Page 3

_____

each tax voucher. ED&F Man has agreed with SKAT to produce these trade packs in full, with the constituent documents in complete, unredacted format. The task of identifying and compiling the documents which will comprise these 'trade packs' has already begun.

ED&F Man has also agreed in the related action, *SKAT v. Solo Capital Partners LLP & Others*, [2018] EWHC (Comm), Claim No.'s CL-2018-000297; CL-2018-000404; CL-2018-000590 (Eng.) (the "English Action") (and has begun) to simultaneously conduct a review of around 1.2 million documents responsive to the 149 keywords requested by SKAT. These keyword searches will cover all documents in ED&F Man's possession, custody, and control that pertain to all of the same issues and claims that SKAT has asserted in this multi-district litigation. ED&F Man has agreed to produce responsive documents to this search on a rolling basis, with interim productions to be made on May 1, July 31, and September 1, and all document production to be completed by October 2, 2020. To assist in the efficient production of the most relevant documents in a timely manner, ED&F Man is using artificial intelligence-assisted review technology (Continuous Active Learning or TAR 2.0) that is designed to prioritize relevant documents determined by algorithmic learning from counsel's review. This process has been meticulously agreed between ED&F Man and SKAT in England during the course of discussions since December 2019.

ED&F Man has a dedicated team of five full-time attorneys undertaking the task of locating and producing the "trade packs" and another team of five contract attorneys conducting the parallel document review based on the keyword search SKAT have requested in the related English Action. Thus, ED&F Man has dedicated substantial resources and attorneys' time full-time to complete document production responsive to SKAT's requests in both proceedings.

Honorable Lewis A. Kaplan
March 23, 2020
Page 4

_____

**SKAT's Additional Detailed Demands Within the Agreed Upon Production Plan**

SKAT has agreed with all of the above as a starting point, but has lately made additional demands to micromanage the production. In particular, SKAT have demanded production of a specific number of trade packs on the schedule set out below:

- April 3, 2020: 60 trade packs, including:
    - Complete versions of the three Trade Packs produced to date;
    - TDC (ex dates March 7, 2014 and Aug. 8, 2014);
    - Tryg (ex date April 4, 2014); and
    - CHR Hansen (ex date Nov. 28, 2014)
- May 1, 2020: 88 trade packs
- May 29, 2020: 88 trade packs
- June 26, 2020: 88 trade packs
- July 31, 2020: 96 trade packs

While ED&F Man agrees to produce documents on a rolling basis, ED&F Man simply cannot commit to set numbers of specific trade packs at each rolling production date. ED&F Man is making every effort to accumulate and produce as many trade packs as quickly as possible, the exercise is simply not susceptible to such precise prediction and micromanaging: while it is expected that all of the disputed tax vouchers will be proved by the same categories of documents, each of these vouchers represents a net position held by a client after multiple trades, with each trade varying in complexity and requiring individual searches of ED&F Man's databases, systems and records for specific documents.. Because of this, the time it will take to identify documents for each trade pack will vary and the number of trade packs assembled for production by each rolling production date might exceed, or fall short, of the demanded benchmarks. Accordingly, ED&F Man cannot agree to be held to account before the Court in case they fall short. ED&F Man is conducting its searches diligently and in the utmost good faith, and SKAT have no basis to

Honorable Lewis A. Kaplan
March 23, 2020
Page 5

_____

assume otherwise. It is not in ED&F Man's interest to "backload" this production, which would only make an already difficult exercise all the more challenging; on the contrary it is in ED&F Man's interest to identify and produce as soon as possible all those documents which verify the legitimacy of the trades which it conducted on its clients' behalf.  But for the reasons stated herein, ED&F Man cannot predict how many trade packs it can and will have assembled or agree to such an unnecessarily specific demand. SKAT have agreed that completed production of the trade packs by July 31 will be acceptable, and ED&F Man will make substantial rolling productions of these on suitable dates, which can include  the dates requested above beginning in May or June.

