Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

March 23, 2020

BY ECF

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:      In re Customs and Tax Administration of the Kingdom of Denmark (SKAT)
                   Tax Refund Scheme Litigation, 18-md-2865 (LAK)

Dear Judge Kaplan:

      We write on behalf of Plaintiff Skatteforvaltningen ("SKAT") to advise the Court that we have been unable to reach agreement with Third-Party Defendant ED&F Man Capital Markets, Ltd. ("ED&F Man") about ED&F Man's responses to SKAT's First Requests for Production of Documents (the "Requests"), and to seek appropriate relief.

      Since the status conference before this Court on March 5, 2020, the parties have engaged in a series of meet and confer sessions, which have been helpful to narrow the issues in dispute. Unfortunately, SKAT was unable to secure from ED&F Man a commitment to produce certain categories of documents and to comply with a timetable that would permit SKAT to meet its obligations under the discovery schedule that all parties proposed to the Court. ED&F Man's discovery proposal is deficient in the following ways: (i) ED&F Man refuses to commit to objective milestones for producing Trade Packs on a rolling basis; and (ii) ED&F Man refuses to mitigate the delay in producing the Trade Packs by producing core underlying business

96519687_3

documents—account statements and dividend reconciliation sheets, both of which it must have had for at least six months in order to make its Annex E representations to the English court—which would permit SKAT to continue to progress this MDL without waiting until the summer to begin its analysis of ED&F's documents.

SKAT therefore respectfully requests an order in the form of the proposed Order at Exhibit 1 directing ED&F Man to produce by May 1, 2020: (1) documents underlying ED&F Man's analysis (performed by FTI) of the parties that received the proceeds of payments that SKAT made with respect to credit advice notes that ED&F Man has identified (in its Annex E pleading in the UK court) as false; (2) Dividend Reconciliation Sheets, which are internal ED&F Man documents used to create the credit advice notes ("Credit Advice Notes" or "Vouchers") that the Pension Plans submitted to SKAT; (3) ED&F Man's own stock record reflecting the Danish shares that were the subject of the fraudulent claims, and (4) all Account Equity and Account Transactions documents for the Pension Plans listed in the Requests. We respectfully request that the Court also order ED&F Man to produce by July 31, 2020 all Trade Packs demonstrating ED&F Man's involvement in, and purported operation and funding of the transactions underlying the disputed withholding tax applications, with rolling production of Trade Packs in equal monthly productions beginning May 1.

**Procedural Background and English Litigation Timeline**

On September 30, 2019, SKAT served the Requests on ED&F Man, shortly after ED&F Man was impleaded as a third party defendant in the above-captioned cases. (Exhibit 2.) In response, ED&F Man moved for a protective order staying discovery pending resolution of its motion to dismiss. On November 7, 2019, this Court denied ED&F Man's motion for a stay, ECF 223, noting that ED&F Man would not be especially burdened by producing the same

96519687_3

documents in parallel litigation with SKAT in England and the United States. On November 21, 2019, ED&F Man served its responses and objections to the Requests, objecting principally on the grounds that the Requests seek "to shortcut the ongoing discovery in England between ED&F Man and SKAT" and that because the requests relate to all plans for which ED&F Man purportedly acted as a custodian, "SKAT is seeking discovery purely for the benefit of the English Litigation." (Exhibit 3.) On December 16, 2019, this Court denied ED&F Man's motion to reconsider, ECF 242, and on January 7, 2020, denied ED&F Man's motion to dismiss the third party complaint. ECF 255. Since then, ED&F Man has produced only 158 documents, which are account-related documents for the third party complainant Plans, and three sets of highly-redacted documents purporting to evidence the Plan Defendants' transactions in Danish shares.

On January 16, 2020, in the litigation between ED&F Man and SKAT in England (the "English Litigation"), the presiding judge Mr. Justice Andrew Baker made Case Management Directions related to discovery (the "Directions," Exhibit 4). The Directions order ED&F Man to complete its discovery by October 2, 2020, with rolling productions on May 1, July 31, and September 1, 2020. In a letter following the Directions, ED&F Man's English counsel wrote to SKAT's English counsel, outlining proposed dates for disclosure of ED&F Man's documents. (Exhibit 5.) First, ED&F Man wrote that it would produce compliance documents and customer agreements by May 1, 2020. The documents include ED&F Man's agreements with the Pension Plans for which it served as a custodian, and due diligence conducted when the Pension Plans became clients. Second, ED&F Man advised that it would collate so-called Trade Packs, which it claimed will demonstrate ED&F Man's "involvement in the transactions underlying the disputed [Withholding Tax] Applications and how such

96519687_3

transactions were operated and funded," and produce an initial tranche by May 1, 2020, and the remainder by July 31, 2020.[1] Finally, ED&F Man also agreed to review documents responsive to keyword search terms and produce any other relevant documents.

