# EXHIBIT 5



9-13 St Andrew Street, London EC4A 3AF
T +44 (0)20 7955 0880 | F +44 (0)20 7955 0888
DX LDE 493
www.rosenblatt-law.co.uk

Pinsent Masons LLP
**DX: 703167**
**BIRMINGHAM 12**

**BY EMAIL ONLY:**    Gary.Coleman@pinsentmasons.com
Jessica.Goosman@pinsentmasons.com
Ann.Yarrington@pinsentmasons.com
Andrew.Herring@pinsentmasons.com

Our Ref:  JN/TS/CHW/EDF/1/57
Your Ref: 98081290.2/GC12/668205.07000

24 January 2020

Dear Sirs

**SKAT (the Danish Customs & Tax Administration) v Solo Capital Partners LLP (in Special Administration) & Others**
**Our Client: ED&F Man Capital Markets Limited ("MCM")**

We summarise below:

- the comprehensive disclosure exercise which our client is now commencing pursuant to Mr Justice Andrew Baker's Disclosure Order (the "**Disclosure Order**"); and

- our client's expectations as regards SKAT's disclosure.

**MCM's Disclosure Exercise**

As now agreed with SKAT and set out in the Disclosure Order, MCM is to give disclosure on a rolling basis on the following dates: 1 May 2020, 31 July 2020, 1 September 2020 and 2 October 2020.

Such disclosure will consist of the following:

1.  MCM's compliance documents, KYC and customer agreements

These documents, which include all of our client's agreements with the Pension Plans and the due diligence conducted when the Pension Plans were onboarded as customers, are now being collated and reviewed.  We envisage being in a position to disclose all such documents on or before the first Court ordered deadline of 1 May 2020.

2.  The Trade Packs

Rosenblatt is now collating and reviewing from our client's trading data, hard copy documents and the in excess of 4 million electronic documents in the email accounts of its 49 custodian, Trade Packs evidencing our client's involvement in the transactions underlying the disputed WHT Applications and how such transactions were operated and funded.

Authorised and regulated by the Solicitors Regulation Authority.

2896018

Rosenblatt is the trading name of Rosenblatt Limited. Company number 09986118 (Registered in England and Wales)

A list of the directors, together with a list of those persons who are designated as partners, is available for inspection at the registered office of Rosenblatt Limited,

9-13 St. Andrew Street, London, EC4A 3AF

……/2

Our view is that these documents will evidence: (i) the Pension Plans' acquisition of the relevant shares; (ii) the hedging of such acquisitions, by swaps, futures etc; (iii) the funding of such acquisitions; (iv) their settlement and the transfer of cash and shares upon such settlement; (v) MCM's receipt of such shares and dividends on the Pension Plans' behalf; (vi) the Pension Plans' ownership of shares and receipt of dividends; (vii) the Pension Plans' Custody Accounts (their equity and cash statements); and (viii) documents used to prepare the Tax Vouchers that were included in the disputed WHT Applications.

As previously notified, such transactional documentation which relates to the disputed WHT Applications will include:

(a)  Screenshots from the publicly available Bloomberg site.

(b)  Email orders and instructions from customers and MCM's confirmations of the trades effected in accordance with these instructions.

(c)  Extracts from our client's internal booking system (Shadow) showing the internal book entries made when acquiring the relevant shares on behalf of and in accordance with the instructions of its customers.

(d)  Settlement SWIFTS confirming the settlement of each share acquisition.

(e)  Client cash account statements confirming the payments received and made by customers and the funding provided by our client as part of its broking services.

(f)  Client equity account statements confirming the customer's shareholdings.

(g)  Screenshots from Shadow showing the allocation of the dividend received by our client to its customers.

(h)  Our client's emails relating to the sending of vouchers to their clients' investment managers or agents.

We hope that an initial tranche of the above documents should be available by the first deadline of 1 May 2020 and anticipate that the entirety of the above will be available on or prior to the second deadline of 31 July 2020.

3.  Relevant documents responsive to your Keyword Searches

Whilst we consider that the above categories of documents will sufficiently identify all and any documents evidencing the legitimacy of the disputed WHT Applications thereby enabling the Court to determine the Pension Plans' beneficial ownership of the relevant shares and dividends underlying these Applications, MCM has agreed to search for any further relevant documents in its possession by applying keyword-led searches to the accounts held on Relativity of our client's 49 separate custodians for the agreed date ranges.  This review, which will be undertaken on a tiered basis, for relevance and privilege prior to disclosure, will identify all further communications relevant to the disputed WHT Applications and documents relating to the flow of WHT funds upon their receipt by the Pension Plans.

2896018

……/3

In relation to the above, we have been liaising with Epiq, our client's e-disclosure provider, in order to identify the number of "hits" produced by those keywords proposed by SKAT under cover of your letter of 10 January 2020. Presently there are 4,344,734 documents in our disclosure review platform not including hard copy documents. SKAT's current list of proposed keywords results in circa 1.7m "hits". We are working with Epiq to establish the steps that can be taken to reduce the number of those documents and/or refine the keywords/phrases to reduce the scope of documentation for review and will write to you shortly with our proposals.

**SKAT's Disclosure Exercise**

The following deadlines are set out in the Disclosure Order:

- By 27 March 2020, SKAT shall provide disclosure of the documents comprised in the "WHT Applications" and "ED&F Man Applications" mentioned in the Re-Re-Amended Particulars of Claim (including the relevant Credit Advice Notes).

- By 31 July 2020, SKAT shall give Extended Disclosure in relation to documents from its own data sources and locations but excluding documents obtained from Third Party Custodians identified in box 6 of Section 2 of the Claimant's Disclosure Review Document.

- By 1 September 2020, the Claimant shall give Extended Disclosure in relation to documents obtained from Third Party Custodians other than Elysium Global (Dubai) Limited and Elysium Properties Limited.

In relation to SKAT's disclosure, we repeat and ask again that you provide, as soon as possible, full responses to Stephenson Harwood's letters of 18 December 2019, 6 January 2020 and 9 January 2019, our letter of 19 December 2019, Kingsley Napley's letter dated 23 December 2019 and Stephenson Harwood's of earlier this week, dated 22 January 2020.

We repeat again that we expect SKAT's disclosure to adequately encompass all of those requests and reserve our client's position to revisit these matters in the future, should your client not provide the assurances on its disclosure that have been requested.

We will also be writing to you in due course, in relation to your proposed keywords, for the searches and review of your client's documentation.

Yours faithfully

**ROSENBLATT**

3

2896018