# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION,<br><br>This document relates to 1:18-cv-05053-LAK | MASTER DOCKET<br><br>Case No. 1:18-md-02865-LAK |
| THE GOLDSTEIN LAW GROUP PC 401(K) PROFIT SHARING PLAN and SHELDON GOLDSTEIN,<br><br>          Third-Party Plaintiffs,<br><br>      -against-<br><br>ED&F MAN CAPITAL MARKETS LIMITED<br><br>          Third-Party Defendant. | **THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS LIMITED'S ANSWER TO AMENDED THIRD-PARTY COMPLAINT** |

Third-Party Defendant ED&F Man Capital Markets Limited ("ED&F Man"), for its Answer to the Amended Answer, Affirmative Defenses, and Counterclaims Against Skatteforvaltningen and Amended Third-Party Complaint against ED&F Man and John Does 1-10, dated November 5, 2019 (the "Third-Party Complaint"), by Defendants-Third-Party Plaintiffs The Goldstein Law Group PC 401(K) Profit Sharing Plan (the "Plan") and Sheldon Goldstein ("Goldstein" and collectively with the Plan, "Goldstein Parties"), by its attorneys, Akerman LLP, alleges on knowledge as to its own acts and otherwise on information and belief, as follows:

ED&F Man lacks knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations that relate to Plaintiff Skatteforvaltningen ("SKAT") or any other Defendants in this lawsuit, and therefore all responses below pertain only to ED&F Man.  With

respect to those allegations, including headings and subheadings, that do not address or refer to the acts or omissions of ED&F Man, ED&F Man submits that no response is required.

ED&F Man reserves the right to supplement its Answer and raise affirmative defenses that become available or apparent during the course of discovery and to amend the Answer accordingly.

## RESPONSE TO: GENERAL DENIAL

The General Denial in the Third-Party Complaint contains no factual allegations to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the General Denial

## RESPONSE TO: SPECIFIC RESPONSES

1.      The Specific Responses of the Third-Party Complaint address allegations against the Goldstein Parties asserted by SKAT in its complaint, and contain no factual allegations regarding ED&F Man other than limited admissions to which no response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the Specific Responses, and with respect to the specific admissions regarding ED&F Man, ED&F Man answers as follows:

2.      ED&F Man admits the statement in paragraph 46 that tax vouchers reflecting the Plan's ownership of the relevant shares were prepared by ED&F Man on Goldstein's instructions, as communicated by its agent and investment manager, Acer Investment Group LLC (the "Authorized Agent").

## RESPONSE TO: AFFIRMATIVE DEFENSES

3.      The Affirmative Defenses of the Third-Party Complaint assert affirmative defenses to the claims against the Goldstein Parties asserted by SKAT in its complaint, and contain no factual allegations regarding ED&F Man to which a response is required. To the extent a response

is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the Affirmative Defenses.

## RESPONSE TO: DEFENSES

4.      The Defenses of the Third-Party Complaint address allegations against the Goldstein Parties asserted by SKAT in its complaint, and contain no factual allegations regarding ED&F Man other than limited statements. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the Defenses, and with respect to the specific statements regarding ED&F Man, ED&F Man answers as follows:

  a.  ED&F Man denies the allegations in paragraph 90(a) of the Defenses of the Third-Party Complaint, except admits that the Danish securities trades were executed by ED&F Man on the Plan's instructions, as communicated to ED&F Man by its Authorized Agent, that ED&F Man is a registered broker–dealer subject to the rule of law governing broker–dealers in the United Kingdom, and that ED&F Man issued written confirmations or verifications of the transactions for the Plan;

  b.  ED&F Man denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 90(c) of the Defenses of the Third-Party Complaint, except admits that the Goldstein Parties did not control ED&F Man's internal procedures, denies that the Goldstein Parties were not "in any way, directly or indirectly, involved in the custody and control of the Danish securities that the Plan transacted in its brokerage account at ED&F Man."

## RESPONSE TO COUNTERCLAIMS AGAINST SKATTEFORVALTNINGEN AND THIRD-PARTY CLAIMS AGAINST ED&F MAN CAPITAL MARKETS, LTD. AND JOHN DOES 1–10

5.      Paragraph 94 contains no factual allegations regarding ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits on information and belief the allegations in paragraph 94.

6.     Paragraph 95 contains no factual allegations regarding ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 95.

7.     Paragraph 96 contains no factual allegations regarding ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 96.

8.     Paragraph 97 contains no factual allegations regarding ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits on information and belief the allegations in paragraph 97.

9.     Paragraph 98 contains no factual allegations regarding ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits that SKAT has not alleged any connection between the Goldstein Parties and the Shah Scheme, nor has SKAT alleged any connection between ED&F Man and the Shah Scheme..

10.     Paragraph 99 contains no factual allegations regarding ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 99.

11.     Paragraph 100 contains no factual allegations regarding ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 100.

12.     Paragraph 101 contains no factual allegations regarding ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 101.

13.     Paragraph 102 contains no factual allegations regarding ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 102.

14.     Paragraph 103 contains no factual allegations regarding ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 103.

15.     Paragraph 104 contains no factual allegations regarding ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits on information and belief the allegations in paragraph 104.

16.     ED&F Man denies the allegations in paragraph 105, except admits  that the Plan had a brokerage account with ED&F Man from 2012 to 2019 and that ED&F Man executed and funded the transactions at issue. ED&F Man further responds that it funded and executed the transactions at issue on the Plan's instructions, as communicated to ED&F Man by the Plan's Authorized Agent.

17.     ED&F Man denies the allegations in paragraph 106.

18.     ED&F Man denies the allegations in paragraph 107.

19.     ED&F Man denies the allegations in paragraph 108.

20.     ED&F Man denies the allegations in paragraph 109 and respectfully refers the Court to the referenced agreements with the Plan for the true contents thereof.

21.     Paragraph 110 includes legal conclusions to which no response is required. With respect to the factual allegations and characterizations in paragraph 110, and to the extent a response is required to the legal conclusions, ED&F Man denies the allegations in paragraph 110,

and respectfully refers the Court to the referenced agreements with the Plan for the true contents thereof.

