# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION,<br><br>This document relates to 1:18-cv-10100 | MASTER DOCKET<br><br>Case No. 1:18-md-02865-LAK |
| NEWSONG FELLOWSHIP CHURCH 401(K) PLAN and ALEXANDER JAMIE MITCHELL III,<br><br>               Third-Party Plaintiffs,<br><br>v.<br><br>ED&F MAN CAPITAL MARKETS LTD.,<br><br>               Third-Party Defendant. | **THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS LTD.'S ANSWER TO THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES, CROSS-CLAIMS, COUNTER-CLAIMS, AND JURY DEMAND** |

Third-Party Defendant ED&F Man Capital Markets, Ltd. ("ED&F" or "Third-Party Defendant"), for its Answer to the Third-Party Complaint, Affirmative Defenses, Cross-Claims, Counter Claims, and Jury Demand, dated November 12, 2019 (the "Third-Party Complaint"), by Defendants/Third-Party Plaintiffs Newsong Fellowship Church 401(k) Plan (the "Plan") and Alexander Jamie Mitchell (collectively, the "Third-Party Plaintiffs"), by and through its undersigned attorneys, Akerman LLP, alleges on knowledge as to its own acts and otherwise on information and belief, as follows:

ED&F lacks knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations that relate to any other party in this lawsuit, and therefore all responses below pertain only to ED&F. With respect to those allegations, including headings and

subheadings, that do not address or refer to the acts or omissions of ED&F, ED&F submits that no response is required.

ED&F reserves its right to supplement its Answer and raise Affirmative Defenses that become available or apparent during the course of discovery and to amend its Answer accordingly.

## ANSWER

## GENERAL DENIAL

The preliminary statement of the Third-Party Complaint against ED&F is comprised of arguments, legal conclusions, and enumerated allegations or statements of fact to which no response is required. To the extent a response is required, ED&F denies the allegations in the preliminary statement.

## RESPONSE TO "PARTIES"

1.      ED&F admits the allegations of Paragraph 1 of the Third-Party Complaint.

2.      ED&F admits the allegations contained in Paragraph 2 of the Third Party Complaint on information and belief.

3.      ED&F admits the allegations contained in Paragraph 3 of the Third Party Complaint on information and belief.

4.      ED&F denies each and every allegation contained in Paragraph 4 of the Third-Party Complaint to the extent it asserts a characterization of ED&F's duties and obligations pursuant to the document annexed to the Third-Party Complaint as Exhibit A, and respectfully refers the Court to Exhibit A for the true contents thereof. ED&F admits that it is a financial brokerage business and financial servicer headquartered at 3 London Bridge Street, London, SE1 9SG, United Kingdom, and acted as the Custodian for the Plan pursuant to the document annexed to the Third-Party Complaint as Exhibit A.

## RESPONSE TO JURISDICTION AND VENUE

5.　　Paragraph 5 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 5 of the Third-Party Complaint.

6.　　Paragraph 6 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F admits the allegations contained in Paragraph 6 of the Third-Party Complaint.

7.　　Paragraph 7 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 7 of the Third-Party Complaint.

8.　　Paragraph 8 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 8 of the Third-Party Complaint, except to admit that this action was transferred to this Court for pretrial purposes.

9.　　The allegations in Paragraph 9 of the Third-Party Complaint are not directed at this Third-Party Defendant and as such, no response is required.  To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 9 of the Third-Party Complaint.

## RESPONSE TO STATEMENT OF FACTS

ED&F denies each and every allegation in the headings and subheadings under the Statement of Facts section of the Third-Party Complaint.

**RESPONSE TO "ED&F entered into various agreements with the Plan pursuant to which ED&F agreed to exercise reasonable care in relation to the Plan's transactions and account."**

10.     ED&F admits the allegations contained in Paragraph 10 of the Third-Party Complaint.

11.     ED&F admits the allegations contained in Paragraph 11 of the Third-Party Complaint.

12.     ED&F admits the allegations contained in Paragraph 12 of the Third-Party Complaint.

13.     ED&F denies each and every allegation contained in Paragraph 13 of the Third-Party Complaint to the extent it asserts a characterization of the contents of the document annexed to the Third-Party Complaint as Exhibit A, and respectfully refers the Court to Exhibit A for the true contents thereof.

14.     ED&F denies each and every allegation contained in Paragraph 14 of the Third-Party Complaint, except admits that on or about June 21, 2012, Third-Party Plaintiff and ED&F executed a Letter of Agreement regarding the payment of custodian fees in consideration for transactions that ED&F executes on behalf of the Plan.

