# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no. 1:18-CV-05053. | MASTER DOCKET<br><br>18-MD-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S OPPOSITION TO THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS, LTD'S MOTION FOR A PROTECTIVE ORDER**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this opposition to the motion of ED&F Man Capital Markets, Ltd. ("ED&F") for a protective order.[1]

## PRELIMINARY STATEMENT

ED&F is a custodian that falsely certified holdings of Danish shares. It holds documents critical to the parties' claims in this MDL. Based on spurious arguments of burden and abuse of process, ED&F seeks either to delay discovery until it is required to make disclosures in the English Action at some undefined time in 2020, or—worse—to avoid discovery in the U.S. litigation altogether. ED&F provides no basis to delay or withhold this critical discovery.

## BACKGROUND

SKAT paid 537,607,464 Danish Kroner ("DKK") to 31 separate U.S. pension plans which, in seeking refunds for tax purportedly withheld on dividend payments, submitted 389 "tax vouchers" from ED&F representing that the pension plans owned the underlying shares of Danish stock, received the reported dividends and suffered the reported withholding tax. *See, e.g.*, Complaint ¶¶ 4, 46, *SKAT v. Goldstein Law Grp. PC 401(k) Profit Sharing Plan*, No. 1:18-cv-05053 (S.D.N.Y. June 6, 2018), ECF No. 1.

SKAT sued each of the 31 U.S. pension plans in this MDL, and sued ED&F, a U.K. entity, in the English High Court, alleging that each of ED&F's 389 "tax vouchers" was false. *See generally* Declaration of Kristen G. Niven, Ex. H, *In re SKAT* (No. 18-md-02865), ECF No. 170-8. In the English Action, ED&F submitted a Defence, dated December 13, 2018, in which it asserted as true, under penalty of contempt of court, that the tax vouchers it issued to the U.S.

---

1. Third-Party Defendant ED&F Man Capital Markets, Ltd.'s Motion for a Protective Order, *In re: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litig.*, No. 1:18-md-02865 (S.D.N.Y. Oct. 18, 2019), ECF Nos. 208-10 ("Motion" or "Mot."). Capitalized terms not defined herein have the meaning ascribed to them in ED&F's Motion.

defendants were accurate, with the exception of nine vouchers for which ED&F acknowledged that it overstated the amount purportedly withheld by DKK 312,120. *See* Declaration of Kristen G. Niven, Ex. I ¶ 4.2, *In re SKAT* (No. 18-md-02865), ECF No. 170-9.

In April and July 2019, relying on the supposed accuracy of ED&F's "tax vouchers," the defendants in eight of SKAT's U.S. actions asserted counterclaims against SKAT for unpaid refunds.[2] And in April and August 2019, the defendants in nine actions, including the Goldstein Defendants, filed third-party complaints against ED&F.[3]

In September 2019, in a remarkable turn of events, ED&F filed an Amended Defence in the English Action in which it admitted that an additional 80 additional tax vouchers it issued to the defendants were false, including 64 where the defendants suffered no withholding tax at all and so were not entitled to any refund. *See* Letter Addressed to Judge Lewis A. Kaplan from Brian S. Fraser, Ex. A ¶ 4.2, *In re SKAT* (No. 18-md-02865), ECF No. 202. Thus, ED&F has admitted that SKAT paid the U.S. defendants at least DKK 184,214,519 in withholding tax refunds to which they were not entitled. *Id.* SKAT expects this is just the tip of the iceberg for the ED&F-based refund claims.[4]

---

2. *See, e.g.*, DW Construction, Inc. Retirement Plan and Stacey Kaminer's Answer to the Complaint and DW Construction, Inc. Retirement Plan's Counterclaims Against Skatteforvaltningen, *SKAT v. DW Construction, Inc. Retirement Plan*, No. 1:18-cv-09797 (S.D.N.Y. Jul. 29, 2019), ECF No. 64.

