**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION<br><br>This document relates to: 1:18-cv-05053-LAK | MASTER DOCKET<br><br>Case No.: 1:18-md-02865-LAK |
| THE GOLDSTEIN LAW GROUP PC 401(K) PROFIT SHARING PLAN and SHELDON GOLDSTEIN,<br><br>            Third-Party Plaintiffs,<br><br>    -against-<br><br>ED&F MAN CAPITAL MARKETS, LTD.,<br><br>            Third-Party Defendant. | |

**AMENDED COUNTERCLAIMS OF THIRD-PARTY DEFENDANT**
**ED&F MAN CAPITAL MARKETS, LTD.**

Third-Party Defendant ED&F Man Capital Markets, Ltd.("ED&F Man"), by and through its attorneys, Binder & Schwartz LLP, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, submits its Amended Counterclaims against Third-Party Plaintiffs The Goldstein Law Group PC 401(K) Profit Sharing Plan (the "Plan") and Sheldon Goldstein ("Goldstein" and collectively with the Plan, the "Third-Party Plaintiffs" or the "Goldstein Parties"). ED&F Man's Answer and Affirmative Defenses are not hereby amended.

## **FIRST COUNTERCLAIM AGAINST THE GOLDSTEIN PARTIES**
**(Indemnification)**

1. On June 21, 2012, the Plan and ED&F Man entered into a Custody Agreement (the "Custody Agreement") that established ED&F Man's contractual obligations as the Custodian for the Plan. The Custody Agreement set forth the terms and conditions of business between ED&F Man as the Custodian and the Plan as the Client.

2. The Plan's Custody Agreement with ED&F Man is attached to the Third-Party Complaint (MDL Dkt. No. 219) as Exhibit F.

3. Pursuant to the binding terms of the Custody Agreement, the Plan maintained "responsibility for the selection, acquisition and disposal of the Client Property." (Third-Party Complaint Ex. F, at 11(m)).

4. Client Property is defined as (i) "any securities (including evidence thereof, evidence of title thereto and all rights in respect thereof) deposited or transferred by the Client or on the Client's behalf to the Custodian or a Sub-Custodian or collected by the Custodian or a Sub-Custodian for the Client's account"; and (ii) all "cash in any currency arising out of or in connection with the Client Securities and any amounts standing to the credit of the Client Cash Account." (Third-Party Complaint Ex. F, at 1.1).

5. ED&F Man and the Plan explicitly agreed that ED&F Man "does not act as manager or investment adviser to" the Plan. (Third-Party Complaint Ex. F, at 11(m)).

6. In accordance with the parties' respective obligations under the Custody Agreement, the Plan conceived, structured, and directed each of the Danish securities transactions (the "Danish Transactions") that ED&F Man executed on behalf of the Plan.

7. The Plan designated its Authorized Agent (Acer Investment Group, LLC) as its attorney-in-fact with respect to its trading account[s] with ED&F Man pursuant to a Power of

Attorney dated March 23, 2012.  A true and correct copy of the Power of Attorney is annexed hereto as Exhibit 1.

8. The Plan acknowledges in the Power of Attorney, among other things, that ED&F Man "shall be entitled to rely upon the instructions, orders and requests provided to it by [the Authorized Agent] as if given or made by [the Plan]." Power of Attorney, Ex. 1 at section 1.3(b)

9. Accordingly, all acts by the Authorized Agent as agent and attorney-in-fact on behalf of the Plan pursuant to the management of the Plan's ED&F Man brokerage account are imputed to the Plan as principal.

10. In or about March 2012, Stacey Kaminer ("Kaminer"), the principal for the Authorized Agent and authorized signatory for the Plan, participated in a conference call with ED&F Man to discuss "onboarding" several clients to ED&F Man for brokerage services, including the Plan.  In that meeting, Kaminer represented that she was preparing the forms to open the accounts on behalf of the Plan.

11. In the same phone conference, ED&F Man and Kaminer discussed potential markets, and Kaminer agreed to send over indicative trade schedules and flow diagrams of various trade structures for the purpose of enacting trades with ED&F Man.

12. Kaminer subsequently sent the trading structures that would be the basis for the Danish Transactions to ED&F Man.

13. Pursuant to the trading structures sent by Kaminer, ED&F Man was to pay the Authorized Agent a significant fee in connection with the transactions.

14. At all relevant times, the Plan, acting through its Authorized Agent, was aware that ED&F Man would conduct transactions through its inter-dealer broker, Volcafe, as this was explicitly acknowledged in the communications between ED&F Man and the Authorized Agent.

15. Far from being "solicited" by ED&F Man for the purposes of engaging in trades, it was the Plan that approached ED&F Man, having been brought to ED&F Man by its Authorized Agent.

16. Upon information and belief, the Plan's Authorized Agent and/or Kaminer originated the trading structures used by ED&F Man in the Danish Transactions on behalf of their client, the Plan.

