# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION | MASTER DOCKET<br><br>Case No.: 1:18-md-02865-LAK<br><br>**DECLARATION OF**<br>**ANTHONY STEVEN FIELD** |

   I, Anthony Steven Field, pursuant to 28 U.S.C. § 1746, declare, under penalty of perjury under the laws of the United States of America that the following is true and correct:

   1. I am a solicitor of the Senior Courts and a director of Rosenblatt Limited, counsel for ED&F Man Capital Markets ("ED&F") in proceedings brought by Skatteforvaltningen ("SKAT") before the Commercial Court, High Court of Justice in England (the "High Court").

   2. ED&F has applied to the High Court for a declaration that certain documents and communications exchanged between ED&F and the Financial Conduct Authority ("FCA"), as well as certain related documents, are subject to litigation privilege, which is substantive and absolute as a matter of English common law. The High Court has issued application notices, and thus the application is now before the High Court. Attached hereto are true and correct copies of (a) the application notices (**Exhibit 1**); and (b) the list of documents (the "Subject Documents") as to which the declaration was sought (**Exhibit 2**). A confidential witness statement was submitted in support of the application.

   3. The Subject Documents include the privileged documents sought by SKAT in the instant U.S. proceedings. Thus, the High Court will be deciding the issue of whether these documents are privileged under English law. As presented to the High Court, the Subject Documents are protected by litigation privilege because they are confidential and were created by counsel for the sole or dominant purpose of litigation when adversarial proceedings against ED&F were reasonably contemplated. *See, e.g.*, *Three Rivers District Council & Ors. v. Bank of England* [2004] UKHL 48 at [102] (**Exhibit 3**). The fact that some Subject Documents were submitted to the FCA does not waive the privilege under English law, because such documents were submitted on a confidential basis expressly without waiver of privilege, and the FCA is expressly prohibited under Section 348 of the Financial Services and Markets Act 2000 from disclosing the documents without ED&F's consent. *See, e.g.*, *Bilta & Ors. v. RBS* [2017] EWHC 3535 (Ch) at [62] (upholding litigation privilege over documents submitted to regulator "expressly without waiving privilege in the underlying material") (**Exhibit 4**); *Property Alliance Group Limited v. RBS* [2015] EWHC 1557 (Ch) at [113] (no waiver based on disclosure to regulator even where regulator had "carve outs" to use and disclose documents not present here) (**Exhibit 5**).

Executed on May 15, 2020.         _____
                            Anthony Steven Field