# EXHIBIT 8

2006 WL 3370698
Only the Westlaw citation is currently available.
This case was not selected for
publication in the Federal Reporter.
United States Court of Appeals,
Second Circuit.

PPI ENTERPRISES (U.S.), INC., Plaintiff,
v.
DEL MONTE FOODS COMPANY, D efendant-
Third-Party-Plaintif f-Fourth-Party-
Defendant-Counter-Defendant -Appellee,
Morgan Stanley & Co., Inc., Defendant,
v.
W.R. Huff Asset Management Co., LLC,
W.R. Huff Asset Management Co ., L.P.,
Third-Party-Defendan ts-Fourth-Party-
Plaintiffs-Counterclaimaints-Appellants,
Charterhouse Equity Partners, L.P.,
Third-Party-Defendants-Fourt h-
Party-Plaintiffs-Counterclaimants.[*]

Nos. 05-6885-cv (L), 05-7040-cv (CON).
|
Nov. 20, 2006.

**Attorneys and Law Firms**

William G. McGuinness, Fried, Frank, Harris, Shriver & Jacobson LLP (Maria Moukides, on the brief), New York, NY, for Appellants.

Howard S. Zelbo, Cleary Gottlieb Steen & Hamilton LLP, (Breon S. Peace, of counsel), New York, NY, for Appellee.

Present JOHN M. WALKER, JR., ROBERT A. KATZMANN and REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

*1 Appeal from the United States District Court for the Southern District of New York.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

W.R. Huff Asset Management Co., LLC, and W.R. Huff Asset Management Co., L.P., (collectively, "Huff") appeals the district court's order entered on December 5, 2005, (Barbara S. Jones, *Judge),* granting summary judgment to Del Monte Food Company ("Del Monte") on Huff's claims that Del Monte owed Huff indemnification for expenses it incurred in defending claims brought against it by Del Monte. We assume familiarity with the facts and procedural history of this case.

Huff argues, first, that section 7.3 of the agreement at issue (the "agreement") should be construed to provide indemnification for claims lodged by Del Monte, the indemnitor, against Huff, the indemnitee. The agreement provides that it shall be governed in all relevant respects by New York law. Under New York law, "court[s] should not infer a party's intention [to indemnify another] unless the intention to do so is unmistakably clear from the language of the promise." *Hooper Assocs., Ltd., v. AGS Computers, Inc.,* 74 N.Y.2d 487, 492 (1989); *see Oscar Gruss & Son, Inc. v. Hollander,* 337 F.3d 186, 200 (2d Cir.2003); *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.,* 98 F.3d 13, 20-21 (2d Cir.1996).

In this case, the language of the agreement does not unmistakably provide for the indemnification of claims between the parties. Particularly telling are subsections 7.3(b)(i) and (ii), which provide, respectively, that Del Monte has the right to approve its indemnitees' choice of counsel in any covered claim and require Del Monte to cooperate in the defense of actions brought against indemnitees and indemnitees to procure Del Monte's consent before settling any covered claim. These provisions are typical of an agreement "which contemplate [s] reimbursement when the indemnitee is required to pay damages on a third-party claim." *Hooper,* 74 N.Y.2d at 492; *see Oscar Gruss,* 337 F.3d at 200 (finding provisions in agreement regarding indemnitee's right to separate counsel and indemnitor's rights to notice and assumption of defense show agreement was meant to cover third-party claims only). Huff's attempt to cast these provisions in a light that could justify their application here is unavailing because the test is whether the intent to indemnify is "unmistakably clear from the language of the promise," *Hooper,* 74 N.Y.2d at 492, not whether the agreement could be read to provide for indemnification.

Huff contends, second, that Del Monte's bylaws, which make mandatory Maryland's permissive corporate indemnification

statute, Md.Code Ann., [Corps. & Ass'ns § 2-418(b)(1)](...) (2005), provide the indemnification sought. [Section 2-418(b)(1)](...) applies only to directors. Undeterred by the fact that it is not, and never was, a director of Del Monte, Huff maintains that it is entitled to indemnification because Del Monte actually sued Huff "by reason of [the] service" of its two board member designees. Huff rests its indemnification theory on [*Heffernan v. Pacific Donlup GNB Corp.,* 965 F.2d 369 (7th Cir.1992)](...). *Heffernan* is inapposite. In *Heffernan,* the Seventh Circuit concluded that even if the express language of a complaint does not reference the defendant's status as a director, he may nonetheless be entitled to indemnification if the substance of the complaint indicates he was sued "by reason of the fact that" he was a director. *Id.* at 372-73. As the district court aptly put it, "*Heffernan* most clearly stands for the proposition that where a *single person,* acting both as a director and as a private individual, can show that, contrary to the language of the complaint, he was sued 'by reason of' his status as a director, that person may be entitled to the indemnification due a director, assuming, of course, that he is otherwise qualified." As is the case under the Delaware statute analyzed in *Heffernan,* status as a director is a prerequisite to indemnification under Maryland law. *See* Md.Code Ann., [Corps. & Ass'ns § 2-418(b)(1)](...) ("A corporation may indemnify any director made a party to any proceeding by reason of service in that capacity...."). Because Huff was not a director of Del Monte, it is not entitled to indemnification.

**\*2** We have reviewed Huff's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the District Court for the Southern District of New York is hereby **AFFIRMED.**

**All Citations**

Slip Copy, 2006 WL 3370698

---

**Footnotes**

| | |
|---|---|
| \* | This caption varies from the official caption, which is incorrect in certain respects. The Clerk of the Court is directed to amend the official caption accordingly. |

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.