# Exhibit 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br>Case No. 19-cv-01924 (LAK) | MASTER DOCKET<br><br>18-md-02865 (LAK)<br><br>**ANSWER**<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT RICHARD MARKOWITZ TO THE AMENDED COMPLAINT – JURY TRIAL DEMANDED**

Defendant Richard Markowitz ("Markowitz" or "Defendant"), by and through his undersigned counsel, hereby answers and asserts affirmative defenses and other defenses as follows to the Amended Complaint (ECF No. 71, April 21, 2020) of Plaintiff Customs and Tax Administration of the Kingdom of Denmark ("Skatteforvaltningen" or "SKAT"). Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendant denies each and every allegation and assertion set forth in the Amended Complaint. The paragraphs that follow align with the numbered paragraphs in the Amended Complaint.

## I.     INTRODUCTION[1]

1.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1.

---

[1] The repetition of the headings and subheadings contained in the Amended Complaint is not an adoption of those headings, nor an admission of their truth. Rather, Defendant includes those headings in this Answer purely for the Court's ease of reference.

2. Defendant denies the allegations in Paragraph 2, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

3. Defendant denies the allegations in Paragraph 3, except refers to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

4. Defendant denies the allegations in Paragraph 4, except refers to the double taxation treaty between Denmark and the United States for a complete and accurate account of its contents and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

5. Defendant denies the allegations in Paragraph 5, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, except denies the allegations in the first sentence of Paragraph 7.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

10. Defendant denies the allegations in Paragraph 10, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

11. Defendant denies the allegations in Paragraph 11, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

**II. JURISDICTION & VENUE**

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

**III. PARTIES**

16. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17.

Case 1:18-md-02865-LAK Document 380-10 Filed 06/29/20 Page 5 of 18
Case 1:19-cv-01924-LAK Document 82 Filed 06/29/20 Page 4 of 17

18. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19, except admits that Markowitz is a citizen of the State of New York.

IV. **FACTUAL ALLEGATIONS**

A. **The Danish Withholding Tax System**

20. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the Danish Withholding Tax Act for a complete and accurate account of its contents.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, Defendant refers to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23, except refers to Section 401(a) of the Internal Revenue Code and the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income for a complete and accurate account of their contents.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25.

### B.     The Fraudulent Scheme

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26.

#### 1.     The Fraudulent Refund Claims Process

27.     Defendant denies the allegations in Paragraph 27, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, except refers to the documents referenced in Paragraph 29 for a complete and accurate account of their contents.

30.     Defendant denies the allegations in Paragraph 30, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

31.     Defendant denies the allegations in Paragraph 31, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33.

### 2. The Role of the Claimants

34. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

37. Defendant denies the allegations in Paragraph 37, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40, except refers to Section 401(a) of the Internal Revenue Code and the double taxation treaty between Denmark and the United States for a complete and accurate account of their contents.

41. Defendant denies the allegations in Paragraph 41, except refers to Section 401(a) of the Internal Revenue Code for a complete and accurate account of its contents and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43, except refers to the Internal Revenue Code for a complete and accurate account of its contents.

- 6 -

44. Defendant denies the allegations in Paragraph 44, except refers to the double taxation treaty between Denmark and the United States for a complete and accurate account of its contents.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

47. Defendant denies the allegations in Paragraph 47, except admits that Markowitz served as a director of a financial services firm based at 40 West 57th Street, New York, NY, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

48. Defendant denies the allegations in Paragraph 48, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

49. Defendant denies the allegations in Paragraph 49, except refers to the power of attorney forms referenced in Paragraph 49 for a complete and accurate account of their contents and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

    **3.**    **The Role of the Claimants' Authorized Representatives**

50. Defendant denies the allegations in Paragraph 50, except refers to the power of attorney form referenced in Paragraph 50 for a complete and accurate account of its contents and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, except refers to the power of attorney form referenced in Paragraph 51 for a complete and accurate account of its contents.

52. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, except refers to the power of attorney form referenced in Paragraph 52 for a complete and accurate account of its contents.

53. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54, except refers to the power of attorney form referenced in Paragraph 54 for a complete and accurate account of its contents and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

**4. The Role of the Payment Agents**

55. Defendant denies the allegations in Paragraph 55, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

56. Defendant denies the allegations in Paragraph 56, except refers to the power of attorney form referenced in Paragraph 56 for a complete and accurate account of its contents and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

57. Defendant denies the allegations in Paragraph 57, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and refers to the double taxation treaty between Denmark and the United States for a complete and accurate account of its contents.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

### 5. The Role of the Broker-Custodians

60. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60.

61. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61, except refers to the dividend credit advice referenced in Paragraph 61 for a complete and accurate account of its contents.

62. Defendant denies the allegations in Paragraph 62.

## CAUSES OF ACTION

## COUNT I

**(Fraud – Against All Defendants)**

63. To the extent any answer is required to the allegations in this paragraph, Defendant restates and adopts the answers to Paragraphs 1 through 62.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

- 9 -

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 67.

## COUNT II

### (Aiding and Abetting Fraud – Against All Defendants)

68. To the extent any answer is required to the allegations in this paragraph, Defendant restates and adopts the answers to Paragraphs 1 through 67.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 71.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 72.

73. Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73.

74. Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74.

## COUNT III

### (Payment By Mistake – Against All Defendants)

75. To the extent any answer is required to the allegations in this paragraph, Defendant restates and adopts the answers to Paragraphs 1 through 74.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 76.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77.

78. Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 78.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 80.

