# Exhibit 16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br>Case No. 19-cv-01791 (LAK) | MASTER DOCKET<br><br>18-md-02865 (LAK)<br><br>**ANSWER**<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RICHARD MARKOWITZ AND HADRON INDUSTRIES LLC TO THE AMENDED COMPLAINT – JURY TRIAL DEMANDED**

Defendants Richard Markowitz ("Markowitz") and Hadron Industries LLC ("Hadron Industries") (together, "Defendants"), by and through their undersigned counsel, hereby answer and assert affirmative defenses and other defenses as follows to the Amended Complaint (ECF No. 62, April 21, 2020) of Plaintiff Customs and Tax Administration of the Kingdom of Denmark ("Skatteforvaltningen" or "SKAT"). Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendants deny each and every allegation and assertion set forth in the Amended Complaint. The paragraphs that follow align with the numbered paragraphs in the Amended Complaint.

## I. INTRODUCTION[1]

1. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1.

---

[1] The repetition of the headings and subheadings contained in the Amended Complaint is not an adoption of those headings, nor an admission of their truth. Rather, Defendants include those headings in this Answer purely for the Court's ease of reference.

2. Defendants deny the allegations in Paragraph 2, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

3. Defendants deny the allegations in Paragraph 3, except refer to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

4. Defendants deny the allegations in Paragraph 4, except refer to the double taxation treaty between Denmark and the United States for a complete and accurate account of its contents and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

5. Defendants deny the allegations in Paragraph 5, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, except deny the allegations in the first sentence of Paragraph 7.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

10. Defendants deny the allegations in Paragraph 10, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

11. Defendants deny the allegations in Paragraph 11, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

**II. JURISDICTION & VENUE**

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

**III. PARTIES**

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21, except admit that Markowitz is a citizen of the State of New York.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

IV. **FACTUAL ALLEGATIONS**

    A. **The Danish Withholding Tax System**

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the Danish Withholding Tax Act for a complete and accurate account of its contents.

4

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27, except refer to Section 401(a) of the Internal Revenue Code and the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income for a complete and accurate account of its contents.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29.

### B. The Fraudulent Scheme

30. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

#### 1. The Fraudulent Refund Claims Process

31. Defendants deny the allegations in Paragraph 31, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, except refer to the documents referenced in Paragraph 33 for a complete and accurate account of their contents.

34. Defendants deny the allegations in Paragraph 34, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and refer to the double taxation treaty between Denmark and the United States for a complete and accurate account of its contents.

35. Defendants deny the allegations in Paragraph 35, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37.

### 2. The Role of the Claimants

38. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

41. Defendants deny the allegations in Paragraph 41, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, except refer to Section 401(a) of the Internal Revenue Code and the double taxation treaty between Denmark and the United States for a complete and accurate account of their contents.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45, except refer to Section 401(a) of the Internal Revenue Code for a complete and accurate account of its contents.

46. Defendants deny the allegations in Paragraph 46, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48, except refer to Section 401(a) of the Internal Revenue Code for a complete and accurate account of its contents.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, except refer to the double taxation treaty between Denmark and the United States for a complete and accurate account of its contents.

50. Defendants deny the allegations in Paragraph 50, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51.

### 3. The Role of the Partner Defendants

52. Defendants deny the allegations in Paragraph 52, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

53. Defendants deny the allegations in Paragraph 53, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

54. Defendants deny the allegations in Paragraph 54, except refer to the agreement referenced in Paragraph 54 for a complete and accurate account of its contents, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

55. Defendants deny the allegations in Paragraph 55, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56, except refer to the trust formation document for a complete and accurate account of its contents.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

59. Defendants deny the allegations in Paragraph 59, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

60. Defendants deny the allegations in Paragraph 60, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

61. Defendants deny the allegations in Paragraph 61, except refer to the power of attorney documents referenced in Paragraph 61 for a complete and accurate account of their contents, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

62. Defendants deny the allegations in Paragraph 62, except refer to the partnership agreements referenced in Paragraph 62 for a complete and accurate account of their contents, admit that Markowitz served as a director of a financial services firm based at 40 West 57th Street, New York, NY, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

### 4. The Role of the Claimants' Authorized Representatives

63. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63, except refer to the power of attorney documents for a complete and accurate account of their contents.

64. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64, except refer to the power of attorney document for a complete and accurate account of its contents.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65, except refer to the power of attorney document for a complete and accurate account of its contents.

66. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66, except refer to the power of attorney document for a complete and accurate account of its contents.

67. Defendants deny the allegations in Paragraph 67, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

68. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68, except refer to the power of attorney documents for a complete and accurate account of their contents.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, except refer to the power of attorney documents for a complete and accurate account of their contents.

70. Defendants deny the allegations in Paragraph 70, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

### 5. The Role of the Payment Agents

71. Defendants deny the allegations in Paragraph 71, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

72. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72.

73. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73.

74. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74.

75. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75.

### 6. The Role of the Broker-Custodians

76. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76.

77. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77.

78. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78.

## CAUSES OF ACTION

### COUNT I

**(Fraud - Against Defendants Fairlie Investments, Herman, Klugman, Markowitz, RAK, and Hadron)**

79. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 78.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

### COUNT II

**(Aiding and Abetting Fraud - Against All Defendants)**

84. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 83.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89. Paragraph 89 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90. Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

## COUNT III

**(Payment By Mistake - Against All Defendants)**

91. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 90.

92. Paragraph 92 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

93. Paragraph 93 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 93.

94. Paragraph 94 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95. Paragraph 95 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 95.

