# Exhibit 12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SKATTEFORVALTNINGEN,

                        Plaintiff,

                  vs.

OMINECA PENSION PLAN, JOHN VAN
MERKENSTEIJN, and MICHAEL BEN-JACOB,

                       Defendants.

This document relates to:
Case No. 1:19-CV-01894-LAK

MASTER DOCKET

18-md-02865-LAK

**ANSWER TO AMENDED**
**COMPLAINT**

**JURY TRIAL DEMANDED**

---

       Defendants, Omineca Pension Plan ("Omineca") and John van Merkensteijn ("van

Merkensteijn") (collectively, "Defendants"), by and through their undersigned attorneys, hereby

answer and assert affirmative defenses and other defenses as follows to the Amended Complaint

(ECF No. 61, April 21, 2020) of Skatteforvaltningen ("SKAT"). Except as hereinafter expressly

admitted, qualified, or otherwise answered, Defendants deny each and every allegation and

assertion set forth in the Amended Complaint. The paragraphs that follow align with the

numbered paragraphs in the Amended Complaint.

       1.      Defendants deny knowledge or information sufficient to form a belief about the

truth or falsity of the allegations in Paragraph 1.

       2.      Defendants deny the allegations in Paragraph 2, except deny knowledge or

information sufficient to form a belief about the truth or falsity of the allegations concerning

other parties.

       3.      Defendants deny the allegations in Paragraph 3, except refer to the double

taxation treaties between Denmark and other countries for a complete and accurate account of

their contents and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

4.      Defendants deny submitting any fraudulent applications to SKAT and otherwise deny the allegations in Paragraph 4, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

5.      Defendants deny participating in any fraudulent scheme and otherwise deny the allegations in Paragraph 5, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

6.      Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 6.

7.      Defendants deny making any false claims and deny the allegations in the first sentence of Paragraph 7, but otherwise deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 7.

8.      Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 8.

9.      Defendants deny any knowledge of or participation in a fraud and deny the allegations in Paragraph 9, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

10.      Defendants deny the allegations in Paragraph 10.

11.      Defendants deny any knowledge of or participation in a fraud and deny the allegations in Paragraph 11, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

12.     Defendants deny any knowledge of or participation in a fraud and otherwise deny

knowledge or information sufficient to form a belief about the truth or falsity of the allegations in

Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Paragraph 14 states legal conclusions to which no response is required.  To the

extent a response is required, Defendants deny the allegations in Paragraph 14.

15.     Paragraph 15 states legal conclusions to which no response is required.  To the

extent a response is required, Defendants deny the allegations in Paragraph 15.

16.     Defendants deny knowledge or information sufficient to form a belief about the

truth or falsity of the allegations in Paragraph 16.

17.     Defendants deny any allegation that Basalt was not a bona fide pension plan

under United States law.  Defendants otherwise admit the allegations in Paragraph 17.

18.     Defendants admit the first sentence of Paragraph 18.  Defendants deny knowledge

of or participation in any fraud and deny submitting fraudulent refund claims to SKAT.  The

remainder of Paragraph 18 states legal conclusions to which no response is required.  To the

extent a response is required, Defendants deny the allegations in Paragraph 18.

19.     Defendants deny knowledge or information sufficient to form a belief about the

truth or falsity of the allegations in Paragraph 19.

20.     Defendants deny knowledge or information sufficient to form a belief about the

truth or falsity of the allegations in Paragraph 20.

21.     Paragraph 21 states legal conclusions to which no response is required.  To the

extent a response is required, Defendants refer to the Danish Withholding Tax Act for a complete

and accurate account of its contents.

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents.

23.     Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23, except refer to the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income for a complete and accurate account of its contents.

24.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 24.

25.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 25.

26.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 26.

27.     Defendants deny that they submitted any fraudulent claims and deny the allegations in Paragraph 27, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

28.     Defendants admit that Omineca received payments with respect to its refund claims from Acupay and Goal.  Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of all other allegations of Paragraph 28.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, except refer to the documents referenced in Paragraph 29 for a complete and accurate account of their contents.

30. Defendants deny making any false statements and deny the allegations in Paragraph 30, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

31. Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 31 except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

32. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 32.

33. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 33.

34. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 34.

35. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 35, except admit that Omineca made withholding tax refund claims through Acupay and Goal.

36. Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 36, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

37. Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 37, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

38.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 38, except admit that Omineca made withholding tax refund claims through Acupay and Goal.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny submitting any false claims or any knowledge of or participation in any fraud, and deny the allegations in Paragraph 41, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

42.     Defendants deny submitting any false claims or any knowledge of or participation in any fraud, and deny the allegations in Paragraph 42, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants deny submitting any false refund claims and deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny submitting any fraudulent refund claims and deny the allegations in Paragraph 48, except admit that van Merkensteijn served as a director of a financial services firm based at 40 West 57th Street, New York, NY, and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

49. Defendants deny the allegations in Paragraph 49, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

50. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51, except refer to the power of attorney form referenced in Paragraph 51 for a complete and accurate account of its contents and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

52. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 52, except refer to the power of attorney form referenced in Paragraph 52 for a complete and accurate account of its contents.

53. Defendants deny the allegations in Paragraph 53, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

54. Defendants deny submitting any fraudulent tax refund requsts and deny the allegations in Paragraph 54, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

55. Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 55, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

56. Defendants deny the allegations in Paragraph 56, except refer to the power of attorney form referenced in Paragraphs 50-51 for a complete and accurate accounts of its

7

contents and deny knowledge or information sufficient to form a belief about the truth or falsity

of the allegations concerning other parties.

57.     Defendants deny the allegations in Paragraph 57, except deny knowledge or

information sufficient to form a belief about the truth or falsity of the allegations concerning

other parties.

58.     Defendants deny knowledge or information sufficient to form a belief about the

truth or falsity of the allegations in Paragraph 58.

59.     Defendants deny participating in any fraud and deny the allegations in Paragraph

59, except deny knowledge or information sufficient to form a belief about the truth or falsity of

the allegations concerning other parties.

60.     Defendants deny knowledge or information sufficient to form a belief about the

truth or falsity of the allegations in Paragraph 60.

61.     Defendants deny knowledge or information sufficient to form a belief about the

truth or falsity of the allegations in Paragraph 61, except refer to the dividend credit advice

referenced in Paragraph 61 for a complete and accurate account of its contents.

62.     Defendants deny the allegations in Paragraph 62.

## COUNT I

63.     To the extent any response to the allegations in this paragraph is required,

Defendants restate their responses to paragraphs 1 through 62, above, as if fully set forth herein.

64.     Paragraph 64 states legal conclusions to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 64.

65.     Paragraph 65 states legal conclusions to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 65.

66.     Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67.     Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

## COUNT II

68.     To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 67, above, as if fully set forth herein.

69.     Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69.

70.     Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70.

71.     Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71.

72.     Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73.     Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74.     Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

## COUNT III

75.     To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 74, above, as if fully set forth herein.

76.     Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77.     Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78.     Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

79.     Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79.

80.     Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

## COUNT IV

81.     To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 80, above, as if fully set forth herein.

82.     Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83.     Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.     Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.     Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

## COUNT V

10

86.     To the extent any response to the allegations in this paragraph is required,

Defendants restate their responses to paragraphs 1 through 85, above, as if fully set forth herein.

87.     Paragraph 87 states legal conclusions to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 87.

88.     Paragraph 88 states legal conclusions to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 88.

## COUNT VI

89.     To the extent any response to the allegations in this paragraph is required,

Defendants restate their responses to paragraphs 1 through 88, above, as if fully set forth herein.

90.     Paragraph 90 states legal conclusions to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 90.

91.     Paragraph 91 states legal conclusions to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 91.

92.     Paragraph 92 states legal conclusions to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 92.

93.     Paragraph 93 states legal conclusions to which no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 93.

## REQUEST FOR RELIEF

Defendants state that no response is required to Plaintiff's request for relief in the

paragraph following Paragraph 93.  To the extent a response is required, Defendants deny that

Plaintiff is entitled to the relief sought in the Complaint, or any relief at all.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally

assigned to Defendants as to any element of any claim asserted in the Complaint, Defendants

assert the following affirmative and other defenses:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

SKAT's claims are barred by the doctrine of the Revenue Rule, which prohibits one

sovereign from using courts of another sovereign to enforce its revenue laws.

### THIRD DEFENSE

Defendants acted at all times reasonably and with due care; reasonably relied upon the

actions and statements of others; and did not directly or indirectly cause, induce, aid, or abet any

acts constituting the claims asserted by SKAT.

### FOURTH DEFENSE

Defendants did not engage in any unlawful conduct, and Defendants are not liable for any

unlawful acts that may have been committed by others.

### FIFTH DEFENSE

SKAT has failed to mitigate, minimize, or avoid any alleged damages.

