# Exhibit 20

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SKATTEFORVALTNINGEN,

                Plaintiff,

vs.

TUMBA SYSTEMS LLC ROTH 401(K) PLAN, et al.,

                Defendants.

MASTER DOCKET

18-md-02865-LAK

**ANSWER TO AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

This document relates to:
Case No. 1:19-CV-01931-LAK

      Defendants, John van Merkensteijn ("van Merkensteijn") and Omineca Trust (collectively, "Defendants"), by and through their undersigned attorneys, hereby answer and assert affirmative defenses and other defenses as follows to the Amended Complaint (ECF No. 63, April 21, 2020) of Skatteforvaltningen ("SKAT"). Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendants deny each and every allegation and assertion set forth in the Amended Complaint. The paragraphs that follow align with the numbered paragraphs in the Amended Complaint.

      1.      Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 1.

      2.      Defendants deny the allegations in Paragraph 2, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

3. Defendants deny the allegations in Paragraph 3, except refer to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

4. Defendants deny submitting any fraudulent applications to SKAT and otherwise deny the allegations in Paragraph 4, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

5. Defendants deny participating in any fraudulent scheme and otherwise deny the allegations in Paragraph 5, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

6. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 6.

7. Defendants deny making any false claims and deny the allegations in the first sentence of Paragraph 7, but otherwise deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 7.

8. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 8.

9. Defendants deny any knowledge of or participation in a fraud and deny the allegations in Paragraph 9, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny any knowledge of or participation in a fraud and deny the allegations in Paragraph 11, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

12. Defendants deny any knowledge of or participation in a fraud and otherwise deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 16.

17. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 17.

18. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 18.

19. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 19.

20. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 20.

21. Defendants admit the first sentence of Paragraph 21. Defendants deny knowledge of or participation in any fraud and deny submitting fraudulent refund claims to SKAT. The

remainder of Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 21.

22. Defendants admit the first sentence of Paragraph 22. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of all other allegations in Paragraph 22.

23. Defendants admit the first sentence of Paragraph 23. The remainder of Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

24. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 24.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the Danish Withholding Tax Act for a complete and accurate account of its contents.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27, except refer to the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, as amended, for a complete and accurate account of its contents.

28. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 28.

29. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 29.

30. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 30.

31. Defendants deny that they submitted any fraudulent claims and deny the allegations in Paragraph 31, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

32. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 32.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, except refer to the documents referenced in Paragraph 33 for a complete and accurate account of their contents.

34. Defendants deny making any false representations and deny the allegations in Paragraph 34, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

35. Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 35, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

36. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 36.

37. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 37.

38. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 38.

39. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 39.

40. Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 40, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

41. Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 41, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

42. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 42.

43. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 43.

44. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 44.

45. Defendants deny submitting any false claims or any knowledge of or participation in any fraud, and deny the allegations in Paragraph 45, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

46. Defendants deny submitting any false claims or any knowledge of or participation in any fraud, and deny the allegations in Paragraph 46, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

47. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 47.

48. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 48.

49. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 49.

50. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 50.

51. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 51.

52. Defendants deny submitting any fraudulent refund claims and deny the allegations in Paragraph 52, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

53. Defendants deny any knowledge of or participation in any fraud and deny the allegations in Paragraph 53, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

54. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 54.

55. Defendants deny any knowledge of, participation in, or conspiracy to participate in any fraud and deny the allegations in Paragraph 55, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

56. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 56, except refer to the trust formation documents referenced in Paragraph 56 for a complete and accurate account of its contents.

57. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 57.

58. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 58, except refer to the trust formation documents referenced in Paragraph 58 for a complete and accurate account of its contents.

59. Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 59, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

60. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 60.

61. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62, except admit that van Merkensteijn was a director of a financial services firm based at 40 West 57th Street, New York, NY 10019, and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

63. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 63.

64. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 64.

65. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 65.

66. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 66.

67. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 67.

68. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 68.

69. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 69.

70. Defendants deny participating in any fraud and deny the allegations in Paragraph 70, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

71. Defendants deny submitting any fraudulent refund claims and deny the allegations in Paragraph 71, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

72. Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 72, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

73. Defendants deny the allegations in Paragraph 73, except refer to the power of attorney forms referenced in Paragraphs 63-64 for a complete and accurate account of their contents and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

74. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 74.

75. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 75.

76. Defendants deny participating in any fraud and deny the allegations in Paragraph 76, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

77. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 77.

78. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 78.

79. Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 79.

## COUNT I

80. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 79, above, as if fully set forth herein.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

## COUNT II

85. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 84, above, as if fully set forth herein.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89. Paragraph 89 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90. Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91. Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

## COUNT III

92. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 91, above, as if fully set forth herein.

93. Paragraph 93 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 93.

94. Paragraph 94 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95. Paragraph 95 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 95.

96. Paragraph 96 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 96.

97. Paragraph 97 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 97.

**COUNT IV**

98. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 97, above, as if fully set forth herein.

99. Paragraph 99 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 99.

100. Paragraph 100 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 100.

101. Paragraph 101 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102. Paragraph 102 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 102.

**COUNT V**

103. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 102, above, as if fully set forth herein.

