# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:   18-cv-09797 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**DW CONSTRUCTION, INC. RETIREMENT PLAN AND STACEY KAMINER'S ANSWER TO SKATTEFORVALTNINGEN'S AMENDED COMPLAINT**

Defendants DW Construction, Inc. Retirement Plan ("DW Construction Plan") and Stacey Kaminer ("Kaminer") (together, "Defendants") deny any wrongdoing in relation to the DW Construction Plan's requests for refunds of dividend-withholding tax and hereby answer the amended complaint of Plaintiff Skatteforvaltningen ("SKAT").

This answer is based on Defendants' investigations to date. Defendants reserve the right to supplement or amend this answer during this litigation as new information is learned. Defendants deny any allegation not specifically admitted in this answer. To the extent that the headings of Plaintiff's amended complaint require a response, they are hereby denied. By filing this answer in the United States District Court for the Southern District of New York, Defendants do not waive their right to have SKAT's claims transferred to the United States District Court for the District of Utah for purposes of trial. Defendants demand a jury trial on all issues so triable.

Defendants hereby answer SKAT's amended complaint as follows:

**INTRODUCTION**

1. Defendants admit the allegations in paragraph 1.

2. Defendants deny the allegations in paragraph 2.

3.  Defendants deny any allegations in the first sentence of paragraph 3 with respect to themselves and lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 3 and therefore deny them. The remainder of paragraph 3 states legal conclusions to which no response is required, but to the extent any further response is required, Defendants deny the allegations in paragraph 3.

4.  Defendants lack knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 4 and therefore deny them, except Defendants admit that reclaim applications were submitted to SKAT, on behalf of the DW Construction Plan, claiming repayments of tax withheld on shares of Danish companies. Defendants deny the remaining allegations in paragraph 4.

5.  Defendants deny the allegations in paragraph 5 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore deny them.

6.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and therefore deny them. Defendants deny the remaining allegations in paragraph 6 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations with respect to others.

7.  Defendants deny the allegations in paragraph 7 with respect to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore deny them.

8.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny them, except Defendants admit that SKAT

stopped paying claims for refunds of dividend-withholding tax for the DW Construction Plan in August 2015.

9. Defendants deny the allegations in paragraph 9 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9 and therefore deny them.

10. Defendants deny the allegations in paragraph 10 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 10 and therefore deny them.

11. Defendants deny the allegations in paragraph 11 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11 and therefore deny them.

12. Defendants deny the allegations in paragraph 12 with respect to themselves and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 12 and therefore deny them.

13. Defendants deny the allegations in paragraph 13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 2 and therefore deny them.

**JURISDICTION & VENUE**

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response to footnote 3 is required, Defendants admit that this action was first filed in the United States District Court for the District of Utah before being transferred to this Court for pretrial purposes only. The remainder of footnote 3 contains legal conclusions to which no response is required.

15. Paragraph 15 states a legal conclusion to which no response is required.

## PARTIES

16. Defendants admit the allegations in the first sentence of paragraph 16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore deny them.

17. Defendants admit the allegations of paragraph 17 except to the extent the allegations suggest the DW Construction Plan is not a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and a resident of the United States of America for U.S. tax purposes. Defendants further state that the DW Construction Plan is a pension plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and that it is a resident of the United States of America for U.S. tax purposes. Defendants further admit that the DW Construction Plan listed its address as 5532 Lillehammer Lane, Suite 103, Park City, Utah 84098, USA for tax refund requests. Defendants further admit that each member of the DW Construction Plan is a citizen of the United States.

18. Defendants admit the allegations in the first and second sentences of paragraph 18. Defendants admit that DW Construction, Inc. used an address of 5532 Lillehammer Lane, Suite 103, Park City, Utah 84098 and that that address is the same as the address used by DW Construction. Defendants deny the remainder of the allegations in paragraph 18.

19. Defendants admit the allegations in paragraph 19, stating further that Kaminer resides in the State of Utah and is a citizen of the United States.

20. Defendants admit the allegations in paragraph 20.

## AS TO SKAT'S FACTUAL ALLEGATIONS

21.   Paragraph 21 states a legal conclusion to which no response is required.

22.   Paragraph 22 states a legal conclusion to which no response is required.

23.   Paragraph 23 states a legal conclusion to which no response is required.

24.   The first and second sentences of paragraph 24 state legal conclusions to which no response is required. Defendants deny the allegations in the third sentence of paragraph 24 with respect to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore deny them. To the extent a response to footnote 4 is required, Defendants admit the assertion in footnote 4.

25.   Defendants admit the allegations of paragraph 25 as to the DW Construction Plan except to the extent the SKAT alleges that the DW Construction Plan's representations were not truthful. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore deny them.

26.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore deny them.

