EXHIBIT 4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:        18-cv-09839 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

## LINDEN ASSOCIATES DEFINED BENEFIT PLAN AND JOAN SCHULMAN'S ANSWER TO SKATTEFORVALTNINGEN'S AMENDED COMPLAINT

Defendants Linden Associates Defined Benefit Plan ("Linden Plan") and Joan Schulman ("Schulman") (together, "Defendants") deny any wrongdoing in relation to the Linden Plan's requests for refunds of dividend-withholding tax and hereby answer the amended complaint of Plaintiff Skatteforvaltningen ("SKAT").

This answer is based on Defendants' investigations to date.  Defendants reserve the right to supplement or amend this answer during this litigation as new information is learned. Defendants deny any allegation not specifically admitted in this answer.  To the extent that the headings of SKAT's amended complaint require a response, they are hereby denied.  By filing this answer in the United States District Court for the Southern District of New York, Defendants do not waive their right to have SKAT's claims transferred to the United States District Court for the District of Utah for purposes of trial.  Defendants demand a jury trial on all issues so triable.

Defendants hereby answer SKAT's amended complaint as follows:

### INTRODUCTION

1.      Defendants admit the allegations in paragraph 1.

2.      Defendants deny the allegations in paragraph 2.

3.      Defendants deny any allegations in the first sentence of paragraph 3 with respect to themselves and lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 3 and therefore deny them.  The remainder of paragraph 3 states legal conclusions to which no response is required, but to the extent any further response is required, Defendants deny the allegations in paragraph 3.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 4 and therefore deny them, except Defendants admit that reclaim applications were submitted to SKAT, on behalf of the Linden Plan, claiming repayments of tax withheld on shares of Danish companies.  Defendants deny the remaining allegations in paragraph 4.

5.      Defendants deny the allegations in paragraph 5 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore deny them.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and therefore deny them.  Defendants deny the remaining allegations in paragraph 6 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations with respect to others.

7.      Defendants deny the allegations in paragraph 7 with respect to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore deny them.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny them, except Defendants admit that SKAT stopped paying claims for refunds of dividend-withholding tax for the Linden Plan in August 2015.

9.      Defendants deny the allegations in paragraph 9 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore deny them.

10.      Defendants deny the allegations in paragraph 10 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore deny them.

11.      Defendants deny the allegations in paragraph 11 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore deny them.

12.      Defendants deny the allegations in paragraph 12 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore deny them.

13.      Defendants deny the allegations in paragraph 13.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 2 and therefore deny them.

## JURISDICTION & VENUE

14.      Paragraph 14 states a legal conclusion to which no response is required.  To the extent a response to footnote 3 is required, Defendants admit that this action was first filed in the United States District Court for the District of Utah before being transferred to this Court for

pretrial purposes only.  The remainder of footnote 3 contains legal conclusions to which no response is required.

15.    Paragraph 15 states a legal conclusion to which no response is required.

## PARTIES

16.    Defendants admit the allegations in the first sentence of paragraph 16.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore deny them.

17.    Defendants admit the allegations of paragraph 17 except to the extent the allegations suggest the Linden Plan is not a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and a resident of the United States of America for U.S. tax purposes.  Defendants further state that the Linden Plan is a pension plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and that it is a resident of the United States of America for U.S. tax purposes.  Defendants further admit that the Linden Plan listed its address as 5532 Lillehammer Lane, Suite 103, Park City, Utah 84098, USA for tax refund requests.  Defendants further admit that each member of the Linden Plan is a citizen of the United States.

18.    Defendants admit the allegations in paragraph 18.

19.    Defendants deny that the refund claims submitted on behalf of the Linden Plan were fraudulent.  Defendants admit the remaining allegations in paragraph 19.

## AS TO SKAT'S FACTUAL ALLEGATIONS

20.    Paragraph 20 states a legal conclusion to which no response is required.

-4-

21.    Paragraph 21 states a legal conclusion to which no response is required.

22.    Paragraph 22 states a legal conclusion to which no response is required.

23.    The first and second sentences of paragraph 23 state legal conclusions to which no response is required.  Defendants deny the allegations in the third sentence of paragraph 23 with respect to themselves.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore deny them.  To the extent a response to footnote 4 is required, Defendants admit the assertion in footnote 4.

24.    Defendants admit the allegations in paragraph 24 as to the Linden Plan except to the extent SKAT alleges that the Linden Plan's representations were not truthful.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore deny them.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny them.

26.    Defendants lack knowledge or information sufficient to form a belief regarding SKAT's purported investigation or what SKAT "determined," but Defendants deny that those things SKAT purportedly "determined" with respect to Defendants are true.  Defendants deny the remainder of the allegations in paragraph 26 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore deny them.

27.    Defendants deny the allegations in paragraph 27 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore deny them.

28.     Defendants admit that the Linden Plan received payments with respect to its tax refund claims from Goal Taxback Limited.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore deny them.

