# EXHIBIT 3

Case 1:18-md-02865-LAK   Document 394-3   Filed 07/02/20   Page 2 of 5

Allen v. Stewart Title Guar. Co., Not Reported in F.Supp.2d (2007)
2007 WL 916859

2007 WL 916859
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

Laura ALLEN, on behalf of herself and
all others similarly situated, Plaintiff,
v.
STEWART TITLE GUARANTY
COMPANY, Defendant.

No. 06-cv-2426.
|
March 20, 2007.

**Attorneys and Law Firms**

Steven A. Schwartz, Timothy N. Mathews, Chimicles & Tikellis LLP, Haverford, PA, for Plaintiff.

Edward J. Hayes, Lauren P. McKenna, Fox Rothschild LLP, Philadelphia, PA, for Defendant.

*MEMORANDUM*

CLIFFORD SCOTT GREEN, S.J.

**\*1** Presently pending is Defendant's Motion to Dismiss, and Plaintiff's Response thereto. Plaintiff filed the instant action seeking class damages against Defendant for allegedly overcharging for title insurance. Defendant seeks dismissal of the action because it claims the proposed class is barred by the doctrine of collateral estoppel, asserting that the issue was already litigated in Pennsylvania state court. Defendant also argues that several of Plaintiff's claims are time-barred, and that Plaintiff has failed to state a claim upon which relief can be granted. The court concludes that the doctrine of collateral estoppel does not apply, but that eight of Plaintiff's nine claims are time-barred. Therefore, the Motion will be granted as to those claims, and denied in all other respects.

**I. FACTUAL AND PROCEDURAL BACKGROUND**
Plaintiff claims that Defendant engaged in a practice of overcharging consumers for title insurance in connection with either the purchase or the refinance of real estate. A similar action was filed against the same Defendant in the Court of Common Pleas for Philadelphia County in 2006. *See* *Cummings v. Stewart Title Guar. Co.,* No. 0747 (Pa. D. & C., Sept. 14, 2006). In the state court action an attempt was made to certify a broad class of consumers who purchased title insurance from Defendant. The proposed state court class included Plaintiff. The state court denied the class certification motion, and instead certified a smaller class of consumers who purchased insurance from Defendant using a particular agent. Plaintiff filed the instant action, proposing a class that excluded those individuals who had used the agent specified in the state class, but which was otherwise substantially the same as the proposed state class.

**II. DISCUSSION**

A. The Doctrine of Collateral Estoppel is not Applicable
The doctrine of collateral estoppel prevents a party from relitigating a particular fact or legal issue that was litigated in an earlier action. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). In order for the doctrine to apply, (1) the issue decided in the prior adjudication must be identical to the one presented in the later action; (2) there must be a final judgment on the merits; and, (3) the party against whom the doctrine is asserted must have been a party to, or in privity with a party to, the prior adjudication and have had a full and fair opportunity to litigate the issue in question in the prior action. *Dici v. Commonwealth of Pennsylvania,* 91 F.3d 542, 548 (3d Cir.1996).

In the instant action, the issues before the Court of Common Pleas for Philadelphia County are not identical to the issues before this court, because the rules regarding class certification are different. In *J.R. Clearwater v. Ashland Chem. Co.,* 93 F.3d 176, 179 (5th Cir.1996), the Fifth Circuit upheld a district court's decision to deny a motion to stay a Texas state court proceeding under the Anti-Injunction Act, 28 U.S.C. § 2283. The Act permits a federal court to enjoin state court proceedings under limited circumstances, one of which is the relitigation exception. "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 147, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988).

Allen v. Stewart Title Guar. Co., Not Reported in F.Supp.2d (2007)
2007 WL 916859

Case 1:18-md-02865-LAK    Document 394-3    Filed 07/02/20    Page 3 of 5

**\*2** In considering the nature of class certification decisions, the *Clearwater* court wrote,

> The denial of class certification is "a procedural ruling, collateral to the merits of a litigation....," and the decision as to whether to certify a class lies within the "wide discretion" of the trial court. While Texas Rule of Civil Procedure 42 is modeled on Rule 23 of the Federal Rules .... a Texas court might well exercise this discretion in a different manner. It is our considered view that the wide discretion inherent in the decision as to whether or not to certify a class dictates that each court-or at least each jurisdiction-be free to make its own determination in this regard. This reasoning is particularly applicable when matters of state-federal relations are involved ..

