**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX
REFUND LITIGATION

This document relates to 18-CV-09797

---

DW CONSTRUCTION, INC. RETIREMENT
PLAN, KAMCO INVESTMENTS, INC.
PENSION PLAN, KAMCO LP PROFIT
SHARING PENSION PLAN, LINDEN
ASSOCIATES DEFINED BENEFIT PLAN,
MOIRA ASSOCIATES 401(K) LLC PLAN,
RIVERSIDE ASSOCIATES DEFINED
BENEFIT PLAN, AMERICAN
INVESTMENT GROUP OF NEW YORK,
L.P. PENSION PLAN, STACEY KAMINER,
JOAN SCHULMAN, and DAVID
SCHULMAN,

               Third-Party Plaintiffs,

v.

ED&F MAN CAPITAL MARKETS, LTD.,

               Third-Party Defendant.

---

MASTER DOCKET

Case No.: 1:18-md-02865-LAK

**THIRD-PARTY DEFENDANT**
**ED&F MAN CAPITAL MARKETS, LTD.'S**
**AMENDED ANSWER TO AMENDED**
**THIRD-PARTY COMPLAINT**

---

Third-Party Defendant ED&F Man Capital Markets, Ltd. ("ED&F" or "Third-Party

Defendant"), for its Amended Answer to the Amended Third-Party Complaint, dated November

13, 2019 (the "Third-Party Complaint"), by Defendants/Third-Party Plaintiffs DW Construction,

Inc. Retirement Plan ("the DW Construction Plan"), Kamco Investments, Inc. Pension Plan ("the

Kamco Investments Plan"), Kamco LP Profit Sharing Pension Plan ("the Kamco LP Plan"),

Linden Associates Defined Benefit Plan ("the Linden Plan"), Moira Associates LLC 401K Plan ("the Moira Plan"), Riverside Associates Defined Benefit Plan ("the Riverside Plan") and American Investment Group of New York, L.P. Pension Plan ("the AIG Plan") (collectively, "the Plans," and each a "Plan") and Stacey Kaminer, Joan Schulman, and David Schulman (collectively, "the Trustees") (the Plans and Trustees are, collectively, the "Third-Party Plaintiffs"), upon the written consent of the Third-Party Plaintiffs pursuant to Federal Rule of Civil Procedure 15(a)(2), by and through its undersigned attorneys, hereby answers and responds as follows:

ED&F lacks knowledge or information sufficient to form a belief about the truth or falsity of any of the allegations that relate to any other party in this lawsuit, and therefore all responses below pertain only to ED&F.  With respect to those allegations, including headings and subheadings, that do not address or refer to the acts or omissions of ED&F, ED&F submits that no response is required.

ED&F reserves its right to supplement its Amended Answer and raise affirmative defenses that become available or apparent during the course of discovery and to amend its Amended Answer accordingly.

## ANSWER

### GENERAL DENIAL

The preliminary statement of the Third-Party Complaint is comprised of arguments, legal conclusions, and unenumerated allegations or statements of fact as to which no response is required.  To the extent a response is required, ED&F denies the allegations in the preliminary statement, except admits the allegations in Footnote 1 of the preliminary statement and lacks knowledge or information regarding the alleged beliefs of the Plans.

## RESPONSE TO "PARTIES"

1.      ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Third-Party Complaint, except admits that the Plans are U.S. pension plans.

2.      ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Third-Party Complaint, except admits that the Plans designated Acer as their attorney-in-fact with respect to their trading accounts with ED&F, that the DW Construction Plan, the Kamco Investments Plan, the Kamco LP Plan, the Linden Plan, the Moira Plan, and the Riverside Plan had an address at 5532 Lillehammer Lane, Park City, Utah, 84098, and that the AIG Plan had an address at 75 Claremont Road, Suite 309, Bernardsville, New Jersey, 07924.

3.      ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Third-Party Complaint.

4.      ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Third-Party Complaint.

5.      ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Third-Party Complaint.

6.      ED&F denies the allegations in Paragraph 6 of the Third-Party Complaint, except admits that it is a financial brokerage business and financial servicer headquartered at 3 London Bridge Street, London, SE1 9SG, United Kingdom and that it executed trades in Danish securities for the Plans, provided documentation and information to the Plans, charged fees in connection with

its services, and acted as the Custodian for the Plans pursuant to the Custody Agreements annexed to the Third-Party Complaint as Exhibits A-G (the "Custody Agreements").

