# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX<br>ADMINISTRATION OF THE<br>KINGDOM OF DENMARK (SKAT)<br>TAX REFUND LITIGATION<br><br>This paper applies to: 19-cv-01785 | Case No. 18-MD-2865-LAK<br><br>Honorable Lewis A. Kaplan<br><br>**ANSWER AND<br><u>AFFIRMATIVE DEFENSES</u>**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Defendants Albedo Management LLC Roth 401(K) Plan ("Albedo") and Joseph Herman ("Herman") (collectively, the "Herman Defendants"), by and through their attorneys Kaplan Rice LLP, for their Answer to the April 20, 2020 amended complaint of plaintiff Skatteforvaltningen ("SKAT") (the "Amended Complaint"), deny each and every allegation in the Amended Complaint except as specifically admitted or responded to as follows.

I.  **<u>INTRODUCTION</u>**

1.      The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.      Paragraph 2 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations as to themselves.  For the allegations in Paragraph 2 against others, no response is required.

3.      Paragraph 3 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations as to themselves.  the allegations in Paragraph 3 against others, no response is required.

4.    Paragraph 4 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations as to themselves.  For the allegations in Paragraph 4 against others, no response is required.

5.    Paragraph 5 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations as to themselves.  For the allegations in Paragraph 5 against others, no response is required.

6.    Paragraph 6 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations as to themselves.  For the allegations in Paragraph 6 against others, no response is required.

7.    Paragraph 7 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations as to themselves.  For the allegations in Paragraph 7 against others, no response is required.

8.    The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint and deny the implied allegations that they participated in a fraudulent scheme.

9.    Paragraph 9 of the Amended Complaint and its subparagraphs state legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations as to themselves.  For the allegations in Paragraph 9 against others, no response is required.

10.     The Herman Defendants deny the allegations in Paragraph 10 of the Amended Complaint as to themselves. For the allegations in Paragraph 10 against others, no response is required.

11.     The Herman Defendants deny the allegations in Paragraph 11 of the Amended Complaint that they participated in a fraud.  For the allegations in Paragraph 11 against others, no response is required.

12.     The Herman Defendants deny the allegations in Paragraph 12 of the Amended Complaint that they participated in a fraud.  For the allegations in Paragraph 12 against others, no response is required.

13.     The Herman Defendants deny the allegations in Paragraph 13 of the Amended Complaint that they participated in a fraudulent scheme.  For the allegations in Paragraph 13 against others, no response is required.

## II.     JURISDICTION & VENUE

14.     Paragraph 14 of the Amended Complaint states legal conclusions to which no response is required.

15.     Paragraph 15 of the Amended Complaint states legal conclusions to which no response is required.

## III.    PARTIES

16.     The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint.

17.     The Herman Defendants admit the allegations set forth in Paragraph 17 of the Amended Complaint except deny the implication that Albedo was not a bona fide pension plan.

18.     The Herman Defendants admit the allegations in Paragraph 18 of the Amended

Complaint.

19.     The Herman Defendants deny the allegations in Paragraph 19 of the Amended Complaint that they made fraudulent refund claims.  For the allegations in Paragraph 19 against others, no response is required.

20.     As Paragraph 20 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

21.     As Paragraph 21 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

22.     The first sentence of Paragraph 22 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to that sentence is required, the Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that first sentence of Paragraph 22.  For the allegations in Paragraph 22 against others, no response is required.

23.     The first sentence of Paragraph 23 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny knowledge or information sufficient to form a belief the truth of the allegations in that sentence of Paragraph 23.  For the allegations in Paragraph 23 against others, no response is required.

## IV.    FACTUAL ALLEGATIONS

### A.    The Danish Withholding Tax System

24.     The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     Paragraph 25 of the Amended Complaint states legal conclusions to which no

response is required. To the extent a response is required, the Herman Defendants refer the Court to section 65 of the Danish Withholding Tax Act for a complete and accurate statement of its contents.

26.     Paragraph 26 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the Herman Defendants refer the Court to the double taxation treaty between Denmark and the shareholder's country of residence for a complete and accurate statement of its contents.

27.     Paragraph 27 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the Herman Defendants deny the allegations in Paragraph 27 as to themselves, and refer the Court to the double taxation treaty between Denmark and the United States and section 401(a) of the Internal Revenue Code for a complete and accurate statement of their contents.

28.     The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint, except state, upon information and belief, that Albedo was a qualified pension plan.

29.     As Paragraph 29 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

**B.     The Fraudulent Scheme**

30.     The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint as to what SKAT knew or did and deny that the Herman Defendants participated in a fraudulent scheme.

**1.     The Fraudulent Refund Claims Process**

31.     The Herman Defendants deny the allegations in Paragraph 31 of the Amended

Complaint that they participated in a fraudulent scheme and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint concerning Payment Agents.

