**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX
REFUND LITIGATION

This document relates to 1:18-cv-10100

MASTER DOCKET

Case No.: 1:18-md-02865-LAK

---

NEWSONG FELLOWSHIP CHURCH
401(K) PLAN and ALEXANDER JAMIE
MITCHELL III,

                  Third-Party Plaintiffs,

v.

ED&F MAN CAPITAL MARKETS, LTD.,

                  Third-Party Defendant.

**THIRD-PARTY DEFENDANT
ED&F MAN CAPITAL MARKETS, LTD.'S
AMENDED ANSWER TO AMENDED
THIRD-PARTY COMPLAINT**

Third-Party Defendant ED&F Man Capital Markets, Ltd. ("ED&F" or "Third-Party Defendant"), for its Amended Answer to the Amended Third-Party Complaint and Jury Demand, dated November 12, 2019 (the "Third-Party Complaint"), by Defendants/Third-Party Plaintiffs Newsong Fellowship Church 401(k) Plan (the "Plan") and Alexander Jamie Mitchell III (collectively, the "Third-Party Plaintiffs"), upon the written consent of the Third-Party Plaintiffs pursuant to Federal Rule of Civil Procedure 15(a)(2), by and through its undersigned attorneys, hereby answers and responds as follows:

ED&F lacks knowledge or information sufficient to form a belief about the truth or falsity of any of the allegations that relate to any other party in this lawsuit, and therefore all responses below pertain only to ED&F. With respect to those allegations, including headings

and subheadings, that do not address or refer to the acts or omissions of ED&F, ED&F submits that no response is required.

ED&F reserves its right to supplement its Amended Answer and raise affirmative defenses that become available or apparent during the course of discovery and to amend its Amended Answer accordingly.

## ANSWER

The preliminary statement of the Third-Party Complaint is comprised of arguments, legal conclusions, and unenumerated allegations or statements of fact as to which no response is required.  To the extent a response is required, ED&F denies the allegations in the preliminary statement, except lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the Third-Party Plaintiffs' beliefs about their entitlement to the withholding-tax refunds.

## RESPONSE TO "PARTIES"

1.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Third-Party Complaint, except admits that the Plan was a U.S. pension plan with an address at 1102 Millersville Pike, Lancaster, Pennsylvania, 17603.

2.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Third-Party Complaint, except admits that the Plan designated Acer as its attorney-in-fact with respect to its trading accounts with ED&F.

3.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Third-Party Complaint.

4.     ED&F denies the allegations in Paragraph 4 of the Third-Party Complaint, except admits that it is a financial brokerage business and financial servicer headquartered at 3 London

Bridge Street, London, SE1 9SG, United Kingdom and that it executed trades in Danish

securities for the Plan, provided documentation and information to the Plan, charged fees in

connection with its services, and acted as the Custodian for the Plan pursuant to the Custody

Agreement annexed to the Third-Party Complaint as Exhibit A (the "Custody Agreement").

## <u>RESPONSE TO JURISDICTION AND VENUE</u>

5.      Paragraph 5 of the Third-Party Complaint asserts legal conclusions as to which no

response is required.  To the extent a response is required, ED&F denies the allegations in

Paragraph 5 of the Third-Party Complaint.

6.      ED&F admits the allegations in the first sentence of Paragraph 6 of the Third-

Party Complaint.  The second sentence of Paragraph 6 asserts legal conclusions as to which no

response is required.  To the extent a response is required, ED&F denies the allegations in the

second sentence of Paragraph 6.

7.      Paragraph 7 of the Third-Party Complaint asserts legal conclusions as to which no

response is required.  To the extent a response is required, ED&F denies the allegations in

Paragraph 7 of the Third-Party Complaint.

8.      Paragraph 8 of the Third-Party Complaint asserts legal conclusions as to which no

response is required. To the extent a response is required, ED&F denies the allegations in

Paragraph 8 of the Third-Party Complaint, except admits that this action was transferred to this

Court for pretrial purposes.

