UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION<br><br>This document relates to: 1:18-cv-05374 / 1:18-cv-08655 | MASTER DOCKET<br><br>Case No.: 1:18-md-02865-LAK |
| DEL MAR ASSET MANAGEMENT SAVINGS AND RETIREMENT PLAN, FEDERATED LOGISTICS LLC 401K PLAN, and DAVID FREELOVE,<br><br>   Third-Party Plaintiffs,<br><br>v.<br><br>ED&F MAN CAPITAL MARKETS, LTD.,<br><br>   Third-Party Defendant. | **THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS, LTD.'S AMENDED ANSWER TO THIRD-PARTY COMPLAINT** |

Third-Party Defendant ED&F Man Capital Markets, Ltd. ("ED&F" or "Third-Party Defendant"), for its Amended Answer to the Third-Party Complaint, dated November 5, 2019 (the "Third-Party Complaint"), by Third-Party Plaintiffs Del Mar Asset Management Savings and Retirement Plan (the "Del Mar Plan") and Federated Logistics LLC 401K Plan (the "Federated Plan," and together with the Del Mar Plan, the "Plans") and David Freelove (together with the Plans, the "Third-Party Plaintiffs"), upon the written consent of the Third-Party Plaintiffs pursuant to Federal Rule of Civil Procedure 15(a)(2), by and through its undersigned attorneys, hereby answers and responds as follows:

ED&F lacks knowledge or information sufficient to form a belief about the truth or falsity of any of the allegations that relate to any other party in this lawsuit, and therefore all responses below pertain only to ED&F.  With respect to those allegations, including headings and subheadings, that do not address or refer to the acts or omissions of ED&F, ED&F submits that no response is required.

ED&F reserves its right to supplement its Amended Answer and raise affirmative defenses that become available or apparent during the course of discovery and to amend its Amended Answer accordingly.

## ANSWER

The preliminary statement of the Third-Party Complaint is comprised of arguments, legal conclusions, and unenumerated allegations or statements of fact to which no response is required.  To the extent a response is required, ED&F denies the allegations in the preliminary statement, except admits that the Plans and/or Hamlyn LP are entitled to withholding-tax refunds.

## RESPONSE TO "PARTIES"

1. ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Third-Party Complaint, except admits that the Plans were U.S. pension plans.

2. ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Third-Party Complaint, except admits that the Federated Plan had an address at 599 Middlesex Road, Darien, Connecticut, 06820 and the Del Mar Plan had an address at 711 Fifth Avenue, New York, New York 10022.

3. ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Third-Party Complaint.

4. ED&F denies the allegations in Paragraph 4 of the Third-Party Complaint, except admits that it is a financial brokerage business and financial servicer headquartered at 3 London Bridge Street, London, SE1 9SG, United Kingdom and that it executed trades in Danish securities for one or more of the Plans and/or Hamlyn LP, provided documentation and information to one or more of the Plans and/or Hamlyn LP, and charged fees in connection with its services.

5. ED&F denies the allegations in Paragraph 5 of the Third-Party Complaint, except admits that ED&F is a global financial brokerage with offices in Asia, Europe, South America and North America, including New York.

## RESPONSE TO "JURISDICTION AND VENUE"

6. Paragraph 6 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 6 of the Third-Party Complaint.

7. Paragraph 7 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 7 of the Third-Party Complaint.

8. Paragraph 8 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 8 of the Third-Party Complaint.

**RESPONSE TO "STATEMENT OF FACTS"**

The headings and subheadings under the Statement of Facts section of the Third-Party Complaint contain legal conclusions or summarizing statements to which no response is required. To the extent a response is required, ED&F denies the allegations in the headings and subheadings under the Statement of Facts section of the Third-Party Complaint.

9. ED&F admits the allegations in Paragraph 9 of the Third-Party Complaint.

10. ED&F denies the allegations in Paragraph 10 of the Third-Party Complaint, except (i) admits that the Del Mar Plan was a limited partner in Hamlyn LP; (ii) admits that Hamlyn LP opened an account with ED&F from which transactions in Danish securities were executed for the benefit of the Del Mar Plan; (iii) admits that in 2013-2014 ED&F entered into various agreements with Hamlyn LP and the Federated Plan, including Custody Agreements, Security and Set-Off Deeds, ISDA Master Agreements, and Terms and Conditions of Business; and (iv) lacks knowledge or information regarding the registration of Hamlyn LP.

11. ED&F denies the allegations in Paragraph 11 of the Third-Party Complaint, except admits that one or more of the Plans and/or Hamlyn LP have maintained separate brokerage accounts with ED&F since at least April 2013.

12. Paragraph 12 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 12 of the Third-Party Complaint.

13. Paragraph 13 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 13 of the Third-Party Complaint, except admits it was required to comply with applicable law.

