# EXHIBIT J

2014 WL 2048425
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Noel VELASQUEZ and Carlos Rivera,
individually and on behalf of all
others similarly situated, Plaintiffs,
v.
DIGITAL PAGE, INC. d/b/a Fusion Wireless;
Cellular Consultants Inc., d/b/a/, Fusion Wireless;
Cellular Consultants of Nassau, Inc., d/b/a/ Fusion
Wireless; Cellular Consultants of Nassau St I, d/
b/a/ Fusion Wireless; Cellular Consultants of
Farmingdale, d/b/a/ Fusion Wireless; Brandon
Haenel and Robert Pachtman, Defendants.

No. CV 11–3892(LDW)(AKT).
|
Signed May 19, 2014.

**Attorneys and Law Firms**

James Aldo Vagnini, Sumantra T. Sinha, Valli Kane &
Vagnini LLP, Garden City, NY, for Plaintiffs.

Joseph M. Labuda, Jamie Scott Felsen, Milman Labuda Law
Group, PLLC, Lake Success, NY, for Defendants.

### DECISION AND ORDER

A. KATHLEEN TOMLINSON, United States Magistrate
Judge.

 *1  Plaintiffs Noel Velasquez and Carlos Rivera
("Plaintiffs") bring this action on behalf of themselves
and all similarly situated persons seeking unpaid overtime
compensation from Defendants Digital Page, Inc., Cellular
Consultants Inc., Cellular Consultants of Nassau, Inc.,
Cellular Consultants of Nassau STI, Cellular Consultants
of Farmingdale, Brandon Haenel and Robert Pachtman
(collectively, "Defendants"), pursuant to the Fair Labor
Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C.
§§ 201 et seq. and the New York Labor Law.

Plaintiffs have moved for leave to file an Amended
Complaint. DE 105. Defendants do not oppose this motion.

DE 108, DE 137. Plaintiffs have also moved for conditional
certification as a collective action and for notice of pendency
to potential collective action members, pursuant to 29
U.S.C. § 216(b). DE 100. Defendants do not oppose Plaintiffs'
motion to proceed as a collective action but do oppose
Plaintiffs' proposed Notice of FLSA Overtime Lawsuit and
Consent to Join form (the "Notice and Consent"). DE 103.
Based on the Court's review of the parties' submissions as well
as the applicable case law, Plaintiffs' motions to amend and
for conditional certification as a collective action are hereby
GRANTED to the extent set forth below. Plaintiffs' Motion
for Notice of Pendency to potential collective action members
is GRANTED in part and DENIED in part.

### I. *BACKGROUND*

The Complaint alleges violations of federal and state wage
and hour laws requiring overtime pay against several named
corporate entities—all doing business as Fusion Wireless—
and against the principals of the corporate entities. Plaintiffs'
proposed Amended Complaint revises Plaintiffs' Complaint
to add the following seven previously undisclosed corporate
entities which also do business as Fusion Wireless: Cellular
Consultants Broadway Inc., Cellular Consultants of Port
Washington, Inc., Cellular Consultants Ridgewood Inc.,
Cellular Consultants of West Islip Inc., Wireless Franchise
Corp., Cellular Consultants Holding Corp., and Digital Page
Sales Corp. The proposed Amended Complaint pleads the
same causes of action against the new parties as were pled
against the Defendants named in the Complaint. There are no
new causes of action asserted.

### II. *Motion to Amend*

 **A. Legal Standard**
Rule 15(a) of the Federal Rules of Civil Procedure provides
that in cases where a party cannot amend as a matter of course,
"a party may amend its pleading only with the opposing
party's written consent or the court's leave." Fed.R.Civ.P.
15(a); *Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243,
258 (2d Cir.2002); *Branum v. Clark,* 927 F.2d 698, 705
(2d Cir.1991). A court "should freely give leave when justice
so requires" and such leave is in the court's discretion.
Fed.R.Civ.P. 15(a)(1)(B)(2); *accord Grace v. Rosenstock,*
228 F.3d 40, 52 (2d Cir.2000). When a proposed amendment
seeks to add new parties, the propriety of the proposed
amendment is governed by Federal Rule of Civil Procedure

21 which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21; see Addison v. Reitman Blactop, Inc., 283 F.R.D. 74, 79 (E.D.N.Y.2011). "In deciding whether to permit the addition of defendants, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.' " Addison, 283 F.R.D. at 79 (quoting Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y.1980) (quoting Fair Hous. Dev. Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y.1972))). "Thus, leave to amend a complaint to assert claims against additional defendants 'should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court.' " Id. (quoting DeFazio v. Wallis, No. 05–CV–5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006)).

### B. Analysis

**\*2** The Court concludes that Plaintiffs have not engaged in undue delay, bad faith, or any other conduct which would warrant denial of leave to amend. Thus, the only issue is whether the claims against the proposed defendants are untimely and therefore futile.

The FLSA provides a two-year statute of limitations on actions to enforce its provisions unless the violation was willful, in which case the limitations period is three years. 29 U.S.C. § 255(a) (2006). However, in FLSA collective actions, the statute of limitations is not tolled for opt-in plaintiffs until the "date on which [their] written consent is filed in the court in which the action was commenced." Id. § 256(b).

FLSA claims accrue with each payday "following the work period when services are rendered." Nakahata v. New York–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 198 (2d Cir.2013) (citing 29 C.F.R. § 790.21(b) (2012)). Here, employees who worked for the proposed defendants will have timely claims as long as their allegedly unlawful pay periods fall within two or three years preceding the addition of the proposed defendants to the Complaint. Thus, to the extent there may be some employees with timely claims, Plaintiffs' claims are not futile. Accordingly, Plaintiffs' motion for leave to file an Amended Complaint to add the seven previously undisclosed corporate entities which also do business as Fusion Wireless is granted.

With regard to employees whose claims accrued before the two or three years preceding the addition of the proposed defendants, Plaintiffs argue that their claims would also be timely because they relate back to the Plaintiffs' original Complaint. For the reasons that follow, the Court disagrees.

"If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir.2001) (citing Federal Rule of Civil Procedure 15(c)). A claim against a new defendant relates back to the original complaint if

> (1) the claims against the new parties arise out of the same conduct, transaction, or occurrence as alleged in the original complaint; (2) the new party received notice of the suit within 120 days of institution so that it will not be prejudiced in its defense; and (3) the new party knew or should have known that, but for a mistake concerning the identity of the party, the action would have been brought against the party.

