**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION<br><br>This document relates to: 1:18-cv-05053-LAK | MASTER DOCKET<br><br>Case No.: 1:18-md-02865-LAK |
| THE GOLDSTEIN LAW GROUP PC 401(K) PROFIT SHARING PLAN and SHELDON GOLDSTEIN,<br><br>        Third-Party Plaintiffs,<br><br>v.<br><br>ED&F MAN CAPITAL MARKETS, LTD.,<br><br>        Third-Party Defendant. | **THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS, LTD.'S AMENDED ANSWER TO AMENDED THIRD-PARTY COMPLAINT** |

Third-Party Defendant ED&F Man Capital Markets, Ltd. ("ED&F"), for its Amended Answer to the Amended Third-Party Complaint against ED&F Man Capital Markets, Ltd. and John Does 1-10, dated November 5, 2019 (the "Third-Party Complaint"), by Third-Party Plaintiffs the Goldstein Law Group PC 401(K) Profit Sharing Plan (the "Plan") and Sheldon Goldstein ("Goldstein" and collectively with the Plan, "Goldstein Parties"), upon the written consent of the Goldstein Parties pursuant to Federal Rule of Civil Procedure 15(a)(2), by and through its undersigned attorneys, hereby answers and responds as follows:

ED&F lacks knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations that relate to any other party in this lawsuit, and therefore all responses below pertain only to ED&F. With respect to those allegations, including headings and subheadings, that do not address or refer to the acts or omissions of ED&F, ED&F submits that no response is required.

ED&F reserves the right to supplement its Amended Answer and raise affirmative defenses that become available or apparent during the course of discovery and to amend its Amended Answer accordingly.

## RESPONSE TO THIRD-PARTY CLAIMS
## AGAINST ED&F MAN CAPITAL MARKETS, LTD.[1]

94.     Paragraph 94 contains no factual allegations regarding ED&F to which a response is required. To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 purport to describe the contents of SKAT's pleadings and do not require a response. To the extent a response is required, ED&F denies the allegations in Paragraph 95 and respectfully refers the Court to SKAT's pleadings for their contents.

96.     Paragraph 96 contains no factual allegations regarding ED&F to which a response is required. To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96.

---

[1] The Counterclaims against Skatteforvaltningen and Third-Party Claims against ED&F Man Capital Markets, Ltd. and John Does 1-10 begin at Paragraph 94 of the Goldstein Parties' Amended Answer, Affirmative Defenses, and Counterclaims against Skatteforvaltningen and Amended Third-Party Complaint against ED&F Man Capital Markets, Ltd. and John Does 1-10, Dkt. No. 219. For ease of reference, ED&F's first responsive paragraph has been enumerated Paragraph 94.

97.     Paragraph 97 contains no factual allegations regarding ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97, except admits that SKAT has named Sanjay Shah, ED&F, and others as defendants in an action before the High Court of Justice.

98.     Paragraph 98 contains no allegations to which a response is required, because Paragraph 98 relates to the Goldstein Parties' counterclaims against SKAT and contains no factual allegations regarding ED&F.

99.     Paragraph 99 contains no allegations to which a response is required, because Paragraph 99 relates to the Goldstein Parties' counterclaims against SKAT and contains no factual allegations regarding ED&F.

100.    Paragraph 100 contains no allegations to which a response is required, because Paragraph 100 relates to the Goldstein Parties' counterclaims against SKAT and contains no factual allegations regarding ED&F.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100.

101.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101.

102.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102.

103.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103.

104.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104, except admits that the Plan is a pension plan.

105.     ED&F denies the allegations in Paragraph 105, except admits that the Plan had a brokerage account with ED&F from 2012 to 2019 and that ED&F executed and funded the transactions at issue.  ED&F further responds that it funded and executed the transactions at issue on the Plan's instructions, as communicated to ED&F by the Plan's Authorized Agent.

106.     ED&F denies the allegations in Paragraph 106.

107.     ED&F denies the allegations in Paragraph 107.

108.     ED&F denies the allegations in Paragraph 108.

109.     ED&F denies the allegations in Paragraph 109 and respectfully refers the Court to the referenced agreements with the Plan for their contents.

110.     Paragraph 110 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 110, and respectfully refers the Court to the referenced agreements with the Plan for their contents.

111.     ED&F denies the allegations in Paragraph 111 including the characterizations and implications contained therein, and respectfully refers the Court to the referenced website for its contents.

112.     ED&F denies the allegations in Paragraph 112 including the characterizations and implications contained therein.

113.     ED&F denies the allegations in Paragraph 113, including the characterizations and implications contained therein, except admits that it deposits and withdraws from bank accounts designated by its clients for their brokerage activities.

114.    ED&F denies the allegations in Paragraph 114, except admits that it transferred money to and from the Plan via a National Financial Services brokerage account located at J.P. Morgan Chase at One Chase Plaza, New York, New York 10005 and further avers that such account was designated by the Plan for such purpose.

115.    ED&F denies the allegations in Paragraph 115, except admits that at least some communications with the Plan were conducted via the Plan's Authorized Agent.

