

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Neil Oxford
Partner
Direct Dial: +1 (212) 837-6843
Direct Fax: +1 (212) 299-6843
neil.oxford@hugheshubbard.com

September 11, 2020

BY ECF AND HAND DELIVERY

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   In re Customs and Tax Administration of the Kingdom of Denmark
>        (Skatteforvaltningen) Tax Refund Scheme Litigation, 18-md-2865 (LAK)

Dear Judge Kaplan:

We write on behalf of Plaintiff Skatteforvaltningen ("SKAT") respectfully to ask the Court to enter the proposed Revised Amended Stipulated Protective Order Governing Confidentiality of Discovery Materials (the "Revised Amended Protective Order") annexed as Exhibit 1 to the Declaration of Neil J. Oxford, dated September 11, 2020 (the "Oxford Declaration").[1]  The Revised Amended Protective Order applies to all of the related actions consolidated as part of *In re Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Litigation*, Case No. 18-md-2865 (LAK) (collectively the "MDL").  Counsel for the defendants have consented to the entry of the Revised Amended Protective Order except for the counsel to the defendants in three of the consolidated actions ("Hanamirian Defendants"),[2] who has stated that he believes that the revisions contained in the Revised Amended Protective Order are not necessary for the MDL proceedings and he must treat the litigation as relating to the United States and foreign criminal matters.

---

1.  On March 5, 2020, the Court entered the Amended Stipulated Protective Order Governing Confidential of Discovery Materials (No. 18-md-2865-LAK, ECF No. 287) (the "Amended Protective Order") in these actions. A blackline reflecting the parties' proposed amendments to the Amended Protective Order is annexed as Exhibit 2 to the Oxford Declaration.

2.  The Hanamirian Defendants are Acorn Capital Corporation Employee Profit Sharing Plan, Acorn Capital Strategies LLC Employee Pension Profit Sharing Plan & Trust, Cambridge Way LLC 401K Profit Sharing Plan, Christopher Nowell, Gregory Summers, Shreepal Shah, and Tveter LLC Pension Plan.

One of the guiding principles of the Amended Protective Order was to allow parties to use Discovery Materials[3] obtained in the MDL in the related litigations that have been commenced by SKAT in jurisdictions outside the United States, while still ensuring that the Discovery Materials would receive protections substantially similar to those provided by the Amended Protective Order.  The parties believed that this approach would avoid the burden, costs, and delay that would arise if parties were required to conduct substantially duplicative discovery across multiple jurisdictions.

As the foreign litigations have progressed, however, it has become apparent to the parties that the Amended Protective Order would be more effective if it contained additional specification of the exact process for, and limitations on, using Discovery Materials in Foreign Actions.  Additionally, a prerequisite to receipt of certain Discovery Materials under the Amended Protective Order was, as is customary, an agreement to be bound by the terms of the Amended Protective Order.  Certain defendants in the related proceedings between SKAT and multiple defendants in the Commercial Court in London (under the consolidated case numbers CL-2018-000297, CL-2018-000404; CL-2018-000590; CL-2019-000487) (the "English Proceedings") raised concerns that this approach required submission to the jurisdiction of this Court, and refused to receive documents on this basis, effectively preventing SKAT from using documents produced in the MDL in the English Proceedings.

To address these issues, counsel for SKAT had consulted extensively with defendants in the MDL, and has now agreed the proposed Revised Amended Protective Order, which contains a number of revisions intend to clarify the process and procedures for the use of Discovery Materials, specifically Confidential and Highly Confidential Materials, in Foreign Actions.  Specifically, the Revised Amended Protective Order clarifies that Discovery Material may be shared in a Foreign Action "so long as the Discovery Material is subject to an agreement, enforceable by order of a court of competent jurisdiction for the Foreign Action that provides protections regarding the use and confidentiality of Discovery Material that are substantially similar to those contained in this [Revised Amended] Protective Order." (*See* Revised Amended Protective Order at ¶ 21.)

An illustrative example of such an agreement, the UK Confidentiality Club Agreement (with an attached proposed UK Confidentiality Order), is attached as Exhibit B to the Revised Amended Protective Order.  The UK Confidentiality Club Agreement and UK Confidentiality Order have been the subject of extensive consultation by SKAT with the defendants in the English Proceedings.  The UK Confidentiality Club Agreement and UK Confidentiality Order contain substantively similar protections as those provided by the Revised Amended Protective Order.  Namely, they contain limitations on the individuals and entities in the English Proceedings that can receive Confidential and Highly Confidential Information that are substantially similar to those contained in Revised Amended Protective Order.  Further, the UK Confidentiality Club Agreement and UK Confidentiality Order impose confidentiality obligations on individuals and entities receiving Discovery Materials that are also substantially similar to those contained in Revised Amended Protective Order.  The UK Confidentiality Club

---

3.   Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Revised Amended Stipulated Protective Order.

3

Agreement and UK Confidentiality Order also avoid the need to require receiving parties to submit to the jurisdiction of this Court, which addresses concerns raised by certain defendants in the English Proceedings.  Instead, the disclosure and use of Confidential and Highly Confidential Materials in the English Proceedings will be governed by the terms of the UK Confidentiality Club Agreement and UK Confidentiality Order, subject to the jurisdiction of the English Court, which provides disclosing parties in the MDL with comparable protection as the Revised Amended Protective Order.  SKAT will apply for approval of the UK Confidentiality Order in the English Proceedings as soon as this Court enters the Revised Amended Protective Order, and SKAT believes it is likely that the English Court will approve the UK Confidentiality Order (or a closely analogous order).

As to the concerns of the Hanimiran Defendants that Discovery Materials could be used in foreign criminal matters, the revisions contained in the Revised Amended Protective Order address the process for the use of Discovery Materials in a "Foreign Action," which is defined as an "action or proceedings commenced *by Plaintiff SKAT* in a foreign jurisdiction…" (*See* Revised Amended Protective Order at ¶ 10(a) n. 2).  The definition of Foreign Action would therefore categorically exclude a criminal action commenced in a foreign jurisdiction.  Accordingly, the revisions contains in the Revised Amended Protective Order do not address or implicate the use of Discovery Materials in a foreign criminal proceeding.  To the extent that a foreign governmental organization subpoenaed the recipient of Discovery Materials, the current version of the protective order already sets forth the procedures applicable to a party when it is the subject of a subpoena request.

Accordingly, SKAT respectfully requests that the Court enter the proposed order annexed hereto, and to the extent deemed necessary, overrule the objection of the Hanamirian Defendants.  Thank you for your consideration.

Respectfully submitted,


/s/ Neil J. Oxford
Neil J. Oxford

Enclosures

cc:   All counsel of record (via ECF)