

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

By ECF

Honorable Lewis A. Kaplan                    September 21, 2020
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

      Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this letter motion, pursuant to Federal Rule of Civil Procedure 37, to compel third-party defendant ED&F Man Capital Markets Limited ("ED&F") to consent to SKAT obtaining documents, via Letter of Request, from BNP Paribas S.A. ("BNP"), one of ED&F's sub-custodians through which it purportedly held Danish shares.

      This motion relates to 31 actions in this MDL involving defendants that used ED&F as a purported custodian of Danish shares.[1] In September 2019, ED&F admitted in an amended pleading that 89 of the 389 tax vouchers it issued to defendants in these 31 actions were false and collectively overstated the amount of withholding tax the defendants purportedly suffered by DKK 184,214,519.[2] This motion seeks to compel ED&F to take all steps necessary for SKAT to obtain documents directly from BNP that will evidence the amount of shares of Danish stock that BNP in fact held on behalf of ED&F and the defendant pension plans. ED&F has refused to produce these documents to SKAT or cooperate in SKAT's efforts to obtain them directly from BNP, including now by threatening to invoke French professional secrecy law to prevent BNP from producing the documents to SKAT in response to any Letter of Request that this Court issues.

---

1. This motion relates to: 18-cv-05053; 18-cv-05374; 18-cv-08655; 18-cv-09797; 18-cv-09836; 18-cv-09837; 18-cv-09838; 18-cv-09839; 18-cv-09840; 18-cv-09841; 18-cv-10100; 18-cv-09549; 18-cv-09515; 18-cv-09511; 18-cv-09498; 18-cv-09507; 18-cv-09497; 18-cv-09489; 18-cv-09491; 18-cv-09439; 18-cv-09552; 18-cv-09434; 18-cv-09505; 18-cv-09494; 18-cv-09492; 18-cv-09490; 18-cv-10088; 18-cv-10090; 18-cv-10127; 18-cv-04894; 18-cv-10130.

2. *See* Letter Addressed to Judge Lewis A. Kaplan from Brian S. Fraser, Ex. A ¶ 4.2, *In re SKAT* (No. 18-md-02865), ECF No. 202. In its prior December 2018 pleading in the English action, ED&F asserted, under penalty of contempt of court, that its tax vouchers were accurate, with the exception of nine that overstated the amount purportedly withheld by DKK 312,120.

**ED&F is obstructing SKAT from obtaining critical information in these cases.**

On September 30, 2019, SKAT served requests on ED&F seeking, among other things, "documents evidencing the identity and role of any sub-custodians in connection with the Shares owned by the Plans," and "[d]ocuments evidencing the number of Shares held by any sub-custodians on behalf of the Plans." ED&F subsequently informed SKAT that its sub-custodians that purportedly held shares of Danish stock on behalf of the defendant pension plans were BNP and Skandinaviska Enskilda Banken ("SEB"), but ED&F refused to produce records of its accounts at the sub-custodians on the ground that such documents were not in its possession, custody or control.

SKAT then requested that ED&F consent to SKAT requesting the records directly from ED&F's sub-custodians.[3] ED&F refused that request too, purportedly because "the requested consent" was "not necessary" as ED&F had "recovered" from a third party "document manager" a database of SWIFT messages that supposedly would provide SKAT with all the information it needs.[4] But SKAT should not have to rely solely on ED&F's curated records to determine the truth of ED&F's alleged Danish shareholdings on behalf of the defendant pension plans.[5]

Accordingly, SKAT has prepared a Letter of Request to the French judicial authority requesting its assistance, pursuant to the Hague Convention on Taking Evidence Abroad, in obtaining from BNP, a French company, documents and testimony concerning its role as sub-custodian in purportedly holding shares of Danish stock on behalf of ED&F and the defendant pension plans. SKAT's Letter of Request and accompanying motion papers are ready to file with the Court. But before doing so, SKAT shared its proposed Letter of Request and motion papers with ED&F and asked ED&F whether it would object to SKAT's motion and whether it consented to the French judicial authorities executing the Request and BNP's compliance therewith should this Court issue the Letter of Request. As SKAT explained by letter dated September 10, 2020, SKAT requested ED&F's consent because SKAT understands that absent such consent, the French Monetary and Financial Code may prohibit BNP from disclosing the requested information. Specifically, under Article L.511-33 of the Code, "credit establishments and financial companies can communicate information covered by professional secrecy on a case by case basis and only while the people concerned have expressly given them permission to do so." Ex. 1 at 1.

