# Exhibit 1



**Hughes Hubbard & Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

September 10, 2020

<u>BY EMAIL</u>

Neil S. Binder, Esq.
Binder & Schwartz LLP
366 Madison Ave., 6th Floor
New York, New York 10017

   Re:  *In re Customs and Tax Administration of the Kingdom of Denmark*
       *(Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)

Dear Neil,

   I write on behalf of Skatteforvaltningen ("SKAT") in response to your emails of
September 3 and 4, 2020, in which you stated that while ED&F Man Capital Markets Limited
("ED&F") would not object to SKAT requesting that Judge Kaplan issue a letter of request
seeking documents and testimony from BNP Paribas S.A. ("BNP"), ED&F would not waive any
objections to the execution of the letter of request or BNP's compliance therewith, on the basis
of French bank secrecy laws or otherwise.

   SKAT made this request for waiver because we understand that under Article L.511-33
of the French Monetary and Financial Code, BNP may be bound by professional secrecy to not
disclose certain of the information SKAT seeks, in the absence of ED&F's consent.  Specifically,
under Article L.511-33 of the Code, "credit establishments and financial companies can
communicate information covered by professional secrecy on a case by case basis and only while
the people concerned have expressly given them permission to do so."

   As you know, the documents SKAT seeks from BNP concern BNP's role as ED&F's
purported sub-custodian allegedly holding shares of Danish stock related to certain of the
applications submitted by certain plan defendants for dividend withholding tax refunds at issue
in these litigations, including ED&F's account opening documents and related agreements,
account statements, trading records, and SWIFT messages.  The documents SKAT seeks from
BNP are focused on a critical issue in the actions in the MDL where ED&F served as the plan
defendants' purported custodian of Danish stock: whether ED&F in fact held the shares listed in
the tax vouchers it issued that the plan defendants submitted to SKAT.  It is thus both remarkable
and telling that ED&F will not readily consent to its sub-custodian BNP complying with a letter
of request from Judge Kaplan asking that BNP produce the critical documents that may be key to
proving or disproving the plan defendants' defense.

   Accordingly, please confirm by no later than September 11, 2020 that ED&F consents to

2

BNP providing the information requested in the attached Letter of Request, and specifically consents to the extent it is covered by professional secrecy under French law (including under Article L.511-33).  The attached Letter of Request differs from the draft previously shared with you only in that it includes additional language, in redline, reflecting the agreement we are seeking, if necessary by court order.  If ED&F intends to object (or instruct BNP to object) to the French judicial authority's execution of the letter of request, or reserves the right to do so, SKAT intends promptly to seek relief from Judge Kaplan.

Please let me know if you have any questions or if you wish to discuss.

Sincerely,

/s/ *Neil J. Oxford*
Neil J. Oxford

Enclosures