# Exhibit 2



Neil S. Binder
Binder & Schwartz LLP       (T) 212.510.7031
366 Madison Avenue  6th Floor   (F) 212.510.7299
New York, NY 10017          nbinder@binderschwartz.com

September 14, 2020

**By Email**

Neil J. Oxford
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Litigation*, 18-md-2865 (LAK)

Dear Neil:

      We write on behalf of ED&F Man Capital Markets Ltd. ("ED&F") in response to your letter dated September 10, 2020 (the "September 10 Letter") and the attachment to that letter, a draft request for international judicial assistance (the "Letter of Request") seeking documents and testimony from BNP Paribas S.A. ("BNP").

      As you know, we have already advised you that ED&F will not object to SKAT seeking the issuance of a Letter of Request directed at BNP.  However, ED&F is not prepared to provide an advance waiver of any rights it may have with respect to the production of documents by, or the testimony of, BNP.  Moreover, we see no basis for SKAT to seek such a waiver.  Indeed, you are asking that ED&F consent to disclosures of information and documents before ED&F can know what documents BNP intends to disclose or what testimony SKAT seeks to elicit.

      We note, for instance, that the document requests as set out in the Letter of Request are extraordinarily broad, demanding that BNP produce an expansive array of financial records—including contracts, agreements, account statements and compliance files—relating not only to ED&F but also to, among others, any of ED&F's subsidiaries, affiliates, officers, directors, employees, agents or attorneys, regardless of whether such records have any nexus to trading in the identified Danish securities.  In addition, the Letter of Request requires BNP to submit to open-ended deposition questioning by SKAT and by the MDL defendants.

      We are unaware of any legal authority under which ED&F could be compelled to consent to a preemptive waiver of its rights to object to third-party discovery of financial information and records.  We ask that you provide us with your legal support for demanding such a waiver and the case law on which you intend to rely.

      Finally, your assertion that it is somehow "remarkable and telling" that ED&F will not waive its rights with respect to a document production it has not yet seen or deposition questions it has not yet heard is baseless.  In fact, as you know, ED&F has itself already produced to SKAT (i) the daily SWIFT MT536 messages showing all relevant Danish share movements at BNP and (ii) the automated MT545 and MT544 SWIFT messages confirming delivery of the relevant securities from the trade counter-parties to BNP and BNP's payment for them on their settlement



date.  These documents already produced by ED&F appear to be precisely what SKAT is requesting from BNP in response to Requests 12(i)-(iii) of the Letter Request.

      We do not understand why SKAT would want to create a dispute where none yet exists and may never exist.  The discovery requests at issue here have not been approved by the Court, have not been presented to the French Central Authority, and have not been conveyed to BNP itself.  ED&F will respond, if necessary, at the appropriate time.

      Sincerely,

      Neil S. Binder