

Neil S. Binder
Binder & Schwartz LLP           (T) 212.510.7031
366 Madison Avenue  6th Floor   (F) 212.510.7299
New York, NY 10017              nbinder@binderschwartz.com

September 23, 2020

**By ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

  We write on behalf of third-party defendant ED&F Man Capital Markets, Ltd. ("ED&F") in opposition to Skatteforvaltningen's ("SKAT") motion to compel.  By its motion, SKAT seeks to compel ED&F to consent in advance to as-yet hypothetical disclosures by non-party BNP Paribas S.A. ("BNP") in response to as-yet unsubmitted discovery requests, all of which may be governed, in whole or in part, by French law.  SKAT's motion is brought not on the basis of any objection by ED&F to disclosure by BNP—ED&F has not made, and may never make, such an objection—but because ED&F has not agreed to waive its rights to object.

  SKAT's insistence that ED&F preemptively forego any right to object was, and remains, inexplicable.  SKAT notified ED&F in late August of this year that it intended to ask this Court to issue a request for international judicial assistance in connection with proposed discovery from BNP.  *See* Exhibit A (August-September 2020 email chain).  We advised SKAT that ED&F would *not* object to SKAT seeking such a request from this Court.  *See id*.  In response, SKAT asked that ED&F "confirm" that it "does not object to BNP complying with SKAT's requests for documents and (if necessary) testimony, on the basis of French bank secrecy laws or otherwise." *See id*.  Of course, not knowing what BNP might choose to produce in response to SKAT's proposed discovery requests, what questions SKAT or other MDL parties might ask at SKAT's proposed deposition(s), or what the implications of waiving a right to object might be under French law, ED&F was not in a position to provide the requested confirmation and so advised SKAT.  *See id*.[1]  To date, BNP has not asked ED&F to consent to the production of any documents, and ED&F has never objected to any production of documents by BNP.  ED&F has, in short, done nothing more than reserve its rights.  Thus, there is currently no actual dispute between ED&F and SKAT.  For this reason alone, SKAT's motion is without merit and should be denied.

---

[1] By September 10, SKAT's "request for waiver" had become something more in the nature of a demand.  In its September 10 letter, SKAT insisted that ED&F provide consent by the end of the following day, warning that it would "seek relief from Judge Kaplan" if ED&F "reserve[d] the right" to object.



In an effort to create the appearance of a ripe dispute, SKAT has grossly mischaracterized the current state of discovery. ED&F is constrained to respond in order correct the record.

First, ED&F has not "refused" to produce responsive documents to SKAT. To the contrary—and notwithstanding that ED&F is not a defendant in any action brought by SKAT—ED&F has made, and is continuing to make, extensive productions to SKAT of responsive documents in its possession, custody or control, including documents which furnish some of the very information that SKAT now proposes to seek from BNP. Indeed, SKAT does not appear to be challenging the completeness of ED&F's productions, and SKAT's motion to compel does not relate to any documents that ED&F itself is obligated to produce. Rather, SKAT seeks documents beyond those in ED&F's possession, custody or control and has therefore turned its attention to documents in the possession, custody or control of BNP.

Second, contrary to SKAT's assertion to this Court, ED&F has never "threaten[ed] to invoke French professional secrecy law." The potential applicability of French secrecy law was raised for the first time *by SKAT*, in an email dated September 4, sent the day *after* ED&F confirmed to SKAT that it would not object to SKAT requesting the issuance of a request for international judicial assistance. *See id*. Whether, and the extent to which, French law may apply to a discovery request directed at BNP is not an issue that ED&F has considered in detail. Again, ED&F has done nothing more than reserve its rights with respect to potential disclosure issues that have not yet even arisen.

Finally, the decisions cited in SKAT's letter motion are inapposite and, indeed, so far removed from the circumstances here that they only highlight the extraordinary nature of SKAT's request. The decision in *Hockler v. Lichtman*, No. 07 Civ. 6410(SCR), 2009 WL 1788371 (S.D.N.Y. Jun. 23, 2009), turned on an appellant's "willful and contumacious" failure to comply with two court orders and a subpoena directed at the appellant himself. *See id*. at *1, 4. Similarly, the decision in *Burrell v. AT&T Corp.*, No. 03 CIV. 2490(SAS), 2006 WL 3802224 (S.D.N.Y. Dec. 21, 2006) involved what the Court described as a "litany of discovery abuses" by the plaintiff, including—among many other failures—the plaintiff's refusal to authorize the release by the I.R.S. of specifically-identified tax forms initially sought in discovery requests directed at plaintiff himself. *See id*. at *1, 5-7. In neither of these cases was a party—much less a third-party defendant—precluded from reserving its rights prior to having made any objection and in advance of any actual dispute.

SKAT's motion to compel is unrelated to any actual dispute, and there is no proper basis for SKAT's request that ED&F be required to forfeit any objections it may someday have—under foreign law or otherwise—to whatever future disclosures BNP may propose to make in

2



response to discovery requests that have not yet even been issued.  ED&F respectfully requests that SKAT's motion to compel consent be denied.

                                           Respectfully submitted,

                                           Neil S. Binder