**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DEMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | Master Docket 18-md-02865 (LAK) ECF Case |
| | Honorable Lewis A. Kaplan |
| This document relates to: 18-cv-10130 | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW

John M. Hanamirian, Esquire of Hanamirian Law Firm, PC ("Hanamirian") has served as counsel for Defendants Tvetter LLC Pension Plan and Christopher Nowell ("Defendants") since the commencement of this Action, submits this Memorandum in Support of his Motion for leave to withdraw as counsel for Defendants on the grounds of nonpayment of fees.

As set forth in the accompanying Declaration of John M. Hanamirian dated September 24, 2020 (the "Hanamirian Decl."), aside from a few marginal payments amounting to less than half of the total fees due and, despite a shared allocation of fees amongst several clients where the services performed overlap, Defendants have failed to fully pay Hanamirian's fees and expenses incurred. The accompanying Declaration, Hanamirian respectfully seeks the Court's permission to withdraw as Defendants' counsel of record in this case.

### FACTUAL BACKGROUND

As set forth in the Declaration of John M. Hanamirian, Esquire, when this matter was initially filed on June 12, 2018 in the United Stated District Court for the District of Connecticut, Hanamirian has been representing Defendants in their ongoing litigation with Skatteforvaltningen ("SKAT"). On November 1, 2018, this matter was transferred into a Multi-District Litigation

("MDL") before this Court. Hanamirian agreed to represent Defendants in this action only after Defendants agreed that they would promptly pay the Firm's invoices in accordance with the executed Engagement Letter dated July 2, 2018 (See Exhibit "A" to Hanamirian Decl.).

Despite that Engagement Letter, Defendants paid "slowly", if at all, and for the past five (5) months, have failed to pay any of their legal fees or costs. Hanamirian discussed his withdrawal from this matter with Defendants on a few occasions, and Defendants agreed to pay their fees, but did not, and have not, done so. Defendants have not stated they are not able to pay the amounts due.

## ARGUMENT

### A. Defendants Have No Plans to Compensate Hanamirian

Under Rule 1.4 of the Local Rules of the United States District Court for the Southern District of New York:

> "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar."

Defendants failure to pay legal fees in this matter supports Hanamirian's withdraw as counsel. It is established that non-payment of fees is a sufficient basis for such withdrawal. See, *Blue Angel Films, Ltd. V. First Look Studios, Inc.*, No. 8 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Fed. 17, 2011) ("Although there is no clear standard for what may be considered a "satisfactory reason" for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason.); *D.E.A.R. Conestudi S.P. A. v. Int.'l Media Films, Inc.*, No. 03 Civ.

2

3038 (RMB), 2006 WL 1676485, at *1 (S.D.N.Y. Jun. 16, 2006) ("It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw"). (citation omitted); *Promotica of Am., Inc. v. Johnson Grossfield, Inc.* No. 98 Civ. 7414 (AJP), 2000 WL 424184, at *2 (S.D.N.Y. Apr. 18, 2000) ("[O]nly one ground need be shown" to support withdrawal; granting counsel for corporate defendant's motion to withdraw for failure to pay fees and the resultant "irreconcilable conflict of interest"); *HCC, Inc. v. RH&M Mach. Co.*, No. 96 Civ. 4920 (PKL), WL 411313. At *1 (S.D.N.Y. Jul. 20, 1998) (granting counsel for corporate defendant's motion to withdraw for failure to pay fees); *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96-cv-2839, 1997 WL 661146 at *2 (S.D.N.Y. Oct. 21, 1997) (citing *Promotica*). It has also been held that a Court should not require counsel to represent a client *pro bono. HCC, Inc.*, 1998 WL 411313, at *1 (granting withdrawal and stating it would not "impose on counsel an obligation to continue representing defendants *pro bono*").

There is no dispute that Defendants owe over $53,000.00 in fees and costs to Hanamirian for work performed on this case. Again, that figure includes many hours of services charged at one-third (1/3) of the usual hourly rate as the fees were allocated to three (3) separate clients. Defendants have made only a few nominal payments to Hanamirian in the more than two (2) years that Hanamirian has been engaged to defend this matter. Defendants have not indicated a plan to pay Hanamirian the fees that are owed or any fees that will be incurred in the future.

Pursuant to Local Civil Rule 1.4 and Judiciary Law Section 475, the undersigned reserves the right to a charging lien on any recoveries that may be obtained by Defendant in the above-referenced matter via third-party or other claims and a retaining lien relative to the right to pursue further all outstanding fees and costs. To date, the undersigned's outstanding actual time translates to attorneys' fees of $53,249.60.

B. <u>Withdrawing at this Stage of Litigation Would Minimize any Prejudice to Defendants.</u>

Plaintiff initially commenced this action on June 12, 2018 in the United States District Court for the District of Connecticut (Docket No.: 3:18-cv-00985). Presently the matter is docketed as part of the MDL before this Court. No dates for briefing of summary judgment or trial have been set. Defendant Nowell has an Answer to the Amended Complaint due on October 3, 2020. A form of Answer was provided to Defendant Nowell for review on September 3, 2020. Given the current posture of this case, this is a logical place in the proceedings to allow for the transition to new counsel. Such a transition would not prejudice Defendants at this time.

Hanamirian also has acted, and will continue to act, consistently with New York Rule of Professional Conduct 1.16(e) to further alleviate any potential prejudice to Defendants. Hanamirian will promptly deliver to Defendants or its new counsel any papers and property to which they are entitled. Also consistent with Rule 1.16(e), Hanamirian has given Defendants due notice of its intention to withdraw.

## CONCLUSION

Given Defendants nonpayment of fees, Hanamirian respectfully requests that the Court enter an order permitting Hanamirian to withdraw from his representation of Defendants in this matter.

Dated: Moorestown, New Jersey
September 25, 2020

John M. Hanamirian
HANAMIRIAN LAW FIRM, P.C.
Attorney I.D.: 4339149
40 E. Main Street
Moorestown, New Jersey 08057
(856) 793-9092 – o
(856) 793-9121 – f
jmh@hanamirian.com

4