UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: All Cases. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE (LETTERS ROGATORY)

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496
   (S.D.N.Y. Mar. 31, 2014) ...................................................................................................... 3

*Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013) ...................................... 3

*Elliott Assocs. v. Republic of Peru*, No. 96 CIV. 7916 (RWS), 1997 WL 436493
   (S.D.N.Y. Aug. 1, 1997) ........................................................................................................ 4

*Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433
   (S.D.N.Y. July 25, 2016) ....................................................................................................... 3

*Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769
   (S.D.N.Y. 2012) ................................................................................................................. 3, 4

*In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244 (S.D.N.Y. 2011) .................................................. 4

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of
   Iowa*, 482 U.S. 522, 107 S. Ct. 2542 (1987) ......................................................................... 4

**Statutes and Rules**

28 U.S.C. § 1781(b)(2) ................................................................................................................... 3

Fed. R. Civ. P. 26 ........................................................................................................................... 3

Fed. R. Civ. P. 28(b)(1)(B) ............................................................................................................. 3

Plaintiff Skatteforvaltningen ("SKAT"), the Customs and Tax Administration of the Kingdom of Denmark, respectfully submits this memorandum of law in support of its motion (the "Motion") for the issuance of letters of request to obtain documents from a party in Switzerland and a party in France pursuant to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"). Proposed letters rogatory are attached as Exhibit 1 and Exhibit 2 to the Declaration of Neil J. Oxford, dated October 12, 2020 ("Oxford Decl.").

**PRELIMINARY STATEMENT**

SKAT seeks to recover some of the over $2.1 billion that Defendants—United States pension plans (the "Plans") and related entities and individuals—deceived it into paying based on fraudulent claims for refunds of dividend withholding tax. Specifically, Defendants submitted to SKAT fraudulent dividend withholding tax refund claim applications, which falsely claimed that the Plans owned shares in Danish companies listed on the OMX Copenhagen 20 Index ("Danish Securities"). These applications are alleged to have been fraudulent because the Plans did not actually own the shares of Danish Securities that they claimed to own, did not earn the dividends they claimed to have earned, and were not entitled to the tax refunds they claimed. By submitting these claims, Defendants were able to receive refunds on dividend withholding tax to which they were not entitled.

A central issue in these cases is therefore whether the Plans owned any of the Danish Securities that served as the basis for their dividend withholding tax refund claims. Each Plan submitted to SKAT a "credit advice," "income advice," "tax voucher," or similar document (a "Credit Advice") created by a custodian ("Custodian") that purported to show the claimant's ownership of Danish Securities. The Custodians purported to hold the Danish Securities reflected on the Credit Advices only in their custody accounts with other credit institutions (the

"Sub-Custodians"). Solo Capital Partners LLP ("Solo Capital") and three other Custodians controlled by Sanjay Shah issued Credit Advices for 154 of the Plans and advised the United Kingdom's Financial Conduct Authority, by letter dated March 11, 2016, that Société Générale SA ("Société Générale") served as their sole Sub-Custodian from January 1, 2014 through August 24, 2015. Solo Capital and the three other Custodians also advised the Authority that they had received no dividends on Danish securities during this period. Custodian ED&F Man Capital Markets Ltd. ("ED&F") similarly claims that BNP Paribas S.A. ("BNP") served as its Sub-Custodian that held Danish Securities ultimately on behalf of Defendants in this MDL. (*See* Oxford Decl. Ex. 4 at 4.)

SKAT now seeks the assistance of this Court in issuing letters rogatory seeking documentary evidence from Société Générale and BNP. Specifically, SKAT seeks from both banks, with respect to the Defendants and the Custodians they used: a list of their cash and securities accounts; account statements for their cash and securities accounts; account opening documentation; trading records; SWIFT messages; and agreements and related documentation. This information will be relevant to the issue of whether the Plans were the actual holders of the Danish Securities that Defendants asserted as the basis of their claims for dividend withholding tax refunds.

