UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION<br><br>This document relates to: All Cases. | MASTER DOCKET<br><br>Case No.: 1:18-md-02865-LAK |

**MEMORANDUM OF LAW IN OPPOSITION TO
MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE TO OBTAIN EVIDENCE IN FRANCE**

**BINDER & SCHWARTZ LLP**
Neil S. Binder
M. Tomas Murphy
366 Madison Avenue, 6th Floor
New York, New York 10017
212-510-7008

*Attorneys for Third-Party Defendant ED&F Man Capital Markets, Ltd.*

## TABLE OF CONTENTS

Page(s)

**PRELIMINARY STATEMENT** ................................................................................................ 1

**BACKGROUND** ........................................................................................................................ 2

**ARGUMENT** .............................................................................................................................. 3

**CONCLUSION** .......................................................................................................................... 4

Third-Party Defendant ED&F Man Capital Markets, Ltd. ("ED&F") respectfully submits this memorandum of law in opposition to the motion of Plaintiff Skatteforvaltningen ("SKAT") for the issuance of a request for international judicial assistance to obtain evidence in France.

## PRELIMINARY STATEMENT

By its motion, SKAT requests, among other things, the issuance of a request for international judicial assistance seeking documents and testimony from BNP Paribas S.A. ("BNP").[1]  In furtherance of its motion, SKAT has submitted a proposed letter rogatory (the "BNP Letter Rogatory") to the Court.

ED&F objects to the proposed BNP Letter Rogatory because it contains a plain falsehood concerning ED&F.  Specifically, the BNP Letter Rogatory contains the following text:

> ED&F has consented to the relief sought herein, and specifically consents to the extent the information sought is covered by professional secrecy under French law (including under Article L.511-33).

As SKAT is aware, ED&F never provided such consent, and it is precisely for this reason that SKAT brought a motion last month to compel ED&F's consent.  SKAT's motion to compel remains pending before the Court.  Notwithstanding the fact that this Court has not yet ruled on SKAT's motion to compel, SKAT has nevertheless included in the proposed BNP Letter Rogatory the very language that is in dispute.  The inclusion of this language in the BNP Letter Rogatory is improper, and SKAT's motion should be denied.

---

[1] *See* Motion for Issuance of Requests for International Judicial Assistance to Obtain Evidence in Switzerland & France, Doc. No. 475 (Oct. 12, 2020).  SKAT's motion also seeks a Letter of Request for International Judicial Assistance seeking documents and testimony from Société Générale SA.

**BACKGROUND**

On September 21, 2020, SKAT filed a letter motion asking that this Court compel ED&F to provide advance consent to discovery from BNP. *See* Letter Motion to Compel Third-Party Defendant ED&F Man Capital Markets Limited To Consent To Obtain Documents, Doc. No. 454 (Sept. 21, 2020). SKAT specifically asked this Court to "compel ED&F to provide express consent to BNP providing the information SKAT will seek via Letter of Request, including information concerning ED&F's purported holdings of Danish shares on behalf of the defendant pension plans, and specifically to consent to the extent the information SKAT seeks is covered by French professional secrecy law." *See id*. at 3.

In opposition to SKAT's motion to compel consent, ED&F explained that it did not object to SKAT seeking a request for international judicial assistance from the Court. *See* Letter Response in Opposition to Motion, Doc. No. 455 (Sept. 23, 2020). However, ED&F noted that it could not consent in advance to the waiver of any objections—under French law or otherwise—to potential disclosures by BNP without knowing what BNP might choose to produce in response to SKAT's proposed discovery requests, or what questions SKAT or other MDL parties might ask at SKAT's proposed deposition(s), or what the implications of waiving a right to object might be under French law. *See id*. at 1. ED&F further noted that BNP had not asked ED&F to consent to the production of any documents and ED&F had never objected to any production of documents by BNP. *See id.* ED&F had, in short, done nothing more than reserve its rights. *See id*.

SKAT's motion to "compel consent" is still pending before this Court. Nonetheless, SKAT has now submitted to this Court a proposed BNP Letter Rogatory that states that ED&F

has consented to disclosures without regard to certain French laws.  *See* Declaration of Neil J. Oxford, Exhibit 2, Doc. No. 477-2, at 5.  ED&F has not provided such consent.

## ARGUMENT

ED&F objects to SKAT's motion because SKAT's proposed BNP Letter Rogatory plainly misrepresents ED&F's position.  Specifically, the proposed BNP Letter Rogatory states that ED&F "consented to the relief sought" and "specifically consents to the extent the information sought is covered by professional secrecy under French law . . . ."  *See* Declaration of Neil J. Oxford, Exhibit 2, Doc. No. 477-2, at 5.

This is simply untrue.  Not only has ED&F never given such consent but, indeed, as SKAT itself acknowledges, pending before this Court is SKAT's motion to *compel* ED&F to give such consent.  *See* Memorandum of Law at 3 ("The BNP letter rogatory attached as Exhibit 2 to the Oxford Declaration includes the consent that SKAT's pending motion seeks to compel ED&F to provide.").  Thus, with that motion still pending, the inclusion in the proposed BNP Letter Rogatory of a false assertion of ED&F's consent is an improper end-run around SKAT's own pending motion to compel.  The BNP Letter Rogatory contains a misrepresentation regarding ED&F's purported consent, and therefore SKAT's motion with respect to the BNP Letter Rogatory should be denied.

## CONCLUSION

For the foregoing reasons, ED&F respectfully requests that this Court deny SKAT's motion for the issuance of a request for international judicial assistance to obtain evidence in France.

Dated:    New York, New York
          October 13, 2020

                                          Respectfully submitted,

                                      **BINDER & SCHWARTZ LLP**

By:    /s/ Neil S. Binder

Neil S. Binder
M. Tomas Murphy
Binder & Schwartz LLP
366 Madison Avenue, 6th Floor
New York, NY 10017
Telephone:   212-510-7008
Facsimile:    212-510-7299
nbinder@binderschwartz.com
tmurphy@binderschwartz.com

*Attorneys for Third-Party Defendant ED&F Man Capital Markets, Ltd.*

4