**Exhibit 3**

# Litigation and enforcement in Denmark: overview

**by Morten Schwartz Nielsen and Kim Christian Hove Thomsen, Lund Elmer Sandager law firm**

Law stated as at 01 Jan 2015 • Denmark

*A Q&A guide to dispute resolution law in Denmark.*

*The country-specific Q&A gives a structured overview of the key practical issues concerning dispute resolution in this jurisdiction, including court procedures; fees and funding; interim remedies (including attachment orders); disclosure; expert evidence; appeals; class actions; enforcement; cross-border issues; the use of ADR; and any reform proposals.*

*To compare answers across multiple jurisdictions visit the Litigation and enforcement Country Q&A tool.*

*The Q&A is part of the global guide to dispute resolution. For a full list of jurisdictional Q&As visit www.practicallaw.com/dispute-guide.*

**Main dispute resolution methods**

**Court litigation**

Limitation periods

Court structure

Rights of audience

**Fees and funding**

**Court proceedings**

Confidentiality

Pre-action conduct

Main stages

**Interim remedies**

**Final remedies**

**Evidence**

Disclosure

Privileged documents

Examination of witnesses

Third party experts

**Appeals**

**Class actions**

**Costs**

**Enforcement of a local judgment**

**Cross-border litigation**

Enforcement of a foreign judgment

**Alternative dispute resolution**

**Proposals for reform**

**Online resources**

Ministry of Justice

Courts of Denmark

**Contributor profiles**

Morten Schwartz Nielsen, Partner

Kim Christian Hove Thomsen, Commercial Litigation Associate

# Main dispute resolution methods

1. What are the main dispute resolution methods used in your jurisdiction to settle large commercial disputes?

Denmark's legal system is based on the Scandinavian adversarial system. The main methods for resolving legal disputes are litigation and arbitration. Legal disputes can also be resolved through mediation and court-based mediation. Court-based mediation is generally offered by the courts during the initial phase of a dispute.

The party making a claim typically carries the burden of proof. Evidence can be presented both orally and in writing although Danish courts prefer written evidence.

# Court litigation

## Limitation periods

2. What limitation periods apply to bringing a claim and what triggers a limitation period?

---

The standard limitation period is three years from the breach of contract or when the damage occurred. This applies to:

•    Contractual claims.

•    Claims in tort.

However, a creditor's unawareness of a debt may suspend the limitation period.

Other limitation periods include:

•    Ten years under the Danish Limitation Act (Act 522/2007 on Limitation of Claims) for (*sections 5 and 6*):

     •    salary demands;

     •    some claims based on a specific legal basis (such as an overdraft on a bank account);

     •    claims under financial loans;

     •    claims under deposits; and

     •    claims against guarantors whose guarantee was accepted for loans.


•    One to two years under Maritime Law, depending on the nature of the claim.

•    One year under the Convention on the Contract for the International Carriage of Goods by Road (CMR).

The limitation period is suspended by initiation of legal steps such as:

•    Filing of a statement of claim.

•    Initiating arbitration proceedings.

•    A suspension agreement entered into the by parties.

The court can ex officio ensure that statutes of limitation are observed.


## Court structure

> 3. What is the structure of the court where large commercial disputes are usually brought? Are certain types of dispute allocated to particular divisions of this court?

The Danish court is composed of:

- The Supreme Court (*Højesteret*), which functions as a civil and criminal appellate court for cases from the subordinate courts.

- The High Court of Western Denmark (*Vestre Landsret*) and the High Court of Eastern Denmark (*Østre Landsret*), which function both as civil and criminal courts of first instance and civil and criminal appellate courts for cases from the subordinate courts.

- The Copenhagen Maritime and Commercial Court (*Sø- og Handelsretten i København* (national jurisdiction)).

- The Land Registration Court.

- 24 district courts (*Byretten*).

Additionally, the Danish judicial system consists of the Appeals Permission Board, the Special Court of Indictment and Revision, the Danish Judicial Appointments Council and the Danish Court Administration.

Generally, cases are brought primarily before the District Court (*Byretten*) irrespective of the size of the case. Occasionally, cases can start in one of the two high courts if the subject matter of the case is of general public importance. Cases can also be brought directly before the Maritime and Commercial Court if particular knowledge of the subject matter is needed.

