**Exhibit 4**


Global Virtual Law Connection ™

# The new Danish Limitations Act

Denmark | 03/31/2008 | Bang + Regnarsen Advokatfirma - Denmark

On 1 January 2008, a new Danish Limitations Act came into force. In several important respects, the new Act changes the old and well-known system, which provided that a number of claims arising in everyday life, such as claims for purchase money, compensation or interest, were time-barred after 5 years whereas claims secured by specific instruments were time-barred after 20 years.

The old rules originated from the Danish Law of King Christian V from 1683 and the Danish Limitations Act of 1908, both supplemented by the case law that had developed during the years. The purpose of the new Act is to consolidate the limitation rules and bring them up to date and, to a certain extent, to tighten them up so that, unless active steps are taken by one of the parties, a claim cannot continue to exist for decades.

The Limitations Act applies to all claims for money or services unless otherwise provided by separate act.

**Duration of limitation period**
Under the new Act, the standard limitation period is 3 years from the due date of the claim. The creditor's unawareness of the debt or the debtor may postpone the date at which time begins to run. Unawareness of the whereabouts of the debtor or debt collection obstacles beyond the control of the creditor may also postpone the limitation period for 1 year.

In order to prevent limitation periods from being postponed repeatedly , the 3-year limitation period is supplemented by a 10-year maximum period. As regards claims for compensation for personal injury, environmental damage or damage caused by noise and vibrations, the maximum period is 30 years.

Furthermore, a special 5-year period applies to claims for industrial injuries compensation. Other employee-related claims, including various pension claims, also have a limitation period of 5 years.

For certain types of claims that have been acknowledged by the debtor, the limitation period is now 10 years. This applies to e.g. claims based on a debt instrument, a settlement, a judgment or any similar acknowledgement of claim, including payment of instalments. However, interest accrued on such claims is subject to a 3-year limitation period.

**Interruption of limitation period**
Once the 3-year or 10-year limitation period has begun to run, it may be interrupted according to a system resembling that of the 1908 Act – i.e. by the debtor's acknowledgement of the debt or by the creditor taking legal action, such as filing an application for execution or proving the claim against an estate in liquidation. However, a significant change is that it is no longer sufficient to send a reminder to debtors in respect of e.g. a debt instrument. Thus, in respect of e.g. mortgage debt, the interruption of time now requires legal action or renewed express acknowledgement.

**Transition rules**
The Act applies to all claims for money or services, even if such claims were created many years before the Act. Together with the quite radical modification of the limitation rules, this fact created a need for transition rules. The Act entered into force on 1 January, but this does not mean that a claim which was created in e.g. 2003 with a 5-year limitation period suddenly becomes time-barred. Under the new rules, the claim will become time-barred on 1 January 2011 at the earliest unless it would have been time-barred at that time under both the new Act and the old rules. In that case, the claim will become time-barred on the later date.

As regards the interruption of limitation periods, the transition rule is that until 1 January 2008 a limitation period could be suspended according to the old rules, e.g. by sending a reminder pursuant to the Danish Law of King Christian V. However, the extension of time obtained is subject to the new Act. In other words, instead of a new 20-year limitation period, a 10-year period begins to run. If a renewed payment reminder was sent before 31 December 2007 in respect of a claim which was, at the time, subject to 20-year limitation, the claim for principal will be time-barred by the end of 2017 at the earliest.

**Mandatory**
The Act is mandatory in the sense that it cannot be derogated from to the detriment of the debtor whether the debtor is a trader or a consumer. If the creditor is a consumer, the Act also cannot be derogated from to the detriment of the creditor. However, this rule only applies to agreements made or prolonged after 1 January 2008.

In consumer transactions, the fact that the Act is mandatory may be relevant to the legal effect of complaint or limitation rules in standard terms and conditions such as AB92 (General Conditions for the provision of works and supplies within building and engineering) or NSAB 2000 (General Conditions of the Nordic Association of Freight Forwarders).

**Separate legislation**
The limitation rules of a number of separate acts have also been amended. Thus, as a principal rule, limitation in respect of claims under these acts is regulated by the new Limitations Act, but there are still areas where special rules apply. Examples are insurance benefits, compensation under the Danish Product Liability Act, the limitation rules of the Danish Debt Instruments Act and subsequent payment of income or property value tax. It should be noted that the limitation rules of transport conventions and acts remain the same, but are affected by the new Limitations Act to the extent that such conventions or acts refer to the general limitation rules of Danish law.

Even though the purpose of the new Danish Limitations Act was to simplify the existing rules and bring them up to date, there are many new details that are important to be aware of.

> **Bang + Regnarsen Advokatfirma - Denmark**
>   Law Firm details
>   **Consult this Law Firm**

### Related news

- Relaxed Rules for Schengen Visa Applicants
- State aid: Commission approves rescue loan for TV 2 Denmark
- Denmark government to propose headscarf ban for judges
- The Danish Court Reform

© 2017 Lexuniversal.com 

