**UNITED STATES DISTRICT COURT**
<u>**SOUTHERN DISTRICT OF NEW YORK**</u>

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND SCHEME LITIGATION<br><br>―――――――――――――――――<br><br>SKATTEFORVALTNINGEN,<br><br>      Petitioner,<br><br>   v.<br><br>RAUBRITTER LLC PENSION PLAN, ALEXANDER BURNS, RICHARD MARKOWTIZ, AND JOHN VAN MERKENSTEIJN,<br><br>      Defendants. | Consolidated Multidistrict Action<br><br>Docket No. 1:18-md-02865-LAK<br><br><br>This document relates to:<br>1:18-cv-04833-LAK |

**DEFENDANT ALEXANDER BURNS'S REPLY IN FURTHER SUPPORT OF HIS
MOTION TO DISMISS SKAT'S AMENDED COMPLAINT**

Michael Tremonte
Anna Estevao
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Email: mtremonte@shertremonte.com

*Attorneys for Defendant Alexander Burns*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.   SKAT'S CLAIMS ARE UNTIMELY UNDER NEW YORK LAW ................................ 2

  A.  SKAT Should Have Known of Its Claims Against Burns Well Before April 2018 ............................................................................................................................ 2

  B.  All of SKAT's Claims Accrued at the Time of SKAT's Payment, Not When Burns Is Alleged to Have Collected Proceeds .................................................... 6

  C.  SKAT Has Failed to Adequately Plead Equitable Tolling ............................................. 7

II.  SKAT'S CLAIMS ARE UNTIMELY UNDER DANISH LAW ........................................ 8

III. SKAT'S CLAIMS DO NOT RELATE BACK TO ITS ORIGINAL COMPLAINT ........... 9

CONCLUSION ............................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page(s)**

*Abbas v. Dixon*,
   480 F.3d 636 (2d Cir. 2007) ................................................................................................ 7, 8

*Adams v. Deutsche Bank AG & Deutsche Bank Secs., Inc.*,
   No. 11 Civ. 1893 (RJS), 2012 WL 12884365 (S.D.N.Y. Sept. 24, 2012) ................................ 6

*Barrow v. Wethersfield Police Dep't*,
   66 F.3d 466 (2d Cir. 1995) ........................................................................................................ 9

*Ceara v. Deacon*,
   916 F.3d 208 (2d Cir. 2019) ...................................................................................................... 9

*City of Almaty, Kazakhstan v. Ablyazov*,
   15-CV-5345 (AJN), 2018 WL 1583293 (S.D.N.Y. Mar. 27, 2018) .......................................... 7

*Congregation Yetev Lev D'Satmar, Inc. v. 26 Adar N.B. Corp.*,
   192 A.D.2d 501 (2d Dep't 1993) .............................................................................................. 6

*Corcoran v. N.Y. Power Auth.*,
   202 F.3d 530 (2d Cir. 1999) ...................................................................................................... 7

*Corsello v. Verizon N.Y., Inc.*,
   18 N.Y.3d 777 (2012) ............................................................................................................... 8

*Equinox Gallery Ltd. v. Dorfman*,
   306 F. Supp. 3d 560 (S.D.N.Y. 2018) ....................................................................................... 8

*Fairley v. Collins*, No. 09 CIV. 6894 PGG,
   No. 09 Civ. 6894(PGG), 2011 WL 1002422 (S.D.N.Y. Mar. 15, 2011) ................................... 3

*Fernandez v. Zoni Lang. Ctrs., Inc.*,
   No. 15-cv-6066 (PKC), 2016 WL 2903274 (S.D.N.Y. May 18, 2016) ..................................... 4

*Golden Pac. Bancorp v. Fed. Deposit Ins. Corp.*,
   273 F.3d 509 (2d Cir. 2001) ...................................................................................................... 6

*Grimes v. Fremont Gen. Corp.*,
   785 F. Supp. 2d 269 (S.D.N.Y. 2011) ....................................................................................... 7

*Guilbert v. Gardner*,
   480 F.3d 140 (2d Cir. 2007) ...................................................................................................... 5

