UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME  LITIGATION

This document relates to: 1:18-cv-10028 (LAK);
1:18-cv-10030 (LAK); 1:18-cv-10031 (LAK);
1:18-cv-10032 (LAK); 1:18-cv-10035 (LAK);
1:18-cv-10036 (LAK); 1:18-cv-10039 (LAK);
1:18-cv-10049 (LAK); 1:18-cv-10060 (LAK);
1:18-cv-10061 (LAK); 1:18-cv-10062 (LAK);
1:18-cv-10063 (LAK); 1:18-cv-10064 (LAK);
1:18-cv-10065 (LAK); 1:18-cv-10066 (LAK);
1:18-cv-10069 (LAK); 1:18-cv-10070 (LAK);
1:18-cv-10071 (LAK); 1:18-cv-10073 (LAK);
1:18-cv-10074 (LAK); 1:18-cv-10076 (LAK);
1:18-cv-10077 (LAK); 1:18-cv-10080 (LAK);
1:18-cv-10082 (LAK); 1:18-cv-10083 (LAK);
1:18-cv-10086 (LAK); 1:18-cv-10096 (LAK).

18-MD-2865 (LAK)

ECF Case

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW

Mark D. Allison, Esquire ("Allison") and Zhanna A. Ziering, Esquire ("Ziering"),

attorneys with Caplin & Drysdale, Chartered (the "Firm"), serve as counsel for Defendant

Matthew Tucci ("Tucci"), FiftyEightSixty LLC Solo 401K Plan, OneZeroFive LLC Solo 401K

Plan, The Beech Tree Partners 401K Plan, The Blackbird 401K Plan, The Cardinal Consulting

Pension Plan, The Chambers Property Management LLC 401K Plan, The Crow Associates

Pension Plan, The Egret Associates LLC 401K Plan, The Everything Clean LLC 401K Plan, The

Hawk Group Pension Plan, The Heron Advisors Pension Plan, The Hibiscus Partners LLC 401K

Plan, The Hoboken Advisors LLC 401K Plan, The Jayfran Blue Pension Plan, The JT Health

Consulting LLC 401K Plan, The Jump Group LLC 401K Plan, The Lakeview Advisors 401K Plan, The Maple Advisors LLC 401K Plan, The Oaks Group Pension Plan, The Osprey Associates LLC 401K Plan, The Robin Daniel Pension Plan, The Sandpiper Pension Plan, The Sea Bright Advisors LLC 401K Plan, The Tag Realty Advisors LLC 401K Plan, The Throckmorton Advisors 401K Plan, The Wave Maven LLC 401K Plan, and The Zen Training LLC 401K Plan (collectively, with Tucci the "Defendants").  Allison and Ziering submit this Memorandum of Law in Support of their Motion for leave to withdraw as counsel for the Defendants on the grounds of nonpayment of fees.

As set forth in the accompanying Declaration of Mark D. Allison, Esquire dated January 8, 2021 (the "Allison Declaration"), Tucci, on behalf of the Defendants, failed to pay approximately one-year of legal fees and costs incurred during the Firm's representation of the Defendants.  Supported by the Allison Declaration and this Memorandum of Law, Allison and Ziering respectfully seek this Court's permission to withdraw as Defendants' counsel of record in the above-captioned cases.

## FACTUAL BACKGROUND

As set forth in the Allison Declaration, these cases were initially filed by Skatteforvaltningen ("SKAT") in the United States District Court for the District of New Jersey. The cases were transferred into a Multi-District Litigation ("MDL") before this Court.  Allison and Ziering agreed to represent the Defendants only after Tucci agreed that he would promptly pay the Firm's invoices in accordance with an executed Engagement Letter, dated January 16, 2019.  The Engagement Letter ratified the prior agreement and understanding of the terms of the representation, which included an obligation to pay the Firm's invoices within 30 days.  Tucci

also had previously entered into a master cost-sharing agreement with certain other defendants in the MDL, also represented by Allison and Ziering.

As of December 3, 2020, when Allison notified Tucci of the Firm's intent to withdraw from its representation, Defendants owe $121,325.24 in allocable fees and costs with respect to this litigation, which represents almost one-year of their share of unpaid invoices. Although Tucci made a one-time payment approximately six months ago, such amount was with respect to even older invoices. As the Defendants' cases generally are in advanced stages of discovery, despite the financial issues, Allison proceeded to prepare for and defend Tucci's deposition taken by SKAT in November 2020 to avoid any prejudice to Tucci and the other related Defendants. Despite multiple discussions with Tucci about the status of the unpaid invoices, Allison and Ziering have been unable to determine if and when any such invoices can or would ever be paid given Tucci's representations of his financial and other limitations on his ability to satisfy such obligations. Accordingly, several warnings were provided to Tucci that Allison and Ziering could not continue their representation without concrete assurances and a means for payment of the outstanding invoices, without which he was advised that Allison and Ziering would have to withdraw from the representation. Tucci has not been able to provide any assurances or commitments to pay the outstanding invoices or any timeline for determining when or how those invoices could ever be paid. After several verbal warnings during the Summer and Fall of 2020, by an email dated December 3, 2020, Allison informed Tucci and the Defendants of the Firm's intent to withdraw from the above-captioned cases. Allison further provided a formal Disengagement Letter to Tucci dated January 4, 2021, subject to this Court's order. To date, Allison has not received a response to his email or the Disengagement Letter.

