UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:   18-cv-05053 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

### ACER INVESTMENT GROUP, LLC'S ANSWER TO SKATTEFORVALTNINGEN'S AMENDED COMPLAINT

Defendant Acer Investment Group, LLC ("Acer") denies any wrongdoing in relation to the Goldstein Law Group PC 401(k) Profit Sharing Plan's ("Goldstein Law Plan") requests for refunds of dividend-withholding tax and hereby answers the amended complaint of Plaintiff Skatteforvaltningen ("SKAT").

This answer is based on Acer's investigations to date. Acer reserves the right to supplement or amend this answer during this litigation as new information is learned. Acer denies any allegation not specifically admitted in this answer. To the extent that the headings of Plaintiff's amended complaint require a response, they are hereby denied. Acer demands a jury trial on all issues so triable.

Acer hereby answers SKAT's amended complaint as follows:

### INTRODUCTION

1. Acer admits the allegations in paragraph 1.

2. Acer denies the allegations in paragraph 2.

3. Acer denies any allegations in the first sentence of paragraph 3 with respect to itself and lacks knowledge and information sufficient to form a belief as to the truth of the remaining

-2-

allegations in the first sentence of paragraph 3 and therefore denies them. The remainder of paragraph 3 states legal conclusions to which no response is required, but to the extent any further response is required, Acer denies the allegations in paragraph 3.

4.   Acer lacks knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 4 and therefore denies them, except Acer admits that reclaim applications were submitted to SKAT, on behalf of the Goldstein Law Plan, claiming repayments of tax withheld on shares of Danish companies. Acer denies the remaining allegations in paragraph 4.

5.   Acer denies the allegations in paragraph 5 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

6.   Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and therefore denies them. Acer denies the remaining allegations in paragraph 6 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations with respect to others.

7.   Acer denies the allegations in paragraph 7 with respect to itself. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

8.   Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them, except Acer admits that SKAT stopped paying claims for refunds of dividend-withholding tax for the Goldstein Law Plan in August 2015.

-3-

9. Acer denies the allegations in paragraph 9 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9 and therefore denies them.

10. Acer denies the allegations in paragraph 10 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 10 and therefore denies them.

11. Acer denies the allegations in paragraph 11 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11 and therefore denies them.

12. Acer denies the allegations in paragraph 12 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 12 and therefore denies them.

13. Acer denies the allegations in paragraph 13. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 2 and therefore denies them.

## JURISDICTION & VENUE

14. Paragraph 14 states a legal conclusion to which no response is required.

15. Paragraph 15 states a legal conclusion to which no response is required.

## PARTIES

16. Acer admits the allegations in the first sentence of paragraph 16. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies them.

17. Acer admits that the Goldstein Law Plan is a pension plan. Acer denies the allegations of paragraph 17 to the extent the allegations suggest the Goldstein Law Plan is not a

trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and a resident of the United States of America for U.S. tax purposes.  Acer further states that the Goldstein Law Plan is a pension plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and that it is a resident of the United States of America for U.S. tax purposes.  Acer admits that each member of the Goldstein Law Plan is a citizen of the United States.  Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies them.

18. Acer admits the allegations in the first and third sentences of paragraph 18.  Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies them.

19. Acer admits that allegations in the first and fourth sentences of paragraph 19.  Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies them.

20. Acer admits the allegations in paragraph 20.

### AS TO SKAT'S FACTUAL ALLEGATIONS

21. Paragraph 21 states a legal conclusion to which no response is required.

22. Paragraph 22 states a legal conclusion to which no response is required.

23. Paragraph 23 states a legal conclusion to which no response is required.

24. The first and second sentences of paragraph 24 state legal conclusions to which no response is required.  Acer denies the allegations in the third sentence of paragraph 24 with respect

to the Goldstein Law Plan. To the extent a response to footnote 3 is required, Acer admits the assertion in footnote 3.

25. Acer admits the allegations in paragraph 25 as to the Goldstein Law Plan except to the extent SKAT alleges that the Goldstein Law Plan's representations were not truthful. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies them.

26. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27. Acer lacks knowledge or information sufficient to form a belief regarding SKAT's purported investigation or what SKAT "determined," but Acer denies that those things SKAT purportedly "determined" with respect to Acer and the Goldstein Law Plan are true. Acer denies the remainder of the allegations in paragraph 27 with respect to itself and the Goldstein Law Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies them.

28. Acer denies the allegations in paragraph 28 with respect to the Goldstein Law Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies them. Acer denies the allegations with respect to itself.

29. Acer admits that the Goldstein Law Plan received payments with respect to its tax refund claims from Goal Taxback Limited. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies them.

30. Acer admits that documents as described in subsections (a)–(e) of paragraph 30 were submitted to SKAT on the Goldstein Law Plan's behalf. Acer denies the remaining allegations in paragraph 30.

31. Acer denies the allegations in paragraph 31 with respect to the Goldstein Law Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies them. Acer denies the allegations with respect to itself.

32. Acer denies the allegations in paragraph 32 with respect to the Goldstein Law Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies them. Acer denies the allegations with respect to itself.

33. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35. Acer lacks knowledge or information sufficient to form a belief regarding what SKAT "determined," but Acer denies that those things SKAT purportedly "determined" with respect to Acer are true. Acer denies the remainder of the allegations in paragraph 35 with respect to itself and the Goldstein Law Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies them.

36. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36. Acer further states that the Goldstein Law Plan submitted withholding-tax refund claims to SKAT through Goal Taxback Limited and that, on information

and belief, those applications included the documentation described in paragraph 30 of SKAT's amended complaint.

37. Acer denies that fraudulent withholding-tax refund claims were submitted on behalf of the Goldstein Law Plan. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies them.

38. Acer denies that fraudulent withholding-tax refund claims were submitted on behalf of the Goldstein Law Plan. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

39. Acer admits that withholding-tax refund claims were submitted to SKAT on the Goldstein Law Plan's behalf. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies them.

40. Acer denies the allegations in paragraph 40.

41. Acer denies the allegations of paragraph 41.

42. The first sentence of paragraph 42 states legal conclusions to which no response is required, but to the extent a response is required, they are denied. The remainder of paragraph 42 is denied.

43. Acer denies the allegations in paragraph 43.

44. The third sentence of paragraph 44 contains legal conclusions to which no response is required, but to the extent a response is required, the allegation is denied. Acer denies the remainder of the allegations in paragraph 44.

45. Acer denies the allegations in paragraph 45.

46. Acer denies the allegations in paragraph 46.

47. Acer denies that fraudulent withholding-tax refund claims were submitted on behalf of the Goldstein Law Plan. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies them.

48. Acer denies that fraudulent withholding-tax refund claims were submitted on behalf of the Goldstein Law Plan. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies them.

49. Acer admits that a power of attorney, which speaks for itself, was to accompany withholding-tax refund claims that were submitted to SKAT on the Goldstein Law Plan's behalf. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies them.

50. Acer admits that a power of attorney, which speaks for itself, was to accompany withholding-tax refund claims that were submitted to SKAT on the Goldstein Law Plan's behalf. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies them.

51. Paragraph 51 contains legal conclusions to which no response is required.

52. Acer denies the allegations in paragraph 52.

53. Acer denies the allegations in paragraph 53 with respect to itself and the Goldstein Law Plan and lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore denies them.

54. Acer denies the allegations in paragraph 54 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore denies them.

55. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 55 and therefore denies them. Acer denies the remainder of the allegations in paragraph 55.

56. Any "claim form," as described in paragraph 56, speaks for itself. Acer admits that certain claim forms were submitted to SKAT on the Goldstein Law Plan's behalf. Acer denies the remainder of the allegations in paragraph 56.

57. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 57 and therefore denies them. Acer denies the remaining allegations in paragraph 57 with respect to itself and the Goldstein Law Plan and lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore denies them.

58. Acer admits that "tax vouchers," which speak for themselves, were submitted to SKAT on the Goldstein Law Plan's behalf. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies them.

59. Acer admits that "tax vouchers," which speak for themselves, were submitted to SKAT on the Goldstein Law Plan's behalf. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 and therefore denies them.

60. Acer denies the allegations in paragraph 60.

61. Acer admits that the Goldstein Law Plan authorized it to act as the Goldstein Law Plan's representative and agent with ED&F Man Capital Markets Ltd. Acer denies the remainder of the allegations in paragraph 61.

62. Acer denies the allegations in paragraph 62.

## AS TO PLAINTIFF'S CAUSES OF ACTION

### COUNT I
### (Fraud – Against Defendants Goldstein Law Plan, Sheldon Goldstein & Scott Goldstein)

63. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

64. Paragraph 64 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 64.

65. Paragraph 65 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 65.

66. Paragraph 66 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 66.

67. Paragraph 67 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 67.

### COUNT II
### (Aiding and Abetting Fraud – Against All Defendants)

68. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

69. Acer denies the allegations in paragraph 69.

70. Acer denies the allegations in paragraph 70.

71. Acer denies the allegations in paragraph 71.

72. Acer denies the allegations in paragraph 72.

73. Acer denies the allegations in paragraph 73.

74. Acer denies the allegations in paragraph 74.

## COUNT III
### (Payment by Mistake - Against All Defendants)

75. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

76. Paragraph 76 states a legal conclusion to which no response is required. To the extent any further response is required, Acer denies the allegations in paragraph 76.

77. Acer denies the allegations in paragraph 77.

78. Acer denies the allegations in paragraph 78.

79. Acer denies the allegations in paragraph 79.

80. Acer denies the allegations in paragraph 80.

## COUNT IV
### (Unjust Enrichment – Against All Defendants)

81. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

82. Paragraph 82 states a legal conclusion to which no response is required. To the extent any further response is required, Acer denies the allegations in paragraph 82.

