UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:   18-cv-09836 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

## ACER INVESTMENT GROUP, LLC'S ANSWER TO SKATTEFORVALTNINGEN'S AMENDED COMPLAINT

Defendant Acer Investment Group, LLC ("Acer") denies any wrongdoing in relation to the Kamco Investments, Inc. Pension Plan's ("Kamco Investments Plan") requests for refunds of dividend-withholding tax and hereby answers the amended complaint of Plaintiff Skatteforvaltningen ("SKAT").

This answer is based on Acer's investigations to date. Acer reserves the right to supplement or amend this answer during this litigation as new information is learned. Acer denies any allegation not specifically admitted in this answer. To the extent that the headings of Plaintiff's amended complaint require a response, they are hereby denied. By filing this answer in the United States District Court for the Southern District of New York, Acer does not waive its right to have SKAT's claims transferred to the United States District Court for the District of Utah for purposes of trial. Acer demands a jury trial on all issues so triable.

Acer hereby answers SKAT's amended complaint as follows:

### INTRODUCTION

1. Acer admits the allegations in paragraph 1.

2. Acer denies the allegations in paragraph 2.

3. Acer denies any allegations in the first sentence of paragraph 3 with respect to itself and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 3 and therefore denies them. The remainder of paragraph 3 states legal conclusions to which no response is required, but to the extent any further response is required, Acer denies the allegations in paragraph 3.

4. Acer lacks knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 4 and therefore denies them, except Acer admits that reclaim applications were submitted to SKAT, on behalf of the Kamco Investments Plan, claiming repayments of tax withheld on shares of Danish companies. Acer denies the remaining allegations in paragraph 4.

5. Acer denies the allegations in paragraph 5 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

6. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and therefore denies them. Acer denies the remaining allegations in paragraph 6 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations with respect to others.

7. Acer denies the allegations in paragraph 7 with respect to itself. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

8. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them, except Acer admits that SKAT stopped

paying claims for refunds of dividend-withholding tax for the Kamco Investments Plan in August 2015.

9. Acer denies the allegations in subsections (a)–(c) of paragraph 9 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9 and therefore denies them.

10. Acer denies the allegations in paragraph 10 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 10 and therefore denies them.

11. Acer denies the allegations in paragraph 11 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11 and therefore denies them.

12. Acer denies the allegations in paragraph 12 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 12 and therefore denies them.

13. Acer denies the allegations in paragraph 13. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 2 and therefore denies them.

## JURISDICTION & VENUE

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response to footnote 3 is required, Acer admits that this action was first filed in the United States District Court for the District of Utah before being transferred to this Court for pretrial purposes only. The remainder of footnote 3 contains legal conclusions to which no response is required.

15. Paragraph 15 states a legal conclusion to which no response is required.

## PARTIES

16. Acer admits the allegations in the first sentence of paragraph 16. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies them.

17. Acer admits the allegations of paragraph 17 except to the extent the allegations suggest the Kamco Investments Plan is not a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and a resident of the United States of America for U.S. tax purposes. Acer further states that the Kamco Investments Plan is a pension plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and that it is a resident of the United States of America for U.S. tax purposes. Acer further admits that the Kamco Investments Plan listed its address as 5532 Lillehammer Lane, Suite 103, Park City, Utah 84098, USA for tax refund requests. Acer further admits that each member of the Kamco Investments Plan is a citizen of the United States.

18. Paragraph 18 contains allegations related only to Louise Kaminer, who has been dismissed from this action, and therefore no response is required. To the extent a response is required, Acer admits the allegations contained in paragraph 18.

19. Acer admits the allegations in paragraph 19, stating further that Kaminer resides in the State of Utah and is a citizen of the United States.

20. Acer denies that Kaminer was the Chief Compliance Officer of Acer. Acer admits the remaining allegations in paragraph 20.

