UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:   18-cv-10100 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**ACER INVESTMENT GROUP, LLC'S ANSWER TO
SKATTEFORVALTNINGEN'S AMENDED COMPLAINT**

Defendant Acer Investment Group, LLC ("Acer") denies any wrongdoing in relation to the Newsong Fellowship Church 401K Plan's ("Newsong Plan") requests for refunds of dividend-withholding tax and hereby answers the amended complaint of Plaintiff Skatteforvaltningen ("SKAT").

This answer is based on Acer's investigations to date. Acer reserves the right to supplement or amend this answer during this litigation as new information is learned. Acer denies any allegation not specifically admitted in this answer. To the extent that the headings of Plaintiff's amended complaint require a response, they are hereby denied. By filing this answer in the United States District Court for the Southern District of New York, Acer does not waive its right to have SKAT's claims transferred to the United States District Court for the Eastern District of Pennsylvania for purposes of trial. Acer demands a jury trial on all issues so triable.

Acer hereby answers SKAT's amended complaint as follows:

**INTRODUCTION**

1. Acer admits the allegations in paragraph 1.

2. Acer denies the allegations in paragraph 2.

3. Acer denies any allegations in the first sentence of paragraph 3 with respect to itself and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 3 and therefore denies them. The remainder of paragraph 3 states legal conclusions to which no response is required, but to the extent any further response is required, Acer denies the allegations in paragraph 3.

4. Acer lacks knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 4 and therefore denies them, except Acer admits that reclaim applications were submitted to SKAT, on behalf of the Newsong Plan, claiming repayments of tax withheld on shares of Danish companies. Acer denies the remaining allegations in paragraph 4.

5. Acer denies the allegations in paragraph 5 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

6. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and therefore denies them. Acer denies the remaining allegations in paragraph 6 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations with respect to others.

7. Acer denies the allegations in paragraph 7 with respect to itself. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

8. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them, except Acer admits that SKAT stopped paying claims for refunds of dividend-withholding tax for the Newsong Plan in August 2015.

- 3 -

9. Acer denies the allegations in subsections (a)–(c) of paragraph 9 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9 and therefore denies them.

10. Acer denies the allegations in paragraph 10 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 10 and therefore denies them.

11. Acer denies the allegations in paragraph 11 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 11 and therefore denies them.

12. Acer denies the allegations in paragraph 12 with respect to itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 12 and therefore denies them.

13. Acer denies the allegations in paragraph 13. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 2 and therefore denies them.

**JURISDICTION & VENUE**

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response to footnote 3 is required, Acer admits that this action was first filed in the United States District Court for the Eastern District of Pennsylvania before being transferred to this Court for pretrial purposes only. The remainder of footnote 3 contains legal conclusions to which no response is required.

15. Paragraph 15 states a legal conclusion to which no response is required.

## PARTIES

16. Acer admits the allegations in the first sentence of paragraph 16. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies them.

17. Acer admits the allegations of paragraph 17 except to the extent the allegations suggest the Newsong Plan is not a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and a resident of the United States of America for U.S. tax purposes. Acer further states that the Newsong Plan is a pension plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and that it is a resident of the United States of America for U.S. tax purposes. Acer further admits that the Newsong Plan listed its address as 1102 Millersville Pike, Lancaster, Pennsylvania 17603, USA for tax refund requests. Acer further admits that each member of the Newsong Plan is a citizen of the United States.

18. Acer admits the allegations in paragraph 18.

19. Acer admits the allegations in paragraph 19.

## AS TO SKAT'S FACTUAL ALLEGATIONS

20. Paragraph 20 states a legal conclusion to which no response is required.

21. Paragraph 21 states a legal conclusion to which no response is required.

22. Paragraph 22 states a legal conclusion to which no response is required.

23. The first and second sentences of paragraph 23 state legal conclusions to which no response is required. Acer denies the allegations in the third sentence of paragraph 23 with respect

to the Newsong Plan. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies them. To the extent a response to footnote 4 is required, Acer admits the assertion in footnote 4.

24. Acer admits the allegations in paragraph 24 as to the Newsong Plan except to the extent SKAT alleges that the Newsong Plan's representations were not truthful. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies them.

25. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. Acer lacks knowledge or information sufficient to form a belief regarding SKAT's purported investigation or what SKAT "determined," but Acer denies that those things SKAT purportedly "determined" with respect to Acer and the Newsong Plan are true. Acer denies the remainder of the allegations in paragraph 26 with respect to itself and the Newsong Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies them.

27. Acer denies the allegations in paragraph 27 with respect to the Newsong Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies them.

28. Acer admits that the Newsong Plan received payments with respect to its tax refund claims from Goal Taxback Limited. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies them.

29. Acer admits that documents as described in subsections (a)–(e) of paragraph 29 were submitted to SKAT on the Newsong Plan's behalf. Acer denies the remaining allegations in paragraph 29.

