**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION<br><br>This document relates to: 1:18-cv-05053-LAK | MASTER DOCKET<br><br>Case No.: 1:18-md-02865-LAK |
| THE GOLDSTEIN LAW GROUP PC 401(K) PROFIT SHARING PLAN, SHELDON GOLDSTEIN and SCOTT GOLDSTEIN<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>ED&F MAN CAPITAL MARKETS, LTD.,<br><br>Third-Party Defendant. | **THIRD-PARTY DEFENDANT ED&F MAN CAPITAL MARKETS, LTD.'S ANSWER TO AMENDED THIRD-PARTY COMPLAINT** |

Third-Party Defendant ED&F Man Capital Markets, Ltd. ("ED&F"), for its Answer to the Amended Third-Party Complaint against ED&F Man Capital Markets, Ltd. and John Does 1-10, dated January 22, 2021 (the "Third-Party Complaint"), by Third-Party Plaintiffs the Goldstein Law Group PC 401(K) Profit Sharing Plan (the "Plan"), Sheldon Goldstein and Scott Goldstein (collectively, the "Goldstein Parties"), by and through its undersigned attorneys, hereby answers and responds as follows:[1]

---

[1] The Third-Party Complaint has been filed in violation of Fed. R. Civ. P. 15(a). The Third-Party Complaint has been amended once already, ED&F has not granted written consent to further amendment, and the Goldstein Parties have not sought leave of the Court to amend. Accordingly, the Third-Party Complaint is a nullity, and ED&F reserves all rights. Nevertheless, ED&F files this Answer in an abundance of caution.

ED&F lacks knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations that relate to any other party in this lawsuit, and therefore all responses below pertain only to ED&F.  With respect to those allegations, including headings and subheadings, that do not address or refer to the acts or omissions of ED&F, ED&F submits that no response is required.

ED&F reserves the right to supplement its Answer and raise affirmative defenses that become available or apparent during the course of discovery and to amend its Answer accordingly.

## RESPONSE TO THIRD-PARTY CLAIMS
## AGAINST ED&F MAN CAPITAL MARKETS, LTD.[2]

107.     Paragraph 107 contains no factual allegations regarding ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107.

108.     The allegations in Paragraph 108 purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent a response is required, ED&F denies the allegations in Paragraph 108 and respectfully refers the Court to SKAT's pleadings for their contents.

109.     Paragraph 109 contains no factual allegations regarding ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109.

---

[2] The Third-Party Claims against ED&F Man Capital Markets, Ltd. and John Does 1-10 begin at Paragraph 107 of the Goldstein Parties' Answer and Affirmative Defenses to Plaintiff Skatteforvaltningen's Amended Complaint and Amended Third-Party Complaint against ED&F Man Capital Markets, Ltd. and John Does 1-10, Dkt. No. 519.  For ease of reference, ED&F's first responsive paragraph has been enumerated Paragraph 107.

110.     Paragraph 110 contains no factual allegations regarding ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110, except admits that SKAT has named Sanjay Shah, ED&F, and others as defendants in an action before the High Court of Justice.

111.     Paragraph 111 contains no allegations to which a response is required, because Paragraph 111 contains no factual allegations regarding ED&F.

112.     Paragraph 112 contains no allegations to which a response is required, because Paragraph 112 contains no factual allegations regarding ED&F.

113.     Paragraph 113 contains no allegations to which a response is required, because Paragraph 113 contains no factual allegations regarding ED&F.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113.

114.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114.

115.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115.

116.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116.

117.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117, except admits that the Plan is a pension plan.

118.     ED&F denies the allegations in Paragraph 118, except admits that the Plan had a brokerage account with ED&F from 2012 to 2019 and that ED&F executed and funded the

transactions at issue.  ED&F further responds that it funded and executed the transactions at issue on the Plan's instructions, as communicated to ED&F by the Plan's Authorized Agent.

119.     ED&F denies the allegations in Paragraph 119.

120.     ED&F denies the allegations in Paragraph 120.

121.     ED&F denies the allegations in Paragraph 121.

122.     ED&F denies the allegations in Paragraph 122 and respectfully refers the Court to the referenced agreements with the Plan for their contents.

123.     Paragraph 123 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 123, and respectfully refers the Court to the referenced agreements with the Plan for their contents.

124.     ED&F denies the allegations in Paragraph 124 including the characterizations and implications contained therein, and respectfully refers the Court to the referenced website for its contents.

125.     ED&F denies the allegations in Paragraph 125 including the characterizations and implications contained therein.

126.     ED&F denies the allegations in Paragraph 126, including the characterizations and implications contained therein, except admits that it deposits and withdraws from bank accounts designated by its clients for their brokerage activities.

127.     ED&F denies the allegations in Paragraph 127, except admits that it transferred money to and from the Plan via a National Financial Services brokerage account located at J.P. Morgan Chase at One Chase Plaza, New York, New York 10005 and further avers that such account was designated by the Plan for such purpose.

128.     ED&F denies the allegations in Paragraph 128, except admits that at least some communications with the Plan were conducted via the Plan's Authorized Agent.

129.     ED&F denies the allegations in Paragraph 129.

130.     ED&F denies the allegations in Paragraph 130, including the characterizations and implications contained therein, except admits that ED&F funded trades on the Plan's behalf in compliance with applicable laws.

