**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF          MASTER DOCKET
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND            18-md-02865-LAK
SCHEME LITIGATION

This document relates to:     The cases identified in
                              Appendix A

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL**
**<u>ASSISTANCE TO OBTAIN EVIDENCE IN DENMARK</u>**

Sharon L. McCarthy
Kostelanetz & Fink LLP
7 World Trade Center, 34th Floor
New York, New York 10007
Tel:     (212) 808-8100
Fax:     (212) 808-8108
smccarthy@kflaw.com

Alan E. Schoenfeld
Wilmer Cutler Pickering Hale and
  Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
alan.schoenfeld@wilmerhale.com

Michelle A. Rice
Kaplan Rice LLP
142 West 57th Street
Suite 4A
New York N.Y. 10019

(212)333-0227
mrice@kaplanrice.com

Mark D. Allison
Caplin & Drysdale, Chartered
600 Lexington Ave., 21st Fl.
New York, NY 10022
Phone: (212) 379-6060
Email: mallison@capdale.com

Thomas E.L. Dewey
777 Third Avenue – 37th Floor
New York, New York 10017
Tel.: (212) 943-9000
Fax: (212) 943-4325
E-mail: tdewey@dpklaw.com

Stephen D. Andrews
Amy B. McKinlay
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
amckinlay@wc.com
sandrews@wc.com

John D. Blessington (*pro hac vice*)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
T: 617.261.3100
F: 617.261.3175
E: john.blessington@klgates.com

Martin H. Kaplan
Kari Parks
Gusrae Kaplan Nusbaum PLLC
120 Wall Street
New York, NY  10005
T: (212) 269-1400
Mkaplan@gusraekaplan.com
Kparks@gusraekaplan.com

*Attorneys for Defendants Listed in
   Appendix A*

ii

# TABLE OF AUTHORITIES

### CASES

*Elliott Assocs. v. Republic of Peru*, Nos. 96 CIV. 7917 (RWS), 1997 WL 436493 (S.D.N.Y. Aug. 1, 1997)..................................................................................................................................... 9

*In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244 (S.D.N.Y. 2011) ................................................... 9

*Joseph v. Gnutti Carlo S.p.A.*, No. 1 5-cv-8910 (AJN), 2016 WL 4083433 (S.D.N.Y. July 25, 2016)..................................................................................................................................... 8

*Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769 (S.D.N.Y. 2012).................................................................................................................................. 8, 9

*Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117 (S.D.N.Y. 2019) ................................................... 8

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522 (1987) .................................................................................................................................... 9

### STATUTES

28 U.S.C. § 1781.......................................................................................................................... 8

### OTHER AUTHORITIES

U.S. Dep't of State, Office of the Legal Advisor, Treaties in Force: A List of Treaties and Other International Agreements of the United States in Force on January 1, 2012 (2012) ................. 9

### RULES

Fed. R. Civ. P. 26......................................................................................................................... 8

iii

Defendants respectfully submit this memorandum of law in support of their motion (the "Motion") for the issuance of letters of request to obtain testimony from non-party witnesses in Denmark pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"). A proposed form of Letter of Request is attached as Exhibit 1 to the Declaration of Sharon L. McCarthy, dated February 15, 2021 ("McCarthy Decl."). Counsel for SKAT has indicated its intent to oppose this motion.

## PRELIMINARY STATEMENT

Plaintiff SKAT has brought suit in this Court to recover an alleged $2.1 billion that it claims Defendants and others deceived it into paying in the form of refunded dividend withholding tax. Although SKAT claims it first learned of irregularities in the payment of dividend withholding tax refunds in June 2015[1], there were repeated ignored internal warnings about the severe lack of resources and internal controls within the dividend tax refund apparatus since at least 2006. Indeed, documents and witness statements reveal that years before the alleged period of conduct, SKAT was aware that it lacked the ability to independently verify the ownership of stocks associated with reclaim applications, or to confirm whether dividend taxes had in fact been withheld with respect to such stocks. SKAT knew that it was effectively refunding withholding tax reclaims blindfolded, and suspected that it was paying reclaims to shareholders not otherwise entitled to them. No matter, rather than heed the repeated warnings from within, the Danish government made the deliberate choice to continue the refund regime *because of* its attractiveness to foreign investors and *because of* a public policy preference for

---

[1] *See, e.g.*, Am. Compl. ¶ 6, *Skatteforvatltningen v. Bernina Pension Plan & John van Merkensteijn*, No. 19-cv-01865, Dkt. No. 53 (S.D.N.Y. Apr. 20, 2020), McCarthy Decl. Ex. 2.

limited regulatory burdens on banking institutions.  This decision goes to the heart of several limitations-related defenses raised by Defendants which, if successful, would resolve all claims raised in this litigation.  SKAT's retroactive repudiation of the refund processing regime in this case also makes their allegations of fraud particularly disingenuous.

Defendants seek the assistance of this Court in issuing letters of request seeking testimony from the following nine former Ministers of Taxation (collectively, the "Ministers"):

1. Kristian Jensen
2. Troels Lund Poulsen
3. Peter Christensen
4. Thor Möger Pedersen
5. Holger K. Nielsen
6. Jonas Dahl
7. Morten Østergaard
8. Benny Engelbrecht
9. Karsten Lauritzen.

