# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 18-cv-04434; 18-cv-04899; 18-cv-05053; 18-cv-07824; 18-cv-07827; 18-cv-07828; 18-cv-07829; 18-cv-09797; 18-cv-09836; 18-cv-09837; 18-cv-09838; 18-cv-09839; 18-cv-09840; 18-cv-09841; 18-cv-10100; 19-cv-01781; 19-cv-01783; 19-cv-01785; 19-cv-01788; 19-cv-01791; 19-cv-01792; 19-cv-01794; 19-cv-01798; 19-cv-01800; 19-cv-01801; 19-cv-01803; 19-cv-01806; 19-cv-01808; 19-cv-01809; 19-cv-01810; 19-cv-01812; 19-cv-01813; 19-cv-01815; 19-cv-01818; 19-cv-01865; 19-cv-01866; 19-cv-01867; 19-cv-01868; 19-cv-01869; 19-cv-01870; 19-cv-01871; 19-cv-01873; 19-cv-01893; 19-cv-01894; 19-cv-01895; 19-cv-01896; 19-cv-01898; 19-cv-01904; 19-cv-01906; 19-cv-01911; 19-cv-01918; 19-cv-01922; 19-cv-01924; 19-cv-01926; 19-cv-01928; 19-cv-01929; 19-cv-01930; 19-cv-01931; 19-cv-10713. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE IN DENMARK**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 3 |
|     Defendants' Rule 30(b)(6) notice and SKAT's responses thereto | 3 |
|     SKAT's witnesses | 4 |
|     Defendants' motion | 5 |
| LEGAL STANDARD | 6 |
| THE DISCOVERY DEFENDANTS SEEK IS UNREASONABLY CUMULATIVE AND DUPLICATIVE AND CAN BE OBTAINED ELSEWHERE MORE CONVENIENTLY | 7 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blagman v. Apple, Inc.*, No. 12 Civ. 5453(ALC)(JCF), 2014 WL 1285496
    (S.D.N.Y. Mar. 31, 2014) ...................................................................................................7

*Burns v. Bank of Am.*, No. 03 Civ. 1685(RMB)(JCF), 2007 WL 1589437
    (S.D.N.Y. Jun. 4, 2007) .....................................................................................................8

*Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, No. 05 Civ.
    5741(HB), 2005 WL 3030816 (S.D.N.Y. Nov. 10, 2005) .................................................7

*Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92 Civ. 4927 (PNL), 1993 WL
    364471 (S.D.N.Y. Sep. 10, 1993) .....................................................................................8

*Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769
    (S.D.N.Y. 2012) ................................................................................................................6

*Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117 (S.D.N.Y. 2019) ....................................................6

*Skyline Steel, L.L.C. v. Pilepro, L.L.C.*, No. 13-CV-8171 (JMF), 2015 WL
    13832108 (S.D.N.Y. Jan. 28, 2015) ..........................................................................7, 8, 9

*Villella v. Chem. Mining Co. of Chile Inc.*, No. 15 Civ. 2106 (ER), 2018 WL
    2958361 (S.D.N.Y. Jun. 13, 2018) ...................................................................................7

**Statutes and Rules**

Fed. R. Civ. P. 26(b)(1) ...................................................................................................................7

Fed. R. Civ. P. 26(b)(2)(C)(i) .........................................................................................................7

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in opposition to defendants' motion for issuance of a letter of request to obtain testimony from nine non-parties in Denmark, each of whom is a former Minister of the Danish Ministry of Taxation, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").[1]

## PRELIMINARY STATEMENT

SKAT opposes defendants' motion because the information it seeks, which is largely irrelevant, is entirely duplicative of the discovery that SKAT has already agreed to provide. The motion fails to identify any basis to compel testimony from any of the nine former Danish government Ministers. Defendants have offered no reason to believe the Ministers of Taxation will have personal knowledge of how SKAT administered applications for refunds of withholding tax, which is information that SKAT has already agreed to provide. Rather, the only information that defendants tender as relevant is four of the nine Ministers' knowledge of a purported delay in enacting legislation concerning the timing of reporting dividend withholding tax by Danish issuers. Defendants acknowledge, however, that the legislation became effective in 2012, which is the onset of the period of defendants' fraud. Thus, the question whether or not that legislation was delayed during the years 2009 through 2012 is entirely irrelevant to this litigation.

