UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

MASTER DOCKET

18-md-02865-LAK

This document relates to:   The cases identified in
                            Appendix A


**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE IN DENMARK**

SKAT objects to the relief Defendants seek—Hague Convention assistance in obtaining the testimony of nine former Danish ministers of taxation—on the ground that the testimony is irrelevant and duplicative. Both arguments are wrong, and Defendants' request should be granted. The ministers who are the subject of this motion each faced a choice: they could take action to limit the use of dividend arbitrage strategies that attracted investors around the world to trade in Danish securities, or they could prioritize foreign investment. Eyes wide open, they chose the latter. And that decision—and the proof that the Danish government knew about the trading strategy that SKAT has now decided is fraudulent—is critical to SKAT's claims and to multiple defenses raised by Defendants.[1]

---

[1] SKAT's assertion that Defendants' request comes too late is factually inaccurate, which explains why SKAT does not actually object to the request on that basis. The reality is that SKAT too is still conducting discovery, taking depositions and producing documents. The global pandemic derailed the schedule under which the parties were proceeding, and the parties are currently negotiating a revised timeline for proposal to the Court, which contemplates the close of fact discovery in several months.

First, the testimony of each of the nine former tax ministers is directly relevant to multiple defenses in this litigation, and, more fundamentally, to any understanding of the dividend withholding tax regime in Denmark. The Ministry of Taxation has oversight responsibility for SKAT, received numerous warnings from SKAT about risks related to its payment of dividend withholding tax, and—for years—its leadership made a deliberate choice to promote foreign investment rather than close widely known loopholes that presented arbitrage opportunities to investors around the world. *See* ECF No. 535 Exs. 4-15. Testimony of the tax ministers will establish that at the highest levels of the government of the Kingdom of Denmark, it was known that SKAT's administration of reclaim applications for the payment of dividend withholding tax was not a highly regulated process. In fact, the tax ministers were told that SKAT was flying blind, and their reaction was to ensure that SKAT stayed the course. These facts bear directly on SKAT's equitable claims, and on defenses relating to causation, failure to mitigate, contributory or comparative fault, the statute of limitations, and even the revenue rule.

One need only look to proceedings in Denmark to confirm the relevance of the tax ministers to this litigation. In a publicly available report authored by the law firm Bech-Bruun in December 2017 reflecting its "investigation into the circumstances regarding SKAT's payment of dividend tax refunds," the authors concluded that the Ministry of Taxation did not have a "sufficiently specific and effective response" to warnings about "the overall risk picture" associated with "dividend tax refunds," and "violated at least the obligation to conduct enhanced supervision and management of SKAT." McCarthy Decl., Ex. 3 at 2. More recently, every single one of the nine former tax ministers was called to testify before the Undersøgelses-Kommissionen Om SKAT (translated as the "Danish Commission on Inquiry into Tax"), which does focus, contrary to SKAT's claims, on dividend withholding tax and reclaim

2

applications.[2] As the Commission itself announced, "the Commission has requested that the matters concerning SKAT's payment of dividend tax refund be included in the Commission's work," and as a result, "the Commission has interrogated … the nine Ministers of Taxation."[3] In seeking answers—including "whether there is a basis for the public authorities to seek someone held accountable"[4]—Denmark interrogated these tax ministers. SKAT ought not be permitted to shield from Defendants the very witnesses that its own state-sponsored Commission believed were necessary in seeking to determine where to allocate blame.

