Exhibit 43

WILMERHALE

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

**VIA EMAIL**

February 17, 2021

Marc A. Weinstein
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
marc.weinstein@hugheshubbard.com

    Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-02865-LAK (S.D.N.Y.)

Dear Marc:

I write to memorialize and follow up on our call on Monday. If I have anything wrong, please let me know.

*First*, SKAT agreed to produce the English language translations that will be prepared in the UK proceedings under that court's order, on a rolling basis as those documents become available to SKAT, and without Defendants' prior agreement to assume an obligation for any portion of the cost associated with the translation. We further understand that SKAT's current best estimate is that this production is likely to take approximately two months to complete.

*Second*, SKAT agreed that if it intends to stand on its objections to our 30(b)(6) notice, it will seek relief from the Court.

*Third*, you were unsure whether SKAT has completed its production of documents from the Bech-Bruun investigation. Please let us know the status of these productions and any additional outstanding productions. If there are documents remaining to be produced, either from Bech-Bruun or otherwise in response to Defendants' requests, Defendants request that they be produced as soon as possible.

*Fourth*, we confirmed our current expectation to substantially complete the production of documents related to the Rule 502(d) order in March. You asked whether we were previously reviewing documents provided to WilmerHale by Kaye Scholer for the purpose of preparing a privilege log. I can confirm that we were not, pursuant to SKAT's agreement by email dated February 7, 2020, that we need not review such documents. We expect that you will want to take the depositions of Mr. Markowitz and Mr. van Merkensteijn promptly upon completion of our

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

WILMERHALE

Marc Weinstein
February 17, 2021
Page 2

productions. To facilitate scheduling, we can confirm that Mr. Markowitz is available on March 30 and 31, and April 6 and 7, 2021, and Mr. Van Merkensteijn can generally be available between March 30 and April 30, 2021, with the exception of Mondays and April 14, 2021.

That brings us to the case schedule. We all agree that the parties ought to avoid seeking the Court's intervention wherever possible and so should attempt to reach an agreement for a mutually satisfactory date to close fact discovery. SKAT previously proposed May 30, 2021; Defendants previously proposed July 31, 2021. In order to bridge that gap and avoid having to bring the issue to Judge Kaplan, we propose meeting half-way and agreeing to close fact discovery on June 30, 2021. This modest extension from SKAT's current proposal will permit the parties to ensure an orderly conclusion to the discovery period in this complex, sprawling multijurisdictional case, involving discovery in multiple countries, all of which has been complicated further by the obstacles presented by the COVID-19 pandemic. We think this schedule is workable, assuming SKAT's substantial completion of document production, including translations, by mid-April, leaving us roughly two and a half months to complete depositions. Should SKAT's production schedule extend beyond mid-April, we reserve our rights to ask the Court to extend the fact discovery period commensurately.

I should underscore a few points, in light of our discussion yesterday. First, our proposal does not in any way turn on the outcome of the process for requesting letters rogatory—fact discovery in the United States would close June 30, 2021, regardless of how Judge Kaplan or the Danish authorities determine those requests.[1] Likewise, our proposal is contingent upon SKAT's completion of document production in response to currently pending requests. The parties may continue to serve additional discovery, but the deadline for the parties' responses would not adjust the schedule.

Again, we think this proposal reasonably accommodates everyone's needs and puts the end of discovery well in sight. In the interest of focusing on the merits of the case and avoiding needless disputes before the Court, we encourage you to meet us half-way.

To continue to move ahead with fact discovery, we reiterate our request that SKAT provide dates for the depositions of all SKAT witnesses requested by Defendants—including Lisbeth Romer, Christian Ekstrand, Jens Brochner, Anne Munksgaard, Lill Helene Drost, Mathias Petersen, John Christiansen, Katrine Basballe, and Bo Daugaard—starting April 15, 2021 (assuming SKAT's document production is substantially completed by that date). As previously discussed, we agree with your proposal to begin with Romer, Ekstrand, and Brochner and can be prepared to take their deposition on any date you supply. We can revisit the need for additional depositions once those

---

[1] To the extent the Danish authorities approve the taking of any discovery in Denmark after June 30, 2021, the parties can discuss at that time any issues regarding the use of such discovery in this litigation.

3

WilmerHale

Marc Weinstein
February 17, 2021
Page 3

are complete, but insist on calendaring them now to avoid any scheduling complications, especially in light of summer holidays the witnesses may be taking.

We are of course available to discuss these or any other matters at your convenience.

Very truly yours,


*/s/ Alan E. Schoenfeld*
Alan E. Schoenfeld