Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

By ECF

Honorable Lewis A. Kaplan   March 29, 2021
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

      Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this letter motion, pursuant to Federal Rules of Civil Procedure 26(b)(2)(C) and 26(c)(1), for a protective order striking certain topics, and limiting others, in defendants' notice to depose SKAT to the extent that the topics improperly seek contention discovery, span an excessive timeframe, or otherwise lack the requisite particularity or relevance.[1]

**Defendants' Rule 30(b)(6) notice and contention interrogatories.**

      On November 13, 2020, defendants served their notice to take SKAT's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), listing 24 topics for examination. Five of defendants' topics seek discovery of SKAT's contentions and are duplicative of contention interrogatories that defendants served, prematurely under the Court's Local Rules, a little over a week earlier on November 5. (*Compare, e.g.*, Ex. 1 (topic 5) ("The factual basis for any allegation that any Defendant Pension Plan was not the owner . . . of the shares . . . .") *with* Ex. 2 (interrogatory 6) ("State the factual basis for the allegation . . . that the [plans] never owned the shares . . . .").) SKAT served responses and objections to the deposition notice on January 7, 2021, and defendants responded to SKAT by letter dated January 22. (*See* Exs. 3, 4.) The parties met and conferred on February 15, and exchanged additional letters on March 12 (by SKAT) and March 18 (by defendants). (*See* Exs. 5, 6.)

---

1. This motion relates to all cases in this multi-district litigation. Defendants' notice of deposition of SKAT is attached as Exhibit 1 hereto. In response to defendants' notice, SKAT designated two witnesses to testify on its behalf: Jens Brøchner and Christian Ekstrand. The parties have agreed that defendants will depose Mr. Brøchner on April 29, 2021, and Mr. Ekstrand on May 5 and 6, 2021, respectively.

**The Court should issue a protective order striking certain topics and limiting others.**

Under Federal Rule of Civil Procedure 26(c)(1), the Court may issue a protective order upon a showing of "good cause."  And under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "must limit" discovery that "is unreasonably cumulative or duplicative" or is otherwise "outside the scope permitted by Rule 26(b)(1)."  "Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26—deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'"  *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-09371 (KPF)(SN), 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017) (quoting Fed. R. Civ. P. 30(b)(6)).

**Topics 1, 5, 6, 22, 23 and 24 improperly seek to discover SKAT's contentions.**

The Court should strike topics seeking testimony concerning the "factual basis" for SKAT's: (i) allegations generally (topic 1); (ii) claims that defendants' refund applications included misrepresentations (topics 5, 6, 22, and 23); and (iii) claim that SKAT paid defendants' refunds based on a mistaken understanding of fact (topic 24).  (Ex. 1 at 4, 7.)  All these topics seek improper contention discovery.  Courts in this District do not permit 30(b)(6) topics like these designed to discover the opposing party's contentions.  *See, e.g.*, *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories").  "At the conclusion of other discovery," SKAT will provide the contention discovery defendants seek in response to their contention interrogatories.  Local Rule 33.3(c).

Defendants deny their topics seek to discover SKAT's contentions because "[e]ach clearly seeks the 'factual basis' for" SKAT's claims.  (Ex. 4 at 1.)  But this is precisely what makes them improper contention discovery in the first place.  *Cf. Tribune Co. v. Purcigliotti*, No. 93 Civ. 7222 (LAP) (THK), 1997 WL 540810, at *1 (S.D.N.Y. Sep. 3, 1997) ("Contention interrogatories . . . seek information about the factual bases underlying the claims and contentions of an adverse party . . . .").  Defendants rely solely on out-of-District opinions in "fundamentally disagree[ing]" with SKAT that topics concerning "the 'factual basis' of [SKAT's] claims" are impermissible.  (Ex. 6 at 1.)  Under Local Rule 33.3, contention discovery generally is reserved until other discovery is complete, and courts strike Rule 30(b)(6) topics seeking to discover the opposing party's contentions in favor of appropriately timed contention interrogatories.  *See Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14 Civ. 1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. Jul. 30, 2015) ("30(b)(6) deposition topics" that "fairly constitute[d] contention discovery" were "improper[]"; "contention interrogatories . . . will provide Defendant wi[th] the information it seeks"); *U.S. v. Dist. Council of New York City*, No. 90 Civ. 5722 (CSH), 1992 WL 208284, at *16 (S.D.N.Y. Aug. 18, 1992) (Rule 30(b)(6) deposition that "requires [the witness] to inform herself of all relevant facts known by counsel . . . is not an appropriate alternative" to "focused contention interrogatories").

**Topic 1 is not described with reasonable particularity and seeks irrelevant information.**

Topic 1 should be stricken on the additional ground that it is an improper catch-all that seeks testimony concerning "[t]he factual basis for" all SKAT's allegations in its pleadings in these actions, in which SKAT alleges defendants collectively submitted over 2,900 fraudulent

refund applications, "and the complaints filed by SKAT in" England.  (Ex. 1 at 3-4.)  Rule 30(b)(6) requires that topics be described with "reasonable particularity."  Fed. R. Civ. P. 30(b)(6).  Courts have described this requirement as one of "painstaking specificity."  *Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018) (quoting *EEOC v. Thorman & Wright Corp.*, 243 F.R.D. 421, 426 (D. Kan. 2007)).  Topic 1 falls far short.  *See, e.g.*, *BlackRock*, 2017 WL 9400671 at *1 ("topics that generally seek testimony as to every fact that supports a legal claim will likely fail the reasonable particularity requirement").  And SKAT's allegations in its English pleadings, to the extent not duplicative of its allegations here, have no relevance to these U.S. actions against entirely different defendants.

