# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to the actions identified on Schedule B to the Notice to Take Deposition. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S OBJECTIONS AND RESPONSES TO THE TOPICS SET FORTH IN DEFENDANTS' NOTICE TO TAKE DEPOSITION**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Plaintiff Skatteforvaltningen ("SKAT") hereby objects and responds to the topics set forth in Defendants' Notice to Take Deposition of Skatteforvaltningen, dated November 13, 2020 ("Notice"). The Notice provides for the deposition to take place on December 22 and 23, 2020, or on such other dates as agreed by the parties or ordered by the Court. As per prior discussions among counsel, SKAT is working on finding appropriate dates for the deposition. Prior to SKAT producing any witness for deposition, the parties will need to meet and confer in order to resolve SKAT's objections. SKAT notes that, effective December 1, 2020, Rule 30(b)(6) is amended to require the parties to "confer in good faith about the matters for examination" before or promptly after the notice is served. Fed. R. Civ. P. 30(b)(6).

**RESERVATION OF RIGHTS**

The response to any particular topic in the Notice is not an admission of the topic's relevance. No statement contained in these responses shall be deemed to constitute an admission that any statement or characterization in the topics is complete or accurate. SKAT reserves the

right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate.

In responding to the Notice and topics in the Notice, SKAT does not in any way waive or intend to waive, but rather intends to preserve and is preserving:  (a) all objections as to relevance, materiality, or admissibility in evidence of (i) any testimony obtained at deposition taken pursuant to the Notice, or (ii) the responses or objections of SKAT set forth herein; (b) all rights to object on any ground to the use of any documents, information, topics, testimony, responses, or objections, or the subject matter thereof, in these or any other subsequent proceedings; (c) all rights to object on any ground to (i) any request for further production or responses to these or any other topics for documents or information, or (ii) any other discovery in, or relating to, these actions; and (d) all rights to move for a protective order.

By responding and objecting to the topics in the Notice, SKAT does not waive or intend to waive the attorney-client privilege, joint defense or common interest protection, the work-product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality protecting documents or information from disclosure.  Accordingly, any response or objection inconsistent with the foregoing is, and shall be construed to be, entirely inadvertent and shall not constitute a waiver of any applicable privilege, protection, or immunity. Moreover, the production of privileged information or confidential materials shall not constitute, and shall not be construed to constitute, a waiver by SKAT of any privilege, protection, or immunity from production in this or in any further matters in this proceeding or in any other litigation, dispute, or other context.

The fact that SKAT is willing to provide testimony in response to any particular topic in the Notice does not constitute an admission or acknowledgement that the topic is proper, that the

information it seeks is within the proper bounds of discovery, that other topics in the Notice for similar information will be treated in a similar fashion, or that any such responsive information exists.  Furthermore, any and all responses provided by SKAT pursuant to the Notice are for the purposes of discovery in this MDL only, and are not responses for any other purpose, nor may they be used against SKAT in any other proceeding, unless specifically agreed to by SKAT or ordered by the Court.

## OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS

SKAT objects to the Notice to the extent that the instructions therein purport to impose requirements or obligations on SKAT that are inconsistent with or broader than those imposed by the Federal Rules of Civil Procedure, the Local Rules, and applicable case law.  SKAT expressly disclaims any obligation to provide any information beyond those required by any of the foregoing.

SKAT objects to the time period for the topics set forth in instruction number three on the ground that it causes the topics in the Notice to be overly broad, unduly burdensome and call for information irrelevant to the parties' claims and defenses in these actions.  To the extent the below responses state that SKAT will produce a witness to testify about a particular topic, the witness's testimony will be limited to events, circumstances or information from the period January 1, 2012 through December 31, 2015, unless expressly stated otherwise.

SKAT objects to the definition of "Dividend-arbitrage trading."  The topics in the Notice incorporating this definition are vague, ambiguous and not described with reasonable particularity.

