# Exhibit 4

WILMERHALE

**VIA EMAIL**

January 22, 2021

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

Marc Weinstein
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

Re:   *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-02865-LAK (S.D.N.Y.)

Dear Marc:

I write in response to SKAT's January 7, 2021 responses and objections to our 30(b)(6) notice.

We are willing to meet and confer regarding the notice topics. To aid the parties' discussion, we address here several of SKAT's objections.

*First*, SKAT objects to topics 1, 5, 6, 22, 23, and 24 on the basis that each "impermissibly seeks to discover SKAT's contentions or legal theories." That is not remotely what the topics contemplate. Each clearly seeks the "factual basis" for certain allegations, which is a permissible topic for a Rule 30(b)(6) deposition. *White v. City of Cleveland*, 417 F. Supp. 3d 896, 910 (N.D. Ohio 2019) ("[N]umerous courts have held that a party may use a Rule 30(b)(6) deposition to inquire into the factual bases for another party's claims or defenses."); *Equal Empl. Opportunity Comm'n v. Gold, Inc.*, No. 17-cv-439-RV-CJK, 2018 WL 5784055, at *1 (N.D. Fla. June 25, 2018) (granting motion to compel Rule 30(b)(6) deposition into the "factual basis" for the employee's discrimination claim). Moreover, where courts have limited testimony along these lines, they have generally done so in favor of interrogatories requesting the same information. But SKAT refuses to answer properly formulated and served interrogatories on the same topics. *See* December 18, 2020 Email from John McGoey to Alan Schoenfeld. We have now offered multiple avenues for SKAT to provide the same information, to which Defendants are unquestionably entitled. Perhaps SKAT can refuse one or the other; SKAT cannot refuse both.[1]

*Second*, SKAT objects to topics 2, 3, 4, 7, 8, 16, and 17 on the basis that they seek testimony regarding events outside the period January 1, 2012, to December 31, 2015, and makes a similar objection to the Notice's definition of "Relevant Time Period." That objection is misplaced; a far longer time period is relevant and proportional to the needs of this case. For example, Defendants are entitled to discovery in support of their defenses, including statute of limitations and contributory negligence. Among other things, we are aware of repeated ignored warnings

---

[1] Needless to say, should SKAT respond to Defendants' interrogatories on these topics, we reserve our rights to examine whoever verifies the interrogatories on SKAT's behalf about the responses.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

WILMERHALE

Marc Weinstein
January 22, 2021
Page 2

dating back as far as 2002 and memoranda dating to 2006 advising that SKAT lacked adequate controls to verify the accuracy of reclaim applications. SKAT's deficient policies and processes surrounding the collection or payment of dividend withholding tax refunds are plainly relevant to Defendants' defenses, and SKAT should produce a witness who is competent to testify on these topics for the full time period from 2005 to present.

*Third*, SKAT's refusal to provide a witness to testify on topics 12, 13, and 15 is unacceptable. SKAT's offer to produce certain documents related to topics 12 and 13 does not diminish Defendants' entitlement to take testimony on those topics. If anything, SKAT's production of documents related to these topics is a concession that the information is relevant and in SKAT's possession, and thus a proper topic for examination in a 30(b)(6) deposition. Nor is SKAT's objection that topic 15 "seeks information that is irrelevant to the parties' claims and defenses in these actions" well-founded. SKAT's knowledge of dividend-arbitrage trading and any efforts by foreign counterparts to curb its use is plainly relevant to Defendants' defense to the claim that SKAT was somehow defrauded.

*Finally*, SKAT's responses to topics 10, 11, and 21 are not sufficient. Topic 10 requests testimony on "*[a]ll* investigations, reports, audits, or analyses … regarding the payment of dividend withholding taxes by listed Danish companies to SKAT and dividend withholding tax refunds paid to any claimants," but SKAT has unreasonably limited the testimony it will offer to the exemplars included in Defendants' request. Any investigative reports or analyses drafted by or for SKAT are relevant to Defendants' defenses to SKAT's fraud claim, and SKAT should provide a witness who can testify to *any* reports, not just those listed as examples in topic 10. In its response to topic 11, SKAT has not offered to tender a witness on the topic of the Ministry of Taxation's response to SKAT regarding any "early warning." This is not acceptable. SKAT cannot credibly claim to be unaware of the substance of any response from the Ministry of Taxation to SKAT about the early warnings; SKAT should prepare its designee to speak to SKAT's knowledge of any response by the Ministry of Taxation. Because the Ministry is the authority on the relevant tax law, its response to any warning from SKAT is plainly relevant to SKAT's claims and to Defendants' defenses. Finally, SKAT states in response to topic 21 that it will not offer a designee to testify about SKAT's "mechanisms for enforcing" the revocation of the prior approval of Defendants' dividend withholding tax claims because the topic "calls for a legal conclusion." That is not correct. The topic asks for testimony on how, as a practical matter, SKAT has sought to enforce, and intends to enforce, its purported revocation of dividend withholding tax claims that it previously approved.

Defendants are available to discuss these issues at your convenience.

WILMERHALE

Marc Weinstein
January 22, 2021
Page 3

Very truly yours,

*/s/ Alan E. Schoenfeld*
Alan E. Schoenfeld