# Exhibit 5



Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

March 12, 2021

**VIA EMAIL**

Alan E. Schoenfeld, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
alan.schoenfeld@wilmerhale.com

        Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-02865 (S.D.N.Y.)

Dear Alan:

       I write on behalf of plaintiff Skatteforvaltningen ("SKAT") in response to defendants' January 22, 2021 letter and to follow up on the parties' subsequent call on February 15, 2021, concerning defendants' Rule 30(b)(6) notice and SKAT's responses and objections thereto.

**Topics 1, 5, 6, 22, 23 and 24**

       Defendants' position on topics 1, 5, 6, 22, 23 and 24 misrepresents both SKAT's legal position and the law in this District.  First, SKAT did not "refuse[]" to answer defendants' interrogatories concerning the same subjects covered by topics 1, 5, 6, 22, 23 and 24.  (Jan. 22 Ltr. at 1.)  SKAT objected to defendants' attempt to propound contention interrogatories in violation of Southern District of New York Local Rule 33.1's prohibition on the use of such interrogatories before the completion of other discovery.  *See In re Facebook, Inc., IPO*, MDL No. 12-2389, 2016 WL 5080152, at *3 (S.D.N.Y. May 10, 2016) ("Southern District courts have been generally consistent that the proper understanding of Rule 33 requires contention interrogatories be reserved until after the completion of discovery.").  Should defendants serve contention interrogatories concerning these topics at an appropriate time, as required by the local

rules, SKAT of course will provide responses, subject to any objections it may have to any specific interrogatory.[1]

Second, defendants' claim that these topics do not seek SKAT's contentions because each seeks the "factual basis for" certain of SKAT's claims does not hold water. (Jan. 22 Ltr. at 1.) In fact, just the opposite is true. *Cf. Tribune Co. v. Purcigliotti*, No. 93 Civ. 7222 (LAP) (THK), 1997 WL 540810, at *1 (S.D.N.Y. Sep. 3, 1997) ("Contention interrogatories . . . seek information about the factual bases underlying the claims and contentions of an adverse party . . . ."). Courts in this District do not permit 30(b)(6) topics like these designed to discover the opposing party's contentions. *See, e.g.*, *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories"). That is particularly so where the same information may be obtained via other means, such as is the case here through contention interrogatories. *See U.S. v. Dist. Council of New York City*, No. 90 Civ. 5722 (CSH), 1992 WL 208284, at *16 (S.D.N.Y. Aug. 18, 1992) (Rule 30(b)(6) deposition that "requires [the witness] to inform herself of all relevant facts known by counsel . . . is not an appropriate alternative" to "focused contention interrogatories"). And even were that not so, defendants ignore the additional reasons SKAT set forth why these topics are objectionable, including, for example, that topic 1 seeks the "factual basis for" all SKAT's allegations in all its pleadings filed in this litigation and in its English action that is separate entirely from this litigation. *See BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-09371 (KPF) (SN), 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017) ("topics that generally seek testimony as to every fact that supports a legal claim will likely fail the reasonable particularity requirement").

**Topics 2, 3, 4, 7, 8, 16 and 17**

Defendants argue that SKAT's objections limiting topics 2, 3, 4, 7, 8, 16 and 17 to the period January 1, 2012 to December 31, 2015, are "misplaced," and that "a far longer time period" is purportedly relevant because of supposed "ignored warnings dating back as far as 2002 and memoranda dating to 2006 advising that SKAT lacked adequate controls." (Jan. 22 Ltr. at 1-2.)[2] But while SKAT disputes the relevance of "ignored warnings dated back as far as 2002 and memoranda dating to 2006," SKAT nonetheless has agreed in response to topics 10 and 11 to produce a witness to testify about the two early warnings of which it is aware and the 2006 so-called "Problemkatalog." Indeed, none of topics 2, 3, 4, 7, 8, 16 and 17 even seeks information about "ignored warnings" or "memoranda". These topics (except for 16 and 17, for which the relevance to defendants' purported "statute of limitations and contributory negligence" defenses is hard to understand) seek testimony about SKAT's processes and controls that, to the extent purportedly relevant outside the period from 2012 to 2015, will be provided in response to defendants' other topics.

---

1. Defendants in a footnote purport to reserve their rights "to examine whoever verifies the interrogatories on SKAT's behalf about the responses." (Jan. 22 Ltr. at 1 n.1.) SKAT reserves its right to dispute that defendants have any such right to examine that person.

2. Defendants note that SKAT made the same objection to the notice's definition of "Relevant Time Period," but since that defined term is not used anywhere in the notice or the topics, it is of no consequence.

**Topics 12, 13 and 15**

      Defendants' argument about the relevance of topics 12 and 13 misses the mark.  (Jan. 22 Ltr. at 2.)  Setting aside whether some subset of the information sought may be relevant, Rule 30(b)(6)'s reasonable particularity requirement means that topics must "have discernible boundaries."  *Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018).  Topics 12 and 13—seeking testimony concerning all communications between employees or representatives of SKAT and employees or representatives of any arm of the Danish or U.S. governments, respectively, about the topics set forth therein—have no such boundaries.  A Rule 30(b)(6) deposition is not supposed to be "a memory contest" and courts "strike notice topics," such as topics 12 and 13, "that would result in a witness merely testifying to information readily available through document production."  *BlackRock Allocation Target Shares: Series S Portfolio*, 2017 WL 9400671 at *2.  In addition to suffering from the same flaws, topic 15—seeking testimony concerning all communications between SKAT and any "foreign government officials" concerning "dividend-arbitrage trading"—is plainly irrelevant.

**Topics 10, 11 and 21**

      <u>Finally</u>, SKAT's limitation of topic 10 to the "exemplars" included therein is not "unreasonabl[e]."  (Jan. 22 Ltr. at 2.)  Topic 10's inclusion of the "language 'including but not limited to'" makes it "overbroad . . . and defeats the purpose of giving notice of the topics to be discussed in the deposition," as SKAT does not know what other reports, if any, on which defendants seek testimony.  *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010); *accord Winfield*, 2018 WL 840085 at *5 ("topics should not be listed as 'including but not limited to;' rather, they must be explicitly stated").  For topic 11, while SKAT disputes the relevance of such information, SKAT will produce a witness to testify about information known or reasonably available to SKAT concerning "any response from the Ministry of Taxation to SKAT" for the two "early warnings" of which SKAT is aware.  (Jan. 22 Ltr. at 2.)  Defendants' explanation that topic 21 seeks testimony about "how, as practical matter, SKAT has sought to enforce, and intends to enforce," its revocations demonstrates only that this topic has no relevance to any issue in this case.  (Jan. 22 Ltr. at 2.)  In any event, defendants are of course fully aware of the actions SKAT has taken to enforce the revocations because they are party to those Danish proceedings.  And asking for a witness on SKAT's intended legal strategy in Danish proceedings does not somehow become appropriate by the addition of the word "practical."

      We trust that these further explanations satisfy the defendants and we can proceed with the 30(b)(6) testimony on the basis to which SKAT has agreed.  If not, please let us know when next week you are available to meet and confer regarding defendants' 30(b)(6) topics and SKAT's objections thereto.

                                                      Sincerely,

                                      /s/  Marc A. Weinstein
                                        Marc A. Weinstein