# Exhibit 6

WILMERHALE

**VIA EMAIL**

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

March 18, 2021

Marc Weinstein
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

Re:    *In re Customs and Tax Administration of the Kingdom of Denmark
       (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-02865-LAK
       (S.D.N.Y.)

Dear Marc:

I write in response to your March 12, 2021 letter regarding SKAT's objections to Defendants'
Rule 30(b)(6) notice.

### 1.    SKAT Must Prepare A Witness On The Factual Bases For SKAT's Allegations

We fundamentally disagree with SKAT's objection to providing testimony on Topics 1, 5, 6, 22,
23, and 24.  As we explained in our January 22, 2021 letter to you, SKAT cannot preclude
deposition testimony concerning the "factual basis" of its claims.  *White v. City of Cleveland*,
417 F. Supp. 3d 896, 910 (N.D. Ohio 2019) ("[N]umerous courts have held that a part may use a
Rule 30(b)(6) deposition to inquire into the factual basis for another party's claims or
defenses."); *Woelfle v. Black & Decker (U.S.) Inc.*, 2020 WL 1180749, at *4 (W.D.N.Y. Mar. 12,
2020) ("As a general matter, the factual bases of contentions, denials, and affirmative defenses
are properly subject to questioning under Fed. R. Civ. P. 30(b)(6).").  Your letter itself cites
authority for the proposition that "depositions, including 30(b)(6) depositions, are designed to
discover facts."  That is all we seek to do.  *See, e.g.*, *Crawford v. Franklin Credit Mgmt. Corp.*,
261 F.R.D. 34, 38 (S.D.N.Y. 2009) ("The proper scope of the questioning of a Rule 30(b)(6)
witness is not defined by the notice of deposition, but by Rule 26(b)(1) of the Federal Rules of
Civil Procedure, unless a court otherwise directs.") (citation omitted).  And, SKAT's refusal to
provide timely responses to Defendants' interrogatories makes this testimony especially
important.

### 2.    SKAT Must Respond To Defendants' Interrogatories

We appreciate SKAT's agreement that it "will provide responses" to Defendants' contention
interrogatories.  But we fundamentally disagree that the Local Rules prohibit a party from
serving contention interrogatories until fact discovery has closed.  Precisely the opposite is true:
Local Rule 33.3(c) explicitly allows for contention interrogatories to be served "*at least* 30 days

WILMERHALE

Marc Weinstein
March 18, 2021
Page 2

*prior to* the discovery cut-off date."  In a case of this scope and complexity, where discovery spans multiple years, it makes no difference that Defendants served their interrogatories more than 30 days before the agreed-to close of discovery.  We are barely more than three months away from June 30, 2021.  SKAT should answer Defendants' interrogatories now, which will allow for time to meet and confer to the extent Defendants take issue with SKAT's responses and to seek relief from the Court within the discovery period.  While there is no need for Defendants to re-serve them, as your letter suggests, Defendants will do so as a courtesy.  Please confirm that SKAT will respond to Defendants' interrogatories promptly, and in any case, at least 14 days before its 30(b)(6) deposition.

### 3.   SKAT Must Prepare A Witness Who Can Provide Testimony From 2005 to Present

SKAT has objected to Topics 2, 3, 4, 7, 8, 16, and 17 on the basis that they seek testimony outside the period January 1, 2012 to December 31, 2015.  As we have previously explained, this testimony will bear directly on defenses relating to causation, failure to mitigate, contributory or comparative negligence, and the statute of limitations.  In response, SKAT now offers to prepare its designee to speak about "the two early warnings of which it is aware and the … 'Problemkatalog'" from 2006 in response to Topics 10 and 11.  As Defendants explained in our January 22, 2021 letter, SKAT's offer on Topics 10 and 11 is insufficient.  Topic 10 requests testimony on "[a]ll" investigations and reports; Topic 11 requests testimony on "[a]ny early warning."  These topics are not limited to just those documents called out as exemplars in Defendants' request.  To the extent there were any investigations or reports concerning the payment of dividend withholding tax, or other early warnings, before 2012, SKAT must prepare its designee to testify on those subjects.

### 4.   SKAT Must Testify About Its Communications With The Rest Of The Danish Government, The United States, And Foreign Government Officials

SKAT's objection to providing testimony in response to Topics 12, 13, and 15 makes no sense.  You insist that this testimony is not relevant, but your actual responses to the Rule 30(b)(6) notice concede that SKAT has produced documents directly responsive to at least Topics 12 and 13.  Were it truly the case that those Topics sought testimony that was irrelevant, SKAT would not have produced documents related to those Topics.  Nor do these topics lack "discernible boundaries"—for instance, it seems exceedingly unlikely that there would be a significant volume of communications between SKAT and the United States government regarding the Plans and Claims at issue in this litigation.  Surely a witness can testify regarding those communications, and the mere fact that *written* communications have been produced is insufficient.  With regard to Topic 15, testimony concerning SKAT's communications with foreign government officials concerning dividend-arbitrage trading bears directly on the same defenses enumerated above.  To take just one example, it is now well known that Germany

WilmerHale

Marc Weinstein
March 18, 2021
Page 3

changed its tax laws in 2012 to effectively prohibit certain cum-ex trading; SKAT's awareness of
that change and its decision not to take similar actions (or promote similar legislation) in
Denmark is plainly relevant.

### 5.      SKAT Cannot Limit Its Testimony In Response To Topics 10, 11, And 21

SKAT's response to Topic 10 is insufficient.  We appreciate that SKAT has agreed to testify
regarding two specific documents that we identified within that request (the 2015 *Rigsrevisionen*
report and the "Problemkatalog").  And we appreciate that SKAT has agreed to testify regarding
"internal audit reports regarding dividend withholding tax from 2010 and afterwards."  But
SKAT's willingness to testify regarding any internal audit reports is inconsistent with its position
that it cannot possibly testify regarding any investigations, reports, or analyses conducted by or
on behalf of SKAT or the Ministry of Taxation regarding the payment of dividend withholding
taxes.  If SKAT can provide the former, it can clearly provide the latter.  Both are relevant.  The
fact that Defendants have not identified additional investigations, reports, or analyses in their
Topic does not somehow preclude their ability to seek testimony concerning that subject.

With respect to Topic 11, SKAT appears to have agreed to provide the testimony Defendants are
seeking.  To the extent SKAT becomes aware of additional "early warnings" it issued to the
Ministry of Taxation regarding dividend withholding tax, Defendants expect SKAT to be
prepared to testify regarding such warnings and any response to such warnings from the Ministry
of Taxation.

Finally, with respect to Topic 21, SKAT has agreed to produce a witness to testify concerning
SKAT's rationale relied upon and internal approval process for revoking the prior approval of
the Defendants' dividend withholding tax claims.  In also seeking information about the
mechanisms for enforcing those revocations, Defendants are not seeking privileged information
concerning SKAT's legal strategy.  SKAT ought to be able to explain its plan for actually
operationalizing its belated revocation of approved reclaims.

*          *          *

As you previously acknowledged, to the extent SKAT is unwilling to provide testimony in any of
the noticed topics, SKAT must seek relief from the Court.  Otherwise, we will expect its
witnesses to be fully prepared.  Having exchanged multiple letters on this subject and having
already conferred with SKAT once (as your letter acknowledges at the outset), we do not believe
any further meet and confer is required.  That said, if you feel like it would be productive to
speak with us before you file your motion, please provide some times to speak.

WILMERHALE

Marc Weinstein
March 18, 2021
Page 4

Very truly yours,


Alan E. Schoenfeld