UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: All Cases. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE (LETTERS ROGATORY)

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496
 (S.D.N.Y. Mar. 31, 2014) ................................................................................................5

*Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013) ......................5

*Elliott Assocs. v. Republic of Peru*, Nos. 96 CIV. 7917 (RWS), 96 CIV. 7916
 (RWS), 1997 WL 436493 (S.D.N.Y. Aug. 1, 1997) ......................................................6

*Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433
 (S.D.N.Y. July 25, 2016) ................................................................................................5

*Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769
 (S.D.N.Y. 2012) .........................................................................................................5, 6

*In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244 (S.D.N.Y. 2011) ....................................6

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of
 Iowa*, 482 U.S. 522, 107 S. Ct. 2542 (1987) ................................................................5

**Statutes and Rules**

28 U.S.C. § 1781(b)(2) ......................................................................................................5

Fed. R. Civ. P. 26 ..............................................................................................................5

Fed. R. Civ. P. 28(b)(1)(B) ...............................................................................................5

Plaintiff Skatteforvaltningen ("SKAT"), the Customs and Tax Administration of the Kingdom of Denmark, respectfully submits this memorandum of law in support of its motion (the "Motion") for the issuance of letters of request to obtain documents and testimony from witnesses in the United Kingdom of Great Britain and Northern Ireland (the "United Kingdom") pursuant to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"). Proposed letters rogatory are attached as Exhibit 1 to the Declaration of Neil J. Oxford, dated March 30, 2021 ("Oxford Decl.").

## PRELIMINARY STATEMENT

SKAT seeks to recover some of the over $2.1 billion that Defendants—United States pension plans (the "Plans") and related entities and individuals—deceived it into paying based on fraudulent claims for refunds of dividend withholding tax. Specifically, Defendants submitted to SKAT fraudulent dividend withholding tax refund claim applications, which falsely claimed that the Plans owned shares in Danish companies listed on the OMX Copenhagen 20 Index ("Danish Securities"). These applications are alleged to have been fraudulent because the Plans did not actually own the shares of Danish Securities that they claimed to own, did not earn the dividends they claimed to have earned, and were not entitled to the tax refunds they claimed. By submitting these claims, Defendants were able to receive refunds on dividend withholding tax to which they were not entitled.

A central issue in these cases is therefore whether the Plans owned any of the Danish Securities or received the dividends that served as the basis for their dividend withholding tax refund claims. Each Plan submitted to SKAT a "credit advice," "income advice," "tax voucher," or similar document (a "Credit Advice") created by a custodian ("Custodian") that purported to show the claimant's ownership of Danish Securities.

SKAT has commenced a separate lawsuit in England related to the dividend withholding tax fraud (the "English Action"). Sanjay Shah and other defendants in the English Action (the "Shah Defendants") have stated that Solo Capital Partners LLP ("Solo Capital"), which issued Credit Advices for over 100 of the Plans, relied on sub-custodians to hold the Danish Securities for Solo Capital. (A sub-custodian is a financial institution that holds securities on behalf of other Custodians.) The Shah Defendants have over time referenced three entities that potentially and allegedly served as its Sub-Custodians[1] for Solo Capital: "JP Morgan"; "SEB"; and "Societe General SA, Zurich Branch" (the "Referenced Sub-Custodians").[2] The Shah Defendants have represented that the Referenced Sub-Custodians allegedly held Danish Securities on behalf of Solo Capital for the benefit of the Plan Defendants in this MDL.[3] Due to the close relationship (*i.e.* common ownership by Sanjay Shah) between Solo Capital and three other Custodians (Old Park Lane Capital Limited, Telesto Markets LLP, and West Point Derivatives Limited (together with Solo Capital, the "Solo Custodians")), SKAT believes that Old Park Lane Capital Limited, Telesto Markets LLP, and West Point Derivatives Limited may similarly claim that the Referenced Sub-Custodians served as a Sub-Custodian for them.

In September 2016, proceedings were commenced in the United Kingdom in the High Court of Justice, Chancery Division, Companies Court, whereby Solo Capital was placed

---

1. "Sub-Custodians" means any entity that acted as a sub-custodian for the Solo Custodians, including, but not limited to, J.P. Morgan Securities plc; Skandinaviska Enskilda Banken, Danmark; and Société Générale SA, and any of their affiliates, subsidiaries, predecessors, successors, assigns, principals, officers, directors, employees, agents, representatives, and attorneys.

