UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: All Cases. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE TO OBTAIN EVIDENCE (LETTERS ROGATORY)**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496
 (S.D.N.Y. Mar. 31, 2014) ...........................................................................................................3

*Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013) ......................................3

*Elliott Assocs. v. Republic of Peru*, No. 96 CIV. 7916 (RWS), 1997 WL 436493
 (S.D.N.Y. Aug. 1, 1997) .............................................................................................................4

*Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433
 (S.D.N.Y. July 25, 2016) ............................................................................................................3

*Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769
 (S.D.N.Y. 2012) ......................................................................................................................3, 4

*In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244 (S.D.N.Y. 2011) ....................................................4

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of
 Iowa*, 482 U.S. 522, 107 S. Ct. 2542 (1987) ..............................................................................4

**Statutes and Rules**

28 U.S.C. § 1781(b)(2) ....................................................................................................................3

Fed. R. Civ. P. 26 .............................................................................................................................3

Fed. R. Civ. P. 28(b)(1)(B) ..............................................................................................................3

Plaintiff Skatteforvaltningen ("SKAT"), the Customs and Tax Administration of the Kingdom of Denmark, respectfully submits this memorandum of law in support of its motion (the "Motion") for the issuance of letters of request to obtain documents and testimony from a witness in the United Kingdom of Great Britain and Northern Ireland (the "United Kingdom") pursuant to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention").  Proposed letters rogatory are attached as Exhibit 1 and Exhibit 2 to the Declaration of Neil J. Oxford, dated April 9, 2021 ("Oxford Decl.").

## PRELIMINARY STATEMENT

SKAT seeks to recover some of the over $2.1 billion that Defendants—United States pension plans (the "Plans") and related entities and individuals—deceived it into paying based on fraudulent claims for refunds of dividend withholding tax.  Specifically, Defendants submitted to SKAT fraudulent dividend withholding tax refund claim applications, which falsely claimed that the Plans owned shares in Danish companies listed on the OMX Copenhagen 20 Index ("Danish Securities").  These applications are alleged to have been fraudulent because the Plans did not actually own the shares of Danish Securities that they claimed to own, did not earn the dividends they claimed to have earned, and were not entitled to the tax refunds they claimed. By submitting these claims, Defendants were able to receive refunds on dividend withholding tax to which they were not entitled.

A central issue in these cases is therefore whether the Plans owned any of the Danish Securities that served as the basis for their dividend withholding tax refund claims.  Each Plan submitted to SKAT a "credit advice," "income advice," "tax voucher," or similar document (a "Credit Advice") created by a custodian ("Custodian") that purported to show the claimant's ownership of Danish Securities.

SKAT has commenced a separate lawsuit in England related to the dividend withholding tax fraud (the "English Action"). Sanjay Shah and other defendants in the English Action have stated that "J.P. Morgan" served as the sub-custodian for Solo Capital Partners LLP ("Solo Capital"), which issued Credit Advices for over 100 of the Plans.[1] They have also stated that "J.P. Morgan," as a Sub-Custodian, allegedly held Danish Securities on Solo Capital's behalf for the benefit of the Plan Defendants in this MDL.[2] Mr. Shah exercised control over Solo Capital and three other Custodians. Thus, due to the close relationship between Solo Capital and these three other Custodians, SKAT believes that the other Custodians may similarly claim that J.P. Morgan served as a Sub-Custodian for them.

In January 2020, SKAT issued a subpoena on J.P. Morgan Securities LLC and JPMorgan Chase Bank, N.A. and their related entities seeking, among other things, documentation regarding the Custodians' purported holdings of Danish Securities. (Oxford Decl. Ex. 3.) Since that time, SKAT has engaged in a series of meet and confers with J.P. Morgan Securities LLC and JPMorgan Chase Bank, N.A. to determine whether J.P. Morgan served as a Sub-Custodian for Solo Capital Partners or any other Custodians. As a result of these discussions, J.P. Morgan has identified the relevant databases and conducted searches to provide a response to SKAT's requests, which SKAT is advised returns a limited number of results. However, J.P. Morgan Securities LLC and JPMorgan Chase Bank, N.A. in February 2021 informed SKAT that the entities that maintain databases and computer systems and would therefore be positioned to provide an explanation of the process that was undertaken and the

---

1. "Sub-custodians" are entities that hold securities on behalf of other Custodians.
2. *See* Oxford Decl. Ex. 5 at 4.

2

results of their searches of the relevant databases related to whether or not the Custodians held Danish Shares are J.P. Morgan Securities plc and JPMorgan Chase Bank, N.A. – London Branch (collectively "J.P. Morgan London"), both of which are located in the United Kingdom. J.P. Morgan Securities LLC and JPMorgan Chase Bank, N.A. further informed SKAT that the subpoena issued to them would not suffice to obtain the information from J.P. Morgan London.

Accordingly, SKAT now seeks the assistance of this Court in issuing letters rogatory seeking limited documentary evidence and testimony from J.P. Morgan London. Specifically, SKAT seeks from J.P. Morgan London, with respect to the Defendants and the Custodians utilized by the Defendants: account information, including opening documents; account statements; contracts and agreements; stock and cash records relating to Danish Securities; documents relating to the ownership and trading of Danish Securities and derivatives based on Danish Securities; and documents demonstrating the receipt of any dividends on Danish Securities. This information will be relevant to the issue of whether the Plans were the actual holders of the Danish Securities that they asserted as the basis of their claims for dividend withholding tax refunds.

