**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF      MASTER DOCKET
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND      18-md-02865-LAK
SCHEME LITIGATION

This document relates to:     The cases identified in
                                 Appendix A

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR**
**ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**<u>TO OBTAIN EVIDENCE IN THE UK</u>**

Plaintiff Skatteforvaltningen ("SKAT") has moved the Court for the issuance of letters rogatory seeking to depose a non-party and to obtain documents through foreign discovery. Scrambling to patch a record devoid of the proof needed to sustain its claims of fraud, SKAT relies on pure speculation to claim a link between the discovery sought – records and testimony from J.P. Morgan London or J.P. Morgan Securities plc -- and the parties and issues in this action.   In doing so, SKAT confuses the relationships between parties to this litigation and various other participants in the relevant transactional universe to manufacture an argument for relevance.  This confusion, combined with SKAT's reliance on speculation, leaves the Court with no basis to assess the probative value of the records SKAT seeks in what is a classic fishing expedition.[1]  Because SKAT completely fails to carry its burden in demonstrating the relevance of the discovery sought, its request should be denied.

SKAT claims it needs the discovery because it bears on whether the defendants owned the Danish securities related to the dividend reclaim applications at issue in this litigation.  But ownership can already be established with exclusive reference to the voluminous documents defendants have produced.  (E.g., Exs. A – D to ECF No. 564, which include trade confirmations, account statements reflecting the purchase and sale of Danish securities, custodial records demonstrating the receipt of dividends, and filings with U.S. authorities reporting ownership of the Danish securities.)  Within these records, there is nothing suggesting defendants maintained a relationship with either J.P. Morgan London or J.P. Morgan Securities plc (collectively, "J.P. Morgan London") related to their ownership of Danish securities.  Nor has

---

[1] By SKAT's own logic, the motion also should be rejected as untimely.  Over a month ago, SKAT objected to defendants' motion seeking discovery through the Hague Convention on the ground that "Defendants could have made their motion months, if not years, ago," and urged this Court to prohibit defendants from making use of any discovery that defendants obtained after June 30, 2021 as a result of their motion.  ECF No. 553 at 1-2 (filed Mar. 15, 2021).  If it was too late for defendants a month ago, it is certainly too late for SKAT now.  That is reason enough to deny this particular request.  *See, e.g.*, *Skyline Steel, L.L.C. v. Pilepro, L.L.C.*, 2015 WL 13832108, at *1 (S.D.N.Y. Jan. 28, 2015) (denying motion seeking discovery through Hague Convention as untimely).

any defendant in this litigation claimed that they held accounts with that institution or that their ownership of the Danish shares depended upon such a relationship.

Instead, SKAT impermissibly attempts to shoehorn into *this* litigation an assertion by Sanjay Shah (not a party in the U.S.) related to Solo Capital LLC ("Solo") (also not a party in the U.S.) and Solo's own relationships with non-parties to *either* this litigation or the U.K. litigation. Worse, SKAT mischaracterizes the assertion to give the false impression of a link between the parties in this litigation to J.P. Morgan London. The precise language from the U.K. litigation relied upon by SKAT is as follows:

**REQUEST:**

5.    Please identify the clients of the Credit Institutions with whom SCP held custody accounts and the periods for which such custody accounts were utilised by SCP in respect of dividend arbitrage trades the subject of these proceedings.

**RESPONSE:**

5.    To the best of the Sanjay Shah Defendants' knowledge and belief (pending disclosure):

5.1.    JP Morgan (in the period between approximately August 2012 to September/October 2013). And

5.2.    SEB (in the period between approximately July 2013 to April 2014).

ECF No. 569-5 at 4. SKAT incorrectly reads the foregoing to establish that J.P. Morgan London "allegedly held Danish Securities on Solo Capital's behalf for the benefit of the Plan Defendants in this MDL." ECF No. 568 at 2. Of course, the language does not go nearly so far, nor does it mention any of the Plan Defendants. Furthermore, SKAT's U.K. lawyers expressly acknowledge on the following page of the same filing that Solo's relationship with J.P. Morgan London did not involve holding securities at all, but was instead limited to *clearing futures*:

3

**Under paragraph 56.4 of the Shah Defendants' Defence:**

Of: *"From approximately June 2012 onwards, SCP, the Sanjay Shah Defendants and/or their directors, in reliance on the matters aforesaid, became a client of JP Morgan through which it cleared futures."*

ECF No. 569-5 at 5.  Clearing futures and holding securities are entirely separate and divisible parts of a broader dividend arbitrage transaction.

