# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SKAT TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br><br>1:19-cv-01806-LAK, 1:19-cv-01870-LAK,<br>1:19-cv-01792-LAK, 1:19-cv-01808-LAK, and<br>1:19-cv-01815-LAK | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**RESPONSES AND OBJECTIONS TO PLAINTIFF SKAT'S REQUESTS
FOR PRODUCTION OF DOCUMENTS REGARDING RELATED ENTITIES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Perry Lerner ("Lerner") and Loggerhead Services LLC Roth 401(K) Plan ("Loggerhead"), Eclouge Industry LLC Roth 401(K) Plan ("Eclouge"), First Ascent Worldwide LLC Roth 401(K) Plan ("First Ascent"), PAB Facilities Global LLC Roth 401(K) Plan ("PAB"), and Trailing Edge Productions LLC Roth 401(K) Plan (collectively, the "Lerner Plan Defendants" or "Pension Plans", and with Lerner, the "Lerner Defendants"), hereby respond and object to Plaintiff Skatteforvaltningen's ("SKAT") Request for Production of Documents Regarding Related Entities, dated March 3, 2021 (the "Requests"), as follows:

**GENERAL OBJECTIONS**

All of the following general objections (the "General Objections") are incorporated into each of the specific responses and objections to the Requests set forth below and have the same force and effect as if set forth fully therein. The fact that any of the following General Objections is not expressly set forth in response to a specific Request shall not be construed as a waiver of that General Objection.

1

1. The Lerner Defendants object to the Requests, including the "Instructions" contained therein, to the extent that they purport to impose upon the Lerner Defendants any duty to respond to the Requests other than, or beyond, that required by the Federal Rules of Civil Procedure, the local rules, the individual practices of this Court, and/or any other applicable rule or order of this Court.

2. The Lerner Defendants object to the Requests to the extent that they seek documents not in their actual possession, custody or control.

3. The Lerner Defendants object to the Requests, including the "Instructions" contained therein, to the extent that they require disclosure of documents protected by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege, doctrine or immunity. Nothing contained in these responses is intended to waive nor may constitute a waiver of any such privilege, doctrine or immunity. Any inadvertent disclosure of any privileged or protected information shall not be deemed a waiver of the Lerner Defendants' objections and/or any applicable privilege with respect to such document or the contents thereof.

4. The Lerner Defendants object to the Requests, including "Instruction No. 7" contained therein, to the extent that they purport to require the Lerner Defendants to identify information on a privilege log different from or in addition to the information required pursuant to the Federal Rules of Civil Procedure, the local rules, the individual practices of this Court and/or any other applicable rule or order of this Court. In producing a privilege log, if any, the Lerner Defendants will comply with the requirements set forth in Federal Rules of Civil Procedure, the local rules, the individual practices of this Court and/or any other applicable rule or order of this Court.

5. The Lerner Defendants object to the Requests, including the "Instructions" contained therein, to the extent that they seek documents that are neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

6. The Lerner Defendants object to "Instruction No. 5" insofar as it renders all of the Requests overbroad and unduly burdensome.

7. The Lerner Defendants object to "Instruction Nos. 3, 9, 10, 11 and 14" which contains the capitalized terms "You" and "Your," which are undefined and which nowhere appear in the Requests.

8. The Lerner Defendants object to each and every one of the specific Requests to the extent that it is redundant or duplicative of other specific prior Requests. Where a document may be responsive to more than one Request, the Lerner Defendants will produce that document only once.

9. The Lerner Defendants' responses herein are not intended to convey agreement with any factual assumptions, definitions, implications or any explicit or implicit characterization of facts, events, circumstances or issues in the Requests, and are without prejudice to any rights to dispute facts and legal conclusions assumed in the Requests.

10. To the extent that the Lerner Defendants produce documents in response to a particular Request, such production shall not be construed as a waiver of any evidentiary or relevance objection to the use of such document in this or any other proceeding.

11. To the extent that a Request seeks the disclosure of confidential materials, Lerner Defendants' response shall be subject to the parties' Stipulated Protective Order Governing Confidentiality of Discovery Materials, entered on February 5, 2019.

12. The Lerner Defendants object to the Requests to the extent that the time period "January 2, 2012 through the present" is overly broad and unduly burdensome.

13. The Lerner Defendants reserve the right, at any time, to revise, correct, add to, supplement, amend and/or clarify the responses contained herein.

