EXHIBIT K



Neil S. Binder
Binder & Schwartz LLP          (T) 212.510.7031
366 Madison Avenue  6th Floor   (F) 212.510.7299
New York, NY 10017              nbinder@binderschwartz.com

June 1, 2020

**By ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark
(Skatteforvaltningen) Tax Refund Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

      We write on behalf of ED&F Man Capital Markets, Ltd. ("ED&F") to request the Court's
assistance in requiring Skatteforvaltningen ("SKAT") to search for and produce documents
responsive to ED&F's First Requests for Production of Documents (the "RFPs").[1]  As set forth
below, SKAT has refused to search for documents requested by ED&F and advises that it will
instead produce a set of documents previously provided by SKAT and/or the Danish Ministry of
Taxation to the Bech-Bruun law firm as part of an inquiry by the Danish Parliament into SKAT's
operations (the "Bech-Bruun Documents").[2]  However, SKAT has provided no sound basis for
its apparent presumption that the Bech-Bruun Documents contain all of the relevant documents
sought by the RFPs.  Notwithstanding repeated inquiries, SKAT has failed to explain how the
Bech-Bruun Documents were compiled—including which documents were sought, whose files
were searched, or what kinds of searches were conducted—and instead insists that ED&F seek
the answers to such questions in the Bech-Bruun Documents themselves.  Moreover, SKAT has
advised us—based on a determination by the Danish Attorney Disciplinary Board that Bech-
Bruun had a conflict of interest—that Bech-Bruun's investigation was "not sufficiently
independent or impartial" and, therefore, that the Bech-Bruun Report has "no evidentiary value."
Thus, SKAT itself does not regard Bech-Bruun's work as reliable, raising further questions about
the thoroughness of Bech-Bruun's efforts to obtain documents from SKAT.

      In addition, SKAT has taken the untenable position that significant categories of
responsive documents in its custody or control are irrelevant to the third-party claims against
ED&F and thus need not be searched for or produced, notwithstanding that documents relevant
to SKAT's allegations against the third-party claimants are necessarily also relevant to ED&F's
defenses in the third-party actions.

**Background**

      ED&F was brought into this action when several pension fund defendants, all ED&F
clients, filed various third-party claims against ED&F, asserting causes of action ranging from

---

[1] The parties have exchanged numerous letters and have met-and-conferred on several occasions (including on April
27, May 5, and May 12) but have been unable to resolve the issues set out in this letter.

[2] A copy of SKAT's Responses & Objections to the RFPs is attached hereto as Exhibit A.



securities fraud, to negligence, to breach of fiduciary duty, to common-law indemnification. The thrust of the third-party complaints is the contention that in the event that the pension fund defendants are found liable in this action, they are entitled to have their losses paid by ED&F in connection with its alleged role in the transactions at issue.[3]

> As one group of defendants/third-party plaintiffs has alleged,

> Third-Party Plaintiffs firmly believe the Plans are entitled to the withholding-tax refunds they claimed from SKAT and that SKAT now wants returned in its actions against Third-Party Plaintiffs. If, however, SKAT's allegations against Third-Party Plaintiffs are proven to be true or if SKAT is otherwise entitled to a return of the tax refunds from Third-Party Plaintiffs, then ED&F—not Third-Party Plaintiffs— should be responsible . . . .

*See* Amended Third-Party Complaint of DW Constr. *et al.*, ECF No. 226 at 3.

### ED&F's RFPs

As part of its defense to these claims, ED&F seeks discovery to support its position that (i) the defendant/third-party pension funds owe no liability to SKAT, and (ii) even if the defendant/third-party pension funds are found liable to SKAT, ED&F has no liability to any of the defendant/third-party pension funds.

