# EXHIBIT L



Binder & Schwartz LLP  
366 Madison Avenue  6th Floor  
New York, NY 10017

(T) 212.510.7008  
(F) 212.510.7299  
binderschwartz.com

June 4, 2020

**By ECF**

Honorable Lewis A. Kaplan  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Litigation*, 18-md-2865 (LAK) – ED&F's Letter Motion to Compel Discovery from SKAT

Dear Judge Kaplan:

      We submit this letter motion on behalf of ED&F Man Capital Markets, Ltd. ("ED&F") to request that the Court include the attached two documents in consideration of ED&F's Letter Motion to Compel, dated June 1, 2020 [ECF No. 351] so that there will be a complete record before the Court.

      In its opposition letter dated June 3, 2020 [ECF No. 352], Skatteforvaltningen ("SKAT") submitted two exhibits:  (A) a May 26, 2020 letter from SKAT's counsel responding to April 29, 2020 and May 19, 2020 letters from ED&F's counsel, and (B) an email chain between counsel regarding, among other things, the May 19, 2020 letter.  SKAT did not include in its submission the letters to which its letter responded.  So that the Court may have a complete record, we attach for the Court's consideration the April 29, 2020 and May 19, 2020 letters from ED&F's counsel, attached as Exhibits A and B, respectively.

                                             Respectfully submitted,

                                             Neil S. Binder

# **EXHIBIT A**



Neil S. Binder
Binder & Schwartz LLP
366 Madison Avenue  6th Floor
New York, NY 10017

(T) 212.510.7031
(F) 212.510.7299
nbinder@binderschwartz.com

April 29, 2020

<u>Via Email</u>

Neil J. Oxford, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6843
neil.oxford@hugheshubbard.com

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Litigation*, 18-md-2865 –
SKAT's Responses to ED&F's Requests for Documents

Dear Neil:

    We write to follow up on our meet-and-confer call of April 27, 2020 with respect to SKAT's Responses and Objections to Third-Party Defendant ED&F Man Capital Markets, Ltd.'s ("ED&F") First Requests for Production of Documents (the "R&Os") in the above-captioned proceeding.

    SKAT has failed to respond to the vast majority of requests for documents served by ED&F. Rather than agree to conduct searches for the narrow and specific documents sought by ED&F, SKAT's position is that it can substitute the production of a completely separate set of documents not collected for this litigation, which SKAT largely has made no effort to determine is responsive to ED&F's requests. Such responses do not satisfy SKAT's obligations under the Federal Rules to search for documents "relevant to any party's claim or defense and proportional to the needs of the case"—a multi-billion-dollar multidistrict litigation that SKAT itself initiated—for the reasons discussed in further detail below. As a step toward meeting SKAT's discovery obligations in this matter, ED&F requests that SKAT provide the following:

1. For each request made by ED&F, indicate whether a search was conducted, and, if so, the specific searches that were performed for the documents requested. The response to this request should include: (a) the universe of documents searched (*e.g.*, the Bech-Bruun documents or, to the extent a broader category of documents were searched, the parameters of documents selected to search); (b) the date range for which documents were searched; (c) the search terms used, to the extent the search involved the use of search terms; and (d) any further restrictions on documents within the search, such as the exclusion of specific custodians, file types, or other information.



2. For each request for which SKAT responded that it will produce the Bech-Bruun Documents, indicate whether the Bech-Bruun Documents contain a complete set of the documents that SKAT believes are responsive to each such request and your basis for that assertion.

3. Confirm that you will not withhold responsive documents sought by ED&F solely on the basis that they were not created between January 1, 2012 and June 15, 2015.

4. To the extent discrete categories of documents are being withheld solely on the basis of confidentiality obligations or data privacy laws, rather than for privilege, immediately provide a brief description of each category of documents, the confidentiality provisions that allegedly apply, and the basis for asserting confidentiality as a reason to withhold. Please also provide the date that we can expect to receive a privilege log listing all of the documents withheld.

5. Produce an English translation of the 600-plus page Bech-Bruun Report, which is necessary to determine whether the Bech-Bruun Documents are likely to satisfy any of the requests made by ED&F.

