# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to: Cases in Appendix A.

18-md-02865-LAK

**Request for International Judicial
Assistance pursuant to the Hague
Convention of 18 March 1970 on
the Taking of Evidence Abroad in
Civil or Commercial Matters**

---

The United States District Court for the Southern District of New York presents its

compliments to the appropriate judicial authority of the Kingdom of Denmark, and requests

international judicial assistance to obtain evidence to be used in a civil proceeding before this

court in the above captioned matter.  This request is made pursuant to and in conformity with the

Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial

Matters.

This Court requests the assistance described herein as necessary in the interests of

justice.  The assistance requested is for the appropriate judicial authority of Denmark to compel

the below-named individual to provide testimony.

This Court considers that the evidence sought is directly relevant to issues of fact and law

that may influence the final determination of the existence, non-existence, and/or extent of any

liability in this matter.  This request is made with the understanding that it will in no way require

any person to commit any offense, or to undergo a broader form of inquiry than they would if the

litigation were conducted in the Kingdom of Denmark.  It is expected, based on existing

timetables, that the United States District Court for the Southern District of New York may

schedule trial in or around 2022.  Potential summary judgment motions would be due before

trial.  In the United States, parties may move for summary judgment.  A party moving for or opposing summary judgment must present evidence to support its arguments, as they do at trial. The following request is made in support of the pending proceedings in New York.

The particulars of this Hague Evidence Request are as follows:

| | |
|---|---|
| **1.  Sender** | The Honorable Lewis A. Kaplan<br>District Judge<br>United States District Court for the Southern District of New York |
| **2.  Central Authority of the Requested State** | Ministry of Justice<br>Procedural Law Division<br>Slotsholmsgade 10<br>1216 COPENHAGEN K<br>Denmark |
| **3.  Person to whom the executed request is to be returned** | Sharon L. McCarthy<br>Kostelanetz & Fink, LLP<br>7 World Trade Center, 34th Floor<br>New York, NY 10007<br>Tel.:   (212) 808-8100<br>Fax:   (212) 808-8108<br>Email: smccarthy@kflaw.com |

**4.   Specification of the day by which the requesting authority requires receipt of the response to the Letter of Request**

| | |
|---|---|
| **Date** | June 30, 2021 |
| **Reason for Urgency, if applicable** | Discovery is underway in this matter and trial may be scheduled to occur in 2022. |

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

| | |
|---|---|
| **5a. Requesting judicial authority (Article 3,a)** | The Honorable Lewis A. Kaplan<br>District Judge |

|  | United States District Court for the Southern District of New York |
|---|---|
| **5b. To the competent authority of (Article 3,a)** | The Kingdom of Denmark |
| **5c. Names of the case and any identifying number** | In re Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Scheme Litigation, 18-md-2865 (LAK) |

## 6. Names and addresses of the parties and their representatives

|  |  |
|---|---|
| **a. Plaintiff's Representatives** | SKAT<br>Østbanegade 123<br>2200 København Ø<br>Denmark<br><br>William R. Maguire<br>Marc A. Weinstein<br>Neil J. Oxford<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, New York 10004-1482<br>United States of America |
| **b. Defendants' Representatives** | Please refer to the attached Appendix A<br><br>Please refer to the attached Appendix A |

## 7. Nature of the Proceedings

### a. Background

In May and June 2018, Plaintiff SKAT filed 140 similar complaints in eleven different federal judicial districts. On October 3, 2018, the federal complaints were consolidated in this Multi-District Litigation ("MDL") and assigned to the Honorable Lewis A. Kaplan. Since that time, SKAT filed several additional complaints which are consolidated into the MDL. SKAT filed amended complaints on April 20, 2020, against the particular Defendants seeking the evidence described below. Defendants answered the amended complaints on June 29, 2020.

