WILMERHALE

May 25, 2021

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-02865-LAK (S.D.N.Y.)

Dear Judge Kaplan:

      Defendants respectfully submit this letter motion, pursuant to Federal Rules of Civil Procedure 26, 30, and 37, for an order compelling SKAT to produce documents and information SKAT has submitted to the Danish Commission of Inquiry into SKAT and to tender for deposition two current employees whose testimony is relevant to SKAT's claims and Defendants' defenses.[1]

      *First*, Defendants seek to compel SKAT to produce documents it has provided to a Danish Parliamentary Commission established for the purpose of investigating SKAT. On February 24, 2021, Defendants served a document request seeking: "All documents concerning The Commission of Inquiry into SKAT (Undersøgelseskommissionen om SKAT), including but not limited to all documents you have transmitted to the Commission, all transcripts of testimony or records of interrogations to the Commission, and all documents the Commission has issued or released."[2] SKAT refused to produce documents responsive to the request, and did not change its position following the meet and confer process.

      There can be no question that the documents SKAT provided to the Commission are relevant to this litigation. The Commission's mandate is, among other things, to conduct "the investigation of the circumstances concerning SKAT's payment of refund of dividend tax," covering at least "the period from 2010 to 1 June 2015." Ex. 2.[3] In connection with that

---

[1]     This motion relates to all cases in this multi-district litigation. Defendants certify, pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, that they have in good faith attempted to confer with counsel for Plaintiff in an effort to resolve this matter without the need for the Court's intervention.

[2]     Exhibit 1 at 39 (SKAT's Responses and Objections to Defendants' Fourth Requests for Production).

[3]     Exhibit 2 Translation of https://kommissionenomskat.dk/kommissorium/udvidelse-af-26-oktober-2018-af-tillaegskommissoriet-af-9-april-2018-for-undersoegelseskommissionen-om-skat.html.

WilmerHale

*VIA ECF*
Page 2

investigation, SKAT provided the Commission with documents, and dozens of individuals from SKAT and other arms of the Danish government were publicly interrogated. By late 2018, the Commission had "announced the questioning of around 100 witnesses in connection with the investigation of the circumstances concerning SKAT's payment of dividend tax refunds." Ex. 3.[4] In February 2021, the Commission stated that it intended to issue a "partial report" regarding dividend withholding tax, which would include "documents of particular relevance to the investigation." Ex. 4.[5] That report has not yet been published, but it will explain the Commission's "legal assessments to shed light on whether there are grounds … to hold someone accountable." Ex. 5.[6] In other words, the Danish government will soon announce whether negligence or malfeasance by SKAT, the Ministry of Taxation, or some other division of the Kingdom of Denmark is responsible for the purported losses at issue in this case. Thus, while SKAT is looking to blame US pension plans for its losses, the Danish government seems to be pointing the finger squarely at SKAT. It is no wonder that SKAT has resisted turning over in this case the documents that it produced to the Commission.

In resisting this discovery, SKAT claims that it "does not have a copy set of the materials provided to the Commission," and "will not undertake the undue burden and expense to recreate a set of those materials."[7] SKAT's position is not credible. Again, one of the Commission's mandates has been to investigate SKAT and to determine whether its failures are to blame for the supposed improper payment of dividend tax refunds. That SKAT failed even to keep a copy of what it provided to the Commission is only further evidence of its incompetence. In any event, this failure should not shield SKAT from producing relevant documents; poor recordkeeping is not a proper basis to resist discovery. *See, e.g.*, *Valente v. J.C. Penney Corp.*, 2011 WL 13225182, at *1 (S.D. Fla. Feb. 1, 2011) (holding that failure to keep electronic records did not vitiate discovery obligations even when manual review of records was required), *aff'd*, 437 F. App'x 858 (11th Cir. 2011); *see also In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 297 (S.D.N.Y. 2003) (finding the party opposing discovery "could have avoided the added expense it now faces by producing the workpapers in electronic form at the outset"). SKAT also argues that it has already produced thousands of documents in this case, as if the production of some quantum of other documents can excuse a party from producing additional relevant information. It is not disproportionate to require SKAT to provide to the Defendants the same documents it has already turned over to a Commission designed to investigate the same facts at issue in this case and which are not otherwise available to Defendants.

