
**Hughes Hubbard & Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

<u>BY ECF</u>

Honorable Lewis A. Kaplan                                    May 27, 2021
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
KaplanNYSDChambers@nysd.uscourts.gov

      Re:     *In re Customs and Tax Administration of the Kingdom of Denmark*
           *(Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

      We write on behalf of plaintiff Skatteforvaltningen ("SKAT") to oppose defendants' motion to compel SKAT to produce additional document and deposition discovery.[1]

      The additional document discovery should be rejected as unreasonably cumulative and duplicative of SKAT's extensive productions.  Defendants' motion also provides no proper basis to compel depositions from the two witnesses defendants seek: one is said to be relevant only because she signed letters revoking the previous approvals of defendants' refund applications, but she was not involved in gathering the facts that underpin the revocation letters and her testimony will be entirely cumulative of that of SKAT's 30(b)(6) witness who was actually in charge of that process and already testified on the topic; the other's apparent relevance is that she is the official at SKAT charged with managing this litigation, which is a transparent attempt to pry into SKAT's litigation strategy.

**<u>The document discovery defendants seek is unreasonably cumulative and duplicative.</u>**

      SKAT has not, as defendants contend, "resisted turning over in this case the documents that it produced to the Commission," and nor does it "question" that some of those documents "are relevant to this litigation."  (Mot. 1, 2.)[2]  To the contrary, SKAT has produced them to the

---

1.  Ltr. Mot. to Compel SKAT to produce and tender for deposition addressed to Judge Lewis A. Kaplan from Alan E. Schoenfeld, No. 18-md-02865, ECF No. 601.  Defendants' motion relates to all cases in this multi-district litigation and the same is therefore true for this opposition.

2.  In addition to SKAT's payment of defendants' fraudulent dividend withholding tax refund applications, the Commission's mandate also includes examining (i) "management of the recovery area"; (ii) "amalgamation of the municipal and state recovery authority in SKAT"; and (iii) "general efficiency measures in SKAT".  (Mot. Ex. 3, ECF No. 601-3.)  Thus, defendants' request is overbroad in seeking "all documents" SKAT "transmitted

extent they are responsive to the 148 individual document requests that the defendants and third-party defendant have served on SKAT.  In response to those requests, SKAT thus far has collected and searched the custodial documents of 23 individuals and produced over 100,000 documents, including, among many other things, internal audit reports dating back to 2001, minutes of meetings and emails related to those reports, "early warnings" SKAT issued to the Ministry of Taxation, and the documents SKAT and the Ministry of Taxation provided to the Bech-Bruun firm that published a 613-page report on its own Danish parliament-commissioned investigation into SKAT's administration of dividend withholding tax refunds.

As SKAT informed defendants, however, SKAT cannot comply with defendants' request for a set of all documents it provided to the Commission because it does not have a copy of that set of materials.  And in light of the very extensive production it already has made, it would be unduly burdensome for SKAT to recreate that largely duplicative document set on the off-chance it may include some new information.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("the court must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative").

Finally, the cases on which defendants rely are inapt.  For instance, unlike the non-party doctor in *Valente v. J.C. Penney Corp.*, who refused to produce any of the relevant "billing records" because doing so would have "necessitate[d] a manual, file-by-file review," SKAT has collected and produced myriad documents that cover the topics identified by defendants, regardless of whether those same documents were provided to the Commission.  No. 10-14053-CIV-LYNCH, 2011 WL 13225182, at *1 (S.D. Fla. Jan. 31, 2010).  And the Court's decision in *In re Honeywell Int'l, Inc. Sec. Litig.* compelling the non-party auditor to produce the relevant "audit workpapers" in "their electronic form" because that is how they were "kept in the usual course of" the auditor's "business" has no bearing on the present dispute.  230 F.R.D. 293, 296-97 (S.D.N.Y. 2003).  There is no question that SKAT has complied with Rule 34's requirement that documents be produced as kept in the ordinary course of business.

**The two witnesses defendants seek do not have relevant, non-cumulative information.**

The Court should deny defendants' request to depose Lill Helene Drost, whose only supposedly relevant personal involvement was in signing the revocation decisions that SKAT's 30(b)(6) witness Christian Ekstrand already testified about extensively, and Gry Ahlefeld-Engel, whose role in this litigation is to manage SKAT's outside counsel and who had no personal involvement in any of the matters defendants contend are relevant to SKAT's claims or their defenses.

