UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND          18-md-2865 (LAK)
LITIGATION

This paper applies to:     All Cases
------------------------------------x

# PRETRIAL ORDER NO. 22
(Ruling on Defendants' Motion to Compel)

LEWIS A. KAPLAN, *District Judge.*

       Defendants move to compel plaintiff to produce documents and information SKAT has submitted to the Danish Commission of Inquiry into SKAT and to tender for deposition two of SKAT's current employees.

*Depositions*

       It may well be, as plaintiff claims, that the two employees whose testimony defendants seek have little relevant information, at least any relevant information that would not be duplicative of testimony given in a Rule 30(b)(6) deposition on behalf of plaintiff. But that is not a sufficient reason for foreclosing those depositions. *See, e.g., Speadmark, Inc. v Federated Department Stores, Inc.,* 176 F.R.D. 116 (S.D.N.Y. 1997). This is especially so where the fact that the witnesses, although presumably located in Denmark, may be deposed over video without anyone having to cross the Atlantic.

*Document Production*

       Defendants and a third party defendant already have served 148 individual documents requests on plaintiff. Plaintiff SKAT asserts that:

> "In response to those requests, SKAT thus far has collected and searched the custodial documents of 23 individuals and produced over 100,000 documents, including, among many other things, internal audit reports dating back to 2001, minutes of meetings and emails related to those reports, 'early warnings' SKAT issued to the Ministry of Taxation, and the documents SKAT and the Ministry of Taxation provided to the Bech-Bruun firm that published a 613-page report on its own Danish parliament-commissioned investigation into SKAT's administration of dividend withholding tax refunds." Dkt, 602, at 2.

Neither the defendants nor the third party defendant has taken issue with this assertion. Thus, they already have received, or will receive, the documents from that were (a) responsive to the their 148

requests, and (b) accessible in the files of the 23 custodial individuals who, in the normal course, would have been identified by agreement of the parties. Thus, the effect of defendants' current request for all documents submitted to the inquiry would broaden the discovery already completed or in process by including documents (a) that were not responsive to the defendants 148 requests or (b) available only from custodians other than the 23 whose records already were searched.

Plaintiff's advance two reasons for denying this request.

First, they assert that "SKAT cannot comply with defendants' request for a set of all documents it provided to the Commission because it does not have a copy of that set of materials." Dkt 602, at 2. That assertion, is unaccompanied by any explanation for the failure to retain a set of those documents, a failure which, in the context of American practice as conducted by the types of law firms that deal with comparable matters, would border on the unimaginable. Nevertheless, we are not dealing here with American practice. Further evidence concerning such matters as the accuracy of SKAT's assertion, whether – assuming its veracity – SKAT has retained partial sets of documents provided to the Commission, and the circumstances of and the reasons for the failure to retain a complete duplicate set could be illuminating.

SKAT's second argument proceeds from the premise that SKAT in fact does not have a complete set of copies of the documents furnished to the Commission. It argues that the burden of requiring it to attempt to create a complete duplicate set, in light of the extensive document production it has made already, would be undue. That perhaps is so. But it is very difficult so to conclude in the absence of any information concerning just what would be required, the time and cost involved in such a task, and the extent to which there is any serious reason to believe that the defendants and the third party defendant have not already obtained anything that is material.

Accordingly, this aspect of defendants' and third party defendant's motion will be denied without prejudice to renewal following a further submission by the plaintiff on the matters alluded to above.

*Conclusion*

The motion of defendants and third party defendant to compel plaintiff to produce documents and information SKAT has submitted to the Danish Commission of Inquiry into SKAT and to tender for deposition two of SKAT's current employees [Dkt 601] is granted to the extent that plaintiff shall make available for deposition Lill Helene Drost and Gry Ahlefeld-Engel on mutually agreeable dates and denied without prejudice to renewal insofar as it concerns further production of documents. Plaintiff shall make an evidentiary submission on the latter point no later than June 11, 2021. Defendants and third party plaintiff may reply to any such submission no later than June 14, 2021.

SO ORDERED.

Dated:     May 30, 2021

_____
Lewis A. Kaplan
United States District Judge