**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 18-cv-04434; 18-cv-04894; 18-cv-04899; 18-cv-05053; 18-cv-05374; 18-cv-07824; 18-cv-07827; 18-cv-07828; 18-cv-07829; 18-cv-08655; 18-cv-09797; 18-cv-09836; 18-cv-09837; 18-cv-09838; 18-cv-09839; 18-cv-09840; 18-cv-09841; 18-cv-10100; 19-cv-01781; 19-cv-01783; 19-cv-01785; 19-cv-01788; 19-cv-01791; 19-cv-01792; 19-cv-01794; 19-cv-01798; 19-cv-01800; 19-cv-01801; 19-cv-01803; 19-cv-01806; 19-cv-01808; 19-cv-01809; 19-cv-01810; 19-cv-01812; 19-cv-01813; 19-cv-01815; 19-cv-01818; 19-cv-01865; 19-cv-01866; 19-cv-01867; 19-cv-01868; 19-cv-01869; 19-cv-01870; 19-cv-01871; 19-cv-01873; 19-cv-01893; 19-cv-01894; 19-cv-01895; 19-cv-01896; 19-cv-01898; 19-cv-01904; 19-cv-01906; 19-cv-01911; 19-cv-01918; 19-cv-01922; 19-cv-01924; 19-cv-01926; 19-cv-01928; 19-cv-01929; 19-cv-01930; 19-cv-01931; 19-cv-10713. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE IN DENMARK**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ........................................................................................................1

BACKGROUND .............................................................................................................................3

    Defendants' first motion and SKAT's opposition thereto ......................................................3

    The Court's Pretrial Order No. 17 .........................................................................................3

    SKAT's witnesses .................................................................................................................4

LEGAL STANDARD.......................................................................................................................5

ARGUMENT ...................................................................................................................................6

I.      THE MOTION SHOULD BE DENIED BECAUSE IT IS PREMATURE
       UNDER THE COURT'S ORDER DENYING DEFENDANTS' FIRST
       MOTION........................................................................................................................6

II.     THE MOTION SHOULD BE DENIED BECAUSE DEFENDANTS WAITED
       TOO LONG TO FILE THEIR FIRST MOTION SEEKING THIS RELIEF. ...................7

III.    THE DISCOVERY DEFENDANTS SEEK IS IRRELEVANT OR IS
       UNREASONABLY CUMULATIVE. ..............................................................................7

    Kjeld Rasmussen...................................................................................................................7

    René Frahm Jørgensen .........................................................................................................8

    Jens Sørensen .......................................................................................................................9

    Laurits Cramer ...................................................................................................................10

CONCLUSION...............................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blagman v. Apple, Inc.*, No. 12 Civ. 5453(ALC)(JCF), 2014 WL 1285496
(S.D.N.Y. Mar. 31, 2014) ............................................................................................................6

*Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769
(S.D.N.Y. 2012) ............................................................................................................................5

*Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117 (S.D.N.Y. 2019) ....................................................5

*Skyline Steel, L.L.C. v. PilePro, L.L.C.*, No. 13-CV-8171 (JMF), 2015 WL
13832108 (S.D.N.Y. Jan. 28, 2015)..............................................................................................6

*Villella v. Chem. Mining Co. of Chile Inc.*, No. 15 Civ. 2106 (ER), 2018 WL
2958361 (S.D.N.Y. Jun. 13, 2018) ...............................................................................................5

*Yukos Capital S.A.R.L. v. Feldman*, No 15-cv-4964 (LAK), 2016 WL 3545947
(S.D.N.Y. Jun. 21, 2016) ..............................................................................................................7

**Statutes and Rules**

Fed. R. Civ. P. 26(b)(1).....................................................................................................................6

Fed. R. Civ. P. 26(b)(2)(C)(i) .......................................................................................................6, 8

Fed. R. Civ. P. 26(b)(2)(C)(ii) .........................................................................................................6

