**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF          MASTER DOCKET
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND          18-md-02865-LAK
SCHEME LITIGATION

This document relates to:          The cases identified
in Appendix A


**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL**
**JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE IN DENMARK**

## PRELIMINARY STATEMENT

Defendants' motion seeking to take depositions of six witnesses located in Denmark—witnesses who undoubtedly would have been deposed already were it not for the reality that every person knowledgeable about SKAT's conduct resides outside the Court's subpoena power—is timely and should be granted.  Defendants filed their second motion for the issuance of letters rogatory on March 6, 2021 (the "Second Motion"), ECF No. 548, and moved to renew the Second Motion as soon as practicable after the depositions of SKAT's 30(b)(6) witnesses (the "Renewed Motion"), ECF No. 599.  SKAT has opposed both motions as untimely, chiding Defendants for not filing the Second Motion earlier in the litigation.  ECF No. 605 ("Opp.") at 7.  But SKAT apparently considered its discovery needs to be timely when it filed a motion for letters rogatory on April 9, 2021, ECF No. 567, more than a month after Defendants filed their Second Motion.  Where the parties continue to engage in discovery, and SKAT is scheduling depositions, serving discovery requests, and producing thousands of documents—as recently as today, June 3, 2021—SKAT's position that Defendants "waited too long" to file this motion is indefensible.  Further, there is no prejudice to SKAT.  It does not control or represent these witnesses and will not need to defend their depositions.

SKAT's argument that the Renewed Motion is premature is similarly unavailing.  It is unclear when, or even *if*, the Danish authorities will act on the letters of request relating to Jette Zester and Leif Normann Jeppesen.  If, as SKAT asserts, the Renewed Motion cannot be heard until after Zester and Jeppesen have been deposed, then Defendants may indefinitely be blocked from renewing their motion for the issuance of letters rogatory directed at these six witnesses.  This makes no sense.  Defendants have met their burden under the Hague Convention and SKAT's documents and testimony taken to date establish that Dorthe Pannerup Madsen, Kjeld

Rasmussen, Rene Frahm Jørgensen, Laurits Cramer, Jens Sørensen, and Helen Sørensen each have unique and relevant knowledge extending beyond SKAT's Rule 30(b)(6) testimony or the remaining scheduled depositions of fact witnesses.  These individuals would be deposed if they lived in the United States, and Defendants should not be prejudiced in their ability to pursue relevant discovery because they have been sued by the tax authority of a foreign sovereign.

SKAT did not oppose the Second Motion with respect to Madsen and Helen Sørensen, ECF No. 553 at 1 n.1, and does not oppose the Renewed Motion with respect to these two witnesses on the grounds of relevance, materiality, or proportionality.  Opp. 2 n.3.  The Court should grant Defendants' request to depose Madsen and Helen Sørensen.  While SKAT also did not oppose the Second Motion with respect to Jørgensen, Cramer, or Jens Sørensen, ECF No. 553 at 1 n.1, SKAT now reverses course and argues that their testimony and the testimony of Rasmussen would be cumulative or irrelevant.  But SKAT has no compelling basis to oppose the Renewed Motion on this ground regarding these four witnesses.  Defendants seek testimony from each witness that bears directly on various defenses, including in relation to causation, failure to mitigate, contributory or comparative fault, and the statute of limitations.  Defendants respectfully request that the Court grant this relief as to these six witnesses.

## ARGUMENT

### I.    SKAT's Arguments That The Motion Is Premature Or Untimely Are Baseless

Defendants must seek the Court's assistance in issuing letters rogatory because key witnesses with information relevant to the defenses at issue reside in Denmark and are therefore beyond the Court's subpoena power.  SKAT seeks to take advantage of this circumstance (which it created when it brought suit in the United States instead of Denmark) by continuing its own ongoing discovery efforts, while simultaneously opposing Defendants' renewed motion on the

ground that Defendants "waited far too long" to move for this Court's assistance in issuing letters of request.  Opp. 2.  But SKAT does not appear to view itself as having "waited far too long" to serve document requests and schedule depositions, among the range of discovery efforts undertaken by SKAT this past month.  On May 28, 2021, SKAT served subpoenas for bank records on more than a dozen financial institutions.  As the end of fact discovery approaches on June 30, SKAT has continued to produce thousands of English translations of responsive Danish documents, including a production of over 2,500 pages on June 3, 2021, which are invaluable to Defendants' ability to effectively depose Danish witnesses.  And as recently as May 28, 2021, SKAT produced over 2,000 documents in Danish, including previously unproduced communications and documents relating to Lisbeth Rømer, Anne Munksgaard, Lill Helene Drost, and other SKAT employees, whom Defendants will depose imminently.  Indeed, Rømer's deposition took place today.  The opposition's argument that Defendants have engaged in "unjustified delay," Opp. 7, is meritless where SKAT's recent actions indicate that it is not close to completing its own discovery efforts and obligations.

