

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

BY ECF

Honorable Lewis A. Kaplan                                   June 11, 2021
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
KaplanNYSDChambers@nysd.uscourts.gov

   Re: *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

  We write on behalf of plaintiff Skatteforvaltningen ("SKAT") in response to the Court's June 1, 2021 Pretrial Order No. 22 (No. 18-md-2865, ECF No. 604) denying, without prejudice to renewal, defendants' motion to compel SKAT to produce all documents it provided to the Danish Commission of Inquiry on Taxation. The order directs SKAT to make an evidentiary submission concerning the fact that SKAT does not have a copy of the materials it provided to the Commission and its argument that the burden of recreating that production outweighs any benefit of such additional discovery to defendants in light of the document discovery SKAT has produced to defendants already.[1]

**SKAT did not keep a copy of the documents it provided to the Commission.**

  SKAT opposed defendants' motion on the ground that it "cannot comply with defendants' request for a set of all documents it provided to the Commission because it does not have a copy of that set of materials."[2] In its order, the Court found that "[f]urther evidence" of SKAT's assertion, whether "SKAT has retained partial sets of documents provided to the Commission, and the circumstances of and the reasons" why SKAT did not "retain a complete duplicate set could be illuminating." (Pretrial Order No. 22 at 2.)

  As set forth in the June 11, 2021 declaration of Gry Ahlefeld-Engel ("Ahlefeld-Engel Decl."), annexed hereto as Exhibit A, the Ministry of Justice established the Commission in July 2017, with a mandate entirely unrelated to SKAT's payment of dividend withholding tax

---

1. Defendants' motion and the Court's pretrial order relate to all cases, thus SKAT's evidentiary submission does as well.

2. Ltr. addressed to Judge Lewis A. Kaplan from Marc A. Weinstein dated May 27, 2021 re: Opp. to Defs. Ltr. Mot. to Compel, No. 18-md-2865, ECF No. 602, at 2.

refunds, but that the Ministry of Justice subsequently in 2018 broadened to include that topic. (Ahlefeld-Engel Decl. ¶¶ 3-5.)  The Commission made, in total, 55 separate requests for documents to SKAT, many of which sought materials related to its inquiries into matters other than dividend withholding tax refunds.  (*Id.* ¶ 9.)  In response to the Commission's 38 requests for documents for its inquiry into dividend tax, SKAT made 56 separate productions.  (*Id.* ¶ 10.)

For each such production, SKAT produced directly to the Commission electronic documents on hard drives and hard copies of documents.  (*Id.* ¶ 12.)  Consistent with Danish data privacy law and the European Union's General Data Protection Regulation's principle of data minimization, SKAT did not make a duplicate copy of any of its productions, as the originals of all of the documents it produced remained housed within SKAT.  (*Id.* ¶ 13.)  SKAT made its productions without the assistance of external counsel because under the Danish Commission of Inquiry Act SKAT had no choice but to provide the Commission with the documents it requested, and SKAT does not usually consult outside counsel before producing documents to an independent commission.  (*Id.* ¶¶ 6, 12.)

**The burden on SKAT of recreating its productions to the Commission outweighs the benefit, if any, defendants will derive from such additional discovery.**

Under Federal Rule 26, discovery is limited to relevant information that is "proportional to the needs of the case," taking into account, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit," and the Court "must limit" discovery that "is unreasonably cumulative or duplicative."  Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i).  Thus, the Court's pretrial order directs SKAT to make an evidentiary submission concerning "what would be required" to recreate the productions, "the time and cost involved in such a task, and the extent to which there is any serious reason to believe that the defendants and the third party defendant have not already obtained anything that is material."  (Pretrial Order No. 22 at 2.)

There is no reason to believe there is anything material that SKAT produced to the Commission that defendants have not obtained already in one form or another, so the substantial burden recreating the productions would impose on SKAT is undue.  *See Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2016 WL 6779901, at *3 (S.D.N.Y. Nov. 16, 2016) (even where documents are "relevant, Rule 26(b)(1)'s proportionality requirement means their marginal utility must also be considered") (internal quotation omitted).  As set forth in SKAT's opposition to defendants' motion to compel, defendants and third party defendant ED&F Man Capital Markets Limited have served on SKAT 148 individual document requests, in response to which SKAT thus far has produced over 131,000 documents.

