# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: all cases. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

## DECLARATION OF GRY AHLEFELD-ENGEL

I, Gry Ahlefeld-Engel, hereby declare as follows:

1. Since April 1, 2019, I have been an Underdirektør, or Director, with the Anti-Fraud Division of Skattestyrelsen, which, in English, means the Danish Tax Agency. As of July 1, 2018, Skattestyrelsen is one of seven units that comprise the Customs and Tax Administration of The Kingdom of Denmark (Skatteforvaltningen) ("SKAT"), which is the Plaintiff in this action.

2. I submit this Declaration in response to the Court's May 30, 2021 Order directing SKAT to make an evidentiary submission concerning the production of documents. I make this Declaration based on my personal knowledge, records of SKAT, or dialog with other employees of SKAT.

**Background on Establishment of the Independent Commission**

3. The Commission of Inquiry on Taxation (the "Independent Commission") was established by the Ministry of Justice pursuant to the Ministry of Justice's terms of reference of July 3, 2017 for a Commission of Inquiry on Taxation (*Justitsministeriets kommissorium af 3. Juli 2017 for en undersøgelseskommission om SKAT*) in accordance with the Commission of

Inquiry Act (Law of June 2, 1999 no. 357) (the "Act").  The Commission of Inquiry Act is publicly available, in Danish, at https://www.retsinformation.dk/eli/lta/2021/1146.

4. The initial terms of reference of the Independent Commission concerned an area of investigation unrelated to dividend withholding tax refund applications.  These relate to the management of tax collections and the planning, development, commissioning and decommissioning of the EFI digital recovery system (A Common Recovery System), the merging of the state and municipal recovery authorities in SKAT and the basis for deciding, implementing and following up on the general efficiency measures in SKAT.

5. In 2018, the Independent Commission's mandate was broadened to include SKAT's payment of dividend withholding tax refunds.  The mandate of the Commission is publicly available, in Danish, at https://kommissionenomskat.dk/kommissorium/tillaegskommissorium-af-9-april-2018-for-undersoegelseskommissionen-om-skat.html and https://kommissionenomskat.dk/kommissorium/udvidelse-af-26-oktober-2018-af-tillaegskommissoriet-af-9-april-2018-for-undersoegelseskommissionen-om-skat.html.

6. If so requested, any individual or entity in Denmark is obliged by section 9(1) of the Act to provide documents to the Independent Commission unless (i) the information is self-incriminating or (ii) the person may become subject to disciplinary or equivalent employment law related proceedings.  The Act does not contain any other basis for parties to withhold documents.  The Independent Commission has requested and SKAT has provided documents as it is obliged to under Danish law.

7. On information and belief, the Ministry of Justice will issue a public report by the Independent Commission and release selected documents during the summer of 2021.

**Independent Commission's Requests to SKAT & SKAT's Response**

8.  The Independent Commission has made 55 separate requests for production of documents to SKAT, 38 of which relate to dividend withholding tax.

9.  The Independent Commission made the following document requests to SKAT:

    a.  Seventeen requests for documents related to SKAT's debt collection system, the original focus of the Independent Commission's inquiry;

    b.  Two general requests for disclosure of "all relevant material" regarding the dividend case;

    c.  Twenty-three requests for specific documents;

    d.  Ten requests for factual memoranda; and

    e.  Three additional requests for particular documents and employee mailboxes.

10. In response to the requests regarding dividend tax, SKAT made 56 productions to the Independent Commission. These productions include more than 114,000 documents from SKAT's files. The majority of the 114,000 documents were produced because they were contained in files that potentially included responsive information, and were not the subject of search terms or otherwise reviewed for responsiveness.

11. In addition, the productions also included emails collected from the custodial files of nineteen current and former SKAT employees. For these custodians, SKAT produced the entire email mailbox for the period covered by the Independent Commission's mandate without applying search terms or reviewing the documents for relevance.

12. SKAT made document productions directly to the Independent Commission without the assistance of its Danish counsel, Kammeradvokaten. Customarily, when producing documents to an independent commission, SKAT produces documents without hiring outside

counsel to facilitate the production. SKAT produced copies of electronic documents on physical media and copies of hard copy documents to the Independent Commission, and maintained an index of the files that were produced, but did not retain a copy of the hard copy documents or physical media used to transmit the productions.

13. There was no practical or Danish legal reason to retain a copy, given that all of the documents produced are otherwise stored on SKAT's systems. The manner of the production to the Commission and the lack of a duplicate copy of the production was also consistent with the principle of data minimization set out in Article 5(1)(c) of Regulation (EU) 2016/679, April 27, 2016, 2016 O.J. (L119) 1, also known as the EU General Data Protection Regulation. Pursuant to this principle, processing, including storage, of personal data shall be limited to what is necessary in relation to the purposes for which they are processed. Since SKAT produced the documents to the Independent Commission and stores the original documents in its IT systems, there was no purpose for which it was necessary to maintain a duplicate copy of the production.

**Burden of Recreating the Productions**

14. SKAT estimates that it will take approximately 160 to 170 hours to prepare a duplicate collection of the documents produced to the Independent Commission, although if these documents were to be recollected for the purposes of litigation, SKAT would outsource this task to its IT vendor Deloitte. These files would then have to be processed before being de-duplicated against SKAT's existing document collections and productions to date.

15. After recreating the collection, the documents would then have to be reviewed, including for relevance and privacy, before they can be produced to defendants. As a public authority, SKAT is bound by a variety of laws concerning confidentiality of information in its

possession. Among other obligations, SKAT is prohibited by the Danish Tax Administration Act and Danish Public Administration Act from disclosing information about taxpayers that are third parties to this litigation, which are not relevant to any party's claims or defenses and would have to be redacted before production of documents to the defendants.

16. Finally, it is SKAT's understanding, based on prior dialogue with the Independent Commission, that (based on the principles in Section 31(1) of the Act) the Independent Commission should be consulted by SKAT prior to SKAT's production of the documents that are the subject matter of this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Copenhagen, Denmark
       June 11, 2021

_____
Gry Ahlefeld-Engel