Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Bill Maguire
Partner
Direct Dial: +1 (212) 837-6879
Direct Fax: +1 (212) 299-6879
bill.maguire@hugheshubbard.com

# Hughes Hubbard & Reed

**VIA ECF**

The Honorable Lewis A. Kaplan  June 14, 2021
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007

      Re:    *In Re: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-02865 (LAK)

Dear Judge Kaplan,

    Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this letter motion, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv), to compel the Defendants to produce documents they are withholding on claims of work product protection.[1]

**The Defendants have waived privilege.**

    SKAT's pleadings allege that Defendants represented falsely that their plans owned shares of Danish companies, on which they had received dividends and paid withholding tax.[2]

    Defendants are asserting that they relied on the advice of their counsel in submitting tax refund applications to SKAT, and, in order to pursue this defense, they have waived attorney-client privilege and work product protection.[3] In particular, Defendants assert they relied on the advice of attorneys at Kaye Scholer LLP, including Michael Ben-Jacob, who is a defendant in 39 actions in this multi-district litigation. SKAT alleges that Mr. Ben-Jacob participated in Defendants' fraud and his deposition is scheduled in a week's time—on June 22 and 23.

    To support their advice-of-counsel defense, Defendants sought and received from Kaye Scholer's successor firm, Arnold & Porter Kaye Scholer LLP, the entire "Ex-Dividend Trades" file concerning the engagement on which they purportedly relied, including internal Kaye Scholer

---

1. The "Defendants" are Jocelyn Markowitz, Richard Markowitz, Elizabeth van Merkensteijn, John van Merkensteijn, and pension plans and other entities which they controlled. The Defendants and the case numbers to which this motion relates are listed in Exhibit A hereto.

2. *See generally, e.g.*, *Skatteforvaltningen v. Avanix Management LLC Roth 401K Plan et al*, Case No. 19-cv-01867-LAK ECF No. 60 (S.D.N.Y). A copy of this complaint is attached hereto as Exhibit B.

3. Defendants first informed SKAT that they were asserting an advice-of-counsel defense in January 2021. In February, March, and April, they subsequently produced nearly 30,000 documents (totaling over 245,000 pages) that they had previously withheld as privileged.

communications, attorney notes, and draft memoranda. In producing documents to SKAT and since Defendants completed their productions in April, however, the Defendants failed to notify SKAT that—notwithstanding their broad agreement to waive privilege, and their representation that their production was complete—they were withholding internal Kaye Scholer communications, attorney notes, and draft memoranda. Indeed, in reviewing Defendants' extensive productions, SKAT identified a number (but by no means all) such internal Kaye Scholer documents, including certain internal memoranda and emails. The presence of some internal documents in Defendants' productions obscured the fact that Defendants were withholding other internal documents. Moreover, the internal documents Defendants did produce demonstrate the critical importance of such internal discussions, and the importance of Defendants making a full disclosure of the relevant materials in their possession.[4]

It was not until May 2021, when SKAT questioned the paucity of the internal materials in Defendants' productions, that Defendants disclosed withholding documents, which they then refused to produce, arguing that the documents are attorney work product, notwithstanding their waiver of privilege. The parties exchanged correspondence, and met and conferred on June 14, 2021, but were unable to resolve this dispute.

**The Kaye Scholer documents should be produced because they are not work product and, in any event, Defendants waived the work product protection.**

The Kaye Scholer documents do not qualify for work product protection, which requires showing, among other things, that the documents were "prepared in anticipation of litigation." *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 159 (S.D.N.Y. 2014); *see also Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, No. 13 CIV. 8997 JPO GWG, 2015 WL 3450045, at *6 (S.D.N.Y. May 28, 2015) (the "burden of establishing that" documents "are protected by the work product doctrine rests with the party invoking its protection").

Defendants cannot make this showing because they engaged Kaye Scholer to help them in connection with their purported trading of shares and in submitting their applications to SKAT, a transactional purpose that was irrespective of any potential litigation. Courts have consistently denied the work product protection to documents "that would have been created in essentially similar form irrespective of . . . litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998); *see also Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 74 (S.D.N.Y. 2010) (to qualify for protection, documents must "be prepared 'because of' the prospect of litigation"); § 2024, 8 Fed. Prac. & Proc. Civ. § 2024 (3d ed.) ("[T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of the prospect of litigation*.") (emphasis added).

Defendants could not avail themselves of work product protection, in any event, because they waived any such protection. Indeed, Defendants stipulated to this Court's Orders pursuant to FRE 502(d), recording their waiver of privilege and limiting the waiver only with respect to Non-Parties.

---

4. ███████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
 In April 2021, the German government indicted Shah for this attempt to defraud the German exchequer. Karin Matussek, *A Hedge Fund, a Jewish School and $1.1 Billion in Cum-Ex Trades*, Bloomberg (April 23, 2011), https://bloom.bg/3iDPb6T.

