WILMERHALE

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

VIA ECF

June 16, 2021

Honorable Robert W. Lehrburger
United States District Magistrate Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-02865-LAK

Dear Judge Lehrburger,

On behalf of the Defendants,[1] we respectfully submit this letter in opposition to SKAT's motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv).  *See* ECF No. 620 ("Mot.").

This is a case about American investors who purchased Danish securities and filed applications for dividend withholding tax refunds with the Danish tax authority (SKAT).  SKAT approved the applications, paid out billions in Danish kroner, and then sued, claiming that the applications were fraudulent.  An essential element of that claim is that Defendants acted with intent.  *See Eurycleia Partners, LP v. Seward & Kissel, LLP*, 910 N.E.2d 976, 979 (N.Y. 2009).  This element can be negated through "good faith and reasonable reliance on counsel."  *United Orient Bank v. Green*, 215 B.R. 916, 928 (S.D.N.Y. 1997), *aff'd*, 172 F.3d 38 (2d Cir. 1999).  Here, the Defendants received legal advice from law firms in the United States and Europe supporting their entitlement to the refunds they requested, and they relied upon that advice.  Accordingly, they have asserted an advice-of-counsel defense that, if successful, will defeat SKAT's fraud claim.

In support of that defense, Defendants have waived the attorney-client privilege over communications regarding the trading strategy, and have produced thousands of documents in support of an advice-of-counsel defense.  Specifically, they produced all communications with counsel on this subject matter during a specified time period *and* all of counsel's internal documents that reflect facts provided by the Defendants for the purpose of rendering legal advice or reflect communications with the Defendants rendering the advice.  The law requires nothing more.  After all, "[i]t is what the [client] knew or believed, and by contradistinction not what other items counsel may have prepared but did not communicate to the client, that informs the court of"

---

[1] We submit this letter on behalf of defendants listed in Exhibit A of SKAT's Letter Motion to Compel Defendants to Produce Documents.  Mot., Ex. A, ECF No. 620-1.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing Berlin Boston Brussels Denver Frankfurt London Los Angeles New York Palo Alto San Francisco Washington

WilmerHale

Hon. Robert W. Lehrburger
June 16, 2021
Page 2

the client's intent.  *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1303 (Fed. Cir. 2006).  No other documents are relevant, and no further productions are required.

### 1. Defendants Have Fully Complied With The Discovery Obligations Associated With The Advice-Of-Counsel Defense

On January 13, 2021, Defendants informed SKAT that they would be asserting an advice-of-counsel defense.  In February, Defendants began a series of rolling productions of materials in support of that defense.  Across nine productions sent to SKAT on February 1, 10, 24, and 25 2021, and March 9, 17, 18, and 19, 2021, Defendants produced nearly 30,000 documents, totaling nearly 245,000 pages.[2]  Defendants' productions included internal Kaye Scholer communications, notes, or memoranda that memorialized or otherwise reflected the facts obtained from the clients or the advice given to them, as required to support the defense.

Inexplicably, SKAT waited nearly three full months after Defendants substantially completed their productions—and just days before the scheduled deposition of a Kaye Scholer attorney, Michael Ben-Jacob—to complain that Defendants "failed to notify" SKAT that Defendants "were withholding internal Kaye Scholer communications."  Mot. 2.  Defendants have not obscured anything—Defendants told SKAT they were asserting the defense and told SKAT they would produce documents relevant to that defense.  That the parties disagree about what documents are relevant to the defense does not convert Defendants' diligent, good faith efforts into obfuscation.

SKAT also wrongly argues that the produced documents suggest that internal Kaye Scholer documents that were not produced must be "critical[ly] importan[t]."  Mot. 2.  The documents SKAT cites do not support this assumption.  For example, SKAT points to a September 4, 2013 email, in which Mr. Ben-Jacob scheduled a phone call in response to Defendants' request for a legal opinion.  Mot., Ex. E, ECF No. 620-5.  But this example only underscores the comprehensiveness of Defendants' productions.  Defendants produced the email correspondence surrounding this call between Kaye Scholer and Defendants, as well as multiple follow-up emails after the call with revisions to a Kaye Scholer memorandum.  *See, e.g.*, Ex. A (WH_MDL_00140642); Ex. B (WH_MDL_00140649).  In short, any suggestion of "critical importance" rings hollow, and anything relevant to the defense has already been produced.

### 2. The Documents Subject To This Motion Are Not Relevant To The Advice-Of-Counsel Defense

SKAT's motion assumes that Defendants are withholding all internal Kaye Scholer documents on the basis of the work product doctrine.  Mot. 1.  That is not correct.  As Defendants have explained

---

[2] Although SKAT is correct that Defendants "completed their productions in April" (Mot. 2), Defendants did so on April 5, 2021 when they produced 13 pages of notes reflecting Kaye Scholer's legal advice.

Hon. Robert W. Lehrburger
June 16, 2021
Page 3

WILMERHALE

to SKAT, their primary objection to SKAT's request for additional internal Kaye Scholer documents is based on relevance. *See* Ex. C (May 28, 2021 Email from Andrew Dulberg to John McGoey) ("Draft memoranda not shared with defendants are not relevant to the defense. Similarly, internal Kaye Scholer emails that do not reflect information provided by the clients or advice rendered by counsel also are not relevant to the defense."). To be sure, some Kaye Scholer files will also be protected from disclosure by the work product doctrine, but the critical point here is that internal Kaye Scholer documents that were never shared with Defendants and do not reflect communications with Defendants are not relevant to an advice-of-counsel defense.

