

July 8, 2021

*Via ECF*
Honorable Lewis A. Kaplan, U.S.D.J.
United States Courthouse
500 Pearl Street, Courtroom 21B
New York, NY 10007

Re: <u>In re: Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Litigation, Docket No.: 18-cv-10088 Master Docket Number 18-md-2865 (LAK)</u>

Judge Kaplan:

I am counsel for Mr. Gregory Summers ("Mr. Summers"), the Acorn Capital Corporation Employee Profit Sharing Plan and the Acorn Capital Strategies, LLC Employee Pension Profit Sharing Plan and Trust ("the Plans") in the above-referenced litigation (the "Litigation"). Mr. Summers was served with a Notice of Deposition in the Litigation for testimony scheduled for July 26, 2021. Separately, Mr. Summers received a Subpoena on behalf of an entity that is not a party to the Litigation namely, Chartwell Trading, Inc. (the "Chartwell Subpoena").

We write to the Court in response to the Pretrial Order No. 24 dated June 16, 2021 and to seek the Court's guidance. At the outset of this Litigation, we asked the Court to allow us to sever or otherwise proceed independently in the District of New Jersey where the case was originated. There were a number of reasons to seek to be separated from the balance of the Defendants in the Litigation, but the primary reason was that Mr. Summers and the Plans participation in what has been referred to as "cum ex" trading or transactions has been the subject of inquiry and investigation in other countries. In that vein, Mr. Summers has received inquiries from various international governmental agencies, both civil and criminal, over the past nine (9) years. For example, the German taxing and other authorities, both civil and criminal, have identified Mr. Summers as someone who they perceive to have been involved in cum-ex trading or transactions that took place in Germany. The foregoing was reported in the New York Times and is a matter of public information. Mr. Summers has also received and responded to a series of domestic "Treaty Requests for Information" presented by foreign countries through each of the Internal Revenue Service Criminal and Civil Divisions and the Plans have been the subject of a number of purportedly independent domestic tax inquiries.

In the context of the proposed deposition of Mr. Summers and in the production of documents or further production of documents pursuant to the Notice of Deposition and the Chartwell Subpoena, I have expressed concerns to the Plaintiff's counsel about issues I identify with providing testimony or otherwise further participating in this proceeding as a Defendant in an MDL, as follows:

1. The Constitution of the Federal Republic of Germany provides that a foreign individual has a right in a proceeding before German tribunals to what amounts to be a "Fifth Amendment equivalent". Most other nations provide similar reciprocal rights. Those rights are compromised by any compelled testimony in this Litigation as the Plaintiff has expressed that they intend on asking about all and/or any of Mr. Summers' and the Plans' investment activity over the years in any jurisdiction. The Plaintiff has stated publicly that there is an active Danish criminal investigation surrounding the subject matter of this Litigation and the persons involved and that the Danish authorities are sharing information with other countries. This Litigation is not related formally to any other country's tax or other matters and as a result should not act to divest Mr. Summers of any of his rights. There is not a demonstrated need for any testimony or questioning beyond the scope of the claims presented in the Complaint and Amended Complaint. This Litigation is not a license to conduct an international fishing expedition. This is an MDL structured for the purpose of consolidating multiple parties' discovery only. This process cannot be used for international criminal discovery at the expense of individual rights; and

2. Certain Defendants in this Litigation are also potential persons of interest in other countries and could be, and perhaps are, identified as potential wrongdoers in those countries along with, or independent of, Mr. Summers. Some have provided sworn testimony adverse to Mr. Summers' interests. In the normal course, those persons would not know or be aware of any testimony or any dialogue that Mr. Summers may have had in any other jurisdiction or, potentially, have the opportunity to participate at any level in his underlying testimony in any proceeding. Mr. Summers has to have the ability to shield any testimony or the fact of any testimony from potential co-defendants and others.

SKAT has suffered a significant loss in the United Kingdom litigation. The bases articulated for the dismissal of the United Kingdom litigation by the High Court of Justice are premised upon the Revenue Rule, providing that the most appropriate arbiter of any country's domestic tax issues is that country and not a foreign jurisdiction. The claims asserted in the United Kingdom litigation are identical to the claims asserted in this Litigation.

The Defendants in this matter previously submitted a motion to dismiss this Litigation based upon the Revenue Rule. That Motion was denied, but the Court did not preclude any re-filing of that form of motion. This Litigation is couched in terms of fraud but is a tax-based claim. Simply put, the Plaintiff is the Danish tax agency seeking justice for lost tax benefits. If the claim is a tax-based claim, the likely event is that a motion to dismiss based upon the Revenue Rule and closely tracking the High Court of Justice opinion in the United Kingdom litigation will be filed at the conclusion of discovery. While we wait, Mr. Summers domestic and international



constitutional rights are forever compromised, and he subjects himself to potential international prosecutions all in the name of providing testimony in a case grounded in a claim that we know is likely without merit in the United States courts.

If this is a tax-based claim, we seek guidance and leave of court to file a dispositive motion, before any further discovery takes place, based entirely upon the law and the pleadings as they exist in this Litigation and in the United Kingdom litigation.

Alternatively, if this is a non-tax fraud claim as suggested by the pleadings, Mr. Summers and the Plans seek leave of court or permission to file a confidential form of motion to sever from the MDL and proceed in the District of New Jersey where the case was originated.

Thank you.

Respectfully,

John M. Hanamirian

cc: All Counsel of Record (via ECF)