UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND          18-md-2865 (LAK)
LITIGATION

This paper applies to:    18-cv-10088 (LAK)
------------------------------------x

**PRETRIAL ORDER NO. 25**
(*Sommer* Motion)

LEWIS A. KAPLAN, *District Judge.*

        By letter dated July 8, 2021, defendant Gregory Sommers seeks leave to file (1) a dispositive motion, before any discovery takes place, based on the revenue rule, or (2) "a confidential form of motion to sever from the MDL and proceed in the District of New Jersey where the case was originated." Dkt 638.

        1.    Mr. Sommers does not require leave to file any dispositive motion whenever he wishes. But the implicit request to stay discovery pending the filing and disposition of any such motion is without merit. This Court already has ruled, on the record then before it, that the claims in this MDL are not precluded by the revenue rule. *In re SKAT Tax Refund Scheme Litig.*, 356 F. Supp.3d 300 (S.D.N.Y. 2019). Mr. Sommers has not even attempted to show that the likelihood of a different result is sufficiently high to warrant staying discovery.

        2.    The case against Mr. Sommers was transferred to this Court for consolidated or coordinated pretrial proceedings by the Judicial Panel on Multidistrict Proceedings (the "Panel") pursuant to 28 U.S.C. § 1407. The same statute further provides that "[s]uch coordinated or consolidated pretrial proceedings *shall* be conducted by a judge or judges to whom such actions are assigned by the" Panel. *Id.* § 1407(b). It does not grant the transferee judge any power to sever transferred cases from the multidistrict litigation or to transfer them to a transferor court or courts. Even if this Court had the authority to grant the relief sought, it would not do so, as there is no persuasive reason for it. In any case, no sufficient basis has been shown for filing any such motion in "confidential form."

        Mr. Sommer makes a number of assertions in his letter that are immaterial to the disposition of his claims for relief and so need not be discussed in any detail. It notes, however, that he had not complied with Fed. R. Civ. P. 44.1, which governs the raising of issues of foreign law in U.S. civil cases, nor provided any evidence of the foreign law to which he refers. And his assertion that he "has to have the ability to shield any testimony or the fact of any testimony from

2

potential co-defendants and others" is utterly unsubstantiated.

       The Court treats Mr. Sommers' letter of July 8 as a letter motion. The motion is denied in all respects. Insofar as it denies leave to file motions, the denial is solely on the ground that leave is not required. And for the avoidance of any doubt, discovery is not stayed in any respect. Mr. Sommers is obliged to comply with his obligations.

       SO ORDERED.

Dated:     July 13, 2021

                                       _____
                                       Lewis A. Kaplan
                                       United States District Judge