

# HANAMIRIAN LAW FIRM
## MAIN STREET TO WALL STREET

July 15, 2021

*Via ECF*
Honorable Lewis A. Kaplan, U.S.D.J.
United States Courthouse
500 Pearl Street, Courtroom 21B
New York, NY 10007

      Re:    <u>In re: Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Litigation, Docket No.: 18-cv-10088
Master Docket Number 18-md-2865 (LAK)</u>

Judge Kaplan:

      We write to the Court consistent with Pretrial Orders No. 25 and 26 dated July 13, 2021, to respond to Plaintiff's Letter Motion to Compel. In that Motion to Compel, the Plaintiff does not articulate any need for testimony or production of documents beyond that which falls within the scope of this litigation. Rather, the basis for the Motion to Compel is merely identified as a failure to respond on the part of Mr. Summers. The spoken and written dialogue with Plaintiff's counsel, however, has not been a failure to respond, stonewalling or any other lack of cooperation as suggested, but rather has surrounded efforts to accommodate and balance the needs of each party. Any suggestion to the contrary is the easy assertion to prompt the Court's ire.

      The brief history is that Mr. Summers expressed the following concerns to Plaintiff's counsel:

> *1. The Constitution of the Federal Republic of Germany provides that a foreign individual has a right in a proceeding before German tribunals to what amounts to be a "Fifth Amendment equivalent". Most other nations provide similar reciprocal rights. Those rights are compromised by any compelled testimony in this Litigation as the Plaintiff has expressed that they intend on asking about all and/or any of Mr. Summers' and the Plans' investment activity over the years in any jurisdiction. The Plaintiff has stated publicly that there is an active Danish criminal investigation surrounding the subject matter of this Litigation and the persons involved and that the Danish authorities are sharing information with other countries. This Litigation is not related formally to any other country's tax or other matters and as a result should not act to divest Mr. Summers of any of his rights. There is not a demonstrated need for any testimony or questioning beyond the scope of the claims*



*presented in the Complaint and Amended Complaint. This Litigation is not a license to conduct an international fishing expedition. This is an MDL structured for the purpose of consolidating multiple parties' discovery only. This process cannot be used for international criminal discovery at the expense of individual rights; and*

*2. Certain Defendants in this Litigation are also potential persons of interest in other countries and could be, and perhaps are, identified as potential wrongdoers in those countries along with, or independent of, Mr. Summers. Some have provided sworn testimony adverse to Mr. Summers' interests. In the normal course, those persons would not know or be aware of any testimony or any dialogue that Mr. Summers may have had in any other jurisdiction or, potentially, have the opportunity to participate at any level in his underlying testimony in any proceeding. Mr. Summers has to have the ability to shield any testimony or the fact of any testimony from potential co-defendants and others.*

Plaintiff and Defendant exchanged phone calls and email in an effort to reach a compromise regarding the foregoing and the scope of any questioning of Mr. Summers. We have proposed an understanding to allow Mr. Summers during the course of a deposition to confer with counsel and assert the Fifth Amendment as needed for questioning both outside the scope of the Denmark transactions and otherwise. In exchange, Mr. Summers would agree to extend the time of any deposition to up to ten (10) hours of testimony. We did not receive a commitment from Plaintiff's counsel in that regard and accordingly, filed what the Court now identifies as the Letter Motion dated July 8, 2021.

This Court has ordered that Mr. Summers is "obligated to comply with his obligations". Mr. Summers understands this Court's Orders and will abide their terms. In the context of document production obligations, Mr. Summers has provided documents responsive to Plaintiff's requests for production and will abide his further obligations, if they exist. In the context of providing sworn oral testimony and any parameters thereto, we will abide the Court's further order.

Thank you.

Respectfully,

John M. Hanamirian

cc:   All Counsel of Record (via ECF)