

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

BY ECF

Honorable Lewis A. Kaplan                                July 21, 2021
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
KaplanNYSDChambers@nysd.uscourts.gov

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

      We write on behalf of all parties to provide to the Court, pursuant to the Court's June 16, 2021 Pretrial Order No. 24, the parties' jointly submitted status report on foreign actions related to these MDL proceedings. This report describes civil litigation involving SKAT pending in England, Denmark, Canada, Dubai, and Malaysia. With the exception of certain administrative appeals pending in Denmark, none of the Defendants in this MDL is a party to any of the foreign litigation.[1] Where applicable, the parties have indicated their separate assessment of the impact of these actions on the timing and resolution of this litigation.

England

      SKAT filed suit in England against 110 defendants asserting that it had been induced by false representations, over a three-year period from August 2012 to July 2015, to pay out 12.5 billion Danish kroner that it was not liable to pay. The defendants include Sanjay Shah, Solo Capital Partners LLP, and certain US pension plans, among others. The court held a four-day "Revenue Rule Trial" in March 2021, in which the court heard argument and evidence on the preliminary issue of whether SKAT's claims, as alleged, "offend against 'Dicey Rule 3', which states that: *English courts have no jurisdiction to entertain an action: (1) for the enforcement, either directly or indirectly, of a penal, revenue or other public law of a foreign State; or (2) founded upon an act of state* (Dicey, Morris & Collins on the Conflict of Laws, 15th Ed., para 15R-019)."

      On April 27, 2021, the High Court of Justice dismissed all of SKAT's claims based on Dicey Rule 3. That decision is attached as Exhibit A.

---

1. As set forth below, ED&F Man Capital Markets Ltd. ("ED&F Man"), a third-party defendant in this action, is a party to the UK proceedings.

SKAT sought leave to appeal the dismissal on two grounds: (1) that the High Court of Justice wrongly concluded that Dicey Rule 3 precluded SKAT's claims ("Ground 1"), and (2) that the High Court of Justice wrongly rejected SKAT's argument that the Brussels Regulation (recast), (EU) No 1215/2012 of 12 December 2012 (the "Brussels Regulation") rendered Dicey Rule 3 inapplicable as to those defendants (including ED&F Man) who were domiciled in the United Kingdom or the European Union ("Ground 2"). SKAT did not seek to appeal the High Court of Justice's decision that its claims against ED&F Man are inadmissible by virtue of Dicey Rule 3 (Revenue Rule).

On May 6, 2021, the High Court of Justice denied SKAT's request for leave to appeal on Ground 1 but granted SKAT's request for leave to appeal on Ground 2. SKAT thereafter renewed its application for leave to appeal on Ground 1 to the Court of Appeal, which application is still pending.

On May 11, 2021, the High Court of Justice ruled that the defendants were entitled to recover their reasonable costs on an indemnity basis. That decision is attached as Exhibit B.

It is SKAT's position that the only issue in the English proceedings that may have an impact on the setting of an efficient schedule in the MDL proceeding is ED&F Man's continued assertion of privilege over certain documents that are subject to SKAT's pending motion to compel (ECF No. 335), which issue was the subject of correspondence with this Court dated May 17, 19 and 25, 2021.

Defendants disagree. It is ED&F Man's position that awaiting resolution of the privilege question by the English courts will in no way impact the setting of an efficient schedule in the MDL proceeding. SKAT has asserted no claims against ED&F Man in this matter, and even in the English actions, where SKAT has brought claims against ED&F Man, SKAT does not allege that ED&F Man perpetrated, facilitated or received the proceeds of the alleged fraud. The privileged documents at issue—including legal reports provided to ED&F Man by outside counsel and privileged communications with ED&F Man's regulator—are of no relevance to SKAT's allegations against the defendant pension plans and have no bearing at all on the kinds of threshold issues (*e.g.*, the applicability of the Revenue Rule) that are likely to be the subject of summary judgment briefing in the coming year.[2]

Denmark

    A.    Foreign Administrative Appeals

185 of the plan/group trust defendants in the MDL filed complaints with the Danish Tax Tribunal concerning SKAT's decision to revoke prior reclaim payments. Of those:

- 59 plans/group trusts withdrew their complaints;

---

2. SKAT has represented to this Court that resolution of its appeal before the English courts is expected in the coming winter. *See* May 17, 2021 Letter from Marc A Weinstein.

- The Danish Tax Tribunal upheld SKAT's decision in 115 of the cases;[3] and
- Eleven cases remain pending before the Danish Tax Tribunal.

In three cases, the plan/group trust appealed the Danish Tax Tribunal's decision to the Danish High Court. One such appeal has since been withdrawn, and the other two remain pending.

It is SKAT's position that the administrative appeals, whether pending before the Danish Tax Tribunal or the Danish High Court, should not impact the MDL schedule. SKAT maintains that Defendants' suggestion to stay the MDL proceedings based on the administrative appeals of two of the MDL defendants in Denmark is unfounded and inconsistent with the Court's prior rulings.

It is Defendants' position that the resolution of these cases by the Danish Tax Tribunal and the Danish High Court could have a significant impact on this litigation. If these courts conclude that SKAT improperly revoked previously approved reclaim payments, that could mean that as a matter of Danish law, SKAT is not entitled to seek repayment of the funds it is seeking in this MDL. To allow that question of Danish law to first be resolved in Denmark, Defendants suggest that this Court stay these cases after the conclusion of fact discovery in order to allow the Danish courts to resolve the questions of Danish law and mitigate or eliminate the possibility of inconsistent judgments.

