# Exhibit C



Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

February 12, 2021

**VIA EMAIL**

Alan E. Schoenfeld
WilmerHale
7 World Trade Center
250 Greenwich Street
New York, New York 10007

> Re:   *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-02865-LAK (S.D.N.Y.)

Dear Alan:

We write in response to defendants' January 27, 2021 discovery letter.

<u>Defendants' Proposal To Extend The Discovery Deadline Even Further</u>

We cannot agree to Defendants' proposal to extend the fact discovery deadline to July 31, 2021, a proposal at odds with Defendants' prior actions and positions in this case.

On February 26, 2020, the parties jointly proposed a case management schedule that required the completion of fact discovery by December 15, 2020. At the time, the parties did not anticipate the onset or impact of COVID-19, and as a result, the discovery schedule has slipped past December 15, 2020, largely to accommodate repeated requests by your clients to delay depositions. While COVID-19 was an unknown at the time, SKAT's objections to various discovery demands were well known by Defendants. SKAT served objections to defendants' first and second set of document requests on April 8, 2019 and February 18, 2020, respectively. Defendants never moved to compel production in response to any of SKAT's objections.

On November 13, 2020, Defendants served a broad notice for a 30(b)(6) deposition to take place on December 22 and 23, 2020, and on December 14, 2020, Defendants proposed a new discovery cutoff of May 15, 2021. In light of the breadth of topics identified in the 30(b)(6) notice, SKAT subsequently proposed that the 30(b)(6) deposition take place in mid-March. Plaintiffs insisted that the deposition take place much earlier, in January 2021. To partially accommodate defendants' request for an earlier date, on January 6, 2021, SKAT proposed February 25 for the deposition of Lisbeth Rømer, and March 4 for the deposition of Christian Ekstrand, SKAT's designated 30(b)(6) witness. SKAT also proposed extending the discovery cutoff date to May 30, two weeks longer than Defendants' May 15 proposal, to permit Defendants sufficient time to complete discovery after the March 4th 30(b)(6) deposition. Now, Defendants contend that a May 30 cutoff date, which was more generous than Defendants' own May 15 proposal, is somehow "unworkable." Defendants also contend that deposition dates of February 25 (for

February 12, 2021                                                                                                               2

Rømer) and March 4 (for Ekstrand) are "unworkable." During the three weeks it took Defendants to respond to those proposed dates, Defendants apparently reversed course, now deciding that it is more advantageous to them to push the depositions into the future by months.

Defendants' primary justification for their purported inability to take the Rømer and Ekstrand depositions as proposed, and their request to push the fact discovery cutoff back to July 31, is that Defendants must wait for English translations of SKAT's Danish language documents to be produced in SKAT's English proceedings and then subsequently to Defendants here. This is a delay entirely of defendants' own making. Defendants have had the large majority of SKAT's Danish-language documents for many months, and some for up to 18 months. With those documents in hand, Defendants could have obtained translations on their own dime, either by engaging translators or contracting for machine-language translations, the same machine-language translations to be used in England. Defendants chose not to do so. Or the Defendants could have sought an order compelling machine-language translations to be generated, with some form of cost-sharing at the very least, as was done in the English proceedings. Defendants chose not to pursue that either. Now Defendants want a freebie, demanding that SKAT produce the translations to be generated by United Language Group ("ULG") for the English proceeding, while refusing to share any costs. Worse, defendants want to delay depositions and extend the discovery cutoff for many months in order to take advantage of the translations paid for by SKAT and the English defendants. Defendants' strategic choices are not a proper basis to seek such an extended delay in the U.S. proceedings at this late date. While SKAT is amenable to postponing the Rømer and Ekstrand depositions for a short period of time and can work with counsel on convenient dates, we will not agree to pair such a postponement with an extension of fact discovery past May 30.

SKAT's Objections to Defendants' Third Set of Document Requests

Each issue raised concerning SKAT's Responses and Objections to Defendants' Third Set of Document Requests (the "Responses") is meritless.

