# Exhibit D

## WILMERHALE

**VIA EMAIL**

January 27, 2021

Marc Weinstein
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

   Re: *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-02865-LAK (S.D.N.Y.)

Dear Marc:

I write in response to our phone call of January 21, 2021 regarding the scheduling of depositions, as well as in response to SKAT's January 11, 2021 responses and objections to Defendants' third requests for production and SKAT's partial production in response to those requests.

During our January 21 phone call, you proposed that we set the close of fact discovery for May 30, 2021. Based on our current understanding of the timing and volume of SKAT's forthcoming document productions, that timing will not work. In particular, we learned last week that SKAT is under an order in the UK to translate all Danish documents produced in that case and that the translation effort involves over 50,000 documents. We further learned that SKAT intends to produce those translations in this case at or near the end of February. If we are misinformed, please correct us; but based on the timing and volume of that production—and the long delay in providing any English-language documents in this case—a May 30 date to complete fact discovery is not workable.[1] We further understand that SKAT is planning to make at least two additional productions of Bech Bruun documents at dates yet to be determined. With troves of responsive documents yet to be produced—and weeks away from being produced—it is not realistic to conclude fact discovery in May.

In light of these forthcoming productions, the proposed dates for depositions of Lisbeth Romer and SKAT (through Christian Ekstrand)—February 25 and March 4, respectively—are likewise unworkable. Based on our understanding, Defendants will not have received, or at best will only very recently have received, SKAT's large productions of translations, assuming those productions are timely made. Defendants cannot be expected to take depositions of two key witnesses prior to or mere days after receiving tens of thousands of potentially relevant documents. Delaying these depositions will also help avoid the possibility that Defendants will need to take their depositions twice. We can tentatively agree to set Jens Brochner's deposition

---

[1] We address below SKAT's (baseless) request that Defendants in this litigation bear some of the cost of SKAT's compliance with an order from a court in the United Kingdom, which Defendants will not indulge.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

**WILMERHALE**

Marc Weinstein
January 27, 2021
Page 2

for March 24 given his scheduling difficulties but reserve our right to postpone depending on the timing of SKAT's productions.

On our call, you shared your view that the current SKAT employees we have asked to depose are unlikely to have relevant information, and you suggested that we wait until after the depositions of Romer and Ekstrand to evaluate whether Defendants need to take additional testimony. While we do not share your view of these witnesses, we understand your position. That, however, only underscores the need to move the close of discovery back further. Based on your proposed date of May 30, you believe that the parties will need about three months from the date of the 30(b)(6) deposition to complete discovery. If Mr. Ekstrand's deposition moves tentatively to April (assuming that SKAT has completed its productions), then the parties should take three months from April—until the end of July 31, 2021—to complete discovery. In the meantime, in order to ensure that we are able to achieve even that ambitious schedule, we request dates on which the remaining SKAT witnesses could be deposed between April and July. Please provide those dates at your soonest convenience and let us know SKAT's position on the proposed schedule.

Moving now to SKAT's objections to Defendants' third set of requests for production. These need to be resolved—either between the parties or with the Court—before we settle on a suitable date for the close of fact discovery. *First*, SKAT's objection to the time period is unfounded. The Requests seek records from January 1, 2003 to the present, but SKAT has only offered to produce documents from January 1, 2012 to June 15, 2015. Discovery covering the time period from January 1, 2003 to the present is clearly relevant, and bears directly on multiple of Defendants' affirmative defenses, including without limitation its statute of limitations, assumption of risk, failure to mitigate, and contributory negligence defenses. Defendants have reason to believe that SKAT blindly refunded dividend taxes for at least a decade prior to 2015, that this fact was known at the highest levels of the Danish government, and that Danish authorities consistently declined to implement controls designed to improve SKAT's ability to evaluate dividend tax reclaim applications. Discovery dating back to 2003 will help establish who knew what and when. The requested documents will confirm the variety of remedial actions proposed over the ten years leading up to the alleged discovery of fraud in June 2015, and the responses to those proposals. This discovery will demonstrate why, in the face of ever-increasing dividend reclaim tax submissions, more attention was not given to the basic need for SKAT to verify independently the ownership of stocks associated with reclaim applications or confirm whether dividend taxes had in fact been withheld with respect to such shares.

