**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX
REFUND SCHEME LITIGATION

MASTER DOCKET

18-md-2865 (LAK)

This document relates to:     18-cv-09797
                              18-cv-09841

---

**THIRD-PARTY PLAINTIFFS DARREN WITTWER AND ROBERT CREMA'S**
**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR**
**RECONSIDERATION/CLARIFICATION OF THE COURT'S**
**ORDER GRANTING ED&F MAN'S MOTION TO DISMISS**

K&L Gates LLP
John C. Blessington
Brandon R. Dillman
Michael R. Creta
John L. Gavin
One Lincoln Street
Boston, MA  02111
617.261.3100

*Attorneys for Darren Wittwer and*
*Robert Crema*

Pursuant to Federal Rule 60(a) and Local Rule 6.3, Defendants/Third-Party Plaintiffs Darren Wittwer ("Wittwer") and Robert Crema ("Crema") respectfully submit this memorandum of law in support of their motion (i) seeking reconsideration/clarification of the Court's Memorandum Opinion granting ED&F Man Capital Markets Ltd.'s ("ED&F") motion to dismiss Wittwer's and Crema's Third-Party Complaints (dated October 26, 2021, Dkt. No. 666) (the "October 26 Order")[1]; (ii) vacating the October 26 Order to the extent the order dismissed Wittwer's and Crema's Third-Party Complaints; and (iii) granting such other and further relief as this Court may deem just and proper.[2]

## BACKGROUND

Wittwer and Crema, along with Acer Investment Group LLC ("Acer"), filed Third-Party Complaints against ED&F on January 29, 2021.  Their Third-Party Complaints assert third-party claims for fraud, negligent misrepresentation, breach of fiduciary duty, promissory estoppel and unjust enrichment, and equitable indemnification against ED&F.  ED&F filed two separate motions to dismiss each of the Third-Party Complaints filed by Wittwer and Crema.  ED&F also filed a motion to dismiss Acer's Third-Party Complaint.  ED&F argued in each motion that it was not subject to personal jurisdiction, that the claims were inappropriate third-party claims under Rule 14 and Utah state law, and that the claims were not sufficiently pled under Rule 12(b)(6).  The parties briefed the issues presented in ED&F's motions to dismiss, and the Court issued an order granting each motion to dismiss on October 26, 2021.

---

[1] "Third-Party Complaints" refers to the Third-Party Complaints filed by Wittwer and Crema against ED&F Man.

[2] Undersigned counsel has asked counsel for ED&F whether counsel would assent to the relief sought by Wittwer and Crema's motion.  ED&F's counsel has maintained that there is no need for reconsideration or clarification in the October 26 Order.

In the October 26 Order, the Court concluded that Acer's Third-Party Complaint had insufficient allegations concerning ED&F's connections with the forum states—Utah, Pennsylvania, and New York.  *See* October 26 Order, at 15–18.  The Court also granted Acer the opportunity to file a motion for leave to amend.  *Id.*

In regards to Wittwer and Crema, however, the Court determined that they had sufficiently alleged ED&F's connections with the forum state to allow the Court to exercise personal jurisdiction over ED&F.  *Id.* at 13 ("The Court therefore cannot conclude as a matter of law that jurisdiction is lacking with respect to the complaints of Wittwer and Crema").  The Court also concluded that Wittwer's and Crema's third-party claims were permissible under Rule 14 and that Utah state law does not bar any Wittwer's and Crema's third-party claims.  As with Acer, the Court declined to address ED&F's Rule 12(b)(6) arguments for the time being "in light of the Court's decision to allow [Acer] to move for leave to amend its jurisdictional allegations."  *See* October 26 Order, at 26.

Despite all this, the Court appears to have nevertheless granted ED&F's motions to dismiss with respect to Acer *and* Wittwer and Crema.  The October 26 Order concludes:

> ED&F's motions to dismiss the third-party complaints by Darren Wittwer, Robert Crema, and Acer Investments Group . . . are granted.  Wittwer, Crema, and Acer's third-party complaints are dismissed without prejudice to motions for leave to file amended third-party complaints, copies of which shall be submitted along with any such motion, on or before November 29, 2021.

October 26 Order, at 26.

