# Exhibit 2

**Findley, Rosaline**

| | |
|---|---|
| **From:** | Woodard, Arthur |
| **Sent:** | Tuesday, February 08, 2011 11:55 AM |
| **To:** | Findley, Rosaline |
| **Subject:** | FW: Call with Client Tomorrow |
| **Attachments:** | US state of play_FAO Argre_2Feb2011.docx; Germany Article 10 Dividends.doc; Germany Article 27 Exempt Organizations.doc |

JOHN VAN MERKENSTEIJN
EXHIBIT 2110
04 - 20 - 2021

\* \* \* \*

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Ben-Jacob, Michael
**Sent:** Monday, February 07, 2011 3:03 PM
**To:** Woodard, Arthur
**Cc:** Tuchman, Louis
**Subject:** Call with Client Tomorrow

Woody,

My clients, Matt Stein and Jerome LHote (and possibly more of their partners) would like to have a call tomorrow regarding a tax arbitrage transaction that they are contemplating that would involve a pension fund or charitable organization. Are you available tomorrow morning before 10am to participate?

By way of background:

The contemplated transaction is an ex-dividend play that would take advantage of certain loopholes in German tax law and permit our clients to receive a tax refund from the German government for taxes that they did not in fact pay. Here is how it works (and I admit to not having a full grasp of all the details): clients invest in (or borrow) shares in a German company shortly before (16 days or more so they can get US foreign tax credits, if necessary) the company declares a dividend and sell their holdings in the German company shortly after the dividend declaration date. Because the clients were the beneficial owners of the shares on the dividend declaration date, they are entitled to payment of the dividend.

Under the German tax rules, corporations are taxed at a rate of about 30% on corporate earnings. In order to ameliorate somewhat the impact off double taxation of shareholders due to the corporate form, Germany permits German resident shareholders to claim a German tax credit for a portion of the German income tax paid by the German corporation. Ordinarily, non-German residents are not permitted to claim this German tax credit.

Under Article 3(b) of the US-German tax treaty, Germany cannot tax the dividends of a German company if such dividends are paid to a US pension fund as defined in paragraph 11 of that Article. It seems that the same rule applies to charitable organizations pursuant to Article 27 of the Treaty. Thus, for pension funds and charities, the German withholding rate on dividends is zero.

But note that, as mentioned above, the German company has paid a tax in respect of the dividend amount for which a German resident shareholder would be able to claim a credit. While ordinarily this credit would not be available to a non-German resident, it seems that there is a way to structure the holdings so that the non-German resident (i.e., the

1

CONFIDENTIAL    WH_MDL_00335421

US pension fund or charity) can in fact claim the credit and a refund—in effect for tax that the charity/pension fund did not pay.

In order to qualify for the zero withholding rate, the dividends derived by the pension cannot be the result of trade or business activity. For the charity, the dividend income must be a tax exempt item (i.e., not UBTI).

I attach for your information a brief note prepared by the promoter of the transaction explaining very broadly how the transaction might work. I also attach for your convenience Articles 10 and 27 of the Treaty.

Questions that I know will be asked tomorrow:

1. Do we think that the dividend would be UBTI to the charity?
2. Do we think that a 401(k) or other similar "pension" plan that can be easily set up, controlled, and administered, would meet the definition of a "pension" within the meaning of the Treaty?

Obviously, the client understands that our conversation and conclusions tomorrow would be on a preliminary basis.

Please let me know your availability.

Please bill time to Argre Management.

mbj

Michael Ben-Jacob
Kaye Scholer LLP
425 Park Avenue
New York, New York, 10022
Phone: 212-836-8310
Fax: 212-836-6310
email: michael.ben-jacob@kayescholer.com

CONFIDENTIAL

WH_MDL_00335422