# Exhibit 4

**Farrell, Gregory**

| | |
|---|---|
| **From:** | McGoey, John |
| **Sent:** | Tuesday, June 8, 2021 6:49 PM |
| **To:** | Dulberg, Andrew S. |
| **Cc:** | Maguire, Bill; Weinstein, Marc A.; Oxford, Neil; Schoenfeld, Alan E; Sharon McCarthy; Pilcer, Julia C; Nicholas Bahnsen; Caroline Ciraolo |
| **Subject:** | RE: SKAT Discovery |
| **Attachments:** | SKAT Requests for Documents re Dividend Arbitrage Transactions.pdf |

Counsel,

Please see our responses on items 1 and 4 below. We will respond separately regarding TIC and FBAR forms.

1. Documents relating to the Broadgate Fund, the Ezra Academy of Queens, and Duet Asset Management are relevant to your clients' understanding of dividend arbitrage and their relationship with Solo Capital. The documents bear directly on your clients' state of mind and the reasonableness of their purported belief that the dividend refund applications submitted on their behalf reflected actual trading. To resolve any issue of responsiveness, we attach document requests that specifically call for these documents.

4. We disagree with your statement regarding the law applicable to your clients' waiver. Your justification for not producing internal Kaye Scholer memoranda and communications – that such materials were not shared with your clients – has been considered and rejected by courts as an adequate basis for withholding documents: "Defendants argue, in substance, that materials and information not communicated to the client are not relevant to an assessment of the advice-of-counsel defense. . . This argument is unpersuasive for two reasons." Attorney work product is relevant because (1) "if the advice rendered was in part oral, as in this case, there will inevitably be some question as to what the attorney actually told the client" and (2) because internal attorney communications are relevant to determining if the advice provided to a client was "reasonable," as is required for a defendant to succeed on its advice-of-counsel defense. *See Matsushita Elecs. Corp. v. Loral Corp*, No. 92 CIV. 5461 (SAS), 1995 WL 527640, at *1-2 (S.D.N.Y. Sept. 7, 1995).

These two points apply equally to your clients' assertion of the advice-of-counsel defense. Email correspondence shows numerous phone calls between attorneys at Kaye Scholer and your clients. For example, in September 2013, Mr. Ben-Jacob scheduled a call with Mr. Markowitz to explain why his firm was unable to provide a written opinion that "would be of any real value" on matters relating to Danish refunds. (WH_MDL_00296098.) Any documents discussing the contents of this call are highly pertinent to what advice your clients received and whether that advice was reasonable.

In addition to being relevant to the claims against your client, internal Kaye Scholer memoranda and communications are also clearly relevant to SKAT's claims against Michael Ben-Jacob. Since your clients have waived privilege with respect to these documents, and because they are relevant to SKAT's claims against multiple defendants, we request that you produce them as soon as possible.

Given that Mr. Ben-Jacob's deposition is less than two weeks away, prompt resolution of these issues is necessary. Please let us know when you are available this week to meet and confer.

Best,
John

**From:** Dulberg, Andrew S. <Andrew.Dulberg@wilmerhale.com>
**Sent:** Friday, May 28, 2021 10:30 AM
**To:** McGoey, John <john.mcgoey@hugheshubbard.com>
**Cc:** Maguire, Bill <bill.maguire@hugheshubbard.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Oxford, Neil <neil.oxford@hugheshubbard.com>; Schoenfeld, Alan E <Alan.Schoenfeld@wilmerhale.com>; Sharon McCarthy <smccarthy@kflaw.com>; Pilcer, Julia C <Julia.Pilcer@wilmerhale.com>; Nicholas Bahnsen <nbahnsen@kflaw.com>; Caroline Ciraolo <cciraolo@kflaw.com>
**Subject:** RE: SKAT Discovery

**CAUTION: This email was sent by someone outside of the Firm.**

1

Counsel,

Our responses to your email below follow.

1. In response to SKAT's document requests, Defendants have not produced documents relating to transactions involving Ezra Academy of Queens, the Broadgate Fund, and Duet Asset Management. None of those transactions involve Danish securities. They are not responsive to SKAT's requests (subject to Defendants' objections), and Defendants do not intend to produce them.

