# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to 19-cv-01781; 19-cv-01783; 19-cv-01785; 19-cv-01791; 19-cv-01792; 19-cv-01806; 19-cv-01808; 19-cv-01812; 19-cv-01815; 19-cv-01870; 19-cv-01922; 19-cv-01926; 19-cv-01929; 19-cv-10713; 19-cv-01867; 19-cv-01868; 19-cv-01869; 19-cv-01895; 19-cv-01896; 19-cv-01898; 19-cv-01904; 19-cv-01906; 19-cv-01911; and 19-cv-01924. | Master Docket 18-md-02865 (LAK)<br>ECF Case |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO SKAT'S REQUESTS FOR PRODUCTION OF DOCUMENTS RELATED TO DIVIDEND-ARBITRAGE TRANSACTIONS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Jocelyn Markowitz, Richard Markowitz, Avanix Management LLC, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, and the Routt Capital Trust ("Defendants") in the above-captioned actions (the "Actions") by and through the undersigned counsel, hereby set forth their Objections and Responses to Plaintiff SKAT's Requests for Production of Documents Related To Dividend-Arbitrage Transactions (the "Document Requests" or "Requests").

These objections and responses are based upon information reasonably available and specifically known to Defendants and their attorneys as of the date of service. Defendants reserve the right to supplement, amend, modify, or correct their objections and/or responses after

considering information obtained through further investigation.  No response made herein, or lack thereof, shall be deemed a statement by Defendants as to the existence or non-existence of any information.  Defendants' responses herein are not intended to convey agreement with any factual assumptions, definitions, implications or any explicit or implicit characterization of facts, events, circumstances or issues in the Requests, and are without prejudice to any rights to dispute facts and legal conclusions assumed in the Requests.

## GENERAL OBJECTIONS

1. Defendants' General Objections, as set forth herein, are continuing and apply to each specific definition, instruction, and request for production, whether or not the General Objections are referenced in the specific response.  Defendants' objections herein shall not waive or prejudice any further objections Defendants may later assert.  The absence of a particular General Objection from a specific response should not be construed as a waiver of that objection.

2. Defendants object to these Requests on the grounds that they are untimely.  SKAT has known about the Broadgate Funds, Ezra Academy, Duet, and the Memorandum of Understanding for years, and it repeatedly insisted—and obtained Defendants' agreement—that fact discovery would close on June 30, 2021.  Defendants comported themselves accordingly, making sure to serve any final discovery requests before the end of May 2021.  Nevertheless, SKAT served these document requests on June 8, 2021, making responses and objections thereto due after June 30, 2021.  Fed. R. Civ. P. 34(b)(2)(A).  The Requests are therefore served too late.

3. Defendants object to these Requests on the grounds that they seek discovery that is cumulative and duplicative of documents that have already been produced in this case.  SKAT

is already in possession of voluminous documents and information relating to the Broadgate Funds, Ezra, Duet, and the Memorandum of Understanding.

4. Defendants object to these Requests on relevance grounds. This case is about trading in Danish securities. These Requests seek documents and information related to trading in German or Belgian securities. They are not relevant to any party's claim or defense and not proportional to the needs of the case.

5. Defendants' responses are based solely on facts reasonably known to Defendants at the time of these responses and objections. Defendants reserve the right to supplement, amend, or otherwise modify these responses. Defendants also reserve the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight, or inadvertence.

6. Apart from documents within the scope of the waiver in connection with Defendants' assertion of an advice-of-counsel defense, Defendants object to these Requests to the extent that they purport to seek production of documents protected from disclosure by any privilege or immunity, including the attorney-client privilege, the attorney work product protection, or any other privilege, immunity, principle, doctrine, or rule of confidentiality. Defendants further state that if any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection, a waiver of Defendants' right to object to the use of such material in any proceeding, or a waiver of Defendants' right to demand that Plaintiff return such material.

7. Defendants object to these Requests to the extent that they seek to impose obligations on Defendants in excess of those set forth in the Federal Rules of Civil Procedure,

the Local Rules, the Individual Practices of this Court, and/or any other applicable rule or court order.

8.  To the extent a Request requires the disclosure of sensitive personal information, confidential business information, information contractually or legally obligated to keep confidential, or provided or maintained subject to an agreement to keep confidential, or other category given confidential status by the Court, Defendants' response shall be subject to the parties' Revised Amended Stipulated Protective Order Governing Confidentiality of Discovery Materials, entered on November 6, 2020.  Defendants object to these Requests to the extent they seek the confidential, proprietary, or personal information of a third party, the disclosure of which is not permitted by reason of contract, privacy laws, or any other binding legal obligation.

9.  Defendants object to these Requests to the extent they seek information or documents that are not relevant to any claim or defense in this litigation and not relevant to any party's claim or defense.  To the extent Defendants provide information or documents in response to these Requests, Defendants do not concede that the information or documents are relevant to this action or admissible in evidence.

10. Defendants object to these Requests to the extent they seek information or documents that are unreasonably cumulative or duplicative, already in the possession of Plaintiff or of Other Defendants, primarily or exclusively within Plaintiff's knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties or sources, including in other fora or pursuant to agreement.

11. Defendants object to these Requests to the extent any regulatory body, governmental agency, or governmental entity (domestic or foreign) objects to the production of

documents potentially responsive thereto unless and until the relevant regulatory bodies referenced in the request have had an adequate opportunity to assert, and the Court has resolved, any objections the regulatory bodies may have to the requested production.

