# Exhibit 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>SKAT TAX REFUND SCHEME LITIGATION<br><br>This document relates to all cases | Master Docket 18-md-02865 (LAK)<br>ECF Case |

**VAN MERKENSTEIJN DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF SKAT'S REQUESTS FOR PRODUCTION OF DOCUMENTS RELATED TO DIVIDEND-ARBITRAGE TRANSACTIONS**

Defendants John van Merkensteijn, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Omineca Pension Plan, Omineca Trust, Starfish Capital Management LLC 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Michelle Investments Pension Plan, Remece Investments LLC Pension Plan, and Xiphias LLC Pension Plan (collectively, the "Van Merkensteijn Defendants" or "Defendants"), by and through undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Civil Rule 26.3 of the Local Rules of the Court ("Local Civil Rules"), respond to Plaintiff SKAT's Requests for Production of Documents Related to Dividend-Arbitrage Transactions (the "Requests") in the above-identified actions.

These objections and responses are based upon information reasonably available and specifically known to the Defendants and their attorneys as of the date of service. Defendants reserve the right to supplement, amend, modify, or correct their objections and/or responses after considering information obtained through further investigation. Defendants further reserve the

1

right to use or rely on, at any time, subsequently discovered and produced information omitted from these responses and objections as a result of mistake, error, oversight, or inadvertence.

## GENERAL OBJECTIONS

Defendants assert the following general objections with respect to each and every request:

1. Defendants object to all definitions, instructions and Requests to the extent that they require the disclosure of (i) information subject to the attorney-client privilege; (ii) information subject to the work product doctrine; or (iii) information that is otherwise privileged and/or protected from disclosure. Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection from discovery is not intended and should not be construed or deemed to constitute a waiver, either generally or specifically, in whole or in part, with respect to such material or the subject matter thereof. Documents within the scope of the waiver of attorney-client privilege occasioned by Defendants' assertion of an advice of counsel defense are excepted from the foregoing.

2. Defendants object to all definitions, instructions, and requests to the extent that they impose obligations different from or beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, and/or the prior orders of the Court.

3. Defendants object to all definitions, instructions, and Requests to the extent that they call for the production or identification of information that is not relevant to the subject matter of the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to all definitions, instructions, and Requests to the extent that they seek disclosure of information that is overly broad, unreasonably cumulative and/or duplicative and/or is obtainable from other sources that are more convenient, less burdensome, or less expensive.

5.      Defendants object to any request to the extent it seeks production of documents or communications created or sent outside the period of time during which the Claims were submitted to SKAT, or the Refunds paid.  Unless otherwise stated herein, the relevant period (the "Period at Issue") is January 1, 2012 to May 22, 2015.

6.      Defendants object to any request to the extent it seeks publicly available information or information that is already in the possession, custody or control of Plaintiff.

7.      Defendants object to the Requests to the extent they seek documents not in Defendants' possession, custody or control.

8.      Nothing in Defendants' answers and responses, at the time such are provided, shall be construed as an admission regarding the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization of any kind contained in the requests.

9.      Defendants incorporate by reference every general objection set forth above into each specific objection set forth below.  A specific objection may repeat a general objection for emphasis or other reason.  The failure to include any general objections in any specific objection does not waive any general objection to that request.  Further, Defendants do not waive their right to amend their objections.

10.     Defendants' decision to provide information notwithstanding the objectionable nature of a request, at the time such information is provided, should not be deemed an admission,

3

concession, or acquiescence as to any characterization contained in the request or the propriety or accuracy for the terminology used by Plaintiff therein. Defendants reserve the right to object to the use of such information at any hearing or trial in this litigation.

11. Defendants object to all of the Requests as untimely. By prior agreement between the parties, fact discovery closed on June 30, 2021. Prior to that date, Discovery in this matter had proceeded for nearly three years, and it proceeded with respect to the Listed Defendants, specifically, for nearly 2.5 years. Accordingly, SKAT is without authority to issue the Requests which call for responses outside the agreed-upon fact discovery period.

12. At the time responses are provided, Defendants reserve the right to supplement, amend, clarify or correct their responses and objections to the requests.

13. Defendants are willing to meet and confer regarding the Requests.

**SPECIFIC OBJECTIONS TO THE INDIVIDUAL REQUESTS FOR PRODUCTION**

**Request for Production No. 1:** *All documents and communications related to the Broadgate Funds.*

Response: Defendants object to Request No. 1 as overly broad, unduly burdensome, and not proportionate to the needs of the cases identified above. SKAT has, naturally, already asked for and received the documents directly related to Defendants' participation in the Trades, Dividends, Claims, or Refunds (as those terms have been defined in SKAT's prior requests for the production of documents) and which form the basis of SKAT's lawsuits against Defendants. As SKAT knows, the Broadgate Funds were an entirely separate investment opportunity and involved no Danish securities, no reclaims to SKAT, nor even any of the pension plans that are defendants in the above-identified cases. Neither is Request No. 1 limited to the Period at Issue; the Broadgate Fund was concluded years prior to the trades in Danish securities at issue in this matter. Any relevance of the documents sought by Request No. 1 to the claims or defenses of the parties here is at the absolute margins and cannot sustain SKAT's demand that Defendants expend significant resources after the close of the agreed-upon discovery deadline to produce documents that will further no material interest of any party to this litigation. Defendants will not search for or produce documents responsive to this Request.

