

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

BY ECF

Honorable Lewis A. Kaplan                                November 24, 2021
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
KaplanNYSDChambers@nysd.uscourts.gov

   Re: *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

  Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this letter motion, pursuant to Federal Rules of Civil Procedure 26(b)(2)(C) and 26(c)(1), for a protective order forbidding defendants from taking the deposition of Christian Ekstrand for a second time, without first having obtained the Court's leave to do so and almost exclusively on SKAT's contention interrogatory responses.[1]

**The Court already ruled that defendants cannot depose SKAT on its contentions.**

  On May 6 and 7, 2021, defendants took the two-day deposition of Mr. Ekstrand, who testified both in his individual capacity and as SKAT's representative witness on most of the topics in defendants' Federal Rule of Civil Procedure 30(b)(6) deposition notice. Before the deposition, SKAT moved the Court for a protective order, in relevant part, striking certain of defendants' topics that sought contention discovery because in this District such discovery is obtained by way of interrogatories, not a deposition. (ECF No. 557.) On April 12, 2021, the Court issued Pretrial Order No. 20, granting in part SKAT's motion for a protective order and striking those deposition topics that sought "the factual basis for contentions," but "without prejudice to [defendants] exploring these questions by interrogatory at an appropriate time." (ECF No. 572.)

**Defendants are seeking to depose Mr. Ekstrand again, and on SKAT's contentions.**

  The defendants seeking another deposition of Mr. Ekstrand have collectively served four sets of interrogatories on SKAT containing 41 interrogatories in total: (i) a group of defendants served a set, styled as "Defendants' First Set," asking SKAT to state the factual basis for its

---

1. This motion relates to all cases.

contentions that the defendant pension plans' refund applications misrepresented that the plans were qualified pension plans and owned shares and received dividends, as well as identify the amount of damages it seeks for each particular claim (*see generally* Ex. 1); (ii) a group of defendants served a set, styled as "Defendants' Third Set," asking SKAT, in relevant part, to identify provisions in the U.S.-Denmark tax treaty on which it relies and "[s]tate the operational definition in use between 2012 and June 2015 for the term 'beneficial owner' . . . and identify all documents reflecting that understanding" (Ex. 2 (Interrogatories No. 12-14, 19)); (iii) six individual defendants served their own separate set of 20 interrogatories, styled as "Defendants' First Set of Contention Interrogatories" (*see generally* Ex. 3); and (iv) defendant Michael Ben-Jacob served his own set of three contention interrogatories (*see generally* Ex. 4.)

Mr. Ekstrand verified all of SKAT's answers to the four sets of interrogatories. (Exs. 1-4 (verification pages).) As Mr. Ekstrand stated in his verifications, all of SKAT's answers "were prepared by counsel," and in the case of SKAT's answers to the three sets of pure contention interrogatories, based on counsel's review of discovery. (*Id.*) Mr. Ekstrand's verification of the answers in each case was "based on information supplied to [him] by counsel," not his own personal knowledge. (*Id.*) Nevertheless, despite that Mr. Ekstrand has no personal knowledge of the interrogatory answers, all but one of which sets forth SKAT's contentions, and that defendants already have deposed Mr. Ekstrand on the matters of which he does have knowledge, defendants seek to depose Mr. Ekstrand a second time. On November 10, 2021, the parties met and conferred, during which they were unable to resolve their dispute. Following the meet and confer, on November 17, 2021, defendants noticed Mr. Ekstrand's second deposition for December 1, 2021, "limited in scope to the interrogatory responses." (Ex. 5 at 1.)

**The Court should forbid defendants from deposing Mr. Ekstrand a second time.**

Defendants should not be permitted to depose Mr. Ekstrand on the interrogatory responses for two reasons.

First, all but one of the interrogatory answers on which defendants seek to question Mr. Ekstrand set forth SKAT's contentions. But in striking defendants' Rule 30(b)(6) topics that sought contention discovery, the Court did so without prejudice to defendants later seeking such discovery "*by interrogatory*," not a subsequent deposition. (Pretrial Order No. 20 (emphasis added).) In this District, "depositions . . . are designed to discover facts, not contentions or legal theories." *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002); *accord Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14 Civ. 1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. Jul. 30, 2015) ("30(b)(6) deposition topics" that "fairly constitute[d] contention discovery" were "improper[]"; "contention interrogatories . . . will provide Defendant wi[th] the information it seeks"). Thus, in reserving contention interrogatories until "the conclusion of other discovery," Local Rule 33.3(c) does not contemplate that the witness who verifies a party's answers to contention interrogatories will be deposed, *i.e.*, "[i]n this District, contention interrogatories, unlike other types of discovery, are not designed to reveal new information . . . that could be followed by new rounds of other discovery," such as defendants' proposed deposition of Mr. Ekstrand. *Erchonia Corp. v. Bissoon*, No. 07 Civ. 8696 (DLC), 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011). Further, deposing Mr. Ekstrand on SKAT's contentions is particularly inappropriate because his verification of the interrogatory answers was based on information supplied by SKAT's counsel, who prepared the answers, so defendants'

questions doubtlessly would intrude upon privilege and work product protection. *Cf. U.S. v. District Council of N.Y.C.*, No. 90 CIV. 5722 (CSH), 1992 WL 208284, at *16 (S.D.N.Y. Aug. 18, 1992) ("the deposition of an attorney or attorney's investigator, which requires that person to inform herself of all relevant facts . . . is not an appropriate alternative" to "focused contention interrogatories").

