# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION<br><br>This document relates to the cases identified on Schedule A hereto.[1] | MASTER DOCKET<br><br>Civil Action No. 18-MD-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES TO
PLAINTIFF SKATTEFORVALTNINGEN**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local

Rules of the United States District Court for the Southern District of New York (the "Local

Rules"), Plaintiff Skatteforvaltningen ("SKAT") hereby responds and objects to the First Set of

Interrogatories to Plaintiff SKAT (the "Interrogatories"), dated November 5, 2020, of Richard

Markowitz, Jocelyn Markowitz, John van Merkensteijn, Elizabeth van Merkensteijn, Ronald

Altbach, Joseph Herman, Robin Jones, Perry Lerner, David Zelman, Edwin Miller, Robert

Klugman, RAK Investment Trust, Routt Capital Trust, Omineca Trust, and Bernina Pension Plan

Trust, together with the entities identified in Schedule A, but excluding those Defendant Pension

Plans associated with Case No. 19-cv-10713 (collectively, the "Propounding Defendants").

The response to any particular Interrogatory is not an admission of the relevance

or the admissibility into evidence of such response.  No statement contained in these responses

shall be deemed to constitute an admission that any statement or characterization in the

Interrogatories is complete or accurate.  SKAT reserves the right to supplement or correct these

---

1.   These cases are referred to herein collectively as the "Schedule A Actions."

responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

These objections and responses are made solely for purposes of discovery in the Schedule A Actions.  SKAT, in responding to these Interrogatories, does not waive any objection based on relevance, materiality, competence, privilege, admissibility, authenticity, vagueness, ambiguity, undue burden, or other grounds, all of which objections and grounds are reserved and may be interposed at the time of any hearing or at trial.  Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the Interrogatory, or responses to the Interrogatory, to be relevant or material to the subject matter of these actions. SKAT further does not waive the right to object on any ground at any time to a request for further responses to these Interrogatories.  SKAT does not waive the attorney-client privilege, work product privilege, or any other privileges with respect to the information called for in the Interrogatories.

SKAT responds to the Interrogatories to the extent that the Interrogatories' instructions do not impose obligations that are beyond the scope of the Federal Rules of Civil Procedure and the Local Rules applicable to discovery in this matter.

No objection made herein, or lack thereof, shall be deemed a statement by SKAT as to the existence or non-existence of any information.  Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice and are not a waiver of Plaintiff's right to rely on other facts or documents at trial.

3

## GENERAL STATEMENTS & OBJECTIONS TO THE
## INSTRUCTIONS AND DEFINITIONS

In the interests of brevity and clarity, SKAT describes and summarizes certain

limitations to its responses and common bases for objections to the Interrogatories.

1.      SKAT objects to the Definitions, Instructions, and Interrogatories to the extent

they seek information that are protected from discovery by the attorney-client privilege, the work

product doctrine, the common interest privilege, confidentiality orders or agreements, or that are

otherwise immune to or protected from disclosure.  The inadvertent production of any

information which is confidential, privileged, or protected shall not constitute a waiver of any

privilege or any other ground for objecting to discovery with respect to such information, the

subject matter thereof, or the information contained therein; nor shall such inadvertent

production constitute a waiver of SKAT's right to object to the use of the information during this

or any other proceeding.  (Throughout these Responses, SKAT refers collectively to the

objections contained in this paragraph as "Objection 1.")

2.      SKAT objects to the Definitions, Instructions, and Interrogatories to the extent

they call for information that is outside SKAT's possession, custody, or control; seek

information and/or materials already within the Propounding Defendants' knowledge,

possession, and/or control; or seek information that is publicly available or obtainable from some

other source that is more convenient, less burdensome, or less expensive.  SKAT has no

obligation or duty (and will undertake no such obligation or duty) to search for or produce

information that is in the possession, custody, or control of any third party.  (Throughout these

Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection

2.")

4

3.     SKAT objects to the Definitions, Instructions, and Interrogatories to the extent they are vague, ambiguous, argumentative, cumulative, or duplicative, overly broad, unduly burdensome, or oppressive, or to the extent they seek information that is not relevant to the claims or defenses in the Schedule A Actions.  SKAT objects to the Definitions and Instructions to the extent they purport to impose obligations or definitions beyond those set out in Local Civil Rule 26.3 and Local Civil Rule 33.3.  SKAT objects to the Interrogatories because more practical methods of obtaining the information sought exist.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 3.")

4.     SKAT objects to the Definitions, Instructions, and Interrogatories to the extent that it has already produced documents containing information responsive to the Interrogatories.

5.     SKAT responds to the Definitions, Instructions, and Interrogatories without waiving or intending to waive, but on the contrary, preserving: (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; and (b) the right to object on all grounds, at any time, to document requests or other discovery procedures involving or relating to the subject of the Interrogatories to which SKAT has responded herein.

6.     SKAT objects to the definition of "Document" to the extent that it includes documents not in SKAT's possession, custody, or control.  SKAT responds to the Interrogatories only to the extent that such information is in the possession, custody, or control of SKAT, as set forth in the Federal Rules of Civil Procedure.  SKAT does not control any other agency or instrumentality of the Kingdom of Denmark or any third parties.

7.      SKAT objects to the definition of "Identify" to the extent that it calls for the production of information that SKAT is prohibited from disclosing under Danish law, including but not limited to: the Danish Tax Administration Act, the Danish Public Administration Act, the Danish Data Protection Act, the European General Data Protection Regulation, the Danish Securities Trading Act, and the Danish Capital Markets Act.  SKAT further objects to the definition of "Identify" with respect to a Communication as broader than the uniform definition of "Identify" set out in Local Civil Rule 26.3.

8.      SKAT objects to the definition of "Person" as broader than the uniform definition of "Person" set out in Local Civil Rule 26.3.

