# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION<br><br>This document relates to the cases identified on Schedule A to Defendants' Third Set of Interrogatories. | MASTER DOCKET<br><br>Civil Action No. 18-MD-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), plaintiff Skatteforvaltningen ("SKAT") hereby responds and objects to the Third Set of Interrogatories to Plaintiff (the "Interrogatories," and each individually, an "Interrogatory"), dated May 28, 2021, served by the defendants' listed on Schedule A thereto ("Defendants").[1]

**RESERVATION OF RIGHTS**

The response to any particular Interrogatory is not an admission of the relevance or the admissibility into evidence of such response. No statement contained in these responses shall be deemed to constitute an admission that any statement or characterization in the Interrogatories is complete or accurate. SKAT reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

---

1. By agreement of the parties, SKAT shall respond separately, on a future date, to Interrogatories No. 15 and 16.

These objections and responses are made solely for purposes of discovery in this multi-district litigation. SKAT, in responding to these Interrogatories, does not waive any objection based on relevance, materiality, competence, privilege, admissibility, authenticity, vagueness, ambiguity, undue burden, or other grounds, all of which objections and grounds are reserved and may be interposed at the time of any hearing or at trial. Further, SKAT makes the responses and objections herein without in any way implying that it considers the Interrogatories, or responses to the Interrogatories, to be relevant or material to the subject matter of this action. SKAT further does not waive the right to object on any ground at any time to a request for further responses to these Interrogatories. Nor does SKAT waive the attorney-client privilege, work product privilege, or any other privileges with respect to the information called for in the Interrogatories.

SKAT responds to the Interrogatories to the extent that the Interrogatories' instructions do not impose obligations that are beyond the scope of the Federal Rules of Civil Procedure and the Local Rules applicable to discovery in this matter.

No objection made herein, or lack thereof, shall be deemed a statement by SKAT as to the existence or non-existence of any information. Plaintiff's investigation and development of all facts and circumstances relating to these actions is ongoing. These responses and objections are made without prejudice and are not a waiver of Plaintiff's right to rely on other facts or documents at trial.

**OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS**

SKAT objects to the Instructions to the extent that they purport to impose requirements or obligations on SKAT that are inconsistent with or broader than those imposed by the Federal Rules of Civil Procedure, the Local Rules, and applicable case law. SKAT expressly disclaims

any obligation to comply with the Instructions to the extent they go beyond what is required by any of the foregoing.

SKAT objects to the definitions of "Plaintiff," "you," "your" and "SKAT" to the extent they include its unidentified representatives, attorneys, agents, servants, employees, supervisors, assigns, investigators, consultants, and counsel working on its behalf in connection with this or any other litigation, or persons or entities acting or purporting to act on behalf of any of the individuals or entities covered by these definitions. SKAT also objects to the definition of "SKAT" to the extent it includes SKAT's counsel Kammeradvokaten. The Interrogatories incorporating these definitions are vague, ambiguous, overbroad, and unduly burdensome. In answering the Interrogatories, SKAT will interpret the terms "Plaintiff," "you," "your" and "SKAT" to include SKAT and its current or former employees in their capacity as such who were involved in any of the matters at issue in these actions.

## RESPONSES TO INTERROGATORIES

The responses below incorporate the Reservation of Rights and Objections to the Instructions and Definitions as if each were fully set forth therein.

### Interrogatory No. 11

List in chronological order each one of the steps taken by SKAT to investigate the validity or not of the reclaim applications alleged in paragraph 6 of the Avanix Amended Complaint that led Plaintiff to conclude that the Avanix Management LLC Roth 401K Plan had made "false" representations to Plaintiff and "did not own the shares," and that the other Defendant Pension Plans in the Amended Complaints did the same.

