# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

| | |
|---|---|
| CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION | MASTER DOCKET<br><br>Civil Action No. 18-MD-2865 (LAK) |

This document relates to Case Nos.:

1:18-cv-04434-LAK; 1:18-cv-07824-LAK;
1:18-cv-07827-LAK; 1:18-cv-07828-LAK;
1:18-cv-07829-LAK; 1:19-cv-01781-LAK;
1:19-cv-01783-LAK; 1:19-cv-01785-LAK;
1:19-cv-01788-LAK; 1:19-cv-01791-LAK;
1:19-cv-01792-LAK; 1:19-cv-01794-LAK;
1:19-cv-01798-LAK; 1:19-cv-01800-LAK;
1:19-cv-01801-LAK; 1:19-cv-01803-LAK;
1:19-cv-01806-LAK; 1:19-cv-01808-LAK;
1:19-cv-01809-LAK; 1:19-cv-01810-LAK;
1:19-cv-01812-LAK; 1:19-cv-01813-LAK;
1:19-cv-01815-LAK; 1:19-cv-01818-LAK;
1:19-cv-01866-LAK; 1:19-cv-01867-LAK;
1:19-cv-01868-LAK; 1:19-cv-01869-LAK;
1:19-cv-01870-LAK; 1:19-cv-01871-LAK;
1:19-cv-01873-LAK; 1:19-cv-01894-LAK;
1:19-cv-01896-LAK; 1:19-cv-01918-LAK;
1:19-cv-01922-LAK; 1:19-cv-01926-LAK;
1:19-cv-01928-LAK; 1:19-cv-01929-LAK;
1:19-cv-01931-LAK

**PLAINTIFF SKATTEFORVALTNINGEN'S RESPONSES AND OBJECTIONS TO DEFENDANT MICHAEL BEN-JACOB's FIRST SET OF INTERROGATORIES TO PLAINTIFF SKATTEFORVALTNINGEN**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Plaintiff Skatteforvaltningen ("SKAT") hereby responds and objects to the First Set of Interrogatories to Plaintiff SKAT (the "Interrogatories"), dated May 28, 2021, of Defendant Michael Ben-Jacob ("Ben-Jacob").

The response to any particular Interrogatory is not an admission of the relevance or the admissibility into evidence of such response.  No statement contained in these responses shall be deemed to constitute an admission that any statement or characterization in the Interrogatories is complete or accurate.  SKAT reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

These objections and responses are made solely for purposes of discovery in the actions listed in the above caption. In responding to these Interrogatories, SKAT does not waive any objection based on relevance, materiality, competence, privilege, admissibility, authenticity, vagueness, ambiguity, undue burden, or other grounds, all of which objections and grounds are reserved and may be interposed at the time of any hearing or at trial.  Further, SKAT makes the responses and objections herein without in any way implying that it considers the Interrogatory, or responses to the Interrogatory, to be relevant or material to the subject matter of these actions. SKAT further does not waive the right to object on any ground at any time to a request for further responses to these Interrogatories.  SKAT does not waive the attorney-client privilege, work product privilege, or any other privileges with respect to the information called for in the Interrogatories.

SKAT responds to the Interrogatories to the extent that the Interrogatories' instructions do not impose obligations that are beyond the scope of the Federal Rules of Civil Procedure and the Local Rules applicable to discovery in this matter.

No objection made herein, or lack thereof, shall be deemed a statement by SKAT as to the existence or non-existence of any information.  SKAT's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are

made without prejudice and are not a waiver of SKAT's right to rely on other facts or documents at trial.

## GENERAL STATEMENTS & OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS

In the interests of brevity and clarity, SKAT describes and summarizes certain limitations to its responses and common bases for objections to the Interrogatories.

1. SKAT objects to the Definitions, Instructions, and Interrogatories to the extent that they are not proportional to the needs of the case in light of the limited disputed factual issues to which the Interrogatories relate. Undertaking a comprehensive search and review of all SKAT's records for responsive information would impose on SKAT a burden and expense that far outweighs the likely benefit of the discovery. SKAT will respond to the Interrogatories by identifying known information that is responsive to the Interrogatories and will otherwise conduct reasonable searches for and produce discovery in compliance with Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 1.")

