WILMERHALE

VIA ECF

November 29, 2021

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-02865-LAK

Dear Judge Kaplan:

On behalf of Richard Markowitz and John van Merkensteijn, we respectfully submit this letter in opposition to SKAT's motion to compel. The marginal relevance of the information SKAT seeks is far outweighed by the burden SKAT seeks to impose, and the motion is untimely. The Court should deny the motion.

1. **SKAT Has The Information It Seeks And Additional Information Is Immaterial**

It is difficult to understand what information SKAT believes it is missing, let alone how that incremental information might relate to its claims. This case is about the tax authority of the Kingdom of Denmark seeking to recover dividend withholding tax reclaims it paid out between 2012 and 2015 based on its judgment under Danish tax law that Defendants were entitled to the refunds—a judgment from which it now seeks to retreat. The discovery SKAT seeks through this motion relates to actual or contemplated dividend arbitrage investment strategies involving *other countries* under *other legal regimes* in, for the most part, *other years*. By SKAT's own account, the Broadgate investment took place "in 2010" and involved "the Ireland-Germany tax treaty," and the Ezra Academy transaction took place "in 2011" and again involved German law.[1] Mot. 2. As for the Duet investment, SKAT says that it involved "submitting tax refund applications to the Belgian government" (*id.*), without acknowledging that it was BNP-Paribas rather than Defendants who submitted those requests. Regardless, it is difficult to see how additional facts related to

---

[1] SKAT selectively quotes from an email authored by Mr. Ben-Jacob without supplying his explanation. When confronted with this exact quotation at his deposition, Mr. Ben-Jacob explained: "I believe that you're misinterpreting the phrase 'tax refund from the German government for taxes that they did not in fact pay.' That's a—that would be my way of saying to another tax practitioner, as noted further in the e-mail, that the dividend tax was withheld at source, so that the client or the owner of the shares was not out-of-pocket for the tax paid." Ex. A (Ben-Jacob Deposition at 360-361). The deposition continued: "Q. The client had not paid the tax. Right? A. Oh, sure, he did. It was simply withheld at source by the company." *Id.*

WilmerHale

Defendants' trading in German and Belgian securities will have any meaningful bearing on their trading in Danish securities and the reclaims they submitted to SKAT.

In short, the discovery SKAT seeks is barely relevant at all.[2] "While the scope of discovery is broad, it is not boundless." *Glatt v. Fox Searchlight Pictures Inc.*, 2012 WL 2108220, at *1 (S.D.N.Y. June 11, 2012). And to the extent the subject matter of SKAT's motion is relevant, SKAT already has the information it needs. For example, SKAT suggests that it will make an argument about how much financing or leverage Defendants used in connection with different dividend arbitrage transactions, but its letter makes clear that the answers are already in the record. Mot. 3.

Indeed, SKAT's motion neglects to acknowledge the voluminous information SKAT already has relating to the matters at issue in this motion. The parties in this case have produced *38,645* documents that reference "Broadgate," another *17,094* that reference "Ezra," and *5,572* that reference "Duet." That is 55,224 documents in all (when accounting for the fact that some documents refer to multiple of these terms), and Defendants to whom this motion is directed have themselves produced nearly 4,000 of them. In addition to these documents, as SKAT's motion makes clear, SKAT had ample opportunity to examine Defendants about each of these transactions during a combined four days of deposition testimony. SKAT identifies no question that went unanswered, let alone an evidentiary gap in the record that warrants plugging at the eleventh hour. The information SKAT seeks is likely to be cumulative and duplicative of information SKAT already has in its possession—including information Defendants have already produced. *See* Fed. R. Civ. P. 26(B)(2)(C) ("[T]he court must limit the … extent of discovery otherwise allowable by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicable … [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.").

SKAT's document requests also reach too broadly, rendering compliance unduly burdensome. Using the most expansive language possible, SKAT seeks "*all* documents and communications *related to*" a series of investments, an agreement, and "*any contemplated or executed* dividend-arbitrage transaction or strategy." Based on preliminary searches, compliance with these requests would require Defendants to review thousands of additional documents. But undertaking that effort at this juncture makes no sense, when Defendants have already provided SKAT with hundreds of thousands of pages, and, by the time fact discovery closes, will have answered no fewer than 178 interrogatories and responded to 238 requests for admission. The burden SKAT

---

[2] SKAT's characterization of Defendants' unrelated investments as "schemes" does not make them nefarious, and would certainly come as a surprise to Merrill Lynch and BNY Mellon, which served as prime broker and custodian (respectively) of the Broadgate Fund.

