UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:   18-cv-05053, 18-cv-09797, 18-cv-09836, 18-cv-09837, 18-cv-09838, 18-cv-09839, 18-cv-09840, 18-cv-09841, 18-cv-10100[1] | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**THIRD-PARTY PLAINTIFFS DARREN WITTWER, ROBERT CREMA, AND ACER INVESTMENT GROUP, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINTS**

K&L Gates LLP
John C. Blessington
Brandon R. Dillman
John L. Gavin
One Lincoln Street
Boston, MA  02111
617.261.3100

*Attorneys for Darren Wittwer, Robert Crema, and Acer Investment Group, LLC*

---

[1] The related actions include the following cases, which were pending in the District of Utah prior to transfer to this Court for pre-trial purposes: *SKAT v. DW Construction, Inc. Retirement Plan*, 18-cv-09797 (S.D.N.Y.); *SKAT v. Kamco Investments Inc. Pension Plan*, 18-cv-09836 (S.D.N.Y.); *SKAT v. Kamco LP Profit Sharing Pension Plan*, 18-cv-09837 (S.D.N.Y.); *SKAT v. Linden Associates Defined Benefit Plan*, 18-cv-09838 (S.D.N.Y.); *SKAT v. Moira Associates LLC 401K Plan*, 18-cv-09839 (S.D.N.Y.); *SKAT v. Riverside Associates Defined Benefit Plan*, 18-cv-09840 (S.D.N.Y.); and *SKAT v. American Investment Group of New York, L.P. Pension Plan*, 18-cv-09841 (S.D.N.Y.) (together, the "Utah Actions").  The related actions also include *SKAT v. Newsong Fellowship Church 401k Plan*, 18-cv-10100 (S.D.N.Y.), which was pending in the Eastern District of Pennsylvania prior to transfer to this Court for pre-trial purposes, and *SKAT v. The Goldstein Law Group PC 401k Profit Sharing Plan*, 18-cv-05053 (S.D.N.Y.), which was pending in the Southern District of New York prior to multi-district consolidation.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ ii

**PRELIMINARY STATEMENT** ..........................................................................................1

**BACKGROUND** ..................................................................................................................1

**LEGAL STANDARD** ..........................................................................................................3

**ARGUMENT** .......................................................................................................................4

    **I.  Justice requires granting Third-Party Plaintiffs leave to file amended third-party complaints.** ..................................................................................................4

    **II. The proposed amendments are not futile.** .................................................................5

    **III. Granting Third-Party Plaintiffs leave to file amended third-Party complaints will not unduly prejudice ED&F.** ........................................................................................7

**CONCLUSION** ....................................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AEP Energy Services Gas Holding Co. v. Bank of America, N.A.,*
   626 F.3d 699 (2d Cir. 2010).................................................................................................6

*Agerbrink v. Model Serv. LLC,*
   155 F. Supp. 3d 448 (S.D.N.Y. 2016)................................................................................7, 8

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.,*
   87 F. Supp. 2d 281 (S.D.N.Y. 2000).....................................................................................7

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985)..............................................................................................................5

*In re Customs & Tax Admin. of the Kingdom of Den. (SKAT) Tax Refund Scheme Litig.,*
   No. 18-md-2865-LAK, 2020 WL 70938 (S.D.N.Y. Jan. 7, 2020) ........................................5

*Foman v. Davis,*
   371 U.S. 178, 83 S.Ct. 227 (1962)........................................................................................4

*Friedl v. City of New York,*
   210 F.3d 79 (2d Cir. 2000)....................................................................................................4

*In re SKAT Tax Refund Scheme Litig.,*
   No. 18-CV-05053, 2020 WL 7059843 (S.D.N.Y. Dec. 2, 2020) ..........................................5

*In re United Brands Co. Secs. Litig.,*
   No. 85 Civ. 5445 (JFK), 1990 WL 16164 (S.D.N.Y. Feb. 15, 1990).....................................4

*Williams v. Citigroup Inc.*,
   659 F.3d 208 (2d Cir. 2011)...............................................................................................3, 5

**Other Authorities**

Federal Rule of Civil Procedure 15 ................................................................................................3

Third-Party Plaintiffs Robert Crema ("Crema"), Darren Wittwer ("Wittwer"), and Acer Investment Group, LLC ("Acer," and collectively with Crema and Wittwer, the "Third-Party Plaintiffs") respectfully submit this memorandum of law in support of their motion for leave to file amended third-party complaints against ED&F Man Capital Markets, Ltd. ("ED&F").

