UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to all cases listed in Appendix A. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO APPROVE ALTERNATIVE SERVICE**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

Plaintiff Skatteforvaltningen ("SKAT"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Approve Alternative Service (the "Motion") of Federal Rule of Civil Procedure 45 subpoenas to testify on non-parties Matthew Cooper ("Cooper") and Ira Reibeisen ("Reibeisen") by certified mail, email, Facebook and LinkedIn, and to extend the December 3, 2021 fact discovery deadline solely with respect to SKAT's depositions of Cooper and Reibeisen.

## PRELIMINARY STATEMENT

For nearly a year, SKAT has attempted to serve subpoenas to testify upon Cooper and Reibeisen, individuals who acted as "authorized traders" for 39 of the pension plans that are defendants in this multi-district litigation (the "Defendant Plans").[1] SKAT respectfully asks that the Court approve alternative service of these two subpoenas by certified mail, email, Facebook and LinkedIn, as SKAT has not been able to effect personal service on either individual despite diligent efforts. SKAT also requests leave to depose Cooper and Reibeisen on dates subsequent to the December 3, 2021 close of fact discovery, after alternative service has been effected, and after SKAT is able to contact Cooper and/or Reibeisen to schedule their testimony.

## BACKGROUND

SKAT has made sustained, diligent efforts to serve Cooper and Reibeisen; seeking both the assistance of associated counsel and utilizing process servers. In February 2021, SKAT requested that counsel for Cooper and Reibeisen's former employer, Capital M Group, LLC ("Capital M"),[2] accept service of subpoenas on behalf of Cooper and Reibeisen. Counsel for Capital M Group declined.

---

1. The "Defendant Plans" and the case numbers to which this motion relates are listed in Appendix A hereto.

2. Cooper and Reibeisen were employed at Capital M while acting as "authorized traders" for the Defendant Plans.

Declaration of John McGoey dated December 3, 2021 ("McGoey Decl.") ¶ 19. SKAT also requested that counsel for Richard Markowitz and John van Merkensteijn, whose Defendant Plans employed Cooper and Reibeisen as authorized traders, assist in arranging their depositions. Defendants' counsel declined to do so. McGoey Decl. ¶ 20.

In connection with its attempt to effect service via process servers, SKAT employed an investigative consulting firm that obtained multiple potential addresses for both Cooper and Reibeisen. McGoey Decl. ¶ 3. Using these addresses, SKAT attempted to serve Cooper and Reibeisen multiple times over the course of 2021. On February 22, 2021, SKAT attempted to serve Cooper at an apartment in New York City, which public record searches identified as a recent residence. McGoey Decl. ¶¶ 3, 4 & Ex. A. On February 26, 2021, SKAT attempted to serve Cooper at an address that appeared from public record searches to be Cooper's parents' home. McGoey Decl. ¶¶ 3, 5 & Ex. B. On June 4, 5, 7 and 8, 2021, SKAT attempted to serve Cooper at addresses that appeared from public records to be more recent addresses for Cooper's parents. McGoey Decl. ¶¶ 3, 9, 10 & Exs. E, F. On June 8, the process server was informed by an individual at one of these addresses that Cooper was out of the country. On June 8, the same process server left the subpoena with the occupant of that address. McGoey Decl. ¶ 9 & Ex. E. On September 13, 2021, SKAT attempted to serve Cooper again at his parents' homes and also at a separate address in New York City, which public records indicated was Cooper's new residence. McGoey Decl. ¶¶ 3, 11-14 & Exs. B, G, H, I.

