**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF          MASTER DOCKET
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND            18-md-02865-LAK
SCHEME LITIGATION

This document relates to:    The cases identified in
                             Appendix A

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO APPROVE ALTERNATIVE SERVICE

The only thing SKAT's motion establishes is its insatiable appetite for discovery.  SKAT seeks to re-open the June 30, 2021 deadline to take third-party depositions for the purpose of deposing two short-term employees of defendants Richard Markowitz, John van Merkensteijn, and Robert Klugman whose identity and role SKAT has known about since at least May 15, 2020.  SKAT did not diligently pursue these depositions over the thirteen months during which they would have been timely, nor has it excused its repeated failures to bring its purported service issue to the Court's attention at any time over the past year.  Further, SKAT's decision not to pursue discovery of other third parties who served in a similar role as the individuals at issue in its motion directly undermines its claims to the necessity of these two depositions.  The Court need not even reach the question whether alternative service is appropriate under the circumstances because SKAT cannot demonstrate the good cause necessary to permit these depositions to go forward.  Finally, defendants would be prejudiced if the Court were to permit SKAT to re-open discovery.

1

Counsel for the individual and plan defendants in the actions identified in Schedule A ("Defendants") submit this memorandum in opposition to SKAT's motion to approve alternative service.  For the reasons that follow, SKAT's motion should be denied in its entirety.

## BACKGROUND

Matthew Cooper and Ira Reibeisen, the would-be witnesses, served as traders on behalf of Defendants for approximately six months before they were replaced by a computer program. Deposition testimony from as far back as January 2021 confirms as much.  *See* Klugman Depo. Tr. (Declaration of Nicholas Bahnsen ("Bahnsen Decl.") Ex. 1 at 96:23 – 99:21 (suggesting Cooper and Reibeisen traded on behalf of Defendants from approximately August 2014 until February 2015); Markowitz Depo. Tr. (Bahnsen Decl. Ex. 2) at 444:12 – 14 (noting that the computer algorithm replaced Cooper and Reibeisen).  It appears that Cooper and Reibeisen executed approximately just 7% of Defendants' purchases of Danish securities. Bahnsen Decl. ¶ 3.  All of these purchases occurred in 2014. *Id*.  Non-parties Adam LaRosa and Donald Donaldson each executed additional share purchases, with LaRosa executing in excess of approximately 500 purchases of Danish securities on behalf of pension plans associated with Defendants. *Id*.

By its own admission, SKAT waited over nine months from the date it received documents identifying Cooper and Reibeisen before it even attempted to serve them with a subpoena.  These documents, including those SKAT relies upon in support of this motion, were produced by counsel for John van Merkensteijn on May 15, 2020. Bahnsen Decl. ¶ 6 & Ex. 3. SKAT's first alleged attempt to serve the subpoenas was on February 21, 2021. Pl. Skatteforvaltningen's Mem. Law in Supp. Mot. Alternative Service ("SKAT Memo.") (ECF No.

698) at 2.  SKAT identifies no attempt to pursue these depositions during the intervening period.
Given the circumstances, the only rational conclusion is that SKAT did nothing.

During that same period, however, the parties negotiated a discovery schedule that
resulted in agreement to a June 30, 2021 deadline.  For its part, SKAT preferred an earlier date of
May 31, 2021, while Defendants preferred a later date.  By letter dated February 25, 2021,
SKAT accepted Defendants' proposed compromise of a June 30, 2021 deadline. Bahnsen Decl. ¶
7 & Ex. 4at p. 1).[1]

SKAT knew enough to inquire about Cooper and Reibeisen and the roles they played
during the January 2021 deposition of defendant Robert Klugman.  *E.g.*, Klugman Depo. Tr.
(Bahnsen Decl. Ex. 1) at 94:20 – 95:2; 96:21 – 97:7; 110:6 – 23.  SKAT similarly inquired about
Cooper and Reibeisen during defendant Richard Markowitz's two-day deposition on April 8 and
9, 2021.  Markowitz Depo. Tr. (Bahnsen Decl. Ex. 2) at 409:12 – 21 (identifying Cooper and
Reibeisen as individuals who executed the trades on behalf of plans).  SKAT again asked
defendant John van Merkensteijn about Cooper and Reibeisen during his two-day deposition on
April 19 and 20, 2021. van Merkensteijn Depo. Tr. (Bahnsen Decl. Ex. 5) at 207:19 – 25; 224:9 –
17.

