UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

MASTER DOCKET

18-md-02865-LAK

This document relates to: The cases identified in Appendix A to the Motion.

# DECLARATION OF NICHOLAS S. BAHNSEN

I, Nicholas S. Bahnsen, an attorney duly admitted to practice law before the courts of the State of New York, hereby declare under penalty of perjury:

1. I am an associate at Kostelanetz & Fink, LLP, counsel for John and Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Omineca Pension Plan, Omineca Pension Plan Trust, Remece Investments LLC Pension Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, and Xiphias LLC Pension Plan in these actions. Except as otherwise stated, I am fully familiar with the matters set forth in this declaration and make this declaration on personal knowledge of the facts set out herein.

2. I submit this declaration in support of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Approve Alternative Service (the Memo.). For purposes of this declaration, "Defendants" means the defendants in the actions identified in Appendix A to the Memo.

1

3. On information and belief, and following a review of voluminous records produced in this litigation, it appears that Matthew Cooper and Ira Reibeisen executed approximately 7% of Defendants' purchases of Danish securities. All of these purchases occurred in 2014. Adam LaRosa executed in excess of approximately 500 purchases of Danish securities on behalf of pension plans associated with Defendants or other pension plans. Don Donaldson executed another handful of Danish Share purchases on behalf plans associated with Defendants.

4. Attached hereto as Exhibit 1 is an extract of the transcript of the deposition of Robert Klugman taken in the above-referenced matter on January 28, 2021.

5. Attached hereto as Exhibit 2 is an extract of the transcript of the deposition of Richard Markowitz taken in the above-referenced matter on April 8 and 9, 2021. Included within Exhibit 2 is a true and correct copy of a document marked as Exhibit 2128 for the Markowitz deposition.

6. On May 15, 2020, I, on behalf of my clients, caused a production of documents responsive to certain discovery requests issued by Plaintiff to be made upon Plaintiff's counsel. Exhibits L and M to the Declaration of John McGoey, submitted in support of Plaintiff's motion, were included in this May 15, 2020 production. Documents in this production were labeled with Bates numbers ranging from JHVM_0004055 through JHVM_0006193. Exhibit L bears Bates numbers JHVM_0004863 – JHVM_0004865 and JHVM_0004867. Exhibit M bears Bates numbers JHVM_0004868 – JHVM_004869. Attached hereto as Exhibit 3 is a true and correct copy of the May 15, 2020 email transmission and attached letter of the same date by which the document production was electronically served upon Plaintiff's counsel.

7. On or about February 25, 2021, counsel for the parties in the above-referenced matter agreed by letter that discovery would close on June 30, 2021. Attached hereto as Exhibit 4 is a copy of that letter dated February 25, 2021. Leading up to the February 25, 2021 letter agreement, Plaintiff's counsel had proposed a discovery cutoff of May 31, 2021. Counsel for defendants had proposed a July 31, 2021 deadline.

8. Attached hereto as Exhibit 5 is an extract of the transcript of the deposition of John van Merkensteijn taken in the above-referenced matter on April 19 and 20, 2021.

9. SKAT did not include any reference to a deposition of either Matthew Cooper or Ira Reibseisen in a discovery status report filed with the Court on July 29, 2021 (ECF No. 651). Attached hereto as Exhibit 6 is a copy of that July 29, 2021 status report.

10. On December 2, 2021, Plaintiff's counsel informed the undersigned of their intent to file a motion seeking to approve alternative service of Matthew Cooper and Ira Reibeisen. In response, I asked Plaintiff's counsel to identify when notice of the intent to take such depositions had been served on the parties in the above-referenced action. Plaintiff's counsel responded that no such notice had been served. Attached hereto as Exhibit 7 is a true and correct copy of that email exchange.

11. Attached hereto as Exhibit 8 is a copy of Pretrial Order No. 29 (ECF No. 675) in the above-referenced action.

12. Attached hereto as Exhibit 9 is an extract of the transcript of the status conference held before the Honorable Lewis A. Kaplan in the above-referenced matter on October 5, 2021.

13. Attached hereto as Exhibit 10 is the first ECF-generated electronic notification received by the undersigned in connection with Plaintiff's December 3, 2021 filing of a motion in connection with the proposed depositions of Matthew Cooper and Ira Reibeisen.

I, Nicholas S. Bahnsen, declare under penalty of perjury that the foregoing is true and correct.

Dated: December 10, 2021
New York, NY

    /s/ Nicholas S. Bahnsen
Nicholas S. Bahnsen