# EXHIBIT 4



Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

February 25, 2021

**VIA EMAIL**

Alan E. Schoenfeld
WilmerHale
7 World Trade Center
250 Greenwich Street
New York, New York 10007

> Re: *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-02865-LAK (S.D.N.Y.)

Dear Alan:

We write in response to defendants' February 17, 2021 letter.

We can agree on a June 30 discovery cutoff date. We do not agree, however, that depositions of SKAT's witnesses should continue to be delayed until all of the English translations are generated by ULG. The defendants could have engaged ULG or a similar vendor more than a year ago to generate translations of any or all Danish documents produced in this litigation, but chose not to do so. The defendants' choice is not a basis to tether the U.S. discovery schedule to the timing of proceedings in England. With respect to the ULG translations, we did not state that the translations would be produced by mid-April. Rather, we stated that we expect it will take approximately two months from the time that the contract among ULG and the parties to the English proceeding is executed for ULG to generate all of the translations. As we stated on the call, we do not know when that contract will be executed.

We will provide new proposed dates for the depositions of Christian Ekstrand, Lisbeth Rømer, and Jens Brøchner. In addition, we will provide dates for the tentative depositions of Anne Munksgaard and Bo Daugaard. We do not agree to provide deposition dates for Lill Drost, Mathias Petersen, John Christiansen, and Katrine Basballe, as such depositions would be unnecessarily cumulative. Each of those four worked in the same investigative unit as Ekstrand and Munksgaard. As none of them worked on dividend refund claims during the relevant period, none has personal knowledge of how such claims were processed or paid. There is no reason to depose six people from the unit that reviewed aspects of the fraudulent reclaim applications after-the-fact. You will be able to obtain any relevant information from Mr. Ekstrand and, if necessary, Ms. Munksgaard.

With respect to the Bech-Bruun documents, we have produced 17,270 of the 18,314 documents in that database. The remaining documents from that database are being reviewed for potential redactions of taxpayer information for individuals not involved in the litigation. We expect to produce documents from that small subset in the next few weeks.

100033686_1

February 25, 2021                                                                                                                                    2

      With respect to deposition dates for Mr. Markowitz and Mr. van Merkensteijn, it is impossible to set firm dates without knowing when the defendants will complete the production of documents governed by the Rule 502(d) Order.[1]  In the hope that those productions will be complete by mid-March, and in order to carve out dates on the parties' schedules, we can tentatively schedule Mr. van Merkensteijn's deposition for March 30 and 31, and Mr. Markowitz's deposition for April 8 and 9.

Regards,

/s/ *Marc A. Weinstein*
Marc A. Weinstein

---

[1] Although it does not impact the schedule going forward, it should be noted that in our February 7, 2020 email, we did not agree that the defendants should not have reviewed the documents they intended to withhold (or intended to cause Michael Ben-Jacob to withhold) on privilege grounds.  Rather, it was our understanding that Arnold & Porter provided to each of your clients that firm's entire file related to the refund claims.  We agreed that your clients need not produce from the Arnold & Porter files the same documents that Mr. Ben-Jacob would be producing from those files.  That was not an invitation for your clients to fail to review documents for which they asserted privilege or for which they required Mr. Ben-Jacob to assert privilege on their behalf.

100033686_1