# EXHIBIT 6



**Hughes Hubbard & Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

BY ECF

Honorable Lewis A. Kaplan                                        July 29, 2021
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
KaplanNYSDChambers@nysd.uscourts.gov

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark*
              *(Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

      We write on behalf of all parties to provide to the Court, pursuant to the Court's June 16, 2021 Pretrial Order No. 24, the parties' jointly submitted report on the status and proposed schedule for completion of discovery.

Status of Discovery Completed as of July 29, 2021

      SKAT and the Defendants previously agreed that fact discovery would close on June 30, 2021. Certain aspects of discovery were not completed before that date; the parties set out their respective positions on this below.

      Document Discovery

      Document discovery is substantially complete. SKAT has propounded, and Defendants have responded to, voluminous requests for production across all cases in this MDL. In response, Defendants have produced hundreds of thousands of pages of documents. ED&F Man Capital Markets, Ltd. ("ED&F Man") has also produced over 500,000 pages of documents. Defendants and third-party defendant have likewise propounded voluminous requests for production to SKAT. In response, SKAT has produced millions of documents, including documents obtained from non-parties. Any disputes as to alleged deficiencies in any party's document production will be raised with the Court by September 15, 2021.

      The parties have two open discovery disputes pending before the Court.

      First, on May 13, 2020, SKAT moved to compel ED&F Man to produce documents it is withholding as protected by privilege and/or work product, including information provided by ED&F Man's counsel to ED&F Man's regulator—the U.K.'s Financial Conduct Authority—and

to ED&F Man's board of directors. The positions of SKAT and ED&F Man have been set forth in various filings and letters to the Court. *See* ECF Nos. 335, 337, 349 and letters dated November 20, 2020, November 24, 2020, May 17, 2021, May 19, 2021 and May 25, 2021.

Second, on May 25, 2021, Defendants filed a motion to compel SKAT to produce documents it provided to the Danish Parliamentary Commission set up to investigate SKAT (the "Commission"). ECF No. 601. On June 1, 2021, the Court ordered SKAT to file an evidentiary submission by June 11 and permitted Defendants to respond to the submission by June 14. ECF No. 604. In their response to SKAT's submission (ECF No. 617), Defendants respectfully renewed their request that the Court order SKAT to produce the documents given to the Commission. ECF No. 618. That request remains pending before the Court.

In addition to the above-referenced pending motions, Defendants have not yet produced documents pursuant to the Court's May 24, 2021 Pretrial Order No. 21.

Depositions

SKAT has taken 39 depositions to date. SKAT anticipates taking approximately 11 additional depositions. Three of those depositions are scheduled in August, September, and early October. The remaining depositions have been postponed due to medical or other circumstances of the particular defendant or witness, and SKAT is working with defense counsel to reschedule those depositions prior to October 31, 2021.

Defendants have deposed six witnesses to date. The defendants anticipate taking approximately 10 additional depositions pursuant to the Court's Pretrial Order Nos. 22 and 23, which depositions the parties are scheduling in September and October. Based on the fact that some or all of these witnesses will be testifying in Danish with the assistance of a translator, the parties have agreed that, subject to its compliance with Rule 30(e), SKAT may have up to 60 days from its receipt of a final transcript to serve any deposition errata, and Defendants may have an additional 60 days from their receipt of SKAT's proposed errata to serve any objections or additional errata.

SKAT originally noticed the deposition of an ED&F Man 30(b)(6) witness for May 12, 2021. ED&F Man and SKAT agreed to postpone the deposition until September 2021, to permit the deponent to testify in person in New York. However, given current travel restrictions, the parties are discussing alternative dates and locations, including a back-stop of conducting the deposition remotely. In addition, the Goldstein Law Group PC 401(K) Profit Sharing Plan, Sheldon Goldstein and Scott Goldstein (the "Goldstein Parties") have noticed the depositions of four ED&F Man employees. ED&F Man has objected to these depositions. ED&F Man and the Goldstein Parties are in the process of meeting and conferring on this issue and will present any disputes to the Court in the event they are unable to reach agreement.

