# EXHIBIT 9

```
LA5HCusC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE:
                                         18 MD 2865 (LAK)

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKAT) TAX REFUND LITIGATION,
                                         Conference

------------------------------x
                                         New York, N.Y.
                                         October 5, 2021
                                         10:40 a.m.

Before:

                  HON. LEWIS A. KAPLAN,

                                         District Judge

                        APPEARANCES

HUGHES HUBBARD & REED LLP
     Attorneys for Plaintiff SKAT
BY:  MARC WEINSTEIN
     CAROLYN HARBUS
     WILLIAM MAGUIRE

KOSTELANETZ & FINK, LLP
     Attorneys for Defendants Azalea Pension Plan, et al.
BY:  SHARON McCARTHY
     NICHOLAS BAHNSEN

WILMER CUTLER PICKERING HALE AND DORR LLP
     Attorneys for Defendants Avanix Management LLC, et al.
BY:  ALAN SCHOENFELD
     ALLISON STODDART

POULOS LoPICCOLO P.C.
     Attorneys for Defendants Roger Lehman, et al.
BY:  JOSEPH LoPICCOLO

WILLIAMS & CONNOLLY LLP
     Attorneys for Defendants Sander Gerber and Sander Gerber
Pension Plan
BY:  AMY McKINLAY
```

1  that leaves approximately ten.  Mr. Ben-Jacob's deposition is
2  scheduled for next week, Monday and Tuesday.
3            THE COURT:  Are the other nine the Danish witnesses,
4  or that's something else altogether?
5            MR. WEINSTEIN:  That's something else altogether.  I
6  can give your Honor an update on that as well.
7            THE COURT:  We'll get to that.
8            Who are the other nine?
9            MR. WEINSTEIN:  So there are -- there's a 30(b)(6)
10 witness from ED&F that is scheduled for later this week, your
11 Honor.  There are a few defendants who, for health or other
12 reasons, had not been able to be deposed.  We're still checking
13 if that's the case.
14           I just can give you names.  Gavin Cresczenzo had been
15 stationed in Afghanistan for a long time.  So we have inquired
16 to see if he is back and available for deposition.
17           Kevin Kenning has had health issues.
18           THE COURT:  Kenning?
19           MR. WEINSTEIN:  K-e-n-n-i-n-g.  So we've agreed to
20 just put that off until he's physically able to be deposed.
21           There are two other defendants, Mr. Gerber and
22 Mr. Burns, where there's been discussion with counsel as to
23 whether we would need to take their deposition, because we
24 believe we can actually resolve those cases.
25           As far as named defendant depositions go, that is it

1  for those who have not been deposed at all.  There are one or
2  two that we believe we will need to continue their deposition,
3  one by agreement and one not yet.
4          THE COURT:  So the end is in sight with respect to
5  your depositions, is that right?
6          MR. WEINSTEIN:  Yes.  There are also some nonparty
7  depositions that we've noticed for the end of October.  So we
8  are attempting to complete all depositions by the end of
9  October.
10         THE COURT:  Now, at one point I was told the
11 defendants, which I take to be the defendants generally, wanted
12 to take ten depositions, and then there was some separate issue
13 relating to Goldstein with respect to ED&F.  Can somebody bring
14 me up to date on that?
15         Thank you, Mr. Weinstein.
16         MR. WEINSTEIN:  Sure.  Your Honor, with respect to the
17 defendants' requested depositions, so over the past two weeks,
18 prior to this week, six of those depositions were taken in
19 Denmark.
20         THE COURT:  That's six out of the nine?
21         MR. WEINSTEIN:  Right.  We had the remaining three set
22 for next week.  The defendants informed us yesterday they were
23 withdrawing two of those.  So there is one left to go that is
24 scheduled for next Friday.  So, as far as I know, that does it
25 for defendants' depositions of SKAT witnesses.

1           I will turn it over to Mr. Goldstein's counsel with
2  respect to their notices.
3           THE COURT:  Before we get to Mr. Gold- --
4           MR. WEINSTEIN:  Kaplan.
5           THE COURT:  Forgive me for not being able to remember
6  all the names at first.  Mr. Kaplan.  I ought to be able to
7  remember that, right?  Can't have too many good Kaplans.
8           Putting aside, Mr. Kaplan's clients, that takes care
9  of all the defendants' depositions, is that right?
10          Ms. McCarthy, do you speak for the multitude?
11          MS. McCARTHY:  I'll speak, your Honor.  Yes, it does
12  take care of defendants' depositions.
13          Your Honor, I just have one point to make here.
14 Mr. Weinstein just mentioned that SKAT has issued subpoenas for
15 nonparties, and those depositions are scheduled to take place,
16 according to their notices, before the end of October.
17          Your Honor, we agreed with SKAT on a June 30 discovery
18 cutoff.  So we just received notice on Friday of three of those
19 four depositions.  We do not believe that that's appropriate
20 for SKAT to be continuing to issue notices of subpoena past
21 June 30.  We agreed with SKAT that they could go past June 30
22 for depositions of defendants, and they agreed that we could
23 continue with our depositions in Denmark that we were
24 authorized to take.  Beyond that, we believe discovery closed,
25 according to our agreement, on June 30.  We ask the Court to

1    enforce that.

2            THE COURT:  Who are the nonparties, Mr. Weinstein, and
3    why now?

4            MR. WEINSTEIN:  Yes, so the four nonparties, your
5    Honor, are all attorneys at Arnold & Porter, which is
6    Mr. Ben-Jacob's law firm.

7            A number of reasons for why now.  We still, to date,
8    have not been able to take Mr. Ben-Jacob's deposition.  In his
9    recent answer to the most recent complaint against him, he
10   alluded in an introductory statement to the fact that he was
11   relying on work that others in his firm or advice that others
12   in his firm provided to the defendants.  So we need to know
13   what they're going to say, and we still don't know what he's
14   going to say about that other than that.

15           In addition, as a result --

16           THE COURT:  And earlier there was a whole privilege
17   assertion as to all of the Arnold & Porter stuff.

18           MR. WEINSTEIN:  Correct.  And as your Honor noted that
19   one of the issues there was your Honor assigned down to the
20   magistrate judge, and that decision went in our favor.  So
21   there was an additional large, voluminous production of
22   documents over the summer --

23           THE COURT:  Yes.

24           MR. WEINSTEIN:  -- with internal communications at
25   that firm.

1       THE COURT:  OK.  Ms. McCarthy, I understand your
2  irritation, but I think the explanation is perfectly
3  reasonable.  Although I will, as to depositions, enforce your
4  agreement, as respects nonparties, I will not do so with
5  respect to these four depositions.  I think there are
6  extenuating circumstances.
7       MS. McCARTHY:  Your Honor, just one point.  I just
8  want to point out, though, we gave all the billing records in
9  March of this year to SKAT.  They knew who all the people were.
10  They could have noticed depositions.  There's really no basis
11  for this delay.
12       But I understand where the Court is -- where you are
13  on this.  Can we ask, though, that the Court require that
14  everything be done by October 31, then, as far as these
15  nonparties?
16       THE COURT:  Well, look, in principle, sure, but one
17  learns in time that somebody gets hit by a car, somebody gets
18  COVID, there are sometimes extenuating circumstances.  So,
19  obviously, they ought to be done by the end of October, but if
20  there's some good reason why something can't be done by the end
21  of October, I'll listen to it.
22       MS. McCARTHY:  Thank you, your Honor.
23       THE COURT:  That takes care, then, of depositions.
24       I understand the debate about the request for
25  admissions and interrogatories.  My experience is nobody ever