**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to all cases listed in Appendix A. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S REPLY**
**MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**<u>ITS MOTION TO APPROVE ALTERNATIVE SERVICE</u>**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this reply memorandum of law in further support of its motion to (i) approve alternative service of Federal Rule of Civil Procedure 45 subpoenas to testify on non-parties Matthew Cooper and Ira Reibeisen, and (ii) extend the December 3, 2021 fact discovery deadline solely so that SKAT may depose Cooper and Reibeisen.[1]

## Reply

SKAT has demonstrated good cause to extend the December 3, 2021 fact discovery deadline solely to permit it to effect alternative service on Cooper and Reibeisen and take their depositions because despite its diligent efforts, SKAT was unable to obtain their testimony before the deadline.  Contrary to defendants' argument, the time for SKAT to depose Cooper and Reibeisen did not expire on June 30, 2021, the parties' previously agreed-on fact discovery deadline, as SKAT provided defendants notice of its intent to take the depositions before that date.  And both Cooper's and Reibeisen's testimony is relevant to whether defendants Richard Markowitz, John van Merkensteijn and Richard Klugman fraudulently or negligently submitted false dividend withholding tax refund applications to SKAT as those defendants hired Cooper and Reibeisen to create a paper trail for their fictitious trading in Danish shares.

**I.     SKAT provided defendants notice of its intent to depose Cooper and Reibeisen before the previous June 30, 2021 deadline.**

Defendants argue that SKAT's "time to depose third-party witnesses," including Cooper and Reibeisen, "expired in June" based on the parties' previous, agreed-on June 30, 2021 fact

---

1.  Mot. to Approve Alternative Service of Subpoenas to Testify, No. 18-md-02865 (LAK), ECF Nos. 694-96. Capitalized terms used herein and not otherwise defined have the meaning ascribed to them in the motion. Defendants oppose SKAT's motion solely on the ground that SKAT has not demonstrated good cause to take Cooper and Reibeisen's depositions after the December 3, 2021 fact discovery deadline.  Defendants do not contest that SKAT's proposed alternative service of the subpoenas provides the witnesses sufficient notice and is otherwise proper.  *See generally* Defs.' Mem. of Law in Opp. to Pl.'s Mot. to Approve Alternative Service, ECF No. 704

discovery deadline.  (Defs. Opp. 4 (bold and capitalization removed).)  But as defendants

described it in the July 29, 2021 status report to the Court, their position always was that "SKAT

may depose" after June 30 "any non-parties whose depositions were initially noticed by June

30."[2]  And, as defendants do not dispute, SKAT first provided defendants notice of its intent to

depose Cooper and Reibeisen before the June 30 deadline, when earlier that month, SKAT asked

counsel for defendants Markowitz and van Merkensteijn to assist in arranging the depositions.

(McGoey Decl. ¶ 20; Defs. Opp. 7 n.6.)[3]  Thus, the passing of the previous June 30 deadline did

not cut-off SKAT's time to depose Cooper or Reibeisen.

## II.     SKAT has demonstrated good cause to extend the December 3, 2021 discovery __deadline.__

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order, such as the Court's

Pretrial Order No. 29 (ECF No. 675), may be modified "for good cause and with the judge's

consent."  "Good cause" is "liberally construed" and a party may show it by "demonstrating that

it could not reasonably meet its deadline despite diligent efforts."  *Exp.-Imp. Bank of the U.S. v.*

*Asia Pulp & Paper Co.*, 233 F.R.D. 338, 342 (S.D.N.Y. 2005).  As explained in its previous

memorandum, SKAT has demonstrated good cause to extend the December 3, 2021 fact

discovery deadline, solely to permit it to depose Cooper and Reibeisen, in that its repeated,

unsuccessful attempts to serve its subpoenas on them, including by personal service, via their

---

2.   Ltr. addressed to Judge Lewis A. Kaplan from Marc A. Weinstein dated July 29, 2021 re: Joint Status Report, ECF No. 651 ("July 29 Status Report"), at 9.

