```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/22/2021__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND
LITIGATION

18-md-2865 (LAK)

This document applies to: 18-cv-05053; 18-cv-05374;
18-cv-08655; 18-cv-09797; 18-cv-09836; 18-cv-09837;
18-cv-09838; 18-cv-09839; 18-cv-09840; 18-cv-09841;
18-cv-10100; 18-cv-09549; 18-cv-09515; 18-cv-09511;
18-cv-09498; 18-cv-09507; 18-cv-09497; 18-cv-09489;
18-cv-09491; 18-cv-09439; 18-cv-09552; 18-cv-09434;
18-cv-09505; 18-cv-09494; 18-cv-09492; 18-cv-09490;
18-cv-10088; 18-cv-10090; 18-cv-10127; 18-cv-04894.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

LEWIS A. KAPLAN, *District Judge.*

      Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(ii), Plaintiff Skatteforvaltningen ("SKAT") moves to compel ED&F Man Capital Markets Limited ("ED&F") to produce a properly prepared corporate representative witness to testify about several of the 29 topics set forth in SKAT's original Federal Rule of Civil Procedure 30(b)(6) deposition notice.[1] SKAT contends that ED&F's corporate representative, Shahab Hashemi, was so "egregiously unprepared" for his October deposition that ED&F should be required to produce a new witness for additional questioning.[2] For the below reasons, the Court grants SKAT's motion in part and denies it in part.

---

[1] SKAT's Letter Motion to Compel, Dkt. 667 at 1. All docket citations are to 18-md-2865 (LAK) unless otherwise indicated.

[2] *Id.*

2

### *Background*

This discovery dispute arises in consolidated actions brought by SKAT alleging defendants "defrauded it of millions of dollars by submitting tax refund claims in which [defendants] falsely claimed to own stocks in Danish companies that had paid dividends net of withholding tax."³ ED&F, a third-party defendant, submitted to SKAT tax vouchers and claimed refunds of Danish tax withholdings on behalf of its pension plan clients.⁴

On November 29, 2021, SKAT's counsel issued a final deposition notice to ED&F pursuant to Rule 30.⁵ The notice listed 29 deposition topics.⁶ ED&F never objected to the notice nor moved for a protective order.⁷ ED&F designated Mr. Hashemi, a business manager who formerly worked in compliance,⁸ as its corporate representative to testify on all 29 topics.⁹ SKAT took Mr. Hashemi's deposition on October 7 and October 8, 2021.¹⁰

---

3 *In re SKAT Tax Refund Scheme Litig.*, 356 F. Supp. 3d 300, 307 (S.D.N.Y. 2019).

4 Memorandum Opinion, Dkt. 666 at 3.

5 *See* SKAT's Rule 30 Deposition Notice, Dkt. 667-1.

6 *Id.* at 6-11. These topics remained unchanged from when SKAT first noticed the deposition on May 18, 2021. Dkt. 667 at 2.

7 Dkt. 667 at 2.

8 Hashemi Deposition Transcript, Dkt. 667-5 at 299:25-300:13 [hereinafter "Tr."].

9 ED&F's Response to SKAT's Letter Motion to Compel, Dkt. 668 at 1.

10 Dkt. 667 at 1.

3

After the deposition, SKAT wrote to ED&F to request that ED&F produce a properly prepared witness to testify about the same four categories of noticed topics that now form the subject of this motion to compel.[11] The parties met and conferred on October 22, 2021, but ED&F did not agree to produce a new witness.[12]

## *Discussion*

SKAT moves to compel ED&F to produce a new and properly prepared witness to testify on certain of the 29 initially noticed deposition topics, which SKAT groups into four categories: (i) the circumstances of ED&F's issuance of the Annex E vouchers and its admission that those vouchers were false (covered by topics 6, 11, 19, 20, and 22); (ii) how ED&F determined that the non-Annex E vouchers were accurate (covered by the same topics); (iii) the Annex A vouchers (covered by topics 19, 20, and 22); and (iv) the U.K. regulator Financial Conduct Authority ("FCA") investigation into ED&F (covered by topic 24).[13]

"Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject."[14] The corporation has an "affirmative duty to make available such number of persons as

---

[11] *Id.* at 3; *see also* Dkt. 667-4.

