

**POULOS LoPICCOLO**
ATTORNEYS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/29/22

**A Professional Corporation**

John N. Poulos⁺ • poulos@pllawfirm.com
Joseph LoPiccolo⁺ • lopiccolo@pllawfirm.com
Daniella DaCunzo Dalia⁺ • ddalia@pllawfirm.com
Anthony S. Almeida • almeida@pllawfirm.com

⁺NJ & NY Bar

Poulos LoPiccolo PC
1305 South Roller Road
Ocean, NJ 07712
t. 800.757.2304
o. 732.757.0165
f. 732.358.0180

311 W. 43rd Street
11th Floor, Suite 124
New York, NY 10036
t. 800.757.2304
o. 646.931.0011
f. 732.358.0180

www.pllawfirm.com



RECEIVED
MAR 28 2022
JUDGE KAPLAN'S CHAMBERS

March 25, 2022

**VIA FEDEX OVERNIGHT MAIL**
Hon. Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 21B
New York, New York 10007-1312

Re: **In re Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Litigation**
**Master Docket No.: 1:18-md-02865-LAK-RWL**

Dear Judge Kaplan:

This office represents eleven (11) individual defendants and their associated pension plans in one hundred (100) separate actions consolidated within the above-referenced multi-district litigation (the "SKAT MDL"). At the October 5, 2022 Case Management Conference in this action (the "CMC"), the Court referred to my group of clients collectively as the "Roger Lehman Defendants."[1] Attached hereto as **Exhibit A** is a true and accurate copy of the transcript of the CMC. We write to Your Honor at this time to respectfully request the Court's assistance and guidance in attempting to facilitate serious settlement negotiations with Plaintiff, Skatteforvaltningen ("SKAT"), and certain of my clients.

During the CMC, I raised a concerning issue with the Court, to wit, that Plaintiff SKAT was essentially dragging its feet in responding to settlement offers made by certain of my clients who could no longer afford to continue litigating this matter. (See Ex. A at 31:24-25; 32:6-8)

[1] Roger Lehman is a named defendant in forty-two (42) of the actions within the SKAT MDL.

Hon. Lewis A. Kaplan, U.S.D.J.
March 25, 2022
Re: In re SKAT; 1:18-md-02865-LAK-RWL
Page 2 of 5

("Judge, I represent numerous individuals who simply don't have the financial resources to litigate this case … despite's SKAT's representation that they're willing to settle cases, it's taken quite a bit of time to even get a response.").

Accordingly, I expressly requested during the CMC "the Court's assistance in helping facilitate" SKAT's engagement "in good faith [settlement] negotiations." (*Id.* at 32:10-12). As part of my plea to the Court for its assistance, I raised the possibilities of "court-ordered mediation" or "the assistance of a magistrate to help with facilitating a settlement." (*Id.* at 32:12-15).

When Your Honor pressed SKAT's counsel about the use of "a mediator or a magistrate judge," (*id.* at 33:16-17), SKAT's counsel represented those mechanisms were unnecessary and that SKAT "would do [its] best to make these [settlements] move quicker than they have." (*Id.* at 33:18-25).

After further colloquy with myself and SKAT's legal counsel, Your Honor concluded the discussion on the settlement issue with the following guidance: "And if that doesn't lead to serious discussions, Mr. LoPiccolo, just drop me a letter, copies to everybody, of course, and I'll do what I can do to get you whatever the Court can provide in terms of mediation." (*Id.* at 35:22-25).

While my clients and I have been extremely patient in attempting to engage Plaintiff SKAT in serious settlement negotiations, an obscure and uncertain impasse has been reached in the settlement negotiation process and, while I have been judicious to this point in reaching out to the Court for its assistance, I believe the time is more than ripe for judicial intervention.

Since the CMC, SKAT and I have settled three (3) of my individual client's cases.[2] However, I have also actively attempted to settle three (3) other individual defendants' cases which are ideal for settlement: Tom Kertelits (a defendant in a single action, with no co-defendants aside from his associated Plan), Mitchell Protass (a defendant in two actions, with no co-defendants aside from his associated Plans) and Svetlin Petrov Petkov (a defendant in five actions, only one of which has a co-defendant aside from his Plans). Attached hereto as **Exhibit B** is a true and accurate copy of a lengthy email string depicting exhaustive efforts to settle the Kertelits, Protass and Petkov actions.

During the CMC, one of the major points Your Honor stressed was that in order to engage in good-faith settlement negotiations based upon economic hardship, it was incumbent upon my clients to demonstrate full financial transparency to SKAT. (*See* Ex. A at 34:24-35:5). My clients

---

[2] The settlements completely disposed of civil actions numbered 1:18-cv-04898-LAK (Carl Andrew Vergari and his Plan), 1:18-cv-04900-LAK (Sean Driscoll and his Plan) and 1:18-cv-10067-LAK (John LaChance and his Plan). The settlements also dismissed John LaChance and his Plan in civil action 1:18-cv-10092, but that case remains active as Roger Lehman is a Co-Defendant in that action and has not been individually dismissed therefrom.

