

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

By ECF

Honorable Lewis A. Kaplan                              April 5, 2022
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *In re Customs and Tax Administration of the Kingdom of Denmark
> (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)[1]

Dear Judge Kaplan:

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this letter opposition to Defendants' Letter Motion for Leave to File Motion for Summary Judgment in this non-bellwether action.[2]

Defendants seek leave to move for summary judgment in this action on the ground that SKAT's claims against Defendants are barred by Denmark's three-year limitations period, potentially made applicable by New York's borrowing statute.[3]  Under Danish law, the three-year limitations period for tort claims does not begin to run until the plaintiff became aware or should have become aware of its claim, meaning that the plaintiff had the basis to assess its claim against the defendant, including, but not limited to, knowledge that it had been damaged by tortious conduct, of the identity of the tortfeasor and of the tortfeasor's role in the misconduct.[4]

Determining when a plaintiff knew or should have had sufficient knowledge of its claim to trigger the applicable statute of limitations under a discovery rule, such as Denmark's, generally is a fact-intensive inquiry not susceptible to summary judgment.[5]  And that is the case here.  Defendants argue that their proposed motion is "straightforward" and can be granted based

---

1.   This letter opposition relates to case no. 19-cv-10713.

2.   Defs. Ltr. Mot. for Leave to File Mot. for Summary Judgment, No. 18-md-2865, ECF No. 773.  Citations to the docket are to No. 18-md-2865 unless otherwise indicated.  The "Defendants" seeking leave to move are Bernina Pension Plan Trust, RJM Capital Pension Plan Trust, Richard Markowitz and John van Merkensteijn.

3.   N.Y. C.P.L.R. § 202.

4.   Decl. of Mads Bryde Andersen in Opp. re: Mot. to Dismiss the Am. Compl., ¶¶ 29, 35-36, ECF No. 498.

5.   *See, e.g.*, *Sargiss v. Magarelli*, 12 N.Y.3d 527, 532 (2009) (under New York's discovery rule, "[w]here it does not conclusively appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a complaint should not be dismissed on motion and the question should be left to the trier of the facts" (internal quotation omitted)).

on "limited" "material and undisputable facts," namely, that "in August 2015, SKAT received a warning from a foreign embassy stating that each of the pension plans named as defendants in th[e] case was suspected of engaging in dividend withholding tax fraud." (Mot. 1-2.) But SKAT's claims against Defendants in this particular case are based on undisclosed partnerships that the Defendants entered into with the defendant plans and the Defendants' behind-the-scenes roles in "setting up the fraudulent scheme, and coordinat[ing] the creation and submission to SKAT of the fraudulent documents purporting to show the" defendant plans' "ownership of Danish shares."[6] Neither the information SKAT received in August 2015 nor the defendant plans' fraudulent tax refund applications themselves disclosed to SKAT the Defendants' roles with respect to the refund applications at issue or even their association with the relevant pension plans. As such, "principles of judicial economy and efficiency" will not be served by the Court granting Defendants leave to make the meritless argument that the Court may dismiss SKAT's claims on this ground as a matter of law. (Mot. 2.) Rather, any such motion will require SKAT to provide the Court with a litany of facts omitted from Defendants' motion.

Further, such principles also will not be served by granting Defendants' motion because the separate Danish limitations period arguments the defendants in the selected bellwethers intend to make already raise the issue sufficiently. As Defendants concede, in connection with the bellwether cases, they already intend to "press different statute of limitations arguments." (Mot. 2, n.3.) In particular, the bellwether defendants intend to seek dismissal by summary judgment under the Danish statute of limitations of all SKAT's claims with respect to amounts it paid before January 1, 2015, on the ground that SKAT purportedly should have discovered its claims before that date based on information separate from the August 2015 "warning" that forms the basis for Defendants' argument in this case. And a separate defendant, Robert Crema, whom SKAT sued in April 2020, intends to argue in his bellwether case that SKAT's claims against him are time-barred under Danish law because SKAT should have known about its claims against him by October 2016. Thus, contrary to Defendants' argument that resolution of these arguments "likely will have no implication for the argument identified in [their] motion," the selected bellwethers already raise sufficiently the Danish limitations issue. (Mot. 2, n.3.) The burdens on the Court and the parties in adding yet another argument to already complex summary judgment motions outweigh any incremental benefit in the Court addressing at this stage the applicability of the Danish statute of limitations to a third set of facts.[7]

---

6.  Am. Compl., ¶¶ 91, 98, No. 19-cv-10713, ECF No. 58. SKAT's separate claims against defendants Markowitz and van Merkesteijn for amounts it paid in response to refund applications involving plans of which they were the plan beneficiaries and where their involvement was apparent from the face of the refund applications are not at issue in this action.

7.  Defendants also argue the approximately $120 million in damages SKAT seeks in this action weighs in favor of granting them leave to move for summary judgment. (Mot. 2.) But while $120 million is a substantial sum, it is only a fraction of the total damages SKAT seeks across all its actions against defendants Markowitz and van Merkensteijn. Further, Defendants' proposed summary judgment motion, combined with the bellwether defendants' motion, even if successful, would not "fully resolv[e]" SKAT's claims against the Defendants, as defendants Markowitz and van Merkensteijn do not intend to argue that SKAT's claims against them in the bellwethers for the amounts it paid in response to their 2015 fraudulent tax refund applications are time-barred. (Mot. 2.)

Accordingly, for the reasons set forth above, SKAT respectfully requests that the Court deny Defendants' motion.

Respectfully submitted,


/s/ Marc A. Weinstein
    Marc A. Weinstein

cc:    (via ECF)
       All counsel of record