**MEMO ENDORSED**

WILMERHALE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4-6-22

**VIA ECF**

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

April 5, 2022

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-02865-LAK[1]

Dear Judge Kaplan:

In Pretrial Order No. 29, this Court set forth a procedure by which the parties would agree on a series of bellwether cases and then seek "summary judgment or partial summary judgment … based on [those] bellwether cases." ECF No. 675. On March 29, 2022, SKAT filed a letter seeking clarification of that order, and the Court confirmed SKAT's view that "summary judgment motions should pertain to the bellwether cases only," absent leave of court to file a motion in a non-bellwether case. ECF No. 768.

Accordingly, Defendants Bernina Pension Plan Trust, RJM Capital Pension Plan Trust, Richard Markowitz, and John van Merkensteijn (collectively "Moving Defendants") respectfully seek leave of the Court to move for summary judgment solely on statute of limitations grounds in a single non-bellwether case, *Skatteforvaltningen v. van Merkensteijn et al.*, No. 1:19-cv-10713 (S.D.N.Y. 2019).[2] That case stands apart from the other lawsuits that have been consolidated in this multi-district litigation: Whereas most of SKAT's lawsuits were filed in 2018 or early 2019 and asserted claims against a single pension plan with damages in the seven-figure range, SKAT filed this complaint on November 19, 2019, naming as defendants 15 pension plans, two pension plan trusts, and two individuals, asserting damages exceeding $120 million. *Skatteforvaltningen v. van Merkensteijn et al.*, No. 1:19-cv-10713, ECF No. 1.

While the magnitude of the individual case is significant for purposes of moving these consolidated proceedings towards resolution, the Moving Defendants' motion is straightforward: the Moving Defendants will argue that SKAT's case is barred by the applicable three-year statute of limitations, based on a limited statement of material and undisputable facts. In particular,

---

[1] This document relates to Case 1:19-cv-10713.

[2] Markowitz, van Merkensteijn, and the RJM Capital Pension Plan are defendants in certain of the bellwether cases, but the parties have not selected the 19-10713 case as a bellwether. While this motion is brought by parties to bellwether cases, the argument Defendants seek to raise in this motion is distinct from arguments that would apply in any bellwether case.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

WILMERHALE

April 5, 2022
Page 2

documentary evidence shows that in August 2015, SKAT received a warning from a foreign embassy stating that each of the pension plans named as defendants in this case was suspected of engaging in dividend withholding tax fraud. Defendants will argue that the statute of limitations started running not later than August 2015, and the applicable three-year limitations period lapsed well before this complaint was filed in November 2019.

Principles of judicial economy and efficiency strongly support considering this motion now. The question it raises is narrow and discrete—whether a single complaint is untimely—and may not be addressed through the resolution of the summary judgment motions relating to the bellwethers.[3] And its resolution will have an outsized impact given the magnitude of SKAT's damages claim in this case relative to its claims in the other consolidated cases. The resolution of the bellwether defendants' motion for summary judgment, alongside the limited motion the Moving Defendants seek leave to file, would have the effect of either fully resolving SKAT's claims against the Moving Defendants or clarifying the extent of claims against them that must be tried.

For these reasons, the Moving Defendants respectfully request the Court's leave to move for summary judgment on statute of limitations grounds in the matter docketed 1:19-cv-10713.

Respectfully submitted,

/s/ Alan E. Schoenfeld
Alan E. Schoenfeld

/s/ Sharon McCarthy
Sharon McCarthy

cc: All counsel of record

[Handwritten note by Judge:] Upon review of the complaint and the declaration of the plaintiffs' Danish law expert with regard to the Danish law on statutes of limitation, it does not appear, preliminarily, that litigating the applicants' motion at this time would be an appropriate use of judicial time. Leave to file now is denied without prejudice to reconsideration upon completion of summary judgment motions in bellwether cases.

---

[3] Defendants in the bellwether cases intend to press different statute of limitations arguments involving different facts and complaints that were filed much earlier. If the Court declines to grant judgment to the bellwether defendants based upon those arguments, it likely will have no implication for the argument identified in this motion, which relates to a case filed many months after almost all of SKAT's other lawsuits.

SO ORDERED

/s/ Lewis A. Kaplan
LEWIS A. KAPLAN, USDJ
4-6-22