# Exhibit 31

# Procedure guidance

| | |
|---|---|
| Date of release | 11 Oct 2018 13:45 |
| Date of judgment / ruling / decision / control signal | 11 Oct 2018 13:45 |
| SKM number | SKM2018.517.DEP |
| Authority | Ministry (Ministry of Taxation) |
| Responsible board | The Danish Tax Agency |
| Case number | 2018-193 |
| Document type | SKM message |
| Overall topics | treasure |
| Topics Topics | Advances, information sheet, annual statement, tax card and accounts |
| Keywords | Procedure guidance, litigation instructions, litigation, barrister, judicial review, writ of summons, appeal |
| Summary | This guide describes the general principles for the processing of court cases on tax and duty rules, in which the Ministry of Taxation acts as a party, and where a tax, assessment or motor appeal board, the Tax Appeals Board or the National Tax Court is the last administrative appeal body. In addition, the Tax Administration's cases concerning e.g. recovery.<br><br>The guide also describes a number of the Chamber Advocate's tasks in connection with the handling of the proceedings before the Ministry of Taxation. The guide replaces the Ministry's litigation guide of 29 June 2018 (published as **SKM2018.346.DEP** ) and contains an update as a result of a change in the entry for litigation in the Ministry of Taxation. |
| Reference(s) | - |
| Reference | The Legal Guide 2018-2, Section **AA10.3** . Judicial review |
| Editorial notes | This replaces **SKM2018.346.DEP** |

**Guidelines for the Ministry of Taxation's legal proceedings**

**Table of Contents**

**Guidelines for the Ministry of Taxation's legal proceedings.**

1. General principles for the Ministry of Taxation's and the Tax Administration's litigation administration
1.1. The main principles.
1.2. Sharpened claims.

2. Cases covered by the case guidance.
2.1. The Ministry of Taxation's cases
2.2. The tax administration's cases
2.3. The application of the case guidance to the lawsuits of the Ministry of Taxation and the Tax Administration

3. City court or district court, etc.
3.1. The starting point in the city court is one judge
3.2. Treatment with 3 judges in the district
3.3. Reference to the High Court
3.4. Expert judges.
3.5. Small case process.

4. On the litigation, including on special monitoring, in the Ministry of Taxation's litigation
4.1. The main rule - The barrister is in charge of the case.
4.2. Cases under special supervision.
4.3. Common to all cases

5. General procedures when the Chamber Advocate is to conduct a trial before the Ministry of Taxation
5.1. Receipt of summons.
5.2. Assessment of the summons.
5.3. Case processing.

6. The procedure for the Chamber Advocate's recommendations in the Ministry of Taxation's court cases and the internal submission to the Ministry
6.1. Deadlines for the Chamber Advocate's recommendations to the department
6.2. The Chamber Advocate's hearing of the Tax Administration and the Danish Tax Appeals Board.
6.3. The internal procedure in the department

7. Access to documents

8. Procedures in the Tax Administration when the Tax Administration is a party to the proceedings
8.1. The tax administration wants to bring or bring a case before the courts.
8.1.1. In particular on the commencement of management liability cases and other compensation
cases 8.2. A citizen or a company brings or brings a case before the courts.

9. Follow-up on judgments etc.
9.1. Significance for other pending litigation
9.2. The scope of the judgment.
9.3. Comments on certain judgments.
9.4. Publication of judgments.
9.5. Concrete follow-up on judgments etc.
9.6. Legal costs
9.7. The tax administration's lawsuits

Procedures for the Ministry of Taxation to bring decisions before the courts.
10.1. Deadline of 3 months
10.2. Assessment by the Chamber Advocate.
10.3. The internal procedure in the department

11. Procedures for the Ministry of Taxation's appeal of judgments.
11.1. Deadline for appeal of 4 weeks
11.2. The Chamber Advocate's assessment and recommendation in matters of appeal.
11.3. The High Court's considerations on the ex officio rejection of an appeal.

11.4. The internal procedure in the department

12. Trial in the 2nd and 3rd instance with the permission of the Procedural Grants Board.
12.1. Taxpayer's application.
12.2. The Ministry of Taxation's application.

13. Deadline exceeded.

14. Free process.

15. Use of lawyers other than the Chamber Advocate.

Tightened supplier management.

17. Entry into force.

Annex 1.

## 1. General principles for the Ministry of Taxation's and the Tax Administration's litigation administration

Section 1 applies to both the Ministry of Taxation's and the Tax Administration's litigation.

### 1.1. The main principles

It is a basic principle of the Ministry of Taxation's conduct of litigation that taxpayers are not unnecessarily dragged through litigation. At the same time, the cases must be concluded with the correct result at the earliest possible time.

The Ministry of Taxation must only appeal a decision or appeal a judgment if it is in principle or if special reasons justify it. Special reasons may be that the case concerns significant amounts or has a significant interest, even if it is not in principle.

The Ministry of Taxation, in collaboration with the Chamber Advocate, must carefully consider whether a case should be brought at all. This also applies if a taxpayer brings a case. The approach here must be restrictive. The same will apply to the Tax Administration when the Tax Administration assesses which cases are recommended to be brought before the courts or judgments that are appealed, or where the Tax Administration is a party to the proceedings.

As early as possible, the Ministry of Taxation must decide whether a lawsuit should be conducted, abandoned in whole or in part, or whether an attempt should be made to have the case concluded with a settlement.

The cases must be conducted on their content - not on formalities.

As a general rule, the Ministry of Taxation does not bring the decisions of the tax, assessment and motor appeal boards, the Danish Tax Appeals Board or the National Tax Court before the courts.

As a general rule, the Ministry of Taxation does not appeal city court judgments or district court judgments. If the taxpayer appeals a judgment, the Ministry of Taxation's claim must in principle be a confirmation.

