# Exhibit 47

The Jurisprudential Guide 2021-2

# A.A.12.3 Interest on refunds from the Tax Administration

⌄ Show overview of judgments, orders and decisions that the Tax Administration has chosen not to include in the text of the guidelines. Please note that the material in this overview does not necessarily represent the applicable law.

# Content

This section deals with the rules for interest on refunds from the Tax Administration for claims due on or after August 1, 2002.

Claims due before August 1, 2002 will be subject to interest in accordance with the rules previously in force (Circular No. 157 of October 14, 1987). See ToldSkat's procedural rules 2004-1.

For interest on payment of residual tax and repayment of excess tax, see section [A.B.4.1.2.2](A.B.4.1.2.2).

The section contains:

- Background
- Requirements
- Interest rate
- Starting point of interest
- Minimum payment amount
- Appellate
- Overview of judgments, orders, decisions, SCM notices, etc.

# Background

The Tax Authorities have been ordered by some judgments to pay interest on amounts to be refunded because they have been collected without sufficient legal justification.

The judgments concern situations not covered by the Law on Interest on Late Payments, etc., cf. Legislative Decree No. 583 of September 1, 1986 (the [Interest Act](#)), or by specific rules on interest in tax legislation. In the judgments, the Ministry of Taxes is ordered to pay interest on the repayment claim, taking into account the fact that, in the circumstances, it is considered reasonable and in accordance with general principles of law that the Ministry of Taxation should bear the risk of the loss of interest suffered by the applicant as a result of not being able to dispose of the amount in question.

Against this background, it has been decided that the Ministry of Taxes shall pay interest on refunded taxes, duties, fees, etc., when the refund is made on behalf of the State.

Interest shall be paid regardless of whether the payer has a legal claim to repayment or whether repayment is conditional on an authorising decision. It is therefore unnecessary to distinguish between repayment because the payer has a right to repayment and repayment because the authorities have taken a decision to repay.

The guidelines for interest on repayments were originally laid down in Circular No. 157 of the Ministry of Taxation of October 14, 1987. This circular entered into force on November 1, 1987.

The circular was amended by Circular No. 24 of February 26, 2004 (TSS 2004-07) on the interest on certain repayments. This circular entered into force on March 1, 2004, and applies to claims due on or after August 1, 2002. Claims due before August 1, 2002, will be subject to interest in accordance with Circular No. 157 of October 14, 1987.

The circular has been repealed by SKM2007.3.SKAT. This means that as of 2 January 2007, SKAT's guidelines, now Den Juridiske Vejledning (Legal Guidance Note), section A.A.12.3, replaced the above-mentioned circular.

# Requirements

The claims that must bear interest on repayment are taxes, fees, interest on late payments and more.

The claim must have been levied without sufficient legal justification and thus wrongfully.

Example

In SKM2012.710.VLR, the Regional Court found that neither the 2009 Act, the 2004 Act, nor the section of the Procedural Guidelines on interest on repayment claims (the former Interest Circular) provided for interest on H1's repayment claim. The Court thus agreed that interest under the Procedural Guidelines presupposes that the amount has been wrongly collected. Since the payment of $CO_2$ tax in the period 2005–2009 was based on the $CO_2$ Tax Act and the right to repayment only entered into force on January 1, 2010, the amount was not wrongly collected.

The following requirements are not covered by the interest subsidy guidelines:

- Cases where the Tax Administration refunds taxes collected on behalf of Danish municipalities, etc.
- Cases where the claim is based on a property agreement with the Tax Administration, e.g. wages for employees or a contractor's claim for remuneration.
- Fines, regardless of whether the fine is imposed under tax laws. Interest in connection with the repayment of fines levied by summons is a matter for the criminal courts, in the event of a dispute. See SKM2013.583.LSR.

# Interest rate

The interest rate for calculating the interest subsidy shall be the rate applicable for the period in question pursuant to § 5 of the Interest Act. The interest rate shall be the official lending rate set by the National Bank on 1 January and 1 July of the year in question, plus 7%. From March 1, 2013, the surcharge is 8%, see Law No. 1244 of December 18, 2012. See the rate for the relevant period at www.nationalbanken.dk.

No interest is calculated.

Where specific rules on interest are laid down by law, business shall be conducted in accordance with those specific rules. For example, there are special rules on interest on tax refunds for both individuals and companies.

- See SKM2011.22.VLR, where both the District Court and the Regional Court held that SEL § 30(5) was such a special rule on interest that there was no legal basis to claim interest on the interest paid under the Interest Act.
- See SKM2013.186.ØLR, where both the District Court and the Regional Court held that the citizen's excess claim according to the annual statement was a claim of a public legal nature and thus outside the scope of property law, and that there is no legal basis, instead of interest according to the special provisions of the KDL, to claim the interest amount according to the Interest Act.

