# Exhibit 76

CIRK 1996-04-17 nr 72

# Cirkulære 1996-04-17 nr. 72 om ligningsloven

## 9. Udbyttereglerne

### 9.1. Ligningslovens § 16 A

**9.1.1. Udbyttebegrebet**
Til skattepligtigt udbytte henregnes alt, hvad selskabet udlodder til aktionærer, anparts- eller andelshavere, jf. ligningslovens § 16 A, stk. 1. Der tages ikke hensyn til under hvilken betegnelse eller under hvilken form, udlodningen finder sted. Skattepligten omfatter derfor både det almindelige deklarerede udbytte og mere atypiske vederlagsfri fordele af forskellig art (maskeret udbytte). Dog er fondsaktier, friandele og udlodning af likvidationsprovenu, som er foretaget i det kalenderår, hvori selskabet endeligt opløses, fritaget for udbyttebeskatning.

»Maskeret udbytte« er overførsel af beløb til aktionæren, som skatteretligt må anses som udbytte efter ligningslovens § 16 A, men som af selskab og aktionær gives en anden betegnelse for at opnå en gunstigere skattemæssig stilling. Der kan f.eks. være tale om, at selskabet søger at opnå fradragsret ved at udbetale udbyttet som løn, at selskabet afholder udgifter i aktionærens interesse, eller at der overføres beløb til aktionæren ved overdragelse af aktiver til aktionæren til underpris eller ved køb af aktiver til overpris.

Hvor udbyttet er mindre end grundbeløbet på 26.400 kr. efter personskattelovens § 8 a (for 1995 og 1996 henholdsvis 32.900 kr. og 33.800 kr.), kan den samlede beskatning i selskabet og hos aktionæren blive mindre, end hvis beløbet udbetales som løn. Der vil derfor være en tilskyndelse til at udbetale beløbet som udbytte i stedet for som løn, såfremt der ikke i forvejen deklareres udbytte. Hvis der er tale om udbytte, der er deklareret på selskabets generalforsamling i overensstemmelse med de selskabsretlige regler, kan der imidlertid ikke blive tale om at statuere »maskeret løn«, således at det deklarede udbytte helt eller delvis beskattes som løn, dvs. som personlig indkomst.

I de tilfælde, hvor der overføres beløb til en ansat hovedaktionær, og der ikke er deklareret udbytte efter de selskabsretlige regler, må beløbet som udgangspunkt anses som et lønaccessorium. Overstiger det samlede beløb efter en konkret vurdering et beløb, som en ikke-aktionær kunne have opnået for en tilsvarende indsats i samme selskab, må det overskydende beløb dog efter omstændighederne kunne anses som udbytte. Har den pågældende før indførelsen af den lempeligere beskatning af udbytte i 1991 haft f.eks. fri bil eller fri telefon, som tidligere er blevet beskattet som arbejdsvederlag, vil der være en formodning for, at beløbet fortsat skal beskattes på denne måde.

Aktieudbytte beskattes på det tidspunkt, hvor udbyttet fastsættes (deklareres) ved selskabets generalforsamling. Det er uden betydning for beskatningstidspunktet, hvornår udbyttet kan kræves udbetalt. Acontoudbytte, som forekommer i enkelte selskaber, beskattes i udbetalingsåret.

CIRK  04-17-1996 No. 72

Circular 04-17-1996 No. 72 Concerning Assessment Law

## 9. Dividend Regulations

### 9.1 Assessment Law § 16 A

**9.1.1.  Dividend Concept**

Everything that a company distributes to shareholders, partners or cooperative members is considered as taxable dividends, cf. Assessment Law §16 A, section 1.  No consideration is made for the designation or form by which the distribution takes place.  The tax obligation therefore includes the general, declared dividend and more atypical gratuitous benefits of various kinds (masked dividend).  Fund shares, free shares and distribution of liquidation proceeds, however, which are made in the calendar year that the company is ultimately dissolved, are exempt from dividend taxation.

"Masked dividend" is the transfer of amounts to a shareholder which may be considered legally taxable dividends according to Assessment Law §16 A, but which are given another designation in order to obtain a more favorable position for tax purposes.  For example, it could be a matter of the company seeking to obtain a right to a deduction by paying the dividend as wages, the company incurring expenses in the shareholder's interest, or amounts that are transferred to the shareholder upon assignment of assets to the shareholder at a discount or upon purchase of overpriced assets.

If the dividend is less that the basic amount of 26,400 DKK according to Personal Income Tax Law § 8 a (for 1995 and 1996, 32,900 DKK and 33,800 DKK, respectively), the total taxation in the company and by the shareholder may be less than if the amount is paid as wages.  This could be an incentive to pay the amount as a dividend instead of as wages, insofar as a dividend was not declared beforehand.  If it is a matter of a dividend that is declared at the company's general meeting in accordance with company law regulations, it cannot be a matter of an example of" masked wages", since the declared dividend is taxed wholly or in part as wages, that is as personal income.

In those cases where amounts are transferred to an employed major shareholder and there is no declared dividend according to company law regulations, the amount must be considered a wage accessory as a starting point.  If, after a concrete evaluation, the combined amount exceeds an amount that a non-shareholder could have obtained for a corresponding contribution to the same company, the excess amount still has to be considered as a dividend according to the circumstances.  If the person concerned, before the introduction of the more lenient taxation of dividends in 1991, had free a free car or telephone that was previously taxed as a work remuneration, it could be supposed that the amount will continue to be taxed in this manner.

Dividends on shares are taxed from the time when the dividend is determined (declared) at the company's general meeting. When the dividend is required to be paid has no significance for the time of taxation.  An account exchange, which occurs in individual companies, is taxed in the payment year.



100 Park Avenue, 16th Fl

New York, NY 10017

www.consortra.com

STATE of NEW YORK  )
) ss:
COUNTY of NEW YORK )

### CERTIFICATE OF ACCURACY

This is to certify that the attached document, "Circular 1996-04-17, Points 9.1 and 9.1.1"- originally written in Danish, -- is, to the best of our knowledge and belief, a true, accurate, and complete translation into English.

Dated: 4/14/2022

_____
Heather Cameron
Projects Manager
Consortra Translations

Sworn to and signed before ME
This 14th day of April, 2022

_____
Notary Public

JAMES G MAMERA
Notary Public - State of New York
No. 01MA6157195
Qualified in New York County
My Commission Expires Dec. 4, 2022

Your legal translation partner

New York, NY  |  Washington DC  |  Houston, TX  |  San Francisco, CA  |  Hong Kong