# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to the actions identified on Schedule A to Defendants' First Requests for Admissions to Plaintiff SKAT. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

## PLAINTIFF SKATTEFORVALTNINGEN'S REPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS

        Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Plaintiff Skatteforvaltningen ("SKAT") hereby responds and objects to the First Requests for Admissions, dated March 26, 2021 (the "Requests," and each a "Request"), served by the defendants listed on Schedule A to the Requests.

## RESERVATION OF RIGHTS

        SKAT is still continuing its investigation and analysis of the facts relating to this case, and has not completed discovery or preparation for trial.  The responses and objections set forth herein are based on documents and information currently available to SKAT.  Accordingly, the responses are provided without prejudice to SKAT's right to produce evidence of any subsequently discovered facts, documents or interpretations thereof, to modify, change or amend its responses in accordance with Federal Rule of Civil Procedure 36, or to raise any additional objections as necessary and appropriate.

In responding to the Requests, the inadvertent identification or disclosure of information, documents or materials protected from discovery by the attorney-client privilege, joint defense or common interest protection, work-product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality protecting documents or information from disclosure, shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, documents, or materials, the subject matter thereof or the information contained therein; nor shall such inadvertent disclosure constitute a waiver of SKAT's right to object to the use of the information, document, or materials, or the information contained therein, during this or any other proceeding.  Accordingly, any response or objection inconsistent with the foregoing is, and shall be construed to be, entirely inadvertent and shall not constitute a waiver of any applicable privilege, protection, or immunity.

In making these responses and objections to the Requests, SKAT does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

     a.    all objections on the grounds of competency, relevance, materiality, privilege, admissibility or any other proper grounds, to the use or admissibility into evidence, in whole or in part, of any of SKAT's responses to the Requests, or the subject matter thereof;

     b.    all objections to vagueness, ambiguity, undue burden; and

     c.    all rights to object on any ground to any request for further responses to these or any other Requests, or to discovery requests involving or related to the subject matter of the Requests.

The fact that SKAT provides a response to any particular Request does not constitute an admission or acknowledgement that the Request is proper, that the admission it seeks is within

the proper bounds of discovery, or that other Requests for similar admissions will be treated in a similar fashion.  Furthermore, in accordance with Federal Rule of Civil Procedure 36(b), any and all responses to the Requests provided by SKAT are for the purposes of discovery in this MDL only, and are not responses for any other purpose, nor may they be used against SKAT in any other proceeding.

## OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS

SKAT objects to the Instructions to the extent that they purport to impose requirements or obligations on SKAT that are inconsistent with or broader than those imposed by the Federal Rules of Civil Procedure, the Local Rules, and applicable case law.  SKAT expressly disclaims any obligation to comply with the Instructions to the extent they go beyond what is required by any of the foregoing.

SKAT objects to Instruction No. 1 as inapplicable to the Requests in that it purports to impose a January 1, 2003 to the present timeframe for the "information" sought by the Requests. The Requests require SKAT, to the extent it can, to admit or deny each Request, subject to any objections to the Request or qualifications to its response.  SKAT is not obligated to provide information in response to the Requests.

SKAT objects to Instruction Nos. 10 and 11 on the ground that they purport to impose on SKAT obligations beyond those imposed by the Federal Rules of Civil Procedure and applicable case law to the extent they would require SKAT to "set forth in detail" the reasons it denies any Request.

SKAT objects to the definitions of "SKAT," "You," "Your" and "Yourself" to the extent they include its unidentified representatives, attorneys, agents, servants, employees, investigators, consultants, and counsel working on its behalf in connection with this or any other

3

litigation, or persons or entities acting or purporting to act on behalf of any of the individuals or entities covered by these definitions. SKAT also objects to the definition of "SKAT" to the extent it includes SKAT's counsel Kammeradvokaten. The Requests incorporating these definitions are vague, ambiguous, overbroad, and unduly burdensome. In responding to the Requests, SKAT will interpret the terms "SKAT," "You," "Your" and "Yourself" to include SKAT and its current or former employees in their capacity as such who were involved in any of the matters at issue in these actions.

