# Exhibit 7_T



Special control 3

Kratbjerg 236

Basalt Ventures LLC Roth 40l(K) Plan c/o
Arnold & Porter Kaye Scholer
250 West 55th Street
New York
NEW 10019
United States

3480 Fredensborg
Denmark

www.skat.dk

on 13 April 2018 Caplia

nr: 16-1673047 TIN: 47

- 1377612

## Decision - Revocation of previous decisions on the refund of dividend taxes

In the past, SKAT has taken decisions on the reimbursement of dividend taxes to Basalt Ventures LLC Roth 40l(K) Plan (hereinafter the BVLR) in response to requests from BVLR agent Goal Taxback Limited.

SKAT revokes the previous decisions on the refund of dividend taxes totaling DKK 27,853,521 as the **BVLR** has not been entitled to receive the dividend tax.

The revocation concerns the following decisions:

| Request by | 27 November 2014 | 1 165 131 | kr. |
|---|---|---|---|
| Request by | 14 April 2015 | 8,381,677 | kr. |
| Request by | 16 April 2015 | 8,705,084 | kr. |
| Request by | 21 April 2015 | 5,621,939 | kr. |
| Request by | 23 April 2015 | 1 986 270 | kr. |
| Request by | 27 April 2015 | 1,635,386 | kr. |
| Request by | 15 May 2015 | 358 034 | kr. |
| Total | | 27 853 521 | kr. |

It is SKAT's assessment that the BVLR does not own or have owned the shares identified in the requests and that the dividends related to the shares mentioned in the requests have not been received by the BVLR.

Furthermore, it is SKAT's assessment that the BVLR did not have the capital required to make the investments in Danish shares on the basis of which the abovementioned requests for the reimbursement of dividend tax were made.

**According** to the Income Advice and Credit Advices submissions, the **BVLR** was supposed to have invested in shares in Danish companies for a significant amount and received dividends thereof.

Page 12

SKAT has emphasized:
- That the BVLR is a newly created pension fund.
- The fact that the BVLR only has a single participant with the limited amounts of deposits involved.
- The fact that the BVLR has not submitted the FORM 5500 in the USA, therefore it must be considered that the BVLR's assets were below USD 250 000 at the end of the relevant income years.

It is therefore on the basis of the information available to it at the moment that SKAT considered that the BVLR had no economic opportunity to own shares to such an extent as indicated in the BVLR's requests for the reimbursement of Danish dividend tax. This can be seen, for example, in:

- That on 7 August 2014, less than 2 months after the foundation, the BVLR indicated that it had invested for DKK 147,727,103. in the share TDC A/S.

- On 19 March 2015, nine months after its creation, the BVLR indicated that it was the owner of shares in
Novo Nordisk A/S and GN Store Nord A/S for a total value of DKK 2,297,979,367.

The BVLR therefore does not meet the conditions for recovering the withholding tax on Danish shares, cf. Article 10 of the Danish-US double taxation treaty;

Consequently, SKAT has refunded the said dividend taxes to the BVLR on an incorrect basis and, as a result, SKAT revokes the previous dividend tax refund decisions.

The Attorney General will, on behalf of SKAT, seek reimbursement and compensation from the BVLR.

Reference is made to the annexes submitted together with SKAT's proposal of 13 April 2018.

Furthermore, SKAT is of the opinion that the payments to the BVLR are part of a wider international complex which SKAT has reported to SØIK as alleged fraud against the Danish State. SKAT has notified the complex as covered by Section 279 of the Criminal Code by unjustified recovery of withholding tax, where the applicant fund does not own or have owned the shares listed in the requests and where the dividends relating to the shares listed in the requests have not been received by the applicant fund.

For further reasons, please refer to the following summary.

Confidential Pursuant to Protective Order

TAX_MDL_001_00057167

# Table of Contents

1. Facts ................................................................................................................... 4

1.1. Description of the case ...................................................................................... 4

1.2. Reimbursement of dividend tax ........................................................................ 4

1.3. Calculation of investments ................................................................................ 5

1.4. Registration of Danish shares. .......................................................................... 5

1.5. Information provided by IRS in United States ................................................. 6

2. Rules of law ....................................................................................................... 7

2.1. Statutes of law.. ................................................................................................. 7

