UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**DEFENDANT MICHAEL BEN-JACOB'S SUPPLEMENTAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as modified by the Court's Orders dated November 16, 2021 (ECF No. 675) and March 24, 2022 (ECF No. 745), Defendant Michael Ben-Jacob respectfully states that the following are the material facts as to which there is no genuine issue to be tried:

1. During the period relevant to this litigation, Ben-Jacob was a partner at Kaye Scholer LLP ("Kaye Scholer") specializing in U.S. trusts and estates and tax issues. Declaration of Sean K. Mullen, dated April 29, 2022 ("Mullen Decl."), Ex. 1 (Ben-Jacob Tr. 51:19-24; 264:1-20).

2. Among Ben-Jacob's clients at Kaye Scholer were a group of investors (the "Clients") who chose to pursue a dividend arbitrage trading strategy in Denmark and engaged Kaye Scholer to provide legal advice on discrete issues of U.S. law related to the trading strategy. Mullen Decl. Ex. 1 (Ben-Jacob Tr. 19:5-22:6).

3. The Clients also asked Ben-Jacob and Kaye Scholer to assist with various administrative services, such as filling out and submitting forms to other entities involved in the trading strategy. Mullen Decl. Ex. 2 (J. van Merkensteijn Tr. 164:24-165:24).

4. Ben-Jacob and Kaye Scholer performed these services at the direction of, and relying on information provided by, the Clients. *See* Mullen Decl. Ex. 1 (Ben-Jacob Tr. 236:18-238:5); Ex. 2 (J. van Merkensteijn Tr. 164:24-165:24); Ex. 3 (Wells Tr. 140:7-15).

5. Kaye Scholer submitted regular monthly invoices for its services, with hourly charges for the work performed by Kaye Scholer lawyers and support staff. *E.g.,* Mullen Decl. Ex. 4 (WH_MDL_00355444); *see also* Ex. 2 (J. van Merkensteijn Tr. 166:15-166:2); Ex. 5 (Klugman Tr. 299:9-21).

6. Kaye Scholer's invoiced fees were not contingent on the success of the Clients' trading strategy or on the amount of money generated by the trading strategy. *E.g.,* Mullen Decl. Ex. 4 (WH_MDL_00355444).

7. Neither Ben-Jacob personally nor Kaye Scholer was an investor in the Clients' trading strategy. Mullen Decl. Ex. 5 (Klugman Tr. 299:9-21); Ex. 6 (Response to Request for Admission from Ben-Jacob Nos. 43, 44, 45).

8. Neither Ben-Jacob personally nor Kaye Scholer had any financial stake in the success of the Clients' trading strategy. Mullen Decl. Ex. 5 (Klugman Tr. 299:9-21); Ex. 6 (Response to Request for Admission from Ben-Jacob Nos. 43, 44, 45).