# Exhibit 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no. 21-cv-05339. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S RESPONSES AND OBJECTIONS TO DEFENDANT MICHAEL BEN-JACOB'S FIRST REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Plaintiff Skatteforvaltningen ("SKAT") hereby responds and objects to Defendant Michael Ben-Jacob's First Set of Requests for Admission, dated September 3, 2021 (the "Requests," and each a "Request").

**RESERVATION OF RIGHTS**

SKAT is still continuing its investigation and analysis of the facts relating to this case, and has not completed discovery or preparation for trial. The responses and objections set forth herein are based on documents and information currently available to SKAT. Accordingly, the responses are provided without prejudice to SKAT's right to produce evidence of any subsequently discovered facts, documents, or interpretations thereof; to modify, change, or amend its responses in accordance with Federal Rule of Civil Procedure 36; or to raise any additional objections as necessary and appropriate.

In responding to the Requests, the inadvertent identification or disclosure of information, documents, or materials protected from discovery by the attorney-client privilege, joint defense

or common interest protection, work-product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality protecting documents or information from disclosure, shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, documents, or materials, the subject matter thereof, or the information contained therein; nor shall such inadvertent disclosure constitute a waiver of SKAT's right to object to the use of the information, document, or materials, or the information contained therein during this or any other proceeding. Accordingly, any response or objection inconsistent with the foregoing is, and shall be construed to be, entirely inadvertent and shall not constitute a waiver of any applicable privilege, protection, or immunity.

In making these responses and objections to the Requests, SKAT does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

    a.    all objections on the grounds of competency, relevance, materiality, privilege, admissibility, or any other proper grounds, to the use or admissibility into evidence, in whole or in part, of any of SKAT's responses to the Requests, or the subject matter thereof;

    b.    all objections to vagueness, ambiguity, undue burden; and

    c.    all rights to object on any ground to any request for further responses to these or any other Requests, or to discovery requests involving or related to the subject matter of the Requests.

The fact that SKAT provides a response to any particular Request does not constitute an admission or acknowledgement that the Request is proper, that the admission it seeks is within the proper bounds of discovery, or that other Requests for similar admissions will be treated in a

similar fashion. Furthermore, in accordance with Federal Rule of Civil Procedure 36(b), any and all responses to the Requests provided by SKAT are for the purposes of discovery in this multi-district litigation only, and are not responses for any other purpose, nor may they be used against SKAT in any other proceeding.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

SKAT objects to the definition of "Plaintiff," "SKAT," "You," and "Your" to the extent it includes SKAT's unidentified employees, supervisors, agents, consultants, assigns, and representatives working on its behalf in connection with this or any other litigation. The Requests incorporating this definition are vague, ambiguous, overbroad, and unduly burdensome. In responding to the Requests, SKAT will interpret the terms "Plaintiff, "SKAT," "You," and "Your" to include SKAT and its current or former employees in their capacity as such who were involved in any of the matters at issue in this action.

SKAT objects to the Instructions to the extent that they purport to impose requirements or obligations on SKAT that are inconsistent with or broader than those imposed by the Federal Rules of Civil Procedure, the Local Rules, and applicable case law. SKAT expressly disclaims any obligation to comply with the Instructions to the extent they go beyond what is required by any of the foregoing.

SKAT objects to Instruction Nos. 5 and 6 on the ground that they purport to impose on SKAT obligations beyond those imposed by the Federal Rules of Civil Procedure and applicable case law to the extent they would require SKAT to "set forth in detail" the reasons it denies any Request.

**OBJECTIONS AND RESPONSES**

The responses below incorporate the Reservation of Rights and Objections to the Definitions and Instructions as if each were fully set forth therein.

**Request No. 1:**

Admit that no later than June 16, 2017, You knew that Defendant Ben-Jacob signed Powers of Attorney attached in support of dividend withholding tax refund applications submitted to SKAT on behalf of some of the Schedule B Plans.

**Response to Request No. 1:**

Admitted.

