# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 18-cv-09841 | MASTER DOCKET<br><br>18-md-02865-LAK |

**AMERICAN INVESTMENT GROUP OF NEW YORK, L.P. PENSION PLAN'S OBJECTIONS AND RESPONSES TO PLAINTIFF SKATTEFORVALTNINGEN'S FIRST SET OF INTERROGATORIES TO ACER PLAN DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 33, American Investment Group of New York, L.P. Pension Plan ("Defendant") objects and responds to the First Set of Interrogatories ("Interrogatories") served by Plaintiff Skatteforvaltningen ("SKAT") as follows:

**GENERAL OBJECTIONS AND RESERVATIONS**

Defendant incorporates the following General Objections and Reservations into each of its specific objections and responses to SKAT's Interrogatories:

1. These responses are made solely for the purpose of this action. Defendant has not completed factual investigation, discovery, or trial preparation in this case. Consequently, Defendant bases all of its responses herein only on such information and documents presently available and specifically known to it. Defendant provides the following responses without prejudice to its right to produce evidence of facts it may recall or discover at a later date, and it reserves the right to revise, amend, supplement, or otherwise change any or all responses as it ascertains additional facts and conducts further analysis and legal research. Furthermore, Defendant reserves the right to revise, amend, supplement, or otherwise change any or all

Defendant objects to this Interrogatory on the ground that it seeks irrelevant information. Specifically, the funding/contribution amounts and dates do not have any relation to whether the Plan was entitled to the dividends or refunds from SKAT. Defendant further objects to this Interrogatory on the ground that the term "contribution" is undefined and vague. Defendant further objects to the "source" of any contribution as vague, ambiguous, and irrelevant due to the fact that money is fungible. Subject to and without waiving the foregoing objections, Defendant directs SKAT to Form 5500s and Plan account statements produced to SKAT in this action. Defendant further states that the Plan was, at a minimum, funded with initial contributions, but the Defendant cannot recollect the initial contribution amounts.

**Interrogatory No. 9:** For any year that the Sponsoring Entity had revenue, from formation to the present, identify the type of trade or business that the Sponsoring Entity conducted, the client(s) to which it provided services, and the amount of the revenue for each year.

**Objections and Response to Interrogatory No. 9:**

Defendant objects to this Interrogatory on the ground that it seeks irrelevant information. Specifically, the trade or business of the sponsoring entities has no relation to whether the Plans were entitled to the dividends and refunds from SKAT. Defendant further objects to providing the revenues of the sponsoring entities, as that would impose an undue burden on Defendant by requiring Defendant to go back many years to calculate revenues for years that have nothing to do with this case. Defendant will not provide those revenue calculations. Defendant further objects to providing client identities, as that would impose an undue burden on Defendant by requiring it to go back many years to identify and disclose proprietary business information that has nothing to do with this case. Defendant will not provide client identities. Subject to and without waiving

the foregoing objections, Defendant states that American Investment Group of New York., L.P. operated in the financial and investment markets.

**Interrogatory No. 10:** For any year that the Plan Participant received net earnings from the Sponsoring Entity or as a result of self-employment, identify the annual net earnings from the date of the Sponsoring Entity's formation to the present.

**Objections and Response to Interrogatory No. 10:**

Defendant objects to this Interrogatory on the ground that it seeks irrelevant information. Specifically, this information is not relevant to whether the Plans were entitled to the dividends and refunds from SKAT. Defendant further objects to this request on the ground that it imposes an undue burden on Defendant by requiring it to go back many years to calculate financial information that has nothing to do with this case. Defendant further objects on the grounds that the term "net earnings" is not defined and is ambiguous. Defendant further objects to this Interrogatory as confusing and deficient in that "net earnings" are not received as a result of self-employment. As such, Defendant is unable to respond to this question.

**Interrogatory No. 11:** Identify each entity or individual that provided funding, financing or credit to the Plan to facilitate the purchase of the Danish Shares, and for each, identify (1) the amount of funding, financing or credit provided; (2) the date on which it was provided; (3) the terms of the funding, financing or credit; (4) the documents governing the funding, financing or credit; and (5) into which account the funding, financing or credit was deposited.

**Objections and Response to Interrogatory No. 11:**

Defendant objects to this Interrogatory on the ground that it is vague and ambiguous as the terms "provided," "funding," "financing," "credit," and "facilitate the purchase of" are undefined, vague, and susceptible to more than one meaning. Subject to and without waiving the foregoing

forgoing objections, Defendant refers SKAT to all communications from ED&F and/or any ED&F Related Individual to Acer produced by the parties in this litigation relating to the trading in Danish Shares, including but not limited to the buy/sell confirmations provided by ED&F, the account statements provided by ED&F, and the tax vouchers. Defendant does not concede that all such communications are necessarily about the Plans, trading in Danish Shares, the Claims, and the Refunds.

February 10, 2022

/s/ Brandon R. Dillman
John C. Blessington (pro hac vice)
    john.blessington@klgates.com
Brandon R. Dillman (pro hac vice)
    brandon.dillman@klgates.com
John L. Gavin (pro hac vice)
    John.gavin@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
T: 617.951.9185
F: 617.261.3175

*Attorneys for American Investment Group of New York, L.P. Pension Plan*

K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
T: 617.951.9185
F: 617.261.3175

*Attorneys for American Investment Group of New York, L.P. Pension Plan*

## OATH

I do solemnly declare and affirm under the penalties of perjury that the foregoing Answer to Interrogatories are true and correct to the best of my knowledge, information, and belief.

_____
By: Robert Crema
American Investment Group of
New York, L.P. Pension Plan