# Exhibit 16_T


Skatteministeriet

**Note**

23. September 2015
J.nr.15-2051530

Company, Shareholder and Business
PTT, MJR

## Response to early warning for share loans

### Case
On 7 May 2005, the Ministry of Taxation issued a commission for the financial year 2 On July 27, 2015, the Danish Tax Administration received an early warning from skat jura regarding share loans and credit for dividend tax, which is based on an early warning that Skat Jura received on 27 July 2015. March 2015 on the subject from SKAT Major Companies.

*This note describes the tax treatment of dividends and dividend compensation in connection with share loans. Initially, the two early warnings that have been sent are briefly outlined. It then examines what is meant by a share loan and the tax treatment of dividends and dividend compensation in a share loan agreement between the lender and the borrower. Finally, the problems and proposals presented in the two early warnings submitted by SKAT Store Selskaber and SKAT Jura are assessed.*

### Issue
### Early warning of 27 May 2005 March 2015 to SKAT from SKAT Store Selskaber
Skat Store Selskaber's early warning begins with a description of the securities exchange A/S (VP) making reports to SKAT about owners of shares, holding shares, dividends on shares and withholding dividend tax. It is stated that VP registers the legal owner as a starting point. In the event of a share loan, the borrower is registered as the owner, whereby the lender is no longer registered as the owner. No share loan is registered.

It is then stated that, in the case of share loans, account must be taken, for tax, of who is the beneficial owner within the purposes of Article 11(1) of Regulation (EC) No 1049/2001. SKM2010.266.SR. The decision states that an agreement on the loan of shares cannot be classified as a transfer under tax law. A lender is considered the beneficial owner of the shares for tax purposes. Dividends distributed during the loan period are considered to be due to the lender and the lender must therefore be taxed accordingly.

It then describes two examples where a bank is a borrower and a lender respectively.

Confidential Pursuant to Protective Order

SKAT_MDL_001_00420463_T

*Example - bank borrower*
The bank receives dividends on the shares and pays compensation to the lender. In addition, the bank receives a fee for the trade.
The example states that the bank is not liable to tax on the dividends received, as the bank is not the beneficial owner. In addition, it is stated that the bank has the right to deduct the dividend compensation paid, while the bank is liable to tax on the fee received.

Finally, it is stated that the dividend tax contained is included in the calculated corporation tax.

*Example - bank lender*
The bank does not receive dividends from the shares, but receives dividend compensation from the borrower. The bank also receives a fee for the deal.

It is stated that the bank is liable to tax on the dividends, as the bank is considered the beneficial owner. This applies even if the bank has not received the dividends. In addition, it is stated that the bank is also liable to tax on the dividend compensation received and the fee received.

Finally, it is stated that the dividend tax contained is included in the calculated corporation tax and that the bank is liable to tax on both dividends and dividend compensation, thereby paying, in principle, tax on the same amount twice.

TAX Large Companies indicate the following issue:

The present practice of share loans results in deductions for dividend compensation on loans of shares, even if dividends received are not taxable. On the other hand, there is taxation of dividends that are not received, which in principle results in symmetrical taxation.

On the other hand, there is no correlation with the "automatically" reported information to skat, since a borrower is reported as the owner and recipient of dividends and is not liable to tax, just as a lender is not reported as the owner and does not receive the dividends, but is liable to tax on it.

According to SKAT Store Selskaber, the consequence is that SKAT cannot rely on the reported information and that SKAT does not receive information about share loans.

In the opinion of TAX Large Companies, there is a high risk of error, since the taxpayer is wrongly taxed on dividends and, conversely, is not taxed on dividends. This could result in situations of double taxation and double taxation.

Confidential Pursuant to Protective Order                                  SKAT_MDL_001_00420463_T

It is also stated that when SKAT's information is not valid, skat requires manual checks. Especially where the borrower is a foreign taxpayer, there will be a significant risk that the dividend tax will be refunded without skat noticing that they are equity loans. This will require manual checks and additional information. In the view of TAX Large companies, other countries interpret beneficial owner as being the actual recipient of the dividends in usual, commercially justified loan conditions.

