**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to all cases. | MASTER DOCKET<br><br>18-MD-2865 (LAK) |

## DECLARATION OF MATTHEW J. TOTMAN

I, Matthew J Totman, hereby declare as follows:

1. I am (i) Vice President and Assistant General Counsel at JPMorgan Chase Bank, N.A. – London Branch and (ii) Attorney-in-Fact for J.P. Morgan Securities plc. I make this affidavit on behalf of JPMorgan Chase Bank, N.A. – London Branch and J.P. Morgan Securities plc (together, "JPMorgan"). Unless stated otherwise, I have personal knowledge of the facts stated herein, all of which are true and correct.

2. Annexed as Exhibit 1 is, upon information and belief, a true and correct copy of an order from the High Court of Justice (Queens Bench Division) dated June 14, 2021 (the "Order") which states that JPMorgan "shall produce copies of the documents listed in Appendix A hereto . . . ." Appendix A to the Order lists eight specific categories of documents relating to and incorporating terms defined in the "Letters of Request dated 14 April 2021." Annexed as Exhibit 2 are, upon information and belief, true and correct copies of the two documents constituting the "Letters of Request dated 14 April 2021" as referenced in and annexed as Exhibit RHD1 to the Order (hereinafter, the "Letters of Request").

3. JPMorgan hereby acknowledges that produced documents may be used in litigation arising from or related to allegedly improper or fraudulent request for refunds of dividend withholding taxes involving the Customs and Tax administration of the Kingdom of Denmark and/or Skatteforvaltningen ("SKAT") in jurisdictions outside of the United States, consistent with the terms and limits of the Revised Amended Stipulated Protective Order Governing Confidentiality of Discovery Materials dated November 6, 2020 (the "Protective Order"). (*See* ECF No. 489).

4. In response to the Order, JPMorgan produced to Dustin P. Smith, Esq., counsel for SKAT, the records described below in Paragraph 10, Bates-stamped JPM 000001 to JPM 000064 and marked as "CONFIDENTIAL" in accordance with the Protective Order.

5. The term "Danish Securities", as that term is defined in the Letters of Request, the meaning of which is incorporated into the Order by Appendix A thereto, includes, among others, the securities listed in the table set forth below. The below table also lists, upon information and belief, those Danish Securities' corresponding International Securities Identification Numbers ("ISIN"):

| DANISH SECURITY | ISIN |
|---|---|
| A.P. Møller Mærsk A/S - A | DK0010244425 |
| A.P. Møller Mærsk A/S - B | DK0010244508 |
| Auriga Industries A/S | DK0010233816 |
| Carlsberg A/S - B | DK0010181759 |
| Chr. Hansen Holding A/S | DK0060227585 |
| Coloplast A/S - B | DK0010309657 |
| Coloplast A/S - B | DK0060448595 |
| Dampskibsselskabet Norden A/S | DK0060083210 |
| Danske Bank A/S | DK0010274414 |
| DSV A/S | DK0060079531 |
| FLSmidth & Co A/S | DK0010234467 |
| GN Store Nord A/S | DK0010272632 |
| IC Group A/S | DK0010221803 |

| DANISH SECURITY | ISIN |
|---|---|
| ISS A/S | DK0060542181 |
| Lundbeck A/S | DK0010287234 |
| NKT Holding A/S | DK0010287663 |
| Novo Nordisk A/S - A | DK0060534915 |
| Novo Nordisk A/S - A | DK0060102614 |
| Novozymes A/S - B | DK0060336014 |
| Pandora A/S | DK0060252690 |
| Simcorp A/S | DK0016026164 |
| Sydbank A/S | DK0010311471 |
| TDC A/S | DK0060228559 |
| Tryg A/S | DK0060013274 |
| Vestas Wind Systems A/S | DK0010268606 |

6. To respond to the Order, I asked that the JPMorgan systems of records or databases set forth below (the "Securities Records Systems") be searched for records or information of holdings of the Danish Securities for the Applicable Period, as those two terms are defined in the Letters of Request, the meanings of which are incorporated into the Order by Appendix A thereto,[1] and to the extent such records and information are accessible as described herein. Based upon information and belief, the Securities Records Systems set forth below are the systems maintained by JPMorgan to, among other things, record client holdings such as the Danish Securities during the Applicable Period:

