UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 18-cv-05053, 18-cv-09797, 18-cv-09836, 18-cv-09837, 18-cv-09838, 18-cv-09839, 18-cv-09840, 18-cv-09841, 18-cv-10100 | MASTER DOCKET<br><br>18-md-02865-LAK |

### ACER INVESTMENT GROUP, LLC'S
### ANSWER TO PLAINTIFF SKATTEFORVALTNINGEN'S
### FIRST SET OF INTERROGATORIES TO ACER INVESTMENT GROUP, LLC

Pursuant to Federal Rules of Civil Procedure 26 and 33, Acer Investment Group, LLC ("Defendant") objects and responds to the First Set of Interrogatories ("Interrogatories") served by Plaintiff Skatteforvaltningen ("SKAT") as follows:

### GENERAL OBJECTIONS AND RESERVATIONS

Defendant incorporates the following General Objections and Reservations into each of its specific objections and responses to SKAT's Interrogatories:

1. These responses are made solely for the purpose of this action. Defendant has not completed factual investigation, discovery, or trial preparation in this case. Consequently, Defendant bases all of its responses herein only on such information and documents presently available and specifically known to it. Defendant provides the following responses without prejudice to its right to produce evidence of facts it may recall or discover at a later date, and it reserves the right to revise, amend, supplement, or otherwise change any or all responses as it ascertains additional facts and conducts further analysis and legal research. Furthermore,

those shares that reflected that the shares were trading cum dividend, received trade confirmations, and received account statements confirming (i) the purchase of the shares; (ii) ownership of the shares; (iii) receipt of the dividends; and (iv) suffering of withholding taxes. Each Plan also received a tax voucher from ED&F certifying that the Plan held the security over the dividend date, received the dividend, and suffered withholding tax. Further, the Pension Plans did not transfer the dividends or any portion of them to anyone. Defendant further refers SKAT to the ED&F Man account statements for the Plans that identify the receipt of dividends and the trade packs, swift statements, and dividend reconciliations for each of the Plans' trades.

**Interrogatory No. 15:** For each dividend identified in the Claims that You contend a Plan received, state the legal and factual bases for Your contention and identify (1) the date on which the Plan received the dividend; (2) the source of the dividend; (3) whether the Plan transferred the dividend or any portion of it to any other entity or individual; (4) the date any such transfer of a dividend occurred; and (5) the recipient of any such transfer by the Plan.

**Objections and Response to Interrogatory No. 15:**

Defendant objects to this Interrogatory on the ground that the term "dividends" is undefined, vague and ambiguous. Defendant further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 14 and refers SKAT to Defendant's response to that Interrogatory.

**Interrogatory No. 16:** What steps, if any, did You take to ensure that the Plans received a Dividend and that the Plan's applications for the Refunds were accurate prior to their submission to SKAT?

**Objections and Response to Interrogatory No. 16:**

Defendant further objects to this Interrogatory on the ground that the term "Dividends" is vague and ambiguous. Subject to the forgoing objection, Defendant states that Acer, as agent for the Pension Plans, worked closely with ED&F Man, an FCA-regulated entity, in relation to the Plans' securities transactions. Defendant further states that the Plans utilized the services of Goal Taxback, an industry-leading reclaim agent, to finalize and submit refund applications to SKAT.

**Interrogatory No. 17:** What steps, if any, did the Plan take to ensure that it was not purchasing the Danish Shares from Short Sellers?

**Objections and Response to Interrogatory No. 17:**

Defendant objects to this Interrogatory on the ground that it requests a response that is not relevant to any party's claims or defenses in these actions and/or not proportional to the needs of the case. Specifically, purchasing shares from a short seller does not change entitlement to a refund pursuant to the U.S.-Denmark Tax Treaty. Furthermore, Danish law does not require the identification of the seller of securities. Subject to the forgoing objections, the Plans purchased securities through regulated broker-dealers, such as ED&F Man, a FCA regulated entity, and, as a result, the Plans had no visibility into or opportunity to learn the identity of the sellers of such securities. Defendant further states that it would not have been possible for the Plans to ensure that they were not purchasing securities from short sellers.

**Interrogatory No. 18:** What assurances did You receive from ED&F, any ED&F Related Individual, or any other entity about whether Short Sales of the Danish Shares were Covered Short Sales as of the date of the sales to the Plan?

**Objections and Response to Interrogatory No. 18:**

Defendant objects to this Interrogatory on the ground that it requests a response that is not relevant to any party's claims or defenses in these actions and/or not proportional to the needs of the case. Specifically, purchasing shares from a short seller does not change entitlement to a refund pursuant to the U.S.-Denmark Tax Treaty. Subject to the forgoing objections, the Plans purchased securities through regulated broker-dealers, such as ED&F Man, a FCA regulated entity, and understood that the regulated broker-dealers would comply with all relevant U.K. laws, rules, and regulations concerning short sales. Defendant further refers SKAT to its objections and response to Interrogatory No. 17.

December 31, 2021                            */s/ Brandon R. Dillman*
                                                        John C. Blessington (pro hac vice)
                                                            john.blessington@klgates.com
                                                       Brandon R. Dillman (pro hac vice)
                                                            brandon.dillman@klgates.com
                                                        John L. Gavin (pro hac vice)
                                                            John.gavin@klgates.com
                                                        K&L GATES LLP
                                                        State Street Financial Center
                                                        One Lincoln Street
                                                        Boston, MA 02111
                                                        T: 617.951.9185
                                                        F: 617.261.3175

                                                        *Attorneys for Acer Investment Group, LLC*

December 31, 2021   /s/ *Brandon R. Dillman*

        John C. Blessington (pro hac vice)
           john.blessington@klgates.com
        Brandon R. Dillman (pro hac vice)
           brandon.dillman@klgates.com
        John L. Gavin (pro hac vice)
           John.gavin@klgates.com
        K&L GATES LLP
        State Street Financial Center
        One Lincoln Street
        Boston, MA 02111
        T: 617.951.9185
        F: 617.261.3175

        *Attorneys for Acer Investment Group, LLC*

## OATH

I do solemnly declare and affirm under the penalties of perjury that the foregoing Answer to Interrogatories are true and correct to the best of my knowledge, information, and belief.

*[signature: Stacey Kaminer]*

By: Stacey Kaminer
Acer Investment Group, LLC