UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 18-cv-09841 | MASTER DOCKET<br><br>18-md-02865-LAK |

**AMERICAN INVESTMENT GROUP OF NEW YORK, L.P. PENSION PLAN'S OBJECTIONS AND RESPONSES TO PLAINTIFF SKATTEFORVALTNINGEN'S FIRST SET OF INTERROGATORIES TO ACER PLAN DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 33, American Investment Group of New York, L.P. Pension Plan ("Defendant") objects and responds to the First Set of Interrogatories ("Interrogatories") served by Plaintiff Skatteforvaltningen ("SKAT") as follows:

**GENERAL OBJECTIONS AND RESERVATIONS**

Defendant incorporates the following General Objections and Reservations into each of its specific objections and responses to SKAT's Interrogatories:

1. These responses are made solely for the purpose of this action. Defendant has not completed factual investigation, discovery, or trial preparation in this case. Consequently, Defendant bases all of its responses herein only on such information and documents presently available and specifically known to it. Defendant provides the following responses without prejudice to its right to produce evidence of facts it may recall or discover at a later date, and it reserves the right to revise, amend, supplement, or otherwise change any or all responses as it ascertains additional facts and conducts further analysis and legal research. Furthermore, Defendant reserves the right to revise, amend, supplement, or otherwise change any or all

SKAT to Plan's the account documents with ED&F and to the power of attorney executed in connection with the opening of the Plan's accounts at ED&F.

**Interrogatory No. 20:** What steps, if any, did the Plan take to ensure that it received a Dividend and that the Plan's applications for the Refunds were accurate prior to their submission to SKAT?

**Objections and Response to Interrogatory No. 20:**

Defendant objects to this Interrogatory on the ground that the term "Dividends" is vague and ambiguous. Subject to the forgoing objection, the Plans purchased securities through regulated broker-dealers, such as ED&F Man, a FCA regulated entity, and understood that the regulated broker-dealers would comply with all relevant U.K. laws, rules, and regulations. Defendant further states that the Plans utilized the services of Goal Taxback, an industry-leading reclaim agent, to finalize and submit refund applications to SKAT.

**Interrogatory No. 21:** What steps, if any, did the Plan take to ensure that it was not purchasing the Danish Shares from Short Sellers?

**Objections and Response to Interrogatory No. 21:**

Defendant objects to this Interrogatory on the ground that it requests a response that is not relevant to any party's claims or defenses in these actions and/or not proportional to the needs of the case. Specifically, purchasing shares from a short seller does not change entitlement to a refund pursuant to the U.S.-Denmark Tax Treaty. Furthermore, Danish law does not require the identification of the seller of securities. Subject to the forgoing objections, the Plan purchased securities through regulated broker-dealers, such as ED&F Man, a FCA regulated entity, and, as a result, the Plan had no visibility into or opportunity to learn the identity of the sellers of such securities. Defendant further states that it would not have been possible for the Plan to ensure that the Plan was not purchasing securities from short sellers.

forgoing objections, Defendant refers SKAT to all communications from ED&F and/or any ED&F Related Individual to Acer produced by the parties in this litigation relating to the trading in Danish Shares, including but not limited to the buy/sell confirmations provided by ED&F, the account statements provided by ED&F, and the tax vouchers. Defendant does not concede that all such communications are necessarily about the Plans, trading in Danish Shares, the Claims, and the Refunds.

| | |
|---|---|
| February 10, 2022 | /s/ Brandon R. Dillman<br>John C. Blessington (pro hac vice)<br>    john.blessington@klgates.com<br>Brandon R. Dillman (pro hac vice)<br>    brandon.dillman@klgates.com<br>John L. Gavin (pro hac vice)<br>    John.gavin@klgates.com<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>T: 617.951.9185<br>F: 617.261.3175<br><br>*Attorneys for American Investment Group of New York, L.P. Pension Plan* |

> K&L GATES LLP
> State Street Financial Center
> One Lincoln Street
> Boston, MA 02111
> T: 617.951.9185
> F: 617.261.3175
>
> *Attorneys for American Investment Group of New York, L.P. Pension Plan*

## OATH

I do solemnly declare and affirm under the penalties of perjury that the foregoing Answer to Interrogatories are true and correct to the best of my knowledge, information, and belief.

By: Robert Crema
American Investment Group of
New York, L.P. Pension Plan