**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| | MASTER DOCKET |
| CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | 18-md-02865-LAK |
| This document relates to:    18-cv-09840 | |

**RIVERSIDE ASSOCIATES DEFINED BENEFITS PLAN'S ANSWER
TO PLAINTIFF SKATTEFORVALTNINGEN'S
FIRST SET OF INTERROGATORIES TO ACER PLAN DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Riverside Associates Defined Benefits Plan ("Defendant") objects and responds to the First Set of Interrogatories ("Interrogatories") served by Plaintiff Skatteforvaltningen ("SKAT") as follows:

**GENERAL OBJECTIONS AND RESERVATIONS**

Defendant incorporates the following General Objections and Reservations into each of its specific objections and responses to SKAT's Interrogatories:

1.      These responses are made solely for the purpose of this action. Defendant has not completed factual investigation, discovery, or trial preparation in this case. Consequently, Defendant bases all of its responses herein only on such information and documents presently available and specifically known to it. Defendant provides the following responses without prejudice to its right to produce evidence of facts it may recall or discover at a later date, and it reserves the right to revise, amend, supplement, or otherwise change any or all responses as it ascertains additional facts and conducts further analysis and legal research. Furthermore, Defendant reserves the right to revise, amend, supplement, or otherwise change any or all

SKAT to Plan's the account documents with ED&F and to the power of attorney executed in connection with the opening of the Plan's accounts at ED&F. Defendant further refers SKAT to the documentation concerning PACT Investors, Inc. (e.g., ACER_21583 and ACER_21642).

**Interrogatory No. 20:** What steps, if any, did the Plan take to ensure that it received a Dividend and that the Plan's applications for the Refunds were accurate prior to their submission to SKAT?

**Objections and Response to Interrogatory No. 20:**

Defendant objects to this Interrogatory on the ground that the term "Dividends" is vague and ambiguous. Subject to the forgoing objection, the Plans purchased securities through regulated broker-dealers, such as ED&F Man, a FCA regulated entity, and understood that the regulated broker-dealers would comply with all relevant U.K. laws, rules, and regulations. Defendant further states that the Plan utilized the services of Goal Taxback, an industry-leading reclaim agent, to finalize and submit refund applications to SKAT.

**Interrogatory No. 21:** What steps, if any, did the Plan take to ensure that it was not purchasing the Danish Shares from Short Sellers?

**Objections and Response to Interrogatory No. 21:**

Defendant objects to this Interrogatory on the ground that it requests a response that is not relevant to any party's claims or defenses in these actions and/or not proportional to the needs of the case. Specifically, purchasing shares from a short seller does not change entitlement to a refund pursuant to the U.S.-Denmark Tax Treaty. Furthermore, Danish law does not require the identification of the seller of securities. Subject to the forgoing objections, the Plan purchased securities through regulated broker-dealers, such as ED&F Man, a FCA regulated entity, and, as a result, the Plan had no visibility into or opportunity to learn the identity of the sellers of such

484404221502cf5c

securities.  Defendant further states that it would not have been possible for the Plan to ensure that the Plan was not purchasing securities from short sellers.

**Interrogatory No. 22:** What assurances did the Plan receive from Acer or ED&F about whether Short Sales of the Danish Shares were Covered Short Sales as of the date of the sales to the Plan?

**Objections and Response to Interrogatory No. 22:**

Defendant objects to this Interrogatory on the ground that it requests a response that is not relevant to any party's claims or defenses in these actions and/or not proportional to the needs of the case.  Specifically, purchasing shares from a short seller does not change entitlement to a refund pursuant to the U.S.-Denmark Tax Treaty. Subject to the forgoing objections, the Plan purchased securities through regulated broker-dealers, such as ED&F Man, a FCA regulated entity, and understood that the regulated broker-dealers would comply with all relevant U.K. laws, rules, and regulations concerning short sales. Defendant further refers SKAT to its objections and response to Interrogatory No. 21.

**Interrogatory No. 23:** Identify each purchase of Danish Shares where the Plan was aware of the All-In cost of the Danish Shares, and what that All-In pricing was.

**Objections and Response to Interrogatory No. 23:**

Defendant objects to this Interrogatory on the ground that it requests a response that is not relevant to any party's claims or defenses in these actions and/or not proportional to the needs of the case.  Specifically, the Plans' awareness of the all-in cost does not change the Plans' entitlement to the refunds paid by SKAT. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome in that it requires Defendant to identify and list separate transactions. Defendant objects to this Interrogatory on the grounds that the terms "All-In pricing" and "All-In cost" are undefined and ambiguous.  Defendant further objects on the grounds that the defined

December 31, 2021

/s/ Brandon R. Dillman
John C. Blessington (pro hac vice)
    john.blessington@klgates.com
Brandon R. Dillman (pro hac vice)
    brandon.dillman@klgates.com
John L. Gavin (pro hac vice)
    John.gavin@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
T: 617.951.9185
F: 617.261.3175

*Attorneys for Kamco LP Profit Sharing
Plan, Moira Associates LLC 401(K) Plan,
American Investment Group of New York,
L.P. Pension Plan, DW Construction, Inc.
Retirement Plan, Goldstein Law Group PC
401(K) Profit Sharing Plan, Kamco
Investments, Inc. Pension Plan, Newsong
Fellowship Church 401(K) Plan, Linden
Associates Defined Benefits Plan, and
Riverside Associates Defined Benefits Plan*

## OATH

I do solemnly declare and affirm under the penalties of perjury that the foregoing Answer

to Interrogatories are true and correct to the best of my knowledge, information, and belief.


/s/ David Schulman
By: David Schulman
Riverside Associates Defined Benefit Plan