UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 18-cv-09841 | MASTER DOCKET<br><br>18-md-02865-LAK |

**AMERICAN INVESTMENT GROUP
OF NEW YORK, L.P. PENSION PLAN'S RESPONSES TO
PLAINTIFF SKATTEFORVALTNINGEN'S FIRST REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36, American Investment Group of New York, L.P. Pension Plan (the "Defendant"), by and through its undersigned counsel, objects and responds to the First Set of Requests for Admission ("Requests") served by Plaintiff Skatteforvaltningen ("SKAT") as follows:

**GENERAL OBJECTIONS AND RESERVATIONS**

Defendant incorporates the following General Objections and Reservations into each of its specific objections and responses to SKAT's Requests:

1.      These responses are made solely for the purpose of the above related action. Defendant has not completed factual investigation, discovery, or trial preparation in this case. Consequently, Defendant bases all of its responses herein only on such information and documents presently available and specifically known to it. Defendant provides the following responses without prejudice to its right to produce evidence of facts it may recall or discover at a later date, and it reserves the right to revise, amend, supplement, or otherwise change any or all responses as it ascertains additional facts and conducts further analysis and legal research. Furthermore,

**Request for Admission No. 23:** Admit that the American Investment Group of New York, L.P. Pension Plan submitted the withholding tax refund claims listed in Section IV.B.2 of SKAT's Amended Complaint against the Plan.

**Objections and Response to Request No. 23:**

Defendant objects to this Request on the ground that it is overly broad in that Section IV.B.2 of the Amended Complaint contains multiple paragraphs in which SKAT alleges, among other things, an unknown number of nondescript refund claims, and also alleges incorrectly, among other things, that the plan did not own shares of stock it did own, that the plan was not a qualified U.S. pension plan, and that the plan was a vehicle for a fraudulent scheme. Defendant further objects to this Request on the ground that Section IV.B.2 does not list tax refund claims (only dates of refund requests and amounts of refunds) allegedly sent by the plan. Defendant further objects to this Request as confusing and ambiguous with respect to the meaning of "submitted," namely whether it means the plan acted to send an application to SKAT or whether applications were sent on behalf of the plan. Subject to the foregoing objections, denied, except that it is admitted that withholding-tax applications were submitted to SKAT by a third-party payment servicer on or about the dates set forth in Section IV.B.2 of the Amended Complaint.

**Request for Admission No. 24:** Admit that the document Bates-stamped SKAT_MDL_001_017587 to SKAT_MDL_001_017592 is a true and correct copy of the Claims submitted to SKAT by the American Investment Group of New York, L.P. Pension Plan.

**Objections and Response to Request No. 24:**

Defendant objects to this Request as oppressive and unduly burdensome in that the referenced documents were produced by SKAT in this litigation and the Request requires an examination of such records for purposes of authentication. Defendant further objects to this

as confusing and ambiguous with respect to the meaning of "made payments." Subject to the foregoing objections, admitted that the payments listed are correct.

**Request for Admission No. 36:** Admit that Robert Crema was the Participant of the American Investment Group of New York L.P Pension Plan since the plan's formation.

**Objections and Response to Request No. 36:**

Defendant objects to this Request as confusing and ambiguous with respect to the meaning of "Participant" as that term is undefined. Subject to the foregoing objection, admitted.

**Request for Admission No. 37:** Admit that the American Investment Group of New York, L.P. Pension Plan submitted the Claims for the purpose of obtaining the Refunds.

**Objections and Response to Request No. 37:**

Defendant objects to this Request as confusing and ambiguous with respect to the meaning of "submitted," namely whether it means the plan acted to send an application to SKAT or whether applications were sent on behalf of the plan. Defendant further objects to this Request because it misstates the evidence in that there were no "Claims" for "Refunds" as those terms are defined in the Requests. Subject to the foregoing objections, denied, except that it is admitted that withholding-tax applications were submitted to SKAT. It is further admitted that the plan intended to apply for withheld-dividend tax as permitted by the U.S.-Denmark Tax Treaty.

**Request for Admission No. 38:** Admit that the American Investment Group of New York, L.P. Pension Plan claimed to be the beneficial owner of the Danish Shares identified in the Claims.

**Objections and Response to Request No. 38:**

Defendant objects to this Request as confusing and ambiguous with respect to the meaning of "claimed" and "beneficial owner." Subject to the foregoing objections, admitted, further stating that a third-party payment servicer sent to SKAT on behalf of the plan withholding-tax applications

that stated that the plan was the beneficial/legal owner of the shares identified in those applications. It is further admitted that at the time of the applications the plan believed it was the beneficial owner of any Danish securities in the applications.

**Request for Admission No. 39:** Admit that the American Investment Group of New York, L.P. Pension Plan claimed to be the legal owner of the Danish Shares identified in the Claims.

**Objections and Response to Request No. 39:**

Defendant objects to this Request as confusing and ambiguous with respect to the meaning of "claimed" and "legal owner." Subject to the foregoing objections, it is admitted that at the time of the applications the plan believed it was the beneficial/legal owner of any Danish securities identified in the applications.

**Request for Admission No. 40:** Admit that ED&F provided credit, financing, or funding to facilitate the American Investment Group of New York, L.P. Pension Plan's purchase of the Danish Shares.

**Objections and Response to Request No. 40:**

Defendant objects to this Request as argumentative, confusing and ambiguous with respect to the meaning of "credit," "financing," and "funding" as the Request suggests those terms mean the same or similar things, which they do not. Subject to the foregoing objections, denied except it is admitted that ED&F provided financing to facilitate the plan's purchase securities.

**Request for Admission No. 41:** Admit that entities other than ED&F provided credit, financing, or funding to facilitate the American Investment Group of New York, L.P. Pension Plan's purchase the Danish Shares.

**Objections and Response to Request No. 41:**

| | |
|---|---|
| December 29, 2021 | */s/ Brandon R. Dillman* |

John C. Blessington (pro hac vice)
   john.blessington@klgates.com
Brandon R. Dillman (pro hac vice)
   brandon.dillman@klgates.com
John L. Gavin (pro hac vice)
   John.gavin@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
T: 617.951.9185
F: 617.261.3175

*Attorneys for the American Investment Group of New York, L.P. Pension Plan*