**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 18-cv-09840 | MASTER DOCKET<br><br>18-md-02865-LAK |

**RIVERSIDE DEFINED BENEFIT PLAN'S RESPONSES TO**
**PLAINTIFF SKATTEFORVALTNINGEN'S FIRST REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36, the Riverside Defined Benefit Plan ("Defendant"), by and through its undersigned counsel, objects and responds to the First Set of Requests for Admission ("Requests") served by Plaintiff Skatteforvaltningen ("SKAT") as follows:

**GENERAL OBJECTIONS AND RESERVATIONS**

Defendant incorporates the following General Objections and Reservations into each of its specific objections and responses to SKAT's Requests:

1.      These responses are made solely for the purpose of the above related action. Defendant has not completed factual investigation, discovery, or trial preparation in this case. Consequently, Defendant bases all of its responses herein only on such information and documents presently available and specifically known to it. Defendant provides the following responses without prejudice to its right to produce evidence of facts it may recall or discover at a later date, and it reserves the right to revise, amend, supplement, or otherwise change any or all responses as it ascertains additional facts and conducts further analysis and legal research. Furthermore, Defendant reserves the right to revise, amend, supplement, or otherwise change any or all

enlargement, expansion, or alteration renders said Request vague, ambiguous, unintelligible, overly broad, unduly burdensome, or uncertain.

<b><u>SPECIFIC OBJECTIONS AND RESPONSES</u></b>

**<u>Request for Admission No. 1:</u>**  Admit that David Schulman made one contribution to the Riverside Associates Defined Benefit Plan since the Plan's establishment in 1995.

**<u>Objections and Response to Request No. 1:</u>**

Defendant objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in these actions.  Defendant further objects to this Request as it requests an admission that is not proportional to the needs of the case.  Specifically, the number and amount of contributions to the plan are not relevant. Defendant further objects to this Request as it insinuates that it would be improper to "only" make on contribution to a pension plan.  Defendant objects to this Request as oppressive and unduly burdensome in that it would require Defendant to review documents or information dating back to 1995 that are no longer in its possession, custody, or control.  Subject to the foregoing objection, admitted.

**<u>Request for Admission No. 2:</u>**  Admit that the one contribution David Schulman made to the Riverside Associates Defined Benefit Plan in 1995 was (i) $200,000 that (ii) David Schulman received from Dan Kaminer.

**<u>Objections and Response to Request No. 2:</u>**

Defendant objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in these actions.  Defendant further objects to this Request as it requests an admission that is not proportional to the needs of the case.  Specifically, the number and amount of contributions ot the plan are not relevant.  Subject to the foregoing objection, Defendant admits that one contribution made to the plan was $200,000 in consulting

income paid by Dan Kaminer.  Defendant further incorporates the objections and response to

Request No. 1.

**Request for Admission No. 3:**  Admit that David Schulman made no contributions to the

Riverside Associates Defined Benefit Plan from 1996 through 2011.

**Objections and Response to Request No. 3:**

Defendant objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in these actions.  Defendant further objects to this

Request as it requests an admission that is not proportional to the needs of the case.  Specifically,

the number and amount of contributions to the plan are not relevant.  Defendant objects to this

Request as oppressive and unduly burdensome in that it would require Defendant to review

documents or information dating back to 1996 that are no longer in its possession, custody, or

control.  Subject to the foregoing objection, admitted.

**Request for Admission No. 4:**  Admit that David Schulman did not make contributions to the

Riverside Associates Defined Benefit Plan in 2012.

**Objections and Response to Request No. 4:**

Defendant objects to this Request on the ground that it requests an admission that is not

relevant to any party's claims or defenses in these actions.  Defendant further objects to this

Request as it requests an admission that is not proportional to the needs of the case.  Specifically,

the number and amount of contributions to the plan are not relevant.  Subject to the foregoing

objection, admitted.

**Request for Admission No. 5:**  Admit that David Schulman did not make contributions to the

Riverside Associates Defined Benefit Plan in 2013.

**Objections and Response to Request No. 5:**

**Objections and Response to Request No. 8:**

Defendant objects to this Request on the ground that it requests an admission that is not relevant to any party's claims or defenses in these actions. Defendant further objects to this Request as it requests an admission that is not proportional to the needs of the case. Specifically, the number and amount of contributions to the plan are not relevant. Defendant further objects to this Request as confusing and ambiguous as the phrase "direct contribution" is not defined. Subject to the foregoing objection, admitted.

**Request for Admission No. 9:** Admit that the Riverside Associates Defined Benefit Plan submitted the withholding tax refund claims listed in Section IV.B.2 of SKAT's Amended Complaints against the Riverside Associates Defined Benefit Plan.

