paragraphs 20 to 30 below). The WHT Applicants were therefore not *"persons liable to taxation"* for these purposes.

12. The ED&F Man Applicants also did not receive dividends in respect of (at least) some transactions (as explained in paragraph 31 below). The ED&F Man Applicants were therefore not *"persons liable to taxation"* for these purposes.

D. **THE WHT REFUND APPLICANTS DID NOT RECEIVE DIVIDENDS**

13. For the purposes of section 69 B(1), *"dividend"* means a distribution by a company to its current shareholders or members.[3] In order to have *"received dividends"* within the meaning of section 69 B(1), therefore, a WHT refund applicant must have:

    13.1 owned shares in a Danish company when the company declared a dividend; and

    13.2 received dividend payments from/traceable to the company.

**The WHT Applicants did not own shares in a Danish company**

14. SKAT will rely on the following principles of Danish law in relation to the ownership of shares in Danish companies:

    14.1 Under Danish law, a "share" denotes a distinct share in the ownership of a company. At any given time, each share in a Danish company has one owner (or joint owners). At no point can there be more shares in circulation than the number of shares issued by the company.[4]

    14.2 As a result of the dematerialisation of shares, physical share certificates were replaced by a central securities depository (**"VP Securities"**) that maintains a register of the ownership of shares in Danish companies. Dematerialisation did not require, or involve, a departure from the principles set out in paragraph 14.1 above.

    14.3 It is possible for the owner of shares in a Danish company to be different from the person identified in the VP Securities register (for example, as the result of

---

[3] Section 16 A of the Danish Tax Assessment Act.
[4] SKAT's Amended Reply to the Sanjay Shah Defendants' Defence, paragraph 30(c).

4

a nominee scheme). It is also possible for the owner of shares in a Danish company to be linked to the VP Securities register through a chain of custodians. Neither of these propositions detract from the principles set out in paragraph 14.1 above. Whether or not the owner of a share is the person named in the VP Securities register, under Danish law, there cannot be two independent owners for the same share.

15. SKAT will rely on the following principles of Danish law concerning the transfer of ownership in shares:

   15.1 Danish law recognises the principle *nemo dat quod non habet*.[5] A "seller" of shares cannot therefore transfer ownership to a "purchaser" of property that the "seller" does not own.[6]

   15.2 If a "seller" purports to sell property that the seller does not own, Danish law provides the transferee with a contractual claim against the transferor. However, the transferee does not acquire ownership of the property.

   15.3 For the purposes of Danish tax laws (including in relation to the liability to pay withholding tax and the eligibility for a refund of withholding tax), a share is acquired or disposed of at the time when a final and binding agreement exists on the acquisition or disposal.[7]

   15.4 However, the rule that a share is acquired or disposed of at the time when there is a final or binding agreement is not an exception to the principle set out in paragraph 15.1 above. That is to say, a person who contracts to buy shares does not become the owner of the shares by entering into a final and binding agreement to purchase shares unless the seller owned the shares at the time of conclusion of the agreement.[8]

   15.5 In order to determine whether a transaction had the effect of transferring ownership in shares, Danish Courts will consider whether the parties intended

---

[5] There are exceptions to this principle in limited circumstances but they do not arise in this case.
[6] SKAT's Amended Reply to the Sanjay Shah Defendants' Defence, paragraph 27(b).
[7] See section C.B.2.1.6.1 of SKAT's legal guidance.
[8] SKAT's Amended Reply to the Sanjay Shah Defendants' Defence, paragraph 29.

5