the transaction to have legal effect.[9] If the parties did not intend to perform the agreement, the transaction will not be effective to convey ownership of property.

16. The "sellers" in the Principal WHT Scheme (alternatively, the Solo WHT Scheme, the Donaldson/LaRosa WHT Scheme and/or the Klar WHT Scheme) did not own any shares in Danish companies. They could not therefore transfer the ownership of shares to the WHT Applicants.

17. The WHT Applications were based on fictitious records of transactions that never occurred or circular transactions that cancelled each other out.[10] Accordingly:

   17.1 The "seller" from whom the WHT Applicants purported to buy shares did not own shares.

   17.2 The transactions did not therefore convey ownership of shares to the WHT Applicants.

   17.3 The parties did not intend to perform the sale and purchase agreement and so on the principle set out in paragraph 15.5 above, the transaction would not have been effective to transfer ownership.[11]

18. Pending disclosure, SKAT relies on the following facts and matters in support of this allegation:

   18.1 The transactions in respect of which North Channel Bank acted as the Custodian involved the "buyer" agreeing to buy shares from the broker, who agreed to buy them from the "seller", who agreed to borrow them from the "share lender", who agreed to borrow them from the "buyer".[12] The net result was that these transactions offset each other and there were never any shares held in the North Channel Bank custody accounts.[13]

   18.2 Similarly, the net effect of the first two legs of the Solo Model was that the "buyer" was purportedly buying shares from a "seller" (via intermediate

---

[9] SKAT's Amended Reply to the Sanjay Shah Defendants' Defence, paragraph 27(a).
[10] RRAPOC, paragraph 24(i)(i)-(ii).
[11] RRAPOC, paragraph 24(g)(iii).
[12] RRAPOC, paragraph 24(e)(ii)(A).
[13] RRAPOC, paragraph 24(e)(ii)(C).

6