58.4    The US WHT Refund Applicants claim to have made very substantial investments in Danish companies[54] and owned millions/billions of pounds worth of Danish securities. Pending disclosure, SKAT infers that any 401(k) plans that did hold shares (which is denied) did not comply with the funding rules set out in sub-paragraphs 58.1, 58.2 and 58.3 above.

<u>Dividends received by the US WHT Refund Applicants were derived from the carrying on of business</u>

59.    In order to qualify for relief under Article 10(3)(c) of the Denmark-US Treaty, dividends received by the US WHT Refund Applicants should not have been derived from the carrying on of business.

60.    For the purposes of Article 10(3)(c), income derived from the carrying on of business includes the "*unrelated business taxable income*" of a pension fund.[55]

61.    Income received by the US WHT Refund Applicants from transactions under which they purchased the securities on margin, through securities lending transactions that were not marked to market (or through similar financing arrangements) falls within the purview of "*unrelated business taxable income*".[56] Insofar as the US WHT Refund Applicants used the cash collateral received in this way to fund the purchase of shares in Danish companies, dividends on those shares constitute income derived from the carrying on of business. As such, the US WHT Refund Applicants were not entitled to tax relief under Article 10 of the Denmark-US Treaty in respect of those dividends.

---

[54] RRAPOC, paragraph 24(b).
[55] US Department of Treasury's Technical Explanation of the Convention between the US and the Kingdom of Netherlands for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with respect to Taxes on Income (see explanation to Article 35).
[56] <u>Henry E. and Nancy Horton Bartels Tr. ex rel. Cornell Univ. v United States</u> 88 Fed Cl 105, 122 (Fed Cl 2009), affd sub nom. <u>Bartels Tr. for benefit of Cornell Univ. ex rel. Bartels v United States</u> 617 F3d 1357 (Fed Cir 2010).

MICHAEL FEALY QC
JAMIE GOLDSMITH
SAM O'LEARY
SOPHIE WEBER
JAMES RUDDELL
KV KRISHNAPRASAD

28 February 2020

STATEMENT OF TRUTH

The Claimant believes that the facts stated in these further particulars are true and I am duly authorised to sign this statement on behalf of the Claimant.

Signed: _A. Herring_

Name: ANDREW JAMES HERRING

Position: PARTNER, PINSENT MASONS LLP

Date: 28 | 2 | 2020

Served on 28 February 2020
by Pinsent Masons LLP of 55 Colmore Row, Birmingham B3 2FG
Solicitors for the Claimant (AJH/668205.07000)

23