CERTIFIED TRANSLATION

## U.1935.715H

*A's income tax for 1926-027 is increased by the decision by the Danish National Tax Board of 26 April 1933. A claimed limitation in respect of the claim but was not successful as the tax authorities had not known of the defects in A's tax return for five years.*

*Taxes 72.3 - 7.3 - Monetary matters etc 58.3*

♦ **Limitation of actions I - Taxes II.** At the request of the Danish Supreme National Tax Board (L) (*Landsoverskatteraadet*) A's income tax assessment for 1926/27 was admitted for a review and by the decision of the Danish National Tax Board of 26 April 1933 upheld by 1 on 14 June 1934, the assessment was increased by DKK 12,000. A had received the amount in the mentioned tax years as the holder of shares in *Kryolithselskabet* by a transfer of DKK 1 million from a voluntary reserve to its share capital.[1] A paid the tax on 18 October 1933 to avoid statutory debt collection, but A then claimed repayment of the tax due to limitation in respect of the claim. The claim against the Danish Ministry of Finance was dismissed as neither 1 nor the local tax authorities had known five years before 18 October 1933 of the inadequate information in A's tax return.[2]

### Judgment by the Danish Supreme Court of 27 May 1935 in case 195/1934*

*Former judge A B Richter (Supreme Court Attorney Ahnfelt-Rønne)*
*v*
*The Danish Ministry of Finance (Kammeradvokaten represented by Supreme Court Attorney Arne Kemp)*

---

[1] See the judgment by the Danish Supreme Court of 25 November 1930 in the Danish Weekly Law reports (UfR) 1931 A, p 54.

[2] The appellant claimed before the Danish Supreme Court that in February 1928 the Supreme National Tax Board had learned of the situation of *Kryolithselskabet* through the

### The Danish Eastern High Court

### Judgment by the Danish Eastern High Court of 26 September 1934

716

It was adopted at a general meeting held on 7 February 1925 in A/S Kryolith-Mine- og Handels Selskabet to transfer an amount of DKK 1 million from a voluntary reserve to the company's share capital that consequently amounted to DKK 3 million. The shares in the mentioned company do not have any amount but units, 1,000 units in total, so that the owner of a unit participates with a thousandth in the company's properties and rights. The Directorate for the Copenhagen Tax Authority (*Direktoratet for Københavns Skattevæsen*) learned of this increase in shares via the company's tax return of 17 August 1926, and on request the Directorate received a list from the company during 11 June 1927 of all the company's known shareholders of a number of 57. The tax assessments of several of the shareholders resident in Copenhagen were increased at the initiative of the Directorate following a conducted investigation. For the purpose of an investigation of the assessment of tax by the cryolite shareholders for the subsequent tax years, the Assessment Department of the Supreme National Tax Board received the above list after having contacted the Copenhagen Tax Directorate (*Københavns Skattedirektorat*) at the beginning of 1931. The list contains:

»Name: Master of Laws A B Richter.

Address: Dommergaarden, Stege.«

By a letter of 24 April 1931 to the Tax Board for Vordingborg Tax District (*Skatteraadet for Vordingborg Skattekreds*) the Assessment Department (*Ligningsafdelingen*) requested the tax returns and asset forms for the tax years 1917/18-1930/31 of Judge of Stege Andr B Richter. By a letter of 9 May 1931 to the

---

documents in the Supreme Court judgment of 25 November 1930 and would thus have been able by usual diligence to claim payment of the tax before 18 October 1928, see Act no 274 of 22 December 1908, section 3. - See the Danish Weekly Law Reports (UfR) 1927 A, p 478.

* The Law Reports of the Danish Supreme Court (HRT) 1935, p 225.

executive board of the company the Assessment Department requested information about the shareholders' share units registered in the company's records in the period since 1 January 1918 and on which date they had acquired the units. The company sent the information on 28 May 1931.

On 9 February 1932, the company's manager, High Court Attorney C F Lerche, wrote on behalf of the company to Judge Richter's son, High Court Attorney E Richter, and informed him that on the 8th of the same month a settlement had been entered into with the Supreme National Tax Board to fix the value of the shares at DKK 4,250 for each single year by calculating the wealth tax for the years 1918-30.

