# LIONBRIDGE

STATE OF NEW YORK      )
                       )
                       )  ss
                       )
COUNTY OF NEW YORK     )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Danish into English of the attached document U.1959.380/2Ø. I affirm that the linguist responsible for producing this translation is fluent in both the Danish and English languages.

_____
Lynda Green, Senior Managing Editor
Lionbridge

Sworn to and subscribed before me this 6th day of June, 2022.

ETHAN WIN LY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01LY6323702
Qualified in New York County
My Commission Expires 04-27-2023

259 W 30th Street, 11th Floor  New York, NY 10001  +1.212.631.7432

U.1959.380/2Ø

*Limitation period for claim for greater weight tax on motor vehicles calculated from clarification of matter.*

*Taxes 9 — Financial Matters, etc. 58.3.*

♦ A violation of § 27 of Danish Executive Order No. 192 of June 30, 1932, on Motor Vehicles has been presumed to be statute-barred, whereas

**381**

a violation of Consolidation Act No. 123 of March 23, 1932, on Motor Vehicle Fees was not found to be statute-barred. Insofar as the claim for payment in arrears of weight tax on motor vehicles, the period in accordance with § 3 of the Danish Act of December 22, 1908, was found to first be calculated from the clarification of the matter in connection with a police investigation initiated in 1956.

**Judgment of the High Court of Eastern Denmark of December 02, 1958, in Appeal No. IV 192/1958**

## The High Court of Eastern Denmark

In Appeal No. IV 192/1958, haulage contractor Jens Christian Nielsen was charged with having used a trailer from 1938 to 1942, which had been fitted immediately after registration with a detachable load platform, which he failed to report, whereby he evaded having to pay tax on the greater weight, and with committing a similar offense in the period from April 09, 1947, to May 03, 1950. The charges were brought in 1958.

The **Judgment of the High Court of Eastern Denmark of December 02, 1958** stipulates, as follows:

Whereas the penalty applicable to the Defendant for violation of the former provision (i.e., § 27 of Executive Order No. 192 of June 30, 1932) in pursuance of § 69, Paragraph 1, of the Danish Road Traffic Act is deemed, according to the circumstances, to have lapsed in accordance with § 92, Item 3, Sentence 2, of the Danish Criminal Code, since the provisions for limitation of criminal liability provided for in accordance with §§ 93 and 94 of this code are present, there is no legal basis to consider that the statute of limitations for the criminal liability incurred by the respondent for his violation of § 11, cf. § 1 and § 2, of Executive Order No. 123 of March 23, 1932, has expired, cf. in this connection § 92, Item 3, last Sentence, of the Danish Criminal Code. - - -

Insofar as the State Treasury's claim against the Respondent for greater weight tax on the motor vehicles in question is concerned, it is noted that the 5-year period provided for in § 3 of Danish Act No. 274 of December 22, 1908, under the circumstances referred to herein can earliest start from the clarification of the matter in connection with the police investigation undertaken against the respondent on July 13, 1956, which is why no part of the State Treasury's claim can be considered to be statute-barred and the respondent is therefore obligated to pay to the State Treasury the amount of DKK 6,012.50.

Copyright © 2021 Karnov Group Denmark A/S                        page 1

Case 1:18-md-02865-LAK    Document 834-30    Filed 06/27/22    Page 3 of 4

U.1959.380/2Ø

*Forældelse af krav på forøget vægtafgift regnedes fra forholdets opklaring.*

*Afgifter 9 - Pengevæsen m.v. 58.3.*

♦ Overtrædelse af § 27 i bek. nr. 192 af 30. juni 1932 om motorkøretøjer antaget forældet, medens

**381**

overtrædelse af lovbek. nr. 123 af 23. marts 1932 om afgift af motorkøretøjer ikke fandtes at kunne forældes. For så vidt angik kravet på efterbetaling af vægtafgift fandtes fristen efter § 3 i loven af 22. december 1908 først at kunne regnes fra forholdets opklaring under en i 1956 indledet politiundersøgelse.

**Ø.L.D. 2. december 1958 anke IV 192/1958**
# Østre Landsret
Under anke IV 192/1958 var vognmand Jens Christian Nielsen sat under tiltale for i årene 1938-42 at have benyttet en påhængsvogn, der umiddelbart efter indregistreringen var påmonteret et aftageligt lad, hvorom han ikke foretog anmeldelse, og hvorved han unddrog sig afgift af vægtforøgelsen, samt fra 9. april 1947 til 3. maj 1950 at have gjort sig skyldig i et tilsvarende forhold. Tiltale herfor blev rejst i 1958.

I **Ø.L.D. 2. december 1958** siges det:

Medens den af tiltalte for overtrædelse af førstnævnte bestemmelse (d. v. s. bek. nr. 192 af 30. juni 1932 § 27) i medfør af færdselslovens § 69, stk. 1, forskyldte straf efter omstændighederne skønnes at kunne bortfalde efter straffelovens § 92, nr. 3, 2. pkt., idet de i denne lovs §§ 93 og 94 angivne betingelser for strafansvarets forældelse er til stede, savnes der hjemmel til at anse det af tiltalte pådragne strafansvar for overtrædelse af lovbekendtgørelse nr. 123 af 23. marts 1932 § 11, jfr. § 1 og § 2, som forældet, jfr. herved straffelovens § 92, nr. 3, sidste pkt. - - -

Med hensyn til statskassens krav over for tiltalte på forøget vægtafgift af de heromhandlede motorvogne bemærkes, at den i lov nr. 274 af 22. december 1908 foreskrevne 5-års frist under de heromhandlede omstændigheder efter lovens § 3 tidligst vil kunne regnes fra forholdets opklaring under den den 13. juli 1956 mod tiltalte indledede politiundersøgelse, hvorfor allerede af denne grund ingen del af statskassens krav kan anses forældet, og tiltalte vil derfor være at tilpligte at betale til statskassen 6012 kr. 50 øre.

Copyright © 2021 Karnov Group Denmark A/S                              side 1