

STATE OF NEW YORK    )
                     )
                     )    ss
                     )
COUNTY OF NEW YORK   )

### CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Danish into English of the attached document U.1936.677H.

Lynda Green, Senior Managing Editor
Lionbridge

Sworn to and subscribed before me
this  1  day of  June , 20 22 .

JEFFREY AARON CURETON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CU6169789
Qualified in New York County
My Commission Expires 09-23-2023

**U.1936.677H**

*A was charged DKK 3,053 in back taxes. Since he had provided the necessary information, and since more than 5 years had elapsed after the claim could have been raised, the claim had lapsed.*

*Taxes 7.3 - Monetary system, etc. 58.3*

♦ **Taxes II** - Lapse I. After an audit conducted in 1933 by the National Tax Tribunal pursuant to § 34 of the State Tax Act, A was assessed an amount of DKK 3,053.85 in back taxes for the years 1920/21-1926/27. However, since A in his statements to the local tax authorities had provided the information necessary for a correct decision regarding his tax liability, and since, after the consequent tax claims after a regular assessment could have been asserted against him, the course had been more than 5 years, cf. § 1 of Act No. 274 of December 22, 1908, without any interruption to the statute of limitations, pursuant to § 2 of the Act, with regard to the part of the tax on which the case revolved, the tax claim raised must be considered to have lapsed.[1]

**Supreme Court Ruling May 14, 1936, in case 216/1935\***

*Parish Council Chairman, Proprietor, Jørgen Greve (Supreme Court Attorney Ejvind Møller)*
versus
*The Ministry of Finance (Government Attorney).*

**Eastern High Court**
**Eastern High Court Ruling, October 10, 1935.**

The information in the case is as follows: The plaintiff, Proprietor Jørgen Greve, whose first wife had died in 1917, divided an estate when he entered into a new marriage in 1919, with his four children by his first marriage:
Inger M Jørgensen Greve, born September 26, 1903, Hans Chr Jørgensen Greve, born January 28, 1905, Astrid Jørgensen Greve, born August 09, 1906 and Erne Marie Jørgensen Greve, born March 28, 1906. Following a statement approved by the Probate Court on April 12, 1919 in accordance with § 78 of the Probate Act, each of the children inherited DKK 16,050. The inheritance tax thereof amounted to DKK 361.12 for each of the children, but the plaintiff gave DKK 311.12 to each of the children so that each net inheritance was DKK 16,000, which under the probate court's permission was to remain deposited "interest-free and irrevocable until the children turned 18 years old" with the plaintiff with the registered probate agreement. At the end of 1919, the plaintiff decided to pay the children's inheritance to the Probate Court, which payment was affected by him submitting assets for each of the children in a sum of DKK 20,800, which funds were then submitted by the Probate Court to the Public Trustee's Office on January 10, 1920 accompanied by the remark: "Interest should be added." This last provision was made in accordance with an agreement between the plaintiff and the children's guardian, farm owner Niels Andersen of Bred, who last stated in a declaration of October 20, 1934, which was presented during the case, that it was an absolute precondition for the placement of the children's maternal inheritance with the Public Trustee's Office "...that Greve was not allowed to dispose of the interest floating on these principals, and Greve has not done this, as the interest is still continually added to the principal". On his tax return for 1920, the plaintiff deducted the DKK 64,000 DKK in question from his assets and stated as assets DKK 120,000. Vissenbjerg Parish Council increased the assets to DKK 184,000, an assessment plaintiff appealed to the Bogense Tax Council, on May 04, 1920.

