UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>SKAT TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br><br>1:19-cv-01781-LAK, 1:19-cv-01785-LAK,<br>1:19-cv-01791-LAK, 1:19-cv-01783-LAK,<br>1:19-cv-01788-LAK, 1:19-cv-01794-LAK,<br>1:19-cv-01798-LAK, 1:19-cv-01918-LAK,<br>1:19-cv-01922-LAK, 1:19-cv-01926-LAK,<br>1:19-cv-01928-LAK, 1:19-cv-01929-LAK,<br>1:19-cv-01931-LAK, 1:19-cv-01800-LAK,<br>1:19-cv-01803-LAK, 1:19-cv-01809-LAK,<br>1:19-cv-01812-LAK, 1:19-cv-01818-LAK,<br>1:19-cv-01792-LAK, 1:19-cv-01806-LAK,<br>1:19-cv-01808-LAK, 1:19-cv-01815-LAK,<br>1:19-cv-01870-LAK, 1:19-cv-01801-LAK,<br>1:19-cv-01810-LAK, 1:19-cv-01813-LAK | Master Docket 18-md-02865 (LAK)<br>ECF Case |

**DEFENDANTS' FIRST SET OF
CONTENTION INTERROGATORIES TO PLAINTIFF**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.3 and 33.3 of the Local Civil Rules for the U.S. District Court for the Southern District of New York ("Local Civil Rules"), defendants Joseph Herman, David Zelman, Edwin Miller, Ronald Altbach, Perry Lerner, Robin Jones, Ballast Ventures LLC Roth 401(K) Plan, Bareroot Capital Investments LLC Roth 401(K)Plan, Albedo Management LLC Roth 401(K) Plan, Dicot Technologies LLC Roth 401(K) Plan,  Fairlie Investments LLC Roth 401(K) Plan, First Ascent Worldwide LLC Roth 401(K) Plan, Battu Holdings LLC Roth 401(K) Plan, Cantata Industries LLC Roth 401(K) Plan, Crucible Ventures LLC Roth 401(K) Plan, Monomer Industries LLC Roth 401(K) Plan, Limelight Global Productions LLC Roth 401(K) Plan, Loggerhead Services LLC Roth 401(K) Plan, PAB Facilities Global LLC Roth 401(K) Plan, Plumrose Industries LLC Roth 401(K) Plan, Pinax

Holdings LLC Roth 401(K) Plan, Roadcraft Technologies LLC Roth 401(K) Plan, Sternway Logistics LLC Roth 401(K) Plan, Trailing Edge Productions LLC Roth 401(K) Plan, True Wind Investments LLC Roth 401(K) Plan, Eclouge Industry LLC Roth 401(K) Plan, Vanderlee Technologies Pension Plan, Vanderlee Technologies Pension Plan Trust, Cedar Hill Capital Investments LLC Roth 401(K) Plan, Green Scale Management LLC Roth 401(K) Plan, Fulcrum Productions LLC Roth 401(K) Plan, Keystone Technologies LLC Roth 401(K) Plan and Tumba Systems LLC Roth 401(K) Plan request that plaintiff Skatteforvaltningen ("SKAT") answers the contention interrogatories below (the "Contention Interrogatories"). The Contention Interrogatories shall be interpreted in according with the Definitions and Instructions immediately below. Plaintiff shall answer each of the Contention Interrogatories under oath within thirty (30) days of service, or by a time agreed to by the parties, and serve a copy of the answers to such Contention Interrogatories to the undersigned counsel.

## DEFINITIONS

The following definitions incorporate by reference the definitions contained in Local Civil Rule 26.3 and otherwise shall apply as follows:

1. The terms "Plaintiff," "You," and "Your" (and derivations thereof) mean Skatteforvaltningen and all of its employees, supervisors, agents, consultants, assigns, and representatives.

2. The full or abbreviated name of Plaintiff refers to Plaintiff and all of its employees, supervisors, agents, consultants, assigns, and representatives.

3. The term "person" means any natural person or legal entity, including any individual, corporation, council, firm, governmental entity, joint venture, partnership,

unincorporated association, or other incorporated or unincorporated entity, or group of individuals or entities, singular or plural, as the context may require.

