UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION | MASTER DOCKET<br>1:18-md-02865 (LAK) |

## DEFENDANT DOSTON BRADLEY'S OBJECTIONS & ANSWERS TO PLAINTIFF SKATTEFORVALTNINGEN'S FIRST SET OF INTERROGATORIES

**PURSUANT TO** Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3(b), Defendant Doston Bradley ("Defendant" or "Bradley"), by and through his undersigned counsel, hereby objects and responds to Plaintiff Skatteforvaltningen's ("Plaintiff" or "SKAT") First Set of Interrogatories to Defendant Doston Bradley (the "Interrogatories") as follows:

### GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's Interrogatories to the extent that they purport to impose obligations on Defendant inconsistent with or in excess of Defendant's obligations under the Federal Rules or Civil Procedure and/or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2.      Defendant objects to Plaintiff's Interrogatories to the extent that they purport to call for information beyond Defendant's knowledge, possession, custody or control and to the extent they seek information and/or documents that are publicly available. Defendant's answers are based upon information known to him and not upon information within the possession, custody or control of any other individual, party or entity.

Request for Admission No. 15:

For each Plan in which You are a Plan Participant, admit that the Plan Participant did not make direct contributions to the Plan from the Plan Participant's net earnings from self-employment in 2014.

**RESPONSE:**

**Defendant objects to this request as vague and ambiguous with respect to the terms "direct contributions" and "net earnings from self-employment."  Defendant made contributions to any Plans opened as Plan Participant in 2014.**

**Subject to and without waiving the foregoing objections, Defendant admits but denies as to any Plan opened in 2014.**

Request for Admission No. 16:

For each Plan in which You are a Plan Participant, admit that the Plan Participant did not make direct contributions to the Plan from the Plan Participant's net earnings from self-employment in 2015.

**RESPONSE:**

**Defendant objects to this request as vague and ambiguous as to the terms "direct contributions" and "net earnings from self-employment."  Defendant made contributions to any Plans opened as Plan Participant in 2015.**

**Subject to and without waiving the foregoing objections, Defendant admits but denies as to any Plan opened in 2015.**

Request for Admission No. 17:

For each Plan in which You are a Plan Participant, admit that the Plan Participant did not make direct contributions to the Plan from the Plan Participant's net earnings from self-employment from January 1, 2016 to present.

**RESPONSE:**

**Defendant objects to this request as vague and ambiguous as to the terms "direct contributions" and "net earnings from self-employment."  Defendant made contributions to any Plans opened as Plan Participant in 2016.**

**Subject to and without waiving the foregoing objections, Defendant admits but denies as to any Plan opened in 2016.**

## F.R.C.P. 26(g)(1)(A) and 33(b)(5) Party Verification

I, Doston Bradley, do hereby certify that to the best of my knowledge, information, and belief formed after a reasonable inquiry, my foregoing answers to Plaintiff's Interrogatories are complete and correct as of this time.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Date: December 15, 2021

_____
DOSTON BRADLEY, Defendant

**F.R.C.P. 26(g)(1)(B) and 33(b)(5) Attorney Verification**

I, Joseph LoPiccolo, Esq., attorney of record for Defendant Doston Bradley, do hereby certify that to the best of my knowledge, information, and belief formed after a reasonable inquiry, that with respect to each objection asserted herein, it is:

(i) consistent with the Federal Rules of Civil Procedure and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

**POULOS LOPICCOLO, PC**
*Attorneys for Defendant Doston Bradley*

   **s/ *Joseph LoPiccolo***
JOSEPH LoPICCOLO, ESQ.
311 West 43rd Street
11th Floor, Suite 124
New York, New York 10036
Tel: (732) 757-0165
Fax: (732) 358-0180
Email: lopiccolo@pllawfirm.com

Dated: December 17, 2021
    New York, New York

# CERTIFICATION OF SERVICE

I, Joseph LoPiccolo, Esq., attorney of record for Defendant Doston Bradley, do hereby certify that the foregoing objections and answers to Plaintiff Skatteforvaltningen's First Set of Interrogatories to Defendant Doston Bradley was served upon Plaintiff's counsel of record on this, the 17th day of December 2021, via regular and electronic mail to the following addresses:

> William R. Maquire, Esq.
> Marc A. Weinstein, Esq.
> Neil J. Oxford, Esq.
> HUGHES HUBBARD & REED LLP
> One Battery Park
> New York, New York 10004-1482
> bill.maguire@hugheshubbard.com
> marc.weinstein@hugheshubbard.com
> neil.oxford@hugheshubbard.com

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

> Respectfully submitted,
>
> **POULOS LOPICCOLO, PC**
> *Attorneys for Defendant Doston Bradley*
>
> ____s/ *Joseph LoPiccolo*____
> JOSEPH LoPICCOLO, ESQ.
> 311 West 43rd Street
> 11th Floor, Suite 124
> New York, New York 10036
> Tel: (732) 757-0165
> Fax: (732) 358-0180
> Email: lopiccolo@pllawfirm.com

Dated: December 17, 2021
       New York, New York