UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKAT) TAX REFUND LITIGATION | MASTER DOCKET<br>1:18-md-02865 (LAK) |

**DEFENDANT ROGER LEHMAN'S PLANS'**
**OBJECTIONS & ANSWERS TO PLAINTIFF SKATTEFORVALTNINGEN'S**
**FIRST SET OF INTERROGATORIES TO CERTAIN PLAN DEFENDANTS**

**PURSUANT TO** Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3(b), Defendant Roger Lehman ("Defendant" or "Lehman"), by and through his undersigned counsel, hereby objects and responds to Plaintiff Skatteforvaltningen's ("Plaintiff" or "SKAT") First Set of Interrogatories to Certain Plan Defendants (the "Interrogatories") as follows[1]:

**GENERAL OBJECTIONS**

1. Defendant objects to Plaintiff's Interrogatories to the extent that they purport to impose obligations on Defendant f inconsistent with or in excess of Defendant's obligations under the Federal Rules or Civil Procedure and/or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2. Defendant objects to Plaintiff's Interrogatories to the extent that they purport to call for information beyond Defendant's knowledge, possession, custody or control and to the extent they seek information and/or documents that are publicly available. Defendant's answers are based

---

[1] These Interrogatory answers apply to all of the Plans listed on Schedule A of SKAT's Interrogatories in which Roger Lehman is named as a Co-Defendant with the Plan in an Action.

Interrogatory No. 6:

    Identify the proceeds that the Plan received from or in connection with the Refunds, and any payments or other fees paid to any payment agent; broker-custodian; broker; trading, loan, future, or forward counterparty; Ganymede Cayman Limited; or any other entity or individual.

**Objection(s): Defendant objects to this Interrogatory on the grounds that the phrase "the proceeds that the Plan received from or in connection with the Refunds" is vague, ambiguous and confusing and therefore the Interrogatory as a whole is not susceptible to a clear and definite response. Without waiving said objection(s) and subject thereto, Defendant answers as follows:**

**Answer: Plaintiff can ascertain a response to this Interrogatory by examining documents Bates-stamped as VALER00000098-121, FWCCAP00000228-256 and SANFVIL00000199-213 as examples of responsive documents that have already been produced in discovery in this action.**

Interrogatory No. 7:

    Identify any contributions made to the Plan, and for each contribution, identify the individual or entity that made that contribution; the date on which that contribution was made; the amount of that contribution; and the source of funds for that contribution.

**Objection(s): Defendant objects to this Interrogatory on the grounds that the term "contributions" and the phrase "the source of funds for that contribution" are vague, ambiguous and confusing and therefore the Interrogatory as a whole is not susceptible to a clear and definite response. Moreover, money is fungible so this Interrogatory seeks the disclosure of irrelevant information. Without waiving said objection(s) and subject thereto, Defendant answers as follows:**

**Answer: None.**

Interrogatory No. 8:

    Identify the Sponsoring Entity's annual revenues from the date of the Sponsoring Entity's formation to the present.

**Objection(s): None.**

**Answer: Valerius LLC made annual revenue of USD 383,211 in 2014. While Defendant intended the other entities to transact business, unfortunately, that never came to fruition.**

Interrogatory No. 9:

For any year that the Sponsoring Entity had revenue, describe the type of trade or business that the Sponsoring Entity conducted and identify the client(s) to which it provided services.

**Objection(s): None.**

**Answer: Valerius LLC was "primarily a trading business" and provided some "consulting work." (Lehman Dep. Tr. Vol. 1 at 139:19-21, 142:14-21).**

Interrogatory No. 10:

For any year that the Plan Participant received net earnings from the Sponsoring Entity or as a result of self-employment, identify the annual net earnings from the date of the Sponsoring Entity's formation to the present.

**Objection(s): None.**

**Answer: In 2014, Valerius LLC earned the amount of USD 383,211.**

Interrogatory No. 11:

If the Plan has been terminated, identify the date of termination and the reason for the termination.

**Objection(s): None.**

**Answer: See below chart. The reason for termination of the Plans so terminated was due to costs involved in maintaining the Plan and its associated LLC.**

| | |
|---|---|
| Sanford Villa Pension Plan | 05/03/2016 |
| The Aston Advisors LLC 401(K) Plan | 03/02/2017 |
| The FWC Capital LLC Pension Plan | 05/03/2016 |
| The RDL Consulting Group LLC Pension Plan | DORMANT |
| The Valerius LLC Solo 401(K) Plan | DORMANT |

Interrogatory No. 12:

If the Sponsoring Entity has been terminated, identify the date of termination and the reason for the termination.

**Objection(s): None.**

**Answer: Defendant's answer to Interrogatory No. 11, above, is also responsive to this**

- 8 -

- 14 -

## F.R.C.P. 26(g)(1)(A) and 33(b)(5) Party Verification

I, Roger Lehman, do hereby certify that to the best of my knowledge, information, and belief formed after a reasonable inquiry, my foregoing answers to Plaintiff's Interrogatories are complete and correct as of this time.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Date: December 16, 2021

DocuSigned by:
Roger Lehman
BE5C84AD9AD4430...
ROGER LEHMAN, Defendant

**F.R.C.P. 26(g)(1)(B) and 33(b)(5) Attorney Verification**

I, Joseph LoPiccolo, Esq., attorney of record for Defendant Roger Lehman, do hereby certify that to the best of my knowledge, information, and belief formed after a reasonable inquiry, that with respect to each objection asserted herein, it is:

(i) consistent with the Federal Rules of Civil Procedure and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

**POULOS LOPICCOLO, PC**
*Attorneys for Defendant Roger Lehman*

    s/ *Joseph LoPiccolo*
JOSEPH LoPICCOLO, ESQ.
311 West 43rd Street
11th Floor, Suite 124
New York, New York 10036
Tel: (732) 757-0165
Fax: (732) 358-0180
Email: lopiccolo@pllawfirm.com

Dated: December 17, 2021
       New York, New York

## CERTIFICATION OF SERVICE

I, Joseph LoPiccolo, Esq., attorney of record for Defendant Roger Lehman, do hereby certify that the foregoing objections and answers to Plaintiff Skatteforvaltningen's First Set of Interrogatories to Certain Plan Defendants was served upon Plaintiff's counsel of record on this, the 17th day of December 2021, via regular and electronic mail to the following addresses:

>William R. Maquire, Esq.
>Marc A. Weinstein, Esq.
>Neil J. Oxford, Esq.
>HUGHES HUBBARD & REED LLP
>One Battery Park
>New York, New York 10004-1482
>bill.maguire@hugheshubbard.com
>marc.weinstein@hugheshubbard.com
>neil.oxford@hugheshubbard.com

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

>Respectfully submitted,
>
>**POULOS LOPICCOLO, PC**
>*Attorneys for Defendant Roger Lehman*
>
>     s/ *Joseph LoPiccolo*
>JOSEPH LoPICCOLO, ESQ.
>311 West 43rd Street
>11th Floor, Suite 124
>New York, New York 10036
>Tel: (732) 757-0165
>Fax: (732) 358-0180
>Email: lopiccolo@pllawfirm.com

Dated: December 17, 2021
        New York, New York

- 16 -