**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION

MASTER DOCKET

18-md-02865-LAK

This document relates to:   All cases


# DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO PROHIBIT THE DEPOSITION OF NIGEL RACKHAM

Motions for summary judgment are fully briefed and the deadline to complete fact discovery closed over seven months ago, on December 3, 2021. SKAT now seeks to depose a third-party witness it has known about for years and whose deposition has been authorized since July 8, 2021. Despite initially attempting to schedule the deposition before the close of discovery, SKAT ultimately vacated the deposition, and then dropped the issue entirely for six months. Now, after defendants raised significant evidentiary issues in their opposition to SKAT's motion for summary judgment, SKAT's interest in the deposition has suddenly been rekindled. SKAT makes a mockery of the Court's scheduling order by suggesting it may proceed with the deposition at this stage. In any event, SKAT cannot demonstrate the good cause required to set aside the Court's previously established schedule. The Court should order that SKAT may not take this deposition at this late date, or, in the alternative, preclude the use of the deposition testimony in evidence in this matter.

## BACKGROUND

Nigel Rackham is the UK court-appointed Special Administrator for Solo Capital Partners LLP.[1] He has served in that role since 2016, when Solo entered Administration. Rackham's role as it relates to Solo therefore post-dates all of the alleged trades at issue in this matter. Nevertheless, SKAT has stated that it intends to elicit testimony from Rackham to support a hearsay exception on which SKAT relies in its *already filed*-summary judgment brief. SKAT MSJ (ECF No. 817) at 43 n.46.

Because Rackham resides outside the United States, on March 31, 2021, SKAT filed a motion seeking the Court's assistance in obtaining evidence abroad. ECF No. 561. Defendants opposed the motion, arguing that "the relevance of the information [SKAT] seeks is fatally flawed." ECF No. 564. The Court granted SKAT's motion on April 12, 2021 (ECF No. 571), and letters of request were then executed by the competent authority in the United Kingdom. The UK court issued an order authorizing a deposition of Rackham on July 8, 2021. Declaration of Nicholas Bahnsen (Bahnsen Decl.) Ex. 1. The UK order also required that SKAT, at least seven days before the deposition, produce to defense counsel "a paginated bundle containing copies of any documents intended to be referred to during the Examination." *Id*.

For the next four months, the UK court's authorization sat. Meanwhile, the parties attended a status conference on October 5, 2021, to discuss a final schedule for discovery. On November 15, 2021, this Court ordered that all fact discovery "other than *pending* requests for foreign discovery through letters rogatory issued by the Court, shall be completed on or before December 3, 2021 absent good cause shown." Pretrial Order No. 29 (ECF No. 675) ¶ 1.1 (emphasis added). The same day, SKAT informed counsel, for the first time, of its intent to

---

[1] Administration is the UK equivalent of Bankruptcy, and an Administrator is roughly the equivalent of a Bankruptcy Trustee.

schedule Rackham's deposition. Bahnsen Decl. Ex. 2. The date SKAT chose was November 22, 2021, just seven days later. *Id.*

On November 19, 2021, SKAT informed defense counsel it had rescheduled the deposition for December 3, 2021, the deadline for the close of fact discovery.[2] Bahnsen Decl. Ex. 3. SKAT sent a third rescheduling notice on December 1, 2021, setting a new date of December 10, 2021. Bahnsen Decl. Ex. 5. On the evening of Friday, December 3—the deadline for the close of fact discovery—SKAT sent Defendants more than 60,000 pages of documents purportedly related to the deposition of Rackham. Bahnsen Decl. Ex. 6. Defendants objected to SKAT's clear noncompliance with the UK High Court's "paginated bundle" requirement, and SKAT postponed the deposition once again. Bahnsen Decl. Ex. 8. A production of documents purporting to be the required paginated bundle was sent to Defendants on December 8, 2021. Bahnsen Decl. Ex. 7. By email dated December 20, 2021, SKAT set a deposition date of January 13, 2022. Bahnsen Decl. Ex. 8.

