

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Neil J. Oxford
Partner
Direct Dial: +1 (212) 837-6843
Direct Fax: +1 (212) 299-6843
neil.oxford@hugheshubbard.com

**By ECF & Hand Delivery**

Honorable Lewis A. Kaplan                                        August 9, 2022
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)[1]

Dear Judge Kaplan:

  We write on behalf of plaintiff Skatteforvaltningen ("SKAT") to oppose defendants' motion for an order prohibiting SKAT from examining Douglas Nigel Rackham, one of two insolvency administrators for the now-defunct Solo Custodians,[2] or excluding his testimony from evidence.[3] Defendants' motion should be denied because this Court and the English High Court of Justice have authorized the examination, and it is timely under the Court's scheduling order.[4]

**This Court and the High Court of Justice authorized the examination.**

  On April 14, 2021, the Court, on SKAT's motion, issued a letter rogatory to the appropriate judicial authority of the United Kingdom seeking international judicial assistance in compelling documents and testimony from Douglas Nigel Rackham or Michael John Andrew

---

1. This letter relates to all cases.

2. The "Solo Custodians" are the four custodians controlled by Sanjay Shah that issued fraudulent dividend credit advices to certain of the defendant pension plans: Solo Capital Partners LLP ("Solo"), Old Park Lane Capital Limited, West Point Derivatives, and Telesto Markets LLP.

3. *See* Mot. Prohibit the Deposition of Nigel Rackham or Exclude His Testimony From Evidence, ECF Nos. 856-58 (citations to the docket are to case number 18-md-02865 unless otherwise indicated).

4. The motion also should be denied because defendants disregarded the Court's Individual Rules of Practice, which limit a motion, such as this, concerning a discovery dispute to four pages in length, including declarations. (Individual Rules of Practice at 2.) Defendants' 11-page memorandum (not even counting their 3-page declaration) far exceeds the applicable page limit. *See Designs By Skaffles, Inc. v. New L&N Sales and Mktg.*, No. 99 Civ. 1056 (NRB), 2000 WL 648070, at *1 (S.D.N.Y. May 19, 2000) (striking memorandum that "flout[ed] the Court's page limitation" and directing plaintiff "to refile" one "that complies with . . . Court's order and individual rules"). In addition, should defendants file a reply in support of their motion, the Court should not consider it, as the Court's Individual Rules of Practice do not permit replies on discovery motions.

Jervis, in their respective capacities as the insolvency administrators for the Solo Custodians. (*See generally* Ex. A.) On July 12, 2021, the English High Court of Justice issued an order compelling the requested discovery. (*See generally* Decl. of Nicholas S. Bahnsen, dated Aug. 5, 2022 ("Bahnsen Decl."), Ex. 1.) In particular, the letter rogatory sought, and the High Court of Justice's order compelled, production of three categories of documents: (i) statements for accounts at any sub-custodian where the Solo Custodians could have held, on behalf of the defendants plans, the purported Danish shares identified in the fraudulent dividend credit advices; (ii) statements for any bank accounts where the Solo Custodians could have received, on behalf of the defendants, the supposed dividends identified in the dividend credit advices; and (iii) written correspondence between the Solo Custodians and their U.K. regulator the Financial Conduct Authority ("FCA"). (Ex. A at 9-10; Bahnsen Decl. Ex. 1 at 5.) Topics for testimony were similarly limited to any such account statements and FCA correspondence, including authentication of the produced documents. (Ex. A at 8; Bahnsen Decl. Ex. 1 at 6.)

**SKAT scheduled the examination for shortly after the document production was complete.**

Following the High Court of Justice's July 12, 2021 order, over the course of November 2021, the Solo Custodian administrators produced over 62,000 pages of responsive documents, which SKAT, in turn, produced to the defendants on December 3, 2021. With the understanding at the time that the production was complete, SKAT scheduled the examination for January 13, 2022.[5] The administrators, however, subsequently asked to postpone the examination (Bahnsen Decl. Ex. 8 at 3-4), and sought additional statements from Barclays Bank PLC for Solo's account at the bank. In June 2022, Barclays provided the additional account statements to the administrators, and on July 8, 2022, SKAT produced the statements to the defendants. (Ex. B.) With the production complete, on July 21, 2022, SKAT rescheduled the examination for September 1, 2022, the soonest date Mr. Rackham and the examiner appointed by the High Court of Justice were available. (Bahnsen Decl. Ex. 8 at 2.)

