**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION

MASTER DOCKET

18-md-02865-LAK

This document relates to:   All cases

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO PROHIBIT THE DEPOSITION OF NIGEL RACKHAM

Not one word of SKAT's opposition disputes the essential facts surrounding its attempt to reopen discovery nine months after it closed, nor does SKAT offer any evidence of its diligence as required to demonstrate the good cause to amend the scheduling order. Instead, SKAT makes the hollow suggestion that a third-party's supplemental production of some 97 pages out of a total of 62,382 somehow held discovery open through summary judgment briefing and further absolved SKAT of its failure to conduct discovery in accordance with the Rules and this Court's order. Remarkably absent from SKAT's presentation is any indication of *when* SKAT learned that the Solo Administrator sought to supplement its otherwise-complete document production, nor does SKAT claim (and it could not) that it ever advised counsel for defendants that this production was coming and formed a necessary predicate to the deposition. Unless SKAT knew of the supplemental documents before it postponed the January 2022 deposition date and let six months pass, it cannot be heard in this Court to argue that these documents had any bearing on whether SKAT diligently pursued discovery. Because SKAT cannot demonstrate good cause to reopen discovery, the Court should enter an order prohibiting

Rackham's untimely deposition from going forward or, in the alternative, precluding any testimony from that deposition from being used in evidence in this matter.[1]

## I. The Deposition Is Untimely Under The Court's Scheduling Order

The scheduling order's carve-out for "pending requests for foreign discovery through letters rogatory," ECF No. 675, does not apply to the deposition at issue in this motion. Despite arguing that the order should be given its plain meaning, SKAT does the opposite when it posits a wholly unsupported and self-serving definition of the word "pending." SKAT Op. at 2. A matter is "pending" where it "remain[s] undecided" or is "awaiting decision." Black's Law Dictionary, 11th Ed. (2019). The parties agree that by July 12, 2021, the rogatory request related to Rackham had already been executed by the competent authorities in the UK, and the UK court had issued an order authorizing Rackham's deposition. SKAT Op. at 2. The "request for foreign discovery" was clearly no longer "pending"—at the time of the scheduling order, the request had been made, and it had been approved. Indeed, all that remained was scheduling the deposition, which SKAT attempted to do twice *before* the close of discovery. *Id.* That indisputable fact bolsters the conclusion that this deposition falls beyond the Court's carve-out, and therefore had to be completed by the time fact discovery closed. Accordingly, SKAT's deposition of Rackham can only proceed on a showing of good cause.

## II. The Undisputed Facts Do Not Support A Finding of Good Cause, And SKAT Introduces No Evidence Of Its Diligence.

SKAT does not controvert any of the facts or the essential timeline stated in defendants' opening brief. Although SKAT raises the administrators' supplemental production of Barclays

---

[1] SKAT says that defendants failed to follow the Court's Individual Rules of Practice governing motions related to discovery disputes. SKAT Op. 1, n.4. Because fact discovery closed over nine months ago and summary judgment has been fully briefed, this motion is more accurately viewed as one to enforce the scheduling order and is thus not bound by the Court's rules governing discovery motions.

statements to justify its claim of having "rescheduled the examination for . . . the soonest date Mr. Rackham and the examiner appointed by the High Court of Justice were available," SKAT Op. at 2, that claim is dubious for multiple reasons. *First*, SKAT makes no showing that the belated production of a few dozen pages had any bearing on its pursuit of Rackham's deposition. SKAT does not state when or even whether it knew to expect the Barclays statements. Nor does SKAT claim that it advised defendants or the Court of this development or the apparent need to extend discovery by more than ten months. To the contrary, SKAT claims repeatedly to have understood that the administrators' production was complete in late 2021. SKAT Op. at 2; *id*. at 3. Accordingly, SKAT's continued failure to account for the six months of radio silence between January 9, 2022, when SKAT abruptly postponed the deposition for a fourth time, and July 21, 2022, when SKAT sent notice of its intent to continue taking discovery, speaks volumes about its lack of diligence.

*Second*, the supplemental production accounts for just 97 pages out of a total of 62,382. Of that total, 62,285 pages were produced in December 2021. Under the circumstances, SKAT needs to explain why it could not have proceeded with a timely examination of Rackham using the more than 99.99% of pages already in SKAT's possession and disclosed to defendants. Again, SKAT's failure to explain its inaction precludes any finding of good cause.

SKAT's only other response to the charge of lacking diligence is to suggest that "[o]btaining evidence through the Hague Convention is a time-intensive process." SKAT Op. at 3. Even allowing that this is true *generally*, it was obviously not the case here where the UK authorities acted upon SKAT's request within a few short months and granted SKAT's request several months before the close of fact discovery. For the reasons already explained in

defendants' opening brief, the indisputable record is wholly inconsistent with a claim of diligence and, consequently, a finding of good cause.

## CONCLUSION

For the foregoing reasons, the Court should enter an order prohibiting the deposition of Nigel Rackham in this matter or, in the alternative, excluding from evidence for all purposes any testimony from such a deposition, should it proceed.

Dated: New York, New York
      August 10, 2022

Respectfully submitted,

KOSTELANETZ & FINK, LLP

By:   /s/ Sharon L. McCarthy
SHARON L. MCCARTHY
7 World Trade Center, 34th Floor
New York, New York 10007
Tel:   (212) 808-8100
Fax:   (212) 808-8108
smccarthy@kflaw.com

*Co-Lead Counsel and Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*

4

WILMER CUTLER PICKERING HALE AND DORR LLP

By:   /s/ Alan E. Schoenfeld
ALAN E. SCHOENFELD
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
alan.schoenfeld@wilmerhale.com

*Co-Lead Counsel and Attorneys for Defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*