# Exhibit 317

# RE: ACER INVESTMENT GROUP

**From:** Davin McPherson <davin.mcpherson@endeavouradvisory.com.au>
**To:** "Borrie, Stuart" <stuart.borrie@klgates.com>
**Cc:** Stacey Kaminer <sk@aigkamco.com>, "Newman, Scott" <scott.newman@klgates.com>, "Zanotti, Kristina M." <kristina.zanotti@klgates.com>
**Bcc:** Stacey Kaminer <sk@acerinvest.com>
**Date:** Wed, 16 May 2012 13:39:15 +0100

Stuart:

Many thanks for your email.

In relation to the custody agreement, the terms of the custody agreement are intended to prevail over the terms and conditions of business in so far as they relate to custody (and we can include additional wording in the custody agreement to ensure this is clear). While the terms and conditions of business are generally applicable to ordinary course custody arrangements with ED&F Man, the custody agreement has been prepared to address the fact that: (a) aspects of the terms and conditions of business (such as absolute title transfer) may be inconsistent with certain objectives of the proposed transaction; and (b) ED&F Man does not have the ability to provide direct custody of securities in the relevant jurisdictions and, as such, is simply facilitating the use of it's own custodian in a manner which also provides ED&F Man with additional comfort from a security perspective.

I will respond to the specific queries regarding the custody agreement using your numbering below:

1.  As noted above, the terms of the custody agreement are intended to prevail over the terms and conditions of business in so far as they relate to custody (and, as I understand, absolute transfer of title may be inconsistent with certain objectives of the proposed transaction).

2.  Given that, as I understand, the relevant securities will be held outside the United Kingdom, they will be held, recorded, registered and segregated in accordance with the local rules and practice in the relevant jurisdiction. As I understand, in most relevant jurisdictions, the securities will be registered in the name of the subcustodian (or a local subsidiary of the custodian in the jurisdiction).

3.  The terms of the sub-custodian agreement will be the terms of the custody agreement between ED&F Man and its custodian. I can discuss with ED&F Man whether they are able to provide a copy of the agreement.

4.  I do not expect ED&F Man would need to pool the securities in the proposed transaction nor use the securities for the account of another customer. As I understand, the securities will be held in a separate subaccount of ED&F Man's account at it's custodian but will be registered in the name of the custodian (or a local subsidiary of the custodian in the jurisdiction).

5.  The limitations of liability generally reflect limitations which custodians require in order to accept the role being undertaken and specifically reflect the fact that ED&F Man are facilitating the use of it's custodian in order to effect the proposed transaction. In relation to the proposed examples, ED&F Man are unlikely to agree to be required to review the custody arrangements which are applicable to it's business generally for the purposes of a specific transaction and, in view of the proposed transaction, are there any particular circumstances where you are concerned losses are likely to exceed the market value of the asset?

6.  Given the nature and duration of the transactions and each parties ability to terminate, it is unlikely this would be an issue during the term of the transaction.

I will respond to the specific queries regarding the ISDA Schedule using your numbering below:

1.  The required documents included are part of the standard ED&F Man ISDA Schedule template and I expect can be amended as required.

2.  Agreed that this is not relevant to the proposed transaction and can be deleted.

3.  The section "Transactions Under Bridged Agreements" is based on the ISDA standard cross-agreement bridge which allows netting across product types (such as ISDA transactions and securities lending transactions).

I look forward to discussing further on the call.

Regards,

Davin McPherson

From: Borrie, Stuart [mailto:Stuart.Borrie@klgates.com]
Sent: Wednesday, 16 May 2012 7:19 PM
To: Davin McPherson
Cc: 'Stacey Kaminer'; Newman, Scott; Zanotti, Kristina M.
Subject: ACER INVESTMENT GROUP
Importance: High

Davin

I understand that you represent ED&F Man in respect of the documents with Acer. K&L Gates represents Acer. Stacey Kaminer of Acer, and my colleagues and I, look forward to talking some of the documents through with you in our forthcoming conference call.

We thought it might be useful to set out our suggested points for discussion, which we can of course explain on the call:

CUSTODY AGREEMENT

Generally we would like to discuss how this document works and perhaps follow up after the call. But here are the main specific areas:

1.  Clause 2(a) - what is the relationship please between this clause and Clause 10(b)(ii) of the Terms and Conditions (which is the Absolute Transfer of Title)

2.  Clause 2(e) says Client Securities are segregated. Clause 6(b) seems to differ?

3.  What are the terms of any sub-custodian agreement? We think that the client should know them/approve them in advance. Is the sub-custodian a trustee?

