

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007

September 2, 2022

Re: *In Re: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litig.*, 18-md-02865 (LAK); *Skatteforvaltningen v. Raubritter LLC Pension Plan, et al.*, 18-cv-04833

Dear Judge Kaplan:

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this letter motion, pursuant to Federal Rule of Civil Procedure 6(b), requesting a 90-day extension of the deadline to substitute defendant Alexander Burns in the case captioned *Skatteforvaltningen v. Raubritter LLC Pension Plan, Alexander Burns, Richard Markowitz, & John van Merkensteijn*, 18-cv-04833 (LAK).

On June 9, 2022, Mr. Burns' counsel filed a Suggestion of Death, (ECF No. 198, 18-cv-04833; ECF No. 810, 18-md-02865), thereby triggering a September 7, 2022 deadline for SKAT to move to substitute a proper party in place of Mr. Burns. Federal Rule of Civil Procedure 25(a)(1). Courts have discretion, however, to extend this deadline on a showing of "good cause." *See, e.g., Go v. Rockefeller Univ.*, No. 04-cv-4008 (JSR/HBP), 2013 WL 3816700, at *4 (S.D.N.Y. July 19, 2013) (citation omitted). Generally, "an inability or a significant difficulty in identifying [the decedent's] legal representative or successor" constitutes "good cause" to enlarge the 90-day time period within which to file a motion to substitute. *Id*. at *3 (citation omitted).

The proper party for substitution in this case is a representative of the estate of Mr. Burns. *See Wagley v. JPMorgan Chase Bank, N.A. as trustee of Mary Penney Wagley Irrevocable Tr.*, No. 18-cv-8668 (PGG), 2021 WL 1406001, at *1 (S.D.N.Y. Apr. 13, 2021). However, the Probate Court of Charleston County, South Carolina, which holds jurisdiction over Mr. Burns' estate, has not yet appointed such a representative. *See In re Alexander Chatfield Burns*, No. 2021-ES-10-02273 (Charleston Cty. S.C. Probate Ct.). Under the laws of South Carolina, the estate cannot be sued (or substituted as a party in the *Raubritter* case) until a representative is appointed to administer it. *See* S.C. Code § 62-3-804(6) ("no claim against a decedent's estate

may be presented or legal action commenced against a decedent's estate prior to the appointment of a personal representative to administer the decedent's estate.").

SKAT is preparing to file within the next 20 days a request for the appointment of a personal representative for the administration of the Burns estate. Following that appointment, SKAT intends to move this Court to substitute the representative and replace Mr. Burns as a defendant in the *Raubritter* case. Since that representative has not yet been appointed, good cause exists for the extension of the deadline to substitute parties.

Accordingly, SKAT respectfully requests that the Court grant its motion for a 90-day extension of the September 7, 2022 deadline to file a motion to substitute. SKAT has conferred with counsel for defendants Alexander Burns, Richard Markowitz and John van Merkensteijn,[1] who do not oppose this motion. No prior requests to extend this deadline have been made.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

Cc: All counsel of record via ECF

1. SKAT is unable to confer with counsel for the Raubritter Plan, as no counsel has appeared on behalf of that defendant.