UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no: 18-CV-04833 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

# PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SUBSTITUTE

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
John T. McGoey
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

## **TABLE OF CONTENTS**

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ..............................................1

ARGUMENT.....................................................................................................................................2

      A.      SKAT's Motion Is Timely ................................................................................2

      B.      SKAT's Claims Against Defendant Burns Have Not Been Extinguished by Death........................................................................................3

      C.      Seth Whitaker, as the Personal Representative of the Burns Estate, Is a Proper Party for Substitution and Does Not Oppose This Motion..................................................................................................................4

CONCLUSION..................................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdou v. Mahany*, No. 19-cv-1824 (PAE), 2022 WL 1443318 (S.D.N.Y. May 6, 2022) ..........................................................................................................................3

*Adler v. Bank of Am., N.A.,* No. 13-cv-4866 (VB), 2015 WL 2330171 (S.D.N.Y. Mar. 24, 2015)..................................................................................................................2

*Barrett v. United States*, 689 F.2d 324 (2d Cir. 1982)...................................................................3

*United States ex rel. Colucci v. Beth Israel Med. Ctr.,* 603 F.Supp.2d 677 (S.D.N.Y. 2009) ..........................................................................................................2

*English v. Murphy-Lattanzi*, No. 12-cv-4179, 2015 WL 630248 (JS/SIL), (E.D.N.Y. Feb. 12, 2015)..........................................................................................3, 4

*Off. Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-cv-5475, 2017 WL 9485707 (JS/AKT), (E.D.N.Y. Aug. 3, 2017), *report and recommendation adopted sub nom. Off. Comm. of Unsecured Creditors of Exeter Holding, Ltd. v. Haltman*, 2017 WL 3981299 (E.D.N.Y. Sept. 11, 2017) ..........................................................................................................................4

*Saylor v. Bastedo,* 623 F.2d 230 (2d Cir.1980) ..............................................................................2

*Skatteforvaltningen v. Burns, et al.*, No. 18-cv-04833...................................................................3

*Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-cv-0273, 2021 WL 4429404 (LAP), (S.D.N.Y. Sept. 27, 2021)............................................................3

**Statutes and Rules**

E.P.T.L. § 11-3.2.........................................................................................................................3, 4

Fed. R. Civ. P. 25(a)(1).....................................................................................................1, 2, 4, 5

S.C. Code § 62-3-804(6).................................................................................................................5

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this Memorandum of Law in Support of its Motion to Substitute Seth Whitaker ("Whitaker"), as Personal Representative for the Estate of Alexander C. Burns ("Burns Estate"), for the deceased Defendant Alexander Burns ("Burns"), pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 2018, SKAT commenced this action against Defendant Raubritter LLC Pension Plan ("Raubritter Plan") asserting claims for fraud, aiding and abetting fraud, payment by mistake, unjust enrichment, money had and received and negligent misrepresentation.[1] (ECF No. 1, No. 18-cv-04833.) On April 27, 2020, SKAT filed an Amended Complaint adding Defendants Burns, Richard Markowitz and John van Merkensteijn (collectively with Raubritter Plan, the "Defendants"). (ECF No. 82, No. 18-cv-04833.)

During the pendency of this action, Defendant Burns passed away. A Suggestion of Death was filed on June 9, 2022, noting Defendant Burns' death and identifying Whitaker as the Special Administrator of the Burns Estate. (ECF No. 198, No. 18-cv-04833; ECF No. 810, No. 18-md-02865.) On September 2, 2022, SKAT filed a motion to extend the deadline to move to substitute Defendant Burns because, notwithstanding Whitaker's appointment as Special Administrator by the Probate Court of Charleston County, South Carolina (the "Probate Court"), the Probate Court had not yet appointed a personal representative with general powers to oversee and administer the Burns Estate. (ECF No. 201, No. 18-cv-04833; ECF No. 865, No. 18-md-02865.) The Court granted SKAT's motion and extended the deadline to move for substitution to December 6, 2022. (ECF No. 202, No. 18-cv-04833; ECF No. 866, No. 18-md-02865.)

---

[1] While Adam LaRosa was initially named a defendant in this action, SKAT voluntarily dismissed its claims against LaRosa on September 12, 2019. (ECF. 63, No. 18-cv-04833.)

On October 14, 2022, the Probate Court issued Fiduciary Letters appointing Whitaker as the Personal Representative of the Burns Estate. Declaration of John T. McGoey ("McGoey Decl.") ¶ 5 & Ex. A. SKAT therefore now moves to substitute Whitaker, in his capacity as Personal Representative of the Burns Estate, for the deceased Defendant Burns.

## ARGUMENT

Rule 25(a)(1) of the Federal Rules of Civil Procedure governs the substitution of a party in the event of a litigant's death and provides, in relevant part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "To succeed on a motion for substitution, the movant must show (i) the motion is timely; (ii) the movant's claims have not been extinguished by the death; and (iii) the movant proposed a proper party for substitution." *Adler v. Bank of Am., N.A.,* No. 13-cv-4866 (VB), 2015 WL 2330171, at *1 (S.D.N.Y. Mar. 24, 2015) (citation omitted); *see also Wagley v. JPMorgan Chase Bank, N.A. as trustee of Mary Penney Wagley Irrevocable Tr.*, No. 18-cv-8668 (PGG), 2021 WL 1406001, at *1 (S.D.N.Y. Apr. 13, 2021) (citations omitted). A timely motion for substitution under Rule 25(a)(1) "will ordinarily be granted." *United States ex rel. Colucci v. Beth Israel Med. Ctr.,* 603 F.Supp.2d 677, 684 (S.D.N.Y. 2009) (quoting *Saylor v. Bastedo,* 623 F.2d 230, 236 (2d Cir. 1980) (discussing former but substantively identical version of Fed. R. Civ. P. 25(a)(1))).

