**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION<br>OF THE KINGDOM OF DENMARK<br>(SKATTEFORVALTNINGEN) TAX REFUND<br>SCHEME LITIGATION<br><br>This document relates to case no: 18-CV-09841 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO SUBSTITUTE**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

## <u>TABLE OF CONTENTS</u>

**Page**

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ...............................................1

ARGUMENT ....................................................................................................................................1

     A.     SKAT's Motion Is Timely. ....................................................................................2

     B.     SKAT's Claims Against Defendant Crema Have Not Been Extinguished. ......................................................................................................2

     C.     Ms. Crema, as the Personal Representative of the Crema Estate, Is a Proper Party for Substitution and Does Not Oppose This Motion........................4

CONCLUSION.................................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdou v. Mahany*, No. 19-cv-1824 (PAE), 2022 WL 1443318 (S.D.N.Y. May 6, 2022) ....................................................................................................................................2

*Adler v. Bank of Am., N.A.,* No. 13-cv-4866 (VB), 2015 WL 2330171 (S.D.N.Y. Mar. 24, 2015)........................................................................................................................2

*Barrett v. United States*, 689 F.2d 324 (2d Cir. 1982)....................................................2

*United States ex rel. Colucci v. Beth Israel Med. Ctr.,* 603 F. Supp. 2d 677 (S.D.N.Y. 2009) ................................................................................................................2

*Gressman v. State*, 323 P.3d 998 (Utah 2013) ................................................................3

*Lombard v. Econ. Dev. Admin. of Puerto Rico*, No. 94 CIV. 1050 (LAP), 1995 WL 447651 (S.D.N.Y. July 27, 1995) ............................................................................3

*Morrison v. Perry*, 140 P.2d 772 (Utah 1943) ................................................................3

*Saylor v. Bastedo,* 623 F.2d 230 (2d Cir. 1980) .............................................................2

*Sevastopoulos v. Wells Fargo Bank, NA,* No. 2:19-CV-00182-CW-DAO, 2020 WL 6940708 (D. Utah Nov. 25, 2020) ......................................................................... 3-4

*In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717 (S.D.N.Y. 2003) ................................................................................................................3

*Wagley v. JPMorgan Chase Bank, N.A. as trustee of Mary Penney Wagley Irrevocable Tr.*, No. 18-cv-8668 (PGG), 2021 WL 1406001 (S.D.N.Y. Apr. 13, 2021) ........................................................................................................................2, 4

*Z-Rock Commc'ns Corp. v. William A. Exline, Inc.*, No. C 03-02436 WHA, 2004 WL 1771569 (N.D. Cal. Aug. 6, 2004) ............................................................................3

**Statutes and Rules**

28 U.S.C. § 1404(a) .........................................................................................................3

Fed. R. Civ. P. 25(a)(1).............................................................................................1, 2, 4, 5

Utah Code § 78B-3-107(1)(a)..........................................................................................3

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this Memorandum of Law in Support of its Motion to Substitute Elaina M. Crema ("Ms. Crema"), as Personal Representative for the Estate of Robert V. Crema (the "Crema Estate"), for the deceased Defendant Robert Crema ("Crema"), pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

## **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On April 22, 2020, SKAT filed its Amended Complaint in this action, naming Crema as a defendant and asserting claims against him for fraud, aiding and abetting fraud, negligent misrepresentation, unjust enrichment, and money had and received.  (ECF No. 89, No. 18-cv-09841.)

During the pendency of this action, Defendant Crema passed away.  On February 24, 2023, SKAT's counsel received (1) a copy of the Notice to Creditors filed with the Lee County Circuit Court, Probate Division, providing notice of the administration of the Crema Estate and identifying Ms. Crema as Personal Representative for the Crema Estate; and (2) a certified copy of the Letters of Administration, qualifying Ms. Crema as Personal Representative of the Crema Estate.  Declaration of Neil John Oxford ("Oxford Decl.") ¶ 2 & Exs. A-B.

SKAT now moves to substitute Ms. Crema, in her capacity as Personal Representative of the Crema Estate, for the deceased Defendant Crema.

## **ARGUMENT**

Rule 25(a)(1) of the Federal Rules of Civil Procedure governs the substitution of a party in the event of a litigant's death and provides, in relevant part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  "To succeed on a motion for substitution, the movant must show (i) the motion is timely; (ii) the movant's claims have not been extinguished by the death; and (iii) the movant proposed a proper party for substitution."  *Adler v. Bank of Am., N.A.,* No. 13-cv-4866 (VB), 2015 WL 2330171, at *1 (S.D.N.Y. Mar. 24, 2015) (citation omitted); *see also Wagley v. JPMorgan Chase Bank, N.A. as trustee of Mary Penney Wagley Irrevocable Tr*., No. 18-cv-8668 (PGG), 2021 WL 1406001, at *1 (S.D.N.Y. Apr. 13, 2021) (citations omitted).  A timely motion for substitution under Rule 25(a)(1) "will ordinarily be granted."  *United States ex rel. Colucci v. Beth Israel Med. Ctr.,* 603 F. Supp. 2d 677, 684 (S.D.N.Y. 2009) (quoting *Saylor v. Bastedo,* 623 F.2d 230, 236 (2d Cir. 1980) (discussing former but substantively identical version of Fed. R. Civ. P. 25(a)(1))).

