

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

BY ECF

Honorable Lewis A. Kaplan     June 16, 2023
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)[1]

Dear Judge Kaplan:

  Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this letter motion, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), for an extension of the deadlines for the submission of evidence on the parties' pending cross-motions for summary judgment in the bellwether cases for the limited purpose of permitting SKAT to supplement the record with the Final Notice to ED&F Man Capital Markets Ltd. ("ED&F"), issued by the U.K. Financial Conduct Authority ("FCA") on June 5, 2023, in which the FCA found that ED&F issued false tax vouchers to certain of the bellwether defendant pension plans that resulted in SKAT issuing supposed "refunds" of tax that was never withheld or owed in the first place.[2]

**The parties' pending cross-motions for summary judgment.**

  Eighteen of the actions in this multi-district litigation involve ED&F's admittedly false Annex E tax vouchers, so-called because ED&F first admitted they were false in Annex E to a pleading ED&F filed in SKAT's English action. Pursuant to the Court's November 16, 2021 order that summary judgment in this multi-district litigation would proceed by way of bellwethers, the parties selected seven summary judgment bellwether cases, including two where ED&F's Annex E vouchers would be at issue. (ECF No. 675.) Under the Court's April 4, 2022 stipulated scheduling order, SKAT and the bellwether defendants and third-party defendant ED&F, respectively, cross-moved for partial summary judgment or summary judgment in the bellwether cases on April 29, 2022. (ECF No. 771.) Oppositions were due on June 6, 2022, and replies on June 27, 2022.

---

1. This letter motion relates to case nos. 18-cv-04051; 18-cv-09840; 18-cv-09841; 18-cv-10098; 19-cv-01812; 19-cv-01866; 19-cv-01898. All citations to the docket are to case no. 18-md-2865.

2. A true and correct copy of the FCA's June 5, 2023 Final Notice to ED&F is enclosed herewith as Exhibit 1.

SKAT argued in its motion, in relevant part, that it is entitled to partial summary judgment on its money had and received claims and the false statement element of its fraud and negligent misrepresentation claims arising from the ED&F bellwether defendants' submission of fraudulent tax refund applications including the Annex E vouchers.  (ECF No. 817 ("SKAT Mem.") at 24-28, 55-56.)  As SKAT explained in its motion and in opposing defendants and ED&F's cross-motion, the deposition testimony of ED&F's Rule 30(b)(6) witnesses and reports ED&F submitted to the FCA, among other evidence, establish conclusively that the Annex E vouchers are false because they were based, in whole or in part, on sham circular transactions in which the defendant plans purportedly purchased Danish shares, via an interdealer broker, from ED&F's affiliate ED&F Man Proprietary Trading (Dubai) Limited ("ED&F Dubai" or "MPT Dubai") that did not have the shares and obtained them only by ultimately "buying" the shares from the defendant plans themselves, which had no shares in the first place.  (SKAT Mem. at 24-28, 55-56; ECF No. 831 ("SKAT Opp.") at 6-7, 41-44; ECF No. 843 ("SKAT Reply") at 14-15.)

In their motion and in opposing SKAT's motion, defendants and ED&F argued that none of the evidence on which SKAT relied to show the Annex E vouchers were false is admissible, supposedly because ED&F's Rule 30(b)(6) witnesses lacked personal knowledge that the Annex E vouchers were false and ED&F's FCA reports are inadmissible hearsay, (ECF No. 799 ("Defs. Mem.") at 55-56; ECF No. 818 ("Defs. Opp.") at 33-35; ECF No. 837 ("Defs. Reply") at 29-32), which SKAT disputes (SKAT Opp. at 41-44; SKAT Reply at 14-15).

**The FCA's June 5, 2023 Final Notice to ED&F.**

On June 5, 2023, the FCA issued its Final Notice to ED&F, fining it £17,219,300 and confirming that the Annex E vouchers were false for the reasons SKAT explained.  In particular, the FCA found that "[s]tarting in December 2013," ED&F's "Equity Finance Desk facilitate[ed] trades between (i) MPT Dubai and (ii) US based Pension Plan clients, whereby MPT Dubai would supposedly sell Danish equities to the clients over dividend payment dates."  (Final Notice ¶ 2.11.)  The "MPT Dubai sales," however, "were by way of uncovered short positions such that at no point did the Pension Plans own the Danish shares or borrow shares from the market, no dividends were paid by the Danish issuers to the Pension Plans and no tax was withheld."  (*Id.*)  "In place of a dividend, MPT Dubai would make a compensation payment to the Pension Plan in the same amount of the dividend that it would have been paid, less the tax that would have been withheld," which "compensation payment was only a book entry administered by" ED&F.  (*Id.* ¶ 4.15.)  "Following the shares going ex-dividend from cum-dividend, [ED&F] would use/sell the Pension Plans' security positions to flatten the leverage [ED&F] had extended to the Pension Plans," and "MPT Dubai would later enter a trade to buy back the same amount of shares via a [ED&F] arranged trade," with the "sale and purchase of the equity transactions" due to "settle on the same day."  (*Id.*)

"Nevertheless," ED&F "issued Tax Vouchers," *i.e.*, the Annex E vouchers, "to the Pension Plan clients which expressly stated the amount of '*WHT suffered*'."  (*Id.* ¶ 2.11.)  "[T]he Tax Vouchers wrongly stated that tax had been withheld from dividend payments paid to the Pension Plan clients."  (*Id.*)  "Despite the fact that at no time during the Danish Trading Strategy was the stock traded either purchased, borrowed or sold by MPT Dubai or the Pension Plan," the FCA concluded, "eighty Tax Vouchers were issued by [ED&F] pursuant to this strategy which

wrongly confirmed tax had been withheld on dividends, resulting in around £20.465 million of WHT reclaims being paid to the Pension Plans by SKAT." (*Id.* ¶ 4.16.)

