**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case nos.: 19-cv-01785; 19-cv-01781; 19-cv-01800; 19-cv-01791; 19-cv-01803; 19-cv-01801; 19-cv-01809; 19-cv-01810; 19-cv-01812; 19-cv-01813; 19-cv-01818; 19-cv-01918; 18-cv-10129; 18-cv-09590; 18-cv-04767; 18-cv-05147; 18-cv-05150; 18-cv-05151; 18-cv-05158; 18-cv-05164; 18-cv-05180; 18-cv-05183; 18-cv-05185; 18-cv-05186; 18-cv-05188; 18-cv-05189; 18-cv-05190; 18-cv-05192; 18-cv-05193; 18-cv-05194; 18-cv-05299; 18-cv-05300; 18-cv-05305; 18-cv-05308; 18-cv-05309; 18-cv-10098; 18-cv-10099; 18-cv-09565; 18-cv-09587; 18-cv-09589; 18-cv-09650; 18-cv-09665; 18-cv-09666; 18-cv-09668; 18-cv-09669; 18-cv-10133; 18-cv-09570; 19-cv-01788; 19-cv-01783; 19-cv-01794; 19-cv-01798; 18-cv-07824; 18-cv-07827; 18-cv-07828; 18-cv-07829; 19-cv-01866; 19-cv-01813; 19-cv-01867; 18-cv-04434; 19-cv-01808; 19-cv-01810; 19-cv-01894; 19-cv-01895; 19-cv-01898; 19-cv-01904; 19-cv-01906; 19-cv-01911; 18-cv-04833; 19-cv-01924; 19-cv-01865; 19-cv-01930; 19-cv-01893 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO STRIKE CONFIDENTIAL DESIGNATIONS**

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in support of its motion to strike certain Defendants' "Confidential" and "Highly Confidential" designations of the 585 discovery documents identified on Exhibit 1 to the Declaration of Marc A. Weinstein, dated December 19, 2023 (the "Weinstein Decl."), that SKAT intends to use at the trial of its claims against Sanjay Shah and other defendants before the English High Court of Justice.[1]

## PRELIMINARY STATEMENT

SKAT has requested that certain Defendants in this multidistrict litigation de-designate 585 documents, collectively, that Defendants designated confidential or highly confidential at the time they produced them. Each Defendant refused. The Court should strike Defendants' confidential designations because there is no good cause for keeping the documents confidential under the Revised Amended Stipulated Protective Order Governing Confidentiality of Discovery Materials (ECF No. 489, the "Protective Order") in this multidistrict litigation.

The Protective Order specifically allows SKAT to use any discovery material from these actions for the purpose of its claims pending before the English High Court, so long as such material is relevant to those claims. As such, SKAT's English counsel has selected 585 documents that Defendants designated confidential under the Protective Order—out of the over

---

1. The "Defendants" whose confidential designations SKAT moves the Court to strike are Richard Markowitz, Jocelyn Markowitz, Roger Lehman, David Zelman, Joseph Herman, John Van Merkensteijn, Elizabeth Van Merkensteijn, Michael Ben-Jacob, Vanderlee Technologies Pension Plan, Crucible Ventures LLC Roth 401(K) Plan, Limelight Global Productions LLC Roth 401(K) Plan, Roadcraft Technologies LLC Roth 401(K) Plan, Plumrose Industries LLC Roth 401K Plan, True Wind Investments LLC Roth 401(K) Plan, Albedo Management LLC Roth 401(K) Plan, Ballast Ventures LLC Roth 401(K) Plan, Fairlie Investments LLC Roth 401(K) Plan, Monomer Industries LLC Roth 401(K) Plan, Pinax Holdings LLC Roth 401(K) Plan, and Sternway Logistics LLC Roth 401(K) Plan. In addition, SKAT moves to strike the confidential designations from certain documents produced by non-party Stephanie Gunderson, the former personal assistant to defendants John and Elizabeth van Merkensteijn.

