UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case nos.: 19-cv-01785; 19-cv-01781; 19-cv-01800; 19-cv-01791; 19-cv-01803; 19-cv-01801; 19-cv-01809; 19-cv-01810; 19-cv-01812; 19-cv-01813; 19-cv-01818; 19-cv-01918; 18-cv-10129; 18-cv-09590; 18-cv-04767; 18-cv-05147; 18-cv-05150; 18-cv-05151; 18-cv-05158; 18-cv-05164; 18-cv-05180; 18-cv-05183; 18-cv-05185; 18-cv-05186; 18-cv-05188; 18-cv-05189; 18-cv-05190; 18-cv-05192; 18-cv-05193; 18-cv-05194; 18-cv-05299; 18-cv-05300; 18-cv-05305; 18-cv-05308; 18-cv-05309; 18-cv-10098; 18-cv-10099; 18-cv-09565; 18-cv-09587; 18-cv-09589; 18-cv-09650; 18-cv-09665; 18-cv-09666; 18-cv-09668; 18-cv-09669; 18-cv-10133; 18-cv-09570; 19-cv-01788; 19-cv-01783; 19-cv-01794; 19-cv-01798; 18-cv-07824; 18-cv-07827; 18-cv-07828; 18-cv-07829; 19-cv-01866; 19-cv-01813; 19-cv-01867; 18-cv-04434; 19-cv-01808; 19-cv-01810; 19-cv-01894; 19-cv-01895; 19-cv-01898; 19-cv-01904; 19-cv-01906; 19-cv-01911; 18-cv-04833; 19-cv-01924; 19-cv-01865; 19-cv-01930; 19-cv-01893 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF SKATTEFORVALTNINGEN'S
MOTION TO STRIKE CONFIDENTIAL DESIGNATIONS**

**PRELIMINARY STATEMENT**

Defendants oppose SKAT's motion to strike confidential designations from discovery documents that SKAT intends to use at the trial of its claims against Sanjay Shah and other defendants before the English High Court of Justice. In violation of the Revised Amended Stipulated Protective Order Governing Confidentiality of Discovery Materials (ECF No. 489, the "Protective Order"), SKAT has repeatedly refused to inform Defendants how or why these confidential documents are relevant to its U.K. action against individuals who are not defendants in this case. Defendants are not on trial in the U.K. action, and Defendants will not be called as witnesses in the U.K. action. If, as seems to be the case, SKAT intends to try Defendants in absentia in the U.K. action, such use of Defendants' confidential documents to further that goal would not only be legally improper, it would be a flagrant violation of SKAT's obligations under the Protective Order. In any event, the confidential designations challenged by SKAT are clearly appropriate—SKAT has provided no explanation as to why non-public banking and trading information should not be considered confidential pursuant to the Protective Order. Accordingly, Defendants respectfully request that the Court deny SKAT's motion to strike these proper and necessary confidentiality designations.

**ARGUMENT**

SKAT's attempt to remove confidentiality designations from Defendants' documents for public use in a foreign action without explaining to Defendants how or why the documents are relevant or necessary to that action is a clear violation of the Protective Order. The Protective Order allows any party to designate "Discovery Materials" as "Confidential" so long as that party "reasonably and in good faith believes" that such material includes, among other things, "sensitive personal information, including, for example, private details such as social security numbers, *financial information*, home addresses, personal email addresses, or personal telephone numbers"

1

or "confidential business information, including, for example, *non-public financial, customer, or commercial information*, or other information that the Producing Party or Non-Party believes in good faith to be entitled to protection under [Federal Rule of Civil Procedure] 26(c)(1)(G)." Protective Order ¶ 2 (emphasis added). And a party "may challenge, at any time, the designation of Discovery Material as Confidential." *Id.* ¶ 14.

However, before a party can seek to use designated confidential discovery material "for the purpose of a Foreign Action,"[1] the party must make a threshold showing of relevance to that action. Paragraph 21 of the Protective Order provides:

> Discovery Material may only be used in any Foreign Action where it is directly relevant to a genuine and material issue in the Foreign Action. No Party or Non-Party is authorized to simply reproduce every item of Discovery Material in a Foreign Action, but *must undertake in good faith a review of the Discovery Material for relevance to the Foreign Action* and must further take appropriate steps to prevent the production in any Foreign Action of any private information, including financial information, of individuals not named as defendants in the Foreign Action, where such information is neither relevant nor necessary to a resolution of the issues in the Foreign Action.

Despite multiple requests from Defendants, SKAT has refused at every turn to explain how the documents are relevant to a genuine and material issue in the U.K. action. SKAT argues that Paragraph 21 of the Protective Order has "nothing to say about whether Defendants' confidential designations that SKAT is challenging are proper." SKAT Mem. (ECF No. 944) at 9-10. Defendants agree. Rather, Paragraph 21 makes clear that *before* a party defending confidentiality designations must endeavor the unduly burdensome task of reviewing each individual challenged document, the party seeking to use those documents in a foreign action *must first demonstrate* that the documents are "directly relevant to a genuine and material issue" in the Foreign Action.

