

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

January 4, 2024

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:     *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)[1]

      Pursuant to Pretrial Order No. 33, the parties hereby submit the following competing proposals for further pre-remand proceedings, including trials, in this MDL.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein
Partner

Cc: All counsel of record via ECF

---

1.   This document relates to all cases.

### SKAT's Proposal

SKAT proposes that the Court permit pre-trial motion practice for all parties (with joint filings for defendants) in the MDL on various issues which impact most, if not all, of the cases in the MDL, including:

- *Daubert* motions regarding the admissibility or scope of expert testimony that is not case-specific.  For example, one of defendants' experts opined that a custodian such as Solo Capital Partners ("Solo Capital") could have net settled shares internally amongst its customers in a manner that would have enabled pension plans to claim to be beneficial owners of shares and recipients of dividends without the plans (as purported buyers) or the custodian's other customers (as purported sellers) having owned any shares.  This argument is implicated in virtually every case in the MDL.  It is SKAT's position that there is no basis upon which such expert testimony is admissible or upon which any defense argument to a jury can be made.  The same is true as to defense arguments that the existence of custodial account statements or ledger entries alone establishes ownership of shares.  A pre-trial ruling across the MDL on these issues will provide critical guidance to each of the parties in the MDL about a key issue for trial, and itself might hasten a resolution of claims.

- The scope of arguments and the admissibility of certain evidence relevant to all defendants' contributory negligence and statute of limitations defenses.  For example, the admissibility of evidence concerning SKAT's processing of reclaims in periods pre-dating and post-dating the defendants' fraud scheme, the admissibility of evidence concerning factual circumstances not at issue in the MDL, such as whether a reclaim applicant purchased borrowed shares or filed multiple reclaims for the same shares, the admissibility of various reports relied upon by defendants in their summary judgment motions (*see, e.g.*, ECF No. 799 at 63-70), and arguments concerning a method by which reclaims can be submitted (referred to as the bank scheme) which method was not utilized by any of the defendants.

- The admissibility of documents seized, pursuant to an order issued by the Dubai International Financial Centre court, from Elysium Global (Dubai) Limited and Elysium Properties Limited, two entities controlled by Sanjay Shah, which were produced in this litigation, which defendants as a group challenged in their summary judgment filings. (*See* ECF No. 818 at 50-56.)

- The admissibility of testimony from ED&F's 30(b)(6) deposition, which was challenged by the defendants in their summary judgment filings. (*See* ECF No. 818 at 33-35.) This issue impacts those cases in which the subject pension plans used ED&F as custodian.

SKAT proposes that the Court conduct three trials of the cases, listed in Appendix A, involving the claims against the following defendants in the following sequence:[2]

**Trial One**:

SKAT proposes that the Court schedule as the first trial each case in which one or more of Richard Markowitz, John van Merkensteijn, Robert Klugman and/or Michael Ben-Jacob is a defendant. This would entail a combined trial of 51 cases all filed in the Southern District of New York, encompassing 12 individual defendants and their 63 pension plans. These cases are all intertwined, as follows:

- In 2012 and 2013, Markowitz and van Merkensteijn first established trading accounts at Sanjay Shah's UK business Solo Capital for 24 pension plans for purposes of submitting reclaims to SKAT. The 24 plans include two plans for which Markowitz and van Merkensteijn were the sole beneficiaries, one plan in the names of each of their spouses, three plans in which they shared equally with two other partners who are not defendants in the litigation, and 15 plans in the names of friends and family with which they entered into a partnership arrangement whereby, after paying a large majority of the proceeds to Sanjay Shah, these defendants received the lion's share of the remaining reclaim proceeds that SKAT paid out.

- In 2014 and 2015, Markowitz and van Merkensteijn were affiliated with 39 new plans, each of which also purported to transact though Sanjay Shah's Solo Capital and three affiliated entities. Of these 39 new plans, Markowitz, van Merkensteijn, or Klugman was the sole beneficiary of 13 plans, and the following relatives of Markowitz or friends of van Merkensteijn were the beneficiaries of the remaining 26 plans: Robin Jones, Markowitz's sister (three plans); Joseph Herman, Markowitz's brother-in-law (three plans); Edwin Miller, Perry Lerner, Ronald Altbach, and David Zelman, each a friend of van Merkensteijn (five plans each). For each of these 26 friends and family plans, the plan entered into a partnership agreement with trusts controlled by Markowitz, van Merkensteijn and/or Klugman, whereby, after paying 75% of the reclaims to a Sanjay Shah entity in the Cayman Islands, the partnership paid 95% of the remaining proceeds to the trusts that Markowitz, van Merkensteijn and Klugman controlled, leaving the remaining 5% for the friends and family plans.

- Michael Ben-Jacob, then a partner at the Kaye Scholer LLP firm, with the assistance of others at the firm, among other things, (i) structured the partnership agreements through which Markowitz and van Merkensteijn received the bulk of the proceeds generated by the friends and family plan reclaims from 2012 to 2014, (ii) helped Markowitz, van Merkensteijn and Klugman establish the 39 new pension plans in 2014, (iii) drafted the partnership agreements in which those three principals obtained the lion's share of the remaining proceeds which were purportedly for the benefit of the friends and family plans, (iv) held power of

---

2.  Appendix A identifies the names and docket numbers for each individual case included in each of SKAT's proposed three trials.

attorney for the 26 new friends and family plans to create trading accounts at Solo Capital and affiliated entities and enter into purported securities transactions for the various plans, (v) signed documents on behalf of those plans authorizing agents to submit reclaims to SKAT and representing that the plans were the beneficial owners of the Danish shares purportedly held by the custodians, and (vi) issued instructions to the custodians to distribute the fraud proceeds to the various participants.

