

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

January 31, 2024

**VIA ECF & HAND-DELIVERY**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

      We write on behalf of Plaintiff Skatteforvaltningen ("SKAT") in accordance with the Court's direction at the Case Management Conference on January 10, 2024 and in response to Defendants' letter memorandum dated January 24, 2024 ("Defs. Ltr.," ECF No. 953).

      A.    **SKAT'S MODIFIED TRIAL ONE PROPOSAL**

      SKAT claims that the twelve individuals in the Markowitz Group of defendants engaged in a single scheme to defraud SKAT by submitting false reclaim applications over a four-year period. In attempting to carve that single scheme into at least eight separate and largely repetitive trials, Defendants do not (and cannot) rebut the fact that these defendants and their conduct are intertwined, and that the evidence to be presented at one or more trials would be largely the same.

      SKAT recognizes the logistical difficulty of proceeding against twelve individual defendants, and offers the Court the following modified proposal for the first trial: that SKAT proceed to trial on all claims against six individuals, Richard Markowitz and his wife Jocelyn Markowitz (who share counsel), John van Merkensteijn and his wife Elizabeth van Merkensteijn (who share counsel), Robert Klugman, and Michael Ben-Jacob, as well as the pension plans for which any of them was the plan participant and the entity defendants controlled by them (these

pension plans and entities share counsel with the individuals).[1]  This will cut the number of individual defendants for the first trial in half and leave for another day the claims against the six "friends and family"—Ronald Altbach, Joseph Herman, Robin Jones, Perry Lerner, Edwin Miller, and David Zelman, as well as the 26 pension plans for which one of those six individuals was the plan participant.  Attached as Appendix A is a list of the cases included in SKAT's proposal, as well as the defendants who SKAT proposes to proceed against in trial one, and the defendants in those cases excluded in SKAT's modified proposal.

SKAT's modified proposal has the benefit of reducing the logistical challenge of the first trial, while preserving SKAT's ability to present the evidence and to resolve all claims against the defendants in the first trial.[2]

Defendants' remaining complaints about the scale of the first trial are unfounded.[3]  For example, Defendants assert that in such a trial it "would be impossible for the jury to track the number of players and moving parts," and that a trial "even of a single case with a single defendant, would already test the bounds of what any jury could reasonably process given the number of legal and factual issues to be resolved." (Defs. Ltr. at 3.)  Defendants cannot seriously contend that a jury in the Southern District of New York cannot focus on a trial involving more than a single defendant and pension plan.  *See Green v. Beer*, No. 06 Civ. 4156 (KMW)(JCF), 2009 WL 3401256, at *1, *8 (S.D.N.Y. Oct. 22, 2009) ("A jury should have little difficulty analyzing the theories of liability and factual circumstances applicable to each Plaintiff group.").  SKAT does not share Defendants' lack of faith in the jury system, or in the Court's ability to properly instruct the jury on a trial of more than one claim or one defendant.  *Cf. Lutz v. Buono*, No. 05 Civ. 4879(GAY), 2009 WL 3364032, at *1 (S.D.N.Y. Oct. 16, 2009) ("Juries in this District routinely decide cases involving multiple plaintiffs and multiple claims, and any risk

---

1. Defendants incorrectly assert that SKAT "ignores participation by counsel for numerous plans against whom the cases have been stayed for several months." (Defs. Ltr. at 2 n.4.)  Defendants presumably are referring to the stay issued on January 7, 2021 as to thirteen pension plans, but that stay is effective through judgment against Markowitz and van Merkensteijn, and thus has no impact on trial considerations.  (*See* ECF No. 512.)  Defendants' proposal also fails to take into account the cases where SKAT asserts claims against Markowitz, van Merkensteijn, and/or Klugman for their participation in partnerships with various defendant pension plans, as opposed to those in which one of them is the plan participant.  There is no basis to separate such claims against these same three defendants.  SKAT's proposal includes all claims in this MDL against Markowitz, van Merkensteijn, Klugman, and Ben-Jacob.  That includes all SKAT's claims based on the reclaim applications submitted by the plans in which Markowitz, van Merkensteijn, or Klugman was a participant, and all (mostly "friends and family") plans that Markowitz, van Merkensteijn, or Klugman set up and used as part of the scheme to defraud SKAT.

2. The downside in breaking out the six "friends and family" from the first trial is that the evidence in their trial will largely be the same as the evidence that SKAT presents in the first trial.

3. The Court has "broad discretion" in considering Defendants' proposal to sever certain of SKAT's claims, and in exercising that discretion "considers (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Waite v. UMG Recordings, Inc.*, No. 19-cv-1091 (LAK), 2021 WL 4776165, at *1 (S.D.N.Y. Oct. 11, 2021) (quotation omitted).

that the jury may become confused can be addressed by clear jury instructions.") (quotation omitted).

