# Exhibit 1

**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**



مكـــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

<span style="color:red">Smart Judgments</span>

On Case 2104/2020/305

<u>In the Name of Allah, The Most Gracious, Most Merciful</u>

<u>On Behalf of His Highness Sheikh Mohammed bin Rashid Al Maktoum – Ruler of Dubai</u>

**Court of Appeal**

**In the Public Hearing held on Wednesday, 14 September 2022, in the seat of Dubai Court of Appeal**

Chaired by Judge/ Muhammad Ahmed Sulaiman        **President of the Circuit**

Member/ Judge / Gamal Muhammad Qotb Saeed        **Member of the Circuit**

And Judge/ Abdul Latif Sultan Al Olamaa        **Member of the Circuit**

<u>On Appeal 2104 of 2020 Commercial Appeal</u>

Appellant:        Skatteforvaltningen (Danish Tax Authority)

Versus

| Appellee: | Sanjay Shah |
|---|---|
| Appellee: | Usha Shah |
| Appellee: | Ganymede Cayman Ltd |
| Appellee: | Solo Capital Partners |
| Appellee: | Rajen Shah |
| Associated entity: | PwC |

<u>The following judgment was rendered</u>

After reviewing the documents, hearing the pleadings, and conducting the deliberation,

<span style="color:red">*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic Services – Enquiries)</span>

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب. 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مكــــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

| Dubai Courts | **Smart Judgments** | **Government of Dubai** |
| --- | --- | --- |

The facts of the Case and the exhibits, defenses and arguments of the parties are stated in detail in the Judgment subject of this Appeal. To avoid repetition, the Court refers the Judgment subject of this Appeal and summarizes key facts to the extent necessary for purposes of understanding the issue of the case in that: the Danish Tax Authority (SKAT) filed Case 1758 of 2018 Commercial / Plenary Court against Sanjay Shah requesting a judgment to order the Defendant to pay USD 2,015,117,773 or its equivalent in AED, in addition to legal interest of 12% payable due from date of entitlement until full payment, in addition to expenses relating to its enforcement, and to immediately execute the judgment. The claim is on the basis that Plaintiff contended that the Defendant used foreign tax rebate agents and obtained tax refunds through companies he controlled and other individuals in the period from 2012 to 2015 to unlawfully obtain DKK 12,708,000,000 (approximately AED 7 billion). The Defendant falsely alleged that these companies and bodies were entitled to tax refunds under double taxation treaties. By reviewing its records, Plaintiff discovered that 126 foreign companies submitted tax refund claims totaling to an amount of DKK 6.2 billion, including companies owned by the Defendant, although those companies were not entitled to refunds because the companies submitted false information in their claims. It was also discovered that the Defendant unlawfully obtained USD 2,015,117,773, equivalent to AED 7,401,027,340. The Plaintiff had also filed Case No 402/2018 Civil / Plenary Court against the Defendant requesting to validate a precautionary attachment order in Action No 396 of 2018 Commercial Court on the basis of the order obtained by the Plaintiff confirming the precautionary attachment on the Defendant's property on 16/7/2018. The latter case was joined to the first case and both cases were heard by the Commercial Court of First Instance, where the Defendant argued that the Court had no international jurisdiction to hear the Case and that the claim was inadmissible because it was filed against a party without the relevant capacity. The Court ordered a tripartite Committee of Experts to be assigned through the Department of Experts and Dispute Settlement in the Ruler's Court to verify the elements of the claim. The Plaintiff joined Usha Shah, Ganymede Cayman Ltd, Solo Capital Partners, and Rajen Shah as defendants in the Case and requested that these parties be bound to pay the claimed amount. The Committee of Experts submitted its report to the Court concluding that the Plaintiff did not submit any of the 9 million documents submitted

*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic Services Inquiries)

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب. 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مكـــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

Dubai Courts                    **Smart Judgments**                    **Government of Dubai**

to the DIFC Courts and 3 million documents were released. On 12/8/2020, the Court ruled the following: first, it dismissed Case (as is) 1758 of 2018 Commercial / Plenary Court, and the fees and expenses of the Committee of Experts were estimated at AED 15,000, with the remaining fees to be refunded to the Plaintiff; second, it declined to accept Case 402 of 2018 Civil / Plenary Court.

The Plaintiff appealed the above judgment through a statement submitted to the Case Management Office on 12/8/2020 and duly served on the Defendants. The Plaintiff requested for the Court to overturn the Appealed Judgment and requested an order that the Appellees pay USD 2,015,117,773 or its equivalent of AED 7,468,749,847 and legal interest of 12% per annum payable as of the date of entitlement until full payment. Alternatively, the Plaintiff requested to assign a tripartite Committee of Experts excluding the persons appointed by the Court of First Instance in that committee. The Appellant contended that the Appealed Judgment is based on points contradicting the established law and proven evidence/documents, with inadequate substantiation, defective reasoning, and infringement on the Plaintiff's right to its defense.

At the Court of Appeal proceedings, the Appellant was represented by its Attorney who submitted an explanatory memorandum explaining the bases for the appeal and that the Appealed Judgment is based on the violation and misapplication of the law, with inadequate substantiation, defective reasoning, and infringement on the Appellant's right to its defense. The Appellant submitted documents proving the scheme carried by the First Appellee and his wife (Second Appellee) to unlawfully obtain the Appellant's money in a fraudulent manner, including a report submitted by the Expert Firm (Deloitte), as well as providing to the Committee of Experts several essential documents which prove that the Appellant is entitled to the claimed amount. The Appellant's Attorney also submitted a memorandum providing new submissions on the Case and joining M/s PricewaterhouseCoopers (PwC), as the liquidator of Fourth Appellee (Solo Capital Company). The Appellant's Attorney also submitted a memorandum requesting to order PwC (the Judicial Receiver of the Fourth Appellee) to submit any documents in its

*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic System – for inquiries)

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب. 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مكـــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

**Dubai Courts**                    **Smart Judgments**                    **Government of Dubai**

custody/control. The Appellant's Attorney also submitted memoranda insisting on its previous requests as well as several bundles of documents which were reviewed by the Court and included reports made by the Expert Firm (Deloitte), articles, photocopies of judgments, and photos of the boxes containing the documents. The First Appellee's Lawyer appeared and submitted two memoranda requesting the Court to reject the Appeal. The Fifth Appellee's Lawyer appeared and submitted a memorandum requesting a ruling of inadmissibility of the Case because it was filed against a party that has no relevant capacity. At the hearing of 31/3/2021, the Court ruled that the Appeal is formally accepted in its form. Before deciding on the merits of the Appeal, the Court decided to assign a tripartite Committee of Experts through the Department of Experts and Dispute Settlement in the Ruler's Court in order to verify the elements of the Case, as stated in the operative part of the judgment.

