# Exhibit 2



**MAKARM**
**LEGAL TRANSLATION**
Tel. 025089043,
Mobile: 0585784009-0502257254
WhatsApp: 0585784009-0502257254

مكـــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart  Judgments**



---

### In the name of God, the most Gracious, the most Merciful

### On behalf of His Highness Sheikh Mohammed bin Rashid Al Maktoum, Ruler of Dubai

### Court of Cassation

### In the Public Hearing held on Tuesday, May 16, 2023, at the headquarters of the Court of Cassation in Dubai

| | |
|---|---|
| Headed by Judge: Salah El-Din Abdel-Rahim Ahmed Al-Jabali, | Head of the Department |
| In the Membership of Judge: Yahya Al-Tayeb Abu Shura, | as a member |
| And Judge Dr. Saif Ahmed Ali Al-Hazmi | as a member |

### First, in Appeal No. 1314 of 2022, Commercial Appeal

**Appellant**: Sanjay Shah
**Appellant**: Usha Shah

**Respondent**: Ganymede Cayman Limited

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com
Makaram legal translation



**MAKARM
LEGAL TRANSLATION
Tel. 025089043,
Mobile: 0585784009-0502257254
WhatsApp: 0585784009-0502257254**



مكــارم
للترجمة القانونية
هاتف: **025089043**
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**GOVERNMENT OF DUBAI**          Smart Judgments          **DUBAI COURTS**

---

**Respondent**: Solo Capital Partners
**Respondent**: Rajen Shah
**Respondent**: PricewaterhouseCooper
**Respondent**: Skatteforvaltningen (Danish Tax Authority)

### Second: In Appeal No. 1413 of 2022, Commercial Appeal

**Appellant**: Skatteforvaltningen (Danish Tax Authority)
**Respondent**: Sanjay Shah
**Respondent**: Usha Shah
**Respondent**: Ganymede Cayman Limited
**Respondent**: Solo Capital Partners
**Respondent**: Rajen Shah

### Third: In Appeal No. 1478 of 2022, Commercial Appeal

**Appellant**: Rajen Shah
**Respondent**: Ganymede Cayman Limited
**Respondent**: Solo Capital Partners
**Respondent**: PricewaterhouseCoopers
**Respondent**: Sanjay Shah
**Respondent**: Usha Shah
**Respondent**: Skatteforvaltningen (Danish Tax Authority)

### Fourth: In Appeal No. 1488 of 2022, Commercial Appeal

---



برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
**AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com

Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart Judgments**



_____

**Appellant**: Sanjay Shah
**Appellant**: Usha Shah
**Appellant**: Ganymede Cayman Limited
**Respondent**: Skatteforvaltningen (Danish Tax Authority)
**Respondent**: Solo Capital Partners
**Respondent**: Rajen Shah
**Respondent**: PricewwaterhouseCoopers
**Respondent**: Skatteforvaltningen (Danish Tax Authority)

### <u>The Court handed down the following judgment</u>

Having reviewed the papers, heard the summary report that was prepared and read in the hearing by Judge Rapporteur / Salah El-Din Abdel Rahim Al-Jabali, and after deliberation, it was found that the four appeals fulfilled their formal requirements.

The facts as demonstrated by the contested judgment and the rest of the papers - are summed up as follows: the First Respondent in the appeal No. 1314 of 2022 Commercial ( Skatteforvaltningen - Danish Tax Authority) filed against the first Appellant (Sanjay Shah) Case No. 1758 of 2018, Full Commercial, before the Dubai Court of First Instance, requesting a judgment obligating him to pay it an amount of US $ 2,015,117,773 or its equivalent in UAE dirhams, and interest at the rate of 12% from the date of maturity until the full payment by expeditious self-executing judgment, on the ground that the Defendant had unlawfully obtained the claimed amount during the period from 2012 to 2015, as the Defendant used foreign agencies specialized in recovering the money that was previously paid to the Plaintiff



برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
**AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
 **Makaram legal translation**



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكـــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



## Smart Judgments



**GOVERNMENT OF DUBAI**

---

as taxes, with false allegations that those agencies and companies affiliated with the Defendant were entitled to recover them based on their benefit from treaties that prevent double taxation, which was found by the Plaintiff to be untrue after the accounting audit, and then the Plaintiff filed the case.

The Plaintiff also filed against the Defendant Case No. 402 of 2018, Full Civil, before the Dubai Court of First Instance, requesting a ruling validating the precautionary attachment procedures No. 396 of 2018, Commercial Precautionary Attachment, based on the fact that the Plaintiff had obtained on 16/07/2018 an order to impose the precautionary attachment on Defendant's money. The Commercial Court joined the last case to the first case for consideration before it. The Defendant argued that the court does not have international jurisdiction to hear the case and that the case is not accepted to be filed against a person without standing. The Plaintiff included Usha Shah, Ganymede Cayman Limited, Solo Capital Partners, and Rajen Shah as litigants in the case by requesting that they must be jointly liable for paying the claimed amount. The court appointed a tripartite Committee of Experts to carry out the task indicated in its ruling. After the Committee deposited its report, the court ruled on August 12, 2020, first: in the merits of the First Case No.: 1758/2018, Full Commercial, to dismiss it.

Second: The court ordered an estimate of the fees and expenses of the Committee of Experts at (AED 15,000) fifteen thousand dirhams, to be divided among its members equally, provided that the remaining value of the estimated fees is returned to the Plaintiff.

---

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
**AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates**

makaram4translation@gmail.com
Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكــارم
للترجمة القانونية
هاتف: 025089043
متحرك: 0585784009-0502257254
واتس آب: 0585784009-0502257254



**Smart Judgments**



---

Third: In the merits of the Second Case No. 402/2018, Full Civil, not accepting it due to the lack of interest. In the reasons for its judgment, the court mentioned its rejection of the defense expressed by the Defendant, stating that the court does not have jurisdiction to hear the aforementioned case. The Plaintiff appealed this judgment by virtue of Appeal No. 3104 of 2020, Commercial Appeal. The court appointed a tripartite Committee of Experts to perform the task indicated in its judgment. After the Committee deposited its report, the Plaintiff requested to cancel the appealed judgment and to obligate the Respondents jointly and severally to pay an amount of AED 643, 506, 696, 4 and interest at the rate of 12% annually from the date of maturity until full payment.

The Fifth Respondent was also represented by his lawyer, and submitted a memorandum in which he requested the entry of 1- Syntax GAS, 2- Goal Taxback Limited, 3- Accupay System LLC, and to be notified in Britain, in order to submit the documents in their hands, especially an account statement of the value of the funds they received it from the Appellant and a statement of account of the amounts they transferred to the Respondents and whether or not they transferred the amounts, what is the contractual relationship between them and the Appellees, what the nature of the money transferred by them to the Appellees, and whether it is the result of a business relationship or not, and a list of the names of the companies for which the three tax agents submitted Tax Refund Applications to the Appellant, and a statement of account of the amount of money transferred from the three tax agents to the companies that submitted refund Applications in their name, and as a precaution to remand the case to the Committee of Experts to hear the required parties to be entered in the case, on the basis that the Committee of Experts had stated in its report that the Tax Refund

---

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
**AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com

Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكـــارم
للترجمة القانونية
هاتف: 025089043
متحرك: 0585784009-0502257254
واتس آب: 0585784009-0502257254



**Smart Judgments**



---

Applications are submitted through the three tax agents and that the seized funds are received by the mentioned tax agents who are required to be entered in the case.

On 14/09/2022, the court decided to cancel the appealed judgment and order again to obligate the Appellees to jointly return to the Appellant the amount of AED 4, 643, 506, 696, 44 "four billion, six hundred and forty-three million, five hundred and six thousand, six hundred and ninety-six dirham and forty-four Fils" and interest at the rate of 5% annually, starting of today and until full payment. In the reasons for its judgment, the court stated that it did not accept the request of the Fifth Respondent to enter the aforementioned litigants as litigants in the case. The Defendant (Sanjay Shah and the entered litigant: Usha Shah) appealed this judgment by Cassation Appeal No. 1314 of 2022, Commercial, by virtue of a statement of claim registered electronically on 14-14-2022, requesting to cancel the contested judgment. The attorney of the First Respondent submitted a memorandum of reply on time requesting the rejection of the appeal. The Appellant's attorney also submitted an electronic request in which he sought to leave the litigation in this appeal only without the other appeal filed by the same Appellants, which is Appeal No. 1488 of 2022 Commercial. The Plaintiff (Skatteforvaltningen (Danish Tax Authority) also appealed against the same judgment by the Cassation Appeal No. 1413 of 2022, by virtue of a statement of claim registered electronically on 31-01-2022, requesting a partial reversal of the contested judgment regarding interest and deciding on the appeal by calculating the interest at the rate of 9 % of the due date originally, i.e. from the date of appropriation of her funds by the Respondents on 24-08-2015 and as precautionary measure from the date of the judicial claim.

---

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com

 Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكـــارم
للترجمة القانونية
هاتف: **025089043**
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart Judgments**



---

The attorney for the First, Second and Third Respondents submitted a timely reply memorandum in which he requested the rejection of the appeal. The entered litigant (Rajen Shah) also appealed the same judgment by the Cassation Appeal No. 1478 of 2022, Commercial, by virtue of a statement of claim registered electronically on 11-11-2022, in which he requested to cancel the contested judgment. The attorney for the First Respondent submitted a memorandum of reply on time requesting the rejection of the appeal. The Defendant (Sanjay Shah and the two entered litigants, Usha Shah and Ganymede Cayman Limited) also appealed against the same judgment by Appeal No. 1488 of 2022 Commercial, by virtue of a statement of claim registered electronically on 11-11-2022, in which they requested to cancel the contested judgment. The attorney of the First Respondent submitted a memorandum of reply on time in which he requested the rejection of the appeal. Upon presenting the four appeals to this court in the deliberation room, the court scheduled a hearing for their consideration, in which the court decided to join the Second, Third, and Fourth appeals to the First appeal for correlation so that one judgment is issued on them.

