**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION

MASTER DOCKET

18-md-02865-LAK

This document relates to: The cases identified in Appendix A

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE IN DENMARK**

# **TABLE OF AUTHORITIES**

**CASES**

*Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013) ....................................... 5
*Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930, 2002 WL 1159699 (S.D.N.Y. May 31, 2002) ............................................................................................................................................ 2
*Elliott Assocs. v. Republic of Peru*, Nos. 96 CIV. 7916 & 7917 (RWS), 1997 WL 436493 (S.D.N.Y. Aug. 1, 1997) ........................................................................................................................... 5, 6
*Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433 (S.D.N.Y. July 25, 2016) ............................................................................................................................................ 5
*Lantheus Medical Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769 (S.D.N.Y. 2012) ......................................................................................................................................... 4, 5
*Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017 (S.D. Tex. June 12, 2009) ...................... 2
*In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244 (S.D.N.Y. 2011) ..................................................... 5
*Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117 (S.D.N.Y. 2019) ..................................................... 5
*Skatteforvaltningen v. Michael Ben-Jacob*, No. 1:21-cv-05339 ................................................. 3, 4
*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522 (1987) ............................................................................................................................................ 5

**STATUTES**

28 U.S.C. § 1781(b)(2) ....................................................................................................................... 4

**RULES**

Fed. R. Civ. P. 26 ............................................................................................................................... 4
Fed. R. Civ. P. 26(b)(1) ....................................................................................................................... 5
Fed. R. Civ. P. 28(b)(l)(B) .................................................................................................................. 4

Defendants respectfully submit this memorandum of law in support of their motion (the "Motion") for the issuance of a letter of request to obtain testimony from a non-party witness in Denmark pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"). A proposed Letter of Request is attached as Exhibit 1 to the Declaration of Thomas E.L. Dewey, dated April 19, 2024 ("Dewey Decl."). Plaintiff Skatteforvaltningen ("SKAT") joins in Defendants' motion, provided that the first trial in this multidistrict litigation commences as scheduled on January 7, 2025, irrespective of whether the Danish judicial authorities have executed any letter of request issued by the Court or the requested testimony has been taken in Denmark, and that SKAT is permitted to cross-examine Sanjay Shah.

## PRELIMINARY STATEMENT

Plaintiff SKAT has brought suit in this Court to recover dividend withholding tax refund claims that it paid to certain of the Defendants over a multi-year period from 2012 to 2015.

Sanjay Shah, a UK- and Dubai-based former investment banker who operated an investment company called Solo Capital, designed the dividend arbitrage trading strategy (the "Trading Strategy") that is at the heart of this litigation. At various times over the subject period, Shah invited Defendants Richard Markowitz, John van Merkensteijn, and Robert Klugman, among others, to participate in the Trading Strategy. Shah also maintained operational control over the mechanics of the Trading Strategy. In exchange for his services and to cover fees associated with the trading, Shah took a large percentage (66.66% to 75%) of the proceeds of the Trading Strategy.

Despite Shah's role as orchestrator of the Trading Strategy, no party was able to depose Shah during the discovery phase of this litigation because he resided in the United Arab

1

Emirates, a non-signatory to the Hague Convention.[1]  *See Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930, 2002 WL 1159699, at *15 (S.D.N.Y. May 31, 2002) (noting that letters rogatory to the UAE "may ultimately prove fruitless"); *Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017, at *5 (S.D. Tex. June 12, 2009) (citing statement by a process server in his Declaration of Service that the UAE is not a signatory to the Hague Convention and does not make use of letters rogatory).

However, Shah was extradited to Denmark in December 2023[2] and is now standing trial there.[3]  The United States and Denmark are both signatories to the Hague Evidence Convention.[4]  With Shah in Danish custody, the parties have an opportunity to take Shah's testimony for use at trial in this case, which has been scheduled to begin on January 7, 2025.

