# **EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re | 18-md-02865-LAK |
| CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | **Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters** |
| This document relates to:  The cases identified in Appendix A. | |

---

The United States District Court for the Southern District of New York presents its compliments to the appropriate judicial authority of the Kingdom of Denmark, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter. This request is made pursuant to and in conformity with the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Denmark compel the below named individual to produce testimony.

This Court considers that the evidence sought is directly relevant to issues of fact and law that may influence the final determination of the existence, non-existence, and/or extent of any liability in this matter. It is expected, based on existing timetables, that the trial will begin on January 7, 2025.

The particulars of this Hague Evidence Request are as follows:

1

| | |
|---|---|
| 1. Sender | Honorable Lewis A. Kaplan<br>District Judge<br>United States District Court for the Southern District of New York |
| 2. Central Authority of the Requested State | Ministry of Justice<br>Procedural Law Division<br>Slotsholmsgade 10<br>1216 COPENHAGEN K<br>Denmark |
| 3. Person to whom the executed request is to be returned | Thomas E.L. Dewey<br>Dewey Pegno & Kramarsky, LLP<br>777 Third Avenue, 29th Floor<br>New York, NY 10017<br>Tel.:   (212) 943-9000<br>Fax:   (212) 943-4325<br>Email: tdewey@dpklaw.com |

**4. Specification of the day by which the requesting authority requires receipt of the response to the Letter of Request**

| | |
|---|---|
| **Date** | June 28, 2024 |
| **Reason for Urgency, if applicable** | Trial is scheduled to begin on January 7, 2025 with pretrial motions due August 15, 2024. |

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

| | |
|---|---|
| **5a. Requesting judicial authority (Article 3,a)** | Honorable Lewis A. Kaplan<br>District Judge<br>United States District Court for the Southern District of New York |
| **5b. To the competent authority of (Article 3,a)** | The Kingdom of Denmark |
| **5c. Names of the case and any identifying number** | In re Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Scheme Litigation, 18-md-2865 (LAK) |

2

**6. Names and addresses of the parties and their representatives**

| | |
|---|---|
| **a. Plaintiff** | SKAT<br>Østbanegade 123<br>2200 København Ø<br>Denmark |
| **Representatives** | William R. Maguire<br>Marc A. Weinstein<br>Neil J. Oxford<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, New York 10004-1482<br>United States of America |
| **b. Defendants** | Please refer to the attached Appendix A |
| **Representatives** | Please refer to the attached Appendix A |

**7. Nature of the Proceedings**

    **a. Nature of the Proceedings**

In May and June 2018, Plaintiff SKAT filed 140 similar complaints in eleven different federal judicial districts. On October 3, 2018, the federal complaints were consolidated in this Multi-District Litigation ("MDL") and assigned to the Honorable Lewis A. Kaplan. Since that time, SKAT filed several additional complaints which were consolidated into the MDL. SKAT filed amended complaints in April 2020, which defendants answered on June 29, 2020. On April 1, 2024, the Court scheduled a trial involving a subset of the defendants in the MDL (the "Defendants") to begin on January 7, 2025. Those Defendants seek the evidence requested here.

Defendants are six individuals and 69 pension plans that were qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of

3

the United States Internal Revenue Code, and residents of the United States of America for purposes of U.S. taxation. Defendant pension plans participated in a dividend arbitrage trading strategy. Danish companies are required to withhold 27% tax on dividends they pay to shareholders. Under certain double taxation treaties between Denmark and other countries, including the United States, this tax is reimbursable to certain non-Danish shareholders, including pension plans qualified under section 401(a) of the Internal Revenue Code. Defendant pension plans, acting through others, applied to SKAT claiming repayments of tax withheld on dividends that they earned on shares of Danish companies that they held. SKAT paid one or more of those tax repayments. Now, SKAT claims that Defendant pension plans did not own the shares forming the basis of those tax reclaim applications and that it should not have paid the refund payments.

