# EXHIBIT 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: 1:19-cv-01867-LAK, 1:19-cv-01868-LAK, 1:19-cv-01869-LAK, 1:19-cv-01895-LAK, 1:19-cv-01896-LAK, 1:19-cv-01898-LAK, 1:19-cv-01904-LAK, 1:19-cv-01906-LAK, 1:19-cv-01911-LAK, 1:19-cv-01924-LAK | Master Docket 18-md-02865 (LAK)<br>ECF Case |

**RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, and the Routt Capital Pension Plan ("Plan Defendants"), together with Richard Markowitz and Jocelyn Markowitz (collectively, "Defendants"), by and through the undersigned counsel, submit the following initial disclosures to Plaintiff Skatteforvaltningen ("Plaintiff"). These initial disclosures are based on information reasonably available to Defendants as of this date. Defendants reserve the right to supplement, revise, or otherwise amend the disclosures made herein as the litigation continues and additional information becomes available. By making these disclosures, Defendants do not represent that they are identifying every document, tangible thing, or witness that may be relevant to all issues that may be raised in this litigation. Nor do Defendants waive their rights to object to any requests for discovery on the basis of any privilege, the work-product doctrine, relevance, undue burden, competency, materiality, hearsay, or any other valid basis, or the right to object to the use of any

information disclosed for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action.

Defendants' disclosures represent a good faith effort to identify information Defendants reasonably believe is required by Rule 26(a)(l). The disclosures set forth below are made subject to the above objections and qualifications.

**I.     Individuals Likely To Have Discoverable Information (Fed. R. Civ. P. 26(a)(1)(A)(i))**

Based on information reasonably available to Defendants at the present time, Defendants identify the following individuals who may be likely to have discoverable information that Defendants may use to support their defenses, unless such use is solely for impeachment, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). Defendants reserve the right to supplement their disclosures if they identify any further individuals with discoverable information relevant to their defenses.

| Name of Individual | Contact Information, if Known | Subject(s) of Knowledge |
|---|---|---|
| Richard Markowitz | Richard Markowitz<br>c/o Alan Schoenfeld<br>WILMER CUTLER PICKERING HALE & DORR LLP<br>7 World Trade Center<br>New York, NY 10007 | • Formation and operation of the Plan Defendants<br>• Transactions in Danish securities by the Plan Defendants<br>• Reclaim of dividend withholding tax |
| Adam LaRosa | Adam LaRosa<br>c/o Richard Weinberg<br>MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC<br>565 Fifth Avenue<br>New York, NY 10017 | • Process of trading on Solo Capital trading platform |
| Sanjay Shah | Unknown | • Mechanics and execution of transactions in Danish securities |
| Graham Horn | Unknown | • Mechanics and execution of transactions in Danish securities |

| | | |
|---|---|---|
| Rajen Shah | Unknown | • Mechanics and execution of transactions in Danish securities |
| Additional Employees of Solo Capital | Unknown | • Mechanics and execution of transactions in Danish securities |
| Unnamed representative of Acupay System LLC | Unknown | • Reclaim applications submitted on behalf of Plan Defendants |
| Unnamed representative of GOAL TaxBack Limited | Unknown | • Reclaim applications submitted on behalf of Plan Defendants |
| Unnamed representative of Syntax GIS Ltd. | Unknown | • Reclaim applications submitted on behalf of Plan Defendants |
| Sven Nielsen | Unknown | • SKAT's processing of reclaim applications |
| Lisbeth Rømer | Unknown | • SKAT's processing of reclaim applications |
| Additional Employees of Skatteforvaltningen | Unknown<br>c/o Sarah Cave<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, NY 10004 | • The allegations in the complaint<br>• SKAT's approval of reclaim applications |

      Defendants have not identified all employees or persons otherwise under the control of Plaintiff who may have discoverable information that Defendants may use to support defenses, as information about the identity of all such individuals is currently in Plaintiff's possession. Defendants reserve the right to seek discovery from, and relating to, other persons that may subsequently become known as persons likely to have discoverable information on which Defendants may use to support their defenses. Defendants further reserve the right to modify and supplement the above list and to identify and call as witnesses additional persons if, during the course of discovery and investigation relating to this case, Defendants learn that such additional persons have knowledge or information that Defendants may use to support their defenses. Defendants specifically reserve the right to call any deponent or declarant in this

action as a trial witness to testify regarding matters covered in his/her deposition or declaration and/or to rely on any such testimony in support of their defenses in this case. Defendants further specifically reserve the right to call any individual(s) identified in Plaintiff's disclosures.

## II.    Documents (Fed. R. Civ. P. 26(a)(1)(A)(ii))

Pursuant to Rule 26(a)(1)(A)(ii), and based on the information reasonably available at this time, the following categories of documents, electronically stored information, and tangible things believed to be in the possession, custody or control of Defendants may be used to support Defendants' defenses, unless such use is solely for impeachment:

1. Documentation related to the formation and operation of Plan Defendants.
2. Documentation concerning transactions in Danish securities.
3. Documentation related to dividend withholding reclaim application and payment.

Defendants will produce or make the documents above available, subject to any applicable privacy or other restrictions, and at such time specified by the Federal Rules of Civil Procedure, the Local Rules, and/or any applicable scheduling order. Notwithstanding the identification of these categories of documents, Defendants reserve the right to object to the production of documents on any basis, including but not limited to the bases that the information sought: (i) is not relevant; (ii) is protected from disclosure by an applicable privilege, doctrine, or immunity; (iii) would be unduly burdensome or expensive to produce; or (iv) contains third-party confidential information and cannot be produced without that party's notification and consent.

In addition to the above-described documents, Defendants expect that experts may identify documents used to support their opinions pertaining to the issues in this case during the course of fact and expert discovery. Further, Defendants may rely upon publicly available documents and documents that may be obtained through discovery or are otherwise produced by

Plaintiff and/or from third parties. Because discovery, investigation, and analysis of these matters are ongoing and incomplete at this time, Defendants expect to discover additional documents and/or tangible things upon which it may rely to support its defenses and therefore reserves the right to supplement this information accordingly.

### III.     Computation of Damages (Fed. R. Civ. P. 26(a)(1)(A)(iii))

Defendants deny that Plaintiff is entitled to any damages whatsoever from Defendants because Defendants do not believe that Plaintiff has suffered any damages as a result of any conduct by Defendants. Defendants reserve their right to seek reasonable attorneys' fees, costs, and expenses incurred in defending this action. These fees and costs and the amount of any other relief that may be deemed appropriate are not susceptible to calculation at this time. Defendants are not presently seeking damages in this case.

### IV.     Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(A)(iv))

As stated above, Defendants deny that Plaintiff is entitled to any damages from Defendants. Defendants are not currently aware of any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment that may be entered in the captioned action or to indemnify or reimburse either Defendant for payments made to satisfy such a judgment.

Dated: June 12, 2019
      New York, New York

*Alan E. Schoenfeld*/AMS
ALAN E. SCHOENFELD
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7294
alan.schoenfeld@wilmerhale.com

*Attorney for Defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, and Routt Capital Pension Plan*

- 6 -