**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case nos.: 18-cv-07828;
19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-
01781; 19-cv-01783; 19-cv-01866; 19-cv-01895;
19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-
01798; 19-cv-01869; 19-cv-01922; 19-cv-01800;
19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-
01791; 19-cv-01792; 19-cv-01928; 19-cv-01926;
19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-
01803; 19-cv-01806; 19-cv-01906; 19-cv-01801;
19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-
01809; 18-cv-04833; 19-cv-01911; 19-cv-01898;
19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-
01813; 19-cv-01930; 18-cv-07829; 18-cv-04434;
19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-
01918; 19-cv-01873; 19-cv-01924; 19-cv-10713;
21-cv-05339.

MASTER DOCKET

18-md-2865 (LAK)

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICAL
ASSISTANCE TO OBTAIN EVIDENCE (LETTER ROGATORY)**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ........................................................................................................................2

LEGAL STANDARD...................................................................................................................4

ARGUMENT ............................................................................................................................5

I.      The Court Should Issue SKAT's Proposed Letter Rogatory for Patterson's
        Testimony if the Court Issues Defendants' Proposed Letter Rogatory .............................5

II.     Defendants' Opposition to SKAT's Motion is Meritless ...................................................6

CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496
(S.D.N.Y. Mar. 31, 2014) ...................................................................................5

*Carroll v. Trump*, No. 22-cv-10016 (LAK), 2023 WL 2652636 (S.D.N.Y. Mar.
27, 2023) ..........................................................................................................8, 9

*Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930, 2002 WL 1159699
(S.D.N.Y. May 31, 2002)....................................................................................7

*Howard Univ. v. Borders*, No. 20-cv-04716 (LJL), 2022 WL 3568477 (S.D.N.Y.
Aug. 17, 2022) ....................................................................................................9

*Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433
(S.D.N.Y. July 25, 2016) ...................................................................................5

*Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769
(S.D.N.Y. 2012) ..............................................................................................4, 6

*Leong v. 127 Glen Head Inc.*, No. CV 13-5528 (ADS) (AKT), 2016 WL 845325
(E.D.N.Y. Mar. 2, 2016) .....................................................................................9

*Nabulsi v. Nahyan* No. H-06-2683, 2009 WL 1658017 (S.D. Tex. June 12, 2009).......................7

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of
Iowa*, 482 U.S. 522, 107 S. Ct. 2542 (1987)....................................................5

*United States v. SLH2021 S.A.*, No. 23-cv-2305, 2023 WL 5146470 (E.D. La.
Aug. 10, 2023) ....................................................................................................7

**Statutes and Rules**

28 U.S.C. § 1781(b)(2) ...................................................................................................4, 5

Fed. R. Civ. P 12(b)(1)....................................................................................................1

Fed. R. Civ. P 26 ..........................................................................................................5, 9

Fed. R. Civ. P  26(a) .......................................................................................................8

Fed. R. Civ. P 26(a)(1)................................................................................................2, 6

Fed. R. Civ. P 26(e) ........................................................................................................8

Fed. R. Civ. P 28(b)(1)(B) ....................................................................................4

Fed. R. Civ. P  30.65 ............................................................................................7

Fed. R. Civ. P  30.66 ............................................................................................7

Fed. R. Civ. P 30.67 .............................................................................................7

Fed. R. Civ. P 37(c)(1) ..........................................................................................8

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in support of its motion for issuance of a letter of request to obtain testimony from a witness, Anthony Mark Patterson, in Denmark pursuant to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").  A proposed letter rogatory is attached as Exhibit 1 to the Declaration of Marc A. Weinstein, dated May 2, 2024 (the "Weinstein Decl.").

## PRELIMINARY STATEMENT

Should the Court issue defendants' proposed letter of request to the Danish judicial authorities seeking Sanjay Shah's testimony,[1] the Court should also issue a letter of request to Denmark for the testimony of Anthony Mark Patterson, a former employee of Solo Capital Partners and Shah who recently pleaded guilty to criminal fraud charges in Denmark and is now in a Danish prison serving an eight-year sentence imposed by the Danish District Court in Glostrup, Denmark.

