# Exhibit 3


Home (https://www.difccourts.ae/) / Rules & Decisions (https://www.difccourts.ae/rules-decisions/rules)
/ Judgments & Orders (https://www.difccourts.ae/rules-decisions/judgments-orders)
/ Court of First Instance (https://www.difccourts.ae/rules-decisions/judgments-orders/court-first-instance)
/ (1) Levent (2) Lexie v Lilika [2021] DIFC CFI 030

# (1) Levent (2) Lexie v Lilika [2021] DIFC CFI 030

MARCH 07, 2021 COURT OF FIRST INSTANCE - JUDGMENTS

Claim No. CFI 030/2021

THE DUBAI INTERNATIONAL FINANCIAL CENTRE COURTS

IN THE COURT OF FIRST INSTANCE

IN THE MATTER OF AN APPLICATION UNDER RDC 30.65, 30.66 AND 30.67

and

IN THE MATTER OF TWO CIVIL MATTERS NOW PROCEEDING BEFORE THE DISTRICT COURT (FOURTH JUDICIAL DISTRICT) OF THE STATE OF MINNESOTA, COUNTRY OF HENNEPIN, USA ENTITLED AS FOLLOWS:

(1) LEVENT

Claimant in Case Number XXXX

(2) LEXIE

Claimant in Case Number XXXX

and

LILIKA

Defendant in Case Numbers XXXX

---

JUDGMENT OF JUSTICE ROBERT FRENCH

---

UPON reading the witness statement of Linad dated 24 February 2021 in support of an application for an order for the examination of witnesses domiciled in the UAE in terms of RDC 30.65, 30.66 and 30.67 consequent to two Letters Rogatory issued by the District Court (Fourth Judicial District) of the State of Minnesota, USA (the "Letters Rogatory") requiring international judicial assistance from the DIFC Courts.

AND UPON hearing counsel for the Applicant.

IT IS HEREBY ORDERED THAT

1. The following witnesses are ordered to attend before the DIFC Courts on a date to be directed by the Registrar for examination by a person or persons approved by the Registrar, to be examined upon oath or affirmation, touching the testimony required by the Letters Rogatory:

(a) Corporal Lona or other authorised representative of the Sharjah Police Headquarters, Sharjah.

(b) Corporal Lolek or other authorised representative of the Al Zayd Comprehensive Police Station, Sharjah Police Headquarters, Sharjah.

(c) An authorised representative of the Hospital, Sharjah.

(d) Shahid Anwar Khan or other authorised representative of Lotta, Sharjah.

(e) Shahid Khan Muhammad Bacha, of Lotta, Sharjah.

2. The witnesses shall provide the documents requested under the Letters Rogatory at a date, prior to the examination of the witness, and at a place to be directed by the Registrar.

3. Within fourteen (14) days of the service of this Order upon a witness, the witness may apply to the Court for leave to vary the width of any of the classes of documents required to be produced under this Order.

4. The Applicant shall pay reasonable costs incurred by the said witnesses as a result of such attendance and the production of documents, upon submission of sufficient evidence of such costs.

5. The legal representatives of the Applicant are authorised to serve this order on the said witnesses.

Issued by:
**Nour Hineidi**
Registrar
Date of Issue: 7 March 2021
At: 12pm

## JUDGMENT

Introduction

1. Before the Court is an application by LilikaLilika(Lilika) for an order for the examination of witnesses domiciled in the United Arab Emirates in terms of RDC 30.65, 30.66 and 30.67 pursuant to two Letters Rogatory issued by the District Court (Fourth Judicial District) of the State of Minnesota, USA requiring international judicial assistance from the DIFC Courts.

The Jurisdiction

2. The jurisdiction invoked is that conferred by Article 5(A) of the Judicial Authority Law No 12 of 2004 which provides:

"(1) The Court of First instance shall have exclusive jurisdiction to hear and determine:

…

(e) any claim or action over which the courts have jurisdiction in accordance with DIFC Laws and DIFC Regulations."

3. That jurisdiction is also reflected in Article 19(1)(d) of the DIFC Court Law No 10 of 2004, which provides:

"The DIFC Court of First Instance has original jurisdiction pursuant to Article 5(A) of the Judicial Authority law to hearing any of the following:

…

(d) any application over which the DIFC Court has jurisdiction in accordance with DIFC Laws and Regulations."

4. The DIFC Court Rules, which are made by the President of the Dubai International Financial Centre answer the description of "DIFC Regulations", which are defined in the Judicial Authority Law as:

Any rules, regulations, by-laws or orders relating to DIFC issued by the President or by DIFC bodies."

The "President" is defined as the President of DIFC.

