**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF          MASTER DOCKET
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND          18-md-02865-LAK
SCHEME LITIGATION

This document relates to:          The cases
                                   identified in
                                   Appendix A

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN THE**
**TESTIMONY OF ANTHONY MARK PATTERSON**

Defendants John van Merkensteijn, Elizabeth van Merkensteijn, Richard Markowitz, Jocelyn Markowitz, and Robert Klugman (the "Investor Defendants") respectfully submit this memorandum of law in opposition to the motion of Plaintiff Skatteforvaltningen ("SKAT") for the issuance of a letter of request to obtain testimony from non-party witness Anthony Mark Patterson in Denmark.[1]   Because Plaintiff's request is untimely and would significantly prejudice Defendants, the Court should deny Plaintiff's motion.

## PRELIMINARY STATEMENT

SKAT is playing games.  Defendants asked that the Court issue a letter of request to obtain the testimony of Sanjay Shah, a witness who recently became available, was disclosed five years ago by defendants as a possible witness, is at the center of the operative facts in this case, had interactions with multiple witnesses that are expected to testify at trial, and about whom dozens of witnesses have provided extensive testimony.  Understanding that Shah would likely testify that the trading at issue in this case was lawful, SKAT scrambled to identify a witness who would say otherwise and found easy pickings in Anthony Mark Patterson — a former Shah colleague who entered a guilty plea in Denmark, has been sentenced to eight years' imprisonment, and is now highly motivated to help SKAT in this case.  SKAT has no excuse for its five-year delay in disclosing Patterson as a possible witness — a decision that was almost certainly intentional.  Until Patterson pled guilty, he was unlikely to offer helpful testimony to SKAT; but now that he has been convicted, SKAT thinks otherwise and wants to use him.

Forgiving SKAT's inexcusable lapse and allowing its gamesmanship with the discovery rules would heavily prejudice Defendants who will face the prospect of cross-examining a witness

---

[1] Defendant Michael Ben-Jacob does not join in this response and will respond separately to Plaintiff's motion.

friendly to SKAT for whom it has not conducted any discovery.  Indeed, amongst the more than seventy depositions, there is almost no testimony regarding Patterson, leading to the real possibility that if Patterson testified, it may require the parties to reopen depositions or issue additional subpoenas.  Thus, it is not only the difficulty of obtaining Patterson's testimony through the Hague Convention that could cause delay, but the additional discovery that might flow from that testimony.  So as to prevent prejudice to the Defendants and ensure that the long-awaited trial in this matter can go forward as scheduled, the Court should deny SKAT's request.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 37(c)(1) provides:  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  *Id.* (emphasis added).  When determining whether to preclude a witness's testimony for non-disclosure, a Court considers:  "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness[]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Trombetta v. Novocin*, No. 18 Civ. 993, 2023 WL 4118103, at *4–5 (S.D.N.Y. June 22, 2023).  The factors should be balanced against each other and no one factor is dispositive.  *Id.* at *5 (citing *Lab Crafters, Inc. v. Flow Safe, Inc.*, No. CV-03-4025, 2007 WL 7034303, at *6 (E.D.N.Y. Oct. 26, 2007)).

## ARGUMENT

Throughout seventy-one depositions, there has been almost no mention of Patterson.  No party disclosed Patterson in their Rule 26(a) disclosures.  No party discussed Patterson in their interrogatory responses.  And of all the defendants in the first trial group, SKAT only asked four questions to one defendant about Patterson — asking him if Patterson went by the nickname "POGO."  Rosensaft Decl. Ex. A (Dep. of Richard Markowitz at 410:10–411:4 (April 9, 2021)).  Even then, while the deponent knew the name POGO, he thought that Patterson's last name was Anderson.  *Id.*  None of the defendants had the slightest expectation that SKAT would attempt to call Patterson as a witness and none of the four factors a Court must weigh in determining whether to excuse SKAT's failure are in SKAT's favor.

