UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:   18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339. | MASTER DOCKET<br><br>18-md-02865-LAK |

**DEFENDANT MICHAEL BEN-JACOB'S RESPONSE
TO SKAT'S MOTION FOR ISSUANCE OF A REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE IN DENMARK**

Defendant Michael Ben-Jacob respectfully submits this response to the motion of plaintiff Skatteforvaltningen ("SKAT") for the issuance of a letter of request to obtain testimony from non-party witness Anthony Mark Patterson in Denmark (the "Motion") pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention").

Ben-Jacob submits this separate response because—unlike the other Defendants included in the first trial—Ben-Jacob does not oppose SKAT's request that if the Court grants Defendants' motion for issuance of a letter of request for the testimony of Sanjay Shah, the Court also issue a letter of request to Denmark for the testimony of Patterson.[1]  Of course, as SKAT has represented to the Court that the purpose of taking Patterson's testimony is to serve "as a counterpoint to what Mr. Shah might say,"[2] Patterson's testimony should not be admitted at trial if only Patterson's testimony, and not Shah's testimony, is ultimately taken in Denmark, or if Shah's testimony is not admitted at trial for any other reason.  And Ben-Jacob does not waive any other arguments as to the admissibility under the Federal Rules of Evidence of any testimony by Patterson on particular issues.

But SKAT is simply wrong that Patterson and Shah were similarly available during fact discovery.

*First*, SKAT cites a single instance in 2021 in which a Dubai International Financial Centre ("DIFC") court executed a letter rogatory issued by a U.S. court for testimony from a witness located in the United Arab Emirates, (ECF No. 990 at 6-7), but that appears to have been the first instance in that court's history that it had granted such a request.[3]  And SKAT does not dispute that the rules of other UAE courts contain no provisions for the taking of witness evidence for use in another jurisdiction.  (ECF No. 990 at 7 n.4.)

---

[1] Included as Exhibit 1 to the Declaration of Thomas E.L. Dewey, dated May 8, 2024 ("Dewey Decl."), are Ben-Jacob's additions to the proposed list of questions prepared by SKAT to be posed to Patterson if the parties are not permitted by the Danish court to pose questions to Patterson directly.  Ben-Jacob's additions are reflected in bold.  If the remaining Defendants or SKAT submit additional questions for Patterson, Ben-Jacob reserves the right to supplement its questions for Patterson.

[2] Transcript of April 26, 2024 Pretrial Conference, Dewey Decl., Ex. 2, at 9.

[3] Stuart Walker & Sulakshana Senanayake, *DIFC Courts Issue First Judgement Summoning UAE Witnesses*, IN-HOUSE COMMUNITY (March 31, 2021), https://www.inhousecommunity.com/article/difc-courts-issue-first-judgement-summoning-uae-witnesses/, Dewey Decl., Ex. 3.

*Second*, SKAT's notion that Shah may have voluntarily agreed to give testimony outside of formal procedures while he was residing in the UAE simply because he was interviewed by the press ignores the obvious differences between Shah voluntarily giving his side of the story to select journalists with no partisan interests and submitting to examination under oath by the very entity he was accused of defrauding. (*See* ECF No. 990 at 7.) Defendants had no reasonable expectation Shah would voluntarily testify under those circumstances until they learned that Shah was testifying in his own defense after extradition to Denmark (which he fought in a protracted legal battle spanning years and reaching the highest level of the UAE system), and then promptly informed the Court mere days later of their interest in securing Shah's testimony. (*See* ECF No. 984 at 3.) Meanwhile, SKAT does not contest that Patterson was in the United Kingdom during the discovery period and fully reachable through Hague Evidence Convention procedures during that time. (ECF No. 990 at 6.)

*Third*, SKAT admits that while multiple defendants disclosed Shah in their Rule 26(a) disclosures as an individual likely to have discoverable information that Defendants may use to support their defenses, no party similarly disclosed Patterson. (ECF No. 990 at 8.)

## CONCLUSION

While Defendant Ben-Jacob disagrees with SKAT that Shah and Patterson were similarly available during the discovery period, Ben-Jacob does not oppose SKAT's request that in the event the Court grants Defendants' motion for issuance of a letter of request for the testimony of Sanjay Shah the Court also issue of a letter of request to Denmark for the testimony of Patterson.

Dated: New York, New York
May 8, 2024

        Respectfully submitted,

        DEWEY PEGNO & KRAMARSKY LLP

By: /s/ Thomas E.L. Dewey
    Thomas E.L. Dewey
    Sean K. Mullen
    777 Third Avenue – 29th Floor
    New York, New York 10017
    Tel.: (212) 943-9000
    Fax: (212) 943-4325
    tdewey@dpklaw.com

    KEKER, VAN NEST & PETERS LLP

By: /s/ Elliot R. Peters
    Elliot R. Peters
    Julia L. Allen
    633 Battery Street
    San Francisco, CA 94111
    Tel.: (415) 962-7188
    epeters@keker.com

*Attorneys for Defendant Michael Ben-Jacob*