# EXHIBIT 3

Join the Community    Subscribe Now    ✉ thebriefing@inhousecommunity.com




All Articles ⌄    Find a Firm ⌄    Events    Find a Lawyer

Find an Arbitrator    Legal Support Services    ALSP's

Arbitration Centres    Surveys and Awards ⌄    mycareerinlaw JOBS

About Us ⌄    Search...    🔍

# DIFC Courts Issue First Judgement Summoning UAE Witnesses

Posted on March 31, 2021

United Arab Emirates





The DIFC Court of First Instance has, for the first time in its history, issued a judgement allowing the examination of witnesses resident in the UAE pursuant to two requests for judicial assistance (Letters Rogatory) from the District Court of the State of Minnesota, USA (the US Court).

The judgement, issued by Justice Robert French, clarifies the scope of Rules 30.65, 30.66 and 30.67 of the Rules of the DIFC Courts (the RDC).

### Overview of Dispute

The Letters Rogatory were issued by the US Court further to the application of a Defendant in two claims relating to, among other things, product liability of a manufacturer. The Plaintiffs in both cases claimed losses and damages as a result of an accident which occurred in Sharjah by initiating proceedings before the US Court.

Given that a number of witnesses and authorities concerned with the first-hand events of the incident were resident in the UAE, the US Court, on the application of the Defendant, requested assistance from the DIFC Courts in obtaining the testimony of those witnesses and documents relating to the incident.

The Defendant issued Part 8 proceedings in the DIFC Courts pursuant to Rules 30.65, 30.66 and 30.67 of the RDC without naming any defendants. RDC 30.65 and

RDC 30.66 specifies wide powers for the DIFC Courts to grant assistance to foreign courts:

*RDC 30.65*

*Where an application is made to the Court for an order for evidence to be obtained in the DIFC and the Court is satisfied:*

*(1) that the application is made in pursuance of a request issued by or on behalf of a court or tribunal ("the requesting court") exercising jurisdiction in:*

    *(a) Dubai; or*

    *(b) in any other part of the UAE;*

    *(c) or in a country or territory outside the UAE; and*

*(2) that the evidence to which the application relates is to be obtained for the purposes of proceedings which either have been instituted before the requesting court or whose institution before that court is contemplated;*

*The Court shall have the powers conferred on it by the following provisions of this Section of this Part."*

*RDC 30.66*

*The Court shall have the power, on an application under Rule 30.65, by order to make such provision for obtaining evidence in the DIFC as it may appear to the Court to be appropriate for the purpose of giving effect to the request in pursuant of which the application is made: and any such order may require a person specified therein to take such steps as the Court may consider appropriate for that purpose.*

The Defendant requested the DIFC Courts to allow the examination of the witnesses and documents specified in the Letters Rogatory under oath or affirmation in the DIFC Courts by a practitioner authorized by the DIFC Courts' Registrar.

**The Judgement**

In allowing the application of the Defendant in the US Proceedings, Justice Robert French held that the reliefs requested were "appropriate" after an analysis of the relevant provisions in the RDC as well as the DIFC Courts' jurisdiction conferred upon it by Article 5(a) of the Judicial Authority Law No 12 of 2004 and Article 19(1)(d) of the DIFC Court Law No 10 which states as follows:

*"The DIFC Court of First Instance has original jurisdiction pursuant to Article 5(A) of the Judicial Authority law to hearing any of the following:*

*…*

*(d) any application over which the DIFC Court has jurisdiction in accordance with DIFC Laws and Regulations."*

In his judgment, Justice French went on to hold that the DIFC Court Rules (i.e., the RDC), which are made by the President of the DIFC "answer the description of "DIFC Regulations"" for the purposes of Article 19(1)(d) of the DIFC Court Law.

## Analysis

The judgement, which is a welcome development, would open avenues for international courts to request assistance from the DIFC Courts in disputes which involve witnesses resident in the UAE and who cannot otherwise be summoned to provide evidence before those courts for a number of reasons. In the past, such requests had to be directed through diplomatic channels to the "on-shore" courts of the UAE which would take a considerable amount of time to be communicated. The acceptance of such requests by the on-shore courts were largely subject to the existence of evidence of reciprocity among the UAE courts and the requesting court or the existence of specific treaties.

The judgement also confirms the DIFC Courts' pragmatic approach to be an "international" common law court willing to expand its jurisdiction where required in the interests of justice.