

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

May 15, 2024

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

      We write on behalf of Plaintiff Skatteforvaltningen ("SKAT") in accordance with the Court's Individual Rules of Practice and in response to Defendant Michael Ben-Jacob's May 10, 2024 letter motion to file under seal a version of a May 2019 settlement agreement between SKAT and multiple third parties with limited redactions previously approved in an order issued by the Honorable Naomi Reice Buchwald in a separate litigation arising from the agreement (ECF No. 1001). The May 2019 settlement agreement is Exhibit 6 to the Declaration of Thomas E.L. Dewey in Support of Ben-Jacob's First Motion for Summary Judgment (ECF No. 1006), and the publicly filed redacted version is available at ECF No. 1006-6 and a version with the proposed redactions highlighted in yellow is available at ECF No. 1007.

      Under the terms of the settlement agreement, SKAT and the settling parties were required to maintain the agreement as confidential. (*See generally* ECF No. 1006-6 § 8.) As such, in a separate litigation arising from the agreement, certain of the settling parties moved to file the settlement agreement under seal, and Judge Buchwald ordered them to publicly file the agreement with certain limited redactions. *Stein et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB), ECF No. 46. The redactions in the version publicly filed in *Stein* are limited to bank account numbers, signatures, and the identities of certain individuals and entities covered by the agreement or excluded from the agreement and not parties to the *Stein* action or any of the actions consolidated in this multidistrict litigation. None of the redacted material appears in Defendant Ben-Jacob's Memorandum of Law, Supporting Declaration, or Rule 56.1 Statement, which themselves contain no redactions. And maintaining the confidentiality of settling parties (when that is their preference) encourages the settlement of legal disputes and conserves judicial

resources.  *See Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023) (sealing "confidential settlement agreements" because their "contents ha[d] minimal relevance to the summary judgment motions" and the "confidentiality obligations to non-parties implicate a competing interest that overcomes the presumption of public access").

      As such, SKAT respectfully requests that the Court grant Defendant Ben-Jacob's motion to seal the same portions of the settlement agreement previously sealed by Judge Buchwald.

      Respectfully submitted,

      /s/ Marc Weinstein
          Marc Weinstein

cc:    All counsel of record (via ECF)