UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SKATTEFORVALTNINGEN,

                Plaintiff,

vs.

JOHN VAN MERKENSTEIJN, RICHARD MARKOWITZ, BERNINA PENSION PLAN TRUST, RJM CAPITAL PENSION PLAN TRUST, 2321 CAPITAL PENSION PLAN, BOWLINE MANAGEMENT PENSION PLAN, CALIFORNIA CATALOG COMPANY PENSION PLAN, DAVIN INVESTMENTS PENSION PLAN, DELVIAN LLC PENSION PLAN, DFL INVESTMENTS PENSION PLAN, LAEGELER ASSET MANAGEMENT PENSION PLAN, LION ADVISORY INC. PENSION PLAN, MILL RIVER CAPITAL MANAGEMENT PENSION PLAN, NEXT LEVEL PENSION PLAN, RAJAN INVESTMENTS LLC PENSION PLAN, SPIRIT ON THE WATER PENSION PLAN, and TRADEN INVESTMENTS PENSION PLAN,

                Defendants.

Case No. 19-cv-10713 (LAK)

**DEFENDANTS JOHN VAN MERKENSTEIJN, RICHARD MARKOWITZ, BERNINA PENSION PLAN TRUST, AND RJM CAPITAL PENSION PLAN TRUST'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

The Danish Ministry of Taxation, Skatteforvaltningen ("SKAT"), entered into a series of Tolling Agreements with Defendants John Van Merkensteijn, Richard Markowitz, Bernina Pension Plan Trust, and RJM Capital Pension Plan Trust (collectively, "Defendants"), and others, providing, among other things, that it would file any claim relating in any way to SKAT's potential claims within 60 days of the final Agreement's expiration. Defendants entered into these Tolling Agreements while the possibility of settlement was explored. In return for agreeing to this tolling of the statute of limitations, Defendants obtained this binding commitment from SKAT that any cases would be brought within 60 days of the expiration of the Tolling Agreements, thereby ensuring that the scrutiny of these transactions did not continue indefinitely.

The final Tolling Agreement expired on December 31, 2018, meaning that SKAT needed to file any lawsuit against Defendants not later than March 1, 2019. Consistent with the Tolling Agreement, SKAT filed twenty-one lawsuits against Defendants and other parties covered by the Agreement between February 26 and February 28, 2019. Then, on November 19, 2019, months after the parties' agreed-upon deadline had passed, SKAT filed the complaint that is the subject of this motion. Because there can be no dispute that November 19, 2019 is later than March 1, 2019, this complaint is untimely. Accordingly, as to this singular complaint, the Court should enter judgment on all Counts (I-VI) in favor of Defendants.[1]

## BACKGROUND

The limited facts relevant to this motion are straightforward and set out in the accompanying LR 56.1 Statement of Material Facts ("SUMF"), and in the background and

---

[1] Defendants file this motion pursuant to the Court's Pretrial Order providing leave to "Defendants in *SKAT v. van Merkensteijn et al.*, 19-cv-10713" to "file any motions for summary judgment based on statute of limitations issues by May 10, 2024." Pretrial Order No. 36, ECF No. 978. Defendants reserve the right to challenge other lawsuits brought by SKAT as barred by the statute of limitations at trial, including for the reasons set forth in Defendants' summary judgment briefing.

1

argument below.

On April 13, 2018, SKAT entered into a Tolling Agreement (the "April 13, 2018 Tolling Agreement") with 118 pension plans, as well as the pension plans' trustees, predecessor plans, successor plans, and partners (the "Covered Parties"), with regard to any litigation related to "repayment of withheld dividend tax." SUMF ¶¶ 1-2. The Covered Parties include Defendants in this action filed by SKAT on November 19, 2019. SUMF ¶¶ 3-5, 22.

SKAT and the Covered Parties entered into subsequent Tolling Agreements extending the duration of the April 13, 2018 Tolling Agreement on July 11, 2018 (the "July 11, 2018 Tolling Agreement"), September 28, 2018 (the "September 28, 2018 Tolling Agreement"), and October 30, 2018 (the "October 30, 2018 Tolling Agreement"). *See* SUMF ¶¶ 6-7 (the July 11, 2018 Tolling Agreement); SUMF ¶¶ 8-9 (the September 28, 2018 Tolling Agreement); SUMF ¶¶ 10-11 (the October 30, 2018 Tolling Agreement). The language of the four Tolling Agreements is substantively identical, save for the progressive extension of each Agreement's "Expiration Date." SUMF ¶ 12.

