# Exhibit 2, Part 2 of 4

[Handbook Shelf 2]

# Considerations on the Court's Territorial Jurisdiction in Civil Cases, etc.

# (EC-Convention on Judgments)

Published by the Justice Council (*retsplejerådet*)



CONSIDERATION NO. 1052
COPENHAGEN 1985

75

Til § 239.

Bestemmelsen træder i stedet for reglen om kommuners værneting i nugældende § 238. I lighed med reglen i lovudkastets § 238 foreslås det, at der ved fastlæggelsen af kommuners værneting skal lægges vægt på, hvor kommunens hovedkontor er beliggende.

Til § 240.

Reglen i lovudkastets § 240 om statens værneting svarer med nogle ændringer af redaktionel karakter til den nugældende regel i retsplejelovens § 239. The question about which authority can be sued on behalf of the state must, as to date, be decided on the basis of general principles of administrative law. A lawsuit can, in general, be brought against the administrative authority that has the capacity and competence on its own to reach a decision or ruling in the particular case.

Særlovgivningen indeholder som omtalt i kapitel 2, afsnit 1.2. i vidt omfang regler om andet værneting.

Efter skattestyrelseslovens § 31 anlægges sager om skattespørgsmål ved den landsret, i hvis kreds den skattepligtige har hjemting ved sagens anlæg.

Søgsmål om ekspropriation anlægges efter ekspropriationslovens § 26, stk. 1, ved den landsret, under hvilken vedkommende ejendom er beliggende. Tilsvarende regler gælder efter lov om offentlige veje, § 65, stk. 1, by- og landszonelovens § 16 og naturfredningslovens § 30, stk. 6.

Efter lov nr. 93 af 29. marts 1937 om skibsregistrering § 53 indbringes skibsregistrets afgørelse for (kæres til) landsretten, i hvis kreds det pågældende skibsrederi er hjemmehørende.

Retsplejerådet har overvejet, hvorvidt der burde gennemføres en regel, der generelt lader sagsøgerens hjemting være afgørende ved sager mod staten, således som det har været foreslået

76

af Sv. B. Muller i Juristen 1959, s. 427 ff og af Frost i
Juristen 1969, s. 265. En sådan regel kunne umiddelbart fore-
komme nærliggende på baggrund af det af rådet stillede forslag
om gennemførelse af en særlig værnetingsregel om forbrugersa-
ger, der i visse tilfælde giver forbrugeren adgang til at an-
lægge sag ved sit eget hjemting (lovudkastets § 244). En regel,
der giver adgang til i alle sager at anlægge sag mod staten
ved eget hjemting, ville imidlertid være meget vidtgående. Reg-
len i lovudkastets § 244 har endvidere sammenhæng med, at de
pågældende sager, som er omfattet af denne bestemmelse, ved-
rører aftaler, som den erhvervsdrivende typisk har taget ini-
tiativ til. Det samme gør sig ikke gældende i sager, hvor sta-
ten er modpart. En adgang til sagsanlæg mod statsmyndigheder
ved eget hjemting ville undertiden være uhensigtsmæssig. Sager
mod decentrale statsmyndigheder vil typisk have deres udspring
i begivenheder i det lokalområde, hvor myndigheden har hjemting,
og det er derfor naturligt, at de også behandles der. Hertil
kommer, at der som foran nævnt, hvor der har vist sig et sær-
ligt behov herfor, i særlovgivningen er foretaget en fravigel-
se af retsplejelovens almindelige værnetingsbestemmelse. På
den baggrund finder retsplejerådet det rigtigst at opretholde
den nugældende regel om statens værneting.

Til § 241.

Lovudkastets § 241 om værnetinget for sager om fast ejendom
svarer med sproglige ændringer til nugældende § 240, stk. 1.

Der henvises herom til kapitel 2, afsnit 1.1.2.

