# Exhibit 2, Part 3 of 4

*2. Processuelle spørgsmål i bred forstand*

offentlige myndigheder endvidere gennem at være tillagt klageret i den administrative rekurs få søgsmålsret ved domstolene, jf. U 2003.64 H og U 2004.904 V.

Underordnede myndigheder er normalt ikke berettigede til at klage over overordnede myndigheders afgørelser til højere administrative myndigheder, jf. kapitel 2, afsnit 4.4.7. På tilsvarende måde er udgangspunktet, at en underordnet myndighed ikke har søgsmålsret i forhold til rekursinstansen i den situation, hvor den underordnede myndighed har truffet en afgørelse, der efterfølgende er blevet omgjort af rekursorganet, jf. U 1997.1304 Ø, U 1998.672 Ø, U 2002.1472 H og U 2004.1513 H. Dette vil dog kunne være tilfældet, hvis den underordnede myndighed – f.eks. en kommune – har en økonomisk, planlægningsmæssig eller anden relevant interesse i sagens udfald, jf. U 2007.1074 H og U 2007.1078/1 H. Domstolene påser ikke ex officio, om der i sådanne sager foreligger søgsmålskompetence.

Efter fast praksis anses kommunalbestyrelser at have søgsmålskompetence i forhold til de kommunale tilsynsmyndigheders afgørelser efter kommunestyrelseslovens tilsynsbestemmelser, jf. f.eks. U 1981.637 H, U 1990.601 H, U 1992.699 H og U 2006.3200/2 H og se herom nærmere kapitel 19, hvor der i afsnittene 9.3.7, 10.2.1.4 og 10.2.2.4 også redegøres for, at de kommunale tilsynsmyndigheder ved lov er tillagt kompetence til at anlægge anerkendelsessøgsmål til håndhævelse af deres udtalelser.

Spørgsmål om en myndigheds søgsmålskompetence kan også opstå i tilfælde, hvor et ressortministerium er uenigt i afgørelser truffet at et uafhængigt ankenævn. På den ene side vil sådanne afgørelser – bl.a. på grund af deres praksisskabende virkning – efter omstændighederne kunne have betydelige økonomiske og praktiske virkninger for ministeriet. På den anden side er formålet med at henlægge afgørelseskompetencen til et uafhængigt nævn ofte, at ministeren ikke skal have beføjelser over for nævnets konkrete afgørelser, men alene kunne styre nævnet gennem (forslag til) ny lovgivning og udstedelse af generelle administrative forskrifter.

I U 2009.58 Ø havde Beskæftigelsesministeriet ikke retlig interesse i at anlægge sag mod Arbejdsmarkedets Ankenævn for at få en konkret afgørelse om ret til at få udbetalt feriepenge under efterløn underkendt som ugyldig. Sml. skatteforvaltningslovens § 49, hvorefter Skatteministeriet kan indbringe de skatteretlige ankenævns afgørelser for domstolene.

Spørgsmål, der direkte har interesse for private, bliver i visse tilfælde afgjort under retssager, der føres mellem offentlige myndigheder, jf. f.eks. U 1981.637 H, U 1995.952 Ø, U 1996.583 Ø og U 2000.2088 V og se afsnit 2.5.2 nedenfor om de problemer, som den manglende inddragelse af vedkommende private kan give anledning til.

*Kapitel 20. Domstolsprøvelse*

*2.4.7.2.   Med en privat part som sagsøgt*
Også i forhold til tvister med private parter kan en myndighed naturligvis have søgsmålsinteresse på samme måde, som hvis myndigheden var et privat organ. I visse tilfælde har offentlige myndigheder endvidere sagsøgt private parter for at få parten dømt til at anerkende rigtigheden af myndighedens retsopfattelse, jf. U 1977.514 H, U 2001.2493 H og U 2007.2012 Ø.

En række lovbestemmelser pålægger en myndighed at indbringe sin egen afgørelse for domstolene. Der kan både være tale om automatisk indbringelse og domstolsprøvelse, der alene sker, hvis parten anmoder derom. Se for eksempler domstolsprøvelse af administrativ frihedsberøvelse i henhold til retsplejelovens kapitel 43 a og domstolsprøvelse i henhold til en række lovbestemmelser vedrørende forvaltningsafgørelser, der forbyder eller begrænser virksomhed, hvortil der kræves offentlig autorisation, jf. bl.a. revisorlovens § 52, lov om vagtvirksomhed § 15, godskørselslovens § 13, luftfartslovens § 146 b, retsplejelovens §§ 121, stk. 4, 139, stk. 3, og 147 e, lov om autorisation af virksomheder på el-, vvs- og kloakinstallationsområdet § 23, lov om formidling af fast ejendom mv. § 64 og lov om autorisation af sundhedspersoner §§ 11 og 36. Beslægtede bestemmelser findes i udlændingelovens § 52, produktsikkerhedslovens § 34 og lov om dyrkning mv. af genetisk modificerede afgrøder § 16, stk. 3.

