# Exhibit 2, Part 4 of 4

*Kapitel 20. Domstolsprøvelse*

dende formue; kræves der erstatning, må det organ, der hævdes at have begået den erstatningspådragende fejl, sagsøges, se U 2002.1566 H.

Det tilføjes, at domstolene heller ikke i denne sammenhæng ex officio påser, at den indstævnte forvaltningsmyndighed er rette sagsøgte, men alene behandler problemstillingen efter sagsøgtes påstand.

*2.5.2. Søgsmål mod forvaltningen af betydning for private tredjemænd*
Det hænder ofte, at en sag ved en forvaltningsmyndighed ikke blot involverer en enkelt part, men at forvaltningen træffer en afgørelse, der har betydning for flere, som måske har modstående interesser. Det kan f.eks. være en sag om en tilladelse til at opføre et hus, der vil være til gene for naboer e.lign. Dette forhold ændrer ikke ved, at den, der er utilfreds med forvaltningens afgørelse, må anlægge sag mod forvaltningen.

Ikke sjældent føres prøvelsessager mellem myndigheden og en enkelt af flere private parter, uanset om sagen har betydning for en anden part, og dommens resultat potentielt kan have betydelige negative følger for denne, jf. f.eks. U 1990.106/2 Ø, U 2000.2412 H og U 2003.1628 Ø.

I U 2000.1380 H afgjordes det under en retssag mellem Miljøstyrelsen og en grundejerforening, at Miljøstyrelsens afgørelser om støjgrænser for en virksomhed skulle annulleres og hjemvises til ny behandling. Dette skete, uden at virksomheden var inddraget i sagen.

I U 1999.1 H ophævedes en tilladelse til et supermarked om at holde åbent i weekenden. Tilladelsen var meddelt af Frederikshavn Kommune. Retssagen førtes med kommunen og HK som parter.

I enkelte tilfælde er et søgsmål mod myndigheden af betydning for tredjemand dog blevet afvist.

I U 2006.1717 H afviste Højesteret ex officio et søgsmål mod Sundhedsvæsenets Patientklagenævn, hvor der ønskedes dom for, at en læge – i modstrid med nævnets afgørelse – havde overtrådt lægeloven, allerede fordi lægen ikke havde haft mulighed for at varetage sine interesser under retssagen. Se tilsvarende U 2013.3295 H omtalt i afsnit 2.4.5 ovenfor samt U 2014.3504 H om et forsikringsselskabs påstand over for Ankestyrelsen om, at det fuldt ud havde opfyldt sine forpligtelser til at udbetale erhvervsevnetabserstatning i en sag, hvor skadelidte arbejdstager ikke var part.

Det hænder også, at der i sager mellem private parter sker en præjudiciel prøvelse af forvaltningsafgørelser, uden at den myndighed, der har udstedt afgørelsen, deltager i sagens behandling, jf. U 1988.352 H, U 2000.2047 H og U 2014.760 Ø. Se også U 2004.4 H.