# Exhibit 6

# Consolidated Act 2022-06-03 no. 835 Tax Administration Act

as amended by L 2022-06-21 no. 905, L 2023-06-03 no. 679, L 2023-12-12 no. 1535, L 2023-12-12 no. 1565 and L 2023-12-28 no. 1796

Future legislative changes: L 2024-06-11 no. 683

## Section I

### Management organization and tasks

#### Chapter 1

**Customs and tax administration**

**§ Section 1. The** Customs and Tax Administration shall exercise the administration of legislation on taxes and legislation on the assessment of the country's real property as well as the Act on Registration of Vehicles, except for the powers conferred on the police by sections 18(3) and 19 of the Act on Registration of Vehicles.

#### Chapter 2

**The Tax Council**

**§ 2.** The Tax Council assists the Customs and Tax Administration in the administration of legislation on the valuation of the country's real estate, the Vehicle Registration Act and legislation on taxes, except legislation on customs.

*Stk. 2.* The Tax Council decides cases that the customs and tax administration submits to the Tax Council for decision, cf. subsection (1).

*Stk. 3.* On the recommendation of the Customs and Tax Administration, the Tax Council may change a manifestly illegal decision made by a tax appeal board, an assessment appeal board or a motor appeal board. In this connection, the Tax Council has the right to summon the material in a case from a tax, assessment or motor appeal board.

**§ 3.** The Tax Council consists of 19 members. The Danish Parliament elects 6 members and the Minister of Taxation appoints 13 members. Among the members appointed by the Minister of Taxation, 4 members must be representatives of agriculture, industry or crafts, trade and employees, respectively, and 4 members are appointed on the recommendation of KL (Local Government Denmark). In special circumstances, the Minister of Taxation may refrain from appointing a nominated person and request that another person be nominated. *Stk. 2.* The ordinary term of office is 6 years. The first term of office begins on November 1, 2005. There is no fixed term of office for the Chairman or any Deputy Chairman. *Stk. 3.* If a member is absent from the Tax Council's meetings for a continuous period of more than 6 months without having been granted leave of absence in accordance with subsection 3, the member concerned ceases to be a member of the Council, and a new member of the Council is elected or appointed in accordance with the rules in subsection 1 for the remaining part of the term of office. The same applies if a member otherwise resigns from the council. The Minister of Taxation may upon request grant a member leave of absence from the council for a period of up to 12 months calculated from the date of the Minister of Taxation's granting of leave. In that case, a temporary member of the council shall be elected or appointed in accordance with the rules in paragraph 1 for the period of leave. No further leave of absence may be granted.

*Stk. 4.* The chairman and any deputy chairman of the Tax Council shall be appointed by the Minister of Taxation from among the members of the Council.

*Stk. 5.* In exceptional circumstances, the Minister for Taxation may dismiss a member of the Tax Council.

§ In order for the Tax Council to make a decision, at least half of the members, including the chairman or vice chairman, must participate in the decision.

*Stk. 2.* The rules for the Customs and Tax Administration's case processing shall apply correspondingly to the Tax Council's case processing, unless otherwise provided by law or under subsection (4).

*Subsection 3.* In a case submitted to the Tax Council for decision, the Council may allow an expert opinion to be held in accordance with the rules in section 47.

*Stk. 4.* The Minister for Taxation shall lay down rules of procedure for the Tax Board.

*Subsection 5. The* Customs and Tax Administration provides secretarial assistance to the Tax Council.

### Chapter 2a

**Tax appeal administration**

§ **Section 4a.** The Tax Appeals Administration receives complaints to be decided by the Tax Appeals Administration, a tax appeal board, an assessment appeal board, a motor appeal board or the National Tax Tribunal, cf. section 35a, and makes referrals of complaints to the Tax Appeals Administration, tax appeal boards, motor appeal boards and the National Tax Tribunal, cf. section 35b and subsection 2, and all complaints covered by section 6(1) to the assessment appeal boards, subject to subsection 2. The Tax Appeals Administration also makes decisions in cases where the Tax Appeals Administration has the authority to make decisions under rules issued pursuant to section 35b(3) and in cases that an assessment appeals board has referred to the Tax Appeals Administration for decision, cf. section 6b.

*Stk. 2.* The Tax Appeals Administration shall decide on appeals concerning the Customs and Tax Administration's refusal to reopen, cf. section 33(1), (3) and (4) and section 33b, but see subsection (3).

