# Exhibit 9, Part 5 of 15

aktører ansvarlige for tax-filings, share-brokerage, clearing, settlement, custody, safe-keeping samt kontoføring og administration). Dette har SKAT imidlertid forsømt.

Det bemærkes i den forbindelse, at samtlige de involverede professionelle aktører har været underlagt tilsyn af offentlige tilsynsmyndigheder, i den periode som sagen omhandler. Dertil kommer, at de involverede aktørers regnskaber og procedurer er blevet gennemgået og godkendt af uafhængige revisorer, i den periode som nærværende sag omhandler.

Særligt i relation til den eller de omhandlede custodians bemærkes, at SKAT har forsømt at anvende deres myndighed til at indhente relevante oplysninger og dokumentation med hensyn til gennemførelsen af de omtvistede transaktioner fra de ansvarlige tilsynsmyndigheder. Dette er særligt relevant, henset til at The FWC Capital LLC Pension Plan jo havde sine konti hos en custodian, der var reguleret og kontrolleret af de engelske tilsynsmyndigheder. Dette er af afgørende betydning, idet The FWC Capital LLC Pension Plan - ligesom alle andre kunder hos en custodian - selvsagt ikke har adgang til fortrolige oplysninger hos deres custodians.

### 1.3 Manglende selvangivelse i USA

For det tredje bestrides det helt overordnet, at The FWC Capital LLC Pension Plans manglende selvangivelse efter amerikansk skattelovgivning - som hævdet af SKAT - kan tillægges betydning, ved vurderingen af om The FWC Capital LLC Pension Plan var den retmæssige ejer af de aktier, hvorfra der er udbetalt udbytte, og som efterfølgende er søgt refunderet.

Det bestrides således, at The FWC Capital LLC Pension Plans manglende indsendelse af en "Form 5500"-selvangivelse i USA kan komme The FWC Capital LLC Pension Plan til skade.

En pensionskasse er ifølge den amerikanske skattelovgivning undtaget selvangivelsespligt, hvis dens aktiver ikke overstiger grænseværdien på USD 250.000 på den sidste dag i regnskabsåret.

Det bemærkes, at pensionskassens aktiver i løbet af året således godt kan have oversteget grænsen, når blot aktiverne på sidste regnskabsdag var mindre.

Der kan selvsagt være en lang række konkrete årsager til, at pensionskassens aktiver var mindre end USD 250.000 på sidste regnskabsdag.

For eksempel vil de gennemførte aktietransaktioner typisk have været gennemført på dette tidspunkt (køb og salg gennemført), med den virkning at aktierne ikke længere befandt sig i depotet.

Herudover er der en række omkostninger forbundet med de gennemførte transaktioner, som ligeledes medfører reduktion i pensionskassens aktiver.

Det er ligeledes muligt at foretage udlodninger fra pensionskassen, med den virkning at aktiverne på regnskabsdagen var mindre end USD 250.000.

I nærværende sag oversteg The FWC Capital LLC Pension Plans aktiver ved hvert af de respektive års udgang ikke grænseværdien på USD 250.000.

• • • • • •

Det bestrides endvidere, at The FWC Capital LLC Pension Plans manglende ind- sendelse af en "Form 990-T"-selvangivelse i USA kan komme The FWC Capital LLC Pension Plan til skade.

Indsendelse af "Form 990-T"-selvangivelsen skal ske, hvis en 401K-pensionsplan har lånefi- nansieret indkomst.

Som anført ovenfor har The FWC Capital LLC Pension Plan teknisk set ikke lånt nogen midler til at betale for køb af danske aktier. The FWC Capital LLC Pension Plan udlånte som anført sine aktier til en tredjepart. Den kontante sikkerhed (cash-collateral), som blev stillet til afsikring af dette udlån af aktier, gjorde det muligt for The FWC Capital LLC Pension Plan at erlægge købspri- sen for aktierne, idet tredjeparten (låntager) måtte stille sikkerhed (i form af kontanter) for ak- tielånet. Pensionskassen havde derved den fornødne likviditet til rådighed til at betale købspri- sen for aktierne.

Likviditeten til erhvervelse af aktierne stammede på denne måde fra selve aktieudlåns- transaktionen. The FWC Capital LLC Pension Plan havde med andre ord ikke lånefinansieret indkomst, hvorfor The FWC Capital LLC Pension Plan ikke var forpligtet til at indgive en "Form 990-T"-selvangivelse.

