# Exhibit 16, Part 2 of 2

*Kapitel 20. Domstolsprøvelse*

*2.4.7.2. Med en privat part som sagsøgt*
Også i forhold til tvister med private parter kan en myndighed naturligvis have søgsmålsinteresse på samme måde, som hvis myndigheden var et privat organ. I visse tilfælde har offentlige myndigheder endvidere sagsøgt private parter for at få parten dømt til at anerkende rigtigheden af myndighedens retsopfattelse, jf. U 1977.514 H, U 2001.2493 H og U 2007.2012 Ø.

En række lovbestemmelser pålægger en myndighed at indbringe sin egen afgørelse for domstolene. Der kan både være tale om automatisk indbringelse og domstolsprøvelse, der alene sker, hvis parten anmoder derom. Se for eksempler domstolsprøvelse af administrativ frihedsberøvelse i henhold til retsplejelovens kapitel 43 a og domstolsprøvelse i henhold til en række lovbestemmelser vedrørende forvaltningsafgørelser, der forbyder eller begrænser virksomhed, hvortil der kræves offentlig autorisation, jf. bl.a. revisorlovens § 52, lov om vagtvirksomhed § 15, godskørselslovens § 13, luftfartslovens § 146 b, retsplejelovens §§ 121, stk. 4, 139, stk. 3, og 147 e, lov om autorisation af virksomheder på el-, vvs- og kloakinstallationsområdet § 23, lov om formidling af fast ejendom mv. § 64 og lov om autorisation af sundhedspersoner §§ 11 og 36. Beslægtede bestemmelser findes i udlændingelovens § 52, produktsikkerhedslovens § 34 og lov om dyrkning mv. af genetisk modificerede afgrøder § 16, stk. 3.

Sådanne regler er vedtaget for at gøre det lettere for borgerne at få forvaltningsakter prøvet og afskærer normalt ikke den private fra selv at anlægge sag ved domstolene. De indebærer i de fleste tilfælde, at sagen skal anlægges i den civile retsplejes former med en påstand fra myndighedens side om, at parten (sagsøgte) skal anerkende, at forvaltningsakten er gyldig. Der vil normalt være fastsat en frist for partens adgang til at fremsætte anmodning om, at myndigheden indbringer sagen for domstolene.

**2.5. Hvem skal indstævnes som procespart på forvaltningens side?**
*2.5.1. Almindelige forvaltningssager*
I de fleste tilfælde giver det sig selv, hvem der skal optræde som procespart på forvaltningens side, nemlig den myndighed, der har udstedt den anfægtede forvaltningsafgørelse. Tvivl kan dog opstå i tilfælde, hvor flere myndigheder har truffet afgørelse i sagen. På visse områder er det lovreguleret eller fastlagt i retspraksis, hvilken myndighed der sagsøges. I skattesager er Skatteministeriet procespart i sager, der er afgjort af Landsskatteretten, jf. U 2011.781 H. I sager, der i sidste instans er afgjort af Konkurrenceankenævnet, er Konkurrencerådet rette sagsøgte.

I øvrigt må sagen anlægges mod den myndighed, der har ansvaret for den afgørelse, der ønskes påkendt. Er en afgørelse truffet af en underordnet in-

*2. Processuelle spørgsmål i bred forstand*

stans, hvis afgørelse kan påklages til en højere administrativ myndighed uden at være blevet det, er underinstansen rette sagsøgte. Det samme gælder, hvis afgørelsen har været påklaget, men rekursorganet afviser at realitetsbehandle klagen, og påstanden ikke går på, at rekursorganet burde have behandlet sagen.

Har ankeinstansen realitetsbehandlet sagen, er ankeinstansen normalt rette sagsøgte, eventuelt sammen med underinstansen. Derimod er det uden betydning, om ankeinstansen har ændret eller stadfæstet afgørelsen. I begge tilfælde er den retskraftige afgørelse ankeinstansens, og dermed er denne rette procespart, jf. U 1997.1411 V, U 2000.179 H, U 2005.2809 H og U 2007.2404 H. Om underinstansen skal inddrages, beror på, i hvilken udstrækning ankeinstansen har taget stilling til underinstansens afgørelse, sammenholdt med det klagepunkt, sagsøgeren har mod sagens administrative behandling, jf. U 1992.227 H og U 2002.757 H. Ønsker parten at nedlægge påstande, der ikke dækkes af ankeinstansens kompetence, må parten – evt. tillige – rette søgsmålet mod den underordnede instans, jf. U 2010.818 H.

