# Exhibit 21

U.2002.2396/1Ø

*Fees for appointed lawyer.*

*Administration of justice 12.4.*

- ♦ The District Court acquitted the defendant S in a case where S had been summoned by a timber shop to pay a balance of DKK 25,474.88. S was entitled to free legal representation, and the fees to the appointed lawyer A were fixed by the District Court at DKK 6,000 plus VAT. A appealed the fee determination and claimed, with reference to the fact that he had spent approximately 23 hours, that the fee should be increased to DKK 40,000. It was stated that, according to the caselaw, fees to lawyers appointed for parties who have free legal representation are determined on the basis of the value of the case, but taking into account the result achieved, the nature of the case and the scope of the work. Despite the nature of the case, there was no reason to doubt that A had used the number of hours stated. A certain increase in the fee was therefore justified. However, the determination of the fees on the basis of the stated number of hours would result in a fee that was so significantly higher than what a determination according to the procedural rates usually used by the courts would lead to that it would not be reasonable. After an overall assessment, the District Court's decision on fees was changed so that A was awarded a fee of DKK 10,000 plus VAT.

**Ø.L.K. June 28, 2002 in case 5. afd. no. B-1707-02**
(Knud Knudsen, Sanne Kolmos, Jens Stausbøll (deputy)).

## Eastern High Court

The case showed that Roskilde Court, by judgment of May 22, 2002, acquitted Vincent Becher in a case in which he was sued by Karlslunde Trælast A/S for payment of an outstanding amount of DKK 25,474.88 regarding the delivery of a wooden floor. Vincent Becher had free legal representation in the case, and Attorney A was appointed as his lawyer. The District Court awarded Attorney A a fee of DKK 6,000 plus VAT.

Attorney A appealed the determination of fees. This is stated in the *Eastern High Court's court book of June 28, 2002:*

It appears from the case that - - - -.

The lawyer appointed for the plaintiff was awarded a fee of DKK 6,000 plus VAT. Attorney A has claimed before the High Court, based on a statement of time spent of approx. 23 hours, that he should be awarded a fee of DKK 40,000 plus VAT, alternatively a smaller amount, but higher than DKK 6,000.

The defendant has not commented on the lawsuits.

The case file was present.

After deliberation, the following verdict was pronounced

*Order:*

- - -

According to established established caselaw, fees for lawyers appointed for parties who are entitled to free legal representation are determined on the basis of the value of the case, but taking into account the result achieved, the nature of the case and the scope of the work. Despite the nature of the case at hand, there is no reason to doubt that the appointed lawyer has used the stated number of hours. A certain increase in the fee is therefore justified. However, the determination of the fee on the basis of the stated number of hours would result in a fee that was so significantly higher than what a determination according to the procedural rates usually used by the courts would lead to that it would not be reasonable.

After an overall assessment, the District Court's fee decision is overturned so that Attorney A is awarded a fee of DKK 10,000 plus VAT.

Copyright © 2023 Karnov Group Denmark A/S

**U.2002.2396/1Ø**

*Salær til beskikket advokat.*

*Retspleje 12.4.*

♦ Sagsøgte S blev af byretten frifundet i sag, hvor S af trælasthandel var stævnet til betaling af et restbeløb på 25.474,88 kr. S havde fri proces, og salæret til den beskikkede advokat A blev af byretten fastsat til 6.000 kr. med tillæg af moms. A påkærede salærfastsættelsen og påstod, under henvisning til at han havde anvendt ca. 23 timer, salæret forhøjet principalt til 40.000 kr. Anført, at salær til advokater, der er beskikket for parter, der har fri proces, efter praksis fastsættes med udgangspunkt i sagens værdi, men med hensyntagen til det opnåede resultat, sagens beskaffenhed og arbejdets omfang. Til trods for den foreliggende sags karakter var der ikke grund til at betvivle, at A havde anvendt det timeantal, som var oplyst. En vis forhøjelse af salæret var derfor begrundet. Fastsættelsen af salæret på grundlag af det anførte timetal ville imidlertid medføre et salær, der var så væsentligt højere, end hvad en fastsættelse efter de proceduretakster, der sædvanligvis anvendes af domstolene, ville føre til, at dette ikke ville være rimeligt. Efter en samlet vurdering ændredes byrettens salærafgørelse således, at der blev tillagt A et salær på 10.000 kr. med tillæg af moms.

**Ø.L.K. 28. juni 2002 i kære 5. afd. nr. B-1707-02**
(Knud Knudsen, Sanne Kolmos, Jens Stausbøll (kst.)).

## Østre Landsret

Af sagen fremgik, at Roskilde Ret ved dom af 22. maj 2002 frifandt Vincent Becher i en sag, hvor han var sagsøgt af Karlslunde Trælast A/S til betaling af et restbeløb på 25.474,88 kr. vedrørende levering af et trægulv. Vincent Becher havde fri proces under sagen, og advokat A var beskikket som advokat for ham. Byretten tillagde advokat A et salær på 6.000 kr. med tillæg af moms.

Advokat A kærede salærfastsættelsen. Det anføres herom i *Østre Landsrets retsbog af 28. juni 2002:*

Det fremgår af sagen, at — — —.

Der blev tillagt den for kærende beskikkede advokat et salær på 6.000 kr. med tillæg af moms. Advokat A har for landsretten på grundlag af en opgørelse over medgået tid på ca. 23 timer påstået sig tillagt et salær på 40.000 kr. med tillæg af moms, subsidiært et mindre beløb, men højere end 6.000 kr.

Indkærede har ikke udtalt sig om kæremålene.

Sagens akter var til stede.

Efter votering afsagdes sålydende

### kendelse:

— — —

Salær til advokater, der er beskikket for parter, der har fri proces, fastsættes efter fast praksis med udgangspunkt i sagens værdi, men med hensyntagen til det opnåede resultat, sagens beskaffenhed og arbejdets omfang. Til trods for den foreliggende sags karakter er der ikke grund til at betvivle, at den beskikkede advokat har anvendt det timetal, som er oplyst. En vis forhøjelse af salæret er derfor begrundet. Fastsættelsen af salæret på grundlag af det anførte timetal ville imidlertid medføre et salær, der var så væsentligt højere, end hvad en fastsættelse efter de proceduretakster, der sædvanligvis anvendes af domstolene, ville føre til, at dette ikke ville være rimeligt.

Efter en samlet vurdering ændres byrettens salærafgørelse således, at der tillægges advokat A et salær på 10.000 kr. med tillæg af moms.