# Exhibit 24

# Report on the local jurisdiction of courts in civil cased etc.

# (The Brussels Convention on Jurisdiction and the Enforcement of Judgement in Civil and Commercial Matters)

*Issued by the Procedural Law Council*



Report no. 1052
Copenhagen 1985

75

To section 239.

The provision replaces the rule on the jurisdiction of municipalities in the current section 238. Similar to the rule in section 238 of the draft bill, it is proposed that when determining the jurisdiction of municipalities, emphasis shall be placed on where the municipality's head office is located.

To section 240.

The rule in section 240 of the draft bill on the state's jurisdiction corresponds, with some editorial changes, to the current rule in section 239 of the Danish Administration of Justice Act. The question about which authority can be sued on behalf of the state must, as to date, be decided on the basis of general principles of administrative law. A lawsuit can, in general, be brought against the administrative authority that has the capacity and competence on its own to reach a decision or ruling in the particular case.

As mentioned in chapter 2, section 1.2, special legislation largely contains rules on other jurisdictions.

According to section 31 of the Tax Administration Act, cases concerning tax issues are brought before the High Court in whose district the taxpayer is domiciled when the case is brought.

Under section 26(1) of the Expropriation Act, questions of expropriation are brought before the High Court under which the property in question is located. Similar rules apply under section 65(1) of the Public Roads Act, section 16 of the Urban and Rural Zoning Act and section 30(6) of the Nature Conservation Act.

According to section 53 of Act no. 93 of March 29, 1937 on ship registration, the decision of the ship registry is brought before (appealed to) the High Court in whose district the shipowner in question is domiciled.

The Council has considered whether it should be implemented a rule that generally allows the plaintiff's domicile to be decisive in cases against the state, as has been proposed

# Betænkning
# om retternes stedlige kompetence
# i borgerlige sager m.v.

# (EF-domskonventionen)

*Afgivet af retsplejerådet*



BETÆNKNING NR. 1052
KØBENHAVN 1985

75

Til § 239.

Bestemmelsen træder i stedet for reglen om kommuners værneting i nugældende § 238. I lighed med reglen i lovudkastets § 238 foreslås det, at der ved fastlæggelsen af kommuners værneting skal lægges vægt på, hvor kommunens hovedkontor er beliggende.

Til § 240.

Reglen i lovudkastets § 240 om statens værneting svarer med nogle ændringer af redaktionel karakter til den nugældende regel i retsplejelovens § 239. Spørgsmålet om, hvilken myndighed der kan sagsøges på statens vegne, må som hidtil afgøres ud fra almindelige forvaltningsretlige principper. En retssag kan i almindelighed anlægges mod den forvaltningsmyndighed, som har habilitet og kompetence til selv at træffe afgørelse eller beslutning i det anliggende, sagen angår.

Særlovgivningen indeholder som omtalt i kapitel 2, afsnit 1.2. i vidt omfang regler om andet værneting.

Efter skattestyrelseslovens § 31 anlægges sager om skattespørgsmål ved den landsret, i hvis kreds den skattepligtige har **hjem-ting** ved sagens anlæg.

Søgsmål om ekspropriation anlægges efter ekspropriationslovens § 26, stk. 1, ved den landsret, under hvilken vedkommende ejendom er beliggende. Tilsvarende regler gælder efter lov om offentlige veje, § 65, stk. 1, by- og landszonelovens § 16 og naturfredningslovens § 30, stk. 6.

Efter lov nr. 93 af 29. marts 1937 om skibsregistrering § 53 indbringes skibsregistrets afgørelse for (kæres til) landsretten, i hvis kreds det pågældende skibsrederi er hjemmehørende.

Retsplejerådet har overvejet, hvorvidt der burde gennemføres en regel, der generelt lader sagsøgerens hjemting være afgørende ved sager mod staten, således som det har været foreslået