# Exhibit 36

**U.2004.316H**

***Obligation to respect all wires on a property registered as a covenant, even if there was no map attachment.***

*Registration 12.2 and 12.5.*

- A deed contained a provision that the buyer and subsequent owners had to respect all existing supply and drainage lines on the property. The provision was requested registered as a covenant, but was rejected by the registration judge due to unclear content (lack of map attachments), and the rejection was upheld by the High Court as the covenant was not sufficiently clear and specific. The Supreme Court ruled that the provision established a final legal claim, and that section 10(3) of the Danish Land Registration Act was not an obstacle to registration. The provision should therefore be registered.[1] **317**

**H.K. November 6, 2003 in case 308/2003**

*DSB (adv. Thomas Bang, Copenhagen)*
mod
*The registration judge in Aalborg.*

## Supreme Court

In previous instances, a decision was made by the Court in Aalborg on
December 16, 2002 and by Division 14 of the Western High Court on March 12, 2003. With the permission of the Appeals Board, the case was brought before the Supreme Court by DSB claiming that the Land Registration Court in Aalborg be ordered to recognize that section 10(3) of the Land Registration Act does not prevent the registration of clause 9 of the deed between DSB and TK Project DK A/S concerning the property matr.nr. 107 Aalborg Markjorder, located at J.F. Kennedys Plads 1. Kennedys Plads 1, 9000 Aalborg, as a burden on the property.

Division 14 of the Western High Court has upheld the decision. It appears from the case that DSB sold a property in Aalborg by deed dated October 15, 2002. Section 9 of the deed contains the following provision:

"Purchasers and subsequent owners shall be required to respect all existing utilities and drainage lines on the property."

The provision was requested to be registered as a covenant, but was rejected from the land register by the Court in Aalborg on December 16, 2002
"due to unclear content (missing map attachment) cf. the Danish Land Registration Act
§ 10(3)."

The Western High Court upheld the decision in its ruling of March 12, 2003, as the content of the covenant could not be considered sufficiently clear and specific.

DSB has stated, among other things, that the content of section 9 of the deed of sale is unambiguous and sufficiently clear and definite to be able to establish a legal claim. The buyer has contractually obligated itself and subsequent owners of the property to respect the existing - known and unknown - wires on the property. It cannot be required as a condition for registration of clause 9 of the deed that the content of the obligation must be derived from clause 9 of the deed alone, and map material is only relevant as an annex to a provision if the provision creates a right or obligation over a part of real property to show which part of the real property the right or obligation

Copyright © 2023 Karnov Group Denmark A/S                              page 1

relates to. There are no drawings or maps of all supply and drainage pipes and their location on the property, nor can they be prepared. Section 9 of the deed can therefore not be given a more clear, specific and definitive content, and in practice, similar utility easements are usually registered without problems.

Three judges participated in the decision: Wendler Pedersen, Torben Melchior and Per Walsøe.

**Supreme Court comments.**

The Supreme Court finds that clause 9 of the deed establishes a legal claim that has been finally determined.

Section 10(3) of the Danish Registration of Deeds Act does not prevent the registration of item 9 of the deed.

**Thi is determined:**

*Section 9 of the deed notified by DSB must be entered in the land register. The court fees for the Western High Court and the Supreme Court shall be refunded to DSB.*

---

**1** U 1943.1171 V, U 1969.191 V, F. Vinding Kruse: Tinglysning, p. 380, and Knud Illum: Tinglysning, 7th ed. By Lars Buhl and others (1994), pp. 100-01.

