# Exhibit 44

**U.1935.715H**

*A's income tax for 1926-027 was increased by a tax council decision of April 26, 1933. A claimed statute of limitations, but was not successful as the tax authorities had not been aware of the deficiencies in A's tax return for 5 years.*

*Taxes 72.3 - 7.3 - Monetary affairs etc. 58.3.*

- **Limitation I - Taxes II. At the** request of the National Tax Board (L), A's assessment for income tax was for 1926/27 was re-examined and by the Tax Board's decision of April 26, 1933, confirmed by June 14, 1934, the assessment was increased by DKK 12,000, which amount had accrued to A in the said tax year as owner of shares in Kryolithselskabet by transferring DKK 1 million from a disposition fund to its share capital.[1] In order to prevent seizure, the tax was paid by A on October 18, 1933, but A then claimed it back as time-barred. The Ministry of Finance was acquitted already as a consequence of the fact that neither 1 nor the local tax authorities had been aware of the incompleteness in A's tax return 5 years prior to October 18, 1933.[2]

**H. D. 27. May 1935 in case 195/1934**[*]

*Former Judge A B Richter (Supreme Court clerk Ahnfelt-Rønne)*
mod
*Ministry of Finance (Attorney General by Supreme Court lawyer Arne Kemp).*

## Eastern High Court

### Østre Landsrets Judgment September 26, 1934

**716**
.

At a general meeting held on February 7, 1925 in A/S Kryolith-Mine- og Handels Selskabet, it was decided to transfer an amount of DKK 1 million from a contingency fund to the company's share capital, which then amounted to DKK 3 million. The shares in the said company are not for any amount, but for shares, a total of 1000 shares, so that the holder of a share is entitled to one thousandth of the company's properties and rights. Through the Company's tax return of August 17, 1926, the Copenhagen Tax Department was informed of the aforementioned increase in shares, and on request, the Department received from the Company on June 11, 1927, a list of all the Company's known shareholders in a number of 57. For several of the shareholders residing in Copenhagen, the tax assessment was increased at the Directorate's initiative following an investigation. For use in an investigation of the cryolite shareholders' assessment for state tax for the later tax years, the Assessment Department of the Danish National Tax Board received the above-mentioned list of shareholders in the beginning of 1931 by contacting the Copenhagen Tax Directorate, which contains, among other things:

"Name: cand jur A B Richter.
Place of residence: Dommergaarden, Stege."

By letter of April 24, 1931 to the Tax Board for Vordingborg Tax District, the Assessment Department requested Judge of Stege Andr B Richter's tax returns and asset schedules for the tax years 1917/18- 1930/31 in. By letter of May 9, 1931 to the company's management, the Tax Department requested information on the Shareholders are registered in the Company's books for the period since January 1, 1918 and at what time the shareholders in question have acquired the shares. The Company submitted this information on May 28, 1931.

On February 9, 1932, the company's director, Chief Lawyer C F Lerche, wrote to Judge Richter's son, Landsretssagfører E Richter, on behalf of the company, and announced that a settlement had been reached with the Landsoverskatteraadet on September 8, 1932, which consisted of
Calculation of wealth tax for the years 1918-30 to set the value of the shares at DKK 4250 for each year.

After negotiations with Chief Judge Lerche, the Landsoverskatteraadets Ligningsafdeling wrote to him on June 15, 1932 as follows:

"By agreement at a personal meeting on May 3rd, copies of the statements of taxable income and wealth made for the below-mentioned taxpayers for the later tax years, as well as draft declarations regarding payment of underpaid tax, are to be enclosed herewith.

herewith in signed condition. - - -
5) K 1742, Judge A B Richter,

As far as Judge Richter was concerned, the above-mentioned letter included an offer of amicable settlement by payment of a total of DKK 2,049.34 øre. This included a demand for payment of wealth tax

**717**

on the basis of the above-mentioned settlement, partly an additional claim for income tax for the tax year 1926/27, as Judge Richter in his tax return for use for said tax year had not included the value that had accrued to him as owner of 12 shares in connection with the transfer of DKK 1 million from a disposition fund to share capital in 1925, which transfer, according to the tax authorities' interpretation adopted by the Supreme Court (s U f R 1931 p 54), had to be equated with the issue of free shares for tax purposes.

