UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND                    18-md-2865 (LAK)
LITIGATION

This document applies to: Cases listed in Appendix A

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/2024

## MEMORANDUM OPINION

Appearances:

Marc A. Weinstein
William R. Maguire
Neil J. Oxford
HUGHES HUBBARD & REED LLP
*Attorneys for Plaintiff*

Thomas E.L. Dewey
Sean K. Mullen
DEWEY PEGNO & KRAMARSKY LLP

Elliot R. Peters
Julia L. Allen
KEKER, VAN NEST & PETERS LLP

*Attorneys for Defendant Michael Ben-Jacob*

Sharon L. McCarthy
KOSTELANETZ & FINK, LLP
*Attorney for Defendants John van Merkensteijn, III,
Elizabeth van Merkensteijn, Azalea Pension Plan,
Basalt Ventures LLC Roth 401(K) Plan, Bernina
Pension Plan, BerninaPension Plan Trust, Michelle
Investments Pension Plan, Omineca Pension Plan,
Omineca Trust, Remece Investments LLC Pension
Plan, Starfish Capital Management LLC Roth 401(K)
Plan, Tarvos Pension Plan, Voojo Productions LLC
Roth 401(K) Plan, Xiphias LLC Pension Plan*

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
*Attorney for Defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM CapitalPension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*

David L. Goldberg
Michael M. Rosensaft
Zhanna A. Ziering
KATTEN MUNCHIN ROSENMAN LLP
*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

LEWIS A. KAPLAN, *District Judge.*

Before the Court are two motions for the issuance of a request for international judicial assistance, commonly termed a "letter rogatory."[1]  For the reasons explained below, both motions are denied.

## Facts

This multidistrict litigation ("MDL") includes more than one hundred actions brought by the Customs and Tax Administration of the Kingdom of Denmark ("SKAT") in a number of districts throughout the country to recover funds allegedly obtained from it by fraud.  SKAT alleges

---

[1]      Dkts 979, 983, 989.  Unless otherwise noted, all docket citations are to 18-md-2865.

that the defendant pension plans and their agents and representatives engaged in a fraudulent tax refund scheme or "trading strategy" whereby they "falsely represented that the plans owned shares in Danish companies, that taxes had been withheld on the dividends, and as tax-exempt entities, they were entitled to refunds."[2]  SKAT alleges further that, in consequence of these false representations, it paid to defendants over 12.7 billion Danish Kroner, the equivalent of approximately $2.1 billion U.S. dollars, to which they had no legitimate claim.

The Judicial Panel on Multidistrict Litigation transferred all of the cases brought by SKAT in other districts to this Court.[3]  In a November 2021 pretrial order, the Court set a deadline of December 3, 2021 for all fact discovery to be completed and a deadline of April 8, 2022 for all expert discovery to be completed.[4]  The Court established also a procedure for motions for summary judgment in seven "bellwether" cases.  Among other things, the Court ordered that the bellwether defendants and plaintiff file a joint Rule 56.1 statement of the material facts as to which there was no genuine dispute.[5]  In that joint Rule 56.1 statement, which was filed in April 2022, the parties set out, among other things, the mechanics of the trading strategy at the center of this case.[6]  Subsequently, the Court denied the bellwether defendants' motion for summary judgment in a

---

[2]  Dkt 1 at 1.

[3]  Dkt 1.  The fifty-three actions brought by SKAT in this district previously were consolidated for pretrial purposes.  Dkt 924 at 5 & n.8 [*In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-cv-04051, 2023 WL 8039623, at *2 & n.8 (S.D.N.Y. Nov. 20, 2023)].

[4]  Dkt 675.

[5]  Dkt 675.

[6]  Dkt 790.

