UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to selected dockets | Master Docket 18-md-02865 (LAK)<br>ECF Case |

**DECLARATION OF FOREIGN LAW OF KASPER BECH PILGAARD**

## **BACKGROUND**

I, the undersigned Kasper Bech Pilgaard, state the following:

1. I have written this legal opinion at the request of certain Defendants in the above-captioned litigation, to be submitted to the United States District Court for the Southern District of New York, in the United States of America, as evidence of Danish law.

2. The opinion rendered herein is a legal opinion on legal matters, which I am entitled to give on the basis of my knowledge of Danish law.

3. My compensation for rendering this opinion has been agreed on a per-hour fee basis. My compensation does not depend in any way on the opinions I have rendered.

4. I have based my legal opinion exclusively on official rules and documents, without regard to any other fact of which I may have been informed by Defendants or any other person.

5. Attached to my declaration are true and correct copies of certain of the Danish laws, regulations, and materials that I have cited herein, and accompanying English translations as needed.

6. A true and correct copy of the Danish Limitation Act is attached hereto as Exhibit 1 and a software-generated English translation of that document is attached hereto as Exhibit 2.

7. A true and correct copy of U 1981.72/2H is attached hereto as Exhibit 3 and a software-generated English translation of that document is attached hereto as Exhibit 4.

8. A true and correct copy of TfS 1988.581 V is attached hereto as Exhibit 5 and a software-generated English translation of that document is attached hereto as Exhibit 6.

9. A true and correct copy of TfS 1997.403 B is attached hereto as Exhibit 7 and a software-generated English translation of that document is attached hereto as Exhibit 8.

1

10. A true and correct copy of TfS 2002.617 is attached hereto as Exhibit 9 and a software-generated English translation of that document is attached hereto as Exhibit 10.

11. I have previously submitted declarations in this case, and incorporate by reference here the portions of my previous declarations setting forth my Expertise.

## LEGAL OPINIONS

### A. Taxation of Derivative Transactions

12. I understand that one of SKAT's experts has taken the position that the pension plan defendants in this case had "in effect, a derivative position." Wade Reply Report, ECF No. 824-111, at 114. I provide here a short statement describing the taxation of derivatives under Danish tax law because I have not previously done so.

13. Gains and losses from derivative transactions are subject to taxation under Danish law. *See* KURSGEVINSTLOVENS § 29. Taxation of derivatives transactions is based on a "separation principle", which means that the taxation of the derivatives contract under the rules of the Danish Capital Gains Act is independent of the rules applicable to the underlying asset. *See* SKAT's Legal Guide section C.B.1.8.1.[1]

### B. Dividend Withholding Tax

14. My declaration of April 27, 2022, describes SKAT's administration of dividend withholding tax. *See* April 27, 2022 Declaration ("Decl."), ECF No. 801 at ¶¶ 131-140. One additional feature worth noting is SKAT's ability to collect additional sums from issuers of dividend paying stock where SKAT determines that the issuer has withheld an insufficient amount to meet its obligations.

---

[1] There are territorial limits on Danish taxation of derivatives contracts. Taxation applies if the party receiving income is fully taxable in Denmark or carries on business from a permanent establishment in Denmark and the financial contract is attributable to the permanent establishment in Denmark. KURSGEVINSTLOVENS § 2 (companies).

15. Thus, Danish issuers are generally required to withhold and pay over to SKAT 27% of each dividend issued. However, there are certain exceptions; as noted in my April 27 Declaration, for example, no withholding is required where the recipient is entitled to receive the dividend without any taxation. *See* Decl. at ¶ 115. However, there may be circumstances where limitations in the information available to an issuer at the time the withholding is paid causes the issuer to overestimate the number of shareholders who are exempt from taxation, and therefore to underpay withholding tax.

16. SKAT at all relevant times has had ample tools to evaluate whether an issuer has withheld the correct amount of tax. For example under section 59 of the Tax Control Act, SKAT may obtain relevant information from both the issuer itself and any financial companies involved.

17. Where SKAT determines that an issuer has under-withheld the tax due on dividends, SKAT at all relevant times had the power (and indeed the obligation) to collect from the issuer whatever additional withholding amounts SKAT determines are due, based on the information available to it.

C. **The Significance Of SKAT's Published Legal Guide**

18. As noted in my April 27 Declaration, SKAT's published Legal Guide states that a "share has been purchased or sold on the date on which a final and binding agreement on purchase or sale is in place." Decl. ¶ 156. Moreover, as I noted there, taxpayers are entitled to rely on SKAT's legal guide. *See id*. note 8. The Legal Guide expresses SKAT's view of current practice and is binding on SKAT's employees, unless clearly inconsistent with higher-ranking sources of law.

\* \* \*

Pursuant to 28 U.S.C. § 1746(1) the undersigned Kasper Bech Pilgaard, state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 24, 2024

_____
Kasper Bech Pilgaard
Copenhagen, Denmark