# Exhibit 2

# Consolidated Act 2015-11-09 no. 1238 on limitation of claims

*(Limitation Act)*

as amended by L 2018-02-28 no. 140 and L 2023-12-12 no. 1553

## Chapter 1

### Scope of the law

§ Claims for money or other benefits are time-barred according to the rules of this Act, unless otherwise provided by special provisions on limitation in other legislation.

## Chapter 2

### The starting point of the limitation periods

**§ 2.** The limitation periods are calculated from the earliest time at which the creditor could demand satisfaction of the claim, unless otherwise provided by other provisions.
*Subsection 2.* If the debtor has been granted grace days or otherwise a time limit within which payment is considered timely, the statute of limitations shall not begin to run until the expiry of the payment deadline.
*Paragraph 3.* For claims arising from breach of contract, the limitation period shall be calculated from the time of the breach.
*Subsection 4.* For claims for damages or compensation for damage caused outside the contractual relationship, the limitation period is calculated from the time when the damage occurred.
*Paragraph 5.* Even if the creditor, due to the debtor's default or pursuant to a special right of termination, could demand performance before an agreed due date, the limitation period is calculated from the agreed due date if the creditor does not exercise this option. If the creditor exercises the option, the limitation period shall be calculated from the time at which performance can then be demanded.

**§ Section 2a.** For claims based on a written agreement on a contribution to a company, the limitation period is calculated at the earliest from the time when the company decides to call in the contribution. Notwithstanding the first sentence, the limitation period shall, however, commence no later than 10 years after the commencement date in accordance with section 2.

## Chapter 3

### The general limitation periods

**§ 3.** The limitation period is 3 years, unless otherwise provided in other provisions.
*Subsection 2.* If the creditor was unaware of the claim or the debtor, the limitation period in subsection (1) shall not begin to run until the day when the creditor became or should have become aware of it.
*Paragraph 3. The statute* of limitations shall commence no later than

1) 30 years after the cessation of the harmful act for claims for damages or compensation for personal injury, cf. however, subsection 4, and for claims for compensation for damage caused by pollution of air, water, soil or subsoil or by disturbances caused by noise, vibrations or the like,

2) 10 years after the termination of the tort/delict for claims for compensation for non-contractual damage not covered by paragraph 1,

3) 10 years after the commencement date in accordance with section 2a for claims based on a written agreement on contribution to a company, and
4) 10 years after the commencement date in accordance with § 2 for other claims.

*Subsection 4.* Subsection 3(1) does not apply to claims for compensation or reimbursement in connection with an occupational disease, cf. section 7 of the Workers' Compensation Act.

*Stk. 5.* Claims for damages or compensation arising from the fact that an administrative authority, cf. section 1(1) and (2) of the Public Administration Act, has disregarded statutory obligations towards a person under the age of 18 in connection with assaults committed against them, shall not be time-barred.

## Chapter 4

## Special limitation periods and additional time limits

§ The limitation period is 5 years for claims based on an agreement on the performance of work as part of an employment relationship**.**
*(2)* Section 3(2) and (3)(4) applies to claims covered by stk. 1.

§ The limitation period is 10 years**,**
1) when a promissory note has been issued for the receivable,
2) when the claim is registered in a central securities depository, or
3) when the existence and amount of the claim has been acknowledged in writing or established by settlement, judgment, demand for payment endorsed by the bailiff or other binding decision.

*Subsection 2.* However, claims for interest, fees and the like due at a later date shall be time-barred in accordance with section 3.

**§ (6)** The limitation period is 10 years for claims under money loans or unauthorized overdrafts on accounts with banks, cf. however subsection (3). *Subsection 2.* If no date has been fixed for repayment of the debt under an overdraft facility or other loan with a variable loan amount, the limitation period is calculated from the latest deposit or withdrawal from the account made by anyone other than the creditor, but at the latest from the date on which the debt was terminated for repayment.

