# Exhibit 3

**U.1981.72/2H**

**H. D. 19. december 1980 i sag I 367/1979**

*Direktoratet for Toldvæsenet (km.adv. v/ adv. Skov Knudsen)*
mod
*gårdejer, statsautoriseret ejendomsmægler Thorkild Bjerregaard (hrs. Strøjer, e.o.).*

*Afgifter 5 - Pengevæsen m.v. 58.3.*
***Urigtigt fradragne beløb i momsregnskab medførte ikke, at forældelsen ansås for udsat efter 1908-lovens § 3.***

♦ De efter momsloven afgiftspligtige angiver til toldvæsenet tilsvaret af merværdiafgift som differencen mellem et samlet tal for afgift af salg og for afgift af køb. Ved et kontroleftersyn i marts 1978 hos en gårdejer, der tillige var statsaut. ejendomsmægler, hvilken sidste virksomhed efter de dagældende regler ikke var underkastet merværdiafgift, konstateredes det, at der i afgiften bl.a. for halvåret 1. august 1972-31. januar 1973, som forfaldt den 1. juli 1973, var fradraget et beløb, som vedrørte ejendomsmæglervirksomheden. Udlæg foretoges i december 1978. Kravet på afgift af det urigtigt fradragne beløb ansås forældet, idet forældelsen ikke ansås udsat i medfør af 1908-lovens § 3 (dissens). [1]

## Byretten

### 73
### *Grindsted fogedrets kendelse 22. februar 1979.*

Under en af Vejle Distriktstoldkammer hos gårdejer Thorkild Bjerregaard, Givskud, Jelling, den 18. december 1978 foretagen udlægsforretning, hvorunder der for et momstilsvar på 8.357,00 kr. incl. renter blev foretaget udlæg i 1 stk. stereoanlæg, 1 stk. radio og to højttalere samt i ejendommen matr. nr. 3-a og 18-e Givskud by og sogn, protesterede rekvisitus mod forretningens fremme, idet han gjorde gældende, at han ikke skyldte beløbet, subsidiært at en del af det, fra regnskabsåret sluttet 31.7.1973, var forældet.

Sagen er herefter i medfør af § 6 i lov om fremgangsmåden ved inddrivelse af skatter og afgifter m.v. indbragt for fogedretten.

Det fremgår af sagen, at rekvisitus driver momsregistreret landbrugsvirksomhed samt ikke registreret ejendomsmæglervirksomhed. I perioden 1. august 1972 til 31. januar 1973 har rekvisitus i landbrugsvirksomhedens regnskab som indgående afgift medregnet 7.626,00 kr., der vedrører annonceudgifter i ejendomsmæglervirksomheden, hvilket er i strid med merværdiafgiftslovens § 16, stk. 1. Toldvæsenet blev opmærksom på fejlen under en revision af rekvisiti regnskaber i 1977.

Rekvisitus har til støtte for sine indsigelser nærmere gjort gældende, at han var i god tro med hensyn til fradragene for de af efteropkrævningen omhandlede annonceudgifter. Fradragene var sket efter gammel praksis og i fuld åbenhed, hvorefter han ikke nu kan være pligtig at betale tilsvaret. Om sin subsidiære påstand har han anført, at i hvert fald en del af kravet må være forældet efter den almindelige 5-årige forældelsesregel.

Toldvæsenet har heroverfor anført, at god tro med hensyn til fejl i momsregnskabet ikke fritager for betaling af et tilsvar. Vedrørende forældelsesfristens begyndelsestidspunkt har toldvæsenet gjort gældende, at fristen må løbe fra det tidspunkt, da fejlen blev opdaget i 1977, idet toldvæsenet ikke tidligere har set rekvisiti regnskaber og derfor ikke kunne være blevet opmærksom på kravet.

### **Fogedretten skal udtale:**

Uanset rekvisiti gode tro med hensyn til fejlene i momsregnskabet for landbrugsvirksomheden findes han i medfør af momslovens § 34 pligtig at tilsvare toldvæsenet det unddragne beløb. Da toldvæsenet først under en ekstraordinær revision af rekvisiti regnskaber i 1977, hvorved bemærkes, at toldvæsenet normalt ikke reviderer momsregistreredes regnskaber, blev opmærksom på de pågældende fejl i regnskabet og altså først fra dette tidspunkt blev i stand til at kræve sit momstilsvar betalt, findes en forældelsesfrist vedrørende momstilsvaret først at kunne regnes fra dette tidspunkt, hvorfor ingen del af kravet er forældet.

## Vestre Landsret

### *Vestre Landsrets dom 15. juni 1979 (4. afd.)*

(Gjesingfelt, Rørdam og Hans Bendsen (kst.))

ben indankede kendelse er afsagt den 22. februar 1979 af retten i Grindsted.

For landsretten har appellanten, gårdejer, statsaut. ejendomsmægler Thorkild Bjerregaard, gentaget sin i første instans nedlagte påstand om, at forretningen nægtes fremme, medens indstævnte, Vejle Distriktstoldkammer, har påstået kendelsen stadfæstet.

Parterne har begge gentaget deres procedure for fogedretten.

Det er oplyst, at toldvæsenet først i februar-marts 1978 opdagede fejlen i appellantens regnskaber. Det er endvidere oplyst, at de lokale toldmyndigheder efter instruks fra tolddepartementet tilstræber hvert 5. år at indkalde og gennemse de momsregistrerede virksomheders regnskaber for de forudgående 5 år, men at der undertiden går længere tid mellem disse eftersyn.

