# Exhibit 4

U.1981.72/2H

**H. D. December 19, 1980 in case I 367/1979**

*Directorate of Customs (km.adv. v/ adv. Skov Knudsen)*
mod
*farmer, state-authorized real estate agent Thorkild Bjerregaard (Mr. Strøjer, n.d.).*

*Taxes 5 - Monetary system etc. 58.3.*
**Incorrectly deducted amounts in VAT accounts did not mean that the statute of limitations was considered postponed under section 3 of the 1908 Act.**

- ♦ The taxable persons under the VAT Act declare to customs the equivalent of value added tax as the difference between a total figure for tax on sales and tax on purchases. During a control inspection in March 1978 at a farm owner who was also a state-authorized real estate agent. estate agent, which latter activity was not subject to value added tax under the rules in force at the time, it was found that an amount relating to the estate agency business had been deducted from the tax for the half-year from August 1, 1972 to January 31, 1973, which fell due on July 1, 1973. The attachment was made in December 1978. The claim for tax on the amount incorrectly deducted was considered time-barred, as the limitation period was not considered to be suspended pursuant to section 3 of the 1908 Act (dissent). [1]

## City Courts

### 73

*Grindsted bailiff's order February 22, 1979.*

During an attachment procedure carried out by Vejle District Customs Chamber at the farm owner Thorkild Bjerregaard, Givskud, Jelling, on December 18, 1978, during which an attachment was made for a VAT response of DKK 8,357.00 incl. interest in 1 stereo system, 1 radio, two loudspeakers and the property registered under no. 3-a and 18-e Givskud town and parish. radio and two loudspeakers as well as in the property matr. no. 3-a and 18-e Givskud town and parish, the petitioner protested against the attachment, claiming that he did not owe the amount, alternatively that part of the amount was time-barred from the financial year ended 31.7.1973.

Pursuant to section 6 of the Act on the procedure for the collection of taxes and duties etc. the case was then brought before the bailiff court.

It appears from the case that the petitioner operates a VAT-registered agricultural business and an unregistered real estate agency business. In the period August 1, 1972 to January 31, 1973, the petitioner has included DKK 7,626.00 as input tax in the accounts of the agricultural business, which relates to advertising expenses in the real estate agency business, which is contrary to section 16(1) of the Value Added Tax Act. Customs became aware of the error during an audit of requisition accounts in 1977.

In support of its objections, the Respondent has argued that it was in good faith with regard to the deductions for the advertising expenses referred to in the additional charge. The deductions had been made in accordance with long-standing practice and in full transparency, after which he cannot now be obliged to pay the corresponding amount. Regarding his alternative claim, he has stated that at least part of the claim must be time-barred according to the general 5-year limitation rule.

Customs has argued that good faith with regard to errors in the VAT accounts does not exempt from payment of a corresponding amount. Regarding the starting point of the limitation period, Customs has argued that the period must run from the time when the error was discovered in 1977, as Customs has not previously seen the requisite accounts and therefore could not have become aware of the claim.

### The bailiff must pronounce:

Regardless of rekvisiti's good faith with regard to the errors in the VAT accounts for the agricultural business, he is found in accordance with the VAT Act §

34 obliged to reimburse customs for the amount evaded. Since customs only became aware of the errors in the accounts in question during an extraordinary audit of the accounts in 1977, whereby it should be noted that customs does not normally audit the accounts of VAT-registered persons, and thus only from that time became able to demand payment of its VAT liability, a limitation period regarding the VAT liability can only be calculated from that time, which is why no part of the claim is time-barred.

## Western High Court

### *Judgment of the Western High Court, June 15, 1979 (4th department)*

(Gjesingfelt, Rørdam and Hans Bendsen (deputy))

The appealed order was issued on February 22, 1979 by the court in Grindsted.

Before the High Court, the appellant, farm owner, statsaut. estate agent Thorkild Bjerregaard, repeated his claim made in the first instance that the transaction be refused, while the respondent, Vejle District Customs Chamber, claimed that the order be upheld.

Both parties have repeated their proceedings before the enforcement court. It is stated that the customs authorities did not discover the error in the appellant's accounts until February-March 1978. It is further stated that the local customs authorities, following instructions from the Customs Department, endeavor every 5 years to summon and examine the VAT registered companies' accounts for the previous 5 years, but that sometimes there is a longer period between these inspections.

