# Exhibit 7

BR1997.1021/94
TfS 1997, 403

**Københavns byrets dom af 13. februar 1997, j nr. 1021/94**

*Skatteministeriet Told og Skattestyrelsen v/Kammeradvokaten v/advokatfuldmægtig Tom Holsøe 2100 København Ø*
mod
*Dansk Landbrugsrealkreditfond, v/ advokat Preben Thomassen Nyrupsgade 21, 1602 København V*

*Momspligt - brugspanteforhold - utilregnelig uvidenhed*

- Sagen drejede sig om, hvorvidt en realkreditfond reelt var brugspantehaver i en periode i 1984 og hæftede for moms, samt om myndighederne havde været i utilregnelig uvidenhed om momspligten og først var i stand til at gøre kravet gældende i 1992. Realkreditfonden fandtes ikke at have opgivet brugspanteforholdet, og da de stedlige myndigheder i 1984 var orienteret om forholdet, burde de have undersøgt forholdet. Den sagsøgte realkreditfond blev frifundet.

- Den sagsøgte realkreditfond overtog i 1983 en ejendom til brugeligt pant, men overlod administrationen til en advokat, efter at der var åbnet tvangsakkord for skyldneren. Realkreditfonden afmeldte formelt brugspanteforholdet til toldmyndigheden 1/7 1984. Sagen drejede sig om spørgsmålet, om realkreditfonden reelt var brugspanthaver i perioden januar-juni 1984 og hæftede for moms i perioden, samt om toldmyndigheden var i utilregnelig uvidenhed om realkreditfondens momspligt og først var i stand til at gøre kravet gældende fra 1992. Retten fandt, at realkreditfonden ikke havde opgivet brugspanteforholdet og således var momspligtig. Da det stedlige toldkammer imidlertid i 1984 var blevet orienteret om, at brugspanteretten fortsatte, burde toldmyndigheden den gang have undersøgt forholdet nærmere, og den sagsøgte realkreditfond blev frifundet.

## Byretten

Under denne sag, hvor dommen i henhold til retsplejelovens § 366a, stk. 2, affattes uden fuldstændig sagsfremstilling, har sagsøgeren, Skatteministeriet Told og Skattestyrelsen, påstået sagsøgte, Dansk Landbrugsrealkreditfond, dømt til at betale 52.430 kr. med tillæg af renter 1,3% pr. påbegyndt måned af 26.215 kr. fra den 1. december 1984 og af 26.215 kr. fra den 1. marts 1985.

Sagsøgte har påstået frifindelse.

Påstande vedrører momstilsvar for perioden 1. januar 1984 til den 30. juni 1984. Parterne er enige om beløbets størrelse. Parterne er der imod ikke enige, om sagsøgte var brugspantehaver i den omhandlede periode og derfor hæfter for kravet, og om kravet i så fald er forældet.

Gårdejer Bent Mylin's ejendom blev taget til brugelig pant den 16. juni 1983 af sagsøgte. Skifteretten åbnede tvangsakkord for skylderen den 15. september 1983, og sagsøgte afmeldte brugspanteforholdet formelt over for sagsøger omkring den 1. juli 1984.

Sagsøger har til støtte for påstanden gjort gældende, at sagsøgte var brugspantehaver i først halvdel af 1984. Selvom advokat Hans Sylvestersen blev beskikket som tilsyn for Bent Mylin i november 1983 har sagsøgte reelt bevaret brugspanteforholdet, hvilket sagsøgte har tilkendegivet såvel over for advokat Hans Sylvestersen som advokat Karl Henning Johansen, der varetog sagsøgtes interesser på stedet. Sagsøgte tilkendegav i skrivelser af 7. oktober 1983, at man ikke for nærværende ønskede formelt at opgive brugspanteforholdet. I skrivelse af 15. marts 1984 tilkendegav sagsøgte1 at man først ville være indstillet på at bringe brugspanteforholdet til ophør, når sagsøgte var blevet fyldestgjort. Sagsøgte havde således ikke reelt fralagt sig brugspanteforholdet, og det har ingen betydning for nærværende sag, at sagsøgte reelt var indforstået med, at Hans Sylvestersen administrerede ejendommen. Administrationen af ejendommen skete i sagsøgtes interesse, og sagsøgte kunne når som helst overtage ejendommen som brugspantehaver.

