# MEMO ENDORSED

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/24

| | |
|---|---|
| In re<br><br>SKAT TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br><br>18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01794; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 21-cv-05339. | Case No. 1:18-md-2865-LAK |

## MOTION FOR SEPARATE TRIALS

**PLEASE TAKE NOTICE** that the undersigned attorneys for Defendant, Michael Ben-Jacob, will apply before the Honorable Lewis A. Kaplan of the Southern District of New York at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007, at a time and date to be determined by the Court, for an order severing the claims against Defendant Michael Ben-Jacob and a separate trial for him pursuant to Federal Rules of Civil Procedure 42(b) and 21. In support of the motion, Defendant submits herewith a Memorandum of Law, Declaration of Elliot R. Peters and exhibits therewith, the pleadings and other documents on file in this matter, and any further argument or evidence that may be received by the Court.

1

2630165

<u>Memorandum Endorsement</u>          In re Customs and Tax Admin., Master Docket 18-md-2865 (LAW)

       Rule 42(b) of the Federal Rules of Civil Procedure provides, in relevant part, that a "court may order a separate trial" "[f]or convenience, to avoid prejudice, or to expedite and economize." But "separate trials are not the normal course of events, and a single trial will usually be more expedient and efficient."[1] Ben-Jacob acknowledges that, as "[t]he party seeking separate trials," he bears "the burden of proving that separation of the cases is necessary."[2] He acknowledges also that "whether to grant a severance motion is committed to the sound discretion of the trial court."[3]

       Ben-Jacob contends that his inclusion in Trial One, which this Court previously ordered over objections similar to those raised in this motion, would cause him unfair prejudice and that severance would be more efficient. The Court has considered carefully these arguments and finds them unpersuasive.

       Ben-Jacob argues first that a joint trial would prejudice him because the advice-of-counsel defense raised by other defendants "will directly contradict" his own testimony that he was minimally involved in the tax claims filed by his clients.[4] But a defendant is not prejudiced merely because he may give testimony that is at odds with that of other defendants.[5] What is more, Ben-Jacob's defense and his co-defendants' anticipated advice-of-counsel defense are not necessarily antagonistic. As he himself points out, "the advice-of-counsel defense will involve numerous attorneys" and requires that co-defendants show only that "some lawyer or combination of lawyers" — not Ben-Jacob alone — "blessed" the tax refund strategy.[6]

       Ben-Jacob argues next that he would be prejudiced because the jury may "hold[] him liable for advice given by other attorneys."[7] Ben-Jacob will be free, however, to clarify the extent of his involvement both by introducing direct evidence and through cross-examination. Any risk of unfair

---

[1] 8 Moore's Federal Practice § 42.20[4][a] (2024); *see also Gordon Springs v. City of New York*, No. 17-cv-0451, 2019 WL 10892065, at *2 (S.D.N.Y. Aug. 21, 2019) (Nathan, J.) ("For reasons of efficient judicial administration, courts favor having only one trial whenever possible, and thus bifurcation remains the exception rather than the rule." (cleaned up)).

[2] Dkt 1011 (Def. Mem.) at 5; *see also* Wright & Miller, *Federal Practice and Procedure: Civil* § 2388 (3d ed.); *accord Gaffney v. Dep't of Info. Tech. & Telecomm.*, 579 F. Supp. 2d 455, 459 (S.D.N.Y. 2008).

[3] *State of N.Y. v. Hendrickson Bros.*, 840 F.2d 1065, 1082 (2d Cir. 1988); *see* Dkt 1011 (Def. Mem.) at 1, 5; *accord* 8 Moore's Federal Practice § 42.20[4][a] (2024).

[4] Dkt 1011 (Def. Mem.) at 6.

[5] *See Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) (holding that, in the context of criminal trials, "[m]utually antagonistic defenses are not prejudicial *per se*" and that "a district court should grant a severance . . . only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence").

[6] Dkt 1011 (Def. Mem.) at 6, 9. *See id.* at 9 ("[T]he Principals consistently reference the work and advice of Kaye Scholer, as opposed to Ben-Jacob alone.")

[7] Dkt 1011 (Def. Mem.) at 8–9.

prejudice could be mitigated, moreover, by an appropriate limiting instruction, which the Court would consider if Ben-Jacob so requests.[8] In addition, the introduction of evidence regarding the advice given by non-party attorneys may redound to Ben-Jacob's benefit by tending either to shift blame from him or to confirm that the legal counsel he gave was reasonable.

The Court thus rejects Ben-Jacob's contention that he would be prejudiced absent severance. Plaintiff, on the other hand, may be prejudiced by severance, because, as it explains,[9] holding two trials would create a significant risk of inconsistent verdicts.[10]

The Court rejects also Ben-Jacob's contention that severance would serve the interest of judicial efficiency. Specifically, he asserts that severance would "make[] the trial against the remaining defendants more streamlined" by obviating the need for plaintiff to introduce certain evidence at that trial specific to Ben-Jacob.[11] He ignores entirely, however, the fact that severance would necessitate an additional trial, one at which much the same evidence likely would be introduced. As plaintiff notes, severance is not warranted simply because there may be some evidence specific to Ben-Jacob that would not be relevant to some or all of the other defendants.[12] Rather, "the question . . . is whether separate trials would require *substantial* overlap of witnesses or documentary proof" such that the second trial would "rehash factual issues" thereby "wast[ing] . . . judicial resources."[13] Granting Ben-Jacob's motion would result in such an overlap. Expedition and economy therefore counsel against severance.

The motion is denied.

SO ORDERED.

Dated:    July 18, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[8] Contrary to Ben-Jacob's argument, the Court is confident that it is capable of fashioning a suitable instruction, not withstanding "[t]he degree of complexity," Dkt 1011 (Def. Mem.) at 11, with the able assistance of counsel. *See Hendrickson Bros.*, 840 F.2d at 1082 ("any prejudice to" defendants seeking separate trial "could be minimized by giving limiting instructions"); *Jeanty v. Cnty. of Orange*, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005).

[9] Dkt 1025 (Pl. Mem.) at 5–6.

[10] *See BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 126 (S.D.N.Y. 2000) ("[C]ourts take a dim view of severance where a risk of inconsistent verdicts is present.").

[11] Dkt 1011 (Def. Mem.) at 12.

[12] Dkt 1025 (Pl. Mem.) at 10.

[13] *In re Blech Sec. Litig.*, No. 94-cv-7696 (RWS), 2003 WL 1610775, at *13 (S.D.N.Y. Mar. 26, 2003) (internal quotation marks omitted).