PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
Draft 7/17/24

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | MASTER DOCKET<br><br>18-md-02865-LAK |
| This document relates to: The cases listed in Appendix A to Pretrial Order No. 35 (ECF No. 977) | |

**REPLY MEMORANDUM OF LAW IN FURTHER**
**SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE**
**THE TESTIMONY OF MARCIA S. WAGNER**

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**
**Draft 7/17/24**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ...............................................................................................................1

ARGUMENT .......................................................................................................................1

    I.    WAGNER'S OPINIONS ARE INADMISSIBLE LEGAL CONCLUSIONS, WHILE REISH'S OPINIONS ARE BASED ON HIS EXPERIENCE ...................1

    II.    WAGNER ENGAGES IN IMPERMISSIBLE SPECULATION DIRECTLY CONTRADICTED BY EVIDENCE, WHILE REISH'S OPINIONS ARE SUPPORTED BY EVIDENCE AND GROUNDED IN HIS EXPERIENCE ........5

CONCLUSION ....................................................................................................................8

**PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT**

# TABLE OF AUTHORITIES

*Barrett v. Black & Decker (U.S.) Inc.*,
   No. 06-cv-1970 (SCR)(MDF), 2008 WL 5170200 (S.D.N.Y. Dec. 9, 2008) ..................... 7

*Ctr. for Indep. of the Disabled, New York v. Metro. Transp. Auth.*,
   No. 17-cv-2990 (GBD) (VF), 2023 WL 7403642 (S.D.N.Y. Nov. 9, 2023) ...................... 6

*McCullock v. H.B. Fuller Co.*,
   61 F.3d 1038 (2d Cir. 1995) ................................................................................................ 6

*Davidov v. Louisville Ladder Grp., LLC*,
   No. 02-cv-6652 (LLS), 2005 WL 486734 (S.D.N.Y. Mar. 1, 2005) .................................. 7

*In re Golden*,
   No. 16-40809-ESS, 2022 WL 362913 (Bankr. E.D.N.Y. Feb. 4, 2022) ........................ 2-4

*Gonzalez v. Bratton*,
   147 F. Supp. 2d 180 (S.D.N.Y. 2001) ................................................................................ 3

*Kumho Tire Co., Ltd. v. Carmichael*,
   526 U.S. 137 (1999) ........................................................................................................... 8

*In re Lehman Brothers Sec. and ERISA Litig.*,
   No. 09-md-2017 (LAK), 2015 WL 13707447 (S.D.N.Y. Sept. 14, 2015) ......................... 2

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
   No. 00-mdl-1898 (SAS), 2008 WL 1971538 (S.D.N.Y. May 7, 2008) ............................. 7

*In re Namenda Direct Purchaser Antitrust Litig.*,
   331 F. Supp. 3d 152 (S.D.N.Y. 2018) ................................................................................ 4

*Nimely v. City of New York.*,
   414 F.3d 381 (2d Cir. 2005) ............................................................................................... 5

*United States v. Faison*,
   393 Fed. Appx. 754 (2d Cir. 2010) .................................................................................... 2

*U.S. Bank Nat'l Ass'n. v. PHL Variable Life Ins. Co.*,
   112 F. Supp. 3d 122 (S.D.N.Y. 2015) ............................................................................ 5, 6

*Watson v. Manhattan Luxury Auto., Inc.*,
   No. 20-cv-4572 (LGS), 2022 WL 4586407 (S.D.N.Y. Sept. 29, 2022) ............................. 2

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**
**Draft 7/17/24**

Defendants submit this memorandum of law in further support of their motion (the "Motion") to prohibit Marcia Wagner from testifying at trial as a rebuttal expert to Defendants' expert Frederick Reish.

## INTRODUCTION

In its Memorandum of Law in Opposition to Defendants' Motion to Exclude the Rebuttal Testimony of Marcia S. Wagner ("Wagner Opp."), SKAT does not deny that Wagner's opinions are legal conclusions, nor that they contradict undisputed evidence in the case. SKAT instead argues that Reish's opinions are similarly objectionable and that neither expert should be permitted to testify. This argument suffers from the glaring defect that Reish's opinions are solidly grounded in the uncontroverted evidence and his experience with the IRS, while Wagner's are not. The Court should permit Reish, but not Wagner, to testify at trial.

