**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | MASTER DOCKET<br><br>18-md-02865-LAK |
| This document relates to:   The cases identified in Appendix A | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE REPORTS, OPINIONS, AND TESTIMONY OF BRUCE DUBINSKY**

**TABLE OF CONTENTS**

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
| I. Mr. Dubinsky Should Not Be Allowed to Testify As To Whether the Pension Plans Owned Shares of Danish Securities | 2 |
| II. Mr. Dubinsky's Reliance on the Elysium Documents Makes His Opinions Unreliable | 3 |
| III. Mr. Dubinsky Is Not Qualified to Testify About Complex Structured Transactions | 5 |
| CONCLUSION | 7 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arista Records LLC v. Lime Group LLC*,
  No. 06 CV 5936, 2011 WL 1674796 (S.D.N.Y. May 2, 2011) .................................................6

*Kumho Tire Co, Ltd. v. Carmichael*,
  526 U.S. 137 (1999) ..................................................................................................................6

*Malletier v. Dooney & Bourke, Inc.*,
  525 F. Supp. 2d 558 (S.D.N.Y. 2007) .......................................................................................5

*Marvel Characters, Inc. v. Kirby*,
  726 F.3d 119 (2d Cir. 2013) .....................................................................................................5

*Marx & Co. v. Diners' Club, Inc.*,
  550 F.2d 505 (2d Cir. 1977) .....................................................................................................2

*Montgomery Cnty. v. Microvote Corp.*,
  320 F.3d 440 (3d Cir. 2003) .....................................................................................................5

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  711 F.3d 1348 (Fed. Cir. 2013), *overruled in part on other grounds by
  Brumfield v. IBG LLC*, 97 F.4th 854, 871 (Fed. Cir. 2024) ......................................................5

*Sec. Inv. Prot. Corp. ("SIPC") v. Madoff*,
  610 B.R. 197 (Bankr. S.D.N.Y. 2019) ......................................................................................6

**Rules**

Fed. R. Evid. 702(a) .........................................................................................................................7

Fed. R. Evid. 703 ............................................................................................................................4

**PRELIMINARY STATEMENT**

Through their motion, Defendants demonstrated why this Court should exclude the expert testimony of Bruce Dubinsky: it contains inappropriate legal conclusions, turns on unreliable documents, and, in part, exceeds his expertise.

In response, Plaintiff Skatteforvaltningen ("SKAT") agrees that Mr. Dubinsky should not be allowed to testify as to whether the Pension Plans owned Danish securities. Dkt. 1092 at 1 ("SKAT Opp.") ("Defendants' argument that Mr. Dubinsky cannot offer a legal conclusion that the defendant plans did not own shares as a matter of Danish law is beside the point, as Mr. Dubinsky does not do so."). SKAT posits, however, that Mr. Dubinsky should be able to testify that "there were never any shares or dividends for the defendant plans to own." *Id.* But that is a distinction without a difference; Mr. Dubinsky is not going to argue that "there were never any shares" — these are all real companies as he acknowledges in his deposition. Rather, he is going to testify that there were never any shares *that the Defendants owned*.[1] That is the same impermissible legal question worded differently — whether the Defendants owned shares — about which Mr. Dubinsky should not be permitted to testify.

Next, SKAT argues that Mr. Dubinsky's reliance on the unauthenticated, unreliable, and inadmissible Elysium Documents is reasonable because experts are allowed to rely on inadmissible evidence. But SKAT ignores that experts cannot rely on data derived from a manifestly unreliable source. Mr. Dubinsky's analysis, which rests overwhelmingly on the Elysium Documents, should be rejected for this reason as well.

---

[1] More specifically, Mr. Dubinsky will testify that there were never any shares held in any custodian or sub-custodian account associated with Solo. While that in itself is not a legal conclusion, any testimony beyond that opinion would be improper.

1

Finally, SKAT seems to concede that Mr. Dubinsky does not have expertise necessary to testify regarding the creditworthiness of the Pension Plans or securities lending transactions, but suggest that those gaps in his knowledge "go to the weight, not the admissibility, of [his] testimony." SKAT Opp. at 6. SKAT is incorrect. A court is to act as a gatekeeper to ensure that an expert has specialized knowledge that will assist the jury in understanding the evidence. Mr. Dubinsky does not have any specialized knowledge in those areas. He is a forensic accountant, and, to the extent his testimony is allowed at all, he should stick to forensic accounting.

