# Exhibit 55, Part 2

Bo Von Eyben, Peter Mortensen

ORIGINAL

# LÆREBOG I OBLIGATIONSRET II

Personskifte i skyldforhold
Fordringers ophør
Hæftelsesformer



/ KAMMERADVOK

Bo von Eyben og Peter Mortensen
*Lærebog i Obligationsret II*
5. udgave, 1. oplag
© Karnov Group Denmark A/S, København 2022

ISBN 978-87-619-4362-0

Omslag: Axel Surland, Ljungbyhed
Sats: Integra, Indien
Tryk: Drukarnia WDS, Sandomierz, Polen

Denne bog er beskyttet i medfør af gældende
dansk lov om ophavsret. Kopiering må kun
ske i overensstemmelse med loven. Det betyder
f.eks., at kopiering til undervisningsbrug kun
må ske efter aftale med Copydan Tekst og Node.
Alle rettigheder forbeholdes.

> I ældre litteratur blev personskifte også kaldt for »subjektiv forandring« af et skyld-
> forhold, idet der kommer et nyt subjekt (en ny person) på pligt- eller rettighedssiden.
> Om den endnu ældre litteratur, der hævdede, at man ikke kan tale om personskifte i
> skyldforhold, idet forandringen i subjekterne indebærer, at der stiftes et helt nyt skyld-
> forhold, se navnlig *Carl Goos*.[5] Denne opfattelse må i dag med rette anses for forladt,
> og den er heller ikke særlig velegnet til at beskrive retsstillingen ved overdragelse af
> en fordring.

Et personskifte behøver ikke at omfatte en kontrahents fulde rettighe-
der eller forpligtelser. En kreditors fordringsrettighed kan – ligesom
andre formuerettigheder – overdrages *helt eller delvist* (kreditorskifte).
Ved den fuldstændige overdragelse tales om *overdragelse til eje.* Der kan
imidlertid også ske en delvis overdragelse, hvilket f.eks. sker ved pant-
sætning af en fordringsret – dvs. *overdragelse til sikkerhed*.[6]

I det omfang debitorskifte overhovedet kan ske – jf. nedenfor afsnit 2 –
vil der enten kunne ske en hel eller en delvis overdragelse af debitors for-
pligtelser. Hvis en debitor sætter en anden i sit sted i enhver henseende,
foreligger en fuldstændig overdragelse. Det kan imidlertid også aftales, at
en ny debitor kun overtager visse af den oprindelige debitors forpligtelser.
Et eksempel kan være et køb, hvor sælgeren (realdebitor) aftaler med køber
(realkreditor), at lade en underleverandør præstere en del af leverancen.

Endvidere kan en ny debitor indtræde i et skyldforhold som *med-
skyldner* sammen med den oprindelige debitor.[7]

## 2.    Hovedreglen om debitorskifte

### 2.1.  Debitorskifte kræver kreditors samtykke

Kreditor ifølge en fordring har en klar hovedinteresse i, at fordringen
fyldestgøres af debitor. Dette gælder navnlig ved gensidigt bebyrdende
kontrakter, hvis kreditor *har* præsteret sin ydelse, men det må tillige
anses som en helt almindelig beskyttelsesværdig interesse, der bygger på
det grundlæggende princip om, at gyldige aftaler skal holdes – dvs. at
debitor skal opfylde sin forpligtelse i henhold til fordringen. Kreditors

---

5.   *C. Goos:* Forelæsninger over den almindelige Retslære, 1. del (1885) s. 184 ff og hertil
     *Ussing:* Alm. del s. 209 f og 283 samt *Lassen:* Håndbog s. 538 f.
6.   Om overdragelse til eje henholdsvis begrænset overdragelse, se *P. Mortensen:* Indled-
     ning til tingsretten s. 61 ff.
7.   Dette betegnes til tider *kumulativ skyldovertagelse*, mens det fuldstændige debitor-
     skifte betegnes *privativ skyldovertagelse*. Se *Ussing:* Alm. del s. 293 f og nedenfor
     kap. 14 om hæftelsesformer, herunder solidarisk hæftelse mellem flere debitorer.

