# Exhibit 57

CHAPTER 19

# Negotiable documents and fund assets

1. Main points of the negotiability rules

Certain claims, e.g. commercial paper, securities (including the early mass debt instruments, e.g. government and mortgage bonds) and certain ownership certificates for shares in companies are negotiable. Previously, such negotiable claims were always in writing (document-based), and the Germans expressed nego- tiability with the slogan: *Das Recht aus dem Papier folgt dem Recht am Papier*. Extinctive acquisition by assignment of a negotiable claim consists in the fact that the assignee obtains the right that he could have expected to obtain from the document, even if the assignor did not have this right.

Today, receivables are largely no longer available as paper documents as they have been digitized: Mortgages on real estate, which used to be the most practical example of negotiable instruments, have been digitized. Bonds - such as government bonds and mortgage bonds - were formerly materialized (i.e. physically present in the form of paper documents) and covered by GBL chapters 5 and 6, which deal with "bulk debt instruments". Today, such securities are dematerialized (i.e. only registered digitally in a central securities depository) and, since January 3, 2018, covered by the Capital Markets Act (KML), which replaced the previously applicable Securities Trading Act (VPHL). Shares and other listed "securities" are also available as a regulation of the nominal (face) value of the shares in accounts in a central securities depository. The accounts in a central securities depository are administered - in addition to the central securities depository itself - by the so-called "account-holding institutions", cf. section 3(35) of the MLA, including banks, investment companies and mortgage credit institutions, cf. section 190 of the MLA (formerly section 62 of the VPHL), which have entered into an affiliation agreement with the central securities depository, cf. section 192 of the MLA (formerly section 64 of the VPHL). The general rules on assignment and other transfer of rights also apply to securities. Both the protection of the right to securities against third parties, both prosecuting creditors and bona fide purchasers, and the legitimation against the debtor and the company are linked to the regulations in the VP. The rules in sections 184 and 186 of the KML (formerly VPHL

Torsten Iversen - 9788771981902
Download from Jurabibliotek.dk, 07/19/2024
10:52:25AM
via Kammeradvokaten

COMPUTER TRANSLATION

159

Torsten Iversen - 9788771981902
Download from Jurabibliotek.dk, 07/19/2024
10:52:25AM
via Kammeradvokaten

KAPITEL 19

# Negotiable dokumenter og fondsaktiver

1. Hovedpunkter i reglerne om negotiabilitet

Visse fordringer, f.eks. omsætningsgældsbreve, fondsaktiver (bl.a. de tidligere massegældsbreve, f.eks. stats- og realkreditobligationer) og visse ejerbeviser til kapitalandele i selskaber er negotiable. Tidligere var sådanne negotiable fordringer altid skriftlige (dokumentbaserede), og tyskerne udtrykte negotiabiliteten slagordsagtigt med ordene: *Das Recht aus dem Papier folgt dem Recht am Papier*. Ekstinktiv erhvervelse ved overdragelse af en negotiabel fordring består i, at erhververen opnår den ret, han efter dokumentets udvisende kunne regne med at få, selv om overdrageren ikke havde denne ret.

I dag foreligger fordringerne i vid udstrækning ikke længere som papirdokumenter, da de er blevet digitaliserede: Pantebreve i fast ejendom, der tidligere var det praktisk vigtigste eksempel på omsætningsgældsbreve, er digitaliserede. Obligationer – f.eks. statsobligationer og realkreditobligationer – var tidligere materialiserede (dvs. forelå fysisk i form af papirdokumenter) og omfattet af GBL kapitel 5 og 6, som omhandler »massegældsbreve«. I dag er sådanne papirer dematerialiserede (dvs. alene registreret digitalt i en værdipapircentral) og siden den 3. januar 2018 omfattet af kapitalmarkedsloven (KML), der har afløst den tidligere gældende værdipapirhandelslov (VPHL). Også aktier og andre børsnoterede »værdipapirer« foreligger som en registrering af aktiernes nominelle (pålydende) værdi på konti i en værdipapircentral. Kontiene i en værdipapircentral administreres – foruden af værdipapircentralen selv – af de såkaldte »kontoførende institutter«, jf. KML § 3, nr. 35, herunder pengeinstitutter, fondsmæglerselskaber og realkreditinstitutter, jf. KML § 190 (tidligere VPHL § 62), der har indgået en tilslutningsaftale med værdipapircentralen, jf. KML § 192 (tidligere VPHL § 64). De almindelige regler om overdragelse og anden overførelse (overgang) af rettigheder gælder også om fondsaktiver. Såvel sikringen af retten til fondsaktiver over for tredjemand, både retsforfølgende kreditorer og godtroende omsætningserhververe, som legitimationen over for debitor og selskab er knyttet til registreringen i VP. Reglerne herom i KML §§ 184 og 186 (tidligere VPHL

159

Torsten Iversen - 9788771981902
Download fra Jurabibliotek.dk, 07/19/2024 10:52:25AM
via Kammeradvokaten