# Exhibit 59

COMPUTER TRANSLATION

CHAPTER 20

# Assumption of debt

1. The main rule of debtor switching

The creditor's prospect of being satisfied and thus the value of his claim against the debtor depends partly on the amount owed and the terms of payment, interest and amortization, and partly on the debtor's willingness and ability to make the payment due. Therefore, unlike creditor changes, debtor changes cannot generally take place without the creditor's consent. The debtor cannot on his own put someone else in his place as debtor. This applies to both unilateral and mutual debt relationships. Neither payment obligations, cf. SEL § 34(6) or other obligations can be freely transferred to others. A party to a contract for performance that has not yet been fulfilled can only substitute another person as an obligated contracting party with the consent of the other contracting party. A builder can sell a house under construction, but he cannot transfer his obligations under the contract with the contractor without consent.[1] On the other hand, the developer - like other contractors - can generally transfer his rights under the contract, cf. AB 92 § 5(1), but cf. U 1978.177 H, which seems specifically justified.[2] See also TfL 2010.58 V, where a production agreement concerning hatching eggs had ceased to exist and the rights under the agreement could therefore not be transferred.[3]

It is the general rule in all countries we normally compare ourselves with that rights are freely transferable, whereas obligations cannot be transferred to others without the consent of the beneficiary. This is stated, for example, in PECL art. 11:102 and 12:101, DCFR art. III-5:101 and III-5:20 and UPICC art. 9.1.1-9.1.5 and 9.2.1. See on Norwegian law *Hagstrom:* Obligasjonsrett p. 869 ff. and *Lilleholt:* Kontraktsrett og obligasjonsrett p. 549 ff. and on Swedish law *Rodhe:* Lärobok i obligationsrätt p. 297 f.

---

1. Cf. AB 92 § 5(3) (bet. 1246/1993 p. 67 f).
2. See about the judgment *Bo von Eyben et al:* Obligationsret II p. 19.
3. The short presentation text preceding the header is imprecise.

195

Torsten Iversen - 9788771981902
Download from Jurabibliotek.dk, 07/22/2024
09:19:26AM
via Kammeradvokaten

The right under a reciprocal contract is usually transferable, but not the obligation to pay the consideration. However, the right may be non-transferable due to its personal nature, cf. section 26(2) of the LL, according to which the tenant may not without the landlord's consent transfer the use of the rented premises or any part thereof to anyone other than members of his household, and section 34(2) of the ELL, according to which the commercial tenant may not transfer the use to others.

The Rent Act (LL) applies to the renting of a house or house room, while the Commercial Rent Act (ELL) applies to the renting of premises that are rented exclusively for non-residential purposes.
   LL §§ 69-79 contain some exceptions to the main rule in LL § 26(2), including the right to sublet and exchange and the right of a person to continue the tenancy after separation and divorce from the tenant or the tenant's death. If a tenancy is assigned to the tenant's (former) spouse (etc.), the tenant is liable for the rent, at least until the landlord is notified of the change of tenant and the notice period has expired, see U 1975.230/2 H (cf. *Trolle* in U 1975 B p. 387 ff.). See about the judgment *Peter Vesterdorf* in U 1978 B p. 346 f. and *Louise Faber:* Afståelsesret p. 177 ff.
   Tenancies where there is a plurality of persons on the tenant side - be it an unorganized housing cooperative or an organized partnership - raise special questions, e.g. when one of the persons wants to leave or another person wants to join the tenancy. See *Louise Faber:* Afståelsesret p. 83 ff (cf. *Torsten Iversen* in U 2007 B p. 168 f.) and *Claus Rohde* in T:BB 2006 p. 193 ff.

A creditor's consent to a change of debtor may be *specific* and relate to an actual transaction, whereby the creditor agrees that a certain person, in accordance with its agreement with the former debtor, will take its place as debtor. Such consent may also take the form of a *general* (prior) authorization contained in the original agreement with the debtor, which - under certain conditions - entitles the debtor to transfer its obligations to another person.[4] A general authorization will generally also allow the new debtor to put another person in its place.

In U 2008.2320 V, a lessee had received a debtor change declaration from the leasing company so that the new owner of the lessee's bakery could enter into the leasing contract as a debtor. However, the lessee never returned the declaration with signatures to the leasing company, and a change of debtor had therefore not occurred.

