# Exhibit 5

**SKAT**

Internal Audit

Østbanegade 123
DK-2100 Copenhagen Ø

Tel. +45 7222 1818

internrevision@skat.dk
skat@skat.dk

20 January 2006
Our ref. 05-0721-008524

Thomas Bugge Hansen

thomas.hansen@skat.dk
Direct +45 723 76679

Annual plan no. 05-022

Ole Kjær,
Customs and Tax Manager

**Audit of the dividend tax administration at Tax Centre Ballerup**

**1. Introduction**
In the period October 2005 to November 2005, the Internal Audit department has performed an audit of the dividend tax administration at Tax Centre Ballerup.

The dividend tax administration's, Tax Centre Ballerup's, tasks (national):
- entry of corporate distributions – declaration (usually once a year)
- entry of RKO reporting – manual reporting of distributions from unlisted companies
- refunds of excess withheld dividend tax
- registration of payment of dividend tax
- annual dividend tax control
- royalty statements relating to royalty tax, including receipt of payments etc. of royalty tax
- interest tax statement relating to interest tax, including receipt of deposits etc. in connection with interest tax.

The audit was performed by the auditors: Tina Laustsen, Jane Hegvald, Thomas Bugge Hansen.

**2. Audit objective**
To identify, whether dividend tax etc. is handled satisfactorily in the dividend tax administration at Tax Centre Ballerup. That is:
- that sufficient documentation exists for the registrations and entries made
- that the established internal controls are performed
- that only authorised persons have access to payment etc.
- that the manual administration processes, including dividend tax reconciliation, are correct
- that dividend tax control etc. is performed satisfactorily

- that dividend tax cases etc. are processed satisfactorily

## 3. Limitations
The audit has not included audit of IT systems.

## 4. Method
The audit was performed using:
- Interviews with central managers and employees
- Scanning of debtors, suspense and temporary accounts
- Spot checks of basic vouchers have been registered correctly
- Reading of manuals, organisation charts etc.
- Spot checks of internal controls relating to dividend, interest and royalty taxes, including long texts
- Review of the organisation of the dividend tax control
- Review of the processing of certain cases

The point of departure for the audit was the period 1 January 2005 to 30 September 2005.

The report has been submitted to Tax Centre Ballerup, the comments from which have been incorporated in italics in the report.

## 5. Audit results
Internal Audit believes that Tax Centre Ballerup's performance of the task relating to dividend tax etc. has been close to satisfactory. Internal Audit has audited the dividend tax administration twice within the last five years and this time finds that substantial progress has been made. Among other things, interest rate computation and submission of reminders were effected shortly before Internal Audit's visit. Internal Audit furthermore finds that the dividend tax administration has made great efforts to draw attention to the existing/previous issues. The issues are described in the dividend tax administration's note of 16 March 2005 which forms the basis of a task force that has examined the issues in relation to dividend tax.

Internal Audit has found that:
1. Registrations and entries are made in a well-documented and satisfactory manner.

2. Internal controls are performed in a satisfactory manner. However, the mandatory internal control items 06.0153 (follow-up on the suspense list) and 06.01.71 (follow-up on open payments to debtor accounts) have not been selected (replace 06.01.18). Furthermore, in the control of bank reconciliation (06.01.002), bank statements should also be considered to ensure that the internal control shows that the bank and the financial statements have been reconciled (SAP).

Confidential Pursuant to Protective Order                                SKAT_MDL_001_00281025_T

*Comment from the dividend tax administration: The procedure for updating control items in this area had mistakenly not ensured that the control items were selected.*

3. Internal Audit finds it satisfactory that the first automatic interest computation and reminder process had been performed shortly before the audit visit, ensuring that all debtors had received reminders. At the time of the previous visit in 2002 and in the interim period, reminder processes and interest computations had not been performed for all debtors. The dividend tax administration explains that automatic interest computation and reminder processes have been planned to take place every other month. For the debtors who had not received a reminder for a longer period of time, the dividend tax administration has chosen to collect only interest for the last three months before reminders were sent out.

4. Internal Audit finds that it is not satisfactory that it has not been attempted to collect a number of claims within a period of more than two years. Hence, it is not possible to collect certain claims because the company has become insolvent. Furthermore, Internal Audit finds that old debtor relations should be reviewed to see if the documentation for the relations exist, as recording has been an issue, cf. para 9. In connection with the second round of reminders, cf. above, the dividend tax administration expects that a normal collection procedure has been set up, and claims will be collected and written off on an ongoing basis. Internal Audit finds it satisfactory that this situation is close to being resolved.

    *Comment from the dividend tax administration: After the first reminder, the dividend tax administration has regularly sent claims for collection in the companies' home region. The administration has not always been notified about the collection and its results. Companies may have been terminated/deregistered without the dividend tax administration having been notified. There was previously not any capacity to investigate these issues due to the continued increase in the number of distributing companies, but the automatic reminder process will make it possible to initiate investigations of the companies that have not reported back within reasonable time, despite the claim having been submitted for collection. Some insolvency cases run for many years and cannot be closed.*

5. That only authorised persons have access to payment etc., including that functions have been separated properly.

6. That the manual administration processes, including dividend tax reconciliation etc., are correct

7. That dividend tax control has not been satisfactorily performed as a result of the lack of satisfactory system support. This is expected to be in place with the decision to introduce 3S from 1 January 2006.

8. The review of the selected cases shows that the case handling process in the area is generally satisfactory. It should be noted, however, that in individual

Page 3 of

cases, no receipt had been submitted. Similarly, no interest subsidy had been paid in any of the cases in which the time limit for the payment of requested dividend tax refund had been exceeded and there was no justification for the lack of interest subsidy in these cases.

*Comment from the dividend tax administration: The difficult recording process has contributed to this. See next paragraph.*

9. Cases for review were selected based on a search in Scanjour. By comparing the search with the cases submitted, it was found that files are not recorded systematically, and in the closed cases, certain files have not been recorded. Cases are recorded by Nærum, notwithstanding that the dividend tax administration has moved to Ballerup. This makes it difficult to comply with the regulations of the recording guidelines. This can be seen, among other things, in that cases are opened and closed on the same date, even though there may be a longer period of time between the first and the last file. Consequently, it is not immediately possible to search for cases for internal control in Scanjour. During the audit visit, some of the searched cases had not been found, and due to the insufficient recording and the fact that the cases are physically stored in Nærum, it has not been possible to shed light on the case, including whether or not it has been opened incorrectly.

*Comment from the dividend tax administration: The tax centre is now focused on this area to ensure compliance with the recording regulations. At the same time, it is expected that the implementation of ESDH in the spring of 2006 will bring a number of benefits/new opportunities.*

10. Internal Audit does not find it satisfactory that the main centre has not responded as regards resetting. The question is whether it is allowed to delete self-declared unpaid dividend tax in the event of insolvent companies so that the sole owner is not credited with dividend tax. The dividend tax administration states that the main centre has not responded whether or not such a reset is allowed. Internal Audit will follow up on this.

11. Internal Audit does not find it satisfactory that in certain situations, it is possible for dividend recipients to receive dividend tax, even if the company paying the dividend has not paid the withheld dividend tax to SKAT. According to the dividend tax administration, a change in this respect requires a change in legislation (for further information, see the dividend tax administration's note of 16 March 2005).

**6. Internal Audit's recommendation**

Internal Audit recommends that the report be discussed in the coordination committee, including, not least, para 5.11.

Kind regards,

Mads Blokhus          Thomas Bugge Hansen

Page 6