# Exhibit 2



Caplin & Drysdale, Chartered
600 Lexington Ave.
21st Floor
New York, NY 10022
www.caplindrysdale.com

212.379.6060  Direct
mallison@capdale.com

October 1, 2020

Marc A. Weinstein
Hughes Hubbard & Reed LLP
One Battery Park Plaza, 17th floor
New York, NY 10004-1482

      Re:    In re: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Litigation

Dear Marc,

We write on behalf of all Defendants concerning several outstanding issues with SKAT's discovery obligations, in particular SKAT's deficient response to Defendants' Second Requests for Production of Documents (the "Second RFPs" or "Second Requests").

We have now had an opportunity to do a preliminary review of SKAT's productions to the Second RFPs to date, which has made it apparent that there are significant deficiencies in your productions. Apart from SKAT's case files concerning the revocation of previously-issued dividends—which are largely documents that the plan defendants themselves produced to SKAT—those productions have consisted almost entirely of documents from the Bech-Bruun and Elysium databases, which were clearly not reviewed for responsiveness and were instead dumped on Defendants wholesale, and included plainly non-responsive materials such as pornographic videos, home videos of children, and surveillance videos of a person defecating in a grocery store. As you are well aware, SKAT does not discharge its obligations in discovery by producing an undifferentiated mass of documents on Defendants; rather, SKAT is obligated to produce non-privileged documents responsive to Defendants' discovery requests in the form those documents are maintained in the ordinary course of business. SKAT has fallen far short of that obligation to date.

Moreover, as we have previously discussed, a large number of documents produced by SKAT are in Danish and so are not easily identifiable without Defendants expending significant resources for translation. Indeed, SKAT's entire last production was largely in Danish. You have rejected our prior request to provide English translations of the Danish documents on attorney work product grounds. We continue to believe that position is entirely unfounded, and we reserve our rights to raise the issue with the Court. For now, however, to the extent that you believe that you have complied with the Second Requests and produced responsive documents, SKAT should identify the responsive Danish documents by their Bates ranges and by reference to the Requests to which they were responsive.



October 1, 2020
Page 2

**I.     Second RFPs For Which SKAT Agreed To Produce Responsive Documents**

SKAT stated in its Responses & Objections to the Second RFPs that it would agree to produce non-privileged documents responsive to RFP Nos. 1, 2, 3, 6, 7, 9, 12, 13, 14, 16, 18, 19, 22, 25, 27, 28, 29, 31, and 32, that were located after a reasonable search. Based on Defendants' review of the documents produced by SKAT to date, it is clear that SKAT has produced few, if any, documents responsive to these Second Requests. For example, Defendants have requested, and SKAT has agreed to produce, communications among relevant SKAT employees regarding payment of dividend withholding tax refunds and/or claims to U.S. pension plans (RFP Nos. 1-3), documents prepared by SKAT or any third parties at SKAT's request analyzing withheld dividend reimbursement patterns involving the Plans (RFP No. 12), and documents sufficient to identify SKAT employees responsible for the administration or processing of dividend withholding tax refunds and/or claims between 2012 and 2015 (RFP No. 13). Defendants need these documents to conduct meaningful depositions of SKAT witnesses, including the scheduled deposition of Hanne Villemoes Hald for October 23, 2020. Given the imminence of this deposition and your acknowledgement that SKAT may have documents to produce in advance of it, SKAT needs to act immediately to cure these deficiencies.

Defendants request that SKAT produce all non-privileged documents responsive to the above-referenced Second Requests immediately, or in the alternative, certify no later than October 7, 2020, that it has completed its production of documents responsive to these Second Requests. To the extent documents responsive to these Second Requests were included in the Bech-Bruun or Elysium databases, SKAT should identify the corresponding Bates numbers accordingly.

Further, to the extent SKAT has withheld any documents responsive to these Second Requests on the ground that they are "subject to confidentiality and/or non-disclosure requirements," or include "confidential, personal, business, or financial information of third parties," Objections 1 & 2, Defendants demand their immediate production. That a document includes confidential information or information subject to a non-disclosure agreement is not a basis for withholding it, if the document is not privileged and otherwise responsive. The Protective Order into which the parties entered, which provides for the designation of confidential and highly confidential documents, supplies ample protection for such documents. *See Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (recognizing that "[a]n important purpose of [protective orders] is to preserve the confidentiality of materials which are revealed in discovery"); *Fonar Corp. v. Magnetic Resonance Plus, Inc.*, 1997 WL 689462, at *3 (S.D.N.Y. Nov. 3, 1997) (explaining that a "protective order … adequately protect[ed] plaintiff" and its confidential information). SKAT should apply the appropriate confidentiality designation and then produce any documents previously withheld on the purported ground that they are subject to a non-disclosure requirement or otherwise include confidential information.

