**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:  The cases identified in Appendix A | MASTER DOCKET<br><br>18-md-02865-LAK |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE**
**"EVIDENCE REGARDING NET SETTLEMENT"**

Defendants respectfully submit this opposition to SKAT's motion *in limine* "to preclude evidence regarding net settlement." Dkt. 1129 at 1 (the "Motion"). The Motion seeks a vague, draconian, and unworkable solution to a non-existent dispute on an issue about which the Court has already made a more precise ruling that binds the parties. Accordingly, the Court should deny the Motion and reserve objections to any proffered evidence arguably outside the scope of its prior ruling for trial.

## **FACTUAL BACKGROUND**

On August 6, 2024, the Court granted in part and denied in part a motion by SKAT to exclude certain expert testimony by Dr. Emre Carr pertaining to "net settlement." *See* Dkt. 1118 (the "Order"). The Court began its analysis by recognizing "net settlement" as "a characterization of a situation in which a financial institution or custodian acting on behalf of both buyers and sellers of the same security may settle offsetting trades internally." *See* Ord. at 1. The Court continued: "To the extent that purchases and sales ordered by the institution's customers offset each other and the institution does not need to fill the orders externally, it can settle the purchases and sales in what is called an 'internalized settlement,' and 'the custodian's holdings will not change after these offsetting trades.'" *Id.*

After properly recognizing the *concept* of net settlement,[1] the Court declined to allow Dr. Carr to testify that Defendants "became, or could have become, beneficial owners of Danish securities through trades settled internally by a custodian *without respect for whether that custodian held any shares of that security*," *id.* (emphasis in original), on the grounds that such testimony "would be unreliable and irrelevant" and would violate a prior Court ruling. *Id.* at 3-4.

---

[1] *See also id.* at 2 (recognizing the "unremarkable proposition" that "net settlement and internalization can effectuate the transfer of beneficial ownership if the custodian already holds the asset").

1

The Order binds the parties (obviously). Defendants likewise fully understand that proffering testimony from *other* expert (or lay) witnesses consistent with proposed testimony from Dr. Carr that has been ruled inadmissible would also be inconsistent with the Order.

Despite the Court's clear guidance, SKAT now asks the Court to issue a vague, unworkable, and improper pre-trial directive precluding Defendants from offering "***any*** argument or cross-examination about 'net settlement' as a substitute for the existence of shares, and ***any*** evidence intended to support such argument[.]" Mot. at 4 (emphases added). If limited to the scope of the order related to Dr. Carr, this would not be problematic. But as SKAT's brief in support makes clear, they have something broader in mind. Read expansively, the relief sought by the Motion would introduce profound confusion and uncertainty into these proceedings and potentially preclude the admission of competent testimony and documentary evidence supportive of Defendants' state of mind, thereby impermissibly invading the province of the factfinder. *See, e.g.*, *Larkin v. Saber Auto., LLC*, No. 23-CV-2428, 2024 WL 2882595, at *9 (S.D.N.Y. June 6, 2024) ("*[S]cienter* is a quintessential jury question.").

The Order focused on the question of beneficial ownership of shares and barred testimony from Dr. Carr that the Court deemed inconsistent with its determination as to the requirements for establishing beneficial ownership of shares under Danish law. What SKAT's brief makes clear is that it is now seeking a ruling that "net settlement" cannot be proffered as an explanation for anything *in any context*.

But that goes too far. SKAT's proposal would impede the defense's ability to present evidence of good faith belief. Defendants expect to offer account statements and related confirmations received from their duly-licensed brokerage custodians purporting to evidence the very transactions that SKAT contends are "fake." *See, e.g.*, Dkt. 817 at 43-45 (arguing that

Defendants received "trade approvals, confirmations, account statements and invoices" upon which they intend to rely). Such evidence is relevant both to whether the transactions really occurred, and also to Defendants' innocent state of mind. Given the vagueness of SKAT's motion, and the lack of any limiting context, such evidence — and supporting testimony — might arguably constitute "evidence intended to support" an argument "about 'net settlement' as a substitute for the existence of shares" as related to the beneficial ownership concept addressed in the Order. *See* Mot. at 4; *see also* Goldberg Decl. at Ex. 1 at 231-34 (excerpts regarding "netting arrangement[s]" from deposition testimony of Robert Klugman). The defense also reserves the right to offer evidence and arguments, and raise issues in cross examination, related to netting of cash flows outside the context of beneficial ownership of shares, e.g., in describing market practices around dividend payments in the event of failure to deliver shares. *See, e.g.*, Goldberg Decl. at Ex. 2 ¶ 83. The Court will have ample opportunity at trial to consider the proper dividing line between evidence offered to support Defendants' good-faith belief in the integrity and correctness of their account statements and trade confirmations on the one hand, and evidence offered for the purpose that was the subject of the Order on the other, and issue limiting instructions as needed, without the need for an omnibus pre-trial ruling that might interfere with the presentation of competent and relevant documentary and testimonial evidence.

