**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to:    The cases
identified in
Appendix A

MASTER DOCKET

18-md-02865-LAK

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS' ASSERTION OF AN ADVICE OF COUNSEL DEFENSE

Plaintiff Skatteforvaltningen ("SKAT") moves *in limine* to "preclude Defendants from asserting a formal advice of counsel defense concerning [the Defendants'] representations of ownership of shares and dividends." Dkt. 1125 at 2 ("SKAT Mot."). SKAT relatedly argues that the Court should preclude the Defendants[1] from arguing that any law firm "'blessed the plans' beneficial ownership representations." SKAT Mot. at 5. SKAT specifically is not moving *in limine* to exclude advice that Kaye Scholer provided in representing that the pension plans were qualified under the United States Internal Revenue Code. SKAT Mot. at 2 n.1. Ultimately, Defendants are not asserting the "formal" advice of counsel defense SKAT seeks to preclude. As such, SKAT's motion is moot and should be denied.

## ARGUMENT

SKAT's motion should be denied as moot because Defendants are not asserting the advice of counsel defense that SKAT is attempting to preclude. As SKAT notes, there is no evidence that any attorney in this case was told that trading was circular, there were no actual shares traded, and there were no actual dividends received. SKAT Mot. at 4. SKAT will need to prove those assertions at trial. But even if they do, Defendants do not intend to assert that ***they*** told Kaye Scholer (or any other U.S. or Danish attorneys) that there were no shares actually traded or no dividends actually disbursed for the simple reason that Defendants did not believe such assertions to be true. As such, there is no "formal" advice of counsel defense to assert or preclude.

---

[1] This opposition is on behalf of Richard and Jocelyn Markowitz, John and Elizabeth van Merkensteijn, Robert Klugman, and any of their pension plans or other entities, to whom SKAT's motion is directed. Michael Ben-Jacob, who continues to maintain his position that a joint trial with arguments about legal advice provided by other lawyers that may be attributed to him prejudices him, *is not* a party to SKAT's motion and this opposition.

Neither do Defendants plan to argue that any attorney "blessed" the idea that one can make circular transactions with no shares and then represent that they are the beneficial owner of those imaginary shares under Danish law. Again, because Defendants did not believe that structure accurately represented the transactions in which they sought to participate, they would not be expected to testify that an attorney "blessed" that notion. That said, because SKAT's request does not provide a clear level of specificity as to what "blessed" means, Defendants want to be clear that they *do* intend to elicit testimony as to the intense involvement of multiple U.S. and foreign law firms when the strategy was introduced to them and during its administration and execution, as it is highly relevant to the jury's determination of liability on multiple counts.

Such evidence is essential for the jury's determination of each Defendant's state of mind. To prove that Defendants committed fraud, SKAT must convince a jury by clear and convincing evidence that, among other elements, each Defendant knowingly made false statements with the intent to defraud SKAT. *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006). "'[T]he simple knowledge that a statement is false is not sufficient to establish fraudulent intent[.]'" *Warren v. Stop & Shop Supermarket LLC*, 592 F. Supp. 3d 268, 287 (S.D.N.Y. 2022) (quoting *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018). And "[a]n honest belief in the truth of the representations made by a [fraud] defendant is a good defense." *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir. 1991).

Defendants expect the evidence to show that they had a good faith belief that the representations made in the reclaim forms submitted to SKAT were accurate. The lengths to which Defendants went to hire attorneys to ensure that the pension plans were properly qualified, confirm that the plans satisfied the requirements of the tax treaty between the United States and Denmark, make certain the trade strategy adhered to relevant U.S. and foreign securities laws, and involve

3

lawyers in the execution of the strategy are all evidence of Defendants' lack of intent to defraud SKAT. Such evidence is not a "backdoor" into an advice of counsel defense, but direct evidence of Defendants' knowledge and intent. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (noting that even when the Defendant did not assert an advice of counsel defense, the Defendant's "conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent"); *Favors v. Cuomo*, 285 F.R.D. 187, 199 (E.D.N.Y. 2012) (noting that a litigant waives attorney-client privilege "where the proponent asserts a good faith belief in the lawfulness of its actions, even without expressly invoking counsel's advice") (citing *In re Cnty. of Erie*, 546 F.3d 222. 228-29 (2d Cir. 2008)). Danish counsel did issue a legal opinion that approved of transactions based on factual assumptions that Defendants also believed to be true. The import of that opinion, however, is not whether the opinion is legally accurate or whether Solo shared everything with the Danish law firm, but rather that Defendants saw it. Defendants' awareness of the opinion is highly relevant to their good faith belief and understanding that these transactions were proper.

