UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND            18-md-2865 (LAK)
LITIGATION

This paper applies to:       Trial One Cases[1]
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


PRETRIAL ORDER NO. 42


LEWIS A. KAPLAN, *District Judge.*

      Before the Court is plaintiff's motion *in limine* to preclude defendants from introducing at trial evidence or argument concerning the involvement of attorneys in connection with defendants' alleged fraud — often termed an "advice-of-counsel defense."[2]

      Defendants contend that the motion should be denied as moot because they do not intend to assert a "formal advice-of-counsel defense."[3] But plaintiff's motion is not moot because it addresses more than a "formal" advice-of-counsel defense. It seeks also to preclude "[d]efendants from suggesting or arguing that . . . [any law] firm 'blessed' the plans' beneficial ownership [and/or other] representations."[4] And this, defendants say, they intend to do. Defendants state that they will

---

[1]  18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339.

[2]  Dkt 1123.

    This Court explained previously the linguistic imprecision of this term. *See United States v. Bankman-Fried*, No. S6 22-cr-0673 (LAK), 2023 WL 6392718, at *1 (S.D.N.Y. Oct. 1, 2023).

[3]  Dkt 1161 (Def. Mem.) at 2 (cleaned up).

[4]  Dkt 1125 (Pl. Mem.) at 5.

seek to introduce evidence concerning the "intense involvement" of attorneys in their consideration and execution of the allegedly fraudulent securities transactions and tax refund claims.[5]

"[E]vidence that a defendant relied on advice from counsel" or that attorneys were present for certain events can be probative of a defendant's intent.[6] It can pose also a significant risk of misleading the jury. This is so because such evidence could lead a jury to conclude mistakenly that the fact that an attorney was involved to a limited extent or present for certain events "means that he or she must have implicitly or explicitly 'blessed' the legality of all aspects of a transaction."[7] This risk is heightened where, as here, the requirements of a "formal advice-of-counsel" defense apparently are not met.

In this case, it is not clear what such evidence and argument defendants seek to introduce. In consequence, the Court cannot assess with adequate precision the question of admissibility. Accordingly, defendants shall file with the Court and plaintiff by September 26, 2024 a complete offer of proof (including witness testimony and other evidence) and associated arguments that they propose to introduce at trial pertaining to the presence or involvement of attorneys or to legal advice received of which any defendant claims to have been aware. This offer shall include, for example, specific documents that defendants anticipate seeking to introduce at trial and detailed representations of anticipated trial testimony. Plaintiff's response, if any, shall be filed by October 7, 2024.

SO ORDERED.

Dated:   September 6, 2024

/s/ Lewis A. Kaplan
———————————————
Lewis A. Kaplan
United States District Judge

---

[5] Dkt 1161 (Def. Mem.) at 3.

[6] *Lek Sec. Corp.*, 2019 WL 5703944, at *4; *see Bankman-Fried*, 2024 WL 477043, at *2.

[7] *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013).