
# MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case nos:

18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339.

MASTER DOCKET

18-md-2865 (LAK)



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/24

### NOTICE OF PLAINTIFF SKATTEFORVALTNINGEN'S MOTION *IN LIMINE* TO PRECLUDE THE IRS EXAMINATION OF THE RJM CAPITAL PENSION PLAN

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law, dated August 15, 2024, and the Declaration of Marc A. Weinstein, dated August 15, 2024, with all exhibits thereto, plaintiff Skatteforvaltningen, by its undersigned attorneys, will move the Court before the Honorable Lewis A. Kaplan at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 21B, at a date and time to be determined by the Court, for an order pursuant to Rules 402 and 403 of the Federal Rules of

Memorandum Endorsement   In re Customs and Tax Admin., Master Docket 18-md-2865 (LAK)

Plaintiff moves *in limine* to exclude evidence relating to an IRS audit of defendant RJM Capital Pension Plan ("RJM").[1] The motion is granted because the evidence would be irrelevant and, in the alternative, because its probative value, if any, would be substantially outweighed by the danger of unfair prejudice, misleading the jury, and prolonging unnecessarily Trial One.[2]

The evidence in question pertains to an IRS examination of RJM's 2016 Form 5500-EZ, "the annual return that single participant plans are required to file in certain circumstances."[3] Among the evidence plaintiff seeks to exclude is a letter dated February 3, 2020 in which the IRS informed RJM in just two substantive sentences that "[o]ur recent examination of your return(s) for the above year(s) shows no change is necessary in the information reported. We are pleased to inform you that we have accepted the return(s) as filed."[4] The letter identified 2016 as the year in question.[5]

Defendants argue that the evidence would be relevant because, by approving the return, the IRS implicitly was "approving the description of the plan as a 'qualified defined contribution plan.'"[6] Assuming *arguendo* that this interpretation of the letter is correct, the evidence still would lack relevance because the return in question was for 2016. Both the audit and letter, therefore, "post-date[] the time period relevant to SKAT's allegations," which arise from tax refund claims filed by defendants during the period 2012–2015.[7] Thus, the IRS's purported determination that RJM was qualified in 2016 would be irrelevant to whether it was qualified in prior years. For the same reason, the Court rejects defendants' argument that "[t]he IRS's determination is directly

---

[1] Dkt 1135.

[2] Plaintiff does not contest the admissibility of the evidence on the ground that it is hearsay. *Cf.* Federal Rule of Evidence 803(8).

[3] Dkt 1136 (Pl. Mem.) at 2.

[4] Dkt 1138-10 (IRS Letter).

[5] *Id*.

[6] Dkt 1169 (Def. Mem.) at 6.

[7] Dkt 1136 (Pl. Mem.) at 4–5.

While defendants state that "the scope of the IRS's inquiry was [not] limited to . . . a single year," Dkt 1169 (Def. Mem) at 2, they elide the fact that the IRS letter's arguable *conclusion* as to RJM's qualification pertained only to 2016, Dkt 1138-10 (IRS Letter).

2

relevant . . . [to] the jury's assessment of" whether defendants' alleged misrepresentations of plan qualification were made knowingly or recklessly.[8] The IRS's 2020 determination as to RJM's qualification in 2016 could not bear on defendants' state of mind years before. Accordingly, the evidence in question is excluded because it would be irrelevant.[9]

In the alternative, the Court excludes the evidence pursuant to Federal Rule of Evidence 403. The Court of Appeals has cautioned that agency determinations "vary greatly in quality and factual detail," and that "[t]he party against whom such a determination is admitted must attempt to expose the weaknesses of the report, an effort that may well confuse or mislead the jury and result in an undue waste of time."[10] Thus, a district court weighing the admissibility of such a report must "consider the quality of the report, its potential impact on the jury, and the likelihood that the trial will deteriorate into a protracted and unproductive struggle over how the evidence admitted at trial compared to the evidence considered by the agency."[11]

The IRS letter at issue here is of poor quality. It contains just two substantive sentences, its findings are conclusory, and it does not explain its rationale or the evidence on which its conclusion rests. Where, as here, a "letter — though based on factual findings . . . — offers a legal conclusion on [an] ultimate issue[] in the case" but "does not relate the factual findings in detail . . . its sole value would be to suggest to the jury that it should reach the same conclusion as [it] did."[12] Such a suggestion would risk unfair prejudice and misleading or confusing the jury.[13] On the other hand, defendants would be prejudiced minimally, if at all, by the exclusion of the evidence because they would have "a full opportunity to present to the jury all the evidence [they]

---

[8] Dkt 1169 (Def. Mem.) at 7.

[9] The Court finds less persuasive plaintiff's argument that the IRS's letter does not suggest "that the IRS had . . . determined that the plan was operated in accordance with the [Internal Revenue] Code." Dkt 1136 (Pl. Mem.) at 1. As defendants note, the letter was issued at the conclusion of an examination intended "to determine if a retirement plan is qualified." Dkt 1169 (Def. Mem.) at 4 (quoting Internal Revenue Manual § 4.71.1.1.1).

[10] *Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 65 (2d Cir. 1998) (internal quotation marks and citations omitted).

[11] *Id*.

[12] *U.S. Bank Nat. Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 145 (S.D.N.Y. 2015).

[13] *See Casmento v. Volmar Constr., Inc.*, No. 20-cv-0944 (LJL), 2022 WL 1094529, at *2 (S.D.N.Y. Apr. 12, 2022).

3

had submitted to the" IRS.[14] Accordingly, the Court holds that even if the evidence were to have probative value, that value would be outweighed substantially by the Rule 403 considerations.

       Plaintiff's motion (Dkt 1135) is granted.

       SO ORDERED.

Dated:        September 23, 2024

                                                Lewis A. Kaplan
                                                United States District Judge

---

[14] *Paolitto*, 151 F.3d at 65.