*Exhibit 18*

| | |
|---|---|
| **Message** | |
| **From**: | Jonathan Sander [JSander@duetgroup.net] |
| **Sent**: | 4/13/2012 1:13:55 PM |
| **To**: | 'Rmarkowitz@argremgt.com' [Rmarkowitz@argremgt.com] |
| **CC**: | 'rklugman@storcapital.com' [rklugman@storcapital.com]; 'jlhote@argremgt.com' [jlhote@argremgt.com]; 'alarosa@argremgt.com' [alarosa@argremgt.com]; 'mstein@argremgt.com' [mstein@argremgt.com]; 'JHVM@Argremgt.com' [JHVM@Argremgt.com]; Ben-Jacob, Michael [/O=KAYESCHOLER/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Ben_m]; Wells, Peter [/O=KAYESCHOLER/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Wells_p]; Tuchman, Louis [/O=KAYESCHOLER/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Tuchman]; Veillette, Rebecca [/O=KAYESCHOLER/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Veillette_r]; globalequity [globalequity@duetgroup.net] |
| **Subject**: | RE: Duet- update |
| **Attachments**: | Draft Opinion Duet - Pension Funds - US Treaty.docx |

Richard,

Please see attached draft Belgian advice. We have some comments on this (and in addition will need to update the fact pattern following the introduction of the subordinated loan) and need to revert to counsel; however in the interest of time are sending through now. If you could revert with any comments before Monday we can then arrange for the advice to be finalized.

Regards

Jonathan

---

**From:** Jonathan Sander
**Sent:** 13 April 2012 12:41
**To:** 'Rmarkowitz@argremgt.com'
**Cc:** 'rklugman@storcapital.com'; 'jlhote@argremgt.com'; 'alarosa@argremgt.com'; 'mstein@argremgt.com'; 'JHVM@Argremgt.com'; 'michael.ben-jacob@kayescholer.com'; 'peter.wells@kayescholer.com'; 'ltuchman@kayescholer.com'; 'Rebecca.Veillette@kayescholer.com'; globalequity
**Subject:** RE: Duet- update

Richard,

As discussed, please find attached a first draft prospectus. We would welcome your comments.

Regards

Jonathan

---

**From:** Jonathan Sander
**Sent:** 12 April 2012 09:01
**To:** 'Rmarkowitz@argremgt.com'
**Cc:** 'rklugman@storcapital.com'; 'jlhote@argremgt.com'; 'alarosa@argremgt.com'; 'mstein@argremgt.com'; 'JHVM@Argremgt.com'; 'michael.ben-jacob@kayescholer.com'; 'peter.wells@kayescholer.com'; 'ltuchman@kayescholer.com'; 'Rebecca.Veillette@kayescholer.com'; globalequity
**Subject:** Re: Duet- update

6.15am NY time works and I will send through a calendar invitation.

**From**: Richard Markowitz [mailto:Rmarkowitz@argremgt.com]
**Sent**: Wednesday, April 11, 2012 10:54 PM
**To**: Jonathan Sander
**Cc**: Robert Klugman <rklugman@storcapital.com>; Jerome Lhote <jlhote@argremgt.com>; Adam LaRosa <alarosa@argremgt.com>; Matthew Stein <mstein@argremgt.com>; John Van Merkensteijn, III <JHVM@Argremgt.com>; Michael Ben-Jacob <michael.ben-jacob@kayescholer.com>; Peter Wells <peter.wells@kayescholer.com>; Louis Tuchman <ltuchman@kayescholer.com>; Rebecca Veillette <Rebecca.Veillette@kayescholer.com>; globalequity
**Subject**: Re: Duet- update

I have an awkward schedule tomorrow. I would like to propose we have the call at 6:15 am NY time. I will be calling in from my mobile phone and I should have good reception for at least 1 hour.
Michael will join, but others may not be able to make it from our side.

If that time doesn't work, I won't be available until 12:15 pm NY time. Let us know which time you prefer.


On 4/11/12 3:39 PM, "Jonathan Sander" <JSander@duetgroup.net> wrote:

Dear Richard,

By way of an update:

**Attached documentation**

1.  Updated Limited Partnership Agreement marked up against the version that Mike sent through with your comments. It would probably make sense to discuss some of the updates on a call; however in brief we can confirm:


- We have removed references to Asset Holding Vehicle and Parallel Vehicles throughout the LPA as these are not applicable;

- Page 4- the Loan as defined does not include the swap;

- Page 4- the swap does not impact the NAV of the Limited Partnership;

- Page 13- Tax deductions- you will note that we have not accepted the proposed changes to para 5.5 but to reflect what has been commercially agreed, we have included provisions in the IMA for your review, which we believe achieve the same result;

- Page 15- regarding para 6.3.2 and capital accounts, we will need to run this past the Administrator who would undertake the accounting;

- Page 19- Exclusivity- we have reverted to the original language that we provided;

- Page 20- Tax Elections section has been added. However, we would like to refer to the actual tax election that would cause the Partnership to be an association taxable as a corporation- please confirm;

- Page 20- we need to confirm with US counsel on the Prohibited Transactions para;

- Page 24- Liquidations- we have removed your proposed language as do not see under these circumstances why

CONFIDENTIAL  WH_MDL_00281230

there would be amounts payable to Duet, as Investment Manager. Perhaps we can discuss.

