*Exhibit 23*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CUSTOMS AND TAX ADMINISTRATION OFTHE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to the cases identified on Schedule A to Plaintiff Skatteforvaltningen's First Set of Interrogatories to Defendant Robert Klugman. | Master Docket 18-md-2865(LAK)<br>ECF Case |

**DEFENDANT ROBERT KLUGMAN'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules") defendant Robert Klugman ("Defendant"), by and through undersigned counsel, herby submits the responses and objections herein to Plaintiff SKAT's interrogatories (the "Interrogatories").

These responses and objections are based on the information reasonably available and specifically known to the Defendant and his attorneys as of the date of service. Defendant reserves the right to supplement, amend, modify or correct his objections and/or responses after considering information obtained through further investigation. Defendant further reserves the right to use or rely on, at any time, subsequently discovered and produced information from these responses and objections as a result of mistake, error, oversight or inadvertence.

1

**INTERROGATORY NO. 6**

*If You are asserting an advice of counsel defense, identify all issues You are asserting that defense in connection with; the substance of the advice; which lawyers provided that advice; and when that advice was provided.*

**RESPONSE TO INTERROGATORY NO. 6**

Defendant repeats and incorporates by reference the General Objections stated above. Defendant objects to Interrogatory No. 6 as vague and ambiguous. The phrases "all issues" and "the substance" are undefined, rendering the request vague and ambiguous. Subject to and without waiving these objections or the General Objections, Defendant states that Defendant is asserting an advice of counsel defense with respect to all of SKAT's claims. The advice pertained to the transactions through which the Plans purchased Shares; the organization and structure of the Plans, Partnerships, and Sponsoring Entities; agreements entered into by the Plans with various brokers, custodians, and other counterparties in order to execute the transactions by which the Plans purchased Shares; and such other and further issues related to the transactions that Defendant's attorneys identified. Defendant received that advice directly from Defendant's attorneys at Kaye Scholer, and indirectly from attorneys at other law firms who were consulted by Kaye Scholer, and indirectly from Hannes Snellman. Defendant's understanding of the advice was also informed by advice regarding dividend arbitrage transactions that Defendant received directly and/ or indirectly from attorneys at Crowell & Moring, Arthur Cox, Freshfields, and Norton Rose. The advice was provided on a continuous basis from March 2010 through approximately September 2015, but primarily during 2014 through approximately September 2015. Defendant further states that the answer to Interrogatory No. 6 may be derived or ascertained by examining records produced to plaintiff, and the burden of deriving or ascertaining the answer to Interrogatory No. 6

11

is substantially the same for either party. Accordingly, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers to all documents produced in this case from the files of his counsel, including but not limited to all the documents stamped pursuant to Federal Rule of Evidence 502. See, e.g., KLUGMAN00067808- KLUGMAN00067843, KLUGMAN00055739-KLUGMAN00055741, and WH_MDL_00264057-WH_MDL_0264060. Having produced Kaye Scholer's entire files for multiple years to the extent relevant to dividend arbitrage trading and within the scope of the waiver, Defendant will not purport to summarize all of the advice he received here.

## INTERROGATORY NO. 7

*Identify each Plan that You contend received the Dividends; state the legal and factual bases for Your contention; and, for each Dividend, identify (1) the date on which the Plan received the Dividend; (2) the entity or individual from which the Plan received the Dividend; (3) whether the plan transferred the Dividend or any portion of it to any other entity or individual; and (4) to whom the Plan transferred the Dividend or any portion of it.*

## RESPONSE TO INTERROGATORY NO. 7

Defendant repeats and incorporates by reference the General Objections stated above. Defendant objects to Interrogatory No. 7 as vague and ambiguous, including to the extent it seeks a "legal basis" for a question of fact. Defendant further objects to Interrogatory No. 7, to the extent this Interrogatory calls for information relating to Plans listed on Schedule C to the Interrogatories which is not within Defendant's possession, custody, or control. Subject to and without waiving these objections or the General Objections, Defendant states that each Plan received Dividends. Each Plan entered into a final and binding agreement to purchase shares before the ex-dividend date, paid a price for the shares reflecting that the shares were trading *cum* dividend, paid

12

upon the identity of the seller or whether the seller was a short seller. Defendant further objects to the extent this Interrogatory calls for information relating to Plans listed on Schedule C to the Interrogatories which is not within Defendant's possession, custody, or control. Subject to and without waiving these objections or the General Objections, Defendant states that, in order to achieve the most certainty of successful transactions and obtain best execution, the Plans purchased shares from regulated interdealer brokers. As a result, the Plans had no visibility into the identity of sellers.

**INTERROGATORY NO. 25**

*Identify the Shares for which the purchase of the Shares settled after the Record Date, and explain why the Plan executed trades to settle after the Record Date.*

**RESPONSE TO INTERROGATORY NO. 25**

Defendant repeats and incorporates by reference the General Objections stated above. Defendant objects to Interrogatory No. 25 to the extent this Interrogatory calls for information relating to Plans listed on Schedule C to the Interrogatories which is not within Defendant's possession, custody, or control. Subject to and without waiving these objections or the General Objections, Defendant states that, for all purchases of Shares, settlement occurred after the Record Date. The structure of the transaction was provided by Solo Capital Partners LLP. Furthermore, having additional time to fund the purchase of the Shares was in the best interests of the Plans.

Dated: December 31, 2021   Respectfully submitted,
      New York, New York

                                            /s/ Zhanna A. Ziering
                                            Zhanna A. Ziering
                                            Moore Tax Law Group LLC
                                            11 Broadway, Ste 615

New York, NY  10004
Email: zhanna.ziering@mooretaxlawgroup.com
Telephone: (646) 357-3875
Facsimile: (312) 549-9991

*Attorney for Defendant Robert Klugman*

**VERIFICATION**

I am the Defendant in the above-captioned matter.  I verify that I have read the forgoing Responses and Objections, and they are true and correct to the best of my knowledge.  I do not necessarily have direct personal knowledge of every fact contained herein.  These responses were prepared with the assistance of my counsel and are based on information currently available to me.  I reserve the right to make changes or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available.

I verify under penalty of perjury that the foreign is true and correct.

Dated: 12/31/2021
Laguna Beach, California

_____
ID jjGKeh261YFag8gcT1B2wLoj

Robert Klugman

## eSignature Details

**Signer ID:**     **jjGKeh261YFag8gcT1B2wLoj**
Signed by:     Robert Klugman
Sent to email:     robklugman@optonline.net
IP Address:     68.4.120.119
Signed at:     Dec 31 2021, 6:46 pm EST