*Exhibit 28*

# LIMITED POWER OF ATTORNEY

**WHEREAS**, Robert Klugman, of 200 Henry Street, Apt. 1501, Stamford, Connecticut 06902 (the "Principal"), intends to, either directly or indirectly, through entities beneficially owned by him or established by him, including one or more limited liability companies and related qualified pension plans under Section 401(a) of the Internal Revenue Code of 1986, as amended (the "Entities"), enter into agreements to purchase stock in one or more publically traded companies (on margin or otherwise), enter into forward sales contracts in respect of one or more publically traded companies, enter into one or more notional principal contracts, and open one or more custody accounts with such institutions to accomplish the foregoing, including, without limitation, with Solo Capital Limited and Solo Capital Partners LLP, and to execute such documents and agreements as shall be necessary to implement the foregoing (the "Transactions").

**WHEREAS**, the Principal intends to execute, or cause to be executed, any and all documentation necessary to establish bank, investment, security, and/or custody accounts, both foreign and domestic, for the purposes of implementing the foregoing, with such financial institutions or brokers to implement the Transactions, including, without limitation, with Solo Capital Limited and Solo Capital Partners LLP (collectively the "Financial Institutions").

**WHEREAS**, the Principal desires to appoint Michael Ben-Jacob, of c/o Kaye Scholer, 425 Park Avenue, New York, NY 10022 to be his true and lawful agent and attorney-in-fact (the "Agent") as more specifically provided below in respect of the Transactions.

**NOW, THEREFORE,** by this Power of Attorney made effective as of the 30th day of June 2014, the Principal hereby appoints the Agent with full power and authority for him and in his name and on his behalf to:

1. Execute any and all documents and forms related to the organization and establishment of the Entities.

2. Execute any and all forms and documents with the Financial Institutions as shall be necessary to establish bank, investment, security, and/or custody accounts with said Financial Institutions, including, but not limited to, any such documents that are required to appoint an authorized trader under any applicable account opening documents.

3. Execute any and all forward sales contracts, security lending agreements, guarantee deeds, custody agreements, tax reclaim agreements and any such other related documents in connection with the Transactions.

4. Execute, or cause to be executed, any and all documentation related to the foregoing or reasonably necessary to implement the foregoing.

**Other Powers of Attorney**. This Power of Attorney shall not revoke any prior Power of Attorney appointing any other attorney-in-fact or agent of the Principal, and any two such attorneys-in-fact or agents that have been granted concurrent authority may act separately.

62138558_1.docx

**Indemnity.** The Principal agrees to indemnify any third party for any claims that may arise against the third party because of reliance on this Power of Attorney. The Principal understands that any termination of this Power of Attorney, whether the result of the Principal's revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

The Principal, expressly warrants, represents and agrees to indemnify the Agent, if the Agent is or was a party to or witness or other participant in, or is threatened to be made a party to or witness or other participant in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative for any action or inaction on the part of the Agent in connection with this Power of Attorney against any expenses (including attorneys' fees and costs), judgments, fines, any interest, assessments, and other charges and amounts paid in settlement or actually incurred by the Agent in connection with that action, suit or proceeding except to the extent that there is a final unappealable judicial determination based on clear and convincing evidence (1) that the Agent's conduct was not taken in good faith or constitutes willful misconduct, or (2) with respect to any criminal action, proceeding or investigation that the Agent had no reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the Agent did not act in good faith, and, with respect to any criminal action or proceeding, had reasonable cause to believe that the Agent's conduct was unlawful. All costs and expenses of indemnification as provided by this paragraph, including legal fees, shall be paid currently by the Principal as they are incurred by the Agent unless it shall ultimately be determined that the Agent is not entitled to be indemnified by the Principal against such expenses. At all times, the Agent shall be free to employ counsel of his choosing. The Agent shall be under no obligation to refund these payments (or to post security for refunding) unless and until there is an affirmative, final and unappealable finding by a court of competent jurisdiction that the Agent's conduct complained of in the litigation constituted bad faith or willful misconduct.

**Governing Law.** This Power of Attorney (and any dispute, controversy, proceedings or claim of whatever nature arising out of or in any way relating to this Power of Attorney, its subject matter or its formation, (including non-contractual disputes or claims)) shall be governed by and construed in accordance with the law of the State of New York.

*{Signature Page to Follow}*

**IN WITNESS WHEREOF,** the parties have executed this Power of Attorney effective as of the date first written above.

**PRINCIPAL**

_____
ROBERT KLUGMAN

**AGENT**

_____
MICHAEL BEN-JACOB