**MEMO ENDORSED** UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/2/24___

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX
REFUND SCHEME LITIGATION

MASTER DOCKET

18-md-2865 (LAK)

This document relates to:
18-cv-07824; 18-cv-07827; 18-cv-07828;
18-cv-07829; 19-cv-01781; 19-cv-01783;
19-cv-01785; 19-cv-01788; 19-cv-01791;
19-cv-01792; 19-cv-01794; 19-cv-01798;
19-cv-01800; 19-cv-01801; 19-cv-01803;
19-cv-01806; 19-cv-01808; 19-cv-01809;
19-cv-01810; 19-cv-01812; 19-cv-01813;
19-cv-01815; 19-cv-01818; 19-cv-01866;
19-cv-01867; 19-cv-01868; 19-cv-01869;
19-cv-01870; 19-cv-01871; 19-cv-01873;
19-cv-01894; 19-cv-01896; 19-cv-01918;
19-cv-01922; 19-cv-01926; 19-cv-01928;
19-cv-01929; 19-cv-01931; 19-cv-10713;
21-cv-05339.

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT
CONCERNING EXTRATERRITORIAL CIVIL AND CRIMINAL PROCEEDINGS**

Defendants respectfully request that the Court preclude Plaintiff Skatteforvaltningen

("SKAT") from introducing evidence or making argument concerning fines, findings, penalties,

or settlements related to extraterritorial civil, criminal, or regulatory proceedings involving non-

parties to this litigation related to their participation in dividend arbitrage transactions (collectively,

"Foreign Proceedings"). Such nonparties include—but are not limited to—Matthew Stein, Jerome

Lhote, Luke McGee, Maple Point, Maple Bank, North Channel Bank, Freshfields, Guenther Klar,

Anthony Mark Patterson, Bastion Capital, The TJM Partnership Limited, Sunrise Brokers LLP,

Memorandum Endorsement    In re Customs and Tax Admin., Master Docket 18-md-2865 (LAK)

   Defendants move *in limine* to exclude "evidence or . . . argument concerning fines, findings, penalties, or settlements related to extraterritorial civil, criminal, or regulatory proceedings involving non-parties to this litigation related to their participation in dividend arbitrage transactions."[1]  The sole ground upon which defendants move is Federal Rule of Evidence 403. Thus, for purposes of this motion, defendants concede the relevance, at least minimal probative value, and admissibility over any hearsay objection of the evidence.  Plaintiff opposes the motion.[2]

   Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice, confusing the issues, [or] misleading the jury."  To determine whether exclusion is warranted under the rule, a court must "assess the probative value of *the proffered item* as well as the harmful consequences specified in Rule 403 that might flow from *its* admission."[3]  This assessment must be performed with reference to specific evidence and not to general categories of evidence.  But here, defendants have not identified specific evidence they seek to exclude.  The Court therefore is unable to determine whether the evidence to which defendants refer in general terms should be excluded under Rule 403.

   Accordingly, defendants' motion (Dkt 1127) is denied.  Defendants, of course, may object at trial to the introduction of specific evidence.

   SO ORDERED.

Dated:   October 2, 2024

                   Lewis A. Kaplan
                  United States District Judge

---

[1] Dkt 1127 at 1.  Defendants refer to this evidence "collectively" as "Foreign Proceedings." *Id.*

[2] Dkt 1153.

[3] Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence Manual § 6.02[1] (2023) (emphasis added).