**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br>18-cv-07824; 18-cv-07827; 18-cv-07828; 18-cv-07829; 19-cv-01781; 19-cv-01783; 19-cv-01785; 19-cv-01788; 19-cv-01791; 19-cv-01792; 19-cv-01794; 19-cv-01798; 19-cv-01800; 19-cv-01801; 19-cv-01803; 19-cv-01806; 19-cv-01808; 19-cv-01809; 19-cv-01810; 19-cv-01812; 19-cv-01813; 19-cv-01815; 19-cv-01818; 19-cv-01866; 19-cv-01867; 19-cv-01868; 19-cv-01869; 19-cv-01870; 19-cv-01871; 19-cv-01873; 19-cv-01894; 19-cv-01896; 19-cv-01918; 19-cv-01922; 19-cv-01926; 19-cv-01928; 19-cv-01929; 19-cv-01931; 19-cv-10713; 21-cv-05339. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER ON MOTION IN <u>LIMINE REGARDING COMPARATIVE FAULT</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | LEGAL STANDARD | 1 |
| III. | ARGUMENT | 2 |
| IV. | CONCLUSION | 4 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Auscape Int'l v. National Geographic Society*,
   No. 02 Civ. 6441(LAK)(HBP), 2003 WL 22127011 (S.D.N.Y. Sept. 15, 2003) ....................... 1

*In re Rezulin Products Liability Litigation*,
   224 F.R.D. 346 (S.D.N.Y. 2004) ............................................................................................... 1

**Other Authorities**

Federal Rule of Civil Procedure 60(b) ............................................................................................ 1

Local Civil Rule 6.3 ........................................................................................................................ 1

## I. PRELIMINARY STATEMENT

This Court's order (the "Order") denying (in part) SKAT's motion to exclude evidence regarding Defendants' comparative fault and statute of limitations defenses recognized that documents establishing that "SKAT lacked the ability or otherwise failed to verify the veracity of refund claims" could "bear on the issues of reasonable reliance, comparative negligence, and the balance of equities." Dkt. No. 1195 at 4. For that reason, the Court declined to bar Defendants from introducing portions of the 2010 and 2015 SIR Reports. *See id.*

Defendants submit that the Court's reasoning is equally applicable to portions of the 2016 National Audit Office Report. *See generally* Dkt. No. 1164 at 8, 20-21. For that reason, Defendants respectfully request that the Court reconsider its ruling and allow Defendants to introduce the 2016 National Audit Office Report to the limited extent it likewise bears on the issues for which the Court has already found relevance in the 2010 and 2015 SIR Reports.

## II. LEGAL STANDARD

Relief under Local Civil Rule 6.3 is available only if the movant demonstrates that the "Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 Civ. 6441(LAK)(HBP), 2003 WL 22127011, at *1 (S.D.N.Y. Sept. 15, 2003) (internal quotation marks and citation omitted). "Such a motion may not advance new facts, issues or arguments not previously presented to the court." *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 349 (S.D.N.Y. 2004) (internal quotation marks and citation omitted).

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, . . . (6) any other reason that justifies relief."

1

### III.   ARGUMENT

The 2016 National Audit Office Report (the "2016 Report") is, like the 2010 and 2015 SIR Reports, replete with "evidence that SKAT lacked the ability or otherwise failed to verify the veracity of a refund claim."  It should be given equal if not more consideration for the purpose identified by the court.  The 2016 Report contains observations and conclusions on this topic that not just support but go beyond those discussed in the 2010 and 2015 SIR Reports.  *See, e.g.* Ex. 1 at 4-5, 9-13 (drawing its own conclusions based on its own audit process); *id.* at 36-45 (drawing upon all existing sources to identify the Ministry of Taxation and SKAT's awareness of problems with reimbursement of dividend tax).  Additionally, the 2016 Report is authored by the Danish National Audit Office, *the* national audit agency of the Kingdom of Denmark, thus giving more weight to its conclusions than those reached by the Ministry of Taxation's internal audit agency.[1]

The 2016 Report describes in detail the audit conducted by Denmark's National Audit Office of SKAT's administration of and the Ministry of Taxations' supervision of reimbursement of dividend tax from January 1, 2010 to August 5, 2015.  It explains the audit covered "whether SKAT's internal controls, including the data used and the system support regarding the reimbursement of dividend tax were adequate to check the requests for reimbursement from abroad." Ex. 1 at 9.  Adequate controls means "procedures written down or otherwise established, verification of information on which the reimbursement was based, adequate system support, clear division of responsibilities, supervision of the area and follow-up on critical audit reports and information from the public."  *Id.*  In conducting its audit, the National Audit Office followed

---

[1] For these reasons, the 2016 Report is not merely cumulative of the 2010 and 2015 audit reports.  In any event, should the Court decide that three audit reports is too much to present on these points, the Defendants should be able to choose which of the three reports to present.

