# MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/24/24__

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br>18-cv-07824; 18-cv-07827; 18-cv-07828; 18-cv-07829; 19-cv-01781; 19-cv-01783; 19-cv-01785; 19-cv-01788; 19-cv-01791; 19-cv-01792; 19-cv-01794; 19-cv-01798; 19-cv-01800; 19-cv-01801; 19-cv-01803; 19-cv-01806; 19-cv-01808; 19-cv-01809; 19-cv-01810; 19-cv-01812; 19-cv-01813; 19-cv-01815; 19-cv-01818; 19-cv-01866; 19-cv-01867; 19-cv-01868; 19-cv-01869; 19-cv-01870; 19-cv-01871; 19-cv-01873; 19-cv-01894; 19-cv-01896; 19-cv-01918; 19-cv-01922; 19-cv-01926; 19-cv-01928; 19-cv-01929; 19-cv-01931; 19-cv-10713; 21-cv-05339. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER ON MOTION IN LIMINE REGARDING COMPARATIVE FAULT**

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, dated October 2, 2024, and under Rule 60(b) of the Federal Rules of Civil Procedures and Local Civil Rule 6.3 of the Local Rules of the United States District Court for the Southern District of New York, Defendants, by their undersigned attorneys, move the Court to reconsider its order dated September 18, 2024 as to the 2016 National Audit Office Report.

1

Memorandum Endorsement   In re Customs and Tax Admin., Master Docket 18-md-2865 (LAK)

Defendants move (Dkt 1211) for partial reconsideration of this Court's order (Dkt 1195) granting in part plaintiff's motion *in limine* (Dkt 1139) to exclude evidence that defendants claim supports their comparative fault or statute of limitations defenses.  The motion is denied.

Plaintiff moved *in limine* to "exclude certain evidence defendants claim supports their comparative fault or statute of limitations defenses" pursuant to Federal Rules of Evidence 401 and 403.[1]  Plaintiff's motion specifically sought to exclude a number of internal SKAT documents and, relevant here, a 2016 report issued by the Danish National Audit Office (the "2016 National Audit Office Report" or "2016 Report").  Defendants opposed the motion.  With respect to the 2016 Report, they devoted more than six pages to developing two theories of relevance.  They argued first that "[t]he retrospective analysis of the National Audit Office of Denmark is *directly* relevant to when SKAT should have known of its claims."[2]  Next, they argued that "the 2016 report is also relevant . . . . [because] [i]t contains data on the net withholding tax collected and refunds paid that are relevant to assessing whether SKAT can meet its burden of proving loss."[3]  Holding that the 2016 Report would not be relevant to defendants' anticipated statute of limitations defenses but that the data contained in the report conceivably could be relevant to determining plaintiff's loss amount, the Court excluded the 2016 Report "except to the extent that it contains data relevant to SKAT's loss amount."[4]

The Court's ruling with respect to two other pieces of evidence is relevant here.  Plaintiff moved also to exclude several audit reports issued by the Danish Ministry of Taxation's internal audit agency ("SIR").  The Court denied plaintiff's motion as to SIR Reports issued in 2010 and 2015 except "to the extent that [they] show[] that SKAT lacked the ability or otherwise failed to verify the veracity of refund claims,"[5] which, defendant had argued, would be relevant to the issues of "reasonable reliance, comparative negligence or the balancing of the equities."[6]  Defendant had not advanced this theory of relevance for the 2016 Report.

Latching onto this relevance ground, defendants' motion for reconsideration argues that the 2016 Report would be relevant because, like the 2010 and 2015 SIR Reports, it is "replete

---

[1] Dkt 1141.

[2] Dkt 1163 at 16.

[3] *Id*. at 17.

[4] Dkt 1195 at 5.

[5] *Id*.

[6] Dkt 1163 at 14.

2

with 'evidence that SKAT lacked the ability or otherwise failed to verify the veracity of a refund claim.'"[7] This, defendants say, is relevant to "reasonable reliance, comparative negligence, and the balance of equities."[8] Plaintiff opposes the motion, arguing that defendants fail to satisfy the strict criteria for reconsideration. The Court agrees.

"Reconsideration of a previous order is an extraordinary remedy, to be used sparingly."[9] It is available "only if the movant demonstrates that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion. Such a motion may not advance new facts, issues or arguments not previously presented to the [C]ourt."[10]

Defendants do not identify previously identified law or facts overlooked by the Court's order. Instead, they highlight findings from the 2016 Report that, they say, go to reasonable reliance, comparative negligence, and the equities. But defendants did not raise this theory of relevance in their initial opposition to plaintiff's motion, nor did they emphasize the 2016 Report's factual findings on which they focus now.[11] In other words, it appears that they seek a 'do over' so that they can switch to a faster horse. But "a motion for reconsideration should not be treated as a second bite at the apple for a party dissatisfied with a court's ruling."[12] Defendants impermissibly seek in their motion "to advance new theories or adduce new evidence in response to the court's

---

[7] Dkt 1212 at 2 (quoting Dkt 1195 at 4).

[8] *Id*. at 4 (internal quotation marks omitted).

[9] *Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 598 (S.D.N.Y. 2008), *aff'd*, 355 F. App'x 487 (2d Cir. 2009) (internal quotation marks omitted).

[10] *In re Rezulin Prod. Liab. Litig.*, 224 F.R.D. 346, 349 (S.D.N.Y. 2004) (internal quotation marks omitted); *see In re Transcare Corp.*, No. 20-cv-06274 (LAK), 2021 WL 5909794, at *1 (S.D.N.Y. Dec. 14, 2021); U.S. Dist. Ct. Rules S.D.N.Y., Civil Rule 6.3.

[11] While defendants' brief in opposition to plaintiff's motion did allude to this theory in passing, they did not call it adequately to the Court's attention nor did they explain how the 2016 Report's findings fit into that theory. It is not the Court's obligation to "sift through" exhibits to find relevant evidence. *Carmel v. CSH & C*, 32 F. Supp. 3d 434, 436 (W.D.N.Y. 2014); *see United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

[12] *City of New York v. Venkataram*, No. 06-cv-6578 (NRB), 2009 WL 3321278, at *1 (S.D.N.Y. Oct. 7, 2009) (internal quotation marks omitted).

3

ruling[]."[13]

        Defendant's motion (Dkt 1211) is denied.

        SO ORDERED.

Dated:        October 24, 2024

                                              _____
                                                Lewis A. Kaplan
                                                United States District Judge

---

[13] *de los Santos v. Fingerson*, No. 97-cv-3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998).