WILMERHALE

December 23, 2024

**Peter G. Neiman**

+1 212 295 6487 (t)
+1 212 230 8888 (f)
peter.neiman@wilmerhale.com

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
KaplanNYSDChambers@nysd.uscourts.gov

Re:   In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation, 18-md-2865 (LAK)
18CV4434, 18CV4833, 18CV7824, 18CV7827, 18CV7828, 18CV7829, 19CV1781, 19CV1783, 19CV1785, 19CV1788, 19CV1791, 19CV1792, 19CV1794, 19CV1798, 19CV1800, 19CV1801, 19CV1803, 19CV1806, 19CV1808, 19CV1809, 19CV1810, 19CV1812, 19CV1813, 19CV1815, 19CV1818, 19CV1865, 19CV1866, 19CV1867, 19CV1868, 19CV1869, 19CV1870, 19CV1871, 19CV1873, 19CV1893, 19CV1894, 19CV1895, 19CV1896, 19CV1898, 19CV1904, 19CV1906, 19CV1911, 19CV1918, 19CV1922, 19CV1924, 19CV1926, 19CV1928, 19CV1929, 19CV1930, 19CV1931, 19CV10713

Dear Judge Kaplan:

At the final pretrial conference, the Court invited the parties to submit briefs by today pursuant to Rule 51 on whether the jury should be charged on Plaintiff Skatteforvaltningen's ("SKAT") theory that the Trial One defendants ("Defendants") misrepresented the tax-exempt status of their pension plans and, if not, whether evidence of that alleged misrepresentation should be excluded from trial.

SKAT notified the Defendants yesterday afternoon that it was abandoning its legal theory but has not responded to a follow up email asking it to explain the evidence it is no longer going to offer as a result of the abandonment of that theory. *See* Exhibit A.  And SKAT's letter to the Court this afternoon does not address the issue either.

Accordingly, Defendants write briefly to summarize our position for the record and to advise the Court that in light of SKAT's concession on the jury instructions, we do not intend to file a full brief on the issue today, but we reserve the right to move *in limine* and at trial against any evidence related to tax-exemption to the extent SKAT seeks to offer evidence that would be relevant to its abandoned theory, the admission of which would only serve to confuse the jury, waste time, and unfairly prejudice the Defendants.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

WILMERHALE

Hon. Lewis A. Kaplan
December 23, 2024
Page 2

**1. SKAT's Theory Conflicted With The Treaty**

SKAT's now-abandoned theory was that Defendants made a material false statement by representing that their plans were tax exempt. But the governing treaty makes crystal clear any such a misrepresentation could never be material, because tax exemption is irrelevant to the treaty benefit Defendants sought.

The 2006 Protocol amends Article 10 of the US Denmark Tax Treaty to provide that dividends

> shall not be taxed [by one Contracting State] … if the beneficial owner [of the dividend] is … a pension fund, which is described in subparagraph e) of paragraph 2 of Article 22 (Limitation of Benefits), that is a resident of the other Contracting State, provided that such dividends are not derived from the carrying on of a business by the pension fund or through an associated enterprise.

Ex. B (2006 Protocol at 2-3 (adding new Art. 10(3)(c)). Article 22, paragraph 2(e) in turn defines a pension fund as follows:

> a legal person, *whether or not exempt from tax*, organized under the laws of a Contracting State to provide a pension or other similar benefits to employees, including self-employed individuals, pursuant to a plan, provided that more than 50 percent of the person's beneficiaries, members or participants are individuals resident in either Contracting State.

*Id.* at 7-8 (amending Art. 22) (emphasis added). This language is straightforward, clear and dispositive. It means the tax-exempt status of a pension plan in its country of residence is irrelevant to the determination of that plan's entitlement to a dividend without withholding by the other contracting state.

SKAT claimed for years in this litigation that the Treaty meant exactly the opposite of what it says. In support, SKAT relied entirely on a Technical Explanation from 1999, seven years before the governing Protocol was agreed to. That Technical Explanation is trebly irrelevant. *First*, since the language of the Treaty is clear, no additional explanation from extrinsic interpretive materials is required. *Medellin v. Texas*, 552 U.S. 491, 507 (2008); *Bank of New York v. Yugoimport SDPR J.P.*, 780 F. Supp. 2d 344, 360 (S.D.N.Y. 2011), aff'd sub nom. *Bank of New York v. Yugoimport*, 745 F.3d 599 (2d Cir. 2014) ("If the text of the treaty is clear and unambiguous, it is to be enforced according to its terms, without the need for extrinsic evidence."). *Second*, a Technical Explanation is not a persuasive source in any event, since it represents only the views of the U.S. Treasury, not the Senate that ratified the treaty or of the Danish government. *Xerox Corp. v. United States*, 41 F. 3d 647, 655–66 (Fed. Cir. 1994) (rejecting technical explanation contrary to treaty's plain language; explaining that it represented only the Treasury Department's view, not that of the other

WILMERHALE

Hon. Lewis A. Kaplan
December 23, 2024
Page 3

signatory country).  *Third*, if one were going to resort to a Technical Explanation, the appropriate one would be the Technical Explanation for the 2006 Protocol, which *supports* Defendants' reading, because it uses the same "whether tax-exempt or not" formulation found in the 2006 Protocol.  *See* Ex. C (2006 Technical Explanation at 18).  The Technical Explanation to the 1999 Treaty SKAT relied upon related to a different, and inapplicable, section of that Treaty that is not at issue here.  And the provision SKAT relied upon made clear on its face its limited scope, reciting that "an entity will be described *in this subparagraph* if it is generally exempt from tax by reason of the fact that it is organized . . . to provide pension or similar benefits to employees, including self-employed individuals."  *See* Ex. D (1999 Technical Explanation at 12) (emphasis added).  SKAT should have confessed error years ago, when Defendants moved for summary judgment on this ground.  *See* Dkt. 799 at 53-54.  Instead, it improperly clung to an entirely untenable theory until the last possible moment, forcing Defendants to devote substantial time and energy to litigating this meritless issue.

### 2. Defendants Will Seek To Preclude Any Evidence SKAT Offers Related To Plan Qualification

SKAT has designated substantial testimony and identified a significant number of exhibits focused entirely on issues relevant to plan qualification.  We assume that SKAT will withdraw these designations and exhibits, but believe the efficient course is to await SKAT's response to our inquiry before raising any remaining issues with the Court.

Respectfully submitted,

*/s/ Peter G. Neiman*

Peter G. Neiman


Cc:  All Trial One Counsel