**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case nos.:
18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

MASTER DOCKET

18-md-2865 (LAK)

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING SVEN NIELSEN'S UNRELATED CRIMINAL CONVICTION**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in support of its motion *in limine* to exclude under Federal Rules of Evidence 401, 403 and 802 evidence regarding the criminal conviction of former SKAT employee Sven Nielsen for a separate fraud he perpetrated against SKAT by abusing his position to cause the payment of wrongful refunds of dividend withholding tax.

Mr. Nielsen was the former SKAT employee who, during the relevant period when defendants committed their fraud and in the years before, was principally responsible for processing dividend withholding tax refund claims, *e.g.*, reviewing the application packages submitted to SKAT and processing them in SKAT's case management system.  On December 7, 2017, the Danish District Court in Glostrup, Denmark entered a criminal judgment against Mr. Nielsen for fraud and abuse of his position at SKAT.  ((Declaration of Marc A. Weinstein, dated December 30, 2024 ("Weinstein Decl.") Ex. 1 (Machine Translation of Glostrup Court Judgment dated December 7, 2017) at 1-2.)  In sum, the Danish court found that from 2006 to 2011 (*i.e.*, before the relevant period in this case), Mr. Nielsen abused his position by entering information in SKAT's system to cause wrongful refund payments to a company owned by an acquaintance of his, who then paid Mr. Nielsen a share of the proceeds, which he falsely claimed were loans or payments for consultancy work.  *Id.* at 22.[1]

No party identified Mr. Nielsen as a trial witness, either to testify live or through deposition designations—Mr. Nielsen was never deposed for this case.  Yet, defendants

---

1.  Mr. Nielsen's fraud unraveled in 2011, when SKAT's financial crimes department investigated him for the receipt of approximately 2 million Danish kroner (roughly $350,000) from an overseas source in a series of transfers between 2006 and 2010, which he had not reported and on which he had not been taxed.  (*See* Weinstein Decl. Ex. 3.)  In December 2011, SKAT determined that all these receipts constituted taxable income, but that it lacked the legal basis to terminate Mr. Nielsen from his position pending his appeals of its decision.  In December 2015, the Danish National Tax Tribunal affirmed SKAT's decision, and in January 2016, SKAT referred Mr. Nielsen's case for criminal prosecution.

nonetheless listed Mr. Nielsen's criminal judgment on their exhibit list, as well the notes of

another former SKAT employee, Lars Noerding,[2] about Mr. Nielsen's case that were an exhibit

at Mr. Noerding's testimony before a Danish parliamentary commission.  (Weinstein Decl. Exs.

2 (Notes of Lars Noerding), 3 (Google machine translated version of same).)[3]

      Mr. Nielsen's fraud and criminal conviction have no relevance to any issue in this case.

The means defendants and Mr. Nielsen used to commit their respective frauds are completely

different.  SKAT alleges that defendants deceived it into paying wrongful refund claims by

submitting false documents, not by paying off a SKAT employee.  No party claims that Mr.

Nielsen had any involvement in defendants' fraud, aside from processing many of their refund

claims.  But that Mr. Nielsen was the one who checked defendants' refund applications to ensure

they included the needed support (they did, but it turned out to be fraudulent) has nothing to do

with whether SKAT was negligent in paying the claims, whether it reasonably relied on

defendants' misrepresentations, or the balance of the equities for SKAT's restitution claims.  *See*

ECF No. 1195 at 3 (excluding "irrelevant" evidence of "issues" "with SKAT's processing of

refund claims" that "had little if anything in common with those that made SKAT vulnerable to

the fraud alleged here").  Just as with the "risk" that "both lenders and borrowers of shares"

could "claim withholding refunds based on the same underlying shares," SKAT's awareness of

any risk posed by Mr. Nielsen continuing to process refund claims after it discovered his tax

_____

2.  Mr. Noerding likewise has not been identified by any party as a trial witness and was not deposed in this case.

3.  Defendants also included on their exhibit list a few other miscellaneous documents that reference Mr. Nielsen's case, including another exhibit from the Danish parliamentary commission inquiry that consists, among other things, of untranslated Danish letters or emails from 2011 about Mr. Nielsen's case and an English transcription of a Danish news program that interviewed Mr. Nielsen and that mischaracterized his fraud case as related to Sanjay Shah's and defendants' fraud.  (Weinstein Decl. Ex. 4.)  SKAT has not filed the exhibit from the Danish parliamentary commission's inquiry because it is entirely in Danish and defendants did not include a translation of it on their exhibit list.

