# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br><br>18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713. | MASTER DOCKET<br>18-md-2865 (LAK) |

## DEFENDANTS' MEMORANDUM OF LAW ON DISPUTED
## FOREIGN LAW ISSUE (STANDARD OF PROOF FOR FRAUD)

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................... 2

I.      SKAT Has Not Established the Danish Law That It Asks the Court to Apply. ............... 2

II.     The Clear and Convincing Evidence Standard Is Procedural Under New York Law. ..... 5

III.    New York's "Interest Analysis" Favors Application of New York's Burden of Proof.... 8

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3Com Corp. v. Banco do Brasil ,S.A.*,
　171 F.3d 739 (2d Cir. 1999) .................................................................................................. 8

*Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*,
　249 S.W.3d 380 (Tex. 2008) ............................................................................................. 7, 8

*Babcock v. Jackson*,
　12 N.Y.2d 743 (1963) ......................................................................................................... 10

*Bensen v. Am. Ultramar Ltd.*,
　No. 92-cv-4420, 1997 WL 66780 (S.D.N.Y. Feb. 14, 1997) ............................................. 7

*Bigio v. Coca-Cola Co.*,
　No. 97-cv-2858, 2010 WL 3377503 (S.D.N.Y. Aug. 23, 2010) ......................................... 3

*Bodum USA, Inc. v. La Cafetiere, Inc.*,
　621 F.3d 624 (7th Cir. 2010) ............................................................................................... 4

*BT Triple Crown Merger Co. v. Citigroup Glob. Mkts. Inc.*,
　No. 600889/08, 2008 WL 1970900 (N.Y. Sup. Ct. 2008) ................................................... 5

*Carlisle Ventures, Inc. v. Banco Espanol de Credito*,
　176 F.3d 601 (2d Cir. 1999) ................................................................................................ 3

*Davis v. Scottish Re Grp. Ltd.*,
　30 N.Y.3d 247 (2017) ........................................................................................................... 6

*Gaidon v. Guardian Life Ins. Co. of Am.*,
　94 N.Y.2d 330 (1999) ........................................................................................................... 8

*Gerena v. Korb*,
　617 F.3d 197 (2d Cir. 2010) ................................................................................................ 5

*Holborn Corp. v. Sawgrass Mut. Ins. Co.*,
　304 F. Supp. 3d 392 (S.D.N.Y. 2018) ................................................................................. 9

*In re AXA Equitable Life Ins. Co. COI Litig.*,
　595 F. Supp. 3d 196 (S.D.N.Y. 2022) ................................................................................. 9

*Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*,
　313 F.3d 70 (2d Cir. 2002) .................................................................................................. 1

*L.K. Station Grp., LLC v. Quantek Media, LLC*,
　879 N.Y.S.2d 112 (1st Dep't 2009) ................................................................................... 10

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    739 F.3d 45 (2d Cir. 2013) ................................................................................................ 9

*Lobel v. Am. Airlines*,
    192 F.2d 217 (2d Cir. 1951) .............................................................................................. 5

*Loginter S.A.Y. Parque Indus. Agua Profunda S.A. Ute v. M/V Nobility*,
    177 F. Supp. 2d 411 (D. Md. 2001)................................................................................... 3

*Modi Enters. v. ESPN, Inc.*,
    No. 600060/01, 2004 WL 6035961 (N.Y. Sup. Ct. Jan. 15, 2004) .................................. 10

*Oliver Wyman, Inc. v. Eielson*,
    No. 15-cv-5305, 2016 WL 5339549 (S.D.N.Y Sept. 22, 2016) ......................................... 8

*RLS Assocs., LLC v. United Bank of Kuwait PLC*,
    464 F. Supp. 2d 206 (S.D.N.Y. 2006) ................................................................................ 5

*San Diego Cnty. Emps. Ret. Ass'n v. Maounis*,
    749 F. Supp. 2d 104 (S.D.N.Y. 2010) ......................................................................... 9, 10

