UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br>19-cv-01785; 19-cv-01867; 19-cv-01893;<br>19-cv-01781; 19-cv-01783; 19-cv-01866;<br>19-cv-01895; 19-cv-01794; 19-cv-01865;<br>19-cv-01904; 19-cv-01798; 19-cv-01869;<br>19-cv-01922; 19-cv-01800; 19-cv-01788;<br>19-cv-01870; 19-cv-01791; 19-cv-01792;<br>19-cv-01928; 19-cv-01926; 19-cv-01868;<br>19-cv-01929; 19-cv-01803; 19-cv-01806;<br>19-cv-01906; 19-cv-01801; 19-cv-01894;<br>19-cv-01808; 19-cv-01810; 19-cv-01809;<br>18-cv-04833; 19-cv-01911; 19-cv-01898;<br>19-cv-01812; 19-cv-01896; 19-cv-01871;<br>19-cv-01813; 19-cv-01930; 19-cv-01815;<br>19-cv-01818; 19-cv-01931; 19-cv-01918;<br>19-cv-01873; 19-cv-01924; 19-cv-10713. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EVIDENCE AND
<u>ARGUMENT CONCERNING ALLEGED PENSION PLAN MISREPRESENTATIONS</u>**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in opposition to the defendants' Motion to Exclude Evidence and Argument Concerning Alleged Pension Plan Misrepresentation (ECF No. 1363).

## PRELIMINARY STATEMENT

Defendants' motion should be denied. For one thing, it fails to identify the evidence it seeks to exclude. And for another, it misunderstands the relevance of the evidence that the plans were established solely to submit refund claims and the sponsoring companies were shams that were never intended to (and did not) conduct any business. As the Court aptly put it, the evidence is relevant "as to whether this was all a house of cards or a paper construction that had no real substance except to generate the[] reclaim applications." (Declaration of Marc A. Weinstein, dated January 9, 2024 ("Weinstein Decl."), at Ex. 1 (Jan. 7, 2025 Tr.) at 67:25-68:7.)

Defendants' motion is confused about this in two ways. First, defendants miss the forest for the trees by myopically focusing on whether the evidence would show "whether the beneficial ownership representation was false." (Defs. Br. 6.) To be sure, evidence that the companies were shams and the plans established just to submit refund claims in and of itself does not show necessarily that the share and dividend ownership representations were false—SKAT has other evidence for that. What the evidence does show, however, is the lengths to which defendants went to hide their fraud from SKAT, from which the jury could infer easily that defendants knew that what they were doing was wrong.

And second, defendants attack a strawman by pretending that SKAT still is seeking to introduce the evidence to prove that the plans "failed to meet an obligation imposed by U.S. pension law" or "that each Defendant *believed* that each of the plans was not tax-exempt." (Defs. Br. 7.) As defendants are aware, SKAT is not pursuing those allegations at trial. SKAT seeks to introduce the evidence to show the jury how defendants perpetrated their fraudulent

scheme and distributed the fraudulent proceeds and to prove defendants acted with the requisite *scienter*.

## ARGUMENT

**I.  Defendants fail to identify what evidence they seek to exclude.**

As an initial matter, defendants move to exclude the evidence solely on Federal Rule of Evidence 403 grounds, *i.e.*, because "its probative value" supposedly "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  But "[t]o determine whether exclusion is warranted under the rule, a court must 'assess the probative value of *the proffered item* as well as the harmful consequences specified in Rule 403 that might flow from *its* admission.'" (Mem. Endorsed Order, dated October 2, 2024, ECF No. 1210 (quoting Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence Manual § 6.02[1] (2023)).)  "This assessment must be performed with reference to specific evidence and not to general categories of evidence." (*Id.*)

Aside from a few lines of Mr. Lerner's testimony, defendants fail to identify the evidence they argue should be excluded.  Defendants assert that "[a]s much as half the evidence at trial— ten witnesses and hundreds of documents"—should be excluded, but what evidence specifically is left unsaid. (Defs. Br. at 9.)  Further, the little of Mr. Lerner's testimony they do identify has significant probative value.  Mr. Lerner admitted in that testimony that one of the companies defendants formed for him to sponsor pension plans to participate in the scheme conducted no business and he never intended it to do so. (Defs. Br. 6 n.2.)  This testimony goes directly to SKAT's claim that the "whole structure" of the scheme "was created for no valid economic purpose apart from generating tax refunds." (Weinstein Decl. Ex. 1 at 20:2-4.)

