IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to Case No: 18-cv-10088 | MASTER DOCKET<br>18-md-02865-LAK<br><br>**DECLARATION OF JOHN M. HANAMIRIAN IN FURTHER SUPPORT OF ACORN CAPITAL CORPORATION EMPLOYEE PROFIT SHARING PLAN, ACORN CAPITAL STRATEGIES LLC EMPLOYEE PROFIT SHARING PLAN & TRUST AND GREGORY SUMMERS'S MOTION TO REMAND TO THE TRANSFEROR COURT** |

John M. Hanamirian, being duly sworn, deposes and says:

1. I am a member of the Bar of the State of New York. I am the principal of Hanamirian Law Firm, P.C., attorney for Defendants Acorn Capital Corporation Employee Profit Sharing Plan, Acorn Capital Strategies LLC Employee Profit Sharing Plan & Trust and Gregory Summers ("Acorn Defendants").

2. I submit this Declaration in support of the Acorn Defendants' Motion to Remand consistent with Rule 10.3 of the Rules of Procedure of The United States Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407 ("MDL Rules").

3. I am fully familiar with the facts and procedural history of this case.

4. This matter was initially filed with the United States District Court, District of New Jersey on June 12, 2018; Case No.: 18-cv-10464-FLW-LHG. Attached hereto as Exhibit "A" is the filed Complaint for Case No.: 18-cv-10464-FLW-LHG.

5. I have been representing the Acorn Defendants in their ongoing litigation with

Skatteforvaltningen ("SKAT") since its inception.

6. On October 31, 2018, this matter was transferred into this Multidistrict Litigation ("MDL") proceeding at ECF No. 1.

7. During the November 20, 2018, Status Conference before Your Honor, I argued to not consolidate the Acorn Defendants' matter with the other named defendants within this MDL. The underlying facts and issues concerning the Acorn Defendants are individual in nature and concern different interests. The issues concerning the cases that were consolidated for this MDL compared to the Acorn Defendants are significantly different from one another. Attached hereto as Exhibit "B" is the transcript of the November 20, 2018, Case Management Conference before Judge Kaplan.

8. On January 24, 2019, there was another Case Management Conference before Your Honor to discuss pretrial matters. I asked Your Honor if the Acorn Defendants could sever their claims from the MDL, and that request was denied. Although I did not make a request for remand, I note the January 24, 2019, Case Management Conference according to Rule 10.3(a)(i) of the MDL Rules. Attached hereto is Exhibit "C" which is the transcript of the January 24, 2019, Case Management Conference before Judge Kaplan; pp 10:12-11:2.

9. During the January 10, 2024, Case Management Conference before Your Honor, the timing of transferring the non-Southern-District defendants back to their original districts was discussed whereby Your Honor stated the following: "My general view -- and I can't give you a definitive application in this case -- is that when the case, figuratively speaking, is ready for jury selection, that's when I send them back". Attached hereto as Exhibit "D" is the transcript of the January 10, 2024, Case Management Conference before Judge Kaplan, which quote can be found on pp. 34:1-4.

10. As a result of the jury selection completed for Trial One, the within Motion is being made.

11. Further, the issues concerning the Acorn Defendants require the testimony of different witnesses and different documentary proof. The Acorn Defendants complied with any and all discovery demands and produced what has been requested to date. Such discovery proceedings reflect the Acorn Defendants need to make a different evidentiary showing.

12. If the Acorn Defendants' cases are remanded from these MDL proceedings, their matter may be resolved more efficiently with substantially less cost and delay as it will receive individualized attention appropriate to its distinct nature. That assertion is supported by the time and resources spent reviewing the hundreds of thousands of documents produced from each SKAT proceedings heard all over the World that did not concern either the Acorn Plans or Summers.

13. SKAT will not be prejudiced if severance is granted as they have a greater interest in the other named parties to this action.

14. The Acorn Defendants will be greatly prejudiced and suffer irreparable harm if severance is not granted.

15. No previous application for this relief has been requested as to the Acorn Defendants.

16. WHEREFORE, for the foregoing reasons coupled with the Memorandum in Support of the Motion to Remand, it is respectfully requested that the Court issue an Order in favor of the Acorn Defendants to remand their claims from this MDL.

Dated: January 16, 2025
Moorestown, New Jersey

John M. Hanamirian, Esq.