**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| CUSTOMS AND TAX ADMINISTRATION, OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | MASTER DOCKET 18-md-02865-LAK |
| This document relates to Case No: 18-cv-10090 | |

## <u>DEFENDANTS CAMBRIDGE WAY LLC 401K PROFIT SHARING PLAN AND SHREEPAL SHAH'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO REMAND TO THE TRANSFEROR COURT</u>

John M. Hanamirian
HANAMIRIAN LAW FIRM, P.C.
40 E. Main Street
Moorestown, New Jersey 08057
(856) 793-9092 – o
(856) 793-9121 – f
jmh@hanamirian.com
*Counsel for Defendants Cambridge Way LLC 401K Profit Sharing Plan and Shreepal Shah*

## TABLE OF CONTENTS

Table of Authorities ................................................................................................. iii

Preliminary Statement .............................................................................................. 1

Background ................................................................................................................. 3

Argument ................................................................................................................... 4

    I.    The Issues In This Case Are Significantly Different Than The OtherNamed Defendants .. 5

    II.    Conserving Resources of Parties, Their Counsel And The Judiciary ............................ 7

    III.    Defendants Will Suffer Irreparable Harm if Remand Is Not Granted ............................ 7

Conclusion ................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 CIV. 5405 LAP, 2013 WL 132639, at *2
  (S.D.N.Y. Jan. 10, 2013) .................................................................................................4

*Debono v. Am. Home Prod. Corp.*, No. 04 CIV. 3810 (DC), 2004 WL 2601177, at *1 (S.D.N.Y.
  Nov. 16, 2004) .................................................................................................................5

*In re Bridgestone/Firestone, Inc.*, 128 F.Supp.2d 1196, 1197 (S.D.Ind.2001) (citing *In re Air
  Crash Disaster,* 461 F.Supp. 671, 672–73 (J.P.M.L.1978)) .........................................4

*In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L. 1976) ........5

*In re Integrated Resources, Inc. Real Estate Ltd. Partnerships Sec. Litig.,* 851 F.Supp. 556, 561
  (S.D.N.Y.1994) ................................................................................................................4

*In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 CIV. 5405 LAP, 2013 WL 132639, at *2
  (S.D.N.Y. Jan. 10, 2013) ............................................................................................6, 7

*In re Zyprexa Prod. Liab. Litig.*, No. 04-CV-1615, 2004 WL 2812095, at *3 (E.D.N.Y. Dec. 3,
  2004) ................................................................................................................................4

*S.E.C. v. Pignatiello*, No. 97 CIV. 9303 (SWK), 1998 WL 293988, at *4 (S.D.N.Y. June 5, 1998)
  ..........................................................................................................................................6

*SKAT, Plaintiff, vs Cambridge Way LLC 401K Profit Sharing Plan and Shreepal Shah,
  Defendants*, Case No.: 18-cv-10465-FLW-LHG .........................................................1

*SKATTEFORVALTNINGEN, Plaintiff, vs. CAMBRIDGE WAY LLC 401K PROFIT SHARING
  PLAN AND SHREEPAL SHAH, Defendants*; Case 1:18-cv-10090-LAK; filed on April 22,
  2020..................................................................................................................................1

**<u>Other Authorities</u>**

Sections 279, 286(2), and 21 of the Danish Criminal Code ..........................................................2

**<u>Rules</u>**

28 U.S.C.A. § 1407......................................................................................................................4

Defendants Cambridge Way LLC 401K Profit Sharing Plan ("Cambridge Plan") and Shreepal Shah ("Shree") (together, the "Cambridge Defendants") respectfully submit this memorandum of law in support of their Motion to Remand the Cambridge Defendants cases back to the transferor court, the United States District Court for the District of New Jersey.

