# Exhibit 17

| | |
|---|---|
| **From:** | Wells, Peter <Peter.Wells@kayescholer.com> |
| **To:** | John van Merkensteijn; Jérôme LHOTE; Matthew Stein; Richard Markowitz; Adam Larosa |
| **CC:** | Michael Ben-Jacob |
| **Sent:** | 7/31/2013 3:48:38 AM |
| **Subject:** | Pension Plans |
| **Attachments:** | Memo - Pension Plan Issues.DOCX; Structure Charts for Memo.PPTX |

All,

As you may know, John has been discussing with Michael the idea of reducing to writing, either in a memo or as a formal legal opinion, our advice related to the ex-dividend trades. As a first step in this process we have put together the attached short working memorandum (along with the accompanying charts showing the current active structures) which memorializes the core questions that we have addressed in this matter. We think the attached memorandum fairly captures the core active issues that we have discussed, but obviously any additional issues can be added to extent you think they should be addressed.

Further to the attached, Michael would to set up a call for next week to discuss the issues in the memo further (along with any additional issue to be added) and focus on which questions, if any, should be addressed more formally.

Regards,
Peter


\*\*\*
IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Peter Wells
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com

This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.



PLAINTIFF'S TRIAL EXHIBIT
PX-59
Case No.18-MD-2865(LAK)

# KAYE SCHOLER LLP

Michael Ben-Jacob
212.836.8310
michael.ben-
jacob@kayescholer.com@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212.836.8000
Fax 212.836.6310
www.kayescholer.com

**Working Draft - For
Discussion Purposes Only**

## MEMORANDUM

**TO:** John H. van Merkensteijn, III
Matthew R. Stein
Jerome Lhote
Richard Markowitz
Adam LaRosa

> PRIVILEGED & CONFIDENTIAL
> ATTORNEY CLIENT COMMUNICATION

**FROM:** Michael Ben-Jacob

**DATE:** July 30, 2013

**SUBJECT:** Pension Plan Trading

---

As we discussed, this memo briefly summarizes some of issues we have addressed with respect to the pension plan trading activities through the structures outlined in the attached charts.  While we recognize that there may be significant overlap in the various topics and issues we have addressed, for simplicity we have divided up the questions into three general topics: (a) tax related; (b) pension related; and (c) investment adviser/commodities futures/securities related.

FILENAME

Chicago · Frankfurt · London · Los Angeles · New York · Palo Alto · Shanghai · Washington, DC · West Palm Beach

**K**AYE SCHOLER LLP

John H. van Merkensteijn, III                  - 2 -                                  July 30, 2013

A.    **Tax Related**.

**Pension Structures**

1.  Does the plan qualify for the tax exemption under the applicable treaty under the definition of a "pension" within the meaning of the treaty?

2.  Does the transaction create FBAR reporting requirements for any of the individuals/entities involved? Does it give rise to a requirement to file other tax related forms with respect to the transaction?

**Ezra Structure**

1.  Who is the owner of the account/profit for U.S. tax purposes?

2.  Is the fee paid to the charity "UBTI"?

3.  What is the impact of the fee on the charity's U.S. tax-exempt status under Section 501(c)(3), and would the disqualification of the charity's tax exempt status preclude the ability to claim refunds on a retroactive basis?

B.    **Pension Related**.

1.  What are the plan qualification requirements of Section 401 of the Code?

2.  Would any of the individuals/entities or other service providers in the transaction be considered "fiduciaries" in relation to the pension plans and thus call into play the prohibited transaction rules?

3.  If the prohibited transaction rules apply in the context of the transaction what are the consequences?

4.  Would any of the individuals/entities in the transaction be considered "disqualified individuals" for ERISA purposes?

FILENAME

**K**AYE SCHOLER LLP

John H. van Merkensteijn, III                    - 3 -                    July 30, 2013

5. Is the return to the plan "reasonable" in light of the facts and circumstances at play, and in relation to other similar arrangements in the market place?

6. What are the controlled group rules affecting tax-qualified retirement plans at play in this context?

C.    **Investment Adviser/Commodities Futures/Securities Related**.

1. Is the transaction covered by the CFTC as a result of the single stock future hedge?

2. Would any individual/entity in the transaction be considered a commodity pool operator under the CFTC?

3. Is there an exemption for any individual/entity from being considered a commodity pool operator?

4. Where there was a swap component: Would any individual/entity in the transaction be considered a Swap Dealer or a Major Swap Participant for purposes of Dodd-Frank?

5. Would any individual/entity in the transaction be deemed to be a "dealer" subject to registration under Section 15(a) of the 1934 Act?

6. If it were determined that any individual/entity in the transaction is acting as an unregistered dealer, what are the potential consequences to the parties involved?

7. Is the transaction covered by the Investment Advisers Act such that an individual/entity in the structure needs to register as an investment adviser?

8. If the transaction were covered by the Investment Advisers Act such that an individual/entity in the structure needs to register as an investment adviser and fails to do so, what are the consequences?

FILENAME

**K**AYE SCHOLER LLP

John H. van Merkensteijn, III                    - 4 -                    July 30, 2013

9.  What, if any, issues arise under any other reporting or compliance regime that we are

aware of, such as the Patriot Act (or other anti-money laundering statutes), TIC

filings, or FATCA?

\*   \*   \*   \*   \*

<u>IRS CIRCULAR 230 DISCLOSURE</u>:  To ensure compliance with Treasury Department
regulations, we inform you that any U.S. federal tax advice contained in this correspondence
(including any attachments) is not intended or written to be used, and cannot be used, for the
purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing or recommending to another party any transaction or matter addressed
herein.

FILENAME



# Free Street Structure

CONFIDENTIAL          PRIVILEGED - SUBJECT TO 502(d) ORDER          JHVM_0009834

# Pension and Retirement Plan Investments I



CONFIDENTIAL          PRIVILEGED - SUBJECT TO 502(d) ORDER          JHVM_0009835

60720195

2

# Pension Plan Structures



**Trading Account**
(In name of 3rd Party Plan as Nominee of Partnership)

- Adam directs trading pursuant to power of attorney

RJM Pension Plan

Genesha Pension Plan

AOI Pension Plan

Bernina Pension Plan

23.75%

23.75%

23.75%

23.75%

5%

3rd Party

LLC (DE)

Pension Plan (3rd Party)

**General Partnership**
**(New York)**

- Manager - Adam LaRosa

JHVM_0009836

PRIVILEGED - SUBJECT TO 502(d) ORDER

CONFIDENTIAL

60720195

3

# Pension Plan Structures (cont.)



JHVM_0009837

PRIVILEGED - SUBJECT TO 502(d) ORDER

CONFIDENTIAL

60720195

# Ezra Structure



PRIVILEGED - SUBJECT TO 502(d) ORDER

CONFIDENTIAL

JHVM_0009838

5

60720195