WILMERHALE

January 21, 2025

**VIA EMAIL, HAND, AND ECF**

Peter G. Neiman

+1 212 295 6487 (t)
+1 212 230 8888 (f)
peter.neiman@wilmerhale.com

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation, No. 18-md-02865-LAK (S.D.N.Y.)

Dear Judge Kaplan:

Defendants respectfully request that the Court reconsider its ruling forbidding questioning at this time of Mr. Markowitz regarding the extent to which he still retains any of the funds paid by SKAT at issue in this case. Tr. 1152:10-11.

Under black letter New York law, such evidence goes directly to one of the standard factors considered in unjust enrichment cases, and there is no reason to require the defense to recall Mr. Markowitz in the defense case to introduce this testimony.

The proposed jury instruction submitted by SKAT recites that "[i]n deciding whether equity and good conscience do not permit the defendant to retain SKAT's money, you may consider whether SKAT paid the refund claims under a mistake of fact or law, *if the benefit still remains with the defendant*, *if there has been otherwise a change of position by the defendant*, and whether the defendant's conduct was tortious or fraudulent." ECF No. 1246, Proposed Jury Instructions at 34 (emphasis added). The italicized language comes straight from the New York Court of Appeals decision in *Paramount Film Distrib. Corp. v. State*, 30 N.Y.2d 415, 421 (N.Y. 1972), where the Court held that the "essential inquiry in any action for unjust enrichment" was "whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" and explained that in making that determination, one should consider, among other factors, "if the benefit still remains with the defendant" and "if there has been otherwise a change of position by the defendant." Although time has passed since the *Paramount* decision, the legal standard remains the same. *Columbia Memorial Hospital v. Hinds*, 38 N.Y. 3d 253, 275 (2022) (reciting the identical standard). This language also appears in the New York pattern jury instruction. *See* N.Y. P.J.I. 4:2, *caveat 2* ("in determining whether relief is warranted under an unjust enrichment claim, courts look to see . . . if the benefit still remains with the defendant, [and] if there has been otherwise a change of position by the defendant"). It has been repeated in many decisions of courts in this district applying New York law. *See, e.g., Beck v. Manhattan*

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

**WilmerHale**

Honorable Lewis A. Kaplan
VIA EMAIL, HAND, AND ECF
Page 2

*College*, No. 20 Civ. 3229 (LSS), 2023 WL 4266015, at *3 (S.D.N.Y. June 29, 2023); *Farina v. Metropolitan Transportation Authority*, 409 F. Supp. 3d 173, 218-19 (S.D.N.Y. 2019); *Kossoff v. Felberbaum*, 281 F. Supp. 3d 454, 466 (S.D.N.Y. 2017).  This standard is settled New York law.

Questioning on this topic will be brief, focused, and squarely relevant to a key disputed issue in the case.  Defendants should be permitted to present this important information within the context of Mr. Markowitz's current testimony.

We thank the Court for its attention to this matter.


Respectfully submitted,

*Peter G. Neiman*

Peter G. Neiman