

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

January 22, 2024

**VIA ECF, EMAIL, & HAND DELIVERY**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
KaplanNYSDChambers@nysd.uscourts.gov

        Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)[1]

Dear Judge Kaplan:

        We write on behalf of plaintiff Skatteforvaltningen ("SKAT") in response to defendants' January 21, 2025 letter requesting that the Court "reconsider its ruling forbidding questioning at this time of Mr. Markowitz regarding the extent to which he still retains any of the funds paid by SKAT at issue in this case." (ECF No. 1393 at 1.) Defendants' request should be denied, and the Court should not permit at all Mr. Markowitz's proffered testimony that he spent SKAT's money on the "cost of defending this case" and "ten years of living expenses." (Tr. 1149:15-18.) Any such expenditures by Mr. Markowitz are irrelevant to the jury's consideration of SKAT's unjust enrichment, money had and received, and payment by mistake claims against him.[2]

---

1. This letter relates to the trial one cases: 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

2. All three of these causes of action are "premised on the [same] principle that recovery is to be had *ex aequo et bono*, according to what is equitable and good," and "turn" on whether the defendant "has benefitted from what is rightfully" SKAT's "such that equity and good conscience demand restoration of the disputed property to" SKAT. *T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A.*, No. 10-CV-2843 (JG)(ARL), 2010 WL 4038826, at *4 (E.D.N.Y. Oct. 14, 2010).

Defendants argue that the proffered testimony "goes directly to one of the standard factors considered in unjust enrichment cases," (ECF No. 1393 at 1), *i.e.*, whether "the benefit still remains with the defendant" or "there has been otherwise a change of position by the defendant." *Paramount Film Distributing Corp. v. State of N.Y.*, 30 N.Y.2d 415, 421 (1972). But those factors are irrelevant here, where Mr. Markowitz cannot demonstrate any such change of position as a matter of law. Under New York law's "mistake of fact doctrine," "money paid under a mistake of fact may be recovered back . . . unless the payment has caused such a change in position of the other party that it would be unjust to require him to refund." *Banque Worms v. BankAmerica Int'l*, 77 N.Y.2d 362, 366-67 (1991) (internal quotations omitted).[3] "[D]etrimental reliance is a requisite factor" for the doctrine to apply. *Id.* at 366.

Mr. Markowitz, however, cannot demonstrate any such detrimental reliance. For one thing, "no detrimental change in position can be established" just because Mr. Markowitz "has simply spent the money and presumably has the value of whatever he obtained by the expenditure." *Bank Saderat Iran v. Amin Beydoun, Inc.*, 555 F. Supp. 770, 774 (S.D.N.Y. 1983). Rather, "the recipient must demonstrate a causal relationship between receipt and expenditure: in other words, that the expenditure is one that would not have been made but for the payment or transfer for which the claimant seeks restitution." Restatement (Third) of Restitution & Unjust Enrichment § 65, cmt. c. "Expenditures devoted to" "ordinary living expenses," such as the ten years of such expenses Mr. Markowitz supposedly used SKAT's money to pay, "generally do not" "have this effect." *Id.*

For another thing, Mr. Markowitz cannot show detrimental reliance because he was on notice of SKAT's claim to the money as far back as 2015, when SKAT issued its press release announcing the fraud and Solo's offices were raided shortly thereafter. *See Newbro v. Freed*, 409 F. Supp. 2d 386, 399 (S.D.N.Y. 2006) ("defendants have not demonstrated how they have relied on th[e] unauthorized transfer in any way" where they had "long been aware that these funds originated from another customer's account"). Mr. Markowitz testified that he read SKAT's press release in August 2015 announcing the fraud; felt "physically ill" when he learned Solo's office were "raided by UK authorities" in November 2015; entered a tolling agreement with SKAT in January 2018; received SKAT's revocation of his plans' tax refunds in April 2018; and obviously is aware that SKAT sued him in 2019. (Tr. 1235:23-1236:7; 1237:13-24; 1238:10-1239:14; 1243:3-12.) Mr. Markowitz can hardly claim that he was not on notice of SKAT's claims to the refund payments when he supposedly spent them on the costs of this litigation and years of living expenses. Thus, "there is nothing unfair here about requiring [Mr. Markowitz] to return funds that," even by his own telling, "from [almost] the moment of their receipt, [he] suspected—if not confirmed beyond all doubt—belonged to [a] victim of [Solo's] misfeasance." *Newbro*, 409 F. Supp. 2d at 400.[4]

---

3. *See also* Restatement (Third) of Restitution & Unjust Enrichment § 65 (Change of Position) ("If receipt of a benefit has led a recipient without notice to change position in such manner that an obligation to make restitution of the original benefit would be inequitable to the recipient, the recipient's liability in restitution is to that extent reduced.").

4. *See also* Restatement (Third) of Restitution & Unjust Enrichment § 65, cmt. a ("Notice on the part of the recipient precludes resort to the defense, because the recipient who acts with notice of the claimant's rights is in a better position than the claimant to avoid the loss that must later be allocated.").

Finally, Mr. Markowitz cannot claim detrimental reliance on SKAT's payments because he was not innocent in receiving them. The "changed position" defense is available only where the parties are "equally innocent." *Paramount*, 30 N.Y.2d at 422. As such, the "defense is therefore unavailable . . . to a recipient who is primarily responsible for his own unjust enrichment." Restatement (Third) of Restitution & Unjust Enrichment § 65, cmt. a. And Mr. Markowitz was primarily responsible of his own unjust enrichment because its cause was his own "misrepresentation[s], whether tortious or not." *Id.* § 52(1)(b).

Accordingly, for the reasons set forth above, SKAT respectfully requests that the Court preclude Mr. Markowitz from testifying that he no longer has SKAT's money because he spent it on this case and living expenses.

                          Respectfully submitted,


                          /s/ Marc A. Weinstein
                          Marc A. Weinstein

cc: all counsel of record (via ECF & email)