WILMERHALE

January 22, 2025

Peter G. Neiman

+1 212 295 6487 (t)
+1 212 230 8888 (f)
peter.neiman@wilmerhale.com

**VIA EMAIL, HAND, AND ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation, No. 18-md-02865-LAK (S.D.N.Y.)

Dear Judge Kaplan:

As the Court directed this morning, Defendants file this letter to explain why the Court should allow Defendants to introduce examples of (1) certain partnership tax returns; and reports filed with the United States Treasury Department disclosing (2) foreign accounts and account balances, and (3) the purchase and sale of foreign securities. *See* Ex. 1 (DX 6009 (TIC Form S)), Ex. 2 (DX 3289 (email re: TIC Form S)), Ex. 3 (DX 3500 (TIC Form S)), Ex. 4 (PX-1621 (TIC Form SLT)); Ex. 5 (DX 3571) and Ex. 6 (DX 3971) (FBARs), and Ex. 7 (DX 3376 (K1)). Collectively, these forms show Defendants' disclosure of foreign bank accounts; the balances in those accounts; the volume of foreign securities traded; and the filing of tax returns that clearly disclose payments from third party "friends and family" pension plans to the plan defendants in this case. All of this is admissible for multiple reasons.

*First*, the forms corroborate Defendants' assertion that they believed in good faith that they owned the Danish securities at issue in this litigation. Under penalty of perjury, the Defendants certified to their own government that they held foreign brokerage accounts in the names of pension plans with significant balances and had purchased and sold hundreds of millions of dollars' worth of foreign stock. This is powerful evidence of their good faith—both because it corroborates their contemporaneous belief that they were the owner of Danish securities *and* because it demonstrates their pattern of disclosure and compliance with law. In a case where SKAT has repeatedly argued that the Defendants behaved as if they had something to hide, the fact that the Defendants regularly filed FBAR and TIC/Form S filings with the Treasury Department is both relevant and responsive.

*Second*, these same forms were prepared for each of the friends and family members who participated in the Solo transactions at issue in this trial. Evidence of these filings on behalf of friends and family further supports the defendants' good faith belief in the validity of the transactions.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

WILMERHALE

Honorable Lewis A. Kaplan
Page 2

*Third*, this evidence, together with testimony from Mr. Markowitz that similar forms were regularly filed for all relevant entities, is collectively relevant to Defendants' statute of limitations arguments. Had SKAT begun asking questions about these pension plans in 2014, it readily would have determined not only that the plans had disclosed their ownership of foreign securities to the Treasury Department, but they had also disclosed their income from partnerships with other pension plans that also submitted reclaim applications to SKAT. All of this information would have been available to SKAT based on its rights under the U.S.-Denmark Treaty to seek investigative assistance from the United States Government. Specifically, Article 26(1) of the U.S.-Denmark Treaty states:

> The competent authorities of the Contracting States **shall exchange** such information **as is relevant** for carrying out the provisions of this Convention or of the domestic laws of the Contracting States concerning taxes covered by the Convention insofar as the taxation thereunder is not contrary to the Convention, including information relating to the assessment or collection of, the enforcement or prosecution in respect of, or the determination of appeals in relation to, the taxes covered by the Convention. The exchange of information is not restricted by Article 1 (General Scope).

U.S.-Denmark Treaty, Art. 26(1) (emphasis added), available at https://www.irs.gov/pub/irs-trty/denmark2.pdf.

The U.S.-Denmark Treaty defines "competent authority" as, in the United States, the Secretary of the Treasury or his delegate; and in Denmark, the Minister for Taxation or his authorized representative. *Id.* at Art. 3(1)(e). Importantly for assessing SKAT's ability to obtain information from the United States under this Treaty, the documents Defendants seek to offer are all Department of the Treasury forms.[1]

Several aspects of Article 26's language stand out. First, the requirement that Contracting States *shall exchange* information. As this Court is of course aware, the word "shall" indicates that something is mandatory, rather than discretionary. *Kingdomware Techs. v. United States*, 579 U.S. 162, 171 (2016) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement."); *see also* Tr. 716:13-21. Second, that the information is required only to be *relevant* to carrying out the Convention's provisions *or* the domestic laws of the

---

[1] While some of the Forms are submitted to entities outside of the Department of the Treasury, the Department of the Treasury nonetheless maintains access to the information. *See, e.g.*, TIC Form S Instructions, June 2011, at 2 ("Data reported on this form will be held in confidence by the Department of the Treasury, the Board of Governors of the Federal Reserve System, and the Federal Reserve Banks acting as fiscal agents of the Treasury."), available at https://ticdata.treasury.gov/resource-center/data-chart-center/tic/Documents/sinstr-june2011.pdf.

