# Exhibit 2

CERTIFIED TRANSLATION

Erik Hørlyck

# The burden of proof in civil cases



Djøf Publishing
2020

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/16/2025 03:10:53PM
via Kammeradvokaten

CHAPTER 1

# Introduction

## 1.1 The concept of burden of proof - the court's trial management

The ideal is that a case is decided on the basis of the court's knowledge of all relevant circumstances. This is often, but not always, the case.

If there are factual circumstances that have not been adequately disclosed, the court may use its right to obtain additional information, cf. section 339 of the Danish Administration of Justice Act regarding questions to a party, invitations to a party to state its position and invitations to a party to present documents and evidence, but it is not the court's responsibility to enlighten the case (principle of disposition, principle of negotiation), so the court has no obligation to apply section 339.

If the facts of a case are unclear when it is admitted for judgment, the court will have to decide who is to be affected by the fact that there are factual circumstances that have not been clarified. The court cannot dismiss the case, but must make a decision. As aptly stated by *Jerkø* (2017) p. 56 f., if the court does not know what facts can be used as a basis for the decision, the decision must be made on the basis of the court's assumption of what the facts are. This book is basically about how this assumption of fact is established.

It is true that section 349 of the Danish Administration of Justice Act stipulates that if shortcomings in the subpoena make it unsuitable as a basis for the proceedings and the shortcomings are not remedied, the case is dismissed, but this does not concern the presentation of evidence, which is not done in the summons. The court cannot refuse to pass judgment because the facts are insufficient.

In the event of insufficient information, the court can proceed in two ways. The court can either, in accordance with the procedural rules in the Danish Administration of Justice Act section 399(1)-(3), ask questions or make invitations and then apply Danish Administration of Justice Act section 344(2) and (3), and in the assessment of evidence add ambiguities "effect in favor of the opposing party" on the grounds that a party has made unclear or incomplete statements or has failed to respond to requests or questions or has failed to comply with the court's call for evidence. Alternatively, the court may take the position that it is for one of the

11

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/20/2025 09:41:48AM
via Kammeradvokaten

Whereas filling is done taking into account the relevant considerations when the parties have not explicitly taken a position on which legal rules should apply, the assessment of the burden of proof under the relevant considerations is done when the factual circumstances are unclear.

A distinction must be made between the burden of proof and what, in *Boman's* terminology, is called the burden of pleading (åberopsbörda).

The situation is that pleas must be pleaded or asserted if the court is to take them into account, cf. section 338 of the Danish Administration of Justice Act. Evidence should not be invoked, but must be provided/ submitted by one of the parties, cf. *Boman* p. 48.

Although the presentation of evidence is part of the principle of negotiation, in the sense that the court cannot or should not inform the case on its own, it is irrelevant to the court's use of the evidence where it comes from. The only decisive factor is that it has been obtained and presented as part of the proceedings. On the other hand, the court cannot base its decision on what has been disclosed in other cases or by reading newspapers etc., cf. U 1998.1616 ØLD ("the national court does not find it possible to attach decisive weight to "the housing court's knowledge of the rent level for shop leases in the city in general", as mentioned in the premise).

## 1.4 Rebuttal evidence

More than a lifetime ago, *Eckhoff* wrote p. 17:

> "*But both in theory and practice, it means something entirely different when it is said that a person has the burden of proof, namely that at some arbitrarily chosen point in the process he must provide evidence to win. This is what O. Augdahl calls the subjective burden of proof. One could also call it the burden of presenting proof.*"

This is by no means wrong, but undeniably rather obscure. There is a reason for the quote because *Eckhoff's* observation has lived on for many years, contributing to something fundamentally simple becoming complicated.

The claimant, i.e. the party claiming a change of legal position, must generally bear the burden of proof (unless there is a basis for reversing or sharing the burden of proof), and the opposing party, the tortfeasor, can generally just claim acquittal and base this claim on the fact that the burden of proof has not been met.

However, *Eckhoff* rightly points out that when the party who has to bear the burden of proof has actually carried it, all is not lost for the opposing party, who often has the opportunity to establish facts that lead to an acquittal. This is tantamount to counter-evidence, but since the

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/20/2025 09:41:48AM
via Kammeradvokaten

*Chapter 1. Introduction.*

the goal is still to get rid of the change, to obtain acquittal, it is artificial to talk about burden of proof or burden of presenting proof.

In the literature on burden of proof, it is common to perceive the burden of proof as an either/or: Either the burden of proof is on the plaintiff or it's on the defendant. This is not the case, which is one of the reasons why it has largely been abandoned to formulate a general burden of proof rule.

The consequence of factual and legal presumptions can be a shared (reversed) burden of proof, which, from a practical perspective, amounts to the same thing, as a reversed burden of proof is also a shared burden of proof. In cases of liability based on a rule of presumption, it is only the absence of a basis for liability that must be proven by the tortfeasor. Furthermore, in practice it is often so that the opposing party is not entirely passive but attempts to present evidence, even if they do not bear the burden of proof. The presentation of evidence develops dynamically and can shift from one party to the other.

For example, consider a case initiated with a claim for payment based on a contract. The claimant naturally bears the burden of proof for establishing that an agreement was made and that maturity has entered, the contract has been breached, or another event creating an obligation to pay has occurred.

The defendant may simply make this the subject of the litigation and, accordingly, simply deny that an agreement was made, etc., and on that basis submit a plea for dismissal.

However, the defendant may choose to go on the offensive—typically if the contract indeed exists and has been presented—and, for example, invoke Sec. 30(1) of the Danish Contracts Act regarding fraud as grounds for invalidity, or claim that payment has already been made. This does not place a burden of proof on the defendant but rather constitutes a counterproof, as the defendant may (also) base their plea for dismissal on factual circumstances demonstrating that the claimant deceived the defendant into signing. The defendant may also present a receipt for payment and thereby provide evidence of payment.

This revives the claimant's burden of proof. It is still the claimant who seeks a change in the legal position, namely the fulfillment of a monetary claim. The claimant must therefore consider whether it is sufficient to deny the existence of fraud or payment, or whether the claimant must now meet the burden of proof that the fraud did not influence the signing of the agreement, cf. Sec. 30(2) of the Danish Contracts Act, that the payment was made to the wrong recipient, or that the receipt is falsified.

See also the example above p. 21 about the genus buyer who withdraws due to defects. This example could be expanded with the seller's counter-evidence ad §§ Sections 47, 51, 52 and 54 of the kbl. on the buyer's duty of investigation and duty to complain.

26

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/20/2025 09:41:48AM
via Kammeradvokaten

This phenomenon, that a party's fulfillment of its burden of proof elicits counter-evidence from the opposing party, is well known, but has been described with the somewhat misleading terms "subjective burden of proof" or "false burden of proof", cf. *Bang,* J 1998.397 and *Gomann and Kistrup* p. 564 f.

This does not seem appropriate. The party who wants nothing more to be acquitted (preserve the status quo) does not have to bear any burden of proof, but may choose to present counter evidence. It is therefore not appropriate to talk about (subjective/false) burden of proof. This is not a burden of proof, but can be called a rebuttal burden (i.e. the burden of proof caused by the claimant fulfilling his burden of proof), but the rebuttal burden is not a burden of proof, because the purpose is still to obtain acquittal.

Moreover, it should not be overlooked that, from the other party's point of view, there is a close relationship between the other party's burden of proof in shared burden of proof, where the other party must weaken a presumption, and counter evidence, where the other party must show that the claim cannot be enforced even though the burden of proof has been lifted. If there is a specific presumption of culpa, a conviction will be made if the tortfeasor cannot prove that there was no culpa, but if the injured party, as a result of his burden of proof, has proved culpa, a conviction will also be made, unless the counterparty, for example, provides counter evidence of the claimant's own fault. From the other party's perspective, there is not much difference between shared burden of proof and rebuttal evidence in relation to the result.

*Jerkø* (2017) p. 155 mentions a peculiar example in this connection. If a plaintiff bases his claim for payment on the fact that a written contract has been concluded and he presents this, he has in principle lifted his burden of proof for the contract. However, if the defendant denies having signed the contract (i.e. raises a plea of forgery), it is somewhat unclear and will often depend on a case-by-case assessment whether the plaintiff must prove that the defendant has signed, i.e. whether the plaintiff's burden of proof also includes proof of a genuine signature, or whether the defendant who pleads invalidity must provide counter evidence that the signature is false in support of this plea.

In fact, the problem is terminological and is caused by the fact that the false contract is called void. The false contract has no existence and a burden of proof cannot, of course, be lifted by means of a false contract. On the other hand, it is clear that an invalidity objection must be proved by the person making the objection

Rebuttals are discussed further below in chapter 5.

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/20/2025 09:41:48AM
via Kammeradvokaten

Erik Hørlyck

# Bevisbyrden i civile sager



Djøf Forlag

2020

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/21/2025 08:23:48AM
via Kammeradvokaten

KAPITEL 1

# Indledning

## 1.1.  Begrebet bevisbyrde – rettens procesledelse

Idealet er, at en sag afgøres på grundlag af rettens kendskab til samtlige relevante omstændigheder. Således er situationen ofte, men ikke altid.

Er der faktiske forhold, der ikke er fyldestgørende oplyst, kan retten anvende sin adgang til at fremskaffe supplerende oplysninger, jf. rpl § 339 om spørgsmål til en part, om opfordring til en part om at tilkendegive sin stilling og om opfordringer til en part om at fremlægge dokumenter og til at føre bevis, men det er ikke rettens ansvar at oplyse sagen (dispositionsprincippet, forhandlingsprincippet), så retten har ingen pligt til at anvende § 339.

Fremstår en sag, når den optages til dom, uklart oplyst, bliver retten nødsaget til at tage stilling til, hvem det skal gå ud over, at der er faktiske omstændigheder, der ikke er afklaret. Retten kan jo ikke skyde sagen fra sig, men skal træffe en afgørelse. Som det træffende siges af *Jerkø* (2017) s. 56 f., hvis retten ikke ved, hvilket faktum der kan lægges til grund ved afgørelsen, må afgørelsen træffes på grundlag af rettens antagelse om, hvad faktum er. Denne bog handler grundlæggende om, hvorledes denne antagelse om faktum tilvejebringes.

Det er ganske vist bestemt i rpl § 349, at hvis mangler ved stævningen gør, at den er uegnet til at danne grundlag for sagens behandling, og manglerne ikke afhjælpes, afvises sagen, men dette drejer sig ikke om bevisførelsen, som ikke sker ved stævningen. Retten kan ikke afvise at afgøre en sag, fordi de faktiske oplysninger er utilstrækkelige.

