# Exhibit 3

CERTIFIED TRANSLATION

ISBN 978-87-619-4160-2

# Civil procedure

Authors:  Bernhard Gomard, Michael Kistrup

**ISBN:** 978-87-619-4160-2

8th edition/1st printing

Back cover image based on an idea by cand.jur. et mag. Merete Zuschlag Gam

**Edition:** 8

Cover: Axel Surland, Ljungbyhed

Typesetting and printing: AKAPRINT a/s, Aarhus

This book is protected under applicable Danish copyright law.

Copying may only be done in accordance with the law. This means for example, that copying for educational purposes may only be done by agreement with Copydan Tekst og Node.

All rights reserved.

2020 Karnov Group Denmark A/S, Copenhagen

## Section V. General rules on the handling of cases

## Chapter 31. The burden of proof in different situations[Note 1.]

### 31.1 The concepts of burden of proof, objective and subjective burden of proof, burden of presenting proof

The evidence does not always give the court a basis to determine with complete certainty or without any reasonable doubt how a disputed point which has been the subject of the evidence must be assumed to have been. This may be because decisive evidence cannot be obtained, such as sometimes on culpa or causation in tort cases, or because such evidence could have been but has not been obtained by the party. Where the evidence only allows the court to form a certain impression of the greater or lesser probability of the evidentiary themes discussed, the court must decide whether the degree of probability that is deemed to have been established in the situation at hand constitutes sufficient proof or, in other words, which of the parties should be harmed by the uncertainty, for example, whether the tortfeasor should be convicted or acquitted if there is no full proof but some indications that he has acted culpably or that there is a causal link between action and damage. It is conceivable that the likelihood of both parties' claims is roughly equally strong, and that one party's presentation seems significantly more likely than the other's, without, however, being so substantiated (proven) that there is certainty or probability bordering on certainty of (no reasonable doubt about) the correctness of his opinion. The court decides whether the probability, which is deemed to exist after the presentation of evidence, is sufficient in the present situation to base the disputed issue of evidence on the judgment in the case on the basis of rules or opinions on the standard of proof (burden of proof). The requirements for the proof of legal facts to maintain equality before the law must as far as possible be the same in similar cases, i.e. be based on rules such as, for example, that the assumption of culpa in a tort case generally requires proof of a high degree of probability thereof. The rules specify the consequence of insufficient proof for or against the conflicting claims of the parties during the proceedings, e.g. that the injured party only gets

compensation if the fault of the tortfeasor is (admitted or) highly probable. Burden of proof or risk of doubt

to clarify their position on the case and to give evidence, cf. section 339 and, for small claims proceedings, section 406. A party's unauthorized failure to produce necessary documents and information about the case and to answer questions has the effect that the court may rely on the other party's presentation or an understanding more favorable to the other party, even if a decision on evidence based on an assessment of the information and evidence produced may have fallen in favor of the unrepresented party, cf. Section 344 (2-3) and especially Section 298 on the duty to produce documents (duty of production). The party's failure to provide information - during informal questioning or during the examination of a party with criminal liability - or failure to hand over a document does not generally have this prejudicial effect where the party is exempt from providing information orally or by handing over documents under the rules in section 171 in conjunction with sections 298 and 305.[Note 13.]

Printed court decisions illustrating and fixing the content of the principle of the parties' duty to contribute loyally to case are quite rare.[Note 14.] However, mention may be made of UfR 1944.209 SH, which made the settlement between the parties after some transactions they had carried out together, solely on the basis of the plaintiff's accounts, because the defendant had not fulfilled its obligation to contribute to the implementation of the settlement by making accounting material etc. available.[Note 15.] UfR 1977.876 V on cancellation of the purchase of a gaming machine that the average income from the machine was significantly less than the seller (the defendant) had

