UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

Master Docket 18-md-02865 (LAK)
ECF Case

This document relates to:

19-cv-01785; 19-cv-01867; 19-cv-01893;
19-cv-01781; 19-cv-01783; 19-cv-01866;
19-cv-01895; 19-cv-01794; 19-cv-01865;
19-cv-01904; 19-cv-01798; 19-cv-01869;
19-cv-01922; 19-cv-01800; 19-cv-01788;
19-cv-01870; 19-cv-01791; 19-cv-01792;
19-cv-01928; 19-cv-01926; 19-cv-01868;
19-cv-01929; 19-cv-01803; 19-cv-01806;
19-cv-01906; 19-cv-01801; 19-cv-01894;
19-cv-01808; 19-cv-01810; 19-cv-01809;
18-cv-04833; 19-cv-01911; 19-cv-01898;
19-cv-01812; 19-cv-01896; 19-cv-01871;
19-cv-01813; 19-cv-01930; 19-cv-01815;
19-cv-01818; 19-cv-01931; 19-cv-01918;
19-cv-01873; 19-cv-01924; 19-cv-10713.

DECLARATION OF FOREIGN LAW OF KASPER BECH PILGAARD

## BACKGROUND

I, the undersigned Kasper Bech Pilgaard, state the following:

1. I have written this legal opinion at the request of certain Defendants in the above-captioned litigation, to be submitted to the United States District Court for the Southern District of New York, in the United States of America, as evidence of Danish law.

2. The opinion rendered herein is a legal opinion on legal matters, which I am entitled to give on the basis of my knowledge of Danish law.

3. My compensation for rendering this opinion has been agreed on a per-hour fee basis. My compensation does not depend in any way on the opinions I have rendered.

4. I have based my legal opinion exclusively on official rules and documents, without regard to any other fact of which I may have been informed by Defendants or any other person.

5. I have previously submitted declarations in this case and incorporate by reference here the portions of my previous declarations setting forth my expertise.

## LEGAL OPINIONS AND EXHIBITS

6. I write in further support of my declaration of July 24, 2024, ECF No. 1115, in which I explained my legal opinions regarding the standard of proof under Danish law. Attached as exhibits to this declaration are English translations of Danish authorities that I relied on and cited in my July 2024 declaration.

7. There are no specific statutory provisions in Danish law that regulate the requirements for the standard of proof.

8. The reason for this is found in section 344 of the Danish Administration of Justice Act ("Retsplejeloven") which states that: "On the basis of what has transpired during the proceedings and the evidence, the court decides which facts will form the basis for deciding the

1

case." Attached hereto as Exhibit 1 is an English translation of section 344 of the Danish Administration of Justice Act.

9.  That provision establishes what is known as the principle of the free assessment of evidence in Danish civil proceedings.

10. Thus, it is up to the parties to the case to present evidence to support their claims, whereas it is up to the court to make an assessment of the probability of the correctness of one or the other party's opinion after the presentation of evidence.

11. Danish statutes do not define the weight of the evidence that a party must present to carry its burden of proof, as this decision is entrusted to the court in each case.

12. Therefore, it is not possible to establish general rules for the assessment of the standard of proof, as ultimately, the decisive factor is whether the evidence is of such strength that it is sufficient to convince the court, which depends on the specific case.

A. Treatises Regarding the Burden of Proof

13. The court's assessment of evidence is described in more detail in Professor Bernhard Gomard and District Judge Michael Kistrup's treatise on civil procedure:

> A general indication of the degree of evidence that is sufficient in civil cases for a legal fact to be presumed to exist is not possible because the evidentiary standard may differ for different legal facts and in different contexts. The mere balance of probabilities, i.e. the fact that the disputed point seems more likely than not, is sufficient in some situations, while in other – and probably in most – situations a fairly high degree of probability is required to take the circumstances adduced in support of the claim to exist. No single general rule and no set of general rules can be laid down in this regard. The evidentiary standards (the distribution and weight of the burden of proof) are key to the operation of the substantive rules, and they must be determined, amongst other things, with a view to furthering the purpose of the rule in question. The evidentiary standard takes the form of a higher or lower degree of probability. For example, to impose liability under the fault rule outside contractual relationships, a fairly high degree of probability that the tortfeasor has acted culpably is generally required . . . .

Bernhard Gomard & Michael Kistrup, *Civil Procedure* (8th ed. 2020) at 560. Attached hereto as Exhibit 2 are translated excerpts from Bernhard Gomard & Michael Kistrup, Civil Procedure (8th ed. 2020).

    14.    Professors Bo Von Eyben and Helle Isager have written:

> One could then imagine that the standard of proof would be a requirement of *overwhelming probability*, i.e. a probability level of at least 51% (based on the "mathematical" consideration that this will, *on average*, lead to more correct decisions than wrong ones). This is how the standard of proof is formulated in a number of countries (including Norway, cf. *Lødrup* p. 275 and *Nygaard* p. 340 f), but not in Denmark, where the standard of proof is higher than this.

Bo von Eyben & Helle Isager, *Textbook on Tort Law* (6th ed. 2007) at 257 (emphasis in original). Attached hereto as Exhibit 3 are translated excerpts of Bo von Eyben & Helle Isager, Textbook on Tort Law (6th ed. 2007).

