# Exhibit 2



London

This is to certify that the attached document is, to the best of my knowledge and belief a true, accurate and complete translation from Danish into English of the attached extract from "Civil Procedure", by Bernhard Gomard and Michael Kistrup, pages 560 and 564.

Yours sincerely,

Andrzej Orville

Senior Project Manager

Wednesday, January 22, 2025

Consortra Translations Ltd
Rex House,
4-12 Regent Street
London
SW1Y 4RG
UK

# BERNHARD
# GOMARD
## MICHAEL
# KISTRUP

# CIVIL PROCEDURE

8th edition



Bernhard Gomard
& Michael Kistrup

# Civil Procedure

8th edition



Bernhard Gomard & Michael Kistrup
Civil Procedure
8th edition/2nd printing 2021
© Karnov Group Denmark A/S, Copenhagen 2020

ISBN 978-87-619-4160-2

Cover: Axel Surland, Ljungbyhed
Back cover image based on an idea by Merete Zuschlag Yarn, Cand. Jur. et Mag.
Typeset: AKAPRINT a/s. Aarhus
Printed: Specialtrykkeriet Arco

This book is protected under the prevailing Copyright Act.
Copying may take place only accordance with the Act. This means, for example, that copying for educational purposes may take place only by agreement with Copydan Tekst og Node.
All rights reserved.

THE NORDIC SWAN
[Image]
Printed matter
5041 0826

*Chapter 30: Production of evidence; decision concerning evidence*

[…] that technical evidence with probability percentages in the nineties is far more reliable than traditional evidence.[22] However, even experts can make mistakes. The risk of measurement errors in individual cases and fundamental errors in measurement methods and indications of reliability can neither be eliminated nor calculated.

### 30.2.2 The evidentiary standard

When evidence is being assessed, the court assesses its weight. The court must also consider whether the requirements of legislation and other general sources of law for proving a legal fact, such as culpable conduct, are met. Conviction in a criminal case requires evidence that leaves no reasonable doubt about the defendant's guilt. It appears that requirements as strict as these are applied only rarely in civil procedure. A general indication of the degree of evidence that is sufficient in civil cases for a legal fact to be presumed to exist is not possible because the evidentiary standard may differ for different legal facts and in different contexts. The mere balance of probabilities, i.e. the fact that the disputed point seems more likely than not, is sufficient in some situations, while in other – and probably in most – situations a fairly high degree of probability is required to take the circumstances adduced in support of the claim to exist. No single general rule and no set of general rules can be laid down in this regard. The evidentiary standards (the distribution and weight of the burden of proof) are key to the operation of the substantive rules, and they must be determined, amongst other things, with a view to furthering the purpose of the rule in question.[23] The evidentiary standard takes the form of a higher or lower degree of probability. For example, to impose liability under the fault rule outside contractual relationships, a fairly high degree of probability that the tortfeasor has acted culpably is generally required, whilst a much lower probability of fault is sufficient in contractual relationships, cf. UfR 2012.939/1 H. This difference in the evidentiary standard is generally described using the notion of *burden of proof*. In tort situations, the burden of proof for fault rests on the aggrieved person, cf. e.g. UfR 2009.239 Ø on compensation for loss of earning capacity after a traffic accident, and in contractual relationships it rests on the tortfeasor (the debtor). In UfR 2013.632 V, the aggrieved person in a compensation case after a traffic accident was not required to present any diagnostic imaging material, as the party had issued a power of attorney to the insurance company, which could obtain it itself.

The evidentiary standard for legal facts of a certain type, e.g. tortious fault, is not always the same. Factors other than the nature of the legal fact and the reason for the legal rule also affect the evidentiary standard or the degree of probability required to establish the legal fact. For example, the evidentiary standard for a causal connection thus depends on the nature and degree of the tortfeasor's fault, cf. in this connection […]

---

[22] Cf. *Ilium* in UfR 1954B143 and *Ross* in UfR 1955B87 with note 21.
[23] Cf. *Olivecrona* in *Bevisskyldigheten och den materiella rätten* ['The burden of proof and substantive law'] and *Ekelöf* in Rättegång ['Trial'], 4th edition, p. 67 et seqq., in SvJurTid 1974.680.

