Exhibit 4



London

This is to certify that the attached document is, to the best of my knowledge and belief a true, accurate and complete translation from Danish into English of the attached extract from "The Burden of Proof in Civil Cases", by Erik Hørlyck, page 51.

Yours sincerely,

Andrzej Orville

Senior Project Manager

Wednesday, January 22, 2025

Consortra Translations Ltd
Rex House,
4-12 Regent Street
London
SW1Y 4RG
UK

# Erik Hørlyck

# THE BURDEN OF PROOF

# In civil cases

**Publishers of the Danish Association of Lawyers and Economists**

Erik Hørlyck

# The Burden of Proof in Civil Cases



Djøf Forlag (Publisher)
2020

*Erik Hørlyck*
The Burden of Proof in Civil Cases

1st edition. 1st print run

2020 by Djøf Forlag

All rights reserved.
Mechanical, electronic, photographic or other reproduction of or copying from this book or parts thereof is not permitted under applicable Danish copyright law without the publisher's written consent or agreement with Copy-Dan.

Cover: Marianne Tingkov
Print: Clemenstrykkeriet, Viborg

Printed in Lithuania 2020

ISBN 978-87-574-4845-0
E-book ISBN 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-441-5

Djøf Publishing House
Gothersgade 137
1123 Copenhagen K, Denmark
Phone: 39 13 55 00
e-mail: forlag@djoef.dk forlag@djoef.dk
www.djoef-forlag.dk

[...] the burden of proof that he would have been ordered to pay and thus the burden of proving the loss caused by the lawyer's error.

In U 2016.934 VLD, a bank's borrower had lifted the burden of proof that correct and adequate advice had not been provided, but he had not proved that a loss had been suffered, and therefore the bank was acquitted.

## 2.2. Strength of evidence

A determination of the burden of proof does not imply a determination of the weight of evidence necessary to lift the burden of proof.

There is a Supreme Court ruling that involves a position on the requirement for strength of evidence (but not on the burden of proof).

U 2005.2151 HD concerns the now repealed Act on Compensation for Vaccination Injuries, which made it a condition for compensation that the injury was "with reasonable probability" caused by the vaccination. The case involved a child who had developed infantile autism following a vaccination, and in its judgment, which was subsequently upheld by the Supreme Court on the merits, the Court of Appeal stated

*"In deciding the case, the Court of Appeal has found that the term "reasonable probability" in Section 1 of the Act on Compensation for Vaccination Injuries must be understood to mean that it contains a relaxation of the usual requirements for proof of causation in a compensation case, but that there must be an overwhelming probability (more than 50%) that the injury was caused by the vaccination."*

This premise was undoubtedly formulated with regard to the Patient Insurance Act of the day, according to which the burden of proof requirement was "with overwhelming probability"; cf. *Bo von Eyben:* Patient Insurance (1993) p. 83. The wording is still applicable under the Act on Access to Complaints and Compensation in the Health Care System.

*Bo von Eyben and Helle Isager* p. 323 deduce with convincing logic that when a preponderance of probability corresponds to more than 50% probability and is tantamount to a relaxed requirement, the general standard of proof must be stricter.

The burden of proof requirement is discussed in more detail below in chapter 6, but it should already be noted that although neither the Vaccination Injury Act nor the Patient Injury Act contains any provision on the burden of proof - apart from the assumption of the injured party's burden of proof, i.e. the general burden of proof rule - this legislation suggests an alternative to reverse the burden of proof, namely relaxed burden of proof requirements. This issue is addressed several times […]

Erik Hørlyck

# BEVISBYRDEN

## i civile sager

Jurist- og Økonomforbundets Forlag

Erik Hørlyck

# Bevisbyrden i civile sager



Djøf Forlag
2020

Bevisbyrden i civile sager

1. udgave, 1. oplag

© 2020 by Djøf Forlag

Alle rettigheder forbeholdes.
Mekanisk, elektronisk, fotografisk eller anden gengivelse af
eller kopiering fra denne bog eller dele heraf
er ifølge gældende dansk lov om ophavsret ikke tilladt
uden forlagets skriftlige samtykke eller aftale med Copy-Dan.

Omslag: Marianne Tingkov
Tryk: Clemenstrykkeriet, Viborg

Printed in Lithuania 2020

ISBN 978-87-574-4845-0
E-bog ISBN 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-441-5

Djøf Forlag
Gothersgade 137
1123 København K

Telefon: 39 13 55 00
e-mail: forlag@djoef.dk
www.djoef-forlag.dk

byrden for, at han i givet fald ville være blevet dømt til at betale og dermed bevisbyrden for tabet ved advokatens fejl.

I U 2016.934 VLD havde en banks låntager løftet bevisbyrden for, at der ikke var ydet korrekt og fyldestgørende rådgivning, men han havde ikke bevist, at der var lidt et tab, og derfor blev banken frifundet.

## 2.2. Bevisstyrken

En stillingtagen til bevisbyrden indebærer ingen stillingtagen til, hvilken bevisvægt der er nødvendig for at løfte bevisbyrden.

Der foreligger en højesteretsdom, der indebærer en stillingtagen til kravet til bevisstyrke (men derimod ikke til bevisbyrden).

U 2005.2151 HD drejer sig om den nu ophævede lov om erstatning for vaccinationsskader, hvorefter det var en betingelse for erstatning, at skaden »med rimelig sandsynlighed« var forårsaget af vaccinationen. Sagen drejede sig om et barn, der havde fået infantil autisme efter en vaccination, og landsretten udtalte i sin dom, der efterfølgende blev stadfæstet af Højesteret i henhold til grundene:

»*Landsretten har ved sagens afgørelse lagt til grund, at udtrykket »rimelig sandsynlighed« i § 1 i lov om erstatning for vaccinationsskader skal forstås således, at det indeholder en lempelse af de sædvanlige krav til beviset for årsagssammenhæng i en erstatningssag, men at der skal være en overvejende sandsynlighed (mere end 50 %) for, at skaden er forvoldt af vaccinationen.*«

Denne præmis er utvivlsomt udformet under hensyn til den dagældende patientforsikringslov, hvorefter bevisstyrkekravet var »med overvejende sandsynlighed«, jf. *Bo von Eyben*: Patientforsikring (1993) s. 83. Formuleringen er fortsat gældende i henhold til lov om klage- og erstatningsadgang inden for sundhedsvæsenet.

*Bo von Eyben og Helle Isager* s. 323 udleder med overbevisende logik heraf, at når overvejende sandsynlighed svarer til mere end 50 % sandsynlighed og er ensbetydende med et lempet krav, må det almindelige beviskrav være strengere.

Bevisstyrkekravet behandles nærmere nedenfor i kap. 6, men det bør allerede nu bemærkes, at selv om hverken vaccinationsskadeloven eller patientskadelovgivningen indeholder nogen bestemmelse om bevisbyrden – bortset fra forudsætningen om skadelidtes bevisbyrde, altså den almindelige bevisbyrderegel – lægger denne lovgivning op til et alternativ til omvendt bevisbyrde, nemlig lempede bevisstyrkekrav. Denne problemstilling tages op flere

51