# Exhibit 10



London

This is to certify that the attached document is, to the best of my knowledge and belief a true, accurate and complete translation from Danish into English of the attached extract from U.1997.949V about proof of the content of the insurance contract.

Yours sincerely,

Andrzej Orville

Senior Project Manager

Wednesday, January 22, 2025

Consortra Translations Ltd
Rex House,
4-12 Regent Street
London
SW1Y 4RG
UK

**U.1997.949V**

*About proof of the content of the insurance contract.*

*General topics 3 Insurance 9 Litigation 14.6*

- An insurance company T, which, as the liability insurer for a car, had compensated a claim, had charged the policyholder F an amount on the basis that the insurance was taken out with an excess, which F disputed. T, who had failed to keep the insurance application after entering it into his computer system and who was not in possession of paper copies of the policy or premium statement, had to bear a heavy burden of proof that the content of a policy reconstructed after the computerized registrations was in accordance with the insurance application. However, this burden of proof was found to have been lifted, and T's claim for payment of the deductible amount was therefore accepted.

**V.L.D. April 3, 1997 in Appeal 2nd Dept. B-0202-96**
(Bjerg Hansen, Lilholt, Henrik Garlik Jensen (deputy)).

*Topdanmark A/S (attorney Kjeld Jeppesen, Herning)*
mod
*F (adv. Peter Tornvig, Frederikshavn, n.d.).*

## Civil law

## Frederikshavn Civil Court judgment January 10, 1996

In April 1994, the plaintiff, TopDanmark Forsikring A/S, took out liability and comprehensive insurance on the defendant F's car. On May 11, 1994, while driving the car, the defendant caused damage to another vehicle for DKK 10,571.88, which the plaintiff paid due to the liability insurance coverage. The plaintiff subsequently charged the defendant a similar amount, stating that the defendant had an excess of DKK 10,663. As the amount was not received from the defendant, the plaintiff brought this action on May 4, 1995, in which the insurance company claimed that the defendant should be ordered to pay DKK 10,571.88 with the usual interest.

The defendant has claimed that the case should be dismissed and has in support of this claim principally argued that according to the parties' insurance agreement he had no deductible on the liability insurance. In the alternative, the defendant argued that in connection with the defendant's switch to the insurance company Tryg, the plaintiff stated that he had no receivables from the defendant and that this must be equated with the issuance of a balance receipt.

In the course of the proceedings, the applicant submitted an

950

unsigned reconstruction of the policy, which states that there is an excess for every claim and that the amount of the excess, which is indexed, is stated on the policyholder's premium statement. The plaintiff has also submitted an unsigned reconstruction of a premium statement dated April 14, 1994 addressed to the defendant, which states that the deductible is DKK 10,663.

The defendant has, among other things, explained that in April 1994 he personally contacted the plaintiff because he had inherited a car which he needed to have insured. He spoke with one of the plaintiff's employees named Kim Christensen. They discussed how the insurance should arranged. It was agreed that there should be a deductible on the comprehensive insurance, as otherwise it would be too expensive. On the other hand, no deductible was agreed on the liability insurance. The defendant signed a document in connection with the agreement and was given a certificate to be handed in at the motor vehicle office. He believes that he subsequently received the policy by post. After the accident on May 11, 1994, the defendant contacted Kim Christensen, who made a claim. Kim Christensen made no mention of a deductible. Subsequently, the plaintiff wrote to the defendant requesting payment of the claimed amount. The defendant contacted the plaintiff by phone and asked the insurance company to investigate the accuracy of the claim, as he did not believe he had any deductible. Almost simultaneously, the defendant fell into arrears with the premium payment. The plaintiff threatened to cancel the policy, after which the defendant paid the arrears. Subsequently, the plaintiff demanded a year-round payment, which the defendant could not honor. He therefore contacted the insurance company Tryg, where he spoke to Svend Aage Pedersen. When contacting Kim Christensen, Svend Aage Pedersen confirmed several times that the defendant owed nothing to the plaintiff. The defendant has previously had insurance with the plaintiff for 5-6 years. He has not previously had an excess on his liability insurance.

