

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

January 26, 2025

**VIA ECF & HAND DELIVERY**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *In re Customs and Tax Administration of the Kingdom of Denmark
(Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)[1]

Dear Judge Kaplan:

We write on behalf of plaintiff Skatteforvaltningen ("SKAT") in response to defendants'
January 22, 2025 letter requesting that the Court "permit them to question Mr. Markowitz
regarding a May through June 2014 email chain between Mr. Markowitz and his partners at
Argre Management LLC regarding their responses to inquiries from the Federal Reserve
concerning the pension plans' holdings in Danish securities."  (ECF No. 1395 ("Defs. Letter") at
1.)  The Court should deny defendants' request because the proffered testimony and exhibit have
minimal probative value, are cumulative of Mr. Markowitz's previous testimony, and, if
admitted, would require SKAT to introduce evidence to rebut defendants' purported "honest and
good faith" filings with the Federal Reserve, (*id.* at 2), prompting a trial within a trial and
causing confusion and undue delay.

As an initial matter, the proffered evidence has little probative value because what is at
issue is whether defendants designed their scheme to hide it from the Danish government, not the
U.S. government.  And whatever relevance the evidence does have is "substantially outweighed"
by the "danger[s]" against which Federal Rule of Evidence 403 is meant to protect.  Fed. R. Evid

_____

1.  This letter relates to the trial one cases:  19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783;
    19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922;
    19-cv-01800; 19-cv-01788; 19-cv-01870; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868;
    19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810;
    19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813;
    19-cv-01930; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

403.  The jury has heard already that Mr. Markowitz and his partners made "significant disclosures to the U.S. government," consisting of "the amount of trading [they] did on a monthly basis, the holdings [they] had," and "the balances in [their] accounts in a foreign country like the UK," and that such disclosures did not give him "any pause."  (Ex. 1 (Trial Tr.) 1190:1-1191:2.)  Defendants' proffered evidence—Mr. Markowitz's testimony regarding an email purportedly showing that the Argre partners "did not shy away from providing [such] information . . . to the United States government," (Defs. Letter at 1)—would simply "replicate[]" Mr. Markowitz's testimony about the group's disclosures and is needlessly cumulative.  *United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983); *see* Fed. R. Evid. 403.  Indeed, Mr. Markowitz's response "[o]k with me" to Mr. Larosa's suggestion that the Argre group provide a full, rather than sample, list of Danish securities, (Defs. Letter Ex. 1 (DX3961) at 2), is no different than Mr. Markowitz's testimony about the "significant disclosures" of the purported "holdings" he and his partners made to the Federal Reserve.  (Ex. 1 (Trial Tr.) 1190:1-8.)

Repetitiveness aside, the cherry-picked email at the heart of defendants' request does not paint a full picture of defendants' willingness to disclose information about their scheme to the Federal Reserve.  Permitting Mr. Markowitz to testify further on the subject would send the parties, the Court, and the jury down a rabbit hole.  By way of example, in another instance, the Federal Reserve requested, "[t]o the extent that strategies are recommenced by some other party (e.g., Solo)," "any document . . . which . . . clearly explains their role vis-à-vis the plan."  (Ex. 2 at GUNDERSON 00009822-23.)  In deciding how exactly to respond, Mr. Markowitz noted that they did not "have anything in writing" and that he did not "think [they] want[ed] to have a document created," (*id.*), evidencing his desire to hide Solo's true "role" from the United States government.  In the same correspondence, Mr. Markowitz suggested withholding from the Federal Reserve "any custody documents unless they happen[ed] to be the specific ones [for] the plans [the Federal Reserve had] inquired about," (*id.* at -9817), directly undermining defendants' assertion that Mr. Markowitz was "willing[] to provide more information than the government had requested," (Defs. Letter at 2).  And in a separate email, Mr. Markowitz noted that the response to the Federal Reserve's question of whether "the transactions were executed by an investment manager/advisor on behalf of the pension plans" was evasive because it answered "only [that] there was no *U.S.* Investment manager or Advisor."  (Ex. 3 at WH_MDL_00322559-61 (emphasis added).)  Denying defendants' request would prevent a "trial within a trial" about the Federal Reserve's inquires, and whether the defendants were forthright in their responses. *Carroll v. Trump*, 124 F.4th 140, 176 (2d Cir. 2024) (not an abuse of discretion to preclude "further inquiry into [an] area" where doing so would create "confusion" and "unnecessary delay").

For the reasons set forth above, SKAT respectfully requests that the Court preclude Mr. Markowitz from testifying about the May through June 2014 email correspondence regarding the Federal Reserve's inquiries.[2]

---

2.  To the extent the Court permits the introduction of this document, SKAT requests that any information regarding Kaye Scholer's involvement be redacted, to which defendants do not object.  (*See* Defs. Letter at 2 n.1.)

Respectfully submitted,


/s/ Marc A. Weinstein
Marc A. Weinstein

cc: all counsel of record (via ECF)