

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

January 26, 2025

**VIA ECF & HAND DELIVERY**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)[1]

Dear Judge Kaplan:

      We write on behalf of plaintiff Skatteforvaltningen ("SKAT") in response to defendants' January 22, 2025 letter requesting that the Court allow defendants to "introduce examples of (1) certain partnership tax returns; and reports filed with the United States Treasury Department disclosing (2) foreign accounts and account balances, and (3) the purchase and sale of foreign securities." (ECF No. 1396 ("Defs. Letter") at 1.)

      The proffered evidence is irrelevant and needlessly cumulative of the testimony about these filings Mr. Markowitz has given already. SKAT's argument is that defendants hid information from the Danish government, not the U.S. government, thus the tax returns and reports defendants filed in the U.S. have minimal, if any, probative value with respect to defendants' supposed good faith belief that the refund claims they made to SKAT were true. Defendants argue that "these forms show Defendants' disclosure of foreign bank accounts; the balances in those accounts; the volume of foreign securities traded; and the filing of tax returns." (Defs. Letter at 1.) But Mr. Markowitz has testified already that defendants "had to make

---

[1]. This letter relates to the trial one cases: 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

significant disclosures to the U.S. government for both the amount of trading we did on a monthly basis, the holdings we had, and we also had to do certain tax filings for balances in our accounts in a foreign country like the UK." (Ex. 1 (Trial Tr.) 1190:1-8; *see also id.* at 1190:9-1191:2.) Showing the jury 130 pages of these filings to emphasize the tangential point that the defendants made them is needlessly cumulative and a waste of time. *See United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983).

Neither are these documents relevant to defendants' statute of limitations defense. Even assuming the Danish government could have obtained all these filing from the U.S. government under the U.S.-Denmark Double Taxation Convention, the information therein would have done nothing to alert SKAT that the plans' refund claims were fraudulent. All SKAT would have seen from the TIC Form S and Form SLTs and FBARs is that the plans reported to the U.S. government that they held accounts at Solo with maximum values of several hundred thousand dollars and traded large volumes of foreign securities. (Defs. Letter Ex. 1 (DX6009) at 2; *id.* Ex. 2 (DX3289)[2] at 7, 19, 30, 41, 52, 63, 74; *id.* Ex. 3 (DX3500) at 4; *id.* Ex. 4 (PX1621) at 9; *id.* Ex. 5 (DX3571) at 3-4; *id.* Ex. 6 (DX3971) at 3.) But, of course, SKAT already knew that the plans had accounts at Solo and claimed to own large amounts of Danish shares from the refund claims themselves. Likewise, the RJM plan's K1 just shows that it was a partner in something called the "California Catalog General Partner. II," (Defs. Letter. Ex. 7 (DX3376)), not that defendants were using this partnership to distribute the proceeds of the fraud. Nor does it "clearly identify the relationship between Mr. Markowitz and Mr. van Merkensteijn's plans and the 'friends and family' plans," (Defs. Letter. at 3), because it does not identify any of the other partners.

Further, defendants' argument as to what information SKAT could have obtained and when is purely speculative. While defendants point to language in Article 26(1) of the U.S.-Denmark Double Taxation Convention to suggest that the treaty obligated the U.S. Secretary of the Treasury to provide the defendants' various filings to the Danish Minister of Taxation (Defs. Letter at 2), there is no evidence that in practice the U.S. government would have interpreted the article with the same breadth to encompass a request for hundreds to thousands of U.S. tax filings or that the U.S. government would have responded to such a request within any particular timeframe. Nor have defendants explained how SKAT supposedly should have known to ask for these forms with respect to these particular plans in 2014 in the first place. Thus, to the extent defendants' U.S. filings have any relevance to this case, the defendants still should not be permitted to use these documents to make the confusing and misleading argument that SKAT could have discovered its claims by obtaining these U.S. regulatory filings in 2014 or any time thereafter.

---

2. SKAT also objects to defendants' proffer of Kaye Scholer emails providing U.S. law regulatory advice, which the Court has previously excluded. *In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, 2024 WL 4696085, at *4 (S.D.N.Y. Nov. 6, 2024). Even if the defendants' TIC forms themselves had any relevance, evidence of the attorneys' involvement "risks suggesting to the jury that, because lawyers were involved to some degree with one aspect of events, the defendant was entitled to conclude that he was acting within the law with respect to some other aspect of events." *Id.* (citing *U.S. v. Bankman-Fried*, 2024 WL 477043, at *3 (S.D.N.Y. Feb. 7, 2024)).

        Respectfully submitted,

        /s/ Marc A. Weinstein
        Marc A. Weinstein

cc: all counsel of record (via ECF)