**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKATTEFORVALTNINGEN)
TAX REFUND SCHEME LITIGATION

This document relates to case nos.: 19-cv-01785;
19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783;
19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865;
19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922;
19-cv-01800; 19-cv-01788; 19-cv-01870; 19-cv-01791;
19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868;
19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906;
19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810;
19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898;
19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813;
19-cv-01930; 19-cv-01815; 19-cv-01818; 19-cv-01931;
19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

MASTER DOCKET

18-md-2865 (LAK)

## PROPOSED SPECIAL VERDICT FORM

**PLEASE Indicate your Verdict with a Check Mark (✓)**

1.    For each of the plans listed below, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that, in issuing refund payments to the plans, Plaintiff justifiably relied on false statements contained in the plan's reclaim applications?[1]

| Pension Plan | Yes | No |
|---|---|---|
| Albedo Management LLC Roth 401(K) Plan | | |
| Avanix Management LLC Roth 401K Plan | | |
| Azalea Pension Plan | | |
| Ballast Ventures LLC Roth 401(K) Plan | | |
| Bareroot Capital Investments LLC Roth 401(K) Plan | | |
| Batavia Capital Pension Plan | | |
| Calypso Investments Pension Plan | | |
| Cavus Systems LLC Roth 401(K) Plan | | |
| Cedar Hill Capital Investments LLC Roth 401(K) Plan | | |
| Eclouge Industry LLC Roth 401(K) Plan | | |
| Fairlie Investments LLC Roth 401(K)Plan | | |
| First Ascent Worldwide LLC Roth 401(K) Plan | | |
| Green Scale Management LLC Roth 401(K) Plan | | |

---

1.    The proposed special verdict form the parties' submitted on September 20, 2024, included three introductory questions asking to the jury to determine for every plan at issue in this trial whether (i) the plan submitted reclaim applications containing a material, false statement; (ii) SKAT justifiably relied on false statements in the plan's reclaim applications; and (iii) SKAT sustained damages because it justifiably relied on a material, false statement.  ECF No. 1197-1.  SKAT agrees with the Court that there is no factual issue for the jury to decide as to the first and third, *i.e.*, whether there was a material, false statement and whether SKAT sustained damages, and that "the best organization would be by individual defendant and then plans associated in one way or the other . . . with respect to [that] [d]efendant."  Tr. 1493:13-1495:8.  Thus, SKAT's proposal removes from the jury's consideration the questions of whether SKAT has proven a false statement and that it sustained damages, and asks the jury to answer whether SKAT has proven justifiable reliance in the section for each individual defendant and the plans with which they were associated, along with the rest of the disputed elements of SKAT's claims.  While defendants agree that the first question of whether SKAT has proven a false, material statement should be removed, they nonetheless contend that the verdict form still should include the other two introductory questions of whether SKAT has proven justifiable reliance and that is sustained damages with respect to every plan at issue, and that the jury should not answer any other questions with respect to a plan that it answers "no" for those two questions.  In addition to being lacking from an organizational perspective, defendants ignore that justifiable reliance is not an element of SKAT's unjust enrichment, money had and received, or payment by mistake claims.  The jury easily could find that defendants should not, in equity and good conscience, keep SKAT's money, even if SKAT has not proven that it relied justifiably on the misrepresentations in the refund claims.

| | | |
|---|---|---|
| Hadron Industries LLC Roth 401(K) Plan | | |
| Keystone Technologies LLC Roth 401(K) Plan | | |
| Loggerhead Services LLC Roth 401(K) Plan | | |
| Michelle Investments Pension Plan | | |
| PAB Facilities Global LLC Roth 401(K) Plan | | |
| Raubritter LLC Pension Plan | | |
| Remece Investments LLC Pension Plan | | |
| RJM Capital Pension Plan | | |
| Roadcraft Technologies LLC Roth 401(K) Plan | | |
| Routt Capital Pension Plan | | |
| Trailing Edge Productions LLC Roth 401(K) Plan | | |
| Xiphias LLC Pension Plan | | |
| 2321 Capital Pension Plan | | |
| Bowline Management Pension Plan | | |
| California Catalog Company Pension Plan | | |
| Clove Pension Plan | | |
| Davin Investments Pension Plan | | |
| Delvian LLC Pension Plan | | |
| DFL Investments Pension Plan | | |
| Laegeler Asset Management Pension Plan | | |
| Lion Advisory Inc. Pension Plan | | |
| Mill River Capital Management Pension Plan | | |
| Next Level Pension Plan | | |
| Rajan Investments LLC Pension Plan | | |
| Spirit on the Water Pension Plan | | |
| Traden Investments Pension Plan | | |
| Basalt Ventures LLC Roth 401(K) Plan | | |
| Battu Holdings LLC Roth 401K Plan | | |
| Bernina Pension Plan | | |
| Cantata Industries LLC Roth 401(K) Plan | | |
| Crucible Ventures LLC Roth 401(K) Plan | | |
| Dicot Technologies LLC Roth 401(K) Plan | | |
| Fulcrum Productions LLC Roth 401(K) Plan | | |

| | | |
|---|---|---|
| Limelight Global Productions LLC Roth 401(K) Plan | | |
| Monomer Industries LLC Roth 401(K) Plan | | |
| Omineca Pension Plan | | |
| Pinax Holdings LLC Roth 401(K) Plan | | |
| Plumrose Industries LLC Roth 401K Plan | | |
| Starfish Capital Management LLC Roth 401(K) Plan | | |
| Sternway Logistics LLC Roth 401(K) Plan | | |
| Tarvos Pension Plan | | |
| True Wind Investments LLC Roth 401(K) Plan | | |
| Tumba Systems LLC Roth 401(K) Plan | | |
| Vanderlee Technologies Pension Plan | | |
| Voojo Productions LLC Roth 401(K) Plan | | |
| Alden Investments Pension Plan | | |
| AOI Pension Plan | | |
| Carrick Holdings Pension Plan | | |
| Ganesha Industries Pension Plan | | |
| Mazagran Pension Plan | | |
| Pleasant Lake Productions Pension Plan | | |

