IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION, OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br><br>This document relates to Case No: 18-cv-10090 | MASTER DOCKET<br><br>18-md-02865-LAK |

**<u>DEFENDANTS CAMBRIDGE WAY LLC 401K PROFIT SHARING PLAN AND SHREEPAL SHAH'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO REMAND TO THE TRANSFEROR COURT</u>**

John M. Hanamirian
HANAMIRIAN LAW FIRM, P.C.
40 E. Main Street
Moorestown, New Jersey 08057
(856) 793-9092 – o
(856) 793-9121 – f
jmh@hanamirian.com
*Counsel for Defendants Cambridge Way LLC 401K Profit Sharing Plan and Shreepal Shah*

# TABLE OF CONTENTS

Preliminary Statement ................................................................................................................ 3

Argument .................................................................................................................................. 4

    I.    The Cambridge Defendants Have Maintained the Same Position since the Inception of this Mult-District Litigation. ............................................................................................... 4

    II.    The Cambridge Defendants Cases Are Not Related to Referenced Cases ........................ 5

    III.    Remand is warranted ........................................................................................................ 6

Conclusion ................................................................................................................................ 6

Defendants Cambridge Way LLC 401K Profit Sharing Plan ("Cambridge Plan") and Shreepal Shah ("Shree") (together, the "Cambridge Defendants") respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Remand the Cambridge Defendants cases back to the transferor court, the United States District Court for the District of New Jersey.

## **PRELIMINARY STATEMENT**

From the inception of this Multi-District Litigation ("MDL"), the Cambridge Defendants have objected to the MDL consolidation. It was understood that the purpose of the MDL was to consolidate the discovery process given the number of Defendants and the potential overlap of discovery efforts; it was, however, the only purpose. The Cambridge Defendants objected, but participated. The Cambridge Defendants did not, however, concede to the ongoing Trial One litigation and maintain the position that further litigation within this MDL will cause irreparable harm if not remanded to the transferor court. Counsel for the Cambridge Defendants has offered the following objections to the Court:

(1) October 22, 2018, letter addressed to Judge Kaplan at ECF No. 4, Memo Endorsed at ECF No. 5;

(2) October 25, 2018, letter to Judge Kaplan at ECF No. 7;

(3) November 7, 2018, letter to Judge Kaplan at ECF No. 16:

    a. During the November 20, 2018, Status Conference before Your Honor that followed the filing of that letter, counsel for the Cambridge Defendants argued to not consolidate their matter with the other named defendants within this MDL. The underlying facts and issues concerning the Cambridge Defendants are individual in nature and concern different interests. The issues concerning the cases that were consolidated for this MDL compared to the Cambridge Defendants are significantly different from one another (ECF No. 1389-2);

3

(4) January 11, 2019, letter to Judge Kaplan at ECF No. 65;

(5) January 23, 2019, letter to Judge Kaplan at ECF No. 69:

    a. On January 24, 2019, there was a Case Management Conference before Your Honor to discuss ECF Nos. 65 and 69 and other pretrial matters. Counsel for the Cambridge Defendants asked Judge Kaplan if the Cambridge Defendants could sever their claims from the MDL, and that request was denied (ECF No. 1389-3; pp 10:12-11:2).

(6) On February 25, 2019, a Proposed Order Governing the Role of Lead Counsel was filed with the Court at ECF No. 84. Counsel for the Cambridge Defendants wrote to the Court at ECF No. 85 to strike the following Paragraph from that Proposed Order:

> 4. Lead Counsel shall endeavor to enter into appropriate agreements with counsel for the Consolidated Defendants governing the confidentiality and privileged nature of communications between and among defense counsel.

There was no subsequent Order filed with or by the Court.

The Cambridge Defendants continue to object to their participation in this MDL.

## ARGUMENT

**I.    The Cambridge Defendants Have Maintained the Same Position since the Inception of this Mult-District Litigation.**

During the January 10, 2024, Case Management Conference, the Court stated:

> *THE COURT: My general view -- and I can't give you a definitive application in this case -- is that when the case, figuratively speaking, is ready for jury selection, that's when I send them back.*

(ECF No. 1386-4; pp 34:1-4)

Plaintiff is incorrect in asserting that what transpired during the November 20, 2018, and January 24, 2019 Case Management Conferences would not be helpful herein. On the contrary, the arguments to not consolidate the Cambridge Defendants cases with this MDL are the same

arguments asserted within the Cambridge Defendants' Motion to Remand. The Cambridge Defendants have maintained the same position since the inception of this MDL and relied upon the Court's assertion in crafting a defense strategy.

## II. The Cambridge Defendants Cases Are Not Related to Referenced Cases

Plaintiff argument mischaracterizes Shree's involvement with Solo Capital Partners LLP ("Solo Capital") as somehow Shree engaging in the Trial One Defendants behaviors. To the contrary, Shree and the Cambridge Defendants are not at all similarly situated to the Trial One Defendants. The Trial One Defendants engaged in thousands of transactions with Solo Capital whereas Shree did not transact with Solo Capital at all. Instead, the Cambridge Defendants discovered that one of the oldest brokerage houses in the World was performing cum-ex trading in Denmark and reasonably relied on that institution's history and regulatory bodies for the validity of the underlying transactions. This was not a multi-plan, single trustee plan created for the purpose of engaging in Denmark cum-ex transactions. Rather, this was a well-established single participant pension plan.

Plaintiff next asserts the Cambridge Defendants should remain within this MDL because "at least 13 other current defendant pension plans in the MDL also used ED&F as custodian for their refund claims to SKAT". That commonality only matters if the claims relative to reliance on a third party are identical. These are fraud cases. The Plaintiff brought the claims in that manner to allow this Court to entertain jurisdiction, so now, they own it. Fraud claims, by their very nature, are unique and the Cambridge Defendants cannot rely upon other defendants to carry their water in that environment. That is the very reason that characterizing these claims in the context of an MDL was a square peg in a round hole. The MDL designation was useful for purposes of discovery and addressing these claims was monumental at the outset, but fundamental fairness dictates that

5

each defendant with claims against them sounding in fraud in this manner must be able to present their own defense.

### III. Remand is warranted.

The Cambridge Defendants will agree to forgo any additional discovery on remand and just try the case.

### CONCLUSION

The claims against the Cambridge Defendants should be remanded from this MDL to the transferor court for all the foregoing reasons.

Dated: February  5 , 2025  /s/ John M. Hanamirian

John M. Hanamirian
HANAMIRIAN LAW FIRM, P.C.
40 E. Main Street
Moorestown, New Jersey 08057
(856) 793-9092 – o
(856) 793-9121 – f
jmh@hanamirian.com
*Counsel for Defendants Cambridge Way LLC 401K Profit Sharing Plan and Shreepal Shah*

## CERTIFICATE OF SERVICE

I, John M. Hanamirian, Esq., hereby certify that on this, the 5th day of February 2025, copies of (a) Reply Memorandum of Law in Further Support of the Motion To Remand To The Transferor Court; and (b) this Certificate of Service, were electronically served upon all parties of record through the Court's CM/ECF filing system.

    /s/ John M. Hanamirian
John M. Hanamirian

Dated: February 5, 2025