# KOSTELANETZ LLP

7 WORLD TRADE CENTER, 34TH FLOOR
NEW YORK, NEW YORK 10007

WASHINGTON, DC OFFICE
601 NEW JERSEY AVENUE, NW, SUITE 260
WASHINGTON, DC 20001
—
TEL: (202) 875-8000
FAX: (202) 844-3500

TEL: (212) 808-8100
FAX: (212) 808-8108
www.kostelanetz.com

ATLANTA, GA OFFICE
4279 ROSWELL ROAD, NE, SUITE 208, # 352
ATLANTA, GA 30342
—
TEL: (404) 301-4791
FAX: (678) 680-7901

February 17, 2025

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation, No. 18-md-02865-LAK*

Dear Judge Kaplan:

We write on behalf of Defendants in response to SKAT's letter of February 12, 2025, which provided the Court with SKAT's proposed judgments for the trial one cases, to raise two principal issues. First, the Court should find that SKAT waived its right to prejudgment interest. Second, the judgments must ensure that Defendants are correctly credited with prior judgments and settlements involving other individuals.

1. **The Court should not award prejudgment interest.**

Prevailing plaintiffs who would otherwise be entitled to prejudgment interest under New York law can waive that right. *See, e.g.*, *Tender Loving Care Homes Inc. v. Reliable Fast Cash, LLC*, 172 N.Y.S.3d 335, 338 (N.Y. Sup. Ct. 2022) ("Reliable waived prejudgment interest."); *Power Up Lending Grp., Ltd. v. N. Am. Custom Specialty Vehicles, Inc.*, 2017 WL 3475504, at *4 (E.D.N.Y. July 26, 2017) ("Plaintiff has waived legal fees and prejudgment interest . . . ."); *J. D'Addario & Co. v. Embassy Indus., Inc*., 20 N.Y.3d 113, 117, 118 (2012) (finding exclusive remedy provision of contract waived prejudgment statutory interest even though "the contract never expressly mentioned statutory interest").

Here, SKAT's actions reflect such a waiver. While SKAT included a demand for interest in its complaints, SKAT omitted that demand from the pretrial order. *See* Joint Pretrial Order, ECF No. 1247, at 9 (asserting damages SKAT seeks without request for interest). Likewise, at trial, SKAT did not ask the jury to award prejudgment interest. To the contrary, SKAT based its case for damages on the amount of money, approximately $80 million in total, that the Defendants "took home" from the transactions at issue. *See, e.g.,* Tr.at 1374:14–1375:4 ("Q. Fair to say, Mr.

Markowitz, that as between yourself and your wife and Mr. van Merkensteijn and Mrs. van Merkensteijn, your pension plans took home $80 million? A. That sounds right."); *see also* Tr. 591:22–592:3 (testimony of Bruce Dubinsky) ("Q. Let's go to slide 104. A. So this is showing the total amount broken down by Mr. Markowitz, $38,221,035. . . . Mr. van Merkensteijn was $36,764,997. Ms. Jocelyn Markowitz was $1,824,028, and Ms. Elizabeth van Merkensteijn was $1,866,667."); Tr. 2262:17–18 (SKAT's rebuttal) ("These four defendants have now admitted that a massive fraud was committed on SKAT, from which they got $80 million."). Indeed, the very last argument that SKAT presented to the jury in this case, immediately after reminding them that Defendants received $80 million, was "[t]hat's the money that they have and that they should be paying back." Tr. 2288:10–2300:4.

It is understandable why SKAT would abandon its claim to prejudgment interest, for two reasons. First, the inclusion of prejudgment interest would increase the judgments even further beyond Defendants' capacity to pay. Second, the enormous disparity between the size of the judgments with interest and what Defendants received from the transactions would deter any reasonable jury. Without including prejudgment interest, the proposed judgments on SKAT's tort claims together amount to nearly $400 million, five times larger than the total sum that Defendants received from the transactions at issue.[1] This sum already vastly exceeds Defendants' capacity to pay, as any post-judgment discovery by SKAT will quickly confirm. With SKAT's proposed prejudgment interest, the judgments essentially double to nearly $800 million. Given that SKAT did not request prejudgment interest in the pretrial order and did not ask the jury to award such interest, the Court should not enter judgments amounting to nearly ten times the amount of money that Defendants received from the transactions.

