

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

March 6, 2025

**VIA ECF & HAND DELIVERY**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)[1]

Dear Judge Kaplan:

      We write on behalf of plaintiff Skatteforvaltningen ("SKAT") to provide the Court with a set of proposed judgments (Exhibit A hereto) for the trial one cases and a "roadmap" to the proposed judgments and SKAT's contentions, reflected therein, concerning the trial defendants' joint and several liability in the separate trial one cases.[2]

**The Proposed Judgments**

      Exhibit A hereto comprises 45 proposed judgments, one for each of the trial one cases. As the Court directed, each proposed judgment provides that SKAT has judgment on its fraud

---

1. This letter relates to the trial one cases: 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

2. At the February 27, 2025 conference, the Court directed SKAT to submit "a set of proposed judgments case by case" and "a single judgment" covering all the trial one cases. (Tr. 16:20-25.) At the March 5, 2025 conference, however, the Court explained that in view of the Supreme Court's decision in *Hall v. Hall*, the Court intends to enter a separate judgment for each case. *See, e.g.*, 584 U.S. 59, 72, 138 S.Ct. 1118, 1128 (2018) ("constituent cases" consolidated under Federal Rule of Civil Procedure 42(a) "should end in separate decrees or judgments"). As such, SKAT submits herewith just the "set of proposed judgments case by case."

claims, as SKAT's negligent misrepresentation damages are duplicative of, and its restitution damages are subsumed within, its fraud damages. And the amount of each judgment is simply (i) the amount of SKAT's payments on the refund claims submitted by the plan or plans at issue in that case, (ii) plus nine percent prejudgment interest, running from the date of each payment until March 15, 2025, *i.e.*, the date the Court anticipates entering the judgments, (iii) minus credits for amounts SKAT has recovered on its damages in that case through settlements or otherwise, the amount of which includes nine percent interest accruing from the date of the settlement or collection until the date of the judgment.[3]

SKAT contends that in each case where the jury found two or more defendants liable for fraud, those defendants are jointly and severally liable for the full amount of SKAT's damages in that case. *See, e.g.*, *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 556 (1992) ("[T]ortfeasors generally are jointly and severally liable for a judgment, meaning that each is responsible for the full amount regardless of culpability."). Thus, for instance, for the cases involving an individual defendant, *i.e.*, Mr. or Mrs. Markowitz or Mr. or Mrs. van Merkensteijn, and their respective plan, the proposed judgments provide that the individual and the plan—to take an example, Mr. Markowitz and his Avanix Management LLC Roth 401K Plan—are jointly and severally liable for the judgment. Likewise, in the three cases where the jury found Mr. Markowitz, Mr. van Merkensteijn, and a plan liable for fraud—as the jury did, for instance, with respect to the Michelle Investments Pension Plan case—the judgments provide that all three of Mr. Markowitz, Mr. van Merkensteijn and the plan are jointly and severally liable.[4] And for the two cases where both Mr. Markowitz and Mr. van Merkensteijn were found liable for fraud for the refund claims of plans that were not trial one defendants, but with which Mr. Markowitz and Mr. van Merkensteijn entered partnerships or in which they each otherwise had an interest, the proposed judgments provide that Mr. Markowitz and Mr. van Merkensteijn are jointly and severally liable there as well.[5] Finally, for the so-called "friends and family" cases where either Mr. Markowitz or Mr. van Merkensteijn was the sole trial defendant, the proposed judgments do not provide for any joint and several liability.

Exhibit B, enclosed herewith, includes charts summing up the cases in which (i) Mr. Markowitz and Mr. van Merkensteijn (and in three cases, a plan defendant too) are jointly and severally liable, (ii) the additional cases in which Mr. Markowitz is liable, including in six cases, jointly and severally with one of his plans, and (iii) the additional cases in which Mr. van Merkensteijn is liable, including in six cases, jointly and severally with one of his plans.[6]

---

3. Since the Danish kroner to U.S. dollar exchange rate on March 15, 2025, necessarily is unknown, SKAT converted the judgment amounts from kroners to dollars using the February 12, 2025 exchange rate of 0.1394 DKK/USD, *i.e.*, the same exchange rate SKAT used when it submitted its first set of proposed judgments (ECF No. 1417).

