# K&L GATES

March 20, 2025

John C. Blessington
john.blessington@klgates.com

T +1 617 261 3100
F +1 617 261 3175

**By ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK); Related Action: *Skatteforvaltningen v. The Goldstein Law Group PC 401(k) Profit Sharing Plan*, et al., 1:18-cv-05053

Dear Judge Kaplan:

  We write on behalf of defendants/third-party plaintiffs, The Goldstein Law Group PC 401(K) Profit Sharing Plan (the "Goldstein Plan"), Sheldon Goldstein, Scott Goldstein, and Acer Investment Group, LLC ("Acer") (collectively, the "Goldstein Defendants"). In Pretrial Order No. 44, the Court proposed to have "two more trials, one dealing with the remaining Solo Capital-related cases and the other with ED&F-related cases." Pretrial Order No. 44 (ECF 1419). As a consequence of Pretrial Order No. 51[1], however, the Court has consolidated the case involving the Goldstein Plan, which traded exclusively through ED&F Man Capital Markets, Ltd. ("ED&F") for all eight of its trades and had zero communications or interactions with Solo Capital, with two cases involving Sterling Alpha LLC 401k Profit Sharing Plan and Sander Gerber Pension Plan, which traded almost exclusively through Solo Capital (six out of seven trades at issue in those cases involved Solo Capital and only one involved ED&F).

---

[1] Pursuant to Pretrial Order No. 51, the Court consolidated the following cases as the "Trial 3 Cases": *Skatteforvaltningen v. The Goldstein Law Group PC 401(k) Profit Sharing Plan, et al.*, 1:18-cv-05053, (the "*Goldstein Action*"), *Skatteforvaltningen v. Del Mar Asset Management Saving & Retirement Plan, et al.*, 1:18-cv-5374 and *Skatteforvaltningen v. Federated Logistics LLC 401k, et al.*, 1:18-cv-8655 (together, the *Freelove Actions*), and *Skatteforvaltningen v. Sterling Alpha LLC 401k Profit Sharing Plan, et al.*, 1:18-cv-4894 and *Skatteforvaltningen v. Sander Gerber Pension Plan, et al.*, 1:18-cv-4899 (together, the "*Doscas Actions*").

The Goldstein Defendants had no involvement whatsoever with Solo Capital, and therefore any evidence regarding Solo Capital and Sanjay Shah is entirely irrelevant to SKAT's claims against the Goldstein Defendants. Such evidence is also unduly prejudicial to them, and that prejudice significantly outweighs any efficiencies to be gained from consolidation of the Trial 3 Cases, as the Court previously recognized in Pretrial Order No. 44. For this reason and those set forth below, the Goldstein Defendants respectfully request that the Court reconsider consolidation and order the Goldstein Defendants be tried separately from the other defendants in the Trial 3 Cases.

Rule 42 allows for the ordering of separate trials "to avoid prejudice." Separate trials are appropriate here because there are "many different defendants who are alleged to have harmed Plaintiff," and there are "significant differences" between the Trial 3 Cases that "could lead to guilt by association and spillover prejudice." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 171 (S.D.N.Y. 2009).

Here, the *Goldstein Action* involves Danish securities trading solely through ED&F, whereas the *Doscas Actions* involve trading almost exclusively through Solo Capital. As the Court is well aware, the Solo Capital trading, driven by Sanjay Shah, was the subject of Trial 1. Mr. Shah, who was recently tried and convicted in Denmark for crimes related to that very trading,[2] is an evidentiary keystone for SKAT's claims related to the alleged Solo Capital trading. Indeed, Mr. Shah's criminal activity, extradition, indictment, and ultimate conviction permeates any discussion of Solo Capital.

There is *no evidence*, however, that Mr. Shah or Solo Capital had anything to do with the Goldstein Defendants or ED&F. Thus, any trial in the *Goldstein Action* should not involve evidence concerning Mr. Shah or Solo Capital.

