**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND LITIGATION<br><br>This document relates to: 18-cv-05053, 18-cv-09797, 18-cv-09836, 18-cv-09837, 18-cv-09838, 18-cv-09839, 18-cv-09840, 18-cv-09841, 18-cv-10100 | MASTER DOCKET<br><br>Case No.: 1:18-md-02865-LAK |
| ACER INVESTMENT GROUP, LLC<br><br>        Third-Party Plaintiff,<br><br>    v.<br><br>ED&F MAN CAPITAL MARKETS, LTD.,<br><br>        Third-Party Defendant. | |

## ANSWER OF THIRD-PARTY DEFENDANT
## MCML LIMITED TO FIRST AMENDED THIRD-PARTY COMPLAINT &
## JURY DEMAND OF ACER INVESTMENT GROUP, LLC

Third-Party Defendant MCML Limited, *f/k/a* ED&F Man Capital Markets, Ltd.

("ED&F" or "Third-Party Defendant"), by and through its undersigned attorneys, for its Answer

to Acer Investment Group, LLC's First Amended Third-Party Complaint and Jury Demand dated

May 28, 2024 (the "Amended Third-Party Complaint"), hereby answers and responds as follows:

ED&F lacks knowledge or information sufficient to form a belief about the truth or

falsity of any of the allegations that relate to any other party in this lawsuit, and therefore all

responses below pertain only to ED&F. With respect to those allegations, including headings

and subheadings, that do not address or refer to the acts or omissions of ED&F, ED&F submits that no response is required.

ED&F reserves the right to supplement its Answer and raise affirmative defenses that become available or apparent during the course of discovery and to amend its Answer accordingly.

## ANSWER

### GENERAL DENIAL

The preliminary paragraphs of the Amended Third-Party Complaint consist of arguments, legal conclusions, and unenumerated allegations or statements of fact as to which no response is required.  To the extent a response is required, ED&F denies the allegations in the preliminary paragraphs of the Amended Third-Party Complaint, except lacks knowledge or information regarding Acer's alleged beliefs and admits that the Plans designated Acer as their attorney-in-fact with respect to their trading accounts with ED&F and that ED&F received fees for services provided to the Plans.

### RESPONSE TO "PARTIES"

1.      ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Amended Third-Party Complaint.

2.      ED&F denies the allegations in Paragraph 2 of the Amended Third-Party Complaint, except admits that it executed trades in Danish securities for the Plans, provided documentation and information to the Plans, and charged fees in connection with its services. ED&F further responds that the business clients, certain staff, and selected assets of ED&F were acquired by a third party on October 1, 2022.

## RESPONSE TO "JURISDICTION AND VENUE"

3.      Paragraph 3 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 3 of the Amended Third-Party Complaint.

4.      Paragraph 4 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 4 of the Amended Third-Party Complaint.

5.      The allegations in Paragraph 5 of the Amended Third-Party Complaint are not directed at ED&F and assert legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 5 of the Amended Third-Party Complaint.

## RESPONSE TO "STATEMENT OF FACTS"

The headings and subheadings of the Statement of Facts section of the Amended Third-Party Complaint consist of unenumerated allegations as to which no response is required.  To the extent a response is required, ED&F denies the allegations in the headings and subheadings of the Statement of Facts section of the Amended Third-Party Complaint.

6.      ED&F denies the allegations in Paragraph 6 of the Amended Third-Party Complaint, except admits that it was formerly a broker registered with the Financial Conduct Authority ("FCA"), which regulates financial and securities markets in the United Kingdom.

7.      ED&F admits the allegations in Paragraph 7 of the Amended Third-Party Complaint and further responds that one or more of the referenced agreements was subject to subsequent variations.

