**KAPLAN RICE LLP**

142 West 57th Street, Suite 4A, New York, NY 10019

Michelle A. Rice
Partner
Email: mrice@kaplanrice.com
Direct: 212.333.0227

December 15, 2025

Via ECF
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *In re: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation,* 18-md-2865 (LAK)

Dear Judge Kaplan:

      We write to update the Court regarding a development relevant to Kaplan Rice LLP's motion to withdraw from representing Defendant Edwin Miller ("Miller") and his five pension plans, Keystone Technologies LLC Roth 401(K) Plan, Green Scale Management LLC Roth 401(K) Plan, Cedar Hill Capital Investments LLC Roth 401(K) Plan, Tumba Systems LLC Roth 401(K) Plan and Fulcrum Productions LLC Roth 401(K) Plan ("Miller 401(K) Plans").

      On October 8, 2025, Kaplan Rice moved to withdraw from its representation of Miller and the Miller 401(K) Plans on the ground that Miller is unable to communicate with counsel as a direct result of his end-stage Alzheimer's Disease which has caused severe cognitive impairment. Defendant Miller is the sole trustee and beneficiary of the Miller 401(K) Plans and Miller is the sole member of the limited liability companies sponsoring the Miller 401(K) Plans. My firm also moved to withdraw on the ground that Miller has not paid any legal fees or expenses and my firm has received no legal fees or expense payments since February 2025, when Messrs. Markowitz and van Merkensteijn ceased to make any payments for any of the "friends and family" defendants. My firm's motion to withdraw is unopposed.

      On November 6, 2025, a voluntary Chapter 7 petition for bankruptcy was filed on behalf of Miller ("Debtor") in the Bankruptcy Court for the Southern District of New York. The claims against Miller are thus stayed under the bankruptcy code. As required by 11 U.S.C. § 541(a)(1), the assets of the Miller 401(K) Plans are included in the property of the Debtor's estate.

      At our conference before Your Honor on November 17, 2025, counsel for SKAT indicated that SKAT would "ask for a comfort letter from the bankruptcy court that . . .

[SKAT is] permitted to pursue the cases [solely against the Miller 401(K) Plans] in district court." The Court did not rule on the issue of whether the automatic stay arising from the Miller bankruptcy applied to the Miller 401(K) Plans. The Court scheduled another conference for December 17, 2025.

Last week, counsel for SKAT participated in the Section 341 Meeting of Creditors in Miller's Chapter 7 proceeding, which is held to examine the Debtor about his assets and liabilities and bankruptcy schedules. I am further advised that SKAT indicated its intent to challenge the exemption for Miller's 401(K) accounts in the Chapter 7 proceeding.

On December 9, 2025, I notified counsel for SKAT that my law firm has agreed to be acquired, effective January 1, 2026, and that I will be the head of the litigation department of the acquiring firm. We understand that the acquiring law firm has represented SKAT in substantially related matters, the details of which have not been disclosed to us. Counsel for SKAT confirmed that the law firm acquiring mine has represented SKAT, potentially creating a material conflict, as of January 1, 2026, between the interests of SKAT and the interests of the Miller 401(K) Plans, such that withdrawal of my representation of the Miller 401(K) Plans would be required. Although requested to do so, counsel for SKAT has declined to take a position regarding that issue. Instead, counsel for SKAT notified me today that they intend to request a delay of Wednesday's hearing.

We respectfully request that the Court allow Kaplan Rice to withdraw prior to January 1, 2026 for the reasons stated in the motion to withdraw and based on this evident conflict. To the extent that the Court believes the resolution of Kaplan Rice's motion requires another hearing, we respectfully request that the Court deny counsel for SKAT's request to delay Wednesday's hearing to late January 2026.

Respectfully submitted,

/s/ Michelle A. Rice

Michelle A. Rice

cc:   All counsel of record via ECF