**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | MASTER DOCKET  18-md-2865 (LAK) |
| This document relates to case nos.: 1:18-cv-05374; 1:18-cv-08655. | |

### [PROPOSED] JOINT PRETRIAL ORDER

### I.  GENERAL PROVISIONS GOVERNING CONDUCT OF TRIAL

1.      A party's failure to introduce any exhibit, witness, or deposition designations appearing in its pretrial disclosures shall not be commented on to the jury during trial on the basis that the exhibit, witness or deposition designation was included in its pretrial disclosure, unless the opposing party opens the door.  For the avoidance of doubt, the Parties reserve the right to comment to the Jury during the trial on a party's failure to introduce any exhibit, witness, or deposition designations generally without making reference to the party's pretrial disclosures.

2.      Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections.  Each party may also use an exhibit and its document family that is a backup for any party's Rule 1006 summary exhibits, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections.[1]  Any exhibit, once admitted, may be used equally by each party, subject

---

1.   The parties reserve the right to add to their respective exhibit lists any documents underlying a Rule 1006 summary exhibit to the extent that the summary exhibit is objected to and such objection is sustained by the Court.

to any evidentiary rulings limiting which party or parties may use a particular exhibit.  The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.

3.      The parties agree to meet-and-confer in good faith regarding the authenticity and admissibility of the documents each party has produced and to documents produced by third parties.

4.      Except as the Court may order, the calling party may not call a witness at trial unless identified as such on its witness list.

5.      Before they testify, fact witnesses shall be barred from hearing the testimony of other witnesses and the opening statements of the parties.  However, in accordance with Federal Rule of Evidence 615, this exclusion rule will not apply to the individual trial defendants or to the individual designated by SKAT as its representative.  Expert witnesses are not excluded from the courtroom for either fact or expert testimony.

6.      To the extent multiple parties intend to call the same witness, in the interest of efficiency, that witness shall testify only once.  For example, if SKAT calls any defendant adversely (as part of SKAT's case-in-chief), the defendants will have the ability to conduct an examination of the witness (on "cross") that exceeds the scope of SKAT's examination.   To the extent any subsequent examination exceeds the scope of the initial testimony, such subsequent examination of the witness will not be considered a "cross examination" under Fed. R. Evidence 611 and will instead be considered a direct examination and subject to the applicable Federal Rule of Evidence for direct examinations.

7.      Any party may use testimony that is designated by another party to the same effect as if it had initially designated the testimony as its own, subject to all objections.  The use of any

admitted designated testimony is subject to any evidentiary rulings limiting which party or parties may use a particular designation.

8. Any prior testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

9. To the extent there are any objections pending with respect to a particular witness whose testimony is being offered by deposition, a party intending to read or play that testimony during trial must provide the Court and the other party with a transcript of the designated and counter-designated testimony it intends to read or play, along with any objections thereto, by **9:30 a.m. ET** the day before the party intends to offer the designated testimony.

10. The parties agree that, for any deposition testimony played or read during either party's case-in-chief, all deposition designations, counter-designations, and counter-counter-designations for that witness will be played or read together in chronological order (meaning, for avoidance of doubt, the order in which the testimony appears within the transcript). If multiple parties designate testimony from the same witness, the deposition designations, counter-designations, and counter-counter designations will be played during the original designating party's case-in-chief and played or read together in chronological order. The parties reserve the right to select fewer designations than those disclosed in the joint pretrial order. The parties agree that all designated testimony related to a witness's employment background may be played or read at the beginning of such testimony.

11. No objections, preambles, or exchanges between counsel will be played or read as a part of deposition testimony unless there is an aspect of a statement by counsel that was adopted as part of a question subsequently answered by the witness. The party offering the witness to be

called by deposition is responsible for providing the video of the testimony to be played at trial to the other party before the designations will be played at trial.

12.    Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment.

13.    The parties agree that notice of a party's intended use of blow-ups (enlargements) of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, etc. of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a demonstrative), as long as the party has identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Order.

