# Exhibit 26

# Manglende afstemning mellem udbytteangivelse og indberetning af udbyttemodtagere.

### Historik
Fra 1. januar 2004 blev en ny udbytteskatteadministration indført. Udbytteangivelser skulle tastes i SAP og udbytteindberetninger skulle tastes i RKO. I 2002 var et særligt modul i 3 S udviklet til formålet og dette skulle ikke bruges mere.
Frist for angivelse og betaling var som før 1.1.2004 den 10. eller den sidste bankdag i den efterfølgende måned afhængig af A-skattebetalingsfristen.
Frist for indberetning af udbyttemodtagere blev den samme som for andre RKO indberetninger den 20. januar det efterfølgende år. Da der normalt kun udloddes 1 gang om året, er der ingen grund til at udskyde indberetninger af udbyttemodtagere.

### Nugældende administration
Fra 1. januar 2006 blev 3 S atter taget i brug som system for alle udbytteangivelser og indberetning af udbyttemodtagere i unoterede selskaber. Fristerne blev ikke ændret.
I 3 S tastes alle angivelser og indberetninger fra unoterede selskaber, mens indberetning fra børsnoterede selskaber går direkte i RKO. Udlodning til skattebegunstigede depoter indberettes ikke. Udenlandske aktionærer indgår ikke i kendte systemer, men rekvireres til brug for udveksling af oplysninger.

### Problem
Der er ingen sammenhæng mellem angivelse og betaling og de beløb udbyttemodtagere godskrives.
Personer, der modtager udbytte, godskrives 28 % af det indberettede beløb, ligesom det sker i med A-skat. Angivelserne tastes i 3 S, som overfører udbytteskattekrav til SAP, hvorfra betaling og opkrævning styres. Indberetninger af udbyttemodtagere overføres som fortrykte oplysninger på selvangivelser. Personer godskrives udbytteskatten af det indberettede beløb uanset om det er angivet og/eller betalt..
Der er ingen automatisk afstemning mellem angivelse og indberetning, selvom udbyttemodtager godskrives skatten af det indberettede udbytte.

Eksempel:
Et APS udlodder i april udbytte til et moderselskab, dvs uden indeholdelse af udbytteskat. Udbyttet er på 1.000.000 kr. Januar det efterfølgende år indberetter selskabet udlodningen, som foretaget til en person, dvs, personen godskrives 28 % af 1.000.000 kr, uagtet der ikke er indeholdt udbytteskat og derfor heller ikke betalt noget. Skatten på 280.000 kr godskrives således på baggrund af en ikke eksisterende indbetaling af udbytteskat.

### Anbefaling
For at undgå sådanne situationer anbefales det, at angivelses-, betalings- og indberetningsfristen gøres identisk og at samtlige udbyttemodtagere indberettes, således at angivelse og indberetning kan afstemmes. Det vil muliggøre, at overførsel af data til den fortrykte selvangivelse bliver mere korrekte.
De unoterede selskaber angiver og indberetter som regel samtidigt, da dette er enklere administrativt.
For de børsnoterede selskaber kan VP samtidig med udlodningen indberette udbyttemodtagerne, da disses skatteforhold er grundlag for angivelsen og den differentierede udbytteskatteberegning. 3 S kan løbende modtage indberetningerne, hvilket allerede sker for udlodninger til aktionærer omfattet af VP ordningen (Se vedlagte notat herom).

Det kræver lovændring (Skattekontrolloven).

Dette er hovedproblemet, men Kompetencecenter vedr. Udbytte- og Royaltyskat har forslag til yderligere justeringer vedr. indberetning af udbyttemodtagere, f. eks. VP's mulighed for at indberette for unoterede selskaber, hvis udlodninger håndteres af VP.


Lisbeth Rømer
11.8.2008

Lack of reconciliation between profit declaration and reporting of beneficiaries.

**History**

From I. In January 2004 a new dividend tax administration was introduced. Dividend declarations had to be included in the SAP and dividend reports had to be recorded in the RKO. In 2002, a special module in 3 S was designed for the purpose and this should **not** be used anymore.

The deadline for declaration and payment was as before 1.1.2004 on 10. or the last business day of the following month, depending on the A-tax payment deadline.

The deadline for the reporting of recipients of dividends was the same as for other RKO reports on 20 January of the following year. Since normally only annual distribution takes place, there is no reason to delay the submission of returns by beneficiaries.

**Current administration**

As from 1 January 2006, 3 S was used again as a system for all profit returns and reporting of recipients of dividends in non-listed companies. The deadlines were not changed.
3 S includes all indications and reports from non - listed companies, while reporting from listed companies goes directly to the RKO. Distribution to Qualifying Deposits shall not be reported. Foreign shareholders are not part of known systems, but are requested for the exchange of information.

**Issue**

There is no link between declaration and payment and the amounts receivable. Beneficiaries are credited with 28 % of the amount reported, as is the case with A tax. The indications are to be entered in 3 S, which transfers dividend tax requirements to the SAP from which payment and collection are controlled. Reports of beneficiaries shall be transmitted as pre-printed information on tax returns. Persons shall be credited with the dividend tax on the amount reported, whether declared and/or paid.

There is no automatic reconciliation between declaration and reporting, although the recipient of the dividend is credited with the tax on the dividend reported.

Example:

An APS distributes dividends in April to a parent company, i.e. without any dividend tax. Yield is $1,000,000 January of the following year, the company reports the distribution made to a person, i.e. the person is credited 28 % of DKK 1 000 000, despite the fact that there is no dividend tax and therefore no payment. The tax of DKK 280 000 is therefore credited **on** the basis of a non-existent payment of dividend tax.

**Recommendation**

In order to avoid such situations, it is recommended that the time limit for declaration, payment and reporting be identical and that all beneficiaries be reported so that the indication and reporting can be reconciled. This will make it possible to transfer data to the pre-printed tax return more accurate.
Unlisted companies usually report and report simultaneously as this is simpler administratively.
In the case of listed companies, the VP can report the beneficiaries at the same time as the distribution, since the tax conditions of the latter **are** the basis for the declaration and the differentiated profit tax calculation. 3 S may receive the reports on an ongoing basis, as is already the case for distributions to shareholders under the VP scheme (see attached note on this subject).

This requires a change in the law (Tax Control Act).

This is the main problem, but the competence center remains. Dividend and Royalty taxes have proposed further adjustments in respect of reporting of beneficiaries of the dividend, e. e. Option for the VP to report unlisted companies whose distributions are handled by the VP.

Lisbeth Rømer
11.8.2008

Confidential Pursuant to Protective Order                                                                                    SKAT_MDL_001_00376851

Bilag 13

Confidential Pursuant to Protective Order

SKAT_MDL_001_00376852