The requested timeline now faces additional complications. Due to the exceptional circumstances under which the bar in the United States, counsel in United Kingdom, and the courts alike are currently operating, ED&F Man has been hampered in its review of late, and will not have many trade packs ready by April 3, a mere two weeks from today, barring those in the preview production that will be re-produced formally and in full with bates numbers. As ED&F Man has explained to SKAT, and as counsel for the Defendants observed to the Court at the March 5 conference, until last week ED&F Man has suffered a two-week period when its counsel had zero access to any documents whatsoever due to a worldwide ransomware attack on Epiq (its e-discovery provider). Since then, ED&F Man's entire review team has also been forced to vacate their offices due to the COVID-19 pandemic. Counsel are now all working home with all the complication and delays that has necessarily entailed including pronounced slowdowns in review speed due to pressures on bandwidth. SKAT, through its counsel in the English Action, have today acknowledged the difficulty the situation has presented for all parties, and already proposed an

_____

extension of all deadlines in that action.[1] ED&F Man continues to plug away at this production, and will continue make a rolling production of all trade packs, to be completed by July 31. However, the interim production dates require reconsideration in light of the circumstances. SKAT proposed in its letter today in the English Action a three-month extension of all dates. While this would certainly be achievable, ED&F Man is mindful that the MDL has additional discovery considerations that would make such a long extension impractical. Accordingly, ED&F Man proposes to make its rolling production, with interim productions on May 31, June 26, and production to be completed by July 31, 2020.

Although ED&F Man's most recent communications with SKAT indicate that there may have been some misunderstanding as to what the trade packs will include, ED&F Man agrees to produce in full the relevant documents reflecting the shares in Danish stock held or traded by ED&F Man, which gave rise to each tax voucher. This includes not only ED&F Man's account equity and transaction statements for the client pension plans, but also the dividend reconciliation sheets and all relevant SWIFT messages and documents that may be pulled from the Shadow financial system, documenting the holdings and trades in the relevant stock.

**ED&F Man's Responses to SKAT's Latest Demands**

SKAT issued additional demands as of 8:55 pm EST on Friday March 20 / 12:55 am GMT on Saturday, March 31:

> Please immediately (i) identify the institution(s) that held custody of ED&F Man's holdings of Danish shares; (ii) confirm that ED&F has and will produce (a) statements from those institution(s) showing ED&F Man's holdings of Danish shares, and (b) excerpts from ED&F Man's own stock record showing ED&F Man's holdings of Danish

_____
[1] A copy of the letter from Pinsent Masons on behalf of SKAT to all defendants in the English Action dated March 23, 2020 is annexed hereto as Exhibit 1.

> shares, both by May 1; and (iii) consent to our requesting records of ED&F Man's Danish shareholdings and activity in any account at that institution(s).
>
> With respect to the dividend reconciliation sheets, which you suggest are ED&F Man's sole records of shares held on behalf of its clients, we still do not understand why this limited set of documents cannot be produced immediately, and request that you do so.
>
> Finally, we require a date from you prior to May 1 when you can produce to us the documents underlying the Annex E analysis contained in your January 13, 2020 letter to Pinsent Masons.

With respect to items (i)-(iii), ED&F Man has previously confirmed to SKAT the identity of the institutions that held custody of the Danish shares were BNP Paribas and Skandinaviska Enskilda Banken. As to the remaining requests, these demonstrate a misunderstanding on SKAT's part of the documentation evidencing ED&F Man's business. The documents which prove ED&F's receipt and holding of the relevant Danish shareholdings are not composite account statements, which ED&F has never held and which do not exist, they are SWIFT messages showing receipt of shares (MT545) and SWIFT messages showing total daily holdings (MT940s), these being encrypted SWIFT Messages sent by ED&F Man's sub-custodians and showing ED&F's stock holding on a daily basis. ED&F Man's counsel has now recovered a database of all of such historic SWIFTS from Bottomline – the document manager which was storing them – and is in the process of working out how to identify each relevant SWIFT from this database. These will all be provided and thus the requested consent is not necessary.

All dividend reconciliation sheets are being compiled by ED&F Man as fast as practically possible and will be disclosed to SKAT when ready. The Dividend Reconciliation sheet is one of the documents included in the "trade pack". Therefore, all Dividend Reconciliation sheets will be disclosed on a rolling basis, with completion by 31 July 2020.