SKAT's production of its own documents in the English Litigation must be completed by July 31, 2020, although the COVID-19 pandemic has led to proposals, including by SKAT, that the deadlines in the English Litigation be moved back by three months. The English Litigation currently has no scheduled trial date, and one will not be set until July 2020. Based on current schedules, trial is not expected to occur until mid-2022.

**Disputed Issues**

Following the status conference before this Court on March 5, 2020, the parties engaged in discussions in which ED&F Man has agreed: (i) to produce a privilege log by March 31, 2020, so that SKAT (and potentially this Court) can evaluate ED&F Man's claim that all documents concerning the analysis performed by FTI to identify the false Vouchers (listed on Annex E of ED&F Man's amended defense filed in England), and all ED&F Man documents explaining its issuance of false vouchers are privileged; and (ii) to produce all Trade Packs by July 31, 2020, which is the same schedule that ED&F Man proposed for the English Litigation.

---

1. In its letter to SKAT's English counsel, ED&F Man represented that the Trade Packs would contain several types of documents, including screenshots of publicly-available Bloomberg data, extracts from ED&F Man's internal systems, account statements showing each client's cash and shareholdings, SWIFT confirmations, and emails related to trading and sending the DWT vouchers to clients. (Exhibit 5.)

96519687_3

Notwithstanding these agreements, ED&F has not agreed to produce the following documents on a timetable that would permit SKAT to comply with the case management schedule proposed by the parties.

1. *Trade Packs*

SKAT agrees that ED&F Man can produce its Trade Packs on a rolling basis, with production to be completed by July 31, 2020.  However, ED&F Man has not agreed to any specific milestones for these rolling productions, so SKAT proposed that these be produced beginning April 3, and on a steady rolling basis through July 31.  ED&F Man, despite having been reviewing these documents for at least six months and likely much longer, objected and claimed an April starting date was impossible.  To accommodate that, SKAT now proposes that ED&F Man produce the Trade Packs, in equal monthly productions beginning May 1.  Of course, SKAT will be sympathetic to any particular difficulties resulting from the pandemic, but in order to minimize the impact on SKAT's ability to prosecute the US litigation, SKAT also requested that ED&F produce certain categories of underlying documents on an expedited basis, all of which should be readily available from ED&F Man's books and records without extensive manual review:  (1) all Account Equity and Account Transactions documents for the Plans listed in the Requests; (2) SWIFT messages documenting activity including (a) settlements of Danish share transactions and (b) receipt of Dividends; and (3) Dividend Reconciliation Sheets for all vouchers prepared by ED&F Man.  We further requested that ED&F Man produce these documents in complete and unredacted form.  Producing these documents by May 1 will permit SKAT to advance the US litigation without having to wait until the Trade Packs are produced in June and July.

96519687_3

First, ED&F Man replied that it would produce account statements and Dividend Reconciliation Sheets in the Trade Packs—that is, by July 31—and did not dispute that these documents are available by simple system query.[2] Based on the three, heavily-redacted Dividend Reconciliation Sheets that have produced so far, these documents appear to contain information about ED&F Man's total Share holdings and any loans of Shares that took place. We also noted that that there appear to be about 40 such documents, with only one such sheet for each relevant Share and ex-date, and requested that ED&F Man produce all of them by May 1, 2020. ED&F Man did not dispute our description of the number of Dividend Reconciliation Sheets or their content, and replied only that they would be produced in the Trade Packs.

Second, we requested that ED&F Man produce all account statements for the Plans listed in the Requests, not just those showing shareholdings of Danish shares on a particular ex-date. Complete account records are necessary to determine purported transactions, financing and any transfers of money in connection with Danish shares. Again, ED&F Man did not dispute that these records are available from queries of ED&F Man's books and records, but replied only that they would be produced in the Trade Packs.