22.     ED&F Man denies the allegations in paragraph 111 including the characterizations and implications contained therein, and respectfully refers the Court to the referenced website for the true contents thereof.

23.     ED&F Man denies the allegations in paragraph 112 including the characterizations and implications contained therein, and respectfully refers the Court to the referenced website for the true contents thereof.

24.     ED&F Man denies the allegations in paragraph 113, including the characterizations and implications contained therein, and respectfully refers the Court to the referenced agreements with the Plan for the true contents thereof. ED&F Man further answers that it deposits and withdraws from the bank accounts designated by its clients for their brokerage activities.

25.     ED&F Man admits that it transferred money to and from the Plan via a National Financial Services brokerage account located at J.P. Morgan Chase at One Chase Plaza, New York, New York 10005, as stated in paragraph 114, but denies any characterizations or implications contained therein, and further answers that such account was designated by the Plan for such purpose.

26.     ED&F Man denies the allegations in paragraph 115.

27.     ED&F Man denies the allegations in paragraph 116.

28.     ED&F Man denies the allegations in paragraph 117, including the characterizations and implications contained therein, except admits that pursuant to its agreements with the Plan, ED&F Man funded trades on the Plan's behalf in compliance with applicable laws.

29.     ED&F Man denies the allegations in paragraph 118, including the characterizations and implications contained therein, except admits that ED&F Man earned fees for providing securities lending and financing services.

30.     ED&F Man denies the allegations in paragraph 119.

31.     ED&F Man denies the allegations in paragraph 120.

32.     ED&F Man denies the allegations in paragraph 121, except admits that it executed the Transactions and provided trade confirmations confirming its execution of the Plan's instructions. ED&F Man further responds that it executed the Transactions on the Plan's instructions as communicated by its Authorized Agent.

33.     ED&F Man admits the allegations in paragraph 122.

34.     ED&F Man admits that in some instances it sent the Tax Vouchers directly to Goal. ED&F Man further responds that on other occasions it sent them directly to the Authorized Agent, and in the instances in which it sent the Tax Vouchers directly to Goal, it did so on the express instructions of the Plan's Authorized Agent.

35.     ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 124.

36.     ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 125.

37.     ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 126.

38.     ED&F Man denies allegations in paragraph 127, including any characterizations and implications therein.

39.     ED&F Man denies the allegations in paragraph 128, and further answers that SKAT brought suit against ED&F Man in the United Kingdom in May of 2018, and respectfully refers the Court to the pleadings in the English Action for the true contents thereof.

40.     ED&F Man denies allegations in paragraph 129, including any characterizations and implications therein.

41.     ED&F Man denies the allegations in paragraph 130, including any characterizations and implications therein, except admits that in September 2019, ED&F Man filed an amended answer in the English Action and respectfully refers the Court to the referenced pleading for the true contents thereof.

42.     Paragraph 131 contains no factual allegations to which a response is required.

43.     Paragraph 132 contains no factual allegations to which a response is required.

44.     ED&F Man denies the allegations in paragraph 133.

45.     ED&F Man denies the allegations in paragraph 134.

46.     ED&F Man denies the allegations in paragraph 135, including any characterizations and implications therein.

47.     ED&F Man denies the allegations in paragraph 136.

48.     ED&F Man denies the allegations in paragraph 137, and respectfully refers the Court to the referenced pleading for the true contents thereof.

49.     ED&F Man denies the allegations in paragraph 138.

50.     ED&F Man denies the allegations in paragraph 139, except admits that ED&F allocated the appropriate amounts received from SKAT from the Reclaim Applications to the Plan.

51.     ED&F Man admits the allegations in paragraph 140, except denies any characterizations therein, including that the fees charged were a "significant amount of the tax

refunds." ED&F Man further responds that the fees charged were agreed with the Plan's Authorized Agent.

52.   ED&F Man denies the allegations in paragraph 141.

53.   ED&F Man denies the allegations in paragraph 142.

54.   ED&F Man denies the allegations in paragraph 143.

55.   ED&F Man denies the allegations in paragraph 144.

56.   ED&F Man denies the allegations in paragraph 145.

57.   ED&F Man denies the allegations in paragraph 146, except states that it lacks knowledge or information sufficient to form a belief regarding the Goldstein Plan's motivation to implead EDF& Man.

## The Parties

58.   ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 147.

59.   ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 148.

60.   ED&F Man denies the allegations in paragraph 149, including the characterizations of "all correspondence and contracts", except admits that any letters from ED&F Man to the Plan were addressed to its Manhattan address. ED&F Man further responds that correspondence and communications with the Plan were conducted with the Plan's Authorized Agent, as alleged in paragraph 115 of the Third-Party Complaint, at n. 2.

61.   ED&F Man admits the allegations in paragraph 150 upon information and belief.

62.   ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 151.

63.     ED&F Man admits the allegations in paragraph 152.

64.     ED&F Man admits the allegations in paragraph 153.

65.     ED&F Man admits the allegations in paragraph 154, and respectfully refers the Court to the referenced pleadings for the full contents thereof.

66.     ED&F Man admits the allegations in paragraph 155.

### Jurisdiction

67.     ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 156.

68.     Paragraph 157 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 157.

69.     Paragraph 158 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 158 and respectfully refers the Court to the referenced statues for the true contents thereof.

70.     Paragraph 159 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 159 and respectfully refers the Court to the referenced statues for the true contents thereof.

71.     Paragraph 160 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 160.

72.     Paragraph 161 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 161.

73.     ED&F Man denies the allegations in paragraph 162.

74. Paragraph 163 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 163, except admits that it executed the Danish transactions for certain U.S. pension plans sued by SKAT in this MDL.

75. ED&F Man denies the allegations in paragraph 164.

76. ED&F Man denies the allegations in paragraph 165, and respectfully refers the Court to the referenced pleadings in the English Answer for the true contents thereof.