15.     ED&F denies each and every allegation contained in Paragraph 15 of the Third-Party Complaint to the extent it identifies the subject Letter of Agreement between ED&F and the Plan as Exhibit B. Upon information and belief, the Letter of Agreement referred to in Paragraph 15 of the Third-Party Complaint is attached thereto as Exhibit C.

16.     ED&F denies each and every allegation contained in Paragraph 16 of the Third-Party Complaint, except admits that ED&F performed its obligations pursuant to the terms of agreements executed by and between the Plan and ED&F.

17.     ED&F admits the allegations contained in Paragraph 17 of the Third-Party Complaint.

18.     Paragraph 18 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 18 of the Third-Party Complaint to the extent it asserts a characterization of the contents of the documents annexed to the Third-Party Complaint, and respectfully refers the Court to those documents for its content, in context.

19.     Paragraph 19 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 19 of the Third-Party Complaint to the extent it asserts a characterization of the contents of the documents annexed to the Third-Party Complaint, and respectfully refers the Court to those documents for its content, in context.

### RESPONSE TO "The Plan traded in Danish securities through ED&F and intended to receive dividends net of withholding taxes from Danish issuers and to apply for withholding-tax refunds based on the information provided by ED&F."

20.     The statements in Paragraph 20 of the Third-Party Complaint are explicatory in nature and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

21.     The statements in Paragraph 21 of the Third-Party Complaint are explicatory in nature and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

22.     The statements in Paragraph 22 of the Third-Party Complaint are explicatory in nature and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

23.     ED&F admits the allegations contained in Paragraph 23 of the Third-Party Complaint.

24.     The statements in Paragraph 24 of the Complaint purport to describe the referenced documents and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

25.     ED&F admits the allegations contained in Paragraph 25 of the Third-Party Complaint.

26.     The statements in Paragraph 26 of the Third-Party Complaint purport to describe the referenced documents and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

27.     ED&F denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 27 of the Third-Party Complaint.

**RESPONSE TO "Third-Party Plaintiffs relied on ED&F when the Plan applied for withholding-tax refunds from SKAT."**

28.     ED&F admits the allegations contained in Paragraph 28 of the Third-Party Complaint.

29.     ED&F admits the allegation in Paragraph 29 of the Third-Party Complaint that it prepared the Tax Vouchers.  The remaining allegations in Paragraph 29 of the Third-Party Complaint purpose to describe the referenced documents and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

30.     ED&F admits the allegations contained in Paragraph 30 of the Third-Party Complaint.

31.     ED&F admits the allegations contained in Paragraph 31 of the Third-Party Complaint.

32.     ED&F admits in some instances it sent the Tax Vouchers directly to Goal Taxback. ED&F further responds that on other occasions it sent them directly to the Authorized Agent, and in the instances in which it sent the Tax Vouchers directly to Goal Taxback, it did so on the express instructions of the Plan's Authorized Agent.

33.     ED&F denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 33 of the Third-Party Complaint, except admits that ED&F would on occasion send copies of the Tax Vouchers to the Plan through Acer.

34.     ED&F admits the allegations contained in Paragraph 34 of the Third-Party Complaint.

35.     ED&F admits the allegations contained in Paragraph 35 of the Third-Party Complaint.

36.     ED&F denies each and every allegation contained in Paragraph 36 of the Third-Party Complaint to the extent it identifies the subject Tax Vouchers as Exhibit C. Upon information and belief, the Tax Vouchers referred to in Paragraph 36 of the Third-Party Complaint is attached thereto as Exhibit B.

37.     Paragraph 37 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 37 of the Third-Party Complaint, except admits that its obligations with respect to records and statements are prescribed under the Custody Agreement attached to the Third-Party Complaint as Exhibit A.

38.     ED&F denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 38 of the Third-Party Complaint.

39.     ED&F denies each and every allegation contained in Paragraph 39 of the Third-Party Complaint.

40.     ED&F denies each and every allegation of Paragraph 40 of the Third-Party Complaint, except admits that it issues Tax Vouchers and that in some instances it sent the Tax Vouchers directly to Goal Taxback.  ED&F further responds that on other occasions it sent them directly to the Authorized Agent, and in the instances in which it send the Tax Vouchers directly to Goal, it did so on the express instructions of the Plan's Authorized Agent.

41.     The statements in Paragraph 41 of the Third-Party Complaint purport to describe the referenced documents and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

42.     Paragraph 42 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent response is required, ED&F denies knowledge or information sufficient to form a belief a to the truth of each allegation contained in Paragraph 42 of the Third-Party Complaint.