3. *See* Defendants the Goldstein Law Group PC 401(k) Profit Sharing Plan's and Sheldon Goldstein's Amended Answer, Affirmative Defenses, and Counterclaims Against Skatteforvaltningen and Third-Party Complaint Against ED&F Man Capital Markets, Ltd., *SKAT v. Goldstein Law Grp.* (No. 18-cv-05053), ECF No. 59; Third-Party Complaint, *SKAT v. DW Construction, Inc.* (No. 18-cv-09797), ECF No. 74; Third-Party Complaint, *SKAT v. Newsong Fellowship Church 401(k) Plan*, No. 1:18-cv-10100 (S.D.N.Y. Aug. 14, 2019), ECF No. 79. It is our understanding that the Goldstein Defendants intend to seek leave to file an amended third-party complaint against ED&F (*see* Letter Addressed to Judge Lewis A. Kaplan from Martin H. Kaplan, *In re SKAT* (No. 18-md-02865), ECF No. 203), including additional jurisdictional allegations concerning ED&F's actions targeting the 31 pension plans in the United States.

4. Earlier this year, ED&F shut down the business unit that handled the U.S. pension plans' fraudulent refund applications and in August the CEO of that business, who swore that the now admittedly false "tax vouchers" were accurate, resigned abruptly. *See ED&F Man's European chief Hawksworth resigns*,

## ARGUMENT

Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court "may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). ED&F "bears the burden of showing good cause." *Mirra v. Jordan*, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, *2 (S.D.N.Y. Mar. 1, 2016) (internal quotation omitted). "The pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Id.* (internal quotation omitted). In considering whether to stay discovery while a motion to dismiss is pending, courts consider "the breadth of the discovery sought, the burden of responding to the discovery sought, and the strength of the underlying motion." *City of New York v. FedEx Ground Package Sys., Inc.*, No. 17 Civ. 5183 (ER), 2018 WL 4625765, *3 (S.D.N.Y. Sept. 26, 2018).

ED&F makes two arguments for staying discovery, both without merit.

<u>First</u>, ED&F's argument that SKAT's document requests are "directed to the merits of its claims against ED&F at issue in the English Action" and "an abuse of discovery" is frivolous. (Mot. 3.) SKAT seeks documents concerning the shares that ED&F purportedly held, and the dividends that it purportedly received, on behalf of the U.S. defendants, so the requests go to the crux of SKAT's claims in 31 cases before this Court, and the various defenses, counterclaims and third-party claims asserted by the U.S. defendants. It is critical to the parties' claims to understand how ED&F issued the 89 tax vouchers that it has now admitted were false and to test the truth of its assertions that the remainder of its vouchers were accurate.

---

GLOBALINVESTORGROUP.COM, https://www.globalinvestorgroup.com/articles/3693130/ed-and-f-mans-european-chief-hawksworth-resigns (last visited Oct. 22, 2019).

3

Second, ED&F fails to explain why responding to SKAT's requests would cause it *unnecessary* burden and expense. *See In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (ALC)(KNF), 2013 WL 1907738, *5 (S.D.N.Y. May 8, 2013) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." (internal quotation omitted)). ED&F acknowledges that the English Action "arises from the same factual circumstances" as this litigation, (Mot. 2), and that it will provide "[e]xtensive disclosure" in the English Action in 2020. (Declaration of Luther Kisanga ¶ 4, *In re SKAT* (No. 18-md-02865), ECF No. 209.) ED&F concedes that SKAT is seeking "largely the same documents" in both jurisdictions, (Declaration of Brian S. Fraser, Ex. A, *In re SKAT* (No. 18-md-02865), ECF No. 210), so it can undertake one collection and review process for all related litigation. That ED&F might have to produce the documents sooner than its desired time frame does not amount to an undue burden. Moreover, ED&F fails to state whether documents it ultimately produces in the English litigation will be made available to the parties in the U.S. litigation, and SKAT expects ED&F has no intention to make them available here. It is ED&F that appears to be playing jurisdictional games to shield the facts from the parties to the U.S. litigation.

## CONCLUSION

For the reasons set forth above, SKAT respectfully requests that the Court deny ED&F's motion for a protective order.

4

Dated: New York, New York
October 22, 2019

                               HUGHES HUBBARD & REED LLP

                               By: /s/ Marc A. Weinstein
                                      William R. Maguire
                                      Marc A. Weinstein
                                      Neil J. Oxford
                               One Battery Park Plaza
                               New York, New York 10004-1482
                               Telephone: (212) 837-6000
                               Fax: (212) 422-4726
                               bill.maguire@hugheshubbard.com
                               marc.weinstein@hugheshubbard.com
                               neil.oxford@hugheshubbard.com

                               *Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

5