17. The Plan, through its Authorized Agent, originated, structured, and communicated the trading structures used in the Danish Transactions to ED&F Man.

18. ED&F Man executed the Danish Transactions at the specific direction of the Plan through its Authorized Agent.

19. The Plan, through its authorized agent, repeatedly notified ED&F Man of its interest in acquiring Danish securities, and for several transactions specifically requested specific numbers of shares, asking ED&F Man to provide liquidity for the equity purchase.

20. Having been made aware of the Plan's consistent trading strategy and interest in Danish securities, at times ED&F Man would notify the Plan through its Authorized Agent if there was liquidity in a Danish stock.

21. At all relevant times and for each Danish Transaction, ED&F Man only executed the trades at the specific request of the Plan, and in accordance with the trading structures it supplied.

22. Once the trades were executed at the direction and with the knowledge of the Plan, the Plan, through its Authorized Agent, specifically requested that ED&F Man send the Tax Vouchers from the Danish Transactions to Goal for the reclaim applications.

23. Pursuant to the Custody Agreement, the Plan agreed to indemnify ED&F Man "fully and effectively []" against each liability, loss and cost which may be suffered or incurred by" ED&F Man in connection with "the Client Property, this Agreement, or the performance of [ED&F Man's] obligations under this Agreement." (Third-Party Complaint Ex. F, at 16(a)(i)).

24. The Plan also agreed to indemnify ED&F Man "fully and effectively" against "any Tax for which [ED&F Man] is or may be liable or accountable in connection with the Client Property, this Agreement or the performance of [ED&F Man's] obligations under this Agreement (including without limitation the purchase and/or sale of Client Securities, the collection and/or realisation of coupons, dividends, interest or other payments, the receipt of or entitlement to receive any income, and the Custodian acting as or being deemed to be a trustee, branch, or agent of the Client) provided that this indemnity shall not extend to Tax on or attributable to any Fees." (Third-Party Complaint Ex. F, at 16(a)(ii)).

25. ED&F Man has fully satisfied all of its obligations under the Custody Agreement.

26. ED&F Man's Terms and Conditions of Business (the "Terms and Conditions") set out contractual terms governing the relationship between ED&F Man and the Goldstein Parties, subject, where relevant, to any transaction-specific documentation. A true and correct copy of the Terms and Conditions is annexed hereto as Exhibit 2.

27. On or about April 18, 2012, Goldstein executed an acknowledgement indicating that he had "read and understood the relevant sections" of the Terms and Conditions. A true and correct copy of the acknowledgment is annexed hereto as Exhibit 3.

28. Pursuant to the Terms and Conditions, the Goldstein Parties agreed, among other things, to indemnify ED&F Man against "any loss, liability, costs and expenses" incurred by ED&F Man "either directly or indirectly in the due performance of [ED&F Man's] obligations" under the Terms and Conditions.

29. ED&F Man is entitled to complete indemnification by the Goldstein Parties pursuant to the Custody Agreement and/or the Terms and Conditions, including, without limitation, for all liabilities, losses and/or costs suffered or incurred in connection with (i) the Custody Agreement and/or the Terms and Conditions; (ii) the performance of ED&F Man's obligations under the Custody Agreement and/or the Terms and Conditions; (iii) any tax reclaim applications submitted by or on behalf of the Plan for the Danish Transactions; and/or (iv) any action or proceeding—whether in this jurisdiction, in the English Action,[1] or in any other proceedings—related to the Custody Agreement, the Terms and Conditions, the performance of ED&F Man's obligations under the Custody Agreement and/or the Terms and Conditions, and/or any tax reclaim applications submitted by or on behalf of the Plan for the Danish Transactions.

---

[1] The "English Action" is the case titled *Skatteforvaltningen v. Solo Capital Partners LLP*, Nos. CL-2018-000297, CL-2018-000404 & CL-2018-000590 (2018), in the High Court of Justice, Business and Property Courts of England and Wales.

## JURY DEMAND

ED&F Man demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Third-Party Defendant ED&F Man Capital Markets, Ltd. respectfully requests that this Court enter judgment against Third-Party Plaintiffs The Goldstein Law Group PC 401(K) Profit Sharing Plan and Sheldon Goldstein, as follows:

i. Dismissing the Third-Party Complaint as against ED&F Man in its entirety;

ii. Judgment in favor of ED&F Man against the Third-Party Plaintiffs;

iii. Judgment ordering full and complete indemnification of ED&F Man;

iv. An award of reasonable attorneys' fees and costs; and

v. Such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
April 20, 2020

Respectfully submitted,

**BINDER & SCHWARTZ LLP**

By: /s/ Neil S. Binder

Neil S. Binder
Binder & Schwartz LLP
366 Madison Avenue, 6th Floor
New York, NY 10017
Telephone: 212-510-7031
Facsimile: 212-510-7299
nbinder@binderschwartz.com

*Attorneys for Third-Party Defendant / Third-Party Counter Claimant ED&F Man Capital Markets, Ltd.*