## COUNT IV

**(Unjust Enrichment – Against All Defendants)**

81. To the extent any answer is required to the allegations in this paragraph, Defendant restates and adopts the answers to Paragraphs 1 through 80.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 82.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 84.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 85.

## COUNT V

**(Money Had & Received – Against All Defendants)**

86. To the extent any answer is required to the allegations in this paragraph, Defendant restates and adopts the answers to Paragraphs 1 through 85.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 88.

## COUNT VI

### (Negligent Misrepresentation – Against All Defendants)

89. To the extent any answer is required to the allegations in this paragraph, Defendant restates and adopts the answers to Paragraphs 1 through 88.

90. Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 90.

91. Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 91.

92. Paragraph 92 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 92.

93. Paragraph 93 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93.

## REQUEST FOR RELIEF

Defendant states that no response is required to Plaintiff's request for relief in the paragraph following Paragraph 93. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Amended Complaint, or any relief at all.

## JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to it as to any element of any claim asserted in the Amended Complaint, Defendant asserts the following affirmative and other defenses:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

SKAT's claims are barred by the doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### THIRD DEFENSE

Defendant acted at all times reasonably and with due care; reasonably relied upon the actions and statements of others; and did not directly or indirectly cause, induce, aid, or abet any acts constituting the claims asserted by SKAT.

### FOURTH DEFENSE

Defendant did not engage in any unlawful conduct, and Defendant is not liable for any unlawful acts that may have been committed by others.

### FIFTH DEFENSE

SKAT has failed to mitigate, minimize, or avoid any alleged damages.

### SIXTH DEFENSE

SKAT is barred from relief by the doctrines of unclean hands, estoppel, laches, release, unjust enrichment, and/or waiver due to SKAT's own acts and/or omissions with reference to the subject matter of the Amended Complaint.

## SEVENTH DEFENSE

The alleged damages sought by SKAT are barred, in whole or in part, by the applicable statute(s) of limitations.

## EIGHTH DEFENSE

The proximate cause of SKAT's injuries, if any, is the conduct of SKAT or others and not any act or omission by Defendant.

## NINTH DEFENSE

The claims alleged in the Amended Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

## TENTH DEFENSE

The recovery by SKAT, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal or administrative proceeding.

## ELEVENTH DEFENSE

SKAT's action is barred because of SKAT's failure to exhaust administrative and other legal remedies available to it.

## TWELFTH DEFENSE

Defendant hereby adopts and incorporates by reference any and all other legally valid defenses to be asserted by any other defendant in this action to the extent they are applicable to Defendant.

## THIRTEENTH DEFENSE

The claims alleged in the Amended Complaint are barred in whole or in part by res judicata.

## FOURTEENTH DEFENSE

The Amended Complaint fails to plead fraud with the adequate degree of specificity and particularity.

- 14 -

**FIFTEENTH DEFENSE**

If SKAT suffered any loss, damage, or injury, such loss, damage, or injury was caused in whole or in part by, and arose out of, SKAT's culpable conduct, including but not limited to, contributory negligence and assumption of the risk.

**SIXTEENTH DEFENSE**

If SKAT suffered any loss, damage, or injury, such alleged loss, damage, or injury was caused in whole or in part by the negligence, assumption of risk, and/or fault of other culpable parties and/or third parties to this action, other than Defendant, for whose acts or omissions or breaches of legal duty Defendant is not liable.

**SEVENTEENTH DEFENSE**

The claims alleged in the Amended Complaint are barred in whole or in part by collateral estoppel.

**EIGHTEENTH DEFENSE**

SKAT's recovery, if any, should be reduced by application of New York's General Obligations Law § 15-108.

**NINETEENTH DEFENSE**

This Court lacks subject matter jurisdiction to hear this action.

**TWENTIETH DEFENSE**

Defendant complied with all applicable rules and regulations, including all applicable U.S. and Danish securities laws and all applicable SKAT policies and procedures, that were in effect when submitting reclaims for refunds of dividend-withholding tax.

**TWENTY-FIRST DEFENSE**

Defendant was entitled to any money received from SKAT.

- 15 -

**TWENTY-SECOND DEFENSE**

Plaintiff lacks standing to bring this action.

**TWENTY-THIRD DEFENSE**

Defendant hereby reserves and asserts all affirmative and other defenses available under any applicable federal or state law. Defendant presently has insufficient knowledge or information upon which to form a basis as to whether they may have additional, as yet unstated, affirmative or other defenses available. Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims at any subsequent stage of this action in the event that discovery indicates that such additional defenses or claims would be appropriate.

WHEREFORE, having fully answered all of the allegations of the Amended Complaint to which any answer is required, and for the reasons set forth above, Markowitz prays for relief and judgment:

A. Dismissing the Amended Complaint with prejudice;

B. Denying Plaintiff the relief sought in the Amended Complaint;

C. Ordering that Plaintiff take nothing and that judgment be entered against Plaintiff;

D. Awarding Markowitz costs and expenses incurred as a result of having to defend this action; and

E. Granting Markowitz such other relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: June 29, 2020<br>New York, New York | By: /s/ Michael G. Bongiorno<br>MICHAEL G. BONGIORNO<br>ALAN E. SCHOENFELD<br>ALLISON STODDART<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(212) 230-8800<br>Michael.Bongiorno@wilmerhale.com<br>Alan.Schoenfeld@wilmerhale.com<br>Allison.Stoddart@wilmerhale.com<br><br>MICHAEL POSADA<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>(202) 663-6000<br>Michael.Posada@wilmerhale.com<br><br>*Counsel for Richard Markowitz* |