96. Paragraph 96 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 96.

## COUNT IV

**(Unjust Enrichment - Against All Defendants)**

97. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 96.

13

98. Paragraph 98 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 98.

99. Paragraph 99 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 99.

100. Paragraph 100 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 100.

101. Paragraph 101 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 101.

## COUNT V

### (Money Had & Received - Against All Defendants)

102. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 101.

103. Paragraph 103 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 103.

104. Paragraph 104 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 104.

## COUNT VI

### (Negligent Misrepresentation - Against Defendants Fairlie Investments, Herman, Klugman, Markowitz, RAK, and Hadron)

105. To the extent any answer is required to the allegations in this paragraph, Defendants restate and adopt the answers to Paragraphs 1 through 104.

106. Paragraph 106 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 106.

107. Paragraph 107 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 107.

108. Paragraph 108 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109. Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 109.

### REQUEST FOR RELIEF

Defendants state that no response is required to Plaintiff's request for relief in the paragraph following Paragraph 109. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the Amended Complaint, or any relief at all.

### JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

### AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to it as to any element of any claim asserted in the Amended Complaint, Defendants assert the following affirmative and other defenses:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

SKAT's claims are barred by the doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

15

**THIRD DEFENSE**

Defendants acted at all times reasonably and with due care; reasonably relied upon the actions and statements of others; and did not directly or indirectly cause, induce, aid, or abet any acts constituting the claims asserted by SKAT.

**FOURTH DEFENSE**

Defendants did not engage in any unlawful conduct, and Defendants are not liable for any unlawful acts that may have been committed by others.

**FIFTH DEFENSE**

SKAT has failed to mitigate, minimize, or avoid any alleged damages.

**SIXTH DEFENSE**

SKAT is barred from relief by the doctrines of unclean hands, estoppel, laches, release, unjust enrichment, and/or waiver due to SKAT's own acts and/or omissions with reference to the subject matter of the Amended Complaint.

**SEVENTH DEFENSE**

The alleged damages sought by SKAT are barred, in whole or in part, by the applicable statute(s) of limitations.

**EIGHTH DEFENSE**

The proximate cause of SKAT's injuries, if any, is the conduct of SKAT or others and not any act or omission by Defendants.

**NINTH DEFENSE**

The claims alleged in the Amended Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

**TENTH DEFENSE**

The recovery by SKAT, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal or administrative proceeding.

**ELEVENTH DEFENSE**

SKAT's action is barred because of SKAT's failure to exhaust administrative and other legal remedies available to it.

**TWELFTH DEFENSE**

Defendants hereby adopt and incorporate by reference any and all other legally valid defenses to be asserted by any other defendant in this action to the extent they are applicable to Defendants.

**THIRTEENTH DEFENSE**

The claims alleged in the Amended Complaint are barred in whole or in part by res judicata.

**FOURTEENTH DEFENSE**

The Amended Complaint fails to plead fraud with the adequate degree of specificity and particularity.

**FIFTEENTH DEFENSE**

If SKAT suffered any loss, damage, or injury, such loss, damage, or injury was caused in whole or in part by, and arose out of, SKAT's culpable conduct, including but not limited to, contributory negligence and assumption of the risk.

**SIXTEENTH DEFENSE**

If SKAT suffered any loss, damage, or injury, such alleged loss, damage, or injury was caused in whole or in part by the negligence, assumption of risk, and/or fault of other culpable parties and/or third parties to this action, other than Defendants, for whose acts or omissions or breaches of legal duty Defendants are not liable.

17

**SEVENTEENTH DEFENSE**

The claims alleged in the Amended Complaint are barred in whole or in part by collateral estoppel.

**EIGHTEENTH DEFENSE**

Plaintiff's recovery, if any, should be reduced by application of New York's General Obligations Law § 15-108.

**NINETEENTH DEFENSE**

This Court lacks subject matter jurisdiction to hear this action.

**TWENTIETH DEFENSE**

Defendants complied with all applicable rules and regulations, including all applicable U.S. and Danish securities laws and all applicable SKAT policies and procedures, that were in effect when submitting reclaims for refunds of dividend-withholding tax.

**TWENTY-FIRST DEFENSE**

Defendants were entitled to any money received from SKAT.

**TWENTY-SECOND DEFENSE**

Plaintiff lacks standing to bring this action.

**TWENTY-THIRD DEFENSE**

Defendants hereby reserve and assert all affirmative and other defenses available under any applicable federal or state law. Defendants presently have insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, affirmative or other defenses available. Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert additional defenses, counterclaims, cross-claims, and third-party claims at any subsequent stage of this action in the event that discovery indicates that such additional defenses or claims would be appropriate.

***

WHEREFORE, having fully answered all of the allegations of the Amended Complaint to which any answer is required, Defendants pray for relief and judgment:

A. Dismissing the Amended Complaint with prejudice;

B. Denying Plaintiff the relief sought in the Amended Complaint;

C. Ordering that Plaintiff take nothing and that judgment be entered against Plaintiff;

D. Awarding Defendants costs and expenses incurred as a result of having to defend this action; and

E. Granting Defendants such other relief as the Court may deem just and proper.

Dated: June 29, 2020
New York, New York

By: /s/ Michael G. Bongiorno
MICHAEL G. BONGIORNO
ALAN E. SCHOENFELD
ALLISON STODDART
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Michael.Bongiorno@wilmerhale.com
Alan.Schoenfeld@wilmerhale.com
Allison.Stoddart@wilmerhale.com

MICHAEL POSADA
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
Michael.Posada@wilmerhale.com

*Counsel for Richard Markowitz and Hadron Industries LLC*