### SIXTH DEFENSE

SKAT is barred from relief by the doctrines of unclean hands, estoppel, laches, release,

unjust enrichment, and/or waiver due to SKAT's own acts and/or omissions with reference to the

subject matter of the Complaint.

### SEVENTH DEFENSE

The alleged damages sought by SKAT are barred, in whole or in part, by the applicable

statute(s) of limitations.

12

**EIGHTH DEFENSE**

The proximate cause of SKAT's injuries, if any, is the conduct of SKAT or others and not

any act or omission by Defendants.

**NINTH DEFENSE**

The claims alleged in the Complaint are barred in whole or in part for failure to join

indispensable or necessary parties.

**TENTH DEFENSE**

The recovery by SKAT, if any, should be barred because the subject matter of this lawsuit

is the subject of another pending legal proceeding.

**ELEVENTH DEFENSE**

SKAT's action is barred because of SKAT's failure to exhaust administrative and other

legal remedies available to it.

**TWELFTH DEFENSE**

Defendants hereby adopt and incorporate by reference any and all other legally valid

defenses to be asserted by any other defendant in this action to the extent they are applicable to

Defendants.

**THIRTEENTH DEFENSE**

The claims alleged in the Complaint are barred in whole or in part by res judicata.

**FOURTEENTH DEFENSE**

The Complaint fails to plead fraud with the adequate degree of specificity and particularity.

**FIFTEENTH DEFENSE**

If SKAT suffered any loss, damage, or injury, such loss, damage, or injury was caused in

whole or in part by, and arose out of, SKAT's culpable conduct, including but not limited to,

contributory negligence and assumption of the risk.

13

## SIXTEENTH DEFENSE

If SKAT suffered any loss, damage, or injury, such alleged loss, damage, or injury was

caused in whole or in part by the negligence, assumption of risk, and/or fault of other culpable

parties and/or third parties to this action, other than Defendants, for whose acts or omissions or

breaches of legal duty Defendants are not liable.

## SEVENTEENTH DEFENSE

The claims alleged in the complaint are barred in whole or in part by collateral estoppel.

## EIGHTEENTH DEFENSE

SKAT's recovery, if any, should be reduced by application of New York's General

Obligations Law § 15-108.

## NINETEENTH DEFENSE

This Court lacks subject matter jurisdiction to hear this action.

## TWENTIETH DEFENSE

Defendants were entitled to any money received from SKAT.

## TWENTY-FIRST DEFENSE

Plaintiff lacks standing to bring this action.

## TWENTY-SECOND DEFENSE

Defendant complied with all applicable rules and regulations, including all applicable U.S.

and Danish securities laws and all applicable SKAT policies and procedures, that were in effect

when submitting reclaims for refunds of dividend-withholding tax.

## TWENTY-THIRD DEFENSE

Defendants hereby reserve and assert all affirmative and other defenses available under

any applicable federal or state law.  Defendants presently have insufficient knowledge or

information upon which to form a basis as to whether they may have additional, as yet unstated,

affirmative or other defenses available. Defendants have not knowingly or intentionally waived

14

any applicable affirmative defenses and reserve the right to assert additional defenses,

counterclaims, cross-claims, and third-party claims at any subsequent stage of this action in the

event that discovery indicates that such additional defenses or claims would be appropriate.

WHEREFORE, having fully answered all of the allegations of the Complaint to which any

answer is required, and for the reasons set forth above, Omineca and van Merkensteijn pray for

relief and judgment:

A.      Dismissing the Complaint with prejudice;

B.      Denying Plaintiff the relief sought in the Complaint;

C.      Ordering that Plaintiff take nothing and that judgment be entered against Plaintiff;

D.      Awarding Omineca and van Merkensteijn costs and expenses incurred as a result of
        having to defend this action; and

E.      Granting Omineca and van Merkensteijn such other relief as the Court may deem just and
        proper.

Dated: New York, New York

      June 29, 2020

                  Respectfully submitted,

                  KOSTELANETZ & FINK, LLP

           By:  /s/ Sharon L. McCarthy
                  SHARON L. MCCARTHY
                  CAROLINE CIRAOLO
                  NICHOLAS S. BAHNSEN
                  7 World Trade Center, 34th Floor
                  New York, New York 10007
                  Tel:    (212) 808-8100
                  Fax:   (212) 808-8108
                  cciraolo@kflaw.com
                  smccarthy@kflaw.com
                  nbahnsen@kflaw.com

                  *Attorneys for Defendants Omineca*
                  *Pension Plan and John van*
                  *Merkensteijn*

15