104. Paragraph 104 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 104.

105. Paragraph 105 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

### COUNT VI

106. To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 105, above, as if fully set forth herein.

107. Paragraph 107 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 107.

108. Paragraph 108 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109. Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 109.

110. Paragraph 110 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 110.

### REQUEST FOR RELIEF

Defendants state that no response is required to Plaintiff's request for relief in the paragraph following Paragraph 110. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the Amended Complaint, or any relief at all.

### JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

### AFFIRMATIVE AND OTHER DEFENSES

13

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to Defendants as to any element of any claim asserted in the Amended Complaint, Defendants assert the following affirmative and other defenses:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

SKAT's claims are barred by the doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

### THIRD DEFENSE

Defendants acted at all times reasonably and with due care; reasonably relied upon the actions and statements of others; and did not directly or indirectly cause, induce, aid, or abet any acts constituting the claims asserted by SKAT.

### FOURTH DEFENSE

Defendants did not engage in any unlawful conduct, and Defendants are not liable for any unlawful acts that may have been committed by others.

### FIFTH DEFENSE

SKAT has failed to mitigate, minimize, or avoid any alleged damages.

### SIXTH DEFENSE

SKAT is barred from relief by the doctrines of unclean hands, estoppel, laches, release, unjust enrichment, and/or waiver due to SKAT's own acts and/or omissions with reference to the subject matter of the Complaint.

### SEVENTH DEFENSE

The alleged damages sought by SKAT are barred, in whole or in part, by the applicable statute(s) of limitations.

### EIGHTH DEFENSE

The proximate cause of SKAT's injuries, if any, is the conduct of SKAT or others and not any act or omission by Defendants.

### NINTH DEFENSE

The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

### TENTH DEFENSE

The recovery by SKAT, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

### ELEVENTH DEFENSE

SKAT's action is barred because of SKAT's failure to exhaust administrative and other legal remedies available to it.

### TWELFTH DEFENSE

Defendants hereby adopt and incorporate by reference any and all other legally valid defenses to be asserted by any other defendant in this action to the extent they are applicable to Defendants.

### THIRTEENTH DEFENSE

The claims alleged in the Complaint are barred in whole or in part by res judicata.

### FOURTEENTH DEFENSE

The Complaint fails to plead fraud with the adequate degree of specificity and particularity.

### FIFTEENTH DEFENSE

If SKAT suffered any loss, damage, or injury, such loss, damage, or injury was caused in whole or in part by, and arose out of, SKAT's culpable conduct, including but not limited to, contributory negligence and assumption of the risk.

**SIXTEENTH DEFENSE**

If SKAT suffered any loss, damage, or injury, such alleged loss, damage, or injury was caused in whole or in part by the negligence, assumption of risk, and/or fault of other culpable parties and/or third parties to this action, other than Defendants, for whose acts or omissions or breaches of legal duty Defendants are not liable.

**SEVENTEENTH DEFENSE**

The claims alleged in the complaint are barred in whole or in part by collateral estoppel.

**EIGHTEENTH DEFENSE**

SKAT's recovery, if any, should be reduced by application of New York's General Obligations Law § 15-108.

**NINETEENTH DEFENSE**

This Court lacks subject matter jurisdiction to hear this action.

**TWENTIETH DEFENSE**

Defendants were entitled to any money received from SKAT.

**TWENTY-FIRST DEFENSE**

Plaintiff lacks standing to bring this action.

**TWENTY-SECOND DEFENSE**

Defendant complied with all applicable rules and regulations, including all applicable U.S. and Danish securities laws and all applicable SKAT policies and procedures, that were in effect when submitting reclaims for refunds of dividend-withholding tax.

**TWENTY-THIRD DEFENSE**

Defendants hereby reserve and assert all affirmative and other defenses available under any applicable federal or state law. Defendants presently have insufficient knowledge or information upon which to form a basis as to whether they may have additional, as yet unstated, affirmative or other defenses available. Defendants have not knowingly or intentionally waived

16

any applicable affirmative defenses and reserve the right to assert additional defenses, counterclaims, cross-claims, and third-party claims at any subsequent stage of this action in the event that discovery indicates that such additional defenses or claims would be appropriate.

WHEREFORE, having fully answered all of the allegations of the Complaint to which any answer is required, and for the reasons set forth above, Defendants pray for relief and judgment:

A. Dismissing the Complaint with prejudice;

B. Denying Plaintiff the relief sought in the Complaint;

C. Ordering that Plaintiff take nothing and that judgment be entered against Plaintiff;

D. Awarding Defendants costs and expenses incurred as a result of having to defend this action; and

E. Granting Defendants such other relief as the Court may deem just and proper.

Dated: New York, New York

       June 29, 2020

                                    Respectfully submitted,

                                    KOSTELANETZ & FINK, LLP

                                  By: /s/ Sharon L. McCarthy
                                        SHARON L. MCCARTHY
                                        CAROLINE CIRAOLO
                                        NICHOLAS S. BAHNSEN
                                        7 World Trade Center, 34th Floor
                                        New York, New York 10007
                                        Tel: (212) 808-8100
                                        Fax: (212) 808-8108
                                        cciraolo@kflaw.com
                                        smccarthy@kflaw.com
                                        nbahnsen@kflaw.com

                                        *Attorneys for Defendants John van Merkensteijn and Omineca Trust*