27.   Defendants lack knowledge or information sufficient to form a belief regarding SKAT's purported investigation or what SKAT "determined," but Defendants deny that those things SKAT purportedly "determined" with respect to Defendants are true. Defendants deny the remainder of the allegations in paragraph 27 with respect to themselves and lack knowledge or information sufficient to form a belief to the remaining allegations in paragraph 27 and therefore deny them.

28. Defendants deny the allegations in paragraph 28 with respect to themselves and lack knowledge or information sufficient to form a belief to the remaining allegations in paragraph 28 and therefore deny them.

29. Defendants admit that the DW Construction Plan received payments with respect to its tax refund claims from Goal Taxback Limited. Defendants lack knowledge or information sufficient to form a belief to the remaining allegations in paragraph 29 and therefore deny them.

30. Defendants admit that documents as described in subsections (a)–(e) of paragraph 30 were submitted to SKAT on the DW Construction Plan's behalf. Defendants deny the remaining allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore deny them.

32. Defendants deny the allegations in paragraph 32 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore deny them.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore deny them.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore deny them.

35. Defendants lack knowledge or information sufficient to form a belief regarding what SKAT "determined," but Defendants deny that those things SKAT purportedly "determined" with respect to Defendants are true. Defendants admit they are in the United States. Defendants deny the remainder of the allegations in paragraph 35 with respect to themselves and lack

knowledge or information sufficient to form a belief to the remaining allegations in paragraph 35 and therefore deny them.

36.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36. Defendants further state that the DW Construction Plan submitted withholding-tax refund claims to SKAT through Goal Taxback Limited and that, on information and belief, those applications included the documentation described in paragraph 30 of SKAT's amended complaint.

37.   Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the DW Construction Plan. Defendants admit that the DW Construction Plan represented that Kaminer had the authority to act on the DW Construction Plan's behalf with respect to its withholding-tax refund claims. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore deny them.

38.   Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the DW Construction Plan. Defendants admit that the DW Construction Plan represented that Goal Taxback Limited was its agent and had authority to act on its behalf with respect to the DW Construction Plan's withholding-tax refund claims. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore deny them.

39.   Defendants admit that withholding-tax refund claims were submitted to SKAT on the DW Construction Plan's behalf in which the DW Construction Plan described its shareholdings in and receipt of dividends from Danish companies. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore deny them.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. The first sentence of paragraph 42 states legal conclusions to which no response is required, but to the extent a response is required, they are denied. The remainder of paragraph 42 is denied.

43. Defendants deny the allegations in paragraph 43.

44. The second sentence of paragraph 44 is denied. The third sentence of paragraph 44 contains legal conclusions and do not require a response. Defendants deny the remainder of the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the DW Construction Plan. Defendants deny SKAT made payments to the DW Construction Plan but rather admits, on information and belief, that Goal Taxback received payments from Denmark and/or SKAT. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore deny them.

47. Defendants deny the allegations in paragraph 47, except Defendants admit that Darren Wittwer was the DW Construction Plan's sole participant.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore deny them. Defendants admit Stacey Kaminer executed a power of attorney authorizing Goal Taxback Limited to act on behalf of the DW Construction Plan with respect to the DW Construction Plan's withholding-tax refund claims.

49. Defendants admit that a power of attorney, which speaks for itself, was to accompany withholding-tax refund claims that were submitted to SKAT on the DW Construction Plan's behalf. Defendants deny the remaining allegations in paragraph 49.

50. Paragraph 50 contains legal conclusions and do not require a response.

51. Defendants deny the allegations in paragraph 51.

52. The power of attorney documents referenced in paragraph 52 speak for themselves. Defendants deny that the DW Construction Plan submitted fraudulent withholding-tax refund claims or pretended to own shares in Danish companies. Kaminer denies that other pension plans fraudulently requested tax refunds from SKAT. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore deny them.

53. Defendants deny the allegations in paragraph 53 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them.

54. Defendants deny the allegations in paragraph 54 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them. Defendants admit Goal Taxback was authorized to submit withholding tax refund applications for the DW Construction Plan.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 55 and therefore deny them. Defendants deny the remainder of the allegations in paragraph 55.

56. Any "claim form," as described in paragraph 56, speaks for itself. Defendants admit that certain claim forms were submitted to SKAT on the DW Construction Plan's behalf. Defendants deny the remainder of the allegations of paragraph 56.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 57 and therefore deny them. Defendants deny the remaining allegations in paragraph 57 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them.

58. Defendants admit that "tax vouchers," which speak for themselves, were submitted to SKAT on the DW Construction Plan's behalf. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore deny them.