29.     Defendants admit that documents as described in subsections (a)–(e) of paragraph 29 were submitted to SKAT on the Linden Plan's behalf.  Defendants deny the remaining allegations in paragraph 29.

30.     Defendants deny the allegations in paragraph 30 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore deny them.

31.     Defendants deny the allegations in paragraph 31 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore deny them.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore deny them.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore deny them.

34.     Defendants lack knowledge or information sufficient to form a belief regarding what SKAT "determined," but Defendants deny that those things SKAT purportedly "determined" with respect to Defendants are true.  Defendants admit they are in the United States.  Defendants deny the remainder of the allegations in paragraph 34 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore deny them.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.  Defendants further state that the Linden Plan submitted withholding-tax refund claims to SKAT through Goal Taxback Limited and that, on information and belief, those applications included the documentation described in paragraph 29 of SKAT's amended complaint.

36.    Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the Linden Plan.  Defendants admit that the Linden Plan represented that Schulman had the authority to act on the Linden Plan's behalf with respect to its withholding-tax refund claims. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore deny them.

37.    Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the Linden Plan.  Defendants admit that the Linden Plan represented that Goal Taxback Limited was its agent and had authority to act on its behalf with respect to the Linden Plan's withholding-tax refund claims.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore deny them.

38.    Defendants admit that withholding-tax refund claims were submitted to SKAT on the Linden Plan's behalf in which the Linden Plan described its shareholdings in and receipt of dividends from Danish companies.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore deny them.

39.    Defendants deny the allegations in paragraph 39.

40.    Defendants deny the allegations in paragraph 40.

41.     The first sentence of paragraph 41 states legal conclusions to which no response is required, but to the extent a response is required, they are denied.  The remainder of paragraph 41 is denied.

42.     Defendants deny the allegations in paragraph 42.

43.      The third sentence of paragraph 43 contains legal conclusions to which no response is required.  Defendants deny the remainder of the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny that fraudulent withholding-tax refund claims were submitted on behalf of the Linden Plan.  Defendants deny SKAT made payments to the Linden Plan but rather admits, on information and belief, that Goal Taxback received payments from Denmark and/or SKAT.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore deny them.

46.     Defendants deny the allegations in paragraph 46, except Defendants admit that Schulman was the Linden Plan's sole participant.

47.     Defendants admit that tax refund claims, which speak for themselves, were submitted to SKAT.  Defendants admit that the 5532 Lillehammer Lane address was Acer's address.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny them.  Defendants admit Schulman executed a power of attorney authorizing Goal Taxback Limited to act on behalf of the Linden Plan with respect to the Linden Plan's withholding-tax refund claims.

49.    Defendants admit that a power of attorney, which speaks for itself, was to accompany withholding-tax refund claims that were submitted to SKAT on the Linden Plan's behalf. Defendants deny the remaining allegations in paragraph 49.

50.    Paragraph 50 contains legal conclusions to which no response is required.

51.    Defendants deny the allegations in paragraph 51.

52.    Defendants deny the allegations in paragraph 52 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them.

53.    Defendants deny the allegations in paragraph 53 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them. Defendants admit Goal Taxback was authorized to submit withholding tax refund applications for the Linden Plan.

54.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 54 and therefore deny them. Defendants deny the remainder of the allegations in paragraph 54.

55.    Any "claim form," as described in paragraph 55, speaks for itself. Defendants admit that certain claim forms were submitted to SKAT on the Linden Plan's behalf. Defendants deny the remainder of the allegations in paragraph 55.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 56 and therefore deny them. Defendants deny the remaining allegations in paragraph 56 with respect to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore deny them.

57.     Defendants admit that "tax vouchers," which speak for themselves, were submitted to SKAT on the Linden Plan's behalf.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore deny them.

58.     Defendants admit that "tax vouchers," which speak for themselves, were submitted to SKAT on the Linden Plan's behalf.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants admit that the Linden Plan authorized Acer Investment Group, LLC to act as its representative and agent with ED&F Man Capital Markets Ltd.  Defendants deny the remainder of the allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

### AS TO PLAINTIFF'S CAUSES OF ACTION

### <u>COUNT I</u>
### (Fraud – Against Defendants Linden & Schulman)

62.     Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

### <u>COUNT II</u>
### (Aiding and Abetting Fraud – Against All Defendants)

67.     Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

68.    Defendants deny the allegations in paragraph 68.

69.    Defendants deny the allegations in paragraph 69.

70.    Defendants deny the allegations in paragraph 70.

71.    Defendants deny the allegations in paragraph 71.

72.    Defendants deny the allegations in paragraph 72.

73.    Defendants deny the allegations in paragraph 73.

## COUNT III
### (Unjust Enrichment – Against All Defendants)

74.    Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

75.    Paragraph 75 states a legal conclusion to which no response is required.  To the extent any further response is required, Defendants deny the allegations in paragraph 75.