*J.R. Clearwater v. Ashland Chem. Co.,* 93 F.3d 176, 179 (5th Cir.1996) (internal citations omitted). The Third Circuit adopted the *Clearwater* rationale in *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 134 F.3d 133, 146 (3d Cir.1998).

Although *Clearwater* dealt with a motion to enjoin state proceedings under the Anti-Injunction Act, because the relitigation exception to that Act is "founded in the well-recognized concepts of res judicata and collateral estoppel" the rationale applies in this case, where Defendant seeks to prevent Plaintiff from moving forward with class allegations under the doctrine of collateral estoppel. *Clearwater,* 93 F.3d at 179.

The rules regarding class action are substantially similar under Pennsylvania Rule of Civil Procedure 1702 and Federal Rule of Civil Procedure 23,[1] however, as in Texas, a Pennsylvania court may exercise its discretion regarding class certification in a different manner than a federal court. Since the discretion that is inherent in class certification decisions permits a state court to consider a motion for class certification despite a federal court's decision denying class certification, the reverse is also true, and a federal court is permitted to consider such a motion. Therefore, the court concludes that the matters are not identical, and the doctrine of collateral estoppel does not apply.

B. Eight of Plaintiff's Nine Claims are Time-barred

Plaintiff pled nine claims in her First Amended Complaint, all relating to allegations that she was improperly charged for title insurance in connection with a real estate transaction that occurred on October 30, 2000. The Complaint was filed on June 8, 2006. Of Plaintiff's nine claims, eight are governed by statutes of limitations of either four or two years. Specifically, Count I of Plaintiff's Complaint is for breach of express contract, Count II is for breach of implied contract, Count IX is for unjust enrichment, all of which are governed by four year statutes of limitation. 42 Pa.C.S.A. § 5525(3), (4).[2] Count V is for fraudulent misrepresentation, which is governed by a two year statute of limitations. 42 Pa. Cons.Stat. Ann. § 5524. Count VI is for negligent misrepresentation, and Count VII is for negligent supervision, both of which are governed by a two year statute of limitations. 42 Pa.C.S.A. § 5524(2). Count III is for holding money had and received, which is governed by a four year statute of limitations. 42 Pa.C.S.A. § 5524(3). Count VIII is a claim for an accounting, which is governed by the same statute of limitations that govern the common law claims of the same matter, which in this case is four years. *See Clemens v. Sec. Peoples Trust Co.,* 24 Pa. D. & C.3d 490, 492 (1981).

**\*3** Plaintiff concedes that these claims fall outside of the statutes of limitation, but argues that the discovery rule applies to toll the time limitations. The discovery rule is a doctrine of equitable tolling, which tolls a statute of limitations in cases where "a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises." *Fine v. Checcio,* 582 Pa. 253, 870 A.2d 850, 859 (Pa.2005). "[T]he question in any given case is not, what did the plaintiff know of the injury done him? But, what might he have known, by the use of the means of information within his reach, with the vigilance the law requires of him?" *Id.* at 858 (quoting *Scranton Gas & Water Co. v. Lackawanna Iron & Coal Co.,* 167 Pa. 136, 31 A. 484 (Pa.1895)).

The Supreme Court of Pennsylvania has explained that,

> .... the salient point giving rise to [the discovery rules] application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause. We have clarified that in this context, reasonable diligence is not an absolute standard, but is what is expected from a party who has been given reason to

Case 1:18-md-02865-LAK   Document 394-3   Filed 07/02/20   Page 4 of 5

Allen v. Stewart Title Guar. Co., Not Reported in F.Supp.2d (2007)
2007 WL 916859

inform himself of the facts upon which his right to recovery is premised. As we have stated: " 'There are [very] few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence.' "

Fine, 870 A.2d at 858 (internal citations omitted).