## RESPONSE TO JURISDICTION AND VENUE

7.      Paragraph 7 of the Third-Party Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 7 of the Third-Party Complaint.

8.      ED&F admits the allegations in the first sentence of Paragraph 8 of the Third-Party Complaint.  The second sentence of Paragraph 8 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required to the second sentence of Paragraph 8 of the Third-Party Complaint, ED&F denies the allegations in the second sentence of Paragraph 8 of the Third-Party Complaint.

9.      Paragraph 9 of the Third-Party Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 9 of the Third-Party Complaint.

10.     Paragraph 10 of the Third-Party Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 10 of the Third-Party Complaint, except admits that this action was transferred to this Court for pretrial purposes.

11.     The allegations in Paragraph 11 of the Third-Party Complaint are not directed at this Third-Party Defendant and as such, no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 11 of the Third-Party Complaint.

## RESPONSE TO STATEMENT OF FACTS

The headings and subheadings under the Statement of Facts section of the Third-Party Complaint consist of unenumerated allegations as to which no response is required.  To the extent a response is required, ED&F denies the allegations in the headings and subheadings under the Statement of Facts section of the Third-Party Complaint.

**RESPONSE TO "ED&F entered into various agreements with the Plan pursuant to which ED&F agreed to exercise reasonable care in relation to the Plan's transactions and accounts."**

12.    ED&F admits the allegations in Paragraph 12 of the Third-Party Complaint.

13.    ED&F admits the allegations in Paragraph 13 of the Third-Party Complaint.

14.    ED&F admits the allegations in Paragraph 14 of the Third-Party Complaint.

15.    ED&F denies the allegations in the first sentence of Paragraph 15 of the Third-Party Complaint and respectfully refers the Court to the Custody Agreements for their contents. ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 15 of the Third-Party Complaint, except admits that the Plans designated Acer as their attorney-in-fact with respect to their trading accounts with ED&F and that communications were sent to and received from Stacey Kaminer.

16.    ED&F denies the allegations in Paragraph 16 of the Third-Party Complaint, except admits that ED&F executed trades on behalf of, and prepared custody records for, the Plans.

17.    ED&F admits the allegations in Paragraph 17 of the Third-Party Complaint.

18.     Paragraph 18 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 18 of the Third-Party Complaint.

19.     Paragraph 19 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 19 of the Third-Party Complaint, except admits it was required to comply with applicable law.

20.     ED&F admits the allegations in Paragraph 20 of the Third-Party Complaint.

21.     ED&F denies the allegations in Paragraph 21 of the Third-Party Complaint, except admits that ED&F communicated with the Plans through Acer.

**RESPONSE TO "The Plans traded in Danish securities through ED&F and intended to receive dividends net of withholding taxes from Danish issuers and to apply for withholding-tax refunds based on the information provided by ED&F."**

22.     Paragraph 22 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 22 of the Third-Party Complaint.

23.     Paragraph 23 of the Third-Party Complaint asserts legal conclusions as to which no response is required.

24.     Paragraph 24 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 24 of the Third-Party Complaint.

25.     ED&F admits the allegations in Paragraph 25 of the Third-Party Complaint.

26.     ED&F denies the allegations in Paragraph 26 of the Third-Party Complaint, except admits that ED&F prepared certain documents, including buy/sell confirmations, account statements, and tax vouchers.

27.     ED&F denies the allegations in Paragraph 27 of the Third-Party Complaint, except admits that ED&F provided documents and information reflecting ED&F's understanding of the Plans' holdings, security interests, and withholding taxes to the Plans through Acer.

28.     ED&F denies the allegations in Paragraph 28 of the Third-Party Complaint.

29.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Third-Party Complaint.

**RESPONSE TO "Third-Party Plaintiffs relied on ED&F when the Plans applied for withholding-tax refunds from SKAT."**

30.     ED&F denies the allegations in Paragraph 30 of the Third-Party Complaint, except admits that ED&F executed certain securities transactions and prepared one or more tax vouchers.

31.     ED&F denies the allegations in Paragraph 31 of the Third-Party Complaint, except admits that ED&F prepared one or more tax vouchers and respectfully refers the Court to the tax vouchers for their contents.

32.     ED&F denies the allegations in Paragraph 32 of the Third-Party Complaint, except admits that ED&F prepared tax vouchers in connection with dividends for which the Plans made claims for withholding tax refunds.