32.    The Herman Defendants state that Albedo received payments and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Amended Complaint concerning Payment Agents or SKAT.

33.    The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and each of its subparagraphs and refer the Court to the documents referred to in Paragraph 33 and each of its subparagraphs for a complete and accurate statement of their contents.

34.    The Herman Defendants deny the allegation in Paragraph 34 of the Amended Complaint that they participated in a fraudulent scheme and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the refund applications or statement from the IRS and state, upon information and belief, that Albedo was a qualified pension plan and refer the Court to the documents cited.  For the remaining allegations in Paragraph 34 against others, no response is required.

35.    The Herman Defendants deny the allegations in Paragraph 35 of the Amended Complaint that they participated in a fraudulent scheme.  For the allegations in Paragraph 35 against others, no response is required.

36.    The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint.

37.    The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint.

2.        **The Role of the Claimants**

38.    The Herman Defendants deny the allegation in Paragraph 38 of the Amended Complaint that they participated in a fraudulent scheme and deny knowledge or information sufficient to form a belief as to what SKAT has determined.  For the allegations in Paragraph 38 against others, no response is required.

39.    *See* the Herman Defendants' answer to Paragraph 33.

40.    The Herman Defendants deny the allegation in Paragraph 40 of the Amended Complaint that they participated in a fraudulent scheme, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40.  For the allegations in Paragraph 40 against others, no response is required.

41.    The Herman Defendants deny the allegations in Paragraph 41 of the Amended Complaint that they participated in a fraudulent scheme.  For the allegations  in Paragraph 41 against others, no response is required.

42.    The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint.

43.    The Herman Defendants deny the implied allegation in Paragraph 43 of the Amended Complaint that they participated in a fraudulent scheme.

44.    The Herman Defendants deny the allegations in Paragraph 44 of the Amended Complaint that they participated in a fraudulent scheme, deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning the refund claims submitted to SKAT and refer the Court to section 401(a) of the Internal Revenue Code and the double taxation treaty between Denmark and the United States referenced in Paragraph 44 for a complete and accurate statement of their contents.  The Herman Defendants also state, upon

information and belief, that Albedo was a qualified pension plan.

45.    Paragraph 45 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations in Paragraph 45 of the Amended Complaint that they participated in a fraudulent scheme, state, upon information and belief, that Albedo was a qualified pension plan, and refer the Court to section 401(a) of the Internal Revenue Code for a complete and accurate statement of its contents.

46.    Paragraph 46 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations in Paragraph 46 of the Amended Complaint that they participated in a fraudulent scheme and state, upon information and belief, that Albedo was a qualified pension plan. For the allegations in Paragraph 46 against others, no response is required.

47.    Paragraph 47 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations in Paragraph 47 that they participated in a fraudulent scheme and state, upon information and belief, that Albedo was a qualified pension plan.

48.    Paragraph 48 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations in Paragraph 48 that they participated in a fraudulent scheme, state, upon information and belief, that Albedo was a qualified pension plan, and  refer the Court to section 401(a) of the Internal Revenue Code referenced in Paragraph 48 for a complete and accurate statement of its contents.

49.    Paragraph 49 of the Amended Complaint states legal conclusions to which no

response is required.  To the extent a response is required, the Herman Defendants deny the allegations in Paragraph 49 that they participated in a fraudulent scheme, and refer the Court to the double taxation treaty between Denmark and the United States referenced in Paragraph 49 for a complete and accurate statement of its contents.

50.    The Herman Defendants deny the allegations in Paragraph 50 of the Amended Complaint that they participated in a fraudulent scheme, state that Albedo received payments and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50.

51.    The Herman Defendants deny the allegations in Paragraph 51 of the Amended Complaint that they participated in a fraudulent scheme and state that Herman was the sole participant in Albedo.

52.    The Herman Defendants deny the allegation in Paragraph 52 of the Amended Complaint that they participated in a fraudulent scheme, state that Herman was the sole participant in three pension plans including Albedo, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the Amended Complaint.

### 3.    The Role of the Partner Defendants

53.    The Herman defendants deny the allegations in Paragraph 53 of the Amended Complaint that they participated in a fraudulent scheme.  For the allegations in Paragraph 53 against others, no response is required.

54.    The Herman Defendants deny the allegations in Paragraph 54 of the Amended Complaint that they participated in a fraudulent scheme, state, upon information and belief, that Albedo retained a small portion of the refunds and deny knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 54.

55.    The Herman Defendants state that Albedo received payments, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Amended Complaint.  For allegations in Paragraph 55 against others, no response is required.

56.    The Herman Defendants deny the allegations in Paragraph 56 of the Amended Complaint that they participated in a fraudulent scheme.  For the allegations in Paragraph 56 against others, no response is required.