9.      The allegations in Paragraph 9 of the Third-Party Complaint are not directed at

this Third-Party Defendant and as such, no response is required.  To the extent a response is

required, ED&F denies the allegations in Paragraph 9 of the Third-Party Complaint.

## RESPONSE TO STATEMENT OF FACTS

The headings and subheadings under the Statement of Facts section of the Third-Party Complaint contain legal conclusions or summarizing statements to which no response is required. To the extent a response is required, ED&F denies the allegations in the headings and subheadings under the Statement of Facts section of the Third-Party Complaint.

**RESPONSE TO "ED&F entered into various agreements with the Plan pursuant to which ED&F agreed to exercise reasonable care in relation to the Plan's transactions and account."**

10.     ED&F admits the allegations in Paragraph 10 of the Third-Party Complaint.

11.     ED&F admits the allegations in Paragraph 11 of the Third-Party Complaint.

12.     ED&F admits the allegations in Paragraph 12 of the Third-Party Complaint.

13.     ED&F denies the allegations in Paragraph 13 of the Third-Party Complaint and respectfully refers the Court to the Custody Agreement for its contents.

14.     ED&F denies the allegations in Paragraph 14 of the Third-Party Complaint except admits that the Plan executed a letter agreement and respectfully refers the Court to the letter agreement for its contents.

15.     ED&F denies the allegations in Paragraph 15 of the Third-Party Complaint. Upon information and belief, the letter agreement referred to in Paragraph 15 of the Third-Party Complaint is attached thereto as Exhibit C.

16.     ED&F denies the allegations in Paragraph 16 of the Third-Party Complaint, except admits that ED&F executed trades on behalf of, and prepared custody records for, the Plan.

17.     ED&F admits the allegations in Paragraph 17 of the Third-Party Complaint.

18.     Paragraph 18 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 18 of the Third-Party Complaint.

19.     Paragraph 19 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 19 of the Third-Party Complaint, except admits it was required to comply with applicable law.

**RESPONSE TO "The Plan traded in Danish securities through ED&F and intended to receive dividends net of withholding taxes from Danish issuers and to apply for withholding-tax refunds based on the information provided by ED&F."**

20.     Paragraph 20 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 20 of the Third-Party Complaint.

21.     Paragraph 21  of the Third-Party Complaint asserts legal conclusions as to which no response is required.

22.     Paragraph 22 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 22 of the Third-Party Complaint.

23.     ED&F admits the allegations in Paragraph 23 of the Third-Party Complaint.

24.     ED&F denies the allegations in Paragraph 24 of the Third-Party Complaint, except admits that ED&F prepared certain documents, including buy/sell confirmations, account statements, and tax vouchers.

25.    ED&F denies the allegations in Paragraph 25 of the Third-Party Complaint, except admits that ED&F provided documents and information reflecting ED&F's understanding of the Plan's holdings, security interests, and withholding taxes to the Plan through Acer.

26.    ED&F denies the allegations in Paragraph 26 of the Third-Party Complaint.

27.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Third-Party Complaint.

**RESPONSE TO "Third-Party Plaintiffs relied on ED&F when the Plan applied for withholding-tax refunds from SKAT."**

28.    ED&F denies the allegations in Paragraph 28 of the Third-Party Complaint, except admits that ED&F executed certain securities transactions and prepared one or more tax vouchers.

29.    ED&F denies the allegations in Paragraph 29 of the Third-Party Complaint, except admits that ED&F prepared one or more tax vouchers and respectfully refers the Court to the tax vouchers for their contents.

30.    ED&F denies the allegations in Paragraph 30 of the Third-Party Complaint, except admits that ED&F prepared tax vouchers in connection with dividends for which the Plan made claims for withholding tax refunds.

31.    ED&F denies the allegations in Paragraph 31 of the Third-Party Complaint, except admits that ED&F was aware that the Plan was likely to request withholding tax refunds through Goal Taxback.

32.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Third-Party Complaint, except admits that in some instances ED&F sent tax vouchers directly to Goal Taxback.  ED&F further responds that on other occasions it sent tax vouchers directly to the Plan's authorized agent, and in the instances

in which it sent tax vouchers directly to Goal Taxback, it did so on the express instructions of the Plan's authorized agent.