14. ED&F denies the allegations in Paragraph 14 of the Third-Party Complaint, except admits that Duet was the investment manager for one or more of the Plans and/or Hamlyn LP.

15. ED&F denies the allegations in Paragraph 15 of the Third-Party Complaint, except admits that ED&F communicated with the Plans and/or Hamlyn LP through Duet.

16. Paragraph 16 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 16 of the Third-Party Complaint.

17. Paragraph 17 of the Third-Party Complaint asserts legal conclusions to which no response is required.

18. Paragraph 18 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 18 of the Third-Party Complaint.

19. ED&F denies the allegations in Paragraph 19 of the Third-Party Complaint, except admits that one or more of the Plans and/or Hamlyn LP traded in shares of certain Danish companies through ED&F between April 2013 and August 2014.

20. ED&F denies the allegations in Paragraph 20 of the Third-Party Complaint, except admits that ED&F prepared certain documents, including buy/sell confirmations, account statements, and tax vouchers.

21. ED&F denies the allegations in Paragraph 21 of the Third-Party Complaint, except admits that ED&F provided documents and information reflecting ED&F's understanding of holdings, security interests, and withholding taxes to the Plans and/or Hamlyn LP through Duet.

22. ED&F denies the allegations in Paragraph 22 of the Third-Party Complaint.

23. ED&F denies the allegations in Paragraph 23 of the Third-Party Complaint, except admits that ED&F prepared tax vouchers stating that Hamlyn LP and/or the Federated Plan held securities in Danish companies over the dividend dates and received dividends net of withholding tax on those securities.

24. ED&F denies the allegations in Paragraph 24 of the Third-Party Complaint, except admits that ED&F executed certain securities transactions and prepared one or more tax vouchers.

25. ED&F denies the allegations in Paragraph 25 of the Third-Party Complaint, except admits that ED&F prepared tax vouchers in connection with dividends for which one or more of the Plans and/or Hamlyn LP made claims for withholding tax refunds.

26. ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Third-Party Complaint, except admits that ED&F would on occasion send copies of tax vouchers to Duet.

27. ED&F denies the allegations in Paragraph 27 of the Third-Party Complaint, except admits that ED&F prepared tax vouchers stating (i) that Hamlyn LP and/or the Federated Plan held indicated securities over the dividend dates, (ii) that specified dividends were received by Hamlyn LP and/or the Federated Plan net of withholding tax, and (iii) that ED&F "has no beneficial interest in the holding and will not be reclaiming the tax."

28. ED&F denies the allegations in Paragraph 28 of the Third-Party Complaint, except admits that Third-Party Plaintiffs attached tax vouchers as exhibits to their Third-Party Complaint.

29. ED&F denies the allegations in Paragraph 29 of the Third-Party Complaint.

30. Paragraph 30 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 30 of the Third-Party Complaint.

31. ED&F denies the allegations in Paragraph 31 of the Third-Party Complaint.

32. ED&F denies the allegations in Paragraph 32 of the Third-Party Complaint, except admits that it prepared tax vouchers and in some instances sent tax vouchers directly to Goal Taxback. ED&F further responds that on other occasions it sent tax vouchers directly to the relevant plan's authorized agent, and in the instances in which it sent tax vouchers directly to Goal Taxback, it did so on the express instructions of the relevant plan's authorized agent.

33. Paragraph 33 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 33 of the Third-Party Complaint.

34. ED&F denies the allegations in Paragraph 34 of the Third-Party Complaint, except admits that ED&F provided Duet with account statements and/or general ledgers reflecting ED&F's understanding of the Danish securities transactions.

35. Paragraph 35 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 35 of the Third-Party Complaint.

36. ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Third-Party Complaint.

37. ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Third-Party Complaint, except admits that SKAT sued

Third-Party Plaintiffs, asserting causes of action for fraud, aiding and abetting fraud, negligent misrepresentation, unjust enrichment, and money had and received.

38. ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Third-Party Complaint.

39. ED&F admits the allegations in Paragraph 39 of the Third-Party Complaint.

40. The allegations in Paragraph 40 of the Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 40 of the Third-Party Complaint, except admits that the Amended Defence was filed in September 2019 and respectfully refers the Court to the Amended Defence for its content.

41. The allegations in Paragraph 41 of the Third-Party Complaint purport to describe the contents of the Amended Defense and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 41 of the Third-Party Complaint, except admits that seven of the tax vouchers in Annex E to the Amended Defense refer to the Del Mar Plan and five of the tax vouchers in Annex E to the Amended Defense refer to the Federated Plan.  ED&F respectfully refers the Court to the Amended Defence for its content.

42. ED&F denies the allegations in Paragraph 42 of the Third-Party Complaint.

43. ED&F denies the allegations in Paragraph 43 of the Third-Party Complaint and respectfully refers the Court to the tax vouchers for their contents.