Addison, 283 F.R.D. at 82 (citing Fed.R.Civ.P. 15(c)). Here, the first two factors are easily satisfied.

First, the claims asserted against the new parties are identical to those raised in the Complaint and arose out of the same conduct. Defendants Haenal and Pachtman are the owners of all the Fusion Wireless corporate entities, and Haenal testified at his deposition that the overtime pay and eligibility policies at the non-named Fusion Wireless entities were identical to the overtime pay and eligibility policies at the Fusion Wireless entities which were originally named as Defendants in the Complaint. DE 107, Ex. 3.

**\*3** Second, the new parties received notice of the suit within 120 days of institution because Defendants Haenal and Pachtman, the owners of all of the Fusion Wireless corporate entities, are named in the Complaint and have appeared in the action. Id.

Plaintiffs, however, cannot satisfy the final factor. The final prong of the relation back doctrine requires that the proposed defendants "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c). "Rule 15(c)(1)(C) (ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere,* 560 U.S. 538, 548, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010) (emphasis in original). "Following the Supreme Court's decision in *Krupski,* the Second Circuit's 'holding that a lack of knowledge is not a mistake is still intact.' " *Urena v. Wolfson,* No. 09–CV–1107, 2011 WL 7439005, at *4 (E.D.N.Y. Aug. 24, 2011); *Dominguez v. City of N.Y.,* No. 10 Civ. 2620, 2010 WL 3419677, at *6 (E.D.N.Y. Aug. 27, 2010); *see Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 470 (2d Cir.1995).

Notwithstanding the foregoing principle, as a threshold matter, courts in this district and other federal districts have held that Rule 15(c) does not apply in cases where a plaintiff seeks to add an *additional* party as a defendant, as is the case here. For example, as the court in *In re Vitamin C Antitrust Litigation* recently explained:

> Rule 15(c) (1)(C) does not encompass just any mistake. It requires a mistake "concerning *the proper party's identity"* .... As a matter of plain language, this provision would appear to include only "wrong party" cases, and not "additional party" cases. This is because the "mistake" has to "concern [ ]" the "identity" of the "proper party [ ]." In an "additional party" case like this one, there generally will be no "mistake concerning" the proper party's "identity." The plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable. If the drafters of Rule 15 had meant to allow relation back in this situation, they could have easily done so.
>
> ....
>
> Where a plaintiff has not mistakenly sued the wrong party, a court need not consider what a defendant knows and when the defendant knew it; the threshold requirement for Rule 15(c)(1) (C)—a "mistake concerning the proper party's identity"—has not been met.

*In re Vitamin C Antitrust Litigation,* ––– F.Supp.2d ––––, 2014 WL 351896, at *3–4 (E.D.N.Y.2014) (citing Fed.R.Civ.P. 15(c)(1)(C)); *Turner v. Nicoletti,* No. 12–1855, 2013 WL 3989071, at *3 (W.D.Pa. Aug.2, 2013) (distinguishing *Krupski* and declining to grant relief under Rule 15(c) where "[p]laintiff did not identify the wrong parties ... in his Complaint despite having sufficient information available to correctly identify them .... [Rather, plaintiff] has sued *additional parties for additional and different reasons."* ) (emphasis in original)).

**\*4** In any case, even assuming the threshold requirement for examination under Rule 15(c) has been met, the court in *In re Vitamin C Antitrust Litigation* noted that "the most plaintiffs can say is that they were unaware of [the proposed defendant's] participation in the [allegations giving rise to the complaint] when they filed their first consolidated amended complaint.... In the Second Circuit, however, lack of knowledge does not constitute a 'mistake' for relation back purposes." ––– F.Supp.2d ––––, 2014 WL 351896, at *4 (citing *Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 470 (2d Cir.1995)).

Here, Plaintiffs claim that they first learned the identity of five of the seven proposed defendants as a result of the August 23, 2012 deposition testimony of Defendant Haenal when five additional Fusion Wireless corporate entities were revealed. DE 106 at 3. Plaintiffs discovered the identity of the remaining two proposed defendants on April 30, 2013 when Plaintiffs performed a search of the New York State Division of Corporations public database and learned that Defendant Haenal filed Certificates of Incorporation for two previously undisclosed Fusion Wireless entities. *Id.* at 5. Plaintiffs' belated discoveries do not qualify as a mistake under Rule 15(c). Indeed, by acknowledging that they learned the identities of these corporate entities through the discovery process and upon their own investigation, Plaintiffs essentially concede that they "sued the right defendant[s], and simply neglected to sue [ ]other defendant[s] wh[ich] might also be liable." *In re Vitamin C Antitrust Litigation,* ––– F.Supp.2d ––––, 2014 WL 351896, at *3. As the court in *In re Vitamin C Antitrust Litigation* explained, adopting Plaintiffs' theory of relation-back here would essentially eviscerate the statute of limitations requirements:

> The theory upon which plaintiffs rely—that they were unaware of [the proposed defendant's] "role and status in the alleged conspiracy"—is a familiar one.... But the statute of limitations "is not tolled for a plaintiff's leisurely discovery of the full details of the alleged scheme." *Glonti*

*v. Stevenson,* No. 08 cv 8960, 2009 WL 311293, at *10 (S.D.N.Y. Feb.6, 2009). Adopting plaintiffs' expansive theory of relation back would gut the policies underlying periods of limitation, because filing a complaint would effectively become an indefinite toll of the statute of limitations against any defendants who learn of the action and who might also be liable for the conduct alleged, under the theory that those defendants "should have known" that the plaintiff had made a "mistake" in not suing them as well. Relation-back would swallow the general principles of statutes of limitations.

*Id.* at *5. Accordingly, the Court finds that Plaintiffs' lack of knowledge as to the identity of the proposed defendants does not satisfy the third prong of the Rule 15(c) analysis, *i.e.,* the requirement that the proposed defendants should have known they would be named as defendants but for a mistake.