116.    ED&F denies the allegations in Paragraph 116.

117.    ED&F denies the allegations in Paragraph 117, including the characterizations and implications contained therein, except admits that ED&F funded trades on the Plan's behalf in compliance with applicable laws.

118.    ED&F denies the allegations in Paragraph 118, except admits that ED&F earned fees for providing securities lending and financing services.

119.    ED&F denies the allegations in Paragraph 119.

120.    ED&F denies the allegations in Paragraph 120.

121.    ED&F denies the allegations in Paragraph 121, except admits that it executed transactions and provided trade confirmations confirming its execution of the Plan's instructions. ED&F further responds that it executed transactions on the Plan's instructions as communicated by its Authorized Agent.

122.    ED&F denies the allegations in Paragraph 122, except admits that ED&F prepared tax vouchers confirming that the Plan "was holding" indicated securities over the relevant dividend dates, that the specified dividends were paid to the Plan net of withholding tax, and that withholding tax was "[s]uffered" in the indicated amounts.

123.    ED&F denies the allegations in Paragraph 123, except admits that in some instances it sent tax vouchers directly to Goal.  ED&F further responds that on other occasions it sent tax vouchers directly to the Authorized Agent, and in the instances in which it sent tax vouchers directly to Goal, it did so on the express instructions of the Plan's Authorized Agent.

124.    Paragraph 124 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 124.

125.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125.

126.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126.

127.    ED&F denies allegations in Paragraph 127, including any characterizations and implications therein.

128.    ED&F denies the allegations in Paragraph 128, except admits that SKAT brought suit against ED&F in the United Kingdom in May of 2018 and respectfully refers the Court to the pleadings in the English Action for their contents.

129.    ED&F denies the allegations in Paragraph 129, including any characterizations and implications therein.

130.    ED&F denies the allegations in Paragraph 130, including any characterizations and implications therein, except admits that in September 2019, ED&F filed an amended answer in the English Action and respectfully refers the Court to the referenced pleading for its contents.

131.    Paragraph 131 contains no factual allegations to which a response is required.

132.    ED&F denies the allegations in Paragraph 132, except admits that copies of tax vouchers are attached as Exhibits B through E of the Third-Party Complaint.

133.     ED&F denies the allegations in Paragraph 133.

134.     ED&F denies the allegations in Paragraph 134.

135.     ED&F denies the allegations in Paragraph 135, including any characterizations and implications therein.

136.     ED&F denies the allegations in Paragraph 136.

137.     ED&F denies the allegations in Paragraph 137, and respectfully refers the Court to its pleadings in the English Action for their contents.

138.     ED&F denies the allegations in Paragraph 138.

139.     ED&F denies the allegations in Paragraph 139, except admits that ED&F allocated appropriate amounts to the Plan.

140.     ED&F denies the allegations in Paragraph 140, except admits that ED&F charged fees in connection with its services.  ED&F further responds that the fees charged were agreed with the Plan's Authorized Agent.

141.     ED&F denies the allegations in Paragraph 141.

142.     ED&F denies the allegations in Paragraph 142.

143.     ED&F denies the allegations in Paragraph 143 and avers that the allegations in Paragraph 143 rely on incorrect assumptions.

144.     ED&F denies the allegations in Paragraph 144.

145.     ED&F denies the allegations in Paragraph 145.

146.     ED&F denies the allegations in Paragraph 146, except lacks knowledge or information sufficient to form a belief about the Plan's motivation to implead ED&F.

**The Parties**

147.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147, except admits that the Plan is a U.S. pension plan.

148.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148, except admits that the Plan had an address at 61 Broadway, New York, New York, 10006.

149.    ED&F denies the allegations in Paragraph 149, including the characterizations of "all of the correspondence and contracts", except admits that letters from ED&F to the Plan were addressed to its Manhattan address.

150.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150.

151.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 151.

152.    ED&F admits the allegations in Paragraph 152.

153.    ED&F admits the allegations in Paragraph 153.

154.    ED&F admits the allegations in Paragraph 154, and respectfully refers the Court to the referenced pleadings for their contents.

155.    ED&F admits the allegations in Paragraph 155.

**Jurisdiction**

156.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156.

157.     Paragraph 157 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 157.

158.     Paragraph 158 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 158 and respectfully refers the Court to the referenced statutes for their contents.

159.     Paragraph 159 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 159 and respectfully refers the Court to the referenced statutes for their contents.

160.     Paragraph 160 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 160.

161.     Paragraph 161 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 161.

162.     ED&F denies the allegations in Paragraph 162.

163.     Paragraph 163 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 163, except admits that it executed transactions in Danish securities for certain U.S. pension plans sued by SKAT in this MDL.

164.     ED&F denies the allegations in Paragraph 164.

165.     ED&F denies the allegations in Paragraph 165 and respectfully refers the Court to the Amended English Answer for its contents.

166.     Paragraph 166 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 166.

167.    Paragraph 167 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 167.

### RESPONSE TO: COUNTER-STATEMENT OF FACTS
### ED&F Man's Core Dividend Arbitrage Business Depended Upon
### Targeting U.S. Tax-Exempt Entities

ED&F denies all allegations, including characterizations, in the headings or sub-headings under the Counter-Statement of Facts section of the Third-Party Complaint, except lacks knowledge or information sufficient to form a belief about the truth of the allegations that (i) the Goldstein Parties had no reason to doubt the Reclaim Applications' validity, (ii) SKAT had no particularized basis to reject the Plan's ninth reclaim application, and (iii) SKAT'S deficient refund processes cannot justify its breaches of the Double-Taxation Treaty.