By letter dated September 14, 2020, ED&F stated that while it does not object to the Court's issuance of SKAT's Letter of Request, it "is not prepared to provide an advance waiver of any rights it may have," and noted that SKAT's requests purportedly are "extraordinarily

---

3. *See* Letter Mot. for Discovery schedule addressed to Judge Lewis A. Kaplan from Brian S. Fraser, dated March 23, 2020, at 7, ECF No. 292. On January 31, 2020, the Court issued a Letter of Request to the judicial authority in Denmark requesting documents and testimony from SEB concerning its purported role as ED&F's sub-custodian. The Danish courts executed the Letter of Request and SEB is producing the requested documents and testimony.

4. *Id.*

5. The SWIFT messages that ED&F produced in place of BNP's records of its Danish shareholdings are an insufficient substitute. SKAT is entitled to all relevant documents concerning ED&F's purported custody of Danish shares on behalf of the defendant plans, not just the selected documents ED&F itself decides to produce. Further, the SWIFT messages do not reflect critical information SKAT needs to understand ED&F's role as purported custodian, such as details of ED&F's trading in the Danish shares.

broad." Ex. 2 at 1.  In its September 15, 2020 response letter, SKAT reiterated that it is asking for ED&F's consent to the extent French professional secrecy law would otherwise preclude BNP from producing the critical information SKAT seeks should the Court issue the Letter of Request.  Ex. 3 at 1.[6]  Further, SKAT confirmed that it is seeking information only about Danish shares BNP purportedly held on behalf of ED&F and the defendant pension plans, enclosed revised requests, and invited ED&F to explain how the requests were overbroad.  Ex 3 at 1.  On September 17, 2020, ED&F responded, "the overbreadth of the Letter of Request is not our principal concern," while still refusing to provide the consent necessary for SKAT to obtain from BNP records of ED&F's purported shareholdings on behalf of the defendants.  Ex 4 at 1.

**ED&F should be compelled to authorize BNP to provide SKAT this critical information.**

The documents SKAT seeks from ED&F and BNP are focused on a critical issue in these actions: whether ED&F in fact held the shares listed in the tax vouchers it issued, which the defendants submitted to SKAT.  If this Court should issue SKAT's proposed Letter of Request, ED&F should not be permitted to frustrate the implementation of SKAT's (and this Court's) Request by withholding consent when the Letter of Request is presented to the French authorities.  The Court therefore should compel ED&F to provide whatever authorizations are necessary for SKAT to obtain this information, including by compelling ED&F's consent to BNP's compliance with SKAT's proposed Letter of Request.  *See, e.g.*, *Hockler v. Lichtman*, No. 07 Civ. 6410 (SCR), 2009 WL 1788371, at *1 (S.D.N.Y. Jun. 23, 2009) (affirming bankruptcy court contempt finding based, in part, on party's failure to comply with prior order directing party "to do whatever is necessary to obtain from the bank all bank records relating to every account"); *Burrell v. AT&T Corp.*, No. 03 Civ. 2490 (SAS), 2006 WL 3802224, at *8 (S.D.N.Y. Dec. 21, 2006) (dismissing case as discovery sanction based, in part, on plaintiff's refusal "to authorize defendants to obtain . . . IRS Forms 1099" to verify his earnings).

The Court should thus compel ED&F to provide express consent to BNP providing the information SKAT will seek via Letter of Request, including information concerning ED&F's purported holdings of Danish shares on behalf of the defendant pension plans, and specifically to consent to the extent the information SKAT seeks is covered by French professional secrecy law.

Accordingly, SKAT respectfully requests that the Court grant its motion to compel.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

cc:     All counsel of record (via ECF)

---

6. Exhibit 3 hereto comprises SKAT's September 15 letter to ED&F and SKAT's draft Letter of Request enclosed therewith.