Société Générale and BNP are not a party to this lawsuit, are citizens of another country, and are not otherwise subject to the jurisdiction of this Court. Thus, it is appropriate for SKAT to seek to obtain evidence under the Hague Evidence Convention. SKAT contacted lead counsel for the Defendants to inform them of the relief sought herein, and has received no objections to this Motion from Defendants as it relates to Société Générale. With respect to BNP, while ED&F has stated that it does not object to the issuance of a letter rogatory, it refused

2

to agree to consent to BNP's disclosure of its information to the extent such consent is necessary under French law. As such, on September 21, 2020, SKAT moved [ECF No. 454] to compel ED&F's consent to BNP's disclosure of its information relevant to the parties' claims and defenses in this MDL. The BNP letter rogatory attached as Exhibit 2 to the Oxford Declaration includes the consent that SKAT's pending motion seeks to compel ED&F to provide.

Through this Motion, SKAT respectfully requests that the Court issue letters rogatory to the courts of Switzerland and France in order to allow it to obtain evidence from Société Générale and BNP, which will evidence the Defendants' fraudulent scheme.

## **LEGAL STANDARD**

Letters rogatory are the means by which a court in one country can formally request that a court in another country lend its judicial assistance in obtaining evidence or performing some other judicial act. *Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 775-76 (S.D.N.Y. 2012). Rule 28(b)(1)(B) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory that enable a U.S. litigant to obtain non-party evidence from a foreign entity. Letters can be sent directly from this Court without transmittal by the State Department. 28 U.S.C. § 1781(b)(2).

In considering an application for issuance of letters rogatory, United States courts apply the discovery principles embodied by Rule 26. The party seeking discovery bears the burden of demonstrating that the evidence sought is relevant. *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014). "While not 'unlimited, relevance, for purposes of discovery, is an extremely broad concept.'" *Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)). Once relevance is shown, the burden shifts to the party opposing discovery to show that the discovery

3

is improper. *Id*.; *see, e.g.,* Memo Endorsement, *In re Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Scheme Litigation*, No. 18-md-2865-LAK, ECF No. 251 (Jan. 22, 2020) (granting issuance of letter of request to judicial authority in Denmark).

## ARGUMENT

**I.     LETTERS ROGATORY ARE THE PROPER DISCOVERY DEVICE.**

The United States, Switzerland and France are all signatories to the Hague Evidence Convention. *Hague Evidence Convention Status Table*, HCCH (Mar. 1, 2019), https://www.hcch.net/en/instruments/conventions/status-table/?cid=82. SKAT seeks evidence from Société Générale, an entity located in Switzerland, and BNP, an entity located in France, to support its claims against the Defendants in these actions.

Recourse to the Hague Evidence Convention is "available whenever [it] will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541, 107 S. Ct. 2542, 2554 (1987). Letters rogatory are appropriately used to obtain evidence from witnesses who cannot be compelled to appear in a United States court. *See In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 259 (S.D.N.Y. 2011). Where, as here, the witnesses are not a party to the lawsuit and are not otherwise subject to the jurisdiction of the U.S. court, it is appropriate to turn to the Hague Evidence Convention. *Elliott Assocs. v. Republic of Peru*, Nos. 96 CIV. 7917 (RWS), 96 CIV. 7916 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997); *Lantheus*, 841 F. Supp. 2d at 782 ("parties seek, and U.S. courts will usually issue, letters rogatory where the court otherwise lacks jurisdiction to compel discovery"). "The party opposing the issuance of a letter of request must show some good reason to deny the application." *Elliott*, 1997 WL 436493, at *2.