The answers to the following questions relate to procedures that apply to the District Court.

## Rights of audience

> 4. Which types of lawyers have rights of audience to conduct cases in courts where large commercial disputes are usually brought? What requirements must they meet? Can foreign lawyers conduct cases in these courts?

## Rights of audience/requirements

An attorney (lawyer) must be admitted to the Danish Bar to have rights of audience and to represent clients. Admission to the Danish Bar requires both:

- A Danish law degree (*Candidata Juris*/Master of Law).

- Three years of training and practice as an assistant-attorney. Assistant-attorneys are mentored by a lawyer and must receive authorisation from the District Court before practising law (to obtain authorisation, assistant-attorneys must fulfil specific requirements, such as no large debts to the state and no criminal record; authorisation is on a case-by-case basis). Lawyers may subsequently appear before the District Court on behalf of their principal (that is, the training lawyer).

Some lawyers have additional rights of audience before the High Court. A few lawyers have rights of audience before the Supreme Court.

Lawyers can apply for admission to the Supreme Court if they have both:

- A written statement from the Bar's General Council indicating they have practised law for at least five years.

- The High Court's written approval attesting to the lawyer's suitability.

## Foreign lawyers

A Danish law degree is required to have rights of audience before Danish courts. However, if a foreign lawyer has an equivalent law degree from another EU country, the Danish Ministry of Justice can provide a three-year probationary period where the foreign lawyer is employed by a Danish-qualified lawyer and works as an assistant-attorney.

These requirements ensure foreign lawyers have the necessary knowledge of Danish procedural law and have mastered the Danish language to properly carry out a trial. Following the probation period, the employer must state that the foreign lawyer is suitable to appear in court. The foreign lawyer is then appointed as an attorney (lawyer).

# Fees and funding

5. What legal fee structures can be used? Are fees fixed by law?

As a main rule, lawyers cannot claim a fee that is larger than what is fair in relation to the case, taking into consideration the importance of the claim, the size of the claim and the amount of work that has been included and the responsibility in that respect.

Danish lawyers are free to make their own fee agreements (inclusive of all types of monetary success fees) so long as the fee is deemed fair. However, lawyers cannot receive fees that are a fixed portion or a percentage of an award, as this is considered unfair.

Parties engaged in large commercial disputes are usually represented by highly specialised or large law firms that usually charge for their services on an hourly basis. Hourly rates typically range from EUR250 to EUR700 per hour. These hourly rates do not include the cost of disbursements (court fees, expenses and experts' fees) that may be added to the firm's fee. Therefore, it is recommended to ask for a cost estimate before trial (although this is only indicative of what the costs may actually be).

---

6. How is litigation usually funded? Can third parties fund it? Is insurance available for litigation costs?

---

## Funding

Third-party funding agreements are possible but not generally used in practice. Factoring (where a claim is sold to a professional party) is more commonly used.

## Insurance

Legal insurance is available and frequently used. This type of insurance usually covers the legal expenses of the policyholder and the legal costs that the claimant is awarded.

Most insurance is subject to maximum coverage and self-excess. Additionally, the costs covered are usually limited to the costs awarded by the court. If additional costs are incurred, the policyholder must bear these costs. Insurance is available to both private individuals and commercial entities.

# Court proceedings

## Confidentiality

---

7. Are court proceedings confidential or public? If public, are the proceedings or any information kept confidential in certain circumstances?

---

Court hearings are open to the public unless there is a compelling reason that all or part of the hearing should be held in private. In exceptional circumstances, the court can decide that only the parties to the case can attend the hearing. Divorce and legal separation cases, and so on, are in private and are never held in public. Apart from these it is very rare that cases are held in private.

Any person can review the conclusion of a judgment as long as the request is made within one week after the judgment is delivered, (*section 41(a), Danish Administration of Justice Act, cf. Consolidated Act No. 1261, 23 October 2007*). Generally, only the conclusion of a ruling is available to the public; court replies, pleadings and written evidence are not available.

## Pre-action conduct

8. Does the court impose any rules on the parties in relation to pre-action conduct? If yes, are there penalties for failing to comply?