*Hogan v. Fischer*,
    738 F.3d 509 (2d Cir. 2013)........................................................................................................ 9

*Holland v. JPMorgan Chase Bank, N.A.*,
    No. 19 CIV. 00233 (PAE), 2019 WL 4054834 (S.D.N.Y. Aug. 28, 2019) ................................. 4

*Koch v. Christie's Int'l PLC*,
    785 F. Supp. 2d 105 (S.D.N.Y. 2011) .................................................................................... 7, 8

*Krupski v. Costa Crociere S.p.A.*,
    560 U.S. 538 (2010) ................................................................................................................ 10

*Pape v. Bd. of Educ. of the Wappingers Cent. Sch. Dist.*,
    No. 07CV8828(KMK), 2009 WL 3151200 (S.D.N.Y. Sept. 29, 2009) ................................... 10

*Pricaspian Dev. Corp. v. Total S.A.*,
    397 F. App'x 673 (2d Cir. 2010) (summary order) ................................................................... 6

*Rattner v. York*,
    571 N.Y.S.2d 762 (2d Dep't 1991)............................................................................................ 5

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
    547 F.3d 406 (2d Cir. 2008).................................................................................................. 3, 4

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
    127 F. Supp. 3d 156 (S.D.N.Y. 2015)........................................................................................ 4

*Zumpano v. Quinn*,
    6 N.Y.3d 666 (2006) ................................................................................................................. 8

Rules

Fed. R. Civ. P. 15....................................................................................................................... 9

Fed. R. Evid. 201 ...................................................................................................................... 3

Defendant Alexander Burns ("Burns" or "Defendant"), by and through his undersigned counsel, respectfully submits this reply memorandum of law in further support of his Motion to Dismiss the Amended Complaint[1] filed by Plaintiff Skatteforvaltningen ("SKAT" or "Plaintiff").

## PRELIMINARY STATEMENT

SKAT has been using a one-size-fits-all approach to this entire multi-district litigation, without any concern for its duties with respect to individual defendants. This is especially concerning as to Mr. Burns – an individual defendant, whose alleged involvement took place six years before he was summoned to participate in this case. Had SKAT taken the most basic investigative steps, it would have learned of Burns's name, address, and alleged role in the scheme years ago. Indeed, the nature of the scheme itself and the principal claims alleged, which sound in *fraud*, necessarily indicate that additional, basic fact-finding was required on SKAT's part. Because SKAT's duty to inquire was triggered well over two years prior to the filing of the Amended Complaint, SKAT cannot benefit from New York's discovery rule. SKAT likewise failed to meet the similar requirement of the Danish Limitations Act, as applied through the New York borrowing statute, within the applicable three-year period.

In opposing Burns's motion to dismiss, SKAT does not explain why it failed to conduct this simple and objectively reasonable investigation. Instead, it argues that the Amended Complaint does not clearly establish that its claims are out of time. This argument neglects to take into account the nature of the alleged scheme and the reasonable investigative inquiries that such fraudulent allegations demand. SKAT essentially argues that it had no duty to look beyond the face of the refund applications. That is not the law.

---

[1] Civil Docket No. 18-cv-04833 (LAK) (S.D.N.Y.) (ECF No. 82).

1

SKAT also argues that its claims relate back to the original complaint under Rule 15(c) because SKAT made a "mistake concerning the proper party's identity." Yet SKAT is not claiming that it mistakenly sued Raubritter instead of Burns. Rather, it sought to add Burns as an additional party – a party that SKAT was unaware of but for its own failure to investigate. Because SKAT did not mistakenly sue Raubritter instead of Burns, and because SKAT failed to conduct any reasonable investigation to bring Burns into the case prior to the expiration of the statute of limitations, it cannot benefit from the relation back doctrine.

For these reasons and the reasons stated in Burns's memorandum of law in support of his motion to dismiss, SKAT's claims should be dismissed.