**ARGUMENT**

**A.  Defendants Have No Plans to Compensate the Firm**

Under Rule 1.4 of the Local Rules of the United States District Court for the Southern

District of New York:

> *"An attorney who has appeared as attorney of record for a party may be relieved or*
>
> *displaced only by order of the court and may not withdraw from a case without leave of*
>
> *the court granted by order. Such an order may be granted only upon showing by affidavit*
>
> *or otherwise of satisfactory reasons for withdrawal or displacement and the posture of*
>
> *the case, including its position, if any, on the calendar."*

The Defendants' failure to pay legal fees in this matter supports Allison's and Ziering's request to

withdraw as counsel.  It is established that non-payment of fees is a sufficient basis for such

withdrawal.  See, *Blue Angel Films, Ltd. V. First Look Studios, Inc.,* No. 8 Civ. 6469 (DAB)(JCF),

2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what

may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-

payment of legal fees constitutes such a reason"); *D.E.A.R. Conestudi S.P. A. v. Int. '1 Media*

*Films, Inc.,* No. 03 Civ. 3038 (RMB), 2006 WL 1676485, at *1 (S.D.N.Y. Jun. 16, 2006) ("It

is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion

to withdraw"). (citation omitted); *Promotica of Am., Inc. v. Johnson Grossfield, Inc.* No. 98

Civ. 7414 (AJP), 2000 WL 424184, at *2 (S.D.N.Y. Apr. 18, 2000) ("[O]nly one ground need

be shown" to support withdrawal; granting counsel for corporate defendant's motion to

withdraw for failure to pay fees and the resultant "irreconcilable conflict of interest"); *HCC,*

*Inc. v. RH&M Mach. Co.,* No. 96 Civ. 4920 (PKL), WL 411313. At *1 (S.D.N.Y. Jul. 20,

1998) (granting counsel for corporate defendant's motion to withdraw for failure to pay fees);

4

*Hallmark Capital Corp. v. Red Rose Collection, Inc.,* No. 96-cv-2839, 1997 WL 661146 at *2 (S.D.N.Y. Oct. 21, 1997) (citing *Promotica).*  It has also been held that a Court should not require counsel to represent a client *pro bono. HCC, Inc.,* 1998 WL 411313, at *1 (granting withdrawal and stating it would not "impose on counsel an obligation to continue representing defendants *pro bono*").*

There is no dispute that Defendants owe $121,325.24 in fees and costs to the Firm for work performed on the above-captioned cases.  Defendants have not provided payment on invoices that are outstanding for almost one-year of work done on this matter.  Defendants have not indicated a plan to pay the Firm the fees that are owed or any fees that will be incurred in the future.

### B.   Withdrawing at this Stage of Litigation Would Minimize any Prejudice to Defendants.

SKAT initially commenced the cases against the Defendants in the United States District Court for the District of New Jersey.  Presently these cases are docketed as part of the MDL before this Court.  At this point and for the immediate future, there is no significant further work necessary to be performed on the Defendants' behalf until the next phase of this litigation, and thus this appears to be a natural time for a transition to a new counsel if the Defendants so choose.

Allison and Ziering also have acted, and will continue to act, consistently with New York Rule of Professional Conduct 1.16(e) to further alleviate any potential prejudice to the Defendants.  The Firm will promptly deliver to Defendants or their new counsel any papers and property to which they are entitled.  Also consistent with Rule 1.16(e), Allison and Ziering have given Defendants due notice of their intention to withdraw.

**CONCLUSION**

Given Defendants nonpayment of fees and costs, Allison and Ziering respectfully request that the Court enter an order permitting Allison and Ziering to withdraw from their representation of Defendants in the above-captioned cases.

Dated: New York, New York

      January 8, 2021

                            CAPLIN & DRYSDALE, CHARTERED

                            s/ Mark D. Allison
                            By: Mark D. Allison

                            Mark D. Allison
                            Zhanna A. Ziering
                            600 Lexington Avenue, 21st Floor
                            New York, New York 10022
                            (212) 379-6000
                            mallison@capdale.com
                            zziering@capdale.com