83. Acer denies the allegations in paragraph 83.

84. Acer denies the allegations in paragraph 84.

85. Acer denies the allegations in paragraph 85.

## COUNT V
### (Money Had & Received – Against All Defendants)

86. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

87. Acer denies the allegations in paragraph 87.

88. Acer denies the allegations in paragraph 88.

## COUNT VI
### (Negligent Misrepresentation – Against Defendants Goldstein Law Plan, Sheldon Goldstein & Scott Goldstein)

89. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

90. Paragraph 90 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 90.

91. Paragraph 91 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 91.

92. Paragraph 92 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 92.

93. Paragraph 93 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 93.

## AS TO PLAINTIFF'S REQUEST FOR RELIEF

The remainder of the amended complaint sets forth SKAT's prayers for relief, to which no response is required. To the extent that a response is required, Acer denies that SKAT is entitled to the relief it seeks and prays that the Court dismiss SKAT's claims and order such other relief as the Court deems just and necessary.

* * *

## AFFIRMATIVE DEFENSES

Acer incorporates by reference the denials and admissions set forth above and asserts the following affirmative defenses. Acer does not intend to assume the burden of proof with respect to those matters as to which Plaintiff bears the burden. This statement of defenses is based on Acer's investigation to date, and Acer reserves the right to supplement, amend, or withdraw its defenses during the course of litigation as new information is learned.

### First Affirmative Defense

The amended complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

SKAT's claims are barred, in whole or in part, (i) by the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, (ii) the Revenue Rule, and/or (iii) the Penal Law Rule.

### Third Affirmative Defense

SKAT's claims are barred, in whole or in part, because at all relevant times Acer acted in good faith and without intent to defraud and did not make any material misstatements or omissions and because Acer did not commit any act that constituted substantial assistance to any fraud.

### Fourth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Goldstein Law Plan was entitled to the withholding tax refunds at issue.

**Fifth Affirmative Defense**

SKAT's claims are barred, in whole or in part, by the applicable statutes of limitations.

**Sixth Affirmative Defense**

SKAT's claims are barred, in whole or in part, because Acer never authorized the pursuit or filing of any fraudulent refund claims.

**Seventh Affirmative Defense**

SKAT's claims are barred, in whole or in part, because Acer did not receive the amounts Plaintiff alleges it paid out in withholding tax refunds.

**Eighth Affirmative Defense**

SKAT's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, and/or estoppel.

**Ninth Affirmative Defense**

SKAT's claims are barred, in whole or in part, due to the failure to join necessary or indispensable parties.

**Tenth Affirmative Defense**

SKAT's claims are barred, in whole or in part, because the Court does not have jurisdiction over SKAT's claims as SKAT lacks standing under Article III of the U.S. Constitution.

**Eleventh Affirmative Defense**

SKAT's claims are barred, in whole or in part, because SKAT does not have authority to pursue its claims.

**Twelfth Affirmative Defense**

SKAT's claims are barred, in whole or in part, because SKAT failed to exhaust administrative remedies and other legal remedies available to it and because the issues presented in this action are the subject of a collateral proceeding in Denmark.

**Thirteenth Affirmative Defense**

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of Plaintiff's own culpable conduct, including but not limited to contributory negligence and assumption of the risk, and/or the negligent, wrongful, or unauthorized acts of Plaintiff or others, for which Acer is not liable.

### Fourteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of ED&F's conduct, and ED&F should be liable to SKAT.

### Fifteenth Affirmative Defense

SKAT's claims are barred or limited because any harm to SKAT was caused by the actions of third parties over whom Acer had no control, and Acer intends to apportion fault to such third parties.

### Sixteenth Affirmative Defense

SKAT's claims are barred because of collateral estoppel and or res judicata.

### Seventeenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because they raise non-justiciable political questions.

### Eighteenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because this court lacks personal jurisdiction over Acer, including any alter egos.

### JURY DEMAND

Acer Investment Group, LLC demands a jury trial on all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, Acer Investment Group, LLC respectfully request that this Court enter judgment in their favor and against SKAT as follows:

1. Enter judgment in favor of Acer Investment Group, LLC and against SKAT on each count of the amended complaint and dismiss all of SKAT's claims against Acer Investment Group, LLC, with prejudice;

2. Award Acer Investment Group, LLC its attorneys' fees and costs; and

3. Grant such other preliminary, permanent, compensatory, or punitive relief against SKAT in favor of Acer Investment Group, LLC as the Court deems just and proper.

January 15, 2021                    Respectfully submitted,

                                    K&L GATES LLP,


                                    */s/ John C. Blessington*
                                    John C. Blessington (*pro hac vice*)
                                      john.blessington@klgates.com
                                    Brandon R. Dillman (*pro hac vice*)
                                      brandon.dillman@klgates.com
                                    Michael R. Creta (*pro hac vice*)
                                      michael.creta@klgates.com
                                    John L. Gavin (*pro hac vice*)
                                      john.gavin@klgates.com
                                    K&L GATES LLP
                                    State Street Financial Center
                                    One Lincoln Street
                                    Boston, MA  02111
                                    T: 617.261.3100
                                    F: 617.261.3175

                                    *Attorneys for Defendant Acer Investment Group, LLC*