## AS TO SKAT'S FACTUAL ALLEGATIONS

21.     Paragraph 21 states a legal conclusion to which no response is required.

22.     Paragraph 22 states a legal conclusion to which no response is required.

23.     Paragraph 23 states a legal conclusion to which no response is required.

24.     The first and second sentences of paragraph 24 state legal conclusions to which no response is required.  Acer denies the allegations in the third sentence of paragraph 24 with respect to the Kamco Investments Plan.  Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies them.  To the extent a response to footnote 4 is required, Acer admits the assertion in footnote 4.

25.     Acer admits the allegations in paragraph 25 as to the Kamco Investments Plan except to the extent SKAT alleges that the Kamco Investments Plan's representations were not truthful.  Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies them.

26.     Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27.     Acer lacks knowledge or information sufficient to form a belief regarding SKAT's purported investigation or what SKAT "determined," but Acer denies that those things SKAT purportedly "determined" with respect to Acer and the Kamco Investments Plan are true.  Acer denies the remainder of the allegations in paragraph 27 with respect to itself and the Kamco Investments Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies them.

28. Acer denies the allegations in paragraph 28 with respect to the Kamco Investments Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies them.

29. Acer admits that the Kamco Investments Plan received payments with respect to its tax refund claims from Goal Taxback Limited. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies them.

30. Acer admits that documents as described in subsections (a)–(e) of paragraph 30 were submitted to SKAT on the Kamco Investments Plan's behalf. Acer denies the remaining allegations in paragraph 30.

31. Acer denies the allegations in paragraph 31 with respect to the Kamco Investments Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies them.

32. Acer denies the allegations in paragraph 32 with respect to the Kamco Investments Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies them.

33. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35. Acer lacks knowledge or information sufficient to form a belief regarding what SKAT "determined," but Acer denies that those things SKAT purportedly "determined" with respect to Acer are true. Acer admits it is in the United States. Acer denies the remainder of the

-7-

allegations in paragraph 35 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies them.

36. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36. Acer further states that the Kamco Investments Plan submitted withholding-tax refund claims to SKAT through Goal Taxback Limited and that, on information and belief, those applications included the documentation described in paragraph 30 of SKAT's amended complaint.

37. Acer denies that fraudulent withholding-tax refund claims were submitted on behalf of the Kamco Investments Plan. Acer admits that the Kamco Investments Plan represented that Stacey Kaminer had the authority to act on the Kamco Investments Plan's behalf with respect to its withholding-tax refund claims. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies them.

38. Acer denies that fraudulent withholding-tax refund claims were submitted on behalf of the Kamco Investments Plan. Acer admits that the Kamco Investments Plan represented that Goal Taxback Limited was its agent and had authority to act on its behalf with respect to the Kamco Investments Plan's withholding-tax refund claims. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

39. Acer admits that withholding-tax refund claims were submitted to SKAT on the Kamco Investments Plan's behalf in which the Kamco Investments Plan described its shareholdings in and receipt of dividends from Danish companies. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies them.

40. Acer denies the allegations in paragraph 40.

41. Acer denies the allegations of paragraph 41.

42. The first sentence of paragraph 42 states legal conclusions to which no response is required, but to the extent a response is required, they are denied. The remainder of paragraph 42 is denied.

43. Acer denies the allegations in paragraph 43.

44. The third sentence of paragraph 44 contains legal conclusions to which no response is required. Acer denies the remainder of the allegations in paragraph 44.

45. Acer denies the allegations in paragraph 45.

46. Acer denies that fraudulent withholding-tax refund claims were submitted on behalf of the Kamco Investments Plan. Acer denies SKAT made payments to the Kamco Investments Plan but rather admits, on information and belief, that Goal Taxback received payments from Denmark and/or SKAT. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies them.

47. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them. Acer admits Kaminer executed a power of attorney authorizing Goal Taxback Limited to act on behalf of the Kamco Investments Plan with respect to the Kamco Investments Plan's withholding-tax refund claims.