30. Acer denies the allegations in paragraph 30 with respect to the Newsong Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies them.

31. Acer denies the allegations in paragraph 31 with respect to the Newsong Plan and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies them.

32. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34. Acer lacks knowledge or information sufficient to form a belief regarding what SKAT "determined," but Acer denies that those things SKAT purportedly "determined" with respect to Acer are true. Acer admits it is in the United States. Acer denies the remainder of the allegations in paragraph 34 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore denies them.

35. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35. Acer further states that the Newsong Plan submitted withholding-tax refund claims to SKAT through Goal Taxback Limited and that, on information and belief, those applications included the documentation described in paragraph 29 of SKAT's amended complaint.

36. Acer denies that fraudulent withholding-tax refund claims were submitted on behalf of the Newsong Plan. Acer admits that the Newsong Plan represented that Mitchell had the authority to act on the Newsong Plan's behalf with respect to its withholding-tax refund claims. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them.

37. Acer denies that fraudulent withholding-tax refund claims were submitted on behalf of the Newsong Plan. Acer admits that the Newsong Plan represented that Goal Taxback Limited was its agent and had authority to act on its behalf with respect to the Newsong Plan's withholding-tax refund claims. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies them.

38. Acer admits that withholding-tax refund claims were submitted to SKAT on the Newsong Plan's behalf in which the Newsong Plan described its shareholdings in and receipt of dividends from Danish companies. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

39. Acer denies the allegations in paragraph 39.

40. Acer denies the allegations of paragraph 40.

41. The first sentence of paragraph 41 states legal conclusions to which no response is required, but to the extent a response is required, they are denied. The remainder of paragraph 41 is denied.

42. Acer denies the allegations in paragraph 42.

43. The second sentence of paragraph 43 is denied. The third sentence of paragraph 43 contains legal conclusions to which no response is required. Acer denies the remainder of the allegations in paragraph 43.

44. Acer denies the allegations in paragraph 44.

45. Acer denies that fraudulent withholding-tax refund claims were submitted on behalf of the Newsong Plan. Acer denies SKAT made payments to the Newsong Plan but rather admits, on information and belief, that Goal Taxback received payments from Denmark and/or SKAT. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies them.

46. Acer denies the allegations in paragraph 46, except Acer admits that Mitchell was the Newsong Plan's sole participant.

47. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them. Acer admits Mitchell executed a power of attorney authorizing Goal Taxback Limited to act on behalf of the Newsong Plan with respect to the Newsong Plan's withholding-tax refund claims.

48. Acer admits that a power of attorney, which speaks for itself, was to accompany withholding-tax refund claims that were submitted to SKAT on the Newsong Plan's behalf. Acer denies the remaining allegations in paragraph 48.

49. Paragraph 49 contains legal conclusions to which no response is required.

50. Acer denies the allegations in paragraph 50.

51. Acer denies the allegations in paragraph 51 with respect to itself and the Newsong Plan and lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore denies them.

52. Acer denies the allegations in paragraph 52 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect

to others and therefore denies them. Acer admits Goal Taxback was authorized to submit withholding tax refund applications for the Newsong Plan.

53. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 53 and therefore denies them. Acer denies the remainder of the allegations in paragraph 53.

54. Any "claim form," as described in paragraph 54, speaks for itself. Acer admits that certain claim forms were submitted to SKAT on the Newsong Plan's behalf. Acer denies the remainder of the allegations in subsections (a)-(d) of paragraph 54.

55. Acer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 55 and therefore denies them. Acer denies the remaining allegations in paragraph 55 with respect to itself and the Newsong Plan and lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to others and therefore denies them.

56. Acer admits that "tax vouchers," which speak for themselves, were submitted to SKAT on the Newsong Plan's behalf. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 and therefore denies them.

57. Acer admits that "tax vouchers," which speak for themselves, were submitted to SKAT on the Newsong Plan's behalf. Acer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57.

58. Acer denies the allegations in paragraph 58.

59. Acer admits that the Newsong Plan authorized Acer to act as its representative and agent with ED&F Man Capital Markets Ltd. Acer denies the remainder of the allegations in paragraph 59.

60. Acer denies the allegations in paragraph 60.

## AS TO PLAINTIFF'S CAUSES OF ACTION

### COUNT I
### (Unjust Enrichment – Against All Defendants)

61. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

62. Paragraph 62 states a legal conclusion to which no response is required. To the extent any further response is required, Acer denies the allegations in paragraph 62.