131.     ED&F denies the allegations in Paragraph 131, except admits that ED&F earned fees for providing securities lending and financing services.

132.     ED&F denies the allegations in Paragraph 132.

133.     ED&F denies the allegations in Paragraph 133.

134.     ED&F denies the allegations in Paragraph 134, except admits that it executed transactions and provided trade confirmations confirming its execution of the Plan's instructions. ED&F further responds that it executed transactions on the Plan's instructions as communicated by its Authorized Agent.

135.     ED&F denies the allegations in Paragraph 135, except admits that ED&F prepared tax vouchers confirming that the Plan "was holding" indicated securities over the relevant dividend dates, that the specified dividends were paid to the Plan net of withholding tax, and that withholding tax was "[s]uffered" in the indicated amounts.

136.     ED&F denies the allegations in Paragraph 136, except admits that in some instances it sent tax vouchers directly to Goal.  ED&F further responds that on other occasions it sent tax vouchers directly to the Authorized Agent, and in the instances in which it sent tax vouchers directly to Goal, it did so on the express instructions of the Plan's Authorized Agent.

137.     Paragraph 137 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 137.

138.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138.

139.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139.

140.     ED&F denies allegations in Paragraph 140, including any characterizations and implications therein.

141.     ED&F denies the allegations in Paragraph 141, except admits that SKAT brought suit against ED&F in the United Kingdom in May of 2018 and respectfully refers the Court to the pleadings in the English Action for their contents.

142.     ED&F denies the allegations in Paragraph 142, including any characterizations and implications therein.

143.     ED&F denies the allegations in Paragraph 143, including any characterizations and implications therein, except admits that in September 2019, ED&F filed an amended answer in the English Action and respectfully refers the Court to the referenced pleading for its contents.

144.     ED&F denies the allegations in Paragraph 144.

145.     ED&F denies the allegations in Paragraph 145.

146.     ED&F denies the allegations in Paragraph 146.

147.     ED&F denies the allegations in Paragraph 147.

148.     ED&F denies the allegations in Paragraph 148, including any characterizations and implications therein.

149.     ED&F denies the allegations in Paragraph 149.

150.     ED&F denies the allegations in Paragraph 150, and respectfully refers the Court to its pleadings in the English Action for their contents.

151.     ED&F denies the allegations in Paragraph 151.

152.     ED&F denies the allegations in Paragraph 152, except admits that ED&F allocated appropriate amounts to the Plan.

153.     ED&F denies the allegations in Paragraph 153, except admits that ED&F charged fees in connection with its services.  ED&F further responds that the fees charged were agreed with the Plan's Authorized Agent.

154.     ED&F denies the allegations in Paragraph 154.

155.     ED&F denies the allegations in Paragraph 155.

156.     ED&F denies the allegations in Paragraph 156 and avers that the allegations in Paragraph 156 rely on incorrect assumptions.

157.     ED&F denies the allegations in Paragraph 157.

158.     ED&F denies the allegations in Paragraph 158.

159.     ED&F denies the allegations in Paragraph 159, except lacks knowledge or information sufficient to form a belief about the motivation to implead ED&F.

### The Parties

160.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 160, except admits that the Plan is a U.S. pension plan.

161.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 161, except admits that the Plan had an address at 61 Broadway, New York, New York, 10006.

162.     ED&F denies the allegations in Paragraph 162, including the characterizations of "all of the correspondence and contracts", except admits that letters from ED&F to the Plan were addressed to its Manhattan address.

163.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 163.

164.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 164.

165.     ED&F admits the allegations in Paragraph 165.

166.     ED&F admits the allegations in Paragraph 166.

167.     ED&F admits the allegations in Paragraph 167, and respectfully refers the Court to the referenced pleadings for their contents.

168.     ED&F admits the allegations in Paragraph 168.

**Jurisdiction**

169.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169.

170.     Paragraph 170 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170.

171.     Paragraph 171 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 171 and respectfully refers the Court to the referenced statutes for their contents.

172.      Paragraph 172 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 172 and respectfully refers the Court to the referenced statutes for their contents.

173.      Paragraph 173 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 173.

174.      Paragraph 174 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 174.

175.      ED&F denies the allegations in Paragraph 175.

176.      Paragraph 176 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 176, except admits that it executed transactions in Danish securities for certain U.S. pension plans sued by SKAT in this MDL.

177.      ED&F denies the allegations in Paragraph 177.

178.      ED&F denies the allegations in Paragraph 178 and respectfully refers the Court to the Amended English Answer for its contents.

179.      Paragraph 179 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 179.

180.      Paragraph 180 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 180.

### RESPONSE TO: COUNTER-STATEMENT OF FACTS
### ED&F Man's Core Dividend Arbitrage Business Depended Upon
### Targeting U.S. Tax-Exempt Entities

ED&F denies all allegations, including characterizations, in the headings or sub-headings under the Counter-Statement of Facts section of the Third-Party Complaint, except lacks

knowledge or information sufficient to form a belief about the truth of the allegations that (i) the Goldstein Parties had no reason to doubt the Reclaim Applications' validity, (ii) SKAT had no particularized basis to reject the Plan's ninth reclaim application, and (iii) SKAT'S deficient refund processes cannot justify its breaches of the Double-Taxation Treaty.