The testimony of each of the Ministers is essential to establish the full extent to which SKAT and the Ministry of Taxation were aware of the risks and problems associated with the inadequate controls, the various proposals made since at least 2006 to remedy these risks, and the decisions to ultimately reject these proposals in favor of competing public policy objectives of the Danish government.

## **BACKGROUND**

*a.   SKAT Knowingly Paid Refunds Blindly*

Warnings about the critically underdeveloped Danish system for dividend reclaim administration began as early as 2002, when Lisbeth Rømer, the newly-installed head of the dividend tax unit within SKAT, began sounding alarm bells.[2]  According to Rømer, SKAT had no ability to verify whether any of the information on a reclaim application submitted by a

---

[2] SKAT has agreed to produce Lisbeth Rømer for a deposition.  The date for this deposition is still being negotiated.

foreign shareholder was accurate.  Specifically, SKAT had no ability to identify the foreign

shareholder, whether they actually owned the shares or received the dividends in question, or

whether the Danish government actually received the dividend tax withholdings for which a

reclaim was being sought.[3]  Explained Rømer, "[t]here is no one whose work directly touched

upon this situation who did not know that payments were being made blindly."[4]

Although she had previously raised concerns to her superiors, Rømer in 2006 wrote a

formal memorandum in response to a specific reclaim application by a small French company

claiming to own 50% of all tradeable shares of a particular Danish security.[5]  Rømer outlined

why SKAT had no ability to verify the fundamental facts alleged in the reclaim application and

yet was poised to refund over a half billion Danish kroner without any real investigation.[6]  The

memo was circulated up the chain of command and reviewed by several senior officials,

including SKAT's legal director, Leif Norman Jeppesen.[7]  Jeppesen, for his part, wrote his own

"Early Warning" memorandum and raised additional legal concerns about beneficial ownership

of dividends associated with borrowed shares, and SKAT's lack of controls thereto.[8]  SKAT

failed to act on those warnings and the reclaim was paid to the French applicant.

Around the same time, Rømer and a colleague, Jette Zester, drafted an almost 30-page set

of policy proposals to close the loopholes and protect SKAT against the risks of abuse.[9]  This

document, the "Problemkatalog," was also circulated within SKAT management, where it

collected dust.  The suggested reforms conflicted with an overarching government policy to

---

[3] Tr. of Episode 1, *The Secret Shareholders*, DR (Nov. 6, 2020), https://www.dr.dk/radio/p1/de-hemmelige-aktionaerer, at 14:00, 18:00, McCarthy Decl. Ex. 4.
[4] *Id.* at 7:30.
[5] *Id.* at 16:30.
[6] *Id*.
[7] *Id.* at 19:00.
[8] *Id.* at 43:00.
[9] Tr. of Episode 2, *The Secret Shareholders*, DR (Nov. 6, 2020), https://www.dr.dk/radio/p1/de-hemmelige-aktionaerer, at 2:30, McCarthy Decl. Ex. 5.

reduce administrative burdens and to attract investors.[10]  Instituting the critical control features

that would guard against erroneous refunds would conflict with both priorities, so the

Problemkatalog's proposals were abandoned in favor of encouraging investment in Denmark.

In 2010, an internal audit of SKAT's dividend withholding tax reclaim function was

completed.  Consistent with the prior warnings from Rømer, Jeppesen, and others, the 2010

Audit Report[11] made the following key observations:

- There are no automatic reconciliations in SKAT's systems between declarations and
  reports. No manual reconciliations occur either.[12]

- Omnibus accounts and nominee accounts mean that the real owners of the shares are
  not known, so refunds are paid without proof of ownership and actual distribution.[13]

- SKAT does not carry out checks on whether the investor in question is actually a
  shareholder in the company in question or whether the investor in question is in fact
  liable for tax in the foreign country. The form is reviewed by SKAT to check whether
  all information is included. The refund is then paid.[14]

- A 2005 audit of the dividend tax function warned that it was possible for dividend
  recipients to receive dividend tax, even if the withheld dividend tax had not been paid
  to SKAT.[15]

- SKAT lacks reporting/information to be able to calculate the correct net proceeds
  from the refund scheme, since refunds via the accounting scheme is not keyed-into
  the computer system, which makes the data material incomplete.[16]

- The use of Omnibus accounts means that several dividend notes are printed (SWIFT
  messages) for a single share. There is no check as to whether dividend tax is
  requested more than once per share.[17]

---

[10] *Id.* at 3:30.
[11] SKAT initially produced only a Danish-language version of the 2010 Audit Report (the "2010 Audit Report").  A copy of that document is attached as Ex. 6 to the McCarthy Decl.  On January 15, 2021, SKAT produced an English translation of the 2010 Audit Report, which is attached as Ex. 7 to the McCarthy Declaration.  All references to the 2010 Audit Report are to the English translation, specifically.
[12] 2010 Audit Report, § 7.2.4, McCarthy Decl. Ex. 7.
[13] *Id.* § 7.3.1.
[14] *Id.*
[15] *Id.* § 7.6.3.
[16] *Id.* § 8.
[17] *Id.*