A year ago, the parties jointly proposed that all fact discovery would cut-off on December 15, 2020. Two months after that deadline has passed, defendants now ask the Court to request the testimony of nine former Danish Tax Ministers who served from 2004 to 2019, four of whom were Minister for less than a year and three of whom served their entire term by

---

1. *See* Mot. for Issuance of a Request for Int'l Judicial Assistance to Obtain Evidence in Denmark, No. 18-md-02865 (LAK), ECF Nos. 533-35.

the time the defendants began submitting fraudulent tax refund applications to SKAT in 2012. Defendants do not even purport to distinguish between the nine former Ministers and simply ask the Court to take on faith defendants' *ipse dixit* that each of the Minister's testimony is "essential," (Defs. Mem. 2), and "critical" to establishing "statute of limitation and contributory negligence defenses," (Defs. Mem. 9), because each will testify about supposed inadequate controls in the refund process, purported proposals made to improve controls, and decisions supposedly made to reject those proposals on policy grounds. But even if any of that were either true or relevant—both of which SKAT disputes—defendants will obtain the information they seek (and in a much more timely fashion) from the witnesses whose depositions already are scheduled to proceed—without the need to resort to the expense and delay of the Hague Convention.

Defendants served SKAT with a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) that covers a wide range of topics, including all the information that defendants purportedly seek from the nine Ministers, *i.e.*, SKAT's processes and controls; reports, audits, investigations and analyses of the refund process; any action to respond to those reports, audits, investigations and analyses; and "early warnings" that SKAT issued to the Ministry of Taxation.

In response to defendants' notice, SKAT has designated two representative witnesses who will testify on its behalf and in their individual capacities, one of whom, Jens Brøchner was the permanent secretary to the Minister of Taxation during the relevant period, and the other of whom, Christian Ekstrand, led SKAT's investigation into defendants' fraud. In addition, SKAT has agreed to make available for deposition Lisbeth Rømer, who was in charge of SKAT's refund unit during the relevant period. There is therefore no need for testimony from any of the

former Ministers about what limited information, if any, each Minister may have known or not known about these same matters. It is plain that defendants' request for the testimony of nine former Ministers is designed not to elicit relevant testimony, but only to harass.

Accordingly, defendants' motion should be denied because it fails to identify any relevant testimony that defendants purportedly need from any of the nine Ministers that they cannot obtain much more easily from SKAT's 30(b)(6) witnesses and Ms. Rømer.

## BACKGROUND

These actions are among the 183 that SKAT commenced in 11 federal District Courts, now consolidated in this multi-district litigation for pretrial purposes, against U.S. pension plans and related individuals and entities arising from the defendants' submission to SKAT of fraudulent applications for refunds of tax purportedly withheld from dividends that Danish companies issued to their shareholders.[2] On February 26, 2020, the parties jointly submitted to the Court a proposed discovery schedule that included a December 15, 2020 fact discovery deadline.[3]

**Defendants' Rule 30(b)(6) notice and SKAT's responses thereto**

On November 13, 2020, defendants served their notice to take SKAT's deposition under Federal Rule of Civil Procedure 30(b)(6), identifying 24 topics for the deposition.[4] The topics included in defendants' notice seek testimony concerning the precise subjects about which defendants now seek additional testimony from the Ministers, which they claim is relevant to "statute of limitations and contributory negligence defenses" they have raised. (Defs. Mem. 9.)

---

2. SKAT and defendants Christopher Nowell and Tveter LLC Pension Plan stipulated to the voluntary dismissal of the action captioned *SKAT v. Tveter LLC Pension Plan*, No. 18-cv-10130 (LAK) (S.D.N.Y. Jan. 29, 2021). *See* Stipulation and Order of Voluntary Dismissal, No. 18-md-02865 (LAK), ECF No. 526.