SKAT's Opposition misses the mark. Defendants have identified relevant information each minister may possess (*see* ECF No. 535, Exs. 4-15), and to the extent SKAT claims the motion is factually deficient, that is only a function of the fact that Defendants have been unable to access copies of the purportedly unsworn testimony of the ministers to the Commission. Each minister served between the period of 2004 through the end of the period of SKAT's claims, and the testimony will establish how SKAT and the Ministry of Taxation were aware of the inadequate controls around the reclaim process and the decisions to reject repeated proposals to increase control and mitigate risk. While some ministers had shorter tenure than others, the length of their tenure will not necessarily correspond to the knowledge each minister may have about the process. For example, after the Danish parliament in 2009 passed legislation granting the Minister of Taxation the authority to change the reporting deadline to provide SKAT with

---

[2]     *See, e.g.*, Tillægskommissorium af 9. april 2018 for Undersøgelseskommissionen om SKAT [translated] (Apr. 12, 2018), https://kommissionenomskat.dk/kommissorium/tillaegskommissorium-af-9-april-2018-for-undersoegelseskommissionen-om-skat.html ("The Commission of Inquiry must investigate and account for SKAT's management of the dividend tax area. The study and the statement must include SKAT's organization and execution of the case processing and case information in connection with the payment of a refund of dividend tax, including the check that the conditions for the payments were met.").

[3]     Orientering nr. 13 - december 2020 [translated] (Dec. 16, 2020), https://kommissionenomskat.dk/nyheder/orientering-nr-13-december-2020.3532.html (emphasis added).

[4]     The Commission of Inquiry Into SKAT, https://kommissionenomskat.dk/ (last visited Feb. 24, 2021).

3

more accurate dividend information,[5] the order, even with its limited additional safeguards, was not signed until late 2012 by Holger K. Nielsen.[6] Between Kristian Jensen, who was minister when Parliament first granted the authority, and Nielsen, who exercised it, there were three additional ministers. Each of Jensen, Troels Lund Poulsen, Peter Christiansen, Thor Möger Pedersen and Nielsen's testimony is relevant and essential to understanding the Danish government's reluctance to impose additional controls on its own financial industry. And the testimony of the tax ministers in place between 2012-2015 is relevant because, among other reasons, they have been deemed by Bech Bruun to have "fail[ed] to initiate a more detailed examination of the possible reasons for the continued increase in dividend tax refunds," and to respond appropriately to warnings about SKAT's administration of the reclaim process. McCarthy Decl., Ex. 3 at 2.

Second, the testimony Defendants seek is not cumulative and cannot be obtained from SKAT. SKAT apparently takes the view that Defendants should be content to depose *three* witnesses and seems confident that all of Defendants' questions will be answered. But SKAT's *ipse dixit* does not make it so; Defendants are plainly entitled to additional testimony, under oath, not only from current and former SKAT employees, but also from the former Ministers of Taxation who oversaw SKAT's work.[7]

The testimony Defendants seek is not cumulative of discovery that Defendants will obtain from SKAT. This motion seeks discovery of individuals who led the Ministry of

---

[5] Tr. of Episode 4, *The Secret Shareholders*, DR (Nov. 6, 2020), https://www.dr.dk/radio/p1/de-hemmelige-aktionaerer, at 11:00, ECF No. 535-8, McCarthy Decl., Ex. 8.

[6] Tr. of Episode 6, *The Secret Shareholders*, DR (Nov. 6, 2020), https://www.dr.dk/radio/p1/de-hemmelige-aktionaerer, at 5:00, ECF No. 535-9, McCarthy Decl., Ex. 9.

[7] Defendants intend to file a second (and final) motion seeking additional depositions from relevant witnesses through the Hague Convention process shortly.

Taxation. SKAT has asserted that that the Ministry of Taxation is a distinct government entity, and that SKAT "has no obligation or duty (and will undertake no such obligation or duty) to search for, collect or produce information or documents that are under the possession, custody, or control of any other agency or instrumentality of the government of the Kingdom of Denmark." McCarthy Decl., Ex. 2 at ¶ 17. Accordingly, SKAT's assertion that Defendants' impending 30(b)(6) deposition of SKAT somehow obviates the need for discovery of the Ministry of Taxation is nonsensical. Defendants may seek relevant testimony from any party, not only the witnesses SKAT chooses to provide.