**The topics should be limited to the relevant timeframe.**

The topics in defendants' notice, unless otherwise specified, seek testimony spanning sixteen years, from "March 1, 2005 to the present."  (Ex. 1 at 3.)  This would require, for example, SKAT to prepare a witness to testify about SKAT's "policies," "standards," "system(s)," and "controls" related to withholding tax refunds and "SKAT's ownership, possession, authority, or control over" and "distribution of" tax revenues for seven years prior to when defendants began submitting fraudulent applications in 2012, and for five years after SKAT discovered the fraud.  (Ex. 1 at 4, 6 (topics 2-4, 7, and 16-17).)  Further, topic 8 requires SKAT to prepare a witness to testify about "the volume of dividend withholding tax refunds" from 2010—two years before the onset of defendants' fraud.  (Ex. 1 at 5.)  All topics should be limited to the 2012 to 2015 period during which defendants submitted their fraudulent applications.  *See Winfield*, 2018 WL 840085, at *5 ("the topics should be substantively and temporally relevant to the claims or defenses").

Defendants argue that their expansive timeframe is relevant to "defenses relating to causation, failure to mitigate, contributory or comparative negligence, and the statute of limitations."  (Ex. 6 at 2.)  Defendants contend that SKAT was on notice of fraud as of some early date by reason of certain internal reports or warnings.  But any pre-2012 information relevant to these defenses would already be covered by topics 10 and 11, which seek testimony about SKAT "investigations, reports, audits, or analyses," and any "early warning" that SKAT issued to the Ministry of Taxation.  (Ex. 1 at 5.)  SKAT has agreed to provide testimony in response to topics 10 and 11, notwithstanding that one report is dated 2010 and that another is from 2006—six years before the defendants' fraud began.  The possibility that additional information outside the scope of topics 10 and 11 might have "some marginal relevance" does not justify preparing a witness to testify about defendants' other topics for so many years before and after the fraud.  *Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 82 (S.D.N.Y. 2019).  Any such testimony is not "sufficiently important in resolving the . . . issues in this case, and the burden and expense of such discovery would outweigh its likely benefit."  *Id.*

**Topic 10 should be limited to the specific reports identified therein.**

Topic 10 seeks testimony over a 20-year period about "[a]ll investigations, reports, audits, or analyses . . . regarding the payment of dividend withholding taxes . . . and dividend withholding tax refunds . . . including but not limited to" the investigations, reports, audits or analyses identified therein.  (Ex. 1 at 5.)  Such a request is self-evidently overbroad and should be limited to six specific reports going back to 2006, which defendants have cited as of interest, and for which SKAT has agreed to provide testimony notwithstanding its relevance objections:

the 2015 *Rigsrevisionen* report, the internal audit reports from 2010, 2012, 2013 and 2015, and the 2006 so-called "Problemkatalog".[2] The inclusion of the "language 'including but not limited to'" makes the topic "overbroad . . . and defeats the purpose of giving notice of the topics to be discussed at the deposition," as SKAT does not know what other reports, if any, on which defendants seek testimony. *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010).

**Topics 12 and 13 lack the requisite particularity and are duplicative.**

Rule 30(b)(6)'s reasonable particularity requirement means that topics must "have discernible boundaries." *Winfield*, 2018 WL 840085 at *5. Topics 12 and 13—seeking testimony concerning all communications between SKAT and any arm of the Danish or U.S. governments, respectively, about the topics set forth therein—have no such boundaries. *See, e.g.*, *Seliger v. Breitbart News Network, LLC*, No. 20 Civ. 2860 (ER), 2021 WL 707063, at *4 (S.D.N.Y. Feb. 22, 2021) (striking topic for communications with "no apparent limiting principle besides a nexus to the photograph or article" at issue); *Krasney v. Nationwide Mut. Ins. Co.*, No. 3:06 CV 1164(JBA), 2007 WL 4365677, at *4 (D. Conn. Dec. 11, 2007) (striking "All communications between Gaynor and anyone at Nationwide regarding Krasney"). To the extent defendants seek discovery of SKAT's relevant, non-privileged communications from 2012 to 2015, they are among the tens of thousands of documents SKAT has produced in this litigation. A Rule 30(b)(6) deposition is not supposed to be "a memory contest" and courts "strike notice topics," such as topics 12 and 13, "that would result in a witness merely testifying to information readily available through document production." *BlackRock*, 2017 WL 9400671 at *2.

**Topics 15 and 21 are irrelevant.**

Topic 15 seeks testimony concerning all communications between SKAT and any "foreign government officials" concerning "dividend-arbitrage trading". (Ex. 1 at 6.) This is plainly irrelevant because SKAT does not allege any such trading. SKAT alleges that the defendants fraudulently represented they owned shares that they never owned.

Similarly, topic 21 is irrelevant. It concerns the "mechanism for enforcing" SKAT's revocations (after discovering the fraud) of its prior approvals of defendants' fraudulent refund applications. (Ex. 1 at 7.) Defendants argue that "SKAT ought to be able to explain its plan for actually operationalizing its belated revocation[s]," but fail to explain how such a plan is relevant. (Ex. 6 at 3.)

Accordingly, SKAT respectfully requests that the Court grant its motion for a protective order.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

cc:   All counsel of record (via ECF)

---

2. The three additional internal audit reports that defendants have cited in topic 10, (Ex. 1 at 5 n.2), from 2006, 2002 and 2001—six, ten and eleven years before defendants' fraud—are irrelevant and cumulative of the later audit reports prepared by the same department. The 2006 "Problemkatalog" that SKAT has agreed to testify about, despite its relevance objections, was prepared separately from the audit department.