SKAT objects to the definition of "Relevant Time Period" for the same reason it objects to instruction number three.  The topics in the Notice incorporating this definition are overbroad,

unduly burdensome and call for information irrelevant to the parties' claims and defenses in these actions.  To the extent that SKAT provides a witness to testify concerning a topic, SKAT will interpret "Relevant Time Period" to mean January 1, 2012 through December 31, 2015, unless expressly stated otherwise.

SKAT objects to the definitions of "SKAT," "You," "Your" and "Yourself" to the extent they include its unidentified representatives, attorneys, agents, investigators, consultants, and counsel working on its behalf in connection with this or any other litigation, or persons or entities acting or purporting to act on behalf of any of the individuals or entities covered by these definitions.  SKAT also objects to the definition of "SKAT" to the extent it includes SKAT's counsel Kammeradvokaten.  The topics in the Notice incorporating these definitions are vague, ambiguous, overbroad, unduly burdensome, not described with reasonable particularity and seek information that is privileged or exempt from discovery.  To the extent that SKAT provides a witness to testify concerning a topic, SKAT will interpret the terms "SKAT," "You," "Your" and "Yourself" to include SKAT and its current or former employees in their capacity as such who were involved in any of the matters at issue in these actions.

SKAT objects to the definition of "SOIK" to extent it includes unidentified predecessors, successors, representatives, attorneys, agents, servants, employees, investigators, consultants and counsel.  The topics in the Notice incorporating this definition are vague, ambiguous, overbroad, unduly burdensome and not described with reasonable particularity.  To the extent that SKAT provides a witness to testify concerning a topic, SKAT will interpret the term "SOIK" to include the Danish Public Prosecutor for Serious Economic and International Crimes.

## OBJECTIONS AND RESPONSES

The responses below incorporate the Reservation of Rights and Objections to the Instructions and Definitions as if each were fully set forth therein.

**Topic No. 1:**

The factual basis for allegations in the Complaints and the complaints filed by SKAT in the High Court of Justice Business and Property Court of England and Wales, captioned *Skatteforvaltningen (the Danish Customs and Tax Administration) v. Solo Capital Partners LLP et al.*, Claim Nos. CL-2018-000297, CL-2018-000404, CL-2018-000590, and CL-2019-000487 (High Ct. of Justice, Bus. & Prop. Cts. of England & Wales).

**Response to Topic No. 1:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with reasonable particularity.  SKAT is not obligated to marshal all of the factual evidence that supports each of its allegations in the Complaints and the complaints filed by SKAT in the High Court of Justice Business and Property Court of England and Wales and to prepare a witness to testify about the same.  SKAT further objects to this topic on the ground that it seeks a witness to testify concerning information protected by the attorney work product doctrine, attorney-client privilege and applicable privileges under English law.  Finally, this topic impermissibly seeks to discover SKAT's contentions or legal theories concerning these actions.  SKAT will not produce a witness to testify concerning this topic.

**Topic No. 2:**

SKAT's policies, procedures, practices, protocols, or processes for processing, reviewing, approving or denying, and paying dividend withholding tax refunds and/or claims during the Relevant Time Period.  This Topic should be understood to include, but not be limited to, any modifications made to the relevant policies, procedures, practices, protocols, or processes during the relevant time period; written policies and procedures governing that process; and personnel responsible for that process.

5

**Response to Topic No. 2:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with reasonable particularity.  The topic lacks discernible boundaries in that it "includes but is not limited to" the specific subject matters set forth therein.  SKAT further objects to this topic on the ground that it seeks information that is irrelevant to the parties' claims and defenses in these actions, including that it seeks information beyond the fraudulent scheme involving the Claims that are the subject of this action.  SKAT's claims in these actions concern fraudulent withholding tax refund applications that the Defendant Pension Plans submitted to SKAT from 2012 to 2015.  SKAT's "policies, procedures, practices, protocols, or processes for processing, reviewing, approving or denying, and paying dividend withholding tax refunds and/or claims" from before 2012 or after 2015 are not relevant.