2. *See* Oxford Decl. Ex. 3 at 21; Ex. 4 at 4; and Ex. 5 at 2.

3. *See* Oxford Decl. Ex. 3 at 21; Ex. 4 at 4; and Ex. 5 at 2.

into special administration and Old Park Lane Capital Limited, Telesto Markets LLP, and West Point Derivatives Limited were placed into administration.[4] Douglas Nigel Rackham and Michael John Andrew Jervis of PWC (together, the "Administrators") were appointed joint special administrators of Solo Capital and joint administrators of the other three Solo Custodians. The Administrators have possession and control over documents and records formerly held by the Solo Custodians, including documents that would authoritatively demonstrate which entities, if any, served as Sub-Custodians for Danish Securities. Additionally, the Administrators have possession and control over documents related to the Solo Custodians' bank accounts and their communications and reporting to regulatory authorities.

SKAT now seeks the assistance of this Court in issuing letters rogatory seeking documentary evidence and, if necessary, testimony from the Administrators. Specifically, SKAT seeks from the Administrators three narrow categories of information: account statements of the Solo Custodians' holding Danish Securities at any Sub-Custodian; bank account statements of the Solo Custodians into which any Dividends were paid; and correspondence between the Solo Custodians and the United Kingdom's Financial Conduction Authority (the "FCA").

This information will be relevant to the issue of whether the Plans were the actual holders of the Danish Securities that they asserted as the basis of their claims for dividend withholding tax refunds. First, information about whether the Solo Custodians' bank accounts actually received any Dividends is relevant to the issue as to whether the Defendants held the shares they purported to own, and received the Dividends they purported to receive, and so pertinent to the claims in the MDL. Second, the Solo Custodian's correspondence with the FCA

---

4. In the United Kingdom, bankruptcy proceedings are referred to as "Administration," and "Special Administration" is the process of administration for certain financial entities.

is relevant to the Sub-Custodians purported holdings of Danish Securities or receipt of Dividends, as the Solo Custodians' former counsel has in its correspondence with the FCA made statements regarding the Solo Custodians' use of Sub-Custodians in relation to Danish Securities and Dividends.[5]

SKAT remains in an ongoing cooperative dialogue with the Administrators and has been able to obtain an agreement in principle for the Administrators to provide responsive documentation to SKAT for use in the MDL. While SKAT is hopeful that the Administrators will respond to its requests on a voluntary basis, SKAT now seeks the issuance of the letters rogatory to ensure that the Administrators' response is completed on a timeline that is consistent with the discovery deadlines in place in the MDL, and to ensure that any documentation or testimony from the Administrators is provided in a form that is admissible as evidence in this MDL.

The Administrators are not a party to this lawsuit, are citizens of another country, and are not otherwise subject to the jurisdiction of this Court. Thus, it is appropriate for SKAT to seek to obtain evidence under the Hague Evidence Convention. SKAT contacted lead counsel for the Defendants to inform them of the relief sought herein. Through this Motion, SKAT respectfully requests that the Court issue letters rogatory to the courts of the United Kingdom in order to allow it to obtain evidence from the Administrators, which will evidence the Defendants' fraudulent scheme.

## **LEGAL STANDARD**

Letters rogatory are the means by which a court in one country can formally request that a court in another country lend its judicial assistance in obtaining evidence or

---

5. *See* Ex. 5 at 2.

performing some other judicial act. *Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 775-76 (S.D.N.Y. 2012). Rule 28(b)(1)(B) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory that enable a U.S. litigant to obtain non-party evidence from a foreign entity. Letters can be sent directly from this Court without transmittal by the State Department. 28 U.S.C. § 1781(b)(2).

In considering an application for issuance of letters rogatory, United States courts apply the discovery principles embodied by Rule 26. The party seeking discovery bears the burden of demonstrating that the evidence sought is relevant. *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014). "While not 'unlimited, relevance, for purposes of discovery, is an extremely broad concept.'" *Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)). Once relevance is shown, the burden shifts to the party opposing discovery to show that the discovery is improper. *Id*.

## ARGUMENT

I. **LETTERS ROGATORY ARE THE PROPER DISCOVERY DEVICE**

The United States and the United Kingdom are both signatories to the Hague Evidence Convention. *Hague Evidence Convention Status Table*, HCCH (Mar. 1, 2019), https://www.hcch.net/en/instruments/conventions/status-table/?cid=82. SKAT seeks evidence from the Administrators, who are located in the United Kingdom, to support its claims against the Defendants in these actions.