J.P. Morgan London is not a party to this lawsuit, is a citizen of another country, and is not otherwise subject to the jurisdiction of this Court. Thus, it is appropriate for SKAT to seek to obtain evidence under the Hague Evidence Convention. SKAT has contacted counsel for J.P Morgan and they do not object to the relief sought through this motion. SKAT has also contacted lead counsel for the Defendants to inform them of the relief sought herein. Through this Motion, SKAT respectfully requests that the Court issue letters rogatory to the courts of the United Kingdom in order to allow it to obtain evidence from J.P. Morgan London, which will evidence the Defendants' fraudulent scheme.

3

**LEGAL STANDARD**

Letters rogatory are the means by which a court in one country can formally request that a court in another country lend its judicial assistance in obtaining evidence or performing some other judicial act. *Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 775-76 (S.D.N.Y. 2012). Rule 28(b)(1)(B) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory that enable a U.S. litigant to obtain non-party evidence from a foreign entity. Letters can be sent directly from this Court without transmittal by the State Department. 28 U.S.C. § 1781(b)(2).

In considering an application for issuance of letters rogatory, United States courts apply the discovery principles embodied by Rule 26. The party seeking discovery bears the burden of demonstrating that the evidence sought is relevant. *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014). "While not 'unlimited, relevance, for purposes of discovery, is an extremely broad concept.'" *Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)). Once relevance is shown, the burden shifts to the party opposing discovery to show that the discovery is improper. *Id*.

**ARGUMENT**

I.  **LETTERS ROGATORY ARE THE PROPER DISCOVERY DEVICE**

The United States and the United Kingdom are both signatories to the Hague Evidence Convention. *Hague Evidence Convention Status Table*, HCCH (Mar. 1, 2019), https://www.hcch.net/en/instruments/conventions/status-table/?cid=82. SKAT seeks evidence from J.P. Morgan London, entities located in the United Kingdom, to support its claims against the Defendants in these actions.

4

Recourse to the Hague Evidence Convention is "available whenever [it] will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541, 107 S. Ct. 2542, 2554 (1987). Letters rogatory are appropriately used to obtain evidence from witnesses who cannot be compelled to appear in a United States court. *See In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 259 (S.D.N.Y. 2011). Where, as here, the witness subject to the motion is not a party to the lawsuit and is not otherwise subject to the jurisdiction of the U.S. court, it is appropriate to turn to the Hague Evidence Convention. *Elliott Assocs. v. Republic of Peru*, Nos. 96 CIV. 7917 (RWS), 96 CIV. 7916 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997); *Lantheus*, 841 F. Supp. 2d at 782 (S.D.N.Y. 2012) ("parties seek, and U.S. courts will usually issue, letters rogatory where the court otherwise lacks jurisdiction to compel discovery"). "The party opposing the issuance of a letter of request must show some good reason to deny the application." *Elliott*, 1997 WL 436493, at *2.

**II.    SKAT'S REQUESTS ARE RELEVANT TO THE CLAIMS IN THIS ACTION**

SKAT seeks documents and testimony from J.P. Morgan London, which allegedly served as a Sub-Custodian for Danish Securities for at least one, and possibly more, of the Custodians. The issue of whether the Custodians held Danish Securities on behalf of the Plans is a central issue in these proceedings. Specifically, SKAT has alleged in the complaints commencing these actions that the applications for dividend withholding tax refunds "were fraudulent because the claimants did not own the shares that they claimed to own, did not earn the dividends they claimed to have earned, and were not entitled to the tax refunds they claimed." (*See, e.g.*, Oxford Decl. Ex. 4 ¶ 4.) Accordingly, the documents and testimony that SKAT seeks from J.P. Morgan London, including account statements, stock records, cash records, SWIFT confirmations and related documentation, will demonstrate (or fail to

demonstrate) that J.P. Morgan London did not hold Danish Securities for the Custodians, and by extension the Plans, in an amount sufficient to support the Plans' dividend withholding tax refund claims (if J.P. Morgan London held any Danish Securities for the Custodians and/or Plans at all), and are therefore directly relevant.

Defendants in the English Actions have indicated that J.P. Morgan London may be in possession of relevant evidence related to these actions. Sanjay Shah and Solo Capital are defendants in the English Action, and in pleadings filed in the English Action, Mr. Shah and other defendants have stated that Solo Capital used J.P. Morgan London as a Sub-Custodian during the relevant period in which the Plans filed applications for dividend withholding tax refunds. (*See, e.g.*, Oxford Decl. Ex. 5 at 4.) The documents and testimony that SKAT seeks from J.P. Morgan London related to the establishment and activity of accounts maintained for the Custodians and Defendants are therefore also relevant.

In sum, SKAT alleges that the Plans did not own the Danish Securities, or receive the related dividends, that served as the basis of the Plans' dividend withholding tax refund claims. Given that at least one, if not more, of the Custodians has stated that J.P. Morgan London served as their Sub-Custodian for these Danish Securities, the information sought from J.P. Morgan London through the letters rogatory will evidence whether the assertions of the Plans that they actually owned the Danish Securities are true or false.

## **CONCLUSION**

For the reasons set forth above, SKAT respectfully requests that the Court grant its Motion for Issuance of a Request for International Judicial Assistance to Obtain Evidence.

Dated: New York, New York
April 9, 2021

HUGHES HUBBARD & REED LLP

By:  /s/ Neil J. Oxford
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

7