In reality, SKAT has given the Court no basis on which it can conclude that the requested discovery is relevant to the parties and claims in *this* proceeding.  SKAT points to nothing that connects the defendants' ownership of Danish Shares to any sub-custodial relationship between Solo and J.P. Morgan London.[2]  The referenced U.K. filing does not mention a single Plan Defendant, let alone suggest J.P. Morgan London held Danish securities for any Plan Defendant's benefit.

Unable to show any connection between the defendants and J.P. Morgan London, SKAT boldly goes a step further and speculates that "other Custodians may similarly claim that J.P. Morgan served as a Sub-Custodian for them."  ECF No. 568 at 2.  This hypothesis—which, again, does not even suggest any connection between J.P. Morgan London and the actual defendants in this case—falls far short of the showing required to warrant the intensive discovery SKAT seeks.  *See, e.g.*, *In re Welspun Litig.*, 2018 WL 4693586, at *3 (S.D.N.Y. Mar. 4, 2018) (denying motion to compel where "Plaintiffs have provided no basis for this hypothesis [that the requested information was relevant] other than pure speculation, and it is settled law that parties

---

[2]       Besides inaccurately characterizing the U.K. filing, SKAT continues to misconstrue the nature of custodial relationships.  A sub-custodian of a custodian does not hold assets "for the benefit" of the custodian's clients, but for the benefit of the custodian.  Thus, even if one indulges SKAT's speculation, whether the pension plan defendants' custodian transferred its assets to a sub-custodian does not matter, as the defendants' accounts would continue to accurately reflect defendants' assets in any case.

may not roam in shadow zones of relevancy to explore matter which does not presently appear germane on the theory that it might conceivably become so") (cleaned up).

Even though SKAT has failed to articulate any connection between the discovery sought from J.P. Morgan London and the defendants in this case, it nevertheless requests seven hours of deposition testimony.  Not one of the six topics for that testimony references the defendant Pension Plans.  ECF No. 569-1 at 7, ECF No. 569-2 at 7.  Likewise, SKAT seeks an array of documents across various categories that fail to mention the defendant Pension Plans.  ECF No. 569-1 at 9, 569-2 at 9.  Again, the defendants have already produced their own relevant account statements.  Those statements reflect the Danish shares and show that the defendants did receive the dividends.  There is no need to look to an account of a sub-custodian to figure out "whether the assertions of the Plans that they actually owned the Danish Securities, and received the dividends, are true or false"—the Plans' own documents establish that they did own the shares and they did receive the dividends.  Whether a custodian acting on behalf of the defendants actually went into the market and consummated the transactions that are reflected on the defendants' statements (with or without the assistance of a sub-custodian) is a completely distinct issue.  Whatever the answer to that question, it does not change the fact that the defendants in this litigation owned the shares.[3]  And the discovery SKAT seeks cannot answer even that irrelevant question, as J.P. Morgan London was not Solo's only sub-custodian.

The defendants' account statements alone will be relevant to SKAT's claims in this case; statements of a Solo sub-custodian—whatever they may show—will not be probative of any

---

[3]     The analogy offered in response to SKAT's prior motion remains equally apt here: if I have a bank statement that shows $100 in a savings account, I am entitled to rely upon that statement and make the representation that I have $100.  One would never test that hypothesis by inspecting the records of the bank to ensure that it held at least $100 in cash.  But even if the bank turned out to have no cash at all, that would not change my entitlement to the $100 reflected on my statement.

claim against the US defendants.  At most, they may bear on the liability of Solo Capital and/or

Sanjay Shah, which SKAT has sued in other jurisdictions.  But Solo Capital is not a defendant in

the US litigation.  The defendants in the US never would have seen the records of Solo Capital's

sub-custodians.  Whatever those records reflect will have no bearing on SKAT's claim that the

defendants in the United States defrauded SKAT.