14. The Lerner Defendants are willing to meet and confer regarding the Requests.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving its General Objections, the Lerner Defendants respond to the specific Requests as follows:

### REQUEST FOR PRODUCTION NO. 1:

Bank account statements for any entity listed in Schedule B, for the period January 1, 2012 through the present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the General Objections, which are incorporated herein, the Lerner Defendants specifically object to this Request because it seeks documents that are neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. The Lerner Defendants further object on the ground that, on February 28, 2020, they produced bank account statements, in response to the May 30, 2019 Document Requests, sufficient to demonstrate all transfers into and out of the Pension Plans in the relevant time period. The Lerner Defendants also object to this Request as improper and untimely in that they expressed objections to producing LLC bank account statements on or about October 14, 2020 and, on or about January 21, 2021, expressly objected to the production of any bank account and related documents in connection with an October 2, 2020 subpoena issued to a third-party bank. In the face of those objections, SKAT did not (i) amend the May 30, 2019 Document Requests; (ii) seek to compel production of these documents; or (iii) issue new document requests

4

until March 3, 2021, almost six months after the conclusion of the deposition of Lerner. The Lerner Defendants also object on the ground that this Request seeks documents that are not in the actual possession, custody or control of the Lerner Defendants. Finally, the Lerner Defendants object to this Request as premature to the extent that it is seeking the discovery of funds sufficient to satisfy a judgment.

**REQUEST FOR PRODUCTION NO. 2:**

All documents related to the opening or closing of any bank account for any entity listed in Schedule B.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Objections, which are incorporated herein, the Lerner Defendants repeat their objections to Request For Production No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

All documents reflecting the conduct of any business, or provision of any services, by any entity listed in Schedule B, including but not limited to invoices or other requests or demands for payment for such businesses or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the General Objections, which are incorporated herein, the Lerner Defendants repeat their objections to Request For Production No. 1. The Lerner Defendants further object to this Request to the extent that it is vague, ambiguous, overbroad and unduly burdensome because the comprehensive phrases "conduct of any business" and "provision of any services" could be construed to cover virtually every document related to, involving or otherwise referencing any of the 24 limited liability companies identified in Schedule B. Due to this Request's overbreadth, the Lerner Defendants object to the extent that it requires the disclosure of documents protected by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege, doctrine or immunity. Finally, the Lerner

Defendants object to this request to the extent Lerner testified during his deposition dated September 16, 2020 that he did not conduct business through the limited liability companies associated with the Pension Plans.

**REQUEST FOR PRODUCTION NO. 4:**

All communications related to Requests 1 through 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the General Objections, which are incorporated herein, the Lerner Defendants repeat their objections to Request For Production No. 3.

Dated: New York, New York
April 8, 2021

                         KAPLAN RICE LLP

                         By:  /s/ Michelle A. Rice
                              Michelle A. Rice
                              142 West 57th Street, Suite 4A
                              New York, New York 10019
                              (212) 235-0300 (telephone)
                              (212) 235-0301 (facsimile)
                              mrice@kaplanrice.com

*Attorneys for Crucible Ventures LLC Roth 401(k) Plan, Limelight Global Productions LLC Roth 401(k) Plan, Plumrose Industries LLC Roth 401(k) Plan, Roadcraft Technologies LLC 401(k) Plan, True Wind Investments LLC Roth 401(k) Plan, Albedo Management LLC Roth 401(k) Plan, Ballast Ventures LLC Roth 401(k) Plan, Fairlie Investments LLC Roth 401(k) Plan, Monomer Industries LLC Roth 401(k) Plan, Pinax Holdings LLC Roth 401(k) Plan, Sternway Logistics LLC Roth 401(k) Plan, Eclouge Industry LLC Roth 401(k) Plan, First Ascent Worldwide LLC Roth 401(k) Plan, Loggerhead Services LLC Roth 401(k) Plan, PAB Facilities LLC Roth 401(k) Plan, Trailing Edge Productions LLC Roth 401(k) Plan, Cedar Hill Capital Investments*

*LLC Roth 401(k) Plan, Fulcrum Productions LLC Roth 401(k) Plan, Green Scale Management LLC Roth 401(k) Plan, Keystone Technologies LLC Roth 401(k) Plan, Tumba Systems LLC Roth 401(k) Plan, Bareroot Capital Investments LLC Roth 401(k) Plan, Battu Holdings LLC Roth 401(k) Plan, Cantata Industries LLC Roth 401(k) Plan, Dicot Technologies LLC Roth 401(k) Plan, Vanderlee Technologies Pension Plan, Ronald Altbach, Joseph Herman, Robin Jones, Perry Lerner, Edwin Miller and David Zelman*