To that end, ED&F has served narrowly tailored requests seeking specific documents relevant to the core allegations made by SKAT against ED&F's clients.[4] Specifically, ED&F seeks documents pertaining to (1) whether ED&F's clients were required to and/or did hold beneficial interests in Danish stock at the time dividends were paid, *under SKAT's understanding of that requirement*; (2) SKAT's understanding of the facts supporting the withholding tax ("WHT") refund applications submitted by ED&F's clients; (3) SKAT's criteria for valid WHT refund applications and the guidance, if any, provided by SKAT to its employees regarding the evaluation of WHT refund applications; and (4) any systematic problems identified by SKAT related to the evaluation of WHT refund applications and any remedial measures proposed and/or implemented to correct such problems. Of the twenty-four requests served by ED&F, at least six seek the production of a single, specific document, and more than half seek at most a handful of documents. Only one seeks "all documents or communications" concerning a particular subject, and that request pertains narrowly to early warning whistleblower reports.

### SKAT's Response

SKAT has refused to undertake any meaningful search in response to the RFPs. Instead, SKAT has proposed to provide documents already produced in other matters. Specifically, SKAT has directed ED&F to (i) millions of pages of documents produced to other parties that

---

[3] We note that ED&F is being sued as a "Non-Fraud Defendant" in a multi-defendant action in England seeking to reclaim WHT refunds allegedly paid to U.S. and Canadian pension funds that were ED&F's clients. SKAT is suing many of these same pension funds over the same WHT refunds in this action.

[4] *See, e.g.*, Amended Complaint, *SKAT v. The Goldstein Law Group PC 401(k) Profit Sharing Plan*, No. 18 Civ. 5053 (LAK), ECF No. 1, ¶¶ 3-4, 9(c), 40.



are not in any way relevant to claims concerning ED&F, and (ii) the Bech-Bruun Documents, which we understand comprise approximately 110,000 pages of predominantly Danish-language documents collected as part of a review of SKAT commissioned by the Danish government.

In response to seventeen of ED&F's twenty-four RFPs (Requests 1-5, 7-12, 14, 16, and 18-21), SKAT indicated that it would do nothing beyond producing the Bech-Bruun Documents, and in response to five of the RFPs (Requests 6, 15, and 22-24), SKAT indicated that it would produce no documents at all.[5]  While we expect that the Bech-Bruun Documents will include some responsive documents, SKAT has provided no basis for concluding that the Bech-Bruun Documents include all (or even most) of the responsive documents that ED&F seeks.[6]  Indeed, in response to specific questions raised at the meet-and-confer sessions, SKAT was either unable or unwilling to identify (i) the specific requests for documents made by Bech-Bruun, (ii) the custodians whose files were searched, or (iii) the search terms (if any) used for such searches.

Based on these meet-and-confer discussions, we can only conclude that SKAT has no meaningful information regarding how the Bech-Bruun Documents were collected, including whose custodial files were searched, which date ranges were applied, or what search terms were used.  SKAT has sought to deflect all such questions by suggesting in vague terms that the Bech-Bruun Documents will themselves include correspondence, presumably in Danish, reflecting at least some of Bech-Bruun's requests for information, as well as a handful of predecessor reports, also presumably in Danish, purportedly describing the "documents on which [those reports were] based and how those documents were collected."  SKAT contends that it is up to ED&F to assess the completeness of SKAT's production by poring through tens of thousands of pages of Danish-language documents in order to determine how the documents were collected, which of the documents may be responsive, and which responsive documents may have been left out.  But "[i]t is well-settled that a producing party cannot unilaterally shift the burden and expense of complying with its discovery obligations to its opponent by 'simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought.'"  *Joint Stock Co. Channel One Rus. Worldwide v. Infomir LLC*, No. 16 Civ. 1318, 2019 WL 4727537, at *23 (S.D.N.Y. Sept. 26, 2019) (quoting 8B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2213, at 189-90 (3d ed. 2010) and collecting cases).  That is particularly true here, for the documents that SKAT proposes to produce are likely to include a vast number of non-responsive records, are likely to exclude responsive documents, and are also overwhelmingly—if not entirely—in a language other than English.