**Basis for Requests**

We wrote to you on April 9, 2020, prior to the deadline for SKAT to serve the R&Os, because we were concerned that we would receive the same types of improper objections that were made in SKAT's responses to requests for production from the pension plan defendants. We had hoped to avoid the delay that results from having to meet and confer over broad, general objections that do not fairly respond to proper document requests. For that reason, we asked that, to the extent you intended to refuse the production of the specific documents sought by ED&F, you "state the basis for such refusal with sufficient specificity so that we may promptly meet and confer." Apr. 9 Ltr. at 2. You did not do that; rather, SKAT provided boilerplate objections that reflect no effort to respond to the requests for documents actually sought by ED&F. Indeed, it appears that rather than search for specific documents responsive to ED&F's requests, SKAT has simply decided that it will produce the "Bech-Bruun Documents," which you have told us will likely have some overlap with documents responsive to ED&F's requests. However, it is not clear which documents will be included in SKAT's productions and which will not, and thus SKAT's R&Os, as written, are insufficient for the following non-exhaustive reasons.

First, SKAT's R&Os do not sufficiently indicate whether a search for responsive documents has been or will be performed. Based on the R&Os, as further clarified by your responses to our questions on our April 27, 2020 call, we understand that SKAT's responses to ED&F's 24 requests fall into the following categories:

- No indication of whether responsive documents would be produced: **15 requests** (Nos. 1,

2



2, 3, 4, 5, 7, 9, 10, 11, 14, 16, 18, 19, 20, and 21)
- Complete objection to production: **5 requests** (Nos. 6, 15, 22, 23, and 24)
- Indication that the Bech-Bruun documents likely contain the requested documents: **2 requests** (Nos. 8 and 12)
- Agreement to search for specific documents subject to objections: **2 requests** (Nos. 13 and 17)

Twenty of SKAT's responses thus either improperly refuse to provide any documents in response to ED&F's request or provide no indication as to whether such production of documents is forthcoming. Indeed, based on our call, with the exception of one or two specific documents ED&F requested, SKAT appears to have made the decision not to conduct any search whatsoever for the documents sought by ED&F's requests.

 Second, and relatedly, SKAT's statement that it would produce the Bech-Bruun Documents does not substitute for a statement as to whether or not any documents responsive to 15 of ED&F's 24 requests will be produced. When we asked whether the Bech-Bruun Documents—a set of documents identified and collected by SKAT in connection with an internal investigation culminating in a 600 page public report in Danish— would contain documents responsive to those requests, Mr. Weinstein responded that the Bech-Bruun Documents were "everything [we] would want to know" about SKAT, and that additional searches for many or most of the documents requested by ED&F would thus not be required. Although there may be important and responsive documents in the Bech-Bruun Documents, the Bech-Bruun Documents cannot contain "everything we would want to know" unless they include all of the documents sought by ED&F in its requests. In fact, even in response to the six requests for which ED&F requested production of only a single document, SKAT was unclear whether no search had been performed, or whether a search was performed but a responsive document was not located. For each of the 15 requests for which SKAT indicated that it would produce the Bech-Bruun Documents, but provided no indication as to whether, in SKAT's view, the Bech-Bruun Documents contained documents responsive to ED&F's requests or not, please indicate whether the Bech-Bruun Documents contain all the documents sought by ED&F in such category and your basis for that assertion.

 Third, SKAT's promise to produce documents only for the period January 1, 2012 through June 15, 2015 is overly narrow and excludes documents likely to be central to ED&F's defenses to the claims it faces in this litigation. Although SKAT did not indicate the basis for the date restriction in the R&Os, SKAT clarified on the call that January 1, 2012 was chosen as the start date for the relevant period because 2012 was the first year in which WHT applications at issue in this litigation were submitted, and June 15, 2015 was chosen as the end date because a whistleblower complaint was filed on or about that date, which SKAT contends led it to re-examine its own practices. We pointed out that, for example, the exclusion of documents authored before January 1, 2012, but that captured SKAT's policies, practices, or procedures for evaluating WHT applications during SKAT's view of the "relevant period," were relevant to whether the WHT applications submitted by ED&F clients were valid. We also pointed out that,

3



though many documents created after June 15, 2015 may reflect the input of attorneys and thus may be protected under a privilege, any non-privileged documents created after June 15, 2015 that analyzed SKAT's previous conduct were relevant for the same reasons. Indeed, you told us that the Bech-Bruun Documents, to which SKAT refers in many of the responses to ED&F's requests, span the period of 2008 through 2015. You indicated that you would reconsider your recitation of the relevant period. We ask that you withdraw your objection as to the relevant period, particularly in view of the targeted requests propounded by ED&F that do not require broad searches of custodial documents.

Fourth, SKAT's general indication that documents would be withheld solely on confidentiality grounds—without a corresponding objection on the basis of privilege or relevance—is not specific enough for ED&F to evaluate the propriety of the withholding. We asked you to describe the categories of documents you contend are completely protected from disclosure on confidentiality grounds, as well as the specific confidentiality provisions that mandate such protection. You informed us that you would consider this request. Please first provide a list of categories of documents withheld on confidentiality grounds, as well as the confidentiality provisions that apply to each category and the basis for withholding based on those asserted provisions. Please also let us know the date by which SKAT will provide a privilege log of all such documents.