Defendants are pension, profit sharing, or stock bonus plans qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and residents of the United States of America for purposes of U.S. taxation.  Defendants applied for and received dividend tax reclaims from Plaintiff SKAT related to Defendants' ownership of shares in Danish companies listed on the OMX Copenhagen 20 Index, the 20 most-traded stocks in Denmark.  Danish companies are required to withhold 27% tax on dividends they pay to shareholders.  Under certain double taxation treaties between Denmark and other countries, including the United States, this tax is reimbursable to certain non-Danish shareholders, including pension, profit sharing, and stock bonus plans qualified under section 401(a) of the Internal Revenue Code.  Defendants, acting through their agents and representatives, applied to SKAT claiming repayments of tax withheld on dividends that they earned on shares of Danish companies that they held.  SKAT claims that Defendants did not own the shares forming the basis of those tax reclaim applications.  SKAT alleges that it paid baseless withholding tax refund claims.

The witness whose testimony is sought pursuant to this Letter of Request is a former SKAT employee named Dorthe Pannerup Madsen.

**b. Summary of Complaints**

The allegations in Plaintiff SKAT's complaints in the consolidated actions are substantially similar.  SKAT brought complaints against three classes of defendants: "Plan Defendants," the pension plans that SKAT claims received baseless dividend withholding tax refunds; "Authorized Representative Defendants," individuals who signed powers of attorney authorizing Payment Agents to submit dividend withholding tax refund claims to SKAT; and "Incorporator Defendants," defendants who incorporated business entities associated with the

Plan Defendants that submitted dividend withholding tax refund claims to SKAT. The conduct at the heart of Plaintiff SKAT's complaints is alleged to have occurred between 2012 and 2015. Plaintiff asserts claims for fraud, aiding and abetting fraud, payment by mistake, unjust enrichment, negligent misrepresentation, and related claims.

### c. Summary of Defenses

Defendants deny all allegations of wrongdoing made by SKAT. Defendants assert numerous defenses to SKAT's allegations. Defendants maintain that they acted at all times reasonably and with due care, reasonably relied upon the actions and statements of others, and did not directly or indirectly cause, induce, aid, or abet any acts constituting the claims asserted by SKAT. Defendants assert that they did not engage in any unlawful conduct and are not liable for any unlawful acts that may have been committed by others. Furthermore, Defendants contend that if SKAT suffered any loss, damage, or injury, such alleged loss, damage, or injury was caused in whole or in part by SKAT's own negligence, SKAT's assumption of risk, and/or other culpable parties and/or third parties to this action, other than Defendants, for whose acts or omissions or breaches of legal duty Defendants are not liable. Finally, Defendants allege that SKAT's claims are barred by the applicable statutes of limitations.

### d. Other Necessary Information or Documents

| | |
|---|---|
| **8a. Evidence to be obtained or other judicial act to be performed (Article 3,d)** | Defendants seek testimony from Dorthe Pannerup Madsen |
| **8b. Purpose of the evidence or other judicial act sought** | The witness's testimony is relevant to establishing one or more of Defendants' defenses in this action. |
| **9. Identity and address of any person to be examined (Article 3,e)** | Dorthe Pannerup Madsen is a former SKAT employee who, from 2013-2015, served as the head of SKAT's |

dividend tax office, responsible for issuing the dividend tax refunds at issue in this action.

A current address for Dorthe Pannerup Madsen could not be located.

**10. Questions to be put to the person to be examined or statement of the subject-matter about which they are to be examined (Article 3,f)**

    **a. Definitions**

        i.    "SKAT" – Skatteforvaltningen and any officers, directors, managers, employees, or agents thereof.

        ii.    "The Office" – the operating unit within SKAT responsible for dividend taxes, including the receipt of dividend reclaim applications, the processing of said reclaim applications, and the issuing of dividend tax refunds.

        iii.    "Tenure" – the period of time, between approximately 2013 and 2015, during which time Dorthe Pannerup Madsen was in charge of the Office.

        iv.    "Minister" – Minister of Taxation for Denmark.

        v.    "Risk" – any likelihood that SKAT issued an Erroneous Refund of dividend taxes.

        vi.    "Erroneous Refund" – a refund of dividend tax issued to an applicant alleged to be not eligible to receive such refund.

        vii.    "Control" – any policy, procedure, directive, or other rule that would have increased the information reported to SKAT, provided SKAT with greater ability to assess the validity of any individual dividend tax reclaim application, or decreased Risk.