---

[4]     Exhibit 3 Translation of https://kommissionenomskat.dk/nyheder/budgettet-for-undersoegelseskommissionen-om-skat.3503.html.

[5]     Exhibit 4 Translation of https://kommissionenomskat.dk/nyheder/afgivelse-af-delberetning.3534.html.

[6]     Exhibit 5 Translation of https://kommissionenomskat.dk/nyheder/orientering-nr-14-april-2021.3536.html.

[7]     Exhibit 6, M. Weinstein email dated May 11, 2021.

*Second*, Defendants seek to compel SKAT to tender for deposition two current SKAT employees with personal knowledge of facts directly relevant to the claims and defenses raised in this matter: Lill Helene Drost and Gry Ahlefeld-Engel.  For context, Defendants have taken three depositions of SKAT witnesses, and three more have been scheduled for June.  But SKAT refuses to make available any additional witnesses.  This is unacceptable.  SKAT has filed more than 180 cases across the United States asserting a fraud that spanned multiple years, and in support of its claims, has taken or scheduled 40 depositions.  Its assertion that Defendants may take no more than six depositions of witnesses SKAT controls has no basis in the Federal Rules.  SKAT cannot appoint itself the arbiter of what depositions Defendants may take, particularly where Defendants are still below the presumptive limit of 10 depositions that would apply if this were one single case (which it is not).  SKAT has never represented that these witnesses lack personal knowledge of relevant events.  That SKAT would prefer these individuals not be deposed is of no moment.  SKAT controls these witnesses.  It should tender them for depositions.

Ms. Drost currently serves as head of SKAT's "Complex Fraud 3" unit.  In that capacity, Ms. Drost was personally responsible for SKAT's decision to revoke its approval of payment of dividend withholding tax to Defendants in this case.  Indeed, Ms. Drost signed letters informing US pension plan defendants that they were not, in fact, entitled to Danish dividend withholding tax, despite SKAT's previous conclusion that they were.  And although SKAT may assert that Ms. Drost, given her seniority, was not directly involved in the process of gathering the facts that led to those revocations, SKAT's corporate witness nonetheless testified that Ms. Drost "was in charge of the management aspect for [the revocation of previously-approved reclaims] and for the decisions that were made."  Deposition of C. Ekstrand, Day 1 Tr. 18:12-19; 159:19-160:18; 173:7-174:12.  Unsurprisingly, the Commission called Ms. Drost to testify, further underscoring her relevance.  Defendants are entitled to probe Ms. Drost's decision to approve the revocations, to explore the factual basis for those revocations, to understand why SKAT's view of Defendants' entitlement to reclaims changed, and to find out whether SKAT could have reached that same conclusion any earlier (which might render its claims time-barred).  It does not matter that SKAT's corporate witness, Mr. Ekstrand, testified to aspects of these issues.  Mr. Ekstrand reported directly up to Ms. Drost, Deposition of C. Ekstrand, Day 2 Tr. 197:2-4 (referring to Ms. Drost as "my department manager"), and Defendants are entitled to elicit testimony on the same topics from witnesses with different perspectives.  It was Ms. Drost, and not Mr. Ekstrand, who bore personal responsibility for the ultimate decision to revoke reclaims.  Defendants ought to be permitted to examine her.

As for Ms. Ahlefeld-Engel, SKAT has testified that she is "responsible for this case" and that it is "part of her work portfolio."  Deposition of C. Ekstrand, Day 1 Tr. 93:19-22.  Indeed, one reporter claimed that Ms. Ahlefeld-Engel "outlined the campaign" to collect the allegedly

WILMERHALE

*VIA ECF*
Page 4

improper payments of dividend withholding tax in a phone interview, and told the reporter about the coordination between SKAT and the Danish criminal authority SØIK.[8] Ms. Ahlefeld-Engel has also verified SKAT's interrogatory responses in this case. Given her apparent role spearheading this litigation—and attesting to facts on behalf of SKAT in this case—Ms. Ahlefeld-Engel should be well-positioned to testify about a broad range of topics, including facts relevant to the statute of limitations, revenue rule, failure to mitigate, and contributory negligence defenses.