As an initial matter, defendants argue that the Court should grant their motion because it is "unacceptable" that SKAT "has taken or scheduled 40 depositions" while defendants have deposed or scheduled only six witnesses produced by SKAT.  (Mot. 3.)  That disparity, however, is not the result of any unfairness, as defendants suggest, but follows from the fact that SKAT "filed more than 180 cases across the United States asserting a fraud that spanned multiple years" and ultimately named 48 individuals as defendants, while, on the other hand, a relatively

---

to the Commission" as the documents SKAT provided to the Commission with respect to its other areas of inquiry have no relevance to these actions.  (Mot. Ex. 1 at 39, ECF No. 601-1.)

few SKAT employees were personally involved in processing defendants' fraudulent refund applications, even fewer of whom are still under SKAT's control.  (*Id.*)

Next, defendants argue that Ms. Drost has relevant testimony to give because she supposedly "was personally responsible for SKAT's decision to revoke its approval" of defendants' fraudulent refund applications and "signed letters informing" them as much.  (*Id.*)  But in doing so, defendants ignore that SKAT's revocations were a topic for SKAT's 30(b)(6) deposition, on which they questioned SKAT's witness Christian Ekstrand at length.  In particular, Mr. Ekstrand testified that he, not Ms. Drost, had the "project responsibility" for the revocations and was the one "in charge of the . . . dividend withholding tax case," and that the "people carrying out the verification . . . reported to" him.  (Ekstrand Dep. Tr. 159:14-160:1.)[3]  Ms. Drost, by contrast, was not "personally involved in the process of gathering facts that were relied upon in the revocation letter[s]" and signed them only because she was the "unit head" and it required someone "at her level in SKAT to sign off on the revocation[s]."  (*Id.* 299:13-300:1.)  Thus, defendants do not need Ms. Drost "to explore the factual basis for th[e] revocations, to understand why SKAT's view of Defendants' entitlement to reclaims changed," nor "to find out whether SKAT could have reached the same conclusion any earlier."  (Mot. 3).  Defendants already have posed those questions to Mr. Ekstrand.[4]

Finally, defendants argue that Ms. Ahlefeld-Engel's testimony is relevant because Mr. Ekstrand testified that managing this litigation, including SKAT's outside counsel, is "part of her work portfolio," *i.e.*, she is the person at SKAT "responsible for this case."  (Mot. 4 quoting Ekstrand Dep. Tr. at 94:17-23).)  But defendants fail to explain why the fact that Ms. Ahlefeld-Engel is, as defendants put it, "spearheading this litigation," or that she may have given an interview where she "'outlined the campaign' to collect" the fraudulent refunds or told a "reporter about the coordination between SKAT and the Danish criminal authority SØIK," bears on defendants' purported "statute of limitations, revenue rule, failure to mitigate, and contributory negligence defenses."  (Mot. 3-4.)  As the Court observed in striking one of defendants' proposed 30(b)(6) topics, "[t]he fact that defendants find" these topics "of interest does not make" them "relevant" and it is improper for defendants to use discovery "to attempt to pry into plaintiff's litigation strategy."  (Pretrial Order No. 20, ECF No. 572.)

Nor is it significant that Ms. Ahlefeld-Engel verified SKAT's answers to two interrogatories seeking the source of information in certain SKAT internal spreadsheets and the location of documents concerning the amounts of withholding tax collected by SKAT for particular dividends.  Defendants fail to identify any questions they have about SKAT's answers, presumably because to the extent they had any Mr. Ekstrand addressed them at his deposition.  (*See* Ekstrand Dep. Tr. at 93:23-94:2; 95:6-101:12.)

---

3.  Relevant excerpts from Mr. Ekstrand's two-day deposition are attached as Exhibit 1 hereto, though the transcript is not final, as any errata are not due until June 9, 2021 (Vol. 1) and June 18, 2021 (Vol. 2).

4.  *See, e.g.*, Ekstrand Dep. Tr. at 166:12-14 ("Can you describe the process that SKAT undertook to reach the decision to issue this [revocation] determination?"), 168:21-25 ("How did SKAT come to the decision that the plan here did not own . . . the shares . . . and did not receive dividends . . . ?"), 172:5-7 ("What process did you undertake to determine whether dividends had been paid to any of the pension plans?").

Accordingly, SKAT respectfully requests that the Court deny defendants' motion to compel.

Respectfully submitted,


/s/ Marc A. Weinstein
Marc A. Weinstein


cc:     All counsel of record (via ECF)