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in opposition to defendants' renewed motion for issuance of letters of request to obtain testimony and documents from six individuals in Denmark who are not parties to these actions, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").[1]

## PRELIMINARY STATEMENT

The motion should be denied because it is premature under the Court's March 30, 2021 decision denying, without prejudice, defendants' previous motion seeking this same relief.  The Court's decision granted defendants' previous motion, for issuance of letters rogatory asking the Danish judiciary's assistance in collecting testimony and documents from non-party Danes, with respect to two witnesses, Leif Norman Jeppesen and Jette Zester, but denied it with respect to the other twelve witnesses defendants sought, including the six at issue here, and provided that defendants could renew their motion as to those twelve after taking SKAT's two 30(b)(6) depositions, and Mr. Jeppesen's and Ms. Zester's depositions.

While defendants now have deposed SKAT's two Rule 30(b)(6) witnesses, the other two depositions on which the Court conditioned leave to renew, those of Mr. Jeppesen and Ms. Zester, still are not complete.  Defendants argue it is "outrageous" for SKAT to oppose the motion on this ground, *i.e.*, that the conditions for renewal in the Court's order have not been met, because "SKAT now claims it is unable to tender" Mr. Jeppesen and Ms. Zester, as if SKAT previously had told defendants it would, and "indefensible" for SKAT to argue that defendants should comply with the Court's order, while at the same time "not mak[ing]" the "two witnesses who used to work for SKAT available."  (Defs. Mem. 3, 4.)  But defendants

---

1.  *See* Mot. for Issuance of Requests for Int'l Judicial Assistance to Obtain Evidence in Denmark, No. 18-md-02865 (LAK), ECF Nos. 598-600.

sought and obtained the issuance of letters rogatory under the Hague Convention to take testimony from these two witnesses precisely because they are not within SKAT's control. There is nothing "outrageous" or "indefensible" in SKAT arguing that, as the Court's order provides, defendants should renew their motion, if at all, only after taking the depositions of Mr. Jeppesen and Ms. Zester pursuant to the letters rogatory the Court issued.

SKAT also opposes the motion because defendants waited far too long to file their first motion seeking this relief and thus to begin the lengthy and uncertain process of seeking these six witnesses' testimony pursuant to the Hague Convention.  SKAT opposed the defendants' previous motion on this ground, and in granting that motion with respect to Mr. Jeppesen and Ms. Zester, the Court noted that its ruling should not "be taken as a categorical rejection of plaintiff's timeliness argument with respect to additional foreign witnesses."[2]  SKAT renews its timeliness argument in opposing defendants' renewed motion for additional foreign witnesses.

Finally, for four of the six witnesses whose testimony defendants seek, the motion should be denied for the same reason it was the first time: defendants have failed to demonstrate "the relevancy or materiality of testimony from" these witnesses "and the proportionality of such additional discovery in this case."[3]  Not only have defendants disregarded the Court's clear instruction to first take Mr. Jeppesen and Ms. Zester's testimony before renewing their motion, in light of which the additional discovery defendants now seek may be disproportionate, they also fail to identify any purportedly relevant topics on which all of their questions were not, or could not have been, answered by SKAT's Rule 30(b)(6) witnesses, or, for that matter, cannot be

---

2.  Pretrial Order No. 17, ECF No. 559.

3.  *Id.*  Defendants failed to inform the Court that, prior to defendants' filing this motion, SKAT advised defendants that SKAT does not oppose the motion on this ground with respect to defendants' request for the issuance of letters rogatory seeking testimony from Dorthe Pannerup Madsen and Helen Sørensen.

answered by the three additional witnesses, Lisbeth Rømer, Bo Daugaard, and Anne Munksgaard, whose depositions are scheduled during the next two weeks.