SKAT also argues that Defendants' motion is "premature" and depositions of Jeppesen and Zester in Denmark are necessary to judge the proportionality of the requested discovery. Opp. 1, 6.  But under SKAT's logic, Defendants' renewed motion may never be timely, regardless of when the Second Motion was filed.  SKAT acknowledges that it has sought the parties' agreement that fact discovery should close in less than 30 days and that the process of seeking testimony pursuant to the Hague Convention is "lengthy and uncertain."  Opp. 2-3.[1]  If

---

[1]    During discussions about the discovery schedule, there has been no agreement between the parties that the end of fact discovery would terminate the ability to obtain testimony in Denmark.  Lead Counsel informed SKAT that its proposal to end fact discovery in June 2021 "does not in any way turn on the outcome of the process for requesting letters rogatory," and noted that "[t]o the extent the Danish authorities approve the taking of any discovery in Denmark after June 30, 2021, the parties can discuss at that time any issues regarding the use of such discovery in this litigation."  ECF No. 555 at 9.

the Danish authorities agree to allow Jeppesen and Zester to be deposed after June 30, 2021, SKAT will no doubt insist that the period for discovery is closed and no additional depositions can be scheduled.  With no guarantee as to when, or even if, the depositions of Jeppesen and Zester will move forward, Defendants have no choice but to renew their motion now.

This is particularly the case when the depositions that have been taken to date already establish that the six witnesses subject to this motion have relevant knowledge distinct from the testimony sought from Jeppesen and Zester.  Jeppesen was a former director of SKAT's legal department; Defendants will probe his identification of serious concerns about the issues raised by borrowed shares, beneficial ownership, and dividend entitlement, the operational definitions of these terms as applied by SKAT, and his warning that SKAT needed to overhaul its system to be equipped to manage these risks.  *See* ECF No. 549 at 9-10.  Zester, on the other hand, was a special consultant at SKAT whose testimony on the specific warnings she raised that SKAT was paying refunds blindly and why these warnings were not addressed bear directly on Defendants' defenses.  *See* ECF No. 549 at 10.  For the reasons set out below, there is ample distinction between Jeppesen and Zester's roles and those of the witnesses who are the subject of this motion.  Defendants' motion is not premature and ought not to hinge on the timing of these depositions.

## II.     The Testimony Of The Six Witnesses Is Relevant And Not Cumulative

SKAT does not oppose the Renewed Motion with respect to Dorthe Pannerup Madsen or Helen Sørensen on the grounds of relevance, materiality, or proportionality.  Opp. 2 n.3.  The Court should grant Defendants' renewed request to depose Madsen and Helen Sørensen.  As to Kjeld Rasmussen, Rene Frahm Jørgensen, Laurits Cramer, and Jens Sørensen, there is also ample support for the relevance and proportionality of the testimony sought by this Renewed

Motion.  With their knowledge of separate aspects of the administration of dividend withholding tax and repeated warnings of insufficient internal controls and resources during the key period, these witnesses can offer unique testimony relevant to causation, failure to mitigate, statute of limitations, contributory or comparative fault, and other defenses in this litigation.

### A.        Rene Frahm Jørgensen

SKAT did not oppose Defendants' prior request for Jørgensen's testimony.  ECF No. 553 at 1 n.1.  SKAT's argument now that there is no need for Jørgensen to testify is unavailing, as neither the testimony of Christian Ekstrand nor Rømer can substitute for Jørgensen's.  Only Jørgensen can testify about his approval of the monthly account statements showing refund payments outpacing the collection of corresponding tax payments and his decision not to inquire further.  ECF No. 599 at 10-11.  Defendants questioned Ekstrand in his Rule 30(b)(6) capacity about an account statement reflecting SKAT's steadily increasing amount of dividend tax refunds paid to foreign investors, which Ekstrand testified that he had not previously seen.[2]  But because Jørgensen was responsible for overseeing the account statements, only Jørgensen can answer Defendants' questions about *why* he approved statements showing that SKAT paid more in tax refunds than it received from Danish companies in withheld tax and *why* he did not flag the issue for his superiors.  ECF No. 599 at 10-11.  Rømer similarly cannot testify as to Jørgensen's decision-making in declining to raise to SKAT Director Jesper Rønnow Simonsen the concerns Rømer flagged in a memo on SKAT's insufficient control over the disbursement of withheld dividend tax, despite Rømer addressing the November 2013 memo to Simonsen.  ECF No. 599 at 11.