In addition to documents collected directly in response to defendants' requests, SKAT's production also includes the documents SKAT and the Ministry of Taxation collected, as a result of a similar set of searches as those made in response to the Commission's requests, and produced to the Bech-Bruun firm during the course of its investigation into the exact issues defendants are raising in this case, *i.e.*, "whether negligence or malfeasance by SKAT, the Ministry of Taxation, or some other division of the Kingdom of Denmark is responsible for the

purported losses at issue."[3]  Now defendants ask SKAT to reinvent the wheel a third time, at a cost of hundreds of thousands of dollars, on the theory that there might possibly be some additional non-duplicative material that is relevant to the defense of SKAT's claims of fraud.

The Commission, in total, made 55 requests of SKAT, of which only 38 related to its dividend tax inquiry. (Ahlefeld-Engel Decl. ¶ 8.)  In response to the Commission's 38 requests regarding dividend tax, SKAT produced over 114,000 documents from its files, and, in addition to that, the custodial files of 19 current and former SKAT employees. (*Id.* ¶¶ 10, 11.)  For these 19 current or former employees, SKAT produced all of their custodial files "for the period covered by the Commission's mandate without applying search terms or reviewing the documents for relevance." (*Id.*)

The time and cost SKAT would expend in re-collecting the documents in its 56 productions, reviewing those documents and producing them to the defendants would be substantial.  Just as an initial matter, SKAT estimates that it would take approximately 160 to 170 hours to re-collect the raw data provided to the Commission. (*Id.* ¶ 14.)  Under the Commission of Inquiry Act, SKAT may withhold documents from the Commission only on very narrow grounds, thus SKAT did not review the approximately 114,000 documents it produced to the Commission, and for the 19 custodians collected, SKAT produced their records to the Commission without review or the application of search terms. (*Id.* ¶ 11.)  By contrast, before producing any of these same documents to defendants, SKAT would need to review them carefully, including for relevance and privacy, to ensure that SKAT, as the Danish tax authority, is not violating Danish law by disclosing the information of third party taxpayers that have nothing to do with this litigation. (*Id.* ¶ 15.)  Most of the custodians worked on matters other than dividend tax, so this review would be intensive.  While the review burden could be reduced by applying search terms and removing duplicates of documents SKAT already has produced, SKAT would still need to review a potentially large but at this stage ultimately unknowable number of additional documents.  Without knowing how many documents would need to be reviewed, SKAT is unable to provide a precise estimate of the time and cost that would be involved.  Based on experience in this case to date, however, SKAT can state that the cost of this additional collection, review and production would be a minimum of several hundred thousands of dollars, and that collecting and processing the data would take four to six weeks, before which the review could not even be commenced.

Further, there is no reason for SKAT to spend the time and money it will take to produce the Commission documents to the defendants because there is no reason to think there is any additional material information in what SKAT produced to the Commission beyond what SKAT already has produced to the defendants.  For instance, the 114,000 documents SKAT produced to the Commission likely contain the same information as the documents that SKAT provided to Bech-Bruun in response to its similar requests, and which SKAT has produced to defendants already.  Likewise, SKAT has produced to defendants many of the documents SKAT produced to the Commission in response to its 23 requests for particular documents.  For example, of the 19 custodians whose entire email mailboxes SKAT provided to the Commission, 14 of them are among the custodians whose documents SKAT already has searched and is producing in this

---

3.  Ltr. Mot. to Compel SKAT to produce and tender for deposition addressed to Judge Lewis A. Kaplan from Alan E. Schoenfeld dated May 25, 2021, No. 18-md-2865, ECF No. 601, at 2.

litigation.  The other five are: (i) one person who started at SKAT in 2016, after defendants' fraud was discovered, (ii) two whose only relevant role was supervising one of the 23 custodians whose documents SKAT is producing, thus whose relevant communications have already been produced, and (iii) two others with no direct role in administering dividend withholding tax refunds.  Since these five individuals were not directly involved in matters relevant to the parties' claims and defenses, collecting and producing their documents is disproportionate to the needs of this litigation, particularly in light of the hours and costs that SKAT would spend doing so.  *Cf. Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088 (RMB)(HBP), 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) ("Proportionality and relevance are conjoined concepts[.]") (internal quotation omitted).

      Accordingly, SKAT respectfully requests that the Court deny any renewed motion by defendants to compel SKAT's production of the documents it produced to the Commission.

      Respectfully submitted,

      /s/ Marc A. Weinstein
      Marc A. Weinstein

cc:    All counsel of record (via ECF)