See ECF Nos. 521, 593. Defendants failed to disclose that, despite their waiver, they were continuing to withhold certain internal Kaye Scholer documents. This failure is particularly prejudicial because the documents they are withholding are highly relevant to Mr. Ben-Jacob's deposition next week.

Defendants waived work product protection in order to invoke the advice-of-counsel defense. *See Pall Corp. v. Cuno Inc.*, 268 F.R.D. 167, 168 (E.D.N.Y. 2010) (ordering production of attorney work product where defendants put the advice of counsel at issue); *Datin v. M/V SEA QUEST, INC.*, No. CV 07-0963-JLS(LSP), 2009 WL 10725740, at *8 (S.D. Cal. June 18, 2009) (ordering production of an attorney's entire engagement file); *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 649 (S.D.N.Y. 2019) ("a party may be deemed to have waived privilege or work product protection by asserting a defense of good faith reliance on counsel"). Accordingly, Defendants cannot withhold documents on a claim of privilege that they have waived.

The documents are relevant because (1) "if the advice rendered was in part oral, as in this case, there will inevitably be some question as to what the attorney actually told the client" and (2) because internal attorney communications are relevant to determining if the advice provided to a client was "reasonable," as is required for a defendant to succeed on its advice-of-counsel defense. *Matsushita Elecs. Corp. v. Loral Corp*, No. 92 CIV. 5461 (SAS), 1995 WL 527640, at *2 (S.D.N.Y. Sept. 7, 1995); *see also Datin*, 2009 WL 10725740, at *8 ("The only way Plaintiff can impugn Defendant's advice of counsel defense is by having access to the circumstances and factors surrounding the advice.") (citation and internal parentheses omitted).

Documents that Defendants did produce show that they received advice orally from Kaye Scholer that is nowhere to be found in their productions.



Documents discussing what Mr. Ben-Jacob and his colleagues knew are therefore highly pertinent both to what oral advice they provided the Defendants and to whether that advice was

---

5. Defendants' productions similarly evidence their concern about what they put in writing.

"reasonable." *See Matsushita*, 1995 WL 527640, at *2. Thus, the internal Kaye Scholer documents that SKAT seeks are highly relevant to Defendants' advice-of-counsel defense. In arguing that work product protection has not been waived, Defendants rely on the Federal Circuit's opinion in *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294 (Fed. Cir. 2006). In *EchoStar*, a patent infringement case, the court held protected "documents analyzing the law, facts, trial strategy, and so forth that reflect the attorney's mental impressions but were not given to the client," because it was what the "alleged [patent] infringer knew or believed … that informs the court of an infringer's willfulness." *Id.* at 1302, 1303. *EchoStar*, however, is readily distinguishable.

First, the documents at issue in *EchoStar* actually qualified for work production protection in the first place because the defendant's counsel prepared the documents during the pendency of the litigation. *Id.* at 1297 & n.2. The court was concerned that disclosure of counsel's trial and litigation materials would "chill the principles of our adversary system as a whole." *Id.* at 1305. Here, by contrast, Kaye Scholer is not trial counsel to any Defendant and its documents have nothing to do with trial or litigation strategy; as noted above, the firm prepared its documents to help Defendants in connection with their purported Danish trades so they could submit applications to SKAT.

Second, the *EchoStar* court acknowledged that "some parties" could communicate the content of internal materials "to the client confidentially in order to avoid disclosing that communication during potential discovery if and when the attorney-client privilege is waived," but held that mere "possibility" insufficient. *Id.* at 1305. In this fraud case, however, Defendants have already produced documents manifesting their concern to communicate by phone or in person, rather than in writing, about sensitive subjects such as "reclaims." Therefore, the "materials considered by the attorney in rendering that advice may be quite useful"—indeed essential—"in seeking to unearth the precise substance and scope of the attorney's advice," as well as in determining whether that advice was "reasonable." *Matsushita*, 1995 WL 527640, at *2.

Third, in *EchoStar*, the Defendants' attorney was not a defendant. Here SKAT alleges that Defendant Ben-Jacob participated in the scheme to defraud SKAT of hundreds of millions of dollars. The internal Kaye Scholer documents are highly relevant to SKAT's claims against Mr. Ben-Jacob. SKAT cannot discover what Mr. Ben-Jacob knew without disclosure of the internal materials that he saw at the time.

Finally, documents prepared in furtherance of a fraud do not qualify for work product protection. *See generally Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420 (S.D.N.Y. 2013). Accordingly, SKAT respectfully requests the Court grant its motion to compel and order the Defendants to produce the withheld documents no later than June 18, 2021, in light of the upcoming deposition of Mr. Ben-Jacob on June 22-23. But, in the event that the Court finds SKAT has not otherwise established a basis to order production of the entire Kaye Scholer "Ex-Dividend Trades" file concerning Defendants' refund applications, SKAT respectfully requests the opportunity to submit a full briefing to show why the crime-fraud exception applies here.

                   Respectfully submitted,

                   /s/ William R. Maguire
                   William R. Maguire

Cc: All counsel of record via ECF