SKAT says that *Matsushita Electronics Corp. v. Loral Corp.*, 1995 WL 527640, at *2 (S.D.N.Y. Sept. 7, 1995), supports the relevance of internal Kaye Scholer documents, but the court did not speak as broadly as SKAT suggests. Importantly, *Matsushita* did *not* compel the production of counsel's entire file—all it ordered was the production of "information and analyses defendants' counsel relied upon or considered in rendering the advice." 1995 WL 527640, at *3. Nor does it matter that *Matsushita* says that internal records may be relevant where advice was conveyed orally. *Id.* at *2. Defendants produced all documents reflecting any conversations with counsel, including—as SKAT's submission confirms—counsel's internal notes in advance of such calls (Mot. Ex. C) and counsel's readouts following calls (Mot. Ex. D). SKAT has also taken the depositions of three Kaye Scholer clients, each of whom testified about the advice they received, and SKAT has already deposed one former Kaye Scholer attorney. SKAT provides no explanation for why all of this discovery is somehow insufficient. The notion that *all* of Kaye Scholer's internal documents must be produced because *some* of their advice was delivered orally proves too much.

To be sure, *Matsushita* reasons that the reasonableness of the advice itself could be a factor in assessing the reasonableness of the client's reliance. 1995 WL 527640, at *2. But it is not necessary to "rummage through all of [counsel's] files" in order to test the reasonableness of the advice. *EchoStar*, 448 F.3d at 1303. In short, SKAT is wrong to suggest that the advice-of-counsel defense requires Defendants to produce all of their lawyers' files. The reasonableness of the advice and of Defendants' reliance on it can be assessed from the voluminous materials that Defendants have already produced.

SKAT's attempt to distinguish *EchoStar* is unavailing. There, the court did not allow discovery of the attorneys' internal documents and work papers that were not communicated to clients because those uncommunicated notes and opinions "obviously played no part in [the client's] belief" regarding its conduct. 448 F.3d 1294 at 1305. Courts within this Circuit have cited *EchoStar* with approval. *See, e.g.*, *Convolve, Inc. v. Compaq Computer Corp.*, 2008 WL 190588, at *1 (S.D.N.Y. Jan. 22, 2008) (ordering production of "all documents within the scope of the waiver as defined by *EchoStar*"); *NewRiver, Inc. v. Newkirk Prods., Inc.*, 2008 WL 5115244, at *2 (N.D.N.Y. Dec. 4, 2008) (noting that pursuant to *EchoStar*, the assertion of an advice-of-counsel defense "does not grant carte blanche the accuser's ability to rummage through all of the attorneys' files").

WILMERHALE

Hon. Robert W. Lehrburger
June 16, 2021
Page 4

The production of all of Kaye Scholer's internal correspondence is not relevant to an assessment of the reasonableness of the advice the firm rendered, which is itself relevant only to the extent it bears on the reasonableness of the client's reliance on that advice.[3] *See Thorn EMI N. Am., Inc. v. Micron Tech., Inc.*, 837 F. Supp. 616, 622 (D. Del. 1993) ("[c]ounsel's mental impressions, conclusions, opinions or legal theories are not probative of that state of mind unless they have been communicated to that client"). When a factfinder assesses whether a client reasonably relied upon legal advice, it is what the client knew that is relevant. *See EchoStar*, 448 F.3d at 1303; *NewRiver*, 2008 WL 5115244, at *4 ("[c]ounsel's knowledge and mental impressions that were not conveyed to the client have no bearing on" the reasonableness of the reliance on advice from counsel).

Defendants have produced the documents memorializing the information received from and legal advice rendered to the clients, which speak to the clients' state of mind. The documents that are "essential" to understanding the "substance and scope of the attorney's advice" in the context of the advice-of-counsel defense, Mot. 4, are precisely those documents that have already been produced. The fact that one of the attorneys at Kaye Scholer on whose advice Defendants relied is a defendant in this litigation is of no consequence to the present discovery dispute—the clients' "intent, not that of counsel, is the relevant issue." *Steelcase Inc. v. Haworth Inc.*, 954 F. Supp. 1195, 1198-99 (W.D. Mich. 1997).

Accordingly, Defendants respectfully request that the Court deny SKAT's motion to compel Defendants to produce documents that are not relevant to the advice-of-counsel defense. In the event that the Court grants the motion, SKAT's requested deadline for production by June 18, 2021 is unreasonable. The purported urgency here, to the extent there is any, is a function of SKAT's own delay, with nearly 90 days passing between Defendants' production and the filing of this motion. Moreover, Kaye Scholer's files would need to be carefully re-reviewed, as they include advice regarding other engagements unrelated to the subject of this litigation, and the volume—approximately 11,000 documents—cannot be reviewed overnight.

     Respectfully submitted,

*/s/ Sharon L. McCarthy*                  */s/ Alan E. Schoenfeld*
Sharon L. McCarthy                      Alan E. Schoenfeld
Kostelanetz & Fink LLP               Wilmer Cutler Pickering Hale and Dorr LLP

Cc:    All counsel of record (via ECF)

---

[3] Indeed, counsel's advice need not even be legally correct so long as reliance upon it was reasonable. As the Second Circuit has explained, the advice-of-counsel defense can apply "even if such advice were an inaccurate construction of the law." *United States v. Scully*, 877 F.3d 464, 477 (2d Cir. 2017).