B.  Suit Against Canadian Pension Plan and International Banks

In December 2018, SKAT filed suit in Danish court against a Canadian pension plan to which SKAT had previously paid hundreds of millions of kroner in dividend withholding tax reclaims. In 2020, SKAT also sued eight international banks that had participated in dividend arbitrage transactions involving Danish securities on behalf of the Canadian pension plan defendant.

In SKAT's view, these cases are factually and legally distinct from the claims filed against the Defendants in the MDL. Specifically, SKAT alleges in the Canadian pension suit that the shares in question existed and the dividends were received, whereas in the MDL cases SKAT alleges that the plans never owned the shares they purported to own or received any dividends. Unlike the proceedings in other foreign jurisdictions, the defendants in the cases concerning the 400,000 member Canadian pension did not participate in the scheme alleged in the MDL. It is SKAT's position that the suit against the Canadian pension plan and the international banks should not impact the MDL schedule. SKAT maintains that Defendants' suggestion to stay the MDL proceedings until the resolution of distinct claims filed in 2018 against unrelated defendants is unfounded.

It is Defendants' position that, as with the other Danish proceedings, this case will provide Danish courts with the opportunity to evaluate the unique issues relating to the legality under Danish law of dividend arbitrage trading in Danish securities. The cases in Denmark,

---

3.  SKAT will provide the Court the Danish Tax Tribunal's decisions should it so request.

just like the cases in this MDL, represent efforts by SKAT to recover reclaims paid out to a pension plan based on its participation in dividend arbitrage trading and the plan's assertion that it was the beneficial owner of Danish securities. The only way to avoid the risk of inconsistent judgments by this Court and the Danish courts is to stay this case pending the resolution of SKAT's lawsuit in Denmark.

      C.      <u>Suit Against Bech-Bruun</u>

SKAT has also brought suit in Denmark against the Danish law firm Bech Bruun for claims arising out of advice that firm provided to a German bank, North Channel Bank, with respect to contemplated transactions involving reclaims of dividend withholding tax in Denmark. That case is scheduled to go to trial in 2022, and the parties do not anticipate that it will impact the MDL schedule.

<u>Canada</u>

Proceedings in Canada were commenced in September 2020, and on April 6, 2021, the Superior Court of Justice of Ontario issued an order transferring the case to the "Commercial List," a division of the Court based in Toronto comprised of judges with experience managing complex commercial litigation. The claims remain pending and should not impact the MDL schedule.

<u>Dubai</u>

SKAT commenced proceedings against various individuals and entities in the Dubai on-shore court. Certain claims remain pending in the Court of First Instance, and the main claim against Sanjay Shah is being considered at the appellate level. The Dubai Court appointed a panel of experts for the cases both in the Court of First Instance and at the appellate level. A procedural defect resulting from the lack of consolidation in the claims that were initially brought meant that the main claim against Sanjay Shah could not be presented in the time and by the method required by the Court, so that the claim was initially dismissed in the Court of First Instance. However, these issues were addressed on appeal, and the main substantive claim against Shah and others is being heard by the courts. There is also a claim against Usha Shah in the Court of Cassation.

SKAT also commenced proceedings in the Dubai International Financial Centre ("DIFC"), which is an independent jurisdiction whose laws are written in English and is largely based on English common law. By agreement of the parties to those proceedings, those claims were stayed pending resolution of the claims/appeals in England.

Certain defendants in those proceedings have moved to prevent parties in all jurisdictions, including in the United States, from using materials obtained from Elysium Global (Dubai) Limited and Elysium Properties Limited pursuant to orders of the DIFC Court, based on the dismissal of SKAT's claims in England; that motion is scheduled to be heard on August 4, 2021. SKAT has produced millions of documents from Elysium to the defendants in the MDL, has introduced many exhibits from those documents at depositions in the MDL, and

both parties have performed considerable analysis of the various records from Elysium. Of the millions of documents that SKAT has produced to the Defendants in this MDL, more than 98% represent the production of documents obtained from the Elysium entities.

It is SKAT's position that should the Dubai court prevent the parties in the global proceedings from further using the documents, such a ruling could impact the MDL proceedings. The Dubai proceedings otherwise should not impact the MDL schedule. SKAT maintains that any stay of expert discovery or dispositive motions is premature based on the remaining fact discovery to be completed in this case, and unwarranted.

Defendants reiterate that they are not parties to the litigation in Dubai or DIFC, and note that they were completely unaware of any potential limitation on the parties' ability to rely upon documents SKAT has produced in this case until SKAT shared its draft of this joint submission on July 9, 2021. Given the significance of the documents obtained from the Elysium entities, Defendants urge this Court to stay expert discovery and dispositive motion practice until such time as the DIFC courts resolve the question of whether documents from the Elysium entities may be used in this litigation. SKAT concedes that "many" of these documents have been used "at depositions in the MDL," and they are likely to be important inputs to expert analysis and key sources at summary judgment. It would be unfortunate (to put it mildly) and a substantial waste of Defendants' limited resources—and of the Court's time and attention—to continue litigating the case based on troves of documents that the parties may be precluded from using.

<u>Malaysia</u>

On June 13, 2018, SKAT commenced a civil suit by way of a writ action against 67 Defendants in the Labuan High Court ("the Main Action"). The named Defendants in the Main Action consist of 24 Labuan Companies – which submitted the refund applications to SKAT – and the Labuan Companies' respective directors, authorized representatives, shareholders, and appointed Labuan Trust Companies. On November 24, 2020, the Court of Appeal of Malaysia found, among other things, that the Revenue Rule has no application to SKAT's claims.[4] The defendants' application to the Federal Court of Malaysia to appeal the Court of Appeal's decision is pending. No trial date has been set for the case. The proceedings in Malaysia should not impact the MDL schedule.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

cc:   All counsel of record (via ECF)

---

4. SKAT will provide the Court the Court of Appeals of Malaysia's decision should it so request