First, your focus on SKAT's general objection to producing documents outside the period January 1, 2012 to June 15, 2015 is a red herring. While we disagree entirely with the arguments previewed in your letter about the relevance of documents dating back to 2003, which we note you seem to be able to articulate despite not having access to free translations of Danish documents, you fail to take account of SKAT's agreement to produce certain requested documents and categories of documents notwithstanding our objections to their relevance. For example, as noted in SKAT's Responses, SKAT will produce the 2006 document referred to as the "Problemkatalog" in Request No. 1, notwithstanding that the document pre-dates the refund claims at issue in this litigation by seven years. SKAT has similarly agreed to produce the English translations in its possession identified in Request No. 4, regardless of the date of the underlying Danish document. Request No. 5 concerns translations produced in foreign courts. As a result, the time restriction does not impact these requests. As a general matter, however, SKAT disputes the relevance of events dating as far back as 2003, more than nine years before your clients started submitting fraudulent refund applications to SKAT, or that extending discovery back that far comports with any definition of reasonableness.

Second, Defendants' characterization of a "continued failure" to produce the "Problemkatalog" is disingenuous, as SKAT served its written objections and responses to defendants' third set of document request only weeks ago. SKAT is producing that document, and an English translation of it, today. Defendants' request to produce "all versions and drafts" of this 2006 document, and all communications concerning it, is oppressive and unduly burdensome. With respect to SKAT's purported "failure" to produce English translations of two internal audit reports and one additional document referenced in SKAT's October 22, 2020 letter, SKAT does not possess such translations to produce. We note,

February 12, 2021                                                                                                            3

however, that the additional document identified from SKAT's October 22, 2020 letter contains five words in Danish, one of which, "dato" with a series of dates below, should be self-explanatory.

      Third, with respect to English translations generated by ULG for the English proceedings, such translations have not yet been generated, much less produced. The English court order requires the defendants in that proceeding to share the costs of such translations, just as any U.S. court would require of the Defendants if they had chosen to raise the issue with the Court at any time in the past 18 months during which Defendants have been in receipt of Danish documents. Indeed, the cases cited in your letter demonstrate the point. *See Nature's Plus Nordic v. Natural Organics, Inc.*, 274 F.R.D. 437 (E.D.N.Y. 2011) (noting that a party cannot impose the costs of translating foreign documents on the producing party); *In re Air Crash Disaster*, 1996 WL 684434 (E.D. Nov. 19, 1996) (referencing earlier order that "defendants are not compelled to translate documents that are not already translated, and plaintiffs must pay defendants half the cost of any translation produced"). Instead, the U.S. Defendants now seek a free ride and a lengthy delay on top of it.[1] Moreover, it is our understanding that a contract has not even been finalized among the parties to the English proceeding and the vendor, so the request to delay our proceedings to wait for translations from that vendor is open-ended.

      Finally, SKAT's objection to collecting and producing documents in the possession of other arms of the Danish government is not a new objection. Rather, SKAT has asserted that objection in each of its responses to Defendants' various document demands, including the objections served on the Defendants in April **2019**. SKAT's arguments regarding its standing to sue in this case are an entirely different matter from whether SKAT can and must collect and produce documents from various arms of the Danish government. Moreover, as SKAT has advised the Defendants repeatedly, the Bech-Bruun production includes documents from the Ministry of Taxation. Thus, it appears the Defendants are more interested in causing SKAT to waste time, money and effort to collect and review documents from the Ministry of Taxation to determine whether any non-duplicative and responsive documents exist. *See, e.g.*, *In re Int'l Bus. Machines Corp. Sec. Litig.*, 163 F.3d 102, 111 (2d Cir. 1998) (affirming district court's ruling limiting discovery that was burdensome and "only minimally relevant"). Nevertheless, SKAT will agree to produce non-duplicative documents from Jens Brøchner, for whom SKAT proposed a deposition date of March 24. As noted previously, SKAT has no authority to collect and produce documents from SØIK. SKAT has requested that SØIK provide relevant documents, and to the extent SØIK provides any such documents, SKAT will produce them.

                                                                                             Regards,

                                                                                         /s/ *Marc A. Weinstein*
                                                                                         Marc A. Weinstein

---

[1] The January 13, 2021 email from Caroline Ciraolo questions how cost-sharing by the U.S. Defendants would make the process fairer in the English proceeding. SKAT intends to reduce the costs to SKAT and the English defendants equally upon contribution by the U.S. defendants.