Perhaps on the basis of this objection, SKAT has failed to produce the critical document known as "the Problemkatalog," which SKAT employees prepared in 2006. Having previously agreed to produce the Problemkatalog, SKAT's continued failure to do so in response to Defendants' third set of requests for production is alarming. SKAT should also produce all versions and

WILMERHALE

Marc Weinstein
January 27, 2021
Page 3

drafts of the Problemkatalog, all documents concerning actions taken in response to the Problemkatalog, and all communications concerning the Problemkatalog. Contrary to SKAT's objection that Requests 1, 2, and 3 "seek[] information not relevant to any party's claims or defenses," each of these documents is relevant to multiple affirmative defenses.

*Second*, SKAT's refusal to search for and produce relevant information or documents in the possession of any other agency of the Danish government is unacceptable. SKAT has maintained throughout this litigation that it is coextensive with the Kingdom of Denmark, and for that reason shares in any benefit owing to the Kingdom. *See* SKAT's Mem. of Law in Opp. to Defs.' Mot. to Dismiss at 1, ECF No. 158 (asserting that "SKAT is not a separate legal entity, distinct from the Kingdom of Denmark"); *id.* at 2, 5, 6, 7, 8 (same). It necessarily follows that documents in the possession, custody, or control of any agency or instrumentality of the Kingdom are in the possession, custody, or control of SKAT. Accordingly, SKAT is obligated to conduct a reasonable search in the files of any agency or instrumentality of the Kingdom that is likely to have responsive documents, including but not limited to the Ministry of Taxation and SOIK, and to produce those documents to Defendants.

*Third*, Request No. 5 asked for any English translations SKAT has produced in foreign proceedings. SKAT has repeatedly refused to produce these translations absent a commitment from Defendants to share in any associated fees. This objection does not have any merit and finds no support in the law. SKAT is under court order in the United Kingdom to obtain translations of certain documents, and Defendants in these proceedings have no obligation to help SKAT comply with that order. Once the translated documents are in SKAT's possession, SKAT must produce them in response to the Requests. *See Nature's Plus Nordic A/S v. Nat. Organics, Inc.*, 274 F.R.D. 437, 439 (E.D.N.Y. 2011). In short, "if a responding party to discovery has translations to the foreign documents produced, then it must produce the translated documents as well." *Id.* at 440; *see also Hui Qin Wang v. Jian Ping Yao*, 2013 WL 2304180, at *1 (E.D.N.Y. May 17, 2013); *In re Air Crash Disaster Near Warsaw, Poland on May 9, 1987*, 1996 WL 684434, at *2 (E.D.N.Y. Nov. 19, 1996). SKAT offers no authority in support of its demand, and has not even responded to Defendants' email of January 13, 2021 explaining that SKAT must produce the translated documents in its possession.

*Fourth*, SKAT's production in response to this set of document requests omits critical information. In addition to SKAT's failure to produce the Problemkatalog and related documents (described above), SKAT also did not produce English translations of—among many other documents—two internal audit reports (SKAT_MDL_001_00280953 and SKAT_MDL_001_00281008), and SKAT_MDL_001_00364913, which was identified in the October 22, 2020 letter. These were all requested in Request No. 4. SKAT must produce these documents.

WILMERHALE

Marc Weinstein
January 27, 2021
Page 4


Defendants consider these exceedingly well-ventilated issues regarding SKAT's objections now exhausted. If we have misstated SKAT's position, please let us know immediately.

Sincerely,


*/s/ Alan E. Schoenfeld*
Alan E. Schoenfeld