## ARGUMENT

A motion for reconsideration under Federal Rule 60(a) and Local Rule 6.3 is appropriate where the moving party can point to "matters . . . that might reasonably be expected to alter the conclusion reached by the court."  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021)

(quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019)).  Such matters include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."  *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)).

Wittwer and Crema respectfully submit that the Court should reconsider and/or clarify the October 26 Order on the basis of a clear error.  The Court's October 26 Order contains analysis and conclusions that provide no basis for the Court's decision to grant ED&F Man's motion to dismiss with respect to Wittwer and Crema.  ED&F argued four separate grounds for the Court to dismiss the third-party complaints of Wittwer, Crema, and Acer.  Specifically, ED&F Man argued that that (i) the Court lacked personal jurisdiction over it, (ii) that the third-party claims asserted by Witter, Crema, and Acer were not proper under Rule 14, (iii) that Utah law barred some or all of the third-party claims asserted by Witter, Crema, and Acer, and (iv) that the third-party claims were not adequately pled under Rule 12(b)(6).

The Court addressed the first three arguments in turn, and concluded that none of them warranted dismissal of Wittwer's and Crema's Third-Party Complaints.  With respect to ED&F's personal jurisdiction argument, the Court noted "[t]he Court cannot conclude as a matter of law that jurisdiction over ED&F is lacking with respect to the complaints of Wittwer and Crema." October 26 Order, at 13.  Similarly, addressing ED&F Man's Rule 14 argument, the Court concluded "[Wittwer and Crema]'s claims for fraud, negligent misrepresentation, breach of fiduciary duty, promissory estoppel and unjust enrichment are properly asserted in this action." *Id.* at 23.  With respect to ED&F's arguments based on Utah third-party practice, the Court also concluded that Rule 14 allowed the third-party claims notwithstanding any aspect of Utah law.  *Id.* at 23–26.  Finally, at least for the time being, the Court declined to consider ED&F's Rule 12(b)(6)

3

arguments concerning the Third-Party Complaints in light of its decision to allow "the parties" to move for leave to amend.  *Id.* at 26.

Notwithstanding the fact that the Court found no fault with Wittwer's and Crema's pleading, however, the Court (a) granted ED&F's motion to dismiss their Third-Party Complaints and (b) dismissed Wittwer's and Crema's claims with leave to amend.  The Court did so without specifying any deficiencies in Wittwer's and Crema's Third-Party Complaints.  Indeed, the *only* deficiency identified by the Court in any of the third-party complaints filed by Wittwer, Crema, and Acer was in *Acer*'s pleading—a deficiency that the Court explained was largely "academic." *Id.* at 15.

Reconsideration/clarification of the October 26 Order is therefore warranted to correct a clear error due to the fact that the Court did not find any deficiencies with Wittwer's and Crema's Third-Party Complaints but nevertheless dismissed them.  Nothing in the order supports granting ED&F's motion to dismiss as to Wittwer and Crema or warrants a motion to amend by them. Alternatively, if the dismissal of Wittwer's and Crema's claims is maintained without explanation as to the reasons for dismissal, Wittwer and Crema will suffer manifest injustice in that they will not have a meaningful opportunity to address, through amendment, the issues that caused their complaints to be dismissed.

## CONCLUSION

For the foregoing reasons, Wittwer and Crema respectfully request that the Court issue an order (i) pursuant to Federal Rule 60 and Local Rule 6.3, granting reconsideration/clarification of the October 26 Order; (ii) vacating the October 26 Order to the extent it granted ED&F's motion to dismiss Wittwer's and Crema's third-party complaints; and (iii) granting such other and further relief as this Court may deem just and proper.

November 9, 2021                    Respectfully submitted,

                                   K&L GATES LLP


                                   */s/ John C. Blessington*
                                   John C. Blessington (*pro hac vice*)
                                     john.blessington@klgates.com
                                   Brandon R. Dillman (*pro hac vice*)
                                     brandon.dillman@klgates.com
                                   Michael R. Creta (*pro hac vice*)
                                      michael.creta@klgates.com
                                   John L. Gavin (*pro hac vice*)
                                      john.gavin@klgates.com
                                   K&L GATES LLP
                                   State Street Financial Center
                                   One Lincoln Street
                                   Boston, MA  02111
                                   T: 617.261.3100
                                   F: 617.261.3175

                                   *Attorneys for Third-Party Plaintiffs Darren Wittwer
                                   and Robert Crema*