2. We have produced more than 600 TIC forms. If you believe any such forms are "missing" from our production, please identify them.

3. We have identified two additional FBAR forms for the period 2012-2016 that we did not previously produce. We will produce them before the close of fact discovery.

4. Our production of documents in support of our advice of counsel defense is not incomplete. Consistent with applicable law, we produced all documents reflecting facts provided to counsel for the purpose of rendering legal advice related to dividend arbitrage trading, and all documents reflecting advice rendered by counsel. Draft memoranda not shared with defendants are not relevant to the defense. Similarly, internal Kaye Scholer emails that do not reflect information provided by the clients or advice rendered by counsel also are not relevant to the defense. To the extent Kaye Scholer provided our clients with emails or memoranda addressing questions posed by our clients (within the scope of the waiver), we produced them.

Regards,

Drew

**Andrew S. Dulberg | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6352 (t)
+1 617 526 5000 (f)
andrew.dulberg@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** McGoey, John <john.mcgoey@hugheshubbard.com>
**Sent:** Thursday, May 20, 2021 3:07 PM
**To:** Sharon McCarthy <smccarthy@kflaw.com>; Schoenfeld, Alan E <Alan.Schoenfeld@wilmerhale.com>; Caroline Ciraolo <cciraolo@kflaw.com>; Nicholas Bahnsen <nbahnsen@kflaw.com>; Pilcer, Julia C <Julia.Pilcer@wilmerhale.com>; Dulberg, Andrew S. <Andrew.Dulberg@wilmerhale.com>
**Cc:** Maguire, Bill <bill.maguire@hugheshubbard.com>; Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; Oxford, Neil <neil.oxford@hugheshubbard.com>
**Subject:** SKAT Discovery

**EXTERNAL SENDER**

Dear counsel,

We write to follow up regarding a number of documents missing from your clients' productions. While your clients have produced some documents related to some the following categories, these productions appear incomplete.  Each of these categories of documents is relevant to the case and responsive to SKAT's documents requests:

1.      Documents related to transactions involving Ezra Academy, the Broadgate Fund, and Duet Asset Management.  (We understand that some of these documents predate the period of our requests, but they have been the subject of testimony by witnesses and are within the period that the Court has held relevant with respect to other specific discovery issues.)

2.      All Treasury International Capital System (TIC) forms for all plans for calendar years 2012 through 2015.

3.      All Reports of Foreign Bank & Financial Accounts (FBAR) for all plans for calendar years 2012 through 2016

In addition, in support of their advice-of-counsel defense, your clients have waived attorney-client privilege and produced correspondence between your clients and Kaye Scholer LLP.  These productions also appear incomplete.

First, the productions lack drafts of the various memoranda prepared by Kaye Scholer for your clients.

Second, your clients' productions to date include very few internal communications among Kaye Scholer attorneys or employees.  Given the amount of work the firm was performing for your clients, we would expect a much higher volume of internal correspondence.

Third, your clients have produced an August 2, 2013 memorandum that lists various questions posed by your clients and others to Kaye Scholer.  (WH_MDL_00223633).  The productions to date, however, do not include emails or memoranda that address all the questions, including, (i) "What are the plan qualification requirements of Section 401 of the Code and do the plans qualify as tax exempt under the Code? (WH_MDL_00223636) and (ii) questions listed in Section C of the memorandum, especially those related to the Investment Advisors Act (WH_MDL_00223638).

Please let us know if you will search for and produce the above categories of documents; if you are withholding them on relevance grounds or because you believe them non-responsive to SKAT's document requests, and/or if you have not received them from Arnold & Porter.  We are available at your convenience to discuss.

Best,
John

**John McGoey** | Counsel

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza, 16th floor |  New York |  NY 10004-1482
Office +1 (212) 837-6776 | Cell +1 (917) 714-4796 | Fax +1 (212) 299-6776

john.mcgoey@hugheshubbard.com | bio

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.