12. Defendants object to these Requests to the extent that production of the requested documents and information in the United States is barred by foreign or domestic laws, including but not limited to bank secrecy laws and data privacy laws. Defendants further object to Plaintiff's Requests to the extent that they seek to circumvent the provisions of the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (the "Convention") and/or any other applicable convention or treaty by calling for discovery of documents and information without utilizing the Convention and/or any other applicable convention or treaty with respect to documents that may be located in countries that are signatories to the Convention and/or any other applicable convention or treaty.

13. Defendants object to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent they purport to impose an obligation on Defendants to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found. Subject to the objections stated, any search to be conducted by Defendants would be of the readily accessible and centrally located files of individuals whom they reasonably believe may have relevant documents.

14. To the extent Defendants respond to these Requests, it does not waive Defendants foregoing General Objections or the specific objections asserted below. Defendants expressly reserve: (a) Defendants' right to object to the admissibility of any information disclosed herein on the grounds of competency, privilege, relevancy, hearsay, or any other proper ground;

(b) Defendants' right to object to the use of any information disclosed herein for any purpose, in whole or in part, in any proceeding in this action or in any other action; (c) Defendants' right to object on any and all proper grounds to any discovery request or motion relating to the subject matter of these Document Requests consistent with the Federal Rules of Civil Procedure, the Local Rules, and the Individual Practices of this Court; and (d) Defendants' right to supplement their responses to these Document Requests should further investigation or discovery disclose additional information.

15. Defendants object to the Requests to the extent that they seek documents not in their actual possession, custody or control.

16. Defendants are willing to meet and confer regarding the Requests.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

1. Defendants object to the Instructions, and each individual Instruction contained therein, to the extent they do not provide any limit on the identity or number of custodians or physical or electronic locations with respect to which a search for responsive, non- privileged documents, to the extent any exist, should be conducted.

2. Defendants object to Instruction 3 to the extent it seeks production of documents and information that is not relevant to the subject matter of this proceeding, which concerns Danish dividend withholding tax refunds, nor is reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to Instruction 5 insofar as it renders all of the Requests overly broad, unduly burdensome, and not proportional to the needs of the case.

4. Defendants object to Instruction 15 insofar as the time period January 1, 2008 to December 31, 2016, exceeds the bounds of the period of time during which Defendants engaged in trading in Danish securities.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

### REQUEST NO. 1:

*All documents and communications related to the Broadgate Funds.*

### RESPONSE TO REQUEST NO. 1:

Defendants incorporate their General Objections above as if fully set forth herein. Defendants object to this Request as untimely, overly broad and unduly burdensome. Defendants object to this request as seeking information or documents that are not relevant to any claim or defense in this litigation, and not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks information or documents that are not in Defendants' possession, custody, or control.

Defendants will not produce information or documents in response to this Request.

### REQUEST NO. 2:

*All documents and communications related to Ezra Academy.*

### RESPONSE TO REQUEST NO. 2:

Defendants incorporate their General Objections above as if fully set forth herein. Defendants object to this Request as untimely, overly broad and unduly burdensome. Defendants object to this request as seeking information or documents that are not relevant to any claim or defense in this litigation, and not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks information or documents that are not in Defendants' possession, custody, or control.

Defendants will not produce information or documents in response to this Request.

**REQUEST NO. 3:**

*All documents and communications related to Duet.*

**RESPONSE TO REQUEST NO. 3:**

Defendants incorporate their General Objections above as if fully set forth herein. Defendants object to this Request as untimely, overly broad and unduly burdensome. Defendants object to this request as seeking information or documents that are not relevant to any claim or defense in this litigation, and not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks information or documents that are not in Defendants' possession, custody, or control.

Defendants will not produce information or documents in response to this Request.

**REQUEST NO. 4:**

*All documents and communications related to the Memorandum of Understanding.*

**RESPONSE TO REQUEST NO. 4:**

Defendants incorporate their General Objections above as if fully set forth herein. Defendants object to this Request as untimely, overly broad and unduly burdensome. Defendants object to this request as seeking information or documents that are not relevant to any claim or defense in this litigation, and not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks information or documents that are not in Defendants' possession, custody, or control.

Defendants will not produce information or documents in response to this Request.

**REQUEST NO. 5:**

*Other than documents and communications responsive to Requests 1, 2, 3 or 4, all documents and communications related to any contemplated or executed dividend-arbitrage transaction or strategy.*

- 9 -

**RESPONSE TO REQUEST NO. 5:**

Defendants incorporate their General Objections above as if fully set forth herein. Defendants object to this Request as untimely, overly broad and unduly burdensome. Defendants object to this request as seeking information or documents that are not relevant to any claim or defense in this litigation, and not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks information or documents related to "contemplated" transactions or strategies as not relevant to any claim or defense in this litigation and not relevant to any party's claim or defense. Defendants further object to this Request to the extent it seeks information or documents that are not in Defendants' possession, custody, or control.

Defendants will not produce information or documents in response to this Request.

Dated: July 8, 2021
      New York, New York

                                              <u>/s/ Alan Schoenfeld</u>
                                              ALAN E. SCHOENFELD
                                              WILMER CUTLER PICKERING
                                                 HALE AND DORR LLP
                                              7 World Trade Center
                                              250 Greenwich Street
                                              New York, NY 10007
                                              (212) 937-7294
                                              alan.schoenfeld@wilmerhale.com

*Attorney for Defendants Jocelyn Markowitz, Richard Markowitz, Avanix Management LLC, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, and Routt Capital Trust*

- 10 -