4

**Request for Production No. 2:**  *All documents and communications related to Ezra Academy.*

Response:   Defendants object to Request No. 2 as overly broad, unduly burdensome, and not proportionate to the needs of the cases identified above for substantially the same reasons stated in response to Request No. 1, above.  SKAT is already in possession of the documents directly related to Defendants' participation in the Trades, Dividends, Claims, or Refunds, whereas the investment involving Ezra Academy was an entirely separate investment opportunity and involved no Danish securities, no reclaims to SKAT, nor any of the pension plans that are defendants in the above-identified cases.  Request No. 2 is also not limited to the Period at Issue.  Any relevance of the documents sought by Request No. 2 to the claims or defenses of the parties here is at the absolute margins and cannot sustain SKAT's demand that Defendants expend significant resources after the close of the agreed-upon discovery deadline to produce documents that will further no material interest of any party to this litigation.  Defendants will not search for or produce documents responsive to this Request.

**Request for Production No. 3:**  *All documents and communications related to Duet..*

Response:   Defendants object to Request No. 3 as overly broad, unduly burdensome, and not proportionate to the needs of the cases identified above for substantially the same reasons stated in response to Request Nos. 1 and 2, above.  SKAT is already in possession of the documents directly related to Defendants' participation in the Trades, Dividends, Claims, or Refunds, whereas no investment involving Duet included any Danish securities or reclaims to SKAT.  Request No. 3 is also not limited to the Period at Issue.  Again, any relevance of the documents sought by Request No. 3 to the claims or defenses of the parties here is at the absolute margins and cannot sustain SKAT's demand that Defendants expend significant resources after the close of the agreed-upon discovery deadline to produce documents that will further no material interest of any party to this litigation.  Defendants will not search for or produce documents responsive to this Request.

**Request for Production No. 4:**  *All documents and communications related to the Memorandum of Understanding.*

Response:   Defendants object to Request No. 4 as overly broad, unduly burdensome, and not proportionate to the needs of the cases identified above.  SKAT is already in possession of the documents directly related to Defendants' participation in the Trades, Dividends, Claims, or Refunds.  The Memorandum of Understanding does not relate to any of the pension plans who submitted the Claims at issue.  Request No. 4 is not limited to the Period at Issue.  Any relevance of the

5

documents sought by Request No. 4 to the claims or defenses of the parties here is at the absolute margins and cannot sustain SKAT's demand that Defendants expend significant resources after the close of the agreed-upon discovery deadline to produce documents that will further no material interest of any party to this litigation. Defendants will not search for or produce documents responsive to this Request.

**Request for Production No. 5:** *Other than documents and communications responsive to Requests 1, 2, 3 or 4, all documents and communications related to any contemplated or executed dividend-arbitrage transaction or strategy.*

Response:   Defendants object to Request No. 5 as overly broad, unduly burdensome, and not proportionate to the needs of the cases identified above. SKAT is already in possession of the documents directly related to Defendants' participation in the Trades, Dividends, Claims, or Refunds. Request No. 5 contemplates transactions that lack any factual relationship to the claims or defenses of the parties in this litigation. At best, such a sweeping request might have led to the discovery of documents related to the Trades, Dividends, Claims or Refunds were they not already in SKAT's possession. Request No. 5 is not limited to the Period at Issue, and also lacks any requirement of a connection to the Defendants and is potentially unlimited. Defendants object to Request No. 5 to the extent it requests documents not in Defendants' possession, custody or control. Any relevance of non-duplicative documents sought by Request No. 5 to the claims or defenses of the parties here is at the absolute margins and cannot sustain SKAT's demand that Defendants expend significant resources after the close of the agreed-upon discovery deadline to produce documents that will further no material interest of any party to this litigation. Defendants will not search for or produce documents responsive to this Request.

Dated: July 8, 2021
        New York, New York

                                            KOSTELANETZ & FINK, LLP


                                            By:   s/ Nicholas S. Bahnsen
                                            SHARON L. MCCARTHY
                                            NICHOLAS S. BAHNSEN
                                            7 World Trade Center, 34th Floor
                                            New York, NY  10007
                                            212-808-8100 Tel.

6

smccarthy@kflaw.com
nbahnsen@kflaw.com

*Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Omineca Pension Plan, Omineca Trust, Starfish Capital Management LLC 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Michelle Investments Pension Plan, Remece Investments LLC Pension Plan, and Xiphias LLC Pension Plan*