Second, even setting aside that defendants are seeking improper contention discovery, the Court should prohibit defendants from deposing Mr. Ekstrand for a second time because they failed to seek the Court's leave to do so, as required by Federal Rule of Civil Procedure 30(a)(2)(A)(ii), and the factors the Court considers for granting such leave weigh against the deposition.[2] Under Federal Rule of Civil Procedure 30(a)(2)(A)(ii), when "the deponent has already been deposed in the case," as has Mr. Ekstrand, the noticing party must seek, and the Court must grant, leave for a second deposition only "to the extent consistent with Rule 26(b)(1) and (2)." As such, "Rule 26(b)(2) enumerates certain factors guiding th[e] Court's discretion: (1) whether the second deposition of the witness would be unnecessarily cumulative; (2) whether the party requesting the deposition has had other opportunities to obtain the same information; and (3) whether the burden of a second deposition outweighs its potential benefit." *U.S. v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 114-15 (S.D.N.Y. 2017).

All three factors weigh against granting defendants leave to depose Mr. Ekstrand a second time for mainly the same reason: there will be no benefit to the deposition because defendants already have deposed Mr. Ekstrand to the extent of his relevant knowledge and as a party representative on a litany of subjects, and the answers to the interrogatories themselves provide defendants the information they purportedly seek. Taking, for instance, defendants' one interrogatory that is not a contention interrogatory, asking for SKAT's "operational definition" of the term "beneficial owner" and "documents reflecting that understanding," defendants already questioned Mr. Ekstrand at his two-day deposition on his understanding of SKAT's definition of that term and documents reflecting that definition, and in response, Mr. Ekstrand identified the same Legal Guidelines that SKAT identified in its interrogatory answer. (Ex. 2 (Interrogatory No. 19).)[3] SKAT also provided defendants a copy of the Legal Guidelines at the beginning of Mr. Ekstrand's deposition, but defendants chose not to ask him any further questions about it.

---

2. For the avoidance of doubt, defendants did not obtain the Court's leave to depose Mr. Ekstrand a second time at the October 5 conference. While the Court noted that it was "fair" for defendants to "carve-out" the person who verified SKAT's interrogatories from their position that only depositions noticed before June 30, 2021 should proceed, defendants did not inform the Court that contention interrogatories were at issue or that they would be seeking to depose a witness for the second time. (Ex. 6 (Oct. 5 Hr'g Tr.) 18:4-15.) SKAT understood the Court to mean only that defendants would not be precluded from seeking the deposition on timeliness grounds.

3. Ex. 7 (Ekstrand Dep. Tr.) 49:21-50-24 (Q: "What definition of 'beneficial owner' was applied by SKAT to determine ownership for these purposes?" A: "That would be the beneficial owner of the dividend that has the right to the dividend, and you could not hold the shares for anybody else, for any other party. That's as I understood what it meant." . . . Q: "Was that definition written down in any document, or policy, or procedure, for purposes of withholding dividend tax refund applications?" A: "Well, it's in our legal guidelines that stated what we considered to be the beneficial owner. And it's also – as far as I know, it's stated in the double taxation treaty. But if you want to do more investigation into the concept of 'beneficial owner,' you probably need a legal expert.").

      And with respect to defendants' contention interrogatories, Mr. Ekstrand has no information beyond what SKAT already provided in the answers themselves. For example, SKAT's contentions as to why the plans were not qualified plans entitled to a tax refund in the first place are based entirely on information SKAT obtained from defendants and non-parties in discovery. (Ex. 1 (Interrogatories No. 1-5).) Mr. Ekstrand has no further information beyond what SKAT's counsel prepared that is set forth in the answer. The same is true with respect to SKAT's contentions (i) that the defendant pension plans did not own shares or receive dividends (*id.* (Interrogatory No. 6)), (ii) as to how the six individual defendants who were sole participants in plans established by defendants Markowitz and van Merkensteijn participated in the fraud (*see generally* Ex. 3), and (iii) as to how defendant Ben-Jacob was unjustly enriched by the fraud (*see generally* Ex. 4). Nor would there be any benefit to defendants in deposing Mr. Ekstrand on SKAT's answer as to what damages it is seeking for each of its claims, which is set forth in SKAT's pleadings and the interrogatory answer itself (Ex. 1 (Interrogatory No. 8)), or SKAT's answers identifying the language from the U.S.-Denmark tax treaty that SKAT contends supports its claims (Ex. 2 (Interrogatories No. 12-14).)

      Accordingly, SKAT respectfully requests that the Court grant its motion for a protective order.

      Respectfully submitted,

      /s/ Marc A. Weinstein
      Marc A. Weinstein

cc:    All counsel of record (via ECF)