9.      SKAT objects to the definition of "Plaintiff," "You," and "Your" as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information privileged or exempt from discovery.  SKAT objects to these definitions to the extent they include any third parties outside of its control.  SKAT further objects to these definitions to the extent they include its representatives, attorneys, agents, investigators, consultants, and counsel working on its behalf in connection with this or any other litigation, or persons or entities acting or purporting to act on behalf of any of the individuals or entities covered by the definition.  To the extent that SKAT provides any information in response to an Interrogatory, SKAT will interpret the terms "Plaintiff," "You," and "Your" to include SKAT and its current or former employees in their capacity as such who were involved in any of the matters at issue in this lawsuit during the period from January 1, 2012 to June 15, 2015 (the "Relevant Time Period"), unless otherwise specified in the Responses.

10.      SKAT objects to Instruction No. 1 to the extent it calls for the production of information or identification of documents that were created, generated, dated, issued, executed,

or received during a time period that is overly broad, unduly burdensome and/or oppressive, not proportional to the needs of the case, and that is not relevant to the claims and defenses in the Schedule A Actions.  SKAT will only produce information and identify documents created, generated, dated, issued, executed, or received during the Relevant Time Period.

11.     SKAT objects to Instruction No. 4 as vague, ambiguous, overbroad, unduly burdensome, seeking information or the identification of documents that are not relevant to the claims or defenses in the Schedule A Actions, and seeking to expand SKAT's obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules.

12.     SKAT objects to Instruction No. 6 on the grounds that the instructions are overly broad, unduly burdensome, and purport to impose obligations on SKAT in excess of those imposed by the Federal Rules of Civil Procedure.  SKAT will supplement or correct its response in a timely manner if it learns that the response is incomplete or incorrect in some material respect; if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the Court.

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 1

State the factual basis for the allegation in paragraph 40 of the Avanix Amended Complaint that the Avanix Management LLC Roth 401K Plan "did not meet the criteria for a qualified pension plan set forth in section 401(a) of the Internal Revenue Code and purportedly carried on debt-financed activities in breach of the Treaty's prohibition on such activities by a pension plan" and for the same allegation made about the other Defendant Pension Plans in the Amended Complaints.

### Response to Interrogatory No. 1

SKAT incorporates by reference Objections 2 and 3.  Subject to and without waiving any objections, SKAT responds by stating that the Defendant Pension Plans in the Amended Complaints did not meet the criteria for a qualified pension plan set forth in section

401(a) of the Internal Revenue Code ("IRC") for reasons that include, but are not limited to, the following: they (i) violated the exclusive benefit requirement, (ii) violated the permanency requirement, and (iii) were improperly funded.  Further, to constitute a qualified pension plan under the Internal Revenue Code, the Plans must have met the requirements of the Internal Revenue Code both when they were formed and throughout their operation.  The Plans were not qualified at their inception, and were in continuing violation of the Code during the years in which they submitted reclaims to SKAT.

Exclusive benefit requirement: All of the Defendant Pension Plans transferred the majority of the DWT refunds they received from SKAT to entities controlled by Sanjay Shah ("Shah"), including Ganymede Cayman Ltd. and Solo Capital Partners LLP ("Solo Capital"). The Defendant Pension Plans identified on Schedule B (the "Schedule B Plans") and on Schedule C (the "Schedule C Plans") each paid Shah approximately two-thirds of the DWT refunds they received from SKAT.  R. Markowitz Tr. 211:9-17, 453:12-18; J. van Merkensteijn Tr. 86:13-19, 88:8-18; JHVM_0010571 (Ex. R. Markowitz-2244); JHVM_0010589 (Ex. R. Markowitz-2245).  The Defendant Pension Plans identified on Schedule D (the "Schedule D Plans") and on Schedule E (the "Schedule E Plans") each paid Shah approximately 75% of the DWT refunds they received from SKAT.  R. Markowitz Tr. 451:18 – 453:18; J. van Merkensteijn Tr. 163:4-12; Klugman Tr. 64:16 – 65:21; JHVM_0004839 (Ex. Klugman-1829).

In addition, the Schedule C Plans and the Schedule E Plans entered partnership agreements through which they paid to their partners 90% to 95% of the DWT refund amounts remaining after Shah received his share.  Bates numbers for each partnership agreement are listed in the columns titled "Partnership Agreement(s)" in Schedules C and E.

Permanency requirement: Based on discovery to date, all of the Defendant

Pension Plans were formed solely for the purpose of submitting refund applications to SKAT.

Several deponents have specifically testified that they formed their plans in order to participate in

the scheme. *See* R. Markowitz Tr. 220:15-20; J. van Merkensteijn Tr. 170:25 – 171:10, 173:21 –

174:10; Klugman Tr. 22:1 – 28:7; Jones Tr. 20:8 – 21:21, 24:18-22; Zelman Tr. 117:18-22.

In addition, all of the Defendant Pension Plans except Schedule E Plan Vanderlee

Technologies Pension Plan (the "Vanderlee Plan") were formed less than one year before

submitting their first DWT refund application to SKAT.  The dates the Defendant Pension Plans

were formed are listed in the columns titled "Plan Formation Date" and the dates the Defendant

Pension Plans submitted their first DWT refund applications to SKAT are listed in the columns

titled "Date of First Application to SKAT" in Schedules B, C, D, and E.  The Vanderlee Plan

was formed in February 2013 in the expectation that it would onboard with Solo Capital in

March 2013, but Solo Capital refused to onboard the plan at that time, so the plan only began

submitting DWT refund applications to SKAT the following spring.  DZ000001395 (Ex.

Zelman-1451).

Further, to satisfy the permanency requirement, the Defendant Pension Plans'

sponsors or participants needed to make "recurring and substantial contributions" to the Plans

from the sponsors' revenue.  26 C.F.R. § 1.401-1(b)(iv)(2).  The majority of the Defendant

Pension Plans have provided no evidence demonstrating that contributions were made to the

Plans after SKAT stopped paying refund applications in August 2015.