### Response to Interrogatory No. 11

SKAT objects to Interrogatory No. 11 because it is beyond the scope of what is permitted by the Local Rules. Under Local Rule 33.3(b), "[d]uring discovery," other than those "seeking names of witnesses with knowledge," "the computation of each category of damage alleged," or

3

"the existence, custodian, location and general description of relevant documents," interrogatories "may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court." Interrogatory No. 11 calls for a long narrative response, and so is not a more practical method of obtaining the information it seeks than other discovery devices. Defendants already have taken the deposition of SKAT's Rule 30(b)(6) witnesses, during which Defendants could have inquired into this topic, but failed to do so.

SKAT further objects to Interrogatory No. 11 as oppressive and unduly burdensome in that it purports to require SKAT to list "in chronological order each one of the steps taken by SKAT to investigate the validity or not of the reclaim applications" submitted by each of the 52 Defendant Pension Plans.

**Interrogatory No. 12**

> Identify the language in the Treaty that you allege in paragraph 23 of the Avanix Amended Complaint provides that "[i]n order to qualify for a full refund under the Treaty, the U.S. pension plans must possess tax-qualified status under section 401(a) of the Internal Revenue Code."

**Response to Interrogatory No. 12**

SKAT refers to Article 22(2)(e) of the Treaty and to the Department of the Treasury's technical explanation to the Treaty. *See* Dep't of Treasury Technical Explanation of the Convention between the Gov't of the U.S. and the Gov't of the Kingdom of Den. for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with respect to Taxes on Income Signed at D.C. on Aug. 19, 1999, art. 22, subpara. 2(E) ("Subparagraph 2(e) provides that a legal person, whether or not exempt from tax, organized under the laws of a Contracting State to provide a pension or other similar benefits to employees, including self-employed individuals, pursuant to a plan, will be entitled to all the benefits of the Convention, provided

4

that more than 50 percent of the person's beneficiaries, members or participants are individuals resident in either Contracting State.  In the United States, these are the tax-exempt organizations described in subparagraph 1(b)(ii) of Article 4 (Residence).  However, Denmark now taxes some pension funds, so the U.S. Model language was modified.").

**Interrogatory No. 13**

Identify the language in the Treaty that you allege in paragraph 23 of the Avanix Amended Complaint requires a pension plan be "exempt from taxation" to be entitled to reclaim withheld dividend income.

**Response to Interrogatory No. 13**

SKAT refers to Article 22(2)(e) of the Treaty and to the Department of the Treasury's technical explanation to the Treaty.  *See* Dep't of Treasury Technical Explanation of the Convention between the Gov't of the U.S. and the Gov't of the Kingdom of Den. for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with respect to Taxes on Income Signed at D.C. on Aug. 19, 1999, art. 22, subpara. 2(E) ("Subparagraph 2(e) provides that a legal person, whether or not exempt from tax, organized under the laws of a Contracting State to provide a pension or other similar benefits to employees, including self-employed individuals, pursuant to a plan, will be entitled to all the benefits of the Convention, provided that more than 50 percent of the person's beneficiaries, members or participants are individuals resident in either Contracting State.  In the United States, these are the tax-exempt organizations described in subparagraph 1(b)(ii) of Article 4 (Residence).  However, Denmark now taxes some pension funds, so the U.S. Model language was modified.").

**Interrogatory No. 14**

Identify the language in the Treaty that you allege in paragraph 45 of the Avanix Amended Complaint reflects "the Treaty's prohibition on the carrying on of leveraged investment activities by a pension fund."

5

**Response to Interrogatory No. 14**

SKAT refers to Article 10(2)(c) and Article 22(2)(e) of the Treaty.

**Interrogatory No. 17**

Identify each administrative or legal proceeding alleging fraud or other misconduct in connection with dividend withholding-tax refunds initiated by SKAT in Denmark involving non-Danish individuals or entities prior to 2018.