2. SKAT objects to the Definitions, Instructions, and Interrogatories to the extent they call for information that is outside SKAT's possession, custody, or control; seek information and/or materials already within the defendant's knowledge, possession, and/or control; or seek information that is publicly available or obtainable from some other source that is more convenient, less burdensome, or less expensive. SKAT has no obligation or duty (and will undertake no such obligation or duty) to search for or produce information that is in the possession, custody, or control of any third party. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 2.")

3

3. SKAT objects to the Definitions, Instructions, and Interrogatories to the extent they are vague, ambiguous, argumentative, cumulative or duplicative, overly broad, unduly burdensome or oppressive, or to the extent they seek information that is not relevant to the claims or defenses in these actions. SKAT objects to the definitions and instructions to the extent they purport to impose obligations or definitions beyond those set out in Local Civil Rule 26.3 and Local Civil Rule 33.3. SKAT objects to the Interrogatories because more practical methods of obtaining the information sought exist. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 3.")

4. SKAT responds to the Definitions, Instructions, and Interrogatories without waiving or intending to waive, but on the contrary, preserving: (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; and (b) the right to object on all grounds, at any time, to document requests or other discovery procedures involving or relating to the subject of the Interrogatories to which SKAT has responded herein.

5. SKAT objects to the definition of "Plaintiff," "You," and "Your" as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information privileged or exempt from discovery. SKAT objects to these definitions to the extent they include or any third parties outside of its control. SKAT further objects to these definitions to the extent they include its representatives, attorneys, agents, investigators, consultants, and counsel working on its behalf in connection with this or any other litigation, or persons or entities acting or purporting to act on behalf of any of the individuals or entities covered by the definition. To the extent that SKAT provides any information in response to an

4

Interrogatory, SKAT will interpret the terms "Plaintiff," "You," and "Your" to include SKAT and its current or former employees in their capacity as such who were involved in any of the matters at issue in this lawsuit from January 1, 2012 to June 15, 2015.

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 1

You allege in paragraph 94 of the Bareroot Amended Complaint that "SKAT paid the Defendants the amounts claimed as withholding tax refunds." State the factual basis for Your contention that SKAT paid Defendant Michael Ben-Jacob any of "the amounts claimed as withholding tax refunds."

### Response to Interrogatory No. 1

SKAT incorporates by reference Objections 1, 2, and 3. Subject to and without waiving any objections, SKAT responds by stating that Defendant Ben-Jacob and his law firm Kaye Scholer LLP provided services in relation to the fraudulent tax refund applications to SKAT, and Defendant Ben-Jacob was compensated for those services from the funds paid by SKAT. *See, e.g.*, WH_MDL_00355444; MBJ_0052776.

### Contention Interrogatory No. 2

You allege in paragraph 100 of the Bareroot Amended Complaint that "[b]y obtaining proceeds from withholding tax refund claims, directly or indirectly, to which they were not entitled, the Defendants were unjustly enriched." State the factual basis for Your contention that Defendant Michael Ben-Jacob "obtain[ed] proceeds from withholding tax refund claims."

### Response to Interrogatory No. 2

SKAT incorporates by reference Objections 1, 2, and 3. Subject to and without waiving any objections, SKAT responds by referring to its Response to Interrogatory No. 1.

### Contention Interrogatory No. 3

You allege in paragraph 104 of the Bareroot Amended Complaint that "Defendants received proceeds from withholding tax refunds to which they were not entitled." State the factual basis for Your contention that Defendant Michael Ben-Jacob "received proceeds from withholding tax refunds."

5

**Response to Interrogatory No. 3**

SKAT incorporates by reference Objections 1, 2, and 3. Subject to and without waiving any objections, SKAT responds by referring to its Response to Interrogatory No. 1.

Dated: New York, New York
       July 15, 2021

HUGHES HUBBARD & REED LLP

By:   /s/ William R. Maguire
    William R. Maguire
    Marc A. Weinstein
    Neil J. Oxford
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

6

## VERIFICATION

I, Christian Baden Ekstrand, am Chief Consultant. I am the agent of Skatteforvaltningen for the purpose of Defendant Michael Ben-Jacob's First Set of Interrogatories dated May 28, 2021. I have read the foregoing responses to the interrogatories, which were prepared by counsel based on discovery in these proceedings, and believe the responses to be true based on information supplied to me by counsel. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 11, 2021.

_____
Christian Baden Ekstrand