WILMERHALE

Hon. Lewis A. Kaplan
November 29, 2021
Page 3

seeks to impose outweighs whatever incremental benefit SKAT might obtain from receiving marginally relevant documents that are cumulative to those already in its possession.

2.  **SKAT's Motion Is Untimely By Any Measure**

Filed six business days before the close of fact discovery, SKAT's motion seeks information that it has known about—and known that Defendants refused to produce—for months. SKAT has had multiple opportunities to raise this exact issue with the Court, and at every turn, it declined. It ought not be permitted to backtrack now on its earlier agreements and representations to Defendants and to the Court.

SKAT served the discovery requests at issue on June 8, 2021, making Defendants' responses due on July 9, 2021. *See* SKAT Mot. Ex. 3. The parties had previously agreed that fact discovery would close on June 30, 2021, which made SKAT's requests not merely an afterthought, but also untimely under the parties' agreement at the time. *See, e.g., Joye v. Psch, Inc.*, 2016 WL 3141659, at *4 n.2 (S.D.N.Y. June 3, 2016) ("Although plaintiff served her [document requests] prior to the discovery deadline, a discovery deadline date is the date on which discovery should be complete; it is not the last date on which a party can serve discovery requests.") (cleaned up). As Defendants explained in their objections to these requests:

> SKAT has known about the Broadgate Funds, Ezra Academy, Duet, and the Memorandum of Understanding for years, and it repeatedly insisted—and obtained Defendants' agreement—that fact discovery would close on June 30, 2021. Defendants comported themselves accordingly, making sure to serve any final discovery requests before the end of May 2021. Nevertheless, SKAT served these document requests on June 8, 2021, making responses and objections thereto due after June 30, 2021. Fed. R. Civ. P. 34(b)(2)(A). The Requests are therefore served too late.

Mot. Ex. 5 at 2. Defendants also objected to the discovery sought as cumulative, already in SKAT's possession, irrelevant, unduly burdensome, and disproportionate. *Id.* at 2-6. (We explain further above why these objections provide an independent basis to deny the motion.)

Defendants' present objection on timeliness grounds is not merely that SKAT served the document requests too late; it is also that SKAT has waived its right to object to Defendants' responses. On July 29, 2021, the parties submitted a joint report describing the status of discovery in this case. The report noted that "SKAT and the Defendants previously agreed that fact discovery would close on June 30, 2021," and it identified "two open discovery disputes." ECF No. 651 at 1-2. The report did not mention the requests at issue here. SKAT also agreed in the joint report that "any disputes as to alleged deficiencies in any party's document production will be raised with the Court by September 15, 2021." *Id.* at 1. SKAT did not file any motion concerning these RFPs on or

**WILMERHALE**

Hon. Lewis A. Kaplan
November 29, 2021
Page 4

before September 15, 2021. Nor did SKAT raise any concern about these document requests in the parties' joint filing on September 3, 2021 or at the status conference on October 5, 2021.

In short, SKAT should have served these document requests before June, and if it was going to move to compel, it should have done so—by its own agreement, at the very latest—no later than September 15, 2021. SKAT offers no excuse for its dilatory motion, and the Court should deny the motion on timeliness grounds alone. *See, e.g.*, *Knopf v. Esposito*, 2021 WL 706458, at *2 (S.D.N.Y. Feb. 23, 2021) (denying motion to compel filed four days before close of fact discovery) ("It is too late in the day for the plaintiffs to bring this motion to compel in this action."); *Grant v. Her Imports NY, LLC*, 2017 WL 9938287, at *4 (E.D.N.Y. Mar. 20, 2017) ("Defendants' attempt to seek assistance from the Court at the eleventh hour does not constitute a compelling need for Plaintiff's tax returns, particularly where Defendants filed a motion to compel at the very end of discovery, without having undertaken a diligent approach to discovery themselves.").

The Court should not seriously countenance SKAT's insistence that the discovery it seeks through this motion is "central to SKAT's claims" (Mot. 3). Defendants refused to produce documents in response to these requests in *July*, and SKAT did not even ask Defendants whether they intended to stand on their objections until *October* (Mot. 2), declining to identify the potential issue for the Court despite multiple opportunities, and waiting until the end of *November* to file its motion. Over a period of multiple years, Defendants have produced hundreds of thousands of pages, including thousands of documents that relate to the specific transactions at issue in SKAT's motion. SKAT has also received millions of pages of documents from other parties and non-parties, including tens of thousands of documents about these same transactions. The record is extensive, and nothing more is required. Notwithstanding SKAT's insatiable appetite for discovery, it is finally time for fact discovery to close.

We respectfully request that the Court deny SKAT's motion.

Respectfully submitted,


 /s/ Alan E. Schoenfeld
Alan E. Schoenfeld