## PRELIMINARY STATEMENT

Third-Party Plaintiffs request leave to file amended third-party complaints against ED&F: (i) to address jurisdictional issues the Court identified with respect to Acer's claims in the Court's October 26, 2021 order granting ED&F's motion to dismiss Third-Party Plaintiffs' original third-party complaints (the "October 26 Order"); and (ii) to amend/reassert the claims brought by Crema and Wittwer that were dismissed by the Court in the October 26 Order.

Leave to amend should be "freely given" and rarely denied, particularly where, as here, the Court invited Third-Party Plaintiffs to file amended third-party complaints and dismissed Crema and Wittwer's third-party complaints without explanation. Given the liberal standard for granting leave to amend, the Court should grant Third-Party Plaintiffs' motion.

## BACKGROUND

Third-Party Plaintiffs filed third-party complaints against ED&F on January 29, 2021, asserting third-party claims for fraud, negligent misrepresentation, breach of fiduciary duty, promissory estoppel and unjust enrichment, and equitable indemnification against ED&F. ED&F filed two separate motions to dismiss each of the Third-Party Complaints filed by Wittwer and Crema. ED&F also filed a motion to dismiss Acer's Third-Party Complaint. ED&F argued in each motion that it was not subject to personal jurisdiction, that the claims were inappropriate third-party claims under Rule 14 and Utah state law, and that the claims were not sufficiently pled under Rule 12(b)(6). The parties briefed the issues presented in ED&F's motions to dismiss.

On October 26, 2021, the Court issued an order granting each of ED&F's motions to dismiss, concluding that Acer's third-party complaint had insufficient allegations concerning ED&F's connections with the forum states—Utah, Pennsylvania, and New York. *See* October 26 Order, at 15–18. The Court also granted Acer the opportunity to file a motion for leave to amend. *Id.*

In regards to Wittwer and Crema, the Court determined that they had sufficiently alleged ED&F's connections with the forum state to allow the Court to exercise personal jurisdiction over ED&F. *Id.* at 13 ("The Court therefore cannot conclude as a matter of law that jurisdiction is lacking with respect to the complaints of Wittwer and Crema"). The Court also concluded that Wittwer's and Crema's third-party claims were permissible under Rule 14 and that Utah state law does not bar any of Wittwer's and Crema's third-party claims. As with Acer, the Court declined to address ED&F's Rule 12(b)(6) arguments for the time being "in light of the Court's decision to allow [Acer] to move for leave to amend its jurisdictional allegations." *See* October 26 Order, at 26. Nevertheless, the Court concluded: "Wittwer, Crema, and Acer's third-party complaints are dismissed without prejudice to motions for leave to file amended third-party complaints, copies of which shall be submitted along with any such motion, on or before November 29, 2021." October 26 Order, at 26.[2]

Per the Court's invitation, Third-Party Plaintiffs have filed a motion for leave to amend their third-party complaints against ED&F. Third-Party Plaintiffs' amended complaints against ED&F are attached to this motion as Exhibits 1, 2, and 3. The nature of Third-Party Plaintiffs'

---

[2] In light of the apparent inconsistency in the October 26 Order, Crema and Wittwer sought clarification as to the reasons that their third-party complaints were dismissed when the Order expressly stated that there were no deficiencies in Crema and Wittwer's third-party complaints; however, that motion was denied.

amendments fall into two categories: (1) those related to ED&F's forum-related contacts; and (2) those related to ED&F's conduct arising out of the underlying transactions that serve as the basis for SKAT's allegations against Third-Party Plaintiffs. Specifically, Third-Party Plaintiffs allege that ED&F purposefully engaged in business relationships with the relevant pension plans in New York, Pennsylvania, and Utah (and with Acer, in Utah). Acer Amend. 3P Compl. ¶¶ 4, 13–14, 16–18, 27; Wittwer/Crema Amend. 3P Compl. ¶¶ 21–23. Third-Party Plaintiffs also now allege additional facts arising out of the same transactions that were described in the original third-party complaints. For instance, the amendments more fully describe the importance of the tax vouchers that ED&F created for the Plans. Acer Amend. 3P Compl. ¶¶ 41, 46; Wittwer/Crema Amend. 3P Compl. ¶ 47. Those tax vouchers were the keystone of the tax-refund requests submitted to SKAT, and their importance has only been confirmed through discovery. Additionally, the amendments more fully describe the circumstances surrounding ED&F's "disavowed" tax vouchers that ED&F belatedly admitted were false and should never have been created in the first place. Acer Amend. 3P Compl. ¶¶ 36, 58–62, 64–65, 75; Wittwer/Crema Amend. 3P Compl. ¶¶ 40, 62–65, 69, 82.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2)'s "permissive standard" for granting leave to amend reflects the "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotation omitted). Granting leave to amend is within the Court's discretion, and a motion for leave should be granted absent excessive delay, prejudice to the opposing party, or futility in the proposed amendments. *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000).