SKAT also attempted to serve Reibeisen at multiple addresses and on multiple dates. On March 10, 2021, SKAT attempted service at an apartment building, which the process server was able to confirm as Reibeisen's residence. McGoey Decl. ¶ 6 & Ex. C. The process server spoke to an employee of the building, who would not let the process server go up to Reibeisen's apartment. *Id.* The building employee spoke to Reibeisen and informed him that the process server had legal papers for

Reibeisen. *Id.* Reibeisen informed the building employee that he would not allow the process server to deliver the subpoena to his apartment, nor would he come to the lobby to receive it. *Id.* As a result, the process server left the subpoena with the building employee, who said that he would leave the document in Reibeisen's mailbox. *Id.* SKAT also attempted to serve Reibeisen at the same address on March 25, 2021; May 15, 2021; and September 13, 2021. McGoey Decl. ¶¶ 7, 8, 15 & Exs. B, D, J. On September 13, 2021 SKAT also attempted to serve Reibeisen at his likely place of employment, identified through Reibeisen's publicly available LinkedIn profile. McGoey Decl. ¶ 16 & Ex. K.

In addition to these attempts at personal service, on November 10, 2021, SKAT sent to Cooper's home address via Federal Express a copy of the subpoena and a letter requesting that he or his counsel contact SKAT. McGoey Decl. ¶¶ 3, 17. Federal Express was unable to deliver the package, so on November 11, 2021 SKAT sent the same letter and subpoena to Cooper's home address via first class mail. *Id.* On November 11, 2021, SKAT sent to Reibeisen's home address via Federal Express a copy of the subpoena and a letter requesting that Reibeisen or his counsel contact SKAT. McGoey Decl. ¶ 18. Neither Cooper nor Reibeisen, nor any counsel retained by them, has contacted SKAT in response. McGoey Decl. ¶¶ 17, 18.

## ARGUMENT

**I.     Cooper's and Reibeisen's Testimony Is Relevant to SKAT's Claims.**

SKAT's pleadings allege that the Defendant Plans represented falsely that they owned shares of Danish companies, on which they claimed to receive dividends and pay withholding tax.[3] Relying on these representations, SKAT paid the Defendant Plans hundreds of millions of dollars. In order to disguise that no transactions ever occurred and that no shares ever existed, the Defendant Plans created

---

3. *See generally, e.g.*, Amended Complaint, *Skatteforvaltningen v. Avanix Management LLC Roth 401K Plan*, No. 19-cv-01867 (LAK) (S.D.N.Y. Apr. 20, 2020), ECF No. 60 (attached as Exhibit N to the McGoey Decl.). For the purposes of the Motion, SKAT's complaints against the other 38 Defendant Plans are substantially similar to the complaint against the Avanix Management LLC Roth 401K Plan.

3

a false paper trail of thousands of emails and other documentation that purported to show the purchase of the Danish securities for which the Defendant Plans submitted their fraudulent dividend withholding tax refund applications.

Cooper and Reibeisen acted as "authorized traders" for the Defendant Plans. In this role, they assisted in generating the emails and other false documents that created this paper trail. ███████

███████████████████████████████████████████

███████████████████████████████

███████████████████████████████████ ██████

███████████████████████████████

██████████████████████████████████ Cooper's and Reibeisen's testimony is therefore relevant to a core issue in the case: whether the Defendant Plans ever purchased the securities that they claimed to own. *See* Fed. R. Civ. P. 26(b)(1) (discovery is permitted on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"); *see also Condit v. Dunne,* 225 F.R.D. 100, 105 (S.D.N.Y. 2004) ("relevance, for purposes of discovery, is an extremely broad concept").

## II. SKAT's Proposed Means of Alternative Service Reasonably Ensure Actual Receipt of the Subpoenas by Cooper and Reibeisen.

Rule 45 permits alternative service "where such service reasonably insures actual receipt of the subpoena by the witness and comports with due process insofar as it is reasonably calculated under the circumstances to provide the witness with both notice and an opportunity to present objections." *Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, No. 18-CV-4921 (PGG)

---

4. ████████████████████████████████████████████████████

(KHP), 2021 WL 2767131, at *1 (S.D.N.Y. July 2, 2021) (citation, internal quotation marks, and internal brackets omitted). "Courts typically require a party seeking leave to serve by alternative means to demonstrate a prior diligent attempt to personally serve before permitting substituted service under Rule 45." *Id.* (citation and internal quotation marks omitted).