SKAT claims it engaged a professional research firm that identified "multiple potential
addresses" for each of Cooper and Reibeisen.  SKAT Memo. at 2.  SKAT further alleges two
attempts at service on Cooper in February 2021, and two attempts to serve Reibeisen in March
2021.  *Id*.  The only additional efforts SKAT claims to have made prior to the agreed-upon
discovery deadline of June 30, 2021 are four attempts to personally serve Cooper and two
attempts to personally serve Reibeisen.  *Id.* at 2,3.

---

[1] It is not unreasonable to infer from this timeline that SKAT was spurred to attempt service upon Cooper and
Reibeisen for the first time in February 2021 in specific recognition of the June 30 deadline as binding.

SKAT failed to raise any alleged service issues with the Court prior to the June 30, 2021 deadline.  SKAT also failed to raise the issue or advise of any intent to seek these depositions in a July 29, 2021 discovery status report. Bahnsen Decl. ¶ 9 & Ex. 6.  And SKAT stayed quiet at the pre-trial conference on October 5th.[2]

## ARGUMENT

### I.     THE TIME TO DEPOSE THIRD-PARTY WITNESSES EXPIRED IN JUNE

The Court's Pretrial Order No. 29 (ECF No. 675) unambiguously states: "Absent good cause shown, the time to depose additional third-party witnesses has expired."  Bahnsen Decl. Ex.8, ¶ 1.1.1.  This faithfully tracks the Court's decision to enforce that part of the parties' agreement setting a June 30, 2021 discovery cut-off.  Tr. October 5, 2021 Conference (Bahnsen Decl. Ex. 9), at 15:17 – 17:6; *id*. at 17:3 – 17:6 ("Although I will, as to depositions, enforce your agreement, as respects non[-]parties, I will not do so with respect to these four [attorney] depositions.").

SKAT now seeks the Court's permission to take the depositions of non-parties Cooper and Reibeisen as an afterthought to its request to approve alternative service.[3]  This is completely backwards.  "[T]he discovery deadline date is the date on which discovery should be *complete*; it is not the last date on which a party can serve discovery requests."  *Jones v. Hirschfeld*, 01 Civ. 7585 (PKL), 2003 WL 21415323 at *4 n.13 (S.D.N.Y. June 19, 2003) (emphasis added).  Only if SKAT first demonstrates good cause to reopen discovery does the Court need to reach the question of alternative service.  Pretrial Order No. 29 (ECF No. 675), ¶ 1.1.1.

---

[2] Counsel for SKAT confirmed, via email dated December 2, 2021, that it had not served any notice of intent to depose Cooper or Reibeisen on any defendant prior to that day, when SKAT alerted defendants that it intended to file its motion.  Bahnsen Decl. ¶ 10 & Ex. 7.

[3] SKAT's motion is cleverly styled as one to "approve alternative service," and SKAT only acknowledges that the relief it seeks would necessitate an extension of discovery after presupposing that the Court agrees to the need for alternative service.  SKAT Memo. at 6.  This attempt to misdirect the Court's focus from the threshold question of SKAT's entitlement to the depositions is unavailing.

Here, SKAT does not even bother to explain why it waited nearly two months from the date the Court ruled that third-party depositions were over before filing this motion.  For the reasons that follow, SKAT has no explanation, and thus cannot overcome the threshold inquiry of whether good cause exists to reopen discovery.

## II.    THERE IS NO GOOD CAUSE TO REOPEN DISCOVERY

SKAT's motion should be denied because there is no good cause to reopen discovery and permit the depositions.  Tellingly, SKAT devotes just a single paragraph at the end of its memorandum to addressing this threshold question.  SKAT Memo. at 6.  This is insufficient for the Court to excuse SKAT's failure to bring its motion at any time earlier than 10:30 p.m. on the final day of discovery.[4]  *Harris v. Computer Associates Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001) (finding no abuse of discretion where court declined to reopen discovery when requesting party, having benefitted from prior extensions of the discovery schedule, waited until the last day of discovery to serve its requests).

A discovery schedule may be modified under Rule 16(b) "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  At a bare minimum, good cause requires the party seeking to reopen discovery to demonstrate why the deadlines could not reasonably have been met despite the exercise of diligence.  *E.g.*, *Sokol Holdings, Inc. v. BMD Munai, Inc.*, 05 Civ. 3749 (KMW)(DF), 2009 WL 2524611 at *7 (S.D.N.Y. Aug. 14, 2009); *accord Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  Waiting until the last hours of the final day of discovery to raise an issue about a deposition a party knew it wanted to take for over one year does not constitute good cause.  *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 90 CIV. 7811 (AGS), 1995 WL 66405, at *1 (S.D.N.Y. Feb. 15, 1995)

---

[4] The Court's ECF notification email associated with SKAT's first filing indicates the motion was filed at 10:29 pm on December 3, 2021.  Bahnsen Decl. ¶ 13 & Ex. 10.