Written Discovery

Defendants have propounded, and SKAT has responded to, 179 Requests for Admission and 49 Interrogatories.

ED&F Man propounded seven Requests for Admission and four Interrogatories to SKAT on May 28, 2021.  On June 28, 2021, SKAT responded to the Requests for Admission.  SKAT objected to the Interrogatories as premature contention interrogatories, on the ground that no ED&F Man witness had yet been deposed, as described more fully below in the next section of this status report.

<u>Foreign Discovery</u>

The following is an update on letters rogatory sought issued by the Court.

- *SEB, Copenhagen*: SEB produced business records and a business records certification to SKAT, which SKAT has produced to Defendants.

- *Various Registered Agents of companies registered in the BVI and Cayman Islands*: the Registered Agents have almost completed their productions.  SKAT expects these to be completed by early September.  SKAT has produced to Defendants records and business records certifications obtained to date.

- *Société Générale*: The Zurich District Court dismissed this Court's request for mutual legal assistance, finding that the underlying proceedings do not qualify as a civil or commercial matter, and that the requesting court is not able to provide a guarantee that the documents obtained by way of mutual legal assistance would not also be used in other proceedings pending in other countries.  SKAT appealed the decision to the Supreme Court of the Canton of Zurich.  The appeal remains pending and a decision is expected this winter.

- *The UK Administrators of Solo Capital Partners LLP, Old Park Lane Capital Limited, West Point Derivatives Limited and Telesto Markets LLP, Solo Group (Holdings) Limited and Solo Group Services Limited*: the English High Court issued an order implementing this Court's request on July 12, 2021.  The order has been served on the Administrators and SKAT is working with the Administrators to implement this order.

- *JPMorgan London entities*: the English High Court issued an order implementing this Court's request on June 14, 2021.  The order has been served on JPMorgan and SKAT is working with JPMorgan to implement this order.  SKAT anticipates that the request for documents will be completed in September 2021.

- *Depositions of Danish witnesses*:  Defendants sought, and the Court authorized, depositions under the Hague Convention of the following individuals: Leif Normann Jeppesen, Jette Zester, Lill Drost, Dorthe Pannerup Madsen, René Frahm Jørgensen, Laurits Cramer, Jens Sørensen, Kjeld Rasmussen, and Helen Sørensen.  While SKAT does not control these witnesses, SKAT has agreed to coordinate with each of these witnesses or their counsel to make them available on dates and times convenient to both parties without the necessity of involving

the Danish judicial system.  Defendants anticipate taking these depositions in
September and October.

SKAT's Position on Outstanding Discovery

    Written Discovery

    SKAT has not yet served interrogatories or requests for admissions on the Defendants.
Despite SKAT's repeated efforts to schedule the depositions of, among others, Michael Ben-
Jacob and Roger Lehman, SKAT has been unable to depose them to date.  It is SKAT's position
that it should not be required to serve requests for admission or contention interrogatories on the
Defendants until after hearing the testimony of these critical witnesses, as well as the testimony
of ED&F Man's 30(b)(6) witness.  SKAT has sued 197 pension plans in these MDL
proceedings.  In cases involving 58 of those plans, the Defendants have asserted an advice of
counsel defense based on the advice provided by defendant Ben-Jacob, and Mr. Ben-Jacob is a
defendant with respect to five additional plans.  In cases involving 30 other defendant pension
plans, the plans used ED&F Man as its custodian for the purported trading of Danish securities,
and those plans' refund applications to SKAT included "tax vouchers" prepared by ED&F Man
concerning the plans' holding of shares and receipt of dividends.  Finally, of the remaining cases,
98 involve defendant pension plans where Roger Lehman is either a defendant (42 cases) or
played a role with respect to the pension plans' submission of refund claims to SKAT (56 cases).
In short, these three critical witnesses combined bear on 191 of the 197 defendant pension plans
in this MDL.  SKAT should be permitted to hear the testimony of these witnesses before serving
interrogatories or requests for admission.  *See* Local Rule 33.3(c) (contention interrogatories may
be served "[a]t the conclusion of other discovery, and at least 30 days prior to the discovery cut-
off").