3.   Defendants assert in a footnote that on December 2, 2021, SKAT's counsel confirmed "that it had not served any notice of intent to depose Cooper or Reibeisen on any defendant prior to that day." (Defs. Opp. 4 n.2.)  But SKAT's December 2, 2021 email did no such thing; it merely confirmed that SKAT did not serve on defendants notice of its subpoenas before attempting to serve them, as Federal Rule of Civil Procedure 45(a)(4) requires prior notice to other parties only for subpoenas for documents, not testimony.  (Declaration of Nicholas S. Bahnsen, dated Dec. 10, 2021 ("Bahnsen Decl."), Ex. 7 at 1.)  Moreover, defendants' assertion that SKAT provided them no notice of its intent to depose Cooper or Reibeisen before December 2 is contradicted directly by their acknowledgment in a subsequent footnote that in June 2021, SKAT asked counsel for defendants Markowitz and van Merkensteijn to assist in arranging the depositions.  (Defs. Opp. 7 n.6.)

2

former employers, including defendants Markowitz and van Merkensteijn, and by contacting

them by letter, show that SKAT was unable to do so before the deadline despite its diligent

efforts.  (SKAT. Mem. 1-3, 6.)[4]  Defendants' arguments to the contrary are meritless.

    First, defendants argue that it is somehow "improper" for SKAT to rely on a single

"recitation" of its efforts to serve Cooper and Reibeisen to show both good cause to extend the

discovery deadline and that alternative service of the subpoenas is warranted because "the

standards for each are distinct."  (Defs. Opp. 7.)  But it is appropriate for SKAT to do so where

its diligence in attempting to serve the subpoenas is relevant to each.  *See Asia Pulp*, 233 F.R.D.

at 342; *Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, No. 18-CV-4921 (PGG) (KHP), 2021

WL 2767131, *1 (S.D.N.Y. July 2, 2021) ("Courts typically require . . . a prior diligent attempt

to personally serve before permitting substituted service under Rule 45." (internal quotation

omitted)).

    Second, defendants argue that SKAT was not diligent because its process server was

"armed with both personal and business addresses," and so should have been able to effect

service.  (Defs. Opp. 7.)  But SKAT's process server was unable to serve Reibeisen at his

personal address not for a lack of effort, but because Reibeisen refused to allow the process

server past his apartment building's doorman or come to the building's lobby to accept service.

(McGoey Decl. ¶ 6.)  And SKAT's efforts to serve Reibeisen at his place of business were

fruitless because, as the owner of the company informed SKAT's process server, Reibeisen

---

4.   Defendants argue that SKAT should get "no credit" for what they call a "perfunctory" request that defendants
    Markowitz and van Merkensteijn's counsel assist in arranging the depositions, since defendant Markowitz
    testified at his deposition that he did not have contact information for Cooper or Reibeisen, and SKAT did not
    ask defendant van Merkensteijn at his deposition whether he had such information.  (Defs. Opp. 7 n.6.)  But
    even if defendants Markowitz and van Merkensteijn themselves do not know Cooper's or Reibeisen's
    whereabouts, that would not preclude their counsel, who presumably conducted their own investigation of the
    facts, from having contact information for them or their respective counsel.

currently works at his apartment, where he refuses to accept service, because of the COVID-19 pandemic.  (*Id.* ¶ 16.)  Similarly, in attempting to serve Cooper personally in June 2021, SKAT's process server was told by someone who also lived at the address SKAT believes was Cooper's at the time that Cooper was out of the United States.  (*Id.* ¶ 9.)  Nevertheless, on September 13, 2021, SKAT's process servers attempted to serve Cooper again, this time at four separate locations, surveilling three of them from 8 a.m. to 8 p.m., but to no avail, despite that at one of the locations the process server confirmed with a mail carrier that Cooper recently moved into the building.  (*Id.* ¶¶ 11-14.)  And neither Cooper nor Reibeisen responded to SKAT's November 2021 letters sent, respectively, to Cooper's address, as confirmed by the mail carrier, and to Reibeisen's apartment, asking them to contact SKAT's counsel to arrange service of the subpoenas.  (*Id.* ¶¶ 17-18.)