[12] Dkt. 667 at 3.

[13] *Id.* at 1; *see also* Dkt. 667-1.

[14] *Reilly v. NatWest Markets Grp., Inc.*, 181 F.3d 253, 268 (2d Cir.1999).

4

will be able to give complete, knowledgeable and binding answers on its behalf."[15] If the witness lacks personal knowledge on the noticed matters, then "the corporation is obligated to prepare them so that they may give knowledgeable answers."[16] "Producing an unprepared witness is tantamount to failure to appear."[17]

SKAT moves under Rule 37(a)(3)(B)(ii), which allows a "party seeking discovery" to request a court order compelling a response when a "corporation or other entity fails to make a designation under Rule 30(b)(6)."[18] SKAT does not request sanctions against ED&F under Rule 37(b)(2)(A) for disobeying a discovery order, but nonetheless describes Mr. Hashemi's lack of preparation and evasiveness during questioning with the language of sanctionable conduct, calling it "egregious" and "tantamount to failure to appear."[19] Mr. Hashemi's conduct meets this high standard in some regards, and it therefore is appropriate to order relief via a new designation under

---

[15] *Id.* (quoting *S.E.C. v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y.1992)) (internal quotation marks omitted).

[16] *Spanski Enters., Inc. v. Telewizja Polska, S.A.*, No. 07 Civ. 930 (GEL), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009) (quoting *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, No. 01 Civ. 3016 (AGS) (HB), 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002)).

[17] *Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (quoting *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997)).

[18] Rule 37(a)(3)(B)(ii) "permits a party seeking discovery to move for an order compelling designation'" of a proper Rule 30(b)(6) witness. *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 32 n.30 (2d Cir. 2015) (quoting *Reilly*, 181 F.3d 253, 268 (2d Cir.1999)). If the corporation still fails to produce such a witness, the issuing party may move for sanctions. *Id.*

[19] *Kyoei Fire & Marine Ins. Co.*, 248 F.R.D. at 152 (discussing the sanctions standard under Rule 37(b)(2)).

5

Rule 30(b)(6).

I.  *SKAT's General Complaints Concerning Mr. Hashemi's Preparation and Testimony*

SKAT makes several broad complaints regarding Mr. Hashemi's testimony. It contends that Mr. Hashemi was "woefully unprepared," as evidenced by the fact that he answered "I don't know" or "I don't recall" over one hundred times during his two-day deposition.[20] SKAT contends also that Mr. Hashemi was evasive and impeded the efficient progress of the deposition "by slowly reading aloud the documents put in front of him instead of answering SKAT's straightforward questions about them."[21] ED&F responds that Mr. Hashemi prepared extensively for the deposition and testified for "a full ten hours over two consecutive days."[22]

The time and effort ED&F and Mr. Hashemi invested in preparing for Mr. Hashemi's deposition does not excuse his inability to "give complete, knowledgeable and binding answers" on behalf of ED&F.[23] Moreover, it does not matter that SKAT's noticed topics were "expansive and wide-ranging."[24] Rule 30(b)(6) requires the deposition notice to address the deposition topics "with reasonable particularity." Unless the notice is unsatisfactory, the responding party is obliged to

---

[20] Dkt. 667 at 2.

[21] *Id.*

[22] Dkt. 668 at 1. According to ED&F, Mr. Hashemi "spent 50-75 hours reviewing ED&F documents, met with ED&F employees on approximately six separate occasions, and held fifteen separate meetings or calls with counsel, ranging in length from several hours to a full day." *Id.* Additional past employees declined to make themselves available. *Id.* at 2.

[23] *Reilly*, 181 F.3d at 268.

[24] Dkt. 668 at 1.

6

prepare the designee "to the extent matters are reasonably available, whether from documents, past employees or other sources."[25] Prior to producing Mr. Hashemi to testify on all 29 topics, ED&F did not object to the topics as being overbroad or move for a protective order.[26] ED&F therefore cannot at this point argue by implication, as it seeks to do, that Mr. Hashemi could not reasonably have been prepared to answer questions on all of SKAT's noticed topics.