Hon. Lewis A. Kaplan, U.S.D.J.
March 25, 2022
Re: In re SKAT; 1:18-md-02865-LAK-RWL
Page 3 of 5

succumbed to this invasive exercise despite an initial reticence to engage in such an exercise due to an inherent and reasonable mistrust of the Plaintiff and its potentially ulterior motives in obtaining and reviewing such sensitive and otherwise confidential financial information. In fact, my clients released an enormous range of financial documentation exposing their sensitive financial holdings – *months ago*! (*See* Ex. B at pp. 9-10 [Email dated January 12, 2022, providing the Protass' "financial transparency package"]; p. 4 [Email dated March 3, 2022 ("What about Svetlin Petkov? It has now been a month since Marc said you can move forward with your client with Svetlin's updated settlement proposal.")]).

By email dated March 1, 2022, I recapped the stalled state of settlement negotiations with SKAT:

Marc/John – we are now approaching a month since we responded to your follow-up questions and almost 2 months since we first sent you all the financial documents you requested. When can we expect a response?

We can't continue with the passing of months to get a response to our offers. Our clients engaged in negotiations because they want to stop the bleeding and put this MDL behind them. Mr. Protass's initial offer letter was sent in 2020. Same with Mr. Kertelits's offer. We continue to follow up and after numerous follow ups, you finally respond with a request for additional very basic information. For instance, we provided you Mr. Kertelits's financial information on January 13. I followed up on February 3. No response. I followed up again on February 8. No response. I followed up again on February 14. No response. On February 17, you then, for the first time, requested the address of his 2 homes and when they were purchased. This is completely unreasonable. **Again, this is exactly why I suggested mediation. Without control dates set by a mediator or Judge, it appears SKAT doesn't view these cases as a priority**.

If we don't have responses by close of business Thursday, we will request Judge Kaplan order mediation.

(*See* Ex. B at pp. 5-6) (emphasis added).

On March 2, 2022, Plaintiff SKAT's legal counsel represented: "Joe, We expect to provide counteroffers for both Messrs. Protass and Kertelits next week." (*Id.* at p. 5). Eight (8) days later, on March 10, 2022, I pressed counsel: "John - tomorrow is the end of the week. I'm assuming we'll have counteroffers from SKAT tomorrow?" (*Id.* at pp. 3-4).

Incredibly, and what is most concerning about SKAT's current settlement posture, is that on March 10, 2022, SKAT's legal counsel emailed me with the following cryptic and wholly ambiguous response:

Hon. Lewis A. Kaplan, U.S.D.J.
March 25, 2022
Re: In re SKAT; 1:18-md-02865-LAK-RWL
Page 4 of 5

> SKAT has been giving a great deal of consideration to these settlement offers and its overall approach to such offers on a going-forward basis. We will therefore need some additional time before presenting counter-offers.

> (*Id.* at p. 3).

Given the obviously obscure nature of SKAT's legal counsel's email, I naturally queried, "I really don't understand what you mean by 'overall approach to such offers on a going-forward basis,'" and "[w]hat does 'additional time' mean?" (*Id.* at p. 2). Eleven (11) days later, on March 22, 2022, still not having received a response to my logical queries, I again emailed SKAT's counsel to evaluate whether it had a true appetite for settlement negotiations:

> Marc - **Is SKAT still interested in settlement**? We are now going on 2 ½ months since we sent you financial packages for Protass and Kertilits and almost 3 ½ months since we sent you Mr. Petkov's financial package and offer.

> When can we expect any sort of response?

> (*Id.* at p. 1) (emphasis added).

Finally, on today's date, SKAT's counsel responded, "Joe, SKAT is still interested in settlement discussions. We are doing our best to have all settlement overtures considered and responded to as soon as possible, **but I can't put a specific date on responses**." (*Id.* at p. 1) (emphasis added).

Respectfully, my clients are bleeding financially from defending this action, especially since we are in the midst of expert discovery and on the precipice of summary judgment briefing. Additionally, aside from the significant cost of this litigation, my clients' lives have been significantly affected in other ways while this SKAT MDL is pending. Some have not been able to obtain mortgages, life insurance, jobs and professional licenses due to this pending action. Others' physical and mental health have suffered due to the enormous stress they are under from defending themselves in this massive MDL brought against them by a Kingdom – one with unlimited coffers and a voracity for litigation.

SKAT's completely blasé and apathetic response of today's date to a simple request of whether it remains interested in settlement with my clients is manifestly inequitable and can no longer be countenanced. Consequently, I respectfully request that the Court intervene in our settlement negotiations and either compel SKAT to court-ordered mediation or a settlement conference with a Magistrate Judge.

Hon. Lewis A. Kaplan, U.S.D.J.
March 25, 2022
Re: In re SKAT; 1:18-md-02865-LAK-RWL
Page 5 of 5

       I thank Your Honor for your time and thoughtful consideration of this submission. I will make myself available if the Court requests further information.

                          Respectfully submitted,

                          s/ *Joseph LoPiccolo*

                          JOSEPH LoPICCOLO

JLP/asa
Enclosures
c.  William R. Maguire, Esq. (Via Email Only: bill.maguire@hugheshubbard.com)
    Marc A. Weinstein, Esq. (Via Email Only: marc.weinstein@hugheshubbard.com)
    Neil J. Oxford, Esq. (Via Email Only: neil.oxford@hugheshubbard.com)
    John T. McGoey, Esq. (Via Email Only: john.mcgoey@hugheshubbard.com)