The Ministry of Taxation may bring a decision from an appeals board, the Danish Tax Appeals Board or the National Tax Court before the courts, if it is a decision in principle or if special reasons justify it.

The same applies if the Ministry of Taxation wants to appeal a judgment.

Cases of principle are cases that may have an impact on a larger or unknown number of taxpayers. Special reasons may be that the case concerns significant amounts or has a significant interest, even if it is not in principle.

If the Ministry of Taxation chooses to bring a case before the courts or to appeal a judgment, there must be a reasonable presumption that it will end up with a different outcome in the case.

### 1.2. Sharpened claims

As a general rule, the Ministry of Taxation does not sharpen its claims during a trial.

The Ministry of Taxation may, however, do so if there are reasons of principle or special reasons for it and when there is a reasonable presumption that the courts will uphold the stricter claim.

For an understanding of principal and specific reasons, see section 1.1.

Special reasons may be, for example, that the Tax Administration will have to make an outlay to interrupt a limitation period if the Ministry of Taxation does not sharpen the claim in court. This may be the case if the taxpayer has not paid the tax or has not been granted deferral before the case.

## 2. Cases covered by the case guidance

### 2.1. The Ministry of Taxation's cases

Taxpayers (hereinafter: taxpayers) and the Ministry of Taxation may bring cases decided by the tax appeals administration, a tax appeals board, an assessment appeals board, a motor appeals board or the National Tax Court before the courts. The Ministry of Taxation is thus a party to the proceedings in these cases, see sections 48 and 49 of the Tax Administration Act.

The tax administration is involved in the proceedings of the Ministry of Taxation, the department, to the extent specified in the guidelines. The Ministry is not involved in the Tax Administration's cases, unless the Tax Administration, quite exceptionally, finds this necessary.

The Department has the competence to make decisions in matters concerning the processing of the Ministry of Taxation's court cases.

All correspondence in the processing of lawsuits takes place in the department with the office for Data Security and Business Support as input.

The Ministry of Taxation sends all subpoenas, regardless of what the subpoena is about, to the Danish Tax Agency in the Tax Administration. The summonses are sent to the journal **mailbox JuraSkat@Sktst.dk** . The Danish Tax Agency then inspects the case and forwards the summons to the relevant agency or agencies in the Tax Administration. The tax administration's visitation email is sent cc to the ministry and the Chamber Advocate, so that the ministry and the Chamber Advocate know which agency / agencies the case has been visited. All correspondence in the trial, including in connection with the processing of this, delivery of judgment, etc. then happens with this agency / these agencies.

When the Tax Administration is stated in the following, it means the relevant agency or agencies in the Tax Administration. This means that if a lawsuit is divided into two agencies, then both agencies must, for example, submit consultation responses, etc. to the Chamber Advocate, and the Chamber Advocate must, for example, involve / inform both agencies. If the agency or agencies in the Tax Administration that have originally had the case examined find that one or more other agencies in the Tax Administration must be involved, the Chamber Advocate is informed, who then writes to the new agency or agencies in the Tax Administration.

### 2.2. The tax administration's cases

The Tax Administration or the Tax Administration as the arrears recovery authority (the National Debt Management Agency) is a litigant in the following types of lawsuits:

a. Certain lawsuits of a recovery nature

These include the following:

- Appeals to the High Court of bailiff court orders as a result of complaints about an attachment pursuant to section 6 of the Act on the procedure for recovery of taxes and fees, etc.
- Appeals to the High Court of bailiff court orders pursuant to section 18 of the Public Debt Recovery Act.

b. Certain lawsuits of a collection nature

These include the following:

- Cases concerning temporary decisions on prohibitions and injunctions in a civil case, cf. Chapter 40 of the Administration of Justice Act.
- Cases concerning assistance in maintaining a prohibition or injunction, cf. Chapter 57 of the Administration of Justice Act.
- Cases concerning the making of an arrest, cf. Chapter 56 of the Administration of Justice Act.
- Justification case on arrest, cf. Chapter 56 of the Administration of Justice Act.

c. Certain lawsuits regarding property tax calculation

These are, for example, the probate court's decisions regarding the valuation of an estate for the purpose of calculating estate tax, cf. section 12 of the Estate Tax Act. These decisions may be appealed or appealed to the High Court or the Supreme Court by the Tax Administration in accordance with the general rules.

d. Certain post-payment litigation

These are, for example, cases concerning fines and arrears pursuant to section 80 (1) of the Customs Act. 2, which deals with the Tax Administration's possibility to make a preliminary decision on fines and post-payment for persons hired with ships in foreign trade, as well as persons who are not resident in this country. The person to whom the decision relates may, within 14 days of the decision being notified to the person concerned, request that it be brought before the courts.

The case is brought before the court by the Tax Administration.

e. Certain cases of liability and management liability cases

These are, for example, board and management liability cases that the Tax Administration may wish to institute, for example in connection with the operation of a company being continued, even though continued operations will be loss-making and lead to losses for the Treasury.

The listing is not exhaustive.

## 2.3. The application of the case guidance to the lawsuits of the Ministry of Taxation and the Tax Administration

Proceedings

- sections 1, 3, 7, 9, 10.1, 11.1, 11.3 and 12-17 apply to both the Ministry of Taxation's and the Tax Administration's litigation,
- sections 2.1, 4-6, 10.2, 10.3, 11.2 and 11.4 apply only to the Ministry of Taxation's litigation and
- sections 2.2 and 8 only apply to the Tax Administration's litigation.

## 3. City court or district court, etc.

Section 3 applies to both the Ministry of Taxation's and the Tax Administration's litigation, however, so that the Ministry is not involved in the Tax Administration's cases, unless the Tax Administration, quite exceptionally, deems this necessary.