Interest paid under § 5 of the Interest Act must be included in taxable income. See C.A.11.1.5 on interest compensation.

See also section

- C.A.11.1.5 on tax-free interest rebates, e.g. on excess tax and excess corporation tax
- C.A.11.1.5 on taxable interest refunds of e.g. property tax and overpaid estate and gift tax.

# Starting point of interest

Paid after demand

If the repayment relates to an amount paid following an order by an authority, the amount shall be repaid from the date of payment to the date of payment.

In these cases, the payment has been made after the authority has indicated to the payer that, in its opinion, there is an obligation to pay. It is not necessary for a specific amount to be required. However, if no specific amount is required to be paid and an amount in excess of that required by the authority's notice is paid, for example because of a calculation error, the excess amount shall be credited as if it had not been paid on demand. If the authority's notice of the obligation to pay is based on the payer's own statements of fact, and these subsequently prove to be incorrect, the repayment claim shall also be offset as if it had been paid without demand.

It is irrelevant whether there has been an error by the authorities. It is also irrelevant whether the claim for repayment arises from a judgment or an administrative decision.

### Examples

In SKM2016.320.LSR, the National Tax Tribunal finds that the interest calculated by the complainant's representative does not fall outside the scope of what SKAT is entitled to charge pursuant to the provisions of the Interest Circular (now the Legal Guidance Note, section A.A.12.3) and the considerations of reasonableness and legal principles applied in the underlying Supreme Court judgments, including the principle of enrichment, are able to grant interest in situations such as those in question, where a claim has arisen after the date on which the non-deduction could originally have been made, i.e. after the date which must be equated with the date of payment. It should also be noted that there are no legal provisions preventing SKAT from granting such interest.

The Ministry of Taxation has commented on the ruling in SKM2017.50.DEP. The commentary states that 'The Ministry of Taxation decided not to appeal the ruling, as the outcome of the case depends on a concrete assessment of whether SKAT had been justified in revoking the rulings. However, in general, the National Tax Tribunal states that the interest granted by SKAT does not fall outside the scope of what SKAT is allowed to grant in situations such as the one at issue. In the view of the Ministry of Taxation, the interest paid was not authorized for tax periods prior to December 6, 1999. The Ministry of Taxation therefore does not agree that the interest granted by SKAT is not outside the scope of the interest that SKAT may grant in situations such as the one at issue.

The request for interest on the refund of the energy tax for the period January 1, 1997, to September 30, 1997, was rightly refused, in accordance with point 7 of the previous interest circular No. 157 of October 14, 1987. See SKM2014.440.SANST.

The university was granted that interest on claims for repayment of energy taxes for the years 2003-2005 should be made as if demanded on the basis of the National Tax Tribunal's practice-understanding decision in the 'Købmandsskolesagen ' (SKM2003.43.LSR). See SKM2011.497.VLR.

In situations where the repayment claim is the result of a judgment or order overturning the previous practice of the Tax Administration, the interest on the repayment claim shall be calculated from the date of payment to the date of payment. This is because the existence of an established practice is to be considered as a claim for payment.

However, if there is no proper administrative practice prior to the decision—or if such a practice is created only by the decision—the recovery claim shall bear interest from 30 days after receipt of the request for recovery until the date of payment.

### Example

In SKM2018.645.LSR, the National Tax Tribunal concluded that a payment made in accordance with a binding answer must be considered a payment on demand. The National Tax Tribunal stated, inter alia, that In view of the rules on binding answers and the legislative preparatory works thereto, the National Tax Tribunal is of the opinion that a binding answer must be regarded as an expression of SKAT's practice in relation to the enquirer, since the enquirer may rely on the binding answer, just as SKAT is obliged, in a subsequent tax or VAT assessment, to follow the legal view on which SKAT has based its binding answer. A binding reply which is thus overruled by a judgment or order must therefore have the same legal effects as an overruling of SKAT's previous practice as regards the interest on a refund

claim arising therefrom, and the interest on the refund claim must therefore be calculated from the date of payment.

### Not paid after demand

If the repayment concerns an amount which has not been paid following a demand by an authority, the amount shall be subject to interest from 30 days following receipt by the authority of the citizen's request for repayment of an amount already paid until the date of payment.

Thus, interest is not due until 30 days have elapsed from the date on which the authority receives the request for repayment.

This also applies if amounts are paid in excess of what follows from a possible demand for payment by the authorities. The excess amount shall not be reimbursed until 30 days after receipt of the request for reimbursement by the authorities.