<u>**OBJECTIONS AND RESPONSES**</u>

The responses below incorporate the Reservation of Rights and Objections to the Instructions and Definitions as if each were fully set forth therein.

**<u>Request No. 1:</u>**

Admit that SKAT is a part of the government of the Kingdom of Denmark.

**<u>Response to Request No. 1:</u>**

Admitted.

**<u>Request No. 2:</u>**

Admit that SKAT is the agency of the government of the Kingdom of Denmark charged with the assessment and collection of Danish taxes.

**<u>Response to Request No. 2:</u>**

Admitted.

**<u>Request No. 3:</u>**

Admit that, by December 1, 2015, SKAT knew that Claims that it believed were fraudulent were submitted to it.

**Response to Request No. 3:**

SKAT objects to this Request as confusing and ambiguous with respect to when SKAT

knew that it believed something.

Subject to the foregoing objection, SKAT admits that, by December 1, 2015, SKAT

believed that some Claims that had been submitted to it might be fraudulent.

**Request No. 4:**

Admit that, by December 1, 2015, SKAT knew it paid Refunds that it believed were
baseless.

**Response to Request No. 4:**

SKAT objects to this Request as confusing and ambiguous with respect to when SKAT

knew that it believed something.

Subject to the foregoing objection, SKAT admits that, by December 1, 2015, SKAT

believed some of the Refunds it paid might have been baseless.

**Request No. 5:**

Admit that, by September 1, 2015, SKAT began an investigation concerning possibly
fraudulent Claims.

**Response to Request No. 5:**

Admitted.

**Request No. 6:**

Admit that, before January 1, 2015, SKAT knew it was possible that Claims that SKAT
believed were fraudulent were submitted to SKAT.

**Response to Request No. 6:**

SKAT objects to this Request as confusing and ambiguous with respect to when SKAT

knew that it was possible that something it believed might have happened.

Subject to the foregoing objection, denied.

**Request No. 7:**

Admit that, before January 1, 2015, SKAT knew of any purportedly "fraudulent scheme" identified and alleged in any of SKAT's Complaints.

**Response to Request No. 7:**

Denied.

**Request No. 8:**

Admit that, before January 1, 2015, SKAT knew that it did not verify all of the information necessary to determine whether Claimants were entitled to Refunds.

**Response to Request No. 8:**

Denied. SKAT states that at all relevant times, SKAT verified each Claimant's

representation that the Claimant was entitled to Refunds by requiring supporting documentation

from third-party financial institutions and foreign tax authorities to be submitted with the Claim.

**Request No. 9:**

Admit that, before January 1, 2015, SKAT knew that it paid Refunds without verifying all of the information necessary to determine whether Claimants were entitled to the Refunds SKAT paid.

**Response to Request No. 9:**

Denied. SKAT states that at all relevant times, SKAT verified each Claimant's

representation that the Claimant was entitled to the Refunds SKAT paid by requiring supporting

documentation from third-party financial institutions and foreign tax authorities to be submitted

with the Claim.

**Request No. 10:**

Admit that, before January 1, 2015, SKAT knew that it did not verify whether a Claimant owned Shares as stated in the Claim before SKAT paid any Refund to that Claimant.

**Response to Request No. 10:**

Denied.  SKAT states that at all relevant times, SKAT verified each Claimant's

representation that the Claimant owned Shares as stated in the Claim by requiring supporting

documentation from third-party financial institutions evidencing such ownership.

**Request No. 11:**

Admit that, before January 1, 2015, SKAT knew that it did not verify whether a Claimant
had requested multiple Refunds based on the same set of Shares before SKAT paid any
Refund to that Claimant.

**Response to Request No. 11:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in these actions.

Subject to the foregoing objection, denied.

**Request No. 12:**

Admit that, before January 1, 2015, SKAT knew that it did not verify whether multiple
Claimants had requested Refunds based on the same set of Shares before SKAT paid any
Refund to those Claimants.