2.2. Double taxation treaty ...................................................................................... 7

3. SKAT's comments ............................................................................................. 7

3.1. Legal basis/legal basis ...................................................................................... 7

3.2. Ownership of shares and receipt of share dividends ........................................ 8

3.2.1. Securities depot ............................................................................................. 8

3.2.2 Capital basis for the investments of the fund ................................................ 8

3.2.3 Share dividends and withholding tax ............................................................ 9

3.3. Revocation of previous decisions ..................................................................... 9

4. SKAT's Opinion ............................................................................................... 10

5. Comments of the fund on SKAT's proposal .................................................... 11

6. Final tax ruling ................................................................................................. 11

Complaint Guide ................................................................................................... 11

Laws and regulations ............................................................................................. 11

Confidential Pursuant to Protective Order

TAX_MDL_001_00057168

# 1. Facts

## 1.1. Description of the case

The BVLR is registered as a US[1] pension fund and was founded in July 2014[2].

Goal Taxback Limited, on behalf of the BVLR, in the period 27 November 2014 to 15 May 2015, has sent requests to SKAT to be reimbursed the withholding tax on Danish shares for a total of DKK 27,853,521.

On this basis, SKAT has paid the dividend tax refund to the BVLR via Goal Taxback Limited's bank account 34015159 at NatWest Bank.

In connection with the control of dividend tax refunds, SKAT obtained information from the US Treasury Department, the Internal Revenue Service (hereinafter IRS). From the information provided, it appears that:
- That the BVLR is a newly created pension fund.
- That the annual contribution to the fund is limited to between USD 12,500 and USD 53,000 per year. shall participate according to the age of the depositor.
- That the BVLR did not submit the FORJ\tI 5500 whereby the BVLR indicated to the IRS that at the end of 2014 and 2015 their assets were below USD 250 000.

## 1.2. Reimbursement of dividend tax

With reference to the Danish-US double taxation treaty, the agent Goal Taxback Limited, on behalf of the BVLR, has requested, and been reimbursed, the dividend tax which it contains in respect of the following shares:

| SKATs bundle No | Date of the request | Stock | Quantity | Ex date | Total dividends DKK | Refunded dividend tax DKK |
|---|---|---|---|---|---|---|
| 106,214 | 2014-11-27 | TDCA/S | 2,876,867 | 2014-08-08 | 4 315 300 | 1 165 131 |
| 34815 | 2015-04-14 | A.P. Møller Mærsk A/S A | 7,873 | 2015-03-31 | 15 517 683 | 4 189 774 |
| 34815 | 2015-04-14 | A.P. Møller Mærsk A/S B | 7,877 | 2015-03-31 | 15 525 567 | 4 191 903 |
| 34,915 | 2015-04-16 | Novo Nordisk A/S | 6 448 211 | 2015-03-2015 | 32 241 055 | 8,705,084 |
| 35,215 | 2015-04-21 | DSV A/S | 765 908 | 2015-03-13 | 1,225,452 | 330 872 |
| 35,215 | 2015-04-21 | Carlsberg A/S - B | 178 044 | 2015-03-27 | 1 602 396 | 432 646 |
| 35,215 | 2015-04-21 | Danske Bank A/S | 3,271,664 | 2015-03-19 | 17 994 152 | 4 858 421 |
| 35,315 | 2015-04-23 | Novozymes A/S B | 777 153 | 2015-02-26 | 2,331,459 | 629 493 |
| 35,315 | 2015-04-23 | TDCA/S | 3,283,965 | 2015-03-06 | 3,283,965 | 886 670 |
| 35,315 | 2015-04-23 | Tryg A/S | 35,209 | 2015-03-26 | 1,021,061 | 275 686 |
| 35,315 | 2015-04-23 | FL Smidth & CO A/S | 80,009 | 2015-03-27 | 720 081 | 194 421 |
| 39,015 | 2015-04-27 | Vestas Wind Systems A/S | 373 474 | 2015-03-31 | 1,456,548 | 393 268 |
| 39,015 | 2015-04-27 | Gn Store Nord A/S, | 605 292 | 2015-03-2015 | 544 762 | 147 085 |
| 39,015 | 2015-04-27 | Pandora A/S | 450 631 | 2015-03-19 | 4,055,679 | 1 095 033 |
| 40,115 | 2015-05-15 | Coloplast A/S - B | 294 679 | 2015-05-07 | 1 326 055 | 358 034 |
| Total | | | | | 103 161 215 | 27 853 521 |

---

[1] Annex 98-1-1 to 98-1-2
[2] Annex 98-1-1 to 98-1-2
[3] Annex 98-5-1 to 98-5-50

Page 4 of 12

The requests were accompanied by the following annexes':
1. Form 06.003 ENG- Claim to Relief from Danish Dividend Tax.
2. Income Advice and Credit Advices - prepared by BVLR's custodian Old Park Lane Capital PLC or Telesto Markets LLP.
3. FORM 6166 from the Internal Revenue Service (IRS)- Certificate of resident in USA (issued by the US tax administration).
4. Power of Attorney to Goal Taxback Limited.