**Request No. 2:**

Admit that no later than June 16, 2018, You knew that Defendant Ben-Jacob signed Powers of Attorney attached in support of dividend withholding tax refund applications submitted to SKAT on behalf of some of the Schedule B Plans.

**Response to Request No. 2:**

Admitted.

**Request No. 3:**

Admit that no later than June 16, 2019, You knew that Defendant Ben-Jacob signed Powers of Attorney attached in support of dividend withholding tax refund applications submitted to SKAT on behalf of some of the Schedule B Plans.

**Response to Request No. 3:**

Admitted.

**Request No. 4:**

Admit that no later than June 16, 2017, You believed or had knowledge of facts leading You to believe that dividend withholding tax refund applications submitted by the Schedule A Plans were fraudulent.

**Response to Request No. 4:**

Admitted.

4

**Request No. 5:**

Admit that no later than June 16, 2018, You believed or had knowledge of facts leading You to believe that dividend withholding tax refund applications submitted by the Schedule A Plans were fraudulent.

**Response to Request No. 5:**

Admitted.

**Request No. 6:**

Admit that no later than June 16, 2019, You believed or had knowledge of facts leading You to believe that dividend withholding tax refund applications submitted by the Schedule A Plans were fraudulent.

**Response to Request No. 6:**

Admitted.

**Request No. 7:**

Admit that by June 16, 2017, You were aware that Defendant Ben-Jacob had provided assistance to Richard Markowitz with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 7:**

Denied.

**Request No. 8:**

Admit that by June 16, 2018, You were aware that Defendant Ben-Jacob had provided assistance to Richard Markowitz with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 8:**

Denied.

**Request No. 9:**

Admit that by June 16, 2019, You were aware that Defendant Ben-Jacob had provided assistance to Richard Markowitz with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 9:**

Denied.

**Request No. 10:**

Admit that by June 16, 2017, You were aware that Defendant Ben-Jacob had provided assistance to John van Merkensteijn with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 10:**

Denied.

**Request No. 11:**

Admit that by June 16, 2018, You were aware that Defendant Ben-Jacob had provided assistance to John van Merkensteijn with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 11:**

Denied.

**Request No. 12:**

Admit that by June 16, 2019, You were aware that Defendant Ben-Jacob had provided assistance to John van Merkensteijn with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 12:**

Denied.

**Request No. 13:**

Admit that by June 16, 2017, You were aware that Defendant Ben-Jacob had provided assistance to Jerome Lhote with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 13:**

Denied.

**Request No. 14:**

Admit that by June 16, 2018, You were aware that Defendant Ben-Jacob had provided assistance to Jerome Lhote with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 14:**

Denied.

**Request No. 15:**

Admit that by June 16, 2019, You were aware that Defendant Ben-Jacob had provided assistance to Jerome Lhote with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 15:**

Denied.

**Request No. 16:**

Admit that by June 16, 2017, You were aware that Defendant Ben-Jacob had provided assistance to Matthew Stein with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 16:**

Denied.

**Request No. 17:**

Admit that by June 16, 2018, You were aware that Defendant Ben-Jacob had provided assistance to Matthew Stein with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 17:**

Denied.

**Request No. 18:**

Admit that by June 16, 2019, You were aware that Defendant Ben-Jacob had provided assistance to Matthew Stein with respect to US legal issues related to the Schedule A Plans that You allege were involved in the alleged scheme to defraud SKAT.

**Response to Request No. 18:**

Denied.

**Request No. 19:**

Admit that by June 16, 2017, You were aware that Defendant Ben-Jacob had provided assistance to Richard Markowitz with respect to the dividend withholding tax refund applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a Defendant.

**Response to Request No. 19:**

Denied.

**Request No. 20:**

Admit that by June 16, 2018, You were aware that Defendant Ben-Jacob had provided assistance to Richard Markowitz with respect to the dividend withholding tax refund applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a Defendant.

**Response to Request No. 20:**

Denied.