Skat Store Selskabers suggests that a possible solution could be to choose for tax purposes to follow the registration ratio and thus the cash flow, after which the borrower will be considered the tax owner. This is because it is a difficult task for the reporting authorities if they are to make an assessment of the beneficial owner.

### Early warning of 7 May 2004 July 2015 to the Ministry of Taxation from Skat Jura

Skat Jura's early warning is based on the early warning from SKAT Store Selskaber.

Skat Jura's early warning initially states that the borrower is registered civilly as the owner of the borrowed shares, but that the shares are not considered to have been disposed of in accordance with TfS 1999.408. Thus, for tax purposes, the lender is still considered to be the owner of the shares lent. In the SKM 2010.266.SR, the Danish Tax Council endorsed SKAT's recommendation that it is the lender that is the beneficial owner after the double taxation agreements concluded on dividends on the borrowed shares when these have not been resold by the borrower.

In their early warning, Skat Jura states that it has been argued that the tax treatment of share loans in Denmark differs from the tax treatment of share loans in the rest of the world. This difference gives rise to problems when Danish lenders or borrowers have to enter into agreements on share loans with foreign lenders or borrowers.

It is further reported that it is considered that there are financial institutions which have so far treated share loans for tax purposes in a manner that is not in line with SKM2010.266.SR.

Skat Jura then outlines its perception of Danish lending practices through two examples where a bank is a lender and a borrower respectively.

*Example - bank lender*
If the bank lends Danish shares to a foreign borrower and the borrower receives dividends on the shares during the lending period, the bank is liable to tax on the

Confidential Pursuant to Protective Order

SKAT_MDL_001_00420463_T

dividends because the bank is the owner of the shares for tax purposes and also the beneficial owner of the dividend, cf. SKM2010.266.SR.

Skat Jura believes that no decision has been made in practice as to whether the bank is also the beneficial owner of the dividend if the borrower has resold the borrowed shares.

If the bank is the beneficial owner of the dividend, the bank may include the withholding dividend tax as prepaid corporation tax in its tax return, thereby crediting the bank with the dividend tax contained.

Skat Jura points out that under the tax rules it is the case that the paying company must include dividend tax of 22 per cent.  dividends distributed to a Danish company, while 27 per cent is normally contained.  in other cases, including to foreign shareholders. Neither the bank nor SKAT knows how much is included in the dividend tax on the shares lent.  VP knows what is contained in dividends on the various shareholdings in the Company, but VP cannot identify which share or shares are identical to the loaned shareholding.

According to SKAT Jura, the bank cannot enter into an agreement with the borrower to disclose whether the borrower has sold the shares because the borrower will refuse this for business reasons.

Skat Jura believes that the civil owner of the shares – whether a Danish or a foreign owner – will also include the withholding dividend tax as prepaid corporation tax in his tax return or recover it.

In this way, the dividend tax collected is credited only once, in whole or in part, twice without tax being able to detect it.

*Example - bank borrower*
Tax Law states at the outset that, according to practice, there is a presumption that dividend compensation paid to the lender is a deductible operating cost for traders with shares within the purposes of Article 2(1)(b) of the basic Regulation. SKM2002.402.LR, which immediately means that a bank that is a trader with shares and has not resold the borrowed shares at the time of dividends has a deduction for payment of dividend compensation to the lender, even if the bank is not liable to tax on the dividend received.

SKAT Jura points out that regardless of whether the bank has a deduction for payment of dividend compensation to the lender, the bank is not credited with the dividend tax on dividends on the borrowed shares, as the bank is not the beneficial owner of dividends on the borrowed shares

*Fiscally incorrect reports*

Confidential Pursuant to Protective Order

SKAT_MDL_001_00420463_T

VP reports to SKAT that the borrower is the owner of the borrowed shares and recipient of dividends. The reports to SKAT are therefore fiscally incorrect and result in the borrower being wrongly taxed on dividends on the borrowed shares if the borrower owns the borrowed shares in civil law at the time of the dividend. Conversely, the lender is wrongly not taxed on dividends on the borrowed shares.