- TradeVault, which, based upon information and belief, contains JPMorgan's archived trading data for cash equities, which would include the Danish Securities. Based upon information and belief: (i) TradeVault only includes

---

[1] Based upon information and belief, following conversations with counsel for SKAT, it was mutually agreed that: (i) the term "Applicable Period" defined in the Letters of Request, the meaning of which is incorporated into the Order by Appendix A thereto, is amended to mean January 1, 2012 until December 31, 2015, rather than January 1, 2012 to December 31, 2016; and (ii) the term "Danish Securities" defined in the Letters of Request, the meaning of which is incorporated into the Order by Appendix A thereto, is amended to mean the Danish Securities listed in Paragraph 5 of this declaration.

JPMorgan's trading data from December 2012; and (ii) it is possible that the trading data from December 2012 to March 2013 is not a complete record of the trading activity during that time as this was the period during which JPMorgan's data was onboarded to TradeVault;

- The Clearing and Collateral Management System, which, based upon information and belief, contains data on the clearing of client trades and their holdings in securities from the following two lines of business within JPMorgan's security services business: GlobeClear (now closed) and collateral services; and

- COSMIC, which, based upon information and belief, is JPMorgan's core custody system and is the repository for securities holdings and associated trades held by clients of JPMorgan's custody line of business.

7. Based upon information and belief, to the extent that any individual or entity was using JPMorgan (or any of its affiliates) to trade, custody or provide security services in relation to any of the Danish Securities during the Applicable Period, that Danish Security would have been recorded in one of the Securities Records Systems described above, subject to the qualification above regarding the December 2012 to March 2013 period in TradeVault.

8. Based upon information and belief, JPMorgan conducted a diligent, reasonable search of the Securities Records Systems and identified no holdings of any of the Danish Securities during the Applicable Period for the following entities: Argon Markets (a/k/a Argon Trading Limited), BNP Securities Services SCA, Indigo Securities Ltd, Investec Bank plc, Lindisfarne Partners LLP, North Channel Bank GmbH, Old Park Lane Capital PLC, Salgado Capital, Solo Capital Limited, Solo Capital Partners LLP, Telesto Markets LLP, and West Point Derivatives Ltd.

9.     Based upon information and belief, JPMorgan conducted a diligent, reasonable search of the Securities Records Systems and identified the following entity that JPMorgan provided security services to in relation to the Danish Securities during the Applicable Period: ED&F Man Capital Markets Limited.

10.    As directed by the Order and Appendix A thereto and upon information and belief, JPMorgan retrieved the following categories of documents and/or information it maintains for ED&F Man Capital Markets Limited:

- A list of the accounts at JPMorgan held by ED&F Man Capital Markets Limited during the Applicable Period;
- JPMorgan's stock record showing ED&F Man Capital Markets Limited's holdings of the Danish Securities during the Applicable Period;
- JPMorgan's cash record showing any holdings of cash by ED&F Man Capital Markets Limited during the Applicable Period;
- The documents provided to JPMorgan by ED&F Man Capital Markets Limited during the opening of its accounts with JPMorgan during the Applicable Period; and
- The contracts or agreements between JPMorgan and ED&F Man Capital Markets Limited dated or with effect during the Applicable Period.

11.    Based upon information and belief, the records described above and produced by JPMorgan to SKAT are either:  (i) true and correct copies of documents kept by JPMorgan in the ordinary course of business, aside from the confidentiality designation and production number affixed to, respectively, the bottom left and bottom right corner of each page of those documents; or (ii) excel documents which contain true and correct extractions of information from the records

maintained by JPMorgan in the ordinary course of business, aside from the language included in the title and tabs of each excel document.

12. Based upon information and belief, the records described above were:

- made by JPMorgan personnel at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, persons with knowledge of those matters;
- kept by JPMorgan personnel in the course of JPMorgan's regularly conducted business activities; and
- made by the regularly conducted activities as a regular practice.

I, Matthew J. Totman, hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: London, United Kingdom
December 15, 2021

/s/ Matthew J. Totman
Matthew J. Totman
Vice President, Assistant General Counsel
JPMorgan Chase Bank, N.A. –
 London Branch
Attorney-in-Fact
J.P. Morgan Securities plc