**Objections and Response to Request No. 9:**

Defendant objects to this Request on the ground that it is overly broad in that Section IV.B.2 of the Amended Complaint contains multiple paragraphs in which SKAT alleges, among other things, an unknown number of nondescript refund claims, and also alleges incorrectly, among other things, that the plan did not own shares of stock it did own, that the plan was not a qualified U.S. pension plan, and that the plan was a vehicle for a fraudulent scheme. Defendant further objects to this Request on the ground that Section IV.B.2 does not list tax refund claims (only dates of refund requests and amounts of refunds) allegedly sent by the plan. Defendant further objects to this Request as confusing and ambiguous with respect to the meaning of "submitted," namely whether it means the plan acted to send an application to SKAT or whether applications were sent on behalf of the plan. Subject to the foregoing objections, denied, except that it is admitted that withholding-tax applications were submitted to SKAT by a third-party payment servicer on or about the dates set forth in Section IV.B.2 of the Amended Complaint.

**Request for Admission No. 19:**   Admit that the Riverside Associates Defined Benefit Plan claimed to be the beneficial owner of the Danish Shares identified in the Claims.

**Objections and Response to Request No. 19:**

Defendant objects to this Request as confusing and ambiguous with respect to the meaning of "claimed" and "beneficial owner."  Subject to the foregoing objections, admitted, further stating that a third-party payment servicer sent to SKAT on behalf of the plan withholding-tax applications that stated that the plan was the beneficial/legal owner of the shares identified in those applications. It is further admitted that at the time of the applications the plan believed it was the beneficial owner of any Danish securities in the applications.

**Request for Admission No. 20:**   Admit that the Riverside Associates Defined Benefit Plan claimed to be the legal owner of the Danish Shares identified in the Claims.

**Objections and Response to Request No. 20:**

Defendant objects to this Request as confusing and ambiguous with respect to the meaning of "claimed" and "legal owner."  Subject to the foregoing objections, it is admitted that at the time of the applications the plan believed it was the beneficial/legal owner of any Danish securities identified in the applications.

**Request for Admission No. 21:**   Admit that the Riverside Associates Defined Benefit Plan submitted the Claims for the purpose of obtaining the Refunds.

**Objections and Response to Request No. 21:**

Defendant objects to this Request as confusing and ambiguous with respect to the meaning of "submitted," namely whether it means the plan acted to send an application to SKAT or whether applications were sent on behalf of the plan.  Defendant further objects to this Request because it misstates the evidence in that there were no "Claims" for "Refunds" as those terms are defined in

the Requests.    Subject to the foregoing objections, denied, except that it is admitted that

withholding-tax applications were submitted to SKAT. It is further admitted that the plan intended

to apply for withheld-dividend tax as permitted by the U.S.-Denmark Tax Treaty.

**Request for Admission No. 22:**    Admit that the Riverside Associates Defined Benefit Plan

submitted the Claims for the purpose of obtaining the Refunds.

**Objections and Response to Request No. 22:**

Defendant objects to this Request as duplicative of Request No. 21.    Defendant

incorporates any objections and responses to that Request.

**Request for Admission No. 23:**    Admit that SKAT made the payments listed in Section IV.B.2

of SKAT's Amended Complaint against the Riverside Associates Defined Benefit Plan.

**Objections and Response to Request No. 23:**

Defendant objects to this Request on the ground that it is overly broad in that Section

IV.B.2 of the Amended Complaint contains multiple paragraphs in which SKAT alleges, among

other things, an unknown number of nondescript refund claims, and also alleges incorrectly,

among other things, that Defendant did not own shares of stock it did own, that Defendant was not

a qualified U.S. pension plan, and that Defendant was a vehicle for a fraudulent scheme.  Defendant

further objects to this Request on the ground that Section IV.B.2 does not list payments by SKAT

(only dates of refund requests and amounts of refunds).  Defendant further objects to this Request

as confusing and ambiguous with respect to the meaning of "made payments."  Subject to the

foregoing objections, admitted that the payments listed are correct.

**Request for Admission No. 24:**    Admit that ED&F provided credit, financing, or funding to

facilitate the Riverside Associates Defined Benefit Plan's purchase of the Danish Shares.

**Objections and Response to Request No. 24:**

Defendant objects to this Request in that it is confusing and ambiguous as to what the terms "dividends" and "dividend tax withheld" mean when SKAT already defined the term "Dividends." Defendant further objects to this Request in that "Plan" purportedly refers to a plan other the Plan, which is unrelated to this action.  Subject to the foregoing objection, denied that Annex E Tax Voucher incorrectly represent the plan's holdings of Danish securities and receipt of a dividend.  It is admitted that according to Annex E and statements made by ED&F's 30(b)(6) witness the Annex E Tax Vouchers provided by ED&F incorrectly stated the dividend tax withheld. In any event, at the time of the submission of applications for withholding-tax to SKAT supported by Annex E Tax Vouchers, the plan understood all information on the Tax Vouchers was accurate.

December 29, 2021

/s/ Brandon R. Dillman
John C. Blessington (pro hac vice)
    john.blessington@klgates.com
Brandon R. Dillman (pro hac vice)
    brandon.dillman@klgates.com
John L. Gavin (pro hac vice)
    John.gavin@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
T: 617.951.9185
F: 617.261.3175

*Attorneys for Riverside Associates Defined Benefit Plan*