Following negotiations with High Court Judge Lerche, the Assessment Department of the Supreme National Tax Board wrote the following to him on 15 June 1932:

»Following an agreement by personal negotiations on the 3rd of this month, please find enclosed copies of the calculations made for the taxpayers named below of their taxable income and assets for the subsequent tax years as well as draft statements regarding underpayments of tax to be signed and sent back to us. - - -

5) K 1742, Judge A B Richter,

As regards Judge Richter, an offer was enclosed with the above letter regarding an amicable repayment by payment of DKK 2,049.34. It partly included an additional claim for wealth tax

717

due to the above settlement and partly an additional claim for income tax for the tax year 1926/27 as Judge Richter had not included the value in his tax return for that tax year that he had received as the owner of 12 units by the transfer of DKK 1 million in 1925 from voluntary reserves to share capital, a transfer that in terms of tax in the tax authorities' opinion, as upheld by the Danish Supreme Court (see the Danish Weekly Law Reports (UfR) 1931, p 54), should be the same as an issue of bonus shares.

Because of the above offer for an amicable arrangement High Court Judge Lerche wrote

a letter on 20 August 1932 to the Assessment Department of the Supreme National Tax Board from which it appeared that Judge Richter had raised an issue of limitation in respect of the claim. The objection only concerned the issue of additional payment of income tax for 1926/27. Following an exchange of letters between the Assessment Department and High Court Attorney Lerche, High Court Attorney Richter wrote a letter to the Assessment Department on 26 September 1932 in which it was claimed that the above claim had become barred by limitation as the tax authorities had known of the claim against Judge Richter for more than five years.

The ordinary arrangement was thus carried out regarding Judge Richter only with respect to the wealth tax whereas on 3 March 1933 the Supreme National Tax Board authorised the Tax Board for Vordingborg Tax District under section 34 of Danish Tax Act no 149 of 10 April 1922 to admit Judge Richter's income tax assessment for 1926/27 for a review. The Tax Board increased Judge Richter's income tax assessment for the above tax year by DKK 12,000 by a decision of 26 April 1933. High Court Attorney Richter lodged a complaint on his father's behalf on 16 May 1933 with the Supreme National Tax Board.

As statutory debt collection from Judge Richter of, inter alia, DKK 1,471.50 as additional payment of tax for 1926/27 had been requested, the amount was paid to the Municipality of Stege on 18 October 1933, but with a reservation of a right of recovery.

On 14 June 1934, the Supreme National Tax Board appealed against the decision of the Tax Board of 26 April 1933 as the objection as to limitation of action was rejected.

The plaintiff, former judge A B Richter, now of Vallø, Denmark, then claimed in the case brought according to the Writ of Summons of 18 August 1934 that the defendant, the Danish Ministry of Finance, be ordered on behalf of the Danish Treasury to pay the plaintiff the above claim paid subject to reservations of DKK 1,471.50 with interest of 5% annually as from 1 July 1933. The plaintiff claims that the claim has become barred by limitation under Danish Act no 274 of 22 December 1908, section 1, para (4), as more than five years have passed from the date when the claim could have been raised and until the tax

authorities took the steps required by law to suspend the limitation in respect of the claim.

The defendant claims dismissal of the claim as the alleged interest in particular is objected to.

The defendant's point of view is the following:

The Supreme National Tax Board is authorised by section 34 of the Danish Tax Act

718

to submit to the Tax Council all tax assessments that it finds to be incorrect to be increased, and no time limit applies in such respect under the Act when it comes to assessments if there is an accounting basis for the increase. When a tax assessment previously made under section 34 of the Danish Tax Act is increased, the period of limitation under the Act of 22 December 1908 for the claims by the Danish State and the municipalities for additional payment of underpaid tax starts to run from the date when the underpaid tax, after the increase of the assessment has been made, may be charged and in case of non-payment collected by statutory debt collection.

In the alternative, the defendant pleads that the period of limitation for the mentioned claims may only run from the date when the Supreme National Tax Board learned, after the ordinary investigation that started in 1931 into the tax assessments of the plaintiff (and other cryolite shareholders) for the subsequent tax years, that the plaintiff's tax return of his taxable income for the tax year 1926/27 had been incorrect.