**678**

On May 14, 1920, said Tax Council issued a ruling, according to which the plaintiff's taxable assets would be reduced to 120,000 DKK, which was justified by the fact that the DKK 64,000 that the children's inheritance amounted to were deposited with the Public Trustee's Office, so that neither the principal nor interests could be paid before the children reached the age of majority, "where the principal is tax-free until that time". Thus, in the following years, the plaintiff did not pay taxes on either the children's principal or their interest. During a case pending before the Ministry of Taxation in 1930 on the obligation to pay gift tax on certain deposits made between the plaintiff and his children, the Ministry of Taxation became aware of the aforementioned circumstances and therefore requested the National Tax Tribunal to investigate the correctness of the plaintiff's tax assessments pursuant to § 34 of the State Tax Act for the years 1920/21 and following. These assessments, which were considered to be incorrect by the National tax Tribunal, were submitted to the Bogense Tax Council for an amendment by the tribunal on March 20, 1933 pursuant to the said § 34. Pursuant to this, Bogense Tax Council made an amended assessment, which was appealed by the plaintiff to the National Tax Tribunal, which the council, by order of December 20, 1933, in accordance with the information obtained during the appeal case regarding the children's' ages, places of residence and other circumstances, considered these to be independently taxable from times prior to the amended assessment by the Tax Council. After the tax assessments determined by the National Tax Tribunal, the plaintiff would have to pay back taxes of DKK 3,053.85 for the years in question. The case was then brought before the Ministry of Taxation, which was not able to enter into any conciliation arrangement, nor was able to agree to a relaxation of the claim for back taxes pursuant to § 37 of the State Tax Act, but which in a letter from March 15, 1935 announced, among other things, that the ruling by the National Tax Tribunal would not be changed. Since the plaintiff, who is now chairman of Vissenbjerg Parish Council, has had to pay the aforementioned tax amount, which he feels was unjustly charged to him, by summons of April 10, 1935, the plaintiff requested that the Ministry of Finance be ordered to repay him principally DKK 3,053.85, or secondarily DKK 1,177.15, each with specified Interest. In support of his principal claim, the applicant stated among other things: He submitted all necessary information in time to the Tax Council, whose ruling he must consider to be correct and final; there was no way for him, though he had thought of it, to seek confirmation of this order, all his later tax returns have rested on this order, and he has therefore acted in good faith with them all.

Following the National Tax Tribunal's order of December 20, 1933, concerning the tax assessments for the fiscal years 1920/21, 1921/22, 1922/23, 1923/24, 1924/25, 1925/26 and 1926/27; even though these must have been incorrect, he further claims that any claim for back-payment has lapsed pursuant to Act 274 of December 22, 1908, § 1 No. 4.

The respondents cannot claim that they were ignorant of the claims now asserted by them and are therefore entitled to

---

[1] Cf. UfR1918Ap821, 1927 Ap478 and 585 (Supreme Court Ruling), as well as 1935Ap715 (Supreme Court Ruling). * H R T 1936 p 152.

Copyright © 2021 Karnov Group Denmark A/S                                                                    page 1

**679**

set a later date for the commencement of the statute of limitations pursuant to § 3 of the Act of 1908, whereby the plaintiff has stated that the respondents cannot alleviate ignorance of anything that the relevant Tax Council knows, as the Tax Councils, whose members according to § 18 of the State Tax Act, are selected by the respondents, must be regarded as administrative officers for these, and as under § 30 of the State Tax Act, the Tax Councils must send a copy of the tax list to the National Tax Tribunal and a report compiled for the respondents in a more prescribed form on the outcome of the assessments. The fact that the plaintiff's asset declaration in 1920 dropped by DKK 64,000, that assets were then set at DKK 184,000, must have been sufficient to call the attention of the National Tax Tribunal and the respondents, and they can therefore not claim to have been in ignorant of the tax assessments in question. The claim must therefore be considered to have lapsed.

In support of his secondary claim, the plaintiff claims that the decision of the Tax Council for the tax years 1920/21 and 1921/22 was correct according to the existing legal provisions in effect at that time. § 12, No. 2, of State Tax Act No. 144, which was in effect with regard to the two tax years in question, cf. § 52 of the current State Tax Act, does not contain the provision introduced in the current § 12, No. 2, of the State Tax Act, in 3 sentences. The statement contained in Guideline No. 297 of December 31, 1912 for the Application of the State Tax Act of 1912, regarding Article 11, in Footnote No. 3, probably relates directly only to gifts, but must also take into account a condition such as the one currently in question here. . During the proceedings, it was stated that the part of the proposed claim relating to the two tax years mentioned here amounts to DKK 512 and DKK 665.15, respectively, totaling DKK 1,177.15, to the repayment of which is directed at the plaintiff's secondary claim.