    4.      The terms "all," "any," and "each" shall be consistent with the definitions set forth in Local Civil Rule 26.3.

    5.      The terms "and" and "or" shall be consistent with the definitions set forth in Local Civil Rule 26.3.

    6.      The term "identify" shall be consistent with the definition set forth in Local Civil Rule 26.3.

    7.      The term "communication" means any contact or act by which information or knowledge is transmitted or conveyed between or among two or more persons, including, without limitation, written contact by such means as letters, emails, text messages, instant messages, chats, transcribed voicemails, memoranda, social media posts or messages, or any other documents, and/or all contact by such means as face-to-face meetings and telephone.

    8.      The term "concerning" shall be consistent with the definition in Local Civil Rule 26.3.

    9.      The term "document" shall be consistent with the definition in Local Civil Rule 26.3.

    10.      The term "identify" with respect to persons and documents shall be consistent with the definitions in Local Civil Rule 26.3.

    11.      The terms "including," "includes," and "include" shall be construed to mean those terms, in each case, without limitation. Under no circumstance should use of the word "including" in any request be construed to limit the scope of the request.

12. The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

13. The term "26 Plans" covers Ballast Ventures LLC Roth 401(K) Plan, Bareroot Capital Investments LLC Roth 401(K)Plan, Albedo Management LLC Roth 401(K) Plan, Dicot Technologies LLC Roth 401(K) Plan, Fairlie Investments LLC Roth 401(K) Plan, First Ascent Worldwide LLC Roth 401(K) Plan, Battu Holdings LLC Roth 401(K) Plan, Cantata Industries LLC Roth 401(K) Plan, Crucible Ventures LLC Roth 401(K) Plan, Monomer Industries LLC Roth 401(K) Plan, Limelight Global Productions LLC Roth 401(K) Plan, Loggerhead Services LLC Roth 401(K) Plan, PAB Facilities Global LLC Roth 401(K) Plan, Plumrose Industries LLC Roth 401(K) Plan, Pinax Holdings LLC Roth 401(K) Plan, Roadcraft Technologies LLC Roth 401(K) Plan, Sternway Logistics LLC Roth 401(K) Plan, Trailing Edge Productions LLC Roth 401(K) Plan, True Wind Investments LLC Roth 401(K) Plan, Eclouge Industry LLC Roth 401(K) Plan, Vanderlee Technologies Pension Plan, Vanderlee Technologies Pension Plan Trust, Cedar Hill Capital Investments LLC Roth 401(K) Plan, Green Scale Management LLC Roth 401(K) Plan, Fulcrum Productions LLC Roth 401(K) Plan, Keystone Technologies LLC Roth 401(K) Plan and Tumba Systems LLC Roth 401(K) Plan.

14. The term "7 Plans" covers: Albedo Management LLC Roth 401(K) Plan, Ballast Ventures LLC Roth 401(K) Plan, Battu Holdings LLC Roth 401(K) Plan, Green Scale Management LLC Roth 401(K) Plan, Loggerhead Services LLC Roth 401(K) Plan, Plumrose Industries LLC Roth 401(K) Plan and Vanderlee Technologies Pension Plan.  For citations referring only to the Amended Complaints against the 7 Plans, these Contention Interrogatories cite to the Amended Complaint against Ballast Ventures LLC Roth 401(K) Plan.

15. The term "19 Plans" covers: Bareroot Capital Investments LLC Roth 401(K) Plan, Dicot Technologies LLC Roth 401(K) Plan, Fairlie Investments LLC Roth 401(K) Plan, First Ascent Worldwide LLC Roth 401(K) Plan, Cantata Industries LLC Roth 401(K) Plan, Crucible Ventures LLC Roth 401(K) Plan, Monomer Industries LLC Roth 401(K) Plan, Limelight Global Productions LLC Roth 401(K) Plan, PAB Facilities Global LLC Roth 401(K) Plan, Pinax Holdings LLC Roth 401(K) Plan, Roadcraft Technologies LLC Roth 401(K) Plan, Sternway Logistics LLC Roth 401(K) Plan, Trailing Edge Productions LLC Roth 401(K) Plan, True Wind Investments LLC Roth 401(K) Plan, Eclouge Industry LLC Roth 401(K) Plan, Vanderlee Technologies Pension Plan Trust, Cedar Hill Capital Investments LLC Roth 401(K) Plan, Fulcrum Productions LLC Roth 401(K) Plan, Keystone Technologies LLC Roth 401(K) Plan and Tumba Systems LLC Roth 401(K) Plan. For citations referring only to the Amended Complaints against the 19 Plans, these Contention Interrogatories cite to the Amended Complaint against Monomer Industries LLC Roth 401(K) Plan.