On January 9, 2022, SKAT informed defense counsel: "The Administrators have postponed the examination that was set for January 13. We are seeking a new date in February and will advise accordingly." Bahnsen Decl. Ex. 8. Defendants stood by. February came and went with no follow-up from SKAT. SKAT did not resurface until July 21, 2022, weeks after Defendants highlighted serious issues about the admissibility of SKAT's evidence in support of summary judgment, when it sent an email advising that Rackham's deposition would proceed on September 1, 2022. Bahnsen Decl. Ex. 8. Evidently agreeing that the record is deficient, SKAT

---

[2] SKAT's November 19, 2021 notice of a postponement followed a November 18, 2021 email from defense counsel seeking confirmation that SKAT had produced copies of any documents received from the Solo Administrators pursuant to the request for international judicial assistance. Bahnsen Decl. Ex. 4. At that point, Defendants had not received any documents produced by the Administrators. Bahnsen Decl. ¶ 6.

now seeks to plug the gaps with Rackham's testimony. But a party may not engage in discovery forever, and the time to take this deposition passed long ago.

## ARGUMENT

I.   APPLICABLE LAW

Courts possess broad powers to enforce discovery deadlines. Rule 26 of the Federal Rules of Civil Procedure grants courts the power to bar untimely depositions. Fed. R. Civ. P. 26(b)(2)(C)(ii) ("On motion or on its own … the court must limit the frequency or extent of discovery … if it determines that … the party seeking discovery had ample opportunity to obtain the information by discovery in the action."). And Rules 16 and 37 collectively empower the court to preclude the use of such depositions in evidence. Fed. R. Civ. P. 16(f)(1)(C) ("[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A) (just orders include, *inter alia*, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence").

"Court-imposed deadlines matter." *Frydman v. Verschleiser*, 2017 WL 1155919, at *2 (S.D.N.Y. Mar. 27, 2017). While courts have "broad discretion to reopen discovery at any time to avoid injustice, … [d]eadlines are essential if civil cases are ever to be tried[.]" *Odom v. Sielaff*, 1993 WL 17441, at *1 (S.D.N.Y. Jan. 21, 1993). The power to ensure timely discovery is not limited to the Federal Rules. Courts also have inherent power to enforce discovery deadlines. *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) ("The court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (cleaned up). "[D]iscovery deadlines must be complied with and …

4

counsel … ignore them at their peril." *Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191, 192 (S.D.N.Y. 1995).

## II. THE TIME TO DEPOSE THIRD PARTY WITNESSES HAS EXPIRED

SKAT should be barred from deposing Rackham, or using any testimony Rackham may provide at a deposition, because the deadline for taking the deposition expired over eight months ago. This Court has made clear that it will not tolerate delay without good cause. The Court's Pretrial Order No. 29 was explicit that "[a]ll fact discovery, other than *pending* requests for foreign discovery through letters rogatory issued by the Court, shall be completed on or before December 3, 2021 absent good cause shown." ECF No. 675 (emphasis added). At that time, the only pending request for foreign discovery through letters rogatory was in Switzerland, where the relevant competent authorities had not yet finally determined the scope of Société Générale's obligation to respond. Bahnsen Decl. Ex. 9. The Order confirmed that, absent such good cause, "the time to depose additional third-party witnesses has expired." ECF No. 675.

The Court's December 3 deadline applied to any deposition of Rackham, a third party. SKAT's initial efforts to schedule Rackham's deposition *within* the prescribed discovery deadline confirm as much. Nor can SKAT point to any pending request for foreign assistance as to Rackham which would take this deposition outside Paragraph 1.1 of the Pretrial Order. Indeed, the required foreign order was issued more than four months *before* Pretrial Order No. 29, leaving SKAT almost five months to take Rackham's deposition. Bahnsen Decl. Ex. 1.[3] SKAT had ample time to comply. It simply failed to do so. SKAT should not benefit from its delinquency.

---

[3] Defendants' failure to raise this motion in December, once it was clear that Rackham's deposition would not take place on or before December 3, does not preclude the instant motion. If anything, the record confirms that Defendants attempted in good faith to accommodate SKAT within reason, and that SKAT is now abusing that courtesy. Nothing in the parties' communications can be read as mutual agreement to an indefinite delay.