**The examination is not untimely under the Court's scheduling order.**

Defendants' argument for precluding Mr. Rackham's examination, or excluding his testimony from evidence, is based on a misunderstanding of the Court's Pretrial Order No. 29, which explicitly carved out "pending requests for foreign discovery through letters rogatory issued by the Court" from the December 3, 2021 fact discovery deadline. ECF No. 675, ¶ 1.1. As SKAT's request for foreign discovery from the Solo Custodian administrators was still pending, *i.e.*, not yet complete, when the Court issued Pretrial Order No. 29 on November 16, 2021, the December 3 fact discovery deadline does not apply. Defendants' argument that

---

5. SKAT initially scheduled the examination for November 22, 2021, but it was subsequently postponed until December 3 and then again until December 10 because of delays in obtaining documents from the administrators. (Bahnsen Decl. Ex. 5.) Defendants objected to the examination proceeding on December 10 because SKAT supposedly had not complied with the requirement in the High Court of Justice's July 12 order that SKAT provide the defendants with "a paginated bundle containing copies of any documents intended to be referred to during the" examination at least seven days in advance, (Bahnsen Decl. Ex. 1 at 3), even though SKAT provided defendants a paginated file of all the documents produced by the administrators on December 3, seven days in advance of the scheduled examination. (Bahnsen Decl. Ex. 8 at 7-8.) As the parties were unable to resolve defendants' objection, the examination was postponed until January 13, 2022. (*Id.* at 3-6.)

requests for foreign discovery are only "pending" within the meaning of Pretrial Order No. 29 if "the relevant competent authorities [have] not yet finally determined the scope of [the] obligation to respond," (Defs. Mem. 5), finds no support in the plain meaning of the Order.  *See In re Dynegy Inc.*, 486 B.R. 585, 591 (S.D.N.Y. 2013) ("When interpreting orders, the Court should look first to the plain meaning of the language of the order.").[6]

As such, defendants' arguments about SKAT's supposed inability to show good cause to take the examination miss the mark.  (Defs. Mem. 6-9.)  But even if the good cause standard were applicable, SKAT would meet it because SKAT has been diligent in seeking Mr. Rackham's examination.  *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("a finding of 'good cause' depends on . . . diligence").  Obtaining evidence through the Hague Convention is a time-intensive process, *see Int'l Soc. for Krishna Consciousness, Inc. v. Lee*, 105 F.R.D. 435, 450 (S.D.N.Y. 1984) ("the Hague Convention machinery is quite slow and costly even when the foreign government agrees to cooperate"), under the "ultimate control" of the foreign court.  *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 783 (S.D.N.Y. 2012).  After it understood the administrators' document production to be complete in late 2021, SKAT moved expeditiously to schedule the examination.  And after the administrators produced the additional Barclays account statements, SKAT rescheduled the examination for the earliest available date.

Nor is there any merit to defendants' scattershot arguments that SKAT "has no real need for the testimony" and defendants will be prejudiced because the summary judgment briefing "provid[es] SKAT with a roadmap to elicit testimony at the deposition."  (Defs. Mem. 7-9.)  The purpose of the examination, as authorized by the High Court of Justice, is to elicit testimony about and authenticating the documents the administrators produced to SKAT in response to the letter rogatory.  Defendants fail to explain how they will suffer any prejudice, let alone any "*unfair* prejudice," from SKAT obtaining such testimony.  *See Charter Commc'ns, Inc. v. Loc. Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 256-57 (S.D.N.Y. 2018) (emphasis added).

Accordingly, SKAT respectfully requests that the Court deny defendants' motion.

Respectfully submitted,

/s/ Neil J. Oxford
Neil J. Oxford

Cc:  All counsel or record (via ECF)

---

[6]. Indeed, defendants' contemporaneous conduct indicates that they did not then interpret Pretrial Order No. 29 as they do now.  Under the Order, except for "pending requests for foreign discovery" and depositions of certain specifically identified third-party witnesses, none of whom is Mr. Rackham, "the time to depose additional third-party witnesses" had already "expired" when the Order was issued on November 16, 2021.  (ECF No. 675 ¶ 1.1.1.)  Yet, when SKAT initially scheduled the examination for November 22, 2021, defendants did not object that it was too late for SKAT to take the examination.  Nor did they do so when SKAT subsequently rescheduled the examination for December 3, December 10, January 13, 2022, and then a yet to be determined date in February 2022.