4.  Clause 5(c) implies a form of ownership in a client pool, whereas Clause 6(b) says the client is just a creditor.

5.  Clause 13 seems tilted against the client (eg in no requirement to review the initial selection of the sub-creditor in clause 13(b)(i) and in clause 13(f) seems a little harsh for example where losses continue to flow from a breach after the loss is first discovered)

6.  Clause 20(e) - seems inappropriate that obligations can be transferred to a weaker affiliate

ISDA SCHEDULE:

A.  Party B Required Documents - Pension Plans don't have annual reports containing consolidating financial statements certified by independent public accountants in accordance with GAAP

B.   Credit Support Documents - What is contemplated by the ISDA Credit Support Annex? There is no Credit Support Document or Credit Support Provider.

C.   Transactions under Bridged Agreements - What is ED&F Man after? Document already contains cross-default provisions.

We look forward to talking with you.

Best regards

Stuart

<http://www.klgates.com/> K&L Gates

Stuart Borrie
K&L Gates LLP
One New Change
London
EC4M 9AF
Phone: +44 (0)20 7360 8155
Fax: +44 (0)20 7806 0690
<mailto:stuart.borrie@klgates.com> stuart.borrie@klgates.com
www.klgates.com <http://www.klgates.com/>

---

From: Newman, Scott
Sent: 14 May 2012 17:10
To: Borrie, Stuart; 'Stacey Kaminer'
Cc: Zanotti, Kristina M.
Subject: RE: Full terms of business

Stuart:

I think the preparation, in effect, of an "agenda" which can be forwarded to Davin in advance of the call makes sense. Why don't you begin the preparation and then Kris and I can "glomb" on with points unrelated to the Custody Agreement, Security & Set-Off Deed, etc.

Scott

<http://www.klgates.com/> K&L Gates LLP

Scott D. Newman

K&L Gates LLP
599 Lexington Avenue
New York, N.Y. 10022
scott.newman@klgates.com
212 536-4054 (direct)
212 536-3901 (fax)
www.klgates.com

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed within.

CONFIDENTIAL

From: Borrie, Stuart
Sent: Monday, May 14, 2012 12:03 PM
To: Newman, Scott; 'Stacey Kaminer'
Cc: Zanotti, Kristina M.
Subject: RE: Full terms of business

Scott

I just spoke with Stacey and our current plan is to prepare an email which we can send to Davin in advance of a phone call. Would that be OK with you? It might just help set up a call more effectively. I would be happy to prepare a draft for your input/Kris' input?

Best regards

Stuart

<http://www.klgates.com/> K&L Gates

Stuart Borrie
K&L Gates LLP
One New Change
London
EC4M 9AF
Phone: +44 (0)20 7360 8155
Fax: +44 (0)20 7806 0690
<mailto:stuart.borrie@klgates.com> stuart.borrie@klgates.com
www.klgates.com <http://www.klgates.com/>

---

From: Newman, Scott
Sent: 14 May 2012 16:50
To: 'Stacey Kaminer'; Borrie, Stuart
Cc: Zanotti, Kristina M.
Subject: RE: Full terms of business

Stacey:

At this point, I suppose Thursday afternoon (NY time) works best for me. As regards the rep letter, I think it may be hard to talk to the lawyer at Dewey Leboeuf who prepared since, as a practical matter, that firm is currently dissolving.

Scott

<http://www.klgates.com/> K&L Gates LLP

Scott D. Newman

K&L Gates LLP
599 Lexington Avenue
New York, N.Y. 10022
scott.newman@klgates.com
212 536-4054 (direct)
212 536-3901 (fax)
www.klgates.com

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed within.

---

From: Stacey Kaminer [mailto:SK@acerinvest.com]
Sent: Monday, May 14, 2012 11:14 AM
To: Newman, Scott; Borrie, Stuart
Cc: Zanotti, Kristina M.
Subject: RE: Full terms of business

this is the availability of the lawyer for EDF

HI Stacey,

Davin is available at 4.30am and onwards his time (he is in Brisbane, Australia) Tuesday or Thursday which is Monday / Thursday afternoon your time. He put all of the docs pack together bar the ERISA rep letter where we had a US lawyer at Dewy LeBeouf draw that up.

If you can let me know when works I will liaise with Davin.

please let me what works for your collective schedules.  Best,  Stacey

---

From: Newman, Scott [mailto:Scott.Newman@klgates.com]
Sent: Friday, May 04, 2012 12:15 PM
To: Stacey Kaminer; Borrie, Stuart
Cc: Zanotti, Kristina M.
Subject: RE: Full terms of business

Stacey:

 Given all the "happiness," let's try to arrange a time when you, Stuart, Kris and I can talk with the EDF Group, as we have several other points to discuss with them in addition to Stuart's concerns.