### A. SKAT's Motion Is Timely.

"Rule 25(a)(1) provides that a motion for substitution must be made within 90 days of the service of a statement noting the death." *Adler*, 2015 WL 2330171, at *1. On June 9, 2022, a Suggestion of Death was filed noting Defendant Burns' death. (ECF No. 198, No. 18-cv-04833;

ECF No. 810, No. 18-md-02865.)  Assuming the form and service of the Suggestion of Death was proper, 90 days from the filing date of the Suggestion of Death was September 7, 2022.  *See Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-cv-0273 (LAP), 2021 WL 4429404, at *2 (S.D.N.Y. Sept. 27, 2021) ("[H]ere, the ninety days began to run 'after service of a statement noting the death,' i.e. the suggestion of death filed. . .") (citation omitted).  On September 6, 2022, the Court extended the deadline to move for substitution to December 6, 2022.  (ECF No. 202, No. 18-cv-04833; ECF No. 866, No. 18-md-02865.)  This motion is being filed before that date and is therefore timely.

      **B.**     **SKAT's Claims Against Defendant Burns Have Not Been Extinguished by Death.**

A state law claim survives the decedent's death "if applicable state law creates a right of survival."  *Wagley,* 2021 WL 1406001, at *1 (quoting *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982)).  Where a case is brought under diversity jurisdiction, courts "look to state substantive law to determine whether the cause of action survives." *Abdou v. Mahany*, No. 19-cv-1824 (PAE), 2022 WL 1443318, at *1 (S.D.N.Y. May 6, 2022) (citations omitted).  While the instant matter is a consolidated multidistrict action, SKAT instituted the relevant underlying action—*Skatteforvaltningen v. Burns, et al.*, No. 18-cv-04833—against Defendant Burns in the Southern District of New York.  (ECF No. 1 at 5, No. 18-md-02865.)  Therefore, New York state law governs whether the claims survive Defendant Burns' death.

In New York, "Section 11–3.2 of the Estates Powers and Trusts Law [("E.P.T.L.")] governs the survival of legal causes of action following a litigant's death" and provides, in relevant part, that "[n]o cause of action for injury to person or property is lost because of the death of the person liable for the injury." *English v. Murphy-Lattanzi*, No. 12-cv-4179, 2015 WL 630248 (JS/SIL), at *2 (E.D.N.Y. Feb. 12, 2015) (citations omitted).  Courts interpreting New

3

York law have held that claims sounding in fraud, such as those asserted here against Defendant Burns, involve injuries to property interests and, therefore, survive a decedent's death under the E.P.T.L. *See id*. at *3 (finding claims for fraud, conversion and breach of fiduciary duty arising from trustee's use of plaintiff's investment funds involve injuries to plaintiff's property that survive defendant's death under the E.P.T.L.); *Wagley,* 2021 WL 1406001, at *1 (finding claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty and unjust enrichment arising from bank's mismanagement of trust survive the decedent's death under the E.P.T.L.); *Off. Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-cv-5475, 2017 WL 9485707 (JS/AKT), at *6 (E.D.N.Y. Aug. 3, 2017), *report and recommendation adopted sub nom. Off. Comm. of Unsecured Creditors of Exeter Holding, Ltd. v. Haltman*, 2017 WL 3981299 (E.D.N.Y. Sept. 11, 2017) (finding claims arising under New York Business Corporate Law, as well as common law claims for fraud and breach of fiduciary duty, allege injuries to plaintiff's property interests that survive defendant's death under the E.P.T.L.).

Because claims sounding in fraud and unjust enrichment survive the death of a party under Section 11-3.2 of the E.P.T.L., SKAT's claims against Defendant Burns have not been extinguished.

### C. Seth Whitaker, as the Personal Representative of the Burns Estate, Is a Proper Party for Substitution and Does Not Oppose This Motion.

A "proper party" for substitution under Rule 25(a)(1) is either "(1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate." *Wagley*, 2021 WL 1406001, at *1 (citation omitted). Under South Carolina law, a claim may not proceed against a decedent's estate until a personal representative is appointed to administer the

4

decedent's estate.  *See* S.C. Code § 62-3-804(6) (2013) ("[N]o claim against a decedent's estate may be presented or legal action commenced against a decedent's estate prior to the appointment of a personal representative to administer the decedent's estate.").  Because the Probate Court has now appointed Whitaker as the Personal Representative of the Burns Estate, he is the "proper party" to substitute for Defendant Burns, in his capacity as the Personal Representative.  *See* McGoey Decl. ¶ 5 & Ex. A.  SKAT has also conferred with Whitaker, who advised that he does not oppose this motion.  *Id.* ¶ 6.

## **CONCLUSION**

For the foregoing reasons, SKAT respectfully requests that the Court substitute Whitaker, as Personal Administrator for the Burns Estate, for the deceased Defendant Burns, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

Dated: New York, New York
November 22, 2022

                          HUGHES HUBBARD & REED LLP

                    By:   /s/ Marc A. Weinstein
                          Marc A. Weinstein
                          William R. Maguire
                          Neil Oxford
                          Dustin P. Smith
                          John T. McGoey
                  One Battery Park Plaza
                  New York, New York 10004-1482
                  Telephone: (212) 837-6000
                  Fax: (212) 422-4726
                  marc.weinstein@hugheshubbard.com
                  bill.maguire@hugheshubbard.com
                  neil.oxford@hugheshubbard.com
                  dustin.smith@hugheshubbard.com
                  john.mcgoey@hugheshubbard.com

                  *Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*