### A.       SKAT's Motion Is Timely.

"Rule 25(a)(1) provides that a motion for substitution must be made within 90 days of the service of a statement noting the death."  *Adler*, 2015 WL 2330171, at *1.  On February 24, 2023, SKAT's counsel received documents noting Defendant Crema's death.  Oxford Decl. ¶ 2 & Exs. A-B.  Assuming the form and service of such documents was proper, 90 days from the date of service is May 25, 2023.  This motion is being filed before that date and is therefore timely.

### B.       SKAT's Claims Against Defendant Crema Have Not Been Extinguished.

Courts exercising diversity jurisdiction "look to state substantive law to determine whether [a] cause of action survives."  *Abdou v. Mahany*, No. 19-cv-1824 (PAE), 2022 WL 1443318, at *1 (S.D.N.Y. May 6, 2022) (citations omitted); *accord Wagley,* 2021 WL 1406001, at *1 (quoting *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982)) (state law claim survives the decedent's death "if applicable state law creates a right of survival").  And in this multidistrict litigation, the Court generally applies the substantive state law of the forum in

2

which "the action was originally filed." *See In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 723 (S.D.N.Y. 2003).

Before being consolidated in this multidistrict litigation, however, this action was transferred from the District of New Jersey, where it was originally filed, to the District of Utah pursuant to 28 U.S.C. § 1404(a).  (ECF No. 14, No. 18-cv-09841.)  Defendant Crema was not named in this action until after the action was consolidated in the multidistrict litigation.  Accordingly, Utah law governs whether SKAT's claims survive Defendant Crema's death.[1]  *See Z-Rock Commc'ns Corp. v. William A. Exline, Inc.*, No. C 03-02436 WHA, 2004 WL 1771569, at *5-6 (N.D. Cal. Aug. 6, 2004) (finding that there was no reason to apply the law of transferor court to defendants joined after transfer pursuant to 28 U.S.C. § 1404(a)) (citing *Lombard v. Econ. Dev. Admin. of Puerto Rico*, No. 94 CIV. 1050 (LAP), 1995 WL 447651, at *2 n.1 (S.D.N.Y. July 27, 1995)).

Under Utah common law,[2] "personal tort actions abate upon the death of either the claimant or the tortfeasor, while tort claims for property damage or conversion survive." *Gressman v. State*, 323 P.3d 998, 1001 (Utah 2013) (citing *Morrison v. Perry*, 140 P.2d 772, 781-82 (Utah 1943)).  As alleged in the Amended Complaint, Defendant Crema participated in a fraudulent scheme whereby SKAT was induced to issue supposed tax refunds of money that rightly belongs to the Danish Government.  Because the harm SKAT suffered from Defendant Crema's actions, *i.e.*, the wrongful deprivation of its property, is similar to the harm from conversion, the claims against him survive his death under Utah law.  *See Sevastopoulos v. Wells*

---

1. Defendant Crema has relied solely on Utah law in arguing for dismissal of SKAT's claims against him in this action.  (ECF No. 799 at 42 n.37, No. 18-md-2865; *see also* ECF No. 393 at 6 n.8, No. 18-md-2865.)

2. Utah's survival statute pertains to the survival of "cause[s] of action arising out of personal injury to an individual," Utah Code § 78B-3-107(1)(a), and is therefore inapplicable to SKAT's claims in this action.

*Fargo Bank, NA,* No. 2:19-CV-00182-CW-DAO, 2020 WL 6940708, at *2 (D. Utah Nov. 25, 2020) (finding that claim for pecuniary harm survived).

     C.     **<u>Ms. Crema, as the Personal Representative of the Crema Estate, Is a Proper Party for Substitution and Does Not Oppose This Motion.</u>**

A "proper party" for substitution under Rule 25(a)(1) is either "(1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate." *Wagley*, 2021 WL 1406001, at *1 (citation omitted).  Ms. Crema is the proper representative of the Crema Estate to be substituted into this action because she has been appointed its Personal Representative and has received Letters of Administration.  *See* Oxford Decl. ¶ 2 & Exs. A-B. SKAT has corresponded with Ms. Crema's counsel, who advised that she does not oppose this motion.  *Id*. ¶ 3.

## <u>CONCLUSION</u>

For the foregoing reasons, SKAT respectfully requests that the Court substitute Ms.

Crema, as Personal Administrator for the Crema Estate, for the deceased Defendant Crema,

pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

Dated: New York, New York
April 11, 2023

HUGHES HUBBARD & REED LLP

By:   /s/ *Neil J. Oxford*  _____
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*