**The Court should permit SKAT to supplement the summary judgment record with the FCA's June 5, 2023 Final Notice to ED&F.**

There is "good cause," under Federal Rule of Civil Procedure 6(b)(1)(B), for the Court to extend the deadlines for the submission of evidence on the parties' pending cross-summary judgment motions, so that SKAT may supplement the record with the FCA's Final Notice, because SKAT's not submitting such evidence by those deadlines was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "The determination whether neglect is excusable in a particular case rests with the sound discretion of the" Court. *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (internal quotation omitted). And the "determination is at bottom an equitable one, taking account of all relevant circumstances." *Davidson v. Scully*, 148 F. Supp. 2d 249, 251 (S.D.N.Y. 2001) (internal quotations omitted). "Relevant circumstances include the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 251-52 (internal quotations omitted).

<u>First</u>, SKAT acted in good faith in not submitting the FCA's Final Notice by the Court-ordered summary judgment deadlines. SKAT could not have submitted the Final Notice by those deadlines because the FCA did not issue it until June 5, 2023, over 11 months after the deadline for SKAT to submit evidence in support of its motion and a day short of one year after the deadline for it to submit evidence opposing defendants and ED&F's motion. *See Degelman Indus., Ltd. v. Pro-Tech Welding & Fabrication, Inc.*, No. 06-CV-6346, 2011 WL 8473223, at *3 (W.D.N.Y. May 31, 2011) (defendants demonstrated excusable neglect for not submitting U.S. Patent & Trademark Office final Office Action by "deadline for submitting papers in connection with the dispositive motions" in part "because the PTO did not issue the final Office Action until more than two months after that date had passed"). And SKAT has moved promptly after the FCA issued the Final Notice to include it in the summary judgment record.

<u>Second</u>, defendants and ED&F "cannot claim to be 'blindsided' or otherwise prejudiced by" the Final Notice or its inclusion in the summary judgment record. *Id.* ED&F and the bellwether defendants were aware of the FCA's investigation of ED&F's issuance of the false Annex E tax vouchers and of ED&F's repeated admissions, including to the FCA, that the vouchers were in fact false.

<u>Third</u>, the FCA's Final Notice to ED&F is relevant and admissible. *Cf. Desrameaux v. Delta Air Lines Inc.*, No. 2:15-CV-347 (CBA)(VMS), 2018 WL 1224100, at *6 (E.D.N.Y. Mar. 8, 2018) (denying motion to supplement summary judgment record with "redundant or irrelevant" documents). The bellwether defendants and ED&F argue that SKAT lacks any admissible evidence as to the falsity of ED&F's Annex E vouchers. Even were that so, which SKAT disputes,[3] the FCA's Final Notice fills that supposed hole in the summary judgment record, and obviates the need for the Court to rule on the admissibility of ED&F's FCA reports

---

3.  *See* SKAT Opp. at 41-44; SKAT Reply at 14-15.

to find there is no genuine dispute that the Annex E vouchers were false. The Final Notice is clearly relevant to the issue of the falsity of the Annex E vouchers and it is admissible under Federal Rule of Evidence 803(8)'s hearsay exception for "record[s] or statement[s] of a public office" that set forth "factual findings from a legally authorized investigation." In moving for summary judgment, SKAT argued that similar Final Notices the FCA issued to two brokers involved in the Solo bellwether defendants' sham circular trading were admissible under this hearsay exception, (SKAT Mem. at 18-19, 43-44), and defendants did not contend otherwise (*see generally* Defs. Opp.).

Finally, allowing SKAT to supplement the summary judgment record with the FCA's Final Notice to ED&F will not delay these proceedings. The parties' cross-motions for summary judgment are still pending before the Court. And including the FCA's Final Notice in the summary judgment record would not require reopening discovery as the parties have already taken extensive discovery on the falsity of the Annex E vouchers, including the disclosure of ED&F's reports to the FCA on which the Final Notice, in part, is based. (Final Notice ¶ 6.13 (noting that ED&F "accepted the findings" of the reports it commissioned "that the Danish Trading Strategy had resulted in illegitimate claims for WHT" and provided such reports to the FCA, "which assisted the investigation").)

Accordingly, SKAT respectfully requests that the Court grant its motion for an extension of the summary judgment deadlines, such that SKAT may supplement the record with the FCA's Final Notice to ED&F.

        Respectfully submitted,

        /s/ Marc A. Weinstein
        Marc A. Weinstein

cc:   All counsel of record (via ECF)