128,000 such documents Defendants produced—for inclusion in SKAT's "trial bundle" due to be filed publicly with the English High Court on February 2, 2024.

There is no good cause to keep these 585 documents confidential, nor have Defendants argued otherwise. The documents relate directly to Defendants and Sanjay Shah's fraudulent tax refund scheme from which SKAT's claims in both the U.S. and England arise, and include, for instance, the Form 5500-EZ annual returns for U.S. defendant pension plans that submitted fraudulent refund applications (which are available to the public),[2] the pension plans' bank account statements, and other documents related to the plans, their purported ownership and trading of Danish shares, and the distribution of SKAT's "refund" payments—matters all of which already have been the subject of substantial public disclosure in this multidistrict litigation and elsewhere.

As such, in November 2023, SKAT asked Defendants to withdraw their confidential designations or show good cause for keeping these documents confidential. Defendants refused to do either, arguing instead that it somehow would be unduly burdensome to even review the documents, just 585 of the over 128,000 Defendants designated confidential, and that SKAT must first demonstrate each document's relevance to its English action. But it is Defendants' burden to show good cause, *i.e.*, that disclosure will result in a specific and serious injury, thus any small burden in them doing so is not undue. And under the Protective Order, whether the documents are relevant to SKAT's English action, such that SKAT may use them therein, has

---

2. *Instructions for Form 5500-EZ*, INTERNAL REVENUE SERVICE (2022), https://www.irs.gov/pub/irs-pdf/i5500ez.pdf.

nothing to do with whether Defendants' confidential designations were warranted in the first place.[3]

## BACKGROUND

**The Protective Order.**

On November 6, 2020, the Court entered the Protective Order, under which any party may designate "Discovery Materials"[4] as "Confidential" so long as that party "reasonably and in good faith believes" that such material:

> (a) includes sensitive personal information, including, for example, private details such as social security numbers, financial information, home addresses, personal email addresses, or personal telephone numbers; (b) includes confidential business information, including for example, non-public financial, customer, or commercial information, or other information that the Producing Party or Non-Party believes in good faith to be entitled to protection under [Federal Rule of Civil Procedure] 26(c)(1)(G); (c) includes information the Producing Party or Non-Party is contractually or legally obligated to keep confidential; (d) was provided to or maintained by the Producing Party or Non-Party subject to an agreement to maintain such information as confidential; (e) includes Foreign Confidential Personal Data[5] . . .; or (f) any other category of information hereinafter given confidential status by the Court.[6]

---

3. Since Defendants did not argue during the parties' meet and confer process that there is good cause for maintaining the confidentiality of any of these documents and given that there are 585 of them, SKAT has not filed the documents under seal with this motion, but at the Court's request, SKAT will submit the documents, or a selection of them, to the Court for *in camera* review.

4. The Protective Order defines "Discovery Materials" to mean "all initial disclosures, documents, testimony, exhibits, interrogatory answers, responses to requests for admissions, and any other written, recorded, transcribed or graphic matter or data or anything produced in the Actions by the Parties and Non-Parties, and all information contained therein."  (Protective Order ¶ 1.)

5. The Protective Order defines "Foreign Confidential Personal Data" to mean "any information relating to an identified or identifiable natural person entitled to protection under a foreign data protection law that may govern the transfer, processing or disclosure of information," such as the EU General Data Protection Regulation and the Danish Data Protection Act.  (*Id.* ¶¶ 6, 7.)

6. The Court has not subsequently given any further categories of information confidential status.

(Protective Order ¶ 2.)  Discovery Materials may be designated as "Highly Confidential" under the Protective Order only if, in relevant part, the party "reasonably and in good faith believes" that such material satisfies the requirements for Confidential materials and that "disclosure . . . would result in a clearly defined, serious, and irreparable injury . . . that cannot be reasonably protected by alternate means."  (*Id*. ¶ 3.)