---

[1] The Protective Order defines "Foreign Action" as "any other action or proceedings commenced by Plaintiff SKAT in a foreign jurisdiction arising from or related to allegedly improper or fraudulent requests for refunds of dividend withholding taxes." Protective Order ¶ 10(a) n.2.

2

Protective Order ¶ 21.  SKAT has plainly failed—indeed, has not even attempted—to make that threshold showing with regard to the U.K. action.

Aside from a blanket representation that the documents are relevant and the conclusory statement in SKAT's brief that "[t]he documents relate directly to Defendants and Sanjay Shah's fraudulent tax refund scheme from which SKAT's claims in both the U.S. and England arise," SKAT Mem. at 2, SKAT has provided absolutely no explanation for how any of these documents are relevant to a genuine and material issue in the U.K. action.  None of the Defendants in this action are defendants in the U.K. action.  None of the Defendants will be called to testify in the U.K. action.  SKAT has not explained—nor could it—how Defendants' documents are germane to claims *against Shah* or against other defendants who are not a party to this action. It follows that Defendants' banking and trading records are not relevant or necessary for the resolution of any issue in a case where Defendants are not on trial and are not testifying witnesses with pertinent knowledge.  SKAT's refusal to engage with Defendants concerning the documents' relevance only serves to underscore this conclusion.

Moreover, SKAT's statement in its brief that the documents are related to Defendants' allegedly "fraudulent tax refund scheme" raises the troubling inference that SKAT plans to essentially try Defendants in absentia even though they are not defendants in the U.K. action. SKAT Mem. at 2.  Such a step would not only be inconsistent with the relevancy terms of the Protective Order, it would also be improper under U.K. law.  U.K. courts do not have jurisdiction over any claims against Defendants, because Defendants were not named as parties in the U.K. action.  *See* Ministry of Justice Practice Direction 7A – How to Start Proceedings § 4.1 (U.K.) (to commence an action under U.K. law, each party and their "status in the proceedings" must be

3

listed in a claim).  Simply put, SKAT has not put forth a legally cognizable purpose for the use of these discovery documents in the U.K. action.

SKAT's contention that Defendants' argument concerning the provisions of the Protective Order is a "red herring" because "SKAT provided pre-production notice to Defendants and subsequently produced the Discovery Material at issue in the English action" deliberately obfuscates SKAT's dereliction of its duty to demonstrate the relevance and necessity of confidential materials such that they should be publicly used at trial.  SKAT Mem. at 9.  Paragraph 21 of the Protective Order does *not* contemplate the *public filing* of these documents on the U.K. docket without SKAT showing that they are directly relevant and not otherwise protected.  Indeed, SKAT willfully ignores the provision of Paragraph 21 that SKAT must "take appropriate steps to prevent the production in any Foreign Action of *any private information*, including financial information, of individuals not named as defendants in the Foreign Action, *where such information is neither relevant nor necessary to a resolution of the issues in the Foreign Action*."  Protective Order ¶ 21.  Thus, the Protective Order explicitly imposes a direct duty on SKAT to demonstrate not only the *relevance* but also the *necessity* of the designated confidential material to the resolution of the U.K. action before Defendants have any obligation to show good cause that the material contains confidential information.  SKAT has repeatedly declined to make such a showing.

Because SKAT has not demonstrated that these documents are at all relevant to the U.K. action, Defendants do not bear any burden to "show[] good cause for the[ir] designation[s]." Protective Order ¶ 14.  In any event, it is clear from SKAT's brief description of the documents— "the pension plans' bank account statements, and other documents related to the plans, their purported ownership and trading of Danish shares, and the distribution of SKAT's 'refund'

4

payments," SKAT Mem. at 2—that these documents contain "private details such as … financial information" and/or "non-public financial, customer, or commercial information" that are reasonably characterized as confidential materials under the dictates of the Protective Order. *See* Protective Order ¶ 2. Thus, even if SKAT had dispensed with its threshold duty of demonstrating relevance and necessity of these documents to the U.K. action, the documents are on their face properly designated as containing confidential financial information. Defendants accordingly request that, given the absence of any cognizable reason to remove these designations and the potential of harm to Defendants should their private financial information become public, the Court refuse SKAT's request to remove these necessary designations.

## CONCLUSION

For the foregoing reasons, the Court should deny SKAT's motion to strike confidential designations.

Dated: December 26, 2023                  Respectfully submitted,

/s/ Alan Schoenfeld
Alan Schoenfeld
Wilmer Cutler Pickering
    Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel. (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com

/s/ Andrew S. Dulberg
Andrew S. Dulberg
Wilmer Cutler Pickering
    Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel. (617) 526-6352
andrew.dulberg@wilmerhale.com

/s/ Sharon L. McCarthy
Sharon L. McCarthy
Nicholas S. Bahnsen
Kostelanetz LLP
7 World Trade Center, 34th Fl.
New York, NY 10007
Tel. (347) 63-0829
smccarthy@kostelanetz.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2023 the foregoing document was served electronically to all parties of record by the CM/ECF system.

*/s/ Alan Schoenfeld*
Alan Schoenfeld

December 26, 2023