A single trial for this group of defendants is the most efficient in terms of judicial and jury resources. This group of defendants comprises the three principals, Markowitz, van Merkensteijn, and Klugman, their agent Ben-Jacob, and the friends and family they recruited to the fraudulent scheme. The claims against these defendants arise out of the same set of transactions and events, and present common questions of law and fact.

Whether or not the Court splits up this group for trial purposes, the documents and witnesses necessary for each separate trial will be virtually identical to the record that SKAT will present in a single combined trial, so holding multiple trials about the same scheme will only prolong and duplicate the time required to try SKAT's claims. For example, we understand that defendants will propose that the cases involving the six friends and family for which 26 separate pension plans were established in 2014 should be tried separately from a trial against Markowitz, van Merkensteijn, and Klugman. Doing so would require two virtually identical trials. For starters, for each of these friends and family cases, at least two of those three principals are also named defendants, having entered into partnership arrangements with each plan. Indeed, at their depositions, the friends and family members each testified that he or she entered into the scheme at the behest of either Markowitz or van Merkensteijn, and that each relied upon one of those two defendants at every stage. Accordingly, splitting that group into a separate trial from Markowitz, van Merkensteijn and Klugman will result in duplicate trials. We understand that defendants will maintain that a trial encompassing 63 pension plans will be unwieldy, but that is an issue of defendants' own making based on the extent of the fraudulent scheme they perpetrated against SKAT, and duplicating trials will only duplicate the time needed to determine SKAT's claims.

For each of these 63 pension plans, one or more of the three principals, Markowitz, van Merkensteijn, and Klugman, benefited financially from the reclaims submitted to SKAT, and in fact, other than Sanjay Shah, these three principals were the largest beneficiaries of the fraud in each case. SKAT intends to make ample use of summary exhibits pursuant to Federal Rule of Evidence 1006 in order to streamline its presentation of the voluminous transaction and bank records to be introduced at trial, much of which follow a template that defendants simply repeated over and over again. And any potential jury confusion can be remedied by a jury instruction. *See Green v. Beer*, No. 06 Civ. 4156(KMW)(JCF), 2009 WL 3401256, at *8 (S.D.N.Y. Oct. 22, 2009) ("Any prejudice or confusion that might occur from trying Plaintiffs' [fraud-based] claims together can be remedied by a carefully drafted jury instruction." (cleaned up)). In any event, splitting up the Markowitz group of defendants makes no sense when SKAT has to tell the full story of the same scheme at each trial. Separate trials will not serve the ends of justice, promote judicial economy, nor further the prompt or efficient disposition of the cases in the MDL.

We understand that defendants will propose that Michael Ben-Jacob be tried separately and alone. This too would result in another duplicate trial. Ben-Jacob was integrally involved

with each of the 63 pension plans, and he is a named defendant with respect to each one.[3] For many of the plans, Ben-Jacob was the agent who, among other things, executed, on behalf of the plans and beneficiaries, documents that were essential for the fraud. As a result, Ben-Jacob will be a critical witness and his documents will have to be admitted at each trial for the members of this group. The three principals, Markowitz, van Merkensteijn, and Klugman, assert that they involved Ben-Jacob and his firm in every element of the scheme targeting SKAT. Thus, a trial against Ben-Jacob alone would require SKAT to establish the same set of facts, through a substantially overlapping set of documents and fact and expert testimony, as it will have to establish at one or more trials of the other members of this group. Judicial economy will not be served by severing the claims against Ben-Jacob into a separate trial.

**Trial Two**:

Separate from the Markowitz cases discussed above, there are 94 cases remaining in the MDL that involve alleged trading via Solo Capital or its affiliates, 37 of which were originally filed in this district.[4] Roger Lehman is a defendant in 42 of these 94 total cases, with 21 of those actions originally filed in this Court. SKAT proposes that those 21 cases be combined in one trial. Another defendant, Gavin Crescenzo, is a co-defendant in 15 of those 21 cases, and his brother Bradley Crescenzo is a co-defendant in five of those cases. Lehman served as the authorized representative and/or the authorized trader for each of Gavin Crescenzo's plans in those 15 cases. Gavin Crescenzo is also the sole individual defendant in one additional action, also filed in this Court. Given the very substantial evidentiary overlap between Lehman's and Gavin Crescenzo's cases, and in the interests of conserving the time and resources of the Court and of witnesses, SKAT proposes that this case be included in the trial as well.

Combining these cases for trial will allow for the resolution of SKAT's cases against 22 pension plan defendants, all of its New York cases against the Crescenzo brothers (there is one additional case out of this district), and half of its cases against Lehman. The proposed Lehman/Crescenzo trial would also serve as a bellwether for the remaining Solo Capital cases that are not included in SKAT's proposal and are unrelated to the Markowitz Group. Those 72 cases include the remaining 21 out-of-this-district cases in which Lehman is a defendant, 20 cases filed against Doston Bradley and various pension plans associated with Bradley (some of which are in this district and some not), and 27 cases against Matthew Tucci and various pension plans associated with Tucci (all out of this district).