Nor can Defendants be serious that one "metric to illustrate the complexity" facing the jury is the fact that the parties have engaged 14 experts and foreign law declarants at various stages of this litigation. (Defs. Ltr. at 3.) The jury will not hear from many of the experts and declarants, in large part because they provided reports or declarations on issues of law. To the extent any such law is relevant, the Court will decide issues of U.S. pension law, foreign securities law, attorney professional responsibility, the revenue rule, the Danish statute of limitations, and Danish law concerning beneficial ownership. And, again to the extent such issues are relevant, it is the Court, not an expert, who will instruct the jury on the law, as in any other case tried before a jury. In addition, two of the 14 experts/declarants were retained solely in connection with the ED&F Man cases and thus have no relevance to either of the parties' proposals for trial one.

SKAT's proposed trial one will not, as Defendants suggest, create an "impossible task" for a jury to evaluate the scienter for each individual defendant. (Defs. Ltr. at 3.) That each defendant has a different level of participation, knowledge, and scienter does not make this case unique from any other case with multiple defendants. *See United States v. Stein*, 428 F. Supp. 2d 138, 143 (S.D.N.Y. 2006) ("differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials") (citation and quotations omitted). The Court need look no further than *United States v. Villegas*, cited in Defendants' submission. 899 F.2d 1324 (2d Cir. 1990). There, the Second Circuit denied an appeal of the district court's denial of a severance motion in a criminal case in which eleven defendants were tried together, each on four counts. *See id*. at 1332, 1346. To take another example, in *United States v. Casamento*, "the jury carefully evaluated the evidence and rendered discriminating verdicts" in a trial of 21 defendants. 887 F.2d 1141, 1153 (2d Cir. 1989).[4]

Ultimately, Defendants' main complaint is that their fraud against SKAT was so extensive in scope and duration, it requires SKAT to use a "firehose" to present the evidence to a jury. (Defs. Ltr. at 10.) SKAT believes that the "rinse and repeat" nature of the fraudulent transactions should afford opportunities to present evidence efficiently in the form of summary exhibits pursuant to Federal Rule of Evidence 1006. That is because Defendants' reclaim applications were based on bogus transactions that followed a similar repetitive pattern, replayed over and over again. In any event, the volume of evidence attributable to the repetitive and overlapping nature of the scheme that SKAT will have to present, no matter how a trial might be carved up, militates against multiple repetitive trials. "The possibility of duplicate presentation of evidence at each trial weighs against severance." *Kirk v. Metro. Transp. Auth.*, No. 99 Civ. 3787 (RWS), 2001 WL 25703, at *3 (S.D.N.Y. Jan. 10, 2001). It is therefore hardly surprising that Defendants offer no precedent for severing claims against defendants who participated in a

---

4. Nor would SKAT's proposal be the first time this Court has presided over a trial involving multiple defendants. *See, e.g.*, *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies*, 1:21-cv-01317-LAK (S.D.N.Y.) (three-defendant trial); *United States v. Gatto*, 1:17-cr-00686-LAK (S.D.N.Y.) (three-defendant trial); *Infosint S.A. v. H. Lundbeck A/S*, 1:06-cv-02869-LAK-RLE (S.D.N.Y.) (four-defendant trial); *United States v. Stein*¸ 1:05-cr-00888-LAK (S.D.N.Y.) (four-defendant trial).

3

single fraud scheme against a single victim based merely on the extensive nature of the fraudulent conduct.

### B. BEN-JACOB SHOULD NOT BE SEVERED FROM TRIAL ONE

Defendants devote much of their submission to finding reasons to sever defendant Ben-Jacob from defendants Markowitz, van Merkensteijn, and Klugman. Severance is not warranted. Ben-Jacob worked with these defendants from the very outset of their scheme in 2012 (and played an integral role in their attempt to execute a similar scheme with Sanjay Shah, the mastermind of the scheme, even prior to 2012), through to its end in 2015. Ben-Jacob led his firm's engagement, which defendant Klugman described as being, "to use an overused expression, 'from womb to tomb,' they helped us in setting up the entities, they helped in getting us to be approved clients of the entities. They knew what trades were going on." (January 28, 2021 Deposition of Robert Klugman 302:17–22.)

Acting under Ben-Jacob's direction, his team at Kaye Scholer helped Defendants set up dozens of limited liability companies and pension plans to participate in the scheme and made up the names for at least 30 of these sham entities—names calculated to suggest different owners in unrelated industries. Ben-Jacob personally signed documents used to onboard the sham entities with trading counterparties. Although Ben-Jacob recognized the need for a Danish law opinion in order for a plan to make the representations required for a reclaim application, he assisted the clients in submitting reclaim applications without their obtaining such an opinion, and personally signed false representations on behalf of Defendants' plans. And just before the four-year scheme unraveled, Ben-Jacob instructed Shah's custodian entities where to send proceeds that the scheme generated.