In compliance with the above judgment, the Committee of Experts proceeded with its assessment and submitted its report concluding that:

The procedures for deducting the taxes on dividends in Denmark for a local investor are as follows:

1- A local investor shall enter into an agreement with a custodian (a financial institution which purchases and holds the securities for the benefit of a client and records any relevant transactions).

2- A custodian shall purchase stocks listed in the Denmark Capital Market for the benefit of an investor and shall register the ownership of those stocks with the Denmark Securities Authority.

3- When a company (which issues the stocks) listed in the capital market announces the dividends payable to the investors, it shall notify the Capital Market Authority of such dividends.

*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic System for Enquiries)

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مـكــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

Dubai Courts                    Smart Judgments                    Government of Dubai

    4- A company listed in the capital market shall transfer the dividends as follows: 73% shall be transferred to a custodian and deposited in the local investor's account maintained by such custodian; and 27% shall be transferred by the company to the Danish Tax Authority.

The procedures for deducting the taxes on dividends in Denmark for a foreign investor are as follows:

1- A foreign investor shall enter into an agreement with a custodian (a financial institution which purchases and holds the securities for the benefit of a client and records any relevant transactions).

2- A custodian shall open a comprehensive account comprising of consolidated accounts of several investors and shall register the ownership of stocks held by the investors and provide such information to the Denmark Securities Authority.

3- The custodian shall manage the foreign investor's portfolio and record any sale and purchase transactions.

4- When a company listed in the capital market announces dividends payable to shareholders, it shall notify the shareholders through the custodian and shall inform the Securities Authority.

5- A company listed in the capital market shall distribute the dividends as follows: 73% shall be transferred to the Denmark Securities Authority, which shall record such dividends in its records, transfer the same either to a shareholder or custodian, and deposit such dividends in the local investor's account maintained by the custodian; and 27% shall be deducted by the company and transferred to the Danish Tax Authority.

*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic Website - Inquiries)

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب. 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مكــــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

**Dubai Courts**                     <span style="color:red">**Smart Judgments**</span>                     <span style="color:red">**Government of Dubai**</span>

6- If there is a double taxation agreement between Denmark and an investor's country, the investor may submit a refund application to the Danish Tax Authority to recover the withholding taxes deducted from the collected dividends.

7- Any tax refund application shall include the following documents: a document confirming that a foreign investor owns the stocks and a statement of the amounts deducted from his dividends and paid to the Danish Tax Authority, provided that such statement shall be prepared on a "Credit Certificate" issued by the custodian.

8- The "Refund Agent" shall submit the tax refund application to the Danish Tax Authority on behalf a foreign investor. This application shall include the following documents: legal power of attorney, a credit certificate, and a certificate issued by the foreign tax authority to confirm the country in which the investor resides.

9- The Danish Tax Authority shall refund the withholding tax to the agent after receiving the documents (tax refund application and credit certificate).

10- The Refund Agent shall transfer the refunded dividends from the Danish Tax Authority to the foreign custodian, who shall in turn pay the money to the foreign investors.

11- The First Appellee (Sanjay Shah) is the owner of the company Aesa S.A.R.L., as stated in the letter dated 06/06/2012 sent from the First Appellee to Luxemburg Notary Public under which the First Appellee acknowledges that he is the owner of Aesa S.A.R.L.

Aesa S.A.R.L. owns Solo Group Holdings Ltd. It should be noted that the Fourth Appellee (Solo Capital Partners LLP) is 100% owned by Solo Group Holdings Ltd.

<span style="color:red">*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic Services - Inquiries)</span>

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مـكـــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

**Dubai Courts**　　　　　**Smart Judgments**　　　　　**Government of Dubai**

Therefore, the Fourth Appellee (Solo Capital Partners LLP) is owned by the First Appellee (Sanjay Shah).

Arche Cayman Ltd is a wholly owned subsidiary of the First Appellee (Sanjay Shah) and owns Syntax GIS Ltd. Thus, the First Appellee (Sanjay Shah) owns Syntax GIS Ltd.

The Second Appellee (Usha Shah) is a director on the Board of the Third Appellee (Ganymede Cayman Ltd) as per the power of attorney signed on 24/10/2014.

The total amount unlawfully obtained from the Appellant (the Danish Tax Authority) within the period from 10/02/2012 to 24/08/2015 is AED 4,643,506,696.44, including an amount of AED 1,070,485,783.33 owed by the Third Appellee (Ganymede Cayman Ltd). The remaining amount of AED 3,573,020,913,12 is owed by the Fourth Appellee (Solo Capital Partners LLP).

*Based on the documents submitted by the Appellant's Attorney on 19/05/2022 (after preparing the initial report), the Expert would like to indicate that:

1- Regarding the amount of AED 3,573,020,913.12 which was unlawfully obtained by the Fourth Appellee (Solo Capital Partners LLP) from the Appellant (the Danish Tax Authority) during the period from 10/02/2012 to 24/08/2015, the Committee of Experts would like to indicate that the aforementioned Company maintained in its accounts an amount of AED 1,349,519,441.83 and transferred the remaining amount of AED 2,223,501,471.29. The transferred amounts are as stated below:

During the period from 26/05/2015 to 10/09/2015, an amount of AED 1,037,080,664 was transferred from the Fourth Appellee (Solo Capital Partners LLP) to Elysium Global Ltd, whose director is the Second Appellee (Usha Shah).

During the period from 27/05/2014 to 27/10/2014, an amount of AED 969,372,536 was transferred to Elysium Global Dubai, owned by the First Appellee (Sanjay Shah).

*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic System – Inquiries)

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب. 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مكــــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

| Dubai Courts | Smart Judgments | Government of Dubai |
|---|---|---|

During the period from 31/10/2013 to 06/06/2014, an amount of AED 31,953,671 was transferred to the Fifth Appellee (Rajen Shah).

During the period from 05/06/2013 to 13/08/2015, a total amount of AED 185,094,599.29 was transferred to the First Appellee (Sanjay Shah) from the Fourth Appellee (Solo Capital Partners LLP).

2- Regarding the amount of AED 1,070,485,783.32 which was obtained by the Third Appellee (Ganymede Cayman Ltd) from the Appellant (the Danish Tax Authority) within the period from 10/02/2012 to 24/08/2015, the Committee of Experts would like to indicate that the above Company maintained in its accounts an amount of AED 570,980,659.83 and transferred the remaining amount of AED 499,505,123.49. The transferred amounts are stated below:

During the period from 27/05/2014 to 27/10/2014, an amount of AED 5,555,555.56 was transferred to Elysium Global Dubai owned by the First Appellee (Sanjay Shah).