**First:  Appeal No. 1314 of 2022, Commercial:**

Whereas it was established by the perusal of the electronic file that the Appellants' attorney submitted an electronic request on November 16, 2022, in which he requested to leave the litigation in this appeal, and since his POA allows him to do so, then the judgment must prove the Appellants' abandonment of the litigation in the appeal while obliging them to pay the expense pursuant to the implementation of the provisions of Articles 111, 167, 112, 188 of the Code of Civil Procedure.

---

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
**AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com

Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكـــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart Judgments**



**Second:  Appeal No. 1413 of 2022, Commercial:**

Whereas the Appellant contends the contested judgment for violation and misapplication of the law, as it ruled to pay interest at the rate of 5% from the date of issuance of the judgment until the full payment, although the interest is due from the date of maturity during the period from 01-02-2012 until 24-08-2015. The Respondents had unlawfully seized the Appellant's money during that extended period, and the maturity date was represented in one of the two cases - originally - as of the date of appropriation of the Appellant's money on August 24, 2015 - and alternatively- as of the date of the judicial claim, in addition to the fact that it was necessary to rule at 9% interest and not 5% due to the severity of the damage inflicted on the Appellant. Accordingly, the contested judgment violated this consideration, so it is defective and eligible to be cancelled.

This contention is not valid, as it is established pursuant to this court's rulings that the interest accrual start shall be from the date of the judicial claim and that the amount shall be determined on firm grounds and is not subject to the absolute discretion of the court, but if the judiciary has the power to estimate the amount, the interest is only due when the judgment issued for the amount decided becomes final. It is also established, according to the decision issued by the General Authority of the Court of Cassation No. 1 for the year 2021, that the determination of the interest rate of both legal and delayed types, in the event that it is not agreed upon, will be at a rate of 5% annually. Since this was the case and the claimed amount was not determined on firm grounds and was subject to the discretion of the court, then the interest is due only when the contested judgment becomes final. Since the contested

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
**AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com

Makaram legal translation



**MAKARM
LEGAL TRANSLATION
Tel. 025089043,
Mobile: 0585784009-0502257254
WhatsApp: 0585784009-0502257254**

مكــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**GOVERNMENT OF DUBAI**

**Smart Judgments**



**DUBAI COURTS**

---

judgment followed this consideration and ruled with interest of 5% from the date of issuance of the appealed judgment, then the judgment has applied the law correctly and properly applied and the contention against it would be groundless and eligible to be rejected. Whereas, given the foregoing facts, the Cassation Appeal must be rejected.

**Third: Cassation Appeal No. 1478 of 2022, Commercial.**

The Appeal was based on ten reasons, the Appellant contends the contested judgment under the seventh reason of which for the violation and misapplication of the law, the lack of substantiation, and the violation of the right of defense, because the Appellant adhered before the Trial Court to a defense that it lacks standing in the case, however, the contested judgment obligated it to be in solidarity with the rest of the Defendants and did not mention Appellant's defence nor did it respond thereto, and therefore the contested judgment is considered defective and must be canceled.

This contention is unacceptable because it is established pursuant to the rulings of this court that the standing in the case depends on the Defendant when the claimed right is required from the Defendant, considering that the Defendant is a stakeholder and responsible for this right originally or consequentially or jointly responsible for that right if the Plaintiff's eligibility for this right is proven. The deduction of the availability of standing is a matter of understanding the reality in the case, and it falls within the power of the Trial Court to decide the availability of which, as long as the court establishes its judgment on sound reasons that are sufficient for the issuance of the judgment. It is also established that the court is not to be blamed when it ignores a defence that is not based on a valid legal basis. Since this was

---



برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com
**f** Makaram legal translation





MAKARM
LEGAL TRANSLATION
Tel. 025089043,
Mobile: 0585784009-0502257254
WhatsApp: 0585784009-0502257254

مكـارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart Judgments**



GOVERNMENT OF DUBAI

---

the case, and it was established in the papers and the report of the appointed Expert in the case that the Appellant and the rest of the Defendants had seized the amounts that were decided to be paid by them, and then the Appellant would be jointly responsible for returning these amounts to the First Respondent, and then its standing in the case is considered established. The contested judgment shall not be blamed for disregarding the response to the Appellant's defense mentioned above because this defense was not based on a valid legal basis, and the contention against the judgment for the above-mentioned reasons shall be groundless and therefore it is dismissed.

Whereas the Appellant contends the contested judgment under the eighth reason for the violation and misapplication of the law, and the violation of the right of defence, as the Appellant submitted a request to the Trial Court after the case was held for the judgment requesting to remand the case to the pleading to consider the advisory report submitted by him, however, the court rejected the Appellant's request and the contested judgment did not mention the reason for the refusal, which defects the judgment and requires its cancellation.

This contention is not valid because it is established pursuant to the rulings of this court that if the litigation takes place and each litigant presents his Applications and defences and the court holds the case for judgment, then the litigants' connection with it is severed except to the extent authorized by the court, and that whenever the Trial Court makes it available to the litigants to express their defence, then the case was held for judgment without authorizing them to submit memorandums or documents, the Court shall not be blamed if it issued the judgment and ignored the request to remand the case. As this was the case, and the contested

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com
Makaram legal translation




**MAKARM**
**LEGAL TRANSLATION**
Tel. 025089043,
Mobile: 0585784009-0502257254
WhatsApp: 0585784009-0502257254

مـكــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**GOVERNMENT OF DUBAI**

**Smart Judgments**



**DUBAI COURTS**

---

judgment had decided to reject the Appellant's request to remand the case to the pleading based on its reasons, that (it is established for the court that the Fifth Appellee was present at the last pleading hearing and submitted a memorandum of his defense and Applications , and then the court ignored the request to remand the case to pleading...) and the conclusion of the contested judgment was sound and has its established origin in the papers without violating the law, and it is sufficient to issue the judgment in this regard, then contending the judgment under the above-mentioned reasons shall be groundless and therefore it is dismissed.

Whereas, the Appellant contends the contested judgment under the tenth reason for the violation and misapplication of the law, because the Appellant adhered before the Trial Court to a defense stating that there are several claims and cases that contain the same claim against the parties, including Case No. 420 of 2018, Full Civil - Dubai and Appeal No. 1711 of 2018, Civil and Cassation Appeal No. 170 of 2018, which confirms that this defence is fundamental, which makes the contested judgment defective and eligible to be canceled.

This contention is refuted - because it is established in accordance with the rulings of this court - that the court is not to be blamed when it ignores a defence that is not based on a valid legal basis. Since this was the case, the First Respondent filed several lawsuits - as mentioned in the reason for the contention - against the Respondents, without any effect on the decision on this case as long as it was not decided on those lawsuits with a final judgment that has res-judicata, which is what the case papers are devoid of and then, the contested judgment shall not be blamed if it ignores the Appellant's above-mentioned defense and the

---

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com

Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكـــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart Judgments**



---

contention against it under the above-mentioned reasons shall be groundless and therefore unacceptable.

 **Fourth: Cassation Appeal No. 1488 of 2022, Commercial.**

The appeal was based on eight reasons, the Appellants contends the contested judgment under the fourth reason of which for the violation and misapplication of the law, the lack of substantiation, and the violation of the right of defense, because the contested judgment imposed debts and obligations on the Respondents of companies that have financial liabilities separate from the liabilities of their owners, and therefore they have no standing in the case. Since the contested judgment contradicted this consideration, it is defective and therefore it must be cancelled.

This contention is unacceptable because it is established pursuant to the rulings of this court that the standing in the case depends on the Defendant when the claimed right is required from the Defendant, considering that the Defendant is a stakeholder and responsible for this right originally or consequentially or jointly responsible for that right if the Plaintiff's eligibility for this right is proven. The deduction of the availability of standing is a matter of understanding the reality in the case, and it falls within the power of the Trial Court to decide the availability of which, as long as the court establishes its judgment on sound reasons that are sufficient for the issuance of the judgment. Since this was the case and the contested judgment obligated the Appellants to pay the amount decided jointly with the rest of the Defendants on the basis that they had seized those amounts unjustly and then they are responsible for returning them to the First Respondent and then their standing is established

---

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com

Makaram legal translation



**MAKARM
LEGAL TRANSLATION
Tel. 025089043,
Mobile: 0585784009-0502257254
WhatsApp: 0585784009-0502257254**

مكــارم
للترجمة القانونية
هاتف: 025089043
متحرك: 0585784009-0502257254
واتس آب: 0585784009-0502257254



**Smart Judgments**



---

in the case. Therefore, the contention against the judgment for the above-mentioned reasons shall be groundless and therefore it is dismissed.

Whereas, the Appellants contend the contested judgment under the first reason for the violation and misapplication of the law due to the lack of jurisdiction of the Dubai Courts to hear the case, because the Respondent had resorted to the Dubai Center Courts before resorting to the Dubai Courts to claim the same amount claimed in the present case against each of the following: 1- Elysium Global Dubai 2- Elysium Properties Dubai and obtained a consensual order with the agreement of the Respondent and the two companies to obligate the parties to the agreement with the judgment that will be issued in the case filed by the First Respondent before the High Court of England against the Appellants and the rest of the Respondents. Since the issue of jurisdiction is part of public order and the court deals with it on its own, which is something that the Court of Second Degree did not take into account because it neglected the request to open the pleadings to review the documents attached thereto, and then the Court of Cassation must remedy the mistake made by the Court of Second Degree, and as the contested judgment has violated this consideration, it is defective and eligible to be canceled.

Whereas this contention is refuted - because it is established in accordance with the rulings of this court - that the rules of territorial, ratione materiae and case-value jurisdiction are related to public order, which the court decides on its own, and is considered always presented before the court, and the judiciary in the merits involves an implicit judgment of jurisdiction. It is also established that the Trial Court has the full power to collect and



برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
**AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com
**f Makaram legal translation**





**MAKARM
LEGAL TRANSLATION
Tel. 025089043,
Mobile: 0585784009-0502257254
WhatsApp: 0585784009-0502257254**

مــكـــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**GOVERNMENT OF DUBAI**

**Smart Judgments**



**DUBAI COURTS**

---

understand the facts in the case, assess the evidence and documents presented therein, and deduce the justifications for jurisdiction and the availability of its conditions or not when their deduction is justified and derived from what has its proven origin in the papers and is sufficient to issue its judgment. Thus, the contested judgment had ruled on the merits of the present case, based on the fact that the residence of the Defendants is in the Emirate of Dubai, and given the futility of what the Appellants raised by saying that the Respondent had previously filed a case against 1- Elysium Global Dubai 2- Elysium Properties Dubai and obtained the consensual order by the agreement of the Respondent and the two companies that the parties to the agreement must abide by the judgment that will be issued in the case filed by the First Respondent before the High Court of England against the Appellants and the rest of the Respondents, this saying does not deprive the Dubai Courts of the jurisdiction from considering the present case, and the contention against it under the above-mentioned reasons shall be groundless and therefore, this contention shall be dismissed.