While Shah has testified in Denmark during his trial, the parties understand that verbatim transcripts are not available, and in any event, Defendants had no opportunity to question Shah at that trial.  Therefore, the parties seek the assistance of this Court in issuing a letter of request seeking testimony from Shah for use at trial.  Defendants expect that Shah would provide a detailed explanation of the Trading Strategy, which may be crucial to helping the jury understand the strategy and eventually decide whether SKAT can meet its burden of proving that representations made to SKAT were false.  Further, Shah's testimony concerning his

---

[1] Kingdom of Netherlands Division of the Ministry of Foreign Affairs, *Convention on the taking of evidence abroad in civil or commercial matters*, available at: https://treatydatabase.overheid.nl/en/Treaty/Details/002883 (accessed April 19, 2024), Dewey Decl. 2.

[2] David Segal, *Hedge Fund Trader, Accused of Fraud, Is Extradited to Denmark*, N.Y. TIMES (Dec. 6, 2023), https://www.nytimes.com/2023/12/06/business/sanjay-shah-fraud-extradition-denmark.html, Dewey Decl. Ex. 3.

[3] Isabelle Yr Carlsson & Jacob Gronholt-pedersen, *Danish Tax Fraud Suspect Tells Court He Used Legal Loophole*, REUTERS (Mar. 21, 2024), https://www.reuters.com/world/europe/danish-tax-fraud-suspect-tells-court-he-used-legal-loophole-2024-03-21/, Dewey Decl. Ex. 4.

[4] Kingdom of Netherlands Division of the Ministry of Foreign Affairs, *Convention on the taking of evidence abroad in civil or commercial matters*, available at: https://treatydatabase.overheid.nl/en/Treaty/Details/002883 (accessed April 19, 2024), Dewey Decl. 2.

2

communications and interactions with Defendants may be relevant to evaluating whether Defendants had the knowledge and intent required for SKAT to establish its claims. SKAT expects that Shah will show that the Trading Strategy did not involve Solo Capital (or any other custodian) holding any Danish shares or receiving any dividends issued on Danish shares from which tax was withheld.

## BACKGROUND

The centrality of Shah to the alleged scheme cannot be contested. The parties agree that the Trading Strategy was devised by Shah and effectuated through Shah-controlled entities, including Solo Capital Partners LLP ("Solo Capital"), Telesto Markets LLP, Old Park Lane Capital PLC, and West Point Derivatives Ltd. (collectively, the "Solo Custodians"). *See* SKAT Rule 56.1 Statement ¶ 3, ECF 816 (Sanjay Shah "controlled" the Solo Custodians); Compl. ¶ 2, *Skatteforvaltningen v. Michael Ben-Jacob*, No. 1:21-cv-05339, ECF 1 (Shah is "a Dubai-based banker" who "design[ed] the complex scheme"), Dewey Decl. Ex. 5.

*First*, Shah introduced Markowitz, van Merkensteijn, and Klugman to the mechanics of the Trading Strategy and, through Solo Capital, created the operational structure through which the Trading Strategy was executed.[5] Shah was also the ultimate "arranger" of the strategy, as he provided custodial services through the Solo Custodians,[6] identified the size of the trades that could be executed and the brokers and counterparties who could facilitate those trades,[7] and set the terms

---

[5] Markowitz Dep. 548:8-16 (agreeing that Solo provided the entire structure of the trading strategy); *id.* 202:4-18 (Markowitz viewed Shah-controlled companies and Shah as "one entity"), Dewey Decl. Ex. 6.

[6] Markowitz Dep. 157:24-158:8 ("we had a call with Solo in which we learned that they were becoming a custodian"); 202:4-15 (Solo Capital provided "significant services" including by "developing and become a custodian"), Dewey Decl. Ex. 6.

[7] *See, e.g.*, Markowitz Dep. 268:11-16 (Solo Capital introduced Novus Capital, a broker), 269:18-23 (Solo Capital introduced FGC Securities, a broker), 274:13-275:19 (Solo Capital introduced other brokers, assessed liquidity in marketplace for trades, and identified which brokers would be able to facilitate those trades), Dewey Decl. Ex. 6; Klugman Dep. 110:14-23 (agreeing that Solo Capital would identify counterparties and allocation of shares for each plan), Dewey Decl. Ex. 7; J. van Merkensteijn Dep. 78:11-14 (Solo Capital was bringing the various counterparties),

3


of the various trades that would be executed, including the compensation of the counterparties.[8]

*Second*, the Solo Custodians issued many of the trading confirmations, account statements, and other trading records that SKAT contends were fraudulent. *See* Dewey Decl. Exs. 9, 10, 11.