The witness whose testimony is sought pursuant to this Letter of Request is Sanjay Shah, the founder of the firm Solo Capital Partners and who is currently being tried in Danish courts on charges of criminal fraud. SKAT alleges that Sanjay Shah designed and operated the dividend arbitrage trading strategy conducted by Defendant pension plans. The Defendants seek to examine Sanjay Shah about his Danish dividend arbitrage strategy so that the Court in New York can receive in admissible form a record of his testimony for the benefit of the jury.

**b. Summary of Complaints**

The allegations in Plaintiff SKAT's complaints in each of the consolidated actions are substantially similar. SKAT brought complaints against the pension plans that received dividend withholding tax refunds, individuals who they posit signed powers of attorney authorizing Payment Agents to submit dividend withholding tax refund claims to SKAT, and defendants who incorporated business entities they claim are associated with the pension plans. SKAT has also

brought claims against defendants it claims aided and abetted the other defendants. The conduct at the heart of Plaintiff SKAT's complaints—the dividend arbitrage trading strategy designed by Shah—is alleged to have occurred between 2012 and 2015. Plaintiff SKAT asserts claims for fraud, aiding and abetting fraud, civil conspiracy, payment by mistake, unjust enrichment, negligent misrepresentation, and related claims.

### c. Summary of Defenses

Defendants deny all allegations of wrongdoing made by SKAT and assert numerous defenses to SKAT's allegations. Among many other defenses, Defendants maintain that they acted at all times reasonably and with due care, reasonably relied upon the actions and statements of others, and did not directly or indirectly cause, induce, aid, or abet any acts constituting the claims asserted by SKAT. Defendants also assert that they did not act with the mental state required by SKAT's claims, among other reasons because they relied directly or indirectly on documents, statements, and information provided by Sanjay Shah and others.

| | |
|---|---|
| **8a. Evidence to be obtained or other judicial act to be performed (Article 3,d)** | Defendants seek testimony from Sanjay Shah |
| **8b. Purpose of the evidence or other judicial act sought** | The witness's testimony is relevant to establishing one or more of the Defendants' defenses in this action. |
| **9. Identity and address of any person to be examined (Article 3,e)** | Sanjay Shah is the founder of Solo Capital Partners ("Solo") and is currently being tried in Danish courts on charges of tax fraud.<br>On information and belief, Sanjay Shah is currently in the custody of Danish authorities. |

**10. Questions to be put to the person to be examined or statement of the subject-matter about which they are to be examined (Article 3,f)**

    a. Definitions

      i.      "Dividend Arbitrage Trading Strategy" – the trading strategy developed by Sanjay Shah that SKAT alleges involved fraudulent claims for repayments of tax withheld on dividends issued on shares of Danish companies.

**b. Subject of Testimony**

The subject of Sanjay Shah's testimony will be:

i. Sanjay Shah's and Solo's development of the Dividend Arbitrage Trading Strategy;

ii. The mechanics and component parts of the Dividend Arbitrage Trading Strategy;

iii. Sanjay Shah's and Solo's operation of the Dividend Arbitrage Trading Strategy;

iv. Sanjay Shah's understanding of whether the Dividend Arbitrage Trading Strategy complied with Danish law, and basis thereof;

v. Sanjay Shah's and Solo's communications with Defendants concerning the Dividend Arbitrage Trading Strategy;

vi. Sanjay Shah's relationship with and related business dealings with certain of the Defendants prior to the Dividend Arbitrage Trading Strategy;

vii. Due diligence and related research conducted by certain of the Defendants of Sanjay Shah and Solo prior to onboarding as clients of Solo;

viii. Representations by Sanjay Shah concerning FCA authorization or similar regulatory approval of Solo business activities;

    ix.    Whether Solo or any other custodian or sub-custodian held custody of any Danish shares as part of the Dividend Arbitrage Trading Strategy;

    x.    Whether Solo or any other entity engaged in any actual transfers of shares or cash in connection with the purchase or sale of any shares, or received any actual cash, directly or indirectly, from dividends from any Danish company as part of the Dividend Arbitrage Trading Strategy;

    xi.    How Sanjay Shah and Solo, or any related entity, distributed the proceeds of the refunds paid by SKAT as a result of the Defendant pension plans' refund applications; and

    xii.    Whether Sanjay Shah testified in pending civil proceedings in England, and recognizes the transcripts of those proceedings as his testimony.