In seeking Shah's testimony, defendants assert they expect he "would provide a detailed explanation of the Trading Strategy" SKAT alleges was fraudulent and note that in his testimony at his criminal trial in Denmark, Shah has given "his understanding of why the Trading Strategy was lawful." (ECF No. 984 at 4, 7–8.)  Patterson, by contrast, admitted during his criminal proceeding that Shah's and defendants' "trading strategy" that supposedly entitled the defendant pension plans to the refunds of supposedly withheld tax they claimed was in fact "a circular

---

1. *See* First Mot. to Amend/Correct Mot. for Issuance of a Request for Int'l Judicial Assistance to Obtain Evidence in Denmark, No. 18-md-02865-LAK, ECF Nos. 983–85.  SKAT initially joined in defendants' motion provided trial commences, as scheduled, on January 7, 2025, irrespective of whether the Danish judicial authorities have executed any letter of request issued by the Court or Shah's testimony has been taken in Denmark, while reserving its rights with respect to the admissibility of any testimony obtained from Shah.  SKAT, however, does not join in defendants' revised motion and intends to submit a response thereto because SKAT's position is that it does not adequately address the Court's concerns raised at the April 26, 2024 conference.

closed system" where "[n]o dividends came from outside, and therefore no dividend tax had been paid." (Weinstein Decl. Ex. 2 (Patterson Criminal Judgment) at 4.)

Thus, if the Court issues defendants' proposed letter of request for Shah's testimony for potential use at trial, the Court should also in fairness issue a request for Patterson's testimony for the same purpose. Notwithstanding the Court's issuance of either or both proposed letters of request, however, trial should still commence, as scheduled, on January 7, 2025, regardless of whether Shah's and Patterson's testimony, or testimony from just one of them, has been taken in Denmark and is available for use at trial.

Defendants, while themselves belatedly seeking Shah's testimony, oppose SKAT's motion because SKAT did not seek Patterson's testimony during discovery or include him in its Federal Rule of Civil Procedure 26(a)(1) initial disclosures. But defendants likewise made no attempt to obtain Shah's testimony during discovery, and nor have they shown that he was unavailable during that period. Further, SKAT informed defendants of its intention to seek Patterson's testimony as soon as it decided to do so in response to defendants' proposal to seek a letter of request for Shah's testimony. And, in any event, defendants, at least some of whom have known all along about Patterson's role in the fraud and identified unnamed Solo Capital employees, such as Patterson, in their own initial disclosures, will suffer no prejudice because they will be able to participate in any examination of Patterson in Denmark to the same extent as SKAT.

## BACKGROUND

On March 1, 2024, the Danish District Court in Glostrup, Denmark entered judgment against Patterson after he pleaded guilty to charges of "complicity" and "attempted complicity in fraud of a particularly aggravating nature" under the Danish Criminal Code. (Weinstein Decl. Ex. 2 at 1–2.) The charges were based on Patterson's "having contributed, unlawfully and on an

2

incorrect basis, to the application for reimbursement of Danish dividend tax in 2,996 instances on behalf of 185 US pension funds," including many of the defendant plans in these actions, "and 24 Malaysian Labuan companies," and having attempted to do the same with respect to "the application for reimbursement of Danish dividend tax in 160 instances . . . in order to mislead the employees of [SKAT] to believe that the investors concerned were entitled to receive the tax refund." (*Id.* at 1–2.)

In particular, the Danish prosecutors charged that Patterson, "as an employee or consultant of companies belonging to Sanjay Shah . . . assisted in the [organization] and operation of a closed trading system within the framework of the companies owned by [Shah] . . . through which the investors entered into agreements for the purchase of Danish listed shares . . . which trades were fictitious or of such nature that the investors did not thereby receive any dividends from the issuer of the shares or a right thereto." (*Id.* at 1.) Rather, "the transactions were constructed" such that "agreements on buying/selling or lending/borrowing of shares were entered into in predetermined circular constellations between parties who did not already hold shares" and "no money or shares were exchanged." (*Id.*) Based on these "transactions," "the Solo Group issued . . . dividend credit advice slips to the investors, which incorrectly stated that the investors . . . had received share dividends from which Danish dividend tax of 27% was withheld." (*Id.* at 2.)

Patterson "unreservedly pleaded guilty" to the charges and based on his guilty plea and testimony before the Danish Court, "including about his knowledge and understanding of the matters, and in conjunction with the other evidence of the case," the Court found Patterson "guilty as charged." (*Id.* at 8.) In particular, Patterson testified that he "joined Solo in March 2013," "where he was to help manage the customers with their trading activities." (*Id.* at 4.) The

number of "shares" the "customers" "should buy" was "controlled centrally" by Solo, which Patterson noted "was quite unusual." (*Id.* at 4.)