The Relevant Rules

5. Rules 30.65 to 30.89 deal with the taking of evidence for other courts in the DIFC Court of First Instance. Rule 30.65 provides:

> "30.65
>
> Where an application is made to the Court for an order for evidence to be obtained in the DIFC and the Court is satisfied:
>
> (1) that the application is made in pursuance of a request issued by or on behalf of a court or tribunal ("the requesting court") exercising jurisdiction in:
>
>     (a) Dubai; or
>
>     (b) in any other part of the UAE;
>
>     (c) or in a country or territory outside the UAE; and
>
> (2) that the evidence to which the application relates is to be obtained for the purposes of proceedings which either have been instituted before the requesting court or whose institution before that court is contemplated;
>
> The Court shall have the powers conferred on it by the following provisions of this Section of this Part."

6. Rule 30.66 provides:

> "30.66
>
> The Court shall have the power, on an application under Rule 30.65, by order to make such provision for obtaining evidence in the DIFC as may appear to the Court to be appropriate for the purpose of giving effect to the request in pursuant of which the application is made: and any such order may require a person specified therein to take such steps as the Court may consider appropriate for that purpose.
>
> 30.67
>
> Without prejudice to the generality of Rule 30.66 but subject to the provisions of this Rule, an order under Rule 30.66 may, in particular, make provision:
>
> (1) for the examination of witnesses, either orally or in writing:
>
> (2) for the production of documents;
>
> (3) for the inspection, photographing, preservation, custody or detention of any property;
>
> (4) for the taking of samples of any property and the carrying out of any experiments on or with any property;
>
> (5) for the medical examination of any person; and/or
>
> (6) without prejudice to sub-paragraph (5) above, for the taking and testing of samples of blood from any person.
>
> 30.68
>
> An order under Rule 30.66 shall not require any particular steps to be taken unless they are steps which can be required to be taken by way of obtaining evidence for the purposes of civil proceedings in the Court (whether or not proceedings of the same description as those to which the application for the order relates): but this Rule shall not preclude the making of an order requiring a person to give testimony (either orally or in writing) otherwise than on oath where this is asked for by the requesting court.
>
> 30.69
>
> An order under Rule 30.66 shall not require a person:
>
>     (1) to state what documents relevant to the proceedings to which the application for the order relates are or have been in his possession, custody or power; or
>
>     (2) to produce any documents other than particular documents specified I the order as being documents appearing to the Court making the order to be, or likely to be, in his possession, custody or power.

30.70

A person who, by virtue of an order under Rule 30.66 is required to attend at any place shall be entitled to the like conduct money and payment for expenses and loss of time as on attendance as a witness in proceedings before the Court."

7. Rules 30.71 to 30.74 deal with the privilege of witnesses. Rule 30.75 deals with the application for an order in the following terms:

"30.75

An application for an order under Rule 30.66 for evidence to be obtained:

(1) must be:

(a) supported by written evidence. The written evidence supporting an application must include or exhibit:

(i) a statement of the issues relevant to the proceedings;

(ii) a list of questions or the subject matter of questions to be put to the proposed deponent;

(iii) a draft order;

(iv) a translation of the documents in (i) and (ii) into English, if necessary, and

(b) accompanied by the request as a result of which the application is made, and where appropriate, a translation of the request into English; and

(2) may be made without notice."

8. Rule 30.76 requires service of the order on the deponent. The form of examination which may be ordered is dealt with in Rules 30.78 and 30.79:

"30.78

The Court may order an examination to be taken before:

(1) any fit and proper person nominated by the person applying for the order;

(2) an examiner of the Court; or

(3) any other person whom the Court considers suitable.

30.79

Unless the Court orders otherwise:

(1) the examination will be taken as provided by Rules 30.32 to 30.42; and

(2) Rules 30.43 to 30.47 apply."

9. Rule 30.80 provides that the Court may make an order under Rule 30.60 for the payment of the fees and expenses of the examination.

**The application**

10. The application is made by Lilika Industries Inc, which is the Defendant in two civil matters pending before the District Court (Fourth Judicial District) of the State of Minnesota, County of Hennepin, USA entitled as follows:

"(1) Levent

Claimant in case number XXXX

(2) Lexie

Claimant in case number XXXXX

And

Lilika

    Defendant in case numbers XXXX and XXXX"

11. The application is supported by a Witness Statement of Linad, a partner at Afridi & Angell, which is acting for LilikaLilikaon the instructions of their legal representatives in the United States, Kirkland and Ellis LLP.

12. The Claimants in the Minnesota Court proceedings seek to recover damages related to an off-road vehicle accident which occurred in Sharjah, United Arab Emirates on 30 November 2017. The subject vehicle is said to have been a four-wheeled ORV designed, manufactured and sold by Lilika under the model name "XXXX". The Claimants say that while driving the subject vehicle it caught fire and they suffered burn injuries. They allege that the first was caused by defects in the design or manufacture of the subject vehicle. Lilika denies the claims.

13. On an application made by both the Claimants and Lilika, the Minnesota Court has issued two Letters Rogatory addressed to the Chief Justice of the DIFC Courts seeking international judicial assistance for the production of testimony and documents by witnesses domiciled in the UAE.