First, SKAT offers no explanation for its failure to comply with its disclosure requirements.  Rather, it suggests that under Rule 26(a), it need only disclose a witness if it ultimately decides to rely on the witness at trial and thus disclosed Patterson "as soon as it decided to do so" — five and a half years after the case began.  Mot. at 2, 8, ECF No. 990.  SKAT confuses its initial disclosure obligations under Rule 26(a)(1) and its obligations to disclose its witness list for trial under Rule 26(a)(3).  The purpose of Rule 26(a)(1) is "to alert an opposing party of the need to take discovery of the named witness."  *Pal v. New York Univ.*, No. 06 Civ. 5892, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008).  Thus, a party's 26(a)(1) disclosure is "not merely that a person is a potential source of information, but that the party may call upon him to provide it — and that fairly alerts any adverse party of the potential need to take discovery of the person so named."  *Alfano v. Nat'l Geographic Channel*, No. CV 06-3511, 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007).  An "initial disclosure" made after discovery has closed and when parties are beginning to prepare for trial does not serve those purposes.

Second, Patterson's testimony is not important to resolve the issues in this case.  In its motion, SKAT argues that Patterson's testimony is "unquestionably relevant" because Patterson could testify as to how Sanjay Shah's trading strategy worked, citing language that Rule 26 discovery is extremely broad.  Mot. at 5–6, ECF No. 990.  There are multiple problems with SKAT's legal analysis.  First, even under Rule 26, the operative question is not whether Patterson's testimony may be broadly relevant, but whether it is "proportional to the needs of the case" and not "unreasonably cumulative."  Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i).  The last thing this case needs is another witness just to describe the mechanics of Shah's trading strategy:  discovery has already produced tens of thousands of pages of documents evidencing the trades, dozens of witnesses testifying as to how the trading worked, and multiple expert reports analyzing the intricacies of the trading.  Even were Patterson's testimony not cumulative, a motion to preclude testimony for non-disclosure is not analyzed under Rule 26's relevancy standard.  Rather, to excuse SKAT's omission, a Court must consider "the importance" of Patterson's testimony to this case.  *Trombetta*, 2023 WL 4118103, at *4.  Patterson's testimony is not important.  Indeed, as noted above, the only deposition testimony SKAT cited where Patterson was mentioned is a four-question exchange about an email where one of the defendants testified that an individual he thought was named Mark Anderson went by "POGO".  *See* Mot. at 9 n.8, ECF No. 990.

Moreover, there is significant prejudice to the Defendants if the Court grants SKAT's motion.  As the Court is well aware, after five and a half years there has been a massive amount of discovery in this case.  Parties have exchanged hundreds of thousands of pages of documents, taken over 70 depositions, issued an extensive amount of document and interrogatory requests, and subpoenaed numerous third parties — all with the expectation that Patterson was not a witness who would be testifying in this case.  Had SKAT disclosed Patterson as a witness, Defendants

4

would have had the opportunity to question deponents about him and his role in detail, to seek discovery from SKAT about Patterson and the Danish government's investigation of him, and to subpoena financial and other records about him from third parties that might bear on his credibility and motivations.  Shah, who was identified in Defendants' Rule 26(a) disclosures, has always been at the center of this case, but Patterson has never had that role, nor has he been the focus of any significant discovery.  While every discovery request has had Shah in mind, none have had Patterson.

While SKAT is correct that the purpose of Rule 37(c)(1) is "to prevent the practice of 'sandbagging' an opposing party with new evidence," *Carroll v. Trump*, No. 22-cv-10016, 2023 WL 2652636, at *8 (S.D.N.Y. Mar. 27, 2023), that does not mean that a party is absolved from failing to provide sufficient notice if the other party merely knows the witness's nickname.  Thus, in *Carroll v. Trump*, on which SKAT relies, this Court excused the failure of Mr. Trump to disclose four witnesses in its initial disclosures only because those witnesses were disclosed in Ms. Carroll's interrogatory responses and had received subpoena notices from Mr. Trump.  *Id.*  Even then, this Court called it "just barely" sufficient notice.  *Id.*  On the other hand, this Court precluded Ms. Carroll from calling a fifth witness from testifying because neither party disclosed her as a person with relevant knowledge in their interrogatory responses and the witness was only marginally discussed in Ms. Carroll's deposition.  *Id.*  Like the witness precluded from testifying in *Carroll v. Trump*, SKAT also did not disclose Patterson as a witness and it would be generous to call SKAT's four questions to Mr. Markowitz about Patterson marginal.  SKAT's notice was not "just barely" sufficient — it was nonexistent.  *Id.*

Under the fourth factor, a Court must consider the possibility of a continuance.  The Court has been clear that it is not likely to grant a continuance of the trial date and all parties have

expressed their desire to proceed to trial as currently scheduled.  Any delay in taking Patterson's testimony in the first place due to the formalities of obtaining testimony through the Hague Convention will only be exacerbated by additional discovery that his testimony may prompt, further frustrating the Defendants' and this Court's shared desire to move this case forward.[2]