The October 30, 2018 Tolling Agreement states that, "[i]nsofar as SKAT is contemplating initiating litigation in connection with a scheme to obtain dividend tax refunds, SKAT and the Covered Parties find it mutually desirable" to agree to the following:

> SKAT and the Covered Parties have agreed as of January 1, 2018 (the "Effective Date") that any statutes of limitations, statutes of repose or other time-related claim or defense that would expire or become applicable during that period of time from the Effective Date through the earlier of December 31, 2018, or thirty days after any Party gives written notice to any other Party of its wish to terminate this Agreement with respect to that Party and such notice is received, pertaining to any claim or defense relating in any way to SKAT's potential claims (the "Claims"), shall be and are tolled and waived and that any such statutes or time-related claims or defenses that would have expired or become applicable during such period shall expire or become applicable only at the conclusion of sixty (60) days from the expiration of this agreement in accordance with its terms.

SUMF ¶ 13.

The October 30, 2018 Tolling Agreement continued:

The Expiration Date of this agreement shall be the earlier of (A) December 31, 2018, (B) the filing of any legal proceeding against any Covered Party, but only with respect to the Covered Party or Parties named as a defendant in such proceeding, or (C) thirty days after any Party gives written notice to any other Party of its wish to terminate this Agreement with respect to that Party, and such notice is received, unless renewed by a written instrument signed by authorized representatives of SKAT and the Covered Parties prior to that date and time. *On the Expiration Date, a party to this agreement shall have sixty (60) days from the Expiration Date to file any lawsuit relating to the Claims*.

SUMF ¶ 14 (emphasis added). The October 30, 2018 Tolling Agreement also provided that it would be "construed in accordance with the laws of New York." SUMF ¶ 15. SKAT and Defendants did not enter into a subsequent Tolling Agreement. SUMF ¶ 17. The October 30, 2018 Tolling Agreement expired on December 31, 2018, starting the 60-day clock for SKAT to file "any lawsuit[s]" against Defendants related to "a scheme to obtain dividend tax refunds." SUMF ¶¶ 16-20. The deadline for bringing any such claims was therefore March 1, 2019. SUMF ¶ 20.

Between December 31, 2018 and March 1, 2019, SKAT filed numerous lawsuits against the Covered Parties, including Defendants. *See, e.g.*, *Skatteforvaltningen v. Routt Capital Pension Plan et al.*, No. 19-cv-01896, Compl. (S.D.N.Y. Feb. 28, 2019); *Skatteforvaltningen v. RJM Capital Pension Plan et al.*, No. 19-cv-01898, Compl. (S.D.N.Y. Feb. 28, 2019); *Skatteforvaltningen v. Michelle Investments Pension Plan et al.*, Case No. 19-cv-01906, Compl. (S.D.N.Y. Feb. 28, 2019); *Skatteforvaltningen v. Xiphias LLC Pension Plan et al.*, No. 19-cv-01924, Compl. (S.D.N.Y. Feb. 28, 2019). *See also* SUMF ¶ 21.

On November 19, 2019, SKAT filed this action. SUMF ¶ 22. The Complaint alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." SUMF ¶ 23. The numerous lawsuits that SKAT brought against

3

certain Covered Parties, including Defendants, between December 31, 2018 and March 1, 2019 similarly alleged that they "stem[med] from a fraudulent tax refund scheme [to deceive or that deceived] SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." SUMF ¶¶ 24-44.

## LEGAL STANDARD

A party is entitled to summary judgment when it shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the undisputed facts show that a claim is time barred by a statute of limitations, the motion should be granted. *See Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 2017 WL 2880554, at *4 (S.D.N.Y. July 6, 2017); *De Carlo v. Ratner*, 204 F. Supp. 2d 630, 638 (S.D.N.Y. 2002); *Tantleff v. Kestenbaum & Mark*, 15 N.Y.S.3d 840, 843-844 (App. Div. 2015); *Margulies v. Quaker City Fire & Marine Ins. Co.*, 276 A.D. 695, 700 (N.Y. App. Div. 1950).