Efter nugældende § 240, stk. 2, kan sagsøgeren benytte den fas-
te ejendoms værneting i sager, hvor han indtaler fordringer,
som er sikret ved pant i ejendommen, eller enkelte forfaldne
grundbyrdeydelser. Retsplejerådet foreslår, at denne bestem-
melse ophæves. Efter retsplejerådets opfattelse er der ikke
noget større behov for en sådan regel. Dette skyldes bl.a.,
at udlæg kan foretages direkte på grundlag af pantebreve, jfr.
retsplejelovens § 478, stk. 1, nr. 6. Retsplejeloven indehol-
der i § 487, stk. 1, nr. 3, en særlig værnetingsregel, hvor-

Håndbogsreol 2

# Betænkning
# om retternes stedlige kompetence
# i borgerlige sager m.v.

# (EF-domskonventionen)

*Afgivet af retsplejerådet*



ex. 2

BETÆNKNING NR. 1052
KØBENHAVN 1985

75

<u>Til § 239.</u>

Bestemmelsen træder i stedet for reglen om kommuners værneting i nugældende § 238. I lighed med reglen i lovudkastets § 238 foreslås det, at der ved fastlæggelsen af kommuners værneting skal lægges vægt på, hvor kommunens hovedkontor er beliggende.

<u>Til § 240.</u>

Reglen i lovudkastets § 240 om statens værneting svarer med nogle ændringer af redaktionel karakter til den nugældende regel i retsplejelovens § 239. Spørgsmålet om, hvilken myndighed der kan sagsøges på statens vegne, må som hidtil afgøres ud fra almindelige forvaltningsretlige principper. En retssag kan i almindelighed anlægges mod den forvaltningsmyndighed, som har habilitet og kompetence til selv at træffe afgørelse eller beslutning i det anliggende, sagen angår.

Særlovgivningen indeholder som omtalt i kapitel 2, afsnit 1.2. i vidt omfang regler om andet værneting.

Efter skattestyrelseslovens § 31 anlægges sager om skattespørgsmål ved den landsret, i hvis kreds den skattepligtige har hjemting ved sagens anlæg.

Søgsmål om ekspropriation anlægges efter ekspropriationslovens § 26, stk. 1, ved den landsret, under hvilken vedkommende ejendom er beliggende. Tilsvarende regler gælder efter lov om offentlige veje, § 65, stk. 1, by- og landszonelovens § 16 og naturfredningslovens § 30, stk. 6.

Efter lov nr. 93 af 29. marts 1937 om skibsregistrering § 53 indbringes skibsregistrets afgørelse for (kæres til) landsretten, i hvis kreds det pågældende skibsrederi er hjemmehørende.

Retsplejerådet har overvejet, hvorvidt der burde gennemføres en regel, der generelt lader sagsøgerens hjemting være afgørende ved sager mod staten, således som det har været foreslået

76

af Sv. B. Müller i Juristen 1959, s. 427 ff og af Frost i Juristen 1969, s. 265. En sådan regel kunne umiddelbart forekomme nærliggende på baggrund af det af rådet stillede forslag om gennemførelse af en særlig værnetingsregel om forbrugersager, der i visse tilfælde giver forbrugeren adgang til at anlægge sag ved sit eget hjemting (lovudkastets § 244). En regel, der giver adgang til i alle sager at anlægge sag mod staten ved eget hjemting, ville imidlertid være meget vidtgående. Reglen i lovudkastets § 244 har endvidere sammenhæng med, at de pågældende sager, som er omfattet af denne bestemmelse, vedrører aftaler, som den erhvervsdrivende typisk har taget initiativ til. Det samme gør sig ikke gældende i sager, hvor staten er modpart. En adgang til sagsanlæg mod statsmyndigheder ved eget hjemting ville undertiden være uhensigtsmæssig. Sager mod decentrale statsmyndigheder vil typisk have deres udspring i begivenheder i det lokalområde, hvor myndigheden har hjemting, og det er derfor naturligt, at de også behandles der. Hertil kommer, at der som foran nævnt, hvor der har vist sig et særligt behov herfor, i særlovgivningen er foretaget en fravigelse af retsplejelovens almindelige værnetingsbestemmelse. På den baggrund finder retsplejerådet det rigtigst at opretholde den nugældende regel om statens værneting.

Til § 241.

Lovudkastets § 241 om værnetinget for sager om fast ejendom svarer med sproglige ændringer til nugældende § 240, stk. 1.