Sådanne regler er vedtaget for at gøre det lettere for borgerne at få forvaltningsakter prøvet og afskærer normalt ikke den private fra selv at anlægge sag ved domstolene. De indebærer i de fleste tilfælde, at sagen skal anlægges i den civile retsplejes former med en påstand fra myndighedens side om, at parten (sagsøgte) skal anerkende, at forvaltningsakten er gyldig. Der vil normalt være fastsat en frist for partens adgang til at fremsætte anmodning om, at myndigheden indbringer sagen for domstolene.

**2.5.   Hvem skal indstævnes som procespart på forvaltningens side?**
*2.5.1.   Almindelige forvaltningssager*
I de fleste tilfælde giver det sig selv, hvem der skal optræde som procespart på forvaltningens side, nemlig den myndighed, der har udstedt den anfægtede forvaltningsafgørelse. Tvivl kan dog opstå i tilfælde, hvor flere myndigheder har truffet afgørelse i sagen. På visse områder er det lovreguleret eller fastlagt i retspraksis, hvilken myndighed der sagsøges. I skattesager er Skatteministeriet procespart i sager, der er afgjort af Landsskatteretten, jf. U 2011.781 H. I sager, der i sidste instans er afgjort af Konkurrenceankenævnet, er Konkurrencerådet rette sagsøgte.

I øvrigt må sagen anlægges mod den myndighed, der har ansvaret for den afgørelse, der ønskes påkendt. Er en afgørelse truffet af en underordnet in-

*2. Processuelle spørgsmål i bred forstand*

stans, hvis afgørelse kan påklages til en højere administrativ myndighed uden at være blevet det, er underinstansen rette sagsøgte. Det samme gælder, hvis afgørelsen har været påklaget, men rekursorganet afviser at realitetsbehandle klagen, og påstanden ikke går på, at rekursorganet burde have behandlet sagen.

Har ankeinstansen realitetsbehandlet sagen, er ankeinstansen normalt rette sagsøgte, eventuelt sammen med underinstansen. Derimod er det uden betydning, om ankeinstansen har ændret eller stadfæstet afgørelsen. I begge tilfælde er den retskraftige afgørelse ankeinstansens, og dermed er denne rette procespart, jf. U 1997.1411 V, U 2000.179 H, U 2005.2809 H og U 2007.2404 H. Om underinstansen skal inddrages, beror på, i hvilken udstrækning ankeinstansen har taget stilling til underinstansens afgørelse, sammenholdt med det klagepunkt, sagsøgeren har mod sagens administrative behandling, jf. U 1992.227 H og U 2002.757 H. Ønsker parten at nedlægge påstande, der ikke dækkes af ankeinstansens kompetence, må parten – evt. tillige – rette søgsmålet mod den underordnede instans, jf. U 2010.818 H.

I U 2003.1150 H havde et amt givet dispensation til kommunen med henblik på at udføre et skolebyggeri, hvis bygning overskred det byggefelt, der var fastsat i den gældende lokalplan. Herefter indbragte naboen til skolebyggeriet kommunens afgørelse for Naturklagenævnet, der imidlertid ikke gav naboen medhold. Naboen anlagde derefter sag mod amtet og kommunen med påstand bl.a. om, at disse skulle anerkende, at en tilbygning var opført i strid med lokalplanen, og at der skulle ske lovliggørelse ved nedrivning subsidiært ændring af tilbygningen. Mere subsidiært nedlagde naboen tillige en erstatningspåstand. Amtet og kommunen påstod sagen afvist under henvisning til, at fristen for sagsanlæg var overskredet, subsidiært at de ikke var rette sagsøgte. Højesteret fandt, at amtet og kommunen var rette sagsøgte, da sagen bl.a. angik, om kommunen som lokalplanmyndighed og amtet som grundejer og bygherre skulle henholdsvis kræve og gennemføre fysisk lovliggørelse, og subsidiært, om kommunen og amtet skulle betale erstatning for ulemper som følge af tilbygningen. Uanset at krav herom bl.a. støttedes på et anbringende om, at kommunen ikke var bemyndiget til at give dispensation for de konkrete forhold, var der herefter ikke grundlag for frifindelse allerede som følge af, at hverken kommunen eller amtet skulle være rette sagsøgte.

Er afgørelsen truffet af et uafhængigt nævn, må søgsmålet rettes mod nævnet og ikke mod det ministerium, der har ressortområdet, jf. U 2000.669 H. Er afgørelsen truffet af et privat organ, hvis afgørelser ikke kan indbringes for en offentlig myndighed, må søgsmålet rettes mod det private organ, jf. U 1998.1552 H, hvor Undervisningsministeriet ikke var rette sagsøgte i sag om en tilskudsordning administreret af en privat organisation, uanset at der var tale om fordeling af offentlige midler, og ministeriet var ressortmyndighed og øverste budgetansvarlige. Går påstanden ud på et pengekrav, må proceparten på forvaltningens side efter budgetrettens regler kunne forpligte den pågæl-

905