*Subsection 3.* The Tax Appeals Administration shall refer complaints covered by subsection (2) to the National Tax Tribunal for a decision if the complaint predominantly concerns legal issues and if the question of interpretation of the law in question has not previously been decided either in court practice or in National Tax Tribunal practice or if there is a basis for a review of the question of interpretation of the law in question. The Tax Appeals Administration may also refer appeals to be decided by the Tax Appeals Administration under subsection (1), cf. sections 6 and 6b, or under subsection (2), to the National Tax Tribunal if there are very special circumstances.

*Stk. 4.* The Tax Appeals Administration provides secretarial assistance to the tax appeal boards, assessment appeal boards, motor appeal boards and the National Tax Tribunal.

*Subsection 5.* The Minister for Taxation shall lay down detailed rules for the processing of complaints in the Tax Appeals Administration.

### Chapter 3

**Tax, assessment and motor appeal boards**

**§ 5.** The tax appeals boards decide appeals against decisions by the customs and tax administration concerning natural persons and estates of deceased persons:

Copyright © 2024 Karnov Group Denmark A/S

it has dissented. The decision shall state the name of the person or persons who took the decision.

**§ Section 46** (Repealed).

## Chapter 17

**Judicial review etc.**

**§ 47.** Section 343 of the Danish Administration of Justice Act on the right to demand an expert opinion by the ordinary courts shall also apply when the case is appealed and is to be decided by the tax appeal administration, a tax appeal board or the National Tax Tribunal, or when the Tax Council under section 4(3) has allowed an expert opinion to be held in a case submitted to the Council for decision. However, an inspection and assessment cannot be held in the following cases:

1) Cases about verification of passive items according to the Estate Tax Act § 13 a.
2) Real estate valuation cases.
3) Vehicle registration cases.

*Subsection 2.* The Tax Appeals Administration, the Tax Appeals Board, the National Tax Tribunal or the Tax Council may set a deadline within which the party or parties to the case and the authority whose decision the case concerns must decide whether to request an expert opinion in the case.

*Stk. 3.* If a party requests an expert opinion, the Tax Appeals Tribunal, the Tax Appeals Board, the National Tax Tribunal or the Danish Tax Council will postpone the processing of the case until the complainant after receipt of the expert opinion notifies the relevant authority whether the case is maintained.

*Stk. 4.* If an expert opinion is requested, the Customs and Tax Administration shall be joined as a party to the case.

**§ 48.** A decision made by the tax authorities may be brought before the courts or appealed, unless otherwise provided by other legislation. However, assessments made from and including 2013 in accordance with the rules of the former Act on Assessment of Real Estate in Denmark, cf. Consolidation Act no. 1067 of August 30, 2013, as amended by section 1 of Act no. 1635 of December 26, 2013,

Act No. 1535 of December 27, 2014 and Section 1 of Act No. 61 of January 16, 2017 and decisions relating thereto under the same Act, assessments and decisions under the Property Assessment Act and decisions on assessments under the rules in Chapter 12 of this Act shall not be brought before the courts until they have been reviewed or rejected by the administrative appeal body.

*Subsection 2.* If a decision has been appealed to an administrative appeal body, the appellant may instead choose to bring the decision before the courts until the time when the appellant in connection with a hearing has received information about the content of the decision to which the information in the case will lead according to the tax appeal administration's assessment. If a decision that has first been appealed to an administrative appeal body is brought before the courts, the court may allow a new issue to be raised during the trial if it has a clear connection with the issue that has given rise to the trial and it must be considered excusable that the issue has not been raised previously, or there is reason to assume that a refusal of permission will cause a disproportionate legal loss to the party. However, section 1 does not apply to general assessments and reassessments made from and including 2013 according to the rules in the formerly applicable Act on Assessment of Real Estate in Denmark, cf. Consolidated Act no. 1067 of August 30, 2013, as amended by section 1 of Act no. 1635 of December 26, 2013, Act no. 1535 of December 27

2014 and section 1 of Act no. 61 of January 16, 2017, assessments and decisions under the Property Assessment Act and decisions on assessments under the rules in Chapter 12 of this Act.

*Stk. 3.* An administrative decision cannot be brought before the courts later than 3 months after the decision has been made, cf. however, subsection (3) above.

Copyright © 2024 Karnov Group Denmark A/S

4. If the appeal body has refused to hear the case, the refusal cannot be brought before the courts later than 3 months after the refusal has been made.