• • • • • •

Endelig bemærkes, at selv om pensionskassen fejlagtigt måtte have undladt at selvangive i USA, kan en eventuel manglende selvangivelse på ingen måde medføre, at pensionskassen ikke er retmæssig ejer af de aktier, hvoraf der er søgt om udbytterefusion.

Det bemærkes i den forbindelse, at pensionskassen i USA er gyldigt stiftet og såvel formelt som reelt har retsevne.

**1.4 Registreringer i Værdipapircentralen**

<u>For det fjerde</u> bestrides det helt overordnet, at den manglende registrering af aktierne hos VP Securities A/S kan tillægges betydning, ved vurderingen af hvorvidt The FWC Capital LLC Pension Plan var den retmæssige (skatteretlige) ejer af de aktier, hvorfra der er udbetalt udbytte, og som efterfølgende er søgt refunderet udbytteskat for.

Det gøres i den forbindelse gældende, at det ikke på baggrund af registreringerne i VP Secu- rities er muligt at fastslå, hvorvidt The FWC Capital LLC Pension Plan var den retmæssige ejer af aktierne eller ej.

Dette vil således ikke være muligt i nærværende sag, hvor The FWC Capital LLC Pension Plan som anført har lånt aktierne ud til en tredjepart. I sådanne tilfælde vil denne tredjepart i forhold til VP Securities vises som aktionær, uanset at pensionskassen forbliver den ret- mæssige (skattemæssige) ejer af aktierne. Tilsvarende gælder tilfælde, hvor den retmæs- sige ejer har sine danske aktier på en omnibus-konto, eller såfremt custodians selv anven- der andre (sub-)custodians.

**1.5 Nystiftet pensionskasse med én deltager**

Helt overordnet bemærkes, at det forhold, hvorvidt den pågældende pensionskasse er ny- stiftet eller kun har en enkelt deltager, ikke har nogen betydning for, hvorvidt pensionskas- sen er berettiget til at modtage udbytterefusion.

Såfremt pensionskassen opfylder betingelserne i dobbeltbeskatningsoverenskomsten mellem Danmark og USA, jf. artikel 22, stk. 2, litra e, jf. artikel 10, stk. 3, litra c, er pensionskassen efter overenskomsten berettiget til at få refunderet udbytteskatten.

Af overenskomsten fremgår, at Danmark og USA selv definerer, hvad der konstituerer en pensionskasse, og at dette, jf. også SKATs afgørelse, forstås som

> *"En juridisk person, der er organiseret efter lovgivningen i en kontraherende stat med det formål at yde pension eller lignende ydelser efter en fastsat ordning til arbejdstagere, herunder selvstændige erhvervsdrivende, forudsat at mere end 50 % af denne persons begunstigede medlemmer er fysiske personer, som er hjemmehørende i en af de kontraherende stater".*

Da pensionskassen efter amerikansk ret er gyldigt stiftet og omfattet af overenskomsten, skal Danmark anerkende, at pensionskassen er berettiget til udbytterefusion. Det bemærkes i den forbindelse, at SKAT tilsyneladende <u>ikke</u> fra de amerikanske myndigheder har fået oplyst, at pensionskassen ikke er gyldigt stiftet mv., idet SKAT ikke har henvist hertil i afgørelsen.

Det fremgår endvidere af OECD's bemærkninger vedrørende de amerikanske dobbeltbeskatningsaftaler, at samtlige 401 (k)-pensionsplaner med en enkelt del tager antages at være omfattet af de amerikanske aftaler, hvilket ligeledes kan dokumenteres i dokumenter fra den amerikanske kongres i forbindelse med afstemningen om ratifikationen af den amerikanske dobbeltbeskatningsoverenskomst.

**2 SKATs afgørelse skal annulleres**

Endvidere gøres det helt overordnet gældende, at SKATs afgørelse af den 6. april 2018 skal annulleres, således at de tidligere afgørelser om refusion af udbytte- skatter står ved magt, samtidig med at det overlades til SKAT at foretage de nødvendige, fyldestgørende undersøgelser af sagen.

SKAT har ved afgørelse af den 6. april 2018, jf. bilag 1, foretaget en tilbagekaldelse af tidligere trufne afgørelser om refusion af udbytteskat.