I U 2003.1150 H havde et amt givet dispensation til kommunen med henblik på at udføre et skolebyggeri, hvis bygning overskred det byggefelt, der var fastsat i den gældende lokalplan. Herefter indbragte naboen til skolebyggeriet kommunens afgørelse for Naturklagenævnet, der imidlertid ikke gav naboen medhold. Naboen anlagde derefter sag mod amtet og kommunen med påstand bl.a. om, at disse skulle anerkende, at en tilbygning var opført i strid med lokalplanen, og at der skulle ske lovliggørelse ved nedrivning subsidiært ændring af tilbygningen. Mere subsidiært nedlagde naboen tillige en erstatningspåstand. Amtet og kommunen påstod sagen afvist under henvisning til, at fristen for sagsanlæg var overskredet, subsidiært at de ikke var rette sagsøgte. Højesteret fandt, at amtet og kommunen var rette sagsøgte, da sagen bl.a. angik, om kommunen som lokalplanmyndighed og amtet som grundejer og bygherre skulle henholdsvis kræve og gennemføre fysisk lovliggørelse, og subsidiært, om kommunen og amtet skulle betale erstatning for ulemper som følge af tilbygningen. Uanset at krav herom bl.a. støttedes på et anbringende om, at kommunen ikke var bemyndiget til at give dispensation for de konkrete forhold, var der herefter ikke grundlag for frifindelse allerede som følge af, at hverken kommunen eller amtet skulle være rette sagsøgte.

Er afgørelsen truffet af et uafhængigt nævn, må søgsmålet rettes mod nævnet og ikke mod det ministerium, der har ressortområdet, jf. U 2000.669 H. Er afgørelsen truffet af et privat organ, hvis afgørelser ikke kan indbringes for en offentlig myndighed, må søgsmålet rettes mod det private organ, jf. U 1998.1552 H, hvor Undervisningsministeriet ikke var rette sagsøgte i sag om en tilskudsordning administreret af en privat organisation, uanset at der var tale om fordeling af offentlige midler, og ministeriet var ressortmyndighed og øverste budgetansvarlige. Går påstanden ud på et pengekrav, må procesparten på forvaltningens side efter budgetrettens regler kunne forpligte den pågæl-

*Kapitel 20. Domstolsprøvelse*

dende formue; kræves der erstatning, må det organ, der hævdes at have begået den erstatningspådragende fejl, sagsøges, se U 2002.1566 H.

Det tilføjes, at domstolene heller ikke i denne sammenhæng ex officio påser, at den indstævnte forvaltningsmyndighed er rette sagsøgte, men alene behandler problemstillingen efter sagsøgtes påstand.

*2.5.2.   Søgsmål mod forvaltningen af betydning for private tredjemænd*
Det hænder ofte, at en sag ved en forvaltningsmyndighed ikke blot involverer en enkelt part, men at forvaltningen træffer en afgørelse, der har betydning for flere, som måske har modstående interesser. Det kan f.eks. være en sag om en tilladelse til at opføre et hus, der vil være til gene for naboer e.lign. Dette forhold ændrer ikke ved, at den, der er utilfreds med forvaltningens afgørelse, må anlægge sag mod forvaltningen.

Ikke sjældent føres prøvelsessager mellem myndigheden og en enkelt af flere private parter, uanset om sagen har betydning for en anden part, og dommens resultat potentielt kan have betydelige negative følger for denne, jf. f.eks. U 1990.106/2 Ø, U 2000.2412 H og U 2003.1628 Ø.

I U 2000.1380 H afgjordes det under en retssag mellem Miljøstyrelsen og en grundejerforening, at Miljøstyrelsens afgørelser om støjgrænser for en virksomhed skulle annulleres og hjemvises til ny behandling. Dette skete, uden at virksomheden var inddraget i sagen.

I U 1999.1 H ophævedes en tilladelse til et supermarked om at holde åbent i weekenden. Tilladelsen var meddelt af Frederikshavn Kommune. Retssagen førtes med kommunen og HK som parter.

I enkelte tilfælde er et søgsmål mod myndigheden af betydning for tredjemand dog blevet afvist.

I U 2006.1717 H afviste Højesteret ex officio et søgsmål mod Sundhedsvæsenets Patientklagenævn, hvor der ønskedes dom for, at en læge – i modstrid med nævnets afgørelse – havde overtrådt lægeloven, allerede fordi lægen ikke havde haft mulighed for at varetage sine interesser under retssagen. Se tilsvarende U 2013.3295 H omtalt i afsnit 2.4.5 ovenfor samt U 2014.3504 H om et forsikringsselskabs påstand over for Ankestyrelsen om, at det fuldt ud havde opfyldt sine forpligtelser til at udbetale erhvervsevnetabserstatning i en sag, hvor skadelidte arbejdstager ikke var part.

Det hænder også, at der i sager mellem private parter sker en præjudiciel prøvelse af forvaltningsafgørelser, uden at den myndighed, der har udstedt afgørelsen, deltager i sagens behandling, jf. U 1988.352 H, U 2000.2047 H og U 2014.760 Ø. Se også U 2004.4 H.