Copyright © 2023 Karnov Group Denmark A/S

**U.2004.316H**

*Pligt til at respektere alle ledninger på en ejendom tinglyst servitutstiftende, selvom der ikke var kortbilag.*

*Tinglysning 12.2 og 12.5.*

♦ Et skøde indeholdt bestemmelse om, at køber og efterfølgende ejere skulle respektere alle eksisterende forsynings- og afløbsledninger på ejendommen. Bestemmelsen blev begæret lyst servitutstiftende, men blev afvist af tinglysningsdommeren pga. uklart indhold (manglende kortbilag), og afvisningen blev stadfæstet af landsretten, idet servitutten ikke var tilstrækkeligt klar og bestemt. Højesteret fastslog, at bestemmelsen etablerede et endeligt fastsat retskrav, og at tinglysningslovens § 10, stk. 3, herefter ikke var til hinder for tinglysning. Bestemmelsen skulle derfor tinglyses.[1]

**317**

**H.K. 6. november 2003 i sag 308/2003**

*DSB (adv. Thomas Bang, Kbh.)*
mod
*Tinglysningsdommeren i Aalborg.*

### Højesteret

I tidligere instanser er der truffet afgørelse af Retten i Aalborg den 16. december 2002 og af Vestre Landsrets 14. afdeling den 12. marts 2003. Sagen er med Procesbevillingsnævnets tilladelse indbragt for Højesteret af DSB med påstand om, at tinglysningsdommeren i Aalborg tilpligtes at anerkende, at tinglysningslovens § 10, stk. 3, ikke er til hinder for tinglysning af pkt. 9 i skødet mellem DSB og TK Project DK A/S vedrørende ejendommen matr.nr. 107 Aalborg Markjorder, beliggende J.F. Kennedys Plads 1, 9000 Aalborg, som byrde på ejendommen.

Vestre Landsrets 14. afdeling har henholdt sig til afgørelsen.

Det fremgår af sagen, at DSB ved skøde af 15. oktober 2002 har solgt en ejendom i Aalborg. Skødet indeholder i pkt. 9 følgende bestemmelse:

»Købere og efterfølgende ejere skal være forpligtet til at respektere alle eksisterende forsynings- og afløbsledninger på ejendommen.«

Bestemmelsen blev begæret tinglyst servitutstiftende, men blev afvist fra tingbogen af Retten i Aalborg den 16. december 2002 »p.g.a. uklart indhold (manglende kortbilag) jfr. Tinglysningslovens § 10, stk. 3.«

Vestre Landsret stadfæstede afgørelsen ved kendelsen af 12. marts 2003, idet indholdet af servitutten ikke kunne anses for at være tilstrækkeligt klart og bestemt.

DSB har blandt andet anført, at indholdet af skødets pkt. 9 er endeligt fastsat og tilstrækkelig klart og bestemt til at kunne stifte et retskrav. Køber har aftaleretligt forpligtet sig selv og senere ejere af ejendommen til at respektere de eksisterende - kendte som ukendte - ledninger på ejendommen. Det kan ikke som betingelse for tinglysning af skødets pkt. 9 kræves, at indholdet af forpligtelsen skal kunne udledes af skødets pkt. 9 alene, og kortmateriale er kun relevant som bilag til en bestemmelse, hvis bestemmelsen stifter en rettighed eller forpligtelse over en del af en fast ejendom for at vise, hvilken del af den faste ejendom rettigheden eller forpligtelsen vedrører. Der findes ikke, og der kan heller ikke udarbejdes fortegnelser eller kortmateriale over samtlige forsynings- og afløbsledninger og disses beliggenhed på ejendommen. Skødets pkt. 9 kan derfor ikke gives et mere klart, bestemt og endeligt fastsat indhold, og lignende ledningsservitutter tinglyses efter praksis normalt uden problemer.

I påkendelsen har deltaget tre dommere: Wendler Pedersen, Torben Melchior og Per Walsøe.

**Højesterets bemærkninger.**

Højesteret finder, at der ved skødets pkt. 9 er etableret et retskrav, som er endeligt fastsat.

Tinglysningslovens § 10, stk. 3, er herefter ikke til hinder for tinglysning af skødets pkt. 9.

**Thi bestemmes:**

*Pkt. 9 i det af DSB anmeldte skøde skal indføres i tingbogen. Kæremålsafgift for Vestre Landsret og Højesteret tilbagebetales DSB.*

---

1  U 1943.1171 V, U 1969.191 V, F. Vinding Kruse: Tinglysning, s. 380, og Knud Illum: Tinglysning, 7. udg. Ved Lars Buhl m.fl. (1994), s. 100-01.