In connection with the above-mentioned offer of amicable settlement, on August 20, 1932, Chief Judge Lerche wrote a letter to the Assessment Department of the High Tax Board stating that Judge Richter had raised a limitation issue. This objection only related to the question of supplementary payment of income tax for 1926/27. After an exchange of letters between the Assessment Department and Chief Judge Lerche, on September 26, 1932, High Court Judge Richter wrote a letter to the Assessment Department stating that the said claim was time-barred, as the tax authorities had been aware of the claim against Judge Richter for more than 5 years.

The general scheme was then implemented for Judge Richter only with regard to wealth tax, while on 3 March 1933, pursuant to the Tax Act No. 149 of 10 April 1922 § 34, the National Tax Board authorized the Tax Board for Vordingborg Tax District to review Judge Richter's income tax assessment for 1926/27. By

---

[1] See H D November 25, 1930 in U f R 1931 A p 54.

[2] The Appellant argued before the Supreme Court that in February 1928, through the files in the tax case referred to in H D 25 November 1930, the National Tax Board had become aware of the cryolite company's circumstances and would thus have been able to demand payment of the tax before 18 Oct 1928, cf. Act No. 274 of 22 Dec 1908 § 3. - See U f R 1927 A p 478.

\*        H R T 1935 p 225.

In an order dated April 26, 1933, the Tax Board increased Judge Richter's income tax assessment for the said tax year by DKK 12,000. This decision was appealed on behalf of his father on May 16, 1933 before the High Tax Board.

As Judge Richter had been requested to garnish DKK 1,471.50 øre as back payment of state income tax for 1926/27, the amount was paid to Stege Municipality on October 18, 1933, but with reservation of the right of recovery.

On June 14, 1934, the Danish National Tax Board upheld the appealed tax assessment of April 26, 1933, rejecting the limitation objection.

The plaintiff, former Judge A B Richter, now of Vallø, claims that the defendant, the Ministry of Finance, is hereby ordered on behalf of the Danish Treasury to pay the plaintiff the above-mentioned amount of DKK 1,471.50 with interest at 5 p.c. from July 1, 1933. The plaintiff claims that the claim has been time-barred under Act No. 274 of December 22, 1908 § 1 No. 4, as more than 5 years have elapsed from the time the claim could have been asserted and until the tax authorities have taken the steps required under the Act to interrupt the limitation period.

The defendant claims acquittal, objecting in particular to the interest charged.

The defendant's position is as follows:

The National Tax Board has the authority in Section 34 of the Tax Act to

**718**

submit to the Tax Board all tax assessments which it finds to be incorrect for increase, and according to the Act there is no time limit in this respect for assessments for which there is an accounting basis for an increase. When a previously made tax assessment is increased pursuant to section 34 of the State Tax Act, the limitation period pursuant to the Act of December 22, 1908, for the State's and municipality's claims for repayment of underpaid tax begins to run from the time when the underpaid tax can be collected following the increase of the assessment and, in the absence of payment, recovered by attachment.

In the alternative, the Defendant claims that the limitation period for the said claims can only run from the time when, following the general investigation of the Plaintiff's (and other Kryolith shareholders') tax assessments for the later tax years initiated in 1931, the Danish National Tax Board became aware that the Plaintiff's tax return of his taxable income for the tax year 1926/27 had been incorrect.

Since neither the competent authority under section 34 of the Tax Act, the National Tax Board, nor the local tax authorities for Stege Købstad have been aware of the incompleteness of Judge Richter's tax return for 1926/27 at a time, more than 5 years prior to the payment on October 18, 1933, which was made to prevent seizure, and which in any case pursuant to Section 2 of the Limitation Act had to interrupt a limitation period running for the reopened tax claim, the Defendant will already as a consequence thereof be acquitted.