4

November 2023 opinion.[7]

Earlier this year, the Court issued a pretrial order selecting a subset of cases to be tried in "Trial One."[8]  The Court subsequently set a number of pretrial deadlines, including for motions for summary judgment, and scheduled the trial to begin in January 2025.[9]

Weeks after the Trial One scheduling order was issued, defendants filed the first of the motions for discovery now before the Court.  That motion, which SKAT joined conditionally, sought issuance by this Court of a letter of request to obtain testimony from Sanjay Shah, a non-party witness and the alleged progenitor of the fraudulent scheme, in Denmark pursuant to the Hague Convention.[10]  Shah, an investment banker who, through his company Solo Capital, designed and executed the trading strategy, is currently on trial for tax fraud in Denmark, to which he was extradited from the United Arab Emirates ("UAE") in December 2023.[11]  According to defendants, Shah testified in his Danish trial "in his own defense and . . . his testimony included explanations of the [t]rading [s]trategy."[12]

The Court held a pretrial conference to consider defendants' motion and to seek

---

[7]

Dkt 924.

[8]

Dkt 961.  Those cases are listed in Appendix A.  Several of the bellwether defendants are defendants in Trial One.

[9]

Dkts 978, 987.

[10]

Dkts 979, 980, 981.

[11]

Dkt 984 at 2–3.

[12]

Dkt 984 at 3.

clarification regarding several points.  Among other things, the Court expressed its concern that, should it issue the requested letter and Denmark act favorably upon it, a delay in taking Shah's testimony could be used by defendants to seek to delay the trial.  Defendants declined to assure the Court that they would commit to proceeding to trial as scheduled regardless of whether Shah's testimony was taken.[13]  The Court also advised defendants to clarify certain points in their motion and to consider including in a revised letter of request a list of questions to be posed to Shah if the Danish court questioned him instead of permitting the parties' counsel to do so.[14]

Thereafter, defendants filed a motion to amend/correct their motion for discovery.[15] Though they stated that they had "no current intention of seeking to move the trial date" should they be unable to take Shah's testimony before the start of Trial One, they declined to "categorically waive their right to do so."[16]  In addition, defendants revised the proposed letter rogatory "to request the opportunity to submit to the Danish Court a list of questions to be posed to Shah in the event the examination is to be conducted by the Danish Court," but they did not submit those questions to this Court.[17]  SKAT opposed the motion.[18]  Subsequently, defendants submitted a list of questions for

---

[13]  Dkt 1008.

[14]  Dkt 1008.

[15]  Dkt 983.

[16]  Dkt 984 at 1.

[17]  Dkt 984 at 8.

[18]  Dkt 992.

6

the Danish court to ask Shah, if necessary.[19]

The day after defendants filed their motion to amend/correct, SKAT moved for this Court to issue a letter of request to obtain testimony from Anthony Mark Patterson.[20]  Patterson, a former employee of Shah and Solo Capital, recently pled guilty to criminal tax fraud in Denmark for activity arising from his involvement with the allegedly fraudulent scheme.  Plaintiff stated that it "expects that Patterson will testify . . . that Shah and defendants' 'trading strategy' was a fraudulent scheme comprised of fictitious, circular transactions that did not result in the defendant plans owning any Danish shares or receiving any dividends on Danish shares from which tax was withheld."[21]  This motion was made contingent upon the Court issuing defendants' proposed letter of request for Shah's testimony.[22]  Defendants opposed SKAT's motion.[23]

## *Discussion*

*Legal Standard*

United States courts may request the assistance of a competent authority of another nation in obtaining evidence.[24]  Such letters, "traditionally known as letters rogatory[,] are a medium

---

[19] Dkt 1014.

[20] Dkt 989.

[21] Dkt 990 at 6.

[22] Dkt 990 at 1.

[23] Dkt 994.

[24] *See* Fed. R. Civ. P. 28(b).

for one country to speak through its courts to another, and request assistance to administer justice in the former."[25]

The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), to which the United States is a signatory, prescribes certain procedures by which a judicial authority in one signatory state may request the assistance of another.[26]  Requests for assistance, however, are not limited to requests made to signatories of the Hague Convention.  "Absent a treaty, the request is made and usually granted by reason of comity."[27]  Authorities in receiving countries enforce letters rogatory pursuant to their own statutes, common laws, and procedures.[28]  This means that the parties to the litigation for which the letter rogatory was issued may not be allowed to question the witness themselves; rather, a court in the receiving country may question the witness on the parties' behalf.[29]

---

[25]

6 Moore's Federal Practice § 28.12 (2024).

[26]

*See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 524 (1987).