*Paragraph 3.* Claims for interest, fees and the like are time-barred in accordance with section 3. However, such claims are covered by subsections (1) and (2) to the extent that they are attributed within the maximum on a credit.

**§ (7)** For claims under deposits in banks or the like, including accrued interest, the limitation period is 20 years from the most recent deposit, withdrawal, interest accrual or other entry in the account.

**§ (8)** A claim for a pension, annuity, dependency benefit, maintenance or other similar benefit which falls due at certain intervals and is not an installment on a principal sum due and which is based on an agreement or decision shall become time-barred in its entirety after 10 years from the day on which the last benefit was paid or, if no payment has been made, from the day on which the first benefit could be claimed

paid, however, cf. section 25(5). The claims for the individual services are also aged in accordance with sections 2 and 3.

§ For claims against the guardian which accrue to a person under guardianship and which arise from the guardian's breach of his/her obligations as guardian, the limitation periods in section 3(1) and 3 are calculated from the end of the guardianship.

**§ Section 10.** For claims which accrue to a principal against the agent, or which accrue to a company, an association, a foundation or similar against a board member or a director of the company etc, and which arises from the person concerned's breach of his/her obligations in the performance of his/her duties, the limitation period shall not begin to run until three years have elapsed after the termination of the duties or after the earlier date on which the creditor or the person who can otherwise assert the claim on his/her behalf is or should have been aware of the circumstances on which the claim is based.

**§ 11.** When a claim is secured by a guarantee, the limitation period against the guarantor is determined in accordance with the rules that apply to limitation of the claim against the principal debtor.

**§ 12.** If several debtors are jointly and severally liable and one of them has satisfied the claim, the debtor shall be subrogated to the legal position of the creditor with regard to limitation of claims against co-debtors.

*Subsection 2.* If the limitation period is interrupted against one of the debtors, or if one of the debtors at a time when the claim against this debtor was not time-barred has satisfied the claim or granted the creditor an extension of time, a recourse claim against a co-debtor becomes time-barred at the earliest one year after the interruption, satisfaction or granting of an extension of time. If there are several of the events mentioned, the additional period of 1 year shall be calculated from the event that occurs first.

§ The expiry of the limitation period shall not prevent the defendant from being ordered to pay damages or compensation to the aggrieved party in connection with the criminal offense during criminal proceedings in which the defendant is found guilty. Such a claim may also be asserted in a separate action brought within one year of the final judgment in criminal proceedings in which the defendant has been found guilty or within one year of the adoption of a fine or other criminal penalty by the debtor.

**§ 14.** If the creditor has been prevented from interrupting the limitation period due to ignorance of the debtor's whereabouts or due to an obstacle which is not due to the creditor's circumstances, limitation shall begin at the earliest one year after the creditor became or should have become aware of the debtor's whereabouts, respectively one year after the end of the obstacle.

*Subsection 2.* The provision in subsection (1) may not result in an extension of the deadlines under section 3(3) and may not extend other deadlines or additional deadlines by more than 10 years.

## Chapter 5

### Interruption of the statute of limitations

§ The limitation period is interrupted when the debtor acknowledges his obligation to the creditor expressly or by his conduct**.**

§ The limitation period **shall be** interrupted when the creditor takes legal action against the debtor with a view to obtaining a judgment, a demand for payment endorsed by the bailiff's court, an arbitration award or other binding decision establishing the existence and amount of the claim and pursues such action within a reasonable time.

*Subsection 2.* If the claim is asserted in court, the interruption shall be

1) by filing a summons or demand for payment with the court,
2) when the claim is asserted during the legal proceedings, including as a counterclaim,

3) when the claim is asserted for set-off during the legal proceedings, but only to the extent that the claim is covered by the principal claim, or
4) when the debtor submits a summons to the court stating that the claim does not exist.