Da toldmyndighederne har haft mulighed for at konstatere de ved regnskabsaflæggelsen for året 1. august 1972 til 31. juli 1973 begåede fejl inden den 18. december 1973, findes efterbetalingskravet for dette regnskabsår at være forældet, uden at det kan tillægges betydning, at toldmyndighederne af administrative grunde har tilrettelagt sin sagsbehandling på en sådan måde, at man først i 1978 rent faktisk fik kendskab til de forhold, hvorpå kravet støttes. Det tiltrædes derimod, at indstævnte ikke i øvrigt er afskåret fra at gøre afgiftskravet gældende, og med den af det anførte følgende ændring stadfæster landsretten herefter kendelsen.

Ingen af parterne betaler sagsomkostninger for landsretten til den anden part.

## Højesteret

### **Højesterets dom.**

Den i denne sag af Vestre Landsret afsagte dom er med Justitsministeriets tilladelse indanket for Højesteret.

I pådømmelsen har deltaget fem dommere: Urne, Torben Jensen, Bangert, Munch og Kiil.

For Højesteret har appellanten principalt påstået

### 74

---

**1** Jfr. U.1935.715 H (TfR 1936.359), U.1963.377 H (U1963B.246), U.1968.240 H og U.1972.985 H (U1973B.173) samt Bastholm og Rugh: Momsloven s. 217, Ussing: Obligationsret, alm. del, 4. udg. s. 408, Gomard: Obligationsretten i en nøddeskal, 3, s. 382 ff, Tliøger Nielsen: Indkomstbeskatning I s. 130 ff, Bjørn, Hulgaard og Michelsen: Lærebog om indkomstskat, 3. udg., s. 605 f, Hartvig Jacobsen: Skatteretten s. 354 ff, Hinze: Skatteprocessen, 4. udg. s. 202, Lauesen i U1980B.109 ff og 1961/62 A sp. 1372.

Copyright © 2021 Karnov Group Denmark A/S

stadfæstelse af fogedrettens kendelse. Subsidiært påstås landsrettens dom stadfæstet med den ændring, at kun afgiftstilsvaret for perioden 1. august 1972 til 31. januar 1973, i alt 481 kr. 38 øre, anses forældet.

Indstævnte har påstået frifindelse over for appellantens principale påstand, men har taget bekræftende til genmæle over for den subsidiære påstand.

Der er således enighed mellem parterne om, at ingen del af kravet for afgiftsperioder fra og med den 1. februar 1973 kan anses forældet, idet krav for disse perioder tidligst forfaldt til betaling den 1. januar 1974, jfr. § 28, stk. 3, i loven om almindelig omsætningsafgift, og en eventuelt løbende forældelse blev afbrudt ved udlæggets foretagelse den 18. december 1978.

**Tre dommere - Torben Jensen, Bangert og Kiil udtaler:**
Efter loven om almindelig omsætningsafgift berigtiges afgiften på grundlag af virksomhedens summariske angivelse af størrelsen af udgående og indgående afgift i den pågældende afgiftsperiode, og krav om betaling af yderligere afgift som følge af fejl i angivelserne vil normalt forudsætte, at der af toldvæsenet foretages kontrol af det til grund for angivelserne liggende regnskabsmateriale, der efter lovens § 19 kun skal opbevares i 5 år efter regnskabsårets udgang. Med denne bemærkning og i øvrigt i henhold til de i dommen anførte grunde tiltrædes det, at begyndelsestidspunktet for forældelse af toldvæsenets krav ikke i medfør af forældelsesloven af 1908 § 3 har været udsat, indtil toldvæsenet blev klar over fejlen. Herefter er den del af kravet, som vedrører afgiftsperioden fra 1. august 1972 til 31. januar 1973, i alt 481 kr. 38 øre, forældet. Disse dommere stemmer herefter for at tage appellantens subsidiære påstand til følge. De stemmer endvidere for at ophæve sagens omkostninger for Højesteret, hvorved bemærkes, at indstævnte også for Højesteret har haft fri proces.

**Dommerne Urne og Munch udtaler:**
Det er ubestridt, at afgiftsmyndighederne ikke før virksomhedskontrollen den 10. marts 1978 blev bekendt med, at der forelå et afgiftstilsvar som følge af, at indstævnte fejlagtigt havde opgivet indgående afgift for højt for perioden 1. august 1972 til 31. januar 1973. Toldvæsenet havde ikke grund til at formode, at angivelsen var urigtig. Idet der ikke er fastsat regler, der pålægger toldvæsenet inden for visse frister at foretage virksomhedskontrol, finder disse dommere, at uvidenheden om kravet har været toldvæsenet utilregnelig, jfr. 1908-lovens § 3. De stemmer derfor for at stadfæste fogedrettens kendelse.

Der vil være at give dom efter stemmeflertallet.

## Thi kendes for ret:

*Landsrenens dom bør ved magt at stande, dog at kun afgiftstilsvaret for perioden fra 1. august 1972 til 31. januar 1973, stort 481 kr. 38 øre, anses forældet.*

*Ingen af parterne betaler sagsomkostninger for Højesteret til den anden part eller til statskassen.* [2]

---

2   Salær til den for indstævnte beskikkede advokat 4.000 kr.