Since the customs authorities have had the opportunity to establish the errors committed in the presentation of the accounts for the year 1 August 1972 to 31 July 1973 before 18 December 1973, the back payment claim for this financial year is found to be time-barred, without any significance being attached to the fact that the customs authorities for administrative reasons have organized their case processing in such a way that they did not actually become aware of the facts on which the claim is based until 1978. However, it is accepted that the respondent is not otherwise precluded from asserting the tax claim, and with the following amendment, the High Court upholds the order.

Neither party shall pay the other party's legal costs before the High Court.

## Supreme Court

### Supreme Court ruling.

With the permission of the Ministry of Justice, the judgment handed down by the Western High Court in this case has been appealed to the Supreme Court.

Five judges participated in the adjudication: Urne, Torben Jensen, Bangert, Munch and Kiil.

Before the Supreme Court, the appellant has principally claimed

74

---

**1** See U.1935.715 H (TfR 1936.359), U.1963.377 H (U1963B.246), U.1968.240 H and U.1972.985 H (U1973B.173) and Bastholm and Rugh: Momsloven p. 217, Ussing: Obligationsret, alm. del, 4th ed. p. 408, Gomard: Obligationsretten i en nøddeskal, 3, p. 382 ff, Tliøger Nielsen: Indkomstbeskatning I p. 130 ff, Bjørn, Hulgaard og Michelsen: Lærebog om indkomstskat, 3rd edition, p. 605 f, Hartvig Jacobsen: Skatteretten p. 354 ff, Hinze: Skatteprocessen, 4th edition p. 202, Lauesen in U1980B.109 ff and 1961/62 A sp. 1372.

confirmation of the order of the bailiff court. In the alternative, the High Court's judgment is upheld with the amendment that only the tax liability for the period
August 1, 1972 to January 31, 1973, a total of DKK 481.38 øre, is considered obsolete.

The respondent has claimed acquittal of the appellant's main claim, but has responded in the affirmative to the alternative claim.

Thus, the parties agree that no part of the claim for tax periods from and including February 1, 1973 can be considered time-barred, as claims for these periods fell due for payment on January 1, 1974 at the earliest, cf. section 28(3) of the General Sales Tax Act, and any current limitation period was interrupted by the posting on December 18, 1978.

**Three judges - Torben Jensen, Bangert and Kiil says:**
According to the General Sales Tax Act, the tax is corrected on the basis of the company's summary declaration of the amount of outgoing and incoming tax in the tax period in question, and claims for payment of additional tax as a result of errors in the declarations will normally require the customs authorities to check the accounting material on which the declarations are based, which according to section 19 of the Act must only be kept for 5 years after the end of the financial year. With this remark and for the reasons stated in the judgment, it is accepted that the commencement of the limitation period for the customs claim has not been postponed under section 3 of the Limitation Act of 1908 until the customs became aware of the error. Accordingly, the part of the claim relating to the tax period from August 1, 1972 to January 31, 1973, a total of DKK 481.38 øre, is time-barred. These judges then vote to uphold the appellant's alternative claim. They also vote to cancel the costs of the case before the Supreme Court, whereby it is noted that the respondent has also had free legal representation before the Supreme Court.

**Judges Urne and Munch say:**
It is undisputed that the tax authorities did not become aware before the company inspection on March 10, 1978 that there was a tax liability as a result of the respondent's erroneous overstatement of input tax for the period August 1, 1972 to January 31, 1973. Customs had no reason to suspect that the declaration was incorrect. As no rules have been laid down requiring Customs to carry out business control within certain time limits, these judges find that ignorance of the claim has been imputable to Customs, cf. section 3 of the 1908 Act. Therefore, they vote to uphold the order of the enforcement court.

There will be to give judgment according to the majority of votes.

## For it is known to be right:

*The High Court's judgment should stand, however, only the tax liability for the period from August 1, 1972 to January 31, 1973, amounting to DKK 481.38 øre, is considered time-barred.*

*Neither party will pay the costs of the Supreme Court proceedings to the other party or to the state treasury.* [2]

---

**2**    Fees to the lawyer appointed for the respondent DKK 4,000.