Sagsøger har til støtte for påstanden om, at kravet ikke er forældet anført, at sagsøger har været i utilregnelig uvidenhed om, at sagsøgte var momspligtig i perioden, og at sagsøger først i januar 1992 var i stand til at gøre kravet gældende over for sagsøgte. Forældelsen har derfor været suspenderet indtil januar 1992. Sagsøger fik, som det fremgår ovenfor tvetydige svar fra Bent Mylins rådgivere og sagsøgtes advokat.

Sagsøgte har til støtte for påstande om, at sagsøgte ikke var brugspanthaver i foråret 1984 anført, at sagsøgte reelt fralagde sig det etablerede brugspantforhold med virkning fra den 26. september 1983, hvor man overlod administrationen ejendommen til advokat Hans Sylvestersen. Dette fremgår ligeledes af brevvekslingen mellem advokat Hans Sylvestersen og sagsøgtes advokat på stedet Hans Jakob Hansen. Mellem advokat Hans Sylvestersen og advokat Carl Henning Johansen var det drøftet, at advokat Hans Sylvestersen skulle overtage ansvaret for driften af Bent Mylins ejendom, hvorved brugspanteforholdet reelt blev ophævet. I den anledning tilskrev advokat Karl Henning Johansen ved skrivelse af 30. september 1983 sagsøgte, og af skrivelsen fremgår blandt andet, at "han (Sylvestersen) ønsker at DLR skal fravige brugspanteforholdet mod at han indestår for, at der ud af beløbet henstående hos ham ikke betales anden gæld, forinden DLR's restance er betalt. Jeg hører gerne om de vil anse denne "indståelse" for tilstrækkelig til opgivelse af brugspanteforholdet. Min opfattelse er at såfremt advokat Sylvestersen har pengene, kan han jo lige så godt betale". Sagsøgte overlod herefter administrationen af Bent Mylins ejendom til tilsynet under betalingsstandsningen, hvilket blandt andet fremgår af advokat Karl Henning Johansens skrivelse af 11. oktober 1983 til Celebrity slagterierne om, at afregning for slagtning af dyr frem over skulle ske over for advokat Sylvestersen Ribe. Formelt blev brugspanteforholdet ikke af sluttet overfor fogedretten i Tønder med skriftlig meddelelse herom, men dette var heller ikke noget krav efter de daværende regler.

Måtte sagsøgte anses for pligtig at skulle tilsvare moms i perioden 1. januar til 30. juni 1984, er kravet forældet. Sagsøger anmodede ved skrivelse af 4. maj 1984 sagsøgte om at fremkomme med en redegørelse for, hvorfor brugspanteforholdet fortsat blev opretholdt. Sagsøger modtog en redegørelse herfor ved skrivelse af 7. maj 1984. Sagsøger har således allerede den 4. maj 1984 været opmærksom på, at der kunne foreligge et brugspanteforhold, der ikke var afmeldt af sagsøgte. Dette svar sammenholdt advokat Karl Henning Johansens skrivelse af 6. juli 1984, hvor han meddelte, at brugspanteforholdet nu var endelig ophørt burde have givet sagsøger anledning til at undersøge forholdet nærmere.

Under sagen er der afgivet forklaring af advokat Karl Henning Johansen. Karl Henning Johansen har blandt andet forklaret, at han var advokat for sagsøgte i 1983. Vidnets administration af Bent Mylins ejendom ophørte den 26. september 1983. Der var imidlertid stadig et brugsspanteunderskud, og da Bent Mylin ikke skønnes samarbejdsvillig, var sagsøgte interesseret i at have en "kort snor i ham", hvorfor man ikke ville opgive brugspanteforholdet. Efter den 26. september administrerede Hans

Sylvestersen reelt ejendommen for sagsøgte. Sylvestersen var imidlertid at anse som debitorrepræsentant. Konstruktionen var opbygget således, at sagsøgte ved en eventuel misligholdelse straks kunne overtage pantet som brugspanthaver. Der var ingen pligt til at give meddelelse om ophør af det brugelige pant hverken til fogedretten eller toldkammeret, og vidnet husker ikke i dag, hvorfor han skrev skrivelsen af 6. juli 1984 til Distriktstoldkammeret. Der er i virkeligheden tale om formalia.