## ARGUMENT

### I. WAGNER'S OPINIONS ARE INADMISSIBLE LEGAL CONCLUSIONS, WHILE REISH'S OPINIONS ARE BASED ON HIS EXPERIENCE

SKAT argues that Reish will offer legal opinions at trial, and that if the Court permits this sort of testimony, it should also allow Wagner to do the same on rebuttal. *See* Wagner Opp. at 8, 10. In other words, SKAT does not deny that Wagner will propound legal arguments that would only be appropriate coming from counsel. Instead, SKAT attempts to categorize both Wagner's and Reish's opinions as legal conclusions, and argues that if Reish is permitted to testify, Wagner should be able to rebut him. But the two experts' opinions rest on fundamentally different foundations: Wagner's opinions are based on her interpretations of caselaw and are plainly inadmissible, while Reish draws from his decades of experience representing qualified plans before the IRS to form his conclusions.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

Courts have provided guidance distinguishing impermissible legal arguments from helpful expert testimony. *In re Golden* is illustrative – there, the court explained that "the proper province for the expert's testimony is not legal opinion or interpretation or application of the law, but experience[]–based expert opinion as to the context, operation, use, or application of a regulatory scheme." No. 16-40809-ESS, 2022 WL 362913, at *13 (Bankr. E.D.N.Y. Feb. 4, 2022). "[E]xpert testimony that would supplant the role of the court in interpreting the law and applying the law to the facts … is not allowed", but "where an expert testifies, based on his or her experience and expertise, as to matters that may assist the court, but does not offer legal opinions, that testimony may be considered". *Id.* at *14; *see also United States v. Faison*, 393 Fed. Appx. 754, 759 (2d Cir. 2010) ("Although a law enforcement officer cannot draw a legal conclusion for the jury or tell them how to weigh particular evidence, officer witnesses can make conclusory statements, based on their experience, that the defendant was involved in drug-related activity.") (citation and quotation marks omitted).

Even a cursory glance at Wagner's opinions reveals that they are based on her interpretations of the law and should be excluded. *See In re Lehman Brothers Sec. and ERISA Litig.*, No. 09-md-2017 (LAK), 2015 WL 13707447, at *1 (S.D.N.Y. Sept. 14, 2015) (Kaplan, J.) (excluding proposed expert testimony that "in substance would amount to little or nothing more than a closing argument from the witness stand … coupled with the witness's views on issues of law"); *Watson v. Manhattan Luxury Auto., Inc.*, No. 20-cv-4572 (LGS), 2022 WL 4586407, at *4 (S.D.N.Y. Sept. 29, 2022) (precluding expert rebuttal report interpreting Supreme Court decision because "[a]n expert report is not the appropriate vehicle for legal argument"). Wagner's opinion that "a plan can cease to be tax-qualified in the absence of an IRS determination to that effect", which SKAT says Wagner will offer at trial, Wagner Opp. at 10, is based on her

2

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

interpretation of the holdings in three federal court cases. (Dkt. No. 1057-3 ("Wagner Rebuttal Report") ¶ 7.) Many of Wagner's other opinions cited in SKAT's opposition brief are also legal conclusions. Wagner's statement that the pension plans at issue in this litigation (the "Plans") violated the permanency requirement because they "ceased any further activity relating to additional contributions or investment of Plan assets once the dividend refund scheme was discovered in 2015" is supported by her reading of an IRS revenue ruling. (*Id.* ¶ 22.) And Wagner reaches the conclusion that Reish "does not accurately describe the relationship between prohibited transactions and plan disqualification" by applying her interpretation of a Tax Court opinion. (*Id.* ¶ 16.)