For the reasons herein and as contained in Defendants' opening memorandum, Mr. Dubinsky's testimony should be excluded.

## ARGUMENT

### I. Mr. Dubinsky Should Not Be Allowed to Testify As To Whether the Pension Plans Owned Shares of Danish Securities

Whether the Pension Plans owned Danish securities (or, more specifically, whether they were the beneficial owners — the operative question on the reclaim applications), is ultimately a determination that the jury must make. But the jury can only make their determination *after* being instructed in and applying Danish law. SKAT seems to accept that whether the Pension Plans legally owned Danish securities is in fact a matter of Danish law, and even states multiple times in its opposition that Mr. Dubinsky has not and will not offer such an opinion. *See* SKAT Opp. at 1, 8; s*ee also Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 508-11 (2d Cir. 1977) ("It is not for the witnesses to instruct the jury as to the applicable principles of law, but for the judge."). Nevertheless, it posits that Mr. Dubinsky should be able to testify that "there were never any shares or dividends for the defendant plans to own." SKAT Opp. at 1. If that were the extent of Mr. Dubinsky's testimony — that the companies never existed or never issued shares — then it might be a permissible opinion; but that is not his opinion, nor is it what SKAT seeks to elicit.

2

Mr. Dubinsky has acknowledged that the companies referenced in the trading records were real, issued shares, and they paid dividends. *See, e.g.*, Dubinsky Dep. at 67: 22-25 ("Exhibit A") ("Q: Okay. And those are real companies. Right? A: That is correct, yes."). Mr. Dubinsky's central opinion in his report is not that "there were no shares," but that "there is no evidence that the Plans ever *owned* actual shares of Danish companies from the . . . Solo trades . . . ." Dubinsky Rep. ¶ 16 ("Exhibit B") (emphasis added). Should Mr. Dubinsky wish to testify that he looked at an account statement and did not see the name of the company, he certainly can offer that factual observation — although one hardly need be an expert to do so. However, when his central opinion is that the Pension Plans did not "own" the shares, despite them appearing on account statements, he is ultimately offering an opinion on a Danish law question of ownership, and that testimony should be excluded.

## II. Mr. Dubinsky's Reliance on the Elysium Documents Makes His Opinions Unreliable

Mr. Dubinsky's expert opinion is based entirely on treating a collection of documents purportedly seized from Elysium Global as if they were authentic business records documenting Solo's handling of the trades at issue. But SKAT does not have a witness who can actually establish that premise. Its "custodian" for these documents — a Deloitte partner who participated in seizing the documents from the Elysium Global office — certainly cannot do so. All that Deloitte partner can say is that the Elysium Documents were seized from an office of one company allegedly affiliated with Sanjay Shah. *See* Dkt. 824-115, Decl. of Marc. A. Weinstein ("Weinstein Declaration") (citing the Declaration of Rana Shashaa). But that plainly does not establish that these are authentic documents created by a different Shah-affiliated company, Solo, much less that they are reliable business records kept and maintained in the ordinary course of Solo's business on which a forensic expert could reasonably rely in opining about the transactions.

3

SKAT attempts to plug that critical gap by pointing out that some of the documents match trading records in the Defendants' possessions. But the crucial Elysium Documents — the ones that Dubinsky relies on to support his opinion that the trading was circular — are documents showing how the supposed "circle" was completed via transactions none of the Defendants participated in or were aware of. SKAT does not claim, nor could it, that these critical Elysium Documents match any documents produced by the Defendants. SKAT also relies heavily on Sanjay Shah's U.K. testimony as a way of bolstering the authenticity of the Elysium Documents. SKAT Opp. at 11-12. But, as SKAT concedes, its burden under Federal Rule of Evidence 703 is to show that Mr. Dubinsky's opinions are based on data that "are reliable and of the sort on which a forensic accountant would rely." SKAT Opp. at 10; *see also* Fed. R. Evid. 703. SKAT never explains why Mr. Dubinsky (or any reasonable forensic expert) would conclude it was appropriate to rely on the testimony of Shah in another proceeding, even though Defendants have never had the opportunity to cross-examine Shah, and even though SKAT alleges him to be a criminal mastermind at the center of a multibillion-dollar fraud. If the best that SKAT can say about the Elysium Documents is that they are consistent with the story an accused fraudster has chosen to tell in his own defense, that is damning, and plainly not the kind of reliable information on which expert testimony may be based.