*Kap. 11, 2.1.*

chancer for at opnå fyldestgørelse afhænger af en række faktorer, hvoraf debitors vilje og evne til at præstere sin ydelse er central. Når en aftale indgås, indebærer det sædvanligvis nogle (økonomiske) risici, som hver kontrahent må afgøre, om han vil løbe. Et væsentlig led i vurderingen af risiciene er vurderingen af, hvor stor sandsynlighed der er for, at medkontrahenten kan og vil opfylde sine forpligtelser. En kreditors accept af en aftale vil således ofte skyldes, at han har tiltro til, at debitor kan og vil opfylde denne. Det er derfor normalt ikke ligegyldigt for kreditor, hvem der er forpligtet som debitor. Der gælder derfor i dansk ret en *hovedregel*, hvorefter debitor ikke uden kreditors samtykke kan sætte en anden i sit sted. Med andre ord er *debitorskifte som hovedregel ikke tilladt uden kreditors samtykke.* Denne regel skal – sat på spidsen – forhindre, at den, der f.eks. udlåner 50.000 kr. til en person, der ejer bil og fast ejendom, og som har en årsindkomst på 1 mio. kr., pludselig må acceptere, at hans fordring på tilbagebetaling af lånet ikke kan gøres gældende mod denne oprindelige debitor, men alene mod en anden person, der er arbejdsløs, bor i lejebolig og alene oppebærer overførselsindkomst. Et sådant debitorskifte forringer kreditors udsigt til fyldestgørelse væsentligt, hvorfor han ikke bør tvinges til at acceptere dette mod sin vilje.[8]

Heller ikke ved at tilbyde betryggende *sikkerhedsstillelse* for fyldestgørelse af kreditors fordring kan debitor ensidigt sætte en anden debitor i sit sted. Dels kan sikkerheden vise sig at være ringere end lovet, når den skal realiseres, dels kan kreditors fyldestgørelse blive vanskeliggjort og være omkostningskrævende ved, at han f.eks. skal anlægge retssag mod en kautionist, der ikke vil betale.[9]

Reglen om, at debitorskifte kræver kreditors samtykke, er en *almindelig obligationsretlig regel*, der ikke udtrykkeligt fremgår af lovgivningen. For så vidt angår enkelte specielle kontraktforhold er reglen imidlertid udtrykkeligt formuleret. Se f.eks. AB 18 § 7, stk. 3, om entreprise, hvorefter hverken bygherren eller entreprenøren uden den anden parts samtykke kan overføre deres forpligtelser til andre. I øvrigt fremgår en række *undtagelser* til reglen udtrykkeligt af lovgivningen, jf. nedenfor afsnit 4. Herudover underbygges reglen af den juridiske litteratur[10] og af retspraksis.

---

8. At eksemplet ikke er urealistisk, fremgår af UfR 1992.858 H. Se også UfR 1974.129 H.
9. Jf. *P. Augdahl:* Den norske obligationsrets almindelige del (4. udg. 1972) s. 366, der – mindre overbevisende – afviser sikkerhedsstillelse alene »… av rettstekniske grunner.«
10. Se f.eks. *Iversen 3* s. 195 *N. J. Clausen* i Dansk privatret, s. 397, *Ussing*: Alm. del s. 210, *Lassen*: Håndbog s. 608 f og for så vidt angår norsk ret: *P. Augdahl:* Den norske obligationsretts almindelige del (4. udg. 1972) s. 365 f samt *V. Hagstrøm*: Obligasjonsrett (2. udg. 2011) s. 869.