Prior consent to future debtor's assignments is used, for example, in mortgages to make it possible to transfer the personal liability for the secured loans to the buyers of the mortgage, cf. section 39(1) and (2) of the Real Estate Act. Leases sometimes contain a provision that gives the tenant the right to assign the lease.

---

4.   Cf. *Werlauff:* Obligationsretten - en introduktion p. 173 f.

Torsten Iversen - 9788771981902
Download from Jurabibliotek.dk, 07/22/2024
09:19:26AM
via Kammeradvokaten

The lease with rights and obligations to another person as a tenant, and such a right of assignment applies declaratively to commercial leases, cf. section 55 of the ELL.

Under the Danish Tenancy Act, transfer of the lease to others is possible in a number of special cases, which are regulated in sections 69-79 of the Danish Civil Code (on e.g. separation and divorce), which are mentioned above (see, however, below on section 74a of the Danish Civil Code). Under the Commercial Tenancy Act, however, transfer is generally possible - within certain limits - as according to section 55 of the ELL. ELL § 55 the tenant is granted a (declaratory) right of assignment. According to this provision, the tenant has the right to allow another tenant within the same industry to continue the tenancy on unchanged rental terms, unless the landlord has compelling reasons, including the incoming tenant's finances or industry knowledge, to oppose this. LL § 74 a, which was introduced by Act no. 934 of December 27, 1991, contains a rule similar to ELL § 55, but only applies to leases concluded before January 1, 2000. The right to let a limited liability company or private limited company become a tenant under ELL
§ However, section 55 is partly limited and partly conditional. When exercising a right of assignment, the new tenant takes the place of the old tenant, and the tenancy continues (with modifications regarding assignment to limited liability companies) on unchanged terms, cf. (for older law) U 1985.349 H, which ruled that the landlord could not demand an increased deposit in connection with the assignment. Older decisions on the right of surrender must be read in light of the fact that the right did not follow declaratory of the law, but may still be of interest. See e.g. U 1995.648 H and U 1995.574 H, which amended U 1993.524 Ø (see about the judgments U 1996 B p. 187 ff.). See also U 1993.524 Ø and U 1947.214 Ø as well as *Vesterdorf* in U 1980 B p. 385 ff. The decision U 1934.512 H (see *Troels G. Jørgensen* in TfR 1935 p. 332 f.) concerns the question whether a transformer association's articles of association contained a prior consent to debtor substitution.

The rule that a debtor can only be assigned with the creditor's consent is not without exceptions. However, the cases where the rule is deviated from are all of a special nature and concern cases where there is a special security of one kind or another for the claim, cf. TL § 39(1) on prior consent.

   The entry of a bankruptcy estate into a mutually binding contract under the rules of Chapter 7 of the Bankruptcy Act is not a change of debtor, even if the estate and the debtor are different legal entities. A debtor who is subject to reorganization proceedings remains the same legal entity, and no estate is created in this connection. Therefore, there is no change of debtor when contracts are continued in reorganization. On the other hand, a debtor change rule applies in accordance with KL § 14 c, paragraph 2,[5] when a mutually binding contract is transferred as part of a business transfer from the debtor under reconstruction to a third party. The rule, which contains a general reservation that otherwise may result from the "nature of the legal relationship", does not apply to employment contracts. Such agreements are covered by the Act on the Legal Status of Employees in the Event of Transfer of Undertakings.

197

---

5. See Kim Sommer Jensen in Reconstruction, p. 405 ff.

Torsten Iversen - 9788771981902
Download from Jurabibliotek.dk, 07/22/2024
09:19:26AM
via Kammeradvokaten

In the event of a merger, there is a universal succession that includes both rights and obligations from the merging company or companies to the continuing company, cf. SEL § 250.[6]

A financial undertaking may only be merged with another financial undertaking with the permission of the Minister for Economic and Business Affairs, cf. the Financial Business Act (FIL).
§ Section 204(1). If an insurance company is authorized to do so, it follows from the rule in FIL
§ Section 204(5) that the insurance undertaking which transfers all or part of its insurance portfolio to another undertaking by merger shall thereby be released from its obligations relating to the transferred portfolio.