Nor is SKAT's objection that it will not "search for, collect or produce information or documents that are under the possession, custody, or control of any other agency or instrumentality of the



October 1, 2020
Page 3

government of the Kingdom of Denmark" well-founded. Objection 5. SKAT has maintained across the consolidated litigation that it is coextensive with the Kingdom of Denmark, and for that reason shares in any benefit owing to the Kingdom. *See* SKAT's Mem. of Law in Opp. to Defs.' Mot. to Dismiss at 1, *In re SKAT Tax Refund Scheme Litig.*, 1:18-md-02865-LAK (S.D.N.Y. July 19, 2019), ECF No. 158 (asserting that "SKAT is not a separate legal entity, distinct from the Kingdom of Denmark"); *id*. at 2, 5, 6, 7, 8 (repeating the assertion that SKAT and the Kingdom of Denmark are the same entity). The inescapable corollary to that position is that documents in the possession, custody, or control of any agency or instrumentality of the Kingdom are in the possession, custody, or control of SKAT. Accordingly, with respect to the above-referenced Second Requests (those as to which SKAT has agreed to produce non-privileged, responsive documents) SKAT is obligated to conduct a reasonable search in the files of any agency or instrumentality of the Kingdom that is likely to have responsive documents, including but not limited to the Ministry of Taxation and SOIK.

## II.    Second RFPs For Which SKAT Did Not Agree To Produce Responsive Documents

SKAT also objected outright to producing documents in response to several of Defendants' Second RFPs. In each instance, SKAT failed to explain why responsive documents were not reasonably accessible, or why collecting and producing such documents was not proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26. This is unacceptable. Each of Defendants' Second RFPs is narrowly tailored, designed to obtain documents relevant to potential defenses and claims, and based on a good-faith belief that such documents exist and are within SKAT's possession, custody or control. Defendants need these documents to use in anticipated upcoming depositions.

For example, a key issue in this matter is SKAT's purported discovery of the alleged fraud in June 2015. This is relevant to any number of issues in this litigation, including the applicable limitations period, Defendants' scienter, and their affirmative defenses. Defendants are entitled to test what SKAT knew regarding the alleged fraud and when they knew it, and whether any red flags emerged prior to June 2015. To that end, Defendants have requested—in RFP Nos. 4 and 5—reports and audits relating to the payment of dividend withholding tax refunds or claims.[1] To the extent such documents exist, SKAT is obligated to produce them. Relatedly, in RFP No. 17, Defendants requested documents concerning technology systems and controls related to the collection and/or payment of withheld defendant tax refunds or claims.

---

[1] *See* RFP No. 4 ("All National Audit Office reports concerning the payment of dividend withholding tax refunds and/or claims, including all documents quoted, cited, or relied on by the National Audit Office reports."); RFP No. 5 ("All reports exchanged between SKAT and the Ministry of Taxation or the Ministry of Finance that discuss or relate to the payment of dividend withholding tax refunds and/or claims, including but not limited to all state income lists and all documents related to the Ministry of Taxation internal audit report dated September 2015 regarding SKAT's administration of dividend withholding tax refunds and/or claims, including all documents quoted, cited, or relied on in the report.").



October 1, 2020
Page 4

Defendants are also entitled to documents supporting the core allegations of fraud in the complaints. In RFP No. 15, Defendants requested documents sufficient to identify the beneficial owners of the Shares and the actual recipients of the Dividends. SKAT objected on the ground that it "mischaracterize[es] … SKAT's claims in these actions which allege that the Shares identified in the Defendants [sic] Claims did not exist" and for that reason refused to produce any documents in response to this Request. That is not an appropriate response: Rule 26 permits discovery with respect to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and the documents requested in RFP No. 15 certainly meet that standard, as information regarding ownership of the Shares is relevant to SKAT's claims and Defendants' defenses. In any event, if that is SKAT's position, then SKAT must produce documents to support its position that the Shares did not exist.

Defendants also need information regarding the payment of withheld dividend tax refunds to entities other than those in the current multi-district litigation, as Defendants requested in RFP Nos. 21, 22 and 26. SKAT objected to producing documents in response to these Second Requests in part because they concern "claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding"; but that is precisely the point. Such documents are relevant to potential defenses; any concerns regarding confidentiality can be cured by applying the appropriate confidentiality designation per the parties' Protective Order.

Defendants also renew their request for documents that SKAT has produced or received in foreign litigation that are relevant to the allegations in the complaints, as well as their request for the Sanjay Shah SOIK interview transcript. SKAT has no good faith basis for withholding these documents, and they are plainly relevant to potential claims and defenses.

We appreciate your immediate attention to the above. Please advise of your availability for a meet and confer to be held no later than October 9.

Sincerely,

Mark D. Allison