## LEGAL STANDARDS AND ARGUMENT

Courts should generally admit relevant evidence that is "of consequence in determining the action" or that tends "to make a fact more or less probable." *Thomas v. West*, NO. 14 CV 4459, 2019 WL 1206696, at *1 (S.D.N.Y. Mar. 14, 2019) (quoting Fed. R. Evid. 401, 402). Accordingly, "[o]nly evidence that is 'clearly inadmissible on all potential grounds' should be excluded on a motion *in limine*." *Walsh v. Scarsdale Union Free School Dist.*, No. 16 Civ. 3558, 2019 WL

3

6789581, at *3 (S.D.N.Y. Dec. 12, 2019) (quoting *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001)); *see also Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 259-60 (S.D.N.Y. 2015) (denying in part motion *in limine* to exclude certain compensation evidence offered to rebut plaintiffs' willfulness claim in wage classification dispute; evidence relevant to jury assessment of defendants' state of mind).

In the Motion, SKAT offers three examples of evidence that it seeks to preclude proactively. *First,* SKAT points to deposition testimony from Helen Sorenson, a product manager who managed the securities account system and tax reporting function at VP Securities. Ms. Sorenson testified — in testimony *not* cited in the Motion — that "net settlement is used in Denmark" and "the rest of the market." Goldberg Decl. at Ex. 3 at 15-16. Ms. Sorenson further explained that net settlement is used "[i]n order to save cost on settlement [and] . . . so that all of the participants in the settlement process can net all of the base settlement instructions into one large bulk settlement instruction, in each ISIN code representing civil underlying settlement instructions[.]" *Id.* The Motion incorrectly posits that "none" of Ms. Sorenson's testimony has any relevance to any issue in the case, *see* Mot. at 2, ignoring (among other things) that Ms. Sorenson's testimony that "net settlement is used in Denmark" and "the rest of the market" is strongly corroborative evidence of key disputed issues, including Defendants' state of mind during the relevant time period. *See, e.g.*, *RCI Hosp. Holdings*, 90 F. Supp. 3d at 260. Indeed, Defendants anticipate that SKAT will itself proffer the alleged absence of various transactions from certain custodial reports as evidence both that the transactions did not occur (despite contrary representations by third parties to this dispute) and as evidence that Defendants acted with *scienter*. The Motion seeks to impermissibly limit Defendants' ability to defend against such claims and should be denied.

*Second*, the Motion suggests that SKAT's own "net settlement" practices should be ruled completely off-limits on relevance grounds. *See* Mot. at 3. Given the seriousness of SKAT's allegations of misconduct against Defendants, and the fact that the jury will be required to weigh equitable factors to resolve some or all of the non-fraud claims, a pre-trial order that effectively bars Defendants from introducing essential evidence about the "unremarkable proposition" of "net settlement" by reference to SKAT's own practices would unfairly prejudice Defendants and should be denied. SKAT's relevance arguments ignore the fact that a lay juror could easily find relevance in the fact that SKAT itself utilizes netting in its accounting practices, giving further credence to Defendants' argument that netting is an "unremarkable proposition" as the Court has already found. Nor can SKAT invoke Rule 403 prejudice arguments, as SKAT's netting practices concern the netting of tax liabilities and credits/refunds, not securities transactions — let alone securities transactions allegedly undertaken in the absence of physical shares. The jury will be informed, not confused, by the evidence that SKAT seeks to exclude, which bears no relationship to the concept of beneficial ownership that lay at the heart of the Order.

Stated differently, SKAT's netting practices are relevant for reasons that have nothing to do with the Court's prior ruling. On each cause of action, SKAT has the burden to prove that it suffered an injury. The amount of tax that SKAT actually collected from issuers is central to that question. The amount of tax SKAT actually collected from each issuer may also assist the factfinder in determining the relevant equities and damages, and in weighing comparative fault. But discussion of the amount SKAT actually collected requires discussion of SKAT's netting practices. SKAT acknowledges that it does not ***separately*** collect dividend tax withholding from issuers. Rather, all of an issuer's liabilities and credits are set off against each other, and the issuer pays only a net amount. There is no reason to preclude the jury from understanding this basic fact.