Moreover, such evidence must be considered by the jury when evaluating SKAT's claim for unjust enrichment. To determine whether Defendants are liable for unjust enrichment, a jury must consider, among other factors, whether "equity and good conscience requires defendants to make restitution." *Huntington Dental & Med. Co., Inc. v. Minnesota Min. & Mfg. Co.*, No. 95 CIV. 10959, 1998 WL 60954, at *6 (S.D.N.Y. Feb. 13, 1998); *see also Simonds v. Simonds*, 45 N.Y.2d 233, 242 (1978) (noting that unjust enrichment "does not require the performance of any wrongful act by the one enriched," but that "a party hold[s] property 'under such circumstances that in equity and good conscience he ought not to retain it.'") (citations omitted). In order to make that determination, a jury must make "a realistic determination based on a broad view of the human

4

setting involved." *In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 132 (Bankr. S.D.N.Y. 2011) (citations omitted).

Here, it will be highly relevant to the jury's determination, when considering all of the equities, that Defendants took necessary steps with the involvement of lawyers at every stage and only filed the reclaim applications after undertaking the diligence that they honestly deemed necessary such that they believed they were making accurate statements. If the jury were to determine that Defendants were enriched at SKAT's expense, it would need to weigh the fairness of requiring Defendants to return funds 12 years after they received them when they had taken such significant steps to try to comply with relevant laws and involve highly-reputable attorneys at the largest firms to assist them in reviewing and executing the elements of what they believed to be lawful, complicated structured transactions.

Further, the introduction of such evidence is inevitable with SKAT's inclusion of Mr. Ben-Jacob in this trial. SKAT's opposition to the severance motion filed by Mr. Ben-Jacob has the result of putting all of his interactions at issue. Mr. Ben-Jacob's communications with the investor-clients,[2] his discussions with other law firms, his knowledge of the involvement of other lawyers at Kaye Scholer, and ultimately the factors that he considered when he signed certain documents are necessary facts for a jury to consider in determining liability. Indeed, SKAT has telegraphed that it will attempt to show that Mr. Ben-Jacob received and reviewed the Danish legal opinion — the same opinion it cites in its motion to preclude an advice of counsel defense. *See* Dkt. 1025 at

---

[2] This includes Richard and Jocelyn Markowitz, John and Elizabeth van Merkensteijn, and Robert Klugman.

7 (arguing that the Danish opinion put Mr. Ben-Jacob on notice that the plans could not have arrangements to pay any portion of a dividend to another person).

Finally, there will be no prejudice to SKAT in allowing Defendants to elicit such evidence — especially where SKAT is likely to elicit it first.  This is not a case such as *SEC v. Lek Sec. Corp.*, No. 17CV1789, 2019 WL 5703944 (S.D.N.Y. Nov. 5, 2019), where a litigant is attempting to introduce advice of counsel evidence without waiving privilege.  *Lek Sec. Corp.*, 2019 WL 5703944, at *4 ("The intimation that counsel has blessed a transaction or practice without waiver of the attorney-client privilege 'would give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense.'") (citations omitted).[3]  Indeed, Defendants explicitly waived attorney-client privilege early on in the litigation, produced to SKAT all relevant communications with counsel, and SKAT made use of these communications during Defendants' depositions.  *See* Dkt. 520 (Defendants' Proposed Order Limiting Waiver Pursuant to Fed. R. Evid. 502(d), filed on January 26, 2021).  Nor is this case similar to the Court's decision in *United States v. Bankman-Fried,* No. S6 22-CR-0673, 2023 WL 6392718, at *3 (S.D.N.Y. Oct. 1, 2023) (Kaplan, J.), where the defendant nebulously argued that he wished to elicit that he was aware that counsel was involved in various company tasks, but there was not "any degree of specificity" as to what the lawyers were involved