* Page 25-Indemnity- para 13- we have reverted to the original language, but to reflect what has been commercially agreed, we have included provisions in the IMA for your review, which we believe achieve the same result.

* Page 29- amended wording re Governing law

2. A draft IMA (please note that there are a couple of memo items for our internal purposes)

3. A draft side letter with regards reps to be provided by Duet

**Other matters**

1. Our Gibraltar counsel has confirmed no comments on the draft subordinated loan agreement which you provided.

2. We have also followed up with Macquarie- they are making good progress on Belgium and we will advise shortly with further news.

3. With regards whether you would like the partnership to be regulated or not we would welcome your conclusion and also your thought on potential names of the Partnership.

Please advise when you would like to have a follow up call to discuss.

Kind regards

Jonathan

**From:** Jonathan Sander
**Sent:** 11 April 2012 12:44
**To:** 'Richard Markowitz'; Aneil Anand
**Cc:** Robert Klugman; Jerome Lhote; Adam LaRosa; Matthew Stein; John Van Merkensteijn, III; Michael Ben-Jacob; Peter Wells; Louis Tuchman; Rebecca Veillette
**Subject:** RE: Form of Subordinated Note and Other Document Language

Dear Richard,

We are having counsel review the agreement.

Initial comments:

1. 5th paragraph- should references to 'prepay' be 'repay'?

2.   There doesn't seem to be a clause allowing for Otztal LLC to call for the loan to be repaid at any time.  Is there a reason why this has not been included?

3.   We are looking at the drafting of the IMA to allow for more immediate removal of the Investment Manager.  In addition to the call option for the loan to be repaid, there could be a related provision in the subordinated loan agreement with the effect that if in the reasonable opinion of the General Partner, the investment activities within the Limited Partnership put at risk the Limited Partnership's ability to repay monies due under the subordinated loan, the Lender can request that the General Partner terminate the IMA.  If you think this has value, please provide some drafting for inclusion in the subordinated loan agreement.


Regards

Jonathan


**From:** Richard Markowitz [mailto:Rmarkowitz@argremgt.com]
**Sent:** 09 April 2012 18:34
**To:** Aneil Anand; Jonathan Sander
**Cc:** Robert Klugman; Jerome Lhote; Adam LaRosa; Matthew Stein; John Van Merkensteijn, III; Michael Ben-Jacob; Peter Wells; Louis Tuchman; Rebecca Veillette
**Subject:** Form of Subordinated Note and Other Document Language

Aneil and Jonathan:

Attached is the form of subordinated note we propose using between the lender (Otztal LLC) and the borrower (the Gibraltar Partnership).

Also attached is the "requirements" for maintaining the capital accounts in the partnership.  (See item 3 below.)

We also wanted to provide our input on several of the other open issues. (We still owe you language to be included in the separate agreement.)

1. We can confirm that it is sufficient for the various documents to refer to the parties agreeing to submit to the jurisdiction of a US court and that it is not necessary for the US court to have exclusive jurisdiction.  It is our understanding that Duet's counsel will adjust the language accordingly but let us know if we should provide model language.
2. We will need to add language in the relevant agreements (Partnership deed and Investment Management Agreement) barring "prohibited transactions."  A simple provision would read:   "The [fill in appropriate title] agrees that it will not cause or allow the Partnership [or other term] to enter into any transaction if it knows or should know that such transaction would constitute a "prohibited transaction" as such term is defined in Section 4975 (c)(1) of the Internal Revenue Code of 1986."
3. With respect to Section 6.3.2 of the LP Agreement relating to keeping of capital accounts, that provision can refer to a Schedule per the attached.
4. With respect to Section 7.7 of the LP Agreement in which we included language so that the Partnership would not be converted to a corporation for US tax purposes:  that can be changed to read:

> "None of the Partners nor the Partnership shall:
> (i) make any election under U.S. tax law to treat the Partnership as an association taxable as a corporation; or
> (ii) make any change to the organization of the Partnership or enter any agreement or

arrangement that results in no Partner having personal liability for the obligations of the Partnership."

Let us know when we can have a call with Gibraltar counsel.  We also look forward to our call tomorrow.

--
Richard Markowitz
Managing Director
Argre Management LLC
40 West 57th Street
20th Floor
New York, NY 10019

Tel:       (212) 247-2600
Fax:       (212) 247-2753
Mobile:    (917) 848-5675

RMarkowitz@Argremgt.com

_____

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com
_____

******************************************************************
DUET ASSET MANAGEMENT LIMITED is authorised and regulated by the Financial Services Authority
******************************************************************

Internet communications cannot be guaranteed to be confidential, secure or error-free as information could be intercepted, corrupted, lost, arrive late or contain viruses. The sender therefore does not accept liability for any errors or omissions in the context of this message which arise as a result of Internet transmission.

Unless otherwise stipulated herein, any opinions contained in this message are those of the author and are not given or endorsed by the company through which this message is sent.

Nothing in this message or in its attachments should be construed as a solicitation or offer, or recommendation, to acquire or dispose of any investment or to engage in any other transaction.
_____
This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com
_____

CONFIDENTIAL                                                                                                             WH_MDL_00281233