2

"[g]enerally accepted public auditing standards," (*Id.* at 12), and reviewed prior audit reports, as well as other "written material from SKAT and the Ministry of Taxation, including reports [and] minutes of meetings" and also "held meetings with SKAT, the Ministry of Taxation and SOIK." *Id.* at 12. The 2016 Report notes that SKAT admitted that "the control of the reimbursement of dividend tax should have been planned differently" and that the Ministry of Taxation explained that the fraud was possible "as a result of the risk-based approach chosen." *Id.* at 16. The 2016 Report concludes that SKAT's administration of dividend tax reimbursement was "very unacceptable," "extremely inadequate," and "made on a completely inadequate basis" because "**SKAT did not check completely basic information in the requests**." *Id.* at 4-5 (emphasis added). *See also* Dkt. No. 1164 at 4-5 (quoting these passages in defendants' opposition to SKAT's motion in limine).

The 2016 Report recounted clear examples of SKAT's failure to verify the veracity of refund claims. For example, the report notes that SKAT "did not verify the shareholdings and whether the companies in question had distributed dividends to the applicant," or whether the "applicant was a taxpayer in the relevant country and thus subject to the double taxation treaty." Ex. 1 at 19. The 2016 Report also notes that SKAT "did not establish and write down processes for checking reimbursement of dividend tax" and that the "absence of such procedures increases the risk of inadequate administration." *Id.* at 20. The report also notes that SKAT's IT system "had a check feature" to prevent paying out in refunds "an amount exceeding the total payment of dividend tax" but that this "check feature did not work in respect of some companies from 2013 and until July 2015," which meant that in "that period SKAT did . . . not verify whether there was actually any 'cover' of the reimbursed dividend tax in respect of these companies." This led, in one instance, to "111% of the dividend tax paid for one single company" being "reimbursed in

3

2014." *Id.* at 21. Based on these facts, the 2016 Report concludes that SKAT's IT support of the control of reimbursement of dividend tax was "completely inadequate." *Id.* The failure to exercise "basic supervision" over the control of reimbursements also contributed to the failure to verify the veracity of refund claims, *id.* at 22, as did its "insufficient system support that made checking basic information impossible," *id.* at 27-28.

The 2016 Report recognizes that between January 1, 2010 and August 5, 2015, the Ministry of Taxation received several written indications of problems with reimbursement of dividend tax, including SIR's audit reports, letters of concern from a SKAT employee with "a central position" and "in-depth knowledge if the work relating to dividend tax," an auditor's report from the National Audit Office of Denmark, quarterly follow-up protocols from SKAT's executive board following SKAT's 2013 audit report, and information from the public about assumed fraud. Ex. 1 at 36-45. These sources highlighted many of the problems outlined above, dealing with SKAT's inability to verify critical information as part of the reimbursement of dividend tax, and also SKAT's failure to "work[] on improving the control of the reimbursement of dividend tax." *Id.*

This evidence may "bear on the issues of reasonable reliance, comparative negligence, and the balance of equities." Defendants already made these arguments in its opposition to Plaintiff's motion in limine, and the court agreed regarding the 2010 and 2015 SIR Reports, which it found admissible. Dkt. No. 1164 at 10-11, 23-25. The same conclusion ought to follow with respect to the 2016 Report, which even more clearly evidences SKAT's inability or failure to verify the veracity of a refund claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider its order dated September 18, 2024 as to the 2016 Report.

4

Dated: October 2, 2024

Respectfully submitted,

/ s/ *Peter G. Neiman*
Boyd M. Johnson
Peter G. Neiman
Alan E. Schoenfeld
Nelson S. Castaño
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Boyd.Johnson@wilmerhale.com
Peter.Neiman@wilmerhale.com
Alan.Schoenfeld@wilmerhale.com
Nelson.Castano@wilmerhale.com

Andrew S. Dulberg
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6352
Andrew.Dulberg@wilmerhale.com

Brittany R. Warren
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington D.C., 20037
(202) 663-6772
Brittany.Warren@wilmerhale.com

*Attorneys for Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*

/s/ *Sharon L. McCarthy*
Sharon L. McCarthy
KOSTELANETZ LLP
7 World Trade Center
250 Greenwich Street
34th Floor
New York, NY 10007
(212) 808-8100
smccarthy@kostelanetz.com

Nicholas S. Bahnsen
Daniel C. Davidson
KOSTELANETZ LLP
601 New Jersey Avenue, NW
Suite 260
Washington, DC 20001
(202) 875-8000
nbahnsen@kostelanetz.com
ddavidson@kostelanetz.com

*Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pensión Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*


/s/ *David L. Goldberg*
David L. Goldberg
Michael M. Rosensaft
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020
(212) 940-8800
david.goldberg@katten.com
michael.rosensaft@katten.com

6

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

/s/ *Thomas E.L. Dewey*
Thomas E.L. Dewey
Sean K. Mullen
DEWEY PEGNO & KRAMARSKY LLP
777 Third Avenue
37th Floor
New York, New York 10017
(212) 943-9000
tdewey@dpklaw.com
smullen@dpklaw.com

/s/ *Elliot R. Peters*
Elliot R. Peters
Julia L. Allen
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
(415) 962-7188
epeters@keker.com
jallen@keker.com

*Attorneys for Defendant Michael Ben-Jacob*

7

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2024 the foregoing document was served electronically to all parties of record by the CM/ECF system.

*/s/ Peter G. Neiman*

Peter G. Neiman

October 2, 2024