fraud is irrelevant because it has nothing to do with how defendants' committed their fraud.  Nor is SKAT's discovery of Mr. Nielsen's fraud at all relevant to defendants' statute of limitations defense because it does not show when SKAT knew or should have known of its claims against the defendants.  *See id.* at 2 (defendants' "theory of relevance" that evidence "shows that SKAT in fact knew it was at risk of paying out illegitimate claims" is "flawed because it does not demonstrate that SKAT knew or should have known of its claims *against the defendants*").[4]

And even if Mr. Nielsen's fraud and criminal conviction did have some minimal relevance, the Court should still exclude the evidence under Rule 403 because its limited, if any, "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury," and "wasting time."  Fed. R. Evid. 403.  The only purpose of defendants introducing evidence of Mr. Nielsen's fraud and criminal conviction would be to confuse and mislead the jury into thinking that because Mr. Nielsen processed many of the defendants' fraudulent refund claims and he was later convicted of an unrelated fraud from an earlier period, SKAT must have somehow been at fault for paying the claims.  And its admission would require SKAT "to explain the circumstances" of Mr. Nielsen's fraud, SKAT's investigation of it and the basis for its personnel decisions, and the civil and criminal proceedings that resulted from it, all of which would be a "waste of time" and still leave "the danger that admission of this evidence will create unfair prejudice against" SKAT.  *In re WorldCom, Inc. Secs. Litig.*, No. 02 Civ. 3288, 2005 WL 578109, at *2 (S.D.N.Y. Mar. 4, 2005).[5]

---

4.  The evidence likewise has no relevance for impeachment purposes—none of the parties intend to call Mr. Nielsen as a witness at trial, either live or through deposition designations.  *Cf.* Fed. R. Evid. 609.

5.  *See also U.S. v. Potapova*, 800 Fed. Appx. 14, 16 (2d Cir. 2020) (finding reasonable district court's "concerns regarding a 'trial within a trial'" in "introducing evidence of an entirely separate crime").

3

Finally, the evidence is also chock-full of inadmissible hearsay, including hearsay within hearsay.  The "statements and conclusions contained in" the Danish court's judgment are "out of court statements," thus are "inadmissible" "if offered to prove their truth" "absent the existence of an applicable exception."  *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 606 (S.D.N.Y. 2014) ("public records exception" "does not apply to judicial findings").  Much of the Danish court's judgment just summarizes the hearsay testimony of Mr. Nielsen and other witnesses in his criminal case, (*see generally* Weinstein Decl. Ex. 1), and does not show any fact that is essential to the judgment.  *Cf.* Fed. R. Evid. 803(22) ("[e]vidence of a final judgment of conviction" is not excluded by the rule against hearsay if, among other things, "the evidence is admitted to prove any fact essential to the judgment").[6]  The same is true for Mr. Noerding's notes, which consist mainly of multiple levels of hearsay concerning what other people told him about Mr. Nielsen's case from February 2011 to February 2012, the transcription of the Danish news program, and presumably the untranslated exhibit from the Danish parliamentary commission's inquiry.  (*See generally* Weinstein Decl. Exs. 3 (noting what others stated during meetings in 2011); Ex. 4.)

Thus, for the reasons set forth above, SKAT respectfully requests that the Court grant its motion to preclude defendants from offering at trial evidence, including the defendants' proposed exhibits, or from seeking to question trial witnesses regarding Mr. Nielsen's unrelated fraud and conviction.

---

6.  Moreover, portions of the summarized testimony in the Danish court's judgment concern matters that the Court already has excluded as irrelevant or under Rule 403.  *Compare* ECF No. 1195 at 3 ("Rømer's Problem Catalog similarly would lack relevance") *with* Weinstein Decl. Ex. 1 at 14-15 (Rømer "thus wrote a large number of notes on the problems of The matics [sic], which were put in the system.  In the notes, she proposed, among other things, a net settlement model to ensure from the outset no higher amount of dividend tax was deducted than the individual double taxation treaties dictated.").

Dated:  New York, New York              HUGHES HUBBARD & REED LLP
        December 30, 2024

                                        By: /s/ Marc A. Weinstein
                                            William R. Maguire
                                            Marc A. Weinstein
                                            Neil J. Oxford
                                            Dustin P. Smith
                                            Gregory C. Farrell
                                            One Battery Park Plaza
                                            New York, New York 10004-1482
                                            Telephone: (212) 837-6000
                                            Fax: (212) 422-4726
                                            bill.maguire@hugheshubbard.com
                                            marc.weinstein@hugheshubbard.com
                                            neil.oxford@hugheshubbard.com
                                            dustin.smith@hugheshubbard.com
                                            gregory.farrell@hugheshubbard.com

                                            *Counsel for Plaintiff Skatteforvaltningen*
                                            *(Customs and Tax Administration of the*
                                            *Kingdom of Denmark)*