*Simcuski v. Saeli*,
    44 N.Y.2d 442 (1978)......................................................................................................... 8

*Sunstar, Inc. v. Alberto-Culver Co.*,
    586 F.3d 487 (7th Cir. 2009)............................................................................................. 4

*Tanges v. Heidelberg N. Am, Inc.*,
    93 N.Y.2d 48 (N.Y. 1999).............................................................................................. 5, 6

*Taylor v. Abernethy*,
    620 S.E.2d 242 (N.C. Ct. App. 2005)................................................................................. 8

*Teledyne Indus., Inc. v. Eon Corp.*,
    401 F. Supp. 729 (S.D.N.Y. 1975) ..................................................................................... 8

*Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw LLP*,
    612 F. Supp. 2d 267 (S.D.N.Y. 2009) .......................................................................... 8, 10

*Woodling v. Garrett Corp.*,
    813 F.2d 543 (2d Cir. 1987).............................................................................................. 5

*Yukos Cap. S.A.R.L. v. Feldman*,
    No. 15-cv-4964, 2016 WL 183360 (S.D.N.Y. Jan. 11, 2016).......................................... 2, 3

**Rules**

Fed. R. Civ. P. 44.1 ....................................................................................................................... 3

**Trial Transcripts**

Trial Volume 3, *Roche Diagnostics Ops., Inc. v. Abbott Diabetes Care, Inc.*,
    No. 07-cv-753, ECF No. 816 (D. Del. Jan. 29, 2010) ........................................................... 7

**Other Authorities**

Restatement (Second) of Conflict of Laws § 133 ........................................................................ 6

Defendants, by and through their undersigned counsel, respectfully submit this opposition to plaintiff Skatteforvaltningen's ("SKAT") Memorandum of Law on Choice of Law for Standard of Proof of Fraud ("SKAT Mem."), ECF No. 1248.[1]

## PRELIMINARY STATEMENT

Fraud and aiding and abetting claims must be proven by clear and convincing evidence as a matter of settled New York law. SKAT's effort to lower that standard fails three times over.

First, the threshold question in any choice of law analysis is "whether there is an actual conflict between the laws of the jurisdictions involved." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 85 (2d Cir. 2002). SKAT falls at the first hurdle because it has not established any conflict between New York and Danish law.

SKAT contends that Danish courts would apply a "preponderance" standard, but as offers nothing more to support that contention than a statement by its expert, bereft of any supporting authority and qualified twice as a mere "general rule . . . subject to reservations in individual cases." Such a conclusory assertion is insufficient, particularly in light of several authoritative sources on Danish law (proffered by Defendants) that contradict SKAT's proffered standard. Because SKAT wholly fails to prove what Danish law is, it fails to demonstrate any conflict between Danish and New York law, and the Court should apply the law of the forum.

Second, even accepting *arguendo* that there is a certain and applicable difference between

---

[1] "Defendants" are John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan, Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust, Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan and The Stor Capital Consulting LLC 401K.

1

the respective jurisdictions' burden of proof for fraud and aiding and abetting claims, federal and state courts have consistently recognized that New York law considers the burden of proof a procedural matter. Accordingly, no choice of law analysis is required.

In arguing to the contrary, SKAT ignores New York law, and instead relies on out-of-jurisdiction cases in which the question of whether the burden of proof is considered a substantive or procedural issue was not addressed. Indeed, SKAT concedes, as it must, that "burden of proof" is (at least partly) a procedural matter under New York law (*see* ECF No. 1248 at 3, n.2), but then invents an artificial bifurcation between "burden of persuading" and "quantum of evidence required [to persuade]" in a strained effort to avoid the consequences of that concession. This attempt ignores settled Second Circuit and New York precedent, which clearly establish the burden of proof as procedural under a New York choice of law analysis.

Third, *even if* SKAT could establish (1) a conflict between New York and Danish law and (2) that burden of proof presents a substantive issue under New York law, a faithful application of New York's "interest analysis" requires application of New York law. The parties agree this dispute involves "conduct-regulating" laws for which the law of the place where the tort occurred will generally apply. Because SKAT's own pleadings demonstrate that the allegedly wrongful conduct took place in New York, and the jurisdiction in which that conduct occurred has the greater interest in applying its law, New York law applies.