2

## II.   Defendants' 403 arguments misunderstand the probative value of the evidence.

Further, there is no merit to defendants' argument that any evidence that, for instance, the companies and plans "were set up for purposes of engaging in the" scheme should be excluded just because SKAT is no longer pursuing its claim that defendants misrepresented the plans' tax-exempt status. (Defs. Br. 1-2.) Defendants established 60 pension plans (and where necessary, sponsoring companies) just for the purpose of submitting refund claims. There was no reason for them to set up so many plans, except to disguise from SKAT that all the refunds were really on behalf of a small group of individuals and to avoid scrutiny of the claims.

For example, in 2014, Markowitz and van Merkensteijn directed their attorneys to establish nearly 40 new pension plans and companies for the sole purpose of submitting refund claims. Defendants gave the companies and associated plans names like "Vanderlee Technologies" and "Limelight Global Productions," even though the owners of these companies, *i.e.*, Markowitz, van Merkensteijn, or their friends and family they recruited to the scheme, had no intention of carrying on any business, let alone in the industries the names would suggest. The sole purpose was to make them sound like legitimate, yet unrelated entities. Thus, van Merkensteijn directed they should have "only one name from rocks one from fish. Etc." because "[w]e want to make them sound dissimilar." (Weinstein Decl. Ex. 2 (PX2) at 1.) And Markowitz chimed in, "we should not make all the names financial sounding. . . . We should add words like 'Manufacturing', 'Productions', 'Technology.'" (*Id.*)[1] Spreading the refund claims over a multitude of plans also allowed defendants to limit the size of the claims without foregoing any profits from the scheme. For instance, a single plan submitting a claim for $40

---

1. The names of the plans were not the only way defendants attempted to hide their fraud. Defendants also used different Solo custodians and payment agents for no apparent purpose other than to make the plans' refund claims seem unrelated.

million in refunds may invite unwanted scrutiny. But 40 plans each submitting reclaims for about $1 million was less likely to do so.[2]

Defendants protest that such evidence has no "relevance as a matter of law to the issue of ownership." (Defs. Br. 2.) But even were that so, the issue of ownership is not the only issue the jury may need to decide. If the share ownership representations in the refund claims were false because there were no shares, as defendants now seem to concede, the jury will need to decide whether Markowitz and van Merkensteijn made the misrepresentations with the requisite fraudulent intent. The evidence defendants seek to exclude goes directly to that issue.

Nor will defendants suffer any *unfair* prejudice if the evidence is admitted. SKAT does not intend to accuse "defendants of serious U.S. tax crimes." (Defs. Br. 10.) As the Court noted, there is a difference between "saying the pension plans weren't qualified" and arguing that they were "fake" plans set up for no purpose other than to submit refund claims. (Weinstein Decl. Ex. 1 at 19:12-24.) SKAT does not intend to argue that the plans were not tax-exempt, thus there still should be no need for defendants to introduce "many days of testimony from the five lawyers from Kaye Scholer . . . who played various roles in advising Defendants at length over many years on plan qualification." (Defs. Br. 7.) None of that testimony would respond at all to the evidence that defendants established all these plans to participate in the scheme, a fact which is all but undisputed.

Defendants' argument that admitting the evidence will require a "maxi-trial" on SKAT's allegation that defendants knew the plans were not tax-exempt is misplaced for the same reason.

---

2. There is likewise nothing to defendants' argument that evidence that "most of the profits" from the refund claims for plans, like Mr. Lerner's, "went to others" should be excluded. (Defs. Br. 1-2.) Such evidence is plainly relevant to SKAT's fraud claims in that it shows Markowitz and van Merkensteijn's motive for enlisting their family and friends to submit the fraudulent refund claims and to SKAT's unjust enrichment claims in that it shows the amount of money Markowitz and van Merkensteijn obtained wrongfully from SKAT.

(Defs. Br. 8-9.) That allegation is no longer part of this case. As such, defendants' recitation of the contents of the IRS's Form 6166 and what defendants did to obtain them has no bearing on the admissibility of the evidence defendants seek to exclude. (Defs. Br. 4-5.)

## CONCLUSION

For the reasons set forth above, SKAT respectfully requests that the Court deny defendants' Motion to Exclude Evidence and Argument Concerning Alleged Pension Plan Misrepresentation.

Dated: New York, New York
January 9, 2025

HUGHES HUBBARD & REED LLP

By: /s/ Marc A. Weinstein
    William R. Maguire
    Marc A. Weinstein
    Neil J. Oxford
    Dustin P. Smith
    Gregory C. Farrell
    One Battery Park Plaza
    New York, New York 10004-1482
    Telephone: (212) 837-6000
    Fax: (212) 422-4726
    bill.maguire@hugheshubbard.com
    marc.weinstein@hugheshubbard.com
    neil.oxford@hugheshubbard.com
    dustin.smith@hugheshubbard.com com
    gregory.farrell@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*