## PRELIMINARY STATEMENT

This multidistrict litigation ("MDL") proceeding first consisted of over 140 actions ("Consolidated Cases"). Those actions were consolidated with this Court on or around October 9, 2018, for the purposes of promoting just and efficient litigation as, from the outset, they involved common questions of fact. Since that time, a majority of discovery proceedings have shown that it would be in Cambridge Defendants' best legal interest to have their cases remanded back to the United States District Court for the District of New Jersey pending the disposition of Trial One and any further proceedings that may be heard before the Court. Specifically, this Motion seeks to remand the following action from the United States District Court for the Southern District of New York heard before the Honorable Lewis A. Kaplan back to the United States District Court for the District of New Jersey to be heard before Honorable Freda L. Wolfson, *SKAT, Plaintiff, vs Cambridge Way LLC 401K Profit Sharing Plan and Shreepal Shah, Defendants*, Case No.: 18-cv-10465-FLW-LHG, filed on June 12, 2018 (Hanamirian Decl.; Exhibit "A"):

(1) SKATTEFORVALTNINGEN, Plaintiff, vs. CAMBRIDGE WAY LLC 401K PROFIT SHARING PLAN AND SHREEPAL SHAH, Defendants; Case 1:18-cv-10090-LAK; filed on April 22, 2020, at ECF No. 59.

Written and oral evidence throughout the litigation has shown that the Cambridge Defendants have significant factual differences from any Defendant within the MDL and to be

tried together, even after Trial One's conclusion, would leave the Cambridge Defendants at an unjust position.

The Cambridge Defendants' issues are significantly different than the other Defendants. For example, in the case of the Trial One Defendants, there are named individuals who were trustees to dozens of pension plans. Shree was trustee to one (1) pension plan, which existed long before any issues arose with the Danish taxing authorities. As a result, Shree's defense would be significantly different than the other named Defendants within the MDL.

Plaintiff Skatteforvaltningen ("SKAT") will not be prejudiced if the Cambridge Defendants' cases are remanded to the transferor court. The Cambridge Defendants' facts are different from the Trial One Defendants. The crux of the issues regarding the Trial One Defendants and Defendants from the Consolidated Cases relate to Sanjay Shah and his corporate entity(ies) including Solo Capital Partners LLP. On December 12, 2024, the Court of Glostrup in Denmark found Sanjay Shah guilty of aggravated fraud and attempted fraud under Sections 279, 286(2), and 21 of the Danish Criminal Code, and sentenced him to twelve (12) years' imprisonment (ECF No. 1250-1). The Cambridge Defendants' issues surround transactions with ED&F Man Capital Markets Ltd. ("ED&F"). There are over 100 named Plans who conducted business with Solo Capital in connection with SKAT's alleged claims. This Court ordering a remand of the Cambridge Defendants that did not conduct business with Solo Capital would not result in any prejudice to SKAT.

We respect this Court's time and resources and respectfully move to have the Cambridge Defendants' matter remanded back to the transferor court. On a number of occasions, this Court advised that a remand would be available and ordered at or near the time of jury selection in Trial One. (Hanamirian Decl.; Exhibits "B", "C" and "D"). This case was always identified as an MDL

for discovery purposes only as the underlying claims sound in fraud which, in this instance, differentiates the Cambridge Defendants.

## BACKGROUND

In May and June 2018, SKAT filed over 140 nearly identical complaints in eleven federal district courts and three state courts, seeking to recover dividend withholding tax refunds from the Cambridge Defendants and other named Defendants within this MDL. All of the Complaints, nearly identical in their allegations and nearly identical in their assertion of facts, contend that the Cambridge Defendants and other named Defendants delegated authorized representatives the authority to act as their agent and authorized representative with respect to the submission of their tax withholding refund claims, which are alleged to have been fraudulent in nature. The Complaints asserted that SKAT had been investigating these alleged tax refund claims for at least three (3) years.  The Complaints allege that in June 2015 SKAT received information indicating certain dividend withholding tax refund claims it had paid out may be fraudulent, and it began an investigation. SKAT further alleged that it had concluded by August 2015 that many of these claims were indeed fraudulent because the Cambridge Defendants and other named Defendants allegedly "never owned the shares described above, never received any dividend from Danish companies in which it was a purported shareholder and was not entitled to claim a refund of dividend withholding tax." However, the filed Complaints offered no further explanation for the basis of this determination and instead relied on conclusory statements and allegations for their claims for fraud, aiding and abetting fraud, negligent misrepresentation, unjust enrichment, and money had and received.