WILMERHALE

Honorable Lewis A. Kaplan
Page 3

Contracting States concerning taxes. The Technical Explanation for this section of the Treaty states that the word "relevant" does not require "a requesting State to demonstrate that it would be unable to enforce its tax laws unless it obtained a particular item of information." Technical Explanation, Art. 26, paragraph 1, at 89, available at https://www.irs.gov/pub/irs-trty/dentech.pdf.

The Technical Explanation for this section of the Treaty further explains the breadth of this exchange power:

> The taxes covered by the Convention for purposes of this Article constitute a broader category of taxes than those referred to in Article 2 (Taxes Covered). As provided in paragraph 4, for purposes of exchange of information, covered taxes include all taxes imposed by the Contracting States. Exchange of information with respect to domestic law is authorized insofar as the taxation under those domestic laws is not contrary to the Convention. **Thus, for example, information may be exchanged with respect to a covered tax, even if the transaction to which the information relates is a purely domestic transaction in the requesting State and, therefore, the exchange is not made for the purpose of carrying out the Convention.**

Technical Explanation, Art. 26, paragraph 1, at 89 (emphasis added), available at https://www.irs.gov/pub/irs-trty/dentech.pdf.

As directed by the Court, we now discuss each piece of proffered evidence in turn.

### DX 3376 (K1)

DX 3376 is a form attached to an individual tax return reporting partnership income (Schedule K-1), here reporting that RJM Capital Pension Plan Trust received its partnership share of income of the California Catalog General Partnership II for the calendar year 2013. Testimony would establish that each partnership related to a "friends and family plan" issued similar K-1s documenting all distributions of income to the partners. These K-1s, including DX 3376, are directly relevant to Defendants' statute of limitations arguments. *First*, they were filed with the defendants' individual tax returns and therefore available to SKAT pursuant to the Treaty upon request. *Second*, the filings clearly identify the relationship between Mr. Markowitz and Mr. van Merkensteijn's plans and the "friends and family" plans. For example had SKAT requested any income information related to the RJM Capital Pension Plan—which would have been a natural step to take based on the disclosure by both a Danish attorney and the British tax authorities that RJM Capital Pension Plan was alleged to have been used by Sanjay Shah as part of his fraud (PX-660, PX-662)—the K-1s would have quickly identified the connection between the RJM

WILMERHALE

Honorable Lewis A. Kaplan
Page 4

Plan and the "friends and family" plans. And defendants' knowledge that such K-1s were being filed and were creating an indelible roadmap of the flow of funds—combined with their comfort with using a partnership structure to allocate revenue from the friends and family plans—rebuts SKAT's suggestion that the purpose of the partnership structure was to hide anything.

### DX 6009, DX 3289, DX 3500 (TIC Form S), PX-1621 (TIC Form SLT)

Defendants seek to admit examples of Department of the Treasury Form S (entitled "Purchases and Sales of Long-Term Securities by Foreign-Residents") and Form SLT (entitled "Aggregate Holdings of Long-Term Securities By U.S. And Foreign Residents") that disclosed, on a monthly basis, the plans' aggregate holdings of foreign securities. Mr. Markowitz would testify regarding the filing of these forms for the plans at issue in this litigation, including his belief that the disclosures were required because the plans owned (actual) Danish shares.[2]

- DX 6009 is the Form S filed by Avanix Management LLC Roth 401(K) Plan, as March 31, 2015.

- DX 3289 is an email and several attachments. On June 13, 2012, Peter Wells sent Adam LaRosa and Richard Markowitz an email, subject "Form S Reporting," which attached Form S filings for Xiphias LLC Pension Plan, California Catalog Company Pension Plan, Free Street Partners LP, Lion Advisory Inc. Pension Plan, Michelle Investments Pension Plan, Mill River Capital Management Plan, and Pension and Retirement Plan Investments I.

- DX 3500 is the Form S filed by the RJM Capital Pension Plan, as of April 30, 2013.