Retten kan i tilfælde af mangelfulde oplysninger anvende to fremgangsmåder. Retten kan enten i henhold til bestemmelserne om procesledelse i rpl § 399, stk. 1-3, stille spørgsmål eller komme med opfordringer og derefter anvende rpl § 344, stk. 2 og 3, og ved bevisbedømmelsen tillægge uklarheder »virkning til fordel for modparten« med den begrundelse, at en part har udtalt sig uklart eller ufuldstændigt eller ikke har besvaret opfordringer eller ikke har besvaret spørgsmål eller ikke har efterkommet rettens opfordring til at føre bevis. Eller også kan retten indtage det standpunkt, at det skal komme en af

11

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/20/2025 09:41:48AM
via Kammeradvokaten

*1.4. Modbevis*

Hvor udfyldning under hensyn til de relevante hensyn sker, når parterne ikke eksplicit har taget stilling til, hvilke retsregler der skal være gældende, sker bevisbyrdevurderingen under hensyn til de relevante hensyn, når de faktiske forhold er uklare.

Der må sondres mellem bevisbyrde og det, der med *Bomans* terminologi kaldes påberåbelsesbyrde (åberopsbörda).

Forholdet er det, at anbringender skal påberåbes eller gøres gældende, hvis retten skal kunne tage hensyn til dem, jf. rpl § 338. Beviser skal ikke påberåbes, men tilvejebringes/fremlægges af en af parterne, jf. *Boman* s. 48.

Selv om bevisførelsen er en del af forhandlingsprincippet forstået på den måde, at retten ikke på egen hånd kan eller skal oplyse sagen, er det med hensyn til rettens anvendelse af beviserne uden betydning, hvor disse kommer fra. Afgørende er alene, at de er tilvejebragt og fremlagt som et led i sagsbehandlingen. Derimod kan retten ikke bygge sin afgørelse på, hvad der er oplyst i andre sager eller ved avislæsning el.lign., jf. U 1998.1616 ØLD (»landsretten ikke finder at kunne tillægge »boligrettens kendskab til lejeniveauet for butikslejemål i byen i øvrigt«, som nævnes i præmissen, afgørende vægt«).

## 1.4.  Modbevis

For mere end en menneskealder siden skrev *Eckhoff* s. 17:

> *»Men både i teori og praksis menes det undertiden noe helt annet, når det sies at en person har bevisbyrden, nemlig at han på et eller annet vilkårlig valgt tidspunkt under prosessen må føre bevis for å vinne. Dette kaller O. Augdahl den subjektive bevisbyrde. En kunne også kalle det bevisføringsbyrde.«*

Dette er på ingen måde forkert, men unægtelig temmelig dunkelt. Der er anledning til citatet, fordi *Eckhoffs* betragtning i de forløbne mange år har levet videre og bidraget til, at noget grundlæggende simpelt er blevet kompliceret.

Kravfremsætteren, altså den part, der nedlægger påstand om ændring af retsstillingen, skal som udgangspunkt løfte bevisbyrden (medmindre der er grundlag for omvendt eller delt bevisbyrde), og modparten, sagvolderen, kan som udgangspunkt nøjes med at påstå frifindelse og støtte denne påstand på, at bevisbyrden ikke er løftet.

*Eckhoff* påpeger imidlertid med rette, at når den part, der skal løfte bevisbyrden, faktisk har løftet den, er alt ikke tabt for modparten, der ofte har mulighed for at godtgøre faktiske omstændigheder, der medfører, at der alligevel opnås frifindelse. Dette er ensbetydende med at føre modbevis, men da for-

25

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/20/2025 09:41:48AM
via Kammeradvokaten

*Kapitel 1. Indledning*

målet stadig er at blive fri for ændringen, at opnå frifindelse, er det kunstigt at tale om bevisbyrde eller bevisføringsbyrde.

I litteraturen om bevisbyrde er det almindeligt at opfatte bevisbyrden som et enten/eller: Enten påhviler bevisbyrden sagsøgeren, eller også påhviler den sagsøgte. Således forholder det sig som nævnt ikke, og det er en af årsagerne til, at det i det store og hele er blevet opgivet at formulere en generel bevisbyrderegel.

Følgen af faktiske og legale præsumptioner kan være en delt (omvendt) bevisbyrde, hvilket for en praktisk betragtning er det samme, da også omvendt bevisbyrde er en delt bevisbyrde. I tilfælde af præsumptionsansvar er det jo kun det manglende ansvarsgrundlag, der skal bevises af skadevolderen.

Derudover forholder det sig således, at modparten i praksis ikke er ganske passiv, men forsøger at føre bevis, selv om der ikke er nogen bevisbyrde at løfte. Bevisførelsen udvikler sig dynamisk og kan flytte fra den ene til den anden.

Man kan eksempelvis tænke sig, at en sag anlægges med påstand om betaling på grundlag af en kontrakt. Sagsøgeren har naturligvis bevisbyrden for, at der er indgået en aftale, og at der er indtrådt forfaldstid, sket misligholdelse eller andet, som indebærer en betalingspligt.

Sagsøgte kan nøjes med at gøre dette til temaet for sagen og dermed nøjes med at bestride, at der er indgået en aftale mv., og på dette grundlag nedlægge frifindelsespåstand.

Sagsøgte kan imidlertid selv gå i offensiven – typisk hvis kontrakten faktisk eksisterer og er blevet fremlagt – og eksempelvis påberåbe sig aftalelovens § 30, stk. 1, om svig som ugyldighedsgrund eller gøre gældende, at der er sket betaling. Dette indebærer ikke en bevisbyrde for sagsøgte, men er udtryk for et modbevis, idet sagsøgte kan tænkes (også) at støtte sin frifindelsespåstand på faktiske omstændigheder, der viser at sagsøgeren narrede sagsøgte til at underskrive. Sagsøgte kan også fremlægge en kvittering for betaling og dermed føre bevis for betaling.

Dette genopliver sagsøgerens bevisbyrde. Det er stadig sagsøgeren, der ønsker en ændret retsstilling, nemlig opfyldelse af et pengekrav. Sagsøgeren må derfor overveje, om det er tilstrækkeligt at bestride, at der foreligger svig eller betaling, eller om sagsøgeren nu skal løfte bevisbyrden for, at svigen ikke har indvirket på underskrivelsen af aftalen, jf. aftalelovens § 30, stk. 2, eller at betalingen skete til den forkerte modtager, eller at kvitteringen er falsk.

Se også eksemplet foran s. 21 om genuskøberen, der hæver på grund af mangler. Dette eksempel kunne udbygges med sælgerens modbevis ad kbl. §§ 47, 51, 52 og 54 om køberens undersøgelsespligt og reklamationspligt.

26

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/20/2025 09:41:48AM
via Kammeradvokaten

Dette fænomen, at en parts opfyldelse af sin bevisbyrde fremkalder et modbevis fra modparten, er velkendt, men er blevet beskrevet med de noget vildledende udtryk »subjektiv bevisbyrde« eller »falsk bevisbyrde«, jf. *Bang,* J 1998.397 og *Gomard og Kistrup* s. 564 f.

Dette forekommer ikke hensigtsmæssigt. Den part, der ikke vil andet end frifindes (bevare status quo), skal ikke løfte nogen bevisbyrde, men kan vælge at føre modbevis. Det er derfor ikke hensigtsmæssigt at tale om (subjektiv/falsk) bevisbyrde. Dette er ikke en bevisbyrde, men kan kaldes en modbevisbyrde, altså den bevisbyrde, der fremkaldes af kravfremsætterens opfyldelse af sin bevisbyrde), men modbevisbyrde er ikke en bevisbyrde, for formålet er stadig at opnå frifindelse.

Det må i øvrigt ikke overses, at der set med modpartens øjne er nært slægtskab mellem modpartens bevisbyrde ved delt bevisbyrde, hvor modparten skal afsvække en præsumption, og modbevis, hvor modparten skal godtgøre, at kravet alligevel ikke kan gennemføres, selv om bevisbyrden er løftet. Er der konkret tale om en formodning for culpa, sker der domfældelse, hvis skadevolderen ikke kan bevise, at der ikke var tale om culpa, men har skadelidte som udslag af sin bevisbyrde godtgjort culpa, sker der også domfældelse, medmindre modparten eksempelvis fører modbevis for egen skyld. Set med modpartens øjne er der i relation til resultatet ikke den store forskel på delt bevisbyrde og modbevis.

*Jerkø* (2017) s. 155 nævner i den forbindelse et særegent eksempel. Hvis en sagsøger støtter sin betalingspåstand på, at der er indgået en skriftlig kontrakt, og han fremlægger denne, har han principielt løftet sin bevisbyrde for aftalen. Men hvis sagsøgte afviser at have underskrevet kontrakten (altså fremsætter en falskindsigelse), er det noget uklart og vil ofte bero på en konkret vurdering, om sagsøgeren skal bevise, at sagsøgte har underskrevet, altså om sagsøgerens bevisbyrde også omfatter beviset for ægte underskrift, eller om sagsøgte, der påberåber sig ugyldighed, til støtte for denne indsigelse må føre modbevis for, at underskriften er falsk.

Ret beset er problemstillingen terminologisk og fremkaldt af, at den falske kontrakt kaldes ugyldig. Den falske kontrakt har ingen eksistens, og en bevisbyrde kan naturligvis ikke løftes ved hjælp af en falsk kontrakt. Derimod er det klart, at en ugyldighedsindsigelse skal bevises af den, der fremsætter indsigelsen

Modbevis omtales nærmere nedenfor i kap. 5.

27

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/20/2025 09:41:48AM
via Kammeradvokaten

I, the undersigned, Hossam Farooq Khawaja, certify that I am fluent in both the English and Danish languages and that the preceding text in the English language is to the best of my knowledge and belief a true and faithful translation of "The Burden of Proof in Civil Cases" (Bevisbyrden i Civile Sager), 1st edition (2020) by Erik Hørlyck in the Danish language.

Copenhagen, 22 January 2025

*Hossamfk*

Hossam Farooq Khawaja
Assistant Attorney

CHAPTER 6

# Evidence requirements and strength of evidence

## 6.1.  The free assessment of evidence - sufficient evidence

The burden of proof rules clarify which party is at fault if the facts are undisclosed or only partially disclosed. The burden of proof rules say nothing about how evidence can be presented, and thus nothing about how the burden of proof can be lifted.