stated at the conclusion of the purchase, as the defendant had not disclosed to whom he had sold vending machines, thereby preventing the plaintiff (the buyer) from investigating what such machines normally bring in. In UfR 2005.1634 V, the owner of a car parked in a private parking lot in violation of the terms of use of the lot denied that he had parked the car and claimed that the car had been lent. For reasons of principle, the owner did not want to disclose who he had lent the car to. Under section 344(2) of the Danish Road Traffic Act, the High Court held that it was to the car owner's detriment that he would not disclose who had been the driver of the car and then that the owner himself had been the driver and was therefore liable for payment of the parking fee, cf. UfR 2013.1979 V and UfR 2015.27 H, but different UfR 2016.2027 V (dissent). In UfR 2013.165 H, the Supreme Court sets out some requirements for the proof that a reminder has reached the debtor in cases concerning interruption of limitation under Danish Act 5-14-4. A party does not fulfill its duty of disclosure by giving an unclear (unclear) statement about matters that the party must be assumed to know or be able to obtain certain information about, cf. UfR 1984.699 Ø. The provisions in sections 339 and 344(2) require clear information. UfR 1963.310 H based the judgment on a statement from a mortgage debtor that he had paid an extraordinary installment on his debt. The creditor did not believe that he had received the money, but the creditor did not seem to have investigated the matter properly. The burden of proof for the payment was on the debtor, and the payment was not proven; but the creditor had neglected his duty of disclosure. The difference between a duty of disclosure and a (high) proof requirement or burden of proof is also illustrated by the rules on the liability of parents for the tortious acts of their children. Parents must inform what dangerous toys they have given the child, what instructions they have given the child, etc. but a proof of exculpation is not required [Note 16.]

### 31.3 General views on the rules on the burden of proof (distribution of the burden of proof)

Numerous attempts have been made in the literature on the law of evidence to formulate general rules of evidence or general views on the allocation of the burden of proof.[Note 17.] However, fixed general rules can hardly be established, but it is possible to point out the considerations that should determine the judges' decisions on evidence where the evidence has not provided full proof in one direction or the other regarding a disputed fact . However, such general guidelines are of limited value because the determination of the standard of proof is closely linked both to the individual rule of law and, depending on the circumstances, to the situation at hand.

Danish law contained a provision that the plaintiff bears a certain burden of proof, cf. "Danish Law" 1-14-5.[Note 18.]

Printed from Karnov for use in accordance with the license terms

The basic idea that the claimant must be able to prove the existence of the claim has been developed in later theory to the effect that the burden of proof for the creation of the right is on the party claiming the right, while the burden of proof for change and termination of the right is on the party claiming the change or termination.[Note 19.] The actual content of the idea of a predominant burden of proof for the claimant, however, is probably only that the claimant has a certain primary *duty of disclosure*. The requirements for proof do not depend on which of the parties brings an action or formulates a (positive) procedural claim, but on the nature of the relationship and the situation.

It is sometimes said that *the principle of preponderance*, i.e. the most likely alternative, should apply where there are no special reasons for following a rule with a higher or lower standard of proof than about 50% probability. A rule based on the most likely alternative gives practitioners a firm guideline to fall back on and has the advantage of minimizing the number of substantively incorrect decisions. Cases where there are no special circumstances to justify a deviation from the preponderance principle do occur, but are hardly numerous, cf. UfR 1986.232 Ø. As an example of a dispute suitable for a decision according to this principle, *Ekelöf* mentions the confusion of newborn children in a maternity ward.[Note 20.] The overweight principle is unsuitable where an incorrect decision in one direction has a significantly greater harmful effect than an incorrect decision in the other direction. In many cases, the purpose or objectives of the material rule would not be achieved by following a princple of preonderance.[Note 21.]

> *Tybjerg* argued in his still readable treatise *About the Burden of Proof* (1904) that the design of the burden of proof rules, which constitute "the natural accessories of the material rules in question", should take into account *both* the normal difficulty proving the relevant facts *and* the risk of abuse of the burden of proof in the current situation. The judge should take into account both the access that each of the parties now has during the proceedings to give evidence and whether, at the time of the crucial events or shortly thereafter, they could have secured evidence. However, such access should only be given importance for the allocation of the burden of proof when it has been connected to a certain natural invitation to secure evidence, cf. *Tyberg* p. 58ff. If both parties have had the same access to secure the evidence, the party whose claim is consistent with the usual should, as far as possible, be exempt from the burden of proof (p. 68ff.).[Note 22.] Moreover, Tybjerg, like most later authors, believed that the burden of proof rules must be designed according to expediency considerations

> as an accessory to the individual material rules of law and that the general views on the distribution of the burden of proof only had significance as a support for this filling in or supplementing of the rules. A reference to the usual or the most may contain an invitation to secure evidence. Such an invitation may not only be due to the existence of a fixed general rule on the burden of proof, but also to common business practice or other custom or the like. The "invitation" is thus not merely a rephrasing of the problem ("circular reasoning") or a reference not merely to general subsidiary creation of law [Note 23.].