    15.    Another Danish commentator has observed that Professors Von Eyben and Isager "deduce with convincing logic that when a preponderance of probability corresponds to more than 50% probability and is tantamount to a relaxed requirement, the general standard of proof must be stricter." Erik Hørlyck, *The Burden of Proof in Civil Cases* (2020) at 51. Attached hereto as Exhibit 4 are translated excerpts of Erik Hørlyck, *The Burden of Proof in Civil Cases* (2020).

### B. Judicial Decisions

    16.    In U.2005.2151H, the Western High Court interpreted the term "reasonable probability," as found in section one of the Compensation for Vaccination Injuries Act, to mean more than 50% probability. Attached hereto as Exhibit 5 is a translated copy of the judicial decision U.2005.2151H.

3

17. Importantly, the Western High Court viewed this "reasonable probability" standard as a *relaxation* of the usual standard of proof in compensation cases, which are not specifically regulated by statutory law. By compensation cases, I am referring to cases in which a party is seeking monetary damages from another party.

18. In other words, the Western High Court's reasoning can be taken to imply that the standard of proof in ordinary compensation cases requires more than just the greater weight of the evidence or a preponderance of the evidence.

19. Other Danish cases show the courts applying stricter standards of proof.

20. In U.2009.239Ø, a traffic accident case, the Eastern Court of Appeal declined to relax or "eas[e]" the burden of proof. Attached hereto as Exhibit 6 is a translated copy of the judicial decision U.2009.239Ø.

21. U.2000.298H concerned an employment dispute; an employee sued their former employer for unjustified dismissal after being dismissed with allegations of embezzlement. Attached hereto as Exhibit 7 is a translated copy of the judicial decision U 2000.298 HD.

22. Based on all the circumstances of the case, the Western High Court determined that the employer bore a "very heavy" burden of proof, and as it was not sufficiently proven that the employee had appropriated payments to the employer, the dismissal was deemed unjustified.

23. In U.2000.197H, an insurance company refused to pay an insurance sum to a decedent's widow because the insurance company alleged that the decedent had committed suicide. Attached hereto as Exhibit 8 is a translated copy of the judicial decision U.2000.197H.

24. In finding the insurance company was not liable to pay the insurance claim, the Supreme Court stated: "For the reasons stated by the Court of Appeal, which are supported by the explanations given to the Supreme Court, we agree that it has been established *beyond*

4

*reasonable doubt* that [the decedent] intended to hit the oncoming truck." (emphasis added).

25. In U.1999.1706H, the High Court found that the decedent's accidental death was caused by their own gross negligence, and therefore acquitted the insurance company of a claim from the decedent's widow for payment of the insurance sum. Attached hereto as Exhibit 9 is a translated copy of the judicial decision 1999.1706H.

26. The Supreme Court stated the following in its reasoning: "Regardless of whether it may be assumed that [the decedent] died as a result of an accident, as this term is defined in section 1.2 of the common conditions, we find that the insurance company is not obliged to pay the sum insured to [the decedent's widow], as we find it *proven beyond reasonable doubt* that his death was caused by him 'by intent or gross negligence.'" (emphasis added).

27. In U.1997.949V, an insurance company that had paid a claim alleged that the policyholder had never paid the deductible, and demanded payment from the policyholder. Attached hereto as Exhibit 10 is a translated copy of the judicial decision U 1997.949 VLD.

28. The insurance company was unable to produce a copy of the insurance agreement, and the Western High Court therefore stipulated that the insurance company bore a "particularly heavy" burden of proof.

29. In certain cases involving the Danish state or political subdivisions, the courts have applied a strict standard of proof.

30. U.2003.2425V, for example, concerned a valuable painting that was in the possession of an estate which, in 1946, was confiscated by the State under the Confiscation of German and Japanese Property Act. Attached hereto as Exhibit 11 is a translated copy of the judicial decision U.2003.2425V.

31. In 2002, the State intervened in an ownership dispute over the painting, claiming that the State owned the painting as the painting had been part of the confiscated estate.

32. The High Court placed the burden of proof of ownership on the State and found that the State had not proved that the painting had been subject to confiscation in 1946.

33. The High Court found that it should be possible to establish "with certainty" what had been included in the confiscation in 1946 if the State's claim was to be upheld. As the inventory lists prepared at the time were not presented, this strict requirement for proof had not been met.

34. I have not identified Danish decisions more similar to this litigation because most fraud cases in Denmark are either criminal cases or cases involving parties to a contract, the latter of which are governed by Section 30 of the Danish Contracts Act. Attached hereto as Exhibit 12 is a translated copy of Section 30 of the Danish Contracts Act.

35. Judgments pursuant to Section 30 of the Danish Contracts Act generally demonstrate a requirement that the party claiming fraud prove that they have been subject to fraud. Again, there is no "standard" by which Danish courts evaluate whether the party claiming fraud has proven the claim, as the evidence sufficient to convince the court depends on the specific case.

\* \* \*

Pursuant to 28 U.S.C. § 1746(1), the undersigned Kasper Bech Pilgaard states under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 24, 2025

_____
Kasper Bech Pilgaard
Copenhagen, Denmark

7