*Chapter 31: The evidentiary standard in various situations*

[…] the compensation if the fault of the tortfeasor is (acknowledged or) highly probable. The burden of proof or the risk of doubt rests with the aggrieved person, cf. for example UfR 2002.2562 Ø, UfR 2009.239 Ø, and UfR 2012.1653 H. In all cases where it has not been fully proven whether or not a certain claimed but contested factual circumstance has or has not existed, the court must decide whether the evidentiary standards have been met or which of the parties bears the burden of proof. The party disadvantaged by the lack of evidence bears the burden of proof, to the extent that the court is relying on the information provided by the other party regarding the uncertain point in the presentation of the case.[2] The court may not dismiss a case on the ground of insufficient presentation of evidence. The court must make a decision on the merits provided that the parties present the case coherently, cf. Section 259(2) and (3) and above in Chapter 11.5.1. The court cannot decide on its own initiative to supplement the presentation of evidence but may invite the parties to present evidence, cf. Sections 339(3) and 344(3) and above in Chapter 27.4.1.[3]

A defendant in criminal proceedings can be punished only if his guilt is fully proven (*in dubio pro reo*). In the broad and varied field of civil procedure, there is no corresponding general rule requiring full evidence of the legal facts supporting the claims made. Since the free assessment of evidence has gained general support, cf. Section 344, it has also gradually been recognised that the court must sometimes hold a circumstance to be proven, for the purposes of its judgment, even though full evidence has not been provided – in other words certainty or a probability bordering on certainty – that the circumstance really exists. The higher or lower evidentiary standards are sometimes described by saying that the burden of proof of a certain fact is said to be more or less strict.[4] What degree of probability constitutes sufficient evidence to establish an asserted legal fact – such as culpable conduct, an oral statement, good faith, or insolvency – cannot be determined using a single fixed rule. The evidentiary standard for legal facts of a particular nature varies according to the type of situation at hand. For example, the aggrieved person's burden of proving causality may be lightened, depending on the circumstances, if gross fault is clearly proven. In these cases, the standard for probability of causality is lower than for considering causality to be sufficiently proven.

The phrase *burden of proof* is most often used to describe the evidentiary standard but is sometimes used also to indicate which of the parties at a given stage of the presentation of evidence – where a certain degree of probability of the subject matter of the evidence has been established – will not succeed if no further evidence is produced. For example, if a defendant who is a debtor who claims to have paid the amount in respect of which the claimant (the creditor) seeks judgment has produced a receipt for the amount, the court will find in favour of the debtor […]

---

[2] On different theoretical understandings of the notion of burden of proof, see *Hurwitz*: Tvistemål ['Litigation'] p. 138 et seqq. and the literature cited above in note 1 and *Spleth* in UfR 1977B43lf.
[3] In small claims procedure, the court may, as part of the preparation of the case, order a party to respond to a request from the court, cf. Section 406(3).
[4] *Tyberg*: Concerning the burden of proof, p. 30 et seqq. thus refers to 'gradation of the burden of proof'.

564

BERNHARD
# GOMARD

MICHAEL
# KISTRUP

# CIVIL PROCESSEN

8. udgave

**IIIKARNOV GROUP**

Bernhard Gomard
& Michael Kistrup

# Civil-
# processen

8. udgave



Bernhard Gomard & Michael Kistrup
*Civilprocessen*
8. udgave/2. oplag 2021
© Karnov Group Denmark A/S, København 2020

ISBN 978-87-619-4160-2

Omslag: Axel Surland, Ljungbyhed
Bagsidebillede efter idé af cand.jur. et mag. Merete Zuschlag Gam
Sats: AKAPRINT a/s, Aarhus
Tryk: Specialtrykkeriet Arco

Denne bog er beskyttet i medfør af gældende dansk lov om ophavsret.
Kopiering må kun ske i overensstemmelse med loven. Det betyder f.eks.,
at kopiering til undervisningsbrug kun må ske efter aftale med Copydan Tekst og Node.
Alle rettigheder forbeholdes.