In support of its claim, the plaintiff has stated that the presented reconstructions of the policy and premium statement constitute sufficient evidence that the insurance agreement between the plaintiff and the defendant contained an excess of DKK 10,663 for the defendant.

In support of its claim, the defendant has further stated that the reconstruction of the policy is not in accordance with the agreement concluded.

### The court must pronounce

Against the defendant's denial, it is not established on the present basis that the defendant had an excess on their liability insurance under the insurance agreement with the plaintiff. The defendant is therefore acquitted. - - -

## Western High Court

## Western High Court's judgment

In the *Western High Court's judgment,* it is said, among other things:
- Before the High Court, the appellant, Topdanmark A/S, repeated its claim at first instance.

The defendant, F, has claimed that the judgment should be upheld.

From the appellant's insurance conditions from March 1992, applicable to

"Passenger cars Car without bonus loss", is stated in section 6, "Deductible", among other things:

"A The Policyholder shall pay the first part of any liability or comprehensive loss with the deductible amount.

If both liability and comprehensive damage occur in the same claim, the deductible amount is only paid once.

B The amount the deductible depends on the price level of the insurance. The amount is reduced each year along with the price of the insurance until the cheapest price level is reached.

C deductible amount stated on the premium statement is indexed, …

D Topdanmark pays the deductible amount and collects it from the policyholder to the extent that the claim cannot be enforced against a tortfeasor.

E The invoice, which is sent at the earliest at the same time as Topdanmark pays compensation, states the last day for payment.

..."

- - -

The parties have essentially repeated their procedure before the District Court, however, the respondent has not repeated its alternative plea that the appellant's information to the insurance company TRYG can be compared to a balance receipt to the respondent.

**The High Court states**

As part of the workflow regarding the processing of the Respondent's offer to take out a car insurance policy, the Appellant has deliberately failed to retain the insurance application signed by the Respondent and sent to the Appellant by either the Respondent or the car dealer where the Respondent bought his car. The appellant has also failed to keep paper copies of the insurance policy and the premium statement that the appellant sent to the respondent when the insurance contract was concluded. By failing, as described, to obtain evidence of the content of the insurance contract which the appellant claims to have concluded with the respondent, it becomes - particularly in a case such as the present one, where it is furthermore not established that the respondent paid any premium amount before the termination of the insurance contract and where the amount paid in that connection is not disclosed, the burden of proof on the appellant to show that the content of the reconstructed insurance policy is consistent with the content of the insurance application is particularly heavy. In this connection, it cannot be held against the respondent that he too, by failing to keep his copy of the insurance application and the insurance policy, has failed to secure evidence of the content of the insurance contract.

According to the testimony of witnesses Anita Benjaminsen and Niels Lauge Rasmussen, it must be assumed that the information which Anita Benjaminsen entered into the appellant's computer system when processing the respondent's insurance application has not subsequently been stored after it was saved.

951

changed in such a way that it has not been possible to find them in the form in which they were originally entered into the system. According to the testimony of the witness Niels Lauge Rasmussen, it must also be assumed that the information appearing in the reconstructed policy is the same information that Anita Benjaminsen entered in the appellant's computer system in connection with the conclusion of the insurance contract, and that it is the same information that appeared in the policy sent to the respondent in April 1994. On the same grounds, it must be assumed that the statement of premiums which the respondent undisputedly received in April 1994 contained the same information as appears from the reconstruction submitted during the proceedings, including information about the amount of the respondent's deductible and about the amount of the premium, which according to the information is less than the premium for an insurance without deductible. It must further be assumed that in connection with the termination of the insurance, the respondent paid the outstanding premiums on the current insurance and other insurances that constituted the appellant's total receivable at the time of termination, in which connection there is no information that the respondent has been charged an amount relating to the current insurance that concerned a different and more expensive insurance than the one stated in the reconstructed policy.

When assessing whether the appellant can then be assumed to have lifted its burden of proof that the reconstructions of the policy and premium calculation are in accordance with the insurance agreement, it is of decisive importance how the High Court assesses the risk errors were made in connection with Anita Benjaminsen's transfer of the information from the respondent's insurance application to the appellant's EDP system.