2. For each of the plans listed below, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] it sustained damages because it justifiably relied on a material, false statement?

| Case No. | Pension Plan | Yes | No |
|---|---|---|---|
| 19-cv-01785 | Albedo Management LLC Roth 401(K) Plan | | |
| 19-cv-01867 | Avanix Management LLC Roth 401K Plan | | |
| 19-cv-01893 | Azalea Pension Plan | | |
| 19-cv-01781 | Ballast Ventures LLC Roth 401(K) Plan | | |
| 19-cv-01783 | Bareroot Capital Investments LLC Roth 401(K) Plan | | |
| 19-cv-01895 | Batavia Capital Pension Plan | | |
| 19-cv-01904 | Calypso Investments Pension Plan | | |
| 19-cv-01869 | Cavus Systems LLC Roth 401(K) Plan | | |

| | | | |
|---|---|---|---|
| 19-cv-01922 | Cedar Hill Capital Investments LLC Roth 401(K) Plan | | |
| 19-cv-01870 | Eclouge Industry LLC Roth 401(K) Plan | | |
| 19-cv-01791 | Fairlie Investments LLC Roth 401(K)Plan | | |
| 19-cv-01792 | First Ascent Worldwide LLC Roth 401(K) Plan | | |
| 19-cv-01926 | Green Scale Management LLC Roth 401(K) Plan | | |
| 19-cv-01868 | Hadron Industries LLC Roth 401(K) Plan | | |
| 19-cv-01929 | Keystone Technologies LLC Roth 401(K) Plan | | |
| 19-cv-01806 | Loggerhead Services LLC Roth 401(K) Plan | | |
| 19-cv-01906 | Michelle Investments Pension Plan | | |
| 19-cv-01808 | PAB Facilities Global LLC Roth 401(K) Plan | | |
| 18-cv-04833 | Raubritter LLC Pension Plan | | |
| 19-cv-01898 | Remece Investments LLC Pension Plan | | |
| 19-cv-01898 | RJM Capital Pension Plan | | |
| 19-cv-01812 | Roadcraft Technologies LLC Roth 401(K) Plan | | |
| 19-cv-01896 | Routt Capital Pension Plan | | |
| 19-cv-01815 | Trailing Edge Productions LLC Roth 401(K) Plan | | |
| 19-cv-01924 | Xiphias LLC Pension Plan | | |
| 19-cv-10713 | 2321 Capital Pension Plan | | |
| 19-cv-10713 | Bowline Management Pension Plan | | |
| 19-cv-10713 | California Catalog Company Pension Plan | | |
| 19-cv-10713 | Clove Pension Plan | | |
| 19-cv-10713 | Davin Investments Pension Plan | | |
| 19-cv-10713 | Delvian LLC Pension Plan | | |
| 19-cv-10713 | DFL Investments Pension Plan | | |
| 19-cv-10713 | Laegeler Asset Management Pension Plan | | |
| 19-cv-10713 | Lion Advisory Inc. Pension Plan | | |
| 19-cv-10713 | Mill River Capital Management Pension Plan | | |
| 19-cv-10713 | Next Level Pension Plan | | |
| 19-cv-10713 | Rajan Investments LLC Pension Plan | | |
| 19-cv-10713 | Spirit on the Water Pension Plan | | |
| 19-cv-10713 | Traden Investments Pension Plan | | |

| | | | |
|---|---|---|---|
| 19-cv-01866 | Basalt Ventures LLC Roth 401(K) Plan | | |
| 19-cv-01794 | Battu Holdings LLC Roth 401K Plan | | |
| 19-cv-01865 | Bernina Pension Plan | | |
| 19-cv-01798 | Cantata Industries LLC Roth 401(K) Plan | | |
| 19-cv-01800 | Crucible Ventures LLC Roth 401(K) Plan | | |
| 19-cv-01788 | Dicot Technologies LLC Roth 401(K) Plan | | |
| 19-cv-01928 | Fulcrum Productions LLC Roth 401(K) Plan | | |
| 19-cv-01803 | Limelight Global Productions LLC Roth 401(K) Plan | | |
| 19-cv-01801 | Monomer Industries LLC Roth 401(K) Plan | | |
| 19-cv-01894 | Omineca Pension Plan | | |
| 19-cv-01810 | Pinax Holdings LLC Roth 401(K) Plan | | |
| 19-cv-01809 | Plumrose Industries LLC Roth 401K Plan | | |
| 19-cv-01871 | Starfish Capital Management LLC Roth 401(K) Plan | | |
| 19-cv-01813 | Sternway Logistics LLC Roth 401(K) Plan | | |
| 19-cv-01930 | Tarvos Pension Plan | | |
| 19-cv-01818 | True Wind Investments LLC Roth 401(K) Plan | | |
| 19-cv-01931 | Tumba Systems LLC Roth 401(K) Plan | | |
| 19-cv-01918 | Vanderlee Technologies Pension Plan | | |
| 19-cv-01873 | Voojo Productions LLC Roth 401(K) Plan | | |
| 21-cv-05339 | Alden Investments Pension Plan | | |
| 21-cv-05339 | AOI Pension Plan | | |
| 21-cv-05339 | Carrick Holdings Pension Plan | | |
| 21-cv-05339 | Ganesha Industries Pension Plan | | |
| 21-cv-05339 | Mazagran Pension Plan | | |
| 21-cv-05339 | Pleasant Lake Productions Pension Plan | | |

Please answer the following questions only as to the plans for which you answered "yes" to Questions 1 and 2.  If there is no plan for which you answered "yes" to both of Questions 1 and 2, go directly to the last page.

### I.    Richard Markowitz & Plans Associated with Richard Markowitz[2]

1.    For the plans listed below, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence][3] that Richard Markowitz made or caused to be made the[4] false, material statements of fact to Plaintiff?