Additionally, as to SKAT's restitution claims, whether there shall be prejudgment interest "and the rate and date from which it shall be computed shall be in the court's discretion." CPLR § 5001. For the reasons above, the Court should decline to impose any prejudgment interest on SKAT's restitution claims.[2]

## 2. Defendants must receive the full judgment credits to which they are entitled.

Given the size of the proposed judgments and how much they exceed the amounts Defendants received, it is crucial that Defendants be given the full credits to which they are legally entitled. As indicated in SKAT's letter, some of these credits against the proposed judgments relate to section 15-108 of the New York General Obligations Law ("GOL § 15-108"). But there is also the broader fact that "joint and several liability does not permit double recovery" for SKAT. *United States v. Nucci*, 364 F.3d 419, 423 (2d Cir. 2004); *see also Interpool Ltd. v. Patterson*,

---

[1] Defendants propose that the judgments refer to SKAT's "tort claims" rather than "fraud and negligence claims" and "restitution claims" rather than "unjust enrichment, money had and received, and payment by mistake claims."

[2] Any prejudgment interest award on SKAT's restitution claims would also be academic, as the damages arising from SKAT's tort claims without interest exceed the damages arising from SKAT's restitution claims with the addition of any reasonable interest amount.

1994 WL 665850, at *2–3 (S.D.N.Y. Nov. 28, 1994) (Kaplan, J.) ("eliminating duplication" in damages award to prevent "a double recovery" which "would be improper").

SKAT may have already collected compensation for the same harm at issue in these cases both from people and entities who have settled and from people and entities against whom judgments have been entered. For instance, SKAT informed the Court by letter dated March 26, 2024, ECF No. 976, that "the Court of Appeal in Dubai entered judgment against Sanjay Shah and the other defendants in SKAT's Dubai action, including Solo Capital and Ganymede, in the amount of . . . approximately $1.277 billion, plus interest." Defendants understand that additional parties have settled with SKAT, including some of the payment agents relevant to the reclaims at issue in this trial, and that judgment has also been entered in Denmark against Mr. Shah, who has substantial assets that SKAT may have collected or may collect in the future.

Accordingly, Defendants request that prior to entry of judgment in these cases SKAT disclose to Defendants and the Court the amounts of money it has collected—both from settlements and from judgments—in connection with the damages at issue. It is impossible for Defendants to predict how long it may take for SKAT to achieve a full recovery or how long SKAT's collection efforts may continue, so Defendants further request that SKAT make periodic disclosures to Defendants and the Court concerning the amount it has recovered relating to the damages at issue.[3]

Regarding GOL § 15-108, SKAT's letter informed the Court that SKAT "requires additional time to determine the amount of any such reductions" because "multiple settlements . . . may implicate that provision, each of which includes different sets of plans that overlap only partially, and to different extents, with the plans at issue at trial one." These settlements include but are not limited to those listed in the verdict form in connection with GOL § 15-108. Defendants agree that this may be a complex task, and Defendants foresee disagreement between the parties as to how to interpret the scope and import of those settlements.

It is possible, however, that any such disagreement is irrelevant. Defendants submit that, as a matter of black-letter law and the jury's findings of fact, the amount of GOL § 15-108 credits Defendants are entitled to is **at least** 19% of the judgment amounts.[4] GOL § 15-108(a) provides that a settlement "reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages . . . , whichever is the greatest." Defendants understand that at least Jerome Lhote, Matthew Stein, Robert Klugman, and Michael Ben-Jacob settled with SKAT before the trial. In the aggregate, the jury found those individuals 19% responsible "for SKAT's injury" relating to "the trading that took place on behalf of each of the plans at issue in the case during the period of 2012 to 2015." Tr. 2398–99. That finding is unambiguous. The jury made no finding about what responsibility, if

---

[3] Because SKAT may also make future recoveries from other individuals and entities liable in whole or in part for the same injury to SKAT, Defendants also request that the Court grant Defendants post-judgment discovery as to this issue.

[4] Although it appears that SKAT did not settle with Solo Capital or Mr. Shah, the jury found them 51% responsible for SKAT's injury, and any funds SKAT recovers from them should be apportioned to Defendants' liability.

any, those individuals may have for other refunds that SKAT paid that were not at issue in this case. Thus, if the aggregate amount of the settlements that relate in some degree to the damages at issue in this case is less than 19% of the judgments, any dispute between the parties as to those settlements is irrelevant, as GOL § 15-108 requires the Court to apply as a credit on the judgments "whichever [measure of the credit] is the greatest."

Once the proposed judgments are reduced by the exclusion of interest and by the credits to which Defendants are entitled, Defendants do not object to the entry of final judgment in these cases. Attached hereto as Exhibits 1–4 are the judgments that Defendants propose the Court enter, and attached hereto as Exhibits 5–8 are versions of those judgments showing the changes Defendants have made to the language proposed by SKAT.

Respectfully submitted,

Sharon L. McCarthy

cc: All counsel of record (Via ECF)