4. Those three cases are *Skatteforvaltningen v. Michelle Investments Pension Plan, et al.*, Case No. 19-cv-01906-LAK; *Skatteforvaltningen v. Remece Investments LLC Pension Plan, et al.*, Case No. 19-cv-01911-LAK; and *Skatteforvaltningen v. Xiphias LLC Pension Plan, et al.*, Case No. 19-cv-01924-LAK.

5. Those two cases are *Skatteforvaltningen v. Raubritter LLC Pension Plan, et al.*, Case No. 18-cv-04833-LAK; and *Skatteforvaltningen v. John van Merkensteijn, et al.*, Case No. 19-cv-10713-LAK.

6. Mrs. Markowitz and Mrs. van Merkensteijn each are liable in only one case jointly and severally with their respective plan. *See Skatteforvaltningen v. Calypso Investments Pension Plan and Jocelyn Markowitz*, Case

Including prejudgment interest and credits against the judgments, SKAT's judgments against Mr. Markowitz total $333,548,963.35 and its judgments against Mr. van Merkensteijn total $323,367,825.75, each of which amounts include $192,980,419.59 for which they are jointly and severally liable. The starting point for the calculation of each judgment, *i.e.*, SKAT's fraud damages, prior to adding interest and accounting for collection credits, was $269,431,789.10 against Mr. Markowitz and $261,446,245.92 against Mr. van Merkensteijn, which each include $150,930,374.46 for which they are jointly and severally liable. The reason for the small difference between these amounts and those set forth in the pretrial order, *i.e.*, $289,243,000.00 for Mr. Markowitz and $284,727,000.00 for Mr. van Merkensteijn, is that SKAT converted the amounts in the pretrial order from kroner to dollars using the prevailing exchange rate shortly before it was filed and the amounts in the judgments using the February 12, 2025 exchange rate.

Lastly, with respect to the offsets against the judgments, SKAT has provided defendants' counsel with detailed information showing how it calculated those amounts for each settlement for each case (and in one case, also for the Danish Bech-Bruun judgment related to the North Channel Bank fraud). SKAT offset the judgment amount in each case to the extent to which the case and the recovery relate, at least in part, to the same injury, *i.e.*, the same plan's fraudulent refund claims. And where a recovery and a case related in part to the same injury, SKAT calculated the offset as the portion of the recovery related to the refund claims submitted by the plan at issue in that case. For example, for a settlement with a payment agent that submitted refund claims on behalf of some, but not all, of the plans at issue at trial and for other plans as well, SKAT offset the judgments for only the trial one cases where the plan at issue used that payment agent and calculated that offset pro rata based on the amounts of the settlement payment and SKAT's claims released in the settlement.[7]

**Entry of partial final judgments pursuant to Rule 54(b)**

For those cases where the judgment against Mr. Markowitz or Mr. van Merkensteijn (or both of them) otherwise would not be final because it does not resolve all the claims against all the defendants in the case, *e.g.*, primarily the friends and family cases, the proposed judgment includes a decretal paragraph directing entry of a partial final judgment, pursuant to Federal Rule of Civil Procedure 54(b), upon the Court's finding that there is no just reason for delay.[8]

---

No. 19cv-01904-LAK; *Skatteforvaltningen v. Azalea Pension Plan and Elizabeth van Merkensteijn*, Case No. 19-cv01893-LAK.

7. With respect to SKAT's alternative restitution theories of recovery on which the jury found defendants liable, SKAT will provide the Court with the amounts of prejudgment interest to which it is entitled and any offsets to which defendants are entitled in the event that the fraud verdicts are overturned on appeal and that thus becomes necessary.