SKAT, however, will have to introduce such evidence in the *Doscas Actions*. If the *Goldstein* and *Doscas Actions* are consolidated for trial, it would unfairly prejudice the Goldstein Defendants because, among other things, a jury could infer that the Goldstein Defendants were somehow connected with the Shah/Solo Capital fraud.[3] At the March 5 conference, after a discussion as to whether Trial 2 would wrap up those cases for whom Solo Capital acted as custodian, the Court expressly stated it would not consolidate the Trial 3 Cases with the Trial 2 Cases, presumably because Trial 2 is entirely made up of cases involving Solo Capital. *See* Exhibit A, Hearing Tr. 4:19–5:7; 16:8–11. For that very same reason, the Court should not compel the

---

[2] *See, e.g.*, Reuters, Briton gets 12 years' jail in Denmark for 'cum-ex' tax fraud (December 12, 2024).

[3] *See Lopez v. City of New York*, No. 20-CV-2502 (LJL), 2021 WL 2739058, at *3 (S.D.N.Y. July 1, 2021) (noting "concerns regarding evidence that would be admissible against one defendant which would prejudice other defendants can be addressed when the Court considers how to conduct trial."); *Deskovic*, 673 F. Supp. 2d at 171 (explaining the "risk that trying all of Plaintiff's claims in a single trial could lead to guilt by association and spillover prejudice").

Goldstein Defendants be tried with *any* defendants that engaged with Solo Capital, including the defendants in the *Doscas Actions*.

It should be noted that SKAT proposed a "trial . . . for ED&F cases" that was separate and apart from Trial 1 and 2, which involved plans that traded through Solo. Exhibit A, Hearing Tr. 17:17–18. At the March 5 status conference, SKAT's counsel indicated that "in the proposed trial three, there are some Solo reclaims" related to Mr. Doscas's plans. *Id.* at 17:20–21. However, the *Doscas Actions* involve only a *single* trade through ED&F, as compared to six trades through Solo. Based on the relative volume of trades through Solo Capital at issue in the *Doscas Actions*, those cases should not be tried with the *Goldstein Action*.

Separate from the undue prejudice resulting from Solo Capital-related evidence, there are additional reasons why the Goldstein Defendants should have their own trial.

1. There is no connection between the Goldstein Defendants and the other defendants in the Trial 3 Cases, apart from their execution of trades through ED&F. The individuals in the *Goldstein Action* have never met any other defendants in the Trial 3 Cases. Similarly, the pension plans in the *Doscas* and *Freelove Actions* engaged with entities other than Acer Investment Group LLC.[4] Trying the *Goldstein Action* with the *Doscas* and *Freelove Actions* presents a substantial risk that the jury will infer connection, coordination, and possibly conspiracy between the defendants. *Deskovic*, 673 F. Supp. 2d at 171. By comparison, the cases consolidated in Trial 1 included defendants with extensive connection to each other (both personal and in relation to the conduct at issue), and the cases consolidated in Trial 2 also include connected defendants. *See* January 4, 2024 Letter from SKAT re Trial Proposal (ECF 948) at 3–5. Even then, and despite all of those defendants' involvement with Solo Capital, the Court did not order the Trial 1 and Trial 2 defendants to be tried together. There is also no risk for any inconsistent decisions if the *Goldstein Action* is tried separately from the other Trial 3 Cases because there is no evidence that the Goldstein Defendants were in any way affiliated with the other defendants in the Trial 3 Cases.

2. There is little efficiency, if any, to be gained from trying the Trial 3 Cases together. The *Goldstein Action* involves only 8 trades, half of which have been disavowed by ED&F. If the Trial 3 Cases are required to be tried together, the Goldstein Defendants would be forced into a trial involving 23 more trades in which the Goldstein Defendants had no involvement.

3. There is also no undue prejudice to SKAT to trying the *Goldsten Action* separately. SKAT filed its claims against the Goldstein, Doscas, and Freelove defendants

---

[4] The Trial 3 Cases also involve disparate alleged damages. The Trial 3 Cases, as presently consolidated, involve over $18 million in alleged damages to SKAT, for which the Goldstein Defendants are allegedly liable for less than $1.5 million.