3

8.      ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Amended Third-Party Complaint, except admits that (i) the American Investment Group of New York, L.P. Pension Plan claimed to have a registered office at a New Jersey address, (ii) the Goldstein Law Group PC 401(k) Profit Sharing Pension Plan claimed to have a registered office at a New York address, (iii) the Newsong Fellowship Church 401(k) Plan claimed to have a registered office at a Pennsylvania address, and (iv) the DW Construction, Inc. Retirement Plan, the Kamco Investments, Inc. Pension Plan, the Kamco LP Profit Sharing Pension Plan, the Linden Associates Defined Benefit Plan, the Moira Associates 401(K) LLC Plan, and the Riverside Associates Defined Benefit Plan each claimed to have a registered office at a Utah address.

9.      ED&F denies the allegations in Paragraph 9 of the Amended Third-Party Complaint, except admits that the Plans maintained brokerage accounts with ED&F starting in or about June 2012 and designated Acer as their attorney-in-fact with respect to their trading accounts with ED&F.

10.     Paragraph 10 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 10 of the Amended Third-Party Complaint.

11.     Paragraph 11 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 11 of the Amended Third-Party Complaint, except admits it was required to comply with applicable law.

12.     ED&F denies the allegations in Paragraph 12 of the Amended Third-Party Complaint, except admits that each Plan designated Acer as its attorney-in-fact with respect to its trading account with ED&F.

13.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Amended Third-Party Complaint.

14.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Amended Third-Party Complaint, except admits that each Plan designated Acer as its attorney-in-fact with respect to its trading account with ED&F and provided ED&F with telephone and fax numbers for Stacey Kaminer.

15.     ED&F denies the allegations in Paragraph 15 of the Amended Third-Party Complaint, except admits that ED&F communicated with the Plans through Acer.

16.     ED&F denies the allegations in Paragraph 16 of the Amended Third-Party Complaint, except admits that ED&F executed trades for the Plans and communicated with the Plans through Acer.

17.     ED&F denies the allegations in Paragraph 17 of the Amended Third-Party Complaint, except admits that it executed trades in Danish securities for the Plans, provided account statements, and prepared one or more tax vouchers.

18.     ED&F denies the allegations in Paragraph 18 of the Amended Third-Party Complaint.

19.     Paragraph 19 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 19 of the Amended Third-Party Complaint.

20.    Paragraph 20 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.

21.    Paragraph 21 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 21 of the Amended Third-Party Complaint.

22.    ED&F denies the allegations in Paragraph 22 of the Amended Third-Party Complaint, except admits that in the period between December 2013 and August 2015, one or more of the Plans traded in shares of certain Danish companies through ED&F.

23.    ED&F denies the allegations in Paragraph 23 of the Amended Third-Party Complaint, except admits that ED&F prepared certain documents, including buy/sell confirmations, account statements, and tax vouchers.

24.    ED&F denies the allegations in Paragraph 24 of the Amended Third-Party Complaint, except admits that buy/sell confirmations and account statements were provided to Acer and that ED&F would on occasion send copies of tax vouchers to Acer.

25.    ED&F denies the allegations in Paragraph 25 of the Amended Third-Party Complaint.

26.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Amended Third-Party Complaint.

27.    ED&F denies the allegations in Paragraph 27 of the Amended Third-Party Complaint, except lacks knowledge or information sufficient to form a belief about the truth of the allegation that Stacey Kaminer was a "Utah-based Acer principal authorized to operate the ED&F accounts for the Plans" and admits that each Plan designated Acer as its attorney-in-fact

with respect to its trading account with ED&F, that ED&F provided Acer with account statements, and that ED&F would on occasion send copies of tax vouchers to Acer.

28.     ED&F denies the allegations in Paragraph 28 of the Amended Third-Party Complaint, except admits that ED&F executed certain securities transactions and prepared one or more tax vouchers.

29.     ED&F denies the allegations in Paragraph 29 of the Amended Third-Party Complaint, except admits that ED&F prepared one or more tax vouchers and respectfully refers the Court to the tax vouchers for their contents.

30.     ED&F denies the allegations in Paragraph 30 of the Amended Third-Party Complaint, except admits that ED&F prepared tax vouchers in connection with dividends for which the Plans made claims for withholding tax refunds.