14.    As used in this Pretrial Order, the term "demonstrative" includes PowerPoints, graphics and animation demonstratives, and physical demonstratives, but does not include scans of exhibits or deposition transcripts or underlining, highlighting, or similar emphasis on such exhibits or deposition transcripts.  The parties do not need to exchange copies of demonstratives to be used only during cross-examinations.  The parties further agree that, to the extent a party intends to use PowerPoint or slide demonstratives, the slides will be disclosed in the order the party intends to present those slides.

15.    Each party shall provide by no later than **12:00 p.m. ET the day before the first opening statement** is given a copy of all demonstratives and a list of all trial exhibits they plan to use in their opening statement.  The receiving party shall provide objections to such demonstratives and trial exhibits by **3:00 p.m. ET** that same day, and the parties shall meet and confer on any objections at **5:00 p.m. ET** that same day.

16.      The parties will identify witnesses to be called live or by deposition, and the order of call, by **9:30 a.m. ET two calendar days** prior to the date that the party intends to call such witnesses (*e.g.*, by 9:30 a.m. on Sunday for any witness who will be called on Tuesday).

17.      For each witness that a party intends to call by deposition, the party shall, by **8:30 a.m. ET three calendar days** prior to the date the party intends to call such witness, provide the other side with the specific pages and lines of previously designated transcript from the witness's deposition as set forth in this Pre-Trial Order that it expects to read or play during trial as well as any trial exhibits to be offered through that witness's deposition testimony.  The receiving party shall, by **8:30 a.m. ET** the next day (i.e., two calendar days before the deposition testimony is expected to be read or played in court), identify any additional previously designated testimony to be read or played, and any objections to testimony or exhibits sought to be used with the witness.  The parties shall meet and confer by **8:30 p.m. ET** that same day to attempt to resolve any objections, with any objections that cannot be resolved to be raised with the Court the day before the deposition testimony is expected to be read or played.

18.      The party offering a witness shall identify any exhibits, by exhibit number, that it intends to use during direct examination of that witness at the same time the party identifies that witness under paragraphs 16 and 17 above.  The opposing party shall provide any exhibits, by exhibit number, that it intends to use during its examination of the witness by **9:30 a.m. ET one calendar day** prior to the date that the opposing party identified as the day the witness will testify (*e.g.*, by 9:30 a.m. on Sunday for any witness who will be called on Monday).  Exhibits to be used solely for impeachment purposes need not be identified in advance or included on an exhibit list.

19.      Each side will disclose graphical, illustrative, or demonstrative material that will be shown to the trier of fact during the testimony of a witness called by that side by **7:00 p.m. ET** the

calendar day before the witness is called (for example, by **7:00 p.m. ET** on Tuesday for a witness who will be called on Wednesday). Graphical, illustrative, or demonstrative materials to be used solely for impeachment purposes, need not be identified in advance.

20.     Either side may use a certified translation of any Danish-language document marked as an exhibit as if it were the original, so long as the certified translation has been disclosed five business days before the document is offered into evidence and there is no pending objection to such translation.

21.     For any written discovery (interrogatory responses or responses to requests for admission) and/or stipulations that a party intends to read into the record, the party shall, by **9:30 a.m. ET** one calendar day prior to the date the party intends to read such written discovery and/or stipulations, identify to the other side the written discovery and/or stipulations, including by specific request/interrogatory number and/or pages that it expects to read during trial.

22.     The parties shall make good faith efforts to resolve any objections over the use of identified witnesses, deposition designations, exhibits, and demonstratives by participating in meet and confers scheduled at the earliest convenient time for the participating parties.

23.     The parties will share any courtroom audio-visual equipment and will provide each other electronic versions of whatever they display following the display.

24.     The parties agree that the PTO will be interpreted to accord with Federal Rule of Civil Procedure 1, and the fair administration of justice.

## II. NATURE OF THE CASE

This is a civil lawsuit. The plaintiff is Skatteforvaltningen, which means customs and tax administration in Danish, or "SKAT" for short. It is part of the Danish government. The

defendants are David Freelove, the Federated Logistics LLC 401(K) Plan, and the Del Mar Asset

Management Saving & Retirement Plan.