Honorable Lewis A. Kaplan
March 23, 2020
Page 8

_____

The documents underlying the "Annex E"[2] analysis[3] were the account statements for each Pension Plan client. ED&F Man has confirmed to SKAT that they shall provide these account statements as soon as practically possible. All other materials are subsumed within the keyword search and review currently being conducted. ED&F Man performed *ad hoc* searches of its email custodians in order to confirm the recipients of trades and payments in the course of its investigation of the trades with FTI Consulting, which searches it also used to relay summary information to SKAT's counsel in England in a letter on January 13, 2020. However, ED&F Man did not retain a collated record of these documents resulting from the *ad hoc* searches, because the full documents and emails underlying these trades are included in the keyword search, and now the trade pack search that ED&F Man was and is still conducting. ED&F Man did not at the time intend or anticipate that it would be requested to isolate and produce such documents in a different order to the production process agreed to by SKAT and ordered by the English court. Accordingly, such documents are not available for "immediate" production as SKAT now demands, but will be produced consistent with SKAT and ED&F Man's agreements.

To the extent documentation of ED&F Man's review of the trades with FTI Consulting and its submissions to the FCA in England are not subject to the work product privilege for material created or transmitted in anticipation of and in the course of litigation, or other applicable privilege under English law, ED&F Man has agreed to produce all written explanations for ED&F Man's misstatement of any holding of Danish shares or of any receipt of dividends on Danish shares . To

---

[2] This refers to the tax vouchers included in Annex E to ED&F Man's Amended Defence filed in the English Action on September 6, 2019. (Dkt. No 202-1).
[3] The analysis contained in Rosenblatt's letter to Pinsent Masons dated January 13, 2020 in the English Action.

_____

the extent such documentation are privileged and immune from discovery, ED&F Man has agreed to produce an initial privilege log of all such privileged documents by March 31, 2020, as requested by SKAT. ED&F Man reserves the right to serve a supplemental privilege log accounting for all privileged documents once it has completed its document production.

Finally, we note that SKAT's demands from ED&F Man, which only recently filed its answers to the third-party complaints, and against whom SKAT have no claims in this Court, that ED&F Man "immediately" produce certain documents that do not exist in a readily producible format are hard to reconcile with the pace at which SKAT has been producing its own documents and taking discovery. According to the joint status report, in the two years since they commenced these cases they have produced a mere 97,000 documents and have not completed their production, and today they have requested a 3 month extension to their disclosure deadlines in the English Action yet again delaying the production of numerous documents which ED&F Man has been requesting. They have taken exactly two depositions, and those occurred only in the last month. Moreover, we have today served SKAT with ED&F Man's First Request for Documents, seeking documents that will demonstrate that ED&F Man acted lawfully and reasonably in all respects within the tax system that SKAT created. We respectfully request that SKAT will be required to abide by the same schedule for producing documents as is set for ED&F Man.[4]

We respectfully submit that ED&F Man's efforts and commitments to expeditiously meet its discovery obligations are reasonable, consistent with the proposed discovery schedule, and will not prejudice any party, particularly in view of the course of discovery thus far.

---

[4] A copy of ED&F Man's First Request for the Production of Documents to SKAT is attached hereto as Exhibit 2.

Honorable Lewis A. Kaplan
March 23, 2020
Page 10

_____

For the foregoing reasons, ED&F Man respectfully requests that the Court order the general schedule as agreed upon by SKAT and ED&F Man that: (i) ED&F Man shall produce all trade packs for the trades underlying the tax vouchers on a rolling basis, with interim productions to be made on May 31, and June 26, 2020 and to be completed by July 31, 2020, and (ii) ED&F Man shall produce all non-privileged documents responsive to the keyword search requested by SKAT on a rolling basis, with interim productions to be made on May 1, July 31, and September 1, and to be completed by October 2, 2020.

Respectfully submitted,

*/s Brian S. Fraser*
Brian S. Fraser

cc:   All counsel (via ECF)