Finally, ED&F Man advised that it would include the SWIFT messages in the Trade Packs, but could not do so by May 1. According to ED&F Man, the SWIFT messages were held by a third party vendor, it only recently received them from that vendor, and it is

---

2. Just this afternoon, for the first time, ED&F Man changed its position and claimed that all the Dividend Reconciliation Sheets are available only in hard copy, notwithstanding that three of the Dividend Reconciliation Sheets plainly exist in electronic form because they have already been produced in redacted form. If true, it is not clear why ED&F Man did not collect, scan and produce these documents earlier, given that SKAT's Requests have been pending for nearly six months.

96519687_3

presently reviewing millions of SWIFT messages in order to locate those that document the relevant trades in Danish shares and Dividends received by ED&F Man.

### 2. Stock Record and External Records

Throughout the negotiations, ED&F Man has refused to produce any documents concerning its own holdings in Danish shares on its own behalf or for its clients. Along with SKAT's specific requests about the Trade Packs, SKAT requested that ED&F Man produce (1) statements from each ED&F Man custodian or sub-custodian showing where ED&F held Danish shares, and (2) extracts of ED&F Man's own stock record showing holdings in its sub-custody accounts, whether on its own account or on behalf of the Plans.

In response, ED&F Man claimed that the only external record received from its own sub-custodians is the SWIFT confirmations that it recently acquired for purposes of this litigation, and which it proposed to include in the Trade Packs. Furthermore, ED&F Man advised that these SWIFT messages are its sole record of shares and dividends that it purportedly received on behalf of the Plans. ED&F Man now concedes that it has an internal stock record but claims that it needs to cross-reference it with SWIFT messages. Throughout our correspondence, ED&F has declined to consent to SKAT seeking records of ED&F Man's Danish share holdings directly from ED&F Man's custodians.

### 3. Analysis of Dividend Recipients and Keyword Searches

In a letter to SKAT's English solicitors Pinsent Masons on January 13, 2020, ED&F Man provided to SKAT the results of an analysis conducted by FTI demonstrating the distribution of proceeds of the Refunds received by each Plan based on the false Credit Advice Notes listed in Annex E. (Exhibit 6.) This letter and accompanying spreadsheet detail down to

the last Krone how much each third party received from the proceeds of the Refunds resulting from the false Annex E Vouchers. SKAT requested that ED&F Man immediately produce the documents underlying this analysis, which it would be impossible to have performed without compiling. In response, ED&F Man claims that neither it nor FTI kept a record of the documents underlying the analysis, and that these documents can only be located by making keyword searches and reviewing the results, a process that will not be completed until the English Litigation deadline in October 2020.

**Conclusion**

SKAT has agreed to every reasonable accommodation, and will of course consider in good faith any particular difficulty that arises from the current pandemic. But SKAT needs critical discovery from ED&F Man on a timely basis in order to keep to the case management schedule that the parties have proposed, and ED&F Man needs to devote the necessary resources to avoid derailing this schedule. Accordingly, SKAT respectfully requests an Order in the form of the draft Order proposed at Exhibit 1 requiring ED&F Man to produce:

1. By May 1, 2020, (a) all Account Equity and Account Transactions documents for all Pension Plans listed on Appendix 1 of the Requests, showing holdings and transactions of a Pension Plan's cash (in any currency), Danish shares and related derivatives, and all financing and margin provided by ED&F Man; (b) Dividend Reconciliation Sheets for all Credit Advice Notes prepared by ED&F Man; (c) ED&F Man's own stock record reflecting the Danish shares that were the subject of the fraudulent claims; and (d) documents underlying the FTI analysis of the parties that received proceeds of refund claims based on the false Annex E Vouchers; and

96519687_3

      2.  By July 31, 2020, all Trade Packs, with rolling productions of Trade Packs in equal monthly productions beginning May 1.

We will continue to work with ED&F Man to resolve any additional discovery issues, including in particular its claim of privilege with respect to all internal documents and all correspondence that explain how ED&F Man issued false custodial statements about holdings of Danish shares, and the nature and extent of the falsification.

      Respectfully submitted,

      s/ Neil J. Oxford

      Neil J. Oxford

Attachments

Cc:   All counsel of record, via email, with attachments.

96519687_3