77. Paragraph 166 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 166.

78. Paragraph 167 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 167.

## RESPONSE TO: COUNTER-STATEMENT OF FACTS
### ED&F Man's Core Dividend Arbitrage Business Depended Upon Targeting U.S. Tax-Exempt Entities

ED&F Man denies all allegations, including characterizations, in the headings or sub-headings under the Counter-Statement of Facts section of the Third-Party Complaint, to the extent those allegations imply or infer the existence of facts supporting one or more claims for relief against ED&F Man.

79. Paragraph 168 contains no factual allegations to which a response is required.

80. Paragraph 169 contains no factual allegations about ED&F Man to which a response is required.

81. Paragraph 170 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 170.

82.     Paragraph 171 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 171.

83.     ED&F Man denies the allegations in paragraph 172.

84.     Paragraph 173 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 173.

85.     Paragraph 174 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 174.

86.     Paragraph 175 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 175.

87.     Paragraph 176 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 176.

88.     Paragraph 177 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 177.

89.     Paragraph 178 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 178.

**The Goldstein Parties Had No Reason to Doubt the Reclaim Applications' Validity**

90.     ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 179, except admits that the Plan opened a Brokerage account. ED&F Man further responds that the Plan's Authorized Agent introduced ED&F Man to the Plan opened the account on the Plan's behalf, proposed dividend arbitrage trading structures and subsequently instructed ED&F Man to effect transactions on behalf of the Plan in multiple jurisdictions including Denmark.

91.     ED&F Man denies the allegations in paragraph 180, except admits that it executed the Danish Transactions. ED&F Man further responds that it was instructed to do so by the Plan's Authorized Agent.

92.     ED&F Man denies any characterizations within the allegations in paragraph 181, except admits that the transactions are described in the Amended English Answer, and respectfully refers the Court to that pleading for the true contents thereof.

93.     ED&F Man denies the allegations in paragraph 182., and respectfully refers the Court to the referenced pleading for the full contents thereof.

94.     ED&F Man denies the allegations in paragraph 183, and respectfully refers the Court to the referenced pleading for the true contents thereof.

95.     ED&F Man admits the allegations in paragraph 184, and respectfully refers the Court to the referenced pleading for the full contents thereof.

96.     ED&F Man admits the allegations in paragraph 185, and respectfully refers the Court to the referenced pleading for the full contents thereof.

97.     ED&F Man denies the allegations in paragraph 186.

98.     ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 187.

99.     ED&F Man admits the allegations in paragraph 188.

100.    ED&F Man admits the allegations in paragraph 189.

101.    ED&F Man denies the allegations in paragraph 190, except admits that it charged the Plan fees for brokerage services with respect to the referenced transaction and further responds that the fees charged were as agreed with the Plan's Authorized Agent.

102.    ED&F Man denies any characterizations in the allegations in paragraph 191, except admits that it followed the same process for each of the Danish Transactions.

103.    ED&F Man denies any characterizations in the allegations in paragraph 192, and respectfully refers the Court to the referenced General Ledger for the true contents thereof.

104.    ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 193.

**SKAT Had No Particularized Basis to Reject the Plan's Ninth Reclaim Application**

105.    Paragraph 194 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 194.

106.    Paragraph 195 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 195.

107.    Paragraph 196 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 196.

108. Paragraph 197 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 197.

109. Paragraph 198 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 198.

110. Paragraph 199 contains no factual allegations about ED&F Man to which a response is required.  To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 199.

111. Paragraph 200 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 200.

112. Paragraph 201 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits on information and belief that SKAT has never alleged that the Goldstein Parties are connected to Mr. Shah or his entities, and further responds that SKAT has also not alleged any connection between ED&F Man and Mr. Shah or his entities.

113. Paragraph 202 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits on information and belief that SKAT has never identified any connection between the Goldstein Parties and Mr. Shah or his entities, and further responds that SKAT has also not identified any connection between ED&F Man and Mr. Shah or his entities.

114.    Paragraph 203 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 203.

115.    Paragraph 204 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits on information and belief that the Goldstein Parties are not part of the Shah Scheme, and further responds that ED&F Man is not a part of the Shah Scheme.

116.    Paragraph 205 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 205.

117.    Paragraph 206 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 206.

118.    Paragraph 207 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 207.

119.    Paragraph 208 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 208.

120.    Paragraph 209 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 209.

## SKAT'S Deficient Refund Processes Cannot Justify
## Its Breaches of the Double-Taxation Treaty

121.    Paragraph 210 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 210.

122.    Paragraph 211 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits allegations in paragraph 211 on information and belief.

123.    Paragraph 212 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits allegations in paragraph 212 on information and belief.

124.    Paragraph 213 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 213 on information and belief.

125.    Paragraph 214 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 214.

126.    Paragraph 215 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 215 on information and belief.

127.    Paragraph 216 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 216 on information and belief.

128.    Paragraph 217 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 217 on information and belief.

129.    Paragraph 218 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 218 on information and belief.

130.    Paragraph 219 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 219 on information and belief.

131.    Paragraph 220 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 220 on information and belief.

132.    Paragraph 221 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 221 on information and belief.

133.    Paragraph 222 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 222 on information and belief.

134.    Paragraph 223 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 223 on information and belief.

135.    Paragraph 224 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 224 on information and belief.

136.    Paragraph 225 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 225 on information and belief.

137.    Paragraph 226 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 226 on information and belief.

138.    Paragraph 227 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 227 on information and belief.

139.    Paragraph 228 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man admits the allegations in paragraph 228 on information and belief.

140.    Paragraph 229 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 229.

### ED&F Man Solicited, Structured, Funded, Executed, and Cleared the Plan's Nine Danish Transactions

141.    Paragraph 230 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 230.

142.    ED&F Man denies the allegations in paragraph 231.

143.   ED&F Man denies the allegations in paragraph 232.

144.   Paragraph 233 contains no factual allegations about ED&F Man to which a response is required.

145.   ED&F Man denies any characterizations in the allegations in paragraph 234, except admits that ED&F Man did not always offer equity finance services.

146.   ED&F Man denies the allegations in paragraph 235, including characterizations therein.

147.   ED&F Man denies any characterizations in the allegations in paragraph 236, except admits that ED&F Man hired some former employees from MF Global in or about 2012.