43.     The statements in Paragraph 43 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

44.     The statements in Paragraph 44 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

45.     The statements in Paragraph 45 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

46.     The statements in Paragraph 46 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

**RESPONSE TO "Third-Party Plaintiffs relied on information provided by ED&F, including the Tax Vouchers, when they chose to defend against SKAT's claims and pursue appeals in Denmark challenging SKAT's revocations of its tax-refund payments to the Plan."**

47.     The statements in Paragraph 47 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

48.     ED&F denies each and every allegation contained in Paragraph 48 of the Third-Party Complaint.

49.     The statements in Paragraph 49 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

50.     The statements in Paragraph 50 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

51.     The statements in Paragraph 51 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

Case 1:18-md-02865-LAK   Document 282   Filed 03/02/20   Page 10 of 26

52.     ED&F denies each and every allegation contained in Paragraph 52 of the Third-Party Complaint.

53.     ED&F denies each and every allegation contained in Paragraph 53 of the Third-Party Complaint.

### RESPONSE TO "In September 2019, ED&F admitted that all of the Tax Vouchers that it created for the Plan are inaccurate."

54.     ED&F admits the allegations of Paragraph 54 of the Third-Party Complaint.

55.     ED&F denies each and every allegation contained in Paragraph 55 of the Third-Party Complaint to the extent it asserts a characterization of ED&F's Amended Defence filed on September 27, 2019, and respectfully refers the Court to that pleading for its content, in context.

56.     ED&F denies each and every allegation contained in Paragraph 56 of the Third-Party Complaint to the extent it asserts a characterization of ED&F's Amended Defence filed on September 27, 2019, and respectfully refers the Court to that pleading for its content, in context.

57.     ED&F admits the allegations contained in Paragraph 57 of the Third-Party Complaint.

58.     ED&F denies each and every allegation contained in Paragraph 58 of the Third-Party Complaint to the extent it asserts a characterization of ED&F's Amended Defence filed on September 27, 2019, and respectfully refers the Court to that pleading for its content, in context.

59.     ED&F denies each and every allegation contained in Paragraph 59 of the Third-Party Complaint to the extent it asserts a characterization of ED&F's Amended Defence filed on September 27, 2019, and respectfully refers the Court to that pleading for its content, in context.

60.     ED&F admits the allegations contained in Paragraph 60 of the Third-Party Complaint.

61.     The statements in Paragraph 61 of the Third-Party Complaint purport to describe the referenced document and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

62.     The statements in Paragraph 62 of the Third-Party Complaint consist of rhetorical statements or argument, and do not require a response.  To the extent Paragraph 62 contains allegations, these allegations purport to describe the referenced Amended Defence or assert a characterization of that pleading, and respectfully refers the Court to the pleading for its content, in context.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

63.     ED&F denies each and every allegation of Paragraph 63 of the Third-Party Complaint.

64.     ED&F denies each and every allegation of Paragraph 64 of the Third-Party Complaint.

65.     ED&F denies each and every allegation of Paragraph 65 of the Third-Party Complaint.

66.     ED&F denies each and every allegation of Paragraph 66 of the Third-Party Complaint.

67.     ED&F denies each and every allegation contained in Paragraph 67 of the Third-Party Complaint to the extent it asserts a characterization of ED&F's Amended Defence filed on September 27, 2019, and respectfully refers the Court to that pleading for its content, in context.

68.     ED&F denies each and every allegation contained in Paragraph 68 of the Third-Party Complaint.

69.     ED&F denies each and every allegation contained in Paragraph 69 of the Third-Party Complaint and refers the Court to ED&F's Amended Defence filed on September 27, 2019.

70.     The statements in Paragraph 70 of the Third-Party Complaint consist or rhetorical statements or argument, and do not require a response.  To the extent Paragraph 70 contains allegations, these allegations purport to describe the referenced Amended Defence or asserts a characterization of that pleading, and respectfully refers the Court to that pleading for its content, in context.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

71.     ED&F denies each and every allegation contained in Paragraph 71 of the Third-Party Complaint.

72.     ED&F denies each and every allegation contained in Paragraph 72 of the Third-Party Complaint.

73.     ED&F denies each and every allegation contained in Paragraph 73 of the Third-Party Complaint.

74.     Paragraph 74 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 74 of the Third-Party Complaint.

75.     Paragraph 75 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 75 of the Third-Party Complaint.

76.     Paragraph 76 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 76 of the Third-Party Complaint.

77.     Paragraph 77 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 77 of the Third-Party Complaint.

**RESPONSE TO "If SKAT proves the Plan did not own shares it claimed to own, did not earn the dividends it claimed to have earned, or was otherwise not entitled to the withholding taxes it claimed, then ED&F should be responsible for any amounts claims by SKAT."**

78.     The statements in Paragraph 78 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

79.     The statements in Paragraph 79 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

80.     The statements in Paragraph 80 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

81.     The allegations set forth in Paragraph 81 of the Third-Party Complaint do not address or refer to the acts or omissions of ED&F and no response is required. To the extent a response is required, ED&F denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 81 of the Third-Party Complaint.