59. Defendants admit that "tax vouchers," which speak for themselves, were submitted to SKAT on the DW Construction Plan's behalf. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants admit that the DW Construction Plan authorized Acer Investment Group LLC to act as its representative and agent with ED&F Man Capital Markets Ltd. Defendants deny the remainder of the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

## AS TO PLAINTIFF'S CAUSES OF ACTION

### COUNT I
### (Fraud – Against Defendants DW Construction, Wittwer & Kaminer)

63. Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

### COUNT II
### (Aiding and Abetting Fraud – Against All Defendants)

68. Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

### COUNT III
### (Unjust Enrichment – Against All Defendants)

75. Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

76. Paragraph 76 states a legal conclusion to which no response is required. To the extent any further response is required, Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

## COUNT IV
### (Money Had & Received – Against All Defendants)

80. Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

## COUNT V
### (Negligent Misrepresentation – Against Defendants DW Construction, Wittwer & Kaminer)

83. Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

84. Paragraph 84 states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in paragraph 84.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in paragraph 85.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in paragraph 86.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in paragraph 87.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in paragraph 88.

## AS TO PLAINTIFF'S REQUEST FOR RELIEF

The remainder of the amended complaint sets forth SKAT's prayers for relief, to which no response is required. To the extent that a response is required, Defendants deny that SKAT is entitled to the relief it seeks and prays that the Court dismiss SKAT's claims and order such other relief as the Court deems just and necessary.

* * *

## AFFIRMATIVE DEFENSES

Defendants incorporate by reference the denials and admissions set forth above and assert the following affirmative defenses. Defendants do not intend to assume the burden of proof with respect to those matters as to which Plaintiff bears the burden. This statement of defenses is based on Defendants' investigation to date, and Defendants reserve the right to supplement, amend, or withdraw their defenses during the course of litigation as new information is learned.

### First Affirmative Defense

The amended complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

SKAT's claims are barred, in whole or in part, (i) by the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, (ii) the Revenue Rule, and/or (iii) the Penal Law Rule.

### Third Affirmative Defense

SKAT's claims are barred, in whole or in part, because at all relevant times Defendants acted in good faith and without intent to defraud and did not make any material misstatements or omissions and because Defendants did not commit any act that constituted substantial assistance to any fraud.

### Fourth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the DW Construction Plan was entitled to the withholding tax refunds at issue.

### Fifth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Sixth Affirmative Defense

SKAT's claims are barred, in whole or in part, because Defendants never authorized the pursuit or filing of any fraudulent refund claims.

### Seventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because Defendants did not receive the amounts Plaintiff alleges it paid out in withholding tax refunds.

### Eighth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, and/or estoppel.

### Ninth Affirmative Defense

SKAT's claims are barred, in whole or in part, due to the failure to join necessary or indispensable parties.

### Tenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Court does not have jurisdiction over SKAT's claims as SKAT lacks standing under Article III of the U.S. Constitution.

### Eleventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because SKAT does not have authority to pursue its claims.

### Twelfth Affirmative Defense

SKAT's claims are barred, in whole or in part, because SKAT failed to exhaust administrative remedies and other legal remedies available to it and because the issues presented in this action are the subject of a collateral proceeding in Denmark.

### Thirteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of Plaintiff's own culpable conduct, including but not limited to contributory negligence and assumption of the risk, and/or the negligent, wrongful, or unauthorized acts of Plaintiff or others, for which Defendants are not liable.

### Fourteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of ED&F's conduct, and ED&F should be liable to SKAT.

### Fifteenth Affirmative Defense

SKAT's claims are barred or limited because any harm to SKAT was caused by the actions of third parties over whom Defendants had no control, and Defendants intend to apportion fault to such third parties.

### Sixteenth Affirmative Defense

SKAT's claims are barred because of collateral estoppel and or res judicata.

### Seventeenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because they raise non-justiciable political questions.

### JURY DEMAND

The DW Construction Plan and Kaminer demand a jury trial on all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, the DW Construction Plan and Kaminer respectfully request that this Court enter judgment in their favor and against SKAT as follows:

1. Enter judgment in favor of the DW Construction Plan and Kaminer and against SKAT on each count of the amended complaint and dismiss all of SKAT's claims against the DW Construction Plan and Kaminer, with prejudice;

2. Award the DW Construction Plan and Kaminer their attorneys' fees and costs; and

3. Grant such other preliminary, permanent, compensatory, or punitive relief against SKAT in favor of the DW Construction Plan and/or Kaminer as the Court deems just and proper.

July 2, 2020                                Respectfully submitted,

                                            K&L GATES LLP,

                                            */s/ John C. Blessington*
                                            John C. Blessington (*pro hac vice*)
                                             john.blessington@klgates.com
                                            Brandon R. Dillman (*pro hac vice*)
                                             brandon.dillman@klgates.com
                                            Michael R. Creta (*pro hac vice*)
                                             michael.creta@klgates.com
                                            John L. Gavin (*pro hac vice*)
                                             john.gavin@klgates.com
                                            K&L GATES LLP
                                            State Street Financial Center
                                            One Lincoln Street
                                            Boston, MA 02111
                                            T: 617.261.3100
                                            F: 617.261.3175

                                            *Attorneys for Defendants DW Construction, Inc.*
                                            *Retirement Plan and Stacey Kaminer*