76.    Defendants deny the allegations in paragraph 76.

77.    Defendants deny the allegations in paragraph 77.

78.    Defendants deny the allegations in paragraph 78.

## COUNT IV
### (Money Had & Received – Against All Defendants)

79.    Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

80.    Defendants deny the allegations in paragraph 80.

81.    Defendants deny the allegations in paragraph 81.

## COUNT V
### (Negligent Misrepresentation – Against Defendants Linden & Schulman)

82.    Defendants repeat and reassert their responses to each preceding paragraph as though stated fully herein.

83.    Paragraph 83 states legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in paragraph 83.

84.    Paragraph 84 states legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in paragraph 84.

85.    Paragraph 85 states legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in paragraph 85.

86.    Paragraph 86 states legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in paragraph 86.

87.    Paragraph 87 states legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in paragraph 87.

### AS TO PLAINTIFF'S REQUEST FOR RELIEF

The remainder of the amended complaint sets forth SKAT's prayers for relief, to which no response is required.  To the extent that a response is required, Defendants deny that SKAT is entitled to the relief it seeks and prays that the Court dismiss SKAT's claims and order such other relief as the Court deems just and necessary.

* * *

### AFFIRMATIVE DEFENSES

Defendants incorporate by reference the denials and admissions set forth above and assert the following affirmative defenses.  Defendants do not intend to assume the burden of proof with respect to those matters as to which Plaintiff bears the burden.  This statement of defenses is based on Defendants' investigation to date, and Defendants reserve the right to supplement, amend, or withdraw their defenses during the course of litigation as new information is learned.

### First Affirmative Defense

The amended complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

SKAT's claims are barred, in whole or in part, (i) by the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, (ii) the Revenue Rule, and/or (iii) the Penal Law Rule.

## Third Affirmative Defense

SKAT's claims are barred, in whole or in part, because at all relevant times Defendants acted in good faith and without intent to defraud and did not make any material misstatements or omissions and because Defendants did not commit any act that constituted substantial assistance to any fraud.

## Fourth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Linden Plan was entitled to the withholding tax refunds at issue.

## Fifth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the applicable statutes of limitations.

## Sixth Affirmative Defense

SKAT's claims are barred, in whole or in part, because Defendants never authorized the pursuit or filing of any fraudulent refund claims.

## Seventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because Defendants did not receive the amounts Plaintiff alleges it paid out in withholding tax refunds.

## Eighth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, and/or estoppel.

## Ninth Affirmative Defense

SKAT's claims are barred, in whole or in part, due to the failure to join necessary or indispensable parties.

## Tenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Court does not have jurisdiction over SKAT's claims as SKAT lacks standing under Article III of the U.S. Constitution.

### Eleventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because SKAT does not have authority to pursue its claims.

### Twelfth Affirmative Defense

SKAT's claims are barred, in whole or in part, because SKAT failed to exhaust administrative remedies and other legal remedies available to it and because the issues presented in this action are the subject of a collateral proceeding in Denmark.

### Thirteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of Plaintiff's own culpable conduct, including but not limited to contributory negligence and assumption of the risk, and/or the negligent, wrongful, or unauthorized acts of Plaintiff or others, for which Defendants are not liable.

### Fourteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of ED&F's conduct, and ED&F should be liable to SKAT.

### Fifteenth Affirmative Defense

SKAT's claims are barred or limited because any harm to SKAT was caused by the actions of third parties over whom Defendants had no control, and Defendants intend to apportion fault to such third parties.

### Sixteenth Affirmative Defense

SKAT's claims are barred because of collateral estoppel and or res judicata.

### Seventeenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because they raise non-justiciable political questions.

## <u>JURY DEMAND</u>

The Linden Plan and Joan Schulman demand a jury trial on all issues so triable.

-14-

## REQUEST FOR RELIEF

WHEREFORE, the Linden Plan and Joan Schulman respectfully request that this Court enter judgment in their favor and against SKAT as follows:

1. Enter judgment in favor of the Linden Plan and Joan Schulman and against SKAT on each count of the amended complaint and dismiss all of SKAT's claims against the Linden Plan and Joan Schulman, with prejudice;

2. Award the Linden Plan and Joan Schulman their attorneys' fees and costs; and

3. Grant such other preliminary, permanent, compensatory, or punitive relief against SKAT in favor of the Linden Plan and/or Joan Schulman as the Court deems just and proper.

July 2, 2020                                    Respectfully submitted,

K&L GATES LLP,

*/s/ John C. Blessington*
John C. Blessington (*pro hac vice*)
  john.blessington@klgates.com
Brandon R. Dillman (*pro hac vice*)
  brandon.dillman@klgates.com
Michael R. Creta (*pro hac vice*)
  michael.creta@klgates.com
John L. Gavin (*pro hac vice*)
  john.gavin@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
T: 617.261.3100
F: 617.261.3175

*Attorneys for Defendants Linden Associates Defined Benefit Plan and Joan Schulman*