Here, Plaintiff, along with all other Pennsylvania citizens, had constructive knowledge of Pennsylvania law. See Comm. Dep't of Revenue v. Marros, 60 Pa.Cmwlth. 263, 431 A.2d 392, 394 (Pa.Cmwlth.1981). In this case, Plaintiff concedes that her knowledge would include "those provisions of the Title Insurance Act requiring insurers to file and adhere to a rate schedule." Pl.'s Brief in Opp. to Mot. to Dismiss at pg. 25, 431 A.2d 392.

Because Plaintiff was aware of the existence of a rate schedule, reasonable diligence would require investigating the rate schedule to determine what rate Plaintiff was entitled to when she purchased title insurance from Defendant.

Plaintiff is not entitled, as she argues, "to rely on the assumption that Stewart and its agents would obey the law." Pl.'s Brief in Opp. to Mot. to Dismiss at 14. The reasonable diligence standard does not permit a plaintiff to assume that a third party is obeying the law; such a rule would render the reasonable diligence standard meaningless. The standard is only relevant in the context of a lawsuit, where illegal conduct of some kind is alleged. If reliance on the assumption that an opposing party will obey the law was sufficient to invoke the standard, it would apply in virtually every case, save those where the plaintiff had actual knowledge that the alleged conduct was unlawful. Since it is clear that actual knowledge is not required, Plaintiff's argument cannot be correct. In order for the discovery rule to apply in a case where, as in the instant case, a party is aware of the existence of the provisions of the Title Insurance Act which require insurers to file and adhere to a rate schedule, reasonable diligence requires that they do more than assume that the insurer is complying with the Act.

 *4  The statutes of limitations bar several of Plaintiff's claims. Thus, Defendant's motion to dismiss Counts I, II, III, V, VI, VII, VIII, and IX of Plaintiff's Amended Complaint will be granted.

C. Plaintiff Has Successfully Pled a Claim Under the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law

Plaintiff's remaining claim is for a violation of the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law. 73 Pa. Cons.Stat. § 201-1 et seq. Defendant argues that Plaintiff fails to state a claim upon which relief may be granted.

Under Federal Rule of Civil Procedure 12(b)(6) a court may dismiss a complaint for failure to state a cause of action only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). The court "must take all the well pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff." Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir.1988). In Swierkiewicz, the United States Supreme Court addressed the liberal pleading standards set forth in Fed.R.Civ.P. 8(a)(2), noting that Fed.R.Civ.P. 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz, 534 U.S. at 508. The Supreme Court further noted that the statement of facts must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512. (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In her Amended Complaint, Plaintiff alleges that the Defendants intentionally failed to disclose the Reissue Rate, and the Refinance Rate for title insurance allegedly available to Plaintiff and the prospective members of her class. Plaintiff also alleges that the obligation to disclose arises under Pennsylvania state law, and as a consequence of the intentional non-disclosure, Defendants received more money than required. Under the liberal pleading standards of the Federal Rules of Civil Procedure, those are sufficient facts at this stage of the proceedings. Defendant's motion to dismiss Count IV of Plaintiff's Amended Complaint will therefore be denied.

An appropriate order follows.

Allen v. Stewart Title Guar. Co., Not Reported in F.Supp.2d (2007)
2007 WL 916859

Case 1:18-md-02865-LAK   Document 394-3   Filed 07/02/20   Page 5 of 5

## ORDER

**AND NOW,** this 20th day of March, 2007, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. **IT IS FURTHER ORDERED** that,

1) Defendant's Motion to Dismiss Counts I, II, III, V, VI, VII, VIII, and IX of Plaintiff's Amended Complaint is **GRANTED;**

2) Defendant's Motion to Dismiss is **DENIED** in all other respects.

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 916859

## Footnotes

[1] There are differences, however, between the two rules. Federal Rule of Civil Procedure 23(b)(3) requires that a class action be "superior to other available methods for the fair and efficient adjudication of the controversy." Pennsylvania Rule of Civil Procedure 1702 contains no such requirement.

[2] In Cole v. Lawrence, 701 A.2d 987, 989 (Pa.Super.Ct.1997), the court held that 42 Pa.Cons.Stat. § 5525(4) provides a four year statute of limitations for an action upon a contract implied in law and that an action based on unjust enrichment constitutes an action based on a contract implied in law. Id. at 989.

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.