33.     ED&F denies the allegations in Paragraph 33 of the Third-Party Complaint, except admits that ED&F was aware that the Plans were likely to request withholding tax refunds through Goal Taxback.

34.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Third-Party Complaint, except admits that in some instances ED&F sent tax vouchers directly to Goal Taxback.  ED&F further responds that on other occasions it sent tax vouchers directly to the relevant plan's authorized agent, and in the instances in which it sent tax vouchers directly to Goal Taxback, it did so on the express instructions of the relevant plan's authorized agent.

35.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Third-Party Complaint, except admits that ED&F would on occasion send copies of tax vouchers to Acer.

36.     ED&F admits the allegations in Paragraph 36 of the Third-Party Complaint.

37.     ED&F admits the allegations in Paragraph 37 of the Third-Party Complaint.

38.     ED&F denies the allegations in Paragraph 38 of the Third-Party Complaint, except admits that the tax vouchers attached as Exhibits H-N of the Third-Party Complaint were prepared by ED&F.

39.     Paragraph 39 of the Third-Party Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations of Paragraph 39 of the Third-Party Complaint, except admits that its obligations with respect to records and statements are prescribed under the Custody Agreements attached to the Third-Party Complaint as Exhibits A through G.

8

40.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Third-Party Complaint.

41.     ED&F denies the allegations in Paragraph 41 of the Third-Party Complaint.

42.     ED&F denies the allegations in Paragraph 42 of the Third-Party Complaint, except admits that it prepared tax vouchers and in some instances sent tax vouchers directly to Goal Taxback.  ED&F further responds that on other occasions it sent tax vouchers directly to the relevant plan's authorized agent, and in the instances in which it sent tax vouchers directly to Goal Taxback, it did so on the express instructions of the relevant plan's authorized agent.

43.     ED&F denies the allegations in Paragraph 43 of the Third-Party Complaint, except admits that ED&F provided Acer with account statements reflecting ED&F's understanding of the Danish securities transactions.

44.     Paragraph 44 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 44 of the Third-Party Complaint.

45.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Third-Party Complaint.

46.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Third-Party Complaint, except admits that SKAT sued Third-Party Plaintiffs in or about 2018, asserting causes of action for fraud, aiding and abetting fraud, negligent misrepresentation, unjust enrichment, and money had and received.

47.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Third-Party Complaint.

**RESPONSE TO "Third-Party Plaintiffs relied on information provided by ED&F, including the Tax Vouchers, when they chose to defend against SKAT's claims and pursue appeals in Denmark challenging SKAT's revocations of its tax-refund payments to the Plans."**

48.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Third-Party Complaint.

49.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Third-Party Complaint.

50.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Third-Party Complaint.

51.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Third-Party Complaint.

52.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Third-Party Complaint.

53.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Third-Party Complaint.

54.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Third-Party Complaint.

**RESPONSE TO "In September 2019, ED&F admitted that certain of the Tax Vouchers that it created for the Plans were inaccurate."**

55.     ED&F admits the allegations in Paragraph 55 of the Third-Party Complaint.

10

56.     The allegations in Paragraph 56 of the Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 56 of the Third-Party Complaint, except admits that the Amended Defence was filed in September 2019 and respectfully refers the Court to the Amended Defence for its contents.

57.     The allegations in Paragraph 57 of the Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 57 of the Third-Party Complaint, except admits that Annex E to the Amended Defence identified certain tax vouchers containing inaccurate information and respectfully refers the Court to the Amended Defence for its contents.

58.     ED&F denies the allegations in Paragraph 58 of the Third-Party Complaint, except admits that Annex E to the Amended Defence is attached to the Third-Party Complaint as Exhibit O.

59.     The allegations in Paragraph 59 of the Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 59 of the Third-Party Complaint and respectfully refers the Court to the Amended Defence for its contents.

60.     ED&F denies the allegations in Paragraph 60 of the Third-Party Complaint and respectfully refers the Court to the Amended Defence for its contents.

61.     ED&F denies the allegations in Paragraph 61 of the Third-Party Complaint, except admits that ED&F sent the relevant tax vouchers identified on Annex E to the Amended Defence to the Plans and/or their agents.

62.     ED&F denies the allegations in Paragraph 62 of the Third-Party Complaint, except admits that ED&F provided account statements reflecting ED&F's understanding of the Danish securities transactions.