57.    As Paragraph 57 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

58.    As Paragraph 58 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

59.    As Paragraph 59 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

60.    As Paragraph 60 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

61.    The Herman Defendants deny the allegations in Paragraph 61 of the Amended Complaint that they participated in a fraudulent scheme and state that Herman is the sole participant in three pension plans.  For the allegations in Paragraph 61 against others, no response is required.

62.    As Paragraph 62 of the of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

63.    As Paragraph 63 of the Amended Complaint does not contain allegations

concerning the Herman Defendants, no response is required.

### 4.    The Role of the Claimants' Authorized Representatives

64.    The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint and refer the Court to the Power of Attorney for a complete and accurate statement of its contents.

65.    *See* the Herman Defendants' answer to Paragraph 64.

66.    Paragraph 66 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.    As Paragraph 67 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

68.    The Herman Defendants deny  the allegations in Paragraph 68 of the Amended Complaint that they participated in a fraudulent scheme.  For the allegations in Paragraph 68 against others, no response is required.

69.    The Herman Defendants deny the allegations in Paragraph 69 of the Amended Complaint that they participated in a fraudulent scheme.  For the allegations in Paragraph 69 against others, no response is required.

### 5.    The Role of the Payment Agents

70.    The Herman Defendants deny the allegations in Paragraph 70 of the Amended Complaint that they participated in a fraudulent scheme.  For the allegations in Paragraph 70 against others, no response is required.

71.    Paragraph 71 of the Amended Complaint states legal conclusions to which no

11

response is required.  To the extent a response is required, the Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and refer to the Power of Attorney for a complete and accurate statement of its contents.

72.    The Herman Defendants deny the allegations in Paragraph 72 of the Amended Complaint that they participated in a fraudulent scheme, state, upon information and belief, that Albedo was a qualified pension plan, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the documentation submitted by the Payment Agents.  For the allegations in Paragraph 72 against others, no response is required.

73.    The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Amended Complaint concerning the documentation submitted by the Payment Agents.

74.    The Herman Defendants deny the allegations in Paragraph 74 of the Amended Complaint that they participated in a fraudulent scheme, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 concerning the submission to SKAT or distributions by the Payment Agents.

**6.    The Role of the Broker-Custodians**

75.    The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Amended Complaint.

76.    The Herman Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Amended Complaint and its subparagraphs and refers the Court to the Income Advice for a complete and accurate statement of its contents.

77.     Paragraph 77 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Herman Defendants deny the allegations in Paragraph 77 of the Amended Complaint and state, upon information and belief, that Albedo was a qualified pension plan.

## CAUSES OF ACTION

### COUNT I
**(Fraud – Against All Defendants)**

78.     The Herman Defendants repeat and reallege their answers to paragraphs 1 through 77 as if set forth fully herein.

79.     The Herman Defendants deny the allegations in Paragraph 79 of the Amended Complaint as to themselves.  For allegations in Paragraph 79 against others, no response is required.

80.     The Herman Defendants deny the allegations in Paragraph 80 of the Amended Complaint as to themselves.  For the allegations in Paragraph 80 against others, no response is required.

81.     The Herman Defendants deny the allegations in Paragraph 81 of the Amended Complaint as to themselves.  For the allegations in Paragraph 81 against others, no response is required.

82.     The Herman Defendants deny the allegations in Paragraph 82 of the Amended Complaint as to themselves.  For the allegations in Paragraph 82 against others, no response is required.

## COUNT II
### (Aiding and Abetting Fraud – Against All Defendants)

83.     The Herman Defendants repeat and reallege their answers to paragraphs 1 through 82 as if set forth fully herein.

84.     The Herman Defendants deny the allegations in Paragraph 84 of the Amended Complaint as to themselves.  For the allegations in Paragraph 84 against others, no response is required.

85.     The Herman Defendants deny the allegations in Paragraph 85 of the Amended Complaint as to themselves.  For the allegations in Paragraph 85 against others, no response is required.

86.     The Herman Defendants deny the allegations in Paragraph 86 of the Amended Complaint as to themselves.  For the allegations in Paragraph 86 against others, no response is required.

87.     The Herman Defendants deny the allegations in Paragraph 87 of the Amended Complaint as to themselves.  For the allegations in Paragraph 87 against others, no response is required.

88.     The Herman Defendants deny the allegations in Paragraph 88 of the Amended Complaint as to themselves.  For the allegations in Paragraph 88 against others, no response is required.

89.     The Herman Defendants deny the allegations in Paragraph 89 of the Amended Complaint as to themselves.  For the allegations in Paragraph 89 against others, no response is required.