33.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Third-Party Complaint, except admits that ED&F would on occasion send copies of tax vouchers to Acer.

34.     ED&F admits the allegations in Paragraph 34 of the Third-Party Complaint.

35.     ED&F admits the allegations in Paragraph 35 of the Third-Party Complaint.

36.     ED&F denies the allegations in Paragraph 36 of the Third-Party Complaint. Upon information and belief, the tax vouchers referred to in Paragraph 36 of the Third-Party Complaint are attached thereto as Exhibit B.

37.     Paragraph 37 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 37 of the Third-Party Complaint, except admits that its obligations with respect to records and statements are prescribed under the Custody Agreement attached to the Third-Party Complaint as Exhibit A.

38.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Third-Party Complaint.

39.     ED&F denies the allegations in Paragraph 39 of the Third-Party Complaint.

40.     ED&F denies the allegations in Paragraph 40 of the Third-Party Complaint, except admits that it prepared tax vouchers and in some instances sent tax vouchers directly to Goal Taxback.  ED&F further responds that on other occasions it sent tax vouchers directly to the Plan's authorized agent, and in the instances in which it sent tax vouchers directly to Goal Taxback, it did so on the express instructions of the Plan's authorized agent.

7

41.    ED&F denies the allegations in Paragraph 41 of the Third-Party Complaint, except admits that ED&F provided Acer with account statements reflecting ED&F's understanding of the Danish securities transactions.

42.    Paragraph 42 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent response is required, ED&F denies the allegations in Paragraph 42 of the Third-Party Complaint.

43.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Third-Party Complaint.

44.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Third-Party Complaint, except admits that SKAT sued Third-Party Plaintiffs in or about 2018, asserting causes of action including causes of action for fraud, aiding and abetting fraud, negligent misrepresentation, unjust enrichment, and money had and received.

45.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Third-Party Complaint, except admits that SKAT voluntarily dismissed its claims for fraud, aiding and abetting fraud, and negligent misrepresentation on or about November 20, 2018 and that the Court dismissed SKAT's payment-by-mistake claim on or about June 12, 2019.

46.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Third-Party Complaint.

**RESPONSE TO "Third-Party Plaintiffs relied on information provided by ED&F, including the Tax Vouchers, when they chose to defend against SKAT's claims and pursue appeals in Denmark challenging SKAT's revocations of its tax-refund payments to the Plan."**

47.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Third-Party Complaint.

48.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Third-Party Complaint.

49.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Third-Party Complaint.

50.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Third-Party Complaint.

51.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Third-Party Complaint.

52.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Third-Party Complaint.

53.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Third-Party Complaint.

**RESPONSE TO "In September 2019, ED&F admitted that all of the Tax Vouchers that it created for the Plan are inaccurate."**

54.    ED&F admits the allegations in Paragraph 54 of the Third-Party Complaint.

55.    The allegations in Paragraph 55 of the Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 55 of the Third-Party Complaint,

except admits that the Amended Defence was filed in September 2019 and respectfully refers the Court to the Amended Defence for its contents.

56.    The allegations in Paragraph 56 of the Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 56 of the Third-Party Complaint, except admits that Annex E to the Amended Defence identified certain tax vouchers containing inaccurate information and respectfully refers the Court to the Amended Defence for its contents.

57.    ED&F denies the allegations in Paragraph 57 of the Third-Party Complaint, except admits that Annex E to the Amended Defence is attached to the Third-Party Complaint as Exhibit D.

58.    The allegations in Paragraph 58 of the Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 58 of the Third-Party Complaint and respectfully refers the Court to the Amended Defence for its contents.

59.    ED&F denies the allegations in Paragraph 59 of the Third-Party Complaint and respectfully refers the Court to the Amended Defence for its contents.

60.    ED&F denies the allegations in Paragraph 60 of the Third-Party Complaint, except admits that ED&F provided the relevant tax vouchers identified on Annex E to the Amended Defence to the Plan and/or its agents.