44. Paragraph 44 of the Third-Party Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 44 of the Third-Party Complaint.

45.     Paragraph 45 of the Third-Party Complaint asserts legal conclusions to which no answer is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 45 of the Third-Party Complaint.

46.     ED&F denies the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 of the Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 47 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

48.     The allegations in Paragraph 48 of the Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 48 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

49.     The allegations in Paragraph 49 of the Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 49 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

50.     Paragraph 50 of the Third-Party Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 50 of the Third-Party Complaint.

51.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Third-Party Complaint.

52.     ED&F denies the allegations in the first sentence of Paragraph 52 of the Third-Party Complaint, except admits that ED&F received fees for services provided in connection

with the securities transactions. The second sentence of Paragraph 52 of the Third-Party Complaint purports to describe the contents of the Amended Defence and does not require a response. To the extent that a response is required, ED&F denies the allegations in the second sentence of Paragraph 52 of the Third-Party Complaint and respectfully refers the Court to the Amended Defence for its content.

53. Paragraph 53 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 53 of the Third-Party Complaint.

## COUNT I
### (Fraud—The Plans v. ED&F)

54. ED&F repeats and realleges ¶¶ 1-53 above, as if fully set forth herein.

55. ED&F denies the allegations in Paragraph 55 of the Third-Party Complaint.

56. ED&F denies the allegations in Paragraph 56 of the Third-Party Complaint.

57. ED&F denies the allegations in Paragraph 57 of the Third-Party Complaint.

58. ED&F denies the allegations in Paragraph 58 of the Third-Party Complaint.

59. Paragraph 59 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 59 of the Third-Party Complaint.

## COUNT II
### (Negligent Misrepresentation)

60. ED&F repeats and realleges ¶¶ 1-59 above, as if fully set forth herein.

61. Paragraph 61 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 61 of the Third-Party Complaint.

62. ED&F denies the allegations in Paragraph 62 of the Third-Party Complaint.

63. ED&F denies the allegations in Paragraph 63 of the Third-Party Complaint.

64. Paragraph 64 of the Third-Party Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 64 of the Third-Party Complaint.

65. ED&F denies the allegations in Paragraph 65 of the Third-Party Complaint.

## COUNT III
### (Breach of Contract – The Plans v. ED&F)

66. ED&F repeats and realleges ¶¶ 1-65 above, as if fully set forth herein.

67. ED&F denies the allegations in Paragraph 67 of the Third-Party Complaint, except admits that ED&F entered into binding and enforceable contracts with Hamlyn LP and the Federated Plan, including Custody Agreements, Security and Set-Off Deeds, ISDA Master Agreements, and Terms and Conditions of Business.

68. Paragraph 68 of the Third-Party Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 68 of the Third-Party Complaint.

69. Paragraph 69 of the Third-Party Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 69 of the Third-Party Complaint.

70. Paragraph 70 of the Third-Party Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 70 of the Third-Party Complaint.

71. Paragraph 71 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 71 of the Third-Party Complaint.

## COUNT IV
### (Breach of Fiduciary Duty—Third-Party Plaintiffs v. ED&F)

72. ED&F repeats and realleges ¶¶ 1-71 above, as if fully set forth herein.

73. Paragraph 73 of the Third-Party Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 73 of the Third-Party Complaint.

74. ED&F denies the allegations in Paragraph 74 of the Third-Party Complaint.

75. Paragraph 75 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 75 of the Third-Party Complaint.

76. Paragraph 76 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 76 of the Third-Party Complaint.

77. Paragraph 77 of the Third-Party Complaint asserts legal conclusions to which no response is required. To the extent a response is required, ED&F denies the allegations in Paragraph 77 of the Third-Party Complaint.

78. ED&F denies the allegations in Paragraph 78 of the Third-Party Complaint.

## COUNT V
### (Promissory Estoppel—Third-Party Plaintiffs v. ED&F)

79. ED&F repeats and realleges ¶¶ 1-78 above, as if fully set forth herein.

80. ED&F denies the allegations in Paragraph 80 of the Third-Party Complaint.

81. ED&F denies the allegations in Paragraph 81 of the Third-Party Complaint.

82. ED&F denies the allegations in Paragraph 82 of the Third-Party Complaint.

83. ED&F denies the allegations in Paragraph 83 of the Third-Party Complaint.

84. ED&F denies the allegations in Paragraph 84 of the Third-Party Complaint.

85. ED&F denies the allegations in Paragraph 85 of the Third-Party Complaint.

86. ED&F denies the allegations in Paragraph 86 of the Third-Party Complaint.

## COUNT VI
### (Unjust Enrichment—Third-Party Plaintiffs v. ED&F)

87. ED&F repeats and realleges ¶¶ 1-86 above, as if fully set forth herein.

88. ED&F denies the allegations in Paragraph 88 of the Third-Party Complaint, except admits that ED&F received fees for services provided in connection with the securities transactions.