**\*5** Plaintiffs, however, present an alternative argument as to why their proposed amendment is not futile. Relying on *Addison v. Reitman Blactop, Inc.,* 283 F.R.D. 74 (E.D.N.Y.2011), Plaintiffs contend that because the proposed Amended Complaint alleges that *all* of the Fusion Wireless entities—Defendants and the proposed defendants—together constitute a single employer, the proposed defendants knew or should have known that, but for a mistake, they would have been named in the original Complaint.

The Second Circuit summarized the "single employer" doctrine as follows:

> "A 'single employer' situation exists 'where two nominally separate entities are actually part of a single integrated enterprise....' " In such circumstances, of which examples may be parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management, the nominally distinct entities can be deemed to constitute a single enterprise. There is well-established authority under this theory that, in appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger "single-employer" entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer.

*Arculeo v. On–Site Sales & Marketing, LLC,* 425 F.3d 193, 198 (2d Cir.2005) (quoting *Clinton's Ditch Cooperative Co. v. NLRB,* 778 F.2d 132 (2d Cir.1985)) (internal citations omitted). "In determining whether multiple defendants constitute a single employer, courts consider the following factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Addison,* 283 F.R.D. at 84 (citing *Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1240 (2d Cir.1995)).

In *Addison,* defendants opposed the addition of B. Reitman, Inc. as a defendant on the grounds of futility because plaintiffs had "offered no reason to support the addition of this corporation as a defendant in this action." *Id.* In response, plaintiffs contended that B. Reitman, Inc., along with the two original defendants, constituted a single integrated enterprise and were therefore properly identified as plaintiffs' employer for purposes of plaintiffs' FLSA claims. *Id.*

After noting the four factors courts consider in determining whether multiple defendants constitute a single employer, the Court found that because this analysis is fact-specific, "on a motion to dismiss, and therefore, a motion to amend futility analysis, the relevant inquiry is whether a defendant has been put 'on notice of the theory of employer liability.' " *Id.* (quoting *Fowler v. Scores Holding Co.,* 677 F.Supp.2d 673, 681 (S.D.N.Y.2009)). The court found that the defendants were put on notice of the theory of employer liability because plaintiffs' proposed amended complaint alleged that the corporate defendants formed a " 'single integrated enterprise' as they shared common management, finances, and/or other resources." *Id.* Therefore, the court held that it would not be futile to permit the plaintiffs to amend the complaint to add the new proposed corporate defendant. *Id.*

**\*6** Here, as in *Addison,* the proposed Amended Complaint alleges that all of the Fusion Wireless corporate entities together form a "single integrated enterprise" because "not only was each named corporate Defendant only owned by Defendants Haenal and Pachtman but they also shared common management, a common system of operations, common policies regarding overtime pay and overtime pay eligibility and other common labor policies, common finances and/or other resources." DE 107, Ex. 6 ¶¶ 22–23. In addition, Plaintiffs point out that the evidence obtained thus far supports these allegations.[1] Thus, Plaintiffs argue that it would not be futile to permit them to amend to add the proposed defendants.

Plaintiffs' analysis of the *Addison* decision is not complete, however. While the court in *Addison* did find that the amendment would not be futile with regard to whether B. Reitman, Inc. was a proper defendant under the single employer theory, the Court separately addressed the relation back doctrine with regard to this proposed defendant:

> [T]he Plaintiffs alleged in the *Initial Complaint and the First Amended Complaint* that they were proceeding against the Defendants under a "single integrated enterprise" theory. Thus, accepting as true for the purposes of this motion that B. Reitman, Inc. is part of a "single integrated enterprise" with the originally named defendants, the Defendants knew or should have known that but for a mistake on the part of the Plaintiffs, B. Reitman, Inc. should have been named as a defendant. Accordingly, the Court finds that it would not be futile to permit the Plaintiffs to add B. Reitman, Inc. as a defendant in this lawsuit and therefore grants the Plaintiffs' motion.

283 F.R.D. at 85 (emphasis added).

The difference between the instant matter and *Addison* is that in *Addison,* plaintiffs' original complaint asserted a single enterprise theory, thus putting the proposed defendants on notice that, "but for a mistake concerning the identity of the party, the action would have been brought against" them as well. Fed.R.Civ.P. 15(c)). Here, by contrast, the original Complaint makes no reference to a single employer theory. Instead, the Complaint alleges that "Plaintiffs ... bring this collective and class action on their own behalf and those similarly situated pursuant to the Federal and State laws requiring overtime pay," Compl. ¶ 2, and that "Defendants committed violations of these laws by engaging in a systematic scheme of failing to compensate Plaintiffs and similarly-situated employees their statutorily required overtime pay," *id.* ¶ 3. The Complaint further alleges that "[u]pon information and belief, all FLSA Plaintiffs and Class Plaintiffs have been treated similarly throughout their employment with Defendants at various locations." *Id.* ¶ 33. Thus, while the allegations in the proposed Amended Complaint may very well state a claim against the proposed defendants under a single employer theory, that does not mean that the allegations of the original Complaint, which do not reference such a theory, were sufficient to put the proposed defendants on notice that Plaintiffs had made a mistake in not suing them as well.

**\*7** Given the foregoing information, the Court finds that Plaintiffs' proposed amendments would be futile except to the extent employees' claims accrued within the two or three years preceding the addition of the proposed defendants. In this regard, the Court notes that statute of limitations runs from the date Plaintiffs sought leave to amend. *Teri v. Spinelli,* No. 05–CV–2777, 2013 WL 5819672, at \*8 (E.D.N.Y. Oct. 28, 2013). Accordingly, Plaintiffs' motion for leave to file an Amended Complaint to add the seven previously undisclosed corporate entities which also do business as Fusion Wireless is granted to the extent set forth above.