168.    Paragraph 168 contains no factual allegations about ED&F to which a response is required.

169.    Paragraph 169 contains no factual allegations about ED&F to which a response is required.

170.    Paragraph 170 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170.

171.    Paragraph 171 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171.

172.    ED&F denies the allegations in Paragraph 172.

173.    Paragraph 173 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173.

174.    Paragraph 174 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 174.

175.    Paragraph 175 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 175.

176.    Paragraph 176 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 176.

177.    Paragraph 177 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 177.

178.    Paragraph 178 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 178.

**The Goldstein Parties Had No Reason to Doubt the Reclaim Applications' Validity**

179.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 179, except admits that the Plan opened a brokerage account. ED&F further responds that the Plan's Authorized Agent introduced ED&F to the Plan, opened the account on the Plan's behalf, proposed dividend arbitrage trading structures and subsequently instructed ED&F to effect transactions on behalf of the Plan in multiple jurisdictions including Denmark.

180.    ED&F denies the allegations in Paragraph 180, except admits that it executed transactions in Danish securities on behalf of the Plan.  ED&F further responds that it was instructed to do so by the Plan's Authorized Agent.

181.    ED&F denies the allegations in Paragraph 181, except admits that the Amended English Answer describes a general framework for transactions in Danish securities, and respectfully refers the Court to that pleading for its contents.

182.    ED&F denies the allegations in Paragraph 182.

183.    ED&F denies the allegations in Paragraph 183.

184.    ED&F admits the allegations in Paragraph 184.

185.    ED&F admits the allegations in Paragraph 185.

186.    ED&F denies the allegations in Paragraph 186, except admits that ED&F prepared one or more tax vouchers and in some instances sent tax vouchers directly to Goal. ED&F further responds that on other occasions it sent tax vouchers directly to the relevant plan's authorized agent, and in the instances in which it sent tax vouchers directly to Goal, it did so on the express instructions of the relevant plan's authorized agent.

187.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 187.

188.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 188.

189.    ED&F admits the allegations in Paragraph 189.

190.    ED&F denies the allegations in Paragraph 190, except admits that it charged the Plan fees for brokerage services and further responds that the fees charged were as agreed with the Plan's Authorized Agent.

191.    ED&F denies the allegations in Paragraph 191, except admits that it followed the same process for transactions in Danish securities executed on behalf of the Plan.

192.    ED&F denies the allegations in Paragraph 192 and respectfully refers the Court to the referenced general ledger for its contents.

193.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 193.

**SKAT Had No Particularized Basis to Reject the Plan's Ninth Reclaim Application**

194.    ED&F admits the allegations in Paragraph 194.

195.    Paragraph 195 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 195 relate solely to the Goldstein Parties' counterclaims against SKAT.

196.    Paragraph 196 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 196 relate solely to the Goldstein Parties' counterclaims against SKAT.

197.    Paragraph 197 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 197 relate solely to the Goldstein Parties' counterclaims against SKAT.

198.    Paragraph 198 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 198 relate solely to the Goldstein Parties' counterclaims against SKAT.

199.    Paragraph 199 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 199 relate solely to the Goldstein Parties' counterclaims against SKAT.

200.    Paragraph 200 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 200 relate solely to the Goldstein Parties' counterclaims against SKAT.

201.    Paragraph 201 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 201 relate solely to the Goldstein Parties' counterclaims against SKAT.

202.    Paragraph 202 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 202 relate solely to the Goldstein Parties' counterclaims against SKAT.

203.    Paragraph 203 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 203 relate solely to the Goldstein Parties' counterclaims against SKAT.

204.    Paragraph 204 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 204 relate solely to the Goldstein Parties' counterclaims against SKAT.

205.    Paragraph 205 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 205 relate solely to the Goldstein Parties' counterclaims against SKAT.

206.    Paragraph 206 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 206 relate solely to the Goldstein Parties' counterclaims against SKAT.

207.    Paragraph 207 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 207 relate solely to the Goldstein Parties' counterclaims against SKAT.

208.    Paragraph 208 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 208 relate solely to the Goldstein Parties' counterclaims against SKAT.

209.    Paragraph 209 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 209 relate solely to the Goldstein Parties' counterclaims against SKAT.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 209.

### SKAT'S Deficient Refund Processes Cannot Justify
### Its Breaches of the Double-Taxation Treaty

210.    Paragraph 210 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 210 relate solely to the Goldstein Parties' counterclaims against SKAT.

211.    Paragraph 211 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 211 relate solely to the Goldstein Parties' counterclaims against SKAT.

212.    Paragraph 212 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 212 relate solely to the Goldstein Parties' counterclaims against SKAT.

213.    Paragraph 213 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 213 relate solely to the Goldstein Parties' counterclaims against SKAT.

214.     Paragraph 214 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 214 relate solely to the Goldstein Parties' counterclaims against SKAT.