4

## II.    SKAT'S REQUESTS ARE RELEVANT TO THE CLAIMS IN THIS ACTION.

SKAT seeks documents from Société Générale and BNP, the banks through which Custodians claimed they held Danish Securities. The issue of whether the Custodians held Danish Securities on behalf of the Plans is a central issue in these proceedings. SKAT alleges that the applications for dividend withholding tax refunds "were fraudulent because the claimants did not own the shares that they claimed to own, they did not earn the dividends they claimed to have earned, and they were not entitled to the tax refunds they claimed." (*See, e.g.*, Oxford Decl. Ex. 1 at 4, Ex. 2 at 4.) Accordingly, the documents that SKAT seeks from Société Générale and BNP, including account opening documentation, account statements, trading records, SWIFT messages, and agreements and related documentation, will establish whether Société Générale and BNP held Danish Securities for the Custodians, and by extension the Plans, in an amount sufficient to support the Plans' dividend withholding tax refund claims (or at all), and are therefore directly relevant.

SKAT has identified documents among those seized from Elysium Global (Dubai) Limited and Elysium Properties Limited in SKAT's action pending before the Dubai International Financial Center Courts indicating that Solo Capital and three other Custodians owned by Sanjay Shah, Old Park Lane Capital PLC, Telesto Markets LLP, and West Point Derivatives Ltd., all claimed that Société Générale served, for a period of time, as their sole Sub-Custodian for Danish shares. The Elysium documents also evidence that these Custodians did not in fact hold any Danish shares, contrary to Credit Advices they issued to support reclaims to SKAT. A letter, dated March 11, 2016, from Solo Capital's former counsel, Reed Smith LLP, in response to an inquiry from the United Kingdom's Financial Conduct Authority states that from January 1, 2014 to August 24, 2015, "Societe General SA, Zurich Branch was the only sub-custodian used by [Solo Capital, Old Park Lane Capital PLC, Telesto Markets LLP, and West

5

Point Derivatives Ltd]" and that those Custodians "did not receive dividends on Danish securities in cash." (Oxford Decl. Ex. 3.)[1] Stock reconciliation reports accompanying the Reed Smith letter suggest that none of the Custodians in question ever held or received dividends on Danish Securities. (Oxford Decl. Ex. 3.) In light of this evidence, it is likely that Société Générale is in possession of documents that are highly relevant to the question of whether the Custodians ever held Danish Securities.

Given that counsel for four major Custodians claimed that Société Générale was the only sub-custodian used by the Custodians for almost two years, the information sought from Société Générale through the letters rogatory will evidence whether the Plans' representations that they owned the Danish Securities were true or false.

Similarly, ED&F has indicated that BNP served as its Sub-Custodian, and held Danish shares on behalf of ED&F and the Plans. Specifically, ED&F's counsel confirmed in a letter to SKAT's counsel that BNP served as a Sub-Custodian for ED&F, and that ED&F asserts that BNP held Danish Securities for ED&F. (Oxford Decl. Ex. 4 at 4.) It is thus likely that BNP is in possession of documents relevant to determining whether the Plans' representations that they owned the Danish Securities were true or false.

---

1. The DIFC Court established procedures for a neutral third party to review the documents for privilege before they are turned over to SKAT.

6

## **CONCLUSION**

For the reasons set forth above, SKAT respectfully requests that the Court grant its Motion for Issuance of a Request for International Judicial Assistance to Obtain Evidence.

Dated: New York, New York
October 12, 2020

                HUGHES HUBBARD & REED LLP

                By: /s/ Neil J. Oxford
                    William R. Maguire
                    Marc A. Weinstein
                    Neil J. Oxford
                    Dustin P. Smith
               One Battery Park Plaza
               New York, New York 10004-1482
               Telephone: (212) 837-6000
               Fax:  (212) 422-4726
               bill.maguire@hugheshubbard.com
               marc.weinstein@hugheshubbard.com
               neil.oxford@hugheshubbard.com
               dustin.smith@hugheshubbard.com

               *Counsel for Plaintiff Skatteforvaltningen*
               *(Customs and Tax Administration of the*
               *Kingdom of Denmark)*