As a main rule, there are no specific pre-action conduct rules or definite pre-action considerations to be taken into account before filing a writ of summons with the court. Claims dealing with debt collection are an exception to this rule. There are also special requirements to give notice to tenants in tenancy cases.

As a pre-action consideration in debt collection cases, the claimant must submit a demand letter to the debtor giving them at least ten days to pay the debt in full. The claimant must also provide the debtor with information about additional costs they may incur if the case progresses beyond this stage. If the claimant does not fulfil this requirement, they will not be awarded the full costs of the case.

There are also special requirements for notice in landlord-tenant cases.

## Main stages

9. What are the main stages of typical court proceedings?

## Starting proceedings

Proceedings are commenced by submitting a writ of summons to the court stating the:

- Claim.

- Facts of the dispute.

- Legal arguments.

- Evidence that will be presented to the court.

- Suggestion from the claimant about the form of the proceedings in court (that is, the number of judges, expert lay judges and so on).

- Exhibits that the case is based on.

The plaintiff must pay a court fee when submitting a writ of summons. The amount of the fee is based on the amount of the claim. An additional court fee (equalling the filing fee) is due when the case is scheduled to be heard at the final hearing.

## Notice to the defendant and defence

The writ of summons is served on the defendant by a judicial officer. The summons must be served on the defendant in person or to a member of his household. If the defendant is not a person, the summons must be served on the head of the legal entity or on an authorised staff member.

## Subsequent stages

The court will inform the defendant that they have at least two weeks from the date the writ of summons was served to submit a statement of defence. The court will subsequently meet with the counsels to agree on other procedural matters (for example, memoranda, evidence and other steps) and set the date of the final hearing.

# Interim remedies

10. What actions can a party bring for a case to be dismissed before a full trial? On what grounds must such a claim be brought? What is the applicable procedure?

Summary judgments are not available.

11. Can a defendant apply for an order for the claimant to provide security for its costs? If yes, on what grounds?

The courts can require claimants to post security if they are foreign nationals from outside of the EU and if the defendant has demanded it in their defence statement. In all other cases, it is not possible to apply for an order to provide security for costs.

The court determines costs as part of its ruling. The amount of those costs is based primarily on the value of the dispute. Additionally, the high courts produced a memorandum containing guidelines and fee bands for civil cases. District courts adhere to these guidelines.

Other factors the court considers in its determination of costs include the:

• Complexity of the case.

• Inclusion and the extent of expert opinion and testimony.

The costs awarded in civil disputes do not always cover the actual costs incurred by the parties. Consequently, even a successful party should expect to pay additional costs in larger disputes. However, decisions on costs can be appealed separately without appealing the merits of the case.

12. What are the rules concerning interim injunctions granted before a full trial?

## Availability and grounds

Parties can file injunctions as interim remedies compelling the parties to either act or to cease certain actions.

For all interim remedies, the party requesting that measure must prove or make it plausible that an injunction or order will be filed to prevent further damage to that party. The party must also prove or make it clear that if the injunction or order is not made the party will suffer further damage.

Following the granting of the interim remedy, a lawsuit must be filed within 14 days confirming the interim injunction.

## Prior notice/same-day

Same-day interim measures are possible in special cases. The other party always has an opportunity to present their view before the court rules on an injunction.

A law suit must be filed confirming the injunction. The deadlines for filing are:

- Two weeks: if the injunction prohibits certain actions.

- One week: if the injunction freezes assets.

## Mandatory injunctions

Mandatory interim injunctions are available but are only granted under very strict conditions. These types of injunctions are very rare in commercial disputes.

## Rights of appeal

Interim orders can be appealed but the appeal does not suspend the effect of the interim order.

---

13. What are the rules relating to interim attachment orders to preserve assets pending judgment or a final order (or equivalent)?

---

## Availability and grounds

Requests for interim attachment orders must be made in writing to the enforcement court. The request must contain information on the specific case that the claimant will rely on and other information necessary for the proceedings, such as the extent of the evidence and the documents and so on. The request must be accompanied by the documents relied on by the claimant.

## Prior notice/same-day

Under normal circumstances, the enforcement court will notify the debtor. However, an order may be obtained without notice under the following circumstances:

- In urgent matters.

- If there is reason to believe the debtor will prevent attachment by disposing assets.