## ARGUMENT

**I.     SKAT'S CLAIMS ARE UNTIMELY UNDER NEW YORK LAW**

Because SKAT knew or should have known of its claims against Defendant Burns more than two years prior to the filing the Amended Complaint, those claims that fall outside the six-year statute of limitations (*i.e.*, the claims arising prior to April 27, 2014) should be dismissed as untimely. SKAT argues that (1) SKAT can benefit from the discovery rule because its pleading does not "conclusively establish" that SKAT knew or should have known about its fraud and negligent misrepresentation claims against Burns more than two years prior to filing the Amended Complaint; (2) that SKAT's claims for unjust enrichment, money had and received, and payment by mistake accrued on the dates when Burns allegedly collected proceeds; and (3) that the extraordinary remedy of equitable tolling should apply. It is wrong on all counts.

**A.     SKAT Should Have Known of Its Claims Against Burns Well Before April 2018**

As Plaintiffs admit, with respect to the refund applications paid out prior to April 27, 2014, the claims for fraud, aiding and abetting fraud, and negligent misrepresentation accrued

2

more than six years prior to the filing of the Amended Complaint. *See* SKAT Opp'n Br.[2] 12. Thus, with respect to these claims that fall outside the six-year statute of limitations, Plaintiffs' claims are untimely if SKAT reasonably should have discovered Burns's fraud more than two years prior to the filing of the action. In light of the nature of the allegations, the information known to SKAT at the time of the filing of the Original Complaint,[3] and the easily discernable information in the public domain, SKAT inarguably "knew or should have known" of its claims against Burns prior to April 27, 2018. SKAT argues that the Original Complaint does not "clearly" establish that SKAT is out of time, and that the question of when SKAT should have become aware of its claims is a factual question inappropriate at the motion to dismiss stage. SKAT Opp'n Br. 2. This is incorrect.

      First, contrary to SKAT's claims, it is not necessary that the pleading itself state when SKAT discovered or ought to have discovered its claims. It is well established that, on a motion to dismiss, the Court may properly consider "matters of which judicial notice may be taken, or . . . documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit." *Fairley v. Collins*, No. 09 CIV. 6894(PGG), 2011 WL 1002422, at *2 (S.D.N.Y. Mar. 15, 2011) (internal quotation marks and alterations omitted); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) ("[M]atters judicially noticed by the district court are not considered matters outside the pleadings."). A court may take judicial notice of any fact "that is not subject to reasonable dispute because" it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2), (d). "When considering a Rule 12(b)(6) motion, the Court may take judicial

---

[2] Civil Docket No. 18-cv-4833 (LAK) (S.D.N.Y.) (ECF No. 142).
[3] Civil Docket No. 18-cv-4833 (LAK) (S.D.N.Y.) (ECF No. 1).

notice of certain matters of public record without converting the motion into one for summary judgment." *Holland v. JPMorgan Chase Bank, N.A.*, No. 19 CIV. 00233 (PAE), 2019 WL 4054834, at *3 (S.D.N.Y. Aug. 28, 2019).  For instance, the Second Circuit has held that "it is proper to take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents." *Staehr*, 547 F.3d at 425; *see also Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("Courts routinely take judicial notice of . . . governmental records."); *Fernandez v. Zoni Lang. Ctrs., Inc.*, No. 15-cv-6066 (PKC), 2016 WL 2903274, at *3 (S.D.N.Y. May 18, 2016) ("Courts may also take judicial notice of information contained on websites where 'the authenticity of the site has not been questioned.'").  The Court should take judicial notice of the facts that appear on the case docket, namely, the Original Complaint as well as documents filed by SKAT in 2016 in connection with its efforts to serve Defendant Raubritter.  SKAT does not argue that these documents – published on the public docket – are subject to reasonable dispute, nor could it.