49. Acer admits that a power of attorney, which speaks for itself, was to accompany withholding-tax refund claims that were submitted to SKAT on the Kamco Investments Plan's behalf. Acer denies the remaining allegations in paragraph 49.

50. Paragraph 50 contains legal conclusions to which no response is required.

51. Acer denies the allegations in paragraph 51.

52. The power of attorney documents referenced in paragraph 52 speak for themselves. Acer denies that the Kamco Investments Plan submitted fraudulent withholding-tax refund claims or pretended to own shares in Danish companies. Kaminer denies that other pension plans fraudulently requested tax refunds from SKAT. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore denies them.

53. Acer denies the allegations in paragraph 53 with respect to itself and the Kamco Investments Plan and lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore denies them.

54. Acer denies the allegations in paragraph 54 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore denies them. Acer admits Goal Taxback was authorized to submit withholding tax refund applications for the Kamco Investments Plan.

55. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 55 and therefore denies them. Acer denies the remainder of the allegations in paragraph 55.

56. Any "claim form," as described in paragraph 56, speaks for itself. Acer admits that certain claim forms were submitted to SKAT on the Kamco Investments Plan's behalf. Acer denies the remainder of the allegations in subsections (a)-(d) of paragraph 56.

57. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 57 and therefore denies them. Acer denies the

remaining allegations in paragraph 57 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore denies them.

58. Acer admits that "tax vouchers," which speak for themselves, were submitted to SKAT on the Kamco Investments Plan's behalf. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies them.

59. Acer admits that "tax vouchers," which speak for themselves, were submitted to SKAT on the Kamco Investments Plan's behalf. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59.

60. Acer denies the allegations in paragraph 60.

61. Acer admits that the Kamco Investments Plan authorized Acer to act as its representative and agent with ED&F Man Capital Markets Ltd. Acer denies the remainder of the allegations in paragraph 61.

62. Acer denies the allegations in paragraph 62.

## AS TO PLAINTIFF'S CAUSES OF ACTION

### COUNT I
**(Fraud – Against Defendants Kamco Investments & Stacey Kaminer)**

63. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

64. Paragraph 64 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 64.

65. Paragraph 65 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 65.

66. Paragraph 66 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 66.

67. Paragraph 67 contains allegations related a claim that is not asserted against Acer, and therefore no response is required. To the extent a response is required, Acer denies the allegations in paragraph 67.

## COUNT II
### (Aiding and Abetting Fraud – Against All Defendants)

68. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

69. Acer denies the allegations in paragraph 69.

70. Acer denies the allegations in paragraph 70.

71. Acer denies the allegations in paragraph 71.

72. Acer denies the allegations in paragraph 72.

73. Acer denies the allegations in paragraph 73.

74. Acer denies the allegations in paragraph 74.

## COUNT III
### (Unjust Enrichment – Against All Defendants)

75. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

76. Paragraph 76 states a legal conclusion to which no response is required. To the extent any further response is required, Acer denies the allegations in paragraph 76.

77. Acer denies the allegations in paragraph 77.

78. Acer denies the allegations in paragraph 78.

79. Acer denies the allegations in paragraph 79.

## COUNT IV
### (Money Had & Received – Against All Defendants)

80. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

81. Acer denies the allegations in paragraph 81.

82. Acer denies the allegations in paragraph 82.

## COUNT V
### (Negligent Misrepresentation – Against Defendants Kamco Investments & Stacey Kaminer)

83. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

84. Paragraph 84 states legal conclusions to which no response is required. To the extent a further response is required, Acer denies the allegations in paragraph 84.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a further response is required, Acer denies the allegations in paragraph 85.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a further response is required, Acer denies the allegations in paragraph 86.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a further response is required, Acer denies the allegations in paragraph 87.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a further response is required, Acer denies the allegations in paragraph 88.