63. Acer denies the allegations in paragraph 63.

64. Acer denies the allegations in paragraph 64.

65. Acer denies the allegations in paragraph 65.

### COUNT II
### (Money Had & Received – Against All Defendants)

66. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

67. Acer denies the allegations in paragraph 67.

68. Acer denies the allegations in paragraph 68.

### COUNT III
### (Aiding and Abetting Fraud – Against Defendant Acer)

69. Acer repeats and reasserts its responses to each preceding paragraph as though stated fully herein.

70. Acer denies the allegations in paragraph 70.

71. Acer denies the allegations in paragraph 71.

72. Acer denies the allegations in paragraph 72.

73. Acer denies the allegations in paragraph 73.

74. Acer denies the allegations in paragraph 74.

75. Acer denies the allegations in paragraph 75.

## AS TO PLAINTIFF'S REQUEST FOR RELIEF

The remainder of the amended complaint sets forth SKAT's prayers for relief, to which no response is required. To the extent that a response is required, Acer denies that SKAT is entitled to the relief it seeks and prays that the Court dismiss SKAT's claims and order such other relief as the Court deems just and necessary.

* * *

## AFFIRMATIVE DEFENSES

Acer incorporates by reference the denials and admissions set forth above and assert the following affirmative defenses. Acer does not intend to assume the burden of proof with respect to those matters as to which Plaintiff bears the burden. This statement of defenses is based on Acer's investigation to date, and Acer reserves the right to supplement, amend, or withdraw its defenses during the course of litigation as new information is learned.

### First Affirmative Defense

The amended complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

SKAT's claims are barred, in whole or in part, (i) by the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, (ii) the Revenue Rule, and/or (iii) the Penal Law Rule.

### Third Affirmative Defense

SKAT's claims are barred, in whole or in part, because at all relevant times Acer acted in good faith and without intent to defraud and did not make any material misstatements or omissions and because Acer did not commit any act that constituted substantial assistance to any fraud.

### Fourth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Newsong Plan was entitled to the withholding tax refunds at issue.

### Fifth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Sixth Affirmative Defense

SKAT's claims are barred, in whole or in part, because Acer never authorized the pursuit or filing of any fraudulent refund claims.

### Seventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because Acer did not receive the amounts Plaintiff alleges it paid out in withholding tax refunds.

### Eighth Affirmative Defense

SKAT's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, and/or estoppel.

### Ninth Affirmative Defense

SKAT's claims are barred, in whole or in part, due to the failure to join necessary or indispensable parties.

### Tenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Court does not have jurisdiction over SKAT's claims as SKAT lacks standing under Article III of the U.S. Constitution.

### Eleventh Affirmative Defense

SKAT's claims are barred, in whole or in part, because SKAT does not have authority to pursue its claims.

### Twelfth Affirmative Defense

SKAT's claims are barred, in whole or in part, because SKAT failed to exhaust administrative remedies and other legal remedies available to it and because the issues presented in this action are the subject of a collateral proceeding in Denmark.

### Thirteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of Plaintiff's own culpable conduct, including but not limited to contributory negligence and assumption of the risk, and/or the negligent, wrongful, or unauthorized acts of Plaintiff or others, for which Acer is not liable.

### Fourteenth Affirmative Defense

SKAT's claims are barred or limited because if SKAT is awarded any damages or restitution, they are, in whole or in part, the result of ED&F's conduct, and ED&F should be liable to SKAT.

### Fifteenth Affirmative Defense

SKAT's claims are barred or limited because any harm to SKAT was caused by the actions of third parties over whom Acer had no control, and Acer intends to apportion fault to such third parties.

### Sixteenth Affirmative Defense

SKAT's claims are barred because of collateral estoppel and or res judicata.

### Seventeenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because they raise non-justiciable political questions.

### Eighteenth Affirmative Defense

SKAT's claims are barred, in whole or in part, because the Court lacks personal jurisdiction over Acer, including any alter egos.

### JURY DEMAND

Acer Investment Group, LLC demands a jury trial on all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, Acer Investment Group, LLC respectfully requests that this Court enter judgment in its favor and against SKAT as follows:

1. Enter judgment in favor of Acer Investment Group, LLC and against SKAT on each count of the amended complaint and dismiss all of SKAT's claims against Acer Investment Group, LLC, with prejudice;

2. Award Acer Investment Group, LLC its attorneys' fees and costs; and

3. Grant such other preliminary, permanent, compensatory, or punitive relief against SKAT in favor of Acer Investment Group, LLC as the Court deems just and proper.

| | |
|---|---|
| January 15, 2021 | Respectfully submitted,<br><br>K&L GATES LLP,<br><br>*/s/ John C. Blessington*<br>John C. Blessington (*pro hac vice*)<br>  john.blessington@klgates.com<br>Brandon R. Dillman (*pro hac vice*)<br>  brandon.dillman@klgates.com<br>Michael R. Creta (*pro hac vice*)<br>  michael.creta@klgates.com<br>John L. Gavin (*pro hac vice*)<br>  john.gavin@klgates.com<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA  02111<br>T: 617.261.3100<br>F: 617.261.3175<br><br>*Attorneys for Defendant Acer Investment Group, LLC* |