181.      Paragraph 181 contains no factual allegations about ED&F to which a response is required.

182.      Paragraph 182 contains no factual allegations about ED&F to which a response is required.

183.      Paragraph 183 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 183.

184.      Paragraph 184 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 184.

185.      ED&F denies the allegations in Paragraph 185.

186.      Paragraph 186 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 186.

187.      Paragraph 187 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 187.

188.      Paragraph 188 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 188.

189.     Paragraph 189 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 189.

190.     Paragraph 190 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 190.

191.     Paragraph 191 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 191.

**The Goldstein Parties Had No Reason to Doubt the Reclaim Applications' Validity**

192.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 192, except admits that the Plan opened a brokerage account. ED&F further responds that the Plan's Authorized Agent introduced ED&F to the Plan, opened the account on the Plan's behalf, proposed dividend arbitrage trading structures and subsequently instructed ED&F to effect transactions on behalf of the Plan in multiple jurisdictions including Denmark.

193.     ED&F denies the allegations in Paragraph 193, except admits that it executed transactions in Danish securities on behalf of the Plan.  ED&F further responds that it was instructed to do so by the Plan's Authorized Agent.

194.     ED&F denies the allegations in Paragraph 194, except admits that the Amended English Answer describes a general framework for transactions in Danish securities, and respectfully refers the Court to that pleading for its contents.

195.     ED&F denies the allegations in Paragraph 195.

196.     ED&F denies the allegations in Paragraph 196.

197.     ED&F admits the allegations in Paragraph 197.

198.     ED&F admits the allegations in Paragraph 198.

199.     ED&F denies the allegations in Paragraph 199, except admits that ED&F prepared one or more tax vouchers and in some instances sent tax vouchers directly to Goal. ED&F further responds that on other occasions it sent tax vouchers directly to the relevant plan's authorized agent, and in the instances in which it sent tax vouchers directly to Goal, it did so on the express instructions of the relevant plan's authorized agent.

200.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 200.

201.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 201.

202.     ED&F admits the allegations in Paragraph 202.

203.     ED&F denies the allegations in Paragraph 203, except admits that it charged the Plan fees for brokerage services and further responds that the fees charged were as agreed with the Plan's Authorized Agent.

204.     ED&F denies the allegations in Paragraph 204, except admits that it followed the same process for transactions in Danish securities executed on behalf of the Plan.

205.     ED&F denies the allegations in Paragraph 205 and respectfully refers the Court to the referenced general ledger for its contents.

206.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 206.

**SKAT Had No Particularized Basis to Reject the Plan's Ninth Reclaim Application**

207.  ED&F admits the allegations in Paragraph 207.

208.  Paragraph 208 contains no allegations to which a response is required, because Paragraph 208 contains no factual allegations regarding ED&F.

209.  Paragraph 209 contains no allegations to which a response is required, because Paragraph 209 contains no factual allegations regarding ED&F.

210.  Paragraph 210 contains no allegations to which a response is required, because Paragraph 210 contains no factual allegations regarding ED&F.

211.  Paragraph 211 contains no allegations to which a response is required, because Paragraph 211 contains no factual allegations regarding ED&F.

212.  Paragraph 212 contains no allegations to which a response is required, because Paragraph 212 contains no factual allegations regarding ED&F.

213.  Paragraph 213 contains no allegations to which a response is required, because Paragraph 213 contains no factual allegations regarding ED&F.

214.  Paragraph 214 contains no allegations to which a response is required, because Paragraph 214 contains no factual allegations regarding ED&F.

215.  Paragraph 215 contains no allegations to which a response is required, because Paragraph 215 contains no factual allegations regarding ED&F.

216.  Paragraph 216 contains no allegations to which a response is required, because Paragraph 216 contains no factual allegations regarding ED&F.

217.  Paragraph 217 contains no allegations to which a response is required, because Paragraph 217 contains no factual allegations regarding ED&F.

218.  Paragraph 218 contains no allegations to which a response is required, because Paragraph 218 contains no factual allegations regarding ED&F.

219.      Paragraph 219 contains no allegations to which a response is required, because Paragraph 219 contains no factual allegations regarding ED&F.

220.      Paragraph 220 contains no allegations to which a response is required, because Paragraph 220 contains no factual allegations regarding ED&F.

221.      Paragraph 221 contains no allegations to which a response is required, because Paragraph 221 contains no factual allegations regarding ED&F.

222.      Paragraph 222 contains no allegations to which a response is required, because Paragraph 222 contains no factual allegations regarding ED&F.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 222.

**SKAT'S Deficient Refund Processes Cannot Justify
Its Breaches of the Double-Taxation Treaty**

223.      Paragraph 223 contains no allegations to which a response is required, because Paragraph 223 contains no factual allegations regarding ED&F.

224.      Paragraph 224 contains no allegations to which a response is required, because Paragraph 224 contains no factual allegations regarding ED&F.

225.      Paragraph 225 contains no allegations to which a response is required, because Paragraph 225 contains no factual allegations regarding ED&F.

226.      Paragraph 226 contains no allegations to which a response is required, because Paragraph 226 contains no factual allegations regarding ED&F.

227.      Paragraph 227 contains no allegations to which a response is required, because Paragraph 227 contains no factual allegations regarding ED&F.