Case 1:18-md-02865-LAK   Document 534   Filed 02/15/21   Page 8 of 27

The 2010 Audit Report recommended the establishment of a central process management structure, as well as the creation of a control environment that "ensures that there is consistency between declaration and reporting."[18]

b.    *The Ministry of Tax Sat on a Solution for Three Years*

One of the specific policy proposals that Rømer and others at SKAT had been advocating for years was to provide for real-time reporting of dividends to SKAT.  For many years, dividend payments were reported to SKAT on an annual basis, and the report due date was not until January of the year *following* the year in which dividends were paid.[19]  Accordingly, it was impossible for SKAT to know, for example, in March whether a dividend reclaim application received and purportedly relating to a February dividend was genuine, or if it was a complete fabrication.  Rømer and her colleagues had been trying to institute a system of real-time reporting by the banks, but they were met with resistance at every level.  Finally, in 2009, the Danish parliament passed legislation granting the Minister of Taxation the authority to change, by ministerial order, the reporting deadline to provide SKAT with more timely information.[20]

Curiously, that order was not signed until late 2012, when then-Minister of Taxation, Holger K. Nielsen, finally signed it.[21]  Between Jensen, who was minister when Parliament first granted the authority, and Nielsen, who exercised it, there were three additional Ministers.  Why did none of these ministers exercise the authority and mandate real-time reporting? Each of Jensen, Poulsen, Christiansen, and Pedersen's testimony is critical to understanding the Danish

---

[18] *Id*. § 9.
[19] Tr. of Episode 1, *The Secret Shareholders*, DR (Nov. 6, 2020), https://www.dr.dk/radio/p1/de-hemmelige-aktionaerer, at 12:30–20:00, McCarthy Decl. Ex. 4.
[20] Tr. of Episode 4, *The Secret Shareholders*, DR (Nov. 6, 2020), https://www.dr.dk/radio/p1/de-hemmelige-aktionaerer, at 11:00, McCarthy Decl. Ex. 8.
[21] Tr. of Episode 6, *The Secret Shareholders*, DR (Nov. 6, 2020), https://www.dr.dk/radio/p1/de-hemmelige-aktionaerer, at 5:00, McCarthy Decl. Ex. 9.

5

government's deliberate choice not to impose burdens on the financial industry, particularly

where it meant that SKAT would continue issuing dividend refunds completely blind.

    c.    *The Ministers and their Testimony Before the Commission*

All nine of the former ministers discussed herein testified recently before the Danish

Commission on Inquiry into Tax (the Commission).[22]  The following summarizes each former

minister's tenure and any public comments they have made.

| Kristian Jensen | Minister of Taxation from 2004 – 2010.[23] |
|---|---|
| | Testified before the Commission on November 11, 2020.[24] |
| | In statements either to the Commission or to the press following his testimony, Jensen admitted that control should have been given higher priority, and in any event, investor considerations were given too much weight.[25]   He also confirmed a focus on attracting foreign investors through fewer burdens.[26] |
| | During his tenure as minister, the Danish parliament passed legislation authorizing Jensen to demand real-time reporting of dividends by ministerial order, but Jensen never signed the order.[27] |
| Troels Lund Poulsen | Minister of Taxation from 2010 – 2011.[28] |
| | Testified before the Commission on November 11, 2020.[29] |
| Peter Christensen | Minister of Taxation in 2011.[30] |
| | Testified before the Commission on November 11, 2020.[31] |

---

[22] Jakob Ussing, *Tidligere skatteminister om udbytteskandalen: Embedsværket har svigtet* [*Former Minister of Taxation on the dividend scandal: The civil service has failed*], DR (Nov. 25, 2020), https://www.dr.dk/nyheder/penge/tidligere-skatteminister-om-udbytteskandalen-embedsvaerket-har-svigtet, McCarthy Decl. Ex. 11.

[23] Emil Søndergård Ingvorsen et al., *Tidligere skatteminister om udbyttesvindel: Man burde have prioriteret kontrol højere* [*Former Minister of Taxation on Dividend Fraud: Control should have been given higher priority*], DR (Nov. 11, 2020), https://www.dr.dk/nyheder/penge/tidligere-skatteminister-om-udbyttesvindel-man-burde-have-prioriteret-kontrol-hoejere, McCarthy Decl. Ex. 13.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] Tr. of Episode 4, *The Secret Shareholders*, DR (Nov. 6, 2020), https://www.dr.dk/radio/p1/de-hemmelige-aktionaerer, at 29:30, McCarthy Decl. Ex. 8.

[28] Ingvorsen et al., *supra* note 21.

[29] *Id.*

[30] Ingvorsen et al., *supra* note 21.