3. Letter addressed to Judge Lewis A. Kaplan from Marc A. Weinstein re: Joint Status Report, No. 18-md-02865 (LAK), ECF No. 279.

On January 7, 2021, SKAT served its responses and objections to defendants' notice. The designated topics for which SKAT has agreed to provide a witness include:

- Topic 2: "SKAT's policies, procedures, practices, protocols, or processes for processing, reviewing, approving or denying, and paying dividend withholding tax refunds and/or claims";

- Topic 3: "Standards, rules, and protocols . . . for determining ownership of shares and entitlement to dividends";

- Topic 4: "SKAT's system(s) for verifying ownership of shares, receipt of dividends, and withholding of taxes paid";

- Topic 7: "SKAT's controls related to the collection and/or payment of withheld tax refunds and/or claims";

- Topic 10: "investigations, reports, audits, or analyses drafted or conducted by or on behalf of SKAT or the Ministry of Taxation regarding the payment of dividend withholding taxes . . . and . . . refunds," including the 2006 "Problemkatalog" and 2010 internal audit (*see* Def. Mem. 3-5), among others, "as well as any remedial or other actions taken in response" thereto; and

- Topic 11: "Any 'early warning' issued by SKAT to the Ministry of Taxation."

(Weinstein Decl. Ex. 1 at 4-5.)

**SKAT's witnesses**

SKAT has designated two individuals to testify on its behalf on the 30(b)(6) topics sought by defendants: Jens Brøchner and Christian Ekstrand, both of whom will also testify in their individual capacities. Mr. Brøchner is the permanent secretary to the Minister of Taxation and has served in that position since 2012. Mr. Brøchner will be able to answer any questions defendants have about the Ministry of Taxation's knowledge of relevant matters and any particular decisions it made.

---

4. Defendants' Rule 30(b)(6) deposition notice is attached as Exhibit 1 to the Declaration of Marc A. Weinstein, dated February 22, 2021 (the "Weinstein Decl."). Defendants noticed the deposition for December 22 and 23, 2020, or such other dates as agreed by the parties. The parties currently are negotiating dates for the deposition.

Mr. Ekstrand is a Chief Consultant at SKAT and led SKAT's investigation following its receipt of information in June 2015 indicating that certain claimants may have submitted fraudulent tax refund claims based on the double taxation treaty between Denmark and Malaysia. Mr. Ekstrand can answer any questions defendants have about SKAT's processes and controls related to refunding dividend withholding tax and SKAT's discovery of the fraud, including SKAT's actions taken in response to "investigations, reports, audits, or analyses drafted or conducted by or on behalf of SKAT or the Ministry of Taxation regarding the payment of dividend withholding taxes." (*See* Weinstein Decl. Ex. 1 at 5 (Topic 10).)

In addition, SKAT has agreed to produce Lisbeth Rømer, who was employed by SKAT until 2013 and will testify in her individual capacity. According to defendants, Ms. Rømer "began sounding alarm bells" in 2002 when she became head of SKAT's dividend tax unit. (Defs. Mem. 2.) In 2006, Ms. Rømer wrote what defendants term a "formal memorandum" about a particular refund application, in which she purportedly "outlined why SKAT had no ability to verify the fundamental facts alleged in the reclaim application." (Defs. Mem. 3.) Also in 2006, Ms. Rømer, along with a colleague, drafted the "Problemkatalog," which defendants characterize as "an almost 30-page set of policy proposals to close the loopholes and protect SKAT against the risks of abuse." (Defs. Mem. 3.)

**Defendants' motion**

On February 15, 2021—no less than two months after the parties' joint proposed December 15, 2020 fact discovery deadline expired—defendants filed their motion requesting that the Court issue a letter rogatory to the judicial authority in Denmark seeking testimony from the nine individuals who served as Minister of Taxation from 2004 to 2019. The motion makes no attempt to identify or explain any fact known by any Minister that is not already subject to

5

defendants' outstanding discovery requests and the pending depositions of SKAT's Rule 30(b)(6) witnesses and of Ms. Rømer.  Obviously, any information that SKAT reported up to any senior government official would be necessarily based on—and a subset of—the underlying information that SKAT itself knew and that is the subject of defendants' pending discovery.  Nor does the motion offer any basis to justify what would be egregiously cumulative discovery.  The motion fails to explain why any Minister's knowledge of SKAT's processes—as opposed to the processes themselves—has any relevance.