Moreover, while SKAT claims that it will provide testimony on the same topics encompassed by the testimony of the Ministers of Taxation, the record is markedly different. SKAT's objections to Defendants' Rule 30(b)(6) notice seek to severely curtail both the time and scope of the testimony. Opp. at 4, ECF No. 541. For example, Defendants seek information about topics 2-4 concerning SKAT's policies and procedures for reviewing reclaim applications and for determining ownership of shares and verifying ownership of shares from the period March 1, 2005 to the present (*see* Weinstein Decl., Ex. 1 at 2, ECF No. 542), but SKAT has only agreed to produce a witness to testify about the period between January 1, 2012 and December 31, 2015. McCarthy Decl., Ex. 1 at 6-8. SKAT has lodged the same objections to Topic 7, SKAT's controls related to the collection and payment of refunds and claims, again narrowing the time period to January 1, 2012 to December 31, 2015. *Id.* at 10. While SKAT has agreed to provide a witness as to Topics 10 and 11, investigations including specific reports and audits and any "early warning" issued by SKAT to the Ministry of Taxation, again it has objected to the time period and scope. *See id.* at 12-13. SKAT has also refused to produce a witness to testify, even to non-privileged communications, regarding communications between SKAT, SOIK (the

5

Danish Prosecution Office) and the Ministry of Taxation, the subject of another of Defendants' designated topics. *Id.* at 13-14.

Defendants do not seek to litigate responses and objections to their Rule 30(b)(6) notice in this reply brief. However, the responses and objections clearly illustrate that the testimony SKAT is prepared to provide is hardly co-extensive with the scope or the time period of the testimony Defendants seek to obtain from the nine Ministers. It simply is not the case that "the discovery sought by [defendant] could … [n]ever lead to the discovery of non-cumulative evidence," as in the *Skyline Steel* case upon which SKAT relies. Opp. at 7 (citing *Skyline Steel, L.L.C. v. PilePro, L.L.C.*, No. 13-CV-8171 (JMF), 2015 WL 13832108, at *2 (S.D.N.Y. Jan. 28, 2015)). In short, the information Defendants seek is specific, relevant, and well within the ambit of Rule 26.

The law is clear: Defendants' burden in this context "is not heavy." *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019). The motion should be granted.

Dated: New York, New York
       February 24, 2021

                    Respectfully submitted,

                    KOSTELANETZ & FINK, LLP

                    By: /s/ Sharon L. McCarthy
                        SHARON L. MCCARTHY
                        7 World Trade Center, 34th Floor
                        New York, New York 10007
                        Tel:   (212) 808-8100
                        Fax:  (212) 808-8108
                        smccarthy@kflaw.com

                        *Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pension*

*Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*

WILMER CUTLER PICKERING
 HALE AND DORR LLP

By: /s/ Alan E. Schoenfeld
 ALAN E. SCHOENFELD
 7 World Trade Center
 250 Greenwich Street
 New York, NY 10007
 Telephone: (212) 230-8800
 alan.schoenfeld@wilmerhale.com

*Attorneys for Defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*

CAPLIN & DRYSDALE,
 CHARTERED

By: /s/ Mark D. Allison
 Mark D. Allison
 CAPLIN & DRYSDALE, CHARTERED
 600 Lexington Avenue, 21st Floor
 New York, New York 10022
 Phone: (212) 379-6060
 Email: mallison@capdale.com

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth*

*401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

KAPLAN RICE LLP

By: /s/ Michelle A. Rice
    Michelle A. Rice
    Kaplan Rice LLP
    142 West 57th Street
    Suite 4A
    New York N.Y. 10019
    (212) 333-0227
    mrice@kaplanrice.com