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the foregoing objections, SKAT will produce a witness to testify concerning information known or reasonably available to SKAT regarding policies, procedures, practices, protocols, or processes for processing, reviewing, approving or denying, and paying dividend withholding tax refunds and/or claims in effect during the period January 1, 2012 to December 31, 2015, including any modifications made to the relevant policies, procedures, practices, protocols, or processes during that period; written policies and procedures governing that process; and personnel responsible for that process.

**Topic No. 3:**

Standards, rules, and protocols governing the entitlement to dividend withholding tax refunds, including but not limited to standards, rules, and protocols for determining ownership of shares and entitlement to dividends.

6

99364187_4

**Response to Topic No. 3:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with reasonable particularity.  The topic lacks discernible boundaries in that it "includes but is not limited to" the specific subject matters set forth therein.  SKAT further objects to this topic on the ground that it seeks information that is irrelevant to the parties' claims and defenses in these actions, including that it seeks information beyond the fraudulent scheme involving the Claims that are the subject of this action.  SKAT's claims in these actions concern fraudulent withholding tax refund applications that the Defendant Pension Plans submitted to SKAT from 2012 to 2015.  "Standards, rules, and protocols" from before 2012 or after 2015 are not relevant. Finally, SKAT objects to this topic to the extent it calls for a legal conclusion concerning applicable "rules" governing the entitlement to dividend withholding tax refunds or for determining ownership of shares and entitlement to dividends.

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the foregoing objections, SKAT will produce a witness to testify concerning information known or reasonably available to SKAT regarding standards, rules, and protocols governing the entitlement to dividend withholding tax refunds in effect during the period January 1, 2012 to December 31, 2015, including standards, rules, and protocols for determining ownership of shares and entitlement to dividends in effect during that period.

**Topic No. 4:**

SKAT's system(s) for verifying ownership of shares, receipt of dividends, and withholding of taxes paid for purpose of assessing entitlement to dividend withholding tax refunds.

**Response to Topic No. 4:**

SKAT objects to this topic as overly broad, unduly burdensome and to the extent it seeks

information that is irrelevant to the parties' claims and defenses in these actions, including that it

seeks information beyond the Claims that are the subject of these actions.  SKAT's claims in

these actions concern fraudulent withholding tax refund applications that the Defendant Pension

Plans submitted to SKAT from 2012 to 2015.  "SKAT system(s)" from before 2012 or after 2015

are not relevant.  Finally, SKAT objects to this topic as vague and ambiguous with respect to the

meaning of "SKAT's system(s) for verifying . . .  withholding of taxes paid."

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the

foregoing objections, SKAT will produce a witness to testify concerning information known or

reasonably available to SKAT regarding SKAT's system(s) in effect during the period January 1,

2012 to December 31, 2015, for verifying ownership of shares, receipt of dividends, and

withholding tax collected for purpose of assessing entitlement to dividend withholding tax

refunds.

**Topic No. 5:**

The factual basis for any allegation that any Defendant Pension Plan was not the owner
(including the beneficial owner) of the shares in a Danish company for which a dividend
reclaim application was submitted.

**Response to Topic No. 5:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with

reasonable particularity.  SKAT is not obligated to marshal all of the factual evidence that

support its allegations that the Defendant Pension Plans were not the owners of the shares in

Danish companies for which dividend reclaim applications were submitted and to prepare a

witness to testify about the same.  SKAT further objects to this topic on the ground that it seeks a

witness to testify concerning information protected by the attorney work product doctrine, attorney-client privilege or other applicable privilege or immunities.  Finally, this topic impermissibly seeks to discover SKAT's contentions or legal theories concerning these actions. SKAT will not produce a witness to testify concerning this topic.

**Topic No. 6:**

The factual basis for any allegation that any Defendant Pension Plan never received and was not the beneficial owner of any dividend from a Danish company in respect of whose shares the Defendant Pension Plan submitted an application for dividend tax reclaim.