Recourse to the Hague Evidence Convention is "available whenever [it] will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541,

5

107 S. Ct. 2542, 2554 (1987). Letters rogatory are appropriately used to obtain evidence from witnesses who cannot be compelled to appear in a United States court. *See In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 259 (S.D.N.Y. 2011). Where, as here, the witness subject to the motion is not a party to the lawsuit and is not otherwise subject to the jurisdiction of the U.S. court, it is appropriate to turn to the Hague Evidence Convention. *Elliott Assocs. v. Republic of Peru*, Nos. 96 CIV. 7917 (RWS), 96 CIV. 7916 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997); *Lantheus*, 841 F. Supp. 2d at 782 (S.D.N.Y. 2012) ("parties seek, and U.S. courts will usually issue, letters rogatory where the court otherwise lacks jurisdiction to compel discovery"). "The party opposing the issuance of a letter of request must show some good reason to deny the application." *Elliott*, 1997 WL 436493, at *2.

## II. SKAT'S REQUESTS ARE RELEVANT TO THE CLAIMS IN THIS ACTION

SKAT seeks documents and testimony from the Administrators, who possess documents and can give testimony as to whether the Solo Custodians actually held the Danish Securities the Plans claimed to own and for which they sought dividend withholding tax refunds from SKAT. The issue of whether the Custodians held Danish Securities on behalf of the Plans is a central issue in these proceedings. Specifically, SKAT has alleged in the complaints commencing these actions that the applications for dividend withholding tax refunds "were fraudulent because the claimants did not own the shares that they claimed to own, did not earn the dividends they claimed to have earned, and were not entitled to the tax refunds they claimed." (*See, e.g.*, Oxford Decl. Ex. 2 ¶ 4.) Accordingly, the documents and testimony that SKAT seeks from the Administrators, including account statements, stock records, cash records, regulatory filings, and related documentation, will authoritatively identify the complete set of entities that served as Sub-Custodians for the Solo Custodians, which will in turn allow for a determination as to whether any Sub-Custodian held Danish Securities for the Solo Custodians,

6

and by extension the Plans, in an amount sufficient to support the Plans' dividend withholding tax refund claims (if any Sub-Custodian held any Danish Securities for the Solo Custodians and/or Plans at all), and are therefore directly relevant.

Further, Solo Capital has directly indicated that it did not hold shares of Danish Securities directly, but instead used Sub-Custodians to hold those securities. Solo Capital is a defendant in a separate lawsuit commenced by SKAT related to the dividend withholding tax fraud in England (the "English Action"). In pleadings it filed in the English Action, Solo Capital stated that it used "JP Morgan" and "SEB" as Sub-Custodians for portions of the relevant period in which the Plans filed applications for dividend withholding tax refunds. (*See, e.g.*, Oxford Decl. Ex. 3 at 21 and Ex. 4 at 4.) Further, a letter, dated March 11, 2016, from Solo Capital's former counsel, Reed Smith LLP, in response to an inquiry from the FCA states that from January 1, 2014 to August 24, 2015, "Societe General SA, Zurich Branch was the only Sub-Custodian used by [Solo Capital, Old Park Lane Capital PLC, Telesto Markets LLP, and West Point Derivatives Ltd]" and that those Custodians "did not receive dividends on Danish securities in cash." (Oxford Decl. Ex. 5.) The documents and testimony that SKAT seeks from the Administrators related to authoritatively identifying the Sub-Custodians used by the Solo Custodians is therefore directly relevant to the core issues in this proceeding.

SKAT has reason to believe that no Sub-Custodian actually held the Danish Securities that served as the basis of the Plans' dividend withholding tax refund claims. Given that at least one, if not more, of the Custodians has stated that it utilized Sub-Custodians to hold Danish Securities, the information sought from the Administrators through the letters rogatory will evidence whether the assertions of the Plans that they actually owned the Danish Securities, and received the dividends, are true or false.

7

## **CONCLUSION**

For the reasons set forth above, SKAT respectfully requests that the Court grant its Motion for Issuance of a Request for International Judicial Assistance to Obtain Evidence.

Dated: New York, New York
March 31, 2021

HUGHES HUBBARD & REED LLP

By: /s/ Neil J. Oxford
    William R. Maguire
    Marc A. Weinstein
    Neil J. Oxford
    Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*