      SKAT's motion should be denied.


Dated: New York, New York

April 16, 2021

                    Respectfully submitted,

                    KOSTELANETZ & FINK, LLP

              By: /s/ Sharon L. McCarthy
                    SHARON L. MCCARTHY
                    7 World Trade Center, 34th Floor
                    New York, New York 10007
                    Tel:    (212) 808-8100
                    Fax:    (212) 808-8108
                    smccarthy@kflaw.com

                    *Attorneys for Defendants John van Merkensteijn,*
                    *III, Elizabeth van Merkensteijn, Azalea Pension*
                    *Plan, Basalt Ventures LLC Roth 401(K) Plan,*
                    *Bernina Pension Plan, Bernina Pension Plan Trust,*
                    *Michelle Investments Pension Plan, Omineca*
                    *Pension Plan, Omineca Trust, Remece Investments*
                    *LLC Pension Plan, Starfish Capital Management*
                    *LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo*
                    *Productions LLC Roth 401(K) Plan, Xiphias LLC*
                    *Pension Plan*

CAPLIN & DRYSDALE,
  CHARTERED


By:  /s/ Mark D. Allison
        Mark D. Allison
        CAPLIN & DRYSDALE, CHARTERED
        600 Lexington Avenue, 21st Floor
        New York, New York 10022
        Phone: (212) 379-6060
        Email: mallison@capdale.com


        *Attorneys for Defendants Robert Klugman, RAK
        Investment Trust, Aerovane Logistics LLC Roth
        401K Plan, Edgepoint Capital LLC Roth 401K
        Plan, Headsail Manufacturing LLC Roth 401K
        Plan, The Random Holdings 401K Plan, The Stor
        Capital Consulting LLC 401K Plan*


        KAPLAN RICE LLP


By: /s/ Michelle A. Rice
        Michelle A. Rice
        Kaplan Rice LLP
        142 West 57th Street
        Suite 4A
        New York N.Y. 10019
        (212) 333-0227
        mrice@kaplanrice.com


        *Attorneys for Defendants Joseph Herman, David
        Zelman, Edwin Miller, Ronald Altbach, Perry
        Lerner, Robin Jones, Ballast Ventures LLC Roth
        401(K) Plan, Bareroot Capital Investments LLC
        Roth 401(K)Plan, Albedo Management LLC Roth
        401(K) Plan, Dicot Technologies LLC Roth 401(K)
        Plan, Fairlie Investments LLC Roth 401(K) Plan,
        First Ascent Worldwide LLC Roth 401(K) Plan,
        Battu Holdings LLC Roth 401(K) Plan, Cantata
        Industries LLC Roth 401(K) Plan, Crucible
        Ventures LLC Roth 401(K) Plan, Monomer
        Industries LLC Roth 401(K) Plan, Limelight Global
        Productions LLC Roth 401(K) Plan, Loggerhead
        Services LLC Roth 401(K) Plan, PAB Facilities*

7

*Global LLC Roth 401(K) Plan, Plumrose Industries
LLC Roth 401(K) Plan, Pinax Holdings LLC Roth
401(K) Plan, Roadcraft Technologies LLC Roth
401(K) Plan, Sternway Logistics LLC Roth 401(K)
Plan, Trailing Edge Productions LLC Roth 401(K)
Plan, True Wind Investments LLC Roth 401(K)
Plan, Eclouge Industry LLC Roth 401(K) Plan,
Vanderlee Technologies Pension Plan, Vanderlee
Technologies Pension Plan Trust, Cedar Hill
Capital Investments LLC Roth 401(K) Plan, Green
Scale Management LLC Roth 401(K) Plan, Fulcrum
Productions LLC Roth 401(K) Plan, Keystone
Technologies LLC Roth 401(K) Plan, Tumba
Systems LLC Roth 401(K) Plan*

DEWEY PEGNO & KRAMARSKY LLP

By: /s/ Thomas E.L. Dewey
    Thomas E.L. Dewey
    777 Third Avenue – 37th Floor
    New York, New York 10017
    Tel.: (212) 943-9000
    Fax: (212) 943-4325
    E-mail:  tdewey@dpklaw.com