In fact, it is our understanding that SKAT has taken no steps at all to determine whether the Bech-Bruun Documents contain *any* records responsive to twelve of ED&F's twenty-four requests, the majority of which seek either single documents or narrow categories of documents.

---

[5] SKAT indicated that it "believe[d]" the Bech-Bruun Documents would include specifically responsive documents in response to only two of the RFPs (Request Nos. 8 and 12).

[6] Since serving its Responses and Objections, SKAT has advised us that it searched the Bech-Bruun Documents for records responsive to Requests 9, 11, and 16 and found none.  That the Bech-Bruun Documents contain no documents responsive to these requests underscores the inadequacy of SKAT's responses.  SKAT has advised us that Request 11 seeks records of a Sunday meeting (on November 20, 2011) and suggests that the date may be in error.  We are working to determine whether the date may be incorrect.

3



Request 4, for example, seeks the production of the terms of reference provided to Regnskab 2—SKAT's accounting arm—regarding the processing of WHT applications, a request which could be satisfied by the production of a single document. Similarly, Request 7 seeks documents "evidencing Peter Loft's instruction to SIR to conduct a review of the WHT application system in or around October 21, 2009 which led to the production of the 2010 SIR report." This request seeks at most a handful of documents regarding a specific subject matter. It is a basic tenet of discovery that documents sought by requests such as these should be searched for among the documents in SKAT's possession, custody or control. Blind reliance on a pre-existing document set cannot satisfy a party's discovery obligations.

Finally, SKAT's largely boilerplate objections to the five RFPs for which it has refused to produce any documents are unfounded. *See Metro Found. Contractors, Inc. v. Arch Ins. Co.*, No. 09 Civ. 6796(JGK), 2011 WL 70561, at *2 (S.D.N.Y. Jan. 6, 2011) (sanctioning plaintiff for failing to produce documents in response to request of third-party defendants). SKAT's suggestion that these requests are irrelevant to ED&F's claims or defenses is without merit, for given that ED&F is subject to claims for equitable indemnification by several third-party plaintiffs seeking to "shift[] liability" to ED&F—*see LNC Inv., Inc. v. First Fidelity Bank, N.A.*, 935 F. Supp. 1333, 1352 (S.D.N.Y. 1996)—documents regarding the existence of any such liability, or of any potential defenses to such liability, are relevant to ED&F's defense. Moreover, even without reference to SKAT's claims against the third-party plaintiffs, ED&F's alleged liability to the third-party plaintiffs will depend in large part on whether, in the controlling agency's view, the transactions at issue would have given rise to valid WHT refund applications. Thus, ED&F's requests for documents regarding this key question—including documents regarding SKAT's internal procedures for processing WHT refund applications—are necessarily relevant to ED&F's defense.[7]

For all of these reasons, we respectfully request that SKAT be compelled to search for and produce responsive documents in its possession, custody and control, and that its objections to ED&F's discovery requests be overruled.

Respectfully submitted,

Neil S. Binder

---

[7] Similarly, SKAT's position that any document searches should be confined to a three-and-a-half-year timespan (January 1, 2012 to June 15, 2015) is without basis. Even assuming that all of the WHT refund applications at issue were submitted within that timeframe, there is no reason to suppose that all relevant documents reflecting SKAT's policies, practices and procedures with respect to the WHT refund applications were created within that timeframe.

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to: 18-cv-05053; 18-cv-
09797, 18-cv-09836, 18-09837, 18-cv-09838, 18-
cv-09839, 18-cv-09840, 18-cv-19841, and 18-cv-
10100.[1]

18-MD-2865 (LAK)

## PLAINTIFF SKAT'S RESPONSES AND OBJECTIONS TO ED&F MAN CAPITAL MARKET LTD.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Plaintiff Skatteforvaltningen ("SKAT"), by and through its attorneys, Hughes Hubbard & Reed LLP, hereby responds and objects (individually, a "Response," collectively, the "Responses") to ED&F Man Capital Markets Ltd.'s ("ED&F") First Requests for Production of Documents, dated March 23, 2020 (each individually, a "Request," collectively, the "Requests").