Fifth, given the prominent role that the Bech-Bruun Documents play in SKAT's contention that it has complied with its discovery obligations, SKAT must produce an English translation of the Bech-Bruun Report. You indicated on our call that you did not intend to make such production. Please reconsider your position, as the scope and analysis of the Report is now critical to understanding your contention that SKAT's production of the Bech-Bruun Documents fulfills some of SKAT's obligations to comply with ED&F's requests. It is not reasonable to take the position that the Bech-Bruun Report explains the relevance of the documents SKAT intends to produce and then require ED&F to have a 600-page document translated and reviewed so that we may continue to meet and confer once we have done so.

Sixth, even if the Bech-Bruun Documents contain documents responsive to ED&F's requests, it would be improper to bury such responsive documents among millions of pages of Danish-language documents that do not respond to ED&F's requests. It is impractical and improper to require our client to search for the documents they seek among those that SKAT has unilaterally decided to produce.



      We ask that you provide us with a response by May 4 so that we may promptly resume our meet and confer.

                                     Sincerely,

                                     Neil S. Binder

CC:    Mark A. Weinstein, Esq.
         Dustin Smith, Esq.
         Valerie Cahan, Esq.

5

# **EXHIBIT B**



Neil S. Binder
Binder & Schwartz LLP
366 Madison Avenue  6th Floor
New York, NY 10017

(T) 212.510.7031
(F) 212.510.7299
nbinder@binderschwartz.com

May 19, 2020

<u>Via Email</u>

Neil J. Oxford, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6843
neil.oxford@hugheshubbard.com

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Litigation*, 18-md-2865

Dear Neil:

      We write to follow up on our continued meet and confer on SKAT's Responses and Objections to Third-Party Defendant ED&F Man Capital Markets, Ltd.'s ("ED&F") First Requests for Production of Documents (the "R&Os") in the above-captioned proceeding, and specifically on the items discussed on our April 27, May 5, and May 12, 2020 teleconferences.

      It is our understanding that SKAT is refusing to search for any documents in response to ED&F's specific R&Os and will instead produce only documents collected in connection with the preparation of the Bech-Bruun Report (the "Bech Bruun Documents").  You have told us that in your view such production is sufficient.

      As you know, we disagree.  It appears that SKAT has taken no meaningful steps to determine whether the Bech-Bruun Documents are likely to contain the full set of documents responsive to ED&F's requests.  This view is based on the following understanding as of the time of our last meet and confer:

- You do not know what documents were sought from SKAT in connection with Bech-Bruun Reports.

- You have advised us that there exists some record of document requests from SKAT, but that they are in Danish and SKAT's U.S. counsel has not reviewed them.  You would not confirm our suspicion that SKAT's Danish counsel was not asked to review ED&F's R&Os, let alone whether they considered the R&Os by reference to the requests made in connection with the Bech-Bruun Report.

- You have advised us that you do not know which, or even whether, search terms were run as part of the creation of the Bech-Bruun Document set.



- You have advised us that you do not know the full list of which custodians produced documents and what date range was searched.

If our understanding is correct, it is simply not possible for you to assert that the Bech-Bruun Documents contain the set of documents responsive the ED&F's Requests. If the above is incorrect, or you have since obtained the information sought, please provide the following information:

1. The document requests provided to SKAT by Bech-Bruun, which you contend address documents or categories of documents now sought by ED&F.

2. The search terms used, custodians searched, and date filter applied by SKAT in responding to such requests for documents.

3. Additional searches you have run or steps you have taken to determine whether any of the documents requested by ED&F are contained within the Bech-Bruun Documents.

To the extent this has been done, please provide the information to us no later than close of business on Thursday, May 21.

In addition, we are confirming the following representations made on our May 12, 2020 teleconference. To the extent any of the following is incorrect, please set forth SKAT's correct position in writing in response:

1. SKAT will be producing by the end of May the full set of Bech-Bruun Documents without any limitation, except for claims of privilege and confidentiality protection.

2. At or around the time that the Bech-Bruun documents are produced, SKAT will produce a privilege log that contains not only all documents withheld on privilege grounds, but also all documents that SKAT contends are protected from discovery on the basis of confidentiality obligations.

3. You have not obtained manual translations of the Bech-Bruun Report or the Bech-Bruun Documents, to the extent they are not in English, and have instead relied on Google Translate or other "commercially available software," along with the advice and representations of Danish counsel, to understand the contents of those documents.

Sincerely,

Neil S. Binder

2