- 7 -

    viii.    "Reclaim Agent" – any of Goal Group, Syntax GIS, or Acupay, which firms submitted dividend reclaim applications on behalf of shareholders.

**b. Subject of Testimony**

The subject of Dorthe Pannerup Madsen's testimony will be:

i.    The identities and responsibilities of all Office employees during her Tenure;

ii.    The broader organizational structure within SKAT, including the management chain of command;

iii.    Her knowledge that SKAT lacked the ability to independently verify the ownership of stocks associated with reclaim applications;

iv.    Her knowledge that SKAT lacked the ability to independently verify whether dividend taxes had in fact been withheld with respect to such stocks identified in a reclaim application;

v.    Her knowledge that SKAT lacked the ability to check whether dividend tax was being requested more than once per share;

vi.    Her knowledge of the schedule and process for reporting of dividend payment information to SKAT;

vii.    Her knowledge regarding the increasing volume of dividend tax refunds requested and paid by SKAT during her Tenure;

viii.    Her knowledge of all other conditions contributing to Risk;

ix.    All communications with SKAT or other Ministry officials concerning Risk;

x.    All Controls proposed or adopted during her Tenure;

      xi.     Her knowledge of the facts relating to SKAT's decision to suspend payments of dividend withholding tax in 2015;

      xii.    The extent and impact of resource constraints within SKAT generally and the Office specifically, and their effect on dividend tax administration; and

      xiii.   Authentication of documents, if necessary.

**11.  Documents or other property to be inspected (Article 3,g)**

Any and all contemporaneous notes, memoranda, testimony, or correspondence in the possession, custody or control of Dorthe Pannerup Madsen related to the Subject of Testimony.

| | |
|---|---|
| **12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3,h)** | The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the law of the Kingdom of Denmark.  The testimony shall be given under oath. |
| **13. Special methods or procedure to be followed (Articles 3,i and 9)** | The United States District Court for the Southern District of New York respectfully requests that:<br><br>a.  The Parties' United States and Danish lawyers be permitted to attend the oral testimony and ask supplementary questions of the witness;<br><br>b.  The Parties' United States and Danish lawyers be permitted to examine and cross-examine the witnesses directly;<br><br>c.  The Parties' United States and Danish lawyers be allowed to participate in the oral testimony of the requested witnesses by video-conference per the enclosed 'Optional Form For Video-Link Evidence,' as practicable and in discussion with the Ministry of Justice regarding technical logistics and that the video-conference be recorded and a copy provided to the Parties;<br><br>Oral testimony of the witnesses be videotaped and recorded verbatim, and that a professional videographer |

|  | and a professional stenographer be permitted to attend the oral testimony in order to record the testimony; the costs of the court reporter or of the videographer being at the charge of defendants. |
|---|---|
| **14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)** | It is requested that testimony be taken at such place, date or time as ordered by the Ministry of Justice and/or as otherwise scheduled by the representatives of the Defendants and/or as otherwise agreed to by the witnesses and the respective representatives of the Parties.

Notice thereof should be made to Defendants' Danish designee:

Kasper Bech Pilgaard
TVC Law Firm
Nimbusparken 24, 2d fl., 2000 Frederiksberg, Copenhagen, Denmark |
| **15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)** | None. |
| **16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11,b)** | Under the laws of the United States, a party has a privilege to refuse to disclose the contents of a confidential communication between that party and an attorney that was made for the purpose of obtaining legal advice. Waiver of the privilege over some communications, in some circumstances, can be deemed a waiver of privilege over other communications concerning the same subject matter.

Parties also enjoy limited privileges not relevant here, such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.

United States law also recognizes a testimonial privilege against criminal self-incrimination. This privilege does not apply to production of documents.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of |

documents created by attorneys in anticipation of litigation.