In short, Defendants seek to compel the production of a discrete set of documents that SKAT provided to a governmental commission tasked with investigating SKAT's administration of the dividend withholding tax at issue in this litigation, and the depositions of two SKAT employees who decided that the Defendants' reclaims should be rejected (Ms. Drost) and that they should be sued for fraud (Ms. Ahlefeld-Engel). The relevance is plain. *See Edwards v. Middleton*, 2021 WL 961762, at *3 (S.D.N.Y. Mar. 15, 2021) ("Relevance must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." (cleaned up)). As the objecting party, SKAT must show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant." *In re Terrorist Attacks on Sept. 11, 2001*, 2018 WL 4237470, at *7 (S.D.N.Y. Aug. 29, 2018), *rev'd on reconsideration in part on other grounds*, 2019 WL 192120 (S.D.N.Y. Jan. 15, 2019) (cleaned up). SKAT's burden is heavy. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010) ("Once relevance has been shown, it is up to the responding party to justify curtailing discovery."). And it can point to none of the conditions on which relevant discovery is properly limited, such as bad faith, harassment, oppression of the party subject to it, or the applicability of a recognized privilege. *See In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992). Meanwhile, "[g]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez v. Greiner*, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003).

Accordingly, Defendants respectfully request the Court grant this motion.

Respectfully submitted,

*/s/ Sharon L. McCarthy*             */s/ Alan E. Schoenfeld*
Sharon L. McCarthy                    Alan E. Schoenfeld
Kostelanetz & Fink LLP                Wilmer Cutler Pickering Hale and Dorr LLP

---

[8] *See* Sam Fry, *The Danish tax authority's campaign to recoup cum-ex billions*, GIR (Nov. 11, 2020), https://globalinvestigationsreview.com/asset-forfeiture/the-danish-tax-authoritys-campaign-recoup-cum-ex-billions.

Cc: All counsel of record (via ECF)