## BACKGROUND

### Defendants' first motion and SKAT's opposition thereto

On March 6, 2021, defendants filed their motion requesting that the Court issue letters rogatory pursuant to the Hague Convention seeking testimony and documents from fourteen individuals in Denmark, including the six at issue on the present motion.[4]  SKAT opposed the motion on two grounds.[5]  First, because defendants delayed too long in seeking this relief given the parties' agreed-to June 30, 2021 fact discovery deadline after a two-year discovery period.[6]  And, second, because the discovery defendants sought was irrelevant or unreasonably cumulative of the discovery SKAT already had agreed to provide via depositions of its Rule 30(b)(6) witnesses Jens Brøchner and Christian Ekstrand, both of whom also would testify in their individual capacities, and Lisbeth Rømer, Bo Daugaard, and Anne Munksgaard.[7]

### The Court's Pretrial Order No. 17

On March 30, 2021, the Court issued its Pretrial Order No. 17 in which it ruled on the defendants' first motion.[8]  The Court's order granted the defendants' motion with respect to two of the witnesses whose testimony defendants sought, Leif Normann Jeppesen and Jette Zester, but denied it "with respect to all other witnesses identified in defendants' motion without

---

4.  Mot. for Issuance of Requests for Int'l Judicial Assistance to Obtain Evidence in Denmark, ECF Nos. 548-50. Defendants, in addition, had previously moved the Court to issue letters rogatory seeking testimony and documents from nine former Danish Ministers of Taxation.  *See* Mot. for Issuance of a Request for Int'l Judicial Assistance to Obtain Evidence in Denmark, ECF Nos. 533-35.  Defendants do not renew their request that the Court issue letters rogatory with respect to any of the former Tax Ministers.

5.  *See generally* Pl. SKAT's Mem. of Law in Opp. to Defs. Mot. for Issuance of Requests for Int'l Judicial Assistance to Obtain Evidence in Denmark, ECF No. 553.

6.  *Id.* at 9-10.

7.  *Id.* at 10-14.

8.  Pretrial Order No. 17, ECF No. 559.

prejudice to renewal after the completion of defendants' Rule 30(b)(6) deposition of the plaintiff

and those of Mr. Jeppesen and Ms. Zester."[9]

**SKAT's witnesses**

On April 29, 2021, defendants took the deposition of SKAT's 30(b)(6) witness Jens

Brøchner, the permanent secretary to the Minister of Taxation since 2012, and on May 6 and 7,

the two-day deposition of SKAT's other 30(b)(6) witness Christian Ekstrand, who led SKAT's

investigation into defendants' fraudulent tax refund applications.  In addition to testifying in his

individual capacity, Mr. Ekstrand answered all defendants' questions on the following identified

topics, among others:

- Topic 2:  "SKAT's policies, procedures, practices, protocols, or processes for processing, reviewing, approving or denying, and paying dividend withholding tax refunds and/or claims";

- Topic 3:  "Standards, rules, and protocols . . . for determining ownership of shares and entitlement to dividends";

- Topic 4:  "SKAT's system(s) for verifying ownership of shares, receipt of dividends, and withholding of taxes paid";

- Topic 7:  "SKAT's controls related to the collection and/or payment of withheld tax refunds and/or claims";

- Topic 10: "investigations, reports, audits, or analyses drafted or conducted by or on behalf of SKAT or the Ministry of Taxation regarding the payment of dividend withholding taxes . . . and . . . refunds," including the 2010 and 2013 internal audits (*see* Defs. Mem. 5-6), among others, "as well as any remedial or other actions taken in response" thereto;

- Topic 11:  "Any 'early warning' issued by SKAT to the Ministry of Taxation"; and

- Topic 21:  "The rationale and process for revoking the prior approval of the Defendants' dividend withholding tax claims."

(Declaration of Marc Weinstein, dated June 1, 2021 ("Weinstein Decl."), Ex. 1 at 4, 5, 7.)