---

[2]        *See* ECF No. 606-2, Declaration of Marc A. Weinstein, Ex. 2 (Ekstrand Dep. Tr.) at 55:25-56:6.

### B.      Kjeld Rasmussen

By characterizing Rasmussen as a "fourth witness" on the 2010 and 2013 audit reports, Opp. 7, SKAT's opposition attempts to minimize Rasmussen's unique vantage point as the head of SIR (the Ministry of Taxation's internal audit department) while it produced multiple reports critical of SKAT that seemingly went unheeded.  ECF No. 599 at 9-10.  Rasmussen's personal knowledge of the process for creating the reports and SKAT's failure to adequately address them makes him suitable for questions that Defendants could not have asked Ekstrand as SKAT's corporate designee on the audit reports.  SKAT argues that Bo Daugaard could answer any questions about the 2010 audit report because he worked in the internal audit department, Opp. 8, but Daugaard will not be able to testify to Rasmussen's decision-making while responsible for overseeing SIR (which Daugaard left in 2011), Rasmussen's communications with SKAT and the Ministry of Taxation about the problems that SIR identified, and Rasmussen's view of what needed to be done at SKAT to remedy these issues.  This testimony is directly relevant to understanding whether the conduct of SKAT or the Ministry of Taxation contributed to the alleged injuries, but SKAT has not agreed to produce a witness with Rasmussen's tenure spanning both reports and his specific knowledge of SKAT's failure to heed the audit reports' warnings and recommendations.

### C.      Jens Sørensen

SKAT also did not previously oppose Defendants' prior request for Jens Sørensen's testimony.  ECF No. 553 at 1 n.1.  Now, SKAT argues that Defendants do not need Sørensen's testimony because Defendants have questioned SKAT's 30(b)(6) witnesses about the critical audit reports.  Opp. 9.  But Sørensen, who was the former Head of Recovery at SKAT, can offer a unique perspective on remedial actions taken as a result of recommendations reported by the

working groups established after the audit reports.  ECF No. 599 at 12-13.  SKAT's early awareness of significant control deficiencies illustrates its negligence.  Because Sørensen oversaw these working groups, his testimony is crucial to understanding steps taken or not taken in response to the 2013 SIR report—testimony that cannot be offered by others witnesses such as Lisbeth Rømer.

### D.    Laurits Cramer

SKAT did not oppose Defendants' prior request for Cramer's testimony, ECF No. 553 at 1 n.1, but now argues that there is no need for Defendants to depose Cramer because control gaps and resource constraints were topics on which defendants questioned SKAT's 30(b)(6) witness.  Opp. 10.  However, Ekstrand and Jens Brøchner could not testify about the specific control deficiencies of which Cramer is aware based on his particular role in the dividend refund process.  Cramer's public statements indicate that he had no ability to verify the information in the dividend tax refund applications that he was personally responsible for reviewing.  ECF No. 599 at 11-12.  SKAT's 30(b)(6) testimony could not speak to Cramer's view of the deficiencies in SKAT's process for reviewing refund applications by foreign shareholders and his warnings as to those deficiencies.

## III.    CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant this Motion for Issuance of Requests for International Judicial Assistance to Obtain Evidence.