Improper funding: All of the Defendant Pension Plans were subject to the

contribution limits set forth in the IRC.  Under section 415 of the IRC, the maximum permissible

contribution for each employee participant (or self-employed participant) was $53,000 for 2015,

$52,000 for 2014, $51,000 for 2013, and $50,000 for 2012 (plus small catch-up contributions for individuals age 50 or older).  Based on our review, none of the participants made contributions that approached these limits.  Despite being minimally funded, each of the Defendant Pension Plans, within months of their formation, purported to purchase shares in Danish companies worth hundreds of millions of Danish Kroner.  The acquisition prices of each Defendant Pension Plan's first purchase of Danish shares are listed in the columns titled "Acquisition Price for First Purchase of Danish Shares (DKK)" in Schedules B, C, D, and E.

Moreover, as stated above, contributions to the Defendant Pension Plans must have come from their sponsoring entities' business revenues.  26 C.F.R. § 1.401-1(b)(iv)(2); Treas. Reg. 1.401(a)-1(a)(2)(ii).  SKAT is still expecting to receive documents from the Propounding Defendants relating to this topic, but our review to date indicates that the entities that sponsored the Defendant Pension Plans did not conduct any real trade or business and could not have properly funded the Defendant Pension Plans.

Even if any purchases of Danish shares took place, they could only have been financed by debt, which is impermissible under the treaty on double taxation[2] (the "Tax Treaty") between the United States and Denmark.  *See* Tax Treaty Art. 10(3)(c) (a U.S. pension plan is not entitled to a full 27% DWT refund if the dividend on which the reclaim is based is "derived from the carrying on of a business by the pension fund or through an associated enterprise").

**Interrogatory No. 2**

State the factual basis for the allegation in paragraph 41 of the Avanix Amended Complaint that the Avanix Management LLC Roth 401K Plan "was a sham entity" and

---

2.  Convention between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, U.S.-Den., May 6, 1948, S. Treaty Doc. No. 106-12 (effective date Jan. 1, 2001) and Protocol Amending the Convention between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, May 2, 2006.

thus "cannot have satisfied the requirements in section 401(a) of the Internal Revenue Code to be a qualified pension plan" and for the same allegation made about the other Defendant Pension Plans in the Amended Complaints.

**Response to Interrogatory No. 2**

SKAT incorporates by reference Objections 2 and 3.  Subject to and without waiving any objections, SKAT responds by referring to its Response to Interrogatory No. 1. Further, the Plans were not qualified under section 401(a) of the Internal Revenue Code and were designed solely to conceal the true nature of the scheme.

**Interrogatory No. 3**

State the factual basis for the allegation in paragraph 42 of the Avanix Amended Complaint that the Avanix Management LLC Roth 401K Plan's "representation that it was a qualified pension plan was false because it did not operate for the exclusive benefit of the sponsoring entity's employees and their beneficiaries" and for the same allegation made about the other Defendant Pension Plans in the Amended Complaints.

**Response to Interrogatory No. 3**

SKAT incorporates by reference Objections 2 and 3.  Subject to and without waiving any objections, SKAT responds by referring to its Response to Interrogatory No. 1.

**Interrogatory No. 4**

State the factual basis for the allegation in paragraph 43 of the Avanix Amended Complaint that the Avanix Management LLC Roth 401K Plan "was not established with the intent that it be a 'permanent' program" and for that reason was not "a qualified pension plan" and for the same allegation made about the other Defendant Pension Plans in the Amended Complaints.

**Response to Interrogatory No. 4**

SKAT incorporates by reference Objections 2 and 3.  Subject to and without waiving any objections, SKAT responds by referring to its Response to Interrogatory No. 1.

**Interrogatory No. 5**

State the factual basis for the allegation in paragraph 44 of the Avanix Amended Complaint that the Avanix Management LLC Roth 401K Plan "cannot have obtained

funding from a proper source and cannot have complied with the contribution rules in section 401(a) of the Internal Revenue Code" and for the same allegation made about the other Defendant Pension Plans in the Amended Complaints.

**Response to Interrogatory No. 5**

SKAT incorporates by reference Objections 2 and 3.  Subject to and without waiving any objections, SKAT responds by referring to its Response to Interrogatory No. 1.

**Interrogatory No. 6**

State the factual basis for the allegation in paragraph 68 of the Avanix Amended Complaint that the Avanix Management LLC Roth 401K Plan "never owned the shares described above, [and] never received any dividend from Danish companies in which it was a purported shareholder" and for the same allegation made about the other Defendant Pension Plans in the Amended Complaints.

**Response to Interrogatory No. 6**

SKAT incorporates by reference Objections 2 and 3.  Subject to and without waiving any objections, SKAT responds by stating that documents from the Elysium database demonstrate that any purported transactions in Danish Securities entered into by the Plans did not involve the exchange of any real stock or cash.  Instead, the documents demonstrate that the purported transactions were part of a closed loop, in which multiple entities engaged in paper trades to provide the appearance of legitimacy.  See ELYSIUM-06020028 (Markowitz-Ex. 2212).

For example, the Avanix Management LLC Roth 401(k) Plan represented to SKAT that it owned 5,927,803 shares of Novo Nordisk A/S – B stock.  Records from the Elysium database show a paper trail of purported transactions surrounding this alleged purchase: On March 19, 2015 Black Square Ltd. sold these 5,927,803 shares to Mako Financial Markets LLP (a securities broker), which in turn sold the shares to Sunrise Brokers (a separate securities broker), which in turn sold the shares to the Avanix Plan.  On March 24, 2015, the Avanix Plan

loaned 5,927,803 shares of Novo Nordisk A/S – B stock to Trance Services Ltd, which in turn loaned them to Relative Value Trading GmbH, which in turn loaned them to Black Square Ltd. All of these "trades" purportedly settled on the same date, were purportedly conducted over the counter at the exact same price per share, and were purportedly custodied at Solo or another Broker-Custodian controlled by Sanjay Shah. The Avanix Plan ultimately "purchased" the shares from and "loaned" the shares to the same entity, Black Square Ltd. As a result, no real cash or shares ever existed. Substantively similar circular trading loops were employed for all the Plans' purported purchases of Danish securities. No real shares or cash existed for any of these purported trades.