**Response to Interrogatory No. 17**

SKAT objects to Interrogatory No. 17 on the ground that proceedings "alleging fraud or other misconduct in connection with dividend withholding-tax refunds initiated by SKAT in Denmark involving non-Danish individuals or entities" other than the Defendants are not relevant to any parties' claims or defenses in these actions. SKAT further objects to Interrogatory No. 17 on the ground that the phrase "other misconduct" is too vague. Finally, SKAT objects to Interrogatory No. 17 on the ground that Danish law, including but not limited to the Danish Tax Administration Act, the Danish Public Administration Act, the Danish Data Protection Act, the European General Data Protection Regulation, the Danish Securities Trading Act, and the Danish Capital Markets Act, prohibits SKAT from disclosing the identities of individuals or entities that submitted refund applications.

**Interrogatory No. 18**

Identify each follow up investigation, administrative proceeding, or request for further information related to specific dividend-withholding tax refunds initiated by SKAT prior to 2015.

**Response to Interrogatory No. 18**

SKAT objects to Interrogatory No. 18 on the ground that "follow up investigation[s], administrative proceeding[s], or request[s] for further information related to specific dividend-withholding tax refunds" other than the Defendants' fraudulent refunds "initiated by SKAT prior

6

to 2015" are not relevant to any parties' claims or defenses in these actions. SKAT further objects to Interrogatory No. 18 on the ground that it is oppressive and unduly burdensome. Finally, SKAT objects to Interrogatory No. 18 on the ground that Danish law, including but not limited to the Danish Tax Administration Act, the Danish Public Administration Act, the Danish Data Protection Act, the European General Data Protection Regulation, the Danish Securities Trading Act, and the Danish Capital Markets Act, prohibits SKAT from disclosing the identities of those with respect to whom SKAT, prior to 2015, initiated any "follow up investigation, administrative proceeding, or request for further information" concerning "specific dividend-withholding tax refunds."

**Interrogatory No. 19**

> State the operational definition in use between 2012 and June 2015 for the term "beneficial owner" (as SKAT used that term in the context of Form 006.003), and identify all documents reflecting that understanding.

**Response to Interrogatory No. 19**

SKAT objects to Interrogatory No. 19 on the ground that it is unduly burdensome for SKAT to identify "all documents reflecting" SKAT's "understanding" of its operational definition of the term "beneficial owner" in use between 2012 and June 2015. Such documents are equally available to Defendants in SKAT's document productions.

Subject to the foregoing objection, SKAT states in response to Interrogatory No. 19 that its operational definition in use between 2012 and June 2015 for the term "beneficial owner" was the same as that term is defined in the Model Tax Convention and the associated Commentaries published by the Organisation for Economic Cooperation and Development. This understanding was reflected in section C.D.1.2.3.5 of the Legal Guide on Danish Tax Matters in effect between January 23, 2012 and July 15, 2012. Between July 16, 2012 and July 30, 2015, the

7

understanding was reflected in section C.F.8.2.2.10.1.3 of the Legal Guide on Danish Tax Matters.

**Interrogatory No. 20**

To the extent you denied any of Defendants' Requests for Admission, state the basis for your denial and identify all facts that support your denial.

**Response to Interrogatory No. 20**

SKAT objects to Interrogatory No. 20 because it causes the number of interrogatories defendants have served to far exceed Federal Rule of Civil Procedure 33(a)(1)'s limit for each party of "25 written interrogatories, including all discrete subparts." Defendants have served on SKAT 137 requests for admission, 43 of which SKAT denied in whole or in part. Thus, Interrogatory No. 20 includes 43 discrete subparts, and by itself far exceeds Defendants' allotment of interrogatories in these actions.

Dated: New York, New York
      July 15, 2021

HUGHES HUBBARD & REED LLP

By:   /s/ Marc A. Weinstein
    William R. Maguire
    Marc A. Weinstein
    Neil J. Oxford
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

## VERIFICATION

I, Christian Baden Ekstrand, am Chief Consultant. I am the agent of Skatteforvaltningen for the purpose of the Defendants' Third Set of Interrogatories dated May 28, 2021. I have read the foregoing responses to the interrogatories, which were prepared by counsel, and believe the responses to be true based on information supplied to me by counsel. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 11, 2021.

_____
Christian Baden Ekstrand