## ARGUMENT

### I. Justice requires granting Third-Party Plaintiffs leave to file amended third-party complaints.

In assessing whether the Court should grant Third-Party Plaintiffs leave to amend, the Court must "begin[] with the presumption that" leave "should be granted unless good reason exists to deny it." *In re United Brands Co. Secs. Litig.*, No. 85 Civ. 5445 (JFK), 1990 WL 16164 at *2 (S.D.N.Y. Feb. 15, 1990); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'").

There is no good reason to deny Third-Party Plaintiffs' motion. This is the first request to amend Wittwer's, Crema's, and Acer's third-party complaints. The Court specifically invited that this motion be filed with amendments to their third-party complaints. Thus, at the Court's invitation, Third-Party Plaintiffs now seek to amend their claims against ED&F with more allegations concerning ED&F's role in the relevant transactions and forum-related conduct. The motion is not dilatory as it has been filed in per the Court's October 26 Order. Likewise, the motion has not been filed in bad faith. All of the new allegations in the amended pleadings arise out of ED&F's conduct that was set forth in the original third-party complaints.

Furthermore, justice requires giving Acer the opportunity to re-plead its personal jurisdiction allegations relative to ED&F's contacts with New York, Pennsylvania, and Utah; indeed, the Court specifically invited that Acer do so in the October 26 Order. This Court previously recognized that ED&F's "long-term business relationship" with a New York-based entity, the Goldstein Law Group PC 401(K) Profit Sharing Plan (the "Goldstein Plan"), subjected ED&F to personal jurisdiction in the State of New York as to the Goldstein Plan's claims against ED&F. *In re Customs & Tax Admin. of the Kingdom of Den. (SKAT) Tax Refund Scheme Litig.*,

No. 18-md-2865-LAK, 2020 WL 70938 (S.D.N.Y. Jan. 7, 2020). The Court also previously ruled that Acer was subject to personal jurisdiction in New York and Pennsylvania, despite not having any presence there or SKAT-related conduct in those jurisdictions, because of Acer's "business relationship with entities in each of these states that led to SKAT's claims in this action." *In re SKAT Tax Refund Scheme Litig.*, No. 18-CV-05053, 2020 WL 7059843, at *3 (S.D.N.Y. Dec. 2, 2020). Acer's amended pleading similarly set forth allegations that establish ED&F's ongoing business relationship during the relevant time period with entities in New York, Pennsylvania, and Utah that led to Acer's claims against ED&F. Acer Amend. 3P Compl. ¶¶ 4, 13–14, 16–18, 27. As the Court previously stated, "jurisdiction is proper where a defendant 'has created continuing obligations between himself and residents of the forum' and 'manifestly has availed himself of the privilege of conducting business there.'" *In re SKAT Tax Refund Scheme Litig.*, No. 18-CV-05053, 2020 WL 7059843, at *2 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). Accordingly, as the Court recognized in the October 26 Order, justice requires giving Acer the opportunity to rectify any deficiencies related to its personal jurisdiction allegations.[3]

## II. The proposed amendments are not futile.

The Court may also consider whether the proposed amended pleadings would withstand a motion to dismiss. Leave to amend need not be granted where the proposed amendment would be futile. *Williams*, 659 F.3d at 214. "Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010).

As set forth above, the amended allegations relating to personal jurisdiction in the amended third-party complaints are not futile. The allegations describe ED&F's business relationships with

---

[3] Wittwer and Crema have similarly amended their pleading to include such allegations, though the Court found no deficiencies in their original third-party complaints.

the pension-plan entities and Acer in the relevant forums that give rise to Acer's third-party claims. In previously denying two motions to dismiss filed in this MDL, this Court ruled that (i) it was ED&F's business relationship with the Goldstein Plan that subjected ED&F to personal jurisdiction in New York as to the Goldstein Plan's claims against ED&F,[4] and (ii) that it was Acer's business relationship with pension plans in New York and Pennsylvania that subjected Acer to personal jurisdiction in those states as to SKAT's claims against Acer.[5] Acer's claims against ED&F arise from its business relationship with those same pension plans in those same states. It follows that ED&F is subject to personal jurisdiction in those states as to Acer's claims. Thus, these proposed amendments are not futile. Furthermore, Acer has now more succinctly defined its business activities in Utah and has alleged that ED&F conducted business with Acer in Utah. These amendments relating to ED&F's forum-directed activities are also not futile.