Courts in this district have held that service via certified mail reasonably meets the requirements of Rule 45. *See, e.g.*, *Cordius Tr. v. Kummerfeld*, No. 99 CIV. 3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) ("Because alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness, the 'delivery' requirement of Rule 45 will be met."); *Sparrow Fund Mgmt. LP*, 2021 WL 2767131, at *1-2 (permitting service of process for a Rule 45 subpoena by certified mail "in light of the COVID-19 pandemic"). Courts in this district have also found that service via a known email address in conjunction with service via known social media accounts meets the requirements of due process. *See, e.g., F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4, *6 (S.D.N.Y. Mar. 7, 2013) (finding service of motions and other documents via email and Facebook together would satisfy the due process inquiry, but also noting that "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant");[5] *see also WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT-TRJ, 2014 WL 670817, at *4 (E.D. Va. Feb. 20, 2014) (permitting service of summons and complaint via email, Facebook and LinkedIn, where plaintiffs identified Facebook and LinkedIn accounts under the defendant's name and the information listed in the defendant's Facebook and LinkedIn profiles matched aspects of his work history).

---

5. In *PCCare247*, the Court concluded that service via Facebook would provide a reasonable likelihood of notice if it were done in conjunction with service via email. 2013 WL 841037, at *4. Other Courts have followed similar reasoning. *See, e.g., Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 367 (E.D.N.Y. 2016). !

SKAT's proposed means of service via certified mail,[6] email,[7] and Facebook and LinkedIn messages[8] therefore satisfies the standard for proper alternative service, and given SKAT's diligent previous efforts, should be approved.

### III. The Court Should Permit SKAT to Depose Cooper and Reibeisen After the December 3, 2021 Close of Fact Discovery.

To the extent alternative service is approved, and once it is effected, SKAT also seeks leave to take the depositions of Cooper and Reibeisen after the December 3, 2021 close of fact discovery. *See* Pretrial Order 29 §1.1 (ECF No. 675). Modifications of discovery schedules are permitted upon a showing of "good cause," Fed. R. Civ. P. 16(b), which is to be "liberally construed," *Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*, 233 F.R.D. 338, 342 (S.D.N.Y. 2005) (citing Wright & Miller, Federal Practice and Procedure § 1522.1 (1990)). A party meets this standard if it has attempted to meet its deadlines with "diligent efforts." *Id*. As described above, SKAT has diligently attempted to serve Reibeisen and Cooper through personal service on multiple occasions, through associated counsel, and via first class mail and/or Federal Express. SKAT's efforts to date constitute "good cause," warranting the Court's authorization to depose Cooper and Reibeisen after the close of fact discovery.[9]

---

6. SKAT has confirmed Cooper's and Reibeisen's home addresses through public records searches. McGoey Decl. ¶ 3. Reibeisen's home address has also been confirmed by an employee of the apartment building in which he resides. McGoey Decl. ¶ 6 & Ex. C. A process server employed by SKAT confirmed Cooper's current address by speaking with a mail carrier for the United States Postal Service. McGoey Decl. ¶ 11 & Ex. G.

7. SKAT has identified Cooper's and Reibeisen's personal email addresses through documents produced in the course of this litigation. McGoey Decl. ¶ 21.

8. An investigative consulting firm working at SKAT's direction has identified and confirmed both Cooper's and Reibeisen's Facebook and LinkedIn accounts. McGoey Decl. ¶ 22.

9. SKAT's sustained but unsuccessful attempts at service also constitute good cause as to why SKAT should be permitted to depose these third parties under § 1.1.1 of Pretrial Order 29 (ECF No. 675).

## CONCLUSION

For the foregoing reasons, SKAT respectfully requests that the Court approve alternative service of the two subpoenas by certified mail, email, Facebook and LinkedIn.  SKAT also requests leave to depose Cooper and Reibeisen on dates subsequent to the December 3, 2021 close of fact discovery, after alternative service has been effected and after SKAT is able to contact Cooper and/or Reibeisen to schedule their testimony.