5

("[Party] could have preserved its opportunity for further discovery either by agreeing with [Opposing Party] to defer any dispute about these witnesses or by applying to the Court for permission to delay any motion until after document discovery had been completed and other witnesses had been deposed.  It did neither.").  Nor has SKAT identified any newly discovered information that may have excused its untimeliness.  *Agapito v. AHDS Bagel, LLC*, No. 16-CV-8170 (JPO), 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018).[5]

As described in more detail below, SKAT failed to diligently pursue the depositions or preserve its rights to such depositions while discovery was open.  SKAT cannot demonstrate any real need for the testimony, nor can it mitigate the prejudice to Defendants that would result if SKAT is permitted to take the depositions.  For all of these reasons, SKAT lacks good cause for reopening discovery and its motion should be denied.

### A.    SKAT DID NOT DILIGENTLY PURSUE THE DISCOVERY SOUGHT

SKAT's motion should be denied because it did not diligently pursue these depositions over the last 18 months during which it was aware of Cooper's and Reibeisen's roles.  Instead, SKAT sat on the names of these witnesses for nine months before attempting service for the first time.  Four months later, having already encountered alleged difficulty effecting service, SKAT failed to raise the issue before the June 30, 2021 deadline.  SKAT further failed to exercise diligence when it did not raise the issue during the October 5th status conference.

---

[5] Where, as here, the discovery order in question was not entered at the outset of the litigation, the Advisory Committee Notes to Rule 16(b) suggest that any need for liberality in applying the good cause standard is not as acute.  Fed. R. Civ. P. 16 advisory committee's note to 1983 amendments (justifying the adoption of a "good cause" standard over a "manifest injustice" or "substantial hardship" standard on the expectation that "the scheduling order is entered early in the litigation").  Pretrial Order No. 29 was entered more than three years into this MDL, and more than 16 months after SKAT received the documents identifying Cooper's and Reibeisen's roles.

SKAT's alleged attempts to serve Cooper and Reibeisen do not demonstrate diligent pursuit of discovery.[6]  SKAT invites the Court to rely upon a recitation of the steps allegedly taken as proof of *both* the need for alternative service *and* diligence in the pursuit of discovery. This is improper because, as SKAT acknowledges, the standards for each are distinct.  SKAT may not bootstrap its diligence argument to its alternative service argument.  In any event, SKAT's essential claim is that its process server, armed with both personal and business addresses, could not effect service at any time over a months-long period.  Surely more emphasis could and would have been placed on completing service if the depositions were as important as SKAT claims.  SKAT's willingness to allow significant periods of time to pass between attempts at service confirms the lack of diligence.

Notwithstanding its awareness of the alleged need to depose Cooper and Reibeisen, SKAT failed to timely raise it with the Court.  As outlined above, SKAT had the documents and knew enough to inquire about Cooper and Reibeisen and the roles they played during the depositions of Klugman, Markowitz, and van Merkensteijn.  In short, SKAT had *five days* to examine witnesses about Cooper and Reibeisen, and it availed itself of that opportunity.  SKAT identifies no informational gap from those depositions that warrants further pursuit, nor any question left unanswered.  And in the *seven months* since those depositions, it failed to raise any issue with the Court about its desire to depose Cooper and Reibeisen themselves rather than rely on their employers' accounts.

---

[6] SKAT gets no credit for making a perfunctory "request[] that counsel for Richard Markowitz and John van Merkensteijn . . .assist in arranging the[] depositions," SKAT Mot. at 2, because SKAT already knew that neither had any information whatsoever about their whereabouts.  *See* Markowitz Tr. (Bahnsen Decl. Ex. 2) at 442:4 – 16. Counsel for SKAT specifically asked Richard Markowitz whether he was in touch with either Cooper or Reibeisen, knew where they worked, or had contact information for them.  *Id*.  SKAT did not even bother to ask these same questions of Mr. van Merkensteijn at his deposition less than two weeks later.