    Defendants' suggestion that SKAT should not be permitted any "additional" written
discovery, because such discovery is unnecessary and not proportional, is nonsensical.  SKAT is
not seeking "additional" written discovery as it has not propounded such discovery yet in light of
Defendants' repeated adjournments of key fact witness depositions.  Defendants repeatedly refer
to a previously agreed-upon June 30, 2021 discovery cut-off date.  There had also been a
previously agreed-upon December 15, 2020 discovery cut-off date.  *See* Feb. 26, 2020 Joint
Status Report to Court (ECF No. 279).  SKAT made every effort to encourage Defendants to
produce documents and witnesses in order to complete discovery by each of the previously
agreed-upon discovery cut-off dates.  Defendants refused to do so.  For example, starting in
September 2020, SKAT sought deposition dates for defendants Richard Markowitz and John van
Merkensteijn prior to the December 15, 2020 discovery cut-off date.  Defendants refused to
make these particular defendants available for deposition until April 2021.

    The delays in scheduling Mr. Ben-Jacob's deposition stem entirely from Defendants'
strategic decisions in connection with their assertion of the advice-of-counsel
defense.  Throughout 2020, SKAT pressed Mr. Ben-Jacob to produce documents and provide a
privilege log for documents being withheld on the basis of Mr. Ben-Jacob's representation of
multiple defendants.  In December 2020, Defendants revealed that they were considering
asserting an advice-of-counsel defense, which was impacting Mr. Ben-Jacob's privilege

determinations and their production of documents.  In January 2021, Defendants informed SKAT they were asserting the defense and subsequently, over the course of February, March, and April, produced nearly 30,000 documents (totaling over 245,000 pages) that they had previously withheld as privileged.  Mr. Ben-Jacob's deposition was then scheduled for June 22-23, dates selected in part so that SKAT would have time to review Defendants' recent production.

However, Defendants, with no notice to SKAT, had withheld scores of internal documents from Mr. Ben-Jacob's firm, Kaye Scholer, necessitating SKAT to move to compel their production.  ECF No. 620, 621.  On June 17, Magistrate Judge Robert W. Lehrburger granted SKAT's motion, ordering Defendants to produce the withheld documents by July 15.  Following the Court's order, SKAT offered Mr. Ben-Jacob the choice of going forward with the June dates and then scheduling additional testimony after SKAT had received and reviewed the additional documents (Defendants eventually produced an additional 9,400 documents (totaling over 90,000 pages)), or adjourning to a later date.  Mr. Ben-Jacob chose the latter option.  SKAT has since sought to reschedule his testimony, recently settling on October 11-12, as Mr. Ben-Jacob is not available on any dates at all in September.  Contrary to the Defendants' assertion, SKAT is not responsible for the timing of Mr. Ben-Jacob's deposition.  If Defendants had not delayed the discovery process by waiting over a year and a half to assert the advice-of-counsel defense, or if they had not withheld crucial documents following their late invocation of the defense, Mr. Ben-Jacob would have been deposed many months ago.

Another set of defendants has yet to produce a single document pursuant to the Court's May 24, 2021 Pretrial Order No. 21.

Defendants also suggest that their responses to requests for admission and interrogatories will not change based upon the testimony of the yet-to-be-deposed critical witnesses.  But the information that SKAT may seek to have Defendants admit or explain will be guided by the testimony of these critical witnesses.  Indeed, based on the testimony of these witnesses, SKAT might not have to propound various interrogatories or requests for admission to various defendants, a decision SKAT cannot make until the testimony is taken.