Finally, defendants' argument that the fact that SKAT did not move the Court to approve alternative service of the subpoenas before June 30, 2021 "precludes a finding that it pursued the matter with diligence," (Defs. Opp. 8), ignores defendants' own agreement that SKAT could depose after June 30 those non-parties, such as Cooper and Reibeisen, whose depositions SKAT gave defendants notice of its intention to take before that date.  (*See supra* Section I.)[5]

## III.   SKAT's depositions of Cooper and Reibeisen will be neither cumulative nor prejudicial to the defendants.

Defendants next argue that SKAT's depositions of Cooper and Reibeisen will be "cumulative," there is no "real need" for the depositions, as they are not "important" to SKAT's

---

5.   Nor is there anything to defendants' argument that SKAT did not inform the Court in the July 29 status report or at the October 5 conference that it intended to take Cooper and Reibeisen's depositions.  (Defs. Opp. 8.)  While SKAT did not identify Cooper or Reibeisen by name in the July 29 status report, their depositions were among the "approximately 11 additional depositions" SKAT informed the Court it intended to take before discovery closed.  (July 29 Status Report at 2.)

"ability to prove any element of this case," and permitting them will prejudice the defendants. (Defs. Opp. 9-10.)

But as an initial matter, Cooper and Reibeisen's testimony is important because it will bear on whether defendants Markowitz, van Merkensteijn and Klugman acted with fraudulent intent, or at the very least were negligent, in submitting false dividend withholding tax refund applications to SKAT. During the time when Cooper and Reibeisen acted as "authorized traders" for the defendants, all aspects of defendants' purporting trading in billions of dollars in Danish shares were pre-arranged by Solo Capital Partners LLP, which sent defendants spreadsheets ahead of time assigning to each plan a particular number of shares of each stock it purportedly would purchase from a specific broker, along with specific forward transaction and stock lending counterparties with whom the plan would purportedly enter into transactions to supposedly hedge and finance their purported share purchases. (Bahnsen Decl. Ex. 1 (Klugman Dep. Tr.) 110:6-23, Ex. 5 (van Merkensteijn Dep. Tr.) 207:14-25, 224:9-17; *see also, e.g.*, McGoey Decl. Ex. M.)

On the "trading day," to create the illusion that the plans were acquiring the shares, Cooper and Reibeisen would send 34 emails starting around 7 a.m., one on behalf of each plan, to the broker Solo pre-identified asking if it had liquidity to sell the pre-identified shares, to which the broker invariably responded within about an hour that it did. (Bahnsen Decl. Ex. 1 (Klugman Dep. Tr.) 95:9-96:16, 98:4-19; *see generally* McGoey Decl. Ex. L.) Cooper and Reibeisen then went through the similar charade of responding to 34 emails from pre-identified stock loan counterparties asking if the plan is interested in lending the pre-identified shares it just supposedly agreed to purchase from the broker and sending 34 emails to the purported forward

transaction counterparty.  (Bahnsen Decl. Ex. 1 (Klugman Dep. Tr.) 110:14-20; *see generally* McGoey Decl. Ex. L.)

Nor is SKAT's need for Cooper and Reibeisen's testimony "seriously undercut" by its not having deposed the other purported "authorized traders" for some of the defendant plans, Adam LaRosa and Donald Donaldson.  (Defs. Opp. 9-10.)  Cooper and Reibeisen were directly engaged by defendants Markowitz, van Merkensteijn and Klugman to purportedly purchase on all their plans' behalf over a billion dollars of Danish stock.  (Bahnsen Decl. Ex. 1 (Klugman Dep. Tr.) 94:20-95:4, Ex. 2 (Markowitz Dep. Tr.) 409:9-22.)  In any event, in light of the roles LaRosa and Donaldson played in connection with other participants who have been criminally charged in Denmark and the ongoing nature of that investigation, SKAT expects that both likely would have asserted their Fifth Amendment privilege to refuse to answer any questions about their roles in any aspect of the fraud.  (Defs. Opp. 9-10.)[6]

Finally, notwithstanding defendants' protestations to the contrary, permitting SKAT to depose Cooper and Reibeisen after the December 3, 2021 fact discovery deadline will cause defendants no undue prejudice.  (Defs. Opp. 10-11.)  Under the Court's scheduling order, the parties are not due to exchange draft summary judgment outlines and Rule 56.1 statements for over another two months on February 28, 2022, and the joint Rule 56.1 statement and summary judgment motions are not due to be filed until March 31 and April 15, respectively.  (Pretrial Order No. 29 ¶¶ 2.3, 2.5, 2.6.)

---

6.   In fact, one such participant who SKAT recently deposed, Jerome Lhote, refused to answer any of SKAT's substantive questions on Fifth Amendment grounds.