After reviewing the transcript, the Court finds merit in SKAT's argument regarding Mr. Hashemi's general evasiveness and lack of preparation. However, the objective of a Rule 30(b)(6) deposition is for the party issuing the subpoena to discover information relating to the noticed topics.[27] As Mr. Hashemi's deposition did adequately cover certain of the topics highlighted by SKAT in its motion to compel, the Court therefore grants SKAT's motion only in part.

II. The Annex E Vouchers

SKAT contends that Mr. Hashemi's knowledge of the Annex E vouchers "was either

---

[25] *Bank of N.Y.*, 171 F.R.D. at 151.

[26] *See Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701 (JPO) (JCF), 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013) ("The weight of the authority holds that a party believing it has received a flawed 30(b)(6) notice may not merely rest upon its objections, but must move for a protective order."). *See also Dealer Comput. Servs., Inc. v. Curry*, No. 12 Civ. 3457 (JMF) (JLC), 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013) (holding, in response to an objection by the recipient of a Rule 30(b)(6) subpoena, that a noticed topic was overbroad and instructing the issuing party instead to serve interrogatories to the extent "such broad information is requested").

[27] *Fort Worth Emps. Ret. Fund*, 2013 WL 6439069, at *3 ("[W]hat is determinative is . . . whether [the witness was] unable to testify about pertinent subject matter within the scope of the notice.").

7

uselessly general or nonexistent,"[28] taking issue with Mr. Hashemi's inability to answer basic questions about the Annex E vouchers, including why ED&F issued them.[29]

ED&F disagrees and instead argues that "SKAT's examination of Mr. Hashemi was deeply flawed, marked by confusing questioning and persistent efforts to press the witness into affirming SKAT's own preconceived notions and litigation position."[30]  Courts should indeed consider whether the questions posed to a Rule 30(b)(6) deponent are "argumentative, compound, confusing, or otherwise improper."[31]  In this case, however, the Court concludes that the witness often professed lack of understanding of SKAT's questions because he was not adequately prepared, not because the questions were confusing.  While ED&F is correct that a Rule 30(b)(6) deposition is "not a memory contest,"[32] Mr. Hashemi's inability to answer many of SKAT's specific questions regarding the Annex E vouchers rendered his testimony "uselessly general."[33]

ED&F further argues that SKAT mischaracterizes Mr. Hashemi's testimony by claiming that he could not adequately answer questions concerning why ED&F issued the false

---

[28] Dkt. 667 at 3 (quoting *Agniel v. Central Park Boathouse LLC*, No. 12 Civ. 7227 (NRB), 2015 WL 463971, at *3 (S.D.N.Y. Jan. 23, 2015)).

[29] *Id.* (citing Tr. 254:18-255:10, 256:12-22, 278:14-279:23, 286:15-289:25, 373:4-376:13).

[30] Dkt. 668 at 2 (citing *Oakley v. Fed. Emp. & Guidance Servs., Inc.* No. 10 Civ. 7739 (JSR), 2011 WL 2946133, at *3 (S.D.N.Y. July 12, 2011)).

[31] *Oakley*, 2011 WL 2946133, at *3.

[32] Dkt. 668 at 3 (citing *Jenkins v. XpressSpa Grp., Inc.*, No. 19 Civ. 1774 (VEC) (SLC), 2020 WL 1644012, at *5 (S.D.N.Y. Apr. 2, 2020) (quoting *Blackrock Allocation Target Shares*, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017)).

[33] *Agniel*, 2015 WL 463971, at *3.

8

Annex E vouchers. SKAT points to Mr. Hashemi's conclusory testimony that "[t]he vouchers were produced incorrectly because the person producing them thought that it was . . . to be produced."[34] ED&F points out that Mr. Hashemi testified also that the vouchers were inaccurate because "on the trade date, [counterparty] MPT Dubai did not have a contractual right to the shares in which it sold."[35] This, however, is apparently all Mr. Hashemi was able to tell SKAT on this topic, and certainly was not sufficient on such an important and clearly noticed matter.