### 3.1. The starting point in the city court is one judge

Trials begin in city court. One judge decides the case unless the court has ruled otherwise.

### 3.2. Treatment with 3 judges in the district court

Pursuant to the Administration of Justice Act, section 12, subsection 3, it applies that in civil cases the court may decide that 3 judges must participate in the decision of the case, if

1. the case is of a principled nature,
2. the outcome of the case may have a significant effect on parties other than the parties,
3. the case presents particularly extensive or difficult legal or evidentiary issues or
4. the special nature of the case, moreover, exceptionally makes collegial treatment required.

In the recommendation to bring the decision, the barrister also decides whether the case, if it is brought before the courts, should be requested to be heard by 3 judges in the district court.

For the cases brought by the taxpayer, the Chamber Advocate assesses whether they should be dealt with by 3 judges in the district court. If the Chamber Advocate considers that a case should be requested to be dealt with by 3 judges in the district court, the Chamber Advocate submits a recommendation to this effect to the Ministry of Taxation.

If a taxpayer requests a case dealt with by 3 judges in the district court, the Chamber Advocate submits a recommendation to the department. The department agrees with a taxpayer's request if the case, in the department's opinion, meets the requirements for processing 3 judges.

### 3.3. Referral to High Court

A district court may, at the request of a party, refer a lawsuit to the High Court if the case is of a principled nature and has general significance for the application and development of law or significant social reach in general, cf. section 226 (1) of the Administration of Justice Act. In the recommendation to bring the decision, the Advocate General also decides whether the case, if it is brought before the courts, should be referred to the High Court.

For the cases brought by the taxpayer, the Chamber Advocate assesses whether they should be requested to be referred to the High Court. If the Chamber Advocate considers that a case should be requested to be referred to the High Court, the Chamber Advocate submits a recommendation to this effect to the Ministry of Taxation.

If a taxpayer requests a case referred to the High Court, the Chamber Advocate submits a recommendation to the Department. The Ministry agrees with a taxpayer's request if, in the Ministry's view, the case meets the requirements for referral to the High Court.

### 3.4. Expert judges

Pursuant to section 20 of the Administration of Justice Act, in civil cases in the first instance that are heard by the district court or the high court, the court may decide that the court during the main hearing must be joined by 2 expert members whose expertise is deemed relevant to the case.

The same applies to appeals in the High Court, where the court may decide that the court must be joined by expert members during the main hearing.

If the taxpayer requests expert members to be appointed, the Chamber Advocate submits a recommendation to the department. The Department agrees with a taxpayer's request if, in the Department's view, the case meets the requirements for the appointment of expert members.

### 3.5. Small case process

The lawsuits in which the Ministry of Taxation is a party are in principle not suitable for small claims proceedings under Chapter 39 of the Administration of Justice Act, as the disputed claims are typically greater than DKK 50,000, or the cases deal with complicated factual or legal issues.

### 4. On the litigation, including on special monitoring, in the Ministry of Taxation's lawsuits

### 4.1. The main rule - The barrister is in charge of the case

The main rule is that the Chamber Advocate is independently responsible for the organization and conduct of the case. The Ministry and the Tax Administration must only receive a writ of summons and judgment in the case, but neither a statement of defense, a reply, a rejoinder or other pleadings or appendices.

No later than 4 weeks after the correspondence has ended, the Chamber Advocate must assess whether the main hearing should be conducted. If the Chamber Advocate finds it overwhelmingly probable that the main hearing will lead to a favorable result for the Ministry of Taxation, the Chief Advocate will negotiate the case without sending a recommendation or a notice to the Ministry.

### 4.2. Cases under special supervision

The Ministry may decide that a case must be under special supervision, eg on the recommendation of the Chamber Advocate. This can happen in cases where:

- there are particular doubts about the legal situation,
- there is immediate doubt as to whether the case can be carried out with a favorable outcome for the Ministry of Taxation,
- the case concerns particularly large sums,
- the case may affect a larger number of taxpayers, or
- the case may have a broader public interest.

Cases that the Ministry of Taxation itself has brought before the courts are always under special supervision. The same applies to cases that the Ministry of Taxation has appealed. In addition, all cases before the Supreme Court must be taken for special monitoring.

If the department decides that a case must be under special supervision, the department notifies the Chamber Advocate, who informs the Tax Administration.

The department maintains a comprehensive overview of which cases are under special supervision. The individual agencies keep a similar overview of their cases.

In cases under special supervision, the Chamber Advocate regularly sends copies of his own and the other party's pleadings to the Ministry and the Tax Administration. Documentary material is only sent if the Ministry or the Tax Administration has requested it in the individual case or for specific case categories.

The barrister may exceptionally send draft pleadings to the department and / or the Tax Administration before they are submitted. If the Tax Administration is to be consulted on draft pleadings, the Chamber Advocate sends these directly to both the Tax Administration and the Ministry.

The barrister informs the department of the Tax Administration of when the case is to be heard in the main proceedings, of the end of the correspondence and of the transition to written proceedings.

No later than 4 weeks after the exchange of letters has ended, the Chamber Advocate must prepare a statement to the department as to whether the case should be completed with a main hearing. In this connection, the Advocate General will make a new assessment of whether the trial is to be conducted on the available basis or, for example, a settlement is sought. If the Chamber Advocate finds it overwhelmingly probable that the main hearing will lead to a favorable result for the Ministry of Taxation, the Chamber Advocate will only send a short recommendation to the Ministry.

**4.3. Common to all cases**

The Ministry and the Tax Administration must notify the Chamber Advocate immediately if they become aware of matters that may be relevant to a pending lawsuit.