If the authority makes a demand for repayment on the basis of the information provided by the depositor on the facts, and this later proves to be incorrect, any demand for repayment shall not be subject to interest from the date of payment, but only from 30 days after receipt of the depositor's demand for repayment.

### Examples

The National Tax Tribunal held that, in the context of the repayment of the payroll tax, interest should be paid on the amounts in accordance with point 8 of the former Interest Circular No. 157 of October 14, 1987, i.e. in accordance with the demand rule, where the amount is not paid as a demand. Furthermore, the National Tax Tribunal considered that the amounts paid should be written off first against the claims for interest and then against the claims for repayment of the payroll tax. The citizen was therefore entitled to interest—corresponding to paragraph 8—on the unpaid payroll tax amounts until the date on which they were paid. See SKM2015.788.LSR.

Three gift deposits were reversed with effect from the date of the gift, and the gift tax was refunded. The National Tax Tribunal found that SKAT had complied with the deadlines in BAL, and that therefore only interest was due 30 days from SKAT's receipt of the request for repayment. As the repayment had been made by SKAT within 30 days, the citizen was not entitled to interest. See SKM2014.869.LSR.

It is not a requirement in relation to the time of the request that the claim was accurately calculated. See SKM2013.883.LSR.

# Minimum payment amount

For payments made after July 1, 2011, the amount of less than DKK 50 will not be paid.

If there are repeated payments to the same citizen, the Tax Administration will assess, on the basis of equity and in accordance with general principles of law, whether unpaid accumulated interest should be paid.

Up to and including June 30, 2011, amounts of less than DKK 200 were not paid.

Payment is made at the request of the Tax Administration

Interest calculation and payment are made by the Tax Administration on its own initiative. Calculation and payment must therefore be made without a special request from the citizen/company.

# Appellate

When the Tax Administration calculates the interest subsidy and makes the payment, it is in the nature of de facto administration.

If the citizen/company complains about both the repayment and the interest subsidy, the case must be dealt with in such a way that both the complaint about the repayment and the complaint about the interest subsidy are considered, including whether it has been calculated on the correct basis and with the correct starting date.

The decision must clearly state that the complaint against the interest subsidy has also been dealt with. In addition, a written decision, stating the reasons, must be taken if the appeal is upheld. In these cases, the instructions for appeal shall be omitted.

If the citizen/company complains only about the interest subsidy, the complaint must be dealt with in writing and the Tax Administration must issue a decision stating the reasons and giving instructions for the complaint. However, it is only in cases where there is a genuine complaint that a decision is required.

The right of appeal against the Tax Administration's decision is quite similar to the right of appeal in other respects, i.e., to the National Tax Tribunal. See section A.A.10.1.

# Overview of judgments, orders, decisions, SCM notices, etc.

The table shows relevant decisions in this area:

| Decision | The decision in brief | Comments |
|---|---|---|
| **Regional Court Judgments** | | |
| SKM2013.186.ØLR | § 62A(4) of the KDL is a special rule on interest, and therefore interest **cannot be** paid under the Interest Act. | Establishment of SKM2009.566.BR. |

| | | |
|---|---|---|
| SKM2012.710.VLR | There was no legal basis for interest on H1's repayment claim. The Regional Court found that the amount had not been wrongly levied, as the payment of CO2 tax in the period 2005–2009 was based on the CO2 Tax Act, and the right to repayment only entered into force on January 1, 2010. | **Note:** Amendment of previous decisions SKM2011.447.LSR. |
| SKM2011.497.VLR | Interest on claims for repayment from the SKAT was to be paid on demand in the light of the negative decision in the 'Købmandsskolesagen'. See SKM2003.43.LSR. | |
| SKM2011.22.VLR | § 30(5) of SEL is a special rule on interest, and therefore **no** interest is payable under the Interest Act. | Previously: SKM2010.176.BR Confirmation. |
| **City Court Judgments** | | |
| SKM2020.160.BR | The case concerned whether the applicant was entitled to interest under the Interest Act on costs recovered, including whether it is a condition for interest on costs recovered that a claim for interest be made.<br><br>The Court held that § 8a of the Interest Act does not provide for the payment of interest on recovered costs. Instead, claims for reimbursement of costs are normally subject to interest in accordance with the general rule in § 3(2) of the Interest Act, i.e. from 30 days after the claim for reimbursement is made or by a claim in proceedings, cf. § 3(4) of the Interest Act. The Court noted that the debtor does not have to pay interest for the period prior to the receipt of the request, cf.<br><br>The Court held that the recovery of costs therefore requires a prior claim. The applicant had not made such an application to the Supreme Court. On that basis, the Court held that there was no legal basis for the claim for interest on the reimbursement of costs.<br><br>The Ministry of Taxation was therefore acquitted. | |
| SKM2020.156.BR | An insurance company, which had received a refund of payroll tax for the years 1996–2003 as a result of a reduction in the company's (the company's joint registration) payroll tax base in connection with non- | |