**Response to Request No. 12:**

SKAT objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request

as confusing and ambiguous with respect to what it means for multiple Claimants to submit

Refunds "based on the same set of Shares."

**Request No. 13:**

Admit that, before January 1, 2015, SKAT knew that it did not verify whether a Claimant
had received any Dividend as stated in the Claim before SKAT paid any Refund to that
Claimant.

**Response to Request No. 13:**

Denied.  SKAT states that at all relevant times, SKAT verified each Claimant's

representation that the Claimant received Dividends as stated in the Claim by requiring

supporting documentation from third-party financial institutions evidencing such receipt of

Dividends.

**Request No. 14:**

Admit that, before January 1, 2015, SKAT knew that it did not verify whether a Claimant
had paid any dividend tax as stated in the Claim before SKAT paid any Refund to that
Claimant.

**Response to Request No. 14:**

Denied.  SKAT states that at all relevant times, SKAT verified each Claimant's

representation that the Claimant paid dividend tax as stated in the Claim by requiring supporting

documentation from third-party financial institutions evidencing such payment of dividend tax.

**Request No. 15:**

Admit that, before January 1, 2015, SKAT knew that it did not verify whether a Claimant
had purchased from a short seller the Shares referenced in the Claim before SKAT paid
any Refund to that Claimant.

**Response to Request No. 15:**

SKAT objects to this Request on the ground that it is based on the faulty premise that

SKAT could verify the identity of the seller of Shares to, and whether such sellers engaged in

short sale transactions with, the purported purchasers who submitted Claims.

**Request No. 16A:[1]**

Admit that, before January 1, 2015, SKAT knew that it did not verify information
appended to Claims before paying Refunds.

---

1.  Defendants' Requests include two Request No. 16s, so SKAT has relabeled those two as Request Nos. 16A and
    16B in its responses.

**Response to Topic No. 16A:**

SKAT admits that before January 1, 2015, SKAT knew that as a matter of practice it did not further verify the information from third-party financial institutions and foreign tax authorities appended to Claims before paying Refunds.

**Request No. 16B:**

Admit that, before January 1, 2015, SKAT knew that it did not verify whether any amount of dividend withholding taxes had been paid to or collected by SKAT in connection with the Shares in any Claim before SKAT paid any Refund.

**Response to Request No. 16B:**

Denied.  SKAT states that at all relevant times, SKAT verified each Claimant's representation that the Claimant paid dividend tax as stated in the Claim by requiring supporting documentation from third-party financial institutions evidencing such payment of dividend tax.

**Request No. 17:**

Admit that, before January 1, 2015, SKAT did not have written procedures for processing Claims and Refunds.

**Response to Request No. 17:**

Denied.

**Request No. 18:**

Admit that, before January 1, 2015, SKAT knew that its annual payment of Refunds increased in monetary amount from 2012 to 2013 and from 2013 to 2014.

**Response to Topic No. 18:**

Admitted.

**Request No. 19:**

Admit that, before January 1, 2015, SKAT knew that the number of Claims submitted to SKAT increased from 2012 to 2013 and from 2013 to 2014.

**Response to Request No. 19:**

Admitted.

**Request No. 20:**

Admit that on June 15, 2015, SKAT received information indicating that some Claimants may have submitted fraudulent Claims based on the double taxation treaty between Denmark and Malaysia.

**Response to Request No. 20:**

Admitted that on June 15, 2015, SKAT received information indicating that some Claimants may have submitted fraudulent Claims purporting to be based on the double taxation treaty between Denmark and Malaysia.

**Request No. 21:**

Admit that, before January 1, 2015, SKAT knew that the government of Germany in 2012 changed its tax laws relating to the administration of the dividend withholding tax.

**Response to Request No. 21:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in these actions. SKAT further objects to this Request on the ground that it is too broad and vague with respect to the purported change in Germany's tax laws to permit SKAT to respond by admitting or denying it.