Re 1. Form 06.003 states that the BVLR is the legal owner of the shares and is subject to the Danish-US double taxation treaty

Re. 2. According to Income Advice and Credit Advices prepared by custodian Old Park Lane Capital PLC or Telesto Markets LLP, BVLR has received net dividends of the shares.

## 1.3. Calculation of investments

Taking into account that the BVLR will own the shares at the time of the general meeting (the day before the ex-date), the acquisition costs for the acquisition by BVLR of the shares indicated in the requests[5] are calculated on the basis of the closing price on the last trading day before the ex-date[6]:

| SKATs bundle No | Stock | Course date | Quantity | Course | Calculated purchase price DI<K |
|---|---|---|---|---|---|
| 35,315 | Novozymes A/S B | 2015-02-25 | 777 153 | 322.50 | 250 631 843 |
| 35,315 | TDCA/S | 2015-03-05 | 3,283,965 | 54.00 | 177 334 110 |
| 35,215 | DSV A/S | 2015-03-12 | 765 908 | 219.20 | 167,886,924 |
| 35,215 | Danske Bank A/S | 2015-03-18 | 3,271,664 | 175.30 | 573 522 699 |
| 39,015 | Pandora A/S | 2015-03-18 | 450 631 | 614.50 | 276,912,750 |
| 35,315 | Tryg A/S | 2015-03-25 | 35,209 | 868.50 | 30 579 017 |
| 35,215 | Carlsberg A/S - B | 2015-03-26 | 178 044 | 571.50 | 101 752 146 |
| 35,315 | FL Smidth & CO A/S | 2015-03-26 | 80,009 | 314.00 | 25 122 826 |
| 34815 | A.P. Møller Mærsk A/S A | 2015-03-30 | 7,873 | 15,810.00 | 124 472 130 |
| 34815 | A.P. Møller Mærsk A/S B | 2015-03-30 | 7,877 | 16,410.00 | 129 261 570 |
| 39,015 | Vestas Wind Systems A/S | 2015-03-30 | 373 474 | 290.20 | 108 382 110 |
| 40,115 | Coloplast A/S - B | 2015-05-06 | 294 679 | 510.00 | 150 286 233 |

## 1.4. Registration of Danish shares

All shares in Danish listed companies are registered with VP Securities, the Danish central securities depository.

This registration includes a securities depository in a Danish bank established in the name of a shareholder. A securities depository contains shareholder shareholdings which may be

---

[4] Annex 98-5-1 to 98-5-50
[5] Annex 98-5-1 to 98-5-50
[6] The course is on Nasdaq's website: http://www.nasdaqomxnordic.com

Page 5 of 12

**Confidential Pursuant to Protective Order**

is composed of shares in various Danish listed companies. A securities depot and its holding may also have several owners (referred to as an omnibus depot).

When seeking information from VP Securities, no securities depot has been found in a Danish bank where BVLR or its custodian Old Park Lane Capital PLC or Telesto Markets LLP is registered as owner.

## 1.5. Information provided by IRS in the USA

SKAT has received information via the Competent Authority in Denmark and the USA from the IRS tax authority in the USA

By letter dated 4 December 2015, the IRS provided the following information:' · That the BVLR was founded in July 2014.

By letter of 13 June 2016, the IRS attached Instructions for FORM 5500-EZ, among others. appears":

- At *"Who Does Not Have To File FORM 5500-EZ*
  *You do not have to file FORM 5500-EZ for the 2015 planyear fora ane-participant plan **if** the total of the plan's assets and the assets of all other ane-participantplans maintained by the employer at the end of the 2015 plan year does not exceed $250,000, unless 2015 is the .final plan year of the plan. For more information on final plan **years**, see Final Return later."*

By letter dated 13 December 2016, the IRS indicated that it had reached the following point[9]:
- That the IRS does not hold FORM 5500 for the BVLR, as no FORM 5500 was submitted for 2014 or 2015.