**Request No. 21:**

Admit that by June 16, 2019, You were aware that Defendant Ben-Jacob had provided assistance to Richard Markowitz with respect to the dividend withholding tax refund applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a Defendant.

**Response to Request No. 21:**

Denied.

**Request No. 22:**

Admit that by June 16, 2017, You were aware that Defendant Ben-Jacob had provided assistance to John van Merkensteijn with respect to the dividend withholding tax refund applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a

Defendant.

**Response to Request No. 22:**

Denied.

**Request No. 23:**

Admit that by June 16, 2018, You were aware that Defendant Ben-Jacob had provided assistance to John van Merkensteijn with respect to the dividend withholding tax refund applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a Defendant.

**Response to Request No. 23:**

Denied.

**Request No. 24:**

Admit that by June 16, 2019, You were aware that Defendant Ben-Jacob had provided assistance to John van Merkensteijn with respect to the dividend withholding tax refund applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a Defendant.

**Response to Request No. 24:**

Denied.

**Request No. 25:**

Admit that by June 16, 2017, You were aware that Defendant Ben-Jacob had provided assistance to Jerome Lhote with respect to the dividend withholding tax refund applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a Defendant.

**Response to Request No. 25:**

Denied.

**Request No. 26:**

Admit that by June 16, 2018, You were aware that Defendant Ben-Jacob had provided assistance to Jerome Lhote with respect to the dividend withholding tax refund

9

applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a Defendant.

**Response to Request No. 26:**

Denied.

**Request No. 27:**

Admit that by June 16, 2019, You were aware that Defendant Ben-Jacob had provided assistance to Jerome Lhote with respect to the dividend withholding tax refund applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a Defendant.

**Response to Request No. 27:**

Denied.

**Request No. 28:**

Admit that by June 16, 2017, You were aware that Defendant Ben-Jacob had provided assistance to Matthew Stein with respect to the dividend withholding tax refund applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a Defendant.

**Response to Request No. 28:**

Denied.

**Request No. 29:**

Admit that by June 16, 2018, You were aware that Defendant Ben-Jacob had provided assistance to Matthew Stein with respect to the dividend withholding tax refund applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a Defendant.

**Response to Request No. 29:**

Denied.

**Request No. 30:**

Admit that by June 16, 2019, You were aware that Defendant Ben-Jacob had provided assistance to Matthew Stein with respect to the dividend withholding tax refund applications by the Schedule B Plans You describe in the Complaint and in the complaints filed in the 39 other MDL actions in which Ben-Jacob is named as a Defendant.

**Response to Request No. 30:**

Denied.

**Request No. 31:**

Admit that no later than May 31, 2019, You settled some or all of Your claims against some or all of the "unnamed participants" You reference in Schedule A of the Complaint.

**Response to Request No. 31:**

Admitted.

**Request No. 32:**

Admit that the parties to Your settlement with the "unnamed participants" You reference in Schedule A of the Complaint included Jerome Lhote, Matthew Stein, and Adam Larosa.

**Response to Request No. 32:**

Admitted.

**Request No. 33:**

Admit that Jerome Lhote, Matthew Stein, and Adam Larosa are former Principals and/or employees of Argre Management LLC.

**Response to Request No. 33:**

Admitted.

**Request No. 34:**

Admit that Jerome Lhote, Matthew Stein, and/or Adam Larosa are among the Arge [*sic*] Principals with whom You allege Defendant Ben-Jacob conspired in paragraphs 17 and 18 of the Complaint.

11

**Response to Request No. 34:**

Admitted.

**Request No. 35:**

Admit that the agreement settling Your claims against some or all of the "unnamed participants" You reference in Schedule A of the Complaint explicitly excludes Defendant Ben-Jacob from the scope of its release.

**Response to Request No. 35:**

Admitted.

**Request No. 36:**

Admit that no later than May 31, 2019, You knew or had knowledge of facts suggesting that You had potential claims against Defendant Ben-Jacob in connection with the dividend withholding tax refund applications referenced in Schedule A of the Complaint.