In view of the above, according to SKAT Jura, consideration should be given to legislating on the tax treatment of share loans.

## Applicable law

Share loans can be used for several purposes. *For example, stock loans are used for speculation about falling prices, including by the borrower borrowing shares to sell the shares expensively and repurchase the shares cheaply before being returned to the lender – this is also called "shortselling".* Share loans can also be used in connection with share issues or used to settle trades in shares on which there is a long settlement time for ordinary purchases and sales.

In the case of a share loan, the transfer of shares must primarily take the form of a loan, including that the shares have been transferred from the lender to the borrower free of charge or for consideration other than the purchase price of the shares. The borrower shall also be obliged to return shares of the same quantity and nature to the lender at the end of the loan period. During the loan period, the borrower obtains an owner's full advice on the shares.

It is a commodity and there is therefore no requirement that the exact same securities are returned to the lender, as long as it is the same number of securities from the same issuer and with the same rights. The shares will therefore also, as a general rule, be listed on the stock exchange.

In a share loan agreement, the borrower typically pays dividend compensation to the lender as compensation for the dividends distributed on the borrowed shares during the loan period (regardless of whether the borrower owns the shares at the time of distribution or has resold the shares). The borrower also pays a fee to the lender to borrow the shares. It may also occur that it is the lender that pays a fee to the borrower.

Share loan *agreements are drawn up on the basis of framework agreements, including on the basis* of the Danish standard terms ("Standard Terms" or the "Standard Terms") or the standard terms of the i[1]nternational share loan agreements ISLA or OSLA.
2 3

---

[1] Morgan Stanley &amp; Co. International Limited - Overseas Securities Lender's Agreement, Version: December 1995.

[2] The Equation Council took in TfS 1999. 408 position on the standard terms ("Standard Terms" or "Standard Terms") prepared jointly by the Danish Financial Council and the Stockbrokers' Association with the Copenhagen Stock Exchange.

Confidential Pursuant to Protective Order

SKAT_MDL_001_00420463_T

*Tax treatment of non-resale share <u>loans</u> to third parties*
The tax treatment of equity loans has evolved through practice.

In practice, share loan agreements with a maturity of at least six months are regarded for tax purposes as loans on shares and not a[4]s a transfer of shares. According to recent practice, it has also been established that agreements where no expiry date for the agreement has been agreed in advance, but where the agreement by both the lender and the borrower can be terminated with a few days' notice, are also classified for tax purposes as loans o[5]f shares and not as a transfer.

Thus, in a share loan agreement between the lender and the borrower, the lender, despite *lending the shares to th*e borrower, will *still be the beneficial owner of the* shares and thus also of the dividends.

The lender's status as a beneficial owner must be seen in the context of the fact that, after lending, the lender continues to be considered as the current shareholder. Whether you are a current shareholder depends on whether you are a shareholder at the time of the declaration of the dividends, i.e. whether you are a shareholder at the [6]time of acquisition.

The declaration of dividends will usually take place at the company's annual or extraordinary general meeting. Thus, for tax purposes, dividends are understood to mean everything distributed by a company to current shareholders[7].

Accordingly, SKM 2010.266.SR states that dividends on loaned shares must be taxed with the lender. In the case of a foreign lender, the dividend tax will typically have to be reduced if information is exchanged between Denmark and that country through a double taxation convention or other agreement. In this case, the foreign lender will be entitled to seek reimbursement of the excess withholding tax from the Danish tax authorities.

The concept of beneficial owner is used in Section 2(2) of the Danish Corporation Tax Act. I would also like to point out that article 1(1)(c) is interpreted in accordance with the concept of beneficial owner in the OECD

---

[3] International Securities Lenders Association - Global Master Securities Lending Agreement Version May 2000.