As neither the competent authority under section 34 of the Danish Tax Act, the Supreme National Tax Board or the local tax authorities for the market town of Stege realised that Judge Richter's tax return for 1926/27 was inadequate more than five years before the payment on 18 October 1933 that was made to prevent statutory debt collection and which definitely under section 2 of the Danish Limitation Act had to suspend a running period of limitation for the appealed tax claim, the claim against the defendant will thus for that very reason be dismissed.

The plaintiff finds that the costs of the case should be paid as specified below.- - -

This judgment is upheld by the Danish Supreme Court according to its reasons. The appellant is ordered to pay a fee before the Danish Supreme Court of DKK 300 to Kammeradvokaten.

**U.1935.715H**

*A's indkomstskat for 1926-027 forhøjedes ved skatteråds-kendelse af 26-04 1933. A påstod forældelse, men fik ej medhold, da skattemyndighederne ej havde været bekendt med manglerne ved A's selvangivelse i 5 år.*

*Skatter 72.3 - 7.3 - Pengevæsen m.v. 58.3.*

♦ **Forældelse I - Skatter II.** Paa Foranledning af Landsoverskatteraadet (L) blev A's Ansættelse til Indkomstskat for 1926/27 optaget til fornyet Prøvelse og ved Skatteraads-Kendelse af 26 April 1933, stadfæstet d 1 den 14 Juni 1934, blev Ansættelsen forhøjet med 12000 Kr, hvilket Beløb i nævnte Skatteaar var tilfaldet A som Ejer af Andele i Kryolithselskabet ved Overførsel af 1 Million Kroner fra et Dispositionsfond til dets Aktiekapital.[1] For at afværge Udpantning blev Skatten af A indbetalt den 18 Okt 1933, men A paastod den derefter tilbagebetalt som forældet. Finansministeriet frifandtes allerede som Følge af, at hverken 1 eller de stedlige Skattemyndigheder 5 Aar forud for 18 Okt 1933 havde været paa det rene med det ufyldestgørende i A's Selvangivelse.[2]

**H. D. 27. Maj 1935 i sag 195/1934***

*Fhv Dommer A B Richter (Højesteretssagføret Ahnfelt-Ronne)*
mod
*Finansministeriet (Kammeradvokaten v/ Højesteretssagfører Arne Kemp).*

**Østre Landsret**

**Østre Landsrets Dom 26 September 1934**
**716**
.

Paa en Generalforsamling, der afholdtes den 7 Februar 1925 i A/S Kryolith-Mine- og Handels Selskabet, vedtoges det at overføre et Beløb paa 1 Million Kroner fra et Dispositionsfond til Selskabets Aktiekapital, der herefter kom til at andrage 3 Millioner Kroner. Aktierne i det nævnte Selskab lyder ikke paa noget Beløb, men paa Andele, ialt 1000 Andele, saaledes at Indehaveren af en Andel er lodtagen med en Tusindedel i Selskabets Ejendomme og Rettigheder. Gennem Selskabets Selvangivelse af 17 August 1926 blev Direktoratet for Københavns Skattevæsen kendt med den nævnte Aktieudvidelse, og fra Selskabet modtog Direktoratet, efter Begæring, under 11 Juni 1927 en Fortegnelse over samtlige Selskabets bekendte Aktionærer i et Antal af 57. Over for flere af de i København bosatte Aktionærer forhøjedes Skatteansættelsen ved Direktoratets Foranstaltning efter stedfundet Undersøgelse.

Til Brug ved en Undersøgelse af Kryolithaktionærernes Ansættelse til Statsskat for de senere Skatteaar fik Landsoverskatteraadets Ligningsafdeling ved Henvendelse til Københavns Skattedirektorat i Begyndelsen af 1931 tilstillet ovennævnte Aktionærfortegnelse, der bl a indeholder:

»Navn: cand jur A B Richter.
Bopæl: Dommergaarden, Stege.«

Ved Skrivelse af 24 April 1931 til Skatteraadet for Vordingborg Skattekreds udbad Ligningsafdelingen sig Dommer af Stege Andr B Richters Selvangivelser og Formueskemaer for Skatteaarene 1917/18- 1930/31 ind. Ved Skrivelse af 9 Maj 1931 til Selskabets Direktion udbad Ligningsafdelingen sig Oplysning om, med hvor store Aktieandele Aktionærerne staar indtegnet i Selskabets Bøger i Tiden siden 1 Januar 1918 samt paa hvilket Tidspunkt de paagældende har erhvervet Andelene. Disse Oplysninger fremsendte Selskabet den 28 Maj 1931.