The respondents request a favorable judgment and have argued in support of the following: The plaintiff has been involved in an error of law, which resulted in the Tax Council receiving an incorrect message in its statements at the time, and therefore issued an incorrect ruling. The funds submitted to the Public Trustee's Office pertained to the children's maternal inheritance, which had been rounded upwards by a relatively small gift from the plaintiff. The funds were interest-bearing when they were submitted to the Public Trustee's Office, and the plaintiff has not been able to unilaterally impose an obligation on the interest rates in such a way that this could have significance for the tax authorities. Pursuant to §15 of the State Tax Act of 1912, cf. § 7, the head of the family was obliged to pay both income and wealth tax on the income and assets of minor children living at home, insofar as they were not independently taxably employed independently, a rule corresponding to §§ 15 and 7 of the current State Tax Act, only that in § 7 it says "Children living at home ... who are 18 years of age or older". From the first of the tax years in question, the plaintiff was obliged to pay income tax and wealth tax on the children's income and assets.

The respondents then stated that their claims have no statute of limitations. It is incorrect when the plaintiff claims that the tax councils are the respondents' agents in the sense that everything they know is known to the respondents, and the reports on the outcome of the tax assessment,

**680**

which the tax councils must submit to the respondents under § 30 of the State Tax Act, are rather concise and only required for statistical reasons. The right of inquiry, which the National Tax Tribunal has under § 34 of the State Tax Act with regard to previous tax assessments, is less than the Statute of Limitations Act of 1908, as it was first introduced by § 34 of the State Tax Act of 1912, and according to this no time limit applies with regard to access to examine previous tax assessments when it comes to assessments, for whose increase there is, as here, an accounting basis, and the statute of limitations under the Act of 1908 then begins to run at the earliest from the moment the case is taken up for review, cf. § 42 of the State Tax Act, only for a specific case (concerning persons who have not been included in the tax assessment) it is stipulated that claims for back taxes must be made within 5 years after the end of the tax year in question.

In the present case, the matter did not come up until July 21, 1930 (as stated above in connection with another case) and on April 28, 1931, the Ministry of Taxation sent the case to the National Tax Tribunal, after which the case has proceeded as specified above. Already as a result, the respondents assert that their claim against the plaintiff for payment of back taxes has not lapsed.

According to the present case, the plaintiff has for all the tax years dealt with in the case been taxable with regard to the children's income and assets to the extent finally determined in the National Tax Tribunal's order of December 20, 1933, since a binding scheme with regard to the interest rate cannot be obtained, and since the gift point of view relied on by the plaintiff cannot be admitted, according to what is available about the deposited amount. Since the respondents must then be upheld in that the statute of limitations in Act No. 274 of December 22, 1908, when a previous tax assessment pursuant to § 34 of the State Tax Act is increased, it first begins to run from the time when the under-levied tax after the increase of assessment can be collected, and in the absence of payment, recovered by foreclosure, and since no objection has been raised during the proceedings against the size of the amount for which the tax claim has finally been settled, the respondents will win a judgment. According to the circumstances, the costs of the case can be set aside. - - -

**The Supreme Court Ruling of the Supreme Court**

The ruling in question has been handed down by the Eastern High Court. Before the Supreme Court, the appellant has dropped the secondary claim.

In his statements to the local tax authorities, the appellant has provided the information necessary for a proper determination of his tax liability. After the subsequent claims for tax after a regular assessment could have been asserted against him by the state, the statute of limitations applicable to such claims under § 1 of Act No. 274 from December 22, 1908, is the period, without any interruption having occurred in this, in accordance with § 2 of the Act with regard to that part of the tax,

**681**

whereby it is noted that the appellant's mentioned payment of the tax amount was made on June 26, 1934. The claim raised by the respondents must therefore be considered to have lapsed, and the appellant's claim for repayment of the amount will thus be upheld. The respondents should pay costs for both courts to the appellant, in the amount of DKK 800.