16. The term "Actions" means the cases listed in the caption above.

17. The term "Amended Complaints" means Plaintiff's First Amended Complaints filed in the 26 Actions in the caption above.

18. The term "Application" or "Applications" refers to all of the applications made by or on behalf of the 26 Plans for dividend withholding tax refunds pursuant to the double taxation treaty between Denmark and the United States, whether granted or not.

19. The term "Authorized Representative" has the same meaning as the capitalized term as used in Plaintiff's Amended Complaints (*see, e.g.* Case 1:19-cv-01801- LAK, Doc. 62 at ¶ 18 (the "Monomer Am. Compl.")).

20. The term "Broker-Custodian(s)" has the same meaning as the capitalized term as used in Plaintiff's Amended Complaints (*see, e.g.* Monomer Am. Compl. ¶ 9(c)).

21. The term "Individual Plan Participants" refers to Joseph Herman, David Zelman, Edwin Miller, Ronald Altbach, Perry Lerner and Robin Jones.

22. The term "Payment Agent(s)" has the same meaning as the capitalized term as used in Plaintiff's Amended Complaints (see, e.g. Monomer Am. Compl. ¶¶ 9(a) and (b)).

23. The term "SMLLC" or "SMLLCs" refers to the single-member limited liability companies Albedo Management LLC, Ballast Ventures LLC, Bareroot Capital Investments LLC, Battu Holdings LLC, Cantata Industries LLC, Cedar Hill Capital Investments LLC, Crucible Ventures LLC, Dicot Technologies LLC, Eclouge Industry LLC, Fairlie Investments LLC, First Ascent Worldwide LLC, Fulcrum Productions LLC, Green Scale Management LLC, Keystone Technologies LLC, Limelight Global Productions LLC, Loggerhead Services LLC, Monomer Industries LLC, PAB Facilities Global LLC, Pinax Holdings LLC, Plumrose Industries LLC, Roadcraft Technologies LLC, Sternway Logistics LLC, Trailing Edge Productions LLC, True Wind Investments LLC, Tumba Systems LLC and Vanderlee Technologies LLC.

## INSTRUCTIONS

The following instructions incorporate by reference the instructions contained in Local Rule 26.3 and otherwise shall apply as follows:

1. Unless otherwise stated, respond to these Contention Interrogatories as to the time period from January 1, 2012 to December 31, 2016.

2. If any document or information responsive to any of the following Contention Interrogatories is being withheld on a claim of attorney-client privilege, work-product protection, or any other privilege, the procedures set forth in Local Civil Rule 26.2 shall apply. Local Civil Rule 26.2 is incorporated as if fully set forth herein.

3. If you elect to answer any Contention Interrogatory in the manner provided by Federal Rule of Civil Procedure 33(d)(1), identify the documents with specificity (by Bates number) and produce them, organized according to Contention Interrogatory number so answered, on or before the date you answer the Contention Interrogatory. All documents should be produced in the manner, form, and position in which they are kept in the ordinary course of business and in the format specified in Defendants' First Requests for the Production of Documents.

4. If you cannot answer a Contention Interrogatory in full, you are directed to answer it to the fullest extent possible, specify the reasons for your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portion.

5. If, in responding to any of these Contention Interrogatories, you encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the Interrogatory.

6. You are reminded of your obligation under Federal Rule of Civil Procedure 26(e) to supplement or correct your responses should additional information or documents subsequently become known to you.