5

**III.    SKAT HAS NOT SHOWN GOOD CAUSE, AND COULD NOT DO SO**

SKAT cannot satisfy the good cause showing required by this Court's Order or the Federal Rules in order to take Rackham's deposition out of time.  In the Second Circuit, "[w]hether good cause exists turns on the diligence of the moving party."  *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotations omitted); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).  Courts in this district interpret diligence narrowly.  Deadlines are presumed final "unless and until the Court grants an extension."  *Peterson v. Home Depot U.S.A., Inc.*, 2014 WL 1355622, at *4 (S.D.N.Y. Apr. 4, 2014).  Any "assumption to the contrary [is] unreasonable, regardless of whether it was made in good faith."  *Id.*  In the face of a missed deadline, diligence requires the movant show that "despite … having exercised diligence, the applicable deadline could not have been reasonably met."  *Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (citing *Perfect Pearl Co., Inc. v. Majestic Pear & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y.2012) (collecting cases)).  Diligence is lacking where the failure to meet a deadline is the result of information the party knew or should have known before the deadline.  *Sentry Ins. v. Brand Mgmt. Inc.*, 2012 WL 3288178, at *3 (E.D.N.Y. Aug. 10, 2012) ("A party is not diligent if a request to reopen discovery is based on information 'that the party knew, or should have known,' in advance of the deadline sought to be extended.") (quoting *Sokol Holdings, Inc. v. BMD Munai, Inc.*, 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009)).

The record here demonstrates SKAT's lack of diligence.  It first attempted to schedule the deposition just weeks before the discovery deadline, only to postpone it to the last permissible day.  Then, apparently recognizing that it failed to comply with the UK court's order authorizing the deposition, SKAT postponed again.  After SKAT postponed a fourth time, without explanation, it went silent for the next six months, and provided no explanation to

6

defendants or this Court. During that silent period, defendants submitted extensive briefing on the motions for summary judgment arguing, among other things, that SKAT had failed to put forth admissible evidence to support its claims that the Plans did not own the Danish stocks or dividends. *See* Defs.' SJ Opp. (ECF No. 818) at 50-56. Despite its protestations to the contrary, including arguments that hearsay exceptions apply to SKAT's evidence *on its face*, see SKAT MSJ at 43-51, SKAT now seeks to fill the gap. These facts run counter to any notion of good cause, and SKAT ought not get a second (or, more accurately, fifth) bite at the apple.

No explanation SKAT can offer will excuse its discovery practices, including its failure to request an extension of time to take Rackham's deposition. *Miltope Corp.*, 163 F.R.D. at 195 (S.D.N.Y. 1995) ("There is no excuse for failing to comply with discovery deadlines, and if an extension is necessary, it must be sought before expiration of the deadline."). At this late stage, it no longer matters why SKAT failed to conduct discovery in a timely manner. *See Pyke v. Cuomo*, 2004 WL 1083244, at *2-5 (N.D.N.Y. May 12, 2004) (denying request after close of discovery because it was untimely and plaintiffs had ample notice of the issue and prior opportunity to disclose during discovery); *see also Kassim v. City of Schenectady*, 221 F.R.D. 363, 367 (N.D.N.Y. 2003) ("It is … difficult to square the timing of plaintiff's request for an extension with the apparent importance and significance attached to the expert's testimony.").

SKAT's lack of diligence is dispositive. But even if it cleared this requirement, it cannot clear a further obstacle to demonstrating good cause because SKAT has no real need for the testimony. *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991) (upholding the grant of a protective order cutting off discovery because "plaintiffs [can] only speculate as to what evidence, if any, further discovery would produce"); *Benavidez v. Burger Bros. Rest. Grp., Inc.*, 2019 WL 1459044, at *4 (E.D.N.Y. Mar. 29, 2019) (a relevant factor for whether good cause

justifies reopening discovery is the likelihood that relevant evidence will be produced). SKAT claims that Rackham's testimony is necessary to support a hearsay exception argument. SKAT MSJ at 43 n.46.[4] In its original motion for international judicial assistance, SKAT also intimated that Rackham might be needed to provide foundation related to certain sub-custodial account statements. ECF No. 562 at 3. But Rackham cannot possibly have personal knowledge of the facts to which he would need to testify to provide that foundation. He was not an employee of Solo, nor was he even its Administrator during the period of time when the trades at issue in this case occurred and records reflecting the trades were created. SKAT has presented no evidence to the contrary. Rackham is not competent to testify about *which* sub-custodial account statements Solo received between 2012 and 2015, *when* such statements were received, or even *whether or how* they were maintained in the ordinary course of Solo's business. *Cf.* Fed. R. Evid. 803(6). Similarly, Rackham cannot testify to the circumstances surrounding the creation of any document purportedly generated by Solo or any allegedly related Solo Custodian during the timeframe relevant to this matter. *See, e.g.*, *Fisher v. Page*, 2002 WL 31749262, at *7 (N.D. Ill. Dec. 3, 2002) (finding a bankruptcy trustee not competent to testify or lay a foundation for the admission of business records because he "lacked personal knowledge of and did not assist in [their] preparation or maintenance"); *In re Bay Vista of Virginia, Inc.*, 428 B.R. 197, 215 (Bankr. E.D. Va. 2010) (trustee's "[d]iscovery of … documents among the debtor's papers … [insufficient] to lay an adequate foundation for his testimony regarding the contents of the document and the truth thereof.").[5] Given the lack of any real evidentiary value of Rackham's

---

[4] This admission makes SKAT's failure to complete discovery within the time prescribed, or, at the very latest, *before* summary judgment was fully briefed, all the more questionable. Defendants cannot rightly be denied a chance to respond, but SKAT's preferred order of operations would ensure just that.