Scott

<http://www.klgates.com/> K&L Gates LLP

Scott D. Newman

K&L Gates LLP
599 Lexington Avenue
New York, N.Y. 10022
scott.newman@klgates.com
212 536-4054 (direct)
212 536-3901 (fax)
www.klgates.com

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed within.

CONFIDENTIAL

ACER_00022662

From: Stacey Kaminer [mailto:SK@acerinvest.com]
Sent: Friday, May 04, 2012 1:23 PM
To: Newman, Scott; Borrie, Stuart
Cc: Zanotti, Kristina M.
Subject: RE: Full terms of business

i spoke with EDF they are happy to set a call with us and their lawyer to address any concerns and come up with language we are all happy with or at least happy enough with

From: Newman, Scott [mailto:Scott.Newman@klgates.com]
Sent: Friday, May 04, 2012 8:22 AM
To: Borrie, Stuart; Stacey Kaminer
Cc: Zanotti, Kristina M.
Subject: RE: Full terms of business

Thanks, Stuart. Putting this all together, the Custody Agreement and the Terms and Conditions are nothing more than a recycling of the MF Global documents. No surprise: the "team" at ED&F Man came over from MF Global and, probably, just brought with them the forms of documents they previously used.

Scott

<http://www.klgates.com/> K&L Gates LLP

Scott D. Newman

K&L Gates LLP
599 Lexington Avenue
New York, N.Y. 10022
scott.newman@klgates.com
212 536-4054 (direct)
212 536-3901 (fax)
www.klgates.com

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed within.

From: Borrie, Stuart
Sent: Friday, May 04, 2012 9:51 AM
To: 'Stacey Kaminer'
Cc: Newman, Scott; Zanotti, Kristina M.
Subject: RE: Full terms of business

Thank you Stacey.

1.   Please see the attached highlighted extract from the terms and conditions.  It means that all your money and assets in the hands of ED&F Man are, in fact, not your money and assets at all (but give you only a right of claim as an ordinary creditor), unless your specific instructions say otherwise.  If your instructions do say otherwise, the cash and assets that are the subject of those instructions go

into a safer place, being designated as client money and client assets. Client money and client assets are held by ED&F Man as trustee for you (albeit subject to a mortgage/charge in favour of ED&F Man).

2. The letter dated 26th March 2012 is the equivalent of your instructions. It describes certain categories of cash, being cash in respect of OTC products and DVP transactions and it also describes non-cash collateral. The letter is silent on any other categories of cash and non-cash, which means that for any such other categories of cash and non-cash you are an unsecured creditor only (ie the standard position applies).

3. Every business day the OTC products, DVP transactions and, I believe, any non-cash collateral, are evaluated and there is a cash sweep from your trading account into your client money account of any "surplus cash in excess of Euro 1000".

4. It would be worth assessing what sums you have at risk with ED&F Man on a regular and ongoing basis. If there are significant amounts at risk, it may be worth researching what additional costs would be involved in ED&F Man accepting instructions from you to hold more money and assets in trust.

5. The attached highlighted provisions of the terms and conditions cogently set out a position. Whether you are content with it or not, it is a clear articulation. As described above, they articulate the situation when the trust applies. But the draft custody agreement I reviewed yesterday then makes matters confused when describing custody amounts (ie some or all of that trust). I highlighted the provisions in the draft custody agreement which undermine the relative safety of the trust situation. For this reason it would be sensible for there to be a dialogue with ED&F Man about the draft custody agreement.

6. I say "relative" safety because trusts involve a pooling concept with other beneficiaries. When trust assets are lost there can be a pro rata sharing of that loss within that pool.

7. I note that the custody agreement also refers to "Netting Transactions" in clause 20(j), which is a defined term in the MF Global terms and conditions, but not in the ED&F Man terms and conditions.

8. When you have had a chance to consider, perhaps the next step is to talk on the phone and discuss next steps. My overall feeling on the subject of the custody agreement is that if one is to be used the onus should certainly be placed on ED&F Man to produce a revised document which is consistent with the terms and conditions.