"Nothing" in the Protective Order, however, is "an acknowledgment by any Party that any Discovery Material designated as Confidential Material or Highly Confidential Material is in fact entitled to such treatment under applicable law."  (*Id.* ¶ 14.)  And the Protective Order does not require the parties to challenge each other's confidentiality designations "at the time of the designation," providing instead that a party "may challenge, at any time, the designation of Discovery Material as Confidential or Highly Confidential."  (*Id.*)  In such circumstances, the parties are required to meet and confer, and if the dispute is not resolved, the party challenging the designation may file a motion, to which the designating party must respond "showing good cause for the designation[] and why the designation should be maintained."  (*Id.*)

Separately, and irrespective of whether such Discovery Materials have been designated either level of confidential, the Protective Order specifically allows for Discovery Materials to be used in SKAT's "Foreign Actions."  (*Id.* ¶ 21.)[7]  Specifically, Discovery Materials may be used in such Foreign Actions if the material "is directly relevant to a genuine and material issue in the Foreign Action" and will be "subject to an agreement, enforceable by order of a court of competent jurisdiction for the Foreign Action that provides protections regarding the use and

---

7. The Protective Order defines a "Foreign Action" to mean "any other action or proceedings commenced by SKAT in a foreign jurisdiction arising from or related to allegedly improper or fraudulent requests for refunds of dividend withholding taxes."  (*Id.* ¶ 10(a) n.2.)

4

confidentiality of Discovery Materials that are substantially similar to those contained in" the Protective Order.  (*Id.*)  The Protective Order does not permit a party to "simply reproduce every item of Discovery Material in a Foreign Action," instead requiring a "good faith" review "for relevance" and "appropriate steps to prevent the production . . . of any private information . . . of individuals not named as defendants in the Foreign Action, where such information is neither relevant nor necessary to a resolution of the issues in the Foreign Action." (*Id.*)  A party seeking to produce materials in a Foreign Action designated Confidential or Highly Confidential generally must first provide at least ten-days-notice to the designating party.  (*Id.*)[8]

**Defendants designated almost all of their Discovery Materials confidential.**

Defendants collectively produced over 131,000 documents in this litigation, the vast majority of which, over 128,000, they designated Confidential or Highly Confidential.  For instance, defendant Richard Markowitz produced 102,984 documents, 102,941, or over 99 percent, of which he designated confidential.  Likewise, defendant John van Merkensteijn produced 7,609 documents, 7,601, or over 99 percent, of which he designated confidential.  (*Id.*)  And defendants Richard and Jocelyn Markowitz, John and Elizabeth van Merkensteijn, Roger Lehman and Joseph Herman designated the entirety of their deposition transcripts confidential.  (*Id.*)[9]

---

8. Consistent with its provisions allowing Discovery Materials to be used in SKAT's Foreign Actions, the Protective Order elsewhere provides that materials designated Confidential or Highly Confidential may be disclosed to the court, counsel, experts, consultants, investigators, court reporters, videographers, mediators, insurance carriers and witnesses in such Foreign Actions.  (*Id.* ¶¶ 10(a)-(b), (e)-(h), 11(a)-(b), (e)-(h).)  Discovery Material designated as Confidential, but not Highly Confidential, also may be disclosed to the parties to SKAT's Foreign Actions. (*Id.* ¶ 10(c).)

9. Defendants Richard Markowitz, John van Merkensteijn, Roger Lehman and Joseph Herman previously withdrew their confidential designations for the parts of their deposition transcripts filed with the Court in connection with the parties' summary judgment motions.