SKAT has previously been able to reach settlements with multiple former defendants who fall into this non-Markowitz Solo Capital group, resulting in the voluntary dismissal (or voluntary partial dismissal) of 12 cases within the MDL, and fully resolving SKAT's claims against 18 separate defendants. The result of the proposed trial would provide further guidance to the parties regarding how the remaining actions should be dealt with and would likely hasten a resolution of those remaining cases, thereby potentially obviating the need to remand or try additional cases in this group.

---

3.  Ben-Jacob is also a defendant in connection with 6 additional plans whose beneficiaries are not defendants in this litigation.

4.  The remaining 57 cases are divided between the District of New Jersey (32), the District of Massachusetts (11), the Southern District of Texas (6), the Southern District of Ohio (5), the Southern District of Florida (2), and the District of Connecticut (1).

**Trial Three**:

SKAT brought four cases in this Court based on fraudulent tax vouchers issued by ED&F Man Capital Markets Limited ("ED&F"). These four cases relate to four plan defendants (the Sterling Alpha LLC 401(k) Profit Sharing Plan, Del Mar Asset Management Savings & Retirement Plan, Federated Logistics LLC 401(k) Plan and The Goldstein Law Group PC 401(k) Profit Sharing Plan), four individual defendants (John Doscas, David Freelove, Scott Goldstein and Sheldon Goldstein), and one investment manager defendant, Acer Investment Group, LLC (collectively, "ED&F Defendants"). All other cases involving plans that used ED&F as a custodian originated in other districts. One of these individuals, Doscas, is also a defendant in an additional action in this Court in connection with his role as the authorized representative of the Sander Gerber Pension Plan, which submitted tax vouchers based on fictitious Solo Capital trading.

SKAT proposes that these five New York cases be tried together. First, while the defendants' route to ED&F involved different investment advisors, the reclaims submitted by the plan defendants were based on essentially identical trading structures: the Annex E cum-ex trade structure (for which ED&F admits the vouchers were false), the non-Annex E cum-ex trade structure (which SKAT alleges were structurally identical to the Annex E trades), and the cum-cum trade structure (which SKAT alleges were fraudulent because title to the shares, if any, was transferred to ED&F). (*See* Skatteforvaltningen's Memorandum of Law in Support of its Motion for Partial Summary Judgment, ECF No. 817). A single trial would therefore serve as a bellwether for each type of trading at ED&F that SKAT alleges is fraudulent and would provide guidance to the parties for the remaining ED&F related cases that are not before this Court. Additionally, many of the reclaims submitted by the five plan defendants were based on the same dividend event where the defendants purportedly traded the identical stock on the same date through ED&F, all involve essentially identical tax vouchers issued by ED&F, and all implicate the same admissions and statements made by ED&F. Trying each of these cases separately would require the Court and the jury to be presented with many of the same documents, including the same admission establishing the falsity of each of the Annex E trades and the same documents and arguments establishing the falsity of the cum-cum trades, and the same expert evidence in multiple trials rather than one. Finally, including the Sander Gerber Pension Plan case will allow for the resolution of all of SKAT's claims against Doscas in one trial.[5]

SKAT notes that ED&F's status as a third-party defendant in the Goldstein Law Group case[6] remains subject to a pending motion by Acer Investment Group LLC, among others, for

---

5.  SKAT's proposals do not address a trial against Mr. Gerber and his pension plan because the parties have reached agreement in principle on a settlement.

6.  ED&F was impleaded as a third-party defendant in the Del Mar, Federated Logistics, and Goldstein Law Group plan cases. (*See* ECF Nos. 219 and 220.) In early 2021, the Goldstein parties amended their third-party complaint against ED&F, and Acer Investment Group LLC, a defendant in the Goldstein Law Group case, also filed a third-party complaint against ED&F. (*See* ECF Nos. 519, 527.) On April 15, 2021, ED&F filed a motion to dismiss the third-party complaint filed by Acer Investment Group LLC (ECF No. 576), which was granted by the Court on October 26, 2021, without prejudice to Acer moving for leave to file an amended pleading. (ECF No. 666.) Shortly thereafter, Acer filed a motion for leave to amend its pleading and briefing on that motion was completed by the parties on March 4, 2022. (ECF Nos. 684, 685, 741, 742 and 743.) That motion remains pending.

leave to file amended third-party complaints against ED&F in the that case and others that originally commenced in other districts.  (ECF Nos. 684, 685, 741, 742 and 743.)

## Defendants' Proposal

Defendants respectfully submit the following proposal in response to the Court's Pretrial Order No. 33, directing the parties to submit a joint report setting forth either a joint proposal for further proceedings or competing proposals "together with their submissions of the advantages and disadvantages of each competing proposal."  Dkt. No. 940.

**I.      Defendants' Proposal And Its Advantages**

**a.  Defendants' Proposal**

Defendants propose the following process:

First, the Court should set a schedule for pretrial motion practice and evidentiary submissions that will govern all remaining cases.  The Court will need to resolve, merely by way of example, at least the following questions of law, which were either left open or unaddressed by the Court's summary judgment rulings:

- Which nation's and/or state's law applies to each of SKAT's claims in each case that will be tried? *See* SJ Order at 21.

- If Danish law is relevant to the factfinder's assessment of whether SKAT's claims are timely, what is the legal standard that applies to the statute of limitations defenses?  *See* SJ Order at 35.

- Are SKAT's equitable claims subject to a discovery rule for purposes of the statute of limitations?  *See* SJ Order at 38.

- What did it mean to be the beneficial owner of dividends under Danish law during the relevant period? *See* SJ Order at 22.