In support of their request to sever Ben-Jacob from trial one, Defendants principally argue that a joint trial will: (i) implicate Ben-Jacob's duties of loyalty and confidentiality to his clients; (ii) entail antagonistic defenses; and (iii) create "immense inefficiencies." (Defs. Ltr. at 9.) None of these arguments warrants severance.

Defendants do not dispute that Ben-Jacob will be a necessary witness, regardless of whether there is one joint trial or more than one trial. Rather, they argue that in a joint trial, Ben-Jacob "would have to filter his defense through the lens of his ethical duties." (*Id.* at 8.) But Ben-Jacob concedes that the New York Rules of Professional Conduct permit him to defend himself against accusations by a client, and that is so whether he is facing such accusations at his clients' separate trial, at his own separate trial, or at a joint trial. *See* New York Rules of Professional Conduct 1.6(b)(5)(i) (attorney may "reveal or use confidential information to the extent that the lawyer reasonably believes necessary . . . to defend the lawyer or the lawyer's employees and associates against an accusation of wrongful conduct"); *see also Gen. Realty Assocs. v. Walters*, 136 Misc.2d 1027, 1029 (N.Y. Civ. Ct. N.Y. Cnty. 1987) ("where the fair implication of the client's assertion tends to jeopardize the attorney's position, the right of self-defense applies"). The only purpose to be served in holding separate trials would be to enhance the possibility of inconsistent verdicts, where, in one trial, the client defendants claim they relied upon Ben-Jacob and, in the second trial, Ben-Jacob claims his clients did not tell him what he needed to know. *See RDK NY Inc. v. City of New York*, No. 21-CV-1529 (EK)(RER), 2023 WL 348467, at *6 (E.D.N.Y. Jan. 20, 2023) ("risk" of "inconsistent verdicts" "counts strongly against severance"). Indeed, the opportunity that multiple trials could afford Defendants to present their defenses differently to two different juries, pointing the finger at Ben-Jacob in the

4

first trial, and then at the clients in the second trial, counts against severance. *See Guaraca v. Cafetasia Inc.*, 17-CV-1516 (VSB), 2018 WL 4538894, at *8 (S.D.N.Y. Sept. 20, 2018) ("Holding separate trials for the different Corporate Defendants would . . . create the risk of inconsistent verdicts."); *Doe v. DeBuono*, 193 F.R.D. 117, 126 (S.D.N.Y. 2000) ("courts take a dim view of severance where a risk of inconsistent verdicts is present").

Nor are the claimed defenses in this case so antagonistic as to require severance. Not surprisingly, Defendants do not cite a single civil case in which co-defendants were severed for trial based on purported antagonistic defenses, relying instead on inapplicable criminal cases, subject to the beyond a reasonable doubt standard. (Defs. Ltr. at 7–8.)[5]

And even if "mutually antagonistic" defenses could warrant severance in a civil case, Ben-Jacob and his clients' claimed defenses do not rise to the "mutually antagonistic" standard required for severance. Such defenses "require severance only if acceptance of one party's defense would tend to preclude the acquittal of the other." *Stein*, 428 F. Supp. 2d at 144 (quotation omitted). The apparent conflict between Ben-Jacob and his clients over the "scope of Ben-Jacob's representation," (Defs. Ltr. at 7), does not "rise to this level" because "[i]t would be entirely possible, for example, for a jury to find that" neither Ben-Jacob nor his client defendants had the requisite scienter to establish liability. *Stein*, 428 F. Supp. 2d at 144. For instance, in *United States v. Scott*, the Second Circuit found "unconvincing" the argument that the defenses of the attorney and client co-defendants were "mutually antagonistic," where the client argued he "lacked intent to defraud because he had relied on [the lawyer's] legal advice" and the lawyer that he "lacked intent to defraud because he had unwittingly acted upon [the client's] instructions." 637 F. App'x 10, 13 (2d Cir. 2015). "A jury could have accepted both anticipated defenses, finding that neither . . . had intent to defraud under the circumstances," so severance was not required. *Id.* The same is true here.

The cases on which Defendants rely are not to the contrary. (Defs. Ltr. at 7–8.) For instance, in *United States v. Aronson*, the court found the defenses "mutually antagonistic" because the defendant lawyer intended to argue that his co-defendant client committed one or more crimes—that he "lied to him, deceived him, and made him an unknowing pawn in a fraud about which [he] was unaware"—while the co-defendant intended to assert advice of counsel. No. 2:12-cr-00245-ADS-GRB, ECF No. 167 at 12 (E.D.N.Y. May 23, 2013).[6] Here, by contrast, Ben-Jacob does not intend to assert anything like that, merely noting a disagreement with his co-defendant clients over the "scope of representation."