During the period from 05/06/2013 to 13/08/2015, a total amount of AED 493,949,567.93 was transferred to the First Appellee (Sanjay Shah) from the Third Appellee (Ganymede Cayman Ltd).

3- It has been shown from the forgoing that a total amount of AED 679,044,167.22 was transferred from the Third and Fourth Appellees to the First Appellee. A total amount of AED 31,953,671 was transferred to the Fifth Appellee (Rajen Shah). It should be noted that no amounts were transferred to the Second Appellee (Usha Shah).

The Appellees unlawfully obtained the Appellant's money under tax refund claims as the Denmark Securities Authority confirmed its records are devoid of any information indicating that the Applicants hold any stocks in the Danish Capital Market, as well as the confirmation that the Applicants did not receive any dividends from Danish companies. Since the Applicants did not receive the original dividends at the rate of "73% of the total

*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic System for Inquiries)

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM
LEGAL TRANSLATION
Tel. 025573355,
Mobile: 0585784009
WhatsApp: 0585784009**

مكــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

**Dubai Courts**       <span style="color:red">**Smart Judgments**</span>       <span style="color:red">**Government of Dubai**</span>

distributions", it follows logically that they shall not be entitled to submit any refund claims for the part deducted from the distributions at the rate of "27% of total profit distributions".

Bank statements (86827244, 64338333, 73387866, 83125920, 54832433, and 64105155) belonging to the Fourth Appellee (Solo Capital Partners LLP) in Barclays PLC bank are legal statements of accounts maintained by the National Crime Agency through cooperation between the International Police and a foreign police institution (as reflected by the letter dated 17/03/2022).

Bank statements (86827244, 64338333, 73387866, 83125920, 54832433, and 64105155) belonging to the Fourth Appellee (Solo Capital Partners LLP) in Barclays PLC bank were submitted to the Appellant's Attorney by the Danish Prosecutor-General for Serious Economic and International Crimes under the letter dated 15/12/2021 sent from the Danish Prosecutor-General. This letter states: The Danish Prosecutor-General for Serious Economic and International Crimes obtained these statements from the UK National Crime Agency.

Based on the forgoing, the First, Second, Third, Fourth, and Fifth Appellees are liable in the amount of AED 4,643,506,696.44 as follows:

- An amount of AED 1,349,519,441.83 is owed by the Fourth Appellee (Solo Capital Partners LLP), owned by the First Appellee (Sanjay Shah).
- An amount of AED 1,037,080,664 is owed by Elysium Global Dubai, owned by the First Appellee.
- An amount of AED 974,928,092.56 is owed by Elysium Global Ltd, owned by the First Appellee. It should be noted that the director of this Company is the Second Appellee (Usha Shah).
- An amount of AED 31,953,671 is owed by the Fifth Appellee (Rajen Shah).
- An amount of AED 679,044,167.22 is owed by the First Appellee.
- An amount of AED 570,980,659.83 is owed by the Third Appellee (Ganymede Cayman Ltd), owned by the First Appellee.

<span style="color:red">*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic Website - Inquiries)</span>

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب. 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مكـــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

| Dubai Courts | **Smart Judgments** | **Government of Dubai** |

After the Committee of Experts submitted its Report, and at the hearing of 6/6/2022, the Appellant and First and Fifth Appellees were represented by their Lawyers, who requested time to comment on the Expert's Report. The Court decided to postpone to the hearing of 24/8/2022 so that the parties can comment on the Expert's Report. In the hearing of 24/8/2022, the Appellant's Attorney appeared and submitted a memorandum requesting the Court to overturn the Appealed Judgment and order the Appellees to pay severally and jointly an amount of AED 4,643,506,696 and with a legal interest of 12% per annum as of the date entitlement until full payment. The First Appellee's Lawyer also appeared and requested for a period to comment and submit the documents because he has been recently hired. The Fifth Appellee's Lawyer also appeared and submitted a memorandum requesting the joining of the following parties: 1- Syntax GIS; 2- Goal Taxback Ltd; and 3- Acupay System LLC; and to notify them in  England; and to request for them to submit any documents within their custody, especially a statement of the amounts received from the Appellant and a statement of the amounts transferred to the Appellees and to state whether or not they transferred these amounts, the relationship between them and the Appellees, the nature of the amounts transferred to the Appellees, and whether or not they were transferred as a result of a business relationship and a statement of the companies for which the three tax agents submitted tax refund claims to the Appellant and a statement of the amounts transferred from the three tax agents to the companies for which the tax refund claims were submitted. The Fifth Appellee's Lawyer alternatively requested to return the Case to the Committee of Experts in order to hear the Associated Entity. The Fifth Appellee's case is based on the fact that the Committee of Experts concluded in its report that the tax refund claims were submitted by the three tax agents and the unlawfully obtained amounts were received by them. The Court decided to render its judgment in today's hearing. After the pleadings were concluded, the Fifth Appellee's Lawyer requested to reopen the pleadings. However, the Court refused this request because the Fifth Appellee's Lawyer was present at the last hearing and submitted a memorandum of his defense and requests.

With regard to the Fifth Appellee's request to join: 1- Syntax GIS; 2- Goal Taxback Ltd; and 3- Acupay System LLC, to notify them in England, and to request for them to submit any

*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic System for Inquiries)

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب 8432، أبوظبي، الإمارات العربية المتحدة
Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مـكـــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

Dubai Courts                    Smart Judgments                    Government of Dubai

documents within their custody, Article 18 of the Evidence Law on Civil and Commercial Transactions reads as follows:

1- A party to litigation may request the court to impose on his opponent to prepare and present any documents or information - in any form whatsoever, whether electronic or paper - that are in his possession or detained by him, in the following instances: A- if the law allows him to request their preparation or submission; B- if the document or information is joint between him and his opponent, or if the same establishes their mutual obligations and rights or affects the legal position of the parties to the litigation; or C- if there is a reason that leads to the belief that the opponent would base his claim on the document or information at any stage of the lawsuit or has actually based his claim thereon.

2- The request shall state - to the extent possible - the content of the document or information, as well as any facts from which he infers the said document or information or corroborating its existence in the hands of the opponent.