Whereas the Appellants contend the contested judgment under the second reason for the violation and misapplication of the law because it is not permissible to consider the present case due to the multiplicity of cases filed by the First Respondent with the same Applications , including 1 - Cases No. 2018000590, 21000404, 2018000297 before the Supreme Court of England, 2- Case No. 48 of 2018 before Dubai International Financial Center Courts v. 1- Elysium Global Dubai Company 2- Elysium Properties Dubai Company - Case No. 1758 of 2018 Fully Commercial 4- Case No. 420 of 2018 Full Civil. The Respondents based all cases on baseless statements and documents that entail the inadmissibility of this case. Given that the contested judgment has violated this consideration, it is defective and must be canceled.

---

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
**AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com

**Makaram legal translation**



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart Judgments**



GOVERNMENT OF DUBAI

DUBAI COURTS

_____

Since this contention was previously answered by what was mentioned in the response to the tenth reason of appeal No. 1478 of 2022 Commercial, we refer to it in order to prevent repetition, and the contention against it shall be groundless and therefore it is dismissed.

Whereas the Appellants contend the contested judgment under the eighth reason for the violation and misapplication of the law, because it has been proven to the court that issued the contested judgment that there is another case registered before the High Court of England between the same parties and with the same reason and the amount claimed, and it was proven that there is a correlation between the judgment in the present case and the consensual order from the courts of Dubai International Financial Center and that the case was registered before the courts of England on 04-05-2018 and adjourned to January of 2023, and then this case should have been suspended pending a decision on the case filed by the Respondents before the courts of England. Since the contested judgment contradicted this consideration, it is defective and shall be canceled.

This contention is refuted- because it is established in accordance with the rulings of this court - that the suspension of the case in accordance with Article 102 of the Civil Procedure Code is permissible for the court and is left to its absolute discretion according to what it deems of the seriousness of the dispute in the preliminary matter or its lack thereof without being supervised by the Court of Cassation. Therefore, it is not permissible to contest its ruling because it did not use this license. Thus, the contested judgment considered that the present case should not be suspended until the first case filed by the Respondent before the courts of England is decided upon, according to the lack of seriousness of the dispute in adjudicating



برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com



Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكـــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart Judgments**



_____

the case before the courts of England to adjudicate the present case, then the contention against the contested judgment under the above-mentioned reasons shall be inadmissible and therefore rejected.

The Appellant in Appeal No. 1478 of 2022, Commercial, contends the contested judgment under the rest of the reasons for the violation and misapplication of the law, the lack of substantiation, and violation of the right of defense, as the contested judgment ruled to cancel the appealed judgment regarding its ruling to dismiss the case or to rule again to obligate the Respondents jointly among themselves to return to the Appellant the amount of AED 4,643,506,696,44 and the legal interest based on the report of the Committee of Experts appointed before the court, despite the shortcomings of its report and the objection of the Appellant to it and its conclusion, as the Committee of Experts based its report on the cancelled Evidence Law while the applicable law is the Evidence Law promulgated by Federal Decree No. 27 of 2020, and that the schedule of embezzlement on which the Committee of Experts relied was fabricated and not an original copy of the account statement to determine the validity of the claim. The Committee also relied on the statements of the First Respondent and on the report of the Consultant Expert submitted by the First Respondent. The Committees also opened the way for the First Respondent to present memos and documents and fabricate them, and the memos submitted by the First Respondent were not presented to the court. This is considered a violation of the right of defence, in addition to the fact that the contested judgment obligated the Appellant to pay the amount jointly with the rest of the Defendants despite the lack of solidarity between him and the rest of the Defendants and without knowledge of the illegality of the money allegedly transferred and the lack of papers

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com

 Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكـــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**GOVERNMENT OF DUBAI**

**Smart Judgments**



**DUBAI COURTS**

---

of evidence on its participation in the fraudulent acts alleged by the First Respondent and without any fault that can be attributed to the Appellant. Since the contested judgment contradicted this consideration, it is defective and must be canceled.

The Appellants in Appeal No. 1488 of 2022 Commercial contend the contested judgment under the rest of the contention reasons for the violation and misapplication of the law, lack of substantiation, violation of the right of defense, and defective causation, based on an invalid Expert Report because the Committee that initiated the case is not specialized and has no knowledge of the subject matter of the case and tax evasion. In addition, the contested judgment violated the law because its ruling was based on defective evidence and arguments because the Respondent submitted documents issued outside the state and did not submit their originals to the court or to the Expert without ratification or notarization from the official authorities and without taking the procedures prescribed by law to ascertain the authenticity of these documents. However, the Court handed down the judgment relying on the documents submitted by the Respondent and based its judgment on defective evidence, as the documents were in Danish without translating them. The report submitted by the Respondent was a report on funds owned by the Danish Customs and Tax Authority that were unlawfully seized by residents of the state of the United Arab Emirates, as these funds were used to purchase assets in the UAE - which indicates that the report on which the judgment was based was prepared by a private auditing firm based on a contract for a fee agreed upon with the law firm - Pinsent Masons - and that the First Respondent and its legal representative had participated in the preparation of the report, and then the report is made by the Respondents, and this requires that this report not be relied upon, and that it be considered

---

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
**AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com



**Makaram legal translation**



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكـــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart Judgments**



---

as non-existent, according to the established legal rule that it is not permissible for a person to establish for himself and by himself a right that he claims. Since the contested judgment has violated this consideration, then it is defective and must be canceled.

Whereas the contention under the remaining reasons for Appeals No. 1478, 1488 of 2022, Commercial, is invalid, because it is established in accordance with the rulings of this court - that the text of Article 318 of the Civil Transactions Law contained in Chapter Four on the beneficial act is that no one may take money of others without a legitimate reason, if he takes it, he must return it, and accordingly, enrichment without reason is only achieved by the fulfillment of three conditions. The first is the enrichment of a debtor, and this is only by entering a value under its financial liability, and the second is that this enrichment leads to the creditor's impoverishment due to the transfer of an asset or the value he has paid, and the third is that the accidental enrichment or the resulting impoverishment does not have a legal reason to justify it.

It is also established according to the text of Article 467/1 of the Civil Transactions Law, that if there are many debtors in an indivisible disposal, each of them is bound by the debt in full. It is also established that the Trial Court has full authority to collect and understand the reality in the case and to assess the evidence presented to it, including the report of the Expert appointed in the case, and that the court may adopt such report when it is satisfied with it and the reasons on which it is based, and as long as the court decides to take it based on its reasons, it is not obligated to follow the objections of the litigants thereto, as long as the

---



برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com

 Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
Tel. 025089043,
Mobile: 0585784009-0502257254
WhatsApp: 0585784009-0502257254

مكــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**GOVERNMENT OF DUBAI**

**Smart Judgments**



**DUBAI COURTS**

---

report has responded to these objections, and when the court found in the report and in the rest of the case papers enough evidence to form its belief in the case.

It is also established that the appointed Expert in the case derives his powers from the ruling issued for his assignment and within the limits of the task he is assigned to and that he is not obligated to perform his task in a specific way. As it is enough for the Expert to carry out the task assigned to him in a manner that achieves the purpose for which the Court has appointed him and that he derives his information from the papers presented to him by both parties, given that his work is ultimately subject to the discretion of the Trial Court. Also, it is sufficient for the Expert to be considered competent with the task assigned to him by the court that the task assigned to him is in the general field of his work or in connection of his competence in a way that enables him to carry it out. After that, the court is not obligated to follow the litigants in all aspects of their statements and arguments, since its adoption of the aforementioned facts represents the implicit response to these statements and arguments.

Thus, the contested judgment had built its ruling to cancel the appealed judgment and to rule again obligating the Respondents jointly among themselves to return to the Appellant the amount of 4,643,506,696,44  "four billion, six hundred and forty-three million, five hundred and six thousand, six hundred and ninety-six dirhams and forty-four fils" and interest in the amount of 5% annually, starting from today and until the full payment, according to its reasons, that since the Committee of Experts appointed by this court concluded in its report that the Respondents had seized the Appellant's money according to the Tax Refund Applications, as the Danish Securities Authority confirmed that its records are free of any data



برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
**AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates**
makaram4translation@gmail.com



**Makaram legal translation**



**MAKARM**
**LEGAL TRANSLATION**
Tel. 025089043,
Mobile: 0585784009-0502257254
WhatsApp: 0585784009-0502257254

مكــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart Judgments**



indicating the ownership of the Applicants for the Tax Refunds of any shares in the Danish market, as well as their confirmation that none of them received any profits from Danish companies. Since the Applicants for Tax Refunds did not receive the original 73% of the total dividends, it is evident that they are not entitled to submit any Applications to refund the deducted part of the dividends, 27% of the total dividends.