*Third*, for his efforts, Shah realized significant profits, taking the lion's share of the tax refunds issued by SKAT. *See* Compl. ¶¶ 37, 39, *Skatteforvaltningen v. Michael Ben-Jacob*, No. 1:21-cv-05339, ECF 1, Dewey Decl. Ex. 5.[9]

The parties seek to obtain this evidence under the Hague Evidence Convention because Shah is not a party to this lawsuit, and is a foreign citizen not otherwise subject to the jurisdiction of this Court.

## LEGAL STANDARD

Letters rogatory provide the means for a court in one country to formally request a court in another country to lend it judicial assistance in obtaining evidence or performing some other judicial act. *Lantheus Medical Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 775-76 (S.D.N.Y. 2012). Rule 28(b)(l)(B) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory to enable a U.S. litigant to obtain non-party evidence from a foreign entity. Letters may be sent directly from this Court without transmittal by the State Department. 28 U.S.C. § 1781(b)(2). In considering an application for issuance of letters rogatory, United States courts apply the discovery principles embodied by Rule 26. A party may seek discovery of "any nonprivileged matter that is relevant to any party's

---

207:3-6 ("What Solo provided was what the amount of securities that was available to be purchased would be."), Dewey Decl. Ex. 8.

[8] Markowitz Dep. 169:5-24 ("we allowed or left all of that to Solo . . . that was up to Solo and the brokers to figure that one out. We were not party to those discussion"), 170:19-24 ("It was up to . . . the arrangers to sort out how they brought other counterparties to the trade to make it successful"), Dewey Decl. Ex. 6.

[9] *See* Markowitz Dep. 451:9-453:18, Dewey Decl. Ex. 6; Klugman Dep. 281:25-282:9, Dewey Decl. Ex. 7; J. van Merkensteijn Dep. 86:13-19, 163:4-12, Dewey Decl. Ex. 8.

4

claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party seeking discovery bears the burden of demonstrating that the evidence sought is relevant, but that burden "is not heavy." *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019). "While not 'unlimited, relevance, for purposes of discovery, is an extremely broad concept.'" *Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)). Once relevance is shown, the burden shifts to the party opposing discovery to show that the discovery is improper. *Id*.

## ARGUMENT

The United States and Denmark are both signatories to the Hague Evidence Convention. The parties seek evidence from Shah, currently located in Denmark, to support their claims or defenses in this action.

Recourse to the Hague Evidence Convention is "available whenever [it] will facilitate the gathering of evidence by the means authorized in the Convention." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541 (1987). Letters rogatory are appropriately used to obtain evidence from witnesses who cannot be compelled to appear in a U.S. court. *See In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 259 (S.D.N.Y. 2011). Where, as here, the witness subject to Defendants' motion is not a party to the lawsuit and is not otherwise subject to the jurisdiction of the U.S. court, it is appropriate to turn to the Hague Evidence Convention. *Elliott Assocs. v. Republic of Peru*, Nos. 96 CIV. 7916 & 7917 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997); *Lantheus*, 841 F. Supp. 2d at 782 ("[P]arties seek, and U.S. courts will usually issue, letters rogatory where the court otherwise

lacks jurisdiction to compel discovery[.]"). "The party opposing the issuance of a letter of request must show some good reason to deny the application." *Elliott*, 1997 WL 436493, at *2.

Testimony from Shah may help the jury understand the facts underlying this complex litigation. Shah not only designed the Trading Strategy but was intimately involved in executing it: he identified counterparties, acted as the custodian (through his companies) of Danish shares, informed Defendants of the number of shares available for purchase, arranged for the execution of trades, and gave trade instructions. Additionally, since Shah is currently being tried in Denmark, the details will be fresh in his mind during his deposition. Indeed, Defendants understand that Shah has given 5 days of testimony thus far during his trial, during which he has willingly answered the prosecutor's questions with lengthy explanations of his conduct, including detailed descriptions of the mechanics of the Trading Strategy and his understanding of why the Trading Strategy was lawful.[10][11]

Shah may also help illuminate what Defendants knew about the Trading Strategy. SKAT's theory is that Defendants' knew of the purportedly fraudulent nature of the trades at issue. Defendants expect Shah will rebut that theory, including by explaining what information was (and was not) shared with Defendants—and that he had little to no interaction at all with some of the Defendants. SKAT expects that Shah's testimony may confirm that Defendants

---

[10] *See, e.g.*, *Shah skubber ansvar for centrale vurderinger fra sig*, B.T. (Mar. 20, 2024), https://www.bt.dk/krimi/shah-skubber-ansvar-for-centrale-vurderinger-fra-sig, Dewey Decl. Exs. 12, 13.