**11. Documents or other property to be inspected (Article 3,g)**

    N/A.

| | |
|---|---|
| **12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3,h)** | The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the law of the Kingdom of Denmark. The testimony shall be given under oath. |
| **13. Special methods or procedure to be followed (Articles 3,i and 9)** | The United States District Court for the Southern District of New York respectfully requests that:<br><br>a. The Parties' United States and Danish lawyers be permitted to examine and cross-examine the witnesses directly and consistent with the Federal Rules of Civil Procedure of the United States;<br><br>b. In the event the examination is conducted by the Danish Court, the Parties request the opportunity to submit to the Court in advance a list of questions to be posed to the witness that pertain to the subjects of testimony indicated in Section 10(b), and that the Parties' United States and Danish lawyers be |

  permitted to attend the oral testimony and ask supplementary questions to the witness;

c. Or the Danish Court should conduct the examination in any way it deems appropriate pursuant to applicable law;

d. The Parties' United States and Danish lawyers be allowed to participate in the examination of the requested witness by video-conference per the enclosed 'Optional Form For Video-Link Evidence,' as practicable and in discussion with the Ministry of Justice regarding technical logistics and that the video-conference be recorded and a copy provided to the Parties;

e. Oral testimony of the witnesses be videotaped and recorded verbatim, and that a professional videographer and a professional stenographer be permitted to attend the oral testimony in order to record the testimony; the costs of the court reporter or of the videographer being at the charge of defendants.

| | |
|---|---|
| **14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)** | It is requested that testimony be taken at such place, date or time as ordered by the Ministry of Justice and/or as otherwise scheduled by the representatives of the Defendants and/or as otherwise agreed to by the witnesses and the respective representatives of the Parties.<br><br>Notice thereof should be made to Defendants' Danish designee:<br><br>Kasper Bech Pilgaard<br>TVC Law Firm<br>Nimbusparken 24, 2d fl., 2000 Frederiksberg, Copenhagen, Denmark |
| **15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)** | None. |

8

| | |
|---|---|
| **16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11,b)** | Under the laws of the United States, a party has a privilege to refuse to disclose the contents of a confidential communication between that party and an attorney that was made for the purpose of obtaining legal advice. Waiver of the privilege over some communications, in some circumstances, can be deemed a waiver of privilege over other communications concerning the same subject matter.<br><br>Parties also enjoy limited privileges not relevant here, such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.<br><br>United States law also in certain circumstances recognizes a testimonial privilege against compulsory criminal self-incrimination.<br><br>Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created by attorneys in anticipation of litigation. |
| **17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by** | Defendants |

Date of Request:

_____
Signature and Seal of the Requesting Authority

9

**APPENDIX A**

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| John van Merkensteijn, III | Sharon L. McCarthy<br>Caroline Ciraolo<br>Nicholas S. Bahnsen<br>Kostelanetz & Fink LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>Tel: (212) 808-8100<br>Fax: (212) 808-8108<br>cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com | 18-cv-04833<br>19-cv-01788<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01809<br>19-cv-01810<br>19-cv-01813<br>19-cv-01818<br>19-cv-01865<br>19-cv-01866<br>19-cv-01871<br>19-cv-01873<br>19-cv-01893<br>19-cv-01894<br>19-cv-01906<br>19-cv-01911<br>19-cv-01918<br>19-cv-01924<br>19-cv-01928 |
| Elizabeth van Merkensteijn | | 19-cv-01930<br>19-cv-01931<br>19-cv-10713 |
| Azalea Pension Plan | | |
| Basalt Ventures LLC Roth 401(K) Plan | | |
| Bernina Pension Plan | | |
| Bernina Pension Plan Trust | | |
| Michelle Investments Pension Plan | | |
| Omineca Pension Plan | | |
| Omineca Trust | | |