By "autumn and winter of 2013," Patterson "understood the exact way in which" the purported trading "took place" and "he could see that something was wrong." (*Id.*)  "It was a circular closed system where nothing came in from outside," *i.e.*, "[n]o dividends came from outside, and therefore no dividend tax had been paid." (*Id.*)

"After having [realized] at the end of 2013 that it was a circular closed trading system," Patterson "moved to Dubai in the beginning of 2014" because "Shah told him that it was advantageous for him" to do so. (*Id.* at 6.)  There, "he established Fiveways Consultancy, and through that company he continued working for" Shah and Shah's entities Ganymede Cayman Ltd. and Elysium Global Dubai. (*Id.*)  Patterson admitted that "from the end of 2013 he [realized] that something was wrong and that he nevertheless continued to work for Shah, even though he knew that it was wrong." (*Id.* at 7.)  He testified that he did it "because of the money," *i.e.*, he "knew that he would be paid a substantial amount." (*Id.*)  While Patterson's salary at Solo was "GBP 60,000 a year" and "100,000 dirham per month" after he moved to Dubai, Shah paid him "approximately DKK 100 million" "[o]n top of" his salary. (*Id.* at 4, 6–7.)

## LEGAL STANDARD

Letters rogatory are the means by which a court in one country can formally request that a court in another country lend its judicial assistance in obtaining evidence or performing some other judicial act. *See Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 775–76 (S.D.N.Y. 2012).  Federal Rule of Civil Procedure 28(b)(1)(B) and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory for evidence in a foreign country. Letters can be sent directly from this Court without transmittal by the U.S. State Department.  28 U.S.C. § 1781(b)(2).

4

In considering an application for issuance of letters rogatory, United States courts apply the discovery principles embodied in Federal Rule of Civil Procedure 26. The party seeking discovery bears the burden of demonstrating that the evidence sought is relevant. *See Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014). "While not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (internal quotation omitted). Once relevance is shown, the burden shifts to the party opposing discovery to show that the discovery is improper. *See id.*

## ARGUMENT

I.   **The Court Should Issue SKAT's Proposed Letter Rogatory for Patterson's Testimony if the Court Issues Defendants' Proposed Letter Rogatory.**

If the Court ultimately issues defendants' proposed letter rogatory seeking Shah's testimony, the Court should likewise issue SKAT's proposed letter rogatory seeking Patterson's testimony in Denmark.

As an initial matter, issuing SKAT's proposed letter rogatory under the Hague Convention is appropriate. Both the United States and Denmark are signatories to the Convention.[2] And recourse to the Convention is "available whenever [it] will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541, 107 S. Ct. 2542, 2554 (1987). Where, as here, the witness is not a party to the lawsuit and is not otherwise subject to the Court's jurisdiction, the Court may issue a letter rogatory under the Convention for

---

2.   *See Hague Evidence Convention Status Table*, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid+82.

5

the witness' testimony.  *See Lantheus*, 841 F. Supp. 2d at 782 ("parties seek, and U.S. courts will usually issue, letters rogatory where the court otherwise lacks jurisdiction to compel discovery").

Further, the testimony SKAT seeks from Patterson is unquestionably relevant to the parties' claims and defenses in these actions.  Nor do defendants contend otherwise.  SKAT expects that Patterson will testify, as he did in pleading guilty to criminal fraud in Denmark, that Shah and defendants' "trading strategy" was a fraudulent scheme comprised of fictitious, circular transactions that did not result in the defendant plans owning any Danish shares or receiving any dividends on Danish shares from which tax was withheld.  To the extent the jury is to hear Shah's self-serving testimony on the "trading strategy," it should likewise hear from Patterson, including his admissions against his own interests.

## II.     Defendants' Opposition to SKAT's Motion is Meritless.

Defendants oppose the issuance of a letter rogatory for Patterson's testimony, while simultaneously urging the Court to issue one for Shah.  First, because Patterson is supposedly differently situated than Shah, in that Patterson was awaiting extradition in England, a signatory to the Hague Convention, during the discovery period, while Shah was in the United Arab Emirates, which has not joined the Convention.  And, second, because SKAT did not include Patterson in its Rule 26(a)(1) initial disclosures.  Neither argument has merit.