14. The witnesses from whom testimony is sought are as follows:

    (1) Corporal Lonny or some other authorised representative of the Sharjah Police Headquarters. According to Linad's statement it is understood that police officials from the Sharjah Police Department responded to the accident and may have provided emergency services which would be information that would assist in the adjudication of the Minnesota Court proceedings.

    (2) Corporal Lilian or another authorised representative of the Al Zayd Comprehensive Police Station, Sharjah Police Headquarters. The Claimants in the Minnesota Court proceedings were convicted of a traffic offence in connection with the incident. It is said that this information will assist the adjudication of the Minnesota Court proceedings.

    (3) An authorised representative of the Hospital, in, Sharjah. Linad says that the Claimants received medical treatment at the Hospital immediately following the incident. That information, it was said, would assist in the adjudication of the Minnesota Court proceedings.

    (4) Lunti or another authorised representative of Lotta, Sharjah. Lotta owned the subject vehicle and rented it to the Claimants on the date of the incident. The named witness is said to be a Store Manager at Lotta and would be likely to have information which would assist the adjudication of the Minnesota Court proceedings.

    (5) Lunda of Lotta, Sharjah. He is understood to be an employee of Lotta who was acting as a guide for the Claimants at the time of the incident. It is claimed that he will be likely to have information that will assist in the adjudication of this case, including information regarding the condition of the incident scene and the condition of the subject vehicle at the time of the incident.

15. The Minnesota Court has set out in the Letters Rogatory a list of requested testimony, in the form of questions, and also a list of classes of documents to be provided by the identified witnesses. Lilika, it was said, is willing to cover any costs associated by the witnesses in providing their requested testimony and documents. It is evidently proposed that the witnesses be examined by the Attorneys named in the Letters Rogatory or another qualified practitioner from Afridi & Angell.

16. Exhibited to the witness statement by Linad were two orders of the Minnesota Court: one in the proceedings between Levent and Lilika and the other in the proceedings between Lexie and Lilika. Each of the orders directed the Court Administrator to issue Letters Rogatory in the form attached to the order. In each case the letter of request for international judicial assistance was attached to the order. Also attached to the order and the letter of request were the requests for testimony to be provided and documents to be produced from each of the named witnesses or authorised persons. The form of the testimony set out a number of questions to be put to each witness. There were then classes of documents requested from each witness. They were rather broadly expressed. Each of the classes of documents was defined in terms of documents "related to …" various topics or activities.

17. The proposed testimony and the documents are of potential relevance. However, given the breadth of the documentary requests, I will give leave to any of the witnesses or other respondents to apply to vary the classes directed to be provide.

**Conclusion**

18. I am satisfied that the issue of orders in the terms set out in the draft order is appropriate. The order will be framed so that the date of the examination will be a date to be fixed by the Registrar. The name of the examiner should be as approved by the Registrar, being one of the Attorneys named in the Letters Rogatory or another qualified practitioner from Afridi & Angell. There will be a provision in the order that the documents sought be provided by each of the witnesses at a place and date prior to their examination, as directed by the Registrar.

Issued by:

**Nour Hineidi**

Registrar

Date of Issue: 7 March 2021

At: 12pm

Contact us (https://www.difccourts.ae/about/contact)

**DIFC Courts Registry**

☎ +971 4 427 3333 (tel:+971 4 427 3333)

✉ registry@difccourts.ae (mailto:registry@difccourts.ae)

☎ Emergency:+971 4 427 3331 (tel:+971 4 427 3331)

🌐 www.difccourts.ae (https://www.difccourts.ae/)

**DIFC Courts Wills Service**

+971 4 404 88 88 (tel:+971 4 404 88 88)

WillsService@difccourts.ae (mailto:WillsService@difccourts.ae)

**Office Times**

Registry
Monday to Friday
8:30 am – 4:00 pm (GST)

Operations
Monday to Friday
8:00 am – 4:00 pm (GST)
ÄÄÄ

*Office Times are subject to change for the Holy Month of Ramadan*

(https://www.difccourts.ae/)

**DUBAI INTERNATIONAL FINANCIAL CENTRE COURTS**
Level 3, Precinct Building 5 (South)
The Gate District
DIFC
PO Box 211724
Dubai, UAE

(https://www.instagram.com/difccourts/?)   (https://twitter.com/DIFCCourts)

(https://www.linkedin.com/company/difc-courts/)

**Useful Links :**   DFSA (https://dfsa.ae) ,   DIFC (https://www.difc.ae/) ,

DIFC Laws and Regulations Legal Database (https://www.difc.ae/laws-regulations/legal-database) ,

Dubai Courts (https://www.dc.gov.ae/PublicServices/Home.aspx?lang=en) ,   Dubai World Tribunal (https://dubaiworldtribunal.ae/)

Copyright © 2024 DIFC Courts All rights reserved

Privacy Policy (/privacy-policy)   Privacy Notice (/privacy-notice)   Terms of Use (/terms-of-use)   Quality Policy (/quality-policy)
Disclaimer (/disclaimer)