Finally, it should be noted that Rule 37(c)(1) does not support SKAT's school-yard theory that it should get one witness under the Hague convention for every witness Defendants get — indeed, as SKAT also seeks Shah's testimony, it is more like one witness for SKAT for every witness both sides get.  Shah was disclosed as a witness, Patterson was not; Shah is at the center of the operative events in this litigation, Patterson is not; there was extensive discovery taken about Shah, the same is not true of Patterson.  Whether to issue letters rogatory for Shah is governed by a different standard at this point in the litigation.  While the basic question for Shah is whether his testimony would be relevant, under Rule 37 SKAT must convince the Court that it had an excuse for its non-disclosure, Patterson's testimony is important to this case, there would be no prejudice to the Defendants in not having the opportunity to take discovery concerning Patterson, and if Patterson's testimony necessitates a continuance, it may be appropriate to grant one.  Nowhere in Rule 37 or the factors the Court considers does it contemplate that SKAT can strategically decide not to disclose Patterson until he pleads guilty when it then has an ability to obtain more favorable testimony from him, or that this Court must give each party an equal number of letters rogatory.

## **CONCLUSION**

For the reasons set forth above, the Investor Defendants respectfully request that the Court deny SKAT's Motion to obtain the testimony of Anthony Mark Patterson.  SKAT has no excuse

---

[2] While Defendants want the trial to go forward as currently scheduled, they are not waiving the right to seek a continuance should there be cause to do so.

for not meeting its notice obligations and its explanation for only disclosing witnesses when it "decide[s] to do so" should not be indulged.[3]

---

[3] Mot. at 2, ECF No. 990.  Because the Investor Defendants oppose SKAT's motion, they have not suggested their own topics on which to question Patterson for inclusion in the letter rogatory, but would do so if SKAT's motion were granted.

Dated:  New York, New York
        May 8, 2024

                              Respectfully submitted,

                              KOSTELANETZ & FINK, LLP

          By:     /s/ Sharon L. McCarthy
                  Sharon L. McCarthy
                  7 World Trade Center, 34th Floor
                  New York, New York 10007
                  Tel:    (212) 808-8100
                  Fax:    (212) 808-8108
                  smccarthy@kflaw.com

                  *Attorneys for Defendants John van Merkensteijn,
                  III, Elizabeth van Merkensteijn, Azalea Pension
                  Plan, Basalt Ventures LLC Roth 401(K) Plan,
                  Bernina Pension Plan, BerninaPension Plan Trust,
                  Michelle Investments Pension Plan, Omineca
                  Pension Plan, Omineca Trust, Remece Investments
                  LLC Pension Plan, Starfish Capital Management
                  LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo
                  Productions LLC Roth 401(K) Plan, Xiphias LLC
                  Pension Plan*


                  WILMER CUTLER PICKERING HALE AND
                  DORR LLP

          By:     /s/ Alan E. Schoenfeld
                  Alan E. Schoenfeld
                  7 World Trade Center250 Greenwich Street
                  New York, NY 10007
                  Telephone: (212) 230-8800
                  alan.schoenfeld@wilmerhale.com

                  *Attorneys for Defendants Richard Markowitz,
                  Jocelyn Markowitz, Avanix Management LLC Roth
                  401(K) Plan, Batavia Capital Pension Plan,
                  Calypso Investments Pension Plan, Cavus Systems
                  LLC Roth 401(K) Plan, Hadron IndustriesLLC Roth
                  401(K) Plan, RJM CapitalPension Plan, RJM
                  Capital Pension Plan Trust, Routt Capital Pension
                  Plan, Routt Capital Trust*

KATTEN MUNCHIN ROSENMAN LLP

By:     /s/ David L. Goldberg
        David L. Goldberg
        Michael M. Rosensaft
        50 Rockefeller Plaza
        New York, NY 10020
        Tel.: (212) 940-8800
        Fax: (212) 940-8776
        david.goldberg@katten.com

        *Attorneys for Defendants Robert Klugman, RAK
        Investment Trust, Aerovane Logistics LLC Roth
        401K Plan, Edgepoint Capital LLC Roth 401K
        Plan, Headsail ManufacturingLLC Roth 401K Plan,
        The Random Holdings 401K Plan, The Stor Capital
        Consulting LLC 401K Plan*