## ARGUMENT

Under New York law, "parties may cut back on the Statute of Limitations by agreeing that any suit must be commenced within a shorter period than is prescribed by law. Such an agreement does not conflict with public policy but, in fact, 'more effectively secures the end sought to be attained by the statute of limitations.'" *John J. Kassner & Co. v. City of N.Y.*, 389 N.E.2d 99, 103 (N.Y. 1979) (quoting *Ripley v. Aetna Ins. Co.*, 30 N.Y. 136, 163 (1864)); *see Executive Plaza, LLC v. Peerless Ins. Co.*, 5 N.E.3d 989, 991 (N.Y. 2014). It follows that "an agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable provided it is in writing." *John J. Kassner & Co.*, 389 N.E.2d at 103 (citing N.Y. C.P.L.R. § 201). "Absent proof that [such a tolling agreement] is one of adhesion or the product of overreaching, or that altered period is unreasonably short, the

abbreviated period of limitation will be enforced[.]" *Timberline Elec. Supply Corp. v. Insurance Co. of North America*, 72 A.D. 2d 905, 906 (N.Y. App. Div. 1979).

That is the case here. The language of the Tolling Agreement is unambiguous—"[o]n the Expiration Date, a party to this agreement shall have sixty (60) days from the Expiration Date to file *any lawsuit* relating to" "a scheme to obtain dividend tax refunds." SUMF ¶¶ 13-14 (emphasis added). SKAT and the Covered Parties mutually agreed to "cut back on the Statute of Limitations by agreeing that any suit must be commenced" within 60 days of the expiration of the Tolling Agreement. *John J. Kassner & Co.*, 389 N.E.2d at 103. This 60-day Statute of Limitations period, which was negotiated and agreed to by sophisticated parties (and renewed by these sophisticated parties on three occasions), must be enforced. *See, e.g.*, *159 MP Corp. v. Redbridge Bedford, LLC*, 128 N.E.3d 128, 139 (N.Y. 2019) (sophisticated parties "are well situated to manage their affairs during negotiations, and to conclude otherwise would patronize [such] parties and destabilize their contractual relationships"); *301 East 60th Street LLC v. Competitive Sols. LLC*, 217 A.D. 3d 79, 84 (N.Y. App. Div. 2023) ("When sophisticated parties enter into a contract, the contract should be enforced according to its terms."); *Patsis v. Nicolia*, 120 A.D. 3d 1326, 1327 (N.Y. App. Div. 2014) ("[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms.").

Because the Tolling Agreement expired on December 31, 2018, SKAT had until March 1, 2019 to file "any lawsuit" against Defendants relating to a purported dividend tax refund scheme. SUMF ¶¶ 13-14. Inexplicably, SKAT filed suit against Defendants more than eight months later on November 19, 2019, alleging that they were participants in a dividend tax refund scheme. SUMF ¶¶ 22-23. This suit is plainly untimely under the limitations period that SKAT itself

bargained for, executed, and renewed several times per the terms of the Tolling Agreement. Thus, judgment should enter for Defendants on all Counts.

## CONCLUSION

For the foregoing reasons, the Court should enter judgment for Defendants on all Counts (I-VI) in this case.

Dated: May 10, 2024
    New York, New York

By: */s/ Alan E. Schoenfeld*
BOYD M. JOHNSON
ALAN E. SCHOENFELD
PETER G. NEIMAN
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Boyd.Johnson@wilmerhale.com
Alan.Schoenfeld@wilmerhale.com
Peter.Neiman@wilmerhale.com

ANDREW S. DULBERG
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6352
Andrew.Dulberg@wilmerhale.com

By: */s/ Sharon L. McCarthy*
SHARON L. MCCARTHY
NICHOLAS S. BAHNSEN
DANIEL C. DAVIDSON
KOSTELANETZ LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 808-8100
smccarthy@kostelanetz.com
nbahnsen@kostelanetz.com
ddavidson@kostelanetz.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024 the foregoing document was served electronically to all parties of record by the CM/ECF system.

                                                        */s/ Alan E. Schoenfeld*
                                                        Alan E. Schoenfeld

May 10, 2024