Der henvises herom til kapitel 2, afsnit 1.1.2.

Efter nugældende § 240, stk. 2, kan sagsøgeren benytte den faste ejendoms værneting i sager, hvor han indtaler fordringer, som er sikret ved pant i ejendommen, eller enkelte forfaldne grundbyrdeydelser. Retsplejerådet foreslår, at denne bestemmelse ophæves. Efter retsplejerådets opfattelse er der ikke noget større behov for en sådan regel. Dette skyldes bl.a., at udlæg kan foretages direkte på grundlag af pantebreve, jfr. retsplejelovens § 478, stk. 1, nr. 6. Retsplejeloven indeholder i § 487, stk. 1, nr. 3, en særlig værnetingsregel, hvor-

# Appendix E

Administrative Law

*Chapter 20. Court Proceedings*

betydning i erstatningsretlig henseende. Højesteret udtalte, at uanset at manden havde fået en tidsbegrænset humanitær opholdstilladelse, var der ikke grundlag for at fastslå, at han savnede retlig interesse i at få prøvet lovligheden af ministeriets afgørelser.

I U 2004.3051 H havde en bygherre opfordret rådgivere til at anmode om prækvalifikation i forbindelse med udbud af rådgivning vedrørende en tilbygning. Praktiserende Arkitekters Råd, PAR, indbragte sagen for Klagenævnet for Udbud med påstand om, at bygherren på 6 punkter havde handlet i strid med udbudsreglerne. Klagenævnet gav PAR medhold vedrørende 2 af punkterne, mens bygherren fik medhold vedrørende de resterende 4. Derefter anlagde PAR sag ved landsretten vedrørende de 4 punkter. Under domstolsprøvelsen kom det frem, at bygherren endeligt havde opgivet det byggeprojekt, som sagen vedrørte, og udbetalt tilbudsvederlag til alle de deltagende firmaer. En afgørelse af PARs påstande ville derfor ikke have betydning for bygherrens, de deltagende firmaers eller PARs retsstilling. Der forelå desuden ikke oplysninger om, at en afgørelse ville have betydning for andre. PAR havde herefter ikke længere fornøden interesse i en prøvelse af, om bygherren havde handlet i strid med udbudsreglerne. Hverken hensynet til effektiv kontrol med forvaltningen eller PARs klageadgang i medfør af udbudsreglerne kunne føre til et andet resultat. Søgsmålet blev herefter afvist.

Kravene til tvistens fortsatte aktualitet synes større, hvis modparten ikke er forvaltningsmyndigheden, men en privat part, uanset om sagen indirekte rejser spørgsmål om berettigelsen af en myndigheds dispositioner, jf. U 2008.1897 H og U 2009.1758 H. Det samme er tilfældet, hvis prøvelsen ikke angår, om en bestemt persons rettigheder er blevet krænket, idet søgsmålet har karakter af abstrakt normkontrol med en forening som sagsøger.

I U 1987.923 H påstod Foreningen af Arbejdsledere i Danmark Direktoratet for Arbejdsløshedsforsikringen tilpligtet at anerkende, at et af direktoratet udstedt cirkulære var i strid med lov om arbejdsformidling og arbejdsløshedsforsikring. Højesteret fandt, at foreningen havde en aktuel, saglig interesse i at få afklaret, om cirkulæret var lovstridigt, og at de nødvendige oplysninger til afgørelse af dette spørgsmål kunne tilvejebringes under retssagen. Alligevel blev søgsmålet afvist, da cirkulæret efter sagens anlæg var blevet ophævet, og foreningen herefter ikke længere havde fornøden interesse i en prøvelse af spørgsmålet om lovmedholdeligheden af cirkulæret.