*Stk. 4.* A final administrative decision about which a complaint has been filed with the Danish Parliamentary Ombudsman before the expiry of the deadline in subsection (3), first sentence, cannot be brought before the courts later than one month after the Danish Parliamentary Ombudsman has completed his processing of the case. However, the time limit can never be shorter than the time limit under subsection (3), first sentence.

**§ 49.** Questions decided by the tax appeals administration, a tax appeals board, an assessment appeals board, a motor appeals board or the National Tax Tribunal may be brought before the courts by the Ministry of Taxation no later than three months after the appeal body has made its decision.

**§ 50.** A case brought before the courts pursuant to sections 48 or 49 shall be brought before the court district where the Ministry of Taxation's counterparty is domiciled when the case is brought, if the counterparty is domiciled in Denmark.

## Chapter 18

**Delay in connection with an appeal**

**§ 51. The** Customs and Tax Administration may, upon application, defer payment of a tax if the decision has been brought before the courts or appealed. However, this does not apply to decisions under customs legislation, cf. Article 244 of Council Regulation (EEC) No. 2913/92 of 12 October 1992 establishing the Community Customs Code. *Paragraph 2.* It is a condition for deferment that the amount for which deferment is sought is collected separately. No deferment will be granted for amounts which, pursuant to section 61(3) of the Danish Withholding Tax Act, are carried forward as equivalent for a subsequent year (recognized residual tax). Nor is deferment of payment of registration tax granted to the extent that a deposit must be made for payment of the registration tax in accordance with the Act on Registration Tax on Motor Vehicles etc. If the amount for which deferment is requested is included in a residual tax that is collected for payment in installments, the amount is considered to be covered by the installment(s) necessary to cover the amount, starting with the first installment. If a deferral is granted, the deferral under clause 4 will include the entire installment, even if it contains an amount for which no deferral has been applied for.

*Paragraph 3.* Deferral cannot be granted for a period exceeding 4 years. Deferral may be extended upon renewed application. Deferral is also granted for the period during which the complaint case is being processed in the administrative complaints system or by the courts. If an administrative decision is brought before the courts or a judgment is appealed, a new application for deferral must be submitted.

*Subsection 4.* Deferment may be made conditional on the provision of security for the amount of the deferment if it is deemed that granting the deferment will impair the possibility of later recovering the claim.

*Subsection 5.* The suspension order may include a reservation for set-off against the suspension amount for claims that the complainant may have against the public authorities.

*Paragraph 6.* Deferment is conditional on the deferred amount accruing interest at the interest rate in the relevant act from the due dates defined in the same act. Deferment also includes interest and any interest already accrued.

## Chapter 19

**Cost reimbursement**

**§ 52.** Compensation of 50 percent of the expenses that a person covered by section 53 must pay or has paid for expert assistance etc. as mentioned in section 54 in the cases mentioned in section 55. However, compensation of 100 percent is granted if the person in question has been fully successful or largely successful in the case.

Skatteforvaltningsloven (LBKG 2022 835)                                                                                                                     Ikraft: 2024-01-01

# Lovbekendtgørelse 2022-06-03 nr. 835
# Skatteforvaltningsloven

som ændret ved L 2022-06-21 nr. 905, L 2023-06-03 nr. 679, L 2023-12-12 nr. 1535, L 2023-12-12 nr. 1565 og L 2023-12-28 nr. 1796

Fremtidige lovændringer: L 2024-06-11 nr. 683

## Afsnit I

### Forvaltningens organisation og opgaver

#### Kapitel 1

#### Told- og skatteforvaltningen

**§ 1.** Told- og skatteforvaltningen udøver forvaltningen af lovgivning om skatter og lovgivning om vurdering af landets faste ejendomme samt lov om registrering af køretøjer bortset fra kompetencer, som ved § 18, stk. 3, og § 19 i lov om registrering af køretøjer er tillagt politiet.

#### Kapitel 2

#### Skatterådet

**§ 2.** Skatterådet bistår told- og skatteforvaltningen ved forvaltningen af lovgivning om vurdering af landets faste ejendomme, lov om registrering af køretøjer og lovgivning om skatter, bortset fra lovgivning om told.

*Stk. 2.* Skatterådet afgør sager, som told- og skatteforvaltningen forelægger for Skatterådet til afgørelse, jf. stk. 1.