Det skal i den forbindelse fremhæves, at SKATs tidligere afgørelser om refusion af udbytteskatter ubestrideligt var gyldige, hvilket også er lagt til grund af SKAT, idet en tilbagekaldelse af de tidligere afgørelser rent forvaltningsretligt forudsætter, at afgørelserne var gyldige.

De oprindelige afgørelser om refusion af udbytteskat blev truffet på baggrund af anmodninger, der <u>ubestridt</u> opfyldte de dagældende dokumentationskrav.

Det er først nu - flere år efter indgivelsen af refusionsanmodningerne - at SKAT stiller spørgsmålstegn ved validiteten af den dokumentation, som var vedlagt anmodningerne.

SKAT har imidlertid alene baseret sin efterfølgende opfattelse på *udokumenterede antagelser* om The FWC Capital LLC Pension Plans manglende ejerskab og udlån af de omhandlede aktier. SKAT har således ikke ført noget egentligt bevis for påstanden om manglende ejerskab mv., og påstanden er således aldeles udokumenteret.

> SKAT har helt forsømt at indhente relevante oplysninger hos de mange professionelle udenlandske aktører, der ubestridt har været impliceret i de omhandlede transaktioner. Tilsvarende har SKAT forsømt at indhente relevante oplysninger hos udenlandske kontrol- og tilsynsmyndigheder.
>
> Forsømmelsen af at indhente relevante oplysninger skal ses i lyset af, at SKAT via sine kontrolbeføjelser- i modsætning til The FWC Capital LLC Pension Plan - har reel mulighed for at indhente de af SKAT efterspurgte oplysninger.
>
> Bevistvivlen vedrørende de forhold, som SKAT har problematiseret i afgørelsen af den 6. april 2018, må således tilskrives SKATs manglende effektive undersøgelser, hvilket selvsagt ikke kan komme The FWC Capital LLC Pension Plan til skade.
>
> SKATs tilbagekaldelse er som anført alene baseret på antagelser opstået flere år efter afgørelserne om refusion af udbytteskat. Dette er selvsagt særligt kritisabelt, når henses til sagens størrelse og meget alvorlige betydning for The FWC Capital LLC Pension Plan. The FWC Capital LLC Pension Plans muligheder for at modbevise SKATs påstande er samtidig blevet væsentligt forringet af det lange tidsforløb og det forhold, at SØIK endvidere har beslaglagt en stor del af sagens dokumenter.
>
> På baggrund af ovennævnte gøres det helt overordnet gældende, at SKAT kunne og burde have foretaget en mere effektiv undersøgelse af de af SKAT problematiserede forhold, og at SKATs fortsatte undladelse heraf ikke kan komme The FWC Capital LLC Pension Plan til skade.
>
> Landsskatteretten skal derfor <u>annullere</u> SKATs afgørelse om tilbagekaldelse, således at de oprindelige, gyldige afgørelser om refusion af udbytteskat står ved magt, og således at SKAT får mulighed for at foretage en behørig oplysning af sagen."

**Skattestyrelsens sammenfattende bemærkninger**
Skattestyrelsen har i forbindelse med de afsluttende bemærkninger henvist til afsluttende og sammenfattende indlæg afgivet i 5 førersager i komplekset. Heraf fremgår bl.a. følgende:

> "(…)
>
> Trods fremlæggelse af flere tusinde siders bilag er der stadig ingen af pensionsplanerne, der kan dokumentere, at de har betalt for aktier. De kan heller ikke dokumentere, at de har modtaget aktier, eller at de har modtaget nettoudbyttet fra de aktieposter, som de påstår at have ejet. Til gengæld ligger det fast, at de ikke havde nogen penge.
>
> I sig selv er det utroværdigt, at pensionsplaner uden aktiver køber så ekstremt store aktieposter som påstået – ofte i milliardstørrelse. Det indtryk forstærkes betydeligt, når *ingen* af pensionsplanerne fremlægger deres egne bankkonti til dokumentation af pengestrømme til/fra pensionsplanernes egne (bank)konti, (…), men kun nogle interne posteringer hos en custodian uden underliggende bilagsmateriale. Det er konsekvent, at ingen af pensionsplanerne fremlægger kontoudtog, endsige giver en forklaring på, *hvorfor* de ikke fremlægger egne bankkontoudtog.