The Plaintiff is ordered to pay the costs of the case as set out below. - - -

This judgment was upheld by the Supreme Court in accordance with its reasons. The Appellant was ordered to pay DKK 300 in fees to the Attorney to the Supreme Court.

**U.1935.715H**

*A's indkomstskat for 1926-027 forhøjedes ved skatterådskendelse af 26-04 1933. A påstod forældelse, men fik ej medhold, da skattemyndighederne ej havde været bekendt med manglerne ved A's selvangivelse i 5 år.*

*Skatter 72.3 - 7.3 - Pengevæsen m.v. 58.3.*

- **Forældelse I - Skatter II.** Paa Foranledning af Landsoverskatteraadet (L) blev A's Ansættelse til Indkomstskat for 1926/27 optaget til fornyet Prøvelse og ved Skatteraads-Kendelse af 26 April 1933, stadfæstet af 1 den 14 Juni 1934, blev Ansættelsen forhøjet med 12000 Kr, hvilket Beløb i nævnte Skatteaar var tilfaldet A som Ejer af Andele i Kryolithselskabet ved Overførsel af 1 Million Kroner fra et Dispositionsfond til dets Aktiekapital.[1] For at afværge Udpantning blev Skatten af A indbetalt den 18 Okt 1933, men A paastod den derefter tilbagebetalt som forældet. Finansministeriet frifandtes allerede som Følge af, at hverken 1 eller de stedlige Skattemyndigheder 5 Aar forud for 18 Okt 1933 havde været paa det rene med det ufyldestgørende i A's Selvangivelse.[2]

**H. D. 27. Maj 1935 i sag 195/1934[*]**

*Fhv Dommer A B Richter (Højesteretssagføret Ahnfelt-Rønne)*
mod
*Finansministeriet (Kammeradvokaten v/ Højesteretssagfører Arne Kemp).*

## Østre Landsret

### Østre Landsrets Dom 26 September 1934

**716**

Paa en Generalforsamling, der afholdtes den 7 Februar 1925 i A/S Kryolith-Mine- og Handels Selskabet, vedtoges det at overføre et Beløb paa 1 Million Kroner fra et Dispositionsfond til Selskabets Aktiekapital, der herefter kom til at andrage 3 Millioner Kroner. Aktierne i det nævnte Selskab lyder ikke paa noget Beløb, men paa Andele, ialt 1000 Andele, saaledes at Indehaveren af en Andel er lodtagen med en Tusindedel i Selskabets Ejendomme og Rettigheder. Gennem Selskabets Selvangivelse af 17 August 1926 blev Direktoratet for Københavns Skattevæsen kendt med den nævnte Aktieudvidelse, og fra Selskabet modtog Direktoratet, efter Begæring, under 11 Juni 1927 en Fortegnelse over samtlige Selskabets bekendte Aktionærer i et Antal af 57. Over for flere af de i København bosatte Aktionærer forhøjedes Skatteansættelsen ved Direktoratets Foranstaltning efter stedfundet Undersøgelse.

Til Brug ved en Undersøgelse af Kryolithaktionærernes Ansættelse til Statsskat for de senere Skatteaar fik Landsoverskatteraadets Ligningsafdeling ved Henvendelse til Københavns Skattedirektorat i Begyndelsen af 1931 tilstillet ovennævnte Aktionærfortegnelse, der bl a indeholder:

»Navn: cand jur A B Richter.
Bopæl: Dommergaarden, Stege.«

Ved Skrivelse af 24 April 1931 til Skatteraadet for Vordingborg Skattekreds udbad Ligningsafdelingen sig Dommer af Stege Andr B Richters Selvangivelser og Formueskemaer for Skatteaarene 1917/18- 1930/31 ind. Ved Skrivelse af 9 Maj 1931 til Selskabets Direktion udbad Ligningsafdelingen sig Oplysning om, med hvor store Aktieandele Aktionærerne staar indtegnet i Selskabets Bøger i Tiden siden 1 Januar 1918 samt paa hvilket Tidspunkt de paagældende har erhvervet Andelene. Disse Oplysninger fremsendte Selskabet den 28 Maj 1931.