[27]

6 Moore's Federal Practice § 28.12 (2024).  Similarly, requests made pursuant to the Hague Convention are usually — but not always — granted.

[28]

*See* Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, art. 9, Mar. 18, 1970, 23 U.S.T. 2555; *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 777 (S.D.N.Y. 2012).

[29]

*See* Mark R. Anderson, *Stranger in a Strange Land: Discovery Abroad*, 24 Litigation (1998).

"It is well settled that the decision of whether to issue letters rogatory lies within a district court's sound discretion."[30]  In considering whether to issue a letter rogatory, "court[s] consider[] the relevance and importance of the sought-after information and the delay issuing the letter would cause."[31]  "Although the party seeking" issuance of a letter rogatory "bears the burden of persuasion, . . . that burden is not a heavy one."[32]  This burden is heightened, however, where, as here, discovery has closed.  Although the Federal Rules of Civil Procedure permit — but do not oblige — a court to reopen discovery, it may do so only "for good cause."[33]  "Courts in this Circuit generally consider six factors when determining whether a party has established good cause to re-open discovery:"[34]

> "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by

---

[30]

*United States v. Al Fawwaz*, No. S7 98-cr-1023 (LAK), 2014 WL 627083, at *2 (S.D.N.Y. Feb. 18, 2014) (alteration marks omitted) (quoting *United States v. Jefferson*, 594 F.Supp.2d 655, 675 (E.D. Va. 2009); *accord Villella v. Chem. & Mining Co. of Chile Inc.*, No. 15-cv-2106 (ER), 2018 WL 2958361, at *2 (S.D.N.Y. June 13, 2018); 6 Moore's Federal Practice § 28.12 (2024).

[31]

6 Moore's Federal Practice § 28.12 (2024); *see Villella*, 2018 WL 2958361, at *3.

[32]

*Villella*, 2018 WL 2958361, at *3.

[33]

Fed R. Civ. P. 16(b)(4).

[34]

*Costa v. Sears Home Improvement Prod., Inc.*, 178 F. Supp. 3d 108, 111 n.2 (W.D.N.Y. 2016).

the district court, and (6) the likelihood that the discovery will lead

to relevant evidence."[35]

*Application*

The testimony defendants seek from Shah would be of little value but seeking to

secure it at this late date would pose a considerable risk to the timely conduct of Trial One and thus

to the overall progress of this MDL.

Based on defendants' representations and their proposed questions, it appears that

many subjects on which Shah would testify would be cumulative of other evidence and witnesses

available in the United States.  Defendants state that "[t]estimony from Shah may help the jury

understand . . . . the [t]rading [s]trategy" and its "execut[ion]."[36]  But the joint Rule 56.1 statement

— to which plaintiff and many of the defendants in Trial One joined — sets out the mechanics and

execution of the trading strategy in considerable detail.  Among other things, it explains SKAT's

administration of dividend withholding, how the trading strategy worked, specific trades that

defendants made, defendants' tax reclaim applications, and SKAT's approval and subsequent

revocation of those reclaims.[37]  The Court concludes, therefore, that there is sufficient evidence aside

from Shah's testimony regarding the trading strategy and its execution such that introducing Shah's

potential testimony at Trial One would be unlikely to add materially to the jury's understanding of

---

[35]
> *Fed. Ins. Co. v. Mertz*, No. 12-cv-1597 (NSR), 2015 WL 5769945, at *7 (S.D.N.Y. Sept. 29, 2015); *see Jacobs v. New York City Dep't of Educ.*, No. 11-cv-5058, 2015 WL 7568642, at *4 (E.D.N.Y. Nov. 24, 2015); *Costa*, 178 F. Supp. 3d at 111 n.2.

[36]
> Dkt 984 at 7.

[37]
> Dkt 790.

these topics.