*Subsection 3.* If it has been agreed that a dispute concerning a claim is to be settled by arbitration or if another special method of settlement is provided for, the termination shall take place when the creditor initiates what must be done on his part to set the proceedings in motion. Paragraph 2(2)-(4) shall apply mutatis mutandis.

**§ Section 17.** The limitation period is interrupted
1) by filing a bankruptcy petition or petition for reorganization proceedings based on the claim,
2) when filing a claim in a bankruptcy estate,
3) upon notification of the claim to the administrator in connection with reconstruction proceedings or upon notification of the claim in connection with the initiation of debt restructuring proceedings,
4) when filing a claim in an estate after the issue of a proclamation and
5) when filing the claim after the debtor has issued a proclamation.

*Subsection 2.* Interruption under subsection 1(1)(1) and (2) shall also have effect in relation to the debtor personally, and interruption under subsection 1(4) shall also have effect in relation to the debtor's heirs.

*Subsection 3.* If, in the cases mentioned in subsection (1)(2)-(5), a proclamation has been issued or the meeting referred to in section 13 of the Bankruptcy Act has been convened before the expiry of the limitation period, limitation will not begin before the expiry of the notification period or the meeting referred to in section 13 of the Bankruptcy Act.

§ The limitation period is interrupted by filing a request for attachment if the creditor seeks to advance the business within a reasonable time**.**

*Subsection 2.* If attachment is made by a bailiff, the limitation period is interrupted when the attachment is made.

*Stk. 3.* The provision in subsection (1) shall apply mutatis mutandis to
1) Submission of a request to the bailiff court for the execution of an attachment,
2) submitting a claim to the bailiff court for a share in auction proceeds and
3) Submitting an application to the enforcement court for the repossession of a movable object sold with retention of title.

*Subsection 4.* The limitation period is interrupted when the debt collection authority notifies the debtor of the decision to withhold wages

etc. or set-off.

§ When the limitation period is interrupted, a new limitation period, the length of which is determined in accordance with the rules of this Act, shall run from the time stipulated in subsections 2-6**.**

*Subsection 2.* If the interruption occurs when the debtor acknowledges the obligation, the new limitation period is calculated from the date of the acknowledgement.

*Subsection 3.* If the interruption is caused by legal action as mentioned in section 16, the new time limit shall be calculated from the day on which a legal settlement is reached, a judgment is given, a demand for payment is endorsed by the bailiff court or another decision is made.

*Subsection 4.* If the claim is recognized in a bankruptcy estate or estate of the deceased or in an approved composition or debt relief order, the new deadline is calculated from the closing of the estate, the approval of the composition or the debt relief order.

*Subsection 5.* If the claim is recognized after notification as mentioned in section 17(1)(5), the new limitation period is calculated from the date of recognition.

*Subsection 6.* If the interruption occurs by filing a request for attachment etc., cf. section 18(1)-(3), the new limitation period is calculated from the bailiff's request.

or auction or, where arrest is pursued by bringing an action for justification, in accordance with the rule in subsection (3). If the limitation period is interrupted by notification of a decision to withhold wages, see section 18(4), the new limitation period is calculated from the time when the decision is made that the withholding of wages ceases, or at the latest from the time when the withholding of wages has been suspended for 1 year. If the limitation period is interrupted by notification of a decision on set-off, see section 18(4), the new limitation period is calculated from the day when the decision on set-off is made.

*Paragraph 7.* If the interruption occurs by filing a request for attachment of a claim as mentioned in section 5, a new limitation period of 10 years also applies to the costs and undue interest calculated during the enforcement proceedings.

## Chapter 6

### Provisional interruption of the statute of limitations

**§ 20.** If the creditor has taken legal action as mentioned in § 16 before the expiry of the limitation period, but this does not lead to a settlement or a decision on the merits, the limitation period shall not begin to run until one year after the creditor has been notified that the case is closed. If the creditor has not received such notification within a reasonable time, the time limit shall be calculated from the time when the creditor became aware of the matter or should have sought information about it.