Rettens bemærkninger:

Det ligges til grund, at der ikke bestod nogen pligt for sagsøgte til at afmelde den brugelige pant hverken over for fogedretten eller distriktstoldkammeret. Det må således bero på en afvejning af de reelle omstændigheder, om brugspanteforholdet bestod i perioden den 1. januar 1984 til den 30. juni 1984.

Ved skrivelse af 30. september 1983 forespurgte sagsøgtes advokat Karl Henning Johansen sagsøgte om, hvorvidt sagsøgte ønskede at fravige brugspanteforholdet. I skrivelse af 7. oktober 1983 meddelte sagsøgte, at man ikke for nærværende ønskede formelt at opgive brugspanteforholdet. Ved skrivelse af 15. marts 1984 oplyste sagsøgte, at sagsøgte var indstillet på at bringe brugspanteforholdet til ophør, når brugspanteunderskuddet var fyldestgjort. Dette underskud blev betalt ved skrivelse af 29. juni 1984, hvor advokat Hans Sylvestersen bemærkede til sagsøgte, at han forudsatte at sagsøgte drog omsorg for ophævelse af brugspantet over for de forskellige leverandører og herunder gav toldvæsenet besked om den formelle ophævelse.

Retten ligger til grund, at sagsøgte først ville fraskrive sig brugspanteforholdet, når sagsøgte var fyldestgjort for restancer og omkostninger. Det fremgår blandt andet af advokat Karl Henning Johansens skrivelse af 7. maj 1984 til distriktstoldkammeret, hvor advokaten oplyser, at "brugspantefoholdet fortsætter indtil akkorden er opfyldt, for at have lidt "styr" på ejendommen, om DLR måtte ønske dette. Brugsspanteforholdet giver fonden mulighed med øjeblikkelig varsel at gribe ind i ejendommens drift". Dette svarer til advokatens forklaring i retten, hvor han netop har udtalt, at sagsøgte ønskede at have "styr" på Bent Mylin.

Efter rettens opfattelse har sagsøgte således ikke opgivet sit brugspanteforhold før alle restancer var betalt. Sagsøgte har således i den pågældende periode været pligtig til at føre momsregnskab og indbetale skyldig moms.

Det fremgår af sagsøgers interne notat af 27. april 1984, at sagsøger var blevet opmærksom på, at der formelt stadig kørte brugspanteforhold på Bent Mylins ejendom. Notatet slutter med, at sagsøgte "kommer til at overveje dette registrering- og dermed hæftelsesforhold", og ved skrivelse af 4. maj 1984 anmodede sagsøger advokat Karl Henning Johansen om en redegørelse, idet "toldkammeret må være af den opfattelse, at brugspantehaver hæfter for opstået afgiftstilsvar, så længe brugspante forholdet vedvarer, og skal anmode dem om en redegørelse for, hvorfor brugspanteforholdet fortsætter". Ved skrivelse af 7. maj 1984 fra advokat Karl Henning Johansen blev sagsøger orienteret om, at brugspanteforholdet fortsatte, indtil akkorden var opfyldt. Ved skrivelse af 22. maj 1984 fastholdt sagsøger sit krav, hvilket blev imødegået ved advokat Karl Henning Johansens skrivelse af 31. august 1984. Denne skrivelse oplyste, at brugspanteforholdet ophørte den 26. september 1983. Denne oplysning sammenholdt med Bent Mylins påstand i fogedretten den 18. marts 1985, om at sagsøgte havde ejendommen i brugelig pant i foråret 1984, burde have givet sagsøger anledning til at undersøge hæftelsesforholdet nærmere. Retten medgiver sagsøger, at sagsøger har fået tvetydige oplysninger fra sagsøgte og dennes rådgiver og advokat Karl Henning Johansen. Men netop den omstændighed, at oplysningerne var tvetydige sammenholdt med, at sagsøger gjorde sig overvejelser om hæftelsesgrundlaget, burde have medført, at sagsøger allerede i 1984 eller 1985 havde gjort sig sin stilling klar. Sagsøger har således ikke befundet sig i en utilregnelig uvidenhed om, at sagsøgte var moms pligtig i perioden.

Sagsøgte bør således frifindes.

*Thi kendes for ret*

Dansk Landbrugsrealkreditsfond frifindes. Inden 14 dage fra dato betaler sagsøger, Skatteministeriet Told og Skattestyrelsen, til Dansk Landbrugskreditfond sagens omkostninger med 9.400 kr.