In sharp contrast, the portions of Reish's report that SKAT attempts to frame as legal conclusions do not consist of his interpretations of the law but are based on his decades of experience with the IRS. As discussed above, "experience[]-based expert opinion as to the context, operation, use, or application of a regulatory scheme" are admissible, while "interpretation or application of the law" are not. *In re Golden*, 2022 WL 362913, at *13. Reish's opinions fall squarely in the former category. *See Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 207 (S.D.N.Y. 2001) (testimony explaining a government agency's "practices and procedures based on [an expert's] knowledge and experience" are not "legal conclusions", and an expert may express "the extent to which application of particular practices or procedures at issue . . . may or may not have accorded with his understanding of them").

Reish's conclusion that any violation of the exclusive benefit requirement would not lead to disqualification (Dkt. No. 1057-6 ("Reish Report") ¶ 52) is based not on Reish's interpretations of the law, but on his experience with the IRS ("I have never seen the IRS assert a qualification violation for payments of fees to unrelated third parties") and his "active

3

involvement in industry organizations, committees, and conferences". (*Id.* ¶ 52.1.) Similarly, Reish states that the IRS would not disqualify the Plans as impermanent, not because it comports with his reading of any statutes or caselaw, but because he has "never heard of the IRS disqualifying a plan on permanent grounds because the plan was formed to take advantage of a particular investment opportunity". (*Id.* ¶ 54.2.) Reish's opinion that a plan's decision not to "make recurring and substantial contributions from the sponsor's profits" would not in itself lead to disqualification (*id.* ¶ 55) stems from his "experience working with qualified plans" – more specifically, that Reish has "never seen the IRS assert a qualification violation for a failure of a 401(k) plan sponsor to make substantial and recurring contributions from profits." (*Id.* ¶ 55.1.)

Finally, in opining that "[t]he issuance of a 'no change' letter means that the IRS did not find any qualification defects in the form or operation of the plan", (*id.* ¶ 43), Reish points not to any principles derived from federal court or administrative rulings but to an earlier paragraph in his report, which draws from his experience and generally describing IRS audit procedures. (*Id.* ¶ 28.) Expert opinions explaining procedures under a complex regulatory regime are not legal conclusions but rather provide context helpful to the trier of fact. *See In re Golden*, 2022 WL 362913, at *13; *In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152, 184 (S.D.N.Y. 2018) (expert opinions "explain[ing] the procedures under the complex law governing approvals of generic drugs" were not "legal conclusions" where they "simply explain[ed] the mechanics of drug approval"); *see also* Defs.' Mem. of Law in Opp'n to Pls.' Mot. to Exclude the Proposed Expert Test. of Def. Experts Michael S. Ross, C. Frederick Reish, and Kasper B. Pilgaard ("Reish Opp.") at 9-11.

4

A side-by-side comparison of Reish's and Wagner's opinions reveals the fundamental differences in their approach: Wagner forms conclusions based on her interpretations of caselaw while Reish speaks from experience. One is impermissible, the other is proper.

## II. WAGNER ENGAGES IN IMPERMISSIBLE SPECULATION DIRECTLY CONTRADICTED BY EVIDENCE, WHILE REISH'S OPINIONS ARE SUPPORTED BY EVIDENCE AND GROUNDED IN HIS EXPERIENCE

In response to Defendants' assertion that Wagner's opinions contradict the evidence and are therefore impermissibly speculative, SKAT does not dispute the factual disconnect but merely argues that challenges to the factual basis of an expert opinion should be raised at trial, and that Wagner's opinions are no more speculative than those of Reish. SKAT is incorrect on both counts. Courts regularly preclude experts from testifying at trial where (as here) their opinions directly conflict with uncontroverted evidence. *See Nimely v. City of New York.*, 414 F.3d 381, 399 (2d Cir. 2005) (expert testimony should have been excluded where it was "driven by the need to find a way of explaining the admitted facts" and "the essence of unverifiable subjectivity"). And unlike Wagner's opinions, Reish's opinion that the IRS would not disqualify the Plans for the reasons identified by SKAT is supported by both the record and his experience representing plans before the IRS.