Nor has Mr. Dubinsky ever claimed that either the Deloitte affidavit or Mr. Shah's testimony somehow establish that the Elysium Documents are reliable enough for use in a forensic review. Shah's U.K. testimony came years *after* Mr. Dubinsky blindly relied on the Elysium Documents, and Mr. Dubinsky did not list the Deloitte affidavit as among the materials he considered in forming his opinions. What actually happened is that Mr. Dubinsky simply relied on counsel's representation that the Elysium Documents were accurate records of the relevant

trading. SKAT Opp. at 11 n.9 (noting that Mr. Dubinsky's understanding as to where the documents were seized and how the documents are connected to Sanjay Shah "is based on representations from counsel.") (citing Exhibit B ¶ 141). And, as noted by the Second Circuit, "a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) (citing *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007). The Elysium Documents are inadmissible hearsay, and Mr. Dubinsky knows nothing about them except what he learned from SKAT's counsel, whose representations are not evidence.

SKAT is correct that an expert's data need not necessarily be admissible. But "while an expert's data need not be admissible, the data cannot be derived from a manifestly unreliable source." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1379 (Fed. Cir. 2013), *overruled in part on other grounds by Brumfield v. IBG LLC*, 97 F.4th 854, 871 (Fed. Cir. 2024) (citing *Montgomery Cnty. v. Microvote Corp.*, 320 F.3d 440, 448-49 (3d Cir. 2003)). Here, the provenance of the documents upon which Mr. Dubinsky relies is an office of a purported fraudster who is alleged to have orchestrated fictitious trades. Opposing counsel's representations to Mr. Dubinsky concerning the documents do not turn manifestly unreliable documents into ones on which an expert should (or could) rely.[2]

### III. Mr. Dubinsky Is Not Qualified to Testify About Complex Structured Transactions

Mr. Dubinsky is not an expert on structured transactions. He is a forensic accountant. His training has been in forensic accounting, he describes his business as providing forensic

---

[2] At the very least, the Court should defer its decision as to whether to exclude Mr. Dubinsky on this basis until it considers the parties' motions *in limine* to exclude the Elysium Documents. If the Elysium Documents are not admissible, Mr. Dubinsky's analysis that extensively relies on those documents should similarly be inadmissible.

accounting, and his expert report states he was hired "to provide forensic accounting analyses." Exhibit B ¶ 1. He has no experience arranging structured transactions. Exhibit A at 29:19-23 ("Q. Do you have any experience in arranging structured transactions. A. I have not."). When Mr. Dubinsky offers opinions as to the liquidity necessary for pension plans to engage in complex securities transactions, or tries to evaluate the Plans' creditworthiness, he exceeds his training and the basis on which he has been offered as an expert.

SKAT argues that Mr. Dubinsky can testify as to these matters and points to Mr. Dubinsky's prior qualification as an expert in "forensic accounting, fraud examinations, and investment theory and practices" in *Sec. Inv. Prot. Corp. ("SIPC") v. Madoff*, 610 B.R. 197, 210 (Bankr. S.D.N.Y. 2019). SKAT Opp. at 15-16. However, in *SIPC,* "Defendants did not object to his qualifications." 610 B.R. at 210. Even then, in *SIPC* he said nothing about the liquidity, creditworthiness, or other qualifications necessary for pension plans to engage in complex structured transactions — a subject on which he does not have experience.