20

*Kap. 11, 2.1.*

Fra *retspraksis* kan nævnes *UfR 1978.177 H*, hvor en bygherre havde indgået en entreprisekontrakt, hvorefter to murermestre (entreprenørerne) skulle opføre et enfamilieshus på en grund, der var ejet af bygherren. Da entreprenørerne havde gravet ud til husets kælder, solgte bygherren grunden med rettigheder og pligter i henhold til entreprisekontrakten til en køber. Da entreprenørerne herefter stoppede byggeriet, lod køberen huset opføre af en anden og krævede sit tab herved dækket af entreprenørerne. Entreprenørerne blev imidlertid frifundet for kravet, da landsretten (hvis dom Højesteret tiltrådte) under de foreliggende omstændigheder, hvor entreprenørerne havde påtaget sig at udføre et byggeri for en privat person, som de kendte, og hvor byggeriet – bortset fra udgravning til kælder – endnu ikke var påbegyndt, fandt, at overdragelsen af bygherrens rettigheder og forpligtelser til køberen af grunden havde krævet entreprenørernes medvirken, for at overdragelsen kunne være bindende for dem.

Det bemærkes, at der normalt ikke er noget til hinder for overdragelse af *rettighederne* i henhold til en entreprisekontrakt, sammenlign AB 18 § 7, stk. 1,[11] og se nærmere kap. 12, afsnit 1.1. At overdragelse af rettighederne ikke blev accepteret af landsretten i UfR 1978.177 H skyldtes muligvis, at landsretten fandt, at overdragelsen ville medføre en væsentlig risiko for, at bygherren ville miste sin tilskyndelse til at opfylde, jf. nedenfor kap. 12, afsnit 1.2.2.2. Højesteret tog antageligvis kun stilling til debitorskiftet ved sin stadfæstelse af dommen »… i så henseende …«, hvilket formentlig refererer til de i dommen angivne udtalelser fra Håndværksrådet om *debitorskifte*.

Hovedreglen, om at debitorskifte kræver samtykke, fremgår endvidere *forudsætningsvis* af UfR 1985.220 V og UfR 1994.243 H. *UfR 1985.220 V* vedrørte overdragelsen af hæftelsen ifølge et gældsbrev, der var udstedt af ejeren af en fast ejendom (debitor) til en grundejerforening (kreditor). Grundejeren solgte sin ejendom og fremsendte til grundejerforeningen en gældsovertagelseserklæring, ifølge hvilken køberen af ejendommen overtog hæftelsen i henhold til gældsbrevet. Grundejerforeningen reagerede ikke herpå, men opkrævede efterfølgende gældsbrevsydelserne hos køberen. Herefter fandtes grundejerforeningen stiltiende at have accepteret, at køberen var indtrådt i foreningen i sælgerens sted. Grundejerforeningen kunne derfor ikke rette krav mod sælgeren. Med præmissen vedrørende den stiltiende accept tilkendegav landsretten således indirekte, at et samtykke – herunder stiltiende – er en forudsætning for debitorskifte.

Se tilsvarende i *UfR 1994.243 H*, hvor det ikke var bevist, at A A/S i forbindelse med indgåelsen af en aftale med B A/S om levering af paneler til en lydmur tilstrækkeligt klart havde tilkendegivet, at aftalen skulle indgås eller var indgået med et andet – af B A/S helt uafhængigt – selskab (C A/S). At fakturaer efterfølgende blev udstedt til C A/S var ikke tilstrækkeligt bevis for, at A A/S havde accepteret et fra B A/S

---

11. Denne bestemmelses forgænger i AB 72 var ikke påberåbt i UfR 1978.177 H. AB 18 § 7 sondrer mellem *overdragelse af rettigheder* (stk. 1) – dvs. kreditorskifte – og *ikke overførelse af forpligtelser* (stk. 3) – dvs. et forbud mod debitorskifte.

21

*Kapitel 12*

# Kreditorskifte

## 1.  Hovedreglen: Fri overførlighed og undtagelser herfra

### 1.1.  Fri overførlighed

Som anført i kap. 11, afsnit 2.1. er udgangspunktet, at *pligtsiden* i et skyldforhold ikke kan overdrages (debitorskifte). For så vidt angår *rettighedssiden* er udgangspunktet derimod det modsatte: En fordringshaver (kreditor) kan uden debitors accept overdrage sin fordring til tredjemand (erhververen) til eje (transportere) eller til sikkerhed (pantsætning). Kreditors fordring mod debitor på at modtage f.eks. en realydelse eller et pengebeløb kan således – ligesom andre formuerettigheder – overføres.[1] Overførslen kan ske ved *aftale* (også kaldet overdragelse eller transport), ved *kreditorforfølgning* (f.eks. udlæg, jf. rpl. § 508, eller konkurs, jf. KL § 32), *ensidigt ved gave* eller *ved arv*. Om terminologien se nærmere kap. 11, afsnit 1.