An employee cannot put someone else in his place, but an employee must to a certain extent accept that rights and obligations under the employment contract are transferred to an acquirer of the company or part thereof. Immediately upon the transfer, the new owner assumes the rights and obligations that exist at the time of the transfer under collective and individual employment agreements, cf. section 2(1) of the Act on the Legal Status of Employees in the event of Transfer of Undertakings (VOL).

If a transfer entails a significant change in working conditions to the detriment of the employee, cf. VOL Section 3(2), or otherwise such changes in the employee's working conditions that he can justifiably consider the conditions for remaining in the position to be broken, the employee is entitled to consider himself terminated by the employer, cf. U 1983.685 H and the European Court of Justice judgment of 16 December 1992 in C-132/91, which approves that such a practice is compatible with the 1977 Directive on which the law is based. Seniority for employees who continue the employment relationship is calculated from the original date of employment, cf. section 2(1) of VOL and section 2(8) of FUL.

Debtor subrogation may result from the exercise of purchase, pre-emption, repossession or re-entry rights. The specific legal effects may in some respects give rise to doubt and dispute.

In U 1994.745 V, a conditional deed holder (K) on a property (a condominium) had leased the property to a tenant (L), although K had not paid the cash purchase price, of which the purchase was conditional. When the seller (S) repossessed the property, he was found liable for L's claim for repayment of the deposit and overpaid rent pursuant to section 7 LL.[7] The result

---

6. See *Munck and Hedegaard Kristensen:* Selskabsformerne p. 368 ff, *Gomard and Schaumburg-Müller:* Kapitalselskaber og erhvervsdrivende fonde p. 568 f, *Jan Schans Christensen:* Kapitalselskaber p. 660 ff, *Krüger Andersen:* Aktie- og anspartsselskabsret p. 621 ff, *Werlauff:* Selskabsret p. 768 ff.
7. See *H. Krag Jespersen:* Lejeret 1 p. 87 ff, *Illum:* Tingsret p. 293 ff and *Hans Willum-sen:* Om betinget overdragelse af fast ejendom p. 15 ff.

Torsten Iversen - 9788771981902
Download from Jurabibliotek.dk, 07/22/2024
09:19:26AM
via Kammeradvokaten

was reasonable in the specific case, especially because S had consented to the rental and had received transportation of the rental payments from L. On the other hand, the result can hardly be based on LL § 7. A person who derives his right from a *conditional* deed holder cannot be assigned more right than what follows from it. If the condition is not met, he has no right. *Willumsen:* Conditional transfer of real estate p. 16 assumes that the buyer of a rental property under a conditional deed is *legitimized* to continue normal operations and enter into new rental agreements. This is probably true, but does not change the fact that a conditional deed holder is prevented from letting a detached house or a condominium with binding effect for the owner who will have to take back the property because the condition is never fulfilled.

U 1997.20 V (only) concerned the question whether the tenant's right to request an auction of the property, in which he had made an attachment for his claim for repayment of deposit, could be enforced as the attachment had not been registered and the property transferred to a buyer in good faith. The answer was affirmative (but did not change the fact that the auction buyer was liable for the claim pursuant to section 7 of the Danish Civil Code). A rule corresponding to LL § 7 is found in ELL § 6. In U 2017.2942 H, where the owner of the property had rented it to several tenants and collected deposits from all of them, it was held that only "the tenant who has or has had the right to the lease" is covered by the protection in LL § 7.

If a contract has been assigned - be it under the application of a pre-contractual agreement or after a specific consent - the contract generally continues unchanged between the new party and the original counterparty. Therefore, any termination clause that accrued to the withdrawn contracting party can also be invoked by the party that has taken his place, cf. U 2006.1698 H.

## 2. Receivables secured by mortgage on real estate (debt assumption)

A mortgage in real property continues to exist regardless of changes of ownership, at least if the prescribed security deed is observed, cf. e.g. TL §§ 1 and 47. If the value of the pledge is fully sufficient to cover the secured claim, the personal liability of the pledgor has no real impact on the pledgee's security. However, mortgage collateral can change over time. The claim can be reduced by installments (amortization) or increase due to arrears. The value of the collateral changes with the price development of assets of this kind, with improvements or wear and tear and obsolescence, and is dependent on good or bad maintenance.