5

*Third*, SKAT seeks to immunize its expert witnesses from cross-examination in areas where Defendants may seek to explore their credentials and expertise. *See* Mot. at 3-4. The Order in no way precludes such challenges and SKAT's unsupported suggestions of jury confusion ignores that the experience and expertise of Messrs. Dubinsky and Wade present issues that are wholly separate from the issues addressed in the Order.

## **CONCLUSION**

The Motion should be denied.

Dated: New York, New York
September 3, 2024

                Respectfully submitted,

                DEWEY PEGNO & KRAMARSKY LLP

                By:      */s/ Thomas E.L. Dewey*
                Thomas E.L. Dewey
                777 Third Avenue – 29th Floor
                New York, New York 10017
                Tel.: (212) 943-9000
                Fax: (212) 943-4325
                tdewey@dpklaw.com

                KEKER, VAN NEST & PETERS LLP

                By:      */s/ Elliot R. Peters*
                Elliot R. Peters
                Julia L. Allen
                633 Battery Street
                San Francisco, CA 94111
                Tel.: (415) 962-7188
                epeters@keker.com

                *Attorneys for Defendant Michael Ben-Jacob*

KOSTELANETZ LLP

By:     */s/ Sharon L. McCarthy*
Sharon L. McCarthy
7 World Trade Center, 34th Floor
New York, New York 10007
Tel: (212) 840-6866
smccarthy@kostelanetz.com

Daniel C. Davidson
601 New Jersey Avenue, NW
Suite 260
Washington, DC 20001
Tel: (202) 875-8000
ddavidson@kostelanetz.com

*Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*

8

WILMER CUTLER PICKERING HALE AND DORR LLP

By: _____/s/ Peter G. Neiman_____
Boyd M. Johnson
Peter G. Neiman
Alan E. Schoenfeld
Nelson S. Castano
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Boyd.Johnson@wilmerhale.com
Peter.Neiman@wilmerhale.com
Alan.Schoenfeld@wilmerhale.com
Nelson.Castano@wilmerhale.com

Andrew S. Dulberg
60 State Street
Boston, MA 02109
(617) 526-6352
Andrew.Dulberg@wilmerhale.com

Brittany R. Warren
2100 Pennsylvania Avenue, N.W.
Washington D.C., 20037
(202) 663-6772
Brittany.Warren@wilmerhale.com

*Attorneys for Defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM CapitalPension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*

9

KATTEN MUCHIN ROSENMAN LLP

By:     */s/ David L. Goldberg*
David L. Goldberg
Michael M. Rosensaft

50 Rockefeller Plaza
New York, NY 10020
Tel.: (212) 940-8800
Fax: (212) 940-8776
david.goldberg@katten.com

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

## APPENDIX A

| Defendants | Counsel | Associated Case(s) |
| --- | --- | --- |
| John van Merkensteijn, III | Sharon L. McCarthy<br>Kostelanetz LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>Tel: (212) 840-6866<br>smccarthy@kostelanetz.com<br><br>Daniel C. Davidson<br>Kostelanetz LLP<br>601 New Jersey Avenue, NW<br>Suite 260<br>Washington, DC 20001<br>Tel: (202) 875-8000<br>ddavidson@kostelanetz.com | 18-cv-04833<br>19-cv-01788<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01809<br>19-cv-01810<br>19-cv-01813<br>19-cv-01818<br>19-cv-01865<br>19-cv-01866<br>19-cv-01871<br>19-cv-01873<br>19-cv-01893<br>19-cv-01894<br>19-cv-01906<br>19-cv-01911<br>19-cv-01918<br>19-cv-01924<br>19-cv-01928 |
| Elizabeth van Merkensteijn | | 19-cv-01930 |
| | | 19-cv-01931 |
| Azalea Pension Plan | | 19-cv-10713 |
| Basalt Ventures LLC Roth 401(K) Plan | | |
| Bernina Pension Plan | | |
| Bernina Pension Plan Trust | | |
| Michelle Investments Pension Plan | | |
| Omineca Pension Plan | | |
| Omineca Trust | | |