---

[3]  SKAT cites *Lek Sec.* for the proposition that "legal advice given to another does not establish good faith as a matter of law."  SKAT Mot. at 3.  But SKAT fails to note that the facts in *Lek Sec.* presented critically different issues than those here.  Among other things, the defendants in *Lek Sec.* had not waived privilege and had instead either explicitly or implicitly affirmed that they would "not elicit testimony at trial that they consulted with counsel and [would] not offer evidence at trial of consultation with counsel." *Lek Sec.*, 2019 WL 5703944, at *1.  Moreover, the record showed that the subject advice (memorialized in a letter to one set of defendants) had not even reached the other set of defendants.  *Id.*.  Here, by sharp contrast, Defendants intend to show that they received and carefully considered written legal opinions regarding the subject transactions, which stand as highly relevant evidence in response to the fraud and equitable claims.  Finally, SKAT's argument that the Hannes Snellman opinion was addressed to "Solo Capital (Dubai) Limited" and not Defendants, and should be excluded for that reason, usurps the jury's role in determining factual issues relating to intent and equities, as set forth above.  SKAT Mot. at 3.

in, what the lawyers knew, or what the defendant knew about the lawyers.  *Bankman-Fried*, 2023 WL 6392718, at *3.  This Court noted that there "may be circumstances in which lawyer presence, involvement, or advice known to the defendant at the time of his alleged misconduct might have a real bearing on whether he acted with or without fraudulent intent," *id.*, but required the defendant to provide prior notice to the Court of the specific information he wanted to introduce outside of the presence of the jury.  Here, the involvement of multiple law firms during the time of the trading has a "real bearing on whether [they] acted with or without fraudulent intent," and there is no secret as to the information Defendants intend to elicit.  *Id.*  In fact, SKAT will likely elicit that information first, because it must do so in its case against Mr. Ben-Jacob.  Notably, none of the cases cited by SKAT include a claim for unjust enrichment where a jury must make an equitable determination "based on a broad view of the human setting involved."  *In re Madoff Inv. Sec. LLC*, 458 B.R. at 132.  A jury cannot make such a determination grounded in equity without understanding all of the facts surrounding the events it must consider.

Further, *Int'l Bhd. of Elec. Workers, Loc. 90 v. Nat'l Elec. Contractors Ass'n*, No. 3:06cv2, 2008 WL 918481 (D. Conn. Mar. 31, 2008), cited by SKAT (*see* SKAT Mot. at 6), is inapposite. The Court in that case found a labor union pension plan trustee ineligible under the terms of the governing plan documents.  *Int'l Bhd. of Elec. Workers, Loc. 90*, 2008 WL 918481, at *12.  In doing so, the Court rejected the defendant's estoppel arguments, which claimed among other things, that the defendant reasonably relied on fund counsel to advise him of his eligibility.  *Id.*, at *13.  The Court disagreed, finding, among other things, that such alleged reliance did not change the terms of the subject plan documents, which determined the eligibility of a putative trustee. Here, by contrast, Defendants intend to demonstrate their good faith, an issue not presented or decided in *Int'l Bhd. of Elec. Workers, Loc. 90*.

7

Again, Defendants do not intend to argue that Mr. Ben-Jacob or any other attorney knew that Sanjay Shah was allegedly executing a circular trading loop that contained no Danish shares but received legal advice that Mr. Shah's transactions qualified the pension plans as beneficial owners of these imaginary shares. Whether SKAT can prove that Mr. Shah did or did not undertake such transactions will be determined by the jury at trial. But regardless of whether Defendants are asserting a formal advice of counsel defense on the issue of beneficial ownership, the involvement of Mr. Ben-Jacob and other lawyers will be a necessary subject at trial, and the lawyers' substantial involvement prior to and during the trading strategy speaks to Defendants' knowledge and good faith intent. And the jury will need to consider this evidence when determining whether "equity and conscience" require Defendants to pay back SKAT any funds they may have received through the reclaim applications.