For each (and any) of these reasons, the Court should conclude that New York's clear and convincing burden of proof applies to SKAT's fraud and aiding and abetting claims.

## **ARGUMENT**

## I.    **SKAT Has Not Established the Danish Law That It Asks the Court to Apply.**

The "party claiming foreign law applies carries both the burden of raising the issue that foreign law may apply in an action and the burden of proving foreign law to enable the district

court to apply it in a particular case." *Yukos Cap. S.A.R.L. v. Feldman*, No. 15-cv-4964, 2016 WL 183360, at *2 (S.D.N.Y. Jan. 11, 2016) (citation omitted). Where a party "fails to satisfy either burden, the district court should apply the forum state's law." *Id.*

"In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1. "Written or oral testimony *accompanied by extracts from various kinds of foreign legal materials* remains the basic mode of proving foreign law." *Bigio v. Coca-Cola Co.*, No. 97-cv-2858, 2010 WL 3377503, at *4 (S.D.N.Y. Aug. 23, 2010) (emphasis added) (citation omitted). Courts routinely disregard submissions on foreign law that fail to include legal authority to support their conclusion. *See, e.g., Carlisle Ventures, Inc. v. Banco Espanol de Credito*, 176 F.3d 601, 604-05 (2d Cir. 1999) (reversing an award of damages in part because the plaintiff's expert on foreign law "provide[d] only very limited support" for the applicable measure of damages, "cit[ing] no cases or legal authority to support his construction" of a statute); *Loginter S.A.Y. Parque Indus. Agua Profunda S.A. Ute v. M/V Nobility*, 177 F. Supp. 2d 411, 419 (D. Md. 2001) (rejecting foreign law affidavit because "no law or other basis was cited").

In this case, the only evidence of the purported Danish standard of proof SKAT offers is a statement by its expert—bereft of citations to any Danish legal authority—that "[t]he standard of proof [under Danish law] is the greater weight of the evidence or the preponderance of the evidence." Decl. on Certain Aspects of Danish Law by Mads Bryde Andersen ("Andersen Decl.") ¶ 24, ECF No. 1072. This unsupported assertion, which is contradicted by Danish treatises and legal textbooks, is insufficient on its face to carry SKAT's burden: "Trying to establish foreign law through experts' declarations . . . adds an adversary's spin, which the court then must discount. Published sources such as treatises do not have the slant that characterizes the warring declarations

presented in this case, [and] [courts] prefer them to the parties' declarations." *Bodum USA, Inc. v. La Cafetiere, Inc.*, 621 F.3d 624, 629 (7th Cir. 2010); *see also Sunstar, Inc. v. Alberto-Culver Co.*, 586 F.3d 487, 495-96 (7th Cir. 2009) ("Relying on paid witnesses to spoon feed judges is justifiable only when the foreign law is the law of a country with such an obscure or poorly developed legal system that there are no secondary materials to which the judge could turn.").

In contrast, Defendants' expert, Kasper Bech Pilgaard, carefully reviews and quotes from multiple Danish legal treatises and case precedents to conclude there is no clear or consistent standard of proof: "A general statement of the degree of proof which is sufficient in civil cases to establish the existence of a legal fact is not possible, because the standard of proof may be different for different facts and in different contexts." Declaration of Foreign Law of Kasper Bech Pilgaard ("Pilgaard Decl.") ¶ 13-14, ECF No. 1115. He cites to several authorities demonstrating that Danish courts often require a burden of proof more stringent than a preponderance of the evidence, including a burden *equivalent* to New York's clear and convincing evidence standard. *See id.* ¶¶ 14-35.