Because SKAT filed the same pleadings throughout the United States' Court System, the actions have been consolidated for pretrial purposes: this MDL proceeding that is currently being

tried before Your Honor named "Trial One". This matter was consolidated on the "basis of the papers filed and the hearing session held" where it was found that all the actions SKAT filed involved common questions of fact. (ECF No. 1). Because of the volume of parties involved, consolidating the cases for discovery purposes made sense for those actions that did involve common questions of fact. However, as the facts of the case have significantly shown, the Cambridge Defendants' cases are factually different than the majority of cases that were consolidated for this MDL. With over six (6) years of documents produced and still being produced, oral testimony obtained and legal proceedings abroad, it is clear that the Cambridge Defendants have unique interests concerning this litigation.

## <u>ARGUMENT</u>

Remand should only occur upon a showing of good cause. *In re Integrated Resources, Inc. Real Estate Ltd. Partnerships Sec. Litig.,* 851 F.Supp. 556, 561 (S.D.N.Y.1994). The Court's discretion to remand a case back to the transferor court "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone, Inc.,* 128 F.Supp.2d 1196, 1197 (S.D.Ind.2001) (citing *In re Air Crash Disaster,* 461 F.Supp. 671, 672–73 (J.P.M.L.1978)). Remand should not occur when continued consolidation will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Merrill Lynch Auction Rate Sec. Litig.,* No. 09 CIV. 5405 LAP, 2013 WL 132639, at *2 (S.D.N.Y. Jan. 10, 2013).

In an MDL proceeding, the transferee judge may remand that claim to the transferor Court before the entire MDL case is remanded back to that Court. 28 U.S.C.A. § 1407; *In re Zyprexa Prod. Liab. Litig.*, No. 04-CV-1615, 2004 WL 2812095, at *3 (E.D.N.Y. Dec. 3, 2004). The MDL Judicial Panel holds the transferee Judge's decisions with high regard as he is the one who

4

supervises the "day-to-day" pretrial proceedings having "special insight" of the efficiency of the proceedings. *Id.* at 4. The way in which the current Trial One proceedings and proceedings abroad are unfolding demonstrates that the Cambridge Defendants' interests are neither parallel nor congruent to the other named Defendants within this MDL, which eliminates any concern of duplicative discovery, prevents inconsistent pretrial rulings, and should then conserve the resources of the parties, their counsel and the judiciary. For the reasons provided within these papers, the Court "is in a unique position to determine how the litigation can best proceed to insure the maximum efficiency for all parties and the judiciary". *In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L. 1976). The Second Circuit has deferred to the transferee judge in ruling on remand motions "in the interests of efficiency". *Debono v. Am. Home Prod. Corp.*, No. 04 CIV. 3810 (DC), 2004 WL 2601177, at *1 (S.D.N.Y. Nov. 16, 2004).

As the Honorable Judge Kaplan stated within Pretrial Order No. 2, filed with the Court on August 14, 2018, at ECF No. 30, the cases were consolidated for pretrial purposes and are still individual actions. To date, the Cambridge Defendants have provided any and all discovery to all of the parties, pretrial proceedings have concluded and Trial One has begun, which neither the Cambridge Plan nor Shree are parties to. The Cambridge Defendants' cases meet the necessary elements to remand their claims from this MDL back to the transferor court, and, as stated, on a number of occasions, this Court advised that a remand would be available and ordered at or near the time of jury selection in Trial One. (Hanamirian Decl.; Exhibits "B", "C" and "D").