- PX-1621 is a Form SLT filed by the Xiphias LLC Pension Plan based on information as of May 31, 2013.[3]

TIC Form S is a Department of the Treasury Form entitled, *Purchases and Sales of Long-Term Securities by Foreign-Residents*. It is a monthly report made to the Federal Reserve Bank of New York, in its capacity as Treasury's fiscal agent. *See* TIC Form S Instructions, June 2011, at 2 (https://ticdata.treasury.gov/resource-center/data-chart-center/tic/Documents/sinstr-june2011.pdf). The report is required by a laundry list of statutes and regulations (22 U.S.C. 286f, 22 U.S.C. 3103, EO 10033, and 31 C.F.R. 128.1(a)), and requires the declaration of an officer authorized to sign the report that the report "is true to the best of my knowledge and

---

[2] Based on advice of counsel, defendants in some instances identified the locus of the trading (the United Kingdom), rather than the locus of the issuer (Denmark and/or Belgium).

[3] Mr. van Merkensteijn likewise seeks to offer examples of similar filings made on behalf of him and Elizabeth van Merkensteijn, and, with the assistance of Kaye Scholer and Citrin Cooperman, on behalf of the friends he invited to participate in the Solo transactions, Ron Altbach, Perry Lerner, Ed Millier, and David Zelman.

**WILMERHALE**

Honorable Lewis A. Kaplan
Page 5

belief." *See, e.g.*, DX 3289 at -5267.  Signing such a form knowing it contained material falsehoods would, without question, be a crime under 18 U.S.C. § 1001.  That the defendants caused the plans to timely file such forms, with the attendant representations of foreign equity purchases and sales, suggests that they honestly believed they, in fact, had made the purchases and sales listed.  *See, e.g.*, DX 6009 at -1426.  This evidence rebuts SKAT's claim that the Defendants knew there were no shares involved in the Danish trading, and the allegation that they were in on Sanjay Shah's fraud.

Form SLT is a Department of the Treasury Form entitled *Aggregate Holdings of Long-Term Securities by U.S. and Foreign Residents*.  Filed monthly with the Federal Reserve Banks in their capacity as Treasury's fiscal agents—like Form S—Form SLT is required by law (22 U.S.C. 2861, 22 U.S.C. 3103, E.O. 11961, E.O. 10033, and 31 C.F.R. 128.1 (a)), and requires the same declaration that it is true to the best of the authorized signer's knowledge and belief.  For the same reason, Defendants seek to show this document to the jury and argue that they would not have submitted this information to the United States Government without a good faith belief in its truth.

### DX 3571 and 3971 (FBARs)

Defendants seek to admit a number of Form TD F 90-22.1, *A Report of Foreign Bank and Financial Accounts* ("FBAR") filings made on behalf of the Individual Defendants and Defendant Pension Plans in this case, including:

- DX 3571, a June 24, 2013 Report of Foreign Bank and Financial Accounts ("FBAR") filing made by Kaye Scholer on behalf of Richard Markowitz.

- DX 3971, an FBAR filing submitted by Kaye Scholer on behalf of Spirit on the Water Pension Plan General Partnership.

An FBAR is submitted to the Internal Revenue Service, an agency within the Department of Treasury, on an annual basis and would therefore also have been available to Danish authorities pursuant to the treaty.  It identifies the filer, the filer's taxpayer identification number, and biographical data regarding the filer, including name, birthdate, and address.  Importantly, it also identifies the financial institution in which the foreign account is held, the name in which the account is held, and the balance in the account.  The form specifically states that there are civil and criminal penalties for "failure to file a report, supply information, and for filing a false or fraudulent report."  *See, e.g.*, DX 3571 at -3169 (emphasis added).  As with the Forms S and SLT submitted to the Federal Reserve, these forms carry with them serious consequences—each separate statement made to United States agencies, if knowingly and materially false, may be a separate violation of 18 U.S.C. § 1001.  That Defendants made these statements, fully aware of the consequences of doing so, is a fact the jury should be permitted to consider when assessing

**WILMERHALE**

Honorable Lewis A. Kaplan
Page 6

whether they had an honest and good faith belief in the truth of the identical information submitted to SKAT.

And, of course, defendants' willingness to disclose to U.S. tax authorities their control of accounts at Solo Capital in the name of pension funds (and disclose to the Treasury their trading volume in foreign securities) is evidence that the defendants believed they had nothing to hide. At sidebar, the Court suggested that only evidence of a belief that there was nothing to hide from Danish authorities would be relevant. But knowing participation in a scheme like Sanjay Shah's would have risked criminal prosecution in the United States also, given the breadth of the mail and wire fraud laws. *See Pasquantino v. United States*, 544 U.S. 349 (2005) (scheme to defraud foreign nation of tax revenue violated wire fraud statute). Defendants' willingness to share pertinent information with U.S. authorities is thus relevant evidence of their good faith.

We thank the Court for its attention to this matter.

Respectfully submitted,


*/s/ Peter G. Neiman*
Peter G. Neiman