To this end, the concepts of *standard of proof* and *strength of proof* have developed, which basically cover two different aspects. The standard of proof refers to the manner in which evidence can be presented, and the strength of evidence refers to the degree of probability (or certainty) required for the court to base its decision on the evidence.

In practice, however, the terms are used interchangeably, which is due to the fact that the presentation of evidence in Danish law is not formalized in such a way that only certain types of evidence can be accepted. Evidence can be presented in the ways listed on page 159, and each party is free to choose between e.g. witness evidence and documentary evidence. In the current view, there is also no basis for the scheme in DL 1-13-1, according to which witness evidence requires two concurring witness statements.

There are also no rules on whether one form of evidence takes precedence over another in case of conflict; it is the court's assessment (discretion) that is decisive.

The only type of evidence that is still partly subject to an official principle, insofar as the parties are not at liberty, is expert evidence, which must be given in accordance with the rules in Danish Administration of Justice Act ch.19 and §§ 341 a and 343, cf. *Hørlyck*: Syn og skøn p. 93-125

However, the court may exclude a desired evidence, cf. Danish Administration of Justice Act §§ 169-172 a on witness exemption, § 185 on evidence about the general credibility of a witness and § 341 on redundant evidence.

Since the presentation of evidence is not formalized, the term "standard of proof" is largely used synonymously with "strength of evidence" - this is also true in this presentation - and both terms thus denote how much is required for the court to be able to base its decision on a given fact.

163

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Chapter 6. Evidentiary requirements and strength of evidence*

In this respect, the phrase sufficient evidence or variations of this expression are frequently used, implying that the evidence required is the evidence that the court finds sufficient. This means, firstly, that there is no general requirement for the strength of evidence - and certainly not with a probability percentage, see below, chapter 6.2 - and secondly, that the strength of the individual evidence is determined by the court. For example, some witnesses are more credible than others.

See, for example, U 2007.2468 VLD, where it was determined in an industrial injury case that the injured party had not "provided such a degree of probability" that certain consequences were caused by the injury that the injured worker could succeed.

See also FED 2015.184 ØLD on whether an insurance-covered burglary had occurred. The policyholder was found to have "sufficiently substantiated" that this was the case.

The background for such formulations is the rule on *the free assessment of evidence*, Danish Administration of Justice Act § 344, paragraph 1:

"*On the basis of what has transpired during the proceedings and the evidence, the court shall determine the facts on which the judgment shall be based*."

Apart from the fact that the provision states that the court may only take into account what has emerged during the processing of the case , and not other information that the court may have, for example after reading the newspaper, the wording implies that the court is free to decide on the facts.

In dispositive cases, however, the modification must be made that the facts which the parties agree on must be assumed, cf. *Gomard and Kistrup* p. 553.

If the parties fail to provide evidence that the court considers necessary or at least relevant, the court may proceed in accordance with section 339 and ask questions to the parties about their position on the issues in the case, including the facts, and the court may under section 339(3) invite the parties to provide evidence by expert opinion or otherwise. However, the court has no obligation to apply section 339, and if there are circumstances that remain unresolved or unclarified, the court must apply burden of proof considerations: Which of the parties should have made sure to inform the case, so that the lack of information must go beyond this party. Conversely, the sufficiency of evidence makes it unnecessary to decide who should bear the burden of proof, cf. *Strandberg* pp. 301-07.

The law does not otherwise contain any regulation of the requirement for the strength of evidence or the degree of probability, but if a judgment is appealed, the appellate body can naturally assess the evidence differently. The rule on the free assessment of evidence, Danish Administration of Justice Act § 344 (1), also applies to the appeal body.

164

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

### 6.1. The free assessment of evidence - sufficient evidence

This does not mean that there is no regulation. In particular, there is much to suggest that the courts themselves can reduce or relax the burden of proof requirements on the basis of the same considerations may lead to reverse (shared) evidence. It is a very interesting perspective of this investigation that reverse (shared) evidence and relaxed burden of proof requirements (while maintaining the direct burden of proof) is to a significant extent an alternative that courts can apply. This topic is elaborated below in chapter 6.4.

Danish Administration of Justice Act § 344(1) does not mean at all that the parties' evidence and the court's assessment of the evidence is anarchy.

It is pointless to adduce evidence that the court cannot be expected to attach importance to, and it makes no sense if the court practices an assessment of evidence that the appellate body cannot be expected to agree with.

The individual court sovereignly assesses on the basis of the evidence that has taken place in the case what can be considered proven and therefore can be used as a basis for the judgment, but some guidelines can be derived from legal practice.

U 2015.2565 HD and U 2015.3331 HD contain the Supreme Court's guidance on how the free assessment of evidence should be practiced. The cases concerned advertising statements, including comparable advertising on the basis of section 3(3) of the then applicable Marketing Act (now the Marketing Act of 2017).

§ Section 13) and Section 5(2)(3) (now Section 21(2)(3) of the Marketing Practices Act 2017), both of which require that the statements "can be substantiated".

Of course, these documentation requirements do not relate to the assessment of evidence in a court case but to the trader's statements, but when presented to the courts, they will indirectly regulate the assessment of evidence.

The Supreme Court stated, among other things, in the first mentioned judgment on insulation materials:

"The Supreme Court finds that both the wording of sections 3(3) and 5(2) of the Danish Marketing Practices Act, the amendments to the two provisions and the underlying directives must be understood to mean that the documentation requirement cannot be met by simply substantiating the accuracy of a statement.

As stated in Article 12 of the Directive ... the specific requirements for proving the accuracy of an item of information vary according to the information in each individual case."

In U 2015.3331 HD on toothpaste, reference was made to the first judgment, and it also appears that the documentation requirement could be met even if there was no scientific evidence.

From this it can be deduced, firstly, that the strength of evidence and the burden of proof must support the substantive rule, and secondly, that a substantive requirement of "documentation" (= certainty) is not synonymous with probability.

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Chapter 6. Evidentiary requirements and strength of evidence*

This can also be deduced from U 2014.196 HD, which dealt with the legality of an injunction under Danish Administration of Justice Act § 642, which has now been replaced by § 413 on injunctions. In both versions, the condition for an injunction is that the infringement can be proven or made probable. These statutory provisions show that "proven" and "plausible" are two different concepts.

The case gave the Supreme Court occasion to make the following statement on the purely evidentiary aspect:

"*According to section 642(1) of the Danish Administration of Justice Act, which applies to the petitioner but not to the petitioner, the burden of proof that the conditions for an injunction are met rests on the petitioner. However, it is sufficient that the petitioner can make it probable that the conditions for an injunction have been met.*"

The Supreme Court emphasizes here that in order to lift the burden of proof (meet the strength of evidence requirement) for the justification of a prohibition, it is sufficient simply to make the facts probable when, as in Danish Administration of Justice Act § 642, there is a legal basis for it.

However, as mentioned in the introduction, numerous judgments emphasize that sufficient probability is sufficient if the court finds it, as this is the consequence of the free assessment of evidence, see further below, chapter 6.4.

As mentioned above on p. 119 f., section 20 of Act No. 995 of June 14, 2018 on access to complaints and compensation in health care contains the requirement of "overwhelming probability" for the proof of the causal link, and it appears from the regulations that this is a more modest strength of evidence requirement than that which otherwise applies in compensation cases (just over 50% probability is sufficient).

This suggests that there are at least three degrees of proof: Evidence/proof/certainty - preponderance of probability - probability.

But the logic is difficult, because if the generally applicable strength of evidence requirement is more stringent than highly probable, i.e. a strength of evidence approaching certainty, this is not in harmony with the many judgments according to which "sufficiently probable" is enough. And if "more likely than not" is only slightly more likely than probability, it becomes difficult to treat sufficiently likely as something less; is it then 45% likely?

In Danish law, it is hardly possible to get any closer than what was said at the beginning: the strength of evidence required is that which the court finds sufficient, and it can range from certainty or almost certainty to slightly more likely than unlikely. This must be the consequence of the fact that the only requirement for strength of evidence that Danish law has is section 344(1) of the Danish Administration of Justice Act on the free assessment of evidence.

166

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*6.2. Specifically about party and witness statements*

It must also be kept in mind that this is a concrete assessment that varies from case to , and as will be shown below in chapter 6.4, it is not uncommon that relaxed requirements are actually imposed, merely as a matter of probability. See also *Lindencrone and Werlauff* p. 303 and *Bo von Eyben and Helle Isager* p. 321-24.

U 2020.415 VLD is an example of a judgment where the standard of proof is something close to certainty, i.e. compensation/documentation. The case concerned the Danish Road Directorate's claim for repayment of compensation awarded by the Valuation Commission. The High Court stated, among other things:

"*The case concerns a review of the Tax Assessment Commission's decision, and the burden of proof that there is a firm basis for setting aside the decision rests with the Road Directorate.*"

It must be assumed that the wording "certain basis" is not intended to tighten the requirement for strength of evidence, but merely emphasizes that with the presumption implied by the valuation order, there was no basis for relaxing the requirement for strength of evidence.

The provisions that require a *written statement*, such as AB 18 §§ Sections 12(3), 13(3), 17(4), 7 and 8, 18(3), 19(8), 23(3), etc. should generally not be understood to mean that written form is a condition for validity, but in a similar way as presumption rules that entail a higher standard of proof if the formal requirement is not met.

## 6.2.  Specifically about party and witness statements

As mentioned, a decision on the burden of proof is only necessary when the case is not sufficiently informed. If the necessary information is available, the court can simply state what can be assumed.

Written evidence generally speaks for itself and therefore the burden of proof often revolves around oral testimony, which is usually decisive in compensation cases, breach of contract cases and other cases where there is insufficient written material, including of course cases where it is claimed that the written material has been derogated from or must be understood in a particular way.

From the parties' perspective, it is particularly *the questioning of witnesses* that can cause problems, including the assessment of which witnesses may be needed, given that the party cannot know in advance what the other party's witnesses will disclose and what their own witnesses should be confronted with.

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Chapter 6. Evidentiary requirements and strength of evidence*

## 6.4 Relaxed burden of proof requirement as an alternative to reverse burden of proof

As pointed out above (p. 166)more than mere probability is required to lift the burden of proof or, as far as the court is concerned, to  a fact. It has also been pointed out that in Danish law it is not possible to express the burden of proof requirement with verbal formulas or probability percentages.

It follows from section 344(1) of the Danish Administration of Justice Act on the free assessment of evidence that the court decides which facts can be used as a basis, and it is therefore also the court's decision whether these facts have been sufficiently proven.

The requirement to the strength of the evidence in Danish law is that there must be sufficient evidence (in the opinion of the court).