## 31.4 Special statutory rules of evidence

The current Danish legislation does not contain general rules or principles for the distribution of the burden of proof, but a number of material statutory provisions indicate by their wording a certain distribution of the burden of proof within the scope of the rule, cf. e.g. section 118 of the former Maritime Act.[Note 24.] The purpose of providing a combined substantive and evidentiary rule is often to increase the effectiveness of the rule by making it applicable also in cases where there is not full proof of the circumstances that condition the application of the rule.

In the legal rules, the requirement for proof of the existence of one or more of the conditional facts (legal facts) is generally not expressed using the word "burden of proof", but the requirement may, for example, be indicated by the fact that the occurrence of a legal consequence is conditional on a person in a certain position "proving", "disclosing" or "substantiating" a certain fact, cf. for example, Section 2(4) of the Salaried Employees Act (temporary employment), Section 16(1) of the Bills of Exchange Act and Section 19(1) of the Cheque Act (legitimation), and Section 25(1) of the Contracts Act ([Note] 25.] These formulations imply that this party has the burden of proof for this fact or that the requirement for proof of this fact has a certain significant size. On the other hand, if a party has a right or other benefit "unless" a certain fact is proved, the standard of proof for the objection is high and the opposing party has the burden of proof, cf. e.g. section 6 of the Sale of Goods Act (agreed price). A statutory rule dealing with the burden of proof may also determine what shall apply in case of lack of (full or however strong) proof, cf. e.g. Sections 24 and 30(1) (amount of damage) of the Sale of Goods Act.[Note 26.] In more recent legal language, the distribution of the burden of proof is often expressed

Printed from Karnov for use in accordance with the license terms

ISBN 978-87-619-4160-2

# Civilprocessen

**Forfattere:**  <u>Bernhard Gomard</u>,  <u>Michael Kistrup</u>

**ISBN:** 978-87-619-4160-2

8. udgave/1. oplag

Bagsidebillede efter idé af cand.jur. et mag. Merete Zuschlag Gam

Denne bog er beskyttet i medfør af gældende dansk lov om ophavsret.

Alle rettigheder forbeholdes.

**Udgave:** 8

Omslag: Axel Surland, Ljungbyhed

Sats og tryk: AKAPRINT a/s, Aarhus

Kopiering må kun ske i overensstemmelse med loven. Det betyder f.eks., at kopiering til undervisningsbrug kun må ske efter aftale med Copydan Tekst og Node.