Tryksag
5041 0826

*Kap. 30: Bevisførelse. Bevisafgørelse*

vet sagt, at tekniske beviser med sandsynlighedsprocenter i halvfemserne er langt sikrere end de traditionelle beviser.[22] Også eksperter kan imidlertid fejle. Risikoen for målefejl i det enkelte tilfælde og for grundlæggende fejl i målemetoder og sikkerhedsangivelser kan hverken elimineres eller beregnes.

### 30.2.2. Beviskravet

Ved bevisvurderingen skønner retten over bevisernes vægt. Retten må derudover tage stilling til, om de krav, som lovgivningen og andre generelle retskilder stiller til beviset for, at retsfaktum, f.eks. culpøs adfærd, foreligger, er opfyldt. Domfældelse i en straffesag forudsætter et bevis, der ikke levner rimelig tvivl om tiltaltes skyld. Fuldt så strenge krav stilles nok kun sjældent i civilprocessen. En generel angivelse af hvilken grad af bevis, der er tilstrækkelig i civile sager, for at retsfaktum antages at foreligge, er ikke mulig, fordi beviskravet kan være forskelligt for forskellige retsfakta og i forskellige sammenhænge. Den blotte sandsynlighedsovervægt, dvs. at det omtvistede punkt forekommer mere sandsynligt end det modsatte, er tilstrækkelig i nogle situationer, mens der i andre – og vistnok i de fleste – situationer kræves en ret høj grad af sandsynlighed for, at de omstændigheder, som skal begrunde proceskravet, er til stede. Herom kan ikke opstilles én eller nogle få almindelige regler. De krav, der stilles til beviset (fordelingen og vægten af bevisbyrden), har væsentlig betydning for de materielle reglers funktion, og beviskravene må bl.a. fastsættes ud fra hensynet til at fremme formålet med vedkommende regel.[23] Kravet til beviset har karakter af en højere eller lavere grad af sandsynlighed. For at pålægge ansvar efter culpareglen uden for kontraktsforhold kræves f.eks. i almindelighed en ret høj grad af sandsynlighed for, at skadevolderen har handlet culpøst, mens en væsentlig ringere sandsynlighed for, at culpa foreligger, er tilstrækkelig i kontraktsforhold, jfr. UfR 2012.939/1 H. Denne forskel i beviskravet beskrives i almindelighed ved hjælp af begrebet *bevisbyrde*. I deliktsforhold hviler bevisbyrden for culpa på skadelidte, jfr. f.eks. UfR 2009.239 Ø om erhvervsevnetabserstatning efter et færdselsuheld, og i kontraktsforhold på skadevolder (debitor). I UfR 2013.632 V blev det ikke pålagt skadelidte i en erstatningssag efter et færdselsuheld at fremlægge noget billeddiagnostisk material, da skadelidte havde udsted en fuldmagt til forsikringsseskabet, som selv kunne indhente det.

Kravet til beviset for retsfakta af en bestemt art, f.eks. deliktsculpa, er ikke altid det samme. Også andre faktorer end beskaffenheden af retsfaktum og hensyn bag retsreglen har betydning for beviskravet eller den grad af sandsynlighed, som kræves for at lægge retsfaktum til grund. Kravet til beviset for årsagsforbindelse er således f.eks. afhængigt af karakteren og graden af skadevolderens skyld, jfr. herved

---

22. Jfr. *Illum* i UfR 1954B143 og *Ross* i UfR 1955B87 med note 21.
23. Jfr. *Olivecrona* i Bevisskyldigheten och den materiella rätten samt *Ekelöf* i Rättegång, 4. häftet, s. 67ff. og i SvJurTid 1974.680.