Anita Benjaminsen, who naturally has no recollection of the specific case, has very confidently and credibly her working procedure, including the checks carried out to ensure that there are no errors in the policies sent to the policyholders. Thereafter, but in particular by her addition that, if the insurance application had been for a "standard car" insurance, should have made two mistakes in order for the respondent's insurance to be a "Car without bonus loss with indemnity", which she considers to be excluded, the High Court finds it sufficiently proven that the presented policy reconstruction corresponds to the insurance application submitted by the respondent to the appellant and is identical to the original insurance policy and thus to the insurance agreement between the respondent and the appellant.

For these reasons, the High Court upholds the appellant's claim. - - -

**U.1997.949V**

*Om bevis for indholdet af forsikringsaftale.*

Almindelige emner 3 Forsikring 9 Retspleje 14.6

♦ Et forsikringsselskab T, der som ansvarsforsikrer for en bil havde erstattet en skade, havde afkrævet forsikringstageren F et beløb under henvisning til, at forsikringen var tegnet med selvrisiko, hvilket F bestred. Der måtte påhvile T, der efter indtastning i sit EDB-system havde undladt at opbevare forsikringsbegæringen, og som ikke var i besiddelse af papirkopier af police eller præmieopgørelse, en tung bevisbyrde for, at indholdet af en efter EDB-registreringerne rekonstrueret police var i overensstemmelse med forsikringsbegæringen. Denne bevisbyrde fandtes imidlertid løftet, og T's påstand om betaling af selvrisikobeløbet blev derfor taget til følge.

**V.L.D. 3. april 1997 i anke 2. afd. B-0202-96**
(Bjerg Hansen, Lilholt, Henrik Garlik Jensen (kst.)).

*Topdanmark A/S (adv. Kjeld Jeppesen, Herning)*
mod
*F (adv. Peter Tornvig, Frederikshavn, e.o.).*

## Civilretten

### Frederikshavn Civilrets dom 10. januar 1996

I april måned 1994 tegnede sagsøgeren, TopDanmark Forsikring A/S, en ansvars- og kaskoforsikring på sagsøgte F's bil. Den 11. maj 1994 forvoldte sagsøgte under kørsel i bilen skade på et andet køretøj for 10.571,88 kr., som sagsøgeren på grund af ansvarsforsikringsdækningen betalte. Sagsøgeren afkrævede efterfølgende sagsøgte et tilsvarende beløb under henvisning til, at sagsøgte havde en selvrisiko på 10.663 kr. Da beløbet ikke indgik fra sagsøgte, har sagsøgeren den 4. maj 1995 anlagt denne sag, hvorunder forsikringsselskabet har påstået sagsøgte dømt til at betale 10.571,88 kr. med sædvanlig procesrente.

Sagsøgte har nedlagt påstand om frifindelse og har til støtte herfor principalt gjort gældende, at han efter parternes forsikringsaftale ikke havde nogen selvrisiko på ansvarsforsikringen. Sagsøgte har subsidiært gjort gældende, at sagsøgeren i forbindelse med sagsøgtes skift til forsikringsselskabet Tryg oplyste ikke at have noget tilgodehavende hos sagsøgte, og at dette må sidestilles med udstedelse af en saldokvittering.

Sagsøgeren har under sagen fremlagt en ikke

**950**

underskrevet rekonstruktion af policen, hvoraf fremgår, at der er selvrisiko ved enhver skade, og at selvrisikobeløbet, der indeksreguleres, står på forsikringstagers præmieopgørelse. Sagsøgeren har endvidere fremlagt en ikke underskrevet rekonstruktion af en præmieopgørelse af 14. april 1994 stilet til sagsøgte, hvoraf fremgår, at selvrisikoen er 10.663 kr.