All _____    Some _____    None _____

    a.    If and only if you answered "Some" to Question 4, please identify below the plans for which you find that Richard Markowitz made or caused to be made the false, material statements of fact to Plaintiff?

| Pension Plan | |
|---|---|
| Albedo Management LLC Roth 401(K) Plan | |
| Avanix Management LLC Roth 401K Plan | |
| Ballast Ventures LLC Roth 401(K) Plan | |
| Bareroot Capital Investments LLC Roth 401(K) Plan | |
| Batavia Capital Pension Plan | |
| Cavus Systems LLC Roth 401(K) Plan | |
| Cedar Hill Capital Investments LLC Roth 401(K) Plan | |
| Eclouge Industry LLC Roth 401(K) Plan | |

---

2.    Per the Court's observations as to what may be a better organizational structure, SKAT proposes that the individual sections for each defendant should deal with SKAT's claims against the pension plans with which they were associated and that it will be clearer for the jury if the section headings indicate as much.  While they do not object to this structure, defendants contend that the Court should not be putting its imprimatur on certain plans being "associated with" a defendant.  SKAT contends that its proposed headings will be helpful for the jury and that there is no dispute that each defendant was "associated with" the plans listed in his or her section of the proposed verdict form.

3.    Defendants assert that the proper standard for a fraud claim under New York Law is "clear and convincing." *See, e.g., Elof Hansson USA Inc. v. Santiago*, 2022 WL 2208266, at *2 (2d Cir. June 21, 2022) (citing *Ferreyra v. Arroyo*, 35 N.Y.3d 127, 128 (2020)); *Laugh Factory, Inc. v. Basciano*, 608 F. Supp. 2d 549, 558 (S.D.N.Y. 2009). SKAT's verdict form concedes that it looks to New York law for every element of its claims. Its suggestion that it may apply New York law to determine elements of its claims but Danish law to determine the standard of proof is unsupported by precedent or common sense. In any event, SKAT is incorrect as a matter of Danish law that the preponderance of the evidence standard applies to fraud claims.  Memorandum of Law in Opposition to Plaintiff Skatteforvaltningen's Memorandum of Law on Issues of Disputed Foreign Law and Choice of Law (ECF No. 1114).

Per its Memorandum of Law on Issues of Disputed Foreign Law and Choice of Law (ECF No. 1071), SKAT contends that, under the relevant Danish law, the standard of proof that should be applied to SKAT's fraud and aiding and abetting claims is a preponderance of the evidence.

4.    Defendants object to the inclusion of "the" before "false, material statements" in this and similar questions. As defendants have admitted that each reclaim application included false, material statements, SKAT contends that it will be clearer for the jury if the verdict form refers to "the false, material statements" in the questions.

| | |
|---|---|
| Fairlie Investments LLC Roth 401(K)Plan | |
| First Ascent Worldwide LLC Roth 401(K) Plan | |
| Green Scale Management LLC Roth 401(K) Plan | |
| Hadron Industries LLC Roth 401(K) Plan | |
| Keystone Technologies LLC Roth 401(K) Plan | |
| Loggerhead Services LLC Roth 401(K) Plan | |
| Michelle Investments Pension Plan | |
| PAB Facilities Global LLC Roth 401(K) Plan | |
| Raubritter LLC Pension Plan | |
| Remece Investments LLC Pension Plan | |
| RJM Capital Pension Plan | |
| Roadcraft Technologies LLC Roth 401(K) Plan | |
| Routt Capital Pension Plan | |
| Trailing Edge Productions LLC Roth 401(K) Plan | |
| Xiphias LLC Pension Plan | |
| 2321 Capital Pension Plan | |
| Bowline Management Pension Plan | |
| California Catalog Company Pension Plan | |
| Clove Pension Plan | |
| Davin Investments Pension Plan | |
| Delvian LLC Pension Plan | |
| DFL Investments Pension Plan | |
| Laegeler Asset Management Pension Plan | |
| Lion Advisory Inc. Pension Plan | |
| Mill River Capital Management Pension Plan | |
| Next Level Pension Plan | |
| Rajan Investments LLC Pension Plan | |
| Spirit on the Water Pension Plan | |
| Traden Investments Pension Plan | |

9

2.  If you answered "yes" to Question 1 as to any plan, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Richard Markowitz knew that the statements were false or that he acted recklessly without regard to whether they were true or false?

Yes _____          No _____

3.  If you answered "yes" to Question 2, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Richard Markowitz made or caused the statements to be made in order to induce Plaintiff to rely upon them?

Yes _____          No _____

4.  For the plans listed below (the "Markowitz Plans"),[5] did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the plan knew that the statements in its reclaims were false or that it acted recklessly without regard to whether they were true or false?

All _____     Some _____        None _____

   a.  If and only if you answered "Some" to Question 4, please identify below the plans for which you find that Richard Markowitz made or caused to be made the false, material statements of fact to Plaintiff?

| Pension Plan | |
|---|---|
| Avanix Management LLC Roth 401K Plan | |
| Batavia Capital Pension Plan | |
| Cavus Systems LLC Roth 401(K) Plan | |
| Hadron Industries LLC Roth 401(K) Plan | |
| Michelle Investments Pension Plan | |
| Remece Investments LLC Pension Plan | |
| RJM Capital Pension Plan | |
| Routt Capital Pension Plan | |
| Xiphias LLC Pension Plan | |

---

5.    Defendants object to defining certain plans in the verdict form as the "Markowitz Plans" or the "van Merkensteijn Plans." SKAT's position is that there is no dispute that these plans were associated with Markowitz or van Merkensteijn, respectively, and that defining them as such will make the subsequent questions in the verdict form clearer and avoid the need for repetitious charts of the same plans.

5.   If you answered "yes" to Question 4 as to any Markowitz Plan, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the plan made or caused the statements to be made in order to induce Plaintiff to rely upon them?

Yes _____          No _____

6.   If you answered "yes" to Question 3 or 5 as to any plan, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that, in issuing refund payments to the plan, Plaintiff justifiably relied on the false statements contained in the plan's reclaim applications?