8. These are the cases listed in Exhibit C hereto. The cases that should be closed because all the claims against all the defendants were resolved at trial one are listed in Exhibit D hereto. With respect to case no. 19-cv-10713-LAK, in which SKAT sued Mr. Markowitz and Mr. van Merkensteijn, along with 14 pension plans that were not trial one defendants, SKAT voluntarily dismissed its claims against one plan defendant, and the Court entered a stipulation and order between SKAT and the 13 others, under which the plans agreed, in relevant part, to "be bound by the highest of any judgment entered in th[e] action against any of Defendants John van Merkensteijn" or "Richard Markowitz." (ECF No. 513.) SKAT previously voluntarily dismissed its claims against the defendant plan not party to the stipulation and accordingly has claims remaining against 13 plans in

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Thus, "[a] court may enter a partial final judgment pursuant to Rule 54(b) when three conditions are met: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an express determination that there is no just reason for delay." *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (internal quotation marks and brackets omitted). To determine whether there is no just reason for delay, courts "take into account judicial administrative interests as well as the equities involved." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980)). In each of the cases at issue, the first two conditions are satisfied because trial one resolved all of SKAT's claims against Mr. Markowitz and Mr. van Merkensteijn, while its claims against the other defendants in the actions remain pending.

There is no just reason to delay entry of final judgment against Mr. Markowitz and Mr. van Merkensteijn in these cases. For one thing, the claims against Mr. Markowitz and Mr. van Merkensteijn are "separable from the others" against the friends and family and their plans that "remain[] to be adjudicated." *Curtiss-Wright Corp.*, 446 U.S. at 8, 100 S.Ct. at 1465. The remaining issues for trial, if necessary, on SKAT's claims against the friends and family relate primarily to their mental states, the amount of SKAT's money they received, and any individual defenses they might have. *See Pearson Education, Inc. v. Heliosbooks, Inc.*, 2022 WL 970454, at *2 (S.D.N.Y. Mar. 31, 2022) (claims against different defendants were separable under Rule 54(b) since they "involve at least some different questions of fact and law and could be separately enforced" from those that remain).

Certifying the judgments as final also would avoid the potential for piecemeal appeals, whereby the trial defendants appeal now the judgments in the cases where they were the only defendants, and the rest after the claims against the friends and family defendants are resolved. That approach makes little sense here, where the cases were tried together based on the same evidence and any appeals are likely to raise the same issues. It would be vastly inefficient for two separate Second Circuit panels to delve into the same trial record on what presumably will be duplicative appeals. Additionally, Rule 54(b) certification avoids the "unnecessary hardship" of forcing Mr. Markowitz and Mr. van Merkensteijn, against whom SKAT has no remaining live claims, "to await final resolution" of the rest of SKAT's claims in some cases, instead of "bringing an appeal" on all of SKAT's claims against them at one time. *Choi v. Tower Research Capital LLC*, 2020 WL 2317363, at *2 (S.D.N.Y. May 11, 2020). And it also avoids the inequities of delaying SKAT's ability to collect in full on the judgments it obtained against Mr. Markowitz and Mr. van Merkensteijn. *Cf. Pereira v. Cogan*, 275 B.R. 472, 474 (S.D.N.Y. 2002) ("Courts have frequently found no just reason for delay, and entered a Rule 54(b) judgment, when the judgment debtor is insolvent or may become insolvent before the conclusion of judicial proceedings.") (collecting cases).

---

that case. As such, SKAT intends to discuss with counsel for those plans in short order the appropriate way to resolve the rest of the claims in that case, including potentially by way of a consent judgment.

                    Respectfully submitted,

                    <u>/s/ Marc A. Weinstein</u>
                    Marc A. Weinstein

cc: all counsel of record (via ECF)