3

separately. It should not come as a surprise that the Goldstein Defendants would expect to be tried on their own. There is also no schedule for the Trial 3 Cases yet and SKAT, itself, proposed a separate trial for all ED&F cases. *See* Exhibit A, Hearing Tr. 17:17–18. So, SKAT cannot claim to have relied on Pretrial Order No. 51 to prepare for Trial 3. While there is no undue prejudice to SKAT having to try separate cases, there is significant prejudice to the Goldstein Defendants to be tried with others, as noted above.

The risk of prejudice from consolidation of the Trial 3 Cases is substantial and was not present in the Trial 1 Cases, as set forth above. Tellingly, the four cases SKAT relied upon in its January 31, 2024 letter seeking consolidation of the Trial 1 Cases all involved claims where the defendants were alleged to have acted in concert together. *See* January 31, 2024 Letter from SKAT re Modified Trial Proposal (ECF 954) at n.4.[5]

At the March 5, 2025, status conference, the Court's focus was primarily on the consolidation of the "friends and family" plans with Trial 2. Counsel for Acer sought "to be heard on [the] issue as to whether or not the ED&F cases should all be consolidated and tried as one," as they are not related, and counsel for the Goldstein Defendants understood there would be an opportunity to be heard at a later date given the focus on Trial 2. Exhibit A, Hearing Tr., at 16:4–9. While the Court said it would not order groups two and three to be consolidated, the Court did not directly address the issue of Trial 3 consolidation, which it considered to be the "lowest priority" "[b]ecause of the numbers alone," Exhibit A, Hearing Tr., at 16:13–16, and yet then entered Pretrial Order No. 51 consolidating the *Goldstein*, *Freelove*, and *Doscas Actions* for a single trial.

For these reasons, the Goldstein Defendants respectfully request that the Court reconsider its consolidation ruling in Pretrial Order No. 51 and enter an order severing the Goldstein Defendants from the Trial 3 Cases.

---

[5] *See, e.g.*, Complaint (ECF 1), *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies*, 1:21-cv-01317-LAK (S.D.N.Y.), at ¶¶ 11–13 (defendants consisted of licensee, licensee's importer and distributor, and licensee's manufacturer); Complaint (ECF 1), *United States v. Gatto*, 1:17-cr-00686-LAK (S.D.N.Y.) (defendants charged with, among other crimes, wire fraud conspiracy and money laundering conspiracy); Complaint (ECF 1), *Infosint S.A. v. H. Lundbeck A/S*, 1:06-cv-02869-LAK-RLE (S.D.N.Y.), at ¶¶ 1–2, 6–11 (defendants consisted of parent company and subsidiary, and importer and seller of parent and subsidiary's allegedly patent-infringing product); Sealed Indictment (ECF 1), *United States v. Stein*, 1:05-cr-00888-LAK (S.D.N.Y.), at Count One, ¶ 15 (defendants charged with "Conspiracy" for "participat[ing] in a scheme to defraud the IRS").

Respectfully submitted,

| GUSRAE KAPLAN NUSBAUM PLLC | K&L GATES LLP |
|---|---|
| */s/ Kari Parks* | */s/ John C. Blessington* |
| Martin H. Kaplan | John C. Blessington (*pro hac vice*) |
|   mkaplan@gusraekaplan.com |   john.blessington@klgates.com |
| Kari Parks | Brandon R. Dillman (*pro hac vice*) |
|   kparks@gusraekaplan.com |   brandon.dillman@klgates.com |
| 120 Wall Street, 25th Floor | One Congress Street, Suite 2900 |
| New York, New York 10005 | Boston, MA 02114 |
| (212) 269-1400 | (617) 261-3100 |
| | |
| *Attorneys for The Goldstein Law Group PC 401(K) Profit Sharing Plan, Sheldon Goldstein, and Scott Goldstein* | *Attorneys for Acer Investment Group, LLC* |

cc:     all counsel of record (via ECF)