31.     ED&F denies the allegations in Paragraph 31 of the Amended Third-Party Complaint, except admits that ED&F was aware that the Plans were likely to request withholding tax refunds through Goal Taxback.

32.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Amended Third-Party Complaint, except admits that in some instances ED&F sent tax vouchers directly to Goal Taxback.  ED&F further responds that on other occasions it sent tax vouchers directly to the relevant plan's authorized agent, and in the instances in which it sent tax vouchers directly to Goal Taxback, it did so on the express instructions of the relevant plan's authorized agent.

33.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Amended Third-Party Complaint, except admits that ED&F would on occasion send copies of tax vouchers to Acer.

34.     ED&F denies the allegations in Paragraph 34 of the Amended Third-Party Complaint, except admits that the tax vouchers included in Exhibit A to the Amended Third-Party Complaint were prepared by ED&F.

35.     ED&F admits the allegations in Paragraph 35 of the Amended Third-Party Complaint.

36.     ED&F denies the allegations in Paragraph 36 of the Amended Third-Party Complaint, except admits that each of the tax vouchers indicated a dividend amount "[r]eceived" and a withholding tax '[s]uffered'.

37.     ED&F denies the allegations in Paragraph 37 of the Amended Third-Party Complaint.

38.     ED&F denies the allegations in Paragraph 38 of the Amended Third-Party Complaint, except admits that it prepared tax vouchers and in some instances sent tax vouchers directly to Goal Taxback.  ED&F further responds that on other occasions it sent tax vouchers directly to the relevant plan's authorized agent, and in the instances in which it sent tax vouchers directly to Goal Taxback, it did so on the express instructions of the relevant plan's authorized agent.

39.     ED&F denies the allegations in Paragraph 39 of the Amended Third-Party Complaint, except admits that ED&F provided Acer with account statements.

40.     Paragraph 40 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 40 of the Amended Third-Party Complaint.

41.     ED&F denies the allegations in the first sentence of Paragraph 41 of the Amended Third-Party Complaint and lacks knowledge or information sufficient to form a belief about the

truth of the allegations in the second sentence of Paragraph 41 of the Amended Third-Party Complaint.

42.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Amended Third-Party Complaint.

43.     The allegations in Paragraph 43 of the Amended Third-Party Complaint purport to describe the contents of a court filing and do not require a response.  To the extent a response is required, ED&F denies the allegations in Paragraph 43 of the Amended Third-Party Complaint and refers the Court to the relevant court filing for its contents.

44.     ED&F denies the allegations in Paragraph 44 of the Amended Third-Party Complaint, except admits that ED&F received fees for services provided to the Plans.

45.     ED&F denies the allegations in Paragraph 45 of the Amended Third-Party Complaint.

46.     ED&F denies the allegations in Paragraph 46 of the Amended Third-Party Complaint.

47.     Paragraph 47 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 47 of the Amended Third-Party Complaint.

48.     ED&F denies the allegations in Paragraph 48 of the Amended Third-Party Complaint.

49.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Amended Third-Party Complaint, except admits that SKAT sued the Plans and some of the Individual Defendants in or about 2018, asserting causes

of action for fraud, aiding and abetting fraud, negligent misrepresentation, unjust enrichment, and money had and received.

50.     ED&F denies the allegations in the first sentence of Paragraph 50 of the Amended Third-Party Complaint and lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 50 of the Amended Third-Party Complaint, except admits that SKAT filed amended pleadings in the above-captioned actions in or about 2020, adding Acer as a defendant and asserting causes of action against Acer for, among other things, aiding and abetting fraud.

51.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Amended Third-Party Complaint.

52.     ED&F admits the allegations in Paragraph 52 of the Amended Third-Party Complaint.

53.     The allegations in Paragraph 53 of the Amended Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent a response is required, ED&F denies the allegations in Paragraph 53 of the Amended Third-Party Complaint, except admits that the Amended Defence was filed in September 2019 and respectfully refers to the Court to the Amended Defence for its contents.