In Denmark, dividends distributed by Danish corporations are subject to a 27 percent

withholding tax.  Under the double taxation treaty between Denmark and the United States,

dividends paid on Danish shares owned by eligible U.S. residents are to be taxed at a rate no

higher than the rate that U.S. resident would pay under U.S. law.  Consequently, eligible U.S.

shareholders may submit applications to SKAT seeking refunds of the withheld tax where that

shareholder's applicable U.S. tax rate is less than the 27 percent withheld.  This matter arises

from refund claims submitted to SKAT by or on behalf of the defendants, which contained tax

vouchers prepared by ED&F.

Plaintiff asserts that the reclaim applications submitted to SKAT by the Federated

Logistics LLC 401K Plan and the Del Mar Asset Management Saving & Retirement Plan were

false in that the claimants were not entitled to the refund because they didn't own any Danish

shares or receive any Danish dividends.  Plaintiff alleges the defendants knowingly defrauded

SKAT or knowingly assisted others to defraud SKAT, that defendants made negligent

misrepresentations to SKAT, and that defendants were unjustly enriched.  SKAT seeks damages

against each defendant in the amount set forth in Section VIII below.

Defendants deny the claims asserted by SKAT, deny they made any false statements or

intended to deceive SKAT, and maintain that, at all times, they acted carefully and believed in

good faith that any representations as to share ownership and receipt of dividends were accurate.

To the extent that any statements in the reclaims were, in fact, false, defendants contend that they

were unaware of that falsity.

### III. JURY/NON-JURY

This case is to be tried by a jury.  The parties estimate that the trial will last approximately 9 days, including jury selection.

### IV.  STIPULATED FACTS

This stipulation is not a determination of the admissibility of particular facts stipulated or wavier of relevancy objections thereto.

#### a)  The Plaintiff

1.      The plaintiff, SKAT, is the agency of the government of the Kingdom of Denmark charged with the assessment and collection of Danish taxes.

2.      SKAT is a part of the government of the Kingdom of Denmark.

3.      SKAT is part of the Danish Ministry of Taxation.

#### b)  The Defendants

4.      David Freelove served as a trustee for the following pension plans that submitted refund claims to SKAT: the Federated Logistics LLC 401(K) Plan, and the Del Mar Asset Management Saving & Retirement Plan.  Freelove was a participant in the Del Mar Asset Management Saving & Retirement Plan.

#### c)  Documents

5.      A bates number is a number affixed to the bottom of each page of a document by the party who produced the document in the litigation.  Documents starting with ED&F in the bates number were produced on behalf of ED&F.  Documents starting with FREELOVE were produced on behalf of David Freelove, while documents starting with DELM or FEDL in the

bates number were produced on behalf of the Del Mar or Federated plan, respectively. Documents starting with SKAT_MDL in the bates number were produced on behalf of SKAT.

### d) SKAT's Administration of Dividend Withholding Tax Refunds

23.     The United States and Denmark are parties to the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, U.S.-Den., May 6, 1948, S. Treaty Doc. No. 106-12 (effective date Jan. 1, 2001), as amended by the May 2, 2006 Protocol (the "US-Denmark Taxation Treaty").

24.      Under the US-Denmark Taxation Treaty, Denmark and the U.S. agreed that dividends paid by Danish companies to U.S. residents who otherwise meet the requirements set forth in the US-Denmark Taxation Treaty are subject to taxation by Denmark at a rate less than 27% or are not subject to taxation by Denmark at all, depending on the status of the U.S. resident.

25.     At all times relevant to this case, a shareholder resident in the United States who had tax withheld from a distribution of dividends from a Danish company could apply for a refund if such shareholder was subject to the US-Denmark Taxation Treaty, met the requirements of the treaty and was otherwise not fully liable to pay tax in Denmark.

26.     In such circumstances, the amount of the refund is equal to the gross dividend times the difference between the withheld dividend tax rate (typically 27%) and the rate applicable to the shareholder based on US-Denmark Taxation Treaty and applicable Danish law (0% in the case of pension plans that satisfy the applicable criteria in the treaty).