148.   ED&F Man denies the allegations in paragraph 237 including characterizations therein, except admits that ED&F Man hired some former employees from MF Global. ED&F Man further responds that ED&F Man Man's Equity Finance Desk by the end of 2013 consisted of no more than 20 employees. ED&F Man further responds that ED&F Man's New York-based affiliate is neither a party nor relevant to this dispute and had no involvement in the Danish Transactions of the Reclaims which are the subject of SKAT's Complaint.

149.   Paragraph 238 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 238, and denies any characterizations therein.

150.   Paragraph 239 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 239, and denies any characterizations therein.

Case 1:18-md-02865-LAK Document 298-5 Filed 04/30/20 Page 22 of 44

151.   ED&F Man admits the allegations in paragraph 240.

152.   ED&F Man admits the allegations in paragraph 241. ED&F Man further responds on information and belief that the Plan's Authorized Agent instructed the former MF Global employees subsequently employed by ED&F Man in respect of dividend arbitrate trades and introduced dividend arbitrage trading structures to them when they were at MF Global.

153.   ED&F Man admits the allegations in paragraph 242. ED&F Man further responds that Stephen Hawksworth had been MF Global's Head of Fixed Income, and Mr Hawksworth had no experience of equity finance trading or dividend arbitrage.

154.   ED&F Man denies the allegations in paragraph 243.

155.   ED&F Man denies the allegations in paragraph 244, except admits that the parties entered into several agreements, including a Custody Agreement, Security and Set-Off Deed, and Letter Agreement and respectfully refers the Court to the referenced agreements for the full contents thereof.

156.   ED&F Man denies the allegations in paragraph 245.

157.   ED&F Man denies the allegations in paragraph 246.

158.   ED&F Man denies the allegations in paragraph 247.

159.   ED&F Man denies the allegations in paragraph 248, except admits that ED&F Man charged fees and further answers that such fees were contracted with the Plan for its brokerage services as agreed with the Plan's Authorized Agent.

160.   ED&F Man denies the allegations in paragraph 249, including any implications and characterizations therein, except admits that, as agreed with the Plan and instructed by the Plan's Authorized Agent, ED&F Man funded securities trades on behalf of the Plan, debited the Plan's

brokerage account for the cost, sold or loaned the security on behalf of the Plan, and credited the Plan's brokerage account accordingly.

161.   ED&F Man denies the allegations in paragraph 250, including any characterizations therein.

162.   Paragraph 251 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 251.

163.   ED&F Man denies the allegations in paragraph 252, except admits that ED&F Man prepared and issued the Tax Vouchers on instruction by the Plan's Authorized Agent, and respectfully refers the Court to the referenced documents for the true contents thereof.

164.   ED&F Man denies the allegations in paragraph 253, except admits that it charged fees for its services, and further responds that its services were rendered at its customer's instructions.

165.   ED&F Man denies any characterizations in the allegations in paragraph 254, and respectfully refers the Court to the referenced letters for the true and full contents thereof.

166.   ED&F Man denies the allegations in paragraph 255, except admits that ED&F Man executed Danish transactions on behalf of other US Pension Plan customers from 2012 to 2015. ED&F Man further responds that it executed these transactions as an execution only broker and custodian and in accordance with such customers' instructions.

167.   ED&F Man denies the allegations in paragraph 256, except admits that ED&F Man prepared and issued the Tax Vouchers, and respectfully refers the Court to the referenced documents for the true contents thereof.

168.     ED&F Man denies any characterizations in the allegations in paragraph 257, except admits that SKAT has sued 31 pension plan which were clients of ED&F Man.

169.     ED&F Man denies the allegations in paragraph 258, including any characterizations, and respectfully refers the Court to the referenced pleadings for the true contents thereof.

170.     ED&F Man denies the allegation in paragraph 259.

**ED&F Man Recently Admitted that it Created and Issued Baseless Tax Vouchers**

171.     ED&F Man denies that it made any "repeated and explicit assurances" as alleged in paragraph 260. ED&F Man lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 260. ED&F Man further responds that ED&F Man acted only as an execution only broker and custodian effecting the Plan's instructions as communicated by the Plan's Authorized Agent.

172.     ED&F Man denies the allegations in paragraph 261, including any characterizations therein.

173.     ED&F Man denies the allegations in paragraph 262, including any characterizations therein, except admits that ED&F Man provided the Plan with documents regarding the trades.

174.     ED&F Man denies the allegations in paragraph 263.

175.     ED&F Man denies the allegations in paragraph 264.

176.     ED&F Man admits the allegations in paragraph 265.

177.     EDF& Man denies the allegations in paragraph 266, except admits that the Goldstein Parties filed the original third-party complaint on April 23, 2019, and lacks knowledge or information sufficient to form a belief regarding their motivations for doing so.

178.     ED&F Man admits the allegations in paragraph 267.

179.   ED&F Man denies the allegations in paragraph 268, including any characterizations therein.

180.   ED&F Man denies knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 269.

181.   ED&F Man denies any characterizations in the allegations in paragraph 270, except admits that on or around August 20, 2019 Mr. Hawksworth resigned.

182.   ED&F Man denies the allegations in paragraph 271, and respectfully refers the Court to the referenced pleading for the true contents thereof.

183.   ED&F Man denies any characterizations in the allegations in paragraph 272, except admits that four of the tax vouchers included in Annex E of the Amended English Answer were created for the Plan, and respectfully refers the Court to the referenced pleading for the full contents thereof.

184.   ED&F Man admits the allegations in paragraph 273, except denies any implication or allegation of wrongdoing therein.

185.   ED&F Man admits the allegations in paragraph 274, except denies any implication or allegation of wrongdoing therein.

186.   ED&F Man denies any characterizations in paragraph 275, except admits that on September 27, 2019, it filed a letter with this Court to apprise the court of its most recent pleadings in the English Action, and denies any implication or allegation of wrongdoing therein.