82.     Paragraph 82 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies each and every allegation of Paragraph 82 of the Third-Party Complaint.

83.     Paragraph 83 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies each and every allegation

of Paragraph 83 of the Third-Party Complaint.

**RESPONSE TO "Alternatively, ED&F must repay the fees it collected in relation to the Plan's transactions and withholding-tax refunds if SKAT is entitled to damages or restitution."**

84.     The statements in Paragraph 84 of the Third-Party Complaint are explicatory in nature and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

85.     ED&F admits the allegations contained in Paragraph 85 of the Third-Party Complaint.

86.     ED&F denies each and every allegation contained in Paragraph 86 of the Third-Party Complaint to the extent it asserts a characterization of ED&F's Amended Defence filed on September 27, 2019, and respectfully refers the Court to that pleading for its content, in context.

87.     ED&F admits the allegations contained in Paragraph 87 of the Third-Party Complaint.

88.     Paragraph 88 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 88 of the Third-Party Complaint.

## THIRD-PARTY CLAIM COUNT I
### (Fraud – *Third-Party Plaintiffs v. ED&F*)

89.     ED&F repeats and realleges ¶¶ 1-88 above, as if fully set forth herein.

90.     ED&F admits the allegations contained in Paragraph 90 of the Third-Party Complaint.

91.     ED&F denies each and every allegation contained in Paragraph 91 of the Third-Party Complaint to the extent it asserts a characterization of ED&F's Amended Defence filed on September 27, 2019, and respectfully refers the Court to that pleading for its content, in context.

92.     The statements in Paragraph 92 of the Complaint purport to describe the referenced documents and do not require a response.  To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

93.     ED&F denies each and every allegation contained in Paragraph 93 of the Third-Party Complaint.

94.     ED&F denies each and every allegation contained in Paragraph 94 of the Third-Party Complaint.

95.     ED&F denies each and every allegation contained in Paragraph 95 of the Third-Party Complaint.

96.     ED&F denies each and every allegation contained in Paragraph 96 of the Third-Party Complaint.

97.     ED&F denies each and every allegation contained in Paragraph 97 of the Third-Party Complaint.

98.     ED&F denies each and every allegation contained in Paragraph 98 of the Third-Party Complaint.

99.     Paragraph 99 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation of Paragraph 99 of the Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT II
**(Negligent Misrepresentation – *Third-Party Plaintiffs v. ED&F*)**

100.     ED&F repeats and realleges ¶¶ 1-99 above, as if fully set forth herein.

101.     Paragraph 101 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 101 of the Third-Party Complaint to the extent it asserts a

characterization of the contents of the document annexed to the Third-Party Complaint as Exhibit A, and respectfully refers the Court to Exhibit A for its content, in context.

102.    Paragraph 102 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 102 of the Third-Party Complaint.

103.    Paragraph 103 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 103 of the Third-Party Complaint.

104.    Paragraph 104 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 104 of the Third-Party Complaint.

105.    ED&F denies the allegations contained in Paragraph 105 of the Third-Party Complaint.

106.    Paragraph 106 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 106 of the Third-Party Complaint.

107.    ED&F denies each and every allegation contained in Paragraph 107 of the Third-Party Complaint.

108.    ED&F denies each and every allegation of Paragraph 108 of the Third-Party Complaint.

**THIRD-PARTY CLAIM COUNT III**
**(Breach of Contract – *The Plan v. ED&F*)**

109.    ED&F repeats and realleges ¶¶ 1-108 above, as if fully set forth herein.

110.    ED&F admits the allegations set forth in Paragraph 110 of the Third-Party Complaint.

111.    The allegations set forth in Paragraph 111 of the Third-Party Complaint do not address or refer to the acts of omissions of ED&F, and amount to legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 111 of the Third-Party Complaint.

112.    Paragraph 112 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 112 of the Third-Party Complaint to the extent it asserts a characterization of the contents of the document annexed to the Third-Party Complaint as Exhibit A, and respectfully refers the Court to Exhibit A for its content, in context.