63.     ED&F denies the allegations in Paragraph 63 of the Third-Party Complaint.

64.     ED&F denies the allegations in Paragraph 64 of the Third-Party Complaint.

65.     ED&F denies the allegations in Paragraph 65 of the Third-Party Complaint.

66.     ED&F denies the allegations in Paragraph 66 of the Third-Party Complaint.

67.     ED&F denies the allegations in Paragraph 67 of the Third-Party Complaint.

68.     ED&F denies the allegations in Paragraph 68 of the Third-Party Complaint.

69.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Third-Party Complaint.

70.     ED&F denies the allegations in Paragraph 70 of the Third-Party Complaint and avers that the allegations in Paragraph 70 of the Third-Party Complaint rely on incorrect assumptions.

71.     ED&F denies the allegations in Paragraph 71 of the Third-Party Complaint and avers that the allegations in Paragraph 71 of the Third-Party Complaint rely on incorrect assumptions.

72.     ED&F denies the allegations in Paragraph 72 of the Third-Party Complaint.

73.     ED&F denies the allegations in Paragraph 73 of the Third-Party Complaint.

74.     ED&F denies the allegations in Paragraph 74 of the Third-Party Complaint.

75.     Paragraph 75 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 75 of the Third-Party Complaint.

76.     Paragraph 76 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 76 of the Third-Party Complaint.

77.     Paragraph 77 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 77 of the Third-Party Complaint.

78.     Paragraph 78 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 78 of the Third-Party Complaint.

**RESPONSE TO "If SKAT proves the Plans did not own shares they claimed to own, did not earn the dividends they claimed to have earned, or were otherwise not entitled to the withholding taxes they claimed, then ED&F should be responsible for any amounts claimed by SKAT."**

79.     The allegations in Paragraph 79 of the Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 79 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

80.     The allegations in Paragraph 80 of the Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent that a response is

required, ED&F denies the allegations in Paragraph 80 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

81.    The allegations in Paragraph 81 of the Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 81 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

82.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Third-Party Complaint, except admits that SKAT (i) sued ED&F in the United Kingdom over the same transactions that are the basis of SKAT's claims against Third-Party Plaintiffs, (ii) did not allege that ED&F committed any fraud, and (iii) described ED&F as a "non-fraud defendant."

83.    Paragraph 83 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations of Paragraph 83 of the Third-Party Complaint.

84.    Paragraph 84 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations of Paragraph 84 of the Third-Party Complaint.

**RESPONSE TO "Alternatively, ED&F must repay the fees it collected in relation to the Plans' transactions and withholding-tax refunds if SKAT is entitled to damages or restitution."**

85.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Third-Party Complaint.

86.     ED&F denies the allegations in Paragraph 86 of the Third-Party Complaint, except admits that ED&F received fees for services provided in connection with the securities transactions.

87.     The allegations in Paragraph 87 of the Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 87 of the Third-Party Complaint and respectfully refers the Court to the Amended Defence for its contents.

88.     ED&F denies the allegations in Paragraph 88 of the Third-Party Complaint, except admits that ED&F received fees for services provided to the Plans.

89.     Paragraph 89 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations of Paragraph 89 of the Third-Party Complaint.

## THIRD-PARTY CLAIM COUNT I
### (Fraud – *Third-Party Plaintiffs v. ED&F*)

90.     ED&F repeats and realleges ¶¶ 1-89 above, as if fully set forth herein.

91.     ED&F denies the allegations in Paragraph 91 of the Third-Party Complaint, except admits that ED&F prepared tax vouchers and provided them to the Plans and/or their agents.