## COUNT III
### (Payment By Mistake – Against All Defendants)

90.    The Herman Defendants repeat and reallege their answers to paragraphs 1 through 89 as if set forth fully herein.

91.    As Paragraph 91 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

92.    As Paragraph 92 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

93.    As Paragraph 93 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

94.    As Paragraph 94 of the Amended Complaint does not contain allegations concerning the Herman Defendants, no response is required.

95.    The Herman Defendants deny the allegations in Paragraph 95 of the Amended Complaint as to themselves.  For the allegations in Paragraph 95 against others, no response is required.

## COUNT IV
### (Unjust Enrichment – Against All Defendants)

96.    The Herman Defendants repeat and reallege their answers to paragraphs 1 through 95 as if set forth fully herein.

97.    The Herman Defendants deny the allegations in Paragraph 97 of the Amended Complaint as to themselves.  For  the allegations in Paragraph 97 against others, no response is required.

98.    The Herman Defendants deny the allegations in Paragraph 98 of the Amended Complaint as to themselves.  For the allegations in Paragraph 98 against others, no response is

required.

99.    The Herman Defendants deny the allegations in Paragraph 99 of the Amended Complaint as to themselves.  For the allegations in Paragraph 99 against others, no response is required.

100.    The Herman Defendants deny the allegations in Paragraph 100 of the Amended Complaint as to themselves.  For the allegations in Paragraph 100 against others, no response is required.

## COUNT V
### (Money Had & Received – Against All Defendants)

101.    The Herman Defendants repeat and reallege their answers to paragraphs 1 through 100 as if set forth fully herein.

102.    The Herman Defendants deny the allegations in Paragraph 102 of the Amended Complaint as to themselves.  For the allegations in Paragraph 102 against others, no response is required.

103.    The Herman Defendants deny the allegations in Paragraph 103 of the Amended Complaint as to themselves.  For the allegations in Paragraph 103 against others, no response is required.

## COUNT VI
### (Negligent Misrepresentation – Against All Defendants)

104.    The Herman Defendants repeat and reallege their answers to paragraphs 1 through 103 as if set forth fully herein.

105.    The Herman Defendants deny the allegations in Paragraph 105 of the Amended Complaint as to themselves.  For the allegations in Paragraph 105 against others, no response is required.

106.    The Herman Defendants deny the allegations in Paragraph 106 of the Amended Complaint as to themselves.  For the allegations in Paragraph 106 against others, no response is required.

107.    The Herman Defendants deny the allegations in Paragraph 107 of the Amended Complaint as to themselves.  For the allegations in Paragraph 107 against others, no response is required.

108.    The Herman Defendants deny the allegations set forth in Paragraph 108 of the Amended Complaint as to themselves.  For the allegations in Paragraph 108 against others, no response is required.

## REQUEST FOR RELIEF

The allegations set forth in the "WHEREFORE" clause constitute SKAT's request for relief to which no response is required.  To the extent that a response is required, the Herman Defendants deny that SKAT is entitled to the relief requested, or any other relief.

## JURY DEMAND

The Herman Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join necessary and indispensable parties.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to exhaust its administrative or other legal remedies available to it.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any and all purported damages are the result of Plaintiff's conduct, including but not limited to: negligence, contributory negligence, assumption of risk, and wrongful or unauthorized acts.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because it lacks standing to assert claims on behalf of the sovereign.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the subject matter of this Amended Complaint is the subject of pending legal proceedings in another jurisdiction.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate its alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that such purported

damages have or will be paid or indemnified by a collateral source.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Herman Defendants are barred, in whole or in part, because any purported loss, damages or injuries were caused, in whole or in part, by the negligence, assumption of risk, fault of other culpable parties and/or third parties to this action, other than the Herman Defendants, for whose acts, omissions or breaches of legal duty the Herman Defendants are not liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery by Plaintiff should be reduced by application of New York General Obligations Law § 15-108.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by collateral estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction to hear this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver and release.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the Amended Complaint are barred by the long-standing doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to plead fraud with the adequate degree of specificity and particularity.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants hereby adopt and incorporate by reference any and all other legally valid defenses to be asserted by any other defendant in this action to the extent they are applicable to Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

The recovery by SKAT, if any, should be barred because the subject matter of this lawsuit is the subject matter of another pending legal or administrative proceeding.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Herman Defendants reserve the right to add or amend these Affirmative Defenses based on information that may become known during the course of discovery.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, the Herman Defendants respectfully request a judgment dismissing the Amended Complaint with prejudice, together with its costs, disbursements and attorney's fees and such other and further relief as the Court may deem just and proper.

Dated: July 3, 2020
      New York, New York

Respectfully submitted,

KAPLAN RICE LLP

By:  /s/Michelle A. Rice

142 West 57th Street Suite 4A
New York, New York 10019
(212) 235-0300 (telephone)
(212) 235-0301 (facsimile)

*Attorneys for Defendants Joseph Herman and Albedo Management LLC Roth 401(k) Plan*