61.    ED&F denies the allegations in Paragraph 61 of the Third-Party Complaint, except admits that ED&F provided account statements reflecting ED&F's understanding of the Danish securities transactions.

62.    ED&F denies the allegations in Paragraph 62 of the Third-Party Complaint.

63.    ED&F denies the allegations in Paragraph 63 of the Third-Party Complaint.

64.    ED&F denies the allegations in Paragraph 64 of the Third-Party Complaint.

65.    ED&F denies the allegations in Paragraph 65 of the Third-Party Complaint.

66.    ED&F denies the allegations in Paragraph 66 of the Third-Party Complaint.

67.    ED&F denies the allegations in Paragraph 67 of the Third-Party Complaint.

68.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Third-Party Complaint.

69.    ED&F denies the allegations in Paragraph 69 of the Third-Party Complaint and avers that the allegations in Paragraph 69 of the Third-Party Complaint rely on incorrect assumptions.

70.    ED&F denies the allegations in Paragraph 70 of the Third-Party Complaint and avers that the allegations in Paragraph 70 of the Third-Party Complaint rely on incorrect assumptions.

71.    ED&F denies the allegations in Paragraph 71 of the Third-Party Complaint.

72.    ED&F denies the allegations in Paragraph 72 of the Third-Party Complaint.

73.    ED&F denies the allegations in Paragraph 73 of the Third-Party Complaint.

74.    Paragraph 74 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 74 of the Third-Party Complaint.

75.    Paragraph 75 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 75 of the Third-Party Complaint.

76.     Paragraph 76 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 76 of the Third-Party Complaint.

77.     Paragraph 77 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 77 of the Third-Party Complaint.

**RESPONSE TO "If SKAT proves the Plan did not own shares it claimed to own, did not earn the dividends it claimed to have earned, or was otherwise not entitled to the withholding taxes it claimed, then ED&F should be responsible for any amounts claimed by SKAT."**

78.     The allegations in Paragraph 78 of the Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 78 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

79.     The allegations in Paragraph 79 of the Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 79 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

80.     The allegations in Paragraph 80 of the Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 80 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

81.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of the Third-Party Complaint, except admits that SKAT (i) sued ED&F in the United Kingdom over the same transactions that are the basis of SKAT's

claims against Third-Party Plaintiffs, (ii) did not allege that ED&F committed any fraud, and (iii) described ED&F as a "non-fraud defendant."

82.     Paragraph 82 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations of Paragraph 82 of the Third-Party Complaint.

83.     Paragraph 83 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations of Paragraph 83 of the Third-Party Complaint.

**RESPONSE TO "Alternatively, ED&F must repay the fees it collected in relation to the Plan's transactions and withholding-tax refunds if SKAT is entitled to damages or restitution."**

84.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 of the Third-Party Complaint.

85.     ED&F denies the allegations in Paragraph 85 of the Third-Party Complaint, except admits that ED&F received fees for services provided in connection with the securities transactions.

86.     The allegations in Paragraph 86 of the Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 86 of the Third-Party Complaint and respectfully refers the Court to the Amended Defence for its contents.

87.     ED&F denies the allegations in Paragraph 87 of the Third-Party Complaint, except admits that ED&F received fees for services provided to the Plan.

88.     Paragraph 88 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 88 of the Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT I
#### (Fraud – *Third-Party Plaintiffs v. ED&F*)

89.     ED&F repeats and realleges ¶¶ 1-88 above, as if fully set forth herein.

90.     ED&F denies the allegations in Paragraph 90 of the Third-Party Complaint, except admits that ED&F prepared tax vouchers and provided them to the Plan and/or its agents.