89. ED&F denies the allegations in Paragraph 89 of the Third-Party Complaint, except admits that Annex E to the Amended Defence identified tax vouchers containing inaccurate information.

90. ED&F denies the allegations in Paragraph 90 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

91. ED&F denies the allegations in Paragraph 91 of the Third-Party Complaint.

92. ED&F denies the allegations in Paragraph 92 of the Third-Party Complaint, except admits that ED&F received fees for services provided to the Plans and/or Hamlyn LP.

93. ED&F denies the allegations in Paragraph 93 of the Third-Party Complaint.

## COUNT VII
### (Equitable Indemnification—Third-Party Plaintiffs v. ED&F)

94. ED&F repeats and realleges ¶¶ 1-93 above, as if fully set forth herein.

95.     Paragraph 95 of the Third-Party Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 95 of the Third-Party Complaint.

96.     ED&F denies the allegations in Paragraph 96 of the Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

97.     Paragraph 97 of the Third-Party Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 97 of the Third-Party Complaint.

## COUNT VIII
### (Contribution—Third-Party Plaintiffs v. ED&F)

98.     ED&F repeats and realleges ¶¶ 1-97 above, as if fully set forth herein.

99.     Paragraph 99 of the Third-Party Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 99 of the Third-Party Complaint.

100.    ED&F denies the allegations in Paragraph 100 of the Third-Party Complaint to and respectfully refers the Court to SKAT's pleadings for their contents.

101.    Paragraph 101 of the Third-Party Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 101 of the Third-Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

102.    To the extent that Third-Party Plaintiffs have been damaged or injured, which ED&F denies, such damage was caused, in whole or in part, by Third-Party Plaintiffs' own acts or omissions and/or the acts or omissions of other parties, including, but not limited to, negligence.

**SECOND AFFIRMATIVE DEFENSE**

103.     To the extent that Third-Party Plaintiffs have been damaged or injured, which ED&F denies, such damage was caused in whole or in part, or increased by, Third-Party Plaintiffs' failure to mitigate damages.

**THIRD AFFIRMATIVE DEFENSE**

104.     Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or release.

**FOURTH AFFIRMATIVE DEFENSE**

105.     Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

106.     Third-Party Plaintiffs' claims may be barred, in whole or in part, by the doctrines of collateral estoppel, claim preclusion and/or res judicata.

**SIXTH AFFIRMATIVE DEFENSE**

107.     Third-Party Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

108.     Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

109.     Third-Party Plaintiffs, by their own actions and conduct, have failed to exercise reasonable care and diligence on their own behalf, thereby causing or contributing to their

alleged injuries and damages, if any. Third-Party Plaintiffs' recovery must therefore be reduced or eliminated altogether by the proportion of damages caused by their acts and conduct.

## NINTH AFFIRMATIVE DEFENSE

110. Any damages sustained by Third-Party Plaintiffs as alleged in the Third-Party Complaint were caused, in whole or in part, by the culpable conduct of other third parties, over which ED&F had no control, and not as a result of any culpable conduct on the part of ED&F.

## TENTH AFFIRMATIVE DEFENSE

111. The Court lacks personal jurisdiction over ED&F.

## ELEVENTH AFFIRMATIVE DEFENSE

112. Venue is improper because the parties agreed to a specific venue.

## TWELFTH AFFIRMATIVE DEFENSE

113. The claims asserted by Third-Party Plaintiffs directly contradict the explicit terms of the relevant agreements by and between Third-Party Plaintiffs and ED&F, and should therefore be dismissed.

## JURY DEMAND

ED&F demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Third-Party Defendant ED&F Man Capital Markets, Ltd. respectfully requests that this Court enter judgment against Third-Party Plaintiffs Del Mar Asset Management Savings and Retirement Plan, Federated Logistics LLC 401K Plan, and David Freelove, as follows:

(i) Judgment denying all relief requested by the Third-Party Plaintiffs;

(ii) Judgment dismissing with prejudice the Third-Party Complaint as against ED&F in its entirety;

(iii) Judgment in favor of ED&F against the Third-Party Plaintiffs in all respects;

(iv) An award to ED&F of reasonable attorneys' fees, costs and expenses; and

(v) Such other and further relief as the Court may deem just and appropriate.

Dated: New York, New York
August 4, 2020

**BINDER & SCHWARTZ LLP**

/s/ Neil S. Binder

Neil S. Binder
366 Madison Avenue, 6th Floor
New York, NY 10017
Telephone: 212-510-7031
Facsimile: 212-510-7299
nbinder@binderschwartz.com

*Attorneys for Third-Party Defendant ED&F Man Capital Markets, Ltd.*