### III. *Motion for Conditional Certification*

#### A. Legal Standard

The FLSA provides, in pertinent part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... An action to recover ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Section 216(b) provides an employee with a private right of action to recover overtime compensation and/or minimum wages. *Id.; Bifulco v. Mort. Zone, Inc.,* 262 F.R.D. 209, 212 (E.D.N.Y.2009); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F.Supp.2d 101, 103 (S.D.N.Y.2003). "Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of 'certifying a class.' " *Bifulco,* 262 F.R.D. at 212 (citations omitted).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. First, the court determines whether the proposed class members are "similarly situated." *McGlone v. Contract Callers, Inc.,* 867 F.Supp.2d 438, 442 (S.D.N.Y.2012); *Rubery v. Buth–Na–Bodhaige, Inc.,* 569 F.Supp.2d 334, 336 (W.D.N.Y.2007). If the court decides in the affirmative, then the proposed class members must consent in writing to be bound by the result of the suit, or "opt-in." *Id.; see* 29 U.S.C. § 216(b). The second step, which typically occurs after the completion of discovery, requires the court to make factual findings whether the class members are actually similarly situated. *Rosario v. Valentine Ave. Discount Store, Co.,* 828 F.Supp.2d 508, 514 (E.D.N.Y.2011); *Bifulco,* 262 F.R.D. at 212. "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." *Bifulco,* 262 F.R.D. at 212 (quotations omitted); *Hens v. ClientLogic Operating Corp.,* No. 05–CV–381, 2006 WL 2795620, at *4 (W.D.N.Y. Sept. 26, 2006).

**\*8** The instant motion concerns only the first step—whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this stage, "the evidentiary standard is lenient," *Rubery,* 569 F.Supp.2d at 336, and "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.' " *Doucoure v. Matlyn Food, Inc.,* 554 F.Supp.2d 369, 372 (E.D.N.Y.2008) (quoting *Hoffmann v. Sbarro,* 982 F.Supp. 249, 261 (S.D.N.Y.1997)); *Trinidad v. Pret A Manger (USA) Ltd.,* 962 F.Supp.2d 545, 552 (S.D.N.Y.2013); *Iglesias–Mendoza v. Le Belle Farms, Inc.,* 239 F.R.D. 363, 367 (S.D.N.Y.2007). Courts have repeatedly stated that Section 216(b)'s "similarly situated" requirement is "considerably less stringent" than the requirements for class certification under Federal Rule of Civil Procedure 23. *See, e.g., Rodolico v. Unisys Corp.,* 199 F.R.D. 468, 481 (E.D.N.Y.2001) (collecting cases). "In making this showing, 'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan' is required." *Sexton v. Franklin First Fin., Ltd.,* No. 08–CV–4950, 2009 WL 1706535, at *3 (E.D.N.Y. Jun.16, 2009) (quoting *Scholtisek v. Eldre Corp.,* 229 F.R.D. 381, 387 (W.D.N.Y.2005)); *Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.,* No. 13–cv–60, 2013 WL 5132023, at *4 (E.D.N.Y. Sept.12, 2013). The standard of proof remains low because the purpose of this first stage is merely to determine whether "similarly situated" plaintiffs do in fact exist. *Trinidad,* 962 F.Supp.2d at 553 (citing *Dybach v. State of Fla. Dep't of Corr.,* 942 F.2d 1562, 1567 (11th Cir.1991)).

Courts do not require proof of an actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Sobczak v. AWL Indus., Inc.,* 540 F.Supp.2d 354, 362 (E.D.N.Y.2007) (quoting *Wraga v. Marble Lite, Inc.,* No. 05–CV–5038, 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006)). This determination is typically "based on the pleadings, affidavits and declarations" submitted by the plaintiff or plaintiffs. *See Sexton,* 2009 WL 1706535, at *3 (citing *Hens,* 2006 WL 2795620, at *3); *see also Hallissey v. Am. Online, Inc.,* No. 99–CV–3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.").

Indeed, courts in the Second Circuit routinely grant conditional certification for overtime claims based on the statements of the named plaintiff(s) and other supporting affidavits. *See Kemper v. Westbury Operating Corp.,* No. 12–CV–0895, 2012 WL 4976122, at *2 (E.D.N.Y. Oct. 17, 2012) (granting conditional certification for overtime claims based

on affidavit of the named plaintiff); *Klimchak v. Cardrona, Inc.,* No. CV–09–4311, 2011 WL 1120463, at *4–6 (E.D.N.Y. Mar. 24, 2011) (granting conditional certification at the initial stage of discovery where the two named plaintiffs and two opt-in plaintiffs submitted affidavits); *Schwerdtfeger v. Demarchelier Mgmt., Inc.,* No. 10–CV–7557, 2011 WL 2207517, at *3 (S.D.N.Y. June 6, 2011) (granting conditional certification for overtime, minimum wage and tip violations at defendants' restaurants based on declarations from named plaintiffs and opt-ins); *Lujan v. Cabana Mgmt., Inc.,* No. 10–CV–755, 2011 WL 317984, at *4 (E.D.N.Y. Feb. 1, 2011) (granting conditional certification, finding that "[t]he employees' declarations articulate a number of FLSA violations common to all three of the New York locations"); *Cano v. Four M. Food Corp.,* 08–CV–3005, 2009 WL 5710143, at *6 (E.D.N.Y. Feb.3, 2009) (granting conditional certification, finding that sworn statements from the plaintiffs "set[ ] forth defendants' common denial of overtime pay, the named plaintiffs' personal knowledge of and the names of other co-workers who were allegedly subject to the same denial of overtime pay."); *Iriarte v. Redwood Deli & Catering, Inc.,* No. 07–cv–5062, 2008 WL 2622929, at *3 (E.D.N.Y. June 30, 2008) (granting certification on the basis of plaintiff's one affidavit).

### B. Form of Notice

**\*9** "Neither the [FLSA], nor other courts, have specifically outlined what form courtauthorized notice should take nor what provisions the notice should contain." *Moore v. Eagle Sanitation, Inc.,* 276 F.R.D. 54, 59 (E.D.N.Y.2011) (citing *Fasanelli v. Heartland Brewery, Inc.,* 516 F.Supp.2d 316, 323 (S.D.N.Y.2007)). The Supreme Court has abstained from reviewing the contents of a proposed notice under § 216(b) noting "we decline to examine the terms of the notice ... We confirm the existence of the trial court's discretion, not the details of its exercise." *Hoffman–La Roche Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 486, 107 L.Ed.2d 480 (1989). "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and whether the notice provides "accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate." *Fasanelli,* 516 F.Supp.2d at 323; *Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55, 59 (S.D.N.Y.2009).

### C. Analysis: Conditional Certification

Plaintiffs seek conditional certification as to the following group:

> Sales Associates who have been employed by Defendants for a period of three years prior to the filing of the Complaint to the present ... [and] who were required to work in excess of forty (40) hours per week and who were not paid overtime as was the policy and practice of Defendants.