215.     Paragraph 215 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 215 relate solely to the Goldstein Parties' counterclaims against SKAT.

216.     Paragraph 216 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 216 relate solely to the Goldstein Parties' counterclaims against SKAT.

217.     Paragraph 217 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 217 relate solely to the Goldstein Parties' counterclaims against SKAT.

218.     Paragraph 218 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 218 relate solely to the Goldstein Parties' counterclaims against SKAT.

219.     Paragraph 219 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 219 relate solely to the Goldstein Parties' counterclaims against SKAT.

220.     Paragraph 220 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 220 relate solely to the Goldstein Parties' counterclaims against SKAT.

221.     Paragraph 221 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 221 relate solely to the Goldstein Parties' counterclaims against SKAT.

222.     Paragraph 222 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 222 relate solely to the Goldstein Parties' counterclaims against SKAT.

223.     Paragraph 223 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 223 relate solely to the Goldstein Parties' counterclaims against SKAT.

224.     Paragraph 224 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 224 relate solely to the Goldstein Parties' counterclaims against SKAT.

225.     Paragraph 225 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 225 relate solely to the Goldstein Parties' counterclaims against SKAT.

226.     Paragraph 226 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 226 relate solely to the Goldstein Parties' counterclaims against SKAT.

227.     Paragraph 227 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 227 relate solely to the Goldstein Parties' counterclaims against SKAT.

228.     Paragraph 228 contains no factual allegations about ED&F to which a response is required, because the allegations in Paragraph 228 relate solely to the Goldstein Parties' counterclaims against SKAT.

229.     Paragraph 229 contains no factual allegations about ED&F to which a response is required.

### ED&F Man Solicited, Structured, Funded, Executed, and Cleared the Plan's Nine Danish Transactions

230.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 230.

231.     ED&F denies the allegations in Paragraph 231.

232.     ED&F denies the allegations in Paragraph 232.

233.     Paragraph 233 contains no factual allegations about ED&F to which a response is required.

234.     ED&F denies the allegations in Paragraph 234, except admits that ED&F did not always offer equity finance services.

235.     ED&F denies the allegations in Paragraph 235, including characterizations therein.

236.     ED&F denies the allegations in Paragraph 236, except admits that ED&F hired some former employees from MF Global in or about 2012.

237.     ED&F denies the allegations in Paragraph 237 including characterizations therein, except admits that ED&F hired some former employees from MF Global.  ED&F further responds that ED&F's Equity Finance Desk by the end of 2013 consisted of no more than 20 employees.  ED&F further responds that ED&F's New York-based affiliate is neither a party nor

relevant to this dispute and had no involvement in the Danish securities transactions or the reclaims which are the subject of SKAT's complaint.

238.    Paragraph 238 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 238.

239.    Paragraph 239 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 239.

240.    ED&F admits the allegations in Paragraph 240.

241.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 241.

242.    ED&F denies the allegations in Paragraph 242, except admits that Stephen Hawksworth signed custody letters in connection with certain Danish securities transactions.

243.    ED&F denies the allegations in Paragraph 243.

244.    ED&F denies the allegations in Paragraph 244, except admits that the Goldstein Parties entered into several agreements, including a Custody Agreement, a Security and Set-Off Deed, and a Letter Agreement.  ED&F respectfully refers the Court to the referenced agreements for their contents.

245.    ED&F denies the allegations in Paragraph 245.

246.    ED&F denies the allegations in Paragraph 246.

247.    ED&F denies the allegations in Paragraph 247.

248.    ED&F denies the allegations in Paragraph 248, except admits that ED&F charged fees and further answers that such fees were contracted with the Plan for its brokerage services as agreed with the Plan's Authorized Agent.

249.    ED&F denies the allegations in Paragraph 249, including any implications and characterizations therein, except admits that, as agreed with the Plan and instructed by the Plan's Authorized Agent, ED&F funded securities trades on behalf of the Plan, debited the Plan's brokerage account for the cost, sold or loaned the security on behalf of the Plan, and credited the Plan's brokerage account accordingly.

250.    ED&F denies the allegations in Paragraph 250, including any characterizations therein.

251.    Paragraph 251 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 251.

252.    ED&F denies the allegations in Paragraph 252, except admits that on instruction by the Plan's Authorized Agent, ED&F prepared and issued tax vouchers confirming that (i) the Plan "was holding" indicated securities over the relevant dividend dates, (ii) the specified dividends were paid to the Plan net of withholding tax, and (iii) withholding tax was "[s]uffered" in the indicated amounts.  ED&F respectfully refers the Court to the tax vouchers for their contents.

253.    ED&F denies the allegations in Paragraph 253, except admits that it charged fees for its services, and further responds that its services were rendered at its customers' instructions.

254.    ED&F denies the allegations in Paragraph 254 and respectfully refers the Court to the referenced letters for their contents.

255.     ED&F denies the allegations in Paragraph 255, except admits that ED&F executed transactions in Danish securities on behalf of other U.S. pension plan customers from 2012 to 2015.  ED&F further responds that it executed these transactions as an execution only broker and custodian and in accordance with such customers' instructions.

256.     ED&F denies the allegations in Paragraph 256, except admits that ED&F prepared and issued tax vouchers and respectfully refers the Court to the tax vouchers for their contents.