## Main proceedings

The enforcement court will grant an interim attachment order if the attachment is sought on the basis of a competent court with jurisdiction under:

- Regulation (EC) 44/2001 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters (Brussels Regulation).

- A court of a signatory state to the EFTA Convention on Jurisdiction and Enforcement of Judgments in Civil and Commercial Matters 1988 (Lugano Convention).

## Preferential right or lien

Interim attachment orders from enforcement courts do not create any preferential right or lien in favour of the claimant over the seized assets, as this is only an immediate action prior to the substantive proceedings.

## Damages as a result

Claimants who obtain attachments based on non-existent claims must pay the defendants compensation for loss and humiliation.

## Security

Enforcement courts can require claimants to provide security for any resulting damages or inconvenience suffered by the debtor before the order is made. The enforcement court determines the type and size of the security (collateral).

---

14. Are any other interim remedies commonly available and obtained?

---

Other interim remedies include assistance from the enforcement courts in:

- Preserving preliminary injunctions.

- Preserving evidence of violations of intellectual property rights.

Claimants must fulfil the same requirements as with other interim remedies (see Questions *10* to 13).

# Final remedies

15. What remedies are available at the full trial stage? Are damages just compensatory or can they also be punitive?

Parties can claim two types of substantive remedies.

The primary remedy is a claim of payment for damages. This includes:

- Payment of a contract price.

- A reduction in price.

- Damages.

The second type of substantive remedy is a claim where one party demands that the other party recognises their obligation to:

- Take or not take certain actions.

- Recognise the rights of a party.

Parties cannot ask for punitive damages. Successful claimants can only seek compensatory damages. The only exception to this rule is where the parties have agreed to a particular penalty in a contract clause. However, this penalty must be deemed fair; if not, it is void *ab initio*.

A party can ask that interest is awarded for successful payment claims. In such cases, interest accrues from the date the case was filed until payment is made in full. Any accrued interest prior to the case filing date is calculated and included in the claim.

# Evidence

## Disclosure

16. What documents must the parties disclose to the other parties and/or the court? Are there any detailed rules governing this procedure?

Parties must share any documents they will use as a basis or to support their claim or defence. This exchange of documents is part of the presentation of material to the court. However, this does not include an obligation for the parties to submit potentially damaging documents on their own initiative.

Under Danish orders for the discovery of specific documents, parties can ask for an order of discovery if they believe that the other party is in possession of relevant documents. When asking for discovery, the party must specify the need for the documents and demonstrate the likelihood that the other party has the documents in their possession.

The court may not look favourably on any party who fails to produce documents granted in a discovery order.

## Privileged documents

17. Are any documents privileged? If privilege is not recognised, are there any other rules allowing a party not to disclose a document?

## Privileged documents

Certain documents are privileged. This includes documents containing information on, among others:

- State information from public employees without permission from the relevant authority.

- Information that priests, doctors, defence attorneys, court mediators and attorneys obtained in the exercise of their duties.

- Persons connected to a party.

- Press sources.

Issues regarding privileged documents of in-house lawyers were finally resolved following the *Akzo Nobel/Across* ruling (*European Court of Justice C-550-07*). Subsequent to this decision, the following information from both national and foreign in-house lawyers and advisors can be seen as privileged:

- Correspondence exchanged with external legal advisors.

- Internal notes reporting the content of a message from or to an independent lawyer.

- Preparatory documents, regardless of whether they were exchanged with an external lawyer, but only if the party can demonstrate that these documents were created with the sole purpose of seeking legal advice from a lawyer in exercising of the right of defence.

However, the court has the final decision on whether a document is privileged.

## Other non-disclosure situations

The following are exempt from testifying as witnesses:

- Any person acting in an official capacity or under equivalent duties without the consent of the competent authority.

- Any person whose testimony will cause a direct loss to themselves or subject themselves to self-incrimination and risk of prosecution.

## Examination of witnesses

18. Do witnesses of fact give oral evidence or do they just submit written evidence? Is there a right to cross-examine witnesses of fact?

## Oral evidence

As a general rule, evidence at trial must be given as oral evidence in Denmark. In cases before the Supreme Court, testimony is presented in a written transcript of the oral testimony given.

Hearings start with the claimant presenting the case, including recital of the documentary evidence. Written evidence is read aloud, or just the relevant parts, when presenting the dispute to the court.