There is also no serious dispute that, as early as summer 2015, and certainly prior to April 2018, SKAT <u>knew</u> that (1) Defendant Raubritter had submitted fraudulent refund applications, claiming to own shares of Danish companies that it did not in fact own, Orig. Compl. ¶¶ 3-9, 26-29, 32-38; and (2) Defendant Raubritter was a "citizen of a state of the United States," listing "its address as 160 Central Park South, 1726, New York, New York 10019, *id*. ¶ 17.  From these facts, SKAT could have easily learned the following additional facts by conducting the most basic investigation (as evidenced by the simple investigation SKAT did in fact undertake subsequently, at its leisure):  (1) that "Raubritter" translates to "robber baron"; (2) that Defendant Burns was the sole owner, and "Authorized Representative" of Raubritter, LLC; and (3) that

4

Defendant Burns resided at the same address registered to Raubritter LLC.  These facts are clearly sufficient to give SKAT "knowledge of facts which should have caused [it] to inquire and discover the alleged fraud."  *Rattner v. York*, 571 N.Y.S.2d 762, 765 (2d Dep't 1991).  Indeed, these are the same facts that SKAT now relies on in arguing that it has sufficiently alleged fraud against Burns.  *See* SKAT Opp'n Br. 23.  SKAT argues that its discovery of the fact that Raubritter was a shell company that "conducted no trade or business and had no employees" as being the determinative shifting point.  *Id.* at 13.  However, SKAT was already well aware that Raubritter was submitting fraudulent refund applications.  This is sufficient to claim that Raubritter's sole owner and operator was responsible for the fraud as well.

       Moreover, these facts must be considered in light of the particular nature of the allegations.  When fraud has taken place, any reasonable plaintiff would investigate the individual behind the entity that defrauded them.  In this case, Raubritter was believed to be submitting fraudulent refund claims for shares that it did not in fact own.  The complexity of such fraud – directing the actions of payment agents, authorized representatives, and broker custodians – strongly suggests the work of *individuals* behind the entity.  Under the circumstances, SKAT had a duty to investigate further.  *Guilbert v. Gardner*, 480 F.3d 140, 147 (2d Cir. 2007) ("Where the circumstances are such as to suggest to a person of ordinary intelligence the probability that he has been defrauded, a *duty of inquiry arises*, and if he omits that inquiry when it would have developed the truth, and shuts his eyes to the facts which call for investigation, knowledge of the fraud will be imputed to him." (internal quotation marks omitted)).

       SKAT does not explain why it could not have reasonably discovered its claims against Burns in the two to three years that followed its discovery of the larger tax fraud.  Instead, it

states only that it "confirmed through discovery" that Burns was "the sole participant," SKAT Opp'n Br. 8, but conspicuously avoids acknowledging when it learned of Burns's identity, while clearly prior to this fact being "confirmed." SKAT's decision to simply wait to receive additional discovery before conducting basic investigative steps, especially in light of all the information available in the public record, does not satisfy the objective duty of inquiry.

Taken together, these facts all establish that SKAT should have "suggested to a person of ordinary intelligence that he or she had been defrauded." *Adams v. Deutsche Bank AG & Deutsche Bank Secs., Inc.*, No. 11 Civ. 1893 (RJS), 2012 WL 12884365, at *4 (S.D.N.Y. Sept. 24, 2012) (based on public notices from IRS, Senate report, and "facts surrounding the[] transactions and how they were structured," plaintiffs should have known of fraud claim).

### B. All of SKAT's Claims Accrued at the Time of SKAT's Payment, Not When Burns Is Alleged to Have Collected Proceeds

Next, SKAT argues that its unjust enrichment, money had and received, and payment by mistake claims accrued at the time when Burns literally received proceeds of the scheme, rather than when the wrongful act occurred. This is incorrect. SKAT mischaracterizes the Second Circuit's decision in *Golden Pac. Bancorp v. Fed. Deposit Ins. Corp.*, which makes clear that a claim for unjust enrichment accrues "upon the occurrence of the wrongful act giving rise to a duty of restitution." 273 F.3d 509, 520 (2d Cir. 2001) (citing *Congregation Yetev Lev D'Satmar, Inc. v. 26 Adar N.B. Corp.*, 192 A.D.2d 501 (2d Dep't 1993). Although the wrongful act in that case happened to involve the defendant's payment of interest to itself, *see id.*, that is not necessarily always the case, *see, e.g.*, *Pricaspian Dev. Corp. v. Total S.A.*, 397 F. App'x 673, 675 (2d Cir. 2010) (summary order) (even where defendant had "yet to pay itself any money," because the "'wrongful act' giving rise to the claim for unjust enrichment . . . was the misappropriation of . . . information," the claim for unjust enrichment was untimely under New