## AS TO PLAINTIFF'S REQUEST FOR RELIEF

The remainder of the amended complaint sets forth SKAT's prayers for relief, to which no response is required. To the extent that a response is required, Acer denies that SKAT is entitled to the relief it seeks and prays that the Court dismiss SKAT's claims and order such other relief as the Court deems just and necessary.

* * *

## AFFIRMATIVE DEFENSES

Acer incorporates by reference the denials and admissions set forth above and assert the following affirmative defenses. Acer does not intend to assume the burden of proof with respect to those matters as to which Plaintiff bears the burden. This statement of defenses is based on Acer's investigation to date, and Acer reserves the right to supplement, amend, or withdraw its defenses during the course of litigation as new information is learned.

### First Affirmative Defense

The amended complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

SKAT's claims are barred, in whole or in part, (i) by the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, (ii) the Revenue Rule, and/or (iii) the Penal Law Rule.

### Third Affirmative Defense

SKAT's claims are barred, in whole or in part, because at all relevant times Acer acted in good faith and without intent to defraud and did not make any material misstatements or omissions and because Acer did not commit any act that constituted substantial assistance to any fraud.

### Fourth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Kamco Investments Plan was entitled to the withholding tax refunds at issue.

### Fifth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Sixth Affirmative Defense

SKAT's claims are barred, in whole or in part, because Acer never authorized the pursuit or filing of any fraudulent refund claims.

### Seventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because Acer did not receive the amounts Plaintiff alleges it paid out in withholding tax refunds.

### Eighth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, and/or estoppel.

### Ninth Affirmative Defense

SKAT's claims are barred, in whole or in part, due to the failure to join necessary or indispensable parties.

### Tenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Court does not have jurisdiction over SKAT's claims as SKAT lacks standing under Article III of the U.S. Constitution.

### Eleventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because SKAT does not have authority to pursue its claims.

### Twelfth Affirmative Defense

SKAT's claims are barred, in whole or in part, because SKAT failed to exhaust administrative remedies and other legal remedies available to it and because the issues presented in this action are the subject of a collateral proceeding in Denmark.

### Thirteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of Plaintiff's own culpable conduct, including but not limited to contributory negligence and assumption of the risk, and/or the negligent, wrongful, or unauthorized acts of Plaintiff or others, for which Acer is not liable.

### Fourteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of ED&F's conduct, and ED&F should be liable to SKAT.

### Fifteenth Affirmative Defense

SKAT's claims are barred or limited because any harm to SKAT was caused by the actions of third parties over whom Acer had no control, and Acer intends to apportion fault to such third parties.

### Sixteenth Affirmative Defense

SKAT's claims are barred because of collateral estoppel and or res judicata.

### Seventeenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because they raise non-justiciable political questions.

### Eighteenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Court lacks personal jurisdiction over Acer, including any alter egos.

### **JURY DEMAND**

Acer Investment Group, LLC demands a jury trial on all issues so triable.

## **REQUEST FOR RELIEF**

WHEREFORE, Acer Investment Group, LLC respectfully requests that this Court enter judgment in its favor and against SKAT as follows:

1. Enter judgment in favor of Acer Investment Group, LLC and against SKAT on each count of the amended complaint and dismiss all of SKAT's claims against Acer Investment Group, LLC, with prejudice;

2. Award Acer Investment Group, LLC its attorneys' fees and costs; and

3. Grant such other preliminary, permanent, compensatory, or punitive relief against SKAT in favor of Acer Investment Group, LLC as the Court deems just and proper.

January 15, 2021

Respectfully submitted,

K&L GATES LLP,

*/s/ John C. Blessington*
John C. Blessington (*pro hac vice*)
 john.blessington@klgates.com
Brandon R. Dillman (*pro hac vice*)
 brandon.dillman@klgates.com
Michael R. Creta (*pro hac vice*)
 michael.creta@klgates.com
John L. Gavin (*pro hac vice*)
 john.gavin@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
T: 617.261.3100
F: 617.261.3175

*Attorneys for Defendant Acer Investment Group, LLC*