228.      Paragraph 228 contains no allegations to which a response is required, because Paragraph 228 contains no factual allegations regarding ED&F.

229.        Paragraph 229 contains no allegations to which a response is required, because Paragraph 229 contains no factual allegations regarding ED&F.

230.        Paragraph 230 contains no allegations to which a response is required, because the Paragraph 230 contains no factual allegations regarding ED&F.

231.        Paragraph 231 contains no allegations to which a response is required, because Paragraph 231 contains no factual allegations regarding ED&F.

232.        Paragraph 232 contains no allegations to which a response is required, because Paragraph 232 contains no factual allegations regarding ED&F.

233.        Paragraph 233 contains no allegations to which a response is required, because Paragraph 233 contains no factual allegations regarding ED&F.

234.        Paragraph 234 contains no allegations to which a response is required, because Paragraph 234 contains no factual allegations regarding ED&F.

235.        Paragraph 235 contains no allegations to which a response is required, because Paragraph 235 contains no factual allegations regarding ED&F.

236.        Paragraph 236 contains no allegations to which a response is required, because Paragraph 236 contains no factual allegations regarding ED&F.

237.        Paragraph 237 contains no allegations to which a response is required, because Paragraph 237 contains no factual allegations regarding ED&F.

238.        Paragraph 238 contains no allegations to which a response is required, because Paragraph 238 contains no factual allegations regarding ED&F.

239.        Paragraph 239 contains no allegations to which a response is required, because Paragraph 239 contains no factual allegations regarding ED&F.

240.     Paragraph 240 contains no allegations to which a response is required, because Paragraph 240 contains no factual allegations regarding ED&F.

241.     Paragraph 241 contains no allegations to which a response is required, because Paragraph 241 contains no factual allegations regarding ED&F.

242.     Paragraph 242 contains no allegations to which a response is required, because Paragraph 242 contains no factual allegations regarding ED&F.

### ED&F Man Solicited, Structured, Funded, Executed, and Cleared the Plan's Nine Danish Transactions

243.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 243.

244.     ED&F denies the allegations in Paragraph 244.

245.     ED&F denies the allegations in Paragraph 245.

246.     Paragraph 246 contains no factual allegations about ED&F to which a response is required.

247.     ED&F denies the allegations in Paragraph 247, except admits that ED&F did not always offer equity finance services.

248.     ED&F denies the allegations in Paragraph 248, including characterizations therein.

249.     ED&F denies the allegations in Paragraph 249, except admits that ED&F hired some former employees from MF Global in or about 2012.

250.     ED&F denies the allegations in Paragraph 250 including characterizations therein, except admits that ED&F hired some former employees from MF Global.  ED&F further responds that ED&F's Equity Finance Desk by the end of 2013 consisted of no more than 20 employees.  ED&F further responds that ED&F's New York-based affiliate is neither a party nor

relevant to this dispute and had no involvement in the Danish securities transactions or the reclaims which are the subject of SKAT's complaint.

251.     Paragraph 251 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 251.

252.     Paragraph 252 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 252.

253.     ED&F admits the allegations in Paragraph 253.

254.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 254.

255.     ED&F denies the allegations in Paragraph 255, except admits that Stephen Hawksworth signed custody letters in connection with certain Danish securities transactions.

256.     ED&F denies the allegations in Paragraph 256.

257.     ED&F denies the allegations in Paragraph 257, except admits that one or more of the Goldstein Parties entered into several agreements, including a Custody Agreement, a Security and Set-Off Deed, and a Letter Agreement.  ED&F respectfully refers the Court to the referenced agreements for their contents.

258.     ED&F denies the allegations in Paragraph 258.

259.     ED&F denies the allegations in Paragraph 259.

260.     ED&F denies the allegations in Paragraph 260.

261.     ED&F denies the allegations in Paragraph 261, except admits that ED&F charged fees and further answers that such fees were contracted with the Plan for its brokerage services as agreed with the Plan's Authorized Agent.

262.     ED&F denies the allegations in Paragraph 262, including any implications and characterizations therein, except admits that, as agreed with the Plan and instructed by the Plan's Authorized Agent, ED&F funded securities trades on behalf of the Plan, debited the Plan's brokerage account for the cost, sold or loaned the security on behalf of the Plan, and credited the Plan's brokerage account accordingly.

263.     ED&F denies the allegations in Paragraph 263, including any characterizations therein.

264.     Paragraph 264 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 264.

265.     ED&F denies the allegations in Paragraph 265, except admits that on instruction by the Plan's Authorized Agent, ED&F prepared and issued tax vouchers confirming that (i) the Plan "was holding" indicated securities over the relevant dividend dates, (ii) the specified dividends were paid to the Plan net of withholding tax, and (iii) withholding tax was "[s]uffered" in the indicated amounts.  ED&F respectfully refers the Court to the tax vouchers for their contents.

266.     ED&F denies the allegations in Paragraph 266, except admits that it charged fees for its services, and further responds that its services were rendered at its customers' instructions.

267.     ED&F denies the allegations in Paragraph 267 and respectfully refers the Court to the referenced letters for their contents.

268.     ED&F denies the allegations in Paragraph 268, except admits that ED&F executed transactions in Danish securities on behalf of other U.S. pension plan customers from 2012 to 2015.  ED&F further responds that it executed these transactions as an execution only broker and custodian and in accordance with such customers' instructions.