[31] *Id.*

| Thor Möger Pedersen | Minister of Taxation from approximately October 2011 – 2012.[32] |
|---|---|
| Holger K. Nielsen | Minister of Taxation from 2012 - 2013. Signed ministerial order finally requiring real-time reporting of dividends to SKAT in 2012.[33] |
| Jonas Dahl | Minister of Taxation from December 2013 – January 2014.[34] |
| Morten Østergaard | Minister of Taxation from February 2014 – September 2014.[35] |
| Benny Engelbrecht | Minister of Taxation from September 2014 – June 2015.[36] Testified before the Commission on November 25, 2020.[37] Has made statements suggesting civil servants below him failed to warn of any issues related to dividend taxes, including the rapid monthly rise in refunds issued.[38] |
| Karsten Lauritzen | Minister of Taxation from June 28, 2015 through the end of the relevant period.[39] Testified before the Commission on December 8, 2020.[40] |

Defendants have not been able to secure copies of the testimony of any of the foregoing, nor does it appear that such testimony was given under oath.  Defendants now seek additional information from these nine former ministers.  None of these former ministers is a party to this lawsuit, and all are foreign citizens and not otherwise subject to the jurisdiction of this Court.  Therefore, Defendants to seek to obtain evidence under the Hague Evidence Convention.

---

[32] Tr. of Episode 4, *The Secret Shareholders*, DR (Nov. 6, 2020), https://www.dr.dk/radio/p1/de-hemmelige-aktionaerer,at 47:30; Ussing, *supra* note 20.

[33] Tr. of Episode 6, *The Secret Shareholders*, DR (Nov. 6, 2020), https://www.dr.dk/radio/p1/de-hemmelige-aktionaerer,at 5:00, McCarthy Decl. Ex. 9.

[34] *List of Minister* [sic] *for Taxation (Denmark)*, WIKIPEDIA, https://en.wikipedia.org/w/index.php?title=List_of_Minister_for_Taxation_(Denmark)&oldid=952667191 (last updated Apr. 23, 2020).

[35] *Id.*

[36] Ussing, *supra* note 20.

[37] *Id*.

[38] *Id*.

[39] *Id*.

[40] Jakob Ussing, *Tidligere skatteminister: I sidste ende er skandalerne politikernes ansvar* [*Former Minister of Taxation: Ultimately, scandals are the responsibility of politicians*], DR (Dec. 8, 2020), https://www.dr.dk/nyheder/penge/tidligere-skatteminister-i-sidste-ende-er-skandalerne-politikernes-ansvar, McCarthy Decl. Ex. 15.

Defendants may bring additional requests for assistance, but through this Motion, respectfully request that the Court issue letters rogatory to present to the Danish Ministry of Justice to obtain evidence from the individuals named herein.

## LEGAL STANDARD

Letters rogatory provide the means for a court in one country to formally request a court in another country to lend it judicial assistance in obtaining evidence or performing some other judicial act. *Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 775-76 (S.D.N.Y. 2012). Rule 28(b)(l)(B) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory to enable a U.S. litigant to obtain non-party evidence from a foreign entity. Letters may be sent directly from this Court without transmittal by the State Department. 28 U.S.C. § 1781(b)(2). In considering an application for issuance of letters rogatory, United States courts apply the discovery principles embodied by Rule 26. A party may seek discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party seeking discovery bears the burden of demonstrating that the evidence sought is relevant, but that burden "is not heavy." *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019). "While not 'unlimited, relevance, for purposes of discovery, is an extremely broad concept.'" *Joseph v. Gnutti Carlo S.p.A.*, No. l 5-cv-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)). Once relevance is shown, the burden shifts to the party opposing discovery to show that the discovery is improper. *Id.*

## **ARGUMENT**

The United States and Denmark are both signatories to the Hague Evidence Convention. U.S. Dep't of State, Office of the Legal Advisor, Treaties in Force: A List of Treaties and Other International Agreements of the United States in Force on January 1, 2012 (2012), 398. Defendants seek evidence from the Ministers, all believed to be individuals located in Denmark, to support their defenses against the Plaintiff in these actions.

Recourse to the Hague Evidence Convention is "available whenever [it] will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541 (1987). Letters rogatory are appropriately used to obtain evidence from witnesses who cannot be compelled to appear in a U.S. court. *See In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 259 (S.D.N.Y. 2011). Where, as here, the witnesses subject to the Defendants' motion are not parties to the lawsuit and are not otherwise subject to the jurisdiction of the U.S. court, it is appropriate to turn to the Hague Evidence Convention. *Elliott Assocs. v. Republic of Peru*, Nos. 96 CIV. 7916 & 7917 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997); *Lantheus*, 841 F. Supp. 2d at 782 (S.D.N.Y. 2012) ("[P]arties seek, and U.S. courts will usually issue, letters rogatory where the court otherwise lacks jurisdiction to compel discovery[.]"). "The party opposing the issuance of a letter of request must show some good reason to deny the application." *Elliott*, 1997 WL 436493, at *2.

The testimony of the Ministers is relevant to the issues raised in this matter. In particular, their testimony is critical to establishing the statute of limitations and contributory negligence defenses raised by Defendants. Defendants have reason to believe that SKAT routinely refunded dividend taxes blindly for at least a decade prior to 2015, that this fundamental disability was

known at the highest levels of the Danish government, and that instead of giving SKAT the tools to evaluate the dividend tax reclaim applications it received, the Danish authorities consciously refused to permit such evaluation to avoid the imposition of additional administrative burdens.