Moreover, the proposed letter rogatory seeks each Minister's testimony on the same topics indiscriminately and without regard to when he served as Minister and for how long.  Three of the Ministers (Kristian Jensen, Troels Lund Poulsen and Peter Christensen) left the office before defendants' fraud began.  And four of the former Ministers whose testimony defendants seek served as Minister of Taxation for less than a year:  Peter Christensen (about seven months), Jonas Dahl (less than two months), Morten Øtergaard (about seven months), and Benny Engelbrecht (about ten months).  Defendants' recourse to such indiscriminate and cumulative discovery is particularly jarring here in the context of letters rogatory, which are generally reserved for seeking foreign judicial assistance that is necessary for the determination of an action.

## **LEGAL STANDARD**

Letters rogatory are requests, premised on "the comity existing between nations," by the court in which an action is pending to a foreign court to perform some judicial act.  *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 778 (S.D.N.Y. 2012) (internal quotation omitted).  In issuing such requests, "courts should be mindful of the possible burden placed on [the] foreign judiciary."  *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019).

6

"In determining whether to issue a letter of request, courts apply the discovery principles contained in Federal Rule of Civil Procedure 26." *Villella v. Chem. Mining Co. of Chile Inc.*, No. 15 Civ. 2106 (ER), 2018 WL 2958361, at *3 (S.D.N.Y. Jun. 13, 2018) (internal quotation omitted). Thus, letters rogatory may be issued to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," but courts must not permit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i). "The party seeking discovery through the Convention bears the burden of demonstrating that proceeding in that manner is necessary and appropriate." *Skyline Steel, L.L.C. v. Pilepro, L.L.C.*, No. 13-CV-8171 (JMF), 2015 WL 13832108, at *1 (S.D.N.Y. Jan. 28, 2015) (internal quotation omitted). Whether to "issue letters rogatory is committed to the court's discretion." *Blagman v. Apple, Inc.*, No. 12 Civ. 5453(ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014).

### THE DISCOVERY DEFENDANTS SEEK IS UNREASONABLY CUMULATIVE AND DUPLICATIVE AND CAN BE OBTAINED ELSEWHERE MORE CONVENIENTLY

Even assuming *arguendo* that each of the nine former Danish Tax Ministers whose testimony defendants seek has some even peripherally relevant information, the Court should deny the motion because the information defendants hope to discover is unreasonably cumulative and duplicative of the information SKAT already has produced or agreed to produce. *Cf. Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, No. 05 Civ. 5741(HB), 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005) ("Although a witness might have discoverable information, a party is not always entitled to depose that individual.").

First, the very documents that defendants cite in their 30(b)(6) notice—no less than seven reports from Denmark's National Audit Office and the Ministry of Taxation's Internal Audit

7

function (Weinstein Decl. Ex. 1 at 5 (Topic 10))—provide an extensive record of "the variety of remedial actions proposed over the ten years leading up to the alleged discovery of fraud in June 2015" and the contemporaneous responses thereto. (Defs. Mem. 10.) Second, to the extent that defendants require testimony on those topics, SKAT's 30(b)(6) representative witnesses and Ms. Rømer—the author of the so-called Problemkatalog "of policy proposals" (Defs. Mem. 3)—together will provide defendants with all the information they seek without the need to burden this Court and the Danish courts with issuing and implementing letters rogatory under the Hague Convention. *See Skyline Steel*, 2015 WL 13832108 at *2 (declining to issue letter rogatory where, among other things, the requesting party "ha[d] not made a showing that the information it [sought] . . . could not be obtained through other, more efficient means").