*Attorneys for Defendants Joseph Herman, David Zelman, Edwin Miller, Ronald Altbach, Perry Lerner, Robin Jones, Ballast Ventures LLC Roth 401(K) Plan, Bareroot Capital Investments LLC Roth 401(K)Plan, Albedo Management LLC Roth 401(K) Plan, Dicot Technologies LLC Roth 401(K) Plan, Fairlie Investments LLC Roth 401(K) Plan, First Ascent Worldwide LLC Roth 401(K) Plan, Battu Holdings LLC Roth 401(K) Plan, Cantata Industries LLC Roth 401(K) Plan, Crucible Ventures LLC Roth 401(K) Plan, Monomer Industries LLC Roth 401(K) Plan, Limelight Global Productions LLC Roth 401(K) Plan, Loggerhead Services LLC Roth 401(K) Plan, PAB Facilities Global LLC Roth 401(K) Plan, Plumrose Industries LLC Roth 401(K) Plan, Pinax Holdings LLC Roth 401(K) Plan, Roadcraft Technologies LLC Roth 401(K) Plan, Sternway Logistics LLC Roth 401(K) Plan, Trailing Edge Productions LLC Roth 401(K) Plan, True Wind Investments LLC Roth 401(K) Plan, Eclouge Industry LLC Roth 401(K) Plan, Vanderlee Technologies Pension Plan, Vanderlee Technologies Pension Plan Trust, Cedar Hill Capital Investments LLC Roth 401(K) Plan, Green Scale Management LLC Roth 401(K) Plan, Fulcrum Productions LLC Roth 401(K) Plan, Keystone Technologies LLC Roth 401(K) Plan, Tumba Systems LLC Roth 401(K) Plan*

DEWEY PEGNO & KRAMARSKY LLP


By: /s/ Thomas E.L. Dewey
    Thomas E.L. Dewey
    777 Third Avenue – 37th Floor
    New York, New York 10017
    Tel.: (212) 943-9000
    Fax: (212) 943-4325
    E-mail: tdewey@dpklaw.com


*Attorneys for Defendant
Michael Ben-Jacob*


WILLIAMS & CONNOLLY LLP


By: /s/ Stephen D. Andrews
    Stephen D. Andrews
    Amy B. McKinlay
    Williams & Connolly LLP
    725 Twelfth Street, N.W.
    Washington, DC 20005
    (202) 434-5000
    amckinlay@wc.com
    sandrews@wc.com


*Attorneys for Defendants Sander Gerber and
Sander Gerber Pension Plan*


K&L GATES LLP


By: /s/ John C. Blessington
    John C. Blessington (*pro hac vice*)
    K&L GATES LLP
    State Street Financial Center
    One Lincoln Street
    Boston, MA 02111
    T: 617.261.3100
    F: 617.261.3175
    E: john.blessington@klgates.com

*Attorneys for Defendants / Third-Party Plaintiffs Acer Investment Group LLC, American Investment Group of New York, L.P. Pension Plan, DW Construction, Inc. Retirement Plan, Kamco Investments Inc. Pension Plan, Kamco LP Profit Sharing Pension Plan, Linden Associates Defined Benefit Plan, Moira Associates LLC 401K Plan, Newsong Fellowship Church 401K Plan, Riverside Associates Defined Benefit Plan, Robert Crema, Stacey Kaminer, Alexander Jamie Mitchell III, David Schulman, Joan Schulman,* and *Darren Wittwer*

GUSRAE KAPLAN NUSBAUM PLLC

By: /s/ Martin H. Kaplan
Martin H. Kaplan
Kari Parks
Gusrae Kaplan Nusbaum PLLC
120 Wall Street
New York, NY 10005
T: (212) 269-1400
Mkaplan@gusraekaplan.com
Kparks@gusraekaplan.com

*Attorneys for Defendants Sheldon Goldstein, Scott Goldstein, and the Goldstein Law Group PC 401(K) Profit Sharing Plan*