**Response to Topic No. 6:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with reasonable particularity.  SKAT is not obligated to marshal all of the factual evidence that support its allegations that the Defendant Pension Plans never received dividends from Danish companies in respect of whose shares the Defendant Pension Plans submitted applications for dividend tax reclaims and prepare a witness to testify about the same.  SKAT further objects to this topic on the ground that it seeks a witness to testify concerning information protected by the attorney work product doctrine, attorney-client privilege or other applicable privileges or immunities.  Finally, this topic impermissibly seeks to discover SKAT's contentions or legal theories concerning these actions.  SKAT will not produce a witness to testify concerning this topic.

**Topic No. 7:**

SKAT's controls related to the collection and/or payment of withheld tax refunds and/or claims.

**Response to Topic No. 7:**

SKAT objects to this topic as overly broad, unduly burdensome and to the extent it seeks information that is irrelevant to the parties' claims and defenses in these actions, including that it

seeks information beyond the Claims that are the subject of these actions.  SKAT's claims in these actions concern fraudulent withholding tax refund applications that the Defendant Pension Plans submitted to SKAT from 2012 to 2015.  "SKAT's controls" from before 2012 or after 2015 are not relevant.  SKAT further objects to this topic as vague, ambiguous and not described with reasonable particularity with respect to the meaning of "collection and/or payment of withheld tax refunds and/or claims."

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the foregoing objections, SKAT will produce a witness to testify concerning information known or reasonably available to SKAT regarding SKAT's controls in effect during the period January 1, 2012 to December 31, 2015, related to the collection of dividend withholding tax and the payment of claims for refunds of withheld dividend withholding tax.

**Topic No. 8:**

The volume of dividend withholding tax refunds and/or claims processed by SKAT between 2010 and 2015, including but not limited to the total number of claims submitted, the number of claims approved, and the number of claims denied, and the reasons why claims may have been approved or denied.

**Response to Topic No. 8:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with reasonable particularity.  The topic lacks discernible boundaries in that it "includes but is not limited to" the specific subject matters set forth therein.  SKAT further objects to this topic on the ground that it seeks information that is irrelevant to the parties' claims and defenses in these actions, including that it seeks information beyond the Claims that are the subject of these actions.

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the foregoing objections, SKAT will produce a witness to testify concerning information known or

reasonably availably to SKAT regarding the volume of dividend withholding tax refunds and/or

claims processed by SKAT between 2012 and 2015, including the total number of claims

submitted, the number of claims approved, and the number of claims denied, and the reasons

why claims may have been approved or denied.

**Topic No. 9:**

The dividend withholding tax collected by SKAT in connection with each of the
dividends declared by the publicly traded Danish companies identified in RFP No. 18 of
Defendants' Second Set of RFPs to SKAT at their Annual General Meetings held on the
dates listed in that RFP.

**Response to Topic No. 9:**

SKAT objects to this topic as overly broad, unduly burdensome and to the extent it seeks

information that is irrelevant to the parties' claims and defenses in these actions.

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the

foregoing objections, SKAT will produce a witness to testify concerning information known or

reasonably available to SKAT regarding the amount of dividend withholding tax collected by

SKAT in connection with each of the dividends declared by the publicly traded Danish

companies identified in RFP No. 18 of Defendants' Second Set of RFPs to SKAT at their Annual

General Meetings held on the dates listed in that RFP.

**Topic No. 10:**

All investigations, reports, audits, or analyses drafted or conducted by or on behalf of
SKAT or the Ministry of Taxation regarding the payment of dividend withholding taxes
by listed Danish companies to SKAT and dividend withholding tax refunds paid to any
claimants, including but not limited to the *Rigsrevisionen* report of SKAT's 2015
investigation of SKAT and the Ministry of Taxation's roles in the administration of
dividend withholding tax refunds,[1] internal audit reports regarding the dividend

---

1.  *See* SKAT_MDL_001_0075124.

withholding tax,[2] and the catalog produced in 2006 with suggestions on how the holes in the dividend tax could be closed ("Problemkatalog"),[3] as well as any remedial or other actions taken in response to any such investigation, report, audit, or analysis.