    *Attorneys for Defendant
    Michael Ben-Jacob*

WILLIAMS & CONNOLLY LLP

By:  /s/ Stephen D. Andrews
    Stephen D. Andrews
    Amy B. McKinlay
    Williams & Connolly LLP
    725 Twelfth Street, N.W.
    Washington, DC 20005
    (202) 434-5000
    amckinlay@wc.com
    sandrews@wc.com

    *Attorneys for Defendants Sander Gerber and
    Sander Gerber Pension Plan*

8

K&L GATES LLP


By:  /s/ John C. Blessington
    John C. Blessington (*pro hac vice*)
    K&L GATES LLP
    State Street Financial Center
    One Lincoln Street
    Boston, MA  02111
    T: 617.261.3100
    F: 617.261.3175
    E: john.blessington@klgates.com


*Attorneys for Defendants / Third-Party Plaintiffs Acer Investment Group LLC, American Investment Group of New York, L.P. Pension Plan, DW Construction, Inc. Retirement Plan, Kamco Investments Inc. Pension Plan, Kamco LP Profit Sharing Pension Plan, Linden Associates Defined Benefit Plan, Moira Associates LLC 401K Plan, Newsong Fellowship Church 401K Plan, Riverside Associates Defined Benefit Plan, Robert Crema, Stacey Kaminer, Alexander Jamie Mitchell III, David Schulman, Joan Schulman,* and *Darren Wittwer*


GUSRAE KAPLAN NUSBAUM PLLC


By:  /s/ Martin H. Kaplan
    Martin H. Kaplan
    Kari Parks
    Gusrae Kaplan Nusbaum PLLC
    120 Wall Street
    New York, NY  10005
    T: (212) 269-1400
    Mkaplan@gusraekaplan.com
    Kparks@gusraekaplan.com


*Attorneys for Defendants Sheldon Goldstein, Scott Goldstein, and the Goldstein Law Group PC 401(K) Profit Sharing Plan*