The Response to any particular Request is not an admission of the relevance or the admissibility into evidence of such Response. No statement contained in these Responses shall be deemed to constitute an admission that any statement or characterization in the Requests is complete or accurate. SKAT reserves the right to supplement or correct these Responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

---

[1]    These cases are referred to herein collectively as the "ED&F Third Party Actions."

These Responses are made solely for purposes of discovery in the ED&F Third Party Actions. SKAT, in responding to the Requests, does not waive any objection based on relevance, materiality, competence, privilege, admissibility, authenticity, vagueness, ambiguity, undue burden, or other grounds, all of which objections and grounds are reserved and may be interposed at the time of any hearing or at trial. SKAT further does not waive the right to object on any ground at any time to a request for further responses to the Requests. Nor does SKAT waive the attorney-client privilege, work product privilege, or any other privileges or protections with respect to the information called for in the Requests.

SKAT responds to the Requests to the extent that the Requests' instructions do not impose obligations that are beyond the scope of the Federal Rules of Civil Procedure and the Local Rules applicable to discovery in this matter.

No Response made herein, or lack thereof, shall be deemed a statement by SKAT as to the existence or non-existence of any information.

## GENERAL STATEMENTS & OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS

In the interests of brevity and clarity, SKAT describes and summarizes certain limitations to its Responses and common bases for objections to the Requests.

1.      SKAT objects to the Requests to the extent that they are not proportional to the needs of the case in light of the limited disputed factual issues to which the Requests relate. Undertaking a comprehensive search and review of all SKAT's records for responsive documents would impose on SKAT a burden and expense that far outweighs the likely benefit of the discovery. SKAT will respond to the Requests by identifying known documents that are responsive to the Requests and will otherwise conduct reasonable searches for and produce discovery in compliance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the

Local Rules. These Responses do not represent that any documents exist that are responsive to any particular Request. A Response to a request indicating that SKAT will produce certain documents is not a representation that such documents do now or have ever existed, but only a representation that, to the extent that such documents do exist, are within SKAT's possession, custody, or control, and are not privileged or subject to confidentiality and/or non-disclosure requirements, SKAT will conduct a reasonably diligent search for and produce any such documents in accordance with the terms of the Response. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 1.")

2. SKAT objects to the Requests to the extent they seek or require the production of confidential, personal, business, or financial information of third parties. SKAT further objects to the Requests to the extent they call for the production of documents or information that are subject to any confidentiality or non-disclosure requirement under (i) any applicable treaty, law, rule or regulation, including, but not limited to, any treaty, law, rule, or regulation of the United States, Denmark, England, Dubai, Malaysia, or the European Union, (ii) an order of a foreign court, or (iii) any applicable agreement pursuant to which the documents or information were provided to SKAT. SKAT further objects to the Requests to the extent they call for the production of documents that SKAT is prohibited from disclosing under Danish law, including, but not limited to: the Danish Tax Administration Act, the Danish Public Administration Act, the Danish Data Protection Act, the European General Data Protection Regulation, the Danish Securities Trading Act, and the Danish Capital Markets Act. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 2.")

3.      SKAT objects to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, confidentiality orders governing this consolidated multidistrict litigation ("MDL") proceeding, or that are otherwise immune to or protected from disclosure.  The inadvertent production of any document that is confidential, privileged, or protected shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document, the subject matter thereof or the information contained therein; nor shall such inadvertent production constitute a waiver of SKAT's right to demand that such documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 3.")

4.      SKAT objects that the Requests are overly broad and unduly burdensome to the extent they call for the production of "all" documents when the relevant facts can be obtained from fewer than "all" documents, and to the extent they purport to require additional searches that would likely only lead to duplicative, cumulative, non-responsive, or other objectionable material.  SKAT will make reasonable efforts to search for and produce documents sufficient to respond to the Requests where appropriate, rather than search for and produce "all" responsive documents.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 4.")