**17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**

Defendants

Date of Request:

_____

Signature and Seal of the Requesting Authority

**APPENDIX A**

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| John van Merkensteijn, III | Sharon L. McCarthy<br>Caroline Ciraolo<br>Nicholas S. Bahnsen<br>Kostelanetz & Fink LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>Tel: (212) 808-8100<br>Fax: (212) 808-8108<br>cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com | 19-cv-01866<br>19-cv-01865<br>19-cv-01906<br>19-cv-01894<br>19-cv-01911<br>19-cv-01871<br>19-cv-01930<br>19-cv-01873<br>19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928<br>19-cv-01931<br>19-cv-01800<br>19-cv-01803<br>19-cv-01809<br>19-cv-01818<br>19-cv-01801<br>19-cv-01810<br>19-cv-01813 |
| Elizabeth van Merkensteijn | | 19-cv-01893 |
| Azalea Pension Plan | | 19-cv-01893 |
| Basalt Ventures LLC Roth 401(K) Plan | | 19-cv-01866 |
| Bernina Pension Plan | | 19-cv-01865 |
| Bernina Pension Plan Trust | | 19-cv-10713 |
| Michelle Investments Pension Plan | | 19-cv-01906 |
| Omineca Pension Plan | | 19-cv-01894 |
| Omineca Trust | | 19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928<br>19-cv-01931 |

| | | 19-cv-01800 |
|---|---|---|
| | | 19-cv-01803 |
| | | 19-cv-01809 |
| | | 19-cv-01818 |
| | | 19-cv-01801 |
| | | 19-cv-01810 |
| | | 19-cv-01813 |
| Remece Investments LLC Pension Plan | | 19-cv-01911 |
| Starfish Capital Management LLC Roth 401(K) Plan | | 19-cv-01871 |
| Tarvos Pension Plan | | 19-cv-01930 |
| Voojo Productions LLC Roth 401(K) Plan | | 19-cv-01873 |
| Xiphias LLC Pension Plan | | 19-cv-01924 |
| Richard Markowitz | Alan E. Schoenfeld Wilmer Cutler Pickering Hale and Dorr LLP 7 World Trade Center 250 Greenwich Street New York, NY 10007 Telephone: (212) 230-8800 alan.schoenfeld@wilmerhale.com | 19-cv-01867 19-cv-01895 19-cv-01869 19-cv-01868 19-cv-01898 19-cv-10713 19-cv-01896 19-cv-01783 19-cv-01922 19-cv-01926 19-cv-01929 19-cv-01812 19-cv-01870 19-cv-01792 19-cv-01806 19-cv-01808 19-cv-01815 |
| Jocelyn Markowitz | | 19-cv-01904 |
| Avanix Management LLC Roth 401(K) Plan | | 19-cv-01867 |
| Batavia Capital Pension Plan | | |

| | | |
|---|---|---|
| Calypso Investments Pension Plan | | 19-cv-01895<br>19-cv-01904 |
| Cavus Systems LLC Roth 401(K) Plan | | 19-cv-01869 |
| Hadron Industries LLC Roth 401(K) Plan | | 19-cv-01868 |
| RJM Capital Pension Plan | | 19-cv-01898 |
| RJM Capital Pension Plan Trust | | 19-cv-10713 |
| Routt Capital Pension Plan | | 19-cv-01896 |
| Routt Capital Trust | | 19-cv-01783<br>19-cv-01922<br>19-cv-01926<br>19-cv-01929<br>19-cv-01812<br>19-cv-01870<br>19-cv-01792<br>19-cv-01806<br>19-cv-01808<br>19-cv-01815 |
| Rob Klugman | Mark D. Allison<br>Caplin & Drysdale, Chartered<br>600 Lexington Avenue<br>21st Floor<br>New York, NY 10022<br>Tel: (212) 379-6000 | 18-cv-07828<br>18-cv-07827<br>18-cv-07824<br>18-cv-07829<br>18-cv-04434 |
| RAK Investment Trust | mallison@capdale.com<br>zziering@capdale.com | |
| Aerovane Logistics LLC Roth 401(K) Plan | | 18-cv-07828 |
| Edgepoint Capital LLC Roth 401(K) Plan | | 18-cv-07827 |
| Headsail Manufacturing LLC Roth 401(K) Plan | | 18-cv-07824 |