## APPENDIX A

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| John van Merkensteijn, III | Sharon L. McCarthy<br>Caroline Ciraolo<br>Nicholas S. Bahnsen<br>Kostelanetz & Fink LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>Tel: (212) 808-8100<br>Fax: (212) 808-8108<br>cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com | 19-cv-01866<br>19-cv-01865<br>19-cv-01906<br>19-cv-01894<br>19-cv-01911<br>19-cv-01871<br>19-cv-01930<br>19-cv-01873<br>19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928<br>19-cv-01931<br>19-cv-01800<br>19-cv-01803<br>19-cv-01809<br>19-cv-01818<br>19-cv-01801<br>19-cv-01810<br>19-cv-01813 |
| Elizabeth van Merkensteijn | | 19-cv-01893 |
| Azalea Pension Plan | | 19-cv-01893 |
| Basalt Ventures LLC Roth 401(K) Plan | | 19-cv-01866 |
| Bernina Pension Plan | | 19-cv-01865 |
| Bernina Pension Plan Trust | | 19-cv-10713 |
| Michelle Investments Pension Plan | | 19-cv-01906 |
| Omineca Pension Plan | | 19-cv-01894 |
| Omineca Trust | | 19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928<br>19-cv-01931<br>19-cv-01800 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| | | 19-cv-01803 |
| | | 19-cv-01809 |
| | | 19-cv-01818 |
| | | 19-cv-01801 |
| | | 19-cv-01810 |
| | | 19-cv-01813 |
| Remece Investments LLC Pension Plan | | 19-cv-01911 |
| Starfish Capital Management LLC Roth 401(K) Plan | | 19-cv-01871 |
| Tarvos Pension Plan | | 19-cv-01930 |
| Voojo Productions LLC Roth 401(K) Plan | | 19-cv-01873 |
| Xiphias LLC Pension Plan | | 19-cv-01924 |
| Richard Markowitz | Alan E. Schoenfeld<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Telephone: (212) 230-8800<br>alan.schoenfeld@wilmerhale.com | 19-cv-01867<br>19-cv-01895<br>19-cv-01869<br>19-cv-01868<br>19-cv-01898<br>19-cv-10713<br>19-cv-01896<br>19-cv-01783<br>19-cv-01922<br>19-cv-01926<br>19-cv-01929<br>19-cv-01812<br>19-cv-01870<br>19-cv-01792<br>19-cv-01806<br>19-cv-01808<br>19-cv-01815 |
| Jocelyn Markowitz | | 19-cv-01904 |
| Avanix Management LLC Roth 401(K) Plan | | 19-cv-01867 |
| Batavia Capital Pension Plan | | 19-cv-01895 |
| Calypso Investments Pension Plan | | 19-cv-01904 |
| Cavus Systems LLC Roth | | 19-cv-01869 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| 401(K) Plan | | |
| Hadron Industries LLC Roth 401(K) Plan | | 19-cv-01868 |
| RJM Capital Pension Plan | | 19-cv-01898 |
| RJM Capital Pension Plan Trust | | 19-cv-10713 |
| Routt Capital Pension Plan | | 19-cv-01896 |
| Routt Capital Trust | | 19-cv-01783<br>19-cv-01922<br>19-cv-01926<br>19-cv-01929<br>19-cv-01812<br>19-cv-01870<br>19-cv-01792<br>19-cv-01806<br>19-cv-01808<br>19-cv-01815 |
| Rob Klugman | Mark D. Allison<br>Caplin & Drysdale, Chartered<br>600 Lexington Avenue<br>21st Floor<br>New York, NY 10022<br>Tel: (212) 379-6000<br>mallison@capdale.com<br>zziering@capdale.com | 18-cv-07828<br>18-cv-07827<br>18-cv-07824<br>18-cv-07829<br>18-cv-04434 |
| RAK Investment Trust | | |
| Aerovane Logistics LLC Roth 401(K) Plan | | 18-cv-07828 |
| Edgepoint Capital LLC Roth 401(K) Plan | | 18-cv-07827 |
| Headsail Manufacturing LLC Roth 401(K) Plan | | 18-cv-07824 |
| The Random Holdings401(K) Plan | | 18-cv-07829 |
| The Stor Capital ConsultingLLC 401(K) Plan | | 18-cv-04434 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| Joseph Herman | Michelle A. Rice<br>Kaplan Rice LLP<br>142 West 57th Street<br>Suite 4A<br>New York N.Y. 10019<br>(212) 333-0227<br>mrice@kaplanrice.com | 1:19-cv-01785<br>1:19-cv-01781<br>1:19-cv-01791<br>1:19-cv-01794 |
| David Zelman | | 1:19-cv-01918<br>1:19-cv-01783<br>1:19-cv-01798<br>1:19-cv-01788 |
| Edwin Miller | | 1:19-cv-01926<br>1:19-cv-01922<br>1:19-cv-01928<br>1:19-cv-01929<br>1:19-cv-01931 |
| Ronald Altbach | | 1:19-cv-01809<br>1:19-cv-01800<br>1:19-cv-01803<br>1:19-cv-01812<br>1:19-cv-01818 |
| Perry Lerner | | 1:19-cv-01806<br>1:19-cv-01870<br>1:19-cv-01792<br>1:19-cv-01808<br>1:19-cv-01815 |
| Robin Jones | | 1:19-cv-01801<br>1:19-cv-01810<br>1:19-cv-01813 |