---

9.   *Id.*

In addition, defendants will take the depositions of Lisbeth Rømer, the former head of

SKAT's dividend tax unit, on June 3, 2021; Anne Munksgaard, who supervised Mr. Ekstrand's

investigation of defendants' fraud, on June 9; and Bo Daugaard, who co-signed the 2010 audit

report, on June 11.[10]

## LEGAL STANDARD

Letters rogatory are requests, premised on "the comity existing between nations," by the

court in which an action is pending to a foreign court to perform some judicial act.  *Lantheus*

*Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 778 (S.D.N.Y. 2012) (internal

quotation omitted).  In issuing such requests, "courts should be mindful of the possible burden

placed on [the] foreign judiciary."  *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y.

2019).

"In determining whether to issue a letter of request, courts apply the discovery principles

contained in Federal Rule of Civil Procedure 26."  *Villella v. Chem. Mining Co. of Chile Inc.*,

No. 15 Civ. 2106 (ER), 2018 WL 2958361, at *3 (S.D.N.Y. Jun. 13, 2018) (internal quotation

omitted).  Thus, letters rogatory may be issued to "obtain discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense and proportional to the needs of the case,"

but courts must not permit discovery that "is unreasonably cumulative or duplicative, or can be

obtained from some other source that is more convenient, less burdensome, or less expensive,"

or where "the party seeking discovery has had ample opportunity to obtain the information by

discovery in the action."  Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i) & (ii).  "The party seeking

---

10. Defendants complain that "SKAT has taken or scheduled 40 depositions" in these actions while defendants
"have taken just three, with only three more scheduled" (the sixth witness is Hanne Hald, who defendants
deposed on December 3, 2020).  (Defs. Mem. 1.)  That disparity, however, is simply a function of the fact that,
as defendants note, "SKAT has brought nearly 200 cases, alleging a fraud . . . perpetrated by" individuals
"across America (and beyond) over a multi-year period resulting in billions of kroner of losses to the Kingdom
of Denmark," while defendants' fraudulent refund applications were handled by relatively few SKAT
employees, even fewer of whom are still in SKAT's control.  (*Id.*)

discovery through the Convention bears the burden of demonstrating that proceeding in that manner is necessary and appropriate." *Skyline Steel, L.L.C. v. PilePro, L.L.C.*, No. 13-CV-8171 (JMF), 2015 WL 13832108, at *1 (S.D.N.Y. Jan. 28, 2015) (internal quotation omitted). Whether to "issue letters rogatory is committed to the court's discretion." *Blagman v. Apple, Inc.*, No. 12 Civ. 5453(ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014)*.

## ARGUMENT

### I.   THE MOTION SHOULD BE DENIED BECAUSE IT IS PREMATURE UNDER THE COURT'S ORDER DENYING DEFENDANTS' FIRST MOTION.

As an initial matter, the motion should be denied because the Court's order denying defendants' first motion did not grant defendants leave to renew in these circumstances.  In particular, the Court found that "[a]mong other things," it did not then "have sufficient information to judge the relevancy or materiality of testimony from the other witnesses sought," including the six at issue here, "and the proportionality of such additional discovery in this case." (Pretrial Order No. 17.)  As such, the Court granted defendants leave to renew only after taking the depositions of SKAT's Rule 30(b)(6) witnesses "*and those of Mr. Jeppesen and Ms. Zester.*" (*Id.* (emphasis added).)

Defendants readily acknowledge that they have not yet deposed Mr. Jeppesen and Ms. Zester (Defs. Mem. 16), and as a consequence they still cannot present the Court with sufficient information to judge the proportionality of the additional discovery they seek.  But, defendants argue, the Court nonetheless should permit them to renew their motion because given the time it will take to secure Mr. Jeppesen and Ms. Zester's testimony in Denmark, they otherwise may be unable to make this motion until after the parties' agreed-to June 30 fact discovery cut-off, which serves only to underscore SKAT's next point that defendants waited far too long to begin the process of seeking evidence under the Hague Convention in the first place.  (*See id.*)

6

## II.     THE MOTION SHOULD BE DENIED BECAUSE DEFENDANTS WAITED TOO LONG TO FILE THEIR FIRST MOTION SEEKING THIS RELIEF.