Dated: New York, New York
        June 3, 2021

                                        Respectfully submitted,

                                        WILMER CUTLER PICKERING HALE AND
                                        DORR LLP

                              By:    /s/ Alan E. Schoenfeld

7

Alan E. Schoenfeld
7 World Trade Center250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
alan.schoenfeld@wilmerhale.com

*Attorneys for Defendants Richard Markowitz,*
*Jocelyn Markowitz, Avanix Management LLC Roth*
*401(K) Plan, Batavia Capital Pension Plan,*
*Calypso Investments Pension Plan, Cavus Systems*
*LLC Roth 401(K) Plan, Hadron IndustriesLLC Roth*
*401(K) Plan, RJM CapitalPension Plan, RJM*
*Capital Pension Plan Trust, Routt Capital Pension*
*Plan, Routt Capital Trust*

KOSTELANETZ & FINK, LLP

By:  /s/ Sharon L. McCarthy
Sharon L. McCarthy
7 World Trade Center, 34th Floor
New York, New York 10007
Tel:  (212) 808-8100
Fax:  (212) 808-8108
smccarthy@kflaw.com

*Attorneys for Defendants John van Merkensteijn,*
*III, Elizabeth van Merkensteijn, Azalea Pension*
*Plan, Basalt Ventures LLC Roth 401(K) Plan,*
*Bernina Pension Plan, BerninaPension Plan Trust,*
*Michelle Investments Pension Plan, Omineca*
*Pension Plan, Omineca Trust, Remece Investments*
*LLC Pension Plan, Starfish Capital Management*
*LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo*
*Productions LLC Roth 401(K) Plan,Xiphias LLC*
*Pension Plan*

CAPLIN & DRYSDALE,CHARTERED

By:  /s/ Mark D. Allison
Mark D. Allison
CAPLIN & DRYSDALE,CHARTERED
600 Lexington Avenue, 21st Floor
New York, New York 10022
Phone: (212) 379-6060
Email: mallison@capdale.com

8

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail ManufacturingLLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

KAPLAN RICE LLP

By:   /s/ Michelle A. Rice
      Michelle A. Rice
      Kaplan Rice LLP 142 West 57th Street
      Suite 4A
      New York N.Y. 10019
      (212) 333-0227
      mrice@kaplanrice.com

*Attorneys for Defendants Joseph Herman, David Zelman, Edwin Miller, Ronald Altbach, Perry Lerner, Robin Jones, Ballast Ventures LLC Roth 401(K) Plan, Bareroot Capital Investments LLC Roth 401(K)Plan, Albedo Management LLC Roth 401(K) Plan,Dicot Technologies LLC Roth 401(K) Plan, Fairlie Investments LLC Roth 401(K) Plan, First Ascent Worldwide LLC Roth 401(K) Plan, Battu Holdings LLC Roth 401(K) Plan, Cantata Industries LLC Roth 401(K) Plan, Crucible Ventures LLC Roth 401(K) Plan, Monomer Industries LLC Roth 401(K) Plan, Limelight Global Productions LLC Roth 401(K) Plan, Loggerhead Services LLC Roth 401(K) Plan, PAB Facilities Global LLC Roth 401(K) Plan, Plumrose Industries LLC Roth 401(K) Plan, Pinax Holdings LLC Roth 401(K) Plan, Roadcraft Technologies LLC Roth 401(K) Plan, Sternway Logistics LLC Roth 401(K) Plan, Trailing Edge Productions LLC Roth 401(K) Plan, True Wind Investments LLC Roth 401(K) Plan, Eclouge Industry LLC Roth 401(K) Plan, Vanderlee Technologies Pension Plan, Vanderlee Technologies Pension Plan Trust, Cedar Hill Capital Investments LLC Roth 401(K) Plan, Green Scale Management LLC Roth 401(K) Plan, Fulcrum Productions LLC Roth 401(K) Plan, Keystone Technologies LLC Roth 401(K) Plan,Tumba Systems LLC Roth 401(K) Plan*

DEWEY PEGNO & KRAMARSKYLLP

By:    /s/ Thomas E.L. Dewey
        Thomas E.L. Dewey
        777 Third Avenue – 37th Floor
        New York, New York 10017
        Tel.: (212) 943-9000
        Fax: (212) 943-4325
        E-mail:  tdewey@dpklaw.com

        *Attorneys for DefendantMichael Ben-Jacob*

K&L GATES LLP

By:    /s/ John C. Blessington
        John C. Blessington (*pro hac vice*)
        K&L GATES LLP
        State Street Financial Center
        One Lincoln Street
        Boston, MA  02111
        T: 617.261.3100
        F: 617.261.3175
        E: john.blessington@klgates.com