Moreover, the Omineca Pension Plan, the Routt Capital Pension Plan, and the Vanderlee Technologies Pension Plan purportedly traded Danish Securities at Broker-Custodians North Channel Bank GmbH & Co. or Indigo Securities Ltd, both of which were controlled by individuals known to Defendants Richard Markowitz, John van Merkensteijn, and David Zelman. The purported trading at these Broker-Custodians was also circular; no shares existed and no dividends were received by either Broker-Custodian or the three Plans. A representative of North Channel Bank has testified that the purported pension plan trading at North Channel Bank was circular, and that the dividend credit advices issued by the bank for the Omineca Pension Plan and the Vanderlee Technologies Pension Plan were false because no shares were custodied at the bank and no dividends were received by the bank or either Plan. Volkers Tr. 18:4 – 45:8; 76:5 – 81:5; 121:17 – 122:9.

Several additional factors support SKAT's allegations, which include, but are not limited to, the following. First, for the Plans to have owned the shares, there would have to exist a chain of custody from their Broker-Custodian through a series of sub-custodians. To date,

SKAT's review has shown no evidence that the shares of Danish Securities the Plans purported to own were sub-custodied at any entity.  Second, to date, SKAT's review has shown no evidence that the Plans or the Broker-Custodians received the dividends from either the company that issued them or from any other party.  Nor does the Elysium document diagraming the circular trading loop show the receipt of any dividends.  *See* ELYSIUM-06020028 (Markowitz-Ex. 2212).  Third, the *de minimus* amounts of money contributed to the Plans were insufficient to purchase the Danish securities that the Plans purported to own.

**Interrogatory No. 7**

Identify the custodian(s), location(s) and general description of documents, electronic data, physical evidence or other information relevant to the subject matters described in Interrogatory Nos. 1-6 above.

**Response to Interrogatory No. 7**

SKAT incorporates by reference Objections 1, 2, and 3.  Subject to and without waiving any objections, SKAT responds by stating that relevant documents were produced by and to the Propounding Defendants and include Defendant Pension Plans' formation documents, refund applications to SKAT, trading records, and account statements, as well as records from Solo Capital and related entities.

**Interrogatory No. 8**

For each complaint identified on Schedule A, identify, by defendant and claim, the amount of damages sought by Plaintiff and provide all details on how such damages were computed.

**Response to Interrogatory No. 8**

SKAT incorporates by reference Objections 1, 2, and 3.  Subject to and without waiving any objections, SKAT responds that for each claim of fraud, aiding-and-abetting fraud, and negligent misrepresentation, SKAT seeks the entirety of its losses caused by the relevant

Defendant Pension Plan's tax refund applications, as detailed in each Amended Complaint.  For its remaining claims, SKAT seeks the portions of the proceeds from the scheme received by each defendant.

Dated: New York, New York
      July 15, 2021

                          HUGHES HUBBARD & REED LLP

                          By:_____/s/ William R. Maguire_____
                            William R. Maguire
                            Marc A. Weinstein
                            Neil J. Oxford
                         One Battery Park Plaza
                         New York, New York 10004-1482
                         Telephone: (212) 837-6000
                         Fax: (212) 422-4726
                         bill.maguire@hugheshubbard.com
                         marc.weinstein@hugheshubbard.com
                         neil.oxford@hugheshubbard.com

                         *Counsel for Plaintiff Skatteforvaltningen*
                         *(Customs and Tax Administration of the*
                         *Kingdom of Denmark)*

**Schedule A**

| Defendant Pension Plan(s) Named in Action | Action Name | Case Number | Amended Complaint |
|---|---|---|---|
| Avanix Management LLC Roth 401K Plan | *Skatteforvaltningen v. Avanix Management LLC Roth 401K Plan et al.* | 19-cv-01867 | Amended Complaint (ECF 60), dated 4/20/20 |
| Batavia Capital Pension Plan | *Skatteforvaltningen v. Batavia Capital Pension Plan et al.* | 19-cv-01895 | Amended Complaint (ECF 61), dated 4/20/20 |
| Calypso Investments Pension Plan | *Skatteforvaltningen v. Calypso Investments Pension Plan et al.* | 19-cv-01904 | Amended Complaint (ECF 60), dated 4/20/20 |
| Cavus Systems LLC Roth 401(K) Plan | *Skatteforvaltningen v. Cavus Systems LLC Roth 401(K) Plan et al.* | 19-cv-01869 | Amended Complaint (ECF 70), dated 4/20/20 |
| Hadron Industries LLC Roth 401(K) Plan | *Skatteforvaltningen v. Hadron Industries LLC Roth 401(K) Plan et al.* | 19-cv-01868 | Amended Complaint (ECF 62), dated 4/20/20 |
| Michelle Investments Pension Plan | *Skatteforvaltningen v. Michelle Investments Pension Plan et al.* | 19-cv-01906 | Amended Complaint (ECF 71), dated 4/21/20 |
| Remece Investments LLC Pension Plan | *Skatteforvaltningen v. Remece Investments LLC Pension Plan et al.* | 19-cv-01911 | Amended Complaint (ECF 71), dated 4/21/20 |
| RJM Capital Pension Plan | *Skatteforvaltningen v. RJM Capital Pension Plan et al.* | 19-cv-01898 | Amended Complaint (ECF 60), dated 4/21/20 |
| Routt Capital Pension Plan | *Skatteforvaltningen v. Routt Capital Pension Plan et al.* | 19-cv-01896 | Amended Complaint (ECF 60), dated 4/21/20 |
| Xiphias LLC Pension Plan | *Skatteforvaltningen v. Xiphias LLC Pension Plan et al.* | 19-cv-01924 | Amended Complaint (ECF 71), dated 4/21/20 |
| Azalea Pension Plan | *Skatteforvaltningen v. Azalea Pension Plan et al.* | 19-cv-01893 | Amended Complaint (ECF 53), dated 4/20/20 |
| Bernina Pension Plan | *Skatteforvaltningen v. Bernina Pension Plan et al.* | 19-cv-01865 | Amended Complaint (ECF 53), dated 4/20/20 |