Third-Party Plaintiffs have also alleged additional facts concerning the importance of the tax vouchers prepared by ED&F. Acer Amend. 3P Compl. ¶¶ 41, 46; Wittwer/Crema Amend. 3P Compl. ¶ 47. No party can seriously dispute that the ED&F tax vouchers were material and they were essential to the transactions. Without those tax vouchers, Third-Party Plaintiffs, the pension plans, and related individual defendants would not have been sued by SKAT in this MDL because no refund requests would have ever been made. Third-Party Plaintiffs have also now alleged that they continued their business relationship with ED&F based on ED&F's misrepresentations. Acer

---

[4] *In re Customs & Tax Admin. of the Kingdom of Den. (SKAT) Tax Refund Scheme Litig.*, No. 18-md-2865-LAK, 2020 WL 70938, at *1 (S.D.N.Y. Jan. 7, 2020) ("By engaging in a long-term business relationship with a New York entity, ED&F Man purposefully availed itself of the benefits of doing business in New York.").

[5] *In re SKAT Tax Refund Scheme Litig.*, No. 18-CV-05053, 2020 WL 7059843, at *2 (S.D.N.Y. Dec. 2, 2020) ("Acer cannot escape jurisdiction in Pennsylvania or New York after purposefully engaging in a business relationship with entities in each of these states that led to SKAT's claims in this action").

Amend. 3P Compl. ¶ 75; Wittwer/Crema Amend. 3P Compl. ¶ 82. Indeed, had Third-Party Plaintiffs known that ED&F's tax vouchers were false—or if ED&F never created tax vouchers in the first place—then Third-Party Plaintiffs would not have continued trading through ED&F. Finally, Wittwer and Crema have amended their pleading to more fully explain that as the relevant pension plans' sole participants, they were third-party beneficiaries of the plans' trading at ED&F. Wittwer/Crema Amend. 3P Compl. ¶ 11. These additional amendments further establish that the claims against ED&F are not futile.

### III. Granting Third-Party Plaintiffs leave to file amended third-party complaints will not unduly prejudice ED&F.

For this Court to deny Third-Party Plaintiffs' motion for leave to amend on the basis of prejudice, ED&F must demonstrate "undue prejudice." *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (emphasis added). In determining whether ED&F has demonstrated undue prejudice, the Court considers whether the proposed amended pleading would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (internal quotation omitted). "Whether a party had prior notice of a claim and whether [any] new claim arises from the same transaction as the claims in the original pleading are central to the undue prejudice analysis." *Id.* at 455. In this analysis, the Court "weigh[s] any potential prejudice to the opposing party against the prejudice that the moving party would experience if the amendment were denied." *Id.* at 454. ED&F bears "the

burden of demonstrating that substantial prejudice would result were the proposed amendment to be granted." *Id.* (internal quotation omitted).

ED&F cannot show undue prejudice. Third-Party Plaintiffs are not adding any new claims, legal theories, or parties to their third-party claims. The proposed amended complaints will also not delay resolution of the third-party actions, as the underlying claims involving SKAT and Third-Party Plaintiffs are still ongoing. Thus, ED&F cannot show any prejudice, let alone undue prejudice.

## CONCLUSION

For the foregoing reasons, Third-Party Plaintiffs respectfully request that the Court grant its motion for leave to file their proposed amended third-party complaints.

November 29, 2021

Respectfully submitted,

K&L GATES LLP

*/s/ John C. Blessington*
John C. Blessington (*pro hac vice*)
  john.blessington@klgates.com
Brandon R. Dillman (*pro hac vice*)
  brandon.dillman@klgates.com
Michael R. Creta (*pro hac vice*)
  michael.creta@klgates.com
John L. Gavin (*pro hac vice*)
  john.gavin@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
T: 617.261.3100
F: 617.261.3175

*Attorneys for Darren Wittwer, Robert Crema, and Acer Investment Group, LLC*