Dated: New York, New York
December 3, 2021

HUGHES HUBBARD & REED LLP

By: /s/ Marc A. Weinstein
Marc A. Weinstein
William R. Maguire
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
marc.weinstein@hugheshubbard.com
bill.maguire@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

**Appendix A**

| Defendant Plan | Docket No. |
|---|---|
| Aerovane Logistics LLC Roth 401(k) Plan | 1:18-cv-07828-LAK |
| Albedo Management LLC Roth 401(k) Plan | 1:19-cv-01785-LAK |
| Avanix Management LLC Roth 401(k) Plan | 1:19-cv-01867-LAK |
| Ballast Ventures LLC Roth 401(k) Plan | 1:19-cv-01781-LAK |
| Bareroot Capital Investments LLC Roth 401(k) Plan | 1:19-cv-01783-LAK |
| Basalt Ventures LLC Roth 401(k) Plan | 1:19-cv-01866-LAK |
| Battu Holdings LLC Roth 401(k) Plan | 1:19-cv-01794-LAK |
| Cantata Industries LLC Roth 401(k) Plan | 1:19-cv-01798-LAK |
| Cavus Systems LLC Roth 401(k) Plan | 1:19-cv-01869-LAK |
| Cedar Hill Capital Investments LLC Roth 401(k) Plan | 1:19-cv-01922-LAK |
| Crucible Ventures LLC Roth 401(k) Plan | 1:19-cv-01800-LAK |
| Dicot Technologies LLC Roth 401(k) Plan | 1:19-cv-01788-LAK |
| Eclouge Industry LLC Roth 401(k) Plan | 1:19-cv-01870-lAK |
| Edgepoint Capital LLC Roth 401(k) Plan | 1:18-cv-07827-LAK |
| Fairlie Investments LLC Roth 401(k) Plan | 1:19-cv-01791-LAK |
| First Ascent Worldwide LLC Roth 401(k) Plan | 1:19-cv-01792-LAK |
| Fulcrum Productions LLC Roth 401(k) Plan | 1:19-cv-01928-LAK |
| Green Scale Management LLC Roth 401(k) Plan | 1:19-cv-01926-LAK |
| Hadron Industries LLC Roth 401(k) Plan | 1:19-cv-01868-LAK |
| Headsail Manufacturing LLC Roth 401(k) Plan | 1:18-cv-07824-LAK |
| Keystone Technologies LLC Roth 401(k) Plan | 1:19-cv-01929-LAK |
| Limelight Global Productions LLC Roth 401(k) Plan | 1:19-cv-01803-LAK |
| Loggerhead Services LLC Roth 401(k) Plan | 1:19-cv-01806-LAK |
| Monomer Industries LLC Roth 401(k) Plan | 1:19-cv-01801-LAK |
| Omineca Pension Plan | 1:19-cv-01894-LAK |
| PAB Facilities Global LLC Roth 401(k) Plan | 1:19-cv-01808-LAK |
| Pinax Holdings LLC Roth 401(k) Plan | 1:19-cv-01810-LAK |
| Plumrose Industries LLC Roth 401(k) Plan | 1:19-cv-01809-LAK |
| Roadcraft Technologies LLC Roth 401(k) Plan | 1:19-cv-01812-LAK |
| Routt Capital Pension Plan | 1:19-cv-01896-LAK |
| Starfish Capital Management LLC Roth 401(k) Plan | 1:19-cv-01871-LAK |
| Sternway Logistics LLC Roth 401(k) Plan | 1:19-cv-01813-LAK |
| The Random Holdings 401(k) Plan | 1:18-cv-07829-LAK |
| The Stor Capital Consulting LLC 401(k) Plan | 1:18-cv-04434-LAK |
| Trailing Edge Productions LLC Roth 401(k) Plan | 1:19-cv-01815-LAK |
| True Wind Investments LLC Roth 401(k) Plan | 1:19-cv-01818-LAK |
| Tumba Systems LLC Roth 401(k) Plan | 1:19-cv-01931-LAK |
| Vanderlee Technologies Pension Plan | 1:19-cv-01918-LAK |
| Voojo Productions LLC Roth 401(k) Plan | 1:19-cv-01873-LAK |