Even assuming, *arguendo*, that SKAT's efforts to serve Cooper and Reibeisen were sufficient to approve alternative service, its complete failure to raise the issue with the Court before June 30, 2021 precludes a finding that it pursued the matter with diligence. *Arkwright*, 1995 WL 66405, at *1. This failure was compounded when SKAT omitted any reference to Cooper or Reibeisen in the July 2021 discovery status report, Bahnsen Decl. ¶ 9 & Ex. 6, and again when SKAT made no mention of them at the October 5th status conference. This latter omission is particularly unforgivable given the tenor of the discussion concerning SKAT's additional depositions. In response to the Court's request that SKAT specifically identify the remaining depositions it sought, counsel for SKAT noted a 30(b)(6) deposition of third-party defendant ED&F Man and four party depositions that had not been scheduled for various reasons. Tr. October 5, 2021 Conference (Bahnsen Decl. Ex. 9) at 13-14. At this point, the following exchange occurred:

```
4          THE COURT:  So the end is in sight with respect to
5    your depositions, is that right?
6          MR. WEINSTEIN:  Yes.  There are also some nonparty
7    depositions that we've noticed for the end of October.  So we
8    are attempting to complete all depositions by the end of
9    October.
```

*Id.* at 14. Neither Cooper nor Reibeisen was identified, nor was there any outstanding notice for their depositions at the time of this statement. Bahnsen Decl. ¶ 10. Instead, SKAT waited two more months until the final hours of discovery before filing the instant motion. There is nothing diligent about SKAT's conduct, and it ought not be permitted to reopen discovery on these facts.

**B.    SKAT DOES NOT NEED THE DEPOSITIONS**

SKAT's motion should also be denied because any evidence sought from these individuals is cumulative and SKAT cannot demonstrate any real need for these depositions. SKAT alleges a fraud involving hundreds of individuals and running from 2012 through the first half of 2015.  Yet, in the nearly three-and-a-half years this litigation has been pending, SKAT did not attempt to depose other traders for other plans in other periods.  Indeed, it did not even attempt to depose other traders who acted on behalf of *the same pension plans* for which Cooper and Reibeisen executed trades, or on behalf of other plans associated with Defendants.  SKAT offers no explanation for why the relatively short period during which Cooper and Reibeisen were involved – approximately six months -- is somehow unique.

SKAT's suggestion that it needs the testimony of Cooper and Reibeisen is seriously undercut by the fact that it never pursued the depositions of, among others, Adam LaRosa or Donald Donaldson.  LaRosa appears to have executed a substantial number of purchases of Danish shares, and Donaldson also executed share purchases on behalf of some of the Defendants. Bahnsen Decl. ⁋ 3.  SKAT claims that Cooper and Reibeisen served as "authorized traders" for Defendants.  SKAT Memo. at 4.  SKAT is also aware that Adam LaRosa, another non-party to this litigation, served as authorized trader for some of the same defendants for nearly two years preceding Cooper's and Reibeisen's brief involvement.  Multiple deponents explained Mr. LaRosa's role with respect to the trading.  *See*, *e.g.*, Markowitz Depo. (Bahnsen Decl. Ex. 2) at 229:1 – 5, (confirming that LaRosa "would execute or do the things that were listed in … 1 through 7 [of Exhibit 2128]."); Klugman Depo. Tr. (Bahnsen Decl. Ex. 1) at 96:21-22 (explaining that LaRosa trained Cooper and Reibeisen).  To whatever extent Cooper and Reibeisen knew anything of interest to SKAT, it is apparent that LaRosa would have been equally capable of providing the same information to SKAT.  SKAT either failed to see the

necessity of deposing LaRosa or Donaldson, or made a strategic decision not to pursue their testimony.  Neither supports a finding that SKAT now needs to depose Cooper or Reibeisen.

SKAT has not and cannot offer any explanation why the depositions of two people whose involvement covers just a small fraction of the total time at issue, and whose function was ultimately performed robotically, are so important to its ability to prove any element of this case that it warrants reopening discovery six months after the parties agreed it was closed and which the Court ordered closed for third party depositions.

## C.   DEFENDANTS WILL BE PREJUDICED IF SKAT IS PERMITTED TO TAKE THE DEPOSITIONS

A court considering whether good cause exists under Rule 16(b) may also look to whether the non-moving party will be prejudiced by the requested extension.  *Int'l Media Films, Inc. v. Lucas Ent., Inc.*, No. 07 CIV. 1178 JGK FM, 2008 WL 781823, at *2 (S.D.N.Y. Mar. 20, 2008).  "The absence of prejudice to the non-moving party, however, is not alone sufficient to satisfy the good cause requirement of Rule 16(b)."  *Id*. (citing *Ratcliffe v. Pradera Realty Co.,* No. 05 Civ. 10272(JFK), 2007 WL 3084977, at *1 (S.D.N.Y. Oct. 19, 2007)).