As noted earlier, SKAT has objected to ED&F Man's Interrogatories, which seek the basis for SKAT's denial of any of ED&F Man's Requests for Admission.  In ED&F Man's Requests for Admission, ED&F Man demanded that SKAT admit purported facts about ED&F Man's actions with respect to its pension plan customers.  It is SKAT's position that ED&F Man's Interrogatories are contention interrogatories seeking information about ED&F Man's own actions to which no response should be required until after the depositions of ED&F Man's witness(es).  *See* Pretrial Order No. 20, ECF No. 572 (Local Rule 33.3(c) "recognizes that parties frequently are not in a position to give full statements of their contentions or the facts upon which they rely to support them until discovery is complete.").

<u>SKAT's Position on Defendant's Suggestions For a Full or Partial Stay of Expert Discovery</u>:

Defendants propose a full stay of expert discovery on two grounds, and a partial stay on a third ground.  SKAT's position is that none of these proposals has merit.  If Defendants want a

stay, they should follow the Court's rules and make a motion, at which point SKAT will respond fully to the application. For the purposes of this status report, however, SKAT responds to Defendants' suggestion of a stay as follows.

First, Defendants propose a stay of expert discovery pending resolution of an application in the DIFC brought by Sanjay Shah to preclude the use of certain documents seized from Shah's companies in 2019. As noted in the July 21, 2021 update to the Court, SKAT maintains that any stay of expert discovery or dispositive motions is unwarranted, given the remaining fact discovery to be completed in this case, and premature, given the August 4, 2021 hearing date for Shah's motion in the DIFC, a decision on which is expected within two weeks of the argument.

Second, Defendants propose a stay of expert discovery based on the supposed "possibility of inconsistent judgment and application of Danish law [… in …] proceedings pending before the Danish Tax Tribunal and the Danish High Court concerning whether SKAT improperly revoked previously approved reclaim payments." In fact, of the 185 plan/group trust defendants in the MDL that filed complaints with the Danish Tax Tribunal concerning SKAT's decision to revoke prior reclaim payments, 59 plans/group trusts voluntarily withdrew their complaints. Of the remaining 126 complaints, 115 have been determined and in all 115 of the determinations, the Danish Tax Tribunal upheld SKAT's decision. There is no reason to believe that the decisions in the remaining 11 cases, or the two cases on appeal, will be any different, much less that this Court should stay proceedings pending such determinations, and Defendants provide no basis to assert that the decisions in those remaining cases would impact the MDL cases against all other pension plans and affiliated defendants. Moreover, the logic of Defendants' request would have required them to move to stay all the MDL cases on the filing of their (now almost entirely unsuccessful or withdrawn) Danish Tax Tribunal applications as early as 2018. They did not seek such a stay three years ago, and such a stay would make even less sense now.

Third, in the alternative, Defendants propose – based on a revenue rule decision from Mr. Justice Baker of the English High Court, which failed to cite (much less consider) this Court's 2019 decision on the same topic, that this Court stay all expert discovery other than on fact issues that pertain to the application of the Revenue Rule. Defendants' preference for the holding of the English High Court over this Court's prior Revenue Rule decision is not a valid reason to schedule piecemeal summary judgment motions and stay aspects of this case.

SKAT's Proposal for Completion of Discovery:

October 31, 2021: Fact discovery to be completed, absent good cause shown. To the extent any Letters of Request issued by the Court remain pending in the foreign country and any responses to written or document discovery remain pending, such discovery can be completed after October 31, 2021. SKAT is permitted to serve interrogatories and requests for admission within 10 days after the completion of the last defendant or third-party defendant deposition.

November 5, 2021: Parties to disclose identity of experts and topics for initial expert reports and to provide notice of an intent to raise an issue about a foreign country's law pursuant to Federal Rule of Civil Procedure 44.1.

December 22, 2021:  Initial expert reports served by the party with the burden of proof on an issue.

February 11, 2022:  Opposition expert reports served.

March 4, 2022:  Reply expert reports served.

April 20, 2022:  Expert discovery to be completed.