## Conclusion

For the reasons set forth above and in SKAT's memorandum in support, SKAT

respectfully requests that the Court grant its motion.

Dated: New York, New York
December 16, 2021

HUGHES HUBBARD & REED LLP

By:     /s/ Marc A. Weinstein
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax:  (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

## Appendix A

| Defendant Plan | Docket No. |
| --- | --- |
| Aerovane Logistics LLC Roth 401(k) Plan | 1:18-cv-07828-LAK |
| Albedo Management LLC Roth 401(k) Plan | 1:19-cv-01785-LAK |
| Avanix Management LLC Roth 401(k) Plan | 1:19-cv-01867-LAK |
| Ballast Ventures LLC Roth 401(k) Plan | 1:19-cv-01781-LAK |
| Bareroot Capital Investments LLC Roth 401(k) Plan | 1:19-cv-01783-LAK |
| Basalt Ventures LLC Roth 401(k) Plan | 1:19-cv-01866-LAK |
| Battu Holdings LLC Roth 401(k) Plan | 1:19-cv-01794-LAK |
| Cantata Industries LLC Roth 401(k) Plan | 1:19-cv-01798-LAK |
| Cavus Systems LLC Roth 401(k) Plan | 1:19-cv-01869-LAK |
| Cedar Hill Capital Investments LLC Roth 401(k) Plan | 1:19-cv-01922-LAK |
| Crucible Ventures LLC Roth 401(k) Plan | 1:19-cv-01800-LAK |
| Dicot Technologies LLC Roth 401(k) Plan | 1:19-cv-01788-LAK |
| Eclouge Industry LLC Roth 401(k) Plan | 1:19-cv-01870-lAK |
| Edgepoint Capital LLC Roth 401(k) Plan | 1:18-cv-07827-LAK |
| Fairlie Investments LLC Roth 401(k) Plan | 1:19-cv-01791-LAK |
| First Ascent Worldwide LLC Roth 401(k) Plan | 1:19-cv-01792-LAK |
| Fulcrum Productions LLC Roth 401(k) Plan | 1:19-cv-01928-LAK |
| Green Scale Management LLC Roth 401(k) Plan | 1:19-cv-01926-LAK |
| Hadron Industries LLC Roth 401(k) Plan | 1:19-cv-01868-LAK |
| Headsail Manufacturing LLC Roth 401(k) Plan | 1:18-cv-07824-LAK |
| Keystone Technologies LLC Roth 401(k) Plan | 1:19-cv-01929-LAK |
| Limelight Global Productions LLC Roth 401(k) Plan | 1:19-cv-01803-LAK |
| Loggerhead Services LLC Roth 401(k) Plan | 1:19-cv-01806-LAK |
| Monomer Industries LLC Roth 401(k) Plan | 1:19-cv-01801-LAK |
| Omineca Pension Plan | 1:19-cv-01894-LAK |
| PAB Facilities Global LLC Roth 401(k) Plan | 1:19-cv-01808-LAK |
| Pinax Holdings LLC Roth 401(k) Plan | 1:19-cv-01810-LAK |
| Plumrose Industries LLC Roth 401(k) Plan | 1:19-cv-01809-LAK |
| Roadcraft Technologies LLC Roth 401(k) Plan | 1:19-cv-01812-LAK |
| Routt Capital Pension Plan | 1:19-cv-01896-LAK |
| Starfish Capital Management LLC Roth 401(k) Plan | 1:19-cv-01871-LAK |
| Sternway Logistics LLC Roth 401(k) Plan | 1:19-cv-01813-LAK |
| The Random Holdings 401(k) Plan | 1:18-cv-07829-LAK |
| The Stor Capital Consulting LLC 401(k) Plan | 1:18-cv-04434-LAK |
| Trailing Edge Productions LLC Roth 401(k) Plan | 1:19-cv-01815-LAK |
| True Wind Investments LLC Roth 401(k) Plan | 1:19-cv-01818-LAK |
| Tumba Systems LLC Roth 401(k) Plan | 1:19-cv-01931-LAK |
| Vanderlee Technologies Pension Plan | 1:19-cv-01918-LAK |
| Voojo Productions LLC Roth 401(k) Plan | 1:19-cv-01873-LAK |