III.  The Non-Annex E Vouchers

SKAT contends that Mr. Hashemi was "unable to respond fully" to questions regarding "how ED&F determined that the non-Annex E vouchers did not share the same problems as the Annex E vouchers."[36] According to SKAT, Mr. Hashemi answered this question by claiming ED&F relied on the same types of documents in evaluating the validity of both Annex E and non-Annex E vouchers and that ED&F's reliance on those documents therefore "could not form a basis to declare the non-Annex E vouchers accurate."[37]

In fact, Mr. Hashemi testified that some of the documents ED&F reviewed for the non-Annex E vouchers "wouldn't be in the Annex E [trade] packs," including "the ones about the dividends being received, issued from the company or in the market recall" and "the cash account

---

[34] Dkt. 667; Tr. 256:12-18.

[35] Dkt. 668 at 3; Tr. at 252:2-253:22.

[36] Dkt 667 at 4.

[37] Id.

entries showing the dividends coming from [] the market counterparty or the company."[38]  SKAT very well may not have found Mr. Hashemi's answer satisfying but, as ED&F points out, "if SKAT's counsel believed that further specificity was required, he could have asked for clarification at the deposition," including by leading Mr. Hashemi through a more detailed look at some of the documentation he mentioned.[39]

IV.  The Annex A Vouchers

In response to questions regarding ED&F's issuance of Annex A vouchers and receipt of refunds on Annex A vouchers from SKAT, Mr. Hashemi testified that he did not prepare to answer questions about Annex A vouchers and that he did not "actually know anything about Annex A."[40]  SKAT's questions about Annex A vouchers fell squarely within the noticed deposition topics.  ED&F thus cannot successfully argue that its corporate representative's lack of preparation should be forgiven because SKAT's questions constituted an unfair surprise, the Annex A vouchers represented only a relatively small loss to SKAT, or the Annex A vouchers relate to "cases ED&F understands to have been resolved pursuant to settlement agreements" in bankruptcy court.[41]

V.  The FCA Investigation

---

[38] Tr. at 309:14-310:6.

[39] Dkt. 668 at 4.

[40] Dkt. 667 at 4.

[41] Dkt. 668 at 4.  ED&F could have raised any of these issues by moving for a protective order before Mr. Hashemi's deposition was taken.  *See Fort Worth Emps. Ret. Fund*, 2013 WL 6439069, at *2.

10

SKAT argues that Mr. Hashemi's preparation on the topic of the FCA investigation was "clearly insufficient," given that Mr. Hashemi testified that he knew only that an investigation was ongoing, and nothing more.[42]  ED&F contends that "Mr. Hashemi was prepared to discuss the *factual* information that is the subject of the FCA investigation . . . [but] Mr. Hashemi was not asked to review privileged documents" in preparation for his deposition.[43]

The deposition transcript shows that Mr. Hashemi was not familiar with, and could not answer questions about, "key documents related to [the] investigation that ED&F prepared, sent to the FCA, and produced to SKAT."[44]  Mr. Hashemi should have been prepared to answer questions relating to these documents, as they have already been produced to SKAT, are not subject to privilege, and fall squarely within the noticed topic related to the FCA investigation.

## *Conclusion*

For the forgoing reasons, SKAT's letter motion to compel (Dkt. 667) is granted in part and denied in part.  ED&F shall produce a new Rule 30(b)(6) witness fully and properly prepared to answer questions relating to:  (i) the circumstances of ED&F's issuance of the Annex E vouchers and its admission that those vouchers were false (covered by topics 6, 11, 19, 20, and 22); (ii) the Annex A vouchers (covered by topics 19, 20, and 22); and (iv) the U.K. regulator Financial Conduct Authority ("FCA") investigation into ED&F (covered by topic 24).

---

[42] Dkt. 667 at 4; Tr. 39:10-40:12.

[43] Dkt. 668 at 4.

[44] Dkt. 667 at 4; *see, e.g.*, Tr. 183:9-184:13.

SO ORDERED.

Dated:       December 22, 2021

                                                             /s/    Lewis A. Kaplan
                                            _____
                                                         Lewis A. Kaplan
                                               United States District Judge