The Chamber Advocate may at any time in the case involve the Department and the Tax Administration if the Chamber Advocate deems it necessary or appropriate.

The barrister must inform the ministry, the Tax Administration and the Danish Tax Appeals Board about the result of hearings, including hearing responses, if the parties are part of a hearing procedure. The same applies to an obligation for the Chamber Advocate to inform the Ministry and the Tax Administration of significant decisions that one of the parties to the case has made in the case. In cases where the Chamber Advocate makes a recommendation, the Chamber Advocate in all cases hears the Tax Administration and the Tax Appeals Agency, regardless of whether the matters are material or formal.

If the Chamber Advocate believes that a case is doubtful or that there is no basis for pursuing the case in full, the Chamber Advocate will send a recommendation to the Ministry. In particular, the recommendation must address the points that are less certain for the Ministry of Taxation, and it must also explain what, if any, speaks in favor of implementing the case. The Advocate General must in particular elaborate on his position, including the extent to which there is a basis for continuing the case, in cases concerning the application of law, but where the decision is neither supported by the text of the law nor in the draft legislation, or if the decision in the case is manifestly unreasonable. . The same applies in cases where the position of the evidence is less clear and where it is overwhelmingly likely that the Ministry of Taxation will lose the case.

The barrister must also make any proposals for conciliation in his recommendation. The same applies in cases where the judge has indicated how a possible verdict will turn out. However, the barrister does not have to prepare a recommendation if the court has stated that the Ministry of Taxation will be fully upheld.

**5. General procedures when the Chamber Advocate is to conduct a trial before the Ministry of Taxation**

**5.1. Receipt of summons**

Once the department has received a summons or an appeal, it sends the summons with the original appendices to the Chamber Advocate as soon as possible. At the same time, the department asks the Chamber Advocate to look after the Ministry of Taxation's interests in the case.

If a board in the Tax Administration has received a summons or an appeal in a case where the Ministry of Taxation is a party to the proceedings, the summons with appendices is sent to the Ministry as soon as possible with a view to the Ministry sending the summons to the Chamber Advocate. The Ministry sends a copy of the summons / appeal summons with appendices to the Danish Tax Agency in the Tax Administration, cf. section 2.1, with a view to examining the case to the relevant agency or agencies. The Ministry also sends a copy of the summons to the Danish Tax Appeals Board if an appeals board, the Danish Tax Appeals Board or the National Tax Court has previously decided or rejected the case, or it is a case of a skip case. If the summons / appeal has been sent to the Chamber Advocate, the Chamber Advocate sends it to the Ministry and the Danish Tax Agency in the Tax Administration.

Within 7 days, the Chamber Advocate must send a receipt for receipt of the summons to the Ministry if the Ministry of Taxation is a party to the proceedings and to the Tax Administration if the Tax Administration is a party to the proceedings. The receipt must inform about the Chamber Advocate's journal number and about who is the case officer at the Chamber Advocate.

## 5.2. Assessment of the summons

On the basis of the application, the department's specialist office assesses whether a case should be under special supervision. See section 4.2.

The Chamber Advocate informs the Tax Administration whether a case has been placed under special supervision.

On the basis of the application, the tax administration makes an assessment of

- whether the case is to be promoted,
- whether there is any doubt as to the state of the law,
- whether there is a presumption that the case will have special financial or administrative consequences, including whether the Tax Administration is aware that this is a larger case complex,
- whether the case should be under special supervision,
- whether the case is to be referred to the High Court or to be heard by 3 judges in the District Court,
- whether the case has consequences for the reopening of other cases, and
- whether there are statute of limitations issues in the case.

The tax administration must submit its assessment to the Chamber Advocate within 7 days.

If a case has not been selected for special supervision, but the Chamber Advocate, eg on the basis of the assessment from the Tax Administration believes that the case should be under special supervision, the Chamber Advocate sends his recommendation to the Ministry together with the opinion from the Tax Administration.

The department's specialist office then makes a new assessment of the question and notifies the Chamber Advocate of the result of the assessment. The Chamber Advocate notifies the Tax Administration if the case is placed under special supervision.

## 5.3. Case processing

The barrister himself requisitions case files in the ministry, in the Tax Administration and in the National Board of Tax Appeals. The barrister also makes sure to get material from other authorities if needed.

The Chamber Advocate generally involves the Tax Administration in the processing of a case, to the extent that the Chamber Advocate, the Tax Administration or the Ministry deems it necessary. The barrister assesses whether the case is sufficiently informed. If the Chamber Advocate believes that there is a lack of information that may be relevant in court, the Chamber Advocate obtains the information himself. Only if the Chamber Advocate believes that it is impossible to obtain the information yourself, will the other party be encouraged to provide the information.

In the defense, the Chamber Advocate must file a claim for inadmissibility if the Tax Administration Act's rules on time limits for legal action or use of recourse have not been complied with. However, see section 13 on deadlines for deadlines. A claim for rejection is also filed if the summons does not meet the requirements of the Administration of Justice Act, but the Chamber Advocate must in this situation add that the claim for rejection will be dropped if the summons is changed so that it meets the rules of the Administration of Justice Act. In the interests of advancing the specific lawsuit as much as possible, the Chamber Advocate must ensure that the cases are not postponed as far as possible due to lack of time.

In cases of opinion and discretion, the Chamber Advocate must involve the Ministry or the Tax Administration, if the Ministry or the Tax Administration has expressed a wish to do so.

The barrister must involve the department and the Tax Administration in cases where there is a question of a preliminary ruling before the European Court of Justice.

The barrister must send copies of court book transcripts with settlements, judgments and appeals to the Ministry and the Tax Administration and to the Tax Appeals Board, if an appeals board, the Tax Appeals Board or the National Tax Court have previously decided or rejected the case, or it is a case of skipping.