| | | |
|---|---|---|
| | payroll taxable activities relating to the letting of real estate, was not entitled to interest on the refund claim pursuant to the 'claims rule' in paragraph 7 of the current Interest Circular. Instead, interest was to be paid in accordance with point 8 of the Circular, i.e. 30 days from the date of receipt by SKAT of the insurer's repayment request in December 2008. The Court found that SKAT had not required the insurer's payroll tax liability to be calculated in a particular way, nor had SKAT engaged in conduct amounting to a requirement, nor had the payroll tax been paid in accordance with an administrative practice that could be regarded as a requirement. | |
| **National Tax Tribunal** | | |
| [SKM2021.95.LSR](#) | The case concerned whether the complainant was entitled to have SKAT's earlier decision regarding the interest on a VAT refund reinstated as a result of the National Tax Tribunal 's decision published as [SKM2016.320.LSR](#). In the present case, the LSR stated that the court's decision in [SKM2016.320.LSR](#) concerned only whether SKAT was entitled to revoke several decisions in which SKAT had erroneously already granted the interest in question. Thus, the LSR decision could not be considered to have changed the practice of interest under the current Interest Circular (now section [A.A.12.3](#) of the Legal Guide). The LSR therefore considered that SKAT's decision could not be reviewed under the general rules of administrative law. | |
| [SKM2018.645.LSR](#) | A request by a real estate company for a refund due to a change in VAT assessment to be compounded from the date of payment was granted by the National Tax Tribunal. | |
| [SKM2016.320.LSR](#)<br><br>[SKM2017.50.DEP](#) | The National Tax Tribunal considers that the interest in question does not fall outside the scope of what SKAT is allowed to grant by virtue of the provisions of the Interest Circular (now SKAT's Legal Guidance Note, section [A.A.12.3](#)) and the considerations of reasonableness and legal principles applied in the underlying Supreme Court judgments, including the principle of | |

|  | enrichment, in situations such as those in question. The Ministry of Taxation issued a commentary on the order, stating that 'the Ministry of Taxation decided not to appeal the order to the courts, as the outcome of the case depends on a concrete assessment of whether SKAT had been justified in revoking the decisions. However, the National Tax Tribunal states in general that the interest granted by SKAT does not fall outside the scope of what SKAT is entitled to grant in situations such as the one at issue in the present case. In the view of the Ministry of Taxation, the interest paid was not authorized for tax periods prior to December 6, 1999. The Ministry does therefore not agree that the interest granted by SKAT is not outside the scope of interest that SKAT may grant in situations such as the one at issue. |  |
|---|---|---|
| SKM2015.788.LSR | Repayment shall be made on the basis that the amount has not been paid by demand. Therefore, interest shall be charged on the amounts from 30 days after receipt by SKAT of the request for repayment of the amounts concerned until the respective payment dates. |  |
| SKM2014.869.LSR | Repayment made by SKAT within 30 days and therefore no interest on the amounts repaid. |  |
| SKM2013.883.LSR | Repayment of an amount of levy paid, which took place after the resumption of an association's levy liability, had to bear interest according to the Interest Act and not according to § 12 of the Collection Act. |  |
| SKM2013.583.LSR | Interest on fines in the event of repayment is a matter for the criminal courts in the event of a dispute. |  |
| **Tax Agency** |  |  |
| SKM2014.440.SANST | The request for interest on the refund of the energy tax for the period January 1, 1997, to September 30, 1997, was rightly refused, in accordance with point 7 of the previous Interest Circular No. 157 of October 14, 1987. |  |
| **Customs** |  |  |

| | | |
|---|---|---|
| SKM2019.456.TOLDST | In the light of the judgment of the Court of Justice of the European Union in Case C-365/15 Wortmann KG Internationale Schuhproduktionen, the Customs Administration lays down the practice for obtaining interest repayment in connection with the repayment of customs duties.<br><br>Interest rebates are payable on the repayment of import duties, including anti-dumping duties, collected under an EU regulation that has subsequently been amended and/or annulled by the EU Court of Justice on the grounds that it was contrary to EU law. The consequence of this is that companies must be treated as if the Regulation in question had not existed.<br><br>The practice is applied when duties are collected in breach of EU law. In such situations, the parties concerned who have paid the taxes or duties in question are entitled to obtain repayment of the amounts collected and to interest on the amounts repaid. This practice takes effect from January 18, 2017. | |