**Request No. 22:**

Admit that by August 24, 2015, SKAT stopped paying Refunds.

**Response to Request No. 22:**

SKAT admits that by August 24, 2015, SKAT temporarily stopped paying Refunds while it investigated the defendants' fraudulent scheme.

**Request No. 23:**

Admit that, before January 1, 2012, SKAT possessed the document entitled "Revision af udbytteskatteadministrationen ved Skattecenter Ballerup" by Intern Revision.

**Response to Request No. 23:**

Admitted.

**Request No. 24:**

Admit that, before January 1, 2012, SKAT possessed the document entitled "Undersøgelse af Provenuet fra kildebeskatningen af udlændinge—udbytteskat" by Intern Revision.

**Response to Request No. 24:**

Admitted.

**Request No. 25:**

Admit that, before June 10, 2013, SKAT possessed the document entitled "Revision af udbytte- og royaltyskat for 2012" by Intern Revision.

**Response to Request No. 25:**

Admitted.

**Request No. 26:**

Admit that, before January 1, 2012, SKAT possessed the document entitled "Problemkatalog" concerning dividend tax.

**Response to Request No. 26:**

Admitted that before January 1, 2012, SKAT possessed a document entitled

"Problemkatalog".

**Request No. 27:**

Admit that, before January 1, 2015, SKAT knew that in 2010, SKAT paid Refunds totaling approximately DKK .7 billion.

11

**Response to Request No. 27:**

    Admitted.

**Request No. 28:**

    Admit that, before January 1, 2015, SKAT knew that in 2011, SKAT paid Refunds totaling approximately DKK 1.1 billion.

**Response to Request No. 28:**

    Admitted.

**Request No. 29:**

    Admit that, before January 1, 2015, SKAT knew that in 2012, SKAT paid Refunds totaling approximately DKK 1.5 billion.

**Response to Request No. 29:**

    Admitted.

**Request No. 30:**

    Admit that, before January 1, 2015, SKAT knew that in 2013, SKAT paid Refunds totaling approximately DKK 2.8 billion.

**Response to Request No. 30:**

    Admitted.

**Request No. 31:**

    Admit that, before January 1, 2015, SKAT knew that in 2014, SKAT paid Refunds totaling approximately DKK 6.1 billion.

**Response to Request No. 31:**

    Admitted.

**Request No. 32:**

    Admit that, before September 1, 2015, SKAT knew that from January 1 to July 31, 2015, SKAT paid Refunds totaling approximately DKK 8.7 billion.

**Response to Request No. 32:**

　　Admitted.

**Request No. 33:**

　　Admit that, before January 1, 2015, SKAT knew that in 2010 SKAT paid Refunds totaling approximately DKK .2 billion via SKAT's Form Program.

**Response to Request No. 33:**

　　Admitted.

**Request No. 34:**

　　Admit that, before January 1, 2015, SKAT knew that in 2011 SKAT paid Refunds totaling approximately DKK .3 billion via SKAT's Form Program.

**Response to Request No. 34:**

　　Admitted.

**Request No. 35:**

　　Admit that, before January 1, 2015, SKAT knew that in 2012 SKAT paid Refunds totaling approximately DKK .4 billion via SKAT's Form Program.

**Response to Request No. 35:**

　　Admitted.

**Request No. 36:**

　　Admit that, before January 1, 2015, SKAT knew that in 2013 SKAT paid Refunds totaling approximately DKK 1.5 billion via SKAT's Form Program.

**Response to Request No. 36:**

　　Admitted.

**Request No. 37:**

　　Admit that, before January 1, 2015, SKAT knew that in 2014 SKAT paid Refunds totaling approximately DKK 4.1 billion via SKAT's Form Program.

**Response to Request No. 37:**

Admitted.

**Request No. 38:**

Admit that, during each month from January 1, 2012 to December 31, 2015, SKAT knew the amount of Refunds SKAT paid during the previous month.