Based on the information from IRS SKAT's assessment, it is a *"OneParticipant (owners and their spouses) Retirement Plan"*.

The IRS has provided links to the IRS-hj website on 'Topics for Retirement Plans' [10] in general questions on pension plans and their deposits, including the following:
- That a One-Participant 401 (k) plan includes a business owner with no employees other than the person and, if any, their associate.
- That the annual deposit is limited to between $12,500 and $53,000 according to the age of the depositor (over or under 50 years).

On the basis of information provided by the IRS, SKAT has assumed:
- If a pension plan does not submit FORM 5500, the plan indicates that it is a One-Participant Retirement Plan with a capital of less than USD 250 000.
- That if a tax-free pension plan is operating (Unrelated Business Income), it must pay tax on its income and a Form 990-T must be submitted to the IRS.

---

[7] Annex 98-1-1 to 98-1-2
[8] Annex 98-2-1 to 98-2-13
[9] Annex 98-3-1 to 98-3-2 and 98-A-l to 98-A-2
[10] Annex 98-4-1 to 98-4-9

Page 6 of 12

Confidential Pursuant to Protective Order

- That if a tax-exempt pension plan has Dept-financed Income, its income shall be subject to tax and a Form 990-T shall be submitted to the IRS.
- That if a pension plan distributes funds, this must be reported to the IRS on a Form 1099, where the amount paid and to whom must be disclosed. The person who received the funds is liable to tax on the income and must declare it.

The IRS also stated that in its reply of 13 December 2016 to SKAT's inquiry, the IRS

Has examined whether the BVLR submitted any tax return/reporting. This was not the case. Therefore, the BVLR did not submit either FORJ\tI 5500, Form 990-T or Form 1099.

## 2. Rules of law

### 2.1. Statutes

Company Tax Act - Consolidated Act No. 1082 of 14 November 2012 and No. 680 of 20 May 2015:
- § 2, par. 1(c) and (c) 3, 2nd pt

The National Covenant - Law Order No. 405 of 22 April 2013, as amended: · Section 16 A, paragraph 1 1.

Source Tax Act - Consolidation Act No. 1403 of 7 December 20 l 0 as amended:
- § 65, par. 1 and 69 B, par. 1.

### 2.2. Double taxation treaty

BKI No 13 of 14/4/2000 of the Agreement of 19/8/1999 between Denmark and the United States of America to avoid double taxation and to prevent tax evasion in respect of income taxes. As amended by BKI no. Protocol No 1 of 18/2/2008 of 2/5/2006:
- · Articles 10 and 22.

## 3. SKA Ts comments

### 3.1. Legal basis/legal basis

A US pension fund, the beneficial owner of Danish shares, which has received dividends, including dividend tax, may be reimbursed for the dividend tax if the fund meets the conditions for doing so set out in Article 0 of the Danish-US double taxation treaty, cf. Section 69 B, 1st point.

Confidential Pursuant to Protective Order                              TAX _MDL_001_00057172

## 3.2. Ownership of shares and receipt of share dividends

In its dividend tax refund application forms, the BVLR stated that the BVLR was the owner of the shares in question and that the BVLR received dividends, including dividend tax.

It is SKAT's view that the BVLR, as a newly created pension fund with a participant with limited deposit options, did not have the capital to make the investments in Danish shares that led to the abovementioned requests for the reimbursement of dividend tax.

It is therefore SKAT's assessment that BVLR cannot have been the owner of the shares and that it did not receive any dividends from the shares. In assessing this, SKAT has emphasized the following points:

### 3.2.1. Depot

All shares in Danish listed companies are registered with VP Securities, the Danish central securities depository. This registration includes a securities depository in a Danish bank established in the name of a shareholder. A securities depot and its holding may also have several owners (referred to as an omnibus depot).

Neither BVLR nor its Custodian Old Park Lane Capital PLC nor Telesto Markets LLP are registered as the owner of a securities depot in a Danish bank. Consequently, SKAT has no information that the shares refunded by the dividend tax have been owned by BVLR

### 3.2.2 The capital base for the investments of the pension fund

BVLR was established in July 2014[11].

According to the information provided by the authorities in the United States, this is a pension fund where there is only one participant who can pay an annual maximum of $12,500/53,000[12] (about 85,375/361,990 DKK. in 2015 and 76.501/324.434 kr. in 2014)[13].