**Response to Request No. 36:**

SKAT objects to this Request as confusing and ambiguous with respect to the meaning of "potential claims." Subject to the foregoing objection, denied. SKAT states that before May 31, 2019, SKAT had sued Defendant Ben-Jacob with respect to most of the Schedule B Plans, and had suspicions about his role in the broader scheme. However, SKAT lacked information about Defendant Ben-Jacob's role with respect to the Schedule A Plans until SKAT learned key facts after Defendants Richard Markowitz, John van Merkensteijn, and Robert Klugman waived privilege over relevant documents in January 2021.

**Request No. 37:**

Admit that no later than the execution date of Your settlement with some or all of the "unnamed participants" referenced in Schedule A of the Complaint, You knew or had knowledge of facts suggesting that some or all of the dividend withholding tax refund applications referenced in Schedule A were fraudulent.

**Response to Request No. 37:**

Admitted.

12

**Request No. 38:**

Admit that no later than the execution date of Your settlement with some or all of the "unnamed participants" referenced in Schedule A of the Complaint, You knew or had knowledge of facts suggesting that Defendant Ben-Jacob had some role in the allegedly fraudulent dividend withholding tax refund applications referenced in Schedule A.

**Response to Request No. 38:**

Denied.

**Request No. 39:**

Admit that all actions taken by Defendant Ben-Jacob concerning the "fraudulent scheme" You allege in the Complaint were undertaken either in his capacity as an agent pursuant to a power of attorney or subject to a legal representation agreement.

**Response to Request No. 39:**

Deny knowledge sufficient to admit or deny this Request.

**Request No. 40:**

Admit that You have not identified any evidence that Defendant Ben-Jacob undertook any actions concerning the "fraudulent scheme" You allege in the Complaint other than in his capacity as an agent pursuant to a power of attorney or as subject to a legal representation agreement.

**Response to Request No. 40:**

Admitted.

**Request No. 41:**

Admit that You have not identified any evidence that Defendant Ben-Jacob had any motive to participate in the alleged conspiracy or fraud other than the legal fees that would be paid to his firm or the general desire to serve his clients.

**Response to Request No. 41:**

Denied.

**Request No. 42:**

Admit that Defendant Ben-Jacob did not submit a dividend tax refund claim to SKAT on his own behalf or on behalf of Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP.

13

**Response to Request No. 42:**

    Admitted.

**Request No. 43:**

    Admit that no amount of the dividend tax refund claims raised in the Complaint were paid by SKAT or any reclaim agent directly to Defendant Ben-Jacob or to Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP.

**Response to Request No. 43:**

    Admitted.

**Request No. 44:**

    Admit that no amount of the dividend tax refund claims raised in the Complaint were indirectly paid by SKAT or any reclaim agent to Defendant Ben-Jacob or to Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP, excluding any payments of attorneys' fees to Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP by entities or individuals who may have received dividend tax refunds.

**Response to Request No. 44:**

    Admitted.

**Request No. 45:**

    Admit that You have not identified any evidence that any amount of the dividend tax refund claims raised in the Complaint were paid by SKAT or any reclaim agent to any account in which Defendant Ben-Jacob, Kaye Scholer LLP, Arnold & Porter Kaye Scholer LLP had any interest.

**Response to Request No. 45:**

    Admitted.

**Request No. 46:**

    Admit that You have no evidence that Defendant Ben-Jacob or Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP provided any legal advice to Richard Markowitz, John van Merkensteijn, Robert Klugman, Matthew Stein, Jerome Lhote, Adam Larosa, Luke McGee, or any of the plans in Schedule A or Schedule B, concerning the legality under Danish law of the dividend tax refund activities engaged in by any of these individuals or entities.

14

**Response to Request No. 46:**

Denied.