[4] See. SKM2009.65.SR and TfS.1999.408 LR

[5] See. SKM2011.667.SR

[6] See. Legal guide C.B.3.1 The concept of tax dividends.

[7] See. Section 16A(1) of the Danish Tax Assessment Act 2, No. 1.

Model Agreement[8]. The conditions for beneficial owner are described in more detail in the comments on Article 10 on dividends. The condition of beneficial ownership will thus be set out in the dividend article of the double taxation conventions.

Thus, there is no legal basis in Danish tax law for anyone other than the party who is legally regarded as the recipient of the money from a company to be credited or reimbursed withholding taxes on dividends.

It is the borrower who receives the dividend on the shares. The borrower will usually compensate the lender for the dividends via a so-called dividend compensation. If the gross dividend is transferred from borrower to lender as dividend compensation, the dividend compensation will generally be so directly related to the distributed dividend that the dividend compensation is taxed as d[9]ividends from the lender. Similarly, the borrower is not liable to tax on the dividends, since the borrower de facto simply receives the dividends on behalf of the lender. The distribution of the dividends therefore has no tax implications for the borrower as a rule.

*Tax treatment of share loans with resale to third parties*
In the case of resale by the borrower to a third party, the shares shall not be deemed to have been disposed of by the lender as regards the profit statement. This has to be seen in the context of the fact that the loan agreement between the lender and the borrower has agreed that the borrower should return the shares, since it remains a loan. However, as the shares are a commodity, the sale is, as it were, irrelevant to the lender in profit terms. Thus, there is no transfer tax on the lender.

However, with the acquisition of the shares by third parties from the borrower, third parties become the beneficial owner of the shares and thus als[10]o of the dividends. The dividends are thus taxed at the home of third parties. It is therefore also a third party who is entitled to receive any refund of withholding tax.

In cases where the borrower is still required to compensate the lender for dividends that the borrower due to the loaner's credit, the borrower will have to pay the loan. the sale to third parties has not been received, the cost of the dividend compensation is classified as a loss covered by the State Tax Act.

---

[8] In the comments on the OECD Model Agreement for Double Taxation Agreements, the term "beneficial owner" has been translated as "beneficial owner".

[9] See. SKM2009.65.SR.

[10] See. SKM2010.266.SR contrast.

Confidential Pursuant to Protective Order                SKAT_MDL_001_00420463_T

As a result of the shares being sold by the borrower to third parties, the lender can no longer be considered as a current shareholder. It is therefore the Danish Ministry of Taxation's opinion that the dividend compensation from the lender is taxed according to the Danish State Tax Act and not as dividends under Section 16A of the Danish Tax Act.

### Assessment of the early warnings submitted

It must be stated at the outset that the Danish tax legislation is designed in such a way that it will never be possible on a legitimate basis for more than one party to be credited or seek reimbursement for the same paid dividend tax. This is because in Danish tax law only the beneficial owner of a dividend is entitled to it. Under internal Danish law, the beneficial owner is the current shareholder, i.e. the owner of the shareholder. the shareholder at the time of the declaration of the dividend.

Thus, if two parties seek credit or a refund for the same dividend tax, this is done untated and will be in direct violation of the law.

Against this background, the Ministry of Taxation considers that a clear distinction must be made between, on the one hand, the applicable tax rules and, on the other hand, the monitoring of compliance with those rules.

### Assessment of skat large companies' early warning.

In the introduction, SKAT Store Selskaber describes that in the case of share loans, the borrower is registered as the owner in VP, and then refers to the SKM2010.266.SR concerning the concept of beneficial owner.

The Ministry of Taxation considers that SKM2010.266.SR relates to a situation where the borrower has not resold the borrowed shares. It is not clear from skat store companies' early warning whether the issues described relate to situations with share loans where the borrower is still in possession of the borrowed shares or whether these have been sold to third parties.