Den 9 Februar 1932 tilskrev Selskabets Direktør, Overretssagfører C F Lerche, paa Selskabets Vegne Dommer Richters Søn, Landsretssagfører E Richter, og meddelte, at der den 8 s M med Landsoverskatteraadet var afsluttet et Forlig, gaaende ud paa ved Beregning af Formueskat for Aarene 1918-30 at fastsætte Aktiernes Værdi til 4250 Kr for hvert enkelt Aar.

Efter Forhandlinger med Overretssagfører Lerche tilskrev Landsoverskatteraadets Ligningsafdeling ham den 15 Juni 1932 saaledes:

»Efter Aftale ved personlig Forhandling d 3 d M skal man hoslagt fremsende Afskrifter af de her for nedennævnte Skatteydere foretagne Opgørelser af deres skattepligtige Indkomst og Formue for de senere Skatteaar, tilligemed Udkast til Erklæringer angaaende Betaling af for lidt erlagt Skat, der bedes foranlediget indsendt hertil i underskrevet Stand. - - -

5) K 1742, Dommer A B Richter,

For Dommer Richters Vedkommende medfulgte med ovennævnte Skrivelse Tilbud angaaende mindelig Afvikling ved Betaling af ialt 2049 Kr 34 Øre. Heri var indbefattet dels et Efterkrav af Formueskat

**717**

paa Grund af ovennævnte Forlig, dels et Efterkrav paa Indkomstskat for Skatteaaret 1926/27, idet Dommer Richter ved sin Selvangivelse til Brug for nævnte Skatteaar ikke havde medregnet den Værdi, der ved den i 1925 foretagne Overførsel af 1 Million Kroner fra et Dispositionsfond til Aktiekapital var tilfaldet ham som Ejer af 12 Andele, hvilken Overførsel efter Skattemyndighedernes, af Højesteret (s U f R 1931 p 54) tiltraadte Opfattelse i skattemæssig Henseende maatte sidestilles med Udstedelse af Friaktier.

I Anledning af ovennævnte Tilbud om mindelig Ordning tilskrev Overretssagfører Lerche den 20 August 1932 Landsoverskatteraadets Ligningsafdeling et Brev, hvoraf fremgik, at Dommer Richter havde rejst et Forældelsesspørgsmaal. Denne Indsigelse havde kun Hensyn til Spørgsmaalet om Efterbetaling af Indkomstskat for 1926/27. Efter Veksling af Breve mellem Ligningsafdelingen og Overretssagfører Lerche tilskrev Landsretssagfører Richter den 26 September 1932 Ligningsafdelingen et Brev, hvori det gøres gældende, at det nævnte Krav er forældet, idet Skattemyndighederne i mere end 5 Aar har været bekendt med Kravet mod Dommer Richter.

Den almindelige Ordning gennemførtes herefter for Dommer Richters Vedkommende alene med Hensyn til Formueskatten, medens Landsoverskatteraadet den 3 Marts 1933 i Medfør af Skatteloven Nr 149 af 10 April 1922 § 34 bemyndigede Skatteraadet for Vordingborg Skattekreds til at optage Dommer Richters Ansættelse til Indkomstskat for 1926/27 til fornyet Prøvelse. Ved

---

[1] Jfr H D 25 November 1930 i U f R 1931 A p 54.

[2] For Højesteret blev det fra Appellantens Side gjort gældende, at Landsoverskatteraadet i Februar 1928 gennem Akterne i den i H D 25 November 1930 omhandlede Skattesag var blevet bekendt med Kryolithselskabets Forhold og saaledes ved sædvanlig Agtpaagivenhed vilde have været i Stand til at kræve Skatten betalt før 18 Okt 1928, jfr Lov Nr 274 af 22 Dec 1908 § 3. - Jfr U f R 1927 A p 478.

* H R T 1935 p 225.

Copyright © 2021 Karnov Group Denmark A/S

Kendelse af 26 April 1933 forhøjede Skatteraadet Dommer Richters
Ansættelse til Indkomstskat for nævnte Skatteaar med 12000 Kr.
Denne Afgørelse indklagede Landsretssagfører Richter paa sin
Faders Vegne den 16 Maj 1933 for Landsoverskatteraadet.