***The ruling of the court is:***
*The respondent, the Ministry of Finance, should pay to the chairman of the Parish Council, Proprietor Jørgen Greve, DKK 3,053.85 with 5% interest thereof annually from June 26, 1934, until payment is made, and the costs of the case for both courts of DKK 800.*
*This must be settled within 15 days of the Supreme Court ruling.*

Case 1:18-md-02865-LAK    Document 834-36    Filed 06/27/22    Page 4 of 6

**U.1936.677H**

*A blev afkrævet 3053 kr. i efterbetaling af skat. Da han havde givet de fornødne oplysninger, og da der var forløbet mere end 5 år, efter at kravet kunne være rejst, var kravet forældet.*

*Skatter 7.3 - Pengevæsen m.v. 58.3.*

♦ **Skatter II** - Forældelse I. Efter en af Landsoverskatteraadet i 1933 i Medfør af Statsskattelov § 34 foretaget Efterprøvelse blev der afkrævet A et Beløb af 3053 Kr 85 Øre som Efterbetaling af Skat for Aarene 1920/21-1926/27. Da A imidlertid i sine Angivelser til de stedlige Skattemyndigheder havde givet de til en rigtig Afgørelse af hans Skattepligt fornødne Oplysninger, og da der, efter at de heraf følgende Krav paa Skat efter sædvanlig Ansættelse kunde være gjort gældende mod ham, var forløbet mere end 5 Aar, jfr Lov Nr 274 af 22 December 1908 § 1, uden at der i Forældelsesfristen havde fundet Afbrydelse Sted ovsst med Lovens § 2 m H t den Del af Skatten, hvorom Sagen drejede sig, maatte det rejste Skattekrav anses forældet.[1]

**H. D. 14. Maj 1936 i sag 216/1935**[*]

*Sogneraadsformand, Proprietær Jørgen Greve (Højesteretssagfører Ejvind Møller)*
mod
*Finansministeriet (Kammeradvokaten).*

## Østre Landsret
### Østre Landsrets Dom 10 Oktober 1935.

Af Sagens Oplysninger fremgaar følgende: Sagsøgeren, Proprietær Jørgen Greve, hvis første Hustru var død i 1917, skiftede, da han i 1919 indgik nyt Ægteskab, med sine fire Børn af første Ægteskab: Inger M Jørgensen Greve, født 26 September 1903, Hans Chr Jørgensen Greve, født 28 Januar 1905, Astrid Jørgensen Greve, født 9 August 1906 og Erne Marie Jørgensen Greve, født 28 Marts 1906. Efter en den 12 April 1919 af Skifteretten godkendt Opgørelse i Henhold til Skiftelovens § 78 udlagdes der hvert af Børnene i Arv 16050 Kr; Arve- afgiften heraf androg for hvert af Børnene 361 Kr 12 Øre, men Sagsøgeren skænkede hvert af Børnene 311 Kr 12 Øre, saaledes at hvers Netto Arv blev 16000 Kr, hvilken Arv i Henhold til Skifterettens Tilladelse skulde forblive indestaaende »rentefrit og uopsigeligt indtil Børnenes fyldte 18de Aar« hos Sagsøgeren mod tinglæst Skifteekstrakt. I Slutningen af 1919 bestemte Sagsøgeren sig til at indbetale Børnenes Arv til Skifteretten, hvilken Indbetaling effektueredes derved, at han for hvert af Børnene indleverede offenlige Aktiver til Paalydende 20 800 Kr, hvilke Midler derefter af Skifteretten indleveredes til Overformynderiet den 10 Januar 1920 med Bemærkning: »Renten ønskes oplagt«. Denne sidste Bestemmelse var truffet i Henhold til Aftale mellem Sagsøgeren og Børnenes Værge, Gaardejer Niels Andersen af Bred, hvilken sidste i en under Sagen fremlagt Erklæring af 20 Oktober 1934 har udtalt, at det ved Anbringelsen i Overformynderiet af Børnenes Mødrenearv var »en absolut Forudsætning«, at Greve ikke maatte disponere over de af disse Kapitaler flydende Renter - dette har Greve jo heller ikke gjort,

idet Renten stadig er tillagt Kapitalen«. I sin Skatteangivelse i 1920 fradrog Sagsøgeren i sin Formue de heromhandlede 64000 Kr og opgav som Formue 120000 Kr, Vissenbjerg Sogneraad forhøjede Formuen til 184000 Kr, hvilken Ansættelse Sagsøgeren den 4 Maj 1920