**INTERROGATORIES**

1. For the 7 Plans for which the Individual Plan Participants did not serve as the Authorized Representatives, do You contend that the Individual Plan Participants saw, reviewed or were provided information concerning the contents of the documents identified in paragraphs 33, 34, 75 and 76 of the Amended Complaint (*see, e.g.* Case 1:19-cv-01781- LAK, Doc. 60 ("Ballast Am. Compl."))[1] and, if not, what are the legal and factual bases for Your contention in paragraph 79 of the Amended Complaint (*id.*) that the Individual Plan Participants "intentionally,

---

[1] Identical allegations are contained in the same paragraphs in the Amended Complaints against each of the 7 Plans.

knowingly and/or recklessly made or caused to be made the material, false and fraudulent statements" in those documents?

2.  For the 7 Plans for which the Individual Plan Participants did not serve as the Authorized Representatives, do You contend that the Individual Plan Participants communicated with SKAT or with the Payment Agents and/or Broker-Custodians associated with the 7 Plans and, if so, what is the factual basis for Your contention?

3.  For the 7 Plans, what do You contend are the "material, false and fraudulent statements" that the Individual Plan Participants "intentionally, knowingly and or recklessly" made to SKAT?

4.  For the 19 Plans for which the Individual Plan Participants served as the Authorized Representatives, do You contend that the Individual Plan Participants had actual knowledge that the documents identified in paragraphs 33, 34, 77 and 78 of the Amended Complaints (*see, e.g.* Monomer Am. Compl.)[2] contained "material, false and fraudulent statements" and, if so, what is the factual basis for Your contention?

5.  For the 19 Plans for which the Individual Plan Participants served as the Authorized Representatives, do You contend that the Authorized Representatives performed any acts other than the execution of powers of attorney "grant[ing] the Payment Agent authority to act on behalf of the claimant" to further the alleged "fraudulent tax refund scheme" and, if so, identify the acts performed by the Authorized Representatives for the 19 Plans?

6.  For the 26 Plans, do You contend that the Individual Plan Participants knew the 26 Plans were "shams" and, if so, what are the factual and legal bases for Your contention?

---

[2] These allegations appear in the same paragraphs in the Amended Complaints against each of the 19 Plans except for: Fairlie Investments LLC Roth 401(K) Plan (¶¶ 33, 34, 76 and 77); Keystone Technologies LLC Roth 401(K) Plan (¶¶ 33, 34, 76 and 77) and Cantata Industries LLC Roth 401(K) Plan (¶¶ 33, 34, 78 and 79).

7. For the 26 Plans, what is the factual basis for Your contention that the Individual Plan Participants and the 26 Plans intentionally joined a "civil conspiracy in furtherance of the fraud"?

8. For the 26 Plans, what are the factual and legal bases for Your contention in paragraph 51 that the Individual Plan Participants "exerted control over [the 26 Plans] as [their] plan's sole participant[s], and used this control to commit the fraud on SKAT"? *See, e.g.* Ballast Am. Compl. and Monomer Am. Compl.

9. For the 26 Plans, do You contend that the Individual Plan Participants knew or should have known that the 26 Plans "did not own the shares [they] represented to SKAT that [they] owned, and had no dividend tax withheld" and, if so, what are the legal and factual bases for Your contention?

10. For the 26 Plans, what is the factual basis for Your contention in paragraph 86 of the Amended Complaint that the Individual Plan Participants "acted with knowledge, willful blindness, and/or recklessness in submitting claims for refunds of dividend withholding tax to SKAT with knowledge that they were not entitled to receive any refunds"? (*see* Ballast Am. Compl.)[3]

11. For the 26 Plans, what is the factual basis for Your contention in paragraph 87 of the Amended Complaint that the Individual Plan Participants "intentionally furthered the fraud and substantially assisted the fraud"? (Id.)[4]

---

[3] Though Ballast Ventures LLC is not a plan for which the Individual Plan Participant is alleged to have acted as an authorized representative, the same allegations are brought where the Individual Plan Participant is alleged to have acted as authorized representative. See, e.g. Monomer Am. Compl. at ¶ 88.

[4] Again, though Ballast is one of the 7 Plans, the same allegations are brought against the 19 Plans. See, e.g. Monomer Am. Compl. at ¶ 89.

12. Do You contend that U.S. pension plans that were the actual beneficial owners of the shares and dividends that were the subject of dividend tax refund applications submitted to SKAT, as a matter of law, cannot serve as nominees for themselves and others and, if so, what is the legal basis for Your contention?