[5] To the extent SKAT's arguments supporting the admissibility of the Solo Custodians' records do not depend on foundational testimony from Rackham, SKAT Mem. (ECF No. 817) at 44-51, this only underscores the lack of need for his testimony.

deposition testimony, the Court should hold SKAT to the Rules and the terms of its Scheduling Order and bar the deposition.

### IV.    DEFENDANTS WILL BE PREJUDICED BY FURTHER DISCOVERY

Even if SKAT cobbled together an excuse for its delay, which it cannot, Defendants will be prejudiced by this deposition, further justifying an order prohibiting the deposition. *Rodriguez v. Athenium House Corp.*, 2012 WL 2161284, at *2 (S.D.N.Y. June 14, 2012) ("While diligence is the primary consideration, in determining whether the moving party satisfies the "good cause" requirement of Rule 16(b), a district court may consider other relevant factors, including any prejudice that may result from the schedule modification.") (cleaned up). Defendants have fully briefed motions for summary judgment, providing SKAT with a roadmap to elicit testimony at the deposition in response to Defendants' specific arguments. The factual record is not supposed to be a moving target. Permitting SKAT to examine Rackham would also require Defendants to devote additional resources to participate in the deposition, in addition to those associated with filing this motion and potentially supplementing their already submitted motions.

### V.    NO REMEDY LESS THAN PROHIBITION IS SUFFICIENT

This Court should bar SKAT from deposing Rackham because no lesser remedy is adequate. SKAT missed its deadline several months ago, presumably concluded it did not need the testimony it sought to elicit, and then changed its mind in the face of defendants' summary judgment briefing. This is not how the Rules of Civil Procedure work. Regardless of whether SKAT's failure to take this deposition during fact discovery resulted from an absence of diligence or strategic considerations, it must now face the consequences of its noncompliance. *See Walter v. Hamburg Cent. Sch. Dist.,* 2007 WL 9777686, at *2 (W.D.N.Y. July 3, 2007)

9

("The decision to be in for a penny, rather than a pound, until after discovery closed was a strategic gamble; it is one she must now live with.") (cleaned up).[6]

Preclusion would also promote efficiency and deter noncompliance from future parties. A "scheduling [o]rder is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded ... without peril." *General v. Ctr. for Disability Rights*, 2010 WL 3732198, *2 (W.D.N.Y. 2010) (internal quotation omitted). The need for litigation to proceed expeditiously "is particularly acute where the litigation is complex and continuing." *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (cleaned up). And yet, after this multidistrict litigation has entered its merits phase, SKAT seeks to drag this case backwards. This Court should reject its attempt to do so.

## CONCLUSION

For the foregoing reasons, the Court should enter an order prohibiting the deposition of Nigel Rackham in this matter or, in the alternative, excluding from evidence for all purposes any testimony from such a deposition, should it proceed.

Dated: New York, New York
      August 05, 2022

Respectfully submitted,

KOSTELANETZ & FINK, LLP

By:   /s/ Sharon L. McCarthy
      SHARON L. MCCARTHY

---

[6] By email dated August 4, 2022, counsel for defendants notified counsel for SKAT of the intent to file this motion unless SKAT agreed to cancel the deposition. By reply email dated August 5, 2022, counsel for SKAT confirmed that SKAT would not agree to cancel the deposition.

7 World Trade Center, 34th Floor
New York, New York 10007
Tel:  (212) 808-8100
Fax:  (212) 808-8108
smccarthy@kflaw.com

*Co-Lead Counsel and Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan,Xiphias LLC Pension Plan*


WILMER CUTLER PICKERING
 HALE AND DORR LLP

By:  /s/ Alan E. Schoenfeld
    ALAN E. SCHOENFELD
    7 World Trade Center
    250 Greenwich Street
    New York, NY 10007
    Telephone: (212) 230-8800
    alan.schoenfeld@wilmerhale.com

*Co-Lead Counsel and Attorneys for Defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*