Best regards

Stuart

<http://www.klgates.com/> K&L Gates

Stuart Borrie
K&L Gates LLP
One New Change
London
EC4M 9AF
Phone: +44 (0)20 7360 8155
Fax: +44 (0)20 7806 0690
<mailto:stuart.borrie@klgates.com> stuart.borrie@klgates.com
www.klgates.com <http://www.klgates.com/>

---

From: Stacey Kaminer [mailto:SK@acerinvest.com]
Sent: 03 May 2012 17:52

CONFIDENTIAL

To: Borrie, Stuart
Subject: Fw: Full terms of business

----- Original Message -----
From: Howard, Marcus (LDN) <mhoward@edfmancapital.com>
To: Stacey Kaminer
Cc: Howard, Marcus (LDN) <mhoward@edfmancapital.com>
Sent: Thu May 03 12:19:00 2012
Subject: Full terms of business

Thx

Marcus

Marcus Howard

Equity Finance

ED&F Man Capital Markets Limited

Cottons Centre, Hay's Lane, London, SE1 2QE

Direct: +44 (0)203 580 7630  | Desk: +44 (0)203 580 7625  | Mobile: +44 (0)7889821409

mhoward@edfmancapital.com | www.edfman.com <http://www.edfman.com/>

P Please consider the environment before printing this e-mail

This electronic mail message ('email') was sent by E D & F Man Capital Markets Limited ('MCM'). This information is intended solely for the personal and confidential use of the designated recipient named therein and therefore may not be redistributed, retransmitted or disclosed, in whole or in part, or in any form or manner, without the written consent of MCM and any unauthorized use or disclosure is prohibited. If you are not the designated recipient, you are requested to return this email to the sender immediately and to delete all copies. MCM does not represent or warrant the accuracy of, and will not be responsible for the consequences of reliance upon any opinion or information contained herein or for any omission therefrom. This email has been scanned for viruses, but it is your full responsibility for virus-checking. All email communications may be reviewed by MCM authorised personnel and may be provided to regulators or others with a legal right to access such information. Further information is available at www.edfman.com <http://www.edfman.com/> .

This document has been prepared for informational purposes only and opinions and conclusions expressed do not necessarily represent those of MCM. All pricing is indicative and all estimates and opinions included in this document are as of the date of the document and may be subject to change without notice. MCM does not provide legal, tax or accounting advice and you are responsible for seeking any such advice separately.

E D & F Man Capital Markets Limited, Cottons Centre, Hay's Lane, London, SE1 2QE, England is registered company in England, number 1292851. MCM is authorised and regulated by the Financial Services Authority in the UK, register number 194926 at www.fsa.gov.uk <http://www.fsa.gov.uk/> .

This electronic mail message ('email') was sent by E D & F Man Capital Markets Limited ('MCM'). This information is intended solely for the personal and confidential use of the designated recipient named therein and therefore may not be redistributed, retransmitted or disclosed, in whole or in part, or in any form or manner, without the written consent of MCM and any unauthorized use or disclosure is prohibited. If you are not the designated recipient, you are requested to return this email to the sender immediately and to delete all copies. MCM does not represent or warrant the accuracy of, and will not be responsible for the consequences of reliance upon any opinion or information contained herein or for any omission therefrom. This email has been scanned for viruses, but it is your full responsibility

for virus-checking. All email communications may be reviewed by MCM authorised personnel and may be provided to regulators or others with a legal right to access such information. Further information is available at http://www.edfmancapital.com. This document has been prepared for informational purposes only and opinions and conclusions expressed do not necessarily represent those of MCM. All pricing is indicative and all estimates and opinions included in this document are as of the date of the document and may be subject to change without notice. MCM does not provide legal, tax or accounting advice and you are responsible for seeking any such advice separately. E D & F Man Capital Markets Limited, Cottons Centre, Hay's Lane, London, SE1 2QE, England is a registered company in England, number 1292851. MCM is authorised and regulated by the Financial Services Authority in the UK, register number 194926 at http://www.fsa.gov.uk.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Scott.Newman@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP that is confidential and may be privileged. The information is intended for the use of the addressee(s) only. If you are not an addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact the firm by reply e-mail.

K&L Gates LLP is a limited liability partnership registered in England and Wales under number OC309508 and is authorised and regulated by the Solicitors Regulation Authority. Any reference to a partner in relation to K&L Gates LLP is a reference to a member of that LLP. A list of the names of the members and their professional qualifications may be inspected at our registered office, One New Change, London EC4M 9AF, England. A reference to an office other than our London and Paris offices is a reference to an office of an associated entity. Our professional rules may be accessed at www.sra.org.uk/handbook. Our VAT registration number is GB244046680. Our address for service is above.

For more information about K&L Gates, visit us at www.klgates.com <http://www.klgates.com/> K&L Gates LLP, One New Change, London EC4M 9AF, United Kingdom Tel: +44 (0)20 7648 9000 Fax: +44 (0)20 7648 9001 london@klgates.com.

This communication may be considered a commercial electronic mail message under applicable legislation regarding unsolicited commercial e-mail.

CONFIDENTIAL                                                                                                   ACER_00022666