**SKAT produced relevant Discovery Materials in its English action.**

Consistent with the Protective Order, SKAT reviewed the over 131,000 documents Defendants produced and the transcripts of their depositions and identified Discovery Materials relevant to its English action that Defendants designated Confidential or Highly Confidential. On December 23, 2020, November 11, 2022, and February 17, 2023, SKAT provided ten-days-notice to the Defendants of its intent to produce Discovery Materials marked "Confidential" or "Highly Confidential" in its English action, and subsequently produced the materials therein, subject to the agreement of the parties to that action, enforceable by order of the English court, to maintain their confidentiality.  (*See* Protective Order ¶ 21, Ex. B.)

**Defendants refused to withdraw or provide good cause for their confidential designations.**

SKAT has selected 585 of the Discovery Materials it produced in its English Action that Defendants designated Confidential or Highly Confidential to include in its "trial bundle" that will be publicly filed in England on February 2, 2024.  On November 10, 2023, SKAT requested that Defendants withdraw their confidential designations of that limited set or explain why there is good cause for keeping those documents confidential and provided each Defendant a list of their documents (identified by bates numbers) for which SKAT requested that the designations be withdrawn.  (*See, e.g.*, Weinstein Decl. Ex. 2.)[10]  Of the 585 documents, 243 were designated by Richard and Jocelyn Markowitz, 171 by John and Elizabeth van Merkensteijn and their former personal assistant, and 46 by Roger Lehman.[11]  In response,

---

10. As SKAT explained to Defendants when it requested that the designations be withdrawn, SKAT intends to redact from the documents the information set forth in Federal Rule of Civil Procedure 5.2(a) before SKAT files the documents publicly in England.  (*Id.*)

11. The remainder of the 585 were designated by David Zelman (22 documents), Joseph Herman (4 documents), Michael Ben-Jacob (67 documents), Vanderlee Technologies Pension Plan (3 documents), Crucible Ventures LLC Roth 401(K) Plan (7 documents), Limelight Global Productions LLC Roth 401(K) Plan (6 documents),

Defendants refused to withdraw any of their designations or provide good cause, arguing instead that it would be unduly burdensome to review the documents, that SKAT's request came too late because discovery is closed, and that SKAT must first show their relevance to the claims in its English action.  (*Id.*)  SKAT and Defendants met and conferred on November 19, 2023 (and subsequently via email), during which Defendants continued to refuse to withdraw or explain their confidential designations.  (*Id.*)[12]

## ARGUMENT

Under Federal Rule of Civil Procedure 26(c), the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).  The Court has "broad discretion" under Rule 26(c) "to decide when a protective order is appropriate and what degree of protection is required."  *In re Parmalat Securities Litigation*, 258 F.R.D. 236, 242 (S.D.N.Y. 2009) (internal quotation omitted).

But the burden is on the party seeking a protective order to show "that good cause exists for issuance of that order."  *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184,

---

Roadcraft Technologies LLC Roth 401(K) Plan (5 documents), Plumrose Industries LLC Roth 401K Plan (6 documents), True Wind Investments LLC Roth 401(K) Plan (3 documents), Albedo Management LLC Roth 401(K) Plan (1 document), Ballast Ventures LLC Roth 401(K) Plan (1 document), Fairlie Investments LLC Roth 401(K) Plan (1 document), Monomer Industries LLC Roth 401(K) Plan (1 document), Pinax Holdings LLC Roth 401(K) Plan (1 document), and Sternway Logistics LLC Roth 401(K) Plan (1 document).

12. After the parties met and conferred, SKAT removed from its English trial bundle approximately 40 of the documents for which it initially requested Defendants withdraw their confidential designations.  Those documents, accordingly, are not subject to this motion.

186 (S.D.N.Y. 2014) (internal quotation omitted).  And that remains true where, as here, there is a dispute over whether discovery materials have "been properly designated 'confidential'" under an existing protective order.  *Closed Joint Stock Co. "CTC Network," v. Actava TV, Inc.*, No. 15-CV-8681 (GBD) (BCM), 2016 WL 1364942, at *6 (S.D.N.Y. Mar. 28, 2016) ("burden remains with the proponent of confidentiality").  Thus, the Protective Order places squarely on Defendants the burden of "showing good cause for the[ir] designation[s]."  (Protective Order ¶ 14.)