- What did it mean to receive dividends of Danish securities under Danish law during the relevant period? *See* SJ Order at 29 n.59.

- What was the legal significance of a trade confirmation reflecting the purchase of Danish securities during the relevant period? *See* SJ Order at 44.

- What was the legal significance of receipt of trade confirmations and custodial statements issued by an FCA-registered broker, and of book entries made by such a broker, during the relevant period? *See* SJ Order at 44.

- Whether a complaint filed by SKAT in November 2019 against 15 pension plans, two pension plan trusts, and two individual defendants was untimely.  *See* Dkt. 773.

In addition to resolving these substantial matters of domestic and foreign law, the Court should also provide a period for resolving other pretrial matters that will cut across nearly every case.

This includes, for example and without limitation, the following motions in limine that are not specific to any individual case or defendant:

- Motion to preclude SKAT from relying on documents purportedly seized from Solo Capital pursuant to a court order in Dubai (the so-called Elysium database) (affecting only Solo-related cases);

- Motion to preclude SKAT from referring to related civil, criminal, and regulatory proceedings in other countries, including criminal charges, trials, and convictions relating to dividend arbitrage trading, and fines or sanctions imposed by financial regulators, including but not limited to the UK's FCA, in any trial involving trades conducted through Solo Capital or its affiliates;

- Motion to preclude certain testimony of Graham Wade (including opinions relevant to both ED&F and Solo trading);

- Motion to preclude certain testimony of Bruce Dubinsky (including references to Bernie Madoff) (affecting only Solo-related cases);

- Motion to preclude certain testimony of Marcia Wagner.

All defendants should share in the fees and costs associated with this phase, and the Court should enter an order directing the defendants to do so. A cost-sharing arrangement is the only way to ensure that certain Defendants are not inequitably left bearing the financial burden for the entire defense group. *Cf. Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense").

The resolution of these questions is a necessary predicate to any trial that goes forward. The guidance this Court will provide on these matters will shape every trial in this MDL, including by having a material impact on the duration of any trial, the identity of the witnesses who will testify, and the evidence the jury will hear.

In addition, certain of the defendants—including those associated with SKAT's first and third proposed trials—intend to move for summary judgment on grounds not previously raised by the bellwether plans.[7] Michael Ben Jacob intends to seek summary judgment on statute of limitations grounds on the 2021 complaint filed against him by SKAT. And ED&F anticipates moving for summary judgment in each of the cases in which it is named as a third-party defendant, and certain third-party plaintiffs intend to cross-move for summary judgment. However, ED&F also intends to move to sever the third-party claims in such cases for separate trial. Were the Court to grant such severance motion(s), it would not be necessary for ED&F to bring its contemplated summary judgment motions in advance of any of the trials proposed.

---

7   Parties not moving for summary judgment at this time are not and do not thereby waive any right to present any arguments or affirmative defenses at trial.

Following the resolution of these pretrial matters, at least certain of the cases will, at that point, be ready for trial and so the Court should then transfer all cases not originally filed in the Southern District of New York for trial in their original jurisdictions.

Based on the information presently available, the Defendants propose that the Court consolidate for trial the following sets of cases to be tried in the Southern District of New York:

(A) All cases against Richard Markowitz, John Van Merkensteijn, Robert Klugman, and all pension plans as to which any one of these three individuals was a beneficiary (see Appendix B), subject to those defendants reaching an acceptable written cost-sharing agreement;

(B) All cases against Michael Ben-Jacob, individually;

(C) Separate trials for those cases originally filed in this Court against Roger Lehman and Doston Bradley;

(D) Separate trials for parties where trading involved ED&F, at least in part, specifically:

   a. John Doscas
   b. David Freelove
   c. The Goldstein defendants/Acer Investment Group LLC

(E) Separate trials for each of the following (including, for each, all pension plans in which each is the sole beneficiary):
   a. Estate of Ronald Altbach[8]
   b. Edwin Miller
   c. Perry Lerner
   d. David Zelman
   e. Robin Jones
   f. Joseph Herman
   g. Any remaining defendants named in SKAT's November 2019 complaint if that case is not held time-barred.
   h. Any remaining defendants not previously tried whose plans traded through Solo Capital.

For the avoidance of doubt, each defendant preserves and does not hereby waive that defendant's (1) right to object to the consolidation of multiple cases for trial, (2) right to object to being tried with any other defendant, and (3) all available evidentiary objections, including those associated with a multi-defendant trial where certain evidence may be admissible against one defendant but not another, thus prejudicing the party as to whom the evidence would not be admissible.

Once the Court identifies the first case for trial, the Court should set a schedule for filing a joint proposed pretrial order including exhibit lists, witness lists, jury instructions, and other pretrial and evidentiary matters specific to that trial. The Court should also enter a schedule for briefing any

---

[8] Mr. Altbach passed away on February 21, 2023. A representative has not yet been appointed by the Surrogate Court to administer the estate.

remaining motions in limine, Daubert motions, and any other pretrial motions that pertain to particular cases.  After receiving submissions from the parties regarding the number of witnesses, the anticipated subject matter and duration of their testimony, whether they require translators, and the anticipated duration of trial, the Court should schedule the trial.