And in *United States v. Shkreli*, the court held that the co-defendant lawyer and client's defenses—the client asserted he relied on advice of counsel, while the lawyer contended "that his legal advice was predicated on what he believed to be truthful and complete information"—were "not mutually antagonistic because they d[id] not require a jury to find one defendant guilty if

---

5. Severance in the criminal cases on which Defendants rely is governed by Federal Rule of Criminal Procedure 14, pursuant to which severance is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

6. *But see United States v. Chierchio*, No. 20-CR-306 (NGG), 2022 WL 523603, at *6 (E.D.N.Y. Feb. 22, 2022) ("*Aronson* . . . should not be taken too far" because "[d]espite the court's holding, the case is not a strong example of mutual antagonism.").

that jury accept[ed] the other defendant's defense." 260 F. Supp. 3d 247, 254 (S.D.N.Y. 2017).[7] As noted above, in *Villegas*, the district court denied severance motions by various defendants in an eleven-defendant criminal case, including on grounds of antagonistic defenses. The Second Circuit affirmed, noting that the "mere fact that codefendants seek to place the blame on each other is not the sort of antagonism that requires a severance." *Villegas*, 899 F.2d at 1346. The Second Circuit also emphasized that the district court repeatedly and properly instructed the jurors that they must consider "each defendant separately and individually." *Id.* at 1347 (quotation omitted). In *United States v. Al Fawwaz*, this Court similarly denied a motion for severance based on alleged antagonistic defenses, noting that the preference for a joint trial "is particularly strong where, as here, the defendants are alleged to have participated in a common plan or scheme." No. S7 98 Crim. 1023 (LAK), 2013 WL 3111043, at *1 (S.D.N.Y. June 20, 2013).

Finally, a joint trial with Ben-Jacob does not create "immense inefficiencies." (Defs. Ltr. at 9.) A joint trial will prevent the need to conduct two trials with substantially the same proof. *See Moore v. Navillus Tile, Inc.*, No. 14 Civ. 8326 (CM), 2017 WL 11567280, at *4 (S.D.N.Y. Jan. 3, 2017) ("nearly every trial involving multiple defendants will involve some separate issues of fact," but "the question . . . is whether separate trials will require *substantial* overlap of witnesses or documentary proof") (quotation omitted and emphasis in original). Ben-Jacob first points to the potential for competing expert testimony concerning professional standards, but New York's Rules of Professional Conduct are a matter of law, and SKAT does not intend to call an expert on this issue, thus neither party (Ben-Jacob submitted only a rebuttal report by a professional conduct expert, who will not be necessary in the absence of an expert to rebut) can or will need to present such expert testimony at trial. Ben-Jacob also contends that a trial on the claims against him will require "granular analyses of Ben-Jacob's role and substantive knowledge of legal memoranda prepared by Ben-Jacob and his Kaye Scholer colleagues." (Defs. Ltr. at 9.) But given the assertion by the client defendants that they will seek to establish Ben-Jacob's and his firm's granular participation in and advice concerning their transactions, it is unclear how severance would limit the evidence to be presented at the first trial. Rather, what a severance would require is that SKAT present the same evidence, again, at a second trial in order for the second jury to determine whether Ben-Jacob is liable. That would be a waste of judicial, jury, and party time and resources. The Court should reject Defendants' proposal for separate trials.

### C. DEFENDANTS' ALTERNATIVE TRIAL PROPOSALS ARE NOT FEASIBLE

Defendants offer two alternative trial proposals: a bellwether trial or an issues trial. Defendants do not identify any benefits to a bellwether trial in this MDL but rather cite to a few distinct, mass tort MDL proceedings in which bellwether trials were utilized. It is not even clear which, if any, Defendants support an issues trial, although it is clear that the "Markowitz and van Merkensteijn Defendants" do not join in the portion of the defense submission proposing an

---

7. The *Shkreli* court granted severance because of "the stated intention of" the lawyer co-defendant's counsel to "act as a second prosecutor against [the client], by arguing that [he] is guilty and that" the lawyer was "himself, just another victim of [the] fraud." 260 F. Supp. 3d at 255–56. But again, here, even if such a concern were relevant in the context of this civil case, neither Ben-Jacob nor his co-defendant clients have indicated they intend to argue the other is liable to SKAT.

6

issues trial, which, of all the alternatives, would present the greatest logistical difficulties, given the need for all MDL counsel to attend. (*Id.* at 1 n.1.)