Article 20 reads as follows: The court may, during the hearing of the case, even before the Court of Appeal, authorise the intervention of a third party to impose on him to submit a document or information in his hands or possession, in the instances and without prejudice to the provisions and the circumstances provided for in the preceding Articles. It may also order - even sua sponte - the intervention of any administrative party to prepare and produce all information and documents necessary for the hearing of the case. Based on above Article 20, the Court may allow a litigant to join another party in order to submit any information and documents within his custody if the Court believes that the requested documents are decisive in the case, are for the interest of the requesting litigant, and do not include anything which prevents them from submitting them and that the requesting litigant does not intend to extend the duration of proceedings unjustifiably. The Fifth Appellee's Lawyer requests the parties who are requested to be joined to submit: a statement of the amounts received from the Appellant and a statement of the amounts transferred to the Appellees and to state whether or not they transferred these amounts, the

*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic Website for Inquiries)

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب. 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مكـــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

**Dubai Courts**                     <span style="color:red">**Smart Judgments**</span>                     **Government of Dubai**

relationship between them and the Appellees, the nature of amounts transferred from them to the Appellees, and whether or not they were transferred as a result of a business relationship. The Fifth Appellee's Lawyer also requests for them to submit a statement of the companies for which the three tax agents submitted tax refund claims to the Appellant and a statement of the amounts transferred from the three tax agents to the companies for which the tax refund claims were submitted. However, the Court believes that the requests of the Fifth Appellee's Lawyer are not information or documents which are necessary to acquit the Fifth Appellee from liability. The Court therefore rejects their request. The Fifth Appellee would have been able to obtain any information from the parties requested to be joined, and/or he could have sought leave to obtain these documents without joining the parties. Therefore, the Court refuses to join the parties and the request for joinder is rejected. The First Appellee requested to postpone the Case until he comments and submits the documents, but the Court rejects this request because the Case was already postponed for over two months after the Experts' Report was submitted [to the Court]. In addition, the First Appellee did not specify the documents to be submitted. The Court believes that the First Appellee simply intended to postpone the Case unjustifiably.

With regard to the merits of the Appeal, and given that regard is to be given to the final requests, the Appellant requested this Court to overturn the Appealed Judgment and order the Appellees to pay severally and jointly an amount of AED 4,643,506,696 and interest of 12% per annum as of the date of entitlement until full payment. Article 318 of the Civil Transactions Law reads as follows: *No one is entitled, without cause, to enrich himself to the detriment of another person, without just cause. If he does so, he is liable to restitute it.* As established by the rulings of the Court of Cassation, Article 318 of the Civil Transactions Law indicates that no person may without lawful cause take the money of any other person. If this happens, such person shall refund the money. Unlawful enrichment occurs when three requirements are satisfied. First, a debtor is enriched when the money is transferred to him/her. Second, a creditor suffers a loss as a result of such enrichment and due to the creditor's transfer of the property or value. Third, such enrichment or loss is not legally justified. It is legally established that the Expert's opinion is an element of evidence which is

<span style="color:red">*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic Services for Inquiries)</span>

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مكـــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

| Dubai Courts | Smart Judgments | Government of Dubai |
|---|---|---|

assessed by the trial court. The trial court has the right to adopt the Expert's opinion if it believes that the grounds of the Expert's Report are valid. The Committee of Experts appointed by this Court concluded that the Appellees unlawfully obtained the Appellant's money under tax refund claims, and the Denmark Securities Authority confirmed that its records are devoid of any information indicating that the Applicants hold any stocks in the Danish market and the Applicants did not receive any dividends from Danish companies. Since the Applicants did not receive the original dividends at the rate of "73% of the total distributions", it logically follows that they shall not be entitled to submit any refund claims for the part deducted from the distributions at the rate of "27% of total profit distributions".

Bank statements (86827244, 64338333, 73387866, 83125920, 54832433, and 64105155) belonging to the Fourth Appellee (Solo Capital Partners LLP) in Barclays PLC bank are legal statements of accounts maintained by the National Crime Agency through cooperation between the International Police and a foreign police institution (as reflected by the letter dated 17/03/2022).

Bank statements (86827244, 64338333, 73387866, 83125920, 54832433, and 64105155) belonging to the Fourth Appellee (Solo Capital Partners LLP) in Barclays PLC bank were submitted to the Appellant's Attorney by the Danish Attorney-General for Serious Economic and International Crimes under the letter dated 15/12/2021 sent from the Danish Attorney-General. This letter states: The Danish Attorney-General for Serious Economic and International Crimes obtained these statements from the UK National Crime Agency.

Based on the forgoing, the First, Second, Third, Fourth, and Fifth Appellees are liable in the amount of AED 4,643,506,696.44 as follows:

- An amount of AED 1,349,519,441.83 is owed by the Fourth Appellee (Solo Capital Partners LLP), owned by the First Appellee (Sanjay Shah).
- An amount of AED 1,037,080,664 is owed by Elysium Global Dubai, owned by the First Appellee.

*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic System for Inquiries)

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب 8432، أبوظبي، الإمارات العربية المتحدة
**Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مكـــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

Dubai Courts                    Smart Judgments                    Government of Dubai

- An amount of AED 974,928,092.56 is owed by Elysium Global Ltd, owned by the First Appellee. It should be noted that the director of this Company is the Second Appellee (Usha Shah).
- An amount of AED 31,953,671 is owed by the Fifth Appellee (Rajen Shah).
- An amount of AED 679,044,167.22 is owed by the First Appellee.
- An amount of AED 570,980,659.83 is owed by the Third Appellee (Ganymede Cayman Ltd), owned by the First Appellee.

This Court is satisfied with this Expert's Report and relies thereon because the grounds established by the Committee of Experts are valid. This Report is also supported by the Consulting Report submitted by the Appellant to the Court of First Instance and prepared by the Expert Firm (Deloitte), which concludes that the money of the Danish Tax Authority was unlawfully obtained by residents of the United Arab Emirates, including the Appellees and that the money was used to purchase assets in the United Arab Emirates. It is evident from the documents, circumstances, and conditions of the Case that the Appellees cooperated and worked together to obtain the money of the Appellant. Some Appellees transferred the amounts obtained by them to other Appellees, as stated in the Report made by the Committee of Experts. Pursuant to Article 467/1 of the Civil Transactions Law, if several debtors perform any indivisible act, each debtor shall be liable for the debt in full. Thus, the Appellees shall severally and jointly refund the seized amount to the Appellant. And since the Appealed Judgment ignored the above and dismissed the Case in violation of the forgoing, it is deemed having violated and misapplied the law and shall be overturned. The Court shall order the Appellees to refund/return jointly and severally an amount of AED 4,643,506,696.44 to the Appellant and pay the legal interest of 5% per annum, which shall be payable as of the date of judgment until full payment, as well as the expenses of both stages of litigation and advocate's fees pursuant to Article 168 of the Civil Procedures Law and Article 55 of its Regulatory Regulation. In addition, the deposit shall be retained pursuant to Paragraph D of Article 37 of Judicial Fees Law 21 of 2015.