The bank account statements Nos.: (86827244, 64338333, 73387866, 83125920, 54832433, 64105155) belonging to the Fourth Respondent Company (Solo Capital Partners LLP) at Barclays Bank plc are legal account statements and are in the possession of the National Special Crimes Unit through the cooperation of an international policeman with a foreign police organization, according to the letter dated 17/03/2022. Also, the bank account statements Nos.: (86827244, 64338333, 73387866, 83125920, 54832433, 64105155) belonging to the Fourth Appellant Company (Solo Capital Partners LLP) at Barclays Bank plc were submitted to the legal representative of the Appellant by the Danish Public Prosecutor for Serious Economic and International Crimes, according to the letter dated 15/12/2021 issued by the Danish Public Prosecutor, which included the following (as for how the Danish Public Prosecutor for Serious Economic and International Crimes obtained these account statements, we obtained them from the British National Crime Agency). It is clear from the foregoing that the First, Second, Third, Fourth, and Fifth Respondents owed an amount of (AED 4,643,506,696.44) by them as follows: An amount of (AED 1,349,519,441.83) owed by the Fourth Appellant Company (Solo Capital Partners LLP owned by the First Respondent (Sanjay Shah). An amount of (AED 1,037,080,664) is owed by (Elysium Global Dubai) owned by the First Respondent. An amount of (AED 974,928,092.56) is owed by (Elysium Global Limited)

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com
 Makaram legal translation



**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254





**Smart Judgments**

GOVERNMENT OF DUBAI

DUBAI COURTS

---

owned by the First Respondent, bearing in mind that the director of the aforementioned company is the Second Respondent (Usha Shah). An amount of (AED 31,953,671) is owed by the Fifth Respondent (Rajen Shah). The first Respondent owed the amount of AED (679,044,167.22) and the amount of (AED 570,980,659.83) is owed by the Third Respondent Company (Ganymede Cayman Limited owned by the First Respondent). This court was satisfied with this report and took it as a support for its judgment due to its validity and the soundness of the foundations on which the Committee built its report. In addition, this report is supported by the report of the Consultant Expert submitted by the Appellant before the Court of First Instance and issued by the Experts Office "Deloitte", which concluded that funds belonging to the Danish Customs and Taxes Authority were unlawfully seized by residents of the United Arab Emirates - including the Respondent - and the funds were used to purchase assets in the United Arab Emirates.

Since it was clear from the papers, circumstances, and conditions of the case that the Respondents all cooperated and formed among themselves a group to seize the Appellant's money, and some of them transferred what they seized to others in the manner shown in the report of the Committee of Experts, and that if there were multiple debtors in indivisible disposal, each of them shall be bound by the debt in full, therefore, the Respondents must be jointly obliged to return the seized amount to the Appellant. However, the appealed judgment violated this previous consideration, as it decided to reject the case - and then it would have violated and misapplied the law, so it must be canceled and another judgment must be issued to obligate the Respondents jointly among themselves to return to the



برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com
Makaram legal translation





**MAKARM**
**LEGAL TRANSLATION**
**Tel. 025089043,**
**Mobile: 0585784009-0502257254**
**WhatsApp: 0585784009-0502257254**

مكــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**GOVERNMENT OF DUBAI**

**Smart  Judgments**



**DUBAI COURTS**

---

Appellant the amount of (AED 4,643,506,696.44) and the interest of this amount at 5% annually from today's until full payment......)

Since the conclusion of the contested judgment, in the manner previously stated, is sound and does not violate the law, and has its established origin from the case papers, documents, and Expert Reports, leading to the same judgment and is sufficient to issue it, and contains the implied response which refutes any contradictory objections thereto, then contending the judgment under the reasons contained in the Two Appeals are nothing more than an argument falls within the power of the Trial Court according to its discretion and may not be presented before the Court of Cassation and therefore it is inadmissible.

 In view of the foregoing facts, the Two Appeals must be dismissed.


### For these reasons

**The Court Ruled First: In Appeal No. 1314 of 2022 Commercial,**

 To register the Appellants' abandonment of the litigation in the appeal, and to order them to pay the expenses and an amount of two thousand dirhams for attorney's fees

**Second**: In appeals Nos. 1413, 1478, and 1488 of 2022 Commercial, to dismiss them and order each Appellant to pay the expenses of its appeal and to order the Appellant in Appeal No. 1413 of 2022, Commercial, to pay the amount of two thousand dirhams against the attorneys' fees for the First, Second and Third Respondents, and order the Appellant in Appeal No. 1478

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com
Makaram legal translation





**MAKARM**
**LEGAL TRANSLATION**
Tel. 025089043,
Mobile: 0585784009-0502257254
WhatsApp: 0585784009-0502257254

مكـــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart Judgments**



---

of 2022, Commercial, to pay the amount of two thousand dirhams against the attorneys' fees for the First Respondent, and to obligate the Appellants in Appeal No. 1488 of 2022, Commercial, to pay the amount of two thousand dirhams against the attorneys' fees for the First Respondent, with the confiscation of the insurance amount in the three appeals.

**Signature**

**Judge: Salahuddin Abdul Rahim Ahmed AlJabali**



CSC445-CY2022-CSN1314-DJI2205

**Signature**

**Judge: Yahya Al-Tayeb Abu Shura**

CSC445-CY2022-CSN1314-DJI1521

---

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com
**f** Makaram legal translation





**MAKARM**
**LEGAL TRANSLATION**
Tel. 025089043,
Mobile: 0585784009-0502257254
WhatsApp: 0585784009-0502257254

مكـــارم
للترجمة القانونية
هاتف: 025089043
متحرك 0585784009-0502257254
واتس آب 0585784009-0502257254



**Smart Judgments**



---

**Signature**

**Judge: Dr. Saif Ahmed Ali Al-Hazmi**



CSC445-CY2022-CSN1314-DJI198

The Panel indicated at the beginning of this judgment is the one that heard the pleading, held the case for the judgment, handed down the judgment, and signed it. As for the Panel that pronounced the judgment, it is formed according to the minutes of the hearing of pronouncement.

برج الغيث، شارع حمدان، قريب على ستاربكس، ص.ب 8432 ، أبوظبي، الإمارات العربية المتحدة
AlGaith Tower, Hamdan St., Near starbucks, P.O.Box 8432, Abu Dhabi, United Arab Emirates
makaram4translation@gmail.com
Makaram legal translation





الأحكام الذكية



SVM-22441/2023



بسم اللّه الرحمن الرحيم

باسم صاحب السمو الشيخ محمد بن راشد آل مكتوم حاكم دبي

**محكمة التمييز**

بالجلسة العلنية المنعقدة يوم الثلاثاءالموافق ١٦ مايو ٢٠٢٣ بمقر   محكمة التمييز بدبي

| | | |
|---|---|---|
| برئاسـة القاضي | صلاح الدين عبدالرحيم احمد الجبالي | رئيس الدائرة |
| وعضوية القاضي | يحيى الطيب أبوشورة | عضو الدائرة |
| و القاضي | د. سيف أحمد علي الحازمي | عضو الدائرة |

**اولا: في الطعن رقم ١٣١٤ لسنة ٢٠٢٢ طعن تجاري**

| | |
|---|---|
| طاعن: | سانجاى شاه |
| طاعن: | أوشا شاه |
| | |
| مطعون ضده: | غانيميد كايمان ليمتد |
| مطعون ضده: | سولو كابيتال بارتنرز |
| مطعون ضده: | راجين شاه |
| مطعون ضده: | بي دبليو سي |
| مطعون ضده: | سكاتفورفالتنجن ( هيئة الضرائب الدنماركية) |

**ثانيا: في الطعن رقم ١٤١٣ لسنة ٢٠٢٢ طعن تجاري**

| | |
|---|---|
| طاعن: | سكاتفورفالتنجن ( هيئة الضرائب الدانماركية) |
| مطعون ضده: | سانجاى شاه |
| مطعون ضده: | أوشا شاه |
| مطعون ضده: | غانيميد كايمان ليمتد |
| مطعون ضده: | سولو كابيتال بارتنرز |
| مطعون ضده: | راجين شاه |

**ثالثا: في الطعن رقم ١٤٧٨ لسنة ٢٠٢٢ طعن تجاري**

| | |
|---|---|
| طاعن: | راجين شاه |
| مطعون ضده: | غانيميد كايمان ليمتد |
| مطعون ضده: | سولو كابيتال بارتنرز |
| مطعون ضده: | بي دبليو سي |
| مطعون ضده: | سانجاى شاه |
| مطعون ضده: | أوشا شاه |
| مطعون ضده: | سكاتفورفالتنجن ( هئة الضرائب الدنماركية) |

* هذا المستند موقع و معتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستعلامات)





الأحكام الذكية



في الطعون رقم 445/2022/1314 و 445/2022/1413 و 445/2022/1478 و 445/2022/1488 طعن تجاري



**رابعا: في الطعن رقم ١٤٨٨ لسنة ٢٠٢٢ طعن تجاري**

طاعن: سانجاي شاه
طاعن: أوشا شاه
طاعن: غانيميد كايمان ليمتد
مطعون ضده: سكاتفورفالتنجن ( هيئة الضرائب الدنماركية)
مطعون ضده: سولو كابيتال بارتنرز
مطعون ضده: راجين شاه
مطعون ضده: بي دبليو سي
مطعون ضده: سكاتفورفالتنجن ( هيئة الضرائب الدنماركية)

**اصدرت الحكم التالي**

بعد الاطلاع على الأوراق وسماع تقرير التلخيص الذي أعده وتلاه بالجلسة القاضي المقرر / صلاح الدين عبد الرحيم الجبالي وبعد المداولة.

حيث إن الطعون الأربعة استوفت أوضاعها الشكلية.