[11] In submitting this motion, the parties do not waive any arguments as to the admissibility under the Federal Rules of Evidence of any testimony by Shah on particular issues.

knew, or ought to have known, that the Trading Strategy did not involve any Danish shares or dividends.

Defendants also expect that Shah's testimony can be taken expeditiously and with no interference with the pretrial schedule set by the Court.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant the Motion for Issuance of Request for International Judicial Assistance to Obtain Evidence.

Dated: New York, New York
April 19, 2024

Respectfully submitted,

DEWEY PEGNO & KRAMARSKY LLP

By: /s/ Thomas E.L. Dewey
Thomas E.L. Dewey
Sean K. Mullen
777 Third Avenue – 29th Floor
New York, New York 10017
Tel.: (212) 943-9000
Fax: (212) 943-4325
tdewey@dpklaw.com

KEKER, VAN NEST & PETERS LLP

By: /s/ Elliot R. Peters
Elliot R. Peters
Julia L. Allen
633 Battery Street
San Francisco, CA 94111
Tel.: (415) 962-7188
epeters@keker.com

*Attorneys for Defendant Michael Ben-Jacob*

7

|  | KOSTELANETZ & FINK, LLP |
|---|---|
| By: | /s/ Sharon L. McCarthy |
|  | Sharon L. McCarthy |
|  | 7 World Trade Center, 34th Floor |
|  | New York, New York 10007 |
|  | Tel:   (212) 808-8100 |
|  | Fax:  (212) 808-8108 |
|  | smccarthy@kflaw.com |

*Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, BerninaPension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*

|  | WILMER CUTLER PICKERING HALE AND DORR LLP |
|---|---|
| By: | /s/ Alan E. Schoenfeld |
|  | Alan E. Schoenfeld |
|  | 7 World Trade Center 250 Greenwich Street |
|  | New York, NY 10007 |
|  | Telephone: (212) 230-8800 |
|  | alan.schoenfeld@wilmerhale.com |

*Attorneys for Defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron IndustriesLLC Roth 401(K) Plan, RJM CapitalPension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*

                KATTEN MUNCHIN ROSENMAN LLP

By:   /s/ David L. Goldberg
       David L. Goldberg
       Michael M. Rosensaft
       Zhanna A. Ziering
       50 Rockefeller Plaza
       New York, NY 10020
       Tel.: (212) 940-8800
       Fax: (212) 940-8776
       david.goldberg@katten.com

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail ManufacturingLLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

## APPENDIX A

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| John van Merkensteijn, III | Sharon L. McCarthy<br>Caroline Ciraolo<br>Nicholas S. Bahnsen<br>Kostelanetz & Fink LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>Tel: (212) 808-8100<br>Fax: (212) 808-8108<br>cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com | 18-cv-04833<br>19-cv-01788<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01809<br>19-cv-01810<br>19-cv-01813<br>19-cv-01818<br>19-cv-01865<br>19-cv-01866<br>19-cv-01871<br>19-cv-01873<br>19-cv-01893<br>19-cv-01894<br>19-cv-01906<br>19-cv-01911<br>19-cv-01918<br>19-cv-01924<br>19-cv-01928 |
| Elizabeth van Merkensteijn | | 19-cv-01930<br>19-cv-01931 |
| Azalea Pension Plan | | 19-cv-10713 |
| Basalt Ventures LLC Roth 401(K) Plan | | |
| Bernina Pension Plan | | |
| Bernina Pension Plan Trust | | |
| Michelle Investments Pension Plan | | |
| Omineca Pension Plan | | |
| Omineca Trust | | |