| | | |
|---|---|---|
| Remece Investments LLC Pension Plan<br><br>Starfish Capital Management LLC Roth 401(K) Plan<br><br>Tarvos Pension Plan<br><br>Voojo Productions LLC Roth 401(K) Plan<br><br>Xiphias LLC Pension Plan | | |
| Richard Markowitz<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jocelyn Markowitz<br><br>Avanix Management LLC Roth 401(K) Plan | Alan E. Schoenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Telephone: (212) 230-8800<br>alan.schoenfeld@wilmerhale.com | 18-cv-04833<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01791<br>19-cv-01792<br>19-cv-01806<br>19-cv-01808<br>19-cv-01812<br>19-cv-01815<br>19-cv-01867<br>19-cv-01868<br>19-cv-01869<br>19-cv-01870<br>19-cv-01895<br>19-cv-01896<br>19-cv-01898<br>19-cv-01904<br>19-cv-01906<br>19-cv-01911<br>19-cv-01922<br>19-cv-01924<br>19-cv-01926 |

11

| | | |
|---|---|---|
| Batavia Capital Pension Plan<br><br>Calypso Investments Pension Plan<br><br>Cavus Systems LLC Roth 401(K) Plan<br><br>Hadron Industries LLC Roth 401(K) Plan<br><br>RJM Capital Pension Plan<br><br>RJM Capital Pension Plan Trust<br><br>Routt Capital Pension Plan<br><br>Routt Capital Trust | | 19-cv-01929<br>19-cv-10713 |
| Robert Klugman<br><br><br><br><br>RAK Investment Trust<br><br>Aerovane Logistics LLC Roth 401(K) Plan<br><br>Edgepoint Capital LLC Roth 401(K) Plan<br><br>Headsail Manufacturing LLC Roth 401(K) Plan<br><br>The Random Holdings 401(K) Plan<br><br>The Stor Capital Consulting LLC 401(K) Plan | David L. Goldberg<br>Michael M. Rosensaft<br>Zhanna A. Ziering<br>Katten Munchin Rosenman LLP<br>50 Rockefeller Plaza<br> New York, NY 10020<br>Tel.: (212) 940-8800<br>Fax: (212) 940-8776<br>david.goldberg@katten.com | 18-cv-04434<br>18-cv-07824<br>18-cv-07827<br>18-cv-07828<br>18-cv-07829<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01788<br>19-cv-01791<br>19-cv-01792<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01806<br>19-cv-01808<br>19-cv-01809<br>19-cv-01810<br>19-cv-01812<br>19-cv-01813<br>19-cv-01815<br>19-cv-01818<br>19-cv-01870<br>19-cv-01918<br>19-cv-01922 |

|  |  |  |
|---|---|---|
|  |  | 19-cv-01926 |
|  |  | 19-cv-01928 |
|  |  | 19-cv-01929 |
|  |  | 19-cv-01931 |
| Michael Ben-Jacob | Thomas E. L. Dewey<br>Dewey Pegno & Kramarsky LLP<br>777 Third Avenue – 29th Floor<br>New York, New York 10017<br>Tel.: (212) 943-9000<br>Fax: (212) 943-4325<br>tdewey@dpklaw.com<br><br>Elliot R. Peters<br>Julia L. Allen<br>Keker, Van Nest & Peters LLP<br>633 Battery Street<br>San Francisco, CA 94111<br>Tel.: (415) 962-7188<br>epeters@keker.com | 18-cv-04434<br>18-cv-07824<br>18-cv-07827<br>18-cv-07828<br>18-cv-07829<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01788<br>19-cv-01791<br>19-cv-01792<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01806<br>19-cv-01808<br>19-cv-01809<br>19-cv-01810<br>19-cv-01812<br>19-cv-01813<br>19-cv-01815<br>19-cv-01818<br>19-cv-01866<br>19-cv-01867<br>19-cv-01868<br>19-cv-01869<br>19-cv-01870<br>19-cv-01871<br>19-cv-01873<br>19-cv-01894<br>19-cv-01896<br>19-cv-01918<br>19-cv-01922<br>19-cv-01926<br>19-cv-01928<br>19-cv-01929<br>19-cv-01931<br>21-cv-05339 |