<u>First</u>, defendants' argument that they did not attempt to take Shah's testimony during discovery because he was supposedly unavailable rings hollow.  While the United Arab Emirates is not a signatory to the Hague Convention, the Dubai International Financial Centre ("DIFC") courts have established rules for obtaining evidence in response to letters rogatory from foreign courts that defendants could have attempted to use to obtain Shah's testimony.[3]  Indeed, the

---

3.   In particular, under Rule 30.65 of the DIFC courts' rules, "[w]here an application is made to the Court for an order for evidence to be obtained in the DIFC and the Court is satisfied (1) that the application is made in

DIFC courts executed a letter rogatory issued by a U.S. court for testimony from witnesses located in the United Arab Emirates in March 2021, *i.e.*, more than eight months before discovery closed in these actions in December 2021.  (*See* Weinstein Decl. Ex. 3 ((1) Levent (2) Lexie v. Lilika [2021] DIFC CFI 030).)[4]

Further, defendants have made no showing that they attempted to obtain Shah's testimony voluntarily, without the need for a letter of request, notwithstanding that Shah was interviewed by the press during the discovery period.[5]  And even after Shah was extradited to Denmark in December 2023, defendants still waited another four months, until after he began testifying in his criminal trial, to move for a letter rogatory seeking his testimony, which defendants acknowledged at the March 28, 2024 conference was in part a strategic decision

---

pursuance of a request issued by or on behalf of a court . . . exercising jurisdiction in . . . a country or territory outside the UAE; and (2) that the evidence to which the application relates is to be obtained for the purposes of proceedings which . . . have been instituted before the requesting court;" then "the Court shall have the powers conferred on it by" the subsequent sections.  And Rule 30.66, in turn, provides that "[t]he Court shall have the power, on an application under Rule 30.65, by order to make such provision for obtaining evidence in the DIFC as may appear to the Court to be appropriate for the purpose of giving effect to the request in pursuance to which the application is made."  And Rule 30.67 further specifies that the Court may issue "an order under Rule 30.66 . . . for the examination of witnesses, either orally or in writing."  (Part 30, DIFC COURTS, https://www.difccourts.ae/rules-decisions/rules/part-30.)

4.   The cases on which defendants rely do not establish that the DIFC courts would not have executed a letter rogatory seeking Shah's testimony while he was in Dubai.  (ECF No. 984 at 2–3.)  In *Dubai Islamic Bank v. Citibank, N.A.*, the court held that "[t]he fact that letters rogatory regarding some of the witnesses" whose depositions defendant sought in New York were "pending in Dubai" did not preclude defendant "from conducting normal discovery in accordance with the Federal Rules."  No. 99 Civ. 1930, 2002 WL 1159699, at *15 (S.D.N.Y. May 31, 2002).  That the court noted, over twenty years ago and before the DIFC courts were established, that the letters rogatory had been "pending a long time[] and may ultimately prove fruitless" says nothing about whether a letter rogatory to the DIFC courts for Shah's testimony would have been fruitful.  *Id.* And the court's quotation in *Nabulsi v. Nahyan* of a process server's statement that the United Arab Emirates is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents and that "the U.A.E. does not make use of Letters Rogatory" likewise has no bearing on whether the DIFC courts would have executed a letter of request for Shah's testimony.  No. H-06-2683, 2009 WL 1658017, at *5 (S.D. Tex. June 12, 2009).  Nor is it relevant if "the UAE Code of Civil Procedure" does not include "any provisions for the taking of witness evidence for use in another jurisdiction," *United States v. SLH2021 S.A.*, No. 23-cv-2305, 2023 WL 5146470, at *6 (E.D. La. Aug. 10, 2023), where the DIFC courts' rules do include such provisions.

5.   *See, e.g.*, Weinstein Decl. Ex. 4 (*Exiled Trader Accused of Fraud Says Denmark Offered Four Years in a 'Nice Cell'*, BLOOMBERG, Oct. 7, 2020, https://www.bloomberg.com/news/articles/2020-10-07/cum-ex-exile-shah-says-danes-offered-four-years-in-a-nice-cell).

based on the substance of Shah's testimony in Denmark.[6] Thus, Patterson and Shah were not differently situated, as defendants contend, such that SKAT could have previously obtained Patterson's testimony while defendants could not have deposed Shah.

Second, Federal Rule of Civil Procedure 37(c)(1) would not, as defendants contend, preclude SKAT from presenting Patterson's testimony at trial because SKAT did not identify Patterson in its initial disclosures. SKAT did not intend to rely on Patterson's testimony at trial when it made its initial disclosures and SKAT fulfilled its obligation to supplement its initial disclosures under Federal Rule of Civil Procedure 26(e) by informing defendants that it intended to seek a letter rogatory for Patterson's testimony for potential use at trial as soon as it decided to do so in response to defendants' own belated motion for Shah's testimony.