### 2.4.7. Særligt om myndigheder som sagsøgere
#### 2.4.7.1. Mod en anden forvaltningsmyndighed

En offentlig myndighed kan være adressat for en forvaltningsafgørelse på samme måde som et privat organ eller i øvrigt have en væsentlig, konkret og aktuel interesse i sagens udfald på samme måde som private retssubjekter. I sådanne tilfælde vil den offentlige myndighed kunne anlægge søgsmål mod andre offentlige organer, herunder for at få prøvet disse andre myndigheders afgørelser, jf. U 1977.651 H, U 1996.1183/2 H, U 1997.1693 H, U 1998.1344 H og U 2007.464 H. På samme måde som bl.a. organisationer kan

*2. Procedural questions in broad overview*

offentlige myndigheder endvidere gennem at være tillagt klageret i den administrative rekurs få søgsmålsret ved domstolene, jf. U 2003.64 H og U 2004.904 V.

Underordnede myndigheder er normalt ikke berettigede til at klage over overordnede myndigheders afgørelser til højere administrative myndigheder, jf. kapitel 2, afsnit 4.4.7. På tilsvarende måde er udgangspunktet, at en underordnet myndighed ikke har søgsmålsret i forhold til rekursinstansen i den situation, hvor den underordnede myndighed har truffet en afgørelse, der efterfølgende er blevet omgjort af rekursorganet, jf. U 1997.1304 0, U 1998.672 0, U 2002.1472 H og U 2004.1513 H. Dette vil dog kunne være tilfældet, hvis den underordnede myndighed - f.eks. en kommune - har en økonomisk, planlægningsmæssig eller anden relevant interesse i sagens udfald, jf. U 2007.1074 H og U 2007.1078/1 H. Domstolene påser ikke ex officio, om der i sådanne sager foreligger søgsmålskompetence.

Efter fast praksis anses kommunalbestyrelser at have søgsmålskompetence i forhold til de kommunale tilsynsmyndigheders afgørelser efter kommunestyrelseslovens tilsynsbestemmelser, jf. f.eks. U 1981.637 H, U 1990.601 H, U 1992.699 H og U 2006.3200/2 H og se herom nærmere kapitel 19, hvor der i afsnittene 9.3.7, 10.2.1.4 og 10.2.2.4 også redegøres for, at de kommunale tilsynsmyndigheder ved lov er tillagt kompetence til at anlægge anerkendelsessøgsmål til håndhævelse af deres udtalelser.

Spørgsmål om en myndigheds søgsmålskompetence kan også opstå i tilfælde, hvor et ressortministerium er uenigt i afgørelser truffet at et uafhængigt ankenævn. På den ene side vil sådanne afgørelser - bl.a. på grund af deres praksisskabende virkning - efter omstændighederne kunne have betydelige økonomiske og praktiske virkninger for ministeriet. På den anden side er formålet med at henlægge afgørelseskompetencen til et uafhængigt nævn ofte, at ministeren ikke skal have beføjelser over for nævnets konkrete afgørelser, men alene kunne styre nævnet gennem (forslag til) ny lovgivning og udstedelse af generelle administrative forskrifter.

I U 2009.58 Ø havde Beskæftigelsesministeriet ikke retlig interesse i at anlægge sag mod Arbejdsmarkedets Ankenævn for at få en konkret afgørelse om ret til at få udbetalt feriepenge under efterløn underkendt som ugyldig. Sml. skatteforvaltningslovens § 49, hvorefter Skatteministeriet kan indbringe de skatteretlige ankenævns afgørelser for domstolene.

Spørgsmål, der direkte har interesse for private, bliver i visse tilfælde afgjort under retssager, der føres mellem offentlige myndigheder, jf. f.eks. U 1981.637 H, U 1995.952 0, U 1996.583 0 og U 2000.2088 V og se afsnit 2.5.2 nedenfor om de problemer, som den manglende inddragelse af vedkommende private kan give anledning til.

*Chapter 20. Court Proceedings*

*2.4.7.2.   Med en privat part som sagsøgt*
Også i forhold til tvister med private parter kan en myndighed naturligvis have søgsmålsinteresse på samme måde, som hvis myndigheden var et privat organ. I visse tilfælde har offentlige myndigheder endvidere sagsøgt private parter for at fa parten dømt til at anerkende rigtigheden af myndighedens retsopfattelse, jf. U 1977.514 H, U 2001.2493 H og U 2007.2012 Ø.