*Stk. 3.* Skatterådet kan efter indstilling fra told- og skatteforvaltningen ændre en åbenbart ulovlig afgørelse, der er truffet af et skatteankenævn, et vurderingsankenævn eller et motorankenævn. Skatterådet har i den forbindelse ret til at indkalde materialet i en sag fra et skatte-, vurderings- eller motorankenævn.

**§ 3.** Skatterådet består af 19 medlemmer. Folketinget vælger 6 medlemmer, og skatteministeren udnævner 13 medlemmer. Blandt de medlemmer, som skatteministeren udnævner, skal 4 medlemmer være repræsentanter for henholdsvis landbruget, industrien eller håndværket, handelen og lønmodtagerne, og 4 medlemmer udnævnes efter indstilling fra KL (Kommunernes Landsforening). Skatteministeren kan under særlige omstændigheder undlade at udnævne en indstillet person og anmode om, at der indstilles en anden person.

*Stk. 2.* Den ordinære funktionsperiode er på 6 år. Den første funktionsperiode begynder den 1. november 2005. Der gælder ingen fast funktionsperiode for formanden eller en eventuel næstformand.

*Stk. 3.* Er et medlem fraværende fra Skatterådets møder i en sammenhængende periode på over 6 måneder, uden at der er meddelt medlemmet orlov efter 3. pkt., ophører den pågældende med at være medlem af rådet, og der vælges eller udnævnes i så fald i overensstemmelse med reglerne i stk. 1 et nyt medlem af rådet for den resterende del af funktionsperioden. Det samme gælder, hvis et medlem i øvrigt udtræder af rådet. Skatteministeren kan efter anmodning meddele et medlem orlov fra rådet i en periode i indtil 12 måneder regnet fra skatteministerens meddelelse af orlov. Der vælges eller udnævnes i så fald i overensstemmelse med reglerne i stk. 1 et midlertidigt medlem af rådet for orlovsperioden. Yderligere orlov kan ikke meddeles.

*Stk. 4.* Formanden og en eventuel næstformand for Skatterådet udpeges af skatteministeren blandt rådets medlemmer.

*Stk. 5.* Skatteministeren kan under ganske særlige omstændigheder afskedige et medlem af Skatterådet.

**§ 4.** For at Skatterådet kan træffe en afgørelse, skal mindst halvdelen af medlemmerne, heriblandt formanden eller næstformanden, deltage i afgørelsen.

*Stk. 2.* Reglerne for told- og skatteforvaltningens sagsbehandling finder tilsvarende anvendelse for Skatterådets sagsbehandling, medmindre andet er bestemt ved lov eller efter stk. 4.

*Stk. 3.* Skatterådet kan i en sag, der forelægges for rådet til afgørelse, tillade, at der afholdes syn og skøn efter reglerne i § 47.

*Stk. 4.* Skatteministeren fastsætter en forretningsorden for Skatterådet.

*Stk. 5.* Told- og skatteforvaltningen stiller sekretariatsbistand til rådighed for Skatterådet.

#### Kapitel 2 a

#### Skatteankeforvaltningen

**§ 4 a.** Skatteankeforvaltningen modtager klager, som skal afgøres af skatteankeforvaltningen, et skatteankenævn, et vurderingsankenævn, et motorankenævn eller Landsskatteretten, jf. § 35 a, og foretager visitering af klager til skatteankeforvaltningen, skatteankenævn, motorankenævn og Landsskatteretten, jf. § 35 b og stk. 2, og alle klager omfattet af § 6, stk. 1, til vurderingsankenævnene, jf. dog stk. 2. Skatteankeforvaltningen træffer desuden afgørelse i de sager, hvor skatteankeforvaltningen efter regler udstedt i medfør af § 35 b, stk. 3, har kompetencen til at træffe afgørelse, og i sager, som et vurderingsankenævn har henvist til afgørelse i skatteankeforvaltningen, jf. § 6 b.

*Stk. 2.* Skatteankeforvaltningen træffer afgørelse i klager vedrørende told- og skatteforvaltningens afslag på genoptagelse, jf. § 33, stk. 1, 3 og 4, og § 33 b, jf. dog stk. 3.

*Stk. 3.* Skatteankeforvaltningen henviser klager omfattet af stk. 2 til afgørelse i Landsskatteretten, hvis klagen i overvejende grad angår retlige spørgsmål, og hvis der ikke tidligere hverken i domstolspraksis eller i Landsskatteretspraksis er taget stilling til det pågældende lovfortolkningsspørgsmål eller der er grundlag for at foretage en fornyet prøvelse af det pågældende lovfortolkningsspørgsmål. Skatteankeforvaltningen kan tillige henvise klager, der skal afgøres af skatteankeforvaltningen efter stk. 1, jf. §§ 6 og 6 b, eller efter stk. 2, til afgørelse i Landsskatteretten, hvis der foreligger ganske særlige omstændigheder.