Den 9 Februar 1932 tilskrev Selskabets Direktør, Overretssagfører C F Lerche, paa Selskabets Vegne Dommer Richters Søn, Landsretssagfører E Richter, og meddelte, at der den 8 s M med Landsoverskatteraadet var afsluttet et Forlig, gaaende ud paa ved Beregning af Formueskat for Aarene 1918-30 at fastsætte Aktiernes Værdi til 4250 Kr for hvert enkelt Aar.

Efter Forhandlinger med Overretssagfører Lerche tilskrev Landsoverskatteraadets Ligningsafdeling ham den 15 Juni 1932 saaledes:

»Efter Aftale ved personlig Forhandling d 3 d M skal man hoslagt fremsende Afskrifter af de her for nedennævnte Skatteydere foretagne Opgørelser af deres skattepligtige Indkomst og Formue for de senere Skatteaar, tilligemed Udkast til Erklæringer angaaende Betaling af for lidt erlagt Skat, der bedes foranlediget indsendt hertil i underskrevet Stand. - - -

5) K 1742, Dommer A B Richter,

For Dommer Richters Vedkommende medfulgte med ovennævnte Skrivelse Tilbud angaaende mindelig Afvikling ved Betaling af ialt 2049 Kr 34 Øre. Heri var indbefattet dels et Efterkrav af Formueskat

**717**

paa Grund af ovennævnte Forlig, dels et Efterkrav paa Indkomstskat for Skatteaaret 1926/27, idet Dommer Richter ved sin Selvangivelse til Brug for nævnte Skatteaar ikke havde medregnet den Værdi, der ved den i 1925 foretagne Overførsel af 1 Million Kroner fra et Dispositionsfond til Aktiekapital var tilfaldet ham som Ejer af 12 Andele, hvilken Overførsel efter Skattemyndighedernes, af Højesteret (s U f R 1931 p 54) tiltraadte Opfattelse i skattemæssig Henseende maatte sidestilles med Udstedelse af Friaktier.

I Anledning af ovennævnte Tilbud om mindelig Ordning tilskrev Overretssagfører Lerche den 20 August 1932 Landsoverskatteraadets Ligningsafdeling et Brev, hvoraf fremgik, at Dommer Richter havde rejst et Forældelsesspørgsmaal. Denne Indsigelse havde kun Hensyn til Spørgsmaalet om Efterbetaling af Indkomstskat for 1926/27. Efter Veksling af Breve mellem Ligningsafdelingen og Overretssagfører Lerche tilskrev Landsretssagfører Richter den 26 September 1932 Ligningsafdelingen et Brev, hvori det gøres gældende, at det nævnte Krav er forældet, idet Skattemyndighederne i mere end 5 Aar har været bekendt med Kravet mod Dommer Richter.

Den almindelige Ordning gennemførtes herefter for Dommer Richters Vedkommende alene med Hensyn til Formueskatten, medens Landsoverskatteraadet den 3 Marts 1933 i Medfør af Skatteloven Nr 149 af 10 April 1922 § 34 bemyndigede Skatteraadet for Vordingborg Skattekreds til at optage Dommer Richters Ansættelse til Indkomstskat for 1926/27 til fornyet Prøvelse. Ved

---

[1] Jfr H D 25 November 1930 i U f R 1931 A p 54.

[2] For Højesteret blev det fra Appellantens Side gjort gældende, at Landsoverskatteraadet i Februar 1928 gennem Akterne i den i H D 25 November 1930 omhandlede Skattesag var blevet bekendt med Kryolithselskabets Forhold og saaledes ved sædvanlig Agtpaagivenhed vilde have været i Stand til at kræve Skatten betalt før 18 Okt 1928, jfr Lov Nr 274 af 22 Dec 1908 § 3. - Jfr U f R 1927 A p 478.

[*] H R T 1935 p 225.