Defendants state also that Shah's testimony "may also help illuminate what [they] knew about the [t]rading [s]trategy . . . . explaining what information was (and was not) shared with [them]."[38]  But it is likely that defendants themselves could testify to what Shah told them, and they are, generally speaking, available in the United States.[39]  Although the Court cannot and does not prejudge the admissibility of hypothetical testimony, it notes that such testimony from defendants — regarding what Shah told them, the impressions with which they were left from their conversations with Shah, and related subjects — may be admissible as non-hearsay.[40]

In addition, issuing the letter rogatory for Shah's testimony would risk delaying Trial One, which is scheduled to begin in about six months.  It is unclear whether and when Danish authorities might permit defendants to take Shah's testimony were this Court to request it.  It is unclear also how the pendency of Shah's criminal trial in Denmark might affect the timing of Danish authorities' decision whether to act favorably upon the requested letter rogatory or how, should they act favorably, the Danish criminal proceeding might affect the timing of Shah's testimony in this case.  And should a Danish court decide to question Shah in lieu of permitting the parties' counsel to do so, further delay is possible should either of the parties seek to submit additional questions.  Concern over a months- or even years-long delay is not unfounded.  Moore's cautions that

---

[38]

Dkt 984 at 8.

[39]

*See United States v. Rosen*, 240 F.R.D. 204, 215 (E.D. Va. 2007) (the fact that "proffered testimony . . . is . . . cumulative of other testimony from witnesses available in the U.S." "counsel[s] against the issuance of letters rogatory").

[40]

*See United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("[A] statement offered to show its effect on the listener is not hearsay.").

"discovery through [letters rogatory] can be a very lengthy process . . . . Execution of letters may take from six months to one year, or even longer."[41]   Even if Shah's testimony were secured expeditiously, there would be no assurance that delay would not result if, for example, his testimony were to prompt one of the parties to seek additional discovery.  The Court is particularly averse to risking delay in this case, which already has been pending for more than six years, absent an unforseen and compelling justification, because the upcoming trial would be only the first of what may prove to be several trials in this MDL, and any delay to it is likely to have knock-on effects for subsequent trials, should they prove necessary.

Defendants attempt to excuse their delay in seeking Shah's testimony on the ground that he was inaccessible to them "during the discovery phase of this litigation because he resided in the United Arab Emirates, a non-signatory to the Hague Convention."[42]   This excuse is unpersuasive.  Execution of the Hague Convention is not a prerequisite to the issuance or honoring of a letter rogatory.[43]   The letter rogatory is a centuries-old judicial vehicle that predates the Hague Convention, and they continue to be issued and honored outside the framework established by that treaty.[44]   As one magistrate judge in this district observed, "the [Hague] Convention was drafted to

---

[41]   6 Moore's Federal Practice § 28.12 (2024).

[42]   Dkt 984 at 2.

[43]   *See* 6 Moore's Federal Practice § 28.12 (2024); 35A C.J.S. Federal Civil Procedure § 615 ("The execution of a letter rogatory in the first instance rests upon principles of international comity.").

[44]   *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004) (citing Act of Mar. 2, 1855, ch. 140, § 2, 10 Stat. 630, and Act of Mar. 3, 1863, ch. 95, § 1, 12 Stat. 769); David Rubinstein, *Judicial Assistance As Intended: Reconciling § 1782's Present Practice with Its Past*, 123 Colum. L. Rev. 513, 518–522 (2023).

expand and liberalize the previously available avenues for discovery, not to constrict them or limit the jurisdiction of the courts of the signatory states."[45]  Thus, even where no treaty obliges a state to honor requests for judicial assistance, such requests are "usually granted by reason of comity."[46] Moreover, while defendants claim that the UAE is "a nation adverse to facilitating foreign discovery through the letters rogatory process,"[47] they do not dispute that the UAE "executed a letter rogatory issued by a U.S. court . . . in March 2021, *i.e.*, more than eight months before discovery closed in these actions."[48]  In addition, defendants could have sought Shah's voluntary testimony, but it does not appear that they made any effort to do so.  Putting that aside, even if Shah were inaccessible to defendants while in the UAE, defendants nonetheless would be responsible for an unwarranted delay in seeking the letter rogatory in light of the fact that Shah was extradited to Denmark, a Hague Convention signatory, in December 2023, several months before defendants sought his testimony in this case.