*Subsection 2.* The creditor may not invoke paragraph 1 if

1) the legal action obviously could not lead to a decision on the merits,
2) the claimant withdraws the case even though a decision on the merits could have been reached; or
3) it is due to the creditor's choice when submitting a demand for payment to the enforcement court that a decision on the merits is not taken.

*Stk. 3.* The provisions in subsections (1) and (2) apply correspondingly if the debtor, before the expiry of the limitation period, has filed for bankruptcy without a bankruptcy order having been issued, has filed for reconstruction proceedings without reconstruction proceedings having been initiated, or has initiated proceedings as mentioned in section 18 without a bailiff service or auction having been held.

*Subsection 4.* If, before the expiry of the limitation period, cf. section 17(3), the claim is reported in a bankruptcy or estate, but is not recognized, the claim against the debtor personally or his heirs shall lapse at the earliest 1 year after the notification of the decision to reject the claim or, if such a decision is not made, after the end of the estate. The same applies when, before the expiry of the limitation period, a claim is reported in connection with the initiation of debt relief proceedings, reported in connection with a summons as mentioned in section 17(1)(5) or reported to the restructuring administrator in connection with restructuring proceedings.

§ If, before the expiry of the limitation period, legal or arbitration proceedings have been brought by or against the creditor concerning the basis of the claim, limitation shall not commence until one year after the final decision in the case. *Subsection 2.* If a case concerning the existence or amount of the claim or a case which is decisive in this respect is brought before an administrative authority before the expiry of the limitation period, the limitation period begins at the earliest 1 year after the authority has notified its decision. This applies regardless of whether the claim is asserted by the person who brought the case or by the other party, including the public authorities. If the case is brought before a higher administrative authority or the Danish Parliamentary Ombudsman within the statutory time limit or otherwise within a reasonable time, the time limit of one year is calculated from the notification of the authority's decision or the Ombudsman's conclusion of the case.

*Subsection 3*. If a dispute is brought before a private complaints board, appeals board or similar before the expiry of the limitation period, subsection (2), first and second sentences, applies accordingly.

*Subsection 4*. If, before the expiry of the limitation period, a request has been made in accordance with the rules of the Danish Administration of Justice Act or on the basis of the parties' prior agreement for an expert opinion to be held outside court or arbitration proceedings concerning matters of importance to the existence or amount of the claim, or if the parties have agreed on this before the expiry of the limitation period, the limitation period will begin at the earliest one year after the conclusion of the expert opinion.

*Subsection 5*. If negotiations concerning the claim between the debtor and the creditor have been initiated before the expiry of the limitation period, possibly with the assistance of an independent third party, the limitation period shall commence no earlier than one year after the time when the negotiations are deemed to have been completed.

**§ 22. If** several debtors are jointly and severally liable for the claim, and if the claimant before the expiry of the limitation periods has initiated legal proceedings as mentioned in section 16 or section 21(1) against one of the debtors and notified the others in writing of the proceedings and invited them to protect their interests during the proceedings, the claim against the other debtors shall lapse at the earliest one year after the proceedings have been concluded by settlement, judgment or otherwise.

*Subsection 2*. The same rules apply when the claim is dependent on a legal action brought by or against the creditor.

## Chapter 7

### The effects of obsolescence

§ By limitation, the creditor loses his right to demand performance**.**

*Paragraph 2*. Upon expiry of the principal claim, claims for interest and similar payments also lapse.

§ Irrespective of the limitation of the claim, the creditor retains the agreed right of set-off and right of set-off against claims arising from the same legal relationship and which arose before the limitation period began.