SKAT misstates the law in arguing that, even though Wagner's opinions concerning the IRS audit of the RJM Plan contradict the Internal Revenue Manual ("IRM") and the evidence, Wagner should be permitted to testify because the factual basis of an expert opinion is properly challenged during cross-examination at trial rather than on a motion to exclude the expert. None of the cases that SKAT cites for this proposition involve an expert whose opinions were in *direct conflict* with the facts. For instance, in *U.S. Bank Nat'l Ass'n. v. PHL Variable Life Ins. Co*., the plaintiff argued that defendant's expert should be precluded from testifying at trial because his opinions were based not on contemporaneous investment assumptions, but reconstructions of

5

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

such assumptions after the fact. 112 F. Supp. 3d 122, 134 (S.D.N.Y. 2015). The issue in *U.S. Bank* was *not* that there was a set of investment assumptions that were at odds with the reconstructions. Moreover, the court in *U.S. Bank* acknowledged expert testimony must be excluded where "the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury". *Id.* Wagner's opinions fit into this category and should be excluded.[1]

Wagner's opinion that the RJM Capital Plan (the "RJM Plan") "engaged in many … operational defects … and should have been disqualified on that basis", (Wagner Rebuttal Report ¶ 11), is in conflict with the undisputed fact that the IRS conducted a comprehensive multi-year audit of that plan and issued a no-action letter indicating that it remained qualified. Rule 56.1 Joint Stmt. ("JSUMF"), Dkt. No. 790 (Apr. 22, 2022), ¶¶ 96-102.

Wagner concludes that "if the full range of the Plans' operational lapses in this case were disclosed to the IRS, along with the circumstances surrounding the Plans' formation and use, the likely result would be Plan disqualification in every instance". (Wagner Rebuttal Report ¶ 8.) In fact, as Wagner later admitted, the IRS had sufficient information with which to identify the purported issues with the Plans, but decided not to disqualify them. Wagner admitted that the RJM Plan disclosed its trading of Danish stocks to the IRS, (Dkt. No. 1057-5 ("Wagner Tr.") 123:2-23 ("Q. And the information showed that the trading in Danish stocks of the RJM plan was disclosed to the IRS. Right? A. That was information that was eventually provided to me, yes.")), and acknowledged that the IRS received information regarding the other Plans. (*Id.* 118:5-119:1.) Further, it is undisputed that the RJM Plan provided the IRS with all monthly

---

[1] The other cases cited by SKAT are equally inapposite, and neither involved an expert whose opinions directly contradicted the evidence. In *Ctr. for Indep. of the Disabled, New York v. Metro. Transp. Auth.*, plaintiffs moved to exclude the defense expert on the basis that an online tool was not a proper source of data for his analysis, even though their own expert used the same tool. No. 17-cv-2990 (GBD) (VF), 2023 WL 7403642, at *3 (S.D.N.Y. Nov. 9, 2023). In *McCullock v. H.B. Fuller Co.*, defendant argued that plaintiff's expert "lack[ed] textual authority for his opinion", which is different from an argument that there is authority *directly rebutting* an expert opinion. 61 F.3d 1038, 1044 (2d Cir. 1995).

6

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

bank and brokerage statements from 2012-16, as well as information about the plan's account at Solo Capital.  ¶¶ JSUMF 97-98.

Finally, though Wagner claims that the IRS audit was focused just on "the accurate reporting of the RJM Plan's assets" and not on whether the RJM Plan was a qualified 401(k) plan, (Wagner Rebuttal Report ¶¶ 9-10), IRM 4.71.21.1.1 provides that in this type of audit, IRS specifically evaluates if a retirement plan is qualified.  SKAT does not dispute that IRM 4.71.21.1.1 applies to the IRS audit of the RJM Plan.

The foregoing opinions present an "undisputed factual disconnect", which "is reason enough to preclude … [Wagner's] expert testimony."  *Barrett v. Black & Decker (U.S.) Inc.*, No. 06-cv-1970 (SCR)(MDF), 2008 WL 5170200, at *8 (S.D.N.Y. Dec. 9, 2008); *see also Davidov v. Louisville Ladder Grp., LLC*, No. 02-cv-6652 (LLS), 2005 WL 486734, at *1-2 (S.D.N.Y. Mar. 1, 2005) (excluding expert who opined that the lifting of ladder legs caused plaintiff's accident, when plaintiff testified that the ladder legs were on the ground when he fell).