While courts have broad latitude in determining how to apply *Daubert*'s factors, they must make a determination based on the particular facts in each case and the particular experience of each proposed expert. *See Kumho Tire Co, Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) ("[T]he trial judge must have considerable leeway in deciding *in a particular case* how to go about determining whether *particular* expert testimony is reliable.") (emphasis added); *see also Arista Records LLC v. Lime Group LLC*, No. 06 CV 5936, 2011 WL 1674796, at *2 (S.D.N.Y. May 2, 2011) (citations omitted) (noting that courts must "compare the area in which the witness has superior knowledge, education, experience, or skill with the subject matter of the proffered testimony."). Mr. Dubinsky is a forensic accountant, and, if allowed to testify at all, should testify as to his forensic accounting. He should not be allowed to exceed that scope. *See* Fed. R. Evid.

702(a) ("[T]he expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]").

## CONCLUSION

For the foregoing reasons, and those contained in Defendants' Memorandum of Law to Exclude the Testimony of Bruce Dubinsky, Mr. Dubinsky's testimony and reports should be excluded as unreliable and containing inappropriate legal conclusions. Alternatively, if the Court allows Mr. Dubinsky to testify, he should not be permitted to make legal conclusions, offer opinions on structured transactions or the liquidity or creditworthiness necessary to engage in such transactions, and should be precluded from relying on the Elysium Documents. And, at a minimum, the decision on allowing his testimony should be deferred until Defendants have presented their motions *in limine* to exclude the Elysium Documents.

Dated: New York, New York
July 19, 2024

Respectfully submitted,

DEWEY PEGNO & KRAMARSKY LLP

By: _____/s/ Thomas E.L. Dewey_____
Thomas E.L. Dewey
777 Third Avenue – 29th Floor
New York, New York 10017
Tel.: (212) 943-9000
Fax: (212) 943-4325
tdewey@dpklaw.com

KEKER, VAN NEST & PETERS LLP

By: _____/s/ Elliot R. Peters_____
Elliot R. Peters
Julia L. Allen
633 Battery Street
San Francisco, CA 94111
Tel.: (415) 962-7188
epeters@keker.com

*Attorneys for Defendant Michael Ben-Jacob*

KOSTELANETZ LLP

By: _____/s/ Sharon L. McCarthy_____
Sharon L. McCarthy
7 World Trade Center, 34th Floor
New York, New York 10007
Tel: (212) 808-8100
Fax: (212) 808-8108
smccarthy@kflaw.com

*Attorneys for Defendants John van Merkensteijn,III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina*

8

*Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*

WILMER CUTLER PICKERING HALE AND DORR LLP

By:      */s/ Alan E. Schoenfeld*
    Alan E. Schoenfeld
    7 World Trade Center
    250 Greenwich Street
    New York, NY 10007
    Telephone: (212) 230-8800
    alan.schoenfeld@wilmerhale.com

*Attorneys for Defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM CapitalPension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*

KATTEN MUCHIN ROSENMAN LLP

By:      */s/ David L. Goldberg*
    David L. Goldberg
    Michael M. Rosensaft

    50 Rockefeller Plaza
    New York, NY 10020
    Tel.: (212) 940-8800
    Fax: (212) 940-8776
    david.goldberg@katten.com

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan, The*

9

*Stor Capital Consulting LLC 401K Plan*

# APPENDIX A

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| John van Merkensteijn, III<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Elizabeth van Merkensteijn<br><br>Azalea Pension Plan<br><br>Basalt Ventures LLC Roth 401(K) Plan<br><br>Bernina Pension Plan<br><br>Bernina Pension Plan Trust<br><br>Michelle Investments Pension Plan<br><br>Omineca Pension Plan<br><br>Omineca Trust | Sharon L. McCarthy<br>Caroline Ciraolo<br>Nicholas S. Bahnsen<br>Kostelanetz & Fink LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>Tel: (212) 808-8100<br>Fax: (212) 808-8108<br>cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com | 18-cv-04833<br>19-cv-01788<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01809<br>19-cv-01810<br>19-cv-01813<br>19-cv-01818<br>19-cv-01865<br>19-cv-01866<br>19-cv-01871<br>19-cv-01873<br>19-cv-01893<br>19-cv-01894<br>19-cv-01906<br>19-cv-01911<br>19-cv-01918<br>19-cv-01924<br>19-cv-01928<br>19-cv-01930<br>19-cv-01931<br>19-cv-10713 |