> Se til illustration *UfR 1985.694 Ø*, hvor en kommune (debitor) efter den dagældende lov om offentlig sygesikring skulle betale 876,64 kr. i tilskud for en patients (kreditors) behandling hos en fysioterapeut (erhververen). Kommunen ville ikke betale til fysioterapeuten, der ikke var omfattet af en overenskomst, og betalte i stedet direkte til patienten. Patienten afviste at modtage betalingen med henvisning til, at han havde transporteret kravet på kommunen til fysioterapeuten, hvilket han havde meddelt kommunen. Landsretten fandt, at betaling i medfør af gbl. § 29[2] kun kunne ske til fysioterapeuten. Da transporten hverken var udelukket ved aftale eller ved lov om offentlig sygesikring, blev kommunen dømt til at betale til fysioterapeuten. Se også *UfR 1971.337 V*, hvor landsretten fastslog, at den nye ejer af et hotel kunne gøre

---

1.  Jf. *Iversen* 3 s. 109, *Ussing:* Alm. del s. 210 og *Lassen*: Håndbog s. 540 samt for så vidt angår norsk ret *V. Hagstrøm*: Obligasjonsrett (2. udg. 2011) s. 883.
2.  Se nærmere herom nedenfor afsnit 5.2.

*Kap. 12, 1.1.*

en kautionsforpligtelse gældende, selv om kautionisten havde påtaget sig forpligtelsen over for den tidligere ejer som sikkerhed for krav i tilfælde af en forpagters misligholdelse. Forpagteren misligholdt over for den nye ejer. En dissentierende dommer mente dog, at kautionserklæringen måtte fortolkes således, at den alene berettigede den udtrykkeligt nævnte oprindelige ejer. Dette har sammenhæng med spørgsmålet, om overførligheden af fordringer kan begrænses ved aftale. Se herom nedenfor afsnit 1.2.3.2.[3] Om kravene til en gyldig overdragelse af en fordring, se bl.a. UfR 2020.2943 Ø.

Forskellen på hovedreglerne for henholdsvis debitor- og kreditorskifte skyldes, at kreditor løber en væsentlig risiko for ikke at opnå fyldestgørelse, hvis der indsættes en ny debitor, *mens det som udgangspunkt ikke gør nogen forskel for debitor, om han skal opfylde over for den ene eller den anden kreditor* – opfylde skal han under alle omstændigheder. Dog kan der i nogle tilfælde være behov for at beskytte debitor ved at begrænse overførligheden af visse typer af fordringer (se nedenfor afsnit 1.2.). Endvidere taler kreditors interesse i at kunne udnytte sine fordringer økonomisk ligesom kreditors øvrige aktiver ved salg eller pantsætning for, at fordringerne frit skal kunne overdrages. Dette gælder navnlig ved negotiable fordringer (se herom nedenfor afsnit 6), som er udstedt med henblik på at være let omsættelige. Ved overdragelse eller pantsætning af fordringen modtager kreditor således en købesum eller et lånebeløb fra erhververen/panthaveren, hvorved kreditors likviditet forbedres i perioden, indtil debitor indfrier fordringen. Adgangen til kreditorskifte er endvidere normalt også i debitors interesse, idet kreditors vilje til at yde lån og kredit normalt afhænger af hans mulighed for at finansiere kreditten.[4] Finansieringen kan bl.a. ske gennem belåning/pantsætning af fordringen mod debitor.[5]