Mortgages to be registered digitally must refer to the standard terms approved by the Ministry of Justice, General Conditions for Mortgages, which are available in a number of versions, including General Conditions A and B (previously General Conditions A and B):

199

Torsten Iversen - 9788771981902
Download from Jurabibliotek.dk, 07/22/2024
09:19:26AM
via Kammeradvokaten

KAPITEL 20

ORIGINAL

# Debitorskifte

### 1. Hovedreglen om debitorskifte

Kreditors udsigt til at blive fyldestgjort og dermed værdien af hans fordring på debitor beror dels på størrelsen af det skyldige beløb og betalingsvilkårene, forrentning og amortisation, dels på debitors vilje og evne til at præstere den skyldige ydelse. Debitorskifte kan derfor i almindelighed ikke – i modsætning til kreditorskifte – ske uden kreditors samtykke. Debitor kan ikke på egen hånd sætte en anden i sit sted som debitor. Dette gælder både i ensidige og i gensidige skyldforhold. Hverken betalingsforpligtelser, sml. SEL § 34, stk. 6, eller andre forpligtelser kan frit overføres til andre. En part i en gensidigt bebyrdende kontrakt, der endnu ikke er opfyldt, kan kun sætte en anden person i sit sted som forpligtet kontrahent, hvis medkontrahenten giver sit samtykke. En bygherre kan sælge et hus under opførelse, men han kan ikke uden samtykke overdrage sine forpligtelser iht. kontrakten med entreprenøren.[1] Derimod kan bygherren – ligesom andre kontrahenter – i almindelighed overdrage sine rettigheder iht. kontrakten, jf. AB 92 § 5, stk. 1, men sml. U 1978.177 H, der forekommer konkret begrundet.[2] Se også TfL 2010.58 V, hvor en produktionsaftale vedrørende rugeæg var ophørt med at eksistere, og rettighederne i henhold til aftalen derfor ikke kunne overdrages.[3]

Det er hovedreglen i alle lande, vi normalt sammenligner os med, at rettigheder frit kan overdrages, hvorimod forpligtelser ikke kan overføres på andre, medmindre der foreligger et samtykke fra den berettigede. Dette er f.eks. fastslået i PECL art. 11:102 og 12:101, DCFR art. III-5:101 og III-5:20 og UPICC art. 9.1.1-9.1.5 og 9.2.1. Se om norsk ret *Hagstrøm:* Obligasjonsrett s. 869 ff. og *Lilleholt:* Kontraktsrett og obligasjonsrett s. 549 ff. og om svensk ret *Rodhe:* Lärobok i obligationsrätt s. 297 f.

---

1. Jf. AB 92 § 5, stk. 3 (bet. 1246/1993 s. 67 f).
2. Jf. om dommen *Bo von Eyben m.fl.:* Obligationsret II s. 19.
3. Den korte præsentationstekst forud for domshovedet er upræcis.

Torsten Iversen - 9788771981902
Download fra Jurabibliotek.dk, 07/22/2024 09:19:26AM
via Kammeradvokaten

Retten efter en gensidig kontrakt kan som regel overdrages, men ikke pligten til at udrede vederlaget. Retten kan dog være uoverdragelig på grund af sin personlige karakter, jf. LL § 26, stk. 2, hvorefter lejeren ikke uden udlejerens samtykke må overlade brugen af det lejede eller nogen del deraf til andre end medlemmer af sin husstand, og ELL § 34, stk. 2, hvorefter erhvervslejeren ikke må overlade brugen til andre.

Lejeloven (LL) gælder for leje af hus eller husrum, mens erhvervslejeloven (ELL) gælder for leje af lokaler, der udelukkende er udlejet til andet end beboelse.
  LL §§ 69-79 indeholder nogle undtagelser fra hovedreglen i LL § 26, stk. 2, bl.a. om ret til fremleje og bytte og om ret for en person til at fortsætte lejemålet efter separation og skilsmisse fra lejer eller lejers død. Tillægges et lejemål lejerens (hidtidige) ægtefælle (mv.), hæfter lejeren for lejen, i hvert fald indtil udlejeren får meddelelse om lejerskiftet, og opsigelsesvarslet er udløbet, jf. U 1975.230/2 H (jf. *Trolle* i U 1975 B s. 387 ff.). Se om dommen *Peter Vesterdorf* i U 1978 B s. 346 f. og *Louise Faber:* Afståelsesret s. 177 ff.
  Lejeforhold, hvor der på lejerside er en flerhed af personer – det være sig et uorganiseret boligkollektiv eller et organiseret interessentskab – rejser særlige spørgsmål, bl.a. når én af personerne ønsker at udtræde af, eller en anden person ønsker at indtræde i lejeforholdet. Se hertil *Louise Faber:* Afståelsesret s. 83 ff. (jf. *Torsten Iversen* i U 2007 B s. 168 f.) og *Claus Rohde* i T:BB 2006 s. 193 ff.