| | | |
|---|---|---|
| Remece Investments LLC Pension Plan<br><br>Starfish Capital Management LLC Roth 401(K) Plan<br><br>Tarvos Pension Plan<br><br>Voojo Productions LLC Roth 401(K) Plan<br><br>Xiphias LLC Pension Plan | | |
| Richard Markowitz<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jocelyn Markowitz<br><br>Avanix Management LLC Roth 401(K) Plan<br><br>Batavia Capital Pension Plan | Boyd M. Johnson<br>Peter G. Neiman<br>Alan E. Schoenfeld<br>Nelson S. Castano<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(212) 230-8800<br>Boyd.Johnson@wilmerhale.com<br>Peter.Neiman@wilmerhale.com<br>Alan.Schoenfeld@wilmerhale.com<br>Nelson.Castano@wilmerhale.com<br><br>Andrew S. Dulberg<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6352<br>Andrew.Dulberg@wilmerhale.com<br><br>Brittany R. Warren<br>2100 Pennsylvania Avenue, N.W.<br>Washington D.C., 20037<br>(202) 663-6772<br>Brittany.Warren@wilmerhale.com | 18-cv-04833<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01791<br>19-cv-01792<br>19-cv-01806<br>19-cv-01808<br>19-cv-01812<br>19-cv-01815<br>19-cv-01867<br>19-cv-01868<br>19-cv-01869<br>19-cv-01870<br>19-cv-01895<br>19-cv-01896<br>19-cv-01898<br>19-cv-01904<br>19-cv-01906<br>19-cv-01911<br>19-cv-01922<br>19-cv-01924<br>19-cv-01926<br>19-cv-01929 |

| | | |
|---|---|---|
| Calypso Investments Pension Plan<br><br>Cavus Systems LLC Roth 401(K) Plan<br><br>Hadron Industries LLC Roth 401(K) Plan<br><br>RJM Capital Pension Plan<br><br>RJM Capital Pension Plan Trust<br><br>Routt Capital Pension Plan<br><br>Routt Capital Trust | | 19-cv-10713 |
| Robert Klugman<br><br><br><br><br><br>RAK Investment Trust<br><br>Aerovane Logistics LLC Roth 401(K) Plan<br><br>Edgepoint Capital LLC Roth 401(K) Plan<br><br>Headsail Manufacturing LLC Roth 401(K) Plan<br><br>The Random Holdings 401(K) Plan<br><br>The Stor Capital Consulting LLC 401(K) Plan | David L. Goldberg<br>Michael M. Rosensaft<br>Zhanna A. Ziering<br>Katten Munchin Rosenman LLP<br>50 Rockefeller Plaza<br> New York, NY 10020<br>Tel.: (212) 940-8800<br>Fax: (212) 940-8776<br>david.goldberg@katten.com | 18-cv-04434<br>18-cv-07824<br>18-cv-07827<br>18-cv-07828<br>18-cv-07829<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01788<br>19-cv-01791<br>19-cv-01792<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01806<br>19-cv-01808<br>19-cv-01809<br>19-cv-01810<br>19-cv-01812<br>19-cv-01813<br>19-cv-01815<br>19-cv-01818<br>19-cv-01870<br>19-cv-01918<br>19-cv-01922<br>19-cv-01926 |

|  |  |  |
|---|---|---|
|  |  | 19-cv-01928 |
|  |  | 19-cv-01929 |
|  |  | 19-cv-01931 |
| Michael Ben-Jacob | Thomas E. L. Dewey<br>Dewey Pegno & Kramarsky LLP<br>777 Third Avenue – 29th Floor<br>New York, New York 10017<br>Tel.: (212) 943-9000<br>Fax: (212) 943-4325<br>tdewey@dpklaw.com<br><br>Elliot R. Peters<br>Julia L. Allen<br>Keker, Van Nest & Peters LLP<br>633 Battery Street<br>San Francisco, CA 94111<br>Tel.: (415) 962-7188<br>epeters@keker.com | 18-cv-04434<br>18-cv-07824<br>18-cv-07827<br>18-cv-07828<br>18-cv-07829<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01788<br>19-cv-01791<br>19-cv-01792<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01806<br>19-cv-01808<br>19-cv-01809<br>19-cv-01810<br>19-cv-01812<br>19-cv-01813<br>19-cv-01815<br>19-cv-01818<br>19-cv-01866<br>19-cv-01867<br>19-cv-01868<br>19-cv-01869<br>19-cv-01870<br>19-cv-01871<br>19-cv-01873<br>19-cv-01894<br>19-cv-01896<br>19-cv-01918<br>19-cv-01922<br>19-cv-01926<br>19-cv-01928<br>19-cv-01929<br>19-cv-01931<br>21-cv-05339 |