## **<u>CONCLUSION</u>**

For all of the reasons described above, Defendants submit that the Court should deny SKAT's motion as moot. To the extent SKAT has further objections to evidence or arguments during the trial, those can be considered at that time with appropriate limiting instructions if necessary.

8

Dated: New York, New York
       September 3, 2024

                        Respectfully submitted,


                        KOSTELANETZ LLP


                        By: _____/s/ Sharon L. McCarthy_____
                        Sharon L. McCarthy
                        7 World Trade Center, 34th Floor
                        New York, New York 10007
                        Tel: (212) 840-6866
                        smccarthy@kostelanetz.com

                        Daniel C. Davidson
                        601 New Jersey Avenue, NW
                        Suite 260
                        Washington, DC 20001
                        Tel: (202) 875-8000
                        ddavidson@kostelanetz.com


                        *Attorneys for Defendants John van Merkensteijn,
                        III, Elizabeth van Merkensteijn, Azalea Pension
                        Plan, Basalt Ventures LLC Roth 401(K) Plan,
                        Bernina Pension Plan, Bernina Pension Plan
                        Trust, Michelle Investments Pension Plan,
                        Omineca Pension Plan, Omineca Trust, Remece
                        Investments LLC Pension Plan, Starfish Capital
                        Management LLC Roth 401(K) Plan, Tarvos
                        Pension Plan, Voojo Productions LLC Roth
                        401(K) Plan, Xiphias LLC Pension Plan*

WILMER CUTLER PICKERING HALE AND
DORR LLP

By: _____*/s/ Peter G. Neiman*_____
Boyd M. Johnson
Peter G. Neiman
Alan E. Schoenfeld
Nelson S. Castano
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Boyd.Johnson@wilmerhale.com
Peter.Neiman@wilmerhale.com
Alan.Schoenfeld@wilmerhale.com
Nelson.Castano@wilmerhale.com

Andrew S. Dulberg
60 State Street
Boston, MA 02109
(617) 526-6352
Andrew.Dulberg@wilmerhale.com

Brittany R. Warren
2100 Pennsylvania Avenue, N.W.
Washington D.C., 20037
(202) 663-6772
Brittany.Warren@wilmerhale.com

*Attorneys for Defendants Richard Markowitz,*
*Jocelyn Markowitz, Avanix Management LLC*
*Roth 401(K) Plan, Batavia Capital Pension*
*Plan, Calypso Investments Pension Plan, Cavus*
*Systems LLC Roth 401(K) Plan, Hadron*
*Industries LLC Roth 401(K) Plan, RJM*
*CapitalPension Plan, RJM Capital Pension Plan*
*Trust, Routt Capital Trust*

10

KATTEN MUCHIN ROSENMAN LLP

By: _____/s/ David L. Goldberg_____
David L. Goldberg
Michael M. Rosensaft

50 Rockefeller Plaza
New York, NY 10020
Tel.: (212) 940-8800
Fax: (212) 940-8776
david.goldberg@katten.com

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

11

## APPENDIX A

| Defendants | Counsel | Associated Case(s) |
|---|---|---|
| John van Merkensteijn, III | Sharon L. McCarthy<br>Kostelanetz LLP<br>7 World Trade Center, 34th Floor<br>New York, New York 10007<br>Tel: (212) 840-6866<br>smccarthy@kostelanetz.com<br><br>Daniel C. Davidson<br>Kostelanetz LLP<br>601 New Jersey Avenue, NW Suite 260<br>Washington, DC 20001<br>Tel: (202) 875-8000<br>ddavidson@kostelanetz.com | 18-cv-04833<br>19-cv-01788<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01809<br>19-cv-01810<br>19-cv-01813<br>19-cv-01818<br>19-cv-01865<br>19-cv-01866<br>19-cv-01871<br>19-cv-01873<br>19-cv-01893<br>19-cv-01894<br>19-cv-01906<br>19-cv-01911<br>19-cv-01918<br>19-cv-01924<br>19-cv-01928<br>19-cv-01930<br>19-cv-01931<br>19-cv-10713 |
| Elizabeth van Merkensteijn | | |
| Azalea Pension Plan | | |
| Basalt Ventures LLC Roth 401(K) Plan | | |
| Bernina Pension Plan | | |
| Bernina Pension Plan Trust | | |
| Michelle Investments Pension Plan | | |
| Omineca Pension Plan | | |
| Omineca Trust | | |