SKAT does not even attempt to counter or rebut Mr. Pilgaard's analysis, and Professor Andersen appears to **agree** that Danish law is not nearly so clear as SKAT contends. *See* Andersen Decl. ¶ 24 ("*As a general rule*, Danish law imposes on the claimant the burden of proving its claims." (emphasis added)).[2] In light of the unsettled burden of proof under Danish law, and certainly given that SKAT fails to provide a single Danish case, treatise, or other authority to support its proposed "preponderance standard" for fraud claims, SKAT has failed to carry its

---

[2] SKAT contends that "the authorities on which [Defendants] rely do not establish that a Danish court would require more than a preponderance of the evidence." ECF 1248 at 1 n.1. That argument dodges SKAT's burden of proving foreign law. It also misreads Mr. Pilgaard's declaration, which explains, "it is not possible to establish general rules for the assessment of the standard of proof." Pilgaard Decl. ¶¶ 13-19.

4

burden to prove foreign law sufficient to allow this Court to apply it. Accordingly, New York law should apply.

## II.    The Clear and Convincing Evidence Standard Is Procedural Under New York Law.

It is well established that New York "adheres to the traditional substantive/procedural dichotomy in its choice of law analysis," *Gerena v. Korb*, 617 F.3d 197, 206 (2d Cir. 2010), whereby a choice of law analysis is only required when dealing with substantive issues, *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 214-15 (S.D.N.Y. 2006) (New York courts will only undertake a choice of law analysis regarding issues which are substantive under New York law and will apply New York law to procedural issues). It is also well established that issues "of burden of proof . . . [are] regarded by New York law as a question of procedure to which the law of the forum applies." *Woodling v. Garrett Corp.*, 813 F.2d 543, 552 (2d Cir. 1987); *BT Triple Crown Merger Co. v. Citigroup Glob. Mkts. Inc.*, No. 60089/08, 2008 WL 1970900, at *5 n.5 (N.Y. Sup. Ct. 2008) ("New York governs the plaintiffs' burden of proof in connection with the fraud claim, since burdens of proof and other matters which are procedural in nature are governed by the law of the forum."). Accordingly, no choice of law analysis is required, and the Court should apply New York law.

The question of what is procedural and what is substantive is determined by the law of the forum state. *RLS Assocs., LLC*, 464 F. Supp. 2d at 217. Issues relating to the "nature and existence of an underlying right" are considered substantive while "issues of procedure deal with the remedy, or the means by which the right is enforced." *Id.* at 218. Courts have recognized that issues such as statutes of limitations and rebuttable presumptions are procedural in that they "pertain to the remedy rather than the right. *Tanges v. Heidelberg N. Am, Inc.*, 93 N.Y.2d 48, 54-55 (N.Y. 1999) (statutes of limitation are procedural because they "do[] not extinguish the underlying right, but merely bar[] the remedy); *Lobel v. Am. Airlines*, 192 F.2d 217, 219 & n.1 (2d

5

Cir. 1951) (same as to *res ipsa loquitur*).

Under this framework, the burden of proof falls on the procedural side of the line as it pertains "to the remedy rather than the right." *Tanges,* 93 N.Y.2d at 54. The applicable burden of proof, including the "quantum of evidence required," SKAT Mem. at 3, is a procedural mechanism for the determination of the merits of a party's case. If a party fails to carry its burden, the consequence is that the party is not entitled to a remedy. In this way, the burden of proof neither creates nor defeats a party's right; it simply "regulates the conduct of the trial." Restatement (Second) of Conflict of Laws § 133.

Relevant policy considerations also weigh in Defendants' favor. When evaluating whether an issue is substantive or procedural for choice of law purposes, courts also consider whether the determination would impose a burden on foreign courts or federal courts operating under diversity and whether it would threaten to cause delay in the "conduct of judicial business and impair judicial efficiency." *Davis v. Scottish Re Grp. Ltd.*, 30 N.Y.3d 247, 256 (2017) (citation omitted).

Holding that the burden of proof is procedural would not impose a burden on this Court or on any Danish courts. As SKAT recognizes, the clear and convincing standard by which a plaintiff must prove fraud under New York law is clearly defined and this Court is well versed in its application. Nor could it be considered unfair to SKAT to apply New York's burden of proof to the fraud claims, given SKAT's decision to bring its action in this forum.