## I.     THE ISSUES IN THIS CASE ARE SIGNIFICANTLY DIFFERENT THAN THE OTHER NAMED DEFENDANTS.

The Consolidated Cases in this MDL were joined to "eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to dispositive motions and discovery

disputes; and conserve the resources of the parties, their counsel and the judiciary". ECF No. 1. As raised and argued during the November 20, 2018, Status Conference, the Cambridge Defendants cases are significantly different and not identically situated as the other Defendants, especially the Trial One Defendants. (Hanamirian Decl.; Exhibit "B"). *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 CIV 5405 LAP, 2013 WL 132639, at *2 (S.D.N.Y. Jan. 10, 2013).

Shree was trustee to one (1) pension plan that existed long before the issues in this case arose whereas the other Defendants are involved in multiple plans with a single trustee. Second, Shree did not rely on Sanjay Shah or Solo Capital regarding the Cambridge Plan. Shah and Solo Capital's actions bear a significant weight to the underlying facts and issues of this MDL. The facts and issues underlying the claims against the Cambridge Defendants concern a third-party's alleged violations, ED&F (ECF No. 202-1). Third, although the alleged schemes claim similar violations, the factual circumstances that gave rise to each claim were unrelated. Most of the Defendants within this MDL have a common interest, but the Cambridge Defendants' alleged violations were based on a separate and distinct contractual relationship with a third-party, not Shah or Solo.

The Cambridge Defendants' cases are individual in nature and thus contain individual concerns. The underlying facts and issues require different testimony from different witnesses and different documentary proof. *S.E.C. v. Pignatiello*, No. 97 CIV 9303 (SWK), 1998 WL 293988, at *4 (S.D.N.Y. June 5, 1998).

The purpose of this MDL in consolidating the other named Defendants cases with the Cambridge Defendants for discovery purposes is no longer applicable. For example, the Cambridge Defendants were parties to different agreements and/or contracts bearing different fiduciary responsibilities than the other Defendants. There is a distinct, separate nature regarding

the agreements the Defendants were parties to as opposed to the Cambridge Defendants' agreements. As a result, the Cambridge Defendants have obtained minimal relevant discovery for any possible trial preparation or settlement negotiation resulting from the coordinated pretrial discovery of the MDL proceedings to date. *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 CIV. 5405 LAP, 2013 WL 132639, at *2 (S.D.N.Y. Jan. 10, 2013).

## II.    CONSERVING RESOURCES OF PARTIES, THEIR COUNSEL AND THE JUDICIARY.

If the Cambridge Defendants cases are remanded from these MDL proceedings, their matter may be resolved more efficiently with substantially less cost and delay as it will receive individualized attention appropriate to its distinct nature. That assertion is supported by the time and resources spent reviewing the hundreds of thousands of documents produced from each of the SKAT proceedings heard all over the World that did not concern either of the Cambridge Defendants.[1] The few documents or discovery proceedings that did mention the Cambridge Defendants showed their involvement had little to no significance to the crux of this MDL.

## III.    DEFENDANTS WILL SUFFER IRREPARABLE HARM IF REMAND IS NOT GRANTED.

The Cambridge Defendants will suffer irreparable harm if remand is not granted. The Cambridge Plan and Shree's cases will be materially different than the MDL defense.

## CONCLUSION

The claims against the Cambridge Defendants should be remanded from this MDL to the transferor court for all the foregoing reasons.

---

[1] A significant amount of time and resources have gone towards discovery proceedings that are unrelated to both the Cambridge Plan and Shree. Over 300 hours have been spent reviewing discovery documents.

Dated:  January 16, 2025

John M. Hanamirian
HANAMIRIAN LAW FIRM, P.C.
40 E. Main Street
Moorestown, New Jersey 08057
(856) 793-9092 – o
(856) 793-9121 – f
jmh@hanamirian.com

8