If there is sufficient information about the relevant facts, there is no need to consider the burden of proof, but if this is not the case, the case must be decided on the basis of an assessment of which party should bear the burden of proof, see *Strandberg* pp. 301-07.

The Administration of Justice Act contains nothing about the necessary or sufficient strength of evicence.

*Lindencrone and Werlauff* p. 303 say that more than 50% strength of evidence is necessary, but since it is not clear what the 50% is compared to, one does not learn much more, except that complete certainty is not necessary, cf. the above mentioned U 2015.3331 HD ("sufficiently documented ... notwithstanding the absence of actual scientific evidence"). And as mentioned, there is nothing in the Danish Administration of Justice Act about the strength of evidence.

In U 1999.1706 HD on whether a death was covered by insurance, the Supreme Court used the wording "proved beyond reasonable doubt" that the death was caused intentionally or by gross negligence, and a similar wording was used by the majority in U 2000.197 HD, which similarly dealt with whether an accident was an induced insurance event.

The phrase "proven beyond reasonable doubt" is linguistically less absolute certainty, but more than probability.

As far as can be seen, the Supreme Court has not used the expression "beyond reasonable doubt" since these almost simultaneous judgments, but in judgments on vaccination and patient insurance legislation, the Supreme Court has used the formula "highly probable" or "most probable", which is a greater degree of probability than probable.

See U 2005.2151 HD on possible liability under the previously applicable Vaccination Compensation Act, according to which the causal link had to be established "with reasonable probability".

174

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*6.4 Relaxed burden of proof requirement as an alternative to reverse burden of proof*

The High Court stated with later confirmation by the Supreme Court:

"In deciding the case, the High Court has held that the term "reasonable probability"
... is to be understood as relaxing the usual requirements for proof causation in a damages case, but that there must be an overwhelming probability (more than 50%) that the injury was caused by the vaccination."

*Bo von Eyben and Helle Isager* p. 323 take this statement to mean that the usual requirement of proof is stricter than highly probable.

As mentioned above in chapter 4.4.2, the current patient insurance scheme is based on the fact that a patient is entitled to compensation, regardless of fault, if the injury is "with a high probability caused" in one of four listed ways. According to the preparatory works, this is an easing of the standard of proof compared to the standard of proof required in compensation cases in general, as in patient cases it only has to be minimally more likely that the injury was caused by the treatment compared to other causes, especially the underlying disease that made the treatment necessary.

However, the Act on Access to Complaints and Compensation in Health Care, which in this respect is identical to the Patient Insurance Act, supports that the courts are authorized in special cases to relax the general evidence requirement - regardless of how this is formulated - which also follows from Danish Administration of Justice Act § Section 344(1) on the free assessment of evidence, which is precisely the opposite of a fixed minimum strength of evidence.

This point of view is very interesting because it implies that a relaxed burden of proof requirement can be an alternative to reversing the burden of proof. The claimant does not escape the burden of proof, but it does not take much to lift it. Relaxing the burden of proof requirement is less far-reaching than shifting the burden of proof. This theme has been touched on several times in chapter 4.2 and chapter 4.4.

U 2018.3093 HD dealt with a claim for compensation for loss of income as a result of delayed diagnosis under the Act on Access to Complaints and Compensation in the Health Care System. According to the Act, the condition for compensation is that the injury
"in all probability" could have been avoided if an experienced specialist had acted differently. The Supreme Court found it "most likely (over 50%)" that the person in question would have died even if the diagnosis  been made in time and did not accept the claim for compensation.

Two High Court rulings, U 2012.1406 ØLD and U 2019.1316 VLD, use the phrases "to a predominant degree" and "not with a high probability".

As mentioned several times, the starting point - the general burden of proof rule - is that the party who wants a changed legal position, the claimant, must lift the burden of proof that the conditions are met, see above chapter 4.1.

175

Erik Hørlyck - 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Chapter 6. Evidentiary requirements and strength of evidence*

However, the circumstances discussed above in chapter 4, which can form the basis for a reversed (shared) burden of proof, can also form the basis for a relaxation of required strength of the evidence. Several of the above-mentioned judgments can be interpreted as both a relaxation of requirement of the strength of the evidence and as an outcome of the reversal of the burden of proof.

Instead of placing the burden of proof on the other party, the tortfeasor, to prove that the conditions for the claim have not been met, it may be possible to relax the burden of proof requirements for the claimant. In terms of wording, this can be linked to relaxed burden of proof.

U 2019.3916 HD and U 2020.118 HD, both concerning delayed cancer diagnoses, where the question of proof was whether the delay had caused death. The question was whether it was highly probable that the death was caused by the delay, cf. section 21(1), cf. section 21(1) of the Danish Civil Code.
§ Section 20(1)(1) of the Act on Access to Complaints and Compensation in the Healthcare Sector. According to the preparatory works, the burden of proof may be relaxed if there has clearly a mistake under the general compensation rules, but the former judgment suggests a reversed burden of proof (presumption of causality), whereas the latter maintains the claimant's burden of proof, but with lower requirements for strength of evidence.

It is the inevitable consequence of Danish Administration of Justice Act § 344, paragraph 1, on the free assessment of evidence that the court itself decides what can be considered proven, and thus the requirement for strength of evidence.

The court thus has several options and, as has occasionally been pointed out above, it is sometimes difficult to see whether the court is reversing the burden of proof or simply relaxing the claimant's burden of proof.

Relaxed evidentiary requirements - possibly instead of reversing the burden of proof - particularly relevant in cases of gross negligence and where a consumer or "the little guy" is involved.

See U 2000.2176 HD, where a bank had issued an "obviously incorrect" stock exchange announcement, which a shareholder, whose shares had become worthless, claimed had meant that he had not sold the shares in due time. The bank was held liable because the bank "had not established" that the shareholder would not have sold the shares anyway if the stock exchange announcement had been correct.

The judgment is atypical because it combines a reversal of the burden of proof with a low standard of proof (presumed is not much) for the liable tortfeasor who should bear the burden of proof.

In U 2001.72 HD, two fishing cutters had grossly disregarded the rules of good seamanship when fishing within the safety zone in relation to an oil pipeline that had been damaged. The question in the case was whether the cutters had caused the

176

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*6.4 Relaxed burden of proof requirement as an alternative to reverse burden of proof*

the damage. The Supreme Court upheld the High Court's judgment, which ruled that the requirement for the wire owner to prove the causal connection was "relaxed".

U 2002.1496 HD was about pub violence where a guest had hit the host with a fist, causing him to fall and hit his head against a freezer. The same evening, the host suffered a brain hemorrhage. The majority of the Supreme Court stated that "in such a case, it must be considered sufficient to establish causation that it must be considered more likely that the brain injury would not have occurred without [the guest's] violence than that the brain injury would have occurred even without [the guest's] violence".

These premises are about direct burden of proof for the injured party, but with such a modest burden of proof that it would probably have led to the same result to state the reverse burden of proof, namely that the causal connection could be assumed, which was also the result. The majority's premises do not concern the blow to the freezer, which was a consequence of the violence, but that the injured party was predisposed to brain hemorrhage for general reasons.

That it - regardless of the verdict - is not the same to establish a reversal of the burden of proof as to maintain the injured party's burden of proof, but with a very specific strength of proof requirement, is evident from the minority vote, which was to acquit on the grounds that "regardless of the temporal circumstances - it is not sufficiently probable that the violence exerted has caused the brain damage".

The judgment thus shows that there is a third way between direct and reverse burden of proof, namely direct burden of proof with relaxed/modest evidentiary requirements.

This view is confirmed by U 2017.959 HD, which deals with a landlord's claim for damages against the tenant who had changed a shop into a restaurant without rebuilding. The Supreme Court stated, among other things:

"*It is the landlord who has the burden of proof that a loss has been suffered and for the size of the loss. The Supreme Court finds that in the specific situation there is a basis for easing this burden of proof because the tenant's breach must be characterized as gross.*"

This premise is an expression of direct burden of proof with modest evidentiary requirements in circumstances (gross breach) where reverse burden of proof could also be indicated.

Also U 2011.1019 HD on the previously applicable Patient Insurance Act may be of interest. The Supreme Court stated, among other things:

"*The burden of proof is on the injured party to prove that a causal link exists. According to the legislative history, the requirements for proof may be relaxed in doubtful cases if an error has clearly been made that is*

177

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Chapter 6. Evidentiary requirements and strength of evidence*

*liable under general tort law and which may have caused the damage.*"

However, as pointed out above in chapter 4.4.2, further case law on the patient insurance scheme implies that in the situation described (clear error) the burden of proof is reversed.

Relaxed evidentiary requirements based on resource considerations - one must presumably assume - can be seen, for example, in U 2002.646 ØLK on whether the termination of a lease was averted by payment. It was up to the tenant to "presume" - which is a relaxed requirement - that the payment had been made before the termination letter had arrived. However, it is not clear from the ruling where this modest burden of proof was sufficient.

A similar decision is U 2010.2740 VLD about an electricity meter that showed excessive consumption. The parties that there was no fault with the meter. The High Court stated: "Against this background, it is [the consumer] who must document or make it probable that the invoiced consumption does not correspond to the actual consumption." It is interesting to note that a mere statement of probability, which is not further substantiated, was sufficient.

U 2017.2199 HD was also about an electricity meter that had shown excessive consumption, but without errors being detected. The Supreme Court acquitted the consumer, who had "sufficiently substantiated that the actual consumption did not correspond to what the electricity meter showed".

In FED 2016.118 VLD, the issue was whether a lawyer was liable to pay damages to a former client for wrongly advising that compensation for lost earnings should not be claimed. The High Court found that the injured party had the burden of proof, but had made the basis for liability probable, so a similar low level of proof.

It is actually somewhat surprising that this relatively modest strength of evidence, "plausibility", is also regularly used in cases concerning taxpayers' right to deduct. In these cases, it is undoubtedly that the taxpayer must bear the burden of proof, but not much is required, cf. U 2000.329 HD, U 2011.2253 HD and U 2015.1179 VLD.

Previously mentioned is Danish Administration of Justice Act § 413, according to which an injunction requires documentation or substantiation of the infringement, cf. U 2014.196 HD, which clarified that "substantiation" is an expression of a reduction of evidence.

However, it is also the case that the grounds for judgment seem to set stricter evidentiary requirements ("heavy burden of proof", "heightened burden of proof" or similar). This is probably an expression of the fact that under the circumstances there was no basis for relaxing the burden of proof requirement.