2020 Karnov Group Denmark A/S, København

## Afsnit V. Almindelige regler om sagsbehandlingen

## Kapitel 31. Beviskravet i forskellige situationer[Note 1.]

### 31.1. Begreberne beviskrav, objektiv og subjektiv bevisbyrde, bevisførelsesbyrde

Bevisførelsen giver ikke altid retten grundlag for at afgøre, hvordan et omtvistet punkt, der har været genstand for bevisførelsen, må antages at have forholdt sig, med fuld sikkerhed eller dog uden nogen rimelig tvivl. Dette kan skyldes, at der ikke kan fremskaffes afgørende beviser, som f.eks. undertiden om culpa eller kausalitet i erstatningssager, eller at sådanne beviser vel kunne være men ikke er fremskaffet af parten. Hvor bevisførelsen kun giver retten mulighed for at danne sig et vist indtryk af de behandlede bevistemaers større eller mindre sandsynlighed, må retten tage stilling til, om den grad af sandsynlighed, der skønnes at være tilvejebragt i den foreliggende situation udgør et tilstrækkeligt bevis eller sagt med andre ord, hvem af parterne uvisheden skal komme til skade, f.eks. om skadevolderen skal dømmes eller frifindes, hvis der ikke er ført fuldt bevis for, men noget tyder på, at han har handlet culpøst, eller at der er årsagsforbindelse mellem handling og skade. Det kan både tænkes, at sandsynligheden taler nogenlunde lige stærkt for begge parters anbringender, og at den ene parts fremstilling forekommer væsentlig mere sandsynlig end den andens, uden dog at være således bestyrket (godtgjort), at der er tilvejebragt sikkerhed eller til vished grænsende sandsynlighed for (ikke er rimelig tvivl om) rigtigheden af hans opfattelse. Retten træffer sin afgørelse af, om den sandsynlighed, som efter bevisførelsen skønnes at bestå, er tilstrækkelig for i den foreliggende situation at lægge det omtvistede bevistema til grund for dommen i sagen på grundlag af regler eller meninger om beviskrav (bevisbyrde). De krav, der stilles til beviset for retsfakta for at opretholde lighed for loven må så vidt muligt være ens i ensartede sager, dvs. bero på regler som f.eks. at antagelsen af culpa i en erstatningssag i almindelighed kræver bevis for en høj grad af sandsynlighed derfor. Reglerne angiver følgen af, at tilstrækkeligt bevis for eller imod parternes modstridende anbringender ikke er ført under sagen, f.eks. at skadelidte kun får

erstatning, hvis culpa hos skadevolderen er (erkendt eller) i høj grad sandsynliggjort. Bevisbyrden eller tvivlsrisikoen

til at gøre deres stilling til sagen klar og til at føre bevis, jfr. § 339 og for småsagsprocessens vedkommende § 406. En parts ubeføjede undladelse af at fremkomme med nødvendige dokumenter og oplysninger om sagen og af at svare på spørgsmål har den betydning, at retten kan lægge modpartens fremstilling eller en for modparten gunstigere forståelse til grund, selv om en bevisafgørelse på grundlag af en vurdering af de fremkomne oplysninger og beviser måtte være faldet ud til fordel for den umeddelsomme part, jfr. § 344, stk. 2-3, og særligt om pligten til fremlæggelse af dokumenter (editionspligt) § 298. Partens undladelse af – under formløs udspørgning eller under partsafhøring med strafansvar – at fremkomme med en oplysning eller undladelse af at udlevere et dokument har i almindelighed ikke denne skadevirkning, hvor parten efter reglerne i § 171 smh.m. §§ 298 og 305 er fritaget for at give oplysning mundtligt eller ved udlevering af dokumenter.[Note 13.]

Trykte retsafgørelser, som illustrerer og fikserer indholdet af grundsætningen om parternes pligt til loyalt at medvirke til sagens oplysning, er ret sjældne.[Note 14.] Nævnes kan dog UfR 1944.209 SH, som foretog opgørelsen mellem parterne efter nogle forretninger, som de havde udført sammen, alene på grundlag af sagsøgerens regnskab, fordi sagsøgte ikke havde opfyldt sin forpligtelse til at bidrage til gennemførelsen af opgørelsen ved at stille regnskabsmateriale m.v. til rådighed.[Note 15.] UfR 1977.876 V om ophævelse af køb af en spilleautomat lagde til grund, at gennemsnitsindtægten af automaten var væsentlig mindre end sælgeren (sagsøgte) havde