*Kap. 31: Beviskravet i forskellige situationer*

erstatning, hvis culpa hos skadevolderen er (erkendt eller) i høj grad sandsynliggjort. Bevisbyrden eller tvivlsrisikoen hviler på skadelidte, jfr. eksempelvis UfR 2002.2562 Ø, UfR 2009.239 Ø og UfR 2012.1653 H. I alle tilfælde, hvor der ikke er ført fuldt bevis for, om en bestemt påberåbt, men bestridt faktisk omstændighed har foreligget eller ikke, må retten afgøre, om kravene til beviset er opfyldt, eller hvem af parterne der bærer bevisbyrden. Den part, som bevismanglen kommer til skade, har bevisbyrden, idet retten for så vidt angår det uvisse punkt i sagsfremstillingen lægger modpartens oplysning til grund.[2] Retten kan ikke afvise en sag på grund af mangelfuld bevisførelse. Retten skal træffe en realitetsafgørelse, blot parterne fremstiller sagen på en forståelig måde, jfr. § 259, stk. 2 og 3, samt ovenfor i kapitel 11.5.1. Retten kan ikke på egen hånd træffe bestemmelse om supplering af bevisførelsen, men kan dog opfordre parterne til at føre bevis, jfr. §§ 339, stk. 3, og 344, stk. 3, samt ovenfor i kapitel 27.4.1.[3]

Den, der er tiltalt i en straffesag, kan kun idømmes straf, hvis hans skyld er fuldt bevist (in dubio pro reo). På civilprocessens vidtstrakte og brogede område findes der ikke en tilsvarende generel regel om, at der kræves fuldt bevis for de retsfakta, der begrunder de fremsatte proceskrav. Efter at den frie bevisbedømmelse havde vundet almindelig tilslutning, jfr. § 344, har også den erkendelse efterhånden sat sig igennem, at retten undertiden må lægge en omstændighed til grund for dommen som bevist, uanset at bevisførelsen ikke har tilvejebragt fuldt bevis – vished eller en til vished grænsende sandsynlighed – for rigtigheden af denne omstændighed. De større eller mindre krav til beviset beskrives undertiden ved, at bevisbyrden for et vist faktum siges at være mere eller mindre streng.[4] Hvilken grad af sandsynlighed der udgør tilstrækkeligt bevis for at lægge et påberåbt retsfaktum, f.eks. culpøs adfærd, et mundtligt udsagn, god tro eller insolvens, til grund, kan ikke afgøres ved en enkelt fast regel. Beviskravet for retsfakta af en bestemt art varierer efter den foreliggende type af situation. Skadelidtes bevisbyrde for kausalitet kan f.eks. efter omstændighederne lettes, hvis grov culpa er klart bevist. Der stilles i disse tilfælde mindre krav til sandsynligheden af kausaliteten end for at anse kausalitet for tilstrækkelig bevist.

Ordet bevisbyrde bruges som oftest som betegnelse for beviskravet, men anvendes undertiden også som udtryk for, hvem af parterne der på et givet stadium af bevisførelsen, hvor en vis grad af sandsynlighed for bevistemaet er tilvejebragt, ikke vil få medhold, såfremt der ikke fremkommer yderligere bevis. Har f.eks. en sagsøgt debitor, der hævder at have betalt det beløb, som sagsøgeren (kreditor) kræver at få dom for, fremlagt en kvittering for beløbet, vil retten give debitor med-

---

2. Om forskellige teoretiske opfattelser af begrebet bevisbyrde henvises til *Hurwitz*: Tvistemål s. 138ff. og den ovenfor i note 1 citerede litteratur samt *Spleth* i UfR 1977B431f.
3. I småsagsprocessen kan retten som led i sagsforberedelsen pålægge en part at svare på en henvendelse fra retten, jfr. nærmere § 406, stk. 3.
4. *Tybjerg*: Om bevisbyrden s. 30ff. taler således om »bevisbyrdegradation«.