Sagsøgte har bl.a. forklaret, at han i april måned 1994 personligt henvendte sig hos sagsøgeren i anledning af, at han havde arvet en bil, som han skulle have forsikret. Han talte med en af sagsøgerens medarbejdere ved navn Kim Christensen. De drøftede, hvordan forsikringen skulle være. Det blev aftalt, at der skulle være selvrisiko på kaskoforsikringen, idet denne ellers ville blive for dyr. Derimod blev der ikke indgået aftale om selvrisiko på ansvarsforsikringen. Sagsøgte underskrev et dokument i forbindelse med aftalens indgåelse og fik et bevis med, der skulle afleveres på motorkontoret. Han mener, at han efterfølgende modtog policen pr. post. Efter skaden den 11. maj 1994 kontaktede sagsøgte Kim Christensen, der lavede en skadesanmeldelse. Kim Christensen nævnte intet om selvrisiko. Efterfølgende anmodede sagsøgeren skriftligt sagsøgte om betaling af det påstævnede beløb. Sagsøgte henvendte sig pr. telefon til sagsøgeren og bad forsikringsselskabet undersøge rigtigheden af kravet, idet han ikke mente at have nogen selvrisiko. Næsten samtidig kom sagsøgte i restance med præmiebetalingen. Sagsøgeren truede med ophævelse, hvorefter sagsøgte betalte restancen. Efterfølgende krævede sagsøgeren helårsbetaling, hvilket sagsøgte ikke kunne honorere. Han henvendte sig derfor til forsikringsselskabet Tryg, hvor han talte med Svend Aage Pedersen. Ved henvendelse til Kim Christensen fik Svend Aage Pedersen flere gange bekræftet, at sagsøgte intet skyldte til sagsøgeren. Sagsøgte har tidligere haft forsikringer hos sagsøgeren i 5-6 år. Han har ikke tidligere haft selvrisiko på sin ansvarsforsikring.

Sagsøgeren har til støtte for sin påstand nærmere anført, at de fremlagte rekonstruktioner af police og præmieopgørelse udgør tilstrækkeligt bevis for, at der i forsikringsaftalen mellem sagsøgeren og sagsøgte var indeholdt en selvrisiko på 10.663 kr. for sagsøgte.

Sagsøgte har til støtte for sin påstand nærmere anført, at rekonstruktionen af policen ikke er i overensstemmelse med den indgåede aftale.

### Retten skal udtale

Mod sagsøgtes benægtelse findes det ikke på det foreliggende grundlag godtgjort, at sagsøgte efter forsikringsaftalen med sagsøgeren havde en selvrisiko på sin ansvarsforsikring. Sagsøgte frifindes derfor. – – –

## Vestre Landsret

### Vestre Landsrets dom

I *Vestre Landsrets dom* siges bl.a.:

– – – For landsretten har appellanten, Topdanmark A/S, gentaget sin påstand i første instans.

Indstævnte, F, har påstået dommen stadfæstet.

Af appellantens forsikringsvilkår fra marts 1992, der gælder for »Personbiler Bil uden bonustab«, fremgår af punkt 6, »Selvrisiko«, blandt andet:

»A Forsikringstageren betaler den første del af enhver ansvars- eller kaskoskade med selvrisikobeløbet.

Sker der ved samme skadetilfælde både ansvars- og kaskoskade betales selvrisikobeløbet kun én gang.

B Selvrisikobeløbets størrelse afhænger af, hvilket pristrin forsikringen står på. Beløbet sættes ned hvert år samtidig med prisen for forsikringen, indtil billigste pristrin er nået.

C Selvrisikobeløbet der står på præmieopgørelsen indeksreguleres, . . .

D Topdanmark lægger selvrisikobeløbet ud og opkræver det hos forsikringstageren i det omfang kravet ikke kan gennemføres overfor en skadevolder.

E På opkrævningen, der tidligst sendes samtidig med at Topdanmark betaler erstatning, er anført sidste rettidige betalingsdag.

. . .«
– – –

Parterne har i det væsentlige gentaget deres procedure for byretten, dog har indstævnte ikke gentaget sit subsidiære anbringende om, at appellantens oplysninger til forsikringsselskabet TRYG kan sidestilles med en saldokvittering til indstævnte.