Yes _____          No _____

### c.     Aiding and Abetting Fraud Claims

7.   For the plans listed in Question 1, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that refund payments that were paid to the plans were procured by fraud perpetrated by someone else?

Yes _____          No _____

8.   If you answered "yes" to Question 8 as to any plan, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Richard Markowitz knew or consciously avoided knowing that the reclaim applications were fraudulent?

Yes _____          No _____

9.   If you answered "yes" to Question 9, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Richard Markowitz provided substantial assistance in the submission of fraudulent reclaim applications?

Yes _____          No _____

10.   If you answered "yes" to Question 7 as to any Markowitz Plan, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the plan knew or consciously avoided knowing that the reclaim applications were fraudulent?

Yes _____          No _____

11.   If you answered "yes" to Question 10, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the plan provided substantial assistance in the submission of fraudulent reclaim applications?

Yes _____          No _____

### d.     Negligent Misrepresentation Claims

12.   For any of the plans for which you answered "yes" to in Question 1, did Plaintiff prove by a preponderance of the evidence that Richard Markowitz failed to use reasonable care to ensure that the statements in the reclaim applications were correct?

Yes _____          No _____

13. If you answered "yes" to Question 12, did Plaintiff prove by a preponderance of the evidence that Richard Markowitz knew, or reasonably should have known, that a person in Plaintiff's position would rely on the false statements in the reclaim applications?

Yes _____    No _____

14. For the Markowitz Plans, did Plaintiff prove by a preponderance of the evidence that the plans failed to use reasonable care to ensure that the statements in the reclaim applications were correct?

Yes _____    No _____

15. If you answered "yes" to Question 14, did Plaintiff prove by a preponderance of the evidence that the Markowitz Plans knew, or reasonably should have known, that a person in Plaintiff's position would rely on the false statements in the reclaim applications?

Yes _____    No _____

16. If you answered "yes" to Questions 13 or 15, did Plaintiff prove by a preponderance of the evidence that, in issuing refund payments to the plan, Plaintiff justifiably relied on the false statements contained in the plan's reclaim applications?

Yes _____    No _____

**e.    Unjust Enrichment/Money Had & Received/Payment by Mistake Claims**

17. Did Plaintiff prove by a preponderance of the evidence that Richard Markowitz received money belonging to Plaintiff?

Yes _____    No _____

18. If you answered "yes" to Question 17, did Plaintiff prove by a preponderance of the evidence that equity and good conscience do not permit Richard Markowitz to retain that money?

Yes _____    No _____

19. If you answered "yes" to Question 18, what is the dollar amount of [compensatory damages/damages] [Plaintiff is entitled to receive from Richard Markowitz/Richard Markowitz should be required to pay to Plaintiff]?[6]

$_____

20. Did Plaintiff prove by a preponderance of the evidence that the Markowitz Plans received money belonging to Plaintiff?

Yes _____    No _____

---

[6]    SKAT proposes the question, "what is the dollar amount of damages Plaintiff is entitled to receive from Richard Markowitz?"  Defendants propose, "what is the dollar amount of compensatory damages Richard Markowitz should be required to pay to Plaintiff?"

21. If you answered "yes" to Question 20, did Plaintiff prove by a preponderance of the evidence that equity and good conscience do not permit the Markowitz plans to retain that money?

Yes _____    No _____

22. If you answered "yes" to Question 21, what is the dollar amount of [compensatory damages/damages] [Plaintiff is entitled to receive from the Markowitz Plans/the Markowitz Plans should be required to pay to Plaintiff]?

| Pension Plan | $ |
|---|---|
| Avanix Management LLC Roth 401K Plan | |
| Batavia Capital Pension Plan | |
| Cavus Systems LLC Roth 401(K) Plan | |
| Hadron Industries LLC Roth 401(K) Plan | |
| Michelle Investments Pension Plan | |
| Remece Investments LLC Pension Plan | |
| RJM Capital Pension Plan | |
| Routt Capital Pension Plan | |
| Xiphias LLC Pension Plan | |

## II.  Jocelyn Markowitz & Calypso Investments Pension Plan

### a.    Fraud Claims

23. Did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Jocelyn Markowitz made or caused to be made to Plaintiff the false, material statements of fact in the Calypso Investments Pension Plan's reclaims?

Yes _____    No _____

24. If you answered "yes" to Question 23, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Jocelyn Markowitz knew that the statements were false or that she acted recklessly without regard to whether they were true or false?

Yes _____    No _____

25. If you answered "yes" to Question 24, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Jocelyn Markowitz made or caused the statements to be made in order to induce Plaintiff to rely upon them?

Yes _____    No _____

26.  Did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the Calypso Investments Pension Plan knew that the statements in its reclaim applications were false or that it acted recklessly without regard to whether they were true or false?

Yes _____          No _____

27.  If you answered "yes" to Question 26, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the Calypso Investments Pension Plan made or caused the statements to be made in order to induce Plaintiff to rely upon them?

Yes _____          No _____

28.  If you answered "yes" to Question 25 or 27, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that, in issuing refund payments to the Calypso Investments Pension Plan, Plaintiff justifiably relied on the false statements contained in the plan's reclaim applications?

Yes _____          No _____

**b.    Aiding and Abetting Fraud Claims**

29.  Did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that refund payments that were paid to the Calypso Investments Pension Plan were procured by fraud perpetrated by someone else?

Yes _____          No _____

30.  If you answered "yes" to Question 29, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Jocelyn Markowitz knew or consciously avoided knowing that the reclaim applications were fraudulent?

Yes _____          No _____

31.  If you answered "yes" to Question 30, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Jocelyn Markowitz provided substantial assistance in the submission of fraudulent reclaim applications?

Yes _____          No _____

32.  If you answered "yes" to Question 29, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the Calypso Investments Pension Plan knew or consciously avoided knowing that the reclaim applications were fraudulent?

Yes _____          No _____

33.  If you answered "yes" to Question 32, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the Calypso Investments Pension Plan provided substantial assistance in the submission of fraudulent reclaim applications?