54.     The allegations in Paragraph 54 of the Amended Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent a response is required, ED&F denies the allegations in Paragraph 54 of the Amended Third-Party Complaint, except admits that Annex E to the Amended Defence identified certain tax vouchers containing inaccurate information and respectfully refers the Court to the Amended Defence for its contents.

55.    ED&F denies the allegations in Paragraph 55 of the Amended Third-Party Complaint, except admits that Annex E to the Amended Defence is attached to the Amended Third-Party Complaint as Exhibit B.

56.    The allegations in Paragraph 56 of the Amended Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent a response is required, ED&F denies the allegations in Paragraph 56 of the Amended Third-Party Complaint and respectfully refers the Court to the Amended Defence for its contents.

57.    ED&F denies the allegations in Paragraph 57 of the Amended Third-Party Complaint and respectfully refers the Court to the Amended Defence for its contents.

58.    ED&F denies the allegations in Paragraph 58 of the Amended Third-Party Complaint, except admits that a review revealed that tax vouchers identified in Annex E were inaccurate because the relevant pension plans had received a payment which, though equivalent in value to a dividend net of 27% withholding tax, was not itself the identified net dividend from the Danish listed company.

59.    ED&F denies the allegations in Paragraph 59 of the Amended Third-Party Complaint.

60.    ED&F denies the allegations in Paragraph 60 of the Amended Third-Party Complaint, except admits that ED&F would on occasion send copies of tax vouchers to Acer and that tax vouchers identified in Annex E of the Amended Defence should not have been produced to the extent they contained inaccurate information.

61.    Paragraph 61 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 61 of the Amended Third-Party Complaint.

62.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Amended Third-Party Complaint.

63.     ED&F denies the allegations in Paragraph 63 of the Amended Third-Party Complaint, except admits that ED&F received fees for services provided to the Plans in connection with the securities transactions.

64.     ED&F denies the allegations in Paragraph 64 of the Amended Third-Party Complaint.

65.     ED&F denies the allegations in the first sentence of Paragraph 65 of the Amended Third-Party Complaint and lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 65 of the Amended Third-Party Complaint.

66.     ED&F denies the allegations in Paragraph 66 of the Amended Third-Party Complaint, except admits that on or about March 24, 2014, ED&F copied Stacey Kaminer, among others, on an email forwarding nine tax vouchers concerning TDC A/S securities.

67.     ED&F denies the allegations in Paragraph 67 of the Amended Third-Party Complaint and avers that the allegations in Paragraph 67 of the Amended Third-Party Complaint rely on incorrect assumptions.

68.     The allegations in Paragraph 68 of the Amended Third-Party Complaint purport to describe the contents of the Amended Defence and do not require a response.  To the extent a response is required, ED&F denies the allegations in Paragraph 68 of the Amended Third-Party Complaint, except admits that the Amended Defence was filed in September 2019 and respectfully refers the Court to the Amended Defence for its contents.

69.     ED&F denies the allegations in Paragraph 69 of the Amended Third-Party Complaint, except admits that the Amended Defence was filed in September 2019 and respectfully refers to the Court to the Amended Defence for its contents.

70.     ED&F denies the allegations in Paragraph 70 of the Amended Third-Party Complaint.

71.     ED&F denies the allegations in Paragraph 71 of the Amended Third-Party Complaint.

72.     ED&F denies the allegations in Paragraph 72 of the Amended Third-Party Complaint.

73.     ED&F denies the allegations in Paragraph 73 of the Amended Third-Party Complaint.

74.     ED&F denies the allegations in Paragraph 74 of the Amended Third-Party Complaint.

75.     ED&F denies the allegations in Paragraph 75 of the Amended Third-Party Complaint.

76.     ED&F denies the allegations in Paragraph 76 of the Amended Third-Party Complaint.

77.     ED&F denies the allegations in Paragraph 77 of the Amended Third-Party Complaint.

78.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Amended Third-Party Complaint.