### e) Danish Issuers and Dividends

27.     Issuers of Danish securities approve dividends on the date of their Annual General Meeting.

28.     The companies named in the tax refund applications submitted to SKAT by the Pension Plans were all public issuers of securities in Denmark.

### f) Availability of Witnesses to Testify

29.     To the extent not physically present in the courtroom, the following witnesses are unavailable as contemplated by Fed. R. Civ. P. 32(a)(4):

    a.  Shahab Hashemi

    b.  Andrew Wall

    c.  Sven Nielsen

    d.  Lisbeth Rømer

    e.  Bo Daugaard

    f.  Lill Drost

    g.  Leif Norman Jeppesen

    h.  Dorthe Pannerup Madsen

    i.  Anne Munksgaard

    j.  Jens Sorensen

    k.  Helen Sorensen

    l.  Gry Ahlefeld-Engel

    m.  Jette Zester

## V.  DEPOSITION DESIGNATIONS

### g)  Plaintiff's Deposition Designations

Plaintiff's deposition designations are contained in an excel spreadsheet that Plaintiff intends to attach a PDF of as Appendix A in the final Order.

1. Lisbeth Rømer

2. Shahab Hashemi

3. Andrew Wall

4. Adam Piper

5. Sven Nielsen

### h)  Defendants' Deposition Designations

Defendants' deposition designations are contained in an excel spreadsheet that Defendants intend to attach in PDF format as Appendix B in the final Order.

1. Sven Nielsen

2. Lisbeth Rømer

3. Bo Daugaard

4. Lill Drost

5. Leif Norman Jeppesen

6. Dorthe Pannerup Madsen

7. Anne Munksgaard

8. Jens Sorensen

9. Helen Sorensen

10. Gry Ahlefeld-Engel

11. Jette Zester

12. Max Hayden[2]

## VI. EXHIBIT LIST

Plaintiff's and Defendants' exhibits are contained in an excel spreadsheet that the parties intend to attach as Appendix C in the final Order.  The parties reserve the right to seek to introduce documents that any other party has not yet produced as of the date of this order, and all parties reserve the right to object to the introduction of such documents.

## VII.    WITNESS LIST

### i)    Plaintiff's Witness List

1. Graham Wade

2. Christian Ekstrand

3. Sven Nielsen (via designations from the English proceedings)

4. David Freelove

5. Lisbeth Rømer (via deposition designations)

6. Shahab Hashemi (via deposition designations)

7. Andrew Wall (via deposition designations)

8. Adam Piper (via deposition designations)

### j)    Defendants' Witness List

1. David Freelove

2. Max F. Hayden (via deposition designations)

3. Sven Nielsen (via designation of UK trial testimony)

---

2.    SKAT objects to Mr. Hayden's appearance by deposition designation.

Defendants' position is that the testimony is properly designated consistent with Rule 32 of the Federal Rules of Civil Procedure.

4.  Lisbeth Rømer (via deposition designations)

5.  Bo Daugaard (via deposition designations)

6.  Lill Drost (via deposition designations)

7.  Leif Norman Jeppesen (via deposition designations)

8.  Dorthe Pannerup Madsen (via deposition designations)

9.  Anne Munksgaard (via deposition designations)

10. Jens Sorensen (via deposition designations)

11. Helen Sorensen (via deposition designations)

12. Gry Ahlefeld-Engel (via deposition designations)

13. Jette Zester (via deposition designations)

## VIII.  RELIEF SOUGHT

### k)  Plaintiff's Request for Relief

SKAT is requesting the following relief in addition to pre-judgment interest:

| Defendant | Fraud/Negligent Misrepresentation | Unjust Enrichment[3] |
|---|---|---|
| David Freelove | $16,135,624.33 | $1,770,130.05 |
| Federated Logistics LLC 401(K) Plan | $6,005,584.35 | $98,117.33 |
| Del Mar Asset Management Saving & Retirement Plan | $10,130,039.98 | $347,746.76 |

---

[3] Defendants dispute the amounts listed in this column.

14

l)    **Defendants' Request for Relief**

Defendants ask the Court to deny Plaintiff's claims in their entirety and enter judgment for Defendants on all counts.