187.   ED&F Man denies the allegations in paragraph 276, including any characterizations, implication or allegation of wrongdoing therein.

188.   ED&F Man denies the allegations in paragraph 277, including any characterizations, implication or allegation of wrongdoing therein.

189.    ED&F Man denies the allegations in paragraph 278, including any characterizations, implication or allegation of wrongdoing therein.

190.    ED&F Man denies the allegations in paragraph 279, including any characterizations, implication or allegation of wrongdoing therein.

191.    ED&F Man denies the allegations in paragraph 280, including any characterizations therein, and respectfully refers the Court to the referenced pleading for the true and full contents thereof.

192.    ED&F Man denies the allegations in paragraph 281.

### ED&F Man Failed to Disclose Affiliate Trading

193.    ED&F Man denies the allegations in paragraph 282.

194.    ED&F Man denies the allegations in paragraph 283, including any characterizations, implication or allegation of wrongdoing therein.  ED&F Man further responds that Volcafe  was at all material times an inter-dealer broker which traded with other large financial institutions, as was disclosed to the Plan's Authorized Agent  at the time (knowledge of which the Plan appears to admit at paragraph 328 of its Third-Party Complaint).

195.     ED&F Man admits the allegations in paragraph 284, except denies any implication or allegation of wrongdoing therein. ED&F Man further responds that ED&F Man at all times purchased Danish securities from various inter-dealer brokers with the market.

196.    ED&F Man denies the allegations in paragraph 285.

197.    ED&F Man denies the allegations in paragraph 286. ED&F Man further responds that the Plan's Authorized Agent instructed ED&F Man in respect of trades executed by ED&F Man on the Plan's behalf.

198. ED&F Man denies the allegations in paragraph 287. . ED&F Man further responds that the Plan's Authorized Agent instructed ED&F Man in respect of trades and their settlement dates.

199. ED&F Man denies the allegations in paragraph 288, including any characterizations therein, except admits that in or about April 2014, ED&F Man notified the Plan that it was seeing some liquidity in the market in D/S Norden.

200. ED&F Man denies the allegations in paragraph 289. ED&F Man further responds that the Plan's Authorized Agent instructed ED&F Man in respect of trades and their settlement dates.

201. ED&F Man admits the allegations in paragraph 290, except denies any implication or allegation of wrongdoing therein, or any suggestion that the Plan was not aware of this..

202. ED&F Man denies the allegations in paragraph 291, except admits that Volcafe purchased shares from an affiliate, and denies any characterization, implication or allegation of wrongdoing therein.

203. ED&F Man denies the allegations in paragraph 292. ED&F Man further responds that the Plan, though its Authorized Agent, was aware of the involvement of the affiliates.

204. ED&F Man denies the allegations in paragraph 293; except admits that Volcafe purchased shares from an affiliate, and denies any characterization, implication or allegation of wrongdoing therein.

205. ED&F Man admits the allegations in paragraph 294. ED&F Man further responds that at all material times,  Volcafe was an inter dealer broker..

206. ED&F Man denies the allegations in paragraph 295. ED&F Man further responds that at all material times Volcafe was one of a number of inter-dealer brokers used by ED&F Man, a fact known by the Plan's Authorized Agent. .

207.   ED&F Man denies the allegations in paragraph 296. ED&F Man further responds that Volcafe did not provide any financing, and at all material times, and to the knowledge of the Plan's Authorized Agent, it acted as an inter-dealer broker.

208.   ED&F Man denies the allegations in paragraph 297.

209.   ED&F Man denies the allegations in paragraph 298.

210.   Paragraph 299 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 299.

211.   Paragraph 300 contains no factual allegations about ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 300.

212.   ED&F Man denies the allegations in paragraph 301.

213.   ED&F Man denies the allegations in paragraph 302.

214.   ED&F Man denies the allegations in paragraph 303.

215.   ED&F Man denies the allegations in paragraph 304.

216.   ED&F Man denies the allegations in paragraph 305.

### ED&F Man Structured the Spring 2014 Transactions to
### Fake the Disavowed Vouchers' Legitimacy

217.   ED&F Man denies the allegations in paragraph 306.

218.   ED&F Man denies any characterizations in the allegations in paragraph 307, and respectfully refers the Court to the referenced documents for the true contents thereof.

219.   ED&F Man denies the allegations in paragraph 308, including any characterizations therein.

220.    ED&F Man denies any characterizations in the allegations in paragraph 309, and respectfully refers the Court to the referenced pleading for the true contents thereof.

221.    ED&F Man denies the allegations in paragraph 310.

222.    ED&F Man admits the allegations in paragraph 311, except denies any characterizations, and denies any implication or allegation of wrongdoing therein.

223.    ED&F Man admits the allegations in paragraph 312, except denies any allegation or implication of wrongdoing therein, and respectfully refers the Court to the referenced documents for the full contents thereof.

224.    ED&F Man denies any characterizations in the allegations in paragraph 313, and respectfully refers the Court to the referenced documents for the true contents thereof.

225.    ED&F Man denies the allegations in paragraph 314, including any characterizations, and any allegations or implications of wrongdoing therein, except admits that the Amended English Answer identifies errors in the referenced vouchers, and respectfully refers the Court to the referenced documents for the full and true contents thereof.

226.    ED&F Man denies the allegations in paragraph 315.

227.    ED&F Man denies the allegations in paragraph 316.

228.    ED&F Man admits the allegations in paragraph 317, except denies any allegation or implication of wrongdoing therein.

229.    ED&F Man admits the allegations in paragraph 318, except denies any allegation or implication of wrongdoing therein.

230.    ED&F Man denies the allegations in paragraph 319.

231.    ED&F Man denies the allegations in paragraph 320.

232.    ED&F Man denies the allegations in paragraph 321.

233.  ED&F Man denies the allegations in paragraph 322.

234.  ED&F Man denies the allegations in paragraph 323.

235.  ED&F Man denies the allegations in paragraph 324.

236.  ED&F Man admits the allegations in paragraph 325, except denies any allegation or implication of wrongdoing therein.