113.    Paragraph 113 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 113 of the Third-Party Complaint to the extent it asserts a characterization of the contents of the document annexed to the Third-Party Complaint as Exhibit A, and respectfully refers the Court to Exhibit A for its content, in context.

114.    Paragraph 114 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 114 of the Third-Party Complaint.

115.    Paragraph 115 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 115 of the Third-Party Complaint.

116.     Paragraph 116 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 116 of the Third-Party Complaint.

117.     ED&F denies each and every allegation contained in Paragraph 117 of the Third-Party Complaint.

118.     ED&F denies each and every allegation contained in Paragraph 118 of the Third-Party Complaint.

<u>**THIRD-PARTY CLAIM COUNT IV**</u>
**(Breach of Fiduciary Duty – *Third-Party Plaintiffs v. ED&F*)**

119.     ED&F repeats and realleges ¶¶ 1-118 above, as if fully set forth herein.

120.     Paragraph 120 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 120 of the Third-Party Complaint.

121.     ED&F denies each and every allegation contained in Paragraph 121 of the Third-Party Complaint.

122.     Paragraph 122 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 122 of the Third-Party Complaint to the extent it asserts a characterization of ED&F's obligations to the Plan, and respectfully refers the Court to the document annexed to the Third-Party Complaint as Exhibit A for its content, in context.

123.     Paragraph 123 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 123 of the Third-Party Complaint.

124.    Paragraph 124 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 124 of the Third-Party Complaint.

125.    Paragraph 125 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 125 of the Third-Party Complaint.

126.    ED&F denies each and every allegation contained in Paragraph 126 of the Third-Party Complaint.

127.    ED&F denies each and every allegation contained in Paragraph 127 of the Third-Party Complaint.

**THIRD-PARTY CLAIM COUNT V**
**(Promissory Estoppel – *Third-Party Plaintiffs v. ED&F*)**

128.    ED&F repeats and realleges ¶¶ 1-127 above, as if fully set forth herein.

129.    ED&F denies each and every allegation contained in Paragraph 129 of the Complaint to the extent it asserts a characterization of the contents of the document annexed to the Third-Party Complaint as Exhibit A, and respectfully refers the Court to Exhibit A for its content, in context.

130.    ED&F denies each and every allegation contained in Paragraph 130 of the Complaint to the extent it asserts a characterization of the contents of the document annexed to the Third-Party Complaint as Exhibit A, and respectfully refers the Court to Exhibit A for its content, in context.

131.    Paragraph 131 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 131 of the Third-Party Complaint.

Case 1:18-md-02865-LAK   Document 282   Filed 03/02/20   Page 20 of 28

132.   Paragraph 132 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 132 of the Third-Party Complaint.

133.   Paragraph 133 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 133 of the Third-Party Complaint.

134.   ED&F denies each and every allegation contained in Paragraph 134 of the Third-Party Complaint.

135.   Paragraph 135 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 135 of the Third-Party Complaint.

136.   ED&F denies each and every allegation contained in Paragraph 136 of the Third-Party Complaint.

137.   ED&F denies each and every allegation contained in Paragraph 137 of the Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT VI
### (Unjust Enrichment – *Third-Party Plaintiffs v. ED&F*)

138.   ED&F repeats and realleges ¶¶ 1-137 above, as if fully set forth herein.

139.   ED&F admits the allegations contained in Paragraph 139 of the Third-Party Complaint.

140.   The statements in Paragraph 140 are explicatory in nature and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

141.     ED&F denies each and every allegation contained in Paragraph 141 of the Complaint to the extent it asserts a characterization of ED&F's Amended Defence filed on September 27, 2019, and respectfully refers the Court to that pleading for its content, in context.

142.     Paragraph 142 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 142 of the Third-Party Complaint.

143.     ED&F admits the allegations contained in Paragraph 143 of the Third-Party Complaint.

144.     Paragraph 144 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 144 of the Third-Party Complaint.

<u>**THIRD-PARTY CLAIM COUNT VII**</u>
**(Equitable Indemnification – *Third-Party Plaintiffs v. ED&F*)**

145.     ED&F repeats and realleges ¶¶ 1-144 above, as if fully set forth herein.

146.     Paragraph 146 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 146 of the Third-Party Complaint.

147.     ED&F denies each and every allegation contained in Paragraph 147 of the Third-Party Complaint.

148.     The statements in Paragraph 148 of the Third-Party Complaint are explicatory in nature and do not require a response. To the extent those statements imply or infer the existence of facts supporting one or more claims for relief against ED&F, they are denied.