92.     ED&F denies the allegations in Paragraph 92 of the Third-Party Complaint.

93.     ED&F denies the allegations in Paragraph 93 of the Third-Party Complaint.

94.     ED&F denies the allegations in Paragraph 94 of the Third-Party Complaint.

15

95.     ED&F denies the allegations in Paragraph 95 of the Third-Party Complaint.

96.     ED&F denies the allegations in Paragraph 96 of the Third-Party Complaint.

97.     ED&F denies the allegations in Paragraph 97 of the Third-Party Complaint.

98.     ED&F denies the allegations in Paragraph 98 of the Third-Party Complaint.

99.     ED&F denies the allegations in Paragraph 99 of the Third-Party Complaint.

100.    Paragraph 100 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 100 of the Third-Party Complaint.

## THIRD-PARTY CLAIM COUNT II
### (Negligent Misrepresentation – *Third-Party Plaintiffs v. ED&F*)

101.    ED&F repeats and realleges ¶¶ 1-100 above, as if fully set forth herein.

102.    Paragraph 102 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 102 of the Third-Party Complaint.

103.    Paragraph 103 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 103 of the Third-Party Complaint.

104.    Paragraph 104 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 104 of the Third-Party Complaint.

105.    Paragraph 105 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 105 of the Third-Party Complaint.

106.    ED&F denies the allegations in Paragraph 106 of the Third-Party Complaint.

107.    Paragraph 107 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 107 of the Third-Party Complaint.

108.    ED&F denies the allegations in Paragraph 108 of the Third-Party Complaint.

109.    ED&F denies the allegations in Paragraph 109 of the Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT III
**(Breach of Contract – *The Plans v. ED&F*)**

110.    ED&F repeats and realleges ¶¶ 1-109 above, as if fully set forth herein.

111.    ED&F admits the allegations in Paragraph 111 of the Third-Party Complaint.

112.    Paragraph 112 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 112 of the Third-Party Complaint.

113.    Paragraph 113 of the Third-Party Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 113 of the Third-Party Complaint.

114.    Paragraph 114 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 114 of the Third-Party Complaint.

115.    Paragraph 115 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 115 of the Third-Party Complaint.

116.    Paragraph 116 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 116 of the Third-Party Complaint.

117.    Paragraph 117 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 117 of the Third-Party Complaint.

118.    ED&F denies the allegations in Paragraph 118 of the Third-Party Complaint.

119.    ED&F denies the allegations in Paragraph 119 of the Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT IV
**(Breach of Fiduciary Duty – *Third-Party Plaintiffs v. ED&F*)**

120.    ED&F repeats and realleges ¶¶ 1-119 above, as if fully set forth herein.

121.    Paragraph 121 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 121 of the Third-Party Complaint.

122.    ED&F denies the allegations in Paragraph 122 of the Third-Party Complaint.

123.     Paragraph 123 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 123 of the Third-Party Complaint.

124.     Paragraph 124 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 124 of the Third-Party Complaint.

125.     Paragraph 125 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 125 of the Third-Party Complaint.

126.     Paragraph 126 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 126 of the Third-Party Complaint.

127.     ED&F denies the allegations in Paragraph 127 of the Third-Party Complaint.

128.     ED&F denies the allegations in Paragraph 128 of the Third-Party Complaint.

## THIRD-PARTY CLAIM COUNT V
### (Promissory Estoppel – *Third-Party Plaintiffs v. ED&F*)

129.     ED&F repeats and realleges ¶¶ 1-128 above, as if fully set forth herein.

130.     ED&F denies the allegations in Paragraph 130 of the Third-Party Complaint.

131.     ED&F denies the allegations in Paragraph 131 of the Third-Party Complaint.

132.     ED&F denies the allegations in Paragraph 132 of the Third-Party Complaint.

133.     ED&F denies the allegations in Paragraph 133 of the Third-Party Complaint.

19

134.    ED&F denies the allegations in Paragraph 134 of the Third-Party Complaint.

135.    ED&F denies the allegations in Paragraph 135 of the Third-Party Complaint.

136.    ED&F denies the allegations in Paragraph 136 of the Third-Party Complaint.

137.    ED&F denies the allegations in Paragraph 137 of the Third-Party Complaint.

138.    ED&F denies the allegations in Paragraph 138 of the Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT VI
**(Unjust Enrichment – *Third-Party Plaintiffs v. ED&F*)**

139.    ED&F repeats and realleges ¶¶ 1-138 above, as if fully set forth herein.

140.    ED&F denies the allegations in Paragraph 140 of the Third-Party Complaint, except admits that ED&F received fees for services provided in connection with the securities transactions.

141.    ED&F denies the allegations in Paragraph 141 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

142.    ED&F denies the allegations in Paragraph 142 of the Third-Party Complaint.

143.    ED&F denies the allegations in Paragraph 143 of the Third-Party Complaint.

144.    ED&F denies the allegations in Paragraph 144 of the Third-Party Complaint, except admits that ED&F received fees for services provided to the Plans.