91.     ED&F denies the allegations in Paragraph 91 of the Third-Party Complaint.

92.     ED&F denies the allegations in Paragraph 92 of the Third-Party Complaint.

93.     ED&F denies the allegations in Paragraph 93 of the Third-Party Complaint.

94.     ED&F denies the allegations in Paragraph 94 of the Third-Party Complaint.

95.     ED&F denies the allegations in Paragraph 95 of the Third-Party Complaint.

96.     ED&F denies the allegations in Paragraph 96 of the Third-Party Complaint.

97.     ED&F denies the allegations in Paragraph 97 of the Third-Party Complaint.

98.     ED&F denies the allegations in Paragraph 98 of the Third-Party Complaint.

99.     Paragraph 99 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 99 of the Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT II
#### (Negligent Misrepresentation – *Third-Party Plaintiffs v. ED&F*)

100.    ED&F repeats and realleges ¶¶ 1-99 above, as if fully set forth herein.

101.    Paragraph 101 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 101 of the Third-Party Complaint.

102.    Paragraph 102 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 102 of the Third-Party Complaint.

103.    Paragraph 103 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 103 of the Third-Party Complaint.

104.    Paragraph 104 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 104 of the Third-Party Complaint.

105.    ED&F denies the allegations in Paragraph 105 of the Third-Party Complaint.

106.    Paragraph 106 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 106 of the Third-Party Complaint.

107.    ED&F denies the allegations in Paragraph 107 of the Third-Party Complaint.

108.    ED&F denies the allegations in Paragraph 108 of the Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT III
**(Breach of Contract – *The Plan v. ED&F*)**

109.    ED&F repeats and realleges ¶¶ 1-108 above, as if fully set forth herein.

110.    ED&F admits the allegations in Paragraph 110 of the Third-Party Complaint.

111.    Paragraph 111 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 111 of the Third-Party Complaint.

112.    Paragraph 112 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 112 of the Third-Party Complaint.

113.    Paragraph 113 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 113 of the Third-Party Complaint.

114.    Paragraph 114 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 114 of the Third-Party Complaint.

115.    Paragraph 115 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 115 of the Third-Party Complaint.

116.    Paragraph 116 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 116 of the Third-Party Complaint.

117.    ED&F denies the allegations in Paragraph 117 of the Third-Party Complaint.

118.    ED&F denies the allegations in Paragraph 118 of the Third-Party Complaint.

## THIRD-PARTY CLAIM COUNT IV
### (Breach of Fiduciary Duty – *Third-Party Plaintiffs v. ED&F*)

119.    ED&F repeats and realleges ¶¶ 1-118 above, as if fully set forth herein.

120.    Paragraph 120 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 120 of the Third-Party Complaint.

121.    ED&F denies the allegations in Paragraph 121 of the Third-Party Complaint.

122.    Paragraph 122 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 122 of the Third-Party Complaint.

123.    Paragraph 123 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 123 of the Third-Party Complaint.

124.    Paragraph 124 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 124 of the Third-Party Complaint.

125.    Paragraph 125 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 125 of the Third-Party Complaint.

126.    ED&F denies the allegations in Paragraph 126 of the Third-Party Complaint.

127.    ED&F denies the allegations in Paragraph 127 of the Third-Party Complaint.

## THIRD-PARTY CLAIM COUNT V
### (Promissory Estoppel – *Third-Party Plaintiffs v. ED&F*)

128.    ED&F repeats and realleges ¶¶ 1-127 above, as if fully set forth herein.

129.    ED&F denies the allegations in Paragraph 129 of the Third-Party Complaint.

130.    ED&F denies the allegations in Paragraph 130 of the Third-Party Complaint.

131.    ED&F denies the allegations in Paragraph 131 of the Third-Party Complaint.

132.    ED&F denies the allegations in Paragraph 132 of the Third-Party Complaint.

133.    ED&F denies the allegations in Paragraph 133 of the Third-Party Complaint.

134.    ED&F denies the allegations in Paragraph 134 of the Third-Party Complaint.

135.    ED&F denies the allegations in Paragraph 135 of the Third-Party Complaint.

136.    ED&F denies the allegations in Paragraph 136 of the Third-Party Complaint.

137.    ED&F denies the allegations in Paragraph 137 of the Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT VI
**(Unjust Enrichment – *Third-Party Plaintiffs v. ED&F*)**

138.    ED&F repeats and realleges ¶¶ 1-137 above, as if fully set forth herein.

139.    ED&F denies the allegations in Paragraph 139 of the Third-Party Complaint, except admits that ED&F received fees for services provided in connection with securities transactions.