DE 101 at 1. Defendants do not oppose the motion.

Before the Court addresses Plaintiffs' present motion, some procedural history is necessary. On April 26, 2012, the Court denied Plaintiffs' motion for collective action certification, without prejudice, finding that the definition of the putative collective action members was overly broad and ambiguous and that counsel had not made the "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." DE 38 (quoting *Doucoure,* 554 F.Supp.2d at 372 (quoting *Hoffman v. Sbarro,* 982 F.Supp. 249, 261 (S.D.N.Y.1997)). The Court noted that although the motion papers failed to define the class, the Complaint sought conditional certification of a class consisting of "current and former employees of defendants who perform any work in any of defendant[s'] locations as non-managerial employees who give consent to file a cause of action to recover overtime compensation which is legally due them for the time worked in excess of forty hours in a given work week." DE 44 at 4 (quoting Compl. ¶ 16). The Court found that the term "non-managerial employees" covered a multitude of possibilities, none of which were clarified by the motion papers. *Id.* at 11. ("Taken to its logical inference, this class could include secretaries, clerical workers, maintenance staff, receptionists, et cetera."). *Id.* Although Plaintiffs' motion papers subsequently referred to the term "sales associate," it was unclear from the papers whether that was the intended class. *Id.*

**\*10**  The Court further noted that the affidavits offered in support of the motion were deficient in that the only mention of prospective members was the following sentence, "I have knowledge and belief that the other non-managerial employees also worked over forty hours per week and were not compensated for any hours over forty." *Id.* at 11. The Court found that there was no basis for each of the affiant's alleged knowledge or belief that other defendant employees actually worked over forty hours and were not being properly compensated. *Id.* at 11–12. Accordingly, Plaintiffs' motion for collective action certification was denied. DE 38. On June 5, 2012, the Court's Order was affirmed by Judge Wexler. DE 51.

Plaintiffs now renew their motion for collective action certification. As noted above, the instant motion narrows the putative collective action members to "Sales Associates who have been employed by Defendants for a period of three years prior to the filing of the Complaint to the present ... [and] who were required to work in excess of forty (40) hours per week and who were not paid overtime as was the policy and practice of Defendants." DE 101 at 1. In addition, the Plaintiffs proffer detailed affidavits from the named Plaintiffs as well as from one other former Sales Associate. DE 101, Exs. B–D. In each affidavit, the affiant identifies specifically named co-workers who were employed as Sales Associates by Defendants and who allegedly were not properly compensated for overtime work. *Id.* Each affiant also indicates that he specifically discussed this matter with these other employees. *Id.*

The Court finds that Plaintiffs have sufficiently made the "modest factual showing" necessary to demonstrate that Plaintiffs and the potential plaintiffs together "were victims of a common policy or plan that violated the law." *Doucoure,* 554 F.Supp.2d 369, 372; *Sbarro,* 982 F.Supp. 249, 261; *Trinidad,* 962 F.Supp.2d at 553. Further, Plaintiffs have established a "sufficient factual nexus" between their situation and that of the putative collective. *See Sobczak,* 540 F.Supp.2d at 362; *Wraga,* 2006 WL 2443554, at \*1. Therefore, the Court hereby conditionally certifies the class proposed by the Plaintiffs.

### D. Analysis: Form of Notice

As noted, Plaintiffs have provided a proposed Notice of FLSA Overtime Lawsuit and Consent to Join form. DE 104, Ex. L. The Defendants assert several objections to the Notice and Consent. The Court will address these objections in turn.

### *1. Length of Notice Period*

Plaintiffs' Notice proposes that it be sent to Sales Associates employed by Defendants for a three-year period. Defendants argue that because Plaintiffs have failed to offer any evidence of a willful violation, the notice period should be limited to two years. Defendants offer no authority in support of their position.

The limitations period for the FLSA is two years or, if the violation was willful, three years. 29 U.S.C. § 255(a) (2006). Several courts have approved a notice period of three years when the plaintiff alleges willfulness. *See, e.g., Ritz. Mike Rory Corp.,* No. 12 CV 367, 2013 WL 1799974, at \*3 (E.D.N.Y. Apr. 30, 2013); *Francis v. A7E Stores, Inc.,* No. 06 Civ. 1638, 2008 WL 4619858, at \*4 (S.D.N.Y. Oct. 16, 2008); *Laroque v. Domino's Pizza, LLC,* 557 F.Supp.2d 346, 355 n. 1 (E.D.N.Y.2008); *see also Jason v. Falcon Data Com, Inc.,* No. 09–CV–3990, 2011 WL 2837488, at \*7 (E.D.N.Y. July 18, 2011) (approving a three-year notice period). Here, the Complaint alleges that Defendants' conduct was willful. *See* Compl. ¶¶ 58, 61. Accordingly, the Court finds that a three-year period is appropriate.

### *2. Calculating the Starting Date for Purposes of Notice*

**\*11**  Plaintiffs' motion proposes that notice be sent to Sales Associates employed by Defendants three years before the filing of the Complaint. Plaintiffs do not cite any case law in support of their position. Instead, Plaintiffs point to prior orders of the Court holding that the relevant starting point for purposes of discovery of Sales Associate information is three years prior to commencement of this action. DE 104 (citing DE 38; DE 51; DE 63; DE 73; and DE 85). Defendants, on the other hand, cite many cases for the proposition that courts routinely hold that the starting date for the look-back period is the date of the court's order granting a plaintiff's motion for conditional certification. DE 103 at 2 (citing *Ritz v. Mike Rory Corp.,* 2013 U.S. Dist. LEXIS 61634 \*7–8, 2013 WL 1799974 (E.D.N.Y. Apr. 29, 2013); *Hernandez v. Immortal Rise, Inc.,* 2012 U.S. Dist. LEXIS 136556 \*21, 2012 WL 4369746 (E.D.N.Y. Sept. 24, 2012); *Enriquez v. Cherry Hill Mkt. Corp.,* 2012 U.S. Dist. LEXIS 17036, 2012 WL 440691 (E.D.N.Y. Feb. 10, 2012); *Romero v. Flaum*

*Appetizing Corp.,* 2009 U.S. Dist. LEXIS 80498, 2009 WL 2591608 (S.D.N.Y. Aug. 17, 2009); *Searson v. Concord Mortg. Corp.,* 2009 U.S. Dist. LEXIS 88926 (E.D.N.Y. Aug. 31, 2009); *Laroque,* 557 F.Supp.2d at 355; *Doucoure v. Matlyn Food, Inc.,* 554 F.Supp.2d 369, 373 (E.D.N.Y.2008);

*Anglada v. Linens'n Things, Inc.,* 2007 U.S. Dist. LEXIS 39105, 2007 WL 1552511 (S.D.N.Y. Apr. 26, 2007); *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 199 (S.D.N.Y.2006); *Gjurovich,* 282 F.Supp.2d at 98.