257.     ED&F denies any characterizations in the allegations in Paragraph 257, except admits that SKAT has sued at least 31 pension plans which were clients of ED&F.

258.     ED&F denies the allegations in Paragraph 258, including any characterizations, and respectfully refers the Court to the referenced pleadings for their contents.

259.     ED&F denies the allegation in Paragraph 259.

**ED&F Man Recently Admitted that it Created and Issued Baseless Tax Vouchers**

260.     ED&F denies that it made any "repeated and explicit assurances" as alleged in Paragraph 260.  ED&F lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 260.  ED&F further responds that ED&F acted only as an execution only broker and custodian effecting the Plan's instructions as communicated by the Plan's Authorized Agent.

261.     ED&F denies the allegations in Paragraph 261, including any characterizations therein.

262.     ED&F denies the allegations in Paragraph 262, including any characterizations therein, except admits that ED&F provided the Plan with documents regarding the trades.

263.     ED&F denies the allegations in Paragraph 263.

264.    ED&F denies the allegations in Paragraph 264.

265.    ED&F admits the allegations in Paragraph 265.

266.    ED&F denies the allegations in Paragraph 266, except admits that the Goldstein Parties filed the original third-party complaint on April 23, 2019, and lacks knowledge or information sufficient to form a belief about their motivations for doing so.

267.    ED&F admits the allegations in Paragraph 267.

268.    ED&F denies the allegations in Paragraph 268, including any characterizations therein.

269.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 269.

270.    ED&F denies the allegations in Paragraph 270, except admits that on or around August 20, 2019 Mr. Hawksworth resigned.

271.    The allegations in Paragraph 271 purport to describe the contents of the Amended English Answer and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 271 of the Third-Party Complaint, except admits that the Amended English Answer was filed in September 2019 and respectfully refers the Court to the Amended English Answer for its contents.

272.    ED&F denies the allegations in Paragraph 272, except admits that four of the tax vouchers included in Annex E of the Amended English Answer were created for the Plan, and respectfully refers the Court to the referenced pleading for its contents.

273.    ED&F denies the allegations in Paragraph 273 and further denies that any tax vouchers prepared by ED&F were "wrongful."  ED&F further avers that on September 27, 2019,

it filed a letter with this Court to apprise the Court of its most recent pleadings in the English Action.

274.    ED&F denies the allegations in Paragraph 274 and further denies that any tax vouchers prepared by ED&F were "wrongful."

275.    ED&F denies the allegations in Paragraph 275, except admits that on September 27, 2019, it filed a letter with this Court to apprise the Court of its most recent pleadings in the English Action and respectfully refers the Court to the letter for its contents.

276.    ED&F denies the allegations in Paragraph 276, including any characterizations, implication or allegation of wrongdoing therein, and avers that the allegations in Paragraph 276 rely on incorrect assumptions.

277.    ED&F denies the allegations in Paragraph 277, including any characterizations, implication or allegation of wrongdoing therein.

278.    ED&F denies the allegations in Paragraph 278, including any characterizations, implication or allegation of wrongdoing therein.

279.    ED&F denies the allegations in Paragraph 279, including any characterizations, implication or allegation of wrongdoing therein.

280.    ED&F denies the allegations in Paragraph 280, including any characterizations therein, and respectfully refers the Court to the referenced pleading for its contents.

281.    ED&F denies the allegations in Paragraph 281.

### ED&F Man Failed to Disclose Affiliate Trading

282.    ED&F denies the allegations in Paragraph 282.

283.    ED&F denies the allegations in Paragraph 283, including any characterizations, implication or allegation of wrongdoing therein.  ED&F further responds that Volcafe was at all

23

material times an inter-dealer broker which traded with other large financial institutions, as was disclosed to the Plan's Authorized Agent at the time (knowledge of which the Plan appears to admit at paragraph 328 of its Third-Party Complaint).

284.     ED&F admits the allegations in Paragraph 284, except denies any implication or allegation of wrongdoing therein.  ED&F further responds that ED&F at all times purchased Danish securities from various inter-dealer brokers with the market.

285.     ED&F denies the allegations in Paragraph 285.

286.     ED&F denies the allegations in Paragraph 286.  ED&F further responds that the Plan's Authorized Agent instructed ED&F in respect of trades executed by ED&F on the Plan's behalf.

287.     ED&F denies the allegations in Paragraph 287.  ED&F further responds that the Plan's Authorized Agent instructed ED&F in respect of trades and their settlement dates.

288.     ED&F denies the allegations in Paragraph 288, including any characterizations therein, except admits that in or about April 2014, ED&F notified the Plan that it was seeing some liquidity in the market in D/S Norden.

289.     ED&F denies the allegations in Paragraph 289.   ED&F further responds that the Plan's Authorized Agent instructed ED&F in respect of trades and their settlement dates.

290.     ED&F admits the allegations in Paragraph 290, except denies any implication or allegation of wrongdoing therein, or any suggestion that the Plan was not aware of this.

291.     ED&F denies the allegations in Paragraph 291, except admits that Volcafe purchased shares from an affiliate, and denies any characterization, implication or allegation of wrongdoing therein.