## Right to cross-examine

Witnesses giving testimony:

- May be cross-examined and questioned by the judges.

• Are not allowed to be present in the courtroom before they give testimony.

## Third party experts

> 19. What are the rules in relation to third party experts?

## Appointment procedure

Experts are appointed by the court. However, the parties often jointly choose a suitable candidate. A party should request expert evidence whenever they feel it is necessary. However, one party cannot solely appoint their own expert.

## Role of experts

Experts must be impartial and independent advisors to the court. Experts must not be one of the parties.

## Right of reply

As a main rule, expert witnesses must testify orally before the court. However, experts typically submit written statements answering specific questions as part of their expert statement. If the parties wish to ask additional questions, experts are called to give oral statements.

## Fees

Expert witness fees are initially imposed on the party that requested an expert opinion. However, the costs are apportioned between the parties at the end of the proceedings based on the outcome of the dispute.

# Appeals

> 20. What are the rules concerning appeals of first instance judgments in large commercial disputes?



## Which courts

Typically, judgments in civil cases can be appealed to the court of first instance. Judgments made by the district courts can be appealed to the high courts. Judgments made by the high courts, and the Maritime and Commercial Courts as courts of first instance can be appealed to the Supreme Court.

A default judgment cannot be appealed. However, the case may be reopened if a request is made within four weeks after the judgment, and up to one year in special circumstances.

## Grounds for appeal

Appeals can be made in relation to:

•    The facts of the case.

•    The application of the law by the court.

The Appeals Permission Board can grant permission for a second appeal. This permission is only granted under very special circumstances and only if the case deals with matters of importance and principle.

## Time limit

Appellants must file appeals from the district courts to the high courts within four weeks of the district court's decision. A judgment from the high courts can be appealed to the Supreme Court within four weeks of the high court's decision.

# Class actions

21. Are there any mechanisms available for collective redress or class actions?

Denmark introduced class action suits in 2008. A class action can be brought when (*section 254b, subsection 1, Administration of Justice Act 2003 (retsplejeloven)*):

•    Several persons have uniform claims against the same individual or entity.

•    All claims have jurisdiction in Denmark.

• The court has jurisdiction over one of the claims.

• The court has subject-matter jurisdiction regarding one of the claims.

• Class action is deemed to be the best way of dealing with the claims.

• The class action members can be identified and informed about the case in a suitable manner.

• A representative for the class action can be appointed.

Class action is conducted by a representative appointed by the court on behalf of the class. The system is based on the opt-in principle. Therefore, only the parties who have signed up and actively joined the lawsuit are included.

Additionally, parties with similar claims or multiple claims between parties (or their affiliated entities) may be handled during the same proceedings (this is a way of limiting the litigation costs). However, each dispute will result in a separate ruling.

## Costs

---

22. Does the unsuccessful party have to pay the successful party's costs and how does the court usually calculate any costs award? What factors does the court consider when awarding costs?

---

The court decides costs as part of any ruling. The amount of costs is based primarily on the value of the dispute. Elements such as the complexity, extent and inclusion of experts in the case all influence the court's decision with regards to costs.

The high courts produced a memorandum containing guidelines and fee bands for civil cases. The district courts adhere to these guides and fee bands. Decisions on costs can be appealed separately without appealing the merits of the case.

---

23. Is interest awarded on costs? If yes, how is it calculated?

---

Interest is awarded on costs. The unsuccessful party must pay a penal interest (8.20% as at July 2014) if no agreement exists between the parties on this matter. Interest accrues from the time proceedings commenced.


# Enforcement of a local judgment

24. What are the procedures to enforce a local judgment in the local courts?

If the court's decisions regarding payment and actions are disobeyed, the party making the claim can have the court's orders enforced through the bailiff's court. The bailiff's court is empowered to use the requisite force necessary to enforce the court's orders. For example, the bailiff can execute a levy against the debtor's property or give the debtor possession of specific items, including real property.

A claim for payment is usually enforceable two weeks after the judgment is rendered, if the decision has not been appealed before this date.

# Cross-border litigation

25. Do local courts respect the choice of governing law in a contract? If yes, are there any areas of law in your jurisdiction that apply to the contract despite the choice of law?