6

York law); *City of Almaty, Kazakhstan v. Ablyazov*, 15-CV-5345 (AJN), 2018 WL 1583293, at *4 (S.D.N.Y. Mar. 27, 2018) (finding that, under New York law, the limitations period for unjust enrichment accrued "undoubtedly at the moment of alleged embezzlement, not when those embezzled funds were transferred for domestic investment").

Rather, the relevant question for purposes of accrual is simply when the "wrongful act giving rise to a duty of restitution" occurred. When Burns allegedly received any proceeds in connection with the claims for unjust enrichment, money had and received, and payment by mistake is entirely irrelevant. These claims accrued, like all the others, at the time of the fraudulent tax refunds.

      **C.**    **SKAT Has Failed to Adequately Plead Equitable Tolling**

Contrary to SKAT's argument, it cannot rely on the doctrine of equitable tolling, which only applies when the defendant's wrongful concealment of material facts "prevented plaintiff's discovery of the nature of the claim within the limitations period," and "plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." *Koch v. Christie's Int'l PLC*, 785 F. Supp. 2d 105, 116 (S.D.N.Y. 2011) (citing *Corcoran v. N.Y. Power Auth.*, 202 F.3d 530, 543 (2d Cir. 1999). Importantly, equitable tolling is reserved for "rare and exceptional circumstances, where the court finds that extraordinary circumstances prevented the party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he sought to toll." *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 286 (S.D.N.Y. 2011) (internal quotation marks omitted). "Due diligence on the part of the plaintiff in bringing an action . . . is an essential element of equitable relief." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quotation marks and alteration omitted). In addition, SKAT "must establish that it was the defendants' subsequent actions – 'separate from the ones for which they sue' – that kept it from bringing suit, and that its reliance on the

7

subsequent misrepresentations was 'reasonable.'" *Equinox Gallery Ltd. v. Dorfman*, 306 F. Supp. 3d 560, 575 (S.D.N.Y. 2018) (citing *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777 (2012); *Zumpano v. Quinn*, 6 N.Y.3d 666 (2006)).

In arguing that equitable tolling applies, SKAT only proffers facts from its complaint that suggest that the fraud was "self-concealing in nature." SKAT Opp'n Br. 15. However, these allegations clearly fail to establish any misconduct that came "*after* – and is entirely *distinct from* – the events giving rise to the underlying claim." *Equinox Gallery Ltd.*, 306 F. Supp. 3d at 575 (citing *Corsello*, 944 N.Y.S.2d 732). Moreover, SKAT has wholly "failed to plead facts alleging that [it] was diligently pursuing his claim during the period to be tolled." *Koch*, 785 F. Supp. 2d 119; *see also Abbas*, 480 F.3d at 642.

## II.    SKAT'S CLAIMS ARE UNTIMELY UNDER DANISH LAW

In order to avoid dismissal, Plaintiffs must also satisfy the requirements of the Danish Limitations Act, as applied by the New York borrowing statute. The same basic question applies under Danish Law (as applied by the New York borrowing statute): when SKAT should have "become aware" that it had claims against Burns. Plaintiffs agree that "the limitations period under Danish law for all SKAT's claims against Burns is three years." SKAT Opp'n Br. 16 (citing Decl. of Mads Bryde Andersen[4] ¶¶ 21-23). Even assuming this period is entirely suspended until the claimant either "became aware or should have become aware of its claim," *id.* (citing Andersen Decl. ¶ 29), the undisputed facts make clear that SKAT had all the relevant facts at its fingertips, as early as August 2015.

As explained above, the nature of the fraudulent scheme, its complexity, and the obvious fact that an individual was behind the decision-making at Raubritter, would have suggested to

---

[4] Civil Docket No. 18-md-2865 (LAK) (S.D.N.Y.) (ECF No. 498).