269.     ED&F denies the allegations in Paragraph 269, except admits that ED&F prepared and issued tax vouchers and respectfully refers the Court to the tax vouchers for their contents.

270.     ED&F denies any characterizations in the allegations in Paragraph 270, except admits that SKAT has sued at least 31 pension plans which were clients of ED&F.

271.     ED&F denies the allegations in Paragraph 271, including any characterizations, and respectfully refers the Court to the referenced pleadings for their contents.

272.     ED&F denies the allegation in Paragraph 272.

**ED&F Man Recently Admitted that it Created and Issued Baseless Tax Vouchers**

273.     ED&F denies that it made any "repeated and explicit assurances" as alleged in Paragraph 273.  ED&F lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 273.  ED&F further responds that ED&F acted only as an execution only broker and custodian effecting the Plan's instructions as communicated by the Plan's Authorized Agent.

274.     ED&F denies the allegations in Paragraph 274, including any characterizations therein.

275.     ED&F denies the allegations in Paragraph 275, including any characterizations therein, except admits that ED&F provided the Plan with documents regarding the trades.

276.     ED&F denies the allegations in Paragraph 276.

277.     ED&F denies the allegations in Paragraph 277.

278.     ED&F admits the allegations in Paragraph 278.

279.     ED&F denies the allegations in Paragraph 279, except admits that one or more of the Goldstein Parties filed the original third-party complaint on April 23, 2019, and lacks knowledge or information sufficient to form a belief about their motivations for doing so.

280.     ED&F admits the allegations in Paragraph 280.

281.     ED&F denies the allegations in Paragraph 281, including any characterizations therein.

282.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 282.

283.     ED&F denies the allegations in Paragraph 283, except admits that on or around August 20, 2019 Mr. Hawksworth resigned.

284.     The allegations in Paragraph 284 purport to describe the contents of the Amended English Answer and do not require a response.  To the extent that a response is required, ED&F denies the allegations in Paragraph 284 of the Third-Party Complaint, except admits that the Amended English Answer was filed in September 2019 and respectfully refers the Court to the Amended English Answer for its contents.

285.     ED&F denies the allegations in Paragraph 285, except admits that four of the tax vouchers included in Annex E of the Amended English Answer were created for the Plan, and respectfully refers the Court to the referenced pleading for its contents.

286.     ED&F denies the allegations in Paragraph 286 and further denies that any tax vouchers prepared by ED&F were "wrongful."  ED&F further avers that on September 27, 2019,

it filed a letter with this Court to apprise the Court of its most recent pleadings in the English
Action.

287.      ED&F denies the allegations in Paragraph 287 and further denies that any tax
vouchers prepared by ED&F were "wrongful."

288.      ED&F denies the allegations in Paragraph 288, except admits that on September
27, 2019, it filed a letter with this Court to apprise the Court of its most recent pleadings in the
English Action and respectfully refers the Court to the letter for its contents.

289.      ED&F denies the allegations in Paragraph 289, including any characterizations,
implication or allegation of wrongdoing therein, and avers that the allegations in Paragraph 289
rely on incorrect assumptions.

290.      ED&F denies the allegations in Paragraph 290, including any characterizations,
implication or allegation of wrongdoing therein.

291.      ED&F denies the allegations in Paragraph 291, including any characterizations,
implication or allegation of wrongdoing therein.

292.      ED&F denies the allegations in Paragraph 292, including any characterizations,
implication or allegation of wrongdoing therein.

293.      ED&F denies the allegations in Paragraph 293, including any characterizations
therein, and respectfully refers the Court to the referenced pleading for its contents.

294.      ED&F denies the allegations in Paragraph 294.

### ED&F Man Failed to Disclose Affiliate Trading

295.      ED&F denies the allegations in Paragraph 295.

296.      ED&F denies the allegations in Paragraph 296, including any characterizations,
implication or allegation of wrongdoing therein.  ED&F further responds that Volcafe was at all

material times an inter-dealer broker which traded with other large financial institutions, as was disclosed to the Plan's Authorized Agent at the time (knowledge of which the Plan appears to admit at paragraph 341 of its Third-Party Complaint).

297.     ED&F admits the allegations in Paragraph 297, except denies any implication or allegation of wrongdoing therein.  ED&F further responds that ED&F at all times purchased Danish securities from various inter-dealer brokers with the market.

298.     ED&F denies the allegations in Paragraph 298.

299.     ED&F denies the allegations in Paragraph 299.  ED&F further responds that the Plan's Authorized Agent instructed ED&F in respect of trades executed by ED&F on the Plan's behalf.

300.     ED&F denies the allegations in Paragraph 300.  ED&F further responds that the Plan's Authorized Agent instructed ED&F in respect of trades and their settlement dates.

301.     ED&F denies the allegations in Paragraph 301, including any characterizations therein, except admits that in or about April 2014, ED&F notified the Plan that it was seeing some liquidity in the market in D/S Norden.

302.     ED&F denies the allegations in Paragraph 302.   ED&F further responds that the Plan's Authorized Agent instructed ED&F in respect of trades and their settlement dates.

303.     ED&F admits the allegations in Paragraph 303, except denies any implication or allegation of wrongdoing therein, or any suggestion that the Plan was not aware of this.