In short, the Ministers will help establish who knew what, and when it was known. They will confirm the variety of remedial actions proposed over the ten years leading up to the alleged discovery of fraud in June 2015. They will explain why, in the face of ever-increasing dividend reclaim tax submissions, more attention was not given to the basic need for SKAT to independently verify the ownership of stocks associated with reclaim applications or confirm whether dividend taxes had in fact been withheld with respect to such stocks. For Ministers Jensen, Poulsen, Christiansen, and Pedersen, this includes an explanation for why they failed to exercise their ministerial authority and mandate real-time reporting of dividends to SKAT. All will explain how the specific balancing of policy objectives led the Danish government, over a period of more than a decade, to eschew additional control mechanisms that would have allowed SKAT to know, very simply, whether any particular reclaim application was accurate or not. In all cases, their testimony bears on whether SKAT and the Danish government's own actions contributed to their alleged injuries, as well as the precise date on which the facts giving rise to SKAT's claims were actually known to SKAT.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion for Issuance of a Request for International Judicial Assistance to Obtain Evidence.

10

Dated: New York, New York
       February 15, 2021

Respectfully submitted,

KOSTELANETZ & FINK, LLP

By:   /s/ Sharon L. McCarthy
      SHARON L. MCCARTHY
      7 World Trade Center, 34th Floor
      New York, New York 10007
      Tel:   (212) 808-8100
      Fax:   (212) 808-8108
      smccarthy@kflaw.com

      *Attorneys for Defendants John van
      Merkensteijn, III, Elizabeth van
      Merkensteijn, Azalea Pension Plan,
      Basalt Ventures LLC Roth 401(K)
      Plan, Bernina Pension Plan, Bernina
      Pension Plan Trust, Michelle
      Investments Pension Plan, Omineca
      Pension Plan, Omineca Trust,
      Remece Investments LLC Pension
      Plan, Starfish Capital Management
      LLC Roth 401(K) Plan, Tarvos
      Pension Plan, Voojo Productions
      LLC Roth 401(K) Plan,Xiphias LLC
      Pension Plan*


      WILMER CUTLER PICKERING
       HALE AND DORR LLP

By:   /s/ Alan E. Schoenfeld
      ALAN E. SCHOENFELD
      7 World Trade Center
      250 Greenwich Street
      New York, NY 10007
      Telephone: (212) 230-8800
      alan.schoenfeld@wilmerhale.com

      *Attorneys for Defendants Richard
      Markowitz, Jocelyn Markowitz,
      Avanix Management LLC Roth*

11

*401(K) Plan, Batavia Capital
Pension Plan, Calypso Investments
Pension Plan, Cavus Systems LLC
Roth 401(K) Plan, Hadron Industries
LLC Roth 401(K) Plan, RJM Capital
Pension Plan, RJM Capital Pension
Plan Trust, Routt Capital Pension
Plan, Routt Capital Trust*

CAPLIN & DRYSDALE,
   CHARTERED

By:  /s/ Mark D. Allison
      Mark D. Allison
      CAPLIN & DRYSDALE,
      CHARTERED
      600 Lexington Avenue, 21st Floor
      New York, New York 10022
      Phone: (212) 379-6060
      Email: mallison@capdale.com

      *Attorneys for Defendants Robert
      Klugman, RAK Investment Trust,
      Aerovane Logistics LLC Roth 401K
      Plan, Edgepoint Capital LLC Roth
      401K Plan, Headsail Manufacturing
      LLC Roth 401K Plan, The Random
      Holdings 401K Plan, The Stor
      Capital Consulting LLC 401K Plan*

KAPLAN RICE LLP

By:  /s/ Michelle A. Rice
      Michelle A. Rice
      Kaplan Rice LLP
      142 West 57th Street
      Suite 4A
      New York N.Y. 10019
      (212) 333-0227
      mrice@kaplanrice.com

      *Attorneys for Defendants Joseph
      Herman, David Zelman, Edwin
      Miller, Ronald Altbach, Perry*

12

*Lerner, Robin Jones, Ballast*
*Ventures LLC Roth 401(K) Plan,*
*Bareroot Capital Investments LLC*
*Roth 401(K)Plan, Albedo*
*Management LLC Roth 401(K) Plan,*
*Dicot Technologies LLC Roth*
*401(K) Plan, Fairlie Investments*
*LLC Roth 401(K) Plan, First Ascent*
*Worldwide LLC Roth 401(K) Plan,*
*Battu Holdings LLC Roth 401(K)*
*Plan, Cantata Industries LLC Roth*
*401(K) Plan, Crucible Ventures LLC*
*Roth 401(K) Plan, Monomer*
*Industries LLC Roth 401(K) Plan,*
*Limelight Global Productions LLC*
*Roth 401(K) Plan, Loggerhead*
*Services LLC Roth 401(K) Plan,*
*PAB Facilities Global LLC Roth*
*401(K) Plan, Plumrose Industries*
*LLC Roth 401(K) Plan, Pinax*
*Holdings LLC Roth 401(K) Plan,*
*Roadcraft Technologies LLC Roth*
*401(K) Plan, Sternway Logistics*
*LLC Roth 401(K) Plan, Trailing*
*Edge Productions LLC Roth 401(K)*
*Plan, True Wind Investments LLC*
*Roth 401(K) Plan, Eclouge Industry*
*LLC Roth 401(K) Plan, Vanderlee*
*Technologies Pension Plan,*
*Vanderlee Technologies Pension*
*Plan Trust, Cedar Hill Capital*
*Investments LLC Roth 401(K) Plan,*
*Green Scale Management LLC Roth*
*401(K) Plan, Fulcrum Productions*
*LLC Roth 401(K) Plan, Keystone*
*Technologies LLC Roth 401(K) Plan,*
*Tumba Systems LLC Roth 401(K)*
*Plan*