Defendants also fail to demonstrate that any Minister has any unique knowledge about how SKAT administered dividend withholding tax refunds, what controls were in place, any proposals made, or any decision made in response to such proposals. Defendants point to the Ministers' testimony before the "Danish Commission on Inquiry into Tax" (Defs. Mem. 6-7), but the Commission has a broader mandate than just defendants' fraud and simply stating that each Minister testified without identifying any relevant information the Minister would have provided to the Commission is insufficient. The only reason to seek this information from nine former Ministers, as opposed to the single permanent secretary SKAT is prepared to produce, is for purposes of harassment. *See Burns v. Bank of Am.*, No. 03 Civ. 1685(RMB)(JCF), 2007 WL 1589437, at *3-4 (S.D.N.Y. Jun. 4, 2007) (recognizing likelihood of harassment as a factor in deciding whether to permit corporate executive deposition, and denying deposition based on failure to demonstrate the corporate executive had "some unique knowledge of the issues of the case" (internal quotation omitted)); *Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92 Civ.

8

4927 (PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sep. 10, 1993) ("permitting unfettered discovery of corporate executives . . . could serve as a potent tool for harassment in litigation," so "where other witnesses have the same knowledge, it may be appropriate to preclude a redundant deposition of a highly-placed executive").

For instance, defendants do not need the testimony of a single former Danish Minister—much less nine ex-Ministers—to "confirm the variety of remedial actions proposed over the ten years leading up to the alleged discovery of fraud in June 2015." (Defs. Mem. 10.) That is precisely the subject matter of Topic 10 of defendants' 30(b)(6) notice and the reports referenced therein.

Nor is any Minister's testimony needed to explain why "more attention" purportedly "was not given to the basic need for SKAT to independently verify the ownership of stocks associated with reclaim applications or confirm whether dividend taxes had in fact been withheld with respect to such stocks." (Defs. Mem. 10.) SKAT has agreed to produce a witness to testify concerning SKAT's "protocols for determining ownership of shares and entitlement to dividends," and "SKAT's system(s) for verifying ownership of shares, receipt of dividends, and withholding of taxes." (Weinstein Decl. Ex. 1 at 4 (Topics 3 & 4).)

Defendants contend that testimony from Ministers Jensen, Poulsen, Christensen, and Pedersen is needed to explain "why they failed to exercise their ministerial authority and mandate real-time reporting of dividends to SKAT." (Defs. Mem. 10.) But, as an initial matter, defendants fail to explain how any purported failure to "mandate real-time reporting of dividends" is relevant to any party's claims or defenses, when by defendants' own account, the relevant order was issued "late 2012,"—*before* the defendants submitted the majority of their fraudulent tax refund applications to SKAT. (Defs. Mem. 5); *see Skyline Steel*, 2015 WL

13832108 at *2 (expressing "doubts about whether the discovery sought by [defendant] could, in fact, ever lead to the discovery of non-cumulative evidence relevant to its defense").  And even if such an explanation were relevant, Topic 10 in defendants' 30(b)(6) notice already covers "any remedial or other actions taken in response to any" investigations, audits, reports, or analyses of the refund process, such as the purported "real-time reporting of dividends."  (Weinstein Decl. Ex. 1 at 5; Defs. Mem. 5.)

Finally, defendants posit that testimony from all nine former Ministers is needed to "explain how" a supposed "specific balancing of policy objectives" purportedly "led the Danish government, over a period of more than a decade, to eschew additional control mechanisms that would have allowed SKAT to know, very simply, whether any particular reclaim application was accurate or not."  (Defs. Mem. 10.)  SKAT disputes defendants' characterization and the relevance of any particular "policy objectives" to defendants' defenses.  But even so, the topics in defendants' 30(b)(6) notice of SKAT cover the same ground, including topics concerning SKAT's controls and the "Problemkatalog" and 2010 audit and any remedial action taken in response thereto.  (Weinstein Decl. Ex. 1 at 4-5 (Topics 7 & 10).)

## CONCLUSION

For the reasons set forth above, SKAT respectfully requests that the Court deny defendants' motion.

Dated: New York, New York
February 22, 2021

HUGHES HUBBARD & REED LLP

By: /s/ Marc A. Weinstein
   William R. Maguire
   Marc A. Weinstein
   Neil J. Oxford
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*