# APPENDIX A

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| John van Merkensteijn, III | Sharon L. McCarthy<br>Caroline Ciraolo<br>Nicholas S. Bahnsen<br>Kostelanetz & Fink LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>Tel: (212) 808-8100<br>Fax: (212) 808-8108<br>cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com | 19-cv-01866<br>19-cv-01865<br>19-cv-01906<br>19-cv-01894<br>19-cv-01911<br>19-cv-01871<br>19-cv-01930<br>19-cv-01873<br>19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928<br>19-cv-01931<br>19-cv-01800<br>19-cv-01803<br>19-cv-01809<br>19-cv-01818<br>19-cv-01801<br>19-cv-01810<br>19-cv-01813 |
| Elizabeth van Merkensteijn | | 19-cv-01893 |
| Azalea Pension Plan | | 19-cv-01893 |
| Basalt Ventures LLC Roth 401(K) Plan | | 19-cv-01866 |
| Bernina Pension Plan | | 19-cv-01865 |
| Bernina Pension Plan Trust | | 19-cv-10713 |
| Michelle Investments Pension Plan | | 19-cv-01906 |
| Omineca Pension Plan | | 19-cv-01894 |
| Omineca Trust | | 19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| | | 19-cv-01931 |
| | | 19-cv-01800 |
| | | 19-cv-01803 |
| | | 19-cv-01809 |
| | | 19-cv-01818 |
| | | 19-cv-01801 |
| | | 19-cv-01810 |
| | | 19-cv-01813 |
| Remece Investments LLC Pension Plan | | 19-cv-01911 |
| Starfish Capital Management LLC Roth 401(K) Plan | | 19-cv-01871 |
| Tarvos Pension Plan | | 19-cv-01930 |
| Voojo Productions LLC Roth 401(K) Plan | | 19-cv-01873 |
| Xiphias LLC Pension Plan | | 19-cv-01924 |
| Richard Markowitz | Alan E. Schoenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Telephone: (212) 230-8800<br>alan.schoenfeld@wilmerhale.com | 19-cv-01867<br>19-cv-01895<br>19-cv-01869<br>19-cv-01868<br>19-cv-01898<br>19-cv-10713<br>19-cv-01896<br>19-cv-01783<br>19-cv-01922<br>19-cv-01926<br>19-cv-01929<br>19-cv-01812<br>19-cv-01870<br>19-cv-01792<br>19-cv-01806<br>19-cv-01808<br>19-cv-01815 |
| Jocelyn Markowitz | | 19-cv-01904 |
| Avanix Management LLC Roth 401(K) Plan | | 19-cv-01867 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| Batavia Capital Pension Plan<br>Calypso Investments Pension Plan | | 19-cv-01895<br>19-cv-01904 |
| Cavus Systems LLC Roth 401(K) Plan | | 19-cv-01869 |
| Hadron Industries LLC Roth 401(K) Plan | | 19-cv-01868 |
| RJM Capital Pension Plan | | 19-cv-01898 |
| RJM Capital Pension Plan Trust | | 19-cv-10713 |
| Routt Capital Pension Plan | | 19-cv-01896 |
| Routt Capital Trust | | 19-cv-01783<br>19-cv-01922<br>19-cv-01926<br>19-cv-01929<br>19-cv-01812<br>19-cv-01870<br>19-cv-01792<br>19-cv-01806<br>19-cv-01808<br>19-cv-01815 |
| Rob Klugman<br><br><br><br><br><br>RAK Investment Trust | Mark D. Allison<br>Caplin & Drysdale, Chartered<br>600 Lexington Avenue<br>21st Floor<br>New York, NY 10022<br>Tel: (212) 379-6000<br>mallison@capdale.com<br>zziering@capdale.com | 18-cv-07828<br>18-cv-07827<br>18-cv-07824<br>18-cv-07829<br>18-cv-04434 |
| Aerovane Logistics LLC Roth 401(K) Plan | | 18-cv-07828 |
| Edgepoint Capital LLC Roth 401(K) Plan | | 18-cv-07827 |
| Headsail Manufacturing LLC Roth 401(K) Plan | | 18-cv-07824 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| The Random Holdings 401(K) Plan | | 18-cv-07829 |