**Response to Topic No. 10:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with reasonable particularity.  The topic lacks discernible boundaries in that it "includes but is not limited to" the specific "investigations, reports, audits, or analyses" identified therein.  SKAT further objects to this topic on the ground that it seeks information that is irrelevant to the parties' claims and defenses in these actions, including that it seeks information beyond the Claims that are the subject of these actions.  SKAT's claims in these actions concern fraudulent withholding tax refund applications that the Defendant Pension Plans submitted to SKAT from 2012 to 2015.  Investigations, reports, audits, or analyses from before 2012 regarding the payment of dividend withholding taxes by listed Danish companies to SKAT and dividend withholding tax refunds paid to any claimants are not relevant.

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the foregoing objections, SKAT will produce a witness to testify concerning information known or reasonably available to SKAT regarding the identified *Rigsrevisionen* report,[4] internal audit

---

2. *See* SKAT_MDL_001_00280953 (2001); SKAT_MDL_001_00281008 (2002);SKAT_MDL_001_00281025 (2006); SKAT_MDL_001_00281058 (2010); and SKAT_MDL_001_00281103 (2012, 2013); and SKAT_MDL_001_0075835 (2015).

3. *See* https://www.dr.dk/nyheder/penge/udbytteskandale-kunne-formentlig-vaere-undgaaet-loesningskatalog-laa-klar i-aarevis.

4. *See* SKAT_MDL_001_0075124.

reports regarding dividend withholding tax from 2010 and afterwards, and the identified

"Problemkatalog."[5]

**Topic No. 11:**

Any "early warning" issued by SKAT to the Ministry of Taxation regarding SKAT's payment of dividend withholding tax refunds, any application of or decision not to apply any such early warning, and any response thereto by the Ministry of Taxation.

**Response to Topic No. 11:**

SKAT objects to this topic as vague, ambiguous and not described with reasonable

particularity with respect to the meaning of "early warning."  SKAT further objects to this topic

on the ground that it seeks information that is irrelevant to the parties' claims and defenses in

these actions.  SKAT's claims in these actions concern fraudulent withholding tax refund

applications that the Defendant Pension Plans submitted to SKAT from 2012 to 2015.  "Early

warnings," if any, from before 2012 are not relevant.  Finally, SKAT objects to this topic to the

extent it seeks information that is not known or reasonably available to SKAT in that it calls for

testimony concerning "any response thereto by the Ministry of Taxation."

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the

foregoing objections, SKAT is aware of two "early warnings" issued by SKAT to the Ministry of

Taxation regarding payment of dividend withholding tax refunds, and will produce a witness to

testify concerning information known or reasonably available to SKAT regarding such "early

warnings."

**Topic No. 12:**

Communications between employees or representatives of SKAT and employees or representatives of any arm of the Danish government, including but not to the Ministry of Taxation and SOIK, regarding SKAT's payment of dividend withholding tax refunds

---

5.  *See* SKAT_MDL_001_00281058 (2010); SKAT_MDL_001_00281103 (2012, 2013); and SKAT_MDL_001_0075835 (2015).

and/or claims.

**Response to Topic No. 12:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with reasonable particularity.  The topic lacks discernible boundaries in that it "includes but is not limited to" communications with the "arms of the Danish government" identified therein, and calls for testimony concerning any communications between any "employee or representative of SKAT" and any "employee or representative of any arm of the Danish government" regarding SKAT's payment of dividend withholding tax refunds and/or claims.  It is disproportionate to the needs of the case and unrealistic for SKAT to conduct an inquiry into all such communications and prepare a witness to testify concerning the same.  SKAT further objects to this topic on the ground that it seeks information that is irrelevant to the parties' claims and defenses in these actions.  Communications from outside the period January 1, 2012 to December 31, 2015 and communications unrelated to SKAT's payment of the Defendant Pension Plans' withholding tax refund claims are not relevant.  Finally, SKAT objects to this topic to the extent it seeks testimony concerning communications protected by the attorney-client or other applicable privileges, or that SKAT is required to maintain as confidential under applicable Danish law.