9

APPENDIX A

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| John van Merkensteijn, III | Sharon L. McCarthy<br>Caroline Ciraolo<br>Nicholas S. Bahnsen<br>Kostelanetz & Fink LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>Tel: (212) 808-8100<br>Fax: (212) 808-8108<br>cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com | 19-cv-01866<br>19-cv-01865<br>19-cv-01906<br>19-cv-01894<br>19-cv-01911<br>19-cv-01871<br>19-cv-01930<br>19-cv-01873<br>19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928<br>19-cv-01931<br>19-cv-01800<br>19-cv-01803<br>19-cv-01809<br>19-cv-01818<br>19-cv-01801<br>19-cv-01810<br>19-cv-01813 |
| Elizabeth van Merkensteijn | | 19-cv-01893 |
| Azalea Pension Plan | | 19-cv-01893 |
| Basalt Ventures LLC Roth 401(K) Plan | | 19-cv-01866 |
| Bernina Pension Plan | | 19-cv-01865 |
| Bernina Pension Plan Trust | | 19-cv-10713 |
| Michelle Investments Pension Plan | | 19-cv-01906 |
| Omineca Pension Plan | | 19-cv-01894 |
| Omineca Trust | | 19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| | | 19-cv-01931 |
| | | 19-cv-01800 |
| | | 19-cv-01803 |
| | | 19-cv-01809 |
| | | 19-cv-01818 |
| | | 19-cv-01801 |
| | | 19-cv-01810 |
| | | 19-cv-01813 |
| Remece Investments LLC Pension Plan | | 19-cv-01911 |
| Starfish Capital Management LLC Roth 401(K) Plan | | 19-cv-01871 |
| Tarvos Pension Plan | | 19-cv-01930 |
| Voojo Productions LLC Roth 401(K) Plan | | 19-cv-01873 |
| Xiphias LLC Pension Plan | | 19-cv-01924 |
| Rob Klugman | Mark D. Allison Caplin & Drysdale, Chartered 600 Lexington Avenue 21st Floor New York, NY 10022 Tel: (212) 379-6000 mallison@capdale.com zziering@capdale.com | 18-cv-07828 18-cv-07827 18-cv-07824 18-cv-07829 18-cv-04434 |
| RAK Investment Trust | | |
| Aerovane Logistics LLC Roth 401(K) Plan | | 18-cv-07828 |
| Edgepoint Capital LLC Roth 401(K) Plan | | 18-cv-07827 |
| Headsail Manufacturing LLC Roth 401(K) Plan | | 18-cv-07824 |
| The Random Holdings 401(K) Plan | | 18-cv-07829 |
| The Stor Capital Consulting LLC 401(K) Plan | | 18-cv-04434 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| Joseph Herman | Michelle A. Rice<br>Kaplan Rice LLP<br>142 West 57th Street<br>Suite 4A<br>New York N.Y. 10019<br>(212) 333-0227<br>mrice@kaplanrice.com | 1:19-cv-01785<br>1:19-cv-01781<br>1:19-cv-01791<br>1:19-cv-01794<br>1:19-cv-01918<br>1:19-cv-01783<br>1:19-cv-01798<br>1:19-cv-01788 |
| David Zelman | | |
| Edwin Miller | | 1:19-cv-01926<br>1:19-cv-01922<br>1:19-cv-01928<br>1:19-cv-01929<br>1:19-cv-01931 |
| Ronald Altbach | | 1:19-cv-01809<br>1:19-cv-01800<br>1:19-cv-01803<br>1:19-cv-01812<br>1:19-cv-01818 |
| Perry Lerner | | 1:19-cv-01806<br>1:19-cv-01870<br>1:19-cv-01792<br>1:19-cv-01808<br>1:19-cv-01815 |
| Robin Jones | | 1:19-cv-01801<br>1:19-cv-01810<br>1:19-cv-01813 |
| Ballast Ventures LLC Roth 401(K) Plan | | 1:19-cv-01781 |
| Bareroot Capital Investments LLC Roth 401(K) Plan | | 1:19-cv-01783 |
| Albedo Management LLC Roth 401(K) Plan | | 1:19-cv-01785 |
| Dicot Technologies LLC Roth 401(K) Plan | | 1:19-cv-01788 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| Fairlie Investments LLC Roth 401(K) Plan | | 1:19-cv-01791 |
| First Ascent Worldwide LLC Roth 401(K) Plan | | 1:19-cv-01792 |
| Battu Holdings LLC Roth 401(K) Plan | | 1:19-cv-01794 |
| Cantata Industries LLC Roth 401(K) Plan | | 1:19-cv-01798 |
| Crucible Ventures LLC Roth 401(K) Plan | | 1:19-cv-01800 |
| Monomer Industries LLC Roth 401(K) Plan | | 1:19-cv-01801 |
| Limelight Global Productions LLC Roth 401(K) Plan | | 1:19-cv-01803 |
| Loggerhead Services LLC Roth 401(K) Plan | | 1:19-cv-01806 |