5.      SKAT objects to the Requests to the extent they call for information or documents that are outside SKAT's possession, custody, or control; seek information and/or materials already within ED&F's knowledge, possession and/or control (either collectively or individually); or seek information that is publicly available or obtainable from some other source

that is more convenient, less burdensome, or less expensive. SKAT has no obligation or duty (and will undertake no such obligation or duty) to search for, collect, or produce information or documents that are under the possession, custody, or control of any third party, including any other agency or instrumentality of the government of the Kingdom of Denmark. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 5.")

6.      SKAT objects to the Requests to the extent they are vague, ambiguous, argumentative, cumulative, duplicative, overly broad, unduly burdensome, oppressive, or to the extent they seek information or documents that are not relevant to the claims or defenses in the ED&F Third Party Actions. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 6.")

7.      SKAT objects to the Requests to the extent they presume false or misleading legal premises or to the extent they presume factual premises not in evidence or likely to be admitted into evidence. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 7.")

8.      SKAT responds to the Requests without waiving or intending to waive, but on the contrary, preserving: (i) the right to object, on the grounds of competency, privilege, relevance, materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in these actions or in any other action; and (ii) the right to object on all grounds, and at any time, to document requests or other discovery procedures involving or relating to the subject of the Requests to which SKAT has responded herein.

9.     To the extent SKAT agrees to produce documents or information, such documents and information will be produced as kept in the usual course of business in accordance with Federal Rule of Civil Procedure 34(b)(2)(E) and any applicable Order of the Court, unless otherwise agreed between SKAT and ED&F.

10.     Where a document is only partially responsive to a request, SKAT reserves the right to redact any non-responsive or irrelevant portions.

11.     SKAT objects to the definitions of "ED&F" as vague, ambiguous, overly broad and unduly burdensome insofar as these definitions assume SKAT knows the identity of all of ED&F's officers, directors, employees, partners, corporate parent, subsidiaries and/or affiliates, as there is no way for SKAT to know all of the individuals and entities that fit within the scope of these definitions.  SKAT has responded to the Requests by interpreting each of these terms to include the related entities, employees of that entity, and individuals of which SKAT is aware as of the time that it responds to the Requests.

12.     SKAT objects to the definitions of "you," "your," "yourself," "SKAT," "Regnskab," and "SIR" as vague, ambiguous, overbroad, unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, and seeking information privileged or exempt from discovery.  SKAT objects to these definitions to the extent they include its representatives, attorneys, agents, investigators, consultants, and counsel working on its behalf in connection with this or any other litigation, or persons or entities acting or purporting to act on behalf of any of the individuals or entities covered by the definitions.  To the extent that SKAT provides any documents in response to a Request, SKAT will interpret the terms "you," "your," "yourself," "SKAT," "Regnskab," and "SIR"   to include SKAT and its current or former

employees in their capacity as such who were involved in any of the matters at issue in these actions during the relevant time period.

13.     SKAT objects to the definitions of "Rigsrevisionen," "Permanent Secretary," and "Danish Independent Commission" as vague, ambiguous, overbroad, unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, and seeking information outside of SKAT's possession or control.  As set forth in Objection 5, SKAT has no obligation or duty (and will undertake no such obligation or duty) to search for, collect, or produce information or documents that are under the possession, custody, or control of any other agency or instrumentality of the government of the Kingdom of Denmark or from any other third party.

14.     SKAT objects to the definitions of "Shares," "Dividends," "WHT," and "Refunds" as vague, ambiguous, overbroad, unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, and seeking information privileged or exempt from discovery to the extent that the scope of the definitions include claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding or did not use ED&F as a custodian, or any credit advices, dividends, refunds or shares related to such claims.