| | | |
|---|---|---|
| The Random Holdings 401(K) Plan | | 18-cv-07829 |
| The Stor Capital Consulting LLC 401(K) Plan | | 18-cv-04434 |
| Joseph Herman | Michelle A. Rice | 1:19-cv-01785 |
| | Kaplan Rice LLP | 1:19-cv-01781 |
| | 142 West 57th Street | 1:19-cv-01791 |
| | Suite 4A | 1:19-cv-01794 |
| David Zelman | New York N.Y. 10019 | 1:19-cv-01918 |
| | (212) 333-0227 | 1:19-cv-01783 |
| | mrice@kaplanrice.com | 1:19-cv-01798 |
| | | 1:19-cv-01788 |
| | | |
| | | 1:19-cv-01926 |
| Edwin Miller | | 1:19-cv-01922 |
| | | 1:19-cv-01928 |
| | | 1:19-cv-01929 |
| | | 1:19-cv-01931 |
| | | |
| | | 1:19-cv-01809 |
| Ronald Altbach | | 1:19-cv-01800 |
| | | 1:19-cv-01803 |
| | | 1:19-cv-01812 |
| | | 1:19-cv-01818 |
| | | |
| | | 1:19-cv-01806 |
| Perry Lerner | | 1:19-cv-01870 |
| | | 1:19-cv-01792 |
| | | 1:19-cv-01808 |
| | | 1:19-cv-01815 |
| | | |
| | | 1:19-cv-01801 |
| Robin Jones | | 1:19-cv-01810 |
| | | 1:19-cv-01813 |
| | | |
| Ballast Ventures LLC Roth 401(K) Plan | | 1:19-cv-01781 |
| Bareroot Capital Investments LLC Roth 401(K) Plan | | 1:19-cv-01783 |

| | | |
|---|---|---|
| Albedo Management LLC Roth 401(K) Plan | | 1:19-cv-01785 |
| Dicot Technologies LLC Roth 401(K) Plan | | 1:19-cv-01788 |
| Fairlie Investments LLC Roth 401(K) Plan | | 1:19-cv-01791 |
| First Ascent Worldwide LLC Roth 401(K) Plan | | 1:19-cv-01792 |
| Battu Holdings LLC Roth 401(K) Plan | | 1:19-cv-01794 |
| Cantata Industries LLC Roth 401(K) Plan | | 1:19-cv-01798 |
| Crucible Ventures LLC Roth 401(K) Plan | | 1:19-cv-01800 |
| Monomer Industries LLC Roth 401(K) Plan | | 1:19-cv-01801 |
| Limelight Global Productions LLC Roth 401(K) Plan | | 1:19-cv-01803 |
| Loggerhead Services LLC Roth 401(K) Plan | | 1:19-cv-01806 |
| PAB Facilities Global LLC Roth 401(K) Plan | | 1:19-cv-01808 |
| Plumrose Industries LLC Roth 401(K) Plan | | 1:19-cv-01809 |
| Pinax Holdings LLC Roth 401(K) Plan | | 1:19-cv-01810 |
| Roadcraft Technologies LLC Roth 401(K) Plan | | 1:19-cv-01812 |
| Sternway Logistics LLC Roth 401(K) Plan | | 1:19-cv-01813 |