| Ballast Ventures LLC Roth 401(K) Plan | | 1:19-cv-01781 |
| Bareroot Capital Investments LLC Roth 401(K) Plan | | 1:19-cv-01783 |
| Albedo Management LLC Roth 401(K) Plan | | 1:19-cv-01785 |
| Dicot Technologies LLC Roth 401(K) Plan | | 1:19-cv-01788 |
| Fairlie Investments LLC Roth 401(K) Plan | | 1:19-cv-01791 |
| First Ascent Worldwide LLC Roth 401(K) Plan | | 1:19-cv-01792 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| Battu Holdings LLC Roth 401(K) Plan | | 1:19-cv-01794 |
| Cantata Industries LLC Roth 401(K) Plan | | 1:19-cv-01798 |
| Crucible Ventures LLC Roth 401(K) Plan | | 1:19-cv-01800 |
| Monomer Industries LLC Roth 401(K) Plan | | 1:19-cv-01801 |
| Limelight Global Productions LLC Roth 401(K) Plan | | 1:19-cv-01803 |
| Loggerhead Services LLC Roth 401(K) Plan | | 1:19-cv-01806 |
| PAB Facilities Global LLC Roth 401(K) Plan | | 1:19-cv-01808 |
| Plumrose Industries LLC Roth 401(K) Plan | | 1:19-cv-01809 |
| Pinax Holdings LLC Roth 401(K) Plan | | 1:19-cv-01810 |
| Roadcraft Technologies LLC Roth 401(K) Plan | | 1:19-cv-01812 |
| Sternway Logistics LLC Roth 401(K) Plan | | 1:19-cv-01813 |
| Trailing Edge Productions LLC Roth 401(K) Plan | | 1:19-cv-01815 |
| True Wind Investments LLC Roth 401(K) Plan | | 1:19-cv-01818 |
| Eclouge Industry LLC Roth 401(K) Plan | | 1:19-cv-01870 |
| Vanderlee Technologies Pension Plan | | 1:19-cv-01918 |
| Vanderlee Technologies Pension Plan Trust | | 1:19-cv-01918 |
| Cedar Hill Capital | | 1:19-cv-01922 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| Investments LLC Roth 401(K) Plan | | |
| Green Scale Management LLC Roth 401(K) Plan | | 1:19-cv-01926 |
| Fulcrum Productions LLC Roth 401(K) Plan | | 1:19-cv-01928 |
| Keystone Technologies LLC Roth 401(K) Plan | | 1:19-cv-01929 |
| Tumba Systems LLC Roth 401(K) Plan | | 1:19-cv-01931 |
| Michael Ben-Jacob | Thomas E. L. Dewey<br>Dewey Pegno & Kramarsky LLP<br>777 Third Avenue – 37th Floor<br>New York, New York 10017<br>Tel.: (212) 943-9000<br>Fax: (212) 943-4325<br>E-mail:  tdewey@dpklaw.com | 1:18-cv-04434<br>1:18-cv-07824<br>1:18-cv-07827<br>1:18-cv-07828<br>1:18-cv-07829<br>1:19-cv-01781<br>1:19-cv-01783<br>1:19-cv-01785<br>1:19-cv-01788<br>1:19-cv-01791<br>1:19-cv-01792<br>1:19-cv-01794<br>1:19-cv-01798<br>1:19-cv-01800<br>1:19-cv-01801<br>1:19-cv-01803<br>1:19-cv-01806<br>1:19-cv-01808<br>1:19-cv-01809<br>1:19-cv-01810<br>1:19-cv-01812<br>1:19-cv-01813<br>1:19-cv-01815<br>1:19-cv-01818<br>1:19-cv-01866<br>1:19-cv-01867<br>1:19-cv-01868<br>1:19-cv-01869<br>1:19-cv-01870<br>1:19-cv-01871<br>1:19-cv-01873<br>1:19-cv-01894<br>1:19-cv-01896 |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| | | 1:19-cv-01918<br>1:19-cv-01922<br>1:19-cv-01926<br>1:19-cv-01928<br>1:19-cv-01929<br>1:19-cv-01931 |
| Acer Investment Group LLC | John C. Blessington<br><br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA  02111<br>T: 617.261.3100<br>F: 617.261.3175<br>E:  john.blessington@klgates.com | 18-cv-09841<br><br>18-cv-09797<br>18-cv-09836<br>18-cv-09837<br>18-cv-09838<br>18-cv-09839<br>18-cv-09840<br>18-cv-10100<br>18-cv-05053 |
| American Investment Group of New York, L.P. Pension Plan | | 18-cv-09841 |
| DW Construction, Inc. Retirement Plan | | 18-cv-09797 |
| Kamco Investments Inc. Pension Plan | | 18-cv-09836 |
| Kamco LP Profit Sharing Pension Plan | | 18-cv-09837 |
| Linden Associates Defined Benefit Plan | | 18-cv-09838 |
| Moira Associates LLC 401K Plan | | 18-cv-09839 |
| Newsong Fellowship Church 401K Plan | | 18-cv-10100 |
| Riverside Associates Defined Benefit Plan | | 18-cv-09840 |
| Robert Crema | | |

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| Stacey Kaminer | | 18-cv-09841 |
| Alexander Jamie Mitchell III | | 18-cv-09841<br>18-cv-09797<br>18-cv-09836<br>18-cv-09837<br>18-cv-09839 |
| David Schulman | | 18-cv-10100 |
| Joan Schulman | | 18-cv-09840 |
| Darren Wittwer | | 18-cv-09838 |
| | | 18-cv-09797 |