In opposing defendants' first motion, SKAT argued that should the Court exercise its discretion to issue any of the requested letters rogatory, defendants should be precluded from obtaining discovery pursuant to them past the June 30 fact discovery cut-off because of their unjustified delay in starting the lengthy process of obtaining discovery under the Hague Convention.  In granting defendants' first motion with respect to Mr. Jeppesen and Ms. Zester, the Court made clear that its "ruling" should not "be taken as a categorical rejection of plaintiff's timeliness argument with respect to additional foreign witnesses."  (Pretrial Order No. 17.)  SKAT thus renews its timeliness argument.  Defendants' renewed motion for additional foreign witnesses should be denied because "[e]fforts to obtain depositions by . . . means" of the Hague Convention "often involve substantial delay for which there is no justification here given defendants failure to seek such relief far earlier in this litigation."  *Yukos Capital S.A.R.L. v. Feldman*, No 15-cv-4964 (LAK), 2016 WL 3545947, at *1 (S.D.N.Y. Jun. 21, 2016).

## III.    THE DISCOVERY DEFENDANTS SEEK IS IRRELEVANT OR IS UNREASONABLY CUMULATIVE.

Even setting aside its timing, for at least four of the six proposed witnesses, defendants' motion still does not provide "sufficient information to judge the relevancy or materiality of" the sought-after testimony or "the proportionality of such additional discovery in this case."  (Pretrial Order No. 17.)[11]

Kjeld Rasmussen

The purportedly "damning 2010 and 2013 audit reports" defendants seek to ask Kjeld Rasmussen about were among the reports covered by topic 10 in defendants' 30(b)(6) notice. (Defs. Mem. 17; Weinstein Decl. Ex. 1 at 5.)  Defendants do not point to any instance where

---

11.  SKAT does not oppose the motion on this ground with respect to Dorthe Pannerup Madsen or Helen Sørensen.

SKAT's designated witness Mr. Ekstrand could not answer their questions on these reports, and Mr. Brøchner likewise testified about the 2013 report.  (Weinstein Decl. Ex. 3 (Brøchner Dep. Tr.) at 123:17-132:18.)  With respect to the 2010 report, to the extent defendants have further questions, Bo Daugaard, who worked in the same "internal audit division" as Mr. Rasmussen, and co-signed the 2010 report, can answer them.  (Defs. Mem. 17.)[12]  Defendants do not need to hear the views of a fourth witness on these reports, particularly one who, like Mr. Rasmussen, was not personally involved in generating either report.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("the court must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative").

Further, defendants fail to explain the relevance of the 2013 report's purported finding that "SKAT did not have any mechanism to detect, much less prevent, multiple reclaim applications from being submitted for the same share."  (*Id.*)  SKAT alleges the defendants' refund applications were fraudulent because they did not own the shares on which the purported dividends were paid, net of withholding tax, not because defendants submitted "multiple reclaim applications . . . for the same share."  (*Id.*)  Nor do defendants contend that in fact is what they did.  (*Id.* at 6.)

<u>René Frahm Jørgensen</u>

Defendants do not need René Frahm Jørgensen to testify about "monthly account statements" supposedly "showing that refund payments were increasing dramatically and at a rate that outpaced the collection of the corresponding tax payments from Danish companies."

---

12. Defendants argue that Mr. Rasmussen's testimony is necessary because they need to learn more about the working of a SKAT audit committee from before Mr. Brøchner became permanent secretary in 2012.  (Defs. Mem. 10.)  As an initial matter, however, Mr. Ekstrand, not Mr. Brøchner, was SKAT's designated 30(b)(6) witness on the topic of SKAT's controls over dividend tax refunds.  Over the course of his two-day deposition, defendants chose not to ask Mr. Ekstrand a single question on the topic of the audit committee.  Moreover, Mr. Brøchner testified that the audit committee did not exist after 2012.  (Weinstein Decl. Ex. 3 (Brøchner Dep. Tr.) at 67:10-68:1.)