        *Attorneys for Defendants / Third-Party Plaintiffs*
        *Acer Investment Group LLC, American Investment*
        *Group of New York, L.P. PensionPlan, DW*
        *Construction, Inc. Retirement Plan, Kamco*
        *InvestmentsInc. Pension Plan, Kamco LP Profit*
        *Sharing Pension Plan, Linden Associates Defined*
        *Benefit Plan, Moira Associates LLC 401K Plan,*
        *Newsong Fellowship Church 401K Plan, Riverside*
        *Associates Defined Benefit Plan, Robert Crema,*
        *Stacey Kaminer, Alexander Jamie Mitchell III,*
        *David Schulman, Joan Schulman,* and *Darren*
        *Wittwer*

KOSTELANETZ & FINK, LLP

By:    /s/ Bryan C. Skarlatos
        Bryan C. Skarlatos
        Eric Smith

10

Kostelanetz & Fink, LLP
7 World Trade Center, 34th Floor
New York, New York 10007
T:  (212) 808-8100
F:  (212) 808-8108
bskarlatos@kflaw.com
esmith@kflaw.com

*Attorneys for Defendants John Doscas, David
Freelove, Sterling Alpha LLC 401(K) Profit Sharing
Plan, Federated Logistics LLC 401(k) Plan, and
Del Mar Asset Management & Retirement Plan*

**APPENDIX A**

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| John van Merkensteijn, III | Sharon L. McCarthy<br>Caroline Ciraolo<br>Nicholas S. Bahnsen<br>Kostelanetz & Fink LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>Tel: (212) 808-8100<br>Fax: (212) 808-8108<br>cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com | 19-cv-01866<br>19-cv-01865<br>19-cv-01906<br>19-cv-01894<br>19-cv-01911<br>19-cv-01871<br>19-cv-01930<br>19-cv-01873<br>19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928<br>19-cv-01931<br>19-cv-01800<br>19-cv-01803<br>19-cv-01809<br>19-cv-01818<br>19-cv-01801<br>19-cv-01810<br>19-cv-01813 |
| Elizabeth van Merkensteijn | | 19-cv-01893 |
| Azalea Pension Plan | | 19-cv-01893 |
| Basalt Ventures LLC Roth 401(K) Plan | | 19-cv-01866 |
| Bernina Pension Plan | | 19-cv-01865 |
| Bernina Pension Plan Trust | | 19-cv-10713 |
| Michelle Investments Pension Plan | | 19-cv-01906 |
| Omineca Pension Plan | | 19-cv-01894 |
| Omineca Trust | | 19-cv-01794<br>19-cv-01798<br>19-cv-01788<br>19-cv-01918<br>19-cv-01928<br>19-cv-01931 |

| | | |
|---|---|---|
| | | 19-cv-01800 |
| | | 19-cv-01803 |
| | | 19-cv-01809 |
| | | 19-cv-01818 |
| | | 19-cv-01801 |
| | | 19-cv-01810 |
| | | 19-cv-01813 |
| Remece Investments LLC Pension Plan | | 19-cv-01911 |
| Starfish Capital Management LLC Roth 401(K) Plan | | 19-cv-01871 |
| Tarvos Pension Plan | | 19-cv-01930 |
| Voojo Productions LLC Roth 401(K) Plan | | 19-cv-01873 |
| Xiphias LLC Pension Plan | | 19-cv-01924 |
| Richard Markowitz | Alan E. Schoenfeld Wilmer Cutler Pickering Hale and Dorr LLP 7 World Trade Center 250 Greenwich Street New York, NY 10007 Telephone: (212) 230-8800 alan.schoenfeld@wilmerhale.com | 19-cv-01867 19-cv-01895 19-cv-01869 19-cv-01868 19-cv-01898 19-cv-10713 19-cv-01896 19-cv-01783 19-cv-01922 19-cv-01926 19-cv-01929 19-cv-01812 19-cv-01870 19-cv-01792 19-cv-01806 19-cv-01808 19-cv-01815 |
| Jocelyn Markowitz | | 19-cv-01904 |
| Avanix Management LLC Roth 401(K) Plan | | 19-cv-01867 |
| Batavia Capital Pension Plan | | |