| Defendant Pension Plan(s) Named in Action | Action Name | Case Number | Amended Complaint |
|---|---|---|---|
| Tarvos Pension Plan | *Skatteforvaltningen v. Tarvos Pension Plan et al.* | 19-cv-01930 | Amended Complaint (ECF 52), dated 4/21/20 |
| Omineca Pension Plan | *Skatteforvaltningen v. Omineca Pension Plan et al.* | 19-cv-01894 | Amended Complaint (ECF 61), dated 4/21/20 |
| Basalt Ventures LLC Roth 401(K) Plan | *Skatteforvaltningen v. Basalt Ventures LLC Roth 401(K) Plan et al.* | 19-cv-01866 | Amended Complaint (ECF 55), dated 4/20/20 |
| Starfish Capital Management LLC Roth 401(K) Plan | *Skatteforvaltningen v. Starfish Capital Management LLC Roth 401(K) Plan et al.* | 19-cv-01871 | Amended Complaint (ECF 60), dated 4/21/20 |
| Voojo Productions LLC Roth 401(K) Plan | *Skatteforvaltningen v. Voojo Productions LLC Roth 401(K) Plan et al.* | 19-cv-01873 | Amended Complaint (ECF 53), dated 4/21/20 |
| Albedo Management LLC Roth 401(K) Plan | *Skatteforvaltningen v. Albedo Management LLC Roth 401(K) Plan et al.* | 19-cv-01785 | Amended Complaint (ECF 60), dated 4/20/20 |
| Ballast Ventures LLC Roth 401(K) Plan | *Skatteforvaltningen v. Ballast Ventures LLC Roth 401(K) Plan et al.* | 19-cv-01781 | Amended Complaint (ECF 60), dated 4/20/20 |
| Bareroot Capital Investments LLC Roth 401(K) Plan | *Skatteforvaltningen v. Bareroot Capital Investments LLC Roth 401(K) Plan et al.* | 19-cv-01783 | Amended Complaint (ECF 62), dated 4/20/20 |
| Cedar Hill Capital Investments LLC Roth 401(K) Plan | *Skatteforvaltningen v. Cedar Hill Capital Investments LLC Roth 401(K) Plan et al.* | 19-cv-01922 | Amended Complaint (ECF 62), dated 4/20/20 |
| Eclouge Industry LLC Roth 401(K) Plan | *Skatteforvaltningen v. Eclouge Industry LLC Roth 401(K) Plan et al.* | 19-cv-01870 | Amended Complaint (ECF 62), dated 4/20/20 |

| Defendant Pension Plan(s) Named in Action | Action Name | Case Number | Amended Complaint |
|---|---|---|---|
| Fairlie Investments LLC Roth 401(K) Plan | *Skatteforvaltningen v. Fairlie Investments LLC Roth 401(K) Plan et al.* | 19-cv-01791 | Amended Complaint (ECF 62), dated 4/21/20 |
| First Ascent Worldwide LLC Roth 401(K) Plan | *Skatteforvaltningen v. First Ascent Worldwide LLC Roth 401(K) Plan et al.* | 19-cv-01792 | Amended Complaint (ECF 62), dated 4/20/20 |
| Green Scale Management LLC Roth 401(K) Plan | *Skatteforvaltningen v. Green Scale Management LLC Roth 401(K) Plan et al.* | 19-cv-01926 | Amended Complaint (ECF 60), dated 4/20/20 |
| Keystone Technologies LLC Roth 401(K) Plan | *Skatteforvaltningen v. Keystone Technologies LLC Roth 401(K) Plan et al.* | 19-cv-01929 | Amended Complaint (ECF 62), dated 4/20/20 |
| Loggerhead Services LLC Roth 401(K) Plan | *Skatteforvaltningen v. Loggerhead Services LLC Roth 401(K) Plan et al.* | 19-cv-01806 | Amended Complaint (ECF 60), dated 4/20/20 |
| PAB Facilities Global LLC Roth 401(K) Plan | *Skatteforvaltningen v. PAB Facilities Global LLC Roth 401(K) Plan et al.* | 19-cv-01808 | Amended Complaint (ECF 62), dated 4/21/20 |
| Roadcraft Technologies LLC Roth 401(K) Plan | *Skatteforvaltningen v. Roadcraft Technologies LLC Roth 401(K) Plan et al.* | 19-cv-01812 | Amended Complaint (ECF 62), dated 4/21/20 |
| Trailing Edge Productions LLC Roth 401(K) Plan | *Skatteforvaltningen v. Trailing Edge Productions LLC Roth 401(K) Plan et al.* | 19-cv-01815 | Amended Complaint (ECF 62), dated 4/21/20 |
| Raubritter LLC Pension Plan | *Skatteforvaltningen v. Raubritter LLC Pension Plan et al.* | 18-cv-04833 | Amended Complaint (ECF 82), dated 4/27/20 |

| Defendant Pension Plan(s) Named in Action | Action Name | Case Number | Amended Complaint |
|---|---|---|---|
| 2321 Capital Pension Plan, Bowline Management Pension Plan, California Catalog Company Pension Plan, Clove Pension Plan, Davin Investments Pension Plan, Delvian LLC Pension Plan, DFL Investments Pension Plan, Laegeler Asset Management Pension Plan, Lion Advisory Inc. Pension Plan, Mill River Capital Management Pension Plan, Next Level Pension Plan, Rajan Investments LLC Pension Plan, Spirit on the Water Pension Plan, Traden Investments Pension Plan | *Skatteforvaltningen v. John Van Merkensteijn et al.* | 19-cv-10713 | Amended Complaint (ECF 58), dated 4/27/20 |
| Aerovane Logistics LLC Roth 401K Plan | *Skatteforvaltningen v. Aerovane Logistics LLC Roth 401K Plan et al.* | 18-cv-07828 | Amended Complaint (ECF 90), dated 4/27/20 |
| The Stor Capital Consulting LLC 401K Plan | *Skatteforvaltningen v. The Stor Capital Consulting LLC 401K Plan et al.* | 18-cv-04434 | Amended Complaint (ECF 80), dated 4/27/20 |
| Edgepoint Capital LLC Roth 401K Plan | *Skatteforvaltningen v. Edgepoint Capital LLC Roth 401K Plan et al.* | 18-cv-07827 | Amended Complaint (ECF 91), dated 4/27/20 |
| Headsail Manufacturing LLC Roth 401K Plan | *Skatteforvaltningen v. Headsail Manufacturing LLC Roth 401K Plan et al.* | 18-cv-07824 | Amended Complaint (ECF 91), dated 4/27/20 |