Defendants will be prejudiced if SKAT is permitted to take the depositions of Cooper and Reibeisen at this late stage.  First, it will unnecessarily divert Defendants' resources at a time when completing expert discovery and preparing for dispositive motions ought to be the focus. Defendants will, instead, have to spend additional attorneys' fees in connection with preparing for and participating in the depositions.  It is also manifestly unfair for SKAT to have the benefit of six additional months to pursue third-party discovery that Defendants reasonably did not believe existed.  When the parties agreed to a June 30, 2021 discovery cutoff, Defendants oriented themselves accordingly and otherwise refrained from pursuing further unagreed discovery after June 30th.  Defendants also took the Court at its word on October 5th and

10

believed that the time for third-party discovery was definitively over.   This court should not

countenance SKAT's obvious gamesmanship in filing its motion at the 11th hour on the day all

fact discovery closed.

## CONCLUSION

For the foregoing reasons, SKAT's motion should be denied.


Dated: New York, New York

      December 10, 2021


      Respectfully submitted,


      KOSTELANETZ & FINK, LLP


By:  /s/ Sharon L. McCarthy
      Sharon L. McCarthy
      Nicholas S. Bahnsen
      7 World Trade Center, 34th Floor
      New York, New York 10007
      Tel:    (212) 808-8100
      Fax:    (212) 808-8108
      smccarthy@kflaw.com
      nbahnsen@kflaw.com


*Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*


WILMER CUTLER PICKERING HALE AND DORR LLP

By:  /s/ Alan E. Schoenfeld  (with permission)
     Alan E. Schoenfeld
     Andrew A. Dulberg
     7 World Trade Center
     250 Greenwich Street
     New York, NY 10007
     Telephone: (212) 230-8800
     alan.schoenfeld@wilmerhale.com

     *Attorneys for Defendants Richard Markowitz,
     Jocelyn Markowitz, Avanix Management LLC Roth
     401(K) Plan, Batavia Capital Pension Plan,
     Calypso Investments Pension Plan, Cavus Systems
     LLC Roth 401(K) Plan, Hadron IndustriesLLC Roth
     401(K) Plan, RJM CapitalPension Plan, RJM
     Capital Pension Plan Trust, Routt Capital Pension
     Plan, Routt Capital Trust*

     KAPLAN RICE LLP

By: /s/ Michelle A. Rice  (with permission)
     Michelle A. Rice
     142 West 57th Street
     Suite 4A
     New York N.Y. 10019
     (212) 333-0227
     mrice@kaplanrice.com

     *Attorneys for Defendants Joseph Herman, David
     Zelman, Edwin Miller, Ronald Altbach, Perry
     Lerner, Robin Jones, Ballast Ventures LLC Roth
     401(K) Plan, Bareroot Capital Investments LLC
     Roth 401(K)Plan, Albedo Management LLC Roth
     401(K) Plan, Dicot Technologies LLC Roth 401(K)
     Plan, Fairlie Investments LLC Roth 401(K) Plan,
     First Ascent Worldwide LLC Roth 401(K) Plan,
     Battu Holdings LLC Roth 401(K) Plan, Cantata
     Industries LLC Roth 401(K) Plan, Crucible
     Ventures LLC Roth 401(K) Plan, Monomer
     Industries LLC Roth 401(K) Plan, Limelight Global
     Productions LLC Roth 401(K) Plan, Loggerhead
     Services LLC Roth 401(K) Plan, PAB Facilities
     Global LLC Roth 401(K) Plan, Plumrose Industries*

12

*LLC Roth 401(K) Plan, Pinax Holdings LLC Roth*
*401(K) Plan, Roadcraft Technologies LLC Roth*
*401(K) Plan, Sternway Logistics LLC Roth 401(K)*
*Plan, Trailing Edge Productions LLC Roth 401(K)*
*Plan, True Wind Investments LLC Roth 401(K)*
*Plan, Eclouge Industry LLC Roth 401(K) Plan,*
*Vanderlee Technologies Pension Plan, Vanderlee*
*Technologies Pension Plan Trust, Cedar Hill*
*Capital Investments LLC Roth 401(K) Plan, Green*
*Scale Management LLC Roth 401(K) Plan, Fulcrum*
*Productions LLC Roth 401(K) Plan, Keystone*
*Technologies LLC Roth 401(K) Plan, Tumba*
*Systems LLC Roth 401(K) Plan*