<u>Additional Claims/Amendments</u>

Based on information learned through discovery, SKAT is considering filing claims against several new defendants.  In addition, SKAT has entered into tolling agreements with certain individuals who are not currently defendants in the MDL.  To the extent SKAT files claims against any such new defendants, SKAT will do so in separately filed complaints as opposed to adding any claims or defendants to the existing cases.  SKAT does not believe any newly filed cases will impact the MDL proceedings.  SKAT does not anticipate seeking leave to further amend the existing complaints, except that SKAT may amend the complaint that it filed on June 16, 2021 against defendant Michael Ben-Jacob in the event that defendant Mr. Ben-Jacob moves to dismiss the complaint.

<u>Defendants' Position on Outstanding Discovery</u>

<u>Written Discovery</u>

At SKAT's insistence and after extensive negotiations, the parties agreed that fact discovery would close on June 30, 2021.  Ex. A (Feb. 25, 2021 Weinstein Letter to Schoenfeld) ("We can agree on a June 30 discovery cutoff date."); Ex. B (Feb. 17, 2021 Schoenfeld Letter to Weinstein) (proposing to "meet[] half-way" and "close fact discovery on June 30, 2021"); Ex. C (Feb. 12, 2021 Weinstein Letter to Schoenfeld) (refusing to agree to "an extension of fact discovery past May 30"); Ex. D (Jan. 27, 2021 Schoenfeld Letter to Weinstein) (memorializing SKAT's request that "we set the close of fact discovery for May 30, 2021" and proposing a July 31, 2021 deadline).  SKAT does not dispute this.  Defendants respectfully request that the Court impose this mutually agreed-to deadline.

After the parties reached that agreement, SKAT repeatedly invoked June 30 as the date by which all discovery efforts would terminate, objecting to Defendants' efforts to pursue additional discovery as too late.  ECF Nos. 553, 566, 587, 605; May 17, 2021 Letter Regarding ED&F Man.  SKAT also refused to answer certain discovery requests on the ground that they were untimely served in advance of that date.  Ex. E (Apr. 22, 2021 Farrell Email to Bahnsen) (refusing to answer Defendants' interrogatories until the end of fact discovery "on or shortly before June 30, 2021").  Given SKAT's emphatic invocation of its agreement to close fact discovery on June 30, 2021, Defendants calibrated their discovery efforts of SKAT to ensure that SKAT would respond to any outstanding document requests or interrogatories on or before that date.  Similarly, ED&F Man served its Interrogatories on SKAT on May 28, 2021, just over 30 days prior to what SKAT had characterized as the June 30, 2021 fact discovery deadline.

There is no reason SKAT could not have propounded requests for admission or interrogatories on Defendants who had been deposed and as to whom document production was complete (or nearly so) before June 30, 2021—the date they repeatedly invoked to conform discovery to their preferences.  SKAT should not be rewarded for their delay with additional time.  In particular, additional written discovery from Defendants or ED&F Man is not necessary, proportional to the needs of the case, or appropriate in view of the parties' prior agreement and the assiduous compliance of Defendants and ED&F Man with their discovery obligations.  Complaints in these cases were filed as early as May 2018, and the parties have engaged in written discovery efforts for years.  There is no basis for SKAT to assert that it needs additional written discovery from Defendants or ED&F Man, let alone discovery that it could not have served before June.  In particular, SKAT's assertion that it ought to be able to evaluate its need for further discovery following the depositions of Michael Ben-Jacob, Roger Lehman, and ED&F Man is without merit.  SKAT does not even have claims against ED&F Man in this litigation.  Nor is it clear why Roger Lehman's association with certain refund claims ought to impact the timing of interrogatories or requests for admission as to him or any other party.