In cases of special importance, the Chamber Advocate notifies the department and the Tax Administration of the date when the judgment in the case falls. In such cases, it must always be assessed whether the head of department, the head of department and / or the minister must be informed before the sentencing, and whether press preparedness must be prepared. Information must always be given prior to the delivery of judgments in the Supreme Court. The Chamber Advocate informs the Ministry and the Tax Administration of the result as soon as possible after the judgment has been handed down.

**6. The procedure for the Chamber Advocate's recommendations in the Ministry of Taxation's court cases and the internal submission to the Ministry**

**6.1. Deadlines for the Chamber Advocate's recommendations to the department**

If the court has set a deadline for the ministry to take a position in the trial, the Chamber Advocate must send his recommendations in good time so that the ministry has them no later than 1 week before the deadline expires, when the court deadline is 4 weeks.

If the Chamber Advocate's recommendation is that the Ministry must take a position on the further course of the case because the judge has indicated that the judgment will go against the Ministry of Taxation, the Chamber Advocate should ask the court for a period of reflection corresponding to the appeal deadline. This is because the Ministry will normally decide whether a judgment in the case will have to be appealed, at the same time as the Ministry considers the Chamber Advocate's recommendation on whether the case should be abandoned, reconciled, etc.

The barrister must always make sure that all deadlines for the case are stated in the recommendation.

**6.2. The Chamber Advocate's hearing of the Tax Administration and the Danish Tax Appeals Board**

The Chamber Advocate will initially send his recommendations for consultation in the Tax Administration and the National Tax Court (if it is a National Tax Court case), respectively. The Danish Tax Appeals Board and for preliminary information to the Ministry. Consultation response from the Tax Administration and the National Tax Court, respectively. The Danish Tax Appeals Board must be handed in to the Chamber Advocate within 3 days, when the court's deadline is 4 weeks. The Chamber Advocate assesses whether the consultation response from the Tax Administration and the National Tax Tribunal, respectively. The Danish Tax Appeals Board entails changes in the original recommendation. The Chamber Advocate then sends his final recommendation with the consultation response and his possible remarks to the department, which makes the decision.

**6.3. The internal procedure in the department**

If there is no agreement between the professional office in the ministry, the Tax Administration and the National Tax Court, respectively. The National Board of Tax Appeals to follow a recommendation from the Chamber Advocate, the professional office must submit the case to the head of department for legislation. The head of the specialist office assesses the extent to which the issue should also be assessed in other offices or with other heads in the department. The head of the legislative department finally decides what is to happen in the case.

If there is agreement to follow the Chamber Advocate's recommendation, the case can continue.

The Department notifies the Chamber Advocate in writing of its position on a recommendation. The Chamber Advocate informs the Tax Administration and the Tax Appeals Board / National Tax Court of the final decision.

**7. Access to documents**

Section 7 applies to both the Ministry of Taxation's and the Tax Administration's litigation.

As a rule, there is no access to documents in the correspondence on court cases between, on the one hand, the Chamber Advocate and, on the other hand, the Ministry, the agencies in the Tax Administration, the National Tax Court or the Tax Appeals Agency. It follows from section 14, no. 3 of the Public Administration Act, and section 27, no. 4 of the Public Access to Information Act.

## 8. Procedures in the Tax Administration when the Tax Administration is a party to the process

### 8.1. The tax administration wants to bring or bring a case before the courts

The principles mentioned in section 1.1 also apply to cases where the Tax Administration is a party to the proceedings.

This means, for example, that the Tax Administration must only bring or bring a case before the courts if it is in principle or if special reasons justify it.

All agencies in the Tax Administration prepare guidelines for how to ensure that legal proceedings are complied with.

### 8.1.1. Especially on the filing of management liability cases and other compensation cases

If the Tax Administration wishes to bring a management liability case against a board member or a director of a company or a compensation case in general, the Tax Administration must, in collaboration with the Chamber Advocate, consider very carefully whether such a case should be conducted at all. The approach to this must be restrictive. The same applies when it comes to assessing whether a judgment in a case of management liability or other tort cases should be appealed.

### 8.2. A citizen or a company brings or brings a case before the courts

In cases where it is a citizen or a company that brings or brings a case before the courts, where the Tax Administration is a party to the case, the Tax Administration, which receives the summons, must immediately send the summons with the original documents to the Chamber Advocate. At the same time, the Tax Administration must ask the Chamber Advocate to look after the Tax Administration's interests in the case.

Also in these cases, it must be considered whether the case should be conducted, cf. the principles in section 1.1.

The Chamber Advocate must, as a starting point, within 4 weeks after receipt of the case, submit an opinion to the Tax Administration as to whether it can be expected that the courts will uphold the Tax Administration's case.

## 9. Follow-up on judgments etc.

### 9.1. Significance for other pending litigation

The barrister clarifies whether the outcome of the case has significance for other pending lawsuits.

### 9.2. The scope of the judgment

The department's specialist office and the Tax Administration assess the scope of the judgment. This also applies in cases that are settled or raised. This is especially true in cases that are under special surveillance. The tax administration thus assesses whether the decision gives rise to a recommendation on appeal, resumption, incorporation in the Legal Guide, issuance of a control signal, etc. The barrister may be involved in the work if deemed appropriate.

The department's specialist office informs the head of department of legislation in the department about the outcome of the trial, if the case is of far-reaching significance or has the interest of the press and thus the public. See also above under 5.3. on process prior to sentencing.

### 9.3. Comments on certain judgments

A comment must be prepared on Supreme Court cases in cases where

- the case has been settled,
- The Ministry of Taxation has completely or partially dismissed the case, or
- The Ministry of Taxation has responded in the affirmative.