**Response to Request No. 38:**

Admitted.

**Request No. 39:**

Admit that, before January 1, 2015, SKAT knew that Claimants, in connection with the Claims, collectively asserted ownership of a majority of the outstanding shares in certain companies.

**Response to Request No. 39:**

Denied.

**Request No. 40:**

Admit that, before January 1, 2015, SKAT did not believe that Claimants owned, in the aggregate, the number of shares they claimed to own.

**Response to Request No. 40:**

Denied.

**Request No. 41:**

Admit that, before January 1, 2015, SKAT knew that Claimants collectively asserted entitlement to dividend withholding tax related to ownership of approximately 70% of the shares of TDC on August 7, 2014.

**Response to Request No. 41:**

Denied.

**Request No. 42:**

Admit that from January 1, 2012 to December 31, 2015 SKAT applied Danish law in determining who was entitled to Refunds.

**Response to Request No. 42:**

SKAT admits that from January 1, 2012 to December 31, 2015, Danish law was the relevant law for determining entitlement to Refunds.  To the extent applicable, Danish law incorporated the concept of beneficial ownership as used in double taxation treaties and in the Model Tax Convention published by the Organisation for Economic Cooperation and Develop ("OECD").

**Request No. 43:**

Admit that from January 1, 2012 to December 31, 2015 SKAT applied Danish tax law in determining who was entitled to Refunds.

**Response to Request No. 43:**

SKAT admits that from January 1, 2012 to December 31, 2015, Danish law (which might include consideration of Danish tax law depending on the facts and circumstances of any particular Claim) was the relevant law for determining entitlement to Refunds.  To the extent applicable, Danish law incorporated the concept of beneficial ownership as used in double taxation treaties and in the Model Tax Convention published by the OECD.

**Request No. 44:**

Admit that from January 1, 2012 to December 31, 2015 SKAT applied Danish law in determining who was the beneficial owner of Shares that were the subject of Claims.

**Response to Request No. 44:**

SKAT admits that from January 1, 2012 to December 31, 2015, Danish law was the relevant law for determining who was the beneficial owner of Shares that were the subject of Claims.  To the extent applicable, Danish law incorporated the concept of beneficial ownership as used in double taxation treaties and in the Model Tax Convention published by the OECD.

**Request No. 45:**

Admit that from January 1, 2012 to December 31, 2015 SKAT applied Danish tax law in determining who was the beneficial owner of Shares that were the subject of Claims.

**Response to Request No. 45:**

SKAT admits that from January 1, 2012 to December 31, 2015, Danish law (which might include consideration of Danish tax law depending on the facts and circumstances of any particular Claim) was the relevant law for determining who was the beneficial owner of Shares that were the subject of Claims. To the extent applicable, Danish law incorporated the concept of beneficial ownership as used in double taxation treaties and in the Model Tax Convention published by the OECD.

**Request No. 46:**

Admit that from January 1, 2012 to December 31, 2015 SKAT applied Danish law in determining who was the rightful owner of Shares that were the subject of Claims.

**Response to Request No. 46:**

SKAT objects to this Request as cumulative and duplicative of Request No. 44 and incorporates by reference its Response to Request No. 44.

**Request No. 47:**

Admit that from January 1, 2012 to December 31, 2015 SKAT applied Danish tax law in determining who was the rightful owner of Shares that were the subject of Claims.

**Response to Request No. 47:**

SKAT objects to this Request as cumulative and duplicative of Request No. 45 and incorporates by reference its Response to Request No. 45.

**Request No. 48:**

Admit that from January 1, 2012 to December 31, 2015 on SKAT's form 06.003, entitled "Claim to Relief from Danish Dividend Tax," SKAT construed the term "beneficial owner" to refer to beneficial owner status under Danish law.

16

**Response to Request No. 48:**

SKAT admits that from January 1, 2012 to December 31, 2015 on SKAT's form 06.003, entitled "Claim to Relief from Danish Dividend Tax," SKAT construed the term "beneficial owner" to refer to beneficial owner status under Danish law, which incorporated the concept of beneficial ownership as used in double taxation treaties and in the Model Tax Convention published by the OECD.