Since the BVLR has not submitted FORM 5500 for either 2014 and 2015, the BVLR has indicated to the IRS that at the end of 2014 and 2015 their assets are below $250,000 [14] (l.707.500 kr. in 2015 and 1.530.350 kr. in 2014)[15].

On the basis of the Income Advice and Credit Advices received, SKAT calculated that all the BVLR's investments in Danish shares[16] are well above the BVLR's capital base. This can be seen, for example, in:

- That the BVLR on 7 August 2014, less than 2 months after the foundation, indicates that it has invested for 147,727,103 kr. in the share TDC A/S.

---

[11] Annex 98-1-1 to 98-1-2  [12] Annex 98-4-1 to 98-4-9
[13] Price at end-2015 (683.00) / 2014 (612.14), cf. www.nationalbanken.dk  [14] Annex 98-A-l to 98-A-2
[15] Price at end 2015 (683.00) / 2014 (612.14), cf. www.nationalbanken.dk  [16] Section 1.3

Confidential Pursuant to Protective Order

- On 19 March 2015, nine months after its creation, the BVLR indicated that it was the owner of shares in
Novo Nordisk A/S and GN Store Nord A/S for a total value of DKK 2,297,979,367.

On this basis, it is SKAT's assessment that the BVLR, as a newly created pension fund which could inject a maximum of USD 12 500/53 000 per annum depending on the age of the depositor (over or under 50 years) and with a capital base of less than USD 250 000 at the end of the relevant income years, did not have the capital to make the investments underlying the BVLR's requests.

### 3.2.3. Share dividends and withholding tax

From the foundation in July 2014 until May 2015, according to the submitted Income Advice and Credit Advices, the BVLR should have received dividends for a total of DKK 103,161,215, DKK [17], of which the recovered and refunded dividend taxes amount to a total of DKK 27,853,521.

SKAT considers that the dividends related to the shares indicated in the requests have not been accrued to the BVLR, as the BVLR's capital base is considered to be below USD 250 000 at the end of the year, as the BVLR did not submit FORM 5500 to the IRS. Nor did the BVLR list Unrelated Business Income or Dept-financed Income (Form 990-T) or disclose any distribution of funds (Form 1099) to the IRS.

The net proceeds from the Danish shares DKK 75,307,694 may therefore not have acceded to the BVLR.

### 3.3. Revocation of previous decisions

In its applications for reimbursement, the BVLR provided information that it was the legal owner of the shares, cf. form 06.003 and that the BVLR had received dividends and paid dividend tax, cf. Income Advice and Credit Advices prepared by BVLR's custodian Old Park Lane Capital PLC or Telesto Markets LLP.

SKAT has now established that it was a newly created pension fund with the resulting limited capital base, and that the BVLR did not provide FORM 5500, any information on distributions or otherwise to the IRS. This means that B VLR did not have the capital base needed to make investments in the Danish shares on which basis it applied for the reimbursement of the dividend taxes it had paid.

It is therefore SKAT's assessment that BVLR cannot have been the owner of the shares and that therefore BVLR has not received any dividends from the shares.

In view of this, SKAT considers that the BVLR does not fulfill the conditions of Section 69b of the Withholding Tax Act and Article 10 of the Danish-US double taxation treaty.
Tax therefore revokes the rulings.

---

[17] Section 1.2   [18] Section 1.2

Confidential Pursuant to Protective Order                    TAX _MDL_001_00057174

## 4. SKA Draft Decision

SKAT proposes that the previous decisions on the refund of dividend taxes totaling DKK 27,853,521. The BVLR is revoked because the BVLR has not been entitled to receive the dividend tax.

The revocation concerns the following decisions:

| | | | |
|---|---|---:|---|
| Request by | 27 November 2014 | 1 165 131 | kr. |
| Request by | 14 April 2015 | 8,381,677 | kr. |
| Request by | 16 April 2015 | 8,705,084 | kr. |
| Request by | 21 April 2015 | 5,621,939 | kr. |
| Request by | 23 April 2015 | 1 986 270 | kr. |
| Request by | 27 April 2015 | 1,635,386 | kr. |
| Request by | 15 May 2015 | 358 034 | kr. |
| Total | | 27 853 521 | kr. |

It is SKAT's assessment that the BVLR does not own or have owned the shares identified in the requests and that the dividends related to the shares mentioned in the requests have not been received by the BVLR.