**Request No. 47:**

Admit that You have no evidence that Defendant Ben-Jacob provided legal advice to Richard Markowitz, John van Merkensteijn, Robert Klugman, Matthew Stein, Jerome Lhote, Adam Larosa, Luke McGee, or any of the plans in Schedule A or Schedule B on any issues related to the alleged fraudulent scheme except for advice related to US tax and reporting aspects of the entities that were involved in the trading of Danish securities.

**Response to Request No. 47:**

Denied.

**Request No. 48:**

Admit that You have no evidence that Defendant Ben-Jacob or Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP provided any advice to Richard Markowitz, John van Merkensteijn, Robert Klugman, Matthew Stein, Jerome Lhote, Adam Larosa, Luke McGee, or any of the plans in Schedule A or Schedule B, concerning when to purchase Danish securities.

**Response to Request No. 48:**

Admitted.

**Request No. 49:**

Admit that You have no evidence that Defendant Ben-Jacob or Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP provided any advice to Richard Markowitz, John van Merkensteijn, Robert Klugman, Matthew Stein, Jerome Lhote, Adam Larosa, Luke McGee, or any of the plans in Schedule A or Schedule B, concerning what Danish securities to purchase.

**Response to Request No. 49:**

Admitted.

**Request No. 50:**

Admit that You have no evidence that Defendant Ben-Jacob or Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP provided any advice to Richard Markowitz, John van Merkensteijn, Robert Klugman, Matthew Stein, Jerome Lhote, Adam Larosa, Luke McGee, or any of the plans in Schedule A or Schedule B, concerning the volume of

15

Danish securities to purchase.

**Response to Request No. 50:**

Denied.

**Request No. 51:**

Admit that You have no evidence that Defendant Ben-Jacob or Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP provided any advice to Richard Markowitz, John van Merkensteijn, Robert Klugman, Matthew Stein, Jerome Lhote, Adam Larosa, Luke McGee, or any of the plans in Schedule A or Schedule B, concerning from whom to purchase Danish securities.

**Response to Request No. 51:**

Admit that SKAT has no evidence that Defendant Ben-Jacob or Kaye Scholer LLP or

Arnold & Porter Kaye Scholer LLP provided advice to the listed individuals or plans concerning

from which specific entities or individuals to purchase Danish securities.

**Request No. 52:**

Admit that You have no evidence that Defendant Ben-Jacob or Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP provided any advice to Richard Markowitz, John van Merkensteijn, Robert Klugman, Matthew Stein, Jerome Lhote, Adam Larosa, Luke McGee, or any of the plans in Schedule A or Schedule B, concerning whether the contemplated trading strategy effected beneficial ownership under Danish law.

**Response to Request No. 52:**

Denied.

**Request No. 53:**

Admit that You have no evidence that Defendant Ben-Jacob or Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP provided any assistance to Richard Markowitz, John van Merkensteijn, Robert Klugman, Matthew Stein, Jerome Lhote, Adam Larosa, Luke McGee, or any of the plans in Schedule A or Schedule B, with respect to any due diligence that was conducted on Sanjay Shah and Solo Capital.

**Response to Request No. 53:**

Admitted.

16

**Request No. 54:**

Admit that You have no evidence that Defendant Ben-Jacob or Kaye Scholer LLP or Arnold & Porter Kaye Scholer LLP purchased, sold, or engaged in any other financial transaction of Danish securities on behalf of Richard Markowitz, John van Merkensteijn, Robert Klugman, Matthew Stein, Jerome Lhote, Adam Larosa, Luke McGee, or any of the plans in Schedule A or Schedule B, or directed or authorized any other person or entity to do so.

**Response to Request No. 54:**

Denied.

Dated: New York, New York
October 7, 2021

                HUGHES HUBBARD & REED LLP

                By: /s/ William R. Maguire
                    William R. Maguire
                    Marc A. Weinstein
                    Neil J. Oxford
                One Battery Park Plaza
                New York, New York 10004-1482
                Telephone: (212) 837-6000
                Fax: (212) 422-4726
                bill.maguire@hugheshubbard.com
                marc.weinstein@hugheshubbard.com
                neil.oxford@hugheshubbard.com

                *Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*