In the following, the Ministry of Taxation takes the view that skat large companies' early warning only deals with situations with share loans where the borrower has not resold the shares, cf. the reference to SKM2010.266.SR and that no share loan situations with resale have been described.

In relation to the example of the bank as a borrower, the Ministry of Taxation considers that where the bank has not resold the borrowed shares, the bank does not have the right to deduct the dividend compensation paid and the dividend tax contained is not included in the bank's calculated corporation tax. As described in the section on applicable law, dividend compensation will generally be so directly related to the distributed dividend that the dividend compensation is taxed as dividends from the lender. Similarly, the borrower is not liable to tax on the

Confidential Pursuant to Protective Order

SKAT_MDL_001_00420463_T

dividends, since the borrower de facto simply receives the dividends on behalf of the lender. Thus, the distribution of the dividends generally has no tax consequences for the borrower – here the bank.

As regards the example of the bank as a lender, the Ministry of Taxation considers that, where the shares are not resold by third parties, the bank is not liable to tax both on the distributed dividend and on dividend compensation. The bank shall be the beneficial owner of the dividends within the time being determined in accordance with Article 11(1) of Regulation (EC) SKM2010.266.SR, and the dividend compensation is therefore merely a payment transaction that replaces the dividends that have just been received by the borrower. It is therefore not a question of the same amount being taxed twice.

From the summary issue, it appears that the borrower's payment of dividend compensation is deductible even if the dividend received is not taxable. As mentioned above, the Ministry of Taxation does not agree with this, since in share loan situations without resale there is such a close link between the dividend compensation and the dividend received that the dividend compensation is taxed as dividends from the lender. Thus, the borrower does not have the right to deduct paid dividend compensation in those situations.

It is then mentioned that SKAT cannot rely on the reported information, which gives a high risk of errors that may result in double taxation or double non-taxation. There are no examples of cases of double taxation or double non-taxation, and therefore the Ministry of Taxation cannot take a concrete view of this.

Finally, it is mentioned that the lack of valid reports to SKAT means that SKAT must carry out manual checks.

The Ministry of Taxation considers that there is sufficient clarity about the tax treatment of share loans. There are also good reasons why the tax treatment of share loans is as it is. Thus, the Ministry of Taxation does not see it as a workable solution to follow skat large companies' proposal to abandon the beneficial owner concept in favor of registration-based ownership.

If the beneficial owner concept is abandoned, it will be possible - through share lending - to transfer ownership of the shares for any period over the period of declaration of dividends in order to reduce or avoid the Danish withholding tax on shares. Thus, if the borrower is considered the beneficial owner in a share loan construction, the dividend will have to be taxed in accordance with the rules applicable to the borrower, including any double taxation agreement between Denmark and the State in which the borrower is resident. It follows from practice, in particular as regards the use of the information society. in SKM2010.266.SR that the lender is the beneficial owner. Thus, the tax base is maintained in these

Confidential Pursuant to Protective Order

SKAT_MDL_001_00420463_T

situations and the withholding tax on dividends cannot be avoided by speculating on periodically shifting ownership.

*The concept is therefore essential in relation to the pending cases in the private equity fund complex and, if the concept is abandoned, it will* have significant consequences for this, in accordance with Article 11(1) of the Directive. more on this below.

**Assessment of SKAT Jura's early warning.**
Skat Jura's early warning shows that the Danish tax treatment of share loans is supposedly different from the tax treatment of share loans in the rest of the world.

It must first be held that Denmark applies the beneficial owner concept in accordance with the OECD Model Agreement, where the conditions for being beneficial owner are detailed in the comments on Article 10 on dividends.

As described in the section on applicable law, there is no legal basis for anyone other than the party legally regarded as the recipient of the money from a company, i.e. the party who is beneficial owner, to be able to obtain credit or refund withholding taxes on dividends, to the extent that the conditions for doing so are otherwise met, including that the taxpayer is a beneficial owner under a double taxation convention.