Da der hos Dommer Richter var begært Udpantning bl a for 1471
Kr 50 Øre som Efterbetaling af Statsindkomstskat for 1926/27,
indbetaltes Beløbet til Stege Kommune den 18 Oktober 1933, men
med Forbehold af Ret til Tilbagesøgning.

Den 14 Juni 1934 stadfæstede Landsoverskatteraadet den
paaklagede Skatteraadskendelse af 26 April 1933, idet
Forældelsesindsigelsen forkastedes.

Sagsøgeren, fhv Dommer A B Richter, nu af Vallø, paastaar
herefter under denne ifølge Stævning af 18 August 1934 anlagte
Sag Sagsøgte, Finansministeriet, tilpligtet paa Statskassens Vegne
at betale Sagsøgeren ovennævnte under Forbehold erlagte Beløb
af 1471 Kr 50 Øre med Renter 5 pCt p a fra den 1 Juli 1933.
Sagsøgeren hævder, at Kravet har været forældet efter Lov Nr 274
af 22 December 1908 § 1 Nr 4, idet der er forløbet over 5 Aar fra
det Tidspunkt, Kravet kunde være gjort gældende, og til der fra
Skattemyndighedernes Side er foretaget de Skridt, der efter Loven
kræves til Afbrydelse af Forældelsen.

Sagsøgte paastaar Frifindelse, idet der specielt protesteres mod
de paastaaede Renter.

Sagsøgtes Standpunkt er følgende:

Landsoverskatteraadet har i Skattelovens § 34 Hjemmel til at

**718**

tilstille Skatteraadet alle Skatteansættelser, som det finder urigtige,
til Forhøjelse, og der gælder ifølge Loven ikke nogen Tidsfrist i
saa Henseende, naar det drejer sig om Ansættelser, for hvis
Forhøjelse der er regnskabsmæssigt Grundlag. Naar en tidligere
stedfundet Skatteansættelse i Medfør af Statsskattelovens § 34
forhøjes, begynder Forældelsesfristen i Henhold til Loven af 22
December 1908 for Statens og Kommunens Krav paa Efterbetaling
af for lidt erlagt Skat at løbe fra det Tidspunkt at regne, da den for
lidt erlagte Skat efter stedfundet Forhøjelse af Ansættelsen kan
opkræves og i Mangel af Betaling inddrives ved Udpantning.

Subsidiært hævder Sagsøgte, at Forældelsesfristen for de nævnte
Krav først kan løbe fra det Tidspunkt, da Landsoverskatteraadet
efter den i 1931 indledede almindelige Undersøgelse af Sagsøgerens
(og andre Kryolith-Aktionærers) Skatteansættelser for de senere
Skatteaar havde faaet Kendskab til, at Sagsøgerens Selvangivelse
af hans for Skatteaaret 1926/27 skattepligtige Indkomst havde været
urigtig.

Da hverken den efter Skattelovens § 34 kompetente Myndighed,
Landsoverskatteraadet, eller de stedlige Skattemyndigheder for
Stege Købstad har været paa det rene med det ufyldestgørende i
Dommer Richters Selvangivelse for 1926/27 paa et Tidspunkt, der
ligger over 5 Aar forud for Betalingen den 18 Oktober 1933, der
skete til Afværgelse af Udpantning, og som i al Fald i Medfør af
Forældelseslovens § 2 maatte afbryde en for det omprocederede
Skattekrav løbende Forældelsesfrist, vil allerede som Følge heraf
Sagsøgte være at frifinde.

Sagens Omkostninger findes Sagsøgeren at burde udrede som
nedenfor anført. - - -

Denne Dom stadfæstedes af Højesteret i Henhold til dens Grunde.
I Salær for Højesteret til Kammeradvokaten paalagdes det
Appellanten at betale 300 Kr.

Copyright © 2021 Karnov Group Denmark A/S

I, the undersigned, Jeanette Riis, certify that the preceding text in the English language is to the best of my knowledge and belief a true and faithful translation of the attached Danish judgment referred to as U.1935.715H in the Danish language.

Witness my hand and official seal.

Copenhagen, 23 May 2022

Jeanette Riis

MA in Translation and Interpretation (English)