**678**

paaklagede til Skatteraadet for Bogense Skattekreds. Den 14 Maj 1920 afsagde nævnte Skatteraad en Kendelse, hvorefter Sagsøgerens skattepligtige Formue vilde være at nedsætte til 120000 Kr, hvilken Kendelse begrundedes dermed, at de 64000 Kr som Børnenes Arv udgjorde var indsat i Overformynderiet og saaledes at hverken Kapital eller Renter kunde udbetales førend Børnenes Myndighedsalder, »hvorfor Kapitalen er skattefri til den Tid«. I de følgende Aar betalte Sagsøgeren derfor ikke Skat hverken af Børnenes Kapital eller af deres Renter. Under en for Skattedepartementet i 1930 verserende Sag om Pligten til at betale Gaveafgift af nogle mellem Sagsøgeren og hans Børn foretagne Dispositioner blev Skattedepartementet bekendt med det ovenfor nævnte Forhold og anmodede derfor Landsoverskatteraadet om i Medfør af Statsskattelovens § 34 at undersøge Rigtigheden af de Sagsøgeren vedrørende Skatteansættelser for Aarene 1920/21 og følgende. Disse Ansættelser der af Landsoverskatteraadet ansaas som urigtige, blev af Raadet den 20 Marts 1933 i Medfør af nævnte § 34 tilstillet Bogense Skatteraad til Forandring. I Henhold hertil foretog Bogense Skatteraad en ændret Ansættelse, som af Sagsøgeren blev paaklaget til Landsoverskatteraadet, hvilket Raad, ved Kendelse af 20 December 1933, i Henhold til de under Klagesagen fremkomne Oplysninger om Børnenes Alder, Opholdssteder og øvrige Forhold ansaa disse for selvstændig skattepligtige fra tidligere Tidspunkter end ved den af Skatteraadet foretagne ændrede Ansættelse. Efter de af Landsoverskatteraadet fastslaaede Skatteansættelser vilde Sagsøgeren have at efterbetale i Statsskat for de paagældende Aar 3053 Kr 85 Øre. Sagen blev derefter indbragt for Skattedepartementet, der ikke har kunnet indgaa paa nogen forligsmæssig Ordning, ejheller i Medfør af Statsskattelovens § 37 har kunnet gaa med til en Lempelse af Efterbetalingskravet, men som i Skrivelse af 15 Marts 1935 meddelte blandt andet, at den af Landsoverskatteraadet afsagte Kendelse ikke vilde blive forandret. Da Sagsøgeren, der nu er Formand for Vissenbjerg Sogneraad, har været nødt til at indbetale det ovenommeldte Skattebeløb, som han formener med Urette er afkrævet ham, har han ved Stævning af 10 April 1935 paastaaet Finansministeriet dømt til at tilbagebetale ham principalt 3053 Kr 85 Øre, subsidiært 1177 Kr 15 Øre alt med nærmere angivne Renter. Til Støtte for den principale Paastand har Sagsøgeren anført bl a følgende: Han har i sin Tid forelagt alle nødvendige Oplysninger for Skatteraadet, hvis Kendelse han maatte anse for rigtig og endelig; der var ingen Udvej for ham, selv om han havde tænkt paa det, til at søge Stadfæstelse paa denne Kendelse, alle hans senere Skatteangivelser har hvilet paa denne Kendelse, og han har derfor ved dem alle været i begrundet god Tro.

Efter Landsoverskatteraadets Kendelse af 20 December 1933 drejer Sagen sig om Skatteansættelserne for Skatteaarene 1920/21, 1921/22, 1922/23, 1923/24, 1924/25, 1925/26 og 1926/27; selv om disse maatte have været urigtige, hævder han endvidere, at ethvert Krav paa Efterbetaling er forældet i Medfør af Lov 274 af 22 December 1908 § 1 Nr 4.