13. Do You contend that SKAT has the legal or other authority to disregard the IRS determinations that the 26 Plans were qualified plans and, if so, what is the legal basis for Your contention?

14. Do You contend that, as a matter of law, the SMLLCs were required to conduct a trade or business in order to sponsor a 401K plan and, if so, what is the legal basis for Your contention?

15. Do You contend that, as a matter of law, that the investment activity authorized by the SMLLCs' operating agreements does not constitute a trade or business sufficient to sponsor a 401K plan and, if so, what is the legal basis for Your contention?

16. Do You contend that, as a matter of law, the SMLLCs were required to have employees other than the owners of the SMLLCs in order to sponsor a 401K plan and, if so, what is the legal basis for Your contention?

17. Do You contend that, as a matter of law, the SMLLCs were required to establish bank accounts in order to sponsor the 26 Plans and, if so, what is the legal basis for Your contention?

18. What is the legal basis for Your contention in paragraph 48 of the Amended Complaint that "[t]o the extent that [the 26 Plans] received funding from sources outside of [their] plan sponsor[s], such activity would similarly violate the funding requirements of the Internal

Revenue Code and disqualify [the 26 Plans] from being [] qualified pension plan[s]"? *See, e.g.* Ballast Am. Compl and Monomer Am. Compl.

19.     Do You contend that the Individual Plan Participants and/or the 26 Plans are liable for damages in amounts that exceed the amounts they retained after the payment of expenses and any amounts paid to the "Partnerships" (as that term is used in paragraphs 53 and 54, for example, of the Ballast Am. Compl.[5]) and others in connection with any trading conducted on behalf of the 26 Plans and, if so, what are the legal and factual bases for Your contention?

20.     What is the factual basis for Your contention in paragraph 82 of the Amended Complaint (*see, e.g.* Ballast Am. Compl.)[6] that the Individual Plan Participants' conduct "demonstrates a high degree of moral turpitude and wanton dishonesty"?

Dated:  New York, New York
        May 28, 2021

                                        KAPLAN RICE LLP

                                        By:  /s/ Michelle A. Rice

                                         142 West 57th Street, Suite 4A
                                         New York, New York 10019
                                         (212) 235-0300 (telephone)
                                         (212) 235-0301 (facsimile)
                                         mrice@kaplanrice.com

                                         *Attorneys for Crucible Ventures LLC Roth 401(k) Plan, Limelight Global Productions LLC Roth 401(k) Plan, Plumrose Industries LLC Roth 401(k) Plan, Roadcraft Technologies LLC 401(k) Plan, True Wind Investments LLC Roth 401(k) Plan, Albedo Management LLC Roth 401(k) Plan, Ballast Ventures LLC Roth 401(k) Plan, Fairlie Investments LLC Roth 401(k) Plan, Monomer Industries LLC Roth 401(k) Plan, Pinax Holdings LLC Roth 401(k) Plan, Sternway Logistics LLC Roth 401(k) Plan,*

---

[5]     See also, Monomer Am. Compl. at ¶¶ 52 and 53.

[6]     The same allegations are brought against the 19 Plans.  See, e.g. Monomer Am. Compl. at ¶ 84.

*Eclouge Industry LLC Roth 401(k) Plan, First Ascent Worldwide LLC Roth 401(k) Plan, Loggerhead Services LLC Roth 401(k) Plan, PAB Facilities LLC Roth 401(k) Plan, Trailing Edge Productions LLC Roth 401(k) Plan, Cedar Hill Capital Investments LLC Roth 401(k) Plan, Fulcrum Productions LLC Roth 401(k) Plan, Green Scale Management LLC Roth 401(k) Plan, Keystone Technologies LLC Roth 401(k) Plan, Tumba Systems LLC Roth 401(k) Plan, Bareroot Capital Investments LLC Roth 401(k) Plan, Battu Holdings LLC Roth 401(k) Plan, Cantata Industries LLC Roth 401(k) Plan, Dicot Technologies LLC Roth 401(k) Plan, Vanderlee Technologies Pension Plan, Ronald Altbach, Joseph Herman, Robin Jones, Perry Lerner, Edwin Miller and David Zelman*