      Defendants could not sustain that burden, even if they had tried.  *See Salomon Smith Barney, Inc. v. HBO & Co.*, No. 98CIV8721 (LAK), 2001 WL 225040, at *1 (S.D.N.Y. Mar. 7, 2001) ("the producing party or witness [is] obliged to sustain the burden of establishing that good cause existed for continuing confidential treatment").  That is because "good cause" requires a "show[ing] that disclosure will result in a clearly defined, specific and serious injury."  *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y.2006) (internal quotation omitted).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," *Std. Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 72 (S.D.N.Y. 2007) (internal quotation omitted), and "stereotyped and conclusory statements" are not enough.  *Kelly v. Jefferies Grp., Inc.*, No. 17-CV-2432(ALC)(KNF), 2018 WL 8221524, at *2 (S.D.N.Y. Oct. 25, 2018) (internal quotation omitted).  But Defendants have not mustered even that, arguing instead that justifying their confidential designations would be unduly burdensome and pointing at irrelevant provisions of the Protective Order governing SKAT's previous production of the documents in its English action, with which SKAT complied.

First, Defendants' argument that it would be unduly burdensome for each of them to review their share of the 585 documents they collectively designated confidential turns the law on its head. (Weinstein Decl. Ex. 2.) It is their burden to show good cause for their confidential designations, thus any burden in them doing so is not *undue*, particularly since Defendants should have already reviewed these documents when they designated them confidential in the first place. *See Salomon Smith Barney*, 2001 WL 225040, at *1. And Defendants' protests ring especially hollow given the relatively few confidential designations SKAT is challenging. Even for Richard Markowitz, whose designations SKAT challenges the most, SKAT is challenging only 243 of his 102,941 designations. For others, it is a handful or less. For instance, SKAT is challenging just four of defendant Joseph Herman's designations. Yet, Defendants collectively still refused to explain a single one of their confidential designations during the meet-and-confer process.

Second, Defendants' timing argument ignores the terms of the Protective Order. (Weinstein Decl. Ex. 2.) Contrary to Defendants' argument, it is of no moment that SKAT challenged Defendants' designations after the close of discovery because the Protective Order specifically provides that any party "may challenge, at any time," another party's designations. (Protective Order ¶ 14.) SKAT has attempted to avoid any undue burden on Defendants by not challenging their wholesale confidentiality designations unless and until necessary. For these 585 documents SKAT intends to use at trial in England, that time is now.

Third, Defendants' arguments based on the provisions of the Protective Order governing SKAT's use of Discovery Materials in its English action are a red herring. (Weinstein Decl. Ex. 2.) Consistent with those provisions, SKAT provided pre-production notice to Defendants and subsequently produced the Discovery Material at issue in the English action. Such provisions

9

have nothing to say about whether Defendants' confidential designations that SKAT is challenging are proper. (*See generally* Protective Order ¶ 21.) Nor do they relieve Defendants of their burden to show good cause for their designations. (*Id.*)

<u>Finally</u>, it is not, as Defendants argue (Weinstein Decl. Ex. 2), inconsistent with due process for SKAT to use these Discovery Materials in its English action, as the Protective Order allows. *Cf. Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) ("where the discovery sought is relevant to a good faith defense in the federal case, the mere fact that it may be used in other litigation does not mandate a protective order").

## **CONCLUSION**

For the reasons set forth above, SKAT respectfully requests that the Court strike Defendants' designations of the Discovery Material identified on Exhibit 1 to the Weinstein Declaration as Confidential or Highly Confidential under the Protective Order.

Dated: New York, New York
December 19, 2023

HUGHES HUBBARD & REED LLP

By:   /s/ Marc Weinstein
   William R. Maguire
   Marc A. Weinstein
   Neil J. Oxford
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*