### b. Defendants' Proposal Provides Efficiencies Without Introducing Conflicts

Defendants' proposal has several advantages to SKAT's, mainly by eliminating the extraordinary likelihood of factual confusion and prejudice to the many individual defendants lumped together in SKAT's proposal.  For the reasons explained in further detail below, a jury cannot reasonably be expected to simultaneously process the sheer volume of evidence that would be adduced in a trial covering more than 69 pension plans and 13 individual defendants.  By contrast, Defendants' proposal would cut the number of individuals to a far more manageable number—just three—and reduce the universe of pension plans to roughly one-third of SKAT's proposal.

Contrary to SKAT's assertions, its proposal does not meaningfully advance the interests of judicial economy.  The Court, the jury, the Defendants, and the public will not benefit from the sprawling trial that SKAT seeks.  In contrast, the Defendants' composition balances the equally-important need to protect the rights of individual defendants to freely present their best defenses and avoids the very real due process concerns of omnibus trials.

## II.    The 93 Remaining Cases Filed In This District Should Not Be Consolidated Into Three Trials

SKAT's proposal that 93 separate cases it filed can be effectively consolidated into just three trials is impractical, unwieldy, and fundamentally unfair.  The apparent simplicity of SKAT's proposal is a mirage.  The first trial it proposes—a consolidation of all cases in which at least one of four individuals is a named defendant—would involve no fewer than 51 complaints, 69 pension plan defendants, 13 individual defendants, and many hundreds of trades over a period of time spanning more than 3 years.  The second trial SKAT proposes—a consolidated trial of defendants Lehman and Bradley—is a non-starter for similar reasons: such a trial would involve at least 35 separate complaints and pension plan defendants involving hundreds more trades over multiple years.  The third trial SKAT proposes presents similar concerns: in this third group there are three different pension plans, four different individual defendants, and one corporate defendant that is only involved in one of the cases in this grouping.

Critical fact issues remaining for trial will be proven by different evidence as to the various parties SKAT would otherwise lump together in an undifferentiated mass.  Of particular concern is the scienter inquiry where, as here, the circumstances attending each individual defendant's participation in the trading strategy vary substantially across the defendants SKAT seeks to try together.  The obvious risk is that a jury will not be able to adequately segregate the unique factual patterns of more than a dozen individuals across substantially more pension plans.  Given that this court issued a lengthy and complex ruling concerning the facts of one trade and one plan, but otherwise addressed none of the issues related to scienter, a jury will be hopelessly confused by the myriad byzantine factual issues that will need to be resolved in the type of consolidated trial proposed by SKAT.  *See, e.g.*, *Au New Haven, LLC v. YKK Corp.*, 2022 WL 10122844, at \*7 (S.D.N.Y. Oct. 17, 2022) ("Bifurcating trial will both eliminate the risk of prejudice to Defendants and reduce the likelihood of juror confusion that could occur in a single trial."); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 171 (S.D.N.Y. 2009) ("A joint trial

'could lead to confusion of the jury' because '[t]he claims … involved separate witnesses, different evidence, and different legal theories and defenses.'" (internal citations omitted)); *Union Carbide Corp. v. Montell N.V.*, 28 F. Supp. 2d 833, 837 (S.D.N.Y. 1998) (noting that in cases containing "difficult concepts," bifurcating proceedings to allow the jury to decide "one complex set of issues at a time is likely to reduce the possibility of jury frustration and confusion"); *Ropfogel v. Wise*, 112 F.R.D. 414, 416 (S.D.N.Y. 1986) ("Substantial trial disruption would result from the necessity for continuous instructions to the jury on the separate consideration of the voluminous prospective evidence as offered against only one party and not the other; this would require a feat of mental exclusion of insurmountable proportions on the part of a jury, truly assuring a descent into the Serbonian Bog.").

SKAT's proposal also raises grave due process concerns. Within each tranche, parties SKAT proposes to try together have real or potential adversity to each other such that proceeding on SKAT's basis would be fundamentally unfair. *Ropfogel*, 112 F.R.D. at 416 (S.D.N.Y. 1986) ("atmosphere certain to be created … at a joint trial" of parties with distinct and conflicting defense theories "would present … an overwhelming danger of unfair prejudice to [the parties] and confusion of the issues"). For example, there are defendants within the first trial SKAT proposed who participated in the dividend arbitrage trading at issue in these cases as a result of their close personal relationships with other defendants. These defendants' constitutionally protected right to present all available defenses would be compromised by presentation of trial evidence directed at the scienter of the defendants who introduced them to these transactions; relatedly, the principals' constitutionally protected right to a fair trial would be compromised by presentation of trial evidence intended to suggest that they exploited friends and family in order to reap disproportionate financial gains.

Similar due process concerns attend the inclusion of Mr. Ben-Jacob in the first trial. Mr. Ben-Jacob is a lawyer who provided legal advice to certain of the first-tranche defendants. Those defendants have asserted that they relied on Mr. Ben-Jacob's advice as part of a defense that they lacked scienter; however it appears the parties dispute the scope of the representation. For Mr. Ben-Jacob to defend himself in a trial with his former clients as co-defendants, when the scope of his actual representation with his former clients is in dispute, creates an ethical dilemma implicating his duties of loyalty and confidentiality, despite the attorney-client privilege having already been waived. Trying the principal defendants together first on multiple sets of transactions already stretches the bounds of what is manageable. Adding the complex issues which arise when their former counsel is added to that mix, tips the balance from the manageable to the unmanageable and unfair. The principal defendants should be tried first and Mr. Ben-Jacob should be tried separately, in a setting where he is not hamstrung by ethical considerations, and where his role as a US attorney, with no financial interest in the transactions, can be placed into proper perspective by the jury. That is the fairer and preferable plan.