### 1. *A bellwether trial is not efficient for this MDL*

The use of bellwether cases made sense for this MDL to determine whether certain issues were susceptible to summary judgment, where a grant of summary judgment could have had widespread application across MDL cases. Trial is a different story. As SKAT explained during the January 10 conference, choosing three sample plans, as Defendants now propose as an alternative, would not result in a more streamlined, more efficient trial because SKAT would still need to present and admit evidence of the entirety of Defendants' scheme to establish knowledge and scienter or negligence. It would prejudice SKAT's case to do otherwise. And once the evidence is presented to a jury, it would be inefficient to ask the jury to resolve only limited bellwether claims, instead of all the claims against the primary defendants in more than 60 cases in this MDL.

Defendants point to no benefit of proceeding by bellwether trial and acknowledge that more work would have to be done "to set the contours of and address the logistical details of a combined bellwether trial." (*Id.* at 12.) Defendants argue that such trials are "standard practice" in MDLs, citing two mass tort cases, but this is not a mass tort case. *Id.* There are not thousands of different individuals suing for alleged harm suffered at the hands of one or more companies. The Court is not facing the prospect of a docket full of trials for the next decade. Just the opposite—SKAT's proposal includes only a handful of trials in this District, and SKAT's proposed trial one will not only provide guidance for settlement purposes that parties would glean from a bellwether trial, but will also determine all claims against a substantial group of defendants in this MDL.

*In re Chevron U.S.A., Inc.*, cited by Defendants, illustrates the vast distinction between this MDL and mass tort MDLs in which bellwether trials are useful. 109 F.3d 1016 (5th Cir. 1997). In *Chevron*, over 3,000 individuals sued Chevron for contamination stemming from a crude oil storage waste pit on land previously operated by Chevron. *Id.* at 1017. In such a mass tort, in which the court was facing thousands of individual cases, the benefits of using a bellwether trial were readily apparent.

In the other bellwether example cited by Defendants, *In re Methyl Tertiary Butyl Ether Products*, the Court adopted plaintiffs' proposal to proceed to trial on a subset (ten to twelve) of the more than 100 cases filed in that district alone, which the parties estimated would entail a three-month trial, while a joint trial of all cases filed in the district was estimated to last two years or more. No. 1:00-1898, MDL 1358 (SAS), M21-88, 2007 WL 1791258 (S.D.N.Y. June 15, 2007). Here, by contrast, there is no such glaring disparity in trial length between the Defendants' proposed bellwether trial and the trial proposed by SKAT. As a result, proceeding by bellwethers here would not drastically reduce the expected trial length, or even reduce it at all, but would instead multiply the number of similar length trials required. Simply put, use of bellwether trials here will not offer the benefits that bellwethers provide in mass tort MDLs.

### 2. *An issues trial is not efficient for this MDL*

It is not clear which, if any, Defendants support their alternative suggestion of an issues trial. Defendants propose that Markowitz, van Merkensteijn, and Klugman proceed in the first trial, yet the "Markowitz and van Merkensteijn Defendants" do not take part in the section of the

7

submission proposing an issues trial as an alternative first trial. (Defs. Ltr. at 1 n.1.) Regardless, an issues trial does not offer any benefits relative to SKAT's proposal.

Defendants refer to the "successful use" of an issues trial in England, where the English court conducted a non-jury trial in which each side presented experts (mostly on foreign law) regarding the "validity" of the reclaim applications. (*Id.* at 14.) While SKAT agrees that the English proceeding was successful in the sense that the Court ruled in SKAT's favor, it would not successfully provide any efficiencies for the MDL. Here, any issues of foreign law will be addressed by the Court and will result in the Court instructing the jury as necessary on the law. Such expert or foreign law evidence will not be presented to the jury through witnesses.

More significantly, assuming that SKAT prevails on the issue of whether particular reclaim applications were false, SKAT must then proceed to trial against the same groupings of defendants it proposes to the Court now to establish the requisite knowledge and scienter of each Defendant, and present again much of the same evidence as it presented at the issues trial. *See Mason v. Ethicon, Inc.*, No. 6:20-cv-1078-RBD-DCI, 2021 WL 2580113, at *1 (M.D. Fla. May 10, 2021) (rejecting defense argument that a separate and initial trial on statute of limitations would save time as it "assumes Defendants prevail on the statute of limitations issue. If Plaintiff prevails, a separate trial will not save time. Just the opposite."). And given the Defendants' focus on the scienter aspect of each of SKAT's claims, an issues trial would not likely advance settlements.

Finally, an issues trial presents the very logistical hurdles Defendants complain about with a joint trial in that each defendant will have the right to attend trial and challenge SKAT's evidence. Indeed, an issues trial presents a greater logistical challenge as all MDL defendants, not just those in SKAT's proposed group one, will need to attend. While an issues trial might advance other MDLs in certain ways, any such benefits here are minimal and outweighed by the inefficiencies such a trial would cause.