<u>Therefore,</u>

*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic System - Inquiries)

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب. 8432، أبوظبي، الإمارات العربية المتحدة
Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025573355,**
**Mobile: 0585784009**
**WhatsApp: 0585784009**

مكـــارم
للترجمة القانونية
هاتف: 025573355
متحرك 0585784009
واتس آب 0585784009

Dubai Courts                    Smart Judgments                    Government of Dubai

With regard to the merits of the Appeal, the Court rules that the Appealed Judgment shall be overturned; the Appellees shall jointly refund an amount of AED 4,643,506,696.44 (four billion six hundred forty-three million five hundred and six thousand six hundred ninety-six dirhams and forty-four fils) to the Appellant and shall pay the legal interest of 5% per annum as of the date of this judgment until full payment, the expenses of both stages of litigation, and AED 3,000 as Attorney's fees; and the confiscation of the security deposit amount.

Signature

Jude/ Muhammad Ahmed Sulaiman

CSC305-CY2020-CSN2104-DJI1354

Signature                                              Signature
Judge/ Gamal Muhammad Qotb Saeed        Judge/ Abdul Latif Sultan Al Olamaa
CSC305-CY2020-CSN2104-DJI2210           CSC305-CY2020-CSN2104-DJI1336

*The judicial panel stated hereinabove heard the pleading, adjudicated on the Case, and rendered and signed the judgment. The panel which announced the judgment is formed according to the minutes of the hearing in which the judgment was announced.*

*This document is electronically signed and approved. You can verify its validity through the website of Dubai Courts (Our General Electronic System for Inquiries)

برج حمدان، شارع حمدان، خلف مستشفى النور، ص.ب 8432، أبوظبي، الإمارات العربية المتحدة
Hamdan Tower, Hamdan St., Behind Al Noor Hospital, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com
Makaram legal translation

الأحكام الذكية

في الدعوى رقم 2104/2020/305

**بسم اللّه الرحمن الرحيم**
**باسم صاحب السمو الشيخ محمد بن راشد آل مكتوم حاكم دبي**

**محكمة الاستئناف**

**بالجلسة العلنية المنعقدة يوم الاربعاء الموافق ١٤ سبتمبر ٢٠٢٢ بمقر محكمة الاستئناف بدبي**

| | | |
|---|---|---|
| برئاسة القاضي | محمد أحمد سليمان | رئيس الدائرة |
| وعضوية القاضي | جمال محمد قطب سعيد | عضو الدائرة |
| و القاضي | عبد اللطيف سلطان العلماء | عضو الدائرة |

**في الاستئناف رقم ٢١٠٤ لسنة ٢٠٢٠ استئناف تجاري**

مستأنف:          سكانفورفالتنجن ( هيئة الضرائب الدانماركية)

مستأنف ضده:     سانجاي شاه
مستأنف ضده:     أوشا شاه
مستأنف ضده:     غانيميد كايمان ليمتد
مستأنف ضده:     سولو كابيتال بارتنرز
مستأنف ضده:     راجين شاه
الخصم المدخل:    بي دبليو سي
الخصم المدخل:    بي دبليو سي

**اصدرت الحكم التالي**

بعد الاطلاع على الأوراق وسماع المرافعة وبعد المداولة

من حيث إن واقعات الدعوى ومستندات الخصوم فيها وأوجه دفاعهم ودفوعهم قد أحاط بها تفصيلاً الحكم المستأنف ومن ثم ومنعاً من التكرار فالمحكمة تحيل إليه في ذلك وتوجز الواقعة بالقدر اللازم للإلمام بفكرة الدعوى في أن إدارة الجمارك والضرائب الدانماركية ( إس كيه ايه تي / سكات ) قد أقامت الدعوى رقم ١٧٥٨ لسنة ٢٠١٨ تجاري كلى ضد سانجاي شاه ، وذلك بطلب الحكم بإلزام المدعى عليه بأداء مبلغ ٧٧٣ , ١١٧ , ١٥٠ , ٢ دولاراً أمريكياً أو ما يعادله بالدرهم الاماراتي والفائدة بواقع ١٢ % من تاريخ الاستحقاق وحتى السداد والمصروفات مع النفاذ ، على سند من أنه خلال الفترة ما بين أعوام من ٢٠١٢ إلى ٢٠١٥ وباستخدام وكالات أجنبية خاصة بالمطالبة باسترداد نسبة الضرائب المخصومة فقد قام المدعى عليه من خلال شركاته وأشخاص آخرين في الحصول من المدعية بدون وجه حق على مبلغ ٧٠٨ , ١٢ مليار كرونة دانماركية ( حوالي ٧ مليار درهم ) وذلك بادعاءات كاذبة لاستحقاق تلك الشركات والهيئات في استرداد الضرائب لاستفادتها من معاهدات الازدواج الضريبي ، وبمراجعة المدعية لسجلاتها اكتشفت أن عدد ١٣٦ شركة أجنبية قدمت مطالبات باسترداد خصم الضريبة من المنبع بواقع ٦.٢ مليار كرونة ومنها الشركات المملوكة للمدعى عليه رغم أن تلك الشركات لا تستحق تلك المبالغ ، لتقديم بيانات مزورة ، وتبين حصول المدعى عليه على مبلغ ٧٧٣ , ١١٧ , ١٥٠ , ٢ دولاراً أمريكياً بما يعادل ٣٤٠ , ٢٧ , ٤٠١ , ٧ درهماً كما أقامت المدعية قبل المدعى عليه الدعوى رقم ٤٠٣ لسنة ٢٠١٨ مدني كلى ، وذلك بطلب الحكم بصحة إجراءات الحجز التحفظي رقم ٣٩٦ لسنة ٢٠١٨ حجز تحفظي تجاري ، على سند من أن المدعية كانت قد استصدرت بتاريخ ١٦ / ٧ / ٢٠١٨ أمراً بتوقيع الحجز التحفظي على أموال المدعى عليه

_____

* هذا المستند موقع و معتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستفسارات)