وحيث إن الوقائع على ما يبين من الحكم المطعون فيه وسائر الأوراق - تتحصل في أن المطعون ضدها الأولى في الطعن الأول رقم ١٣١٤ لسنة ٢٠٢٢ تجاري (سكاتفور فالتنجن -هيئة الضرائب الدنماركية)أ قامت على الطاعن الأول (سنجاي شاه ) الدعوى رقم ١٧٥٨ لسنة ٢٠١٨ تجاري كلي أمام محكمة دبي الابتدائية بطلب الحكم بإلزامه بأن يؤدى لها مبلغ وقدره ٢,٠١٥,١١٧,٧٧٣ دولار امريكي أو ما يعادله بالدرهم الإماراتي والفائدة بواقع ١٢% من تاريخ الاستحقاق وحتى تمام السداد سند من القول إن المدعي عليه كان قد حصل دون وجه حق على المبلغ المطالب به منها في غضون الفترة من ٢٠١٢ وحتى ٢٠١٥ حيث استخدم وكالات أجنبية تختص باسترداد الأموال التي دفعت قبلا للمدعية كضرائب بادعاءات كاذبة مفادها استحقاق تلك الوكالات والشركات التابعة للمدعي عليه لاستردادها اعتمادا على استفادتها من معاهدات تمنع الازدواج الضريبي وهو ما تبين للمدعية عدم صحته بعد التدقيق المحاسبي ومن ثم فقد أقامت الدعوى . كما اقامت المدعية قبل المدعي عليه الدعوى رقم ٤٠٢ لسنة ٢٠١٨ مدني كلى أمام محكمة دبي الابتدائية بطلب الحكم بصحة إجراءات الحجز التحفظي رقم ٣٩٦ لسنة ٢٠١٨ حجز تحفظي تجاري، على سند من أن المدعية كانت قد استصدرت بتاريخ ١٦ / ٧ / ٢٠١٨ أمرا بتوقيع الحجز التحفظي على أموال المدعي عليه ضمت المحكمة التجارية الدعوى الأخيرة للدعوى الأولى لنظرهما أمامها ، دفع المدعي عليه بعدم اختصاص المحكمة دوليا بنظر الدعوى وبعدم قبول الدعوى لرفعها على غير ذي صفة بالنسبة له ، أدخلت المدعية كلا من أوشا شاه ، غانيميد كايمان ليمتد ، سولوكابيتال بارتنرز ، راجين شاه خصوما في الدعوى بطلب إلزامهم بالتضامن مع المدعي عليه بالمبلغ المطالب به ، ندبت المحكمة لجنة خبراء ثلاثية لأداء المأمورية المبينة بمنطوق حكمها ، وبعد أن أودعت تقريرها ، حكمت بتاريخ ٢٠٢٠-٨-١٢ (أولا: في موضوع الـدعوى الـأولى الرقيمـة ١٧٥٨/٢٠١٨ تجاري كلي برفضها بحالتها . ثانيا: أمرت المحكمة بتقدير أتعاب ومصروفات لجنة الخبراء بواقع ١٥ خمسة عشر ألف درهم تقسم بين أعضائها بالسوية على أن يرد للمدعية باقي قيمة الاتعاب المقدرة قبلا . ثالثا: في موضوع الدعوى الثانية الرقيمة ٤٠٢/٢٠١٨ مدني كلي بعدم اختصاص المحكمة بنظرها لانتفاء المصلحة . وضمنت أسباب حكمها رفضها الدفع المبدى من المدعي عليه بعدم اختصاص المحكمة بنظر الدعوى سالف البيان ،استأنفت المدعية – هذا الحكم بالاستئناف رقم ٣١٤لسنة ٢٠٢٠ استئناف تجاري ، ندبت المحكمة لجنة خبراء ثلاثية أداء المأمورية المبينة بمنطوق حكمها ، وبعد أن أودعت اللجنة تقريرها طلبت المدعية إلغاء الحكم المستأنف والقضاء بإلزام المستأنف ضدهم بالتضامن والتكافل بأداء مبلغ ٦٩٦ , ٥٠٦ , ٦٤٣ و ٤ درهما والفائدة بواقع ١٢% سنوياً من تاريخ الاستحقاق وحتى السداد التام ، كما حضر عن المستأنف ضده الخامس محاميه ، وقدم مذكرة طلب فيها إدخال كل من ١-١-

* هذا المستند موقع و معتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستفسار) *





في الطعون رقم 445/2022/1314 و 445/2022/1413 و 445/2022/1478 و 445/2022/1488 طعن تجاري





SVM-22441/2023

سينتكس جي أي اس ، 2- جول تاكسباك ليمتد ، 3- اكيو باي سيستم ال ال سي وإعلانهم ببريطانيا وذلك لتقديم ما تحت أيديهم من مستندات ولاسيما كشف حساب بقيمة الأموال التي استلموها من المستأنف ، وكشف حساب بالمبالغ التي قاموا بتحويلها إلى المستأنف ضدهم وما إذا كانوا قد قاموا بتحويل المبالغ من عدمه ، وما هي العلاقة التعاقدية بينهم والمستأنف ضدهم ، وما هي طبيعة الأموال المحولة منهم إلى المستأنف ضدهم وهل هي نتيجة علاقة عمل من عدمه ، وكشف بأسماء الشركات التي قام الوكلاء الضريبيين الثلاثة بتقديم طلبات الاسترداد الضريبي إلى المستأنفة ، وكشف بكمية الأموال المحولة من الوكلاء الضريبيين الثلاثة إلى الشركات التي قدمت طلبات الاسترداد على اسمهم ، واحتياطياً إعادة الدعوى إلى لجنة الخبراء لسماع المطلوب إدخالهم ، على سند من أن لجنة الخبراء قد أوردت في تقريرها أن طلبات الاسترداد الضريبي يتم تقديمها من خلال الوكلاء الضريبيين الثلاثة وأنه يتم استلام الأموال المستولى عليها من قبل الوكلاء الضريبيين المذكورين والمطلوب إدخالهم ، قضت المحكمة بتاريخ 2022-9-14 بإلزام الحكم المستأنف والقضاء مجدداً بإلزام المستأنفة ضدهم بالتضامن فيما بينهم أن يردوا إلى المستأنفة مبلغ 4,684,506,696,44 " أربعة مليارات وستمائة وثلاثة وأربعون مليوناً وخمسمائة وستة آلاف وستمائة وستة وتسعون درهماً وأربعة وأربعون فلساً " والفائدة بواقع 5 % سنوياً اعتباراً من اليوم وحتى تمام السداد ، وضمنت أسباب حكمها عدم قبول طلب المستأنف ضده الخامس ادخال الخصوم سالفي الذكر خصوماً في الدعوى ،طعن المدعى عليه ( سانجاي شاه والخصمة الدخلة اوشاه شاه ) في هذا الحكم بالطعن بالتمييز رقم 1314 لسنة 2022 تجاري بموجب صحيفة قيدت الكتر ونيا بتاريخ 2022-10-14 طلبا فيها نقض الحكم المطعون فيه ، وقدم محامي المطعون ضدها الأولى مذكرة بالرد في الميعاد فيها طلب رفض الطعن ، كما قدم محامي الطاعنين طلباً الكترونياً التمس فيه ترك الخصومة في هذا الطعن فقط ولا يشمل الطعن الأخر المقام من ذات الطاعنين عن طريق محامي غيره وهو الطعن رقم 1488 لسنة 2022 تجاري ، كما طعنت المدعية ( سكاتفورد فالتنجن (هيئة الضرائب الدانماركية) في ذات الحكم بالطعن رقم 1413 لسنة 2022 بموجب صحيفة قيدت الكترونياً بتاريخ 31 10 -2022 طلبت فيها نقض الحكم المطعون فيه نقضاً جزئياً فيما قضى به بشأن الفائدة والتصدي للفصل في الطعن باحتساب الفائدة بواقع 9% من تاريخ الاستحقاق أصلياً من تاريخ استيلاء المطعون ضدهم على أموالها في 2015-8-24 واحتياطياً من تاريخ المطالبة القضائية وقدم محامي المطعون ضدهم الأول والثانية والثالثة مذكرة بالرد في الميعاد طلب فيها رفض الطعن .كما طعن في ذات الحكم الخصم المدخل (راجين شاه) بالطعن بالتمييز رقم 1478 لسنة 2022 تجاري بموجب صحيفة قيدت الكترونياً بتاريخ 2022-11-11 طلب فيها نقض الحكم المطعون فيه ، وقدم محامي المطعون ضدها الأول مذكرة بالرد في الميعاد فيها طلب رفض الطعن ، كما طعن في ذات الحكم المدعى عليه (سانجاي شاه والخصمين المدخلين اوشاه شاه وغانيميد كايمان ليمتد ) بالطعن رقم 1488 لسنة 2022 تجاري بموجب صحيفة قيدت الكترونياً بتاريخ 2022-11-11 طلبوا فيها نقض الحكم المطعون فيه ،وقدم محامي المطعون ضدها الأول مذكرة بالرد في الميعاد طلب فيه رفض الطعن .واذ عرضت الطعون الأربعة على هذه المحكمة في غرفة مشورة فحددت جلسة لنظرها وفيها قررت ضم الطعون الثاني والثالث والرابع للطعن الأول للارتباط وليصدر فيهم حكم واحد .

أولاً: - الطعن رقم 1314 لسنة 2022 تجاري.

لما كان الثابت بالاطلاع على الطاعنين قدم طلباً الكترونياً بتاريخ 16نوفمبر 2022 طلب فيه ترك الخصومة في هذا الطعن. ولما كان ذلك وكان سند وكالته يبيح له ذلك ومن ثم يتعين الحكم بإثبات ترك الطاعنين للخصومة في الطعن مع الزامهما بالمصروفات إعمالاً لنصوص المواد 111، 112، 167، 188 من قانون الإجراءات المدنية.

ثانياً: - الطعن رقم 1413 لسنة 2022 تجاري.

وحيث إن حاصل ما تنعي به الطاعنة على الحكم المطعون فيه مخالفة القانون والخطأ في تطبيقه اذ قضى بفائدة بواقع 5% من تاريخ صدور الحكم وحتى تمام السداد رغم أنها تستحق الفائدة خلال الفترة الممتدة من 2012-2-1 وحتى2015-8-24 وكان المطعون ضده قد استولوا على أموالها دون وجه حق خلال تلك الفترة المزعومة وكان تدبير الحكم يتمثل بإحقاق المطالبة أصلياً – تاريخ الاستيلاء على أموالها بتاريخ 2015-8-24 - واحتياطياً – تاريخ المطالبة القضائية فضلاً على أنه كان يتعين الحكم بفائدة9 % وليس 5% لفداحة الضرر الواقع عليها وإذ خالف الحكم المطعون فيه هذا النظر فإنه يكون معيباً بما يستوجب نقضه.