| | | |
|---|---|---|
| Remece Investments LLC Pension Plan<br><br>Starfish Capital Management LLC Roth 401(K) Plan<br><br>Tarvos Pension Plan<br><br>Voojo Productions LLC Roth 401(K) Plan<br><br>Xiphias LLC Pension Plan | | |
| Richard Markowitz<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jocelyn Markowitz<br><br>Avanix Management LLC Roth 401(K) Plan<br><br>Batavia Capital Pension Plan | Alan E. Schoenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Telephone: (212) 230-8800<br>alan.schoenfeld@wilmerhale.com | 18-cv-04833<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01791<br>19-cv-01792<br>19-cv-01806<br>19-cv-01808<br>19-cv-01812<br>19-cv-01815<br>19-cv-01867<br>19-cv-01868<br>19-cv-01869<br>19-cv-01870<br>19-cv-01895<br>19-cv-01896<br>19-cv-01898<br>19-cv-01904<br>19-cv-01906<br>19-cv-01911<br>19-cv-01922<br>19-cv-01924<br>19-cv-01926<br>19-cv-01929 |

| | | |
|---|---|---|
| Calypso Investments Pension Plan<br><br>Cavus Systems LLC Roth 401(K) Plan<br><br>Hadron Industries LLC Roth 401(K) Plan<br><br>RJM Capital Pension Plan<br><br>RJM Capital Pension Plan Trust<br><br>Routt Capital Pension Plan<br><br>Routt Capital Trust | | 19-cv-10713 |
| Robert Klugman<br><br><br><br><br><br>RAK Investment Trust<br><br>Aerovane Logistics LLC Roth 401(K) Plan<br><br>Edgepoint Capital LLC Roth 401(K) Plan<br><br>Headsail Manufacturing LLC Roth 401(K) Plan<br><br>The Random Holdings 401(K) Plan<br><br>The Stor Capital Consulting LLC 401(K) Plan | David L. Goldberg<br>Michael M. Rosensaft<br>Zhanna A. Ziering<br>Katten Munchin Rosenman LLP<br>50 Rockefeller Plaza<br> New York, NY 10020<br>Tel.: (212) 940-8800<br>Fax: (212) 940-8776<br>david.goldberg@katten.com | 18-cv-04434<br>18-cv-07824<br>18-cv-07827<br>18-cv-07828<br>18-cv-07829<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01788<br>19-cv-01791<br>19-cv-01792<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01806<br>19-cv-01808<br>19-cv-01809<br>19-cv-01810<br>19-cv-01812<br>19-cv-01813<br>19-cv-01815<br>19-cv-01818<br>19-cv-01870<br>19-cv-01918<br>19-cv-01922<br>19-cv-01926 |

| | | |
|---|---|---|
| | | 19-cv-01928 |
| | | 19-cv-01929 |
| | | 19-cv-01931 |
| Michael Ben-Jacob | Thomas E. L. Dewey<br>Dewey Pegno & Kramarsky LLP<br>777 Third Avenue – 29th Floor<br>New York, New York 10017<br>Tel.: (212) 943-9000<br>Fax: (212) 943-4325<br>tdewey@dpklaw.com<br><br>Elliot R. Peters<br>Julia L. Allen<br>Keker, Van Nest & Peters LLP<br>633 Battery Street<br>San Francisco, CA 94111<br>Tel.: (415) 962-7188<br>epeters@keker.com | 18-cv-04434<br>18-cv-07824<br>18-cv-07827<br>18-cv-07828<br>18-cv-07829<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01788<br>19-cv-01791<br>19-cv-01792<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01806<br>19-cv-01808<br>19-cv-01809<br>19-cv-01810<br>19-cv-01812<br>19-cv-01813<br>19-cv-01815<br>19-cv-01818<br>19-cv-01866<br>19-cv-01867<br>19-cv-01868<br>19-cv-01869<br>19-cv-01870<br>19-cv-01871<br>19-cv-01873<br>19-cv-01894<br>19-cv-01896<br>19-cv-01918<br>19-cv-01922<br>19-cv-01926<br>19-cv-01928<br>19-cv-01929<br>19-cv-01931<br>21-cv-05339 |