And even assuming *arguendo* that SKAT somehow should have identified Patterson as a potential witness earlier, any such failure to do so was harmless. "The fundamental purpose of Rule 37(c)(1) . . . is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Carroll v. Trump*, No. 22-cv-10016 (LAK), 2023 WL 2652636, at *8 (S.D.N.Y. Mar. 27, 2023) (internal quotation omitted). Thus, even where a party "fails to . . . identify a witness as required by Rule 26(a) or (e)," preclusion is not required where such "failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

SKAT is not "sandbagging" defendants by seeking Patterson's testimony now and defendants will suffer no prejudice should the Court issue SKAT's proposed letter rogatory. Defendants will have the same opportunity as SKAT to examine Patterson in Denmark. *Cf. Leong v. 127 Glen Head Inc.*, No. CV 13-5528 (ADS) (AKT), 2016 WL 845325, at *5

---

6.  *See* Weinstein Decl. Ex. 5 (Mar. 28, 2024 Tr. at 6:16–21 ("if there is some way we can get a better sense of what [Shah] said on the witness stand other than what's in the press reports . . . that would be . . . helpful to our decision as a strategic matter whether or not we will seek the deposition")).

(E.D.N.Y. Mar. 2, 2016) (failure to disclose was not harmless because court "would have to reopen discovery . . . to afford Defendants an opportunity to depose the additional witnesses"). Moreover, some of the defendants themselves identified unnamed Solo Capital employees, such as Patterson, in their own initial disclosures.[7] *See Carroll*, 2023 WL 2652636, at *8 (defendant "was not obliged to disclose under Rule 26 the four witnesses whom [plaintiff] disclosed in her . . . interrogatory responses as persons knowledgeable of the allegations in the complaint, or, if he was, his violation would be harmless"). And at least some of the defendants have known all along about Patterson's role in the fraud.[8] *See Howard Univ. v. Borders*, No. 20-cv-04716 (LJL), 2022 WL 3568477, at *2 (S.D.N.Y. Aug. 17, 2022) (any violation of duty to supplement disclosures "would be harmless" because defendants "knew throughout discovery of [witness's] role").

---

7. Weinstein Decl. Ex. 6 at 3 (Markowitz defendants' initial disclosures listing "Additional Employees of Solo Capital" as having knowledge of the "[m]echanics and execution of transactions in Danish securities") & Ex. 7 at 4 (van Merkensteijn defendants' initial disclosures listing "Unnamed representative[s] of Solo Capital Partners," "Old Park Lane Capital PLC," and "Telesto Markets LLP" as having knowledge of "trades of Danish securities and/or withholding tax reclaims").

8. *See* Weinstein Decl. Ex. 8 (Markowitz Dep. Tr. at 410:14–411:4 (Q: "Do you know who POGO is?" A: "Yes." Q:"Who is that?" A: "An employee of Solo Capital." Q: "Do you know his name?" A: "I believe it's Mark Anderson, something like that. I don't have an exact recollection." Q: Okay. Does Mark Patterson ring a bell?" A: "Yes." . . . . Q: "Do you think that's who 'POGO' is?" A: "I believe so.")); & Ex. 9 (JHVM_0004863) at 1 ("How do we reach Pogo?").

**CONCLUSION**

For the reasons set forth above, SKAT respectfully requests that the Court grant its

motion for issuance of a letter rogatory seeking Patterson's testimony if it issues defendants'

proposed letter rogatory for Shah's testimony.

Dated: New York, New York
       May 2, 2024

                                      HUGHES HUBBARD & REED LLP

                                      By:＿＿＿/s/ Marc A. Weinstein＿＿＿＿＿＿
                                         William R. Maguire
                                         Marc A. Weinstein
                                         Neil J. Oxford
                                         Gregory C. Farrell
                                     One Battery Park Plaza
                                     New York, New York 10004-1482
                                     Telephone: (212) 837-6000
                                     Fax:  (212) 422-4726
                                     bill.maguire@hugheshubbard.com
                                     marc.weinstein@hugheshubbard.com
                                     neil.oxford@hugheshubbard.com
                                     gregory.farrell@hugheshubbard.com

                                     *Counsel for Plaintiff Skatteforvaltningen*
                                     *(Customs and Tax Administration of the*
                                     *Kingdom of Denmark)*