En række lovbestemmelser pålægger en myndighed at indbringe sin egen afgørelse for domstolene. Der kan både være tale om automatisk indbringelse og domstolsprøvelse, der alene sker, hvis parten anmoder derom. Se for eksempler domstolsprøvelse af administrativ frihedsberøvelse i henhold til retsplejelovens kapitel 43 a og domstolsprøvelse i henhold til en række lovbestemmelser vedrørende forvaltningsafgørelser, der forbyder eller begrænser virksomhed, hvortil der kræves offentlig autorisation, jf. bl.a. revisorlovens § 52, lov om vagtvirksomhed § 15, godskørselslovens § 13, luftfartslovens § 146 b, retsplejelovens §§ 121, stk. 4, 139, stk. 3, og 147 e, lov om autorisation af virksomheder på el-, vvs- og kloakinstallationsområdet § 23, lov om formidling af fast ejendom mv. § 64 og lov om autorisation af sundhedspersoner §§ 11 og 36. Beslægtede bestemmelser findes i udlændingelovens § 52, produktsikkerhedslovens § 34 og lov om dyrkning mv. af genetisk modificerede afgrøder § 16, stk. 3.

Sådanne regler er vedtaget for at gøre det lettere for borgerne at fa forvaltningsakter prøvet og afskærer normalt ikke den private fra selv at anlægge sag ved domstolene. De indebærer i de fleste tilfælde, at sagen skal anlægges i den civile retsplejes former med en påstand fra myndighedens side om, at parten (sagsøgte) skal anerkende, at forvaltningsakten er gyldig. Der vil normalt være fastsat en frist for partens adgang til at fremsætte anmodning om, at myndigheden indbringer sagen for domstolene.

## 2.5.   Who should be sued as part of the process on the administration's side?
### 2.5.1.   General administrative cases
In most cases, it is self-evident who shall appear as litigating party on the administration's side, namely the authority that issued the disputed administrative decision. Tvivl kan dog opstå i tilfælde, hvor flere myndigheder har truffet afgørelse i sagen. På visse områder er det lovreguleret eller fastlagt i retspraksis, hvilken myndighed der sagsøges. I skattesager er Skatteministe- riet procespart i sager, der er afgjort af Landsskatteretten, jf. U 2011.781 H. I sager, der i sidste instans er afgjort af Konkurrenceankenævnet, er Konkur- rencerådet rette sagsøgte.

Additionally, the case must be brought against the authority responsible for the decision that is to be tried. Er en afgørelse truffet af en underordnet in-

stans, hvis afgørelse kan påklages til en højere administrativ myndighed uden at være blevet det, er underinstansen rette sagsøgte. Det samme gælder, hvis afgørelsen har været påklaget, men rekursorganet afviser at realitetsbehandle klagen, og påstanden ikke går på, at rekursorganet burde have behandlet sagen.

Har ankeinstansen realitetsbehandlet sagen, er ankeinstansen normalt rette sagsøgte, eventuelt sammen med underinstansen. Derimod er det uden betydning, om ankeinstansen har ændret eller stadfæstet afgørelsen. I begge tilfælde er den retskraftige afgørelse ankeinstansens, og dermed er denne rette procespart, jf. U 1997.1411 V, U 2000.179 H, U 2005.2809 H og U 2007.2404 H. Om underinstansen skal inddrages, beror på, i hvilken udstrækning ankeinstansen har taget stilling til underinstansens afgørelse, sammenholdt med det klagepunkt, sagsøgeren har mod sagens administrative behandling, jf. U 1992.227 H og U 2002.757 H. Ønsker parten at nedlægge påstande, der ikke dækkes af ankeinstansens kompetence, må parten - evt. tillige - rette søgsmålet mod den underordnede instans, jf. U 2010.818 H.