*Stk. 4.* Skatteankeforvaltningen stiller sekretariatsbistand til rådighed for skatteankenævnene, vurderingsankenævnene, motorankenævnene og Landsskatteretten.

*Stk. 5.* Skatteministeren fastsætter nærmere regler for behandlingen af klager i skatteankeforvaltningen.

#### Kapitel 3

#### Skatte-, vurderings- og motorankenævn

**§ 5.** Skatteankenævnene afgør klager over told- og skatteforvaltningens afgørelser vedrørende fysiske personer og dødsboer om:

den har afgivet dissens. Afgørelsen skal angive navn på den eller de personer, der har truffet afgørelsen.

**§ 46.** (Ophævet).

## Kapitel 17

### Domstolsprøvelse m.v.

**§ 47.** Retsplejelovens § 343 om adgang til at kræve syn og skøn udmeldt ved de almindelige domstoles foranstaltning finder tilsvarende anvendelse, når sagen er påklaget og skal afgøres af skatteankeforvaltningen, et skatteankenævn eller Landsskatteretten, eller når Skatterådet efter § 4, stk. 3, har tilladt, at der afholdes syn og skøn i en sag, der forelægges for rådet til afgørelse. Der kan dog ikke afholdes syn og skøn i følgende sager:

1) Sager om efterprøvelse af passivposter efter boafgiftslovens § 13 a.
2) Sager om vurdering af fast ejendom.
3) Sager om registrering af køretøjer.

*Stk. 2.* Skatteankeforvaltningen, skatteankenævnet, Landsskatteretten eller Skatterådet kan fastsætte en frist, inden for hvilken sagens part eller parter og den myndighed, hvis afgørelse sagen vedrører, skal tage stilling til, om der begæres syn og skøn i sagen.

*Stk. 3.* Hvis en part begærer syn og skøn, udsætter skatteankeforvaltningen, skatteankenævnet, Landsskatteretten eller Skatterådet behandlingen af sagen, indtil klageren efter modtagelsen af skønserklæringen meddeler vedkommende myndighed, hvorvidt sagen opretholdes.

*Stk. 4.* Begæres syn og skøn udmeldt, indtræder told- og skatteforvaltningen som part i sagen.

**§ 48.** En afgørelse truffet af skattemyndighederne kan indbringes for domstolene eller påklages, medmindre andet er bestemt efter anden lovgivning. Dog kan vurderinger, der er foretaget fra og med 2013 efter reglerne i den tidligere gældende lov om vurdering af landets faste ejendomme, jf. lovbekendtgørelse nr. 1067 af 30. august 2013, som ændret ved § 1 i lov nr. 1635 af 26. december 2013, lov nr. 1535 af 27. december 2014 og § 1 i lov nr. 61 af 16. januar 2017 og afgørelser vedrørende disse efter samme lov, vurderinger og afgørelser efter ejendomsvurderingsloven og afgørelser om vurderinger efter reglerne i denne lovs kapitel 12 først indbringes for domstolene, når de er blevet prøvet eller afvist af den administrative klageinstans.

*Stk. 2.* Er en afgørelse påklaget til en administrativ klageinstans, kan klageren i stedet vælge at indbringe afgørelsen for domstolene indtil det tidspunkt, hvor klageren i forbindelse med en høring har modtaget oplysninger om indholdet af den afgørelse, som sagens oplysninger efter skatteankeforvaltningens vurdering vil føre til. Indbringes en afgørelse, der først har været påklaget til en administrativ klageinstans, for domstolene, kan retten tillade, at et nyt spørgsmål inddrages under retssagen, hvis det har en klar sammenhæng med det spørgsmål, som har givet grundlag for retssagen, og det må anses for undskyldeligt, at spørgsmålet ikke har været inddraget tidligere, eller der er grund til at antage, at en nægtelse af tilladelse vil medføre et uforholdsmæssigt retstab for parten. 1. pkt. finder dog ikke anvendelse på almindelige vurderinger og omvurderinger, der er foretaget fra og med 2013 efter reglerne i den tidligere gældende lov om vurdering af landets faste ejendomme, jf. lovbekendtgørelse nr. 1067 af 30. august 2013, som ændret ved § 1 i lov nr. 1635 af 26. december 2013, lov nr. 1535 af 27. december 2014 og § 1 i lov nr. 61 af 16. januar 2017, vurderinger og afgørelser efter ejendomsvurderingsloven og afgørelser om vurderinger efter reglerne i denne lovs kapitel 12.