Kendelse af 26 April 1933 forhøjede Skatteraadet Dommer Richters Ansættelse til Indkomstskat for nævnte Skatteaar med 12000 Kr. Denne Afgørelse indklagede Landsretssagfører Richter paa sin Faders Vegne den 16 Maj 1933 for Landsoverskatteraadet.

Da der hos Dommer Richter var begært Udpantning bl a for 1471 Kr 50 Øre som Efterbetaling af Statsindkomstskat for 1926/27, indbetaltes Beløbet til Stege Kommune den 18 Oktober 1933, men med Forbehold af Ret til Tilbagesøgning.

Den 14 Juni 1934 stadfæstede Landsoverskatteraadet den paaklagede Skatteraadskendelse af 26 April 1933, idet Forældelsesindsigelsen forkastedes.

Sagsøgeren, fhv Dommer A B Richter, nu af Vallø, paastaar herefter under denne ifølge Stævning af 18 August 1934 anlagte Sag Sagsøgte, Finansministeriet, tilpligtet paa Statskassens Vegne at betale Sagsøgeren ovennævnte under Forbehold erlagte Beløb af 1471 Kr 50 Øre med Renter 5 pCt p a fra den 1 Juli 1933. Sagsøgeren hævder, at Kravet har været forældet efter Lov Nr 274 af 22 December 1908 § 1 Nr 4, idet der er forløbet over 5 Aar fra det Tidspunkt, Kravet kunde være gjort gældende, og til der fra Skattemyndighedernes Side er foretaget de Skridt, der efter Loven kræves til Afbrydelse af Forældelsen.

Sagsøgte paastaar Frifindelse, idet der specielt protesteres mod de paastaaede Renter.

Sagsøgtes Standpunkt er følgende:

Landsoverskatteraadet har i Skattelovens § 34 Hjemmel til at

**718**

tilstille Skatteraadet alle Skatteansættelser, som det finder urigtige, til Forhøjelse, og der gælder ifølge Loven ikke nogen Tidsfrist i saa Henseende, naar det drejer sig om Ansættelser, for hvis Forhøjelse der er regnskabsmæssigt Grundlag. Naar en tidligere stedfundet Skatteansættelse i Medfør af Statsskattelovens § 34 forhøjes, begynder Forældelsesfristen i Henhold til Loven af 22 December 1908 for Statens og Kommunens Krav paa Efterbetaling af for lidt erlagt Skat at løbe fra det Tidspunkt at regne, da den for lidt erlagte Skat efter stedfundet Forhøjelse af Ansættelsen kan opkræves og i Mangel af Betaling inddrives ved Udpantning.

Subsidiært hævder Sagsøgte, at Forældelsesfristen for de nævnte Krav først kan løbe fra det Tidspunkt, da Landsoverskatteraadet efter den i 1931 indledede almindelige Undersøgelse af Sagsøgerens (og andre Kryolith-Aktionærers) Skatteansættelser for de senere Skatteaar havde faaet Kendskab til, at Sagsøgerens Selvangivelse af hans for Skatteaaret 1926/27 skattepligtige Indkomst havde været urigtig.

Da hverken den efter Skattelovens § 34 kompetente Myndighed, Landsoverskatteraadet, eller de stedlige Skattemyndigheder for Stege Købstad har været paa det rene med det ufyldestgørende i Dommer Richters Selvangivelse for 1926/27 paa et Tidspunkt, der ligger over 5 Aar forud for Betalingen den 18 Oktober 1933, der skete til Afværgelse af Udpantning, og som i al Fald i Medfør af Forældelseslovens § 2 maatte afbryde en for det omprocederede Skattekrav løbende Forældelsesfrist, vil allerede som Følge heraf Sagsøgte være at frifinde.

Sagens Omkostninger findes Sagsøgeren at burde udrede som nedenfor anført. - - -

Denne Dom stadfæstedes af Højesteret i Henhold til dens Grunde. I Salær for Højesteret til Kammeradvokaten paalagdes det Appellanten at betale 300 Kr.

Copyright © 2021 Karnov Group Denmark A/S

side 2