### *Conclusion*

For the foregoing reasons, defendants' motion for issuance of a request for international judicial assistance to obtain evidence from Shah (Dkts 979, 983) is denied.

---

[45]
    *Int'l Soc. for Krishna Consciousness, Inc. v. Lee*, 105 F.R.D. 435, 445 (S.D.N.Y. 1984).

[46]
    6 Moore's Federal Practice § 28.12 (2024); *see, e.g.*, *United States v. Lopez*, 688 F. Supp. 92, 95 (E.D.N.Y. 1988) (sending request for international judicial assistance to appropriate authority in Uruguay, a non-signatory of Hague Convention).

[47]
    Dkt 984 at 2.

[48]
    Dkt 990 at 7.

13

Accordingly, plaintiff's motion for issuance of a request for international judicial assistance to obtain evidence from Patterson (Dkt 989) is denied as moot.[49]


SO ORDERED.

Dated: June 26, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[49]     Plaintiff's motion was made contingent upon the Court issuing defendants' proposed letter of request for Shah's testimony.  Dkt 990 at 1.

**APPENDIX A**

| | Case Name & Number | Defendants Included in Trial Proposal | Defendants Excluded from Trial Proposal |
|---|---|---|---|
| 1 | *Skatteforvaltningen v. Aerovane Logistics LLC Roth 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07828-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, and Aerovane Logistics LLC Roth 401K Plan | |
| 2 | *Skatteforvaltningen v. Albedo Management LLC Roth 401(K) Plan, Joseph Herman, Michael Ben-Jacob, Avanix Management LLC, RAK Investment Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01785-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, Avanix Management LLC, and RAK Investment Trust | Joseph Herman and Albedo Management LLC Roth 401(K) Plan |
| 3 | *Skatteforvaltningen v. Avanix Management LLC Roth 401K Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01867-LAK (S.D.N.Y.) | Michael Ben-Jacob, Richard Markowitz, and Avanix Management LLC Roth 401K Plan | |
| 4 | *Skatteforvaltningen v. Azalea Pension Plan and Elizabeth van Merkensteijn*, Case No. 19-cv-01893-LAK (S.D.N.Y.) | Elizabeth van Merkensteijn and Azalea Pension Plan | |
| 5 | *Skatteforvaltningen v. Ballast Ventures LLC Roth 401(K) Plan, Joseph Herman, Michael Ben-Jacob, Cavus Systems LLC, RAK Investment Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01781-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, Cavus Systems LLC, and RAK Investment Trust | Joseph Herman and Ballast Ventures LLC Roth 401(K) Plan |
| 6 | *Skatteforvaltningen v. Bareroot Capital Investments LLC Roth 401(K) Plan, David Zelman, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01783-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | David Zelman and Bareroot Capital Investments LLC Roth 401(K) Plan |

| | Case Name & Number | Defendants Included in Trial Proposal | Defendants Excluded from Trial Proposal |
|---|---|---|---|
| 7 | *Skatteforvaltningen v. Basalt Ventures LLC Roth 401(K) Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01866-LAK (S.D.N.Y.) | Michael Ben-Jacob, John van Merkensteijn, and Basalt Ventures LLC Roth 401(K) Plan | |
| 8 | *Skatteforvaltningen v. Batavia Capital Pension Plan and Richard Markowitz*, Case No. 19-cv-01895-LAK (S.D.N.Y.) | Richard Markowitz and Batavia Capital Pension Plan | |
| 9 | *Skatteforvaltningen v. Battu Holdings LLC Roth 401K Plan, David Zelman, Michael Ben-Jacob, Omineca Trust, John van Merkensteijn, RAK Investment Trust, and Robert A. Klugman*, Case No. 19-cv-01794-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert A. Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | David Zelman and Battu Holdings LLC Roth 401K Plan |
| 10 | *Skatteforvaltningen v. Bernina Pension Plan and John van Merkensteijn*, Case No. 19-cv-01865-LAK (S.D.N.Y.) | John van Merkensteijn and Bernina Pension Plan | |
| 11 | *Skatteforvaltningen v. Calypso Investments Pension Plan, and Jocelyn Markowitz*, Case No. 19-cv-01904-LAK (S.D.N.Y.) | Jocelyn Markowitz, and Calypso Investments Pension Plan | |
| 12 | *Skatteforvaltningen v. Cantata Industries LLC Roth 401(K) Plan, David Zelman, Michael Ben-Jacob, John van Merkensteijn, RAK Investment Trust, Omineca Trust, and Robert Klugman*, Case No. 19-cv-01798-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | David Zelman and Cantata Industries LLC Roth 401(K) Plan |
| 13 | *Skatteforvaltningen v. Cavus Systems LLC Roth 401(K) Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01869-LAK (S.D.N.Y.) | Michael Ben-Jacob, Richard Markowitz, and Cavus Systems LLC Roth 401(K) Plan | |
| 14 | *Skatteforvaltningen v. Cedar Hill Capital Investments LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01922-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Edwin Miller and Cedar Hill Capital Investments LLC Roth 401(K) Plan |