§ If a claim becomes time-barred, the right to enforce the claim in mortgage or attachment of the debtor's property also lapses, but see subsection (2)**.**

*Paragraph 2*. Regardless of the limitation of the claim, the right to enforcement of a mortgage on the debtor's property is preserved in the case of

1) mortgage for the principal amount of a registered mortgage deed in real estate for a certain specified sum,
2) a mortgage, other than a mortgage on a mortgage deed, or
3) a mortgage on real property that the mortgagee has taken over for use before the claim becomes time-barred.

*Paragraph 3*. The right of retention is not affected by the limitation of the claim. *Stk. 4*. A seller's retention of title in delivered movable property lapses upon expiry of the claim for the purchase price.

*Subsection 5*. When a right rests on real property as a basic burden, only the individual payments due are subject to limitation.

## Chapter 8

### Deviability from the law etc.

§ The Act cannot be derogated from by prior agreement to the detriment of the debtor**.**

*Paragraph 2*. Nor may the law be derogated from by prior agreement to the detriment of a creditor (consumer) when the creditor acts mainly outside his profession and the debtor is a trader acting in the course of his profession.

*Stk. 3*. The trader bears the burden of proof that a contract concluded by the trader is not covered by paragraph 2.

*Subsection 4*. The provision in subsection (2) does not apply when a document has been issued for the claim and the debtor is discharged by making payment to the person holding the document.

§ The day of the month corresponding to the day from which the time limit is calculated shall be included in the time limits under this Act**.** In the absence of a corresponding day, the deadline expires on the last day of the month.

*Paragraph 2*. If a deadline expires on a weekend, public holiday, Constitution day, December 24 or 31, the deadline will be extended to the next working day.

§ Where special limitation periods or other special provisions on limitation are laid down in other legislation, the provisions of this Act shall apply to the extent that nothing else follows from the other legislation or from the special nature of the matter.

## Chapter 9

**Entry into force etc.**

**§ Section 29.** The Act enters into force on January 1, 2008.

*Stk. 2*. From the entry into force of the Act, Danish Act 5-14-4 and Act no. 274 of December 22, 1908 on limitation of certain claims are repealed, cf. however, section 30(1).

§ The Act shall also apply to previously established claims which are not time-barred before the date of entry into force according to the previous rules, cf. however, subsections (2) and (4). However, the limitation period shall commence on January 1, 2011 at the earliest, unless the claim would have been time-barred before that date under the provisions of this Act as well as under the previously applicable provisions. In the latter case, the latest date of commencement of the limitation period shall apply.

*Paragraph 2*. However, until December 31, 2017, the time limit under section 3(3)(4) of the Act is 20 years after the date of the creation of the claim for claims for a proportional reduction in the purchase price of real estate due to soil contamination.

*Subsection 3*. Interruption of the statute of limitations that took place before the Act entered into force shall have the same effect as interruption under this Act, even if it has not taken place in the manner prescribed by the Act.

*Subsection 4*. Section 26(2) of the Act shall only apply to agreements entered into or extended after the entry into force of the Act.

§ The Act does not apply to the Faroe Islands and Greenland, but may by royal decree be brought into force for these parts of the country with the deviations required by the special Faroese and Greenlandic conditions**.**

**(1)** Act No. 140 of February 28, 2018 amending the Criminal Code, the Act on Limitation of Claims, the Act on Liability for Damages and the Act on State Compensation to Victims of Crime (Repeal of limitation periods for the offender's criminal liability in cases of child sexual abuse and for claims for damages against administrative authorities for failure in cases of child abuse, increase of the level of tort compensation for sexual violations and repeal of the 72-hour rule in cases of rape, incest and child sexual abuse etc,) if section 2 inserts section 3(5) and amends section 4(2) and section 30(2), contains the following entry into force provisions:

**§ 5.**

*Paragraph 1*. The Act enters into force on April 1, 2018.

*Stk. 2.* ---.

*(3)* Section 2(1) shall also apply to claims that are time-barred before the entry into force of the Act.

Paragraphs 4-5 ---.

Copyright © 2024 Karnov Group Denmark A/S