On the other hand, Reish's opinions concerning the RJM Plan audit are admissible because Reish "demonstrates the grounding of his … analysis in fact, and explains how he drew on his experience to evaluate certain of those facts."  *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 00-mdl-1898 (SAS), 2008 WL 1971538, at *7 (S.D.N.Y. May 7, 2008).  SKAT takes issue with Reish's opinion that, even if the IRS had drawn the conclusions that SKAT alleges to be true, the following would not lead the IRS to disqualify the Plans: (1) payment of substantial fees to a third party service provider (Reish Report ¶ 52); (2) participating in partnerships where profits are allocated in proportion to capital contributions (*id.* ¶ 53); (3) formation of the Plans to take advantage of a particular investment opportunity and termination after that investment opportunity was unexpectedly no longer available (*id.* ¶ 54);

7

and (4) a decision not to make recurring and substantial contributions from the sponsor's profits. (*Id.* ¶ 55). This opinion is the opposite of speculation: it is grounded in the undisputed fact that the IRS has never disqualified any of the Plans. Providing further support for these opinions is Reish's experience in seeing the IRS function over his decades of "experience working with qualified plans" (*id.* ¶ 55.1; *see also id.* ¶¶ 52.1, 53.1, 54.2), as well as the information he has gathered in the course of his "active involvement in industry organizations, committees, and conferences". (*Id.* ¶ 52.1; *see also id.* ¶¶ 53.2, 55.1). "[N]o one [can] den[y] that an expert might draw a conclusion from a set of observations based on extensive and specialized experience." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 156 (1999).

In short, SKAT's argument that Wagner should be allowed if Reish is allowed equates apples with oranges: where, as here, the Court is faced with two experts addressing the same subject matter, but one provides proper expert opinions and the other does not, it is appropriate to allow the former and exclude the latter.

## CONCLUSION

For the reasons above, the Court should grant the Motion, preclude Wagner from offering rebuttal testimony at trial, and grant such other relief as the Court deems just and proper.

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**

Dated: New York, New York
July 19, 2024

                Respectfully submitted,

                DEWEY PEGNO & KRAMARSKY LLP

By:   /s/ Thomas E.L. Dewey
       Thomas E.L. Dewey
       777 Third Avenue – 29th Floor
       New York, New York 10017
       Tel.: (212) 943-9000
       Fax: (212) 943-4325
       tdewey@dpklaw.com

                KEKER, VAN NEST & PETERS LLP

By:   /s/ Elliot R. Peters
       Elliot R. Peters
       Julia L. Allen
       633 Battery Street
       San Francisco, CA 94111
       Tel.: (415) 962-7188
       epeters@keker.com

*Attorneys for Defendant Michael Ben-Jacob*

                KOSTELANETZ LLP

By:   /s/ Sharon L. McCarthy
       Sharon L. McCarthy
       7 World Trade Center, 34th Floor
       New York, New York 10007
       Tel:   (212) 808-8100
       Fax:  (212) 808-8108
       smccarthy@kflaw.com

*Attorneys for Defendants John van Merkensteijn,III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust,*

9

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**

*Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*


WILMER CUTLER PICKERING HALE AND DORR LLP

By:   /s/ Alan E. Schoenfeld
    Alan E. Schoenfeld
    7 World Trade Center 250 Greenwich Street
    New York, NY 10007
    Telephone: (212) 230-8800
    alan.schoenfeld@wilmerhale.com

*Attorneys for Defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*

KATTEN MUCHIN ROSENMAN LLP

By:   /s/ David L. Goldberg
    David L. Goldberg
    Michael M. Rosensaft

    50 Rockefeller Plaza
    New York, NY 10020
    Tel.: (212) 940-8800
    Fax: (212) 940-8776
    david.goldberg@katten.com

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

10