| | | |
|---|---|---|
| Remece Investments LLC Pension Plan<br><br>Starfish Capital Management LLC Roth 401(K) Plan<br><br>Tarvos Pension Plan<br><br>Voojo Productions LLC Roth 401(K) Plan<br><br>Xiphias LLC Pension Plan | | |
| Richard Markowitz<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jocelyn Markowitz<br><br>Avanix Management LLC Roth 401(K) Plan<br><br>Batavia Capital Pension Plan | Alan E. Schoenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Telephone: (212) 230-8800<br>alan.schoenfeld@wilmerhale.com | 18-cv-04833<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01791<br>19-cv-01792<br>19-cv-01806<br>19-cv-01808<br>19-cv-01812<br>19-cv-01815<br>19-cv-01867<br>19-cv-01868<br>19-cv-01869<br>19-cv-01870<br>19-cv-01895<br>19-cv-01896<br>19-cv-01898<br>19-cv-01904<br>19-cv-01906<br>19-cv-01911<br>19-cv-01922<br>19-cv-01924<br>19-cv-01926<br>19-cv-01929 |

| | | |
|---|---|---|
| Calypso Investments Pension Plan<br><br>Cavus Systems LLC Roth 401(K) Plan<br><br>Hadron Industries LLC Roth 401(K) Plan<br><br>RJM Capital Pension Plan<br><br>RJM Capital Pension Plan Trust<br><br>Routt Capital Pension Plan<br><br>Routt Capital Trust | | 19-cv-10713 |
| Robert Klugman<br><br><br><br><br><br>RAK Investment Trust<br><br>Aerovane Logistics LLC Roth 401(K) Plan<br><br>Edgepoint Capital LLC Roth 401(K) Plan<br><br>Headsail Manufacturing LLC Roth 401(K) Plan<br><br>The Random Holdings 401(K) Plan<br><br>The Stor Capital Consulting LLC 401(K) Plan | David L. Goldberg<br>Michael M. Rosensaft<br>Zhanna A. Ziering<br>Katten Munchin Rosenman LLP<br>50 Rockefeller Plaza<br> New York, NY 10020<br>Tel.: (212) 940-8800<br>Fax: (212) 940-8776<br>david.goldberg@katten.com | 18-cv-04434<br>18-cv-07824<br>18-cv-07827<br>18-cv-07828<br>18-cv-07829<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01788<br>19-cv-01791<br>19-cv-01792<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01806<br>19-cv-01808<br>19-cv-01809<br>19-cv-01810<br>19-cv-01812<br>19-cv-01813<br>19-cv-01815<br>19-cv-01818<br>19-cv-01870<br>19-cv-01918<br>19-cv-01922<br>19-cv-01926 |

|  |  |  |
|---|---|---|
|  |  | 19-cv-01928 |
|  |  | 19-cv-01929 |
|  |  | 19-cv-01931 |
| Michael Ben-Jacob | Thomas E. L. Dewey<br>Dewey Pegno & Kramarsky LLP<br>777 Third Avenue – 29th Floor<br>New York, New York 10017<br>Tel.: (212) 943-9000<br>Fax: (212) 943-4325<br>tdewey@dpklaw.com<br><br>Elliot R. Peters<br>Julia L. Allen<br>Keker, Van Nest & Peters LLP<br>633 Battery Street<br>San Francisco, CA 94111<br>Tel.: (415) 962-7188<br>epeters@keker.com | 18-cv-04434<br>18-cv-07824<br>18-cv-07827<br>18-cv-07828<br>18-cv-07829<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01788<br>19-cv-01791<br>19-cv-01792<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01806<br>19-cv-01808<br>19-cv-01809<br>19-cv-01810<br>19-cv-01812<br>19-cv-01813<br>19-cv-01815<br>19-cv-01818<br>19-cv-01866<br>19-cv-01867<br>19-cv-01868<br>19-cv-01869<br>19-cv-01870<br>19-cv-01871<br>19-cv-01873<br>19-cv-01894<br>19-cv-01896<br>19-cv-01918<br>19-cv-01922<br>19-cv-01926<br>19-cv-01928<br>19-cv-01929<br>19-cv-01931<br>21-cv-05339 |