Hensynene til debitor henholdsvis kreditor vægtes forskelligt, afhængig af om der er tale om simple eller negotiable fordringer. Mens reglerne om *simple fordringer* først og fremmest har til formål at beskytte debitor mod, at byrden ved hans forpligtelse forøges på grund af overdragelsen, har reglerne om *negotiable fordringer* først og fremmest til formål at lette kreditors omsætning af fordringerne, således at skyldnerens eventuelle

---

3. Ved overdragelse af hovedfordringen overføres fordringen mod kautionisten som hovedregel også til erhververen af hovedfordringen, jf. *Ussing*: Kaution s. 248.
4. Om de forskellige interesser se *V. Hagstrøm*: Obligasjonsrett (2. udg. 2011) s. 884 ff.
5. Se f.eks. om fakturabelåning (factoring), *Pant* s. 355 ff, *L. H. Kristensen*: Studier i erhvervsfinansieringsret (2003) s. 141 ff og *Panteret* s. 551 ff. Se også om fordringspant, TL § 47 d, stk. 1, og *Panteret* s. 578 f.

*Kap. 12, 1.2.*

svage indsigelser tilsidesættes til fordel for en godtroende erhverver af fordringen.[6]

Reglerne om kreditorskifte er – som reglerne om debitorskifte – udtryk for *almindelige obligationsretlige grundsætninger*, der følger af den juridiske litteratur og retspraksis. Til forskel fra debitorskifte reguleres kreditorskifte imidlertid i vidt omfang også af reglerne i gældsbrevsloven og andre lovregler. *Gældsbrevsloven* gælder kun direkte for gældsbreve, men bl.a. *reglerne i lovens kap. 3 om simple gældsbreve anvendes analogt på andre simple fordringer*, herunder fordringer på andet end penge.[7]

Kreditorskifte – dvs. tilfælde hvor en fordring overføres fra den oprindelige kreditor til erhververen – må holdes adskilt fra den situation, hvor der *stiftes en ny fordring* mellem den oprindelige debitor og en ny kreditor, som træder i stedet for fordringen mellem debitor og den oprindelige kreditor.

> Kreditorskifte må endvidere adskilles fra *subrogation* (dvs. tredjemands erhvervelse af en fordringsret mod debitor ved at fyldestgøre den oprindelige kreditor).[8] Reglerne om overførsel af *en del* af en fordring eller overførsel af *én fordring til flere erhververe* behandles ikke her, idet fremstillingen er fokuseret mod hovedprincipperne.[9]

## 1.2. Begrænsninger i overførligheden

Selv om det som udgangspunkt er uden betydning for debitor, om han skal betale til den ene eller den anden kreditor, *kan* der forekomme situationer, hvor et kreditorskifte vil kunne medføre væsentlig *ulempe for debitor*. I de mest betydningsfulde af disse tilfælde er der derfor vedtaget lovgivning, der udelukker eller begrænser adgangen til kreditorskifte. Disse situationer behandles nedenfor i afsnit 1.2.2. I enkelte tilfælde kan det desuden være i *kreditors* egen interesse, at hans adgang til at overdrage bestemte fordringer, er begrænset. Også her griber lovgivningen i et vist omfang ind. Disse situationer behandles i afsnit 1.2.1. Endelig kan det forekomme, at adgangen til kreditorskifte er søgt begrænset *ved privatretlige dispositioner* i form af aftale eller testamente. Se nedenfor afsnit 1.2.3. om båndlæggelse og aftalte begrænsninger.

6. Sammenlign *Iversen* 3 s. 11 og 160 og nærmere nedenfor afsnit 2.
7. Jf. *Iversen 3* s. 117 f samt nærmere nedenfor afsnit 2.
8. Se herom bl.a. *Ussing:* Alm. del s. 210 og *Lassen*: Håndbog s. 312 ff., samt kap. 14, afsnit 3.4.1.
9. Se herom bl.a. *Ussing*: Alm. del s. 235 f, *Lassen*: Håndbog s. 583 f og *V. Hagstrøm*: Obligasjonsrett (2. udg. 2011) s. 888 f.