Et samtykke fra kreditor til debitorskifte kan være *konkret* og angå en aktuel transaktion, således at kreditor godkender, at en bestemt person i overensstemmelse med dennes aftale med den hidtidige debitor indtræder i dennes sted som debitor. Et sådant samtykke kan også foreligge i form af en *generel* (forhånds)tilladelse, som er indeholdt i den oprindelige aftale med debitor, og som – under visse betingelser – giver debitor ret til at overføre sine forpligtelser til en anden person.[4] En generel tilladelse vil i almindelighed også give den nye debitor mulighed for at sætte en anden person i sit sted.

I U 2008.2320 V havde en leasingtager fra leasingselskabet modtaget en debitorskifteerklæring, således at den nye ejer af leasingtagers bageri kunne indtræde i leasingkontrakten som debitor. Leasingtageren returnerede imidlertid aldrig erklæringen med underskrifter til leasingselskabet, og debitorskifte var derfor ikke sket.

Forhåndssamtykke til fremtidige skyldnerskifter anvendes f.eks. i pantebreve for at gøre det muligt at overføre det personlige ansvar for de pantesikrede lån til købere af pantet, jf. om fast ejendom TL § 39, stk. 1 og 2. Lejekontrakter indeholder undertiden en bestemmelse, der giver lejeren ret til afståelse af le-

---

4.   Jf. *Werlauff:* Obligationsretten – en introduktion s. 173 f.

196

Torsten Iversen - 9788771981902
Download fra Jurabibliotek.dk, 07/22/2024 09:19:26AM
via Kammeradvokaten

jemålet med rettigheder og pligter til en anden person som lejer, og en sådan afståelsesret gælder deklaratorisk for erhvervslejemål, jf. ELL § 55.

Efter lejeloven er overdragelse af lejemålet til andre mulig i en række specialtilfælde, som er reguleret i LL §§ 69-79 (om bl.a. separation og skilsmisse), som er omtalt ovenfor (jf. dog nedenfor om LL § 74 a). Efter erhvervslejeloven er overdragelse derimod – inden for visse rammer – generelt mulig, idet der iht. ELL § 55 er tillagt lejer en (deklaratorisk) afståelsesret. Efter denne bestemmelse har lejeren ret til at lade en anden lejer inden for samme branche fortsætte lejeforholdet på uændrede lejevilkår, medmindre udlejeren har vægtige grunde, herunder den indtrædende lejers økonomi eller branchekendskab, til at modsætte sig dette. LL § 74 a, der blev indført ved lov nr. 934 af 27. december 1991, indeholder en regel svarende til ELL § 55, men har kun betydning for lejemål indgået før 1. januar 2000. Retten til at lade et aktie- eller anpartsselskab indtræde som lejer efter ELL § 55 er dog dels begrænset, dels betinget. Ved udnyttelse af en afståelsesret indtræder den nye lejer i stedet for den gamle, og lejeforholdet fortsætter (med modifikationer fsv. angår afståelse til aktie- eller anpartsselskaber) på uændrede vilkår, jf. (for ældre ret) U 1985.349 H, der fastslog, at udlejer ikke kunne kræve depositum forhøjet i anledning af afståelsen. Ældre afgørelser om afståelsesret må læses i lyset af, at retten ikke fulgte deklaratorisk af loven, men kan fortsat have interesse. Se bl.a. U 1995.648 H samt U 1995.574 H, der ændrede U 1993.524 Ø (jf. om dommene U 1996 B s. 187 ff.). Se endvidere U 1993.524 Ø og U 1947.214 Ø samt *Vesterdorf* i U 1980 B s. 385 ff. Afgørelsen U 1934.512 H (jf. *Troels G. Jørgensen* i TfR 1935 s. 332 f.) angår spørgsmålet, om en transformatorforenings vedtægter indeholdt et forhåndssamtykke til skyldnerskifte.