| | | |
|---|---|---|
| Remece Investments LLC Pension Plan<br><br>Starfish Capital Management LLC Roth 401(K) Plan<br><br>Tarvos Pension Plan<br><br>Voojo Productions LLC Roth 401(K) Plan<br><br>Xiphias LLC Pension Plan | | |
| Richard Markowitz<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jocelyn Markowitz<br><br>Avanix Management LLC Roth 401(K) Plan<br><br>Batavia Capital Pension Plan | Boyd M. Johnson<br>Peter G. Neiman<br>Alan E. Schoenfeld<br>Nelson S. Castano<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(212) 230-8800<br>Boyd.Johnson@wilmerhale.com<br>Peter.Neiman@wilmerhale.com<br>Alan.Schoenfeld@wilmerhale.com<br>Nelson.Castano@wilmerhale.com<br><br>Andrew S. Dulberg<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6352<br>Andrew.Dulberg@wilmerhale.com<br><br>Brittany R. Warren<br>2100 Pennsylvania Avenue, N.W.<br>Washington D.C., 20037<br>(202) 663-6772<br>Brittany.Warren@wilmerhale.com | 18-cv-04833<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01791<br>19-cv-01792<br>19-cv-01806<br>19-cv-01808<br>19-cv-01812<br>19-cv-01815<br>19-cv-01867<br>19-cv-01868<br>19-cv-01869<br>19-cv-01870<br>19-cv-01895<br>19-cv-01896<br>19-cv-01898<br>19-cv-01904<br>19-cv-01906<br>19-cv-01911<br>19-cv-01922<br>19-cv-01924<br>19-cv-01926<br>19-cv-01929 |

| | | |
|---|---|---|
| Calypso Investments Pension Plan<br><br>Cavus Systems LLC Roth 401(K) Plan<br><br>Hadron Industries LLC Roth 401(K) Plan<br><br>RJM Capital Pension Plan<br><br>RJM Capital Pension Plan Trust<br><br>Routt Capital Pension Plan<br><br>Routt Capital Trust | | 19-cv-10713 |
| Robert Klugman<br><br><br>RAK Investment Trust<br><br>Aerovane Logistics LLC Roth 401(K) Plan<br><br>Edgepoint Capital LLC Roth 401(K) Plan<br><br>Headsail Manufacturing LLC Roth 401(K) Plan<br><br>The Random Holdings 401(K) Plan<br><br>The Stor Capital Consulting LLC 401(K) Plan | David L. Goldberg<br>Michael M. Rosensaft<br>Zhanna A. Ziering<br>Katten Munchin Rosenman LLP<br>50 Rockefeller Plaza<br> New York, NY 10020<br>Tel.: (212) 940-8800<br>Fax: (212) 940-8776<br>david.goldberg@katten.com | 18-cv-04434<br>18-cv-07824<br>18-cv-07827<br>18-cv-07828<br>18-cv-07829<br>19-cv-01781<br>19-cv-01783<br>19-cv-01785<br>19-cv-01788<br>19-cv-01791<br>19-cv-01792<br>19-cv-01794<br>19-cv-01798<br>19-cv-01800<br>19-cv-01801<br>19-cv-01803<br>19-cv-01806<br>19-cv-01808<br>19-cv-01809<br>19-cv-01810<br>19-cv-01812<br>19-cv-01813<br>19-cv-01815<br>19-cv-01818<br>19-cv-01870<br>19-cv-01918<br>19-cv-01922<br>19-cv-01926 |

|  |  | 19-cv-01928 |
|  |  | 19-cv-01929 |
|  |  | 19-cv-01931 |