On the other hand, if the burden of proof were held to be substantive and Danish law to apply, this Court would have to wrestle with instructing a New York jury on the vagaries of the burden of proof under Danish law—not an easy task given the shapeshifting nature of that burden. *See supra* at 3-4.[3]

---

[3] SKAT claims that "policy considerations weigh in favor" of its interpretation because "courts 'appl[y] other states' and countries' substantive laws with regularity" and because "the same evidentiary standard will apply to fraud claims

In arguing to the contrary, SKAT attempts to invent an artificial dichotomy between the "burden of persuading" and the "quantum of evidence required [to persuade]." *See* SKAT Mem. at 3-4. But with respect to choice-of-law issues, that is a distinction without a difference. Saying that one party has the "burden of proof" necessarily includes saying it must put forward sufficient evidence to prove its case. SKAT offers no reason and no authority to support the conclusion that the party who must carry the burden of proof is procedural, but the level of that burden should be substantive.[4]

Indeed, accepting SKAT's construction would create a Frankenstein-style claim that mashes elements of New York and Danish law together. SKAT concedes (for instance, in the jointly proposed jury instructions) that New York law provides the elements of its fraud and aiding and abetting claims. *See* ECF No. 1246 at 17. And it does not dispute that it bears the burden of proving its case to the jury. Yet it is trying to get the benefit of a supposedly more lenient standard under Danish law. This makes no sense. A plaintiff should not be permitted to pick and choose which aspects of its claims are governed by the law of the forum.

The only authority SKAT offers for its supposed bifurcation is a case from Texas, in which the court applied Virginia's "clear and convincing evidence" standard to assess a Texas fraud verdict. *See* SKAT Mem. at 3 (citing *Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 383 (Tex. 2008)). But that case merely stated, contrary to the view taken by New

---

'wherever they are brought.'" SKAT Mem. at 4. Such uncontroversial statements do not speak to the specific issues in this case, and neither of the cases cited by SKAT address application of a foreign country's burden of proof.

[4] Courts regularly treat "the quantum of proof required to establish liability" as a procedural issue governed by the law of the forum. *E.g., Bensen v. Am. Ultramar Ltd.*, No. 92-cv-4420, 1997 WL 66780, at *14 n.26 (S.D.N.Y. Feb. 14, 1997) ("New York law governs the applicable burden of proof."); Trial Volume 3 at 998, *Roche Diagnostics Ops., Inc. v. Abbott Diabetes Care, Inc.*, No. 07-cv-753, ECF No. 816 (D. Del. Jan. 29, 2010) (finding that the "measure of proof or the standard of proof" is "procedural in nature" under Delaware law); *Taylor v. Abernethy*, 620 S.E.2d 242, 249 (N.C. Ct. App. 2005) (affirming jury instruction that the standard of proof was by "the greater weight of the evidence" under the forum's law because "the determination of the applicable burden of proof is a procedural matter controlled by the law of the forum state").

York courts, that Virginia's "heightened standard is more substantive than procedural." *Id*. It did not proclaim the bifurcation SKAT reads into it. In any event, the fact that some other jurisdictions may regard the burden of proof as substantive is irrelevant to a choice of law analysis under New York law.[5]

SKAT's reliance on *Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw LLP*, 612 F. Supp. 2d 267, 283 (S.D.N.Y. 2009), *Oliver Wyman, Inc. v. Eielson*, No. 15-cv-5305, at *3 2016 WL 5339549 (S.D.N.Y Sept. 22, 2016), and *Teledyne Industries, Inc. v. Eon Corp.*, 401 F. Supp. 729, 737 n.7 (S.D.N.Y. 1975) is also misplaced. SKAT Mem. at 4-5. In those cases, there was no dispute that there was a relevant conflict of laws between the law of the relevant jurisdictions. The courts therefore had no reason to, and did not, analyze the procedural/substantive question posed here. *See, e.g.*, *Thomas H. Lee Equity Fund V*, 612 F. Supp. 2d at 283.[6]

At bottom, the applicable burden of proof or evidentiary standard applicable to a particular cause of action is a matter of procedure under New York law and a choice of law analysis is not required. New York's "clear and convincing" standard should apply.