178

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*6.4 Relaxed burden of proof requirement as an alternative to reverse burden of proof*

Several decisions are about *omitted or inadequate evidence*. However, there is no basis for concluding that more than documentation/compensation is required, as the wording merely seems to emphasize that there is in any case no basis for relaxing the usual evidence requirements.

See U 1997.949 VLD, where a dispute had arisen between an insurance company and its policyholder about the size of the deductible. As the company could not produce a copy of the insurance agreement/policy, an "extra heavy" burden of proof had to be placed on the company. It should not be detrimental to the policyholder that he could not produce a copy either.

In U 2000.298 HD, a salaried employee had been dismissed with accusations of embezzlement, but the employer had refused to disclose the details  the case. This entailed "an extremely heavy" burden of proof for the justification of the dismissal.

This category probably also includes U 2001.1709 HD, where a charged a landowner the costs of cleaning up pollution. The cleanup was carried out by the municipality as a self-help action without an order to the landowner. This resulted in a "heightened burden of proof" that the costs could not have been limited if an injunction had been issued.

Finally, see U 2003.2425 VLD on the confiscation of German and Japanese property just after the liberation. A German-owned estate had been confiscated, and the state claimed more than 55 years later that the confiscation included a valuable painting that had hung in the estate manager's home and had been sold by his heirs. Especially since the inventory lists prepared at the time were not produced, it should be possible to establish with certainty what had been included in the confiscation if the state's claim was to be upheld. This strict burden of proof was not met.

When *expert decisions* are brought before the courts, it is occasionally, but by no means always, stated that overruling requires a specific evidential basis ("a sure foundation").

See U 2012.2649 HD on a decision from the Patent Appeals Board on utility model registration, U 2017.3081 HD on the Danish National Social Appeals Board's refusal of early retirement pension and U 2017.3354 HD and U 2018.3205 HD on the valuation authority's assessment of loss of value after installation of wind turbines.

Several decisions tighten the requirement for the strength of evidence when a party who must bear the burden of proof argues for *an improbable or implausible point of view*; a way of thinking that, as shown above in chapter 4.6.4, often leads to a reversal of the burden of proof when it occurs with the party who does not initially have the burden of proof.

179

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Chapter 6. Evidentiary requirements and strength of evidence*

See U 1999.1587 HD on payment of undue trade debt just before a suspension of payments. Such a payment is *voidable* under the Bankruptcy Act § 67 if the bankruptcy estate can meet the burden of proof, but the beneficiary can avoid avoidance if it is proved "that the payment ... under the circumstances appeared to be ordinary". This burden of proof was not met. However, the debt fell due before the due date, and the majority of the Supreme Court stated, among other things, that it was "required that the beneficiary establishes that the claim with a considerable degree of certainty would have been paid at the normal payment time".

This is a very interesting consideration based on the fact that the claim for avoidance is a claim for enrichment, cf. section 75 of the Bankruptcy Act, combined with the fact that the claim was actually due before the suspension of payments. Normally, one would probably say that it is unreliable to claim that payment of undue debts appears ordinary - hence the strict requirement for proof - but in this case it was different, as the bankrupt actually to a significant extent paid his debt when due, despite the suspension of payments. Therefore, there was no avoidance.

It was mentioned above that *taxpayers* who have to meet the burden of proof for deductions are generally required to provide modest evidence. The situation is completely different when taxpayers make up fanciful stories.

See U 2001.2481 HD about a plumbing company that had sold two rental properties after 25 years of ownership, and the question was whether it should be subject to business taxation. When building the properties, the company had traded in real estate, and as the company had not provided "the very certain proof" required, the profit was taxed as ordinary income.

U 2006.1058 HD was about whether an amount booked in an intercompany account as dividend from a subsidiary to a parent company was taxable. The High Court found that, due to the shared interest, the parent company had a "strict" burden of proof that it was not a distribution. The Supreme Court did not comment on the burden of proof.

In the same direction is U 2007.2329 HD about a company that was engaged in hedging agricultural products and wanted to deduct a large management fee. As the parties were related parties, a "heightened burden of proof" had to be met.

And see also U 2009.2325 HD about an alleged debt relationship between father and son. Here, too, the requirement was fulfillment of a heightened burden of proof.

See U 2011.2380 HD, where the seller of a partially completed property on rented land had to prove as a tenant that he had taken the property into

180

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*6.4 Relaxed burden of proof requirement as an alternative to reverse burden of proof*

use as a condition for building depreciation rights. Here too, the requirement was a heightened burden of proof.

U 2015.676 ØLD is on a completely different track. A municipality claimed that by customary law a right of way had arisen over a plot of land. The High Court stated, among other things:

> "*Considering that it is generally assumed that a right of way for the benefit of all and sundry cannot be enforced by common use (allemandshævd), strict requirements must be imposed on any legal custom*."

It's not easy to get a point of view that differs from the common perception.

Finally, U 2018.2917 VLD on a power of attorney for a deceased brother who transferred significant amounts to himself and another brother. Unsurprisingly, the High Court found that "certain proof" was required to establish that this had been covered by powers of attorney

181

Erik Hørlyck – 9788771984415
Download from Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

KAPITEL 6

# Beviskrav og bevisstyrke

## 6.1. Den frie bevisbedømmelse – tilstrækkeligt bevis

Bevisbyrdereglerne afklarer, hvilken part det går ud over, såfremt de faktiske forhold er uoplyste eller kun delvis oplyste. Bevisbyrdereglerne siger intet om, hvorledes beviser kan føres, og dermed heller intet om, hvorledes bevisbyrden kan løftes.

Med henblik herpå har der udviklet sig begrebsdannelserne *beviskrav* og *bevisstyrke*, der principielt dækker over to forskellige forhold. Beviskrav refererer til, på hvilken måde et bevis kan føres, og bevisstyrke til, hvor stor grad af sandsynlighed (eller vished) der er nødvendig, for at retten kan lægge det fremkomne til grund for afgørelsen.

I praksis, herunder i domspræmisserne, anvendes udtrykkene imidlertid i flæng, hvilket hænger sammen med, at bevisførelsen i dansk ret ikke er formaliseret på den måde, at kun bestemte bevistyper kan godtages. Bevis kan føres på de måder, der er oplistet foran s. 159, og der er for den enkelte part valgfrihed mellem f.eks. vidnebevis og dokumentbevis. Efter nutidig opfattelse er der heller intet grundlag for ordningen i DL 1-13-1, hvorefter et vidnebevis kræver to samstemmende vidneforklaringer.

Der findes heller ikke regler om, hvorvidt en form for bevis går forud for en anden i tilfælde af modstrid; det er rettens vurdering (skøn), der er afgørende.

Den eneste bevisart, der stadig delvis er underkastet et officialprincip, for så vidt som parterne ikke er frit stillet, er sagkyndig bevisførelse, der skal ske i overensstemmelse med reglerne i rpl kap.19 og §§ 341 a og 343, jf. nærmere *Hørlyck*: Syn og skøn s. 93-125.

Retten kan dog afskære en ønsket bevisførelse, jf. rpl §§ 169-172 a om vidnefritagelse, § 185 om bevisførelse om et vidnes almindelige troværdighed og § 341 om overflødig bevisførelse.

I og med at bevisførelsen således i alt væsentligt ikke er formaliseret, anvendes udtrykket beviskrav stort set synonymt med bevisstyrke – det gælder også i nærværende fremstilling – og begge udtryk betegner således, hvor meget der skal til, for at retten kan lægge et givet faktum til grund for afgørelse.

163

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Kapitel 6. Beviskrav og bevisstyrke*

I så henseende anvendes jævnligt formuleringen et tilstrækkeligt bevis eller variationer over dette udtryk, der indebærer, at det bevis, der skal til, er det bevis, retten finder tilstrækkeligt. Heri ligger for det første, at der ikke kan opstilles et generelt bevisstyrkekrav – og slet ikke med en sandsynlighedsprocent, jf. nærmere nedenfor kap. 6.2 – og for det andet, at styrken af det enkelte bevis afgøres af retten. Nogle vidner er f.eks. mere troværdige end andre.

Se således eksempelvis U 2007.2468 VLD, hvor det i en arbejdsskadesag blev fastslået, at skadelidte ikke havde »tilvejebragt en sådan grad af sandsynlighed for«, at visse følger var forårsaget af skaden, at den skadelidte arbejdstager kunne få medhold.

Se også FED 2015.184 ØLD om, hvorvidt der var sket et forsikringsdækket indbrud. Forsikringstageren fandtes »i tilstrækkelig grad at have sandsynliggjort«, at det var tilfældet.

Baggrunden for sådanne formuleringer er reglen om *den frie bevisbedømmelse*, rpl § 344, stk. 1:

»På grundlag af det, der er passeret under forhandlingerne og bevisførelsen, afgør retten, hvilke faktiske omstændigheder der skal lægges til grund for sagens pådømmelse.«

Bortset fra, at bestemmelsen fastslår, at retten kun må tage det i betragtning, der er fremkommet under sagens behandling, og ikke andre oplysninger, som retten måtte ligge inde med, f.eks. efter avislæsning, indebærer formuleringen, at retten frit tager stilling til de faktiske forhold.

I dispositive sager må dog gøres den modifikation, at det faktum, parterne måtte være enige om, skal lægges til grund, jf. *Gomard og Kistrup* s. 553.

Undlader parterne en bevisførelse, som efter rettens opfattelse er nødvendig eller i hvert fald relevant, kan retten gå frem efter rpl § 339 og stille spørgsmål til parterne om deres stillingtagen til sagens problemstillinger, herunder de faktiske forhold, og retten kan efter § 339, stk. 3, opfordre parterne til at føre bevis ved syn og skøn eller på anden måde. Retten har dog ingen pligt til at anvende § 339, og er der omstændigheder, der henstår uafklaret eller uoplyst, må retten anvende bevisbyrdebetragtninger: Hvem af parterne burde have sørget for at oplyse sagen, således at de manglende oplysninger skal gå ud over denne part. Omvendt overflødiggør det tilstrækkelige bevis en stillingtagen til, hvem der skal løfte bevisbyrden, jf. *Strandberg* s. 301-07.

Loven indeholder i øvrigt ingen regulering af kravet til bevisstyrken eller graden af sandsynlighed, men hvis en dom ankes, kan ankeinstansen naturligvis bedømme beviserne anderledes. Reglen om den frie bevisbedømmelse, rpl § 344, stk. 1, gælder også for ankeinstansen.