oplyst ved købets indgåelse, idet sagsøgte ikke havde oplyst, til hvem han i øvrigt havde solgt automater, og derved afskåret sagsøgeren (køberen) fra at undersøge, hvad sådanne automater normalt indbringer. I UfR 2005.1634 V nægtede ejeren af en bil, der holdt parkeret på en privat parkeringsplads i strid med vilkårene for benyttelse af pladsen, at han havde parkeret bilen og gjorde gældende, at bilen havde været udlånt. Ejeren ville al principielle grunde ikke oplyse, hvem han havde udlånt bilen til. Landsretten lod det efter rpl § 344, stk. 2, komme bilejeren til skade, at han ikke ville oplyse, hvem der havde været fører af bilen og lagde herefter til grund, at ejeren selv havde været fører og derfor hæftede for betaling af parkeringsafgiften, jfr. i samme retning UfR 2013.1979 V og UfR 2015.27 H, men anderledes UfR 2016.2027 V (dissens). I UfR 2013.165 H opstiller Højesteret nogle krav til beviset for at en påmindelse er kommet frem til skyldneren i sager om afbrydelse af forældelse efter danske lov 5-14-4. En part opfylder ikke sin oplysningspligt ved at afgive en uklar (ulden) forklaring om forhold, som parten må antages at vide eller at kunne skaffe sig sikker oplysning om, jfr. UfR 1984.699 Ø. Bestemmelserne i §§ 339 og 344, stk. 2, kræver klar besked. UfR 1963.310 H lagde en forklaring fra en pantedebitor om at have betalt et ekstraordinært afdrag på sin gæld til grund for dommen. Kreditor mente ganske vist ikke, at han havde modtaget pengene, men kreditor syntes ikke at have undersøgt sagen ordentligt. Bevisbyrden for betalingen var debitors, og betalingen var ikke bevist; men kreditor havde forsømt sin oplysningspligt. Forskellen mellem oplysningspligt og et (højt) beviskrav eller bevisbyrde illustreres også af reglerne om forældres ansvar for deres børns skadegørende handlinger. Forældrene skal give oplysning om, hvad de har givet barnet af farligt legetøj, hvad vejledning de har givet barnet etc., men et eksculpationsbevis kræves ikke.[Note 16.]

## 31.3. Almene synspunkter på reglerne om beviskravet (bevisbyrdefordelingen)

Der er i litteraturen om bevisretten gjort talrige forsøg på at formulere generelle bevisbyrderegler eller generelle synspunkter af betydning for fordelingen af bevisbyrden.[Note 17.] Faste generelle regler lader sig imidlertid næppe opstille, men der kan peges på de hensyn, som bør være bestemmende for dommernes bevisafgørelser, hvor bevisførelsen ikke har tilvejebragt fuldt bevis i den ene eller den anden retning vedrørende et omtvistet faktisk forhold. Sådanne generelle retningslinjer har dog kun en begrænset betydning, fordi fastsættelsen af beviskravene har nær sammenhæng både med den enkelte retsregel og efter omstændighederne med den foreliggende situation.

Danske lov indeholdt en bestemmelse om, at der påhviler sagsøgeren en vis bevisbyrde, jfr. DL 1-14-5.[Note 18.]

Grundtanken om, at den der fremsætter et krav må kunne bestyrke, at kravet består, er i senere teori udviklet derhen, at bevisbyrden for retsstiftelse påhviler den, der påberåber sig retten, mens bevisbyrden for forandring og ophør af retten påhviler den, som påberåber sig forandringen eller ophøret.[Note 19.] Det reelle indhold af tanken om en overvejende bevisbyrde for sagsøgeren er imidlertid formentlig kun, at den, der fremsætter et krav, har en vis primær *oplysningspligt*. Kravene til beviset afhænger ikke af hvem de parterne, der anlægger sag eller formulerer et (positivt) proceskrav, men af mellemværendets og situationens karakter.

Det siges undertiden, at *overvægtsprincippet*, dvs. at det sandsynligste alternativ skal lægges til grund, bør finde anvendelse, hvor ikke særlige grunde taler for at følge en regel om et højere eller lavere beviskrav end godt 50 % sandsynlighed. En regel om, at det mest sandsynlige alternativ skal lægges til grund, giver praksis en fast retningslinje at falde tilbage på og har den fordel, at antallet af materielt urigtige afgørelser bliver det mindst mulige. Tilfælde, hvor ingen særlige omstændigheder taler for at gøre afvigelse fra overvægtsprincippet, forekommer, men er næppe talrige, sml. UfR 1986.232 Ø. Som eksempel på en tvist egnet til afgørelse efter dette princip nævner *Ekelöf* forveksling af nyfødte børn på en fødeafdeling.[Note 20.] Overvægtsprincippet er uegnet, hvor en urigtig afgørelse i den ene retning har væsentlig større skadevirkning end en urigtig afgørelse i den anden retning. I mange tilfælde ville hensigten med eller målene for den materielle regel ikke nås ved at følge et sandsynlighedsovervægtsprincip.[Note 21.]