## Landsretten udtaler

Appellanten har som et led i arbejdsgangen vedrørende behandlingen af indstævntes tilbud om tegning af en bilforsikring bevidst undladt at opbevare den forsikringsbegæring, indstævnte i den anledning underskrev, og som enten indstævnte eller den bilforhandler, indstævnte købte sin bil hos, sendte til appellanten. Appellanten har ligeledes undladt at opbevare papirkopier af den forsikringspolice og af den præmieopgørelse, appellanten ved forsikringsaftalens indgåelse sendte til indstævnte. Ved som beskrevet at have undladt at sikre sig bevis for indholdet af den forsikringsaftale, appellanten hævder at have indgået med indstævnte, bliver – navnlig i en sag som den foreliggende, hvor det yderligere ikke er godtgjort, at indstævnte har betalt noget præmiebeløb før i forbindelse med forsikringsaftalens ophævelse, og hvor størrelsen af det beløb, der er betalt i den forbindelse, ikke er oplyst – den bevisbyrde, det påhviler appellanten at løfte for at godtgøre, at indholdet af den rekonstruerede forsikringspolice er i overensstemmelse med indholdet af forsikringsbegæringen, ekstra tung. Det kan i den forbindelse ikke lægges indstævnte afgørende til last, at også han – ved at undlade at opbevare sin genpart af forsikringsbegæringen samt forsikringspolicen – har forsømt at sikre sig bevis for forsikringsaftalens indhold.

Efter vidnerne Anita Benjaminsens og Niels Lauge Rasmussens forklaringer må det lægges til grund, at de oplysninger, som Anita Benjaminsen ved behandlingen af indstævntes forsikringsbegæring indtastede i appellantens EDB-system, efter lagringen ikke senere har

**951**

kunnet ændres på en sådan måde, at man ikke har kunnet genfinde dem i den form, hvori de oprindelig blev indtastet i systemet. Efter vidnet Niels Lauge Rasmussens forklaring må det yderligere lægges til grund, at de oplysninger, der fremgår af den rekonstruerede police, er de samme oplysninger, som Anita Benjaminsen i forbindelse med forsikringsaftalens indgåelse indtastede i appellantens EDB-system, og at de er de samme, som fremgik af den police, der i april 1994 blev sendt til indstævnte. Med samme begrundelse må det lægges til grund, at den præmieopgørelse, som indstævnte ubestridt har modtaget i april 1994, har indeholdt de samme oplysninger, som fremgår af den rekonstruktion, der er fremlagt under sagen, herunder oplysningerne om størrelsen af indstævntes selvrisiko og om præmiebeløbet, der efter det oplyste er mindre end præmien for en forsikring uden selvrisiko. Det må yderligere lægges til grund, at indstævnte i forbindelse med ophævelsen af forsikringen betalte de præmierestancer på den aktuelle forsikring og andre forsikringer, som udgjorde appellantens samlede tilgodehavende på ophævelsestidspunktet, i hvilken forbindelse der ikke er oplyst noget om, at indstævnte vedrørende den aktuelle forsikring er blevet afkrævet et beløb, der vedrørte en anden og dyrere forsikring end den, der fremgår af den rekonstruerede police.

Ved vurderingen af, om appellanten herefter kan antages at have løftet sin bevisbyrde for, at rekonstruktionerne af police og præmieopgørelse er i overensstemmelse med forsikringsaftalen, er det af afgørende betydning, hvorledes landsretten vurderer risikoen for, at der i forbindelse med Anita Benjaminsens overførsel af oplysningerne fra indstævntes forsikringsbegæring til appellantens EDB-system er begået fejl.

Anita Benjaminsen, der helt naturligt ikke har nogen erindring om den konkrete sag, har meget sikkert og troværdigt forklaret om sin arbejdsprocedure, herunder om den kontrol, der gennemføres for at sikre, at der ikke er fejl i de policer, der sendes til forsikringstagerne. Herefter, men navnlig ved hendes tilføjelse om, at hun – såfremt forsikringsbegæringen havde lydt på en »Bil standard« forsikring – skulle have begået to fejl, for at indstævntes forsikring kunne komme til at lyde på en »Bil uden bonustab med friskade«, hvilket hun anser for udelukket, finder landsretten det tilstrækkelig godtgjort, at den fremlagte policerekonstruktion modsvarer den forsikringsbegæring, indstævnte indsendte til appellanten, og er enslydende med den originale forsikringspolice og dermed med forsikringsaftalen mellem indstævnte og appellanten.

Med denne begrundelse tager landsretten appellantens påstand til følge. – – –

Copyright © 2023 Karnov Group Denmark A/S