Yes _____          No _____

c.      **Negligent Misrepresentation Claims**

34.  If you answered "yes" to Question 23, did Plaintiff prove by a preponderance of the evidence that Jocelyn Markowitz failed to use reasonable care to ensure that the statements in the reclaim applications were correct?

Yes _____          No _____

35.  If you answered "yes" to Question 34, did Plaintiff prove by a preponderance of the evidence that Jocelyn Markowitz knew, or reasonably should have known, that a person in Plaintiff's position would rely on the false statements in the reclaim applications?

Yes _____          No _____

36.  Did Plaintiff prove by a preponderance of the evidence that the Calypso Investments Pension Plan failed to use reasonable care to ensure that the statements in the reclaim applications were correct?

Yes _____          No _____

37.  If you answered "yes" to Question 36, did Plaintiff prove by a preponderance of the evidence that the Calypso Investments Pension Plan knew, or reasonably should have known, that a person in Plaintiff's position would rely on the false statements in the reclaim applications?

Yes _____          No _____

38.  If you answered "yes" to Questions 35 or 37, did Plaintiff prove by a preponderance of the evidence that, in issuing refund payments to the plan, Plaintiff justifiably relied on the false statements contained in the plan's reclaim applications?

Yes _____          No _____

d.      **Unjust Enrichment/Money Had & Received/Payment by Mistake Claims**

39.  Did Plaintiff prove by a preponderance of the evidence that Jocelyn Markowitz received money belonging to Plaintiff?

Yes _____          No _____

40.  If you answered "yes" to Question 39, did Plaintiff prove by a preponderance of the evidence that equity and good conscience do not permit Jocelyn Markowitz to retain that money?

Yes _____          No _____

41.  If you answered "yes" to Question 40, what is the dollar amount of [compensatory damages/damages] [Plaintiff is entitled to receive from Jocelyn Markowitz/Jocelyn Markowitz should be required to pay to Plaintiff]?

$_____

42. Did Plaintiff prove by a preponderance of the evidence that the Calypso Investments Pension Plan received money belonging to Plaintiff?

Yes _____          No _____

43. If you answered "yes" to Question 42, did Plaintiff prove by a preponderance of the evidence that equity and good conscience do not permit the Calypso Investments Pension Plan to retain that money?

Yes _____          No _____

44. If you answered "yes" to Question 43, what is the dollar amount of [compensatory damages/damages] [Plaintiff is entitled to receive from the Calypso Investments Pension Plan /the Calypso Investments Pension Plan should be required to pay to Plaintiff]?

$_____

### III. <u>John van Merkensteijn</u> & Plans Affiliated with John van Merkensteijn

#### a.      <u>Fraud Claims</u>

45. For the plans listed below, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that John van Merkensteijn made or caused to be made the false, material statements of fact to Plaintiff?

All _____      Some _____      None _____

a.    If and only if you answered "Some" to Question 45, please identify below the plans for which you find that John van Merkensteijn made or caused to be made the false, material statements of fact to Plaintiff?

| Pension Plan | |
|---|---|
| Basalt Ventures LLC Roth 401(K) Plan | |
| Battu Holdings LLC Roth 401K Plan | |
| Bernina Pension Plan | |
| Cantata Industries LLC Roth 401(K) Plan | |
| Crucible Ventures LLC Roth 401(K) Plan | |
| Dicot Technologies LLC Roth 401(K) Plan | |
| Fulcrum Productions LLC Roth 401(K) Plan | |
| Limelight Global Productions LLC Roth 401(K) Plan | |
| Michelle Investments Pension Plan | |
| Monomer Industries LLC Roth 401(K) Plan | |
| Omineca Pension Plan | |
| Pinax Holdings LLC Roth 401(K) Plan | |

| | |
|---|---|
| Plumrose Industries LLC Roth 401K Plan | |
| Raubritter LLC Pension Plan | |
| Remece Investments LLC Pension Plan | |
| Starfish Capital Management LLC Roth 401(K) Plan | |
| Sternway Logistics LLC Roth 401(K) Plan | |
| Tarvos Pension Plan | |
| True Wind Investments LLC Roth 401(K) Plan | |
| Tumba Systems LLC Roth 401(K) Plan | |
| Vanderlee Technologies Pension Plan | |
| Voojo Productions LLC Roth 401(K) Plan | |
| Xiphias LLC Pension Plan | |
| 2321 Capital Pension Plan | |
| Bowline Management Pension Plan | |
| California Catalog Company Pension Plan | |
| Clove Pension Plan | |
| Davin Investments Pension Plan | |
| Delvian LLC Pension Plan | |
| DFL Investments Pension Plan | |
| Laegeler Asset Management Pension Plan | |
| Lion Advisory Inc. Pension Plan | |
| Mill River Capital Management Pension Plan | |
| Next Level Pension Plan | |
| Rajan Investments LLC Pension Plan | |
| Spirit on the Water Pension Plan | |
| Traden Investments Pension Plan | |

46.   If you answered "yes" to Question 45 as to any plan, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that John van Merkensteijn knew that the statements were false or that he acted recklessly without regard to whether they were true or false?

Yes _____          No _____

47. If you answered "yes" to Question 46, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that John van Merkensteijn made or caused the statements to be made in order to induce Plaintiff to rely upon them?

Yes _____     No _____

48. For the plans listed below (the "van Merkensteijn Plans"), did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the plan knew that the statements in its reclaims were false or that it acted recklessly without regard to whether they were true or false?

All _____     Some _____     None _____

    a. If and only if you answered "Some" to Question 48, please identify below the plans for which you find that John van Merkensteijn made or caused to be made the false, material statements of fact to Plaintiff?

| Pension Plan | |
|---|---|
| Basalt Ventures LLC Roth 401(K) Plan | |
| Bernina Pension Plan | |
| Omineca Pension Plan | |
| Starfish Capital Management LLC Roth 401(K) Plan | |
| Tarvos Pension Plan | |
| Voojo Productions LLC Roth 401(K) Plan | |
| Monomer Industries LLC Roth 401(K) Plan | |

49. If you answered "yes" to Question 48 as to any van Merkensteijn Plan, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the plan made or caused the statements to be made in order to induce Plaintiff to rely upon them?