79.     ED&F denies the allegations in Paragraph 79 of the Amended Third-Party Complaint and avers that the allegations in Paragraph 79 of the Amended Third-Party Complaint rely on incorrect assumptions.

80.     ED&F denies the allegations in Paragraph 80 of the Amended Third-Party Complaint and avers that the allegations in Paragraph 80 of the Amended Third-Party Complaint rely on incorrect assumptions.

81.     ED&F denies the allegations in Paragraph 81 of the Amended Third-Party Complaint.

82.     ED&F denies the allegations in Paragraph 82 of the Amended Third-Party Complaint.

83.     ED&F denies the allegations in Paragraph 83 of the Amended Third-Party Complaint.

84.     ED&F denies the allegations in Paragraph 84 of the Amended Third-Party Complaint.

85.     ED&F denies the allegations in Paragraph 85 of the Amended Third-Party Complaint.

86.     Paragraph 86 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 86 of the Amended Third-Party Complaint.

87.     The allegations in Paragraph 87 of the Amended Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent a response is required, ED&F denies the allegations in Paragraph 87 of the Amended Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

88.     ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Amended Third-Party Complaint.

89.     The allegations in Paragraph 89 of the Amended Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent a response is required, ED&F denies the allegations in Paragraph 89 of the Amended Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

90.     Paragraph 90 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 90 of the Amended Third-Party Complaint.

91.     Paragraph 91 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 91 of the Amended Third-Party Complaint.

## THIRD-PARTY CLAIM COUNT I
### Fraud

92.     In answer to Paragraph 92 of the Amended Third-Party Complaint, ED&F repeats and realleges the foregoing as if fully set forth herein.

93.     ED&F denies the allegations in Paragraph 93 of the Amended Third-Party Complaint, except admits that ED&F prepared tax vouchers and would on occasion send copies of tax vouchers to Acer.

94.     ED&F denies the allegations in Paragraph 94 of the Amended Third-Party Complaint, except admits that ED&F received fees for services provided to the Plans.

95.     ED&F denies the allegations in Paragraph 95 of the Amended Third-Party Complaint.

96.     ED&F denies the allegations in Paragraph 96 of the Amended Third-Party Complaint.

97.     ED&F denies the allegations in Paragraph 97 of the Amended Third-Party Complaint.

98.     ED&F denies the allegations in Paragraph 98 of the Amended Third-Party Complaint.

99.     Paragraph 99 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 99 of the Amended Third-Party Complaint.

100.    Paragraph 100 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 100 of the Amended Third-Party Complaint.

101.    ED&F denies the allegations in Paragraph 101 of the Amended Third-Party Complaint.

### THIRD-PARTY CLAIM COUNT II
### Negligent Misrepresentation

102.    In answer to Paragraph 102 of the Amended Third-Party Complaint, ED&F repeats and realleges the foregoing as if fully set forth herein.

103.    Paragraph 103 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 103 of the Amended Third-Party Complaint.

104.    Paragraph 104 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 104 of the Amended Third-Party Complaint.

105.    Paragraph 105 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 105 of the Amended Third-Party Complaint.

106.    Paragraph 106 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 106 of the Amended Third-Party Complaint.

107.    ED&F denies the allegations in Paragraph 107 of the Amended Third-Party Complaint.

108.    Paragraph 108 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 108 of the Amended Third-Party Complaint.

109.    Paragraph 109 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 109 of the Amended Third-Party Complaint.

## THIRD-PARTY CLAIM COUNT III
### Equitable Indemnification

110.    In answer to Paragraph 110 of the Amended Third-Party Complaint, ED&F repeats and realleges the foregoing as if fully set forth herein.

111.    Paragraph 111 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 111 of the Amended Third-Party Complaint.

112.    ED&F denies the allegations in Paragraph 112 of the Amended Third-Party Complaint.

113.    The allegations in Paragraph 113 of the Amended Third-Party Complaint purport to describe the contents of SKAT's pleadings and do not require a response.  To the extent a response is required, ED&F denies the allegations in Paragraph 113 of the Amended Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

114.    Paragraph 114 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 114.

### THIRD-PARTY CLAIM COUNT IV
### Apportionment of Fault – *Utah Actions*

115.    In answer to Paragraph 115 of the Amended Third-Party Complaint, ED&F repeats and realleges the foregoing as if fully set forth herein.