237.  ED&F Man admits the allegations in paragraph 326, except denies any allegation or implication of wrongdoing therein.

238.  ED&F Man admits the allegations in paragraph 327, except denies any allegation or implication of wrongdoing therein.

239.  ED&F Man denies any characterizations in the allegations in paragraph 328, except admits that it used Volcafe as an inter-dealer broker for the Spring 2014 Transactions, to the Plan's Authoized Agent's knowledge, and denies any allegation or implication of wrongdoing therein.

240.  ED&F Man admits the allegations in paragraph 329, except denies any allegation or implication of wrongdoing therein.

241.  ED&F Man denies the allegations in paragraph 330.

242.  Paragraph 331 contains legal conclusions and rhetorical and hypothetical statements to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 331.

243.  ED&F Man denies the allegations in paragraph 332, except admits that that the Equity Finance Desk was closed.

244.  ED&F Man denies the allegations in paragraph 333.

## COUNTERCLAIMS

245.　The Counterclaims against SKAT in the Third-Party Complaint contain no factual allegations against ED&F Man, except for limited statements to which a response is required. Moreover, the Court has granted SKAT's motion to dismiss the Counterclaims, and therefore no response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the Counterclaims of the Third-Party Complaint, and specifically responds to any allegations regarding ED&F Man as follows:

246.　ED&F Man denies the allegations in paragraph 355, except admits that it has not admitted any errors in the referenced Tax Voucher and respectfully refers the Court to the referenced pleading for the full contents thereof.

## THIRD-PARTY CLAIMS

### THIRD-PARTY CLAIM COUNT I
**(Section 10(b) / Rule 10b-5 Securities Fraud – Against ED&F Man and John Does 1–10)**

247.　ED&F Man repeats and realleges the foregoing as if fully set forth herein.

248.　ED&F Man admits the allegations in paragraph 366.

249.　Paragraph 367 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 367.

250.　ED&F Man denies the allegations in paragraph 368.

251.　ED&F Man denies the allegations in paragraph 369.

252.　 ED&F Man denies the allegations in paragraph 370.

253.　 ED&F Man denies the allegations in paragraph 371.

254. ED&F Man denies the allegations in paragraph 372.

255. ED&F Man denies the allegations in paragraph 373.

256. ED&F Man denies the allegations in paragraph 374.

## THIRD-PARTY CLAIM COUNT II
### (Common-Law Fraud – Against ED&F Man)

257. ED&F Man repeats and realleges the foregoing as if fully set forth herein.

258. Paragraph 376 contains no allegations against ED&F Man to which a response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 376.

259. ED&F Man denies the allegations in paragraph 377.

260. ED&F Man denies the allegations in paragraph 378.

261. ED&F Man denies the allegations in paragraph 379.

262. Paragraph 380 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 380.

263. ED&F Man denies the allegations in paragraph 381.

## THIRD-PARTY CLAIM COUNT III
### (Negligence – Against ED&F Man)

264. ED&F Man repeats and realleges the foregoing as if fully set forth herein.

265. Paragraph 383 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 383.

266. ED&F Man admits the allegations in paragraph 284.

267. ED&F Man denies the allegations in paragraph 385.

268. ED&F Man denies the allegations in paragraph 386.

269.     ED&F Man denies the allegations in paragraph 387.

270.     ED&F Man denies the allegations in paragraph 388.

### THIRD-PARTY CLAIM COUNT IV
### (Breach of Contract – Against ED&F Man)

271.     ED&F Man repeats and realleges the foregoing as if fully set forth herein.

272.     ED&F Man admits the allegations in paragraph 390.

273.     ED&F Man denies the allegations in paragraph 391, and respectfully refers the

Court to the referenced agreements for the true and full contents thereof.

274.     ED&F Man denies the allegations in paragraph 392.

275.     ED&F Man denies the allegations in paragraph 393.

### THIRD-PARTY CLAIM COUNT V
### (Breach of the Covenant of Good Faith and Fair Dealing – Against ED&F Man)

276.     ED&F Man repeats and realleges the foregoing as if fully set forth herein.

277.     Paragraph 395 contains no allegations against ED&F Man to which a response is

required. To the extent a response is required, ED&F Man lacks knowledge or information

sufficient to form a belief regarding the truth of the allegations in paragraph 395.

278.     ED&F Man denies the allegations in paragraph 396.

279.     ED&F Man denies the allegations in paragraph 397.

280.     ED&F Man denies the allegations in paragraph 398.

### THIRD-PARTY CLAIM COUNT VI
### (Breach of Contract – Against ED&F Man)

281.     ED&F Man repeats and realleges the foregoing as if fully set forth herein.

282.     ED&F Man denies any characterizations in the allegations in paragraph 400, and respectfully refers the Court to the referenced agreements for the true and full contents thereof.

283.     ED&F Man denies the allegations in paragraph 401, except admits it charged fees in connection with its services on the Danish Transactions.

284.     ED&F Man denies the allegations in paragraph 402.

285.     ED&F Man denies the allegations in paragraph 403.

286.     ED&F Man denies the allegations in paragraph 404.

287.     ED&F Man denies the allegations in paragraph 405.

### THIRD-PARTY CLAIM COUNT VII
### (Breach of the Covenant of Good Faith and Fair Dealing – Against ED&F Man)

288.     ED&F Man repeats and realleges the foregoing as if fully set forth herein.

289.     ED&F Man denies the allegations in paragraph 407.

290.     ED&F Man denies the allegations in paragraph 408.

291.     ED&F Man denies the allegations in paragraph 409.

292.     ED&F Man denies the allegations in paragraph 410.

293.     ED&F Man denies the allegations in paragraph 411.

### THIRD-PARTY CLAIM COUNT VIII
### (Tortious Interference with Contract – Against John Does 1–10)

294.     ED&F Man repeats and realleges the foregoing as if fully set forth herein.

295.     Paragraph 413 contains no allegations against ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 413.

296.     Paragraph 414 contains no allegations against ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 414.

297.     Paragraph 415 contains no allegations against ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 415.

298.     Paragraph 416 contains no allegations against ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 416.

### THIRD-PARTY CLAIM COUNT IX
### (Breach of Fiduciary Duty by Charging Undisclosed Fees – Against ED&F Man)

299.     ED&F Man repeats and realleges the foregoing as if fully set forth herein.

300.     Paragraph 418 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 418.

301.     Paragraph 419 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 419.

302.     ED&F Man denies the characterizations in the allegations in paragraph 420, except admit that it charged fees in connection with its services on the Danish Transactions.