149. ED&F denies each and every allegation contained in Paragraph 149 of the Third-Party Complaint to the extent it asserts a characterization of ED&F's Amended Defence filed on September 27, 2019, and respectfully refers the Court to that pleading for its content, in context.

150. Paragraph 150 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies each and every allegation contained in Paragraph 150 of the Third-Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

151. To the extent Third-Party Plaintiffs are injured, which ED&F denies, such damage was caused, in whole or in part, by Third-Party Plaintiffs' own acts or omissions and/or the acts or omissions of other parties, including, but not limited to, negligence.

## SECOND AFFIRMATIVE DEFENSE

152. To the extent that Third-Party Plaintiffs have been damaged or injured, which ED&F denies, such damage was caused in whole or in part, or increased by, Third-Party Plaintiffs' failure to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

153. Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

154. Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

155. Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrines of collateral estoppel, claims preclusion and res judicata.

## SIXTH AFFIRMATIVE DEFENSE

156.    Third-Party Plaintiffs' claims are barred, in whole or in part, by applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

157.    Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

158.    Third-Party Plaintiffs, by their own actions and conduct, have failed to exercise reasonable care and diligence on their own behalf, thereby causing or contributing to its alleged injuries and damages, if any.  Third-Party Plaintiffs' recovery must therefore be reduced or eliminated altogether by the proportion of damages caused by its acts and conduct.

## NINTH AFFIRMATIVE DEFENSE

159.    Any damages sustained by Third-Plaintiffs as alleged in the Third-Party Complaint were caused, in whole or in part, by the culpable conduct of other third-parties, over which ED&F had no control, and not as a result of any culpable conduct on the part of ED&F.

## TENTH AFFIRMATIVE DEFENSE

160.    The Court lacks personal jurisdiction over ED&F.

## ELEVENTH AFFIRMATIVE DEFENSE

161.    Venue is improper because the parties agreed to specific venue.

## TWELFTH AFFIRMATIVE DEFENSE

162.    The claims asserted by Third-Party Plaintiffs directly contradict the explicit terms of the relevant agreements by and between Third-Party Plaintiffs and ED&F, and should therefore be dismissed.

## FIRST COUNTER-CLAIM AGAINST THIRD-PARTY PLAINTIFF NEWSONG
## FELLOWSHIP CHURCH 401(K) PLAN
### (Indemnification)

163.     ED&F repeats and realleges ¶¶ 1-162 above, as if fully set forth herein.

164.     In June 2012, the Plan and ED&F entered into a Custody Agreement (the "Agreement") that established ED&F's contractual obligations as the Custodian for each of the Plans.  The Agreements set forth the Terms and Condition of Business between ED&F as the Custodian and Newsong Fellowship Church 401(K) Plan as the Client.

165.     The Plan's Custody Agreement with ED&F is attached to the Third-Party Complaint as Exhibit A.

166.     Pursuant to the binding terms of the Agreement, the Plan maintained "responsibility for the selection, acquisition and disposal of the Client Property."  (Ex. A, at 11(m)).

167.     Client Property is defined as (i) "any securities (including evidence thereof, evidence of title thereto and all rights in respect thereof) deposited or transferred by the Client or on the Client's behalf to the Custodian or a Sub-Custodian or collected by the Custodian or a Sub-Custodian for the Client's account"; and (ii) all "cash in any currency arising out of or in connection with the Client securities and any amounts standing to the credit of the Client Cash Account."  (Id. at 1.1)

168.     ED&F and the Plan explicitly agreed that ED&F "does not act as manager or investment advisor to" the Plans. (Id. at 11(m)).

169.     In accordance with the parties' respective obligations under the Agreement, the Plan conceived, structured, and directed each Danish Securities transaction that ED&F executed on behalf of the Plan.

170.    The Plan designated its Authorized Agent (Acer Investment Group, LLC) as their attorney-in-fact with respect to their trading account[s] with ED&F pursuant to a Power of Attorney dated March 23, 2012. A true and correct copy of the Power of Attorney is annexed hereto as Exhibit 1.

171.    The Plan acknowledges in the Power of Attorney, among other things, that ED&F "shall be entitled to rely upon the instructions, orders and requests provided to it by [the Authorized Agent] as if given or made by [the Plan]. Power of Attorney, Ex. 1 at section 1.3(b)

172.    Accordingly, all acts by the Authorized Agent as agent and attorney-in-fact on behalf of the Plan pursuant to the management of the Plan's ED&F brokerage account are imputed to the Plan as principal.

173.    In or about March 2012, Stacey Kaminer ("Kaminer"), the principal for the Authorized Agent and authorized signatory for the Plan participated in a conference call with ED&F to discuss "onboarding" several clients to ED&F for brokerage services, including the Plan. In that meeting, Kaminer represented that she was preparing the forms to open the accounts on behalf of the Plan.