145.    ED&F denies the allegations in Paragraph 145 of the Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT VII
**(Equitable Indemnification – *Third-Party Plaintiffs v. ED&F*)**

146.    ED&F repeats and realleges ¶¶ 1-145 above, as if fully set forth herein.

147.    Paragraph 147 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 147 of the Third-Party Complaint.

148.    ED&F denies the allegations in Paragraph 148 of the Third-Party Complaint.

149.    ED&F denies the allegations in Paragraph 149 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

150.    ED&F denies the allegations in Paragraph 150 of the Third-Party Complaint.

151.    Paragraph 151 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 151 of the Third-Party Complaint.

## THIRD-PARTY CLAIM COUNT VIII
### (Apportionment of Fault – *Third-Party Plaintiffs v. ED&F*)

152.    ED&F repeats and realleges ¶¶ 1-151 above, as if fully set forth herein.

153.    ED&F denies the allegations in Paragraph 153 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

154.    Paragraph 154 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 154 of the Third-Party Complaint.

155.    Paragraph 155 of the Third-Party Complaint asserts a legal conclusion as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 155 of the Third-Party Complaint.

156.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156 of the Third-Party Complaint and avers that inclusion of ED&F on a special verdict form for the purposes of allocation of fault is not appropriate.

## FIRST AFFIRMATIVE DEFENSE

157.    To the extent that Third-Party Plaintiffs have been damaged or injured, which ED&F denies, such damage was caused, in whole or in part, by Third-Party Plaintiffs' own acts or omissions and/or the acts or omissions of other parties, including, but not limited to, negligence.

## SECOND AFFIRMATIVE DEFENSE

158.    To the extent that Third-Party Plaintiffs have been damaged or injured, which ED&F denies, such damage was caused in whole or in part, or increased by, Third-Party Plaintiffs' failure to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

159.    Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or release.

## FOURTH AFFIRMATIVE DEFENSE

160.    Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

161.    Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrines of collateral estoppel, claims preclusion and/or res judicata.

## SIXTH AFFIRMATIVE DEFENSE

162.     Third-Party Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

163.     Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

164.     Third-Party Plaintiffs, by their own actions and conduct, have failed to exercise reasonable care and diligence on their own behalf, thereby causing or contributing to their alleged injuries and damages, if any.  Third-Party Plaintiffs' recovery must therefore be reduced or eliminated altogether by the proportion of damages caused by their acts and conduct.

## NINTH AFFIRMATIVE DEFENSE

165.     Any damages sustained by Third-Party Plaintiffs as alleged in the Third-Party Complaint were caused, in whole or in part, by the culpable conduct of other third parties, over which ED&F had no control, and not as a result of any culpable conduct on the part of ED&F.

## TENTH AFFIRMATIVE DEFENSE

166.     The Court lacks personal jurisdiction over ED&F.

## ELEVENTH AFFIRMATIVE DEFENSE

167.     Venue is improper because the parties agreed to specific venue.

## TWELFTH AFFIRMATIVE DEFENSE

168.    The claims asserted by Third-Party Plaintiffs directly contradict the explicit terms of the relevant agreements by and between Third-Party Plaintiffs and ED&F, and should therefore be dismissed.

## JURY DEMAND

ED&F demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Third-Party Defendant ED&F Man Capital Markets, Ltd. respectfully requests that this Court enter judgment against Third-Party Plaintiffs DW Construction, Inc. Retirement Plan, Kamco Investments, Inc. Pension Plan, Kamco LP Profit Sharing Pension Plan, Linden Associates Defined Benefit Plan, Moira Associates LLC 401K Plan, Riverside Associates Defined Benefit Plan, American Investment Group of New York, L.P. Pension Plan and Stacey Kaminer, Joan Schulman, and David Schulman, as follows:

(i)     Judgment denying all relief requested by the Third-Party Plaintiffs;

(ii)    Judgment dismissing with prejudice the Third-Party Complaint as against ED&F in its entirety;

(iii)   Judgment in favor of ED&F and against the Third-Party Plaintiffs in all respects;

(iv)    An award to ED&F for reasonable attorneys' fees, costs and expenses; and

(v)     Such other and further relief as the Court may deem just and appropriate.

Dated:  New York, New York
         July 2, 2020

**BINDER & SCHWARTZ LLP**

/s/ Neil S. Binder
Neil S. Binder
366 Madison Avenue, 6th Floor
New York, NY 10017
Telephone: 212-510-7031
Facsimile: 212-510-7299
nbinder@binderschwartz.com

*Attorneys for Third-Party Defendant ED&F Man Capital Markets, Ltd.*