140.    ED&F denies the allegations in Paragraph 140 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

141.    ED&F denies the allegations in Paragraph 141 of the Third-Party Complaint.

142.    ED&F denies the allegations in Paragraph 142 of the Third-Party Complaint.

143.    ED&F denies the allegations in Paragraph 143 of the Third-Party Complaint, except admits that ED&F received fees for services provided to the Plan.

144.    ED&F denies the allegations in Paragraph 144 of the Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT VII
**(Equitable Indemnification – *Third-Party Plaintiffs v. ED&F*)**

145.    ED&F repeats and realleges ¶¶ 1-144 above, as if fully set forth herein.

146.    Paragraph 146 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 146 of the Third-Party Complaint.

147.    ED&F denies the allegations in Paragraph 147 of the Third-Party Complaint.

148.    ED&F denies the allegations in Paragraph 148 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

149.    ED&F denies the allegations in Paragraph 149 of the Third-Party Complaint.

150.    Paragraph 150 of the Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 150 of the Third-Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

151.    To the extent that Third-Party Plaintiffs have been damaged or injured, which ED&F denies, such damage was caused, in whole or in part, by Third-Party Plaintiffs' own acts or omissions and/or the acts or omissions of other parties, including, but not limited to, negligence.

## SECOND AFFIRMATIVE DEFENSE

152.    To the extent that Third-Party Plaintiffs have been damaged or injured, which ED&F denies, such damage was caused in whole or in part, or increased by, Third-Party Plaintiffs' failure to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

153.    Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or release.

## FOURTH AFFIRMATIVE DEFENSE

154.    Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

155.    Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrines of collateral estoppel, claims preclusion and/or res judicata.

## SIXTH AFFIRMATIVE DEFENSE

156.    Third-Party Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

157.    Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

158.    Third-Party Plaintiffs, by their own actions and conduct, have failed to exercise reasonable care and diligence on their own behalf, thereby causing or contributing to their alleged injuries and damages, if any. Third-Party Plaintiffs' recovery must therefore be reduced or eliminated altogether by the proportion of damages caused by their acts and conduct.

## NINTH AFFIRMATIVE DEFENSE

159.    Any damages sustained by Third-Party Plaintiffs as alleged in the Third-Party Complaint were caused, in whole or in part, by the culpable conduct of other third parties, over which ED&F had no control, and not as a result of any culpable conduct on the part of ED&F.

## TENTH AFFIRMATIVE DEFENSE

160.    The Court lacks personal jurisdiction over ED&F.

## ELEVENTH AFFIRMATIVE DEFENSE

161.    Venue is improper because the parties agreed to specific venue.

## TWELFTH AFFIRMATIVE DEFENSE

162.    The claims asserted by Third-Party Plaintiffs directly contradict the explicit terms of the relevant agreements by and between Third-Party Plaintiffs and ED&F, and should therefore be dismissed.

## JURY DEMAND

ED&F demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Third-Party Defendant ED&F Man Capital Markets, Ltd. respectfully requests that this Court enter judgment against Third-Party Plaintiffs Newsong Fellowship Church 401(K) Plan and Alexander Jamie Mitchell III, as follows:

(i)     Judgment denying all relief requested by the Third-Party Plaintiffs;

(ii)    Judgment dismissing with prejudice the Third-Party Complaint as against ED&F in its entirety;

(iii)   Judgment in favor of ED&F and against the Third-Party Plaintiffs in all respects;

(iv)    An award to ED&F of reasonable attorneys' fees, costs and expenses; and

(v)     Such other and further relief as the Court may deem just and appropriate.

Dated:   New York, New York
        July 14, 2020

**BINDER & SCHWARTZ LLP**

/s/ Neil S. Binder
Neil S. Binder
366 Madison Avenue, 6th Floor
New York, NY 10017
Telephone: 212-510-7031
Facsimile: 212-510-7299
nbinder@binderschwartz.com

*Attorneys for Third-Party Defendant ED&F*
*Man Capital Markets, Ltd.*