As noted above, in FLSA collective actions, the statute of limitations runs for opt-in plaintiffs until the "date on which [their] written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256(b). Therefore, "some courts in this Circuit have calculated the time period for provision of notice from three years prior to the date of the relevant order, rather than three years prior to the complaint."

*Robles,* 2013 WL 6684954, at *10 (citing *Enriquez,* 2012 WL 440691, at *3). Because equitable tolling issues often arise for prospective plaintiffs, however, other courts in this Circuit have calculated the three-year period from the date of the complaint "with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." *Whitehorn v. Wolfgang's Steakhouse, Inc.,* 767 F.Supp.2d 445, 451 (S.D.N.Y.2011); *see also Robles,* 2013 WL 6684954, at *10; *Winfield v. Citibank, N.A.,* 843 F.Supp.2d 397, 410 (S.D.N.Y.2012); *Thompson v. World Alliance Fin. Corp.,* No. 08 Civ. 4951, 2010 WL 3394188, at *7 (E.D.N.Y. Aug. 20, 2010); Fasanelli, 516 F.Supp.2d at 323 n. 3. The Court finds it is appropriate for the Plaintiffs to send notice to all Sales Associates employed within three years of the date the Complaint was filed. Defendants may challenge the timeliness of individual plaintiffs' claims at a later date.

However, given the Court's holding above with respect to the timeliness of claims brought against the proposed defendants, with regard to these defendants only, the notice must reflect a look-back period of three years prior to the date Plaintiffs sought leave to amend. Therefore, it is apparent to the Court that the Notice will go out to two different groups and will have to provide for that fact accordingly.

### 3. The Time Limit to Opt–In

**\*12** Defendants object to Plaintiffs' proposed Notice to the extent it provides ninety days for plaintiffs to opt-in. Defendants note that courts generally restrict the opt-in period to 45 to 60 days. DE 103 at 3. Plaintiffs proffer no authority for their position that a 90–day opt-in period is appropriate or necessary. Plaintiffs note, however, that "[i]n the event the Court disagrees, ... the time period for opting in should be no less than sixty (60) days." DE 104 at 4.

Courts routinely restrict the opt-in period to sixty days. *Moore,* 276 F.R.D. at 61; *Whitehorn,* 767 F.Supp.2d at 451–52; *Sexton v. Franklin First Fin., Ltd.,* No. 08–CV– 4950, 2009 WL 1706535, at *12 (E.D.N.Y. Jun.16, 2009). Accordingly, the Notice should be modified to direct opt-in plaintiffs to submit their Consent forms within sixty days of the date of the Notice.

### 4. Notice of the Consequences of Joining the Action

Defendants request that the Notice provide that opt-in plaintiffs may be required to "(1) appear for depositions; (2) respond to written discovery; (3) testify at trial; and (4) pay costs to Defendants if they do not prevail." DE 104 at 3–4. Citing *Lujan v. Cabana Mgmt., Inc.,* 2011 WL 317984, No. 10–CV–755, at *11 (E.D.N.Y. Feb. 1, 2011), Plaintiffs object and argue that the Notice should include a neutral and non-technical reference to discovery obligations. In *Lujan,* the court directed the parties to modify the notice to include the following language: "If you join this lawsuit, you may be asked to give testimony and information about your work for [defendant], to help the Court decide whether you are owed any money." *Id.* In fact, courts in this Circuit routinely approve such language. *See Chen v. Oceanica Chinese Restaurant, Inc.,* No. 13–CV–4623, 2014 WL 1338315, at *10 (E.D.N.Y. Apr.2, 2014) (approving same language as in *Lujan* ); *Mendoza v. Ashiya Sushi 5, Inc.,* No. 12 Civ. 8629, 2013 WL 5211839, at *9 (S.D.N.Y. Sept.16, 2013) (same); *Ritz,* 2013 WL 1799974, at *3 (same); *Rosario v. Valentine Avenue Discount Store, Co.,* 828 F.Supp.2d 508, 520 (E.D.N.Y.2011) (same). Accordingly, the Notice shall be modified to include the language contained in *Lujan.*

With regard to costs, however, Plaintiffs are correct that decisions in this district have generally disapproved the inclusion of language about costs. *Ritz,* 2013 WL 1799974, at *3; *Hernandez v. Immortal Rise, Inc.,* No. 11 CV 4360, 2012 WL 4369746, at *7 (E.D.N.Y. Sept. 24, 2012); *Lujan,* 2011 WL 317984, at *11. Such language may pose "an in terrorem effect that is disproportionate to the actual likelihood

the costs or counterclaim damages will occur." *Guzman v. v. VLM, Inc.,* No. 07–CV–1126, 2007 WL 2994278, at *8 (E.D.N.Y. October 11, 2007). Reference to costs, therefore, shall be omitted.

Lastly, Defendants request that the Notice state "If you choose to join this lawsuit, you will be bound by any decision of the Court, judgment of the Court, or settlement, whether favorable or unfavorable." DE 103 at 4. The Notice presently provides, "If you choose to join this case, you will be bound by the judgment, whether it is favorable or unfavorable."

**\*13** The only substantive difference between Defendants' proposed wording and Plaintiffs' proposed wording is the inclusion of the phrase "by any decision of the Court ... or settlement." Plaintiffs do not object to Defendants' language. There is nothing in the relevant case law to suggest that this phrase is either required or prohibited; therefore, it is up to this Court to determine whether the inclusion of this phrase will "provide accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate," or would instead be "unduly argumentative, meant to discourage participation in the lawsuit, or [be] unnecessary or misleading." *Whitehorn,* 767 F.Supp.2d at 450 (internal quotations and citations omitted). The Court finds that modifying the language of the Notice to inform potential plaintiffs that they will be bound by any decision or settlement of the Court may assist potential plaintiffs in determining whether or not they wish to join this suit. Plaintiffs are directed to modify the notice accordingly.