292.    ED&F denies the allegations in Paragraph 292.  ED&F further responds that the Plan, through its Authorized Agent, was aware of the involvement of the affiliates.

293.    ED&F denies the allegations in Paragraph 293, except admits that Volcafe purchased shares from an affiliate, and denies any characterization, implication or allegation of wrongdoing therein.

294.    ED&F admits the allegations in Paragraph 294.  ED&F further responds that at all material times, Volcafe was an inter-dealer broker.

295.    ED&F denies the allegations in Paragraph 295.  ED&F further responds that at all material times Volcafe was one of a number of inter-dealer brokers used by ED&F, a fact known by the Plan's Authorized Agent.

296.    ED&F denies the allegations in Paragraph 296.  ED&F further responds that Volcafe did not provide any financing, and at all material times, and to the knowledge of the Plan's Authorized Agent, it acted as an inter-dealer broker.

297.    ED&F denies the allegations in Paragraph 297.

298.    ED&F denies the allegations in Paragraph 298.

299.    Paragraph 299 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 299.

300.    Paragraph 300 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 300.

301.    ED&F denies the allegations in Paragraph 301.

302.    ED&F denies the allegations in Paragraph 302.

303.    ED&F denies the allegations in Paragraph 303.

304.    ED&F denies the allegations in Paragraph 304.

305.    ED&F denies the allegations in Paragraph 305.

**ED&F Man Structured the Spring 2014 Transactions to
Fake the Disavowed Vouchers' Legitimacy**

306.    ED&F denies the allegations in Paragraph 306.

307.    ED&F denies the allegations in Paragraph 307, except admits that ED&F

prepared one or more tax vouchers and respectfully refers the Court to the tax vouchers for their

contents.

308.    ED&F denies the allegations in Paragraph 308, including any characterizations

therein.

309.    The allegations in Paragraph 309 purport to describe the contents of the Amended

English Answer and do not require a response.  To the extent that a response is required, ED&F

denies the allegations in Paragraph 309 and respectfully refers the Court to the Amended English

Answer for its contents.

310.    ED&F denies the allegations in Paragraph 310.

311.    ED&F denies the allegations in Paragraph 311 and respectfully refers the Court to

the referenced letters for their contents.

312.    ED&F denies the allegations in Paragraph 312 and respectfully refers the Court to

the referenced documents for their contents.

313.    ED&F denies the allegations in Paragraph 313 and respectfully refers the Court to

the referenced documents for their contents.

314.    The allegations in Paragraph 314 purport to describe the contents of the Amended

English Answer and do not require a response.  To the extent that a response is required, ED&F

denies the allegations in Paragraph 314, including any characterizations, and any allegations or implications of wrongdoing therein, except admits that the Amended English Answer identified inaccuracies in the referenced tax vouchers, and respectfully refers the Court to the Amended English Answer for its contents.

315.    ED&F denies the allegations in Paragraph 315.

316.    ED&F denies the allegations in Paragraph 316.

317.    ED&F admits the allegations in Paragraph 317, except denies any allegation or implication of wrongdoing therein.

318.    ED&F admits the allegations in Paragraph 318, except denies any allegation or implication of wrongdoing therein.

319.    ED&F denies the allegations in Paragraph 319.

320.    ED&F denies the allegations in Paragraph 320.

321.    ED&F denies the allegations in Paragraph 321.

322.    ED&F denies the allegations in Paragraph 322.

323.    ED&F denies the allegations in Paragraph 323.

324.    ED&F denies the allegations in Paragraph 324.

325.    ED&F admits the allegations in Paragraph 325, except denies any allegation or implication of wrongdoing therein.

326.    ED&F admits the allegations in Paragraph 326, except denies any allegation or implication of wrongdoing therein.

327.    ED&F denies the allegations in Paragraph 327, except admits that 77 of the 80 tax vouchers identified in Annex E of the Amended English Answer are associated with an "Ex Date" in 2014 and denies any allegation or implication of wrongdoing therein.

328.    ED&F denies the allegations in Paragraph 328, except admits that it used Volcafe as an inter-dealer broker for the Spring 2014 Transactions, to the Plan's Authorized Agent's knowledge, denies any allegation or implication of wrongdoing therein, and lacks knowledge or information sufficient to form a belief about whether the "Goldstein Parties have seen no indication that Volcafe participated in the Plan's other five Danish Transactions."

329.    ED&F admits the allegations in Paragraph 329, except denies any allegation or implication of wrongdoing therein.

330.    ED&F denies the allegations in Paragraph 330 and further denies any carelessness on the part of ED&F.

331.    ED&F denies the allegations in Paragraph 331 and further denies that ED&F did not conduct the Spring 2014 Transactions in a legal manner.

332.    ED&F denies the allegations in Paragraph 332, except admits that the Equity Finance Desk was closed.

333.    ED&F denies the allegations in Paragraph 333.

## COUNTERCLAIMS

The Counterclaims against SKAT (Paragraphs 334 through 364) in the Third-Party Complaint contain no factual allegations against ED&F to which a response is required.