Danish courts usually respect the parties' choice of governing law if that law is not disproportionate to Danish law or if the case is one of public policy. The court will decide on these issues *ex officio*.

26. Do local courts respect the choice of jurisdiction in a contract? Do local courts claim jurisdiction over a dispute in some circumstances, despite the choice of jurisdiction?

Danish courts typically respect the parties' choice of jurisdiction. In some cases, Danish courts have exclusive jurisdiction (for example, in cases concerning the dissolution of Danish companies and so on).

> 27. If a foreign party obtains permission from its local courts to serve proceedings on a party in your jurisdiction, what is the procedure to effect service in your jurisdiction? Is your jurisdiction party to any international agreements affecting this process?

Denmark is a party to the HCCH Convention on the Taking of Evidence Abroad in Civil and Commercial Matters 1970 (Hague Evidence Convention). This convention provides that courts within other ratifying states can request evidence obtained in Denmark without recourse to consular and diplomatic channels. The rules apply if a formal request is made by the foreign court.

> 28. What is the procedure to take evidence from a witness in your jurisdiction for use in proceedings in another jurisdiction? Is your jurisdiction party to an international convention on this issue?

To take evidence from a witness in Denmark for use in proceedings in another jurisdiction, the foreign court must send a letter of request to the Danish court.

**Outside the EU.** For countries that are a party to the HCCH Convention on the Taking of Evidence Abroad in Civil and Commercial Matters 1970 (Hague Evidence Convention) this Convention applies. Under this Convention, requests for taking evidence are dealt with by the competent authorities.

**Inside the EU.** The Hague Evidence Convention also applies to Denmark in relation to EU member states as Regulation (EC) 1206/2001 on co-operation between the courts of the member states in the taking of evidence in civil or commercial matters which provides the relevant rules for taking evidence from a witness, is not applicable to Denmark.

## Enforcement of a foreign judgment

> 29. What are the procedures to enforce a foreign judgment in the local courts?

A foreign ruling will be recognised and enforced in Denmark if there is either a convention or national Danish rules granting recognition. The minister of justice was authorised by the Administration of Justice Act (sections 223a and 479) to implement regulations granting recognition and enforceability. However, this authorisation has never been exercised by the minister of justice. Therefore, the recognition of foreign civil judgments is currently only regulated by international treaties and conventions.

A judgment from a country within the EU (or the European Free Trade Association (EFTA)) is normally enforceable in Denmark. Article 33 of Regulation (EC) 44/2001 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters (Brussels Regulation) establishes rules governing the jurisdiction of courts, and the recognition and enforcement of judgments in civil and commercial matters in EU member states.

Denmark is also a signatory to the EFTA Convention on Jurisdiction and Enforcement of Judgments in Civil and Commercial Matters 1988 (Lugano Convention), which extends the sphere of mutual recognition and enforcement of civil judgments beyond the borders of the EU. The Lugano Convention encompasses six of the then-seven member states of EFTA (excluding Liechtenstein) (that is, Austria, Sweden, Finland, Iceland, Norway and Switzerland).

Similar to the Brussels Regulation, the Lugano Convention solely regulates the recognition and enforcement of civil judgments among EU member states and three of the four current member states of EFTA (that is, Iceland, Norway and Switzerland). The Nordic countries signed the Convention on the Recognition of Civil Judgements 1933.

## Alternative dispute resolution

> 30. What are the main alternative dispute resolution (ADR) methods used in your jurisdiction to settle large commercial disputes? Is ADR used more in certain industries? What proportion of large commercial disputes is settled through ADR?

Large commercial disputes are often settled through litigation or arbitration. Use of other forms of ADR is limited. However, mediation is occasionally used.

The courts can offer the parties court-based mediation in accordance with chapter 27 of the Danish Administration of Justice Act. Participation in this form of mediation is voluntary and both parties must accept it. Refusing to participate in this type of mediation will not subsequently adversely affect that party's case.

Additionally, the Danish Institute of Mediation, which is a self-governing institute, handles mediation in all types of commercial and private cases.

> 31. Does ADR form part of court procedures or does it only apply if the parties agree? Can courts compel the use of ADR?

There are no requirements for the parties to consider ADR either before or during proceedings. Courts and tribunals cannot compel the parties to participate in ADR proceedings, although they may suggest it.