8

any reasonable plaintiff to investigate further. Plaintiff's expert opines that whether a claimant "should have become aware of its claim" turns on whether it "had sufficient information for a prudent person acting in the claimant's shoes to assess the basis for its claim, which includes (but is not limited to) knowing what is necessary to plead its claim." Andersen Decl. ¶ 35. As early as the summer of 2015 – when SKAT learned of the fraudulent scheme – SKAT had all the information in its possession to bring its claims against Burns, and yet failed to do so. Because SKAT should have "become aware of its claim" against Burns within two years after its discovery of the fraud, its claims are untimely under Danish law.

### III. SKAT'S CLAIMS DO NOT RELATE BACK TO ITS ORIGINAL COMPLAINT

SKAT's claims do not relate back under Rule 15(c)(1)(C) because there was no reason for Burns to have realized that SKAT's action would have been brought against him but for a "mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

First, contrary to SKAT's argument, there is no mistake concerning the proper party's identity within the meaning of the Rule when a plaintiff initially sued the right defendant and then seeks to add *another* defendant. "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) (plaintiff replacing a John Doe placeholder with a party because she was initially unaware of the defendant's true identity was not a "mistake concerning the proper party's identity"); *see also Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (explaining that "*Krupski* did not abrogate *Barrow*, which remains the law of this Circuit" (citations omitted)); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) ("This Circuit has interpreted the rule to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities."). *Cf.*

9

*Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 555 (2010) (where plaintiff made an actual mistake because she "misunderstood crucial facts regarding the two companies' identities" and sought to replace one party with another).

Here, unlike the situation addressed by the Supreme Court in *Krupski*, SKAT sued the correct defendants initially – Raubritter and LaRosa – and is not now seeking to *replace* Raubritter with Burns. *See Krupski*, 560 U.S. at 554. As SKAT argues at length in defending its failure to investigate its claims against Burns earlier, SKAT did not know about Burns. *See* SKAT Opp'n Br. 5 ("SKAT's original complaint named as defendants only the Raubritter plan and its authorized representative because, at the time, SKAT did not know who else may have participated in their fraud . . . ."). In other words, SKAT did not make a mistake as to who the responsible party really was; it merely neglected to investigate its potential claims and never learned about Burns's identity. *See Pape v. Bd. of Educ. of the Wappingers Cent. Sch. Dist.*, No. 07CV8828(KMK), 2009 WL 3151200, at \*14 (S.D.N.Y. Sept. 29, 2009) (explaining that it is no mistake when the plaintiff fails to name defendants that must be named, and noting that "[t]his is especially the case where a plaintiff fails to search diligently for a defendant's identity," which was readily discoverable as "a matter of public record").

Next, SKAT argues that New York's relation back doctrine is "more generous" because it turns on the presence or absence of bad faith on the part of the plaintiff. SKAT Opp'n Br. 20-22. However, even under New York law, plaintiffs "must still show that they acted in good faith *and took steps to identify the unknown defendant* within the statute of limitations period. *Id.* at \*16 (emphasis added). "Where a plaintiff had an opportunity to identify the proper defendant and failed to do so, a court will not find that a mistake was made for relation-back purposes under New York law." *Id.* (applying New York law and citing cases). As explained above, SKAT

10

made absolutely no effort to identify Burns or notify him of the proceeding within the limitations period, despite the fact that his name, address, and role at Raubritter were all conspicuously in the public record and public domain. Therefore, SKAT cannot invoke New York's relation back doctrine to cure its failure to take obvious investigative steps.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Burns's memorandum of law in support of his Motion to Dismiss the Amended Complaint, SKAT's claims should be dismissed.

Date:  New York, New York
       December 22, 2020

> By: */s/ Michael Tremonte*
> Michael Tremonte
> Anna Estevao
> SHER TREMONTE LLP
> 90 Broad Street, 23rd Floor
> New York, New York 10004
> Email: mtremonte@shertremonte.com
>
> *Attorneys for Defendant Alexander Burns*