304.     ED&F denies the allegations in Paragraph 304, except admits that Volcafe purchased shares from an affiliate, and denies any characterization, implication or allegation of wrongdoing therein.

305.        ED&F denies the allegations in Paragraph 305.  ED&F further responds that the Plan, through its Authorized Agent, was aware of the involvement of the affiliates.

306.        ED&F denies the allegations in Paragraph 306, except admits that Volcafe purchased shares from an affiliate, and denies any characterization, implication or allegation of wrongdoing therein.

307.        ED&F admits the allegations in Paragraph 307.  ED&F further responds that at all material times, Volcafe was an inter-dealer broker.

308.        ED&F denies the allegations in Paragraph 308.  ED&F further responds that at all material times Volcafe was one of a number of inter-dealer brokers used by ED&F, a fact known by the Plan's Authorized Agent.

309.        ED&F denies the allegations in Paragraph 309.  ED&F further responds that Volcafe did not provide any financing, and at all material times, and to the knowledge of the Plan's Authorized Agent, it acted as an inter-dealer broker.

310.        ED&F denies the allegations in Paragraph 310.

311.        ED&F denies the allegations in Paragraph 311.

312.        Paragraph 312 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 312.

313.        Paragraph 313 contains no factual allegations about ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 313.

314.        ED&F denies the allegations in Paragraph 314.

315.        ED&F denies the allegations in Paragraph 315.

316.     ED&F denies the allegations in Paragraph 316.

317.     ED&F denies the allegations in Paragraph 317.

318.     ED&F denies the allegations in Paragraph 318.

**ED&F Man Structured the Spring 2014 Transactions to
Fake the Disavowed Vouchers' Legitimacy**

319.     ED&F denies the allegations in Paragraph 319.

320.     ED&F denies the allegations in Paragraph 320, except admits that ED&F

prepared one or more tax vouchers and respectfully refers the Court to the tax vouchers for their

contents.

321.     ED&F denies the allegations in Paragraph 321, including any characterizations

therein.

322.     The allegations in Paragraph 322 purport to describe the contents of the Amended

English Answer and do not require a response.  To the extent that a response is required, ED&F

denies the allegations in Paragraph 322 and respectfully refers the Court to the Amended English

Answer for its contents.

323.     ED&F denies the allegations in Paragraph 323.

324.     ED&F denies the allegations in Paragraph 324 and respectfully refers the Court to

the referenced letters for their contents.

325.     ED&F denies the allegations in Paragraph 325 and respectfully refers the Court to

the referenced documents for their contents.

326.     ED&F denies the allegations in Paragraph 326 and respectfully refers the Court to

the referenced documents for their contents.

327.     The allegations in Paragraph 327 purport to describe the contents of the Amended

English Answer and do not require a response.  To the extent that a response is required, ED&F

denies the allegations in Paragraph 327, including any characterizations, and any allegations or implications of wrongdoing therein, except admits that the Amended English Answer identified inaccuracies in the referenced tax vouchers, and respectfully refers the Court to the Amended English Answer for its contents.

328.    ED&F denies the allegations in Paragraph 328.

329.    ED&F denies the allegations in Paragraph 329.

330.    ED&F admits the allegations in Paragraph 330, except denies any allegation or implication of wrongdoing therein.

331.    ED&F admits the allegations in Paragraph 331, except denies any allegation or implication of wrongdoing therein.

332.    ED&F denies the allegations in Paragraph 332.

333.    ED&F denies the allegations in Paragraph 333.

334.    ED&F denies the allegations in Paragraph 334.

335.    ED&F denies the allegations in Paragraph 335.

336.    ED&F denies the allegations in Paragraph 336.

337.    ED&F denies the allegations in Paragraph 337.

338.    ED&F admits the allegations in Paragraph 338, except denies any allegation or implication of wrongdoing therein.

339.    ED&F admits the allegations in Paragraph 339, except denies any allegation or implication of wrongdoing therein.

340.    ED&F denies the allegations in Paragraph 340, except admits that 77 of the 80 tax vouchers identified in Annex E of the Amended English Answer are associated with an "Ex Date" in 2014 and denies any allegation or implication of wrongdoing therein.

341.     ED&F denies the allegations in Paragraph 341, except admits that it used Volcafe as an inter-dealer broker for the Spring 2014 Transactions, to the Plan's Authorized Agent's knowledge, denies any allegation or implication of wrongdoing therein, and lacks knowledge or information sufficient to form a belief about whether the "Goldstein Parties have seen no indication that Volcafe participated in the Plan's other five Danish Transactions."

342.     ED&F admits the allegations in Paragraph 342, except denies any allegation or implication of wrongdoing therein.

343.     ED&F denies the allegations in Paragraph 343 and further denies any carelessness on the part of ED&F.

344.     ED&F denies the allegations in Paragraph 344 and further denies that ED&F did not conduct the Spring 2014 Transactions in a legal manner.