DEWEY PEGNO & KRAMARSKY
  LLP

By:  /s/ Thomas E.L. Dewey
    Thomas E.L. Dewey
    777 Third Avenue – 37th Floor

13

New York, New York 10017
Tel.: (212) 943-9000
Fax: (212) 943-4325
E-mail:  tdewey@dpklaw.com

*Attorneys for Defendant*
*Michael Ben-Jacob*


WILLIAMS & CONNOLLY LLP

By:   /s/ Stephen D. Andrews
   Stephen D. Andrews
   Amy B. McKinlay
   Williams & Connolly LLP
   725 Twelfth Street, N.W.
   Washington, DC 20005
   (202) 434-5000
   amckinlay@wc.com
   sandrews@wc.com

   *Attorneys for Defendants Sander*
   *Gerber and Sander Gerber Pension*
   *Plan*


K&L GATES LLP

By:   /s/ John D. Blessington
   John D. Blessington (*pro hac vice*)
   K&L GATES LLP
   State Street Financial Center
   One Lincoln Street
   Boston, MA  02111
   T: 617.261.3100
   F: 617.261.3175
   E: john.blessington@klgates.com

   *Attorneys for Defendants / Third-*
   *Party Plaintiffs Acer Investment*
   *Group LLC, American Investment*
   *Group of New York, L.P. Pension*
   *Plan*, *DW Construction, Inc.*
   *Retirement Plan*, *Kamco Investments*
   *Inc. Pension Plan*, *Kamco LP Profit*
   *Sharing Pension Plan*, *Linden*

14

*Associates Defined Benefit Plan,
Moira Associates LLC 401K Plan,
Newsong Fellowship Church 401K
Plan, Riverside Associates Defined
Benefit Plan, Robert Crema, Stacey
Kaminer, Alexander Jamie Mitchell
III, David Schulman, Joan
Schulman,* and *Darren Wittwer*

GUSRAE KAPLAN NUSBAUM
  PLLC

By:   /s/ Martin H. Kaplan
      Martin H. Kaplan
      Kari Parks
      Gusrae Kaplan Nusbaum PLLC
      120 Wall Street
      New York, NY  10005
      T: (212) 269-1400
      Mkaplan@gusraekaplan.com
      Kparks@gusraekaplan.com

*Attorneys for Defendants Sheldon
Goldstein, Scott Goldstein, and the
Goldstein Law Group PC 401(K)
Profit Sharing Plan*

15

APPENDIX A

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| John van Merkensteijn, III | Sharon L. McCarthy<br>Caroline Ciraolo<br>Nicholas S. Bahnsen<br>Kostelanetz & Fink LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>Tel: (212) 808-8100<br>Fax: (212) 808-8108<br>cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com | 19-cv-01866<br>19-cv-01865<br>19-cv-01906<br>19-cv-01894<br>19-cv-01911<br>19-cv-01871<br>19-cv-01930<br>19-cv-01873<br>19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928<br>19-cv-01931<br>19-cv-01800<br>19-cv-01803<br>19-cv-01809<br>19-cv-01818<br>19-cv-01801<br>19-cv-01810<br>19-cv-01813 |
| Elizabeth van Merkensteijn | | 19-cv-01893 |
| Azalea Pension Plan | | 19-cv-01893 |
| Basalt Ventures LLC Roth 401(K) Plan | | 19-cv-01866 |
| Bernina Pension Plan | | 19-cv-01865 |
| Bernina Pension Plan Trust | | 19-cv-10713 |
| Michelle Investments Pension Plan | | 19-cv-01906 |
| Omineca Pension Plan | | 19-cv-01894 |
| Omineca Trust | | 19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928 |

| | | 19-cv-01931 |
|---|---|---|
| | | 19-cv-01800 |
| | | 19-cv-01803 |
| | | 19-cv-01809 |
| | | 19-cv-01818 |
| | | 19-cv-01801 |
| | | 19-cv-01810 |
| | | 19-cv-01813 |
| Remece Investments LLC Pension Plan | | 19-cv-01911 |
| Starfish Capital Management LLC Roth 401(K) Plan | | 19-cv-01871 |
| Tarvos Pension Plan | | 19-cv-01930 |
| Voojo Productions LLC Roth 401(K) Plan | | 19-cv-01873 |
| Xiphias LLC Pension Plan | | 19-cv-01924 |
| Richard Markowitz | Alan E. Schoenfeld Wilmer Cutler Pickering Hale and Dorr LLP 7 World Trade Center 250 Greenwich Street New York, NY 10007 Telephone: (212) 230-8800 alan.schoenfeld@wilmerhale.com | 19-cv-01867 19-cv-01895 19-cv-01869 19-cv-01868 19-cv-01898 19-cv-10713 19-cv-01896 19-cv-01783 19-cv-01922 19-cv-01926 19-cv-01929 19-cv-01812 19-cv-01870 19-cv-01792 19-cv-01806 19-cv-01808 19-cv-01815 |
| Jocelyn Markowitz | | 19-cv-01904 |
| Avanix Management LLC Roth 401(K) Plan | | 19-cv-01867 |