| The Stor Capital Consulting LLC 401(K) Plan | | 18-cv-04434 |
| Joseph Herman<br><br>David Zelman | Michelle A. Rice<br>Kaplan Rice LLP<br>142 West 57th Street<br>Suite 4A<br>New York N.Y. 10019<br>(212) 333-0227<br>mrice@kaplanrice.com | 1:19-cv-01785<br>1:19-cv-01781<br>1:19-cv-01791<br>1:19-cv-01794<br>1:19-cv-01918<br>1:19-cv-01783<br>1:19-cv-01798<br>1:19-cv-01788 |
| Edwin Miller | | 1:19-cv-01926<br>1:19-cv-01922<br>1:19-cv-01928<br>1:19-cv-01929<br>1:19-cv-01931 |
| Ronald Altbach | | 1:19-cv-01809<br>1:19-cv-01800<br>1:19-cv-01803<br>1:19-cv-01812<br>1:19-cv-01818 |
| Perry Lerner | | 1:19-cv-01806<br>1:19-cv-01870<br>1:19-cv-01792<br>1:19-cv-01808<br>1:19-cv-01815 |
| Robin Jones | | 1:19-cv-01801<br>1:19-cv-01810<br>1:19-cv-01813 |
| Ballast Ventures LLC Roth 401(K) Plan | | 1:19-cv-01781 |
| Bareroot Capital Investments LLC Roth 401(K) Plan | | 1:19-cv-01783 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| Albedo Management LLC Roth 401(K) Plan | | 1:19-cv-01785 |
| Dicot Technologies LLC Roth 401(K) Plan | | 1:19-cv-01788 |
| Fairlie Investments LLC Roth 401(K) Plan | | 1:19-cv-01791 |
| First Ascent Worldwide LLC Roth 401(K) Plan | | 1:19-cv-01792 |
| Battu Holdings LLC Roth 401(K) Plan | | 1:19-cv-01794 |
| Cantata Industries LLC Roth 401(K) Plan | | 1:19-cv-01798 |
| Crucible Ventures LLC Roth 401(K) Plan | | 1:19-cv-01800 |
| Monomer Industries LLC Roth 401(K) Plan | | 1:19-cv-01801 |
| Limelight Global Productions LLC Roth 401(K) Plan | | 1:19-cv-01803 |
| Loggerhead Services LLC Roth 401(K) Plan | | 1:19-cv-01806 |
| PAB Facilities Global LLC Roth 401(K) Plan | | 1:19-cv-01808 |
| Plumrose Industries LLC Roth 401(K) Plan | | 1:19-cv-01809 |
| Pinax Holdings LLC Roth 401(K) Plan | | 1:19-cv-01810 |
| Roadcraft Technologies LLC Roth 401(K) Plan | | 1:19-cv-01812 |
| Sternway Logistics LLC Roth 401(K) Plan | | 1:19-cv-01813 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| Trailing Edge Productions LLC Roth 401(K) Plan | | 1:19-cv-01815 |
| True Wind Investments LLC Roth 401(K) Plan | | 1:19-cv-01818 |
| Eclouge Industry LLC Roth 401(K) Plan | | 1:19-cv-01870 |
| Vanderlee Technologies Pension Plan | | 1:19-cv-01918 |
| Vanderlee Technologies Pension Plan Trust | | 1:19-cv-01918 |
| Cedar Hill Capital Investments LLC Roth 401(K) Plan | | 1:19-cv-01922 |
| Green Scale Management LLC Roth 401(K) Plan | | 1:19-cv-01926 |
| Fulcrum Productions LLC Roth 401(K) Plan | | 1:19-cv-01928 |
| Keystone Technologies LLC Roth 401(K) Plan | | 1:19-cv-01929 |
| Tumba Systems LLC Roth 401(K) Plan | | 1:19-cv-01931 |
| Sander Gerber | Stephen D. Andrews<br>Amy B. McKinlay<br>Williams & Connolly LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>(202) 434-5000<br>amckinlay@wc.com<br>sandrews@wc.com | 18-cv-4899 |
| Sander Gerber Pension Plan | | 18-cv-4899 |
| Michael Ben-Jacob | Thomas E. L. Dewey<br>Dewey Pegno & Kramarsky LLP<br>777 Third Avenue – 37th Floor<br>New York, New York 10017<br>Tel.: (212) 943-9000<br>Fax: (212) 943-4325<br>E-mail: tdewey@dpklaw.com | 1:18-cv-04434<br>1:18-cv-07824<br>1:18-cv-07827<br>1:18-cv-07828<br>1:18-cv-07829<br>1:19-cv-01781<br>1:19-cv-01783 |