SKAT's non-privileged, non-confidential communications during the period January 1, 2012 to December 31, 2015, with the Ministry of Taxation or SOIK regarding SKAT's payment of the Defendant Pension Plans' dividend withholding tax refunds and/or claims are or will be included in SKAT's document production.  SKAT will not produce a witness to testify concerning this topic.

**Topic No. 13:**

Communications between employees or representatives of SKAT and employees or representatives of any arm of the United States government, including but not limited to

14

the United States Internal Revenue Service, regarding the Plans and/or the Claims.

**Response to Topic No. 13:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with reasonable particularity.  The topic lacks discernible boundaries in that it "includes but is not limited to" communications with the "arm of the United States government" identified therein, and calls for testimony concerning any communications between any "employee or representative of SKAT" and any "employee or representative of any arm of the United States government" regarding the Defendant Pension Plans and/or the Claims.  It is disproportionate to the needs of the case and unrealistic for SKAT to conduct an inquiry into all such communications and prepare a witness to testify concerning the same.  SKAT further objects to this topic on the ground that it seeks information that is irrelevant to the parties' claims and defenses in these actions.  Communications from outside the period January 1, 2012 to December 31, 2015 and communications unrelated to the Defendant Pension Plans' fraudulent withholding tax refund claims are not relevant.  Finally, SKAT objects to this topic to the extent it seeks testimony concerning communications protected by the attorney-client or other applicable privileges, or that SKAT is required to maintain as confidential under the United States-Denmark Tax Treaty or applicable Danish or Unites States law.

SKAT's non-privileged, non-confidential communications during the period January 1, 2012 to December 31, 2015, with the United States Internal Revenue Service regarding the Defendant Pension Plans or the Claims are or will be included in SKAT's document production.  SKAT will not produce a witness to testify concerning this topic.

**Topic No. 14:**

Agreements between SKAT and any arm of the Danish government, including but not limited to the Ministry of Taxation and SOIK, regarding SKAT's authority to bring

15

claims on behalf of any arm of the Danish government regarding the payment of dividend withholding tax refunds and/or claims to U.S. pension plans or tax-exempt organizations, as defined by Section 501(c)(3) of the Internal Revenue Code.

**Response to Topic No. 14:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with reasonable particularity.  The topic lacks discernible boundaries in that it "includes but is limited to" agreements with the "arms of the Danish government" identified therein.  SKAT further objects to this topic on the ground that it seeks information that is irrelevant to the parties' claims and defenses in these actions.

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the foregoing objections, SKAT will produce a witness to testify concerning information known or reasonably available to SKAT regarding agreements, if any, between SKAT and the Ministry of Taxation or SOIK regarding SKAT's authority to bring claims on behalf of any arm of the Danish government regarding the payment of dividend withholding tax refunds and/or claims to U.S. pension plans or tax-exempt organizations, as defined by Section 501(c)(3) of the Internal Revenue Code.

**Topic No. 15:**

Communications between SKAT and foreign government officials (including but not limited to representatives of foreign governments, foreign regulators, foreign tax officials, and foreign criminal authorities) concerning dividend-arbitrage trading, including but not limited to dividend-arbitrage trading as a method of tax evasion or avoidance, proposals to curb or prohibit dividend-arbitrage trading, and potential damages caused by dividend-arbitrage trading.