| PAB Facilities Global LLC Roth 401(K) Plan | | 1:19-cv-01808 |
| Plumrose Industries LLC Roth 401(K) Plan | | 1:19-cv-01809 |
| Pinax Holdings LLC Roth 401(K) Plan | | 1:19-cv-01810 |
| Roadcraft Technologies LLC Roth 401(K) Plan | | 1:19-cv-01812 |
| Sternway Logistics LLC Roth 401(K) Plan | | 1:19-cv-01813 |
| Trailing Edge Productions LLC Roth 401(K) Plan | | 1:19-cv-01815 |
| True Wind Investments LLC Roth 401(K) Plan | | 1:19-cv-01818 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| Eclouge Industry LLC Roth 401(K) Plan | | 1:19-cv-01870 |
| Vanderlee Technologies Pension Plan | | 1:19-cv-01918 |
| Vanderlee Technologies Pension Plan Trust | | 1:19-cv-01918 |
| Cedar Hill Capital Investments LLC Roth 401(K) Plan | | 1:19-cv-01922 |
| Green Scale Management LLC Roth 401(K) Plan | | 1:19-cv-01926 |
| Fulcrum Productions LLC Roth 401(K) Plan | | 1:19-cv-01928 |
| Keystone Technologies LLC Roth 401(K) Plan | | 1:19-cv-01929 |
| Tumba Systems LLC Roth 401(K) Plan | | 1:19-cv-01931 |
| Sander Gerber | Stephen D. Andrews Amy B. McKinlay | 18-cv-4899 |
| Sander Gerber Pension Plan | Williams & Connolly LLP 725 Twelfth Street, N.W. Washington, DC 20005 (202) 434-5000 amckinlay@wc.com sandrews@wc.com | 18-cv-4899 |
| Michael Ben-Jacob | Thomas E. L. Dewey Dewey Pegno & Kramarsky LLP 777 Third Avenue – 37th Floor New York, New York 10017 Tel.: (212) 943-9000 Fax: (212) 943-4325 E-mail:  tdewey@dpklaw.com | 1:18-cv-04434 1:18-cv-07824 1:18-cv-07827 1:18-cv-07828 1:18-cv-07829 1:19-cv-01781 1:19-cv-01783 1:19-cv-01785 1:19-cv-01788 1:19-cv-01791 1:19-cv-01792 1:19-cv-01794 1:19-cv-01798 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| | | 1:19-cv-01800 |
| | | 1:19-cv-01801 |
| | | 1:19-cv-01803 |
| | | 1:19-cv-01806 |
| | | 1:19-cv-01808 |
| | | 1:19-cv-01809 |
| | | 1:19-cv-01810 |
| | | 1:19-cv-01812 |
| | | 1:19-cv-01813 |
| | | 1:19-cv-01815 |
| | | 1:19-cv-01818 |
| | | 1:19-cv-01866 |
| | | 1:19-cv-01867 |
| | | 1:19-cv-01868 |
| | | 1:19-cv-01869 |
| | | 1:19-cv-01870 |
| | | 1:19-cv-01871 |
| | | 1:19-cv-01873 |
| | | 1:19-cv-01894 |
| | | 1:19-cv-01896 |
| | | 1:19-cv-01918 |
| | | 1:19-cv-01922 |
| | | 1:19-cv-01926 |
| | | 1:19-cv-01928 |
| | | 1:19-cv-01929 |
| | | 1:19-cv-01931 |
| Acer Investment Group LLC | John C. Blessington<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA  02111<br>T: 617.261.3100<br>F: 617.261.3175<br>E:  john.blessington@klgates.com | 18-cv-09841<br>18-cv-09797<br>18-cv-09836<br>18-cv-09837<br>18-cv-09838<br>18-cv-09839<br>18-cv-09840<br>18-cv-10100<br>18-cv-05053 |
| American Investment Group of New York, L.P. Pension Plan | | 18-cv-09841 |
| DW Construction, Inc. Retirement Plan | | 18-cv-09797 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| Kamco Investments Inc. Pension Plan | | 18-cv-09836 |
| Kamco LP Profit Sharing Pension Plan | | 18-cv-09837 |
| Linden Associates Defined Benefit Plan | | 18-cv-09838 |
| Moira Associates LLC 401K Plan | | 18-cv-09839 |
| Newsong Fellowship Church 401K Plan | | 18-cv-10100 |
| Riverside Associates Defined Benefit Plan | | 18-cv-09840 |
| Robert Crema | | 18-cv-09841 |
| Stacey Kaminer | | 18-cv-09841 18-cv-09797 18-cv-09836 18-cv-09837 18-cv-09839 |
| Alexander Jamie Mitchell III | | 18-cv-10100 |
| David Schulman | | 18-cv-09840 |
| Joan Schulman | | 18-cv-09838 |
| Darren Wittwer | | 18-cv-09797 |
| Sheldon Goldstein  Scott Goldstein  The Goldstein Law Group PC 401(k) Profit Sharing Plan | Martin H. Kaplan Kari Parks Gusrae Kaplan Nusbaum PLLC 120 Wall Street New York, NY 10005 T: (212) 269-1400 mkaplan@gusraekaplan.com kparks@gusraekaplan.com | 18-cv-5053 |