15.     SKAT objects to Instruction 1 and 2 on the grounds that the instructions are vague, ambiguous, overly broad, unduly burdensome, purport to impose obligations on SKAT in excess of those imposed by the Federal Rules of Civil Procedure.  SKAT will make its production based on a reasonable ESI and Hard Copy format agreed to by the parties in a reasonable amount of time prior to its production of documents as set forth herein.

16.     SKAT objects to Instruction 4, 7 and 8 as overbroad, unduly burdensome, and seeking to expand its obligations beyond those required for a privilege log.  In creating any such privilege log, SKAT will not log internal communications between or among any of its inside or outside counsel.  To the extent SKAT withholds any other documents based on a claim of privilege, exemption, or immunity from discovery, it will set forth such information in its privilege log and will provide similar information in accordance with its obligation under Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2.

17.     SKAT objects to Instruction 3, 5, 6, 9, 10 and 11 on the grounds that the instructions are vague, ambiguous, overly broad, and unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, seeking information privileged or exempt from discovery, and that they purport to impose obligations on SKAT in excess of those imposed by the Federal Rules of Civil Procedure.

18.     SKAT objects to Instruction 12 to the extent that it calls for the production of documents or information that is not relevant to any claim or defense of any party or to the subject matter involved in the ED&F Third Party Actions and is not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks information and documents relating to time periods not relevant to the ED&F Third Party Actions.

19.     SKAT objects to the Time Period to the extent it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in the ED&F Third Party Actions.  SKAT will only produce documents or information created, generated, dated, issued, executed, or received during the period from January 1, 2012 to June 15, 2015, unless otherwise specified in the Responses.

## RESPONSES TO DOCUMENT REQUESTS

   The responses below to each Request shall be deemed to incorporate the General Statements and Objections to the Instructions and Definitions as if each were fully set forth therein.

   Based on the objections set forth in these Responses, SKAT will not search for or produce:  (i) the personnel files of SKAT employees; (ii) SKAT's communications with Danish, U.S. or other government law enforcement agencies or organizations; (iii) documents produced in response to any investigatory requests (unless they are otherwise included in a category of documents that SKAT specifically agrees to provide in response to a specific Request); (iv) documents obtained from or submitted in proceedings in foreign jurisdictions that are subject to confidentiality requirements in those jurisdictions; (v) documents obtained from third parties pursuant or subject to confidentiality, non-disclosure, or data privacy restrictions; (vi) documents in the possession of any ministry, agency or instrumentality of the government of the Kingdom of Denmark other than SKAT; and (vii) information or documentation related to individuals or entities that requested or received dividend withholding tax ("DWT") refunds that are not defendants in these proceedings.

   Reference is made to the productions that SKAT has made and continues to make to the defendants in the other actions in the above captioned multidistrict litigation in response to their First Requests for Production of Documents Responses and Objections, dated March 7, 2019 and their Second Requests for Production of Documents Responses and Objections, dated January 17, 2020 (the "MDL Defendant Requests"). In response to the MDL Defendant

Requests, SKAT has produced, or is in the process of producing:[2] (i) SKAT's case files on each of the pension plan defendants; (ii) claims review guidelines describing the process followed by the employees who received and processed applications for DWT refunds; (iii) extracts of SKAT's accounting systems showing payments to the pension plan defendants; (iv) the emails received from the whistleblower mentioned in the complaints; (v) custodial emails from relevant SKAT employees; (vi) certain reports related to SKAT's administration of DWT refunds; (vii) documents provided by SKAT to the Danish law firm Bech-Bruun for Bech-Bruun's review and consideration prior to Bech Bruun issuing its December 15, 2017 report that are not subject to confidentiality restrictions, non-disclosure requirements, or other restrictions (the "Bech-Bruun Documents"); and (viii) documents provided or obtained from third parties, including Novus Capital Markets Limited, North Channel Bank GmbH & Co. KG, Elysium Global (Dubai) Limited and Elysium Properties Limited.  SKAT has previously informed counsel to ED&F that these documents are available to ED&F by contacting lead counsel for the defendants in the MDL litigation to coordinate access to the database on which they are being stored.