| | | |
|---|---|---|
| Trailing Edge Productions LLC Roth 401(K) Plan | | 1:19-cv-01815 |
| True Wind Investments LLC Roth 401(K) Plan | | 1:19-cv-01818 |
| Eclouge Industry LLC Roth 401(K) Plan | | 1:19-cv-01870 |
| Vanderlee Technologies Pension Plan | | 1:19-cv-01918 |
| Vanderlee Technologies Pension Plan Trust | | 1:19-cv-01918 |
| Cedar Hill Capital Investments LLC Roth 401(K) Plan | | 1:19-cv-01922 |
| Green Scale Management LLC Roth 401(K) Plan | | 1:19-cv-01926 |
| Fulcrum Productions LLC Roth 401(K) Plan | | 1:19-cv-01928 |
| Keystone Technologies LLC Roth 401(K) Plan | | 1:19-cv-01929 |
| Tumba Systems LLC Roth 401(K) Plan | | 1:19-cv-01931 |
| Michael Ben-Jacob | Thomas E. L. Dewey<br>Dewey Pegno & Kramarsky LLP<br>777 Third Avenue – 37th Floor<br>New York, New York 10017<br>Tel.: (212) 943-9000<br>Fax: (212) 943-4325<br>E-mail:  tdewey@dpklaw.com | 1:18-cv-04434<br>1:18-cv-07824<br>1:18-cv-07827<br>1:18-cv-07828<br>1:18-cv-07829<br>1:19-cv-01781<br>1:19-cv-01783<br>1:19-cv-01785<br>1:19-cv-01788<br>1:19-cv-01791<br>1:19-cv-01792<br>1:19-cv-01794<br>1:19-cv-01798<br>1:19-cv-01800<br>1:19-cv-01801 |

| | | 1:19-cv-01803 |
|---|---|---|
| | | 1:19-cv-01806 |
| | | 1:19-cv-01808 |
| | | 1:19-cv-01809 |
| | | 1:19-cv-01810 |
| | | 1:19-cv-01812 |
| | | 1:19-cv-01813 |
| | | 1:19-cv-01815 |
| | | 1:19-cv-01818 |
| | | 1:19-cv-01866 |
| | | 1:19-cv-01867 |
| | | 1:19-cv-01868 |
| | | 1:19-cv-01869 |
| | | 1:19-cv-01870 |
| | | 1:19-cv-01871 |
| | | 1:19-cv-01873 |
| | | 1:19-cv-01894 |
| | | 1:19-cv-01896 |
| | | 1:19-cv-01918 |
| | | 1:19-cv-01922 |
| | | 1:19-cv-01926 |
| | | 1:19-cv-01928 |
| | | 1:19-cv-01929 |
| | | 1:19-cv-01931 |
| Acer Investment Group LLC | John C. Blessington<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA  02111<br>T: 617.261.3100<br>F: 617.261.3175<br>E: john.blessington@klgates.com | 18-cv-09841<br>18-cv-09797<br>18-cv-09836<br>18-cv-09837<br>18-cv-09838<br>18-cv-09839<br>18-cv-09840<br>18-cv-10100<br>18-cv-05053 |
| American Investment Group of New York, L.P. Pension Plan | | 18-cv-09841 |
| DW Construction, Inc. Retirement Plan | | 18-cv-09797 |
| Kamco Investments Inc. Pension Plan | | 18-cv-09836 |
| Kamco LP Profit Sharing Pension Plan | | 18-cv-09837 |

| | | |
|---|---|---|
| Linden Associates Defined Benefit Plan | | 18-cv-09838 |
| Moira Associates LLC 401K Plan | | 18-cv-09839 |
| Newsong Fellowship Church 401K Plan | | 18-cv-10100 |
| Riverside Associates Defined Benefit Plan | | 18-cv-09840 |
| Robert Crema | | 18-cv-09841 |
| Stacey Kaminer | | 18-cv-09841<br>18-cv-09797<br>18-cv-09836<br>18-cv-09837<br>18-cv-09839 |
| Alexander Jamie Mitchell III | | 18-cv-10100 |
| David Schulman | | 18-cv-09840 |
| Joan Schulman | | 18-cv-09838 |
| Darren Wittwer | | 18-cv-09797 |
| John Doscas<br><br>David Freelove<br><br>Sterling Alpha LLC 401(K) Profit Sharing Plan<br><br>Federated Logistics LLC 401(k) Plan<br><br>Del Mar Asset Management & Retirement Plan | Bryan C. Skarlatos<br>Eric Smith<br>Kostelanetz & Fink, LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>(212) 808-8100 (Office)<br>(212) 808-8108 (Fax)<br>bskarlatos@kflaw.com<br>esmith@kflaw.com | 18-cv-4894<br>18-cv-4899<br>18-cv-8655<br>18-cv-5374 |