(Defs. Mem. 17.)  Defendants already questioned SKAT's Rule 30(b)(6) witness Mr. Ekstrand about those same account statements.  (*See, e.g.*, Weinstein Decl. Ex. 2 (Ekstrand Dep. Tr.) at 53:19-56:19 ("Mr. Ekstrand, did the department responsible for processing dividend refund claims track the volume of refunds that were paid?").)  With respect to the November 2013 memo sent by Ms. Rømer to Mr. Jørgensen (Defs. Mem. 11), defendants are taking the deposition of Ms. Rømer, the author of that memo.

Jens Sørensen

Likewise, there is no reason for Jens Sørensen to testify about what the defendants characterize as the "critical audit reports prior to 2015." (Defs. Mem. 17.)  Again, defendants requested a 30(b)(6) witness on these very reports, and have not identified any questions about those reports that SKAT's designated 30(b)(6) witness could not answer, and after the upcoming depositions, defendants will have had at least three witnesses testify about those reports.  Nor do defendants need Mr. Sørensen's testimony on "working groups" purportedly "established after the 2010 audit report." (*Id.* at 13.)  "[A]ny remedial or other actions taken in response" to the 2010 audit report was a topic for SKAT's 30(6)(6) deposition about which defendants were free to ask Mr. Ekstrand any question they wished.  (Weinstein Decl. Ex. 1 at 5 (topic 10).)[13]  And, again, defendants are deposing Lisbeth Rømer, who was a member of the post-2010 audit report working group and can testify to any remedial measures taken in response to that report.

---

13.  Defendants argue that Mr. Sørensen's testimony is necessary because Mr. Brøchner "was not able to speak to the working group's recommendations," as he did not become permanent secretary until 2012.  (Defs. Mem. 13.)  But, again, it was Mr. Ekstrand, not Mr. Brøchner, who SKAT designated to testify about any measures taken in response to the audit reports.  Defendants asked Mr. Ekstrand during his deposition if he knew what the so-called "working group did, if anything, in response to the findings of the 2010 audit report?" (Weinstein Decl. Ex. 2 (Ekstrand Dep. Tr.) at 255:11-15.)  Mr. Ekstrand responded that he didn't "remember.  But if there's a memo to that effect, let's review it." (*Id.* at 255:16-17.)  Defendants declined to take Mr. Ekstrand up on his offer to review "the working group['s]" June 8, 2011 "memo" that "discusses [its] work," and which was among the "reports, memos, rulings, and other things" that SKAT provided Mr. Ekstrand to "review . . . in connection with [his] preparation for the deposition" and about which he was ready to answer any of defendants' questions.  (*Id.* at 14:12-15:10, 300:25-301:9.)

Laurits Cramer

Finally, defendants refer to Mr. Ekstrand's testimony that as part of the dividend refund process, Laurits Cramer opened the refund applications, checked whether they were from a Danish or foreign shareholder, and checked whether the appropriate documentation was included.  (Defs. Mem. 11-12.)  Defendants do not explain how that aspect of the refund process requires an additional deposition.  Moreover, SKAT's supposed "control gaps and resource constraints" were topics on which defendants questioned SKAT's 30(b)(6) witness, so there is no need for defendants to depose Mr. Cramer on them.  (*See, e.g.*, Weinstein Decl. Ex. 2 (Ekstrand Dep. Tr.) at 32:4-6 ("Were there complaints from personnel in Accounting 2 about a lack of resources?").  Defendants can also question Ms. Rømer, who was Mr. Cramer's supervisor, on this subject if necessary.

## **CONCLUSION**

For the reasons set forth above, SKAT respectfully requests that the Court deny

defendants' renewed motion for issuance of letters rogatory.

Dated: New York, New York
June 1, 2021

HUGHES HUBBARD & REED LLP

By:    /s/ Marc A. Weinstein
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax:  (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*