| | | |
|---|---|---|
| Calypso Investments Pension Plan | | 19-cv-01895<br>19-cv-01904 |
| Cavus Systems LLC Roth 401(K) Plan | | 19-cv-01869 |
| Hadron Industries LLC Roth 401(K) Plan | | 19-cv-01868 |
| RJM Capital Pension Plan | | 19-cv-01898 |
| RJM Capital Pension Plan Trust | | 19-cv-10713 |
| Routt Capital Pension Plan | | 19-cv-01896 |
| Routt Capital Trust | | 19-cv-01783<br>19-cv-01922<br>19-cv-01926<br>19-cv-01929<br>19-cv-01812<br>19-cv-01870<br>19-cv-01792<br>19-cv-01806<br>19-cv-01808<br>19-cv-01815 |
| Rob Klugman | Mark D. Allison<br>Caplin & Drysdale, Chartered<br>600 Lexington Avenue<br>21st Floor<br>New York, NY 10022<br>Tel: (212) 379-6000 | 18-cv-07828<br>18-cv-07827<br>18-cv-07824<br>18-cv-07829<br>18-cv-04434 |
| RAK Investment Trust | mallison@capdale.com<br>zziering@capdale.com | |
| Aerovane Logistics LLC Roth 401(K) Plan | | 18-cv-07828 |
| Edgepoint Capital LLC Roth 401(K) Plan | | 18-cv-07827 |
| Headsail Manufacturing LLC Roth 401(K) Plan | | 18-cv-07824 |
| The Random Holdings | | |

| | | |
|---|---|---|
| 401(K) Plan | | 18-cv-07829 |
| The Stor Capital Consulting LLC 401(K) Plan | | 18-cv-04434 |
| Joseph Herman | Michelle A. Rice<br>Kaplan Rice LLP<br>142 West 57th Street<br>Suite 4A<br>New York N.Y. 10019<br>(212) 333-0227<br>mrice@kaplanrice.com | 1:19-cv-01785<br>1:19-cv-01781<br>1:19-cv-01791<br>1:19-cv-01794<br>1:19-cv-01918<br>1:19-cv-01783<br>1:19-cv-01798<br>1:19-cv-01788 |
| David Zelman | | |
| Edwin Miller | | 1:19-cv-01926<br>1:19-cv-01922<br>1:19-cv-01928<br>1:19-cv-01929<br>1:19-cv-01931 |
| Ronald Altbach | | 1:19-cv-01809<br>1:19-cv-01800<br>1:19-cv-01803<br>1:19-cv-01812<br>1:19-cv-01818 |
| Perry Lerner | | 1:19-cv-01806<br>1:19-cv-01870<br>1:19-cv-01792<br>1:19-cv-01808<br>1:19-cv-01815 |
| Robin Jones | | 1:19-cv-01801<br>1:19-cv-01810<br>1:19-cv-01813 |
| Ballast Ventures LLC Roth 401(K) Plan | | 1:19-cv-01781 |
| Bareroot Capital Investments LLC Roth 401(K) Plan | | 1:19-cv-01783 |
| Albedo Management LLC Roth 401(K) Plan | | |

| | | |
|---|---|---|
| Dicot Technologies LLC Roth 401(K) Plan | | 1:19-cv-01785 |
| Fairlie Investments LLC Roth 401(K) Plan | | 1:19-cv-01788 |
| First Ascent Worldwide LLC Roth 401(K) Plan | | 1:19-cv-01791 |
| Battu Holdings LLC Roth 401(K) Plan | | 1:19-cv-01792 |
| Cantata Industries LLC Roth 401(K) Plan | | 1:19-cv-01794 |
| Crucible Ventures LLC Roth 401(K) Plan | | 1:19-cv-01798 |
| Monomer Industries LLC Roth 401(K) Plan | | 1:19-cv-01800 |
| Limelight Global Productions LLC Roth 401(K) Plan | | 1:19-cv-01801 |
| Loggerhead Services LLC Roth 401(K) Plan | | 1:19-cv-01803 |
| PAB Facilities Global LLC Roth 401(K) Plan | | 1:19-cv-01806 |
| Plumrose Industries LLC Roth 401(K) Plan | | 1:19-cv-01808 |
| Pinax Holdings LLC Roth 401(K) Plan | | 1:19-cv-01809 |
| Roadcraft Technologies LLC Roth 401(K) Plan | | 1:19-cv-01810 |
| Sternway Logistics LLC Roth 401(K) Plan | | 1:19-cv-01812 |
| Trailing Edge Productions LLC Roth 401(K) Plan | | 1:19-cv-01813 |