| Defendant Pension Plan(s) Named in Action | Action Name | Case Number | Amended Complaint |
|---|---|---|---|
| The Random Holdings 401K Plan | *Skatteforvaltningen v. The Random Holdings 401K Plan et al.* | 18-cv-07829 | Amended Complaint (ECF 90), dated 4/27/20 |
| True Wind Investments LLC Roth 401(K) Plan | *Skatteforvaltningen v. True Wind Investments LLC Roth 401(K) Plan et al.* | 19-cv-01818 | Amended Complaint (ECF 62), dated 4/21/2020 |
| Fulcrum Productions LLC Roth 401(K) Plan | *Skatteforvaltningen v. Fulcrum Productions LLC Roth 401(K) Plan et al.* | 19-cv-01928 | Amended Complaint (ECF 62), dated 4/20/2020 |
| Cantata Industries LLC Roth 401(K) Plan | *Skatteforvaltningen v. Cantata Industries LLC Roth 401(K) Plan et al.* | 19-cv-01798 | Amended Complaint (ECF 62), dated 4/20/2020 |
| Crucible Ventures LLC Roth 401(K) Plan | *Skatteforvaltningen v. Crucible Ventures LLC Roth 401(K) Plan et al.* | 19-cv-01800 | Amended Complaint (ECF 62), dated 4/20/2020 |
| Limelight Global Productions LLC Roth 401(K) Plan | *Skatteforvaltningen v. Limelight Global Productions LLC Roth 401(K) Plan et al.* | 19-cv-01803 | Amended Complaint (ECF 62), dated 4/20/2020 |
| Battu Holdings LLC Roth 401K Plan | *Skatteforvaltningen v. Battu Holdings LLC Roth 401K Plan et al.* | 19-cv-01794 | Amended Complaint (ECF 60), dated 4/20/2020 |
| Vanderlee Technologies Pension Plan | *Skatteforvaltningen v. Vanderlee Technologies Pension Plan et al.* | 19-cv-01918 | Amended Complaint (ECF 60), dated 4/21/2020 |
| Tumba Systems LLC Roth 401(K) Plan | *Skatteforvaltningen v. Tumba Systems LLC Roth 401(K) Plan et al.* | 19-cv-01931 | Amended Complaint (ECF 63), dated 4/21/2020 |
| Sternway Logistics LLC Roth 401(K) Plan | *Skatteforvaltningen v. Sternway Logistics LLC Roth 401(K) Plan et al.* | 19-cv-01813 | Amended Complaint (ECD 62), dated 4/21/2020 |

| Defendant Pension Plan(s) Named in Action | Action Name | Case Number | Amended Complaint |
|---|---|---|---|
| Plumrose Industries LLC Roth 401K Plan | *Skatteforvaltningen v. Plumrose Industries LLC Roth 401K Plan et al.* | 19-cv-01809 | Amended Complaint (ECF 60), dated 4/21/2020 |
| Pinax Holdings LLC Roth 401(K) Plan | *Skatteforvaltningen v. Pinax Holdings LLC Roth 401(K) Plan et al.* | 19-cv-01810 | Amended Complaint (ECF 62), dated 4/21/2020 |
| Monomer Industries LLC Roth 401(K) Plan | *Skatteforvaltningen v. Monomer Industries LLC Roth 401(K) Plan et al.* | 19-cv-01801 | Amended Complaint (ECF 62), dated 4/21/2020 |
| Dicot Technologies LLC Roth 401(K) Plan | *Skatteforvaltningen v. Dicot Technologies LLC Roth 401(K) Plan et al.* | 19-cv-01788 | Amended Complaint (ECF 62), dated 4/21/2020 |

**Schedule B**

| Defendant Pension Plan | Plan Formation Date | Date of First Application to SKAT | Acquisition Price for First Purchase of Danish Shares (DKK) |
|---|---|---|---|
| Azalea Pension Plan | June 20, 2013 | Dec. 10, 2013 | 153,105,442 |
| Batavia Capital Pension Plan | June 17, 2013 | Dec. 10, 2013 | 160,770,932 |
| Bernina Pension Plan | Feb. 7, 2013 | April 19, 2013 | 206,051,400 |
| Calypso Investments Pension Plan | June 19, 2013 | Dec. 6, 2013 | 153,726,880 |
| Michelle Investments Pension Plan | May 10, 2012 | Sep. 2, 2012 | 322,012,500 |
| Remece Investments LLC Pension Plan | May 21, 2012 | April 12, 2013 | 164,697,480 |
| RJM Capital Pension Plan | Feb. 1, 2013 | April 3, 2013 | 148,652,725 |
| Tarvos Pension Plan | June 19, 2013 | Dec. 6, 2013 | 153,423,336 |
| Xiphias LLC Pension Plan | May 3, 2012 | Oct. 5, 2012 | 259,812,500 |