DEWEY PEGNO & KRAMARSKY LLP


By: /s/ Thomas E.L. Dewey  (with permission)
    Thomas E.L. Dewey
    777 Third Avenue – 37th Floor
    New York, New York 10017
    Tel.: (212) 943-9000
    Fax: (212) 943-4325
    E-mail:  tdewey@dpklaw.com


*Attorneys for Defendant*
*Michael Ben-Jacob*

APPENDIX A

| Defendant Plan | Docket No. |
|---|---|
| Aerovane Logistics LLC Roth 401(k) Plan | 1:18-cv-07828-LAK |
| Albedo Management LLC Roth 401(k) Plan | 1:19-cv-01785-LAK |
| Avanix Management LLC Roth 401(k) Plan | 1:19-cv-01867-LAK |
| Ballast Ventures LLC Roth 401(k) Plan | 1:19-cv-01781-LAK |
| Bareroot Capital Investments LLC Roth 401(k) Plan | 1:19-cv-01783-LAK |
| Basalt Ventures LLC Roth 401(k) Plan | 1:19-cv-01866-LAK |
| Battu Holdings LLC Roth 401(k) Plan | 1:19-cv-01794-LAK |
| Cantata Industries LLC Roth 401(k) Plan | 1:19-cv-01798-LAK |
| Cavus Systems LLC Roth 401(k) Plan | 1:19-cv-01869-LAK |
| Cedar Hill Capital Investments LLC Roth 401(k) Plan | 1:19-cv-01922-LAK |
| Crucible Ventures LLC Roth 401(k) Plan | 1:19-cv-01800-LAK |
| Dicot Technologies LLC Roth 401(k) Plan | 1:19-cv-01788-LAK |
| Eclouge Industry LLC Roth 401(k) Plan | 1:19-cv-01870-lAK |
| Edgepoint Capital LLC Roth 401(k) Plan | 1:18-cv-07827-LAK |
| Fairlie Investments LLC Roth 401(k) Plan | 1:19-cv-01791-LAK |
| First Ascent Worldwide LLC Roth 401(k) Plan | 1:19-cv-01792-LAK |
| Fulcrum Productions LLC Roth 401(k) Plan | 1:19-cv-01928-LAK |
| Green Scale Management LLC Roth 401(k) Plan | 1:19-cv-01926-LAK |
| Hadron Industries LLC Roth 401(k) Plan | 1:19-cv-01868-LAK |
| Headsail Manufacturing LLC Roth 401(k) Plan | 1:18-cv-07824-LAK |
| Keystone Technologies LLC Roth 401(k) Plan | 1:19-cv-01929-LAK |
| Limelight Global Productions LLC Roth 401(k) Plan | 1:19-cv-01803-LAK |
| Loggerhead Services LLC Roth 401(k) Plan | 1:19-cv-01806-LAK |
| Monomer Industries LLC Roth 401(k) Plan | 1:19-cv-01801-LAK |
| Omineca Pension Plan | 1:19-cv-01894-LAK |
| PAB Facilities Global LLC Roth 401(k) Plan | 1:19-cv-01808-LAK |
| Pinax Holdings LLC Roth 401(k) Plan | 1:19-cv-01810-LAK |
| Plumrose Industries LLC Roth 401(k) Plan | 1:19-cv-01809-LAK |
| Roadcraft Technologies LLC Roth 401(k) Plan | 1:19-cv-01812-LAK |
| Routt Capital Pension Plan | 1:19-cv-01896-LAK |
| Starfish Capital Management LLC Roth 401(k) Plan | 1:19-cv-01871-LAK |
| Sternway Logistics LLC Roth 401(k) Plan | 1:19-cv-01813-LAK |
| The Random Holdings 401(k) Plan | 1:18-cv-07829-LAK |
| The Stor Capital Consulting LLC 401(k) Plan | 1:18-cv-04434-LAK |
| Trailing Edge Productions LLC Roth 401(k) Plan | 1:19-cv-01815-LAK |
| True Wind Investments LLC Roth 401(k) Plan | 1:19-cv-01818-LAK |
| Tumba Systems LLC Roth 401(k) Plan | 1:19-cv-01931-LAK |
| Vanderlee Technologies Pension Plan | 1:19-cv-01918-LAK |
| Voojo Productions LLC Roth 401(k) Plan | 1:19-cv-01873-LAK |