As for Mr. Ben-Jacob, SKAT has only itself to blame for the fact that his deposition did not go forward before June 30, 2021.  In April 2021, SKAT requested a late June date for Mr. Ben-Jacob's deposition, and the parties agreed on June 22 and 23.  On June 18, 2021, the day after Magistrate Judge Robert W. Lehrburger granted SKAT's motion to compel other Defendants to produce additional documents, SKAT contacted Mr. Ben-Jacob's counsel to request a rescheduling of the deposition.  Mr. Ben-Jacob gave SKAT the choice of going forward with the deposition as scheduled or postponing the deposition to a date to be determined later. SKAT chose to postpone the deposition.  Further, Defendants have already produced all potentially relevant documents related to the involvement with him.  In connection with their waiver of the attorney-client privilege and assertion of an advice of counsel defense, certain Defendants produced not only their communications with Mr. Ben-Jacob and his firm, but, upon court order following a motion to compel, produced all documents in the Kaye Scholer client file related to dividend arbitrage trading.  There are no additional documents within Defendants' possession, custody, or control relating to Mr. Ben-Jacob that Defendants have not already produced.[1]

The suggestion that SKAT may now serve contention interrogatories or requests for admission—months after the date upon which it agreed that fact discovery would close—makes no sense and again excuses SKAT's failure to comply with its own mutually agreed deadline for closing discovery, subject only to the limited exceptions certain Defendants have agreed to. Critically, in a filing on **June 1, 2021**, SKAT acknowledged and admitted that the parties had agreed to a June 30 deadline, emphasizing "the June 30 fact discovery cut-off."  ECF 605 at 7. Given SKAT's agreement to the June 30 cut-off, contention interrogatories had to be served on or before May 28.  L.R. 33.1(c) ("at least 30 days prior to the discovery cut-off date,

---

[1]     On June 16, 2021, SKAT filed a new complaint naming Mr. Ben-Jacob as the sole defendant.  Defendants' position is that written discovery may proceed with respect to that complaint until October 31, 2021.

interrogatories seeking the claims and contentions of the opposing party may be served . . . .").[2]
The fact that SKAT was unable to schedule or chose to postpone certain depositions before June
30, 2021—and that Defendants are willing to allow those depositions to go forward beyond June
30, 2021—does not support SKAT's claim that it could not have served contention
interrogatories before June 30, 2021, and Defendants strenuously object to further written
discovery.  SKAT's argument is also illogical:  Defendants' contentions will not change based
upon the testimony of ED&F Man, Roger Lehman, or Michael Ben-Jacob.  If SKAT wished to
propound interrogatories, it should have done so before June 30, 2021, in compliance with the
Local Rules.  More to the point, SKAT has now scheduled Michael Ben-Jacob's deposition for
October 11 and 12.  Under SKAT's proposed discovery cutoff deadline of October 31, it still
cannot serve RFAs or interrogatories based on things SKAT learns through his deposition
testimony.  Accordingly, neither side should be allowed to make new requests, including RFAs
and interrogatories.

Defendants do not think it would be productive to respond to each of SKAT's
mischaracterizations about the scheduling of depositions that ultimately went forward well
before June 30, 2021,[3] or about the production of documents.[4]

In addition, it is ED&F Man's position that SKAT's responses to ED&F Man's
interrogatories were due no later than June 28, 2021, and that SKAT requires no further
discovery in order to respond to these interrogatories, among other things because SKAT must
necessarily be in possession of all of the information needed to explain its prior denials of ED&F
Man's Requests for Admission.

<u>Depositions</u>

Defendants agree that SKAT may depose (i) defendants who have not yet been deposed;
and (ii) any non-parties whose depositions were initially noticed by June 30, 2021.[5]  Defendants

---

[2]     Of course, on that date, SKAT was well aware that it had not deposed Michael Ben-
Jacob, Roger Lehman, or ED&F Man's 30(b)(6) witness.

[3]     The Court needs no reminder that this City was in the throes of a global pandemic
beginning in March 2020, which had a significant impact on the parties' ability to schedule
depositions.  Nevertheless, Defendants did not "refuse" to make Messrs. Markowitz or van
Merkenstein available before April 2021.  In fact, the parties mutually agreed to earlier dates for
the depositions of both witnesses, and both agreed to postpone the depositions until April 2021.
SKAT's narrative is simply incompatible with the facts.