The same applies to high court cases with principled aspects.

The department's specialist office or the Tax Administration prepares a draft of the comment together with the Chamber Advocate. The Chamber Advocate hears the Tax Administration and the National Tax Court (if the National Tax Court case), respectively. The Danish Tax Appeals Board, whether they have comments on the draft. The Tax Administration publishes the final comment on the Tax Administration's website.

### 9.4. Publication of judgments

The Chamber Advocate prepares judgment heads and sends the judgment directly to the employees in the Tax Administration who anonymize and publish judgments and maintain the appellant.

### 9.5. Concrete follow-up on judgments etc.

The tax administration specifically follows up on judgments etc. as soon as possible upon receipt. If, exceptionally, there are grounds for recommending that the judgment be appealed within the time limit for fulfillment, the Advocate General will inform about this in connection with the transmission.

### 9.6. Legal costs

The barrister charges any legal costs. If there is to be recovery of legal costs, the Chamber Advocate sends the claim for recovery to the Debt Office in the Tax Administration.

### 9.7. The tax administration's lawsuits

Fsva. The Tax Administration's litigation takes the Tax Administration's position on the need for follow-up, cf. sections 9.1-9.6.

**Procedures for the Ministry of Taxation to bring decisions before the courts**

### 10.1. Deadline of 3 months

The deadline for the Ministry of Taxation and the Tax Administration to bring decisions from the Boards of Appeal, the National Board of Tax Appeals and the National Tax Court to the courts is 3 months from the day the decision is made. This is stated in section 49 of the Tax Administration Act.

### 10.2. Assessment by the Chamber Advocate

If the Tax Administration believes that a decision from an appeals board, the Tax Appeals Board or the National Tax Court should be brought before the courts, the Tax Administration requests the Chamber Advocate for an assessment of whether the case will end with a different result if the courts process it. As stated in section 1.1, the starting point is that the Ministry of Taxation does not bring decisions from the Board of Appeal, the Danish Tax Appeals Board or the National Tax Court before the courts. However, this can happen if the decision is in principle, or if special reasons justify it, cf. section 1.1.

If the Tax Administration decides to ask the Chamber Advocate for an assessment, the Tax Administration must do so no later than 1 month after the decision has been made.

The Chamber Advocate prepares a recommendation in the case after a prior consultation of the Tax Administration and the National Tax Court (if the National Tax Court case), respectively. The National Board of Tax Appeals. The barrister must send the recommendation to the department no later than 2 months after the decision has been made.

### 10.3. The internal procedure in the department

The specialist office in the department prepares the final recommendation on whether the decision should be brought before the courts. The head of the specialist office assesses the extent to which the issue should also be assessed in other offices or with other heads in the department. The case is submitted to the head of the legislative department, who finally decides what is to happen in the case.

If the trade union office considers that the decision should be brought before the courts, the trade union office must submit the case to the head of the department of legislation no later than 10 days before the time limit for bringing the appeal expires.

If everyone agrees that the case - on the basis of the Chamber Advocate's recommendation - should not be brought before the courts, the decision is made by the head of the department's professional office.

Once the department has decided whether the case should be brought before the courts, the department notifies the Chamber Advocate as soon as possible. The Chamber Advocate then notifies the Tax Administration and takes care of the necessary things.

## 11. Procedures for the Ministry of Taxation's appeal of judgments

### 11.1. Deadline for appeal of 4 weeks

The deadline for appealing a city court judgment to the high court or a judgment handed down by the high court as the first instance to the Supreme Court is 4 weeks. The time limit shall be calculated from the date on which the judgment is rendered. The rule is in the Administration of Justice Act § 372, paragraph. 1.

### 11.2. The Chamber Advocate's assessment and recommendation in matters of appeal

The barrister always prepares an appeal option if a case is lost in whole or in part. This applies to both city court and district court judgments. In the case of a district court judgment, where the claim according to the claim has a financial value of a maximum of DKK 20,000, or a district court judgment in an appeal case, however, there is no access to an appeal without a permit from the Procedural Licensing Board. With regard to district court judgments, the granting of a process presupposes that the case is a matter of principle, or that special reasons otherwise justify it, cf. section 368 of the Administration of Justice Act, and with regard to district court judgments that the case is of a principled nature, cf. section 371 of the Administration of Justice Act. are not met, there is therefore no reason to prepare a usual appeal. In such a case, the Advocate General only sends an opinion that the case is not of the nature in question,

After prior consultation of the Tax Administration and the National Tax Court (if the National Tax Tribunal), the Chamber Advocate sends, respectively. The Danish Tax Appeals Board's final recommendation to the department. The tax administration and the National Tax Court (if the National Tax Court), respectively. During the hearing, the Danish Tax Appeals Board has had 3 days to submit a hearing response to the Chamber Advocate in an appeal from the district court to the high court and in an appeal from the high court to the Supreme Court. The Ministry must have the Chamber Advocate's final recommendation no later than 1 week before the appeal deadline expires.

### 11.3. The High Court's considerations on the ex officio rejection of an appeal

Pursuant to section 368 a of the Administration of Justice Act, the High Court may refuse to hear a case in the second instance if there is no prospect that the case will have a different outcome than in the district court, and the case is not of a principled nature or other reasons do not otherwise speak. for the case to be heard by the High Court. However, the High Court may not reject a case which has been brought after permission from the Procedural Licensing Board

If, in the opinion of the Chamber Advocate, it is obvious that the conditions for rejection have been met, the Chamber Advocate informs the High Court that the Ministry of Taxation has no comments on the High Court's considerations. In cases where, in the opinion of the Chamber Advocate, there is a prospect that the case will have a different outcome than in the district court, eg as a result of new allegations, pleas and / or evidence, the Chamber Advocate submits a recommendation to the Ministry of Taxation.