**Request No. 49:**

Admit that from January 1, 2012 to December 31, 2015 on SKAT's form 06.003, entitled "Claim to Relief from Danish Dividend Tax," SKAT construed the term "beneficial owner" to refer to beneficial owner status under Danish tax law.

**Response to Request No. 49:**

SKAT admits that from January 1, 2012 to December 31, 2015 on SKAT's form 06.003, entitled "Claim to Relief from Danish Dividend Tax," SKAT construed the term "beneficial owner" to refer to beneficial owner status under Danish law (which might include consideration of Danish tax law depending on the facts and circumstances of any particular Claim), which incorporated the concept of beneficial ownership as used in double taxation treaties and in the Model Tax Convention published by the OECD.

**Request No. 50:**

Admit that from January 1, 2012 to December 31, 2015 SKAT paid Refunds with tax revenue of the Kingdom of Denmark.

**Response to Request No. 50:**

SKAT admits that from January 1, 2012 to December 31, 2015, SKAT paid Refunds with public funds, much of which public funds are generated by tax revenue.

**Request No. 51:**

Admit that SKAT determined that certain Claimants were not entitled to Refunds based, at least in part, on Section 69B of the Danish Withholding Tax Act.

**Response to Request No. 51:**

SKAT admits that it determined that certain Claimants were not entitled to Refunds based, in part, on Danish law principles which are restated in Section 69B of the Danish Withholding Tax Act.

**Request No. 52:**

Admit that, prior to August 24, 2015, SKAT accepted a copy of Internal Revenue Service Form 6166 (Certification of U.S. Tax Residency) as sufficient evidence that the relevant Claimant was a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the U.S. Internal Revenue Code.

**Response to Request No. 52:**

Admitted.

**Request No. 53:**

Admit that, prior to August 24, 2015, SKAT did not require a U.S. pension plan Claimant to provide any document other than a copy of Internal Revenue Service Form 6166 (Certification of U.S. Tax Residency) to demonstrate that such Claimant was a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the U.S. Internal Revenue Code.

**Response to Request No. 53:**

SKAT admits that prior to August 24, 2015, absent any reason to inquire further, SKAT did not require a U.S. pension plan Claimant to provide any document other than a copy of Internal Revenue Service Form 6166 (Certification of U.S. Tax Residency) to demonstrate that such Claimant was a trust forming part of a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the U.S. Internal Revenue Code.

**Request No. 54:**

Admit that SKAT did not, at any point prior to August 24, 2015, inquire into or verify the source of any contributions to any U.S. pension plan Claimant.

**Response to Request No. 54:**

Admitted.

**Request No. 55:**

Admit that SKAT did not, at any point prior to August 24, 2015, inquire into or verify the nature of any business activities conducted by any sponsoring entity associated with any U.S. pension plan Claimant.

**Response to Request No. 55:**

Admitted.

**Request No. 56:**

Admit that the information on SKAT's website as of the date of the service of these requests is true and accurate.

**Response to Request No. 56:**

SKAT objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in these actions. SKAT further objects to this Request on the ground that it is too broad and vague to permit SKAT to respond by admitting or denying it.

Dated: New York, New York
        April 28, 2021

                              HUGHES HUBBARD & REED LLP

                              By:___/s/ Marc A. Weinstein_____
                                   William R. Maguire
                                   Marc A. Weinstein
                                   Neil J. Oxford
                              One Battery Park Plaza
                              New York, New York 10004-1482
                              Telephone: (212) 837-6000
                              Fax:  (212) 422-4726
                              bill.maguire@hugheshubbard.com
                              marc.weinstein@hugheshubbard.com
                              neil.oxford@hugheshubbard.com

                              *Counsel for Plaintiff Skatteforvaltningen
                              (Customs and Tax Administration of the
                              Kingdom of Denmark)*