It is also SKAT's assessment that the BVLR did not have the capital to make the investments in Danish shares on the basis of which the abovementioned claims for the reimbursement of dividend tax were made.

**According** to the Income Advice and Credit Advices submissions, the **BVLR** was supposed to have invested in shares in Danish companies for a significant amount and received dividends thereof.

SKAT has emphasized:
- That the BVLR is a newly created pension fund.
- The fact that the BVLR only has a single participant with the limited amounts of deposits involved.
- The fact that the BVLR has not submitted the FORM 5500 in the USA, therefore it must be considered that the BVLR's assets were below USD 250 000 at the end of the relevant income years.

It is therefore on the basis of the information available to it at the moment that SKAT considered that the BVLR had no economic opportunity to own shares to such an extent as indicated in the BVLR's requests for the reimbursement of Danish dividend tax. This can be seen, for example, in:

- That on 7 August 2014, less than 2 months after the foundation, the BVLR indicated that it had invested for DKK 147,727,103. in the share TDC A/S.

- On 19 March 2015, 9 months after the foundation, BVLR claims to be the owner of shares in Novo Nordisk A/S and GN Store Nord A/S for a total value of DKK 2,297,979,367.

The BVLR therefore does not meet the conditions for having dividend taxes on Danish shares refunded, cf. Article l 0 of the Danish-US double taxation treaty;

Confidential Pursuant to Protective Order

TAX _MDL_001_00057175

Consequently, SKAT refunded the said dividend taxes to the BVLR on a false basis and it therefore proposes to revoke the previous dividend tax refund decisions.

## 5. The pension fund's comments on SKATs proposal

SKAT did not receive any comments from the BVLR.

## 6. final tax ruling

Since SKAT has not received any comments from the BVLR, SKAT takes a decision in line with the proposal submitted earlier.

The Attorney General will, on behalf of SKAT, seek reimbursement and compensation from the BVLR.

## Complaint Guide

**If you want to complain**

Then you must write to the Danish Tax Agency within three months of the day on which you have received this decision.

Write all the points you want to complain about and justify each point why you think the decision is wrong. Attach the decision and the presentation of the case. If you have documents supporting and substantiating your complaint, we also ask you to attach them. If you want a meeting with a caseworker at the Danish Tax Agency, you must write your phone number in the complaint.

It costs 400 kr. to complain. If you are fully or partially correct in your complaint, you will get

the money back. **How to send the complaint and pay**

You can send the complaint
- electronically via Skatteankestyrelsen's complaint form at skatankestyrelsen.dk, where you are at the same time asked to pay by payment card or Mobile Pay.
- as digital post via borgs.dk. or virk.dk. Pay by transferring DKK 400 to the account with registration number 0216 and Account No. 4069029361, and write your name and TIN number. in
  with del el sesfel tet.
- by letter to Skatteankestyrelsen, Ved Vesterport 6, 4th floor, 1612 København V. Pay by transferring DKK 400. to the account with registration number 0216 and Account No. 4069029361, and write your name and TIN number. in the message box.
- Payment from abroad can be made by transfer of the amount to 0216 (registration number bank) 4069029361 (account number), IBAN DK 0502164069029361, SWIFT DABADKKK.

**You can apply to get paid your advisor**

If you are given an advisor to help with the complaint, you can apply for the advice to be paid in full or in part if the case is subject to the rules of Chapter 19 of the Tax Administration Act. More about this possibility can be read at skat.dk/omkostningsgodtgørelse.

**Laws and regulations**

Side Layer2

Confidential Pursuant to Protective Order

TAX_MDL_001_00057176

The laws and decisions referred to can be found at skat.dk/love or skat.dk/afgørelser. Additional information/instructions on how to complain can be obtained at skat.dk/klage or skatankestyrel sen. dk/ eng! in sh.

Kind regards,

| | | |
|---|---|---|
| **Johan Sidelmann Basnov**<br>**Special** Consultant | | **Lill Drost**<br>**Head of**<br>**function** |
| E-mail:  johan.basnov@skat.dk<br>Telephone No: (+45) 72 37 21 21 | E-mail: mathias.petersen@skat.dk<br>Phone: (+45) 72 37 09 39<br>**Mathias Petersen**<br>**Special Consultant** | E-mail: lill.drost@skat.dk |

Page 12 of 12