As mentioned above, the beneficial owner concept must also be seen in relation to private equity cases, since abandoning the beneficial owner concept can open up the possibility that dividends can simply be taken to where the tax is lowest.

The fact that other countries may adopt a different interpretation of the beneficial owner concept in relation to the parties to a share loan arrangement is thus insignificant for Danish tax law and, moreover, is not seen to alleviate the doubts about ownership – quite the contrary.

In response to SKAT Jura's view of danish lending practices, it is true that if the bank lends Danish shares to a foreign borrower and the borrower receives dividends on the shares during the loan period, the bank is liable to tax on the dividends, cf. SKM2010.266.SR. Similarly, the Ministry of Taxation takes the view that it follows from SKM2010.266.SR contradiction that, in the situation where the borrower has resold the shares in question to third parties, third parties become beneficial owners of the dividends.

When entering into a share loan agreement, the bank must ensure that it meets the requirements for crediting the dividends, including by obtaining the necessary documentation from the borrower in the form of a dividend note or other, including a loan.   the tax rate at which dividend tax is included. Where the shares are resold from the borrower to a third party, the bank may not credit the dividends.  If the dividend tax contained is credited in whole or in part twice, this is contrary to applicable law.

Confidential Pursuant to Protective Order

SKAT_MDL_001_00420463_T

In accordance with the stated in the assessment of skat large companies' early warning, the assessment of SKAT Jura's early warning - in relation to deductions for dividend compensation and the example of the bank as a borrower - must similarly conclude that when the bank has not resold the borrowed shares, the bank does not have the right to deduct the dividend compensation paid and the withholding dividend tax is not included in the bank's calculated corporation tax.

As in skat store selskaber's early warning, skat jura's early warning places similar emphasis on the fact that the lack of valid reports to SKAT means that SKAT must carry out manual checks To this end, it should be noted that it is important to distinguish between the material rulebook for the tax treatment of share loans and SKAT's problems in verifying compliance with the rulebook. If SKAT has problems verifying compliance with the rules, this is an issue that must be addressed on the basis of the reporting rules and SKAT's supervisory powers and not the substantive rulebook for the tax treatment of share loans.

## Conclusion

In both early warnings, a key element in relation to the issue seems to be that the tax and civil treatment of share loans is different. Although the lender is the beneficial owner of the shares for tax purposes, it is the borrower who is reported to SKAT as the owner of the shares.

Thus, the share loan structure carries the risk that both parties to the agreement will seek reimbursement for the dividend tax contained, even if only one party is entitled to it.

The tax treatment of dividends on share loans is sufficiently clarified through published practice. The practice leaves no doubt as to who is the beneficial owner of the dividend and thus who is entitled to any dividend refund.

Against this background, there is no need for legislative initiatives with regard to the content of the current tax rules. In addition, there are good reasons why the lender is considered a legitimate owner in share loan agreements where there is no resale to third parties. If the beneficial owner concept is abandoned, it will be possible - through share lending - to speculate on shifting ownership of the shares at the time of declaration of dividends in order to achieve a full or partial reduction in dividend tax. Abandoning the beneficial owner concept will also have a major impact on the pending litigation against private equity funds.

The possible risks associated with share loans must first and foremost be seen in the light of the fact that there may be discrepancies between the information reported to SKAT and the actual tax ownership, which may make it difficult to ensure proper taxation of dividends.

However, the Ministry of Taxation will in any case analyse the applicable rules on taxation, deduction and reporting of dividends in order to ensure that the rules are sufficiently robust. This will include, among other things, the following: This will be achieved by setting up a new multidisciplinary working group in the field of dividends with the participation of the relevant ministries, the Danish Tax Agency and the Danish FSA.

In addition, the Danish Ministry of Taxation understands that SKAT will examine the actions of the financial institutions in this area, since a picture has been painted that some financial institutions do not appear to have correctly interpreted the tax rules on share loans.