De Sagsøgte kan ikke gøre gældende, at de har været i utilregnelig Uvidenhed om det af dem nu hævdede Krav og derfor berettigede til

---

**1** Jfr U f R 1918 A p 821, 1927 A p 478 og 585 (H D) samt 1935 A p 715 (H D).
**\*** H R T 1936 p 152.

**679**

i Henhold til § 3 i Loven af 1908 at lægge et senere Tidspunkt til Grund for Begyndelsen af Forældelsesfristens Løb, hvorved Sagsøgeren har anført, at de Sagsøgte ikke kan paaskyde Uvidenhed om noget, som vedkommende Skatteraad ved, idet Skatteraadene, hvis Medlemmer ifølge Skattelovens § 18 vælges af de Sagsøgte, er, at anse som Fuldmægtige for disse, og idet Skatteraadene efter Skattelovens § 30 skal sende et Eksemplar af Skattelisten til Landsoverskatteraadet og en i nærmere foreskrevet Form affattet Indberetning om Ligningens Udfald til de Sagsøgte. Den Omstændighed, at Sagsøgerens Formueangivelse i 1920 faldt med 64000 Kr, at Formuen derefter ansattes til 184000 Kr, maatte være tilstrækkelig til at paakalde Landsoverskatteraadets og de Sagsøgtes Opmærksomhed, og de kan derfor ikke hævde at have været i undskyldelig Uvidenhed om de paaklagede Skatteansættelser. Kravet maa derfor anses som forældet.

Til Støtte for sin subsidiære Paastand har Sagsøgeren hævdet, at Skatteraadets Afgørelse for Skatteaarene 1920/21 og 1921/22 efter de da foreliggende Lovbestemmelser var rigtig. Statsskattelov Nr 144 af 8 Juni 1912 § 12 Nr 2, der var gældende med Hensyn til de to heromhandlede Skatteaar, jfr nugældende Statsskattelov § 52. indeholder ikke den i den nugældende Statsskattelovs § 12, Nr 2 i 3 Punktum indførte Bestemmelse. Den i Vejledning Nr 297 af 31 December 1912 til Anvendelse af Skatteloven af 1912 ad Artikel 11 i Fodnote Nr 3 indeholdte Udtalelse vedrører vel direkte kun Gaver, men maa under Hensyn til de da foreliggende Lovbestemmelser ogsaa kunne finde Anvendelse paa et Forhold som det her foreliggende. Under Sagen er det oplyst, at den Del af det fremsatte Efterkrav, der vedrører de hernævnte to Skatteaar, andrager henholdsvis 512 Kr og 665 Kr 15 Øre ialt 1177 Kr 15 Øre, til hvis Tilbagebetaling Sagsøgerens subsidiære Paastand sigter.

De Sagsøgte paastaar sig frifundet og har til Støtte herfor anført bl a følgende: Sagsøgeren har svævet i en Retsvildfarelse, som medførte, at Skatteraadet ved hans Udtalelser i sin Tid fik en forkert Besked, og derfor afgav en urigtig Kendelse. De i Overformynderiet indleverede Midler var Børnenes Mødrenearv, der ved en forholdsvis ringe Gave fra Sagsøgerens Side var rundet opad; Midlerne var ved Indleveringen til Overformynderiet rentebærende, og Sagsøgeren har ikke ensidig kunnet paalægge sig en Forpligtelse til ikke at hæve Renterne paa en saadan Maade, at dette kunde faa Betydning for Skattemyndighederne. Efter Skatteloven af 1912 dens § 15, jfr § 7 var Familieoverhovedet pligtig til at svare baade Indkomst- og Formueskat af hjemmeværende ikke fuldmyndige Børns Indtægter og Formue, forsaavidt de ikke var ansat selvstændig til Skat, en Regel, der svarer til nugældende Skattelovs §§ 15 og 7, blot at der i § 7 staar »hjemmeværende Børn... der er 18 Aar eller derover«. Sagsøgeren var derfor lige fra det første af de heromhandlede Skatteaar pligtig at betale Indkomstskat og Formueskat af Børnenes Indtægter og Formue.

De Sagsøgte har dernæst anført, at deres heromhandlede Krav ikke er forældet. Det er urigtigt, naar Sagsøgeren paastaar, at Skatteraadene er de Sagsøgtes Fuldmægtige i den Forstand, at alt hvad disse ved, eo ipso vides af de Sagsøgte, og de Indberetninger om Ligningens