## APPENDIX A

**SKAT's Proposed Cases for Trial 1:**

1. *Skatteforvaltningen v. John van Merkensteijn, Richard Markowitz, Bernina Pension Plan Trust, RJM Capital Pension Plan Trust, 2321Capital Pension Plan, Bowline Management Pension Plan, California Catalog Company Pension Plan* (voluntarily dismissed)*, Clove Pension Plan, Davin Investments Pension Plan, Delvian LLC Pension Plan, DFL Investments Pension Plan, Laegeler Asset Management Pension Plan, Lion Advisory Inc. Pension Plan, Mill River Capital Management Pension Plan, Next Level Pension Plan, Rajan Investments LLC Pension Plan, Spirit on the Water Pension Plan, and Traden Investments Pension Plan*, Case No. 19-cv-10713-LAK (S.D.N.Y.)

2. *Skatteforvaltningen v. Aerovane Logistics LLC Roth 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07828-LAK (S.D.N.Y.)

3. *Skatteforvaltningen v. Albedo Management LLC Roth 401(K) Plan, Joseph Herman, Michael Ben-Jacob, Avanix Management LLC, RAK Investment Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01785-LAK (S.D.N.Y.)

4. *Skatteforvaltningen v. Avanix Management LLC Roth 401K Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01867-LAK (S.D.N.Y.)

5. *Skatteforvaltningen v. Azalea Pension Plan and Elizabeth van Merkensteijn*, Case No. 19-cv-01893-LAK (S.D.N.Y.)

6. *Skatteforvaltningen v. Ballast Ventures LLC Roth 401(K) Plan, Joseph Herman, Michael Ben-Jacob, Cavus Systems LLC, RAK Investment Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01781-LAK (S.D.N.Y.)

7. *Skatteforvaltningen v. Bareroot Capital Investments LLC Roth 401(K) Plan, David Zelman, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01783-LAK (S.D.N.Y.)

8. *Skatteforvaltningen v. Basalt Ventures LLC Roth 401(K) Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01866-LAK (S.D.N.Y.)

9. *Skatteforvaltningen v. Batavia Capital Pension Plan and Richard Markowitz*, Case No. 19-cv-01895-LAK (S.D.N.Y.)

10. *Skatteforvaltningen v. Battu Holdings LLC Roth 401K Plan, David Zelman, Michael Ben-Jacob, Omineca Trust, John van Merkensteijn, RAK Investment Trust, and Robert A. Klugman*, Case No. 19-cv-01794-LAK (S.D.N.Y.)

11. *Skatteforvaltningen v. Bernina Pension Plan and John van Merkensteijn*, Case No. 19-cv-01865-LAK (S.D.N.Y.)

12. *Skatteforvaltningen v. Calypso Investments Pension Plan, and Jocelyn Markowitz*, Case No. 19-cv-01904-LAK (S.D.N.Y.)

13. *Skatteforvaltningen v. Cantata Industries LLC Roth 401(K) Plan, David Zelman, Michael Ben-Jacob, John van Merkensteijn, RAK Investment Trust, Omineca Trust, and Robert Klugman*, Case No. 19-cv-01798-LAK (S.D.N.Y.)

14. *Skatteforvaltningen v. Cavus Systems LLC Roth 401(K) Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01869-LAK (S.D.N.Y.)

15. *Skatteforvaltningen v. Cedar Hill Capital Investments LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01922-LAK (S.D.N.Y.)

16. *Skatteforvaltningen v. Crucible Ventures LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, John van Merkensteijn, RAK Investment Trust, Omineca Trust, and Robert Klugman*, Case No. 19-cv-01800-LAK (S.D.N.Y.)

17. *Skatteforvaltningen v. Dicot Technologies LLC Roth 401(K) Plan, David Zelman, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01788-LAK (S.D.N.Y.)

18. *Skatteforvaltningen v. Eclouge Industry LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01870-LAK (S.D.N.Y.)

19. *Skatteforvaltningen v. Edgepoint Capital LLC Roth 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07827-LAK (S.D.N.Y.)

20. *Skatteforvaltningen v. Fairlie Investments LLC Roth 401(K) Plan, Joseph Herman, Michael Ben-Jacob, Hadron Industries LLC, RAK Investment Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01791-LAK (S.D.N.Y.)

21. *Skatteforvaltningen v. First Ascent Worldwide LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Robert Klugman, and Richard Markowitz*, Case No. 19-cv-01792-LAK (S.D.N.Y.)

22. *Skatteforvaltningen v. Fulcrum Productions LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Robert Klugman, John van Merkensteijn, and Omineca Trust*, Case No. 19-cv-01928-LAK (S.D.N.Y.)

23. *Skatteforvaltningen v. Green Scale Management LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Robert Klugman, and Richard Markowitz*, Case No. 19-cv-01926-LAK (S.D.N.Y.)

24. *Skatteforvaltningen v. Hadron Industries LLC Roth 401(K) Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01868-LAK (S.D.N.Y.)

25. *Skatteforvaltningen v. Headsail Manufacturing LLC Roth 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07824-LAK (S.D.N.Y.)

26. *Skatteforvaltningen v. Keystone Technologies LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Robert Klugman, Routt Capital Trust, and Richard Markowitz*, Case No. 19-cv-01929-LAK (S.D.N.Y.)

27. *Skatteforvaltningen v. Limelight Global Productions LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, Robert Klugman, RAK Investment Trust,*

*Omineca Trust, and John van Merkensteijn*, Case No. 19-cv-01803-LAK (S.D.N.Y.)