Respectfully submitted,

/s/ Marc Weinstein
Marc Weinstein

cc:   All counsel of record (via ECF)

# APPENDIX A

## SKAT's Proposed Trial One Cases and Defendants

|   | Case Name & Number | Defendants Included in Trial Proposal | Defendants Excluded from Trial Proposal |
|---|---|---|---|
| 1 | *Skatteforvaltningen v. Aerovane Logistics LLC Roth 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07828-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, and Aerovane Logistics LLC Roth 401K Plan | |
| 2 | *Skatteforvaltningen v. Albedo Management LLC Roth 401(K) Plan, Joseph Herman, Michael Ben-Jacob, Avanix Management LLC, RAK Investment Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01785-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, Avanix Management LLC, and RAK Investment Trust | Joseph Herman and Albedo Management LLC Roth 401(K) Plan |
| 3 | *Skatteforvaltningen v. Avanix Management LLC Roth 401K Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01867-LAK (S.D.N.Y.) | Michael Ben-Jacob, Richard Markowitz, and Avanix Management LLC Roth 401K Plan | |
| 4 | *Skatteforvaltningen v. Azalea Pension Plan and Elizabeth van Merkensteijn*, Case No. 19-cv-01893-LAK (S.D.N.Y.) | Elizabeth van Merkensteijn and Azalea Pension Plan | |
| 5 | *Skatteforvaltningen v. Ballast Ventures LLC Roth 401(K) Plan, Joseph Herman, Michael Ben-Jacob, Cavus Systems LLC, RAK Investment Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01781-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, Cavus Systems LLC, and RAK Investment Trust | Joseph Herman and Ballast Ventures LLC Roth 401(K) Plan |
| 6 | *Skatteforvaltningen v. Bareroot Capital Investments LLC Roth 401(K) Plan, David Zelman, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01783-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | David Zelman and Bareroot Capital Investments LLC Roth 401(K) Plan |

|    | **Case Name & Number** | **Defendants Included in Trial Proposal** | **Defendants Excluded from Trial Proposal** |
|----|---|---|---|
| 7  | *Skatteforvaltningen v. Basalt Ventures LLC Roth 401(K) Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01866-LAK (S.D.N.Y.) | Michael Ben-Jacob, John van Merkensteijn, and Basalt Ventures LLC Roth 401(K) Plan | |
| 8  | *Skatteforvaltningen v. Batavia Capital Pension Plan and Richard Markowitz*, Case No. 19-cv-01895-LAK (S.D.N.Y.) | Richard Markowitz and Batavia Capital Pension Plan | |
| 9  | *Skatteforvaltningen v. Battu Holdings LLC Roth 401K Plan, David Zelman, Michael Ben-Jacob, Omineca Trust, John van Merkensteijn, RAK Investment Trust, and Robert A. Klugman*, Case No. 19-cv-01794-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert A. Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | David Zelman and Battu Holdings LLC Roth 401K Plan |
| 10 | *Skatteforvaltningen v. Bernina Pension Plan and John van Merkensteijn*, Case No. 19-cv-01865-LAK (S.D.N.Y.) | John van Merkensteijn and Bernina Pension Plan | |
| 11 | *Skatteforvaltningen v. Calypso Investments Pension Plan, and Jocelyn Markowitz*, Case No. 19-cv-01904-LAK (S.D.N.Y.) | Jocelyn Markowitz, and Calypso Investments Pension Plan | |
| 12 | *Skatteforvaltningen v. Cantata Industries LLC Roth 401(K) Plan, David Zelman, Michael Ben-Jacob, John van Merkensteijn, RAK Investment Trust, Omineca Trust, and Robert Klugman*, Case No. 19-cv-01798-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | David Zelman and Cantata Industries LLC Roth 401(K) Plan |
| 13 | *Skatteforvaltningen v. Cavus Systems LLC Roth 401(K) Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01869-LAK (S.D.N.Y.) | Michael Ben-Jacob, Richard Markowitz, and Cavus Systems LLC Roth 401(K) Plan | |
| 14 | *Skatteforvaltningen v. Cedar Hill Capital Investments LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01922-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Edwin Miller and Cedar Hill Capital Investments LLC Roth 401(K) Plan |

|    | **Case Name & Number** | **Defendants Included in Trial Proposal** | **Defendants Excluded from Trial Proposal** |
|----|---|---|---|
| 15 | *Skatteforvaltningen v. Crucible Ventures LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, John van Merkensteijn, RAK Investment Trust, Omineca Trust, and Robert Klugman*, Case No. 19-cv-01800-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Ronald Altbach and Crucible Ventures LLC Roth 401(K) Plan |
| 16 | *Skatteforvaltningen v. Dicot Technologies LLC Roth 401(K) Plan, David Zelman, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01788-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | David Zelman and Dicot Technologies LLC Roth 401(K) Plan |
| 17 | *Skatteforvaltningen v. Eclouge Industry LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01870-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Perry Lerner and Eclouge Industry LLC Roth 401(K) Plan |
| 18 | *Skatteforvaltningen v. Edgepoint Capital LLC Roth 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07827-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Edgepoint Capital LLC Roth 401K Plan | |
| 19 | *Skatteforvaltningen v. Fairlie Investments LLC Roth 401(K) Plan, Joseph Herman, Michael Ben-Jacob, Hadron Industries LLC, RAK Investment Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01791-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, Hadron Industries LLC, and RAK Investment Trust | Joseph Herman and Fairlie Investments LLC Roth 401(K) Plan |
| 20 | *Skatteforvaltningen v. First Ascent Worldwide LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Robert Klugman, and Richard Markowitz*, Case No. 19-cv-01792-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Perry Lerner and First Ascent Worldwide LLC Roth 401(K) Plan |