صفحة 1 من 9



# الأحكام الذكية

في الدعوى رقم 2104/2020/305

وحيث تم ضم الدعوى الأخيرة إلى الأولى ، ونظرت الدعويان أمام المحكمة التجارية ، حيث دفع المدعى عليه بعدم اختصاص المحكمة دولياً بنظر الدعوى وبعدم قبول الدعوى لرفعها على غير ذي صفة ، وقد أمرت المحكمة بندب لجنة ثلاثية من إدارة الخبرة وتسوية المنازعات بديوان سمو الحاكم لتحقيق عناصر الدعوى ، وأُدخلت المدعية كلاً من أوشا أشاة ، غانيميد كابمان ليمتد ، سولوكابيتال بارتنرز ، راجين شاء خصوماً في الدعوى بطلب إلزامهم بالمبلغ ، وبعد أن أودعت اللجنة المنتدبة تقريراً انتهت فيه إلى أن المدعية لم تقدم أية مستندات من التي بلغ عددها ٩ مليون مستند متحفظ عليها أمام محكمة المركز المالي العالمي وجرى الافراج عن عدد ٣ مليون مستند منها ، قضت المحكمة في ١٢ / ٨ / ٢٠٢٠ أولاً : في موضوع الدعوى رقم ١٧٥٨ لسنة ٢٠١٨ تجاري كلى برفضها بحالتها ، وبتقدير أتعاب ومصروفات لجنة الخبراء بواقع خمسة عشر ألف درهم ورد باقي قيمة الأتعاب للمدعية ، ثانياً : وفي موضوع الدعوى رقم ٤٠٢ لسنة ٢٠١٨ مدني كلى بعدم قبولها لانتفاء المصلحة

طعنت المدعية على هذا الحكم السابق بالاستئناف ، وذلك بموجب صحيفة أودعت مكتب إدارة الدعوى في ١٢ / ٨ / ٢٠٢٠ وأعلنت للمدعى عليه والخصوم المدخلين بطلب إلغاء الحكم المستأنف والقضاء مجدداً بإلزام المستأنف ضدهم بأداء مبلغ ١١٧, ٧٧٣ , ١٥ , ٢ دولاراً أمريكياً أو ما يعادله بالدرهم الاماراتي وهو مبلغ ٤٦٨ , ٧٤٩ , ٨٤٧ , ٧ درهماً والفائدة بواقع ١٢ % سنوياً من تاريخ الاستحقاق وحتى السداد ، واحتياطياً ندب لجنة ثلاثية من الخبراء ليس من بينهم أحد أعضاء اللجنة السابق ندبها من محكمة أول درجة ، على سند من أن الحكم المستأنف قد خالف القانون والثابت بالأوراق وشابه قصور في التسييب وفساد في الاستدلال وإخلال بحق الدفاع

وحيث إنه لدى نظر الاستئناف أمام هذه المحكمة حضر عن المستأنفة محاميها ، وقدم مذكرة شارحة لأسباب الاستئناف حاصلها أن الحكم المستأنف قد خالف القانون وأخطأ في تطبيقه وشابه قصور في التسبيب وفساد في الاستدلال وإخلال بحق الدفاع ، ذلك أن المستأنفة قد قدمت المستندات التي تثبت مخطط المستأنف ضده الأول وزوجته المستأنف ضدها الثانية في الاستيلاء على أموال المستأنفة بطريق الاحتيال والتزوير ، ومن بين هذه المستندات تقرير مقدم من مكتب الخبرة ( ديلويت ) ، وقد قدمت المستأنفة إلى لجنة الخبرة العديد من المستندات الجوهرية التي ثبت أحقيتها ، كما قدم مذكرة بتصيح الدعوى باختصام السادة درايس ووئر هاوس كويرز المصفي لشركة ( سولو كابيتال ) المستأنف ضدها الرابعة ، ومذكرة أخرى طلب إلزام بي دبليو سي الحارس القضائي للمستأنف ضدها الرابعة بتقديم ما تحت يده من مستندات ، كما قدم ستة مذكرات صمم فيها على الطلبات السابقة ، كما قدم عدداً من حوافظ المستندات اطلعت عليها المحكمة ومن بين ما طويت عليه تقارير خبرة من مكتب خبرة يسمى ( ديلويت ) ومقالات وصور أحكام ، وصور الصناديق التي تحتوى على المستندات ، كما حضر عن المستأنف ضده الأول محاميه ، وقدم مذكرتين طلب فيهما رفض الاستئناف ، كما حضر عن المستأنف ضده الخامس محاميه ، وقدم مذكرة طلب فيها الحكم بعدم قبول الدعوى لرفعها على غير ذي صفة ، وبجلسة ٣١ / ٣ / ٢٠٢١ حكمت المحكمة بقبول الاستئناف شكلاً وقبل الفصل في الموضوع بندب لجنة ثلاثية من الخبراء المختصين بإدارة الخبرة وتسوية المنازعات بديوان سمو الحاكم لتحقيق عناصر الدعوى ، وذلك على النحو الوارد بمنطوق الحكم

ونفاذاً لهذا القضاء السابق فقد باشرت لجنة الخبراء مأموريتها وأودعت تقريرها الذى انتهت فيه إلى ما يلي :

إجراءات استقطاع ضريبة توزيعات الأرباح في الدنمارك بالنسبة لمستثمر محلي.

١-يقوم المستثمر المحلي بإبرام اتفاقية مع امين حفظ (مؤسسة مالية تشتري وتحتفظ بالأوراق المالية لصالح العميل وتسجل التعاملات على الأوراق).

٢- يقوم امين الحفظ بشراء أسهم مدرجة في سوق المال بالدنمارك لصالح المستثمر ثم يقوم بتسجيل تلك الملكيات للأسهم لدى هيئة الأوراق المالية بالدنمارك.

تقوم الشركة المدرجة في سوق المال (المصدرة للأسهم) عند الاعلان عن توزيعات الأرباح المستحقة للمستثمرين بإبلاغ هيئة سوق المال بتلك الأرباح.

* هذا المستند موقع و معتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستفسارات)





GOVERNMENT OF DUBAI

حكومة دبي



محاكم دبي

DUBAI COURTS



SVM-37846/2022

في 305/2020/204





---




الأحكام الذكية

في الدعوى رقم 2104/2020/305




SVM-37846/2022

جي آي أس ليمتد) وهو ما يثبت بالتبعية ملكية المستأنف ضده الأول (سانجاي شاه) لشركة سينتاكس جي آي أس ليمتد.

ان المستأنف ضدها الثانية (اوشا شاه) عضو مجلس إدارة بالشركة المستأنف ضدها الثالثة (جانيميد كايمن ليمتد) وذلك وفقاً لما ورد بالوكالة القانونية التي تم توقيعها بتاريخ 24/10/2014.

ان اجمالي المبالغ التي تم الاستيلاء عليها من المستأنفة (سكاندفور فالتنجن - هيئة الضرائب الدنماركية) خلال الفترة من 02/02/2012 الى 24/08/2015 مبلغ (6,143,061.44) درهم اماراتي منها مبلغ (1,070,485,783.32) درهم اماراتي في ذمة الشركة المستأنف ضدها الثالثة (جانيمد كايمن ليمتد) وباقي المبلغ (3,573,20,913.12) درهم اماراتي في ذمة الشركة المستأنف ضدها الرابعة (سولو كابيتال بارتنرز ال ال بي).