* هذا المستند موقع و معتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستعلام عن الأحكام)

صفحة 3 من 9



GOVERNMENT OF DUBAI

الأحكام الذكية



DUBAI COURTS

في الطعون رقم 445/2022/1314 و 445/2022/1413 و 445/2022/1478 و 445/2022/1488 طعن تجاري



SVM-22441/2023



وحيث إن هذا النعي غير سديد – ذلك لما هو مقرر وعلى ما جرى به قضاء هذه المحكمة –أن بدء سريان استحقاق الفائدة من تاريخ المطالبة القضائية أن يكون المبلغ محدداً على أسس ثابتة وغير خاضع في تحديده لمطلق تقدير المحكمة أما اذا كان للقضاء سلطه في تقديره فإن الفائدة لا تستحق الا من تاريخ صيرورة الحكم الصادر بالمبلغ المقضي به نهائياً ومن المقرر كذلك وفق القرار الصادر عن الهيئة العامة لمحكمة التمييز رقم 1 لسنه 2021 أن تحديد سعر الفائدة بنوعيها القانونية والتأخيرية يكون بنسبة 5% سنوياً لما كان ذلك وكان المبلغ المطالب به غير محدد على أسس ثابتة وخاضع في تقديره لمطلق تقدير المحكمة ومن ثم فإن الفائدة لا تستحق الا من تاريخ صيرورة الحكم المطعون فيه نهائياً وإذ التزم الحكم المطعون فيه هذا النظر وقضى بفائدة 5% من تاريخ صدور الحكم المطعون فيه يكون قد طبق القانون تطبيقاً صحيحاً ويكون النعي عليه بما سلف على غير أساس متعيناً رده.

وحيث إنه ولما تقدم يتعين رفض الطعن.

ثالثاً: - الطعن رقم 1478 لسنة 2022 تجاري.

حيث إن الطعن أقيم على عشرة أسباب ينعى الطاعن بالسبب السابع منها على الحكم المطعون فيه مخالفة القانون والخطأ في تطبيقه والقصور في التسبيب والاخلال بحق الدفاع ذلك أنه تمسك أمام محكمة الموضوع بدفاع حاصله انتفاء صفته في الدعوى الا أن الحكم المطعون فيه الزمه بالتضامن مع باقي المدعى عليهم و لم يورد دفاعه أو يرد عليه مما يعيبه ويستوجب نقضه.

وحيث إن هذا النعي غير مقبول- ذلك أنه من المقرر- في قضاء هذه المحكمة. إن الصفة في الدعوى تقوم بالمدعى عليه متى كان الحق المطلوب موجوداً في مواجهته باعتبار أنه صاحب شأن فيه والمسئول عنه أصالة أو تبعاً أو مشتركاً في المسئولية عنه حال ثبوت أحقية المدعي له. و أن استخلاص توافر الصفة في الدعوى من عدمه هو من قبيل تحصيل وفهم الواقع فيها ، وهو مما تستقل به محكمة الموضوع ، متى أقامت قضاءها على أسباب سائغة تكفي لحمله . ومن المقرر كذلك أن الدفاع الذي لا يستند إلى أساس قانوني صحيح لا على المحكمة إن التفتت عنه . لما كان ذلك وكان الثابت بالأوراق وتقرير الخبير المنتدب في الدعوى أن الطاعن وباقي المدعى عليهم قد استولوا على المبالغ المقضي بإلزامهم بها ومن ثم يكون مشتركاً في المسئولية عن ردها للمطعون ضدها الأولى ومن ثم ثبوت صفته في الدعوى ولا يعيب الحكم المطعون فيه التفاته عن الرد على دفاع الطاعن سالف البيان لعدم استناده إلى أساس قانوني صحيح ويكون النعي عليه بما سلف على غير أساس وبالتالي غير مقبول.

وحيث إن الطاعن ينعى بالسبب الثامن على الحكم المطعون فيه مخالفة القانون والخطأ في تطبيقه والاخلال بحق الدفاع ذلك انه تقدم بطلب لمحكمة الموضوع بعد أن حجزت الدعوى للحكم التمس فيه إعادة الدعوى للمرافعة للنظر في التقرير الاستشاري المقدم منه الا أن المحكمة رفض طلبه ولم يبشر الحكم على سبب هذا الرفض مما يعيبه ويستوجب نقضه.

وحيث إنه هذا النعي غير مقبول ذلك لما هو مقرر وعلى ما جرى به قضاء هذه المحكمة من أنه إذا انعقدت الخصومة وقدم كل خصم طلباته وأوجه دفاعه وحجزت المحكمة الدعوى للحكم فإن صلة الخصوم بها تنقطع إلا بالقدر الذي تصرح به المحكمة، وأنه متى كانت محكمة الموضوع قد أتاحت للخصومة الفرصة لإبداء دفاعهم ثم حجزت الدعوى للحكم دون أن تصرح لهم بتقديم مذكرات أو مستندات فإنه لا تثريب عليها إن هي أصدرت الحكم والتفتت عن طلب إعادة الدعوى. لما كان ذلك وكان الحكم المطعون فيه قد قضى برفض طلب الطاعن إعادة الدعوى للمرافعة على ما أورده بأسبابه من أن (الثابت للمحكمة أن المستأنف ضده الخامس كان حاضراً بجلسة المرافعة الأخيرة وقدم مذكرة بدفاعه وطلباته ومن ثم تلتفت عن طلب إعادة الدعوى للمرافعة ...) وكان ما خلص اليه سائغاً وله اصله الثابت بالأوراق ولا مخالفة فيه للقانون ويكفي لحمل قضائه في هذا الخصوص ومن ثم فإن النعي عليه بما سلف على غير أساس وبالتالي غير مقبول.

وحيث إن الطاعن ينعى بالسبب العاشر على الحكم المطعون فيه مخالفة القانون والخطأ في تطبيقه ذلك انه تمسك أمام محكمة الموضوع بدفاع حاصله وجود عدة مطالبات ودعاوى تحوي نفس المطالبة ضد الأطراف ومنها الدعاوى أرقام 420 لسنة 2018 مدني كلي دبي واستئنافها رقم 1711 لسنة 2018 مدني والطعن بالتمييز رقم 170 لسنة 2018، وهو ما يؤكد أن هذا الدفاع جوهري مما يعيبه ويستوجب نقضه.

* هذا المستند موقع و معتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الإلكترونية العامة - الاستعلام ...)



الأحكام الذكية







SVM-22441/2023

وحيث إن هذا النعي مردود – ذلك لما هو مقرر وعلى ما جرى به قضاء هذه المحكمة –أن الدفاع الذي لا يستند إلى أساس قانوني صحيح لا على المحكمة إن التفتت عنه. لما كان ذلك وكان إقامة المطعون ضدها الأول عدة دعاوى –كما جاء بسبب النعي – ضد المطعون ضدهم لا صفة لهم في الفصل في هذه الدعوى طالما لم يفصل في تلك الدعاوى بحكم نهائي وبات وحائز لقوة الأمر المقضي فيه وهو ما خلت منه أوراق الدعوى ومن ثم لا على الحكم المطعون فيه إن التفت عن دفاع الطاعن سالف البيان ويكون النعي عليه بما سلف على غير أساس وبالتالي غير مقبول.

رابعاً. - الطعن رقم 1488 لسنة 2022 تجاري.

وحيث إن الطعن أقيم على ثمانية أسباب ينعى الطاعنون بالسبب الرابع منها على الحكم المطعون فيه مخالفة القانون والخطأ في تطبيقه والقصور في التسبيب والاخلال بحق الدفاع اذ قام بتحميلهم ديون والتزامات شركات لها ذمم ماليه مستقلة عن ذمم مالكيها وبالتالي لا صفة لهم في الدعوى ، وإذ خالف الحكم المطعون فيه هذا النظر فإنه يكون معيباً بما يستوجب نقضه.

وحيث إن هذا النعي غير مقبول- ذلك أنه من المقرر في قضاء هذه المحكمة. ان الصفة في الدعوى تقوم بالمدعى عليه متى كان الحق المطلوب موجوداً في مواجهته باعتبار أنه صاحب شأن فيه والمسئول عنه أصالة أو تبعاً أو مشتركاً في المسئولية عنه حال ثبوت أحقية المدعي له. و أن استخلاص توافر الصفة في الدعوى من عدمه هو من قبيل تحصيل وفهم الواقع فيها، وهو مما تستقل به محكمة الموضوع، متى أقامت قضاءها على أسباب سائغة تكفي لحمله ، لما كان ذلك وكان الحكم المطعون فيه قد ألزم الطاعنون بالمبلغ المقضي به بالتضامن مع باقي المدعى عليهم تأسيساً على انهم قد استولوا على تلك المبالغ دون وجه حق ومن ثم يكونوا مسئولون عن ردها للمطعون ضدها الأول ومن ثم ثبوت صفتهم في الدعوى، ويكون النعي عليه بما سلف على غير أساس وبالتالي غير مقبول.

وحيث ينعى الطاعنون بالسبب الأول على الحكم المطعون فيه مخالفة القانون والخطأ في تطبيقه لعدم ولاية محاكم دبي بنظر الدعوى ذلك أن المطعون ضدها قد لجأت لمحاكم مركز دبي المالي قبل الالتجاء لمحاكم دبي بالمطالبة بذات المبلغ المطالب به في الدعوى الماثلة ضد كل من -1 شركة اليزوم جلوبال دبي-2- شركة الزيوم بروبرتيز دبي واستصدرت الامر الرضائي باتفاق المطعون ضدها والشركتين بإلتزام أطراف الاتفاق بالحكم الذي سيصدر في الدعوى المقامة من المطعون ضدها الأول أمام محكمة إنجلترا العليا ضد الطاعنين وباقي المطعون ضدهم. ولما كانت مسألة الاختصاص من النظام العام وتتصدى له المحكمة من تلقاء نفسها وهو الامر الذي لم تراعيه محكمة ثاني درجة لانطلاقها عند فتح باب المرافعة للاطلاع على مستندات ومن ثم يتعين على محكمة التمييز تدارك ما فات على محكمة ثاني درجة، وإذ خالف الحكم المطعون فيه هذا النظر فإنه يكون معيباً بما يستوجب نقضه.