I U 2003.1150 H havde et amt givet dispensation til kommunen med henblik på at udføre et skolebyggeri, hvis bygning overskred det byggefelt, der var fastsat i den gældende lokalplan. Herefter indbragte naboen til skolebyggeriet kommunens afgørelse for Naturklagenævnet, der imidlertid ikke gav naboen medhold. Naboen anlagde derefter sag mod amtet og kommunen med påstand bl.a. om, at disse skulle anerkende, at en tilbygning var opført i strid med lokalplanen, og at der skulle ske lovliggørelse ved nedrivning subsidiært ændring af tilbygningen. Mere subsidiært nedlagde naboen tillige en erstatningspåstand. Amtet og kommunen påstod sagen afvist under henvisning til, at fristen for sagsanlæg var overskredet, subsidiært at de ikke var rette sagsøgte. Højesteret fandt, at amtet og kommunen var rette sagsøgte, da sagen bl.a. angik, om kommunen som lokalplanmyndighed og amtet som grundejer og bygherre skulle henholdsvis kræve og gennemføre fysisk lovliggørelse, og subsidiært, om kommunen og amtet skulle betale erstatning for ulemper som følge af tilbygningen. Uanset at krav herom bl.a støttedes på et anbringende om, at kommunen ikke var bemyndiget til at give dispensation for de konkrete forhold, var der herefter ikke grundlag for frifindelse allerede som følge af, at hverken kommunen eller amtet skulle være rette sagsøgte.

Er afgørelsen truffet af et uafhængigt nævn, må søgsmålet rettes mod nævnet og ikke mod det ministerium, der har ressortområdet, jf. U 2000.669 H. Er afgørelsen truffet af et privat organ, hvis afgørelser ikke kan indbringes for en offentlig myndighed, må søgsmålet rettes mod det private organ, jf. U 1998.1552 H, hvor Undervisningsministeriet ikke var rette sagsøgte i sag om en tilskudsordning administreret af en privat organisation, uanset at der var tale om fordeling af offentlige midler, og ministeriet var ressortmyndighed og øverste budgetansvarlige. Går påstanden ud på et pengekrav, må processparten på forvaltningens side efter budgetrettens regler kunne forpligte den pågæl-

*Chapter 20. Court Proceedings*

dende fonnue; kræves der erstatning, må det organ, der hævdes at have begået den erstatningspådragende fejl, sagsøges, se U 2002.1566 H.

Det tilføjes, at domstolene heller ikke i denne sammenhæng ex officio påser, at den indstævnte forvaltningsmyndighed er rette sagsøgte, men alene behandler problemstillingen efter sagsøgtes påstand.

*2.5.2.   Søgsmål mod forvaltningen af betydning for private tredjemænd*
Det hænder ofte, at en sag ved en forvaltningsmyndighed ikke blot involverer en enkelt part, men at forvaltningen træffer en afgørelse, der har betydning for flere, som måske har modstående interesser. Det kan f.eks. være en sag om en tilladelse til at opføre et hus, der vil være til gene for naboer e.lign. Dette forhold ændrer ikke ved, at den, der er utilfreds med forvaltningens afgørelse, må anlægge sag mod forvaltningen.

Ikke sjældent føres prøvelsessager mellem myndigheden og en enkelt af flere private parter, uanset om sagen har betydning for en anden part, og dommens resultat potentielt kan have betydelige negative følger for denne, jf. f.eks. U 1990.106/2 0, U 2000.2412 **H** og U 2003.1628 0.

I U 2000.1380 **H** afgjordes det under en retssag mellem Miljøstyrelsen og en grundejerforening, at Miljøstyrelsens afgørelser om støjgrænser for en virksomhed skulle annulleres og hjemvises til ny behandling. Dette skete, uden at virksomheden var inddraget i sagen.

I U 1999.1 H ophævedes en tilladelse til et supermarked om at holde åbent i weekenden. Tilladelsen var meddelt af Frederikshavn Kommune. Retssagen førtes med kommunen og HK som parter.

I enkelte tilfælde er et søgsmål mod myndigheden af betydning for tredjemand dog blevet afvist.

I U 2006.1717 **H** afviste Højesteret ex officio et søgsmål mod Sundhedsvæsenets Patientklagenævn, hvor der ønskedes dom for, at en læge - i modstrid med nævnets afgørelse - havde overtrådt lægeloven, allerede fordi lægen ikke havde haft mulighed for at varetage sine interesser under retssagen. Se tilsvarende U 2013.3295 **H** omtalt i afsnit 2.4.5 ovenfor samt U 2014.3504 **H** om et forsikringsselskabs påstand over for Ankestyrelsen om, at det fuldt ud havde opfyldt sine forpligtelser til at udbetale erhvervsevnetabserstatning i en sag, hvor skadelidte arbejdstager ikke var part.