*Stk. 3.* En administrativ afgørelse kan ikke indbringes for domstolene senere end 3 måneder efter, at afgørelsen er truffet, jf. dog stk. 4. Har klageinstansen afvist at behandle sagen, kan afvisningen ikke indbringes for domstolene senere end 3 måneder efter, at afvisningen er sket.

*Stk. 4.* En endelig administrativ afgørelse, hvorover der inden udløbet af fristen i stk. 3, 1. pkt., er indgivet klage til Folketingets Ombudsmand, kan ikke indbringes for domstolene, senere end 1 måned efter at Folketingets Ombudsmand har afsluttet sin behandling af sagen. Fristen kan dog aldrig være kortere end fristen efter stk. 3, 1. pkt.

**§ 49.** Spørgsmål, som er afgjort af skatteankeforvaltningen, et skatteankenævn, et vurderingsankenævn, et motorankenævn eller Landsskatteretten, kan Skatteministeriet indbringe for domstolene, senest 3 måneder efter at klageinstansen har truffet afgørelse.

**§ 50.** En sag, der indbringes for domstolene efter §§ 48 eller 49, anlægges ved den retskreds, hvor Skatteministeriets modpart har hjemting ved sagens anlæg, hvis modparten har hjemting i Danmark.

## Kapitel 18

### Henstand i forbindelse med klage

**§ 51.** Told- og skatteforvaltningen kan efter ansøgning give henstand med betaling af en skat, hvis afgørelsen er indbragt for domstolene eller påklaget. Det gælder dog ikke afgørelser efter toldlovgivningen, jf. artikel 244 i Rådets forordning (EØF) nr. 2913/92 af 12. oktober 1992 om indførelse af en EF-toldkodeks.

*Stk. 2.* Det er en betingelse for henstand, at det beløb, der søges henstand for, opkræves særskilt. Der gives ikke henstand med beløb, der efter kildeskattelovens § 61, stk. 3, overføres som tilsvar for et efterfølgende år (indregnet restskat). Der gives heller ikke henstand med betaling af registreringsafgift, i det omfang der efter lov om registreringsafgift af motorkøretøjer m.v. skal stilles depositum for registreringsafgiftens betaling. Indgår det beløb, der er søgt om henstand med, i en restskat, der opkræves til betaling i rater, anses beløbet at være omfattet af den eller de rater, der er nødvendige for at rumme beløbet, begyndende med den første rate. Gives der henstand, vil henstanden efter 4. pkt. omfatte hele raten, selv om den indeholder et beløb, der ikke er søgt om henstand med.

*Stk. 3.* Henstand kan ikke gives for et tidsrum over 4 år. Henstand kan forlænges efter fornyet ansøgning. Henstand gives i øvrigt for det tidsrum, hvor klagesagen er under behandling i det administrative klagesystem eller hos domstolene. Indbringes en administrativ afgørelse for domstolene, eller ankes en dom, skal der indgives ny ansøgning om henstand.

*Stk. 4.* Henstand kan gøres betinget af sikkerhedsstillelse for henstandsbeløbet, hvis det skønnes, at meddelelse af henstand vil indebære, at muligheden for senere at inddrive kravet forringes.

*Stk. 5.* Der kan i henstandsbevillingen tages forbehold for modregning i henstandsbeløbet for krav, som klageren måtte få mod det offentlige.

*Stk. 6.* Henstand betinges af, at henstandsbeløbet forrentes med rentesatsen i den pågældende lov fra de i samme lov definerede forfaldstidspunkter. Henstand omfatter også rente samt eventuelt allerede påløbne renter.

## Kapitel 19

### Omkostningsgodtgørelse

**§ 52.** Der ydes en godtgørelse på 50 pct. af de udgifter, som en person omfattet af § 53 ifølge regning skal betale eller har betalt til sagkyndig bistand m.v. som nævnt i § 54 i de sager, der er nævnt i § 55. Dog ydes en godtgørelse på 100 pct., hvis den pågældende person i sagen har fået fuldt medhold eller medhold i overvejende grad.