| | Case Name & Number | Defendants Included in Trial Proposal | Defendants Excluded from Trial Proposal |
|---|---|---|---|
| 15 | *Skatteforvaltningen v. Crucible Ventures LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, John van Merkensteijn, RAK Investment Trust, Omineca Trust, and Robert Klugman*, Case No. 19-cv-01800-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Ronald Altbach and Crucible Ventures LLC Roth 401(K) Plan |
| 16 | *Skatteforvaltningen v. Dicot Technologies LLC Roth 401(K) Plan, David Zelman, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01788-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | David Zelman and Dicot Technologies LLC Roth 401(K) Plan |
| 17 | *Skatteforvaltningen v. Eclouge Industry LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01870-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Perry Lerner and Eclouge Industry LLC Roth 401(K) Plan |
| 18 | *Skatteforvaltningen v. Edgepoint Capital LLC Roth 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07827-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Edgepoint Capital LLC Roth 401K Plan | |
| 19 | *Skatteforvaltningen v. Fairlie Investments LLC Roth 401(K) Plan, Joseph Herman, Michael Ben-Jacob, Hadron Industries LLC, RAK Investment Trust, Richard Markowitz, and Robert Klugman*, Case No. 19-cv-01791-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, Hadron Industries LLC, and RAK Investment Trust | Joseph Herman and Fairlie Investments LLC Roth 401(K) Plan |
| 20 | *Skatteforvaltningen v. First Ascent Worldwide LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Robert Klugman, and Richard Markowitz*, Case No. 19-cv-01792-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Perry Lerner and First Ascent Worldwide LLC Roth 401(K) Plan |

| | Case Name & Number | Defendants Included in Trial Proposal | Defendants Excluded from Trial Proposal |
|---|---|---|---|
| 21 | *Skatteforvaltningen v. Fulcrum Productions LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Robert Klugman, John van Merkensteijn, and Omineca Trust*, Case No. 19-cv-01928-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust, | Edwin Miller and Fulcrum Productions LLC Roth 401(K) Plan |
| 22 | *Skatteforvaltningen v. Green Scale Management LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Routt Capital Trust, Robert Klugman, and Richard Markowitz*, Case No. 19-cv-01926-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Edwin Miller and Green Scale Management LLC Roth 401(K) Plan |
| 23 | *Skatteforvaltningen v. Hadron Industries LLC Roth 401(K) Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01868-LAK (S.D.N.Y.) | Michael Ben-Jacob, Richard Markowitz, and Hadron Industries LLC Roth 401(K) Plan | |
| 24 | *Skatteforvaltningen v. Headsail Manufacturing LLC Roth 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07824-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, and Headsail Manufacturing LLC Roth 401K Plan | |
| 25 | *Skatteforvaltningen v. Keystone Technologies LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, RAK Investment Trust, Robert Klugman, Routt Capital Trust, and Richard Markowitz*, Case No. 19-cv-01929-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Edwin Miller and Keystone Technologies LLC Roth 401(K) Plan |
| 26 | *Skatteforvaltningen v. Limelight Global Productions LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, Robert Klugman, RAK Investment Trust, Omineca Trust, and John van Merkensteijn*, Case No. 19-cv-01803-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Ronald Altbach and Limelight Global Productions LLC Roth 401(K) Plan |