Reglen om, at der kun kan ske skyldnerskifte med kreditors samtykke, er ikke uden undtagelser. De tilfælde, hvor reglen fraviges, er dog alle af en særegen karakter og angår tilfælde, hvor der er en særlig sikkerhed af en eller anden art for fordringen, sml. TL § 39, stk. 1, om forhåndssamtykke.

Et konkursbos indtræden i en gensidigt bebyrdende kontrakt efter reglerne i konkurslovens kapitel 7 er ikke et debitorskifte, selv om boet og skyldneren er forskellige juridiske personer. En skyldner, der bliver undergivet rekonstruktionsbehandling, er og bliver den samme juridiske person, og der etableres ikke noget bo i den forbindelse. Der er derfor ikke tale om skyldnerskifte, når kontrakter videreføres i rekonstruktion. Derimod gælder der en regel om debitorskifte i henhold til KL § 14 c, stk. 2,[5] når en gensidigt bebyrdende kontrakt overdrages som led i en virksomhedsoverdragelse fra skyldneren under rekonstruktion til tredjemand. Reglen, der indeholder et generelt forbehold om, at andet kan følge af »retsforholdets beskaffenhed«, gælder ikke for arbejdsaftaler. Sådanne aftaler er omfattet af lov om lønmodtageres retsstilling ved virksomhedsoverdragelse.

---

5.   Se om bestemmelsen nærmere *Kim Sommer Jensen* i Rekonstruktion s. 405 ff.

197

Torsten Iversen - 9788771981902
Download fra Jurabibliotek.dk, 07/22/2024 09:19:26AM
via Kammeradvokaten

Ved fusion sker der en universalsuccession, der omfatter både rettigheder og pligter fra det eller de ophørende til det fortsættende selskab, jf. SEL § 250.[6]

En finansiel virksomhed kan kun med økonomi- og erhvervsministerens tilladelse sammenlægges med en anden finansiel virksomhed, jf. lov om finansiel virksomhed (FIL) § 204, stk. 1. Får et forsikringsselskab tilladelse hertil, følger det følger af reglen i FIL § 204, stk. 5, at det forsikringsselskab, der ved sammenlægning overdrager hele eller en del af sin forsikringsbestand til et andet selskab, herved frigøres for sine forpligtelser vedrørende den overdragne bestand.

En arbejdstager kan ikke sætte en anden i sit sted, men en arbejdstager må i et vist omfang affinde sig med, at ret og pligt efter arbejdskontrakten overgår til en erhverver af virksomheden eller en del deraf. Den nye ejer indtræder umiddelbar ved overdragelsen i de rettigheder og forpligtelser, der består på overdragelsestidspunktet i henhold til kollektive og individuelle ansættelsesaftaler, jf. § 2, stk. 1, i lov om medarbejderes retsstilling ved virksomhedsoverdragelse (VOL).

Medfører en overdragelse en væsentlig ændring af arbejdsvilkårene til skade for arbejdstageren, jf. VOL § 3, stk. 2, eller i øvrigt sådanne ændringer af arbejdstagerens arbejdsforhold, at han med rette kan anse forudsætningerne for sin forbliven i stillingen for bristede, er arbejdstageren berettiget til at betragte sig som opsagt af arbejdsgiveren, jf. U 1983.685 H og EU-Domstolens dom af 16. december 1992 i C-132/91, der godkender, at en sådan praksis er forenelig med det direktiv af 1977, som ligger til grund for loven. Anciennniteten for arbejdstagere, der fortsætter arbejdsforholdet, beregnes fra det oprindelige ansættelsestidspunkt, jf. VOL § 2, stk. 1, og FUL § 2, stk. 8.

Skyldnerskifte kan blive følgen af udnyttelse af købe-, forkøbs-, tilbagetagelses- eller genindtrædelsesrettigheder. De nærmere retsvirkninger kan i visse henseender give anledning til tvivl og tvist.