## III.    New York's "Interest Analysis" Favors Application of New York's Burden of Proof.

Even if SKAT could prove that Danish law would apply a preponderance of the evidence standard to the fraud and aiding and abetting claims in this case (it cannot) and demonstrate that burden of proof is a substantive issue under New York law (it is not), New York law nevertheless would apply to SKAT's claims under the New York's "interest analysis" rules.

---

[5] The parties in *Arkoma Basin* also agreed that Virginia law would govern the issue. 249 S.W.3d at 383. Thus, the court did not wrestle with the choice of law issues present here. *3Com Corp. v. Banco do Brasil, S.A.*, 171 F.3d 739, 743 (2d Cir.1999) (explaining that the parties' agreement as to the governing law "concludes the choice of law inquiry").

[6] The other cases relied on by SKAT merely confirm that New York requires fraud claims be proven by "clear and convincing evidence." *See, e.g.*, *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330 (1999); *Simcuski v. Saeli*, 44 N.Y.2d 442 (1978). The fact those cases juxtapose the (substantive) elements of fraud and the (procedural) burden of proof for such claims does not shed any light on the subject for which they are offered.

Where the conflict concerns "conduct regulating" rules, the place where the allegedly wrongful conduct occurred has the strongest interest in having its law applied. *See* SKAT Mem. at 7. "[C]ourts in this District have often concluded that New York has the greater interest in adjudicating claims arising from allegedly fraudulent acts that were committed in New York but injured plaintiffs in other jurisdictions." *In re AXA Equitable Life Ins. Co. COI Litig.*, 595 F. Supp. 3d 196, 239 (S.D.N.Y. 2022). And where allegedly wrongful conduct and the alleged injury occur in different places, the law of the place of the allegedly wrongful conduct generally applies. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48-51 (2d Cir. 2013) (recognizing that the jurisdiction where allegedly wrongful conduct occurred generally has "superior interests in protecting the reasonable expectations of the parties who relied on [the laws of that place] to govern their primary conduct" (internal quotation marks omitted)); *Holborn Corp. v. Sawgrass Mut. Ins. Co.*, 304 F. Supp. 3d 392, 399-400 (S.D.N.Y. 2018); *San Diego Cnty. Emps. Ret. Ass'n v. Maounis*, 749 F. Supp. 2d 104, 124 (S.D.N.Y. 2010) (where a tort plaintiff alleges injury in one place, but a "substantial portion of the fraudulent conduct has occurred in another. . . the plaintiffs' location is not a dispositive factor").

*San Diego County Employees Retirement Association v. Maounis* is particularly instructive. In that case, the court applied New York's "interest analysis" to decide whether Connecticut or California law applied to the plaintiff's fraud claims. The court held Connecticut law applied notwithstanding the plaintiff's domicile in California—the state "where Plaintiff suffered its loss"—in part because "Defendants' alleged misrepresentations were made from [their] Connecticut offices." 749 F. Supp. 2d at 124. The court emphasized that the defendant investment fund and its managing member "operated out of offices in Connecticut" and individual defendants worked from those Connecticut offices. *Id.*

In this case, the "overwhelming bulk of events surrounding" the alleged fraud took place in New York. *Thomas H. Lee Equity Fund V, L.P.*, 612 F. Supp. 2d at 283. SKAT alleges the "Trial One" defendants (i) resided in New York "[a]t times relevant to the allegations," (ii) established pension plans with New York addresses; and (iii) formed an intent to defraud, set up mechanisms to achieve that purpose, and caused the transmission of purportedly inaccurate reclaim applications, all in and from New York. *See* ECF No. 1114 at 5-6. Similarly, SKAT alleged that Michael Ben-Jacob is a "New York lawyer" and a "citizen of New York" who, "[a]t times material to the allegations," worked at a New York-based law firm. *Id.* at 6.[7]