164

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*6.1. Den frie bevisbedømmelse – tilstrækkeligt bevis*

Dette betyder ikke, at der ikke er nogen regulering. Der er navnlig meget, der tyder på, at domstolene selv på grundlag af de samme betragtninger, som kan føre til omvendt (delt) bevisførelse, kan reducere eller lempe kravet til bevisstyrke. Det er et meget interessant perspektiv ved nærværende undersøgelse, at omvendt (delt) bevisførelse og lempede bevisstyrkekrav (med bibeholdelse af den direkte bevisbyrde) i væsentlig grad er et alternativ, domstolene kan anvende. Dette tema uddybes nedenfor i kap. 6.4.

Rpl § 344, stk. 1, betyder i det hele taget ikke, at parternes bevisførelse og rettens bevisbedømmelsen er udtryk for anarki.

Det er formålsløst at føre beviser, som retten ikke kan forventes at tillægge betydning, og det savner mening, hvis retten praktiserer en bevisbedømmelse, som ankeinstansen ikke kan forventes at ville tiltræde.

Den enkelte domstol vurderer suverænt på grundlag af den bevisførelse, der har fundet sted i sagen, hvad der kan anses for bevist og derfor kan lægges til grund for dommen, men nogle anvisninger kan dog udledes af retspraksis.

U 2015.2565 HD og U 2015.3331 HD indeholder Højesterets anvisning på, hvorledes den frie bevisbedømmelse bør praktiseres. Sagerne drejede sig om reklameudsagn, herunder sammenlignelig reklame på grundlag af den dagældende markedsføringslovs § 3, stk. 3 (nu markedsføringsloven af 2017 § 13) og § 5, stk. 2, nr. 3 (nu markedsføringsloven af 2017 § 21, stk. 2, nr. 3), der begge kræver, at udsagnene »kan dokumenteres«.

Disse dokumentationskrav drejer sig naturligvis ikke om bevisbedømmelsen i en retssag, men om den erhvervsdrivendes udsagn, men når disse forelægges domstolene, kommer de indirekte til at regulere bevisbedømmelsen.

Højesteret udtalte bl.a. i den førstnævnte dom om isoleringsmaterialer:

»Højesteret finder, at både ordlyden af markedsføringslovens § 3, stk. 3, og § 5, stk. 2, forarbejderne til de to bestemmelser samt de bagvedliggende direktiver må forstås således, at dokumentationskravet ikke kan opfyldes ved blot at sandsynliggøre rigtigheden af en oplysning.

Som anført i artikel 12 i direktivet … varierer de konkrete krav, der stilles med hensyn til dokumentationen for en oplysnings rigtighed, under hensyn til oplysningerne i det enkelte tilfælde.«

I U 2015.3331 HD om tandpasta henvistes til den førstnævnte dom, og det fremgår i øvrigt, at dokumentationskravet kunne opfyldes, selv om det ikke forelå et videnskabeligt bevis.

Heraf kan udledes for det første, at bevisstyrken ligesom bevisbyrden skal understøtte den materielle regel, og for det andet, at et materielt krav om »dokumentation« (= vished) ikke er ensbetydende med sandsynlighed.

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Kapitel 6. Beviskrav og bevisstyrke*

Dette kan også udledes af U 2014.196 HD, der drejede sig om lovligheden af et fogedforbud i henhold til rpl § 642, der nu er erstattet af § 413 om forbud. I begge versioner er betingelsen for forbud, at krænkelsen kan godtgøres eller sandsynliggøres. Disse lovbestemmelser viser, at »godtgøres« og »sandsynliggøres« er to forskellige begreber.

Sagen gav Højesteret anledning til bl.a. følgende udtalelse om det rent bevisretlige aspekt:

*»Efter retsplejelovens § 642, stk. 1, der gælder for rekvirenten, men ikke for rekvisitus, påhviler bevisbyrden for, at betingelserne for at nedlægge fogedforbud er opfyldt, rekvirenten. Det er imidlertid tilstrækkeligt, at rekvirenten kan sandsynliggøre, at betingelserne for at nedlægge fogedforbud er opfyldt.«*

Højesteret understreger her, at for at løfte bevisbyrden (opfylde bevisstyrkekravet) for berettigelsen af et forbud er det tilstrækkeligt blot at sandsynliggøre de faktiske forhold, når der som i rpl § 642 er hjemmel til det.

Men som indledningsvis nævnt understreger mangfoldige domme, at tilstrækkelig sandsynlighed er tilstrækkeligt, hvis retten finder det, idet dette er følgen af den frie bevisbedømmelse, jf. i øvrigt nærmere nedenfor kap. 6.4.

Som omtalt foran s. 119 f. indeholder lovbekg. nr. 995 af 14. juni 2018 om klage- og erstatningsadgang inden for sundhedsvæsenet § 20 kravet »overvejende sandsynlighed« til beviset for årsagsforbindelsen, og det fremgår af forarbejderne, at dette er et mere beskedent bevisstyrkekrav end det, der ellers gælder i erstatningssager (blot lidt mere end 50 % sandsynlighed er tilstrækkeligt).

Der er således noget, der tyder på, at der i hvert fald er tre bevisstyrkegrader: Dokumentation/godtgørelse/vished – overvejende sandsynliggørelse – sandsynliggørelse.

Men det kniber med logikken, for hvis det almindeligt gældende bevisstyrkekrav er strengere end overvejende sandsynligt, det vil sige en bevisstyrke, der nærmer sig vished, harmonerer dette ikke med de mange domme, hvorefter »tilstrækkelig sandsynligt« er nok. Og hvis »overvejende sandsynligt« kun er en lille smule mere sandsynligt end 50 % sandsynlighed, bliver det vanskeligt at håndtere tilstrækkelig sandsynligt som noget mindre; er det så 45 % sandsynligt?

Man kan næppe i dansk ret komme det nærmere end det indledningsvis sagte: der kræves den bevisstyrke, som retten finder tilstrækkelig, og den kan gå fra vished eller næsten vished til lidt mere sandsynligt end usandsynligt. Dette må være konsekvensen af, at det eneste bevisstyrkekrav, dansk ret har, er rpl § 344, stk. 1, om den frie bevisbedømmelse.

166

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*6.2. Særligt om parts- og vidneforklaringer*

Det må også fortsat holdes for øje, at der er tale om en konkret vurdering, der varierer fra tilfælde til tilfælde, og som det vil fremgå nedenfor i kap. 6.4, forekommer det ikke sjældent, at der faktisk stilles lempede krav, blot svarende til en sandsynliggørelse. Se i øvrigt *Lindencrone og Werlauff* s. 303 og *Bo von Eyben og Helle Isager* s. 321-24.

U 2020.415 VLD er et eksempel på en dom, hvor bevisstyrkekravet er noget nær vished, altså godtgørelse/dokumentation. Sagen drejede sig om Vejdirektoratets krav om tilbagebetaling af en erstatning tilkendt af taksationskommissionen. Landsretten udtalte bl.a.:

»*Sagen angår en prøvelse af Taksationskommissionens afgørelse, og bevisbyrden for, at der er et sikkert grundlag for at tilsidesætte afgørelsen, påhviler Vejdirektoratet.*«

Det må formodes at formuleringen »sikkert grundlag« ikke tilsigter at skærpe kravet til bevisstyrke, men blot understreger, at med den præsumption, som taksationskendelsen indebærer, var der ikke grundlag for at lempe bevisstyrkekravet.

De bestemmelser, der kræver en *skriftlig tilkendegivelse*, såsom AB 18 §§ 12, stk. 3, 13, stk. 3, 17, stk. 4, 7 og 8, 18, stk. 3, 19, stk. 8, 23, stk. 3 mv., skal i reglen ikke forstås således, at skriftlighed er en gyldighedsbetingelse, men på tilsvarende måde som præsumptionsregler, der indebærer et skærpet bevisstyrkekrav, såfremt formkravet ikke er overholdt.

## 6.2.  Særligt om parts- og vidneforklaringer

Som det er berørt, er der kun behov for en stillingtagen til bevisbyrden, når sagen ikke er tilstrækkelig oplyst. Er der de nødvendige oplysninger, kan retten nøjes med at konstatere, hvad der kan lægges til grund.

Skriftlige beviser taler som udgangspunkt for sig selv, og derfor drejer bevisbyrdebestræbelser sig ofte om de mundtlige forklaringer, som i reglen er afgørende i erstatningssager, misligholdelsessager og andre sager, hvor der ikke er et tilstrækkeligt skriftligt materiale, herunder naturligvis også sager, hvor det gøres gældende, at det skriftlige materiale er fraveget eller skal forstås på en særlig måde.

Set med parternes øjne er det navnlig *vidneafhøringerne*, der kan give problemer, herunder vurderingen af, hvilke vidner der kan være behov for henset til, at parten ikke på forhånd kan have en sikker viden om, hvad modpartens vidner vil oplyse, og som egne vidner bør konfronteres med.

167

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Kapitel 6. Beviskrav og bevisstyrke*

## 6.4. Lempet bevisstyrkekrav som alternativ til omvendt bevisbyrde

Som påpeget i det foregående (s. 166) skal der som udgangspunkt mere end blot sandsynliggørelse til at løfte en bevisbyrde eller for rettens vedkommende til at kunne lægge et faktum til grund. Det er også blevet påpeget, at det i dansk ret ikke er muligt at udtrykke bevisstyrkekravet med verbale formuleringer eller sandsynlighedsprocenter.

Det følger nemlig af rpl § 344, stk. 1, om den frie bevisbedømmelse, at retten bestemmer, hvilket faktum der kan lægges til grund, og det er derfor også rettens afgørelse, om dette faktum i tilstrækkelig grad er godtgjort.

Bevisstyrkekravet i dansk er er, at der skal foreligge et (efter rettens opfattelse) tilstrækkeligt bevis.

Er der i tilstrækkelig grad tilvejebragt oplysninger om de relevante faktiske forhold, er der ikke brug for bevisbyrdeovervejelser, men er det ikke tilfældet, må sagen afgøres på grundlag af en vurdering af, hvilken part der skulle løfte bevisbyrden, jf. *Strandberg* s. 301-07.

Retsplejeloven indeholder intet om, hvilken bevisstyrke der er nødvendig eller tilstrækkelig.

*Lindencrone og Werlauff* s. 303 siger, at mere end 50 % bevisstyrke er nødvendig, men da det ikke fremgår, hvad de 50 % sættes i forhold til, bliver man ikke meget klogere, ud over at fuldstændig vished ikke er nødvendig, jf. den foran nævnte U 2015.3331 HD (»tilstrækkeligt dokumenteret ... uanset at der ikke foreligger et egentligt videnskabeligt bevis«). Og som nævnt står der intet i retsplejeloven om bevisstyrken.