*Tybjerg* hævdede i sin stadig læseværdige afhandling Om bevisbyrden (1904), at udformningen af bevisbyrdereglerne, som udgør »de pågældende materielle reglers naturlige tilbehør«, bør ske under hensyntagen til, *dels* hvor vanskelig bevisførelsen i det pågældende forhold normalt vil være, *dels* hvilken fare for misbrug en bevisbyrdelettelse i det gældende forhold vil medføre. Dommeren bør både lægge vægt på den adgang, hver af parterne nu under sagen har til at føre bevis og på om de, den gang de afgørende begivenheder skete eller kort efter, kunne have sikret sig bevis. En sådan adgang bør dog kun tillægges betydning for bevisbyrdens fordeling, når den har stået i forbindelse med en vis naturlig opfordring til bevissikring, jfr. *Tyberg* s. 58ff. Har begge parter haft samme adgang til at sikre sig beviset, bør så vidt muligt den af parterne, hvis påstand stemmer med det sædvanlige, fritages for bevisbyrden (s. 68ff.).[Note 22.] I øvrigt mente Tybjerg ligesom de fleste senere forfattere, at bevisbyrdereglerne må udformes efter hensigtsmæssighedsbetragtninger

som tilbehør til de enkelte materielle retsregler, og at de almindelige synspunkter for bevisbyrdens fordeling kun havde betydning som en støtte for denne udfyldning eller supplering af reglerne. En henvisning til det sædvanlige eller det hyppigst forekommende kan indeholde en opfordring til at sikre sig bevis. En sådan opfordring kan ikke blot skyldes eksistensen af en fast generel bevisbyrderegel, men også almindelig forretningsbrug eller anden sædvane eller lign. »Opfordringen« er således ikke blot en omformulering af problemet (»cirkelslutning«) eller en henvisning ikke blot til almindelig subsidiær retsdannelse.[Note 23.]

## 31.4. Lovfæstede specielle beviskravsregler

Den gældende danske lovgivning indeholder ikke almindelige regler eller principper for bevisbyrdens fordeling, men en række materielle lovbestemmelser angiver ved deres formulering en bestemt fordeling af bevisbyrden inden for reglens anvendelsesområde, jfr. f.eks. den tidligere sølovs § 118.[Note 24.] Hensigten med at give en kombineret materiel og bevismæssig regel er ofte at øge reglens effektivitet ved at gøre den anvendelig også i tilfælde, hvor der ikke er ført fuldt bevis for de omstændigheder, som betinger reglens anvendelse.

I lovreglerne er krav til beviset for tilstedeværelsen af en eller flere af de betingede kendsgerninger (retsfakta) i almindelighed ikke udtrykt ved hjælp af ordet »bevisbyrde«, men kravet kan f.eks. være angivet ved, at en retsfølges indtræden er betinget af, at en person i en bestemt position »beviser«, »oplyser« eller »godtgør« et bestemt faktum, jfr. f.eks. funktionærlovens § 2, stk. 4 (midlertidig ansættelse), veksellovens § 16, stk. 1, og checklovens § 19, stk. 1 (legitimation), samt aftalelovens § 25, stk. 1 (»indestår« for fuldmagt).[Note 25.] I disse formuleringer ligger, at denne part har bevisbyrden for dette faktum, eller at kravet til beviset for denne kendsgerning har en vis betydelig størrelse. Har en part derimod en rettighed eller anden fordel, »medmindre« et bestemt faktum godtgøres, er beviskravet for indsigelsen højt, og modparten har bevisbyrden, jfr. f.eks. købelovens § 6 (aftalt pris). En lovregel, der tager stilling til beviskravene, kan også fastsætte, hvad der skal gælde i tilfælde af manglende (fuldt eller dog stærkt bevis), jfr. f.eks. og købelovens §§ 24 og 30, stk. 1 (skadens størrelse).[Note 26.] I nyere lovsprog udtrykkes bevisbyrdefordelingen ofte

Printet fra Karnov til brug i overenstemmelse med licensvilkårene

I, the undersigned, Hossam Farooq Khawaja, certify that I am fluent in both the English and Danish languages and that the preceding text in the English language is to the best of my knowledge and belief a true and faithful translation of "Civil Procedure" (Civilprocessen), 8th edition (2020) by Bernhard Gomard and Michael Kistrup in the Danish language.

Copenhagen, 22 January 2025

*Hossamfk*

Hossam Farooq Khawaja
Assistant Attorney