Yes _____     No _____

50. If you answered "yes" to Question 47 or 49 as to any plan, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that, in issuing refund payments to the plan, Plaintiff justifiably relied on the false statements contained in the plan's reclaim applications?

Yes _____     No _____

**b.**     **Aiding and Abetting Fraud Claims**

51. For the plans listed in Question 45, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that refund payments that were paid to the plans were procured by fraud perpetrated by someone else?

                        Yes _____          No _____

52. If you answered "yes" to Question 51 as to any plan, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that John van Merkensteijn knew or consciously avoided knowing that the reclaim applications were fraudulent?

                        Yes _____          No _____

53. If you answered "yes" to Question 52, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that John van Merkensteijn provided substantial assistance in the submission of fraudulent reclaim applications?

                        Yes _____          No _____

54. If you answered "yes" to Question 51 as to any van Merkensteijn Plan, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the plan knew or consciously avoided knowing that the reclaim applications were fraudulent?

                        Yes _____          No _____

55. If you answered "yes" to Question 54, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the plan provided substantial assistance in the submission of fraudulent reclaim applications?

                        Yes _____          No _____

**c.**     **Negligent Misrepresentation Claims**

56. For any of the plans for which you answered "yes" to in Question 45, did Plaintiff prove by a preponderance of the evidence that John van Merkensteijn failed to use reasonable care to ensure that the statements in the reclaim applications were correct?

                        Yes _____          No _____

57. If you answered "yes" to Question 56, did Plaintiff prove by a preponderance of the evidence that John van Merkensteijn knew, or reasonably should have known, that a person in Plaintiff's position would rely on the false statements in the reclaim applications?

                        Yes _____          No _____

58. For the van Merkensteijn Plans, did Plaintiff prove by a preponderance of the evidence that the plans failed to use reasonable care to ensure that the statements in the reclaim applications were correct?

                        Yes _____          No _____

59. If you answered "yes" to Question 58, did Plaintiff prove by a preponderance of the evidence that the van Merkensteijn Plans knew, or reasonably should have known, that a person in Plaintiff's position would rely on the false statements in the reclaim applications?

Yes _____        No _____

60. If you answered "yes" to Questions 57 or 59, did Plaintiff prove by a preponderance of the evidence that, in issuing refund payments to the plan, Plaintiff justifiably relied on the false statements contained in the plan's reclaim applications?

Yes _____        No _____

     **d.**    **Unjust Enrichment/Money Had & Received/Payment by Mistake Claims**

61. Did Plaintiff prove by a preponderance of the evidence that John van Merkensteijn received money belonging to Plaintiff?

Yes _____        No _____

62. If you answered "yes" to Question 61, did Plaintiff prove by a preponderance of the evidence that equity and good conscience do not permit John van Merkensteijn to retain that money?

Yes _____        No _____

63. If you answered "yes" to Question 62, what is the dollar amount of [compensatory damages/damages] [Plaintiff is entitled to receive from John van Merkensteijn / John van Merkensteijn should be required to pay to Plaintiff]?

$_____

64. Did Plaintiff prove by a preponderance of the evidence that the van Merkensteijn Plans received money belonging to Plaintiff?

Yes _____        No _____

65. If you answered "yes" to Question 64, did Plaintiff prove by a preponderance of the evidence that equity and good conscience do not permit the van Merkensteijn plans to retain that money?

Yes _____        No _____

66. If you answered "yes" to Question 65, what is the dollar amount of [compensatory damages/damages] [Plaintiff is entitled to receive from the van Merkensteijn Plans/the van Merkensteijn Plans should be required to pay to Plaintiff]?

| Pension Plan | |
|---|---|
| Basalt Ventures LLC Roth 401(K) Plan | |
| Bernina Pension Plan | |
| Omineca Pension Plan | |
| Starfish Capital Management LLC Roth 401(K) Plan | |

| Tarvos Pension Plan | |
| Voojo Productions LLC Roth 401(K) Plan | |
| Monomer Industries LLC Roth 401(K) Plan | |

## IV. <u>Elizabeth van Merkensteijn</u> <span style="color:red">**& the Azalea Pension Plan**</span>

### a. <u>Fraud Claims</u>

67. Did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Elizabeth van Merkensteijn made or caused to be made to Plaintiff the false, material statements of fact in the Azalea Pension Plan's reclaims?

Yes _____        No _____

68. If you answered "yes" to Question 67, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Elizabeth van Merkensteijn knew that the statements were false or that she acted recklessly without regard to whether they were true or false?

Yes _____        No _____

69. If you answered "yes" to Question 68, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Elizabeth van Merkensteijn made or caused the statements to be made in order to induce Plaintiff to rely upon them?

Yes _____        No _____

70. Did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the Azalea Pension Plan knew that the statements in its reclaim applications were false or that it acted recklessly without regard to whether they were true or false?

Yes _____        No _____

71. If you answered "yes" to Question 70, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the Azalea Pension Plan made or caused the statements to be made in order to induce Plaintiff to rely upon them?

Yes _____        No _____

72. If you answered "yes" to Question 69 or 71, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that, in issuing refund payments to the Azalea Pension Plan, Plaintiff justifiably relied on the false statements contained in the plan's reclaim applications?

Yes _____        No _____

**b.    Aiding and Abetting Fraud Claims**

73.    Did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that refund payments that were paid to the Azalea Pension Plan were procured by fraud perpetrated by someone else?

Yes _____        No _____

74.    If you answered "yes" to Question 73, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Elizabeth van Merkensteijn knew or consciously avoided knowing that the reclaim applications were fraudulent?

Yes _____        No _____

75.    If you answered "yes" to Question 74, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that Elizabeth van Merkensteijn provided substantial assistance in the submission of fraudulent reclaim applications?

Yes _____        No _____

76.    If you answered "yes" to Question 75, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the Azalea Pension Plan knew or consciously avoided knowing that the reclaim applications were fraudulent?