116.    ED&F denies the allegations in Paragraph 116 of the Amended Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

117.    Paragraph 117 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 117 of the Amended Third-Party Complaint and respectfully refers the Court to SKAT's pleadings for their contents.

118.    Paragraph 118 of the Amended Third-Party Complaint asserts legal conclusions as to which no response is required.  To the extent a response is required, ED&F denies the allegations in Paragraph 118 of the Amended Third-Party Complaint.

119.    ED&F lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119 of the Amended Third-Party Complaint and avers that inclusion of ED&F on a special verdict form for the purposes of allocation of fault is not appropriate.

## FIRST AFFIRMATIVE DEFENSE

120.    The Court lacks subject-matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

121.    The Court lacks personal jurisdiction over ED&F.

## THIRD AFFIRMATIVE DEFENSE

122.    Venue is improper because the Plans agreed to specific venue.

## FOURTH AFFIRMATIVE DEFENSE

123.    To the extent Acer has been damaged or injured, which ED&F denies, such damage was caused, in whole or in part, by Acer's own acts or omissions and/or the acts or omissions of other parties, including, but not limited to, fraud or negligence.

## FIFTH AFFIRMATIVE DEFENSE

124.    To the extent that Acer has been damaged or injured, which ED&F denies, such damage was caused in whole or in part, or increased by, Acer's failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

125.    Acer's claims are barred, in whole or in part, by the doctrines of waiver and/or release.

## SEVENTH AFFIRMATIVE DEFENSE

126.    Acer's claims may be barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

127.    Acer's claims may be barred, in whole or in part, by the doctrines of collateral estoppel, claim preclusion and/or *res judicata*.

19

### NINTH AFFIRMATIVE DEFENSE

128.    Acer's claims are barred, in whole or in part, by applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

129.    Acer's claims are barred, in whole or in part, by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

130.    Acer's claims are barred, in whole or in part, by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

131.    Acer, by its own actions and conduct, failed to exercise reasonable care and diligence on its own behalf, thereby causing or contributing to its alleged injuries and damages, if any.  Acer's recovery must therefore be reduced or eliminated altogether by the proportion of damages caused by its own acts and conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

132.    Any damages sustained by Acer as alleged in the Amended Third-Party Complaint were caused, in whole or in part, by the culpable conduct of other third parties over which ED&F had no control, and not as a result of any culpable conduct on the part of ED&F.

### FOURTEENTH AFFIRMATIVE DEFENSE

133.    The claims asserted by Acer directly contradict the terms of the relevant agreements by and between the Plans and ED&F and should therefore be dismissed.

### FIFTEENTH AFFIRMATIVE DEFENSE

134.    Acer has failed to state a claim upon which relief can be granted.

### SIXTEENTH AFFIRMATIVE DEFENSE

135.    Acer has suffered no injury in fact.

## JURY DEMAND

ED&F demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Third-Party Defendant MCML Limited, *f/k/a* ED&F Man Capital Markets, Ltd. respectfully requests that this Court enter judgment against Third-Party Plaintiff Acer Investment Group, LLC as follows:

(i) Judgment denying all relief requested by Acer;

(ii) Judgment dismissing with prejudice the Amended Third-Party Complaint as against ED&F in its entirety;

(iii) Judgment in favor of ED&F and against Acer in all respects;

(iv) An award to ED&F of reasonable attorneys' fees, costs and expenses; *and*

(v) Such other and further relief as the Court may deem just and appropriate.

Dated:  New York, New York
        April 14, 2025

**BINDER & SCHWARTZ LLP**

/s/ Neil S. Binder
Neil S. Binder
675 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-510-7008
nbinder@binderschwartz.com

*Attorneys for Third-Party Defendant MCML Limited*