303.     ED&F Man denies the allegations in paragraph 421.

304.     ED&F Man denies the allegations in paragraph 422.

305.     ED&F Man denies the allegations in paragraph 423.

### THIRD-PARTY CLAIM COUNT X
### (Aiding and Abetting Breach of Fiduciary Duty – Against John Does 1–10)

306.     ED&F Man repeats and realleges the foregoing as if fully set forth herein.

307.     Paragraph 425 contains no allegations against ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 425.

308.     Paragraph 426 contains no allegations against ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 426.

### THIRD-PARTY CLAIM COUNT XI
### (Breach of Fiduciary Duty by Self-Dealing – Against ED&F Man)

309.     ED&F Man repeats and realleges the foregoing as if fully set forth herein.

310.     Paragraph 428 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 428.

311.     Paragraph 429 contains legal conclusions to which no response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 429.

312.     ED&F Man denies the allegations in paragraph 430.

313.     ED&F Man denies the allegations in paragraph 431.

314.     ED&F Man denies the allegations in paragraph 432.

315.     ED&F Man denies the allegations in paragraph 433.

316.     ED&F Man denies the allegations in paragraph 434.

317.     ED&F Man denies the allegations in paragraph 435.

318.     ED&F Man denies the allegations in paragraph 436.

319.     ED&F Man denies the allegations in paragraph 437, and respectfully refers the Court to the referenced pleadings for the true contents thereof.

320.     ED&F Man denies the allegations in paragraph 438.

321.     ED&F Man denies the allegations in paragraph 438.

322.    ED&F Man denies the allegations in paragraph 440.

323.    ED&F Man denies the allegations in paragraph 441.

324.    ED&F Man denies the allegations in paragraph 442.

325.    ED&F Man denies the allegations in paragraph 443.

### THIRD-PARTY CLAIM COUNT XII
### (Aiding and Abetting Breach of Fiduciary Duty – Against John Does 1–10)

326.    ED&F Man repeats and realleges the foregoing as if fully set forth herein.

327.    Paragraph 445 contains no allegations against ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 445.

328.    Paragraph 446 contains no allegations against ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 446.

329.    Paragraph 447 contains no allegations against ED&F Man to which a response is required. To the extent a response is required, ED&F Man denies the allegations in paragraph 447.

### FIRST AFFIRMATIVE DEFENSE

330.    To the extent the Goldstein Parties are injured, which ED&F denies, such damage was caused, in whole or in part, by the Goldstein Parties' own acts or omissions and/or the acts or omissions of other parties, including, but not limited to, negligence.

### SECOND AFFIRMATIVE DEFENSE

331.    To the extent that the Goldstein Parties have been damaged or injured, which ED&F denies, such damage was caused in whole or in part, or increased by, the Goldstein Parties' failure to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

332.    The Goldstein Parties' claims may be barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

333.    The Goldstein Parties' claims may be barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

334.    The Goldstein Parties' claims may be barred, in whole or in part, by the doctrines of collateral estoppel, claims preclusion and res judicata.

## SIXTH AFFIRMATIVE DEFENSE

335.    The Goldstein Parties' claims are barred, in whole or in part, by applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

336.    The Goldstein Parties' claims are barred, in whole or in part, by the doctrine of laches and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

337.    The Goldstein Parties, by their own actions and conduct, have failed to exercise reasonable care and diligence on their own behalf, thereby causing or contributing to its alleged injuries and damages, if any.   The Goldstein Parties' recovery must therefore be reduced or eliminated altogether by the proportion of damages caused by its acts and conduct.

## NINTH AFFIRMATIVE DEFENSE

338.    Any damages sustained by the Goldstein Parties as alleged in the Third-Party Complaint were caused, in whole or in part, by the culpable conduct of other third-parties, over

which ED&F Man had no control, and not as a result of any culpable conduct on the part of ED&F Man.

## TENTH AFFIRMATIVE DEFENSE

339.    The Court lacks personal jurisdiction over ED&F Man.

## ELEVENTH AFFIRMATIVE DEFENSE

340.    Venue is improper because the parties agreed to a specific venue in England.

## TWELFTH AFFIRMATIVE DEFENSE

341.    The claims asserted by the Goldstein Parties directly contradict the explicit terms of the relevant agreements by and between the Plan and ED&F Man, and should therefore be dismissed.

## FIRST COUNTER-CLAIM AGAINST THE GOLDSTEIN PARTIES
### (Indemnification)

342.    ED&F repeats and realleges ¶¶ 1-**INSERT** above, as if fully set forth herein.

343.    On June 21, 2012, the Plan and ED&F Man entered into a Custody Agreement (the "Custody Agreement") that established ED&F Man's contractual obligations as the Custodian for each of the Plans.  The Agreements set forth the Terms and Condition of Business between ED&F Man as the Custodian and the Plan as the Client.

344.    The Plan's Custody Agreement with ED&F Man is attached to the Third-Party Complaint as Exhibit E.

345.    Pursuant to the binding terms of the Custody Agreement, the Plans maintained "responsibility for the selection, acquisition and disposal of the Client Property."  (Third-Party Complaint Ex. E, at 11(m)).

346.    Client Property is defined as (i) "any securities (including evidence thereof, evidence of title thereto and all rights in respect thereof) deposited or transferred by the Client or

on the Client's behalf to the Custodian or a Sub-Custodian or collected by the Custodian or a Sub-Custodian for the Client's account"; and (ii) all "cash in any currency arising out of or in connection with the Client securities and any amounts standing to the credit of the Client Cash Account." (Third-Party Complaint Ex. E, at 1.1)

347.    ED&F Man and the Plan explicitly agreed that ED&F Man "does not act as manager or investment advisor to" the Plan. (Third-Party Complaint Ex. E at 11(m)).