174.    In the same phone conference, ED&F and Kaminer discussed potential markets, and Kaminer agreed to send over indicative trade schedules and flow diagrams of various trade structures for the purpose of enacting trades with ED&F.

175.    Kaminer subsequently sent the trading structures that would be the basis for the Danish Transactions to ED&F.

176.    Pursuant to the trading structures sent by Kaminer, ED&F was to pay the Authorized Agent a significant fee in connection with the transactions.

177.    At all relevant times, the Plan, acting through its Authorized Agent, was aware that ED&F would conduct transactions through its inter-dealer broker, Volcafe, as this was explicitly acknowledged in the communications between ED&F and the Authorized Agent.

178.    Far from being "solicited" by ED&F for the purposes of engaging in trades, it was the Plan that approached ED&F, having been brought to ED&F by its Authorized Agent.

179.    Upon information and belief, the Plan's Authorized Agent and/or Kaminer originated the trading structures used by ED&F in the Danish Transactions on behalf of their client, the Plan.

180.    The Plan, through its Authorized Agent, originated, structured, and communicated the trading structures used in the Danish Transactions to ED&F.

181.    ED&F executed the Danish Transactions at the specific direction of the Plan through its Authorized Agent.

182.    The Plan, through their authorized agent, repeatedly notified ED&F of its interest in acquiring Danish securities, and for several transactions specifically requested specific numbers of shares, asking ED&F to provide liquidity for the equity purchase.

183.    Having been made aware of the Plans' consistent trading strategy and interest in Danish securities, at times ED&F would notify the Plan through their Authorized Agent if there was liquidity in a Danish stock.

184.    At all relevant times and for each Danish Transaction, ED&F only executed the trades at the specific request of the Plan, and in accordance with the trading structures it supplied.

185.    Once the trades were executed at the direction and with the knowledge of the Plan, the Plan, through their Authorized Agent, specifically requested that ED&F send the Tax Vouchers from the Danish Transactions to GOAL for the reclaim applications

186.    Pursuant to the Agreement, the Plan agreed to indemnify ED&F "fully and effectively [] against each liability, loss and cost which may be suffered or incurred by" ED&F in connection with "the Client Property, this Agreement, or the performance of [ED&F's] obligations under this Agreement."  (Id. at 16(a)(i)).

187.    The Plan also agreed to indemnify ED&F "fully and effectively" against "any Tax for which [ED&F] is or may be liable or accountable in connection with the Client Property, this Agreement or the performance of [ED&F's] obligations under this Agreement (including without limitation the purchase and/or sale of Client Securities, the collection and/or realisation of coupons, dividends, interest or other payments, the receipt of or entitlement to receive any income, and the Custodian acting as or being deemed to be a trustee, branch, or agent of the Client)."  (Id. at 16(a)(ii)).

188.    Thus, while ED&F denies any and all liability, in the event judgment is entered against it in any action or proceeding, either in this jurisdiction, in the English Action, or in any other proceedings based upon the tax reclaim applications submitted by or on behalf of the Plan for the Danish Transactions, ED&F is entitled to complete indemnification by the Plan pursuant to the Agreement, including for all costs incurred, as ED&F fully satisfied its obligations therein.

## JURY DEMAND

ED&F demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Third-Party Defendant ED&F Man Capital Markets Ltd. respectfully requests that this Court enter judgment against Third-Party Plaintiffs Newsong Fellowship Church 401(K) Plan and Alexander Jamie Mitchell III, as follows:

      i.    Dismissing the Third-Party Complaint as against ED&F in its entirety;

ii.      Judgment in favor of ED&F against the Third-Party Plaintiffs;

iii.      Judgment ordering full and complete indemnification should ED&F be found liable

to any extent;

iv.      An award of reasonable attorneys' fees and costs; and

v.      Such other and further relief as the Court deems just and appropriate.