### *5. Defendants' Contact Information*

Defendants request that the Notice include contact information for Defendants' counsel. In support of their position, Defendants cite several decisions from this Circuit concluding that such information is appropriately included in a notice of a collective action. *See Slamna v. API Rest. Corp.,* No. 07–CV–757, 2013 WL 3340290, at *5 (S.D.N.Y. June 27, 2013); *Moore,* 276 F.R.D. at 61; *Gjurovich,* 282 F.Supp.2d at 108; *Cano,* 2009 WL 5710143, at *11. In response, Plaintiffs rely on several decisions from outside this Circuit disallowing such requests. DE 104 at 5. The Court finds Defendants' request to be reasonable and reflective of routine practice in this Circuit. Plaintiffs are therefore directed to modify the Notice accordingly.

### **6. Reference to the Court Authorizing the Notice**

The first page of the Notice provides that "THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE HONORABLE A. KATHLEEN TOMLINSON." DE 104, Ex. L. Defendants request that this language be excluded from the Notice. Defendants cite no authority for this request and such language is routinely adopted in this Circuit. *See Robles,* 2013 WL 6684954, at *9 (directing that notice conclude with similar "routinely required language"); *Melgadejo v. S & D Fruits & Vegetables Inc.,* No. 12 Civ. 6852, 2013 WL 5951189, at *6 (S.D.N.Y. Nov.7, 2013) (directing that similar language be included at end of notice); *Alvarez v. IBM Restaurants Inc.,* 839 F.Supp.2d 580, 588 (E.D.N.Y.2012) (directing that notice be revised to change "THIS NOTICE AND CONTENTS HAVE BEEN APPROVED BY THE FEDERAL COURT." to "THIS NOTICE AND CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL COURT."). Accordingly, Defendants' request to omit reference to the Court authorizing the Notice is denied.

Defendants also request that paragraph 5 of the Notice be altered. Paragraph 5 of the Notice provides, in part, "The Defendants have denied the allegations of the lawsuit and have raised various defenses. The Court has approved the sending of this Notice, but the Court expresses no opinion on the merits of this lawsuit. A final decision on the merits of this lawsuit has not been made by the Court." *Id.* Defendants request that "the Court expresses no opinion on the merits of this lawsuit" be replaced with "The issue of who is right and who is wrong has not yet been addressed by the Judge and the Judge has no opinion who is right or wrong." DE 103 at 4. Defendants also request that this language be placed above paragraph 1 on page one of the Notice.

**\*14** In support of their position, Defendants rely on this Court's decision in *Moore,* 276 F.R.D. at 61. In *Moore,* this Court rejected defendants' request that the notice state "receipt of the Notice does not mean that the individual receiving the notice has a valid claim." *Id.* Instead, the Court found the language of the proposed notice sufficient to satisfy defendants' concerns in this regard. *Id.* ("The Judge has not decided who is right and who is wrong yet.... [I]f you choose to join this lawsuit, you will be bound by any decision of the Court, judgment of the Court, or settlement, whether favorable or unfavorable"). Thus, the Court's ruling was specific to the language under review in that case.

Here, the Court similarly finds that the language of the Notice under review is sufficient to address Defendants' concerns and that Defendants' substitution is unnecessary. However, consistent with common practice in this Circuit, the Court directs that Plaintiffs change the language of paragraph 5 to provide the following routinely required language, in bold type and capital letters: "THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, HONORABLE A. KATHLEEN TOMLINSON, UNITED STATES MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF THE DEFENDANTS' DEFENSES." *See Robles,* 2013 WL 6684954, at \*9 (requiring this language); *Melgadejo,* 2013 WL 5951189, at \*6 (same); *Diaz v. S & H Bondi's Dep't Store,* No. 10 Civ. 7676, 2012 WL 137460, at \*10 (S.D.N.Y. Jan. 18, 2012) (same); *Iriarte,* 2008 WL 2622929, at \*7 (same); *Sobczak,* 540 F.Supp.2d at 368 (same); *Lynch,* 491 F.Supp.2d at 374 (same); *Gjurovich,* 282 F.Supp.2d at 99 (same). This language will both correctly identify the court authorizing the notice and will confirm that the merits of the case have yet to be determined. *See Robles,* 2013 WL 6684954, at \*9.

### 7. Opt–In Notices Returnable to the Court

The Notice directs opt-in plaintiffs to return their Consent forms to Plaintiffs' counsel. Defendants request that the Notice be modified to direct opt-in plaintiffs to file their Consent forms with the Clerk of the Court. Plaintiffs do not address this objection in their Reply papers.

The common practice in the Eastern District is to have opt-in plaintiffs send their consent forms to the Clerk of the Court rather than to plaintiffs' counsel. *See Brabham v. Mega Tempering & Glass Corp.,* No. 13 Civ. 54, 2013 WL 3357722, at \*7 (E.D.N.Y. Jul. 3, 2013) (finding, among other things, that sending notice to the Clerk of Court "avoids the risk of delaying a tolling of the statute of limitations relating to an individual opt-in plaintiff's claims as a result of the turnaround time occasioned between receipt of a consent form by Plaintiffs' counsel and the need to file the form with the Court. Thus, this practice is in the best interest of any opt-in Plaintiff"); *Rosario v. Valentine Avenue Discount Store, Co.,* 828 F.Supp.2d 508, 521 (E.D.N.Y.2011) (ordering that notice of pendency direct opt-in plaintiffs to file their consent forms with the Clerk of the Court and noting recent court decisions finding that returning forms to plaintiff's counsel "implicitly discourages opt-in plaintiffs from selecting other counsel"); *Bowens v. Atl. Maintenance Corp.,* 546 F.Supp.2d 55, 84–85 (E.D.N.Y.2008) (citing recent cases which found that requiring consent forms to be returned to plaintiffs' counsel improperly discourages class members from seeking outside counsel and directing that Consent Forms be sent to the Clerk of Court); *Iriarte,* 2008 WL 2622929, at \*4 (although plaintiff proposed that "individuals deciding to opt in forward their completed consent forms to his counsel, 'recent decisions have held that such a provision improperly discourages class members from seeking outside counsel and thus, courts have directed that Consent Forms be sent to the Clerk of the Court'") (citations omitted); *Guzman v. VLM, Inc.,* No. 07 Civ. 1126, 2007 WL 2994278, at \*9 (E.D.N.Y. Oct. 11, 2007) (noting defendants' objection to consent forms being returned to law offices of plaintiffs' counsel and referencing the fact that the majority of courts direct parties to submit opt-in forms to the clerk of court, court directed that consent forms be returned to the Clerk of the Court). Accordingly, the Court finds that the appropriate course of action here is to have the consent forms returned to the Clerk of the Court. Plaintiffs' counsel is directed to update the Notice according to this directive.