## THIRD-PARTY CLAIMS

### THIRD-PARTY CLAIM COUNT I
### (Section 10(b) / Rule 10b-5 Securities Fraud – Against ED&F Man and John Does 1–10)

365.    In answer to Paragraph 365, ED&F repeats and realleges the foregoing as if fully set forth herein.

366.    ED&F admits the allegations in Paragraph 366.

367.     Paragraph 367 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 367.

368.     ED&F denies the allegations in Paragraph 368.

369.     ED&F denies the allegations in Paragraph 369.

370.     ED&F denies the allegations in Paragraph 370.

371.     ED&F denies the allegations in Paragraph 371.

372.     ED&F denies the allegations in Paragraph 372.

373.     ED&F denies the allegations in Paragraph 373.

374.     ED&F denies the allegations in Paragraph 374.

### THIRD-PARTY CLAIM COUNT II
### (Common-Law Fraud – Against ED&F Man)

375.     In answer to paragraph 375, ED&F repeats and realleges the foregoing as if fully set forth herein.

376.     Paragraph 376 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 376.

377.     ED&F denies the allegations in Paragraph 377.

378.     ED&F denies the allegations in Paragraph 378.

379.     ED&F denies the allegations in Paragraph 379.

380.     Paragraph 380 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 380.

381.     ED&F denies the allegations in Paragraph 381.

## THIRD-PARTY CLAIM COUNT III
### (Negligence – Against ED&F Man)

382.    In answer to Paragraph 382, ED&F repeats and realleges the foregoing as if fully set forth herein.

383.    Paragraph 383 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 383.

384.    ED&F denies the allegations in Paragraph 384, except admits that Annex E to the Amended English Answer identified certain tax vouchers containing inaccurate information and respectfully refers the Court to the Amended English Answer for its contents.

385.    ED&F denies the allegations in Paragraph 385.

386.    ED&F denies the allegations in Paragraph 386.

387.    ED&F denies the allegations in Paragraph 387.

388.    ED&F denies the allegations in Paragraph 388.

## THIRD-PARTY CLAIM COUNT IV
### (Breach of Contract – Against ED&F Man)

389.    In answer to Paragraph 389, ED&F repeats and realleges the foregoing as if fully set forth herein.

390.    ED&F admits the allegations in Paragraph 390.

391.    ED&F denies the allegations in Paragraph 391 and respectfully refers the Court to the referenced agreements for their contents.

392.    ED&F denies the allegations in Paragraph 392.

393.    ED&F denies the allegations in Paragraph 393.

## THIRD-PARTY CLAIM COUNT V
### (Breach of the Covenant of Good Faith and Fair Dealing – Against ED&F Man)

394.     In answer to Paragraph 394, ED&F repeats and realleges the foregoing as if fully set forth herein.

395.     Paragraph 395 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 395.

396.     Paragraph 396 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 396.

397.     ED&F denies the allegations in Paragraph 397.

398.     ED&F denies the allegations in Paragraph 398.

## THIRD-PARTY CLAIM COUNT VI
### (Breach of Contract – Against ED&F Man)

399.     In answer to Paragraph 399, ED&F repeats and realleges the foregoing as if fully set forth herein.

400.     ED&F denies the allegations in Paragraph 400 and respectfully refers the Court to the referenced agreements for their contents.

401.     ED&F denies the allegations in Paragraph 401, except admits it charged fees in connection with its services on Danish securities transactions.

402.     ED&F denies the allegations in Paragraph 402.

403.     ED&F denies the allegations in Paragraph 403.

404.     ED&F denies the allegations in Paragraph 404.

405.     ED&F denies the allegations in Paragraph 405.

## THIRD-PARTY CLAIM COUNT VII
### (Breach of the Covenant of Good Faith and Fair Dealing – Against ED&F Man)

406.    In answer to Paragraph 406, ED&F repeats and realleges the foregoing as if fully set forth herein.

407.    ED&F denies the allegations in Paragraph 407.

408.    ED&F denies the allegations in Paragraph 408.

409.    ED&F denies the allegations in Paragraph 409.

410.    ED&F denies the allegations in Paragraph 410.

411.    ED&F denies the allegations in Paragraph 411.

## THIRD-PARTY CLAIM COUNT VIII
### (Tortious Interference with Contract – Against John Does 1–10)

412.    In answer to Paragraph 412, ED&F repeats and realleges the foregoing as if fully set forth herein.

413.    Paragraph 413 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 413.

414.    Paragraph 414 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 414.

415.    Paragraph 415 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 415.

416.    Paragraph 416 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 416.

## THIRD-PARTY CLAIM COUNT IX
### (Breach of Fiduciary Duty by Charging Undisclosed Fees – Against ED&F Man)

417.    In answer to Paragraph 417, ED&F repeats and realleges the foregoing as if fully set forth herein.

418.    Paragraph 418 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 418.

419.    Paragraph 419 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 419.

420.    ED&F denies the allegations in Paragraph 420, except admits that it charged fees in connection with its services on Danish securities transactions.