> 32. How is evidence given in ADR? Can documents produced or admissions made during (or for the purposes of) the ADR later be protected from disclosure by privilege? Is ADR confidential?

Evidence is confidential unless otherwise agreed on by the parties.

> 33. How are costs dealt with in ADR?

Typically, each party bears its own costs of ADR.

> 34. What are the main bodies that offer ADR services in your jurisdiction?

The main bodies that offer ADR services are:

- Mediation: offered by an arbitration institute (*www.voldgiftsinstituttet.dk*).

- Court-based mediation: offered by the courts (*www.domstol.dk*).

# Proposals for reform

> 35. Are there any proposals for dispute resolution reform? If yes, when are they likely to come into force?

There have been a number of changes to the Danish Administration of Justice Act as of 1 July 2014. The core of these changes has focused on the rules on expert opinion and increasing the threshold for appeals from DKK10,000 to DKK20,000 for normal claims. Other important changes include procedural issues in civil cases, including:

- Stricter rules regarding lawyers' access to witness information.

- Broader powers for the court to order a party to obtain legal representation and so on.

Additionally, from 1 July 2013, regulations regarding preliminary injunctions transferred the competence to impose preliminary injunctions on a party violating the rights of another party from the enforcement court to an ordinary, civil court.

The Danish Institute of Arbitration also adopted new procedural rules that came into force on 1 May 2013. The consequences of non-payment of the deposit by the defaulting party are now governed in The Rules of Arbitration Procedure (adopted by the Board of the Danish Institute of Arbitration and in force as of 1 May 2013).

## Online resources

### Ministry of Justice

W *www.justitsministeriet.dk*

**Description.** The Ministry of Justice is responsible for the overall justice system, including the police and prosecution service, courts and prisons. The Ministry's principal functions also include foundation legislation, data protection law and immigration.

### Courts of Denmark

W *www.domstol.dk/om/otherlanguages/english/Pages/default.aspx*

**Description.** This website is the English version of the Courts of Denmark homepage.

## Contributor profiles

### Morten Schwartz Nielsen, Partner

### Lund Elmer Sandager law firm



**T** +45 33 300 229
**F** +45 33 300 299
**E** *msn@lundelmersandager.dk*
**W** *lundelmersandager.dk*

**Professional qualifications.** Denmark, Attorney at Law with the right of audience before the Supreme Court of Denmark, 2009

**Areas of practice.** Corporate; M&A; litigation; arbitration; financial law; leasing.

**Publications**

- *Venue for claims relating to the law on rent - the simplified collection procedure, Ugeskrift for retsvæsen 2007, p162 (U.2007B.162).*

- *Class action suits in Denmark, International Litigation News, September 2007, p. 50.*

- *An overview of the use of the Convention on Contracts for the International Sale of Goods, CISG, Erhvervsjuridisk tidsskrift 2009, p359 (ET.2009.259).*

- *Financial Leasing - a type of financing, DJØF Publishing 2010.*

- *Asset Recovery 2013, Getting The Deal Through, October 2012.*

- *Dispute Resolution 2013, Getting The Deal Through, July 2012.*

- *Refinancing of leasing agreements - en analysis of the Supreme Court judgment published in U 2012.177H, Erhvervsjuridisk tidsskrift 2012, p112 (ET.2012.119).*

- *Are the right costs being charged? , Advokaten no. 3, 2013.*

- *Use the break as an efficient tool, Advokaten no. 9, 2013.*

- *The International Comparative Legal Guide to Class & Group Actions 2014 Edition.*

- *A greener pasture?, Expert view in Corporate Dispute Resolution Magazine, oktober 2014.*

## Kim Christian Hove Thomsen, Commercial Litigation Associate

**Lund Elmer Sandager law firm**



**T** +45 33 300 239
**F** +45 33 300 299
**E** *kht@lundelmersandager.dk*
**W** *lundelmersandager.dk*

**Professional qualifications.** Denmark, Attorney at Law, 2012

**Areas of practice.** Litigation; arbitration.

**Professional associations/memberships.** Member of the Board of Representatives at The Danish Association of Attorneys and Assistant Attorneys; Member of the Association of Lawyers and Economists' Board in Denmark.