345.     ED&F denies the allegations in Paragraph 345, except admits that the Equity Finance Desk was closed.

346.     ED&F denies the allegations in Paragraph 346.

## THIRD-PARTY CLAIMS

### THIRD-PARTY CLAIM COUNT I
### (Section 10(b) / Rule 10b-5 Securities Fraud – Against ED&F Man and John Does 1–10)

347.     In answer to Paragraph 347, ED&F repeats and realleges the foregoing as if fully set forth herein.

348.     ED&F admits the allegations in Paragraph 348.

349.     Paragraph 349 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 349.

350.     ED&F denies the allegations in Paragraph 350.

351.     ED&F denies the allegations in Paragraph 351.

352.    ED&F denies the allegations in Paragraph 352.

353.    ED&F denies the allegations in Paragraph 353.

354.    ED&F denies the allegations in Paragraph 354.

355.    ED&F denies the allegations in Paragraph 355.

356.    ED&F denies the allegations in Paragraph 356.

## THIRD-PARTY CLAIM COUNT II
### (Common-Law Fraud – Against ED&F Man)

357.    In answer to paragraph 357, ED&F repeats and realleges the foregoing as if fully set forth herein.

358.    Paragraph 358 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 358.

359.    ED&F denies the allegations in Paragraph 359.

360.    ED&F denies the allegations in Paragraph 360.

361.    ED&F denies the allegations in Paragraph 361.

362.    Paragraph 362 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 362.

363.    ED&F denies the allegations in Paragraph 363.

## THIRD-PARTY CLAIM COUNT III
### (Negligence – Against ED&F Man)

364.    In answer to Paragraph 364, ED&F repeats and realleges the foregoing as if fully set forth herein.

365.    Paragraph 365 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 365.

366.     ED&F denies the allegations in Paragraph 366, except admits that Annex E to the Amended English Answer identified certain tax vouchers containing inaccurate information and respectfully refers the Court to the Amended English Answer for its contents.

367.     ED&F denies the allegations in Paragraph 367.

368.     ED&F denies the allegations in Paragraph 368.

369.     ED&F denies the allegations in Paragraph 369.

370.     ED&F denies the allegations in Paragraph 370.

### THIRD-PARTY CLAIM COUNT IV
#### (Breach of Contract – Against ED&F Man)

371.     In answer to Paragraph 371, ED&F repeats and realleges the foregoing as if fully set forth herein.

372.     ED&F admits the allegations in Paragraph 372.

373.     ED&F denies the allegations in Paragraph 373 and respectfully refers the Court to the referenced agreements for their contents.

374.     ED&F denies the allegations in Paragraph 374.

375.     ED&F denies the allegations in Paragraph 375.

### THIRD-PARTY CLAIM COUNT V
#### (Breach of the Covenant of Good Faith and Fair Dealing – Against ED&F Man)

376.     In answer to Paragraph 376, ED&F repeats and realleges the foregoing as if fully set forth herein.

377.     Paragraph 377 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 377.

378.      Paragraph 378 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 378.

379.      ED&F denies the allegations in Paragraph 379.

380.      ED&F denies the allegations in Paragraph 380.

### THIRD-PARTY CLAIM COUNT VI
### (Breach of Contract – Against ED&F Man)

381.      In answer to Paragraph 381, ED&F repeats and realleges the foregoing as if fully set forth herein.

382.      ED&F denies the allegations in Paragraph 382 and respectfully refers the Court to the referenced agreements for their contents.

383.      ED&F denies the allegations in Paragraph 383, except admits it charged fees in connection with its services on Danish securities transactions.

384.      ED&F denies the allegations in Paragraph 384.

385.      ED&F denies the allegations in Paragraph 385.

386.      ED&F denies the allegations in Paragraph 386.

387.      ED&F denies the allegations in Paragraph 387.

### THIRD-PARTY CLAIM COUNT VII
### (Breach of the Covenant of Good Faith and Fair Dealing – Against ED&F Man)

388.      In answer to Paragraph 388, ED&F repeats and realleges the foregoing as if fully set forth herein.

389.      ED&F denies the allegations in Paragraph 389.

390.      ED&F denies the allegations in Paragraph 390.

391.      ED&F denies the allegations in Paragraph 391.

392.      ED&F denies the allegations in Paragraph 392.

393.        ED&F denies the allegations in Paragraph 393.

## THIRD-PARTY CLAIM COUNT VIII
### (Tortious Interference with Contract – Against John Does 1–10)

394.        In answer to Paragraph 394, ED&F repeats and realleges the foregoing as if fully set forth herein.

395.        Paragraph 395 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 395.

396.        Paragraph 396 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 396.

397.        Paragraph 397 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 397.

398.        Paragraph 398 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 398.

## THIRD-PARTY CLAIM COUNT IX
### (Breach of Fiduciary Duty by Charging Undisclosed Fees – Against ED&F Man)

399.        In answer to Paragraph 399, ED&F repeats and realleges the foregoing as if fully set forth herein.

400.        Paragraph 400 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 400.

401.        Paragraph 401 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 401.

402.        ED&F denies the allegations in Paragraph 402, except admits that it charged fees in connection with its services on Danish securities transactions.