17

| | | |
|---|---|---|
| Batavia Capital Pension Plan | | 19-cv-01895 |
| Calypso Investments Pension Plan | | 19-cv-01904 |
| Cavus Systems LLC Roth 401(K) Plan | | 19-cv-01869 |
| Hadron Industries LLC Roth 401(K) Plan | | 19-cv-01868 |
| RJM Capital Pension Plan | | 19-cv-01898 |
| RJM Capital Pension Plan Trust | | 19-cv-10713 |
| Routt Capital Pension Plan | | 19-cv-01896 |
| Routt Capital Trust | | 19-cv-01783 |
| | | 19-cv-01922 |
| | | 19-cv-01926 |
| | | 19-cv-01929 |
| | | 19-cv-01812 |
| | | 19-cv-01870 |
| | | 19-cv-01792 |
| | | 19-cv-01806 |
| | | 19-cv-01808 |
| | | 19-cv-01815 |
| Rob Klugman | Mark D. Allison<br>Caplin & Drysdale, Chartered<br>600 Lexington Avenue<br>21st Floor<br>New York, NY 10022<br>Tel: (212) 379-6000 | 18-cv-07828<br>18-cv-07827<br>18-cv-07824<br>18-cv-07829<br>18-cv-04434 |
| RAK Investment Trust | mallison@capdale.com<br>zziering@capdale.com | |
| Aerovane Logistics LLC Roth 401(K) Plan | | 18-cv-07828 |
| Edgepoint Capital LLC Roth 401(K) Plan | | 18-cv-07827 |
| Headsail Manufacturing LLC Roth 401(K) Plan | | 18-cv-07824 |

| | | |
|---|---|---|
| The Random Holdings 401(K) Plan | | 18-cv-07829 |
| The Stor Capital Consulting LLC 401(K) Plan | | 18-cv-04434 |
| Joseph Herman | Michelle A. Rice<br>Kaplan Rice LLP<br>142 West 57th Street<br>Suite 4A<br>New York N.Y. 10019<br>(212) 333-0227<br>mrice@kaplanrice.com | 1:19-cv-01785<br>1:19-cv-01781<br>1:19-cv-01791<br>1:19-cv-01794<br>1:19-cv-01918<br>1:19-cv-01783<br>1:19-cv-01798<br>1:19-cv-01788 |
| David Zelman | | |
| Edwin Miller | | 1:19-cv-01926<br>1:19-cv-01922<br>1:19-cv-01928<br>1:19-cv-01929<br>1:19-cv-01931 |
| Ronald Altbach | | 1:19-cv-01809<br>1:19-cv-01800<br>1:19-cv-01803<br>1:19-cv-01812<br>1:19-cv-01818 |
| Perry Lerner | | 1:19-cv-01806<br>1:19-cv-01870<br>1:19-cv-01792<br>1:19-cv-01808<br>1:19-cv-01815 |
| Robin Jones | | 1:19-cv-01801<br>1:19-cv-01810<br>1:19-cv-01813 |
| Ballast Ventures LLC Roth 401(K) Plan | | 1:19-cv-01781 |
| Bareroot Capital Investments LLC Roth 401(K) Plan | | 1:19-cv-01783 |

| | | |
|---|---|---|
| Albedo Management LLC Roth 401(K) Plan | | 1:19-cv-01785 |
| Dicot Technologies LLC Roth 401(K) Plan | | 1:19-cv-01788 |
| Fairlie Investments LLC Roth 401(K) Plan | | 1:19-cv-01791 |
| First Ascent Worldwide LLC Roth 401(K) Plan | | 1:19-cv-01792 |
| Battu Holdings LLC Roth 401(K) Plan | | 1:19-cv-01794 |
| Cantata Industries LLC Roth 401(K) Plan | | 1:19-cv-01798 |
| Crucible Ventures LLC Roth 401(K) Plan | | 1:19-cv-01800 |
| Monomer Industries LLC Roth 401(K) Plan | | 1:19-cv-01801 |
| Limelight Global Productions LLC Roth 401(K) Plan | | 1:19-cv-01803 |
| Loggerhead Services LLC Roth 401(K) Plan | | 1:19-cv-01806 |
| PAB Facilities Global LLC Roth 401(K) Plan | | 1:19-cv-01808 |
| Plumrose Industries LLC Roth 401(K) Plan | | 1:19-cv-01809 |
| Pinax Holdings LLC Roth 401(K) Plan | | 1:19-cv-01810 |
| Roadcraft Technologies LLC Roth 401(K) Plan | | 1:19-cv-01812 |
| Sternway Logistics LLC Roth 401(K) Plan | | 1:19-cv-01813 |