| **Defendants** | **Counsel** | **Associated Case(s)** |
|---|---|---|
| | | 1:19-cv-01785 |
| | | 1:19-cv-01788 |
| | | 1:19-cv-01791 |
| | | 1:19-cv-01792 |
| | | 1:19-cv-01794 |
| | | 1:19-cv-01798 |
| | | 1:19-cv-01800 |
| | | 1:19-cv-01801 |
| | | 1:19-cv-01803 |
| | | 1:19-cv-01806 |
| | | 1:19-cv-01808 |
| | | 1:19-cv-01809 |
| | | 1:19-cv-01810 |
| | | 1:19-cv-01812 |
| | | 1:19-cv-01813 |
| | | 1:19-cv-01815 |
| | | 1:19-cv-01818 |
| | | 1:19-cv-01866 |
| | | 1:19-cv-01867 |
| | | 1:19-cv-01868 |
| | | 1:19-cv-01869 |
| | | 1:19-cv-01870 |
| | | 1:19-cv-01871 |
| | | 1:19-cv-01873 |
| | | 1:19-cv-01894 |
| | | 1:19-cv-01896 |
| | | 1:19-cv-01918 |
| | | 1:19-cv-01922 |
| | | 1:19-cv-01926 |
| | | 1:19-cv-01928 |
| | | 1:19-cv-01929 |
| | | 1:19-cv-01931 |
| Acer Investment Group LLC | John C. Blessington<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>T: 617.261.3100<br>F: 617.261.3175<br>E: john.blessington@klgates.com | 18-cv-09841<br>18-cv-09797<br>18-cv-09836<br>18-cv-09837<br>18-cv-09838<br>18-cv-09839<br>18-cv-09840<br>18-cv-10100<br>18-cv-05053 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| American Investment Group of New York, L.P. Pension Plan | | 18-cv-09841 |
| DW Construction, Inc. Retirement Plan | | 18-cv-09797 |
| Kamco Investments Inc. Pension Plan | | 18-cv-09836 |
| Kamco LP Profit Sharing Pension Plan | | 18-cv-09837 |
| Linden Associates Defined Benefit Plan | | 18-cv-09838 |
| Moira Associates LLC 401K Plan | | 18-cv-09839 |
| Newsong Fellowship Church 401K Plan | | 18-cv-10100 |
| Riverside Associates Defined Benefit Plan | | 18-cv-09840 |
| Robert Crema | | 18-cv-09841 |
| Stacey Kaminer | | 18-cv-09841<br>18-cv-09797<br>18-cv-09836<br>18-cv-09837<br>18-cv-09839 |
| Alexander Jamie Mitchell III | | 18-cv-10100 |
| David Schulman | | 18-cv-09840 |
| Joan Schulman | | 18-cv-09838 |
| Darren Wittwer | | 18-cv-09797 |
| Sheldon Goldstein<br><br>Scott Goldstein | Martin H. Kaplan<br>Kari Parks<br>Gusrae Kaplan Nusbaum PLLC<br>120 Wall Street | 18-cv-5053 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| The Goldstein Law Group PC 401(k) Profit Sharing Plan | New York, NY 10005<br>T: (212) 269-1400<br>mkaplan@gusraekaplan.com<br>kparks@gusraekaplan.com | |