**Response to Topic No. 15:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with reasonable particularity.  The topic lacks discernible boundaries in that it calls for testimony concerning all communication between SKAT and an official of any foreign government over a

15-year period concerning "dividend-arbitrage trading."  SKAT further objects to this topic as vague and ambiguous with respect to the meaning of "dividend-arbitrage trading."

Finally, SKAT objects to this topic on the ground that it seeks information that is irrelevant to the parties' claims and defenses in these actions.  SKAT alleges that the Defendant Pension Plans' refund applications were fraudulent because (i) the Plans' did not own the shares, receive the dividends or suffer the withholding tax they purported to in the applications, and (ii) the Plans' were not qualified to receive refunds under the United States-Denmark Tax Treaty in the first place.  SKAT does not allege that the Defendant Pension Plans were engaged in dividend-arbitrage trading, including dividend-arbitrage trading as a method of tax evasion or avoidance.  SKAT's communications, if any, with foreign government officials concerning dividend-arbitrage trading are therefore not relevant.  SKAT will not produce a witness to testify concerning this topic.

**Topic No. 16:**

SKAT's ownership, possession, authority, or control over revenues received through the assessment and collection of taxes.

**Response to Topic No. 16:**

SKAT objects to this topic as overly broad, unduly burdensome, not described with reasonable particularity, and seeking information that is irrelevant to the parties' claims and defenses in these actions to the extent it is not limited to the time period of the fraud SKAT alleges.

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the foregoing objections, SKAT will produce a witness to testify concerning information known or reasonably available to SKAT regarding SKAT's ownership, possession, authority, or control

over revenues received through the assessment and collection of taxes during the period January 1, 2012 to December 31, 2015.

**Topic No. 17:**

SKAT's transfer or distribution of revenues received through the assessment and collection of taxes to any arm of the Danish government.

**Response to Topic No. 17:**

SKAT objects to this topic as overly broad, unduly burdensome, not described with reasonable particularity, and seeking information that is irrelevant to the parties' claims and defenses in these actions to the extent it is not limited to the time period of the fraud SKAT alleges.

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the foregoing objections, SKAT will produce a witness to testify concerning information known or reasonably available to SKAT regarding SKAT's transfer or distribution of revenues received through the assessment and collection of taxes to any arm of the Danish government during the period January 1, 2012 to December 31, 2015.

**Topic No. 18:**

All investigations, reports, or analyses, formal or informal, drafted or conducted by or on behalf of SKAT regarding any Defendant's ownership or beneficial ownership of shares in any Danish company.

**Response to Topic No. 18:**

SKAT objects to this topic as seeking information that is irrelevant to the parties' claims and defenses in these actions to the extent it seeks investigations, reports, or analyses regarding any Defendant Pension Plan's ownership of shares of Danish companies other than those they claimed to own in the refund applications that are the subject of SKAT's claims. SKAT further

objects to this topic to the extent it seeks investigations, reports, or analyses protected by the

attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the

foregoing objections, SKAT will produce a witness to testify concerning information known or

reasonably available to SKAT regarding non-privileged investigations, reports, or analyses

conducted by SKAT regarding any Defendant Pension Plan's ownership or beneficial ownership

of the shares identified in the refund applications that are the subject of SKAT's claims.

**Topic No. 19:**

The factual basis for the allegations in the Complaints that SKAT discovered in June
2015 that claimants may have submitted allegedly fraudulent tax refund claims.

**Response to Topic No. 19:**

Subject to the Reservation of Rights and Objections to Instructions and Definitions,

SKAT will produce a witness to testify concerning information known or reasonably available to

SKAT regarding the information received on June 15, 2015 that certain claimants may have

submitted fraudulent tax refund claims.

**Topic No. 20:**

The factual basis for the reporting by SKAT to SOIK of the "alleged fraud" on or about
August 24, 2015.

**Response to Topic No. 20:**

Subject to the Reservation of Rights and Objections to Instructions and Definitions,

SKAT will produce a witness to testify concerning information known or reasonably available to

SKAT regarding the information reported by SKAT to SOIK on or about August 24, 2015.