**Request for Production No. 1:**

All documents or communications concerning early warnings submitted to the Danish Ministry of Taxation on the subject of WHT refunds from 2002 onwards.

**Response to Request for Production No. 1:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, 6, and 7.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated,

---

[2]     SKAT's ongoing production constitutes millions of documents, including approximately 13,000 documents from SKAT's case files on each of the pension plan defendants in the MDL.

issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 2:**

All requests for more resources to be allocated to Regnskab 2 for the purposes of processing WHT applications made by Lisbeth Romer to SKAT and the responses thereto.

**Response to Request for Production No. 2:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 3:**

All internal audit or reports from 2000 onwards which show what percentage of WHT was being refunded or what percentage of WHT applications were being granted.

**Response to Request for Production No. 3:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly

burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. SKAT also objects to the Request to the extent that it seeks information or documents which are protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity, including, without limitation, the attorney-client privilege, the attorney work product doctrine, or other privileges. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 4:**

Documents evidencing the terms of reference for Regnskab 2 in relation to the handling of WHT applications.

**Response to Request for Production No. 4:**

SKAT incorporates by reference Objections 1, 2, 3, 5, 6, and 7. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 5:**

All documents upon which the internal guidance for WHT review dated August 2015 was based.

**Response to Request for Production No. 5:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT objects to this request as vague and

ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

### Request for Production No. 6:

Documents evidencing the decision to assign the task of WHT application processing to Regnskab 2 in January 2009.

### Response to Request for Production No. 6:

SKAT incorporates by reference Objections 1, 2, 3, 5, 6, and 7. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. SKAT will not search for and/or produce documents specifically responsive to this Request as SKAT's actions in 2009 are irrelevant to ED&F Third Party Actions.

**Request for Production No. 7:**

Documents evidencing Peter Loft's instruction to SIR to conduct a review of the WHT application system in or around October 21, 2009 which led to the production of the 2010 SIR report.

**Response to Request for Production No. 7:**

SKAT incorporates by reference Objections 1, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 8:**

SIR memorandum to Peter Loft showing a negative tax position for 2006, dated in or about October 2009.

**Response to Request for Production No. 8:**

SKAT incorporates by reference Objections 1 and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, which

includes a document SKAT believes to be responsive to the Request, but will not otherwise produce documents in response to this Request.

**Request for Production No. 9:**

Lisbeth Romer's memorandum submitted to SIR dated December 7, 2009.

**Response to Request for Production No. 9:**

SKAT incorporates by reference Objections 1 and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 10:**

Any documents showing completion of action points contained in the 2010, 2013 and 2015 SIR reports.

**Response to Request for Production No. 10:**

SKAT incorporates by reference Objections 1, 2, 3, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to

and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 11:**

Minutes of meeting between Regnskab 2 and SIR on November 20, 2011.

**Response to Request for Production No. 11:**

SKAT incorporates by reference Objections 1, 3, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 12:**

SIR report dated June 27, 2014 concerning progress on action points from 2013 SIR report.

**Response to Request for Production No. 12:**

SKAT incorporates by reference Objections 1, 3, 5, and 6. SKAT objects to this Request on the ground that it seeks information not relevant to any party's claims or defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, which includes documents SKAT believes to be responsive to the Request, but will not otherwise produce documents in response to this Request.

**Request for Production No. 13:**

Minutes of meeting between SIR and directors of SKAT dated September 16, 2015.

**Response to Request for Production No. 13:**

SKAT incorporates by reference Objections 1, 3, 5 and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the document it believes to be responsive to the Request.

**Request for Production No. 14:**

Reports on which the decision to reorganise SKAT was based.

**Response to Request for Production No. 14:**

SKAT incorporates by reference Objections 1, 2, 3, 5, 6, and 7. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 15:**

Documents showing the conclusions which led to the reorganisation of SKAT in 2018.