| | | |
|---|---|---|
| True Wind Investments LLC Roth 401(K) Plan | | 1:19-cv-01815 |
| Eclouge Industry LLC Roth 401(K) Plan | | 1:19-cv-01818 |
| Vanderlee Technologies Pension Plan | | 1:19-cv-01870 |
| Vanderlee Technologies Pension Plan Trust | | 1:19-cv-01918 |
| Cedar Hill Capital Investments LLC Roth 401(K) Plan | | 1:19-cv-01918 |
| Green Scale Management LLC Roth 401(K) Plan | | 1:19-cv-01922 |
| Fulcrum Productions LLC Roth 401(K) Plan | | 1:19-cv-01926 |
| Keystone Technologies LLC Roth 401(K) Plan | | 1:19-cv-01928 |
| Tumba Systems LLC Roth 401(K) Plan | | 1:19-cv-01929 |
| | | 1:19-cv-01931 |
| Michael Ben-Jacob | Thomas E. L. Dewey<br>Dewey Pegno & Kramarsky LLP<br>777 Third Avenue – 37th Floor<br>New York, New York 10017<br>Tel.: (212) 943-9000<br>Fax: (212) 943-4325<br>E-mail:  tdewey@dpklaw.com | 1:18-cv-04434<br>1:18-cv-07824<br>1:18-cv-07827<br>1:18-cv-07828<br>1:18-cv-07829<br>1:19-cv-01781<br>1:19-cv-01783<br>1:19-cv-01785<br>1:19-cv-01788<br>1:19-cv-01791<br>1:19-cv-01792<br>1:19-cv-01794<br>1:19-cv-01798<br>1:19-cv-01800<br>1:19-cv-01801<br>1:19-cv-01803 |

| | | 1:19-cv-01806 |
| --- | --- | --- |
| | | 1:19-cv-01808 |
| | | 1:19-cv-01809 |
| | | 1:19-cv-01810 |
| | | 1:19-cv-01812 |
| | | 1:19-cv-01813 |
| | | 1:19-cv-01815 |
| | | 1:19-cv-01818 |
| | | 1:19-cv-01866 |
| | | 1:19-cv-01867 |
| | | 1:19-cv-01868 |
| | | 1:19-cv-01869 |
| | | 1:19-cv-01870 |
| | | 1:19-cv-01871 |
| | | 1:19-cv-01873 |
| | | 1:19-cv-01894 |
| | | 1:19-cv-01896 |
| | | 1:19-cv-01918 |
| | | 1:19-cv-01922 |
| | | 1:19-cv-01926 |
| | | 1:19-cv-01928 |
| | | 1:19-cv-01929 |
| | | 1:19-cv-01931 |
| Acer Investment Group LLC | John C. Blessington<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA  02111<br>T: 617.261.3100<br>F: 617.261.3175<br>E:  john.blessington@klgates.com | 18-cv-09841<br>18-cv-09797<br>18-cv-09836<br>18-cv-09837<br>18-cv-09838<br>18-cv-09839<br>18-cv-09840<br>18-cv-10100<br>18-cv-05053 |
| American Investment Group of New York, L.P. Pension Plan | | 18-cv-09841 |
| DW Construction, Inc. Retirement Plan | | 18-cv-09797 |
| Kamco Investments Inc. Pension Plan | | 18-cv-09836 |
| Kamco LP Profit Sharing Pension Plan | | 18-cv-09837 |

| | | |
|---|---|---|
| Linden Associates Defined Benefit Plan | | 18-cv-09838 |
| Moira Associates LLC 401K Plan | | 18-cv-09839 |
| Newsong Fellowship Church 401K Plan | | 18-cv-10100 |
| Riverside Associates Defined Benefit Plan | | 18-cv-09840 |
| Robert Crema | | 18-cv-09841 |
| Stacey Kaminer | | 18-cv-09841<br>18-cv-09797<br>18-cv-09836<br>18-cv-09837<br>18-cv-09839 |
| Alexander Jamie Mitchell III | | 18-cv-10100 |
| David Schulman | | 18-cv-09840 |
| Joan Schulman | | 18-cv-09838 |
| Darren Wittwer | | 18-cv-09797 |
| John Doscas<br><br>David Freelove<br><br>Sterling Alpha LLC 401(K) Profit Sharing Plan<br><br>Federated Logistics LLC 401(k) Plan<br><br>Del Mar Asset Management & Retirement Plan | Bryan C. Skarlatos<br>Eric Smith<br>Kostelanetz & Fink, LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>(212) 808-8100 (Office)<br>(212) 808-8108 (Fax)<br>bskarlatos@kflaw.com<br>esmith@kflaw.com | 18-cv-4894<br>18-cv-4899<br>18-cv-8655<br>18-cv-5374 |