**Schedule C**

| Defendant Pension Plan | Plan Formation Date | Date of First Application to SKAT | Acquisition Price for First Purchase of Danish Shares (DKK) | Partnership(s) | Partnership Agreement(s) |
|---|---|---|---|---|---|
| 2321 Capital Pension Plan | Feb. 6, 2013 | April 19, 2013 | 174,188,960 | 2321 Capital General Partnership | MPSKAT00056535 |
| Bowline Management Pension Plan | June 10, 2013 | Dec. 11, 2013 | 158,077,558 | Bowline General Partnership | MPSKAT00061415 |
| California Catalog Company Pension Plan | May 18, 2012 | Aug. 20, 2012 | 228,745,000 | California Catalog General Partnership; California Catalog General Partnership II | MPSKAT00022143; MPSKAT00056595 |
| Clove Pension Plan | June 10, 2013 | Dec. 6, 2013 | 161,185,360 | Clove General Partnership | MPSKAT00061425 |
| Davin Investments Pension Plan | Aug. 21, 2012 | June 12, 2013 | 338,317,340 | Davin Investments General Partnership | MPSKAT00056628 |
| Delvian LLC Pension Plan | May 22, 2012 | Aug. 31, 2012 | 270,725,000 | Delvian General Partnership; Delvian General Partnership II | MPSKAT00023949 (Ex. R. Markowitz-2132); MPSKAT00056658 (Ex. J. van Merkensteijn-2135) |
| DFL Investments Pension Plan | Jan. 29, 2013 | April 19, 2013 | 183,436,800 | DFL Investments General Partnership | MPSKAT00056688 |
| Laegeler Asset Management Pension Plan | Feb. 6, 2013 | April 19, 2013 | 197,065,560 | LAM General Partnership | MPSKAT00056698 |
| Lion Advisory Inc. Pension Plan | May 23, 2012 | Aug. 31, 2012 | 312,075,000 | Lion Advisory General Partnership; Lion Advisory General Partnership II | MPSKAT00026442; MPSKAT00056736 |
| Mill River Capital Management Pension Plan | May 21, 2012 | Aug. 31, 2012 | 249,780,000 | Mill River General Partnership | MPSKAT00057263 |
| Next Level Pension Plan | Feb. 8, 2013 | April 19, 2013 | 226,706,040 | Next Level General Partnership | MPSKAT00056805 |

| Defendant Pension Plan | Plan Formation Date | Date of First Application to SKAT | Acquisition Price for First Purchase of Danish Shares (DKK) | Partnership(s) | Partnership Agreement(s) |
|---|---|---|---|---|---|
| Rajan Investments LLC Pension Plan | Aug. 14, 2012 | Feb. 14, 2013 | 197,190,105 | Rajan Investments General Partnership; Rajan Investments General Partnership II | MPSKAT00029558; MPSKAT00056835 |
| Raubritter LLC Pension Plan | Aug. 23, 2012 | Jan. 22, 2013 | 197,295,000 | Raubritter General Partnership; Raubritter General Partnership II | MPSKAT00002816; MPSKAT00056875 |
| Spirit on the Water Pension Plan | Feb. 8, 2013 | April 19, 2013 | 164,913,120 | Spirit on the Water General Partnership | MPSKAT00056945 |
| Traden Investments Pension Plan | Feb. 1, 2013 | April 3, 2013 | 217,356,675 | Traden Investments General Partnership | MPSKAT00056965 |

**Schedule D**

| Defendant Pension Plan | Plan Formation Date | Date of First Application to SKAT | Acquisition Price for First Purchase of Danish Shares (DKK) |
|---|---|---|---|
| Aerovane Logistics LLC Roth 401K Plan | July 16, 2014 | Nov. 27, 2014 | 181,461,400.25 |
| Avanix Management LLC Roth 401(K) Plan | July 16, 2014 | Dec. 15, 2014 | 144,079,678.60 |
| Basalt Ventures LLC Roth 401(K) Plan | July 22, 2014 | Nov. 27, 2014 | 147,727,120.45 |
| Cavus Systems LLC Roth 401(K) Plan | July 16, 2014 | Nov. 27, 2014 | 189,583,018.95 |
| Edgepoint Capital LLC Roth 401K Plan | July 16, 2014 | Oct. 28, 2014 | 163,824,523.85 |
| Hadron Industries LLC Roth 401(K) Plan | July 16, 2014 | Nov. 7, 2014 | 159,080,143.30 |
| Headsail Manufacturing LLC Roth 401K Plan | July 16, 2014 | Nov. 13, 2014 | 160,103,189.35 |
| Omineca Pension Plan | Feb. 14, 2014 | June 27, 2014 | 196,322,500 |
| The Random Holdings 401K Plan | May 14, 2014 | Dec. 22, 2014 | 150,731,917.05 |
| Routt Capital Pension Plan | Feb. 19, 2014 | May 8, 2014 | 125,100,000 |
| Starfish Capital Management LLC Roth 401(K) Plan | July 22, 2014 | Nov. 7, 2014 | 182,150,517.25 |
| The Stor Capital Consulting LLC 401K Plan | May 14, 2014 | April 23, 2015 | 164,124,510.55 |
| Voojo Productions LLC Roth 401(K) Plan | July 22, 2014 | Nov. 13, 2014 | 188,116,514.30 |