[4]     SKAT repeats its claim that Defendants improperly "withheld" documents from their
production of documents relating to their advice-of-counsel defense.  As Defendants explained to
Judge Lehrburger, internal emails that Defendants never saw or relied upon cannot be relevant to
Defendants' state of mind or their actual reliance on advice of counsel.  Judge Lehrburger took a
different view, and Defendants promptly produced the additional documents.

further agree that the parties may take any depositions authorized under the Hague Convention or ordered by the Court. Defendants object to any additional depositions. These categories of depositions may be taken on or before October 31, 2021.

<u>Defendants' Proposal for Completion of Discovery</u>

SKAT and the Defendants have agreed that fact discovery was to close on June 30, 2021. Nevertheless, Defendants are mindful that certain depositions, enumerated above, remain outstanding and thus are amenable to setting a deadline of October 31, 2021 to permit the parties to complete those depositions, to resolve any remaining disputes over the discovery properly served prior to June 30, 2021, and to complete written discovery concerning SKAT's new complaint against Mr. Ben-Jacob filed on June 16, 2021.

Defendants propose that this Court enter a stay of expert discovery pending the resolution of certain critical foreign proceedings that will have a direct and material impact on this litigation. As SKAT recently disclosed, parties SKAT has sued in the Dubai International Financial Centre (DIFC) have moved to prevent parties in all jurisdictions, including in the United States, from using materials obtained from Elysium Global (Dubai) Limited and Elysium Properties Limited based on the dismissal of SKAT's claims in England. Those documents represent no less than 98% of SKAT's production in this MDL, and SKAT recognizes that it has "produced millions of documents from Elysium to the defendants in the MDL, has introduced many exhibits from those documents at depositions in the MDL, and both parties have performed considerable analysis of the various records from Elysium." ECF No. 650 at 4-5.

The possibility that the parties will be precluded from using these documents in this litigation is not academic. In the course of ordering SKAT to pay all of defendants' fees and costs incurred in the course of defending the proceedings in England, Justice Baker observed that "SKAT's litigation effort was materially assisted … by documents obtained through a search and seizure order sought from the DIFC Court … on what, so far as this court is concerned, has now been held to have been a false premise that SKAT had admissible private law claims to bring." ECF No. 650, Ex. B at 7. If the DIFC agrees with that reasoning and enters an order barring the use of the Elysium documents in this litigation, that would have a substantial impact on expert discovery and summary judgment.

In these circumstances, a stay is especially appropriate. While SKAT is not necessarily resource-constrained, Defendants in this MDL do not have similar access to an entire country's

---

5   Roger Lehman's deposition is scheduled to take place on August 9 and 10. SKAT initially noticed Mr. Lehman's deposition for November 23 and 24, 2020, dates agreed upon with Mr. Lehman's then counsel. Prior to the deposition commencing, however, then counsel for Mr. Lehman asked to adjourn the deposition, and as of May 28, 2021, had not yet agreed upon new deposition dates despite repeated requests. On May 28, 2021, Poulos LoPiccolo PC entered its Notice of Appearance on behalf of all of the defendant pension plans where Roger Lehman is either a defendant or associated with pension plans (the "Retail Defendants"). SKAT agreed to schedule Mr. Lehman's deposition in August in order to provide new counsel an opportunity to prepare for the deposition.

coffers.  As Justice Baker observed, "[t]he litigation was brought and aggressively pursued, by a sovereign state with a willingness to expend effectively unlimited resources," "was politically as well as financially motivated," and "SKAT prosecuted the proceedings … without any sense that cost should be constrained by what was proportionate to any given task." *Id*.  The same findings apply with full force here.  And it makes little sense for Defendants to continue to fund litigation—and for the Court to manage it—when the underlying factual record may ultimately be dramatically different than it is today.