### 11.4. The internal procedure in the department

The department's specialist office submits the final recommendation on appeal to the head of department for legislation. In this connection, the office manager of the specialist office can choose to have the issue assessed in other offices or by other managers in the department.

If the professional office considers that the judgment should be appealed, the professional office must submit the case to the head of department for legislation no later than 5 days before the appeal deadline expires.

If everyone agrees that the case - on the basis of the Chamber Advocate's recommendation - should not be appealed, the decision is made by the office manager of the department's specialist office.

When it has been finally decided whether the case should be appealed, the professional office informs the Chamber Advocate as soon as possible about the decision. The barrister takes care of the further in the case and informs the Tax Administration.

## 12. Trial in 2nd and 3rd instance with the permission of the Procedural Grants Board

Section 12 applies to both the Ministry of Taxation's and the Tax Administration's litigation, however, such that the Ministry is not involved in the Tax Administration's cases, unless the Tax Administration, quite exceptionally, deems this necessary.

### 12.1. Taxpayer's application

Pursuant to section 368 of the Administration of Justice Act, judgments rendered by a district court may be appealed to a district court. If the case concerns a claim which, according to the claim, has a maximum financial value of DKK 20,000, the judgment can only be appealed with the permission of the Procedural Grants Board. The Procedural Grants Board may grant permission to have the case tried in a High Court as a second instance, if the case is in principle, or special reasons otherwise warrant it. The Ministry of Taxation supports a taxpayer's application to the Procedural Licensing Board for permission to have a district court judgment tried in the second instance, if the department believes that the case is in principle, or special reasons otherwise speak for it.

Pursuant to section 371 of the Administration of Justice Act, judgments handed down by a high court as a second instance may not be appealed. But the Procedural Grants Board can give permission to have the case tried in the Supreme Court as a third instance, if the case is in principle. The Ministry of Taxation supports a taxpayer's application for permission to have a district court judgment tried in the third instance, if the department believes that the case is in principle.

If the Licensing Board asks the Ministry of Taxation for comments on a taxpayer's application for permission to have a district court judgment tried in the second instance or a district court judgment tried in the third instance, the Chamber Advocate prepares a brief recommendation on the matter. The professional office in the department takes a position on the case as soon as possible on the basis of the Chamber Advocate's recommendation and notifies the Chamber Advocate.

### 12.2. The Ministry of Taxation's application

In special cases, the Ministry of Taxation can apply to the Procedural Licensing Board for permission to have a district court judgment tried in the second instance (cases where the claim has a value of no more than DKK 20,000) or a district court judgment tried in the third instance when the Ministry of Taxation has lost the case. In such cases, the barrister shall make a recommendation to that effect. The Advocate General's recommendation and the manner in which the recommendation is dealt with must follow the guidelines in section 11 on appeals against judgments to the High Courts and the Supreme Court, respectively.

## 13. Deadline exceeded

Section 13 applies to both the Ministry of Taxation's and the Tax Administration's litigation, however, such that the Ministry is not involved in the Tax Administration's cases.

The deadline for bringing a decision from an appeals board, the Danish Tax Appeals Board and the National Tax Court to the courts is 3 months after the decision has been made. The 3-month deadline is stated in the Tax Administration Act, section 48, subsection. 3. The Ministry of Taxation therefore files an application for inadmissibility if this statutory deadline has not been complied with.

Of the Tax Administration Act, section 48, subsection 4, it appears that a final administrative decision, which before the expiry of the deadline in para. 3, 1st sentence, a complaint has been submitted to the Parliamentary Ombudsman, may not be brought before the courts later than 1 month after the Parliamentary Ombudsman has completed his processing of the case. However, the time limit may never be shorter than the time limit under subsection (1). 3, 1. pkt.

In the few, very special situations mentioned in section 3 of the Ministry of Taxation's comment **SKM2008.988.DEP** , the Ministry of Taxation, on request, promises that the Ministry of Taxation will not file a motion for dismissal if the case is brought before the courts within a certain time limit. As mentioned in the commentary, such very special situations may be that the taxpayer, due to a stay abroad or serious illness, has only become aware of the decision after the expiry of the deadline in section 48 (1) of the Tax Administration Act. 3.

In addition, in situations where there is a very limited time limit, the Ministry makes a concrete assessment of whether there are special circumstances which imply that the Ministry of Taxation fails to file a claim for inadmissibility. This assessment is made in general and without request from the taxpayer, and the taxpayer will be given the opportunity to comment on the background to the deadline. The assessment is made in the department by the specialist office, possibly. after discussion with the Office Manager for Administration and Law Coordination.

It is the courts that decide on deadlines for bringing actions.

### 14. Free process

The Ministry of Taxation, the Ministry, and the Tax Administration have no comments on an application for a free trial, which is submitted for an opinion from another authority. However, the deadlines for legal action must be met.

### 15. Use of lawyers other than the Chamber Advocate

If the Chamber Advocate is incompetent, another lawyer must be used. In that case, an agreement must be reached with the other lawyer on the conduct of the trial. As part of the agreement, the lawyer must agree to follow the court instructions as well as submit fee estimates and invoices, etc. in accordance with the applicable guidelines. If the lawyer has reservations, questions or objections, etc., this must be clarified before the agreement is entered into.

Use of lawyers other than the Chamber Advocate is submitted to fsva. the department's lawsuits for the head of department in Legislation and Finance and fsva. The tax administration at deputy director level.