**680**

Udfald, som Skatteraadene efter Skattelovens § 30 skal indsende til de Sagsøgte, er ganske summariske og kun krævede af statistiske Hensyn. Den Undersøgelsesret, som Landsoverskatteraadet efter Skattelovens § 34 har med Hensyn til tidligere Skatteansættelser er yngre end Forældelsesloven af 1908, idet den første Gang er indført ved Skatteloven af 1912 § 34, og efter denne gælder der ikke nogen Tidsfrist med Hensyn til Optagelse til Undersøgelse af tidligere Skatteansættelser, naar det drejer sig om Ansættelser, for hvis Forhøjelse der som her er regnskabsmæssig Grundlag, og Forældelsesfristen efter Loven af 1908 begynder da tidligst at løbe fra det Øjeblik Sagen er taget op til Undersøgelse, jfr hermed ogsaa, at der i Skattelovens § 42 kun for et bestemt Tilfælde - vedrørende Personer, der ikke er blevet medtaget ved Skatteansættelsen - er fastsat, at Krav paa Efterbeskatning maa gøres gældende inden 5 Aar efter Udløbet af det paagældende Skatteaar.

I det foreliggende Tilfælde kom Sagen først op den 21 Juli 1930 - som ovenfor anført i Anledning af en anden Sag - og den 28 April 1931 sendte Skattedepartementet Sagen til Landsoverskatteraadet, hvorefter Sagen har udviklet sig som foran nærmere anført. Allerede som Følge heraf hævder de Sagsøgte, at deres Krav mod Sagsøgeren paa Efterbetaling af Skat ikke er forældet.

Efter det foreliggende har Sagsøgeren for alle de Skatteaar, der omhandles i sagen, været skattepligtig med Hensyn til Børnenes Indkomst og Formue i det Omfang som endelig er opgjort i Landsoverskatteraadets Kendelse af 20 December 1933, idet bindende Ordning med Hensyn til Renteoplægget ikke kan anses truffet, og idet det af Sagsøgeren paaberaabte Gavesynspunkt efter det om Dispositionen foreliggende ikke kan admitteres. Da der dernæst maa gives de Sagsøgte Medhold i, at Forældelsesfristen i Lov Nr 274 af 22 December 1908, naar en tidligere stedfundet Skatteansættelse i Medfør af Statsskattelovens § 34 forhøjes, først begynder at løbe fra det Tidspunkt at regne, da den for lidt erlagte Skat efter stedfundet Forhøjelse af Ansættelsen kan opkræves og i Mangel af Betaling inddrives ved Udpantning, samt da der ikke under Sagen er fremsat Indsigelse mod Størrelsen af det Beløb, hvortil Skattekravet endelig er opgjort, vil de Sagsøgte være at frifinde. Sagens Omkostninger findes efter Omstændighederne at kunne ophæves. - - -

## Højesteret

### Højesterets Dom

Den indankede Dom er afsagt af Østre Landsret. For Højesteret har Appellanten frafaldet den subsidiære Paastand.

Appellanten har i sine Angivelser til de stedlige Skattemyndigheder givet de til en rigtig Afgørelse af hans Skattepligt fornødne Oplysninger. Efter at de heraf følgende Krav paa Skat efter sædvanlig Ansættelse kunde være gjort gældende imod ham fra det offentliges Side, er den efter Lov Nr 274 af 22 December 1908 § 1 for saadanne Krav gældende Forældelsesfrist forløbet, uden at der i denne har fundet Afbrydelse Sted overensstemmende med Lovens § 2 med Hensyn til den Del af Skatten, hvorom der under

**681**

Sagen er Spørgsmaal, hvorved bemærkes, at Appellantens i Dommen nævnte Indbetaling af Skattebeløbet skete den 26 Juni 1934. Det af de Indstævnte rejste Krav maa herefter anses forældet, og Appellantens Paastand om Beløbets Tilbagebetaling vil saaledes være at tage til Følge.

Sagens Omkostninger for begge Retter findes Indstævnte at burde betale til Appellanten med 800 Kroner.

### *Thi kendes for Ret:*

*Indstævnte, Finansministeriet, bør til Appellanten, Sogneraadsformand, Proprietær* Jørgen Greve, *betale 3053 Kroner 85 Øre med Renter heraf 5 pCt aarlig fra den 26 Juni 1934, til Betaling sker, og Sagens Omkostninger for begge Retter med 800 Kroner.*

*Det idømte at udrede inden 15 Dage efter denne Højesteretsdoms Afsigelse.*