28. *Skatteforvaltningen v. Loggerhead Services LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01806-LAK (S.D.N.Y.)

29. *Skatteforvaltningen v. Michelle Investments Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01906-LAK (S.D.N.Y.)

30. *Skatteforvaltningen v. Monomer Industries LLC Roth 401(K) Plan, Robin Jones, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01801-LAK (S.D.N.Y.)

31. *Skatteforvaltningen v. Omineca Pension Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01894-LAK (S.D.N.Y.)

32. *Skatteforvaltningen v. PAB Facilities Global LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01808-LAK (S.D.N.Y.)

33. *Skatteforvaltningen v. Pinax Holdings LLC Roth 401(K) Plan, Robin Jones, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01810-LAK (S.D.N.Y.)

34. *Skatteforvaltningen v. Plumrose Industries LLC Roth 401K Plan, Ronald Altbach, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01809-LAK (S.D.N.Y.)

35. *Skatteforvaltningen v. Raubritter LLC Pension Plan, Adam LaRosa* (voluntarily dismissed)*, Richard Markowitz, John van Merkensteijn, and Seth Whitaker (as Personal Representative of the Estate of Alexander C. Burns)*, Case No. 18-cv-04833-LAK (S.D.N.Y.)

36. *Skatteforvaltningen v. Remece Investments LLC Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01911-LAK (S.D.N.Y.)

37. *Skatteforvaltningen v. RJM Capital Pension Plan and Richard Markowitz*, Case No. 19-cv-01898-LAK (S.D.N.Y.)

38. *Skatteforvaltningen v. Roadcraft Technologies LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01812-LAK (S.D.N.Y.)

39. *Skatteforvaltningen v. Routt Capital Pension Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01896-LAK (S.D.N.Y.)

40. *Skatteforvaltningen v. Starfish Capital Management LLC Roth 401(K) Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01871-LAK (S.D.N.Y.)

41. *Skatteforvaltningen v. Sternway Logistics LLC Roth 401(K) Plan, Robin Jones, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01813-LAK (S.D.N.Y.)

42. *Skatteforvaltningen v. Tarvos Pension Plan and John van Merkensteijn*, Case No. 19-cv-01930-LAK (S.D.N.Y.)

43. *Skatteforvaltningen v. Random Holdings 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07829-LAK (S.D.N.Y.)

44. *Skatteforvaltningen v. The Stor Capital Consulting LLC 401K Plan, Michael Ben-Jacob, and Robert Klugman*, Case No. 18-cv-04434-LAK (S.D.N.Y.)

45. *Skatteforvaltningen v. Trailing Edge Productions LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01815-LAK (S.D.N.Y.)

46. *Skatteforvaltningen v. True Wind Investments LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01818-LAK (S.D.N.Y.)

47. *Skatteforvaltningen v. Tumba Systems LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01931-LAK (S.D.N.Y.)

48. *Skatteforvaltningen v. Vanderlee Technologies Pension Plan, David Zelman, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, Robert Klugman, and Vanderlee Technologies Pension Plan Trust*, Case No. 19-cv-01918-LAK (S.D.N.Y.)

49. *Skatteforvaltningen v. Voojo Productions LLC Roth 401(K) Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01873-LAK (S.D.N.Y.)

50. *Skatteforvaltningen v. Xiphias LLC Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01924-LAK (S.D.N.Y.)

51. *Skatteforvaltningen v. Michael Ben-Jacob*, Case No. 21-cv-05339-LAK (S.D.N.Y.)

**SKAT's Proposed Cases for Trial 2:**

1. *Skatteforvaltningen v. The Bravos Advisors 401(K) Plan, Bradley Crescenzo, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05151-LAK (S.D.N.Y.)

2. *Skatteforvaltningen v. The Kodiak Capital Pension Plan, Bradley Crescenzo, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05185-LAK (S.D.N.Y.)

3. *Skatteforvaltningen v. The Kyber Pension Plan, Bradley Crescenzo, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05186-LAK (S.D.N.Y.)

4. *Skatteforvaltningen v. The Regoleth Pension Plan, Bradley Crescenzo, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05190-LAK (S.D.N.Y.)

5. *Skatteforvaltningen v. The Stark Pension Plan, Bradley Crescenzo, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05194-LAK (S.D.N.Y.)

6. *Skatteforvaltningen v. The Eskin Pension Plan, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05164-LAK (S.D.N.Y.)

7. *Skatteforvaltningen v. The Fieldcrest Pension Plan, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05180-LAK (S.D.N.Y.)

8. *Skatteforvaltningen v. The Ludlow Holdings 401(K) Plan, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05189-LAK (S.D.N.Y.)

9. *Skatteforvaltningen v. The West River Pension Plan, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05193-LAK (S.D.N.Y.)

10. *Skatteforvaltningen v. The Westport Advisors LLC 401(K) Plan, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05183-LAK (S.D.N.Y.)

11. *Skatteforvaltningen v. The Aria Pension Plan, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05147-LAK (S.D.N.Y.)

12. *Skatteforvaltningen v. The Belforte Pension Plan, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05150-LAK (S.D.N.Y.)

13. *Skatteforvaltningen v. The Costello Advisors Pension Plan, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05158-LAK (S.D.N.Y.)

14. *Skatteforvaltningen v. The Lerici Capital Pension Plan, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05188-LAK (S.D.N.Y.)