|  | **Case Name & Number** | **Defendants Included in Trial Proposal** | **Defendants Excluded from Trial Proposal** |
|---|---|---|---|
| 21 | *Skatteforvaltningen v. Fulcrum Productions LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Robert Klugman, John van Merkensteijn, and Omineca Trust*, Case No. 19-cv-01928-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust, | Edwin Miller and Fulcrum Productions LLC Roth 401(K) Plan |
| 22 | *Skatteforvaltningen v. Green Scale Management LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Robert Klugman, and Richard Markowitz*, Case No. 19-cv-01926-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Edwin Miller and Green Scale Management LLC Roth 401(K) Plan |
| 23 | *Skatteforvaltningen v. Hadron Industries LLC Roth 401(K) Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01868-LAK (S.D.N.Y.) | Michael Ben-Jacob, Richard Markowitz, and Hadron Industries LLC Roth 401(K) Plan |  |
| 24 | *Skatteforvaltningen v. Headsail Manufacturing LLC Roth 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07824-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, and Headsail Manufacturing LLC Roth 401K Plan |  |
| 25 | *Skatteforvaltningen v. Keystone Technologies LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Robert Klugman, Routt Capital Trust, and Richard Markowitz*, Case No. 19-cv-01929-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Edwin Miller and Keystone Technologies LLC Roth 401(K) Plan |
| 26 | *Skatteforvaltningen v. Limelight Global Productions LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, Robert Klugman, RAK Investment Trust, Omineca Trust, and John van Merkensteijn*, Case No. 19-cv-01803-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Ronald Altbach and Limelight Global Productions LLC Roth 401(K) Plan |

|  | Case Name & Number | Defendants Included in Trial Proposal | Defendants Excluded from Trial Proposal |
|---|---|---|---|
| 27 | *Skatteforvaltningen v. Loggerhead Services LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01806-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Perry Lerner and Loggerhead Services LLC Roth 401(K) Plan |
| 28 | *Skatteforvaltningen v. Michelle Investments Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01906-LAK (S.D.N.Y.) | Richard Markowitz, John van Merkensteijn, and Michelle Investments Pension Plan | |
| 29 | *Skatteforvaltningen v. Monomer Industries LLC Roth 401(K) Plan, Robin Jones, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01801-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Robin Jones and Monomer Industries LLC Roth 401(K) Plan |
| 30 | *Skatteforvaltningen v. Omineca Pension Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01894-LAK (S.D.N.Y.) | Michael Ben-Jacob, John van Merkensteijn, and Omineca Pension Plan | |
| 31 | *Skatteforvaltningen v. PAB Facilities Global LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01808-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Perry Lerner and PAB Facilities Global LLC Roth 401(K) Plan |
| 32 | *Skatteforvaltningen v. Pinax Holdings LLC Roth 401(K) Plan, Robin Jones, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01810-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Robin Jones and Pinax Holdings LLC Roth 401(K) Plan |
| 33 | *Skatteforvaltningen v. Plumrose Industries LLC Roth 401K Plan, Ronald Altbach, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01809-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Ronald Altbach and Plumrose Industries LLC Roth 401K Plan |