* تود ان تشير الخبرة الى انه بناء على المستندات المقدمة من وكيل المستأنفة بتاريخ 19/05/2022 (بعد اعداد التقرير المبدئي) نورد ما يلي:

1-بشأن مبلغ (3,573,20,913.12) درهم اماراتي الذي قامت الشركة المستأنف ضدها الرابعة (سولو كابيتال بارتنرز ال ال بي) بالاستيلاء عليه من المستأنفة (سكاندفور فالتنجن - هيئة الضرائب الدنماركية) خلال الفترة من 02/02/2012 الى 24/08/2015 وتود ان تشير لجنة الخبرة الى ان الشركة المذكورة قامت بالاحتفاظ بحساباتها بمبلغ (1,349,519,441.83) درهم وقامت بتحويل المبلغ الباقي وقدره (2,223,501,471.29) درهم اماراتي وفيما يلي بيان بالمبالغ المحولة:

تم خلال الفترة من 31/05/2015 الى 10/09/2015 تحويل مبلغ (1,037,08,614) درهم اماراتي الى شركة (إليزيوم جلوبال ليمتد) ومديرتها المستأنف ضدها الثانية (اوشا شاه) من الشركة المستأنف ضدها الرابعة (سولو كابيتال بارتنرز ال ال بي).

تم خلال الفترة من 27/05/2014 الى 27/10/2014 تحويل مبلغ (919,372,031) درهم اماراتي الى شركة (إليزيوم جلوبال دي) وهي شركة مملوكة للمستأنف ضده الأول (سانجاي شاه).

تم خلال الفترة من 31/01/2013 الى 06/01/2014 تحويل مبلغ (31,953,171) درهم اماراتي الى المستأنف ضده الخامس (راجيدر شاه).

تم خلال الفترة من 06/01/2013 الى 13/08/2015 تحويل اجمالي مبلغ (185,094,599.29) درهم اماراتي الى المستأنف ضده الأول (سانجاي شاه) من الشركة المستأنف ضدها الرابعة (سولو كابيتال بارتنرز ال ال بي).

2-بشأن مبلغ (1,070,485,783.32) درهم اماراتي الذي قامت الشركة المستأنف ضدها الثالثة (جانيمد كايمن ليمتد) بالاستيلاء عليه من المستأنفة (سكاندفور فالتنجن - هيئة الضرائب الدنماركية) خلال الفترة من 02/02/2012 الى 24/08/2015 وتود ان تشير لجنة الخبرة الى ان الشركة المذكورة قامت بالاحتفاظ بحساباتها بمبلغ (570,98,169.83) درهم وقامت بتحويل المبلغ الباقي وقدره (499,505,123.49) درهم اماراتي وفيما يلي بيان بالمبالغ المحولة:

تم خلال الفترة من 27/05/2014 الى 27/10/2014 تحويل مبلغ (5,000,000.06) درهم اماراتي الى شركة (إليزيوم جلوبال دي) وهي شركة مملوكة للمستأنف ضده الأول (سانجاي شاه).

تم خلال الفترة من 06/01/2013 الى 13/08/2015 تحويل اجمالي مبلغ (493,949,017.93) درهم اماراتي الى المستأنف ضده الأول (سانجاي شاه) من الشركة المستأنف ضدها الثالثة (جانيمد كايمن ليمتد).

---

* هذا المستند موقع و معتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستفسارات)

صفحة 4 من 9





**GOVERNMENT OF DUBAI**



**محاكم دبي**
**DUBAI COURTS**

إعلام الحكم

رقم الدعوى 2104/2020/305

SVM-37846/2022



صفحة 5 من 9







Case 1:18-md-02865-LAK   Document 976-1   Filed 03/26/24   Page 22 of 25



الإمارات العربية المتحدة





SVM-37846/2022

محاكم دبي
DUBAI COURTS

رقم الدعوى 305/2020/214



صفحة 6 من 9



 الأحكام الذكية 

 

SVM-37846/2022

الفصل في الدعوى دون مبرر

وحيث إنه عن موضوع الاستئناف ، فإنه لما كانت العبرة هي بالطلبات الختامية في الدعوى ، وكان طلبات المستأنفة أمام هذه المحكمة هي إلغاء الحكم المستأنف والقضاء بإلزام المستأنف ضدهم بالتضامن والتكافل بأداء مبلغ 191 , 506 , 643 و 4 درهماً والفائدة بواقع 12 % سنوياً من تاريخ الاستحقاق وحتى السداد ، وكانت المادة 318 من قانون المعاملات المدنية قد نصت على ( أنه لا يجوز لأحد أن يأخذ مال غيره بلا سبب شرعي فإن أخذه فعليه رده ) ، وكان المقرر في قضاء محكمة التمييز أن مفاد نص المادة 318 من قانون المعاملات المدنية الواردة في الفصل الرابع الخاص بالفعل النافع أنه لا يسوغ لأحد أن يأخذ مال غيره بلا سبب شرعي فإن أخذه فعلية رده وعلية فإن الاثراء بلا سبب لا يتحقق إلا بتوافر ثلاثة شروط أولهما إثراء المدين أو اغتناؤه ولا يكون ذلك إلا بدخول قيمة ما يثري به في ذمته المالية والثاني أن يقابل هذا الأثراء افتقار الدائن بسبب انتقال عين أو قيمة أداها والثالث ألا يكون للأثراء الحادث أو الافتقار المترتب عليه سبب قانوني يبررهم ، وكان المقرر قانوناً أن رأي الخبير لا يخرج عن كونه من عناصر الاثبات التي تخضع لتقدير محكمة الموضوع ، ولها أن تأخذ به متى اطمأنت إليه لاقتناعها بصحته وبسلامة الأسس التي بنى عليها الخبير تقديره ، ولما كانت لجنة الخبراء المعينة من هذه المحكمة قد انتهت في تقريرها إلى أن المستأنف ضدهم قد قاموا بالاستيلاء على أموال المستأنفة بموجب طلبات استرداد الضريبة حيث أكدت هيئة الأوراق المالية الدنماركية خلو سجلاتها من أية بيانات تفيد بملكية مقدمي طلبات الاسترداد لأية أسهم بالسوق الدنماركي، وكذلك تأكيدها على عدم استلام أي منهم لأية أرباح من شركات دنماركية وبما أن مقدمي طلبات استرداد الضريبة لم يستلموا توزيعات الأرباح الأصلية "نسبة 73% من إجمالي توزيعات الأرباح"، فمن البديهي أنه لا يحق لهم تقديم أية طلبات لاسترداد الجزء المقتطع من توزيعات الأرباح "نسبة 27% من إجمالي توزيعات الأرباح".