وحيث إن هذا النعي مردود – ذلك لما هو مقرر وعلى ما جرى به قضاء هذه المحكمة – أن قواعد الاختصاص الولائي والنوعي والقيمي تتعلق بالنظام العام تقضى بها المحكمة من تلقاء نفسها، وتعتبر مطروحة دائماً على المحكمة وينطوي القضاء في الموضوع على قضاء ضمني بالاختصاص. ومن المقرر كذلك أن لمحكمة الموضوع السلطة التامة في تحصيل وفهم الواقع في الدعوى وتقدير الأدلة والمستندات المقدمة فيها وفي استخلاص دواعي الاختصاص وتوافر شروطه من عدمه متى كان استخلاصها سائغاً ومستمداً مما له اصله الثابت في الأوراق وكافياً لحمل قضائه. لما كان ذلك وكان الحكم المطعون فيه قد قضى في موضوع الدعوى الماثلة تأسيساً على أن محل إقامة المدعى عليهم بإمارة دبي، ولا يجدي الطاعنين ما اثاروه من قول بأن المطعون ضدها سبق أن اقامت دعوى ضد - شركة اليزوم جلوبال دبي-2- شركة الزيوم بروبرتيز دبي واستصدرت الامر الرضائي باتفاق المطعون ضدها والشركتين بالتزام أطراف الاتفاق بالحكم الذي سيصدر في الدعوى المقامة من المطعون ضدها الأول أمام محكمة إنجلترا العليا ضد الطاعنين وباقي المطعون ضدهم ذلك أن هذا القول لا يسلب اختصاص محاكم دبي من نظر الدعوى الماثلة، ويكون النعي عليه بما سلف على غير أساس وبالتالي غير مقبول .

وحيث ينعى الطاعنون بالسبب الثاني على الحكم المطعون فيه مخالفة القانون والخطأ في تطبيقه لعدم جواز نظر الدعوى الماثلة لتعدد الدعاوى المقامة من المطعون ضدها الأول بذات الطلبات ومنها 1-الدعوى أرقام 297/2018/210.210.059- أمام محكمة إنجلترا العليا 2-الدعوى رقم 48 لسنة 2018 أمام محاكم مركز دبي المالي العلمي ضد 1- شركة اليزوم جلوبال دبي 2-شركة والزيوم بروبريتيز دبي ، 3- الدعوى رقم 1758 لسنة 2018 تجاري كلي 4- الدعوى رقم 420 لسنة 2018 مدني كلي وقد أسست المطعون ضدها كافة الدعاوى على





الأحكام الذكية

في الطعون رقم 445/2022/1314 و 445/2022/1413 و 445/2022/1478 و 445/2022/1488 طعن تجاري





SVM-22441/2023

أقوال مرسلة ومستندات منعدمة مما يترتب عليه عدم جواز نظر هذه الدعوى وإذ خالف الحكم المطعون فيه هذا النظر فإنه يكون معيباً بما يستوجب نقضه .

وحيث إن هذا النعي سبق الرد عليه بما ورد بالرد على السبب العاشر من الطعن رقم 1478 لسنة 2022 تجاري نحيل اليه منعاً من التكرار ويكون النعي عليه بما سلف على غير أساس وبالتالي غير مقبول.

وحيث ينعي الطاعنون بالسبب الثامن على الحكم المطعون فيه مخالفة القانون والخطأ في تطبيقه ذلك أنه وقد ثبت للمحكمة مصدرة الحكم المطعون فيه وجود دعوى أخرى مقيدة أمام محكمة إنجلترا العليا بين ذات الأطراف والسبب والمبلغ المطالب به كما ثبت ارتباط الحكم في الدعوى الماثلة والأمر الرضائي من محاكم مركز دبي المالي العالمي المرتبط بالدعوى الماثلة ، وان الدعوى مقيدة أمام محاكم إنجلترا في تاريخ 2018-5-4 ومؤجلة لشهر يناير من عام 2023 ومن ثم كان يتعين والحال كذلك وقف هذه الدعوى لحين الفصل في الدعوى المقامة من المطعون ضدها أمام محاكم إنجلترا ، وإذ خالف الحكم المطعون فيه هذا النظر فإنه يكون معيباً بما يستوجب نقضه .

وحيث إن هذا النعي مردود – ذلك لما هو مقرر وعلى ما جرى به قضاء هذه المحكمة -أن وقف الدعوى طبقاً للمادة 102 من قانون الإجراءات المدنية أمر جوازي للمحكمة ومتروك لمطلق تقديرها حسبما تستبينه من جديد المنازعة في المسألة الأولية أو عدم جديتها دون معقب من محكمة التمييز فلا يجوز الطعن في حكمها لعدم استعمالها هذه الرخصة . لما كان ذلك وكان الحكم المطعون فيه قد رأى عدم وقف الدعوى الماثلة لحين الفصل في الدعوى المرفوعة من المطعون ضدها الأولى أمام محاكم إنجلترا حسبما استبان له من عدم جدية المنازعة في الفصل في الدعوى المرفوعة أمام محاكم إنجلترا على الفصل في الدعوى الماثلة ومن ثم يكون النعي على الحكم المطعون فيه بما سلف غير جائز وبالتالي غير مقبول.

وحيث إن الطاعن في الطعن رقم 1478 لسنة 2022 تجاري ينعي بباقي أسباب الطعن على الحكم المطعون فيه مخالفة القانون والخطأ في تطبيقه والقصور في التسبيب والاخلال بحق الدفاع اذ قضى بإلغاء الحكم المستأنف فيما قضي به من رفض الدعوى أو القضاء مجدداً بإلزام المستأنف ضدهم بالتضامن فيما بينهم أن يردوا إلى المستأنفة مبلغ 6,143,506,696.44 درهم والفائدة القانونية عنة استناداً على تقرير لجنة الخبراء المنتدبة امامها رغم قصور تقريرها واعتراض الطاعن عليه وعلى ما انتهى اليه في نتيجته حيث أسست لجنة الخبراء تقريرها على قانون الاثبات الملغي في حين أن القانون واجب التطبيق هو قانون الاثبات الصادر بالمرسوم الاتحادي رقم 27 لسنة 2020، وأن الجدول الخاص بالاختلاسات الذي استند ت اليه لجنة الخبراء مصطنع وليس نسخة اصلية من كشف حساب للوقوف على صحة الادعاء ، كما اعتمدت اللجنة على أقوال المطعون ضدها الأول وعلى تقرير الخبير الاستشاري المقدم منها ، وأن اللجنة فتحت المجال أمام المطعون ضدها الأول بتقديم المذكرات والمستندات واصطناعها ولم يتم عرض المذكرات المقدمة من المطعون ضدها الأول عليه الأمر الذي يعد اخلال بحقه في الدفاع ، فضلاً على أن الحكم المطعون فيه الزمة بالمبلغ مع باقي المدعى عليهم بالتضامن رغم عدم وجود تضامن بينه وبين باقي المحكوم عليه ودون علمة بعدم مشروعية الأموال المزعوم تحويلها وخلو الأوراق من ثمة دليل على مساهمته في أفعال الاحتيال التي زعمها المطعون ضدها الأول ودون أي خطأ يمكن نسبته اليه وإذ خالف الحكم المطعون فيه هذا النظر فإنه يكون معيباً بما يستوجب نقضه .

وحيث ينعي الطاعنون في الطعن رقم 1488 لسنة 2022 تجاري بباقي أسباب الطعن على الحكم المطعون فيه مخالفة القانون والخطأ في تطبيقه والقصور في التسبيب والاخلال بحق الدفاع والفساد في الاستلال لاستناده إلى تقرير خبير باطل كون اللجنة التي باشرت الدعوى غير متخصصة وليس لها دراية بموضوع الدعوى والتهرب الضريبي ، فضلاً على مخالفة الحكم المطعون فيه للقانون لابتناء قضاءه على أدلة وبينات فاسدة ذلك أن المطعون ضدها قدمت مستندات صادرة من خارج الدولة ولم تقدم أصولها نهائياً للمحكمة أو للخبرة ومن غير تصديق من الجهات الرسمية ودون اعتماد الإجراءات المقررة قانوناً للتيقن من صحة هذه المستندات ولما كانت المحكمة مصدرة الحكم قد اعتمدت بالمستندات المقدمة من المطعون ضدها وبنت حكمها على أدلة فاسدة، ومستندات باللغة الدنماركية تم التعاقد عليها دون أن يتم ترجمتها ، وكان التقرير الذي قدمة المطعون ضدها – تقرير عن أموال مملوكة لهيئة الجمارك والضرائب الدنماركية تم استخدامها على وجه حق من قبل مقيمين بدولة الامارات العربية المتحدة وتم استخدامها لشراء أصول بدولة الامارات –مما يدل على أن التقرير الذي تبناه

* هذا المستند موقع و معتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستعلام)

9 من 6





الأحكام الذكية



SVM-22441/2023



اليه الحكم قد تم أعداده من مكتب تدقيق حسابات خاص بناء على تعاقد مقابل أجر متفق عليه مع مكتب المحاماة –بنستن ميسونز – وأن المطعون ضدها الأولى ووكيلها القانوني قد شاركا في أعدا د التقرير ومن ثم يكون التقرير مدن صنع المطعون ضدها ولازم ذلك ومقتضاه اهدار التقرير والاعتداد به والعدم سواء طبقاً للقاعدة القانونية المستقرة أنه لا يجوز لشخص أن يخلق لنفسه وبنفسه لحق يدعيه وإذ خالف الحكم المطعون فيه هذا النظر فإنه يكون معيباً بما يستوجب نقضه .