Det hænder også, at der i sager mellem private parter sker en præjudiciel prøvelse af forvaltningsafgørelser, uden at den myndighed, der har udstedt afgørelsen, deltager i sagens behandling, jf. U 1988.352 H, U 2000.2047 H og U 2014.760 0. Se også U 2004.4 H.

906

Forvaltningsret

*Kapitel 20. Domstolsprøvelse*

betydning i erstatningsretlig henseende. Højesteret udtalte, at uanset at manden havde fået en tidsbegrænset humanitær opholdstilladelse, var der ikke grundlag for at fastslå, at han savnede retlig interesse i at få prøvet lovligheden af ministeriets afgørelser.

I U 2004.3051 H havde en bygherre opfordret rådgivere til at anmode om prækvalifikation i forbindelse med udbud af rådgivning vedrørende en tilbygning. Praktiserende Arkitekters Råd, PAR, indbragte sagen for Klagenævnet for Udbud med påstand om, at bygherren på 6 punkter havde handlet i strid med udbudsreglerne. Klagenævnet gav PAR medhold vedrørende 2 af punkterne, mens bygherren fik medhold vedrørende de resterende 4. Derefter anlagde PAR sag ved landsretten vedrørende de 4 punkter. Under domstolsprøvelsen kom det frem, at bygherren endeligt havde opgivet det byggeprojekt, som sagen vedrørte, og udbetalt tilbudsvederlag til alle de deltagende firmaer. En afgørelse af PARs påstande ville derfor ikke have betydning for bygherrens, de deltagende firmaers eller PARs retsstilling. Der forelå desuden ikke oplysninger om, at en afgørelse ville have betydning for andre. PAR havde herefter ikke længere fornøden interesse i en prøvelse af, om bygherren havde handlet i strid med udbudsreglerne. Hverken hensynet til effektiv kontrol med forvaltningen eller PARs klageadgang i medfør af udbudsreglerne kunne føre til et andet resultat. Søgsmålet blev herefter afvist.

Kravene til tvistens fortsatte aktualitet synes større, hvis modparten ikke er forvaltningsmyndigheden, men en privat part, uanset om sagen indirekte rejser spørgsmål om berettigelsen af en myndigheds dispositioner, jf. U 2008.1897 H og U 2009.1758 H. Det samme er tilfældet, hvis prøvelsen ikke angår, om en bestemt persons rettigheder er blevet krænket, idet søgsmålet har karakter af abstrakt normkontrol med en forening som sagsøger.

I U 1987.923 H påstod Foreningen af Arbejdsledere i Danmark Direktoratet for Arbejdsløshedsforsikringen tilpligtet at anerkende, at et af direktoratet udstedt cirkulære var i strid med lov om arbejdsformidling og arbejdsløshedsforsikring. Højesteret fandt, at foreningen havde en aktuel, saglig interesse i at få afklaret, om cirkulæret var lovstridigt, og at de nødvendige oplysninger til afgørelse af dette spørgsmål kunne tilvejebringes under retssagen. Alligevel blev søgsmålet afvist, da cirkulæret efter sagens anlæg var blevet ophævet, og foreningen herefter ikke længere havde fornøden interesse i en prøvelse af spørgsmålet om lovmedholdeligheden af cirkulæret.

### 2.4.7. Særligt om myndigheder som sagsøgere
### 2.4.7.1. Mod en anden forvaltningsmyndighed

En offentlig myndighed kan være adressat for en forvaltningsafgørelse på samme måde som et privat organ eller i øvrigt have en væsentlig, konkret og aktuel interesse i sagens udfald på samme måde som private retssubjekter. I sådanne tilfælde vil den offentlige myndighed kunne anlægge søgsmål mod andre offentlige organer, herunder for at få prøvet disse andre myndigheders afgørelser, jf. U 1977.651 H, U 1996.1183/2 H, U 1997.1693 H, U 1998.1344 H og U 2007.464 H. På samme måde som bl.a. organisationer kan

902