A-4

| | Case Name & Number | Defendants Included in Trial Proposal | Defendants Excluded from Trial Proposal |
|---|---|---|---|
| 27 | *Skatteforvaltningen v. Loggerhead Services LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01806-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Perry Lerner and Loggerhead Services LLC Roth 401(K) Plan |
| 28 | *Skatteforvaltningen v. Michelle Investments Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01906-LAK (S.D.N.Y.) | Richard Markowitz, John van Merkensteijn, and Michelle Investments Pension Plan | |
| 29 | *Skatteforvaltningen v. Monomer Industries LLC Roth 401(K) Plan, Robin Jones, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01801-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Robin Jones and Monomer Industries LLC Roth 401(K) Plan |
| 30 | *Skatteforvaltningen v. Omineca Pension Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01894-LAK (S.D.N.Y.) | Michael Ben-Jacob, John van Merkensteijn, and Omineca Pension Plan | |
| 31 | *Skatteforvaltningen v. PAB Facilities Global LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01808-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Perry Lerner and PAB Facilities Global LLC Roth 401(K) Plan |
| 32 | *Skatteforvaltningen v. Pinax Holdings LLC Roth 401(K) Plan, Robin Jones, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01810-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Robin Jones and Pinax Holdings LLC Roth 401(K) Plan |
| 33 | *Skatteforvaltningen v. Plumrose Industries LLC Roth 401K Plan, Ronald Altbach, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01809-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Ronald Altbach and Plumrose Industries LLC Roth 401K Plan |

| | Case Name & Number | Defendants Included in Trial Proposal | Defendants Excluded from Trial Proposal |
|---|---|---|---|
| 34 | *Skatteforvaltningen v. Raubritter LLC Pension Plan, Adam LaRosa* (previously voluntarily dismissed), *Richard Markowitz, John van Merkensteijn, and Seth Whitaker (as Personal Representative of the Estate of Alexander C. Burns)*, Case No. 18-cv-04833-LAK (S.D.N.Y.) | Richard Markowitz and John van Merkensteijn | Seth Whitaker (as Personal Representative of the Estate of Alexander C. Burns) and Raubritter LLC Pension Plan |
| 35 | *Skatteforvaltningen v. Remece Investments LLC Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01911-LAK (S.D.N.Y.) | Richard Markowitz, John van Merkensteijn, and Remece Investments LLC Pension Plan | |
| 36 | *Skatteforvaltningen v. RJM Capital Pension Plan and Richard Markowitz*, Case No. 19-cv-01898-LAK (S.D.N.Y.) | Richard Markowitz and RJM Capital Pension Plan | |
| 37 | *Skatteforvaltningen v. Roadcraft Technologies LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, and Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01812-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Ronald Altbach and Roadcraft Technologies LLC Roth 401(K) Plan |
| 38 | *Skatteforvaltningen v. Routt Capital Pension Plan, Richard Markowitz, and Michael Ben-Jacob*, Case No. 19-cv-01896-LAK (S.D.N.Y.) | Michael Ben-Jacob, Richard Markowitz, and Routt Capital Pension Plan | |
| 39 | *Skatteforvaltningen v. Starfish Capital Management LLC Roth 401(K) Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01871-LAK (S.D.N.Y.) | Michael Ben-Jacob, John van Merkensteijn, and Starfish Capital Management LLC Roth 401(K) Plan | |
| 40 | *Skatteforvaltningen v. Sternway Logistics LLC Roth 401(K) Plan, Robin Jones, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01813-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Robin Jones and Sternway Logistics LLC Roth 401(K) Plan |