I U 1994.745 V havde en betinget skødehaver (K) på en ejendom (en ejerlejlighed) foretaget udlejning til en lejer (L), skønt K ikke havde erlagt den kontante købesum, hvoraf købet var betinget. Da sælgeren (S) tog ejendommen tilbage, fandtes han i medfør af LL § 7 at hæfte for L's krav på tilbagebetaling af depositum og for meget betalt leje.[7] Resultatet

---

6. Jf. *Munck og Hedegaard Kristensen:* Selskabsformerne s. 368 ff., *Gomard og Schaumburg-Müller:* Kapitalselskaber og erhvervsdrivende fonde s. 568 f., *Jan Schans Christensen:* Kapitalselskaber s. 660 ff., *Krüger Andersen:* Aktie- og anpartsselskabsret s. 621 ff., *Werlauff:* Selskabsret s. 768 ff.
7. Jf. *H. Krag Jespersen:* Lejeret 1 s. 87 ff., *Illum:* Tingsret s. 293 ff. og *Hans Willumsen:* Om betinget overdragelse af fast ejendom s. 15 ff.

198

Torsten Iversen - 9788771981902
Download fra Jurabibliotek.dk, 07/22/2024 09:19:26AM
via Kammeradvokaten

var i den konkrete sag rimeligt, især fordi S havde samtykket i udlejningen og havde fået transport på lejebetalingerne fra L. Derimod kan resultatet næppe støttes på LL § 7. Den, der afleder sin ret fra en *betinget* skødehaver, kan ikke få overdraget mere ret, end hvad der følger heraf. Hvis betingelsen ikke bliver opfyldt, har han ingen ret. *Willumsen:* Betinget overdragelse af fast ejendom s. 16 antager, at køberen af en udlejningsejendom ifølge betinget skøde er *legitimeret* til at fortsætte normal drift og indgå nye lejeaftaler. Dette er formentlig rigtigt, men ændrer ikke ved, at en betinget skødehaver er afskåret fra at foretage udlejning af et parcelhus eller en ejerlejlighed med bindende virkning for den ejer, der bliver nødt til at tage ejendommen tilbage, fordi betingelsen aldrig bliver opfyldt.

U 1997.20 V angik (alene) spørgsmålet, om lejerens ret til at begære auktion over ejendommen, hvori han havde foretaget udlæg for sit krav på tilbagebetaling af depositum, kunne ekstingveres, da udlægget ikke var tinglyst, og ejendommen overdraget til en køber i god tro. Svaret var bekræftende (men ændrede ikke ved, at auktionskøberen hæftede for kravet i medfør af LL § 7). En regel, der svarer til LL § 7, findes i ELL § 6. I U 2017.2942 H, hvor ejendommens ejer havde lejet den ud til flere lejere og oppebåret depositum fra dem alle, er det antaget, at kun »den lejer, der har eller har haft retten til lejemålet«, er omfattet af beskyttelsen i LL § 7.

Hvis en kontrakt er blevet overdraget – det være sig under anvendelse af en forhåndsaftale eller efter et konkret samtykke hertil – fortsætter kontrakten som udgangspunkt uændret mellem den nye part og den oprindelige modpart. En eventuel opsigelsesbestemmelse, som tilkom den udtrådte kontraktspart, kan derfor også gøres gældende af den, der er indtrådt i hans sted, jf. U 2006.1698 H.

## 2. Fordringer, som er sikrede ved pant i fast ejendom (gældsovertagelse)

En panteret i fast ejendom vedbliver at bestå uanfægtet af ejerskifter, i hvert fald hvis den foreskrevne sikringsakt er iagttaget, jf. bl.a. TL §§ 1 og 47. Hvis værdien af pantet er fuldt ud tilstrækkelig til at dække det pantesikrede krav, er pantsætterens personlige hæftelse uden reel betydning for panthaverens sikkerhed. Pantesikkerhed kan imidlertid ændre sig i tidens løb. Kravet kan nedbringes ved afdrag (amortisering) eller stige på grund af restancer. Værdien af pantet ændrer sig med prisudviklingen for aktiver af denne art, med forbedringer eller slid og forældelse, og er afhængig af god eller dårlig vedligeholdelse.

Pantebreve, der skal tinglyses digitalt, skal henvise til de af Justitsministeriet godkendte standardvilkår, Almindelige betingelser for pantebreve, der findes i en række versioner, bl.a. Almindelige betingelser A og B (tidligere:

199

Torsten Iversen - 9788771981902
Download fra Jurabibliotek.dk, 07/22/2024 09:19:26AM
via Kammeradvokaten