SKAT counters the Danish burden of proof should apply because SKAT is located in Denmark and alleges it suffered injury there. But New York courts do not rigidly apply outmoded *lex loci* rules. *See Babcock v. Jackson*, 12 N.Y.2d 473, 477–78 (1963) (explaining shift away from doctrine that tort actions must be "determine[ed] by the law of the place of the tort"); *L.K. Station Grp., LLC v. Quantek Media, LLC*, 879 N.Y.S.2d 112, 117 (1st Dep't 2009) (finding "New York law should apply" "since New York has a strong interest in regulating conduct occurring in its borders"). Particularly where the tort "is an economic one, and where the tort 'occurs' only in a jurisdiction because that is where the injury is felt, the locus of the tort is of less significance than the locus of the conduct." *Modi Enters. v. ESPN, Inc.*, No. 600060/01, 2004 WL 6035961 (N.Y. Sup. Ct. Jan. 15, 2004).

## CONCLUSION

For the reasons set forth above, the Court should instruct the jury that the standard of proof under New York law applies to SKAT's fraud and aiding and abetting fraud claims.

---

[7] While Mr. Ben-Jacob is no longer a defendant in these cases, the evidence will show that he signed certain beneficial owner declarations on which the reclaims at issue were founded, further rooting the operative facts in New York.

Dated: New York, New York
      January 3, 2025

                           Respectfully submitted,

                           /s/ *Peter G. Neiman*
                           Boyd M. Johnson
                           Peter G. Neiman
                           Alan E. Schoenfeld
                           WILMER CUTLER PICKERING HALE
                             AND DORR LLP
                           7 World Trade Center 250
                           Greenwich Street New York, NY
                           10007
                           (212) 230-8800
                           Boyd.Johnson@wilmerhale.com
                           Peter.Neiman@wilmerhale.com
                           Alan.Schoenfeld@wilmerhale.com

                           Andrew S. Dulberg
                           WILMER CUTLER PICKERING HALE
                             AND DORR LLP
                           60 State Street
                           Boston, MA 02109
                           (617) 526-6352
                           Andrew.Dulberg@wilmerhale.com

                           *Attorneys for Richard Markowitz, Jocelyn*
                           *Markowitz, Avanix Management LLC Roth*
                           *401(K) Plan, Batavia Capital Pension Plan,*
                           *Calypso Investments Pension Plan, Cavus*
                           *Systems LLC Roth 401(K) Plan, Hadron*
                           *Industries LLC Roth 401(K) Plan, RJM*
                           *Capital Pension Plan, RJM Capital Pension*
                           *Plan Trust, Routt Capital Pension Plan,*
                           *Routt Capital Trust*

/s/ *Sharon L. McCarthy*
Sharon L. McCarthy
Maxwell W. Brown
KOSTELANETZ LLP
7 World Trade
Center 250
Greenwich Street
34th Floor
New York, NY 10007
(212) 808-8100
smccarthy@kostelanetz.com
mbrown@kostelanetz.com

Nicholas S. Bahnsen
Daniel C. Davidson
KOSTELANETZ LLP
601 New Jersey Avenue, NW
Suite 260
Washington, DC 20001
(202) 875-8000
nbahnsen@kostelanetz.com
ddavidson@kostelanetz.com

*Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*

/s/ *David L. Goldberg*
David L. Goldberg
Michael M. Rosensaft
Sofia R. La Bella
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020
(212) 940-8800
david.goldberg@katten.com
michael.rosensaft@katten.com
sofia.labella@katten.com

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this document complies with the word-count limitations prescribed under this Court's local rules.  This brief was prepared using Microsoft Word 365 and contains 3,705 words, exclusive of the material not counted under Local Civil Rule 7.1(c).

*/s/ David L. Goldberg*
   David L. Goldberg

*Attorney for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

14