I U 1999.1706 HD om, hvorvidt et dødsfald var dækket af en ulykkesforsikring, anvendte Højesteret formuleringen »godtgjort ud over enhver rimelig tvivl«, at døden var fremkaldt forsætligt eller ved grov uagtsomhed, og en tilsvarende formulering blev anvendt af flertallet i U 2000.197 HD, der ligeledes drejede sig om, hvorvidt en ulykke var en fremkaldt forsikringsbegivenhed.

Udtrykket »godtgjort ud over enhver rimelig tvivl« er sprogligt mindre en fuldstændig vished, men dog mere end sandsynliggørelse.

Så vidt ses har Højesteret ikke siden disse næsten samtidige domme anvendt udtrykket »ud over enhver rimelig tvivl«, men derimod har Højesteret i domme om vaccinations- og patientforsikringslovgivningen anvendt formuleringen »overvejende sandsynligt« eller »mest sandsynligt«, hvilket er en større grad af sandsynlighed end sandsynligt.

Se herved U 2005.2151 HD om muligt erstatningsansvar efter den tidligere gældende vaccinationserstatningslov, hvorefter årsagssammenhængen skulle være godtgjort »med rimelig sandsynlighed«.

174

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*6.4. Lempet bevisstyrkekrav som alternativ til omvendt bevisbyrde*

Landsretten udtalte med senere stadfæstelse af Højesteret:

»Landsretten har ved sagens afgørelse lagt til grund, at udtrykket »rimelig sandsynlighed« ... skal forstås således, at det indeholder en lempelse af de sædvanlige krav til beviset for årsagssammenhæng i en erstatningssag, men at der skal være en overvejende sandsynlighed (mere end 50 %) for, at skaden er forvoldt af vaccinationen.«

*Bo von Eyben og Helle Isager* s. 323 tager dette udsagn til indtægt for, at det sædvanlige beviskrav er strengere end overvejende sandsynligt.

Som omtalt foran i kap. 4.4.2 bygger den nugældende patientforsikrings-ordning på, at en patient er berettiget til erstatning, uanset om der foreligger culpa, såfremt skaden »med overvejende sandsynlighed er forvoldt« på en af fire anførte måder. Dette er i henhold til forarbejderne udtryk for en bevis-lempelse i forhold til bevisstyrkekravet i erstatningssager i almindelighed, idet det i patientsagerne blot skal være minimalt mere sandsynligt, at skaden er forårsaget af behandlingen, sammenlignet med andre årsager, navnlig den grundsygdom, der gjorde behandlingen nødvendig.

Loven om klage- og erstatningsadgang inden for sundhedsvæsenet, der i så henseende er identisk med patientforsikringsloven, støtter imidlertid, at domstolene har hjemmel til i særlige tilfælde at lempe det almindelige bevis-styrkekrav – uanset hvorledes dette formuleres – hvilket da også følger af rpl § 344, stk. 1, om den frie bevisbedømmelse, der netop er det modsatte af en fast formuleret mindste bevisstyrke.

Denne synsvinkel er meget interessant, fordi den indebærer, at et lempet bevisstyrkekrav kan være et alternativ til omvendt bevisbyrde. Kravfremsæt-teren slipper ikke for at løfte bevisbyrden, men der skal ikke meget til at løfte denne. Det er mindre vidtgående at lempe bevisstyrkekravet end at flytte be-visbyrden. Dette tema er flere gange berørt foran i kap. 4.2 og kap. 4.4.

U 2018.3093 HD drejede sig om et erstatningskrav for forsørgertab som følge af for sen diagnosticering efter lov om klage- og erstatningsadgang in-den for sundhedsvæsenet. Erstatningsbetingelsen er efter loven, at skaden »med overvejende sandsynlighed« kunne være undgået, hvis en erfaren spe-cialist havde handlet anderledes. Højesteret fandt det »mest sandsynligt (over 50 %)«, at den pågældende ville være død også selv om diagnosticeringen var sket rettidigt og tog ikke erstatningskravet til følge.

To landsretsdomme, U 2012.1406 ØLD og U 2019.1316 VLD, anvender formuleringerne »i overvejende grad« og »ikke med overvejende sandsynlig-hed«.

Som omtalt flere gange er udgangspunktet – den almindelige bevisbyrde-regel – at den part, der ønsker en ændret retsstilling, kravfremsætteren, skal løfte bevisbyrden for, at betingelserne er opfyldt, jf. foran kap. 4.1. De om-

175

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Kapitel 6. Beviskrav og bevisstyrke*

stændigheder, der er gennemgået foran i kap. 4, som kan danne grundlag for
omvendt (delt) bevisbyrde, kan imidlertid også danne grundlag for en lempel-
se af bevisstyrkekravet. Flere af de omtalte domme kan både fortolkes som
udslag af lempet bevisstyrke og som udslag af omvendt bevisbyrde.

I stedet for at pålægge modparten, sagvolderen, at bevise, at betingelserne
for kravet ikke er opfyldt, kan det komme på tale at lempe bevisstyrkekravene
til kravfremsætterens bevisbyrde. Dette kan formuleringsmæssigt kædes
sammen, således at der tales om en lempet bevisbyrde.

U 2019.3916 HD og U 2020.118 HD, der begge handlede om forsinkede
kræftdiagnoser, hvor bevisspørgsmålet var, om forsinkelsen havde forårsaget
dødsfald. Spørgsmålet var, om det med overvejende sandsynlighed kunne
lægges til grund, at dødsfaldet var forårsaget af forsinkelsen, jf. § 21, stk.1, jf.
§ 20, stk. 1, nr. 1, i lov om klage- og erstatningsadgang inden for sundheds-
væsenet. Beviskravet kan efter forarbejderne lempes, hvis der klart er begået
fejl i henhold til de almindelige erstatningsregler, men den førstnævnte dom
lægger op til omvendt bevisbyrde (formodning for årsagssammenhæng),
hvorimod den sidstnævnte fastholder kravfremsætterens bevisbyrde, men
med ringere krav til bevisstyrke.

Det er den uundgåelige konsekvens af rpl § 344, stk. 1, om den frie bevis-
bedømmelse, at retten selv afgør, hvad der kan anses for bevist, og dermed
kravet til bevisstyrke.

Retten har altså flere muligheder, og som det lejlighedsvis er blevet påpe-
get i det foregående, er det somme tider vanskeligt at se, om retten statuerer
omvendt bevisbyrde eller blot lemper kravfremsætterens bevisbyrde.

Lempede beviskrav – eventuelt i stedet for omvendt bevisbyrde – kommer
navnlig på tale, når der foreligger grovere uagtsomhed, og hvor der er tale om
en forbruger eller »den lille mand«.

Se således U 2000.2176 HD, hvor en bank havde udsendt en »åbenbart
urigtig« fondsbørsmeddelelse, hvilket en aktionær, hvis aktier var blevet vær-
diløse, hævdede havde medført, at han ikke i rette tid havde solgt aktierne.
Banken blev pålagt ansvar, da banken »ikke havde antageliggjort«, at aktio-
næren alligevel ikke ville have solgt aktierne, hvis fondsbørsmeddelelsen
havde været korrekt.

Dommen er atypisk, fordi den kombinerer omvendt bevisbyrde med lem-
pede beviskrav (antageliggjort er ikke meget) for den ansvarlige skadevolder,
der skulle løfte bevisbyrden.

I U 2001.72 HD havde to fiskekuttere groft tilsidesat reglerne om godt
sømandskab ved fiskeri inden for sikkerhedszonen i forhold til en olieledning,
der var blevet beskadiget. Spørgsmålet i sagen var, om kutterne havde forår-

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*6.4. Lempet bevisstyrkekrav som alternativ til omvendt bevisbyrde*

saget skaden. Højesteret stadfæstede landsrettens dom, der fastslog, at kravet til ledningsejerens bevis for årsagsforbindelsen var »slækket«.

U 2002.1496 HD drejede sig om værtshusvold, hvor en gæst havde slået værten med knytnæve, således at han faldt og slog hovedet mod en fryser. Samme aften fik værten en hjerneblødning. Højesterets flertal udtalte, at »i en sådan erstatningssag må det anses for tilstrækkeligt til at statuere årsagsforbindelse, at det må bedømmes som mere sandsynligt, at hjerneskaden ikke ville være indtrådt uden [gæstens] vold, end at hjerneskaden ville være indtrådt også uden [gæstens] vold«.

Disse præmisser handler om direkte bevisbyrde for skadelidte, men med et så beskedent bevisstyrkekrav, at det vel ville have ført til samme resultat at statuere omvendt bevisbyrde, nemlig at årsagsforbindelsen kunne lægges til grund, således som resultatet også blev. Flertallets præmisser vedrører ikke slaget mod fryseren, som jo var en følge af volden, men at skadelidte af helbredsmæssige årsager var disponeret for at få hjerneblødning.

At det – uanset domsresultatet – ikke er det samme at fastslå omvendt bevisbyrde som at fastholde skadelidtes bevisbyrde, men med et meget beskedent bevisstyrkekrav, fremgår af mindretallets votum, der gik ud på at frifinde med den begrundelse, at det »uanset de tidsmæssige omstændigheder – ikke er sandsynliggjort i fornødent omfang, at den udøvede vold har forårsaget hjerneskaden«.

Dommen er således udtryk for, at der er en tredje vej mellem direkte og omvendt bevisbyrde, nemlig direkte bevisbyrde med lempelige/beskedne bevisstyrkekrav.

Denne synsvinkel bekræftes af U 2017.959 HD, der handler om en udlejers erstatningskrav mod lejeren, der havde ændret en butik til en restauration uden at retablere. Højesteret udtalte bl.a.:

*»Det er udlejer, der har bevisbyrden for, at der er lidt et tab, og for størrelsen af tabet. Højesteret finder, at der i den konkrete situation er grundlag for at lempe denne bevisbyrde, fordi lejers misligholdelse må betegnes som grov.«*

Denne præmis er udtryk for direkte bevisbyrde med beskedne bevisstyrkekrav under omstændigheder (grov misligholdelse), hvor omvendt bevisbyrde også kunne være indiceret.

Også U 2011.1019 HD om den tidligere gældende patientforsikringslov kan være af interesse. Højesteret udtalte bl.a.:

*»Det er skadelidte, der skal bevise, at der foreligger årsagsforbindelse. Kravene til bevis kan efter forarbejderne i tvivlsomme tilfælde lempes, hvis der klart er begået en fejl, der er*

177

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Kapitel 6. Beviskrav og bevisstyrke*

*ansvarspådragende efter almindelige erstatningsretlige regler, og som kan have forårsaget skaden.«*

Yderligere retspraksis om patientforsikringsordningen indebærer imidlertid som påpeget foran i kap. 4.4.2, at der i den beskrevne situation (klar fejl) bliver tale om omvendt bevisbyrde.