Yes _____        No _____

77.    If you answered "yes" to Question 76, did Plaintiff prove by a [preponderance of the evidence/clear and convincing evidence] that the Azalea Pension Plan provided substantial assistance in the submission of fraudulent reclaim applications?

Yes _____        No _____

**c.    Negligent Misrepresentation Claims**

78.    If you answered "yes" to Question 67, did Plaintiff prove by a preponderance of the evidence that Elizabeth van Merkensteijn failed to use reasonable care to ensure that the statements in the reclaim applications were correct?

Yes _____        No _____

79.    If you answered "yes" to Question 78, did Plaintiff prove by a preponderance of the evidence that Elizabeth van Merkensteijn knew, or reasonably should have known, that a person in Plaintiff's position would rely on the false statements in the reclaim applications?

Yes _____        No _____

80.    Did Plaintiff prove by a preponderance of the evidence that the Azalea Pension Plan failed to use reasonable care to ensure that the statements in the reclaim applications were correct?

Yes _____        No _____

81. If you answered "yes" to Question 80, did Plaintiff prove by a preponderance of the evidence that the Azalea Pension Plan knew, or reasonably should have known, that a person in Plaintiff's position would rely on the false statements in the reclaim applications?

Yes _____    No _____

82. If you answered "yes" to Questions 79 or 81, did Plaintiff prove by a preponderance of the evidence that, in issuing refund payments to the plan, Plaintiff justifiably relied on the false statements contained in the plan's reclaim applications?

Yes _____    No _____

**d.    Unjust Enrichment/Money Had & Received/Payment by Mistake Claims**

83. Did Plaintiff prove by a preponderance of the evidence that Elizabeth van Merkensteijn received money belonging to Plaintiff?

Yes _____    No _____

84. If you answered "yes" to Question 83, did Plaintiff prove by a preponderance of the evidence that equity and good conscience do not permit Elizabeth van Merkensteijn to retain that money?

Yes _____    No _____

85. If you answered "yes" to Question 84, what is the dollar amount of [compensatory damages/damages] [Plaintiff is entitled to receive from Elizabeth van Merkensteijn / Elizabeth van Merkensteijn should be required to pay to Plaintiff]?

$_____

86. Did Plaintiff prove by a preponderance of the evidence that the Azalea Pension Plan received money belonging to Plaintiff?

Yes _____    No _____

87. If you answered "yes" to Question 86, did Plaintiff prove by a preponderance of the evidence that equity and good conscience do not permit the Azalea Pension Plan to retain that money?

Yes _____    No _____

88. If you answered "yes" to Question 87, what is the dollar amount of [compensatory damages/damages] [Plaintiff is entitled to receive from the Azalea Pension Plan /the Azalea Pension Plan should be required to pay to Plaintiff]?

$_____

**V.    Affirmative Defenses**

Please answer this section only if you found that any of the Defendants may be liable for at least one of the claims. If you have <u>not</u> found that any of the Defendants may be liable for any of the claims, please skip this section and turn to the final page of this Verdict Form.

a.    <u>Statute of Limitations<sup>7</sup></u>

89.  Have the Defendants proven by a preponderance of the evidence that Plaintiff knew or should have known before January 1, 2015 all of its then-available claims against that Defendant?

| | | | | |
|---|---|---|---|---|
| Richard Markowitz | Yes | _____ | No | _____ |
| Jocelyn Markowitz | Yes | _____ | No | _____ |
| Markowitz-Affiliated Pension Plans | Yes | _____ | No | _____ |
| John Van Merkensteijn | Yes | _____ | No | _____ |
| Elizabeth Van Merkensteijn | Yes | _____ | No | _____ |
| Van Merkensteijn-Affiliated Pension Plans | Yes | _____ | No | _____ |

*November 2019 Complaint[8]*

103.  Have the Defendants proven by a preponderance of the evidence that Plaintiff agreed to file claims against Defendants before March 1, 2019?

Yes _____        No _____

b.    <u>Assumption of Risk[9]</u>

---

7.      SKAT disputes that there is an evidentiary basis for the jury to find any statute of limitations defense and reserves its right to argue that the Court should not instruct the jury on such a defense or include any questions on it in the verdict form.

Defendants disagree and believe that questions concerning the availability and scope of this defense are properly resolved following the trial presentation and with appropriate instructions to the jury.

8.      SKAT disputes that the tolling agreement is ambiguous and even if it were, that there is any admissible evidence for the jury to determine the parties' intent in executing the tolling agreement.  While the Court stated that it would "take another look at the summary judgment papers" on this issue (but that defendants shouldn't "hold out a lot of hope"), Jan. 22, 2015 Tr. 24:10-12, SKAT respectfully submits that the Court was right to withdraw this issue from the jury's consideration the first time.  Tr. 1246:24-1247:4 ("But I'm telling you right now as a matter of law, the argument that the action is barred because it wasn't filed within 60 days is simply no good.").

9.      SKAT disputes that it is appropriate to charge the jury on an assumption of risk defense.  But in any event, assumption of risk is not a complete defense to SKAT's claims.  *See* CPLR 1411 ("the culpable conduct attributable to the claimant . . . including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished" proportionately).  It is also not a defense to SKAT's fraud claims.  It is only applicable to SKAT's negligent misrepresentation claims and the same as the comparative negligence defense below, if the jury answers yes, it will have to apportion fault between the parties.  As such, if

90. Have the Defendants proven by a preponderance of the evidence that Plaintiff knew and fully understood, or should have known and fully understood, that Defendants were not entitled to the dividend withholding tax refunds they claimed?

Yes _____        No _____

**c.    Failure To Mitigate[10]**

91. Have the Defendants proven by a preponderance of the evidence that Plaintiff failed to mitigate, minimize, and avoid the damages it is seeking in this case?

Yes _____        No _____

92. Of the total amount of damages you would award to Plaintiff, what percentage should be deducted based on Plaintiff's failure to mitigate?