348.    In accordance with the parties' respective obligations under the Agreement, the Plan conceived, structured, and directed each Danish Transaction that ED&F Man executed on behalf of the Plan.

349.    The Plan designated its Authorized Agent (Acer Investment Group, LLC) as their attorney-in-fact with respect to their trading account[s] with ED&F Man pursuant to a Power of Attorney dated March 23, 2012. A true and correct copy of the Power of Attorney is annexed hereto as Exhibit 1.

350.    The Plan acknowledges in the Power of Attorney, among other things, that ED&F Man "shall be entitled to rely upon the instructions, orders and requests provided to it by [the Authorized Agent] as if given or made by [the Plan]. Power of Attorney, Ex. 1 at section 1.3(b)

351.    Accordingly, all acts by the Authorized Agent as agent and attorney-in-fact on behalf of the Plan pursuant to the management of the Plan's ED&F Man brokerage account are imputed to the Plan as principal.

352.    In or about March 2012, Stacey Kaminer ("Kaminer"), the principal for the Authorized Agent and authorized signatory for the Plan participated in a conference call with ED&F Man to discuss "onboarding" several clients to ED&F Man for brokerage services,

including the Plan. In that meeting, Kaminer represented that she was preparing the forms to open the accounts on behalf of the Plan.

353.    In the same phone conference, ED&F Man and Kaminer discussed potential markets, and Kaminer agreed to send over indicative trade schedules and flow diagrams of various trade structures for the purpose of enacting trades with ED&F Man.

354.    Kaminer subsequently sent the trading structures that would be the basis for the Danish Transactions to ED&F Man.

355.    Pursuant to the trading structures sent by Kaminer, ED&F Man was to pay the Authoized Agent a significant fee in connection with the transactions.

356.    At all relevant times, the Plan, acting through its Athorized Agent, was aware that ED&F Man would conduct transactions through its inter-dealer broker, Volcafe, as this was explicitly acknowledged in the communications between ED&F Man and the Authorized Agent.

357.    Far from being "solicited" by ED&F Man for the purposes of engaging in trades, it was the Plan that approached ED&F Man, having been brought to ED&F Man by its Authorized Agent.

358.    Upon information and belief, the Plan's Authorized Agent and/or Kaminer originated the trading structures used by ED&F Man in the Danish Transactions on behalf of their client, the Plan.

359.    The Plan, through its Authorized Agent, originated, structured, and communicated the trading structures used in the Danish Transactions to ED&F Man.

360.    ED&F Man executed the Danish Transactions at the specific direction of the Plan through its Authorized Agent.

361.    The Plan, through their authorized agent, repeatedly notified ED&F Man of its interest in acquiring Danish securities, and for several transactions specifically requested specific numbers of shares, asking ED&F Man to provide liquidity for the equity purchase.

362.    Having been made aware of the Plans' consistent trading strategy and interest in Danish securities, at times ED&F Man would notify the Plan through their Authorized Agent if there was liquidity in a Danish stock.

363.    At all relevant times and for each Danish Transaction, ED&F Man only executed the trades at the specific request of the Plan, and in accordance with the trading structures it supplied.

364.    Once the trades were executed at the direction and with the knowledge of the Plan, the Plan, through their Authorized Agent, specifically requested that ED&F Man send the Tax Vouchers from the Danish Transactions to GOAL for the reclaim applications.

365.    Pursuant to the Custody Agreement, the Plans agreed to indemnify ED&F Man "fully and effectively [] against each liability, loss and cost which may be suffered or incurred by" ED&F Man in connection with "the Client Property, this Agreement, or the performance of [ED&F Man's] obligations under this Agreement."  (Third-Party Complaint Ex. E, at 16(a)(i)).

366.    The Plans also agreed to indemnify ED&F Man "fully and effectively" against "any Tax for which [ED&F Man] is or may be liable or accountable in connection with the Client Property, this Agreement or the performance of [ED&F Man's] obligations under this Agreement (including without limitation the purchase and/or sale of Client Securities, the collection and/or realisation of coupons, dividends, interest or other payments, the receipt of or entitlement to receive any income, and the Custodian acting as or being deemed to be a trustee, branch, or agent of the Client)."  (Third-Party Complaint Ex. E, at 16(a)(ii)).

367. Thus, while ED&F Man denies any and all liability, in the event that judgment is entered against it in any action or proceeding, either in this jurisdiction, in the English Action, or in any other proceedings based upon the tax reclaim applications submitted by or on behalf of the Plan for the Danish Transactions, ED&F Man is entitled to complete indemnification by the Plans pursuant to the Agreement, including for all costs incurred, as ED&F Man fully satisfied its obligations therein.

## JURY DEMAND

ED&F Man demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Third-Party Defendant ED&F Man Capital Markets Ltd. respectfully requests that this Court enter judgment against Third-Party Plaintiffs Defendants-Third-Party Plaintiffs The Goldstein Law Group PC 401(K) Profit Sharing Plan (the "Plan") and Sheldon Goldstein, as follows:

    i.    Dismissing the Third-Party Complaint as against ED&F in its entirety;

    ii.    Judgment in favor of ED&F against the third-party plaintiffs;

    iii.    Judgment ordering full and complete indemnification should ED&F be found liable to any extent;

    iv.    An award of reasonable attorneys' fees and costs; and

    v.    Such other and further relief as the Court deems just and appropriate.

Dated:    New York, New York          **AKERMAN LLP**
          March 2, 2020

                                       /s/ *Brian S. Fraser*
                                       Brian S. Fraser (brian.fraser@akerman.com)
                                       Kristen G. Niven (kristen.niven@akerman.com)
                                       666 Fifth Avenue, 20th Floor
                                       New York, New York 10103
                                       Tel. (212) 880-3800
                                       Fax (212) 905-6458
                                       *Attorneys for Third-Party Defendant ED&F Man*
                                       *Capital Markets, Limited*