Dated:    New York, New York         **AKERMAN LLP**
           March 2, 2020

/s/ *Brian S. Fraser*
Brian S. Fraser (brian.fraser@akerman.com)
Kristen G. Niven (kristen.niven@akerman.com)
666 Fifth Avenue, 20th Floor
New York, New York 10103
Tel. (212) 880-3800
Fax (212) 905-6458
*Attorneys for Defendant ED&F Man*
*Capital Markets Ltd.*

# EXHIBIT 1

# ED&F MAN

**E D & F MAN CAPITAL MARKETS**

# Power of Attorney

## Corporate

Dated |3|27|12

**1 Power of Attorney and Authority**

1.1 The undersigned investor(s) (the Customer) hereby appoints: |Acer Investment Group, LLC
*Full name of Attorney*

of |5532 Lillehammer Ln Suite 1253 Park City, UT 84098
*(Full address of Attorney) (the Attorney)*

My/our relationship with the Attorney is |Broker Dealer
*[Please indicate whether the Attorney is a relative (and state you are how related) or a professional adviser (and state e.g. whether it is a lawyer, financial adviser, etc.)].*

Have you appointed the Attorney to manage your account on a discretionary basis? Yes |___ No |✗

1.2 The Attorney hereby accepts appointment, as attorney-in-fact with respect to the trading account of the Customer (the Account) with E D & F Man Capital Markets Limited, with full power and authority to invest and trade the cash, assets and investments in the Account in accordance with the Agreement (including the cover letter, account opening form and terms of business) as it may be amended or supplemented from time to time, entered into or to be entered into between the Customer and E D & F Man Capital Markets on or about the date of this power of attorney. The Attorney is authorised to invest and trade the said cash, assets and investments in its discretion, without prior notice to or consultation with the Customer, to the same extent and with the same force and effect as if such actions were taken by the Customer directly.

Without limitation of the foregoing, the Attorney is hereby authorised to:

(a) purchase, sell (including short sales) and otherwise deal in the investment selected by the Customer in the account opening form or in writing to E D & F Man Capital Markets from time to time on margin or otherwise at such times and in such amounts as the Attorney in its discretion deems appropriate and to give to E D & F Man Capital Markets all instructions, orders or requests as the Attorney thinks fit for such purpose; and

(b) (delete if not applicable) lend securities in the Account to third parties upon such terms as the Attorney in its discretion deems appropriate and to give to E D & F Man Capital Markets all instructions, orders or requests as the Attorney thinks fit for such purpose.

1.3 The Customer acknowledges and accepts that:

(a) all transactions for the Account are for his/her account and risk;

(b) E D & F Man Capital Markets shall be entitled to rely upon the instructions, orders and requests provided to it by the Attorney as if given or made by the Customer; and

(c) E D & F Man Capital Markets may issue statements of account to the Attorney so that adequate records are maintained to demonstrate the nature of the orders submitted with respect to the Account and the time at which such orders are submitted.

1.4 The Attorney is not authorised to withdraw cash, assets or other investments from the Account.

1.5 This Power of Attorney shall remain in full force and effect until revoked by the Customer by notice in writing to the Attorney with a copy to E D & F Man Capital Markets. The Customer acknowledges and agrees that this Power of Attorney shall continue in full force and effect until notice of revocation is actually received by the Attorney and E D & F Man Capital Markets and that revocation of this Power of Attorney shall not affect the liability of the Customer with respect to any orders or transactions for the Account initiated prior to the receipt by E D & F Man Capital Markets of such notice of revocation.

Cottons Centre
Hays Lane
London SE1 2QE
Telephone: +44 (0)20 7089 8000

EDFMAN\MCM\Corp\POA.005/20.01 12

1.6 The Customer acknowledges and agrees that [he/she/it] will be relying on the Attorney and not on E D & F Man Capital Markets to exercise judgement on his/her behalf on the merits or suitability of transactions for the Account.

1.7 The Customer hereby ratifies and confirms all transactions entered into for the Account prior to the date hereof.

2 **Governing Law**
This Power of Attorney shall be governed by and construed in accordance with the laws of England.

3 **Acknowledgement**
The Customer hereby confirms that he/she has read and understands this Power of Attorney and in that knowledge accepts and agrees to the terms hereof.

**(Please complete the appropriate part of this signature block if you are a company)**

**(Company incorporated in Great Britain (England, Wales or Scotland))**

Executed as a deed by:
_____
(Name of company)

acting by (a director and its secretary) (two directors) (delete as applicable)

Signed: _____
(Director)

Print name: _____

Signed: _____
(Director) (Secretary)

Print name: _____

**(Non Great Britain company executing a deed under the Foreign Companies (Execution of Documents) Regulations 1994)**

Executed as a deed by: *Newsong Fellowship Church 401(k) Plan*
(Name of company)

and signed by: *Alexander Jamie Mitchell III*
(Print Names of authorised signatory(ies)) being (a) person(s)

who in accordance with the law of: *USA*
(Country of Incorporation)

are acting under the authority of the company

Signed: *Alexander Mitchell III*

Print name: *Alexander Jamie Mitchell III*

Date: *3-27-12*

Signed: _____

Print name: _____

Date: _____