### 8. Attorneys' Fees

**\*15** Defendants request that the last two sentences of the Consent form be modified to condition a petition for fees upon a settlement or judgment and state that attorneys' fees will not automatically be granted by the Court. The language presently reads, "I understand that Valli Kane & Vagnini LLP may petition the court for an award of fees and costs to be paid by Defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the Defendants or a percentage of the total settlement or judgment amount (including fees)." DE 104, Ex. L. The Court finds that Defendants' request is reasonable. Plaintiffs are therefore directed to insert the following language into the first sentence above: I understand that *in the event that the Plaintiffs are successful,* Valli Kane & Vagnini LLP may petition the court for an award of fees and costs to be paid by Defendants on my behalf.

### 9. Dissemination of the Notice

Plaintiffs request an order directing Defendants to produce the names, last known mailing addresses, alternate addresses, all telephone numbers, last known email addresses, dates of birth, social security numbers, and dates of employment for all potential class members employed by them for the relevant time period. DE 101 at 1. Defendants object to Plaintiffs' request on the ground that such disclosure would violate the employees' privacy rights. Defendants further contend that courts do not require the production of this information until a large number of notices are returned as undeliverable.

In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members. *See, e.g., Puglisi v. TD Bank, N.A.,* No.2014 WL 702185, at *6 (E.D.N.Y. Feb. 25, 2014) ("In regard to requests for names, last known addresses, telephone numbers (both home and mobile), e-mail addresses, and dates of employment, courts often grant this kind of request in connection with a conditional certification of an FLSA collective action.") (internal quotations and citations omitted); *Rosario,* 828 F.Supp.2d at 522 ("The Court finds the disclosure of potential opt-in plaintiffs' names, last known addresses, telephone numbers, and dates of employment to be appropriate."); *In re Penthouse Executive Club Comp. Litig.,* No. 10 Civ. 1145(NRB), 2010 WL 4340255, at *5–6, (S.D.N.Y. Oct.26, 2010) (finding the disclosure of names, addresses, telephone numbers, and dates of employment to be "essential to identifying potential opt-in plaintiffs"). With regard to dates of birth and social security numbers, however, courts typically decline to allow discovery in the first instance. *Rosario,* 828 F.Supp.2d at 522; *Whitehorn,* 767 F.Supp.2d at 448. Thus, the Court is directing Defendants to provide Plaintiffs with a list of the names, addresses, telephone numbers, email addresses, and dates of employment for all potential class members employed by them for the relevant time period. The list is to be furnished within 14 days of the entry of this Order and is to be treated by the parties as confidential. To the extent that the parties have not previously entered into a Stipulation and Order of Confidentiality, they are ordered to do so forthwith for this purpose. If Plaintiffs are unable to effectuate notice on some potential opt-in plaintiffs with the information that is produced, Plaintiffs may renew their application for the dates of birth and social security numbers.

## IV. CONCLUSION

**\*16** For all of the foregoing reasons, Plaintiffs' motion to amend the Complaint to add Cellular Consultants Broadway Inc., Cellular Consultants of Port Washington, Inc., Cellular Consultants Ridgewood Inc., Cellular Consultants of West Islip Inc., Wireless Franchise Corp., Cellular Consultants Holding Corp., and Digital Page Sales Corp. as parties is GRANTED to the extent set forth in this Decision and Order. Plaintiffs are directed to serve and file an Amended Complaint, in compliance with the directives issued in this Order, within ten (10) days.

Plaintiffs' motion for conditional certification as an FLSA collective action pursuant to Section 216(b) is GRANTED, subject to the limitations discussed in this Discussion and Order. In sum, the Court certifies the following group:

> All of Defendants' employees currently and/or formerly employed who are/were Sales Associates or perform/performed work similar or identical to Sales Associates for a period of three years prior to the date of filing the Complaint in this action to the present.

The Court further orders that:

1. Within 14 days of entry of this Order, Defendants or their designated representatives shall cause a copy of the names, addresses, telephone numbers, email addresses, and dates of employment for all potential class members employed by them on or after August 12, 2011 to be served upon counsel for the Plaintiffs. This list is to be treated by the parties as confidential;

2. The proposed Notice of Pendency and Consent to Join form is approved, subject to the modifications discussed in this Order;

3. Within 30 days after the entry of this Order, the Plaintiffs or their designated representatives shall cause a copy of the Notice of Pendency and Consent to Join form to be mailed by first-class to all of the potential opt-in plaintiffs.

**SO ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 2048425

**Footnotes**

| | |
|---|---|
| 1 | In this regard, Defendant Haenal conceded that he and Defendant Pachtman are the owners of all of the Fusion Wireless corporate entities. DE 107, Ex. 3, Page 15, Line 17 to Page 17, Line 13; Page 29, Lines 4–9; Page 136, Lines 18–22. Defendant Haenal also conceded that each of the Fusion Wireless corporate entities have the same operations manager, David Hynes, whose duties include overseeing scheduling at each store, being responsible for all point of sale computer software, and ensuring that each store is compliant with merchandise carriers. *Id.* Ex. 3, Page 49, Lines 6 to Page 51, Line 25; Page 136, Lines 15–17. Finally, Defendant Haenal conceded that the policies of overtime pay and who is eligible for overtime were identical for each Fusion Wireless store location. *Id.* Ex. 3, Page 139, Lines 3–10. |

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.