421.    ED&F denies the allegations in Paragraph 421.

422.    ED&F denies the allegations in Paragraph 422.

423.    ED&F denies the allegations in Paragraph 423.

## THIRD-PARTY CLAIM COUNT X
### (Aiding and Abetting Breach of Fiduciary Duty – Against John Does 1–10)

424.    In answer to Paragraph 424, ED&F repeats and realleges the foregoing as if fully set forth herein.

425.    Paragraph 425 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 425.

426.    Paragraph 426 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 426.

## THIRD-PARTY CLAIM COUNT XI
### (Breach of Fiduciary Duty by Self-Dealing – Against ED&F Man)

427.    In answer to Paragraph 427, ED&F repeats and realleges the foregoing as if fully set forth herein.

428.    Paragraph 428 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 428.

429.    Paragraph 429 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 429.

430.    ED&F denies the allegations in Paragraph 430.

431.    ED&F denies the allegations in Paragraph 431.

432.    ED&F denies the allegations in Paragraph 432.

433.    ED&F denies the allegations in Paragraph 433.

434.    ED&F denies the allegations in Paragraph 434.

435.    ED&F denies the allegations in Paragraph 435 and further denies that it was "acting in various conflicting and undisclosed capacities in connection with the transactions."

436.    ED&F denies the allegations in Paragraph 436.

437.    ED&F denies the allegations in Paragraph 437, and respectfully refers the Court to the referenced pleadings for their contents.

438.    ED&F denies the allegations in Paragraph 438.

439.    ED&F denies the allegations in Paragraph 439 and further denies that it engaged in any self-dealing.

440.    ED&F denies the allegations in Paragraph 440 and further denies that it engaged in any self-dealing.

441.    ED&F denies the allegations in Paragraph 441.

442.    ED&F denies the allegations in Paragraph 442.

443.    ED&F denies the allegations in Paragraph 443.

### THIRD-PARTY CLAIM COUNT XII
### (Aiding and Abetting Breach of Fiduciary Duty – Against John Does 1–10)

444.    In answer to Paragraph 444, ED&F repeats and realleges the foregoing as if fully set forth herein.

445.    Paragraph 445 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 445.

446.    Paragraph 446 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 446.

447.    Paragraph 447 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 447.

### FIRST AFFIRMATIVE DEFENSE

448.    To the extent the Goldstein Parties have been damaged or injured, which ED&F denies, such damage was caused, in whole or in part, by the Goldstein Parties' own acts or omissions and/or the acts or omissions of other parties, including, but not limited to, negligence.

### SECOND AFFIRMATIVE DEFENSE

449.    To the extent that the Goldstein Parties have been damaged or injured, which ED&F denies, such damage was caused in whole or in part, or increased by, the Goldstein Parties' failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

450.    The Goldstein Parties' claims are barred, in whole or in part, by the doctrines of waiver and/or release.

### FOURTH AFFIRMATIVE DEFENSE

451.    The Goldstein Parties' claims may be barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

452.    The Goldstein Parties' claims may be barred, in whole or in part, by the doctrines of collateral estoppel, claims preclusion and/or res judicata.

### SIXTH AFFIRMATIVE DEFENSE

453.    The Goldstein Parties' claims are barred, in whole or in part, by applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

454.    The Goldstein Parties' claims are barred, in whole or in part, by the doctrines of laches and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

455.    The Goldstein Parties, by their own actions and conduct, have failed to exercise reasonable care and diligence on their own behalf, thereby causing or contributing to their alleged injuries and damages, if any.  The Goldstein Parties' recovery must therefore be reduced or eliminated altogether by the proportion of damages caused by their acts and conduct.

### NINTH AFFIRMATIVE DEFENSE

456.    Any damages sustained by the Goldstein Parties as alleged in the Third-Party Complaint were caused, in whole or in part, by the culpable conduct of other third-parties, over which ED&F had no control, and not as a result of any culpable conduct on the part of ED&F.

## TENTH AFFIRMATIVE DEFENSE

457.    The Court lacks personal jurisdiction over ED&F.

## ELEVENTH AFFIRMATIVE DEFENSE

458.    Venue is improper because the parties agreed to a specific venue in England.

## TWELFTH AFFIRMATIVE DEFENSE

459.    The claims asserted by the Goldstein Parties directly contradict the explicit terms of the relevant agreements by and between the Goldstein Parties and ED&F, and should therefore be dismissed.

## JURY DEMAND

ED&F demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Third-Party Defendant ED&F Man Capital Markets, Ltd. respectfully requests that this Court enter judgment against Third-Party Plaintiffs The Goldstein Law Group PC 401(K) Profit Sharing Plan and Sheldon Goldstein, as follows:

(i)     Judgment denying all relief requested by the Goldstein Parties;

(ii)    Judgment dismissing with prejudice the Third-Party Complaint as against ED&F in its entirety;

(iii)   Judgment in favor of ED&F against the Goldstein Parties in all respects;

(iv)    An award to ED&F of reasonable attorneys' fees, costs and expenses; and

(v)     Such other and further relief as the Court may deem just and appropriate.

Dated:   New York, New York
         September 2, 2020

**BINDER & SCHWARTZ LLP**

/s/ Neil S. Binder
Neil S. Binder
366 Madison Avenue, 6th Floor
New York, NY 10017
Telephone: 212-510-7031
Facsimile: 212-510-7299
nbinder@binderschwartz.com

*Attorneys for Third-Party Defendant ED&F*
*Man Capital Markets, Ltd.*