403.        ED&F denies the allegations in Paragraph 403.

404.     ED&F denies the allegations in Paragraph 404.

405.     ED&F denies the allegations in Paragraph 405.

## THIRD-PARTY CLAIM COUNT X
### (Aiding and Abetting Breach of Fiduciary Duty – Against John Does 1–10)

406.     In answer to Paragraph 406, ED&F repeats and realleges the foregoing as if fully set forth herein.

407.     Paragraph 407 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 407.

408.     Paragraph 408 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 408.

## THIRD-PARTY CLAIM COUNT XI
### (Breach of Fiduciary Duty by Self-Dealing – Against ED&F Man)

409.     In answer to Paragraph 409, ED&F repeats and realleges the foregoing as if fully set forth herein.

410.     Paragraph 410 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 410.

411.     Paragraph 411 asserts legal conclusions to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 411.

412.     ED&F denies the allegations in Paragraph 412.

413.     ED&F denies the allegations in Paragraph 413.

414.     ED&F denies the allegations in Paragraph 414.

415.     ED&F denies the allegations in Paragraph 415.

416.     ED&F denies the allegations in Paragraph 416.

417.     ED&F denies the allegations in Paragraph 417 and further denies that it was "acting in various conflicting and undisclosed capacities in connection with the transactions."

418.     ED&F denies the allegations in Paragraph 418.

419.     ED&F denies the allegations in Paragraph 419, and respectfully refers the Court to the referenced pleadings for their contents.

420.     ED&F denies the allegations in Paragraph 420.

421.     ED&F denies the allegations in Paragraph 421 and further denies that it engaged in any self-dealing.

422.     ED&F denies the allegations in Paragraph 422 and further denies that it engaged in any self-dealing.

423.     ED&F denies the allegations in Paragraph 423.

424.     ED&F denies the allegations in Paragraph 424.

425.     ED&F denies the allegations in Paragraph 425.

## THIRD-PARTY CLAIM COUNT XII
### (Aiding and Abetting Breach of Fiduciary Duty – Against John Does 1–10)

426.     In answer to Paragraph 426, ED&F repeats and realleges the foregoing as if fully set forth herein.

427.     Paragraph 427 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 427.

428.     Paragraph 428 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 428.

429.     Paragraph 429 contains no allegations against ED&F to which a response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 429.

## FIRST AFFIRMATIVE DEFENSE

430.     To the extent the Goldstein Parties have been damaged or injured, which ED&F denies, such damage was caused, in whole or in part, by the Goldstein Parties' own acts or omissions and/or the acts or omissions of other parties, including, but not limited to, negligence.

## SECOND AFFIRMATIVE DEFENSE

431.     To the extent that the Goldstein Parties have been damaged or injured, which ED&F denies, such damage was caused in whole or in part, or increased by, the Goldstein Parties' failure to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

432.     The Goldstein Parties' claims are barred, in whole or in part, by the doctrines of waiver and/or release.

## FOURTH AFFIRMATIVE DEFENSE

433.     The Goldstein Parties' claims may be barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

434.     The Goldstein Parties' claims may be barred, in whole or in part, by the doctrines of collateral estoppel, claims preclusion and/or res judicata.

## SIXTH AFFIRMATIVE DEFENSE

435.     The Goldstein Parties' claims are barred, in whole or in part, by applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

436.     The Goldstein Parties' claims are barred, in whole or in part, by the doctrines of laches and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

437.     The Goldstein Parties, by their own actions and conduct, have failed to exercise reasonable care and diligence on their own behalf, thereby causing or contributing to their alleged injuries and damages, if any.  The Goldstein Parties' recovery must therefore be reduced or eliminated altogether by the proportion of damages caused by their acts and conduct.

### NINTH AFFIRMATIVE DEFENSE

438.     Any damages sustained by the Goldstein Parties as alleged in the Third-Party Complaint were caused, in whole or in part, by the culpable conduct of other third-parties, over which ED&F had no control, and not as a result of any culpable conduct on the part of ED&F.

### TENTH AFFIRMATIVE DEFENSE

439.     The Court lacks personal jurisdiction over ED&F.

### ELEVENTH AFFIRMATIVE DEFENSE

440.     Venue is improper because the parties agreed to a specific venue in England.

### TWELFTH AFFIRMATIVE DEFENSE

441.     The claims asserted by the Goldstein Parties directly contradict the explicit terms of the relevant agreements by and between the Goldstein Parties and ED&F, and should therefore be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

442.     The Goldstein Parties' claims are barred, in whole or in part, due to insufficient service of process.

## JURY DEMAND

ED&F demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Third-Party Defendant ED&F Man Capital Markets, Ltd. respectfully requests that this Court enter judgment against Third-Party Plaintiffs The Goldstein Law Group PC 401(K) Profit Sharing Plan, Sheldon Goldstein and Scott Goldstein, as follows:

(i)  Judgment denying all relief requested by the Goldstein Parties;

(ii) Judgment dismissing with prejudice the Third-Party Complaint as against ED&F in its entirety;

(iii)Judgment in favor of ED&F against the Goldstein Parties in all respects;

(iv)An award to ED&F of reasonable attorneys' fees, costs and expenses; and

(v) Such other and further relief as the Court may deem just and appropriate.


Dated:   New York, New York             **BINDER & SCHWARTZ LLP**
         February 5, 2021

                                        /s/ Neil S. Binder
                                        Neil S. Binder
                                        366 Madison Avenue, 6th Floor
                                        New York, NY 10017
                                        Telephone: 212-510-7031
                                        Facsimile: 212-510-7299
                                        nbinder@binderschwartz.com

                                        *Attorneys for Third-Party Defendant ED&F*
                                        *Man Capital Markets, Ltd.*