| | | |
|---|---|---|
| Trailing Edge Productions LLC Roth 401(K) Plan | | 1:19-cv-01815 |
| True Wind Investments LLC Roth 401(K) Plan | | 1:19-cv-01818 |
| Eclouge Industry LLC Roth 401(K) Plan | | 1:19-cv-01870 |
| Vanderlee Technologies Pension Plan | | 1:19-cv-01918 |
| Vanderlee Technologies Pension Plan Trust | | 1:19-cv-01918 |
| Cedar Hill Capital Investments LLC Roth 401(K) Plan | | 1:19-cv-01922 |
| Green Scale Management LLC Roth 401(K) Plan | | 1:19-cv-01926 |
| Fulcrum Productions LLC Roth 401(K) Plan | | 1:19-cv-01928 |
| Keystone Technologies LLC Roth 401(K) Plan | | 1:19-cv-01929 |
| Tumba Systems LLC Roth 401(K) Plan | | 1:19-cv-01931 |
| Sander Gerber | Stephen D. Andrews Amy B. McKinlay | 18-cv-4899 |
| Sander Gerber Pension Plan | Williams & Connolly LLP 725 Twelfth Street, N.W. Washington, DC 20005 (202) 434-5000 amckinlay@wc.com sandrews@wc.com | 18-cv-4899 |
| Michael Ben-Jacob | Thomas E. L. Dewey Dewey Pegno & Kramarsky LLP 777 Third Avenue – 37th Floor New York, New York 10017 Tel.: (212) 943-9000 Fax: (212) 943-4325 E-mail:  tdewey@dpklaw.com | 1:18-cv-04434 1:18-cv-07824 1:18-cv-07827 1:18-cv-07828 1:18-cv-07829 1:19-cv-01781 1:19-cv-01783 |

| | | |
|---|---|---|
| | | 1:19-cv-01785 |
| | | 1:19-cv-01788 |
| | | 1:19-cv-01791 |
| | | 1:19-cv-01792 |
| | | 1:19-cv-01794 |
| | | 1:19-cv-01798 |
| | | 1:19-cv-01800 |
| | | 1:19-cv-01801 |
| | | 1:19-cv-01803 |
| | | 1:19-cv-01806 |
| | | 1:19-cv-01808 |
| | | 1:19-cv-01809 |
| | | 1:19-cv-01810 |
| | | 1:19-cv-01812 |
| | | 1:19-cv-01813 |
| | | 1:19-cv-01815 |
| | | 1:19-cv-01818 |
| | | 1:19-cv-01866 |
| | | 1:19-cv-01867 |
| | | 1:19-cv-01868 |
| | | 1:19-cv-01869 |
| | | 1:19-cv-01870 |
| | | 1:19-cv-01871 |
| | | 1:19-cv-01873 |
| | | 1:19-cv-01894 |
| | | 1:19-cv-01896 |
| | | 1:19-cv-01918 |
| | | 1:19-cv-01922 |
| | | 1:19-cv-01926 |
| | | 1:19-cv-01928 |
| | | 1:19-cv-01929 |
| | | 1:19-cv-01931 |
| Acer Investment Group LLC | John C. Blessington<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA  02111<br>T: 617.261.3100<br>F: 617.261.3175<br>E:  john.blessington@klgates.com | 18-cv-09841<br>18-cv-09797<br>18-cv-09836<br>18-cv-09837<br>18-cv-09838<br>18-cv-09839<br>18-cv-09840<br>18-cv-10100<br>18-cv-05053 |
| American Investment Group<br>of New York, L.P. Pension<br>Plan | | 18-cv-09841 |

| | | |
|---|---|---|
| DW Construction, Inc. Retirement Plan | | 18-cv-09797 |
| Kamco Investments Inc. Pension Plan | | 18-cv-09836 |
| Kamco LP Profit Sharing Pension Plan | | 18-cv-09837 |
| Linden Associates Defined Benefit Plan | | 18-cv-09838 |
| Moira Associates LLC 401K Plan | | 18-cv-09839 |
| Newsong Fellowship Church 401K Plan | | 18-cv-10100 |
| Riverside Associates Defined Benefit Plan | | 18-cv-09840 |
| Robert Crema | | |
| Stacey Kaminer | | 18-cv-09841 |
| | | 18-cv-09841 |
| | | 18-cv-09797 |
| | | 18-cv-09836 |
| | | 18-cv-09837 |
| Alexander Jamie Mitchell III | | 18-cv-09839 |
| David Schulman | | 18-cv-10100 |
| Joan Schulman | | 18-cv-09840 |
| Darren Wittwer | | 18-cv-09838 |
| | | 18-cv-09797 |
| Sheldon Goldstein

Scott Goldstein

The Goldstein Law Group PC 401(k) Profit Sharing Plan | Martin H. Kaplan
Kari Parks
Gusrae Kaplan Nusbaum PLLC
120 Wall Street
New York, NY 10005
T: (212) 269-1400
mkaplan@gusraekaplan.com | 18-cv-5053 |

| | | |
|---|---|---|
| | kparks@gusraekaplan.com | |