**Topic No. 21:**

The rationale and process for revoking the prior approval of the Defendants' dividend

withholding tax claims and mechanisms for enforcing that revocation.

**Response to Topic No. 21:**

SKAT objects to this topic to the extent it calls for a legal conclusion concerning the "mechanism for enforcing" SKAT's revocations. SKAT further objects to this topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

Subject to the Reservation of Rights, Objections to Instructions and Definitions and the foregoing objections, SKAT will produce a witness to testify concerning information known or reasonably available to SKAT regarding the rationale relied upon and internal approval process for revoking the prior approval of the Defendants' dividend withholding tax claims.

**Topic No. 22:**

The factual basis for any assertion in a Complaint that any Defendant Pension Plan "did not meet the criteria for a qualified pension plan set forth in section 401(a) of the Internal Revenue Code and purportedly carried on debt-financed activities in breach of the Treaty's prohibition on such activities by a pension plan."

**Response to Topic No. 22:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with reasonable particularity. SKAT is not obligated to marshal all of the factual evidence that supports its allegations that the Defendant Pension Plans did not meet the criteria for a qualified pension plan set forth in section 401(a) of the Internal Revenue Code and purportedly carried on debt-financed activities in breach of the Treaty's prohibition on such activities by a pension plan and prepare a witness to testify concerning the same. SKAT further objects to this topic on the ground that it seeks a witness to testify concerning information protected by the attorney work product doctrine and the attorney-client privilege. Finally, this topic impermissibly seeks to

20

discover SKAT's contentions or legal theories concerning these actions.  SKAT will not produce

a witness to testify concerning this topic.

**Topic No. 23:**

>   The factual basis for any allegation that a Defendant Pension Plan "cannot have obtained funding from a proper source and cannot have complied with the contribution rules in section 401(a) of the Internal Revenue Code."

**Response to Topic No. 23:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with

reasonable particularity.  SKAT is not obligated to marshal all of the factual evidence that

supports its allegations that the Defendant Pension Plans cannot have obtained funding from a

proper source and cannot have complied with the contribution rules in section 401(a) of the

Internal Revenue Code and prepare a witness to testify about the same.  SKAT further objects to

this topic on the ground that it seeks a witness to testify concerning information protected by the

attorney work product doctrine and the attorney-client privilege.  Finally, this topic

impermissibly seeks to discover SKAT's contentions or legal theories concerning these actions.

SKAT will not produce a witness to testify concerning this topic.

**Topic No. 24:**

>   The factual basis for any allegation that SKAT paid monies to any Defendant Pension Plan on the basis of "mistaken understandings of fact" including, without limitation, the identification of the "mistaken understandings of fact" and the factual bases for the allegation that SKAT had a "mistaken understanding that the Defendants had submitted valid claims with supporting documentation."

**Response to Topic No. 24:**

SKAT objects to this topic as overly broad, unduly burdensome and not described with

reasonable particularity.  SKAT is not obligated to marshal all of the factual evidence that

supports its allegations that SKAT paid monies to any Defendant Pension Plan on the basis of

mistaken understandings of fact and prepare a witness to testify about the same.  SKAT further

objects to this topic on the ground that it seeks a witness to testify concerning information

protected by the attorney work product doctrine and the attorney-client privilege.  Finally, this

topic impermissibly seeks to discover SKAT's contentions or legal theories concerning these

actions.  SKAT will not produce a witness to testify concerning this topic.

Dated: New York, New York
        January 7, 2021

HUGHES HUBBARD & REED LLP

By:____/s/ Neil J. Oxford_____
    William R. Maguire
    Marc A. Weinstein
    Neil J. Oxford
 One Battery Park Plaza
 New York, New York 10004-1482
 Telephone: (212) 837-6000
 Fax:  (212) 422-4726
 bill.maguire@hugheshubbard.com
 marc.weinstein@hugheshubbard.com
 neil.oxford@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*