**Response to Request for Production No. 15:**

SKAT incorporates by reference Objections 1, 2, 3, 5, 6, and 7.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions.  SKAT will not produce documents in response to this Request.

**Request for Production No. 16:**

SIR's risk analysis of the dividend area from February 2, 2012.

**Response to Request for Production No. 16:**

SKAT incorporates by reference Objections 1, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby.  SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any

objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 17:**

All statements prepared by Lisbeth Rømer regarding the problems related to the refund of WHT.

**Response to Request for Production No. 17:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents and copies of documents from the custodial files of Lisbeth Romer that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 18:**

All notes from meetings between SIR and the dividend administration regarding the problems related to the refund of WHT.

**Response to Request for Production No. 18:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not

relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 19:**

All notes from meetings between SIR and SKAT's management regarding the problems related to the refund of WHT, including the meeting between Kurt Wagner of SIR and the directors of SKAT which took place on November 9, 2015.

**Response to Request for Production No. 19:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding. SKAT also objects to this Request on the ground that it calls for the production of information and documents that were created, generated, dated, issued, executed, or received during a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 20:**

All notes from meetings between SIR and the National Audit (Rigsrevisionen).

**Response to Request for Production No. 20:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT also objects to the Request to the extent that it seeks information or documents which are protected by any confidentiality requirement and/or non-disclosure requirement. Subject to and without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 21:**

All presentations to the Permanent Secretary regarding the problems related to the refund of WHT.

**Response to Request for Production No. 21:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding. SKAT objects to the Request to the extent that it seeks information or documents which are protected by any confidentiality requirement and/or non-disclosure requirement. SKAT also objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control, including, but not limited to, any other agency or instrumentality of the Kingdom of Denmark. Subject to and

without waiving any objections, SKAT will produce the Bech-Bruun Documents, but will not otherwise produce documents in response to this Request.

**Request for Production No. 22:**

All evidence that it has produced to the Danish Independent Commission, as well as any transcriptions of testimony before the Commission that it has produced (or instructed to be produced).

**Response to Request for Production No. 22:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT objects to the Request to the extent that it seeks information or documents which are protected by any confidentiality requirement and/or non-disclosure requirement. SKAT objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control. SKAT further objects to the Requests on the ground that it seeks seeking information equally available to ED&F as the hearings and testimony before the Commission were public. SKAT also objects to the Request on the ground that it seeks transcriptions of testimony as SKAT is not currently aware that any such transcriptions exist. SKAT will not produce documents in response to this Request.

**Request for Production No. 23:**

Copies of the agreements entered into between SKAT and Danske Bank, Nordea and SEB which constituted the so-called "Bank Scheme/Programme" referred to in the SIR report dated September 24, 2015.

**Response to Request for Production No. 23:**

SKAT incorporates by reference Objections 1, 3, 4, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any

party's claims or defenses in these actions. SKAT also objects to the Request to the extent that it seeks information or documents which are protected by any confidentiality requirement and/or non-disclosure requirement. SKAT will not produce documents in response to this Request.

**Request for Production No. 24:**

Copies of any documents evidencing the termination of the so-called Bank Scheme/Programme in around 2015 and the explanation of the basis of the termination.

**Response to Request for Production No. 24:**

SKAT incorporates by reference Objections 1, 2, 3, 4, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT will not produce documents in response to this Request.

Dated: New York, New York
     April 22, 2020

                       HUGHES HUBBARD & REED LLP

                       By: _____

                           William R. Maguire
                           Marc A. Weinstein
                           Neil J. Oxford
                           Dustin P. Smith

                       One Battery Park Plaza
                       New York, New York 10004
                       (212) 837-6000
                       bill.maguire@hugheshubbard.com
                       marc.weinstein@hugheshubbard.com
                       neil.oxford@hugheshubbard.com
                       dustin.smith@hugheshubbard.com

                       *Attorneys for Plaintiff Skatteforvaltningen*