**Schedule E**

| Defendant Pension Plan | Plan Formation Date | Date of First Application to SKAT | Acquisition Price for First Purchase of Danish Shares (DKK) | Partnership(s) | Partnership Agreement(s) |
|---|---|---|---|---|---|
| Albedo Management LLC Roth 401(K) Plan | Oct. 2, 2014 | May 22, 2015 | 571,946,249 | Albedo Management General Partnership | WH_MDL_00008217 (Ex. J. Herman-431) |
| Ballast Ventures LLC Roth 401(K) Plan | Oct. 2, 2014 | May 22, 2015 | 479,223,761 | Ballast Ventures General Partnership | WH_MDL_00008227 (Ex. J. Herman-432) |
| Bareroot Capital Investments LLC Roth 401(K) Plan | July 17, 2014 | Oct. 28, 2014 | 190,719,394.45 | Bareroot Capital Investments General Partnership | WH_MDL_00029366 (Ex. D. Zelman-1448) |
| Battu Holdings LLC Roth 401(K) Plan | July 17, 2014 | Nov. 13, 2014 | 158,255,462.30 | Battu Holdings General Partnership | MBJ_STOR-0002765 (Ex. D. Zelman-1444) |
| Cantata Industries LLC Roth 401(K) Plan | July 17, 2014 | Dec. 15, 2014 | 148,328,377.60 | Cantata Industries General Partnership | KF_MDL_13708 |
| Cedar Hill Capital Investments LLC Roth 401(K) Plan | July 18, 2014 | Nov. 27, 2014 | 189,438,571.40 | Cedar Hill Capital Investments General Partnership | WH_MDL_00267276 |
| Crucible Ventures LLC Roth 401(K) Plan | July 21, 2014 | Nov. 27, 2014 | 165,326,716.75 | Crucible Ventures General Partnership | KF_MDL_13662 (Ex. R. Altbach-983) |
| Dicot Technologies LLC Roth 401(K) Plan | July 17, 2014 | Dec. 10, 2014 | 147,359,557.15 | Dicot Technologies General Partnership | KF_MDL_13718 |
| Eclouge Industry LLC Roth 401(K) Plan | July 18, 2014 | Nov. 27, 2014 | 167,904,024.60 | Eclouge Industry General Partnership | WH_MDL_00012540 |
| Fairlie Investments LLC Roth 401(K) Plan | Oct. 2, 2014 | April 16, 2015 | 554,230,617 | Fairlie Investments General Partnership | WH_MDL_00008237 (Ex. J. Herman-433) |
| First Ascent Worldwide LLC Roth 401(K) Plan | July 18, 2014 | Oct. 28, 2014 | 146,281,617.95 | First Ascent Worldwide General Partnership | WH_MDL_00012555 |

| Defendant Pension Plan | Plan Formation Date | Date of First Application to SKAT | Acquisition Price for First Purchase of Danish Shares (DKK) | Partnership(s) | Partnership Agreement(s) |
|---|---|---|---|---|---|
| Fulcrum Productions LLC Roth 401(K) Plan | July 18, 2014 | Oct. 28, 2014 | 175,567,498.60 | Fulcrum Productions General Partnership | WH_MDL_00254244 |
| Green Scale Management LLC Roth 401(K) Plan | July 18, 2014 | Nov. 13, 2014 | 155,277,265 | Green Scale Management General Partnership | WH_MDL_00254300 |
| Keystone Technologies LLC Roth 401(K) Plan | July 18, 2014 | Nov. 27, 2014 | 174,066,281.35 | Keystone Technologies General Partnership | WH_MDL_00339163 |
| Limelight Global Productions LLC Roth 401(K) Plan | July 21, 2014 | Oct. 28, 2014 | 175,405,078.55 | Limelight Global Productions General Partnership | KF_MDL_13674 |
| Loggerhead Services LLC Roth 401(K) Plan | July 18, 2014 | Nov. 13, 2014 | 172,819,760.10 | Loggerhead Services General Partnership | WH_MDL_00012567 (Ex. P. Lerner-712) |
| Monomer Industries LLC Roth 401(K) Plan | Oct. 2, 2014 | April 14, 2015 | 559,545,412 | Monomer Industries General Partnership | WH_MDL_00029377 (Ex. R. Jones-1174) |
| PAB Facilities Global LLC Roth 401(K) Plan | July 18, 2014 | Nov. 27, 2014 | 188,448,183.95 | PAB Facilities Global General Partnership | WH_MDL_00012587 |
| Pinax Holdings LLC Roth 401(K) Plan | Oct. 2, 2014 | May 21, 2015 | 511,234,268 | Pinax Holdings General Partnership | WH_MDL_00029389 (Ex. R. Jones-1175) |
| Plumrose Industries LLC Roth 401(K) Plan | July 21, 2014 | Nov. 13, 2014 | 162,772,927.20 | Plumrose Industries General Partnership | KF_MDL_13685 |
| Roadcraft Technologies LLC Roth 401(K) Plan | July 21, 2014 | Nov. 27, 2014 | 143,935,436.45 | Roadcraft Technologies General Partnership | WH_MDL_00029401 (Ex. R. Markowitz-2194) |
| Sternway Logistics LLC Roth 401(K) Plan | Oct. 2, 2014 | April 13, 2015 | 571,262,203 | Sternway Logistics General Partnership | WH_MDL_00029420 (Ex. R. Jones-1176) |

| Defendant Pension Plan | Plan Formation Date | Date of First Application to SKAT | Acquisition Price for First Purchase of Danish Shares (DKK) | Partnership(s) | Partnership Agreement(s) |
|---|---|---|---|---|---|
| Trailing Edge Productions LLC Roth 401(K) Plan | July 18, 2014 | Oct. 28, 2014 | 186,528,772.30 | Trailing Edge Productions General Partnership | WH_MDL_00012603 |
| True Wind Investments LLC Roth 401(K) Plan | July 21, 2014 | Oct. 28, 2014 | 165,300,271.50 | True Wind Investments General Partnership | KF_MDL_13696 |
| Tumba Systems LLC Roth 401(K) Plan | July 18, 2014 | Oct. 28, 2014 | 159,036,957.95 | Tumba Systems General Partnership | WH_MDL_00254264 |
| Vanderlee Technologies Pension Plan | Feb. 19, 2013 | May 12, 2014 | 709,324,000 | Vanderlee Technologies General Partnership | KF_MDL_13728 |

VERIFICATION

I, Christian Baden Ekstrand, am Chief Consultant.  I am the agent of

Skatteforvaltningen for the purpose of the Defendants' First Set of Interrogatories dated

November 5, 2020.  I have read the foregoing responses to the interrogatories, which were

prepared by counsel based on discovery in these proceedings, and believe the responses to be

true based on information supplied to me by counsel.  I declare under penalty of perjury under

the laws of the United States of America that the foregoing is true and correct.

Executed on November _11_, 2021.

_____
Christian Baden Ekstrand