A stay is also appropriate because of the possibility of inconsistent judgment and application of Danish law.  There are proceedings pending before the Danish Tax Tribunal and the Danish High Court concerning whether SKAT improperly revoked previously approved reclaim payments.  ECF No. 650 at 3.  If those courts conclude that SKAT's revocations were improper under Danish law, SKAT should not be able to recover those payments in this MDL.  Defendants reiterate their request that these proceedings be stayed to allow that question of Danish law to be resolved by the Danish courts in the first instance.

Alternatively, if expert discovery is not stayed, then Defendants propose that the parties address, and the Court resolve, the application of the Revenue Rule to these proceedings before addressing any other issues going to the merits of SKAT's case or Defendants' defenses.  Justice Baker recognized that the Revenue Rule was a "preliminary issue" that would determine whether SKAT's claims were "inadmissible in [the UK] court" as a claim "for the enforcement, either directly or indirectly, of a … revenue … law of a foreign State."  Ex. F ¶ 4.  Because "SKAT's claims seek indirectly to enforce here Danish revenue law," Justice Baker held that they must be dismissed in their entirety.  *Id.* ¶ 120.  Following a four-day trial, Justice Baker ruled that SKAT's claims intended to "vindicate its right, as a creature of Danish tax law under the [Withholding Tax ("WHT")] Act … to retain Danish company dividend tax collected by way of WHT except where refund claims are made to it by qualifying applicants … and therefore … indirectly to enforce Denmark's underlying sovereign right, given effect by the WHT Act, to tax Danish company dividends." *Id.* ¶ 94; *see also id.* ¶ 98 ("SKAT's claim to recover from a WHT reclaim applicant an amount it had assessed as payable, and had therefore paid, by way of tax refund, founded on the proposition that the assessment was in error, is conceptually and functionally the same, for SKAT, as a claim for tax due and unpaid.").  In so holding, Justice Baker cited to Learned Hand's decision in *Moore v. Mitchell*, 30 F.2d 600, 604 (2d Cir. 1929) that observed that it is "beyond the powers of the court" "to pass upon the provisions for the public order of another State." *Id.* ¶ 15.  If, upon its review of the extensive record that has been developed since this Court considered this question at the pleadings stage, this Court finds that the Revenue Rule applies to SKAT's claims in this MDL, the same result would obtain and all of the cases in this MDL would be dismissed in their entirety.

SKAT disparages this sensible proposal—to address a concededly threshold issue in a manner that avoids or limits the need for further costly discovery and litigation—as nothing more than Defendants' "preference for the holding of the English High Court over this Court's prior Revenue Rule decision."  That is wrong for at least two reasons.  First, many of the Defendants currently before the Court had not yet been sued in these proceedings at the time the Court issued its Revenue Rule decision.  They should be given an opportunity to litigate this threshold issue at the earliest practicable time.  Second, the Court was explicit that its decision on the Revenue

Rule was based on the allegations in the complaints: "Whether in light of discovery and a fuller presentation, the revenue rule will be of greater aid to the defendants must await developments." 356 F. Supp. 3d 300, 307 (S.D.N.Y. 2019).  Those developments have now materialized, and the appropriate time for the Court to be apprised of them and to consider the issue afresh is now.

Accordingly, the parties should proceed with expert discovery only on fact issues that pertain to the application of the Revenue Rule.  Defendants believe such discovery, including associated depositions, can be completed in three months, by January 31, 2022.  Thereafter, Defendants intend to file a motion for summary judgment on the question of whether these cases must be dismissed under the Revenue Rule.  Because that question is dispositive for all cases in the MDL, Defendants believe it will be most efficient for the Court to rule on this issue first.

If the Court does not wish to stay expert discovery on topics other than the Revenue Rule, Defendants propose that the parties take five months, until March 31, 2022, to conduct all expert discovery following the close of fact discovery.  That expert discovery period should then be followed by a single motion for summary judgment on the question of the Revenue Rule to be followed by additional motions for summary judgment only if the Court denies the motion on the Revenue Rule.

Respectfully submitted,


/s/ Marc A. Weinstein
    Marc A. Weinstein



cc:    All counsel of record (via ECF)