**Tightened supplier management**

In the Ministry of Taxation's case area, stricter supplier management of the Chamber Advocate and other lawyers used by the Ministry of Taxation has been introduced. The tightened supplier management is being developed throughout the Ministry of Taxation's group, so that ongoing work is being done to reduce the total costs of legal assistance.

### 17. Entry into force

This litigation guide applies from 1 July 2018.

**Annex 1**

The annex describes the proceedings before the Court of Justice for a preliminary ruling.

For the sake of understanding, the appendix also describes in some places case procedures with other authorities.

**Before the court decides to refer the case**

The Legal Special Committee, which is a committee under the EU Committee, is usually involved in lawsuits against ministries and agencies, where questions arise for a preliminary ruling before the European Court of Justice.

It is not necessary to involve the Legal Special Committee if the department is opposed to the case being presented because there is no reasonable doubt about the EU legal aspects of the case. If it is not obvious that the Ministry of Taxation will be upheld in the recommendation that the case should not be submitted to the European Court of Justice, the Special Legal Committee must be involved. The assessment is made by the Chamber Advocate and the Ministry.

The court order must be sent for information to the Legal Special Committee.

Legal Special Committee must always be involved when:

- The Ministry of Taxation itself has requested that the case be referred to the European Court of Justice,
- The Ministry of Taxation has no objections to the other party requesting that the case be submitted to the European Court of Justice,
- specific questions must be formulated before the European Court of Justice before the court decides whether the case should be referred, or
- a decision must be taken on the actual wording of the draft order for reference.

When the Legal Special Committee is to be involved, the Chamber Advocate prepares a memorandum that briefly outlines the facts of the case and the legal basis. The memorandum must also contain the Ministry of Taxation's recommendation as to whether the case should be submitted to the European Court of Justice. The memorandum may also contain the wording of the specific questions and the draft order to submit the case. The memorandum is sent for consultation to the Tax Administration, the department's specialist office, the International Office and the chief adviser on international affairs. The specialist office must prepare an assessment of the revenue consequences of the case, if necessary.

The Ministry and the Tax Administration answer the Chamber Advocate directly. The barrister then assesses whether the professional office's and the Tax Administration's consultation response means that the memorandum must be changed. The Chamber Advocate then sends the note to the Legal Special Committee with a request that the case be considered in the Legal Special Committee.

Legal special committee must be involved 2-3 weeks before the final deadline to the national court.

**The decision to refer the case**

The barrister must, in cooperation with the other party's lawyer, prepare a draft order for reference when the court has ruled that the European Court of Justice must have referred questions for a preliminary ruling on the interpretation of EU law in a lawsuit concerning the Ministry of Taxation's jurisdiction. The barrister sends the draft for consultation to the branch office, the International Office, the chief adviser on international affairs and to the Tax Administration.

The branch office informs the head of department of legislation on the case. The branch office sends the department's comments to the Chamber Advocate.

Once the Chamber Advocate has received the comments of the Department and the Tax Administration, the Chamber Advocate discusses any changes to the draft with the other party. The Chamber Advocate then sends the draft to the Special Legal Committee for approval before it is presented in court.

**3. Discussion of the case in the Legal Special Committee**

If the case is dealt with at a meeting, the secretary of the Legal Special Committee sends the summons to the first meeting on the case to the department's chief adviser on international affairs, who ensures that the specialist office and the International Office are notified.

If the Special Legal Committee approves the draft and the questions to be referred to the European Court of Justice, the final draft order for reference will be submitted to the court.

**4. The case is referred to the European Court of Justice**

It is the court that decides whether the case should be submitted to the European Court of Justice, and adjourn the case until the European Court of Justice has made its decision. It also sends the case file to the European Court of Justice.

The parties then have 2 months and a distance deadline of 10 days to submit their written submissions.

**5. Notes to the EU Committee and for use in the internal EU procedure in the Government as well as to the Folketing's Europe Committee and relevant professional committees**

The barrister prepares a memorandum, which describes the case and the government's interest in the case, and which contains a recommendation to the government on the further course of the case, eg that a process delegation be set up and that a statement be submitted in the case. In addition, the Chamber Advocate prepares a memorandum, which informs the Folketing's Europe Committee and the relevant professional committee, for example the Folketing's Tax Committee, about the case. The barrister sends the notes to the professional office, which ensures that the Ministry of Taxation is the sender when the notes are sent on for consideration in the Legal Special Committee.

**6. Written submissions**

The Advocate General prepares a draft statement before the European Court of Justice. The barrister sends the draft for consultation to the department's specialist office, the International Office, the chief adviser on international affairs and to the Tax Administration. The barrister assesses whether the consultation responses mean that the draft needs to be changed. When this is done, the Chamber Advocate sends the statement to the members of the process delegation (Ministry of Foreign Affairs, Ministry of Justice, Ministry of Taxation), who either discuss it at a meeting or deal with it in writing. The barrister incorporates the comments of the trial delegation and, together with the Ministry of Foreign Affairs, arranges for the submission to the European Court of Justice.

**7. Oral submission**

The European Court of Justice sends the written submissions it has received to the Advocate General and the Ministry of Foreign Affairs. The Ministry of Foreign Affairs forwards the submissions to the department and asks if the Ministry of Taxation wishes to make an oral submission. The Ministry of Taxation will usually do this, already because the other party

typically wants an oral hearing.

If an oral submission is to be made, the Advocate General prepares a draft of the submission. The barrister sends the draft to the professional office, the International Office and the Chief Adviser for International Affairs for comments. The draft is then dealt with in the process delegation. It is usually the Chamber Advocate who delivers the oral statement during the hearing before the European Court of Justice. The professional office will normally be represented at the trial.

The Advocate General sends the decision of the European Court of Justice to the Professional Office, the International Office and the Chief Adviser on International Affairs.