15. *Skatteforvaltningen v. The Saba Capital LLC 401(K) Plan, Roger Lehman, and Gavin Crescenzo*, Case No. 18-cv-05192-LAK (S.D.N.Y.)

16. *Skatteforvaltningen v. Sanford Villa Pension Plan and Roger Lehman*, Case No. 18-cv-04767-LAK (S.D.N.Y.)

17. *Skatteforvaltningen v. The Aston Advisors LLC 401(K) Plan and Roger Lehman*, Case No. 18-cv-04770-LAK (S.D.N.Y.)

18. *Skatteforvaltningen v. The KASV Group Pension Plan* (voluntarily dismissed)*, Roger Lehman, and Svetlin Petkov* (voluntarily dismissed), Case No. 18-cv-05309-LAK (S.D.N.Y.)

19. *Skatteforvaltningen v. The Petkov Partners Pension Plan* (voluntarily dismissed)*, Roger Lehman, and Svetlin Petkov* (voluntarily dismissed), Case No. 18-cv-05299-LAK (S.D.N.Y.)

20. *Skatteforvaltningen v. The SPKK LLC 401(K) Plan* (voluntarily dismissed)*, Roger Lehman, and Svetlin Petkov* (voluntarily dismissed), Case No. 18-cv-05308-LAK (S.D.N.Y.)

21. *Skatteforvaltningen v. The SVP 401(K) Plan* (voluntarily dismissed)*, Roger Lehman, and Svetlin Petkov* (voluntarily dismissed), Case No. 18-cv-05305-LAK (S.D.N.Y.)

22. *Skatteforvaltningen v. The Krabi Holdings LLC 401(K) Plan and Gavin Crescenzo*, Case No. 18-cv-05307-LAK (S.D.N.Y.)

**SKAT's Proposed Cases for Trial 3:**

1. *Skatteforvaltningen v. Del Mar Asset Management Saving & Retirement Plan and David Freelove*, Case No. 18-cv-05374-LAK (S.D.N.Y.)

2. *Skatteforvaltningen v. Sterling Alpha LLC 401K Profit Sharing Plan and John Doscas*, Case No. 18-cv-04894-LAK (S.D.N.Y.)

3.  *Skatteforvaltningen v. The Goldstein Law Group PC 401(K) Profit Sharing Plan, Sheldon Goldstein, Acer Investment Group, LLC, and Scott Goldstein*, Case No. 18-cv-05053-LAK (S.D.N.Y.)

4.  *Skatteforvaltningen v. Federated Logistics LLC 401K and David Freelove*, Case No. 18-cv-08655-LAK (S.D.N.Y.)

5.  *Skatteforvaltningen v. Sander Gerber Pension Plan, John Doscas, and Sander Gerber*, Case No. 18-cv-04899-LAK (S.D.N.Y.)

APPENDIX B

| Defendants | Associated Case(s) |
| --- | --- |
| John van Merkensteijn, III | 19-cv-01866 |
| | 19-cv-01865 |
| | 19-cv-01906 |
| | 19-cv-01894 |
| | 19-cv-01911 |
| | 19-cv-01871 |
| | 19-cv-01930 |
| | 19-cv-01873 |
| | 19-cv-01924 |
| Basalt Ventures LLC Roth 401(K) Plan | 19-cv-01866 |
| Bernina Pension Plan | 19-cv-01865 |
| Michelle Investments Pension Plan | 19-cv-01906 |
| Omineca Pension Plan | 19-cv-01894 |
| Remece Investments LLC Pension Plan | 19-cv-01911 |
| Starfish Capital Management LLC Roth 401(K) Plan | 19-cv-01871 |
| Tarvos Pension Plan | 19-cv-01930 |
| Voojo Productions LLC Roth 401(K) Plan | 19-cv-01873 |
| Xiphias LLC Pension Plan | 19-cv-01924 |
| Richard Markowitz | 19-cv-01867 |
| | 19-cv-01895 |
| | 19-cv-01869 |
| | 19-cv-01868 |
| | 19-cv-01898 |
| | 19-cv-01896 |
| | 19-cv-01906 |
| | 19-cv-01911 |
| | 19-cv-01924 |
| | 19-cv-01867 |

| | |
|---|---|
| Avanix Management LLC Roth 401(K) Plan | |
| | 19-cv-01895 |
| Batavia Capital Pension Plan | |
| | 19-cv-01869 |
| Cavus Systems LLC Roth 401(K) Plan | |
| | 19-cv-01868 |
| Hadron Industries LLC Roth 401(K) Plan | |
| | 19-cv-01898 |
| RJM Capital Pension Plan | |
| | 19-cv-01896 |
| Routt Capital Pension Plan Michelle Investments Pension Plan | |
| | 19-cv-01906 |
| Michelle Investments Pension Plan | |
| | 19-cv-01911 |
| Remece Investments LLC Pension Plan | |
| | 19-cv-01924 |
| Xiphias LLC Pension Plan | |
| Rob Klugman | 18-cv-07828 |
| | 18-cv-07827 |
| | 18-cv-07824 |
| | 18-cv-07829 |
| | 18-cv-04434 |
| Aerovane Logistics LLC Roth 401(K) Plan | 18-cv-07828 |
| Edgepoint Capital LLC Roth 401(K) Plan | 18-cv-07827 |
| Headsail Manufacturing LLC Roth 401(K) Plan | 18-cv-07824 |
| The Random Holdings 401(K) Plan | 18-cv-07829 |
| The Stor Capital Consulting LLC 401(K) Plan | 18-cv-04434 |