|  | **Case Name & Number** | **Defendants Included in Trial Proposal** | **Defendants Excluded from Trial Proposal** |
|---|---|---|---|
| 34 | *Skatteforvaltningen v. Raubritter LLC Pension Plan, Adam LaRosa* (previously voluntarily dismissed)*, Richard Markowitz, John van Merkensteijn, and Seth Whitaker (as Personal Representative of the Estate of Alexander C. Burns)*, Case No. 18-cv-04833-LAK (S.D.N.Y.) | Richard Markowitz and John van Merkensteijn | Seth Whitaker (as Personal Representative of the Estate of Alexander C. Burns) and Raubritter LLC Pension Plan |
| 35 | *Skatteforvaltningen v. Remece Investments LLC Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01911-LAK (S.D.N.Y.) | Richard Markowitz, John van Merkensteijn, and Remece Investments LLC Pension Plan |  |
| 36 | *Skatteforvaltningen v. RJM Capital Pension Plan and Richard Markowitz*, Case No. 19-cv-01898-LAK (S.D.N.Y.) | Richard Markowitz and RJM Capital Pension Plan |  |
| 37 | *Skatteforvaltningen v. Roadcraft Technologies LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01812-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Ronald Altbach and Roadcraft Technologies LLC Roth 401(K) Plan |
| 38 | *Skatteforvaltningen v. Routt Capital Pension Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01896-LAK (S.D.N.Y.) | Michael Ben-Jacob, Richard Markowitz, and Routt Capital Pension Plan |  |
| 39 | *Skatteforvaltningen v. Starfish Capital Management LLC Roth 401(K) Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01871-LAK (S.D.N.Y.) | Michael Ben-Jacob, John van Merkensteijn, and Starfish Capital Management LLC Roth 401(K) Plan |  |
| 40 | *Skatteforvaltningen v. Sternway Logistics LLC Roth 401(K) Plan, Robin Jones, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01813-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Robin Jones and Sternway Logistics LLC Roth 401(K) Plan |

|    | Case Name & Number | Defendants Included in Trial Proposal | Defendants Excluded from Trial Proposal |
|----|---|---|---|
| 41 | *Skatteforvaltningen v. Tarvos Pension Plan and John van Merkensteijn*, Case No. 19-cv-01930-LAK (S.D.N.Y.) | John van Merkensteijn and Tarvos Pension Plan | |
| 42 | *Skatteforvaltningen v. Random Holdings 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07829-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, and Random Holdings 401K Plan | |
| 43 | *Skatteforvaltningen v. The Stor Capital Consulting LLC 401K Plan, Michael Ben-Jacob, and Robert Klugman*, Case No. 18-cv-04434-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, and The Stor Capital Consulting LLC 401K Plan | |
| 44 | *Skatteforvaltningen v. Trailing Edge Productions LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01815-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Perry Lerner and Trailing Edge Productions LLC Roth 401(K) Plan |
| 45 | *Skatteforvaltningen v. True Wind Investments LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01818-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Ronald Altbach and True Wind Investments LLC Roth 401(K) Plan |
| 46 | *Skatteforvaltningen v. Tumba Systems LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01931-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Edwin Miller and Tumba Systems LLC Roth 401(K) Plan |
| 47 | *Skatteforvaltningen v. Vanderlee Technologies Pension Plan, David Zelman, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, Robert Klugman, and Vanderlee Technologies Pension Plan Trust*, Case No. 19-cv-01918-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | David Zelman, Vanderlee Technologies Pension Plan, and Vanderlee Technologies Pension Plan Trust |

|    | **Case Name & Number** | **Defendants Included in Trial Proposal** | **Defendants Excluded from Trial Proposal** |
|----|---|---|---|
| 48 | *Skatteforvaltningen v. Voojo Productions LLC Roth 401(K) Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01873-LAK (S.D.N.Y.) | Michael Ben-Jacob, John van Merkensteijn, and Voojo Productions LLC Roth 401(K) Plan | |
| 49 | *Skatteforvaltningen v. Xiphias LLC Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01924-LAK (S.D.N.Y.) | Richard Markowitz, John van Merkensteijn, and Xiphias LLC Pension Plan | |
| 50 | *Skatteforvaltningen v. John van Merkensteijn, Richard Markowitz, Bernina Pension Plan Trust, RJM Capital Pension Plan Trust, 2321Capital Pension Plan, Bowline Management Pension Plan, California Catalog Company Pension Plan (previously voluntarily dismissed), Clove Pension Plan, Davin Investments Pension Plan, Delvian LLC Pension Plan, DFL Investments Pension Plan, Laegeler Asset Management Pension Plan, Lion Advisory Inc. Pension Plan, Mill River Capital Management Pension Plan, Next Level Pension Plan, Rajan Investments LLC Pension Plan, Spirit on the Water Pension Plan, and Traden Investments Pension Plan*, Case No. 19-cv-10713-LAK (S.D.N.Y.) | Richard Markowitz, John van Merkensteijn, Bernina Pension Plan Trust, and RJM Capital Pension Plan Trust | 2321Capital Pension Plan, Bowline Management Pension Plan, Clove Pension Plan, Davin Investments Pension Plan, Delvian LLC Pension Plan, DFL Investments Pension Plan, Laegeler Asset Management Pension Plan, Lion Advisory Inc. Pension Plan, Mill River Capital Management Pension Plan, Next Level Pension Plan, Rajan Investments LLC Pension Plan, Spirit on the Water Pension Plan, and Traden Investments Pension Plan |
| 51 | *Skatteforvaltningen v. Michael Ben-Jacob*, Case No. 21-cv-05339-LAK (S.D.N.Y.) | Michael Ben-Jacob | |