أن كشوف الحساب البنكية ارقام 816872544، 816832833، 831205920، 7338786611، 546832433، 5100-1410 (1410-1006) العائدة للشركة المستأنف ضدها الرابعة (سولو كابيتال بارتنرز ال ال بي) لدى بنك باركليز بي ال سي هي كشوف حساب قانونية وموجودة بحيازة الوحدة الوطنية للجرائم الخاصة من خلال تعاون شرطي دولي مع أحد مؤسسات الشرطة الأجنبية وذلك بموجب الخطاب المؤرخ 17/03/2022.

أن كشوف الحساب البنكية ارقام 816872544، 816832833، 831205920، 7338786611، 546832433، 5100-1410 (1410-1006) العائدة للشركة المستأنف ضدها الرابعة (سولو كابيتال بارتنرز ال ال بي) لدى بنك باركليز بي ال سي هي كشوف حساب قانونية التي قدمها للممثل القانوني للمستأنفة من جانب المدعي العام الدنماركي للجرائم الاقتصادية والدولية الخطيرة وذلك بموجب الخطاب المؤرخ 15/12/2021 الصادر عن المدعي العام الدانماركي، والذي تضمن ما يلي (بالنسبة لكيفية حصول المدعى العام الدنماركي للجرائم الاقتصادية والدولية الخطيرة على هذه الكشوفات، فقد حصلنا عليها من الوكالة الوطنية البريطانية لمكافحة الجريمة).

ويتبين مما سبق ان المستأنف ضدهم الأول والثانية والثالثة والرابعة والخامس يترصد في ذمتهم مبلغ (4,643,506,191.44) درهم اماراتي على النحو التالي:

- مبلغ (1,349,519,441.83) درهم في ذمة الشركة المستأنف ضدها الرابعة (سولو كابيتال بارتنرز ال ال بي) المملوكة للمستأنف ضده الأول (سانجاي شاه).
- مبلغ (1,037,080,164) درهم في ذمة شركة (اليزيوم جلوبال دبي) المملوكة للمستأنف ضده الأول.
- مبلغ (974,928,092.56) درهم اماراتي في ذمة شركة (إليزيوم جلوبال ليمتد) المملوكة للمستأنف ضده الأول، علماً بان مديرة الشركة المذكورة المستأنف ضدها الثانية (اوشا شاه).
- مبلغ (31,953,671) درهم اماراتي في ذمة المستأنف ضده الخامس (راجين شاه).
- مبلغ (179,044,117.22) درهم اماراتي في ذمة المستأنف ضده الأول.

* هذا المستند موقع و معتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستفسارات)





الأحكام الذكية





SVM-37846/2022



- مبلغ (570,980,159.83) درهم إماراتي في ذمة الشركة المستأنف ضدها الثالثة (جانيمد كايمان ليمتد) المملوكة للمستأنف ضده الأول ، وكانت هذه المحكمة تطمئن إلى هذا التقرير وتأخذ به سنداً لقضائها لصحته ولسلامة الأسس التي بنت عليها اللجنة تقريرها ، فضلاً عن أنه يؤيد هذا التقرير تقرير الخبرة الاستشاري المقدم من المستأنف أمام محكمة أول درجة والصادر عن مكتب الخبرة " ديولويت " والذي انتهى إلى أنه تم الاستيلاء دون وجه حق على أموال مملوكة لهيئة الجمارك والضرائب الدانماركية من قبل مقيمين بدولة الامارات العربية المتحدة - من بينهم المستأنف ضدهم - وتم استخدام الأموال لشراء أصول بدولة الامارات العربية المتحدة ،  ولما كان البين من أوراق وملابسات وظروف الدعوى أن المستأنف ضدهم جميعاً تعاونوا وكونوا فيما بينهم تشكيلاً للاستيلاء على أموال المستأنفة وقيام بعضهم بتحويل ما استولى عليه إلى الآخرين على النحو المبين بتقرير لجنة الخبراء ، وكان المقرر وفق نص المادة 417 / 1 من قانون المعاملات المدنية أنه إذا تعدد المدينون في تصرف لا يقبل التجزئة كان كل منهم ملزماً بالدين كاملاً ، ومن ثم وجب إلزام المستأنف ضدهم بالتضامن برد المبلغ المستولى عليه إلى المستأنفة ، وإذ خالف الحكم المستأنف هذا النظر المتقدم – حيث قضى برفض الدعوى -  ومن ثم يكون قد خالف القانون وأخطأ في تطبيقه متعيناً إلغاؤه والقضاء مجدداً بإلزام المستأنف ضدهم بالتضامن فيما بينهم أن يردوا إلى المستأنفة مبلغ (644,961,506,143.44) وفائدة هذا المبلغ بواقع 96 % سنوياً من تاريخ اليوم وحتى تمام السداد والمصروفات عن درجتي التقاضي شاملة لمقابل أتعاب المحاماة عملاً بالمادة 168 من قانون الإجراءات المدنية والمادة 55 من اللائحة التنظيمية له ، ومصادرة مبلغ التأمين عملاً بالفقرة د من نص المادة 37 من قانون الرسوم القضائية رقم 21 لسنة 2015

**فلهذة الأسباب**

حكمت المحكمة في موضوع الاستئناف بإلغاء الحكم المستأنف والقضاء مجدداً بإلزام المستأنف ضدهم بالتضامن فيما بينهم أن يردوا إلى المستأنفة مبلغ 644,961,506,143 , 4 ( درهماً " أربعة مليارات وستمائة وأربعة وأربعون مليوناً وتسعمائة وواحد وستون ألفاً وخمسمائة وستة آلاف وثلاثة وأربعون درهماً وأربعة وأربعون فلساً " والفائدة بواقع 96 % سنوياً اعتباراً من اليوم وحتى تمام السداد والمصروفات عن درجتي التقاضي ومبلغ ثلاثة آلاف درهم مقابل أتعاب المحاماة ، ومصادرة مبلغ التأمين

التوقيع
**القاضي / محمد أحمد سليمان**



CSC305-CY2020-CSN2104-DJI1354

التوقيع
**القاضي / عبد اللطيف سلطان العلماء**



CSC305-CY2020-CSN2104-DJI1336

التوقيع
**القاضي / جمال محمد قطب سعيد**



CSC305-CY2020-CSN2104-DJI2210

الهيئة المبينة بصدر هذا الحكم هي التي سمعت المرافعة وحجزت الدعوى للحكم وأصدرت الحكم ووقعت عليه ، وهي الهيئة التي نطقت به

* هذا المستند موقع ومعتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستفسارات)



 

الأحكام الذكية

في الدعوى رقم 2104/2020/305



SVM-37846/2022

فهي المشكلة وفق محضر جلسة النطق به.



* هذا المستند موقع و معتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستفسارات)


صفحة 9 من 9