وحيث إن النعي بما ورد بباقي أسباب كلا الطعنين رقمي 1878 ، 1888 لسنة 2022 تجاري غير مقبول، ذلك لما هو مقرر وعل ما جرى به قضاء هذه المحكمة – أن مفاد نص المادة 318 من قانون المعاملات المدنية الواردة في الفصل الرابع الخاص بالفعل النافع أنه لا يسوغ لأحد أن يأخذ مال غيره بلا سبب شرعي فإن أخذه فعلية رده وعليه فإن الاثراء بلا سبب لا يتحقق إلا بتوافر ثلاثة شروط أولهما إثراء المدين أو اغتناؤه ولا يكون ذلك إلا بدخول قيمة ما يثري به في ذمته المالية والثاني أن يقابل هذا الأثراء افتقار الدائن بسبب انتقال عين أو قيمة أداها والثالث ألا يكون للأثراء الحادث أو الافتقار المترتب عليه سبب قانوني يبرره ، ومن المقرر كذلك و فق نص المادة 437 / 1 من قانون المعاملات المدنية أنه إذا تعدد المدينون في تصرف لا يقبل التجزئة كان لكل منهم ملزماً بالدين كاملاً ، ومن المقرر كذلك أن لمحكمة الموضوع السلطة التامة في تحصيل وفهم الواقع في الدعوى وفي تقدير الأدلة المطروحة عليها بما في ذلك تقرير الخبير المنتدب في الدعوى والأخذ به متى اطمأنت اليه واني الأسباب التي أقيم عليها وانها متى رأت في الأخذ به محمولاً على أسبابه فإنها لا تكون ملزمه من بعد بالاعتراضات التي يوجهها الخصوم اليه متى كان التقرير قد تولى الرد عليها ومتى وجدت المحكمة في تقريره وفي باقي أوراق الدعوى ما يكفي لتكوين عقيدتها في الدعوى ، ومن المقرر أيضاً أن الخبير المنتدب في الدعوى يستمد صلاحياته من الحكم الصادر بندبه وفي حدود المأمورية المكلف بها وأنه ليس ملزماً بأداء مأموريته على وجه معين أو يقوم بما ندب للقيام به على النحو الذي تنتهي به الغاية التي هدفت اليها المحكمة من ندبه وأن يستقي معلوماته من أية أوراق تقدم له من كلا الخصمين باعتبار أن عمله في النهاية هو مما يخضع لتقدير محكمة الموضوع وأنه يكفي لاختصاص الخبير بالمهمة التي كلفته بها المحكمة بتنفيذها دخولها في عموم مجال عملة أو اتصال اختصاصه بها على وجه يمكنه من القيام بها وهى غير ملزمة من بعد بتتبع الخصوم في كافة مناحي أقوالهم وحججهم اذ في أخذها بما تقدم ذكره من البينات ما يفيد الرد الضمني المسقط لهذه الأقوال والحجج . لما ذلك وكان الحكم المطعون فيه قد أقام قضاءه بإلغاء الحكم المستأنف والقضاء مجدداً بإلزام المستأنف ضدهم بالتضامن فيما بينهم أن يردوا إلى المستأنفة مبلغ 44 , 643 , 506 , 196 , 4 درهماً " أربعة مليارات وستمائة وثلاثة وأربعون مليوناً وخمسمائة وستة آلاف وستمائة وستة وتسعون درهماً وأربعة وأربعون فلساً " والفائدة بواقع 5 % سنوياً اعتباراً من اليوم وحتى تمام السداد على ما أورده بأسبابه من أنه (ولما كانت لجنة الخبراء المعينة من هذه المحكمة قد انتهت في تقديرها إلى أن المستأنف ضدهم قد قاموا بالاستيلاء على أموال المستأنفة بموجب طلبات استرداد الضريبة حيث أكدت هيئة الأوراق المالية الدنماركية خلو سجلاتها من أية بيانات تفيد بملكية مقدمي طلبات الاسترداد لأية أسهم بالسوق الدنماركي، وكذلك تأكيدها على عدم استلام أي منهم لأية أرباح من شركات دنماركية، وبما أن مقدمي طلبات استرداد الضريبة لم يستلموا توزيعات الأرباح الأصلية ولا توزيعات الأرباح التعويضية، فمن البديهي أنه لا يحق لهم تقديم أية طلبات لاسترداد الجزء المقتطع من توزيعات الأرباح "نسبة 73% من إجمالي توزيعات الأرباح" أو "نسبة 27% من إجمالي توزيعات الأرباح".

أن كشوف الحسابات البنكية ارقام (86827244، 64338333، 83125920، 73387866، 54832433، 6410،5155) العائدة للشركة المستأنف ضدها الرابعة (سولو كابيتال بارتنرز ال ال بي) لدى بنك باركليز بي ال سي هي كشوف حساب قانونية وموجودة بحيازة الوحدة الوطنية للجرائم الخاصة من خلال تعاون شرطي دولي مع أحد مؤسسات الشرطة الأجنبية وذلك بموجب الخطاب المؤرخ 17/03/2023 . أن كشـوف الحساب البنكية ارقام (86827244، 64338333، 83125920، 73387866، 54832433، 6410،5155) العائدة للشركة المستأنف ضدها الرابعة (سولو كابيتال بارتنرز ال ال بي) لدى بنك باركليز بي ال سي قد تم تقديمها للممثل القانوني للمستأنفة من جانب المدعي العام الدنماركي، والتي تتضمن ما يلي (بالنسبة لكيفية حصول المدعى العام الدنماركي للجرائم الاقتصادية والدولية الخطيرة وذلك بموجب الخطاب المؤرخ 15/12/2021 الصادر عن المدعى العام الدنماركي، والتي تتضمن ما يلي (بالنسبة لكيفية حصول المدعى العام الدنماركي للجرائم الاقتصادية والدولية الخطيرة على هذه الكشوفات، فقد حصلت عليها من الوكالة الوطنية البريطانية لمكافحة الجريمة) . ويتبين مما سبق أن المستأنف ضدهم الأول والثانية والثالثة والرابعة قد قاموا باقتحام بيتصرف في





الأحكام الذكية

في الطعون رقم 445/2022/1314 و 445/2022/1413 و 445/2022/1478 و 445/2022/1488 طعن تجاري



SVM-22441/2023



مبلغ (4,643,506,696.44) درهم اماراتي على النحو التالي : مبلغ (1,349,519,441.83) درهم في ذمة الشركة المستأنف ضدها الرابعة (سولو كابيتال بارتنرز ال بي) المملوكة للمستأنف ضده الأول (سانجاي شاه) . مبلغ (1,037,080,664) درهم في ذمة شركة (اليزيوم جلوبال دبي) المملوكة للمستأنف ضده الأول . مبلغ (974,928,092.56) درهم اماراتي في ذمة شركة (اليزيوم جلوبال ليمتد) المملوكة للمستأنف ضده الأول ، علماً بان مديرية الشركة المذكورة المستأنف ضدها الثانية (اوشا شاه) مبلغ (31,953,671) درهم اماراتي في ذمة المستأنف ضده الخامس (راجين شاه) . مبلغ (679,044,167.22) درهم اماراتي في ذمة المستأنف ضده الأول .
- مبلغ (57,090,159.83) درهم اماراتي في ذمة الشركة المستأنف ضدها الثالثة (جانيمد كايمان ليمتد) المملوكة للمستأنف ضده الأول ، وكانت هذه المحكمة تطمئن إلى هذا التقرير وتأخذ به سنداً لقضائها لصحته ولسلامة الأسس التي بنت عليها اللجنة تقريرها ، فضلاً عن أنه يؤيد هذا التقرير تقرير الخبرة الاستشاري المقدم من المستأنفة أمام محكمة أول درجة والصادر عن مكتب الخبرة " ديلويت " والذى انتهى إلى أنه تم الاستيلاء دون وجه حق على أموال مملوكة لهيئة الجمارك والضرائب الدانماركية من قبل مقيمين بدولة الامارات العربية المتحدة - من بينهم المستأنف ضدهم - وتم استخدام الأموال لشراء أصول بدولة الامارات العربية المتحدة ، ولما كان البين من أوراق وملابسات وظروف الدعوى أن المستأنف ضدهم جميعاً تعاونوا وكونوا فيما بينهم بتقدير لجنة الخبراء .... وأنه إذا تعدد المدينون في تصرف لا يقبل التجزئة كان كل منهم ملزماً بالدين كاملاً ، ومن ثم وجب إلزام المستأنف ضدهم بالتضامن برد المبلغ المستولى عليه إلى المستأنفة ، وإذ خالف الحكم المستأنف هذا النظر المتقدم حيث قضى برفض الدعوى - ومن ثم يكون قد خالف القانون وأخطأ في تطبيقه متعيناً إلغاؤه والقضاء مجدداً بإلزام المستأنف ضدهم بالتضامن فيما بينهم أن يردوا إلى المستأنفة مبلغ (44,643,506,694) درهم وفائدة هذا المبلغ بواقع 5 % سنوياً من تاريخ اليوم وحتى تمام السداد.....) ولما كان هذا الذي استخلصه الحكم المطعون فيه، على نحو ما سلف بيانه، سائغاً ولا مخالفة فيه للقانون، وله أصله الثابت من أوراق الدعوى ومستنداتها وتقارير الخبرة فيها، ومؤدياً لما انتهى إليه قضاؤه وكافياً لحمله وفيه الرد المسقط لما يخالفه، فإن النعي عليه بما ورد بأسباب الطعنين لا يعدو أن يكون جدلاً فيما تستقل محكمة الموضوع بتقديره ولا يجوز إبداؤه أمام محكمة التمييز ومن ثم غير مقبول .
وحيث إنه لما تقدم فإنه يتعين رفض الطعنين .

## فلهذة الأسباب

حكمت المحكمة أولا: - في الطعن رقم 1314 لسنة 2022 تجاري.
بإثبات ترك الطاعنين للخصومة في الطعن وإلزامهما بالمصروفات وبمبلغ ألفي درهم مقابل اتعاب المحاماة. ثانياً: - في الطعون ارقام 1413، 1478، 1488 لسنة 2022 تجاري برفضها وبإلزام الطاعن في الطعن رقم 1413 لسنة 2022 تجاري بمبلغ ألفي درهم مقابل اتعاب المحاماة للمطعون ضدهم الأول والثانية والثالثة، وبإلزام الطاعن في الطعن رقم 1478 لسنة 2022 تجاري بمبلغ ألفي درهم مقابل أتعاب المحاماة للمطعون ضدها الأولى، وبإلزام الطاعنين في الطعن رقم 1488 لسنة 2022 تجاري بمبلغ ألفي درهم مقابل اتعاب المحاماة للمطعون ضدها الأولى، مع مصادرة مبلغ التأمين في الطعون الثلاثة.

**التوقيع**
**القاضي / صلاح الدين عبدالرحيم احمد الجبالي**



CSC445-CY2022-CSN1314-DJI2205

* هذا المستند موقع و معتمد إلكترونياً ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الإلكترونية العامة - الاستعلام)

 

الأحكام الذكية



SVM-22441/2023

**التوقيع**
**القاضي / د. سيف أحمد علي الحازمي**



CSC445-CY2022-CSN1314-DJI198

**التوقيع**
**القاضي / يحيى الطيب أبوشورة**



CSC445-CY2022-CSN1314-DJI1521

الهيئة المبينة بصدر هذا الحكم هي التي سمعت المرافعة وحجزت الدعوى للحكم وأصدرت الحكم ووقعت عليه، أما الهيئة التي نطقت به فهي المشكلة وفق محضر جلسة النطق به.