| | Case Name & Number | Defendants Included in Trial Proposal | Defendants Excluded from Trial Proposal |
|---|---|---|---|
| 41 | *Skatteforvaltningen v. Tarvos Pension Plan and John van Merkensteijn*, Case No. 19-cv-01930-LAK (S.D.N.Y.) | John van Merkensteijn and Tarvos Pension Plan | |
| 42 | *Skatteforvaltningen v. Random Holdings 401K Plan, Robert Klugman, and Michael Ben-Jacob*, Case No. 18-cv-07829-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, and Random Holdings 401K Plan | |
| 43 | *Skatteforvaltningen v. The Stor Capital Consulting LLC 401K Plan, Michael Ben-Jacob, and Robert Klugman*, Case No. 18-cv-04434-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, and The Stor Capital Consulting LLC 401K Plan | |
| 44 | *Skatteforvaltningen v. Trailing Edge Productions LLC Roth 401(K) Plan, Perry Lerner, Michael Ben-Jacob, RAK Investment Trust, Richard Markowitz, Robert Klugman, and Routt Capital Trust*, Case No. 19-cv-01815-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, Richard Markowitz, RAK Investment Trust, and Routt Capital Trust | Perry Lerner and Trailing Edge Productions LLC Roth 401(K) Plan |
| 45 | *Skatteforvaltningen v. True Wind Investments LLC Roth 401(K) Plan, Ronald Altbach, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01818-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Ronald Altbach and True Wind Investments LLC Roth 401(K) Plan |
| 46 | *Skatteforvaltningen v. Tumba Systems LLC Roth 401(K) Plan, Edwin Miller, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, and Robert Klugman*, Case No. 19-cv-01931-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | Edwin Miller and Tumba Systems LLC Roth 401(K) Plan |
| 47 | *Skatteforvaltningen v. Vanderlee Technologies Pension Plan, David Zelman, Michael Ben-Jacob, John van Merkensteijn, Omineca Trust, RAK Investment Trust, Robert Klugman, and Vanderlee Technologies Pension Plan Trust*, Case No. 19-cv-01918-LAK (S.D.N.Y.) | Michael Ben-Jacob, Robert Klugman, John van Merkensteijn, Omineca Trust, and RAK Investment Trust | David Zelman, Vanderlee Technologies Pension Plan, and Vanderlee Technologies Pension Plan Trust |

| | Case Name & Number | Defendants Included in Trial Proposal | Defendants Excluded from Trial Proposal |
|---|---|---|---|
| 48 | *Skatteforvaltningen v. Voojo Productions LLC Roth 401(K) Plan, John van Merkensteijn, and Michael Ben-Jacob*, Case No. 19-cv-01873-LAK (S.D.N.Y.) | Michael Ben-Jacob, John van Merkensteijn, and Voojo Productions LLC Roth 401(K) Plan | |
| 49 | *Skatteforvaltningen v. Xiphias LLC Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01924-LAK (S.D.N.Y.) | Richard Markowitz, John van Merkensteijn, and Xiphias LLC Pension Plan | |
| 50 | *Skatteforvaltningen v. John van Merkensteijn, Richard Markowitz, Bernina Pension Plan Trust, RJM Capital Pension Plan Trust, 2321Capital Pension Plan, Bowline Management Pension Plan, California Catalog Company Pension Plan (previously voluntarily dismissed), Clove Pension Plan, Davin Investments Pension Plan, Delvian LLC Pension Plan, DFL Investments Pension Plan, Laegeler Asset Management Pension Plan, Lion Advisory Inc. Pension Plan, Mill River Capital Management Pension Plan, Next Level Pension Plan, Rajan Investments LLC Pension Plan, Spirit on the Water Pension Plan, and Traden Investments Pension Plan*, Case No. 19-cv-10713-LAK (S.D.N.Y.) | Richard Markowitz, John van Merkensteijn, Bernina Pension Plan Trust, and RJM Capital Pension Plan Trust | 2321Capital Pension Plan, Bowline Management Pension Plan, Clove Pension Plan, Davin Investments Pension Plan, Delvian LLC Pension Plan, DFL Investments Pension Plan, Laegeler Asset Management Pension Plan, Lion Advisory Inc. Pension Plan, Mill River Capital Management Pension Plan, Next Level Pension Plan, Rajan Investments LLC Pension Plan, Spirit on the Water Pension Plan, and Traden Investments Pension Plan |
| 51 | *Skatteforvaltningen v. Michael Ben-Jacob*, Case No. 21-cv-05339-LAK (S.D.N.Y.) | Michael Ben-Jacob | |