Lempede beviskrav på grundlag af ressourcebetragtninger – må man vel formode – fremgår bl.a. af U 2002.646 ØLK om, hvorvidt ophævelsen af et lejemål var afværget ved betaling. Det påhvilede lejeren at »antageliggøre« – hvilket er et lempeligt krav – at betalingen havde fundet sted inden ophævelsesskrivelsen var kommet frem. Det fremgår dog ikke af kendelsen, hvor denne beskedne bevisstyrke var tilstrækkelig.

En lignende afgørelse er U 2010.2740 VLD om en elmåler, der viste et uforholdsmæssigt stort forbrug. Parterne var enige om, at der ikke var fejl ved måleren. Landsretten udtalte bl.a.: »På denne baggrund er det [forbrugeren], der skal dokumentere eller sandsynliggøre, at det fakturerede forbrug ikke svarer til det faktiske forbrug.« Det er her interessant, at en blot sandsynliggørelse, som i øvrigt ikke begrundes nærmere, var tilstrækkelig.

U 2017.2199 HD handlede også om en elmåler, der havde vist et overordentligt stort forbrug, men uden at fejl kunne påvises. Højesteret frifandt her forbrugeren, der »i tilstrækkelig grad [havde] sandsynliggjort, at det faktiske forbrug ikke svarede til det, som elmåleren viste«.

I FED 2016.118 VLD var problemet, om en advokat var erstatningsansvarlig overfor en tidligere klient for fejlagtigt at have rådet til, at der ikke skulle kræves erstatning for tabt arbejdsfortjeneste. Landsretten fandt, at skadelidte havde bevisbyrden, men havde sandsynliggjort ansvarsgrundlaget, altså en lignende lav bevisstyrke.

Det er egentlig lidt overraskende, at denne forholdsvis beskedne bevisstyrke, »sandsynliggørelse«, også jævnligt anvendes i sager om skatteyderes fradragsret. Det er i disse sager utvivlsomt, at skatteyderen skal løfte bevisbyrden, men det skal ikke så meget til, jf. U 2000.329 HD, U 2011.2253 HD og U 2015.1179 VLD.

Tidligere er omtalt rpl § 413, hvorefter et forbud kræver dokumentation for eller sandsynliggørelse af krænkelsen, jf. U 2014.196 HD, der præciserede, at »sandsynliggørelse« er udtryk for en bevislempelse.

Det sker dog også, at der i domspræmisserne tilsyneladende stilles skærpede bevisstyrkekrav (»tung bevisbyrde«, »skærpet bevisbyrde« eller lignende). Dette er formentlig udtryk for, at der efter omstændighederne ikke var grundlag for at lempe bevisstyrkekravet.

178

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*6.4. Lempet bevisstyrkekrav som alternativ til omvendt bevisbyrde*

Flere afgørelser handler om *undladt eller mangelfuld bevissikring*. Der er dog ikke grundlag for at komme til det resultat, at der kræves mere end dokumentation/godtgørelse, idet formuleringen blot synes at understrege, at der i hvert fald ikke er grundlag for at lempe de sædvanlige beviskrav.

Se således U 1997.949 VLD, hvor der mellem et forsikringsselskab og dets forsikringstager var opstået tvist om størrelsen af selvrisiko. Da selskabet ikke kunne fremlægge kopi af forsikringsaftalen/policen, måtte der påhvile selskabet en »ekstra tung« bevisbyrde. Det skulle ikke komme forsikringstageren til skade, at han heller ikke kunne fremlægge en kopi.

I U 2000.298 HD var en funktionær blevet bortvist med beskyldning for underslæb, men arbejdsgiveren havde afvist at oplyse, hvad det nærmere drejede sig om. Dette medførte »en særdeles tung« bevisbyrde for berettigelsen af bortvisningen.

Til denne kategori hører formentlig også U 2001.1709 HD, hvor en kommune afkrævede en grundejer omkostningerne til oprensning af en forurening. Oprensningen var udført af kommunen som selvhjælpshandling uden påbud til grundejeren. Dette medførte en »skærpet bevisbyrde« for, at omkostningerne ikke kunne have været begrænset, såfremt der havde været udstedt påbud.

Se endelig U 2003.2425 VLD om konfiskation af tysk og japansk ejendom lige efter befrielsen. Et tyskejet gods var blevet konfiskeret, og staten hævdede mere end 55 år senere, at konfiskationen omfattede et kostbart maleri, der havde hængt i godsforvalterens hjem, og som var blevet solgt af dennes arvinger. Navnlig fordi de i sin tid udarbejdede inventarlister ikke blev fremlagt, skulle det være muligt med sikkerhed at konstatere, hvad der havde været omfattet af konfiskationen, hvis statens påstand skulle tages til følge. Denne strenge bevisbyrde blev ikke løftet.

Når *sagkyndige afgørelser* indbringes for domstolene, bliver det lejlighedsvis, men langtfra altid, udtalt, at tilsidesættelse kræver et særligt bevisgrundlag (»et sikkert grundlag«).

Se således U 2012.2649 HD om en afgørelse fra Patentankenævnet om brugsmodelregistrering, U 2017.3081 HD om Ankestyrelsens afslag på førtidspension samt U 2017.3354 HD og U 2018.3205 HD om taksationsmyndighedens skøn vedrørende værditab efter opsætning af vindmøller.

Adskillige afgørelser skærper kravet til bevisstyrke, når en part, der i forvejen skal løfte bevisbyrden, argumenterer for et *usandsynligt eller utroværdigt synspunkt*; en tankegang, der som påvist foran i kap. 4.6.4 ofte medfører omvendt bevisbyrde, når den forekommer hos den part, der som udgangspunkt ikke har bevisbyrden.

179

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*Kapitel 6. Beviskrav og bevisstyrke*

Se således U 1999.1587 HD om betaling af uforfalden varegæld lige før en betalingsstandsning. En sådan betaling er *omstødelig* efter konkurslovens § 67, hvis boet kan løfte bevisbyrden, men den begunstigede kan afværge omstødelsen, hvis det godtgøres, »at betalingen ... under hensyn til omstændighederne fremtrådte som ordinær«. Denne bevisbyrde var ikke løftet. Gælden forfaldt imidlertid før fristdagen, og Højesterets flertal udtalte om berigelse efter lovens § 75 bl.a., at det måtte »kræves, at den begunstigede godtgør, at fordringen med en betydelig grad af sikkerhed ville være blevet betalt til den normale betalingstid«.

Der er her tale om en meget interessant betragtning, der tager udgangspunkt i, at omstødelseskravet er et berigelseskrav, jf. konkurslovens § 75, sammenholdt med, at fordringen faktisk forfaldt før betalingsstandsningen. Normalt vil man nok sige, at det er utroværdigt at hævde, at betaling af uforfalden gæld fremtræder som ordinær – derfor det strenge beviskrav – men i sagen stillede det sig anderledes, da fallenten faktisk i væsentlig grad betalte sin gæld til forfaldstid, trods betalingsstandsningen. Der skete derfor ikke omstødelse.

Det blev foran nævnt, at der i reglen stilles beskedne beviskrav til *skatteydere*, der skal løfte bevisbyrden for fradrag. Helt anderledes stiller det sig, når skatteyderne finder på for fantasifulde historier.

Se således U 2001.2481 HD om et VVS-firma, der havde solgt to udlejningsejendomme efter 25 års ejertid, og spørgsmålet var, om der skulle ske næringsbeskatning. Selskabet havde ved opførelsen af ejendommene drevet handel med fast ejendom, og da selskabet ikke havde ført »det meget sikre bevis«, som derefter måtte kræves, blev fortjenesten beskattet som almindelig indkomst.

U 2006.1058 HD drejede sig om, hvorvidt beløb, der var bogført på mellemregningskonto som udbytte fra et datterselskab til et moderselskab, var skattepligtigt. Landsretten fandt, at der som følge af interessesammenfaldet skulle løftes en »streng« bevisbyrde for moderselskabet for, at der ikke var tale om en udlodning. Højesteret udtalte sig ikke om beviskravet.

I samme retning går U 2007.2329 HD om et selskab, der drev virksomhed med kurssikring af landbrugsprodukter, og som ønskede at fratrække et større administrationshonorar. Da der var tale om interesseforbundne parter, skulle der løftes en »skærpet bevisbyrde«.

Og se også U 2009.2325 HD om et påstået gældsforhold mellem far og søn. Også her var kravet opfyldelse af en skærpet bevisbyrde.

Se endelig U 2011.2380 HD, hvor sælgeren af en delvis færdigopført ejendom på lejet grund skulle godtgøre som lejer at have taget ejendommen i

180

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

*6.4. Lempet bevisstyrkekrav som alternativ til omvendt bevisbyrde*

brug som betingelse for bygningsafskrivningsret. Også her var kravet en skærpet bevisbyrde.

U 2015.676 ØLD er på en helt anden bane. En kommune påstod, at der ved retssædvane var opstået en færselsret over en grund. Landsretten udtalte bl.a.:

> »*Under hensyn til, at det er almindeligt antaget, at der ikke kan vindes hævd på en færdselsret til fordel for alle og enhver ved almindelig brug (allemandshævd), må der stilles strenge krav til en eventuel retssædvane.*«

Det er ikke så lige til at komme igennem med et synspunkt, der afviger fra den almindelige opfattelse.

Endelig kan nævnes U 2018.2917 VLD om fuldmagt til en afdøds bror, der overførte betydelige beløb til sig selv og en anden bror. Landsretten fandt ikke overraskende, at der måtte kræves »et sikkert bevis« for at lægge til grund, at dette havde været omfattet af fuldmagte

181

Erik Hørlyck - 9788771984415
Download fra Jurabibliotek.dk, 01/22/2025 12:03:41PM
via Kammeradvokaten

I, the undersigned, Christian Otto Juel Hansen, certify that I am fluent in both the English and Danish languages and that the preceding text in the English language is to the best of my knowledge and belief a true and faithful translation of "The Burden of Proof in Civil Cases" (Bevisbyrden i Civile Sager), 1st edition (2020) by Erik Hørlyck in the Danish language.

Copenhagen, 23 January 2025

Christian Otto Juel Hansen
Assistant Attorney