_____%

**d.    Laches[11]**

93. Have the Defendants proven by a preponderance of the evidence that (1) Plaintiff inexcusably and unreasonably delayed asserting its claims despite having the opportunity to bring its claims sooner; (2) the Defendants lacked knowledge or notice that Plaintiff would assert its claims; and (3) the Defendants would be prejudiced or injured if Plaintiff were granted the relief it seeks?

Yes _____        No _____

---

defendants intend to include an assumption of risk defense, it should be combined with the comparative negligence questions such that the jury is asked to make the comparative causation determination only once.

Defendants disagree and believe that questions concerning the availability and scope of this defense are properly resolved following the trial presentation and with appropriate instructions to the jury.

10. SKAT contends that the failure to mitigate defense is inapplicable to the facts before the Court. But in any event, failure to mitigate is not a complete defense to SKAT's claims. *See Resolution Trust Corp. v. Mass. Mut. Life Ins. Co*., 93 F. Supp. 2d 300, 310 (W.D.N.Y. 2000) ("The duty to mitigate damages, of course, is implicit within the comparative negligence framework.").

Defendants disagree and believe that questions concerning the availability and scope of this defense are properly resolved following the trial presentation and with appropriate instructions to the jury.

11. SKAT contends that the defense of laches is not applicable to SKAT's claims because SKAT does not seek any equitable relief. *See Reeps v. BMW of N. Am., LLC*, 94 A.D.3d 475, 476 (1st Dept. 2012) ("the defense of laches is unavailable . . . since this is an action at law, in which no form of equitable relief is sought"). SKAT also disputes that there is an evidentiary basis to charge the jury on a laches defense.

Defendants disagree that the defense of laches is not applicable to SKAT's claims, *see Connecticut Gen. Life Ins. Co. v. Biohealth Lab'ys, Inc.*, 988 F.3d 127 (2d Cir. 2021) (construing CT law) (confirming the availability of laches defenses to unjust enrichment claims), and disagrees that there is insufficient evidentiary basis to charge the jury on a laches defense.

**e.**  **Comparative Negligence**

If you found any of the Defendants liable on Negligent Misrepresentation claims (Sections 1(c), 2(c), 3(c), and 4(c)), please answer the following questions.

94.  Have the Defendants proven by a preponderance of the evidence that Plaintiff was negligent in making payments to Defendants' pension plans?

Yes _____          No _____

95.  Have the Defendants proven by a preponderance of the evidence that Plaintiff's negligence was a substantial factor in bringing about its own injuries?

Yes _____          No _____

96.  Indicate the percentage of fault of Plaintiff, Solo/Sanjay Shah, Robert Klugman, Michael Ben-Jacob and each Defendant:

SKAT                                  _____%

Solo/Shah                             _____%

Michael Ben-Jacob                     _____%

Robert Klugman                        _____%

Richard Markowitz                     _____%

Jocelyn Markowitz                     _____%

Markowitz-Affiliated Pension Plans    _____%[12]

John Van Merkensteijn                 _____%

Elizabeth Van Merkensteijn            _____%

Van Merkensteijn-Affiliated Pension Plans    _____%

*Total*                               _____%

(Total Must Equal 100)

---

12.  Defendants object to the inclusion of the "Markowitz-Affiliated Plans" and "van Merkensteijn-Affiliated Plans." SKAT's position is that these plans are defendants in this trial, thus there is no reason the jury should not consider them in apportioning fault, if necessary, between SKAT, defendants, and the listed third parties.

### f.    Revenue Rule[13]

97.  If you awarded Plaintiff damages, do you find that SKAT's claims seek to recover taxes that any defendant owed to Denmark?

Yes _____          No _____

### g.    New York General Obligations Law § 15-108

98.  For the trading that took place on behalf of each of the plans listed below between 2012 and 2014—and not for any other plan or time period—indicate the percentage of fault for Plaintiff's injury for each of the following individuals:

| Case No. | Pension Plan |
| --- | --- |
| 19-cv-10713 | 2321 Capital Pension Plan |
| 19-cv-10713 | Bowline Management Pension Plan |
| 19-cv-10713 | California Catalog Company Pension Plan |
| 19-cv-10713 | Clove Pension Plan |
| 19-cv-10713 | Davin Investments Pension Plan |
| 19-cv-10713 | Delvian LLC Pension Plan |
| 19-cv-10713 | DFL Investments Pension Plan |
| 19-cv-10713 | Laegeler Asset Management Pension Plan |
| 19-cv-10713 | Lion Advisory Inc. Pension Plan |
| 19-cv-10713 | Mill River Capital Management Pension Plan |
| 19-cv-10713 | Next Level Pension Plan |
| 19-cv-10713 | Rajan Investments LLC Pension Plan |
| 19-cv-10713 | Spirit on the Water Pension Plan |
| 19-cv-10713 | Traden Investments Pension Plan |
| 19-cv-01906 | Michelle Investments Pension Plan |
| 19-cv-01924 | Xiphias LLC Pension Plan |
| 18-cv-04833 | Raubritter LLC Pension Plan |
| 19-cv-01898 | Remece Investments LLC Pension Plan |

---

13.     SKAT disputes that this is an appropriate question for the jury, particularly in light of defendants' admissions during their opening statements and Mr. Markowitz and Mr. van Merkensteijn's testimony that Sanjay Shah and Solo perpetrated a fraud on SKAT.  *See, e.g.*, Tr. 101:1-3 ("Is it a lie?  Yeah.  Solo Capital didn't have the shares.  That's not disputed.").  As defendants have admitted Solo's scheme was a "garden variety commercial fraud," the revenue rule has no applicability to this case.  *In re SKAT Tax Refund Scheme Litig.*, 356 F. Supp. 3d 300, 308 (S.D.N.Y. 2019).

Solo/Shah                                          _____%

Richard Markowitz                                  _____%

John Van Merkensteijn                              _____%

Jerome Lhote                                       _____%

Matthew Stein                                      _____%

Michael Ben-Jacob                                  _____%

*Total*                                            _____%

                                        (Total Must Equal 100)